(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendant SANTA
MARGARITA MUTUAL WATER COMPANY,
a corporation

# FILED

FEB 19 1951

EDMUND L. SMITH, Clerk

By ........................
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

    vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, SANTA
MARGARITA MUTUAL WATER COMPANY,
a public service corporation of
the State of California, et al,

               Defendants.

No. 1247 - Civil

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S, SANTA MARGARITA MUTUAL WATER
COMPANY, a corporation, MOTION TO DISMISS, MOTION TO
STRIKE AND MOTION TO ORDER A MORE DEFINITE STATEMENT.

I.

A riparian owner's right to water in a stream is determined by
three factors: first, the land upon which the water is to be used
must lie within the water shed of the stream; second, the land upon
which the water is to be used must be contiguous to or abut upon the
stream; third, said land must have remained riparian to the stream
through its entire chain of title. (Anaheim Mutual Water Co. vs.
Fuller, 150 Cal. 327; Holmes vs. Nay, 186 Cal. 231; Rancho Santa
Margarita vs. Vail, 11 Cal. 2, 501.)

27

## II.

The riparian owner must be able to put the waters to a beneficial use upon his lands which are riparian. (See. 3, Article 14 of the Constitution of the State of California; <u>Peabody vs. City of Vallejo</u>, 2 Cal.2, 351.)

## III.

The plaintiff must describe the lands which are riparian to the stream with particularity. (<u>Title Insurance vs. Miller & Lux</u>, 183 Cal. 71; <u>Heinlen vs. Helbron</u>, 71. Cal. 557.)

## IV.

The plaintiff must by appropriate allegations allege sufficient facts to justify the requirement of the law that the lands described in the complaint are riparian lands. (<u>Silver Creek Etc. Co. vs. Hayes</u>, 113 Cal. 142)

## V.

The plaintiff must allege a definite quantity or amount of water which plaintiff is putting or can put to a reasonable use on lands which are riparian. (<u>Riverside vs. Gage</u>, 89 Cal. 410)

## VI.

A party to an action is not bound by a judgment in a prior proceeding, and the doctrine of res judicata does not operate as an estoppel unless he was a party or privy to such action and the identical issues raised in the subsequent proceeding were determined therein. (<u>Whitney vs. City Etc. of San Francisco</u>, 52 Cal.Ap.2, 363.)

Respectfully submitted,

_____
W. B. Dennis
Attorney for the defendant
SANTA MARGARITA MUTUAL WATER COMPANY,
a corporation.

W. B. DENNIS

28