SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendants named below

(SPACE BELOW FOR FILING STAMP ONLY)

FILED

MAR 12 1951

EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

For the

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
               Plaintiff )  No. 1247 - Civ.
    -vs- )  MOTION FOR MORE DEFINITE
FALLBROOK PUBLIC UTILITY DISTRICT, ) STATEMENT OR FOR BILL OF
a public service corporation of the ) PARTICULARS.
State of California, et al., )
               Defendants )

    Now come the Defendants, FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; ERNEST LOUIS BARBEY; ESSIE BUELAH BARBEY; RUTH WENTWORTH; A. F. BOREL; FELIX R. GARNSEY, Served January 30, 1951, H. McC. HOSSEIN; M. M. LLOYD and E. M. LLOYD and show to the Honorable Court that on account of the insufficiency of the facts stated in the complaint in the above entitled cause, it is impossible to fully or properly answer the same without greater particularity as to the nature and character of the claim of the Plaintiff and therefore these Defendants move this Honorable Court under Rule 12 (e) of the Federal Rules of Civil Procedure, for an order requiring Plaintiff to make a more definite statement of the nature of its claim or provide Defendants with a Bill of Particulars as to certain matters in the complaint in the following respects:

49

1. The Plaintiff alleges in Paragraph I of its complaint than "an actual controversy has arisen between the United States of America and the Defendants named herein".

Since it is obvious that an actual controversy with some sixty defendants, or more, scattered over a great area and living in different communities, could hardly have happened at one time or one place, Defendants request a more definite statement as to where and when and between what persons such actual controversy first arose with each of said defendants and what the contention of each Defendant is. It seems obvious that as to most of these Defendants the Plaintiff is trying to <u>create</u> a controversy <u>by commencing this action</u> and then challenging the Defendants to come into Court and deny its claim asserted therein. But the Statute allowing Declaratory Relief actions requires an actual controversy to have existed between the parties prior to the commencement of the action. These Defendants request a statement of the facts showing such to be the case.

2. By its action the United States seeks to have this Court quiet its title to the water of the Santa Margarita River and its tributaries.

These Defendants request a more definite statement as to whether the United States claims the title and ownership of those waters and, if so, what is the source from which it derives its title.

3. The Plaintiff asserts in Paragraph III of its complaint: "Exclusive jurisdiction now resides in the United States of America over all of the properties constituting the military establishments referred to in the preceding paragraphs, subject to exceptions not here involved, by reason of cessions to it by the State of California."

These defendants request that Plaintiff be required to furnish a more definite statement as to just what acts or statutes

1  Plaintiff contends constituted "cessions to it by the State of
2  California" and what water rights, if any, it claims it acquired
3  "by reason of cessions to it by the State of California" and
4  whether or not its asserted claim to " a paramount right to
5  35,000 acre-feet of water annually" arises out of or is based in
6  any part upon the "exclusive jurisdiction" which it claims "now
7  resides in the United States of America over all of the properties
8  constituting the military establishments" referred to in its
9  Complaint.

10      4. The Plaintiff asserts in Paragraph IV of the complaint
11  that underlying the river and its tributaries is a vast under-
12  ground basin or subterranean reservoir, which constitutes one of
13  the principal sources of water for its said military purposes.
14  These Defendants request a more definite statement as to whether
15  Plaintiff contends that there exists only one underground basin
16  throughout the length of said River or if Plaintiff concedes there
17  are several basins, then Plaintiff should state the location,
18  boundaries, dimension and identification of the basin or basins
19  on which it relies as one of its principal source of water.

20      5. Plaintiff alleges in Paragraph V of the Complaint,
21  that "by an adjudication suit ----the Rancho Margarita, predecessor
22  in interest of the United States in regard to the properties here
23  involved, had adjudicated its rights in the Santa Margarita River"
24  and makes a part of its Complaint a copy of the stipulated judg-
25  ment in the case of Rancho Santa Margarita vs. Vail, et al.
26  Defendants request that Plaintiff be required to give a more
27  definite statement as to which of the defendants in the present
28  action, if any, were parties in the prior action of Rancho Santa
29  Margarita vs. Vail or are privy in estate to any such parties. If
30  Plaintiff concedes that some of the defendants in the present
31  action were not parties or privy in estate to parties in the former
32  action, Plaintiff is requested to state how such defendants in the

1  present action became bound by said stipulated judgment in an
2  action to which they were not parties.
3         6.  The Plaintiff asserts a paramount right to the waters
4  from the Santa Margarita River and its tributaries alleging in
5  Paragraph IV of the complaint:  "Highly significant in regard to
6  the claim which the United States of America states against the
7  named defendants is the fact that the said Santa Margarita River
8  in its course traverses approximately 21 miles of the site of
9  Camp Joseph H. Pendleton and the Naval Ammunition Depot before it
10 enters the Ocean", and in Paragraph V that, " the Rancho Santa
11 Margarita, a predecessor in interest of the United States of America
12 in regard to the properties here involved, had adjudicated its
13 rights in the Santa Margarita River.  It was found by the trial
14 court that the Rancho Santa Margarita, predecessor in interest of
15 the United States of America, owned 38,739 acres of land riparian
16 to the stream in question" and in said same paragraph V Plaintiff
17 alleges that "the parties to that litigation concluded their dif-
18 ferences, declared their rights and fixed their aliquot shares of
19 all of the waters of the Santa Margarita River.  Attached hereto
20 is a copy of that stipulated judgment, marked Exhibit A, and by
21 reference incorporated into this complaint".
22         )a)  In connection with the foregoing allegations, these
23 Defendants request that the Plaintiff be required to furnish a
24 more definite statement as to whether the asserted paramount right
25 to the use of water for said military establishments described and
26 referred to in the complaint are claimed to be riparian uses or
27 appropriative uses.
28         (b)  Whether Plaintiff claims that all its said military
29 establishments are upon the 38,739 acres found by the trial court
30 to be riparian to the Santa Margarita River.  If not, what military
31 activities are on the non-riparian lands and what quantities of
32 water are used on said non-riparian lands.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

     (c) Whether or not since the commencement of said military establishments Plaintiff has pumped from its wells referred to in Paragraph IV of the complaint and exported outside of the water-shed of and beyond the lands riparian to the Santa Margarita River, substantial quantities of water and, if so, the amount in acre feet or million gallons, that Plaintiff has annually so pumped from its wells and said basin and so exported out of said water-shed since said military establishments commenced.

    7. The Plaintiff in Paragraph IV of the complaint alleges that "underlying the river and its tributaries is a vast underground basin" or underground reservoir, declaring that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above. However, the encroachments by the defendants threaten the destruction of this basin by reason of salt water intrusion from the Pacific Ocean -----Not only have the activities of the defendants, <u>through their encroachments upstream</u>, reduced the quantities available to the United States of America from the mentioned subterranean sources but there has been a like reduction in the surface flow of the Santa Margarita River <u>through the encroachments of the defendants</u>", and in Paragraph IX, the Plaintiff further alleges "the defendants by reason of their diversions from the Santa Margarita River have caused the intrusion of salt water from the Pacific Ocean as described above, to the irreparable damage of the United States. They -----now are encroaching upon and threaten to continue to encroach upon the already insufficient supply of water required for the Nations defense in connection with Camp Pendleton, the United States Naval Hospital and the Naval Ammunition Depot".

    These defendants request a more definite statement from Plaintiff:

    (a) As to whether or not Plaintiff claims that by its acquisition of Rancho Santa Margarita, at the time stated in the

Complaint, and the establishment thereon of the military installations mentioned in its complaint, it thereby acquired a right to the waters of the Santa Margarita River and its tributaries for use on said lands and for said military installations, superior and paramount to the rights of riparian and overlying land owners upstream from said Rancho Santa Margarita and upstream from said Camp Pendleton, so that the United States could enjoin such riparian and overlying land owners from diverting and using upon their said lands a reasonable amount of the waters of said Santa Margarita River and said underground basin for beneficial use upon their said land, riparian to said River and overlying said underground basin.

(b) The specific acts of encroachment complained of, the times, places, extent and character of said acts and by whom committed, and whether or not said Defendants acted severally or jointly, and by common design to encroach upon the rights of the United States, as alleged in the Complaint.

8. The Plaintiff asserts in its complaint (Paragraph VIII) that it has a paramount right to Thirty-Five Thousand (35,000) acre-feet of water annually from the Santa Margarita River, and its tributaries, without definitely specifying on what the Plaintiff bases its said claim. Defendants therefore request that the Plaintiff be directed to state on what its said claim is based, whether:

(a) On riparian rights as the owner of riparian lands, as alleged in Paragraph IV of the complaint, or

(b) On the stipulated judgment in the case of Rancho Santa Margarita vs. Vail, et al., being civil action No. 42850 in the Superior Court of the State of California, in and for the County of San Diego, the United States being the successor in interest of said Rancho Santa Margarita, as alleged in Paragraph V of the Complaint, or

-6-

54

   (c) On the rights to underground percolating water because the United States owns the overlying land, as alleged in Paragraph V of the complaint, or

   (d) As successors in interest to the Rancho Margarita, a Mexican land grant, as alleged in Paragraph VI of the Complaint, or

   (e) On the necessity of National Defense, to-wit: That the water is necessary for the military establishments of the United States as mentioned and set forth in Paragraph IX of the Complaint, or

   (f) On some other rights not clearly defined in the Complaint.

  9. If Plaintiff states that its claim rests upon more than one of the above basis, then Defendants request the Plaintiff be directed to state how much of the aggregate Thirty-Five Thousand (35,000) acre-feet of water it claims under each of the several basis or claims of right.

  10. Plaintiff alleges in Paragraph VIII that "those rights to the use of water described above have, since the acquisition of the property to which those rights are appurtenant, been applied to a beneficial and consumptive use by the United States of America in the performance of the varied functions of the military establishments".

  Defendants desire a more definite statement as to whether Plaintiff contends and asserts that plaintiff has applied to a beneficial and consumptive use the 30,289 acre-feet of water per annum, referred to in Paragraph V of the Complaint or whether plaintiff intended to assert and claim that it had applied to beneficial and consumptive use the 35,000 acre-feet of water annually to which it claims a paramount right in Paragraph VIII. Defendant desires plaintiff also to state where said water was used and how much each year was used at each place or for each of said

military establishments.

11. The Plaintiff in Paragraph VIII asserts that it had a paramount right to Thirty-Five Thousand (35,000) feet of water annually from the Santa Margarita River "for military, agricultural and other needs", and alleges "during any period when the quantity of water exceeds the military demands described in this paragraph, it is utilized by the United States of America for agricultural purposes".

These Defendants ask that Plaintiff be required to furnish a more definite statement as to what "other needs", other than military and agricultural, Plaintiff is claiming water for and the quantity of water it has actually put to beneficial use annually since commencing said military establishments, and how much each year was put to military use, how much each year was put to agricultural use and how much each year was used for "other needs", and in each case, the place or places where said water was so used.

12. In Paragraph VII of the Complaint Plaintiff states: "For the purposes of this cause the United States of America, <u>adopting the findings of the Supreme Court of the State of California,</u> considers and accordingly claims that the surface stream and subterranean basin constitutes a single source of supply of water".

Defendants request that Plaintiff be required to furnish them with a more particular statement as to:

(a) Whether Plaintiff also adopts the findings of the Supreme Court of the State of California to the effect that there is less of the Rancho Santa Margarita land riparian to the Santa Margarita River than the Thirty-Eight Thousand Seven Hundred Thirty-nine (38,739) acres of land mentioned in Paragraph V of the Complaint (see 11 Cal. (2), 546-549).

(b) Whether Plaintiff also adopts the findings of the Supreme Court of the State of California to the effect that no

-8-

56

riparian owner is entitled to the full flow of the stream, but that each riparian is entitled to make a reasonable use of a fair share of the waters of the stream (see 11 Cal.(2),561)

(c) Whether Plaintiff also adopts the findings of the Supreme Court of the State of California to the effect that there exists more than one underground basin, to-wit: That there exists three large underground basins on the Rancho Santa Margarita (see 11 Cal. (2) 549-550, 554, 555, 558 and 562, where these basins are mentioned or referred to), and the Temecula alluvial basin on the Vail Ranch (see 11 Cal. (2) 513, 514, 515 and 550, where this basin is mentioned or referred to) and the underground basin of the Panjango Creek (see 11 Cal.(2) 542).

This Motion is based upon the records, papers and files herein and is made upon the ground that more definite statements by the Plaintiff are necessary to enable these Defendants to properly answer the Complaint herein and to prepare for trial.

Dated this 10th day of March, 1951.

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for Defendants, FALLBROOK PUBLIC UTILITY DISTRICT; ERNEST LOUIS BARBEY; ESSIE BEULAH BARBEY; RUTH WENTWORTH; A. F. BOREL; FELIX R. GARNSEY; H. McC. HOSSEIN; M.M. LLOYD and E.M. LLOYD

*Received copy this 12th day of March, 1951*
*Betty Marshall Snyder*
*Asst. U.S. Atty*