(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendants named below

FILED
MAR 12 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
For The
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff
   -vs
FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California, et al.,
          Defendants

No. 1247 - Civ.

POINTS AND AUTHORITIES ON MOTIONS FOR A MORE DEFINITE STATEMENT AND TO STRIKE OUT PORTIONS OF COMPLAINT.

I.

In support of Motion for a More Definite Statement:

1. As to the first specified insufficiency in the Complaint, an actual controversy must exist before a suit may be commenced for Declaratory Relief under 28 U.S.C. 2201 authorizing such actions.

An actual controversy necessary to start an action cannot be created by Plaintiff taking a position and challenging the Defendants to dispute it, as it appears to have done in this action.

      F.W. Maurer & Sons Co. vs. Andrews
         30 F. Supp. 637, 639
      Perlberg vs. Northwestern Mutual Life Ins. Co.
         62 F. Supp. 76, 78.

39

Under Rule 12 (e) Defendants are entitled to a statement of more detailed facts showing that an actual controversy existed <u>before</u> this action was commenced.

2. As to the Second specified insufficiency in the Complaint, these Defendants are uncertain as to what Plaintiff means by or intends to include in the claim to "a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River". In the Tidelands Case of United States vs. California, 332 US 19, 38-39, the Supreme Court of the United States held that the Federal Government "has paramount rights in and power over that (3 mile) belt, an incident to which is <u>full dominion</u> over the resources of the soil under that water area including oil". "Full dominion", is ownership for all practicable purposes. In sub-division 6 of prayer, Plaintiff asks "that this Court not only quiet the title of the United States of America to the aforesaid rights as against the Defendants but that it forever <u>enjoins</u> these <u>Defendants</u> from encroaching or infringing or threatening to encroach or infringe, upon the rights of the United States of America". An injunction against trespassers normally presupposes property rights. In this quiet title action, Defendants are entitled to a more definite statement as to whether the Plaintiff by its claim of "paramount rights" intends to claim "full dominion" over the waters of the Santa Margarita River, to-wit: title and ownership thereof and if so, on what that claim is based.

3. As to the third specified insufficiency in the Complaint, it is uncertain by what steps Plaintiff claims to have acquired exclusive jurisdiction. To acquire exclusive jurisdiction (exclusive legislation) over area or places within a state such places must have been "purchased <u>by the consent of the legislature of the state</u> in which the same shall be" (US Const. Art. 1 Sec. 8 Clause 17.

40

1 Unless such consent is given, even though the United States
2 acquired the title, it does not have political jurisdiction and
3 dominion, it is simply an ordinary proprietor. (Leavenworth Rail-
4 road Co. vs. Lowe 114 US 528, 530-531). It is to be conclusively
5 presumed that the United States has not accepted jurisdiction
6 over lands acquired by it, <u>unless</u> and until the appropriate head
7 of the department or agency of government has indicated acceptance
8 of jurisdiction by filing with the governor of the state notice of
9 such acceptance. (Title 34 U.S.C.O. Sec. 520) Defendants are
10 entitled to a more definite statement as to what was actually done
11 to vest exclusive jurisdiction in the United States (if in fact
12 the essential steps were actually taken) and what bearing or effect
13 it is claimed that "exclusive jurisdiction" (if such in fact is
14 now vested in the United States) has upon the water rights claimed
15 by the Plaintiff as against these Defendants.

17   4. As to the Fourth specified insufficiency in the
18 Complaint, this Court will take judicial notice of matters of
19 common knowledge within the limits or boundaries of its jurisdic-
20 tion (31 C.J.S. 510 Evidence Sec. 9) and physical and geographical
21 facts set forth in public official documents, geographies and maps
22 (31 C.J.S. 517-518 Evidence Section 12). From these sources, this
23 Court knows that Plaintiff's assertions that "underlying the river
24 <u>and its tributaries</u> is <u>a</u> vast underground basin" and that "the
25 basin <u>as a whole</u> creates <u>a</u> large underground reservoir", are
26 untrue. The Court knows that the Temecula Canyon (called the Tem-
27 ecula Gorge in the Stipulated Judgment, Exhibit "A" of Plaintiff's
28 Complaint) sharply divides and separates the lower portion commonly
29 called the Santa Margarita River from the upper portion commonly
30 called the Temecula River and that the Temecula River is itself
31 divided into at least two major areas, one embracing the Temecula
32 Creek and the other the Murrieta Creek. Also by "adopting the

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

-3-

41

findings of the Supreme Court of the State of California" in the case of Rancho Santa Margarita vs. Vail et al.(11 Cal.(2) 501), as Plaintiff does in Paragraph VIII of its Complaint, Plaintiff pointedly calls this Court's notice to the fact that there exists three underground basins on the Rancho Santa Margarita (11 Cal.(2) 549-550, 554, 555, 558 and 562), one at least on the Vail property called the Temecula alluvial basin (11 Cal.(2) 513,514,515 and 550) and another underground basin on the Panjango Creek (11 Cal.(2)542). Defendants are entitled to know which one of these basins Plaintiff means or is referring to when it alleges in Paragraph IV that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above" and to have it identified as to location, boundaries and dimensions.

    5. As to the Fifth specified insufficiency in the Complaint, these defendants are entitled to a more definite statement as to how they or their water rights are affected or controlled by the Stipulated Judgment (Exhibit "A" of Plaintiff's Complaint) in the case of Rancho Santa Margarita Vs. Vail et al. A Stipulated Judgment is a "consent" judgment and is regarded as a Contract between the parties who sign the Stipulation.(14 Cal.Jur.874 Judgments Sec. 11; 49 C.J.S. 314 Judgments Sec. 178; In re Ferrigno 22 Cal.A.(2) 472,474). It is fundamental that a judgment is binding only on the parties or privies to such proceeding (15 Cal. Jur. 181 Judgments Sec. 215) and that persons not parties are not affected by the judgment. (49 CJS 872 Judgments Sec. 440a). Of the sixty or more defendants named herein, only the Vails appear as parties to the Stipulated Judgment. What rights does Plaintiff claim as against these other defendants by virtue of said Stipulated Judgment.

    6. As to the Sixth specified insufficiency in the Complaint

-4-

42

     (a)  Defendants are entitled to a statement as to whether plaintiff claims its military uses are riparian uses. These Defendants desire to deny that the supplying of water to a large number of marines quartered in a cantonment established on Rancho Santa Margarita constitutes a riparian use (Lux vs. Haggin 69 C. 255, 407; Cowell vs. Armstrong 210 C. 218; 1 Wiel on Water Rights 804);

     (b)  If Plaintiff answers that it claims the use of water for its military camp is a riparian use, then Defendants desire a statement as to whether all of said uses of water for military purposes are confined and limited to the 38,739 acres claimed by it to be riparian to the Santa Margarita River.

     (c)  Defendants desire a statement as to how much water has annually been exported beyond the riparian lands and out of the water-shed. Plaintiff has no right to complain of the salt water intrusion from the Pacific Ocean destroying two of its wells *if* the damage and loss was caused primarily by its own exportation of large quantities of water out of the water-shed and so lost to the said underground basin.

    7.  As to the Seventh specified insufficiency in the Complaint,

     (a)  These defendants are entitled to a more definite statement of Plaintiff's claim to paramount rights and how it comes about that the United States by purchasing the Rancho Santa Margarita and placing military establishments thereon acquired thereby rights superior to upstream riparian and overlying land owners. Plaintiff does not directly admit in its complaint that the Defentants are riparian or overlying land owners but in Paragraph IX it alleges "the defendants <u>by reason of their diversions from the Santa Margarita River upstream</u> from Camp Pendleton have caused the intrusion of salt water from the Pacific Ocean". If it is true that defendants are in a position to make "diversions from the

Santa Margarita River" it is very probable that all of them are either upstream riparian land owners or owners of lands over-lying the underground basin described in Plaintiff's complaint and as such would ordinarily have the legal right to divert a reasonable amount of water for beneficial use upon their lands either directly from the Santa Margarita River or from the said underground basin. Defendants are entitled to a definite statement of any facts showing why they may not do so.

(b) Plaintiff has couched its charges against defendants in vague and general language. Defendants are entitled to a definite statement as to whether defendants are charged with acting jointly or severally and if the latter, then just what each Defendant is charged with doing.

8. As to the eighth specified insufficiency in the Complaint, Defendants are unable to ascertain from the pleading on just what Plaintiff bases its claims to a paramount right to 35,000 acre-feet annually of the Santa Margarita River which is more water than is normally in the river. Defendants are entitled in order to enable them to draft their Answer and prepare for trial, to a definite statement as to the exact basis of Plaintiff's claim.

9. As to the ninth specified insufficiency in the Complaint, if Plaintiff claims that its asserted rights to 35,000 acre-feet annually have more than one basis, then Defendants are entitled to a definite statement as to the amount of water it claims under each basis.

10. As to the tenth specified insufficiency in the Complaint, Defendants are entitled, in order to prepare their pleadings and to prepare for trial, to a more definite statement as to when, where and how much water has actually been used "beneficially

-6-

44

and consumptively" each year by Plaintiff, for what purposes and how much for each purpose.

11. As to the eleventh specified insufficiency in the Complaint, the Defendants are entitled to the requested statement for the same reasons that they require the information called for in the preceding paragraph Number 10.

12. As to the twelfth specified insufficiency in the Complaint,

(a) Defendants are entitled to have plaintiff state whether it follows and accepts the decision of the Supreme Court of California in 11 Cal.(2) at pages 546 et seq. that some portion of the table land found by the trial Court to be riparian and included in figure of 38,739 acres, was in fact not riparian to the Santa Margarita River and if so, just how much land Plaintiff claims to own that is riparian to the river;

(b) Plaintiff should state whether it accepts the findings of the Supreme Court of California in 11 Cal. (2) at 561 as to the rights of riparians to-wit: that each is entitled to a reasonable use of the waters of the stream;

(c) that Plaintiff should also state whether it agrees with the Supreme Court of California as to there being several, and not one underground basin under the Santa Margarita River.

II.

In support of the Motion to Strike:

Defendants urge that it is self-evident from a mere reading of the context of the Complaint that the portions thereof which they seek in their Motion to have stricken, are redundant, immaterial and impertinent to Plaintiff's cause of action and therefore

45

1 should be stricken under the authority of Rule 12 (f).

Respectfully Submitted,

SWING, SCHARNIKOW AND STANIFORTH

BY _____

Attorneys for Defendants FALLBROOK PUBLIC UTILITY DISTRICT; ERNEST LOUIS BARBEY; ESSIE BEULAH BARBEY; RUTH WENTWORTH; A.F. BOREL; FELIX R. GARNSEY; H. McC. HOSSEIN; M.M. LLOYD and E.M. LLOYD.

*Received copy this 12th day of March, 1951*

*Betty Marshall Graydon*
*Asst. U.S. Atty*

-8-

46