(SPACE BELOW FOR FILING STAMP ONLY)

1  SWING, SCHARNIKOW & STANIFORTH
   ATTORNEYS AT LAW
2  604 SAN DIEGO TRUST & SAVINGS BUILDING
   SAN DIEGO 1, CALIFORNIA
3  FRANKLIN 9-1131



MAR 12 1951

5  Attorneys for Austin H. Buckley and
   Austin H. Buckley as Executor of         EDMUND L. SMITH, Clerk
6  the Estate of John Wentworth, Dec.        By /s/ ........ DEPUTY CLERK

8              UNITED STATES DISTRICT COURT

9                       For the

10            SOUTHERN DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12  UNITED STATES OF AMERICA,           )
                                        )
13              Plaintiff               )
                                        )   No. 1247 - Civ.
14        -vs-                          )
                                        )   ANSWER OF AUSTIN H. BUCKLEY
15  FALLBROOK PUBLIC UTILITY DISTRICT,  )   AND OF AUSTIN H. BUCKLEY as
    a public service corporation of the )   Executor of the Estate of
16  State of California, et al.,        )   JOHN WENTWORTH, Deceased
                                        )
17              Defendants              )
                                        )

19        Comes now the Defendants AUSTIN H. BUCKLEY and AUSTIN H.
20  BUCKLEY as Executor of the Estate of JOHN WENTWORTH, Deceased,
21  sued herein as DOE ONE and separating themselves from the other
22  defendants, each for himself alleges, denies and admits as
23  follows:

24                            I

25        These defendants and each of them allege that he is with-
26  out knowledge or information sufficient to form a belief as to the
27  truth of the allegation that the above entitled action was com-
28  menced and the complaint filed "at the request of the Secretary
29  of the Department of the Navy" and therefore denies said
30  allegation.
31                           II.
32        Answering Paragraph I of the complaint, these defendants,

7303

and each of them, denies that any "actual controversy had arisen prior to the commencement of this action or has arisen as between the United States of America and either of these defendants as alleged in said paragraph and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegations that "an actual controversy has arisen between the United States of America and the defendants named herein" and therefore denies said allegation.

III

These defendants admit that the United States of America acquired the sites mentioned and described in Paragraph II of the complaint at the times alleged and for the purposes referred to in said Paragraph and thereafter established the military activities thereon referred to in said Paragraph but alleges that these defendants and each of them is without knowledge and information sufficient to form a belief as to the truth of the other facts alleged therein and therefore denies all of the allegations of said Paragraph not herein specifically admitted.

IV

Answering Paragraph III of the complaint these defendants, and each of them, allege that he is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and therefore denies all the allegations of said Paragraph.

V

Answering Paragraph IV of the complaint, these defendants, and each of them, deny that they, or either of them, by their encroachments, or by the encroachment of either of them, threaten a destruction of the Basin referred to in said complaint. Deny that

the activities of these defendants, or either of them, through their encroachments upstream reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the encroachment of these defendants, or either of them.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above" these defendants, and each of them, allege that he is without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore denies each and every one of said allegations.

VI.

Answering Paragraph V of the complaint, these defendants, and each of them, admit the trial of the suit referred to in said Paragraph and the entry of the stipulated judgment therein, a copy of which is attached to the said complaint as Exhibit "A" but these defendants, and each of them, deny that they or either of them, or any of their predecessors in interest were a party to said suit or to said Stipulation and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said judgment. These defendants, and each of them, allege that neither of them were or are bound in any way by said Stipulated Judgment.

VII

Answering Paragraph VII of the complaint, these defendants, and each of them, allege that he is without knowledge and information

-3-

7305

sufficient to form a belief as to the truth of the allegations therein contained and therefore denies each and all of the allegations of said paragraph.

### VIII

These defendants admit the findings and decision of the Supreme Court of the State of California as reported and set out in the case of Rancho Santa Margarita vs. Vail et al. 11 Cal. 2nd. 501 but these defendants, and each of them, allege that he is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph VIII and therefore denies each and all of the other allegations of said Paragraph not herein specifically admitted.

### IX.

Answering Paragraph IX of the Complaint, these defendants, and each of them, deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these defendants by reason of their diversions from the Santa Margarita River have caused the intrusion of salt water from the Pacific Ocean; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or have declared claims in contravention of the rights of the United States of America; deny that the rights of these defendants or either of them were acquired subsequent to the rights of the United States; deny that these defendants, or either of them, asserted that their rights are paramount to the rights of the United States or that they or either of them proceeded to encroach upon, or now are encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot.

FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT AUSTIN H. BUCKLEY, as Executor of the Estate of JOHN WENTWORTH, Deceased, ALLEGES:

I

That defendant Austin H. Buckley is the duly appointed, qualified and acting executor of the estate of John Wentworth, Deceased, with Letters Testamentary issued to him by the Superior Court of the State of California in and for the County of Riverside.

II.

This defendant alleges that the Estate of John Wentworth, deceased, owns lands within the watershed of said Temecula Creek (also known as Santa Margarita River) and its tributaries and claims rights in and to the waters of said stream and its tributaries, to-wit: riparian rights and the rights of overlying lands as hereinafter set out. That the land which is owned by the Estate of John Wentworth, deceased, is all that piece or parcel of land situate, lying and being in the County of San Diego, State of California, more particularly described as follows:

> A part of Lot 10 and all of Lot 11 of Section 17, Twp. 9 South, Range 2 East, San Bernardino Base and Meridian, more particularly described as follows:
>
> Beginning at a point in the North line of the United States Forest Administrative Site in said Section 17, (said North line being the North line of Lots 15 and 16 in said Section 17) where the said North line intersects the present Temecula-Santa Ysabel State highway; thence in a Westerly direction along the said North line of said U. S. Forest Administrative Site to the Northwest corner of said site; which point is also the Southwest corner of Lot 10, and the

-5-

7307

Southeast corner of Lot 11, said Section 17, Twp 9 South, Range 2 East, S.B.B. and M; thence continuing in a Westerly direction along the South line of said Lot 11 to the Southwest corner of said Lot 11; thence in a Northerly direction along the West line of said Lot 11 to the Northwest corner of said Lot 11; thence in an Easterly direction along the North line of said Lot 11 to the Northeast corner of said Lot 11; thence continuing Easterly along the North line of Lot 10 to a point where the said North line of said Lot 10 intersects the present Temecula-Santa Ysabel State Highway; thence in a Southeasterly direction along the present Temecula-Santa Ysabel State Highway to the point of beginning, containing an area of 59.41 acres, more or less.

That said property is improved with buildings and structures occupied and used as a tavern or hotel, store, cafe and gasoline station. That on said property is a well approximately 25 feet deep which is not being used at the present time as the domestic and commercial requirements of said premises are supplied from a well located across the said State Highway dug and connected with these premises at a time when John Wentworth owned all of Lot 10. That in the year 1936, said John Wentworth contracted to sell that portion of said Lot 10 on the Northeasterly side of said Lot on which said well is located to O. A. and Annie E. Bergman, reserving the use of said well.

III

That of said 59.41 acres approximately 15 acres are arable and suitable for cultivation; that said land is situated in a semi-arid region of the County and is of little value without water but is fertile and capable of producing valuable crops when irrigated.

That approximately 30 acre feet of water per annum will be required to properly irrigate and grow crops upon said land. That an additional 360 gallons per day will be reasonably required for domestic purposes in connection with said tavern, hotel, cafe and gasoline station.

IV

That said premises and lands are traversed by said Temecula Creek and two unnamed tributaries of said Temecula Creek and are riparian thereto; that said Temecula Creek has a continuous surface flow across said premises and lands as well as a large sub-surface flow which percolates in an underground channel passing under and through the lands of said estate which said surface and sub-surface flow furnishes said lands with their only available supply. That the amount of water required and which will be reasonably required by this defendant and said estate for reasonable beneficial use upon the said lands for domestic and irrigation purposes is and will be 31 acre-feet per annum consumptive use.

V

That this defendant, as Executor of the Estate of John Wentworth, deceased, the said estate of John Wentworth, Deceased, and the said lands owned by said estate have always owned and now owns as against Plaintiff, the right to divert and use from the surface and sub-surface flow of said Temecula Creek and from its said tributaries the said amounts of water aforementioned, for reasonable beneficial use upon said lands for domestic and irrigation purposes.

FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT AUSTIN H. BUCKLEY SUED HEREIN AS A. H. BUCKLEY ALLEGES:

I

That this defendant is the owner of land within the water-shed of

the Temecula Creek (which is the upper portion of the Santa Margarita River) and its tributaries and claims rights in and to the waters of said stream and its tributaries, to-wit: riparian rights and rights of an overlying land owner as hereinafter set out. That the land which is owned by this defendant is all that piece or parcel of land situate, lying and being in the County of Riverside, State of California, more particularly described as:

    The West 1/2 of the Southwest 1/4 of Section 24, Township 8 South, Range 1 West, S. B. B. & M.

The said property is unimproved at the present time but that approximately 30 acres thereof are arable, fertile and capable of producing valuable crops when irrigated; that said land is in a semi-arid region and is uninhabitable and of little value without water but is valuable for homes and cabin sites with water.

II

That said land abuts on and is crossed by a natural water course or unnamed creek which is a tributary of the said Temecula Creek, which unnamed water course or unnamed creek has no surface flow except in period of rainfall but which water course or creek does have a continuous sub-surface flow which percolates in an underground channel passing under and through a part of this defendant's land from which percolating water is available to his said land and is and will be its only available supply therefor. That the amount of water required, and which will be required, by this defendant for reasonable beneficial use upon his said land for domestic and irrigation purposes is 45 acre-feet per annum consumptive use.

III

That approximately 30 acres of this defendant's said lands overlie an underground basin or stratum of percolating water

in quantity and amount sufficient to furnish an adequate and dependable supply of water for irrigating his said land which is arable and sufficient for domestic purposes for two or more families when homes and cabins shall have been built thereon. That said lands are without other means of obtaining water for domestic and irrigation purposes. That the amount of water which will be required by this defendant for reasonable beneficial uses upon his said lands for domestic and irrigation purposes is and will be 45 acre-feet per annum, consumptive use.

IV

That this defendant, and the said lands owned by him, have always owned and now own as against Plaintiff the right to divert and use from the surface and sub-surface flow of said Temecula Creek and from its said tributaries the said amounts of water aforementioned, for reasonable beneficial use upon said lands for domestic and irrigation purposes.

WHEREFORE, these defendants pray:

1. That plaintiff take nothing by this action.

2. That this Honorable Court decree that the defendant Austin H. Buckley, as Executor of the Estate of John Wentworth, Deceased, and said Estate of John Wentworth, Deceased, is as against Plaintiff the owner of and has the right to divert and use the amounts of water specified in the Second, Separate and Affirmative Defense, beneficially upon the lands of said estate described in said Second Separate and Affirmative Defense.

3. That this Honorable Court decree that defendant Austin H. Buckley, sued herein as A. H. Buckley, is, as against plaintiff, the owner of and has the right to divert and use the amounts of water specified in the Third, Separate and Affirmative Defense, to-wit: 45 acre-feet per annum, beneficially upon the

7311

1  lands of said defendant A.H. Buckley described in said Third,
2  Separate and Affirmative Defense.
3      4.  For Costs of Suit incurred herein by each of these
4  defendants and for such other and further relief as may to the
5  Court seem meet and proper.

SWING, SCHARNIKOW & STANIFORTH

By _____

Attorneys for Defendants Austin H. Buckley and Austin H. Buckley as Executor of the Estate of John Wentworth, Deceased.

-9½-

7312

STATE OF CALIFORNIA ) 
                    ) ss:
COUNTY OF RIVERSIDE )

AUSTIN H. BUCKLEY, being duly sworn, deposes and says that he resides at San Jacinto, California; that he is a defendant herein; and that he has read the foregoing Answer and knows the contents thereof and that the same are true of his own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

*Austin N. Buckley*

Subscribed and sworn to before me this 8th day of March, 1951.

*B H Crow*
Notary Public in and for the
County of Riverside, State of
California.

My Commission Expires June 24, 1951

Received copy this 12th day of March, 1951
Betty Marshall Graydon
Asst. U.S. Atty

-10-

7313