1    COSGROVE, CRAMER, DIETHER & RINDGE

2    1031 ROWAN BUILDING

3    458 SOUTH SPRING STREET

4    LOS ANGELES 13, CALIFORNIA

5    MADISON 9-1457

**FILED**

MAR 19 1951

EDMUND L. SMITH, Clerk

By

DEPUTY CLERK

8

9

10

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

11

12 | UNITED STATES OF AMERICA,

13             Plaintiff,

14       vs.

15 | FALLBROOK PUBLIC UTILITY
16 | DISTRICT, a public service
corporation of the State of
17 | California, et al.

18            Defendants.

No. 1247

MOTION FOR A

MORE DEFINITE

STATEMENT

NOTICE OF MOTION AND POINTS
AND AUTHORITIES IN SUPPORT
THEREOF.

19

20       Defendant JAMES OVIATT moves the Court for an order direct-

21 ing plaintiff to serve and file a more definite statement of the

22 matters of the complaint hereinafter mentioned on the ground that

23 said complaint is so vague and ambiguous that said defendant can-

24 not reasonably be required to frame a responsive pleading thereto.

25       The defects in the complaint complained of and the details

26 desired are as follows:

27       1. AS TO PARAGRAPH I OF THE COMPLAINT HEREIN:

28          (a)  It cannot be ascertained therefrom what, if any,

29 alleged controversy existed between the United States of America

30 and the defendants herein prior to the filing of the complaint

31 and it cannot be ascertained what position, with respect to said

32 alleged controversy, was taken by each of the parties to the

instant suit, including the defendant James Oviatt.

2. AS TO PARAGRAHS V AND VI OF THE COMPLAINT:

(a) It cannot be ascertained therefrom whether it is claimed by the plaintiff that the judgment marked Exhibit A and incorporated in the complaint, binds any of the parties to this action who were not parties to said judgment or successors in interest to said parties to said judgment.

(b) If plaintiff claims that the judgment designated as Exhibit A to the complaint binds any of the parties to this action who were not parties to said judgment, it cannot be ascertained how or in what manner/parties became bound by said said judgment.

(c) It cannot be ascertained therefrom whether plaintiff claims that defendant James Oviatt is successor in interest to any of the parties to said judgment designated as Exhibit A to the complaint.

(d) It cannot be ascertained therefrom whether it is claimed by plaintiff that Defendant, James Oviatt, is bound by said judgment designated as Exhibit A to the complaint.

(e) If it is claimed that said defendant James Oviatt is bound by the judgment designated as Exhibit A to the complaint, it cannot be ascertained how or in what manner defendant James Oviatt became bound by said judgment.

3. AS TO PARAGRAPH VIII OF THE COMPLAINT:

(a) It cannot be ascertained therefrom whether plaintiff claims any rights in and to the waters of the Santa Margarita River and its tributaries other than the rights allegedly vested in plaintiff as successor in interest to the properties described in said paragraph as "Tne Rancho Santa Margarita."

(b) If plaintiff claims rights in and to the waters of the Santa Margarita River other than the rights vested in

2.

67

1  plaintiff as successor to the Rancho Santa Margarita, it cannot

2  be ascertained therefrom what other rights in said properties

3  are claimed by the plaintiff, and it cannot be ascertained how

4  and through whom said alleged rights became vested in plaintiff.

5  　　　　(c)  It cannot be ascertained therefrom whether plain-

6  tiff claims that its predecessor, Rancho Santa Margarita, was

7  vested with a paramount right to 35,000 acre-feet of water as

8  against the defendants herein and/or their predecessors in

9  interest, and if such a claim is not made, it cannot be ascer-

10  tained upon what basis plaintiff asserts that it has a paramount

11  right to said 35,000 acre-feet of water annually from the said

12  Santa Margarita River.

13  　　　　(d)  It cannot be ascertained therefrom whether it is

14  claimed by the plaintiff that the waters of the Santa Margarita

15  River and its tributaries, title to which is not vested in the

16  plaintiff as successor in interest to the Rancho Santa Margarita,

17  may be taken by the plaintiff from other owners of water rights

18  in said river and its tributaries, except through condemnation

19  proceedings instituted by the Attorney General of the United

20  States.

21

22  　　4.  AS TO PARAGRAPH IX OF THE COMPLAINT:

23  　　　　(a)  It cannot be ascertained therefrom whether the

24  alleged diversions by defendants hereto from the Santa Margarita

25  River upstream from Camp Pendleton were made by all of the

26  defendants or by only part of the defendants hereto.

27  　　　　(b)  It cannot be ascertained therefrom, what if any,

28  diversions from the Santa Margarita River upstream from Camp

29  Pendleton were made by the defendant, James Oviatt, and his

30  predecessors in interest; it cannot be ascertained therefrom

31  when and where said diversions took place, and it cannot be

32  ascertained whether it is alleged that any diversions by said

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

1  defendant have caused the intrusion of salt water on any proper-
2  ties owned by plaintiff.
3          (c)  It cannot be ascertained therefrom what is
4  meant by the following sentence:
5              "They have likewise repeatedly through
6               overt acts displayed their disregard
7               for the rights of the United States
8               of America and have declared their
9               adverse claims in contravention of
10              the rights of the United States of
11              America."
12
13          (d)  It cannot be ascertained therefrom what, if any,
14  alleged acts of encroachment are complained of as against the
15  defendant James Oviatt, and it cannot be ascertained therefrom
16  the time, places, extent, and character of said acts.
17          (e)  It cannot be ascertained whether it is claimed
18  that "the needs of the United States for the military purposes
19  mentioned" vest any rights in plaintiff in and to the waters
20  of the Santa Margarita River not vested in plaintiff as
21  successor in interest to the Rancho Santa Margarita.
22
23      5.  AS TO PARAGRAPH IV OF THE PRAYER OF THE COMPLAINT
24  HEREIN:
25          (a)  It cannot be ascertained therefrom how and in
26  what manner it is alleged that the rights of the defendant
27  James Oviatt to the waters of the Santa Margarita River and its
28  tributaries and the underground waters thereof became subject
29  and subordinate to the rights of the United States of America
30  to the waters of said river.
31
32

COSGROVE, CRAMER, DIETHER & RINGE
439 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

4.

69

1    This motion will be made upon the records and files

2  herein.

3    DATED:  March 17, 1951.

5    COSGROVE, CRAMER, DIETHER & RINDGE
     JESSE R. O'MALLEY

7    By _____

8    Jesse R. O'Malley
     Attorneys for Defendant James Oviatt.

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

5.

70

## NOTICE  OF  MOTION

TO:  PLAINTIFF, UNITED STATES OF AMERICA, AND TO A. DEVITT, VANECH,
ASSISTANT ATTORNEY GENERAL, ERNEST A. TOLIN, UNITED STATES
ATTORNEY, BETTY MARSHALL GRAYDON, ASSISTANT UNITED STATES ATTOR-
NEY, WILLIAM H. VEEDER, SPECIAL ASSISTANT TO THE ATTORNEY
GENERAL, AND DAVID W. AGNEW, ATTORNEY, DEPARTMENT OF THE NAVY,
ITS ATTORNEYS:

PLEASE TAKE NOTICE that the undersigned will bring
the above motion on for hearing in the United States Court
House, in the courtroom of the Honorable Jacob Weinberger,
on the 23rd day of April, 1951, at the hour of 10:00 o'clock
A.M. of said day, or as soon thereafter as counsel can be heard.

YOU WILL PLEASE TAKE FURTHER NOTICE that defendant,
JAMES OVIATT, in support of the foregoing motion will rely upon
the Points and Authorities attached hereto.

DATED:  March 17, 1951.

COSGROVE, CRAMER, DIETHER & RINDGE
JESSE R. O'MALLEY

By _____
Jesse R. O'Malley
Attorneys for Defendant James Oviatt

6.

71

Motion for a More Definite Statement.

## I.

IF COMPLAINT IS SO INDEFINITE OR SO GENERAL THAT DEFENDANT CANNOT FILE A RESPONSIVE PLEADING, IT IS ENTITLED TO A MORE DEFINITE STATEMENT.

Rule 12 (e) of Federal Rules of Civil Procedure.

Bowles, Ad'r. Office of Price Administration v. Glick Bros. Lumber Co., (C.C.A. 9 C. 1945), 146 F. (2d) 566, 568, (Decision by Judge Healy):

> "If a defendant needs additional information to
> enable him to answer or prepare for trial the
> procedure provided by the Federal Rules is a
> motion for a more definite statement or for a
> bill of particulars, * * *".

Porter, Price Administrator, v. Karavas, (C.C.A. 10 C. 1946), 157 F. (2d) 984, 986, (Decision by Judge Bratton):

> "And where the complaint states a claim in
> general language but is not sufficiently
> definite in certain respects to enable the
> defendant to answer or to prepare for trial,
> the remedy is to move for a more definite
> statement or for a bill of particulars.
> Clyde v. Broderick, 10 Cr., 144 F. 2d 348."

## II.

MOTION FOR A MORE DEFINITE STATEMENT IS ADDRESSED TO THE SOUND DISCRETION OF THE COURT.

United States v. Association of American Railroads,

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

7.

72

(D.C.D. Neb., 1945) 4 F. R. D. 510, 528, (Decision by Judge
Delehant):

> "A motion by a defendant before answer for
> a bill of particulars is addressed to the
> sound discretion of the court. * * *  The
> discretion thus favored is not caprice or the
> arbitrary exercise of authority, but rather
> a mature judicial discretion, resting in a
> rational understanding of the elemental
> governing principles of law and an impartial
> appraisal of the objectives of the pleading
> under scrutiny."

Bowles, Price Administrator, v. Deep Vein Connellsville
Coke Co., (D. C. W. D. Penn. 1946), 5 F.R.D. 140, 142 (Decision
by Judge Gourley):

> "It is well settled that the granting or a
> refusal of a motion for a Bill of Particulars
> rests in the sound discretion of the court,
> and that all pleadings should be so construed
> as to do substantial justice."

### III.

NATURE AND COMPLEXITY OF THE ACTION IS TO BE CONSIDERED
IN PASSING ON A MOTION FOR A MORE DEFINITE STATEMENT.

United States v. Schine Chain Theatres, Inc., (D. C. W. D.
N.Y. 1940),  1 F.R.D. 203, 208, (Decision by Judge Knight):

> "Necessarily in applying Rule 12 (e) the court
> must take into consideration the nature and
> complexity of the suit.
> Preparation of the proper pleading for trial

8.

73

"in this suit requires a statement of
matters and their relation to each other
far more extensive from that in a simple
pleading on contract or in negligence."

Lowe v. Consolidated Edison Co., (D.C. S.D. N.Y. 1940)
1 F.R.D. 559, 562, (Decision by Judge Leibell):
"In cases founded upon the Anti-Trust Act
which are dependent for final relief upon
the conformation of numerous facts to such
flexible concepts as monopoly, interstate
commerce, restraint of trade, etc., which
are of serious and immediate concern to
commercial enterprise, I think that the
court should require from plaintiffs in
their pleading a statement of facts suffi-
ciently complete to mitigate the dangers
that might result if these cases proceeded
upon the shaky foundation of a vague and
somewhat indefinite complaint.  United States
v. Griffith Amusement Co., D.C. 1 F.R.D. 229.
I am, therefore, inclined to consider
liberally defendants' requests for particu-
lars of plaintiffs' claim * * *".

In the case of Twin Ports Oil Co. v. Pure Oil Co., (D.C.D.
Minn. 4 Div. 1942) 46 F. Supp. 149, 153-154, the court quoted
with approval the language hereinabove quoted from the case of
Lowe v. Consolidated Edison Co., supra, and the court in the
former case stated:
"But where suits are instituted under the
Sherman Anti-Trust Act, and especially where

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

9.

74

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

1   "they involve large sums of money and will in
2   all probability consume the time of the Court
3   and counsel for a long period, it will be
4   found that courts generally recognize the
5   desirability, if not the necessity of requir-
6   ing the pleader to establish in the complaint
7   a statement of sufficient facts regarding the
8   causal connection between the wrong and the
9   damage, so as to enable the defendant to be
10   apprised of the legal theory which will be
11   urged at the trial of the case and thus be
12   able to frame responsive pleadings thereto."

14           IV.

15     A COMPLAINT SUFFICIENT UNDER RULE 8 (a) DOES NOT PRECLUDE
16 CONSIDERATION OF A MOTION FOR A MORE DEFINITE STATEMENT.

18     <u>Camrel Co. v. Skouras Theatres Corporation</u>, (D.C. D.N.J.
19 1944), 57 F. Supp. 811, 812, (Decision by Judge Smith):
20   "The allegations of the complaint must be
21   appraised in the light of the requirements
22   prescribed by Rule 8 (a) of the Rules of
23   Civil Procedure, 28 U.S.C.A. following
24   section 723c, which are determinative of
25   the sufficiency of the complaint. * * *
26   The allegations of the complaint, although
27   legally sufficient, are so general and
28   indefinite that it would be difficult for
29   each of the defendants to prepare a responsive
30   pleading that would adequately meet not only
31   the charges of the complaint but also the
32   requirements of Rule 8."

10.

75

V.

MORE DEFINITE STATEMENT IS PROPER REMEDY FOR SECURING
REQUESTED INFORMATION EVEN IF PART OF INFORMATION COULD BE
SECURED BY OTHER PROCEDURE AUTHORIZED BY THE RULES.

Bowles, Price Administrator, v. Deep Vein Connellsville
Coke Co., (D.C. W.D. Penn. 1946), 5 F.R.D. 140, 142, (Decision
by Judge Gourley):

> "The function of a Bill of Particulars is to
> enable the defendant to answer and prepare
> his defense without needless expenses; to
> aid the court in an orderly and expeditious
> disposition of the case; to clear up ambigui-
> ties, uncertainties and indefiniteness in the
> complaint; to prevent surprises, and to limit
> the issues.  Cyclopedia of Federal Procedure,
> 2nd Edition, Vol. 5, Section 1724.
>
> "It is apparent that a speedy, just and in-
> expensive trial cannot be had merely by
> filing a notice of claim, and then resorting
> to an indefinite and expensive procedure of
> discovery and depositions.  Although the
> information sought by the defendant in the
> Bill of Particulars can also be obtained by
> interrogatories, there is no valid reason
> for denying defendant's motion if the par-
> ticulars sought are properly within the
> purpose of Civil Procedure Rules.  Federal
> Rules of Civil Procedure, Rule 12(e), 28
> U.S.C.A. following section 723c; Flemming,
> Administrator of Wage and Hour Division,

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

76

"<u>Department of Labor, v. The Southern Kraft</u>

<u>Corporation</u>, D.C. 37 F. Supp. 232."

VI.

THE FACT THAT THE INFORMATION REQUESTED IS WITHIN THE
KNOWLEDGE OF THE DEFENDANT DOES NOT PRECLUDE CONSIDERATION OF
ITS MOTION FOR A MORE DEFINITE STATEMENT.

<u>Bowles, Price Administrator, v. Flotill Products, Inc.</u>
(D.C. N.D. Calif. 1945), 4 F.R.D. 499, 501, (Decision by Judge
Welsh):

> "The purpose of a bill of particulars is
> said to be 'to enable a litigant to obtain
> from his adversary pertinent details of
> such adversary's claim or defense as will
> protect him against surprise and give notice
> of the real issues tendered.'

> "This Court believes that there are pertinent
> details of plaintiff's claim which defendant
> is entitled to obtain in order to be protected
> against surprise.

> "The adjudicated case also contains this
> pertinent sentence, at page 421 of 2 F.R.D.
> of the opinion:  'A complaint might be drawn
> with such generality of expression as to
> comprehend a dozen or a hundred transactions,
> all within the knowledge of the defendant,
> but that would not deprive the defendant of
> the right to know which one or more of the
> possible transactions the plaintiff bona fide

COSGROVE, CRAMER, DIETHER & RINDGE
455 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

12.

77

1   "'referred to and intended to reply upon.'

2   It answers the contention made in plain-

3   tiff's brief that the information sought

4   by defendant is peculiarly within its

5   own knowledge."

6

7                          VII.

8       RULE 12(e) SHOULD BE CONSTRUED LIBERALLY TO CARRY OUT

9   ITS PURPOSE.

10

11      Commander-Larabee Milling Co. v. Manufacturers & Traders

12   Trust Co., (D.C., W.D.N.Y. 1945), 4 F.R.D. 296, 297, (Decision

13   by Judge Knight):

14      "Rule 12(e), supra, has been construed almost

15      an innumerable number of times.  The question

16      of its application in each case depends upon

17      its own particular facts, but the rule should

18      be construed liberally to carry out its purpose."

19

20                  Respectfully submitted,

21                  COSGROVE, CRAMER, DIETHER & RINDGE
22                  JESSE R. O'MALLEY

23          By _____
24                  Jesse R. O'Malley

25              Attorneys for defendant James Oviatt.

26

27

28

29

30

31

32

COSGROVE, CRAMER, DIETHER & RINDGE
416 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

78

CERTIFICATE OF SERVICE

I, JESSE R. O'MALLEY, certify that I am a member of the Bar of the above entitled Court; that on the 17th day of March, 1951, I served the within Motion for a More Definite Statement, Notice of Motion, and Points and Authorities in Support thereof, of defendant JAMES OVIATT, upon the attorneys for plaintiff, by enclosing the same in an envelope addressed as follows:

> Mrs. Betty Marshall Graydon
> Assistant U. S. Attorney
> Department of Justice
> Southern District of California
> San Diego 1, California

and by then sealing said envelope and depositing the same, postage thereon fully prepaid, in the United States mail chute at Los Angeles, California.  There is daily delivery of mail between the City of Los Angeles and the said City of San Diego, California.

JESSE R. O'MALLEY

COSGROVE, CRAMER, DIETHER & KINDIG
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

14.

79