Kenneth K. Wright
215 West 7th Street
Los Angeles 14, California
Trinity 8404

Attorney for Defendants
   Madeleine E. Thurber and
   Packard Thurber

FILED
MAR 21 1951

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

UNITED STATES OF AMERICA,
           Plaintiff,
vs.
FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,
           Defendants.

No. 1247-Civ.

ANSWER OF
MADELEINE E. THURBER
AND PACKARD THURBER

    Now come the defendants Madeleine E. Thurber, sued herein as Madeliene Thurber, and Packard Thurber, sued herein as Doe Twenty-five, and answering plaintiff's complaint on file herein, admit, deny and allege:

I

    Answering paragraph I, defendants deny that they have unlawfully interfered with the rights of the United States of America; admit the allegations in said paragraph I contained except as herein denied.

II

    Answering paragraph II of the complaint, these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

7342

1  Camp Joseph H. Pendleton, situated in the Counties of San Diego
2  and Orange, State of California, are military establishments of
3  the United States of America. Deny that fee simple title to the
4  properties in question now resides in the United States of
5  America, and in particular deny that the United States of America
6  has fee simple or any title to the real property or the rights to
7  water owned by these defendants and hereinafter more particularly
8  described. These defendants are without knowledge or information
9  sufficient to form a belief as to the truth of the remaining
10 averments in said paragraph II contained, and therefore deny
11 each and all of said allegations except as herein expressly
12 admitted or expressly denied.

                            III

14     Answering paragraph III, these defendants allege that they
15 are without knowledge or information sufficient to form a belief
16 as to the truth of the averments therein contained.

                            IV

18     Answering paragraph IV, these defendants admit that one
19 of the sources of supply of water for Camp Joseph H. Pendleton,
20 the United States Naval Hospital and the United States Naval Ammuni-
21 tion Depot is the Santa Margarita River and its tributaries and
22 that other sources include certain underground basins of water
23 underlying said properties. Admit that the stream is known in
24 its upper reaches as the Temecula River, but deny that it rises
25 in the Coastal Range in the western extremities of Riverside
26 County, State of California, but on the contrary allege that it
27 rises in the Coastal Range in San Diego County, State of California,
28 and proceeds in a generally westerly direction to a point where
29 it crosses the boundary of San Diego County and enters Riverside
30 County, that it then proceeds in a generally westerly direction
31 to a point where it crosses the boundary of Riverside County and
32 enters San Diego County. Admit that from that point it continues

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

7343

-2-

in a generally southwesterly direction across San Diego County where it empties into the Pacific Ocean. Admit that the Santa Margarita River in its course traverses approximately 21 miles of the site of Camp Joseph H. Pendleton and the Naval Ammunition Depot before it enters the ocean and that there are no users below Camp Joseph H. Pendleton on that stream, for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that River enters the Pacific Ocean. These defendants further admit that the Santa Margarita River is an intermittant surface stream, and allege that it and its tributaries flow partly on the surface and partly under the surface, and admit that it does not flow as a continuous surface stream, but in dry seasons of the year the surface stream, when not artificially interfered with, customarily and ordinarily disappears at a point on the lands of the United States of America at approximately 8 miles from the ocean, sinking into the sands and gravels of its bed and channel, and that later it reappears as a surface stream two or three miles below, thence flowing as a surface stream, but diminishing in volume to its confluence with tidewater. These defendants allege that at various other points and places said Santa Margarita River and its tributaries, including the Temecula River, disappears as a surface stream and sinks into the sands and gravels of its bed and channel and into a number of underground basins; that one of the points at which said River rises and reappears as a surface stream is located at the point where these defendants and their predecessors in interest appropriated the waters thereof, as hereinafter more particularly alleged. These defendants deny that underlying the River and its tributaries is a vast underground basin, but on the contrary allege that underlying the River and its tributaries and adjacent areas are a series of underground

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-6404

7344

basins comprised of pervious sands, gravels, boulders and other fluvial deposit, the exact extent and depth of which are unknown to these defendants, and that these several basins create large underground reservoirs into which a substantial portion of the flow of the Santa Margarita River sinks, and further allege that in dry seasons the River at various places entirely disappears into the several basins and reappears on the surface across the lowermost dikes or barriers of impervious materials forming the lowermost boundaries of such basins, which in effect create artesian areas or areas of rising water.  Admit and allege that the subterranean reservoirs underlying the properties of the United States of America constitute one of the sources of water for use thereon; deny that these defendants have encroached upon the rights of the United States of America or that their use of water from said River and the Temecula River threaten the destruction of any of the basins underlying the property of plaintiff by reason of salt water intrusion from the Pacific Ocean, or otherwise, and these defendants deny that any of the uses of water made by them constitute or are encroachments upon the rights of plaintiff, but that their use of water is a valid and proper use, all as hereinafter more particularly alleged.  These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IV contained and therefore deny each and all of said allegations except as herein expressly admitted or expressly denied.

V

Answering paragraph V, these defendants admit that in and by a stipulated judgment made and entered into in that certain action entitled "Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart et al., intervenors," in the Superior Court of the State of California, in and for the County of San Diego, being action No. 42850 in the Records and

files of said court, the Rancho Santa Margarita, predecessor in interest of the United States of America in respect to the properties here involved owned by it, had adjudicated its rights in the Santa Margarita River as against the parties to said action; admit that in said action the trial court found that the Rancho Santa Margarita, predecessor in interest of the United States of America, owned 38,739 acres of land riparian to the Santa Margarita River, of which 12,375 acres were susceptible to practical and profitable irrigation. These defendants further admit that the parties to that litigation concluded their differences, declared their rights and fixed their aliquot shares of the waters of the Santa Margarita River naturally descending to the properties involved in said action. Admit that there is attached to the complaint a copy of the stipulated judgment between the parties to that action and marked Exhibit "A". These defendants further allege that they were not parties to said action, and that said action did not involve the use of water by them or their predecessors in interest nor the rights to water used upon or appurtenant to the lands of these defendants. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph V of said complaint, and therefore deny each and all of said allegations except as herein expressly admitted or expressly denied.

VI

Answering paragraph VI, these defendants admit the averments therein contained.

VII

Answering paragraph VII, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraph VII.

VIII

Answering paragraph VIII, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

IX

Answering paragraph IX, these defendants deny that in direct or other violation of the rights of the United States of America or in complete or any disregard of the need of the water in question for National Defense, these defendants by reason of their diversion from the Santa Margarita River upstream from Camp Joseph H. Pendleton have caused the intrusion of salt water from the Pacific Ocean, as described in plaintiff's complaint, to the irreparable or other damage of the United States of America, and deny that they have likewise repeatedly, or otherwise, through overt acts displayed any disregard for the rights of the United States of America or have declared their adverse right or claim in contravention of the rights of the United States of America. These defendants admit they have repeatedly asserted that their rights are paramount in some respects and correlative in other respects, as hereinafter more specifically alleged, to the rights of the United States of America and that they are now using and threaten to continue to use the water to which they and their lands are entitled, and these defendants further deny that their rights were acquired subsequent to or with full or any knowledge of the rights of the United States of America and its predecessor in interest, as set forth and alleged in said complaint. In this connection these defendants allege that they own lands upstream from the lands of plaintiff and that said lands are within the watershed of the Temecula River and certain of its tributaries, and that they claim rights in and to the waters of said stream. In this connection, these defendants allege that they are the owners of:

The West 1/2 of the East 1/2 of the Northeast 1/4 of the

Northeast 1/4 of Section 33, Township 8 South, Range 1 East, S.B.B.M.; the Northeast 1/4 of the Northwest 1/4, the Southwest 1/4 of the Northeast 1/4, the Northeast 1/4 of the Southeast 1/4, the Northwest 1/4 of the Southeast 1/4, the Southeast 1/4 of the Southeast 1/4, the Easterly 1100 feet of the Northerly 165 feet of the Southwest 1/4, and the South 1/2 of the Northwest 1/4, all in Section 34, Township 8 South, Range 1 East, S.B.B.M.; the South 1/2 of the Southwest 1/4, the Northwest 1/4 of the Southwest 1/4, the South 1/2 of the Northeast 1/4 of the Southwest 1/4, Lot 11, and that portion of Lot 10 South of the Highway, all in Section 35, Township 8 South, Range 1 East, S.B.B.M.; the North 1/2 of the Northeast 1/4, the South 1/2 of the Northeast 1/4, and the East 1/2 of the Northwest 1/4, all in Section 2, Township 9 South, Range 1 East, S.B.B.M.

These defendants further allege that said Temecula River flows to and through said property belonging to these defendants, and the said lands belonging to these defendants hereinabove described are riparian to said Temecula River, and allege that to the extent that these defendants and plaintiff may own lands riparian to the Santa Margarita River, known in its upper reaches as the Temecula River, and its tributaries, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their said lands, respectively, or the tributaries which may enter said River upstream from their riparian lands when they need such waters for use upon such riparian lands and that said rights are correlative. These defendants further allege that said rights to the reasonable use of the waters of said Santa Margarita River, Temecula River and the tributaries thereof are subject to and limited by the prior rights of these defendants to take and use 100 miner's inches

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-7-

7348

of the waters of Temecula River at their point of diversion therefrom, as hereinafter more particularly set forth. These defendants further allege that said land overlies one of the underground basins hereinabove referred to and further alleges that said underground basin underlying said lands is separate and distinct from the underground basins underlying the lands of the plaintiff.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IX contained and therefore deny both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That they are the owners of the prior and paramount right to take and use 100 miner's inches of water of the Temecula River, which said right is prior and paramount to each and all of the claimed or alleged or asserted rights of plaintiff.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That on or about the 15th day of August, 1887, one George F. Smith posted a notice at the point of diversion, which was upon public land of the United States, of his claim to 100 miner's inches of the waters of Temecula River for domestic and irrigation purposes upon Section 34, Township 8 South, Range 1 East, S.B.B.M., and thereafter duly recorded a copy of said notice so posted in Book 1 of Water Claims, page 268, in the office of the County Recorder of San Diego County, State of California, and that these defendants are the successors in interest of said George W. Smith, and that

these defendants and their predecessors in interest, ever since said 15th day of August, 1887, have taken the full flow of the waters of the Temecula River to the extent of 100 miner's inches under and pursuant to said appropriation and have used the same for beneficial uses and purposes. That said appropriation of water and the right to use the same is prior and paramount to the claims and asserted rights of plaintiff.

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties described in its complaint, these defendants and their predecessors in interest have openly, notoriously, continuously, uninterruptedly and in hostility to any claim, ownership, title or interest of plaintiff and its predecessors in interest and under a claim of right taken from said Temecula River 100 miner's inches of water for domestic and irrigation uses and purposes and still continue so to do and have acquired the ownership of the right to use said water for said purposes, and do now have the right to take and use said 100 miner's inches of water from said Temecula River for said purposes, free and clear of and prior and paramount to any right or claim of right in and to said water by plaintiff.

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-9-

7350

1      FOR A FURTHER, SIXTH AND SEPARATE DEFENSE, THESE
2 DEFENDANTS ALLEGE:

                              I

4      That said purported cause of action set forth in said complaint is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

8      WHEREFORE, these defendants pray:

9      1. That plaintiff take nothing by reason of its action herein;

11      2. That the Court adjudge and decree that these defendants as against plaintiff are entitled to take 100 miner's inches of water from Temecula River and that they are the owners of said right, free and clear of any claims, right, title or interest of plaintiff, and that plaintiff has no estate or interest therein, or in any part thereof, and that plaintiff be forever debarred and enjoined from asserting any claim whatever in or to said water adverse to these defendants;

19      3. That the Court determine and declare the respective rights and duties of plaintiff and these defendants with respect to the use of water of the Santa Margarita River, Temecula River and its tributaries on their respective riparian lands and that it find and declare the use to which such water may be put on such lands;

25      4. That these defendants have their costs herein incurred and such other relief as to the Court may seem just and equitable.

                                        *[signature]*
                              Attorney for defendants Madeleine E. Thurber and Packard Thurber

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-6404

7351

Attorney for _____

Received copy of the within _____ this _____ day of _____ 19___

_____

Attorney for _____

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA }ss.
COUNTY OF LOS ANGELES }

__Charlotte Stephens__ being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business/residence address is:

215 West 7th Street, Los Angeles 14, California

that on the __21st__ day of __March__ 19__51__, affiant served a true copy of the within __Answer of Madeleine E. Thurber and Packard Thurber__ in said action, by placing said copy in an envelope addressed to the following persons at their residence/office address, to wit:

Ernest A. Tolin, U. S. Attorney
Betty Marshall Graydon, Assistant United States Attorney
325 West "E" Street, Room 221
San Diego, California

which envelope was then sealed and postage fully prepaid thereon and deposited in the United States mail at Los Angeles, California.

That there is delivery service by United States mail at the place so addressed or/and there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __21st__ day of __March__ 19__51__

_Ralph S. Helm_                              _Charlotte Stephens_
Notary Public in and for the County of Los Angeles,
State of California.
(SEAL)

7352