Kenneth K. Wright
215 West 7th Street
Los Angeles 14, California
Trinity 8404

Attorney for Defendant
Katharine C. Gibbon

FILED
MAR 21 1951

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>vs.<br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al.,<br>  Defendants. | No. 1247-Civ.<br><br>ANSWER OF<br>KATHARINE C. GIBBON |

Comes now defendant, Katharine C. Gibbon, sued herein as Katherine C. Gibbons, and answering plaintiff's complaint on file herein, admits, denies and alleges:

I

Answering paragraph I, defendant denies that she has unlawfully interfered with the rights of the United States of America; admits the allegations in said paragraph I contained except as herein denied.

II

Answering paragraph II of the complaint, this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at

Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Denies that fee simple title to the properties in question now resides in the United States of America, and in particular denies that the United States of America has fee simple or any title to the real property or the rights to water owned by this defendant and hereinafter more particularly described. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph II contained, and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

III

Answering paragraph III, this defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

IV

Answering paragraph IV, this defendant admits that one of the sources of supply of water for Camp Joseph H. Pendleton, the United States Naval Hospital and the United States Naval Ammunition Depot is the Santa Margarita River and its tributaries and that other sources include certain underground basins of water underlying said properties. Admits that the stream is known in its upper reaches as the T$_e$mecula River, but denies that it rises in the Coastal Range in the western extremities of Riverside County, State of California, but on the contrary alleges that it rises in the Coastal Range in S$_a$n Diego County, State of California, and proceeds in a generally westerly direction to a point where it crosses the boundary of San Diego County and enters Riverside County, that it then proceeds in a generally westerly direction to a point where it crosses the boundary of Riverside County and enters San Diego County. Admits that from that point it continues

in a generally southwesterly direction across San Diego County where it empties into the Pacific Ocean. Admits that the Santa Margarita River in its course traverses approximately 21 miles of the site of Camp Joseph H. Pendleton and the Naval Ammunition Depot before it enters the ocean and that there are no users below Camp Joseph H. Pendleton on that stream, for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that River enters the Pacific Ocean. This defendant further admits that the Santa Margarita River is an intermittant surface stream, and alleges that it and its tributaries flow partly on the surface and partly under the surface, and admits that it does not flow as a continuous surface stream, but in dry seasons of the year the surface stream, when not artificially interfered with, customarily and ordinarily disappears at a point on the lands of the United States of America at approximately 8 miles from the ocean, sinking into the sands and gravels of its bed and channel, and that later it reappears as a surface stream two or three miles below, thence flowing as a surface stream, but diminishing in volume to its confluence with tidewater. This defendant alleges that at various other points and places said Santa Margarita River and its tributaries, including the Temecula River, disappears as a surface stream and sinks into the sands and gravels of its bed and channel and into a number of underground basins; that one of the points at which said River rises and reappears as a surface stream is located at the point where this defendant and her predecessors in interest appropriated the waters thereof, as hereinafter more particularly alleged. This defendant denies that underlying the River and its tributaries is a vast underground basin, but on the contrary alleges that underlying the River and its tributaries and adjacent areas are a series of underground

basins comprised of pervious sands, gravels, boulders and other fluvial deposit, the exact extent and depth of which are unknown to this defendant, and that these several basins create large underground reservoirs into which a substantial portion of the flow of the Santa Margarita River sinks, and further alleges that in dry seasons the River at various places entirely disappears into the several basins and reappears on the surface across the lowermost dikes or barriers of impervious materials forming the lowermost boundaries of such basins, which in effect create artesian areas or areas of rising water. Admits and alleges that the subterranean reservoirs underlying the properties of the United States of America constitute one of the sources of water for use thereon; denies that this defendant has encroached upon the rights of the United States of America or that her use of water from said River and the Temecula River threaten the destruction of any of the basins underlying the property of plaintiff by reason of salt water intrusion from the Pacific Ocean, or otherwise, and this defendant denies that any of the uses of water made by her constitute or are encroachments upon the rights of plaintiff, but that her use of water is a valid and proper use, all as hereinafter more particularly alleged. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IV contained and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

V

Answering paragraph V, this defendant admits that in and by a stipulated judgment made and entered into in that certain action entitled "Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart et al., intervenors," in the Superior Court of the State of California, in and for the County of San Diego, being action No. 42850 in the Records and

files of said court, the Rancho Santa Margarita, predecessor in interest of the United States of America in respect to the properties here involved owned by it, had adjudicated its rights in the Santa Margarita River as against the parties to said action; admits that in said action the trial court found that the Rancho Santa Margarita, predecessor in interest of the United States of America, owned 38,739 acres of land riparian to the Santa Margarita River, of which 12,375 acres were susceptible to practical and profitable irrigation. This defendant further admits that the parties to that litigation concluded their differences, declared their rights and fixed their aliquot shares of the waters of the Santa Margarita River naturally descending to the properties involved in said action. Admits that there is attached to the complaint a copy of the stipulated judgment between the parties to that action and marked Exhibit "A". This defendant further alleges that she was not a party to said action, and that said action did not involve the use of water by her or her predecessors in interest nor the rights to water used upon or appurtenant to the lands of this defendant. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph V of said complaint, and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

VI

Answering paragraph VI, this defendant admits the averments therein contained.

VII

Answering paragraph VII, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraph VII.

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-5-

7334

## VIII

Answering paragraph VIII, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

## IX

Answering paragraph IX, this defendant denies that in direct or other violation of the rights of the United States of America or in complete or any disregard of the need of the water in question for National Defense, this defendant by reason of her diversion from the Santa Margarita River upstream from Camp Joseph H. Pendleton has caused the intrusion of salt water from the Pacific Ocean, as described in plaintiff's complaint, to the irreparable or other damage of the United States of America, and denies that she has likewise repeatedly, or otherwise, through overt acts displayed any disregard for the rights of the United States of America or has declared her adverse right or claim in contravention of the rights of the United States of America. This defendant admits she has repeatedly asserted that her rights are paramount in some respects and correlative in other respects, as hereinafter more specifically alleged, to the rights of the United States of America and that she is now using and threatens to continue to use the water to which she and her lands are entitled, and this defendant further denies that her rights were acquired subsequent to or with full or any knowledge of the rights of the United States of America and its predecessor in interest, as set forth and alleged in said complaint. In this connection this defendant alleges that she owns lands upstream from the lands of plaintiff and that said lands are within the watershed of the Temecula River and certain of its tributaries, and that she claims rights in and to the waters of said stream. In this connection, this defendant alleges that she is the owner of:

The Southeast 1/4 of the Northwest 1/4 of the Southeast

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

1/4, the South 1/2 of the Northeast 1/4 of the Northwest 1/4 of the Southeast 1/4, the East 1/2 of the Southwest 1/4 of the Southeast 1/4, the Northeast 1/4 of the Southeast 1/4 except that portion lying northeasterly of the center line of the State Highway, and the Southeast 1/4 of the Southeast 1/4, all in Section 19, Township 8 South, Range 1 East, S.B.B.M.; that portion of the Northwest 1/4 of the Southeast 1/4 of Section 20, Township 8 South, Range 1 East, S.B.B.M. lying southwesterly of the center line of the State Highway; the Southwest 1/4 of the Southwest 1/4 of Section 20, Township 8 South, Range 1 East, S.B.B.M.; the Northwest 1/4 of the Northwest 1/4 and the Southwest 1/4 of the Northwest 1/4 of Section 29, Township 8 South, Range 1 East, S.B.B.M.; the North 1/2 of the Northeast 1/4 and the Southeast 1/4 of the Northeast 1/4 of Section 30, Township 8 South, Range 1 East, S.B.B.M.

This defendant further alleges that said Temecula River flows to and through said property belonging to this defendant, and the said lands belonging to this defendant hereinabove described are riparian to said Temecula River, and alleges that to the extent that this defendant and plaintiff may own lands riparian to the Santa Margarita River, known in its upper reaches as the Temecula River, and its tributaries, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their said lands, respectively, or the tributaries which may enter said River upstream from their riparian lands when they need such waters for use upon such riparian lands and that said rights are correlative. This defendant further alleges that said rights to the reasonable use of the waters of said Santa Margarita River, Temecula River and the tributaries thereof are subject to and limited by the

1 prior right of this defendant to take and use 100 miner's inches
2 of the waters of Temecula River at her points of diversion therefrom,
3 as hereinafter more particularly set forth. This defendant
4 further alleges that said land overlies one of the underground
5 basins hereinabove referred to and further alleges that said under-
6 ground basin underlying said lands is separate and distinct from
7 the underground basins underlying the lands of the plaintiff.
8      This defendant is without knowledge or information
9 sufficient to form a belief as to the truth of the remaining
10 averments in said paragraph IX contained and therefore denies both
11 generally and specifically each and all of the said allegations
12 except as herein expressly admitted or expressly denied.
13      FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THIS
14 DEFENDANT ALLEGES:
15                I
16      That she is the owner of the prior and paramount right
17 to take and use 100 miner's inches of water of the Temecula River,
18 which said right is prior and paramount to each and all of the
19 claimed or alleged or asserted rights of plaintiff.
20      FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THIS
21 defendant alleges:
22                I
23      That on or about the 11th day of February, 1885, one S.V. Tripp
24 posted a notice at the point of diversion of his claim to all the
25 waters of the Temecula River for agricultural and milling purposes on
26 lands lying below said point of diversion, to be conveyed in a ditch
27 4-1/2 feet in width at the bottom and 5-1/2 feet in width at the top,
28 with a depth of one foot at the point of diversion, and duly recorded
29 a copy of said notice so posted in Book 1 of Water Claims, page 47, in
30 the office of the County Recorder of San Diego County, State of Calif-
31 ornia. That said point of diversion was in and on the North 1/2 of the
32 Southwest 1/4 of Section 29, Township 8 South, Range 1 East, S.B.B.M.,
which at the time of said diversion and appropriation was public

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

7337

land of the United States. That this defendant and defendant William W. Cottle are the successors in interest of said S. V. Tripp, and each owns an undivided one-half interest in and to said water rights and claim, and that this defendant and said defendant William W. Cottle and their predecessors in interest, ever since said 11th day of February, 1885, have taken the full flow of said Temecula River to the extent of 200 miner's inches thereof and used the same for beneficial uses and purposes, said water being diverted at a point in the North 1/2 of the Southwest 1/4 of Section 29, Township 8 South, Range 1 East, S.B.B.M., and also at a point on said real property belonging to this defendant and more particularly described in paragraph IX of this Answer; and that this defendant is entitled to take, under her undivided one-half interest aforesaid, and she and her predecessors in interest have taken, the full flow of the waters of the Temecula River at said points of diversion to the extent of 100 miner's inches and used the same for beneficial uses and purposes. That said appropriation of water and the right to use the same is prior and paramount to the claims and asserted rights of plaintiff.

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties described in its complaint, this defendant and her predecessors in interest have openly, notoriously, continuously, uninterruptedly and in hostility to any claim, ownership, title or interest of plaintiff and its predecessors in interest and under a claim of right taken from said Temecula River 100 miner's inches of water for domestic

and irrigation uses and purposes and still continue so to do and has acquired the ownership of the right to use said water for said purposes, and does now have the right to take and use said 100 miner's inches of water from said Temecula River for said purposes, free and clear of and prior and paramount to any right or claim of right in and to said water by plaintiff.

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

FOR A FURTHER, SIXTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

WHEREFORE, this defendant prays:

1. That plaintiff take nothing by reason of its action herein;

2. That the Court adjudge and decree that this defendant as against plaintiff is entitled to take 100 miner's inches of water from Temecula River and that she is the owner of said right, free and clear of any claims, right, title or interest of plaintiff, and that plaintiff has no estate or interest therein, or in any part thereof, and that plaintiff be forever debarred and enjoined from asserting any claim whatever in or to said water adverse to this defendant;

3. That the Court determine and declare the respective rights and duties of plaintiff and this defendant with respect to the use of water of the Santa Margarita River, Temecula River and its tributaries on their respective riparian lands and that it find and declare the use to which such water may be put on such lands;

4. That the defendant have her costs herein incurred and such other relief as to the court may seem just and equitable.

*[signature]*
Attorney for defendant, Katharine C. Gibbon

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

7340

| Received copy of the within | | Attorney — for |
|---|---|---|
| Received copy of the within | this ___ day of ___ 19___ | |
| | | Attorney — for |

(AFFIDAVIT OF SERVICE BY MAIL—1013a C. C. P.)

STATE OF CALIFORNIA } ss.
COUNTY OF LOS ANGELES

Charlotte Stephens _____ being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business/residence address is

215 West 7th St., Los Angeles 14, California

that on the 21st day of March 19 61 affiant served a true copy of the within ANSWER OF KATHARINE C. GIBBON in said action, by placing said copy in an envelope addressed to the following persons at their residence/office address to-wit:

Ernest A. Tolin, U. S. Attorney
Betty Marshall Graydon, Assistant United States Attorney
325 West "F" Street, Room 221
San Diego, California

which envelope was then sealed and postage fully prepaid thereon, and deposited in the United States mail at Los Angeles, California.

That there is delivery service by United States mail at the place so addressed or/and there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 21st day of March 19 61

Ralph B. Helm
Notary Public in and for the County of Los Angeles,
State of California
(SEAL)

Charlotte Stephens

7341