1  MABEL CLAUSEN
2  ATTORNEY AT LAW
3  320 FIRST TRUST BUILDING
4  PASADENA 1, CALIFORNIA
5  SYcamore 2-1903



FILED
MAR 26 1951

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

- - - - - - -

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 1247-Civil |
| vs. | ) | ANSWER OF DEFENDANT, |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | ) ) ) | J. C. PATTEN. |
| Defendants. | ) | |

Comes now defendant, J. C. Patten, and answering plaintiff's complaint on file herein, admits, denies and alleges:

I

Answering paragraph I, this answering defendant denies that she has unlawfully interfered with the rights of the United States of America; and admits the allegations in said paragraph I except as herein denied.

II

Answering paragraph II of the complaint, this defendant, J. C. Patten, admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. She denies that fee simple

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-1-

7358

title to the properties in question now resides in the United States of America, and particularly she denies that the United States of America has fee simple or any title to the real property or the rights to water owned by this defendant more particularly described hereinbelow. This defendant has no knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph II contained, and on that ground she denies each and every of said allegations except as herein expressly admitted or expressly denied.

### III

Answering paragraph III, this defendant alleges that she has no knowledge or information sufficient to enable her to form a belief as to the truth of the averments contained in said paragraph.

### IV

Answering paragraph IV, this defendant admits that one of the sources of supply of water for Camp Joseph H. Pendleton, the United States Naval Hospital and the United States Naval Ammunition Depot is the Santa Margarita River and its tributaries and that other sources include certain underground basins of water underlying said properties. Admits that the stream is known in its upper reaches as the Temecula River. She denies that it rises in the Coastal Range in the western extremities of Riverside County, State of California, but on the contrary alleges that it rises in the Coastal Range in San Diego County, State of California, and proceeds in a generally westerly direction to a point where it crosses the boundary of San Diego County and enters Riverside County, and that it then proceeds in a generally westerly direction to a point where it crosses the boundary of Riverside County and enters San Diego County. Admits that from that point it continues in a generally southwesterly direction across San Diego County where it empties into the Pacific Ocean. Admits that the Santa Margarita River in its course traverses approximately 21 miles of

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-2-

7350

the site of Camp Joseph H. Pendleton and the Naval Ammunition Depot before it enters the Ocean and that there are no users below Camp Joseph H. Pendleton on that stream, for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that River enters the Pacific Ocean. Admits further that the Santa Margarita River is an intermittent surface stream; alleges that it and its tributaries flow partly on the surface and partly under the surface. Admits that said river does not flow as a continuous surface stream, but in dry seasons of the year the surface stream, when not artificially interfered with, customarily and ordinarily disappears at a point on the lands of the United States of America at approximately 8 miles from the ocean, sinking into the sands and gravels of its bed and channel, and that later it reappears as a surface stream two or three miles below, thence flowing as a surface stream, but diminishing in volume to its confluence with tidewater. Defendant, J. C. Patten, alleges that at various other points and places said Santa Margarita River and its tributaries, among others, the Temecula River, disappears as a surface stream and sinks into the sands and gravels of its bed and channel and into numerous underground basins; alleges further that one of the points at which said River rises and reappears as a surface stream is located at the point where this defendant and her predecessors in interest appropriated the waters thereof. -------------------

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

7360

This defendant denies that underlying the River and its tributaries is a vast underground basin, but on the contrary alleges that underlying the River and its tributaries and adjacent areas are a series of underground basins comprised of pervious sands, gravels, boulders and other fluvial deposit, the exact extent and depth of which are unknown to this defendant, and that these several basins create large underground reservoirs into which a substantial portion of the flow of the Santa Margarita River sinks, and that in dry seasons the River at various places entirely disappears into the several basins and reappears on the surface across the lowermost dikes or barriers of impervious materials forming the lowermost boundaries of such basins, which in effect create artesian areas or areas of rising water. Admits and alleges that the subterranean reservoirs underlying the properties of the United States of America constitute one of the sources of water for use thereon; this defendant denies that she has encroached upon the rights of the United States of America or that her use of water from said River and the Temecula River threaten the destruction of any of the basins underlying the property of plaintiff by reason of salt water intrusion from the Pacific Ocean, or otherwise, and this defendant denies that any of the uses of water made by her constitute or are encroachments upon the rights of plaintiff, but that her use of water is a valid and proper use, all as hereinafter more particularly alleged. This defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IV contained and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

MABEL CLAUSEN
ATTORNEY AT LAW
220 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-4-

7361

V

Answering paragraph V, this defendant admits that in and by a stipulated judgment made and entered into in that certain action entitled "Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart et al., intervenors," in the Superior Court of the State of California, in and for the County of San Diego, being action No. 42850 in the Records and files of said court, the Rancho Santa Margarita, predecessor in interest of the United States of America in respect to the properties here involved owned by it, had adjudicated its rights in the Santa Margarita River as against the parties to said action; admits further that in said action the trial court found that the Rancho Santa Margarita, predecessor in interest of the United States of America, owned 38,739 acres of land riparian to the Santa Margarita River, of which 12,375 acres were susceptible to practical and profitable irrigation; admits further that the parties to that litigation concluded their differences, declared their rights and fixed their aliquot shares of the waters of the Santa Margarita River naturally descending to the properties involved in said action. This defendant admits that there is attached to the complaint a copy of the stipulated judgment between the parties to that action and marked Exhibit "A". This defendant alleges that she was not a party to said action, and that said action did not involve the use of water by her or her predecessors in interest nor the rights to water used upon or appurtenant to the lands of this defendant. This defendant has no knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph V of said complaint, and therefore she denies each and all of said allegations except as herein expressly admitted or expressly denied.

VI

Answering paragraph VI, this defendant admits the aver-

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-5-

7362

ments therein contained.

### VII

Answering paragraph VII, this defendant has no knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraph VII.

### VIII

Answering paragraph VIII, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments therein contained, except that she specifically denies that plaintiff has a paramount right to any water from the Santa Margarita River.

### IX

Answering paragraph IX, this defendant denies that in direct or other violation of the rights of the United States of America or in complete or any disregard of the need of the water in question for National Defense, this defendant by reason of her diversion from the Santa Margarita River upstream from Camp Joseph H. Pendleton has caused the intrusion of salt water from the Pacific Ocean, described in plaintiff's complaint, to the irreparable or other damage of the United States of America, and denies that she likewise repeatedly, or otherwise, through overt acts has displayed any disregard for the rights of the United States of America or has declared her adverse claim or right in contravention of the rights of the United States of America. This defendant admits that she repeatedly has asserted that her rights are paramount in some respects and correlative in other respects, as hereinafter more specifically alleged, to the rights of the United States of America and that she now is using and threatens to continue to use the water to which she and her lands are entitled. This defendant further denies that her rights were acquired subsequent to, or with full or any knowledge of, the rights of the United States of America and its predecessor in

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-6-

7363

interest, as set out and alleged in said complaint. In this connection this defendant alleges that she owns lands upstream from the lands of plaintiff and that said lands are within the watershed of the Temecula River and certain of its tributaries, and that she claims rights in and to the waters of said stream.

In this connection this defendant alleges that she is the owner of:

    All that certain real property situated in the County of Riverside, State of California, and particularly described as follows, to-wit:

    All of Lot Number Four (4);

    And also

    The East One-half ($\frac{1}{2}$) of the South East Quarter (1/4) of Lot Number Three (3) in Section Nineteen (19) Township Eight (8) South, Range One (1) East of the S. B. B. M.

    And also

    An Easement for road purposes granting ingress and egress over and through said Lot Three (3).

    And also

    The West One half ($\frac{1}{2}$) of the Southeast one fourth (1/4) of Lot Number Three (3) in Section Nineteen (19) of Township Eight (8) South, Range One (1) East, of S.B.B.M.

    And also

    An Easement for roadway purposes over a portion of said Lot three lying between the above described land and the State Highway for ingress and egress to the land of this defendant.

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

7364

This defendant further alleges that said Temecula River flows to and through said described property of this defendant, and the said described lands of this defendant are riparian to said Temecula River, and she alleges that to the extent that this defendant and plaintiff may own lands riparian to the Santa Margarita River, known in its upper reaches as the Temecula River, and its tributaries, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their said lands, respectively, or the tributaries which may enter said River upstream from their riparian lands when they need such waters for use upon such riparian lands and that said rights are correlative. This answering defendant further alleges that said rights to the reasonable use of the waters of said Santa Margarita River, Temecula River and the tributaries thereof are subject to and limited by the prior right of this defendant to take and use 100 miner's inches of the waters of Temecula River at her points of diversion therefrom, as hereinafter more particularly set forth. This defendant further alleges that said land overlies one of the underground basins adverted to above, and that said underground basin underlying said lands is separate and distinct from the underground basins underlying the lands of the plaintiff.

This defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining averments of said paragraph IX and therefore denies both generally and specifically each and all of the said allegations except as expressly admitted or expressly denied herein.

MABEL CLAUSEN
ATTORNEY AT LAW
220 FIRST TRUST BLDG.
PASADENA 1, CALIF.

       FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties described in its complaint, this defendant and her predecessors in interest have openly, notoriously, continuously, uninterruptedly and in hostility to any claim, ownership, title or interest of plaintiff and its predecessors in interest and under a claim of right taken from said Temecula River 100 miner's inches of water for domestic and irrigation uses and purposes and still continue so to do and has acquired the ownership of the right to use said water for said purposes, and does now have the right to take and use said 100 miner's inches of water from said Temecula River for said purposes, free and clear of and prior and paramount to any right or claim of right in and to said water by plaintiff.

       FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

       FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

------------------------------------------------------------
------------------------------------------------------------
------------------------------------------------------------

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

7366

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That she is the owner of the prior and paramount right to take and use 100 miner's inches of water of the Temecula River, which said right is prior and paramount to each and all of the claimed or alleged or asserted rights of plaintiff.

WHEREFORE, this defendant prays:

1. That plaintiff take nothing by reason of its action herein;

2. That the Court adjudge and decree that this defendant as against plaintiff is entitled to take 100 miner's inches of water from the Temecula River and that she is the owner of said right, free and clear of any claims, right, title or interest of plaintiff, and that plaintiff has no estate or interest therein or in any part thereof, and that plaintiff be forever debarred and enjoined from asserting any claim whatever in or to said water adverse to this defendant;

3. That the Court determine and declare the respective rights and duties of plaintiff and this defendant with respect to the use of water of the Santa Margarita River, Temecula River and its tributaries on their respective riparian lands and that it find and declare the use to which such water may be put on such lands;

4. That the defendant have her costs herein incurred and such other relief as to the Court may seem just and equitable.

Attorney for defendant, J. C. Patten.

-10-

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

7367

```
1  STATE OF CALIFORNIA )
                        ) SS.
2  COUNTY OF LOS ANGELES)
```

3   J. C. Patten, being by me first duly sworn, deposes and
4 says: That she is one of the defendants in the above entitled
5 matter, that she has read the foregoing ANSWER OF DEFENDANT, J. C.
6 PATTEN, and knows the contents thereof; and that the same is true
7 of her own knowledge, except as to the matters which are therein
8 stated upon information or belief, and as to those matters that
9 she believes it to be true.

11                                           _____/s/ J C Patten_____

13 Subscribed and sworn to before me
14 this 26th day of March, 1951.

16 _____
   Notary Public in and for said County and State.

MABEL CLAUSEN
ATTORNEY AT LAW
820 FIRST TRUST BLDG.
PASADENA 1, CALIF.

-11-

7368