(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40-  58
FALLBROOK, CALIFORNIA
PHONE 687



FILED

APR 30 1951

EDMUND L. SMITH, Clerk

By

DEPUTY CLERK

ATTORNEY FOR  Defendants Thomas H.
Crego, Dora M. Crego, Carolina
J. Lythner, Mark Gallacher and
Margaret Laurette Gallacher

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

      vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California,   Santa
Margarita Mutual Water Company, a
public service corporation of the
State of California, et al,

            Defendants.

No. 1247 - Civil

MOTION TO DISMISS, MOTION TO
STRIKE, AND FOR AN ORDER
DIRECTING PLAINTIFF TO FILE
A MORE DEFINITE STATEMENT,
BY DEFENDANTS THOMAS H. CREGO,
DORA M. CREGO, CAROLINA J.
LYTHNER, MARK GALLACHER AND
MARGARET LAURETTE GALLACHER.

COMES NOW the defendants THOMAS H. CREGO, sued herein as

Doe 102; DORA M. CREGO, sued herein as Doe 103; CAROLINA J. LYTHNER,

sued herein as Doe 187; MARK GALLACHER, sued herein as Doe 130; and

MARGARET LAURETTE GALLACHER, sued herein as Doe 131; defendants in

the above entitled cause, by W. B. Dennis, their attorney, and

appearing for themselves alone and not for any other co-defendants,

and move this court:

                I.

      To dismiss the action because the complaint fails to state

a claim against these defendants and each of them, upon which relief

can be granted.

               II.

      To strike from plaintiff's complaint the following allega-

117

tions:

A.  Those portions of the first paragraph of Paragraph II of plaintiff's complaint which read as follows: "...and vital to the national defense..." and "... in excess of $100,000,000 of federal funds have been expended in the development of those military establishments and the construction of the needed facilities to the end that those properties could be utilized for the military purposes for which they were acquired," on the grounds that they are redundant, immaterial and impertinent.

B.  All of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

C.  All of Sub-paragraphs A, B and C of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that they are redundant, immaterial and impertinent.

D.  Paragraph III of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

E.  Paragraph V of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

F.  Paragraph VI of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

G.  Paragraph VII of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

H.  That portion of Paragraph VIII of plaintiff's complaint which reads as follows: "... all of the water which was accorded to the Rancho Santa Margarita by the stipulated judgment is required to supply the requirements of Camp Pendleton, the U. S. Naval Hospital and the Naval Ammunition Depot, to meet the great demands arising from these military installations for military, agricultural and other needs.  The United States as against the defendants herein named, asserts that it has a paramount right to 35,000 acre feet of water annually from the Santa Margarita River...  For the purpose of

W. B. DENNIS

-2-

118

1  this cause, the United States of America, adopting the findings of

2  the Supreme Court of the State of California, accordingly claims that

3  the surface stream and subterranean basin constitute a single source

4  of supply of water.  During any period when the quantity of water ex-

5  ceeds the military demands described in this paragraph, it is util-

6  ized by the United States of America for agricultural purposes, as

7  it was historically used by the Rancho Santa Margarita, predecessor

8  in interest of the United States of America"... on the grounds that

9  it is redundant, immaterial and impertent.

10      I.  That portion of Paragraph IX of plaintiff's complaint

11  which reads as follows: "... and in complete disregard of the need of

12  the water in question for national defense..." on the grounds that

13  it is redundant, immaterial and impertinent.

14                            III.

15      Move the court for an order directing plaintiff to file a

16  more definite statement of the following matters, to-wit:

17      A.  A more definite description of the lands alleged to be

18  owned by the United States of America.

19      B.  A definite description of the lands which plaintiff

20  alleges to be riparian and the amount of acreage which plaintiff

21  alleges to be riparian to the Santa Margarita River.

22      C.  A more definite statement of the amount of water re-

23  quired for use on lands which are riparian to the Santa Margarita

24  River and the use to which said water is to be put by the plaintiff.

25      D.  Whether the plaintiff is claiming the right to use the

26  waters of the Santa Margarita River as a riparian owner, or as an

27  appropriator, or both.

28      The ground of the motion to make more certain is that the

29  above matters are not averred with sufficient definiteness or parti-

30  cularity to enable these defendants properly to prepare their answer

31  to plaintiff's complaint, in that it cannot be determined from plain-

32  tiff's complaint whether plaintiff claims to be entitled to the use

W. B. DENNIS

-3-

119

1 of 35,000 acre feet as a riparian owner, as an appropriator, or un-
2 der and by virtue of the stipulated judgment which is attached to
3 plaintiff's complaint as Exhibit "A", and that it cannot be deter-
4 mined by plaintiff's complaint whether plaintiff claims that it owns
5 135,000 acres of land riparian to the Santa Margarita River, or
6 whether it claims that only 38,739 acres of its lands are riparian
7 to the Santa Margarita River.

8
9                                    W. B. Dennis
                                    Attorney for the defendants
                                    THOMAS H. CREGO, DORA M. CREGO,
10                                   CAROLINA J. LYTHNER, MARK GALLACHER
                                    and MARGARET LAURETTE GALLACHER
11

12         To A. DEVITT VANECH, Assistant Attorney General; ERNEST A.
13 TOLIN, United States Attorney, Los Angeles, California; BETTY
14 MARSHALL GRADON, Assistant United States Attorney, San Diego, Cali-
15 fornia; WILLIAM H. VEEDER, Special Assistant to the Attorney General;
16 DAVID W. AGNEW, attorney for the Department of the Navy; Attorneys
17 for the plaintiff, UNITED STATES OF AMERICA: 325 West F Street, San
18 Diego 1, California:
19         PLEASE TAKE NOTICE that the undersigned defendants, THOMAS
20 H. CREGO, DORA M. CREGO, CAROLINA J. LYTHNER, MARK GALLACHER and
21 MARGARET LAURETTE GALLACHER, will bring the above motion on for
22 hearing before this court at Room _____ of the United States Court
23 House, 325 West F Street, San Diego, California, on the 9th day of
24 May, 1951, at the hour of 10 o'clock A.M. in the forenoon of that
25 day, or as soon thereafter as counsel can be heard.
26
27                                    W. B. Dennis
28                                   Attorney for the defendants
                                    THOMAS H. CREGO, DORA M. CREGO,
29                                   CAROLINA J. LYTHNER, MARK GALLACHER
                                    AND MARGARET LAURETTE GALLACHER
30
31
32

W. B. DENNIS

-4-

120