(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants Thomas H.
Crego, Dora M. Crego, Carolina
J. Lythner, Mark Gallacher and
Margaret Laurette Gallacher

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, Santa
Margarita Mutual Water Company, a
public service corporation of the
State of California, et al,

                Defendants.

No. 1247 - Civil

MEMORANDUM OF POINTS AND AUTHORITIES

IN SUPPORT OF DEFENDANTS THOMAS H. CREGO, DORA M. CREGO,

CAROLINA J. LYTHNER, MARK GALLACHER AND MARGARET LAURETTE

GALLACHER'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION

TO ORDER A MORE DEFINITE STATEMENT.

I.

A riparian owner's right to water in a stream is determined by three factors: first, the land upon which the water is to be used must lie within the water shed of the stream; second, the land upon which the water is to be used must be contiguous to or abut upon the stream; third, said land must have remained riparian to the stream through its entire chain of title. (Anaheim Mutual Water Co. vs. Fuller, 150 Cal. 327; Holmes vs. Nay, 186 Cal. 231; Rancho Santa

121

1  Margarita vs. Vail, 11 Cal. 2, 501.)

2                              II.

3      The riparian owner must be able to put the waters to a benefi-

4  cial use upon his lands which are riparian. (Sec. 3, Article 14 of

5  the Constitution of the State of California; Peabody vs. City of

6  Vallejo, 2 Cal. 2, 351.)

7                             III.

8      The plaintiff must describe the lands which are riparian to

9  the stream with particularity. (Title Insurance vs. Miller & Lux,

10  183 Cal. 71; Heinlen vs. Helbron, 71 Cal. 557.)

11                              IV.

12      The plaintiff must by appropriate allegations allege suffi-

13  cient facts to justify the requirement of the law that the lands de-

14  scribed in the complaint are riparian lands. (Silver Creek Etc. Co.

15  vs. Hayes, 113 Cal. 142)

16                              V.

17      The plaintiff must allege a definite quantity or amount of

18  water which plaintiff is putting or can put to a reasonable use on

19  lands which are riparian.  (Riverside vs. Gage, 89 Cal. 410)

20                              VI.

21      A party to an action is not bound by a judgment in a prior

22  proceeding, and the doctrine of res judicata does not operate as an

23  estoppel unless he was a party or privy to such action and the iden-

24  tical issues raised in the subsequent proceeding were determined

25  therein.  (Whitney vs. City Etc. of San Francisco, 52 Cal.Ap.2, 363.)

26                          Respectfully submitted,

27

28                          _____
                            W. B. Dennis
29                          Attorney for the defendants THOMAS
                            H. CREGO, DORA M. CREGO, CAROLINA J.
30                          LYTHNER, MARK GALLACHER and MARGARET
                            LAURETTE GALLACHER

31

32

W. B. DENNIS

122