LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40  58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants Frederick W. Freese, Addie J. Freese, Theodore Jennings, Janice B. Jennings, Ray Gird Peters, Gladys P. Peters, Leon P. Ludgate and Tacy W. Ludgate

(SPACE BELOW FOR FILING STAMP ONLY)





FILED
APR 30 1951
EDMOND L. SMITH, Clerk
_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )   No. 1247 - Civil
                          )
              Plaintiff,  )   MOTION TO DISMISS, MOTION TO
                          )   STRIKE, AND FOR AN ORDER
        vs.               )   DIRECTING PLAINTIFF TO FILE
                          )   A MORE DEFINITE STATEMENT,
FALLBROOK PUBLIC UTILITY DISTRICT, )   BY DEFENDANTS FREDERICK W.
a public service corporation of    )   FREESE, ADDIE J. FREESE,
the State of California, SANTA     )   THEODORE JENNINGS, JANICE B.
MARGARITA MUTUAL WATER COMPANY, a  )   JENNINGS, RAY GIRD PETERS,
public service corporation of the  )   GLADYS P. PETERS, LEON P.
State of California, et al,        )   LUDGATE AND TACY W. LUDGATE
                          )
              Defendants. )

    COMES NOW the defendants FREDERICK W. FREESE, sued herein as Doe 127, ADDIE J. FREESE, sued herein as Doe 128, THEODORE JENNINGS, sued herein as Doe 167, JANICE B. JENNINGS, sued herein as Doe 168, RAY GIRD PETERS, sued herein as Doe 220, GLADYS P. PETERS, sued herein as Doe 221, LEON P. LUDGATE, sued herein as Doe 184, and TACY W. LUDGATE, sued herein as Doe 185, defendants in the above entitled cause, by W. B. Dennis, their attorney, and appearing for themselves alone and not for any other co-defendants, and move this court:

I.

    To dismiss the action because the complaint fails to state a claim against these defendants and each of them, upon which relief can be granted.

II.

To strike from plaintiff's complaint the following allegations:

A. Those portions of the first paragraph of Paragraph II of plaintiff's complaint which read as follows: "...and vital to the national defense..." and "... in excess of $100,000,000 of federal funds have been expended in the development of those military establishments and the construction of the needed facilities to the end that those properties could be utilized for the military purposes for which they were acquired," on the grounds that they are redundant, immaterial and impertinent.

B. All of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

C. All of Sub-paragraphs A, B and C of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that they are redundant, immaterial and impertinent.

D. Paragraph III of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

E. Paragraph V of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

F. Paragraph VI of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

G. Paragraph VII of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

H. That portion of Paragraph VIII of plaintiff's complaint which reads as follows: "... all of the water which was accorded to the Rancho Santa Margarita by the stipulated judgment is required to supply the requirements of Camp Pendleton, the U. S. Naval Hospital and the Naval Ammunition Depot, to meet the great demands arising from these military installations for military, agricultural and other needs. The United States as against the defendants herein

named, asserts that it has a paramount right to 35,000 acre feet of water annually from the Santa Margarita River... For the purpose of this cause, the United States of America, adopting the findings of the Supreme Court of the State of California, accordingly claims that the surface stream and subterranean basin constitute a single source of supply of water. During any period when the quantity of water exceeds the military demands described in this paragraph, it is utilized by the United States of America for agricultural purposes, as it was historically used by the Rancho Santa Margarita, predecessor in interest of the United States of America"... on the grounds that it is redundant, immaterial and impertinent.

I.  That portion of Paragraph IX of plaintiff's complaint which reads as follows: "... and in complete disregard of the need of the water in question for national defense..." on the grounds that it is redundant, immaterial and impertinent.

III.

Move the court for an order directing plaintiff to file a more definite statement of the following matters, to-wit:

A. A more definite description of the lands alleged to be owned by the United States of America.

B. A definite description of the lands which plaintiff alleges to be riparian and the amount of acreage which plaintiff alleges to be riparian to the Santa Margarita River.

C. A more definite statement of the amount of water required for use on lands which are riparian to the Santa Margarita River and the use to which said water is to be put by the plaintiff.

D. Whether the plaintiff is claiming the right to use the waters of the Santa Margarita River as a riparian owner, or as an appropriator, or both.

The ground of the motion to make more certain is that the above matters are not averred with sufficient definiteness or particularity to enable these defendants properly to prepare their answer

1 to plaintiff's complaint, in that it cannot be determined from plain-
2 tiff's complaint whether plaintiff claims to be entitled to the use
3 of 35,000 acre feet as a riparian owner, as an appropriator, or un-
4 der and by virtue of the stipulated judgment which is attached to
5 plaintiff's complaint as Exhibit "A", and that it cannot be deter-
6 mined by plaintiff's complaint whether plaintiff claims that it owns
7 135,000 acres of land riparian to the Santa Margarita River, or
8 whether it claims that only 38,739 acres of its lands are riparian
9 to the Santa Margarita River.

                              W. B. Dennis
                              Attorney for the defendants FREDERICK M. FREESE, ADDIE J. FREESE, THEODORE JENNINGS, JANICE B. JENNINGS, RAY GIRD PETERS, GLADYS P. PETERS, LEON P. LUDGATE AND TACY W. LUDGATE.

15       To A. DEVITT VANECH, Assistant Attorney General; ERNEST A.
16 TOLIN, United States Attorney, Los Angeles, California; BETTY
17 MARSHALL GRADON, Assistant United States Attorney, San Diego, Calif-
18 fornia; WILLIAM H. VEEDER, Special Assistant to the Attorney General;
19 DAVIS W. AGENEW, attorney for the Department of the Navy; Attorneys
20 for the plaintiff, UNITED STATES OF AMERICA; 325 West F Street, San
21 Diego 1, California:
22       PLEASE TAKE NOTICE that the undersigned defendants, FREDERICK
23 M. FREESE, ADDIE J. FREESE, THEODORE JENNINGS, JANICE B. JENNINGS,
24 RAY GIRD PETERS, GLADYS P. PETERS, LEON P. LUDGATE and TACY W.
25 LUDGATE, will bring the above motion on for hearing before this
26 court at Room _____ of the United States Court House, 325 West F
27 Street, San Diego, California, on the 9th day of May, 1951, at the
28 hour of 10 o'clock A.M. in the forenoon of that day, or as soon
29 thereafter as counsel can be heard.

                              W. B. Dennis, Attorney for Defendants FREDERICK W. FREESE, ADDIE J. FREESE, THEODORE JENNINGS, JANICE B. JENNINGS, RAY GIRL PETERS, GLADYS P. PETERS, LEON P. LUDGATE and TACY W. LUDGATE