(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40- 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants Frederick W.
Freese, Addie J. Freese, Theodore
Jennings, Janice B. Jennings, Ray
Gird Peters, Gladys P. Peters,
Leon P. Ludgate and Tacy W. Ludgate

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

            Vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, SANTA
MARGARITA MUTUAL WATER COMPANY,
a public service corporation of
the State of California, et al,

                    Defendants.

No. 1247 - Civil

MOTION TO DISMISS, MOTION TO
STRIKE, AND FOR AN ORDER
DIRECTING PLAINTIFF TO FILE
A MORE DEFINITE STATEMENT, BY
DEFENDANTS FREDERICK W. FREESE
ADDIE J. FREESE, THEODORE
JENNINGS, JANICE B. JENNINGS,
RAY GIRD PETERS, GLADYS P.
PETERS, LEON P. LUDGATE AND
TACY W. LUDGATE.

MEMORANDUM OF POINTS AND AUTHORITIES

IN SUPPORT OF DEFENDANTS FREDERICK W. FREESE, ADDIE J.

FREESE, THEODORE JENNINGS, JANICE B. JENNINGS, RAY

GIRD PETERS, GLADYS P. PETERS, LEON P. LUDGATE AND

TACY W. LUDGATE'S MOTION TO DISMISS, MOTION TO STRIKE

AND MOTION TO ORDER A MORE DEFINITE STATEMENT.

I.

A riparian owner's right to water in a stream is determined
by three factors: first, the land upon which the water is to be used
must lie within the water shed of the stream; second, the land upon
which the water is to be used must be contiguous to or abut upon the
stream; third, said land must have remained riparian to the stream
through its entire chain of title. (Anaheim Mutual Water Co. vs.

127

1 <u>Fuller</u>, 150 Cal. 327; <u>Holmes vs. Nay</u>, 186 Cal. 231; <u>Rancho Santa</u>

2 <u>Margarita vs. Vail</u>, 11 Cal. 2, 501.)

3                                    II.

4          The riparian owner must be able to put the waters to a bene-

5 ficial use upon his lands which are riparian. (Sec. 3, Article 14 of

6 the Constitution of the State of California; <u>Peabody vs. City of</u>

7 <u>Vallejo</u>, 2 Cal. 2, 351.)

8                                    III.

9          The plaintiff must describe the lands which are riparian to

10 the stream with particularity. (<u>Title Insurance vs. Miller & Lux</u>,

11 183 Cal. 71; <u>Heinlen vs. Helbron</u>, 71 Cal. 557.)

12                                    IV.

13          The plaintiff must by appropriate allegations allege suffi-

14 cient facts to justify the requirement of the law that the lands de-

15 scribed in the complaint are riparian lands. (<u>Silver Creek Etc. Co.</u>

16 <u>vs. Hayes</u>, 113 Cal. 142)

17                                    V.

18          The plaintiff must allege a definite quantity or amount of

19 water which plaintiff is putting or can put to a reasonable use on

20 lands which are riparian.   (Riverside vs. Gage, 89 Cal. 410)

21                                    VI.

22          A party to an action is not bound by a judgment in a prior

23 proceeding, and the doctrine of res judicata does not operate as an

24 estoppel unless he was a party or privy to such action and the iden-

25 tical issues raised in the subsequent proceeding were determined

26 therein.   (<u>Whitney vs. City Etc. of San Francisco</u>, 52 Cal.Ap.2, 363).

27                                  Respectfully submitted,

28

29

30          W. B. Dennis, attorney for the de-
            fendants FREDERICK W. FREESE, ADDIE
            J. FREESE, THEODORE JENNINGS,
31          JANICE B. JENNINGS, RAY GIRD PETERS
            GLADYS P. PETERS, LEON P. LUDGATE
32          AND TACY W. LUDGATE.

W. B. DENNIS                         -2-