LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants CHARLES A. WEAVER, ZELA T. WEAVER, E. J. DURKAN and EDNA M. DURKAN

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
MAY 3 - 1951
EDMUND L. SMITH, Clerk
By [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                          )  No. 1247 - Civil
        Plaintiff,        )
                          )  MOTION TO DISMISS, MOTION TO
    vs.                   )  STRIKE, AND FOR AN ORDER
                          )  DIRECTING PLAINTIFF TO FILE
FALLBROOK PUBLIC UTILITY DISTRICT, )  A MORE DEFINITE STATEMENT,
a public service corporation of )  BY DEFENDANTS CHARLES A.
the State of California, SANTA )  WEAVER, ZELA T. WEAVER,
MARGARITA MUTUAL WATER COMPANY, )  E. J. DURKAN and EDNA M.
a public service corporation of )  DURKAN
the State of California, et al, )
                          )
        Defendants.       )

    COMES NOW the defendants CHARLES A. WEAVER, sued herein as Doe No. 259; ZELA T. WEAVER, sued herein as Doe No. 260; E. J. DURKAN, sued herein as Doe No. 111; and EDNA M. DURKAN, sued herein as Doe No. 112, defendants in the above entitled cause, by W. B. Dennis, their attorney, and appearing for themselves alone and not for any other co-defendants, and move this court:

I.

    To dismiss the action because the complaint fails to state a claim against these defendants and each of them, upon which relief can be granted.

II.

To strike from plaintiff's complaint the following allegations:

A. Those portions of the first paragraph of Paragraph II of plaintiff's complaint which read as follows: "...and vital to the national defense..." and "... in excess of $100,000,000 of federal funds have been expended in the development of those military establishments and the construction of the needed facilities to the end that those properties could be utilized for the military purposes for which they were acquired," on the grounds that they are redundant, immaterial and impertinent.

B. All of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

C. All of Sub-paragraphs A, B and C of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that they are redundant, immaterial and impertinent.

D. Paragraph III of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

E. Paragraph V of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

F. Paragraph VI of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

G. Paragraph VII of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

H. That portion of Paragraph VIII of plaintiff's complaint which reads as follows: "... all of the water which was accorded to the Rancho Santa Margarita by the stipulated judgment is required to supply the requirements of Camp Pendleton, the U. S. Naval Hospital and the Naval Ammunition Depot, to meet the great demands arising from these military installations for military, agricultural and other needs. The United States as against the defendants herein

named, asserts that it has a paramount right to 35,000 acre feet of water annually from the Santa Margarita River... For the purpose of this cause, the United States of America, adopting the findings of the Supreme Court of the State of California, accordingly claims that the surface stream and subterranean basin constitute a single source of supply of water.  During any period when the quantity of water exceeds the military demands described in this paragraph, it is utilized by the United States of America for agricultural purposes, as it was historically used by the Rancho Santa Margarita, predecessor in interest of the United States of America"... on the grounds that it is redundant, immaterial and impertinent.

    I.  That portion of Paragraph IX of plaintiff's complaint which reads as follows: "... and in complete disregard of the need of the water in question for national defense..." on the grounds that it is redundant, immaterial and impertinent.

### III.

Move the court for an order directing plaintiff to file a more definite statement of the following matters, to-wit:

    A.  A more definite description of the lands alleged to be owned by the United States of America.

    B.  A definite description of the lands which plaintiff alleges to be riparian and the amount of acreage which plaintiff alleges to be riparian to the Santa Margarita River.

    C.  A more definite statement of the amount of water required for use on lands which are riparian to the Santa Margarita River and the use to which said water is to be put by the plaintiff.

    D.  Whether the plaintiff is claiming the right to use the waters of the Santa Margarita River as a riparian owner, or as an appropriator, or both.

The ground of the motion to make more certain is that the above matters are not averred with sufficient definiteness or particularity to enable these defendants properly to prepare their answer

W. B. DENNIS

-3-

218

to plaintiff's complaint, in that it cannot be determined from plaintiff's complaint whether plaintiff claims to be entitled to the use of 35,000 acre feet as a riparian owner, as an appropriator, or under and by virtue of the stipulated judgment which is attached to plaintiff's complaint as Exhibit "A", and that it cannot be determined by plaintiff's complaint whether plaintiff claims that it owns 135,000 acres of land riparian to the Santa Margarita River, or whether it claims that only 38,739 acres of its lands are riparian to the Santa Margarita River.

*W. B. Dennis*
W. B. Dennis
Attorney for the defendants
CHARLES A. WEAVER, ZELA T. WEAVER,
E. J. DURKAN, and EDNA M. DURKAN

To A. DEVITT VANECH, Assistant Attorney General; ERNEST A. TOLIN, United States Attorney, Los Angeles, California; BETTY MARSHALL GRADON, Assistant United States Attorney, San Diego, California; WILLIAM H. VEEDER, Special Assistant to the Attorney General; DAVID W. AGNEW, attorney for the Department of the Navy; Attorneys for the plaintiff, UNITED STATES OF AMERICA: 325 West F Street, San Diego 1, California:

PLEASE TAKE NOTICE that the undersigned defendants, CHARLES A. WEAVER, ZELA T. WEAVER, E. J. DURKAN and EDNA M. DURKAN, will bring the above motion on for hearing before this court at Room ____ of the United States Court House, 325 West F Street, San Diego, California, on the 9th day of May, 1951, at the hour of 10 o'clock A.M. in the forenoon of that day, or as soon thereafter as counsel can be heard.

*W. B. Dennis*
W. B. Dennis
Attorney for the Defendants
CHARLES A. WEAVER, ZELA T. WEAVER
E. J. DURKAN and EDNA M. DURKAN

W. B. DENNIS

-4-

219

LAW OFFICES
W. B. DENNIS
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants CHARLES A. WEAVER, ZELA T. WEAVER, E. J. DURKAN and EDNA M. DURKAN

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California, et al,<br><br>        Defendants. | No. 1247 - Civil<br><br>MOTION TO DISMISS, MOTION TO STRIKE, AND FOR AN ORDER DIRECTING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT, BY DEFENDANTS CHARLES A. WEAVER, ZELA T. WEAVER, E. J. DURKAN AND EDNA M. DURKAN |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHARLES A. WEAVER, ZELA T. WEAVER, E. J. DURKAN AND EDNA M. DURKAN'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO ORDER A MORE DEFINITE STATEMENT.

I.

A riparian owner's right to water in a stream is determined by three factors: first, the land upon which the water is to be used must lie within the water shed of the stream; second, the land upon which the water is to be used must be contiguous to or abut upon the stream; third, said land must have remained riparian to the stream through its entire chain of title. (Anaheim Mutual Water Co. vs. Fuller, 150 Cal. 327; Holmes vs. Nay, 186 Cal. 231; Rancho Santa

```
 1  STATE OF CALIFORNIA  )
                          )SS.
 2  COUNTY OF SAN DIEGO  )
```

3       OSCAR A. SWANSON, being first duly sworn, deposes and says:
4       That affiant is a citizen of the United States and a resi-
5  dent of the County of San Diego; that affiant is over the age of
6  eighteen years, and is not a party to the within and above entitled
7  action. That affiant's business address is P. O. Box 698, Fallbrook,
8  California, and that on the 2nd day of May, 1951 affiant served the
9  within Motion to Dismiss, Motion to Strike and For An Order Directing
10 Plaintiff to File a More Definite Statement, on the plaintiff herein
11 by placing a true copy thereof, addressed to the attorneys of record
12 for said plaintiff at the office residences of said attorneys, to-wit:
13 A. DEVITT VANECH, ERNEST A. TOLIN, BETTY MARSHALL GRADON, WILLIAM H.
14 VEEDER, DAVID W. AGNEW, 325 West F Street, San Diego 1, California;
15 and by then sealing said envelope and depositing same, with postage
16 thereon fully prepaid, in the United States Post Office at Fallbrook,
17 California, where is located the office of the attorney for the person
18 by and for whom said service was made; that there is delivery service
19 by United States mail at the place so addressed, or there is regular
20 communication by mail between the place of mailing and the place so
21 addressed.

                                    *Oscar A. Swanson*
                                    OSCAR A. SWANSON

24 Subscribed and sworn to before me
25 this 2nd day of May, 1951.
   *Dorothy C. Cathrey*
26 Notary Public in and for said
27    County and State.

W. B. DENNIS

/4/

221

1 Margarita vs. Vail, 11 Cal. 2, 501.)

2 II.

3 The riparian owner must be able to put the waters to a beneficial use upon his lands which are riparian. (Sec. 3, Article 14 of the Constitution of the State of California; Peabody vs. City of Vallejo, 2 Cal. 2, 351.)

III.

The plaintiff must describe the lands which are riparian to the stream with particularity. (Title Insurance vs. Miller & Lux, 183 Cal. 71; Heinlen vs. Helbron, 71 Cal. 557.)

IV.

The plaintiff must by appropriate allegations allege sufficient facts to justify the requirement of the law that the lands described in the complaint are riparian lands. (Silver Creek Etc. Co. vs. Hayes, 113 Cal. 142)

V.

The plaintiff must allege a definite quantity or amount of water which plaintiff is putting or can put to a reasonable use on lands which are riparian. (Riverside vs. Gage, 89 Cal. 410)

VI.

A party to an action is not bound by a judgment in a prior proceeding, and the doctrine of res judicata does not operate as an estoppel unless he was a party or privy to such action and the identical issues raised in the subsequent proceeding were determined therein. (Whitney vs. City Etc. of San Francisco, 52 Cal. Ap. 2, 363.)

Respectfully submitted,

*W B Dennis*
W. B. Dennis
Attorney for the Defendants
CHARLES A. WEAVER, ZELA T. WEAVER,
E. J. DURKAN and EDNA M. DURKAN