LAW OFFICES
W. B. DENNIS
RT. 1, BOX 58
FALLBROOK, CALIFORNIA
PHONE 567

Attorney for: Defendants Carl W.
Olsen, Christine Marie Olsen,Harry
xxxxxxxxxxx I. Field, Mabel B.Field
Edward G. Helms,Lottie L.Helms,
Paul D. Mortz,Olive M.Mortz,Robert
L. Freeman, Frank A. Freeman and
Norma Freeman,Herman C.Pankonien,
Alma C.Pankonien, Ethel Russell

(SPACE BELOW FOR FILING STAMP ONLY)

FILED

MAY 3 - 1951

EDMUND L. SMITH, Clerk
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA,

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, SANTA<br>MARGARITA MUTUAL WATER COMPANY,<br>a public service corporation of<br>the State of California, et al,<br><br>Defendants. | No. 1247 - Civil<br><br>MOTION TO DISMISS, MOTION TO STRIKE, AND FOR AN ORDER DIRECTING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT, BY DEFENDANTS CARL W. OLSEN, CHRISTINE MARIE OLSEN, HARRY I. FIELD, MABEL B. FIELD, EDWARD G. HELMS, LOTTIE L. HELMS, PAUL D. MORTZ, OLIVE M. MORTZ, ROBERT L. FREEMAN, FRANK A. FREEMAN AND NORMA FREEMAN,HERMAN C.PANKONIEN, ALMA C.PANKONIEN, ETHEL RUSSELL |

COMES NOW the defendants CARL W. OLSEN, sued herein as Doe
214, CHRISTINE MARIE OLSEN, sued herein as Doe 215, HARRY I. FIELD,
sued herein as Doe 120, MABEL B. FIELD, sued herein as Doe 121,
EDWARD G. HELMS, sued herein as Doe 157, LOTTIE L. HELMS, sued here-
in as Doe 158, PAUL D. MORTZ, sued herein as Doe 211, OLIVE M. MORTZ,
sued herein as Doe 212, ROBERT L. FREEMAN, sued herein as Doe 133 ,
FRANK A. FREEMAN, sued herein as Doe 125, and NORMA FREEMAN, sued
herein as Doe 126, HERMAN C. PANKONIEN, sued herein as Doe 216, ALMA
C. PANKONIEN, sued herein as Doe 217, and ETHEL RUSSELL, sued herein
as Doe 230, defendants in the above entitled cause, by W. B. Dennis,
their attorney, and appearing for themselves alone and not for any
other co-defendants, and move this court:

I.

To dismiss the action because the complaint fails to state a claim against these defendants and each of them, upon which relief can be granted.

II.

To strike from plaintiff's complaint the following allegations:

A.  Those portions of the first paragraph of Paragraph II of plaintiff's complaint which read as follows: "...and vital to the national defense..." and "... in excess of $100,000,000 of federal funds have been expended in the development of those military establishments and the construction of the needed facilities to the end that those properties could be utilized for the military purposes for which they were acquired," on the grounds that they are redundant, immaterial and impertinent.

B.  All of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

C.  All of Sub-paragraphs A, B and C of the second paragraph of Paragraph II of plaintiff's complaint, on the grounds that they are redundant, immaterial and impertinent.

D.  Paragraph III of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

E.  Paragraph V of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

F.  Paragraph VI of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

G.  Paragraph VII of plaintiff's complaint, on the grounds that it is redundant, immaterial and impertinent.

H.  That portion of Paragraph VIII of plaintiff's complaint which reads as follows: "... all of the water which was accorded to

W. B. DENNIS

-2-

210

the Rancho Santa Margarita by the stipulated judgment is required to supply the requirements of Camp Pendleton, the U. S. Naval Hospital and the Naval Ammunition Depot, to meet the great demands arising from these military installations for military, agricultural and other needs.  The United States as against the defendants herein named, asserts that it has a paramount right to 35,000 acre feet of water annually from the Santa Margarita River... For the purpose of this cause, the United States of America, adopting the findings of the Supreme Court of the State of California, accordingly claims that the surface stream and subterranean basin constitute a single source of supply of water.  During any period when the quantity of water exceeds the military demands described in this paragraph, it is utilized by the United States of America for agricultural purposes, as it was historically used by the Rancho Santa Margarita, predecessor in interest of the United States of America"... on the grounds that it is redundant, immaterial and impertinent.

I.   That portion of Paragraph IX of plaintiff's complaint which reads as follows: "... and in complete disregard of the need of the water in question for national defense..." on the grounds that it is redundant, immaterial and impertinent.

III.

Move the court for an order directing plaintiff to file a more definite statement of the following matters, to-wit:

A.   A more definite description of the lands alleged to be owned by the United States of America.

B.   A definite description of the lands which plaintiff alleges to be riparian and the amount of acreage which plaintiff alleges to be riparian to the Santa Margarita River.

C.   A more definite statement of the amount of water required for use on lands which are riparian to the Santa Margarita River and the use to which said water is to be put by the plaintiff.

W. B. DENNIS

211

1      D.  Whether the plaintiff is claiming the right to use the

2  waters of the Santa Margarita River as a riparian owner, or as an

3  appropriator, or both.

4      The ground of the motion to make more certain is that the

5  above matters are not averred with sufficient definiteness or parti-

6  cularity to enable these defendants properly to prepare their answer

7  to plaintiff's complaint, in that it cannot be determined from plain-

8  tiff's complaint whether plaintiff claims to be entitled to the use

9  of 35,000 acre feet as a riparian owner, as an appropriator, or un-

10  der and by virtue of the stipulated judgment which is attached to

11  plaintiff's complaint as Exhibit "A", and that it cannot be deter-

12  mined by plaintiff's complaint whether plaintiff claims that it owns

13  135,000 acres of land riparian to the Santa Margarita River, or

14  whether it claims that only 38,739 acres of its lands are riparian

15  to the Santa Margarita River.

*W B. Dennis*

W. B. Dennis
Attorney for the defendants CARL W.
OLSEN, CHRISTINE MARIE OLSEN, HARRY
I. FIELD, MABEL B. FIELD, EDWARD G.
HELMS, LOTTIE L. HELMS, PAUL D. MORTZ
OLIVE M. MORTZ, ROBERT L. FREEMAN,
FRANK A. FREEMAN AND NORMA FREEMAN,
HERMAN C. PANKONIEN, ALMA C.PANKONIEN
AND ETHEL RUSSELL.

22      To A. DEVITT VANECH, Assistant Attorney General; ERNEST A.

23  TOLIN, United States Attorney, Los Angeles, California; BETTY

24  MARSHALL GRADON, Assistant United States Attorney, San Diego, Cali-

25  fornia; WILLIAM H. VEEDER, Special Assistant to the Attorney General;

26  DAVIS W. AGNEW, Attorney for the Department of the Navy; Attorneys

27  for the plaintiff, UNITED STATES OF AMERICA: 325 West F Street, San

28  Diego 1, California:

29      PLEASE TAKE NOTICE that the undersigned defendants, CARL W.

30  OLSEN, CHRISTINE MARIE OLSEN, HARRY I. FIELD, MABEL B. FIELD, EDWARD

31  G. HELMS, LOTTIE L. HELMS, PAUL D. MORTZ, OLIVE M. MORTZ, ROBERT L.

32  FREEMAN, FRANK A. FREEMAN, NORMA FREEMAN, HERMAN C. PANKONIEN, ALMA

W. B. DENNIS

-4-

1  C. PANKONIEN and ETHEL RUSSELL, will bring the above motion on for

2  hearing before this court at Room _____ of the United States Court

3  House, 325 West F Street, San Diego, California, on the 9th day of

4  May, 1951, at the hour of 10 o'clock A.M. in the forenoon of that

5  day, or as soon thereafter as counsel can be heard.

                                 W.B. Dennis

                                   W. B. Dennis
                             Attorney for the defendants CARL W.
                             OLSEN, CHRISTINE MARIE OLSEN, HARRY I.
                             FIELD, MABEL B. FIELD, EDWARD G. HELMS,
                             LOTTIE L. HELMS, PAUL D. MORTZ, OLIVE
                             M. MORTZ, ROBERT L. FREEMAN, FRANK A.
                             FREEMAN, NORMA FREEMAN, HERMAN C.
                             PANKONIEN, ALMA C. PANKONIEN and ETHEL
                             RUSSELL.

W. B. DENNIS

213

(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 557

ATTORNEY FOR Defendants Carl W.
Olsen, Christine Marie Olsen,
Harry Field, Mabel B. Field et als

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

      vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, a public service
corporation of the State of
California, SANTA MARGARITA
MUTUAL WATER COMPANY, a public
service corporation of the State
of California, et al,

             Defendants.

No. 1247 - Civil

MOTION TO DISMISS, MOTION TO
STRIKE, AND FOR AN ORDER DIRECTING
PLAINTIFF TO FILE A MORE DEFINITE
STATEMENT, BY DEFENDANTS CARL W.
OLSEN, CHRISTINE MARIE OLSEN,
HARRY I. FIELD, MABEL B. FIELD,
EDWARD G. HELMS, LOTTIE L. HELMS,
PAUL D. MORTZ, OLIVE M. MORTZ,
ROBERT L. FREEMAN, FRANK A. FREEMAN
NORMA FREEMAN, HERMAN C. PANKONIEN
ALMA C. PANKONIEN, ETHEL RUSSELL

MEMORANDUM OF POINTS AND AUTHORITIES

    IN SUPPORT OF DEFENDANTS CARL W. OLSEN, CHRISTINE MARIE

OLSEN, HARRY I. FIELD, MABEL B. FIELD, EDWARD G. HELMS,

LOTTIE L. HELMS, PAUL D. MORTZ, OLIVE M. MORTZ, ROBERT

L. FREEMAN, FRANK A. FREEMAN, NORMA FREEMAN, HERMAN C.

PANKONIEN, ALMA C. PANKONIEN, and ETHEL RUSSELL'S

MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO ORDER

A MORE DEFINITE STATEMENT.

I.

    A riparian owner's right to water in a stream is determined

by three factors: first, the land upon which the water is to be used

must lie within the water shed of the stream; second, the land upon

6

214

1 which the water is to be used must be contiguous to or abut upon the
2 stream; third, said land must have remained riparian to the stream
3 through its entire chain of title. (Anaheim Mutual Water Co. vs.
4 FUller, 150 Cal.327; Holmes vs.Nay, 186 Cal.231; Rancho Santa
5 Margarita vs. Vail, 11 Cal. 2, 501.)

6                                  II.

7         The riparian owner must be able to put the waters to a bene-
8 ficial use upon his lands which are riparian. (Sec. 3, Article 14 of
9 the Constitution of the State of California; Peabody vs. City of
10 Vallejo, 2 Cal. 2, 351.)

11                                 III.

12         The plaintiff must describe the lands which are riparian to
13 the stream with particularity. (Title Insurance vs. Miller & Lux,
14 183 Cal. 71; Heinlen vs. Helbron, 71 Cal. 557.)

15                                  IV.

16         The plaintiff must by appropriate allegations allege suffi-
17 cient facts to justify the requirement of the law that the lands de-
18 scribed in the complaint are riparian lands. (Silver CreekEtc. Co.
19 vs. Hayes, 113 Cal. 142)

20                                   V.

21         The plaintiff must allege a definite quantity or amount of
22 water which plaintiff is putting or can put to a reasonable use on
23 lands which are riparian.  (Riverside vs. Gage, 89 Cal. 410)

24                                  VI.

25         A party to an action is not bound by a judgment in a prior
26 proceeding, and the doctrine of res judicata does not operate as an
27 estoppel unless he was a party or privy to such action and the iden-
28 tical issues raised in the subsequent proceeding were determined
29 therein. (Whitney vs. City Etc. of San Francisco,52 Cal.Ap.2, 363)

30                           Respectfully submitted,

31                           _W B Dennis_
                             _____
32                           W. B. Dennis, attorney for defendants
                             Carl W. Olsen, Christine Marie Olsen,
                             Harry I. Field, Mabel B. Field et als

W. B. DENNIS                 -2-

                                                       215

1  STATE OF CALIFORNIA  )
                        )SS.
2  COUNTY OF SAN DIEGO  )

3         OSCAR A. SWANSON, being first duly sworn, deposes and says:

4         That affiant is a citizen of the United States and a resi-

5  dent of theCounty of San Diego; that affiant is over the age of

6  eighteen years, and is not a party to the within and above entitled

7  action.  That affiant's business address is P. O. Box 698, Fallbrook,

8  California, and that on the 2nd day of May, 1951 affiant served the

9  within Motion to Dismiss, Motion to Strike, and For An Order Direct-

10  ing a More Definite Statement, on the plaintiff herein by placing a

11  true copy thereof, addressed to the attorneys of record for said

12  plaintiff at the office residences of said attorneys, to-wit:

13  A. DEVITT VANECH, ERNEST A. TOLIN, BETTY MATSHALL GRADON, WILLIAM H.

14  VEEDER, DAVID W. AGNEW, 325 West F Street, San Diego 1, California;

15  and by then sealing said envelope and depositing same, with postage

16  thereon fully prepaid, in the United States Post Office at Fallbrook,

17  California, where is located the office of the attorney for the per-

18  sons by and for whom said service was made; that there is delivery

19  service by United States mail at the place so addressed, or there is

20  regular communication by mail between the place of mailing and the

21  place so addressed.

22                                    _Oscar A. Swanson_
23                                    OSCAR A. SWANSON

24  Subscribed and sworn to before me

25  this 2nd day of May, 1951.

26  _Dorothy C. Carbery_
    Notary Public in and for said
27      County and State.

28

29

30

31

32

W. B. DENNIS

8