1  C. T. Vincent & Merton G. Wray
2  156 North Greenleaf
3  P. O. Box 649
4  Whittier, California
5  Telephone: OXford 431-24
6  Attorneys for answering Defendants
      Roscoe L. Warren and
7     Iris D. Warren



8              UNITED STATES DISTRICT COURT
9                      for the
10           SOUTHERN DISTRICT OF CALIFORNIA
11                 SOUTHERN DIVISION
12                      Civil Action File No. 1247-Civ.

13 UNITED STATES OF AMERICA,           )  ANSWER OF DEFENDANTS
14                     Plaintiff,      )  ROSCOE L. WARREN, sued
                                       )  herein as Doe Two
15       vs.                           )  Hundred Fifty-five, and
                                       )  IRIS D. WARREN, sued
16 FALLBROOK PUBLIC UTILITY DISTRICT,  )  herein as Doe Two Hun-
   a public service corporation of    )  dred Fifty-six.
17 the State of California, et al.,    )
                                       )
18                     Defendants.     )

19     The defendants ROSCOE L. WARREN and IRIS D. WARREN, answer-
20 ing plaintiff's complaint herein for themselves only, admit,
21 deny and allege:
22                          I
23     These answering defendants deny that the destruction of the
24 underground basin of water described in paragraph IV of said
25 complaint now is, or ever has been, threatened because of en-
26 croachments made by these defendants or either of them, and
27 denye: that the destruction of said underground basin is or evor
28 has been threatened by reason of the intrusion of salt water
29 resulting from the encroachment of these defendants or either
30 of them, and these answering defendants deny that encroachments
31 on the part of them or either of them reduced the quantity of
32 water available to the United States of America from said

-1-

F

7369

subterranean source, and deny that there has been a reduction in the flow of the Santa Margarita River through the encroachment of these defendants, as set forth and alleged in Paragraph IV of said complaint.

## II

These answering defendants deny that the action or agreement of the parties to the stipulated judgment pleaded in the complaint and made a part thereof by reference thereto, allocated all of the water of said Temecula-Santa Margarita River, and deny that all of said water, or the usufructuary right thereto, was allotted or determined by said judgment, as set forth in Paragraph V of the complaint.

## III

These answering defendants deny that plaintiff has, as against these answering defendants, a paramount right to 35,000 acre feet of water annually from the Santa Margarita River, and deny that when the quantity of water in said river exceeds the military demands described in said paragraph VIII it is all used by the United States of America for agricultural purposes, and that it was so used by the Rancho Santa Margarita, as set forth in Paragraph VIII of said complaint. As to the other allegations contained in said Paragraph VIII, these answering defendants have no knowledge or information sufficient to enable them to answer the same, and basing their answer upon this ground, deny the same.

## IV

Answering Paragraph IX of said complaint, these answering defendants deny each and every allegation contained therein.

### SECOND ANSWER AND SEPARATE DEFENSE

As a further answer and separate defense to said complaint, these answering defendants allege:

-2-

7370

F

I

2  That these answering defendants are the owners of, and in
3  possession of, the following described real property situated
4  in the County of San Diego, State of California, to-wit:
5  PARCEL 1:
6      That portion of the East Half of the West Half
7  of Section 4, Township 9 South, Range 3 West, San
8  Bernardino Meridian, in the County of San Diego,
9  State of California, described as follows:
10      Beginning at the Southwest corner of the
11  Northeast Quarter of the Southwest Quarter of
12  said Section 4; thence along the South line of
13  said Northeast Quarter of Southwest Quarter
14  North 89° 32' 20" East 1359.58 feet to the
15  Southeast corner of said Northeast Quarter of
16  Southwest Quarter; thence along the East line of
17  said Northeast Quarter of Southwest Quarter
18  North 1° 18' 40" East 902.72 feet; thence North
19  87° 19' 30" West 255.51 feet; thence North 65°
20  42' West 380.55 feet; thence North 33° 18' East
21  410.00 feet; thence North 60° 18' West 1095.78
22  feet to the West line of said East Half of West
23  Half of Section 4; thence along said West line
24  South 1° 29' 50" West 1968.26 feet to the point
25  of beginning;
26      EXCEPTING THEREFROM that portion thereof
27  conveyed to L. L. Bass, a married man, by deed
28  recorded in Book 2812, page 81 of Official
29  Records, described as follows: Beginning at the
30  Southwest corner of said Northeast Quarter of
31  Southwest Quarter; thence along the South line
32  of said Northeast Quarter of Southwest Quarter

-3-

7371

F

North 89° 32' 20" East 1359.58 feet to the Southeast corner of said Northeast Quarter of Southwest Quarter; thence along the east line of said Northeast Quarter of Southwest Quarter North 1°18' 40" East 450.56 feet; thence North 77° 10' 50" West 1086.33 feet; thence South 88° 30' West 292.52 feet to the West line of said Northeast Quarter of Southwest Quarter; thence along said West line South 1° 29' 50" West 695.01 feet to the point of beginning.

PARCEL 2:

All that portion of the Northeast Quarter of the Southwest Quarter of Section 4, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, described as follows:

Beginning at a point in the East line of said Northeast Quarter, distant North 1° 18' 40" East 902.72 feet from the Southeast corner of said Northeast Quarter, which point of beginning is the Northeast corner of the tract of land conveyed by Peters to Woodward by deed recorded in Book 1650, page 461 of Official Records of said County; thence along the Northerly line of said tract of Woodward North 87° 19' 30" West 255.51 feet; thence North 39° 36' East 345.40 feet; thence North 25° 26' East 101.37 feet to said East line of said Northeast Quarter; thence thereon South 1° 18' 40" West 369.70 feet to the point of beginning.

PARCEL 3:

The North Half of the Southeast Quarter of Section 4, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California.

## II

That defendants said real property above described is riparian to said Temecula-Santa Margarita River.

## III

That water for irrigation and domestic purposes has been used from said Temecula-Santa Margarita River upon the riparian land of these defendants continuously for a long period of time by successive owners of said lands, commencing long before plaintiffs acquired said Rancho Santa Margarita, and for a long period of time before the judgment pleaded in Paragraphs V and VI of plaintiff's complaint was rendered; that the owners of defendants said real property at the time the action in which said judgment was rendered were not parties to said action, and the riparian rights of these answering defendants, as riparian owners, were not and are not in any way affected by said judgment.

## THIRD ANSWER AND SEPARATE DEFENSE

For a third answer and separate defense to said complaint, these answering defendants allege:

## I

These answering defendants reallege and incorporate herein by reference thereto, Paragraphs I and II of their second answer and separate defense.

## II

That for a long time before plaintiff acquired title to said Rancho Santa Margarita divers former owners of defendants' said riparian real property used water continuously from said Temecula-Santa Margarita River in the irrigation of said riparian lands and for domestic purposes to the knowledge of the owners of said Rancho Santa Margarita, who acquiesced in such use and made no objection thereto, and by reason of said fact plaintiff in equity and good conscience is and should be estopped from asserting any right to the water of said Temecula-Santa Margarita River superior to the riparian rights of these defendants.

1  WHEREFORE, these answering defendants pray that said action
2  be dismissed as to these answering defendants, and that they
3  have judgment for their costs of suit herein expended

C. T. VINCENT & MERTON G. WRAY

By *C. T. Vincent*
Attorneys for Answering
Defendants Roscoe L. Warren
and Iris D. Warren

STATE OF CALIFORNIA } ss.
County of Los Angeles }

ROSCOE L. WARREN ........................................................ being first duly sworn, on oath says:

That he is ...one of the answering defendants and his co-defendant
IRIS D. WARREN
................................................................................................................in the foregoing and above
entitled action; that he has read the within...Answer of Defendants Roscoe L. Warren and Iris D. Warren
and knows the contents thereof; and that the same is true of h....is.... own knowledge except as to
the matters and things therein stated on h...is.... information or belief, and that as to those matters
and things he believes it to be true.

SUBSCRIBED AND SWORN to before me this
1 day of ~~April~~ May, 1951.

Roscoe L. Warren

Myrtle Kahlmeyer
Notary Public in and for said county and state.
[SEAL]

Myrtle Kahlmeyer
My Commission expires Oct. 10, 1954

F

7375