1
2
3   WALTER T. DICKEY and ETHEL L. DICKEY,
    5228 Eagle Rock Boulevard,
4   Los Angeles 41, California
    Phone: ALbany 4732,
5
    Defendants - In Pro. Per.
6



FILED

MAY 7 - 1951

EDMUND L. SMITH, Clerk
By /s/ _____
        DEPUTY CLERK

7
8           IN THE UNITED STATES DISTRICT COURT
9         IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10                      SOUTHERN DIVISION
11  UNITED STATES OF AMERICA,        )
12              Plaintiff            )   No. 1247
13      vs.                          )
                                     )   ANSWER OF DEFENDANTS WALTER T. DICKEY
14  FALLBROOK PUBLIC UTILITY DIS-    )   AND ETHEL L. DICKEY TO COMPLAINT.
    TRICT, et al.,                   )
15                                   )
            Defendants.
16  _____

17      COMES NOW Walter T. Dickey and Ethel L. Dickey, named as defendants in the
18  above action by the United States of America to quiet title as to its rights to
19  the use of water in the Santa Margarita River, and make answer to the complaint
20  on file in said action as follows:
21                                   I.
22      That these answering defendants are husband and wife and that they are the
23  owners of two contiguous parcels of real property located in the County of San
24  Diego, State of California, more particularly described as follows:
25          PARCEL 1:  All that portion of the Northwest Quarter of the
26          Northwest Quarter of Section Seven, Township Nine South, Range
27          3 West, San Bernardino Meridian, described as follows:
28          Commencing at the Northwest corner of said Northwest Quarter;
29          thence East along the North line of said Northwest Quarter of
30          the Northwest Quarter, 1022 feet; thence at right angles South
31          to a point in the South line of said Northwest Quarter of the
32          Northwest Quarter; thence West along said South line to the

1  Southwest corner thereof; thence North along the West line
2  of said Northwest Quarter of the Northwest Quarter to the
3  point of commencement.
4  PARCEL 2: Lot Two of Section Seven, Township Nine South,
5  Range Three West of the San Bernardino Meridian; according
6  to United States Government Survey approved September 11, 1879.

That Parcel 1 above described contains approximately 31.93 acres and Parcel 2 above contains approximately 40 acres and the two parcels have a common boundary line constituting the southerly boundary of Parcel 1 and a portion of the northern boundary of Parcel 2. The Santa Margarita River flows through both of said Parcels--entering Parcel 1 along the easterly boundary thereof and flowing in a general northwesterly direction across the greater portion of said Parcel, after which the river turns south and flows in a general southerly direction through the westerly portion of said Parcel until it enters Parcel 2 above and then flows in a general southwesterly direction across the northwesterly portion of Parcel 2. Both of said Parcels are riparian to said Santa Margarita River and these defendants own and claim full riparian rights to the use of water on said land from said river and its basin for domestic and agricultural purposes.

II.

That the land of these defendants above described is located about two miles upstream from the point where the Santa Margarita River enters the lands of the Santa Margarita Rancho. That the riparian rights incident to the lands of these defendants as above described have never been diminished or adjudicated in any legal proceeding or otherwise, to the best of defendants knowledge and belief, and defendants further allege that said riparian rights were not adjudicated or affected by the legal action or judgment referred to in Paragraph V of Plaintiff's complaint, (a copy of said judgment being annexed as Exhibit A thereto). These defendants further allege that the Santa Margarita River and its basin form the only source of water for domestic and agricultural use on their property, which consists in all of approximately 71.93 acres and considerably more than half of which is capable of and adapted to practical and profitable irrigation.

For these as well as other reasons the riparian rights appurtenant to the property of the defendants are invaluable and any action which would prevent the exercise of said rights would render defendants' land and improvements thereon worthless.

### III.

More specifically answering the allegations set forth in plaintiff's complaint on file herein, these defendants allege that they do not possess information or belief sufficient to enable them to answer any of the allegations contained in Paragraphs I, II, III, IV, V, VI, VII and VIII of said complaint, and, basing their denial on that ground, deny each and all of the allegations in said paragraphs contained.

### IV.

Answering Paragraph IX of plaintiff's complaint, these defendants deny that they have acted in direct violation or disregard of the rights of the United States of America in diverting water from said Santa Margarita River and further deny each and all of the other allegations contained in said paragraph. Further answering said paragraph IX, these defendants allege that any use they have made of water from said river has been a lawful use thereof in the exercise of their riparian rights appurtenant to their land as above stated.

WHEREFORE these answering defendants pray that plaintiff be awarded no relief on its complaint as against these defendants, and further pray that this Court recognize and adjudicate the riparian rights of these defendants to the use of water from said Santa Margarita River as the same are appurtenant to their land herein described, and for all further and proper relief.

DATED: May 4, 1951

*Walter T. Dickey*
*Ethel L. Dickey*

Page 3.

7378

STATE OF CALIFORNIA }
COUNTY OF LOS ANGELES } SS

Walter T. Dickey and Ethel L. Dickey being by me first duly sworn, deposes and says: That they are two of the parties defendant in the above entitled matter, that they have read the foregoing Answer to Complaint and knows the contents thereof; and that the same is true of their own knowledge, except as to the matters which are therein stated upon information or belief, and as to those matters that she believes it to be true.

Subscribed and sworn to before me this 4 day of May 19 51.

Walter T. Dickey
Ethel L. Dickey

Notary Public in and for the County of Los Angeles, State of California

( NOTARIAL SEAL )

### AFFIDAVIT OF SERVICE BY MAIL (C.C.P. 1013a)

STATE OF CALIFORNIA }
COUNTY OF LOS ANGELES } SS

Beverly Alstrom being sworn says that he is a citizen of the United States, over 18 years of age, a resident of Los Angeles County, and not a party to the within action. That affiant's business address is 2869 Colorado Boulevard, Los Angeles 41, California.

That affiant served a copy of the attached Answer upon attorneys for plaintiff in said action, Assistant United States Attorney by placing said copy in an envelope addressed to Ernest A. Tolin, U.S. Attorney, and Betty Marshall Graydon at their office address 325 West "F" Street, Room 321, San Diego, California, which envelope was then sealed and postage fully prepaid thereon, and thereafter was on May 4, 1951, deposited in the mail at Los Angeles, California. That there is either delivery service by United States mail at the place so addressed or regular communication by mail between the place of mailing and the place so addressed.

SUBSCRIBED AND SWORN to before me this 4 day of May 19 51.

Beverly Alstrom

Clarence Dee
Notary Public in and for the County of Los Angeles, State of California
(SEAL)

7379