|    |    |
|----|----|
| 1  | SWING, SCHARNIKOW & STANIFORTH |
| 2  | ATTORNEYS AT LAW<br>604 SAN DIEGO TRUST & SAVINGS BUILDING<br>SAN DIEGO 1, CALIFORNIA |
| 3  | FRANKLIN 9-1131 |

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**

MAY 27 1951

EDMUND L. SMITH, Clerk

By /s/ _____ DEPUTY CLERK

Attorneys for Fallbrook Public Utility District, a public service Corporation.

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff | ) | No. 1247 - Civ. |
| -vs- | ) | ANSWER OF FALLBROOK PUBLIC UTILITY DISTRICT, a public service Corporation. |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | ) |  |
| Defendants. | ) |  |

Comes now the Defendant FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, and separating itself from the other defendants, alleges, denies and admits as follows:

FIRST DEFENSE

I.

This Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy" and therefore denies said allegation.

II.

Answering Paragraph I of the Complaint, this Defendant

7392

denies that it has unlawfully interfered with the rights of the United States of America; admits the allegations in said Paragraph I contained except as herein denied.

III.

Answering Paragraph II of the Complaint, this Defendant admits that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph but this Defendant is informed and believes, and therefore alleges the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to this Defendant, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV.

Answering Paragraph III of the Complaint this Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and therefore denies all the allegations of said paragraph. However, this Defendant alleges that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative or effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining

1 forts, magazines, arsenals, dockyards and other needful buildings
2 thereon and was not intended to, and in fact did not, extend to the
3 thousands of acres of land occupied, used and devoted to commercial
4 farming by private persons which this Defendant is informed and
5 believes to be the fact ever since the government acquired said
6 land.

V.

9    Answering Paragraph IV of the Complaint, this Defendant
10 does not have sufficient knowledge, information or belief to enable
11 it to answer the allegations therein to the effect that salt water
12 intrusion from the Pacific Ocean threatens the destruction of said
13 basin or that two wells have been destroyed by reason of/that intru-
14 sion. This defendant admits that the Santa Margarita River
15 traverses a portion of the property of plaintiff but alleges that
16 it is a non-navigable stream. Admits that in the dry season of the
17 year the surface stream customarily and ordinarily disappears at a
18 point on the lands of the United States at approximately eight miles
19 from the ocean sinking into the sands and gravel of its bed and
20 channel. That later it reappears as a surface stream two or three
21 miles below, thence flowing as a surface stream but diminishing in
22 volume to its confluence with tidewater. This Defendant alleges
23 that at various other points and places above Plaintiff's said
24 property the river disappears as a surface stream and sinks into
25 the sands and gravels of one or more of the numerous basins which
26 exist underneath each of the valleys which are found along the
27 said river and along its several tributaries before said river
28 enters the property of Plaintiff. Alleges that no portion of any
29 of these basins form any part of the basin or basins which under-
30 lie Plaintiff's said property nor do any part of these basins
31 underlie any portion of Plaintiff's said property. This Defendant
32 denies that it has in anyway encroached upon any rights which

-3-

7394

Plaintiff may have or by its alleged encroachment, threatens a destruction of the basin referred to in said Complaint. Denies that the activities of this Defendant have in anyway encroached upon or through its alleged encroachments upstream, it has reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of this Defendant. Denies that any acts of this Defendant has damaged any rights or property of Plaintiff. Defendant alleges that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which Plaintiff's wells are located, or if it is true that two of Plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of Defendant nor brought about through its alleged encroachment upstream but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of Plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed through Southern California. Furthermore Defendant is informed and believes, and therefore alleges the fact to be that Plaintiff's injury, or threatened injury, was brought about principally as the direct result of Plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a

whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above", this Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore denies each and every one of said allegations.

VI.

Answering Paragraph V of the Complaint, this Defendant admits the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but alleges that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11C(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as Exhibit "A". This Defendant denies that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. This Defendant denies that it, or its predecessor in interest, was a party to said suit or to said Stipulation and denies that any of the rights of this defendant in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. This Defendant alleges that it is not bound in any way by said Stipulated Judgment, nor are its rights limited or controlled by it. That this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and

-5-

7396

therefore denies each and all the said other allegations.

VII.

Answering Paragraph VI of the Complaint, this Defendant admits that Plaintiff is the successor in interest of the Rancho Santa Margarita but denies that it is entitled to or can claim, as against this Defendant, all rights, titles, interest, and privileges purported to have been given to said Rancho Santa Margarita by the said stipulated judgment or that Plaintiff is entitled to or can claim, as against this Defendant, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is riparian to said Santa Margarita River, which amount of water is, under present conditions, as this Defendant is informed and believes and therefore alleges the fact to be, not to exceed 2,620 acre-feet per annum.

VIII.

Answering Paragraph VII of the Complaint, this Defendant alleges that it is without knowledge and information sufficient to form a belief as to the truth of the allegations therein contained and therefore denies each and all of the allegations of said paragraph.

IX.

Answering Paragraph VIII of the Complaint, this Defendant denies that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore denies each and all of the other allegations of said

-6-

7397

paragraph not herein specifically admitted.

X.

Answering Paragraph IX of the Complaint, this Defendant denies that it has made any diversions from the Santa Margarita River in violation of rights of the United States of America; denies that this Defendant by reason of its diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; denies that it has repeatedly or at all, through overt acts or otherwise, displayed its disregard for the rights of the United States of America or has declared claims in contravention of the rights of the United States of America. This Defendant denies that its rights were acquired subsequent to the rights of the United States; denies that this Defendant has asserted that its rights were or are paramount to the rights of the United States except this Defendant admits that it has asserted that its rights were and are paramount in part, and subordinate in part, to the rights of the United States of America and admits that its rights to the waters of said Santa Margarita River are subordinate to Plaintiff's rights to that amount of water which is, or may be, reasonably and actually required by it for riparian uses and purposes on its riparian lands, which amount at the present time, as this Defendant is informed and believes, does not exceed 2,620 acre-feet per annum but that as to all other rights, or claims of rights, of plaintiff to the use of the waters of said river, this Defendant alleges that such rights are subordinate to this Defendant's right to take such amounts of water as may be reasonably required to meet its needs up to 11,800 acre-feet per annum; denies that it has proceeded to encroach upon, or now is encroaching upon, or threatens to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot.

-7-

7398

Alleges that but for Plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and this Defendant.  This Defendant alleges that there exists in said river and basin on Plaintiff's said property and at the point where this Defendant diverts its water, a surplus or excess of water over and above the amount necessary to supply Plaintiff's reasonable actual legal requirements.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph IX contained and therefore denies both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

FOR A FURTHER SECOND AND SEPARATE DEFENSE THIS DEFENDANT ALLEGES:

I.

The Defendant, FALLBROOK PUBLIC UTILITY DISTRICT is, and at all times since the year 1922, has been, a duly organized and established public utility district, incorporated and existing under and by virtue of the laws of the State of California, located in the northerly portion of San Diego County, State of California.

II.

That ever since the year 1922 the FALLBROOK PUBLIC UTILITY DISTRICT has been engaged in the public utility business of supplying irrigation and domestic water to the lands located within its boundaries and to the people living thereon.  That within the

boundaries of said District is the unincorporated town of Fallbrook to the inhabitants, residences and businesses of which community, the District supplies municipal water. That there are more than 8,000 acres within said District of which approximately 4,500 acres are planted to orchards and various crops. That the town of Fallbrook and said District have an estimated population of 5,000 people and that according to the last assessed valuation of the County of San Diego, said lands and improvements therein had an assessed valuation of $2,699,690. That the lands within the District are situated within a semi arid region of the State of California and the orchards and crops growing on said lands could not exist without regular and frequent irrigation and only a few of the people living within the District could continue to live there without the importation of the greater part of their water from outside sources.

III.

That the local water supply, available within the boundaries of said District, is wholly inadequate to supply the needs and requirements of the lands within the boundaries of the District and the people living thereon and said land and said people are dependent upon said District to import practically the entire supply of water from outside sources. That the Santa Margarita River is one of the principal sources of supply of water for the lands within the Fallbrook Public Utility District and for the people living thereon and it would be impossible for said District to supply the reasonable requirements of said lands and the people living thereon with water without the supply now being obtained from the Santa Margarita River.

IV.

That this Defendant is the owner of a right to appropriate

-9-

7400

and take water from said Santa Margarita River for use within said District and it has been taking said water under said right ever since the year 1922. That the right of this Defendant to take water from the said Santa Margarita River for municipal, irrigation and domestic uses within said District up to 1800 acre feet per annum is prior and paramount to any rights of Plaintiff to said waters. That this Defendant is the owner of an additional right to appropriate and take water from said Santa Margarita River up to 10,000 acre feet per annum, which said right is subordinate to the right of Plaintiff to take an amount of water from said river which is or may be reasonably and actually required by it for riparian uses and purposes on that portion of its said lands which are riparian to said river which amount, as this Defendant is informed and believes, does not exceed 2,620 acre-feet per annum. That as to all other rights and claims of Plaintiff for other uses and purposes, this Defendant's said rights are prior and paramount thereto.

FOR A FURTHER THIRD AND SEPARATE DEFENSE THIS DEFENDANT ALLEGES:

I.

The Defendant, FALLBROOK PUBLIC UTILITY DISTRICT is, and at all times since the year 1922 has been, a duly organized and established public utility distrist incorporated and existing under and by virtue of the laws of the State of California, and is located in the northerly portion of San Diego County, State of California.

II.

That ever since the year 1922, the FALLBROOK PUBLIC UTILITY DISTRICT has been engaged in the public utility business of supplying irrigation and domestic water to the lands located within its boundaries and to the people living thereon. That from the beginning, in order to serve its lands and people, the District has

-10-

7401

imported large quantities of water from the Colorado River, San Luis Rey River and Santa Margarita River and has sold and distributed the water for use on the more than 8000 acres embraced within the boundaries of the district. That approximately 1500 acres of the total lands within the District so supplied with said imported water lie within the Santa Margarita River Watershed. That the water so imported is distributed to and used upon most of said lands and a substantial portion of said water seeps down into and percolates along through the underground strata of land, gravel and decomposed granite underlying said lands and thence traveling down grade through and along said underground strata said waters reach the underground basin underlying the property of plaintiff described in this Complaint and from which it alleges it secures its principal source of water.

III.

This Defendant alleges that at all times it has delivered and does deliver back into the Santa Margarita River watershed for distribution and used within said watershed, a much greater amount of water than it has taken out or does take out of said Santa Margarita River and that a greater amount of water is returned to said River and said basin as a result of this Defendant's activities than that which it diverts therefrom. That the water in said river and basin has been increased and not diminished by this Defendant's activities and Plaintiff has not been and cannot be injured or damaged by this Defendant's diversions from the said Santa Margarita River.

FOR A FURTHER FOURTH AND SEPARATE DEFENSE THIS DEFENDANT ALLEGES:

I.

That said purported cause of action set forth in Plaintiff's Complaint herein is barred by the provisions of Section 318, 319,

-11-

7402

1  336 and 338(2) of the Code of Civil Procedure of the State of
2  California.
3           WHEREFORE this Defendandant prays:
4  1.   That Plaintiff take nothing by its action.
5  2.   That this Honorable Court adjudge and decree that this
6       Defendant is, as against Plaintiff, the owner and has the
7       paramount right to appropriate, divert and take from the
8       Santa Margarita River, 1800 acre-feet per annum for
9       municipal, irrigation, domestic and other beneficial uses
10      within the boundaries of the District; and this Defendant
11      is, as against Plaintiff, the owner of and has the addi-
12      tional right to appropriate, divert and take from the
13      Santa Margarita River, up to 10,000 acre-feet per annum
14      for municipal, irrigation, domestic and other beneficial
15      uses within the boundaries of said District, which said
16      additional right is subordinate only to the right of Plain-
17      tiff to take an amount of water from said river which is
18      or may be reasonably and actually required by it for
19      riparian uses and purposes on that portion of its lands
20      which are actually riparian to said river and that as to all
21      other rights and claims of Plaintiff for other uses and
22      purposes, this Defendant's said rights are paramount thereto.
23 3.   That this Honorable Court determine and decree the respec-
24      tive rights and duties of Plaintiff and this Defendant with
25      respect to the use of water of the Santa Margarita River
26      and its tributaries.
27 4.   That this Defendant have judgment for its costs incurred
28      herein and for such other and further relief as may to
29      the Court seem meet and proper.

30  Rec'd Copy of above
31  answer this 28 day
32  of May 1951
    Betty Marshall Naylor
    Ass't U S Atty

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendant
Fallbrook Public Utility District

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1181