LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40   58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR....Defendants JOSEPH H.

MAYES and LYDIA C. HAYES

(SPACE BELOW FOR FILING STAMP ONLY)

# FILED

MAY 29 1951

EDMUND L. SMITH, Clerk

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al,

        Defendants.

No. 1247 - Civil

ANSWER OF
JOSEPH H. HAYES AND
LYDIA C. HAYES

COMES NOW the defendants JOSEPH H. HAYES, sued herein as
Doe No. 153, and LYDIA C. HAYES, sued herein as Doe No. 154, and
appearing for themselves alone, and not for any other defendant
herein, by way of Answer to plaintiff's complaint, admit, deny and
allege as follows, to-wit:

### FIRST DEFENSE

    1.  Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph I of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein, except
that these defendants admit that the United States of America insti-
tuted the above entitled action for the purpose of having its rights
to the use of water in the Santa Margarita River, a natural stream,
and its tributaries, declared by the court and to have the court
quiet its titles to such rights and enjoin the defendants from inter-

7475

95

1 fering with plaintiff's rights as declared by the court.

2      2.  Allege that they are without knowledge or information

3 sufficient to form a belief as to the truth of the allegations con-

4 tained in Paragraph II of plaintiff's complaint, and therefore deny

5 each and every allegation, matter and fact contained therein, except

6 that these defendants admit that Camp Joseph H. Pendleton, located

7 near Oceanside, California, the United States Ammunition Depot, lo-

8 cated near Fallbrook, California, and the United States Naval Hospi-

9 tal, located at Camp Joseph H. Pendleton, are located in the Counties

10 of San Diego and Orange in the State of California, and are military

11 establishments maintained by the United States of America, and that

12 the United States of America claims to own title to said property in

13 fee simple.

14      3.  Allege that they are without knowledge or information

15 sufficient to form a belief as to the truth of the allegations con-

16 tained in Paragraph III of plaintiff's complaint, and therefore deny

17 each and every allegation, matter and fact contained therein.

18      4.  For answer to Paragraph IV of plaintiff's complaint,

19 these defendants and each of them deny each and every allegation,

20 matter and fact contained therein, except that these defendants admit

21 that the Santa Margarita River is one source of supply of water fur-

22 nished and used by Camp Joseph H. Pendleton, the Naval Ammunition

23 Depot, and the United States Naval Hospital.  Admit that said river,

24 which is known in its upper reaches as the Temecula River, and also

25 known as the Temecula-Santa Margarita River, is a non-navigable stream

26 of fresh water which rises near or on the northerly slope of Palomar

27 Mountain in San Diego County, California, and proceeds in a generally

28 westerly direction for a distance of approximately eighteen miles,

29 where it crosses the boundary of Riverside County and enters San Diego

30 County, at which point it continues in a generally southwesterly di-

31 rection across San Diego County until it empties into the Pacific

32 Ocean.  Admit that said river and its tributaries flow partly on the

W.B.Dennis

-2-

7476

96

surface and partly under the surface, in well-defined channels.

These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean.  Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source.  Deny that any acts of these answering defendants or either of them have damaged in any way any rights or property of plaintiff.

5.   These defendants deny each and every allegation contained in the allegations set forth in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry

W.B.Dennis

7477

97

Vail, executrix of the estate of William Banning Vail, Deceased, De-
fendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold,
executors of the Will of Murray Schloss, Deceased, and Philip Playtor,
interveners, which action was tried in said Superior Court and re-
sulted in a judgment for plaintiff, which judgment was subsequently
reversed by the Supreme Court of the State of California, and that
thereafter the parties to said action entered into a stipulated judg-
ment, which judgment purportedly adjudicated the rights of the par-
ties in that action to the use of waters of the Santa Margarita
River, and in this respect these defendants allege that they were
not parties to said action and that they are not privies to any par-
ties named in said action or said judgment, and that they are not
bound by said stipulated action or any part thereof or the findings
of fact or conclusions of law entered in said action.

    6.   Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegation con-
tained in Paragraph VI of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein.

    7.   Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph VII of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein.

    8.   Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph VIII of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein, except
that these answering defendants and each of them specifically deny
that the plaintiff has a paramount right to any water or waters from
the Santa Margarita River or any tributary thereof, and deny that
plaintiff has any rights in and to the waters of the Santa Margarita
River or any tributary thereof other than that which may accrue to
plaintiff by virtue of its ownership of land which is riparian to

W.B.Dennis

-4-

7478

98

1  the Santa Margarita River.

2      9.  For answer to Paragraph IX of plaintiff's complaint,
3  these defendants and each of them deny each and every allegation
4  contained in said Paragraph IX and specifically deny that they have
5  in any way violated any rights of plaintiff as therein alleged or at
6  all.  Admit that they have asserted and do now assert that their
7  rights in and to the use of water produced or extracted from the
8  lands hereinafter described are paramount to the rights of plaintiff
9  and deny that said rights were acquired subsequent to or with full
10 knowledge of the rights of the United States of America or its pred-
11 ecessors in interest.  Admit and allege that these defendants own
12 lands located within the water shed of the Santa Margarita River and
13 its tributaries, and that they claim rights in and to the waters of
14 said stream.  Deny that these answering defendants or either of them
15 have encroached upon or are encroaching upon or threaten to encroach
16 upon any rights of plaintiff.  Deny that these defendants or either
17 of them have made any diversion or diversions of the water of the
18 Santa Margarita River upstream from Camp Pendleton, or at all, but
19 admit that their right to produce or extract water from, under or
20 upon the land owned by these defendants is paramount to the rights
21 of the United States of America.

22          FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

23      These answering defendants, JOSEPH H. HAYES, sued herein
24 as Doe No. 153, and LYDIA C. HAYES, sued herein as Doe No. 154, are
25 now and at the commencement of this action and for a long time here-
26 tofore were the owners of as joint tenants, and entitled to posses-
27 sion of approximately 123 acres located in the County of San Diego,
28 State of California, described as follows, to-wit:

29      East Half of the Southeast Quarter of the Northeast
        Quarter, EXCEPT the North 30 feet thereof; and the
30      Southeast Quarter of the Northeast Quarter of the
        Southeast Quarter and the Northeast Quarter of the
31      Northeast Quarter of the Southeast Quarter of Section
        6, Township 9 South, Range 3 West; and the West Half
32      of the Southwest Quarter and the Southwest Quarter of

W.B.Dennis                          -5-

7479

99

the Northwest Quarter of Section 5, Township 9 South, Range 3 West, San Bernardino Base and Meridian; EXCEPT that property conveyed by deed executed by Joseph H. Hayes and Lydia C. Hayes as Grantor to Lincoln J. M. Hoffman, recorded in the Office of the County Recorder of San Diego County on the 1st day of December, 1950.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

W.B.Dennis

-6-

7480

1   That the cause of action set forth in plaintiff's com-
2   plaint is barred by Sec. 319 of the Code of Civil Procedure of the
3   State of California.

4   <u>FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE</u>

5   That at the time of the commencement of this action there
6   was and there now is an application on file with the State of Cali-
7   fornia Department of Public Works, Division of Water Resources, made
8   and filed by the United States of America on the 30th day of June,
9   1948, which application is numbered 12576, wherein said United States
10  of America asked for permission to divert from a point of diversion
11  located on the Northwest 1/4 of the Northwest 1/4 of Section 32,
12  Township 9 South, Range 4 West, San Bernardino Base and Meridian,
13  165,000 acre feet of water from the Santa Margarita River.  That said
14  application has never been withdrawn or dismissed, and that the same
15  is still pending before the Division of Water Resources, and that
16  these defendants and each of them have the right to be heard on said
17  application, and that the rights of the United States of America to
18  divert waters from said river are contingent upon a permit being
19  issued by said Division of Water Resources, other than such water as
20  said United States of America may use upon its riparian land for
21  riparian uses.

22  WHEREFORE these answering defendants pray that the plain-
23  tiff take nothing by this action, and that by decree of this court
24  it be adjudged and decreed that these defendants, JOSEPH H. HAYES,
25  sued herein as Doe No. 153, and LYDIA C. HAYES, sued herein as Doe
26  No. 154, are the owners of and entitled to possession of the above
27  described real property with the right to produce and extract any
28  and all waters from said real property needed for domestic use and
29  for agricultural use on said real property, and to take and divert
30  any and all waters of the Santa Margarita River for domestic use or
31  for agricultural use on said real property, and that said plaintiff
32  and all persons claiming under said plaintiff be forever barred from

W.B.Dennis

-7-

7481

1 asserting any right, title, interest or estate in or to said real
2 property and in and to any and all waters which may be produced
3 therefrom, and in and to any and all waters which may be taken or ex-
4 tracted from the Santa Margarita River or its tributaries thereof
5 for use on said real property, adverse to these defendants or either
6 of them, and that the plaintiff be restrained and enjoined from
7 asserting any such claims, and that these answering defendants and
8 each of them have such further relief as the court may deem meet and
9 equitable, and that these answering defendants recover their costs
10 herein incurred and expended.

W. B. DENNIS, Attorney for
Defendants JOSEPH H. HAYES and
LYDIA C. HAYES

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

W.B.Dennis

7482