LAW OFFICES
W. B. DENNIS
RT. 1, BOX 40- 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants LINCOLN J.M. HOFFMAN and EVELYN R. HOFFMAN

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
MAY 29 1951
EDMUND L. SMITH, Clerk
By .................................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
              Plaintiff, )
vs.                       )   No. 1247 - Civil
FALLBROOK PUBLIC UTILITY DISTRICT, )   ANSWER OF
a public service corporation of )   LINCOLN J. M. HOFFMAN AND
the State of California, et al, )   EVELYN R. HOFFMAN
              Defendants. )

COMES NOW the defendants LINCOLN J. M. HOFFMAN, sued herein as Doe No. 162, and EVELYN R. HOFFMAN, sued herein as Doe No. 163, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, admit, deny and allege as follows, to-wit:

FIRST DEFENSE

1. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

7467

87

  2. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

  3. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

  4. For answer to Paragraph IV of plaintiff's complaint, this defendant denies each and every allegation, matter and fact contained therein, except that this defendant admits that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admits that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admits that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. This defendant further admits

W.B.Dennis            -2-         7468

the Will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect this defendant alleges that he was not party to said action and that he is not privy to any parties named in said action or said judgment, and that he is not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

  6. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VI of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

  7. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

  8. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this answering defendant specifically denies that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and denies that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than that which may accrue to plaintiff by virtue of its ownership of land which is riparian to the Santa Margarita River.

  9. For answer to Paragraph IX of plaintiff's complaint, this defendant denies each and every allegation contained in said

W.B.Dennis

-4-

7470

Paragraph IX and specifically denies that he has in any way violated any rights of plaintiff as therein alleged or at all. Admits that he has asserted and does now assert that his rights in and to the use of water produced or extracted from the lands hereinafter described are paramount to the rights of plaintiff and denies that said rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. Admits and alleges that this defendant owns lands located within the water shed of the Santa Margarita River and its tributaries, and that he claims rights in and to the waters of said stream. Denies that this answering defendant has encroached upon or is encroaching upon or threatens to encroach upon any rights of plaintiff. Denies that this defendant has made any diversion or diversions of the water of the Santa Margarita River upstream from Camp Pendleton, or at all, but admits that his right to produce or extract water from, under or upon the land owned by this defendant is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

This answering defendant, LINCOLN J. M. HOFFMAN, sued herein as Doe No. 162, is now and at the commencement of this action and for a long time heretofore was the owner of and entitled to possession of approximately 27 acres located in the County of San Diego, State of California, described as follows, to-wit:

> Those portions of the Northwest Quarter of the Southwest Quarter of Section 5, the Northeast Quarter of the Southeast Quarter and the Southeast Quarter of the Northeast Quarter of Section 6, all in Township 9 South, Range 3 West, San Bernardino Meridian in the County of San Diego, State of California, according to United States Government Survey approved September 11, 1879, described as a whole as follows:
> Beginning at the Southwest corner of said Northwest Quarter of Southwest Quarter; thence along the South line of said Northwest Quarter of Southwest Quarter South 88° 49' 37" East 250 feet; thence North 22° 17' East 452.48 feet; thence North 1° 38' East 245.28 feet; thence North 9° 12' 30" West 147.83 feet; thence North 21° 19' West 100 feet; thence North 50° 53' West 100 feet; thence North 65° 18' 30" West 100 feet; thence South 84° 39' West 100 feet; thence South 51° 12' West

W.B.Dennis

-5-

7471

112.28 feet; thence South 29° 56' 30" West 26.65 feet; thence North 88° 17' West 231.40 feet; thence North 5° 11' 20" East 615.55 feet; thence North 85° 57' 50" West 305.13 feet; thence South 37° 37' 40" West 237.80 feet to that point in the West line of the East Half of said Southeast Quarter of Northeast Quarter of Section 6, which is distant along said West line North 1° 10' West 27.18 feet from the Northwest corner of said East Half of Northeast Quarter of Southeast Quarter of said Section 6; thence along said West line South 1° 10' West 27.18 feet to said Northwest corner of the East Half of said Northeast Quarter of Southeast Quarter of Section 6; thence along the West line of the East Half of said Northeast Quarter of Southeast Quarter, South 1° 03' 40" West 1335.84 feet to the South line of said Northeast Quarter of Southeast Quarter; thence along said South line North 89° 06' 40" East 651.04 feet to the point of beginning.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, and for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to this answering defendant, but that said claims of said plaintiff are without any right whatsoever, and that this defendant is entitled to the use of all waters which he may now or which he may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that this defendant owns lands riparian to the Santa Margarita River and its tributaries that he has the right to the reasonable use of the waters thereof and such of its tributaries as may flow through his lands or the tributaries which may enter said river upstream from his lands, and that said right is correlative with the rights of plaintiff.

W.B.Dennis

-6-

7472

92

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that this defendant has the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE this answering defendant prays that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that this defendant, LINCOLN J. M. HOFFMAN sued herein as Doe No. 162, is the owner of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use and for agricultural use on said real property, and to

W.B.Dennis

-7-

7473

take and divert any and all waters of the Santa Margarita River or its tributaries for domestic use or for agricultural use on said real property, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property and in and to any and all waters which may be produced therefrom, and in and to any and all waters which may be taken or extracted from the Santa Margarita River or its tributaries thereof for use on said real property, adverse to this defendant, and that the plaintiff be restrained and enjoined from asserting any such claims, and that this answering defendant have such further relief as the court may deem meet and equitable, and that this answering defendant recover his costs herein incurred and expended.

W. B. DENNIS, Attorney for
Defendant LINCOLN J. M. HOFFMAN