LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants CHARLES RAYMOND COBB and WINIFRED CHERRY COBB

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
MAY 29 1951
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,

    Defendants.

No. 1247 - Civil

ANSWER OF CHARLES RAYMOND COBB AND WINIFRED CHERRY COBB

  COMES NOW the defendants CHARLES RAYMOND COBB, sued herein as Doe No. 100, and WINIFRED CHERRY COBB, sued herein as Doe No. 101, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, admit, deny and allege as follows, to-wit:

### FIRST DEFENSE

  1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries declared by the court, and to have the court quiet its titles to such rights and enjoin the defendants from inter-

7451

71

1  fering with plaintiff's rights as declared by the court.

2. Allege they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific

Ocean. Admit that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source. Deny that any acts of these answering defendants or any of them have damaged in any way any rights or property of plaintiff.

    5. These defendants deny each and every allegation contained in the allegations set forth in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail,

1  executor of the estate of Margaret R. Vail, Deceased, and Laura Perry
2  Vail, executrix of the estate of William Banning Vail, Deceased, De-
3  fendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold,
4  executors of the Will of Murray Schloss, Deceased, and Philip Playtor,
5  interveners, which action was tried in said Superior Court and re-
6  sulted in a judgment for plaintiff, which judgment was subsequently
7  reversed by the Supreme Court of the State of California, and that
8  thereafter the parties to said action entered into a stipulated judg-
9  ment, which judgment purportedly adjudicated the rights of the par-
10 ties in that action to the use of waters of the Santa Margarita
11 River, and in this respect these defendants allege that they were
12 not parties to said action and that they are not privies to any par-
13 ties named in said action or said judgment, and that they are not
14 bound by said stipulated action or any part thereof or the findings
15 of fact or conclusions of law entered in said action.
16      6. Allege that they are without knowledge or information
17 sufficient to form a belief as to the truth of the allegation con-
18 tained in Paragraph VI of plaintiff's complaint, and therefore deny
19 each and every allegation, matter and fact contained therein.
20      7. Allege that they are without knowledge or information
21 sufficient to form a belief as to the truth of the allegations con-
22 tained in Paragraph VII of plaintiff's complaint, and therefore deny
23 each and every allegation, matter and fact contained therein.
24      8. Allege that they are without knowledge or information
25 sufficient to form a belief as to the truth of the allegations con-
26 tained in Paragraph VIII of plaintiff's complaint, and therefore deny
27 each and every allegation, matter and fact contained therein, except
28 that these answering defendants and each of them specifically deny
29 that the plaintiff has a paramount right to any water or waters from
30 the Santa Margarita River or any tributary thereof, and deny that
31 plaintiff has any rights in and to the waters of the Santa Margarita
32 River or any tributary thereof other than that which may accrue to

-4-

W. B. DENNIS

plaintiff by virtue of its ownership of land which is riparian to the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, these defendants and each of them deny each and every allegation contained in said Paragraph IX, and specifically deny that they have in any way violated any rights of plaintiff as therein alleged or at all. Deny that any of these answering defendants' rights were acquired subsequent to the rights of plaintiff or its predecessor in interest, the Rancho Santa Margarita, a corporation. Deny that these answering defendants or any of them have encroached upon or are encroaching upon or threaten to encroach upon any rights of plaintiff. Deny that these defendants or either of them have made any diversion or diversions of the water of the Santa Margarita River upstream from Camp Pendleton, or at all, but admit that their right to produce or extract water from, under or upon the land owned by these defendants is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. These answering defendants, CHARLES RAYMOND COBB, sued herein as Doe No. 100, and WINIFRED CHERRY COBB, sued herein as Doe No. 101, are now and at the commencement of this action and for a long time heretofore were the owners of and entitled to possession of approximately 2.23 acres of land located in the County of San Diego, State of California, being a portion of Lot 4 in Section 19, Township 9 South, Range 3 West, San Bernardino Base and Meridian.

2. That said land does not lie in the watershed of the Santa Margarita River or any tributary thereof. That said land lies in the watershed of the San Luis Rey River. That said land does not abut upon nor is it traversed by the Santa Margarita River or any tributary thereof. That said land does not overlie any underground basin which extends under or into the watershed of said Santa Margarita River or any tributary thereof, but said land overlies a body of decomposed granite and blue granite which is fractured and faulted,

W. B. DENNIS

-5-

7455

in the watershed of the San Luis Rey River, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults in the general direction of said San Luis Rey River. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property. That the property of these answering defendants also lies within the boundaries of the Fallbrook Public Utility District, a public utility district organized under the Public Utility District act of 1921, and that these defendants are informed and believe and therefore allege that said Fallbrook Public Utility District has heretofore secured a permit from the Division of Water Resources of the State of California to extract water from said Santa Margarita River and transport said waters to the lands located within the boundaries of said Fallbrook Public Utility District, and that the defendants herein claim to have the rights to use any and all of such waters as may be delivered to them by the Fallbrook Public Utility District for use upon their lands described herein. That the plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever, and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract from said real property for beneficial use on said real property, and to use on their said lands any and all waters which may be delivered by the Fallbrook Public Utility District to these defendants and which have been extracted and transported from the Santa Margarita River by said Fallbrook Public Utility District.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's com-

W. B. DENNIS

7458

1 plaint is barred by Sec. 318 of the Code of Civil Procedure of the
2 State of California.

### FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

WHEREFORE these answering defendants pray that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that these defendants, CHARLES RAYMOND COBB, sued herein as Doe No. 100, and WINIFRED CHERRY COBB, sued herein as Doe No. 101, are the owners of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use and for agricultural use on said real property, and the right to use any and all waters delivered to these defendants by the Fallbrook Public Utility District which may have been taken or diverted from the Santa Margarita River, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in and to said real property and in and to any and all waters which may be produced therefrom, adverse to these defendants or either of them, and that the plaintiff be restrained and enjoined from asserting any such claims, and that these answering defendants and each of them have such further relief as the court may deem just and equitable, and that these answering defendants recover their costs herein incurred and expended.

W. B. DENNIS, attorney for
Defendants CHARLES RAYMOND COBB
and WINIFRED CHERRY COBB