```
                LAW OFFICES
1              W. B. DENNIS
              RT. 1, BOX 40- 58
2            FALLBROOK, CALIFORNIA
                  PHONE 587
3
4   ATTORNEY FOR  Defendants PAUL D.
5   MORTZ and OLIVE M. MORTZ
```



FILED

MAY 29 1951

EDMUND L. SMITH, Clerk

By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
)
  Plaintiff,
)
vs.
)   No. 1247 - Civil
)
FALLBROOK PUBLIC UTILITY DISTRICT,   )   ANSWER OF
a public service corporation of      )   PAUL D. MORTZ  AND
the State of California, et al,      )   OLIVE M. MORTZ
)
  Defendants.
)

COMES NOW the defendants PAUL D. MORTZ, sued herein as Doe No. 211, and OLIVE M. MORTZ, sued herein as Doe No. 212, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, deny and allege as follows, to-wit:

### FIRST DEFENSE

1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from inter-

7443

fering with plaintiff's rights as declared by the court.

2. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admit that said river and its tributaries flow partly on the

surface and partly under the surface, in well-defined channels. These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source. Deny that any acts of these answering defendants or either of them have damaged in any way any rights or property of plaintiff.

    5. These defendants deny each and every allegation contained in the allegations set forth in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry

W.B.Dennis      -3-      7445   65

Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect these defendants allege that they were not parties to said action and that they are not privies to any parties named in said action or said judgment, and that said action did not involve the use of water used upon or appurtenant to the lands of these defendants, and that they are not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these answering defendants and each of them specifically deny that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and deny that plaintiff has any rights in and to the waters of the Santa Margarita

River or any tributary thereof other than a correlative right accruing to plaintiff by virtue of its ownership of that land which is riparian to the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, these defendants and each of them deny each and every allegation contained in said Paragraph IX, and specifically deny that they have in any way violated any rights of plaintiff as therein alleged or at all. These defendants admit that they have asserted and do now assert that their rights to the use of water produced and extracted from their lands hereinafter described is paramount to the rights of plaintiff and that their rights to the use of water produced or extracted from the Santa Margarita River and its tributaries is paramount in some respects and correlative in other respects to the rights of the United States of America, and deny that such rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. These defendants allege that they own lands upstream from those of plaintiff, located in the watershed of the said Santa Margarita River and certain tributaries thereof, and admit that they claim rights in and to the waters of said river and its tributaries. Deny that any of these answering defendants' rights were acquired subsequent to the rights of plaintiff or its predecessor in interest, the Rancho Santa Margarita, a corporation. Deny that these answering defendants or either of them have encroached upon or are encroaching upon or threaten to encroach upon any rights of plaintiff. Admit that these defendants and either of them have diverted and are diverting the water of the Santa Margarita River upstream from Camp Pendleton, and allege that their right to produce or extract water from, under or upon the land owned by these defendants is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. These answering defendants, PAUL D. MORTZ, sued herein

W.B.Dennis

-5-

7447

as Doe 211, and OLIVE M. MORTZ, sued herein as Doe 212, are now and at the commencement of this action and for a long time heretofore were the owners of and entitled to possession of approximately 80 acres located in the County of San Diego, State of California, described as follows, to-wit:

> That certain portion of the South half of the Northeast Quarter of Section 4, Township 9 South, Range 3 West, S.B.M., described as follows:
> Beginning at a point in the North line of said South half of the Northeast Quarter of Section 4, distant North 88° 38' 50" East, 591.67 feet from the Northwest corner of said South half; thence South 1° 09' 10" West, 126.89 feet; thence parallel to said North line of said South Half, North 88° 38' 50" East, 724.16 feet; thence South 53° 49' East, 1782.65 feet to the East line of said South half; thence thereon North 0° 41' 10" East 1213.65 feet to the Northeast corner of said South half; thence along said North line of said South half, South 88° 38' 50" West 2175.41 feet to the point of beginning.

That said land is traversed by the Santa Margarita River, and that the said Santa Margarita River flows through and over said land and that the defendants and each of them claim the right to use any and all waters which may be produced on or from said real property other than such waters as may be a part of the stream flow of said Santa Margarita River, and to the extent that these defendants own lands riparian to said Santa Margarita River and its tributaries, they claim the right to the reasonable use of the waters of said Santa Margarita River and such of its tributaries as may flow through said lands or the tributaries which may enter said river upstream from their riparian lands, and that said right is a correlative right. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever, and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract from said real property or

W.B.Dennis

-6-

7448

1   which they may take or divert from said Santa Margarita River or its
2   tributaries for use on said real property.
3             FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE
4        1.   That the cause of action set forth in plaintiff's com-
5   plaint is barred by Sec. 318 of the Code of Civil Procedure of the
6   State of California.
7             FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
8        1.   That the cause of action set forth in plaintiff's com-
9   plaint is barred by Sec. 319 of the Code of Civil Procedure of the
10  State of California.
11            FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
12       1.   That for more than five years prior to the commencement
13  of this action and for more than five years prior to the acquisition
14  by plaintiff of its properties referred to in plaintiff's complaint,
15  the predecessors of these defendants openly, notoriously, continuous-
16  ly and uninterruptedly, in hostility to any claim of ownership, title
17  or interest of plaintiff and its predecessors in interest, and under
18  claim of right, used any and all waters of said Santa Margarita River
19  for irrigation and domestic use and purposes, and acquired ownership
20  of the right to take and use said waters for said purposes, and do
21  now have the right to use and take said waters for said purposes free
22  of and prior to and paramount to any right or claim of right in and
23  to said waters by plaintiff.
24            FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
25       1.   That at the time of the commencement of this action
26  there was and there now is an application on file with the State of
27  California Department of Public Works, Division of Water Resources,
28  made and filed by the United States of America on the 30th day of
29  June, 1948, which application is numbered 12576, wherein said United
30  States of America asked for permission to divert from a point of di-
31  version located on the Northwest 1/4 of the Northwest 1/4 of Section
32  32, Township 9 South, Range 4 West, San Bernardino Base and Meridian,

W.B.Dennis

7449

165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that these defendants and each of them have the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE these answering defendants pray that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that these defendants, PAUL D. MORTZ, sued herein as Doe No. 211, and OLIVE M. MORTZ, sued herein as Doe No. 212, are the owners of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use and for agricultural use on said real property, and to take and divert any and all waters of the Santa Margarita River or any tributaries thereof for domestic use or for agricultural use on said real property, free and clear of any claim, right, title or interest of plaintiff, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property and in and to any and all waters which may be produced therefrom, and in and to any and all waters which may be taken or extracted from the Santa Margarita River or its tributaries thereof for use on said real property, adverse to these defendants or either of them, and that the plaintiff be restrained and enjoined from asserting any such claims, and that these answering defendants and each of them have such further relief as the court may deem meet and equitable, and that these answering defendants recover their costs herein incurred and expended.

_W. B. Dennis_
W. B. DENNIS, attorney for
Defendants PAUL D. MORTZ and
OLIVE M. MORTZ

W.B.Dennis