LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 4<sup>~~</sup> 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants CHARLES A. WEAVER and ZELA P. WEAVER

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**

MAY 29 1951

EDMUND L. SMITH, Clerk
By ........................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
)
           Plaintiff, )
) No. 1247 - Civil
vs. )
) ANSWER OF
FALLBROOK PUBLIC UTILITY DISTRICT, ) CHARLES A. WEAVER AND
a public service corporation of ) ZELA P. WEAVER
the State of California, et al, )
)
           Defendants. )

    COMES NOW the defendants CHARLES A. WEAVER, sued herein as Doe No. 259, and ZELA P. WEAVER, sued herein as Doe No. 260, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, admit, deny and allege as follows, to-wit:

### FIRST DEFENSE

    1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries declared by the court, and to have the court quiet its titles to such rights and enjoin the defendants from inter-

7434
54

fering with plaintiff's rights as declared by the court.

2. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific

Ocean. Admit that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source. Deny that any acts of these answering defendants or any of them have damaged in any way any rights or property of plaintiff.

    5. These defendants deny each and every allegation contained in the allegations set forth in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail,

W. B. DENNIS

7436

56

executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect these defendants allege that they were not parties to said action and that they are not privies to any parties named in said action or said judgment, and that they are not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these answering defendants and each of them specifically deny that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and deny that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than that which may accrue to

1 plaintiff by virtue of its ownership of land which is riparian to
2 the Santa Margarita River.
3     9. For answer to Paragraph IX of plaintiff's complaint,
4 these defendants and each of them deny each and every allegation
5 contained in said Paragraph IX, and specifically deny that they have
6 in any way violated any rights of plaintiff as therein alleged or at
7 all. Deny that any of these answering defendants' rights were ac-
8 quired subsequent to the rights of plaintiff or its predecessor in
9 interest, the Rancho Santa Margarita, a corporation. Deny that these
10 answering defendants or any of them have encroached upon or are en-
11 croaching upon or threaten to encroach upon any rights of plaintiff.
12 Deny that these defendants or either of them have made any diversion
13 or diversions of the water of the Santa Margarita River upstream
14 from Camp Pendleton, or at all, but admit that their right to produce
15 or extract water from, under or upon the land owned by these defen-
16 dants is paramount to the rights of the United States of America.
17     FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE
18     1. These answering defendants, CHARLES A. WEAVER, sued here-
19 in as Doe No. 259, and ZELA P. WEAVER, sued herein as Doe No. 260,
20 are now and at the commencement of this action and for a long time
21 heretofore were the owners of and entitled to possession of the fol-
22 lowing described real property located in the County of San Diego,
23 State of California, to-wit:

> Parcel A: Beginning at a point on the South line of the Southwest Quarter of the Southwest Quarter of Section Four Township Nine South, Range Three West, S.B.B.M. in the County of San Diego, said point being East of the Southwest Corner of the Southwest Quarter of the Southwest Quarter 330.00 feet; running thence along the south line of said SW¼ of the SW¼, S. 89° 58'40" E. 373.49 feet to a point distant N.89°58'40" W. 660. feet from the Southeast corner of said SW¼ of the SW¼; thence parallel to the East line of said SW¼ of the SW¼ N. 1°29'50" E. 330.feet; thence parallel to said South line of said SW¼ N. 89°58'40" W. 372.42 feet; thence S. 1°41' W. 330. feet to the point of beginning, containing 2.82 acres, more or less.
>
> Parcel B: Tract 123 of West Fallbrook, according to

W. B. DENNIS

-5-

7438  58

Map thereof No. 567, filed in the office of the County Recorder of San Diego County October 9, 1888;

ALSO portion of the West ten feet of Summit Avenue adjoining said Tract 123 on the East as vacated and closed to public use by Order of the Board of Supervisors February 1, 1943, a certified copy of which was recorded February 5, 1943 in Book 1462, page 99 of Official Records;

EXCEPT that portion thereof which was conveyed by deed to Charles A. Weaver, Jr. and Wanda G. Weaver, recorded in Book       , page       of Official Records in the Office of the County Recorder of the County of San Diego, State of California.

2. That said Parcel A is traversed by the Santa Margarita River, and is riparian to said river, and that the defendants claim the right to use any and all water which may be produced on or from said property or on or from said river for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property in said Parcel A. That said Parcel B is not traversed by any stream, river or tributary thereof, but overlies a large mass of decomposed granite and blue granite which is fractured and faulted and through which water slowly percolates in various amounts and in various directions, which mass of decomposed granite and blue granite does not underlie said Santa Margarita River or any tributary thereof, and that defendants and each of them claim the right to use any and all water which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now grown or which may hereafter be grown upon said property. That said property also lies within the boundaries of the Fallbrook Public Utility District, a public utility district organized under the Public Utility District act of 1921, and that these defendants are informed and believe and therefore allege that said Fallbrook Public Utility District has heretofore secured a permit from the Division of Water Resources of the State of California to extract water from said Santa Margarita River and transport said waters to the lands located within the boundaries of said Fallbrook Public Utility District, and that the defendants herein claim to

-6-

7439

have the right to use any and all of such waters as may be delivered to them by the Fallbrook Public Utility District for use upon their land described herein. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said Parcel B and in and to the waters of the Santa Margarita River adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever, and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract and produce from said real property or which they may extract or divert from said Santa Margarita River or any tributary thereof for beneficial use on said Parcel A, and to use on said Parcel B any and all waters which may be delivered by the Fallbrook Public Utility District to these defendants and which have been extracted and transported from the Santa Margarita River by said Fallbrook Public Utility District.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That at the time of the commencement of this action there was and now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian,

165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that these defendants and each of them have the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE these answering defendants pray that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that these defendants, CHARLES A. WEAVER, sued herein as Doe No. 259, and ZELA P. WEAVER, sued herein as Doe No. 260, are the owners of and entitled to possession of the above described real property, with the right to produce and extract any and all waters from said Parcel B needed for domestic and agricultural use on this property, and that the defendants are entitled to divert, extract and take from said Santa Margarita River and its tributaries thereof any and all waters necessary for domestic use and for irrigation of any crops growing or to be grown on said Parcel A, and the right to use any and all waters delivered to these defendants by the Fallbrook Public Utility District which may have been taken or diverted from the Santa Margarita River, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property and in and to any and all waters which may be produced from Parcel B and in and to any and all waters which may be diverted, taken or extracted from said Santa Margarita River or its tributaries for domestic or agricultural use on Parcel A, adverse to these defendants or either of them, and that the plaintiff be restrained and enjoined from asserting any such claims, and that these answering defendants and each of them have such further relief as the court may

1 deem must and equitable, and that these answering defendants recover
2 their costs herein incurred and expended.

                                                */s/ W. B. Dennis*
                                        W. B. DENNIS, attorney for
                                        Defendants CHARLES A. WEAVER
                                        and ZELA P. WEAVER