LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR....Defendant  ETHEL L.
RUSSELL

(SPACE BELOW FOR FILING STAMP ONLY)

# FILED

**MAY 29 1951**

EDMUND L. SMITH, Clerk

By........................

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 1247 - Civil |
| vs. ) | |
| ) | ANSWER OF |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) | ETHEL L. RUSSELL |
| a public service corporation of ) | |
| the State of California, et al, ) | |
| Defendants. ) | |

COMES NOW the defendant ETHEL L. RUSSELL, sued herein as Doe No. 230, and appearing for herself alone and not for any other defendant herein, by way of Answer to plaintiff's complaint, denies and alleges as follows, to-wit:

<u>FIRST DEFENSE</u>

1. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

7404

24

2.  Alleges that she is without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph II of plaintiff's complaint, and therefore denies
each and every allegation, matter and fact contained therein, except
that this defendant admits that Camp Joseph H. Pendleton, located
near Oceanside, California, the United States Ammunition Depot, lo-
cated near Fallbrook, California, and the United States Naval Hospi-
tal, located at Camp Joseph H. Pendleton, are located in the Counties
of San Diego and Orange in the State of California, and are military
establishments maintained by the United States of America, and that
the United States of America claims to own title to said property in
fee simple.

3.  Alleges that she is without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph III of plaintiff's complaint, and therefore de-
nies each and every allegation, matter and fact contained therein.

4.  For answer to Paragraph IV of plaintiff's complaint,
this defendant denies each and every allegation, matter and fact con-
tained therein, except that this defendant admits that the Santa
Margarita River is one source of supply of water furnished and used
by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the
United States Naval Hospital.  Admits that said river, which is
known in its upper reaches as the Temecula River, and also known as
the Temecula-Santa Margarita River, is a non-navigable stream of
fresh water which rises near or on the northerly slope of Palomar
Mountain in San Diego County, California, and proceeds in a generally
westerly direction for a distance of approximately eighteen miles,
where it crosses the boundary of Riverside County and enters San
Diego County, at which point it continues in a generally southwester-
ly direction across San Diego County until it empties into the Paci-
fic Ocean.  Admits that said river and its tributaries flow partly
on the surface and partly under the surface, in well-defined channels.

-2-

W. B. DENNIS

25

This defendant further admits that after said river enters the lands
of the plaintiff, there are numerous underground basins composed of
pervious materials, sands, gravels, and other fluvial deposits, the
exact areas and depths of which are unknown to this answering defen-
dant; but alleges that no portion of any basin which underlies said
river where it crosses the lands of plaintiff underlies any portion
of the lands of this answering defendant.  Admits that said river in
its course traverses approximately twenty-one miles of the property
of plaintiff, and that there are no water uses below the lands of
said plaintiff on said river, and that the plaintiff owns the lands
traversed by said river from the point where the Santa Margarita
River enters plaintiff's property to the point where the river bed
enters the Pacific Ocean.  Denies that this answering defendant has
in any way encroached upon any rights plaintiff may have in or to the
waters of said river or that this defendant has reduced the quanti-
ties of water available to plaintiff from said river or any subter-
ranean source.  Denies that any acts of this answering defendant has
damaged in any way any rights or property of plaintiff.

5.  This defendant denies each and every allegation con-
tained in the allegations set forth in Paragraph V of plaintiff's
complaint, except that this defendant admits that the Rancho Santa
Margarita, a corporation, the predecessor in interest of the United
States of America, was the plaintiff in an action instituted in the
Superior Court of the State of California in and for the County of
San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson,
Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company,
an association of persons transacting business under that common
name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail
and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail,
executor of the estate of Margaret R. Vail, Deceased, and Laura Perry
Vail, executrix of the estate of William Banning Vail, Deceased, De-
fendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold,

W. B. DENNIS

-3-

7406

26

1  executors of the Will of Murray Schloss, Deceased, and Philip Playtor,
2  interveners, which action was tried in said Superior Court and re-
3  sulted in a judgment for plaintiff, which judgment was subsequently
4  reversed by the Supreme Court of the State of California, and that
5  thereafter the parties to said action entered into a stipulated judg-
6  ment, which judgment purportedly adjudicated the rights of the par-
7  ties in that action to the use of waters of the Santa Margarita
8  River, and in this respect this defendant alleges that she was not
9  party to said action and that she is not privy to any parties named
10 in said action or said judgment, and that said action did not involve
11 the use of water used upon or appurtenant to the lands of this defen-
12 dant, and that she is not bound by said stipulated action or any part
13 thereof or the findings of fact or conclusions of law entered in said
14 action.

15      6.  Alleges that she is without knowledge or information
16 sufficient to form a belief as to the truth of the allegation con-
17 tained in Paragraph VI of plaintiff's complaint, and therefore denies
18 each and every allegation, matter and fact contained therein.

19      7.  Alleges that she is without knowledge or information
20 sufficient to form a belief as to the truth of the allegations con-
21 tained in Paragraph VII of plaintiff's complaint, and therefore denies
22 each and every allegation, matter and fact contained therein.

23      8.  Alleges that she is without knowledge or information
24 sufficient to form a belief as to the truth of the allegations con-
25 tained in Paragraph VIII of plaintiff's complaint, and therefore de-
26 nies each and every allegation, matter and fact contained therein, ex-
27 cept that this answering defendant specifically denies that the plain-
28 tiff has a paramount right to any water or waters from the Santa Mar-
29 garita River or any tributary thereof, and denies that plaintiff has
30 any rights in and to the waters of the Santa Margarita River or any
31 tributary thereof other than a correlative right accruing to plaintiff
32 by virtue of its ownership of that land which is riparian to the Santa

W. B. DENNIS                          -4-

7407

27

1   Margarita River.

2   9.  For answer to Paragraph IX of plaintiff's complaint,
3   this defendant denies each and every allegation contained in said
4   Paragraph IX, and specifically denies that she has in any way viol-
5   ated any rights of plaintiff as therein alleged or at all.  This de-
6   fendant admits that she has asserted and does not assert that her
7   rights to the use of water produced and extracted from her lands
8   hereinafter described is paramount to the rights of plaintiff, and
9   that her rights to the use of water produced or extracted from the
10  Santa Margarita River and its tributaries is paramount in some re-
11  spects and correlative in other respects to the rights of the United
12  States of America, and denies that such rights were acquired subse-
13  quent to or with full knowledge of the rights of the United States of
14  America or its predecessors in interest.  This defendant alleges that
15  she owns lands upstream from those of plaintiff, located in the water-
16  shed of the said Santa Margarita River and certain tributaries there-
17  of, and admits that she claims rights in and to the waters of said
18  river and its tributaries.  Denies that any of this answering defen-
19  dants' rights were acquired subsequent to the rights of plaintiff or
20  its predecessor in interest, the Rancho Santa Margarita, a corpora-
21  tion.  Denies that this answering defendant has encroached upon or
22  is encroaching upon or threatens to encroach upon any rights of plain-
23  tiff.  Admits that this defendant has diverted and is diverting the
24  water of the Santa Margarita River upstream from Camp Pendleton, and
25  alleges that her right to produce or extract water from, under or
26  upon the land owned by this defendant is paramount to the rights of
27  the United States of America.

28  FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

29  1.  This answering defendant, ETHEL L. RUSSELL, sued herein
30  as Doe No. 230, is now and at the commencement of this action and for
31  a long time heretofore was the owner of and entitled to possession of
32  approximately 23 acres located in the County of San Diego, State of

W. B. DENNIS

-5-

California, described as follows, to-wit:

All those portions of the South Half of the Northeast Quarter and the Southeast Quarter of the Northwest Quarter of Section 4, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890, described as a whole as follows:

Beginning at the Northwest corner of said South Half of the Northeast Quarter; thence along the North line of said South Half North 88° 38' 50" East 413.23 feet to the Northwesterly corner of the tract of land conveyed by Ray Gird Peters to Durkan by deed recorded May 1, 1947 in Book 2398 at page 87 of Official Records; thence along the Northwesterly line of said land of Durkan, South 30° 49' West 978.82 feet and South 58° 54' West 180.29 feet to the most Westerly corner thereof; thence North 60° 32' 30" West 1280.86 feet to the West line of said Southeast Quarter of Northwest Quarter; thence along said West line North 1° 29' 50" East 270.08 feet to the Northwest corner of said Southeast Quarter of Northwest Quarter; thence along the North line thereof North 88° 58' 40" East 1351.13 feet to the point of beginning.

That said land is traversed by the Santa Margarita River, and that said Santa Margarita River flows through and over said land and that this defendant claims the right to use any and all waters which may be produced on or from said real property other than such waters as may be a part of the stream flow of said Santa Margarita River, and to the extent that this defendant owns lands riparian to said Santa Margarita River and its tributaries, she claims the right to the reasonable use of the waters of said Santa Margarita River and such of its tributaries as may flow through said lands or the tributaries which may enter said river upstream from her riparian lands, and that said right is a correlative right. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, adverse to this answering defendant, but that said claims of said plaintiff are without any right whatsoever, and that this defendant is entitled to the use of all waters which she may now or which she may hereafter extract from said real property or which she may take or divert from

W. B. DENNIS

7409

1  said Santa Margarita River or its tributaries for use on said real

2  property.

3        FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

4      1.  That the cause of action set forth in plaintiff's com-

5  plaint is barred by Sec. 318 of the Code of Civil Procedure of the

6  State of California.

7        FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

8      1.  That the cause of action set forth in plaintiff's com-

9  plaint is barred by Sec. 319 of the Code of Civil Procedure of the

10  State of California.

11        FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

12      1.  That for more than five years prior to the commencement

13  of this action and for more than five years prior to the acquisition

14  by plaintiff of its properties referred to in plaintiff's complaint,

15  the predecessors of this defendant openly, notoriously, continuously

16  and uninterruptedly, in hostility to any claim of ownership, title or

17  interest of plaintiff and its predecessors in interest, and under

18  claim of right, used any and all waters of said Santa Margarita River

19  for irrigation and domestic use and purposes, and acquired ownership

20  of the right to take and use said waters for said purposes, and do

21  now have the right to use and take said waters for said purposes free

22  of and prior to and paramount to any right or claim of right in and

23  to said waters by plaintiff.

24        FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

25      1.  That at the time of the commencement of this action

26  there was and there now is an application on file with the State of

27  California Department of Public Works, Division of Water Resources,

28  made and filed by the United States of America on the 30th day of

29  June, 1948, which application is numbered 12576, wherein said United

30  States of America asked for permission to divert from a point of di-

31  version located on the Northwest 1/4 of the Northwest 1/4 of Section

32  32, Township 9 South, Range 4 West, San Bernardino Base and Meridian,

7410

30

1   165,000 acre feet of water from the Santa Margarita River.  That said
2   application has never been withdrawn or dismissed, and that the same
3   is still pending before the Division of Water Resources, and that
4   this defendant has the right to be heard on said application, and
5   that the rights of the United States of America to divert waters
6   from said river are contingent upon a permit being issued by said
7   Division of Water Resources, other than such water as said United
8   States of America may use upon its riparian land for riparian uses.
9           WHEREFORE this answering defendant prays that the plaintiff
10  take nothing by this action, and that by decree of this court it be
11  adjudged and decreed that this defendant, ETHEL L. RUSSELL, sued
12  herein as Doe No. 230, is the owner of and entitled to possession of
13  the above described real property with the right to produce and ex-
14  tract any and all waters from said real property needed for domestic
15  use and for agricultural use on said real property, and to take and
16  divert any and all waters of the Santa Margarita River or any tri-
17  butaries thereof for domestic use or for agricultural use on said
18  real property, free and clear of any claim, right, title or interest
19  of plaintiff, and that said plaintiff and all persons claiming under
20  said plaintiff be forever barred from asserting any right, title,
21  interest or estate in or to said real property and in and to any and
22  all waters which may be produced therefrom, and in and to any and all
23  waters which may be taken or extracted from the Santa Margarita River
24  or its tributaries thereof for use on said real property, adverse to
25  this defendant, and that the plaintiff be restrained and enjoined
26  from asserting any such claims, and that this answering defendant
27  have such further relief as the court may deem meet and equitable,
28  and that this answering defendant recover her costs herein incurred
29  and expended.

                                W. B. DENNIS, Attorney for
                                Defendant ETHEL L. RUSSELL

W. B. DENNIS

-8-

7411

31.