```
CORNELIUS T. WALDO
Attorney at Law
7106 Foothill Boulevard
Tujunga, California
Phone:  FLorida 3-3255
```
**FILED MAY 29 1951**

Attorney for Richard W. Callaway and
Mildred C. Callaway,
Defendants

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,<br><br>Defendants. | No. 1247 (Civil)<br><br>ANSWER OF RICHARD W. CALLAWAY AND MILDRED C. CALLAWAY |

The defendants, Richard W. Callaway and Mildred C. Callaway, hereby answer the complaint, as follows:

I

These defendants own the following real property in the County of San Diego, State of California:

    E 1/2 of NE 1/4 of NW 1/4 (Exc R. S. 741)

                  SEC   7 - 9 - 3W

    N 1/2 Of NE 1/4

                  SEC   7 - 9 - 3W

    S 1/2 of SE 1/4 (Exc Beg On Nly Li SW 1/4 Of SE 1/4
    Dist Thereof 120 Ft Wly FR NE COR THEREOF TH CNTG WLY
    ON SD NLY LI 680 FT TH SLY P/W ELY LI SD SE 1/4 A DIST
    OF 350 FT TH ELY P/W SD NLY LI 290 FT TH NELY IN A
    STRAIGHT LI TO P. O. B.

7492
Copy received

Case 3:51-cv-01247-JO-SBC   Document 71   Filed 05/29/51   PageID.711   Page 2 of 6

## II

That said real property is riparian to the Santa Margarita River and overlies an underground basin under and adjacent to said river and, by virtue thereof, these defendants have and possess correlative rights in said river and basin with other riparian or overlying land owners along said river or overlying said basin, and said defendants have and possess such preferential rights in the waters of said river and basin as are conferred by law upon riparian or overlying land owners.

## III

That these defendants and their predecessors in interest were not parties to the case of <u>Rancho Santa Margarita</u> v <u>N. R. Vail, et al.</u>, Superior Court, San Diego County No. 42850.

## IV

That these defendants are unable to determine from the face of the complaint herein what the theory or basis of the purported action or the relief sought is predicated upon; certainly, the exigencies or expenditures of the plaintiff cannot expand the rights, if any, of a downstream water right owner; the Court may take judicial notice of the fact that the nature, extent and number of groundwater basins in the watershed of the Santa Margarita River is unproven at the present time; the trial and compromise judgment in another law suit between other parties, no matter how protracted or expensive, is immaterial, or, at best, merely evidentiary of the rights now claimed by plaintiff, but, in no manner binding upon or determinative of the rights of these defendants; a reading of the California Supreme Court decision in <u>Rancho Santa Margarita</u> v <u>Vail</u>, 11 Cal (2d) 501, 81 Pac (2d) 533, and the compromise judgment, attached to the complaint, demonstrates the fact the rights, now claimed by plaintiff herein, are riparian or overlying in character, and that no appropriative or prescriptive rights were acquired by virtue of the purchase of said judgment rights by the plaintiff;

7493

the assertion by the plaintiff, in paragraph VIII of the complaint, of a "<u>paramount</u>" right to 35,000 acre feet of water annually "<u>for military</u>, agricultural and <u>other needs</u>" is repugnant to the law governing the exercise of the rights acquired by plaintiff under said compromise judgment; by said judgment, and only against the parties or their successors, the plaintiff could acquire a percentage of the waters involved, always a variable factor, for reasonable beneficial use in the exercise of a riparian or overlying land right; however, with the understanding, as stated by counsel for plaintiff in open Court on May 9, 1951, that the only rights asserted or sought by the United States are such rights as were acquired from the Rancho Santa Margarita, in no manner augmented or expanded by any claim of sovereign or "<u>paramount</u>" character, these defendants admit the acquisition of such rights by the United States, subject to the lawful determination of the extent thereof and of the purpose for which the same may be used.

V

Except, as herein specifically admitted, these defendants deny each and every other allegation of said complaint relating to the water rights claimed by the plaintiff.

AND FOR A SECOND DEFENSE AGAINST SAID COMPLAINT,
THESE DEFENDANTS ALLEGE AS FOLLOWS:

I

Reallege paragraphs I, II, III, IV and V of the first defense alleged herein.

II

That said complaint does not state a cause of action.

AND FOR A THIRD DEFENSE AGAINST SAID COMPLAINT,
THESE DEFENDANTS ALLEGE AS FOLLOWS:

I

Reallege paragraphs I, II, III, IV and V of the first defense alleged herein.

II

2   That the allegations of said complaint are entirely
3   based upon the results of law suit between other parties and have
4   no bearing upon the respective rights of the plaintiff, if any,
5   and these defendants.
6   AND FOR A FOURTH DEFENSE AGAINST SAID COMPLAINT,
7   THESE DEFENDANTS ALLEGE AS FOLLOWS:

I

9   Reallege paragraphs I, II, III, IV and V of the first
10  defense.

II

12  Allege that this complaint is the result of the miscon-
13  ception of California water law and the water law of the western
14  states by attorneys for the United States Department of Justice,
15  and that the result sought would involve the taking of property
16  without due process of law.

III

18  That this action is on the face of the complaint based
19  upon an erroneous interpretation of water law and an attempt to
20  use a judgment between other parties against others not interested
21  in or bound by said judgment, to accomplish the taking of property
22  without due process of law.
23  AND FOR A FIFTH DEFENSE AGAINST SAID COMPLAINT,
24  THESE DEFENDANTS ALLEGE AS FOLLOWS:

I

26  Reallege paragraphs I, II, III, IV and V of the first
27  defense.

II

29  That the Court takes judicial notice of the fact that the
30  average run-off of the Santa Margarita River is about 24,000 acre
31  feet; that the only presently available supplemental supply of
32  water is from the Colorado River; and that the only manner, now

-4-

7495

1 feasible, of assuring the plaintiff of a constant annual water
2 supply of 35,000 acre feet is to provide facilities for importing
3 Colorado river water.

### III

That, if this action is prosecuted and tried, the Court should find a physical solution to the problems presented, which solution mainly, consists of bringing in a supplemental supply of water and the equitable apportionment of the cost thereof.

WHEREFORE, these defendants pray that plaintiff take nothing and for such other relief as may be equitable herein.

                     _____
                     Attorney for Richard W. Callaway
                     and Mildred C. Callaway, defendants

STATE OF CALIFORNIA, } ss.
COUNTY OF LOS ANGELES }

RICHARD W. CALLAWAY

being by me first duly sworn, deposes and says: that he is the ~~one of~~ defendant

in the above entitled action; that he has read the foregoing ANSWER

and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters which are therein stated upon his information or belief, and as to those matters he believes it to be true.

Subscribed and sworn to before me this 26th day of May, 1951.

_____
Notary Public in and for said County and State of California
My comm. 4 May 11, 1957
(SEAL)

Richard W. Callaway

Received copy of the within Answer this 29 day of May, 1951

By _____ Attorneys for _____ USA

Received copy of the within _____ this _____ day of _____ 194__

Attorney _____ for _____

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA, } ss.
COUNTY OF LOS ANGELES, }

_____, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the county of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within above entitled action: that affiant's business residence address is:_____

that on the _____ day of _____, 194___, affiant served the within _____

on the _____ in said action, by placing a true copy thereof in an envelope addressed to the attorney of record for said _____ at the residence office address of said attorney, as follows: * "

_____ ";

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office at the city where is located the office of the attorney for the person by and for whom said service was made.

That there is a delivery service by United States mail at the place so addressed or ** there is a regular communication by mail between the place of mailing and the place so addressed. and

Subscribed and sworn to before me this _____
day of _____, 194___.

_____
Notary Public in and for said County and State of California
(SEAL)

*Here quote from envelope name and address of addressee.
**When the letter is addressed to a post office other than where mailed from, strike out "and"; when addressed to the same city where mailed from, strike out "or."

7497