COSGROVE, CRAMER, DIETHER & RINDGE
1031 ROWAN BUILDING
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA
MADISON 9-1457

Attorneys for Defendant
JAMES OVIATT.

FILED
JUN 5 - 1951
EDMUND L. SMITH, Clerk
By /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> FALLBROOK PUBLIC UTILITY ) <br> DISTRICT, et al. ) <br> Defendants. ) | NO. 1247 (Civil) <br><br> ANSWER OF <br> DEFENDANT <br> JAMES OVIATT |

    COMES NOW the defendant, JAMES OVIATT, and severing from all other defendants, files this his Answer to the complaint herein.

    Answering plaintiffs alleged cause of action, defendant admits, denies and alleges as follows:

I.

    Answering Paragraph I, this defendant denies that an actual controversy has arisen or exists between the United States of America and this defendant, and further denies that this defendant has committed an unlawful or any interference with the rights, or any of the rights, of the plaintiff in or to the use of the waters of the Santa Margarita River, or any of its tributaries.

1.

7498

II.

Answering Paragraph II, this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the counties of San Diego and Orange, State of California, are military establishments of the United States of America.

This defendant alleges he has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph II, other than those herein specifically admitted, and basing his denial on that ground, denies each such allegation.

III.

Answering Paragraph III, this defendant alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph III, and basing his denial on that ground, denies each such allegation.

IV.

Answering Paragraph IV of the complaint, this defendant alleges that the Santa Margarita River, sometimes known as the Temecula River, is a non-navigable stream of fresh water. Alleges that said stream has its origin in and for many miles of its course, including its tributaries Wilson Creek and Murrietta Creek, flows through Riverside County and thence into San Diego County, flowing partly upon and in the irrigation season of the year for the most part under the surface of the stream bed in a generally northwesterly direction from the northerly slope of the Palomar Mountain to the Pacific Ocean, and throughout its course is fed by numerous tributaries including Lancaster Creek. Denies that underlying Santa Margarita River and its tributaries

7499

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

is one vast underground basin; denies that any such basin as a whole or otherwise creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks, and denies that during the dry season the River entirely disappears into any one such basin.

Alleges that said River and its tributaries from its source to its mouth flows over and through five or more large bodies of sand, silt, gravel and other fluvial and detrital material into the interstices of which the waters, surface and subsurface, of said River and its tributaries and the waters precipitated as rain upon such areas sink and descend and percolate and form, when so saturated, large underground reservoirs which during the dry season of the calendar year contribute to and support the surface flow in those stretches of said River where during said dry seasons waters flow on the surface. Alleges that there are three such underground basis on the lands of the plaintiff described in said complaint and two such basins on the lands of the defendants, Vail Company, a corporation, Mary Vail Wilson, Mahlon Vail, Edward N. Vail, Margaret Vail Wise, and Nita M. Vail, Trustees, located upstream from the lands of the plaintiff, which said upper two basins are commonly known as the Pauba alluvial basin and Nigger Valley respectively.

This defendant further alleges that in addition to said five basins, there is located on his land in Lancaster Valley upstream from said Temecula alluvial basin and said Nigger Valley a much smaller underground basin, frequently referred to as Lancaster Valley, which basin and the water-bearing strata thereof is supplied with water by Lancaster Creek, a tributary of said Temecula Creek, and by rainfall precipitated upon the surface of said basin. This defendant alleges that much of his lands, as in this Answer described, are supplied by water for domestic, irrigation, and other useful purposes, from said

3.

7500

Lancaster Basin.

This defendant denies that the encroachments or any encroachment of this defendant threaten the destruction of any one of the basins in this Answer mentioned and described by reason of salt water intrusion from the Pacific Ocean, or by reason of any act or acts on the part of this defendant or any act in any manner under the control of this defendant.

Defendant alleges that, save and excepting that underground basin located fartherest downstream along the course of said Santa Margarita River and nearest to the Pacific Ocean, on the property of the plaintiff described in said complaint, no one of said five underground basins is physically susceptible of contamination by the infiltration or intrusion of salt water from the Pacific Ocean. Defendant further alleges that any infiltration or intrusion of salt water from the Pacific Ocean into any underground basin located on said property of the plaintiff results wholly and entirely from the operation of wells and pumping plants operated by the plaintiff herein or under its direction and control.

This defendant alleges he has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph IV, other than those herein specifically admitted and/or denied, and basing his denial on that ground, denies each such allegation.

V.

Answering Paragraph V, this defendant admits that attached to the Complaint is a copy of the stipulated Judgment in that certain action in the Superior Court of the State of California in and for the County of San Diego, therein numbered 42850 and entitled Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart, et al.,

7501

4.

intervenors.

This defendant alleges that he was not a party to said action.

Further answering said Paragraph V, this defendant alleges he has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph V other than those herein specifically admitted, and basing his denial on that ground, denies each such allegation.

VI.

Answering Paragraph VI, this defendant admits that the plaintiff herein is the successor in interest to said Rancho Santa Margarita and to all rights and interest adjudicated to said Rancho Santa Margarita in said action hereinabove in Paragraph V identified.

VII.

Answering Paragraph VII, alleges this defendant has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph VII, other than those herein specifically admitted, and basing his denial on that ground, denies each such allegation.

This defendant is informed and believes and, accordingly, upon information and belief, alleges that the waters of the Santa Margarita River and of the said three underground basins located on the property of the plaintiff described in said Complaint is sufficient and abundant for all the uses and purposes to which fresh water is being used and applied by the plaintiff on its lands; that large quantities of fresh water presently are contained in said underground basins on plaintiff's lands, and are not being developed and put to beneficial use thereon but are susceptible of such development and use.

Upon information and belief, this defendant alleges that

the plaintiff is permitting upon its lands the use of large amounts of said underground waters extracted from said underground basins for purposes other than any of the purposes or projects of the plaintiff described in said Complaint but, on the contrary, for purposes and projects of private enterprise.

### VIII.

Answering Paragraph VIII, this defendant denies that against him the plaintiff has a paramount right to 35,000 acre feet of water annually from the Santa Margarita River, or a paramount right as against said defendant to any waters whatsoever annually or otherwise from the Santa Margarita River, and alleges that the rights of the plaintiff herein as successor in interest of Rancho Santa Margarita, a corporation, is a correlative right with the defendants, and each of them, to the waters and the use of the waters, both surface and underground, of said River.

Defendant denies that the Supreme Court of the State of California made any findings in said action hereinabove in paragraph V described. Admits that the surface flow and the underground percolating waters of said subterranean basins located along the course of said stream constitute a single source of supply.

Further answering Paragraph VIII, alleges this defendant has no information or belief on the subject sufficient to enable him to answer the allegations contained in said Paragraph VIII, other than those herein specifically admitted, and basing his denial on that ground, denies each such allegation.

### IX.

Answering Paragraph IX, this defendant denies each and every allegation therein contained.

## SECOND SEPARATE DEFENSE

For a further, separate and second defense to the alleged cause of action set forth in plaintiff's Complaint, this defendant alleges that this defendant is the owner of certain lands in the County of Riverside, State of California, commonly known as Rancho Ramona, consisting of approximately 1260 acres; a description of said lands is attached hereto and incorporated herein, marked Exhibit "A." Alleges that said lands are riparian to Temecula Creek, and overlay large bodies of underground waters, that approximately 900 acres of said lands are fertile and productive when irrigated, and are sterile and of little productive value unless cultivated under irrigation; alleges that said 900 acres of land are susceptible of practical and profitable cultivation under irrigation from the waters of said Wilson Creek and said underground waters beneath said land; alleges that alfalfa and other hay, grains, vegetables, fruit and other trees, have been planted are are growing upon said lands and that said crops and trees require irrigation, and that said crops and trees are, and for many years, to-wit, exceeding 45 years past, have been continuously irrigated with waters from said Lancaster Creek and from said underground waters that are independent of said stream; that continued cultivation under irrigation is necessary to maintain the growth of said crops and to prevent said crops from perishing; and further alleges that during all of said time and prior thereto, water also has been used upon said lands for domestic purposes.

Alleges that this defendant is the owner in fee of approximately 7,200 acres of land, a description of which is attached hereto and incorporated herein marked Exhibit "B", located partly in the County of San Diego and partly in the County of Riverside, said State; that said JAMES OVIATT

7.

7504

also has a leasehold interest in an additional approximately 20,000 acres of land in said counties, a description of said 20,000 acres of land is attached hereto marked Exhibit "C"; that said lands are commonly known as Oak Grove Ranch.

That said lands are riparian to tributaries of Temecula Creek, to-wit, the Cooper and Chihuahua Creeks; that approximately 3,000 of said 7,200 acres owned in fee by said JAMES OVIATT are fertile and productive when cultivated under irrigation and are sterile and of little productive value unless cultivated under irrigation; that approximately 2,500 of said 20,000 acres in which said defendant, JAMES OVIATT, has a leasehold interest are fertile and productive when cultivated under irrigation and are sterile and of little productive value unless cultivated under irrigation. Alleges that alfalfa, hay, grains, grasses, vegetables and fruit trees have been planted and presently are growing and maturing and producing valuable crops under irrigation with the waters of Temecula Creek and its tributaries upon said lands, including both the said lands owned in fee and the lands leased by said defendant as herein alleged; that said crops require irrigation and that said crops have been continuously cultivated and irrigated for many years, to-wit, exceeding 45 years past, with water from Temecula Creek and its tributaries, and further alleges that during all of said period, the waters of Temecula Creek and/or its tributaries has also been used upon said lands of defendant and his predecessors in interest for domestic purposes.

Alleges that the rights of the plaintiff in and to the waters of the Santa Margarita River and its tributaries, are subordinate and junior and subject to the rights of this defendant in and to that portion of the waters of the Santa Margarita River and its tributaries acquired by appropriation and prescription and necessary to supply said lands of this defendant for

irrigation and domestic uses and for the watering of livestock from the normal flow of said streams during the irrigation season of each year, and subordinate and junior to the rights of this defendant to develop and use upon said lands all or any part of the underground waters thereof, without waste, either in the use or method of use thereof; also subordinate and junior to the rights of this defendant to divert and apply to beneficial use upon said lands of this defendant all of the waters of Kohler Canyon at points of diversion in the vicinity of the northeast quarter of Section 33, Township 9 South, Range 2 East, S.B.B. & M.; and also subordinate and junior to the right of this defendant to divert and apply to beneficial use upon said lands of this defendant all of the water of that certain spring in Rattlesnake Canyon located near the southwest corner of the southwest quarter of the northeast quarter of Section 20, Township 9 South, Range 2 East, S.B.B. & M.

   This defendant alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations contained in Paragraph IX, other than those herein specifically admitted, and placing his denial on that ground, denies each such allegation.

FOR A FURTHER AND SEPARATE AND THIRD DEFENSE TO THE ALLEGED CAUSE OF ACTION APPEARING IN SAID COMPLAINT:

I.

By reference thereto, defendant incorporates in this paragraph, each and every denial, admission and allegation appearing in the First and Second Answers to plaintiff's Complaint.

II.

For more than 45 years immediately preceding the commencement of this action, and for more than 35 years preceding the alleged acquisition by the plaintiff of the property described in Paragraph II of the complaint herein, this defendant and/or his predecessors in interest, under claim of right so to do, and in hostility to any and every claim of ownership, title and interest of the plaintiff and of every owner of water or water rights, or owner of the use of water or water rights within the area of the watershed of the Santa Margarita River and its tributaries, by means of wells, pumps, pipelines, reservoirs, diversion and irrigation ditches for the extraction, diversion, transportation, conservation and distribution of water, have openly, notoriously, continuously, uninterruptedly and adversely extracted and withdrawn from the surface and underground waters of said Santa Margarita River and/or its tributaries large amounts of water, to-wit, 550 miner's inches continuous flow, and have diverted and transported said waters in said amount to said lands and properties herein described and owned by this defendant and/or his predecessors in interest; that all of said waters have been there applied on said lands to beneficial uses without waste thereof either in its use or method of use; that by reason of said continuous adverse diversion of said waters,

10.

7507

and its application to beneficial uses, as herein alleged, this defendant has acquired and owns and enjoys a vested right presently, and continuously hereafter, to extract and apply to beneficial uses upon his said lands the waters of said Santa Margarita River and its tributaries in the amount of 550 miner's inches continuous flow.

### III.

That said vested right by prescription in the amount of 550 miner's inches continuous flow is guaranteed and protected under the provisions of the State and Federal Constitutions, and any impairment or lessening or limiting of such vested right, title and interest is in violation of the Fourteenth Amendment to the Constitution of the United States and constitutes a divesting and depriving of vested property rights of this defendant, without due process of law.

WHEREFORE, this defendant prays that this Court determine and declare the respective rights of the parties hereto in and to the use of the waters of the Santa Margarita River and its tributaries, and the rights of this defendant as herein alleged, for his costs herein, and for such further relief as to the Court may appear just and meet in the premises.

COSGROVE, CRAMER, DIETHER & RINDGE

By _____

Attorneys for Defendant JAMES OVIATT.

11.

7508

| | | |
|---|---|---|
| Bass | NE¼ of NE¼ of Section 18, Township 8 South, Range 1 East, S.B.M. Excepting therefrom a strip of land 50 feet in width and parallel to and adjoining the South line of the above described 40 acres and extending from the public highway passing through said 40 acres and the Easterly line of the with-in described property | Riverside County |
| Weaver | N½, S½ of SW¼, SE¼, and Government Lot 3 in Section 7. W½ of SW¼ of SW¼ of Section 8, NW¼ of the NE¼, and NW¼ of Section 18. <u>All in Township 8 South, Range 1 East.</u> Government lots 5, 6, and E½ of fractional SE¼, Government Lots 1 and 4 (S½ of NE¼) of Section 12. Government Lots 1 and 2 (N½ of NE¼) of Section 13. <u>All in Township 8 South, Range 1 West.</u> | |

12.

EXHIBIT "A" - RANCHO RAMONA

7509

| | | |
|---|---|---|
| 1 | Bailey Ranch 1895 | Lots 13, 14, 15, and 16 in Section 1. |
| 2 | | Lots 15 and 16 in Section 2. |
| 3 | | Lot 8 in Section 7. |
| 4 | | Lots 5, 8, 12, 13, and 14 in Section 8. |
| 5 | | Lots 5, 6, 9, 10, 11, 13, 14, 15, and 16 in Section 9. (Lot 7 in separate deed) |
| 7 | | Lots 6, 7, 8, 10, 11, 12, 13, 14, and 15 in Section 10. |
| 9 | | Lots 2, 3, 5, 6, 9, 10, 11, 15, and 16 in Section 11. |
| 10 | | Lot 2 in Section 12. |
| 11 | | Lot 13 in Section 14. |
| 12 | | Lots 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 16 in Section 15. |
| 14 | | Lots 6, 11, 12, 13 (Except the South 33 feet), and 14 of Section 16. |
| 16 | | Lot 4 and $N\frac{1}{2}$ of Lot 1 in Section 21. |
| 17 | | Lots 1, 2, 3, 4, 6 ($SE\frac{1}{4}$ of $NW\frac{1}{4}$), $S\frac{1}{2}$ of 7 ($S\frac{1}{2}$ of $SW\frac{1}{4}$ of $NE\frac{1}{4}$), 9 ($NE\frac{1}{4}$ of $SE\frac{1}{4}$), $N\frac{1}{2}$ of 10 ($N\frac{1}{2}$ of $NW\frac{1}{4}$ of $SE\frac{1}{4}$), 11 ($NE\frac{1}{4}$ of $SW\frac{1}{4}$) in Section 22. |
| 20 | | Lots 4 and 12 ($NW\frac{1}{4}$ of $SW\frac{1}{4}$) in section 23. |
| 21 | 1880 | $S\frac{1}{2}$ of $SE\frac{1}{4}$ of Section 8. |
| 22 | | $N\frac{1}{2}$ of $NE\frac{1}{4}$, and $N\frac{1}{2}$ of $NW\frac{1}{4}$ of Section 17. |
| 23 | | <u>All in Township 9 South, Range 2 East.</u> |
| 24 | | Lots 1, 2, 7, and $SE\frac{1}{4}$ of $NE\frac{1}{4}$, and $SE\frac{1}{4}$ of $SW\frac{1}{4}$ of Section 6. |
| 26 | | Lot 1 and $NE\frac{1}{4}$ of $NW\frac{1}{4}$ of Section 7. |
| 27 | 1933 -- | $N\frac{1}{2}$ of $NE\frac{1}{4}$, $SW\frac{1}{4}$ of $NE\frac{1}{4}$, and $N\frac{1}{2}$ of $NW\frac{1}{4}$ of Section 8. |
| 28 | | <u>All in Township 9 South, Range 3 East.</u> |
| 29 | | $NW\frac{1}{4}$, $W\frac{1}{2}$ of $NE\frac{1}{4}$, $N\frac{1}{2}$ of $SW\frac{1}{4}$, and the $SE\frac{1}{4}$ of Section 26. |
| 30 | | $SE\frac{1}{4}$ of Section 27. |
| 31 | | $E\frac{1}{2}$ of $SE\frac{1}{4}$ of Section 29. |
| 32 | | $NE\frac{1}{4}$ of Section 33. |

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

|   |   |   |
|---|---|---|
| 1 |  | NW$\frac{1}{4}$, W$\frac{1}{2}$ of NE$\frac{1}{4}$, and SE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Section 34. |
| 2 |  | E$\frac{1}{2}$ of NE$\frac{1}{4}$ of Section 35. |
| 3 |  | SW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Section 36. |
| 4 |  | All in Township 8 South, Range 2 East. |
| 5 |  | W$\frac{1}{2}$ of SE$\frac{1}{4}$ of Section 31, Township 8 South, Range 3 East. |
| 6 | G.Bailey | Lots 5, 6, 7, 10, 11, 12, 13, and 14 of Section 4. |
| 7 |  | Lot 16 of Section 5. |
| 8 |  | Lot 1 of Section 8. |
| 9 |  | Lots 1, 2, 3, 4 of Section 9. |
| 10 |  | All in Township 9 South, Range 2 East. |
| 12 | So.Pac. | Section 35 |
| 13 |  | Section 27 |
| 14 |  | All in Township 8 South, Range 3 East. |

14.

EXHIBIT "B" - Page 2.

7511

LEASED LANDS

**Private**

1. SW¼ of Lot 14 of Section 22.                             S. D. County

   W½ of Lot 2 and Lots 3, 6, and 7 of Section 27.

   All in Township 9 South, Range 2 East.--158.61 acres.

2. NW¼ of NW¼ (Lot 4) of Section 27.                        S. D. County

   SW¼ of SW¼ (Lot 13) of Section 22.

   S½ of SE¼ (Lots 15 and 16) of Section 21.

   All in Township 9 South, Range 2 East of S.B.M.---165.67 acres.

3. NE¼ of Section 17.                                       S. D. County

   NW¼ of SW¼, NE¼ of SW¼, NW¼ of SE¼, and S½ of SE¼ of Section 8.

   All in Township 9 South, Range 3 East.

   NE¼ of NW¼ of Section 21.

   In Township 9 South, Range 2 East.

**GOVERNMENT**

4. All of Section 28.

   S½ of Section 29.

   NE¼, E½ of W¼, E½ of SE¼ of Section 31.

   All of Section 32.

   All of Section 33.

   All in Township 8 South, Range 3 East.

   Lots 7, 8, 9, 10, 11, 12 and N½ of SW¼ of Section 4.

   Lots 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and S½
       of NW¼ of Sec. 5.

   SE¼, SW¼ of NE¼ of Section 6.

   Lot 9 of Section 7.

   All in Township 9 South, Range 3 East.

5. All of Section 25.

   E½ of NE¼, S½ of SW¼ of Section 26.

15.<br>EXHIBIT "C" - LEASED LANDS

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

7512

1. $E\frac{1}{2}$ of $NE\frac{1}{4}$, $SW\frac{1}{4}$ of Section 27.
2. $S\frac{1}{2}$ of Section 28.
3. $E\frac{1}{2}$ of $E\frac{1}{2}$ of Section 32.
4. $W\frac{1}{2}$, $SE\frac{1}{4}$ of Section 33.
5. $S\frac{1}{2}$ of Section 34.
6. $W\frac{1}{2}$, $W\frac{1}{2}$ of $E\frac{1}{2}$, $E\frac{1}{2}$ of $SE\frac{1}{4}$ of Section 35.
7. $NE\frac{1}{4}$, $N\frac{1}{2}$ of $NW\frac{1}{4}$, $SE\frac{1}{4}$ of $NW\frac{1}{4}$, $S\frac{1}{2}$ of Section 36.
8. <u>All in Township 8 South, Range 2 East.</u>
9. $N\frac{1}{2}$ of Section 29.
10. All of Section 30.
11. Lots 1, 2, 3, 4 of Section 31.
12. All of Section 34.
13. <u>All in Township 8 South, Range 3 East.</u>
14. Fractional Sections 31, 32, 33, 34 and 35.
15. <u>All in Township $8\frac{1}{2}$ South, Range 3 East</u> (Unsurveyed)
16. Lots 1 to 12 inclusive in Section 1.
17. Lots 1 to 14 inclusive in Section 2.
18. Lots 1, 2, 3, 4, 8, 9, 15, and 16 in Section 4.
19. Lots 1, 8, and 9 in Section 5.
20. Lots 2, 3, 4, 6, 7, 9, 10, and 11 in Section 8.
21. Lots 8, and 12 in Section 9.
22. Lots 1, 2, 3, 4, 5, in Section 10.
23. Lots 1, 4, 7, and 8 in Section 11.
24. Lots 1, 3 to 16 inclusive in Section 12.
25. All of Section 13.
26. Lots 1 to 12 inclusive, 14, 15, and 16 in Section 14.
27. <u>All in Township 9 South, Range 2 East.</u>
28. 
29. Lots 5 to 12 inclusive in Section 2.
30. $SW\frac{1}{4}$, $SW\frac{1}{4}$ of $NE\frac{1}{4}$, $S\frac{1}{2}$ of $NW\frac{1}{4}$, Lots 5, and 9 of Section 3.
31. $S\frac{1}{2}$ of $NE\frac{1}{4}$ of Section 4.
32. Lots 8, 9, 10, 11, and 12 in Section 6.

COSGROVE, CRAMER, DIETHER & RINDGE
458 SOUTH SPRING STREET
LOS ANGELES 13, CALIFORNIA

  Lots 8, 10 to 17 inclusive in Section 7.
  Lot 1 in Section 8.
  Lots 5, 6, 7, and $NW\frac{1}{4}$ of $NE\frac{1}{4}$ of Section 18
  <u>All in Township 9 South, Range 3 East.</u>

6.  $E\frac{1}{2}$ of Lot 16 ($E\frac{1}{2}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$) of Section 10.
  Lots 12, 13, and 14 of Section 11.
  All in Township 9 South, Range 2 East.  -- 149.47 acres.

STATE OF CALIFORNIA,
County of **Los Angeles** } ss.

**Ann Louise Whitener**, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of **Los Angeles**; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business address is **458 S. Spring St., 1031 Rowan Bldg., Los Angeles 13, Calif.** That on the **4th** day of **June**, A.D., 19**51**, affiant served the within **Answer of Defendant James Oviatt** on the **attorneys for plaintiff** in said action, by placing a true copy thereof in an envelope addressed to **said attorneys of record** at the business address of said **attorneys**, as follows: **Mrs. Betty Marshall Graydon, Assistant United States Attorney, U.S. Custom House and Court House Bldg., San Diego 1, California.**

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office box at **Los Angeles, California.** That there is delivery service by United States mail at the place so addressed **and** there is a regular communication by mail between the place of mailing and the place so addressed.

SUBSCRIBED AND SWORN to before me this **4th** day of **June**, 19**51**

_Ann Louise Whitener_

_Notary Public in and for said County and State._

7515

AFFIDAVIT OF SERVICE—ANY PAPER BY MAIL—WOLCOTTS FORM 146  †Here quote from envelope name and address of addressee.