1  A. B. BIANCHI,
   901 Kohl Building,
2  400 Montgomery Street,
   San Francisco 4, California,
3     Telephone: EX 2-3325,
   Attorney for defendant,
4  Verlie L. Bayle.

FILED
JUN 11 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FALLBROOK PUBLIC UTILITY ) <br> DISTRICT, a public service ) <br> corporation of the State of ) <br> California, et. al., ) <br> ) <br> Defendants. ) | No. 1247 |

ANSWER OF DEFENDANT VERLIE L. BAYLE.

Now comes VERLIE L. BAYLE, one of the defendants above named hereinafter referred to as "this defendant" and, for answer to plaintiff's complaint on file herein, admits, denies and alleges as follows:

I.

Alleges:

(a) That she is now and for upwards of ten (10) years has been the owner in fee of that certain parcel of real property situated in the County of San Diego, State of California, and described as follows:

The southeast quarter ($\frac{1}{4}$) of the northeast quarter ($\frac{1}{4}$) and the northeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of Section Seven (7), Township Nine (9) South

LAW OFFICES
ADOLPHUS B. BIANCHI
KOHL BUILDING
SAN FRANCISCO 4
EXBROOK 2-3325

1.

7516

1  Range Three (3) West, San Bernardino Meridian, ac-
   cording to United States Government Survey approved
2  April 21, 1890;

3     (b) That said tract of land consists of approximately
4  eighty (80) acres and is situated in the mountainous region of
5  the water shed referred to in the complaint; that the Santa Mar-
6  garita-Temecula River runs through and approximately bisects
7  said property; that this is at a point above or east of the
8  boundaries of Camp Pendleton referred to in said complaint; that
9  said tract of land is improved to an extent approximately in ex-
10 cess of the value of Ten Thousand Dollars ($10,000.00) and is
11 under cultivation and farming and has a value of approximately
12 Forty Thousand Dollars ($40,000.00);

13    (c) That the predecessors in title of this defendant and
14 this defendant have always claimed to own and do own the entire
15 fee in and to said tract of land; that this defendant does, in
16 fact, own and is entitled to the rights of a riparian owner to
17 the waters of the Santa Margarita-Temecula River or Rivers and
18 to the underlying or underground percolating waters which are a
19 part of the underground basin, both within and without the
20 stream; that this defendant and her predecessors in title, ever
21 since a time preceding the year 1913, have appropriated said wat-
22 er or waters continuously to the present time and during all of
23 said time continued such appropriation in connection with the
24 farming, improvement and occupation of said tract of land;

25    (d) That said rights, whether riparian or to the said per-
26 colating waters, as well as the appropriation rights and the pre-
27 scriptive rights, have always been claimed and maintained by
28 this defendant to the exclusion of the world and never relinquished
29 by either this defendant or her predecessors in title; that said
30 rights are paramount to the rights claimed by the plaintiff or
31 its predecessor in interest, RANCHO SANTA MARGARITA; that plain-
32 tiff and this defendant do not derive title from a common pre-

LAW OFFICES
ADOLPHUS B. BIANCHI
KOHL BUILDING
SAN FRANCISCO 4
EXBROOK 2-3325

2.

7517

1  decessor.

2  II.

3  That this defendant is without knowledge or information
4  sufficient to form a belief as to the truth of the averments
5  contained in paragraphs II, III and IV of the complaint and
6  accordingly denies all thereof as are inconsistent with the
7  allegations hereinbefore made, excepting therefrom geographical
8  allegations contained in either of said paragraphs.

9  III.

10  Answering paragraphs V and VI of said complaint, this def-
11  endant alleges that neither she nor her predecessors in inter-
12  est or either of them were parties to the action referred to in
13  paragraph V, and that the Rancho Santa Margarita, predecessor
14  in interest of the United States of America is not the predeces-
15  sor of this defendant; that this defendant is without knowledge
16  or information sufficient to form a belief as to the truth of
17  any of the averments contained in paragraphs V and VI and de-
18  nies all allegations, except such as are otherwise affirmative-
19  ly alleged in this answer.

20  IV.

21  This defendant is without knowledge or information suffi-
22  cient to form a belief as to the truth of the averments con-
23  tained in paragraphs VII, VIII and IX of this complaint and de-
24  nies the allegations of each paragraph except such as may be
25  consistent with the affirmative allegations herein made by
26  this defendant.

27  V.

28  And for a further and separate defense this defendant al-
29  leges:

30  (a) That the Santa Margarita-Temecula flows and from time
31  immemorial has flowed in and upon the lands of this defendant
32  which said lands are riparian thereto, and riparian rights attach

LAW OFFICES
ADOLPHUS B. BIANCHI
KOHL BUILDING
SAN FRANCISCO 4
EXbrook 2-3325

3.

7519

1  thereto, and this defendant is entitled to have the water of said
2  river flow by, over, through and upon said lands and make riparian
3  use of such water.
4      That this defendant and her predecessors in title have from
5  the date of the original homestead continuously made reasonable
6  and beneficial uses of said water for domestic purpose, the wat-
7  ering of stock and irrigation; that neither this defendant nor
8  her predecessors in title have ever during any of said period
9  of time wasted said water or made unreasonable use or employed
10 unreasonable methods of use or unreasonable methods of diversion
11 of said water.
12     (b) That for the purposes aforesaid and in the manner afore-
13 said this defendant and her predecessors in title from time im-
14 memorial took and appropriated water from said river and applied
15 the same to domestic uses, the irrigation of said land and the
16 watering of stock, and have ever since said time continuously,
17 uninterruptedly under a claim of right adverse to this plaintiff
18 and to all the world taken, appropriated, diverted and used the
19 said water as aforesaid, and it is still being taken and applied
20 to the beneficial use as aforesaid and this defendant is now the
21 owner of the right to take, appropriate and use said water as
22 aforesaid.
23     (c) That in truth and in fact this defendant acquired by
24 the acts aforesaid and at the time aforesaid a prescriptive
25 right to the said use of said water.
26                       VI.
27     That it is the intention of this answer that the affirma-
28 tive allegations herein contained shall be deemed to be specific
29 denials of any allegations contained in the complaint which are
30 inconsistent therewith.
31     WHEREFORE, this defendant prays:
32     1- That plaintiff take nothing by its said complaint and

LAW OFFICES
ADOLPHUS B. BIANCHI
KOHL BUILDING
SAN FRANCISCO 4
EXBROOK 2-3325

4.

7519

1  that this defendant have judgment for her costs.
2      2-    That it be determined by this Court that the rights
3  of this defendant are not subject to but are paramount to the
4  alleged rights and interest of plaintiff.

                           Attorney for said defendant, Verlie L. Bayle.

Receipt of copy of foregoing answer of defendant Verlie L. Bayle is acknowledged this 11 day of June, 1951.

                          ERNEST A. TOLIN,
                        United States Attorney

                        Assistant U. S. Attorney,
                        Attorney for Plaintiff.

5.

LAW OFFICES
ADOLPHUS B. BIANCHI
KOHL BUILDING
SAN FRANCISCO 4
EXBROOK 2-3325

7520