(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
W. B. DENNIS
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 557

ATTORNEY FOR Defendants PAUL P.
YAKES and DAISY P. YAKES



# FILED

JUN 18 1951

EDMUND L. SMITH, Clerk
By. ...........................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

    vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al,

           Defendants.

No. 1247 - Civil

ANSWER OF
PAUL P. YAKES AND
DAISY P. YAKES

COMES NOW the defendants PAUL P. YAKES, sued herein as Doe
No. 262, and DAISY P. YAKES, sued herein as Doe No. 263, and appear-
ing for themselves alone, and not for any other defendant herein, by
way of Answer to plaintiff's complaint, deny and allege as follows,
to-wit:

## FIRST DEFENSE

    1.  Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph I of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein, except
that these defendants admit that the United States of America insti-
tuted the above entitled action for the purpose of having its rights
to the use of water in the Santa Margarita River, a natural stream,
and its tributaries, declared by the court and to have the court
quiet its titles to such rights and enjoin the defendants from inter-

7563

1 fering with plaintiff's rights as declared by the court.

2        2.   Allege that they are without knowledge or information

3 sufficient to form a belief as to the truth of the allegations con-

4 tained in Paragraph II of plaintiff's complaint, and therefore deny

5 each and every allegation, matter and fact contained therein, except

6 that these defendants admit that Camp Joseph H. Pendleton, located

7 near Oceanside, California, the United States Ammunition Depot, lo-

8 cated near Fallbrook, California, and the United States Naval Hospi-

9 tal, located at Camp Joseph H. Pendleton, are located in the Counties

10 of San Diego and Orange in the State of California, and are military

11 establishments maintained by the United States of America, and that

12 the United States of America claims to own title to said property in

13 fee simple.

14        3.   Allege that they are without knowledge or information

15 sufficient to form a belief as to the truth of the allegations con-

16 tained in Paragraph III of plaintiff's complaint, and therefore deny

17 each and every allegation, matter and fact contained therein.

18        4.   For answer to Paragraph IV of plaintiff's complaint,

19 these defendants and each of them deny each and every allegation,

20 matter and fact contained therein, except that these defendants admit

21 that the Santa Margarita River is one source of supply of water fur-

22 nished and used by Camp Joseph H. Pendleton, the Naval Ammunition

23 Depot, and the United States Naval Hospital.  Admit that said river,

24 which is known in its upper reaches as the Temecula River, and also

25 known as the Temecula-Santa Margarita River, is a non-navigable stream

26 of fresh water which rises near or on the northerly slope of Palomar

27 Mountain in San Diego County, California, and proceeds in a generally

28 westerly direction for a distance of approximately eighteen miles,

29 where it crosses the boundary of Riverside County and enters San Diego

30 County, at which point it continues in a generally southwesterly di-

31 rection across San Diego County until it empties into the Pacific

32 Ocean.  Admit that said river and its tributaries flow partly on the

W.B.Dennis                          -2-

7564

41

surface and partly under the surface, in well-defined channels.
These defendants and each of them further admit that after said river
enters the lands of the plaintiff, there are numerous underground
basins composed of pervious materials, sands, gravels, and other
fluvial deposits, the exact areas and depths of which are unknown to
these answering defendants; but allege that no portion of any basin
which underlies said river where it crosses the lands of plaintiff
underlies any portion of the lands of these answering defendants.
Admit that said river in its course traverses approximately twenty-
one miles of the property of plaintiff, and that there are no water
users below the lands of said plaintiff on said river, and that the
plaintiff owns the lands traversed by said river from the point where
the Santa Margarita River enters plaintiff's property to the point
where the river bed enters the Pacific Ocean.  Deny that these an-
swering defendants or any of them have in any way encroached upon
any rights plaintiff may have in or to the waters of said river or
that these defendants or either of them have reduced the quantities
of water available to plaintiff from said river or any subterranean
source.  Deny that any acts of these answering defendants or either
of them have damaged in any way any rights or property of plaintiff.

     5.  These defendants deny each and every allegation, matter
and fact set forth in Paragraph V of plaintiff's complaint, except
that these defendants admit that the Rancho Santa Margarita, a cor-
poration, the predecessor in interest of the United States of America,
was the plaintiff in an action instituted in the Superior Court of
the State of California in and for the County of San Diego, No.42850,
against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail,
Margaret Vail Bell, the Vail Company, an association of persons
transacting business under that common name, N. R. Vail, Mary Vail
Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as
trustees of said Vail Company, Mahlon Vail, executor of the Estate
of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the

W.B.Dennis

-3-

estate of William Banning Vail, Deceased, Defendants; and Guy Bogart,
Lucy Parkman Bogart and Fred Reinhold, executors of the Will of
Murray Schloss, Deceased, and Philip Playtor, interveners, which ac-
tion was tried in said Superior Court and resulted in a judgment for
plaintiff, which judgment was subsequently reversed by the Supreme
Court of the State of California, and that thereafter the parties to
said action entered into a stipulated judgment, which judgment pur-
portedly adjudicated the rights of the parties in that action to the
use of waters of the Santa Margarita River, and in this respect these
defendants allege that they were not parties to said action and that
they are not privies to any parties named in said action or said
judgment, and that said action did not involve the use of water used
upon or appurtenant to the lands of these defendants, and that they
are not bound by said stipulated action or any part thereof or the
findings of fact or conclusions of law entered in said action.

      6. Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegation con-
tained in Paragraph VI of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein.

      7. Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph VII of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein.

      8. Allege that they are without knowledge or information
sufficient to form a belief as to the truth of the allegations con-
tained in Paragraph VIII of plaintiff's complaint, and therefore deny
each and every allegation, matter and fact contained therein, except
that these answering defendants and each of them specifically deny
that the plaintiff has a paramount right to any water or waters from
the Santa Margarita River or any tributary thereof, and deny that
plaintiff has any rights in and to the waters of the Santa Margarita
River or any tributary thereof other than a correlative right accru-

W.B.Dennis

-4-

43

W. B. Dennis

-5-

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

1.  These answering defendants, PAUL P. YAKES, sued herein as Doe No. 262, and DAISY P. YAKES, sued herein as Doe No. 263, are now and were at the commencement of this action and for a long time heretofore were the owners of approximately 660 acres of land, consisting of the following lands in the County of Riverside, State of California:

> South Half of the Southeast Quarter of the Southeast Quarter of the Southwest Quarter of Section 32, Township 8 South, Range 3 West, San Bernardino Meridian;

and the following lands in the County of San Diego, Stateof California:

> Lots 1, 2 and 3 and the South Half of the Northeast Quarter and the Northeast Quarter of the Southwest Quarter of the Northwest Quarter of the Southeast Quarter and the Northeast Quarter of the Southeast Quarter of the Southeast Quarter of the Northwest Quarter of Section 5, Township 9 South, Range 3 West, San Bernardino Base and Meridian, and Lots 2, 3 and 4 and the Southwest Quarter of the Northwest Quarter of Section 4, Township 9 South, Range 3 West San Bernardino Base and Meridian.

That said land is traversed by the Santa Margarita River, and that the said Santa Margarita River flows through and oer said land and that the defendants and each of them claim the right to use any and all waters which may be produced on or from said real property other than such waters as may be a part of the stream flow of said Santa Margarita River, and to the extent that these defendants own lands riparian to said Santa Margarita River and its tributaries, they claim the right to the reasonable use of the waters of said Santa Margarita River and such of its tributaries as may flow through said lands or the tributaries which may enter said river upstream from their riparian lands, and that said right is a correlative right. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, ad-

W.B.Dennis

-6-

7568

45

verse to these answering defendants and each of them, but that said
claims of said plaintiff are without any right whatsoever, and that
the defendants are entitled to the use of all waters which they may
now or which they may hereafter extract from said real property or
which they may take or divert from said Santa Margarita River or its
tributaries for use on said real property.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's com-
plaint is barred by Sec. 318 of the Code of Civil Procedure of the
State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That the cause of action set forth in plaintiff's com-
plaint is barred by Sec. 319 of the Code of Civil Procedure of the
State of California.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That for more than five years prior to the commencement
of this action and for more than five years prior to the acquisition
by plaintiff of its properties referred to in plaintiff's complaint,
the predecessors of these defendants openly, notoriously, continuous-
ly and uninterruptedly, in hostility to any claim of ownership, title
or interest of plaintiff and its predecessors in interest, and under
claim of right, used any and all waters of said Santa Margarita River
for irrigation and domestic use and purposes, and acquired ownership
of the right to take and use said waters for said purposes, and do
now have the right to use and take said waters for said purposes free
of and prior to and paramount to any right or claim of right in and
to said waters by plaintiff.

FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That at the time of the commencement of this action
there was and there now is an application on file with the State of
California Department of Public Works, Division of Water Resources,
made and filed by the United States of America on the 30th day of

W.B.Dennis

-7-

7569

June, 1948, which application is numbered 12576, wherein said United
States of America asked for permission to divert from a point of di-
version located on the Northwest 1/4 of the Northwest 1/4 of Section
32, Township 9 South, Range 4 West, San Bernardino Base and Meridian,
165,000 acre feet of water from the Santa Margarita River. That said
application has never been withdrawn or dismissed, and that the same
is still pending before the Division of Water Resources, and that
these defendants and each of them have the right to be heard on said
application, and that the rights of the United States of America to
divert waters from said river are contingent upon a permit being is-
sued by said Division of Water Resources, other than such water as said
United States of America may use upon its riparian land for riparian
uses.

WHEREFORE these answering defendants pray that the plain-
tiff take nothing by this action, and that by decree of this court it
be adjudged and decreed that these defendants, PAUL P. YAKES, sued
herein as Doe 262, and DAISY P. YAKES, sued herein as Doe 263, are
the owners of and entitled to  possession of the above described
real property with the right to produce and extract any and all waters
from said real property needed for domestic use and for agricultural
use on said real property, and to take and divert any and all waters
of the Santa Margarita River or any tributaries thereof for domestic
use or for agricultural use on said real property, free and clear of
any claim, right, title or interest of plaintiff, and that said
plaintiff and all persons claiming under said plaintiff be forever
barred from asserting any right, title, interest or estate in or to
said real property and in and to any and all waters which may be pro-
duced therefrom and in and to any and all waters which may be taken
or extracted from the Santa Margarita River or its tributaries there-
of for use on said real property, adverse to these defendants or
either of them, and that the plaintiff be restrained and enjoined
from asserting any such claims, and that these answering defendants

W.B.Dennis

-8-

7570

47

1 and each of them have such further relief as the court may deem meet

2 and equitable, and that these answering defendants recover their

3 costs herein incurred and expended.

4

5                         W. B. DENNIS, attorney for

6                         Defendants PAUL P. YAKES and

                        DAISY P. YAKES

W.B.Dennis

-9-

7571