```
                                            (SPACE BELOW FOR FILING STAMP ONLY)
         LAW OFFICES
       W. B. DENNIS
       RT. 1, BOX 40  58
      FALLBROOK, CALIFORNIA
          PHONE 587
```



ATTORNEY FOR Defendant W. B. HANEY

FILED
JUN 18 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al,<br><br>　　　　　Defendants. | No. 1247 - Civil<br><br>ANSWER OF<br><br>W.B. HANEY |

　　　　COMES NOW the defendant W. B. HANEY, sued herein as Doe No. 145, and appearing for himself alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, denies and alleges as follows, to-wit:

### FIRST DEFENSE

　　　　1.　Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

7584

61

2. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, and the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, this defendant denies each and every allegation, matter and fact contained therein, except that this defendant admits that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admits that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admits that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. This defend-

ant further admits that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to this answering defendant; but alleges that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of this answering defendant. Admits that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Denies that this answering defendant has in any way encroached upon any rights plaintiff may have in or to the waters of said river or that this defendant has reduced the quantities of water available to plaintiff from said river or any subterranean source. Denies that any acts of this answering defendant has damaged in any way any rights or property of plaintiff.

5. This defendant denies each and every allegation contained in Paragraph V of plaintiff's complaint, except that this defendant admits that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray

Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect this defendant alleges that he was not party to said action and that he is not privy to any parties named in said action or said judgment, and that said action did not involve the use of water used upon or appurtenant to the lands of this defendant, and that he is not bound by said stipulated judgment or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VI of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

7. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

8. Alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this answering defendant specifically denies that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and denies that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than a correlative right accruing to plaintiff by virtue of its ownership of that land which is riparian to the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, this

1  defendant denies each and every allegation, contained in said Para-
2  graph IX, and specifically denies that he has in any way violated any
3  rights of plaintiff as therein alleged or at all. This defendant ad-
4  mits that he has asserted and does now assert that his rights to the
5  use of water produced and extracted from his lands hereinafter de-
6  scribed is paramount to the rights of plaintiff and that his rights
7  to the use of water produced or extracted from the Santa Margarita
8  River and its tributaries is paramount in some respects and correlative
9  in other respects to the rights of the United States of America, and
10 denies that such rights were acquired subsequent to or with full knowl-
11 edge of the rights of the United States of America or its predecessors
12 in interest. This defendant alleges that he owns lands upstream from
13 those of plaintiff, located in the watershed of the said Santa Margar-
14 ita River, and certain tributaries thereof, and admits that he claims
15 rights in and to the waters of said river and its tributaries. Denies
16 that any of this answering defendant's rights were acquired subsequent
17 to the rights of plaintiff or its predecessor in interest, the Rancho
18 Santa Margarita, a corporation. Denies that this answering defendant
19 has encroached upon or is encroaching upon or threatens to encroach
20 upon any rights of plaintiff. Denies that this defendant has made any
21 diversion or diversions of the water of the Santa Margarita River up-
22 stream from Camp Pendleton, or at all, but admits that his right to
23 produce or extract water from, under or upon the land owned by this
24 defendant is paramount to the rights of the United States of America.
25          FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE
26          This answering defendant, W. B. HANEY, sued herein as Doe
27 No. 145, is now and at the commencement of this action was and for a
28 long time heretofore was the owner of and entitled to possession of
29 approximately 93 acres of land located in the County of San Diego,
30 State of California, described as follows, to-wit:
31          The Southeast Quarter of the Northwest Quarter and
            the North 330 feet of the Northeast Quarter of the
32          Southwest Quarter and the South 150 feet of the North

W.B.Dennis                              -5-

7588

480 feet of the West 660 feet of the Northeast Quarter of the Southwest Quarter of Section Nine, Township Nine South, Range Three West, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890;  and

The Southwest Quarter of the Northeast Quarter of Section Nine, Township Nine, South, Range Three West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890.

That said land is traversed by Vallecitos Creek, a tributary of the Santa Margarita River, and that this defendant claims the right to use any and all waters which may be produced on or from said real property or which may be produced or diverted from or taken from said Vallecitos Creek or said Santa Margarita River on said real property for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property.  That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, adverse to this answering defendant, but that said claims of said plaintiff are without any right whatsoever, and that this defendant is entitled to the use of all waters which he may now or which he may hereafter extract from said real property or which he may take or divert from said Vallecitos Creek and from said Santa Margarita River or its tributaries for use on said real property.

## FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint, the predecessors of this defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff and its predecessors in

interest, and under claim of right, used any and all waters of said Vallecitos Creek for irrigation and domestic use and purposes and has acquired ownership of the right to take and use said waters for said purposes, and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right in and to said water by plaintiff.

### FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That prior to the commencement of this action and prior to the acquisition by plaintiff of the properties referred to in its complaint, the predecessors in interest of this defendant appropriated 20 miner's inches of water to be diverted from said Vallecitos Creek, for use on the land hereinbefore described, under and in accordance with the laws of the State of California relative to the appropriation of water running in surface and sub-surface channels, and that the predecessors in interest of this defendant have ever since the first day of January, 1936, been the owners of and entitled to appropriate and divert 20 miner's inches of water from said Vallecitos Creek.

### FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

### FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

### FOR A SEVENTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That at the time of the commencement of this action there was and now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of

W.B.Dennis

7530

67

1  America asked for permission to divert from a point of diversion lo-
2  cated on the Northwest 1/4 of the Northwest 1/4 of Section 32, Town-
3  ship 9 South, Range 4 West, San Bernardino Base and Meridian,
4  165,000 acre feet of water from the Santa Margarita River. That said
5  application has never been withdrawn or dismissed, and that the same
6  is still pending before the Division of Water Resources, and that
7  these defendants and each of them have the right to be heard on said
8  application, and that the rights of the United States of America to
9  divert waters from said river are contingent upon a permit being
10 issued by said Division of Water Resources, other than such water
11 as said United States of America may use upon its riparian land for
12 riparian uses.
13          WHEREFORE this answering defendant prays that the plaintiff
14 take nothing by this action, and that by decree of this court it be
15 adjudged and decreed that this defendant, W. B. HANEY, sued herein
16 as Doe No. 145, is the owner of and entitled to possession of the
17 above described real property with the right to produce and extract
18 any and all waters from said real property needed for domestic use
19 and for agricultural use on said real property, and to take and di-
20 vert any and all waters of Vallecitos Creek and of the Santa Margar-
21 ita River for domestic use or for agricultural use on said real pro-
22 perty, and that said plaintiff and all persons claiming under said
23 plaintiff be forever barred from asserting any right, title, inter-
24 est or estate in or to said real property and in and to any and all
25 waters which may be produced therefrom, and in and to any and all
26 waters which may be taken or extracted from Vallecitos Creek and
27 from the Santa Margarita River for use on said real property, ad-
28 verse to this defendant, and that the plaintiff be restrained and
29 enjoined from asserting any such claims, and that this answering de-
30 fendant have such further relief as the court may deem meet and
31 equitable, and that this answering defendant recover his costs here-
32 in incurred and expended.

W. B. DENNIS, Attorney for
Defendant W. B. HANEY

W.B.Dennis

-8-