```
LAW OFFICES
W. B. DENNIS
RT. 1, BOX 46  58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR  Defendant LAURA
              HOWELL TRAYLOR
```

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**
JUN 18 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al,<br><br>              Defendants. | No. 1247 - Civil<br><br>ANSWER OF<br>LAURA HOWELL TRAYLOR |

COMES NOW the defendant, LAURA HOWELL TRAYLOR, sued herein as Doe No. 251, and appearing for herself alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, denies and alleges as follows, to-wit:

### FIRST DEFENSE

1. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court, and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

7592

2. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, this defendant denies each and every allegation, matter and fact contained therein, except that this defendant admits that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admits that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admits that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. This defendant further admits

that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to this answering defendant; but alleges that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of this answering defendant. Admits that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Denies that this answering defendant has in any way encroached upon any rights plaintiff may have in or to the waters of said river or that this defendant has reduced the quantities of water available to plaintiff from said river or any subterranean source. Denies that any acts of this answering defendant has damaged in any way any rights or property of plaintiff.

5. This defendant denies each and every allegation contained in Paragraph V of plaintiff's complaint, except that this defendant admits that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray

W.B.Dennis

Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect this defendant alleges that she was not party to said action and that she is not privy to any parties named in said action or said judgment, and that said action did not involve the use of water used upon or appurtenant to the lands of this defendant, and that she is not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

7. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein.

8. Alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this answering defendant specifically denies that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and denies that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than a correlative right accruing to plaintiff by virtue of its ownership of that land which is riparian to the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, this defendant denies each and every allegation contained in said Paragraph IX, and specifically denies that she has in any way violated any rights of plaintiff as therein alleged or at all. This defendant admits that she has asserted and does now assert that her rights to the use of water produced and extracted from her lands hereinafter described is paramount to the rights of plaintiff and that her rights to the use of water produced or extracted from the Santa Margarita River and its tributaries is paramount in some respects and correlative in other respects to the rights of the United States of America, and denies that such rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. This defendant alleges that she owns lands upstream from those of plaintiff, located in the watershed of the said Santa Margarita River and certain tributaries thereof and admits that she claims rights in and to the waters of said river and its tributaries. Denies that any of this answering defendant's rights were acquired subsequent to the rights of plaintiff or its predecessor in interest, the Rancho Santa Margarita, a corporation. Denies that this answering defendant has encroached upon or is encroaching upon or threatens to encroach upon any rights of plaintiff. Admits that this defendant and her predecessors in interest have diverted and are diverting waters from the Santa Margarita River upstream from Camp Pendleton for use upon their riparian lands, but alleges that her right to produce and extract water from said Santa Margarita for use on her riparian land is paramount to the rights of the United States of America in some respects and correlative to the rights of the United States of America in other respects, and alleges that her right to produce or extract water from, under or upon the land owned by this defendant is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

This answering defendant, LAURA HOWELL TRAYLOR, sued herein

W.B.Dennis

-5-

7596

as Doe No. 251, is now and for a long time heretofore has been the owner of and entitled to possession of approximately 173.93 acres of land in the County of San Diego, State of California, described as follows:

> Commencing at the northwest corner of the southwest quarter of the northeast quarter (N.W.cor. of S.W.¼ of N.E.¼) of Section Number Eight (S.8) in Township Number Nine (T.9) South of Range Number three (R.3) West of San Bernardino Meridian, and running thence East twenty chains (E. 20 chs.) thence South twenty chains (S. 20 chs.) thence West six and thirty three hundredths chains (W. 6-33/100 chs.) thence north eighteen degrees east thirteen chains (N. 18°E.13 chs) to a line oak tree, thence north sixty-six and three fourths degrees west nineteen and twenty-five hundredths chains (N. 66-3/4° W. 19-25/100 chs.) to point of beginning, containing thirteen and eighty-three hundredths acres more or less and its full proportion of water for irrigation from the ditch thereon, and

> Southeast quarter of Southwest quarter Section Five, and North half of Northwest quarter and Southwest quarter of Northwest quarter of Section Eight in Township Nine South of Range Three West S.B.M., containing 160 acres.

That said land is traversed by the Santa Margarita River and that said Santa Margarita River flows through, over and on the lands of this defendant, and to the extent that this defendant owns lands riparian to said Santa Margarita River, she claims the right to the reasonable use of the waters of said Santa Margarita River and such of its tributaries as may enter said river upstream from her riparian lands. That the plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said real property or which may be taken, diverted or extracted from said Santa Margarita River and its tributaries, adverse to this answering defendant, but that said claims of said plaintiff are without any right whatsoever, and that this defendant is entitled to the use of all waters which she may now or which she may hereafter extract or divert or take from said Santa Margarita River or its tributaries for beneficial use on said real property hereinbefore described.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint

is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

### FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

### FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint, the predecessors of this defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff and its predecessors in interest, and under claim of right, used any and all waters of said Santa Margarita River for irrigation and domestic use and purposes, and acquired ownership of the right to take and use said waters for said purposes, and do now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right in and to said waters by plaintiff.

### FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that this defendant has the right to be heard on said application, and that the

rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE this answering defendant prays that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that this defendant, LAURA HOWELL TRAYLOR, sued herein as Doe No. 251, is the owner of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use and for agricultural use on said real property, and to take and divert any and all waters of the Santa Margarita River or any tributaries thereof for domestic use or for agricultural use on said real property, free and clear of any claim, right, title or interest of plaintiff, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property and in and to any and all waters which may be produced therefrom, and in and to any and all waters which may be taken or extracted from the Santa Margarita River or its tributaries thereof for use on said real property, adverse to this defendant, and that the plaintiff be restrained and enjoined from asserting any such claims, and that this answering defendant have such further relief as the court may deem meet and equitable, and that this answering defendant recover her costs herein incurred and expended.

*W. B. Dennis* (signature)
W. B. DENNIS, attorney for
Defendant LAURA HOWELL TRAYLOR

W.B.Dennis

-8-

7589