LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 46  58
FALLBROOK, CALIFORNIA
PHONE 537

ATTORNEY FOR Defendants D. H.
BULLOCK, VESTA I. BULLOCK and
GLENN C. BULLOCK

(SPACE BELOW FOR FILING STAMP ONLY)



FILED
JUN 18 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al,

    Defendants.

No. 1247 - Civil

ANSWER OF
D. H. BULLOCK, VESTA I.
BULLOCK and GLENN C.
BULLOCK

  COMES NOW the defendants D. H. BULLOCK, sued herein as Doe No. 88, VESTA I. BULLOCK, sued herein as Doe No. 89 and GLENN C. BULLOCK, sued herein as Doe No. 90, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, admit, deny and allege as follows, to-wit:

### FIRST DEFENSE

  1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from inter-

7600

63

fering with plaintiff's rights as declared by the court.

2. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific

W.B.Dennis

-2-

7601

64

Ocean. Admit that said river and its tributaries flow partly on the surface and partly under the surface, in well-defined channels. These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source. Deny that any acts of these answering defendants or either of them have damaged in any way any rights or property of plaintiff.

5. These defendants deny each and every allegation contained in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased,

and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect these defendants allege that they were not parties to said action and that they are not privies to any parties named in said action or said judgment, and that they are not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

  6. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

  7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

  8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these answering defendants and each of them specifically deny that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and deny that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than that which may accrue to plaintiff by virtue of its ownership of land which is riparian to

the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, these defendants and each of them deny each and every allegation contained in said Paragraph IX and specifically deny that they have in any way violated any rights of plaintiff as therein alleged or at all. Admit that they have asserted and do now assert that their rights in and to the use of water produced or extracted from the lands hereinafter described are paramount to the rights of plaintiff and deny that said rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. Admit and allege that these defendants own lands located within the water shed of the Santa Margarita River and its tributaries, and that they claim rights in and to the waters of said stream. Deny that these answering defendants or either of them have encroached upon or are encroaching upon or threaten to encroach upon any rights of plaintiff. Deny that these defendants or either of them have made any diversion or diversions of the water of the Santa Margarita River upstream from Camp Pendleton, or at all, but admit that their right to produce or extract water from, under or upon the land owned by these defendants is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

These answering defendants, D. H. BULLOCK, sued herein as Doe No. 88, VESTA I. BULLOCK, sued herein as Doe No. 89 and GLENN C. BULLOCK, sued herein as Doe No. 90, allege that D. H. BULLOCK, a married man, is the owner of an undivided one-half interest, and that GLENN C. BULLOCK is the owner of an undivided one-half interest, in and to approximately 22.49 acres of land located in the County of San Diego, State of California, described as follows, to-wit:

> The West Half of the Northeast Quarter of the Northeast Quarter of Section 6, Township 9 South, Range 3 West, San Bernardino Meridian, according to United States Government Survey approved April 21, 1890.

That said land does not overlie any underground basin which extends

W.B.Dennis

-5-

7604

under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractured and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

These answering defendants allege that the defendant D. H. BULLOCK, a married man, is now and for a long time heretofore has been the owner of an undivided one-half interest in and to approximately 12½ acres of land situated in the County of San Diego, State of California, described as follows, to-wit:

> That portion of Lot 4 (Northwest Quarter of Northwest Quarter) of Section 5, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, described as follows:
> Beginning at a point in the South line of said Lot 4, distant North 89° 55' 28" East, 130.02 feet from the Southwest corner of said Lot 4; thence parallel with the

       West line of said Lot 4, North 0° 57' East, 453.99 feet; thence South 89° 42' 30" East, 1227.82 feet to a point in the East line of said Lot 4; thence along said East line South 1° 20' 40" West, 446.20 feet to the Southeast, corner of said Lot 4; thence along the South line of said Lot 4, South 89° 55' 28" West, 1224.85 feet to the point of beginning.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

       FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

       These answering defendants, D. H. BULLOCK, VESTA I. BULLOCK and GLENN C. BULLOCK, allege that the defendant D. H. BULLOCK, a married man, is the owner of approximately 1/3 of a acre of land located in the County of San Diego, State of California, described as

W.B.Dennis        -7-       7606

follows, to-wit:

    That portion of the West 31 rods of Lot 1 (the Northwest Quarter of the Northwest Quarter) of Section 19, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved September 11, 1879 lying Southeast of the center line of County Highway Commission Road Route 4, Division 4, as per map of Road Survey No. 338, on file in the office of the County Surveyor of San Diego County, as said road was conveyed to the County of San Diego by deed from Effie B. Alexander et al, recorded December 30, 1918 in Book 751, page 56 of Deeds, in the office of the County Recorder of San Diego County. EXCEPTING therefrom that portion thereof included in the boundaries of the land described in the deed from Effie B. Alexander and Henry V. Alexander to Atchison, Topeka and Santa Fe Railway Company, a corporation, dated January 10, 1917 and recorded in Book 734, page 211 of Deeds, Records of said County, described as follows:
    Beginning at a point in the South line of the Northwest Quarter of the Northwest Quarter of said Section 19, a distance of 511.5 feet East from the West line of said Section; thence North along the East boundary of the West 31 rods of said Northwest Quarter of the Northwest Quarter, a distance of 148.59 feet; thence South 37° 31' West parallel with and 50 feet Northwesterly from the center line of the location of the Atchison, Topeka and Santa Fe Railway Company's railway, 202 feet to the South line of said Northwest Quarter of the Northwest Quarter; thence East along said South line, 119.62 feet to the point of beginning.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, and for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property herein before described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which

they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

## FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

These answering defendants, D. H. BULLOCK, VESTA I. BULLOCK and GLENN C. BULLOCK, allege that the defendant D. H. BULLOCK, a married man, is the holder of a note in the principal amount of $4750, executed on the 30th day of March, 1948 by Haley F. Jones and Ruth B. Jones, husband and wife, to Arthur A. King, a single man, which note is secured by a deed of trust executed on the 30th day of March, 1948 by Haley F. Jones and Ruth B. Jones as Trustor to the Union Title Insurance and Trust Company, a corporation, of San Diego, California, as Trustee, which deed of trust was recorded in Book 2765, page 29 et seq of Official Records in the Office of the County Recorder of San Diego County, wherein said Trustors conveyed in trust as the security for the payment of said obligation, the following-described real property, to-wit:

PARCEL 1: The East Half of Lot 1 (Northeast Quarter of Northeast Quarter) of Section 6, Township 9 South, Range 3 West, San Bernardino Base and Meridian, in the County of San Diego, State of California, EXCEPTING therefrom that portion thereof described as follows:
Beginning at the Northeast corner of said Lot 1; thence along the East line of said Lot 1, South 0° 57' West, 437.75 feet; thence North 83° 58' West, 125.25 feet; thence North 0° 57' East, parallel with the East line of said Lot 1, 423.50 feet to a point in the North line of said Lot 1; thence Easterly along said North line North 89° 31' 20" East, 125.04 feet to the point of beginning.

PARCEL 2: All that portion of Lot 4 (Northwest Quarter of Northwest Quarter) of Section 5, Township 9 South, Range 3 West, San Bernardino Base and Meridian, in the County of San Diego, State of California, described as follows:
Beginning at a point in the West line of said Lot 4,

W.B.Dennis

-9-

7808

1     distant South 0° 57' West, 437.75 feet from the North-
2     west corner of said Lot 4; thence continuing along the
    said West line of Lot 4, South 0° 57' West, 1093.92 feet
3     to the Southwest corner of said Lot 4; thence along the
    South line of said Lot 4, North 89° 55' 28" East, 130.02
4     feet; thence North 0° 57' East, parallel with the West
    line of said Lot 4, 453.99 feet; thence South 89°42'30"
5     East, 1227.82 feet to a point in the East line of said
    Lot 4, which point is distant North 1° 20' 40" East,
6     446.20 feet from the Southeast corner of said Lot 4;
    thence Northerly along the said East line of Lot 4,
7     North 1° 20' 40" East, 502.43 feet to a point on said
    East line which bears South 83°58' East from the point
8     of beginning; thence North 83°58' West, 1366.62 feet to
    the point of beginning.

9 That this defendant is informed and believes and therefore alleges
10 that said land does not overlie any underground basin which extends
11 under the Santa Margarita River or any tributaries thereof, but that
12 said land overlies a body of decomposed and blue granite which is
13 fractured and faulted through which water slowly percolates in various
14 amounts and in various directions through said decomposed granite and
15 through said fractures and faults.  That the defendant D. H. BULLOCK
16 claims such rights as he may have acquired by reason of the execution
17 of said deed of trust and the right to use any and all waters which
18 may be produced on or from said property for domestic use and for the
19 purpose of irrigating such crops as are now being grown or which may
20 hereafter be grown upon said real property for and on behalf of this
21 defendant or any person, firm or corporation which may hereafter ac-
22 quire any rights in and to said real property under and pursuant to
23 the terms of said deed of trust or any trustee's deed which may be
24 hereafter executed by the trustee in the event of a default thereunder
25 and a sale of said property by said trustee.  That plaintiff herein
26 claims some estate, right, title or interest in and to the waters
27 which may be produced on or from said property hereinbefore described
28 adverse to this defendant D. H. BULLOCK, and that said claims of said
29 plaintiff are without any rights whatsoever.  That the beneficiary
30 named in said deed of trust or his successor or successors in interest
31 and the purchaser at any sale which may hereafter be conducted by the
32 trustee pursuant to the terms of said deed of trust are entitled to

the use of all waters which may now or which may hereafter be extracted or produced from said real property for beneficial use on said real property and to the extent that said land is riparian to the Santa Margarita River or its tributaries, that the beneficiaries named in said deed of trust, and their successors in interest, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

### FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

These answering defendants, D. H. BULLOCK, VESTA I. BULLOCK and GLENN C. BULLOCK, allege that the defendant, D. H. BULLOCK, a married man, is the holder of a note in the principal amount of $2000.00, executed on the 26th day of March, 1949 by Lawrence A. Lenfers and Nell A. Lenfers, husband and wife, as Trustors, to the Union Title Insurance and Trust Company, a corporation, of San Diego, California, as Trustee, which deed of trust was recorded in Book 3156 page 488 of Official Records in the Office of the County Recorder of San Diego County, wherein said Trustors conveyed in trust as security for the payment of said obligation, the following-described real property, to-wit:

> Lots 1, 2, 3, 4, 5 and 6; the South half of the Northeast Quarter; the South Half of the Northwest Quarter; the Northwest Quarter of the Southeast Quarter; the South Half of the Southeast Quarter; and the North Half of the Southwest Quarter; all in Section Three; and Lots Two and Three in Section Ten; all in Township Nine South, Range Four West, San Bernardino Meridian, San Diego County, California.

That this defendant is informed and believes and therefore alleges that said land does not overlie any underground basin which extends under the Santa Margarita River or any tributaries thereof, but that said land overlies a body of decomposed and blue granite which is fractured and faulted through which water slowly percolates in various amounts and in various directions through said decomposed granite

W.B.Dennis                                    -11-

7610

and through said fractures and faults. That the defendant D. H. BULLOCK claims such rights as he may have acquired by reason of the execution of said deed of trust and the right to use any and all waters which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property for and on behalf of this defendant or any person, firm or corporation which may hereafter acquire any rights in and to said real property under and pursuant to the terms of said deed of trust or any trustee's deed which may be hereafter executed by the trustee in the event of a default thereunder and a sale of said property by said trustee. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described adverse to this defendant D. H. BULLOCK, and that said claims of said plaintiff are without any rights whatsoever. That the beneficiary named in said deed of trust or his successor or successors in interest and the purchaser at any sale which may hereafter be conducted by the trustee pursuant to the terms of said deed of trust are entitled to the use of all waters which may now or which may hereafter be extracted or produced from said real property for beneficial use on said real property and to the extent that said land is riparian to the Santa Margarita River or its tributaries, that the beneficiaries named in said deed of trust, and their successors in interest, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR A SEVENTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

These answering defendants D. H. BULLOCK, VESTA I. BULLOCK and GLENN C. BULLOCK, allege that the defendant, D. H. BULLOCK, a married man, is the holder of a note executed on the 27th day of March 1950, by Thomas C. Morse, a married man, as his separate property, to

W.B.Dennis

-12-

7611

1  the Union Title Insurance and Trust Company, a corporation, of San
2  Diego, California, as Trustee, which deed of trust was recorded in
3  Book 3558, page 119 of Official Records in the Office of the County
4  Recorder of San Diego County, wherein said Trustor conveyed in trust
5  as security for the payment of said obligation, an undivided one-half
6  interest in and to the following described real property, located in
7  the County of San Diego, State of California, to-wit:

> That portion of Lot 4 (the Northwest 1/4 of the Northwest 1/4) of Section 5, Township 9 South, Range 3 West, S.B.B. and M., described as follows:
> Beginning at a point in the South line of said Lot 4 distant North 89° 55' 28" East 130.02 feet from the Southwest corner of said Lot 4; thence parallel with the West line of said Lot 4 North 0° 57' East 453.99 feet; thence South 89° 42' 30" East 1227.82 feet to a point in the East line of said Lot 4; thence along said East line South 1° 20' 40" West 446.20 feet to the Southeast corner of said Lot 4; thence along South line of said Lot 4 South 89° 55' 28" West 1224.85 feet to the point of beginning.

15 That this defendant is informed and believes and therefore alleges
16 that said land, consisting of approximately 12½ acres, does not over-
17 lie any underground basin which extends under the Santa Margarita
18 River or any tributaries thereof, but that said land overlies a body
19 of decomposed and blue granite which is fractured and faulted, through
20 which water slowly percolates in various amounts and in various direc-
21 tions through said decomposed granite and through said fractures and
22 faults. That the defendant D. H. BULLOCK claims such rights as he
23 may have acquired by reason of the execution of said deed of trust and
24 the right to use any and all waters which may be produced on or from
25 said property for domestic use and for the purpose of irrigating such
26 crops as are now being grown or which may hereafter be grown upon said
27 real property for and on behalf of this defendant or any person, firm
28 or corporation which may hereafter acquire any rights in and to said
29 real property under and pursuant to the terms of said deed of trust or
30 any trustee's deed which may be hereafter executed by the trustee in
31 the event of a default thereunder and a sale of said property by said
32 trustee. That plaintiff herein claims some estate, right, title or

W.B.Dennis                      -13-                            7612

interest in and to the waters which may be produced on or from said property hereinbefore described adverse to this defendant D. H. BULLOCK, and that said claims of said plaintiff are without any rights whatsoever. That the beneficiary named in said deed of trust or his successor or successors in interest and the purchaser at any sale which may hereafter be conducted by the trustee pursuant to the terms of said deed of trust are entitled to the use of all waters which may now or which may hereafter be extracted or produced from said real property for beneficial use on said real property and to the extent that said land is riparian to the Santa Margarita River or its tributaries, that the beneficiaries named in said deed of trust, and their successors in interest, have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR AN EIGHTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

FOR A NINTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

FOR A TENTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32,

Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that these defendants and each of them have the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE these answering defendants pray that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that these defendants D. H. BULLOCK, sued herein as Doe No. 88, and GLENN C. BULLOCK, sued herein as Doe No. 90, are the owners of and entitled to possession of the property described in the Second Further and Separate and Distinct Defense; and that the defendant D. H. BULLOCK is the owner of an undivided one-half interest in and to the property described in the Third Further and Separate and Distinct Defense; and that the defendant D. H. BULLOCK is the owner of the property described in the Fourth Further and Separate and Distinct Defense; and that the defendant D. H. BULLOCK is the owner of and holder of the notes and deeds of trust described in the Fifth, Sixth and Seventh Further and Separate and Distinct Defenses; and that the said defendants are the owners of and entitled to possession of the above described real property in which they allege to have an interest, with the right to produce and extract any and all waters from said parcels of real property needed for domestic use and for agricultural use on said real property, and to take and divert any and all waters of the Santa Margarita River for domestic use or for agricultural use on said real property, and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said real

W.B.Dennis

-15-

7614

property and in and to any and all waters which may be produced therefrom, and in and to any and all waters which may be taken or extracted from the Santa Margarita River or its tributaries thereof for use on said real property, adverse to these defendants or either of them, and that the plaintiff be restrained and enjoined from asserting any such claims, and that these answering defendants and each of them have such further relief as the court may deem meet and equitable, and that these answering defendants recover their costs herein incurred and expended.

W. B. DENNIS, attorney for Defendants D. H. BULLOCK, VESTA I. BULLOCK and GLENN C. BULLOCK

W.B.Dennis

-16-

7615

77