LAW OFFICES
W. B. DENNIS
RT. 1, BOX 48 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendant SANTA MARGARITA MUTUAL WATER COMPANY, a corporation

FILED
JUN 18 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,<br><br>Defendants. | No. 1247 - Civil<br><br>ANSWER OF<br>SANTA MARGARITA MUTUAL<br>WATER COMPANY, A CORPORATION |

COMES NOW the defendant SANTA MARGARITA MUTUAL WATER COMPANY, a corporation, and appearing for itself alone and not for any other defendant herein, by way of Answer to plaintiff's complaint, admits, denies and alleges as follows, to-wit:

### FIRST DEFENSE

1. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

2. Alleges that it is without knowledge or information

7521

1  sufficient to form a belief as to the truth of the allegations con-
2  tained in Paragraph II of plaintiff's complaint, and therefore denies
3  each and every allegation, matter and fact contained therein, except
4  that this defendant admits that Camp Joseph H. Pendleton, located
5  near Oceanside, California, the United States Ammunition Depot, lo-
6  cated near Fallbrook, California, and the United States Naval Hospi-
7  tal, located at Camp Joseph H. Pendleton, are located in the Counties
8  of San Diego and Orange in the State of California, and are military
9  establishments maintained by the United States of America, and that
10 the United States of America claims to own title to said property in
11 fee simple.
12       3. Alleges that it is without knowledge or information
13 sufficient to form a belief as to the truth of the allegations con-
14 tained in Paragraph III of plaintiff's complaint, and therefore denies
15 each and every allegation, matter and fact contained therein.
16       4. For answer to Paragraph IV of plaintiff's complaint,
17 this defendant denies each and every allegation, matter and fact con-
18 tained therein, except that this defendant admits that the Santa
19 Margarita River is one source of supply of water furnished and used by
20 Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United
21 States Naval Hospital. Admits that said river, which is known in its
22 upper reaches as the Temecula River, and also known as the Temecula-
23 Santa Margarita River, is a non-navigable stream of fresh water which
24 rises near or on the northerly slope of Palomar Mountain in San Diego
25 County, California, and proceeds in a generally westerly direction
26 for a distance of approximately eighteen miles, where it crosses the
27 boundary of Riverside County and enters San Diego County, at which
28 point it continues in a generally southwesterly direction across San
29 Diego County until it empties into the Pacific Ocean. Admits that
30 said river and its tributaries flow partly on the surface and partly
31 under the surface, in well-defined channels. This defendant further
32 admits that after said river enters the lands of the plaintiff, there

W. B. DENNIS

are numerous underground basins composed of pervious materials, sands, gravels and other fluvial deposits, the exact areas and depths of which are unknown to this answering defendant; but alleges that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of this answering defendant. Admits that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Denies that this answering defendant has in any way encroached upon any rights plaintiff may have in or to the waters of said river or that this defendant has reduced the quantities of water available to plaintiff from said river or any subterranean source. Denies that any acts of this answering defendant has damaged in any way any rights or property of plaintiff.

5.  This defendant denies each and every allegation contained in Paragraph V of plaintiff's complaint, except that this defendant admits that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray Schloss, deceased, and Philip Playtor, inter-

1 veners, which action was tried in said Superior Court and resulted
2 in a judgment for plaintiff, which judgment was subsequently re-
3 versed by the Supreme Court of the State of California, and that
4 thereafter the parties to said action entered into a stipulated
5 judgment, which judgment purportedly adjudicated the rights of the
6 parties in that action to the use of waters of the Santa Margarita
7 River, and in this respect this defendant alleges that it was not
8 party to said action and that it is not privy to any parties named
9 in said action or said judgment, and that said action did not in-
10 volve the use of waters claimed by this defendant, and that it is
11 not bound by said stipulated action or any part thereof or the
12 findings of fact or conclusions of law entered in said action.
13     6. Alleges that this answering defendant is without
14 knowledge or information sufficient to form a belief as to the
15 truth of the allegations contained in Paragraph VI of plaintiff's
16 complaint, and therefore denies each and every allegation, matter
17 and fact contained therein.
18     7. Alleges that this answering defendant is without
19 knowledge or information sufficient to form a belief as to the
20 truth of the allegations contained in Paragraph VII of plaintiff's
21 complaint, and therefore denies each and every allegation, matter
22 and fact contained therein.
23     8. Alleges that this answering defendant is without
24 knowledge or information sufficient to form a belief as to the
25 truth of the allegations contained in Paragraph VIII of plaintiff's
26 complaint, and therefore denies each and every allegation, matter
27 and fact contained therein except that this answering defendant
28 specifically denies that the plaintiff has a paramount right to any
29 water or waters or to the use of any water or waters in or from the
30 Santa Margarita River or any tributary thereof, and further denies
31 that plaintiff has any right in and to the waters and in and to the
32 use of the waters of the Santa Margarita River or any tributary

W.B.Dennis

-4-

7523

thereof other than those rights which may accrue to plaintiff by virtue of its ownership of land which is riparian to the Santa Margarita River.

    9. For answer to Paragraph IX of plaintiff's complaint, this defendant denies each and every allegation contained in said Paragraph IX and specifically denies that it has in any way violated any rights of plaintiff as therein alleged or at all. This defendant admits that it has asserted and does now assert that its rights to the use of water to be produced, stored or extracted from the Santa Margarita River and its tributaries thereof is paramount to the rights of plaintiff and denies that its rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. This defendant alleges that it claims rights in and to the waters of said river and its tributaries and the right to store flood waters of said river and its tributaries, and denies that said rights were acquired subsequent to the rights of plaintiff and its predecessor in interest, the Rancho Santa Margarita, a corporation. Denies that this answering defendant has encroached upon or is encroaching upon any rights of plaintiff and denies that this defendant has made any diversion or diversions of the waters of the Santa Margarita River and its tributaries upstream from Camp Pendleton or at all, but admits that its right to produce, divert, extract and store water from said Santa Margarita River and its tributaries upstream from the lands of plaintiff is paramount to the rights of the United States of America.

    FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

    This answering defendant alleges that on or about the 4th day of October, 1946, this defendant filed an application with the Division of Water Resources of the State of California, pursuant to Sections 1260 et seq. of the Water Code of the State of California, for a permit to appropriate waters from the Santa Margarita River

1  and its tributaries. That this defendant claims and alleges to have
2  the right to divert not to exceed 60 cubic feet per second from the
3  stream flow of said Santa Margarita River and its tributaries, and
4  to store 5,000 acre feet of the waters of the Santa Margarita River
5  under and pursuant to any permit which may hereafter be issued by
6  the State of California pursuant to the application hereinbefore
7  mentioned. That thereafter and on or about the 12th day of Novem-
8  ber, 1947, this defendant filed its application with the Division
9  of Water Resources of the State of California under and pursuant to
10 Sections 1260 et seq. of the Water Code of the State of California,
11 for permission to store 60,000 acre feet of the waters of the Santa
12 Margarita River under and pursuant to any permit which may be issued
13 by said Division of Water Resources; and that thereafter and on or
14 about the 30th day of June, 1948, the plaintiff, the United States
15 of America, filed its application with the Division of Water Re-
16 sources of the State of California under and pursuant to the provi-
17 sions of Sections 1260 et seq. of the Water Code of the State of
18 California, wherein plaintiff requested the issuance of a permit
19 authorizing it to store 165,000 acre feet of water of the Santa
20 Margarita River; and that any and all rights which the United States
21 of America may have in and to the waters or the use of waters under
22 and pursuant to the terms of any permit issued by the State of Cali-
23 fornia, will be subject to the rights of this defendant under any
24 permits granted by the Division of Water Resources of the State of
25 California upon the applications filed by this defendant, and that
26 the rights to the use of water of said Santa Margarita River by this
27 defendant is paramount, prior and superior to the rights to the use
28 of said water by the plaintiff United States of America. That all
29 of said applications are still pending before said Division of Water
30 Resources. That any and all rights which the United States of
31 America may acquire under and pursuant to their said application
32 are junior to and subject to the rights of this defendant to use

W.B.Dennis                    -6-                        7525

and take water from said Santa Margarita River, and that the rights of this defendant are paramount to the rights of the United States of America to the use of water of said Santa Margarita River on non-riparian lands and for non-riparian purposes.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE.

That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE.

That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE.

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that this defendant has the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE this answering defendant prays that the plaintiff take nothing by this action, and that by decree of court it be

W.B.Dennis

-7-

7526

adjudged and decreed that this defendant, the SANTA MARGARITA MUTUAL WATER COMPANY, a corporation, is the owner of and entitled to take and divert and store waters from the Santa Margarita River under and pursuant to such permits as may hereafter be issued by the Division of Water Resources of the State of California on the applications heretofore filed by this defendant with the Division of Water Resources, and that this court decree that this defendant's right to divert, store and use water of said Santa Margarita River is paramount and superior to the rights of the United States of America to use, store or divert waters of said Santa Margarita River and its tributaries except for riparian purposes on lands owned by it which are riparian to said Santa Margarita River; and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said water, or claiming that plaintiff's rights to use the waters of the Santa Margarita River for non-riparian purposes and use on non-riparian lands, are superior, correlative or equal to the rights of this defendant to use, store and divert the waters of said Santa Margarita River and its tributaries; and that plaintiff be restrained and enjoined from asserting any such claims and that this answering defendant have such other and further relief as the court may deem meet and equitable, and recover its costs herein incurred and expended.

W. B. DENNIS, Attorney for Defendant SANTA MARGARITA MUTUAL WATER COMPANY, a corporation.