LAW OFFICES
W. B. DENNIS
RT. 1, BOX 40  58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants MARK GALLACHER and MARGARET LAURETTE GALLACHER

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
JUN 18 1951
EDMUND L. SMITH, Clerk
By ............................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
               Plaintiff,  )   No. 1247 - Civil
         vs.  )
                       )   ANSWER OF
FALLBROOK PUBLIC UTILITY DISTRICT,  )   MARK GALLACHER AND
a public service corporation of  )   MARGARET LAURETTE
the State of California, et al,  )   GALLACHER
               Defendants.  )

    COMES NOW the defendants MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe No. 131, and appearing for themselves alone, and not for any other defendant herein, by way of Answer to plaintiff's complaint, deny and allege as follows, to-wit:

FIRST DEFENSE

    1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from inter-

7616

86

fering with plaintiff's rights as declared by the court.

2. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admit that said river and its tributaries flow partly

on the surface and partly under the surface, in well-defined channels. These defendants and each of them further admit that after said river enters the lands of the plaintiff, there are numerous underground basins composed of pervious materials, sands, gravels, and other fluvial deposits, the exact areas and depths of which are unknown to these answering defendants; but allege that no portion of any basin which underlies said river where it crosses the lands of plaintiff underlies any portion of the lands of these answering defendants. Admit that said river in its course traverses approximately twenty-one miles of the property of plaintiff, and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Deny that these answering defendants or any of them have in any way encroached upon any rights plaintiff may have in or to the waters of said river or that these defendants or either of them have reduced the quantities of water available to plaintiff from said river or any subterranean source. Deny that any acts of these answering defendants or either of them have damaged in any way any rights or property of plaintiff.

    5. These defendants deny each and every allegation contained in Paragraph V of plaintiff's complaint, except that these defendants admit that the Rancho Santa Margarita, a corporation, the predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company, an association of persons transacting business under that common name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees of said Vail Company, Mahlon Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of

W.B.Dennis            -3-

William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the Will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect these defendants allege that they were not parties to said action and that they are not privies to any parties named in said action or said judgment, and that said action did not involve the use of water used upon or appurtenant to the lands of these defendants, and that they are not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these answering defendants and each of them specifically deny that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and deny that plaintiff has any rights in and to the waters of the Santa Margarita River or any tributary thereof other than a correlative right accru-

W.B.Dennis

-4-

7619

ing to plaintiff by virtue of its ownership of that land which is riparian to the Santa Margarita River.

9. For answer to Paragraph IX of plaintiff's complaint, these defendants and each of them deny each and every allegation contained in said Paragraph IX, and specifically deny that they have in any way violated any rights of plaintiff as therein alleged or at all. These defendants admit that they have asserted and do now assert that their rights to the use of water produced and extracted from their lands hereinafter described is paramount to the rights of plaintiff and that their rights to the use of water produced or extracted from the Santa Margarita River and its tributaries is paramount in some respects and correlative in other respects to the rights of the United States of America, and deny that such rights were acquired subsequent to or with full knowledge of the rights of the United States of America, or its predecessors in interest. These defendants allege that they own lands upstream from those of plaintiff, located in the watershed of the said Santa Margarita River and certain tributaries thereof, and admit that they claim rights in and to the waters of said river and its tributaries. Deny that any of these answering defendants' rights were acquired subsequent to the rights of plaintiff or its predecessor in interest, the Rancho Santa Margarita, a corporation. Deny that these answering defendants or either of them have encroached upon or are encroaching upon or threaten to encroach upon any rights of plaintiff. Deny that these defendants or either of them have made any diversion or diversions of the water of the Santa Margarita River upstream from Camp Pendleton, or at all, but admit that their right to produce or extract water from, under or upon the land owned by these defendants is paramount to the rights of the United States of America.

FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. These answering defendants, MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe

W.B.Dennis

-5-

7620

No. 131, are now and at the commencement of this action and for a long time heretofore were the owners of and entitled to possession of approximately 90 acres of land located in the County of San Diego, State of California, described as follows, to-wit:

> Southwest Quarter of the Southeast Quarter of Section 8 Township 9 South, Range 3 West; and the North Half of the Southeast Quarter of Section 8, Township 9 South, Range 3 West, San Bernardino Base and Meridian, EXCEPT the east 30 acres of said North Half of the Southeast Quarter, according to the United States Government Survey thereof;

and that the defendant MARGARET LAURETTE GALLACHER, also known as MARGARET LAURETTE EACHEL GALLACHER, as trustee of the estate of MARGARET LAURA EACHEL, Deceased, is the owner of a deed of trust dated May 13, 1947, executed by the defendant MARK GALLACHER and this defendant MARGARET LAURETTE GALLACHER, in her individual capacity, to the Bank of America National Trust and Savings Association, a national banking association, to secure an indebtedness of $7000.00 in favor of Margaret Laurette Eachel Gallacher as trustee of the estate of Margaret Laura Eachel, Deceased, and any other amounts payable under the terms thereof, which deed of trust was recorded on July 11, 1947 in the Office of the County Recorder of San Diego County, San Diego, California, and that said deed of trust is a first lien upon the real property hereinbefore described, and the water rights hereinafter described. That said land is traversed by the Santa Margarita River and by a tributary of said Santa Margarita River sometimes known and designated as Rainbow Creek, and that the waters of said Rainbow Creek flow over, through and on the lands of these defendants, and to the extent that these defendants own lands riparian to said Rainbow Creek and to said Santa Margarita River and its tributaries, they claim the right to the reasonable use of the waters of said Rainbow Creek and said Santa Margarita River and such of its tributaries as may enter said river upstream from their riparian lands, and that said right is a correlative right. That the defendants' lands also overlie a body of decomposed granite and blue granite which is fractured and

W.B.Dennis

-6-

7621

91

through which water slowly percolates in various amounts through such decomposed granite and through such fractures and faults. That said water which percolates through said decomposed granite does not move in any general direction and does not constitute a part of the surface or subsurface flow of said Rainbow Creek, nor does it materially support said surface or subsurface flow. That these defendants and each of them claim the right to use any and all water which is not a part of the surface or subsurface flow of Rainbow Creek which may be produced on or from said property, for domestic use or for the purpose of irrigating such crops as are now grown or which may hereafter be grown upon said real property. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever, and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract from said real property or which they may take or divert from said Santa Margarita River or its tributaries for use on said real property.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe No. 131, also known as LAURETTE GALLACHER, are now and at the commencement of this action and for a long time heretofore were the owners of and entitled to possession of approximately 26 acres of land located in the County of San Diego, State of California, described as follows, to-wit:

> All that portion of the Southwest Quarter of the Northeast Quarter of said Section 8, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, described as follows:
> Commencing at the Southwest corner of the Southwest Quarter of the Northeast Quarter; thence East along the South line of said Southwest Quarter of Northeast Quarter, 902.22 feet to the Southwest corner of a tract of land conveyed by J.E.Morgan and Irene Morgan to Wm.C.Howell by

        deed dated September 11, 1882, recorded in Book 42, page 495 of deeds; thence North 18° East along the Westerly line of land so conveyed to Howell, 13 chains; thence North 66-3/4° West along the Southwesterly line of land so conveyed to Howell, 19.25 chains to Northwest corner of Southwest Quarter of Northeast Quarter of said Section 8, thence South along the West line of said Southwest Quarter of Northeast Quarter of said Section 8 to the point of beginning; excepting the right of way of California Southern Railroad Company, as described in Deed recorded in Book 41, page 40 of deeds.

That said land is traversed by the Santa Margarita River, and that said Santa Margarita River flows through and over said land and that the defendants and each of them claim the right to use any and all waters which may be produced on or from said real property other than such waters as may be a part of the stream flow of said Santa Margarita River, and to the extent that these defendants own lands riparian to said Santa Margarita River and its tributaries, they claim the right to the reasonable use of the waters of said Santa Margarita River and such of its tributaries as may flow through said lands or the tributaries which may enter said river upstream from their riparian lands, and that said right is a correlative right. That the plaintiff herein claims some estate, right, title or interest in or to the waters which may be produced on or from said real property and in and to the waters which may be taken or diverted or extracted from said Santa Margarita River and its tributaries, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever, and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract from said real property or which they may take or divert from said Santa Margarita River or its tributaries for use on said real property.

        FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

    1. These answering defendants, MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe 131, are now and at the commencement of this action were the vendors in a certain contract of sale entered into on the 6th day of October, 1949, by and between Rudolph G. Hass and Elizabeth M. Hass, wherein

W.B.Dennis                         -8-

7623

said Rudolph G. Hass and Elizabeth M. Hass agreed to purchase and these answering defendants agreed to sell approximately 83 acres of land upon the terms and conditions set forth in said contract, which real property is located in the County of San Diego, State of California, and described as follows:

> Parcel 1: All that portion of the Southeast Quarter of the Southeast Quarter of Section 8, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890, described as follows:
> Beginning at the Southeast corner of said Section 8; thence along the South line of said Section 8 North 89°58'40" West 1323.76 feet to the Southwest corner of said Southeast Quarter of the Southeast Quarter; thence along the West line of said Southeast Quarter of the Southeast Quarter North 0°41' West 1051.33 feet to a point distant South 0°41' East 300 feet from the Northwest corner of said Southeast Quarter of the Southeast Quarter; thence parallel with the North line of said Southeast Quarter of the Southeast Quarter North 89°57' East 662.07 feet; thence parallel with the West line of said Southeast Quarter of the Southeast Quarter North 0°41' West 300 feet to the North line of said Southeast Quarter of the Southeast Quarter; thence along said North line North 89°57' East 677.58 feet to the Northeast corner of said Southeast Quarter of the Southeast Quarter; thence along the East line of said Section 8 South 0°0'30" East 1352.88 feet to the point of beginning.
>
> Parcel 2: All that portion of the North Half of the Northeast Quarter of Section 17, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, described as follows:
> Beginning at the Northeast corner of said Section 17; thence along the East line of said Section 17 South 0°37'25" West 1318.33 feet to the Southeast corner of said North Half of the Northeast Quarter; thence along the South line of said North Half North 89°52'15" West 330 feet to the Southeast corner of the tract of land conveyed to Robert G. Hood, et ux, by deed dated February 17, 1931 and recorded in Book 1872, page 333 of Deeds; thence along the East line of said Hood land North 250 feet to the Northeast corner of said Hood land; thence along the North line of said Hood land North 89°52'15" West, 341.30 feet to the Southeast corner of the tract of land conveyed to Emerson C. Eachel, et ux, by deed dated June 26, 1933 and recorded in Book 240, page 4 of Official Records; thence along the East line of said Eachel land North 435 feet to the Northeast corner of said Eachel land; thence along the North line of said Eachel land North 89°52'15" West 241.38 feet; thence North 27°43' West 113.10 feet; thence North 89°52'15" West 111.05 feet to a point designated as "Point A"; thence South 34°16' West 525.56 feet; thence North 89°52'15" West 667.63 feet; thence North 29°35'50" West 19.74 feet; thence North 89°52'15" West 603.52 feet to

W.B.Dennis

-9-

7624

94

the West line of said Northeast Quarter; thence along said West line North 1°12'40" East 571.23 feet to a point distant South 1°12'40" West 375.08 feet from the Northeast corner of said Northeast Quarter; thence parallel with the North line of said Section 17 South 89° 58'40" East 737.37 feet; thence North 57°45'50" East 702.62 feet to the Northeast corner of the Northwest Quarter of said Northeast Quarter; thence along the North line of said Section 17 South 89°58'40" East 1323.76 feet to the point of beginning.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe No. 131, as joint

W.B.Dennis

-10-

7625

tenants, are now and at the commencement of this action and for a long time heretofore were the owners of and entitled to possession of the following real property located in the County of San Diego, State of California, described as follows, to-wit: Lots 9 and 10 in Block 43 and Lot 5 in Block 22 of West Fallbrook. That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property. That the property of these answering defendants also lies within the boundaries of the Fallbrook Public Utility District, a public utility district organized under the Public Utility District Act of 1921, and that these defendants are informed and believe and therefore allege that said Fallbrook Public Utility District has heretofore secured a permit from the Division of Water Resources of the State of California to extract water from said Santa Margarita River and transport said waters to the lands located within the boundaries of said Fallbrook Public Utility District, and that the defendants herein claim to have the right to use any and all of such waters as may be delivered to them by the Fallbrook Public Utility District for use upon their lands described herein. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said

W.B.Dennis

-11-

7628

real property and that these defendants are entitled to use on their said lands any and all waters which may be delivered by the Fallbrook Public Utility District to these defendants and which has been extracted and transported from the Santa Margarita River by said Fallbrook Public Utility District.

FOR A SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

1. That these answering defendants, MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe No. 131, are the owners now and at the commencement of this action and for a long time theretofore were the owners of and entitled to possession of the following real property located in the County of San Diego, State of California, described as follows, to-wit: Lot 8 of Donath-Pierce Tract as per Map thereof No. 2310 filed in the Office of the County Recorder of San Diego County April 16, 1946. That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof, but that said land overlies a body of decomposed granite and blue granite which is fractured and faulted, through which water slowly percolates in various amounts through said decomposed granite and through said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use and for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property. That the property of these answering defendants also lies within the boundaries of the Fallbrook Public Utility District, a public utility district organized under the Public Utility District Act of 1921, and that these defendants are informed and believe and therefore allege that said Fallbrook Public Utility District has heretofore secured a permit from the Division of Water Resources of the State of California to extract water from said Santa Margarita River and transport said waters to

W.B.Dennis

-12-

7627

97

said fractures and faults. That said water does not percolate in any general direction. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, for the purpose of irrigating such crops as are now being grown or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR AN EIGHTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That these answering defendants, MARK GALLACHER, sued herein as Doe No. 130, and MARGARET LAURETTE GALLACHER, sued herein as Doe No. 131, as joint tenants are the owners now and at the commencement of this action and for a long time theretofore were the owners of and entitled to possession of the following real property located in the County of San Diego, State of California, described as follows, to-wit:

> The North 300 feet of the West 662.07 feet of the Southeast Quarter of the Southeast Quarter and the Southwest Quarter of the Southeast Quarter of Section 8, Township 9 South, Range 3 West.

That said land does not overlie any underground basin which extends under the Santa Margarita River or any tributary thereof,

W.B.Dennis

-14-

title, interest or estate in or to said real property and in and to any and all waters which may be produced therefrom, and in and to any and all waters which may be taken or extracted from the Santa Margarita River or its tributaries thereof for use on said real property, adverse to these defendants or either of them, and that the plaintiff be restrained and enjoined from asserting any such claims, and that these answering defendants and each of them have such further relief as the court may deem meet and equitable, and that these answering defendants recover their costs herein incurred and expended.

W. B. DENNIS, Attorney for Defendants MARK GALLACHER and MARGARET LAURETTE GALLACHER.