SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
JUN 18 1951
EDMUND L. SMITH, Clerk
By ........ DEPUTY CLERK

Attorneys for Defendants Felix R. Garnsey and Theodora L. Garnsey

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,
Defendants

No. 1247 - Civ.

ANSWER OF FELIX R. GARNSEY AND THEODORA L. GARNSEY

Comes now the Defendants FELIX R. GARNSEY and THEODORA L. GARNSEY and separating themselves from the other defendants, allege, deny and admit as follows:

FIRST DEFENSE

I.

These Defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy" and therefore deny said allegation.

II.

Answering Paragraph I of the Complaint, these defendants

and each of them, denies that any "actual controversy" had arisen prior to he commencement of this action or has arisen as between the United States of America and either of these defendants, as alleged in said paragraph and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the United States of America and the defendants named herein" and therefore denies said allegation.

III.

Answering Paragraph I of the Complaint, these Defendants deny that they or either of them has unlawfully or otherwise interfered with the rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

IV.

Answering Paragraph II of the Complaint, these Defendants admit that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but these Defendants are informed and believe, and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to these defendants, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corpor-

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

ations for that purpose.

V.

Answering Paragraph III of the Complaint,these Defendants allege that they and each of them is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and therefore deny all the allegations of said Paragraph. However, these Defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which these Defendants are informed and believe to be the fact ever since the government acquired said land.

VI.

Answering Paragraph IV of the Complaint, these Defendants do not have nor do either of them have sufficient knowledge, information or belief to enable then to answer the allegations therein to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion and therefore deny said allegations. These Defendants admit that the Santa Margarita River traverses a portion of the property of Plaintiff but allege that it is a non-navigable stream. Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean sinking into the sands and gravel of its bed and channel. That later it reappears as a surface stream

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1181

7671

148

two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with tidewater. These Defendants allege that at various other points and places above Plaintiff's said property the river disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries before said river enters the property of Plaintiff. Allege that no portion of any of these basins form any part of the basin or basins which underlie Plaintiff's said property nor do any part of these basins underlie any portion of Plaintiff's said property. These Defendants deny that they have in anyway encroached upon any rights which Plaintiff may have or by their alleged encroachment, threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these Defendants have in anyway encroached upon or through their alleged encroachments upstream, they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these Defendants. Deny that any acts of either of these Defendants, has damaged any rights or property of Plaintiff. Defendants allege that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which Plaintiff's wells are located, or if it is true that two of Plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of these Defendants or either of them, nor brought about through their alleged encroachment upstream but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of Plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed through

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1181

Southern California. Furthermore Defendants are informed and believe, and therefore allege the fact to be that Plaintiff's injury, or threatened injury, was brought about principally as the direct result of Plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above", these Defendants allege that they and each of them are without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore deny each and every one of said allegations.

VII

Answering Paragraph V of the Complaint, these Defendants admit the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11C(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

7873

Exhibit "A". These Defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These Defendants deny that they or their predecessors in interest, were parties to said suit or to said Stipulation and deny that any of the rights of these Defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These Defendants allege that they are not bound in anyway by said Stipulated Judgment, nor are their rights limited or controlled by it. That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore deny each and all the said other allegations.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

VIII

Answering Paragraph VI of the Complaint, these Defendants admit that Plaintiff is the successor in interest of the Rancho Santa Margarita but deny that it is entitled to, or can claim ,as against these Defendants, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against these Defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as these Defendants are informed and believe, and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

IX

Answering Paragraph VII of the Complaint, these Defendants

allege that they are without knowledge and information sufficient to form a belief as to the truth of the allegations therein contained and therefore deny each and all of the allegations of said Paragraph.

X

Answering Paragraph VIII of the Complaint, these Defendants deny that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore deny each and all of the other allegations of said paragraph not herein specifically admitted.

XI

Answering Paragraph IX of the Complaint, these Defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these Defendants or either of them by reason of their diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they or either of them have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. These Defendants deny that their rights were acquired subsequent to the rights of the United States; deny that these Defendants, or either of them, have asserted that their rights were or are paramount to the rights of the United States except these Defendants admit that they have asserted that their rights were and are paramount in part, correlative in part, and subordinate in part,

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

7675

to the rights of the United States of America and admit that their appropriative rights to the waters of said SantaMargarita River are subordinate to Plaintiff's rights to that amount of water which is, or may be, reasonably and actually required by it for riparian uses and purposes on its riparian lands,which amount at the present time, as these defendants are informed and believe, does not exceed 2,620 acre-feet per annum but claim that their prescriptive rights for 200 acre feet per annum hereinafter referred to are paramount to plaintiff's rights and allege that their riparian rights hereinafter referred to are correlative with the riparian rights of Plaintiff and that as to all other rights, or claims of rights, of Plaintiff to the use of the waters of said river, these Defendants allege that such rights are subordinate to the rights of these Defendants to take such amounts of water as may be reasonably required to meet their needs up to 750 acre-feet per annum; deny that they or either of them have proceeded to encroach upon or are now encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot. Allege that but for Plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and these Defendants. These Defendants allege that there exists in said river and basin on Plaintiff's said property and at the point where these Defendants divert their water, a surplus or excess of water over and above the amount necessary to supply Plaintiff's reasonable actual legal requirements.

These Defendants and each of them, is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph IX contained and therefore deny both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1121

7676

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That these defendants are the owners of all that certain real property situate, lying and being in the County of San Diego, State of California, more particularly described as follows:

The Northwest 1/4 of the Southwest 1/4 of Section 29, Township 8 South, Range 4 West, S.B.M. according to United States Government Survey approved April 28,1885 EXCEPTING that portion thereof situated on East side of County Road de Luz, San Diego County, described as follows: Beginning at Southeast corner of Northwest 1/4 of Southwest 1/4 of Section 29, Township 8 South, Range 4 West, S.B.M.; thence north along the East line of said Northwest 1/4 for a distance of 520 feet; thence West 220 feet; thence South 150 feet to North boundary line of the County Road right of way; thence southeasterly along the Northerly boundary line of the County Road right of way to point of beginning;

The Southwest 1/4 of the Southwest 1/4 of Section 29, and the East 1/2 of the Southeast 1/4 of Section 30, EXCEPTING a triangular piece of land in southwest corner of said East 1/2 of the Southeast 1/4 of Section 30 conveyed by Harry K. Day to Henry J.Camp by deed dated August 14, 1909 and recorded in Book 466, page 429 of Deeds, said piece so excepted being 390 feet on the West side and 327 feet on the South side, and EXCEPTING ALSO a plat for cemetery purposes, as follows: Beginning 100 feet West of the Northeast corner of the Southeast 1/4 of Section 30, running thence west 600 feet along North line of said Southeast 1/4; thence South 300 feet; thence East 600 feet; thence North 300 feet to place of beginning;

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

7677

154

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1181

ALSO a tract commencing at stake and stones by White Oak Tree on East line of Northwest Quarter of Southeast 1/4 of Section 30 and on South Bank of creek running through said Forty acres; thence Southwesterly 350 feet to stake and stones at right angles in road; thence 350 feet West on North side of road to stake and stones by white oak tree; thence 150 feet West of North to stake and stones; thence North of West 350 to oak tree; thence North 300 feet; thence East to East line of said forty acres; thence South to point of beginning; All in Township 8 South, Range 4 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 28, 1885;

The Southwest 1/4 of the Northwest 1/4 of Section 29 and the Southeast 1/4 of the Northeast 1/4 of Section 30, Township 8 South, Range 4 West, S.B.M. in the County of San Diego, State of California;

The South 1/2 of the South 1/2 of the Southwest 1/4 of the Southeast 1/4 and the South 1/2 of the north 1/2 of the South 1/2 of the Southwest 1/4 of the Southeast 1/4 of Section 19, Township 8 South, Range 4 West, S.B.M and the North 1/2 of the Northeast 1/4 of Section 30, Township 8 South, Range 4 West, S.B.M;

II.

That defendants' said property is traversed by the Cottonwood Creek flowing in a general direction from the northwest to the southeast and forming a junction with the DeLuz Creek on the Southwest 1/4 of the Northwest 1/4 of said Section 29. That said property is also traversed by an unnamed creek flowing in a general direction from west to east and forming a junction with the DeLuz Creek on the Southwest 1/4 of said Section 29. That said

7678

155

DeLuz Creek traverses a portion of said property, to-wit: the Southwest 1/4 of the Northwest 1/4 of said Section 29 and flows in a general southerly direction to form a junction with the Santa Margarita River.

III.

That defendants' said property overlies underground strata of water bearing sand and gravel through which percolates underground water which furnishes said lands with a substantial water supply which is and can be made available by digging wells therein and pumping water therefrom.

IV.

That the title to said real property has been in the family of these defendants since the time of their grandfathers James Garnsey and Harry K. Day and has been occupied and farmed by them and their predecessors, continuously for more than 40 years. That said property is in a semi-arid region of the country and the use of water for irrigation of said lands is necessary for the production of crops thereon and without it they would be practically worthless. That water has been used thereon by these defendants and their predecessors in interest in the manner hereinafter set forth.

V.

That at all times the title to said real property and the possession thereof has been in their said family and in these defendants, said real property has been farmed as one unit, even when title to portions of the property was vested in different members of the family.

That beginning in 1909, water from a spring located on said property approximately in the Northwest 1/4 of the Southeast 1/4 of said Section 30 was piped to and for a long time thereafter used on the Northwest 1/4 of the Southwest 1/4 of said Section 29,

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

7679

That these defendants on December 12, 1949, also, applied to the Division of Water Resources of the State of California for a permit to appropriate an additional 200 acre-feet per annum of water used on said Cottonwood Creek for beneficial use on defendants' said lands and thereafter, on October 31st, 1950, said Division of Water Resources granted said application and duly and regularly issued thereon its permit No. 8166, subject to vested rights, which permit provided that construction work thereunder should be completed on or before December 1st, 1953 and the application of water to beneficial use completed on or before December 1st, 1954.

That in most years there exists in said Santa Margarita River on Plaintiff's property and in said Creeks and natural water courses on defendants' property a surplus or excess of water over and above the amount necessary to supply all vested rights including the amount necessary to supply plaintiff's reasonable, actual, legal requirements.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

X.

That these defendants, as the owners of said Permits No. 5505 and No. 8166, are the owners of the additional right to appropriate and divert water and beneficially use the same on their said land up to 400 acre-feet per annum, when available, in said river, creeks and natural water courses. That said right is subordinate to the right of plaintiff to that amount of water which is or may be, reasonable and actually required by it for riparian uses and purposes upon its riparian lands, which amount, at the present time, as these defendants are informed and believe, does not exceed 2620 acre-feet per annum; But these defendants allege that their said appropriative rights are paramount to any and all other rights or claims of plaintiffs to the waters of said river.

That all of these defendants' said lands are located in a semi-arid region and are of little value without water but with water are fertile and productive. That of said lands approximately 250 acres are arable.

7680

for domestic purposes and for irrigation on lands in that quarter section.

That in 1921 or 1922 a well was dug on the Northwest 1/4 of the Southwest 1/4 of Section 29 and thereafter used continuously for domestic purposes and for irrigation on lands in that quarter section;

That beginning in 1927, water was diverted by a dam constructed at a point in the Cottonwood Creek in the Northwest 1/4 of the Northeast 1/4 of said Section 30 and transported through an 8" pipe line to a reservoir constructed in the Northeast 1/4 of the Southeast 1/4 of said Section 30 and the water thereafter was and now is used to irrigate lands in that quarter section and in the Northwest 1/4 of the Southwest 1/4 of said Section 29;

That in 1934 a well or sump was dug in Cottonwood Creek and water was diverted therefrom by pumping it into said last mentioned 8" pipe line to increase the amount therein and transported to and used upon lands in the Northeast 1/4 of the Southeast 1/4 of said Section 30 and in the Northwest 1/4 of the Southwest 1/4 of said Section 29. That in June 1949 a dam was constructed to supersede said well or sump and thereafter the water was pumped from said reservoir into said 8" pipeline.

VI.

That said water, during all said times and since, has been used, as aforesaid, by these defendants and that their predecessors in interest on said lands, openly, notoriously, continuously, adversely and under claim of right.

VII.

That these defendants are now the owners of the right to beneficially use said water on said lands, as the same has heretofore been used by them and their predecessors in interest for more

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1121

7681

than 20 years last past, and as heretofore set forth, up to 200 acre-feet per annum, which right is paramount to the rights of plaintiff.

VIII.

That these defendants, as the owners of the aforesaid property are the owners of the additional right to, at all times, use a reasonable amount of the said waters flowing in the creeks and natural water courses on, through and across their said property for riparian purposes on said property.

And these defendants likewise, are the owners of the additional right to use a reasonable amount of the said underground percolating waters for beneficial uses on said property. That the rights of defendants to so use additional waters of said creeks and natural water courses and additional water from said underground percolating supply, up to the amount of 200 acre-feet per annum, is correlative with the rights of Plaintiff to use a reasonable amount of the waters of the Santa Margarita River for riparian purposes on its riparian lands.

IX.

That these defendants, on December 6th, 1939, applied to the Division of Water Resources of the State of California for a permit to appropriate 200 acre-feet of water per annum out of the said Cottonwood Creek for beneficial use on defendants' said lands and thereafter, on March 8, 1940, said Division of Water Resources granted said application and duly and regularly issued thereon its permit No. 5505, subject to vested rights, which permit and subsequent order granting extension of time, provided that the construction work and the application of the water to beneficial use, under the permit, should be completed on or before December 1st, 1953.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1151

7682

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

FOR A FURTHER, THIRD AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

That said purported cause of action set forth in Plaintiff's complaint herein is barred by the provisions of Section 318, 319, 336 and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE these defendants pray:

1. That Plaintiff take nothing by its action.

2. That the rights of these defendants, as against plaintiff, be declared and held to be as set forth in this Answer.

3. That they have judgment for their costs incurred herein and for such other and further relief as the Court may deem proper.

SWING, SCHARNIKOE & STANIFORTH

BY Phil D. Swing

Attorneys for Defendants Felix R. Garnsey and Theodora L. Garnsey

Rec'd copy this 18th day of June 1951
Betty Marshall Graydon
Asst. U. S. Atty.

7883