```
SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131
```

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**

JUN 18 1951

EDMUND L. SMITH, Clerk
By /s/ _____ DEPUTY CLERK

Attorneys for Ernest Louis Barbey and Essie Buelah Barbey Defendants herein

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff<br><br>     -vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California, et al.,<br><br>          Defendants | No. 1247 - Civ.<br><br>ANSWER OF ERNEST LOUIS<br>BARBEY AND ESSIE BUELAH<br>BARBEY |

Comes now the Defendants ERNEST LOUIS BARBEY and ESSIE BUELAH BARBEY and separating themselves from the other Defendants, allege, deny and admit as follows:

FIRST DEFENSE

I.

These Defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy" and therefore deny said allegation.

II.

Answering Paragraph I of the Complaint, these Defendants

7633

and each of them, denies that any "actual controversy" had arisen prior to the commencement of this action or has arisen as between the United States of America and either of these defendants, as alleged in said paragraph and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the Unites States of America and that the defendants named herein" and therefore denies said allegation. Further answering Paragraph I of the Complaint, these defendants deny that they or either of them has unlawfully or otherwise interfered with the rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

III

Answering Paragraph II of the Complaint, these Defendants admit that the Unites States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but these Defendants are informed and believe, and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to these Defendants, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV.

Answering Paragraph III of the Complaint, these Defendants allege that they and each of them is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and therefore deny all the allegations of said Paragraph. However, these Defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which these Defendants are informed and believe to be the fact ever since the government acquired said land.

V.

Answering Paragraph IV of the Complaint, these Defendants do not have nor do either of them have sufficient knowledge, information or belief to enable them to answer the allegations therein to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion and therefore deny said allegations. These Defendants admit that the Santa Margarita River traverses a portion of the property of Plaintiff but allege that it is a non-navigable stream. Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean sinking into the sands and gravel of its bed and channel. That later it reappears as a surface stream two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with tidewater. These

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

7635

Defendants allege that at various other points and places above Plaintiff's said property the river disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries before said river enters the property of Plaintiff. Allege that no portion of any of these basins form any part of the basin or basins which underlie Plaintiff's said property nor do any part of these basins underlie any portion of Plaintiff's said property. These Defendants deny that they have in anyway encroached upon any rights which Plaintiff may have or by their alleged encroachment, threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these Defendants have in anyway encroached upon or through their alleged encroachments upstream, they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these Defendants. Deny that any acts of either of these Defendants, has damaged any rights or property of Plaintiff. Defendants allege that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which Plaintiff's wells are located, or if it is true that two of Plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of these Defendants or either of them, nor brought about through their alleged encroachment upstream but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of Plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed through Southern California. Furthermore Defendants are informed and believe, and therefore allege the fact to be that Plaintiff's injury, or threatened injury

-4-

7636

was brought about principally as the direct result of Plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from when said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above", these Defendants allege that they and each of them are without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore deny each and every one of said allegations.

VI.

Answering Paragraph V of the Complaint, these Defendants admit the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11C(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as Exhibit "A". These Defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all

-5-

7637

the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These Defendants deny that they or their predecessors in interest, were parties to said suit or to said Stipulation and deny that any of the rights of these Defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These Defendants allege that they are not bound in anyway by said Stipulated Judgment, nor are their rights limited or controlled by it. That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore deny each and all the said other allegations.

VII.

Answering Paragraph VI of the Complaint, these Defendants admit that Plaintiff is the successor in interest of the Rancho Santa Margarita but deny that it is entitled to, or can claim, as against these Defendants, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against these Defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as these Defendants are informed and believe, and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

VIII

Answering Paragraph VII of the Complaint, these Defendants allege that they are without knowledge and information sufficient to form a belief as to the truth of the allegations therein

contained and therefore deny each and all of the allegations of said Paragraph.

IX.

Answering Paragraph VIII of the Complaint, these Defendants deny that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore deny each and all of the other allegations of said paragraph not herein specifically admitted.

X.

Answering Paragraph IX of the Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these defendants or either of them by reason of their diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they or either of them have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. These defendants deny that their rights were acquired subsequent to the rights of the United States; deny that these defendants, or either of them, have asserted that their rights were or are paramount to the rights of the United States except these defendants admit that they have asserted that their rights were and are paramount in part and correlative in part; these defendants claim that their prescriptive rights for _1050_ acre feet per annum hereinafter referred to, are paramount to

-7-

plaintiff's rights and claim that their riparian rights and rights to underground percolating water hereafter referred to, are correlative with the rights of plaintiff to that amount of water which is, or may be, reasonably and actually required by it for riparian uses and purposes on its riparian lands which amount at the present time, as these defendants are informed and believe, does not exceed 2,620 acre-feet per annum and that as to all other rights or claims of rights of plaintiffs to the use of the waters of said river, these defendants allege that their said rights are paramount to the rights of said plaintiff; deny that they or either of them have proceeded to encroach upon or are now encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot. Allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and these Defendants. These defendants allege that there exists in said river and basin on Plaintiff's said property and at the point where these defendants divert their water, a surplus or excess of water over and above the amount necessary to supply plaintiff's reasonable actual legal requirements.

These defendants and each of them, is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph IX contained and therefore deny both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

These defendants are the owners of all that certain real property situated, lying and being in the County of San Diego, State of California, described as follows:

The East half of the Southeast 1/4; the Southwest 1/4 of the Southeast 1/4; the South half of the Southwest 1/4 and the Northwest 1/4 of the Southerst 1/4 of Section 1, Township 9 South, Range 1 East; and the East 1/2 of the Northeast 1/4 of Section 12, Township 9 South, Range 1 East, S.B.M and all the water, water rights, ruparian, prescriptive or otherwise or kinds, appurtenant to or in anywise belonging to the above described property, together with the water, water rights, riparian, prescriptive or otherwise or kinds, appurtenant to or in any wise belonging to the following described real property in said County of San Diego, State of California, to-wit: The Northwest 1/4 of the Southwest 1/4 of Section 7, Township 9 South, Range 2 East, San Bernardino Base & Meridian, TOGETHER with an easement to enter upon the premises and take said water and together with a right for pipe lines, water ditches, conduits, flumes or other conveyances for carrying, hauling, running, taking and getting said water from, over, across, through, upon and away from said premises, and the grantees or their successors, heirs, or assigns, shall be entitled to take said water or any water upon said premises at any place thereon and use any means they may see fit to carry or convey same by ditch or otherwise to their own premises or any other place and may enter upon and occupy any part of said premises ato accomplish the same.

-8-

7641

Also the Northeast 1/4 of the Southwest 1/4 of Section 1, Township 9 South, Range 1 East, S B M in the County of San Diego, State of California, according to U. S. Government Survey, approved December 13, 1884.

II.

That Temecula Creek, a tributary of the Santa Margarita River, flows in a general direction from southeasterly to northwesterly, crossing the lands of these defendants and on through Radec Valley in Riverside County California then in a general westerly direction to its junction with Murrieta Creek forming the Santa Margarita River. That Temecula Creek is a stream of irregular flow carrying large quantities of water in the rainy season and during the dry season of each year the flow thereof diminishes, at times, to as low as 20 miner's inches at the point where the stream is on the lands of these defendants.

III.

That the lands of these defendants are situated in a semi-arid country where irrigation is necessary for the production of crops thereon and the lands of said defendants are fertile and productive when irrigated and are sterile and of little productive value without water; that alfalfa, gardens and trees have been planted and are growing upon the lands of said defendants which require irrigation and cannot be kept alive without being irrigated regularly. That of said lands approximately 340 acres are arable and capable of cultivation and irrigation. That defendants are dependent upon the use of the waters of said Temecula Creek for domestic use and for the irrigation of their said lands and crops growing thereon.

IV

That ever since the year 1886, these defendants and their

-9-

7642

119

predecessors in interest have continuously appropriated, diverted and put to beneficial use on the lands, described in Paragraph I hereof, the waters of said Temecula Creek up to the amount of 75 miner's inches and at the low flow thereof have appropriated, diverted and beneficially used the entire flow of said creek. That the waters of said creek during all of said time have been both diverted for direct use and also diverted and stored for future use. That said water at all times since said year 1886, has been so appropriated, diverted, stored and used, openly, notoriously, continuously, adversely and under claim of right.

V.

That these defendants own and have the right to and are entitled to so appropriate, divert, store and beneficially use the waters of said creek up to 75 miners inches upon their said lands which right is prior and paramount to the rights of plaintiff.

VI.

That all of said lands described in Paragraph I hereof are riparian to said Temecula Creek and these defendants, as the owners of said lands, are entitled to divert and use thereon a reasonable portion of the flow of said creek.

VII.

That all of said lands described in Paragraph I hereof overlie underground strata of water-bearing sand and gravel in which is found a large quantity of percolating water from which a substantial supply of water can be obtained for use on said lands by digging wells therein and pumping water therefrom.

VIII.

That these defendants, as the owners of said lands, are

-10-

7643

the owners of and entitled to use upon said lands a reasonable amount of the water flowing in Temecula Creek and a reasonable amount of the underground percolating water to-wit: 510 acre-feet per annum, consumptive use, which right is correlative with the right of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on the riparian lands of plaintiff, which these defendants are informed and believe to be as of the present time, 2620 acre-feet per annum; that as to all other rights and claims of rights of plaintiff, these defendants' rights are paramount thereto.

--11--

7644

FOR A FURTHER, THIRD AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

That said purported cause of action set forth in plaintiff's complaint herein is barred by the provisions of Section 318, 319, 336 and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE these defendants pray:

1. That Plaintiff take nothing by its action.

2. That these defendants be decreed as against plaintiff to be the owner of the right to 510 acre-feet of water per annum consumptive use for beneficial use on their said land and that said right be held and declared to be correlative with plaintiff's riparian right and that they have the right to 1050 acre-feet per annum which right is paramount to plaintiff's rights.

3. That these defendants have judgment for their costs incurred herein and for such other and further relief as the Court may deem proper.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for defendants
Ernest Louis Barbey and Essie Buelah Barbey.

Rec'd Copy this 18th day of June 1951
Betty Marshall Graydon
Asst. U.S. Atty

-12-

7645