P. W. WILLETT
Attorney at Law
P. O. Box 103
Fallbrook, California
Telephone Fallbrook 7150
    and
WILLIAM H. MACOMBER
Attorney at Law
1114 San Diego Trust & Savings Bldg.
San Diego 1, California
Telephone Franklin 9-9408

Attorneys for the Defendants,
Charles E. Stubblefield and
Dora A. Stubblefield, sued
herein as Dora R. Stubblefield

FILED
JUL 9 - 1951
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,<br><br>    Defendants. | No. 1247 - Civ.<br><br>ANSWER OF<br>CHARLES E. STUBBLEFIELD<br>and<br>DORA A. STUBBLEFIELD. |

Come now the defendants, Charles E. Stubblefield and Dora A. Stubblefield, herein sued as Dora R. Stubblefield, and separating themselves from the other defendants, allege, deny and admit as follows:

### FIRST DEFENSE

These answering defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy" and therefore deny said allegation.

1.

7688

## II

Answering Paragraph I of said Complaint, these defendants and each of them, deny that any "actual controversy" had arisen prior to the commencement of this action, or has arisen as between the United States of America and either of these defendants, as alleged in said paragraph; and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the United States of America and the defendants named herein" and therefore denies said allegation. Further answering Paragraph I of said Complaint, these defendants deny that they or either of them have unlawfully or otherwise interfered with the rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

## III

Answering Paragraph II of said Complaint, these defendants admit that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to in said Paragraph; but these defendants are informed and believe and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to these defendants, has been at all times since said property was acquired by the United States of America, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

7688A

## IV

Answering Paragraph III of said Complaint, these defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and therefore deny all the allegations of said Paragraph. However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon, and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which these defendants are informed and believe to be the fact ever since the government acquired said land.

## V

Answering Paragraph IV of said Complaint, these defendants do not have nor do either of them have sufficient knowledge, information or belief to enable them to answer the allegations therein, to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations. These defendants admit that the Santa Margarita River traverses a portion of the property of plaintiff but allege that it is a non-navigable stream. Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean, sinking into the sands and gravel of its bed and channel. That later it reappears as a surface stream two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with tidewater. These defendants allege

that at various other points and places above plaintiff's said
property the river disappears as a surface stream and sinks into
the sands and gravels of one or more of the numerous basins which
exist underneath each of the valleys which are found along the said
river and along its several tributaries before said river enters
the property of plaintiff. Allege that no portion of any of these
basins form any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any
portion of plaintiff's said property. These defendants deny that
they have in any way encroached upon any rights which plaintiff may
have, or by their alleged encroachment threaten a destruction of
the basin referred to in said Complaint. Deny that the activities
of these defendants have in any way encroached upon or through their
alleged encroachments upstream, they have reduced the quantities
available to the United States of America from the "subterranean
sources" mentioned in said Paragraph, or that there has been a
reduction in the surface flow of the Santa Margarita River through
the alleged encroachment of these defendants. Deny that any acts
of either of these defendants have damaged any rights or property
of plaintiff. Defendants allege that, if it is true that there
exists a threat of salt water intrusion into the basin or basins in
which plaintiff's wells are located, or if it is true that two of
plaintiff's wells have been destroyed by reason of that intrusion,
such injury or threatened injury was not the result of the activities
of these defendants or either of them, nor brought about through
their alleged encroachment upstream, but was in part at least, the
result of a severe and protracted drought affecting all of Southern
California and affecting not only the wells of plaintiff, but all
wells in the Santa Margarita watershed and also wells in every other
watershed throughout Southern California. Furthermore, defendants
are informed and believe, and therefore allege the fact to be that
plaintiff's injury, or threatened injury, was brought about

4.

7690

principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal cources of water for the military purposes declared above," these defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of said allegation and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants admit the trial of the suit referred to in said Paragraph, being Action No. 42850 in the Superior Court of the State of California, in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita vs. Vail 11C(2) 501) and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail Interests, calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of plaintiff's Complaint as Exhibit "A." These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of

7691

the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it. That these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, these defendants admit that plaintiff is the successor in interest of the Rancho Margarita but deny that it is entitled to, or can claim, as against these defendants, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment, or that plaintiff is entitled to or can claim, as against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as these defendants are informed and believe and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

VIII

Answering Paragraph VII of said Complaint, these defendants allege that they are without knowledge and information sufficient to form a belief as to the truth of the allegations therein contained, and therefore deny each and all of the allegations of said Paragraph.

IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph not herein specifically admitted.

X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these defendants or either of them by reason of their diversions from the Santa Margarita River have caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they or either of them have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. These defendants deny that their rights were acquired subsequent to the rights of the United States; deny that these defendants or either of them have asserted their rights were or are paramount to the rights of the United States, except these defendants admit they have asserted that their rights were and are paramount in part and correlative in part, to the rights of the United States of America. Defendants allege that their riparian rights hereinafter referred to are correlative with the riparian rights of plaintiff, and that as to all other rights, or claims of rights, of plaintiff to the use of the waters of said river, these defendants allege that such rights are subordinate to the rights of these defendants to take such amounts of water as

may be reasonably required to meet their needs up to 100 acre-feet per annum. That the prescriptive rights of these defendants hereinafter set forth are paramount to the rights of plaintiff. Defendants deny that they or either of them have proceeded to encroach upon, or are now encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. Allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and these defendants. These defendants allege that there exists in said river and basin on plaintiff's said property and at the point where these defendants divert their water, a surplus or excess of water over and above the amount necessary to supply plaintiff's reasonable actual legal requirements.

These defendants and each of them are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph IX contained, and therefore deny both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

- - - - - - - - - -

FOR A FURTHER SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

These defendants are, and with their predecessors in interest have been for many years past, the owners of and in possession of certain lands upstream from the lands of plaintiff, and all said lands are within the watershed of the Santa Margarita River and its tributaries and are riparian to said river, and

8.

7694

to the tributaries of said river which flow across, through or under said lands of these defendants, and have rights in and to the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their said lands lie. That all of said lands lie in a semi-arid region and are of little value without water for the irrigation thereof. That the lands so owned by these defendants are as follows:

All those certain Parcels of real property situated, lying and being in the County of San Diego, State of California, more particularly described as follows, to wit:

PARCEL No. 1:
Northwest 1/4 of Southeast 1/4 of Section 12, Township 9 South, Range 4 West, S.B.M.

PARCEL No. 2:
Lot 3 (Northeast 1/4 of Northwest 1/4) & (Except State Highway) Section 1, Township 9 South, Range 3 West, S.B.M.

PARCEL No. 3:
Southeast 1/4 of Northeast 1/4 and Northeast 1/4 of Southeast 1/4, Section 2, Township 9 South, Range 3 West, S.B.M.

PARCEL No. 4:
South Half of Northwest 1/4 (Except State Highway) Section 1, Township 9 South, Range 3 West, S.B.M.

PARCEL No. 5:
North 1/2 of Southwest 1/4 lying Northwesterly of Northwesterly line of State Highway, Section 1, Township 9 South, Range 3 West, S.B.M.

PARCEL No. 6:
Lots 1, 2, and 3, Block 55, in Cheatham's Addition to the Town of West Fallbrook.

II

That said property is improved with a house, the home of the defendants, a garage and tool shop. That the property has upon it at divers points five wells which have been in use for many years, from which the defendants secure water for domestic and agricultural purposes. Windmills and electric pumping units produce from these wells 50 to 60 gallons per minute continuously, and in wet seasons there is an unlimited amount of water flow. Said water has been used on part of said land by defendants and their predecessors in interest for more than fifty (50) years, openly, notoriously, continuously, adversely and under the claim of right to meet the domestic and irrigation requirements thereof.

III

Santa Margarita River runs across the land of these defendants in a continuous surface flow, and in addition thereto has a continuous sub-surface flow which percolates in an underground channel passing under and through a part of these defendants' land. Rainbow Creek, which is a tributary of the Santa Margarita River, also flows over said land and percolates in an underground channel passing under and through said land. From these sources these defendants obtain the supply of water used for domestic and agricultural purposes. That the amount of water required, and which will be required by these defendants for reasonable beneficial use upon said land, is 100 acre-feet per annum consumptive use.

IV

That defendants are the owners of the right to use 100 acre-feet of water per annum from said Rainbow Creek and Santa Margarita River and from the underground percolating water on their said land, which right is paramount to the rights of plaintiff.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That these defendants are the owners of the real property described and set forth in the Further, Second and Separate Defense of these defendants.

II

In addition to Santa Margarita River and Rainbow Creek which flow across and through the land of these defendants, there is a sub-surface flow which percolates in an underground channel passing under and through the land of these defendants, and there is water in quantity and volume sufficient to furnish an adequate and dependable supply of water for said land, which said water is obtained therefrom by sinking wells therein and pumping water therefrom. Fifty (50) acres of said land is arable, fertile and capable of producing valuable crops when irrigated. That said land is in a semi-arid region of the country and is of little value without water. That said lands are without other means of obtaining water for domestic or agricultural purposes. That the amount of water required and which will be required by these defendants for reasonable beneficial uses upon their said land, is 100 acre-feet per annum consumptive use.

III

That these defendants own the right to use 100 acre-feet per annum on their said land, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

11.

7697

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:

1. That plaintiff take nothing by its action.
2. That these defendants be decreed as against plaintiff to be the owners of the right to 100 acre-feet of water per annum, consumptive use, for beneficial use on their said land, and that said right be held and declared to be paramount to plaintiff's rights.
3. That said defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT AND
WILLIAM H. MACOMBER

By  P. W. Willett
Attorneys for Defendants,
Charles E. Stubblefield and
Dora A. Stubblefield, sued
herein as Dora R. Stubblefield

12.

7698

```
 1  STATE OF CALIFORNIA )
                         ) ss.
 2  COUNTY OF SAN DIEGO  )
 3          Charles E. Stubblefield, being duly sworn, says:
 4          That he is one of the defendants in the above entitled
 5  action; that he has read the foregoing Answer and knows the
 6  contents thereof; that the same is true of his own knowledge,
 7  except as to the matters which are therein stated on his informa-
 8  tion or belief, and as to those matters that he believes the same
 9  to be true.
10                          Charles E Stubblefield
11
12
13  Subscribed and sworn to before me
    this 7th day of July, 1951.
14
15          [signature]
16  Notary Public in and for said
            County and State
17  My Commission Expires June 10, 1954
```

7699

183