RECEIVED
JUL 9 - 1951
U.S. ATTORNEY
SAN DIEGO, CALIF.

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
JUL 9 - 1951
EDMUND L. SMITH, Clerk
By /s/
DEPUTY CLERK

Attorneys for Defendants PRATT MUTUAL WATER CO. a Corp. H.S. PRATT & DON C. PORTER

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff )
   -vs- )
FALLBROOK PUBLIC UTILITY DISTRICT, )
a public service corporation of the )
State of California, et al., )
        Defendants. )

No. 1247 - Civ.

ANSWER OF PRATT MUTUAL WATER COMPANY, a corporation, and H. S. PRATT and DON C. PORTER

    Comes now the Defendants PRATT MUTUAL WATER COMPANY, a corporation of the State of California; and H. S. PRATT; and DON C. PORTER, and separating themselves from the other defendants, allege deny and admit as follows:

FIRST DEFENSE

I.

    These Defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy" and therefore deny said allegation.

7700

194

## II.

Answering Paragraph I of the Complaint, these defendants and each of them, denies that any "actual controversy" had arisen prior to the commencement of this action or has arisen as between the United States of America and either of these defendants as alleged in said paragraph and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the United States of America and the defendants named herein" and therefore denies said allegation. Further answering Paragraph I of the Complaint, these defendants deny that they or either of them has unlawfully or otherwise interfered with the rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

## III.

Answering Paragraph II of the Complaint, these Defendants admit that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but these Defendants are informed and believe, and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to these defendants, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

-2-

7701

IV.

Answering Paragraph III of the Complaint, these Defendants allege that they and each of them is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and foerefore deny all the allegations of said Paragraph. However, these Defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which these Defendants are informed and believe to be the fact ever since the government acquired said land.

V.

Answering Paragraph IV of the Complaint, these Defendants do not have nor do either of them have sufficient knowledge, information or belief to enable them to answer the allegations therein to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion and therefore deny said allegations. These Defendants admit that the Santa Margarita River traverses a portion of the property of Plaintiff but allege that it is a non-navigable stream. Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean sinking into the sands and gravel of its bed and channel. That later it reappears as a surface stream two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with tidewater. These Defendants

allege that at various other points and places above Plaintiff's said property the river disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries before said river enters the property of Plaintiff. Allege that no portion of any of these basins form any part of the basin or basins which underlie Plaintiff's said property nor do any part of these basins underlie any portion of Plaintiff's said property. These Defendants deny that they have in anyway encroached upon any rights which Plaintiff may have or by their alleged encroachment, threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these Defendants have in anyway encroached upon or through their alleged encroachments upstream, they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these Defendants. Deny that any acts of either of these Defendants has damaged any rights or property of Plaintiff. Defendants allege that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which Plaintiff's wells are located, or if it is true that two of Plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of these Defendants or either of them, nor brought about through their alleged encroachment upstream but was in part at least. the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of Plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed through Southern California. Furthermore Defendants are informed and believe, and therefore allege the fact to be that Plaintiff's injury, or threatened injury,

-4-

7703

was brought about principally as the direct result of Plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above" these Defendants allege that they and each of them are without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore deny each and every one of said allegations.

VI.

Answering Paragraph V of the Complaint, these Defendants admit the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11C(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as Exhibit "A". These Defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all

-5-

7704

the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These Defendants deny that they or their predecessors in interest, were parties to said suit or to said Stipulation and deny that any of the rights of these Defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These Defendants allege that they are not bound in anyway by said Stipulated Judgment, nor are their rights limited or controlled by it. That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore deny each and all the said other allegations.

### VII.

Answering Paragraph VI of the Complaint, these Defendants admit that Plaintiff is the successor in interest of the Rancho Santa Margarita but deny that it is entitled to, or can claim, as against these Defendants, all rights, titlest, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against these Defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as these Defendants are informed and believe, and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

### VIII.

Answering Paragraph VII of the Complaint, these defendants allege that they are without knowledge and information sufficient to form a belief as to the truth of the allegations therein contained and therefore deny each and all of the allegations of said Paragraph.

-6-

7705

IX

Answering Paragraph VIII of the Complaint, these Defendants deny that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore deny each and all of the other allegations of said paragraph not herein specifically admitted.

X.

Answering Paragraph IX of the Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these defendants or any of them by reason of their diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they or any of them have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. These defendants deny that their rights were acquired subsequent to the rights of the United States; deny that these defendants, or any of them, have asserted that their rights were or are paramount to the rights of the United States except these defendants admit that they have asserted that their rights were and are paramount in part and correlative in part; these defendants claim that their prescriptive rights for 98 acre-feet per annum hereinafter referred to, are paramount to plaintiff's rights and claim that their riparian rights and rights to underground percolating water hereafter referred to, are correlative with the rights of plaintiff to that amount of water which is, or may be, reasonably and actually required by it for

-7-

7706

190

1 riparian uses and purposes on its riparian lands which amount at
2 the present time, as these defendants are informed and believe,
3 does not exceed 2,620 acre-feet per annum and that as to all other
4 rights or claims of rights of plaintiffs to the use of the waters
5 of said river, these defendants allege that their said rights are
6 paramount to the rights of said plaintiff; deny that they or any
7 of them have proceeded to encroach upon or are now encroaching
8 upon, or threaten to encroach upon, the water supply of Camp
9 Pendleton, the United States Naval Hospital or the Naval Ammunition
10 Depot. Allege that but for plaintiff's excessive diversions, un--
11 reasonable uses and wrongful exportation of water to places outside
12 the basin and watershed of Santa Margarita River, as alleged in
13 Paragraph V hereof, there would be a sufficient supply of water to
14 meet the rightful needs and lawful requirements of plaintiff and
15 these defendants.
16     These defendants and each of them, is without knowledge
17 or information sufficient to form a belief as to the truth of the
18 remaining averments in said Paragraph IX contained and therefore
19 deny both generally and specifically each and all of the said alle-
20 gations except as herein expressly admitted or expressly denied.

-7½-

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

7707

FOR A FURTHER SEPARATE AND SECOND DEFENSE THESE ANSWERING DEFENDANTS ALLEGE:

I.

More than fifty years ago, Charles Pratt and members of his family, including defendant H. S. Pratt acquired approximately 95 acres of land described as follows:

> Lots 2, 3, and 4 of Section 25, Township 9 South,
> Range 4 West, S.B.M. San Diego County, California,
> as per map and survey approved by the Federal Government on the 11th day of June, 1880,

through which property Fallbrook Creek, a tributary of the Santa Margarita River runs and all said property, (excepting the south 19.41 acres of said Lot 4) is riparian thereto.

That on or about the year 1916, said Charles Pratt and defendant H. S. Pratt organized the Loma Ranch Company, a corporation, for the purpose of farming said lands and conveyed or caused to be conveyed, to said Loma Ranch Company, the above described land (excepting that part of Lot 2 embraced in and lying northwest of the right of way of the Atchison Topeka & Santa Fe Railway Co.), together with 35 acres of land adjoining same on the east. Said 35 acres is described as follows:

> Southeast 1/4 of the Northwest 1/4 of Section 25,
> Township 9 South, Range 4 West, S.B.M., San Diego
> County, California, excepting 5 acres in the NW corner
> thereof, known as Odd Fellows Cemetery.

That said property is located in a semi-arid region of the Country and without water, is barren, unproductive and worthless but with water is fertile, productive and valuable.

II.

That the said Loma Ranch Company and/or its predecessors in interest made improvements on said property and developed

-8-

7708

192

and used water thereon approximately as follows:

In 1900 dug a sump hole in the bed of Fallbrook Creek in which to collect the waters of said Creek for use on said lands. In 1905 installed a 4 H.P. pump and gasoline engine to pump water therefrom and did pump water therefrom for irrigating approximately 25 acres of lemons planted on said property; built a 10-room house on the hill top on said property and pumped water from said creek for domestic use in said house. In 1910 dug first well and installed a 12 H.P. engine and laid pipe lines up the hill to water said lemon orchard and supply water to the house. Said well had a production capacity of 50 gallons per minute. In 1915 dug second well with a production capacity of 15 gallons per minute and deepened the first well and constructed two tunnels, one from the bottom of each of said wells to gather and collect in said wells additional water from said Fallbrook creek. In 1920 dug third well (now owned by defendant, Pratt Mutual Water Company) with a production capacity of 50 gallons per minute and piped the water over to old wells and thereafter used same in irrigating the said Loma Ranch Company's orchards. In 1930 deepened said third well to a depth of 50 feet and ran a tunnel from the bottom thereof in a northwesterly direction for a distance of 50 feet to intercept and collect an increased amount of water from said Fallbrook Creek. In 1932 drilled a fourth well 350 feet deep and installed a turbine pump; said well having a production capacity of 80 gallons per minute. That said lands were farmed as one unit and water from said wells was used wherever required on said premises. That the use of said water from said wells on said lands at all times was open, notorious, continuous, adverse and under claim of right.

On April 12, 1948, for the more efficient administration of the distribution of the water to the said lands, the defendants H. S. PRATT, DON C. PORTER and FLORENCE CLEMMENS, the then owners

-9-

7709

193

thereof, incorporated the PRATT MUTUAL WATER COMPANY under the laws of the State of California, to act as their agent and the agent of other owners of the said lands to whom it might be conveyed, and caused the said Loma Ranch Company which they controlled, to convey 6.47 acres in the northeast corner of said Lot 2, to said PRATT MUTUAL WATER COMPANY, a corporation, together with said third well located thereon and together with the distribution system served by said well and said defendant, PRATT MUTUAL WATER COMPANY, ever since has been and now is operating said well and distribution system and supplying water from said well to the stockholders of said company for the irrigation of the said lands.

On or about the 14th day of May, 1948, said Loma Ranch Company conveyed to its three stockholders, H. S. PRATT, DON C. PORTER and FLORENCE D. CLEMMENS, in three separate parcels said 35 acres of land adjoining said Lot 2, as aforesaid, together with the water rights appurtenant thereto including the right to receive from said PRATT MUTUAL WATER COMPANY water from its said well for use on their respective parcels of said land. That said Loma Ranch Company conveyed the remainder of said Lots 2, 3 and 4 to its three stockholders, to-wit: H. S. PRATT, DON C. PORTER and FLORENCE D. CLEMMENS and said Loma Ranch Company was dissolved on or about the 29th day of July, 1949. That of said original holdings, defendant H. S. PRATT is now the owner of 4.04 acres, defendant DON C. PORTER is the owner of 10 acres and FLORENCE D. CLEMMENS is the owner of 6.5 acres. Defendant PRATT MUTUAL WATER COMPANY is the owner of 6.47 acres.

III.

That these answering defendants and their predecessors in interest, including the Loma Ranch Company, have continuously used water taken from wells sunk by them on said property for irrigation and domestic use in sufficient quantities to maintain said orchards growing thereon and for domestic use in three houses situated

1 thereon and for several years, beginning in the year 1925, they
2 maintained on said premises a dairy with approximately 20 cows and
3 supplied all the needs of said dairy for water from said wells.
4 That all said uses of said water on said lands were open, notorious
5 continuous and made under claim of right and adverse to plaintiff's
6 predecessors in interest and were well known to the then owners of
7 the said Rancho Santa Margarita for more than five years prior to
8 plaintiff's acquisition thereof. That these defendants are the
9 owners of and entitled to the right, as against plaintiff, to take
10 from the underground flow of said Fallbrook Creek by means of wells
11 for beneficial use on their respective tracts of land the following
12 amounts:

To defendant PRATT MUTUAL WATER COMPANY, a corporation, for beneficial use upon its 6.47 acres of land, twelve (12) acre-feet of water per annum, and for delivery to its stockholders owning portions of said land described in Paragraph I hereof, seventy (70) acre-feet of water per annum.

To defendant DON C. PORTER for beneficial use on his 10 acres of land, twenty (20) acre-feet of water per annum.

To defendant H. S. PRATT for beneficial use upon his 4.04 acres of land, eight (8) acre-feet of water per annum.

That all said rights are paramount to the rights of plaintiff.

IV.

That the lands of each of these defendants overly an underground stratum of percolating water from which a supply of water can be secured by digging wells therein and pumping water therefrom and each of these defendants as the owners of said overlying lands, is the owner of an additional right to extract a reasonable amount of the underground water percolating in, under and through the soil of the lands they own, respectively, for beneficial use thereon to meet the reasonable requirements of said

-11-

7711

lands and these defendants. That the additional rights of these defendants in and to said underground percolating water for use on their said lands when fully developed is and will be: For DON C. PORTER, fifteen (15) acre-feet of water per annum; for H. S. PRATT 6.06 acre-feet of water per annum and for PRATT MUTUAL WATER COMPANY, 9.70 acre-feet of water per annum. That these rights are correlative with the right of plaintiff to take a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses upon its riparian lands.

WHEREFORE these Defendants pray:

1. That plaintiff take nothing by its action.

2. That these defendants be adjudged and decreed to be the owners of the right to take from said Fallbrook Creek for beneficial use on their respective tracts of land the following amounts:
   DON C. PORTER   20 Acre-feet of water per annum
   H. S. PRATT     8 Acre-feet of water per annum
   PRATT MUTUAL WATER COMPANY for delivery to its stockholders, 70 Acre-feet of water per annum
   and that said rights be declared to be paramount to the rights of plaintiff.

3. That these defendants be adjudged and decreed to be the owners of the additional rights to take from the underground percolating waters for beneficial use on their respective tracts of land the following amounts:
   DON C. PORTER   15 Acre-feet of water per annum
   H. S. PRATT   6.06 acre-feet of water per annum
   PRATT MUTUAL WATER COMPANY, 9.70 acre-feet of water per annum

-12-

7712

and that said right be declared to be correlative with the right of plaintiff to take a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands.

4. That these defendants have judgment for their costs incurred herein and for such other and further relief as may to the Court seem meet and proper.

DATED: July 9 1951.

SWING, SCHARNIKOW & STANIFORTH

BY  Phil D. Swing
Attorneys for the answering
Defendants, PRATT MUTUAL WATER CO.
H. S. PRATT and DON C. PORTER

-13-

7713

197