SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for......Defendants...named...below

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
JUL 9 - 1951
EDMUND L. SMITH, Clerk
By.................................
DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    PLAINTIFF,

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT
a public service corporation of the
State of California, et al.,

    Defendants.

No. 1247 - Civ.

ANSWER OF DEFENDANTS DANIEL K. SMYTH, LUCY F. SMYTH, STEPHEN A. SEATON, NAN F. SEATON, STEPHEN A. SEATON, JR., WILLIAM A. MITCHELL, MARY BERNICE MITCHELL, WILLIAM T. GILLILAND, GRACE I. GILLILAND, WILLIAM DONALD EDWARDS AND MARIE E. EDWARDS.

    Comes now defendants above named, WILLIAM DONALD EDWARDS, sued herein as DOE ONE HUNDRED FOURTEEN; MARIE E. EDWARDS, sued herein as DOE ONE HUNDRED FIFTEEN; WILLIAM T. GILLILAND, sued herein as DOE ONE HUNDRED THIRTY-SIX; GRACE I. GILLILAND, sued herein as DOE ONE HUNDRED THIRTY-SEVEN; WILLIAM A. MITCHELL, sued herein as DOE TWO HUNDRED SIX; MARY BERNICE MITCHELL, sued herein as DOE TWO HUNDRED SEVEN; STEPHEN A. SEATON, sued herein as DOE TWO HUNDRED THIRTY-THREE; NAN F. SEATON, sued herein as DOE TWO HUNDRED THIRTY-FOUR; STEPHEN A. SEATON, JR., sued herein as DOE TWO HUNDRED THIRTY-FIVE; DANIEL K. SMYTH, sued herein as DOE TWO HUNDRED FORTY-THREE and LUCY F. SMYTH, sued herein as DOE TWO HUNDRED FORTY-FOUR and separating themselves from the other defendants, allege, admit and deny as follows:

7720

204

FIRST DEFENSE

I.

These defendants refer to and adopt by reference as if herein repeated the allegations, admissions and denials contained in the First Defense of the answer of defendants ERNEST LOUIS BARBEY and ESSIE BUELAH BARBEY on file herein, as fully and as completely as if they were herein set out verbatim except that these defendants claim a prescriptive right to only __25__ acre-feet of water per annum, and other rights as set out in the Second Defense to which reference is hereby made.

FOR A FURTHER SEPARATE AND SECOND DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That on or about the 20th day of December, 1929, defendant DANIEL K. SMYTH and his then wife, Jessie L. Smyth, purchased and became the owners of all that certain real property situated lying and being in the County of San Diego, State of California, more particularly described as follows:

Parcel 1 - The Southwest 1/4 of the Southeast 1/4 of
           Section 7, Township 9 South, Range 3 West,
           S B M EXCEPTING therefrom the North 900 feet
           of the West 300 feet.

Parcel 2 - The Southeast 1/4 of the Southeast 1/4 of
           Section 7, Township 9 South, Range 3 West,
           S B M EXCEPTING therefrom the North 150 feet,
           and also EXCEPTING therefrom the South 250 feet
           of the North 400 feet of the East 600 feet.

Parcel 3 - The West 65 Feet of the South 374 feet of the
           Southwest 1/4 of the Southwest 1/4 of Section 8,
           Township 9 South, Range 3 West S B M.

Parcel 4 - The South 200 feet of the North 370 feet of the
           West 310 feet and the South 180 feet of the North
           550 feet of the West 170 feet of the Southwest 1/4

-2-

7721

of the Southwest 1/4 of Section 8, Township 9 South, Range 3 West, S B M.

All according to U. S. Government Survey approved April 21, 1890.

ALSO an easement and right of way for road purposes over the South 20 feet of the SW¼ of the SW¼ of Section 8, Township 9 South, Range 3 West S B M.

That on or about December 7th, 1934, Defendant DANIEL K. SMYTH and his then wife, Jessie L. Smyth, purchased and became the owners of all that certain real property situated lying and being in the County of San Diego, State of California, more particularly described as follows:

Parcel No. 1 - Beginning at N. W. corner of Southwest 1/4 of the Southwest 1/4 of Section 8, Township 9 South, R. 3 W. S B M thence south 946 feet along the Section Line 7-8 to a point; thence East 65 feet to a point; thence North 254 Feet to a point; thence N 47° 27' 32" E 781 Feet to a point; thence North 170 feet to a point; thence West 660 feet to the point of beginning.

Parcel No. 2 - North 900 Feet of the West 300 Feet of the Southwest 1/4 of the Southeast 1/4 of Section 7, Township 9 South, Range 3 West, S B M

Parcel No. 3 - South 250 Feet of the North 400 Feet of the East 600 feet and the North 150 Feet of the Southeast 1/4 of the Southeast 1/4 of Section 7, Township 9 South, Range 3 West, S B M.

II.

That the aforesaid described property is situated in a semi-arid region of the country and is barren, unproductive and

-3-

7722

206

of little value without water for use thereon but with water it is highly productive and valuable.

### III.

That said property was acquired by Defendant DANIEL K. SMYTH and his said wife for the purpose and with the intent of developing the same into a high class residential unit of small estates for retired people and those having the means and inclination to conduct small scale farming operations thereon. That in pursuance of said intent and purpose, defendant DANIEL K. SMYTH a short time after acquiring said property dug a well thereon near the Southeast corner of said Section 7, erected a 2000 gallon capacity water tank and connected the well with the tank and the tank with home sites of prospective purchasers of various portions of said property. He then built a home for himself and wife thereon, laid out roads for the use of persons who should purchase portions of said property from him and in time entered into a number of agreements for the sale of portions of said real property in which it usually provided among other things that the buyer could take water from the Smyth well for use on the land purchased from said Smyth. That defendant DANIEL K. SMYTH thereafter dug a second well on his said property near his first well and has supplied water from his said wells not only for domestic use and irrigation purposes on the property to which he retained title, but also for domestic use and irrigation purposes on those lands which he sold and conveyed, or contracted to sell and convey, to others.

### IV.

That said use of/water from said wells for said purposes has at all times been open and notorious, continuous, adverse and under claim of right.

-4-

7723

1  That said JESSIE L. SMYTH died October 2nd, 1944, and her husband DANIEL K. SMYTH succeeded to all her right, title and interest in the property described in Paragraph I hereof. Thereafter in the year 1945, defendant DANIEL K. SMYTH married his present wife, who is defendant LUCY F. SMYTH herein.

VI.

That from time to time following the acquisition of the property described in Paragraph I hereof, defendant DANIEL K. SMYTH sold and conveyed, or contracted to sell and convey, to others portions of said property together with the water rights appurtenant thereto, to-wit: the right to the use of a reasonable amount of underground percolating water existing in and under said lands, either by means of the said wells located on the property of said defendant DANIEL K. SMYTH or by means of wells dug upon that portion of the property acquired by the purchaser.

VII.

That on or about the 7th day of January, 1946, defendant WILLIAM A. MITCHELL and defendant MARY BERNICE MITCHELL entered into a written agreement with said DANIEL K. SMYTH to purchase a certain portion of the real property described in paragraph I hereof, to-wit:

> That portion of the Southeast Quarter of the Southeast quarter of Section 7, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890, described as follows:
>
> BEGINNING at a point on the South line of said Section 7, distant thereon West 200 feet from the Southeast corner of said Section; thence continuing West along said South line a distance of 990 feet; thence north 330 feet; thence East 530 feet; thence North 330

-5-

7724

feet; thence East 460 feet; thence North 60 feet; thence East 200 feet to the east line of said Section 7; thence South along said East line a distance of 390 feet; thence West 200 feet; thence South 330 feet to the point of beginning.

That said defendant WILLIAM A. MITCHELL and defendant MARY BERNICE MITCHELL performed said agreement on their part and are now the owners of said last described property, as joint tenants, except that portion thereof described in the next succeeding paragraph which they conveyed to defendant WILLIAM T. GILLILAND and defendant GRACE I. GILLILAND. That of said remaining land now owned by defendant WILLIAM A. MITCHELL and wife, approximately eight acres is arable and suitable for avocados. That said property is improved by a house and well constructed and existing thereon. Said well is equipped with a pump and has a productive capacity of 20 gallons per minute. That there exists under said land an underground stratum of percolating water from which a supply may be obtained for use thereon by digging wells therein and pumping water therefrom. That it is the intention of said defendants to dig additional wells and plant said land to avocados.

VIII

That on or about the 22nd day of June, 1948, defendant WILLIAM A. MITCHELL and defendant MARY BERNICE MITCHELL sold and conveyed to defendant WILLIAM T. GILLILAND and defendant GRACE I. GILLILAND, a portion of said premises described in the preceding paragraph, to-wit:

> All that portion of the Southeast Quarter of the Southeast quarter of Section 7, Township 9 South, Range 3 West, S B B & M described as follows:
> BEGINNING at the Southeast corner of said Section 7, thence along the South line of said Section 7,

1   North 89° 49' 20" West 225 feet; thence North 330
2   feet to the true point of beginning; thence North
3   165 feet; thence parallel with said south line of
4   Section 7 North 89° 49' 20" West 130 feet; thence
5   South 165 feet; thence   South 89° 49' 20" East
6   130 feet to the true point of beginning, contain-
7   ing .49 acres.
8   That defendant WILLIAM T. GILLILAND and defendant GRACE
9 I. GILLILAND are now the owners of said last described property.
10 That said property is improved by a house thereon in which said
11 defendant WILLIAM T. GILLILAND and defendant GRACE I. GILLILAND
12 live. The water supply necessary to meet the requirements of said
13 land and of said defendant WILLIAM T. GILLILAND and defendant
14 GRACE I GILLILAND, pursuant to the purchase agreement, is received
15 from the Smyth wells and from the said Mitchell well. That said
16 defendants are entitled to the continuation of the said supply of
17 water for their said uses.
18                                  IX.
19      That sometime in the year 1946, defendant STEPHEN A.
20 SEATON and defendant NAN F. SEATON and defendant STEPHEN A. SEATON,
21 JR., entered into an agreement with DANIEL K. SMYTH to purchase a
22 portion of the property described in Paragraph I hereof, to-wit:
23      That portion more particularly described as follows:
24      North 1/2 of the Southwest 1/4 of the Southeast 1/4
25      of the Southeast 1/4 of Section 7, Township 9 South,
26      Range 3 West, S B M.
27      That thereafter on or about August 1st, 1950, title to
28 said last mentioned property was transferred and conveyed to and
29 vested in said defendants STEPHEN A. SEATON, NAN F. SEATON and
30 STEPHEN A. SEATON, JR., who are now the owners thereof. That by
31 the terms of said purchase said defendants were entitled to all
32 the water rights appurtenant thereto including the right to take

water from said Smyth wells and to dig or drill a well on their own said property for the purpose of securing a supply for use therefor from the underground percolating water. That said land is at present unimproved but all of it will grow valuable crops of fruits and vegetables, when water is applied thereon and it is the intention of said defendants to improve said land by constructing a dwelling thereon and plating vines and trees, digging a well and supplying said land with domestic and irrigation water therefrom.

-X-

That on or about the 3rd day of January, 1947, defendant DANIEL K. SMYTH transferred and conveyed to WILLIAM D. EDWARDS a certain portion of the real property described in Paragraph I hereof, more particularly described as follows to-wit:

> The South 1/2 of the Southwest 1/4 of the Southwest 1/4 of the Southeast 1/4 of said Section 7, Township 9 South, Range 3 West, S B B & M.

That on or about the 2nd day of August, 1949, defendant DANIEL K. SMYTH transferred and conveyed to defendant WILLIAM DONALD EDWARDS a portion of said property described in Paragraph I hereof, more particularly described as follows:

> The North 1/2 of the Southwest 1/4 of the Southwest 1/4 of the Southeast 1/4 of said Section 7, Township 9 South, Range 3 West, S B B & M.

That on the first day of June, 1950, said defendant DANIEL K. SMYTH transferred and conveyed to defendant WILLIAM D. EDWARDS a portion of the property heretofore described in Paragraph I more particularly described as follows:

> The South 1/2 of the Northwest 1/4 of the Southwest 1/4 of the Southeast 1/4 of said Section 7, Township 9 South, Range 3 West, S B B & M.

That said defendant WILLIAM D. EDWARDS and defendant MARIE E. EDWARDS are now the owners of all said property.

-8-

7727

That with each of said transfers of said parcels of land there was conveyed its pro-rata share of the water rights of the original parcel described in Paragraph I hereof and Defendants WILLIAM D. EDWARDS and MARIE E. EDWARDS are now the owners of said water rights which rights are appurtenant to said lands.

XI

That said Defendant DANIEL K. SMYTH has sold or contracted to sell to others additional portions of said property described in Paragraph I hereof and now retains title to approximately 57 acres of which approximately two (2) acres is in the Southeast 1/4 of the Southeast 1/4 of the Southeast 1/4 of said Section 7 on which is located his house and two wells, and a strip along the west boundary line of the Southwest 1/4 of the Southwest 1/4 of said Section 8.

XII

That in addition to the prescriptive rights owned by these defendants heretofore set forth, these answering defendants are each owners of and entitled to the use of a reasonable amount of the underground percolating water founr and to be found in their respective parcels of land which amounts are set opposite their respective names listed below, for beneficial use on the lands heretofore described as now being owned by each of them respectively:

| Name | Amount |
|---|---|
| WILLIAM A. MITCHELL and MARY BERNICE MITCHELL | 25 acre feet per annum |
| WILLIAM T. GILLILAND AND GRACE I. GILLILAND | 1 acre foot per annum |
| STEPHEN A. SEATON, NAN P. SEATON AND STEPHEN A. SEATON, Jr., | 10 acre feet per annum |
| WILLIAM DONALD EDWARDS AND MARIE E. EDWARDS | 30 acre feet per annum |

-9-

7728

DANIEL K. SMYTH and LUCY F. SMYTH -100 acre feet per annum That said rights, belonging to each said defendants as owners of overlying lands, are correlative with the rights of plaintiff to take a reasonable amount of the waters of the Santa Margarita River for riparian uses and purposes on its riparian lands but said rights of each of said defendants are paramount to all other rights of plaintiff.

WHEREFORE these defendants pray:

1. That plaintiff take nothing by its action.

2. That it be adjudged and decreed that these defendants as against plaintiff are each the owners of the right to use water on their respective lands in the following amounts:

   WILLIAM A. MITCHELL and MARY
   BERNICE MITCHELL - - - - - - - - -25 acre feet per annum
   WILLIAM T. GILLILAND and
   GRACE I. GILLILAND - - - - - - -  1 acre foot per annum
   STEPHEN A. SEATON, NAN P. SEATON
   and STEPHEN A. SEATON, Jr., - - -  10 acre feet per annum
   WILLIAM DONALD EDWARDS and
   MARIE E. EDWARDS - - - - - - - -  30 acre feet per annum
   DANIEL K. SMYTH and
   LUCY F. SMYTH - - - - - - - - -   100 acre feet per annum

and that said rights be declared to be correlative to the rights of plaintiff to use a reasonable amount of the waters of the Santa Margarita River for riparian uses and purposes on its riparian lands.

3. That it be adjudged and decreed that these defendants

-10-

7729

as against plaintiff are the owners of the prescriptive right to use 25 acre-feet of water per annum on the lands owned by them and described in Paragraph I of the Second Defense. That their said right is paramount to the rights of plaintiff.

4. For their costs incurred herein and for such other and further relief as may to the Court seem meet and proper.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for the above named defendants

RECEIVED copy of within
_____ this
2 day of ____, 19__
_____
Attorneys for Plaintiff

-11-

7730