```
1  P. W. WILLETT
   Attorney at Law
2  P. O. Box 103
   Fallbrook, California
3  Telephone Fallbrook 7150
             and
4  WILLIAM H. MACOMBER
   Attorney at Law
5  1114 San Diego Trust & Savings Bldg.
   San Diego 1, California
6  Telephone Franklin 9-9408

7  Attorneys for the Defendants,
   MILTON P. MARTIN and
8  MAGGIE E. MARTIN.
```



FILED

JUL 27 1951

EDMUND L. SMITH, Clerk

By

DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

```
14  UNITED STATES OF AMERICA,        )
                                     )
15                    Plaintiff,     )    No. 1247 - Civ.
                                     )
16          vs.                      )    ANSWER OF
                                     )
17  FALLBROOK PUBLIC UTILITY         )    MILTON P. MARTIN
    DISTRICT, a public service       )
18  corporation of the State         )         and
    of California, et al,            )
19                                   )    MAGGIE E. MARTIN
                      Defendants.    )
20  - - - - - - - - - - - - - - - - -
```

Come now the Defendants, Milton P. Martin, sued herein as Doe Six Hundred Eighty-two, and Maggie E. Martin, sued herein as Doe Six Hundred Eighty-one, and separating themselves from the other defendants, allege, deny and admit as follows:

FIRST DEFENSE

I

These answering Defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

1.

7870

## II

Answering Paragraph I of said Complaint, these defendants and each of them, deny that any "actual controversy" had arisen prior to the commencement of this action, or has arisen as between the United States of America and either of these defendants, as alleged in said Paragraph; and that as to the other defendants, these defendants and each of them allege that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the United States of America and the defendants named herein," and therefore denies said allegation.  Further answering Paragraph I of said Complaint, these defendants deny that they or either of them have unlawfully or otherwise interfered with the rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

## III

Answering Paragraph II of said Complaint, these defendants admit that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to in said Paragraph; but these defendants are informed and believe and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes; but that several thousand acres of land, the exact amount being  unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms, and corporations for that purpose.

7871

**IV**

Answering Paragraph III of said Complaint, these defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations of said Paragraph.  However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon, and was not intended to, and in fact did not extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons, which these defendants are informed and believe to be the fact ever since the government acquired said land.

**V**

Answering Paragraph IV of said Complaint, these defendants do not have nor do either of them have sufficient knowledge, information or belief to enable them to answer the allegations therein, to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.  These defendants admit that the Santa Margarita River traverses a portion of the property of plaintiff, but allege that it is a non-navigable stream.  Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean, sinking into the sands and gravel of its bed and channel.  That later it reappears as a surface stream two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with

3.

7872

1 tidewater. These defendants allege that at various other points
2 and places above plaintiff's said property the river disappears as
3 a surface stream and sinks into the sands and gravels of one or
4 more of the numerous basins which exist underneath each of the
5 valleys which are found along the said river and along its several
6 tributaries before said river enters the property of plaintiff.
7 Allege that no portion of any of these basins form any part of the
8 basin or basins which underlie plaintiff's said property, nor do
9 any part of these basins underlie any portion of plaintiff's said
10 property. These defendants deny that they have in any way
11 encroached upon any rights which plaintiff may have or by their
12 alleged encroachment, threaten a destruction of the basin referred
13 to in said Complaint. Deny that the activities of these defendants
14 have in any way encroached upon or through their alleged encroach-
15 ments upstream, they have reduced the quantities available to the
16 United States of America from the "subterranean sources" mentioned
17 in said Paragraph, or that there has been a reduction in the surface
18 flow of the Santa Margarita River through the alleged encroachment
19 of these defendants. Deny that any acts of either of these defend-
20 ants has damaged any rights or property of plaintiff. Defendants
21 allege that, if it is true that there exists a threat of salt water
22 intrusion into the basin or basins in which plaintiff's wells are
23 located, or if it is true that two of plaintiff's wells have been
24 destroyed by reason of that intrusion, such injury, or threatened
25 injury, was not the result of the activities of these defendants or
26 either of them, nor brought about through their alleged encroach-
27 ment upstream, but was in part at least, the result of a severe and
28 protracted drought affecting all of Southern California and affect-
29 ing not only the wells of plaintiff but all wells in the Santa
30 Margarita watershed and also wells in every other watershed through-
31 out Southern California. Furthermore, defendants are informed and
32 believe, and therefore allege the fact to be that plaintiff's injury,

4.

7873

1  or threatened injury, was brought about principally as the direct
2  result of plaintiff's misuse of the basin or basins underlying its
3  said property and mismanagement of its said wells and the operation
4  thereof, and in the misuse and misapplication of the water
5  produced therefrom and the wrongful, excessive and unreasonable
6  diversions and uses and places of use of said water, including the
7  exportation by plaintiff of large quantities of said water beyond
8  the basin and watershed of said Santa Margarita River from whence
9  said water, or any part thereof, could never return.
10     As to the allegation that "underlying the river and its
11  tributaries is a vast underground basin" and that "the basin as a
12  whole creates a large underground reservoir into which a high
13  proportion of the Santa Margarita River sinks" and that "this vast
14  subterranean reservoir constitutes one of the principal sources of
15  water for the military purposes declared above," these defendants
16  allege that they and each of them are without knowledge and
17  information sufficient to form a belief as to the truth of said
18  allegations and therefore deny each and every one of said allega-
19  tions.
20                          VI
21     Answering Paragraph V of the Complaint, these defendants
22  admit the trial of the suit referred to in said Paragraph, being
23  Action No. 42850 in the Superior Court of the State of California,
24  in and for the County of San Diego, but allege that the decision
25  of the trial court was reversed by the Supreme Court of the State
26  of California (Rancho Santa Margarita v. Vail 11C(2) 501), and
27  thereafter a Stipulation or Agreement was entered into between the
28  plaintiff in said action and the defendant Vail interests, calling
29  for the entry of the stipulated judgment therein, a copy of which
30  is attached to and made a part of the plaintiff's Complaint as
31  Exhibit "A." These defendants deny that the parties to said
32  litigation declared their rights or fixed their aliquot shares of

7874

1  all the waters of the Santa Margarita River, premised upon the

2  findings of the trial court or upon the decision of the California

3  Supreme Court when the matter was on appeal before it.  These

4  defendants deny that they or their predecessors in interest were

5  parties to said suit or to said Stipulation, and deny that any of

6  the rights of these defendants in the Santa Margarita River were

7  adjudicated in said suit or fixed by said Judgment.  These defend-

8  ants allege that they are not bound in any way by said Stipulated

9  Judgment, nor are their rights limited or controlled by it.  That

10  these defendants are without knowledge or information sufficient

11  to form a belief as to the truth of the remaining allegations in

12  said Paragraph and therefore deny each and all the said other

13  allegations.

14                     VII

15     Answering Paragraph VI of the Complaint, these defendants

16  admit that plaintiff is the successor in interest of the Rancho

17  Santa Margarita but deny that it is entitled to, or can claim, as

18  against these defendants, all rights, titles, interests and

19  privileges purported to have been given to said Rancho Santa

20  Margarita by the said Stipulated Judgment, or that plaintiff is

21  entitled to or can claim, as against these defendants, any more

22  water than the amount which is or may be reasonably and actually

23  required for riparian uses and purposes on that portion of said

24  Rancho Santa Margarita which is actually riparian to said Santa

25  Margarita River, which amount of water is, under present con-

26  ditions, as these defendants are informed and believe and therefore

27  allege the fact to be, not to exceed 2,620 acre-feet per annum.

28                    VIII

29     Answering Paragraph VII of the Complaint, these defendants

30  allege that they are without knowledge and information sufficient

31  to form a belief as to the truth of the allegations therein

32  contained, and therefore deny each and all of the allegations of

7875

6.

66A

1  said Paragraph.

2                              IX

3       Answering Paragraph VIII of the Complaint, these defendants

4  deny that plaintiff has a paramount right to 35,000 acre-feet of

5  water annually, or a paramount right to any quantity of water

6  except as hereinafter admitted.  Defendants allege that they are

7  without knowledge or information sufficient to form a belief as to

8  the truth of the other allegations contained in said Paragraph,

9  and therefore deny each and all of the other allegations of said

10 Paragraph not herein specifically admitted.

11                              X

12      Answering Paragraph IX of the Complaint, these defendants

13 deny that they have made any diversions from the Santa Margarita

14 River in violation of rights of the United States of America; deny

15 that these defendants or either of them by reason of their

16 diversions from the Santa Margarita River have caused the intrusion

17 of salt water from the Pacific Ocean, or otherwise caused damage to

18 the United States of America; deny that they or either of them

19 have repeatedly or at all, through overt acts or otherwise, dis-

20 played their disregard for the rights of the United States of

21 America, or declared claims in contravention of the rights of the

22 United States of America.  These defendants deny that their rights

23 were acquired subsequent to the rights of the United States; deny

24 that these defendants, or either of them, have asserted that their

25 rights were or are paramount to the rights of the United States,

26 except these defendants admit that they have asserted that their

27 rights were and are paramount in part and correlative in part, to

28 the rights of the United States of America.   Defendants deny

29 that they or either of them have proceeded to encroach upon, or are

30 now encroaching upon, or threaten to encroach upon, the water

31 supply of Camp Pendleton, the United States Naval Hospital, or the

32 Naval Ammunition Depot.  Allege that but for plaintiff's excessive

                              7.

1 diversions, unreasonable uses and wrongful exportation of water

2 to places outside the basin and watershed of Santa Margarita River,

3 as alleged in Paragraph V hereof, there would be a sufficient

4 supply of water to meet the rightful needs and lawful requirements

5 of plaintiff and these defendants.

6 These defendants and each of them are without knowledge or

7 information sufficient to form a belief as to the truth of the

8 remaining averments in said Paragraph IX contained, and therefore

9 deny both generally and specifically each and all of the said

10 allegations except as herein expressly admitted or expressly denied.

11 - - - - - - - - - - - - -

12 FOR A FURTHER SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS

13 ALLEGE:

14 I

15 These defendants are, and with their predecessors in inter-

16 est have been for many years past, the owners of and in possession

17 of certain lands upstream from the lands of plaintiff, and all of

18 said lands are within the watershed of the Santa Margarita River

19 and its tributaries and are riparian to said river, and to the

20 tributaries of said river which flow through or under said lands of

21 these defendants, and have rights in and to the percolating waters

22 which are in the underground basins and strata of water-bearing

23 sand and gravel over which their said lands lie. That all of said

24 lands lie in a semi-arid region and are of little value without

25 water for the irrigation thereof. That the lands so owned by these

26 defendants are as follows:

27 Commencing at the Northeast corner of Lot 4, Section

28 13, Township 9 South, Range 4 West, S.B.M., according

29 to United States Government Survey approved June 11,

30 1880; thence West along North line of said Lot 4 to

31 the Northeast corner of land deeded to Ben Rice by

32 deed recorded in Book 245, Page 466 of Deeds; thence

Southerly along the Easterly line of said Rices land

7877

8.

68

to the Northerly line of land deeded to Josie S.
Given by deed recorded in Book 243, Page 138 of
Deeds; thence East along North line of Given's
land to the East line of said Lot 4; thence North
along said East line to point of commencement.
EXCEPTING THEREFROM that portion thereof included
in the Street set out in deed of Fallbrook Bank to
Ben Rice, recorded in Book 245, Page 466 of Deeds.

### II

That said property is improved with a house, the home of
the defendants, a garage, well and electric pump, lemon orchard,
olive trees, equipment for raising chickens, and said water has
been used on said land by defendants and their predecessors in
interest for many years, openly, notoriously, continuously,
adversely and under the claim of right to meet the domestic and
irrigation requirements thereof.  That the amount of water required,
and which will be required by these defendants for reasonable
beneficial use upon said land, is 25 acre-feet per annum consumptive
use.

### III

That defendants are the owners of the right to use 25 acre-
feet of water per annum from the underground percolating water on
their said land, which right is paramount to the rights of plain-
tiff.

- - - - - - - - - - - -

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THESE
DEFENDANTS ALLEGE:

### I

That these defendants are the owners of the real property
described and set forth in the Further, Second and Separate
Defense of these defendants.

7878.

9.

II

Defendants allege there is a sub-surface flow of water which percolates in an underground channel passing under and through the land of these defendants, and there is water in quantity and volume sufficient to furnish an adequate and dependable supply of water for said land, which said water is obtained therefrom by sinking wells therein and pumping water therefrom. Said land consists of approximately 10.28 acres, all of which is arable, fertile and capable of producing valuable crops when irrigated. That said land is in a semi-arid region of the country and is of little value without water. That said lands are without other means of obtaining water for domestic or agricultural purposes. That the amount of water required and which will be required by these defendants for reasonable beneficial uses upon their said land, is 25 acre-feet per annum consumptive use.

III

That these defendants own the right to use 25 acre-feet per annum on their said land, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

- - - - - - - - - - - - - -

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336 and 338(2) of the Code of Civil Procedure of the State of California.

7879

WHEREFORE, these answering defendants pray:

1.  That plaintiff take nothing by its action;

2.  That these defendants be decreed as against plaintiff to be the owners of the right to 25 acre-feet of water per annum, consumptive use, for beneficial use on their said land, and that said right be held and declared to be paramount to plaintiff's rights.

3.  That said defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By *P W Willett*

Attorneys for Defendants,
Milton P. Martin and
Maggie E. Martin

STATE OF CALIFORNIA )
COUNTY OF SAN DIEGO ) ss.

Maggie E. Martin, being duly sworn, says:

That she is one of the defendants in the above entitled action; that she has read the foregoing Answer and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated on her information or belief, and as to those matters that she believes the same to be true.

*Maggie E Martin*

Subscribed and sworn to before me this 13th day of July, 1951.

*Nadia H. Ropes*

Notary Public in and for said
County and State.

COMMISSION EXPIRES APR. 24, 1953

11.

7880

AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)
(Must be attached to original or a true copy of paper served)

**United States District Court for the Southern District**

COUNTY OF SAN DIEGO }
STATE OF CALIFORNIA } ss.  **of California, Southern Division.**

No. 1247-Civ.

P. W. Willett ..........................................being duly sworn, says, that affiant is a citizen
of the United States, over 18 years of age, a resident of San Diego County and not a party to the within action

That affiant's ~~residence~~ business address is P. O. Box 103, Fallbrook, California.

That affiant served the attached Answer of Milton P. Martin and Maggie E. Martin

by placing a true copy thereof in an envelope addressed to Ernest A. Tolin, U. S. Attorney, and

Betty Marshall Graydon, Assistant U. S. Attorney,

at ~~their~~ office address, which is 325 West "F" Street, Room 221, San Diego,

California,

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on July 13, 1951

........................................, ~~19~~......., deposited in the United States Post Office ~~Box~~ at Fallbrook,

California.......................................That there is delivery service by the United States mail at the place
so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me

July 13........................................, 1951

_P W Willett_

Notary Public in and for the County of San Diego, State of California
(SEAL)

My Commission Expires June 10, 1954

7881

Form 17-A Co. Clk. 5M 1-51-PP  **7/A**