P. W. WILLETT
Attorney at Law
P. O. Box 103
Fallbrook, California
Telephone Fallbrook 7150
   and
WILLIAM H. MACOMBER
Attorney at Law
1114 San Diego Trust & Savings Bldg.
San Diego 1, California
Telephone Franklin 9-9408

Attorneys for the Defendant,
LUETTA M. GRAFFIN, sued herein as
DOE FOUR HUNDRED THREE.

FILED
JUL 27 1951
EDMOND L. SMITH, Clerk
By _____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, a public service
corporation of the State
of California, et al,

        Defendants.

No. 1247 - Civ.

ANSWER OF

LUETTA M. GRAFFIN

    Comes now the defendant, Luetta M. Graffin, sued herein as Doe Four Hundred Three, and separating herself from the other defendants, alleges, denies, and admits as follows:

                              I

    Defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore denies said allegation.

                              II

    Answering Paragraph I of said Complaint, defendant denies

that any "actual controversy" between the United States of America and this defendant had arisen prior to the commencement of this action; and defendant further denies that she has unlawfully or otherwise interfered with the rights of the United States of America.

### III

Answering Paragraph II of said Complaint, this defendant is informed and believes and therefore alleges the fact to be that said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to this defendant, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

### IV

Answering Paragraph III of said Complaint, defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore denies all the allegations in said Paragraph. However, defendant alleges that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons, which defendant is informed and believes to be the fact

1 ever since said government acquired said land.

## V

Answering Paragraph IV of plaintiff's Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore denies said allegation.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore denies said allegations.

Defendant denies that she has in any way encroached upon any rights which plaintiff may have, or by her alleged encroachment threatens a destruction of the basin referred to in said Complaint. Denies that the activities of this defendant have in any way encroached upon, or through her alleged encroachments upstream, that she has reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of this defendant. Denies that any acts of this defendant have damaged any rights or property of plaintiff. Alleges upon information and belief that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it is true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury or threatened injury was not the result of the activity of this defendant, nor brought about through her alleged encroachment, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the

1 wells of plaintiff but all wells in the Santa Margarita watershed,
2 and also wells in every other watershed throughout Southern
3 California. Furthermore, defendant is informed and believes and
4 therefore alleges the fact to be that plaintiff's injury, or
5 threatened injury, was brought about principally as the direct
6 result of plaintiff's misuse of the basin or basins underlying its
7 said property, and mismanagement of its said wells and the operation
8 thereof, and in the misuse and misapplication of the water produced
9 therefrom, and the wrongful, excessive and unreasonable diversions
10 and uses and places of use of said water, including the exportation
11 by plaintiff of large quantities of said water beyond the basin and
12 watershed of said Santa Margarita River, from whence said water
13 or any part thereof could never return.

14 As to the allegation that "Underlying the river and its
15 tributaries is a vast underground basin," and that "The basin as a
16 whole creates a large underground reservoir into which a high pro-
17 portion of the Santa Margarita River sinks," and that "This vast
18 subterranean reservoir constitutes one of the principal sources of
19 water for the military purposes declared above," this defendant
20 alleges that she is without knowledge and information sufficient to
21 form a belief as to the truth of said allegations, and therefore
22 denies each and every one of said allegations.

VI

24 Answering Paragraph V of said Complaint, defendant alleges
25 that the decision of said trial court was reversed by the Supreme
26 Court of the State of California (Rancho Santa Margarita v. Vail
27 11C(2) 501), and thereafter a Stipulation or Agreement was entered
28 into between the plaintiff in said action and the defendant Vail
29 interests calling for the entry of the stipulated judgment therein.
30 Defendant denies that the parties to said litigation declared their
31 rights or fixed their aliquot shares of all the waters of the
32 Santa Margarita River, premised upon the findings of the trial court

- 4 -

7854

or upon the decision of the California Supreme Court when the matter was on appeal before it. Defendant denies that she or her predecessors in interest were parties to said suit or to said Stipulation, and denies that any of the rights of this defendant in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. This defendant alleges that she is not bound in any way by said Stipulated Judgment, nor are her rights limited or controlled by it. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore denies each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, this defendant denies that plaintiff is entitled to, or can claim, as against this defendant, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can claim, against this defendant, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as defendant is informed and believes, and therefore alleges the fact to be, not to exceed 2,620 acre-feet per annum.

VIII

Answering Paragraph VII of said Complaint, defendant denies that her rights to or use of water in any manner imperils the war effort.

IX

Answering Paragraph VIII of said Complaint, defendant denies that plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water

except as hereinafter admitted. Defendant alleges that she is without knowledge or information to form a belief as to the truth of the other allegations contained in said Paragraph, and therefore denies each and all of the other allegations in said Paragraph.

X

Answering Paragraph IX of said Complaint, defendant denies that she has made any diversions from the Santa Margarita River in violation of rights of the United States of America; denies that she has caused the intrusion of salt water from the Pacific Ocean or otherwise caused damage to the United States of America; denies that she has repeatedly or at all, through overt acts or otherwise, displayed her disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Denies that her rights were acquired subsequent to the rights of the United States; denies that she has proceeded to encroach upon, or is now encroaching upon, or threatens to encroach upon the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. Defendant alleges that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and this defendant.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore denies both generally and specifically each and all of the remaining allegations in said Paragraph.

FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

I

Defendant is, and with her predecessors in interest has been for many years last past, the owner of and in possession of certain lands upstream from the lands of plaintiff. All said lands are within the watershed of the Santa Margarita River and its tributaries and defendant has rights in and to the reasonable beneficial use of the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which her lands lie. That all of said lands lie in a semi-arid region and are of little value without water. That the lands so owned by this defendant are described as follows:

> Lots 1 and 2 in Block 33, in the Town of West Fallbrook, County of San Diego, State of California; and Lots 8, 9, and 10, in Block 33, EXCEPTING therefrom the Atchison, Topeka and Santa Fe Railway Company right-of-way, in the Town of West Fallbrook, County of San Diego, State of California.

II

That said property is improved with a house, the home of defendant and her family, a garage, a well, and a family orchard. All of said land is arable. Said right to use said waters has been owned by defendant and her predecessors in interest for more than fifty years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

III

That defendant is the owner of the right to the use of the waters as hereinabove set forth, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its

1 | riparian lands, which amount, as defendant is informed and believes,
2 | is 2620 acre-feet per annum, and as to all other rights or claims
3 | of right of plaintiff, this defendant's said right is paramount.

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, this answering defendant prays:
1. That plaintiff take nothing by its action;
2. That this defendant be decreed as against plaintiff to be the owner of the right to a reasonable amount of water per annum, consumptive use, for beneficial use on her said land, and that said right be held to be paramount to plaintiff's rights.
3. That said defendant have judgment for her costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By  *P. W. Willett*

Attorneys for Defendant,
Luetta M. Graffin, sued herein
as Doe Four Hundred Three.

STATE OF CALIFORNIA ) ss.
COUNTY OF SAN DIEGO )

Luetta M. Graffin, being duly sworn, says:

That she is one of the defendants in the above entitled action; that she has read the foregoing Answer and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated upon her information or belief, and as to those matters that she believes the same to be true.

*Luetta M. Graffin*

Subscribed and sworn to before me this 17th day of July, 1951.

Notary Public in and for said County and State.
My Commission Expires June 10, 1954