SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)



FILED
JUL 27 1951
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

Attorneys for Defendants Robert T. Gray and Jane P. Gray

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
         Plaintiff

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California, et al.,

         Defendants.

No. 1247 - Civ.

ANSWER OF ROBERT T. GRAY AND JANE P. GRAY

Comes now the defendants ROBERT T. GRAY, sued herein as DOE FOUR HUNDRED TWELVE; and JANE P. GRAY, sued herein as DOE FOUR HUNDRED ELEVEN, and separating themselves from the other defendants, file this their Answer to the Complaint herein and allege, admit and deny as follows:

FIRST DEFENSE

I.

These defendants refer to and adopt by reference as if herein repeated, the allegations, admissions and denials contained in First Defense of the Answer of the defendants ERNEST LOUIS BARBEY and ESSIE BUELAH BARBEY, on file herein as fully and as completely as if said allegations, admissions and denials were herein set out verbatim, except that these defendants claim prescriptive rights in the amount of $56\frac{1}{2}$ acre-feet of water per annum.

7882

72

FOR A FURTHER, SECOND AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

That these defendants are the owners of the following described real property situated lying and being in the County of San Diego, State of California, more particularly described as:

PARCEL NO. 1.   Lot 1 of the Shipley Tract according to Map No. 132 thereof of record in the office of the County Recorder of San Diego County, containing ten (10) acres more or less.

PARCEL NO. 2.   A well lot, 40 ft. by 40 Ft. in Lot 6 of said Shipley Tract more particularly described as the West 40 feet of the East 96.29 feet of the South 40 feet of the North 421.69 feet of said Lot 6.

PARCEL NO. 3.   The North 1/2 of the Southeast 1/4 of Section 17, Township 9 South, Range 3 West, S B M, except that portion lying south of the center line of Highway (Formerly known as No. 395) Mission 1C; also except all that portion easterly of Hood Road, containing 50 acres more or less.

II.

These defendants are informed and believe and therefore allege the fact to be that of said Parcel No. 1, one-third (1/3) thereof is in the Santa Margarita River watershed and two-thirds (2/3) thereof is in the San Luis Rey watershed. That said Parcel No. 1 is supplied with water from a well dug thereon in 1927 and ever since has been used for the purpose of supplying said Parcel No. 1 with domestic and irrigation water at the rate of twenty-five (25) gallons per minute. That defendants are informed and believe that said well is located out of the Santa Margarita watershed.

-2-

7883

That said parcel No. 1 is also supplied with water from a well dug on Parcel No. 2 in the year 1927 and ever since has been used for the purpose of supplying said Parcel No. 1 with domestic and irrigation water at the rate of ten (10) gallons per minute. That these defendants are informed and believe that said well is located within the Santa Margarita watershed.

That the water from said two (2) wells has been used upon the lands within Parcel No. 1 openly, notoriously, continuously, adversely and under claim of right ever since the year 1927.

That these defendants are informed and believe and therefore allege the fact to be that Parcel No. 3 is located entirely within the Santa Margarita watershed and is supplied with water from two wells dug thereon in 1945 and ever since said wells have been used for the purpose of supplying said Parcel No. 3 with domestic and irrigation water at the rate of 25 gallons per minute.

That on said Parcel No, 1 there is located a 90,000 gallon reservoir into which the waters from the said two (2) wells are pumped. That on said Parcel No. 3 there is located a seven (7) acre foot reservoir into which the waters from its two (2) wells are pumped. That both Parcel No. 1 and Parcel No. 3 are developed and improved with orchards, pipe lines and sprinkler systems, residences and other buildings and facilities for the farming of the same in a modern and up to date manner. That all of said lands are dependent upon said wells for irrigation and domestic water.

III

That said lands lie within a semi-arid region and are barren and of little value without water but that with water they are valuable and highly productive.

IV.

That underneath each of said tracts there exists an under-

-3-

7884

74

ground strata of percolating water from which an adequate supply of water may be obtained by digging wells therein and pumping water therefrom.

V.

These defendants are the owners of the right to use a reasonable amount of the underground percolating water for beneficial use on their said lands in the amount of twenty-five (25) acre-feet per annum on said Parcel No. 1 and One hundred twenty-five (125) acre feet per annum on Parcel No. 3. That as to Parcel No. 1 these defendants' right to the use of said percolating water up to $56\frac{1}{2}$ acre-feet per annum is a paramount right to the rights of plaintiff; and that as to the remainder of said water rights defendants rights are correlative with the riparian rights of plaintiff to use a reasonable amount of the waters of the Santa Margarita River for riparian uses and purposes upon its riparian lands, but is paramount to all other rights of plaintiff.

That as to Parcel No. 3, the right of these defendants to use up to one hundred twenty five (125) acre-feet per annum of said underground percolating water is correlative with the riparian rights of the plaintiff to use a reasonable amount of the waters of the Santa Margarita River for riparian uses and purposes on its riparian lands but is paramount to all other rights of plaintiff.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

These defendants refer to and adopt by reference as if herein repeated the allegations of the Second and Separate Defense herein as fully and as completely as if said allegations were herein set out verbatim.

-4-

7885

II.

That the aforesaid described lands of these defendants are within the Fallbrook Public Utility District, a district engaged in distributing to the lands within its boundaries water obtained by it principally from the San Luis Rey River and the Colorado River and to a lesser degree from the Santa Margarita River. That these defendants supplement the supply of water which they obtain from their said wells by a substantial amount of water imported as aforesaid by the Fallbrook Public Utility District and delivered to these defendants for use on their said lands. That a substantial amount of said water obtained from said Fallbrook Public Utility District is being used by these defendants for the irrigation of their orchards and gardens seeps down into the underground strata and within the Santa Margarita River watershed percolates in the direction of the Santa Margarita River.

III

These defendants allege that at all times since they have been the owners of said property their irrigation activities on said lands have delivered back into the underground strata of percolating water within the Santa Margarita watershed a much greater amount of water than they have taken out of said underground strata and consumed by beneficial use on their said lands. The defendants therefore allege that the water supply in the said underground strata or basins of the Santa Margarita watershed and river have been increased and not decreased by these defendants' activities and that plaintiff has not and could not have been injured or damaged by the irrigating or water uses of these defendants.

WHEREFORE these defendants pray:

1. That plaintiff take nothing by its action.

2. That these defendants be decreed as against plaintiff

-5-

7886

    to be the owners of the right to 56½ acre-feet of water per annum consumptive use for irrigation and domestic purposes on their said lands and that said right be held and declared to be paramount to plaintiff's right.

3. That these defendants be decreed as against plaintiff to be the owners of the right to take up to one hundred fifty (150) acre feet of water per annum consumptive use from the underground percolating water for irrigation and domestic purposes on said land and that said right be held and declared to be correlative with plaintiff's right to take a reasonable amount of the waters of the Santa Margarita River for riparian uses and purposes on its riparian lands but be declared paramount to all other rights or claims of right of plaintiff.

4. That these defendants have judgment for their costs incurred herein and for such other and further relief as to the court may seem just and proper.

DATED July 25th, 1951.

RECEIVED copy of within
_____answer_____ this
27th day of July, 19 51
_Betty Marshall Drayton_
Attorneys for _Plaintiff_

SWING, SCHARNIKOW & STANIFORTH

BY _Phil D. Swing_
Attorneys for defendants
ROBERT T. GRAY and JANE P. GRAY

-6-

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

7887
77