(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

FILED

JUL 30 1951

EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

Attorneys for Defendants William V. Derby and Harriet T. Derby

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,

    Defendants.

No. 1247 - Civ.

ANSWER OF WILLIAM V. DERBY AND HARRIETT T. DERBY

Comes now the defendants WILLIAM V. DERBY, sued herein as DOE ONE HUNDRED SEVEN; and HARRIET T. DERBY, sued herein as "HARRIET W. DERBY SUED HEREIN AS DOE ONE HUNDRED EIGHT" and separating themselves from the other defendants, for answer to the complaint herein allege, deny and admit as follows:

FIRST DEFENSE

I.

These defendants refer to and adopy by reference as if herein repeated, the allegations, admissions and denials contained in the First Defense of the answer of the defendants ERNEST LOUIS BARBEY and ESSIE BUELAH BARBEY on file herein as fully and as complete as if said allegations, admissions and denials were herein set out verbatim, except that these defendants claim no prescriptive rights.

7914

100

FOR A FURTHER SECOND AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

These defendants are the owners of all that certain real property situated, lying and being in the County of San Diego, State of California more particularly described as:

Beginning at the Northwest corner of the Northwest 1/4 of the Northeast 1/4 of Section 19, Township 9 South, Range 3 West, S B M; thence southerly along said westerly boundary line of said Northwest 1/4 of the northeast 1/4 of said Section 19, a distance of 334.58 feet; thence North 89° 44' 30" East 30 Ft. to the true point of beginning; thence continuing North 89° 44' 30" E. 315 feet to a point; thence North 0° 02' 20" East 335.45 feet to the north boundary line of said Section 19; thence westerly along said northerly boundary line of said Section 19, 315 feet to a point on said boundary line; thence southerly and parallel to the west boundary line of said Northwest 1/4 of the Northeast 1/4 of Section 19, 334.58 feet to the point of beginning, containing approximately 2½ acres.

II

Said property is improved with a dwelling, the home of these defendants, and a guest house and garage, a well equipped with pump and pressure tank, distribution pipe lines to facilitate and distribute the water from said well for irrigation and domestic purposes on said land. Also, one (1) acre of said property is planted to avocados, oranges, fig trees, grape vines and garden and an additional acre is suitable for planting to orchards, vines and garden and defendants intend so to plant the same.

-2-

7915

### III.

That said land lies in a semi-arid region of the country and would be barren and of little value without water but is productive and valuable with water.

### IV.

That under-lying said land is a stratum of underground percolating water from which an adequate supply may be obtained for use thereon by digging wells therein and pumping water therefrom.

### V.

That these defendants are the owners of the right to use a reasonable amount of underground percolating water beneath their said lands for beneficial uses thereon and their reasonable requirements are and will be eight (8) acre-feet of water per annum consumptive use.

### VI.

That these defendants' right to use eight (8) acre-feet per annum of said underground percolating water is correlative with the right of plaintiff to use a reasonable amount of water of the Santa Margarita River for riparian uses and purposes on its riparian lands but is paramount to all other rights of plaintiff.

WHEREFORE these defendants pray:

1. That plaintiff take nothing by its action.

2. That these defendants be declared and decreed as against plaintiff, to be the owners of the right to use eight (8) acre-feet of water per annum, consumptive use, for beneficial use on their said land and that said right be held and declared to be correlative with the right of plaintiff to use a

-3-

7916

reasonable amount of the waters of the Santa Margarita River for riparian uses and purpose on its riparian lands but be declared and decreed to be paramount to all other rights of plaintiff.

3. That these defendants have judgment for their costs incurred herein and for such other and further relief as the court may deem proper.

DATED:   July 30, 1951.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for defendants
William V. Derby and Harriet T. Derby.

RECEIVED copy of within
_____ this
30th day of July, 1951
_____
Attorneys for Plaintiff

-4-

7917