1  P. W. WILLETT
   Attorney at Law
2  P. O. Box 103
   Fallbrook, California
3  Telephone Fallbrook 7150
           and
4  WILLIAM H. MACOMBER
   Attorney at Law
5  1114 San Diego Trust & Savings Bldg.
   San Diego 1, California
6  Telephone Franklin 9-9408

7  Attorneys for the Defendants,
   HOWARD W. ROBINSON and
8  ALLA M. ROBINSON.



FILED

AUG 3 - 1951

EDMUND L. SMITH, Clerk
By
        DEPUTY CLERK

9

10              UNITED STATES DISTRICT COURT

11                      FOR THE

12             SOUTHERN DISTRICT OF CALIFORNIA

13                   SOUTHERN DIVISION

14  UNITED STATES OF AMERICA,        )
15                      Plaintiff,   )      No. 1247 - Civ.
16              vs.                  )        ANSWER OF
17  FALLBROOK PUBLIC UTILITY         )    HOWARD W. ROBINSON
    DISTRICT, a public service       )
18  corporation of the State         )          and
    of California, et al,            )
19                                   )    ALLA M. ROBINSON
20                      Defendants.  )
    ------------------------------
21

22        Come now the defendants, Howard W. Robinson, sued herein as

23  Doe Eight Hundred Fifty-seven; and Alla M. Robinson, sued herein as

24  Doe Eight Hundred Fifty-six; and separating themselves from the

25  other defendants, answering for themselves alone and for no other

26  defendants, allege, deny, and admit as follows:

27                              I

28        These defendants allege that they and each of them are

29  without knowledge or information sufficient to form a belief as to

30  the truth of the allegation that the above entitled action was

31  commenced and the Complaint filed "at the request of the Secretary

32  of the Department of the Navy," and therefore deny said allegation.

                              (1)

                                              7937

Robinson

II

Answering Paragraph I of said Complaint, these defendants
deny that any "actual controversy" between the United States of
America and these defendants had arisen prior to the commencement
of this action; and these defendants further deny that they have
unlawfully or otherwise interfered with the rights of the United
States of America.

III

Answering Paragraph II of said Complaint, these defendants
are informed and believe and therefore allege the fact to be that
said military establishments do not occupy all of the 135,000 acres
acquired by the United States of America in the Counties of
San Diego and Orange, State of California; nor are all of said
135,000 acres utilized for military purposes, but that several
thousand acres of land, the exact amount being unknown to these
defendants, have been at all times since said property was acquired
by the United States of America, and now are, occupied, used and
devoted to commercial farming, said land being rented out in
varying sized tracts to various private persons, firms, and corpor-
ations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants
allege that they are without knowledge or information sufficient
to form a belief as to the truth of the facts alleged therein, and
therefore deny all the allegations in said Paragraph. However,
these defendants allege that if it be true that the State of
California has ceded any jurisdiction to the United States of
America over said land, such cession was operative and effective
only to the extent and for the time that said tract of land was to
be used and actually was used for the purpose of erecting and
maintaining forts, magazines, dockyards, and other needful
buildings thereon, and was not intended to, and in fact did not,

7938

Robinson

extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons, which these defendants are informed and believe to be the fact ever since said government acquired said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries before said river enters the property of plaintiff. These defendants allege that no portion of any of these basins form any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these defendants have in any way encroached upon, or through their alleged encroach- ments upstream, that they have reduced the quantities available to

(3)

7939

A

the United States of America from the "subterranean sources"
mentioned in said Paragraph, or that there has been a reduction in
the surface flow of the Santa Margarita River through the alleged
encroachment of these defendants.  Deny that any acts of these
defendants have damaged any rights or property of plaintiff.  Allege
that, if it be true that there exists a threat of salt water
intrusion into the basin or basins in which plaintiff's wells are
located, or if it be true that two of plaintiff's wells have been
destroyed by reason of that intrusion, such injury or threatened
injury was not the result of the activity of these defendants or
either of them, nor brought about through their alleged encroachment
upstream, but was in part at least, the result of a severe and
protracted drought affecting all of Southern California and affect-
ing not only the wells of plaintiff but all wells in the Santa
Margarita watershed and also wells in every other watershed through-
out Southern California.  Furthermore, these defendants are informed
and believe and therefore allege the fact to be that plaintiff's
injury, or threatened injury, was brought about principally as the
direct result of plaintiff's misuse of the basin or basins under-
lying its said property, and mismanagement of its said wells and
the operation thereof, and in the misuse and misapplication of the
water produced therefrom, and the wrongful, excessive and unreason-
able diversions and uses and places of use of said water, including
the exportation by plaintiff of large quantities of said water
beyond the basin and watershed of said Santa Margarita River, from
whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its
tributaries is a vast underground basin," and that "The basin as a
whole creates a large underground reservoir into which a high
proportion of the Santa Margarita River sinks," and that "This vast
subterranean reservoir constitutes one of the principal sources of
water for the military purposes declared above," these defendants

(4)

allege that they are without knowledge or information sufficient
to form a belief as to the truth of said allegations, and therefore
deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants
allege that the decision of said trial court was reversed by the
Supreme Court of the State of California (Rancho Santa Margarita
v. Vail (110(2) 501), and thereafter a Stipulation or Agreement was
entered into between the plaintiff in said action and the defendant
Vail interests, calling for the entry of the Stipulated Judgment
therein.  These defendants deny that the parties to said litigation
declared their rights or fixed their aliquot shares of all the
waters of the Santa Margarita River, premised upon the findings of
the trial court or upon the decision of the California Supreme
Court when the matter was on appeal before it.  These defendants
deny that they or their predecessors in interest were parties to
said suit or to said Stipulation, and deny that any of the rights
of these defendants in the Santa Margarita River were adjudicated
in said suit or fixed by said Judgment.  These defendants allege
that they are not bound in any way by said Stipulated Judgment,
nor are their rights limited or controlled by it.  These defendants
are without knowledge or information sufficient to form a belief
as to the truth of the remaining allegations in said Paragraph,
and therefore deny each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, these defendants
deny that plaintiff is entitled to, or can claim, as against these
defendants, all rights, titles, interest and privileges purported
to have been given to said Rancho Santa Margarita by the said
Stipulated Judgment; or that plaintiff is entitled to claim or can
claim, against these defendants, any more water than the amount

(5)

7941

Robinson

1 which is or may be reasonably and actually required for riparian

2 uses and purposes on that portion of said Rancho Santa Margarita

3 which is actually riparian to said Santa Margarita River, which

4 amount is, under present conditions, as these defendants are

5 informed and believe, and therefore allege the fact to be, not to

6 exceed 2,620 acre-feet per annum.

VIII

8     Answering Paragraph VII of said Complaint, these defendants

9 deny that their rights to or use of water in any manner imperils

10 the war effort of the United States of America.

IX

12     Answering Paragraph VIII of said Complaint, these defendants

13 deny that plaintiff has a paramount right to 35,000 acre-feet of

14 water annually, or a paramount right to any quantity of water

15 except as hereinafter admitted.  These defendants allege that they

16 are without knowledge or information sufficient to form a belief

17 as to the truth of the other allegations in said Paragraph, and

18 therefore deny each and all of the other allegations in said

19 Paragraph.

X

21     Answering Paragraph IX of said Complaint, these defendants

22 deny that they have made any diversions from the Santa Margarita

23 River in violation of rights of the United States of America;

24 deny that they have caused intrusion of salt water from the Pacific

25 Ocean, or otherwise caused damage to the United States of America;

26 deny that they have repeatedly or at all, through overt acts or

27 otherwise, displayed their disregard for the rights of the United

28 States of America or declared claims in contravention of the rights

29 of the United States of America.  Deny that their rights were

30 acquired subsequent to the rights of the United States; deny that

31 they have proceeded to encroach upon, or are now encroaching upon,

32 or threaten to encroach upon the water supply of Camp Pendleton,

(6)

7942

Robinson

1   the United States Naval Hospital, or the Naval Ammunition Depot.
2   These defendants allege that but for plaintiff's excessive
3   diversions, unreasonable uses and wrongful exportation of water to
4   places outside the basin and watershed of Santa Margarita River,
5   as alleged in Paragraph V hereof, there would be a sufficient
6   supply of water to meet the rightful needs and lawful requirements
7   of plaintiff and these defendants.
8           These defendants are without knowledge or information
9   sufficient to form a belief as to the truth of the remaining aver-
10   ments in said Paragraph, and therefore deny both generally and
11   specifically each and all of the remaining allegations in said
12   Paragraph.
13                   - - - - - - - - - - - - - - -
14           FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS
15   ALLEGE:
16                                   I
17           These defendants are, and with their predecessors in interest
18   have been for many years last past, the owners of and in possession
19   of certain land within the watershed of the Santa Margarita River
20   and its tributaries, and these defendants have rights in and to the
21   reasonable beneficial use of the percolating waters which are in the
22   underground basins and strata of water-bearing sand and gravel over
23   which their land lies.  That all of said land lies in a semi-arid
24   region and is of little value without water.  That the land so owned
25   by these defendants is described as follows:
26           Lots 1 and 2, Block "R," Bartlett's Addition to West
27           Fallbrook No. 1, according to Map thereof No. 470, and that
28           portion of those certain streets and alleys in said
29           Bartlett's Addition to West Fallbrook No. 1, that were
30           closed to public use on February 15, 1893, by an order
31           of the Board of Supervisors of San Diego County made on
32           that date, and which said order was recorded in Book 15,

7943

A

Page 310 of the records of said Board, described as a
whole as follows:

Beginning at the intersection of the Southerly prolonga-
tion of the West line of said Lot 1 with the center line
of View Street; thence along said prolonged line and the
West line of said Lots 1 and 2 North 0° 40' 30" East
136.92 feet to the Northwest corner of said Lot 2; thence
along the North line of said Lot 2 and its Easterly
prolongation South 89° 22' East 134.85 feet to the center
line of the alley, which lies adjacent to said Lot 2;
thence along the center line of said alley and its South-
erly prolongation South 0° 40' 30" West 136.91 feet to
the center line of said View Street; thence along said
center line of View Street North 89° 22' West 134.85
feet to the point of beginning.

II

All of said above described land is arable.  These defendants
and their children reside in the family home situated on said land,
and a family orchard is planted on said land.  Said right to use
said waters has been owned by these defendants and their predeces-
sors in interest for more than fifty years, openly, notoriously,
continuously, adversely, and under claim of right to meet domestic
and irrigation requirements thereof.

III

That these defendants are the owners of the right to the use
of the waters as hereinabove set forth, which right is correlative
with the rights of plaintiff to a reasonable amount of the waters
of the Santa Margarita River for riparian purposes and uses on its
riparian lands, which amount, as these defendants are informed and
believe, is 2620 acre-feet per annum, and as to all other rights
or claims of right of plaintiff, these defendants' said right is
paramount.

7944

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE
ANSWERING DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's
Complaint herein is barred by the provisions of Sections 318, 319,
336, and 338(2) of the Code of Civil Procedure of the State of
California.

WHEREFORE, these answering defendants pray:

1.  That plaintiff take nothing by its action;

2.  That these defendants be decreed as against
    plaintiff to be the owners of the right to
    a reasonable amount of water per annum,
    consumptive use, for beneficial use on their
    said land, and that said right be held to be
    paramount to plaintiff's rights;

3.  That these defendants have judgment for their
    costs incurred herein, and for such other and
    further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By _P W Willett_

Attorneys for the Defendants:
HOWARD W. ROBINSON and
ALLA M. ROBINSON.

(9)

7945

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF SAN DIEGO )

      Howard W. Robinson, being duly sworn, days:

      That he is one of the answering defendants in the above
entitled action; that he has read the foregoing Answer and knows
the contents thereof; that the same is true of his own knowledge,
except as to the matters which are therein stated on his information
or belief, and as to those matters that he believes the same to be
true.

*Howard W Robinson*

Subscribed and sworn to before me
this 1st day of August, 1951.

*Nadia S. Roper*
Notary Public in and for said
    County and State

My Commission Expires MY COMMISSION EXPIRES APR. 24, 1953

(10)

7946