P. W. WILLETT
Attorney at Law
P. O. Box 103
Fallbrook, California
Telephone Fallbrook 7150
  and
WILLIAM H. MACOMBER
Attorney at Law
1114 San Diego Trust & Savings Bldg.
San Diego 1, California
Telephone Franklin 9-9408

Attorneys for the Defendants,
Geno L. Somacal and
Louise R. Somacal.

FILED
AUG 3 - 1951
EDMUND L. SMITH, Clerk
by
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, a public service
corporation of the State
of California, et al,

    Defendants.

No. 1247 - Civ.

ANSWER OF

GENO L. SOMACAL

and

LOUISE R. SOMACAL

    Come now the defendants, GENO L. SOMACAL, sued as "Gene" L. Somacal, Doe Nine Hundred Twenty-six; and LOUISE R. SOMACAL, sued herein as Doe Nine Hundred Twenty-Seven, and also sued as Louise Reader, Doe Eight Hundred Thirty-eight; and separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny, and admit as follows:

                       I

    These defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was

commenced and the Complaint filed "At the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

II

Answering Paragraph I of said Complaint, these defendants deny that any "actual controversy" between the United States of America and these defendants had arisen prior to the commencement of this action; and these defendants further deny that they have unlawfully or otherwise interfered with the rights of the United States of America.

III

Answering Paragraph II of said Complaint, these defendants are informed and believe and therefore allege the fact to be that said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California; nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms, and corporations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations in said Paragraph. However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was operative and effective only to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and

maintaining forts, magazines, dockyards, and other needful buildings thereon, and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons, which these defendants are informed and believe to be the fact ever since said government acquired said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries before said river enters the property of plaintiff.  These defendants allege that no portion of any of these basins form any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint.

3.

7928

Deny that the activities of these defendants have in any way encroached upon, or through their alleged encroachments upstream, that they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these defendants. Deny that any acts of these defendants have damaged any rights or property of plaintiff. Allege that, if it be true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it be true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury or threatened injury was not the result of the activity of these defendants or either of them, nor brought about through their alleged encroachment upstream, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California. Furthermore, these defendants are informed and believe and therefore allege the fact to be that plaintiff's injury, or threatened injury, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property, and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced therefrom, and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River, from whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its tributaries is a vast underground basin," and that "The basin as a whole creates a large underground reservoir into which a high

proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants allege that the decision of said trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein.  These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it.  These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment.  These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it.  These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the

said Stipulated Judgment; or that plaintiff is entitled to claim or can claim, against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount is, under present conditions, as these defendants are informed and believe, and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

VIII

Answering Paragraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the war effort of the United States of America.

IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted. These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph.

X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Deny that their rights were acquired subsequent to the rights of the United States; deny that

they have proceeded to encroach upon, or are now encroaching upon, or threaten to encroach upon the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. These defendants allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and these defendants.

    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore deny both generally and specifically each and all of the remaining allegations in said Paragraph.

- - - - - - - - - - - - - - - - - -

    FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

    These defendants are, and with their predecessors in interest have been for many years last past, the owners of and in possession of certain lands upstream from the lands of plaintiff. All said lands are within the watershed of the Santa Margarita River and its tributaries, and these defendants have rights in and to the reasonable beneficial use of the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their lands lie. That all of said lands lie in a semi-arid region and are of little value without water. That the lands so owned by these defendants are described as follows:

    PARCEL NO. 1:

    Lots Nine to Seventeen inclusive, in Abbott's Addition
    to the Town of West Fallbrook, in the County of
    San Diego, State of California, according to the Map
    thereof No. 79, filed in the office of the Recorder

7.

7032

of said San Diego County September 26, 1887, EXCEPTING therefrom those portions included within the right-of-way of the Atchison, Topeka and Santa Fe Railway Company, as described in deed from Joseph Reed dated March 14, 1917, and recorded in Book 722, Page 215 of Deeds.

A lemon orchard is on said land.

PARCEL NO. 2:

Block One of Harris' Addition to the Town of West Fallbrook, in the County of San Diego, State of California, according to the Map thereof No. 574, filed in the office of the Recorder of said San Diego County January 8, 1889. This land consists of four acres of lemon and avocado trees.

PARCEL NO. 3:

All of that unnumbered Lot designated as "1 Acre" on Map No. 79 of Abbott's Addition to the Town of West Fallbrook, in the County of San Diego, State of California, filed in the office of the Recorder of said San Diego County September 26, 1887, described as follows: Commencing at a point 20 feet South of the Northwest corner of the Southwest Quarter of the Southeast Quarter of Section 24, Township 9 South, Range 4 West; thence East 162 feet; thence South 268.9 feet; thence West 162 feet; thence North 268.9 feet to the point of commencement; EXCEPTING therefrom that portion included within the right-of-way of the Atchison, Topeka and Santa Fe Railway Company, as described in deed from Joseph Reed, dated March 14, 1917, and recorded in Book 722, Page 215 of Deeds.

PARCEL NO. 4:

All of the North Half of Block 113 EXCEPT the East 128.96 feet thereof, of West Fallbrook, in the County of San Diego, State of California, according to the Map thereof No. 743 filed in the office of the Recorder of said San Diego County March 6, 1893, TOGETHER with that portion of vacated street adjoining said property on the Southwest as recorded August 26, 1949, File No. 78238 Records of said San Diego County. Said East 128.96 feet being measured along the Northerly line of said Block 113.

The family home, garage, and a family orchard are located upon this property.

II

All of said above described land is arable. Said right to use said waters has been owned by these defendants and their predecessors in interest for more than fifty years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

III

That these defendants are the owners of the right to the use of the waters as hereinabove set forth, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe, is 2,620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:
1. That plaintiff take nothing by its action;
2. That these defendants be decreed as against plaintiff to be the owners of the right to a reasonable amount of water per annum, consumptive use, for beneficial use on their said lands, and that said right be held to be paramount to plaintiff's rights;
3. That said defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By *P W Willett*
Attorneys for the Defendants:
GENO L. SOMACAL and
LOUISE R. SOMACAL.

10.

7935

```
STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF SAN DIEGO   )
```

Louise R. Somacal, being duly sworn, says:

That she is one of the answering defendants in the above entitled action; that she has read the foregoing Answer and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated upon her information or belief, and as to those matters that she believes the same to be true.

*Louise R. Somacal*

Subscribed and sworn to before me
this __31__ day of __July__, 1951.

*Luetta M. Graffin*
Notary Public in and for said
County and State

My Commission Expires June 14, 1955

11.

7936