1  P. W. WILLETT
   Attorney at Law
2  P. O. Box 103
   Fallbrook, California
3  Telephone Fallbrook 7150
           and
4  WILLIAM H. MACOMBER
   Attorney at Law
5  1114 San Diego Trust & Savings Bldg.
   San Diego 1, California
6  Telephone Franklin 9-9408

7  Attorneys for the Defendants,
   G. R. REYNOLDS and
8  JEAN M. REYNOLDS.

FILED
OCT 18 1951
EDMUND L. SMITH, Clerk
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,<br><br>                Defendants. | No. 1247 - Civ.<br><br>ANSWER OF<br><br>G. R. REYNOLDS<br><br>and<br><br>JEAN M. REYNOLDS |

      Come now the defendants, G. R. Reynolds, also known as Garland R. Reynolds, sued herein as Doe Eight Hundred Forty-one, and Jean M. Reynolds, sued herein as Doe Eight Hundred Forty-two, and separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny and admit as follows:

I

      These defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was

(1)

8227

1  commenced and the Complaint filed "at the request of the Secretary
2  of the Department of the Navy," and therefore deny said allegation.

### II

4  Answering Paragraph I of said Complaint, these defendants
5  deny that any "actual controversy" between the United States of
6  America and these defendants had arisen prior to the commencement
7  of this action; and these defendants further deny that they have
8  unlawfully or otherwise interfered with the rights of the United
9  States of America.

### III

11  Answering Paragraph II of said Complaint, these defendants
12  are informed and believe and therefore allege the fact to be that
13  said military establishments do not occupy all of the 135,000
14  acres acquired by the United States of America in the Counties of
15  San Diego and Orange, State of California; nor are all of said
16  135,000 acres utilized for military purposes, but that several
17  thousand acres of land, the exact amount being unknown to these
18  defendants, have been at all times since said property was acquired
19  by the United States of America, and now are, occupied, used and
20  devoted to commercial farming, said land being rented out in varying
21  sized tracts to various private persons, firms and corporations
22  for that purpose.

### IV

24  Answering Paragraph III of said Complaint, these defendants
25  allege that they are without knowledge or information sufficient to
26  form a belief as to the truth of the facts alleged therein, and
27  therefore deny all the allegations in said Paragraph.
28  However, these defendants allege that if it be true that the
29  State of California has ceded any jurisdiction to the United States
30  of America over said land, such cession was operative and effective
31  only to the extent and for the time that said tract of land was to
32  be used and actually was used for the purpose of erecting and

1. maintaining forts, magazines, dockyards and other needful buildings
2. thereon, and was not intended to, and in fact did not, extend to
3. the thousands of acres of land occupied, used and devoted to
4. commercial farming by private persons, which these defendants are
5. informed and believe to be the fact ever since said government
6. acquired said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin, or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along said river and along its several tributaries before said river enters the property of plaintiff. These defendants allege that no portion of any of these basins forms any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint.

1  Deny that the activities of these defendants have in any way
2  encroached upon, or through their alleged encroachments upstream,
3  that they have reduced the quantities available to the United
4  States of America from the "subterranean sources" mentioned in said
5  Paragraph, or that there has been a reduction in the surface flow
6  of the Santa Margarita River through the alleged encroachment of
7  these defendants. Deny that any acts of these defendants have
8  damaged any rights or property of plaintiff.

These defendants allege that, if it be true that there
exists a threat of salt water intrusion into the basin or basins
in which plaintiff's wells are located, or if it be true that two
of plaintiff's wells have been destroyed by reason of that
intrusion, such injury or threatened injury was not the result of
the activity of these defendants or either of them, nor brought
about through their alleged encroachment upstream, but was in part
at least, the result of a severe and protracted drought affecting
all of Southern California and affecting not only the wells of
plaintiff but all wells in the Santa Margarita watershed and also
wells in every other watershed throughout Southern California.

Furthermore, these defendants are informed and believe and
therefore allege the fact to be that plaintiff's injury, or
threatened injury, was brought about principally as the direct
result of plaintiff's misuse of the basin or basins underlying its
said property, and mismanagement of its said wells and the operation
thereof, and in the misuse and misapplication of the water produced
therefrom, and the wrongful, excessive and unreasonable diversions
and uses and places of use of said water, including the exportation
by plaintiff of large quantities of said water beyond the basin
and watershed of said Santa Margarita River, from whence said water
or any part thereof could never return.

As to the allegation that "Underlying the river and its
tributaries is a vast underground basin," and that "The basin as a

(4)

8230

whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants allege that the decision of said trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail (11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein. These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

(5)

8231

34

## VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interests and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can claim against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount is, under present conditions, as these defendants are informed and believe and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

## VIII

Answering Paragraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the defense effort of the United States of America.

## IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted.

These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph.

## X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific

(6)

8232

Ocean or otherwise caused damage to the United States of America; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Deny that their rights were acquired subsequent to the rights of the United States; deny that they have proceeded to encroach upon, or are now encroaching upon, or threaten to encroach upon the water supply of Camp Pendleton, The United States Naval Hospital, or the Naval Ammunition Depot. These defendants allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and defendants.

  These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore deny both generally and specifically each of the remaining allegations in said Paragraph.

- - - - - - - - - - - - - - - - - -

  FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

  These defendants are, and with their predecessors in interest have been for many years last past, the owners of and in possession of certain land hereinafter described, and these defendants have rights in and to the reasonable beneficial use of the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their land lies. That all of said land lies in a semi-arid region and is of little value without water. That the land so owned by these defendants is

described as follows:

    All that portion of Lot 1, Northeast Quarter of the Northeast Quarter of Section 1, Township 9 South, Range 3 West, S.B.M., in the County of San Diego, State of California, described as follows:

Beginning at the Northwest corner of said Lot 1; thence along the West line thereof South 3° 39' 30" West, 566.38 feet; thence parallel to the North line of said Lot 1, North 89° 45' East, 296.30 feet; thence North 8° 16' 30" East, 145.42 feet; thence North 89° 45' East, 53.10 feet; thence North 21° 08' 30" East, 225.82 feet; thence North 7° 06' East, 167.07 feet to a point in the South line of the North 45.30 feet of said Lot 1; thence along the South line of said North 45.30 feet North 89° 45' East, 507.33 feet to the center line of State Highway No. 395; thence Northerly thereon 47.86 feet to the North line of said Lot 1; thence thereon South 89° 45' West, 958.70 feet to the point of beginning.

EXCEPTING THEREFROM, the following described parcels:

(1) All that portion of Lot 1, Northeast Quarter of the Northeast Quarter of Section 1, Township 9 South, Range 3 West, S.B.M., in the County of San Diego, State of California, described as follows:  Beginning at a point in the North line of said Section 1 distant North 89° 45' East 280.70 feet from the Northwest corner of said Lot; thence South 0° 15' East 5 feet; thence parallel with said North line of Section 1 North 89° 45' East 165 feet; thence North 0° 15' West 5 feet to the North line of said Section 1; thence thereon South 89° 45' West 165 feet to the point of beginning.

(2) That portion of the North 45.30 feet of Lot 1 of

Section 1, Township 9 South, Range 3 West, S.B.B.& M. lying Northwesterly of the Northwesterly right of way line of State Highway No. 395, 60.00 feet wide, as said right of way line is shown on record of Survey Map No. 1008 filed in the Recorder's Office of San Diego County and lying Southeasterly of the following described center line. Beginning at a point on the North line of said Lot 1, distant thereon North 89° 50' 40" East 827.02 feet from the Northwest corner of said Lot 1, said point being also distant along said North line North 89° 50' 40" East 145.68 feet from Engineer's Sta. 753/68.73 on the center line of the Dept. of Public Works from Moosa Canyon to Riverside Co. line, Road Xl-SD-77-G; thence from a tangent which bears South 39° 00' 18" West along a curve to the right having a radius of 3100 feet through an angle of 1° 05' 17" a distance of 58.87 feet to the South line of said North 45.30 feet of Lot 1, distant along said South line North 89° 50' 40" East 148.42 feet from Engineer's Sta. 753 plus 08.08 on the center line of said Survey, containing 0.10 of an acre.

II

All of said above described land is arable. These defendants reside in the family home on said land on which is a Turkey Farm. Said land containes approximately $3\frac{1}{2}$ acres and is fenced. The improvements consist of garage, brood house for turkeys, dressing plant for turkeys, well, centrifugal electric pump, and 4 tanks. Said well constitutes these defendants' only supply of water. Said right to use said waters has been owned by these defendants and their predecessors in interest for many years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

III

That these defendants are the owners of the right to the use of the waters as hereinabove set forth, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

- - - - - - - - - - - - - - - - - - - - - - - - - -

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:

1. That plaintiff take nothing by its action against these defendants;
2. That these defendants be decreed as against plaintiff to be the owners of the right to a reasonable amount of water per annum, consumptive use, for beneficial use on their said land, and that said right be held to be paramount to plaintiff's rights;
3. That these defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By  *P W Willett*
Attorneys for the Defendants,
G. R. REYNOLDS and
JEAN M. REYNOLDS.

STATE OF CALIFORNIA ) ss.
COUNTY OF SAN DIEGO )

Jean M. Reynolds, being duly sworn, says:

That she is one of the defendants in the above entitled action; that she has read the foregoing Answer and Affirmative Defenses and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated upon her information or belief, and as to those matters that she believes the same to be true.

*Jean M. Reynolds*

Subscribed and sworn to before me this _15_ day of October, 1951.

*Quetta M. Graffin*
Notary Public in and for said County and State

My Commission Expires June 14, 1955

Receipt of the within Answer is hereby acknowledged 10/18/51
*Betty Marshall Graydon*
Ass't U S Atty

(11)

8237

40