P. W. WILLETT
Attorney at Law
P. O. Box 103
Fallbrook, California
Telephone Fallbrook 7150
 and
WILLIAM H. MACOMBER
Attorney at Law
1114 San Diego Trust & Savings Bldg.
San Diego 1, California
Telephone Franklin 9-9408

Attorneys for the Defendants,
ELVIN C. BAKER and
BARBARA A. BAKER.

FILED
OCT 18 1951
EDMUND L. SMITH, Clerk
By ........................
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,<br><br>　　　　　　Defendants. | No. 1247 - Civ.<br><br>ANSWER OF<br><br><u>ELVIN C. BAKER</u><br><br>and<br><br><u>BARBARA A. BAKER</u> |

　　　Come now the defendants, Elvin C. Baker and Barbara A. Baker, and separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny and admit as follows:

I

　　　These defendants allege that they and each of them are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

- 1 -

0207

II

Answering Paragraph I of said Complaint, these defendants deny that any "actual controversy" between the United States of America and these defendants had arisen prior to the commencement of this action; and these defendants further deny that they have unlawfully or otherwise interfered with the rights of the United States of America.

III

Answering Paragraph II of said Complaint, these defendants are informed and believe and therefore allege the fact to be that said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California; nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations in said Paragraph.

However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was operative and effective only to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, dockyards and other needful buildings thereon, and was not intended to, and in fact did not, extend to the

thousands of acres of land occupied, used and devoted to commercial farming by private persons, which these defendants are informed and believe to be the fact ever since said government acquired said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along said river and along its several tributaries before said river enters the property of plaintiff. These defendants allege that no portion of any of these basins forms any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these defendants have in any way encroached upon, or through their alleged encroachments upstream, that they have reduced the quantities available to the United States

- 3 -

8209

of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these defendants. Deny that any acts of these defendants have damaged any rights or property of plaintiff.

These defendants allege that, if it be true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it be true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury or threatened injury was not the result of the activity of these defendants or either of them, nor brought about through their alleged encroachment upstream, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California. Furthermore, these defendants are informed and believe and therefore allege the fact to be that plaintiff's injury, or threatened injury, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property, and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced therefrom, and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River, from whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its tributaries is a vast underground basin," and that "The basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of

water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants allege that the decision of said trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail (11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein. These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it. These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interests and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can

- 5 -

1  claim against these defendants, any more water than the amount
2  which is or may be reasonably and actually required for riparian
3  uses and purposes on that portion of said Rancho Santa Margarita
4  which is actually riparian to said Santa Margarita River, which
5  amount is, under present conditions, as these defendants are
6  informed and believe and therefore allege the fact to be, not to
7  exceed 2,620 acre-feet per annum.

## VIII

Answering Paragraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the defense effort of the United States of America.

## IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted.

These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph.

## X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific Ocean or otherwise caused damage to the United States of America; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Deny that their rights were acquired subsequent to the rights of the United States; deny that they have proceeded to encroach upon, or are now encroaching upon,

or threaten to encroach upon the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. These defendants allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and defendants.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore deny both generally and specifically each of the remaining allegations in said Paragraph.

- - - - - - - - - - - - - - - - - -

FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

These defendants are, and with their predecessors in interest have been for many years last past, the owners of and in possession of certain lands hereinafter described, and these defendants have rights in and to the reasonable beneficial use of the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their lands lie. That all of said lands lie in a semi-arid region and are of little value without water. That the lands so owned by these defendants are described as follows:

PARCEL NO. 1:

> All that portion of the Northwest Quarter of the Northeast Quarter and of the Northeast Quarter of the Northwest Quarter of Section 14, Township 9 South, Range 3 West, in the County of San Diego, State of California, according to the U. S. Government Survey, described as follows:

     Beginning at a point on the West line of said Northeast Quarter of the Northwest Quarter of said Section, distant thereon South 1° 42' 20" East 484.08 feet from the Northwest corner of said Northeast Quarter of the Northwest Quarter; thence South 89° 52' 40" East along a line parallel with the South line of said Northeast Quarter of the Northwest Quarter and its Easterly prolongation 2650.57 feet to a point in the East line of said Northwest Quarter of the Northeast Quarter of said Section, distant thereon South 1° 59' 30" West 500 feet from the Northeast corner of said Northweat Quarter of the Northeast Quarter; thence South 1° 59' 30" West along said East line 445.47 feet to a point which bears North 1° 59' 30" East 445.50 feet from the Southeast corner of the Northwest Quarter of the Northeast Quarter; thence North 89° 52' 40" West 2648.34 feet to a point on said West line of the Northwest Quarter of the Northeast Quarter distant thereon North 1° 42' 20" East 445.88 feet from the Southwest corner of said Northeast Quarter of the Northwest Quarter; thence North 1° 42' 20" East along said West line 445.40 feet to the point of beginning.

     EXCEPTING from the above described property that portion thereof conveyed by Ross Daily and Helen M. Daily to the State of California for Highway purposes, by deed dated May 15, 1946, and recorded in Book 2182, Page 143 of Official Records.

PARCEL NO. 2:

     Also an easement for ingress and egress to and from the property above described in Parcel 1 hereof, 20 feet in width along and immediately adjacent to the Easterly line of the proposed new State Freeway or Superhighway

to be constructed across the Northeast Quarter of the Northwest Quarter of Section 14, Township 9 South, Range 3 West, S.B.M., said easement to run from the Northerly line of the property described in Parcel 1 to the Southerly line of U. S. Highway No. 395 where the same will intersect the Easterly line of said Freeway or Superhighway.

II

All of said above described land is arable, except 5 acres used for grazing. These defendants reside in the family home situated on said land, which consists of approximately 27 acres. Said property is improved with a well, electric pump, tank tower, barn, building occupied by Baker Bros. Saw Works, and an avocado orchard. Said right to use said waters has been owned by these defendants and their predecessors in interest for many years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

III

These defendants are informed and believe and therefore allege the fact to be that none of the above described land lies within the Santa Margarita watershed, as alleged in plaintiff's Complaint. These defendants further allege that they do not now, and never have, taken water from said Santa Margarita watershed; that said above described land lies within the confines of the San Luis Rey watershed.

- - - - - - - - - - - - - - - - - - - -

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319,

1  336, and 338(2) of the Code of Civil Procedure of the State of
2  California.

4    WHEREFORE, these answering defendants pray:

6  1.  That plaintiff take nothing by its action against
7      these defendants;

8  2.  That said action be dismissed as to these
9      defendants and each of them;

11 3.  That said defendants have judgment for their
12     costs incurred herein; and for such other and
13     further relief as the Court may deem just.

                                P. W. WILLETT and
                                WILLIAM H. MACOMBER

                            By  *P W Willett*
                                Attorneys for Defendants,
                                ELVIN C. BAKER and
                                BARBARA A. BAKER

Receipt of service of the within answer is hereby acknowledged — Oct. 18, 1951

Betty Marshall Graydon
Asst. U. S. Atty.

- 10 -

8216

STATE OF CALIFORNIA ) ss.
COUNTY OF SAN DIEGO )

    Elvin C. Baker, being duly sworn, says:

    That he is one of the answering defendants in the above entitled action; that he has read the foregoing Answer and Affirmative Defenses and knows the contents thereof; that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes the same to be true.

*Elvin C Baker*

Subscribed and sworn to before me this 10th day of October, 1951.

*[signature]*
Notary Public in and for said County and State

My Commission Expires June 10, 1954