Erle Stanley Gardner
P. O. Box 67
Temecula, California

Telephone: 201

Defendant in propria persona



FILED
OCT 30 1951
EDMUND L. SMITH, Clerk
By Charles A. Reitz
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

---------------oOo---------------

UNITED STATES OF AMERICA, )
               Plaintiff, )   No. 1247-Civil
     vs. )
FALLBROOK PUBLIC UTILITY DISTRICT, )   ANSWER OF DEFENDANT,
a public service corporation of )   ERLE STANLEY GARDNER
the State of California, et al, )
               Defendants. )

----------oOo----------

     This defendant Erle Stanley Gardner answers the complaint herein as follows:

     FOREWORD:

     This defendant respectfully submits that if the plaintiff desires legally to acquire the water rights of the various defendants the constitution and the law give it the right to do so upon paying compensation therefor; that if the plaintiff desires to acquire the property interests of this defendant without paying adequate compensation therefor, it is endeavoring to violate the constitutional law of the country.

     This defendant respectfully submits that this action is a hodge-podge of irrelevant allegations seeking under the guise of military necessity deliberately to confuse the issues so that this

8736

60

court and this defendant cannot tell whether the plaintiff seeks to confiscate the defendant's property without paying compensation therefor or whether it seeks to acquire same and pay compensation.

It is apparently the theory of the plaintiff that a state of warfare exists in the Far East, as alleged in Paragraph VII of the complaint, although it is only in connection with this action that the government is willing to admit that the Marine Corps is now engaged in warfare, other agencies of plaintiff having violently denied that such is the case. If this action is predicated on the necessity of warfare, the complaint should so state; and if not, the allegation concerning warfare has no proper place in the complaint.

That for these reasons and in view of the fact that various matters of so-called military necessity have been set forth, it is incumbent upon this court to consider certain affirmative matter which is herein set forth.

That this defendant finds himself in the bewildering position of being an embattled property owner seeking to maintain his property rights under the Constitution of the United States of America and the State of California, confronted with what seems to be a theory of a new form of government under which by various specious allegations the plaintiff seeks to establish the following doctrines:

First: That when the plaintiff invades state territory by purchasing or otherwise acquiring private property, it holds all of such property above and beyond the law, having no allegiance to the state and being removed from any necessity to comply with state laws or regulations relating to property.

Second: That when the plaintiff in the exercise of its arbitrary power makes an unwise investment of public funds, it can then adopt the position that the plaintiff has the right, under the guise of protecting the interests of the taxpayers of

the United States, to confiscate any private rights which may interfere with the enjoyment of the plaintiff's property.

Third: That the plaintiff, being a governmental agency, has the right by its own arbitrary actions to transcend any private property rights vested in the defendant under federal or state law or under constitutional guarantees.

Therefore, with all due respect to the exigencies of the situation and the character of the plaintiff, the defendant finds himself forced to enter this court combatting an entirely new theory of governmental rights and activities somewhat disguised beneath a mass of various allegations which seek to obscure the issues of whether the plaintiff wants to condemn property rights under eminent domain or whether it wants to confiscate those rights under a theory of paramount title in the government, transcending all property rights which may interfere with the convenience of a governmental agency in the discharge of its activities.

For this reason, and with all due regard to the dignity of this court, but recognizing the seriousness of this situation, and claiming that this action represents an attempt on the part of departmental heads, acting arbitrarily and in view of a concept of their own as to the nature and functions of government to nullify the constitutional guarantees in regard to property, this defendant files herein his answer for himself alone and not for any of the other defendants.

FIRST DEFENSE:

I.

Defendant denies each and every material allegation contained in plaintiff's complaint.

-3-

8739

62

SECOND DEFENSE:

I.

Defendant is the owner of approximately 3,000 acres of land lying partly within San Diego County and partly within Riverside County, California, most of which land is within the watershed of the Santa Margarita-Temecula River. A portion of defendant's land is presently used for residential purposes, for raising cattle, and for growing a vineyard, grain, orchard and crops for household use. A further portion of defendant's land is irrigable land, suitable for the raising of trees and crops for commercial purposes, although not so used at this time. The balance of defendant's land is non-irrigable but is in large part suitable for the raising of horses and cattle.

II.

Defendant's lands overlie certain strata of percolating waters, or underground streams or bodies of water, and there are several small springs thereon which are within the watershed of the Santa Margarita River but do not feed that stream. Defendant is, and for many years has been using said underground and surface waters for watering cattle, for household and domestic purposes, and for irrigating home orchards and gardens on his land. Defendant's present use of water for such purposes does not exceed 50,000 gallons per day, which amount is reasonable, necessary and essential for such purposes.

III.

Defendant claims the rights to take the waters in, under and upon his land and to use the same upon his land for agricultural and domestic purposes in the amount of 50,000 gallons per day, and in such further and additional amounts as may now be or in the future become reasonably necessary and beneficial. Defendant's rights to so take and use said waters

upon his land are superior to such rights as plaintiff may have, if any, in or to said waters.

IV.

Answering Paragraph IV of plaintiff's complaint, defendant denies that he has either encroached upon or interfered with any water or water rights of plaintiff; denies that his activities have either affected or threatened to affect in any way the supply or flow of water in or under the Santa Margarita River or its basin; and denies that his activities have in any way reduced the quantities of water available to plaintiff.

V.

Answering the allegations stated in Paragraph V of plaintiff's complaint, defendant denies that either the litigation or the stipulated judgment mentioned in said Paragraph V in any way adjudicated, fixed, determined, or affected any land or water rights of defendant. In this connection, defendant alleges that he is neither a party nor a successor in interest of any party to said litigation or judgment, and neither he nor his lands are in any way bound or affected thereby. The Supreme Court of California did not find that the Santa Margarita Ranch was entitled to any specific proportion or quantity of water; that the Supreme Court of California reversed the judgment which had been entered by the lower court and directed a new trial on certain specific issues; that thereupon, the Vail Company and the Santa Margarita Company arbitrarily, and without consulting the rights of others in the watershed, entered into an agreement by which it was virtually understood that the Santa Margarita Ranch was to have two-thirds of the water flowing in the surface and sub-surface channel of the Santa Margarita River, and that the Vail Company was to have one-third; that this agreement was entered into without any sanction on the part of the court insofar as it related to the rights of other riparian users in the

stream, and is completely null and void and of no effect whatever insofar as any division of the rights to the waters in the stream is concerned in regard to this defendant.

VI.

Answering Paragraph VI of plaintiff's complaint, defendant alleges that the Rancho Santa Margarita has never had any right, title, or interest in or to or privilege in respect to defendant's lands or in or to any of the waters in, under or upon defendant's lands. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that the United States of America is entitled to the rights, titles, interests and privileges of said Rancho Santa Margarita.

VII.

Answering Paragraph VII of plaintiff's complaint, defendant is without knowledge or information sufficient to form a belief as to the truth thereof.

VIII.

Answering Paragraph VIII of plaintiff's complaint, defendant alleges that plaintiff's water rights, if any it has, are inferior to the rights herein claimed by defendant. Further answering said Paragraph VIII, defendant denies that plaintiff has a paramount right in or to any quantity of water whatsoever, for any purpose whatsoever. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in said Paragraph VIII and not expressly denied herein.

IX.

Defendant denies each and every allegation contained in Paragraph IX of plaintiff's complaint, and the whole thereof.

THIRD DEFENSE:

The defendant here sets forth certain affirmative matter by way of defense and by way of traversing and contradicting the claims made by plaintiff, which affirmative matter, in the opinion of defendant, should be taken into consideration by the court. Since the sources of information are peculiarly within the hands of the plaintiff and since in many instances, utilizing its governmental power, the plaintiff refuses to make public disclosure of these matters, it is necessary to rely upon information and belief.

I.

That defendant's use of water has been very modest and represents far less than defendant is entitled to use or expects to use when his land is farmed more intensively and defendant has never used any water at any time in such a way as to contribute to the infiltration of salt water in the wells of plaintiff, but that such infiltration if it exists has been caused by gross waste and extravagance in the use of water on the part of plaintiff. Defendant is informed and believes that plaintiff deliberately has taken vast quantities of water out of the watershed of the Santa Margarita River and has pumped such water on to the lands of Adolph G. Sutro adjoining the lands held by the plaintiff, and entirely out of the watershed of the Santa Margarita River; that this has been going on for years and has been part of a program of governmental wastefulness and extravagance carried on without regard to the general scarcity of water in Southern California, and in particular in the watershed mentioned. Defendant is further informed and believes that much, if not all, of this water so diverted, was used in connection with sewage disposal and septic tanks and that these were so carelessly, and negligently maintained and operated and the water which poured through those tanks was so carelessly

-7-

3742

managed, as to pollute the entire water underlying the said Sutro property, and that there is now a suit pending in which issues are joined between said Sutro and plaintiff on the question of this negligence.

## II.

Defendant is informed and believes that plaintiff has at all times maintained and permitted the greatest incompetency and inefficiency in the use of its water; that it has no regard for the situation in the watershed or for the rights of other persons entitled to participate in the water; that it has used water unnecessarily and extravagantly; that it has maintained golf courses for the recreation of the personnel at times when other riparian agricultural users were watching their crops shrivel up because of lack of water, being afraid to make a logical or normal development of their water supply because of the threats of the plaintiff to enjoin their use.

## III.

Defendant is informed and believes that in addition to plaintiff's use of the water being inefficient, the mechanical diversion of it is so completely and utterly inefficient that the waste water resulting from leakage and breaks in the pipeline represents a very considerable factor of the use.

## IV.

That in accordance with a policy of arrogant disregard for the exigencies of the situation or as the result of negligence plaintiff has permitted repeated fires to ravage the brush covering of the hills on the plaintiff's property, thereby greatly decreasing the efficiency of the watershed as a basis of holding and storing water, leaving the denuded hills open to evaporation and erosion.

## V.

That defendant is informed and believes that another

agency of the plaintiff, specializing in the survey of natural resources, has made a survey of the Rancho Santa Margarita for the purpose of advising the plaintiff what should be done in connection with the development of water supply, and selected the location of certain water-bearing strata on the upper portion of said ranch where water could have been developed without interfering with the established user of upper riparian owners and where an ample supply of water for the needs of the plaintiff could have been developed; that the plaintiff chose to disregard this advice entirely, seeking instead to file this action; that this action is a carefully disguised attempt on the part of the plaintiff to have itself declared the paramount owner of all properties of citizens within the United States, transcending all property rights granted under the Constitution; that the plea of military necessity is utilized only as a stalking horse behind which the claims of the government can be successfully camouflaged.

VI.

Referring to the last sentence in Paragraph II of plaintiff's complaint, defendant is informed and believes that it is not at all necessary or advisable from a military standpoint to make such a concentration of equipment, personnel, etc. as has been made by plaintiff within the narrow confines of the district where the same have been located. That the plaintiff, without regard for the water situation and without regard for proper military strategy, and without regard for the general overall safety or convenience of the residents of the southern portion of California, has created a vast concentration of military and attendant installations to the detriment of military strategy, to the detriment of the safety of the people and to the disastrous detriment of the agricultural interests and needs of the community.

8744

-9-

VII.

Defendant is further informed and believes that the plaintiff secretly approached the Vail Company and stated that in the event it needed water it would like to learn whether it would be possible to get sufficient water for its needs; in other words, if it could not confiscate the rights of the upper riparian owners, to learn whether it would be possible to get and develop water which would operate the camp; that the Vails had had a geologist look over the territory and that in the opinion of the geologist, there was a vast subterranean lake underlying the surface flow and the sub-surface flow of the Santa Margarita River, and that at such a depth that it was entirely sealed off from the surface and sub-surface flow of the Santa Margarita River, and that this vast subterranean lake contained water in great abundance; that the plaintiff thereupon entered upon the lands of the Vail Company and drilled an experimental well for the purpose of determining whether this report represented the true situation; that defendant is informed and believes that the test showed that the situation as represented is true and that water is in such underlying lake in large quantities and can be utilized by the plaintiff by means of the enormous facilities at the command of the plaintiff.

VIII.

That defendant is informed and believes that the plaintiff has long known that its needs could be supplied amply by utilization of water from the Colorado River through facilities of the Metropolitan Water District already in use, or otherwise, and that plaintiff has simply failed and neglected to develop such facilities or to make any reasonable effort to forestall such a water shortage as might have been anticipated through the unwise concentration of all of this military personnel within a small area in a district which has long been known for

its periods of drought and scarcity of water.

IX.

The defendant is further informed and believes that there is on the property of plaintiff, or immediately adjoining that property, where plaintiff would have no trouble in securing access thereto, an ideal site for a dam which would impound the surplus winter runoff flood waters of the river; that the plaintiff is fully familiar with the advantages of this dam but simply has failed and neglected to take the necessary steps to start the construction of such a dam.

X.

The defendant alleges, that if there had not been such an unwise concentration of personnel and military installations, there would have been no water shortage. If there had been a wise use of the existing water by plaintiff there would have been no water shortage. If there had been any reasonable attempt to develop water on the water bearing lands of the plaintiff in accordance with the recommendations made to it by one of the governmental agencies employed for that purpose, there would have been an ample supply of water. If there had been any reasonable attempt to anticipate the water needs of the camp, there would have been no shortage of water. If there had been an attempt with any sort of reasonable diligence to have erected an impounding dam by plaintiff, there would have been no shortage of water. If there had been any reasonable attempt by plaintiff to extend the Colorado River acqueduct, there would have been no shortage of water. Despite all of plaintiff's acts of negligence, poor planning, and lack of vision and foresight, it has been ascertained by the plaintiff that there is available to it a huge supply of underground water in no way dependent upon the surface or sub-surface flow of the Santa Margarita River, and it is ignoring this vast supply for the purpose of forcing the innocent

8746

-11-

70

ranchers, agricultural users and taxpayers to sacrifice their property because the plaintiff feels it is cheaper and easier to confiscate the property of the taxpayers than it is to use the funds, equipment and personnel at its command to develop this vast new supply of water.

XI.

That in keeping with a policy of government arrogance and complete disregard of the property rights of the citizens, plaintiff is now attempting to deprive the riparian owners of the Santa Margarita watershed of their property rights; that land within the Santa Margarita watershed is incapable of satisfactory crop production except with the aid of irrigation, and that the claims of the plaintiff, if persisted in, are such as to bring complete ruin to the entire community as well as to wipe out millions of dollars in assessed valuation, deprive the state and county of necessary tax revenues and bring about a general condition of chaos, to say nothing of depriving the individual owner of vested property rights without due compensation. That the rights of the upper riparian users are not subsequent to the rights of the plaintiff or its predecessor in interest; that for many years the Santa Margarita Ranch, as defendant is informed and believes, put the water to no beneficial use, and even at the time of the litigation with the Vail Company the water was not being put to any beneficial use, although for the most part the water on the property of the upper riparian users was being put to a beneficial use.

WHEREFORE, defendant prays judgment:

1. That defendant's use of water on his property is proper and well within his rights and that an expanded beneficial use of water thereon in the future be protected.

2. That as far as defendant's rights are concerned,

8747

this court decree that this defendant is not bound in any way by the Vail-Santa Margarita Ranch agreement.

    3. That all issues involved in this action be referred to the Department of Public Works (Division of Water Resources) of the State of California pursuant to Division 2, Part 3, Chapter 2 of the Water Code of the State of California.

    4. That the court refuse to penalize the upper riparian property owners because of poor military judgment on the part of the overall strategists in locating vast concentration of men and equipment within vulnerable areas where there is an inadequate water supply.

    5. That before coming to a court of equity the plaintiff be required to show that it has used due diligence in seeking to develop water, to anticipate the logical needs of the plaintiff in connection with its use of water, and that it has carefully conserved the water available to it.

    6. That this action be held in abeyance until the plaintiff is required to develop all of the various sources of waters which have been outlined herein as being available to it.

    7. For such other and further relief as may be proper.

Signed: _____
        Erle Stanley Gardner,
        Defendant

Address:    P. O. Box 67
             Temecula, California

```
                IN THE UNITED STATES DISTRICT COURT
          IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
                          SOUTHERN DIVISION
                  ---------------oOo---------------
```

UNITED STATES OF AMERICA,              )
                                  )   No. <u>1247-Civil</u>
            Plaintiff,             )
                                  )
    vs.                                )
                                  )   AFFIDAVIT OF MAILING
FALLBROOK PUBLIC UTILITY DISTRICT, )
a public service corporation of    )
the State of California, et al,    )
                                  )
           Defendants.            )

```
                         -----oOo-----
```

STATE OF CALIFORNIA )
                      ( SS
COUNTY OF RIVERSIDE )

     <u>Agnes H. (Jean) Bethell</u>, being duly sworn, deposes and says: That affiant is a citizen of the United States, a resident of the County of Riverside, State of California, over the age of 18 years, not a party to the above action or proceeding in connection with which the service herein referred to was made; that on behalf of Erle Stanley Gardner, whose address is P. O. Box 67, Temecula, California, which said address is also affiant's address, and on the <u>29th</u> day of <u>October</u>, 19<u>51</u>, affiant deposited in the United States Mail, at Temecula, California, with the postage upon each thereof fully prepaid, a sealed envelope; that said envelope enclosed a true copy of the paper, hereto affixed, namely:

                      ANSWER OF DEFENDANT,
                      ERLE STANLEY GARDNER

that said envelope bore the following names and address, namely:

    Ernest A. Tolin, U. S. Attorney, and Betty Marshall Graydon, Assistant United States Attorney, 325 West "F" Street, Room 221, San Diego 1, California;

that the foregoing persons have their office at a place between which and Temecula, California, there is a regular communication by mail; that where any person above named has filed any document or

-1-

1  documents in the above entitled cause the address following his
2  name is his office address given on such document if only one, or
3  on the last of such documents if more than one.

*Agnes H. (Jean) Bittick*
Affiant

Subscribed and sworn to before me this 19th day of October, 1951.

*[signature]*
Notary Public in and for the County of Riverside, State of California
My Commission Expires June 10, 1954

-2-

8750

74

**ERLE STANLEY GARDNER**
RANCHO DEL PAISANO
*Temecula, California*

October 29th, 1951

Clerk of United States District Court
 for the Southern District of California
United States Post Office & Court House Bldg.
312 North Spring Street
Los Angeles, California

Dear Sir:

    I am enclosing herewith Answer which I have signed in propria persona in the case of United States of America vs. Fallbrook Public Utility District, et. al., No. 1247-Civil.

    Will you please file this Answer.

Very truly yours,

*[signature]*

Erle Stanley Gardner
P.O. Box 67
Temecula, California

ESG:jb
Encl.

8750 A



# ERLE STANLEY GARDNER
## RANCHO DEL PAISANO
### Temecula, California

October 30th, 1951

Clerk of the United States District Court
  for the Southern District of California
United States Post Office & Court House Building
312 North Spring Street
Los Angeles, California

Dear Sir:

    Yesterday I sent you an Answer to be filed containing an Affidavit of Mailing signed by Jean Bethell. The Answer was in the case of United States versus Fallbrook Utility District, No. 1247-Civil.

    Subsequently it developed that Miss Bethell, my secretary, who takes care of all matters of mailing and affidavits, is actually a party of record to the overall action although she has no interest in the property covered in my Answer. Therefore it was deemed best to mail another copy of the Answer and have another Affidavit of Service made.

    You will find this Affidavit of Service enclosed herewith and I would ask that you attach it to the Answer which went forward to you yesterday.

    If for any reason this cannot be done, please advise me by telephone, calling me collect at Temecula 201.

    I understand now that a further ninety-day extension of time has been given to Answer, but I wish to have my Answer on file.

Very truly yours,

*[signature]*

ESG:lm
Encl.

8752A
78