MABEL CLAUSEN
Attorney at Law
320 First Trust Building
Pasadena 1, California
SYcamore 2-1903

FILED
OCT 30 1951
EDMUND L. SMITH, Clerk
By Charles A. Deitz
Deputy Clerk

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

\- - - - - -

UNITED STATES OF AMERICA,
Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,
Defendants.

No. 1247-Civil

ANSWER OF DEFENDANTS MILDRED C. POORE and PAUL R. POORE

Comes now defendants, Mildred C. Poore and Paul R. Poore, and answering plaintiff's complaint on file herein, admit, deny and allege:

I.

Answering paragraph I, these answering defendants deny that they have unlawfully interfered with the rights of the United States of America; and admit the allegations in said paragraph I except as herein denied.

II.

Answering paragraph II of the complaint, these defendants, Mildred C. Poore and Paul R. Poore, admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

2763

91

military establishments of the United States of America. They deny that fee simple title to the properties in question now resides in the United States of America, and particularly they deny that the United States of America has fee simple or any title to the real property or the rights to water owned by these defendants more particularly described hereinbelow. These defendants have no knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph II contained, and on that ground they deny each and every of said allegations except as herein expressly admitted or expressly denied.

III.

Answering paragraph III, these defendants allege that they have no knowledge or information sufficient to enable them to form a belief as to the truth of the averments contained in said paragraph.

IV.

Answering paragraph IV, these defendants admit that one of the sources of supply of water for Camp Joseph H. Pendleton, the United States Naval Hospital and the United States Naval Ammunition Depot is the Santa Margarita River and its tributaries and that other sources include certain underground basins of water underlying said properties. Admit that the stream is known in its upper reaches as the Temecula River. They deny that it rises in the Coastal Range in the western extremities of Riverside County, State of California, but on the contrary allege that it rises in the Coastal Range in San Diego County, State of California, and proceeds in a generally westerly direction to a point where it crosses the boundary of San Diego County and enters Riverside County, and that it then proceeds in a generally westerly direction to a point where it crosses the boundary of Riverside County and enters San Diego County. Admit that from that point it continues in a generally southwesterly direction across San Diego County where it empties into the Pacific Ocean. Admit that the Santa

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

8764

92

Margarita River in its course traverses approximately 21 miles of the site of Camp Joseph H. Pendleton and the Naval Ammunition Depot before it enters the Ocean and that there are no users below Camp Joseph H. Pendleton on that stream, for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that River enters the Pacific Ocean. Admit further that the Santa Margarita River is an intermittent surface stream; allege that it and its tributaries flow partly on the surface and partly under the surface. Admit that said river does not flow as a continuous surface stream, but in dry seasons of the year the surface stream, when not artificially interfered with, customarily and ordinarily disappears at a point on the lands of the United States of America at approximately 8 miles from the ocean, sinking into the sands and gravels of its bed and channel, and that later it reappears as a surface stream two or three miles below, thence flowing as a surface stream, but dimishing in volume to its confluence with tidewater. Defendants Mildred C. Poore and Paul R. Poore, allege that at various other points and places said Santa Margarita River and its tributaries, among others, the Temecula River, disappears as a surface stream and sinks into the sands and gravels of its bed and channel and into numerous underground basins; allege further that one of the points at which said River rises and reappears as a surface stream is located at the point where these defendants and their predecessors in interest appropriated the waters thereof.

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

These defendants deny that underlying the River and its tributaries is a vast underground basin, but on the contrary allege that underlying the River and its tributaries and adjacent areas are a series of underground basins comprised of pervious sands, gravels, boulders and other fluvial deposit, the exact extent and depth of which are unknown to these defendants, and that these several basins create large underground reservoirs into which a substantial portion of the flow of the Santa Margarita River sinks, and that in dry seasons the River at various places entirely disappears into the several basins and reappears on the surface across the lowermost dikes or barriers of impervious materials forming the lowermost boundaries of such basins, which in effect create artesian areas or areas of rising water. Admit and allege that the subterranean reservoirs underlying the properties of the United States of America constitute one of the sources of water for use thereon; these defendants deny that they have encroached upon the rights of the United States of America or that their use of water from said River and the Temecula River threaten the destruction of any of the basins underlying the property of plaintiff by reason of salt water intrusion from the Pacific Ocean, or otherwise, and these defendants deny that any of the uses of water made by them, or either of them, constitute or are encroachments upon the rights of plaintiff, but that their use of water is a valid and proper use, all as hereinafter more particularly alleged. These defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IV contained and therefore deny each and all of said allegations except as herein expressly admitted or expressly denied.

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

8796

94

V.

Answering paragraph V, these defendants admit that in and by a stipulated judgment made and entered into in that certain action entitled "Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart et al., intervenors," in the Superior Court of the State of California, in and for the County of San Diego, being action No. 42850 in the Records and files of said court, the Rancho Santa Margarita, predecessor in interest of the United States of America in respect to the properties here involved owned by it, had adjudicated its rights in the Santa Margarita River as against the parties to said action; admit further that in said action the trial court found that the Rancho Santa Margarita, predecessor in interest of the United States of America, owned 38,739 acres of land riparian to the Santa Margarita River, of which 12,375 acres were susceptible to practical and profitable irrigation; admit further that the parties to that litigation concluded their differences, declared their rights and fixed their aliquot shares of the waters of the Santa Margarita River naturally descending to the properties involved in said action. These defendants admit that there is attached to the complaint a copy of the stipulated judgment between the parties to that action and marked Exhibit "A". These defendants allege that neither of them was a party to said action, and that said action did not involve the use of water by them, or either of them, or their predecessors in interest nor the rights to water used upon or appurtenant to the lands of these defendants. These defendants have no knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph V of said complaint, and therefore they deny each and all of said allegations except as herein expressly admitted or expressly denied.

VI.

Answering paragraph VI, these defendants admit the aver-

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

ments therein contained.

VII.

Answering paragraph VII, these defendants have no knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraph VII.

VIII.

Answering paragraph VIII, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments therein contained, except that they specifically deny that plaintiff has a paramount right to any water from the Santa Margarita River.

IX.

Answering paragraph IX, these defendants deny that in direct or other violation of the rights of the United States of America or in complete or any disregard of the need of the water in question for National Defense, these defendants by reason of their diversion from the Santa Margarita River upstream from Camp Joseph H. Pendleton have caused the intrusion of salt water from the Pacific Ocean, described in plaintiff's complaint, to the irreparable or other damage of the United States of America, and deny that they likewise repeatedly, or otherwise, through overt acts have displayed any disregard for the rights of the United States of America or have declared their adverse claim or right in contravention of the rights of the United States of America. These defendants admit that they repeatedly have asserted that their rights are paramount in some respects and correlative in other respects, as hereinafter more specifically alleged, to the rights of the United States of America and that they now are using and threaten to continue to use the water to which they and their lands are entitled. These defendants further deny that their rights were acquired subsequent to, or with full or any knowledge of, the rights of the United States of America and its predecessor in

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

interest, as set out and alleged in said complaint. These defendants allege that they own lands that are within the watershed of the Temecula River and certain of its tributaries, and that they claim rights in and to the waters of said stream.

In this connection these defendants allege that they are the owners of:

All the land in the South one-half (S½) of the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) lying East of the State Highway, said highway being the West boundary line and lying in Section Nineteen (19), Township Eight (8) South, Range One (1) East S.B.B.M., sometimes also described as:

All that portion of the South Half (S½) of the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) of said Fractional Section 19 which is located easterly of the center line of the roadway easement granted to the County of Riverside by Deed recorded March 8, 1932 in Book 69, page 137 of Official Records of Riverside County, California.

The Southwest Quarter (SW 1/4) of the Northwest Quarter (NW 1/4) of Section Twenty (20), Township Eight (8) South, Range One (1) East, S.B.B.M., Riverside County, California.

All of said lands being in Riverside County, State of California.

The lands of these defendants are upstream from the lands of plaintiff.

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

2789

These defendants further allege that said Temecula River flows through said described property of these defendants. These answering defendants further allege that said rights to the reasonable use of the waters of said Santa Margarita River, Temecula River and the tributaries thereof are subject to and limited by the prior right of these defendants to take and use 100 miner's inches of the waters of Temecula River at their points of diversion therefrom, as hereinafter more particularly set forth. These defendants further allege that said land overlies one of the underground basins adverted to above, and that said underground basin underlying said lands is separate and distinct from the underground basins underlying the lands of the plaintiff.

These defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining averments of said paragraph IX and therefore deny both generally and specifically each and all of the said allegations except as expressly admitted or expressly denied herein.

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties described in its complaint, these defendants and their predecessors in interest have openly, notoriously, continuously, uninterruptedly and in hostility to any claim, ownership, title or interest of plaintiff and its predecessors in interest and under a claim of right taken from said Temecula River 100 miner's inches of water for domestic and irrigation uses and purposes and still continue so to do and have acquired the ownership of the right to use said water for said purposes, and do now have the right to take and use said 100 miner's inches of water from said Temecula River for said purposes, free and clear of and prior and paramount to any right or claim of right in and to said water by plaintiff.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That said purported cause of action set forth in said complaint is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That said purported cause of action set forth in said complaint is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

- - -

- - -

- - -

MABEL CLAUSEN
ATTORNEY AT LAW
320 FIRST TRUST BLDG.
PASADENA 1, CALIF.

3771

99

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That they are the owners of the prior and paramount right to take and use 100 miner's inches of water of the Temecula River, which said right is prior and paramount to each and all of the claimed or alleged or asserted rights of plaintiff.

WHEREFORE, these defendants pray:

1. That plaintiff take nothing by reason of its action herein;

2. That the Court adjudge and decree that these defendants as against plaintiff are entitled to take 100 miner's inches of water from the Temecula River and that they are the owners of said right, free and clear of any claims, right, title or interest of plaintiff, and that plaintiff has no estate or interest therein or in any part thereof, and that plaintiff be forever debarred and enjoined from asserting any claim whatever in or to said water adverse to these defendants;

3. That the Court determine and declare the respective rights and duties of plaintiff and these defendants with respect to the use of water of the Santa Margarita River, Temecula River and its tributaries on their respective riparian lands and that it find and declare the use to which such water may be put on such lands;

4. That the defendants have their costs herein incurred and such other relief as to the Court may seem just and equitable.

Attorney for Defendants Mildred C. Poore and Paul R. Poore

MAUSEN
AT LAW
320 UST BLDG.
PA. CALIF.

8772

STATE OF CALIFORNIA )
: ss
COUNTY OF Riverside )

Mildred C. Poore and Paul R. Poore, being by me first duly sworn, depose and say: That they are defendants in the above entitled matter, that they have read the foregoing ANSWER OF MILDRED C. POORE AND PAUL R. POORE, and know the contents thereof; and that the same is true of their own knowledge, except as to the matters which are therein stated upon information or belief, and as to those matters that they believe them to be true.

Mildred C. Poore
Mildred C. Poore

Paul R. Poore
Paul R. Poore

Subscribed and sworn to before me this 26th day of October, 1951.

Ada M. Evans
Notary Public in and for said county and state.

EL CLAUSEN
RNEY AT LAW
ST TRUST BLDG.
ENA 1, CALIF.

8773

101