1  BETTY MARSHALL GRAYDON
   **Assistant United States** Attorney
2  1405 Fifth Avenue
   San Diego 1, California
3    Telephone: F 9-4101

4  Attorney for Plaintiff

5              IN THE UNITED STATES DISTRICT COURT

6          IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7                      SOUTHERN DIVISION

8  UNITED STATES OF AMERICA,              )
                                          )
9                      Plaintiff,         )
                                          )
10         v.                             )     Civil No. 1247-SD
                                          )
11 FALLBROOK PUBLIC UTILITY DISTRICT, a   )     MOTION TO TRY SEPARATELY
   public service corporation of the     )        CERTAIN ISSUES
12 State of California;                   )
   ET AL.,                               )
13                                        )
                                          )
14                     Defendants,        )
                                          )
15 PEOPLE OF THE STATE OF CALIFORNIA,     )
                                          )
16                     Defendants in      )
                       Intervention.      )
17

# FILED

## NOV 13 1951

EDMUND L. SMITH, Clerk

By _____
         DEPUTY CLERK

18         The UNITED STATES OF AMERICA, plaintiff in the above-entitled cause,

19 moves this Court to order, pursuant to Rule 42 (b) of the Federal Rules of Civil

20 Procedure, that there be a separate trial, first held and concluded, respecting

21 the following issues raised by the Defendants in Intervention above named in

22 answering to the complaint of the United States, and that the trial of the

23 remaining issues in this litigation be continued until the separate trial of the

24 issues to which reference is hereafter made has been held and concluded.

25                                  I.

26         In the complaint of the United States, paragraph III, it is alleged

27 respecting Camp Joseph H. Pendleton, the United States Naval Ammunition Depot, and

28 the United States Naval Hospital, that: "Exclusive jurisdiction now resides in the

29 United States of America over all of the properties constituting the military

30 establishments * * * subject to exceptions not here involved, by reason of

31 cessions to it by the State of California."

32         Having admitted, among other things, that the United States as

                                 - 1 -

                                                            377

16—29905-1                    GPO O - 878713

1  successor in interest to the Rancho Santa Margarita "is entitled to, and
2  claims all rights, titles, interests, and privileges of said Rancho Santa
3  Margarita," the Intervener in its First Defense:

4      "denies that the plaintiff has exclusive jurisdiction as
5      alleged in paragraph III and alleges that it has only
6      that jurisdiction ceded under the laws of the State of
7      California; * * *."

8
9                          II.
10      In the Second Defense of the Intervener it is asserted, among
11  other things, "that the United States is required to have its water rights
12  ascertained in accordance with the laws of the State of California." That
13  averment of the Intervener is denied.  By alleging that the rights of
14  the United States here involved must be "ascertained" in accordance with
15  the laws of the State of California the Intervener raises questions of
16  the applicability to the United States of State police regulations, of
17  the jurisdiction of this Court, and the prerogative of the United States
18  to have recourse to its own forum to have adjudicated its property
19  rights.

20      In support of this motion, and as ground therefor, the United
21  States of America respectfully brings to this Court's attention the
22  fact that the question of the cession of exclusive jurisdiction over the
23  rights here involved and the correlative questions raised by the Intervener
24  are of transcendent importance in this litigation.  Determination of those
25  issues will lay the postulate for the determination of many of the other
26  issues presented in this case.  Thus the Intervener has raised by its
27  answer issues involving questions of Constitutional law having bearing upon
28  the ultimate adjudication of every right to the use of water presented in
29  this litigation.  Accordingly, for the reasons expressed, a separate trial
30  of the issues presented will result in convenience to the Court, and avoidance
31  of delay and expense to all parties.
32

378

GPO O - 876513

1
2       **Wherefore**, the United States of America, Plaintiff, requests this
3   Court at an early date separately to try the issues to which reference is
    made in advance of the other issues which must ultimately be determined.
4                                       ERNEST A. TOLIN
                                        United States Attorney
5
6
7                                       BETTY MARSHALL GRAYDON,
                                        Assistant United States Attorney
8
9   Dated: Nov. 13, 1951
10
                                        WILLIAM H. VEEDER,
11                                      Special Assistant to the
                                        Attorney General
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

WHV
16-99993-1

- 3 -
GPO 0 - 878913

379