```
 1  BETTY MARSHALL GRAYDON
    Assistant United States Attorney
 2  1405 Fifth Avenue
    San Diego 1, California
 3    Telephone: F 9-4101

 4  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; et al.;<br><br>SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California,<br><br>EDWARD G. HELMS;<br>LOTTIE L. HELMS;<br>HERMAN C. PANKONIEN; and<br>ALMA C. PANKONIEN,<br><br>　　　　　Defendants,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Defendants in<br>　　　　　Intervention. | Civil No. 1247-SD<br><br>MOTION TO TRY SEPARATELY<br>CERTAIN ISSUES<br><br><br>FILED<br>NOV 13 1951<br>EDMUND L. SMITH, Clerk<br>By _____<br>　　　　　DEPUTY CLERK |

The UNITED STATES OF AMERICA, plaintiff in the above-entitled cause, moves this Court to order, pursuant to Rule 42 (b) of the Federal Rules of Civil Procedure, that there be a separate trial, first held and concluded, respecting the following issues raised by the Defendants Edward G. Helms, Lottie L. Helms, Herman C. Pankonien and Alma C. Pankonien above named in answering to the complaint of the United States, and that the trial of the remaining issues in this litigation be continued until the separate trial of the issues to which reference is hereafter made has been held and concluded.

I.

In the complaint of the United States, paragraph III, it is alleged respecting Camp Joseph H. Pendleton, the United States Naval Ammunition Depot,

- 1 -

383

and the United States Naval Hospital, that: "Exclusive jurisdiction now resides in the United States of America over all of the properties constituting the military establishments * * * subject to exceptions not here involved, by reason of cessions to it by the State of California."

It is denied by these defendants in their First Defense, paragraph 3, that there was ceded to the United States exclusive jurisdiction.

II.

These defendants for a Third Further and Separate and Distinct Defense allege: "That the cause of action set forth in plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the State of California."

These defendants for a Fourth Further and Separate and Distinct Defense allege: "That the cause of action set forth in plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the State of California." It is likewise alleged in the Fifth Further and Separate and Distinct Defense that for more than five years prior to the commencement of this action the defendants had openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff, used and acquired ownership of rights paramount to those of the United States.

By the quoted allegations these defendants seek to interpose as a defense against the claim of the United States of America the statutes of the State of California specifying the time within which proceedings of the character here involved must be instituted. It is specifically denied that the statutes in question have application to the United States of America.

III.

Alleging as a Sixth Further and Separate and Distinct Defense these defendants refer to an application, No. 12576, filed the 30th day of June 1948, with the Division of Water Resources of the State of California, to appropriate water from the Santa Margarita River. Respecting that filing it is then declared, among other things, "that the rights of the United States of America to divert waters from said river are contingent upon a permit being

1  issued by said Division of Water Resources, other than such water as said United
2  States of America may use upon its riparian land for riparian uses." Though the
3  full purport of those averments is not clear it is denied that the filing of the
4  application to which defendants refer could affect in any way the rights, title,
5  interests or privileges to which the United States succeeded when the rights
6  to the use of water here involved were acquired by the United States. Nor
7  could that filing in any way limit the powers of the United States to administer
8  its property rights or in any way diminish the legal effects attendant upon the
9  cession to the United States of America by the State of California of exclusive
10 jurisdiction.
11          It is contended by the United States of America that, premised on
12 defendants' allegations, it is not subject to or bound by the State statute
13 of limitations. It is likewise contended under the circumstances that neither
14 may the principles of estoppel, nor the doctrine of laches be successfully
15 invoked against it.
16          In support of this motion, and as ground therefor, the United
17 States of America respectfully brings to this Court's attention the fact
18 that the question of the cession of exclusive jurisdiction over the rights
19 here involved and the correlative questions raised by these defendants are
20 of transcendent importance in this litigation. Determination of those
21 issues will lay the postulate for the determination of many of the other
22 issues presented in this case. Thus these defendants have raised by their
23 answer issues involving questions of Constitutional law having bearing upon
24 the ultimate adjudication of every right to the use of water presented in
25 this litigation.
26          It is likewise respectfully brought to this Court's attention
27 that the trial of the issues of the State statutes of limitations, estoppel
28 and laches as they relate to the United States of America in advance of
29 the other issues in the case may obviate the trial of the other issues
30 and is in accordance with established practice. Accordingly, for the

1  reasons expressed, a separate trial of the issues presented will result
2  in convenience to the Court, and avoidance of delay and expense to all parties.
3      Wherefore, the United States of America, Plaintiff, requests this
4  Court at an early date separately to try the issues to which reference is
5  made in advance of the other issues which must ultimately be determined.

ERNEST A. TOLIN
United States Attorney

*/s/ Betty Marshall Graydon*
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

Dated: Nov. 13, 1951

*/s/ William H. Veeder*
WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

- 4 -

386