```
 1  BETTY MARSHALL GRAYDON
    Assistant United States Attorney
 2  1405 Fifth Avenue
    San Diego 1, California
 3    Telephone: F 9-4101

 4  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1247-SD |
| FALLBROOK PUBLIC UTILITY DISTRICT, a ) public service corporation of the ) State of California; ) ET AL.: ) | MOTION TO TRY SEPARATELY CERTAIN ISSUES |
| SANTA MARGARITA MUTUAL WATER COMPANY, ) a public service corporation of the ) State of California, ) |  NOV 13 1951 EDMUND L. SMITH, Clerk By _____ DEPUTY CLERK |
| Defendants, ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, ) | |
| Defendants in ) Intervention. ) | |

The UNITED STATES OF AMERICA, plaintiff in the above-entitled cause, moves this Court to order, pursuant to Rule 42 (b) of the Federal Rules of Civil Procedure, that there be a separate trial, first held and concluded, respecting the following issues raised by the Defendant Santa Margarita Mutual Water Company above named in answering to the complaint of the United States, and that the trial of the remaining issues in this litigation be continued until the separate trial of the issues to which reference is hereafter made has been held and concluded.

I.

In the complaint of the United States, paragraph III, it is alleged respecting Camp Joseph H. Pendleton, the United States Naval Ammunition Depot, and the United States Naval Hospital, that: "Exclusive jurisdiction now resides in the United States of America over all of the properties constituting the military establishments * * * subject to exceptions not here involved, by reason of

1  cessions to it by the State of California."

2  It is denied by Defendant Santa Margarita Mutual Water Company in its
3  First Defense, paragraph 3, that there was ceded to the United States exclusive
4  jurisdiction.

5  II.

6  Defendant Santa Margarita Mutual Water Company for a Third Further and
7  Separate and Distinct Defense alleges: "That the cause of action set forth in
8  plaintiff's complaint is barred by Sec. 318 of the Code of Civil Procedure of the
9  State of California."

10  Defendant Santa Margarita Mutual Water Company for a Fourth Further and
11  Separate and Distinct Defense alleges: "That the cause of action set forth in
12  plaintiff's complaint is barred by Sec. 319 of the Code of Civil Procedure of the
13  State of California."

14  By the quoted allegations the Defendant Santa Margarita Mutual Water
15  Company seeks to interpose as a defense against the claim of the United States of
16  America the statutes of the State of California specifying the time within which
17  proceedings of the character here involved must be instituted.  It is
18  specifically denied that the statutes in question have application to the United
19  States of America.

20  III.

21  Alleging as Second and Fifth Further Defenses the Defendant Santa
22  Margarita Mutual Water Company refers to an application, No. 12576, filed the
23  30th day of June 1948, with the Division of Water Resources of the State of
24  California, to appropriate water from the Santa Margarita River. Respecting that
25  filing it is then declared, among other things, "that the rights to the use of
26  water of said Santa Margarita River by this defendant is paramount, prior and
27  superior to the rights to the use of said water by the plaintiff United States of
28  America." It is likewise alleged by Defendant Santa Margarita Mutual Water
29  Company that its rights "are paramount to the rights of the United States of
30  America to the use of water of said Santa Margarita River on non-riparian lands
31  and for non-riparian purposes." Though the full purport of those averments is
32  not clear it is denied that the filing of the application to which defendant refers

1  could affect in any way the rights, title, interests or privileges to which
2  the United States succeeded when the rights to the use of water here involved
3  were acquired by the United States. Nor could that filing in any way limit the
4  powers of the United States to administer its property rights or in any way
5  diminish the legal effects attendant upon the cession to the United States of
6  America by the State of California of exclusive jurisdiction.
7         It is contended by the United States of America that, premised on
8  defendant's allegations, it is not subject to or bound by the State statute of
9  limitations. It is likewise contended under the circumstances that neither may
10 the principles of estoppel, nor the doctrine of laches be successfully invoked
11 against it.
12        In support of this motion, and as ground therefor, the United
13 States of America respectfully brings to this Court's attention the fact
14 that the question of the cession of exclusive jurisdiction over the rights
15 here involved and the correlative questions raised by the Defendant Santa Margarita
16 Mutual Water Company are of transcendent importance in this litigation.
17 Determination of those issues will lay the postulate for the determination of
18 many of the other issues presented in this case. Thus the Defendant Santa
19 Margarita Mutual Water Company has raised by its answer issues involving questions
20 of Constitutional law having bearing upon the ultimate adjudication of every
21 right to the use of water presented in this litigation.
22        It is likewise respectfully brought to this Court's attention
23 that the trial of the issues of the State statutes of limitations, estoppel
24 and laches as they relate to the United States of America in advance of
25 the other issues in the case may obviate the trial of the other issues
26 and is in accordance with established practice. Accordingly, for the
27 reasons expressed, a separate trial of the issues presented will result
28 in convenience to the Court, and avoidance of delay and expense to all parties.

Wherefore, the United States of America, Plaintiff, requests this Court at an early date separately to try the issues to which reference is made in advance of the other issues which must ultimately be determined.

ERNEST A. TOLIN
United States Attorney

*/s/ Betty Marshall Graydon*
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

Dated: NOV. 13-1951

*/s/ William H. Veeder*
WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

- 4 -

390