1  BETTY MARSHALL GRAYDON
   Assistant United States Attorney
2  1405 Fifth Avenue
   San Diego 1, California
3    Telephone: F 9-4101
4  Attorney for Plaintiff

5              IN THE UNITED STATES DISTRICT COURT
6           IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
7                        SOUTHERN DIVISION

8  UNITED STATES OF AMERICA,           )
9                  Plaintiff,           )
10       v.                             )   Civil No. 1247-SD
11 FALLBROOK PUBLIC UTILITY DISTRICT, a )
   public service corporation of the   )   MOTION TO TRY SEPARATELY
12 State of California;                 )        CERTAIN ISSUES
13 ET AL.,                              )
14                  Defendants,         )
15 PEOPLE OF THE STATE OF CALIFORNIA,   )
16                  Defendants in       )
                    Intervention.       )
17
18



FILED
NOV 13 1951
EDMUND L. SMITH, Clerk
By /s/
          DEPUTY CLERK

19         The UNITED STATES OF AMERICA, plaintiff in the above-entitled cause,
20 moves this Court to order, pursuant to Rule 42 (b) of the Federal Rules of
21 Civil Procedure, that there be a separate trial, first held and concluded,
22 respecting the following issues raised by the Defendant Fallbrook Public
23 Utility District above named in answering to the complaint of the United States,
24 and that the trial of the remaining issues in this litigation be continued until
25 the separate trial of the issues to which reference is hereafter made has been
26 held and concluded.
27                                    I.
28         In the complaint of the United States, paragraph III, it is alleged
29 respecting Camp Joseph H. Pendleton, the United States Naval Ammunition Depot,
30 and the United States Naval Hospital, that: "Exclusive jurisdiction now resides
31 in the United States of America over all of the properties constituting the
32 military establishments * * * subject to exceptions not here involved, by reason

1 of cessions to it by the State of California."

2 It is denied, however, by the Defendant Fallbrook Public Utility
3 District in its First Defense, paragraph III, that there has been a cession of
4 exclusive jurisdiction to the United States as alleged. Following that denial
5 it is asserted: "that if it be true that the State of California has ceded any
6 jurisdiction to the United States of America over said land, such cession was
7 only operative or effective to the extent and for the time that said tract of
8 land was to be used and actually was used for the purpose of erecting and
9 maintaining forts, magazines, arsenals, dockyards and other needful buildings
10 thereon and was not intended to, and in fact did not, extend to the thousands
11 of acres of land occupied, used and devoted to commercial farming by private
12 persons which this Defendant is informed and believes to be the fact ever since
13 the government acquired said land."

14 The United States of America reasserts the claim that exclusive
15 jurisdiction over the establishments and rights in question has been ceded to it
16 by the State of California, and specifically denies the averments of Defendant
17 Fallbrook Public Utility District that the cession was in any way limited in
18 the manner asserted by the defendant in the excerpt last quoted from its
19 answer.

II.

21 Defendant Fallbrook Public Utility District for a Further Fourth and
22 Separate Defense alleges: "That said purported cause of action set forth in
23 Plaintiff's Complaint herein is barred by the provisions of Section 318, 319,
24 336 and 338(2) of the Code of Civil Procedure of the State of California."

25 By the quoted allegations the Defendant Fallbrook Public Utility
26 District seeks to interpose as a defense against the claim of the United States
27 of America the statutes of the State of California specifying the time within
28 which proceedings of the character here involved must be instituted. It is
29 specifically denied that the statutes in question have application to the
30 United States of America.

31 In support of this motion, and as ground therefor, the United
32 States of America respectfully brings to this Court's attention the fact

1  that the question of the cession of exclusive jurisdiction over the rights
2  here involved and the correlative questions raised by the Defendant Fallbrook
3  Public Utility District are of transcendent importance in this litigation.
4  Determination of those issues will lay the postulate for the determination of
5  many of the other issues presented in this case. Thus the Defendant Fallbrook
6  Public Utility District has raised by its answer issues involving questions of
7  Constitutional law having bearing upon the ultimate adjudication of every
8  right to the use of water presented in this litigation.

It is likewise respectfully brought to this Court's attention that the trial of the issues of the State statutes of limitations, estoppel and laches as they relate to the United States of America in advance of the other issues in the case may obviate the trial of the other issues and is in accordance with established practice. Accordingly, for the reasons expressed, a separate trial of the issues presented will result in convenience to the Court, and avoidance of delay and expense to all parties.

Wherefore, the United States of America, Plaintiff, requests this Court at an early date separately to try the issues to which reference is made in advance of the other issues which must ultimately be determined.

ERNEST A. TOLIN
United States Attorney

/s/ Betty Marshall Graydon
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

Dated: NOV. 13, 1951

/s/ William H. Veeder
WILLIAM H. VEEDER,
Special Assistant to the
Attorney General.