```
 1  BETTY MARSHALL GRAYDON
    Assistant United States Attorney
 2  1405 Fifth Avenue
    San Diego 1, California
 3    Telephone: F 9-4101

 4  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>          Plaintiff, )<br>     v. )<br>FALLBROOK PUBLIC UTILITY DISTRICT, a )<br>   public service corporation of the )<br>   State of California; )<br>SANTA MARGARITA MUTUAL WATER COMPANY, )<br>   a public service corporation of the )<br>   State of California; )<br>EDWARD G. HELMS; )<br>LOTTIE L. HELMS; )<br>HERMAN C. PANKONIEN; )<br>ALMA C. PANKONIEN; )<br>ET AL., )<br>          Defendants, )<br>PEOPLE OF THE STATE OF CALIFORNIA, )<br>          Defendants in )<br>          Intervention. ) | **FILED**<br>NOV 13 1951<br>EDMUND L. SMITH, Clerk<br>By _____<br>       DEPUTY CLERK<br><br>Civil No. 1247-SD |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO TRY SEPARATELY CERTAIN ISSUES

The UNITED STATES OF AMERICA has filed with this Court motions to have tried separately several propositions of law in the litigation. Those questions of law are fundamental to the ultimate determination of the numerous other issues which have been presented to this Court by the institution of the case entitled <u>United States of America</u> v. <u>Fallbrook Public Utility District, et al.</u>, <u>State of California, Intervener</u>. Trial of them in advance of other issues of fact and law will be of convenience to this Court and to the parties litigant. They relate, as revealed by the motions of which this memorandum is in support, to the following: The cession of exclusive jurisdiction by the State of California to the United States of America over the property which is the subject matter of

- 1 -

the action; the scope and effect of that cession; the applicability of the State police regulations to the United States of America; whether the United States of America is subject to the State laws relating to the limitation of actions, estoppel and laches.

In support of the motions reference is here made to the provisions of Rule 42 (b) of the Federal Rules of Civil Procedure. That rule prescribes that:

> "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, * * * or of any separate issue or of any number of claims, * * * or issues."

It is respectfully submitted that the express terms of that rule invest this Court with full power and authority to proceed to trial in regard to the separate issues which have been raised. Especially pertinent in regard to the cited rule is the following authoritative comment: "It may be desirable in many situations to hold a hearing in advance of the main trial on certain defenses, such as jurisdiction and venue, statute of limitations, statute of frauds, license and invalidity of a patent, as well as various other defenses. This is particularly true where the defense, if successful, would make it unnecessary to try other and more complicated issues, or would limit the issues as to which testimony should be given." [1] Continuing from the same source, this excerpt is taken: "A separate trial may, of course, be granted as to a particular issue, where appropriate, even though it does not amount to a 'claim' or 'defense'." [2] It is likewise declared that: "This procedure has been privately recommended by a number of members of the judiciary as a means of expediting trials and of saving time and expense." [3] Equally authoritative as that last cited are these statements by Judge Holtzoff in his recent work:

> "Rule 42(b) allows the court, in furtherance of convenience or to avoid prejudice, to order a separate

---

[1] Moore's Federal Practice, 2d ed., vol. 5, page 1214.
[2] Moore's Federal Practice, 2d ed., vol. 5, page 1217.
[3] Moore's Federal Practice, 2d ed., vol. 5, page 1217.

trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, or of any number of such claims or issues." 4/

Respecting the rule in question this statement has been made:

"A separate trial may be directed of such issues as the existence and validity of a contract, the liability of different defendants on different contracts, the rights or liabilities of an insurer, venue, and termination without a trustee's consent of a voting trust agreement." 5/

Very much in point on the subject is this added declaration:

"A separate trial may be ordered of affirmative defenses, such as estoppel, res judicata, limitations, statute of frauds, or release." 6/

Again it has been stated:

"The practice of trying a separate controlling issue before the trial of other issues is often a desirable one to be followed, especially in a complicated suit, since the determination of that issue may terminate the entire litigation." 7/

In an action to quiet title the court, under Rule 42 (b) separated and tried a single fundamental question in the case. On the subject the United States Court of Appeals for the Tenth Circuit stated:

"Rule of Civil Procedure 42(b) expressly empowers the court to order a separate trial on any issue in the case. Within the purview of that rule, the court did not err

---

4/ Federal Practice and Procedure, Barron and Holtzoff, Sec. 943, p. 664.
5/ Federal Practice and Procedure, Barron and Holtzoff, Sec. 944, p. 669.
6/ Federal Practice and Procedure, Barron and Holtzoff, Sec. 944, p. 671.
7/ Cyc. Fed. Proc., 2d ed., vol. 7, Sec. 3279, p. 446.

1  in limiting the trial to the one issue of the rights
2  of the parties under the asserted contract." 8/
3  Particularly relevant are the observations of the United States Court
4  of Appeals for the Ninth Circuit on the subject. 9/
5  To labor further the proposition would lend nothing to what has been
6  stated by most eminent authorities. Accordingly, this Court is respectfully
7  requested to grant the motions of the United States to have separately tried
8  the issues which are referred to in them.

ERNEST A. TOLIN
United States Attorney

/s/ Betty Marshall Graydon
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

Dated: NOV. 13-1951

/s/ William H. Veeder
WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

---

8/ Burkhard v. Burkhard, et al., 175 F.2d 593, 595 (C.A. 10, 1948).
9/ Bruckman, et al. v. Hollzer, 152 F.2d 730 (C.A. 9, 1946).

- 4 -