(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

FILED
NOV 19 1951
EDMUND L. SMITH, Clerk
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                  Plaintiff )
    -vs- )
FALLBROOK PUBLIC UTILITY DISTRICT, )
a public service corporation of the )
State of California, et al., )
                 Defendants. )

No. 1247 - Civ.

INTERROGATORIES TO BE ANSWERED BY PLAINTIFF

The defendant FALLBROOK PUBLIC UTILITY DISTRICT hereby requests that plaintiff answer, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories:

1. State precisely where each of the military establishments and military installations of the United States are located on the 135,000 acres of land acquired by the United States in San Diego and Orange Counties of the State of California; and state which are within or on lands riparian to the Santa Margarita River and which are on non-riparian lands.

2. State the quantities of water used at each of said

403

military establishments and military installations since each was constructed, month by month if possible, if not year by year.

3. State the number of acres of said 135,000 acres alleged to have been acquired by the United States in the years 1941, 1942, and 1943 which are riparian to the Santa Margarita River and describe or indicate on a map the locations of said riparian lands.

4. State the quantity of the flow of said Santa Margarita River on the said property of plaintiff year by year since plaintiff acquired said property and state what portion of said flow is surface and what portion is sub-surface.

5. State what amount of surface flow of said Santa Margarita River has reached its confluence with tide-water year by year since plaintiff acquired said lands.

6. State whether or not upon the lands acquired by plaintiff there is one or more underground basins and if more than one basin, state the number of said basins.

7. State the location of each underground basin on plaintiff's said property or indicate the location of each upon a map and state the depth, width and capacity of each such basin and the pervious materials of which each is composed and the quantity of water which each such basin can absorb and the quantity of water which can be obtained or extracted from each such basin.

8. State the number of wells located upon said property of plaintiff, the location of each thereon, size and depth of each and the strata of material through which each of said wells goes.

-2-

404

9. State the type, make, size and rated capacity of each pump located in each well and the kind, type and horse power of each motor installed to operate each pump and the quantities of water which have been produced from each of said wells, month by month if possible or at least year by year, since plaintiff has acquired said property.

10. State the static water level and the draw-down while operating for each of said wells month by month during the time that plaintiff has owned said property.

11. State the number of reservoirs, tanks, lakes or ponds upon said property of plaintiff and the location, size and capacity of each and the purpose or use made of each.

12. State the location of any and all distribution pipe lines, the size of each, the source of water and the purpose for which it is used, and whether used on or off riparian lands.

13. State the quantities of water which have been used for each of the purposes specified in plaintiff's complaint, to-wit: military, agricultural and other needs, month by month, if possible, if not, year by year since plaintiff acquired said property and state or indicate on the map the place where said water was used for each of said purposes.

14. State what are the "other needs" for which plaintiff is demanding water, other than military or agricultural, and state or indicate on a map the situs or location of use of water for such "other needs", and the quantity used for each such need.

15. State how much water has been used on riparian lands

-3-

405

and now much on non-riparian lands month by month, if possible, if not, year by year since plaintiff acquired said property.

16. State location of establishments and areas of activities on plaintiff's said properties which require water from, and have been supplied with water from the Santa Margarita River and the quantities of water month by month, if possible, if not, year by year, since plaintiff acquired said property, which have been so supplied to said establishments or activities from said Santa Margarita River.

17. State the output of sewage disposal plants, if any, located on plaintiff's said property and the quantities or amount of water or effluence from said sewage disposal plants which have been exported and discharged out of the Santa Margarita watershed, month by month, if possible, or if not, year by year since plaintiff acquired said property.

18. State what tenants or lessees were occupying or farming lands on the Rancho Santa Margarita at the time plaintiff first acquired said property. Give a description of the land each tenant or lessee occupied; the uses each tenant was then making of said land; the acreage each tenant was cultivating and the amount of Santa Margarita River water each tenant was using.

19. State the number of land leases or land occupation permits for agricultural uses of any lands of plaintiff, and whether the same are oral or in writing and list the lessees or permittees and give the location and description of said lands and the acreage embraced within each lease or permit; the crops and the quantities of Santa Margarita River water delivered to or used by such lessee or permittee, month by month, if possible, if

not, year by year, since plaintiff acquired said property.

20. State when and by what particular acts plaintiff acquired exclusive jurisdiction claimed by it in Paragraph III of its complaint.

21. Has and is the United States exercising exclusive jurisdiction over the entire Rancho Santa Margarita referred to in Paragraph VI of its complaint, including the lands occupied by lessees and permittees or only over the lands actually occupied by forts, magazines, arsenals, dock-yards and other needful buildings.

22. Of the 35,000 acre-feet of water per annum to which plaintiff claims a paramount right, state what quantity of water, if any, plaintiff claims as a riparian land owner and what quantity of water, if any, it claims by prescription. If water is claimed by prescription, state when, where and what quantities of water each year were so used and for what purposes. If plaintiff asserts title to any quantity of water under some claim other than as riparian owner or by prescription, state what quantities of water it so claims and the nature of the claim.

23. State the specific acts of encroachment complained of, the times, places, extent and character of said acts and by whom committed and whether or not said defendants acted severally or jointly or ny common design to encroach upon the rights of the United States as alleged in its complaint.

24. State and describe precisely what lands were acquired in 1941; also what lands in 1942? what lands in 1943? Show the locations of each of said acquisition on a map.

25. State, and give legal description of land or areas within the "135,000 acres of land" alleged to have been "acquired by the United States of America in the years 1941, 1942 and 1943" which have since said dates been occupied by and actually used for maintaining Camp Joseph H. Pendleton. If the lands so occupied and used have changed from year to year, describe the lands or area so occupied and used after each such change. Give the same information separately for the United States Naval Hospital and the United States Naval Ammunition Depot.

DATED: this 19 day of November, 1951.

SWING, SCHARNIKOW & STANIFORTH

BY *[signature: Phil D Swing]*
Attorneys for defendant
FALLBROOK PUBLIC UTILITY DISTRICT

Received copy of above Interrogatories To Be Answered By Plaintiff this 19th day of November, 1951.

A. Devitt Vanech
Assistant Attorney General

By *[signature]*
Barbara V. Doe
Law Clerk

408