SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
NOV 27 1951
EDMOND L. SMITH, Clerk
DEPUTY CLERK

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
               Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,
               Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,
               Defendants in Intervention.

NO. 1247 - Civ.

DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT'S WRITTEN STATEMENT OF REASONS IN OPPOSITION TO PLAINTIFF'S MOTION TO TRY SEPARATELY CERTAIN ISSUES AND ITS ANSWERING MEMORANDUM OF POINTS AND AUTHORITIES.

    The FALLBROOK PUBLIC UTILITY DISTRICT, defendant in the above entitled action, opposes the motion of the plaintiff, UNITED STATES OF AMERICA, that there be a separate trial respecting certain issues raised by the District in its answer to the complaint of the UNITED STATES and specifically set out in plaintiff's said motion and files herewith its written statement of its reasons for opposing said motion and its memorandum of points and authorities answering plaintiff's points and authorities on said motion:

I.

    <u>The motion is premature.</u> Many defendants remain to be served, and new names are still being added to the defendants

421

from time to time, approximately one hundred twenty-five (125) new defendants having been added November ____ 1951. What defenses these new defendants will present to this court is, of course, unknown, but it is likely that they will raise some of the same issues specified in plaintiff's motion since hundred of defendants have already raised those very issues. The plaintiff should not ask the court to take the embarrassing position of precluding these defendants from presenting the merits of their defenses to an unbiased judge by attorneys of their own choosing by now calling upon the judge to hear and decide said issues by the attorneys of only four defendants out of the present total of some three thousand defendants which number may grow to four, five or six thousand defendants before the plaintiff is through. This motion should be made only after the answers of all defendants are before the court.

II.

The court is without jurisdiction to enter a final determination or judgment, even on an issue of law, on the trial of one defendant only and make that determination or judgment binding and controlling on thousands of other defendants most of whom have raised the same issue. This would be denying the other defendants their day in court and would not constitute due process of law. Trial in absentia is totally foreign to American attorneys of justice. The motion therefore should be denied at this time without prejudice to renewing it later.

III.

The issue of whether or not exclusive jurisdiction now resides in the UNITED STATES OF AMERICA over the property involved in this action by reason of cession to it by the State of California, is a mixed question of law and fact and would require the tak-

-2-

422

ing a great deal of evidence to show just what portions of the Rancho Santa Margarita fall within the California cession statute on which plaintiff relies under which statute cession of exclusive jurisdiction is limited to tracts of land used for "forts, magazines arsenals, dry docks and other needful buildings." Such cession does not include commercial farm lands. Such evidence as is required to prove or disprove this issue could be more easily presented in connection with the main case.

## IV.

Whether the statute of limitations is applicable to the UNITED STATES, as successor in interest to the Rancho Santa Margarita, is a mixed question of law and fact. Conceding that a California statute of limitations could not be invoked directly against the UNITED STATES OF AMERICA, still if the statute of limitations had run against the private owners of Rancho Santa Margarita and its rights prior to the acquisition of said property by the UNITED STATES OF AMERICA, the plaintiff, stepping into the shoes of the private owners, could have lost its water rights or a portion thereof due to the running of the statute of limitations against the private owners prior to the acquisition of the property by the UNITED STATES OF AMERICA. The extent to which the Rancho Santa Margarita had lost its water rights, or portions thereof, to upstream users and diverters prior to the acquisition of the Rancho by the United States of America, would require the presentation of practically the entire case on its merits as each defendant will be obliged in support of his individual claim of water rights to show the extent of beneficial usage by him of the waters of the Santa Margarita River, both as to the duration of time and to the place or area of use. To order a separate trial of this mixed issue of law and fact at this time would only result in additional expense to litigants, delay and repetitious procedure.

V.

Rule 42b is inapplicable and plaintiff has waived its right to request separate trials. We concede, that in the beginning, the United States of America could have filed separate actions against selected individual defendants whom it may have thought were "encroaching or infringing upon or threatening to encroach or infringe upon the rights of the United States of America" in the matter of its asserted water rights, but it did not see fit to do so. Instead the United States elected to file a "mass action" against all the users of water and all owners of lands or interests in the land within the entire Santa Margarita Watershed charging all defendants jointly and collectively with having caused the plaintiff loss of water. Having, itself, "scrampled" the eggs, it now asks this court to unscramble them and try separately certain issues which issues run the full length of plaintiff's cause of action and are common to the defenses of a vast majority of the hundreds of defendants appearing herein and probably will be common to the hundreds and thousands yet to be named by plaintiff as defendants herein and to be served and hereafter brought into this action. The plaintiff by its election to pursue a single united cause of action against all of the thousands of defendants, all charged with the same things, to-wit: encroaching upon the water supply of Camp Pendleton, the United States Naval Hospital and Naval Ammunition Depot, is now foreclosed from changing its position and demanding separate trials of some of the issues raised by individual defendants.

VI.

Plaintiff's motion fails to clearly define the issues for which it seeks a separate trial.

1. In the first place, plaintiff's motion contains abstract, vague and uncertain general language creating confusion as to precisely what issues it asks the court to try separately. The

VI.

motion starts out by stating that one of the issues is that while the complaint alleges that: "exclusive jurisdiction now resides in the United States of America <u>over all properties constituting</u> the military establishments", defendant FALLBROOK PUBLIC UTILITY DISTRICT denies "that there has been a cession of exclusive jurisdiction to the United States as alleged".

But further along, at lines 14 - 16 of page 2, the plaintiff adds a new element to the issue first set out, as follows: "The United States of America reasserts the claim that exclusive jurisdiction over the establishments <u>and the rights in question</u>(?) has been ceded to it by the State of California".

And finally in lines 1 - 3 of page 3, the plaintiff appears to have dropped entirely the idea that "properties" or "establishments" are the basis of plaintiff's claim of exclusive jurisdiction and concentrates entirely upon the issue of water rights, declaring:"the question of cession of exclusivity jurisdiction <u>over the rights here involved</u>, and the correlative questions raised by the defendant Fallbrook Public Utility District are of transcendent importance in this litigation".

Since we must assume that by now everybody connected with this litigation knows and recognizes that "the rights here involved" are the disputed claims of the United States to "a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River". If the motion is intended to be a request for a separate trial of the issue "over the rights here involved", then the request involves a trial of the whole case on its merits, and for that reason be denied.

2. Secondly, we are compelled to ask, what are "<u>the correlative</u> questions", which plaintiff says at lines 2 - 5 of page 3, "are of transcendent importance in this litigation", and that "determination of those issues will lay the postulate for the determination of the other issues presented in this case". Is

-5-

425

18

the plaintiff, by this language, asking the court to try separately, in addition to the issue of "exclusive jurisdiction", some other "correlative questions" which are in the motion left undefined and undisclosed? Apparently so, if this language is to be given any meaning.

The authors of the motion then go on to say, as if they recognized that some explanation was necessary: "Thus the defendant Fallbrook Public Utility District has raised by its answer issues involving questions of Constitutional law having bearing upon the ultimate adjudication of every right to the use of water presented in this litigation."

However, the explanation does not explain. It only compounds the confusions and uncertainty of the preceding language. We are left very much in the dark as to just what are "the correlative questions" and what are the "questions of Constitutional law" which plaintiff says the "determination of those issues will lay the postulate for the determination of many of the other issues presented in this case," and which the government attorneys apparently want this court to try and decide separately, without telling us, or the court, what "those issues" are. It would be unwise to grant such an uncertain motion.

VII.

Reply to plaintiff's points and authorities. We readily concede that Rule 42(b) has a useful place in federal practice and procedure and in proper cases and under proper circumstances the court has a broad discretion to order separate trial of any claim or claims or of any separate issue or issues in furtherance of the convenience of the parties and the court or to avoid prejudice.

However, the facts in the cases cited by plaintiff are not comparable to the situation which confronts the court in this cause. In none of them was one defendant picked out by plaintiff

-6-

426

and noticed for a <u>separate</u> trial of issues raised by it, while three thousand other defendants who had raised the same issues were ignored by plaintiff and not made <u>parties</u> to the <u>separate</u> trial and determination of their co-defendant's case and apparently were to be bound and controlled by the decision made therein. In none of the cases was the court called upon to decide what was, or might be "in furtherance of convenience or to avoid prejudice", while the plaintiff was still in the active process of serving hundreds of new defendants who would be entitled to have "their day in court" and a fair and <u>impartial</u> trial of their issues <u>after</u> they had appeared and answered and who would be <u>prejudiced</u> by a determination of <u>their</u> issues in their <u>absence</u> and <u>without notice</u> or opportunity to be heard and <u>in advance</u>, even, of the filing of their answers.

VIII.

<u>Plaintiff's</u> <u>motion</u> should <u>not</u> <u>be granted</u> <u>for</u> <u>the follow-</u><u>ing reasons:</u>

Piecemeal litigation is not favored.

Catlin v. U.S. 324 US 229,234.

Arrow Petroleum Co. v. Johnson 162 Fed(2d) 269,274

Air King Products Co., v Hazeltine 10 F.R.D.381,383

In Kelley Island Line & Transportation Co. v. City of Cleveland, 47 F Supp 533, 538, the court said:

"The law seeks to avoid multiplicity of suits and unnecessary duplication of litigation. It is a principle founded on clear thinking that where possible causes of action are not to be divided and courts are not to be compelled to try the same issues several times."

In Hirshhorn v. Mine Safety Appliance Co. 8 F.R.D. 11,23, the court said:

"In the litigation at bar, the question first exists as to whether one or all defendants have breached a duty owed to the

-7-

427

plaintiff in the management of their corporate affairs. If this question is answered in the affirmative, consideration must be given to the amount of money judgment, if any, to which the plaintiff is entitled."

"Regardless of what conclusion the Court might reach as to the question of liability, this would not be a final decision. A final decision generally is one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment. Appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including both liability and compensation. The foundation of this policy is not in merely technical conceptions of 'finality'. It is one against piecemeal litigation. * * * * * I am confronted with the rule that issues should not be tried piecemeal unless necessary to prevent undue delay or to promote justice."

If both convenience and economy will be furthered by a single trial of all issues, which we claim is true in this case, separate trials thereof should not be granted, nor should separate trials be ordered if there would be no danger of prejudice from one inclusive trial and separate trials would foster delay.

  35 C J S Federal Courts §136, p. 1139

Where the issues are common to several defendants, severance of the trial of the issues of one defendant under Rule 42(b) will not be granted since both convenience and economy would be furthered by a single trial.

  Commercial Banking Corporation v. Indemnity Insurance
  Company. 1 F.R.D. 380, 381

Where the court can better pass upon these questions of law after hearing the testimony produced at the trial, no separate trial is necessary.

  Cain v. Blumberg et al 51 F. Supp. 234
  Ryan Dist. Corp. V. Caley 51 F. Supp 377, 379.

-8-

428

When there is no apparent danger of prejudice resulting from a single trial delay should not be fostered by permitting separate trials.

        7 Cyc. of Fed. Procedure §3279, page 445

In Chappell & Co. et al v. Santangelo, 30 Fed. Supp. 599 the court denied the motion for separate trials saying:

"To be sure, under Rule 20(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, separate trials may be ordered 'to prevent delay or prejudice', but I see no danger of 'prejudice' from one inclusive trial. And delays would be fostered, rather than prevented, by separate trials. Indeed a multiplicity of separate trials would frustrate the liberal provisions of Rule 20 (a) as to permissive joinders. The rule recognizes the economy of a procedure where under several demands arising from the same occurrence may be tried together, thus avoiding the reiteration of the evidence relating to facts common to the several demands."

The reason for trying some issues of law or fact in advance of the trial of the remaining issues is where, by so doing, the determination of that one issue may completely dispose of the case and end the entire litigation thus obviating the necessity for trying the other issues.

        Seaboard Terminals Corp. v. Standard Oil Co.
        30 F.Supp. 671
        Conmar Products Corp. v Lamar Slide Fastener Corp.
        50 F. Supp. 1019, 1921
        3 Moore's Federal Practice under the New Federal Rules
        Sec. 42.02 p. 3051.

In 5 Moore's Federal Practice (2nd Ed.), Sec. 42.03, page 1211, it is said:

"Nevertheless a single trial generally tends to lessen the delay, expense and inconvenience to all concerned and the courts

have emphasized that separate trial should not be ordered unless such a disposition is clearly necessary."

In Woburn Degreasing Co. v. Spencer Kellogg & Son 37 Fed. Supp. 311, 312, the court said:

"The old practice should not be changed here except upon the clearest showing that the trial of the issue of validity will not involve the trial of the merits of the other issues or indeed, a substantial duplication of proof if the other issues have to be tried. The convenience of the parties would not be served if separation were permitted under such circumstances. Plaintiff claims here that the trial of the issues of validity separately will require proof of the prior art. If is so, to any considerable degree, the motion should be denied."

In our case, we claim that the issue of the statute of limitations will require proof of the extent of the use by all upstream users for all the years prior to plaintiff's acquisition of the Rancho Santa Margarita. Likewise the issue of "exclusive jurisdiction" will require extensive proof of facts relating to the uses which plaintiff has made and is making of the several portions of Rancho Santa Margarita.

For all the foregoing reasons we respectfully submit that plaintiff's motions for separate trials should be denied.

Dated November 26th, 1951.

RECEIVED copy of within
Statement _____ this
26 day of Nov., 1951
_Betty Marshall Graydon_
Attorneys for Plaintiff

SWING, SCHARNIKOW & STANIFORTH

BY _Phil D. Swing_
Attorneys for Defendant
FALLBROOK PUBLIC UTILITY DISTRICT

-10-

430

23