```
                LAW OFFICES
              W. B. DENNIS
              RT. 1, BOX 58
           FALLBROOK, CALIFORNIA
                PHONE 587

ATTORNEY FOR Defendants Santa
Margarita Mutual Water Company,
Edward G. and Lottie L. Helms, and
Herman C. and Alma C. Pankonien.
```

FILED
NOV 29 1951
EDMUND L. SMITH, Clerk
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|   Plaintiff, ) | |
|   v. ) | Civil No. 1247-SD |
| FALLBROOK PUBLIC UTILITY DISTRICT, a ) | DEFENDANTS' OPPOSITION |
| public service corporation of the ) | TO PLAINTIFF'S MOTION |
| State of California; ) | TO TRY SEPARATELY |
| et al.; ) | CERTAIN ISSUES |
| SANTA MARGARITA MUTUAL WATER COMPANY, ) | |
| a public service corporation of the ) | |
| State of California, ) | |
| EDWARD G. HELMS; ) | |
| LOTTIE L. HELMS; ) | |
| HERMAN C. PANKONIEN; and ) | |
| ALMA C. PANKONIEN, ) | |
|   Defendants, ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, ) | |
|   Defendants in Intervention. ) | |

Comes now the defendants SANTA MARGARITA MUTUAL WATER COMPANY, a California corporation, EDWARD G. HELMS, LOTTIE L. HELMS, HERMAN C. PANKONIEN and ALMA C. PANKONIEN, and in answer to plaintiff's motion to try separately certain issues heretofore served on said defendants object to the granting of said motion and the making of the order requested for the following reasons:

I.

That said motion is premature and has been prematurely made

431

because:

(a) the case is not at issue;

(b) it appears from the file and records that the time in which to appear or answer ~~heretofore served~~ has not expired and will not expire until the 1st day of February, 1952.

II.

That said motion should be denied and stricken from the files on the grounds that the motion and the said notice of motion have not been served on all parties affected thereby, as required.

III.

That a separate trial of the issues requested by plaintiff will not result in a final determination of the cause.

IV.

The plaintiff has failed to state with particularity the grounds upon which said motion is made.

V.

The plaintiff has failed to show wherein a separate trial of the issues requested will:

(a) further justice;

(b) prevent delays;

(c) result in convenience to the court or to any defendant or to plaintiff;

(d) reduce expenses incurred or to be incurred by the parties; but on the contrary, plaintiff's motion and the pleadings and files herein conclusively show that the motion should be denied because it would result in:

(a) injustice;

(b) added and unnecessary expense to the defendants;

(c) tend to confuse the record and the issues;

(d) delay the trial of the main issues;

(e) grant plaintiff an unfair advantage over defendants;

(f) split the cause of action with the result found so

1         disastrous at common law;
2   (g)  result in inconvenience to witnesses;
3   (h)  that the judgment rendered in the trial of the separate
4        issues as to the defendants to whom the motion is addressed
5        would not be binding upon any other defendant who has
6        raised or who might raise the same issues in the above
7        entitled action;
8   (i)  will lead the court into error and to inconsistent orders
9        and judgments in the same cause.

WHEREFORE the defendants SANTA MARGARITA MUTUAL WATER COMPANY, a California corporation, EDWARD G. HELMS, LOTTIE L. HELMS, HERMAN C. PANKONIEN and ALMA C. PANKONIEN request this court to dismiss and deny the motion.

Dated: November 27, 1951.

*[signature]*

Attorney for the defendants
SANTA MARGARITA MUTUAL WATER COMPANY, a California corporation, EDWARD G. HELMS, LOTTIE L. HELMS, HERMAN C. PANKONIEN and ALMA C. PANKONIEN

LAW OFFICES
W. B. DENNIS
RT. 1, BOX 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR Defendants SANTA MARGARITA MUTUAL WATER COMPANY, EDWARD G. AND LOTTIE L. HELMS, HERMAN C. AND ALMA C. PANKONIEN

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; et al.;<br><br>SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California,<br><br>EDWARD G. HELMS;<br>LOTTIE L. HELMS;<br>HERMAN C. PANKONIEN; and<br>ALMA C. PANKONIEN,<br><br>　　　　　　Defendants,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Defendants in<br>　　　　　　Intervention. | Civil No. 1257-SD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRY SEPARATELY CERTAIN ISSUES |

　　The United States of America has filed with this court a motion to have a separate trial as to certain issues raised by the Santa Margarita Mutual Water Company, a California corporation, and a separate trial of certain issues raised by the defendants Edward G. Helms, Lottie L. Helms, Herman C. Pankonien and Alma C. Pankonien. The three issues which the plaintiff desires to have tried separately in advance of the trial of the main issues, against the above-named defendants only, are:

434

1. The question as to whether or not the State of California ceded exclusive jurisdiction to the United States of America over the property which is the subject matter of this action, to-wit: the water rights involved.
2. Whether the United States of America is bound by the statute of limitations, laches or estoppel, and whether or not the statute of limitations had run against the Rancho Santa Margarita prior to the time the United States of America acquired title to said property.
3. Whether the United States of America's riparian rights are greater than those of the riparian rights of a private proprietor, and whether or not it can obtain said additional rights without first complying with the statutes of the State of California with respect to the appropriation of waters.

A cursory examination of the files in the above entitled action show that there have been over seven hundred answers filed wherein it is denied that the State of California ceded exclusive jurisdiction over the properties involved to the United States of America; and that over one hundred defendants had pled the statute of limitation; and that many of the defendants had pled facts upon which the principles of estoppel or the doctrines of laches had been put at issue. It is also apparent that a great number of the defendants have not as yet been served, and the records show that the defendants have been granted until the first day of February, 1952 in which to appear in the above proceedings. As late as November of this year, the plaintiff is still filing amendments to its complaint, and we believe that the court can take judicial knowledge that the plaintiff intends to file additional amendments to its complaint from time to time. We believe that the above facts relative to the status of this action should be seriously taken into consideration by the court in passing upon the motion, which we understand should only be granted if the

W. B. DENNIS

-2-

435

moving party can prove conclusively that the interests of justice will be best served and that delays will be avoided by the granting of the motion.

## I.

**THE COURT SHOULD DISMISS PLAINTIFF'S MOTION FOR FAILURE OF THE PLAINTIFF TO COMPLY WITH RULE 5 (a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Section 5 (a) of the Federal Rules of Civil Procedure reads in part as follows:

> "SERVICE: When required....every written motion other than one which may be heard ex-parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper, shall be served upon each of the parties affected thereby."

An examination of the affidavit of service heretofore filed with the clerk in the above entitled action, discloses that the notices of motion and motion were served only upon the defendants Santa Margarita Mutual Water Company, Edward H. Helms, Lottie L. Helms, Herman C. Pankonien and Alma C. Pankonien. We respectfully submit that every party who has raised the same issues as those raised by the defendants to whom the notice is addressed and on which a separate trial is requested, are affected by said motion, and would be affected by any order made granting plaintiff's motion. If they were not affected by the motion, then no judgment upon a separate trial of those issues would be binding in this action upon any other defendant who has or may hereafter raise the same issues; and we respectfully submit that any such procedure which would result in a separate trial of the same issues raised by each and every defendant in this action, would only result in undue hardship, expense, confusion and delay. For which reason alone, the court should dismiss plaintiff's motion without argument. See <u>Moore's Federal Practice</u> 2d issue, vol. 2, page 1306, sec. 5, chapter 504, where the author says:

-3-

436

> "Rule 5 (a) requires that every pleading subsequent to the original complaint, unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex-parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper, shall be served upon each of the parties affected thereby and **not in default** for failure to appear." (Italics ours)

Again, in vol. 2, page 1316, author says:

> "If the order is made, it must be served upon the party in such manner and form as the court directs"

referring to any order of the court requiring that a notice or document need not be served on parties who are not in default.

## II.

The plaintiff's motion should be summarily dismissed by the court for failure of plaintiff to comply with Section 7 (b 1) of the Federal Rules of Civil Procedure. Section 7 (b 1) reads as follows:

> "An application to the court for an order shall be by motion, which unless made during a hearing or trial, shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

A careful examination of plaintiff's motion discloses that plaintiff has set forth that certain issues have been raised by the complaint and the answer filed by the defendants to whom the motion is addressed, and that the plaintiff believes that those issues should be decided in favor of the plaintiff against the defendants, and then asks the court to order a separate trial of those issues as against only the defendants to whom the motion is addressed, stating that a trial of these issues in advance of other issues "_may_ obviate the trial of the other issues"...and "...a separate trial of the issues presented will result in convenience to the court and avoidance of delay and expense to all parties". Nowhere in plaintiff's motion can we find any reference to any facts which would justify the court in stating that a separate trial of the issues referred to in plaintiff's motion as against the defendants Santa Margarita Mutual Water Company, Edward G. Helms, Lottie L. Helms, Herman C. Pankonien and Alma C. Pankonien, would in any way promote justice, prevent delays

or reduce expenses, or would result in convenience to the parties or to the court, which are the only grounds under which the court, in its discretion, could grant the order requested by plaintiff. The provision that the plaintiff shall state with particularity the grounds therefor is real and substantial, and the motion should be denied if the grounds are not shown with particularity. See Steingut vs. National City Bank of N.Y. 36 Fed.Supp.486-487, in which the court said:

> "This requirement is real and substantial, and the motion should be dismissed if not complied with."

As plaintiff heretofore pointed out to the court at the time the defendants filed their motions to dismiss, the plaintiff's complaint, the use of the mere language of the statute does not comply with the rules of the court. See Sachs vs. Ohio Life Ins.Company (5 F.R.Ser. 7 B 2, Case 1) in which a motion to dismiss based on the following grounds: "For the reason they are vague and indefinite, immaterial and insufficient in law to set up any defense to the cause of action" was held not to state grounds for the motion with sufficient particularity.

### III.

The plaintiff in making its motion has disregarded the purport, language and the result which was sought to be accomplished by the adoption of Section 42 of the Federal Rules of Civil Procedure. Section 42 (b) reads as follows:

> "SEPARATE TRIALS: The court, in furtherance of convenience or to avoid prejudice, may order a trial of any claim, cross claim, counterclaim or third party claim, or of any separate issue or of any number of claims, cross claims, counterclaims, third party claims or issues."

Section 42 (a) of the Federal Rules of Civil Procedure reads as follows:

> "CONSOLIDATION: When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters at issue in the actions. It may order all the actions consolidated and it may make such orders concerning proceedings thereon as may tend to avoid unnecessary cost or delay."

W. B. DENNIS

-5-

438

The authorities frequently state that Sec. 42 (b) was adopted as a means of protecting parties against unnecessary hardships which might result from liberal permissive joinder of parties whose interests are not adverse to each other and as supplemental and ancillary to rules 13, 18 and 20, and to some extent rules 14, 22 and 24. (See "Cyc.Fed.Proc. 2d Ed. vol. 7, Sec. 3279, page 444"). Section 42 (b) also should be construed in connection with Section 42 (a) which provides for the consolidation of trials involving different parties when common questions of law or fact are pending before the court. It cannot be seriously argued by plaintiff that in this action the primary issues of this case, both law and fact, are not common to all of the defendants and to plaintiff. The plaintiff in joining all of the defendants in this action, was not required to take advantage of the rules 13, 18 and 20, this being an action in which the various defendants could be joined under common law. It is generally conceded and we believe the court must presume that a separate trial of common issues is generally advisable and to the best interests of all concerned. (See Moore's Federal Practice, vol. 5, p. 1211, chap. 4203, in which the author states:

> "Nevertheless a single trial generally tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary."

In Chappell & Co. Inc. vs. Santagelo, 30 Fed.Supp. 599, the court said:

> "The motion for separate trials is denied. To be sure, under rule 20 (b) of Federal Rules of Civil Procedure 28 U.S.C.A. following Section 723-C, separate trials may be ordered 'to prevent delay or prejudice' but I see no danger of 'prejudice' from one inclusive trial, and delays would be fostered rather than prevented by separate trials. Indeed, a multiplicity of separate trials would frustrate the liberal provisions of rule 20 (a) as to permissive joinders, a procedure whereunder several demands arising from the same occurence may be tried together, thus avoiding the restraint of the evidence relating to facts common to the several demands."

Again, in Julius Klugmans Sons vs. Oceanic Steam Nav. Co. 42 Fed. 2 461, p. 463, the court said:

> "It is in the interest of prompt justice that the entire
> matter be heard in one suit, otherwise it might happen
> that the complaint is dismissed as to a defendant and that
> later on a remaining defendant presented clear proof point-
> ing towards the liability of the defendant who is then no
> longer in the case."

See also McNally vs. Simmons, 29 Fed. Supp. 926.

At this time, we wish to call the court's attention to the fact that a determination of the issues upon which plaintiff seeks a separate trial will not end or terminate the present action. They do not amount to the determination of an issue such as jurisdiction which would result in a dismissal of the action or the question of whether or not the plaintiff or defendant gave a release which would automatically dispose of the entire cause, or the question as to whether or not notices had been filed with municipalities required by law, in the absence of which the claimant could not be entitled to recover, and/in the present cause, even though the court should determine that there should be a separate trial of the various issues requested by plaintiff, and/subsequently settle those issues in favor of the defendant or the plaintiff, it will still be necessary to try the major and principal issues in this case, to-wit: whether the lands of defendant and plaintiff are riparian; the extent of the riparian acreage of the defendants and the plaintiff; the quantity of water to which the parties are entitled; the annual yield of the stream and underground basins over a considerable period of years; the use of the waters of the stream and the underground basins made by the plaintiff and the defendants annually over a considerable period of time; the question of whether there are surplus waters available in the river and the basins for appropriation; and that the evidence both oral and documentary, which must be produced with respect to the trial of said issues, in many instances will be identical with that which would have to be produced on the trial of issues upon which the plaintiff desires a separate trial.

W. B. DENNIS

-7-

440

IV.

In closing, we wish to call the court's attention to the fact that the court has heretofore declared that plaintiff's complaint is not a model pleading, and that the government is not bound by the statements or representations of its agents, and the defendants so far have no clear statement or any statement at all binding the plaintiff as to what weight plaintiff places on cessions or exclusive jurisdiction. The plaintiff has consistently, in statements both orally and in writing, to this court, stated that it is only claiming such rights in the water of the Santa Margarita River and the underground basins as were owned by the Rancho Santa Margarita at the time the government acquired the property. If plaintiff has not changed its position, then any statements or issues relative to cessions or exclusive jurisdiction contained in plaintiff's complaint are mere surplussage, and do not require a separate trial or the serious consideration of the court. Also, that plaintiff has stated that this action is no more than a quiet title action, and this court does not need citation of authority to the effect that in a quiet title action, plaintiff may recover on the strength of its own title and not on the weakness of the defendants. A separate trial of certain issues as requested in plaintiff's motion might result in plaintiff obtaining a judgment on the weakness of the defendants' title when in fact plaintiff has no title itself, which would result in a violation of the well-known canon of law just referred to. The determination of the law points, that is whether a cession or jurisdiction by the State of California to the United States of America would enlarge plaintiff's rights in the waters of the Santa Margarita River, whether the United States of America is bound by estoppel, laches or statute of limitation, and the legal question of whether or not the United States can obtain waters from the Santa Margarita River for use on non-riparian lands other than by complying with the statutes of the State of California, could have been disposed of by

1  motion to dismiss if plaintiff's complaint had been made a model
2  pleading or if plaintiff had consented to comply with the suggestions
3  of the court at the time the motions to dismiss were heard. Plain-
4  tiff at that time took the position that he would not amend his com-
5  plaint, and that any said amendment would result in unnecessary delay,
6  although it is now apparent that the plaintiff knew at that time that
7  it was going to be necessary to file numerous amendments which would
8  bring thousands of new defendants into the action, and also only a [with "that" inserted above "and/"]
9  small number of defendants had been served prior to the hearing. No
10 amendment which might have been made would have resulted in delay so
11 far as the plaintiff was concerned, and the defendants would be in a
12 position where they would know what the plaintiff's position was going
13 to be with respect to the ownership and use of the waters of the
14 Santa Margarita River.
15 Dated: November 27, 1951

                             *W. B. Dennis* (signature)
                             W. B. Dennis
                             Attorney for Defendants Santa
                             Margarita Mutual Water Company,
                             a California corporation, Edward
                             G. Helms, Lottie L. Helms,
                             Herman C. Pankonien and Alma C.
                             Pankonien.

```
 1  STATE OF CALIFORNIA )
                        )ss.
 2  COUNTY OF SAN DIEGO )

 3          OSCAR A. SWANSON, being first duly sworn, deposes and says:
 4  That affiant is a citizen of the United States and a resident of the
 5  County of San Diego; that affiant is over the age of eighteen years
 6  and is not a party to the within and above entitled action. That
 7  affiant's business address is P. O. Box 698, Fallbrook, California,
 8  and that on the 27th day of November, 1951, affiant served the within
 9  DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRY SEPARATELY
10  CERTAIN ISSUES on the plaintiff herein by placing a true copy thereof,
11  addressed to the attorney of record for said plaintiff, at the office
12  address of said attorney, to-wit: Ernest A. Tolin, U. S. Attorney,
13  and Betty Marshall Graydon, Assistant United States Attorney, Room
14  221, 325 West "F" St., San Diego, California; and by then sealing
15  the envelope and depositing same, with postage thereon fully prepaid,
16  in the United States Post Office at Fallbrook, California, where is
17  located the office of the attorney for the persons by and for whom
18  said service was made; that there is delivery service by United States
19  mail at the place so addressed, or there is regular communication by
20  mail between the place of mailing and the place so addressed.
```

                                        Oscar A. Swanson
                                        Oscar A. Swanson

Subscribed and sworn to before me
this 27th day of November, 1951.

_____Dorothy C. Cathrey_____
        Dorothy C. Cathrey
Notary Public in and for said
        County and State

W. B. DENNIS

443

13