1   EDMUND G. BROWN
    Attorney General of California
2   600 State Building
    San Francisco 2, California
3   UNderhill 1-8700

4   ARVIN B. SHAW, JR.
    Assistant Attorney General
5   835 Rowan Building
    Los Angeles 13, California
6   MAdison 6-0161

7   B. ABBOTT GOLDBERG
    Deputy Attorney General
8   600 State Building
    San Francisco 2, California
9   UNderhill 1-8700

10  Attorneys for Intervener

11              IN THE UNITED STATES DISTRICT COURT

12         IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13                      SOUTHERN DIVISION

14  UNITED STATES OF AMERICA,          )   Civil No. 1274-SD

15                    Plaintiff,       )   INTERVENER'S STATEMENT
                                           OF REASONS IN OPPOSITION
16              vs.                    )   TO PLAINTIFF'S MOTION
                                           TO TRY CERTAIN ISSUES
17  FALLBROOK PUBLIC UTILITY DISTRICT, )   SEPARATELY, AND ANSWER-
    a public service corporation of the    ING MEMORANDUM OF POINTS
18  State of California, et al.,       )   AND AUTHORITIES.

19                    Defendants,      )

20  PEOPLE OF THE STATE OF CALIFORNIA, )

21                    Defendants       )
                    in Intervention.
22  _____  )

23

24          The PEOPLE OF THE STATE OF CALIFORNIA, intervener in

25  the above entitled cause, oppose the motion of plaintiff, the

26  United States of America, for separate trial respecting certain

27  alleged issues raised by plaintiff's complaint and intervener's

28  answer, which motion was filed November 13, 1951, and files its

29  statement of reasons for opposing said motion and memorandum of

30  points and authorities.

31

32

                              1.

I

<u>The motion is not shown to be authorized by Rule 42(b)</u>
<u>of the Federal Rules of Civil Procedure on which it purports to</u>
<u>be based.</u>

The motion states (Page 1, lines 19, 20) that it is
made "pursuant to Rule 42 (b) of the Federal Rules of Civil Pro-
cedure".  That rule prescribes that:

"The court (1) in furtherance of convenience
or (2) to avoid prejudice may order separate trial of
. . . . any separate issue . . . . or issues." (numer-
als added).

The motion does not expressly take either ground (1)
or ground (2) set out in the rule, but plaintiff's points and
Authorities (Page 1, lines 28, 29) distinctly adopts ground (1)
in saying "Trial of them in advance of other issues of fact and
law will be <u>of</u> <u>convenience</u> to this Court and to the parties liti-
gant".  (Emphasis added).  However, in neither the motion nor
the points and authorities is this general assertion supported other
than by the second generality in the motion (Page 2, lines 24-26):
"Determination of these issues will lay the postulate for the
determination of many of the other issues presented in this case."
What these "other issues" are is totally undisclosed.  It is
incumbent on plaintiff to show by concrete specific allegations,
not by sweeping generalities, that its motion comes within either
ground (1) or ground (2) of Rule 42 (b).  This it has not done.

II

<u>Plaintiff's motion is impliedly forbidden by Rule 42 (b)</u>.

As has been seen, ground (2) of Rule 42 (b) is that the
order should be made "to avoid prejudice".

It is self-evident that the granting of the motion would
create, not avoid, prejudice.  Its inescapable effect would be to
require the Court to reach conclusions upon certain issues as

1   against the half dozen defendants named in the pending motions.

2   As the record shows, many other defendants have raised and rely

3   upon substantially the same contentions as these half dozen.  If

4   the Court should reach a determination, as against the half dozen

5   defendants, of the issues specified in the pending motions, it has

6   then become automatically prejudiced to hear and determine the

7   same issues when later advanced by other defendants.  Obviously

8   all defendants are entitled to present their views to a court

9   which has an entirely open mind.

10          A technician may argue that because grounds (1) and

11  (2) are stated in Rule 42 (b) in the alternative, it is enough

12  that either one of them be satisfied.  This is not a fair nor just

13  view of the rule.  The two grounds stated in the rule are of co-

14  ordinate and equal importance.  It is respectfully submitted that

15  if a separate hearing of an issue would avoid prejudice but would

16  be highly inconvenient, or if it would create prejudice, although

17  convenient, in either event the order would not serve the ends of

18  justice and should be denied.

19                              III

20          The issues sought to be separately tried are unclear

21  and should be clarified.

22          A.  Cession of exclusive jurisdiction.

23          The motion (Page 1, lines 28-31) recites as the first

24  allegation of the complaint traversed by intervener's answer that

25  "Exclusive jurisdiction now resides in the United States of America

26  over all of the properties constituting the military establish-

27  ment . . . . subject to exceptions not here involved, by reason

28  of cessions to it by the State of California".  (Emphasis added.)

29  However, at a later point in the motion (Page 2, lines 20-24)

30  plaintiff states:

31

32

3.

446

1          "In support of this motion, and as ground there-

2    for, the United States of America respectfully brings to

3    this Court's attention the fact that the question of

4    <u>the cession of exclusive jurisdiction over the rights</u>

5    <u>here involved</u> and the correlative questions raised by

6    the Intervener are of transcendent importance in this

7    litigation."   (Emphasis added).

8    Thus plaintiff slides from a claim of exclusive jurisdiction

9    over "properties constituting the military establishments" to

10   a claim of exclusive jurisdiction over "the rights here involved"

11   which latter can only be plaintiff's asserted rights to use

12   of the waters of the Santa Margarita River.  Intervener points

13   to the radical difference between a claim of jurisdiction over

14   the land area of Rancho Santa Margarita and a claim of exclusive

15   jurisdiction over the Santa Margarita River, the waters thereof,

16   or the right to the use of such waters, and insists that plaintiff

17   must clearly indicate which claim it wants separately tried.

18         B.   <u>Ascertainment of water rights in accordance with</u>

19   <u>State laws</u>.

20         The motion recites:

21         "In the Second Defense of the Intervener it

22   is asserted, among other things, 'that the United States

23   is required to have its water rights ascertained in ac-

24   cordance with the laws of the State of California.'

25   That averment of the Intervener is denied.  By alleg-

26   ing that the rights of the United States here involved

27   must be 'ascertained' in accordance with the laws of

28   the State of California the Intervener raises questions

29   of the applicability to the United States of State

30   police regulations, of the jurisdiction of this Court,

31   and the prerogative of the United States to have re-

32

1    course in its own forum to have adjudicated its property

2       rights."

3  In this statement counsel for plaintiff seem to misunderstand

4  the allegation which they quote from intervener's second de-

5  fense.  It is suspected that they construe this allegation to

6  refer to ascertainment of water rights in accordance with the

7  adjective law of California court procedure.  What it obviously

8  means is that the water rights must be determined in accordance

9  with the substantive laws of the State of California relating to

10 water rights.  Thus, intervener does not raise "questions of the

11 applicability to the United States of State police regulations".

12 Intervener's water laws are essentially laws of property.  Rights

13 to the use of water are property rights (Weil Water Rights in

14 the Western States, 3d. ed. Vol. 1, Sec. 18).  Accordingly,

15 laws declaring such rights are property laws.  Again intervener

16 does not deny the jurisdiction of this Court.  It has submitted

17 itself to that jurisdiction.  Finally, intervener has not

18 denied "the prerogative of the United States to have recourse

19 to its own forum".  Accordingly, no issue seems to exist

20 between plaintiff and intervener on these subjects.

21    If, on the other hand, plaintiff means to deny that the

22 riparian rights which it purchased with the Rancho Santa Margarita

23 are to be measured and defined in accordance with the water laws

24 of California, or to deny that any prescriptive rights which

25 may have accrued to plaintiff since the acquisition of the Rancho

26 are to be measured and defined in accordance with the water laws

27 of California, then positive issues do exist between plaintiff

28 and intervener.  These points, however, are not made in the

29 motion, nor in plaintiff's memorandum of points and authorities.

30 If they are intended to be separately tried, they should certainly

31 be made clear.

32

5.

44E

For the foregoing reasons plaintiff's motion for separate trial should be denied.

Dated:   November 28, 1951.

EDMUND G. BROWN,
Attorney General of California

ARVIN B. SHAW, JR.,
Assistant Attorney General

B. ABBOTT GOLDBERG
Deputy Attorney General

By _Arvin B. Shaw Jr._
Arvin B. Shaw, Jr.
Attorneys for Intervener.

6.

449

being first duly sworn, deposes and says: that ___ he is the _____

_____

_____

In the above entitled action; that ___ he has _____ read the foregoing _____

_____

and knows the contents thereof; and that the same is true of _____ own knowledge, except as to the matters which are therein stated upon _____ information or belief, and as to those matters that ___ he believes it to be true.

_____

_____

Subscribed and sworn to before me this

_____ day of _____ 19___

_____
Notary Public in and for the County of Los Angeles, State of California.
[SEAL]

Received copy of the within _____ this _____ day of _____ 194__

Attorney ___ for _____

Received copy of the within _____ this _____ day of _____ 194__

Attorney ___ for _____

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES, } ss.

_Helen M. McEvers_, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business/residence address is: _____

835 Rowan Building, Los Angeles 13, California

that on the 28th day of November 1951, affiant served the within Intervener's Statement of Reasons in Opposition to Plaintiff's Motion to Try Certain Issues Separately, and Answering Memorandum of Points and Authorities.

on the plaintiff in said action, by placing a true copy thereof in an envelope addressed to the attorney S of record for said plaintiff at the residence/office address of said attorney S, as follows:*

Ernest A. Tolin, United States Attorney
Betty Marshall Graydon, Assistant United States Attorney
William H. Veeder, Special Assistant to the Attorney General
1405 Fifth Avenue, San Diego 1, California

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office at Los Angeles, California, where is located the office of the attorney ___ for the person ___ by and for whom said service was made.

That there is delivery service by United States mail at the place so addressed or/and** there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 28th

day of November 19 51

_Stella Lunck_
Notary Public in and for the County of Los Angeles, State of California.

(SEAL)

_Helen M. McEvers_

450

*Here quote from envelope name and address of addressee.
**When the letter is addressed to a post office other than "Los Angeles," strike out "and"; when addressed to "Los Angeles," strike out "or."