1  BETTY MARSHALL GRAYDON
   Assistant United States Attorney
2  1405 Fifth Avenue
   San Diego 1, California
3     Telephone: F 9-4101

4  Attorney for Plaintiff

5              IN THE UNITED STATES DISTRICT COURT

6          IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7                     SOUTHERN DIVISION

8  UNITED STATES OF AMERICA,            )
                                        )
9                    Plaintiff,         )
                                        )
10           v.                         )    Civil No. 1247-SD
                                        )
11 FALLBROOK PUBLIC UTILITY DISTRICT, a )    REPLY OF THE UNITED STATES OF
      public service corporation of the)    AMERICA TO ANSWER OF EDWARD G. HELMS,
12    State of California;              )    LOTTIE L. HELMS, HERMAN C. PANKONIEN,
   ET AL.;                             )    AND ALMA C. PANKONIEN
13                                      )
   EDWARD G. HELMS;                     )
14 LOTTIE L. HELMS;                     )
   HERMAN C. PANKONIEN; and             )
15 ALMA C. PANKONIEN,                   )
                                        )
16                    Defendants,       )
                                        )
17 PEOPLE OF THE STATE OF CALIFORNIA,   )
                                        )
18                    Defendants in     )
                      Intervention.     )
19

20        The UNITED STATES OF AMERICA, plaintiff, in reply to the answer of

21 Edward G. Helms, Lottie L. Helms, Herman C. Pankonien, and Alma C. Pankonien,

22 pursuant to the order of this Court entered the fourth day of December 1951,

23 admits, alleges and denies as follows:

24                     REPLY TO FIRST DEFENSE

25        1.  The UNITED STATES OF AMERICA in reply to paragraph 1 of the First

26 Defense of the answer of these defendants realleges each and every allegation

27 contained in paragraph I of the complaint.

28        2.  The UNITED STATES OF AMERICA in reply to paragraph 2 of the First

29 Defense of the answer of these defendants realleges each and every allegation

30 contained in paragraph II of the complaint.

31        3.  The UNITED STATES OF AMERICA in reply to paragraph 3 of the First

32 Defense of the answer of these defendants realleges each and every allegation

FILED

DEC 26 1951

EDMUND L. SMITH, Clerk

DEPUTY CLERK

- 1 -

649

1  contained in paragraph III of the complaint.

2      4.  The UNITED STATES OF AMERICA in reply to paragraph 4 of the First

3  Defense of the answer of these defendants realleges each and every allegation

4  contained in paragraph IV of the complaint.

5      5.  The UNITED STATES OF AMERICA in reply to paragraph 5 of the First

6  Defense of the answer of these defendants realleges each and every allegation

7  contained in paragraph V of the complaint; and admits that these defendants were

8  not parties to the case of Rancho Santa Margarita v. Vail, et al., in the

9  Superior Court of the State of California in and for the County of San Diego,

10  No. 42850.  The UNITED STATES OF AMERICA further replying to paragraph 5 of

11  the First Defense of the answer of these defendants alleges that:

12          These defendants have been and are now diverting and

13      are threatening to increase the diversion of water from the

14      Santa Margarita River which is there solely by reason of the

15      Stipulated Judgment, Exhibit A of the complaint.  Were it

16      not for the Stipulated Judgment requiring releases of water

17      by the Vail Estate, the legal demands of which greatly

18      exceed the available supply of water, the Santa Margarita

19      River for the greater part of the year would be dry below

20      the lands of that Estate.  Thus these defendants have been

21      and are now converting and threaten to convert waters to

22      their own use which the Vail Estate seeks to deliver to

23      the United States pursuant to the Stipulated Judgment.

24      6.  The UNITED STATES OF AMERICA in reply to paragraph 6 of the First

25  Defense of the answer of these defendants realleges each and every allegation

26  contained in paragraph VI of the complaint.

27      7.  The UNITED STATES OF AMERICA in reply to paragraph 7 of the First

28  Defense of the answer of these defendants realleges each and every allegation

29  contained in paragraph VII of the complaint.

30      8.  The UNITED STATES OF AMERICA in reply to paragraph 8 of the First

31  Defense of the answer of these defendants specifically reaffirms and realleges

32  all of the allegations in paragraph VIII of the complaint; reasserting that its

650

1  rights to 35,000 acre-feet of water annually from the Santa Margarita River are
2  paramount to the alleged rights of these defendants.  Replying further to the
3  paragraph in question it is reaffirmed and realleged, in denial of the contention
4  which the paragraph contains, that the rights to the use of water claimed by
5  the United States are not limited to correlative rights with these defendants
6  in the manner asserted but rather the United States claims that it succeeded to
7  whatever rights vested in it as a successor in interest to the Rancho Santa
8  Margarita, all as alleged in the complaint.  It is denied that the lands of
9  these defendants are riparian to the Santa Margarita River or its tributaries;
10  and it is likewise denied that they are entitled to participate in the available
11  supply of water in the Santa Margarita River on a correlative basis, or at all.

12      9.  The UNITED STATES OF AMERICA in reply to paragraph 9 of the First
13  Defense of the answer of these defendants realleges each and every allegation
14  contained in paragraph IX of the complaint.  Replying further to the paragraph
15  in question the United States specifically denies that these defendants have
16  any rights to the use of water paramount to those of the United States, or rights
17  of any kind or character in the Santa Margarita River.

18      Specifically denied is the claim of the defendants that they have
19  riparian rights in the Santa Margarita River and its tributaries, or that they
20  have correlative rights with the United States to the use of water in the stream
21  in question.  Specifically denied is the allegation in the paragraph in question
22  of the answer of these defendants that the defendants have not encroached upon,
23  are not encroaching upon, and do not threaten further encroachment upon the
24  rights to the use of water of the United States in the Santa Margarita River.
25  Likewise denied is the allegation that the defendants have not made diversions
26  from the Santa Margarita River.

27      REPLY TO SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE
28      The UNITED STATES OF AMERICA in reply to the Second Further and Separate
29  and Distinct Defense asserting ownership by the defendants of certain described
30  lands, alleges that it is without knowledge or information sufficient to form a
31  belief in regard thereto and therefore denies the allegation.
32      Specifically denied is the allegation that the lands described in the

C51

1  Defense in question is traversed by the Santa Margarita River; and denied is the
2  allegation that the defendants are the owners of all of the water which may be
3  produced upon the described lands.
4      Likewise specifically denied are the allegations that the lands
5  allegedly owned by these defendants are riparian to the Santa Margarita River
6  or its tributaries or that these defendants are entitled to correlative rights
7  to the use of water with the United States in that stream.
8      Specifically denied by the United States is any claim on the part of
9  these defendants to any of the waters of the Santa Margarita River or its
10  tributaries.
11      REPLY TO THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE
12      The UNITED STATES OF AMERICA in reply to the Third Further and Separate
13  and Distinct Defense of the answer of these defendants specifically denies that
14  this cause is barred by Section 318 of the Code of Civil Procedure of the State
15  of California.
16      REPLY TO FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
17      The UNITED STATES OF AMERICA in reply to the Fourth Further and
18  Separate and Distinct Defense of the answer of these defendants specifically denies
19  that this cause is barred by Section 319 of the Code of Civil Procedure of the
20  State of California.
21      REPLY TO FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
22      The UNITED STATES OF AMERICA in reply to the Fifth Further and
23  Separate and Distinct Defense of the answer of these defendants denies each and
24  every allegation which it contains.
25      REPLY TO SIXTH FURTHER AND SEPARATE AND DISTINCT DEFENSE
26      The UNITED STATES OF AMERICA in reply to the Sixth Further and Separate
27  and Distinct Defense of the answer of these defendants admits that there was
28  filed, as alleged, an application with the State of California Department of
29  Public Works, Division of Water Resources, denying, however, that the rights
30  to the use of water asserted in this litigation are in any way contingent upon
31  that filing or are in any way affected by it.  Likewise denied is the contention
32  in this Defense that these defendants have the right to be heard, in this cause,

1 in connection with the filing in question; and likewise denied is the contention

2 that the rights to the use of water, the subject matter of this litigation, are

3 in any way contingent upon or governed by the filing in question; and there is

4 also denied the contention that the rights to the use of water of the United

5 States other than upon riparian lands and for riparian uses are governed by the

6 filing in question.

7    Wherefore, the United States prays that judgment be granted to it in

8 accordance with the prayer for relief in the complaint in this action.  The

9 United States of America respectfully refers to the motion now pending before

10 this Court requesting a separate trial in regard to these defendants and

11 states that this reply is not intended in any way to constitute a modification

12 of that motion.

WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

Dated: Dec 24, 1951

BETTY MARSHALL GRAYDON,
Assistant United States Attorney

653