1   BETTY MARSHALL GRAYDON
    Assistant United States Attorney
2   1405 Fifth Avenue
    San Diego 1, California
3     Telephone:  F 9-4101

4   Attorney for Plaintiff

5               IN THE UNITED STATES DISTRICT COURT

6            IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7                       SOUTHERN DIVISION

8   UNITED STATES OF AMERICA,            )
                                         )
9                   Plaintiff,           )
                                         )
10          v.                           )        No. 1247
                                         )
11  FALLBROOK PUBLIC UTILITY DISTRICT, a )   REPLY OF THE UNITED STATES OF
        public service corporation of the )   AMERICA TO ANSWER OF FALLBROOK
12      State of California;             )   PUBLIC UTILITY DISTRICT
    ET AL.,                              )
13                                       )
                    Defendants,          )
14                                       )
    PEOPLE OF THE STATE OF CALIFORNIA,   )
15                                       )
                    Defendants in        )
16                  Intervention.  )

FILED

DEC 26 1951

EDMUND L. SMITH, Clerk
BY
DEPUTY CLERK

17          The UNITED STATES OF AMERICA, plaintiff, in reply to the answer of the

18  Fallbrook Public Utility District, pursuant to the order of this Court entered

19  the fourth day of December 1951, admits, alleges and denies as follows:

20                  REPLY TO FIRST DEFENSE

21                          I.

22          The UNITED STATES OF AMERICA in reply to paragraph I of the First

23  Defense of the answer of the Fallbrook Public Utility District reaffirms the

24  assertion that the suit was instituted at the request of the Secretary of the

25  Navy and attaches to this reply a copy of that letter.

26                          II.

27          The UNITED STATES OF AMERICA in reply to paragraph II of the First

28  Defense of the answer of the Fallbrook Public Utility District specifically denies

29  the averment which it contains that the defendant has not unlawfully interfered

30  with the rights of the United States; and alleges:

31          1.  The defendant Fallbrook Public Utility District, in direct violation

32  of the rights to the use of water of the United States in the Santa Margarita

                            - 1 -

River, has illegally and in violation of the rights of the United States, installed in the channel of that stream a dam impounding water to which the United States is entitled.  It has likewise installed a pump in the channel of that stream.  With that pump the defendant Fallbrook Public Utility District is now and has been for the past two years, illegally and in violation of the rights of the United States, pumping and extracting approximately 1,800 acre-feet of water from the Santa Margarita River to which the United States is entitled. By that diversion the Fallbrook Public Utility District directly, intentionally, and illegally invades and encroaches upon the rights to the use of water in the Santa Margarita River which the United States purchased and paid for in that stream.  That illegal invasion upon the rights of the United States by the Fallbrook Public Utility District constitutes an immediate and irreparable damage to the United States.

2.  The diversion by the Fallbrook Public Utility District above described is made allegedly pursuant to Permit No. 7033 allegedly issued by the Department of Public Works, Division of Water Resources, State Engineer, State of California.  That permit, issued subject to vested rights, until declared subject and subordinate to the rights of the United States, constitutes a cloud upon the rights of the United States which it purchased and paid for in the stream in question.

3.  The Fallbrook Public Utility District, pursuant to Permit No. 8511 allegedly issued by the Department of Public Works, Division of Water Resources, State Engineer, State of California, asserts a right to construct a dam on the Santa Margarita River with a capacity of 32,000 acre-feet, and to divert from the Santa Margarita River 10,000 acre-feet of water annually.  That permit constitutes a cloud upon the rights to the use of water in the Santa Margarita River purchased and paid for by the United States.  Moreover, Permit No. 8511 constitutes a threatened encroachment upon the surface and subsurface rights of the United States in the stream in question for the construction of a dam of the character described in the application upon which the purported permit was issued, would prevent not only the historical surface flow of water from reaching the lands of the United States described in the complaint, but would likewise prevent the

1  historical subsurface flow of the Santa Margarita River at the point where the
2  proposed dam would be constructed from reaching the subterranean basin described
3  in the complaint.  Thus Permit No. 8511 constitutes a threat of irreparable
4  damage to the United States and will remain a threat until the United States
5  is accorded the relief for which it prays in the complaint in this case.

6      4.  Though apparently abandoned in this litigation, the Fallbrook
7  Public Utility District has filed Application No. 11589 with the Department of
8  Public Works, Division of Water Resources, State Engineer, State of California,
9  to appropriate 10,000 acre-feet of water from Rainbow Creek, a tributary of the
10 Santa Margarita River.  Likewise apparently abandoned in this litigation is
11 Application No. 12179 filed by the Fallbrook Public Utility District with the
12 Department of Public Works, Division of Water Resources, State Engineer, State of
13 California, to appropriate from Sandia Creek, a tributary of the Santa Margarita
14 River, 10,000 acre-feet of water.  While not included in the answer, those
15 adverse claims to water from the tributaries of the Santa Margarita River cloud
16 the title of the rights to the use of water owned by the United States in the
17 Santa Margarita River, against which the United States is entitled to the relief
18 for which it prays in its complaint.

19     5.  Representatives of the Fallbrook Public Utility District have
20 repeatedly asserted that its alleged rights to the use of water in the Santa
21 Margarita River, though initiated subsequent to and with full knowledge of the
22 rights of the United States in that stream, are paramount to those of the United
23 States, and have proceeded to encroach upon and now are encroaching upon, and
24 threaten to encroach upon the rights of the United States in the Santa Margarita
25 River.

26                              III.

27     The UNITED STATES OF AMERICA in reply to paragraph III of the First
28 Defense of the answer of the Fallbrook Public Utility District denies the
29 allegation of the Fallbrook Public Utility District that the military establishments
30 do not occupy all of the 135,000 acres acquired by the United States.  It is
31 likewise specifically denied that the lands within the 135,000 acres described
32 in the complaint are now occupied, used and devoted to commercial farming, in
the manner alleged in the answer of the Fallbrook Public Utility District.

- 3 -

631

1   As averred in the complaint, the properties involved, including the rights to

2   the use of water, the subject matter of this suit, were acquired and are now

3   utilized for military purposes.  The agricultural uses to which defendant refers

4   are subject and subordinate to the primary military use, all in accordance with

5   the allegations contained in the complaint.

6                                    IV.

7            The UNITED STATES OF AMERICA in reply to paragraph IV of the First

8   Defense of the answer of the Fallbrook Public Utility District reaffirms the

9   allegations of the complaint that the State of California ceded exclusive

10  jurisdiction over the lands comprising the military establishments described

11  in the complaint, including the rights to the use of water, the subject matter

12  of the complaint.  Further in reply the United States specifically denies the

13  allegations of the paragraph in question which, in substance, asserts that the

14  cession of exclusive jurisdiction does not relate to all of the approximately

15  135,000 acres of land comprising those military establishments described in the

16  complaint.

17                                    V.

18           The UNITED STATES OF AMERICA in reply to paragraph V of the First

19  Defense of the answer of the Fallbrook Public Utility District reiterates and

20   reaffirms all of the allegations contained in paragraph IV of the complaint;

21  specifically denies the allegation of the Fallbrook Public Utility District

22  that its acts do not encroach upon and threaten greater encroachment upon the

23  underground basin which underlies the military establishments described in the

24  complaint; specifically denies that the damage to the underground basin arises

25  from acts of the United States; declaring that the illegal diversion by the

26  Fallbrook Public Utility District of water from the watershed of the Santa

27  Margarita River and its proposal to divert 11,800 acre-feet annually from the

28  watershed of the Santa Margarita River contribute directly to present salt

29  intrusion and threaten still greater salt intrusion in the basin which underlies

30  the military establishments described in the complaint, to the irreparable damage

31  of the United States.

32

632

## VI.

The UNITED STATES OF AMERICA in reply to paragraph VI of the First Defense of the answer of the Fallbrook Public Utility District reaffirms the allegations that its rights to the use of water as they relate to the rights of the Vail Estate were fixed by a Stipulated Judgment, Exhibit A of the complaint. It is further alleged that the defendant has been and is now diverting water from the Santa Margarita River which is in that river solely by reason of the Stipulated Judgment, to the irreparable damage of the United States. Were it not for the Stipulated Judgment requiring releases of water by the Vail Estate, the legal demands of which greatly exceed the available supply of water, the Santa Margarita River for the greater part of the year would be dry at the point of diversion of the Fallbrook Public Utility District. Thus the Fallbrook Public Utility District converts water to its own use which the Vail Estate seeks to deliver to the United States pursuant to the Stipulated Judgment. The dam which the Fallbrook Public Utility District alleges it intends to construct would constitute a still greater encroachment upon the rights to the use of water provided for in the Stipulated Judgment.

## VII.

The UNITED STATES OF AMERICA in reply to paragraph VII of the First Defense of the answer of the Fallbrook Public Utility District reaffirms the allegations of the complaint that as successor in interest of the Rancho Santa Margarita it claims all rights, titles, interests, and privileges of the Rancho Santa Margarita.

Replying further to the paragraph in question the United States denies that its rights are limited to 2,620 acre-feet per annum, but rather the United States asserts that it succeeded to the rights of its predecessor of whatever character. It likewise asserts that those rights were owned and were exercised by the United States and its predecessor in interest many years prior to the attempt of the Fallbrook Public Utility District to initiate rights in the Santa Margarita River, and concerning which that defendant had full knowledge when its initial step to acquire rights was taken. Specifically denied is the allegation that the rights of the United States are limited to the riparian uses and purposes on that portion of the Rancho Santa Margarita which is riparian to the stream.

833

<p style="text-align:center">VIII.</p>

The UNITED STATES OF AMERICA in reply to paragraph VIII of the First Defense of the answer of the Fallbrook Public Utility District realleges and reaffirms the averments set forth in paragraph VII of the complaint.

<p style="text-align:center">IX.</p>

The UNITED STATES OF AMERICA in reply to paragraph IX of the First Defense of the answer of the Fallbrook Public Utility District specifically reaffirms and realleges all of the allegations in paragraph VIII of the complaint that its rights to 35,000 acre-feet of water annually from the Santa Margarita River are paramount to the alleged rights of the Fallbrook Public Utility District. The rights of the United States in the Santa Margarita River to which it succeeded at the time of the purchase of the Rancho Santa Margarita entitle it to quantities of water which far exceed the supply of water available in the Santa Margarita River, leaving none for appropriations of the character asserted by the Fallbrook Public Utility District.

<p style="text-align:center">X.</p>

The UNITED STATES OF AMERICA in reply to paragraph X of the First Defense of the answer of the Fallbrook Public Utility District reiterates and reaffirms each and every allegation in paragraph IX of the complaint; denies the assertion that the rights of the United States are limited to 2,620 acre-feet per annum of water for riparian uses and purposes upon riparian lands; denies that the Fallbrook Public Utility District is entitled to 11,800 acre-feet of water per annum from the Santa Margarita River, or any other quantity of water from that stream; denies the allegation that the defendant has not encroached upon, is not encroaching upon, or does not threaten to encroach upon the rights of the United States in the Santa Margarita River; denies the allegation that the United States has made excessive diversions, unreasonable uses, or wrongful exportations of water outside of the watershed of the Santa Margarita River; denying that there is sufficient water in the Santa Margarita River to provide for the needs of both the United States and the Fallbrook Public Utility District; denies that there is any surplus or excess water in quantities greater than the needs of the United States in connection with the military establishments

<p style="text-align:center">- 6 -</p>

<p style="text-align:right">634</p>

1 in question; denies that there exists in the Santa Margarita River and basin
2 underlying the property of the United States, and at the point where the Fallbrook
3 Public Utility District diverts its water, a surplus or excess of water over and
4 above the amount necessary to supply the reasonable actual legal requirements
5 of the United States; and denies each and every allegation of the defendant
6 Fallbrook Public Utility District that declares or in any way infers that that
7 district has any rights to the use of water in the Santa Margarita River which
8 are prior or paramount to those claimed by the United States in this cause.

REPLY TO FURTHER SECOND AND SEPARATE DEFENSE

I.

11 The UNITED STATES OF AMERICA in reply to paragraph I of the Further
12 Second and Separate Defense of the answer of the Fallbrook Public Utility
13 District alleges that it is without knowledge or information sufficient to form
14 a belief as to the truth of the averments and therefore denies the allegations.

II.

16 The UNITED STATES OF AMERICA in reply to paragraph II of the Further
17 Second and Separate Defense of the answer of the Fallbrook Public Utility
18 District alleges that it is without knowledge or information sufficient to
19 form a belief as to the truth of the averments and therefore denies the allega-
20 tions, admitting, however, that the region is semi-arid.

III.

22 The UNITED STATES OF AMERICA in reply to paragraph III of the Further
23 Second and Separate Defense of the answer of the Fallbrook Public Utility District
24 specifically denies that the rights to the use of water from the Colorado River
25 and from the San Luis Rey River referred to in paragraph II of the Third and
26 Separate Defense of the defendant Fallbrook Public Utility District, together
27 with the water derived from wells, is inadequate; and affirmatively alleges
28 that the Fallbrook Public Utility District has now and for many years past has
29 had an adequate and available supply of water from the sources mentioned in this
30 sentence.

31 Specifically denied is the allegation that the Santa Margarita River
32 is one of the principal sources of water for the Fallbrook Public Utility District

- 7 -

635

1   and that it would be impossible to furnish the inhabitants of the district

2   without the supply of water now being obtained from the Santa Margarita River.

3       REPLYING FURTHER AND SPECIFICALLY DENYING that the Fallbrook Public

4   Utility District has any rights to the use of water in the Santa Margarita River

5   or has derived from it other than a minuscule quantity of water solely for

6   domestic purposes, there is attached hereto a copy of a Revocable License and

7   Permit to Use Water from the Santa Margarita River dated the 20th day of July

8   1932, from the Rancho Santa Margarita, predecessor in interest of the United

9   States, and the Fallbrook Public Utility District, revoked by the United States

10  as of July 31, 1948.  Pursuant to that Revocable License and Permit to Use Water

11  from the Santa Margarita River the Fallbrook Public Utility District, solely at

12  the will of the Rancho Santa Margarita, was permitted to divert for domestic

13  uses only, ten miner's inches of water (one-fifth of a cubic foot of water per

14  second of time).  That quantity of water gratuitously allowed by the Rancho

15  Santa Margarita was the sole and only supply of water that the Fallbrook Public

16  Utility District received from the Santa Margarita River, and all other diversions

17  from that river were and are violative of the rights of the United States,

18  successor in interest of the Rancho Santa Margarita.

19                          IV.

20      The UNITED STATES OF AMERICA in reply to paragraph IV of the Further

21  Second and Separate Defense of the answer of the Fallbrook Public Utility District,

22      (1) Denies that the Fallbrook Public Utility District has been taking

23  water from the Santa Margarita River since the year 1922.  In that regard reference

24  is made to the attached Revocable License and Permit to Use Water from the Santa

25  Margarita River dated the 20th day of July 1932.

26      (2) Specifically denies that the Fallbrook Public Utility District has

27  a prior and paramount right to that of the United States to divert 1,800 acre-feet

28  annually from the Santa Margarita River, or a prior and paramount right to take

29  any water from the Santa Margarita River.  Reference is again made to the

30  Revocable License and Permit to Use Water from the Santa Margarita River.

31      (3) Specifically denies that the Fallbrook Public Utility District

32  is the owner of a right to appropriate 10,000 acre-feet of water annually from

- 8 -

1    the Santa Margarita River.

2          (4) And being informed, believes and therefore alleges that the

3    Fallbrook Public Utility District has a maximum demand of 3,700 acre-feet of

4    water per annum supplied from sources other than the Santa Margarita River and

5    having a source of supply other than that stream it has no need for water from

6    the Santa Margarita River and could not legally appropriate water under those

7    circumstances, assuming there was water available for appropriation in that

8    stream.

9          (5) Specifically denies that its rights to the use of water from the

10    Santa Margarita River are limited to rights to divert for riparian uses and

11    purposes on the portion of the said lands which are riparian to said river or

12    that those rights are limited to 2,620 acre-feet per annum; and denies that

13    the defendant has any rights in the Santa Margarita River which are prior and

14    paramount to the rights of the United States in that stream.

15        Replying further, the United States of America affirmatively alleges

16    that the Fallbrook Public Utility District has no valid rights in the Santa

17    Margarita River for the following reasons:

18          (1) Its present diversion directly encroaches upon the vested rights

19    of the United States of America in that stream and the rights allegedly appro-

20    priated by that district are subject to all vested rights.

21          (2) At the time it sought to initiate its appropriation it had an

22    adequate supply of water from sources other than the Santa Margarita River.

23          (3) It sought to appropriate quantities of water far in excess of

24    its demands and for which it had no means of distribution.

25          (4) At the time that its applications to appropriate water were filed

26    the Fallbrook Public Utility District was diverting water from the Santa Margarita

27    River pursuant to the gratuitous Revocable License and Permit to Use Water from

28    the Santa Margarita River, there being no water in the stream available for

29    appropriation.

30          (5) At present the Fallbrook Public Utility District is diverting water

31    from the Santa Margarita River in violation of the permit issued to it by the

32    State of California.

16—20995-1

GPO O · 875813

637

1    (6) Permit No. 8511 is null and void and of no force and effect for

2  the reason that

3        (a) if exercised the Fallbrook Public Utility District

4        would impound water in excess of that of which it could

5        make beneficial use;

6        (b) the dam, if constructed, would violate both

7        surface and subsurface rights of the United States in

8        violation of the specific terms of the permit;

9        (c) the dam for which the permit was issued is

10       infeasible due to its size, location, the character of

11       the stream, and character of proposed construction;

12       (d) the proposed dam is economically infeasible due

13       to the unavailability of water for purposes of appropriation,

14       inability of the Fallbrook Public Utility District to finance

15       the dam and distribution system; the present adequate supply

16       of water of the Fallbrook Public Utility District from

17       other sources.

18              REPLY TO FURTHER THIRD AND SEPARATE DEFENSE

19                              I.

20       The UNITED STATES OF AMERICA in reply to paragraph I of the Further

21  Third and Separate Defense of the answer of the Fallbrook Public Utility District

22  alleges that it is without knowledge or information sufficient to form a belief

23  as to the truth of the averments and therefore denies the allegations.

24                              II.

25       The UNITED STATES OF AMERICA in reply to paragraph II of the Further

26  Third and Separate Defense of the answer of the Fallbrook Public Utility District

27  alleges that it is without knowledge or information sufficient to form a belief

28  as to the truth of the averments and therefore denies that the Fallbrook Public

29  Utility District has been engaged in supplying irrigation and domestic water to

30  lands located within its boundaries since 1922. It is admitted that the

31  Fallbrook Public Utility District imports large quantities of water from the

32  Colorado River and the San Luis Rey River; it is specifically denied, however,

638

1  that large quantities of water have been appropriated from the Santa Margarita

2  River for use within the district, reference in that regard being made again to

3  the copy of the attached Revocable License and Permit to Use Water from the

4  Santa Margarita River gratuitously allowed to the Fallbrook Public Utility

5  District by the Rancho Santa Margarita.  It is likewise denied that the Fallbrook

6  Public Utility District has sold and distributed water for use on more than

7  8,000 acres of land.

8        The UNITED STATES OF AMERICA denies that there are approximately

9  1,500 acres of land within the Fallbrook Public Utility District supplied with

10  imported water within the Santa Margarita River watershed.  It is specifically

11  denied that the water so imported seeps down into the "underground basin underlying

12  the property of plaintiff /United States of America 7."  Specifically denied by

13  the United States of America are all of the allegations upon which the Fallbrook

14  Public Utility District seeks to premise an exchange of Colorado River water

15  or San Luis Rey River water for its illegal diversion of Santa Margarita River

16  water.

17                          III.

18        The UNITED STATES OF AMERICA in reply to paragraph III of the Further

19  Third and Separate Defense of the answer of the Fallbrook Public Utility District

20  specifically denies that the Fallbrook Public Utility District delivers back

21  into the Santa Margarita River watershed for distribution and use within said

22  watershed, a much greater amount of water, or any amount of water, than it takes

23  from the Santa Margarita River.  It is likewise specifically denied that a greater

24  amount of water, or any amount of water, is returned by the Fallbrook Public

25  Utility District to the Santa Margarita River and the basin underlying the

26  military establishments of the United States.  Likewise specifically denied is the

27  averment that the water of the Santa Margarita River and of the basin underlying

28  the military establishments in question has been increased by the Fallbrook

29  Public Utility District and that the United States of America has not been and

30  cannot be damaged by the defendant's diversions from the Santa Margarita River.

31

32

639

REPLY TO FURTHER FOURTH AND SEPARATE DEFENSE

I.

The UNITED STATES OF AMERICA in reply to paragraph I of the Further Fourth and Separate Defense of the answer of the Fallbrook Public Utility District specifically denies that the complaint is barred by the provisions of Sections 318, 319, 336 or 338(2) of the Code of Civil Procedure of the State of California.

FURTHER REPLY OF THE UNITED STATES OF AMERICA
TO THE ANSWER OF THE FALLBROOK PUBLIC UTILITY DISTRICT

I.

Replying further to the answer of the Fallbrook Public Utility District the UNITED STATES OF AMERICA alleges that:

The answer of the defendant Fallbrook Public Utility District is insufficient and fails to constitute a defense to the complaint herein of the United States.  Though apparently intending to assert appropriative rights to the use of water in the Santa Margarita River, the Fallbrook Public Utility District failed to describe in its answer the rights to the use of water which it is asserting in this litigation.  Reference in that regard is made to the following defects in that pleading:

(1) It has failed to allege the priority dates of its purported appropriative rights.

(2) Though apparently intending to assert two rights to the use of water, the Fallbrook Public Utility District failed to allege the priority date claimed for either.

(3) The Fallbrook Public Utility District failed to assert that the rights to the use of water have been applied to a beneficial use, the place of use, the character of use — whether for irrigation, domestic, or municipal use, or if any quantities of water have been applied beneficially.

(4) The Fallbrook Public Utility District failed to describe the rights to the use of water which are to be exercised through direct flow diversion and those which are to be exercised through storage and diversion.

- 12 -

640

1  Neither has there been any allegation in regard to

2  the period of use or the periods in which the permits

3  granted by the State of California provided for use.

4  (5) There is no allegation in the answer as to which

5  of the rights has been exercised, whether the alleged

6  rights are inchoate, and which rights have actually been

7  exercised through beneficial use.

8  (6) The answer of Fallbrook Public Utility District

9  is devoid of any description of the size, character,

10  location, or capacity of any structures allegedly

11  utilized or planned for the diversion, delivery,

12  distribution, or impounding of the water it asserts

13  it has a right to take from the Santa Margarita River.

14  Wherefore, the United States prays that judgment be granted to it in

15  accordance with the prayer for relief in the complaint in this action.  The

16  United States of America respectfully refers to the motion now pending before

17  this Court requesting a separate trial in regard to the Fallbrook Public Utility

18  District and states that this reply is not intended in any way to constitute a

19  modification of that motion.

20

21

22

23  WILLIAM H. VEEDER,
    Special Assistant to the
24    Attorney General

25

26

27  Dated: Dec. 22, 1951

    BETTY MARSHALL GRAYDON,
    Assistant United States Attorney

28

29  Received copy of foregoing Reply
    December 24, 1951.
30

31  SWING, SCHARNIKOW & STANIFORTH

32  By

WHV
16-29995-1                    - 13 -
                           GPO 0-879913                    641

DEPARTMENT OF THE NAVY

Office of the Secretary

Washington

14 NOV 1950

My dear Mr. Attorney General:

Upon receipt of your letter of June 21, 1950, and the
data submitted therewith, further consideration was
given by this Department to the various problems which
have arisen in connection with the proposed construction
of a dam on the Santa Margarita River, San Diego County,
California, at the DeLuz dam site, and the various
applications which have been filed with the State Engineer,
Department of Public Works, Division of Water Resources,
State of California, for the appropriation of water from
the Temecula-Santa Margarita River.

There have been forwarded to the office of the Assistant
Attorney General, Lands Division, copies of applications
for the appropriation of water filed with the State
Engineer, Division of Water Resources, State of California,
by the Fallbrook Public Utility District, Felix R. Garnsey,
A. F. Borel and the Pratt Mutual Water Company.  The
Fallbrook Public Utility District has been granted by the
State Engineer, Division of Water Resources of the State of
California, a permit purported to authorize said Public
Utility District to pump from the Temecula-Santa Margarita
River two and five-tenths (2.5) cubic feet of water per
second from April 1 to November 1 of each year, and
throughout the remainder of each year as required for
domestic and municipal uses.

It is considered that the applications filed with the
State Engineer, Division of Water Resources of the State of
California, and the purported permit to the Fallbrook
Public Utility District granted by the State Engineer for
the appropriation of two and five-tenths (2.5) cubic feet
of water per second adversely affect the Government's right,
title and interest in and to the use of the waters of the
Temecula-Santa Margarita River.

In addition to the above, it has been brought to my
attention that Ernest Louis Barbey and Essie Beulah Barbey
have instituted a proceeding in the Superior Court of the
State of California in and for the County of San Diego
against James Oviatt and others, relating to the waters of
the Temecula-Santa Margarita River, and that Mary Vail
Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Wise

642

and Nita M. Vail, Trustees, have filed a cross complaint
therein. As you are aware, these cross complainants were
parties in the proceeding entitled Rancho Santa Margarita,
Plaintiff, v. N. R. Vail, et al., and are parties to the
stipulated judgment entered in this proceeding wherein
the rights of the parties thereto in and to the use of the
waters of the Temecula-Santa Margarita River were adjudicated.

The United States of America succeeded to the rights owned
by the Rancho Santa Margarita upon the vesting of title to
the lands formerly owned by said Rancho in the Government.
While the United States is not a party to the proceeding
instituted by Ernest Louis Barbey and his wife, it is con-
sidered that the rights of the United States of America in
and to the use of the waters of the Temecula-Santa Margarita
River as defined in the stipulated judgment entered in the
Rancho Santa Margarita v. Vail proceeding are involved in
the proceeding instituted by Mr. Barbey.

In view of the above-mentioned proceeding instituted by
Barbey, the pending applications for the appropriation of
water and actual diversion of water from the river, and the
views expressed in the letter of the Assistant Attorney
General dated June 21, 1950, it is requested that your Depart-
ment take such action as you consider appropriate under the
circumstances to protect the rights of the United States of
America in and to the waters of the Temecula-Santa Margarita
River and its tributaries.

It is anticipated that certain additional information will
be desired by you in connection with this matter and it is
suggested that you call upon the Chief of the Bureau of
Yards and Docks of this Department for such information as
you may require.

Sincerely yours,

(S)  Dan A. Kimball

DAN A. KIMBALL
Acting Secretary of the Navy

The Honorable
The Attorney General of the United States
Washington 25, D. C.

2

643

COPY

## REVOCABLE LICENSE AND PERMIT
## TO USE WATER
### FROM THE SANTA MARGARITA RIVER

———

THIS AGREEMENT made and entered into this 20th day of
July, 1932, by and between RANCHO SANTA MARGARITA, a corporation,
First Party, and FALLBROOK PUBLIC UTILITY DISTRICT, A municipal
corporation, Second Party:

WITNESSETH:

WHEREAS, Rancho Santa Margarita is a corporation organized
and existing under the laws of the State of California, and is the owner
of that certain tract of land commonly known as the Santa Margarita
Ranch, situated in the County of San Diego, State of California; and

WHEREAS, the lands comprising the said Santa Margarita Ranch
are riparian to that certain stream of water in said county known as
the Santa Margarita River, and said Rancho Santa Margarita is the owner
of and exercising riparian rights in and to the waters of said river;
and

WHEREAS, Fallbrook Public Utility District is a municipal
corporation organized under the laws of the State of California em-
bracing territory located within the County of San Diego, all as shown
on that certain map attached hereto, marked Exhibit A; and

WHEREAS, said public utility district has been organized and
is functioning for the purpose of supplying the inhabitants of said
district with public utility service including the furnishing and supply-
ing of its inhabitants with water for domestic purposes; and

WHEREAS, said district is in need of an additional supply of
water for the purpose of furnishing water for domestic purposes to the
inhabitants of said district, and is desirous of securing said addition-
al supply of water from said Santa Margarita River;

NOW, THEREFORE, in consideration of the mutual covenants and
agreements of the parties hereto as hereinafter expressed, and the ful-
fillment of said obligations by said respective parties,

- 1 -

644

IT IS HEREBY COVENANTED AND AGREED as follows:

1.  Rancho Santa Margarita grants to Fallbrook Public Utility District a revocable license or permit to divert and take from the Santa Margarita River ten miner's inches of water continuous flow for the sole and exclusive purpose of supplying the inhabitants of said Fallbrook Public Utility District with water for domestic uses.

Such revocable license or permit is granted upon the following express terms and conditions:

(a) This revocable license or permit shall continue in effect until expressly revoked in writing by Rancho Santa Margarita, its successors or assigns.  In the event of revocation of this license or permit, a notice of revocation in writing shall be served on said district by delivering to the President or Secretary of said Fallbrook Public Utility District at the office of said district a copy of said written notice or by mailing a copy thereof, postage prepaid, to said President or Secretary and addressed to said President or Secretary, General Delivery, Fallbrook, California, at least sixty (60) days before the date expressed in said notice when said revocation shall become legally effective.

(b) Water taken and used under this revocable license or permit shall be diverted from Section (7), in Township Nine (9) South, Range Three (3) West, S.B.M., or at such other point on said river as may be selected and agreed upon by the parties hereto.

(c) If at any time said Rancho Santa Margarita shall construct a dam and reservoir at any point on said river and, by reason thereof, flood or otherwise require or use those portions of the watershed of said river in Section Seven (7), Township Nine (9) South, Range Three (3) West, S.B.M., or any part thereof, which may be occupied or used or owned or controlled by said Fallbrook Public Utility District, then and in that event, said District hereby and herein expressly undertakes and agrees to permit the said Rancho Santa Margarita to flood or otherwise use or occupy the said lands, or any part thereof, in said Section Seven (7),

- 2 -

645

Township Nine (9) South, Range Three (3) West, S.B.M., notwithstanding the fact that said district may be using and occupying or intending to use and occupy said lands for diversion and pumping purposes, PROVIDED HOWEVER, that in event said Rancho Santa Margarita shall flood or otherwise occupy said lands of the Fallbrook Public Utility District, then said District, under this revocable license and permit, shall have the right thereafter to take and divert said ten (10) miner's inches of water from said river by pumping said water from the reservoir, and the waters impounded therein, so constructed and maintained by said Rancho Santa Margarita or its successors in interest.

(d) As a condition precedent to the effectiveness of the revocable license and permit herein provided for, the approval of the same by the Vail Company, an association of persons transacting business under that common name, Margaret R. Vail, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail and Wm. Banning Vail, as Trustees of said Vail Company, Margaret R. Vail, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Wm. Banning Vail, Edward N. Vail, Margaret Russell Vail and Samuel Stiles shall be obtained upon the form attached hereto, entitled "Revocable Consent by Vail Company", the same being made a part hereof as though in this paragraph fully set forth.

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be duly executed by their respective officers thereunto dual authorized on the day and year hereinabove first written.

RANCHO SANTA MARGARITA

By Farrel W. McCuerney, Vice-President

By Darrell W. Daly, Secretary

First Party


FALLBROOK PUBLIC UTILITY DISTRICT

By C. E. Lamb, President

ATTEST:                          By M. D. Einsel

John H. Chase,                   By Gilbert F. Maze

Clerk and Secretary              Members of the Board of Directors

(SEAL)                           Second Party

- 3 -

646

COPY

## REVOCABLE CONSENT BY VAIL COMPANY

WHEREAS, Rancho Santa Margarita, a corporation, referred to in the foregoing agreement, and the undersigned, are now and heretofore have been litigating their respective rights as riparian owners to the waters of said Santa Margarita River; and

WHEREAS, Rancho Santa Margarita, a corporation, and the undersigned are willing to consent to the diversion of water from the Santa Margarita River by said Fallbrook Public Utility District for the purposes and under the terms and conditions set forth in the foregoing revocable license and permit, and in this revocable consent;

NOW, THEREFORE, the undersigned hereby consent to the granting of said revocable license and permit, but subject to and upon the following reservations and conditions, to-wit:

(1) The undersigned, and each of them, specifically reserve the right to revoke this consent at any time.

(2) The undersigned, and each of them, specifically reserve all their rights in and to the waters of the Santa Margarita River, including the Temecula River and all tributaries to and branches of said Santa Margarita River and said Temecula River.

(3) It is specifically agreed that the diversion of waters by said Fallbrook Public Utility District, pursuant to the terms of the foregoing revocable license and permit and this consent thereto, shall not be considered either by said Rancho Santa Margarita or by the undersigned as any modification or limitation of the rights of said Rancho Santa Margarits or the undersigned as against one another in and to the waters, and the use of the waters, of said Santa Margarita River but, on the contrary, in any judicial proceeding involving the rights of the undersigned and said Rancho Santa Margarita to the waters of said river and the use thereof, any diversions made by said Fallbrook Utility District under the terms of the foregoing revocable license and permit and this consent thereto shall be treated, and shall have the same legal force and effect, as between said parties and their successors in interest, as though made

647

- 1 -

by said Rancho Santa Margarita and by it used upon its lands riparian
to said stream.

(4) It is expressly understood and agreed between the parties
hereto now owning and exercising riparian rights in and to said river that
all abstractions of water from said river by Fallbrook Public Utility Dis-
trict under said revocable license shall be from the share of water of the
lower riparian owner or owners and in no case shall ever come from or be
taken from the share of the undersigned.

(5) Water shall never be diverted under said revocable license
from said rivers, or any of them or any of their tributaries, at any
point upon the lands of the undersigned, or any of them, or at any point above
or upstream from the lands of the undersigned, or any of them.

The approval and consent herein expressed shall continue in ef-
fect until expressly revoked in writing by Vail Company, its successors or
assigns.  This consent and approval may be revoked by serving a written
notice of revocation on said Fallbrook Public Utility District.  Such notice
may be served by delivering a copy thereof to the president or secretary of
said district at the district office, or by mailing a copy thereof, postage
prepaid, to said president or secretary and addressed to said president or
Secretary, General Delivery, Fallbrook, California, at least sixty (60) days
before the date expressed in said notice when said revocation shall become
effective.

<div style="margin-left:40%">

VAIL COMPANY

By N. R. Vail, Managing Trustee

  N. R. Vail

  Margaret R. Vail

  Margaret Vail Wilkinson

  W. B. Vail

   Mahlon Vail

     Trustees of Vail Company

</div>

- 2 -

648