SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)



FILED
DEC 26 1951
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

Attorneys for....Defendants named below

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
              Plaintiff,  )  No. 1247 - Civil
      Vs.  )  ANSWER OF PAUL D. BRADSHAW,
                                )  MARGARET BRADSHAW, ARTHUR
                                )  W. CAREY, INEZ CAREY, EWART
FALLBROOK PUBLIC UTILITY DISTRICT, ) W. GOODWIN, MARY ALICE
a public service corporation of the ) GOODWIN, CHARLES F. SAWDAY
State of California, et al.,  )  and RUTH SAWDAY.
              Defendants.  )

    Come now the defendants PAUL D. BRADSHAW, MARGARET BRADSHAW, ARTHUR W. CAREY, INEZ CAREY, EWART W. GOODWIN, MARY ALICE GOODWIN, CHARLES F. SAWDAY and RUTH SAWDAY, and separating themselves from the other defendants, allege, admit and deny as follows:

FIRST DEFENSE.

I.

    These defendants are the successors in interest to defendant GLENN F. PHILLIPS. sued herein as DOE TWO HUNDRED TWENTY-TWO and Defendant ESTHER PHILLIPS, sued herein as DOE TWO HUNDRED TWENTY-THREE, to all that certain real property hereinafter described.

II.

    These defendants refer to and adopt by reference, as if

-1-

8573

herein repeated, the allegations, admissions and denials contained in the First Defense of the answer of the defendants FRANK R. CAPRA and LUCILLE W. CAPRA on file herein, as fully and as completely as if said allegations, admissions and denials were herein set out verbatim.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I.

These defendants are the successors in interest to Defendant GLENN F. PHILLIPS, sued herein as DOE TWO HUNDRED TWENTY-TWO and Defendant ESTHER PHILLIPS, sued herein as DOE TWO HUNDRED TWENTY-THREE, to all that certain real property hereinafter described.

II.

That these defendants are the owners of and in possession of all that certain real property situated, lying and being in the Counties of Riverside and San Diego, State of California, more particularly described as follows:

PARCEL 1.

    Southeast Quarter of Northwest Quarter of Section 31, Township 8 South, Range 3 West, San Bernardino Base and Meridian, in the County of Riverside, State of California, as shown by United States Government Survey.

PARCEL 2.

    West Half of Southeast Quarter; South Half of Southwest Quarter and the Northeast Quarter of Southwest Quarter of Section 31, Township 8 South, Range 3 West, San Bernardino Base and Meridian in the County of Riverside, State of California; EXCEPTING therefrom a

-2-

8574

five (5) acre tract bounded and described as follows: Beginning at the Northwest corner of the Northeast Quarter of the Southwest Quarter of said Section 31; thence East along the North line of said Northeast Quarter of the Southwest Quarter, 165 feet; thence South and parallel with the West line of said Northeast Quarter of the Southwest Quarter 1320 feet; thence West along the South line of said Northeast Quarter of the Southwest Quarter, 165 feet; thence North along the West line of said Northeast Quarter of the Southwest Quarter, 1320 feet to the point of beginning.

PARCEL 3.

Lots 2, 3, 5, 6, 7 and Southeast Quarter of Northwest Quarter of Section 6, all in Township 9 South, Range 3 West, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to United States Government Survey approved April 21, 1890.

PARCEL 4.

Lot 1 (NW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Section 7, Township 9 South, Range 3 West, San Bernardino Base and Meridian, in the County of San Diego, State of California, EXCEPTING therefrom that portion described as follows:  Beginning at the Northwest corner of said Section 7, thence Eastward along the North line of said Section 7 for a distance of 1152 feet to a point; thence at right angles and South to the South line of the NW$\frac{1}{4}$ of NW$\frac{1}{4}$ of said Section 7; thence at right angles and Westward along said South line to the West line of said Section 7, which point is the Southwest corner of the NW$\frac{1}{4}$ of NW$\frac{1}{4}$; thence at right angles and northward along said West line of said Section 7 to point of beginning.

-3-

2575

13

### III.

That MARGARET BRADSHAW is the wife of PAUL D. BRADSHAW; that INEZ CAREY is the wife of ARTHUR W. CAREY; that MARY ALICE GOODWIN is the wife of EWART W. GOODWIN; that RUTH SAWDAY is the wife of CHARLES F. SAWDAY. That the record title of said property is vested in PAUL D. BRADSHAW, ARTHUR W. CAREY, EWART W. GOODWIN and CHARLES F. SAWDAY, each with an undivided one-fourth (1/4) interest. That the interest of MARGARET BRADSHAW, INEZ CAREY, MARY ALICE GOODWIN ans RUTH SAWDAY is that of wife of their respective husbands.

### IV.

That said lands are located in a semi-arid region of the country and are barren, unproductive and of little value without water, but with water said lands are valuable and highly productive for agriculture and live stock purposes.

### V.

That the defendants' said lands are traversed by numerous creeks and water courses which are tributaries of other creeks and water courses which in turn are tributaries of the Santa Margarita River. That said creeks and water courses on said lands have only intermittent surface flow for most of the year but do have a permanent sub-surface flow; also, most of said lands overlie underground strata of water bearing sand and gravel through which percolates water which can and does furnish said lands with a substantial water supply which is and can be made available for use thereon by digging wells therein and pumping water therefrom.

### VI.

That said lands were originally entered as public lands under the Homestead laws and other public land laws of the United States and proved up on thereunder and in the early 90's, patents were issued by the United States to three entry-men for their

-4-

8576

/4

respective tracts so entered by them. That from the very beginning the said entrymen appropriated and put to beneficial use on their respective lands the waters found flowing thereon and thereunder for domestic uses, the irrigation of orchards and gardens and for stock water purposes, in amounts of approximately 20 acre-feet of water per annum. That said use was continued by them and their successors in interest in ever increasing amounts without interruption, openly, notoriously, adversely and under claim of right. That since November 6, 1908, all of said lands, except said last mentioned parcel, have been held continuously in one ownership and farmed as a single unit and the use of water on said lands for beneficial purposes has been as hereinafter set forth.

VII.

That in the year 1945, these defendants' predecessors in interest constructed a dam and reservoir on Brians Creek, a tributary of the Sandia Creek which, in turn, is a tributary of the Santa Margarita River, said dam and reservoir being located on that portion of the property now owned by these defendants to-wit:

In the Northeast 1/4 of the Southwest 1/4 and the
Southeast 1/4 of the Northwest 1/4 of Section 31,
Township 8 South, Range 3 West, S B M.

That said reservoir has a capacity of 25 acre-feet. That ever since the construction of said dam and reservoir, said predecessors in interest, and these defendants have stored therein the flood waters of said Brians Creek and appropriated the same for beneficial use upon said lands up to approximately 35 acre-feet per annum. That on November 2nd, 1951, these defendants filed Application No. 14561 with the State Engineer of the State of California requesting a permit covering said amount of water so stored behind said dam and so beneficially used on said lands. That these defendants are informed and believe, and therefore

-5-

8577

allege the fact to be, that, under the laws of the State of California, they are entitled to have said application granted for the said amount of water and that in due time a permit will be issued to them therefor, by the State of California, entitling them to store within said reservoir up to 35 acre-feet per annum of the flood waters of said Brians Creek and beneficially use the same upon their said lands.

### VIII.

That defendants' said lands are highly improved, being fenced and cross-fenced and having farm roads constructed thereon connecting the various parts thereof; orchards planted and growing thereon, consisting of various varieties of fruit trees suitable to that locality; four wells equipped with pumps and power-motors for operating same; also one dam and reservoir with a capacity of 25 acre-feet, and two elevated tanks with capacities of 4500 and 5000 gallons respectively, all tied together my means of an irrigation system consisting of approximately 11,500 feet of welded steel water main and lateral pipe lines for the efficient irrigation of the various orchards and crops growing thereon and supplying the domestic requirement of people living thereon; that there is also on said property a well-constructed farm house occupied by one of the defendant owners and his family, as well as other farm buildings and structures, together with equipment and machinery suitable, necessary and sufficient for the successful operation of said property as a single farm unit.

### IX.

That continuing for more than five years prior to 1941, the beneficial use of water upon defendants' said property for irrigation, domestic, livestock and other purposes, has increased to and was maintained, by their predecessors in interest, at an amount of approximately 50 acre-feet per annum.

X.

That there are approximately 290 acres of arable land embraced within said property owned by these defendants suitable for cultivation and irrigation and that the remainder thereof is suitable for range purposes and valuable for livestock raising and grazing uses. That of the arable lands approximately 50 acres are now occupied by and used for orchards, gardens and field crops. That the remainder of said arable lands or about 240 acres will be planted to fruit trees, vegetables, field crops and permanent pasture as rapidly as the land can be prepared, developed and brought into cultivation for said uses.

XI.

That these defendants are the owners, as against plaintiff, of a prescriptive right to the use upon said lands, for irrigation, domestic and stock water purposes, up to 50 acre-feet of water per annum which said right is paramount to any of plaintiff's rights; that these defendants, as the owners of said riparian and overlying lands, are the owners, as against the plaintiff, of the right to divert from said creeks and streams upon their said property and to pump from the percolating water underneath said lands, for beneficial use thereon, up to 550 acre-feet of water per annum, which right is correlative with the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but these defendants' said right is paramount to all other rights or claims of right of plaintiff in and to said water; that these defendants are also the owners of an appropriative right to 35 acre-feet of water per annum which right is subject and junior to plaintiffs said riparian rights.

WHEREFORE defendants pray:

1. That plaintiff take nothing by its action.

-7-

8570

2. That these defendants be found and declared to be the owners, as against the plaintiff, of a prior and paramount right to beneficially use fifty (50) acre-feet of water per annum on said premises to be diverted and taken from the creeks and streams flowing on and across and from waters percolating under their said premises.

3. That these defendants be found and declared to be the owners, as against the plaintiff, of the right to beneficially use on their said lands a reasonable amount of the waters of the creeks and streams flowing on, across and through their said lands, tributaries to tributaries of the Santa Margarita River and a reasonable amount of the percolating waters underlying said lands, up to five hundred fifty (550) acre-feet of water per annum, and that said right be found and declared to be correlative with the right of plaintiff to use a reasonable amount of the waters of the Santa Margarita River on its said riparian lands for riparian purposes but that, as against all other rights and claims of rights of plaintiff to the waters of said Santa Margarita River and its tributaries, the said rights of these defendants are paramount thereto.

4. That these defendants be found and declared to be the owners, as against the plaintiff, of an appropriative right to use beneficially on their said premises up to thirty-five (35) acre-feet per annum of the flood waters of Brians Creek which right is junior and and subsequent to the right of plaintiff to use a reasonable amount of the waters

-8-

of the Santa Margarita River and its tributaries on its riparian lands for riparian purposes.

5. That these defendants have judgment for their costs incurred herein and for such other and further relief as to the court may seem meet and proper.

Dated this 26th day of December, 1951.

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for defendants PAUL D. BRADSHAW, MARGARET BRADSHAW, ARTHUR W. CAREY, INEZ CAREY, EWART W. GOODWIN, MARY ALICE GOODWIN, CHARLES F. SAWDAY and RUTH SAWDAY.

RECEIVED copy of within
_____Answer_____ this
26th day of December 19 51.

BETTY MARSHALL GRAYDON
By _____
Attorneys for Plaintiff

-9-