BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
Telephone: F 9-4101

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                  Plaintiff, )
    v. ) Civil No. 1247-SD
FALLBROOK PUBLIC UTILITY DISTRICT, a )
  public service corporation of the )
  State of California; )
SANTA MARGARITA MUTUAL WATER COMPANY, )
  a public service corporation of the )
  State of California; ET AL., )
                  Defendants. )

FILED
JAN 25 1952
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR SEPARATE TRIAL ON THE MERITS
FALLBROOK PUBLIC UTILITY DISTRICT,
SANTA MARGARITA MUTUAL WATER COMPANY

     Pursuant to Rule 42 (b) of the Federal Rules of Civil Procedure, the UNITED STATES OF AMERICA has moved this Court to order a separate trial of the case of the UNITED STATES OF AMERICA v. FALLBROOK PUBLIC UTILITY DISTRICT. That rule in part provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, * * * or of any number of claims * * *."

     "This rule is intended to further convenience and avoid delay, and to serve the ends of justice." 1/

     "The matter is within the discretion of the court." 2/

Counsel for the Fallbrook Public Utility District, it is respectfully submitted, has pointed the way for the granting of this motion:

---

1/ Federal Practice and Procedure, Barron and Holtzoff, Sec. 943, page 664.
2/ Federal Practice and Procedure, Barron and Holtzoff, Sec. 943, page 666.

- 1 -

1. The case of UNITED STATES OF AMERICA v. FALLBROOK PUBLIC UTILITY DISTRICT stands on the record unrelated to all others. No cross-complaints have been filed. [3]

2. Counsel has stated: "As I said to Mr. Veeder in the last conference I had with him - and I did not hear him dissent from it - 90 percent of these defendants use less than 10 percent of the water of the Santa Margarita." [4]

By way of emphasizing the desirability of granting this motion, counsel for the Fallbrook Public Utility District added:

"* * * by confining themselves [the United States of America] to 10 percent they could have got a practical adjudication of everything that they ever could enforce." [5]

Counsel then selected the parties who should be named. These were his choice:

"[1] the Vails, [2] the Rancho Santa Margarita, or the Government, [3] and probably Fallbrook and one or two others, * * *." [6]

Counsel's recommendations, it is respectfully submitted, may well be examined by this Court, for they are matters presently before it.

. Respecting the Vails, first mentioned by counsel, these salient facts are presented:

On October 23, 1951, a stipulation was entered into between the United States of America and the Vails. That stipulation recited in substance the community of interests existing between the respective parties. It provided specifically that the rights of the United States of America and the Vails "are those fixed, determined, and declared in that certain judgment", Exhibit A of the complaint.

---

[3] Please refer to United States v. Fallbrook Public Utility District, et al., transcript of hearing held December 3, 1951, page 80.

[4] Hearings of Special Subcommittee on Irrigation and Reclamation of the Committee on Interior and Insular Affairs of the House of Representatives held on August 13 and 14, 1951, page 55.

[5] Ibid.
[6] Ibid.

- 2 -

699

52

1    Likewise provided in that stipulation is this salient
2    feature: "neither Plaintiff herein /United States of America_7
3    nor said VAILS claim or will claim, in the within action, any
4    rights or duties as against the other, other than or different
5    from, those fixed, determined and declared in said judgment"
6    Exhibit A of the complaint.
7        Finally, it is stipulated: "The introduction of a properly
8    certified copy of the said judgment /Exhibit A of the complaint_7
9    * * * will constitute proof of the rights and duties of the
10   respective parties hereto as against each other as specified
11   in said judgment."
12 Thus, counsel's statement regarding the need for the Vails in the litigation
13 has been fulfilled. Moreover, as between the parties, the United States of
14 America and the Vails, their respective rights have been resolved.
15        Counsel next opined that the "/2_7 Rancho Santa Margarita, or the
16 Government" should be in the litigation. That condition has been fulfilled.
17        The defendant, Fallbrook Public Utility District, was the next party
18 counsel deemed essential to the litigation. That district is now before the
19 Court.
20        Finally, counsel declared that there should be one or two other
21 defendants. That condition has been met by the "Motion for Separate Trial on
22 the Merits" filed on this date by the UNITED STATES OF AMERICA against the
23 Santa Margarita Mutual Water Company. Public records revealing that company's
24 applications to appropriate water from the Santa Margarita River antedating
25 those of the Fallbrook Public Utility District explain his final quoted reference
26 regarding parties. 7/
27        Manifest from the preceding statements by counsel for the Fallbrook
28 Public Utility District is this fact: The motions for a separate trial are in
29 conformity with his own recommendations to a Committee of Congress. Counsel for
30 the Fallbrook Public Utility District has likewise acknowledged certain other
31
32 _____
   7/ State of California, Department of Public Works, Division of Water Resources,
      State Engineer, Filing No. 11,578.

- 3 -

700

53

1  elements which, it is respectfully submitted, bear heavily in favor of granting
2  the motions. He has recognized that this Court will take judicial notice of
3  certain physical phenomena respecting the Santa Margarita River. Counsel declared:

> "The Court knows that the Temecula Canyon (called the Temecula
> Gorge in the Stipulated Judgment, Exhibit "A" of Plaintiff's
> Complaint) sharply divides and separates the lower portion
> commonly called the Santa Margarita River from the upper
> portion commonly called the Temecula River and that the
> Temecula River is itself divided into at least two major
> areas, one embracing the Temecula Creek and the other the
> Murrieta Creek." 8/

Counsel for the Fallbrook Public Utility District likewise stated:

> "I think it is admitted that there are three basins
> on the Rancho Santa Margarita; it is called the lower, the
> middle, and the upper basin, and there are other basins
> upstream in the Temecula area and the Murietta Creek area,
> and both, as I understand it, have basins." 9/

To be observed from those statements:

> There are two sharply divided reaches of the Santa
> Margarita River. The upper or Temecula Creek - the lower,
> Santa Margarita River area. Temecula Canyon sharply divides
> the two reaches of the stream. The Fallbrook Public Utility
> District asserts rights to divert water from the lower reach
> of the River below the Gorge, but above the military establish-
> ments of the United States which are here involved. It is
> charged in the complaint that the diversions of the district
> are direct encroachments upon the rights of the United States.

---

8/ Points and Authorities on Motions for a More Definite Statement, etc.-
Fallbrook Public Utility District, page 3.

9/ Hearings before a Special Subcommittee on Irrigation and Reclamation of the
Committee on Interior and Insular Affairs of the House of Representatives
held on August 13 and 14, 1951, page 64.

- 4 -

701

1    Thus the statements of counsel for the Fallbrook Public Utility District
2 lay the postulate for the separate trial of the issues presented by its claim.
3 Moreover, its claim is unique in this regard - as revealed by its answer, it
4 alone is diverting water from the watershed of the Santa Margarita River. It,
5 together with the Santa Margarita Mutual Water Company, asserts rights to
6 divert large quantities of water out of the watershed at points in the lower
7 reaches of the river mentioned, but above the military installations here
8 involved. All other claimants in the reach in question are small users in
9 comparison, utilizing the waters within the watershed with the attendant return
10 flow to the United States. The gravely limited supply of water is an important
11 factor here. That phenomenon likewise lends great weight to the motions to try
12 separately the cases against those two claimants who would divert large quantities
13 of water from a stream system which will yield a supply far short of the demands
14 of the vested rights within the watershed. Substantiation of the preceding
15 comments is found in the words of counsel for the Fallbrook Public Utility
16 District, or matters concerning which this Court will take judicial notice.

17    Respecting the extremely limited yield of the Santa Margarita River
18 counsel for the Fallbrook Public Utility District has stated:

19    "Now the Santa Margarita is very much overappropriated,
20    if I might use that expression. If all the water that
21    the United States Government is in a position to claim
22    is the unappropriated water I don't know what good that
23    will do them to get a decree saying that they are the
24    owners of the unappropriated water when there isn't any
25    unappropriated water left." [10]

26 He likewise stated in regard to the lands of the United States: "Only 35,000
27 acres of this ranch, out of 135,000, are riparian * * *." [11]   That accords
28 substantially with counsel's previous statements. [12]   Regarding the quantity of

---

[10] Hearings before a Special Subcommittee, etc., August 13 and 14, 1951, page 62.

[11] Hearings before a Special Subcommittee, etc., August 13 and 14, 1951, page 62.

[12] Please refer to Exhibit F, Brief of the United States in Response to Motions, May 1, 1951.

water in the river, counsel stated: "he asserts that the Government's right to 35,000 acre-feet of water a year, which is more water than there is in the river, on the average, that the Government has the paramount right to it." [13/] Thus, there is annually available less than one acre-foot per acre. Counsel there was simply reiterating what the Supreme Court of the State of California had previously declared. Speaking in regard to the respective rights of the Vails and the Rancho Santa Margarita, predecessor in interest of the United States, that forum declared:

> "* * * the normal flow of the Temecula-Santa Margarita River is not sufficient to supply all the riparian needs of all of the riparian lands of either respondent or appellants, and that there is only enough water available for the irrigation of a portion of their riparian lands and for the uses thereon which are most valuable and profitable." [14/]

Adopting counsel's earlier statement that this Court will take judicial notice of characteristics of a river, this Court will, it is respectfully submitted, take judicial notice of the fact that the supply of water available to the Vails is insufficient to irrigate the many thousand acres of riparian lands. Thus if the Vails were to exercise their full riparian rights during the irrigation season no water from the Temecula-Santa Margarita River would enter Temecula Gorge, concerning which counsel for the Fallbrook Public Utility District has stated this Court will take judicial notice. However, by reason of the force and effect of the Stipulated Judgment, Exhibit A of the Complaint, the Vails, among many other things, are required to maintain at the mouth of Temecula Gorge a flow of three cubic feet of water per second of time. There devolves upon the Vails, as revealed by Exhibit A of the Complaint, an obligation to maintain that flow at the head of Temecula Gorge although pumping from Temecula Basin to accomplish that end would be required. Accordingly, it is evident from the location of

---

13/ Hearings before a Special Subcommittee, etc., August 13 and 14, 1951, page 53.
14/ Rancho Santa Margarita v. Vail, 11 Cal.2d 546, 81 P.2d 533, 541 (1938).

- 6 -

defendants Fallbrook Public Utility District and the Santa Margarita Mutual Water Company, that they are so situated between the point where the Vails release water to fulfill their responsibility to the United States and the boundary of Camp Joseph H. Pendleton that they present a unique situation. Thus, diversions - particularly such as that of the Fallbrook Public Utility District taking water out of the watershed of the Santa Margarita River - encroach directly upon waters released by the Vails to fulfill their responsibility to the United States under the Stipulated Judgment. To repeat: From the answers now before this Court it will be observed that the Fallbrook Public Utility District alone is diverting that water out of the watershed - a factor justifying the separation of that claimant from all others for the purpose of trial.

Emphasis to this point has been upon that phase of Rule 42 (b) relating to convenience - convenience for the parties here involved; for all users in the watershed. In passing, reference is made to the fact that counsel for the Fallbrook Public Utility District testified at great length before a Committee of Congress. A copy of that lengthy testimony is a matter of record in this case. Gist of that testimony is that the small users should not be forced to trial. There is complete agreement on that point - this motion accomplishes the desired end.

Consideration is next directed to the second phase of Rule 42 (b): "The court * * * to avoid prejudice may order a separate trial of any claim * * * or of any number of claims * * *." Counsel for the Santa Margarita Mutual Water Company has asserted: "I believe that the situation at the present time calls for a speedy trial in this matter if the rights of the defendants are going to be preserved. The institution of this action by the government has had the effect of stopping the development on the river. The defendants do not know how far they can go ahead with their plantings. It has interfered with their financing * * *. It has interfered with the sales and the disposition of property, * * *."[15/] Reference to the quotations does not evidence concurrence with the thoughts expressed. It does reflect the necessity at an early date to resolve the issues

---

15/ Transcript of hearing United States v. Fallbrook Public Utility District, et al., December 3, 1951, pages 51, 52.

1 pending before the Court. An additional need for a separate and early trial
2 against the two claimants who would divert tremendous quantities of water from the
3 watershed of the Santa Margarita River is evidenced by Exhibit A of this
4 memorandum. This is an announcement of a meeting held for the express purpose of
5 discussing this litigation. There this cause is described as a means of
6 "Hi Jacking" private rights. That widespread and vicious slander may be
7 dissipated only by an early trial - a trial which will evidence the character
8 of the litigation, its objectives and purposes.

     Further comment will not aid this Court. Practical need, sound trial practice, under prescribed rules of court contemplate the precise course which the motions petition this Court to order. Residing in this Court's sound discretion is the power to direct an early trial of the two mentioned defendants. Trial of those cases, it is respectfully suggested, will be "in furtherance of convenience" to this Court and to the parties, and will "avoid prejudice."

     Accordingly, this Court is respectfully requested to grant the motions for separate trial on the merits at an early date of the two cases to which this memorandum pertains. Should the motions be granted as prayed, the UNITED STATES OF AMERICA anticipates petitioning this Court to order a pre-trial conference. There, among other things, it is likewise anticipated that a request for the consolidation of the two cases for trial will be made.

_____
WILLIAM H. VEEDER
Special Assistant to the
Attorney General

Dated: Jan 24, 1951

_____
BETTY MARSHALL GRAYDON
Assistant United States Attorney

RECEIVED copy of within
_____ this
___ day of _____, 19__
_____
Attorneys for _____

- 8 -

705

COPY

EXHIBIT A

# SOUTHERN CALIFORNIA WATER WORKS ORGANIZATION

Date: Friday, January 18, 1952
Time: 11:30 A.M. for Luncheon
Place: French Cafe, 2113 Whittier Blvd.
Montebello, California

The French Cafe is just two blocks east of Garfield on Whittier Blvd., and on the Corner of 22nd Street and Whittier Blvd. There is a parking lot across the street from the cafe with lots of room.

Your Chairman of the Day will be:

Mr. Walter B. Hollingworth, City Engineer
City of Vernon
Vernon, California

------------------------------

PROGRAM

------------------------------

SUBJECT: "WATER RIGHTS"       STATE OF CALIFORNIA
                                    vs.
                              FEDERAL GOVERNMENT BUREAUCRACY

SPEAKER: Mr. George Yackey, General Manager, Fallbrook Utility District, Fallbrook, California.

Our speaker, Mr. George Yackey, certainly is in a position, due to his participation in the Fallbrook case, to inform the Group of first-hand Federal grabbing, not only of water, but could be anything. Let us hear the true picture of this Hi Jacking of individual rights.

For additional information, so that you may be informed of some of the details, see Saturday Evening Post, present Issue, dated January 5, 1952.

This is a most important message from Mr. Yackey and all Water Works men should attend and hear what he has to say. Let's make the first meeting of 1952 a 100% attendance.

Should time permit, the Round Table on Water Works problems by the Panel will continue until 3:00 P.M., at which time we will adjourn.

------------------------------

Must know whether or not you will attend due to luncheon reservations. Please list names of guests on card.

USE THE ENCLOSED CARD AND MAIL PROMPTLY OR PHONE

W. O. WEIGHT

Chairman

MIchigan 7733
        7734

450 E. Third Street
Los Angeles, Calif.

706

59

COPY

SOUTHERN CALIFORNIA
WATER WORKS
ORGANIZATION

SPECIAL BULLETIN

This special bulletin follows up our regular notice mailed to all group members of record on January 8, 1952.

        Date: Friday, January 18, 1952
        Time: 11:30 A.M. for luncheon
        Place: French Cafe, 2113 Whittier Blvd.
               Montebello, California

        The French Cafe is just two blocks east of Garfield on Whittier Blvd., and on the corner of 22nd Street and Whittier Blvd. There is a parking lot across the street from the cafe with lots of room.

ADDED FEATURE

ED AINSWORTH, SPECIAL FEATURE WRITER       Los Angeles Times
                                        Readers Digest
                                        Saturday Evening Post

Mr. Ainsworth will be present in person to tell the full importance of the Santa Margarita suit. This meeting will have a far reaching effect and every group member should attend.

Send your reservation, including guests by individual names.
Please note, reservations will be honored first.

Make every effort to arrive early, not later than 11:30 A.M., to transact your personal visitations with fellow group members before luncheon.

This meeting is one to which your principals should be extended an invitation to attend.

Regular notice mailed January 8th had return addressed cards enclosed for reservations. If not already mailed, do so at once or phone.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Must know whether or not you will attend due to luncheon reservations. Please list names of guests on card.

                            W. O. WEIGHT

                              CHAIRMAN

MIchigan 7733                                   450 E. Third Street
        7734                                       Los Angeles, Calif.

707