```
 1  Kenneth K. Wright
    215 West 7th Street
 2  Los Angeles 14, California
    Trinity 8404
 3
    Attorney for Dolores Costello Vruwink
 4
```



FILED

JAN 28 1952

EDMUND L. SMITH, Clerk

By _Charles Abert_
Deputy Clerk

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | )  No. 1247-Civ. |
|---|---|
| Plaintiff, | ) |
| vs. | ) ANSWER OF |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | ) DOLORES COSTELLO VRUWINK |
| Defendants. | ) |

Now comes the defendant, Dolores Costello Vruwink, and answering plaintiff's complaint on file herein, admits, denies and alleges:

I

Answering paragraph I, defendant denies that she has unlawfully interfered with the rights of the United States of America; admits the allegations in said paragraph I contained except as herein denied.

II

Answering paragraph II of the complaint, this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego

and Orange, State of California, are military establishments of the United States of America. Denies that fee simple title to the properties in question now resides in the United States of America, and in particular denies that the United States of America has fee simple or any title to the real property or the rights to water owned by this defendant and hereinafter more particularly described. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph II contained, and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

III

Answering paragraph III, this defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

IV

Answering paragraph IV, this defendant admits that one of the sources of supply of water for Camp Joseph H. Pendleton, the United States Naval Hospital and the United States Naval Ammunition Depot is the Santa Margarita River and its tributaries and that other sources include certain underground basins of water underlying said properties. Admits that the stream is known in its upper reaches as the Temecula River, but denies that it rises in the Coastal Range in the western extremities of Riverside County, State of California, but on the contrary alleges that it rises in the Coastal Range in San Diego County, State of California, and proceeds in a generally westerly direction to a point where it crosses the boundary of San Diego County and enters Riverside County, that it then proceeds in a generally westerly direction to a point where it crosses the boundary of Riverside County and enters San Diego County. Admits that from that point it continues in a generally southwesterly direction

across San Diego County where it empties into the Pacific Ocean. Admits that the Santa Margarita River in its course traverses approximately 21 miles of the site of Camp Joseph H. Pendleton and the Naval Ammunition Depot before it enters the ocean and that there are no users below Camp Joseph H. Pendleton on that stream, for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that River enters the Pacific Ocean. This defendant further admits that the Santa Margarita River is an intermittent surface stream, and alleges that it and its tributaries flow partly on the surface and partly under the surface, and admits that it does not flow as a continuous surface stream, but in dry seasons of the year the surface stream, when not artifically interfered with, customarily and ordinarily disappears at a point on the lands of the United States of America at approximately 8 miles from the ocean, sinking into the sands and gravels of its bed and channel, and that later it reappears as a surface stream two or three miles below, thence flowing as a surface stream, but diminishing in volume to its confluence with tidewater. This defendant alleges that at various other points and places said Santa Margarita River and its tributaries, including the Temecula River, disappears as a surface stream and sinks into the sands and gravels of its bed and channel and into a number of underground basins. This defendant denies that underlying the River and its tributaries is a vast underground basin, but on the contrary alleges that underlying the River and its tributaries and adjacent areas are a series of underground basins comprised of pervious sands, gravels, boulders and other fluvial deposit, the exact extent and depth of which are unknown to this defendant, and that these several basins create large underground reservoirs into which a substantial portion of the flow of the Santa Margarita

River sinks, and further alleges that in dry seasons the River at various places entirely disappears into the several basins and reappears on the surface across the lowermost dikes or barriers of impervious materials forming the lowermost boundaries of such basins, which in effect create artesian areas or areas of rising water; that the property of this defendant, hereinafter more particularly described, overlies one of said underground basins. Admits and alleges that the subterranean reservoirs underlying the properties of the United States of America constitute one of the sources of water for use thereon; deny that this defendant has encroached upon the rights of the United States of America or that her use of water from said River or the basin or underground source from which she takes water threatens the destruction of any of the basins underlying the property of plaintiff by reason of salt water intrusion from the Pacific Ocean, or otherwise, and this defendant denies that the uses or any of the uses of water made by her constitute or are encroachments upon the rights of plaintiff, but alleges that her use of water is a valid and proper use, all as hereinafter more particularly alleged. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IV contained and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

V

Answering paragraph V, this defendant admits that in and by a stipulated judgment made and entered into in that certain action entitled "Rancho Santa Margarita, a corporation, plaintiff, vs. N. R. Vail, et al., defendants, Guy Bogart et al., intervenors," in the Superior Court of the State of California, in and for the County of San Diego, being action No. 42850 in the Records and files of said court, the Rancho Santa Margarita,

predecessor in interest of the United States of America in respect to the properties here involved owned by it, had adjudicated its rights in the Santa Margarita River as against the parties to said action; admits that in said action the trial court found that the Rancho Santa Margarita, predecessor in interest of the United States of America, owned 38,739 acres of land riparian to the Santa Margarita River, of which 12,375 acres were susceptible to practical and profitable irrigation. This defendant alleges that after the trial referred to the decision of the trial court was reversed on appeal, and thereafter as a result of negotiation between the parties, plaintiff's precedessor and the defendants therein named stipulated to the entry of said judgment, Exhibit "A". This defendant further admits that the parties to that litigation concluded their differences, declared their rights and fixed their aliquot shares of the waters of the Santa Margarita River naturally descending to the properties involved in said action. Admits that there is attached to the complaint a copy of the stipulated judgment between the parties to that action and marked Exhibit "A". This defendant further alleges that she was not a party to said action, and that said action did not involve the use of water by her or her predecessors in interest nor the rights to water used upon or appurtenant to the lands of this defendant. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph V of said complaint, and therefore denies each and all of said allegations except as herein expressly admitted or expressly denied.

VI

Answering paragraph VI, this defendant admits the averments therein contained.

VII

Answering paragraph VII, this defendant alleges that she

is without knowledge or information sufficient to form a belief as to the truth of the averments contained in said paragraph VII.

### VIII

Answering paragraph VIII, this defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the averments therein contained.

### IX

Answering paragraph IX, this defendant denies that in direct or other violation of the rights of the United States of America or in complete or any disregard of the need of the water in question for National Defense, this defendant by reason of her diversion from underground source of water supplied in part by the Santa Margarita River upstream from Camp Joseph H. Pendleton, or otherwise, has caused the intrusion of salt water from the Pacific Ocean, as described in plaintiff's complaint, to the irreparable or other damage of the United States of America, and denies that she has likewise repeatedly, or otherwise, through overt acts displayed any disregard for the rights of the United States of America or has declared her adverse right or claim in contravention of the rights of the United States of America. This defendant admits that she has repeatedly asserted that her rights are paramount in some respects and correlative in other respects, as hereinafter more specifically alleged, to the rights of the United States of America and that she is now using and threatens to continue to use the water to which she and her lands are entitled, and this defendant further denies that her rights were acquired subsequent to or with full or any knowledge of the rights of the United States of America and its predecessor in interest, as set forth and alleged in said complaint. In this connection this defendant alleges that she owns land upstream from the lands of plaintiff and that said lands are within the watershed of the Santa Margarita River and

certain of its tributaries, and that she claims rights in and to the waters underlying the same and fed in part by said stream. In this connection, this defendant alleges that she is the owner of:

The real property in the county of San Diego, state of California, described as:

Lot 3 and all that portion of the Northwest Quarter of the Southeast Quarter of Section 13, Township 9 South, Range 4 West, San Bernardino Meridian, in the county of San Diego, State of California, according to United States Government Survey approved June 11, 1880, lying Westerly of the following described line:

Beginning at a point in the Southerly line of said Northwest Quarter of said Southeast Quarter of said Section 13, distant south 89°56'10" East 222.97 feet from the Southwest corner of said Northwest Quarter of said Southeast Quarter, said point being the beginning of a 250 foot radius curve concave Southwesterly a radial line to said point bearing North 70°03'58" East; thence Northwesterly along said curve 74.79 feet; thence tangent to said curve North 37°04'30" West 92.15 feet to the beginning of a tangent 150 foot radius curve concave Northeasterly; thence Northerly along said curve 93.72 feet; thence tangent to said curve North 1°16'30" West 216.83 feet to the beginning of a tangent 200 foot radius curve concave Southeasterly; thence Northeasterly along said curve 145.88 feet; thence tangent to said curve North 40°31' East 87.09 feet to the beginning of a tangent 150 foot radius curve concave Westerly; thence

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-7-

9039

32

    Northerly along said curve 2.42 feet; thence North 46°00' West 68.36 feet; thence North 44°00' East 100 feet; thence South 46°00' East 19.09 feet to that point in said above mentioned 150 foot radius curve, having a radial bearing of North 85°57'40" East; thence Northerly along said curve 16.13 feet; thence tangent to said curve North 10°12' West 61.85 feet to the beginning of a tangent 300 foot radius curve concave Easterly; thence Northerly along said curve 171.09 feet; thence tangent to said curve North 22°28'30" East 82.48 feet to the beginning of a tangent 800 foot radius curve concave Northwesterly; thence Northeasterly along said curve 206.41 feet; thence tangent to said curve North 7°41'30" East 56.00 feet to the North line of said Northwest Quarter of said Southeast Quarter of said Section 13.

    All that portion of Rancho Santa Margarita y Las Flores, as delineated upon a map in Book 7 of Patents, page 39, and as shown by records of Survey Maps No. 794 and No. 831, Records of the County of San Diego, State of California, described as follows:

    Beginning at a point on the East Boundary line of said Rancho Santa Margarita y Las Flores, distant thereon South 7°04'52.98" West 4,237.94 feet from Corner No. 1 of said Rancho; thence continuing along said Easterly boundary line South 7°04'52.98" West 1186.78 feet; thence North 88°23'13" West 145.90 feet to a 1/2" iron pin; thence North 6°51'55" East 1186.63 feet to a 5/8" iron pin with white redwood witness stake; thence South 88°17' East 150.36 feet to the point of beginning.

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-8-

SC40

33

This defendant further alleges that said lands overlie an underground source of water supply or underground basin separate and distinct from the underground basins underlying the property of plaintiff, and this defendant is informed and believes and therefore alleges that said underground basin or source of water supply is fed in part by the Santa Margarita River or its tributaries, which said River is located approximately one-half mile distant from defendant's property. That this defendant has the right to the reasonable use of the waters underlying said property and in said underground basin or source of water supply. That this defendant and her predecessors in interest have for many years last past taken and produced water upon said lands for domestic and irrigation uses thereon. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph IX contained and therefore denies generally and specifically each and all of said allegations except as herein expressly admitted or expressly denied.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That this defendant is the owner of the prior and paramount right to the reasonable use of the waters from the underground source of supply underlying her land for use thereon for domestic and irrigation purposes, which said right is prior and paramount to each and all of the claimed or alleged or asserted rights of the plaintiff.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties described in its complaint, this defendant and her predecessors in interest have openly, notoriously, continuously, uninterruptedly and in hostility to any claim, ownership, title, or interest of plaintiff and of its predecessor in interest and under a claim of right taken from said underground source of water supply or basin underlying her said lands 120 acre feet of water during each and every year for domestic and irrigation uses and purposes, and still continues so to do, and this defendant has acquired the ownership of the right to use said water for said purposes, and does now have the right to take and use said 120 acre feet of water per year from said underground source of water supply for said purposes, free and clear of and prior and paramount to any right or claim of right in and to said water by plaintiff.

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in said complaint is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

WHEREFORE, this defendant prays:

1. That plaintiff take nothing by reason of its action herein;

2. That the court adjudge and decree that this defendant, as against plaintiff, is entitled to a reasonable use of water from the underground source of water supply underlying her lands for domestic and irrigation use thereon, free and clear of any claim, right, title or interest of plaintiff;

3. That the court adjudge and decree that this defendant, as against plaintiff, is entitled to take 120 acre feet of water each year from the underground source of water supply or basin underlying her said lands, and that she is the owner of said right, free and clear of any claims, right, title or interest of plaintiff, and that plaintiff has no estate or interest therein or in any part thereof, and that plaintiff be forever barred and enjoined from asserting any claim whatever in or to said underground source of water supply or basin underlying the lands of this defendant adverse to this defendant;

4. That the court determine and declare the respective rights and duties of plaintiff and this defendant with respect to the waters involved in this action and that it find and declare the use to which such waters may be put by plaintiff and this defendant.

5. That this defendant have her costs herein incurred and such other relief as to the court may seem just and equitable.

Attorney for defendant Dolores Costello Vruwink

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-11-

9043

36

NOTARIAL SEAL

LAW OFFICES
**KENNETH K. WRIGHT**
215 WEST SEVENTH STREET
LOS ANGELES, CALIFORNIA
TRINITY 6404

Attorney for _____

Received copy of the within _____ this ____ day of _____ 19__

_____
Attorney for _____

Received copy of the within _____ this ____ day of _____ 19__

_____
Attorney for _____

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA } ss.
COUNTY OF LOS ANGELES

__Charlotte Stephens__ being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years, and is not a party to the within and above entitled action; that affiant's business/residence address is

215 W. 7th St., Los Angeles, 14, Calif.

that on the __25th__ day of __January__ 19__52__ affiant served a true copy of the within __Answer of Dolores Costello Vruwink__ in said action, by placing said copy in an envelope addressed to the following persons at their residence/office address, to-wit:

Mr. Ernest A. Tolin      Mrs. Betty Marshall Graydon
United States Attorney   Assistant U.S. Attorney
325 West "F" St.         325 West "F" Street
San Diego 1, California  San Diego 1, California

which envelope was then sealed and postage fully prepaid thereon and deposited in the United States mail at Los Angeles, California.

That there is delivery service by United States mail at the place so addressed or/and there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __25th__ day of __January__ __52__

_Joseph B. Heli_                 _Charlotte Stephens_     9044
Notary Public in and for the County of Los Angeles,
State of California.
(SEAL)

304