(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
**W. B. DENNIS**
RT. 1, BOX 40 58
FALLBROOK, CALIFORNIA
PHONE 587

ATTORNEY FOR  Defendant SANTA
MARGARITA MUTUAL WATER COMPANY

FILED

JAN 30 1952

EDMUND L. SMITH, Clerk

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California; SANTA<br>MARGARITA MUTUAL WATER COMPANY,<br>a corporation, et al.<br><br>                    Defendants. | No. 1247 - Civil<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>DEFENDANT SANTA MARGARITA<br>MUTUAL WATER COMPANY'S REPLY<br>TO PLAINTIFF'S MOTION FOR A<br>SEPARATE TRIAL ON THE MERITS. |

STATEMENT

The United States of America has requested that there be a
separate trial on the merits of the above action as against the
Santa Margarita Mutual Water Company and not against any of the
other numerous defendants named in the action.  Counsel for plaintiff
in its memorandum filed in support of its motion correctly state
that the court may order a separate trial of the above entitled
action as against the Santa Margarita Mutual Water Company, to fur-
ther the convenience of the court and parties or to avoid prejudice.
Section 42 (b) of the Federal Rules of Civil Procedure reads as
follows:

> "SEPARATE TRIALS: The court, in furtherance of conven-
> ience or to avoid prejudice, may order a trial of any
> claim, cross-claim, counterclaim or third party claim,
> or of any separate issue or of any number of claims,
> cross-claims, counterclaims,third party claims or issues."

726

15

1   The above subdivision must also be read in connection with Section

2   42 (a) which reads as follows:

3       "CONSOLIDATION: When actions involving a common question
        of law or facts are pending before the court, it may
4       order a joint hearing or trial of any or all matters at
        issue in the actions.  It may order all the actions con-
5       solidated and it may make such orders concerning proceed-
        ings thereon as may tend to avoid unnecessary cost or
6       delay."

7   It is apparent therefore that to justify the court in ordering a

8   separate trial of plaintiff's claim against the Santa Margarita

9   Mutual Water Company, it must appear that the making of the order

10  will:

11      (a) Avoid delay (in disposing of the entire action or pro-

12          ceeding as against all of the parties thereto);

13      (b) result in the furtherance of convenience (to the court

14          and all parties before the court);

15      (c) Avoid prejudice;

16      (d) Further justice (to all the parties to the action).

17  The statements contained in plaintiff's memorandum of points and au-

18  thorities filed in support of its motion cannot under any interpre-

19  tation support plaintiff's motion.  They are primarily devoted to

20  the following points:

21      (a) To statements made by counsel for one of the other defend-

22  ants in this action before Congressional Hearings and before the

23  court on other motions, wherein he violently expressed dissatisfac-

24  tion with the theories of this case as advanced by counsel for

25  plaintiff, and in the manner in which this action was instigated and

26  is being prosecuted, as well as the necessity for the institution of

27  the action in the first instance (line 28, p. 1 to line 29, p. 3 of

28  plaintiff's memorandum of points and authorities).

29      (b) Certain statements made by counsel for one of the other

30  defendants in this action and by counsel for plaintiff regarding the

31  facts which said counsel believe they will be able to establish dur-

32  ing the trial of this action (line 29, p. 3 to line 21, p. 7 of

16

1    plaintiff's memorandum of points and authorities). Plaintiff states
2    that the above statements establish that the order requested by
3    plaintiff would result in convenience to the court and the parties
4    to the suit and to all water users in the basin (line 12, p. 7 of
5    plaintiff's memorandum of points and authorities).

6         (c)  The effect of the present action on property values in
7    the Santa Margarita water shed (line 20, p. 7 of plaintiff's memo-
8    randum of points and authorities).

9         (d)  That certain alleged vicious and widespread slanderous
10   statements are being made by defendants other than the Santa Margar-
11   ita Mutual Water Company (line 1, page 8 of plaintiff's memorandum
12   of points and authorities). It would seem ridiculous to contend
13   that a separate trial of one of thousands of defendants, who is not
14   responsible for the statements, would prevent the continuation of
15   these statements being made. Plaintiff states the statements re-
16   ferred to in Paragraphs (c) and (d) establish the fact that a sepa-
17   rate trial will avoid prejudice (line 7, p. 20 of plaintiff's memo-
18   randum of points and authorities).

19        In view of the nature of the statements contained in plain-
20   tiff's memorandum of points and authorities, I believe that it is
21   advisable for me to state at this time, and before I attempt to reply
22   to the questions before the court that first, the defendant Santa
23   Margarita Mutual Water Company and its counsel did not participate
24   in nor were they represented at the hearing held before a Special
25   Subcommittee On Irrigation And Reclamation of the Committee On Inter-
26   ior And Insular Affairs of the House of Representatives held on
27   August 13 and 14, 1951, which is consistently referred to by plain-
28   tiff's counsel; second, that the defendant Santa Margarita Mutual
29   Water Company and its counsel did not have any connection with or
30   knowledge of the notices of the hearings referred to in plaintiff's
31   memorandum of points and authorities and attached thereto as Exhibit
32   "A", until they were informed by counsel for plaintiff and its re-

W. B. DENNIS                          -3-                        728

/7

presentatives that said hearing was being held and that said notices had been given.

## I.

BEFORE THE COURT CAN INTELLIGENTLY PASS ON THE QUESTIONS BEFORE IT, IT IS NECESSARY TO REVIEW CERTAIN FUNDAMENTAL RULES OF LAW AS THEY RELATE TO THE LAW OF WATER IN THE STATE OF CALIFORNIA.

This is axiomatic, because the court in passing on plaintiff's motion must take into consideration the following elements:

(a) The cost to the state.

(b) The time which would be consumed in the trial of all claims in this proceeding.

(c) The convenience or inconvenience created to witnesses.

(d) The inconvenience or convenience to the parties.

(e) The inconvenience to the court.

(f) The expense to the parties.

(g) The duplication of effort and cost.

(h) The period of time in which this entire matter can be disposed of.

(i) The number of appeals which may grow out of the proceedings;

and to do so it is necessary that there be a brief discussion of the evidence which will have to be introduced by all of the defendants in this case on the trial of their respective claims, and the findings that the court will have to make at each trial of each issue in this action, if the cause is going to be tried piecemeal as requested by plaintiff.

A. It is now clear that one having a legal right to stream, surface or ground waters may take only such amount as he reasonably needs for beneficial purposes. (<u>Rancho Santa Margarita v.Vail</u>, 11 Cal.2, 501, 550,555; <u>The City of Pasadena v. The City of Alhambra</u>, 33 Cal 2, 908, 925.)

-4-

729

W. B. DENNIS

/8

B.  The riparian owner does not own the waters of a stream. He owns a usufructary right - the right to a reasonable use of water on his riparian land when he needs it.  If one riparian owner has no present need for water, the other may use it all. (Rancho Santa Margarita v. Vail, 11 Cal. 2, 501, 555.  Collier v. Merced Irr. Dist. 213 Cal. 554, 566.  Parker v. Sweet,  188 Cal. 474, 479.)

C.  A riparian owner has no right to any mathematical or specified amount of the water of a stream.  He has only a right in common with other riparian owners to take a proportional share from the stream, a correlative right which he shares with the other riparian owners. (Prather v. Hoberg, 24 Cal. 2, 549, 560)

D.  The riparian owner's right varies not only with the circumstances of each case but also varies from year to year, from season to season, from month to month, and from day to day. (Prather v. Hoberg, 24 Cal. 2, 549, 560)

E.  There is no absolute ownership in running waters. (Drake v. Tucker, 43 Cal.Ap. 53, 56)

F.  A riparian owner's title to water begins only when it reaches his land. (Hargrove v. Cook, 108 Cal. 72.  Drake v. Tucker, 43 Cap. Ap. 53, 58)

G.) The seasonal storage of water in a reservoir, that is, the storage of water during the wet season to be used during the dry season of the year, is not a proper exercise of a riparian right. Water may never be gathered in a reservoir for future use when it best suits the convenience and use of one riparian owner, and thus deprive others of their use and service of the stream, unless such right is exercised under a valid prior appropriation. (Moore v. California Oregon Power Co. 22 Cal 2, 725, 731, 734. Grigsby v. Davey 207 Cal. 181, 183. Seneca C.G.M. Co. v. Great Western Power Co. 209 Cal. 206, 213.  Rindge v. Crags Land Co. 56 Cal.Ap. 247, 253.)

H.  The use of the waters of a stream by a riparian owner upon non-riparian lands, is a non-riparian use.  (Moore v. California

W. B. DENNIS

-5-

1 <u>Oregon Power Co.</u> 22 Cal. 2, 725, 734)  And this applies to use on

2 non-riparian lands in the same watershed. (<u>Grigsby v. Davey</u>, 207 Cal.

3 181, 183.  <u>Rindge v. Crags Land Co.</u> 56 Cal. Ap. 247, 253)

4     I.  If water is wasted or not used or not put to a beneficial

5 use, then a surplus exists.  (<u>Peabody v. Vallejo</u>, 2 Cal.2, 350, 368)

6     J. (1) A riparian right is a vested right and has the same

7 protection as any other property right. (<u>Irrigation District v.Mt.</u>

8 <u>Shasta Power Co.</u> 202 Cal. 56, 65.  <u>Martin v. Western States G.& E.Co.</u>

9 8 Cal.Ap. 2, 226, 230.  <u>Herminghouse v. So.Cal.Edison</u>, 200 Cal.81,

10 103.)

11     (2) No portion of the riparian right can be taken without

12 compensation. (<u>Irr. Dist. v. Mt. Shasta Power Co.</u>, 202 Cal. 56,67)

13     K.  The riparian right is a correlative right which entitles

14 the owner to a pro rata share of the entire river or stream based

15 upon the ratio which the amount of his irrigable riparian lands bears

16 to all other irrigable riparian lands on the stream.  Factors other

17 than irrigable lands may also enter into the decision, but the irri-

18 gable acreage is the main factor. (<u>Harris v. Harrison</u>, 93 Cal.182.

19 <u>Wiggins v. Muscupiabe</u>, 113 Cal. 182. <u>So.Cal.Investment Co. v.Wilshire</u>

20 114 Cal. 168.  <u>Half Moon Bay Co. v. Cowell</u>, 173 Cal. 543.)

21     L.  An appropriation under the California law confers title

22 immediately to the appropriator, the same as if by a grant by the

23 state, as against the United States of America and the State of Cali-

24 fornia. (<u>San Bernardino v. Riverside</u>, 186 Cal. 7, 14)

25     M. The right to the use of the water in the non-navigable

26 streams of this state prior to the sale or disposition of the lands

27 bordering thereon by the United States was vested in the United

28 States not in its respective governmental capacities as sovereign and

29 for the common use of the people, but as a riparian owner in its

30 respective capacity as a landed proprietor.  These rights were and

31 still are strictly proprietary and in their nature private.  When

32 land was disposed of by the United States, the riparian right passed

731

20

1   to the purchaser. (<u>Palmer v. Railroad Commission</u>, 167 Cal.163, 173)

2       N. The United States, with respect to lands which it owns in

3   this state, is a riparian proprietor as to the streams and the use of

4   water in said streams/runs<sup>that</sup> through such lands. It is only by virtue

5   of that fact that it has <u>any right</u> to or power of disposition over

6   the waters thereof, and its <u>rights</u> and powers in that respect are <u>no</u>

7   <u>greater</u> and no less than <u>any other riparian proprietor</u>. (<u>Palmer v.</u>

8   <u>Railroad Commission,</u> 167 Cal. 163, 168.  <u>Miller & Lux, Inc. v. Light</u>

9   <u>& Power Corp.</u> 120 Cal. Ap. 589, 612.  <u>Lux v. Hagen</u>, 69 Cal. 255, 335.

10   <u>Antioch v. Williams Irrigation Co.</u>, 188 Cal. 451, 456.)

11       O.  In the case of the United States, it has, as a riparian

12   owner consenting to the taking of water by appropriators and conveyed

13   upon the various states in which the streams are located, the power

14   and authority to declare and decree the method in which said appro-

15   priation shall be made.  (<u>California Oregon Power Co. v. Beaver Port-</u>

16   <u>land C.Co.</u> 295 U.S. 142, 162, 164; 79 Law Ed. 1356, 1363, 1364.

17   <u>Antioch v. Williams Irrigation Co.</u> 188 Cal. 451, 463)

18       P.  The fact that the lands which are riparian are being used

19   for fortifications for military reservations does not confer upon the

20   United States any right by virtue of its sovereignty or cession of

21   jurisdiction, to the use of the waters of the stream, to a greater

22   extent than had been made prior to the time that appropriations are

23   made on the stream under state law. (<u>Krall v. U.S.</u> 79 Fed. 241, 9th

24   Circuit)

25       Q.  It has also been held under the laws of the State of Cali-

26   fornia that no riparian rights attach to the various lands until they

27   are patented by the United States. (<u>McKinley Bros. v. McCauley</u>, 215

28   Cal. 229, 231.  <u>Rindge v. Crags Land Co.</u> 56 Cal.Ap.247,252. <u>Canal &</u>

29   <u>Irr. Co. v. Worswick</u>, 187 Cal. 674)

30       R.  The Vail judgment cannot affect the rights of persons not

31   party to the action or confer additional rights on parties to the

32   action as against land owners who are not parties thereto, to the

W. B. DENNIS

-7-

1  waters of the stream. (Rindge v. Crags Land Co. 56 Cal. 247, 254)

2  S.  Before the plaintiff can invoke the power of a court of

3  equity to restrain the diversion of water above plaintiff's lands,

4  it is necessary to show: (1) That there is a wrongful diversion of

5  water above plaintiff's lands; (2) that the amount wrongfully diverted

6  could be rightfully used by plaintiff; (3) that the use of said water

7  by plaintiff would be for reasonable and beneficial purposes.

8  (Carlsbad Etc. Co. v. San Luis Rey Etc. Co. 79 Cal. Ap. 2, 900, 915)

9  As a result of the doctrines laid down in the cases referred

10  to above, it has often been decided by the courts of this state that

11  upon the trial of an action involving the rights of a riparian owner

12  or an appropriator in the waters of a stream, that it is:

13  (a) incumbent upon the trial court to ascertain first, the

14  extent of the riparian acreage of each of the parties; second, the

15  extent of such riparian acreage suitable for and capable of profit-

16  able irrigation; and third, the quantity of water available in the

17  stream; fourth, the water required by the acreage susceptible of

18  profitable irrigation; and an error in the riparian acreage of any

19  party will result in error.  (Rancho Santa Margarita v. Vail, 11 Cal.

20  2, 501, 517, 526, 545.  Prather v. Hoberg, 24 Cal.2, 549, 557)

21  (b) The court must determine whether the riparian owners,

22  considering all the needs of those in the particular water shed, are

23  putting the waters to any beneficial use, giving consideration to

24  all factors involved, including reasonable methods and uses, and from

25  a consideration of those uses the trial court must determine whether

26  there is a surplus in the water field subject to appropriation.

27  (Carlsbad Etc. Co. vs. San Luis Rey Etc. Co. 78 Cal. Ap. 2 900, 913.

28  Tulare District v. Lindsay Strathmore District, 3 Cal.2, 489, 525.)

29  (c) In arriving at its decision, the court must take into

30  consideration the length of the stream; the volume of water in the

31  stream; the extent of each ownership along the banks; the character

32  of the soil on each parcel of land; the area that can be irrigated

W. B. DENNIS

-8-

733

2-

1  on each parcel; and many other fac tors. (<u>Half Moon Bay Land Co. v.</u>
2  <u>Cowell,</u> 173 Cal. 543, 549)

3      (d) The court, in expressing the right to the waters in the
4  stream, should decree it in the terms of percentage, and not in terms
5  of a definite quantity. (<u>Prather v. Hoberg</u>, 24 Cal. 2, 549, 559)
6  (<u>Seneca C.G. & M.Co. v. Great Western Power Co</u>. 209 Cal. 206, 220.)

7      <u>It is therefore apparent that each time this action is tried,</u>
8  <u>as to any defendant or any number of defendants, evidence will have</u>
9  <u>to be introduced by plaintiff and the defendants on the following</u>
10 <u>issues:  The extent of all riparian acreage; the extent of all ripar-</u>
11 <u>ian acreage susceptible to profitable irrigation; the various uses</u>
12 <u>to which water is being put by the various defendants; the volume</u>
13 <u>of water in the stream; and various other factors which will have a</u>
14 <u>definite relationship to the rights to the use of water in the stream</u>
15 <u>by the various parties.</u>

16                              II.

17      AN ORDER REQUIRING A SEPARATE TRIAL ON THE MERITS AS TO THE
18 DEFENDANT SANTA MARGARITA MUTUAL WATER COMPANY WILL RESULT IN INJUS-
19 TICE, PREJUDICE AND A MISCARRIAGE OF JUSTICE, AND WILL PLACE A TRE-
20 MENDOUS BURDEN UPON THE COURT, UPON COUNSEL FOR THE DEFENDANT SANTA
21 MARGARITA MUTUAL WATER COMPANY, AND FOR COUNSEL REPRESENTING ALL
22 OTHER DEFENDANTS IN THE ACTION.  Counsel for plaintiff, in its memo-
23 randum of points and authorities, states that the small water user
24 on the river should not be forced to trial and that the motion for a
25 separate trial as to the defendant Santa Margarita Mutual Water Com-
26 pany accomplishes the desired end. (Line 17, p. 7, plaintiff's memo-
27 randum of points and authorities).  Certainly there is no foundation
28 for this statement.  The only action which will relieve the small
29 water user on the river from going to trial will be for the plaintiff
30 to dismiss the action as to that defendant with prejudice.  If the
31 action is tried as to the Santa Margarita Mutual Water Company sepa-
32 rately, it means that the small user will not be able to bear the

                                                        734
                                                              23

financial burden of a separate trial and he will have to stipulate
to a judgment on such terms as the plaintiff may dictate or allow his
default to be taken and therefore lose his rights or a large portion
of his rights to the use of water in the Santa Margarita River.  If
it would be proper to grant a motion for a separate trial of this
action as to the defendant Santa Margarita Mutual Water Company, then
there is no reason why it would not be proper to grant a separate
trial as to each and every one of the thousands of defendants in this
action.  Counsel for plaintiff may argue that the Santa Margarita
Mutual Water Company is an appropriator, but there are many other
large appropriators on the river including the Vails, and it is in-
teresting to note that plaintiff, in its memorandum of points and
authorities, adopts the language used by counsel for the Fallbrook
Public Utility District, stating that there is a community of inter-
est between the Vails and the plaintiff, (line 23, p. 2), and it be-
comes more apparent that such interests exist upon reading the reply
of the United States of America to the answer of the Santa Margarita
Mutual Water Company (line 11, p. 2 of the reply).  It is therefore
apparent that the plaintiff is going to take the position in this
action that they are entitled to water which is being stored by the
Vails pursuant to appropriations made on the river and not by virtue
of their riparian ownership, to the detriment of riparian owners and
prior appropriators, which appropriations were made subsequent to
the date of acquisition by the plaintiff of the Rancho Santa Margar-
ita.

        That it would be a miscarriage of justice to make the order
requested, also appears evident if the court will take into consid-
eration any one of the following:

        A.  TO REQUIRE ANY ONE DEFENDANT TO PROVE THE RIPARIAN
NATURE OF ALL OF THE LANDS OWNED BY EACH OF THE DEFENDANTS IN THIS
ACTION AND THE EXTENT TO WHICH EACH OF SAID PARCELS CAN BE ECONOMI-
CALLY AND PROFITABLY IRRIGATED AND THE AMOUNT OF WATER REQUIRED IN

W. B. DENNIS                        -10-                        735

24

1  CONNECTION WITH THE USE ON SAID LANDS, WILL RESULT IN UNNECESSARY
2  DELAYS AND UNNECESSARY EXPENSE.  It is evident that each defendant
3  in this action is in a better position to prove his chain of title,
4  the description of his lands, the character of his lands, the char-
5  acter of crops that can be grown thereon, the amount of water which
6  it will take to irrigate said crops, the use of water which he has
7  made in the past, the best method of diverting said water, and his
8  prospective use of water, than would the defendant Santa Margarita
9  Mutual Water Company.  It is also evident that the cost to the defen-
10  dant Santa Margarita Mutual Water Company in preparing said informa-
11  tion will far exceed the cost of the individual defendant preparing
12  such information.  It is also apparent that each defendant will be
13  able to prepare this information quicker than the defendant Santa
14  Margarita Mutual Water Company can prepare it for all of the defend-
15  ants in the action.

16      B.  TO REQUIRE THE COURT TO HEAR THE SAME EVIDENCE RELATIVE
17  TO EACH PARCEL FROM 3 TO 5000 TIMES, WILL NOT RESULT IN CONVENIENCE
18  TO THE COURT OR PREVENT DELAYS OR PREJUDICE.  If the plaintiff is
19  going to demand a separate trial as to this defendant, it can well
20  be that it may ask a separate trial for each of the other defendants
21  in this action.  Each defendant will have the right to be heard and
22  each defendant will be in a position where he will have to prove the
23  riparian acreage of all other riparian owners and the beneficial use
24  to which all other riparian owners can put the waters of the Santa
25  Margarita River.  The results are apparent.  To compel one defendant
26  to carry the burden of a suit for the benefit of thousands, does not
27  avoid prejudice or further justice, but on the contrary, creates an
28  injustice.

29      C.  TO TRY THIS ACTION A NUMBER OF TIMES, EACH ONE OF WHICH
30  WILL INCLUDE TAKING EVIDENCE ON ALL OF THE MATTERS REFERRED TO IN
31  SECTION I OF THIS REPLY, WILL NOT AVOID THE DELAYS WHICH THE LEGIS-
32  LATURE HAD IN MIND WHEN SECTION 42 (b) OF THE FEDERAL RULES OF CIVIL

W. B. DENNIS

-11-

25

1    PROCEDURE WERE ADOPTED.  The delay which the legislature had in mind

2    was a delay in the trial of the action.  Disposing of the claim of

3    the Santa Margarita Mutual Water Company either in favor of plaintiff

4    or in favor of the defendant will still leave the action pending as

5    to thousands of defendants, and will delay the trial of their claims

6    unnecessarily.  It cannot be seriously argued that if the cause goes

7    to trial against the defendant Santa Margarita Mutual Water Company,

8    that it will not be tried as against any of the other defendants,

9    until after the judgment as to that action has become final.  Cer-

10   tainly the matter can be disposed of as to all defendants at a much

11   earlier date if the action is tried as to all defendants at one time,

12   rather than to try the cause piecemeal, one defendant, or four or

13   five defendants, at a time.  In litigation of this character, sepa-

14   rate trials can only mean that the plaintiff feels that there will

15   be a great number of defendants who will not be in a position finan-

16   cially to offer a substantial defense if the case is tried separate-

17   ly as to them, while if the expense of contesting certain issues which

18   are common to all of the defendants in the action were tried at one

19   time, the defendants would be able financially to make the effort

20   which the seriousness of this law suit justifies.

21        D.  TO COMPEL THE COURT TO LABOR THROUGH TRANSCRIPTS AND

22   FINDINGS IN CIVIL TRIALS INVOLVING THE SAME ISSUES, TO AVOID MAKING

23   A CONTRARY FINDING AND DECISION IN THE SAME ACTION, DOES NOT FURTHER

24   THE CONVENIENCE OF THE COURT OR THE PARTIES.

25        E.  TO CREATE A SITUATION WHERE THERE WILL BE NUMEROUS APPEALS

26   RELATIVE TO THE SAME ISSUES INVOLVING A DUPLICATION OF TRANSCRIPTS

27   AND BRIEFS, WILL NOT PREVENT DELAYS, AVOID INJUSTICE OR FURTHER

28   THE CONVENIENCE OF THE COURT.

29        F.  TO COMPEL COUNSEL REPRESENTING DEFENDANTS NOT ON TRIAL TO

30   BE PRESENT AT TRIALS INVOLVING THE PROPERTY RIGHTS OF OTHERS ON THE

31   RIVER, WILL NOT PROMOTE JUSTICE OR REDUCE EXPENSE OR AVOID DELAYS.

32   A separate trial as to one defendant, where the court is hearing

W. B. DENNIS

737

26

1  evidence on the same issues as will be raised in the trial of the
2  other defendants, will compel counsel representing defendants whose
3  properties are not involved, to be present at all trials where the
4  same issue is being litigated, if they are going to protect the rights
5  of their clients.

6      G. THE DISPOSITION OF ONE CASE, AND THAT INVOLVING AN APPRO-
7  PRIATOR WHO HAS NEVER DIVERTED ANY WATER FROM THE SANTA MARGARITA
8  RIVER PROPER, WILL NOT DISPOSE OF OR SETTLE ANY OF THE ISSUES RAISED
9  IN THIS ACTION AS TO THOUSANDS OF LAND OWNERS AND APPROPRIATORS WHO
10 HAVE BEEN AND FOR A LONG TIME HERETOFORE HAVE DIVERTED WATER DIRECTLY
11 FROM THE RIVER.

12      H.  THE FINAL DISPOSITION OF THIS ACTION AS TO ONE DEFENDANT
13 WILL NOT PREVENT THE ALLEGED WIDESPREAD AND VICIOUS SLANDER WHICH THE
14 PLAINTIFF WISHES TO PREVENT, ESPECIALLY WHEN THAT DEFENDANT IS NOT
15 RESPONSIBLE FOR AND HAS NOT PARTICIPATED IN ANY OF THE STATEMENTS OR
16 PUBLICITY REFERRED TO OR ALLUDED TO BY COUNSEL FOR PLAINTIFF IN FORMER
17 ARGUMENTS OR ITS MEMORANDUM OF POINTS AND AUTHORITIES.

18      I.  THE TRIAL OF THIS ACTION AS AGAINST THE SANTA MARGARITA
19 MUTUAL WATER COMPANY WILL RESULT IN A DISTINCT ADVANTAGE TO THE VAILS
20 AS APPROPRIATORS AND THE GOVERNMENT BY VIRTUE OF THEIR STIPULATED
21 JUDGMENT WITH THE VAILS, AND MIGHT RESULT IN THEIR OBTAINING A DIS-
22 TINCT ADVANTAGE OVER ALL OTHER USERS OF WATER ON THE RIVER, WHICH
23 COULD NOT BE ACCOMPLISHED IF THIS ACTION WERE TRIED IN ACCORDANCE
24 WITH SOUND TRIAL PRACTISE AND THE USUAL PROCEDURE FOLLOWED AS IS
25 FOLLOWED IN WATER LITIGATION OF THIS CHARACTER.

26                        III.

27      IT IS GENERALLY CONCEDED AND WE BELIEVE THAT THE COURT
28      MUST PRESUME THAT A SEPARATE TRIAL OF COMMON ISSUES IS
29      GENERALLY ADVISABLE AND TO THE BEST INTERESTS OF ALL
30      CONCERNED.

31      On page 1211 of Vol. 5 of Moore's Federal Practise, Chapter
32 4203, we find the following statement by the author:

W. D. DENNIS

-13-

738

27

1   "Nevertheless, a single trial generally tends to lessen
    the delay, expense and inconvenience to all concerned,
2   and the courts have emphasized that separate trials
    should not be ordered unless such a disposition is clearly
3   necessary."

4  In <u>Chappell & Co. Inc. v. Santagleo</u>, 30 Fed.Sup. 599, we find the

5  following language:

6      "The motion for separate trials is denied.  To be under
       Rule 20 (b) of the Federal Rules of Civil Procedure
7      28 U.S.C.A. following Section 723 (c) Separate trials
       may be ordered to 'prevent delay or prejudice', but I
8      see no danger of 'prejudice' from one inclusive trial,
       and delays would be fostered, rather than prevented,
9      by separate trials.  Indeed, a multiplicity of separate
       trials would frustrate the liberal provision of Rule
10     20 (a) as to permissive joinders, a procedure wherein
       several demands arising from the same occurrence may
11     be tried together, thus avoiding the restraint of the
       demands relating to facts common to the several demands."

12

13  In <u>Julius Klugmans Sons v. Oceanic Steam Nav. Co.</u> 42 Fed. 2, 461, at

14  page 463, the court said:

15     "It is in the interest of prompt justice that the entire
       matter be heard in one unit, otherwise it might happen
16     that the complaint is dismissed as to a defendant and
       that later on a remaining defendant presented clear proof
17     pointing towards the liability of the defendant who is
       then no longer in the case."

18

19  Certainly counsel for plaintiff, at the time that they filed this

20  action, and at each time they have amended their complaint inserting

21  the names of additional defendants, were of the opinion that the ac-

22  tion involved a common question of law and fact, and that a joint

23  hearing or trial on the various issues as to all of the defendants

24  would avoid unnecessary cost or delay, and was for the best interests

25  of the parties, or they had no right to consolidate the actions as

26  against all of the defendants and join all of the defendants in one

27  action.  The cases and arguments heretofore referred to clearly demon-

28  strate that the dangers expressed by the court in the Klugmans case

29  and the Chappell case, of trying this action separately against vari-

30  ous defendants, exist.  Different defendants might be successful in

31  proving different quantities of riparian acreage, a different volume

32  of water in the river, a different number of acres susceptible to

739

28

1   to profitable irrigation, all of which would make it extremely diffi-
2   cult for the court in the various judgments to decree the mathemati-
3   cal amount of water to which the plaintiff would be entitled.  I
4   also believe that the court should have the benefit of hearing each
5   defendant set forth the facts showing the amount of water to which
6   he is entitled by virtue of his riparian ownership or prescriptive
7   rights, before the court comes to any conclusion as to the quantity
8   of water to which the plaintiff is entitled.  Of course, if the
9   plaintiff wishes to dismiss with prejudice as to all but a few de-
10   fendants, and try the action as to those defendants, we have no ob-
11   jection to such procedure.

IV.

13       THE PLAINTIFF'S MOTION FOR SEPARATE TRIALS ON THE MERITS
14       DOES NOT COMPLY WITH SECTION 5 (a) OF THE FEDERAL RULES
15       OF CIVIL PROCEDURE AND SECTION 7 (b 1) OF THE FEDERAL
16       RULES OF CIVIL PROCEDURE.

17   Section 7 (b 1) of the Federal Rules of Civil Procedure reads as
18   follows:

> "An application to the court for an order shall be by
> motion which unless made during the hearing or trial,
> shall be in writing, shall state with particularity
> the grounds therefor, and shall set forth the relief
> or order sought."

22   The provision that the plaintiss shall state with particularity the
23   grounds therefor is real and substantial.  (See <u>Steingut v. National</u>
24   <u>City Bank of New York</u>,36 Fed. Sup. 486-487, in which we find the
25   following language:

> "This requirement is real and substantial, and the
> motion should be dismissed if not complied with."

28   It has also been held that the use of the mere language of the
29   statute does not comply with the rules.  See <u>Sachs v. Ohio Life In-</u>
30   <u>surance Co.</u>, 5 FR SER 7 B 2, Case 1, in which a motion to dismiss,
31   based on the following grounds: "for the reason they are vague and
32   indefinite, immaterial and insufficient in law to set up any defense

W. B. DENNIS

740

1 to the cause of action", was held not to state grounds for the mo-
2 tion with sufficient particularity.

3      Rule 5 (a) of the Federal Rules of Civil Procedure requires
4 that each written motion other than one which may be heard ex parte
5 shall be served upon each of the parties affected thereby and not in
6 default for failure to appear.  We respectfully submit that the
7 motion for a separate trial, in that it involves taking evidence as
8 to the riparian nature of all of the other defendants' property,
9 affects each and every defendant to this action, and should have been
10 served on each and every defendant who was not in default, and that
11 the failure to do so is fatal.

12                V.

13     COMMENTS REGARDING THE PLAINTIFF'S MEMORANDUM OF POINTS
14     AND AUTHORITIES:

15      In view of the fact that all of plaintiff's comments as to
16 the necessity for a separate trial of the Santa Margarita Mutual
17 Water Company on the merits, which are directed to the furtherance
18 of the convenience of the courts and parties (line 28, p. 1 to line
19 11, p. 7, and lines 12 to 14, p. 7, plaintiff's memorandum of points
20 and authorities), are addressed to statements made by counsel for the
21 Fallbrook Public Utility District, which he adopts, I believe it ad-
22 visable to call the court's attention that they do not necessarily
23 express the opinion or views of the defendant Santa Margarita Mutual
24 Water Company.  That there are numerous appropriators on the river,
25 The Vails, subsequent to the acquisition of the Rancho Santa Margar-
26 ita by the government, having filed notices of appropriation on the
27 river wherein they seek to store vast quantities of flood waters,
28 and that they have, pursuant thereto, erected a dam at Nigger Canyon.
29 That counsel for plaintiff have apparently adopted the language of
30 counsel for the Fallbrook Public Utility District that that entity
31 stands unrelated to all other defendants (1.2, p.2, plaintiff's memo-
32 randum of points and authorities).  That although plaintiff states

26 by the filing of this action.  The Santa Margarita Mutual Water Com-

that 90% of the defendants used less than 10% of the water, they are

not attempting to try this case as against the 10% of the defendants

who do use 90% of the water.  The Santa Margarita Mutual Water Com-

pany, up to the present time, has not diverted any water from the

river. (1.9, p.7, plaintiff's memorandum of points and authorities)

That the Rancho Santa Margarita's appropriations to divert water are

not confined to the reach of the river discussed by plaintiff in its

memorandum (1. 5, p.5) and that the plaintiff now indicates that they

are going to try to bind all defendants by the stipulated judgment

entered into between the Vails and the government (1. 19, p.6) al-

though they have repeatedly stated to this court that no party to this

action is bound by said stipulated judgment unless they were a party

thereto or had purchased lands of parties who were parties thereto.

(response of U.S. to motion for a more particular statement, p.33,

1. 19, p. 47, 1. 27).  Plaintiff in its memorandum (p.8) states that

an additional need for a separate and early trial against the Santa

Margarita Mutual Water Company is evidenced by Exhibit "A" of the

memorandum and the alleged widespread and vicious slanders referred

to in its response.  This defendant has had no part in any of the

statements which were made, or the meetings or hearings referred to

in the response.  Certainly a separate trial as to this defendant

will not stop the thousands of defendants who are responsible for the

statements and the publicity, and who have been appearing and parti-

cipating in the hearings, from continuing the same tactics.  The only

thing which will stop the tactics to which plaintiff objects would be

for plaintiff to file a pleading which would be binding upon the

plaintiff, his agents and representatives, which would clearly and

fully set forth their position and their claims in this action to the

same degree of candor and fairness with which counsel for plaintiff

made certain statements before this court at the time the motions to

strike were heard.  Counsel for this defendant tried to obtain such a

statement by way of amendment to the complaint.  Apparently the court

W. B. DENNIS

31

1  hoped to obtain such a statement when it made an order requesting
2  plaintiff to file a reply to the answer of the Santa Margarita Mutual
3  Water Company and the answers of Edward G. Helms and Herman C.
4  Pankonien et al.  A careful reading of the reply and plaintiff's
5  complaint and the stipulation which was entered into between the
6  State of California and the plaintiff in this action, the stipulation
7  which has heretofore been entered into between the Vails and the
8  plaintiff, and the arguments advanced by counsel in the memorandums
9  which have been filed in support of the various motions which have
10 been made before this court, leaves the issues and the positions of
11 plaintiff open to numerous interpretations, and we do not believe
12 that so long as the record in this case exists in the condition in
13 which it now exists, that such statements will be stopped.  The only
14 way that they can be terminated is for plaintiff to file a model and
15 approved pleading, which is binding upon the government and its re-
16 presentatives, setting forth what the government claims in this pro-
17 ceeding, so that there can be no misunderstanding between the parties.
18      Plaintiff states that although the statements of counsel
19 have not been adopted, counsel has stated that the institution of
20 this action has the effect of stopping development on the river,
21 that they defendants do not know how far they can go ahead with their
22 plantings, that it has interfered with financing, and that it has
23 interfered with the sales and disposition of property, and that
24 therefore a trial of this action against the defendant Santa Margar-
25 ita Mutual Water Company will avoid the prejudice which was created
26 by the filing of this action.  The Santa Margarita Mutual Water Com-
27 pany was not in the process of developing any property at the time
28 the suit was filed.  It does not have any property which it is offer-
29 ing for sale.  It does not have any property which is being financed,
30 and therefore it is probably the only defendant named in the water
31 suit whose rights are not being affected in this respect.  The
32 people who are suffering are the small land owners who are developing

W. B. DENNIS                        -18-

743

32

1  groves, who have installed water systems, and who have commenced to
2  plant - the small land owners who had trust deeds falling due and
3  had to secure refinancing; the subdivider of property who had proper-
4  ty which was offered for sale; those who owned property in the water
5  shed who, for one reason or another, found it necessary to dispose
6  of the property.  Those are the people who are suffering by reason
7  of the delay in this action, and a trial of this action as to the
8  Santa Margarita Mutual Water Company is not going to help them or
9  settle the problems which have been created by this action.  The only
10 way that those problems are going to be avoided is to have this ac-
11 tion tried as against all of the defendants against whom the plaintiff
12 proposes to proceed, and to have the action dismissed immediately as
13 to those to whom the plaintiff does not intend to press the matter
14 to trial.  There have been repeated statements made by the plaintiff
15 that it would dismiss this action as to those defendants who only
16 own property outside of the watershed of the Santa Margarita river,
17 and who are not extracting or producing any water from the water shed
18 of the Santa Margarita, but as yet the dismissals have not been forth-
19 coming.  The trial of this action as to one defendant, while it re-
20 mains undismissed as to all other defendants, is not going to prevent
21 the prejudice referred to on p. 7 of plaintiff's memorandum.

22      Further authorities or comment cannot aid this court.  The
23 practical need for an early adjudication or dismissal of this action,
24 sound trial practise, a consideration of the practical difficulties
25 which confront the defendants in this action, the issues which have
26 been raised by numerous defendants, and the cost and the expense
27 which must be incurred in connection with the adjudication of the
28 water rights on an entire river, can only lead the court, in sound
29 discretion, to one conclusion, and that is, that the rights of all of
30 the defendants cannot be protected unless this action is tried as to
31 all defendants against whom the plaintiff ultimately proposes to force
32 to trial, and that a separate trial as against any one defendant

W. B. DENNIS

-19-

744

33

1  would only result in unavoidable delays, confusion, injustice and

2  prejudice, and that therefore the order requested by plaintiff

3  should be denied.

4         Dated: this _29_ day of _Jan_, 1952.

6
                                                                   W. B. DENNIS

7                         Attorney for the Defendant
                   Santa Margarita Mutual Water Company

10  Received a copy of the above Memorandum of Points and Authorities:

11      WILLIAM H. VEEDER, Special Assistant to the Attorney General
        A. DEVITT VANECH, assistant Attorney General

12      ERNEST A. TOLIN, United States Attorney
        BETTY MARSHALL GRAYDON, Assistant United States Attorney

13      DAVID W. AGNEW, Attorney for the Department of the Navy

14  Date: _January 30, 1952_

15                          By _Betty Marshall Graydon_

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32