BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
Telephone: F 9-4101

Attorney for Plaintiff

FILED
JAN 30 1952
EDMUND L. SMITH, Clerk
By ........................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; ET AL.,<br><br>  Defendants. | CIVIL NO. 1247-SD<br><br>MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE AND RESPONSE TO MEMORANDUM OF POINTS AND AUTHORITIES OF FALLBROOK PUBLIC UTILITY DISTRICT |

"Good cause appearing therefor, IT IS ORDERED that the plaintiff serve and file within 20 days from date hereof /December 4, 1951_7 a reply to the answers of * * * Fallbrook Public Utility District * * *." In that manner this Court directed the United States of America, in accordance with the Federal Rules of Civil Procedure, to file a replication. That course was very properly adopted as a means better to clarify the issues between the parties. Conforming to that order, the United States of America filed its reply. To the fullest extent possible that pleading responded to the defendant's answer. Normally the device adopted by the Court would clarify the issues and expedite the disposition of them. Rather than cooperate in the desirable course adopted by this Court, the Fallbrook Public Utility District has filed another dilatory motion, a motion to strike. That motion seeks to strike much of the matter pleaded by the United States - matters concerning which the Court is entitled to know, matters vital to the rendition of justice, matters ultimately to be resolved in this litigation.

After the selective pruning of certain allegations contained in the reply, defendant moves to strike them. That course has been taken without regard to the principles which prevail respecting modern pleading. For such

- 1 -

719

assistance as it may be to the Court, consideration will be given to those principles as they relate to the pending motion.

This recent and authoritative statement on the subject has been made:

"The rules do not specifically authorize or prohibit the pleading of conclusions. * * *

"In truth, if a pleading is sufficiently definite to give fair notice, it is immaterial whether it sets forth facts or conclusions."

From the same source:

"Under the Rules of Civil Procedure, however, a statement of claim may plead conclusions if the conclusions are relevant and raise issues, or if the complaint gives fair notice of claim, shows that the pleader is entitled to relief and complies with the Rules of Civil Procedure in all respects." [1]

Although not clear from the motion or authorities, it appears to have been filed pursuant to the Federal Rules of Civil Procedure Rule 12 (f). That provides for motions to strike "redundant, immaterial, impertinent or scandalous matter." When read in context the phrases and excerpts which are attacked, it is respectfully submitted, do not come under any of the specified headings. Thus it is necessary to turn to the guides which the courts have adopted in considering motions of the character here involved.

It has been recently stated: "At the outset, attention may well be directed to recent judicial declarations that motions to strike under Rule 12 (f) are not favored and will be granted only when the allegations have no possible relation to the controversy, and a failure to strike will unduly prejudice the adverse party." [2] From the same source is taken this authoritative comment: "Where no harm can come to the defendant ordinarily the court is very cautious about disturbing the pleading, unless the court can see that the allegations have no possible bearing upon the subject matter of litigation."

---

[1]/ Cyc. Fed. Proc., 3d ed. Vol. 4, Sec. 14.177, pages 223, 224.

[2]/ Cyc. Fed. Proc., 2d ed., vol. 5, sec. 1774, page 424.

1      It has likewise been declared: "The motion is not intended to furnish
2 an opportunity for the determination of disputed and substantial questions of
3 law." 3/  Recently, Judge McCarthy, speaking for the court, made this statement:
4 "Any doubt should be resolved in favor of the pleading, especially when it would
5 be more satisfactory to determine the sufficiency of the defense after more facts
6 are known. The court to which a motion to strike under Rule 12 (f) is addressed
7 has a wide measure of discretion. * * * The question will not be decided summarily.
8 Refusal of the motion will not prejudice the plaintiff and may be of assistance
9 in a final determination of the complex issues involved." 4/
10     Premised upon those authorities the motion of defendant will be
11 examined.
12     In defendant's answer, to which the reply of the United States was
13 directed, there appeared this statement: "this defendant denies that it has
14 unlawfully interfered with the rights of the United States of America; * * *." 5/
15 Replying to that statement, the United States alleges that the defendant "in direct
16 violation of the rights * * * of the United States" installed a dam in the Santa
17 Margarita River. Thus, defendant would strike a response to its allegation that
18 it has not "unlawfully interfered." One can but respectfully inquire as to the
19 character of reply which may be made to a conclusion pleaded by defendant other
20 than in the manner adopted. Objection is made that the United States pleads
21 that the defendant "has illegally and in violation of the rights of the United
22 States" installed the dam in question. Again an excerpt from a sentence is
23 attacked. Read in context the pleading sets forth a vital issue to be resolved
24 in this litigation.
25     It would be of no assistance to take each of the allegations which
26 defendant has stripped from context and restate them to the Court. 6/ When
27 read in the reply, it is respectfully submitted, they clarify the issues in the

---

3/ Federal Practice and Procedure, Rules Ed., Barron and Holtzoff, Sec. 369, p.755.
4/ Doble v. Standard Brands, Inc., 11 F.R.D. 200, 202 (U.S.D.C.D. Mass, 1951).
5/ Answer of Fallbrook Public Utility District, Par. II, page 1, line 32; page 2, line 1.  Motion to Strike, Par. I and II.
6/ Fallbrook Public Utility District, Motion to Strike, par. III, IV, V, VI, VII.

-3-

721

case - the objective for which the additional pleadings were ordered. To strike them would defeat the end sought to be accomplished. In that regard the courts have been very circumspect in the exercise of the power to strike. For "It should be noted, that under subdivision (f) a court should hesitate to strike matter unless it clearly appears to be 'redundant, immaterial, impertinent or scandalous.'" [7/] Under the circumstances this Court is respectfully requested to permit the reply of the United States to remain unchanged and deny the motion in question.

Next, the Fallbrook Public Utility District moves to strike the word "allegedly" which is used in the reply.[8/] No authority for the proposition is offered. Certainly the reference purportedly in support of the motion in no way pertains to the term or the manner in which it is used. It is respectfully submitted that there is no authority for the proposition. This reference may assist the movant:

Webster's New International Dictionary, Second Edition, Unabridged -

| The Word | The Meaning |
|---|---|
| Allege - | To state under oath; to plead in court. |
| Allegation - | Act of alleging or asserting, especially of asserting positively. |
| Allegedly - | By, or according to, allegation. |

It is understood that the District has alleged certain matters. A motion to strike is no substitute for a request for admissions or stipulation.

Finally, this from a movant to strike legal conclusions: "The allegations [?] are also in conflict with the stipulation between Plaintiff and the State of California that State laws should govern Plaintiff's rights." [9/] In no sense stated captiously: By what reasoning could the word "allegedly" as used be construed in conflict with the Stipulation between the United States of America and the State of California? Similarly, how could an allegation that the adverse claims of the Fallbrook Public Utility District constitute a cloud on the title of the United States be in conflict with the Stipulation? Manifestly the

---

7/ Moore's Federal Practice, Vol. 1, Sec. 12.08, page 660.

8/ Fallbrook Public Utility District, Motion to Strike, paragraphs VIII and X.

9/ Fallbrook Public Utility District, Points and Authorities, page 2, paragraph 2.

- 4 -

722

1  defendant is seeking to create issues which do not exist - create an impasse
2  where none exists. Let it be emphasized: Unless intentionally created by those
3  fearful of having their rights tested in this Court, there is no controversy
4  between the two sovereigns. Their respective positions in the litigation are
5  resolved by the Stipulation in question. It is respectfully submitted that the
6  motion to strike the matters referred to is frivolous in the extreme and should
7  be denied.
8     In the memorandum in support, the defendant departs from the order
9  of presentation of the paragraphs in the motion. To avoid confusion the sequence
10 in the memorandum will be followed. There it is stated that the United States
11 in its reply makes reference to issues immaterial and impertinent to the issues
12 made by the present pleadings. 10/ That objection is directed to this phase of
13 the matter:
14     The Fallbrook Public Utility District has split its cause
15     or claim. In this action it pleads only one direct flow right
16     and one storage right. Yet to the Subcommittee of Congress
17     investigating this litigation two additional applications for
18     storage rights were claimed by the Fallbrook Public Utility
19     District. 11/ Those two applications for storage rights are
20     part of records of which, in this memorandum, the United States
21     is charged with notice.
22     Admittedly, neither right is here pleaded. Yet publicly
23     and repeatedly claims have been made under those applications.
24     If defendant is splitting its claim - abandoning the
25     claim to 20,000 acre-feet of water, this Court and the
26     United States are entitled to know it.
27 Manifestly, a motion to strike should not remove one of the issues of the case.
28 ─────────────────────────
29 10/ Fallbrook Public Utility District, Points and Authorities, page 2, paragraph 3.
30 11/ Hearings of Special Subcommittee on Irrigation and Reclamation of the
         Committee on Interior and Insular Affairs of the House of Representatives
31       held on August 13 and 14, 1951, page 24, page 30.
32

1   Hard pressed, defendant next wishes to strike certain phases of the
2   reply because: "the Plaintiff [United States of America] is setting up matters
3   in the several paragraphs * * * which are directly contrary to the Plaintiff's
4   [United States of America] stipulation with the State of California on file
5   herein, and as such constitute an act of bad faith on Plaintiff's [United States
6   of America] part." 12/ There are two complete answers to that specious phase
7   of defendant's motion and memorandum:

    1. It is untrue that the allegations in the reply are
contrary to the Stipulation - it is untrue that the United
States of America has engaged in bad faith.

    2. The motion to strike, as the cited rules and
authorities clearly disclose, was never intended to test
the vital and substantive issues of the case or to test
a stipulation, or "alleged" bad faith of the United States
of America.

Again by selective pruning the defendant strains to create an issue. 13/ Stripping
from context certain words from a paragraph, the defendant alleges they "could
not be true factually, physically or legally." 14/ It is respectfully recommended
that the paragraph of the reply be considered as a whole and that from it will be
revealed the tenuous character of the defendant's motion which this Court is
respectfully requested to deny.

    The defendant would have this Court strike that phase of the reply
relating to the Stipulated Judgment. Apparently movant fails to recognize what
is stated. This feature which defendant would like to ignore:

    "Were it not for the Stipulated Judgment requiring releases of
water by the Vail Estate, the legal demands of which greatly
exceed the available supply of water, the Santa Margarita River
for the greater part of the year would be dry * * *." 15/

---

12/ Fallbrook Public Utility District, Points and Authorities, pp. 2 and 3, par 4.
    Motion to Strike, Par. IX, XI, XII, XIII, XVII, XXV.
13/ Fallbrook Public Utility District, Motion to Strike, paragraph XVIII.
14/ Fallbrook Public Utility District, Points and Authorities, p. 3, par. 5.
    Motion to Strike, Par. XIV, XV, XVI.
15/ Reply of United States of America to Fallbrook Public Utility District
    Answer, paragraph VI. Motion to Strike of Fallbrook Public Utility District,
    Par. XIX, XX.

1  Though the Fallbrook Public Utility District is diverting water which the Vails
2  deliver to the United States, and the United States demands that it desist, the
3  defendant would have the paragraph stricken. That is "contract" water –
4  "developed" water, water which is delivered to the United States by reason of
5  the contractual obligations of the Vails. Water which would not be in the
6  stream were it not delivered there for the United States. Quite understandably
7  the defendant would like not to be confronted with that fact. It is respectfully
8  submitted, however, that the matter is vital to the litigation – it is a
9  substantive matter which may not be reached by the motion in question.

10  Finally, the defendant moves to strike a large portion of the reply
11  as being contrary to the laws of the State of California.[16] It is respectfully
12  submitted there is no basis whatever for the assertion or for the motion to
13  strike. A reading of the paragraphs mentioned reveals that defendant would
14  have this Court strike many of the allegations respecting the underlying and
15  salient issues of the case. No authorities are cited for the proposition.
16  It is respectfully submitted, there is none.

17  Accordingly, it is respectfully requested, premised on the review
18  of the authorities, that this Court deny this motion and that the matter be set
19  for an early trial.

WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

Dated: Jan. 30, 1952

BETTY MARSHALL GRAYDON
Assistant United States Attorney

Receipt of copy of the within
Memorandum is hereby acknowledged
this 30 day of January, 1952.
SWING, SCHARNIKOW & STANIFORTH by
Attorneys for Defendant

---

[16] Fallbrook Public Utility District, Motion to Strike, Par. XXI, XXII, XXIII, XXIV, XXV.

725