IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

John R. Plumley and
Elizabeth A. Plumley

7039 Templeton Street

Huntington Park, California

No Telephone

In Pro Per


FILED
JAN 31 1952
EDMUND L. SMITH, Clerk
By /s/ [signature]
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | No. 1247 |
| vs. | ANSWER |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants | |

Come now the defendants John R. Plumley and Elizabeth A. Plumley and answering plaintiff's complaint generally and specifically for themselves alone and for no other defendant admit, deny and allege:

I

Except as herein otherwise specifically admitted or alleged these defendants deny generally and specifically each and every material allegation contained in plaintiff's complaint.

II

These defendants are and at all times herein mentioned have been husband and wife and fee title owners of that certain real property in the County of Riverside, State of California, described as:

    Fractional Section Five (5) being Government Lots One (1), Two (2) and Three (3) of said Section Five (5) in Township Seven (7) South, Range Three (3) West, San Bernardino Base and Meridian

- 1 -

9069

III

2  Deny the allegations of Paragraph IV of the complaint and parti-
3 cularly that these defendants or either of them have in any manner or
4 at all interfered with the activities of the plaintiff through upstream
5 encroachments or otherwise, and are informed and believe and therefore
6 allege that the water rights of these defendants vested in them and
7 owned by them in connection with their said land are separate and dis-
8 tinct from any water rights or appropriations by plaintiff or its pre-
9 decessors in interest as referred to in the complaint, or that the use
10 by them of their vested water rights either has reduced or does reduce
11 or that the full exercise of their water rights would reduce either the
12 surface or underground flow of the Santa Margarita River or constitute
13 any encroachment on the alleged rights of the plaintiff.

IV

15  These defendants admit the adjudication alleged in Paragraph V
16 of the complaint but have no information or belief sufficient to enable
17 them to answer and therefore deny that the alleged adjudication and
18 stipulation were intended to or did to any extent or in any manner
19 whatsoever declare or adjudicate any water rights or shares belonging
20 to these defendants or to which they are entitled either in the waters
21 of the Santa Margarita River, or in any waters whatsoever, and that
22 neither these defendants nor their predecessors in interest were parties
23 to the suit in which said adjudication was made and said adjudication
24 insofar as the same included any water rights of these defendants,
25 either directly or indirectly, was not within the jurisdiction of said
26 court in said suit and is a nullity and void insofar as these defend-
27 ants or their rights are concerned.

V

 Admit the allegations of Paragraph VI of the complaint except deny
that the United States of America as successor to the interest of the
Rancho Santa Margarita is entitled to any rights, titles, interests and

privileges of said Rancho in and to the water rights and privileges referred to in plaintiff's complaint insofar as the water rights and privileges of these defendants are concerned, and all beneficial water rights belonging to and with the land owned by these defendants in and to the water in the Santa Margarita River water basin were abandoned and waived by the owners of said Rancho Santa Margarita a long time before said property was acquired by the United States of America and there was no succession by it to rights and privileges exercised by these defendants or to which they became and are entitled by the fee title ownership of the land owned by them.

## VI

Deny for lack of information or belief each and every allegation in Paragraph VIII of the complaint.

## VII

Deny generally and specifically each and every allegation in Paragraph IX of the complaint and particularly deny that they have repeatedly or at all through overt acts displayed their disregard or manifested any disregard for the rights of the United States of America or that they do declare or have declared their adverse claims in contravention of the rights of the United States of America, and in this connection allege that each and all of the rights of these defendants acquired, used and/or owned by these defendants in connection with their lands were at no time acquired by the United States of America, and the rights of the United States of America in this connection are not paramount to the rights of these defendants.

## FIRST SEPARATE DEFENSE

As a separate defense defendants allege:

## I

That with reference to water and water rights belonging to and held with the land owned by these defendants beneficial use of such water was developed and appropriated over thirty years ago and long

prior to the time of acquisition of said Rancho Santa Margarita by the United States of America, and insofar as the water rights of the said Rancho Santa Margarita are concerned these defendants are informed and believe and therefore allege that said water rights were consented to, approved, waived and abandoned by the owners thereof, if they had any rights therein or thereto, relative to defendants' land.

SECOND SEPARATE DEFENSE

As a second separate defense, defendants allege:

Defendants are informed and believe and therefore allege that all unacquired water rights within the State of California belong to and are under the jurisdiction of and within the sovereign rights of the State of California and have at no time been ceded to or acquired by the United States of America, and that this applies in particular to such unappropriated waters of the Santa Margarita River, its tributaries and water basin; defendants allege, however, that they fully recognize that the United States of America requires a sufficient supply of water for carrying on its activities, as alleged in plaintiff's complaint, and allege that if for that purpose any water rights or privileges of these defendants are required that the same may be taken by the United States of America by recognized proceedings of condemnation in which appropriate compensation for the same may be awarded to these defendants for their property rights as is contemplated by the terms of and specifically set forth in the Constitution of the United States of America, and that in any such proceedings these defendants would be accorded the privilege of waiving any such compensation for their property rights, if they so decide.

WHEREFORE, defendants pray that plaintiff take nothing by its action herein and for such judgment in their favor as may be proper in the premises.

Dated: January 29, 1952.

*John R. Plumley*
John R. Plumley

*Elizabeth A. Plumley*
Elizabeth A. Plumley

- 4 -

8072

STATE OF CALIFORNIA ) SS
COUNTY OF LOS ANGELES )

Sarah L. Arnolt, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business address is: Room 1122, 210 West 7th Street, Los Angeles 14, California, and that on the 29th day of January, 1952, affiant served the within answer on the plaintiff in said action, by placing a true copy in duplicate thereof/in an envelope addressed to the attorney of record for said plaintiff at the office address of said attorney, as follows:

> Betty Marshall Graydon
> Ass't United States Atty.
> 1405 Fifth Avenue, Room 301
> San Diego, California

and by then sealing said envelope and depositing the same, with postage fully prepaid, in the United States Post Office at Los Angeles, California, where is located the office of the attorneys for the person by and for whom said service was made.

That there is delivery service by United States mail at the place so addressed or there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me
this 29th day of January 1952.          Sarah L. Arnolt

_____
Notary Public in and for said
    County and State

My Commission Expires Oct. 30, 1954

STATE OF CALIFORNIA
COUNTY OF Los Angeles } ss.

John R. Plumley and Elizabeth A. Plumley, being by me first duly sworn deposes and says: That they are the defendants in the above entitled matter; that they have read the foregoing answer and knows the contents thereof, and that the same is true of their own knowledge except as to the matters and things therein stated on their information or belief, and that as to those matters and things they believes to be true

SUBSCRIBED AND SWORN to before me this 29th day of January 1952

*John R. Plumley*
*Elizabeth A. Plumley*

*H. M. Cineman*
(SEAL) Notary Public in and for the County of Los Angeles State of California

9074