SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendants named below

FILED
FEB 29 1952
EDMUND L. SMITH, Clerk
By /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff<br><br>Vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California, et al.,<br><br>           Defendants<br><br>PEOPLE OF THE STATE OF CALIFORNIA<br><br>           Defendants in<br>           Intervention | No. 1247 - Civil<br><br>ANSWER OF EARNEST M. LINCOLN<br>and JULIA K. LINCOLN, also<br>known as JULIA WIEKE;<br>and RHINA HAMILTON |

Come now the defendants EARNEST M. LINCOLN and JULIA K. LINCOLN, also known as JULIA WIEKE; and RHINA HAMILTON, and separating themselves from the other defendants, for answer to plaintiff's complaint herein, allege, deny and admit as follows:

FIRST DEFENSE

I.

The Defendants EARNEST M. LINCOLN and JULIA K. LINCOLN are husband and wife. That defendant Julia K. Lincoln prior to her marriage to defendant EARNEST M. LINCOLN, was also known as JULIA WIEKE, and is also sued herein as a defendant under that name.

-1-

9291

II

That defendant RHINA HAMILTON is the widow of Jack Hamilton, deceased.

III.

These defendants refer to and adopt by reference, as if herein repeated, the allegations, admissions and denials contained in the first defense of the answer of defendants FRANK R. CAPRA and LUCILLE W. CAPRA, on file herein, as fully and as completely as if said allegations, admissions and denials were herein set forth verbatim.

FOR A FURTHER, SEPARATE AND SECOND DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That defendants EARNEST M. LINCOLN and JULIA K. LINCOLN are husband and wife. That defendant Julia K. Lincoln prior to her marriage to defendant EARNEST M. LINCOLN, was also known as JULIA WIEKE, and is also sued herein as a defendant under that name.

II.

That defendant RHINA HAMILTON is the widow of Jack Hamilton, deceased.

III.

That these defendants are the owners of all those certain lots or parcels of real property situate, lying and being in the County of Riverside, State of California, more particularly hereinafter described. That the title to said real property is vested as follows: An undivided one-half interest in EARNEST M. LINCOLN and JULIA K. LINCOLN, husband and wife, as joint tenants; and an undivided one-half interest in RHINA HAMILTON, a widow. The property so owned by said defendants is the following:

-2-

9292

In the County of Riverside, State of California:

PARCEL 1:

    Those portions of the Murrieta Portion of the Temecula Rancho as shown by Map entitled "Map of the Temecula Land and Water Company," on file in Book 8, Page 359 of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds;

Beginning at the intersection of the center line of Adams Avenue with the center line of Date Street; thence Southwesterly on the center line of Date Street to the Southwesterly line of Lot 195 produced; thence Southeasterly on the Southwesterly line of Lot 195 to the center line of Cherry Street; thence Northeasterly on the center line of Cherry Street to the center line of Adams Avenue, thence Northwesterly on the center line of Adams Avenue to the point of beginning.

ALSO, beginning at the Southerly corner of Lot 199 of those said portions of the Murrieta Portion of the Temecula Rancho; thence Northeasterly on the Southeasterly line of said lot and on said line produced to the center line of Hayes Avenue; thence Northwesterly on the center line of Hayes Avenue to the center line of Fig Street; thence Southwesterly on the center line of Fig Street to the Southwesterly line of said Lot 199 produced; thence Southeasterly on said Southwesterly line of said lot to the point of beginning.

PARCEL 2:

    That portion of the Murrieta Portion of the Temecula Rancho, as shown by Map entitled: "Map of the Temecula Land and Water Company," on file in Book 8 Page 359

of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds:

Beginning at the intersection of the center line of Washington Avenue with the center line of Date Street; thence Northeasterly along the center line of Date Street to the center line of Adams Avenue; thence Northwesterly along the center line of Adams Avenue to the Northeasterly prolongation of the Northwesterly line of Lot 2, as shown by said Map; thence Southwesterly along the Northeasterly prolongation of the Northwesterly line of said Lot 2 to the center line of Washington Avenue; thence Southeasterly along the center line of Washington Avenue to the point of beginning.

PARCEL 3:

That portion of the Town of Linda Rosa, as shown by Map on file in Book 11 Page 528 of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds:

Beginning at the intersection of the center line of Hayes Avenue with the center line of Olive Street; thence Southwesterly along the center line of Olive Street to the Southwesterly line extended Northwesterly of Block 5, as shown by said map; thence Southeasterly along the Southwesterly line of Blocks 5, 6, 7 and 8, as shown by said map, to its intersection with the center line of Date Street; thence Northeasterly along the center line of Date Street to the center line of Hayes Avenue; thence Northwesterly along the center line of Hayes Avenue to the point of beginning.

PARCEL 4:

That portion of the Town of Linda Rosa as shown by Map

on file in Book 11 Page 528 of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds:

Beginning at the intersection of the center line of Hayes Avenue with the center line of Elm Street; thence Southwesterly along the center line of Elm Street to the Northwesterly extension of the Southwesterly line of Block 1, as shown by said Map; thence Southeasterly along the Southwesterly line of Blocks 1,2,3 and 4, as shown by said map. to its intersection with the center line of Olive Street; thence Northeasterly along the center line of Olive Street to the center line of Hayes Avenue; thence Northwesterly along the center line of Hayes Avenue to the point of beginning.

PARCEL 5:

That portion of the Town of Linda Rosa, as shown by Map on file in Book 11, page 528 of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds:

Beginning at the intersection of the center line of Washington Avenue and the Southeasterly line of Elm Street; thence Southwesterly along the Southeasterly line of Elm Street to the Northeasterly line of Douglas Avenue; thence Southeasterly along the Northeasterly line of Douglas Avenue to the center line of Olive Street; thence Northeasterly along the center line of Olive Street to the center line of Washington Avenue; thence Northwesterly along the center line of Washington Avenue to the point of beginning.

PARCEL 6: That portion of the Town of Linda Rosa, as shown

-5-

by Map on file in Book 11 Page 528 of Maps, in the office of the County Recorder of the County of San Diego, by metes and bounds:

Beginning at the intersection of the Southwest line of Douglas Avenue and the center line of Elm Street; thence Southwest along the center line of Elm Street to the center line of Hayes Avenue; thence Southeast along the center line of Hayes Avenue to the center line of Olive Street; thence Northeast along the center line of Olive Street to the Southwest line of Douglas Avenue; thence Northwest along the Southwest line of Douglas Avenue to the point of beginning.

IV.

That at all times since said real property has been owned and possessed by these defendants and prior to the filing of plaintiff's complaint herein, all of said real property has been held and operated as a single farming unit and the water resources appurtenant to said real property have been used on all of said lands for irrigation and for supplying the owners' needs and requirements for domestic and stock water.

V.

That said lands or real property are located in a semi-arid region of the country and are and would be barren, unproductive and of little value without water, but with water said lands are valuable and highly productive for agriculture and livestock purposes.

VI.

That the defendants' said lands are traversed by creeks and water courses, to-wit: the Murrieta Creek (also known as Margarita Creek) and Warm Springs Creek (also known as Hot Springs Creek) a tributary of the Murrieta Creek which, in turn, is a

-6-

9296

8

tributary of the Santa Margarita River. That all of said defendants' property is riparian to said Murrieta Creek and Warm Springs Creek. That although the surface flow in said creeks is intermittent for most of the year, they each do have a permenant subsurface flow. Also said lands overlie underground strata of water bearing sand and gravel through which percolates water which can and does furnish said lands with a substantial water supply which is and can be made available for use thereon by digging wells therein and pumping water therefrom.

VII.

That there are located on said property at the present time three (3) wells with a total productive capacity of more than 130 miners inches of water or in excess of 1500 acre-feet of water per annum. That water from said wells is now, and for many years past, has been used to supply the needs and requirements for irrigating said lands and furnishing stock water and domestic water for people living thereon. That more than twenty (20) acres of alfalfa is now growing thereon and being irrigated from said wells.

VIII.

That said property is highly improved with homes, barns, sheds, fences, irrigation system and fully equipped with tractors and other farm machinery adequate and sufficient to farm said lands in the modern and efficient manner. That the farmhouse located thereon represents an investment of approximately $10,000.00. That the three (3) wells thereon, together with pumps and motors for operating the same, represent an investment of approximately $10,000.00. That the farm machinery and equipment purchased for operating said farm represents a further investment of more than $10,000.00. That without said water said investments would be practically worthless.

-7-

IX.

That all of said lands are arable and suitable for cultivation and irrigation except the general channels of said Murrieta Creek and Warm Springs Creek, and are suitable for growing orchards, vegetables and field crops thereon and that it is the intent and purpose of these defendants to so use said land and to develop additional water resources adequate to supply all of said lands with water for domestic, stock and irrigation purposes.

X.

That these defendants are the owners, as against plaintiff, of a prescriptive right to beneficially use upon said lands for domestic, irrigation and stock water purposes, up to one hundred (100) acre-feet of water per annum, which said right is paramount to any of plaintiff's rights; That these defendants, as the owners of said riparian and overlying lands, are the owners, as against the plaintiff, of the right to divert from said creeks and streams upon their said property and to pump from the percolating water underneath said lands for beneficial use thereon, up to fifteen hundred (1500) acre-feet of water per annum which right is correlative with the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but these defendants' said right is paramount to all other rights or claims of right of Plaintiff in and to said waters.

FOR A FURTHER, SEPARATE AND THIRD DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That defendants EARNEST M. LINCOLN and JULIA K. LINCOLN are husband and wife. That defendant Julia K. Lincoln prior to her marriage to defendant EARNEST M. LINCOLN, was also known as JULIA WIEKE, and is also sued herein as a defendant under that name.

II.

That defendant RHINA HAMILTON is the widow of Jack Hamilton, deceased.

III.

That defendants RHINA HAMILTON and JULIA K. LINCOLN are the owners each of an undivided one-half interest in and to that certain real property lying and being in the County of Riverside, State of California, more particularly described as:

> Fractional South 1/2 and Lots 1 and 2 in the North-
> east 1/4; and Lots 1 and 2 in the Northwest 1/4,
> all in Fractional Section 3, Township 7 South,
> Range 3 West, S B M, containing 574.80 acres.

IV.

That said lands are situated in a semi-arid region of the country and are barren and unproductive and of little value without water, but with water said lands are valuable and highly productive for agriculture and livestock purposes.

V.

That said lands are traversed by unnamed creeks and water courses, tributaries of the Murrieta Creek which in turn is a tributary of the Santa Margarita River. That said lands are riparian to said unnamed creeks and water courses. That said unnamed creeks and water courses have only intermittent surface flow for most of the year but do have a permanent subsurface flow. That most of said lands also overlie underground strata of water

-9-

1  bearing sand and gravel through which percolates water which can
2  and does furnish said lands with a substantial water supply which
3  is and can be made available for use thereon by digging wells
4  therein and pumping water therefrom. Also there is a spring
5  located upon said property owned by these defendants and available
6  for use on said property.

## VI.

That said premises are improved with barnes, fences and other farm structures and for more than twenty (20) years said lands have been held and operated as a unit by these defendants and their predecessors in interest and the water resources belonging to said lands as aforesaid have been used interchangeably at all times on the several parts thereof, openly, continuously and under claim of right. That all of said land is arable and suitable for agriculture and for stock raising.

## VII.

That said defendants are the owners as against plaintiff of the right to divert from said creeks and streams for beneficial use upon their said property and to pump from the percolating water underlying said lands for beneficial use thereon, up to fifteen hundred (1500) acre-feet of water per annum, which right is correlative to the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but that said right of these defendants is paramount to all other rights and claims of of Plaintiff right/ in and to said waters.

FOR A FURTHER, SEPARATE AND FOURTH ANSWER THESE DEFENDANTS ALLEGE:

I.

That Defendant EARNEST M. LINCOLN and JULIA K. LINCOLN are husband and wife. That defendant JULIA K. LINCOLN prior to her marriage to Defendant EARNEST M. LINCOLN, was also known as JULIA WIEKE, and is also sued herein as a defendant under that name.

II.

That the Defendant JULIA K. LINCOLN, known as JULIA WIEKE, was, and ever since 1920 has been, the owner, as her sole and separate property, of all that certain real property situated, lying and being in the County of Riverside, State of California, more particularly described as:

> The East Half and the Southwest Quarter, of Section Nineteen (19) in Township Seven (7) South, Range One (1) East, San Bernardino Base and Meridian, containing 485 acres.

III.

That said defendant's said lands are traversed by unnamed creeks and water courses, tributaries of Spring Creek, which in turn is a tributary of Cottonwood Creek, which in turn is a tributary of Temecula Creek, which in turn is a tributary of the Santa Margarita River and said lands are riparian to said unnamed creeks and water courses. That said creeks and water courses on said lands have only intermittent surface flow for most of the year but do have a permanent subsurface flow. That most of said lands also overlie underground strata of water bearing sand and gravel through which percolates water which can and does furnish said lands with a substantial water supply which can be made available for use thereon by digging wells therein and pumping water therefrom.

-11-

IV

That there are no present wells on said property in use for the irrigation thereof but it is said defendant's intention and purpose to develop wells and utilize said water resources for the purpose of irrigating said lands. That of said 485 acres more than 200 acres thereof are arable and the remainder thereof is suitable for grazing and stock raising.

V.

That as the owner of said lands said defendant is the owner, against the Plaintiff, of the right to divert water from said creeks and water courses upon her said property and to pump from the percolating water underneath said lands for beneficial use thereon up to 800 acre-feet of water per annum which right is correlative with the right of plaintiff to take a reasonable amount of water of the Santa Margarita River for riparian purposes upon its riparian land but this defendant's said right is paramount to all other rights or claims of rights of plaintiff in and to said water.

-12-

9302

FOR A FURTHER, SEPARATE AND FIFTH DEFENSE THESE DEFENDANTS ALLEGE:

I.

That defendant RHINA HAMILTON is the widow of Jack Hamilton, deceased.

II.

That defendant RHINA HAMILTON is, and at all times herein mantioned was, the owner, as her sole and separate property, of all those certain pieces or parcels of real property situated, lying and being in the County of Riverside, State of California, more particularly described as follows:

PARCEL 1.

> Lots 5 and 6 of Block 3 of the Subdivision of Murrieta, as laid out and shown on the map of Temecula Land & Water Company, filed February 24, 1885, in Book 8, page 359 of maps in the office of the County Recorder in the County of San Diego.

PARCEL 2:

> Lots 5 and 6 of Block 2, amended map of No. 2, Doolittle's Addition to Murrieta, as filed April 14, 1891, in Book 14 of Maps page 663, in the office of the County Recorder of San Diego County.

PARCEL 3:

> That portion of the property of the Temecula Land & Water Company shown and described as Lot or Block 133 on Map of Temecula Land & Water Company filed in Book 8 page 359 of Maps, in the office of the County Recorder of San Diego County, excepting therefrom the following: beginning at the easterly corner thereof, thence Northwesterly 417.42 feet; thence Southwesterly 626.43 feet; thence Southeasterly 417.42 feet; thence northeasterly 624.43 feet more or less to the point of beginning, containing 33.99 acres.

-13-

9303

All of which lands are arable and are traversed by Warm Springs Creek, a tributary of Murrieta Creek, which in turn is a tributary of Santa Margarita River.

III.

That said lots 5 and 6 of Block 3 of said Murrieta Subdivision are improved with a business building occupied by the United States Post Office, which improvements include a well which supplies employees of the United States and others using Parcel 1, and also supplies water for the use of this defendant on Parcel 2. Said improvements represent an investment of over $10,000.00. That said Lots 5 and 6 of said Doolittle's Addition to Murrieta are improved by a 6-room house occupied by defendant Rhina Hamilton as her home. That said improvements represent an investment of over $10,000.00. That said parcel No. 3 has no improvements thereon, but is riparian to said Warm Springs Creek.

IV.

That said lands are located in a semi-arid region and are barren and unproductive and of little value without water but with water said lands are valuable and highly productive for business, residence, agriculture and livestock purposes.

V.

That all of said tracts or parcels of land overlie underground strata of water bearing sand and gravel through which percolates water which can and does furnish said lands and lots with substantial water supply which can be made available for use therein by digging wells therein and pumping water therefrom.

VI.

That this defendant, as the owner of said lots and parcels of real property is, as against plaintiff, the owner of the right to divert and take from said Warm Springs Creek and from said underground percolating water for beneficial use on said respective lots and parcels of land, up to ninety-five (95) acre-feet of water per

-14-

9304

annum, which right is correlative with the right of plaintiff to take and use a reasonable amount of water of the Santa Margarita River for riparian purposes upon its riparian lands but that this defendant's said right is paramount to all other rights or claims of right of plaintiff in and to said waters.

WHEREFORE these defendants pray:

1. That Plaintiff take nothing by its action.

2. That defendants EARNEST M. LINCOLN, JULIA K. LINCOLN and RHINA HAMILTON be found and declared to be the owners, as against Plaintiff, of the right to beneficially use upon the lands described in the further, separate and second defense herein of a reasonable amount of the waters of Warm Springs Creek and Murrieta Creek and of the waters percolating under their said lands up to the amount of one hundred (100) acre feet per annum which said right be declared to be paramount to any and all of Plaintiff's rights. That said defendants also be found and declared to be the owners, as against Plaintiff, of the right to divert from said creeks, for use on their said property and to pump from the percolating water underneath their said lands for beneficial use thereon, up to fifteen hundred (1500) acre-feet of water per annum which said right be declared to be correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands, but that these defendants' said rights be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

-15-

3. That Defendants RHINA HAMILTON and JULIA K. LINCOLN be found and declared to be the owners, as against Plaintiff, of the right to divert and beneficially use upon the lands described in the further, separate and third defense herein of a reasonable amount of the waters of the unnamed creeks and water courses upon said property and to pump from the percolating water underlying said lands for beneficial use thereon up to the amount if fifteen hundred (1500) acre-feet of water per annum, which right be declared to be correlative with the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but that said right be declared to be paramount to all other rights and claims of Plaintiff in and to said waters.

4. That the defendant JULIA K. LINCOLN, also known as JULIA WIEKE, be found and declared to be the owner, as against Plaintiff, of the right to divert and beneficially use upon the lands described in the further, separate and fourth defense herein of a reasonable amount of the waters of the unnamed creeks and water courses on said property up to the amount of eight hundred (800) acre-feet per annum and that said right be declared to be correlative with the right of Plaintiff to take a reasonable amount of the waters of the Santa Margarita River for riparian purposes for use on its riparian lands, but that this Defendant's said right be declared to be paramount to all other rights or claims of Plaintiff in and to said water.

-16-

9306

5. That the Defendant RHINA HAMILTON be found and declared to be the owner, as against the Plaintiff, of the right to divert and beneficially use upon the lands described in the further, separate and fifth defense herein a reasonable amount of the underground percolating water and the flow of the Warm Springs Creek for use on said lands, up to the amount of ninety-five (95) acre-feet per annum which right be declared to be correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses upon its riparian lands but that this Defendant's said right be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

6. That these Defendants have judgment for their costs incurred herein and for such other and further relief as may to the Court seem meet and proper.

DATED: February 27, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY *[signature]*

Attorneys for Defendants
EARNEST M. LINCOLN and JULIA K. LINCOLN, also known as JULIA WIEKE; and RHINA HAMILTON

RECEIVED copy of within
Answer this
29th day of Feb., 1952
Betty Marshall Graydon
Per K M Johnson
Attorneys for Plf

-17-

9307    19