```
SWING, SCHARNIKOW & STANIFORTH
         ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
      SAN DIEGO 1, CALIFORNIA
          FRANKLIN 9-1131
```

Attorneys for Defendants ELIZABETH H.
             WILLIAMS and W. H. WILLIAMS



FEB 29 1952

EDMUND L. SMITH, Clerk

By ..................
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff ) | No. 1247 - Civil |
| Vs. ) | ANSWER OF ELIZABETH H. |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) a public service corporation of the ) State of California, et al., ) | WILLIAMS and W.H. WILLIAMS. |
| ) Defendants ) |  FEB 29 1952 |
| PEOPLE OF THE STATE OF CALIFORNIA ) ) Defendants in ) Intervention ) | EDMUND L. SMITH, Clerk By............................ DEPUTY CLERK |

Comes now the defendants ELIZABETH H. WILLIAMS and W. H. WILLIAMS, and separating themselves from the other defendants, for answer to Plaintiff's complaint herein, allege, deny and admit as follows:

FIRST DEFENSE

I.

These defendants refer to and adopt by reference, as if herein repeated, the allegations, admissions and denials contained in the first defense of the answer of defendants FRANK R. CAPRA and LUCILLE W. CAPRA, on file herein, as fully and as completely as if said allegations, admissions and denials were herein set forth verbatim.

-1-

9308

FOR A FURTHER, SEPARATE AND SECOND DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That defendant ELIZANETH H. WILLIAMS and defendant W. H. WILLIAMS at all times herein mentioned were and are husband and wife.

II.

That these defendants are the owners of and in possession of all that certain real property situate, lying and being in the County of San Diego, State of California, more particularly described as follows:

All that portion of the North Half of the Southeast Quarter of the Southeast Quarter of Section 18, Township 9 South, Range 3 West, San Bernardino Meridian, according to U. S. Government Survey approved Sept. 11, 1879, described as follows:
Beginning at the Northeast corner of said Southeast Quarter of the Southeast Quarter; thence along the East line of said Section 18 South 0° 42'40" East 668.45 feet to the Southeast corner of said North Half of the Southeast Quarter of the Southeast Quarter; thence along the South line of said North Half South 89° 32' 30" West 694.43 feet to the true point of beginning; thence parallel with the East line of said Section 18 North 0° 42' 40" West 308.56 feet; thence South 89° 26' 20" West 100 feet; thence parallel with said East line of Section 18 South 0° 42' 40" East 120.24 feet; thence South 89° 48' 20" West 332.78 feet more or less to the East line of the West 180 feet of said North Half; thence along said East line South 0° 24' 30" East 189.68 feet to the South line of said North Half; thence along said South line North 89°32'30" East 433.76/feet more or less to the true point of beginning.

-2-

That the title to said property is held by said defendants as joint tenants.

III.

That said property is improved with a three-bedroom house, double garage and a work shop representing an approximate expenditure of $10,000.00.  It is also planted to avocado trees, fruit trees and field and vegetable gardens of various kinds and that all of said lands are suitable for such purposes.

IV.

That said lands lie in a semi-arid region and would be barren and of little value without water, but with water is highly productive and valuable.

V.

That underneath said lands exists a water bearing strata of sand, gravel and decomposed granite through which percolates substantial quantities of water and furnishes to said lands an adequate source of water which can be obtained for use thereon by digging wells therein and pumping water therefrom.

VI.

That these defendants are not, and up to date have not used said underground percolating water for the purpose of meeting their domestic and irrigation requirements and at this time have no well on said property for the diversion and use of said underground percolating water.  These defendants have received and are now receiving, the water required for their purposes for use on said property from the Fallbrook Public Utility District, a public utility district duly organized and existing under and by virtue of the laws of the State of California.  That one of the principal sources of supply of water through which said district receives water to serve this defendant is the Santa Margarita River.  That the Plaintiff in this action has sued said Fallbrook Public Utility District and seeks to enjoin it from diverting any water from said

SantaMargarita River to which Plaintiff claims a paramount right. That in the event that Plaintiff should be successful and Fallbrook Public Utility District should be enjoined from taking any water from the SantaMargarita River said district will, as these defendants are informed and believe, have an insufficient supply of water to supply its customers and land owners within said District, including these defendants, with their requirements and these defendants would in that event be compelled to rely upon said underground percolating water as their source of supply and would be obliged to dig one or more wells on said property for the purpose of securing water therefrom by pumping from said underground percolating water for use thereon.

VI.

That these defendants, as the owners of said property, are the owners of the right to the use of a reasonable amount of underground percolating water which exists under said property for beneficial use thereon up to not less than Eight(8) acre-feet per annum. That said right is correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but these defendants' said right right is paramount to all other rights or claims of right of Plaintiff in and to said waters.

WHEREFORE defendants pray:

1. That Plaintiff take nothing by its action.

2. That these defendants be found and declared to be the owners, as against Plaintiff, of the right to beneficially use on said lands a reasonable amount of the waters percolating under said lands up to not less than Eight (8) acre-feet per annum ; and that said right be found and declared to be correlative with the right of Plaintiff to use a reasonable amount

-4-

9311

of the waters of the Santa Margarita River on its said riparian lands for riparian purposes, but that as against all other rights and claims of Plaintiff to the waters of said Santa Margarita River and its tributaries, the said rights of these Defendants be declared paramount thereto.

3. That these Defendants have judgment for their costs incurred herein and for such other and further relief as the Court may deem meet and proper.

DATED: February 28 1952.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendants

ELIZABETH H. WILLIAMS and W. H. WILLIAMS.

RECEIVED copy of within Answer this 19th day of Feb., 1952
Betty Marshall Graydon
for R. M. Johnson
Attorneys for Plf

-5-

9312

24