```
                                    (SPACE BELOW FOR FILING STAMP ONLY)

 1   SWING, SCHARNIKOW & STANIFORTH
            ATTORNEYS AT LAW
 2   604 SAN DIEGO TRUST & SAVINGS BUILDING
         SAN DIEGO 1, CALIFORNIA
              FRANKLIN 9-1131
 3
                                                 FILED
 4
                                                FEB 29 1952
 5   Attorneys for Defendants JOSEPH M. NICOLAS
         and SERAPHINA NICOLAS              EDMUND L. SMITH, Clerk
 6                                          By _____
                                                  DEPUTY CLERK
 7
```



IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | No. 1247 - Civil |
| Vs. ) | ANSWER OF JOSEPH M. |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) a public service corporation of the ) State of California, et al., ) | NICOLAS and SERAPHINA NICOLAS |
| Defendants ) | |
| PEOPLE OF THE STATE OF CALIFORNIA ) | |
| Defendants in ) Intervention ) | |

Comes now the defendants JOSEPH M. NICOLAS and SERAPHINA NICOLAS, and separating themselves from the other defendants, for answer to Plaintiff's complaint herein, allege, deny and admit as follows:

FIRST DEFENSE

I.

These defendants refer to and adopt by reference, as if herein repeated, the allegations, admissions and denials contained in the first defense of the answer of defendants FRANK R. CAPRA and LUCILLE W. CAPRA, on file herein, as fully and as completely as if said allegations, admissions and denials were herein set forth verbatim.

-1-

9313

FOR A FURTHER, SEPARATE AND SECOND DEFENSE, THESE DEFENDANTS ALLEGE:

I.

That defendants JOSEPH M. NICOLAS and SERAPHINA NICOLAS are husband and wife.

II.

That the following described real property has been in the family of defendant JOSEPH M. NICOLAS for more than seventy (70) years, formerly being the property of his parents on which they resided and on their death, over forty (40) years ago, passed on to him, who ever since which time has been and now is the owner thereof and residing thereon. Said property consists of all those certain lots or parcels of land situate, lying and being in the County of Riverside, State of California, more particularly described as follows:

> The Northeast quarter of Section 19; Fractional Southeast quarter of Section 19; South Half of Section 20; Northeast Quarter of Section 29; Fractional Northwest Quarter of Section 29; Fractional Southeast Quarter of Section 29; also 3.82 acres in the northeast corner of the Northeast Quarter of Section 30; All in Township Seven (7) South, Range two (2) West, San Bernardino Base & Meridian, containing nine hundred fifty (950) acres, more or less.

III.

That these defendants own and are in possession of all that certain real property situate, lying and being in the County of Riverside, State of California, more particularly described as

> The South Half of the North Half of Section 20, Township Seven (7) South, Range two (2) West, San Bernardino Base and Meridian, containing one hundred sixty (160) acres more or less

That said real property stands on record in the name of

-2-

9314

1  SERAPHINA NICOLAS. The last described property ever since its
2  acquisition by these defendants in 1943, has been and now is held
3  and farmed as a unit with the property described and set forth
4  in Paragraph II hereof. That more than ninety (90%) percent of
5  all of said property set forth in Paragraphs II and III hereof is
6  arable and suitable for cultivation and the remainder thereof is
7  suitable for stock raising and grazing.

                                    IV.

9     That these defendants are also the owners of and in posses-
10 sion of that certain lot or parcel of land situate, lying and
11 being in the County of Riverside, State of California, more
12 particularly described as

   The westerly 330 feet of the Easterly 660 feet of Lot
   Nine (9), Block "A", the westerly and easterly lines
   thereof being parallel with the Easterly lines of said
   Lot 9, all in Murrieta Eucalyptus Co. Tract, as per map
   thereof on file in Book 6, page 73 of Maps in the office
   of the County Recorder of said Riverside County, Califor-
   nia, the Easterly boundary line being 330 feet from the
   center line of Kalima Street.

21 That said last described land stands of record in the name of
22 JOSEPH M. NICOLAS and all of it is arable and suitable for cul-
23 tivation and for raising crops thereon.

                                     V.

25     That all of the aforedescribed property is located in a
26 semi-arid region and said lands are and would be barren and un-
27 productive and of little value without water but with water said
28 lands are valuable and highly productive for agriculture and stock
29 raising purposes.

                                    VI.

31     That all of the lands described in Paragraphs II and III
32 hereof have at all times herein mentioned since their acquisition

-3-

9315

by these defendants, been held and farmed as a single unit by these defendants.

### VII.

That said lands described in Paragraphs II and III hereof have been and are improved, there being situated thereon a six-room dwelling house, the home of these defendants and their several children; also on said lands are barns, sheds, fences, farming machinery and equipment necessary and essential to the successful operation thereof. That these defendants have kept upon said premises a large number of livestock and at the present time there is upon said premises approximately thirty (30) head of cattle, eight hundred (800) chickens, eighteen (18) sheep, which is less than the number that is usually maintained thereon.

### VIII.

That there exists on said premises, to-wit: on the Southwest Quarter of the Southwest Quarter of said Section twenty (20) a well equipped with pump and motor and also a windmill. That said well has a capacity of ten (10) gallons per minute and has been in operation and the water therefrom used on said premises by these defendants and their predecessors in interest up to the full capacity thereof for domestic, stock water and irrigation purposes, openly, continuously, adversely and under claim of right for more than sixty-five (65) years last past.

### IX.

That the lands described in Paragraphs II and III hereof are traversed by the Santa Gertrudes Creek, also known as the Santa Petrussia Creek and are riparian thereto.

### X.

That all of the lands described in Paragraphs II, III and IV are underlaid with strata of water bearing sand, gravel and decomposed granite through which a substantial quantity of water percolates and from which can be secured an adequate supply of

-4-

9316

water for use on said land by digging wells therein and pumping water therefrom.

XI.

That these defendants, as the owners of the land described in Paragraphs II and III hereof are the owners, as against the Plaintiff of a prescriptive right to the beneficial use upon said lands, for domestic, irrigation and stock water purposes up to ten (10) acre-feet of water per annum, which said right is paramount to any of Plaintiff's rights; that these defendants, as the owners of said lands riparian to said creek and overlying said underground percolating water, are the owners, as against Plaintiff, of the right to divert from said creek and to pump from the water percolating underneath said lands, for beneficial use thereon up to 2000 acre-feet of water per annum, which said right is correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands, but that the said right of these defendants is paramount to all other rights or claims of rights of Plaintiff in and to said waters. That these defendants, as the owners of the lands described in Paragraph IV hereof, are the owners, as against Plaintiff, of the right to take from the waters percolating underneath their said land, a reasonable amount thereof for use thereon up to 25 acre-feet of water per annum, which said right is correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes on its riparian lands but that the right of these defendants is paramount to all other rights or claims of right of Plaintiff in and to said waters.

WHEREFORE these defendants pray:

1. That Plaintiff take nothing by its action.

-5-

9317

2. That these defendants be found and declared to be the owners, as against Plaintiff, of a prescriptive right to beneficially use upon the lands described in Paragraphs II and II of the Further, Separate and Second Defense, for domestic, irrigation and stock water purposes up to ten (10) acre-feet of water per annum and that said right be declared to be paramount to any of Plaintiff's rights; that these defendants also be found and declared to be the owners, as against Plaintiff, of the right to beneficially use upon said lands for domestic, irrigation and stock water purposes, up to Two Thousand (2000) acre-feet of water per annum and that said right be declared to be correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but that said right be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

3. That these defendants be found and declared to be the owners, as against Plaintiff, of the right to beneficially use upon the lands described in Paragraph IV of the Further, Separate and Second Defense herein of a reasonable amount of the waters percolating underneath said lands for domestic, irrigation and stock water purposes thereon up to twenty-five (25) acre feet of water per annum and that said right be declared to be correlative with the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for

riparian purposes on its riparian lands but that said right be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

4. That these defendants have judgment for their costs incurred herein and for such other and further relief as the Court may deem meet and proper.

DATED: February 29, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for defendants
JOSEPH M. NICOLAS and
SERAPHINA NICOLAS

RECEIVED copy of within Answer this 29 day of Feb, 1952

Betty Marshall Graydon
Per R. M. Johnson
Attorneys for Plf

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

9319