(SPACE BELOW FOR FILING STAMP ONLY)

RAY C. EBERHARD
~~XXXXXXXXXXXXXXX~~
ATTORNEYS AT LAW
~~630 SOUTH 7TH SPRING STREET~~
LOS ANGELES 14
~~MICHIGAN 9058~~
1231 Bartlett Bldg.
215 West 7th Street
MAdison 1431

Attorneys for Defendants Samuel M.
Wilson and Hazel A. Wilson

# FILED

MAR 4 - 1952

EDMUND L. SMITH, Clerk
By _Charles A. Hertz_
Deputy Clerk

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. 1247 - Civ. |
| vs. ) | ANSWER OF SAMUEL M. WILSON |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) a public service corporation of the State of California, et al., ) | and HAZEL A. WILSON |
| Defendants. ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COME NOW defendants Samuel M. Wilson and Hazel A. Wilson,
and in answer to the complaint herein:

I

Allege that they are without knowledge or information
sufficient to form a belief as to the truth of plaintiff's allegation
that the above entitled action was commenced or the complaint was
filed "at the request of the Secretary of the Department of the Navy"
and on that ground deny such allegation.

II

Answering Paragraph I, deny that an actual controversy,
or any controversy, had arisen between the United States of America
and these defendants, or either of them, as to the matters, or any of
the matters referred to in said Paragraph I.

9337

### III

1         Answering Paragraph II of the complaint, these defendants
2   admit that the United States of America acquired the Rancho Santa
3   Margarita at the times alleged in said Paragraph and thereafter
4   developed and installed the military establishments and constructed
5   the facilities referred to, in said paragraph, on portions of said
6   Rancho, but these defendants are informed and believe, and, therefore,
7   allege the fact to be that the said military establishments do not
8   occupy all of the 135,000 acres acquired by the United States in the
9   Counties of San Diego and Orange, State of California, nor are all
10  of said 135,000 acres utilized for military purposes, but that
11  several thousand acres of land, the exact amount being unknown to
12  these defendants, has been, at all times since said property was ac-
13  quired by the United States, and now is occupied, used and devoted
14  to commercial farming, said land being rented out in varying sized
15  tracts to various private persons, firms and corporations for that
16  purpose.  These defendants and each of them are without knowledge
17  or information sufficient to form a belief as to the truth of the
18  remaining allegations contained in said paragraph and, therefore,
19  deny each and every other allegation.

### IV

20        Answering Paragraph III of the complaint, these defendants
21  allege that they and each of them are without knowledge or informa-
22  tion sufficient to form a belief as to the truth of the facts alleged
23  therein and, therefore, deny all the allegations of said paragraph.
24  However, these defendants allege that if it be true that the State of
25  California has ceded any jurisdiction to the United States of
26  America over said land, such cession was only operative and effective
27  to the extent and for the time that said tract of land was to be
28  used and actually was used for the purpose of erecting and maintain-
29  ing forts, magazines, arsenals, dockyards and other needful buildings
30  thereon and was not intended to, and in fact did not, extend to the

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

9338

1   thousands of acres of land occupied, used and devoted to commercial
2   farming by private persons which these defendants are informed and
3   believe to be the fact ever since the government acquired said land.

V

5           Answering Paragraph IV, admit that the Santa Margarita
6   River traverses a portion of the property of plaintiff, but allege
7   that said river is a non-navigable stream lying entirely within the
8   State of California, and that the right to the use of the waters
9   thereof is determined and controlled solely by the laws of the State
10  of California; admit that Santa Margarita River is an intermittent
11  stream which does not flow as a continuous surface stream, and that
12  in dry seasons the surface stream customarily and ordinarily disap-
13  pears into the sands and gravel of its bed and channel at a point
14  approximately eight miles from the ocean, and that it later reappears
15  as a surface stream and flows as a surface stream, but diminishes in
16  volume to its confluence with tide water.  In that connection defen-
17  dants allege that at various places above plaintiff's property said
18  river disappears as a surface stream and sinks into the sands and
19  gravel of one or more of the numerous basins which exist underneath
20  each of the valleys which are found along said river and along its
21  several tributaries before said river enters the property of plain-
22  tiff.  Defendants further allege that no portion of any of such
23  basins forms any part of any basin or basins which underlie plain-
24  tiff's property.  Defendants deny that they, or either of them, or
25  any activities of defendants, or either of them, have encroached
26  upon any rights of plaintiff or have reduced the quantity of water
27  available to the United States of America from the subterranean sources
28  mentioned in said paragraph, or that there has been a reduction in
29  the surface flow of the Santa Margarita River through any acts or
30  activities or use of water by these defendants, or either of them,
31  or that any act or acts of these defendants, or either of them, has
32  damaged or in any way interfered with any rights or property of

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

- 3 -

124

1 plaintiff.  Defendants allege that, if it is true that there exists
2 a threat of salt water intrusion into the basin or basins in which
3 plaintiff's wells are located, or if it is true that two of plain-
4 tiff's wells have been destroyed by reason of that intrusion, such
5 injury, or threatened injury, was not the result of the activities
6 of these defendants, or either of them, nor brought about through
7 any use of water or acts or activities of defendants, or either of
8 them, but was, in part at least, the result of a severe and pro-
9 tracted drought affecting all of Southern California and affecting
10 not only the wells of plaintiff but all wells in the Santa Margarita
11 watershed and also wells in every other watershed throughout Southern
12 California.  Furthermore, defendants are informed and believe, and,
13 therefore, allege the fact to be, that plaintiff's injury, or
14 threatened injury, if any, was brought about principally as the
15 direct result of plaintiff's misuse of the basin or basins under-
16 lying its said property and mismanagement of its said wells and the
17 operation thereof and in the misuse and misapplication of the water
18 produced therefrom and the wrongful, excessive and unreasonable
19 diversions and uses and places of use of said water, including the
20 exportation by plaintiff of large quantities of said water beyond
21 the basin and watershed of said Santa Margarita River from whence
22 said water, or any part thereof, could never return.

23         Defendants allege that they do not have knowledge or infor-
24 mation sufficient to form a belief as to the truth of the allegations
25 of said Paragraph IV not herein specifically admitted and on that
26 ground deny generally and specifically each and every such other
27 allegation in said paragraph contained.

28                          VI

29         Answering Paragraph V of the complaint, these defendants
30 admit the trial of the suit referred to in said paragraph being
31 Action No. 42850 in the Superior Court of the State of California, in
32 and for the County of San Diego, but allege that the decision of the

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
630 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

                          - 4 -                        S340

                                                              125

1   trial court was reversed by the Supreme Court of the State of

2   California (Rancho Santa Margarita vs. Vail, 11 Cal. (2nd) 501) and

3   thereafter a Stipulation or Agreement was entered into between the

4   plaintiff in said action and the defendant Vail interests calling

5   for the entry of the stipulated judgment therein, a copy of which

6   is attached to and made a part of the plaintiff's complaint as

7   Exhibit "A".  These defendants deny that the parties to said litiga-

8   tion declared their rights or fixed their aliquot shares of all the

9   waters of the Santa Margarita River, premised upon the findings of

10  the trial court or upon the decision of the California Supreme Court

11  when the matter was on appeal before it.  These defendants deny that

12  they or their predecessors in interest, were parties to said suit

13  or to said stipulation and deny that any of the rights of these de-

14  fendants in the Santa Margarita River or its tributaries were adju-

15  dicated in said suit or fixed by said judgment.  These defendants

16  allege that they are not bound in any way by said Stipulated Judg-

17  ment, nor are their rights limited or controlled by it.  That these

18  defendants and each of them are without knowledge or information suf-

19  ficient to form a belief as to the truth of the remaining allegations

20  in said paragraph and therefore deny each and all the said other

21  allegations.

22                              VII

23          Answering Paragraph VI, allege that they are without

24  knowledge or information sufficient to form a belief as to the truth

25  of the allegation that plaintiff is the successor in interest of the

26  Rancho Santa Margarita and to the judgment referred to in said para-

27  graph and on that ground deny such allegation.  Defendants further

28  deny that plaintiff is entitled to, or can claim as against them,

29  any right, title, interest or privilege reported to have been given

30  to said Rancho Santa Margarita in the proceeding referred to in said

31  paragraph, or that plaintiff is entitled to or can claim as against

32  these defendants any more water than the correlative share of the

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

- 5 -

waters of said stream which is or may be reasonably required for ri-
parian uses and purposes on that portion of plaintiff's lands which
may be actually riparian to said stream, and that defendants are
informed and believe and, therefore, allege that such amount of
water does not exceed 2500 acre feet of water per annum, and that
plaintiff's rights are limited in any event to the proportion of the
water of said stream allocable to the purposes in this paragraph set
forth, taking into account the rights of other owners and users of
water from said stream.

VIII

Answering Paragraph VII of the complaint, these defen-
dants allege that they are without knowledge or information suf-
ficient to form a belief as to the truth of the allegations therein
contained and, therefore, deny each and all of the allegations of
said paragraph.

IX

Answering Paragraph VIII of the complaint, these defen-
dants deny that plaintiff has a paramount right to 35,000 acre feet
of water annually or a paramount right to any quantity of water.
Defendants allege that they are without knowledge or information
sufficient to form a belief as to the truth of the other allegations
contained in said paragraph and, therefore, deny each and all of
the other allegations of said paragraph not herein specifically
admitted.

X

Answering Paragraph IX, deny generally and specifically,
excepting as hereinafter specifically admitted, each and every alle-
gation therein contained.  Defendants deny that their rights were
acquired subsequent to or with knowledge of any right or claim of
plaintiff, and allege the fact to be that their rights, and that of
their predecessors in interest, to the use of water from a tributary
of said Santa Margarita River were acquired prior to the acquisition

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

9342

1  by plaintiff of any of the lands or rights described in said com-
2  plaint.  These defendants are informed and believe and, therefore,
3  allege that but for plaintiff's excessive diversions, unreasonable
4  uses and wrongful exportation of water to places outside the basin
5  and watershed of Santa Margarita River, as alleged in Paragraph V
6  hereof, there would be a sufficient supply of water to meet the
7  rightful needs and lawful requirements of plaintiff and these defen-
8  dants.
9

10     FOR A FURTHER, SECOND AND SEPARATE DEFENSE HEREIN, THESE
11 DEFENDANTS ALLEGE:
12                                I
13     That they are the owners and in possession of the real
14 property situated in the County of San Diego, State of California,
15 more particularly described as follows:
16   The southwest $\frac{1}{4}$ of the northwest $\frac{1}{4}$ and the northwest $\frac{1}{4}$ of
17   the southwest $\frac{1}{4}$ of Section 32, Township 8 South, Range 4 West,
18   S.B.B.M., containing eighty (80) acres of land.
19                                II
20     That said lands are located in a semi-arid region and with-
21 out irrigation are unproductive and of small value, but, through
22 the use of water for irrigation, such lands are productive and of
23 great value.
24                               III
25     That said lands of defendants are traversed by De Luz Creek,
26 which is a tributary of said Santa Margarita River, and overlie a
27 strata of underground percolating waters from which water may be ob-
28 tained for use on defendants' lands by drilling or digging wells
29 therein and pumping water therefrom; that all of the water developed
30 and produced on the lands of defendants, or which can be developed
31 or produced thereon, is reasonably required to supply the reasonable
32 requirements of said lands of defendants.

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

9343

IV

That of said lands of defendants, twenty (20) acres are under irrigation and are planted, approximately three (3) acres being devoted to olive trees, eight (8) acres to permanent pasture, and nine (9) acres to alfalfa, barley, vegetables and lawns; that all the remainder of defendants' property is susceptible to irrigation and to the raising of fruit trees and other crops; that said lands are improved with a small water storage reservoir, two houses, a barn, and other out-buildings, and are used by defendants for the raising of crops, production of livestock and for residential and recreational purposes; that defendants plan and intend to plant their remaining lands to fruit trees and to irrigate same from the sources hereinafter mentioned, and to utilize for that purpose all the water that can be developed therefrom.

V

That defendants, as the owners of said lands, are the owners of the riparian water rights and the right to take a reasonable quantity of water from said De Luz Creek and its tributaries, including Day Creek, both surface and subterranean, for beneficial use on defendants' said riparian lands, and defendants are the owners of the right to take from said stream and its tributaries and from said strata of underground percolating water, or from either of said sources, all the water necessary for reasonable beneficial use on their said lands; that defendants and their predecessors in interest for more than forty years have exercised their right to divert and use such waters on their said riparian lands, and that their use has been continuous, open, notorious, and under a claim of right and adverse to the rights and claims of plaintiff and its predecessors in interest, and that the water reasonably necessary on defendants' said land for such uses and purposes is 200 acre feet per annum; that said riparian right of defendants is correlative with the right of plaintiff to take a reasonable amount of water from said Santa Margarita River for

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

- 8 -

9344

1  reasonable, beneficial and riparian uses on plaintiff's riparian

2  lands; that defendants are informed and believe and, therefore, allege

3  that the amount of water necessary for reasonable beneficial uses on

4  plaintiff's lands does not exceed 2500 acre feet per annum.  That the

5  rights of defendants as the owners of said land are paramount to any

6  other rights or claims of plaintiff in and to the waters of said

7  Santa Margarita River and its tributaries.

8                                    VI

9           That one of the predecessors in interest of the defendants in

10  the ownership of their lands was Kate Sidle Regan; that, pursuant to

11  and in conformity with the laws of the State of California, on or about

12  July 31, 1911, said Kate Sidle Regan caused to be posted, and on Au-

13  gust 3, 1911, caused to be recorded in the office of the County Re-

14  corder of San Diego County, in Book 4 at Page 84 of Water Claim Re-

15  cords, notice of the appropriation of 50 inches of water measured

16  under a 4 inch pressure from De Luz and Day Creeks, Day Creek being a

17  tributary of De Luz Creek, for use for irrigation, stock and household

18  purposes on her lands, being the lands now belonging to defendants;

19  that thereafter said Kate Sidle Regan applied the water so appropriated

20  to beneficial uses on said lands for the purposes so specified; that

21  all rights of said Kate Sidle Regan pursuant to said appropriation

22  have passed by mesne conveyances of record to, and are now vested in,

23  defendants; that at all times since said appropriation said Kate Sidle

24  Regan and her successors in interest, including defendants, have used

25  said amount of water for such purposes during the irrigating season

26  whenever it has been available, and that their use of such waters has

27  been continuous, open, notorious, under a claim of right and adverse

28  to the rights and claims of plaintiff and its predecessors in interest;

29  that plaintiff acquired the lands now owned by plaintiff as alleged in

30  said complaint with notice of said rights of defendants, and that any

31  rights which plaintiff may have to the use of water from said Santa

32  Margarita River or its tributaries is subject to said rights of defen-
    dants under said appropriation.

RAY C. EBERHARD
MALCOLM M. HUME
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

9345

WHEREFORE, defendants pray:

1.   That plaintiff take nothing by its action.

2.   That defendants be found and declared to be the owners, as against plaintiff herein, of a prior right by appropriation, superior to any right of plaintiff, to 50 miners inches of water for use on their lands.

3.   That defendants be found and declared to be the owners, as against plaintiff, of the right to take, store and apply to beneficial use on defendants' lands lying within the watershed of the Santa Margarita River a reasonable amount of the surface and subterranean waters of said De Luz Creek and its tributaries and a reasonable amount of the percolating water underlying defendants' lands, up to 200 acre feet of water per annum, and that said right be found and declared to be correlative with the right of plaintiff to use a reasonable amount of the water of the Santa Margarita River on plaintiff's riparian lands for riparian purposes; that as against all other rights and claims of rights of plaintiff to the waters of said Santa Margarita River and its tributaries, the rights of defendants be declared to be prior and paramount thereto.

4.   That these defendants have judgment for their costs herein incurred and for such other and further relief as to the Court may seem meet and proper.

RAY C. EBERHARD

Attorney for Defendants (Samuel M. Wilson and Hazel A. Wilson

RAY C. EBERHARD
MALCOLM M. HAYS
ATTORNEYS AT LAW
639 SO. SPRING ST.
LOS ANGELES 14
MICHIGAN 6088

- 10 -

S348

DONALD M. WILSON

in the above entitled action that ... ANDREW ... Samuel M.
... Wilson and Hazel A. Wilson

Subscribed and sworn to before me this
... day of February ... 19 ...

Notary Public in and for said County and State of California.
(SEAL)

Attorney for

Received copy of the within
this ... day of ... March ... 19 ...

Attorney for

[AFFIDAVIT OF SERVICE BY MAIL — 1013a C. C. P.]

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

COPY RECEIVED