1   JAMES DON KELLER, District Attorney and
        County Counsel, San Diego County
2
By ROBERT G. BERREY, Deputy
3
302 Civic Center, San Diego 1, Calif.
4   Franklin 9-6061, Ext. 451

5   Attorneys for Defendant
    County of San Diego
6

**FILED**

MAR 13 1952

EDMUND L. SMITH, Clerk
By...*Camily V. Vila*
            DEPUTY CLERK

7

8

9             IN THE UNITED STATES DISTRICT COURT

10         IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11                     SOUTHERN DIVISION

12

13   UNITED STATES OF AMERICA,            )
                                          )
14                 Plaintiff,             )     No. 1247 - Civil
                                          )
15           v.                           )      ANSWER
                                          )
16   FALLBROOK PUBLIC UTILITY DISTRICT,   )        of
     a public service corporation of      )
17   the State of California, et al,      )     County of San Diego
                                          )
18   _____Defendants._____  )

19

20        Comes now the defendant County of San Diego, a political

21   subdivision of the State of California,

22   and severing itself from the other defendants and appearing for it-

23   self alone, by way of answer to plaintiff's complaint herein,

24   admits, denies, and alleges as follows:

25                     FIRST DEFENSE

26                           I

27        Denies that any "actual controversy" or any controversy at

28   all had arisen prior to the commencement of this action, or has

29   arisen as between the United States of America and this answer-

30   ing defendant, as alleged in paragraph I of plaintiff's com-

31   plaint.  Further answering paragraph I of plaintiff's complaint,

32   this answering defendant denies that it has unlawfully or other-

33   wise interfered with the rights of the United States of America,

     as alleged in said paragraph I.

                          -1-                      9394

                                                          34

II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms. Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and, therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the

9395  35

1    boundary of Riverside County and enters San Diego County, at

2    which point it continues in a generally southwesterly direction

3    across San Diego County until it empties into the Pacific Ocean.

4    Admits that the Santa Margarita River is an intermittent stream.

5    Alleges that said river is a nonnavigable river.  Admits that

6    underlying the Santa Margarita River and its tributaries there

7    are numerous underground basins composed of pervious materials,

8    sands, gravel and other fluvial deposits, the exact areas and

9    depths of which are unknown to this answering defendant; but

10    alleges that no portion of any basin which underlies said river

11    or any tributary thereof where said river or said tributaries

12    cross the lands of the plaintiff underlies any portion of the

13    lands of this answering defendant; admits that said Santa

14    Margarita River traverses twenty-one miles of the property of

15    plaintiff and that there are no water users below the lands of

16    said plaintiff on said river, and that the plaintiff owns the

17    lands traversed by said river from the point where the Santa

18    Margarita River enters plaintiff's property to the point where

19    the river bed  enters the Pacific Ocean.  Denies that this

20    answering defendant has in any way encroached upon any rights

21    that plaintiff may have in or to the waters of the Santa Marga-

22    rita River or its tributaries; denies that this defendant has

23    reduced the quantity of water available to said plaintiff from

24    said river or its tributaries or from any subterranean source.

25    Denies that any acts of this answering defendant damaged in any

26    way any rights or property of plaintiff.  Further answering the

27    allegations of paragraph IV of plaintiff's complaint, this

28    answering defendant does not have knowledge or information suf-

29    ficient to form a belief as to the truth of the allegations con-

30    tained therein and not hereinabove expressly admitted or denied

31    and, therefore, denies each and every allegation of said para-

32    graph IV not hereinabove expressly admitted or denied.  Alleges

33    that if it is true that there was salt intrusion and the wells

1   of plaintiff destroyed, as alleged in paragraph IV of plaintiff's
2   complaint, the injury or threatened injury was not and is not the
3   result of activities of this defendant, or brought about by the
4   alleged encroachments upstream but was in part at least the re-
5   sult of a severe and protracted drought affecting all Southern
6   California and affecting not only wells of the plaintiff but all
7   wells in the Santa Margarita watershed and the wells in every
8   watershed in Southern California.  Defendant is informed and be-
9   lieves and, therefore, alleges the fact to be that plaintiff's
10  injury or threatened injury has been brought about principally
11  as a direct result of the plaintiff's misuse of the basin or
12  basins underlying the property of the plaintiff and the mis-
13  management of its wells and the operation thereof and in the
14  misuse and misappropriation of the water produced therefrom and
15  the wrongful, excessive, and unreasonable diversion and uses and
16  the places of use of said water.

17                              V

18      Answering paragraph V of plaintiff's complaint, admits that
19  Rancho Santa Margarita, a corporation, a predecessor in interest
20  of the United States of America, was the plaintiff in an action
21  instituted in the Superior Court of the State of California in
22  and for the County of San Diego, No. 42850, against N. R. Vail,
23  et al, which action was tried in said Superior Court which re-
24  sulted in a judgment in favor of plaintiff, which judgment was
25  subsequently reversed by the Supreme Court of the State of Cali-
26  fornia; that thereafter the parties to said action entered into
27  a stipulated judgment, which judgment purportedly adjudicated the
28  rights of the parties to that action to the use of the waters of
29  the Santa Margarita River.  Alleges that neither this answering
30  defendant nor any of its predecessors in interest was party to
31  said action and that said action did not involve the use of water
32  extracted from, used upon or appurtenant to the lands of this de-
33  fendant and this defendant is not bound by said judgment or any

-4-

1    part thereof or the findings of fact or conclusions of law

2    entered in said action.  In further answer to paragraph V of

3    plaintiff's complaint, this answering defendant is without

4    knowledge or information sufficient to form a belief as to the

5    truth of those allegations in said paragraph V not hereinabove

6    specifically admitted or denied and, therefore, denies each of

7    said allegations not hereinabove specifically admitted or denied.

8                    VI

9         Answering paragraph VI of plaintiff's complaint admits that

10    plaintiff is the successor in interest of the Rancho Santa

11    Margarita, a corporation, but denies that it is entitled to or

12    can claim as against this defendant all right, title, interest

13    and privileges purported to have been given to Rancho Santa

14    Margarita by said stipulated judgment or that plaintiff is en-

15    titled to claim as against this defendant any more water than

16    the amount which is, or may be, reasonably and actually required

17    for riparian uses and purposes on that portion of plaintiff's

18    property which is actually riparian to the Santa Margarita River,

19    which amount of water is under present conditions, this defendant

20    is informed and believes and, therefore, alleges the fact to be,

21    not to exceed 2,620 acre feet per annum.

22                    VII

23         Alleges that it is without knowledge or information suf-

24    ficient to form a belief as to the truth of the allegations con-

25    tained in paragraph VII of plaintiff's complaint and, therefore,

26    denies each and every allegation contained therein.

27                   VIII

28         Alleges that it is without knowledge or information suf-

29    ficient to form a belief as to the truth of the allegations con-

30    tained in paragraph VIII of plaintiff's complaint and, therefore,

31    denies each and every allegation contained therein, except that

32    this defendant specifically denies that plaintiff has any para-

33    mount right to any water or waters from the Santa Margarita

9398

38

1    River or any tributary thereof and denies that plaintiff has any

2    rights in or to the waters of the Santa Margarita River or any

3    tributary thereof other than a correlative right accruing to

4    plaintiff by virtue of its ownership of land which is riparian

5    to the Santa Margarita River.

6                                   IX

7         Answering paragraph IX of plaintiff's complaint, this de-

8    fendant denies each and every allegation contained in said para-

9    graph IX, except that this defendant admits that it has asserted

10   and does now assert that it has the right to use all of the water

11   produced and extracted from its hereinafter described lands and

12   that said right is paramount to any right of plaintiff and admits

13   that it claims the right to extract water from those tributaries

14   of the Santa Margarita River to which its lands are riparian and

15   that said right is paramount in some respects and correlative in

16   other respects to the rights of plaintiff.  Alleges that defend-

17   ant has the right to the use of water produced and extracted

18   from its lands hereinafter described and that said right is

19   paramount to the rights of the plaintiff, and that its right to

20   the use of water extracted from any tributary of the Santa

21   Margarita River to which its lands are riparian is paramount in

22   some respects and correlative in other respects to the rights of

23   plaintiff and denies that such rights of the defendant were ac-

24   quired subsequent to or with full knowledge of the full rights

25   of the United States of America or its predecessor in interest.

26   This defendant alleges that its right to produce or extract

27   water from, under or upon the land owned by it is paramount to

28   the rights of the United States of America.

29

30

31

32

33

9399

29

## SECOND AND SEPARATE DEFENSE

### X

Alleges that this answering defendant is the owner of and entitled to possession of the following described lands situate in the County of San Diego, State of California:

Parcel 1:

All of Lot Ten and all those portions of Lots One, Two, Six, Seven, Eight and Nine in Block One of West Fallbrook, in the County of San Diego, State of California, according to the Map thereof No. 743, filed in the office of the Recorder of said San Diego County March 6, 1893, lying within the following described boundaries:

Beginning at the Southwest corner of said Block 1, thence Northerly along the West line of said Block, 260 feet, more or less, to the Northwest corner of said Block; thence Easterly along the Northerly line of said Block, 208.29 feet, more or less, to the Westerly right of way line of the Atchison, Topeka and Santa Fe Railway Company; thence Southerly along said Westerly right of way line, 90 feet; thence Westerly and parallel with the Northerly line of said Block 1 to a point which is 90 feet East of the Westerly line of said Block; thence Southerly and parallel with said Westerly line of said Block to the Southerly line thereof; thence Westerly along said Southerly line, 90 feet to the point of beginning.

Parcel 2:

Lots 3 and 5 in Block 35 of West Fallbrook, according to Miscellaneous Map No. 84, the Official Map of the Subdivisions comprising the Townsite of Fallbrook, on file in the Office of the Recorder of San Diego County, California.

Alleges that Parcel 1 of said lands is now and for many years last past has been used for the operation and maintenance of a County road station, said station being used to house employees, machinery and equipment used in the construction and maintenance of County highways in the County of San Diego, State of California. Alleges that defendant is informed and believes and therefore alleges the fact to be that in the past one or more wells were located upon said Parcel 1 and that water was extracted from said Parcel 1 by said wells and that the water so extracted was used for domestic and irrigation purposes on said Parcel 1.

Alleges that Parcel 2 of said lands is being used as a site for a County civic building.

9400

-7-

40

XI

Alleges that Parcel 1 of said lands is traversed by a stream commonly known as Fallbrook Creek, which stream is a tributary of the Santa Margarita River, and that Parcel 1 of said lands is riparian to said Fallbrook Creek; that to the extent this defendant owns land riparian to said Fallbrook Creek it claims the right to the reasonable use of the water of said Fallbrook Creek as may flow through the lands of this defendant or the tributaries of said Fallbrook Creek which may enter said creek upstream from its riparian lands, said reasonable use being for domestic purposes, including the operation and maintenance of a County road station and for irrigation purposes, and that said right is a correlative right.

XII

Alleges that Parcel 2 of said lands is traversed by a stream commonly known as Fallbrook Creek, which stream is a tributary of the Santa Margarita River, and that Parcel 2 of said lands is riparian to said Fallbrook Creek; that to the extent this defendant owns land riparian to said Fallbrook Creek it claims the right to the reasonable use of the water of said Fallbrook Creek as may flow through the lands of this defendant or the tributaries of said Fallbrook Creek which may enter said creek upstream from its riparian lands, said reasonable use being for domestic purposes, including the operation and maintenance of a County civic building and for irrigation purposes, and that said right is a correlative right.

XIII

Alleges that defendant is informed and believes and therefore alleges the fact to be that in the past and for many years this defendant's predecessors in interest  operated and maintained one or more wells upon Parcel 1 of the above described lands; that the water produced from the wells located upon said Parcel 1 was used for domestic purposes and irrigation purposes upon said

9401

-8-

41

XXI

Defendant is informed and believes and therefore alleges the fact to be that for a continuous period of more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant's predecessors in interest openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff's predecessors in interest, and under claim of right, produced water from one or more wells upon Parcel 1 of said lands and used all of the water so produced upon said lands for domestic use and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

WHEREFORE, this answering defendant prays:

1.  That plaintiff take nothing by this action;

2.  That the Court adjudge and decree that this defendant is the owner of and entitled to possession of the above described real property designated Parcel 1 with the right to produce and extract any and all waters from said real property needed for domestic use, including the operation and maintenance of a County road station, and for irrigation purposes upon said real property designated Parcel 1;

3.  That the Court adjudge and decree that this defendant is the owner of and entitled to possession of the above described real property designated Parcel 2 with the right to produce and extract any and all waters from said real property needed for domestic use, including the operation and maintenance of a County civic building, and for irrigation purposes on said real property designated Parcel 2;

4.  That the Court adjudge and decree that this defendant is entitled to take and divert any and all waters from the Fallbrook

-11-

9402

Parcel 1; that although defendant is not now operating any well upon said Parcel 1 it claims the right to resume operation of one or more wells upon said Parcel 1 at any time and to extract water from said Parcel 1 and to use the water so extracted for domestic purposes, including the operation and maintenance of a County road station upon said Parcel 1, and for the irrigation of crops that may hereafter be grown.

XIV

Defendant is informed and believes and therefore alleges the fact to be that in the past and for many years this defendant's predecessors in interest took water from the Fallbrook Creek at a point where said creek crosses said Parcel 1; that the water so taken was used for domestic purposes and irrigation purposes upon said Parcel 1; that although defendant is not now taking water from said Fallbrook Creek it claims the right to resume the taking of water from said Fallbrook Creek at a point where said Fallbrook Creek crosses said Parcel 1 and to use said water for domestic use, including the operation and maintenance of a County road station, and for the irrigation of crops that may hereafter be grown.

THIRD AND SEPARATE DEFENSE

XV

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

XVI

Defendant is informed and believes and therefore alleges the fact to be that all of the above described lands of defendant over-lie a body of pervious material through which water slowly perco-lates; that said water which percolates through said pervious mate-rial does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or the stream commonly known as Fallbrook Creek or any other tributary of said Santa Margarita River, nor does it materially

-9-

support the surface or subsurface flow of the Santa Margarita
River or Fallbrook Creek or any tributary of said Santa Margarita
River.  Defendant claims the right to use any and all water pro-
duced or extracted from the above described lands for domestic use
and for the purpose of irrigating crops which may hereafter be
grown upon said lands.

                              XVII

    Alleges that in the past and for many years this defendant's
predecessors in interest operated and maintained one or more wells
upon Parcel 1 of the above described lands; that the water hereto-
fore produced from the wells located upon said Parcel 1 was used
for domestic purposes and for irrigation purposes upon said Parcel 1;
that although defendant is not now operating any well on said
Parcel 1 it claims the right to resume operation of one or more
wells on said Parcel 1 at any time and to extract water from said
Parcel 1 and to use the water so extracted for domestic purposes,
including the operation and maintenance of a County road station,
and for the purpose of irrigating crops which may hereafter be
grown upon said Parcel 1.

                    FOURTH AND SEPARATE DEFENSE

                             XVIII

    That the cause of action set forth in plaintiff's complaint is
barred by Section 318 of the Code of Civil Procedure of the State
of California.

                    FIFTH AND SEPARATE DEFENSE

                              XIX

    That the cause of action set forth in plaintiff's complaint is
barred by Section 319 of the Code of Civil Procedure of the State
of California.

                    SIXTH AND SEPARATE DEFENSE

                              XX

    Defendant refers to paragraph X of this answer and by this
reference incorporates each and every allegation of said paragraph
X as though set forth in full.

                                                    9404

                             -10-

VERIFICATION

STATE OF CALIFORNIA )
                    ) SS
COUNTY OF SAN DIEGO )

J. H. MACK, being first duly sworn, says:  That he is the
Surveyor and Road Commissioner of the County of San Diego, a
political subdivision of the State of California; that he has
read the foregoing Answer and knows the contents thereof; that
the same is true of his own knowledge, except as to matters
which are stated on his information or belief and as to those
matters that he believes it to be true.

_____

Subscribed and sworn to

before me this _13_ day

of March, 1952.

T. H. SEXTON, County Clerk
and ex officio Clerk of
the Board of Supervisors

By _____C. Seger_____, Deputy

(SEAL)

9406