```
 1  JAMES DON KELLER, District Attorney and
       County Counsel, San Diego County
 2
    By ROBERT G. BERREY, Deputy
 3
    302 Civic Center, San Diego 1, Calif.
 4  Franklin 9-6061, Ext. 451

 5  Attorneys for Defendant

 6  De Luz School District
```

FILED

MAR 13 1952

EDMUND L. SMITH, Clerk
By ................................
　　　　　　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 1247 - Civil |
| v. | ) | ANSWER |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al, | ) | of |
| | ) | DE LUZ SCHOOL DISTRICT |
| Defendants. | ) | |

Comes now the defendant De Luz School District, a public school district of the State of California, and severing itself from the other defendants and appearing for itself alone, by way of answer to plaintiff's complaint herein, admits, denies, and alleges as follows:

FIRST DEFENSE

I

Denies that any "actual controversy" or any controversy at all had arisen prior to the commencement of this action, or has arisen as between the United States of America and this answering defendant, as alleged in paragraph I of plaintiff's complaint. Further answering paragraph I of plaintiff's complaint, this answering defendant denies that it has unlawfully or otherwise interfered with the rights of the United States of America, as alleged in said paragraph I.

-1-

9380

47

II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms. Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and, therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the

26  way any rights or property of plaintiff. Further answering the

1  boundary of Riverside County and enters San Diego County, at
2  which point it continues in a generally southwesterly direction
3  across San Diego County until it empties into the Pacific Ocean.
4  Admits that the Santa Margarita River is an intermittent stream.
5  Alleges that said river is a nonnavigable river.  Admits that
6  underlying the Santa Margarita River and its tributaries there
7  are numerous underground basins composed of pervious materials,
8  sands, gravel and other fluvial deposits, the exact areas and
9  depths of which are unknown to this answering defendant; but
10 alleges that no portion of any basin which underlies said river
11 or any tributary thereof where said river or said tributaries
12 cross the lands of the plaintiff underlies any portion of the
13 lands of this answering defendant; admits that said Santa
14 Margarita River traverses twenty-one miles of the property of
15 plaintiff and that there are no water users below the lands of
16 said plaintiff on said river, and that the plaintiff owns the
17 lands traversed by said river from the point where the Santa
18 Margarita River enters plaintiff's property to the point where
19 the river bed enters the Pacific Ocean.  Denies that this
20 answering defendant has in any way encroached upon any rights
21 that plaintiff may have in or to the waters of the Santa Marga-
22 rita River or its tributaries; denies that this defendant has
23 reduced the quantity of water available to said plaintiff from
24 said river or its tributaries or from any subterranean source.
25 Denies that any acts of this answering defendant damaged in any
26 way any rights or property of plaintiff.  Further answering the
27 allegations of paragraph IV of plaintiff's complaint, this
28 answering defendant does not have knowledge or information suf-
29 ficient to form a belief as to the truth of the allegations con-
30 tained therein and not hereinabove expressly admitted or denied
31 and, therefore, denies each and every allegation of said para-
32 graph IV not hereinabove expressly admitted or denied.  Alleges
33 that if it is true that there was salt intrusion and the wells

of plaintiff destroyed, as alleged in paragraph IV of plaintiff's complaint, the injury or threatened injury was not and is not the result of activities of this defendant, or brought about by the alleged encroachments upstream but was in part at least the result of a severe and protracted drought affecting all Southern California and affecting not only wells of the plaintiff but all wells in the Santa Margarita watershed and the wells in every watershed in Southern California. Defendant is informed and believes and, therefore, alleges the fact to be that plaintiff's injury or threatened injury has been brought about principally as a direct result of the plaintiff's misuse of the basin or basins underlying the property of the plaintiff and the mismanagement of its wells and the operation thereof and in the misuse and misappropriation of the water produced therefrom and the wrongful, excessive, and unreasonable diversion and uses and the places of use of said water.

V

Answering paragraph V of plaintiff's complaint, admits that Rancho Santa Margarita, a corporation, a predecessor in interest of the United States of America, was the plaintiff in an action instituted in the Superior Court of the State of California in and for the County of San Diego, No. 42850, against N. R. Vail, et al, which action was tried in said Superior Court which resulted in a judgment in favor of plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California; that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties to that action to the use of the waters of the Santa Margarita River. Alleges that neither this answering defendant nor any of its predecessors in interest was party to said action and that said action did not involve the use of water extracted from, used upon or appurtenant to the lands of this defendant and this defendant is not bound by said judgment or any

1  part thereof or the findings of fact or conclusions of law
2  entered in said action. In further answer to paragraph V of
3  plaintiff's complaint, this answering defendant is without
4  knowledge or information sufficient to form a belief as to the
5  truth of those allegations in said paragraph V not hereinabove
6  specifically admitted or denied and, therefore, denies each of
7  said allegations not hereinabove specifically admitted or denied.

VI

9  Answering paragraph VI of plaintiff's complaint admits that
10  plaintiff is the successor in interest of the Rancho Santa
11  Margarita, a corporation, but denies that it is entitled to or
12  can claim as against this defendant all right, title, interest
13  and privileges purported to have been given to Rancho Santa
14  Margarita by said stipulated judgment or that plaintiff is en-
15  titled to claim as against this defendant any more water than
16  the amount which is, or may be, reasonably and actually required
17  for riparian uses and purposes on that portion of plaintiff's
18  property which is actually riparian to the Santa Margarita River,
19  which amount of water is under present conditions, this defendant
20  is informed and believes and, therefore, alleges the fact to be,
21  not to exceed 2,620 acre feet per annum.

VII

23  Alleges that it is without knowledge or information suf-
24  ficient to form a belief as to the truth of the allegations con-
25  tained in paragraph VII of plaintiff's complaint and, therefore,
26  denies each and every allegation contained therein.

VIII

28  Alleges that it is without knowledge or information suf-
29  ficient to form a belief as to the truth of the allegations con-
30  tained in paragraph VIII of plaintiff's complaint and, therefore,
31  denies each and every allegation contained therein, except that
32  this defendant specifically denies that plaintiff has any para-
33  mount right to any water or waters from the Santa Margarita

1  River or any tributary thereof and denies that plaintiff has any
2  rights in or to the waters of the Santa Margarita River or any
3  tributary thereof other than a correlative right accruing to
4  plaintiff by virtue of its ownership of land which is riparian
5  to the Santa Margarita River.

                                    IX

7  Answering paragraph IX of plaintiff's complaint, this de-
8  fendant denies each and every allegation contained in said para-
9  graph IX, except that this defendant admits that it has asserted
10 and does now assert that it has the right to use all of the water
11 produced and extracted from its hereinafter described lands and
12 that said right is paramount to any right of plaintiff and admits
13 that it claims the right to extract water from those tributaries
14 of the Santa Margarita River to which its lands are riparian and
15 that said right is paramount in some respects and correlative in
16 other respects to the rights of plaintiff. Alleges that defend-
17 ant has the right to the use of water produced and extracted
18 from its lands hereinafter described and that said right is
19 paramount to the rights of the plaintiff, and that its right to
20 the use of water extracted from any tributary of the Santa
21 Margarita River to which its lands are riparian is paramount in
22 some respects and correlative in other respects to the rights of
23 plaintiff and denies that such rights of the defendant were ac-
24 quired subsequent to or with full knowledge of the full rights
25 of the United States of America or its predecessor in interest.
26 This defendant alleges that its right to produce or extract
27 water from, under or upon the land owned by it is paramount to
28 the rights of the United States of America.

SECOND AND SEPARATE DEFENSE

X

Alleges that this answering defendant is now and has been for many years last past the owner of and entitled to possession of the following described lands situate in the County of San Diego, State of California:

> The South half of the Northeast quarter of Section Thirty-two (32), Township Eight (8) South, Range Four (4) West, S. B. M., according to U. S. Government Survey.
>
> Also that portion of the Northwest quarter of the Northeast quarter of said Section Thirty-two (32) conveyed by W. W. Wilmot and Sarah C. Wilmot to M. L. Young by deed dated January 27, 1883, and recorded in Book 211, page 400 of Deeds, described as follows:
> Commencing at the Southwest corner of the Northwest quarter of the Northeast quarter of Section Thirty-two (32), Township Eight (8) South, Range Four (4) West, S. B. M., thence running North along the West line of said quarter, thirty-six (36) rods; thence East following the center of the creek bed twenty-nine (29) rods and twelve (12) feet to a stake and stones; thence North 40° East, nineteen (19) rods to a live oak tree; thence East forty-two (42) rods to a stake and stones in the East line of said quarter, thence South along said East line thirty-five (35) rods to the Southeast corner of said quarter, thence West eighty (80) rods along the South line of said quarter to the point of beginning.
>
> Also the Northeast quarter of the Northeast quarter of said Section Thirty-two (32), EXCEPTING therefrom that portion thereof conveyed by M. L. Young and M. J. Young to W. W. Wilmot by deed dated April 1, 1893, and recorded in Book 215, page 137 of Deeds, described as follows:
> Commencing at the Northwest corner of the Northeast quarter of the Northeast quarter of Section Thirty-two (32), Township Eight (8) South, Range Four (4) West, S. B. M., thence running East sixty (60) rods to stake and stones, thence South thirty-five (35) rods to stake and stones, thence West sixty (60) rods to stake and stones, thence North thirty-five (35) rods to point of beginning.

Alleges that said lands, hereinafter referred to as "school lands", are now and for many years last past have been used for the operation and maintenance of a public school and that said school lands are improved with school buildings and other structures and facilities used in the operation and maintenance of a public school. Alleges that there is now and for many years last past there has been one producing well located on said school lands and that the water from said well is now and at all times has been used for the operation of a public school, including domestic and irrigation

9396

purposes. Alleges that a portion of the school lands not occupied by school buildings are arable.

XI

Alleges that said lands are traversed by a stream commonly known as De Luz Creek, which stream is a tributary of the Santa Margarita River, and by a stream which is tributary to said De Luz Creek, and that said school lands are riparian to said De Luz Creek and to said tributary to said De Luz Creek; that to the extent this defendant owns land riparian to said De Luz Creek and said tributary it claims the right to the reasonable use of the water of said De Luz Creek and tributary as may flow through the lands of this defendant or the tributaries of said De Luz Creek and tributary which may enter said creek or tributary upstream from its riparian lands, said reasonable use being for domestic purposes, including the operation and maintenance of a public school, and irrigation purposes, and that said right is a correlative right.

XII

Alleges that this defendant and its predecessors in interest have operated and maintained and do operate and maintain a well upon the school lands, that the water now being produced and heretofore produced for many years last past from the well located upon the school lands is used for domestic purposes, to wit, for the operation and maintenance of a public school, and for the irrigation of crops; that all the water now being produced on the school lands is reasonably produced and is reasonably required to supply the domestic and irrigation needs of this defendant in the operation of a public school upon said lands.

XIII

Alleges that this defendant has from time to time for many years last past taken and extracted water from the said tributary to said De Luz Creek for use upon defendant's school lands that are riparian to said tributary; that all waters taken or extracted from said tributary have been reasonably taken and reasonably used for

-8-                                    9387

tofore produced for many years last past from the well located upon

domestic purposes, including the operation of a public school, and for irrigation purposes upon the riparian school lands of defendant.

### THIRD AND SEPARATE DEFENSE

#### XIV

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation contained in said paragraph X as though set forth in full.

#### XV

That defendant is informed and believes and therefore alleges the fact to be that the school lands of defendant overlie a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or the stream commonly known as De Luz Creek or any tributary to said De Luz Creek or Santa Margarita River, nor does it materially support the surface or subsurface flow of said Santa Margarita River or De Luz Creek or any tributary to said De Luz Creek or any tributary of the Santa Margarita River. Defendant claims the right to use any and all water produced upon the school lands for domestic use, for the purpose of irrigating crops as are now grown or may hereafter be grown on said lands and for the purpose of operating and maintaining a public school.

#### XVI

Alleges that this defendant and its predecessors in interest have operated and maintained and do operate and maintain a well upon the school lands, that the water now being produced and heretofore produced for many years last past from the well located upon the school lands is used for domestic purposes, including the operation and maintenance of a public school, and for the irrigation of crops; that all the water now being produced on the school lands is reasonably produced and is reasonably required to supply the

domestic and irrigation needs of this defendant in the operation of a public school upon said lands.

### FOURTH AND SEPARATE DEFENSE

#### XVII

That the cause of action set forth in plaintiff's complaint is barred by Section 318 of the Code of Civil Procedure of the State of California.

### FIFTH AND SEPARATE DEFENSE

#### XVIII

That the cause of action set forth in plaintiff's complaint is barred by Section 319 of the Code of Civil Procedure of the State of California.

### SIXTH AND SEPARATE DEFENSE

#### XIX

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

#### XX

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff and its predecessors in interest, and under claim of right, produced water from one or more wells upon the school lands and used all of the water so produced upon said school lands for domestic use, including the operation and maintenance of a public school, and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

SEVENTH AND SEPARATE DEFENSE

XXI

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

XXII

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff and its predecessors in interest, and under claim of right, took water from a tributary to De Luz Creek at a point where said tributary crosses said school lands and used all of the water so taken upon said school lands for domestic use, including the operation and maintenance of a public school, and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

EIGHTH AND SEPARATE DEFENSE

XXIII

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

XXIV

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint this defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff and its predecessors in interest, and under claim of right,

-11-                                                              9390

property with the right to produce and extract any and all waters

produced water from one or more wells upon the school lands and used all of the waters so produced upon said school lands for a public use or purpose, to wit, for the operation and maintenance of a public school, and that defendant acquired ownership of the right to take and use said waters for said purpose and does now have the right to use and take said waters for said purpose free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

### NINTH AND SEPARATE DEFENSE

#### XXV

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

#### XXVI

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint this defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff and its predecessors in interest, and under claim of right, took water from a tributary to De Luz Creek at a point where said tributary crosses said school lands and used all of the waters so taken upon said school lands for a public use or purpose, to wit, for the operation and maintenance of a public school, and that defendant acquired ownership of the right to take and use said waters for said purpose and does now have the right to use and take said waters for said purpose free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

WHEREFORE this answering defendant prays:

1. That plaintiff take nothing by this action;

2. That the Court adjudge and decree that this defendant is the owner of and entitled to possession of the above described real property with the right to produce and extract any and all waters

from said real property needed for domestic use, including the operation and maintenance of a public school, and for the irrigation purposes upon said real property;

3. That the Court adjudge and decree that this defendant is entitled to take and divert any and all waters from the De Luz Creek and any tributary thereto for domestic use, including the operation and maintenance of a public school, and for irrigation purposes upon the above described real property of this defendant;

4. That plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property or in or to any and all waters which may be taken or extracted from said real property or the De Luz Creek or any tributary thereof for use on said real property, adverse to this defendant, and that plaintiff be restrained and enjoined from asserting any such claims;

5. That this defendant have such further relief as the Court may deem meet and proper; and

6. That this defendant recover its costs herein incurred and expended.

> JAMES DON KELLER, District Attorney
> and County Counsel in and for the
> County of San Diego, State of
> California
>
> By _____
> ROBERT G. BERREY, Deputy
>
> Attorneys for defendant De Luz
> School District

VERIFICATION

STATE OF CALIFORNIA ) SS
COUNTY OF SAN DIEGO )

Chloe J Baxter, being first duly sworn, says: That he is Trustee of the De Luz School District, a public school district of the State of California; that he has read the foregoing Answer and knows the contents thereof; that the same is true of his own knowledge, except as to matters which are stated on his information or belief and as to those matters that he believes it to be true.

Chloe J Baxter

Subscribed and sworn to before me this 10th day of March, 1952,

Luetta M Graffin
Notary Public in and for
the County of San Diego, State
of California

My Commission expires  My Commission Expires June 14, 1955

(SEAL)

9393