1   JAMES DON KELLER, District Attorney and
        County Counsel, San Diego County
2
3   By ROBERT G. BERREY, Deputy

4   302 Civic Center, San Diego 1, Calif.
    Franklin 9-6061, Ext. 451

5   Attorneys for Defendant

6   Vallecitos School District

**FILED**

MAR 13 1952

EDMUND L. SMITH, Clerk
By _Casimir V. Vila_
            DEPUTY CLERK

9           IN THE UNITED STATES DISTRICT COURT

10        IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1247 - Civil |
| Plaintiff, | ANSWER |
| v. | of |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al, | Vallecitos School District |
| Defendants. | |

20      Comes now the defendant Vallecitos School District, a public

21   school district of the State of California,

22   and severing itself from the other defendants and appearing for it-

23   self alone, by way of answer to plaintiff's complaint herein,

24   admits, denies, and alleges as follows:

25                    FIRST DEFENSE

26                         I

27      Denies that any "actual controversy" or any controversy at

28   all had arisen prior to the commencement of this action, or has

29   arisen as between the United States of America and this answer-

30   ing defendant, as alleged in paragraph I of plaintiff's com-

31   plaint.  Further answering paragraph I of plaintiff's complaint,

32   this answering defendant denies that it has unlawfully or other-

33   wise interfered with the rights of the United States of America,

    as alleged in said paragraph I.

                        -1-

                                        9369

1    boundary of Riverside County and enters San Diego County, at

2    which point it continues in a generally southwesterly direction

3    across San Diego County until it empties into the Pacific Ocean.

4    Admits that the Santa Margarita River is an intermittent stream.

5    Alleges that said river is a nonnavigable river.  Admits that

6    underlying the Santa Margarita River and its tributaries there

7    are numerous underground basins composed of pervious materials,

8    sands, gravel and other fluvial deposits, the exact areas and

9    depths of which are unknown to this answering defendant; but

10   alleges that no portion of any basin which underlies said river

11   or any tributary thereof where said river or said tributaries

12   cross the lands of the plaintiff underlies any portion of the

13   lands of this answering defendant; admits that said Santa

14   Margarita River traverses twenty-one miles of the property of

15   plaintiff and that there are no water users below the lands of

16   said plaintiff on said river, and that the plaintiff owns the

17   lands traversed by said river from the point where the Santa

18   Margarita River enters plaintiff's property to the point where

19   the river bed  enters the Pacific Ocean.  Denies that this

20   answering defendant has in any way encroached upon any rights

21   that plaintiff may have in or to the waters of the Santa Marga-

22   rita River or its tributaries; denies that this defendant has

23   reduced the quantity of water available to said plaintiff from

24   said river or its tributaries or from any subterranean source.

25   Denies that any acts of this answering defendant damaged in any

26   way any rights or property of plaintiff.  Further answering the

27   allegations of paragraph IV of plaintiff's complaint, this

28   answering defendant does not have knowledge or information suf-

29   ficient to form a belief as to the truth of the allegations con-

30   tained therein and not hereinabove expressly admitted or denied

31   and, therefore, denies each and every allegation of said para-

32   graph IV not hereinabove expressly admitted or denied.  Alleges

33   that if it is true that there was salt intrusion and the wells

-3-

9370

63

II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms.  Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and, therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital.  Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the

9371

1   of plaintiff destroyed, as alleged in paragraph IV of plaintiff's

2   complaint, the injury or threatened injury was not and is not the

3   result of activities of this defendant, or brought about by the

4   alleged encroachments upstream but was in part at least the re-

5   sult of a severe and protracted drought affecting all Southern

6   California and affecting not only wells of the plaintiff but all

7   wells in the Santa Margarita watershed and the wells in every

8   watershed in Southern California.  Defendant is informed and be-

9   lieves and, therefore, alleges the fact to be that plaintiff's

10   injury or threatened injury has been brought about principally

11   as a direct result of the plaintiff's misuse of the basin or

12   basins underlying the property of the plaintiff and the mis-

13   management of its wells and the operation thereof and in the

14   misuse and misappropriation of the water produced therefrom and

15   the wrongful, excessive, and unreasonable diversion and uses and

16   the places of use of said water.

17                    V

18      Answering paragraph V of plaintiff's complaint, admits that

19   Rancho Santa Margarita, a corporation, a predecessor in interest

20   of the United States of America, was the plaintiff in an action

21   instituted in the Superior Court of the State of California in

22   and for the County of San Diego, No. 42850, against N. R. Vail,

23   et al, which action was tried in said Superior Court which re-

24   sulted in a judgment in favor of plaintiff, which judgment was

25   subsequently reversed by the Supreme Court of the State of Cali-

26   fornia; that thereafter the parties to said action entered into

27   a stipulated judgment, which judgment purportedly adjudicated the

28   rights of the parties to that action to the use of the waters of

29   the Santa Margarita River.  Alleges that neither this answering

30   defendant nor any of its predecessors in interest was party to

31   said action and that said action did not involve the use of water

32   extracted from, used upon or appurtenant to the lands of this de-

33   fendant and this defendant is not bound by said judgment or any

9372

64

1　part thereof or the findings of fact or conclusions of law

2　entered in said action.   In further answer to paragraph V of

3　plaintiff's complaint, this answering defendant is without

4　knowledge or information sufficient to form a belief as to the

5　truth of those allegations in said paragraph V not hereinabove

6　specifically admitted or denied and, therefore, denies each of

7　said allegations not hereinabove specifically admitted or denied.

8　　　　　　　　　　　　　　　VI

9　　　　Answering paragraph VI of plaintiff's complaint admits that

10　plaintiff is the successor in interest of the Rancho Santa

11　Margarita, a corporation, but denies that it is entitled to or

12　can claim as against this defendant all right, title, interest

13　and privileges purported to have been given to Rancho Santa

14　Margarita by said stipulated judgment or that plaintiff is en-

15　titled to claim as against this defendant any more water than

16　the amount which is, or may be, reasonably and actually required

17　for riparian uses and purposes on that portion of plaintiff's

18　property which is actually riparian to the Santa Margarita River,

19　which amount of water is under present conditions, this defendant

20　is informed and believes and, therefore, alleges the fact to be,

21　not to exceed 2,620 acre feet per annum.

22　　　　　　　　　　　　　　　VII

23　　　　Alleges that it is without knowledge or information suf-

24　ficient to form a belief as to the truth of the allegations con-

25　tained in paragraph VII of plaintiff's complaint and, therefore,

26　denies each and every allegation contained therein.

27　　　　　　　　　　　　　　　VIII

28　　　　Alleges that it is without knowledge or information suf-

29　ficient to form a belief as to the truth of the allegations con-

30　tained in paragraph VIII of plaintiff's complaint and, therefore,

31　denies each and every allegation contained therein, except that

32　this defendant specifically denies that plaintiff has any para-

33　mount right to any water or waters from the Santa Margarita

-5-

1   River or any tributary thereof and denies that plaintiff has any

2   rights in or to the waters of the Santa Margarita River or any

3   tributary thereof other than a correlative right accruing to

4   plaintiff by virtue of its ownership of land which is riparian

5   to the Santa Margarita River.

6                              IX

7        Answering paragraph IX of plaintiff's complaint, this de-

8   fendant denies each and every allegation contained in said para-

9   graph IX, except that this defendant admits that it has asserted

10  and does now assert that it has the right to use all of the water

11  produced and extracted from its hereinafter described lands and

12  that said right is paramount to any right of plaintiff and admits

13  that it claims the right to extract water from those tributaries

14  of the Santa Margarita River to which its lands are riparian and

15  that said right is paramount in some respects and correlative in

16  other respects to the rights of plaintiff.  Alleges that defend-

17  ant has the right to the use of water produced and extracted

18  from its lands hereinafter described and that said right is

19  paramount to the rights of the plaintiff, and that its right to

20  the use of water extracted from any tributary of the Santa

21  Margarita River to which its lands are riparian is paramount in

22  some respects and correlative in other respects to the rights of

23  plaintiff and denies that such rights of the defendant were ac-

24  quired subsequent to or with full knowledge of the full rights

25  of the United States of America or its predecessor in interest.

26  This defendant alleges that its right to produce or extract

27  water from, under or upon the land owned by it is paramount to

28  the rights of the United States of America.

29

30

31

32

33

-6-

9374

66

SECOND AND SEPARATE DEFENSE

X

Alleges that this answering defendant is now and has been for many years last past the owner of and entitled to possession of the following described lands situate in the County of San Diego, State of California:

> Lots 1 to 6, inclusive, in Block "E" of Rainbow according to Map No. 477 filed in the office of the Recorder of said County of San Diego January 10, 1888.

Alleges that said lands, hereinafter referred to as "school lands", are now and for many years last past have been used for the operation and maintenance of a public school and that said school lands are improved with school buildings and other structures and facilities used in the operation and maintenance of a public school.

Alleges that there is now and for many years last past there has been one producing well located on said school lands and that the water from said well is now and at all times has been used for the operation of a public school, including domestic and irrigation purposes. Alleges that a portion of the school lands not occupied by school buildings is arable.

XI

Alleges that defendant is informed and believes and therefore alleges the fact to be no part of said school lands is within the watershed of the Santa Margarita River, but on the contrary, all of said school lands are within the confines of the watershed of the San Luis Rey River. Defendant further alleges that it does not now and never has taken water from the Santa Margarita River watershed.

THIRD AND SEPARATE DEFENSE

XII

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation contained in said paragraph X as though set forth in full.

-7-

9375

XIII

That defendant is informed and believes and therefore alleges the fact to be that the school lands of defendant overlie a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or any stream tributary thereto, nor does it materially support the surface or sub-surface flow of said Santa Margarita River or any tributary thereto. Defendant claims the right to use any and all water produced upon the school lands for domestic use, for the purpose of irrigating crops as are now grown or may hereafter be grown on said lands and for the purpose of operating and maintaining a public school.

Alleges that this defendant and its predecessors in interest have operated and maintained and do operate and maintain a well upon the school lands, that the water now being produced and heretofore produced for many years last past from the well located upon the school lands is used for domestic purposes, including the operation and maintenance of a public school, and for the irrigation of crops; that all the water now being produced on the school lands is reason-ably produced and is reasonably required to supply the domestic and irrigation needs of this defendant in the operation of a public school upon said lands.

FOURTH AND SEPARATE DEFENSE

XIV

That the cause of action set forth in plaintiff's complaint is barred by Section 318 of the Code of Civil Procedure of the State of California.

FIFTH AND SEPARATE DEFENSE

XV

That the cause of action set forth in plaintiff's complaint is barred by Section 319 of the Code of Civil Procedure of the State of California.

-8-

9376

### SIXTH AND SEPARATE DEFENSE

### XVI

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

### XVII

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff and its predecessors in interest, and under claim of right, produced water from one or more wells upon the school lands and used all of the water so produced upon said school lands for domestic use, including the operation and maintenance of a public school, and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

### SEVENTH AND SEPARATE DEFENSE

### XVIII

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

### XIX

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint this defendant openly, notoriously, continuously and uninterruptedly in hostility to any claim of ownership, title or interest of plaintiff and its predecessors in interest, and under claim of right,

9377

produced water from one or more wells upon the school lands and
used all of the waters so produced upon said school lands for a
public use or purpose, to wit, for the operation and maintenance
of a public school, and that defendant acquired ownership of the
right to take and use said waters for said purpose and does now
have the right to use and take said waters for said purpose free
of and prior to and paramount to any right or claim of right of
plaintiff in and to said waters.

WHEREFORE, this answering defendant prays:

1.   That plaintiff take nothing by this action;

2.   That the Court adjudge and decree that this defendant is
the owner of and entitled to possession of the above described real
property with the right to produce and extract any and all waters
from said real property needed for domestic use, including the
operation and maintenance of a public school, and for the irrigation
purposes upon said real property;

3.   That plaintiff be forever barred from asserting any right,
title, interest or estate in or to said real property or in or to
any and all waters which may be taken or extracted from said real
property, adverse to this defendant, and that plaintiff be
restrained and enjoined from asserting any such claims;

4.   That this defendant have such further relief as the Court
may deem meet and proper; and

5.   That this defendant recover its costs herein incurred
and expended.

                              JAMES DON KELLER, District Attorney
                              and County Counsel in and for the
                              County of San Diego, State of
                              California

                              By _____
                                 ROBERT G. BERREY, Deputy

                              Attorneys for defendant Vallecitos
                              School District

9378

VERIFICATION

STATE OF CALIFORNIA )
                     ) SS
COUNTY OF SAN DIEGO  )

_William H. James_ , being first duly sworn, says:
That he is _Clerk Board of Trustees_ of the
Vallecitos School District, a public school district of the State of
California; that he has read the foregoing Answer and knows the
contents thereof; that the same is true of his own knowledge,
except as to matters which are stated on his information or belief
and as to those matters that he believes it to be true.

_William H. James_

Subscribed and sworn to
before me this 7th day
of March, 1952,

_Nadia D. Roper_
Notary Public in and for
the County of San Diego, State
of California
                     MY COMMISSION EXPIRES APR. 24, 1953
My Commission expires _____.

(SEAL)

9379