1   JAMES DON KELLER, District Attorney and
       County Counsel, San Diego County

2   By ROBERT G. BERREY, Deputy

3

    302 Civic Center, San Diego 1, Calif.
4   Franklin 9-6061, Ext. 451

5   Attorneys for Defendant

6   Fallbrook Union School District

**FILED**

MAR 13 1952

EDMUND L. SMITH, Clerk

By _Emily T. Vila_

DEPUTY CLERK

7

8

9            IN THE UNITED STATES DISTRICT COURT

10        IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12

13   UNITED STATES OF AMERICA,            )
                                          )
14                   Plaintiff,           )   No. 1247 - Civil
                                          )
15          v.                            )      ANSWER
                                          )
16   FALLBROOK PUBLIC UTILITY DISTRICT,   )        of
     a public service corporation of     )
17   the State of California, et al,      )   Fallbrook Union School
                                          )
18   _____Defendants._____ )   District

19

20       Comes now the defendant Fallbrook Union School District,

21   a public school district of the State of California,

22   and severing itself from the other defendants and appearing for it-

23   self alone, by way of answer to plaintiff's complaint herein,

24   admits, denies, and alleges as follows:

25                       FIRST DEFENSE

26                            I

27       Denies that any "actual controversy" or any controversy at

28   all had arisen prior to the commencement of this action, or has

29   arisen as between the United States of America and this answer-

30   ing defendant, as alleged in paragraph I of plaintiff's com-

31   plaint.  Further answering paragraph I of plaintiff's complaint,

32   this answering defendant denies that it has unlawfully or other-

33   wise interfered with the rights of the United States of America,

     as alleged in said paragraph I.

9427

-1-

7L

II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms. Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and, therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the

9428

1    of plaintiff destroyed, as alleged in paragraph IV of plaintiff's

2    complaint, the injury or threatened injury was not and is not the

3    result of activities of this defendant, or brought about by the

4    alleged encroachments upstream but was in part at least the re-

5    sult of a severe and protracted drought affecting all Southern

6    California and affecting not only wells of the plaintiff but all

7    wells in the Santa Margarita watershed and the wells in every

8    watershed in Southern California.  Defendant is informed and be-

9    lieves and, therefore, alleges the fact to be that plaintiff's

10   injury or threatened injury has been brought about principally

11   as a direct result of the plaintiff's misuse of the basin or

12   basins underlying the property of the plaintiff and the mis-

13   management of its wells and the operation thereof and in the

14   misuse and misappropriation of the water produced therefrom and

15   the wrongful, excessive, and unreasonable diversion and uses and

16   the places of use of said water.

17                              V

18        Answering paragraph V of plaintiff's complaint, admits that

19   Rancho Santa Margarita, a corporation, a predecessor in interest

20   of the United States of America, was the plaintiff in an action

21   instituted in the Superior Court of the State of California in

22   and for the County of San Diego, No. 42850, against N. R. Vail,

23   et al, which action was tried in said Superior Court which re-

24   sulted in a judgment in favor of plaintiff, which judgment was

25   subsequently reversed by the Supreme Court of the State of Cali-

26   fornia; that thereafter the parties to said action entered into

27   a stipulated judgment, which judgment purportedly adjudicated the

28   rights of the parties to that action to the use of the waters of

29   the Santa Margarita River.  Alleges that neither this answering

30   defendant nor any of its predecessors in interest was party to

31   said action and that said action did not involve the use of water

32   extracted from, used upon or appurtenant to the lands of this de-

33   fendant and this defendant is not bound by said judgment or any

-4-

9429

1   part thereof or the findings of fact or conclusions of law

2   entered in said action.  In further answer to paragraph V of

3   plaintiff's complaint, this answering defendant is without

4   knowledge or information sufficient to form a belief as to the

5   truth of those allegations in said paragraph V not hereinabove

6   specifically admitted or denied and, therefore, denies each of

7   said allegations not hereinabove specifically admitted or denied.

8                               VI

9       Answering paragraph VI of plaintiff's complaint admits that

10  plaintiff is the successor in interest of the Rancho Santa

11  Margarita, a corporation, but denies that it is entitled to or

12  can claim as against this defendant all right, title, interest

13  and privileges purported to have been given to Rancho Santa

14  Margarita by said stipulated judgment or that plaintiff is en-

15  titled to claim as against this defendant any more water than

16  the amount which is, or may be, reasonably and actually required

17  for riparian uses and purposes on that portion of plaintiff's

18  property which is actually riparian to the Santa Margarita River,

19  which amount of water is under present conditions, this defendant

20  is informed and believes and, therefore, alleges the fact to be,

21  not to exceed 2,620 acre feet per annum.

22                              VII

23      Alleges that it is without knowledge or information suf-

24  ficient to form a belief as to the truth of the allegations con-

25  tained in paragraph VII of plaintiff's complaint and, therefore,

26  denies each and every allegation contained therein.

27                              VIII

28      Alleges that it is without knowledge or information suf-

29  ficient to form a belief as to the truth of the allegations con-

30  tained in paragraph VIII of plaintiff's complaint and, therefore,

31  denies each and every allegation contained therein, except that

32  this defendant specifically denies that plaintiff has any para-

33  mount right to any water or waters from the Santa Margarita

9430

76

1   River or any tributary thereof and denies that plaintiff has any

2   rights in or to the waters of the Santa Margarita River or any

3   tributary thereof other than a correlative right accruing to

4   plaintiff by virtue of its ownership of land which is riparian

5   to the Santa Margarita River.

6                                      IX

7       Answering paragraph IX of plaintiff's complaint, this de-

8   fendant denies each and every allegation contained in said para-

9   graph IX, except that this defendant admits that it has asserted

10  and does now assert that it has the right to use all of the water

11  produced and extracted from its hereinafter described lands and

12  that said right is paramount to any right of plaintiff and admits

13  that it claims the right to extract water from those tributaries

14  of the Santa Margarita River to which its lands are riparian and

15  that said right is paramount in some respects and correlative in

16  other respects to the rights of plaintiff.  Alleges that defend-

17  ant has the right to the use of water produced and extracted

18  from its lands hereinafter described and that said right is

19  paramount to the rights of the plaintiff, and that its right to

20  the use of water extracted from any tributary of the Santa

21  Margarita River to which its lands are riparian is paramount in

22  some respects and correlative in other respects to the rights of

23  plaintiff and denies that such rights of the defendant were ac-

24  quired subsequent to or with full knowledge of the full rights

25  of the United States of America or its predecessor in interest.

26  This defendant alleges that its right to produce or extract

27  water from, under or upon the land owned by it is paramount to

28  the rights of the United States of America.

29

30

31

32

33

9431

77

SECOND AND SEPARATE DEFENSE

X

Alleges that this answering defendant is now and has been for many years last past the owner of and entitled to possession of the following described lands situate in the County of San Diego, State of California:

Parcel 1:

All of Blocks 104, 105, 106, 107, 108, 109, and 110 of West Fallbrook according to Map thereof No. 567 filed in the office of the Recorder of said County of San Diego, October 9, 1888, and the East 148 feet of Block 119 of said West Fallbrook according to said Map. 567; together with those portions of all vacated streets and alleys adjoining said Blocks 104, 105, 106, 107, 108, 109 and 110 of West Fallbrook.

Parcel 2:

Weaver Tract in Block 24 of West Fallbrook according to Map No. 824 filed in the office of the Recorder of said County of San Diego, November 17, 1896.

Alleges that said lands, hereinafter referred to as "school lands", are now and for many years last past have been used for the operation and maintenance of a public school and that Parcel 1 of said school lands is improved with school buildings and other structures and facilities used in the operation and maintenance of a public school.  Alleges that a well on Parcel 1 of said school lands has been used to provide a source of water supply for said public school and that a well on Parcel 2 has also been used to provide a source of water supply for said public school.  Alleges that a portion of the school lands not occupied by school buildings is arable.

XI

Alleges that Parcel 2 of said school lands is traversed by a stream commonly known as Fallbrook Creek, which stream is a tributary of the Santa Margarita River, and that Parcel 2 of said school lands is riparian to said Fallbrook Creek; that to the extent this defendant owns land riparian to said Fallbrook Creek it claims the right to the reasonable use of the water of said Fallbrook Creek

9432

as may flow through the lands of this defendant or the tributaries

of said Fallbrook Creek which may enter said creek upstream from

its riparian lands, said reasonable use being for domestic pur-

poses, including the operation and maintenance of a public school,

and irrigation purposes, and that said right is a correlative right.

### XII

Alleges that in the past and for many years this defendant

operated and maintained a well upon Parcel 2 of said school lands;

that the water produced from the well located upon said Parcel 2

of said school lands was used for domestic purposes, including

the operation and maintenance of a public school located on Parcel 1

of said school lands, and for the irrigation of crops; that although

defendant is not now operating the well located upon said Parcel 2,

it claims the right to resume operation of said well at any time

and to extract water from said Parcel 2 and to use the water so

extracted for domestic purposes, including the operation and main-

tenance of a public school on Parcel 1 of said school lands, and

for irrigation of crops.

### XIII

Alleges that in the past and for many years this defendant

took waters from the Fallbrook Creek at a point where said creek

crosses Parcel 2 of said school lands; that the waters so taken

were used for domestic purposes, including the operation and

maintenance of a public school on Parcel 1 of said school lands,

and for the irrigation of crops; that although defendant is not

now taking waters from said Fallbrook Creek, it claims the right

to resume taking waters from said Fallbrook Creek and to use such

waters for domestic use, including the operation and maintenance

of a public school on said Parcel 1, and for the irrigation of

crops.

### THIRD AND SEPARATE DEFENSE

### XIV

Defendant refers to paragraph X of this answer and by this

3433

reference incorporates each and every allegation contained in said paragraph X as though set forth in full.

## XV

That defendant is informed and believes and therefore alleges the fact to be that all of said school lands of defendant overlie a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or of the stream commonly known as Fallbrook Creek, or any other tributary of said Santa Margarita River, nor does it materially support the surface or subsurface flow of said Santa Margarita River, or Fallbrook Creek or any tributary of the Santa Margarita River.  Defendants claim the right to use any and all water produced upon the school lands for domestic use, for the purpose of irrigating crops as are now grown or may hereafter be grown on said lands and for the purpose of operating and maintaining a public school.

## XVI

Alleges that in the past and for many years this defendant operated and maintained one or more wells upon Parcel 1 of said school lands, that the water heretofore produced from the wells located upon said Parcel 1 was used for domestic purposes including the operation and maintenance of a public school, and for the irrigation of crops; that although defendant is not now operating any well on said Parcel 1, it claims the right to resume operation of wells on said Parcel 1 at any time and to extract water from said Parcel 1 and to use the water so extracted for domestic purposes, including the operation and maintenance of a public school, and for the irrigation of crops.

## XVII

Alleges that in the past and for many years this defendant operated and maintained a well upon Parcel 2 of said school lands, and that the water produced from said well was used for domestic

-9-

9434

and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff's predecessors

purposes, including the operation and maintenance of a public
school on Parcel 1 of said school lands, and for the irrigation
of crops; that although defendant is not now operating any well
on said Parcel 2, it claims the right to resume operation of
one or more wells on said Parcel at any time and to extract water
from said Parcel 2 and to use the water so extracted for domestic
purposes, including the operation and maintenance of a public
school on said Parcel 1, and for the irrigation of crops.

FOURTH AND SEPARATE DEFENSE

XVIII

That the cause of action set forth in plaintiff's complaint is
barred by Section 318 of the Code of Civil Procedure of the State
of California.

FIFTH AND SEPARATE DEFENSE

XIX

That the cause of action set forth in plaintiff's complaint
is barred by Section 319 of the Code of Civil Procedure of the
State of California.

SIXTH AND SEPARATE DEFENSE

XX

Defendant refers to paragraph X of this answer and by this
reference incorporates each and every allegation of said paragraph
X as though set forth in full.

XXI

That for a continuous period of more than five years prior
to the acquisition by plaintiff of its properties referred to in
plaintiff's complaint defendant openly, notoriously, continuously
and uninterruptedly, in hostility to any claim of ownership, title
or interest of any other person, including plaintiff's predecessors
in interest, and under claim of right, produced water from one or
more wells upon Parcel 1 of said school lands and used all of the
water so produced upon said school lands for domestic use including
the operation and maintenance of a public school, and for irrigation

-10-

9435

purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

### XXII

That for a continuous period of more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff's predecessors in interest, and under claim of right, produced water from one or more wells upon Parcel 2 of said school lands and used all of the water so produced upon said school lands for domestic use, including the operation and maintenance of a public school upon Parcel 1 of said school lands, and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

### SEVENTH AND SEPARATE DEFENSE

### XXIII

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

### XXIV

That for a continuous period of more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint this defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of plaintiff's predecessors in interest, and under claim of right, produced water from one or more wells upon Parcel 1 of said school lands and used all of the waters so produced upon said

9436

school lands for a public use or purpose, to wit, for the operation
and maintenance of a public school, and that defendant acquired
ownership of the right to take and use said waters for said purpose
and does now have the right to use and take said waters for said
purpose free of and prior to and paramount to any right or claim
of right of plaintiff in and to said waters.

XXV

That for a continuous period of more than five years prior to
the acquisition by plaintiff of its properties referred to in
plaintiff's complaint this defendant openly, notoriously, continu-
ously and uninterruptedly, in hostility to any claim of ownership,
title or interest of plaintiff's predecessors in interest, and
under claim of right, produced water from one or more wells upon
Parcel 2 of said school lands and used all of the waters so produced
for a public use or purpose, to wit, for the operation and maintenance
of a public school, and that defendant acquired ownership of the
right to take and use said waters for said purpose and does now
have the right to use and take said waters for said purpose free of
and prior to and paramount to any right or claim of right of plaintiff
in and to said waters.

WHEREFORE this answering defendant prays:

1.   That plaintiff take nothing by this action;

2.   That the Court adjudge and decree that this defendant is
the owner of and entitled to possession of the above described real
property with the right to produce and extract any and all waters
from said real property needed for domestic use, including the
operation and maintenance of a public school, and for the irrigation
purposes upon said real property;

3.   That the Court adjudge and decree that this defendant is
entitled to take and divert any and all waters from the Fallbrook
Creek and any tributary thereto for domestic use, including the
operation and maintenance of a public school, and for irrigation
purposes upon the above described real property of this defendant;

-12-

9437

4.   That plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property or in or to any and all waters which may be taken or extracted from said real property or the Fallbrook Creek or any tributary thereof for use on said real property, adverse to this defendant, and that plaintiff be restrained and enjoined from asserting any such claims;

5.   That this defendant have such further relief as the Court may deem meet and proper; and

6.   That this defendant recover its costs herein incurred and expended.

> JAMES DON KELLER, District Attorney
> and County Counsel in and for the
> County of San Diego, State of
> California
>
> By _____
> ROBERT G. BERREY, Deputy
>
> Attorneys for defendant Fallbrook
> Union School District

S438

VERIFICATION

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF SAN DIEGO    )


_Richard C. Yarnell_          , being first duly sworn, says:  That
he is _Clerk of Board of Trustees_          of the Fallbrook
Union School District, a public school district of the State of
California; that he has read the foregoing Answer and knows the
contents thereof; that the same is true of his own knowledge, except
as to matters which are stated on his information or belief and
as to those matters that he believes it to be true.


                              _Richard C. Yarnell_


Subscribed and sworn to
before me this 11th day
of March, 1952,

_Nadia H. Roper_
Notary Public in and for
the County of San Diego, State
of California

My Commission expires   MY COMMISSION EXPIRES APR. 24, 1953   .

(SEAL)

9439