JAMES DON KELLER, District Attorney and
    County Counsel, San Diego County

By ROBERT G. BERREY, Deputy

302 Civic Center, San Diego 1, Calif.
Franklin 9-6061, Ext. 451

Attorneys for Defendant

Fallbrook Union High School District



**FILED**

MAR 13 1952

EDMUND L. SMITH, Clerk
By _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )     No. 1247 - Civil
                                   )
        v.                         )   AMENDED ANSWER
                                   )
FALLBROOK PUBLIC UTILITY DISTRICT, )        of
a public service corporation of    )
the State of California, et al,    )   Fallbrook Union High School
                                   )
                Defendants.        )     District
_____

    Comes now the defendant Fallbrook Union High School District,

a public school district of the State of California, and severing

itself from the other defendants and appearing for itself alone, by

way of answer to plaintiff's complaint herein, admits, denies, and

alleges as follows:

                    FIRST DEFENSE

                         I

    Denies that any "actual controversy" or any controversy at

all had arisen prior to the commencement of this action, or has

arisen as between the United States of America and this answer-

ing defendant, as alleged in paragraph I of plaintiff's com-

plaint.  Further answering paragraph I of plaintiff's complaint,

this answering defendant denies that it has unlawfully or other-

wise interfered with the rights of the United States of America,

as alleged in said paragraph I.

                        -1-

9411

II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms. Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and, therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the

-2-

1    boundary of Riverside County and enters San Diego County, at
2    which point it continues in a generally southwesterly direction
3    across San Diego County until it empties into the Pacific Ocean.
4    Admits that the Santa Margarita River is an intermittent stream.
5    Alleges that said river is a nonnavigable river.  Admits that
6    underlying the Santa Margarita River and its tributaries there
7    are numerous underground basins composed of pervious materials,
8    sands, gravel and other fluvial deposits, the exact areas and
9    depths of which are unknown to this answering defendant; but
10   alleges that no portion of any basin which underlies said river
11   or any tributary thereof where said river or said tributaries
12   cross the lands of the plaintiff underlies any portion of the
13   lands of this answering defendant; admits that said Santa
14   Margarita River traverses twenty-one miles of the property of
15   plaintiff and that there are no water users below the lands of
16   said plaintiff on said river, and that the plaintiff owns the
17   lands traversed by said river from the point where the Santa
18   Margarita River enters plaintiff's property to the point where
19   the river bed  enters the Pacific Ocean.  Denies that this
20   answering defendant has in any way encroached upon any rights
21   that plaintiff may have in or to the waters of the Santa Marga-
22   rita River or its tributaries; denies that this defendant has
23   reduced the quantity of water available to said plaintiff from
24   said river or its tributaries or from any subterranean source.
25   Denies that any acts of this answering defendant damaged in any
26   way any rights or property of plaintiff.  Further answering the
27   allegations of paragraph IV of plaintiff's complaint, this
28   answering defendant does not have knowledge or information suf-
29   ficient to form a belief as to the truth of the allegations con-
30   tained therein and not hereinabove expressly admitted or denied
31   and, therefore, denies each and every allegation of said para-
32   graph IV not hereinabove expressly admitted or denied.  Alleges
33   that if it is true that there was salt intrusion and the wells

-3-

G413

88

1   of plaintiff destroyed, as alleged in paragraph IV of plaintiff's

2   complaint, the injury or threatened injury was not and is not the

3   result of activities of this defendant, or brought about by the

4   alleged encroachments upstream but was in part at least the re-

5   sult of a severe and protracted drought affecting all Southern

6   California and affecting not only wells of the plaintiff but all

7   wells in the Santa Margarita watershed and the wells in every

8   watershed in Southern California.  Defendant is informed and be-

9   lieves and, therefore, alleges the fact to be that plaintiff's

10  injury or threatened injury has been brought about principally

11  as a direct result of the plaintiff's misuse of the basin or

12  basins underlying the property of the plaintiff and the mis-

13  management of its wells and the operation thereof and in the

14  misuse and misappropriation of the water produced therefrom and

15  the wrongful, excessive, and unreasonable diversion and uses and

16  the places of use of said water.

17                              V

18      Answering paragraph V of plaintiff's complaint, admits that

19  Rancho Santa Margarita, a corporation, a predecessor in interest

20  of the United States of America, was the plaintiff in an action

21  instituted in the Superior Court of the State of California in

22  and for the County of San Diego, No. 42850, against N. R. Vail,

23  et al, which action was tried in said Superior Court which re-

24  sulted in a judgment in favor of plaintiff, which judgment was

25  subsequently reversed by the Supreme Court of the State of Cali-

26  fornia; that thereafter the parties to said action entered into

27  a stipulated judgment, which judgment purportedly adjudicated the

28  rights of the parties to that action to the use of the waters of

29  the Santa Margarita River.  Alleges that neither this answering

30  defendant nor any of its predecessors in interest was party to

31  said action and that said action did not involve the use of water

32  extracted from, used upon or appurtenant to the lands of this de-

33  fendant and this defendant is not bound by said judgment or any

                              -4-

81

1   part thereof or the findings of fact or conclusions of law
2   entered in said action.   In further answer to paragraph V of
3   plaintiff's complaint, this answering defendant is without
4   knowledge or information sufficient to form a belief as to the
5   truth of those allegations in said paragraph V not hereinabove
6   specifically admitted or denied and, therefore, denies each of
7   said allegations not hereinabove specifically admitted or denied.
8                                   VI
9        Answering paragraph VI of plaintiff's complaint admits that
10  plaintiff is the successor in interest of the Rancho Santa
11  Margarita, a corporation, but denies that it is entitled to or
12  can claim as against this defendant all right, title, interest
13  and privileges purported to have been given to Rancho Santa
14  Margarita by said stipulated judgment or that plaintiff is en-
15  titled to claim as against this defendant any more water than
16  the amount which is, or may be, reasonably and actually required
17  for riparian uses and purposes on that portion of plaintiff's
18  property which is actually riparian to the Santa Margarita River,
19  which amount of water is under present conditions, this defendant
20  is informed and believes and, therefore, alleges the fact to be,
21  not to exceed 2,620 acre feet per annum.
22                                  VII
23       Alleges that it is without knowledge or information suf-
24  ficient to form a belief as to the truth of the allegations con-
25  tained in paragraph VII of plaintiff's complaint and, therefore,
26  denies each and every allegation contained therein.
27                                 VIII
28       Alleges that it is without knowledge or information suf-
29  ficient to form a belief as to the truth of the allegations con-
30  tained in paragraph VIII of plaintiff's complaint and, therefore,
31  denies each and every allegation contained therein, except that
32  this defendant specifically denies that plaintiff has any para-
33  mount right to any water or waters from the Santa Margarita

-5-

9415

7c

1   River or any tributary thereof and denies that plaintiff has any
2   rights in or to the waters of the Santa Margarita River or any
3   tributary thereof other than a correlative right accruing to
4   plaintiff by virtue of its ownership of land which is riparian
5   to the Santa Margarita River.

6                                      IX

7        Answering paragraph IX of plaintiff's complaint, this de-
8   fendant denies each and every allegation contained in said para-
9   graph IX, except that this defendant admits that it has asserted
10  and does now assert that it has the right to use all of the water
11  produced and extracted from its hereinafter described lands and
12  that said right is paramount to any right of plaintiff and admits
13  that it claims the right to extract water from those tributaries
14  of the Santa Margarita River to which its lands are riparian and
15  that said right is paramount in some respects and correlative in
16  other respects to the rights of plaintiff.  Alleges that defend-
17  ant has the right to the use of water produced and extracted
18  from its lands hereinafter described and that said right is
19  paramount to the rights of the plaintiff, and that its right to
20  the use of water extracted from any tributary of the Santa
21  Margarita River to which its lands are riparian is paramount in
22  some respects and correlative in other respects to the rights of
23  plaintiff and denies that such rights of the defendant were ac-
24  quired subsequent to or with full knowledge of the full rights
25  of the United States of America or its predecessor in interest.
26  This defendant alleges that its right to produce or extract
27  water from, under or upon the land owned by it is paramount to
28  the rights of the United States of America.

29                      SECOND AND SEPARATE DEFENSE
30                                      X

31       Alleges that this answering defendant is now and has been for
32  many years last past the owner of and entitled to possession of the
33  following described lands situate in the County of San Diego, State of
    California:

                                     -6-

                                                        9416

                                                          9/

1   Lots 2, 3, 4 and 5 in Block 50 of West Fallbrook accord-
    ing to Map thereof No. 567 filed in the office of the
2   Recorder of San Diego County October 9, 1888;

3   All of Blocks "F", "G" and "M", and Lots One and Two
    in Block "N" of Bartlett's Addition to West Fallbrook in
4   the County of San Diego, State of California, according
    to the Map thereof No. 470, filed in the office of the
5   Recorder of said San Diego County January 4, 1888;

6   Beginning at the point of intersection of the Eastern line
    of Orange Avenue with the South line of Ivy Street, as
7   said avenue and street are shown on the map of West Fall-
    brook, San Diego County, California, Number 743, filed
8   in the office of the Recorder of said San Diego County
    March 6, 1893; running thence Easterly along said line
9   of Ivy Street 280 feet; thence Southerly parallel with
    Orange Avenue to the Northern line of Alvarado Street
10  as shown on map above referred to; thence Westerly along
    said line of Alvarado Street to a point distant thereon
11  Easterly from the Eastern line of Vine Avenue, as shown
    on map referred to, 140 feet; thence Northerly parallel
12  with said line of Vine Avenue 224 feet; thence Easterly
    parallel with said line of Alvarado Street to the Easterly
13  line of Orange Avenue; thence Northerly along said line of
    Orange Avenue to point of beginning; except that piece
14  deeded to the Atchison, Topeka and Santa Fe Railway
    Company described as follows: Beginning at a point on the
15  northerly line of Alvarado Street, and distant thereon,
    140 feet easterly from the easterly line of Vine Avenue,
16  as said Avenue and Street are shown on the Amended Map
    of West Fallbrook, No. 743, filed in the office of the
17  Recorder of said San Diego County, March 6, 1893; thence
    northerly parallel with Vine Avenue 150 feet; thence
18  easterly parallel with Alvarado Street 470 feet; thence
    southerly parallel with Vine Avenue 150 feet to the
19  northerly line of said Alvarado Street; thence westerly
    along said northerly line of Alvarado Street 470 feet to
20  the point of beginning;

21  All those twenty lots in Blocks one hundred twenty-one
    and one hundred twenty-two situated in West Fallbrook
22  according to Map No. 743 filed in the office of the
    Recorder of the County of San Diego, March 6, 1893;
23

24  That portion of the East one-half of the Northeast
    one quarter, Section 24, Township 9 South, Range 4 West,
25  San Bernardino Base and Meridian, described as follows,
    to-wit: Beginning at a point on the South line of Ivy
26  Street that is distant thereon 40 feet East of the inter-
    section of the Southerly line of said Ivy Street and the
27  Southerly prolongation of the East line of Iowa Avenue as
    said Streets are shown on the map of Bartlett's Addition
28  to West Fallbrook No. 1, being Map No. 470, filed in the
    office of the Recorder of said San Diego County, January 4,
29  1888, said point being also the Northeast corner of that
    certain tract of land conveyed by F. W. Bartlett to Peter
30  Oliver by Deed dated October 9, 1917, recorded in Book
    744, page 328 of Deeds, records of said County; thence
31  South along the East line of said tract of land conveyed
    to Peter Oliver a distance of 40 ft. to the Southeast
32  corner thereof; thence Easterly parallel to said South
    line Ivy Street 40 ft.; thence Northerly 40 ft. to a
33  point in the said South line of Ivy St. distant Easterly

<pre>
 1   thereon 40 ft. from the said point of beginning; thence
     West along the said South line of Ivy Street 40 ft. to
 2   the point of beginning;

 3   All that portion of the Southeast Quarter of the Northeast
     Quarter of Section 24, Township 9 South, Range 4 West,
 4   S.B.M., in the County of San Diego, State of California,
     described as follows: Commencing at the intersection of
 5   the Southerly extension of the East line of Iowa Street
     and the South line of Ivy Street, as said Streets are
 6   shown on the Map of Bartlett's Addition to West Fallbrook
     No. 1, being Map No. 470, filed in the office of the
 7   Recorder of said San Diego County January 4, 1888; thence
     South 40 feet; thence East 40 feet; thence North 40 feet;
 8   thence West 40 feet to the point of commencement;

 9   That certain parcel of land, being a portion of the East
     half of the Northeast one quarter, Section 24, Township
10   9 South, Range 4 West, San Bernardino Base and Meridian,
     County of San Diego, State of California, described as
11   follows, to-wit:  Beginning at the point of intersection
     of the Southerly prolongation of the East line of Iowa
12   Avenue with the South line of Ivy Street, as said Avenue
     and Street are shown on the Map of Bartlett's Addition
13   to West Fallbrook No. 1, being Map No. 470, filed in the
     Office of the Recorder of said County, Jan. 4th, 1888;
14   thence South 40 ft.; thence West parallel to the said South
     line of Ivy Street 40 ft.; thence North 40 ft. to the
15   said South line of Ivy Street; thence East along the said
     South line of Ivy Street 40 ft. to the point of beginning;
16
     All that portion of the East Half of the Northeast Quarter
17   of Section 24, Township 9 South, Range 4 West, S.B.B. & M.,
     in the County of San Diego, State of California, described
18   as follows, to-wit: Beginning at a point on the East line
     of said Northeast Quarter of said Section 24, distant
19   North 0° 19' 20" East, 1088.00 feet from the Southeast
     corner of said Northeast Quarter of said Section 24, being
20   the Northeasterly corner of the tract of land conveyed
     by F. W. Bartlett to G. S. and C. A. Stubblefield by deed
21   dated June 25, 1888 and recorded in Book 135, page 20 of
     Deeds, records of said County; thence running from said
22   point of beginning along the Northerly line of said tract
     of land conveyed by F. W. Bartlett to G. S. and C. A.
23   Stubblefield South 77° 25' 20" West, 337.92 feet to the
     Southeasterly corner of the tract of land conveyed by
24   F. W. Bartlett and Mary E. Bartlett to Lucy A. Root by
     deed recorded in Book 580, page 77 of Deeds, records of
25   said San Diego County; thence along the Easterly line
     thereof North 12° 39' West, 60.00 feet to the North-
26   easterly corner thereof; thence along the Northerly line
     thereof South 77° 32' 30" West, 180.05 feet to a point
27   which is distant North 77° 32' 30" East, 267.00 feet from
     the Northwesterly corner of the tract of land conveyed by
28   F. W. Bartlett et ux. to Lucy A. Root, by deed recorded
     in Book 406, page 109 of Deeds, records of said County,
29   being the true point of beginning; thence from the true
     point of beginning along the said Northerly line of the
30   tract of land conveyed by F. W. Bartlett to Lucy A. Root
     by deed recorded in Book 580, page 77 of Deeds, and the
31   Northerly line of the said tract of land conveyed by
     F. W. Bartlett to Lucy A. Root by deed recorded in
32   Book 406, page 109 of Deeds, South 77° 32' 30" West,
     267.00 feet to the said Northwesterly corner of tract of
33   land conveyed by F. W. Bartlett to Lucy A. Root by deed
</pre>

9418

1   recorded in Book 406, page 109 of Deeds; thence North 0°
2   41' 30" East, 277.87 feet to the South line of Ivy Street
    in Bartlett's Addition to West Fallbrook No. 1, Map No.
3   470, filed January 4, 1888; thence along the South line of
    said Ivy Street, South 89° 18' 30" East, 260 feet to a point
4   which bears North 0° 41' 30" East from said true point of
    beginning; thence South 0° 41' 30" West, 217.13 feet to
5   the true point of beginning;

6   All that portion of the East Half of the Northeast Quarter
    of Section 24, Township 9 South, Range 4 West, S.B.B.& M.,
7   in the County of San Diego, State of California, described
    as follows, to-wit:  Beginning at a point on the East line
8   of said Northeast Quarter of said Section 24, distant North
    0° 19' 20" East, 1088.00 feet from the Southeast corner of
9   said Northeast Quarter, Section 24, being the Northeasterly
    corner of the tract of land conveyed by F. W. Bartlett to
10  G. S. and C. A. Stubblefield by deed dated June 25, 1888
    and recorded in Book 135, page 20 of Deeds, records of said
11  County; thence running from said point of beginning along the
    Northerly line of said tract of land conveyed by F. W.
12  Bartlett to G. S. and C. A. Stubblefield South 77° 25' 20"
    West, 337.92 feet to the Southeasterly corner of the tract
13  of land conveyed by F. W. Bartlett and Mary E. Bartlett to
    Lucy A. Root by deed recorded in Book 580, page 77 of Deeds,
14  records of said County; thence along the Easterly line
    thereof North 12° 39' West, 60.00 feet to the Northeasterly
15  corner thereof; thence along the Northerly line thereof and
    the Northerly line of the tract of land conveyed by F. W.
16  Bartlett et ux to Lucy A. Root by Deed Recorded in Book 406,
    page 109 of Deeds, records of said County, South 77° 32' 30"
17  West, 447.05 feet to the true point of beginning; thence
    along the Westerly line of the said tract of land conveyed
18  by F. W. Bartlett et ux to Lucy A. Root, by deed recorded
    in Book 406, page 109, South 1° 08' 30" West, 128.54 feet
19  to its intersection with a line drawn parallel with and
    distant 150.00 feet North of the North line of the Easterly
20  extension of Alvarado Street, as said Street is shown on
    the Amended Map of West Fallbrook, No. 743, filed in the
21  Recorder's office March 6, 1893; thence along said parallel
    line North 89° 08' West, 222.53 feet to the East line of
22  the tract of land conveyed by F. W. Bartlett and Mary E.
    Bartlett to the Fallbrook Union High School District of
23  San Diego County, by deed dated April 8, 1912 and recorded
    June 21, 1912 in Book 564, page 143 of Deeds, records of
24  said County; thence along the said East line thereof North
    0° 39' East, 365.64 feet to a point 40 feet South of the
25  South line of Ivy Street in Bartlett's Addition to West
    Fallbrook No. 1, Map No. 470, filed January 4, 1888; thence
26  on a line parallel with and 40 feet South of the South line
    of said Ivy Street, South 89° 18' 30" East, 128.85 feet to
27  the Southeast corner of the tract of land conveyed by
    Francis W. Bartlett and Mary Bartlett to Arthur A. Sample
28  by deed dated November 28, 1922 and recorded in Book 943,
    page 401 of Deeds, records of said County July 25, 1923;
29  thence along the East line thereof North 0° 45' East, 40.00
    feet to the South line of said Ivy Street; thence along the
30  South line of said Ivy Street South 89° 18' 30" East, 89.82
    feet to the intersection with a line which bears North 0°
31  41' 30" East from the true point of beginning; thence South
    0° 41' 30" West, 277.87 feet to the true point of beginning;

32  The Tract marked "X" of Bartlett's Addition to West

33

9419

9y

1   Fallbrook No. 1, as per Map No. 470 filed January 4, 1888,
    and the Easterly Half of Minnesota Avenue adjoining said
2   Tract marked "X" vacated by the Board of Supervisors Febru-
    ary 15, 1893 as per Vacation Volume 15, page 310, records
3   of San Diego County, also a portion of the East Half of
    the Northeast Quarter of Section 24, Township 9 South,
4   Range 4 West, S.B.M., in the County of San Diego, State of
    California, described as follows, to-wit:  Beginning at a
5   point on the East line of said Northeast Quarter, Section
    24, distant North 0° 19' 20" East 1088.00 feet from the
6   Southeast corner of said Northeast Quarter, Section 24,
    being the Northeasterly corner of the tract of land con-
7   veyed by F. W. Bartlett to G. S. and C. A. Stubblefield by
    deed dated June 25, 1888 and recorded in Book 135, page 20
8   of Deeds, records of said County; thence running from said
    point of beginning along the Northerly line of said tract
9   of land conveyed by F. W. Bartlett to G. S. and C. A.
    Stubblefield South 77° 25' 20" West 337.92 feet to the
10  Southeasterly corner of the tract of land conveyed by
    F. W. Bartlett and Mary E. Bartlett to Lucy A. Root by
11  deed recorded in Book 580, page 77 of Deeds, records of
    said County; thence along the Easterly line thereof North
12  12° 19' West 60.00 feet to the Northeasterly corner there-
    of; thence along the Northerly line thereof South 77° 32'30"
13  West 180.05 feet to a point which is distant North
    77° 32' 30" East 267.00 feet from the Northwesterly corner
14  of the tract of land conveyed by F. W. Bartlett et ux to
    Lucy A. Root by deed recorded in Book 406, page 109 of
15  Deeds, records of said County; thence North 0° 41' 30" East
    217.13 feet to the South line of Ivy Street in said Bart-
16  lett's Addition to West Fallbrook No. 1, Map 470; thence
    along the South line of said Ivy Street South 89° 18' 30"
17  East 230.72 feet to the Southeast corner thereof; thence
    along the East end thereof North 00° 41' 30" East 50 feet
18  to the Southwest corner of said Tract marked "X" of Bart-
    lett's Addition to West Fallbrook No. 1, as per Map No.
19  470; thence along the South line thereof South 89° 18' 30"
    East 286.17 feet to the said East line of the Northeast
20  Quarter, Section 24; thence along the East line thereof
    South 0° 19' 20" West 206.91 feet to the point of be-
21  ginning;

22  Together with those portions of vacated streets and
    alleys adjacent to the above described lands.
23

24      Alleges that said lands, hereinafter referred to as "school

25  lands", are now and for many years last past have been used for

26  the operation and maintenance of a public school and that said

27  school lands are improved with school buildings and other struc-

28  tures and facilities used in the operation and maintenance of a

29  public school.  Alleges that there are also located upon said

30  lands a grove of avocado trees and other vegetation which require

31  irrigation.  Alleges that in the past there have been several

32  producing wells located on said school property.  Alleges that

33  there is now and for many years last past there has been one

9420

producing well located on said school property and that the water
from said well is now and at all times has been used for the oper-
ation and maintenance of a public school, including domestic and
irrigation purposes.

XI

Alleges that said lands are traversed by a stream commonly
known as Fallbrook Creek, which stream is a tributary of the
Santa Margarita River, and that said school lands are riparian to
said Fallbrook Creek; that to the extent this defendant owns land
riparian to said Fallbrook Creek it claims the right to the
reasonable use of the water of said Fallbrook Creek as may flow
through the lands of this defendant or the tributaries of said
Fallbrook Creek which may enter said creek upstream from its
riparian lands, said reasonable use being for domestic purposes
including the operation and maintenance of a public school, and
for irrigation purposes, and that said right is a correlative right.

XII

Alleges that this defendant and its predecessors in interest
have operated and maintained and do operate and maintain a well
upon the school lands, that the water now being produced and here-
tofore produced for many years last past from said well located
upon the school lands is used for domestic purposes, including
the operation and maintenance of a public school, and for the
irrigation of crops; that all the water now being produced on the
school lands is reasonably produced and is reasonably required to
supply the domestic and irrigation needs of this defendant in the
operation of a public school upon said lands.

THIRD AND SEPARATE DEFENSE

XIII

Defendant refers to paragraph X of this answer and by this
reference incorporates each and every allegation contained in said
paragraph X as though set forth in full.

-11-

9421

### XIV

That defendant is informed and believes and therefore alleges the fact to be that the school lands of defendant overlie a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or the stream commonly known as Fallbrook Creek or any other tributary of said Santa Margarita River, nor does it materially support the surface or subsurface flow of said Santa Margarita River, or Fallbrook Creek or any tributary of the Santa Margarita River. Defendant claims the right to use any and all water produced upon the school lands for domestic use, for the purpose of irrigating crops as are now grown or may hereafter be grown on said lands and for the purpose of operating and maintaining a public school.

### XV

Alleges that this defendant and its predecessors in interest have operated and maintained and do operate and maintain a well upon the school lands, that the water now being produced and heretofore produced for many years last past from the well located upon the school lands is used for domestic purposes, including the operation and maintenance of a public school, and for the irrigation of crops; that all the water now being produced on the school lands is reasonably produced and is reasonably required to supply the domestic and irrigation needs of this defendant in the operation of a public school upon said lands.

### FOURTH AND SEPARATE DEFENSE

### XVI

That the cause of action set forth in plaintiff's complaint is barred by Section 318 of the Code of Civil Procedure of the State of California.

-12-

9422

FIFTH AND SEPARATE DEFENSE

XVII

That the cause of action set forth in plaintiff's complaint is barred by Section 319 of the Code of Civil Procedure of the State of California.

SIXTH AND SEPARATE DEFENSE

XVIII

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said paragraph X as though set forth in full.

XIX

That for more than five years prior to the commencement of this action and for more than five years prior to the acquisition by plaintiff of its properties referred to in plaintiff's complaint defendant openly, notoriously, continuously and uninterruptedly, in hostility to any claim of ownership, title or interest of any other person, including plaintiff and its predecessors in interest, and under claim of right, produced water from one or more wells upon the school lands and used all of the water so produced upon said school lands for domestic use, including the operation and maintenance of a public school, and for irrigation purposes, and that defendant acquired ownership of the right to take and use said waters for said purposes and does now have the right to use and take said waters for said purposes free of and prior to and paramount to any right or claim of right of plaintiff in and to said waters.

SEVENTH AND SEPARATE DEFENSE

XX

Defendant refers to paragraph X of this answer and by this reference incorporates each and every allegation of said para- graph X as though set forth in full.

-13-

9423

4.  That plaintiff be forever barred from asserting any

XXI

That for more than five years prior to the commencement of
this action and for more than five years prior to the acquisition
by plaintiff of its properties referred to in plaintiff's complaint
this defendant openly, notoriously, continuously and uninterruptedly,
in hostility to any claim of ownership, title or interest of plain-
tiff and its predecessors in interest, and under claim of right,
produced water from one or more wells upon the school lands and
used all of the waters so produced upon said school lands for a
public use or purpose, to wit, for the operation and maintenance
of a public school, and that defendant acquired ownership of the
right to take and use said waters for said purpose and does now
have the right to use and take said waters for said purpose free
of and prior to and paramount to any right or claim of right of
plaintiff in and to said waters.

WHEREFORE this answering defendant prays:

1.  That plaintiff take nothing by this action;

2.  That the Court adjudge and decree that this defendant
is the owner of and entitled to possession of the above described
real property with the right to produce and extract any and all
waters from said real property needed for domestic use, including
the operation and maintenance of a public school, and for the
irrigation purposes upon said real property;

3.  That the Court adjudge and decree that this defendant
is entitled to take and divert any and all waters from the Fall-
brook Creek and any tributary thereto for domestic use, including
the operation and maintenance of a public school, and for irriga-
tion purposes upon the above described real property of this
defendant;

4.  That plaintiff be forever barred from asserting any
right, title, interest or estate in or to said real property or
in or to any and all waters which may be taken or extracted from
said real property or the Fallbrook Creek or any tributary thereof

9424

1  for use on said real property, adverse to this defendant, and that

2  plaintiff be restrained and enjoined from asserting any such claims;

3      5.  That this defendant have such further relief as the Court

4  may deem meet and proper; and

5      6.  That this defendant recover its costs herein incurred and

6  expended.

                        JAMES DON KELLER, District Attorney
                         and County Counsel in and for the
                        County of San Diego, State of
                        California

By        *Robert G. Berrey*
         ROBERT G. BERREY, Deputy

       Attorneys for defendant Fallbrook
       Union High School District

-15-

VERIFICATION

STATE OF CALIFORNIA   )
                      )  SS
COUNTY OF SAN DIEGO   )

JOHN B. BRINEGAR _____, being first duly sworn, says:  That

he is _____SUPERINTENDENT_____ of the Fallbrook

Union High School District, a public school district of the State

of California; that he has read the foregoing Answer and knows

the contents thereof, that the same is true of his own knowledge,

except as to matters which are stated on his information or belief

and as to those matters that he believes it to be true.

*John B. Brinegar*

Subscribed and sworn to

before me this **11th** day

of March, 1952,

*[signature]*
Notary Public in and for
the County of San Diego, State
of California

My Commission expires **June 10, 1952**    .

(SEAL)

9426

*10/*