BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
Telephone: F 9-4101

Attorney for Plaintiff

FILED
MAR 24 1952
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California;<br><br>ET AL.,<br><br>        Defendants. | Civil No. 1247-SD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF CHARLOTTE FLO FAULKNER, RAYMOND C. FAULKNER, MADELEINE E. THURBER, AND PACKARD THURBER FOR REFERENCE TO A SPECIAL MASTER, AND POINTS AND AUTHORITIES IN SUPPORT THEREOF |

    For the first time, perhaps, this Court or any court has been petitioned to designate a party defendant as Special Master. Nevertheless, that is the substance of the motion to which this memorandum is in opposition. Not only do these defendants move this Court to make the State of California, a defendant in intervention in this action, Special Master, they request that that reference be made without limitation or without any indication of the specific matters to which the reference is to pertain.

    Of vital importance in this consideration is the adverse basis upon which the defendant, the State of California, has intervened. The basis for that intervention is a Concurrent Resolution adopted by the Legislature of the State of California. This excerpt from that Resolution discloses the circumstances under which the State of California is now before this Court:

    "Resolved by the Assembly of the State of California,
the Senate thereof concurring, That the Governor of the State
of California and the Attorney General of the State of
California are respectfully requested to take all needful
and legal action promptly and vigorously to oppose the action

- 1 -

892

<u>of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System, to the court of last resort, if necessary; * * *."</u> 1/

(Last underscoring supplied.)

Thus, the State of California is here as a defendant "vigorously" to oppose "the action of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System, * * *." Vigorous opposition has been interposed against the United States of America by the State of California. Vigorous opposition by the State of California throughout this litigation is expected. That is the policy of the State Legislature of the State of California. It is the policy of the Executive Branch of that sovereign. It is the course now, and which undoubtedly will be, pursued. Chief Judge Yankwich, in his opinion,2/ has recognized the status of California in this litigation as a defendant. When entering the order permitting the State to intervene, Chief Judge Yankwich declared: "* * * by coming in and filing this answer, * * * [the State of California] has conceded that the Government of the United States has the right to come into a court and have its riparian rights decided." Reference to the motion granted by Chief Judge Yankwich is appropriate. From that motion the following excerpt is taken: "This motion is on the grounds that the People of the State have by their laws asserted that all water within the State is the property of the People thereof; * * *." By its answer the defendant State of California has evidenced the adverse character which it has assumed in this litigation.

Thus, there is presented an action instituted by the United States of America in its own forum; intervention into that action by the State of California as a defendant, directed by the State Legislative body "vigorously" to oppose the United States; and a defective motion joined in by defendants Faulkners who assert no rights in the Santa Margarita-Temecula River, petitioning this Court to designate the State of California as Special Master "to investigate any and all of the physical facts involved in said action as may be necessary to determine the right

---

1/ Statutes and Amendments to the Codes, California, 1951, Third Extra Session, 1950, vol. 2, pages 4696-4697.
2/ United States v. Fallbrook Public Utility District, et al., 101 F. Supp. 298, 301.

1  of each and every party to the use of water as against each and every other party
2  as such rights may exist under and by virtue of the laws of the State of
3  California, * * *." Thus, the defendant State of California, should the reference
4  be granted, would be accorded virtually the full power to take testimony in
5  regard to the conflicting rights, undertaking that vital role in the judicial
6  process. Observed in passing, from the quoted excerpt, is this fact: The
7  defendants request a reference to defendant State of California for a full
8  investigation of rights to the use of water - a determination of the rights of
9  each and every party to the use of water as against each and every other party -
10 that request, even though there are presently no cross-complaints or pleadings
11 which would at this time justify relief of the character sought. Unchallenged
12 are the statements in the record that there have been no cross-complaints by
13 reason of agreement between certain of the counsel who deemed it expedient to
14 prevent cross-complaints. Thus, not only is there a reference requested to a
15 defendant, but the reference is to be made without limitation and to be made
16 without regard to the present status of the pleadings. No authority has been
17 found in which a court has (1) designated a defendant a Special Master in a case,
18 or (2) made the reference without regard to the pleadings as they stand.
19         The defendant State of California stipulated with the United States of
20 America on November 29, 1951. That stipulation has been filed with this Court.
21 By it certain controversial issues were resolved. Equally important, however,
22 is the provision in that stipulation -
23         "That there will be a full, complete and mutual exchange of
24         data and information as to the subject matter of this cause
25         collected by the respective parties to this Stipulation, in-
26         cluding data respecting the issuance of any permits or licenses
27         issued by the State of California in connection with the rights
28         to the use of water of the Santa Margarita River."
29 Thus it is obvious that the two sovereigns performing their respective functions
30 in this litigation have agreed to a mutual exchange of information. To subject,
31 however, the sovereign, the United States of America, to the sovereign, the State
32 of California, would be contrary to the respective positions occupied by those

- 3 -

894

1  sovereigns. Moreover, as an adverse claimant, it is difficult to perceive how
2  the State of California, defendant, could perform the functions of this Court
3  and at the same time "vigorously" oppose the United States.
4      Important likewise to the Nation's security is this additional provision
5  contained in that Stipulation: "Such exchange of information by the United
6  States, will be subject to clearance by the Commanding Officer, Camp Joseph H.
7  Pendleton, in respect to military security, as determined by said Officer."
8  Here again are emphasized the respective roles of the National Government and
9  of the State of California.
10     Acting pursuant to the provision for the exchange of information,
11 representatives of the State of California, both legal and engineering, have been
12 given full access to all of the data gathered by the United States preparatory
13 for the trial of this litigation. A full review was accorded to the legal
14 representative of the position taken by the United States in that aspect of the
15 case. Similar data was made available to the engineering representative of the
16 State of California. Each was fully apprised of the position of the United States.
17 That was done in accordance with the understanding contained in the Stipulation
18 and on the basis of the adverse status of California in this litigation.
19     Responding to Interrogatories filed by the Fallbrook Public Utility
20 District, the United States of America has filed with this Court and served upon
21 the defendant Fallbrook Public Utility District, full and complete information as
22 requested in those Interrogatories. In making response to the twenty-five
23 inquiries contained in those Interrogatories, data concerning the entire watershed
24 were filed. The results of months of preparation were made available to the
25 Fallbrook Public Utility District. Defendant State of California has had full
26 opportunity to review that data. When the legal and engineering representatives
27 of the defendant State of California, pursuant to the Stipulation in question,
28 desired that information, it was made available to them for review. That data
29 pertained to riparian acreage owned by the United States. It related to the
30 military uses to which the water is now being applied. In substance it was a
31 complete disclosure within the bounds of military security. Manifestly, therefore,
32 the defendant State of California has had full and complete opportunity to

consider the case of the United States. To subject the United States of America at this time to further review by the defendant State of California could have no other effect than to delay, with the attendant costs to all concerned, an early trial of this litigation.

Under advisement by this Court at the present time are motions to try separately on the merits, the cases of United States of America v. Fallbrook Public Utility District; United States of America v. Santa Margarita Mutual Water Company. Those named defendants seek to export huge quantities of the meager supply of water from the basin of the Santa Margarita River into that of the San Luis Rey River. To try those cases will entail the introduction in evidence of technical data concerning the vast and intricate aspects of this case, presently prepared. In that regard reference is made to the claimants the United States of America and the Vail Estate. Those two claimants with their tremendous acreages of riparian land assert rights far exceeding the wholly insufficient supply of water. When the evidence supporting those claims, together with the evidence of the trans-basin exporters, has been adduced, virtually all of the costly and complex evidence respecting the Santa Margarita River will be in the record. A reference to the defendant State of California would needlessly forestall the trial of the case while the defendant State of California, at great cost to all concerned, investigates the data prepared by the United States in contemplation of proving its cases against the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company. The costs of the defendant State of California to make the needless and repetitious investigations already completed by the United States would be borne by the small water users. Anomalous though that course may be, it appears to be in keeping with the equally anomalous request that this Court subject the United States to the jurisdiction of the defendant State of California in the manner proposed - subject it to the jurisdiction of a defendant here under these directions from the Legislature of the State of California: "vigorously to oppose the action /¯this action_/ of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System * * *."

Historically the United States of America has sought relief in its own

forum - has relied upon its own tribunals to determine not only the law but the facts. It is the practice the United States has adhered to involving its claims to rights to the use of water within the jurisdiction of defendant State of California. That historical practice is in keeping with Chief Justice Marshall's caveat in the formative years of our Nation: "No government ought to be so defective in its organization, as not to contain within itself the means of securing the execution of its own laws against other dangers than those which occur every day. Courts of justice are the means most usually employed; and it is reasonable to expect that a government should repose on its own courts, rather than on others. There is certainly nothing in the circumstances under which our constitution was formed; nothing in the history of the times, which would justify the opinion that the confidence reposed in the States was so implicit as to leave in them and their tribunals the power of resisting or defeating, in the form of law, the legitimate measures of the Union." 3/

    Wholly aside from the fact that the proposed Special Master is here as a defendant under direction "vigorously to oppose the action of the United States to establish its claim" in this case; wholly aside from the fact that the United States has moved, and the motions are now under advisement, for trials on the merits against trans-basin exporters, - trials which will place in the record data now prepared, which the defendant State of California would investigate with all the attendant costs to the small water users; wholly aside from the fact that the United States of America relies upon its own tribunals in trying the law and the facts of its cases, there is an additional reason, it is respectfully submitted, for denying this motion. That reason relates to the fatal defects of the motion itself.

    By the rule relied upon it is evident that movants have not disclosed a basis for the reference which they seek. "A reference to a master shall be the exception and not the rule. * * * in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a <u>showing that some exceptional condition requires it.</u>" 4/ (Underscoring supplied.) The substance

---

3/ Cohens v. Virginia, 19 U. S. 82, 91 (1821).
4/ Federal Rules of Civil Procedure, Rule 53 (b).

of that rule has been authoritatively reiterated. "Rule 53 (b) authorizes references * * * in nonjury cases, * * * only when some exceptional condition requires." [5]/ It has been emphasized that a reference is "the exception and not the rule" and that the rule relied upon is a continuation of the policy of Equity Rule 59, subdivision (b) which lay down the mandate that references should be made only upon exceptional cases. [6]/ Examined in the light of those long-established authorities, it is evident that there has not been compliance by defendants with the Federal Rules of Civil Procedure. No "showing" is made upon which the reference could be justified; no reason advanced as to the propriety of a reference under the circumstances.

      Movants Charlotte Flo Faulkner and Raymond C. Faulkner created this unusual circumstance which weighs heavily against granting the motion: The defendants assert in their answer no rights to the use of water in the Santa Margarita River. The answer filed raises no issues in regard to the respective rights of the parties. Irrespective of that fact those defendants petition the entry of an order directing the State Engineer of the State of California "to investigate any and all of the physical facts involved in said action as may be necessary to determine the right of each and every party to the use of water as against each and every other party as such rights may exist under and by virtue of the laws of the State of California * * *." As the Faulkners assert no claim in the stream, their motion is frivolous.

      It is respectfully submitted:

      The United States should not be subjected to the jurisdiction of the defendant State of California as the State is "vigorously" opposing the claim of the United States. The small water users should not be forced to sustain the unnecessary costs a reference would entail. This tribunal of the United States should make all determinations of law and fact. The United States has acted upon its Stipulation with the State of California, allowing full

---

[5]/ Cyc. Fed. Proc., 3d ed., vol. 10, sec. 33.02, page 5.

[6]/ Moore's Federal Practice, 2d ed., vol. 5, rule 53 (b), sec. 53.05, pp. 2933-2937.

1  investigation, both legally and from the standpoint of engineering, of its case.
2  The United States has moved, this Court now has under advisement the motions,
3  to try the cases as to law and fact against Fallbrook Public Utility District
4  and Santa Margarita Mutual Water Company. By trying at this time the cases against
5  those trans-basin exporters, time in trial and costs to the small users will
6  be saved.
7      Accordingly, this Court is respectfully petitioned to deny the motion
8  for reference and permit this case to proceed to trial against those who seek
9  to make trans-basin diversions into the San Luis Rey River basin of huge
10 quantities of the meager supply of water of the Santa Margarita River, to the
11 irreparable damage of the United States and other claimants within the watershed
12 of the Santa Margarita River.

WILLIAM H. VEEDER,
Special Assistant to the Attorney General

Dated: March 24-1952

BETTY MARSHALL GRAYDON,
Assistant United States Attorney

- 8 -

899