```
                                        (SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
       ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
      SAN DIEGO 1, CALIFORNIA
          FRANKLIN 9-1131
```




Attorneys for Defendant JAMES C. ALDRICH
and SEVENTY-SIX OTHER DEFENDANTS

MAR 26 1952

EDMOND L. SMITH, Clerk

By _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>Vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al.,<br><br>    Defendants. | NO. 1247-SD<br><br>REPLY MEMORANDUM TO PLAINTIFF'S STATEMENT IN OPPOSITION TO MOTION OF CERTAIN DEFENDANTS FOR REFERENCE TO SPECIAL MASTER FILED ON BEHALF OF JAMES C. ALDRICH AND SEVENTY-SIX OTHER DEFENDANTS. |

Comes now Defendant JAMES C. ALDRICH and SEVENTY-SIX (76) other defendants being all who are represented of record by their attorneys, SWING, SCHARNIKOW & STANIFORTH and join in the motion of defendants CHARLOTTE FLO FAULKNER, RAYMOND FAULKNER, MADELEINE E. THURBER and PACKARD THURBER for reference to a Special Master and as a Reply Memorandum to Plaintiff's Statement in Opposition to said motion, alleges:

I.

The State of California is not an adverse party to Plaintiff.

The principal complaint made by Plaintiff is that the motion proposes to designate a party defendant, the State of California, as Special Master. But it is not true that the State of California is before the Court as an actual adverse party or

-1-

923

or as a rival contender for water rights or as a claimant for any portion of the waters of the Santa Margarita River for its own use. The State of California has not at any time used and is not now using and does not propose to use any of the waters of the Santa Margarita River and is not claiming the right to any such use for itself. Therefore the State of California is an adverse party only in form and name. In no real sense of the word is the State of California a party "adverse" to Plaintiff.

## II.

It is not true that, if a reference is made, the State of California will be performing the functions of the Court.

The reference to the State Division of Water Resources can be, and should be, made only to investigate and report to the Court on the physical facts involved in the action, on which a judicial judgment could be made by the Court itself.

A. The reference proposed is more in harmony with ordinary justice and established judicial procedure than the course which Plaintiff itself is now pursuing of setting up a "moot court" at Camp Pendleton before which some three thousand (3000) defendants, too poor to employ an attorney, are expected to appear and submit their claims to the agents and employees of Plaintiff who, constituting themselves prosecutor, judge and jury, will investigate and try the merits of their claims and decide how much water it will allow each claimant, and if the poverty stricken claimant agrees to Plaintiff's decision, that amount will be included in the final decree as a stipulated judgment. This is the alternative which Plaintiff offers these defendants.

## III.

The proposed reference will save the defendants expense.

It is untrue, as Plaintiff asserts, that a reference would add costs to the defendants and cause delay.

A. The State Division of Water Resources was heretofore

-2-

924

to-wit: on March 31, 1950, by an order of reference issued by a State Court, appointed referee in the case of Barbey vs. Oviatt et al and has been investigating since that date the physical facts on the upper reaches of the Santa Margarita-Temecula River and, presumably, has already gathered a great quantity of material relative to the physical facts which necessarily would also be involved in this pending litigation.

B. Plaintiff has heretofore stipulated with the State Attorney General for "a full, complete and mutual exchange of data and information as to the subject matter of this cause collected by the respective parties to this stipulation" and, according to Plaintiff's statement, much, if not all, of this engineering data and information has been turned over to the State pursuant to that stipulation and, to use Plaintiff's own words: "Defendant State of California has had full opportunity to review that data". This, with all the other data which the Division of Water Resources collected under the reference in the case of Barbey vs. Oviatt, should have given it most of the required data in this case. Obviously the assertion by the Plaintiff that the State, in case a reference were made, would "make the needless and repetitious investigations already completed by the United States" is wholly without foundation.

C. It is untrue that a reference to the State of California would result in delay. For the reasons already set out, it is obvious that the State Division of Water Resources, which is trained and experienced in the making of these investigations and reports and which has already been at work for the past two years on the Santa Margarita River investigation under the reference of the State Court, together with the data and engineering information already turned over to it by the Plaintiff, could complete an investigation and report without any undue delay.

-3-

IV.

There is no basis for Plaintiff's complaint that it will in some way be deprived of the protection of Federal laws and Federal Courts if a reference is made.

A. Plaintiff has already waived any special advantages which might exist under any Federal law when, in Paragraph IV of its stipulation with the State of California, it agreed:

> "The rights of the United States of America to the use of water herein are to be measured in accordance with the laws of the State of California."

Part of the State law now proposed to be invoked by the pending motions are Sections 2000 and 2001 of the Water Code of the State of California providing that "any Court of competent jurisdiction" may order a reference "to the Department for investigation of and report on any or all of the physical facts involved." It would appear that the Plaintiff by its said stipulation has waived its right to object if the Court, in its discretion, sees fit to order a reference.

V.

Plaintiff claims that a case for reference has not been made out because it has not been shown "that some exceptional condition requires it".

Plaintiff persists in believing that this is just an ordinary lawsuit, ignoring the fact that the litigation has established a record for the number of parties involved, the amount of nation-wide interest it has stimulated, the heated discussion it has provoked and, as Plaintiff itself concedes at one place, "the vast and intricate aspects of this case" and "the costly and complex evidence" required to determine its merits. Even an ostrich with its head hidden in the sand would know that this case has some very exceptional features and that it is very much of an exception to the usual run of cases.

-4-

926

## VI.

Since Plaintiff has seen fit to discuss separate trials and has closed its statement by repeating its request for separate trials, we feel justified in pointing out that in its Statement in Opposition to the Motion for Reference it has made admissions and assertions which completely vindicated the position of defendant Fallbrook Public Utility District in opposing separate trials. It now stands conceded by Plaintiff that separate trials proposed would necessarily involve the use of <u>practically all of the evidence in the case</u>, which would subsequently have to be produced in the trial of the other three thousand two hundred (3200) defendants not before the Court in the first trial. At page five (5) of its statement, Plaintiff declares:

> "To try these cases (against Fallbrook Public Utility District and Santa Margarita Mutual Water Company) will entail the introduction in evidence of technical data concerning the vast and intricate aspects of this case."

and again on the same page:

> "When the evidence supporting those claims, (United States of America and the Vail interests) together with the evidence of the trans-basin exporters, (Fallbrook Public Utility District and Santa Margarita Mutual Water Co.) has been adduced, <u>virtually all of the costly and complex evidence respecting the Santa Margarita River will be in the record.</u>" (emphasis added)

All of the cases hold that no separate trial should be ordered if it would necessarily involve hearing a substantial portion of the evidence which will have to be heard on the main trial. (See our brief opposing separate trials pp 15 - 19, particularly pp 16 and 18). Since Mr. Veeder asserts that the

-5-

927

separate trials will necessitate the introduction of "virtually all of the costly and complex evidence respecting the Santa Margarita River", the Motions for separate trials should be denied.

We urge the granting of the Motions for reference.

DATED: March 25, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY *Phil D. Swing*

Attorneys for JAMES C. ALDRICH
and SEVENTY-SIX OTHER DEFENDANTS

RECEIVED copy of within
Reply Memorandum this
26th day of March, 1952

*Betty Marshall Graydon*

Attorneys for *Plff & Dve.*

-6-

928