```
 1                IN THE UNITED STATES DISTRICT COURT
 2                  SOUTHERN DISTRICT OF CALIFORNIA
 3                         SOUTHERN DIVISION
 4   Edson Abel
     2223 Fulton Street
 5   Berkeley 4, California
     Telephone:  Thornwall 3-9600
 6
     Attorney for Defendants
 7      Charlotte Flo Faulkner
        Raymond C. Faulkner
 8
     Kenneth K. Wright
 9   Ralph B. Helm
     215 West 7th Street
10   Los Angeles 14, California
     Telephone:  Trinity 8404
11
     Attorneys for Defendants
12      Madeleine E. Thurber
        Packard Thurber
13
14
15   UNITED STATES OF AMERICA,        )   No. 1247-Civil
                                      )
16              Plaintiff,            )
                                      )
17         vs.                        )
                                      )   REPLY TO PLAINTIFF'S MEMORANDUM
18   FALLBROOK PUBLIC UTILITY DISTRICT,)  IN OPPOSITION TO MOTION FOR
     a public service corporation of  )   REFERENCE TO A SPECIAL MASTER
19   the State of California, et al., )
                                      )
20              Defendants.           )
                                      )
21
22
          The opposition of the plaintiff to the proposed reference
23
     to a special master appears to be based primarily upon the
24
     assumptions:
25
          a.  The State of California is an adversary of the
26
              plaintiff.
27
          b.  The court will be divested of some of its jurisdiction
28
              and the suggested procedure is contrary to the
29
              historical practice observed by the Federal courts.
30
          c.  The present case is not an exceptional case.
31
          None of these assumptions can be indulged for the simple
32
```

FILED
APR 3 - 1952
EDMUND L. SMITH, Clerk
By [signature]
    DEPUTY CLERK

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

937

reason that none of them is based upon the facts.

a.

The State of California is not presently an adversary of the plaintiff in this matter. The facts are, of course, that the State of California intervened in the present proceeding to protect the integrity of its water laws. This question has ceased to be an issue because of the stipulation between the plaintiff and the State of California to the effect that:

> "The rights of the United States of America to the use of water herein are to be measured <u>in accordance with the laws of the State of California</u>."
> (Emphasis supplied.)

This was the only interest of the State in the proceedings, and plaintiff has recognized the State's point. There are, therefore, no longer any points of difference between the State and the plaintiff, and the assertion that the instant motion proposes the appointment of a party defendant as special master is sheer argumentative fiction.

b.

The memorandum assumes wholly without any basis in fact that there would be some divestiture of the court's jurisdiction in the matter. It is difficult to conceive of any possible interpretation of any part of the proposal made which justifies any such assumption. The reference would be solely for the purpose of ascertaining physical facts and to make those facts a matter of record in the proceeding with substantial savings in the time and labor of the court and savings in time and expense to the parties. The court would be in close and immediate touch with the reference procedure at all times and continually would be exercising its jurisdiction with respect to it. Even the final findings of fact would be the responsibility of the court.

The argument of plaintiff suggests that the proposal

is completely novel. However, virtually the identical procedure was reviewed by the United States Supreme Court in <u>Pacific Live Stock Co. v. Lewis</u>, 241 U.S. 440, 60 L. Ed. 1084, in which the contention was made that administrative proceedings under an Oregon statute quite similar to the California law in its operation were inconsistent with the jurisdiction previously acquired by a Federal District Court. The Supreme Court held that this contention was wholly untenable, ruling in effect that there was no interference with the judicial power, since the subordinate officers act only under the direction of the courts, which may review and reverse the findings of such subordinate officers.

c.

The suggestion that the instant case is not an exceptional one is difficult to fathom. In the original lawsuit recorded in <u>Rancho Santa Margarita v. Vail et al.</u>, 11 Cal. (2d) 501, there were involved less than 20 parties, and issues for the most part involved only the lower reaches of the stream system. Yet that adjudication involved 444 court days and financially exhausted the parties. In the present case, there are upwards of 2,000 parties, and the entire stream system is involved. A more exceptional case could not be imagined nor one which would be more absorptive of the time and energy of the court to the necessary exclusion of other matters equally entitled to the court's attention.

While, of course, the determination of the desirability of a reference is a matter resting in the sound discretion of the court, reference is made to the following Federal Court cases in which the circumstances prevailing in this case have been recognized as exceptional and warranting a reference:

<u>Skinner v. Aluminum Co. of America</u>, 95 Fed. Supp. 183.
<u>Bair v. Bank of America N.T. & S. A.</u>, 112 Fed. (2d) 247.
<u>Graffis v. Woodward,</u> 96 Fed. (2d) 329.

It is respectfully submitted that the proposed reference is entirely justified and should be made in the interest of the court and of the parties.

Dated: April 2, 1952.

          KENNETH K. WRIGHT
          RALPH B. HELM

      By *Kenneth K. Wright*
         Kenneth K. Wright
      Attorneys for defendants Madeleine
      E. Thurber and Packard Thurber

      *Edson Abel*
         Edson Abel
      Attorney for defendants Charlotte
      Flo Faulkner and Raymond C. Faulkner

STATE OF CALIFORNIA ) ss.
County of Los Angeles )

CHARLOTTE STEPHENS, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of 18 years and is not a party to the within and above entitled action; that affiant's business address is 215 W. 7th St., Los Angeles 14, California; that on the 2nd day of April, 1952, affiant served a true copy of the within REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR REFERENCE TO A SPECIAL MASTER in said action, by placing said copy in an envelope addressed to the following persons at their office addresss to wit:

Betty Marshall Graydon
Asst. U.S. Attorney
325 West 'F' Street
San Diego 1, Calif.

W. B. Dennis
Route 1, Box 58
Fallbrook, Calif.

Walter G. Lincoln
742 So. Hill Street
Room 1113
Los Angeles 14, Calif.

Clayson & Stark
First National Bank Bldg.
Corona, Calif.

G. V. Weikert
918 Oviatt Bldg.
Los Angeles, Calif.

O'Melveny & Myers
433 So. Spring St., room 900
Los Angeles 13, Calif.

Edmund G. Brown
Attorney General
c/o Arvin B. Shaw, Jr.
Assistant Attorney General
835 Rowan Building
Los Angeles 13, Calif.

Swing, Scharnikow & Staniforth
604 San Diego Trust & Savings Bldg.
San Diego 1, California

which envelopes were then sealed and postage fully prepaid thereon and deposited in the United States mail at Los Angeles, California.

That there is delivery service by United States mail at the place so addressed or/and there is a regular communication by mail between the place of mailing and the place so addressed.

*Charlotte Stephens*

Subscribed and sworn to before me this 2nd day of April, 1952.

*Adele McHugh*
Notary Public in and for the County of Los Angeles, State of California

My Commission Expires June 13, 1952

KENNETH K. WRIGHT
215 WEST SEVENTH STREET
TR-8404

-5-

941