(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

**FILED**

APR 8  1952

Attorneys for Defendant FALLBROOK PUBLIC
UTILITY DISTRICT

EDMUND L. SMITH, Clerk
By 
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff<br>Vs.<br>FALLBROOK PUBLIC UTILITY DISTRICT<br>a public service Corporation of<br>the State of California, et al.,<br>　　　　　　　Defendants | No. 1247 - Civil<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION TO VACATE AND RE-<br>CONSIDER ORDER FOR SEPARATE<br>TRIALS |

　　　　Comes now the Defendant FALLBROOK PUBLIC UTILITY DISTRICT and submits the following points and authorities in support of its motion to vacate and reconsider the order of March 31, 1952 directing separate trials:

　　　　Courts of record and of general jurisdiction have inherent power to vacate and set aside their own judgments under proper circumstances.

　　　　　　　49 C.J.S. 478 Judgments §265

　　　　Even under Rule 60(b) this court has the discretion to set aside the order under Subdivision (2) and Subdivision (6). However, Rule 60 (b) is limited to and applicable only to final judgments which are appealable. In 3 Barron and Holtzoff 251, it is said:

　　　　"Rule 60(b) is limited to any 'final judgment order or proceeding' and does not extend to interlocutory judgments".

-1-

970

19

As to interlocutory judgments, Barron and Holtzoff sets forth in note 14, page 251 the Advisory Committee's interpretation of the amended rule as follows:

> "The transposition of the words 'the court' and the addition of the word 'and' at the beginning of the first sentence are merely verbal changes. The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them, to afford such relief from them as justice requires."

We earnestly believe that justice now requires relief from the said order of March 31, 1952.

We make this motion in part to protect the court's right to exercise its full and free discretion to pass on the merits of the pending motion for a reference, at a fair and impartial hearing to be held on the 28th day of April, 1952, unlimited, unrestricted and untrammelled by a prior order which might be considered or contended to be in some respects a bar to the court's power to direct a full and complete reference as requested.

We also make the motion because in view of the unqualified admission of Plaintiff's counsel made since the submission of its motion for separate trials, to the effect that these separate trials will necessitate the presentation to the court of "virtually all of the costly and complex evidence respecting the Santa Margarita River." In view of this admission, Plaintiff is not entitled to separate trials, since instead of serving the convenience of the court and the parties and avoiding prejudice, separate trials would greatly inconvenience all parties and the court and greatly prejudice the defendants in requiring prolonged repetitious and

-2-

971

expensive hearings covering most of the same evidence when the cases of the other defendants come before the court. This would be contrary to the rules and decisions.

In the new textbook on "Federal Practice and Procedure" by Barron and Holzoff, Volume 2, page 665, after reciting that Rule 42(b) allows the court, in furtherance of convenience or to avoid prejudice, to order a separate trial of any claim etc. adds:

> "If, however, the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts as the other issues, there is no purpose to be served by the separate trials."

Piecemeal litigation is not favored.

> Catlin v. U.S. 324 US 229, 234
> Arrow Petroleum Co. v. Johnson 162 Fed(2d) 269, 274
> Air King Products Co. v Hazeltine 10 FRD 381, 383
> Hirshhorn v. Mine Safety Appliance Co. 8 FRD 11, 23

In Kelley Island Line & Transportation Co. vs. City of Cleveland, 47 F Supp 533, 538, the court said:

> "Where possible, causes of action are not to be divided and courts are not to be compelled to try the same issues several times."

In McCain vs. Socony Vacuum Oil Co. 10 FRD 261, 262, a motion for separate trial was denied because it would result in repetitious hearing on much of the same testimony necessary to be heard on the main controversy.

In Woburn Degreasing Co. v. Spencer Kellogg & Son, 37 Fed Supp. 311, 312, the court said that separate trials should not be ordered where " a substantial duplication of proof" would result if other issues have to be tried later.

In Caine vs Blumberg et al 51 Fed. Supp. 234, the court denied motion for a separate trial inasmuch as it appeared "that as much time would be required to try those facts on the motion

-3-

972

21

1  as would be necessary to try the case on its merits."

2  In Henny vs. Goliger et al 94 Fed Sup. 385, 386 a motion
3  for separate trial was denied where the claims arose out of the
4  same series of transactions and there was a common question in-
5  volved, the court declared: "Obviously, delay will be avoided
6  and the conveniences of all will be served by trying the claims
7  in one trial."

8  We have searched diligently and have been unable to find
9  any case comparable to the present in which a separate trial of
10 one of the defendants, such as the FALLBROOK PUBLIC UTILITY DISTRICT
11 was ordered separately and in advance of the trial of all the
12 other defendants. And we respectfully submit that the rule
13 contemplates no such procedure as is here proposed.

14 We again earnestly urge the soundness of our previous
15 contention that it is legally impossible to determine the rights
16 of FALLBROOK PUBLIC UTILITY DISTRICT, an appropriator, without
17 first determining, or at least, estimating, the rights of all the
18 other three thousand or more defendants, since the law is that
19 FALLBROOK PUBLIC UTILITY DISTRICT can take water only subject and
20 subsequent to the requirements of all the riparian land owners and
21 other prior right owners. For this reason, a separate trial of
22 the case of the FALLBROOK PUBLIC UTILITY DISTRICT amounts, as
23 Plaintiff, itself, concedes, to a virtual trial of the entire case.

24 We submit that if there are certain fundamental issues of
25 law which ought to be tried out and settled in advance ( and we
26 concede that there may be such legal issues) we suggest that
27 Plaintiff invoke the pretrial procedure.

Respectfully Submitted

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendant
FALLBROOK PUBLIC UTILITY DISTRICT

RECEIVED copy of within
Motion, Notice of Motion
affidavit & Points & authorities this
8 day of April 1952
Betty Marshall (Grayson)
Attorneys for Plff.

-4-

973