```
                                          (SPACE BELOW FOR FILING STAMP ONLY)
```

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131



**FILED**

APR 8  1952

EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

Attorneys for Defendant FALLBROOK PUBLIC UTILITY District

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>Vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service Corporation of<br>the State of California, et al.,<br><br>    Defendants. | NO. 1247 - Civil<br><br>AFFIDAVIT OF PHIL D. SWING<br>IN SUPPORT OF MOTION TO RE-<br>CONSIDER AND VACATE ORDER<br>DIRECTING SEPARATE TRIALS |

STATE OF CALIFORNIA )
          ) ss
COUNTY OF SAN DIEGO )

   PHIL D. SWING being first duly sworn, deposes and says:

   That he is a member of the law firm of SWING, SCHARNIKOW & STANIFORTH who are attorneys of record for defendant FALLBROOK PUBLIC UTILITY DISTRICT and SEVENTY-SIX other defendants whose answers are on file herein and affiant is the member of said law firm in charge of the handling of all matters appertaining to the above entitled action.

   That on March 31st, 1952, the above entitled court made a minute order directing that a separate trial be had on the merits as to all the issues affecting the defendants SANTA MARGARITA MUTUAL WATER COMPANY and that a separate trial be had on the merits as to all the issues affecting the defendant FALLBROOK

-1-

PUBLIC UTILITY DISTRICT. That at the time that the court made said order for said separate trials, there was pending before the court in this action the motion for a reference to a Special Master filed on behalf of the defendants CHARLOTTE FLO FAULKNER, RAYMOND C. FAULKNER, MADELEINE E. THURBER and PACKARD THURBER.

That on behalf of said motion there had been filed Points and Authorities by the movants, Memorandum of Points and Authorities in Opposition to the motion filed by Plaintiff, Reply Memorandum to Plaintiff's Statement in Opposition to motion filed on behalf of SEVENTY-SIX Defendants and an order of this court that the counsel for the moving parties file a proposed order for reference stating in detail the specific matters upon which it is proposed a Special Master, if appointed, shall report.

That on March 27th, 1952, this court at the request of counsel for the moving parties granted additional time, to-wit: to April 3rd, 1952 in which to file their reply brief and proposed order. That said motion proposed a reference to a Special Master for the investigation and report upon "any and all of the physical facts involved in said action as may be necessary to determine the rights of each and every party to the use of water". That on the same day that the court made and entered the said order for separate trials, to-wit: on March 31st, 1952, it also made and entered an order continuing the hearing on the motion for a reference to a Special Master to April 28th 1952 at 2:00 o'clock P.M.

That thereafter, to-wit: on April 3rd, 1952, pursuant to the minute orders of the court made and entered on March 18th, 1952 and March 27th 1952, the defendants moving for a reference, filed their proposed order of reference, together with their reply brief in support thereof. That under the pending order the above entitled court will on April 28th, 1952 at 2:00 o'clock P.M. hold a hearing on said motion for reference to a Special Master and upon the proposed order submitted by the moving parties. That said

-2-

order for the separate trials of defendants FALLBROOK PUBLIC UTIL-
ITY DISTRICT and SANTA MARGARITA MUTUAL WATER COMPANY is in con-
flict, at least with the spirit of said order for a hearing on
said motion for a reference and if said order for separate trials
is allowed to stand, it would unduly and unfairly restrict and
limit the court in giving full and fair consideration to the
motion for a reference when it comes for argument and submission
and should therefore be reconsidered and vacated to clear the way
for a fair and impartial hearing on said motion for a reference.

That since the presentation and submission to the court
of Plaintiff's motion for a separate trial, the Plaintiff's at-
torneys have admitted and conceded vital facts which make the
order for separate trial, in the opinion of this affiant, contrary
to the law and the evidence. Said admissions and concessions are
contained in that certain document filed herein by Plaintiff on
March 24, 1952, to-wit: Plaintiff's "Memorandum of Points and
Authorities in Opposition to Motion of Charlotte Flo Faulkner,
Raymond C. Faulkner, Madeleine E. Thurber and Packard Thurber
for Reference to a Special Master". That this affiant now refers
to said memorandum of points and authorities and particularly to
page 5 thereof, lines 10 to 17 inclusive, wherein it is stated:

> "To try those cases (the cases of United States of
> America v. Fallbrook Public Utility District and United
> States of America v. Santa Margarita Mutual Water Company)
> will entail the introduction in evidence of technical
> data concerning the vast and intricate aspects of this
> case, presently prepared. In that regard reference is
> made to the claimants the United States of America and
> the Vail Estate. These two claimants with their tremen-
> dous acreages of riparian land assert rights far exceed-
> ing the wholly insufficient supply of water. When the
> evidence supporting those claims, together with the

-3-

968

evidence of the trans-basin exporters (i.e. Fallbrook Public Utility District and Santa Margarita Mutual Water Company) has been adduced, virtually all of the costly and complex evidence respecting the Santa Margarita River will be in the record."(Emphasis Added).

    Affiant is informed and believes and therefore alleges the fact to be that the record before the court, as of February 25th and 26th, 1952 when Plaintiff's said motion for separate trials was submitted to court, did not warrant or justify the granting of Plaintiff's motion and that the newly discovered, undisputed facts contained in the admission of Plaintiff hereinbefore referred to, proves conclusively that the order of March 31st, 1952 should now be vacated and Plaintiff's motion for separate trial be reconsidered.

*/s/ Phil D. Swing*

Subscribed and sworn to before me this 8th day of April, 1952.

*/s/ [Notary signature]*
Notary Public in and for said County and State