1 THOMPSON & COLEGATE
Attorneys at Law
2 405 Citizens Bank Bldg
Riverside, California
3
Telephone 673



FILED

APR 9 - 1952

EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  Plaintiff | ) Civil Action File No. 1247-SD |
| vs | ) ANSWER OF SEARL BROS., A PARTNER-<br>) SHIP, AND EDGAR L. SEARL, HARRY |
| FALLBROOK PUBLIC UTILITY DISTRICT, ETC., ET AL, | ) O. SEARL, FLOYD L. SEARL, GEARLD<br>) E. SEARL, AKA GERALD E. SEARL, AKA<br>) GERALD ERNEST SEARL AND LORENA G. |
|  Defendants | ) SEARL. |

Come now the defendants SEARL BROS., a partnership, and EDGAR L. SEARL, HARRY O. SEARL, FLOYD L. SEARL, GEARLD E. SEARL, aka GERALD E. SEARL, aka GERALD ERNEST SEARL and LORENA G. SEARL, and severing themselves from all other defendants and appearing for themselves alone, admit, deny and allege as follows:

I

Answering paragraph I the defendants deny generally and specifically that these defendants have committed an unlawful or any interference with the right, or any of the rights of the plaintiff in or to the use of the waters of the Santa Margarita River, or any of its tributaries. Said defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph I of the said Complaint and basing their denial thereon, deny the re-

9527

1 maining allegations upon said grounds.

II

Answering paragraph II these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are military establishments of the United States of America. These defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraph II, other than those herein specifically admitted, and basing their denial on that ground, deny each and every allegation.

III

Answering paragraph III these defendants allege that they have no information or belief on the subject sufficient to enable them to answer the allegations contained in said paragraph III, and basing their denial on that ground deny each and every allegation therein contained.

IV

Answering paragraph IV these defendants deny generally and specifically that they have in any way encroached upon any rights of the plaintiff, or that any acts of these defendants have threatened the destruction of the basin by reason of salt water intrusion from the Pacific Ocean or for any other reason. As to all other matters contained in said paragraph these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in said paragraph and basing their denial on that ground, deny each and every such allegation.

V

Answering paragraph V these defendants admit that attached to the complaint is a copy of the stipulated judgment in that cer-

-2-

8529

tain action in the Superior Court of the State of California in and for the County of San Diego therein numbered 42850 and entitled, <u>Rancho Santa Margarita, a corporation, plaintiff, vs N. R. Vail, et al, defendants</u>. These answering defendants allege that none of these answering defendants nor any of their predecessors in interests were parties to the proceeding therein referred to nor were any of their rights involved in, or adjudicated in said proceeding. Further answering said paragraph V, these defendants allege that they have no information or belief on the subject sufficient to enable them to answer the allegations contained in said paragraph V, other than those specifically admitted, and basing their denial on that ground, deny each and every allegation therein contained.

VI

Answering paragraph VI these defendants deny that the plaintiff is entitled to, or has any rights, titles, interests or privileges as against these defendants. As to all other matters contained in said paragraph, these defendants allege that they have no information or belief on the subject sufficient to enable them to answer the allegations therein contained, and basing their denial on that ground, deny each and every allegation therein contained.

VII

Answering paragraph VII these defendants are without knowledge or information to form a belief as to the truth of the allegations contained in paragraph VII thereof, and basing their denial on that ground, deny each and every allegation therein contained.

VIII

Answering paragraph VIII these answering defendants deny that the plaintiff has a paramount right, or any rights, in or to the waters of the Santa Margarita River, or tributaries thereto, or in and to any subterranean basins in any amount, or at all,

-3-

S529

1 paramount to the rights of these defendants. As to all other mat-
2 ters contained in said paragraph, these defendants are without know-
3 ledge or information sufficient to form a belief as to the truth of
4 the allegations contained in said paragraph and basing their denial
5 on that ground deny each and every allegation therein contained.

IX

7    Answering paragraph IX of plaintiff's complaint, these
8 defendants deny each and every allegation contained in said para-
9 graph, excepting that these defendants admit that they have assert-
10 ed and do now assert; that they have the right to use all of the
11 water produced and extracted from the hereinafter described lands
12 which are owned by these defendants, and that said rights are para-
13 mount to any rights of the plaintiff. These defendants further admit
14 that they claim the right to extract water from those tributaries
15 of the Santa Margarita River to which their lands are riparian,
16 and allege that said rights of these defendants are paramount to
17 the rights of the plaintiff. These defendants further allege that
18 they have the right to the use of water produced and extracted
19 from and under their lands by means of wells, springs, or other
20 methods, and to apply said water so produced and extracted to said
21 lands in such quantities as the defendants can put to beneficial
22 use and without waste; that said rights are paramount to the rights
23 of the plaintiff, the United States of America.
24    FOR A FURTHER AND SEPARATE AND SECOND DEFENSE TO THE
25 COMPLAINT, THESE DEFENDANTS ALLEGE AS FOLLOWS TO WIT:

I

27    The defendants are now and have been for many years last
28 past, the owners of and persons entitled to possession of the fol-
29 lowing described lands situate in the County of Riverside, State of
30 California, and more particularly described as follows:
31    PARCEL 1:  Lot 1 and the East half of the Southeast
       quarter of Section 29, Township 5 South, Range 1 West,
32    San Bernardino Base and Meridian.

-4-

9530

PARCEL 2: The Southeast quarter of the Southeast quarter of Section 31, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 3: Lot 1 and the East half of the Southeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 4: The Southeast quarter of the Northwest quarter; the East half of the Southwest quarter of the Northwest quarter; and the North half of the Southwest quarter of Section 13, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 5: Lot 2 in Section 12, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 6: The Southwest quarter and the West half of the Southeast quarter and Government Lot 2 in the Southwest quarter of the Northeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 7: The South half of Section 31, Township 5 South, Range 1 west, San Bernardino Base and Meridian;

PARCEL 8: Fractional Section 32, Township 5 South, Range 1 West, San Bernardino Base and Meridian; EXCEPTING therefrom the South 600 feet of Government Lot 2.

PARCEL 9: Government Lots 1 and 2 in Section 33, Township 5 South, Range 1 West, San Bernardino Base and Meridian; and the West half of the Southwest quarter of Section 33, Township 5 South, Range 1 West, San Bernardino Base and Meridian, which lies within the boundaries of Tract 16 of Rancho San Jacinto Viejo, as shown by map of Partition of said Rancho San Jacinto Viejo and particularly described in final decree of partition of said Rancho on file in the office of the County Clerk of San Diego County, in that certain action entitled: "A.M. Bouton -vs- Miguel Pedororena, et al", which final decree of partition was filed in said action on November 22, 1882.

PARCEL 10: The Southwest quarter and the West half of the Southeast quarter and Government Lot 2 in the Southwest quarter of the Northeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 11: Lot "A" of Amended Map of Hemet-Riverside Walnut Estates Tract No. 2, as shown by map on file in Book 19 page 11 of Maps, Riverside County Records.

PARCEL 12: The west half of the Northwest quarter of Section 35, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 13: Government Lots 2, 3 and 4: also the Southeast quarter of the Southwest quarter, all in Section 30, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 14: The South half of the Southeast quarter of

Section 13, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 15: Section 7, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 16: Lots 1 and 2 of Amended Map of Riverside Fig Farms, Unit No. 1, on file in Book 19 page 73 of Maps, Riverside County Records; and Government Lots 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15 and 16 in Section 1, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 17: Section 11, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 18: Government Lots 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of Section 12, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 19: The South 600 feet of Government Lot 2 in the East half of the Southeast quarter of Section 32, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 20: Section 32, Township 6 South, Range 1 West.

PARCEL 21: The West half of the Northwest quarter of Section 35, Township 6 South, Range 1 West.

II

These defendants allege that said lands are riparian to certain creeks which are tributaries to Warm Springs Creek, Hot Springs Creek and Tucalota Creek, and overlay large bodies of underground waters; that approximately 2500 acres of said lands are fertile and productive when irrigated, and are sterile and of little productive value unless cultivated under irrigation; the defendants further allege that approximately twenty-five hundred (2500) acres of said lands are susceptible of practical and profitable cultivation under irrigation from tributaries to Warm Springs Creek, Hot Springs Creek and Tucalota Creek and from underground waters beneath said lands. These defendants further allege that Alfalfa and other hay, grains and other agricultural crops have been planted and are growing upon some of the above described lands; and that said crops require irrigation; and that said crops for many years, in excess of thirty (30) years, have been continuously irrigated with the waters from the tributaries of said creeks and from said under-

ground waters that are independent of said stream; that continued cultivation under irrigation is necessary to maintain the growth of said crops and to prevent said crops from perishing; the defendants further allege that during all of the said time, water also has been used upon some of the described lands for domestic purposes.

### III

The defendants allege that the rights of the plaintiff in and to the waters of certain tributaries and creeks which are in turn tributaries to the Santa Margarita River, are subordinate and junior and subject to the rights of these defendants in and to that portion of said waters which have been acquired by appropriation and prescription is necessary to supply said lands of these defendants for irrigation and domestic uses, and for the watering of livestock, and subordinate and junior to the rights of these defendants to develop and use upon said lands, all or any part of the underground waters thereof, without waste, either in the use, or the method of use thereof; and also subordinate and junior to the rights of these defendants to divert and apply to beneficial use upon said lands of these defendants all of the waters of certain springs which flow upon certain portions of the above described property.

FOR A FURTHER SEPARATE AND THIRD DEFENSE TO THE PLAINTIFF'S COMPLAINT THE DEFENDANTS ALLEGE AS FOLLOWS:

### I

By reference thereto, defendants incorporate in this paragraph, each and every allegation contained in paragraphs I, II, and III of the second and separate defense.

### II

For more than thirty (30) years immediately preceding this action, and for more than twenty-five (25) years preceding the alleged acquisition by the plaintiff of the property described in paragraph II of the complaint herein, these defendants, and/or their

-7-

9533

predecessor in interest, under claim of right so to do and in hostility to any and every claim of ownership, title and interest of the plaintiff, and of every owner of water, or water rights, or owner of the use of water or water rights within the area of the water shed of the Santa Margarita River and its tributaries, by means of wells, pumps, pipelines, diversion and irrigation ditches for the extraction, diversion, transportation, conservation and distribution of water, and openly, notoriously, continuously, uninterruptedly and adversely extracted and withdrew from the surface and underground waters of said Santa Margarita River and/or its tributaries, large amounts of waters to wit, in excess of three hundred (300) miner's inches continuous flow, and have diverted and transported said waters in said amount to said lands and property hereindescribed and/or by these defendants and/or their predecessors in interest; that all of the said waters have been applied on said lands to beneficial uses, without waste thereof, either in its use or method of use; that by reason of said continuous adverse diversion of said waters, and its application of beneficial uses, these defendants have acquired and own, and enjoy a vested right presently, and continuously hereafter, to extract and apply to beneficial uses upon their said lands the waters of said Santa Margarita and its tributaries in the amount of exceeding three hundred (300) miner's inches continuous flow.

### III

That said vested right by prescription in the amount of water hereinabove set forth is guaranteed and protected under the provisions of the State and Federal constitutions, and any impairment or lessening, or limiting of such vested right, title and interest is in violation of the Fourteenth Amendment to the Constitution of the United States and constitutes a divested and deprived of vested property rights of these defendants, without due process of law.

FOR A FURTHER SEPARATE AND FOURTH DEFENSE TO THE PLAINTIFF'S COMPLAINT THE DEFENDANTS ALLEGE AS FOLLOWS:

I

By reference thereto, defendants incorporate in this paragraph each and every allegation contained in paragraphs I, II, and III of the third defense.

II

The defendants are informed and believe and, therefore, allege the fact to be that all of the said lands of defendants overlie a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River, or any of its tributaries, nor does it materially support the surface or subsurface flow of said river, or any of its tributaries. The defendants claim the right to use any and all water produced upon the above described lands for domestic use, for the purpose of irrigating crops, as are now grown, or may hereafter be grown on said lands and for such other beneficial uses to which said waters may be applied without waste.

III

The defendants allege that in the past and for many years they have operated and maintained wells upon certain portions of the described lands; and that the water heretofore produced from the wells has been used for domestic, irrigation and agricultural purposes; that the defendants claim the right to extract water from said wells and use said waters for domestic, irrigation and agricultural purposes, and claim the right to drill additional wells and to extract water therefrom to be used upon the lands of the defendants for domestic, irrigation or agricultural purposes.

FOR A FURTHER SEPARATE AND FIFTH DEFENSE TO THE COMPLAINT THE DEFENDANTS ALLEGE AS FOLLOWS, TO WIT:

I

That the cause of action set forth in the plaintiff's complaint is barred by Sections 318 and 319 of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:

FIRST: That plaintiff take nothing by this action;

SECOND: That the Court adjudge and decree that these defendants are the owners of and entitled to possession of the above described real property with the right to produce and extract any and all water from and under said real property, which will or may be needed for domestic, irrigation, or agricultural uses upon said real property;

THIRD: That the Court adjudge and decree that these defendants are entitled to take and divert any and all waters from any tributaries to the Santa Margarita River for domestic, irrigation or agricultural uses and apply said water upon the above described real property;

FOURTH: That the plaintiff be forever barred from asserting any right, title, interest or estate in, or to said real property, or in, or to any and all waters which may be taken or extracted from said property or any springs thereon or from any tributaries to Warm Springs Creek, Hot Springs Creek, and Tucalota Creek for use upon said real property; and that the plaintiff be and forever enjoined for asserting any claims thereto;

FIFTH: That the defendants will have their costs herein incurred and expended;

SIXTH: That these defendants have such further relief as the Court may deem just and proper.

THOMPSON & COLEGATE

BY *[signature]*
Attorneys for above-named Defendants

-10-

9536

```
STATE OF CALIFORNIA )
                    ) SS
COUNTY OF RIVERSIDE )
```

*Gerald E. Searl*, being first duly sworn, deposes and says: That I am one of the defendants in the above entitled action; that I am making this verification on behalf of the other defendants named in this answer and on my own behalf. I have read the foregoing Answer and know the contents thereof, and that the same is true of my own knowledge, except as to the matters which are therein stated on information and belief, and as to those matters I believe them to be true.

*Gerald E. Searl*

Subscribed and sworn to before me this 4th day of April, 1952.

*Frances A. Sommers*

Notary Public in and for said County and State
My Commission Expires Oct. 22, 1954

-11-

9537

UNITED STATES OF AMERICA, Plaintiff,
vs.
FALLBROOK PUBLIC UTILITY DIST., et al, Defendant.

Case No. **Civil 1247**

AFFIDAVIT OF MAILING OF ANSWER OF SEARL BROS., A PARTNERSHIP, AND EDGAR L. SEARL, HARRY O. SEARL, FLOYD L. SEARL, GEARLD E. SEARL, AKA GERALD E. SEARL, AKA GERALD ERNEST SEARL AND LORENA G. SEARL

State of California,
County of Riverside, } ss.

THE UNDERSIGNED, being first duly sworn says: that affiant is a citizen of the United States and a resident of Riverside County, over the age of eighteen years and not a party to the cause herein; that affiant's business address is

**405 Citizens Bank Bldg** California

That on the **7th** day of **April** 19**52** affiant served a copy of the attached paper, to-wit:

**Charlotte B. Nolting**

by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of **Riverside, California** California, addressed as follows:

Mrs. Betty Marshall Graydon
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this **7th** day of **April** 19**52**

Charlotte B. Nolting
Signature of Affiant

By _____ Deputy

Notary Public in and for the County of Riverside, State of California.

9536