```
1  BETTY MARSHALL GRAYDON
   Assistant United States Attorney
2  1405 Fifth Avenue
   San Diego 1, California
3    Telephone:  F 9-4101
4  Attorney for Plaintiff
```

FILED
APR 14 1952
EDMUND L. SMITH, Clerk
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
                   Plaintiff )
    v.                    )   Civil No. 1247-SD
FALLBROOK PUBLIC UTILITY DISTRICT, a )  OBJECTIONS TO INTERROGATORIES
  public service corporation of the )
  State of California; ET AL., )
                  Defendants. )

      Comes now the UNITED STATES OF AMERICA, plaintiff in the above-entitled cause and makes the following objections to the Amended and Supplemental Interrogatories served herein by the Fallbrook Public Utility District on the 24th day of March, 1952.

      Objection to Interrogatory No. 1, which interrogatory is as follows:

          "In Paragraph I of the Reply of the Plaintiff to the Answer of Defendant FALLBROOK PUBLIC UTILITY DISTRICT it is reasserted 'that the suit was instituted at the request of the Secretary of the Navy' and a copy of a letter purported to have been written by the Secretary of the Navy to the United States Attorney General is attached to said Reply as constituting such request.  In said letter the Secretary of the Navy says to the Attorney General: 'Upon the receipt of your letter of June 21st, 1950 and the data submitted therewith further consideration was given by the Department to the various problems which have arisen in connection with the proposed construction of a dam on the Santa Margarita River"; and the Secretary of the Navy concludes said letter by asking the

- 1 -

981

Department of Justice; 'to take such action as you may consider appropriate under the circumstances to protect the rights of the United States of America in and to the waters of the Temecula-Santa Margarita River and its tributaries'. The Secretary of the Navy in said letter declared, among other things, that in making said request he took into consideration 'the views expressed in the letter of the Assistant Attorney General dated June 21st, 1950'.

"Accordingly, defendant FALLBROOK PUBLIC UTILITY DISTRICT requests a copy of the said letter of the Assistant Attorney General dated June 21st, 1950, referred to in the letter of the Secretary of the Navy which is a part of Plaintiff's said Reply."

1. The objection is that the interrogator requests data which is not within the purview of Rule 33 of the Federal Rules of Civil Procedure.

2. The Interrogatory relates to privileged data between the Chief Law Officer of the UNITED STATES OF AMERICA and the Department of the Navy.

3. The data requested is irrelevant to the case and is not germane to any issue before the Court.

WHEREFORE the UNITED STATES OF AMERICA respectfully moves this Court for an order striking out the above set forth Interrogatory No. 1 of the Amended and Supplemental Interrogatories for the reasons expressed and petitions the Court to relieve the undersigned from the responsibility of making reply to it.

_____
WILLIAM H. VEEDER
Special Assistant to the
Attorney General

Dated: April 14, 1952

_____
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

RECEIVED copy of within
Objections this
14 day of April 1952
Swing Schauer & Stanford
By Phil D. Swing
Attorneys for Deft. Fallbrook

- 2 -

982

BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
  Telephone: F 9-4101

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1247-SD |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; ET AL., ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF OBJECTIONS TO INTERROGATORIES

The UNITED STATES OF AMERICA was requested to answer certain interrogatories propounded by the Fallbrook Public Utility District. It was likewise requested to respond to amended and supplemental interrogatories and additional interrogatories filed by that defendant. Those interrogatories were presented pursuant to Rule 33 of the Federal Rules of Civil Procedure. That rule provides, "any party may serve upon any adverse party written interrogatories to be answered by the party * * *." By the Federal Rules of Civil Procedure the interrogatories could pertain to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." [1]/

Seeking to invoke the provisions of Rule 33, the defendant Fallbrook Public Utility District in the first supplemental interrogatory requests a copy of the letter of the Assistant Attorney General, dated June 21, 1950, to the Department of the Navy. Objection has been made to that request contained in the interrogatory for several reasons. It is manifest from the language of the rule itself that the rule does not contemplate the delivery by the UNITED STATES OF AMERICA of copies of the letter in question. First, the letter is completely irrelevant to the suit now pending. That letter was a statement of facts and law propounded by a representative of the Attorney General of the UNITED STATES OF

---

1/ Federal Rules of Civil Procedure, Rule 26 (b).

- 1 -

983

America. It was addressed to the Department of the Navy on the basis of the Chief Law Officer of the UNITED STATES OF AMERICA advising the Department of the Navy in regard to a matter concerning which the Department of the Navy had made several inquiries. The letter itself and the memorandum accompanying it were a composite of an extensive review of the facts and the law of this case. Thus the request of the defendant Fallbrook Public Utility District is an attempt to invade a privileged communication arising between the Attorney General of the UNITED STATES OF AMERICA and the Department of the Navy. There has been a comprehensive consideration of the efforts to invade the work and preparation of a lawyer in connection with litigation, by interrogatories of the character here involved. Very properly the courts have uniformly denied that the discovery process can be perverted in the manner here sought. [2] Moreover, what defendant is here seeking is a communication reflecting the results of what has been termed the "work product of the lawyer," — a matter not embraced within the purview of Rule 33 of the Federal Rules of Civil Procedure. Respecting that conclusion reference is made to the conclusions expressed by the Supreme Court of the United States concerning the rule in question. [3] That case entailed an effort to secure memoranda and information from an attorney representing a party litigant. Regarding that effort the Court stated: "Here production was sought of documents prepared by a party's attorney after the claim has arisen. Rule 33 does not make provision for such production, even when sought in connection with permissible interrogatories." [4] Regarding efforts to secure information of the character here sought by the defendant Fallbrook Public Utility District, the highest Court declared: "Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most

---

[2] Moore's Federal Practice, 2d ed., vol. 4, pages 1009 et seq.
[3] Hickman v. Taylor, 329 U. S. 495 (1946).
[4] 329 U. S. 495, 504.

liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." [5]

Judge Holtzoff, in his work regarding Federal Rules of Civil Procedure, has referred to the last-cited case as authority for the proposition that objections should be sustained to interrogatories where they "seek material prepared by an attorney in preparation for trial, * * *." [6] The case last cited has been favorably referred to by the Supreme Court of the State of California. [7]

Finally, it is evident that the defendant Fallbrook Public Utility District is proceeding under the wrong rule. Manifestly that rule does not contemplate the delivery of copies of material of the character involved. Clearly, if the data requested were not privileged and did not involve the preparation in connection with this case, which the discovery rules do not embrace, the defendant is simply proceeding under the improper rule of federal procedure. As stated by Judge Holtzoff: "There is good reason for not permitting a party to resort to interrogatories in order to secure copies of documents, instead of proceeding under Rule 34. Under the latter it is necessary to apply to the court for good cause shown to secure an inspection of documents. If the same result can be obtained by serving interrogatories, the limitations of Rule 34 would be frustrated." [8]

Accordingly, the Court is respectfully petitioned to deny the interrogatory in question and relieve the UNITED STATES OF AMERICA of the responsibility of disclosing the data which defendant Fallbrook Public Utility District here seeks without cause or justification.

Dated: April 14, 1952

WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

BETTY MARSHALL GRAYDON,
Assistant United States Attorney

---

[5] 329 U.S. 495, 510.
[6] Barron & Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 2, p. 475.
[7] City and County of San Francisco v. Superior Court, et al., 231 P.2d 26 (1951).
[8] Barron & Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 2, p. 464.

WHV

- 3 -

985