```
 1  BETTY MARSHALL GRAYDON
    Assistant United States Attorney
 2  1405 Fifth Avenue
    San Diego 1, California
 3    Telephone: F 9-4101

 4  Attorney for Plaintiff
```

FILED
APR 14 1952
EDMUND L. SMITH, Clerk
By ........................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1247-SD |
| FALLBROOK PUBLIC UTILITY DISTRICT, a ) public service corporation of the ) State of California; ET AL., ) | OBJECTIONS TO INTERROGATORIES |
| Defendants. ) | |

Comes now the UNITED STATES OF AMERICA, plaintiff in the above-entitled cause and makes the following objections to the Additional Interrogatories served herein by the Fallbrook Public Utility District on the 3d day of April, 1952.

Objection to Additional Interrogatories Nos. 28, 29, and 30, which interrogatories are as follows:

> "In view of Plaintiff's oft repeated assertion that
> the quantities of water available in the Santa Margarita
> River and its tributaries are inadequate to supply even the
> riparian rights of riparian and overlying land owners on the
> river and that no water of said river is surplus for appro-
> priation, please state whether or not, subsequent to the
> acquisition of the property involved in this suit and prior
> to the commencement of this action, the U. S. Navy Department
> filed an application with the Division of Water Resources of
> the State of California for a permit to appropriate and store,
> subject to existing rights, 165,000 acre-feet per annum of
> the waters of the Temecula Creek-Santa Margarita River, and
> if so, state the historical basis or engineering source and

- 1 -

977

data for the calculation or estimate that 165,000 acre-feet of water per annum would be available in said Santa Margarita River and its tributaries for such appropriation and storage."

"State whether or not, since the commencement of this action the United States Marine Corps, or any of its officers, or any representatives of the Plaintiff, has applied to Congressional Committees for authorization to build and for an appropriation to build a dam on the Santa Margarita River with an approximate height of 224 feet above stream bed, with an approximate storage capacity behind the dam of 211,000 acre-feet of water, and if so, state who made the requests and to what Congressional Committees the same were made and the authority, basis or sources for the calculations or estimates on the height of the dam and the capacity of the reservoir."

"If any of the calculations or estimates referred to in the foregoing interrogatories 28 and 29 were found or included in engineering reports or documents in Plaintiff's possession or control, state what those engineering reports and documents are, who prepared them and furnish this defendant with copies of the same."

1. The objection is that the interrogator requests data which is not within the purview of Rule 33 of the Federal Rules of Civil Procedure.

2. The data requested is irrelevant to the case and is not germane to any issue before the Court.

WHEREFORE the UNITED STATES OF AMERICA respectfully moves this Court for an order striking out the above set forth Additional Interrogatories Nos. 28, 29, and 30 for the reasons expressed and petitions the Court to relieve the undersigned from the responsibility of making reply to them.

Dated: April 14, 1952

WILLIAM H. VEEDER,
Special Assistant to the Attorney General

BETTY MARSHALL GRAYDON,
Assistant United States Attorney

- 2 -

```
1  BETTY MARSHALL GRAYDON
   Assistant United States Attorney
2  1405 Fifth Avenue
   San Diego, California
3     Telephone: F 9-4101

4  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                 Plaintiff, ) | |
| v. ) | Civil No. 1247-SD |
| FALLBROOK PUBLIC UTILITY DISTRICT, a ) public service corporation of the ) State of California; ET AL., ) | |
|                 Defendants. ) | |

MEMORANDUM IN SUPPORT OF OBJECTIONS TO INTERROGATORIES

       The UNITED STATES OF AMERICA was requested to answer certain interrogatories propounded by the Fallbrook Public Utility District. It was likewise requested to respond to amended and supplemental interrogatories and additional interrogatories filed by that defendant. Those interrogatories were presented pursuant to Rule 33 of the Federal Rules of Civil Procedure. That rule provides, "any party may serve upon any _adverse_ party written interrogatories to be answered by the party * * *." By the Federal Rules of Civil Procedure the interrogatories could pertain to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." [1]

       Additional Interrogatories Nos. 28, 29, and 30 relate to matters wholly irrelevant to the case now pending before the Court. It will be observed from the answer of the defendant Fallbrook Public Utility District that there is nowhere placed in issue the question of any rights to the use of water other than those to which the United States succeeded from the Rancho Santa Margarita. It is likewise evident from a consideration of the complaint that the rights to the use of water over which the Court now has jurisdiction in no way relate to

---

[1] Federal Rules of Civil Procedure, Rule 26 (b).

rights other than those described in the complaint. The defendant Fallbrook Public Utility District seeks to inject into this litigation by means of interrogatories a question which could be raised only by proper pleadings.

Objection is likewise made to the request for data and information for the reason that the defendant Fallbrook Public Utility District has sought to invoke Rule 33 of the Federal Rules of Civil Procedure which does not under the circumstances pertain. As stated by Judge Holtzoff: "There is good reason for not permitting a party to resort to interrogatories in order to secure copies of documents, instead of proceeding under Rule 34. Under the latter it is necessary to apply to the court for good cause shown to secure an inspection of documents. If the same result can be obtained by serving interrogatories, the limitations of Rule 34 would be frustrated." [2/]

Accordingly, this Court is respectfully petitioned to deny these additional interrogatories and relieve the UNITED STATES OF AMERICA of the responsibility of answering the interrogatories in question.

WILLIAM H. VEEDER,
Special Assistant to the Attorney General

Dated: April 14, 1952

BETTY MARSHALL GRAYDON,
Assistant United States Attorney

RECEIVED copy of within
Objections this
14 day of April, 1952
Phil D. Swing
Attorneys for Fallbrook

---

[2/] Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., vol.2, p. 464.