1  BETTY MARSHALL GRAYDON
   Assistant United States Attorney
2  1405 Fifth Avenue
   San Diego, 1, California
3     Telephone: F 9-4101

4  Attorney for Plaintiff

FILED
APR 16 1952
EDMUND L. SMITH, Clerk
By /s/ Jmra
DEPUTY CLERK

5           IN THE UNITED STATES DISTRICT COURT
6       IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
7                      SOUTHERN DIVISION

8  UNITED STATES OF AMERICA,        )
                                    )
9                   Plaintiff,      )
                                    )
10       v.                         )    Civil No. 1247-SD
                                    )
11 FALLBROOK PUBLIC UTILITY DISTRICT, a )  MEMORANDUM IN OPPOSITION TO MOTION TO
   public service corporation of the )    RECONSIDER AND VACATE ORDER FOR
12 State of California; ET AL.,     )    SEPARATE TRIALS FOR CERTAIN
                                    )    DEFENDANTS.
13                  Defendants.     )

14        Seeking at all cost to avoid a trial on the merits, the defendant
15 Fallbrook Public Utility District has petitioned this Court to vacate its order
16 entered the 31st day of March, 1952. On that date this Court "ordered that a
17 separate trial be had as to the issues with reference to the defendant * * *
18 Fallbrook Public Utility District."
19        Among other things, that order declared: "It further appearing that
20 [ Fallbrook Public Utility District ] * * * claims an appropriative right to
21 divert large quantities of water from the watershed of the Santa Margarita River,
22 and that the plaintiff [ UNITED STATES OF AMERICA ] contends that proof of its
23 rights and those of defendants Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail,
24 Margaret Vail Wise and Nita M. Vail, trustees, will show that no water of said
25 river is surplus for appropriation by [ Fallbrook Public Utility District ] * * *."
26 (Underscoring supplied.) Recognized by the Court, through that statement, is the
27 community of interests which exists between the UNITED STATES OF AMERICA and the
28 Vail Estate. That community of interests arises from and presently exists by reason
29 of the Stipulated Judgement (Exhibit A of the Complaint in this case) which
30 allocated between those parties their respective rights in and to the use of
31 water from the Santa Margarita River. In moving this Court for separate trials
32 against the Fallbrook Public Utility District and the other named defendant, that

- 1 -

991

39

1  community of interests was emphasized. Stress was placed upon the fact that the
2  meager supply of water from the Santa Margarita River did not suffice to meet
3  the riparian demands of the UNITED STATES OF AMERICA and the Vail Estate. Likewise
4  stressed was the contention that proof of those rights would reveal that there
5  was no water available for appropriation and exportation from the basin of the
6  Santa Margarita River as contemplated by the defendant Fallbrook Public Utility
7  District. Proof of those rights, it has been emphasized, would entail proof of
8  the yield of the stream, the demands of the UNITED STATES OF AMERICA and the
9  Vail Estate, together with all related scientific data.
10          With that background, reference is now made to the tenuous and misleading
11  grounds which defendant here seeks to present to this Court to vacate the order
12  entered March 31, 1952, for a separate trial against that defendant. First, it
13  declares that the order should be vacated because of "new evidence." As no
14  evidence has been adduced, the claim simply reveals the desperation which moves
15  the defendant to advance such a groundless and extravagant statement. The motion
16  was accompanied by an affidavit which is signed by counsel for the Fallbrook
17  Public Utility District. That affidavit contains a statement stripped from the
18  context of a memorandum filed by the UNITED STATES OF AMERICA in opposition to
19  a motion for a reference to the State of California as Special Master. The
20  excerpt in question simply underscores the complete propriety of granting the
21  separate trials. As recognized in the order; as emphasized in the excerpt
22  stripped from its context by counsel for the Fallbrook Public Utility District;
23  the proof by the UNITED STATES OF AMERICA of its rights to the use of water and
24  its community of interests with the Vail Estate, will prove that there is no water
25  available for exportation out of the basin of the Santa Margarita River.
26  Presumably, that feeble effort on the part of counsel for the Fallbrook Public
27  Utility District is the "new evidence" upon which the defendant seeks to avoid
28  a separate trial. This Court is respectfully requested to turn to the memorandum
29  from which counsel stripped the excerpt and consider it in its entirety. That
30  memorandum will disclose many of the factors upon which the request for separate
31  trials was predicated.
32          In passing, reference is made again to the effort of counsel for the

1  Fallbrook Public Utility District to mislead this Court. It is declared that
2  the order for separate trials was filed while there was still pending a motion
3  for a reference to the defendant State of California as Special Master. Actually,
4  the motion for separate trials had been pending for a long period of time prior
5  to the request for a reference. That motion had been fully briefed and argued
6  prior to the time that the request for the reference was made.

7  Turning to the authorities upon which defendant relies, reference is
8  made to the first page of its memorandum in support of its motion. The statement
9  is there made that under the Federal Rules of Civil Procedure, Rule 60 (b), the
10 Court has the authority to vacate its orders. A cursory reading of the
11 authorities cited by defendant discloses the error of the contention that
12 Rule 60 (b) contemplated a situation such as this. This Court is respectfully
13 requested to consider the principal authority relied upon by defendant, 3 Barron
14 and Holtzoff 251. The statements from that authority disclose completely the
15 fallacy of defendant's reliance upon the rule in question.

16 To be noted is the fact that Judge Weinberger granted the motion for
17 separate trials. Since that action was taken the matter has been assigned to
18 Judge Yankwich. It is respectfully submitted that Judge Weinberger has
19 established the law of the case in regard to the motion for separate trials and
20 that under the circumstances the order should not be vacated. It has been
21 authoritatively stated that: "Judges * * * sitting in the same court and in the
22 same case, should not overrule the decisions of each other." 1/ On the subject
23 the Supreme Court of the United States has stated: "An actual decision of any
24 question settles the law in respect thereto for future action in the case." 2/
25 That rule was reiterated in these terms:

> "It is well established that a judge may not overrule
> the decision of another judge of co-ordinate jurisdiction
> made in the same case. The law enunciated by the first
> judge is not merely his individual opinion; it is the law
> of the District Court, to be followed, upon similar facts,
> until a different rule is laid down by a court of superior
> jurisdiction. * * * Such a rule is essential to an orderly

---

1/ Commercial Union of America v. Anglo-South American Bank, 10 F.2d 937 (CA2, 1925).
2/ Mutual Life Insurance Co. v. Hill, 193 U. S. 551 (1903).

- 3 -

993

1  and seemly administration of justice in a court composed of
2  several judges. It is equally applicable when an issue
   has been submitted to the first judge and has not yet been
3  decided by him. To permit another judge to rush in and
   snatch decision from his mouth is not to be tolerated; it
4  is a breach of comity which, if sanctioned, could only lead
   to unseemly conflicts of decision and to protracting the
5  litigation." 3/

6  There are many other decisions to the same effect.

7  Premised upon the foregoing authorities it is respectfully submitted,

8  (1) That the UNITED STATES OF AMERICA has in no way

9  changed its position or made admissions of the character

10  which the defendant seeks to distort. To the contrary, the

11  quoted excerpt when considered in context is perhaps the

12  strongest single argument for a separate trial.

13  (2) There is no basis for the contention that the

14  order in question may be vacated pursuant to Rule 60 (b)

15  of the Federal Rules of Civil Procedure.

16  (3) The action taken by Judge Weinberger in granting

17  the motion for separate trials should not be overruled.

18  Accordingly, the Court is respectfully requested to deny the motion

19  of defendant Fallbrook Public Utility District and to set the date for trial

20  against the defendant.

Received copy of the within
Memorandum this
/6th day of April, 1952.

*Phil D. Swing*
Attorneys for Defendant
Fallbrook Public Utility District
Dated: April 16-1952

*William H. Veeder*
WILLIAM H. VEEDER,
Special Assistant to the
Attorney General

*Betty Marshall Graydon*
BETTY MARSHALL GRAYDON,
Assistant United States Attorney

---

3/  In re Hines, 88 F.2d 423, 425 (CA, 2, 1937); See also U. S. v. The San
    Leonardo, 71 F. Supp. 853 (1947) (D.C.E.D. New York); U. S. v. Gault,
    13 F.2d, 225, 226, affirmed 271 U. S. 142 (1926).