```
SWING, SCHARNIKOW & STANIFORTH
        ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
     SAN DIEGO 1, CALIFORNIA
        FRANKLIN 9-1131
```

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

(SPACE BELOW FOR FILING STAMP ONLY)

FILED

APR 18 1952

EDMUND L. SMITH, Clerk
By _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                Plaintiff

Vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,

                Defendants

Civil No. 1247-SD

DEFENDANTS REPLY MEMORANDUM TO PLAINTIFF'S POINTS AND AUTHORITIES ON MOTION TO VACATE ORDER FOR SEPARATE TRIALS.

      Comes now the defendant FALLBROOK PUBLIC UTILITY DISTRICT the moving party in the above entitled matter, and files this its reply memorandum to the Plaintiff's Points and Authorities Opposing Defendant's Motion to reconsider and vacate the Order for Separate Trials.

I.

      This counsel is first called on to defend his good name, character and professional ethics. Plaintiff's counsel charges me with attempting "to mislead this Court". In my many years of practice, this is the first time that I have ever been charged with betraying my obligation to a court. Plaintiff's counsel rests his accusation upon the assertion that I "declared that the Order for separate trial was filed while there was still pending a Motion for reference to the defendant State of California as Special Master. Actually", says Mr. Veeder, "the motion for

-1-

1014

separate trials had been pending for a long period of time prior to the request for a reference". So What? The statement which I made that the Order was filed while the Motion for reference was still pending, was a correct and accurate statement of the fact. The effect or importance of such fact is, of course, debatable but the truth of the statement is not.

Mr. Veeder is the person, if anyone, who is attempting to mislead by confusing the date of the making and filing of the Order for separate trials with the date of the making and filing of the Motion for separate trials. However, I know this court will not be misled by mere subterfuge.

II.

Plaintiff's counsel relies, as they frequently do, upon mere assertions, unsupported by any evidence before the court or facts in the record, to-wit: that "the meager supply of water from the Santa Margarita River will not suffice to meet the riparian demands of the UNITED STATES OF AMERICA and the Vail Estate." The court of its own knowledge of common facts and of the law applicable to this case, knows that maximum precipitation comes in the winter months which are the months of minimum use of water by riparians; also that the maximum requirements of the riparians occur in summer when the flow of the river is at its minimum. The law, of course, is that riparians have no legal right to store water in months of excess precipitation and runoff for use in months of little or no precipitation. So, even assuming that the normal dependable flow of Santa Margarita River did not suffice to meet all riparian demands at the times those requirements arose, such fact would not prove that the excess water of the winter months was not available for storage by an appropriator like FALLBROOK PUBLIC UTILITY DISTRICT. There is nothing whatever in the record to support the mere assertion of Plaintiff's

-2-

1015

counsel that "Proof of these (riparian) rights would reveal that there was no water available for appropriation. Such bald assertion has been flatly contradicted and denied in the answer of FALLBROOK PUBLIC UTILITY DISTRICT where it is alleged:

> "This defendant alleges that there exists in said river and basin on Plaintiff's said property and at the point where this Defendant diverts its water, a surplus or excess of water over and above the amount necessary to supply Plaintiff's reasonable actual legal requirements."

(Answer, First Defense, Paragraph X, page 8, lines 6-10)

The court should not assume a fact for the purpose of giving it a basis for an order for a separate trial when that very fact is disputed and will have to be established by evidence on the separate trial. This would be like lifting oneself by his shoe straps.

III.

With all due respect to the reasons given in the Order for directing a separate trial, we respectfully submit that they are without factual support in the record and contrary to the uncontradicted evidence before the court..

1. As to the statement made in the Order that "It will not be practicable to try the issues as to all of the defendants in one trial", we submit that legally the issues as to all defendants claiming rights in and to the waters of the Santa Margarita River have to be tried in one trial because their rights are all interrelated and interdependent.

2. As to the statement in the Order that "Each of the defendants above named claims an appropriative right to divert large quantities of water from the watershed of the Santa Margarita River", we submit that the record before the court is to the contrary. This was discussed by us in the "Opposition of

-3-

1916

64

FALLBROOK PUBLIC UTILITY DISTRICT to Plaintiff's Motion for Separate Trial" filed herein February 8, 1952, where at pages 24 to 26 we quoted the allegations of that defendant contained in its Answer to show that it claimed it was using the Santa Margarita River water diverted by it within the Santa Margarita River watershed.

3. As to the statement in the Order that "the Plaintiff contends that proof of its rights and those of defendants Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Wise and Nita M. Vail, Trustees, will show that no water of said river is surplus for appropriation by the Defendants Santa Margarita Mutual Water Company and Fallbrook Public Utility District", we submit that the Order should not be based on mere contentions of Plaintiff, unsupported by any evidence, especially where the truth of the contention is denied and vigorously disputed, as is true of the foregoing contention of Plaintiff.

4. As to the statement in the Order that "the issues presented with reference to each of the defendants Santa Margarita Mutual Water Company and Fallbrook Public Utility District may be tried in separate trials without prejudice to the rights of such defendants and without prejudice to the rights of any other defendant", we submit that the record and undisputed evidence before the court is to the contrary. The affidavit of PHIL D. SWING was filed in opposition to Plaintiff's Motion for Separate Trials and no opposing contradicting affidavits were filed by Plaintiff. From this affidavit, it is apparent that a separate trial will cause the FALLBROOK PUBLIC UTILITY DISTRICT as much or more than $25,000, most of which could be saved if separate trials were not ordered. The affidavit also makes clear that other defendants who will not be before the court on a separate trial of the FALLBROOK PUBLIC UTILITY DISTRICT, will probably have their rights prejudiced if Fallbrook's rights are determined separately

-4-

1017

and in the absence of these other defendants.

5. As to the statement in the Order that "a separate trial as to each of said last named defendants will facilitate the disposition of the issues as to many of the other defendants", we submit that the law applicable to this case and the facts before the court are to the contrary as the rights of all claimants to Santa Margarita River water are interdependent and interrelated.

### III.

Plaintiff's counsel makes a lame, belabored but unsuccessful effort to explain away the force and effect of what he knows to be a fact and what he has formally conceded to be true, to-wit: That the separate trials of these two defendants, if insisted upon, "will entail the introduction into evidence of technical data concerning the vast and intricate aspects of this case", and will necessitate the production for these trials alone of "virtually all of the costly and complex evidence respecting the Santa Margarita River". Obviously no court should or would order separate trials, if it knew that "virtually all of the costly and complex evidence" introduced in the separate trials would have to later be reintroduced and reconsidered in connection with the trials of all of the other defendants when their turn came to have their rights in and to the waters of the Santa Margarita River determined. None of these other defendants will be or could be bound by the determinations of the court in the separate trials where they were not before the court. Such repetitious procedure could not possibly meet the convenience of the court or the parties and could prejudice the rights of some of the absent defendants.

### IV.

All of the facts, considerations and reasons which justified this court in denying Plaintiff's original motion for

-5-

1018

separate trials of certain issues involved in the defenses of Fallbrook Public Utility District and Santa Margarita Mutual Water Company filed herein November 13, 1951, exist today and, in view of the subsequent happenings, newly discovered evidence and facts as disclosed in the affidavit of PHIL D. SWING, a fortiori, now supply cogent reasons why the Order for separate trials should be vacated and the matter reconsidered.

V.

There can be no question of the legal right or authority of the judge who made the Order for separate trials to reconsider the same and we submit that the foregoing warrants both the reconsideration and the vacating of said Order.

Respectfully Submitted,

SWING, SCHARNIKOW & STANIFORTH

BY _Phil D. Swing_

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

Dated: April 18, 1952.

RECEIVED copy of within _Reply_ this _18_ day of _April_ 1952

_Betty Marshall Graydon_

Attorneys for _P/F_

-5-

1019

67