SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)



Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

APR 21 1952

EDMUND L. SMITH, Clerk
By 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff<br><br>Vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al.,<br><br>               Defendants | Civil No. 1247-SD<br><br>STATEMENT OF REASONS<br>OPPOSING PLAINTIFF'S<br>OBJECTIONS TO INTERROGA-<br>TORIES OF FALLBROOK PUBLIC<br>UTILITY DISTRICT WITH ITS<br>ANSWERING MEMORANDUM OF<br>POINTS AND AUTHORITIES. |

      Comes now FALLBROOK PUBLIC UTILITY DISTRICT and makes this Statement of its Reasons in Opposition to the objections of Plaintiff to this Defendant's Interrogatories and files this its Answering Points and Authorities.

                              I.

      Plaintiff's objections that Interrogatories 28, 29 and 30 seek data not relevant to the issues of the case, is not well founded.

      1.  One of the principal issues in the case is whether there exists surplus water in the river available for appropriation by Defendant FALLBROOK PUBLIC UTILITY DISTRICT.

          (a)  Defendant FALLBROOK PUBLIC UTILITY DISTRICT'S Answer alleges (Par.X page 8 lines 6-10):

          "-----that there exists in said river - - - a surplus
          or excess of water over and above the amount necessary

-1-

1020

68

to supply Plaintiff's reasonable actual legal requirements."

(b) Plaintiff's Reply to Answer of FALLBROOK PUBLIC UTILITY DISTRICT declares (Par IX page 6, line 29 to page 7, line 3):

> "The rights of the United States in the Santa Margarita River to which it succeeded at the time of the purchase of the Rancho Santa Margarita entitle it to quantities of water which far exceed the supply of water available in the Santa Margarita River, leaving none for appropriation of the character asserted by the Fallbrook Public Utility District."

The interrogatories in question certainly seek data and information relevant to the question as to whether there exists in the river any appropriative surplus water over and above the riparian rights of land owners on the river, including Plaintiff.

If Plaintiff has in its possession data and information showing that the water resources of the river are sufficient to justify an application by it to appropriate 165,000 acre-feet per annum or to build a storage reservoir with a capacity of 211,000 acre-feet, such information would be pertinent and relevant to the question of whether there was any surplus water for FALLBROOK PUBLIC UTILITY DISTRICT to appropriate.

II.

That even if said data were not strictly relevant to the precise issues made by the pleadings, still Rule 33, being a discovery rule, permits inquiries beyond the precise issues of the case.

1. In 2 Barron and Holtzoff, Federal Practice and Procedure, discussing Rule 33, at page 425:

> "Under Rule 26(b), made applicable to interrogatories by the amendment of Rule 33, the inquiry may cover

-2-

1021

any matter, not privileged, which is relevant to the subject matter involved in the pending action, unless otherwise ordered by the court under Rule 30.

Some earlier cases held that interrogotaries must be relevant to the issues of the case. However, other cases have taken the more liberal view, sustained by decisions relating to depositions under Rule 26, that although interrogatories must reasonably tend to shed light on some aspect of the controversy, only relevancy to the subject matter of the action is required. Thus it has been stated that discovery of all matters relevant to a suit should be allowed to the fullest extent consistent with the orderly and efficient functioning of the judicial process."

2. Again Barron and Holtzoff says at page 427:

"The 1948 amendment to Rule 26(b) provides that it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Thus in passing upon objections to interrogatories, it is not necessary for the court to determine whether the answers would be admissible in evidence. Interrogatories may be used not only to obtain evidence but also to obtain information which may lead to the discovery of evidence, and the relevancy required by Rule 26(b) does not depend on admissibility as evidence but refers to the subject matter of the action."

3. A related matter is, assuming there is a surplus, does FALLBROOK PUBLIC UTILITY DISTRICT have a prior and better right to store and use the water available for appropriation than has Plaintiff.

     (a)  Defendant FALLBROOK PUBLIC UTILITY DISTRICT by its Answer (Second Defense Par IV page 10 lines 3 to 17) asserts appropriative rights to 11,800 acre feet of water per annum from the river.

     (b)  Plaintiff in its Reply to Defendants Answer (Reply to First Defense, Par II Subdivision 2 and 3, page 2 & 3) admits that FALLBROOK PUBLIC UTILITY DISTRICT is the owner of two State permits, for 1800 acre-feet of water per annum, and 10,000 acre-feet of water per annum, respectively, with permission to construct a dam and store its water in a reservoir having a capacity of 32,000 acre-feet, but Plaintiff's Reply claims that such State permits cast a cloud upon the rights of the United States and constitut a threat of irreparable damage to the United States.

     We believe that the interrogatories seek data and information relevant to the question not only as to whether there is any appropriative surplus in the river, but also as to whether the Plaintiff or this Defendant has a prior right thereto. The data sought would have an important bearing on that question. Plaintiff should not seek to prevent Defendant FALLBROOK PUBLIC UTILITY DISTRICT from utilizing its prior appropriative right, if it has one, in order that Plaintiff, itself, with perhaps a junior and inferior appropriative right, /may store the said surplus water in its own dam on its own lands.

### III

     Plaintiff's objection to Interrogatory No. 30 that it calls for data not within the purview of Rule 33 because it seeks to secure copies of documents under Rule 33 instead of under Rule 34, seems a highly technical objection and one which would only involve delay by compelling this defendant to make another application under Rule 34. In view of Plaintiff's asserted desire to expedite the trial, we suggest that the court might give a liberal

-4-

1023

interpretation to rule 33 and permit Defendant FALLBROOK PUBLIC UTILITY DISTRICT to inspect the documents in question and to make copies.

Barron and Holtzoff state that

"The decisions do not agree as to whether interrogatories under Rule 33 may require that copies of documents be attached to the answers thereto or whether such copies must be obtained by proceeding under Rule 34."

(2Barron and Holtzoff, Federal Practice and Procedure, 460 §770)

The authors then cite a number of cases from Eastern District of Pennsylvania, Connecticut District, Eastern District of New York, Southern District of New York and Northern District of Ohio, holding that a party is entitled to copies of documents under Rule 33. The authors also point out:

"In the Western District of Pennsylvania it was held that although the information should have been sought under Rule 34, nevertheless if the party is entitled to the information, the objection to the interrogatory should be overruled," citing Kennedy vs. Mississippi Val. Barge Line Co. 7 F.R.D. 78.

IV.

Plaintiff's various objections to Defendant's Interrogatory No. 1 are not well founded,

A. "First", declares Plaintiff in its memorandum, "the letter is completely irrelevant to the suit now pending."

1. We submit that the test of the truth of such an assertion can come only after the requested letter, or a copy of it has been produced and inspected.

2. The pleadings and the record before the court, we believe, show that the requested data is "relevant to the

-5-

1024

subject matter involved in the pending action."

    (a)  One of the issues in this case is whether or not this action was commenced and the complaint filed at the request of the Secretary of the Navy.

    Plaintiff's very first allegation in its complaint is that the Attorney General of the United States "at the request of the Secretary of the Navy, complains, etc.  This allegation is denied in Paragraph I of the Answer of FALLBROOK PUBLIC UTILITY DISTRICT.  In Paragraph I of Plaintiff's Reply to that Answer, it declares:

> "The United States of America - - - - reaffirms the
> the assertion that the suit was instituted at the
> request of the  Secretary of the Navy and attaches
> to this reply a copy of that letter."

Therefore, it appears clear from the foregoing that the "request" for the commencement of this action is a "subject matter" which is involved in the pending action.

    (b)  Plaintiff's own statements reveal that the requested data is also relevant to other issues involved in the pending action.

    In its memorandum, in support of its objections, Plaintiff declares:

> "That letter was a statement of facts and law
> propounded by representatives of the Attorney Gen-
> eral of the United States of America.  It was
> addressed to the Department of the Navy on the
> basis of the chief law officer of the United States
> of America advising the Department of the Navy in
> regard to a matter concerning which the Navy had
> made several inquiries.  The letter itself and the
> memorandum accompanying it were a composite of an
> extensive review of facts and the law of this case."
> (Page 1, Line 31 to Page 2 line 5) (Emphasis added)

-6-

1025

73

        Therefore we are warranted from the foregoing and from the <u>revealed</u> <u>one-half</u> of the exchange of correspondence (the letter attached to Plaintiff's Reply), in concluding that <u>the</u> <u>concealed</u> <u>one-half</u> did contain data, facts and information relevant to the main issues involved in this action.

        3. We submit in conclusion, that the Plaintiff's objection that "the data requested is irrelevant" is without any foundation. As Judge Holtzoff so well says in his work regarding Federal Rules of Civil Procedure, on the very page cited by Plaintiff in its memorandum:

> "Objections to the relevancy of interrogatories will not be sustained unless it clearly appears that the information could not possibly be relevant to the subject matter of the action."
>
> (2 Barron and Holtzoff Federal Practice and Procedure, page 475)

B. The interrogatory to which Plaintiff objects, does not fall within the exempt privilege class, but even if it did, the privilege has been waived.

        1. We contend that the data requested is not privileged.

        There is no basis whatever, anywhere in the record, to support the statement in Plaintiff's Memorandum that the letter or data requested was "the work and preparation of a lawyer <u>in</u> <u>connection</u> <u>with</u> <u>litigation</u>."

        All of the facts before the court, including the letter of the Secretary of the Navy attached to Plaintiff's said Reply, show that prior to the date of the Justice Department's letter of June 21, 1950, the Navy was not contemplating any litigation over its water rights on the Santa Margarita River. In fact, a very justifiable inference to the contrary can be drawn from the Secretary's own letter. The Department of Justice's letter obviously called for a great deal of "further consideration"

-7-

1026

to use the words of the Secretary of the Navy (and apparently <u>re-consideration</u> and <u>re-orientation</u>). In fact it took the Secretary of the Navy from June 21, 1950 to November 14th, 1950, or approximately five months to react to the Justice letter and to come to a decision to ask the Department of Justice "to take such action as you may consider appropriate under the circumstances."

2. Therefore, we conclude that the requested data and information called for by Interrogatory No. 1 is not within the privileged class because it was not, and could not have been, prepared in "contemplation of litigation or in preparation for trial" since the record shows that no litigation was contemplated by thy Navy Department until near the date of the Secretary's letter to the Department of Justice dated November 14th, 1950.

3. The United States Government is not entitled to claim as privileged, information sought by an adversary if the information "is the foundation of an action brought by a Government agency" or "if the Government's interest in the case is merely proprietary" (2 Barron and Holtzoff 325, 326)

Certainly this action would not have been commenced without a "request" from the Secretary of the Navy and it is conceded that in this suit the Government is claiming only the rights of a proprietor. Judge Yankwich made this clear in his opinion permitting the filing by the State of California of its petition in intervention (101 Fed.Supp.298,306) where he said:

> "I find nothing in this complaint which asserts any right to the water in the United States <u>because it is the Government of the United States.</u> It is asserting its right merely as owner of the Santa Margarita Rancho." (Emphasis added)

4. Plaintiff in its memorandum relies heavily upon the Supreme Court decision in the case of Hickman vs. Taylor (329 U.S.495) in which the District court had ordered the

defendants attorney to produce for Plaintiff's inspection, all written statements which the former had taken from witnesses to the accident. The Circuit Court of Appeals reversed this order on the ground that these matters were privileged within the language of Rule 26(b). The Supreme Court affirmed the order of reversal <u>but</u> <u>on</u> <u>other</u> <u>grounds</u>. It stated that the memoranda, statements and mental impressions in issue in this case were outside the scope of the attorney-client privilege and hence were <u>not protected</u> from discovery on that basis. We do not believe that Hickman vs. Taylor supports Plaintiff's contention that the communication in question is privileged.

    5. We contend that even if the information requested were privileged, the privilege can be waived and in this instance <u>Plaintiff has waived its privilege.</u>

    (a) When Plaintiff offered into the records of this case as an exhibit to its Reply to Defendant FALLBROOK PUBLIC UTILITY DISTRICT'S Answer, the letter of the Secretary of the Navy addressed to the Attorney General of the United States, it waived the right to claim that the other half of the exchange of correspondence on which the Secretary of the Navy's letter was based, was privileged, for the reason that privilege is not divisible. As was said by the court in Re Associated Gas and Elect. Co. 59 Fed. Supp. 743,744:

> "The privilege (arising out of attorney and client relationship) is not divisible. The petitioner having waived as to some of the letters relating to a specific subject opened the door to all the privileged correspondence between it and its attorney on that specific subject.
> Hunt vs. Blackburn, 128 US 464; White Vs. Thacker, 78 Fed 862; Western Union Tel.Co. vs. Baltimore & Ohio Tel. Co. 26 F 55; Kingen Jarnvagsslyrelsen vs. Dexter & Carpenter 32 Fed 2nd 195,201 (Cert.denied 280 US 579)."

1028

(b) When the Plaintiff executed the stipulation with the State of California dated November 29, 1951, and filed in this case November 30, 1951, it further waived its right to object to the request for the data and information called for by Interrogatory No. 1. That stipulation declared as follows:

> "For the clarification of the issues in this litigation and for the benefit of all of the parties to this cause, it is hereby stipulated - - -"

So the stipulation was meant for the benefit of all parties, including Defendant FALLBROOK PUBLIC UTILITY DISTRICT. By Paragraph VI of said Stipulation, it was expressly agreed:

> "That there will be a full, complete and mutual exchange of data and information as to the subject matter of this cause, collected by the respective parties to this Stipulation, including data respecting the issuance of any permits or licenses issued by the State of California in connection with the rights to the use of water of the Santa Margarita River. Such exchange of information by the United States, will be subject to clearance by the Commanding Officer, Camp Joseph H. Pendleton, in respect to military security, as determined by said Officer."

By the foregoing, it is apparent that the Plaintiff agreed with the State of California for "a <u>full, complete and mutual exchange of data and information as to the subject matter of this cause</u> collected by the respective parties as to this Stipulation". The only reservation which Plaintiff made was that "information by the United States will be subject to clearance by the Commanding Officer at Camp Joseph H. Pendleton, <u>in respect to military security</u>, as determined by said Officer." Under the rule, <u>inclusio unius est exclusio alterius</u>, Plaintiff has agreed to a full and

-10-

1029

77

complete exchange of data and information as to the subject matter of this suit except only as may involve "military security". This certainly is a clear waiver of the right to claim privilege or withhold data and information based on attorney-client relationship.

    C. "Finally" Plaintiff says, "it is evident that the Defendant FALLBROOK PUBLIC UTILITY DISTRICT is proceeding under the wrong rule." Our reply to this objection to Interrogatory No. 1 is the same as our reply to the same objection to Interrogatory No. 30 which is set forth under Paragraph III hereof.

    WHEREFORE this Defendant prays that Plaintiff be ordered and directed to answer the interrogatories as propounded.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendant
FALLBROOK PUBLIC UTILITY DISTRICT

Dated: April 21, 1952.

RECEIVED COPY OF WITHIN
Statement _____ this
21st day of April, 1952
_____
Attorneys for Plaintiff

1030

78