**SWING & GILLESPIE**
ATTORNEYS AT LAW
313 CENTRAL BUILDING
SAN BERNARDINO, CALIFORNIA
TELEPHONE 2179

ATTORNEYS FOR Defendants Cosette S. Garner and Jack Garner.



FILED
MAY 14 1952
EDMUND L. SMITH, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　-vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California, et al.,<br><br>　　　　　　Defendants. | No. 1247-SD Civil<br><br>WRITTEN STATEMENT IN SUPPORT<br>OF AND MEMORANDUM OF POINTS<br>AND AUTHORITIES ON MOTIONS<br>OF COSETTE S. GARNER AND<br>JACK GARNER TO DISMISS AND<br>FOR MORE DEFINITE STATEMENT |

　　　The defendants Cosette S. Garner and Jack Garner file this their written statement of reasons in support of their motion to dismiss the complaint, as to these defendants, and in support of their motion for a more definite statement, together with their memorandum of points and authorities upon which they will rely.

　　　　　　　　　　ON MOTION TO DISMISS

　　　These defendants contend that the complaint fails to state facts sufficient to constitute a cause of action against them or either of them.

　　　　　　　　　　　　I

　　　The complaint fails to state facts sufficient to show that plaintiff has been or is short of sufficient water to meet

-1-

1036

96

1. its reasonable riparian requirements. Plaintiff has conceded and stipulated that by this action it is seeking an adjudication of its riparian rights in and to the waters of the Santa Margarita River as owner of the Rancho Santa Margarita.

 1. The Plaintiff's complaint makes it clear that the uses, for which plaintiff desires water, are non-riparian purposes, to-wit: military uses. In Paragraph IV at page 5 it is alleged:

> "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above."

In Paragraph VIII at page 7, it is alleged:

> "Those rights to the use of water described above, since the acquisition of the property to which those rights are appurtenant, have been applied to a beneficial and consumptive use by the United States of America _in the performance of varied functions of the military establishments_ more particularly mentioned in Paragraph II and VII hereof" (i.e. Camp Joseph H. Pendleton, the United States Naval Hospital and the U. S. Naval Ammunition Depot.

In Paragraph VIII at page 7, it is alleged:

> "During any period when the quantity of water exceeds the military demands described in this paragraph, it is used by the United States for agricultural purposes."

From the foregoing it appears that the use of water is primarily for a military camp or cantonment and therefore is not a riparian use. The use of the waters of a stream to supply the inhabitants of a municipality with water for domestic purposes is not a riparian right. Purcellville v. Potts (Va) 141 A L R 633, 637; Emporia v. Soden 25 Kan 588, 37 Am Rep 265, 268-269; 1 Farnham Waters P 611; Salem etc. Co. v. Lord 42 Or.82; 69 P 1033,

1034, 1039; McCartney v. Londenderry Ry 1904 App cases 301, 304; 1 Wiel Water Rights in Western States 3 ed. Sec 743; Lux v. Higgin 69 C 255, 405 - 407 Cowell vs. Armstrong 210 Cal 218, 224 - 225.

II

There are no allegations of fact in the complaint to show that any diversions which may have been made upstream by any of the defendants herein were in excess of their legal riparian rights.

1. While plaintiff charges "encroachment" by the defendants upstream  (Paragraph IV, page 5) such an allegation is a conclusion of law and not a statement of fact. All of the allegations of the complaint are entirely consistent with the theory that these alleged "encroachments" by defendants and resulting diminutions in the flow of the stream were within the correlative riparian rights of said defendants, there being no allegation of any fact to show that any diversions by these or any of the defendants were in excess or beyond their legal rights.

III

There is no showing that these defendants, or either of them, were parties to the action which resulted in the Stipulated Judgment, copy of which is made a part of plaintiff's complaint or that they are privies to parties to such action. Therefore that source of claim of right or title in plaintiff is incompetent, irrelevant and immaterial when the court is considering the rights of these defendants.

MOTION FOR A MORE DEFINITE STATEMENT

I

If complaint is so indefinite or so general that defendants cannot file a responsive pleading, it is entitled to a more definite statement.

Rule 12 (e) of Federal Rules of Civil Procedure.

Bowles, Ad'r Officer of Price Administration v. Glick Bros. Lumber Co., (C.C.A. 9 C 1945), 146 F. (2d) 566, 568, (Decision by Judge Healy):

> "If a defendant needs additional information to enable him to answer or prepare for trial the procedure provided by the Federal Rules is a motion for a more definite statement or for a bill of particulars, ---".

Porter, Price Administrator, v. Karavas, (C.C.A. 10 C. 1946), 157 F. (2d) 984, 986, (Decision by Judge Bratton):

> "And where the complaint states a claim in general language but is not sufficiently definite in certain respects to enable the defendant to answer or to prepare for trial, the remedy is to move for a more definite statement or for a bill of particulars. Clyde V. Broderick, 10 Cr., 144 F. 2d 348."

II

Nature and complexity of the action is to be considered in passing on a motion for a more definite statement.

United States v. Schine Chain Theatres, Inc., (D.C.W.D. N.Y. 1940), 1 F.R.D. 203, 208, (Decision by Judge Knight):

> "Necessarily in applying Rule 12 (e) the court must take into consideration the nature and complexity of the suit. Preparation of the proper pleadings for trial in this suit requires a statement of matters and their relation to each other far more extensive from that in a simple pleading on contract or in negligence."

-4-

In the case of Twin Ports Oil Co. v. Pure Oil Co., (D.C.D. Minn. 4 Div. 1942) 46 F. Supp. 149, 153-154, the court quoted with approval the language from 1 F.R.D. 559, 562, from the case of Lowe v. Consolidated Edison Co., The court then stated in the former case quoted:

> "But where suits are instituted under the Sherman Anti-Trust Act, and especially where they involve large sums of money and will in all probability consume the time of the Court and counsel for a long period, it will be found that courts generally recognize the desirability, if not the necessity of requiring the pleader to establish in the complaint a statement of sufficient facts regarding the causal connection between the wrong and the damage, so as to enable the defendant to be apprised of the legal theory which will be urged at the trial of the case and thus be able to frame responsive pleadings thereto."

### III

Rule 12 (e) should be constituted liberally to carry out its purpose.

Commander-Larabee Milling Co. v. Manufactures & Traders Trust Co., (D.C., W.D. N.Y. 1945), 4 F.R.D. 296, 297, (Decision by Judge Knight):

> "Rule 12 (e), supra, has been construed almost an innumerable number of times. The question of its application in each case depends upon its own particular facts, but the rule should be construed liberally to carry out its purpose."

RECEIVED copy of within Statement this 14th day of May, 1952

Betty Marshall Graydon
Attorneys for Plaintiffs

Respectfully submitted,

SWING & GILLESPIE

By James W. Ewing
Attorneys for defendants
Cosette S. Garner and Jack Garner

1040

-5-