**FILED**

MAY 14 1952

EDMUND L. SMITH, Clerk
By _Cassidy_ _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOT THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al<br><br>    Defendants | NO. 1247-SD Civil<br><br>MOTION OF DEFENDANTS, MICHIGAN MORTGAGE COMPANY, a Corporation; GEORGIA B. RECEK, now known as GEORGIA B. BRETZ; WILLIAM E. STARKE AND CECILIA G. STARKE TO DISMISS AND MAKE MORE DEFINITE |

The defendants, Michigan Mortgage Company, a Corporation, Georgia B. Recek, now known as Georgia B. Bretz, William E. Starke and Cecilia G. Starke, move the Court as follows:

I.

Dismiss the action as to them, and each of them, for failure of the pleadings of the Plaintiff to state a claim upon which relief can be granted against these defendants, or any of them, or at all.

II.

In the event said motion to dismiss is not granted, these said defendants move for a more definite statement to enable these said defendants to frame a proper responsive pleading in support of said motion and point out the following defects complained of and details desired:

1. Defendants request a more definite statement as to when,

- 1 -

where, how and between what persons the alleged actual controversy first arose between Plaintiff and these defendants, and each and every one of them, what the contentions of each party were, and whether such alleged controversy arose out of oral or written contentions and, if the latter, what documents gave use to the controversy.

2. If the controversy arose over trespass on the lands of Plaintiff, when, where and in what manner such trespass took place, the dates thereof and the claimed damage.

3. These defendants request a more definite statement as to what water right plaintiff claim to the waters of the Santa Margarita River, its tributaries, and the surrounding watershed.

   (a) If Plaintiff claims riparian rights to the Santa Margarita River, how and by what means Plaintiff came possessed of a paramount right to the waters of the Santa Margarita River under these defendants and over other riparian land owners.

   (b) If Plaintiff claims appropriative rights as against these defendants, the source of its said appropriation, the date it was made, or if at different times, the date of each additional appropriation, the amount it claims to have appropriated at different times, the location or locations on said stream, or its tributaries where said appropriation was made, the place or places of the use thereof, the means of transportation employed from the place or places of appropriation to the place or places of use, whether by pipe line, flume, or by natural flow.

   (c) If Plaintiff claims prescriptive rights, the source and basis of said right, the extent of same, the nature thereof, time and date of prescription, the amount of nature and place of use, and in particular when said purported right was first initiated as against these defendants and each and every one of them.

4. These defendants request a more definite statement as to how, or in what manner, and to what extent, these defendants, or

- 2 -

1   any one of them, are bound by, or how their respective rights are
2   affected by, the purported stipulation which supports the purport-
3   ed stipulated judgment alleged to have been entered into in the
4   case of Rancho Santa Margarita vs. Vail et al, as shown by the ex-
5   hibit attached to the complaint on file herein.
6       5. These defendants, and each and every one of them, request
7   a more definite statement as to when, how, or in what manner, by
8   what acts, and to what extent, if any, these defendants have in-
9   terfered with, encroached upon or infringed upon the water rights
10   of plaintiff, or its predecessor in interest.
11       This motion is based upon the records, papers and files
12   herein, and is made upon the ground that more definite statements
13   and more and clearer allegations by plaintiff are necessary to
14   enable these defendants to properly answer the complaint herein.
15       Dated at San Diego this 12th day of May, 1952.

                                             W. E. STARKE
                           Attorney for Michigan Mortgage Com-
                           pany, a Corporation; Georgia B. Re-

(Sidebar: SOLON W. E. STARKE / ATTORNEYS AT LAW / BANK OF AMERICA BUILDING / SAN DIEGO, CALIFORNIA)

---

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO } ss.
STATE OF CALIFORNIA }

Louise Ellis ................... No. 1247-SD Civil ...................being duly sworn, says, that affiant is a citizen of the United States, over 18 years of age, a resident of San Diego County and not a party to the within action

That affiant's business address is 1130 Bank of Am. Bldg., San Diego, Calif.

That affiant served the attached Motion of Defendants to Dismiss and Make More Definite by placing a true copy thereof in an envelope addressed to Ernest A. Tolin, U.S. Attorney and Betty Marshall Graydon, Asst. U.S. Attorney,

at their office address, which is 325 West F St., San Diego, Calif.

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on May 13, 1952, deposited in the United States Mail at San Diego, Calif.

That there is delivery service by the United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me

May 13, 1952.           Louise Ellis

   W. E. Starke
Notary Public in and for the County of San Diego, State of California

(SEAL)

1044

Plaza Press, 623 Third Avenue, San Diego