```
                    SWING, SCHARNIKOW & STANIFORTH
                              ATTORNEYS AT LAW
                     604 SAN DIEGO TRUST & SAVINGS BUILDING
                          SAN DIEGO 1, CALIFORNIA
                              FRANKLIN 9-1131
```

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for  Defendant TOMMY RAWSON

**FILED**

MAY 14 1952

EDMUND L. SMITH, Clerk
By  /s/ _____
             Deputy Clerk

RECEIVED COPY OF WITHIN
Motion
14th day of May, 1952
Betty M. ___ Graydon
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
                           )   No. 1247 - Civil
           Plaintiff       )
                           )   MOTION OF DEFENDANT
     Vs.                   )   TOMMY RAWSON TO DISMISS
                           )   AND MAKE MORE CERTAIN
FALLBROOK PUBLIC UTILITY DISTRICT, )
a public service corporation of the )
State of California, et al., )
                           )
           Defendants.     )

The Defendant TOMMY RAWSON moves the court as follows:

I.

Dismiss the action as to him for failure of the pleading of the Plaintiff to state a claim upon which relief can be granted against this defendant.

II.

In the event said motion to dismiss is not granted, this defendant moves for a more definite statement to enable this defendant to frame a proper responsive pleading in support of said motion and points out the following defects complained of and details desired:

1. Defendant requests a more definite statement as to when, where, how and between what persons the alleged actual controversy first arose between Plaintiff and this defendant and

-1-

1051

what were the contentions of each party; whether such alleged controversy arose out of oral or written contentions and, if the the latter, what documents gave rise to the controversy.

2. This Defendant requests a more definite statement as to what rights Plaintiff claims to the waters of the Santa Margarita River.

(a) If Plaintiff claims riparian rights, how and by what means Plaintiff came possesses of a paramount right against this defendant and over other riparian land owners.

(b) If Plaintiff claims appropriative rights, the source of its said appropriation, the date it was made, the amount it claims to have appropriated and the place of use thereof.

(c) If Plaintiff claims prescriptive rights, the source and basis of said right, the extent of same and the nature and place of use and when said right was first initiated as against this defendant.

3. This defendant requests a more definite statement as to how or in what manner and to what extent this defendant is bound by or his rights are affected by the Stipulated Judgment alleged to have been entered into in the case of Rancho Santa Margarita vs. Vail et al.

4. This defendant requests a more definite statement as to when, how, or in what manner and by what acts and to what extent, if any, this defendant has interfered with, encroached or infringed upon the water rights of Plaintiff.

This motion is based upon the records, papers and files herein and is made upon the ground that more definite statements by the Plaintiff are necessary to enable this defendant to properly answer the complaint herein.

DATED: May 14, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorney for Defendant
TOMMY RAWSON

-2-

1052

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for........Defendant...TOMMY..RAWSON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

UNITED STATES OF AMERICA,
                    Plaintiff
            Vs.
FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California, et al.,
                    Defendants

No. 1247-SD Civil

WRITTEN STATEMENT IN
SUPPORT OF AND MEMORANDUM
OF POINTS AND AUTHORITIES
ON MOTIONS OF TOMMY RAWSON
TO DISMISS AND FOR MORE
DEFINITE STATEMENT.

The Defendant TOMMY RAWSON files this his written statement of reasons in support of his motion to dismiss the complaint, as to this defendant, and in support of his motion for a more definite statement, together with his menorandum of points and authorities upon which he will rely.

ON MOTION TO DISMISS

This Defendant contends that the complaint fails to state facts sufficient to constitute a cause of action against him.

I.

The complaint fails to state facts sufficient to show that Plaintiff has been or is short of sufficient water to meet its reasonable riparian requirements. Plaintiff has conceded and stipulated that by this action it is seeking an ajudication

-1-

1053

of its riparian rights in and to the waters of the Santa Margarita River as owner of the Rancho Santa Margarita.

    1. The Plaintiff's complaint makes it clear that the uses, for which Plaintiff desires water, are non-riparian purposes, to-wit: military uses. In Paragraph IV at page 5 it is alleged:

> "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above."

In Paragraph VIII at page 7, it is alleged:

> "Those rights to the use of water above described, since the acquisition of the property to which those rights are appurtenant, have been applied to a beneficial and consumptive use by the United States of America *in the performance of varied functions of the military establishments* more particularly mentioned in Paragraph II and VII hereof" (i.e. Camp Joseph H. Pendleton, the United States Naval Hospital and the U. S. Naval Ammunition Depot.)

In Paragraph VIII at page 7, it is alleged:

> "During any period when the quantity of water exceeds the military demands described in this paragraph, it is used by the United States for agricultural purposes."

From the foregoing it appears that the use of water is primarily for a military camp or cantonment and therefore is not a riparian use. The use of the waters of a stream to supply the inhabitants of a municipality with water for domestic purposes is not a riparian right. Purcellville V. Potts (Va) 141; A L R 633, 637; Emporia v Soden 25 Kan 588; 37 Am Rep 265, 268-269; 1 Farnham Waters P 611; Salem etc v Lord 42 Or. 82; 69 P 1033,1034,1039; McCartney v. Londenderry Ry 1904 App cases 301,304; 1 Wiel Water

-2-

Rights in Western States 3 ed. Sec.743; Lux v. Higgin 69 C.255, 405-407; Cowell vs. Armstrong 210 Cal 218, 224-225.

## II.

There are no allegations of fact in the complaint to show that any diversions which may have been made upstream by any of the defendants herein were in excess of their legal riparian rights.

1. While Plaintiff charges "encroachment" by the defendants upstream (Paragraph IV, page 5) such an allegation is a conclusion of law and not a statement of fact. All of the allegations of the complaint are entirely consistent with the theory that these alleged "encroachments" by defendants and resulting diminutions in the flow of the stream were within the correlative riparian rights of said defendants, there being no allegation of any fact to show that any diversions by this or any of the other defendants were in excess or beyond their legal rights.

## III

There is no showing that this defendant was a party to the action which resulted in the Stipulated Judgment, copy of which is made a part of Plaintiff's complaint or that he was privy to parties to such action. Therefore that source of claim of right or title in Plaintiff is incompetent, irrelevant and immaterial when the court is considering the rights of this defendant.

## MOTION FOR A MORE DEFINITE STATEMENT

### I.

If complaint is so indefinite or so general that defendant cannot file a responsive pleading, he is entitled to a more definite statement.

Rule 12(e) of Federal Rules of Civil Procedure.

Bowles, Ad'r Office of Price Administration v. Glick Bros. Lumber Co., (C.C.A. 9 C1945), 146 F(2d) 566, 568, (Decision by Judge Healy):

-3-

1055

> "If a defendant needs additional information to enable him to answer or prepare for trial the procedure provided by the Federal Rules is a motion for a more definite statement or for a bill of particulars, - - -".

Porter, Price Administrator, v. Karavas, (C.C.A. 10 C. 1946), 157 F.(2d) 984, 986, (Decision by Judge Bratton):

> "And where the complaint states a claim in general language but is not sufficiently definite in certain respects to enable the defendant to answer or to prepare for trial, the remedy is to move for a more definite statement or for a bill of particulars. Clyde V. Broderick, 10 Cr., 144 F.2d 348."

II.

Nature and complexity of the action is to be considered in passing on a motion for a more definite statement.

United States v. Schine Chain Theatres, Inc., (D.C.W.D. N.Y. 1940), 1 F.R.D. 203, 208, (Decision by Judge Knight):

> "Necessarily in applying Rule 12(e) the court must take into consideration the nature and complexity of the suit. Preparation of the proper pleadings for trial in this suit requires a statement of matters and their relation to each other far more extensive from that in a simple pleading on contract or in negligence."

In the case of Twin Ports Oil Co., v. Pure Oil Co., (D.C.D. Minn. 4 Div. 1942) 46 F. Supp, 149, 153-154, the court quoted with approval the language from 1 F.R.D. 559, 562, from the case of Lowe v. Consolidated Edison Co. The court then stated:

-4-

1056

> "But where suits are instituted under the Sherman Anti-Trust Act, and especially where they involve large sums of money and will in all probability consume the time of the Court and counsel for a long period, it will be found that courts generally recognize the desirability, if not the necessity of requiring the pleader to establish in the complaint a statement of sufficient facts regarding the causal connection between the wrong and the damage, so as to enable the defendant to be apprised of the legal theory which will be urged at the trial of the case and thus be able to frame responsive pleadings thereto."

### III.

Rule 12(e) should be constituted liberally to carry out its purpose.

Commander-Larabee Milling Co. v. Manufactures & Traders Trust Co., (D.C., W.D. N.Y. 1945), 4 F.R.D. 296, 297, (Decision by Judge Knight):

> "Rule 12(e), supra., has been construed almost an unnumerable number of times. The question of its application in each case depends upon its own particular facts, but the rule should be construed liberally to carry out its purpose."

DATED: May 14, 1952.

Respectfully submitted,

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendant
TOMMY RAWSON

RECEIVED COPY OF WITHIN
_____ this
____ day of May, 195_
_____
Attorneys for _____

1057