A. J. O'CONNOR
639 South Spring Street
Los Angeles 14, California
TRinity 3123
Attorney for Defendants, Leslie Scott,
Beatrice Scott, Willard R. Scott and Irene Scott

FILED
MAY 15 1952
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> FALLBROOK PUBLIC UTILITY ) <br> DISTRICT, a public service cor- ) <br> poration of the State of California, ) <br> et al., ) <br> Defendants. ) | No. 1247 Civil <br><br> ANSWER. |

        Now come the defendants, LESLIE SCOTT, BEATRICE SCOTT, WILLARD R. SCOTT and IRENE SCOTT and answering for themselves alone, and not for any other defendants, admit, deny and allege as follows:

I.

        That defendants, Leslie Scott and Beatrice Scott, at all times material to this cause of action, have been and now are husband and wife. That defendants, Willard R. Scott and Irene Scott, at all times material to this cause of action, have been and now are husband and wife; that the rights of the defendants, Beatrice Scott and Irene Scott, are only such rights as they have as the wives of the other designated defendants.

II.

        Answering unto the allegations of Paragraph I of the complaint on file herein, these defendants allege that there is no controversy between these defendants, or any of them, on the one side and the United States of

America on the other side and that there has been no controversy between them to the knowledge of these defendants at any time before the service of the complaint herein and deny the allegations of said Paragraph I, all and singular, each and every part thereof.

III.

Answering unto the allegations of Paragraph II of the complaint allege that these defendants have no knowledge, information or belief concerning the truth or falsity of said allegations, and therefore deny the same, all and singular, each and every part thereof.

IV.

Answering unto the allegations of Paragraph III of the complaint these defendants allege that they have no knowledge, information or belief concerning the truth or falsity of the allegations of said Paragraph III and therefore deny the said allegations, all and singular, each and every part thereof.

V.

Answering unto the allegations of Paragraph IV of the complaint these defendants deny that they, or any of them, by any act on the part of said defendants, or the agents or employees of any of said defendants or otherwise, have encroached upon any rights of the plaintiff, in any manner whatsoever and further deny that any acts of said defendants, their agents or servants in any manner threatened the destruction of any basin or any water supply as alleged in the complaint. Further these defendants allege that they know no knowledge, information or belief concerning the truth or falsity of the remaining allegations of said Paragraph IV, and therefore deny the same, all and singular, each and every part thereof.

VI.

Answering unto the allegations of Paragraph V of the complaint allege that these defendants have no knowledge, information or belief concerning the truth or falsity of said allegations and therefore deny the allegations of said Paragraph V of the complaint, all and singular, each and every part thereof.

VII.

Answering unto the allegations of Paragraph VI of the complaint allege that these defendants have no knowledge, information or belief concerning the truth or falsity of said allegations and therefore deny the same, all and singular, each and every part thereof.

VIII.

Answering unto the allegations of Paragraph VII of the complaint allege that these defendants have no knowledge, information or belief concerning the truth or falsity of said allegations and thereby deny the same, all and singular, each and every part thereof.

IX.

Answering unto the allegations of Paragraph VIII of the complaint allege that these defendants have no knowledge, information or belief concerning the truth or falsity of said allegations and therefore deny the same, all and singular, each and every part thereof. And on this behalf further allege that if any deficiency exists in the alleged subterranean basin as alleged in said complaint that it is caused by the deficiency in rainfall in recent years and by the further fact that the alleged use by the plaintiff for military establishments is a use not contemplated by the alleged judgment pleaded in said complaint or the historical use by the Santa Margarita Rancho, predecessor in interest of plaintiff, but by an excessive use of military establishments for the service of activities never contemplated and by the further use of said water on lands which were neither riparian to the water shed of the Santa Margarita-Temecula River and upon lands which were not reasonably and profitably capable of being irrigated from said river.

X.

Answering unto the allegations of Paragraph IX of said complaint deny said allegations, all and singular, each and every part thereof.

XI.

That these defendants are now, and at all times material to this cause of action, have been owners in fee simple of the following described lots or parcels of real estate lying, situate and being in the County of San Diego

and State of California, to wit:

    Lots 5, 6, 7, 10, 11, 12, 13 and 14 of Section 6 of Township 9

    South of Range 2 East of the San Bernardino Meridian California

    and containing 318.400 acres, more or less.

XII.

That the aforesaid lands were the subject of a homestead entry by Joseph A. Scott, predecessor in interest to these defendants, in or about the year 1916 and that thereafter, to wit: on the 2nd day of August, 1921 the United States of America issued to the said Joseph A. Scott its patent to said lands and all of them, being recorded Patent No. 817158 and further numbered Los Angeles 030575 and 030827. That the said Joseph A. Scott died in the year 1942 and devised the aforesaid lands and each and all of the said lots therein mentioned to these defendants and that the same were distributed to these defendants by a decree of the Probate Court of the State of California, in and for the County of Los Angeles and numbered 213,251 on the records of said Court.

XIII.

That immediately after the said Joseph A. Scott entered upon said lands in or about the year 1916 as aforesaid, he caused to be drilled upon said lands four wells. That thereafter he did use and defendants have used from the waters available from said wells, that amount of water only which was reasonably necessary for the use of said lands for agricultural purposes. That, without the use of said water, the said lands would be and are valueless. That at no time did any of said parties ever use any water which was not necessary to ordinary domestic purposes and the aforesaid agricultural purposes and that which was not reasonably and practically required for the proper use of said property and all of it. That these defendants have and now claim the right to use that water which can be produced from wells on the aforesaid real estate or any part thereof which is reasonably necessary and practicable for ordinary domestic and agricultural use and activities on said lands and that any rights which plaintiff may have are subordinate and inferior to the rights of these defendants.

LAW OFFICES
August J. O'Connor
LOS ANGELES

WHEREFORE, defendants pray that they may have judgment against the plaintiff as follows:

1. That the plaintiff take nothing by its complaint on file herein and that the same be dismissed;

2. That this Court determine the rights of these defendants to the use of water to be extracted from the wells upon their own property as aforesaid and to declare and determine said rights as against the rights of all other defendants herein named and as against the plaintiff and to determine and adjudge that the rights of the plaintiff are subject to and subordinate to the rights and interest of these defendants. That any rights that the Court may adjudicate as belonging to the United States in the use of any of the water from the Santa Margarita Temecula Creek Water Shed shall be made subject to the rights of other owners in both riparian waters and percolating waters.

3. That these defendants have such other and further relief as may be meet and proper in the premises.

_____
A. J. O'CONNOR,
Attorney for Defendants, Leslie Scott, Beatrice Scott, Willard R. Scott and Irene Scott.

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES, } ss.

LESLIE SCOTT

being by me first duly sworn, deposes and says: that he is the one of the defendants

in the above entitled action; that he has read the foregoing ANSWER

and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters which are therein stated upon his information or belief, and as to those matters he believes it to be true.

Subscribed and sworn to before me this 14th day of May, 1952.

_Eleanor F. Morales_     _Leslie Scott_
Notary Public in and for said County and State of California.
(SEAL)

---

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C.C.P.)

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES, } ss.

ELEANOR F. MORALES, being first duly sworn says: That affiant is a citizen of the United States and a resident of the county aforesaid; that affiant is over the age of eighteen years and is not a party to the within above entitled action; that affiant's business address is: 630 South Spring Street, Los Angeles 14, California

that on the 14th day of May, 1952, affiant served the within ANWER on the Plaintiff in said action, by placing a true copy thereof in an envelope addressed to the attorneys of record for said Plaintiff at the office address of said attorneys, as follows:

Ernest A. Tolin,
United States Attorney and
Betty Marshall Graydon
Assistant U. S. Attorney
1405 Fifth Avenue
San Diego 1, California

and by then sealing said envelope, and depositing the same, with postage thereon fully prepaid, in the United States mail at the city where is located the office of the attorney for the person by and for whom said service was made. That there is a delivery service by United States mail at the place so addressed or there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 14th day of May, 1952.

_Eleanor F. Morales_
Notary Public in and for said County and State of California.
(SEAL)
* Here quote from envelope name and address of addressee.
** When the letter is addressed to a post office other than where mailed from, strike out "or" and when addressed to the same city where mailed from, strike out "or".

9612

COPY RECEIVED