BETTY MARSHALL GRAYDON
Assistant United States Attorney
325 West "F" Street
San Diego 1, California
Telephone: F 9-4101

Attorney for Plaintiff

FILED
MAY 28 1952
EDMUND L. SMITH, Clerk
By /s/ ........
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

FALLBROOK PUBLIC UTILITY DISTRICT, a
public service corporation of the
State of California;
MICHIGAN MORTGAGE COMPANY, a Corporation;
GEORGIA B. RECEK, now known as
GEORGIA B. BRETZ;
WILLIAM E. STARKE and
CECILIA G. STARKE; et al.,

        Defendants.

Civil No. 1247-SD

MEMORANDUM IN REPLY TO MOTION OF DEFENDANTS MICHIGAN MORTGAGE COMPANY, a Corporation; GEORGIA B. RECEK, now known as GEORGIA B. BRETZ; WILLIAM E. STARKE and CECILIA G. STARKE TO DISMISS AND MAKE MORE DEFINITE

    This is in reply to the motion of defendants Michigan Mortgage Company, a Corporation; Georgia B. Recek, now known as Georgia B. Bretz; William E. Starke and Cecilia G. Starke to dismiss "for failure of the pleadings of the Plaintiff /United States of America/ to state a claim upon which relief can be granted." In these unequivocal terms this Court sustained the complaint:

    "Now I point to the fact that this complaint could not

    have been drawn in any other form, and that the complaint

    was sustained by Judge Weinberger." [1]

In sustaining the complaint against similar attacks, Judge Weinberger declared:
"It appears that the complaint sets forth that the government is seeking to have its rights declared and the title quieted to those rights, as they relate to the use of water in the Santa Margarita River and its tributaries." [2]

---

[1] United States v. Fallbrook Public Utility District, et al., 101 F. Supp. 298, 301 (1951).

[2] Reporter's Transcript of Proceedings, May 9, 1951, page 12, lines 13 et seq.

- 1 -

1089

Relative to the sufficiency of the complaint, reference is first made to this summarization in regard to pleadings under the new rules: "A motion to dismiss is limited to the allegations of the complaint, and, being the equivalent of a demurrer, the court is called upon to interpret the allegations of such complaint, and to accept all such allegations as being true, and to determine whether such complaint presents a cause of action. In weighing the validity of a motion to dismiss a complaint for insufficiency the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. But in ruling on the motion, the court must proceed in the light of the present principles as to liberal interpretation of pleadings. On a motion to dismiss the plaintiff is entitled to the most favorable intendments to be drawn from the facts pleaded. As it has been expressed, the question presented by a motion to dismiss a complaint is whether the complaint, construed in the light most favorable to the plaintiff and with all doubts resolved in favor of its sufficiency, states a claim upon which relief could be granted. * * * to warrant dismissal of a complaint for insufficiency, it should appear that a claim for relief does not exist, rather than that a claim has been defectively stated."[3/] Thus it will be observed that the minutiae of the vast majority of objections raised by the movants are not only contrary to the present rules of civil procedure, but are very largely without merit.

Turning now to the question of the sufficiency of the complaint to state a claim in a proceeding such as this to quiet title, reference will be made to decisions of both the highest court of the United States and the highest court of the State of California. One of the leading authorities on the subject is an early decision of the Supreme Court of the State of California. That case is especially in point under the circumstances. There the petitioner alleged ownership of certain real properties; that the defendant claimed an adverse interest; that such claim was without right; and that the defendant

---

3/  Cyc. Fed. Proc., sec. 1601, p. 267.

had no right or title or interest whatever in the property. The prayer was that the defendant be required to set forth the nature of his claim, that it be adjudged to be void and that the defendant be enjoined from asserting it. [4] In declaring the sufficiency of the complaint, the court stated: "* * * the proceeding is for the purpose of stopping the mouth of a person who has asserted or is asserting a claim to the plaintiff's property, whether such claim be founded upon evidence or utterly baseless. It is not aimed at a particular piece of evidence, but at the pretensions of an individual." Continuing, the court stated: "* * * the action may be maintained by the owner of property to determine any adverse claim whatever. For if the defendant by his answer disclaims all interest whatever, judgment may, nevertheless, be entered against him, though in such case it must be without costs. * * *

"The plaintiff, therefore, is not required to set forth the nature of the defendant's claim. * * * The pleading is very simple. And it is well settled that the allegations above mentioned are sufficient."

Again, California's highest court has declared: "An action to quiet title may be maintained by the owner to determine any adverse claim of the defendant, and the plaintiff in such action is not required to set forth the nature of the defendant's claim." [5] In a very recent case California's Supreme Court reiterated the principle in these terms: "One who alleges that he is the owner of certain described real property, that defendants claim an interest therein adversely to him, that such claim is without right, and that the defendants have no estate, title or interest whatever in said premises or any part thereof pleads all that the law requires in an action to quiet title and, in such an action, the complaint need not particularly state the facts in regard to the asserted invalidity nor attack the instrument which is claimed to be a cloud against the title of the plaintiff." [6]

---

[4] Castro v. Barry, 79 Cal. 443, 446, 447, 21 Pac. 946 (1889).
[5] Thompson, et al., v. Moore, et al., 8 Cal.2d 367, 69 P.2d 800, 803.
[6] Ephraim v. Metropolitan Trust Co., 28 Cal.2d 824, 172 P.2d 501 (1946).

Identically the same principles have been stated by the Supreme Court of the United States. In regard to the sufficiency of a complaint in a proceeding to quiet title, as here before the Court, the highest Court of the United States has stated: "An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative facts, which go to establish that ultimate fact; <u>and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff.</u>" [7] (Underscoring supplied.) That often-cited case is authority for the proposition that where, as here, the United States has alleged its fee simple title to the property it is not called upon to deraign its title. It is likewise authority for the proposition that it need not plead evidentiary factors necessarily involved in defining the character of the adverse claim of the defendant. Obviously, the defendant is in a better position to know the character of the claim which he has, if any.

Pertinent in that regard is this statement made by Judge Weinberger: "It appears to the court that defendants are in a position to know whether they claim to be upstream riparian land owners or owners of lands overlying the underground basin described in plaintiff's complaint and, if they do not know, at least they know, or should know, (if they are using the waters of the Santa Margarita River,) on what claim of right they base their use and they can state such claim." [8]

Turning to the memorandum of defendants, this incorrect statement is made: "The complaint fails to state facts fufficient to show that plaintiff has been or is short of sufficient water to meet its reasonable riparian requirements." In view of the express allegations throughout the complaint,

---

[7] Ely v. New Mexico & Arizona RR. Co., 129 U. S. 291, 293 (1889).

[8] Reporter's Transcript of Proceedings, May 9, 1951, page 18, lines 13 - 20.

- 4 -

1092

particularly in paragraph IX, it is difficult to perceive how the last quoted statement could be seriously made. Respecting the wholly inadequate supply of water within the watershed of the Santa Margarita River to meet the riparian demands from that stream, this statement by the Supreme Court of the State of California is highly pertinent:

> "The trial court also found, and this finding is admittedly supported by the evidence, that the normal flow of the Temecula-Santa Margarita River is not sufficient to supply all the riparian needs of all of the riparian lands of either respondent or appellants, and that there is only enough water available for the irrigation of a portion of their riparian lands and for the uses thereon which are most valuable and profitable. This was practically stipulated to by the parties, and was one of the basic facts upon which the action was tried." 9/

Here the United States is successor in interest to the Rancho Santa Margarita, respondent in the last cited case. Thus the declaration by the highest court of California revealing the drastic shortage of water within the watershed of the Santa Margarita River applies to the United States; the inadequacy of that supply to meet the riparian demands; and the grave need for apportionment between the riparian owners of the meager supply which is available. It is respectfully submitted that this Court will take judicial notice that in the arid region involved, the supply of water available falls far short of the riparian demands; that every claimant to water from the Santa Margarita River is adverse to every other claimant from that stream. Under the circumstances this Court is respectfully requested to deny the motion to dismiss on the grounds in question.

Proceeding directly from the erroneous assertion last discussed to one even more specious, the defendants refer at some length to the claims of the United States to water from the Santa Margarita River for military purposes. Following the review of those claims, this statement is made: "* * * the use of water is primarily for a military camp or cantonment and therefore is not a

---

9/ Rancho Santa Margarita v. Vail, 11 Cal.2d 501, 516, 517; 81 P.2d 533 (1938).

- 5 -

1093

riparian use." A transition of thought then follows which defies pursuit for it is then declared: "The use of the waters of a stream to supply the inhabitants of a municipality with water for domestic purposes is not a riparian right." No cases are referred to; no authorities given which in any way relate the reference to a military use to that of municipal use. In the absence of some authority in support of the subject, extensive review is not required. Suffice to state, however, that none of the cases cited remotely resembles the facts alleged in the complaint, and which, for the purpose of this motion, are admitted. Those allegations in substance are that:

    1. The United States has been utilizing water for military purposes from the Santa Margarita River since 1941.

    2. It owns both banks of the Santa Margarita River for a distance of 21 miles.

    3. It is the last riparian owner; the last user on the river.

When the cases cited are considered in the light of the undisputed facts - facts well pleaded in the complaint - the motion to dismiss can only be deemed frivolous.

It is the position of the United States that:

    "* * * a riparian owner is privileged to make a reasonable use of the waters of the stream for any necessary or proper purpose incident to the land itself, and essential to its enjoyment, which does not materially interfere with the rights of other riparian owners." 10/

Premised upon that fundamental precept of the law relating to riparian rights to the use of water, it is respectfully submitted that the United States is entitled to utilize the water for military purposes. It is difficult to perceive a more "necessary" or "proper" use of a riparian right. That doctrine is well stated in these terms by California's highest court: "The riparian owner, by reason of the situation of his land on the stream, has the right to make <u>any use beneficial</u>

---

10/ 56 Am. Jur., Waters, Sec. 341.

1  <u>to himself on the riparian land which his situation enables him to make</u>, except
2  that, if his use involves a consumption of the water, he may not use more than
3  his reasonable share as compared with other riparian owners, * * *." [11]  (Emphasis added)
4      It is difficult to perceive in the light of the fundamental law of
5  the State of California respecting riparian rights, that defendants would seriously
6  urge that the United States may not exercise its riparian rights for National
7  Defense - for military purposes. There is no basis for the contention, there is
8  no authority to support it. Reliance by the defendants upon the cases in regard
9  to municipal uses evidences the paucity of authority to support their erroneous
10 assertion.
11     In support of the position of the United States that a military use is
12 a proper riparian use, this authoritative statement is quoted: "The common law
13 and the civil law are in this the same. The civil law is: 'If water passes
14 between estates of different owners, each one of these can use it for the
15 irrigation of his estate <u>or for any other object</u>, but not the whole of it, but
16 only the part which corresponds to him, because both have equal rights, and the
17 one can consequently oppose use of it all by the other, or even a part
18 considerably more than his own.'" [12] (Emphasis added)
19     Only by a trial of the facts is it possible to resolve the question of
20 whether the United States is making a reasonable use of its share of the water
21 as its rights relate to all other riparians on the stream. [13] For the reasons
22 expressed, this Court is respectfully requested to deny the motion of defendants
23 to dismiss.
24     In that part of the memorandum of defendants designated No. II this
25 statement is made: "There are no allegations of fact in the complaint to show
26 that any diversions which may have been made upstream by any of the defendants
27 herein were in excess of their legal riparian rights." The defendants thus

---

[11] Mentone Irrigation Co. v. Redlands Electric Light and Power Company, et al., 155 Cal. 323, 327, 100 P. 1082 (1909); Please refer to: Los Angeles Co. F. C. Dist. v. Abbot, 24 C.A.2d 728, 76 P.2d 188 (1938); Carlsbad Mutual Water Co. (a corporation), appellant v. San Luis Rey Development Co., 78 C.A.2d 900, 178 P.2d 844 (1947).

[12] Wiel, Water Rights in the Western States, 3d ed., vol. 1, Sec. 750, page 819.

[13] Wiel, Water Rights in the Western States, 3d ed., vol. 1, Sec. 743, page 804.

request this Court by that statement to conclude that defendants have riparian rights - in view of claims such as that of the Fallbrook Public Utility District of appropriative rights to export huge quantities of the meager supply of water from the Santa Margarita River, there is no basis for concluding that only riparian claims are asserted in the stream in question. In actions such as this to quiet title, "The plaintiff * * * is not required to set forth the nature of the defendant's claim." [14/]

For the reasons expressed, this Court is respectfully requested to deny the motion on the grounds asserted in part II of defendants' memorandum.

Finally, in the part of the memorandum designated No. III regarding defendants' motion to dismiss, it is asserted there is no showing that they "were parties to the action which resulted in the Stipulated Judgment," Exhibit A of the complaint. If that assertion is correct, the appropriate course is to answer, not move to dismiss. Of interest, of course, to the United States is (1) whether the defendants or their predecessors in interest are bound by the Stipulated Judgment; (2) whether defendants are claiming or utilizing water which is in the stream by reason of the Stipulated Judgment. That latter factor is important for if it were not for the riparian rights of the United States upon which the Stipulated Judgment is predicated, the Vail Estate, due to its large riparian acreage and claims for storage, would dry up the stream for many months of the year.

The request is again respectfully made that the motion to dismiss be denied and that defendants be required to answer.

RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." [15/] To date innumerable answers squarely raising the

---

14/ Castro v. Barry, 79 Cal. 443, 447, 21 Pac. 946 (1889).

15/ F. R. C. P., Rule 12(e). Of passing interest is the statement by the counsel for the three movants presently before the Court that this rule "should be constituted liberally". (Part III of their memorandums.)

1  issues in the case have been filed by other defendants. Those defendants did
2  not find the complaint so vague or ambiguous that they could not reasonably
3  frame an answer. Of interest is this fact: Counsel for defendant Tommy Rawson
4  has answered for many defendants. Over a year ago he answered for one of his
5  clients and yet filed motions for more definite statement for other defendants.[16]

   Simply stated, the motions for more definite statement are dilatory
in nature. As no assertion is made that the complaint is "vague or ambiguous";
as numerous answers have been filed; as this Court has repeatedly denied similar
motions, this Court is respectfully requested to deny the motion for a more
definite statement and require the defendants to answer.

WILLIAM H. VEEDER,
Special Assistant to the Attorney General

BETTY MARSHALL GRAYDON
Assistant United States Attorney

Dated: May 28, 1952

---

[16] Please refer to Reporter's Transcript of Proceedings, May 9, 1951, pages 35-36, page 43.

- 9 -

1097