SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1151

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**

JUN 20 1952

EDMUND L. SMITH, Clerk
By /s/
Deputy Clerk

Attorneys for Defendant TOMMY RAWSON

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

UNITED STATES OF AMERICA, )
                          )  NO. 1247-SD Civil
              Plaintiff   )
                          )  INTERROGATORIES, ANSWERS TO
      Vs.                 )  WHICH ARE REQUESTED BY
                          )  DEFENDANT TOMMY RAWSON
FALLBROOK PUBLIC UTILITY DISTRICT, )
a public service corporation of the)
State of California., et al.,      )
                          )
              Defendants  )

The Defendant TOMMY RAWSON hereby requests that Plaintiff answer, under oath, in accordance with Rule 33 of the Federal Rules of Procedure, the following interrogatories:

1. State when and where the alleged "actual controversy" arose or took place between the United States and the defendant named herein and over what precise question or questions; who were present and what was said or contended by each party. If the alleged controversy did not arise out of oral contentions or disputations, set forth the written instruments or documents which Plaintiff claims constitute the basis of the controversy with this defendant and attach copies of said documents.

2. When and by what means did Plaintiff acquire each of the separate parcels of property alleged to be occupied by Camp Pendleton, U. S. Naval Hospital and U. S. Naval Ammunition Depot and under what authority and by what instrument or muniments of

1.

1121

title was each separate tract acquired, and give legal description of each parcel or tract separately acquired.

3. State what water rights, if any, were acquired with each separate parcel of property and what was and is the nature and extent of each such claimed water right for each of said parcels of land.

4. If prescriptive rights are claimed, state date of initiation of each such prescriptive right; state the nature of the use on which such right is based, the location or place of said use and the extent of use, giving the number of acres or number of people for each year.

5. If Plaintiff claims water rights for any of said parcels of land, state whether same is based upon deeds, decrees or other muniments of title and if so, attach copies of the document or documents on which the claimed water rights are based. If said water rights are not based upon deeds, decrees or muniments of title but are claimed under statutory law, state whether State law or Federal law is the basis of such claims of right and give reference to the law in question.

6. State the exact location, extent and boundaries of Camp Joseph H. Pendleton and show said boundaries upon a map.

7. State the exact location, extent and boundaries of United States Naval Hospital and show said boundaries upon a map.

8. State the exact location, extent and boundaries of United States Naval Ammunition Depot and show said boundaries upon a map.

9. State how, in what manner and by what instruments, if any, it is claimed that the State of California ceded "exclusive jurisdiction to the United States over the properties in question" alleged to have been acquired by the United States in 1941, 1942 and 1943, comprising approximately 135,000 acres of land in the counties of San Diego and Orange in the State of California.

10. State the number of underground basins, or sub-basins, located on Plaintiff's property and give the boundaries of each, showing location on a map, and the depth to bedrock, the nature of the composition of the fill of each basin, its absorptive capacity and its productive yield in acre-feet of water.

11. State the number and give the location, showing same on a map, of all wells existing on Plaintiff's property, giving depth of each well, its well location, pumping equipment or facilities at each well, with rated capacity of each pump and the productive capacity yield of each well with records of actual quantity of water produced from each well for each year since Plaintiff has owned said property.

12. State the water levels, both static and draw-down when well is in use for each well, for each and every date for which Plaintiff has any records of such measurements and state by whom made.

13. Give chemical analysis of water taken from each well for each date that plaintiff has made any such chemical analysis of any of said wells and state date of samples taken and result of analysis, and by whom made.

14. State whether or not Plaintiff claims that this defendant or any of his predecessors in interest were parties to the ajudication suit, the Stipulated Judgment in which is attached to Plaintiff's complaint as an exhibit, to-wit: Rancho Santa Margarita vs. N.R. Vail et al No. 42850, in the Superior Court of the State of California, in and for the County of San Diego, and if not, state how or in what way said Stipulated Judgment binds this defendant.

15. State the amount of water used for military purposes each year since Plaintiff acquired said property and give the various places and annual amounts of each military use.

16. State the amount of water used for agricultural

-3-

1123

purposes each year since Plaintiff acquired said property and give the various places and annual amounts of each agricultural use and the persons or corporation to whom said water was supplied by Plaintiff for agricultural purposes; the acreage and location of the land so using said water for agricultural purposes.

17. State the annual amounts of water used for "other needs", the nature of such other needs and the location or places where water has been used to meet such "other needs" and the amount thereof.

18. State the times, places and extent of each alleged encroachment, interference or infringement, if any, claimed to have been made by this defendant upon Plaintiff's said alleged water rights, giving the names of all witnesses who saw or claim to have seen each of the claimed acts of encroachment, interference or infringement.

19. State the time, place, extent and exact nature, if any, of diversions made by this defendant from the Santa Margarita River, of which Plaintiff claims.

20. State the time, place, extent and exact nature of the irreparable damage alleged to have been caused Plaintiff by any encroachments, interference or infringements by this defendant and state which encroachment, interference or infringement caused what damage to Plaintiff.

21. State from what source, or authority, deed, muniment of title or statute plaintiff acquired the claimed right, as against this defendant, to impound any of the waters of the Santa Margarita River by storage.

22. Describe and locate on a map what Plaintiff claims to be the boundaries of the watershed of the Santa Margarita River so that this defendant may know whether any of his lands are within said watershed and if so, what lands are claimed by Plaintiff to be within said watershed.

-4-

1124

The foregoing interrogatories are propounded to elicit facts, information and data in the possession of Plaintiff, its officers, agents and employees, needed to enable this defendant to prepare his answer and to prepare for trial and to secure facts, information and evidence which will be needed by this defendant on the trial.

Dated May 14, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for Defendant
TOMMY RAWSON

RECEIVED copy of within
Interrogatories this
20 day of June, 1952
Harris Sinberg, Asst. U.S. Atty.
Lew Castand (Doe)
Attorneys for Plf

-5-

1125