SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)

# FILED

JUN 20 1952

EDMUND L. SMITH, Clerk
By _____
Deputy Clerk

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT, a corporation

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

Vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,

    Defendants.

CIVIL No. 1247-SD

NOTICE OF MOTION

TO:  UNITED STATES OF AMERICA, Plaintiff above named, and to WILLIAM H. VEEDER, Special Assistant to the Attorney General of the United States; and WALTER S. BINNS, United States Attorney of the Southern District of California.

    Please take notice, that the undersigned will bring the annexed Motion on for hearing before this court at the Court room, U. S. Custom and Court House Building, City of San Diego, on the 8th day of July, 1952, at 2:00 o'clock in the afternoon of that day or as soon thereafter as counsel can be heard.

    DATED: June 20, 1952.

SWING, SCHARNIKOW & STANIFORTH
BY _____
Attorneys for Defendant
FALLBROOK PUBLIC UTILITY DISTRICT

RECEIVED copy of within Motion, Notice of Motion + Pts + Authorities this 20 day of June, 1952
_____, Asst. U.S. Atty.
Per _____
Attorneys for Plf

1126

(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT, a corporation

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
                    Plaintiff
Vs.
FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,
                    Defendants.

CIVIL No. 1247-SD

MOTION OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT FOR FURTHER ANSWERS AND TO MAKE THE ANSWERS GIVEN TO INTERROGATORIES MORE SPECIFIC.

Comes now Defendant FALLBROOK PUBLIC UTILITY DISTRICT and moves the court for an order directing the Plaintiff to more fully answer the interrogatories heretofore submitted to Plaintiff and to make its answers thereto heretofore submitted and filed herein on April 17, 1952, more specific in the following instances and particulars:

1. In answer to Supplementary Interrogatory No. 2 (c) to-wit:

"State how much of the water taken from the Santa Margarita River system has annually been used outside the Santa Margarita watershed"

Plaintiff gave only an incomplete answer stating

"As the exact location of the watershed is a mixed question of law and fact, it is not known at this time as to the precise quantities used within and/or without the watershed."

-1-

1127

1  This defendant asserts that the answer is evasive inasmuch as
2  Plaintiff, in response to earlier interrogatories, delineated
3  the watershed boundaries on various maps, to-wit: Sheets one (1),
4  two (2), four (4) and five (5) of Map/One (1), Map Number Two-A
5  (2-A) and Map No. Nine (9).

    2. In answer to Supplemental Interrogatory No. 9 (d)
which is

> "Segregate and state (or estimate) the amount of water
> taken annually from the SantaMargarita River system since
> the UNITED STATES OF AMERICA acquired the property in
> question and used by it outside the Santa Margarita River
> watershed for agricultural purposes. for Camp Pendleton,
> for United States Naval Hospital, for golf course and
> for any other uses or purposes, listing the quantities
> separately for each use or purpose, if possible,"

Plaintiff made only a partial answer and gives its excuse for so
doing the following:

> "That the exact location of the watershed is a mixed question
> of law and fact calling for a conclusion which must be determined
> by the Court. For that reason it is impossible to respond to
> this Supplemental Interrogatory."

Defendant contends that this answer is evasive for the same reasons advanced by us as to Plaintiff's answer to Interrogatory
No. 2(c) and particularly that Plaintiff has heretofore prepared
No. Nine (9) depicting thereon the boundaries of the "Santa
Margarita-Temecula watershed, compiled and drawn by Cap. J. F.
Clement, USMC".

    3. In answer to Supplemental Interrogatory No. 10 which
called for "best estimate of quantities of Santa Margarita
    River used annually since the UNITED STATES OF AMERICA

-2-

1128

   acquired Rancho Santa Margarita, on non-riparian lands,
or if unable to do that, state total number of housing
units supplied with water from the Santa Margarita River
outside its watershed and number of individuals each year
living or stationed outside the watershed, as its boundaries are delineated on Map No. Two (2) and No. Two (a)
(2a), which were supplied with SantaMargarita River water",

Plaintiff replied:

   "That for the reason expressed in the answer to Supplemental Interrogatory Number Nine (d) (9d), the matter
cannot be fully determined in the absence of a ruling
by the court on a mixed question of law and fact."

Defendant contends that the answer is evasive for the reasons set forth in our discussion of the two preceding answers of Plaintiff, and particularly because the interrogatory called for information based on the boundaries of the watershed "as its boundaries are delineated on Map No.Two (2) and No. Two(a) (2a)".

  4. In answering Interrogatory No. Eleven (11) calling for Plaintiff's

   "best estimate of the quantity of Santa Margarita River
water annually supplied to Camp Del Mar since it was
first established, or if unable to give such estimate,
state the number of persons who have lived at Camp Del
Mar, each year, since it was first established and the
number of housing units and buildings thereon which are
outside the Santa Margarita River watershed and which
are supplied with water obtained from within said
watershed,"

Plaintiff made an incomplete answer and gave as an excuse for so doing the following:

   "The precise location of the Santa Margarita Watershed

-3-

1129

> crest which would delineate the number of housing units
> and buildings located at Camp Del Mar physically located
> outside the Santa Margarita Watershed and which are
> supplied with water obtained within the said watershed,
> is a mixed question of law and fact, to be passed upon
> and adjudged by the Court in the instant suit."

Defendant contends that said answer is evasive for the reason set forth in our discussion of Plaintiff's answers in the preceding paragraphs hereof.

5. In answering Supplemental Interrogatory No. 8, which called for information in connection with the static water levels and draw-down of water in Plaintiff's wells, and specifically asked:

> "State whether or not any readings or measurments have
> been made of draw-downs or static water levels in any
> wells on the UNITED STATES OF AMERICA'S property within the
> Santa Margarita watershed since July 18, 1951 and if so,
> state such readings and measurements were made,"

Plaintiff's entire answer was:

> "That the requested data is not available."

Defendant contends that the answer is evasive since Plaintiff does not deny that readings and measurements in the Plaintiff's wells have been made since July 18, 1951, but merely states:

> "The requested data is not available."

6. In answering Supplemental Interrogatory No. 18 asking whether studies, investigations, compilations or computations had been made to ascertain, determine or estimate the number of individual land holdings within the watershed of the Santa Margarita River, Plaintiff replied:

> "That there has been no study or compilation made to

-4-

1130

determine the number of individual land holdings within
the watershed of the Santa Margarita River".

which answer this defendant asserts is evasive, if not false, since Plaintiff has caused such a study, investigation or compilation or computation to be made by others to ascertain and determine what persons and corporations to make parties defendant herein and this defendant is informed that two Title Companies have, at plaintiff's request, reported to Plaintiff the record owners of land within the Santa Margarita River watershed, the legal description of their lands and the encumbrance holders against said lands, from which reports Plaintiff knows or can know and state the number of individual land holdings within the watershed.

7. In answer to Supplemental Interrogatory No. 24 calling for information obtained by Plaintiff from various land owners within the watershed, Plaintiff replied:

"That investigations have been made in connection with
certain users and reports prepared disclosing much of
the data to which defendant refers. That data will be
made available provided that Defendant has secured
written acquiscence from these landowners or their
attorneys, which, of course, is requisite in view of the
adverse character of each claim within the watershed as
against all other claimants, particularly those contemplating exportation of the water from the watershed."

Defendant contends that the answer is evasive and that there is no basis in any of the pleadings on file herein for Plaintiff requiring this Defendant to secure "the written acquiscence from those land owners, or their attorneys", as a condition precedent to giving defendant the information which Plaintiff obtained from third parties. Also Plaintiff has heretofore denied that

-5-

1131

1  "each claim within the watershed, as against all other claimants"
2  was adverse and there is nothing in the pleadings showing that
3  any of the defendants are asserting claims adversely to each
4  other.

6      8.  Plaintiff's answer to Supplemental Interrogatory
7  No. 27 is clearly evasive and no answer at all.

9      That said motion will be made and based upon the
10 records, papers and files herein and will be made upon the ground
11 that the Plaintiff has not fully answered the interrogatories
12 submitted by this defendant and that its answers thereto are
13 vague, incomplete and evasive in the particulars hereinbefore
14 pointed out.
15     WHEREFORE Defendant FALLBROOK PUBLIC UTILITY DISTRICT
16 prays that the court make an order directing Plaintiff to
17 further answer said interrogatories giving fully the information
18 requested.
19     DATED: May 31st 1952.

                            SWING, SCHARNIKOW & STANIFORTH
                            BY [signature]
                            Attorneys for Defendant
                            FALLBROOK PUBLIC UTILITY DISTRICT

(SPACE BELOW FOR FILING STAMP ONLY)

1  **SWING, SCHARNIKOW & STANIFORTH**
   ATTORNEYS AT LAW
   SAN DIEGO TRUST & SAVINGS BUILDING
2  SAN DIEGO 1, CALIFORNIA
   FRANKLIN 9-1131

3

4

5  Attorneys for Defendant FALLBROOK PUBLIC
                         UTILITY DISTRICT

6

7

8          IN THE UNITED STATES DISTRICT COURT

9       IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                     SOUTHERN DIVISION

11 UNITED STATES OF AMERICA,        )
                                    )   CIVIL NO. 1247-SD
12                    Plaintiff     )
                                    )   WRITTEN STATEMENT OF REASONS
13         Vs.                      )   IN SUPPORT OF MOTION AND
                                    )   MEMORANDUM OF POINTS AND
14 FALLBROOK PUBLIC UTILITY DISTRICT,)  AUTHORITIES UPON WHICH
   a public service corporation of  )   MOVING PARTIES WILL RELY.
15 the State of California, et al., )
                                    )
16                    Defendants.   )

17 ─────────────────────────────────

18         Rule 33 directs that "the interrogatories shall be
19 answered separately and fully in writing under oath."
20 This has not been done in the particulars noted in the motion.
21         Evasive answers are insufficient and (when made, as
22 we contend they are in the instances noted) Plaintiff should be
23 required to file further answers. Kieran v. Johnson March Corp.
24 132; 7 F.R.D. 128, 132; Mangenelli v. Lahage 27 Fed Supp. 7,8;
25 F & M Skirt Co. v. A. Wimpfheimer & Bro. 25 F Supp. 898.
26         Where answers given are vague, a motion to make the
27 answers to the interrogatories more specific is proper. Grimmett v.
28 Atchison Topeka & Santa Fe Ry.Co. 11 F.R.D. 335, 336.
29         It is to be noted that Plaintiff filed no written
30 objections to the interrogatories where involved and Barron and
31 Holtzoff 2 Federal Practice and Procedure, page 480 says that:
32    " A party who fails to file written objections to

-1-                                                    1133

interrogatories will be required to answer them," meaning, of course, "fully" as required by Rule 33.

The same text book at the same page declares: "The rules make no provision for a remedy against incomplete, evasive and false answers. In such cases the courts usually order further answers on motion of the propounding party."

Obviously, having vested a party with the right to propound interrogatories and obligated the opposite party to answer the same "fully in writing under oath", the court has the inherent powers to apply an appropriate remedy such as making an order, after motion, notice and hearing, for more specific answers.

Respectfully Submitted,

SWING, SCHARNIKOW & STANIFORTH

BY _____
Attorneys for Defendant
FALLBROOK PUBLIC UTILITY DISTRICT

DATED: May 31, 1952.

RECEIVED copy of within
_____
_____ day of _____ this
_____ , 19___
_____
Attorneys for _____

-2-

1134