SWING & GILLESPIE
ATTORNEYS AT LAW
313 CENTRAL BUILDING
SAN BERNARDINO, CALIFORNIA
TELEPHONE 2179

ATTORNEYS FOR   Defendants Cosette S.
Garner and Jack Garner.

FILED
JUN 20 1952
EDMUND L. SMITH, Clerk
By ......................
            Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         -vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California., et al.,<br><br>              Defendants. | No. 1247-SD Civil<br><br>INTERROGATORIES, ANSWERS<br>TO WHICH ARE REQUESTED BY<br>DEFENDANTS COSETTE S.<br>GARNER AND JACK GARNER. |

The defendants Cosette S. Garner and Jack Garner hereby request that plaintiff answer, under oath, in accordance with Rule 33 of the Federal Rules of Procedure, the following interrogatories:

1. State precisely what was the substance and nature of the "request" of the Secretary of the Navy which the complaint alleges was made prior to the commencement of this action and attach a copy of said request.

2. State when and where the alleged "actual controversy" arose or took place between the United States and the defendants named herein and over what precise question or questions; who were present and what was said or contended by each party. If the alleged controversy did not arise out of oral contentions or disputations,

-1-

1135

set forth the written instruments or documents which plaintiff claims constitute the basis of the controversy with these defendants and attach copies of said documents.

    3. When and by what means did plaintiff acquire each of the separate parcels of property alleged to be occupied by Camp Pendleton, U. S. Naval Hospital and U. S. Naval Ammunition Depot and under what authority and by what instrument or muniments of title was each separate tract acquired.

    4. State what water rights, if any, were acquired with each separate parcel of property and what was and is the nature and extent of each such claimed water right for each of said parcels of land.

    5. If prescriptive rights are claimed, state date of initiation of each such prescriptive right; state the nature of the use on which such right is based, the location or place of said use and the extent of use, giving the number of acres or number of people for each year.

    6. If plaintiff claims water rights for any of said parcels of land, state whether same is based upon deeds, decrees or other muniments of title and if so, attach copies of the document or documents on which the claimed water rights are based. If said water rights are not based upon deeds, decrees or muniments of title but are claimed under statutory law, state whether State law or Federal law is the basis of such claims of right and give reference to the law in question.

    7. State the exact location, extent and boundaries of Camp Joseph H. Pendleton and show said boundaries upon a map.

    8. State the exact location, extent and boundaries of United States Naval Hospital and show said boundaries upon a map.

    9. State the exact location, extent and boundaries of United States Naval Ammunition Depot and show said boundaries upon a map.

10. State how, in what manner and by what instruments, if any, it is claimed that the State of California ceded "exclusive jurisdiction to the United States over the properties in question" alleged to have been acquired by the United States in 1941, 1942 and 1943, comprising approximately 135,000 acres of land in the counties of San Diego and Orange in the State of California.

11. State the number of underground basins, or sub-basins, located on plaintiff's property and give the boundaries of each, showing location on a map, and the depth to bedrock, the nature of the composition of the fill of each basin, its absorptive capacity and its productive yield in acre-feet of water.

12. State the number and give the location, showing same on a map, of all wells existing on plaintiff's property, giving depth of each well, its well location, pumping equipment or facilities at each well, with rated capacity of each pump and the productive capacity yield of each well with records of actual quantity of water produced from each well for each year since plaintiff has owned said property.

13. State the water levels, both static and draw-down when well is in use for each well, for each and every date for which plaintiff has any records of such measurements and state by whom made.

14. Give chemical analysis of water taken from each well for each date that plaintiff has made any such chemical analysis of any of said wells and state date of samples taken and result of analysis, and by whom made.

15. State whether or not plaintiff claims that these defendants or either of them, or any of their predecessors in interest were parties to the adjudication suit, the Stipulated Judgment in which is attached to plaintiff's complaint as an exhibit, to wit: Rancho Santa Margarita vs. N. R. Vail, et al, No. 42850, in the Superior Court of the State of California, in

1  and for the County of San Diego, and if not, state how or in what
2  way said Stipulated Judgment binds these defendants or either of
3  them.

4    16.  State the amount of water used for military purposes
5  each year since plaintiff acquired said property and give the
6  various places and annual amounts of each military use.

7    17.  State the amount of water used for agricultural
8  purposes each year since plaintiff acquired said property and give
9  the various places and annual amounts of each agricultural use
10  and the persons or corporation to whom said water was supplied
11  by plaintiff for agricultural purposes; the acreage and location
12  of the land so using said water for agricultural purposes.

13    18.  State the annual amounts of water used for "other
14  needs", the nature of such other needs and the location or places
15  where water has been used to meed such "other needs" and the
16  amount thereof.

17    19.  State the times, places and extent of each alleged
18  encroachment, interference or infringement, if any, claimed to
19  have been made by these defendants, or either of them, upon plain-
20  tiff's said alleged water rights, giving the names of all witnesses
21  who saw each of the claimed acts of encroachment, interference or
22  infringement.

23    20.  State the time, place, extent and exact nature, if
24  any, of diversions made by these defendants from the Santa Mar-
25  garitaRiver, of which plaintiff claims.

26    21.  State the time, place, extent and exact nature of
27  the irreparable damage alleged to have been caused plaintiff by
28  any encroachments, interference or infringements by these defen-
29  dants and state which encroachment, interference or infringement
30  caused what damage to plaintiff.

31    22.  State from what source, or authority, deed, muniment,
32  of title or statute plaintiff acquired the claimed right, as against

these defendants, to impound any of the waters of the Santa Margarita River by storage.

23. Describe and locate on a map what plaintiff claims to be the boundaries of the watershed of the Santa Margarita River so that these defendants may know whether any of their lands are within said watershed and if so, what lands.

The foregoing interrogatories are propounded to elicit facts, information and data in the possession of plaintiff, its officers, agents and employees, needed to enable these defendants to prepare their answer and to prepare for trial and to secure facts, information and evidence which will be needed by these defendants on the trial.

Dated April 30, 1952.

SWING & GILLESPIE

By _____
Attorneys for Defendants
Cosette S. Garner and Jack Garner

RECEIVED COPY OF WITHIN
Interrogatories this
30th day of June, 1952

_____
Attorneys for Plaintiff

1139

-5-