ROBERT W. WALKER,
HENRY M. MOFFAT,
ROBERT B. CURTISS,

448 Santa Fe Building,
Los Angeles 14, Calif.
MUtual 0111,

Attorneys for the Defendant,
THE ATCHISON, TOPEKA AND
SANTA FE RAILWAY COMPANY.

FILED
JUL 11 1952
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
         Plaintiff, )
vs. )
FALLBROOK PUBLIC UTILITY DIS- )
TRICT, a public service cor- )
poration of the State of
California; et al., )
         Defendants. )

No. 1247

A N S W E R
OF
THE ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY

    COMES now the defendant, THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, erroneously named herein as Atcheson, Topeka & Santa Fe RR Co., and separating itself from all other defendants, for its answer to the complaint on file herein, ADMITS, DENIES and ALLEGES as follows:

I

    ALLEGES that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy", and therefore DENIES said allegation.

II

    Answering Paragraph I of the Complaint, DENIES that it has unlawfully or otherwise interferred with the rights of the United States of America in its use of the waters of the Santa

-1-

9658

1  Margarita River or its tributaries.

2  III

3  Answering Paragraph II of the Complaint, this defendant
4  is informed and believes and upon such information and belief
5  ALLEGES that the military establishments mentioned in said
6  Paragraph II do not occupy all the 135,000 acres acquired by
7  the United States in the Counties of San Diego and Orange, State
8  of California, nor are all said 135,000 acres utilized for
9  military purposes but several thousand acres of land, the exact
10 amount being unknown to this defendant, have been, and at all
11 times since said property was acquired by the United States,
12 and now are, occupied and used for commercial farming, said
13 land being rented out in varying sized tracts to various private
14 persons, firms and corporations for that purpose.  With respect
15 to the remaining allegations contained in said Paragraph II, this
16 defendant is without sufficient information or belief to enable
17 it to answer the same, and basing its denial on that ground
18 DENIES said remaining allegations.

19  IV

20  Answering Paragraph III of the Complaint, ALLEGES
21 that it does not have sufficient information or belief to
22 enable it to answer the allegation contained therein, and
23 basing its denial on that ground DENIES said allegation.
24 ALLEGES that if it be true that the State of California has
25 ceded any jurisdiction to the United States of America, over
26 said land, such cession was only operative or effective to the
27 extent and for the time that said tract of land was to be used
28 and actually was used for the purpose of erecting and maintaining
29 forts, magazines, arsenals, dockyards and other needful buildings
30 thereon and was not intended to, and in fact did not, extend to
31 the thousands of acres of land occupied, used and devoted to
32 commercial farming by private persons which this Defendant is

-2-

9659

informed and believes to be the fact ever since the government acquired said land.

V

Answering Paragraph IV of the Complaint, DENIES that it has in any way encroached upon the rights, if any, of the United States of America, to the waters of the Santa Margarita River, or its tributaries or the "subterranean sources" mentioned in said paragraph. ALLEGES that it does not have sufficient information or belief to enable it to answer the remaining allegations contained in said paragraph, and basing its denial on that ground DENIES said allegations.

VI

Answering Paragraph V of the Complaint, ADMITS the trial of the suit referred to in said paragraph, being action No. 42850 in the Superior Court of the State of California, in and for the County of San Diego; ALLEGES that the decision of the trial court was reversed by the Supreme Court of the State of California, (<u>Rancho Santa Margarita v. Vail,</u> 11 C. (2d) 501) and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the plaintiff's Complaint as Exhibit "A". DENIES that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decisions of the California Supreme Court when the matter was on appeal before it. DENIES that it, or its predecessors in interest, were parties to said suit or to said Stipulation and DENIES that any of the rights of this defendant in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. ALLEGES that it is not bound in any way by said Stipulated

Judgment, nor are its rights limited or controlled by it. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore DENIES each and all said allegations.

### VII

Answering Paragraph VI of the Complaint, DENIES that plaintiff is entitled to or can claim, as against this defendant, any rights, titles, interests or privileges purported to have been given to said Rancho Santa Margarita by the said stipulated judgment.

### VIII

Answering Paragraph VII of the Complaint, ALLEGES that it does not have sufficient information or belief to enable it to answer the allegations therein, and basing its denial on that ground, DENIES each and every, all and singular, said allegations.

### IX

Answering Paragraph VIII of the Complaint, DENIES that plaintiff has a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River or its tributaries, or its subterranean sources, or a paramount right to any quantity of water therefrom. ALLEGES that this defendant is without sufficient information or belief to enable it to answer the remaining allegations, and basing its denial on that ground, DENIES said remaining allegations.

### X

Answering Paragraph IX of the Complaint, DENIES each and every, all and singular, said allegations.

-4-

9661

FOR A FURTHER, SECOND AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

This defendant is, and at all times material to this action has been, the owner, in possession and entitled to the possession, of certain parcels of land, totaling approximately 438 acres, situated under and adjacent to the main and branch line tracks of this defendant as said tracks traverse portions of Sections 25, 26, 34, and 35, Township 9 South, Range 4 West, S.B.M.; Sections 3, 4, 7, 8, 9, 18, and 19, Township 10 South, Range 4 West, S.B.M.; Sections 23, 24, 26, and 35, Township 10 South, Range 5 West., S.B.M.; Sections 2, 10, 11, 15, and 22, Township 11 South, Range 5 West., S.B.M.; Sections 18 and 19, Township 9 South, Range 3 West, S.B.M.; Sections 14, 15, 23, and 24, Township 9 South, Range 7 West., S.B.M.; Sections 29, 30, 32, and 33, Township 9 South, Range 6 West, S.B.M.; Sections 3, 4, 10, 11, 13, 14, 24, and 25, Township 10 South, Range 6 West, S.B.M.; Sections 19, 30, 31, and 32, Township 10 South, Range 5 West, S.B.M.; and Sections 4, 5, 9, 10, and 15, Township 11 South, Range 5 West, S.B.M., all in the County of San Diego, State of California.

II

The aforementioned parcels of land totaling approximately 438 acres, are and were at all times mentioned herein, riparian to the Santa Margarita River and its tributaries, which River and tributaries thereof are non-navagable natural streams of water.

III

That by virtue of its ownership and possession of the aforementioned riparian lands, this defendant is the owner of the right and claims the right to take, use and enjoy upon said lands, without interference by plaintiff, that quantity or

9662

quantities of water from said Santa Margarita River and its tributaries which this defendant can apply to a reasonable and beneficial use upon said riparian lands.

FOR A FURTHER, THIRD AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

This defendant repeats and realleges all of the allegations contained in Paragraph I of its Second Defense as though fully set forth herein.

II

That by virtue of its ownership and possession of the aforementioned parcels of land, totaling approximately 438 acres, this defendant is the owner of the right and claims the right to extract from beneath the surface of said parcels of land, without interference by plaintiff, that quantity or quantities of underground or percolating water which this defendant can apply to a reasonable and beneficial use upon said parcels of land.

FOR A FURTHER, FOURTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in plaintiff's complaint herein is barred by the provisions of Section 318 of the Code of Civil Procedure of the State of California.

FOR A FURTHER, FIFTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in plaintiff's complaint herein is barred by the provisions of Section 319 of the Code of Civil Procedure of the State of California.

8663

FOR A FURTHER, SIXTH AND SEPARATE DEFENSE, THIS DEFENDANT ALLEGES:

I

That said purported cause of action set forth in plaintiff's complaint herein is barred by the provisions of Sub-division 2 of Section 338 of the Code of Civil Procedure of the State of California.

WHEREFORE, this defendant prays:

1. That plaintiff take nothing by its action;

2. That this Honorable Court adjudge and decree that this defendant is, as against plaintiff, the owner of the right to take, use and enjoy upon its riparian lands, as aforesaid, without interference by plaintiff that quantity or quantities of water from the Santa Margarita River and its tributaries which this defendant can apply to a reasonable and beneficial use upon said riparian lands;

3. That this Honorable Court adjudge and decree that this defendant is, as against plaintiff, the owner of the right to extract from beneath the surface of its lands, as aforesaid, without interference by plaintiff, that quantity or quantities of underground or percolating water which this defendant can apply to a reasonable and beneficial use upon said lands;

4. That this Honorable Court determine and decree the respective rights and duties of plaintiff and this defendant with respect to the use of water of the Santa Margarita River and its tributaries, and with respect to the use of the underground or percolating water lying beneath the lands of this defendant.

5. That this defendant have judgment for its costs incurred herein and for such other and further relief as may to the Court seem just and proper.

ROBERT W. WALKER
HENRY M. MOFFAT
ROBERT B. CURTISS
By *[signature]*
Attorneys for Defendant,
The Atchison, Topeka and Santa Fe Railway Company

-7-

3664

# In the District Court of the United States

In and for the ................................ District of California, ................................ Division. No. ...........

(Nature of Pleading)

vs.

(For Clerk's Filing Stamp)

448 SANTA FE BUILDING
121 EAST SIXTH STREET
LOS ANGELES 14, CALIFORNIA
TELEPHONE MUTUAL 0111

Attorneys for ........................................................

Received copy of the within ........................................ this ........ day of ........................................, 19......

Attorney ...... for ........................................

Received copy of the within ........................................ this ........ day of ........................................, 19......

Attorney ...... for ........................................

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES. } ss.

................ M. HEYER ................, being first duly sworn, says: That affiant is a citizen of the United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a party to the within and above entitled action; that affiant's business/~~residence~~ address is: ................

448 Santa Fe Building, Los Angeles 14, Calif.

that on the 9th day of July, 1952, affiant served

the within ANSWER OF THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY

on the plaintiff in said action, by placing a true copy thereof in an envelope

addressed to the attorney.s of record for said plaintiff

at the ~~residence~~/office address of said attorney...., as follows:*

ERNEST A. TOLIN, U.S. ATTORNEY, and BETTY MARSHALL GRAYDON, ASSISTANT U.S. ATTORNEY, 325 West "F" Street, Room 221, San Diego, California.

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office at Los Angeles, California, where is located the office of the attorney.... for the person.... by and for whom said service was made.

That there is delivery service by United States mail at the place so addressed or/and** there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 9th day of July, 1952.

*M. Heyer*

*Dorothy M. Strand*
Notary Public in and for the County of Los Angeles, State of California.
(SEAL) My Commission Expires Feb. 10, 1954

*Here quote from envelope name and add.. of addressee.
**When the letter is addressed to a post office other than "Los Angeles," strike out "and"; when addressed to "Los Angeles," strike out "or."