1  MORRIS SANKARY
   Assistant United States Attorney
2  325 West "F" Street
   San Diego 1, California
3    Telephone: F 9-4101

4  Attorney for Plaintiff

FILED

JUL 11 1952

EDMUND L. SMITH, Clerk
By /s/ _____
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1247-SD |
| Plaintiff | ANSWERS TO INTERROGATORIES |
| Vs. | OF |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | DEFENDANT, TOMMY RAWSON |
| | (RULE 33 - F. R. C. P.) |
| Defendants | |

Comes now William H. Veeder, Special Assistant to the Attorney General of the United States, on behalf of the UNITED STATES OF AMERICA, and responds in conformity with Rule Four - E (4-e) of the Rules of Civil Procedure for the United States District Court for the Southern District of California, to the Interrogatories of Defendant, Tommy Rawson, Numbers One (1) through Twenty-two (22), inclusive, as follows:

1. Interrogatory Number One (1):

State when and where the alleged "actual controversy" arose or took place between the United States and the defendant named herein and over what precise question or questions; who were present and what was said or contended by each party. If the alleged controversy did not arise out of oral contentions or disputations, set forth the written instruments or documents which Plaintiff claims constitute the basis of the controversy with this defendant and attach copies of said documents.

-1-

1189

1        ANSWERING INTERROGATORY NUMBER ONE (1):

2        That the actual controversy exists in that defendant claims rights
3 to the use of water adverse to the claims of the UNITED STATES OF AMERICA.
4 Accordingly in accordance with the complaint, he should answer and set up the
5 claims which he has asserted. If he claims none, a statement to that effect
6 should be made. If defendant is asserting a riparian right to the water which
7 he claims, the controversy is in regard to the correlative share to which he
8 is entitled in the available supply as that share relates to the riparian
9 rights of the UNITED STATES OF AMERICA. If he is claiming prescription, he
10 must allege the claim. If he is claiming appropriative rights, he must allege
11 the date of priority, and all other data sufficient to prove the right. The
12 precise questions which gave rise to the controversy stem, therefore, from the
13 precise character of the rights which defendant claims.

14        2. Interrogatory Number Two (2):

15        When and by what means did Plaintiff acquire each of the separate
16 parcels of property alleged to be occupied by Camp Pendleton, U. S. Naval
17 Hospital and U. S. Naval Ammunition Depot and under what authority and by
18 what instrument or muniments of title was each separate tract acquired, and
19 give legal description of each parcel or tract separately acquired.

20        ANSWERING INTERROGATORY NUMBER TWO (2):

21        That the UNITED STATES OF AMERICA submits Table Number One (1) which
22 discloses when and by what means the UNITED STATES OF AMERICA acquired each of
23 the separate parcels of property occupied by Camp Joseph H. Pendleton, U. S.
24 Naval Hospital and U. S. Naval Ammunition Depot. Table Number One (1) also
25 reveals the legal description of each parcel or tract separately acquired.

26        3. Interrogatory Number Three (3):

27        State what water rights, if any, were acquired with each separate
28 parcel of property and what was and is the nature and extent of each such
29 claimed water right for each of said parcels of land.

30        ANSWERING INTERROGATORY NUMBER THREE (3):

31        That in the Complaint of the UNITED STATES OF AMERICA, Paragraph VI, the
32 rights of the UNITED STATES OF AMERICA are alleged. The full extent and
33 character of the rights of the UNITED STATES OF AMERICA as they relate to all

-2-

1  others of necessity can only be determined by the ultimate decree in this case.
2  When defendant has set up the extent of his claim and has proved his claim and
3  all other defendants have asserted and proved theirs, the rights of the UNITED
4  STATES OF AMERICA and all others will be defined. Until that time, the matter
5  being a mixed question of fact and law, no final response can be made.
6      4. Interrogatory Number Four (4):
7      If prescriptive rights are claimed, state date of initiation of each
8  such prescriptive right; state the nature of the use on which such right is
   based, the location or place of said use and the extent of use, giving the
9  number of acres or number of people for each year.
11      ANSWERING INTERROGATORY NUMBER FOUR (4):
12      That until such time as the defendant has answered and apprised the
13  UNITED STATES OF AMERICA of the nature of his claim, it is impossible to assert
   with certainty the true character of the rights of the UNITED STATES OF AMERICA
   as they relate to defendant. As a matter of law, the responsibility is on
16  defendant to come forward and make his assertion of rights.
17      5. Interrogatory Number Five (5):
18      If Plaintiff claims water rights for any of said parcels of land,
19  state whether same is based upon deeds, decrees or other muniments of title
20  and if so, attach copies of the document or documents on which the claimed
21  water rights are based. If said water rights are not based upon deeds, decrees
22  or muniments of title but are claimed under statutory law, state whether State
23  law or Federal law is the basis of such claims of right and give reference to
24  the law in question.
25      ANSWERING INTERROGATORY NUMBER FIVE (5):
26      That the answer to this interrogatory is contained in the Complaint
27  in Exhibit A.
28      6, 7, 8. Interrogatory Numbers Six (6), Seven (7) and Eight (8):
29      State the exact location, extent and boundaries of Camp Joseph H.
30  Pendleton and show said boundaries upon a map.
31      State the exact location, extent and boundaries of United States
32  Naval Hospital and show said boundaries upon a map.
33      State the exact location, extent and boundaries of United States

-3-

1191

1   Naval Ammunition Depot and show said boundaries upon a map.
2       ANSWERING INTERROGATORY NUMBERS SIX (6), SEVEN (7), AND EIGHT (8):
3       That the UNITED STATES OF AMERICA attaches Map Number One (1) which
4   discloses the location, extent and boundaries of Camp Joseph H. Pendleton,
5   United States Naval Hospital and United States Naval Ammunition Depot.
6       9. Interrogatory Number Nine (9):
7       State how, in what manner and by what instruments, if any, it is
8   claimed that the State of California ceded "exclusive jurisdiction to the
9   United States over the properties in question" alleged to have been acquired
10  by the United States in 1941, 1942 and 1943, comprising approximately 135,000
11  acres of land in the counties of San Diego and Orange in the State of Califor-
12  nia.
    ANSWERING INTERROGATORY NUMBER NINE (9):
    That there are attached copies of letters from James Forrestal and
A. L. Gates, previously submitted as attached exhibits to the Response of
16  United States to Motion for More Definite Statement or for Bill of Particu-
17  lars; Motion to Strike, Motion for a More Definite Statement, Motion to Dismiss,
18  Motion to Strike, and for an Order Directing Plaintiff to file a More Definite
19  Statement, filed in this Action May 1, 1951, which disclose the requested data.
20      10. Interrogatory Number Ten (10):
21      State the number of underground basins, or sub-basins, located on
22  Plaintiff's property and give the boundaries of each, showing location on a
23  map, and the depth to bedrock, the nature of the composition of the fill of
24  each basin, its absorptive capacity and its productive yield in acre-feet of
25  water.
26      ANSWERING INTERROGATORY NUMBER TEN (10):
27      That underlying the lands comprising the military installations here
28  involved and acquired by the UNITED STATES OF AMERICA, situate within the
29  Santa Margarita River Watershed, there is one (1) large underground basin
30  composed of three (3) component parts which are interconnected and continuous.
31  Reference is made to Map Number One (1) for the location of this basin. The
32  UNITED STATES OF AMERICA submits attached Tables Numbers Two (2), Three (3),
33  and Four (4) which disclose the remainder of the data sought by this

interrogatory.

11. Interrogatory Number Eleven (11):

State the number and give the location, showing same on a map, of all wells existing on Plaintiff's property, giving depth of each well, its well location, pumping equipment or facilities at each well, with rated capacity of each pump and the productive capacity yield of each well with records of actual quantity of water produced from each well for each year since Plaintiff has owned said property.

ANSWERING INTERROGATORY NUMBER ELEVEN (11):

That the UNITED STATES OF AMERICA attaches photostatic reproductions of preliminary United States Geological Survey well logs, sheets numbered one (1) through one hundred eighty-four (184) with sheet number eighty-three A (83-a) inclusive, herein identified as Table Number Five (5), which defines the location, size, and depth and strata of materials penetrated of these wells located on the plaintiff's property. Reference is also made to attached Map Number One (1) submitted in answer to Interrogatory Numbers Six (6), Seven (7), and Eight (8), above which also defines the location of all wells located upon the land lying within the Santa Margarita River watershed boundaries. That submitted is Table Number Six (6), which defines, describes, and outlines where records are available the type, make, size, and the rated capacity of each pump located in each well and also the kind, type, and horsepower of each motor installed to operate each pump and the quantities of water which have been produced from each of the wells month by month.

12. Interrogatory Number Twelve (12):

State the water levels, both static and draw-down when well is in use for each well, for each and every date for which Plaintiff has any records of such measurements and state by whom made.

ANSWERING INTERROGATORY NUMBER TWELVE (12):

That attached Table Number Seven (7) discloses the static water level and the operation draw-down for each well during the time the UNITED STATES OF AMERICA owned the property.

13. Interrogatory Number Thirteen (13):

Give chemical analysis of water taken from each well for each date

-5-

1  that plaintiff has made any such chemical analysis of any of said wells and
2  state date of samples taken and result of analysis, and by whom made.
3        ANSWERING INTERROGATORY NUMBER THIRTEEN (13):
4        That attached Table Number Eight (8) defines and evinces the chemical
5  analysis made of the water taken from certain wells on the property of the
6  UNITED STATES OF AMERICA within the Santa Margarita River watershed.
7    14. Interrogatory Number Fourteen (14):
8        State whether or not Plaintiff claims that this defendant or any of
9  his predecessors in interest were parties to the adjudication suit, the
10 Stipulated Judgment in which is attached to Plaintiff's complaint as an exhibit,
11 to-wit: Rancho Santa Margarita vs. N. R. Vail et al No. 42850, in the Superior
12 Court of the State of California, in and for the County of San Diego, and if
13 not, state how or in what way said Stipulated Judgment binds this defendant.
      ANSWERING INTERROGATORY NUMBER FOURTEEN (14):
      That until such time as the UNITED STATES OF AMERICA is apprised of
16 what the defendant is claiming by having been served with the defendant's
17 answer, the UNITED STATES OF AMERICA has no information with which to answer
18 this interrogatory.
19   15. Interrogatory Number Fifteen (15):
20       State the amount of water used for military purposes each year since
21 Plaintiff acquired said property and give the various places and annual amounts
22 of each military use.
23       ANSWERING INTERROGATORY NUMBER FIFTEEN (15):
24       That the UNITED STATES OF AMERICA submits Table Number Nine (9),
25 which discloses quantities of water where records are available for military
26 purposes month by month since acquisition by the UNITED STATES OF AMERICA of
27 the property.
28   16. Interrogatory Number Sixteen (16):
29       State the amount of water used for agricultural purposes each year
30 since Plaintiff acquired said property and give the various places and annual
31 amounts of each agricultural use and the persons or corporation to whom said
32 water was supplied by Plaintiff for agricultural purposes; the acreage and
33 location of the land so using said water for agricultural purposes.

1  ANSWERING INTERROGATORY NUMBER SIXTEEN (16):

2  That the UNITED STATES OF AMERICA refers to Table Number Nine (9),
3  which discloses the amount of water used for agricultural purposes each year
4  since the UNITED STATES OF AMERICA acquired the property. Reference is made
5  to Table Number Ten (10), for the descriptions of the lands where the water
6  is used for agricultural purposes. No records are available as to the
7  quantities used in the individual tracts.

8  17. Interrogatory Number Seventeen (17):

9  State the annual amounts of water used for "other needs", the nature
10 of such other needs and the location or places where water has been used to meet
11 such "other needs" and the amount thereof.

12  ANSWERING INTERROGATORY NUMBER SEVENTEEN (17):

13  That the other needs other than military for which the UNITED STATES
14 OF AMERICA is demanding water are domestic needs in connection with the
15 temporary agricultural uses made of the water when not needed for immediate
16 military demands. No information is available as to quantities.

17  18. Interrogatory Number Eighteen (18):

18  State the times, places and extent of each alleged encroachment,
19 interference or infringement, if any, claimed to have been made by this defen-
20 dant upon Plaintiff's said alleged water rights, giving the names of all
21 witnesses who saw or claim to have seen each of the claimed acts of encroach-
22 ment, interference or infringement.

23  ANSWERING INTERROGATORY NUMBER EIGHTEEN (18):

24  That the UNITED STATES OF AMERICA states the time, places and extent
25 of each alleged encroachment, interference or infringement upon the rights of
26 the UNITED STATES OF AMERICA is best known to the defendant. Only by the
27 ultimate judgment in this case will it be possible to ascertain the nature,
28 extent and places in which there has been an encroachment, interference or
29 infringement upon the rights of the UNITED STATES OF AMERICA.

30  19. Interrogatory Number Nineteen (19):

31  State the time, place, extent and exact nature, if any, if diversions
32 made by this defendant from the Santa Margarita River, of which Plaintiff
33 claims.

ANSWERING INTERROGATORY NUMBER NINETEEN (19):

That until such time as the UNITED STATES OF AMERICA is apprised of what the defendant is claiming by having been served with this defendant's answer, the UNITED STATES OF AMERICA has no information with which to answer this interrogatory, and that until defendant has answered and set up his claim, it is impossible to respond to the data sought by this interrogatory.

20. Interrogatory Number Twenty (20):

State the time, place, extent and exact nature of the irreparable damage alleged to have been caused Plaintiff by any encroachments, interference or infringements by this defendant and state which encroachment, interference or infringement caused what damage to Plaintiff.

ANSWERING INTERROGATORY NUMBER TWENTY (20):

That the UNITED STATES OF AMERICA states whether or not there has been encroachment, interference or infringement by this plaintiff will depend upon the character and extent of the claims that he is asserting, a fact best known to the defendant. Until answered, therefore, there can be no response to this interrogatory.

21. Interrogatory Number Twenty-one (21):

State from what source, or authority, deed, muniment of title or statute plaintiff acquired the claimed right, as against this defendant, to impound any of the waters of the Santa Margarita River by storage.

ANSWERING INTERROGATORY NUMBER TWENTY-ONE (21):

That until such time as the UNITED STATES OF AMERICA is apprised of what the defendant is claiming by having been served with the defendant's answer, the UNITED STATES OF AMERICA has no information with which to answer this interrogatory.

22. Interrogatory Number Twenty-two (22):

Describe and locate on a map what Plaintiff claims to be the boundaries of the watershed of the Santa Margarita River so that this defendant may know whether any of his lands are within said watershed and if so, what lands are claimed by Plaintiff to be within said watershed.

ANSWERING INTERROGATORY NUMBER TWENTY-TWO (22):

That the UNITED STATES OF AMERICA submits Map Number Two (2), which

1  delineates the boundaries of the watershed of the Santa Margarita River.

3  UNITED STATES OF AMERICA      )
                                 )
4  SOUTHERN DISTRICT OF CALIFORNIA )  ss.
                                 )
5  SOUTHERN DIVISION              )

William H. Veeder, being by me first duly sworn, deposes and says:

That he is a Special Assistant to the Attorney General of the United States of America Department of Justice, Washington, D. C.;

That he has read the foregoing ANSWERS TO INTERROGATORIES of Defendant Tommy Rawson and knows the contents thereof and that the same is true of his own knowledge, except as to the matters which are stated therein upon his information or belief and as to these matters that he believes it to be true.

_____
WILLIAM H. VEEDER

Subscribed and sworn to before me this 11th day of July, 1952.

Edmund L. Smith, Clerk U. S. District Court.
Southern District of California
By _____ Deputy
      J. M. Horn

Received copy of the within ANSWER TO INTERROGATORIES this 11th day of July, 1952.

SWING, SCHARNIKOW & STANIFORTH

_____

-9-

1197