MORRIS SANKARY
Assistant United States Attorney
325 West "F" Street
San Diego 1, California
  Telephone: F 9-4101

Attorney for Plaintiff
FILED
JUL 11 1952
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|  Plaintiff ) | No. 1247-SD |
| v. ) | RESPONSE TO MOTION |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) a public service corporation of ) the State of California, et al., ) | |
|  Defendants ) | |

The UNITED STATES OF AMERICA in response to the Motion of Defendant Fallbrook Public Utility District For Further Answers and To Make the Answers Given To Interrogatories More Specific declares as follows:

1. In Paragraph 1, page 1, of the motion, this statement is made: "1. In answer to Supplementary Interrogatory No. 2 (c) to-wit: 'State how much of the water taken from the Santa Margarita River system has annually been used outside the Santa Margarita watershed' Plaintiff gave only an incomplete answer stating 'As the exact location of the watershed is a mixed question of law and fact, <u>it is not known at this time as to the precise quantities used within and/or without the watershed.</u>'" (Emphasis supplied.) It is asserted that the answer is evasive. In view of the express statements contained in the answer, it is difficult to perceive how it may be successfully urged that evasion is present. Simply stated, the UNITED STATES was unable to make the response desired by the defendant because it is without knowledge on the subject. As authoritatively stated: "A party interrogated under Rule 33 may be required to state only matters within his knowledge."1/

---

1/ Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 2, Section 768, page 435.

1185

Worthy of note is this fact: Every effort has been made—is now being made to locate exactly the crest of the watershed. Due to the peculiar topography of certain areas of great importance in this litigation, the watershed crest must be precisely determined. Moreover, the physical phenomena which have been found to prevail raise difficult legal questions. Thus to respond to the interrogatory in a manner other than that set forth would call for a legal conclusion. Such a conclusion will ultimately be made by the Court. It would be, therefore, improper for the UNITED STATES to undertake a reply to the interrogatory for a party "* * * is not required to give opinions, contentions as to matters of law or conclusions, or to make research and compilation of information not readily known to him. Interrogatories may not call for conclusions of law."[1/]

Under the circumstances, therefore, the UNITED STATES may and does make the only response which it can to the interrogatory, reiterating that which it previously declared, namely: "ANSWERING SUPPLEMENTAL INTERROGATORY NO. TWO (2)(c): That as stated in the answer to Interrogatory Number Fifteen (15), the only basic records of pumped water are obtained from meters at the individual pumps from which primary source water is commingled in reservoirs, tanks, and distribution systems as outlined on Maps Numbers Two (2) and Two (a) (2a) which were submitted in answer to Interrogatory Number Eleven (11). As the exact location of the watershed is a mixed question of law and fact, it is not known at this time as to the precise quantities used within and/or without the watershed." The maps to which defendant refers must, of course, be considered with the written reply made by the UNITED STATES to the interrogatory in question. The maps for reasons expressed do not purport to specify the acreage outside the watershed.

2. Those Paragraphs Numbered 2, page 2; Numbered 3, page 2; and Numbered 4, page 3, all relate to and may be answered only when the crest of the watershed has been definitely determined. Accordingly, the response made in this memorandum to the Paragraph Numbered 1, page 1, is made to the last numbered paragraphs.

3. The reply to Paragraph 5, page 2, of the defendant's motion the UNITED STATES declares: "The draw-down report of July, 1951, is the last record

---

[1/] Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 2, Section 768, pages 435, 436.

at Camp Pendleton."

4. In Paragraph 6, page 4, of the motion, defendant objects to the response made to an interrogatory inquiring whether studies, investigations, compilations or computations have been made to ascertain, determine or estimate the number of individual land holdings within the watershed of the Santa Margarita River. Responding to that interrogatory, the UNITED STATES declared in substance that no such ascertainment, determination or estimation of the number of individual land holdings within the watershed had been made. It is difficult to perceive the true character of defendant's objection as set out in the motion for no other answer could be made.

5. In Paragraph 7, page 5, defendant objects to the refusal of the UNITED STATES to release information which it has obtained from water users, represented by attorneys other than counsel for defendant, in the absence of defendant's securing the "written acquiescence from those landowners or their attorneys, * * *." For example, many of the surveys have been made on lands owned by clients of W. B. Dennis, Esq., who is appearing in the separate trials on behalf of the Santa Margarita Mutual Water Company. Due to the existence of actual controversies among the claimants to water from the stream in question, the UNITED STATES could not release the data requested in the absence of compliance with the reasonable condition that the release be first approved by the owner or his attorney.

6. In Paragraph 8, page 6, defendant declares: "Plaintiff's answer to Supplemental Interrogatory No. 27 is clearly evasive and no answer at all." The interrogatory in question is as follows: "27. If any of the information called for in the fore-going interrogatories is contained in reports or compilations or memoranda too extensive to be copied into the answers, it is requested that such reports, compilations and memoranda be exhibited to this defendant for its inspection and making copies thereof." The answer of the UNITED STATES is as follows: "That this is not an interrogatory." Simply stated, there appears to be no other answer which under the circumstances could be made.

Premised upon the preceding review, it is respectfully submitted that

1 this Court should deny the motion and to relieve the UNITED STATES of the needless
2 task of engaging in further controversy respecting the interrogatories in question.

*William H. Veeder*
WILLIAM H. VEEDER
Special Assistant to the
Attorney General

Dated: July 11, 1952.

Received copy of within
*Response* this
11 day of July, 1952
SWING, SCHARNIKOW & STANIFORTH
By *Phil D. Swing*
Phil D. Swing
Attorneys for *Fallbrook Public Utility District*

-4-

1188