```
 1  MORRIS SANKARY
    Assistant United States Attorney
 2  325 West "F" Street
    San Diego 1, California
 3    Telephone: F 9-4101

 4  Attorney for Plaintiff
```

FILED

JUL 11 1952

EDMUND L. SMITH, Clerk

By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1247-SD |
| Plaintiff | ) | ANSWERS TO INTERROGATORIES |
| Vs. | ) | OF |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | ) | DEFENDANTS COSETTE S. CARNER AND JACK GARNER. |
| Defendants | ) | |

Comes now William H. Veeder, Special Assistant to the Attorney General of the United States, on behalf of the UNITED STATES OF AMERICA, and responds in conformity with Rule Four - E (4-e) of the Rules of Civil Procedure for the United States District Court for the Southern District of California, to the Interrogatories of Defendants, Cosette S. Garner and Jack Garner, Numbers One (1) through Twenty-three (23), inclusive, as follows:

1. Interrogatory Number One (1):

State precisely what was the substance and nature of the "request" of the Secretary of the Navy which the complaint alleges was made prior to the commencement of this action and attach a copy of said request.

ANSWERING INTERROGATORY NUMBER ONE (1):

That there are attached copies of a letter from the Secretary of the Navy, date 14 November 1950 which was attached to the reply of the UNITED STATES OF AMERICA to the Fallbrook Public Utility District answer, previously filed in this action on December 26, 1951, which contains the requested data.

1    2. Interrogatory Number Two (2):

2    State when and where the alleged "actual controversy" arose or
3 took place between the United States and the defendants named herein and
4 over what precise question or questions; who were present and what was
5 said or contended by each party. If the alleged controversy did not arise
6 out of oral contentions or disputations, set forth the written instruments
7 or documents which plaintiff claims constitute the basis of the contro-
8 versy with these defendants and attach copies of said documents.

9    ANSWERING INTERROGATORY NUMBER TWO (2):

10    That the actual controversy exists in that defendant claims
11 rights to the use of water adverse to the claims of the UNITED STATES OF
12 AMERICA. Accordingly in accordance with the complaint, he should answer
13 and set up the claims which he has asserted. If he claims none, a statement
14 to that effect should be made. If defendant is asserting a riparian right
15 to the water which he claims, the controversy is in regard to the correala-
16 tive share to which he is entitled in the available supply as that share
17 relates to the riparian rights of the UNITED STATES OF AMERICA. If he is
18 claiming prescription, he must allege the claim. If he is claiming
19 appropriative rights, he must allege the date of priority, and all other
20 data sufficient to prove the right. The precise questions which gave rise
21 to the controversy stem, therefore, from the precise character of the rights
22 which defendant claims.

23    3. Interrogatory Number Three (3):

24    When and by what means did Plaintiff acquire each of the separate
25 parcels of property alleged to be occupied by Camp Pendleton, U. S. Naval
26 Hospital and U. S. Naval Ammunition Depot and under what authority and by
27 what instrument or muniments of title was each separate tract acquired.

28    ANSWERING INTERROGATORY NUMBER THREE (3):

29    That the UNITED STATES OF AMERICA submits Table Number One (1) which
30 discloses when and by what means the UNITED STATES OF AMERICA acquired each
31 of the separate parcels of property occupied by Camp Joseph H. Pendleton,
32 U. S. Naval Hospital and U. S. Naval Ammunition Depot. Table Number One (1)
33 also reveals the legal description of each parcel or tract separately acquired.

-2-

1199

4. Interrogatory Number Four (4):

State what water rights, if any, were acquired with each separate parcel of property and what was and is the nature and extent of each such claimed water right for each of said parcels of land.

ANSWERING INTERROGATORY NUMBER FOUR (4):

That in the Complaint of the UNITED STATES OF AMERICA, Paragraph VI, the rights of the UNITED STATES OF AMERICA are alleged. The full extent and character of the rights of the UNITED STATES OF AMERICA as they relate to all others of necessity can only be determined by the ultimate decree in this case. When defendant has set up the extent of his claim and has proved his claim and all other defendants have asserted and proved theirs, the rights of the UNITED STATES OF AMERICA and all others will be defined. Until that time, the matter being a mixed question of fact and law, no final response can be made.

5. Interrogatory Number Five (5):

If prescriptive rights are claimed, state date of initiation of each such prescriptive right; state the nature of the use on which such right is based, the location or place of said use and the extent of use, giving the number of acres or number of people for each year.

ANSWERING INTERROGATORY NUMBER FIVE (5):

That until such time as the defendant has answered and apprised the UNITED STATES OF AMERICA of the nature of his claim, it is impossible to assert with certainty the true character of the rights of the UNITED STATES OF AMERICA as they relate to defendant. As a matter of law, the responsibility is on defendant to come forward and make his assertion of rights.

6. Interrogatory Number Six (6):

If plaintiff claims water rights for any of said parcels of land, state whether same is based upon deeds, decrees or other muniments of title and if so, attach copies of the document or documents on which the claimed water rights are based. If said water rights are not based upon deeds, decrees or muniments of title but are claimed under statutory law, state whether State law or Federal law is the basis of such claims of right and give reference to the law in question.

1      7, 8, 9.  Interrogatory Numbers Seven (7), Eight (8) and Nine (9):
2          State the exact location, extent and boundaries of Camp Joseph H.
3 Pendleton and show said boundaries upon a map.
4          State the exact location, extent and boundaries of United States
5 Naval Hospital and show said boundaries upon a map.
6          State the exact location, extent and boundaries of United States
7 Naval Ammunition Depot and show said boundaries upon a map.
8          ANSWERING INTERROGATORY NUMBERS SEVEN (7), EIGHT (8) AND NINE (9):
9          That the UNITED STATES OF AMERICA attaches Map Number One (1) which
10 discloses the location, extent and boundaries of Camp Joseph H. Pendleton,
11 United States Naval Hospital and United States Naval Ammunition Depot.
12      10.  Interrogatory Number Ten (10):
13          State how, in what manner and by what instruments, if any, it is
14 claimed that the State of California ceded "exclusive jurisdiction to the
15 United States over the properties in question" alleged to have been acquired
16 by the United States in 1941, 1942 and 1943, comprising approximately
17 135,000 acres of land in the counties of San Diego and Orange in the State of
18 California.
19          ANSWERING INTERROGATORY NUMBER TEN (10):
20          That there are attached copies of letters from James Forrestal and
21 A. L. Gates, previously submitted as attached exhibits to the Response of
22 United States to Motion for More Definite Statement or for Bill of Particulars;
23 Motion to Strike, Motion for a More Definite Statement, Motion to Dismiss,
24 Motion to Strike, and for an Order Directing Plaintiff to file a More Definite
25 Statement, filed in this action May 1, 1951, which disclose the requested data.
26      11.  Interrogatory Number Eleven (11):
27          State the number of underground basins, or sub-basins, located on
28 plaintiff's property and give the boundaries of each showing location on a
29 map, and the depth to bedrock, the nature of the composition of the fill of
30 each basin, its absorptive capacity and its productive yield in acre-feet of
31 water.
32          ANSWERING INTERROGATORY NUMBER ELEVEN (11):
33          That underlying the lands comprising the military installations here

1 involved and acquired by the UNITED STATES OF AMERICA, situate within the
2 Santa Margarita River Watershed, there is one (1) large underground basin com-
3 posed of three (3) component parts which are interconnected and continuous.
4 Reference is made to Map Number One (1) for the location of this basin. The
5 UNITED STATES OF AMERICA submits attached Tables Numbers Two (2), Three (3),
6 and Four (4) which disclose the remainder of the data sought by this
7 interrogatory.

8     12. Interrogatory Number Twelve (12):

9     State the number and give the location, showing same on a map, of all
10 wells existing on plaintiff's property, giving depth of each well, its well
11 location, pumping equipment or facilities at each well, with rated capacity of
12 each pump and the productive capacity yield of each well with records of
13 actual quantity of water produced from each well for each year since plaintiff
14 has owned said property.

15     ANSWERING INTERROGATORY NUMBER TWELVE (12):

16     That the UNITED STATES OF AMERICA attaches photostatic reproductions
17 of preliminary United States Geological Survey well logs, sheets numbered
18 one (1) through one hundred eighty-four (184) with sheet number eighty-three A
19 (83-a) inclusive, herein identified as Table Number Five (5), which defines
20 the location, size, and depth and strata of materials penetrated of these wells
21 located on the plaintiff's property. Reference is also made to attached Map
22 Number One (1) submitted in answer to Interrogatory Numbers Seven (7), Eight
23 (8) and Nine (9), above which also defines the location of all wells located
24 upon the land lying within the Santa Margarita River watershed boundaries.
25 That submitted is Table Number Six (6), which defines, describes and outlines
26 where records are available the type, make, size, and the rated capacity of
27 each pump located in each well and also the kind, type, and horsepower of each
28 motor installed to operate each pump and the quantities of water which have
29 been produced from each of the wells month by month.

30     13. Interrogatory Number Thirteen (13):

31     State the water levels, both static and draw-down when well is in
32 use for each well, for each and every date for which plaintiff has any records
33 of such measurements and state by whom made.

-5-

1202

1    ANSWERING INTERROGATORY NUMBER THIRTEEN (13):

2    That attached Table Number Seven (7) discloses the static water

3    level and the operation draw-down for each well during the time the UNITED

4    STATES OF AMERICA owned the property.

5    14.  Interrogatory Number Fourteen (14):

6    Give chemical analysis of water taken from each well for each date

7    that plaintiff has made any such chemical analysis of any of said wells and

8    state date of samples taken and result of analysis, and by whom made.

9    ANSWERING INTERROGATORY NUMBER FOURTEEN (14):

10   That attached Table Number Eight (8) defines and evinces the chemical

11   analysis made of the water taken from certain wells on the property of the

12   UNITED STATES OF AMERICA within the Santa Margarita River watershed.

13   15.  Interrogatory Number Fifteen (15):

14   State whether or not plaintiff claims that these defendants or either

15   of them, or any of their predecessors in interest were parties to the adjudi-

16   cation suit, the Stipulated Judgment in which is attached to plaintiff's

17   complaint as an exhibit, to wit: Rancho Santa Margarita vs. N. R. Vail, et al,

18   No. 42850, in the Superior Court of the State of California, in and for the

19   County of San Diego, and if not, state how or in what way said Stipulated

20   Judgment binds these defendants or either or them.

21   ANSWERING INTERROGATORY NUMBER FIFTEEN (15):

22   That until such time as the UNITED STATES OF AMERICA is apprised of

23   what the defendant is claiming by having been served with the defendant's

24   answer, the UNITED STATES OF AMERICA has no information with which to answer

25   this interrogatory.

26   16.  Interrogatory Number Sixteen (16):

27   State the amount of water used for military purposes each year since

28   plaintiff acquired said property and give the various places and annual

29   amounts of each military use.

30   ANSWERING INTERROGATORY NUMBER SIXTEEN (16):

31   That the UNITED STATES OF AMERICA submits Table Number Nine (9),

32   which discloses quantities of water where records are available for military

33   purposes month by month since acquisition by the UNITED STATES OF AMERICA of

the property.

17. Interrogatory Number Seventeen (17):

State the amount of water used for agricultural purposes each year since plaintiff acquired said property and give the various places and annual amounts of each agricultural use and the persons or corporation to whom said water was supplied by plaintiff for agricultural purposes; the acreage and location of the land so using said water for agricultural purposes.

ANSWERING INTERROGATORY NUMBER SEVENTEEN (17):

That the UNITED STATES OF AMERICA refers to Table Number Nine (9), which discloses the amount of water used for agricultural purposes each year since the UNITED STATES OF AMERICA acquired the property. Reference is made to Table Number Ten (10), for the description of the lands where the water is used for agricultural purposes. No records are available as to the quantities used in the individual tracts.

18. Interrogatory Number Eighteen (18):

State the annual amounts of water used for "other needs", the nature of such other needs and the location or places where water has been used to meed such "other needs" and the amount thereof.

ANSWERING INTERROGATORY NUMBER EIGHTEEN (18):

That the other needs other than military for which the UNITED STATES OF AMERICA is demanding water are domestic needs in connection with the temporary agricultural uses made of the water when not needed for immediate military demands. No information is available as to quantities.

19. Interrogatory Number Nineteen (19):

State the times, places and extent of each alleged encroachment, interference or infringement, if any, claimed to have been made by these defendants, or either of them, upon plaintiff's said alleged water rights, giving the names of all witnesses who saw each of the claimed acts of encroachment, interference or infringement.

ANSWERING INTERROGATORY NUMBER NINETEEN (19):

That the UNITED STATES OF AMERICA states the time, places and extent of each alleged encroachment, interference or infringement upon the rights of the United States is best known to the defendant. Only by the ultimate

-7-

1204

1   judgment in this case will it be possible to ascertain the nature, extent and
2   places in which there has been an encroachment, interference or infringement
3   upon the rights of the United States.
4           20. Interrogatory Number Twenty (20):
5           State the time, place, extent and exact nature, if any, of diver-
6   sions made by these defendants from the Santa Margarita River, of which
7   plaintiff claims.
8           ANSWERING INTERROGATORY NUMBER TWENTY (20):
9           That until such time as the UNITED STATES OF AMERICA is apprised of
10  what the defendant is claiming by having been served with this defendant's
11  answer, the UNITED STATES OF AMERICA has no information with which to answer
12  this interrogatory, and that until defendant has answered and set up his claim,
13  it is impossible to respond to the data by this interrogatory.
14          21. Interrogatory Number Twenty-one (21):
15          State the time, place, extent and exact nature of the irreparable
16  damage alleged to have been caused plaintiff by any encroachments, interference
17  or infringements by these defendants and state which encroachment, interference
18  or infringement caused what damage to plaintiff.
19          ANSWERING INTERROGATORY NUMBER TWENTY-ONE (21):
20          That the UNITED STATES OF AMERICA states whether or not there has
21  been encroachment, interference or infringement by this plaintiff will depend
22  upon the character and extent of the claims that he is asserting, a fact best
23  known to the defendant. Until answer, therefore, there can be no response to
24  this interrogatory.
25          22. Interrogatory Number Twenty-two (22):
26          State from what source, or authority, deed, muniment of title or
27  statute plaintiff acquired the claimed right, as against these defendants, to
28  impound any of the waters of the Santa Margarita River by storage.
29          ANSWERING INTERROGATORY NUMBER TWENTY-TWO (22):
30          That until such time as the UNITED STATES OF AMERICA is apprised of
31  what the defendant is claiming by having been served with the defendant's
32  answer, the UNITED STATES OF AMERICA has no information with which to answer
33  this interrogatory.

1   23. Interrogatory Number Twenty-three (23):

2      Describe and locate on a map what plaintiff claims to be the
3   boundaries of the watershed of the Santa Margarita River so that these
4   defendants may know whether any of their lands are within said watershed and
5   if so, what lands.

6      ANSWERING INTERROGATORY NUMBER TWENTY-THREE (23):

7      That the UNITED STATES OF AMERICA submits Map Number Two (2), which
8   delineates the boundaries of the watershed of the Santa Margarita River.

9

10  UNITED STATES OF AMERICA          )
                                      )
11  SOUTHERN DISTRICT OF CALIFORNIA   )   ss.
                                      )
12  SOUTHERN DIVISION                 )

13

14      William H. Veeder, being by me first duly sworn, deposes and says:
15      That he is a Special Assistant to the Attorney General of the United
16  States of America Department of Justice, Washington, D. C.;
17      That he has read the foregoing ANSWERS TO INTERROGATORIES of Defen-
18  dants Cosette S. Garner and Jack Garner and knows the contents thereof and that
19  the same is true of his own knowledge, except as to the matters which are
20  stated therein upon his information or belief and as to these matters that he
21  believes it to be true.

22

23                                              WILLIAM N. VEEDER

24

25  Subscribed and sworn to before me this
26  _____ day of _____ 1952.
        Edmund L. Smith, Clerk U. S. District Court
        Southern District of California
27  By _____ J. E. Horn Deputy
28  Received copy of the within ANSWER TO INTERROGATORIES this _____ day of
29  _____, 1952.

30

31                                          SWING & GILLESPIE

32

33                                        _____

                                    -9-