```
 1  P. W. WILLETT
    Attorney at Law
 2  P. O. Box 103
    Fallbrook, California
 3  Telephone Fallbrook 7150
            and
 4  WILLIAM H. MACOMBER
    Attorney at Law
 5  1114 San Diego Trust & Savings Bldg.
    San Diego 1, California
 6  Telephone Franklin 9-9408
 7
    Attorneys for the Defendants,
    HARRY H. SMELSER and
 8  MARY SMELSER
```



FILED
SEP 5 - 1952
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,<br><br>           Defendants. | No. 1247 - Civ.<br><br>ANSWER OF<br><br>HARRY H. SMELSER<br><br>AND<br><br>MARY SMELSER |

    Come now the defendants, HARRY H. SMELSER, sued herein as Harry S. Smelser, and MARY SMELSER, and separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny and admit as follows:

                      I

    These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

II

Answering Paragraph I of said Complaint, these defendants deny that any "actual controversy" between the United States of America and these defendants had arisen prior to the commencement of this action; and these defendants further deny that they have unlawfully or otherwise interfered with the rights of the United States of America.

III

Answering Paragraph II of said Complaint, these defendants are informed and believe and therefore allege the fact to be that said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California; nor are all of said 135,000 acres utilized for military purposes; but that several thousand acres of land, the exact amount being unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations in said Paragraph. However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was operative and effective only to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, dockyards, and other needful buildings thereon, and was not intended to, and in fact did not, extend to

2.

9690

the thousands of acres of land occupied, used and devoted to commercial farming by private persons, which these defendants are informed and believe to be the fact ever since said government acquired said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin, or that two wells have been destroyed by reason of that instrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along said river and along its several tributaries before said river enters the property of plaintiff. These defendants allege that no portion of any of these basins forms any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these defendants have in any way encroached upon, or through their alleged encroachments upstream,

3.

9691

that they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these defendants. Deny that any acts of these defendants have damaged any rights or property of plaintiff.

These defendants allege that, if it be true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it be true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activity of these defendants, nor brought about through their alleged encroachment upstream, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California.

Furthermore, these defendants are informed and believe, and therefore allege the fact to be that plaintiff's injury, or threatened injury, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property, and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced therefrom, and the wrongful, excessive and unreasonable diversions of uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River, from whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its tributaries is a vast underground basin," and that "The basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of

water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants admit the trial of the suit referred to in said Paragraph, being Action No. 42850 in the Superior Court of the State of California, in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita vs. Vail, 11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein, a copy of which is attached to and made a part of plaintiff's Complaint as Exhibit "A." These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

5.

VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interests and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can claim against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount is, under present conditions, as these defendants are informed and believe and therefore allege the fact to be, not to exceed 2620 acre-feet per annum.

VIII

Answering Pagagraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the military efforts of the United States of America.

IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted.

These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph.

X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific Ocean or otherwise caused damage to the United States of America;

6.


1 deny that they have repeatedly or at all, through overt acts or
2 otherwise, displayed their disregard for the rights of the United
3 States of America or declared claims in contravention of the rights
4 of the United States of America.  Deny that their rights were
5 acquired subsequent to the rights of the United States; deny that
6 they have proceeded to encroach upon, or are now encroaching upon,
7 or threaten to encroach upon the water supply of Camp Pendleton,
8 the United States Naval Hospital, or the Naval Ammunition Depot.
9 　　　These defendants allege that but for the plaintiff's
10 excessive diversions, unreasonable uses, and wrongful exportation
11 of water to places outside the basin and watershed of the Santa
12 Margarita River, as alleged in Paragraph V hereof, there would be a
13 sufficient supply of water to meet the rightful needs and lawful
14 requirements of plaintiff and defendants.
15 　　　These defendants are without knowledge or information
16 sufficient to form a belief as to the truth of the remaining
17 averments in said Paragraph, and therefore deny both generally and
18 specifically each and all of the remaining allegations in said
19 Paragraph.
20
21 　　　　　　　- - - - - - - - - - - - - - - - - - -
22 　　　FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS
23 ALLEGE:
24 　　　　　　　　　　　　I
25 　　　These defendants are, and with their predecessors in interest
26 have been for many years last past, the owners of and in possession
27 of certain lands hereinafter described, and these defendants have
28 rights in and to the reasonable beneficial use of the percolating
29 waters which are in the underground basins and strata of water-
30 bearing sands and gravels over which their lands lie. That all of
31 said lands lie in a semi-arid region and are of little value without
32 water.  That the lands so owned by these defendants are described
   as follows:

S695

PARCEL NO. 1:

East 15 acres (Except all Easterly and Southerly of line bap. on South line of North Half of South Half of Northwest Quarter 792.90 feet Easterly from West line of Section 20; thence North 14° 55' East 436.18 feet; thence North 0° 07' 45" West 224.63 feet to South line of North 20 feet of Southwest Quarter; thence Easterly along said South line to the East line of said East15 acres) in the North Half of the Southwest Quarter of the Northwest Quarter of Section 20, Township 9 South, Range 3 West, S.B.M., San Diego County, California;

PARCEL NO. 2:

The West 264 feet of the North 330 feet of the North Half of the Southeast Quarter of the Northwest Quarter (Except all Westerly of line bap. on the South line of said West 264 feet 9.14 feet Easterly from the Southwest corner thereof; thence North 9° 40' East 314.34 feet to the South line of the North 20 feet of said West 264 feet; thence Westerly along said South line to the West line of said West 264 feet) in Section 20, Township 9 South, Range 3 West, S.B.M., San Diego County, California.

II

All of said above described land is arable. These defendants reside in the family home situated on said land, consisting of ten-plus acres. Only a part of said land is within the Santa Margarita watershed; approximately 6 acres in the Easterly part lying within the confines of the San Luis Rey watershed. On said Easterly portion 100 avocado trees are planted, and there is a well and electric pump. Approximately 3000 gallons per day are pumped

from said San Luis Rey watershed for domestic and irrigation purposes. On the Westerly portion, consisting of about 4 acres, 180 lemon trees are planted. Said right to use said waters has been owned by these defendants and their predecessors in interest for many years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

### III

That these defendants are the owners of the right to use a reasonable amount of said underground percolating waters for beneficial use on said lands, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe and therefore allege the fact to be, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

- - - - - - - - - - - - - - -

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

### I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:
1. That plaintiff take nothing by its action against these answering defendants;
2. That these defendants be decreed as against plaintiff to be the owners of the right to 20 acre-feet of water per annum, consumptive use, for beneficial use

1        on their said lands, and that said right be held
2        to be paramount to plaintiff's rights;
3. That these defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

                          P. W. WILLETT and
                          WILLIAM H. MACOMBER

                          By _P. W. Willett_____
                              Attorneys for said Defendants

RECEIVED two copies of the within Answer this 5th day of Sept., 1952

                          _Sherwood Roberts_____
                          Assistant United States Attorney

                          By _R. Johnson_____

9698

STATE OF CALIFORNIA ) ss.
COUNTY OF SAN DIEGO )

HARRY H. SMELSER, being sworn, says:

That he is one of the defendants in the above entitled action; that he has read the foregoing Answer and Affirmative Defenses and knows the contents thereof; that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes the same to be true.

*Harry H. Smelser*

Subscribed and sworn to before me this 78th day of August, 1952.

*[signature]*
Notary Public in and for said County and State
My Commission Expires June 10, 1954