```
1  DAVID W. AGNEW
   Special Assistant to the Attorney General
2  Room 411-A, Fox Theater Building
   720 "B" Street
3  San Diego, California
        Telephone: M-3871, ext. 797
4
   Attorney for Plaintiff
5
```

FILED

OCT 13 1952

EDMUND L. SMITH, Clerk
By ................
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al.,<br><br>    Defendants. | No. 1247-SD Civil<br><br>POINTS AND AUTHORITIES<br>IN OPPOSITION TO MOTION OF<br>FALLBROOK PUBLIC UTILITY DISTRICT<br>FOR A CONTINUANCE. |

Most of the federal cases with respect to the matter of continuances are to be found in volume 9, Cyclopaedia of Federal Procedure (3rd. ed.), Chapter 28, (pp. 57-75).

In section 28.03 of that authority, it is stated inter alia:

> "The granting of a continuance generally rests in the court's discretion, which is reviewable only for abuse."
>
>                citing, inter alia:
>
>     146 U.S. 620, 36 L.Ed. 1107
>
>     178 F.2d 481

In section 28.04, it is pointed out that there is no ground on which a continuance can be claimed as of right (129 F.2d 756, 139 F.2d 192), but that there are a few situations in which the exigencies are such that courts treat these cases as if they were matters of right. Death of a party's sole counsel is an example (36 U.S. 226), and illustrates how drastic the circumstances must

be to call this principle into play. This section states, inter alia:

> ". . . want of preparation by the attorney, due to attention given by him to other necessary matters, is not in itself ground for continuance."
>
> citing, inter alia,
> 138 F.2d 367
> 122 F.2d 143

Presumably, want of preparation on the part of a witness would *a fortiori* not be such a ground.

Section 28.06 states (in reference to cases stayed as a result of the Soldiers' and Sailors' Civil Relief Act):

> "Prejudice to the national interest from the present trial of an action is a sufficient ground for a stay."

Presumably, the converse would be equally true; that prejudice to the national interest from the *postponement* of present trial of an action (involving the establishment of rights vital to the national defense) would be a sufficient ground for *denial* of the continuance.

Most apposite to the present motion is this statement contained in Section 28.11:

> "An adequate showing should be made in support of the motion (52 F. Supp. 684). . . It is essential that the moving party show reasonable diligence in respect to the matters upon which the motion for continuance is predicated."
>
> citing, inter alia,
> 24 F.2d 78
> 22 F.2d 59

It appears to the plaintiff that the affidavit in support of this motion in itself demonstrates a complete absence of diligence on the part of this defendant in procuring the services of

- 2 -

1461

1 an expert witness, the present asserted inability of whom to per-
2 form is the principal premise upon which the motion is predicated.
3 DATED: 13 October 1952

                                        Respectfully submitted,

                                        */s/ David W. Agnew*
                                        DAVID W. AGNEW
                                        Attorney for U.S. Navy Department
                                            Special Assistant to the Attorney
                                          General

                                        */s/ Raymond deS. Shryock*
                                        RAYMOND deS SHRYOCK
                                        Commander, U.S. Navy
                                          Attorney for U.S. Navy Department

                                        Attorneys for Plaintiff

DAVID W. AGNEW
Special Assistant to the Attorney General
Room 411-A, Fox Theater Building
720 "B" Street
San Diego, California
   Telephone: M-3871, ext. 797

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al.,<br><br>Defendants. | No. 1247-SD Civil<br><br>MEMORANDUM IN OPPOSITION<br>TO MOTION OF FALLBROOK PUBLIC<br>UTILITY DISTRICT FOR A<br>CONTINUANCE. |

This is in reply to the motion of Defendant Fallbrook Public Utility District for a continuance of approximately three (3) months of the trial of this case, which is set for trial on October 21st, 1952. (Separate trial as to Fallbrook Public Utility District and Santa Margarita Mutual Water Co., Defendants, and the State of California, Defendant in Intervention).

It will be observed that one of the principal bases of the motion is the alleged difficulty of obtaining the effective services of Mr. Charles H. Lee, this Defendant's proposed expert hydraulic engineer.

This suit was instituted on January 25, 1951. Counsel for this Defendant states that his client authorized the employment of a hydraulic engineer on April 14, 1952. He then states that he began to make inquiry into the availability of such an expert, and that he selected, and on April 30, 1952, employed Mr. Lee, a hydraulic engineer of San Francisco. This chronology speaks for

itself. After some fifteen months of preliminary skirmishing -- of motions, pleadings, interrogatories, and other legal maneuvers calculated to delay the proceedings to the maximum extent -- including even an appeal to the Court of Appeals designed to effect a change in the procedural business of this court -- this Defendant, apparently for the first time, according to counsel's sworn statement, concerned itself with the business of obtaining an expert on April 14, 1952. The complicated nature of the case was well-known to this Defendant's counsel from the moment the complaint was served (and undoubtedly for a long time before). Furthermore, this Defendant's counsel has had sufficient experience in this field to be familiar with the importance of technical expert witnesses in cases of this nature. The information that Defendant and its counsel waited some fifteen months before concerning themselves with obtaining the services of an expert comes as something of a shock. One of the fundamental considerations in the question of the propriety of granting a continuance is that the movant shall show he has been diligent as to the very matter upon which his motion for continuance is predicated. 9 Cyc. Fed. Proc. (3rd ed.) sec. 28.11 (cases cited in separate memorandum).

A second alleged basis for the motion is the failure of the Plaintiff to grant to the Defendant Fallbrook Public Utility District experts permission to inspect Camp Pendleton. It is admitted that counsel for Fallbrook Public Utility District did on August 22, 1952, request such permission in writing to one of Plaintiff's counsel and he called attention to this request at the hearing held by this Honorable Court in Los Angeles, California, on August 25, 1952, as stated on page five of counsel's affidavit in support of this motion. What counsel for Fallbrook Public Utility District fails to state in his affidavit is that this Honorable Court itself pointed to the fact that . . ."everyone is subject to the orders of the Commanding General of the Marine Corps to grant such permission as is necessary for preparation of the case."

- 2 -

1464

(Rep. Trans. of Proceedings, Monday, August 25, 1952, page 31, lines 13, 14 and 15). To date no such request has been received.

Regardless of the status of the matter of access, request for which remains unpursued, the point appears to be academic in view of counsel's statement appearing at page seven of his affidavit in support of the motion "that the matter of requesting access to the Plaintiff's property for Defendant's experts to study the physical terrain was deferred but will now be taken up promptly as soon as the data delivered to the State on October 14, 1952, has been studied and evaluated."

The only remaining point upon which counsel for the Defendant Fallbrook Public Utility District seems to rely is a confused statement as to "a mass of data" to be delivered to the State of California by the Plaintiff. This so-called 'mass of data' to be delivered to the State of California consists of what is substantially a duplication of data heretofore furnished the State of California and more importantly, heretofore furnished to counsel for this Defendant. These data were so furnished on January 7, 1952, April 17, 1952, and June 27, 1952, in answers to interrogatories, which interrogatories were propounded by this Defendant. It will be observed that counsel for this Defendant carefully lists exhibits submitted to him by the Plaintiff and dates he forwarded such exhibits to Mr. Lee, but just as carefully omits any reference to the answers to interrogatories and the accompanying data received by him.

It is apparent from a consideration of the affidavit that the Defendant has failed to exercise due diligence in that he was dilatory in obtaining the services of expert witnesses, and dilatory in the matter of his alleged desire to have such witnesses examine Camp Pendleton. Finally, he is attempting to make it appear to the Court that he is about to be confronted with a mass of new material, whereas, in fact, all or substantially all material to be furnished by the Plaintiff has been furnished to counsel for Fallbrook Public

- 3 -

1465

Utility District.

It is respectfully submitted that the Defendant has not submitted valid grounds for a continuance of the trial of this case at a date some 21 months after the action was commenced and this Court is requested to deny the motion for continuance.

DATED: October 13, 1952.

Respectfully submitted,

*David W. Agnew*
DAVID W. AGNEW
Attorney for U.S. Navy Department
Special Assistant to the Attorney General

*Raymond deS. Shryock*
RAYMOND deS. SHRYOCK
Commander, U.S. Navy
Attorney for U.S. Navy Department

Attorneys for Plaintiff

Received of the United States of America copies of the foregoing Memorandum in Opposition to Motion of Fallbrook Public Utility District for a Continuance, and Points and Authorities in Opposition to Motion of Fallbrook Public Utility District for a Continuance.

*Phil D. Swing*
PHIL D. SWING
Attorney for Defendant

Dated: October 13, 1952

- 4 -

1466