---

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

FILED
OCT 17 1952
EDMUND L. SMITH, Clerk
By _____
DEPUTY CLERK

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff

Vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,

          Defendants

PEOPLE OF THE STATE OF CALIFORNIA

          Defendants in Intervention

NO. 1247- Civil

MOTION TO RECONSIDER AND VACATE ORDER TRANSFERRING TRIAL TO CENTRAL DIVISION FROM SOUTHERN DIVISION.

      Comes now defendant FALLBROOK PUBLIC UTILITY DISTRICT and respectfully moves the above entitled court to reconsider and vacate the order dated September 29th 1952 and filed in the above entitled action on the same day decreeing that the trial of the above entitled cause as to the defendants Fallbrook Public Utility District, Santa Margarita Mutual Water Company and the State of California be transferred to and the said trial held in Court room 7 of the Central Division in the Courthouse and Post office building at Los Angeles instead of at the U. S. Customs and Court house building at San Diego, California, on the ground that said order was made by the court ex parte and without notice to any of the parties herein and without affording any opportunity to any

-1-

1574

1  of the parties to be heard thereon and without hearing evidence
2  regarding, or giving consideration to, or making a determination
3  upon the matter of the convenience of the parties and their
4  witnesses.
5       Said motion will be made upon the ground that the Court
6  was without power or authority to make said order ex parte and
7  without notice or hearing/on the question of the convenience of
   <small>and as determination</small>
8  the parties and their witnesses and that the same is in violation
9  of Section 1404 of the U. S. Code Judiciary and Civil Procedure.
10      Said motion will be made and based upon the records,
11 papers and files herein ~~and on the affidavit of Phil D. Swing~~
12 ~~attached hereto and made a part hereof~~.
13      Dated this 17 day of October, 1952.

SWING, SCHARNIKOW & STANIFORTH

BY  /s/ Phil D. Swing
Attorneys for defendant
FALLBROOK PUBLIC UTILITY
DISTRICT

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-2-

1575

(SPACE BELOW FOR FILING STAMP ONLY)

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DIVISION OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

  vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California, et al.,

    Defendants

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants in Intervention.

NO. 1247-Civil

POINTS AND AUTHORITIES IN IN SUPPORT OF MOTION TO RECONSIDER AND VACATE ORDER TRANSFERRING ABOVE ENTITLED ACTION TO COURT ROOM 7 OF THE CENTRAL DIVISION.

  It would appear that the order was drawn on the assumption that it was within the provisions of Section 1404 Title 28. U. S. Code Judiciary and Judicial Procedure. That section reads as follows:

  §1404 Change of Venue

  "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

  (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the

1576

discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending."

Subdivision (b) and (c) do not appear to be applicable to the present situation since (b) is based upon stipulation and consent while (c) is restricted to transfers wholly within the same division. Subdivision (a) might conceivably be interpreted as authorizing the district court to transfer its civil action either "for the convenience of parties and witnesses" or "in the interest of justice". However, such is not the construction or interpretation placed upon it by the notes of the reviser of the 1948 Version of the Judiciary and Judicial Procedure. These notes on Section 1404(a) read as follows:

"Subsection (a) was drafted in accordance with the doctrine of forum non conveniens permitting transfer to a more convenient forum even though venue is proper - - - The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses and further that it is in the interest of justice to do so".

(Emphasis added)

In the U. S. Vs National City Lines 337 U.S. 78,81, Chief Justice Vinson after referring to Section 1040a said:

"- - - The government urges us to disregard the reviser's notes which were printed in the House reports.

-2-

1577

    We cannot accept this position for the reasons
discussed in our previous decisions today. The reviser's
notes are so obviously authoratative in perceiving the
meaning of the code that the government itself in
discussing a section other than the Section 1404a
refers to them in its brief in this case. We have
already had occasion to look to the reviser's notes.

The court then appended to its decision the reviser's notes to Section 1404(a) appearing in H.R. Rep. No. 308, 80th Cong. 1st session and H.R. Report No. 2646 79th Congress 2nd Session above quoted.

    In Adamowski vs. Bard 193 Fed (2) 578, 581 the court said:

    "The (reviser's) notes are authoratative in interpreting
Title 28 USC" See United States v. National City Lines
337 U.S. 78, 81."

    In United States vs. Baldi 195 Fed (2) 815, 821, the court added a foot note to the decision and after quoting one of the reviser's notes then declared:

    "The notes are to be regarded as authoratative in
interpreting the meaning of the code. United States
vs. National City Lines 337 U.S. 78,81."

    Of course the last two cases did not directly involve the interpretation or meaning of Section 1404(a) of the Judiciary and Judicial Procedure Act but only the general principle as to the weight to be given the Reviser's notes. However, we find that the case of United States v. National City Lines was tried by Judge Yankwich who wrote an able opinion therein reported in 80 Fed. Supp 734 wherein at page 738 Judge Yankwich quoted the Reviser's notes under subsection 1404(a) and himself emphasized the word "requires" where it appears in those notes so as to make it read as follows:

    "The new subsection <u>requires</u> the court to determine that
the transfer is necessary for convenience of the parties

-3-

1579

and witnesses and further that it is in the interest of justice to do so. (Emphasis added)"

In that case, unlike the present one, the court did hear evidence in the form of affidavits and did make a determination as to the convenience of parties and witnesses. At page 742 the court said:

"I considered the convenience of parties and witnesses as one of the criteria in determining whether a transfer should be made."

and again at page 744 the court said:

" I agree that when the section speaks of the convenience of parties and witnesses *it* *means* *that* *the* *convenience* *of* *both* *sides* *must* *be* *examined*."(Emphasis Added)

From the foregoing it appears to us that Your Honor at that time considered that the section required not only the determination that the transfer was "in the interest of justice" but also that it was for "the convenience of parties and witnesses".

Not having taken evidence on that question and not having allowed the parties to be heard on the issue, we believe that the Court exceeded its jurisdiction in making the transfer order based solely on the consideration and the determination that it was in the interest of justice and therefore the Order should be vacated.

DATED: October 17 1952.

Received Copy of within Motion and Points and Authorities in Support thereof this 17th day of October 1952

David W. Agnew
Attorney for Plaintiff

Respectfully Submitted,

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

-4-

1579