FILED

DEC - 8 1952

EDMUND L. SMITH, Clerk
By *[signature]*
       Deputy Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                          )   No. 1247 SD Civil
            Plaintiff,    )
    v.                    )   ORDER ON AFFIDAVIT
                          )      OF PREJUDICE
FALLBROOK PUBLIC UTILITY DISTRICT, )
etal.,                    )
            Defendants.   )

Because of the pendency in the Court of Appeals for the Ninth Circuit of an Order to Show Cause dated October 28, 1952, which orders this court to stay the trial and proceedings as to defendant Fallbrook Public Utility District, this court can take no action relating to the affidavit of prejudice filed this date by the Fallbrook Public Utility District until the decision upon the Order to Show Cause has been made by the Court of Appeals. The court having this day and before the filing of the affidavit of prejudice, continued the trial of this cause as to the Fallbrook Public Utility District to December 30, 1952, the motion for disqualification is continued to such time and date for action, to be continued until a further date, unless the Court of Appeals has made its decision upon the Order to Show Cause by that date.

Dated: December 8, 1952.     *[signature]*
                             ─────────────
                                 JUDGE.

1643

COPY RECEIVED

*Affidavit Stricken 12-30-52 pursuant order court E.L. Smith*
*By John A. Childress Deputy Clerk*

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
FRANKLIN 9-1131

(SPACE BELOW FOR FILING STAMP ONLY)



FILED
DEC - 8 1952
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CENTRAL DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California;

SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California; et al.

    Defendants;

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants in Intervention.

CIVIL NO. 1247-SD

AFFIDAVIT OF BIAS AND PREJUDICE

STATE OF CALIFORNIA )
        ) ss
COUNTY OF SAN DIEGO )

   VICTOR B. WESTFALL, being first duly sworn, deposes and says:

   That he is the President of the Board of Directors of the FALLBROOK PUBLIC UTILITY DISTRICT, a defendant herein, and that he has only recently been able to secure and read a copy of the official Court Reporter's transcript of the proceedings which have taken place in the separate trial of defendant SANTA MARGARITA MUTUAL WATER COMPANY and Intervener, State of California, in the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,

-1-

1844

CENTRAL DIVISION, HONORABLE LEON R. YANKWICH, JUDGE PRESIDING, in the case of UNITED STATES OF AMERICA, Plaintiff, vs. FALLBROOK PUBLIC UTILITY DISTRICT et al., Defendants, No. 1247 S.D. Civil. That the said Judge before whom the above entitled matter is pending and before whom this defendant's separate trial is to be heard, has a personal bias and prejudice against defendant FALLBROOK PUBLIC UTILITY DISTRICT, and in favor of the plaintiff UNITED STATES OF AMERICA.

That the facts and reasons for such belief are as follows:

1. That affiant is informed and believes and therefore alleges the fact to be that said judge in open court, and according to the official Court Reporter's transcript, (Volume 1, page 5) made the following statement on October 29, 1952:

"I am making this statement because I feel very strongly that the Fallbrook Public Utility District does not want the case tried at all, regardless of what their attorney says in court. It happens that I receive through the mail clippings, so I know what the directors of the District say, and only recently one of the directors said that he would see to it that this case is kept in the Courts as long as the Vail case was, fourteen years. And it is very significant that this motion objecting to my removal of the case was not made until after I denied a motion to continue it once more, about the third or fourth that had been made."

That is not true, so far as this affiant knows, that any director of the District said or was quoted in any newspaper as saying what the Judge charged the director with having said.

That by said statement, the said Judge showed that he had a feeling or conviction that the attorney for defendant was not telling the truth to the court and that the defendant was threatening and intending to carry on a course of conduct or procedure

with reference to the said litigation which was highly improper and highly displeasing to the said judge.

2. Affiant is further informed and believes and therefore alleges the fact to be that said judge, in open court, and according to the official Court Reporter's transcript of said proceedings, (Volume 1, page 6, 7 and 8) made the following statement:

"So, gentlemen, this case will be continued so far as the Fallbrook Public Utility District is concerned for a period of time to give them a chance to have a ruling made. I have figured the time, and I think they have shortened it and made it returnable in 10 days. I am sure the judges of that court can give a quick decision <u>and not play into the hands of people who desire to wait until Congress meets in order that this case may be taken away from here.</u>
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*"

"So, gentlemen, I will continue the case against the Fallbrook Public Utility District because the prohibition against me in both instances relates only to the Fallbrook Public Utility District, it did not say anything as to the other defendants, and the case will proceed immediately as to the others as to whom this trial relates, that is, the Santa Margarita Mutual Water Company and the State of California, who since the complaint in intervention has become <u>a partisan of the Fallbrook Public Utility District.</u> The case will proceed against them, with the understanding that I mentioned before that if because of lack of opportunity to examine the premises a delay should be necessary, later on I will give them a delay."

"I have already arranged to get this building I have mentioned in San Diego, and, <u>win or lose,</u> the moment this matter is disposed of against the Fallbrook Public Utility District, the Fallbrook Public Utility District will be

-3-

1646

<u>compelled</u> to start in, and we will send you home while they catch up, the way we do in condemnation cases. But this case is proceeding right now against the Santa Margarita Mutual Water Company. It is continued as to the Fallbrook Public Utility District."

That by said statement the judge showed that he had the feeling or conviction that defendant Fallbrook Public Utility District was on one side of a "tug-of-war" and the judge was on the other side to see whether the judge should "win or lose" the chance to try the case before Congress could act to settle the controversy by legislation. Other defendants, such as the State of California, were classified as "partisans of Fallbrook" depending upon their attitude towards the "tug-of-war".

3. That affiant is further informed and believes and therefore alleges the fact to be that said judge in open court, and according to the official Court Reporter's transcript of said proceedings, (Volume 1, page 10) made the following statement:

"Now, gentlemen, that is the order I make. I did not know until I went on the bench what I was going to do. I thought of immediately moving the case to San Diego because we have a place there we can move to now, and Judge Weinberger has agreed to vacate the large court room and let us use it. We can stay there, or we can move to the other place, but I do not think we ought to do it, because I have another Judge coming there. And I want to say this, that <u>I regret that public opinion does not assert itself to defend our rights in this case. It is to be regretted that in the city of San Diego, after all the trouble we have gone to give them a resident judge, and now a second judge, its newspapers are countenancing these methods by the manner in which they write up the stories,</u> so that the judges of the court find themselves confronted with a

-4-

1647

situation where they simply cannot go down to the Plaze to hold court, and are in the position where they have to go to San Francisco to defend themselves against <u>one litigant, who is determined to have Congress settle this law suit, and not this court.</u> And if I speak with feeling it is because I want the record to show every movement, and <u>I will bet that if this is lost, Mr. Swing will make some other move in the hope that ultimately his client will be out of the case.</u>"

"Now, the other defendants are in the case, and as to them, no writ of court exists to bind me, and this case will go on right now, gentlemen. <u>I will take a short recess while the representatives of the Fallbrook Public Utility District retire, because their presence is no longer necessary here</u>, and the case will proceed against the State of California and the Santa Margarita Mutual Water Company and I expect the representatives of the Government to be ready to put on their first witness."

That by said statement the judge further emphasized his feeling and conviction of a personal issue existing between himself and defendant FALLBROOK PUBLIC UTILITY DISTRICT and appealed to public opinion "to defend our rights in this case" and criticized the newspapers of San Diego for "countenancing these methods" of the defendant Fallbrook Public Utility District which, to the judge, appeared to be reprehensible.

4. That affiant is further informed and believes and therefore alleges the fact to be that said judge in open court, and according to the official Court Reporter's transcript of said proceedings, (Volume 1, page 12) made the following statement:

"I want to file for the record a copy of the teletype which Judge Denman sent to me yesterday.

I may say, gentlemen, this took me by surprise. I have

-5-

1648

have had a half a dozen things on my mind since I first heard about it, and when I read the order this morning I was not quite certain what I would do. Then when I realized that they had limited the order to the Fallbrook Public Utility District, I decided that the best thing to do was to take them at their word. It may be that they want to stop the entire case. It may be, but I will not stop it until I am told to do so. So when lawyers become technical, judges can become technical, too, and I am going to go by the order of the court.

"Maybe they intended to stop the case altogether, but, if so, they did not spell it out, and they will have to spell it out before they will stop me. So if I am taking a rather technical, narrow view, it is because I realize all these moves are not made in good faith, and there is a gross attempt here, with the aid of certain groups, to stop this court and stop its jurisdiction. They can go to Congress and try to stop it, but they cannot stop it unless some higher court tells me in very explicit language not to go on."

That by said statement the judge showed that he held the conviction that defendant Fallbrook Public Utility District was not acting in good faith and that moves made by it in the litigation constituted an improper attempt to interfere with his court and its jurisdiction, which he resented.

5. That affiant is further informed and believes and therefore alleges the fact to be that said judge, in open court and according to the official Court Reporter's transcript (Volume 1, page 37) made the following statement:

"Let us have an understanding right here. I want Mr. Veeder's name left out of this case. He has been used as a whipping boy and the Fallbrook Irrigation District and all the

-6-

1649

parties have agitated this case before the Congress and did more than anyone else in their power to get him out of the case. Now he is out of the case and I don't want his name even mentioned unless he is a party to a stipulation or something of that sort.

"I am not interested in what Mr. Veeder said or thought about the case because everyone has succeeded in getting him out of the case and apparently he is glad to be out of the case. They even succeeding in cutting off a month of his salary while he worked on this case. I think really I am responsible for it because he felt that he did the work because I requested him to do it."

The defendant Fallbrook Public Utility District had nothing to do with Mr. Veeder's being out of the case but the statement shows that the judge has a feeling and conviction that defendant Fallbrook Public Utility District was guilty of unfair conduct and practices with reference to the attorney for the plaintiff in the case, which the court resented.

6. That affiant is/further informed and believes and therefore alleges the fact to be that said judge, according to the official Court Reporter's transcript (Volume 7 page 761) made the following statement on November 18, 1952:

" We had a lot of publicity before we wanted it, but, then, when the presentation of the testimony began, which would puncture some of the bubbles and explode some of the fiction of "The Fallbrook Story", we were given the absent treatment. You have noticed that neither Mr. Ainsworth nor anybody else who has been writing so eloquently has been in court to listen to what is going on. They do not want this to be a simple lawsuit. They would rather follow Mr. Swing on his trips up and down the coast to San Francisco, trying to stop, first, the separation of

-7-

1650

the trial, and now to stop me from going on. * * * * *"

"So, because of this situation, I am glad that at least the record shows that a lot of the work that we have done has not been just lost motion, but has been an <u>honest endeavor on the part of the court</u> <u>and counsel</u> to resolve the conflict between the various interests in this particular case, in the only American way in which they can be resolved, and that is by judgment of the court."

"As a matter of fact, if Mr. Swing were more interested in the future than in the momentary victory he thinks he is going to gain through the McKinnon bill, he would join us in calling for an immediate determination. * * * *"

"The Fallbrook Story" is a documented, factual, pictorial representation of plaintiff's demands as set forth in its complaint and portrays the impact of the filing of the lawsuit on the community of Fallbrook and the results which could follow if plaintiff's claims were recognized and allowed and judgment entered as prayed for, together with a representation of some of defendant Fallbrook Public Utility District's claims which will be advanced by it in the pending litigation.

Fallbrook Public Utility District did not produce or sponsor "The Fallbrook Story". It was produced by an amateur film producer, Charles M. Peters, of Los Angeles, and the script was written by Ed Ainsworth of the Los Angeles "Times", both donating their services to tell the story of thousands of farmers in the Fallbrook Public Utility District and vicinity being sued by the Federal Government over their water rights. Citizens individually raised the money to pay the actual cost of the film and its processing. Local people were the "characters" in the play, one of whom was affiant, Victor B. Westfall, then a director and now president of the Board of Directors of the Fallbrook Public Utility District,

-8-

1651

who, as a pioneer character in the community explains Fallbrook's 50 years of development from sagebrush to homes and avocado and citrus groves through the use of water.

That at the time of making said remarks, the court had heard only the evidence of the plaintiff and had heard none of the evidence of any of the defendants and by said statement the court showed that he had already formed an opinion and expressed a conviction that plaintiff's testimony was true, and that claims and representation, that defendant Fallbrook Public Utility District might make, such as represented in "The Fallbrook Story", were untrue and mere fiction. That Defendant has a meritorious defense.

7. That affiant further is informed and believes and therefore alleges the fact to be that said judge, in open court and according to the official Court Reporter's transcript (Volume 10, page 1025) in response to Mr. Dennis's remarks calling the Judge's attention to certain pending proceedings in the United States Court of Appeals which might affect the current trial, made the following statement on November 25, 1952:

> * *"It is quite evident that they discovered too late that they could not do anything except as to the particular party which sought the writ. Even now they have not made the Santa Margarita Mutual Water Company or the State of California parties to the action, either by making them respondents or even by giving them notice, so I am not afraid, gentlemen, of anything we have done. But I do not want to have wasted the time of the Santa Margarita Mutual Water Company and the time of the State of California and my judicial time. <u>So in this case there will be no briefs filed. In other words, I am going to see to it that Mr. Agnew and Mr. Shryock, if some new writ is sought, will not be working on the case, that I will be the only one working on the case, so there will be nothing to stop</u>

-9-

1652

me from deciding it, and I may decide it after the arguments are concluded. <u>Frankly, I am certain they are going to try all sorts of things, because, despite all protests to the contrary, I am certain Mr. Swing's client is determined not to have this cause tried, not only as to him, but as to anybody else.</u> But he will have to have a better writ than he had last time to undo the work that we have done."

    That affiant is informed and believes and therefore alleges the fact to be that in said statement when said judge used the word "they" he referred to defendant Fallbrook Public Utility District and its attorney Phil D. Swing. That affiant is informed and believes and therefore alleges the fact to be that by the statement

> "Frankly, I am certain they are going to try all sorts of things, because, despite all protests to the contrary, I am certain Mr. Swing's client is determined not to have this cause tried, not only as to him, but as to anybody else"

the judge meant that defendant Fallbrook Public Utility District and its attorney would "try all sorts of things" even of doubtful and questionable nature in order to gain an advantage in the lawsuit and that by the statement "despite all protests to the contrary" the said judge implied and intended to imply that the defendant Fallbrook Public Utility District and its attorney were guilty of statements or representations made to the court in bad faith.

    8. That affiant is informed and believes and therefore alleges the fact to be that said judge, in open court and according to the official Court Reporter's transcript (Volume 10, page 1060) made the following statement on November 25, 1952:

> "It was your suggestion that certain legal problems be

-10-

1653

> briefed. And when I say "your suggestion" I mean all of
> counsel in this case, including Mr. Swing, because Mr.
> Swing collaborated up to and including the order on
> pretrial. He quit collaborating when I gave that decision,
> you see, because I did not decide the law the way he
> hoped I would."

That affiant is informed and believes and therefore alleges the fact to be that by said statement said judge implied and intended to imply that the attorney for the defendant Fallbrook Public Utility District, Mr. Swing, because the judge had decided a question of law against his contentions, could no longer be relied on to cooperate with the court, as is his duty as an officer of the court, in the proper trial and presentation of this defendant's case.

9. That affiant is informed and believes and therefore alleges the fact to be that said judge in open court and according to the official Court Reporter's transcript, replying to the following statement by Mr. Shryock, attorney for plaintiff:(Volume 12, page 1300) of the Court's proceedings November 28, 1952)

> "MR. SHRYOCK: Your Honor continued the case until next
> Tuesday. And assuming for a moment that we conclude this
> morning without having received any word as to anything,
> it would be just a little bit, not embarrassing, but a
> little bit difficult if we had to look forward to coming
> up next Tuesday"

made the following statement (Volume 12, pages 1334-1335):
> "I may say, gentlemen, that if the decision should come
> from the Court of Appeals which would authorize me to go
> on with the case immediately, because I will go on with the
> case regardless, because as I have already said I have
> secured a storeroom at 30th and University in San Diego.
> It is not a place that the lawyers will want to work in,

-11-

1654

but <u>I am not going to have the Court of Appeals used as a means of obtaining continuances.</u> I want to control this court myself and if they say that I have to try it in San Diego I can't throw out Judge Weinberger. I can't throw out Judge McLaughlin, who has flown here from Honolulu to use the little court room there, because there are some very important criminal cases. I can't throw out Judge McCulloch, who is coming there on the 4th and is going to stay for two months. I can't stop the business of the court, but at the same time I am not going to use the other business of the court as <u>a means of dragging this case along, as it has been, in order to justify the threat or boast made by the president of the public utility district that he will see to it that this case is kept in court as many years as the Vail case was.</u>" (All emphasis herein is added)

That it is not true that the "president of the public utility district" has ever threatened or boasted that he would see to it that this case is kept in court as many years as the Vail case was and such is not and never has been his wish or desire, and so far as he knows, that is not the wish or desire of any member of the Board of Directors of the Fallbrook Public Utility District, but the statement of the judge shows that he is convinced that affiant as president of the Fallbrook Public Utility District, is guilty of misconduct in connection with the trial of the case and that with the support of its Board of Directors, the District as defendant in this case is committed to an obstructive course of procedure, leading him, apparently, to believe that defendant Fallbrook Public Utility District has little merit to its case.

10. Affiant further states that the Affidavit of Prejudice was not filed sooner for the reason that the first knowledge affiant or the officers of the defendant Fallbrook Public Utility

-12-

1655

District had that the Honorable Leon R. Yankwich has a personal bias and prejudice against said District and its attorney was upon reading the said transcript of the court proceedings in the case of the separate trials of the United States of America against defendant Santa Margarita Mutual Water Company and Intervener, the State of California, which said trial was only concluded November 28th, 1952 and copies of the transcript therein were only secured by the Fallbrook Public Utility District (due to difficulties in securing copyists for transcribing the official Court Reporter's transcript), which said copies were received by said District on the following dates, to-wit:

November 24, 1952 - Volumes 1,2 and 3, representing Court proceedings for October 29, 30 and 31, 1952.

November 26, 1952 - Volumes 4 and 6, representing court proceedings for November 5 and 7, 1952.

November 28, 1952 - Volumes 7 and 9, representing court proceedings for November 18 and 20, 1952.

December 2, 1952 - Volumes 5 and 8, representing court proceedings for November 6 and 19, 1952.

Affiant further states that he verily believes that said Honorable Leon R. Yankwich has impressions, feelings and prejudices in his mind against the defendant Fallbrook Public Utility District and against its attorney Phil D. Swing which would take evidence to remove and that the personal prejudice of said judge would prejudice the defense of said defendant and make it impossible for the defendant Fallbrook Public Utility District to have a fair and impartial trial before said judge and that said defendant is entitled accordingly to have a trial before another United States judge.

*Victor B. Westfall*

Subscribed and sworn to before me this 3 day of December, 1952.

Notary Public in and for the County of San Diego, State of California.

-13-

1656

(SPACE BELOW FOR FILING STAMP ONLY)

1  SWING, SCHARNIKOW & STANIFORTH
   ATTORNEYS AT LAW
   SAN DIEGO TRUST & SAVINGS BUILDING
2  SAN DIEGO 1, CALIFORNIA
   FRANKLIN 9-1131

3

4

5  Attorneys for Defendant FALLBROOK PUBLIC
              UTILITY DISTRICT.
6

7

8               IN THE UNITED STATES DISTRICT COURT

9           IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                        CENTRAL DIVISION.

11 UNITED STATES OF AMERICA,            )
                                        )
12                      Plaintiff       )
                                        )   CIVIL NO. 1247-SD
13         vs.                          )
                                        )   CERTIFICATE OF COUNSEL
14 FALLBROOK PUBLIC UTILITY DISTRICT,   )
   a public service corporation of the  )   SUPPORTING AFFIDAVIT.
15 State of California;                 )
                                        )
16 SANTA MARGARITA MUTUAL WATER COMPANY,)
   a public service corporation of the  )
17 State of California; et al.          )
                                        )
18                      Defendants;     )
                                        )
19 PEOPLE OF THE STATE OF CALIFORNIA,   )
                                        )
20                  Defendant in        )
                    Intervention.       )
21 _____)

22         SWING, SCHARNIKOW & STANIFORTH are counsel of record for

23 for defendant FALLBROOK PUBLIC UTILITY DISTRICT in the above

24 entitled action, but PHIL D. SWING of said firm has been, at all

25 times, in charge of said case for said defendant and has had the

26 exclusive responsibility for the preparation for trial of its case

27 and is the only member of said firm who knows anything about the

28 facts or merits of said case; that I, the undersigned PHIL D. SWING

29 for himself and for said firm do hereby certify that the above

30 and foregoing affidavit made by VICTOR B. WESTFALL, President of

31 the Board of Directors of FALLBROOK PUBLIC UTILITY DISTRICT, a

32
                              -1-

                                                        1857

1  defendant in said action, and made by him on behalf of said
2  defendant corporation was and is made in good faith.
3       Dated: December 8, 1952.

                                          Phil D. Swing

                              of SWING, SCHARNIKOW & STANIFORTH
                              604 San Diego Trust & Savings Bldg.
                              San Diego, California

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO } ss.
STATE OF CALIFORNIA

No. CIVIL NO. 1247-SD

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO } ss.
STATE OF CALIFORNIA

No. 1247-SD CIVIL

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO } ss.
STATE OF CALIFORNIA

No. CIVIL NO. 1247-SD

MARIAN W. ALLEN ................ being duly sworn, says, that affiant is a citizen of the United States, over 18 years of age, a resident of San Diego County and not a party to the within action

That affiant's business address is 604 San Diego Trust & Savings Bldg. San Diego, California

That affiant served the attached AFFIDAVIT OF BIAS AND PREJUDICE and CERTIFICATE OF COUNSEL SUPPORTING AFFIDAVIT by placing a true copy thereof in an envelope addressed to Mr. George G. Grover, Assistant Attorney General of the State of California

at his office address, which is 600 State Building, San Francisco, California

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on December 8, 1952 ........, 195...., deposited in the United States Post Office Mail at San Diego, California. That there is delivery service by the United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me

December 8, 1952

Marian W. Allen

Notary Public in and for the County of San Diego, State of California
(SEAL)

1660

FORM 17-A CO. CLK. 5M 10-50 ACME