**FILED**

DEC - 9 1952

EDMUND L. SMITH, Clerk
By John A. Childress
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

          Defendants,

THE PEOPLE OF THE STATE OF CALIFORNIA,

          Defendants in Intervention.

No. 1247-SD

O R D E R

    The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

    Upon the grounds stated in the Opinion filed herewith, Judgment and Declaration quieting Title of the Government will be entered. Such Judgment and Declaration to contain the following specific Findings.

    1.   Of the Government's acreage involved in this litigation, 37,882.2 acres lie in the water shed of the Santa Margarita River and are riparian to it.

    2.   Of this acreage in the watershed, 18,648.3 acres can be irrigated profitably according to the standards recognized by the Soil Conservation Service of the Department of Agriculture.

    3.   The riparian acreage of the Vails is 40,575 acres, of which 29,410 acres can be profitably irrigated. These lands are within the watershed of the stream and drain into it. They have access to the stream and consti-

-1-

1899

tute one continuous piece, no part of which has ever been severed from its riparian rights.

4. The Vails have, at the present time, 4500 acres under irrigation.

5. On the basis of an irrigable acreage of 29,410 acres, 79,514 acre-feet of water could be applied profitably to the irrigable Vail lands.

6. The 18,648.3 acres of irrigable land of the Government in the watershed would call for a duty of water of 69,237 acre-feet of water per year.

7. As to such prospective use, the Government is entitled to a declaration that its right to such water is paramount to those claimed by Santa Margarita under its applications dated October 4, 1946 and November 12, 1947.

8. As between the Government and the Vails, their correlative rights are to be determined according to the stipulated judgment entered in the case entitled Rancho Santa Margarita v. Vail, et al, No. 43850, Superior Court, San Diego County, on December 27, 1940, as agreed to by stipulation entered between the Government and the Vails on July 8, 1952.

9. The military use is a riparian use and the Government's paramount rights extend to the full measure of the capable riparian agricultural use to which the lands can be put. The Government has put to beneficial use water to the extent of on an average of 9934 acre-feet per year. The present needed average is 11,000 acre-feet per year. This use is reasonable and beneficial. Included in this amount is 4806 acre-feet used on irrigated lands outside the watershed which the Government has acquired the right to use by prescription, unaffected by any administrative action by the Department of Water Resources of the State of

California.

10. A study of the water supply leads to the conclusion that not more than 12,500 acre-feet annually, under the most favorable circumstances, are available as a water supply at Camp Pendleton.

11. If the correlative rights of the two chief riparian owners are considered, there was not at the time of the filing of the appropriation notices by Santa Margarita in 1946 and in 1947, any surplus water supply to appropriate.

12. There is no surplus water supply at the present time subject to appropriation.

13. As Santa Margarita has not made any diversion and no permits for diversion or for construction of a dam have been issued by the State of California, injunction against further prosecution of the applications is not necessary. A declaration of right will suffice. The Court is certain that, in acting on any application, the State authorities will take into consideration the terms of this decision.

14. Findings and Judgments to be prepared by counsel for the Government declaring the rights and quieting title.

15. The adjudication here made and the Findings and Judgment shall be considered a partial adjudication of the claim herein under Rule 54 (b) of Federal Rules of Civil Procedure, be subject to revision, and not become final until the claims of Santa Margarita and Fallbrook are finally determined. (See, Reeves v. Beardall, 1942, 316 U.S. 283.)

DATED: December 9, 1952.

LEON R. YANKWICH
Chief U.S. District Judge

1701