**FILED**

FEB 24 1953

EDMUND L. SMITH, Clerk

By _John A. Childress_

Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

HONORABLE LEON R. YANKWICH, JUDGE

UNITED STATES OF AMERICA,

                    Plaintiff,

    vs

FALLBROOK PUBLIC UTILITY DISTRICT,
et al.,

                    Defendants.

The PEOPLE OF THE STATE OF CALIFORNIA

        Defendants in Intervention.

No. 1247-SD

ORDER CONCERNING
FINDINGS AND JUDGMENT

The Court signs and files its Findings of Fact
and Judgment in the above-entitled case on the trial on
the merits of the case as to Santa Margarita Mutual Water
Company, defendant, and the State of California as defendant
in intervention.

    The objections of the Santa Margarita Mutual Water
Company, defendant, and the People of the State of California,
defendant in intervention, to the Findings of Fact and the
Judgment prepared under the direction of the Court and pro-
posed by the plaintiff, and the proposed amendments to such
Findings of Fact and Judgment have been considered by the
Court and are overruled and denied. The Court, however,
has eliminated the text of the Opinion and Order dated
December 9, 1953, as superfluous and not properly part of

-1-

the Findings.

The Court is of the view that the Findings and Judgment, in the final form proposed, set forth correctly the facts and legal principles as found  by the Court in the Opinion and Order just referred to.

The Order which accompanied the Opinion was intended to set forth succinctly the manner in which the Court's conclusions on some of the principal issues are to be transmuted into Findings.  This, in conformity with a practice adopted by this Court in certain types of cases. (See, United States v. Richfield, 1952, D.C. Cal., 99 F. Supp. 284, 297)  Neither the Opinion nor the Order by its terms was to take the place of formal Findings. Indeed, the Order stated that

> "Judgment and declaration quieting title
> will be entered. Such judgment and declara-
> tion to contain the following specific
> findings.".

Fifteen specific findings to be included in the formal Findings were then set forth.  This clearly contemplated future action. So did also the later action of the Court in granting the defendants time to file objections to the findings to be proposed.

The original Findings were lodged on December 29, 1952.  Originally, the Court had informed counsel that instead of the usual five days allowed under Local Rule 7, they would have fifteen days from that date in which to file objections and amendments. That time was extended to nearly six weeks, the defendants being given until February 10, 1953, in which to file objections to the new matters contained in the amended draft.

These actions, memorials of which are on the

1905

Minutes of the Court, show clearly that at no time was
it the intention of the Court to consider the Opinion and
the Order for Findings as anything but an intermediate
step. Nevertheless, counsel for the defendants filed on
February 7, 1953, a Notice of Appeal from the Order.

I have disregarded the notice as premature. For,
as of that day, there is no Order or Judgment from which
an appeal will lie. The Findings and Judgment which I have
ordered entered as of this date are the Findings and
Judgment of the Court in the case after partial trial.
Subject to the exception noted in Paragraph 17 of the
Judgment (Rule 54(b) Federal Rules of Civil Procedure),
they constitute a final order from which an appeal will
lie. (28 U.S.C A., Sec. 1291)

These statements are made in order that counsel
for the two defendants will understand the Court's position,
and will not jeopardize their rights of appeal by failing
to file a new Notice of Appeal from the Judgment this day
entered. Otherwise, they may find themselves appealing
from an Order which is not final, and, in my view, a pre-
mature appeal cannot be given validity by any stipulation
of parties, or by an extension of time to docket the appeal,
as counsel for the State suggested when these facts were
called to his attention.

As to the objections and the proposed amendments,
I desire to state that I have considered them all. Some of
them involve a mere change of verbiage which could very
well be granted, except that, in the interest of economy of
time, such action would not now be advisable. Over two and
one-half months have elapsed since the Court's decision
was announced. Others challenge the conclusion of the Court
as to certain matters such as the prescriptive rights

-3-

acquired by the plaintiff and its predecessors to water
used outside the watershed.

I realize the earnestness of counsel in the case.
But the conclusions reached were the result of long con-
sideration. Some of the legal principles ultimately de-
clared were anticipated in the Opinion on Pretrial Questions
which, at the request of counsel for these defendants and
of the Fallbrook Public Utility District, the Court
agreed to consider and determine in advance of trial.

Further argument or discussion will not change
the position taken. I am also of the view that some of
the suggested negative findings and conclusions have no
place in the Findings and are anticipatory of claims that
might be asserted in the future.

Hence the Order just made rejecting the amendments
and approving and signing the Findings of Fact and Con-
clusions of Law proposed by the Government and lodged
with the Clerk on February 10, 1953, with the elimination
of the text of the Opinion and Order dated December 9, 1953.

It is not customary to make any comment in ruling
on Findings, although I have done it in at least one other
instance. (See, Brooks Bros. v. Brooks Clothing of Cali-
fornia, 1945, D.C.Cal., 5 F.R.D. 14.) But the nature of
the case, the fact that some of the actions of this Court,
even the determination of questions of law in advance of
trial <u>at the request of counsel for the three chief defend-
ants in the case</u>, have been the subject of misinterpreta-
tion, and the Court's desire to avoid any disadvantage
accruing to the two defendants from their filing of the
premature Notice of Appeal, which they have declined to
allowed me to strike from the files, although such action
was suggested to them by letter written by the Clerk of this

-4-

F—1404

U. S. GOVERNMENT PRINTING OFFICE : 1947

1   Court, - I am making this statement so that the record

2   will show conclusively that no appealable order was

3   entered in this case prior to this date.

4       DATED this 24th  day of February, 1953.

5

6

7   * Chief U.S. District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32