LODGED
FEB 10 1953
3:40 P.M.
EDMUND L. SMITH, Clerk
By_____
Deputy Clerk

1  DAVID W. AGNEW
   Special Assistant to the
2     Attorney General

3  RAYMOND deS. SHRYOCK
   Attorney for the Department
4     of the Navy
   Room 411-A, Fox Theater Building
5  720 "B" Street
   San Diego, California
6

**FILED**

FEB 24 1953

EDMUND L. SMITH, Clerk
By_____
Deputy Clerk

7

8          IN THE UNITED STATES DISTRICT COURT
9      IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
              SOUTHERN ~~GENERAL~~ DIVISION

10  UNITED STATES OF AMERICA,      )
11                  Plaintiff      )
12          v.                     )      No. 1247-SD
13  FALLBROOK PUBLIC UTILITY DISTRICT, )
       et al.,                     )
14                                 )
                    Defendants,    )
15                                 )
   THE PEOPLE OF THE STATE OF CALIFORNIA, )
16                                 )
        Defendant in Intervention. 2 )
17

**JUDGMENT**
DOCKETED AND ENTERED.

FEB 25 1953

EDMUND L. SMITH, Clerk
By_____
Deputy Clerk

18                  J U D G M E N T

19          The above-entitled case, having come on regularly for

20  trial in open court without a jury, the Court having heard the

21  evidence therein, having inspected the properties involved, having

22  heard the arguments of counsel, and all propositions of law having

23  been thoroughly briefed, and having entered an order and opinion

24  dated December 9, 1952, stating that a judgment will be entered

25  quieting the title of the United States of America in and to its

26  rights to the use of water in the Santa Margarita River against the

27  adverse claims of the defendant Santa Margarita Mutual Water Company;

28  findings of fact and conclusions of law having been duly entered in

29  this Court disclosing the salient facts and principles of law

30  determined herein;

31          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

32          1.  The United States of America is the owner in fee

1909
~~220~~

simple of approximately 135,000 acres of land situated in the Counties of San Diego and Riverside, State of California, together with the appurtenant rights to the use of water hereinafter described.

2.  Of the acreage of the United States involved in this litigation, 37,882.2 acres lie in the watershed of the Santa Margarita River and are riparian to it.

3.  Of that riparian acreage in the watershed, 18,648.3 acres can be practicably and profitably irrigated.

4.  The riparian acreage of the Vail Estate is 40,575 acres, of which 29,410 acres can be profitably irrigated.  These lands are within the watershed of the stream and drain into it. They have access to the stream and constitute one continuous piece, no part of which has evern been severed from its riparian rights.

5.  The Vail Estate has, at the present time, 4,500 acres under irrigation.

6.  On the basis of an irrigable acreage of 29,410 acres, 79,514 acre-feet of water could be applied profitably to the irrigable lands of the Vail Estate.

7.  The 18,648.3 acres of irrigable land of the United States in the watershed would call for a duty of water of 69,237 acre-feet of water per year.

8.  As to such prospective use, the United States is entitled to a declaration that its right to such water is paramount to those claimed by the Santa Margarita Mutual Water Company under its applications dated October 4, 1946, and November 12, 1947.

9.  As between the United States and the Vail Estate, their correlative rights are to be determined according to the stipulated judgment entered in the case entitled Rancho Santa Margarita v. Vail, et al., No. 42850, Superior Court, San Diego County, on December 27, 1940, as agreed to by stipulation entered between the United States and the Vail Estate on July 8, 1952.

1910

221

10.   The military use is a riparian use and the paramount rights of the United States extend to the full measure of the capable riparian agricultural use to which the lands can be put. The United States has put to beneficial use water to the extent of on an average of 9,934 acre-feet per year.  The present needed average is 11,000 acre-feet per year.  The peace-time needs of present plans of the Marine Corps are 23,500 acre-feet of water annually from the Santa Margarita River.  These quantities are all reasonable and beneficial uses.  The maximum demand in the event of full mobilization is a quantity which does not exceed the duty of water for the maximum agricultural use to which the United States would be entitled under its riparian rights.

Included in the quantities of water actually used are 4,806 acre-feet used on irrigated lands outside the watershed which the United States has acquired the right to use by prescription, un-affected by any administrative action by the Department of Water Resources of the State of California.

In addition the United States of America has acquired by prescription the right to divert and impound annually in Lake O'Neill 4,300 acre-feet of water.

11.   A study of the water supply leads to the conclusion that not more than 12,500 acre-feet annually from the Santa Margarita River, under the most favorable circumstances, are available as a water supply at Camp Pendleton.

12.   If the correlative rights of the two chief riparian owners  / the United States of America and the Vail Estate / are considered, there was not at the time of the filing of the appro-priation notices by the Santa Margarita Mutual Water Company in 1946 and 1947, any surplus water supply to appropriate.

13.   There is no surplus water supply at the present time subject to appropriation.

14.   Each and every right to the use of water of the

- 3 -

1911
222

1  United States of America in the Santa Margarita River which has

2  been proved in this case and reflected in the findings of fact and

3  conclusions of law are prior and paramount to every right asserted

4  by the defendant Santa Margarita Mutual Water Company.

5        15.  As the Santa Margarita Mutual Water Company has not

6  made any diversion and no permits for diversion or for construction

7  of a dam have been issued by the State of California, injunction

8  against further prosecution of the applications is not necessary.

9  A declaration of right will suffice.  The Court is certain that, in

10  acting on any application, the State authorities will take into

11  consideration the terms of this decision.

12        16.  It is further ordered, adjudged and decreed that

13  the rights, title, and interest of the United States in and to the

14  rights to the use of water hereinabove described are quieted as

15  against the adverse claims of the defendant Santa Margarita Mutual

16  Water Company and the Defendant in Intervention the State of

17  California, and all parties claiming under them; and they and each

18  of them are forever barred from any and all claim of right, title

19  or interest in and to those rights to the use of water.

20        17.  The adjudication here made and the findings of fact and

21  judgment constitute a partial adjudication of the claims here involved

22  pursuant to the Federal Rules of Civil Procedure, Rule 54 (b) and

23  they are subject to revision and will not become final until the

24  claims of the Santa Margarita Mutual Water Company and the Fallbrook

25  Public Utility District are finally determined.

26        This Court reserves the right to grant to the United States

27  of America such further and additional relief as may be required to

28  effectuate this judgment.

29

30

31

32  Dated: *February 24, 1953*                    *Leon R. Yankwich*
                                             LEON R. YANKWICH
                                             Chief Judge

1912