```
 1  EDMUND G. BROWN, Attorney General
    GEORGE G. GROVER,
 2  Deputy Attorney General
    600 State Building
 3  Los Angeles 12, California
    Telephone: MAdison 6-1515
 4  Attorneys for Defendant in Intervention
    and Appellant People of the
 5  State of California'

 6  W. B. DENNIS,
    Route 1, Box 58, Fallbrook, California
 7  Attorney for Defendant and Appellant
    Santa Margarita Mutual Water Company
 8
```

FILED
MAR 5 1953
EDMUND L. SMITH, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Civil No. 1247-SD |
|---|---|
| Plaintiff, | STATEMENT OF POINTS ON WHICH APPELLANTS INTEND TO RELY ON APPEAL |
| v. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; et al., | |
| Defendants, | |
| SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California, | |
| Defendant and Appellant, | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Defendant in Intervention and Appellant. | |

The points upon which appellants will rely on the appeal taken to the United States Court of Appeal for the 9th Circuit on February 7, 1953, are:

1. The court erred in holding that by virtue of its riparian rights plaintiff may use for military purposes, on non-riparian as well as riparian lands, the total amount of water which could be beneficially used for agricultural purposes on its riparian lands.

2. The court erred in holding that plaintiff has gained

1.

1861

1  prescriptive rights to water against upstream owners, appropriators,
2  and diverters.
3        3. The court erred in holding that the measure of
4  plaintiff's prescriptive rights on non-riparian land is the
5  amount of water that can be put to use on such land rather than
6  the amount of water that has been used on such land for the
7  necessary prescriptive period.
8        4. In connection with plaintiff's claim of prescriptive
9  rights, there is no evidence in the record, and the court failed
10 to find, as to the particular times and places of use of water
11 by plaintiff on non-riparian land, and as to whether or not such
12 use was reasonable and beneficial.
13       5. The court erred in finding that there is no surplus
14 water in the Santa Margarita River available for appropriation.
15       6. The court erred in holding that plaintiff may store
16 water by virtue of its riparian rights.
17       7. The court erred in holding: (a) that the amount
18 of plaintiff's riparian land is 37,882.2 acres; (b) that 18,648.3
19 acres of that riparian land can be profitably irrigated; (c) that
20 the annual water duty of said irrigable land is 69,237 acre feet;
21 (d) that the amount of riparian land of the Vails is 40,575 acres;
22 (e) that 29,410 acres of said riparian land of the Vails can be
23 profitably irrigated; and (f) that the annual water duty of said
24 irrigable land of the Vails is 79,514 acre feet.
25       8. The court erred in finding that plaintiff has put
26 to beneficial use an average of 9,934 acre feet per year.
27       9. The court's finding that plaintiff's present needed
28 average is 11,000 acre feet per year is erroneous in that it
29 is uncertain and does not by its terms relate to the water of
30 the Santa Margarita River only; if intended to relate only to
31 water from the Santa Margarita River, it is not supported by

the evidence.

10. The court erred in failing to adjudicate the claim of the People of the State of California to the absolute ownership of the water in the State of California, as alleged in the amended answer of the People of the State of California.

11. The court erred in failing to include in its decision a recognition of the current investigation and negotiation by the parties concerning the ownership by the People of the State of California of certain real property within the watershed of the Santa Margarita River and the riparian rights appertaining to said real property.

12. The court erred in denying the motion of defendant Santa Margarita Mutual Water Company to dismiss, to strike, and for an order directing plaintiff to file a more definite statement.

13. The court erred in ordering a separate trial on the merits as to defendant Santa Margarita Mutual Water Company, defendant Fallbrook Public Utility District, and defendant in intervention The People of the State of California.

W. B. DENNIS
Attorney for the
Santa Margarita Mutual Water Company

EDMUND G. BROWN
Attorney General
GEORGE G. GROVER
Deputy Attorney General
Attorneys for the
People of the State of California

By George G. Grover

Received a copy of the foregoing 4 March 1953

3.

1863