# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FALLBROOK PUBLIC UTILITY DISTRICT,
a Public Corporation,

                              *Petitioner,*

vs.

UNITED STATES DISTRICT COURT in and for the Southern District of California, Southern Division; and LEON R. YANKWICH, as Judge of said United States District Court,

                              *Respondents.*

No. 13,599

FILED
MAR 27 1953
EDMUND L. SMITH, Clerk
By _____
            Deputy Clerk

Before: DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

DENMAN, Chief Judge:

  Petitioner, Fallbrook Public Utility District, is seeking a writ of mandate against the United States District Court for the Southern District of California, Southern Division, and the Honorable Leon R. Yankwich, as Judge of said United States District Court, commanding them to refrain and desist from taking any further steps or proceedings to try the case or issues against the petitioner and commanding the respondents to make and enter an order vacating and setting aside the order dated September 29, 1952, for the transfer of said action, as to petitioner, from the Southern Division of the Southern District of California to the Central Division thereof.

  The litigation involved is an action by the United States, as a riparian owner, to quiet title to water rights along the Santa Margarita River and its tributaries. The purpose of the suit is to insure a water supply for the Camp Pendleton Marine Base. Over a thousand claimants to water from this river were named as defendants, but the United States moved for and was granted separate trials against petitioner and the Santa Margarita Mutual

1870

Water Company. Later, the State of California was permitted to intervene.

The action was commenced on January 25, 1951. On July 10, 1952, the Department of Justice Appropriations Act, 1953, was approved. Section 208(d) of that Act prohibited the use of the appropriated funds in the preparation or prosecution of this action. The Attorney General of the United States thereupon appointed a member of the staff of the Judge Advocate General of the Navy as a Special Assistant to the Attorney General to continue the prosecution of the action against the petitioner, to serve without compensation other than that received as an attorney of the Navy Department.

It is petitioner's contention that Section 208(d) deprived the Justice Department of authority to proceed with the action and that no other agency of the Executive Branch of the Government is authorized to expend moneys for attorneys to prosecute actions in the name of the United States, see 5 U.S.C.A. Sections 49, 306, 307, 309, 312, 314 and 316, and that therefore the district court should have suspended the action until the expiration of the Act. See Pueblo of Santa Rosa v. Fall, 273 U.S. 316, 319.

Section 208(d) provides as follows:

> "None of the funds appropriated by this title may be used in the preparation or prosecution of the suit in the United States District Court for the Southern District of California, Southern Division, by the United States of America against Fallbrook Public Utility District, a public service corporation of the State of California, and others."

This section confers no right upon the petitioner. It merely imposes a limitation upon expenditures and confers a right upon all of the people generally—a right that expenditures be made only as provided by law. The making of expenditures by an executive department is an executive function, and a federal court has no power, *per se*, to question the acts of the executive departments. "That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act." Massachusetts v. Mellon, 262 U.S. 447, 488. And this principle

1871

may only be applied "where the right invaded is a legal right—one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." Tennessee Power Co. v. T.V.A., 306 U.S. 118, 137-138. Thus, petitioner is not the proper party to raise the question of the validity of this expenditure.

Petitioner also seeks by its petition to attack a transfer of the action from the Southern Division of the Southern District of California to the Central Division thereof. The motion for the transfer was made by the intervenor, the State of California, upon the suggestion of the court because of the lack of courtroom space in the Southern Division. No objection was made by any other party at the time. A motion for a continuance and a brief on a question of law were filed by the petitioner after the transfer had been made. No objection to the transfer was made by the petitioner until after the motion for continuance was denied on October 17, 1952.

A federal court is authorized, in its discretion, to transfer proceedings from one division of a district to another, upon motion, consent, or stipulation of all of the parties. 28 U.S.C.A. § 1404(b). The question of transfer within the district is purely one of venue and may be waived if no timely and sufficient objection thereto is interposed. 28 U.S.C.A. § 1406(b). A "timely" objection is one interposed no later than the first pleading or motion of a party; all defenses and objections are waived if not presented either by motion or answer, except the defense of lack of jurisdiction or failure to state a cause of action. Rule 12(h), Federal Rules of Civil Procedure; see also, Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 168; Panhandle Co. v. Power Commission, 324 U.S. 635, 639. Thus, by filing motions and briefs, and by participating in hearings before the court, petitioner waived its objection to the transfer of venue.

The writ of mandate is denied.

(Endorsed:) Opinion. Filed Mar. 24, 1953. Paul P. O'Brien, Clerk.

PERNAU-WALSH PRINTING CO., SAN FRANCISCO.   3-25-53—150.

A TRUE COPY.
ATTEST:
Paul P. O'Brien,
Clerk.

1872