JOHN NEBLETT,
Attorney at Law,
500 Mission Inn Rotunda,
Riverside, California.

Telephone 0611

FILED

JUN 2 - 1953

EDMUND L. SMITH, Clerk
By _____
            Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff        )   CIVIL No. 1247-SD
                               )
         vs                    )
                               )   ANSWER OF CARL A. HARMER and
FALLBROOK PUBLIC UTILITY       )   EDITH SARAH HARMER, and AMENDED
DISTRICT, ETC., ET AL.,        )   ANSWER OF GEORGE CUMMINS and
                               )         META LEE CUMMINS
              Defendants       )

Defendants CARL A. HARMER, EDITH SARAH HARMER, GEORGE CUMMINS and META LEE CUMMINS, appearing for themselves and for no other defendant, answer the Complaint on file herein as follows:

I

Answering paragraph I of said Complaint, deny generally and specifically that these defendants, or any of them, have committed, or threatened to commit, an unlawful, or any, interference with plaintiff's right in or to the use of waters of and in the Santa Margarita River or any of its tributaries. These defendants are without sufficient information or belief to enable them to answer the remaining portions of said paragraph and, basing their denial upon such lack of information or belief, deny generally and specifically each and every other allegation, matter or thing set forth or alleged in said paragraph.

9326

## II

Answering paragraph II of said Complaint, these defendants admit that Camp Joseph H. Pendleton, near Oceanside, California, the United States Naval Ammunition Depot, Fallbrook, California, and the United States Naval Hospital at Camp Joseph H. Pendelton, are military establishments of the United States of America but, lacking sufficient information or belief to enable them to answer the remaining allegations of said paragraph II, and basing their denial upon such lack of information and belief, deny each and every other allegation, matter or thing set forth in said paragraph, excepting such matters as are herein specifically admitted.

## III

These defendants lack sufficient information or belief to enable them to answer the allegations of paragraph III of said Complaint and, basing their denial upon such lack of information or belief, deny generally and specifically each and every allegation, matter or thing set forth in said paragraph III.

## IV

Answering paragraph IV of said Complaint these defendants deny generally and specifically that they have in any way encroached upon or threatened the destruction of the basin referred to in said paragraph, or unlawfully intruded upon said basin, or unlawfully reduced the waters available to plaintiff.

## V

Answering paragraph V of said Complaint, these defendants allege that they were not parties to the action referred to therein entitled Rancho Santa Margartis, a corporation, plaintiff vs N. R. Vail, et al, being action #42850 in the Superior Court of the State of California, in and for the County of San Diego. Further answering said paragraph V these answering defendants deny generally and specifically that their rights were involved in or adjudicated in said proceeding, and further deny that the

adjudication in said action has any bearing upon the rights, titles or interests of these answering defendants involved in this action.

VI

Answering paragraphs VI and VII of said Complaint, these answering defendants lack sufficient information or belief to enable them to answer the allegations of said paragraphs and, basing their denial on that ground, deny each and every allegation contained in said paragraphs VI and VII.

VII

Answering paragraph VIII of said Complaint these answering defendants deny generally and specifically that Plaintiff has a paramount right, or any rights, in and to the waters of the Santa Margarita River, or its tributaries, or in or to any subterranean basins in any amount, or at all, paramount to these defendants. These answering defendants are without sufficient information or belief as to the truth of the remaining allegations contained in said paragraph VIII and, basing their denial upon that ground, deny generally and specifically each and every allegation contained in said paragraph.

VIII

Answering paragraph IX of plaintiff's Complaint, these defendants deny generally and specifically each and every allegation, matter or thing therein set forth or alleged, excepting that these defendants admit that they have asserted, and do now assert, that they have the right to use all of the water produced and extracted from the lands hereinafter described and owned by these defendants or by any of them, and these defendants further allege that their rights are paramount to any rights of plaintiff. These defendants further admit that they claim the right to extract water from the Santa Margarita River and its tributaries, as well as any other creek, river or stream

to which their lands are riparian, and allege that the rights of these defendants are paramount to the rights of plaintiff. These defendants further allege that they have and assert the right to the use of water produced and extracted from and under their lands by means of wells, springs or other methods and to apply said water so produced and extracted to said lands in such quantities as the defendants can put to beneficial use and without waste; that said rights are paramount to the rights of plaintiff.

AND FOR FURTHER SEPARATE AND SECOND DEFENSE TO THE COMPLAINT HEREIN THESE DEFENDANTS ALLEGE:

I

That Defendants CARL A. HARMER and EDITH SARAH HARMER are, and for many years have been, husband and wife, respectively, and Defendants GEORGE CUMMINS and META LEE CUMMINS are, and for many years have been, husband and wife, respectively, and the said EDITH SARAH HARMER and META LEE CUMMINS are sisters; that the only interests of Defendants CARL A. HARMER and GEORGE CUMMINS in and to the hereinafter described real property and the water and water rights incident thereto, are such interests as said Defendants may have by reason of their being the husbands of Defendants EDITH SARAH HARMER and META LEE CUMMINS, respectively.

II

That Defendants EDITH SARAH HARMER and META LEE CUMMINS are now, and for many years have been, the owners and persons entitled to the possession of the following described real property located in the County of San Diego, State of California:

> PARCEL 1: The Northeast quarter of the Northwest quarter of Section 21, Township 9 South, Range 2 East, San Bernardino Base and Meridian.

PARCEL 2: The Northeast quarter of the Southwest quarter of Section 15, Township 9 South, Range 3 East, and the North half of the Southeast quarter of Section 15, Township 9 South, Range 3 East, and the Southwest quarter of the Southeast quarter of Section 15, Township 9 South, range 3 East, San Bernardino Base and Meridian.

PARCEL 3: The Northwest quarter of the Southwest quarter of Section 8, Township 9 South, Range 3 East, and the Northeast quarter of the Southwest quarter of Section 8, Township 9 South, Range 3 East, and the Northwest quarter of the Southeast quarter of Section 8, Township 9 South, Range 3 East, and the South half of the Southeast quarter of Section 8, Township 9 South, Range 3 East, San Bernardino Base and Meridian.

The Northeast quarter of Section 17, Township 9 South, Range 3 East, San Bernardino Base and Meridian.

III

These Defendants are informed and believe and, upon such information and belief, allege that the lands hereinabove described as Parcels 1 and 2 are not within the watershed of the Santa Margarita River but are in fact within the watershed of the San Luis Rey River; that if the lands comprising Parcels 1 and 2, as hereinabove described, are claimed by Plaintiff to be within the watershed of the Santa Margarita River and the water and water rights incident to said lands and Defendants' use thereof subject to adjudication in this action, these answering Defendants will ask leave of court to amend their answer to set forth their claim respecting water and their water rights incident to said Parcels 1 and 2.

IV

That the lands hereinabove described as Parcel 3 are riparian to the Santa Margarita River and to certain creeks and streams, including Rainbow Creek, which are its tributaries, and said Parcel 3 overlays large bodies of underground waters; that said Parcel 3 consists of approximately 360 acres of fertile and productive lands which are capable of and adapted to practical and profitable irrigation; that the lands comprising said parcel are, and for many years have been, used and devoted to

practical and profitable agrecultural purposes; that approximately 80 acres of said parcel is, and continuously for many years has been, maintained as a permanent lush green pasture upon which cattle and other livestock is, and has been profitably kept and pastured; that the remaining portion of said Parcel 3 is, and continuously for many years has been, practically and profitably planted and cultivated to hay, grain and other agricultural crops.

That the continued availability and use of the waters of the Santa Margarita River and its tributaries, as well as the underground waters beneath said lands is essential and necessary to maintain the productive value of the lands comprising said Parcel 3 and the crops grown and the pasturage maintained thereon, as well as to water livestock kept and pastured thereon.

V

That the rights of Plaintiff in and to the waters of the Santa Margarita River and its tributaries are subordinate, junior and subject to the riparian rights of these Defendants and are subordinate, junior and subject to the rights of these Defendants in and to the portion of said waters which have been acquired by appropriation and prescription and which is necessary to supply said lands of these Defendants with necessary water for irrigation and domestic uses and for the watering of livestock and subordinate, junior and subject to the rights of these Defendants to develop and use upon said lands all, or any portion, of the underground waters lying beneath said lands, without waste, either in the use, or the method of use thereof; and also subordinate, junior and subject to the rights of these Defendants to divert and apply to beneficial use upon said lands of these Defendants all of the waters of certain springs which flow upon certain portions of the above described parcel of land.

-6-

9331

AND FOR A FURTHER SEPARATE AND THIRD DEFENSE TO PLAINTIFF'S COMPLAINT THESE DEFENDANTS ALLEGE:

I

Re-allege the allegations contained in paragraphs I, II, III, IV and V of their Second and Separate Defense and incorporate same by reference as though fully set forth herein.

II

That Defendants are informed and believe, and, upon such information and belief, allege that all their said above described lands overlay a body of pervious material through which water slowly percolates; that said water which percolates through said pervious material does not move in any general direction and does not constitute a part of the surface or sub-surface flow of the Santa Margarita River or any of its tributaries, nor does it materially support the surface or sub-surface flow of said River or any of its tributaries. Defendants claim the right to use any and all water produced upon the above described lands for domestic use, for the purpose of irrigating crops as heretofore, or may hereafter, be grown upon said lands, to develop and maintain pasture thereon and to water cattle and other livestock, and for such other beneficial uses to which said waters may be applied without waste.

III

These Defendants claim the right to drill wells and extract water therefrom to be used upon their said lands for domestic irrigation or agricultural purposes.

AND FOR A FURTHER SEPARATE AND FOURTH DEFENSE TO PLAINTIFF'S COMPLAINT THESE DEFENDANTS ALLEGE AS FOLLOWS:

-7-

9332

I

Re-allege the allegations contained in Paragraphs I, II, and III of their Third and separate defense and incorporate same by reference as though fully set forth herein.

II

That for more than 45 years before the commencement of this action, and for more than 40 years before Plaintiff's acquisition to the property described in paragraph II of its Complaint, these Defendants, and their predecessors in interest, under claim of right so to do and in hostility to any and every claim of ownership, title and interest of plaintiff and of every owner of water or water rights or owners of the use of water or water rights within the watershed of the Santa Margarita River and its tributaries, openly, notoriously and continuously uninterruptedly and adversely extracted and withdrew from the surface and underground waters of the Santa Margarita River and its tributaries, waters in such amounts as were necessary to the maintenance of agricultural crops and lush green pastures grown, cultivated and maintained upon said lands, as well as for the watering of livestock kept and pastured thereon, all of said waters having been applied on said lands to beneficial uses without waste thereof, either in its use or method of use; that by reason of said continuous, adverse extraction and diversion of said waters and its application to beneficial uses by Defendants upon their said lands above described, these Defendants have acquired and own and enjoy a vested right presently, and continuously hereafter, to extract, divert and apply for beneficial uses upon their said lands, the waters of the said Santa Margarita River and its tributaries in an amount equal to that heretofore continuously used by them.

III

That Defendants' said vested rights by prescription in the

amount of water hereinabove set forth is guaranteed and protected under the provisions of the State and Federal Constitutions and any impairment or lessening or limiting of such vested rights, title or interest of Defendants is in violation of the Fourteenth Amendment to the Constitution of the United States being a deprivation of established property rights of these Defendants, without due process of law.

AND FOR FURTHER SEPARATE AND FIFTH DEFENSE TO THE COMPLAINT DEFENDANTS ALLEGE:

I

That the cause of action set forth in Plaintiff's Complaint is barred by Sections 318 and 319 of the Civil Procedure of the State of California.

WHEREFORE, these answering Defendants pray:

First: That Plaintiff take nothing by this action.

Second: That the court adjudge and decree that Defendants EDITH SARAH HARMER and META LEE CUMMINS are the owners of and entitled to the possession of the above described real property with the right to produce and extract any and all water from and under said real property, which will or may be needed for domestic, irrigation or agricultural uses upon said real property.

Third: That the Court adjudge and decree that Defendants EDITH SARAH HARMER and META LEE CUMMINS are entitled to take and divert any and all waters from the Santa Margarita River and its tributaries for domestic, irrigation or agricultural uses and apply said water upon the lands of said Defendants herein described.

Fourth: That Plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property, or in or to any and all waters which may be taken or extracted from said property or any springs thereon or from the Santa

1 Margarita River or any of its tributaries, for use upon said
2 property; and that Plaintiff be forever enjoined from asserting
3 any claim or claims thereto.
4     Fifth:  That Defendants have their costs herein
5 necessarily incurred and expended.
6     Sixth:  That these Defendants have such other and
7 further relief as the Court may deem just and proper.

                                    _____
                                    John Neblett.  Attorney for
                                    above named Defendants

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF RIVERSIDE )

Edith Sarah Harmer, being first duly sworn, deposes and says:  That I am one of the Defendants in the above entitled action; that I am making this verification on behalf of the other Defendants named in this Answer and on my own behalf.  I have read the foregoing Answer and know the contents thereof, and that the same is true of my own knowledge, except as to the matters which are therein stated on information and belief, and as to those matters I believe them to be true.

                                    Edith Sarah Harmer

Subscribed and sworn to before me
this 29th day of May, 1953.

_____
Notary Public in and for said
County and State.

-10-

9335

**UNITED STATES OF AMERICA**
Plaintiff
vs.
**FALLBROOK PUBLIC UTILITY DIST., et al.,**
Defendant

Case No. 1247

**AFFIDAVIT OF MAILING OF**
**Answer and Amended Answer**

State of California,
County of Riverside, } ss.

THE UNDERSIGNED, being first duly sworn, says: that affiant is a citizen of the United States and a resident of Riverside County, over the age of eighteen years and not a party to the cause herein; that affiant's business address is 3616 Main St., Riverside, Calif., California.

That on the 29th day of May 1953, affiant served a copy of the attached paper, to-wit: Answer and Amended Answer by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of Riverside California, addressed as follows:

U. S. Attorney
Betty Marshall Graydon
Assistant U. S. Attorney
325 West F. St.
San Diego 1, Calif

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 29th day of May, 19 53.

_Irma B. Strawn_
Signature of Affiant

G. A. PEQUEGNAT, County Clerk

By _____ Deputy

_C. A. Small_
Notary Public in and for the County of Riverside
State of California

9336