EDMUND G. BROWN, Attorney General
GEORGE C. GROVER, Deputy Attorney General
600 State Building
Los Angeles 12, California
MAdison 6-1515
Attorneys for Defendant in Intervention,
  The People of the State of California

W. B. DENNIS
Route 1, Box 58
Fallbrook, California
Telephone: Fallbrook 537
Attorney for Defendant, Santa Margarita
  Mutual Water Company

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,

    Defendants,

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant in Intervention.

Civil No. 1247-SD

STATEMENT OF POINTS
ON WHICH APPELLANTS
INTEND TO RELY ON
APPEAL.

    In connection with their respective appeals taken on July 24, 1953, from the judgment entered February 25, 1953, and the certificate issued July 1, 1953, The People of the State of California, Defendant in Intervention, and Santa Margarita Mutual Water Company, Defendant, herewith present their joint statement of points on which they intend to rely on their said appeals:

    1. The Court erred in determining that plaintiff owns 37,882.2 acres of land riparian to the Santa Margarita River:

    (a) The Court erred in failing to hold that a riparian right extends only to the smallest tract held under one

-1-

1893

title in the chain of title leading to the present owner.

      b. The Court erred in failing to find the number of acres in each tract of land located within the watershed of the Santa Margarita River and owned by plaintiff or the Vail Estate.

      c. The Court erred in failing to find the number of acres which are susceptible of practical and profitable irrigation in each tract of land located within the watershed of the Santa Margarita River and owned by plaintiff or the Vail Estate.

      d. The Court erred in failing to find the quantity of water which could be put to reasonable beneficial use on each tract of land located within the watershed of the Santa Margarita River and owned by plaintiff or the Vail Estate.

      2. The Court erred in failing to hold that the right to riparian water which stems from a particular tract of riparian land is limited to use on that tract.

      3. The Court erred in failing to limit plaintiff's riparian rights to use of water on its riparian lands.

      4. The Court erred in determining that all of plaintiff's past and present uses of water from the Santa Margarita River have been and are a reasonable exercise of its riparian rights and beneficial.

      5. The Court erred in determining that military use by plaintiff to the extent of the maximum agricultural use upon its riparian lands would be a reasonable exercise of its riparian rights.

      6. The Court erred in failing to determine what portion of plaintiff's present and contemplated use of water for military purposes is or will be on riparian land.

      7. The Court erred in failing to limit plaintiff's riparian rights to water which is available for use by it without seasonal or cyclic storage.

8. The Court erred in determining that plaintiff's riparian rights extend to any portion of the extraordinary and non-recurring flow, or the natural overflow, of the Santa Margarita River.

9. The Court erred in failing to provide that defendant Santa Margarita Mutual Water Company may appropriate and use water which plaintiff is not currently putting to reasonable beneficial use on its riparian lands or currently using pursuant to its prescriptive rights (if any).

10. The Court erred in determining that there was not, at the time defendant Santa Margarita Mutual Water Company filed its applications to appropriate water, and that there is not now, surplus water of the Santa Margarita River subject to appropriation.

11. The Court erred in determining that the amount of water available to plaintiff from the Santa Margarita River is 12,500 acre feet per year.

12. The Court erred in failing to find the annual water resources of the Santa Margarita River and in failing to find the number of riparian acres and the quantity of riparian water which could be put to reasonable beneficial use thereon within the watershed of the Santa Margarita River before declaring there exists no surplus water.

13. The Court erred in determining that plaintiff has acquired a right to use of water of the Santa Margarita River by prescription:

    a. The Court should have held that storage alone cannot support a prescriptive claim to water, inasmuch as storage is not a use.

    b. The Court failed to determine the amount of water which was stored in Lake O'Neill and the amount thereof which was thereafter beneficially used for a period of five years.

  c. The Court failed to determine the amount of water which was beneficially used for irrigation outside the watershed of the Santa Margarita River.

  d. The Court failed to determine the seasons during each year that water was applied to beneficial use.

  e. The determination that the use of water above-described was adverse is not supported by the evidence.

  f. The Court should have held that a downstream diverter cannot acquire a prescriptive right to water.

  g. The Court should have held that a prescriptive right to surplus water cannot be acquired in California without application to the Department of Public Works.

  14. The Court erred in failing to determine the priority of the rights of plaintiff and the rights of defendant Santa Margarita Mutual Water Company to the use of surplus waters of the Santa Margarita River pursuant to any permits that may be issued by the Department of Public Works of the State of California on the basis of pending applications.

  15. The Court erred in purporting to determine and adjudicate the water rights of the Vail Estate, and the water rights of plaintiff as against the Vail Estate.

  16. The Court erred in ordering a separate trial on the merits as to the Santa Margarita Mutual Water Company, the Fallbrook Public Utility District, and the State of California.

  17. The Court erred in failing to determine that the Santa Margarita Mutual Water Company and the State of California were not parties to the judgment in Rancho Santa Margarita v. Vail (Exhibit A of plaintiff's complaint) and are not bound thereby.

  18. The Court erred in failing to adjudicate the claim of the State of California to the absolute control and ownership of the water in the Santa Margarita River, as alleged in the

amended answer of the State of California.

19. The Court erred in failing to include in its decision a recognition of the current investigation and negotiation by plaintiff and the State of California concerning the ownership by the State of California of certain real property in the watershed of the Santa Margarita River and the riparian rights appertaining to said real property.

20. The Court erred in denying the motion of defendant Santa Margarita Mutual Water Company to dismiss, to strike, and for an order directing plaintiff to file a more definite statement.

EDMUND G. BROWN, Attorney General
GEORGE G. GROVER, Deputy Attorney General
Attorneys for The People of the State of California, Defendant in Intervention and Appellant

By *George G. Grover*

*W. B. Dennis*
W. B. DENNIS
Attorney for Santa Margarita Mutual Water Company, Defendant and Appellant

Received one copy of the foregoing,
24 August 1953.
*Raymond de L. Kinyock*

-5-

1897