TOM HALDE
333 So. Beverly Drive
Beverly Hills, California.

BRadshaw 2-6539

Attorney for CARL N. HALDE  
and HESTER M. HALDE

JAN 20 1956

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By............................
Deputy Clerk

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

#### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1 2 4 7 - Civil |
| Plaintiff, ) | |
| -vs- ) | ANSWER |
| FALLBROOK PUBLIC UTILITY DISTRICT, ) | |
| a public service corporation of the ) | |
| State of California, etc., et al, ) | |
| Defendants. ) | |

Comes now the defendants CARL N. HALDE and HESTER M. HALDE,
sued herein as DOE FOUR HUNDRED THIRTY THREE and DOE FOUR HUNDRED
THIRTY FOUR inclusive, in answer to the Complaint on file herein and
allege as follows:

I

Answering paragraphs I and III these answering defendants
admit the allegations therein contained.

II

Answering paragraph II, including subparagraphs (a), (b)
and (c) these answering defendants lack sufficient information or
belief to enable them to answer and upon that ground they deny each
and every allegation therein contained.

III

Answering paragraph IV these answering defendants deny

-1-

9758

generally and specifically each and every allegation therein contain-
ed except as to those allegations setting forth the names, locations
and general directions of the Santa Margarita River, which is admitted;
and more specifically these answering defendants deny that the sub-
terranean reservoir mentioned in the complaint constitutes one of the
principal sources of water for the military purposes setforth in the
complaint.

More specifically, these answering defendants allege and
deny that they have encroached on any right of the plaintiff or that
by reason of any act done by them that there has been any threat of
destruction of any well or water source of the plaintiff.

IV

Answering paragraph V, of which Exhibit A is made a part
thereof, these answering defendants admit only that a proceeding was
had in the Superior Court of the State of California, In and For the
County of San Diego, as per Exhibit A attached to the complaint, and
that that court made findings of fact referred to in the complaint as
to the amounts of acreage owned by those parties; the amount of acre-
age riparian to the stream in question of those parties; the riparian
needs of those parties at that time; the adaptability of the riparian
lands of those parties at that time; and the number of acre-feet of
water per annum from the Santa Margarita river at that time.

With the exception of the aforementioned admissions these
answering defendants deny generally and specifically each and every
other allegation therein contained in paragraph V of the Complaint.

V

Answering paragraphs VI, VII, VIII and IX, these answering
defendants deny generally and specifically each and every allegation
therein contained; and more specifically deny that the United States
of America has a paramount right to the 35,000 acre-feet of water
annually from the Santa Margarita river, or any right whatsoever, or
at all, to any amount of water from the Santa Margarita river whatso-

-2-

6759

1 ever.

2       AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

3 TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

4                        I

5       That the Complaint does not state facts sufficient to

6 constitute a cause of action against these answering defendants in

7 that there is no basis in law or equity to give the United States of

8 America a paramount right to the use of water, the source of which is

9 outside of the confinement of a military reservation or establishment

10 and within the jurisdiction of the State of California, merely because

11 of the fact that such military establishment or reservation is located

12 within the State of California, and which, if given, is in defference

13 to the rights of other riparian owners within the State of California.

14       AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

15 TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

16                        I

17       That the complaint does not state facts sufficient to

18 constitute a cause of action against these answering defendants in

19 that there is no basis in law or equity to give the United States of

20 America a paramount right to the use of water, in defference to other

21 riparian owners within the State of California, and in defference to

22 these answering defendants, merely because the United States of Amer-

23 ica, subsequent to the time it acquired and established Camp Joseph

24 H. Pendleton, became engaged in the Korean conflict.

25       AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

26 TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

27                        I

28       That these answering defendants are, and at all times have

29 been, citizens of the United States of America. That a basic and

30 fundamental right provided and extending to all citizens of the United

31 States of America, as provided by the Constitution of the United

32 States of America, is that no property shall be taken without just

-3-

S760

compensation nor due process of law.  That there has been no effort
on the part of the United States of America, under the exercise of
eminent domain, to either bring an action in condemnation or to
pay just compensation.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

I

That these answering defendants acquired their land, con-
sisting of approximately 40 acres, in the year 1946.  That this
acreage is in northern San Diego County within the south west 1/4
of the North East 1/4 of Section 11, Township 9 South, Range 3 West,
San Bernadino Base Meridian, in an area commonly called "Rainbow
Valley:"

That through the acreage aformentioned runs an intermitt-
ant stream commonly called "Rainbow Creek".  That said Rainbow creek
is, and always has been, the only source of water supply for this
land and for these answering defendants.

That these answering defendants purchased this land from
their predecessors in title in reliance upon the fact that this was
riparian land and that, at the time of their purchase and acquisition
there was no dispute that this land was entitled to a reasonable use
of the water, both above and below the surface of the land.

II

That even though the court, in the case of Rancho Santa
Margarita vs Vail, as set forthe in the complaint, adjudicated the
rights of the parties to that action by stipulated judgment, that
said stipulated judgment does not Affect the rights of these answering
defendants in that at the trial of the issues in the aforementioned
suit the issue of reparian ownership of the water of the tributary
of what is commonly called "Rainbow Creek" was not adjudicated in
that action and therefore the rights of these answering defendants,
or their predecessors in title were not Affected by said judgment.

-4-

1             AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

2 TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

3                             I

4         These answering defendants hereby incorporate paragraph

5 I of their Fourth, Separate and Distinct Affirmative defense and by

6 this reference make the same a part hereof as though the same were

7 fully and completely, and with the same force and effect, set forth

8 at this point.

9                           II

10         That even though the Court in the case of Rancho Santa

11 Margarita vs Vail, as mentioned in the complaint, adjudicated the

12 rights of those parties to that action in the year 1926 that the

13 rights of these answering defendants, or their predecessors in title,

14 are not Affected thereby because said stipulated judgment was based

15 upon findings of fact submitted and conditional upon said findings of

16 fact and that subsequent to that judgment there have been and will

17 continue to be greatly changed conditions which affect not only the

18 rights of those parties to that action but to all riparian owners

19 within the area of northern San Diego County and Southern Riverside

20 County which are in the watershed of the rivers, streams and tribu-

21 taries envolved in this litigation and that there would be irreparable

22 injury to not only these answering defendants but to all riparian

23 owners within the watershed envolved to grant and decree that the

24 United States of America is entitled to all of the water from the

25 whole of said watershed or to declare and decree that the United States

26 of America has a right paramount to the rights of these answering

27 defendants, or any other riparian owner within the watershed envolved,

28 to all or part of the water envolved in this litigation.

29            AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

30 TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

31                            I

32         That even though the United States of America may have

acquired a right in and to the water envolved in this litigation, if
any, that these answering defendants have acquired by normal, open,
notorious and continious and reasonable user, from the time they
acquired their title in 1946, to the present date, the right to a
reasonable and necessary taking and using of the water riparian to
their land, both from below and above the surface of the land.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
TO THE PURPORTED CAUSE OF ACTION THESE ANSWERING DEFENDANTS ALLEGE:

I.

That if the United States of America acquired any right
to the water in question, either by purchase, by decree of the Court
or by any act, purpose or status, or otherwise, that they have lost
that right by allowing an unreasonable time to elapse before assert-
ing that right and are now barred by laches from asserting that right
at this time.

WHEREFORE, these answering defendants pray this Court as
follows:

1.  That the plaintiff, United States of America, take
nothing by their Complaint herein;

2.  That this Court quiet the title of these answering
defendants and declare and determine the riparian rights to the land
of these answering defendants, and the rights riparian or otherwise
envolved in this litigation;

3.  That this Court declare and decree that these answer-
ing defendants have the right, as riparian owners, to take and to use
a reasonable and necessary amount of the waters below and above the
surface of their land;

4.  That the United States of America be forever enjoined
from encroachment or infringment of the rights in the defendants de-
clared by this Court;

5.  That these answering defendants take their costs of
suit incurred herein;.

-6-

9763

6.    And that this Court grant and decree such other and further relief as it may deem meet, just and equitable in the premises.

                                   TOM HALDE
                                   TOM HALDE
                                   Attorney for defendants CARL N.
                                   HALDE and HESTER M. HALDE.

-7-

9784