FILED

JUL 9 1956

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.
BY............................
    Deputy

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California; et al.,<br><br>    Defendants,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendants in<br>    Intervention. | No. 1247-SD<br><br>ORDER TRANSFERRING<br>CASE TO THE<br>CALENDAR OF JUDGE<br>JACOB WEINBERGER |

Good cause appearing, the above-entitled action is hereby transferred to the calendar of the Honorable Jacob Weinberger at San Diego for all further proceedings.

C O M M E N T

In making this Order, the Court makes the following statement:

The action was instituted in the Southern Division of the Southern District of California on January 25, 1951 and has remained in that Division. Prior to the formal request made by the Honorable Jacob Weinberger to be herein after referred to, the only connection which the undersigned had with the case was casual. On August 15, 1951, while the undersigned was sitting in the Southern Division, I acted on a

2020

stipulated Motion that the People of the State of California be allowed to intervene in the case.

On April 4, 1952, the Honorable Jacob Weinberger addressed a letter to me requesting that he be relieved of the trial of the case. In response to this request, Judge Weinberger and I on April 8, 1952, executed a formal Order transferring the said cause to the calendar of the undersigned, under local Rule 2. Prior to said date, Judge Weinberger, on March 31, 1952, after a full hearing, made an order ordering separate trials as to Santa Margarita Mutual Water Co., a public service corporation of the State of California, and Fallbrook Public Utility District, a public service corporation of the State of California. On April 25, 1952, Judge Weinberger denied a motion of the Fallbrook Public Utility District to vacate the Order of separate trial. To these two defendants the State of California as intervenor was added later.

Pre-trial proceedings were held by me at San Diego on July 8, 9, 10, 1952, at which time counsel for the Fallbrook Public Utility District, Santa Margarita Water Co. and the State of California as Intervenor, submitted certain legal questions for decision on the pre-trial order.

The trial of said cause as to the two named defendants was had before the undersigned between October 21, 1952 and November 28, 1952.

The trial was had against the Santa Margarita Water Company and the People of the State of California only, because the defendant Fallbrook Public Utility District secured a Writ of Prohibition from the Court of Appeals for the Ninth Circuit against the undersigned prohibiting him from going on with the case against it until the determination of the questions raised by the Writ.

The trial as to the two defendants resulted in a

-2-

2021

declaratory judgment entered February 25, 1953, which the Court of Appeals for the Ninth Circuit reversed on March 30, 1956.

The undersigned took the case over at the time when only one Judge was assigned to the Southern Division and Judge Weiberger had stated in the letter dated April 4, 1952, which is on file, that he could not try this type of case and take care of the matters on the regular calendar. It was transferred to Los Angeles on September 29, 1952, because at the time there were no facilities in the United States Customs and Courthouse Building at San Diego in which to conduct a trial.

After the severance of the trial as to the three defendants, automatic extensions of time were granted from time to time to the other defendants, the last one having been granted on November 2, 1955, which allowed all the defendants who have not yet appeared until January 31, 1956, to appear and answer. Many of the defendants have not yet appeared. The Government is of the view that in the light of the language of the Opinion of the Court of Appeals, it will be necessary to serve additional defendants. No default has as yet been entered against any of the defendants who have been served and have not answered.

It is the policy of our court that cases belonging to the Southern Division of the District be tried in that Division. The reasons which called for the transfer of the case to the undersigned and then the removal of its trial to Los Angeles have ceased to exist. (1) Since April 1, 1956, a second Judge, the Honorable James M. Carter, has been assigned permanently on a non-rotation basis to sit in the Southern Division with Judge Weinberger. (2) The Government has built on the third floor of the United States Customs and Courthouse Building a complete second courtroom fully equipped with library and other facilities. There is, therefore, no reason why this case cannot now be

-3-

2022

handled by a Judge resident in San Diego.

The opinion of the Court of Appeals has settled certain legal principles which any one trying the case must follow. And Judge Weinberger who had the case from the beginning is in excellent position to complete the trial in the community which is chiefly interested in it.

Hence the ruling above made.

DATED this 9th day of July, 1956.

Leon R. Yankwich

Chief United States District Judge

2023

GPO 16—60270-1