O'MELVENY & MYERS
AND
GEORGE STAHLMAN
R.1 Box 235
Fallbrook Calif.
Randolph 81135.

FILED
MAY 2 1957
CLERK, U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
By [signature] DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. Plaintiff, v. FALLBROOK PUBLIC UTILITY DISTRICT et al., Defendants. | No. 1247-SD-C MEMORANDUM VAIL CO. |

PERSUANT TO ORDER of April 18th 1957 Vail interests files the following memorandum:

Principles and issues which were determined by Ninth Circuit Court of Appeals No. 14,049.

1. The District Court is empowered to grant complete relief to all claimantsand the United States, adjudicate the water rights, set up control systems and require physical solutions of specific problems, equitably charging the expense thereof to the claimant of surplus so created.

2. The Santa Margarita and its tributaries are/not used for power or navigation. Flood controls are necessary only to conserve waters and create a surplus.

3. The laws of California Control the water rights of Plaintiff.

4. An application for the appropriation of water, which had not been acted upon by the state authorities and under



2101

copy Recd.

which no diversion has been made, acquired no privileges which should conflict with the vested real property rights of riparian owners and established appropriators.

5. The order in which the Court proceeded in the trial of this case, even selecting the obviously weakest Defendant was perfectly proper. However judgment should not be entered until all parties who may be affected by the terms of such judgment have been heard and considered.

6. A final judgment may be entered settling and declaring future needs of plaintiff but such judgment cannot go so far as to cut off rights to use of presently surplus waters, if any.

7. The State of California is empowered to grant a permit for the use of surplus waters now or in the future. Such permit good against all private land owners and any legal right to water, even an inchoate right regardless of value must be protected.

8. Since the time the State of California ceded exclusive jurisdiction over Plaintiffs land the United States holds exclusive control and jurisdiction over the waters which at any time is upon land within the limits of the enclave. Such water may be applied within the enclave in whatever manner the Government may desire and without interferance from any one and not subject to State regulations or control.

9. The right to control waters within the enclave does not determin the quantity of water which the Government has a right to obtain for use as this right is a property right and is appurtenant to perticular parcels of land.

10. The character and kind of use within the enclave cannot determin the property rights of others on the stream.

11. The position of the Government is the same as any other lower riparian and must make beneficial use of waters

within the water shed and for other uses must approperiate according to law.

12. That the stipulated judgment between Santa Margarita and the Vail's does not bind State or owners of property on the stream who were not parties to the action.

13. In determining whether or not there is surplus waters it is improper to average the use, demand or supply over a series of years.

14. The manner in which the lower Court determined that there was no surplus was erroneous. The Court should have found by some approperate measure what water was at a designated time beneficially applied to riparian lands. also a finding should have been made as to the amount of water being beneficially applied on each tract.

15. Every water right in private ownership in California and each use and diversion thereof as appurtenant to land is subject to the limitations and prohibitions of the Constitutinal amendment.

Approp#riated water must be appurtenant to a particular parcelof land and a perticular beneficial use, and the initiation must be fixed at a positive date. The title to a water right by prescription must be founded on like essentials, and it must be further found that the use of a specified quantity on a given parcel continued through the period. ( 5 years) There is no prescriptive right in gross. There can be no acquisition of such a right for a purpose not beneficial. Such claim of right must be hostile and adverse to the property rights of all other persons interested.

16. There is no uncontrolled right to pump waters wastefully or in another water shed.

The right to flood waters, in order to be claimed as

appurtenant to the land, must be used in the year when they occur.

(NOTE) The Court has not allways throughout this opinion used the term FLOOD WATERS as established by the judicial nomenclature of California.
Everett v Davis (18 Calif. (2nd) 393 395)
Horten v Goodenough (184 Calif. 451, 452-453
Le Brun v Richards 210 Cal 308, 315.

COMMENT- The Circuit Court in this decision in some detail emphasized many elementary and fundamental principles of our water law. However some of the most complex and essential questions most ably presented in the brief's of the State of California and the Government were ignored. I fear that many of these matters will time and time againplague this court during the trial of this case.
It is indeed unfortunate that a remanding opinion could not have setteled these questions.

PRINCIPLES AND ISSUES LEFT OPEN FOR DECISION

1. The opinion having denounced the method and proceedure heretofore followed by this court what method form and proceedure should be followed hereafter.

2. Although the Court made reference to the Gerlach case ( Gerlach Livestock Co v. United States 76 F Supp- Ct.Cls, 1948) Three important questions which were before the court were not answered.

(A) Is the use for the purpose of repelling salt-water intrusion, under the circumstanses of this case a reasonable and beneficial use?

(B) Is the use of water for the purpose of recharging Camp Pendelton Basin to meet military and other needs a reasonable and beneficial use?

(C) Maintaining the water level to supply large areas of land of the alluvial plain overlying the basin, irrigating, enriching and fertilizing the alluvial plain, is this a reasonable and beneficial use?

3. Whether the Government having exclusive jurisdiction within the enclave and not being subject to the police power of the State may obtain a prescriptive right to the



2104

use of water by means other than complying with State rules and regulations. If so how and under what circumstances may this be done within the enclave so as to be effective against persons making adverse claims located without the enclave?

4. Is military use a riparian use and if so what uses on Government lands would be considered a reasonable use and how would this be determined?

5. The Court having said in effect that all parties within the water shed should be before the Court in litigating this river, will not the Government be obliged to make further service on property owners within the water shed not now defendants?

LIST OF NUMBERS OF PARAGRAPH NUMBERS OF PRETRIAL OF AUGUST 25th, 1952.

NOTE- The defendants herein were not parties to the pre-trial order of August 25th,. 1952. However we will join in the stipulation of the following paragraphs.

AGREED FACTS

The VAIL CO. defendants herein agree that all matters contained in all paragraphs and sub-paragraphs part thereof from A to H as contained in pre trial order of August 25th 1952 may be deemed proved with the exception of sub-section 7 of paragraph E and excepting alse sub-section of 1 of paragraph F.

COMMENT- The reason for not agreeing to Paragraph E sub-section 7 at this time is, that in view of the comments the Appellate Court made concerning this matter we feel that further negotations should be had with Government Attorneys as revision of the terms of this stipulation may be desired.

LEGAL CONCLUSIONS(108 F.S 72, at 87)

Of the 15 legal conclusions contained in opinion of Judge Yankwich of January 25th 1951 we accept the following as correctly stating the law.

1 to 15 inclusive EXCEPTING threfrom 4. 5 and 6.

Respectfully Submitted
O'Melveny &Myers
and
George Stahlman

By George Stahlman