**FILED**

MAY 3 - 1957

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _William W. Luis_
DEPUTY CLERK

1   EDMUND G. BROWN, Attorney General
       of the State of California
2   ADOLPHUS MOSKOVITZ, Deputy Attorney General
    Library and Courts Building
3   Sacramento, California
    Telephone:  GIlbert 2-4711, Ext. 4574
4
    Attorneys for Defendants in Intervention
5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

11

12   UNITED STATES OF AMERICA,                    No. 1247-SD-C

13                      Plaintiff,
                                                  MEMORANDUM IN RESPONSE
14          v.                                    TO ORDER FOR PRETRIAL
                                                  CONFERENCE DATED APRIL
15   FALLBROOK PUBLIC UTILITY DISTRICT,           18, 1957.
     a public service corporation of the
16   State of California; et al.,

17                      Defendants,

18   PEOPLE OF THE STATE OF CALIFORNIA,

19                      Defendants in
                        Intervention
20   ──────────────────────────────────

21                    INTRODUCTION

22          In its order for pretrial conference dated April 18,

23   1957, the court required counsel for the United States, the

24   Fallbrook Public Utility District, The Santa Margarita Mutual

25   Water Company, the State of California and the Vail Interests to

26   serve and file with the clerk of the court on or before May 3, 1957:

27          1.  A memorandum listing (a) the principle and issues

28      which in the opinion of counsel were determined by the

29      decision of the Ninth Circuit Court of Appeals in People

30      of the State of California v. United States (9th Cir.

31      1956), 235 F. 2d 647, and (b) the principles and issues

                              1

                                                     2107

copy recd.



left open for decision by the above Circuit Court decision.

2.  A list of the paragraph numbers of the pretrial order dated August 25, 1952, and of the fifteen legal conclusions set forth in 108 F. Supp. 72, at 87, which can be accepted by the party represented by such counsel as correctly stating the facts and/or principles of law which can be incorporated in a further pretrial order, if necessary.

This memorandum is in response to that order of April 18, 1957.

## PRINCIPLES AND ISSUES DETERMINED BY CIRCUIT COURT DECISION

The following is a list of the main principles and issues which in the opinion of the State of California were determined by the Circuit Court decision cited above.

1.  After exclusive jurisdiction over the portions of the military reservation at Camp Pendleton purchased by the United States was ceded by the State of California to the United States in 1941, the United States acquired paramount and exclusive control and jurisdiction over the land, and the water which at any time is upon the land, within the limits of this military enclave.  As a result, the process of state courts cannot run therein unless by consent, state executive and administrative bodies and regulations have no control therein, and state law, sub-stantive and procedural, have no force over persons or objects therein (235 F. 2d at 655).

2.  There is a distinction between (1) the physical possession by the United States of the corpus of water after it enters the military enclave and the ability and

2

legal right of the United States then to use the water therein for whatever purposes officers of the United States choose and (2) a property or water right in the flow of the water as against upper riparians or appropriators under municipal law; the United States has (1) but this does not give it (2) (235 F. 2d at 656).

3.  The use of water by the United States on the military enclave of water which flows onto the military enclave is of sovereign right, and therefore is not and cannot be adverse to the interests of any other holder or claimant above the enclave because no one can object or prevent such use by the United States; hence, the United States could not acquire a prescriptive right by uses on the military enclave (235 F. 2d at 656, 661).

4.  The United States, as regards all claimants to water outside the enclave, is not in the position of sovereign, but in the position of a lower riparian land owner which is compelled to make beneficial use within the watershed of the water which it claims under riparian right, and for other than proper riparian uses must show an appropriation according to law (235 F. 2d at 656).

5.  It is improper in this litigation to use the prior judgment between the Vail Interests and Rancho Santa Margarita, the predecessor in interest of the United States, or any stipulation or agreement between the Vail Interests and the United States, against any other litigant (235 F. 2d at 657).

6.  The fact that the Vail Interests have agreed with the United States to release three cubic feet per second of flow from the Vail Dam down the river does not give the United States a right to that flow over intervening water

3

claimants on the stream; thus, this agreement could not be used as a basis for determining that there is no surplus water in the stream (235 F. 2d at 657-658).

7.  The purported findings of fact and conclusions of law that there is no unappropriated water in the Santa Margarita River, made by the trial court on the first trial, are invalid (235 F. 2d at 658).

8.  It is improper to average the use, demand, or supply of water over a series of years in an attempt to determine whether or not there is a present surplus of water (235 F. 2d at 658, 663).

9.  It is certain from the evidence received in the first trial of this case that in some years there is surplus water which flows clear through the watershed and wastes into the sea (235 F. 2d at 659, 663).

10.  The United States and the State of California prior to the first trial of this case entered into a stipulation on November 29, 1951, in which among other things, the United States stated that it "claims only such rights to the use of water as it acquired when it purchased Rancho Santa Margarita, together with any rights which it may have gained by prescription or use or both since" that time.  In this stipulation the phrase "prescription or use" means "prescription or appropriation" since the word "use" can mean nothing more than appropriation and application to some purpose (235 F. 2d at 660).

11.  In order to acquire an appropriative right in California since 1913, it is necessary for the prospective appropriator, whether the United States or anyone else, to file an application to appropriate with state authorities and pursue it through the steps required by law (235 F.

4

2d at 660).

12.  To support acquisition of a prescriptive right by any one, including the United States, there must be findings specifying a particular period not less than five years during all of which a designated quantity of water was continuously applied to a particular beneficial use under claim of right, hostile and adverse to the property rights of all others interested (235 F. 2d at 661).  A prescriptive right is binding upon all the world including all owners and possessors of rights on the stream system (235 F. 2d at 663).

13.  Storage of water is a non-riparian use (235 F. 2d at 662).

14.  The use of water in barracks is analogous to municipal use (235 F. 2d at 662).

15.  The court has jurisdiction in this case to enter a final judgment imposing a physical solution and a supervisory system of control on all parties, including the United States (235 F. 2d at 652-653, 662-663).

16.  The only proper method of adjudicating the rights on a stream, whether riparian, appropriative or mixed, is to have all owners of land on the watershed, and all appropriators who use water from the stream involved in another watershed, in court at the same time (235 F. 2d at 663).  Thus, no judgment should be entered by the trial court until the entire suit can be disposed of at the same date (235 F. 2d at 664).

PRINCIPLES AND ISSUES LEFT OPEN FOR
DECISION BY CIRCUIT COURT DECISION

There follows a list of the principles and issues which in the opinion of the State of California were left open

2111

for decision by the Circuit Court decision cited in the introduction.

1.   What the facts are concerning the subject matter of the litigation (235 F. 2d at 656).

2.   Whether there is a present surplus of water in the Santa Margarita River watershed (235 F. 2d at 662).

3.   Whether a lower owner in California can acquire title to water rights by prescription or use against upper riparians or appropriators (235 F. 2d at 660).

4.   Who has prior rights to the waters of the Santa Margarita River which from time to time have wasted into the ocean (235 F. 2d at 659).

5.   Whether the United States or any other litigant has the right, as against other claimants, to store or use outside the watershed surplus water of the Santa Margarita River (235 F. 2d at 662).

### PARAGRAPH NUMBERS OF PRETRIAL ORDER OF AUGUST 25, 1952 AND OF LEGAL CONCLUSIONS AT 108 F. SUPP. AT 87 CORRECTLY STATING FACTS AND/OR PRINCIPLES OF LAW

There follows a list of the paragraph numbers of the pretrial order of August 25, 1952 (109 F. Supp. at 43-78) and of the fifteen legal conclusions in 108 F. Supp. at 87-88 which can be accepted by the State of California as correctly stating the facts and/or principles of law contained therein.

### PRETRIAL ORDER

1.   The third paragraph of the introduction, which states that the issues in the case are defined and limited in conformity with the stipulation between the State of California and the United States dated November 29, 1951 (109 F. Supp. at 43).

2.   The paragraphs entitled "Jurisdiction", "Existence

6

2112

of Controversy", and "Request for Action" (109 F. Supp. at 44).

3.  Paragraphs A 1 - A 9, B 1 - B 6, C, D, E 1 - E 10, F 1 - F 3, and G 1 - G8 (109 F. Supp. at 45-52).  With respect to paragraphs G 6 and G 7, however, publication of the notices of the applications referred to therein has been completed, and protests have been filed and the applications are awaiting hearing by the State Water Rights Board, statutory successor to the State Engineer.

4.  Paragraphs H 1 - H 3 (109 F. Supp. at 52-53).  With respect to paragraph H 3, we are now informed that the State of California owns certain lands within the Santa Margarita system watershed.  These fall within the classification of tax deeded lands, lands which have escheated to the State of California and other state-owned lands.  The parcels of land so held change from time to time and the State proposes to amend its answer a reasonable period before the date when this case is set for trial to make allegations describing the land then held by the State.

5.  All contentions of the State of California (109 F. Supp. at 72-73) except that contention 7 (c) and (2) (109 F. Supp. at 72) should be modified to read as follows:

"Military use, to the extent it surcharges the normal riparian right, is an unreasonable use and therefore not a proper riparian use".

CONCLUSIONS IN 108 F. SUPP. AT 87-88

1.  Paragraph 1 (108 F. Supp. at 87).

2.  Paragraph 2 (108 F. Supp. at 87).

3.  Paragraph 3 (108 F. Supp. at 87).

4.  Paragraph 7 (108 F. Supp. at 87).

7

2113

1    5.   Paragraph 8 (108 F. Supp. at 87).

2    6.   Paragraph 9 (108 F. Supp. at 87).

3

4    Dated:   May 1, 1957.

5

6                          EDMUND G. BROWN, Attorney General
                              of the State of California
7                          ADOLPHUS MOSKOVITZ, Deputy Attorney
                                                    General
8

9                     By   _Adolphus Moskovitz_____
                              Attorneys for Defendants in
10                                 Intervention

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

8

2114

## AFFIDAVIT OF SERVICE BY MAIL

1   STATE OF CALIFORNIA )
                        ) ss.
2   COUNTY OF SACRAMENTO )

3           YVONNE TAGGART, being duly sworn, deposes and says:

4           That affiant is a citizen of the United States, over

5   the age of 18 years, and not a party to the within action; that

6   affiant's place of employment and business address is Library

7   and Courts Building, Sacramento 14, California; that on the 1st

8   day of May, 1957, affiant enclosed a true copy of the within

9   MEMORANDUM IN RESPONSE TO ORDER FOR PRETRIAL CONFERENCE DATED

10  APRIL 18, 1957 in an envelope for each of the persons named below,

11  addressed to each of them at the address set out immediately below

12  each respective name, sealed said envelope, and deposited the same

13  in the United States Mail at the City of Sacramento, State of

14  California, with postage thereon fully prepaid; that there is de-

15  livery service by United States Mail at each of the places so

16  addressed, or there is regular communication by mail between the

17  said place of mailing and each of the places so addressed:

18              Lauren M. Wright
                O'Melveny & Meyers
19              433 South Spring Street
                Los Angeles, California

20
                William E. Burby
21              Attorney at Law
                12120 Travis Street
22              Los Angeles 49, California

23              J. Lee Rankin, Ass't. Att'y. Gen'l.
                William H. Veeder, Spec. Ass't. to Att'y. Gen'l.
24              Department of Justice
                Washington, D. C.
25
                District Legal Office
26              Room 247
                11th Naval District Headquarters
27              San Diego 30, Calif.

28              Swing, Scharnikow & Staniforth, Esqs.
                Phil D. Swing, Esq.
29              530 Broadway, Suite 604
                San Diego 1, Calif.
30
                W. R. Dennis, Esq.
31              Route 1, Box 58
                Fallbrook, Calif.

1

2115

1   Hugo A. Steinmeyer, Esq.
2   Winfield Jones, Esq.
    650 So. Spring St.
3   Los Angeles 14, Calif.

4   P. W. Willett, Esq.
    P. O. Box 103
5   Fallbrook, Calif.

6   John Neblett, Esq.
    3742 Tenth Street
7   Riverside, Calif.

8   George Stahlman, Esq.
    Rt. 1, Box 235
9   Fallbrook, Calif.

10

11

12                                                      _Yvonne Taggart_

13  Subscribed and sworn to before me

14  this 1st day of May, 1957.

15
16  Notary Public in and for the County
    of Sacramento, California.
17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

2

2115-A