1  J. LEE RANKIN
   SOLICITOR GENERAL
2    OF THE UNITED STATES
   WASHINGTON 25, D. C.
3
   Attorney for the UNITED STATES OF AMERICA
4



FILED

MAY 3 - 1957

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By William W. Luddy
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 1247 - SD - C |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM PURSUANT TO ORDER DIRECTING THE UNITED STATES OF AMERICA TO |
| v. | ) | 1. SUGGEST PROCEDURE REGARDING DEFAULTS; |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) | 2. PREPARE STATEMENT RESPECTING APPOINTMENT OF MASTER |
| Defendants. | ) | |

Comes now the United States of America acting by and through J. Lee Rankin, Solicitor General, David R. Warner, William E. Burby, and William H. Veeder, Attorneys, Department of Justice, and submits its suggestions in regard to further notice, if any, and procedure to be followed when it seeks default judgments; and memorandum concerning the appointment of a master all as required by the order of April 18, 1957, of this Honorable Court:

I.

PROCEDURE RESPECTING DEFAULT

At present the United States of America does not contemplate taking defaults against the defendants who, though served, have neither answered or otherwise appeared in the cause. Prior to trial, however, it may be found necessary to adopt that course, for experience has proved that many claimants fail to come forward to assert and prove their rights absent the possible loss of them through default.

If that circumstance arises, the United States of America suggests this course:

- 1 -

2141

1. It will petition the entry of an order from this Court that after a date certain it will entertain a motion or motions for default;

2. All persons will be served in person or by registered mail with

    a. A copy of the order mentioned in No. 1 above;

    b. A copy of a notice and motion that thirty (30) days after a date specified the United States of America will move for a default judgment against them.

It is believed that this procedure will accomplish the ends desired while protecting the interests of defaulting defendants.

II

APPOINTMENT OF MASTER

1. The Federal Rules of Civil Procedure specifically provide for the appointment of a master and outline the circumstances where an appointment of that character is proper.[1/] That procedure is frequently followed in cases of this character.

2. "The order of reference to the master may specify or limit his powers and direct him to report only upon particular issues * * *."[2/] By that express provision it is evident that this Honorable Court is fully empowered to appoint a master "to take evidence concerning certain phases of the case, including the rights of small riparian owners * * *."

3. "The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties * * * as the court may direct * * *."[3/]

---

1/ Federal Rules of Civil Procedure, Rule 53.

2/ Federal Rules of Civil Procedure, Rule 53 (c).

3/ Federal Rules of Civil Procedure, Rule 53 (a).

2142

- 2 -

It is clear that this Honorable Court has broad discretion in assessing the costs of the master. In the opinion of the United States of America the costs of the master should be borne by the principal parties litigant on an equitable basis; that none of those costs be assessed against the small users.

UNITED STATES OF AMERICA

J. LEE RANKIN,
Solicitor General

DAVID R. WARNER,
Attorney, Department of Justice

WILLIAM E. BURBY,
Attorney, Department of Justice

WILLIAM H. VEEDER,
Attorney, Department of Justice

May 2, 1957

- 3 -

2143