```
P. W. WILLETT
Attorney at Law
P. O. Box 103
Fallbrook, California
Telephone:  RAndolph 8-7150
        and
WILLIAM H. MACOMBER
Attorney at Law
1114 San Diego Trust & Savings Bldg.
San Diego 1, California
Telephone:  BElmont 9-9407

Attorneys for the Defendants,
P. W. Willett and
Fayette D. Willett
```



FILED
MAY 6 - 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                 Plaintiff, <br> vs. <br> FALLBROOK PUBLIC UTILITY DISTRICT, <br> a public service corporation of the <br> State of California, et al., <br>                 Defendants. | No. 1247-SD-C <br><br> **ANSWER OF** <br><br> **P. W. WILLETT** <br><br> and <br><br> **FAYETTE D. WILLETT** |

    Come now the defendants, P. W. WILLETT and FAYETTE D. WILLETT, husband and wife, and separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny and admit as follows:

I

    These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above-entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

II

Answering Paragraph I of said Complaint, these defendants deny that any "actual controversy" between the United States of America and these defendants had arisen prior to the commencement of this action; and these defendants further deny that they have unlawfully or otherwise interfered with the rights of the United States of America.

III

Answering Paragraph II of said Complaint, these defendants are informed and believe and therefore allege the fact to be that said military establishments do not occupy all of the 135,000 acres acquired by the United States of America in the Counties of San Diego and Orange, State of California; nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations in said Paragraph. However, these defendants allege that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was operative and effective only to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, dockyards and other needful buildings

1  thereon, and was not intended to, and in fact did not, extend to
2  the thousands of acres of land occupied, used and devoted to
3  commercial farming by private persons, which these defendants are
4  informed and believe to be the fact ever since said government
5  acquired said land.

6  V

7  Answering Paragraph IV of said Complaint, these defendants
8  are without knowledge or information sufficient to form a belief
9  as to the truth of the allegation that "Source of the all-important
10 supply of water for Camp Joseph H. Pendleton, the Naval Ammunition
11 Depot, and the United States Naval Hospital, as indicated, is the
12 Santa Margarita River," and therefore deny said allegation.
13 These defendants are without knowledge or information
14 sufficient to form a belief as to the truth of the allegations to
15 the effect that salt water intrusion from the Pacific Ocean
16 threatens the destruction of said basin, or that two wells have
17 been destroyed by reason of that intrusion, and therefore deny said
18 allegations.
19 These defendants allege that at various points and places
20 above plaintiff's said property the Santa Margarita River, which is
21 a non-navigable stream, disappears as a surface stream and sinks
22 into the sands and gravels of one or more of the numerous basins
23 which exist underneath each of the valleys which are found along
24 said river and along its several tributaries before said river
25 enters the property of plaintiff.  These defendants allege that no
26 portion of any of these basins forms any part of the basin or
27 basins which underlie plaintiff's said property, nor do any part
28 of these basins underlie any portion of plaintiff's said property.
29 These defendants deny that they have in any way encroached upon any
30 rights which plaintiff may have, or by their alleged encroachment
31 threaten a destruction of the basin referred to in said Complaint.
32 Deny that the activities of these defendants have in any way

3.

9803

encroached upon, or through their alleged encroachments upstream, that they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these defendants. Deny that any acts of these defendants have damaged any rights or property of plaintiff.

These defendants allege that, if it be true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it be true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activity of these defendants, nor brought about through their alleged encroachment upstream, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California.

Furthermore, these defendants are informed and believe, and therefore allege the fact to be that plaintiff's injury, or threatened injury, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property, and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced therefrom, and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River, from whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its tributaries is a vast underground basin," and that "The basin as a whole contains and creates a large underground reservoir into which

a high proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

VI

Answering Paragraph V of said Complaint, these defendants admit the trial of the suit referred to in said Paragraph, being Action 42850 in the Superior Court of the State of California, in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita vs. Vail, 11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein, a copy of which is attached to and made a part of plaintiff's Complaint as Exhibit "A." These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interests and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can claim against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount is, under present conditions, as these defendants are informed and believe and therefore allege the fact to be, not to exceed 2,620 acre-feet per annum.

VIII

Answering Paragraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the defense effort of the United States of America.

IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted.

These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all of the other allegations in said Paragraph.

X

Answering Paragraph IX of said Complaint, these answering defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific Ocean or otherwise caused damage to the United States

of America; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Deny that their rights were acquired subsequent to the rights of the United States; deny that they have proceeded to encroach upon, or now are encroaching upon, or threaten to encroach upon the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. These defendants allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and defendants.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore deny both generally and specifically each and all of the remaining allegations in said Paragraph.

- - - - - - - - - - - -

FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

These defendants, with their predecessors and successors in interest, are and have been for many years last part, the owners of and in possession of certain land hereinafter described, and these defendants have rights in and to the reasonable beneficial use of the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their land lies. That all of said land lies in a semi-arid region and is of little value without water. That said land so owned is described as follows:

9807

West Half of Lot 6 in Shipley Tract of West Fallbrook, in the County of San Diego, State of California, according to Map thereof No. 132, filed in the office of the Recorder of said San Diego County, August 22, 1887;

EXCEPT therefrom the North 232.90 feet of the West 143.90 feet.

The family home is situated on this property, together with an avocado orchard.

II

All of said above-described land is arable. Said right to use said waters has been owned by these defendants and their predecessors in interest for many years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

III

That these defendants are the owners of the right to the use of the waters as hereinabove set forth, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe and therefore allege the fact to be, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

- - - - - - - - - - -

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336 and 338(2) of the Code of Civil Procedure of the State of California.

8.

WHEREFORE, these answering defendants pray:

1. That plaintiff take nothing by its action against these answering defendants;
2. That these defendants be decreed as against plaintiff to be the owners of the right to a reasonable amount of water per annum, consumptive use, for beneficial use on said land, and that said right be held to be paramount to plaintiff's rights;
3. That these defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

P. W. WILLETT and
WILLIAM H. MACOMBER

By _____
Attorneys for Defendants

RECEIVED two copies of the within Answer this _____ day of May, 1957.

_____
Spencer   Assistant United States Attorney

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SAN DIEGO    )

    Fayette D. Willett, being duly sworn, says:

    That she is one of the defendants in the above-entitled action; that she has read the foregoing Answer and Affirmative Defenses and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters that she believes the same to be true.

                                                        Fayette D. Willett

Subscribed and sworn to before me this 3rd day of May, 1957.

                    _____
                    Notary Public in and for said
                        County and State

My Commission expires September 17, 1958.