P. W. WILLETT,
Attorney at Law,
P. O. Box 103,
Fallbrook, California,
Telephone Fallbrook 7150,
   and
WILLIAM H. MACOMBER,
Attorney at Law,
1114 San Diego Trust & Savings Bldg.,
San Diego 1, California,
Telephone Franklin 9-9408.

Attorneys for the Defendants,
Ardyth Louise Lattimer and
Eugene Neal Swearingen.

FILED
MAY 6 - 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al,

    Defendants.

No. 1247 - Civil

ANSWER OF

ARDYTH LOUISE LATTIMER

AND

EUGENE NEAL SWEARINGEN

    Come now these answering defendants, Ardyth Louise Lattimer and Eugene Neal Swearingen, heirs of the Estate of Floyd Neal Swearingen, deceased, of which estate H. H. Smelser was the duly appointed, qualified and acting Administrator, and sued and served herein as such Administrator.  H. H. Smelser having been duly discharged as such Administrator and the title to the property in said estate having passed to said heirs above named, this Answer is on behalf of said heirs.  Said defendants, separating themselves from the other defendants, answering for themselves alone and for no other defendants, allege, deny and admit as follows:

- 1 -

I

These defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that the above entitled action was commenced and the Complaint filed "at the request of the Secretary of the Department of the Navy," and therefore deny said allegation.

II

Answering Paragraph I of said Complaint, these defendants deny that any "actual controversy" Between the United States of America and these defendants had arisen prior to the commencement of this action; and these defendants further deny that they have unlawfully or otherwise interfered with the rights of the United States of America.

III

Answering Paragraph II of said Complaint, these defendants are informed and believe and therefore allege the fact to be that said military establishments do not occupy all of the 135,000 acres of land acquired by the United States of America in the Counties of San Diego and Orange, State of California; nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to these defendants, have been at all times since said property was acquired by the United States of America, and now are, occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

IV

Answering Paragraph III of said Complaint, these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein, and therefore deny all the allegations in said Paragraph. However,

- 2 -

9812

1  these defendants allege that if it be true that the State of
2  California has ceded any jurisdiction to the United States of America
3  over said land, such cession was operative and effective only to
4  the extent and for the time that said tract of land was to be used
5  and actually was used for the purpose of erecting and maintaining
6  forts, magazines, dockyards and other needful buildings thereon,
7  and was not intended to, and in fact did not, extend to the
8  thousands of acres of land occupied, used and devoted to commercial
9  farming by private persons, which these defendants are informed
10 and believe to be the fact ever since said government acquired
11 said land.

V

Answering Paragraph IV of said Complaint, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "Source of the all-important supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital, as indicated, is the Santa Margarita River," and therefore deny said allegation.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin, or that two wells have been destroyed by reason of that intrusion, and therefore deny said allegations.

These defendants allege that at various points and places above plaintiff's said property the Santa Margarita River, which is a non-navigable stream, disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along said river and along its several tributaries before said river enters the property of plaintiff. These defendants allege that no

portion of any of these basins forms any part of the basin or basins which underlie plaintiff's said property, nor do any part of these basins underlie any portion of plaintiff's said property. These defendants deny that they have in any way encroached upon any rights which plaintiff may have, or by their alleged encroachment threaten a destruction of the basin referred to in said Complaint. Deny that the activities of these defendants have in any way encroached upon, or through their alleged encroachments upstream, that they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph, or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of these defendants. Deny that any acts of these defendants have damaged any rights or property of plaintiff.

     These defendants allege that, if it be true that there exists a threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it be true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activity of these defendants, nor brought about through their alleged encroachment upstream, but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California.

     Furthermore, these defendants are informed and believe, and therefore allege the fact to be that plaintiff's injury, or threatened injury, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property, and mismanagement of its said wells and the operation thereof, and in the misuse and misapplication of the water produced

therefrom, and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River, from whence said water or any part thereof could never return.

As to the allegation that "Underlying the river and its tributaries is a vast underground basin," and that "The basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks," and that "This vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above," these defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore deny each and every one of said allegations.

## VI

Answering Paragraph V of said Complaint, these defendants admit the trial of the suit referred to in said Paragraph, being Action 42850 in the Superior Court of the State of California, in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita vs. Vail, 11C(2) 501), and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests, calling for the entry of the Stipulated Judgment therein, a copy of which is attached to and made a part of plaintiff's Complaint as Exhibit "A." These defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These defendants deny that they or their predecessors in interest were parties to

said suit or to said Stipulation, and deny that any of the rights of these defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These defendants allege that they are not bound in any way by said Stipulated Judgment, nor are their rights limited or controlled by it.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph, and therefore deny each and all the said other allegations.

## VII

Answering Paragraph VI of said Complaint, these defendants deny that plaintiff is entitled to, or can claim, as against these defendants, all rights, titles, interests and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment; or that plaintiff is entitled to claim or can claim against these defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount is, under present conditions, as these defendants are informed and believe and therefore allege the fact to be, not to exceed 2620 acre-feet per annum.

## VIII

Answering Paragraph VII of said Complaint, these defendants deny that their rights to or use of water in any manner imperils the military effort of the United States of America.

## IX

Answering Paragraph VIII of said Complaint, these defendants deny that plaintiff has a paramount right to 35,000 acre-feet of water annually, or a paramount right to any quantity of water except as hereinafter admitted. These defendants allege

that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations in said Paragraph, and therefore deny each and all the other allegations in said Paragraph.

X

Answering Paragraph IX of said Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that they have caused intrusion of salt water from the Pacific Ocean or otherwise caused damage to the United States of America; deny that they have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. Deny that their rights were acquired subsequent to the rights of the United States; deny that they have proceeded to encroach upon, or are now encroaching upon, or threaten to encroach upon the water supply of Camp Pendleton, the United States Naval Hospital, or the Naval Ammunition Depot. These defendants allege that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and defendants.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said Paragraph, and therefore deny both generally and specifically each and all of the remaining allegations in said Paragraph.

- - - - - - - - - - - - - - - - - - - - - - -

1  FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS
2  ALLEGE AS FOLLOWS:
3              I
4      These defendants are, and with their predecessors in
5  interest have been for many years last past, the owners of and in
6  possession of certain lands hereinafter described, and these
7  defendants have rights in and to the reasonable beneficial use of
8  the percolating waters which are in the underground basins and
9  strata of water-bearing sands and gravels over which their lands lie.
10 That all of said lands lie in a semi-arid region and are of little
11 value without water. That the lands so owned by these defendants
12 are described as follows:
13     PARCEL NO. 1:
14         That portion of the Southeast Quarter of the
15     Southwest Quarter of Section 9, Township 9 South,
16     Range 3 West, San Bernardino Meridian, in the County
17     of San Diego, State of California, according to
18     United States Government Survey approved April 21,
19     1890, described as follows:
20         Beginning at a point in the North line of the
21     South 10 acres of the West 30 acres of said Southeast
22     Quarter of Southwest Quarter, distant South 89° 15'
23     10" West 600.66 feet from the Northeast corner of said
24     South 10 acres of West 30 acres; thence South 0° 30'
25     30" West 75.00 feet; thence South 86° 35' 40" East
26     944.47 feet to a point in the East line of said South-
27     east Quarter of Southwest Quarter, distant North
28     1° 01' 50" East 304.37 feet from the Southeast corner
29     of said Southeast Quarter of Southwest Quarter; thence
30     along said East line South 1° 01' 50" West 304.37 feet
31     to said Southeast corner; thence along the South line
32     of said Southeast Quarter of Southwest Quarter South

89° 15' 10" West 1313.31 feet to the Southwest corner thereof; thence along the West line of said Southeast Quarter of Southwest Quarter North 0° 30' 30" East 447.67 feet to the North line of said South 10 acres of West 30 acres; thence along said North line, North 89° 15' 10" East 372.84 feet to the point of beginning.

PARCEL NO. 2:

All that portion of the Northeast Quarter of the Northwest Quarter, Section 16, Township 9 South, Range 3 West, San Bernardino Meridian, in the County of San Diego, State of California, described as follows:

Beginning at the Northeast corner of said Northeast Quarter of the Northwest Quarter; thence West along the North boundary line thereof to the Easterly line of land of William Alexander Anderson, Jr.; thence South along said Easterly line, same being parallel with and distant 396 feet, more or less, from the Easterly line of said Northeast Quarter of the Northwest Quarter; to the most Northerly point of the land described by metes and bounds in and conveyed by deed from Sarah A. Harris to Myrtle Harris Scott and George R. Harris, dated March 30, 1934, and recorded in Official Records, San Diego County, Book 287, Page 45, said point being in the center line of public highway surveyed by R. M. Vail, County Surveyor, being road leading from Red Mountain to Ranchita; thence Southeasterly along the Northeasterly line of said land described in said deed recorded in said Official Records, Book 287, Page 45, said line being also the center line of said public highway, to the point of intersection with a line parallel with and distant 664 feet from the North line of said Northeast Quarter of the Northwest Quarter of said

Section 16; thence East along said parallel line to the East line of said Quarter-Quarter section; thence North along said East line 664 feet to the point of beginning.

PARCEL NO. 3:

All that portion of the Northeast Quarter of the Northwest Quarter, Section 16, Township 9 South, Range 3 West, San Bernardino Meridian, San Diego County, California, lying West of a line beginning at a point in the South boundary line of the Northeast Quarter of the Northwest Quarter of said Section 16, said point being 743.82 feet East from the Southwest corner of said Northeast Quarter of the Northwest Quarter, and on the West bank of a ravine whose course at this point is North 4° West; thence along the crest of the West bank of said ravine courses and distances as follows: North 4° West 66 feet; North $27\frac{1}{2}$° West 145.2 feet; North 15° West 132 feet; North $23\frac{1}{2}$° East 132 feet; North 12° East 66 feet; North 16° East 184.8 feet; thence North 74° East 198 feet crossing ravine 66 feet below its junction with another ravine from Southeast to point of intersection with center line of a public highway surveyed by R. M. Vail, County Surveyor, being road leading from Red Mountain to Ranchita, said point being the most Northerly point of the land described by metes and bounds in and conveyed by deed from Sarah A. Harris to Myrtle Harris Scott and George R. Harris, dated March 30, 1934, and recorded in Official Records of San Diego County in Book 287, Page 45; thence North along the Westerly line of the land of W. A. Anderson and Lois Anderson, said line being parallel with and distant 396 feet, more or less, from the East line of said Northeast Quarter of the Northwest Quarter, Section 16, to the Northerly line thereof.

## II

The family home is situated on the above described property. There is a spring flowing, a well with electric pump, and a pipe carrying water into the house. 20 acres of said land is arable, and these defendants are the owners of the right to use beneficially on said lands 40 acre-feet per annum from the percolating waters under their said land. Said right to use said waters has been owned by these defendants and their predecessors in interest for many years, openly, notoriously, continuously, adversely, and under claim of right to meet domestic and irrigation requirements thereof.

## III

That these defendants are the owners of the right to the use of the waters as hereinabove set forth, which right is correlative with the rights of plaintiff to a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses on its riparian lands, which amount, as these defendants are informed and believe and therefore allege the fact to be, is 2620 acre-feet per annum, and as to all other rights or claims of right of plaintiff, these defendants' said right is paramount.

- - - - - - - - - - - - - - - - - - - - - - - - -

FOR A FURTHER, SECOND AND SEPARATE AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

## I

That said purported cause of action set forth in plaintiff's Complaint herein is barred by the provisions of Sections 318, 319, 336, and 338(2) of the Code of Civil Procedure of the State of California.

WHEREFORE, these answering defendants pray:

1. That plaintiff take nothing by its action against these answering defendants, and that said action be dismissed as to them;

       2.  That these defendants be decreed as against plaintiff to be the owners of the right to 40 acre-feet of water per annum, consumptive use on their said lands, and that said right be held to be paramount to plaintiff's right;

       3.  That these defendants have judgment for their costs incurred herein, and for such other and further relief as the Court may deem proper.

                                   P. W. WILLETT and
                                   WILLIAM H. MACOMBER

                                   By /s/ P W Willett

STATE OF CALIFORNIA   )
COUNTY OF SAN DIEGO   ) ss.

       Ardyth Louise Lattimer, being sworn, says:

       That she is one of the answering defendants in the above entitled action; that she has read the foregoing Answer and Affirmative Defenses and knows the contents thereof; that the same is true of her own knowledge, except as to the matters which are therein stated upon her information or belief, and as to those matters that she believes the same to be true.

                                   /s/ Ardyth Louise Lattimer

Subscribed and sworn to before me
this 15th day of September, 1952.

/s/ Notary
Notary Public in and for said
    County and State
My Commission Expires June 10, 1954


            RECEIVED two copies of the within Answer
       this   6th   day of    May   , 1957.

                                   The United States of America

                                   By /s/ William B. Dunlap

                              - 12 -                              9822