IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

F I L E D
MAY - 8 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By /s/ William W. Luddy
DEPUTY CLERK

UNITED STATES OF AMERICA, )
                                     )
            Plaintiff, )   No. 1247-SD-C
                                     )
    v.                  )   NOTICE TO ALL DEFENDANTS
                                     )   AND COURT ORDER RE PRO-
FALLBROOK PUBLIC UTILITY   )   CEDURE.
DISTRICT, et al.,             )
                                     )
           Defendants.  )

       You are advised that on April 18, 1957, the court made its order calling a conference of all attorneys who had appeared in the matter, for May 6, 1957, at 10:00 A.M. in courtroom No. 2, Federal Building, San Diego, California. The purpose of the conference was to generally consider matters which would lead to pretrial hearings and to work out procedures for proceeding with the eventual trial of the case.

       On April 18, 1957, the court made an order that the clerk enter no defaults as to parties defendant until further order of this court. In order to protect the rights of small landowners whose holdings do not justify the employment of counsel to participate throughout the entire trial, procedures are being worked out to provide for defaults only upon further written notice to defendants who have been served and have not answered.

       You are further notified that at the conference on May 6, 1957, the attorneys for the major defendants were present, and in addition many other attorneys. There was a full discussion of issues, problems and procedures. Following the hearing the court made further orders as to procedure.

2169

1   No decisions were made on any matter of substance or
2 on any of the contentions of the parties.
3   The above matters having been discussed at the hearing
4 on May 6, 1957, and good cause appearing,
5   IT IS ORDERED:
6   1. That the plaintiff, the United States of America,
7 mimeograph and mail to all defendants who have appeared by counsel
8 or in pro per a copy of this notice and order;
9   2. The United States will make available to the landowners
10 or their authorized representatives such of its engineering data
11 and facilities as are available and which relate to defendants'
12 properties. These data when available will be at its office in
13 Rainbow, located at the San Diego and Riverside County line adja-
14 cent to the old Highway 395, approximately one city block from the
15 new Highway 395, next to Hampton's Store. The telephone number is
16 RAndolph 8-1943. The office hours will be from 12 o'clock noon
17 to 4:00 P.M. Monday through Friday, and special appointments may
18 be made by telephoning the office. Nothing contained herein shall
19 indicate that the defendants shall accept or be content with the
20 engineering and factual material available at the government office.
21 It is the purpose of this order to advise defendants that the
22 United States has made such an offer of cooperation to the extent
23 that the data are available;
24   3. That counsel for the government prepare, serve upon
25 all counsel of record, and file with the clerk by May 22, 1957, a
26 chronological list of rulings heretofore made by the trial judges
27 of this case;
28   4. That counsel for the major parties, the United States
29 of America, Fallbrook Public Utility District, Santa Margarita
30 Mutual Water Company, State of California, the Vail Company, shall
31 serve and file by July 8, 1957, and all other counsel appearing in
32 the case may serve and file by July 8, 1957, a memorandum sug-

- 2 -

2170

gesting methods of trial of this action by areas, classifications, segments or other methods looking towards an expeditious trial of the action, and taking into account the problems of the small landowners resident in different areas involved;

    5. That the following procedure shall govern on the service of memoranda and briefs: *each issue shall be covered in separate briefs*

    (a) They shall be served upon all counsel appearing in the case;

    (b) Extra copies in the amount of 25 shall be deposited with the clerk of the court and may be obtained by the parties to the cause *by applying to the Clerk of this court*.

    (c) The clerk is directed to mimeograph and mail to all counsel of record a list of all counsel who have appeared in this case to date. From time to time the clerk shall prepare and mail to all counsel of record supplemental lists of counsel appearing.

    6. On July 15, 1957, at 10:00 A.M. in the court room No. 2 Federal Building, 325 West F Street, San Diego, California, without the presence of the court, a meeting will be held by all counsel who have appeared in the case, and all other interested parties defendant who care to appear, to discuss the possibilities of a physical solution or settlement of the case. Counsel for all major parties are expected to be present and the court suggests that counsel for the State of California act as Chairman of the meeting. Counsel for the State of California is designated for the reason that the State of California has only minor land interests consisting of tax deeded land, etc., in the area and is in a more neutral position than any other counsel in the case. The meeting shall be continued from day to day or time to time, until in the opinion of the majority of counsel appearing for the major defendants of the case, no further progress can be made.

    It is suggested that at the conclusion of the first

- 3 -

2171

meeting, it be adjourned by the parties and counsel for further study and consideration of the objects for which it was called, and that a further meeting be held without the presence of the court on the 12th day of August, 1957, in the Grand Jury Room, Federal Building, San Diego, California, for further discussion of the problem.

7. That further pretrial hearing be held in the action on the 4th day of September, 1957, at 10:00 A.M., court room No. 2. Counsel for all major parties are requested to be present, and all other interested parties defendant may appear.

8. That at the further pretrial hearing heretofore set there will be discussed the following issues:

(a) The effect of the Circuit Court decision reported in 235 F. 2d 647, and specifically whether or not the various pronouncements of the Circuit or any of them are the law of the case and binding on a subsequent trial, or whether the effect of the Circuit Court decision is to be limited to its holding that there was error in conducting a separate trial and entering a separate judgment involving some and not all of the parties in the action;

(b) The extent of the rights of the United States of America as a riparian owner to use water outside the watershed;

(c) The extent of the rights of the United States as a riparian owner to use water within the watershed;

(d) Whether the use by the United States of water for military purposes is a beneficial use;

(e) Whether the use by the United States of water for military purposes on its riparian land is a proper riparian use;

(f) The right of the United States to temporarily impound, regulate and spread its riparian water for the purpose of irrigating the vegetative cover and enriching the soil of the

alluvial basin situated within Camp Pendleton and thereby, in the process of irrigating the vegetative cover, recharge the alluvial basin.

    (g) The extent of prescriptive rights claimed by the United States:

        (1) As successor to the Rancho Santa Margarita;

        (2) Resulting from its uses after 1942;

        (3) Resulting from a combination of uses by its predecessor before 1942 and the United States thereafter;

        (4) Prescriptive rights claimed by the United States outside of the Santa Margarita River watershed;

        (5) Prescriptive rights to the use of water claimed by the United States in connection with Lake O'Neill.

    (h) The extent of the appropriative rights claimed by the United States in connection with Lake O'Neill, Stuart Mesa, South Coast Mesa, and all other uses for which appropriative claims are asserted by it; must the United States comply with State procedures for the acquisition of appropriative rights?

    (i) The law of percolating waters, that is waters which are not part of the Santa Margarita River or its tributaries or underground basins which are a part of said stream.

9. Counsel for all major defendants <u>shall</u> file and serve memoranda on the above issues by August 15, 1957, and counsel for all other defendants and defendants appearing pro per may serve and file memoranda by such date.

10. Local Rule No. 9 does not have application to the pretrial conferences in this case insofar as this order is concerned.

May 8, 1957

James M. Carter
United States District Judge