SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
BELMONT 9-1131

RICHARDSON & HENDERSON
174 North Palm Canyon Drive
Palm Springs, California

Attorneys for JOHN A. MARCHANT and
MIGNON C. MARCHANT

**FILED**
JUN 5 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>       Plaintiff )<br>  )<br>       vs )<br>  )<br>FALLBROOK PUBLIC UTILITY DISTRICT, )<br>a public service corporation of )<br>the State of California, et al., )<br>  )<br>       Defendants. ) | NO. 1247 - Civ.<br><br>ANSWER OF JOHN A. MARCHANT<br>and MIGNON C. MARCHANT |

Comes now the Defendants, JOHN A. MARCHANT, sued herein as DOE SIX HUNDRED SEVENTY TWO; and MIGNON C. MARCHANT, sued herein as DOE SIX HUNDRED SEVENTY THREE, and separating themselves from the other defendants, allege, deny and admit as follows:

FIRST DEFENSE

I

Answering Paragraph I of the Complaint, these defendants and each of them, denies that any controversy had arisen prior to the commencement of this action or has arisen as between the United States of America and either of these defendants, as alleged in said paragraph; that as to the other defendants, these defendants and each of them allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen between the

COPY RECEIVED

9846

United States of America and the defendants named herein" and therefore deny said allegation. That the only controversy of which these defendants have any knowledge is and was that created by the plaintiff when it filed its complaint herein claiming against all defendants that it had a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River. Further answering Paragraph I of the complaint, these defendants deny that they or either of them has unlawfully or otherwise interfered with any rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

II.

Answering Paragraph II of the Complaint, these defendants admit that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but these defendants are informed and believe, and therefore allege the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to these defendants, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

III.

These defendants admit that it is true that the State of California has ceded jurisdiction to the United States of America over said land but that such cession was only operative and effective to the extent and for the time that said tract of

land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which these defendants are informed and believe to be the fact ever since the government acquired said land.

IV.

Answering Paragraph IV of the Complaint, these defendants do not have nor do either of them have sufficient knowledge, information or belief to enable them to answer the allegations therein to the effect that salt water intrusion from the Pacific Ocean threatens the destruction of said basin or that two wells have been destroyed by reason of that intrusion and therefore deny said allegations. These defendants admit that the Santa Margarita River traverses a portion of the property of Plaintiff but allege that it is a non-navigable stream. These defendants deny that the Santa Margarita River enters upon the sites of the military establishments mentioned in the complaint but allege that the sites of said military establishments are off of said River and most of them are entirely outside its watershed. Admit that in the dry season of the year the surface stream customarily and ordinarily disappears at a point on the lands of the United States at approximately eight miles from the ocean sinking into the sands and gravel of its bed and channel. That later it reappears as a surface stream two or three miles below, thence flowing as a surface stream but diminishing in volume to its confluence with tidewater. These defendants allege that at various other points and places above Plaintiff's said property the river disappears as a surface stream and sinks into the sands and gravels of one or more of the numerous basins which exist underneath each of the valleys which are found along the said river and along its several tributaries

-3-

before said river enters the property of Plaintiff. Allege that
no portion of any of these basins form any part of the basin or
basins which underlie Plaintiff's said property nor do any part
of these basins underlie any portion of Plaintiff's said property.
These defendants deny that they have in anyway encroached upon
any rights which Plaintiff may have or by their alleged encroach-
ment, threaten a destruction of the basin referred to in said
Complaint. Deny that the activities of these defendants have in
anyway encroached upon or through their alleged encroachments up-
stream, they have reduced the quantities available to the United
States of America from the "subterranean sources" mentioned in
said Paragraph or that there has been a reduction in the surface
flow of the Santa Margarita River through the alleged encroach-
ment of these defendants. Deny that any acts of either of these
defendants, has damaged any rights or property of Plaintiff.
Defendants allege that, if it is true that there exists a threat
of salt water intrusion into the basin or basins in which Plain-
tiff's wells are located, or if it is true that two of Plaintiff's
wells have been destroyed by reason of that intrusion, such injury
or threatened injury, was not the result of the activities of these
defendants or either of them, nor brought about through their
alleged encroachment upstream but was in part at least, the result
of a severe and protracted drought affecting all of Southern Cali-
fornia and affecting not only the wells of Plaintiff but all wells
in the Santa Margarita watershed and also wells in every other
watershed throughout Southern California. Furthermore defendants
are informed and believe, and therefore allege the fact to be that
Plaintiff's injury, or threatened injury, was brought about prin-
cipally as the direct result of Plaintiff's misuse of the basin
or basins underlying its said property and mismanagement of its
said wells and the operation thereof and in the misuse and mis-
application of the water produced therefrom and the wrongful,

excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above", these defendants allege that they and each of them are without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore deny each and every one of said allegations.

V.

Answering Paragraph V of the Complaint, these defendants admit the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11 C.(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as Exhibit "A". These Defendants deny that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. These Defendants deny that they or their predecessors in interest, were parties to

said suit or to said Stipulation and deny that any of the rights of these Defendants in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. These Defendants allege that they are not bound in anyway by said Stipulated Judgment, nor are their rights limited or controlled by it. That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore deny each and all the said other allegations.

VI.

Answering Paragraph VI of the Complaint, these defendants admit that Plaintiff is the successor in interest of the Rancho Santa Margarita but deny that it is entitled to, or can claim, as against these defendants, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against these Defendants, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River which amount of water is, under present conditions, as these Defendants are informed and believe, and therefore allege the fact to be, not to exceed ___2,620___ acre-feet per annum.

VII.

Answering Paragraph VII of the Complaint, these Defendants allege that they are without knowledge and information sufficient to form a belief as to the truth of the allegations therein contained and therefore deny each and all of the allegations of said Paragraph.

VIII.

Answering Paragraph VIII of the Complaint, these Defendants deny that Plaintiff has a paramount right to 35,000 acre-

-6-

feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore deny each and all of the other allegations of said paragraph not herein specifically admitted.

IX.

Answering Paragraph IX of the Complaint, these defendants deny that they have made any diversions from the Santa Margarita River in violation of rights of the United States of America; deny that these Defendants or either of them by reason of their diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; deny that they or either of them have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. These Defendants deny that their rights were acquired subsequent to the rights of the United States; deny that these Defendants, or either of them, have asserted that their rights were or are paramount to the rights of the United States. Allege that these defendants are, and ever since 1933 have been, the owners and in possession of that certain real property situated in Riverside and San Diego Counties more particularly described as

> Lot 1 in Section 30, and Lots 4 and 5 in Section 31, Township 8 South, Range 3 West, S B M; Lots 1, 2, 3, 4 and 5 and the South $\frac{1}{2}$ of the Southwest $\frac{1}{4}$ of Section 25, Township 8 South, Range 4 West, S.B.& M according to the U. S. Government Survey approved April 28, 1885, containing 324.33 acres;

allege that as said owners, these defendants have at all times had and do now have the right to beneficially use on their said lands

-7-

a reasonable portion of the waters found flowing thereon and percolating therein and that said defendants have, ever since the year 1933 exercised said rights by diverting percolating waters from the underground by means of wells dug therein and surface flow from creeks by means of dams for irrigating the crops planted and growing on their said lands and for domestic uses and other beneficial purposes. That each and every parcel of their said lands is traversed by and is riparian to Sandia Creek or one of its tributaries, which creek in turn is a tributary of the Santa Margarita River; that all of their said lands are within the watershed of said Sandia Creek; that of their said lands approximately 135 acres are arable and suitable for growing crops requiring irrigation and the balance of their said lands are suitable for country home sites requiring domestic water; allege that their riparian rights hereinafter referred to are correlative with the riparian rights of Plaintiff and that as to all other rights, or claims of rights, of Plaintiff to the use of the waters of said Santa Margarita River, these Defendants allege that such rights are subordinate to the rights of these Defendants to take such amounts of water as may be reasonably required to meet their said needs up to 400 acre-feet per annum; deny that they or either of them have proceeded to encroach upon, or now are encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot. Allege that but for Plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of both plaintiff and these defendants.

These Defendants and each of them, is without knowledge or information sufficient to form a belief as to the truth of the

remaining averments in said Paragraph IX contained and therefore deny both generally and specifically each and all of the said allegations except as herein expressly admitted or expressly denied.

FOR A FURTHER SECOND AND SEPARATE DEFENSE, THESE DEFENDANTS ALLEGE:

I.

These Defendants are, and with their predecessors in interest, have been, for many years past, the owners of and in possession of certain lands upstream from the lands of Plaintiff and all said lands are within the watershed of the Santa Margarita River and particularly within the watershed of the Sandia Creek one of its tributaries and are riparian to said river and particularly to Sandia Creek and its tribuaries which flow across, through or under said lands of these defendants and have rights in and to the percolating waters which are in the underground basins and strata of water-bearing sand and gravel over which their said lands lie. That all of said lands lie in a semi-arid region and are of little value without water for the irrigation thereof. That the lands so owned by these defendants are as follows:

> All those certain Parcels of real property situated, lying and being in Riverside and San Diego Counties, State of California and more particularly described as follows, to wit:
>
> > Lot 1 in Section 30, and Lots 4 and 5 in Section 31, Township 8 South, Range 3 West, S.B.M; Lots 1,2,3, 4 and 5 and the South $\frac{1}{2}$ of the Southwest $\frac{1}{4}$ of Section 25, Township 8 South, Range 4 West, S.B.& M. according to the U. S. Government Survey approved April 28, 1885, containing 324.33 acres.

That each and every parcel of their said lands is traversed by and is riparian to Sandia Creek or one of its tributaries.

-9-

9854

II.

That of Defendants' said 324.33 acres of land approximately 135 acres are arable and suitable for growing crops requiring irrigation and the balance of their said lands are suitable for country home sites requiring domestic water. That upon purchasing said property in 1933 defendants began and have continued its development until now, while far from reaching its ultimate development, it has thereon the following improvements:

  1. A modern residence, the home of these defendants, surrounded by well landscaped garden planted to flowers, grass and fruit trees with accompanying buildings, including garage and barn.

  2. Residence, garden and play yard for farm superintendent and his family including incidental buildings for his use.

  3. To supply their said property with irrigation and domestic water, defendants have had dug: one well with a capacity of 150 g.p.m.; one well with capacity of 30 g.p.m.; one well with capacity of 90 g.p.m. Defendants also have had two reservoirs constructed, one with a capacity of 1,694,725 gallons and the other with a capacity of 2,344,527 gallons which were built and are used, not for cyclic storage, but to supply current irrigation and domestic purposes and requirements. That said two reservoirs were designed by the Soil Conservation Service of the Department of Agriculture of the United States which supervised their construction and approved their location and use on defendants' property, and paid a portion of the cost thereof.

  Defendants also developed a hidden spring or "cienegas" on their said property by excavating down to and uncovering a spring which theretofore had no flow and thereby creating new and developed water in an amount of 30 g.p.m. which they impounded in a pool with a capacity of 38,000 gallons for use on their said properties. Defendants allege that none of the said "developed" water would ever have reached Plaintiff's property in a state of

nature. That the present uses and requirements of defendants on their said lands are approximately 155 acre-feet per annum; that their ultimate uses and requirements will be approximately 400 acre-feet per annum.

WHEREFORE these Defendants pray:

1. That Plaintiff take nothing by its action.

2. That Defendants, as against Plaintiff, be decreed to be the owners of the right to beneficially use upon their said lands the waters of Sandia Creek up to 400 acre-feet per annum.

3. That Defendants have judgment for their costs incurred herein and for such other and further relief as may to the court seem meet and proper.

DATED: JUN 5 1957

RICHARDSON & HENDERSON
SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for Defendants
JOHN A. MARCHANT and
MIGNON C. MARCHANT

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO } ss.
STATE OF CALIFORNIA }

MARIAN W. ALLEN being duly sworn, says, that affiant is a citizen of the United States, over 18 years of age, a resident of, or employed in, San Diego County and not a party to the within action

That affiant's business address is 604 San Diego Trust & Savings Bldg., San Diego, California

That affiant served the attached ANSWER OF JOHN A. MARCHANT and MIGNON C. MARCHANT

by placing a true copy thereof in an envelope addressed to J. LEE RANKIN, Solicitor-General, WILLIAM H. VEEDER, Attorney, Dept. of Justice; WILLIAM E. BURBY, Attorney Dept. of Justice, Attorneys for Plaintiff

at their office address, which is c/o Professor WILLIAM E. BURBY Attorney at Law 12120 Travis Street Los Angeles 49, California

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on June 5, 1957, deposited in the United States Mail at

San Diego, California. That there is delivery service by the United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me
June 5, 1957                    195

Elcie M. Bradford
Notary Public in and for the County of San Diego, State of California
(SEAL)

Marian W. Allen

9857

**AFFIDAVIT OF SERVICE BY MAIL**     Form 9A Co. Clk. 10-56 20M PP