SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
BELMONT 9-1131

RICHARDSON & HENDERSON
174 North Palm Canyon Drive
Palm Springs, California

Attorneys for GENE E. MARTIN, Executrix of the
   Estate of ALEXANDER F. HANSEN, Deceased

FILED
JUN 5 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>vs<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,<br><br>    Defendants. | NO. 1247 - Civ.<br><br>ANSWER OF GENE E. MARTIN, Executrix of the Estate of ALEXANDER F. HANSEN, Deceased |

Comes now GENE E. MARTIN, the duly appointed qualified and acting Executrix of the Estate of ALEXANDER F. HANSEN, deceased, who was sued herein as DOE FOUR HUNDRED FORTY-FOUR, and separating herself from the other defendants, alleges, denies and admits as follows:

FIRST DEFENSE

I.

Answering Paragraph I of the Complaint, this defendant denies that any controversy had arisen prior to the commencement of this action or has arisen as between the United States of America and this defendant, as alleged in said paragraph; that as to the other defendants, this defendant alleges that she is without knowledge or information sufficient to form a belief as to the truth of the allegation that "an actual controversy has arisen

COPY RECEIVED

-1-

9858

between the United States of America and the defendants named herein" and therefore denies said allegation. That the only controversy of which these defendants have any knowledge is and was that created by the Plaintiff when it filed its complaint herein claiming against all defendants that it had a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River. Further answering Paragraph I of the complaint, this defendant denies that she or the said Alexander F. Hansen, deceased, has unlawfully or otherwise interfered with any rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

II.

Answering Paragraph II of the Complaint, this defendants admits that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but this defendant is informed and believe, and therefore alleges the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to this defendant, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

III.

This defendant admits that it is true that the State of California has ceded jurisdiction to the United States of America over said land, but that such cession was only operative and

1  effective to the extent and for the time that said tract of land
2  was to be used and actually was used for the purpose of erecting
3  and maintaining forts, magazines, arsenals, dockyards and other
4  needful buildings thereon and was not intended to, and in fact
5  did not, extend to the thousands of acres of land occupied, used
6  and devoted to commercial farming by private persons which this
7  defendant is informed and believes to be the fact ever since the
8  government acquired said land.

### IV.

10  Answering Paragraph IV of the Complaint, this defendant
11 does not have sufficient knowledge, information or belief to
12 enable her to answer the allegations therein to the effect that
13 salt water intrusion from the Pacific Ocean threatens the destruc-
14 tion of said basin ir that two wells have been destroyed by reason
15 of that intrusion and therefore deny said allegations. This
16 defendant admits that the Santa Margarita River traverses a por-
17 tion of the property of Plaintiff but alleges that it is a non -
18 navigable syream. This defendant denies that the Santa Margarita
19 River enters upon the sites of the military establishments men-
20 tioned in the complaint but alleges that that the sites of said
21 military establishments are off of said River and most of them are
22 entirely outside its watershed. Admit that in the dry season of
23 the year the surface stream customarily and ordinarily disappears
24 at a point on the lands of the United States at approximately
25 eight miles from the ocean sinking into the sands and gravel of its
26 bed and channel. That later it reappears as a surface stream two
27 or three miles below, thence flowing as a surface stream but
28 diminishing in volume to its confluence with tidewater. This
29 Defendant alleges that at various other points and places above
30 Plaintiff's said property the river disappears as a surface stream
31 and sinks into the sands and gravels of one or more of the numer-
32 ous basins which exist underneath each of the valleys which are

found along the said river and along its several tributaries before said river enters the property of Plaintiff. Alleges that no portion of any of these basins form any part of the basin or basins underlie any portion of Plaintiff's said property. This defendant denies that she or her predecessor has in anyway encroached upon any rights which Plaintiff may have or by their alleged encroachment, threaten a destruction of the basin referred to in said Complaint. Denies that the activities of this Defendant, or her predecessor has in anyway encroached upon or through their alleged encroachments upstream, they have reduced the quantities available to the United States of America from the "subterranean sources" mentioned in said Paragraph or that there has been a reduction in the surface flow of the Santa Margarita River through the alleged encroachment of this defendant or her predecessor. Deny that any acts of either this defendant or her predecessor has damaged any rights or property of Plaintiff. Defendant alleges that, if it is true that there exists a threat of salt water intrusion into the basin or basins in which Plaintiff's wells are located, or if it is true that two of Plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of this defendant or her predecessor or either of them, nor brought about through their alleged encroachment upstream but was in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of Plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California. Furthermore defendant is informed and believes, and therefore alleges the fact to be that Plaintiff's injury, or threatened injury, was brought about principally as the direct result of Plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the

-4-

water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by Plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

As to the allegation that "underlying the river and its tributaries is a vast underground basin" and that "the basin as a whole creates a large underground reservoir into which a high proportion of the Santa Margarita River sinks" and that "this vast subterranean reservoir constitutes one of the principal sources of water for the military purposes declared above", this defendant alleges that she is without knowledge and information sufficient to form a belief as to the truth of said allegations and therefore she denys each and every one of said allegations.

V.

Answering Paragraph V of the Complaint, this defendant admits the trial of the suit referred to in said Paragraph being Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, but allege that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita v. Vail 11 C.(2) 501) and thereafter a Stipulation or Agreement was entered into between the Plaintiff in said action and the Defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the Plaintiff's Complaint as Exhibit "A". This Defendant denies that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. This Defendant denies that she or her predecessor in interest, were a party to said suit or to said Stipulation and denies that any of the rights

-5-

9862

of this Defendant in the Santa Margarita River were adjudicated in said suit or fixed by said Judgment. This Defendant alleges that she is not bound in anyway by said Stipulated Judgment, nor are her rights limited or controlled by it. That this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and therefore denies each and all of the said other allegations.

## VI.

Answering Paragraph VI of the Complaint, this defendant admits that Plaintiff is the successor in interest of the Rancho Santa Margarita but denies that it is entitled to, or can claim, as against this defendant, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against this Defendant, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as this Defendants ise informed and believe, and therefore alleges the fact to be, not to exceed 2,620 acre-feet per annum.

## VII.

Answering Paragraph VII of the Complaint, this Defendant allegesthat she is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and therefore denys each and all of the allegations of said Paragraph.

## VIII.

Answering Paragraph VIII of the Complaint, this Defendant denys that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendant alleges that she

is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and therefore denys each and all of the other allegations of said paragraph not herein specifically admitted.

IX.

Answering Paragraph IX of the Complaint, this defendant denys that she or her predecessor has ever made any diversions from the Santa Margarita River in violation of rights of the United States of America; denys that this defendant or her predecessor by reason of their diversions from the Santa Margarita River has caused the intrusion of salt water from the Pacific Ocean, or otherwise caused damage to the United States of America; denys that she or her predecessor have repeatedly or at all, through overt acts or otherwise, displayed their disregard for the rights of the United States of America or declared claims in contravention of the rights of the United States of America. This Defendant denys that her rights or those of her predecessor were acquired subsequent to the rights of the United States1 denys that this Defendant or her predecessor have asserted that their rights were or are paramount to the rights of the United States; except this Defendant admits that they have asserted that their rights were and are paramount in part, correlative in part, and subordinate in part, to the rights of the United States of America and admits that the Plaintiff has a right to an equitable share of the waters of the Santa Margarita River and its tributaries which is, or may be reasonably and actually required by it for riparian uses and purposes on its riparian lands, which amount, at the present time, as this Defendant is informed and believes, does not exceed 2,620 acre-feet per annum. Alleges that this Defendant and her predecessor ever since 1933 have been the owners and in possession of that certain real property situated in San Diego County, State of California, more particularly described as follows:

-7-

9864

           Section thirty-six (36), Township eight (8) South,
           Range four (4) West, S.B.M.

Alleges that as said owners, this defendant and her predecessor have at all times had and do now have the right to beneficially use on their said lands a reasonable portion of the waters found flowing thereon and percolating therein and that this Defendant and her predecessor have, ever since the year 1933 exercised said rights by diverting surface flow from Sandia Creek by means of/and dams pumps for irrigating the crops planted and growing on their said lands and for domestic uses and other beneficial purposes. That each and every parcel of said lands is traversed by and is riparian to Sandia Creek and one or more of its tributaries, which creek in turn is a tributary of the Santa Margarita River; that all of said lands are within the watershed of said Sandia Creek; that of said lands approximately 200 acres are arable and suitable for growing crops requiring irrigation and the balance of said lands are suitable for country home sites requiring domestic water; alleges that the riparian rights hereinafter referred to are correlative with the riparian rights of Plaintiff; that as to all other rights, or claims of rights, of Plaintiff to the use of the waters of said Santa Margarita River, this Defendant alleges that such rights are subordinate to the rights of this defendant to take such amounts of water as may be reasonable required to meet their said needs up to 1200 acre-feet per annum; denys that this defendant or her predecessor have proceeded to encroach upon, or now are encroaching upon, or threaten to encroach upon, the water supply of Camp Pendleton, the United States Naval Hospital or the Naval Ammunition Depot. Alleges that but for Plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements

-8-

1 of both plaintiff and this defendant.
2    This defendant is without knowledge or information suf-
3 ficient to form a belief as to the truth of the remaining aver-
4 ments in said Paragraph IX contained and therefore denys both
5 generally and specifically each and all of the said allegations
6 except as herein expressly admitted or expressly denied.

9 FOR A FURTHER SECOND AND SEPARATE DEFENSE, DEFENDANT GENE E. MARTIN
10 ALLEGES:
11        I.
12    That this Defendant is the duly appointed, qualified and
13 acting Executrix of the Estate of Alexander F. Hansen who died
14 July 16, 1950, having been so appointed by the Superior Court of
15 the State of California in and for the County of San Diego in
16 Probate Case No. 44,950, entitled Estate of Alexander F. Hansen,
17 deceased.
18        II.
19    That this Defendant is, and with her predecessor in
20 interest, Alexander F. Hansen, has been, ever since the year 1933,
21 the owners of and in possession of certain hereinafter described
22 lands, upstream from the lands of Plaintiff, all of which said
23 lands are within the waterahed of the Santa Margarita River and
24 particularly within the watershed of the Sandia Creek one of its
25 tributaries and are riparian to said river and particularly to
26 Sandia Creek and its tributaries which flow across through and
27 under the said lands of this Defendant, which said lands have ri-
28 parian rights in and to the waters of said Creek and its tribu-
29 taries. That all of said lands lie in a semi-arid region and are
30 of little value without water for their irrigation and to supply
31 the domestic requirements of the owner thereof. That the lands so
32 owned by this defendant are as follows:

Case 3:51-cv-01247-JO-SBC   Document 1806   Filed 06/05/57   PageID.5046   Page 10 of 11

All of Section 36, Township 8 South, Range 4 West
S. B. M. containing 640 acres.

That each and every parcel of the said lands is traversed by, and is riparian to said Sandia Creek and one or more of its tributaries.

III.

That this Defendant is informed and believes and therefore alleges the fact to be that her predecessor Alexander F. Hansen sometime after 1933 built a residence for himself on the said property together with other farm buildings and equipped it with farm machinery for its proper operation. That at an expense of some $6,000 he had constructed in the channel of Sandia Creek on his property two diversion dams of concrete and masonry, one 10 feet in height above stream bed, located south 312 feet and east 1140 feet from the northwest corner of said Section 36, and the other, 5 feet in height above stream bed, located north 2795 feet and east 1980 feet from the southwest corner of said Section 36. Said dams were equipped with pumping facilities capable of diverting 1200 gallons per minute and were connected with the intended places of use on said Section 36 by a conduit system of steel and cement pipes.

This defendant is further informed and believes and therefore alleges the fact to be that said Alexander F. Hansen before his death in 1950 had cleared approximately 100 acres of his said property preparatory to planting the same to an orchard and approximately 180 acres of additional land cleared to be planted to general crops; also that he had established a nursery on his said property from which to supply the avocado and citrus trees for his said orchard.

IV.

This Defendant alleges that of the 640 acres of land located within said Section 36, approximately 280 acres are arable and suitable for growing crops requiring irrigation and that the

-10-

9867

balance of said lands are suitable for country home sites requiring domestic water; alleges that, as the owner of said lands, she at all times has had and now has the right to beneficially use on said lands a reasonable portion of the waters of said Sandia Creek and its tributaries found flowing thereon and therein; alleges that, although no water has been used on said lands since the death of Alexander F. Hansen, and none is now being used thereon, said lands have the right as against Plaintiff to the beneficial use thereon of the ultimate reasonable requirements of said lands which is and will be 1200 acre-feet per annum.

WHEREFORE, this Defendant prays:

1. That Plaintiff take nothing by its action.

2. That this Defendant, as against Plaintiff, be decreed to be the owner of the right to beneficially use upon her said lands the waters of Sandia Creek and its tributaries up to 1200 acre-feet per annum.

3. That Defendant have judgment for her costs incurred herein and for such other and further relief as may to the court seem meet and proper.

DATED: June 5 1957.

RICHARDSON & HENDERSON

SWING, SCHARNIKOW & STANIFORTH

BY _____

Attorneys for Defendant GENE E. MARTIN, Executrix of the Estate of ALEXANDER F. HANSEN, Deceased.