SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
BELMONT 9-1131

OLIVER P. ENSLEY
Attorney at Law
Hemet, California

Attorneys for TOMMY RAWSON



**FILED**

JUN 21 1957

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By *William W Luedig*
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>                    Plaintiff, )<br><br>        vs )<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, )<br>a public service corporation of )<br>the State of California, et al., )<br><br>                    Defendants. ) | NO. 1247 - Civil<br><br>ANSWER OF TOMMY RAWSON |

Comes now TOMMY RAWSON, and separating himself from the

other defendants, alleges, denies and admits as follows:

FIRST DEFENSE

I.

Answering Paragraph I of the Complaint, this defendant

denies that any controversy had arisen prior to the commencement

of this action or has arisen as between the United States of Amer-

ica and this defendant, as alleged in said paragraph; that as to

the other defendants, this defendant alleges that he is without

knowledge or information sufficient to form a belief as to the

truth of the allegation that  "an actual controversy has arisen

between the United States of America and the defendants named

herein" and therefore denies said allegation.  That the only

controversy of which this defendant has any knowledge is and was

that created by the Plaintiff when it filed its complaint herein

-1-

9869

*Recd Copy*

claiming against all defendants that it had a paramount right to 35,000 acre-feet of water annually from the Santa Margarita River. Further answering Paragraph I of the complaint, this defendant denies that he has unlawfully or otherwise interfered with any rights of the United States of America; admit the allegations in said Paragraph I contained except as herein denied.

II.

Answering Paragraph II of the Complaint, this Defendant admits that the United States of America acquired the sites mentioned and described in said Paragraph at the times alleged and thereafter developed and installed the military establishments and constructed the facilities therein referred to, in said paragraph, but this defendant is informed and believes, and therefore alleges the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes but that several thousand acres of land, the exact amount being unknown to this defendant, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose.

III.

This defendant admits that it is true that the State of California has ceded jurisdiction to the United States of America over said land, but that such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings therein and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and

-2-

1  devoted to commercial farming by private persons which this
2  defendant is informed and believes to be the fact ever since the
3  government acquired said land.

IV.

5  Answering Paragraph IV of the Complaint, this defendant
6  does not have sufficient knowledge, information or belief to
7  enable him to answer the allegations therein to the effect that
8  salt water intrusion from the Pacific Ocean threatens the destruc-
9  tion of said basin or that two wells have been destroyed by reason
10  of that intrusion and therefore deny said allegations. This defen-
11  dant admits that the Santa Margarita River traverses a portion of
12  the property of Plaintiff but alleges that it is a non-navigable
13  stream. This defendant denies that the Santa Margarita River
14  enters upon the sites of the military establishments mentioned in
15  the complaint but alleges that the sites of said military estab-
16  lishments are off of said River and most of them are entirely
17  outside its watershed. Admit that in the dry season of the year
18  the surface stream customarily and ordinarily disappears at a
19  point on the lands of the United States at approximately eight
20  miles from the ocean sinking into the sands and gravel of its bed
21  and channel. That later it reappears as a surface stream two or
22  three miles below, thence flowing as a surface stream but diminish-
23  ing in volume to its confluence with tidewater. This Defendant
24  alleges that at various other points and places above Plaintiff's
25  said property the river disappears as a surface stream and sinks
26  into the sands and gravels of one or more of the numerous basins
27  which exist underneath each of the valleys which are found along
28  the said river and along its several  tributaries before said
29  river enters the property of Plaintiff. Alleges that no portion
30  of any of these basins form any part of the basin or basins which
31  underlie any portion of Plaintiff's said property. This defendant
32  denies that he has in anyway encroached upon any rights which

=3=

9871

1  Plaintiff may have or by his alleged encroachment, threaten a

2  destruction of the  basin referred to in said Complaint. Denies

3  that the activities of this Defendant has in anyway encroached

4  upon or through his alleged encroachments upstream, he has reduced

5  the quantities available to the United States of America from the

6  "subterranean sources" mentioned in said Paragraph or that there

7  has been a reduction in the surface flow of the Santa Margarita

8  River through the alleged encroachment of this defendant.  Deny

9  that any acts of this defendant has damaged any rights or property

10 of Plaintiff.  Defendant alleges that, if it is true that there

11 exists a threat of salt water intrusion into the basin or basins

12 in which Plaintiff's wells are located, or if it is true that two

13 of Plaintiff's wells have been destroyed by reason of that intru-

14 sion, such injury, or threatened injury, was not the result of the

15 activities of this defendant, nor brought about through his

16 alleged encroachment upstream but was in part at least, the result

17 of a severe and protracted drought affecting all of Southern Cali-

18 fornia and affecting not only the wells of Plaintiff but all wells

19 in the Santa Margarita watershed and also wells in every other

20 watershed throughout   Southern California.  Furthermore defendant

21 is informed and believes and therefore alleges the fact to be that

22 Plaintiff's injury, or threatened injury, was brought about prin-

23 cipally as the direct result of Plaintiff's misuse of the basin

24 or basins underlying its said property and mismanagement of its

25 said wells and the operation thereof and in the misuse and mis-

26 application of the water produced therefrom and the wrongful,

27 excessive and unreasonable diversions and uses and places of use

28 of said water, including the exportation by Plaintiff of large

29 quantities of said water beyond the basin and watershed of said

30 Santa Margarita River from whence said water, or any part thereof,

31 could never return.

32      As to the allegation that "underlying the river and its

-4-

9872

tributaries is a vast underground  basin" and that "the basin as a
whole creates a large underground reservoir into which a high pro-
portion of the Santa Margarita River sinks" and that "this vast
subterranean reservoir constitutes one of the principal sources of
water for the military purposes  declared above",this defendant
alleges that he is without knowledge and information sufficient
to form a belief as to the truth of said allegations and there-
fore he denys each and every one of said allegations.

V.

Answering Paragraph V of the Complaint, this Defendant
admits the trial of the suit referred to in said Paragraph being
Action No. 42850 in the Superior Court of the State of California
in and for the County of San Diego, but allege that the decision
of the trial court was reversed by the Supreme Court of the State
of California (Rancho Santa Margarita v. Vail 11 Cal.2d  501) and
thereafter a Stipulation or Agreement was entered into between the
Plaintiff in said action and the defendant Vail interests calling
for the entry of the stipulated judgment therein, a copy of which
is attached to and made a part of the Plaintiff's Complaint as
Exhibit "A".  This defendant denies that the parties to said liti-
gation declared their rights or fixed their aliquot shares of all
the waters of the Santa Margarita River, premised upon the find-
ings of the trial court or upon the decision of the California
Supreme Court when the watter was on appeal before it. This Defen-
dant denies that he was a party to said suit or to said Stipula-
tion and denies that any of the rights of this Defendant in the
Santa Margarita River were adjudicated in said suit or fixed by
said Judgment.  This Defendant alleges that he is not bound in
anyway by said Stipulated Judgment, nor are his rights limited or
controlled by it.  That this Defendant is without knowledge or
information sufficient to form a belief as to the truth of the
remaining allegations in said paragraph and therefore denies each
and all of the said other allegations .

-5-

9873

## VI.

Answering Paragraoh VI of the Complaint, this defendant admits that Plaintiff is the successor in interest of the Rancho Santa Margarita but denies that it is entitled to, or can claim, as against this defendant, all rights, titles, interest and privileges purported to have been given to said Rancho Santa Margarita by the said Stipulated Judgment or that Plaintiff is entitled to or can claim, as against this Defendant, any more water than the amount which is or may be reasonably and actually required for riparian uses and purposes on that portion of said Rancho Santa Margarita which is actually riparian to said Santa Margarita River, which amount of water is, under present conditions, as this Defendant is informed and believes, and therefore alleges the fact to be, not to exceed 2,620 acre-feet per annum.

## VII.

Answering Paragraph VII of the Complaint, this defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and therefore denys each and all of the allegations of said Paragraph.

## VIII.

Answering Paragraph VIII of the Complaint, this Defendant denys that Plaintiff has a paramount right to 35,000 acre-feet of water annually or a paramount right to any quantity of water except as hereinafter admitted. Defendant alleges that he is without knowledge or information sufficient to  form a belief as to the truth of the other allegations contained in said paragraph and therefore denys each and all of the other allegations of said paragraph not herein specifically admitted.

## IX.

Answering Paragraph IX of the Complaint, this defendant denys that he has ever made any diversions from the Santa Margarita River in violation of rights of the United States of America; denys that

-6-

1   this defendant by reason of his diversions from the Santa Margarita
2   River has caused the intrusion of salt water from the Pacific
3   Ocean, or otherwise caused damage to the United States of America;
4   denys that he has repeatedly or at all, through overt acts or
5   otherwise, displayed his disregard for the rights of the United
6   States of America or declared claims in contravention of the rights
7   of the United States of America.  This Defendant denys that his
8   rights were acquired subsequent to the rights of the United States;
9   denys that this defendant has asserted that his rights were or are
10  paramount to the rights of the United States; except this Defendant
11  admits that he has asserted that his rights were and are
12  paramount in part and correlative in part, to the rights of the
13  United States of America and admits that the Plaintiff has a right
14  to an equitable share of the waters of the Santa Margarita River
15  and its tributaries which is, or may be reasonably and actually
16  required by it for riparian uses and purposes on its riparian
17  lands, which amount, at the present time, as this Defendant is
18  informed and believes, does not exceed 2,620 acre-feet per annum.
19  Alleges that this Defendant, long before Plaintiff acquired any
20  interest in any part of the Rancho Santa Margarita, has been the
21  owner and in possession of those certain parcels or tracts of real
22  property situated in Riverside County, State of California, more
23  particularly described and set forth in his Further Second and
24  Separate Defense to which reference is hereby made.

25      Alleges that as said owner, this defendant and his predeces-
26  sors have at all times had and do now have the right to beneficially
27  use on his said lands a reasonable portion of the waters found
28  flowing thereon and percolating therein and that this Defendant and
29  his predecessors have, long before Plaintiff ever acquired any
30  interest in Rancho Santa Margarita,exercised said rights by divert-
31  ing surface flow from creeks and by digging wells into the under-
32  ground percolating waters and pumping therefrom water to supply

-7-

1   their needs and requirements for irrigation, for stock water and
2   for domestic uses and other beneficial purposes.  That each and
3   every parcel of said lands is traversed by and is riparian to some
4   creek or water course or has springs thereon or underground water
5   percolating therein; Alleges that this defendant's riparian
6   rights are correlative with the  riparian rights of Plaintiff;
7   that as to all other rights, or claims of rights, of Plaintiff to
8   the use of the waters of said Santa Margarita River, this Defendant
9   alleges that such rights are subordinate to the rights of this
10   defendant to take such amounts of water as may be reasonably re-
11   quired to meet his needs upon his said lands. Denys that this
12   defendant or his predecessors have proceeded to encroach upon, or
13   now are encroaching upon, or threaten to encroach upon, the water
14   supply of Camp Pendleton, the United States Naval Hospital or the
15   Naval Ammunition Depot.  Alleges that but for Plaintiff's exces-
16   sive diversions, unreasonable uses and wrongful exportation of
17   water to places outside the basin and watershed of Santa Margarita
18   River, as alleged in Paragraph IV hereof, there would be a suffi-
19   cient supply of water to meet the rightful needs and lawful re-
20   quirements of Plaintiff.

21      This Defendant is without knowledge or information suf-
22   ficient to form a belief as to the truth of the remaining aver-
23   ments in said Paragraph IX contained and therefore denys both
24   generally and specifically each and all of the said allegations
25   except as herein expressly admitted or expressly denied.

-8-

FOR A FURTHER SECOND AND SEPARATE DEFENSE THIS DEFENDANT ALLEGES:

I

That this Defendant is the owner and in possession of
over 16,000 acres of land held in a more or less compact body
located in Riverside County, State of California, extending from
approximately 5 miles to 15 miles south of the City of Hemet and
having an east and west width of over 5 miles.  The several parcels
making up Defendant's Ranch will be hereinafter more particularly
described and their physical features and hydrological character-
istics set forth.  The whole, together with some intervening
tracts of land which this Defendant controls as agent or lessee,
is, and has been, for many years past, operated and maintained as
"Rawson's Game Reserve".  That because of its rich historical
background and the unique wild life propagated and protected
thereon, said properties have a recognized value greatly beyond
that of merely being the cherished ancestral home of this Defendant.

This Defendant's said properties have been and are well
improved with residences, barns, 100 miles of private roads, 200
miles of fences, developed springs, water facilities, stocked
with approximately 300 head of sheep. 300 head of thoroughbred
cattle, with additional seasonal feeders of some 300 head brought
in to eat the straw in the fields after the wheat has been headed.
On said premises this Defendant owns and maintains over a thousand
stands of bees.  Also said premises are supplied with equipment
and farm machinery sufficient and adequate to successfully operate
it as a combined cattle ranch and honey producing farm which is
the use to which it now is being put.  All of said property is
suitable for country homes and ultimately will be subdivided and
used for that purpose.

That all of Defendant's said properties are located in a
semi-arid section of the State and require water for irrigation,
stock, domestic and other beneficial uses in order to make the said
lands useful and inhabitable.  That there exists on each of the

-9-

several tracts underground percolating waters adequate in amount,
when springs are developed thereon and/or wells are dug therein
and water pumped therefrom to supply the requirements of each of
said tracts.

II.

That the several parcels of land which constitute this
Defendant's said properties and the physical features and hydro-
logical characteristics thereof and improvements located thereon,
are more particularly described as follows:

1.   All of Section 8, Township 6 South, Range 1 West, S.B.M.
was acquired by this Defendant prior to 1928, of which
200 acres are arable and 100 acres have been and are in
actual cultivation planted to wheat.  The remaining 440
acres is hilly land covered with buckwheat and sage brush
suitable for livestock grazing purposes and bee culture.
There are located on said Section 8 four springs developed
and used for supplying stock water, only one of which
produces a flow sufficient to run off of the property,
and that one flows to the north into Diamond Valley, none
of which flow even in a state of nature would ever reach
the Santa Margarita River, or the said property of Plain-
tiff.  The said section is completely fenced.  That the
present use of water thereon is some 20,000 gallons per
day but its ultimate requirements when fully developed
will/not less than 500 acre-feet per annum.  That, as
against Plaintiff, this Defendant as the owner of said
lands, has the right to beneficially use thereon water
found flowing on, across and through said lands and per-
colating therein up to ___500___ acre-feet per annum, when
said water is actually present and physically available.

2.   The West Half of Section 9, Township 6 South, Range 1 West,

-10-

9373

S.B.M. was purchased by this Defendant's father in 1890, of which 30 acres are arable and the rest suitable for grazing purposes. All of the 320 acres are fenced. There is one spring producing a flow sufficient to run off of the property and the flow from that spring is north and towards Diamond Valley, none of which flow even in a state of nature would ever reaches Santa Margarita River or the said property of Plaintiff. That the present use of water thereon is nominal but its ultimate requirements when fully developed will be not less than 200 acre-feet per annum. That, as against Plaintiff, this Defendant, as the owner of said lands, has the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to __200__ acre-feet per annum, when said water is actually present and physically available.

3.   All of Section 16, Township 6 South, Range 1 West, S.B.M., was purchased by this Defendant's father in 1885 under a contract with the State of California, and final payment thereon was made by this Defendant about 1909. Of said Section, 100 acres is arable land which has been planted to grain regularly ever since 1890. The remainder is suitable for live stock grazing, bee grazing and is now being used for those purposes. Said section is all fenced and contains thereon two springs, one of which will produce a flow sufficient occasionally to run off of the section creating Los Feliz Creek flowing south through Defendant's other lands located in Sections 21, 28 and 33. Los Feliz Creek normally flows only during a small part of the year and for the remainder of the year is underground. When there is sufficient flow in that creek it empties into the Araiza Creek which in turn flows westerly intermittently

-11-

across Defendant's other lands located in Sections 31
and 32, Township 6 South, Range 1 West, S B M into
Rawson Creek.  That the present use of water thereon is
for supplying water for livestock and bees but its ulti-
mate requirements when fully developed will be not less
than 250 acre-feet per annum.  That, as against Plaintiff,
this Defendant as the owner of said lands, has the right
to beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 250
acre-feet per annum, when said water is actually present
and physically available.

4.    All of Section 17, Township 6 South  Range 1 West S.B.M.
which this Defendant's father contracted to purchase in
1885 and which this Defendant finished paying for in 1905.
That of said section, 400 acres are arable and have been
and are cultivated by being planted regularly to wheat.
The remainder of said section is suitable for grazing and
bee culture and is now used for those purposes.  All of
said section is improved by being fenced.  In the southwest
corner of said section is found an adequate supply of
underground water.  That the present use of water thereon
is for supplying water for livestock and bees but its ul-
timate requirements when fully developed will be not less
than 1000 acre-feet per annum.  That as against Plaintiff,
this Defendant as the owner of said lands, has the right
to beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 1000
acre-feet per annum, when said water is actually present
and physically available.

5.    All of Section 18, Township 6 South, Range 1 West, S B M ,
120 acres of which constituted this defendant's father's
homestead, where, in 1880, his father built an old adobe

-12-

9880

house containing seven rooms where this Defendant now lives.
This Defendant also replaced the old barn with a bigger
barn.One hundred (100) acres of said section are arable
and has been in cultivation since the time of this defen-
dant's father's homestead, and the rest of the land is
suitable for livestock grazing, bee culture and is now
used for these purposes. Two shallow wells were dug near
the old ranch house, one in 1880 and the second in 1896,
water from which was pumped by means of a gasoline engine
into a tank with a capacity of approximately 1500 gal-
lons. The section is fenced. Also there is one spring
which has been developed upon said section. The northerly
100 acres of said section slope northerly, and drain
towards Diamond Valley and no portion of the water which
falls or will fall upon said 100 acres would even in a
state of nature reach the Santa Margarita River or the
lands of Plaintiff located on Camp Pendleton. That the
present use of water thereon is for domestic purposes,
and for supplying water for livestock and bees, but its
ultimate requirements when fully developed will be not
less than 850 acre-feet per annum. That as against
Plaintiff, this Defendant as the owner of said lands,
has the right to beneficially use thereon water found
flowing on, across and through said lands and percolating
therein up to 850 acre-feet per annum, when said water
is actually present and physically available.

6.  All of Section 13, Township 6 South, Range 2 West, S B M
which contains no arable lands but is covered with natural
growth suitable for livestock grazing, especially sheep,
and for bee culture, for which it is now being used. All
of said section is fenced. On said section there have

9881

been developed several springs which show sufficient flow
to run off of that section and on to this defendant's
other property located in Section 23 and 26 Township 6
South, Range 2 West, S.B.M. but no further. That the pre-
sent use of water thereon is for supplying livestock and
bees but its ultimate requirements when fully developed
will be not less than 640 acre-feet per annum. That as
against Plaintiff, this Defendant as the owner of said
lands, has the right to beneficially use thereon water
found flowing on, across and through said lands and per-
colating therein up to 640 acre-feet per annum, when said
water is actually present and physically available.

7. <u>On Section 14, Township 6 South, Range 2 West, S.B.M.</u> this
Defendant owns eight mining claims, some of which date back
to 1870, in connection with which this defendant has oper-
ated a mill for grinding ore and water rights in connection
with the operation of his mines and said mill running back
to more than twenty-five years ago. This defendant holds
Federal Government leases under the Taylor Grazing Act
covering all of said Section 14, using the water found there-
on for stock water purposes. That the present use of water
thereon is for stock water purposes but the ultimate require-
ments of said mining and livestock purposes will be not less
than 160 acre-feet per annum. That as against Plaintiff,
this Defendant as the owner of said lands, has the right to
beneficially use thereon water found flowing on, across and
through said lands and percolating therein up to 160 acre-
feet per annum, when said water is actually present and
physically available.

8. <u>All of Section 23 Township 6 South, Range 2 West, S.B.M.</u> of
which 150 acres is arable and has for many years been under

-14-

1   cultivation. The remainder of said section is suitable for
2   livestock and bee culture. All of said land is fenced.
3   That there exists upon said property an unnamed creek which
4   has its origin in this Defendant's section 13, and after
5   crossing Section 23 in a southerly direction enters this
6   Defendant's lands in Section 26. That said creek is of
7   an intermittent flow. That on said section this Defendant
8   has developed three springs which produce a supply suf-
9   ficient to water 200 head of cattle the year around. That
10  the present use of water on said section is for stock water
11  and bee culture, but that the ultimate requirements of said
12  section when fully developed will be 400 acre-feet per
13  annum. That as against Plaintiff this Defendant as the
14  owner of said lands, has the right to beneficially use
15  thereon water found flowing on, across and through said
16  lands and percolating therein up to 400 acre-feet per annum,
17  when said water is actually present and physically available.
18
19  9.  All of Section 24, Township 6 South, Range 2 West S B M of
20  which 200 acres are arable and for many years has been under
21  cultivation by being planted to wheat annually. The re-
22  mainder of said section is suitable for livestock grazing.
23  All of said section is fenced and has located thereon a
24  modern stone house at one time occupied as an Officers Club
25  House for officers of March Field. This defendant has
26  developed thereon two springs whose combined output is
27  normally 1500 gallons per day. The present use of water
28  for domestic and livestock purposes and for bee culture is
29  1500 gallons per day but the ultimate requirements when
30  fully developed will be not less than 500 acre-feet per
31  annum. That as against Plaintiff, this Defendant as the
32  owner of said lands, has the right to beneficially use thereon

-15-

water found flowing on, across and through said lands and percolating therein up to 500 acre-feet per annum, when said water is actually present and physically available.

10.  All of Section 19, Township 6 South, Range 1 West S B M of which 300 acres are arable, and the remainder thereof is suitable for livestock grazing and bee culture.  All said section is fenced.  That said property is traversed by Rawson Creek which has its beginning in this Defendant's property in Section 9 Township 6 South, Range 1 West, SBM and continuing in a southerly direction across this Defendant's other property and across Section 19 and onto other property of this Defendant southerly therefrom reaching, on occasions when there is sufficient flow Tecolote Creek.  Said Rawson Creek is a stream of intermittent flow whose bed is dry most of the year.  That in 1892 a well was dug on this Section and operated first by a windmill and later by a gasoline engine to pump water into 2 tanks, one with a capacity of 500 gallons, and one with a capacity of 1000 gallons, all of which water facilities have been maintained and operated from the beginning to supply stock water to cattle and sheep grazing thereon.  Also this defendant has developed thereon two springs which produce a combined flow of between 5000 and 6000 gallons per day  which is also used for stock water and bee culture purposes.  The present uses of water upon said section are approximately 7500 gallons per day but the ultimate requirements of said Section when fully developed will be not less than 750 acre-feet per annum. That as against Plaintiff this Defendant as the owner of said lands, has the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to  750 acre-feet per annum, when said water is actually present and physically available.

9384

11. All of Section 20, Township 6 South, Range 1 West S.B.M.
of which 200 acres are arable and have for a long time been
cultivated by being planted to wheat. That the remainder
of said land is suitable for livestock grazing and bee
culture. All of the section is fenced. There is thereon
an old adobe house supplied by a well equipped with a wind-
mill which pumps into a tank of 1000 gallon capacity. That
this property is traversed by an unnamed creek of intermit-
tent flow to which the lands in this section are riparian.
Also this Defendant has developed several springs on said
section for stock water purposes and for supplying bees.
That the present uses of water thereon are about 2000 gallons
per day but that its ultimate requirements when fully devel-
oped will be not less than 500 acre-feet per annum. That as
against Plaintiff, this Defendant as the owner of said lands,
has the right to beneficially use thereon water found flow-
ing on, across and through said lands and percolating there-
in up to 500 acre-feet per annum, when said water is actually
present and physically available.

12. All of Section 21, Township 6 South, Range 1 West, S.B.M. of
which 100 acres are arable which has for a long time been
cultivated by being planted to wheat. The rest of said sec-
tion is suitable for livestock grazing and for bee culture.
That said property is improved by being fenced and has
constructed and maintained thereon three tanks, each with a
capacity of 1500 gallons which tanks are supplied with water
from springs developed by this Defendant on said section for
supplying stock water to cattle and sheep grazing thereon and
for his bees. That the present use of water on said sec-
tion is not less than 4500 gallons per day but that its
ultimate requirements when fully developed will be not less

-17-

9385

than 350 acre-feet per annum.  That as against Plaintiff, this Defendant as the owner of said lands, has the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to  350 acre-feet per annum, when said water is actually present and physically available.

13. All of South Half of the South half of Section 22, Township 6 South, Range 1 West which is suitable for livestock grazing. That there has been developed on said property a good spring which is used for stock water purposes and bee culture.  Said property is fenced.  The present uses of water thereon  are 300 gallons per day, but its ultimate requirements when fully developed will be not less than 100 acre-feet per annum.  That as against Plaintiff, this Defendant as the owner of said lands, has the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to 100 acre-feet per annum, when said water is actually present and physically available.

14. All of Lot 8 in Section 23, Township 6 South, Range 1 West S B M consisting of 40.71 acres on which this defendant has developed a good spring for supplying water to livestock.  That all of said property slopes to the north towards Diamond Valley and no run-off therefrom would even in a state of nature, ever reach the Santa Margarita River or the lands of Plaintiff located within Camp Pendleton. The ultimate use will be 80 acre-feet of water per annum.

15. All of  Section 27, Township 6 South, Range 1 West, S B M, of which 100 acres are arable and have been cultivated by being planted to grain; the remainder of the section is suitable for grazing by livestock and for bee culture. All of said section is fenced.  That located thereon is a

-18-

1    water course which traverses the section.  That said water

2    course originates on this defendant's property to the

3    north and continues in a southerly direction and crosses

4    other properties of this defendant to join with Araiza

5    Creek when there is sufficient flow in said watercourse.

6    That underneath said section is underground percolating

7    water.  That there exists on said section two springs

8    which were developed in 1878-1879 and have ever since been

9    used  to supply water for livestock and the bees.  That

10   the present use of water thereon is for stock water and

11   for bee culture only but its ultimate requirements when

12   fully developed will be not less than 500 acre-feet per

13   annum. That as against Plaintiff, this Defendant as the

14   owner of said lands, has the right to beneficially use

15   thereon water found flowing on, across and through said

16   lands and percolating therein up to 500 acre-feet per annum,

17   when said water is actually present and physically avail-

18   able.

19   16.  All of Section 28, Township 6 South, Range 1 West, S.B.M.

20   of which 200 acres is arable and the remainder suitable

21   for livestock grazing and bee culture. That said section

22   is traversed by Los Feliz Creek, a stream of intermittent

23   flow but good springs have been developed thereon and

24   underground percolating water is to be found in the south-

25   west corner of the Section.  That the present use of water

26   thereon is for supplying the livestock and the bees but

27   the ultimate requirements when fully developed will be not

28   less than 500 acre-feet per annum. That, as against Plain-

29   tiff, this Defendant as the owner of said lands, has the

30   right to beneficially use thereon water found flowing on,

31   across and through said lands and percolating therein up

32   to 500 acre-feet per annum, when said water is actually

     present and physically available.

9887

17.   All of Section 29, Township 6 South, Range 1 West, S B M.
consists principally of Black Mountain, well timbered mostly
with oaks.  It contains little arable lands but does con-
tain several springs and is suitable for livestock grazing
purposes.  The present use of water thereon is for live-
stock purposes but the ultimate requirements of said sec-
tion when fully developed will be not less than 300 acre-
feet per annum. That as against Plaintiff, this Defendant
as the owner of said lands, has the right to beneficially
use thereon water found flowing on, across and through
said lands and percolating therein up to 300 acre-feet
per annum, when said water is actually present and
physically available.

18.   All of Section 30, Township 6 South, Range 1 West, S B M
of which 100 acres is arable and the remainder suitable
for livestock grazing purposes and  bee culture.  Said
section is traversed in a southerly direction by Rawson
Creek and all of said lands are riparian thereto.  In ad-
dition, this defendant has two developed springs.  That
the present use of water thereon is for livestock and for
bees but the ultimate requirements of said section when
fully developed will be not less than 350 acre-feet per
annum.  That as against Plaintiff, this Defendant as the
owner of said lands, has the right to beneficially use
thereon water found flowing on, across and through said
lands and percolating therein up to 350 acre-feet per annum,
when said water is actually present and physically avail-
able.

19.   All of Section 25, Township 6 South, Range 2 West S.B.M
of which 200 acres is arable and planted to grains.  The
remainder is suitable for livestock grazing purposes and
bee culture.  On this property there has been developed

-20-

8888

1    two springs which supply water for livestock and for bees

2    which is the present use of water thereon but the ulti-

3    mate requirements when fully developed will be not less

4    than 500 acre-feet per annum.  That as against Plaintiff,

5    this Defendant as the owner of said lands, has the right

6    to beneficially use thereon water found flowing on, across

7    and through said lands and percolating therein up to 500

8    acre-feet per annum, when said water is actually present

9    and physically available.

10   20.  The Northeast $\frac{1}{4}$ and the Southeast $\frac{1}{4}$ of the Northwest $\frac{1}{4}$ of

11   Section 26, Township 6 South, Range 2 West, S.B.M. of which

12   thirty acres is arable; the remainder is suitable for

13   stock grazing purposes and bee culture.  There is an un-

14   named creek with intermittent flow which traverses the

15   said Northeast $\frac{1}{4}$ to which all of said lands are riparian.

16   Also there has been developed a spring thereon to supply

17   water for livestock and bee culture.  That the present use

18   of water thereon is for livestock and bee culture only

19   but the ultimate requirements when fully developed will be

20   not less than 200 acre-feet per annum.  That as against

21   Plaintiff, this Defendant as the owner of said lands, has

22   the right to beneficially use thereon water found flowing

23   on, across and through said lands and percolating therein

24   up to 200 acre-feet per annum, when said water is actually

25   present and physically available.

26   21.  All of Section 35, Township 6 South, Range 2 West, S B M

27   was purchased by this defendant in 1954 and consists prin-

28   cipally of Bachelor Mountain, is well timbered, mostly with

29   oaks.  This section contains little arable land but does

30   contain several springs and is suitable for livestock

31   grazing purposes and bee culture.  The present use of water

32   thereon is to supply the requirements of the livestock and

-21-

bees. The ultimate requirements when fully developed
will be not less than 300 acre-feet per annum. That, as
against Plaintiff, this Defendant as the owner of said
lands, has the right to beneficially use thereon water
found flowing on, across and through said lands and per-
colating therein up to 300 acre-feet per annum, when said
water is actually present and physically available.

22. All of Section 36, Township 6 South, Range 2 West S B M
of which 250 acres is arable land, all fenced. The re-
mainder is suitable for livestock grazing purposes and
bee culture. That said lands are traversed by a water
course to which all said lands are riparian. When it has
a flow, which is intermittent, it runs into Rawson Creek
on property of this Defendant adjoining this section on
the south. That this defendant has developed springs on
said property producing 1500 gallons per day, which said
water is used for livestock purposes and bee culture. The
present use of water thereon is 1500 gallons per day but the
ultimate requirements when fully developed will be not less
than 700 acre-feet per annum. That, as against Plaintiff,
this Defendant as the owner of said lands has the right to
beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 700
acre-feet per annum, when said water is actually present
and physically available.

23. The East 480 acres of Section 31, Township 6 South, Range
1 West, S B M of which 200 acres is arable and has been
regularly planted to wheat, the remainder of said Section
is suitable for livestock grazing and bee culture. That
said Defendant's lands are traversed by Rawson Creek and
its tributary Araiza Creek, and all said lands are ripar-
ian thereto. On said property this defendant has developed

-22-

1    a spring in the Southeast corner producing 1000 gallons

2    per day.  The present use of water on said land is 1000

3    gallons per day for supplying the requirements of the live-

4    stock and the bees thereon but that the ultimate require-

5    ments of said lands when fully developed will be not less

6    than 800 acre-feet per annum.  That, as against Plaintiff,

7    this Defendant, as the owner of said lands, has the right

8    to beneficially use thereon water found flowing on, across

9    and through said lands and percolating therein up to 800 acre-

10    feet per annum, when said water is actually present and

11    physically available.

12  24.    All of Section 32, Township 6 South, Range 1 West. S B M,

13    on which section there is little arable land but all of

14    it is suitable for cattle  grazing and bee culture. That

15    said land is well timbered, mostly with oaks.  That said

16    section is traversed by Araiza Creek of intermittent flow.

17    That on said section this defendant has developed a spring

18    furnishing a supply of water adequate for livestock pur-

19    poses and bee culture.  That the present use of water on

20    said section is for supplying the requirements of the live-

21    stock and the bees thereon but that the ultimate require-

22    ments of said section when fully developed will be not

23    less than 640 acre-feet per annum.  That, as against Plain-

24    tiff, this Defendant, as the owner of said lands. has the

25    right to beneficially use thereon water found flowing on,

26    across and through said lands and percolating therein up

27    to 640 acre-feet per annum, when said water is actually

28    present and physically available.

29  25.    All of Section 33, Township 6 South,Range 1 West, S.B.M.,

30    of which 300 acres are arable and the remainder suitable

31    for livestock grazing and bee culture. That said section

32    is well covered with natural growth of timber, consisting

-23-

9891

1   mostly of oaks.  That said section is traversed from
2   North to South and from East to West by natural water
3   courses and all of said lands are riparian thereto. Also
4   on said section there has  been developed two springs
5   whose waters have been used by this defendant and his pre-
6   decessors for over 100 years.  That the present use of
7   water on said section is for supplying the requirements
8   of the livestock and the bees thereon but that the ulti-
9   mate requirements of said section when fully developed
10   will be not less than 750 acre-feet per annum.  That, as
11   against Plaintiff. this Defendant as the owner of said
12   lands, has the right to beneficially use thereon water
13   found flowing on, across and through said lands and per-
14   colating therein up to 750 acre-feet per annum, when said
15   water is actually present and physically available.

16   26.   <u>All of Section 34, Township 6 South, Range 1 West. S.B.M.</u>
17   of which 250 acres are arable and the remainder thereof
18   suitable for livestock grazing and bee culture.  That
19   said section contains thereon water courses, and all of
20   said lands are riparian thereto.  Also this defendant
21   has developed thereon two springs for supplying the re-
22   quirements of the livestock and the bees thereon.  That
23   the present use of water on said section is for livestock
24   purposes and bee culture, but said 250 acres of arable
25   land is suitable for growing vegetables and that the
26   ultimate requirements of said section when fully developed
27   will be not less than 750 acre-feet per annum.  That, as
28   against Plaintiff, this Defendant as the owner of said
29   lands, has the right to beneficially use thereon water
30   found flowing on, across and through said lands and per-
31   colating therein up to 750 acre-feet per annum, when said
32   water is actually present and physically available.

-24-

9892

27. <u>The Northwest ¼ and the South Half of Section 35, Township</u>
<u>6 South, Range 1 West S B M</u> of which but little land is
arable but all of it is suitable for livestock grazing
and bee culture. That said land is well timbered with
natural growth, mostly oaks. That there is a natural
water course thereon to which all of said lands are ripar-
ian. Also there has been developed thereon a spring pro-
ducing a sufficient supply of water for livestock pur-
poses and bee culture. That the present use of water on
said land is for supplying the requirements of the live-
stock and the bees thereon, but that the ultimate require-
ments for said lands when fully developed will be not less
than 480 acre-feet per annum. That, as against Plaintiff,
this Defendant, as the owner of said lands, has the right
to beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 480
acre-feet per annum, when said water is actually present
and physically available.

28. <u>All of Section 4, Township 7 South, Range 1 West, S.B.M.</u>,
of which 100 acres are arable and have been farmed, and
the remainder is suitable for livestock grazing and bee
culture. That said section has been improved by being
fenced and having developed thereon two springs. That the
present use of water thereon is for supplying the require-
ments of the livestock and the bees but the ultimate re-
quirements when fully developed will be not less than 480
acre-feet per annum. That, as against Plaintiff, this
Defendant as the owner of said lands, has the right to
beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 480
acre-feet per annum when said water is actually present
and physically available.

-25-

29. __All of Section 25, Township 7 South, Range 1 West, S B M,__ of which very little is arable but all of the land therein is suitable for livestock grazing and bee culture. That on the easterly boundary of said section there is an unnamed water course and there is another water course which crosses the southwest corner of said section. That all of said lands are riparian to said water courses. The present use of water thereon is for supplying the requirements of the livestock and the bees but the ultimate requirements of said section when fully developed will be not less than 400 acre-feet per annum. That as against Plaintiff, this Defendant as the owner of said lands, has the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to 400 acre-feet per annum when said water is actually present and physically available.

30. __All of Section 6, Township 7 South, Range 1 West, except 118 acres in the northeast corner and except the southwest ¼ of the Southeast ¼ of said Section 6.__ That practically all of said lands are arable, and 200 acres thereof has been cultivated by being plated to barley and wheat. The remainder thereof has been used for livestock grazing and bee culture. That there is a water course which traverses said lands entering the southeast corner thereof and proceeding in a northwesterly direction to the northwest corner and all of said lands are riparian thereto. That said lands are improved by being fenced. That the present use of water thereon is for supplying the requirements of the livestock and the bees but the ultimate requirements when fully developed will be not less than 600 acre-feet per annum. That as against Plaintiff this Defendant as the owner of said lands has the right to beneficially use

-26-

thereon water found flowing on, across and through said
lands and percolating therein up to 600 acre-feet per
annum when said water is actually present and physically
available.

31.   The Northeast Quarter of Section 1, Township 7 South, Range
2 West, S.B.M. of which 100 acres are arable and has been
cultivated by being planted to wheat.  The remainder there-
of is suitable for livestock grazing and bee culture. That
said quarter section is traversed by Rawson Creek, a stream
of intermittent flow.  All of said lands are riparian
thereto.  That this defendant has caused a well to be dug
thereon from which he has supplied the requirements of his
livestock and bees thereon.  That the present use of water
thereon is for supplying the requirements of this defen-
dant's said livestock and  bees but the ultimate require-
ments of said lands when fully developed will be not less
than 300 acre-feet per annum.  That as against Plaintiff,
this Defendant, as the owner of said lands, has the right
to beneficially use thereon water found flowing on, across
and through said lands and percolating therein up to 300
acre-feet per annum, when said water is actually present
and physically available.

32.   The Northwest $\frac{1}{4}$ of the Northwest $\frac{1}{4}$ and the East $\frac{1}{2}$ of the
Northwest $\frac{1}{4}$; Southwest $\frac{1}{4}$ of the Northeast $\frac{1}{4}$ and the East $\frac{1}{2}$
of the Northeast $\frac{1}{4}$; Northwest $\frac{1}{4}$ of the Southeast $\frac{1}{4}$ and the
East $\frac{1}{2}$ of the Southeast $\frac{1}{4}$ and Lot 1, of Section 8,Township
7 South, Range 1 West S B M., containing approximately
400 acres, of which 30 acres are arable and the remainder
thereof suitable for livestock grazing and bee culture.
That said property is fenced and approximately 6 acres
thereof has been for many years under cultivation for garden
purposes.  That the said lands of this defendant are traversed

-27-

9895

by Tecolote Creek a stream of intermittent flow to which
creek all of said lands are riparian. That the present
use of water thereon is for supplying the requirements
of the livestock and bees thereon and for irrigation of
said garden, and, in amount, is approximately 25-acre-
feet per annum, but that its ultimate requirements when
fully developed will be not less than 300 acre-feet per
annum. That as against Plaintiff, this Defendant as the
owner of said lands, has the right to beneficially use
thereon water found flowing on, across and through said
lands and percolating therein up to 300 acre-feet per
annum, when said water is actually present and physically
available.

33. All of fractional Section 9, Township 7 South, Range 1 West,
S.B.M. containing approximately 475 acres of which 15 acres
is arable and the remainder thereof suitable for livestock
grazing and bee culture. That said fractional section is
traversed by Tecolote Creek and all of its said lands are
riparian thereto. That the present use of water thereon
is for supplying the requirements of livestock and bees
but its ultimate requirements when fully developed will
be not less than 400 acre-feet per annum. That as against
Plaintiff, this Defendant as the owner of said lands,
has the right to beneficially use thereon water found flow-
ing on, across and through said lands and percolating
therein up to 400 acre-feet per annum, when said water is
actually present and physically available.

34. The North ½ and Lots 1 2 and 3 in the Southwest ¼ of Frac-
tional Section 10  Township 7 South, Range 1 West S B M
That all of said lands are suitable for livestock graz-
ing and bee culture and most of said lands are arable. That
said fractional section is traversed across its southerly

-28-

9896

boundaries by Tecolote Creek, a stream of intermittent
flow to which all of this Defendant's lands are riparian.
That on said property this defendant has developed a spring
producing a sufficient supply of water for the livestock
and bees located thereon.  The present uses of water are
for supplying the requirements of livestock and bees there-
on but that its ultimate requirements when fully developed
will be not less than 400 acre-feet per annum.  That as
against Plaintiff, this Defendant as owner of said lands,
has the right to  beneficially use thereon water found
flowing on, across and through said lands and percolating
therein up to 400 acre-feet per annum, when said water is
actually present and physically available.

35.  Lots 3 and 4 in Fractional Section 18, Township 7 South,
Range 1 West S.B.M., containing 78.90 acres, all of which
is arable.  Upon said property this defendant has developed
a spring and has also dug a well equipped with a windmill
capable of producing 2000 gallons per day which pumps from
the underground percolating waters into a tank having a
capacity of 500 gallons.  Said property is improved by
being fenced and has a building thereon used as a store.
That 70 acres of said land has  been in cultivation for
many years being planted to barley.  That the present uses
of water thereon are 2000 gallons per day but that its
ultimate requirements when fully developed will be not
less than 175 acre-feet per annum.  That as against Plain-
tiff, this Defendant as the owner of said lands has the
right to beneficially use thereon water found flowing on,
across and through said lands and percolating therein up
to 175 acre-feet per annum, when said water is actually
present and physically available.

-29-

36. Lots 1,2,3, and 4 and the East ½ of the Southeast ¼ of
Fractional Section 21, Township 7 South, Range 1 West, S.B.M.
containing 199 acres of which 100 acres are arable and the
remainder suitable for livestock grazing and bee culture.
This property is improved by being fenced and by having
developed thereon 2 springs which produce sufficient water
for supplying the requirements of this Defendant's live-
stock and bees located thereon.  That the present use of
water is for supplying the requirements of said livestock
and bees but its ultimate requirements when fully developed
will be not less than 250 acres per annum.  That as against
Plaintiff, this Defendant as the owner of said lands, has
the right to beneficially use thereon water found flowing
on, across and through said lands and percolating therein
up to 250 acre-feet per annum, when said water is actually
present and physically available.

37. The Northeast ¼ of the Northwest ¼; Northwest ¼ of the North-
east ¼, and the South ½ of the Northeast ¼ of Section 22,
Township 7 South, Range 1 West, S.B.M., containing 160 acres
of which 60 acres are arable and the remainder thereof
suitable for livestock grazing and bee culture.  That said
lands are improved by being fenced and by having located
thereon a well dug into the underground percolating waters,
equipped with a windmill capable of producing enough water
to supply the requirements of the livestock and bees loca-
ted thereon.  That the present use of water thereon is for
the purpose of supplying the requirements of said livestock
and bees but its ultimate requirements when fully developed
will be not less than 160 acre-feet per annum.  That as
against Plaintiff, this Defendant as the owner of said lands,
has the right to beneficially use thereon water found flow-
ing on, across and through said lands and percolating therein

-30-

up to 160 acre-feet per annum, when said water is actually
present and physically available.

38. South ½ of the Northeast ¼ of Section 26, Township 7 South,
Range 1 West, S B M . containing 80 acres of which 40 acres
are arable and the remainder thereof suitable for livestock
grazing and bee culture. That this Defendant has developed
a spring thereon capable of producing between 400 and 500
gallons per day. That the present use of water thereon is
for the purpose of supplying the requirements of livestock
and bees located thereon, but its ultimate requirements
when fully developed will be not less than 160 acre-feet
per annum. That as against Plaintiff, this Defendant as
the owner of said lands, has the right to beneficially
use thereon water found flowing on, across and through said
lands and percolating therein up to 160 acre-feet per
annum when said water is actually present and physically
available.

39. All of fraction Section 28, Township 7 South, Range 1 West
S B M, containing approximately 400 acres of which 200 acres
are arable and the remainder thereof is suitable for live-
stock grazing and bee culture. That said property is im-
proved by being fenced and by having developed thereon a
spring producing sufficient water to supply the require-
ments of livestoock and bees located thereon. That there
are watercourses on said section to which all the lands
therein are riparian. That the present use of water is for
the purpose of supplying the requirements of said livestock
and bees but its ultimate requirements when fully developed
will be not less than 400 acre-feet per annum. That as
against Plaintiff, this Defendant as the owner of said lands,
has the right to beneficially use thereon water found flow-
ing on, across and through said lands and percolating therein

-31-

9899

up to 400 acre-feet per annum, when said water is actually
present and physically available.

40. The North ½ of the Northwest ¼ of Section 36, Township 7
South, Range 1 West, S.B.M., containing 80 acres of which
20 acres are arable and the remainder suitable for livestock
grazing and bee culture.  That said property is improved
by being fenced and by having located thereon a three-room
cabin and a developed spring producing enough water to
supply domestic water and water for livestock and bees.
That said lands are traversed by Spring Creek to which
all of Defendant's said lands are riparian.  That the
present use of water thereon is for supplying the domestic
requirements of the occupants of said cabin, the livestock
and the bees located thereon but its ultimate requirements
when fully developed will be not less than 160 acre-feet
per annum.  That as against Plaintiff, this Defendant as
the owner of said lands, has the right to beneficially
use  thereon water found flowing on, across and through
said lands and percolating therein up to 160 acre-feet per
annum, when said water is actually present and physically
available.

41. (a)  In addition to the foregoing lands owned by this Defen-
dant, he is the agent for and lessee from the heirs of
Dr. Thorpe, owners of Section 11 and Fractional 15, Township
7 South, Range 1 West, S B M, both of which sections are
suitable for livestock grazing and bee culture.  Both of
said sections are fenced and have water courses thereon to
which the lands are riparian.  Also, springs have been
developed thereon producing a supply of water which together
with the intermittent flow of the water courses are adequate
to supply some 15 head of cattle thereon the year around.
That their present use of water thereon is for supplying

-32-

the requirements of the livestock and bees thereon, and amounts to approximately 300 gallons per day but that the ultimate requirements of said lands when fully developed will be not less than 500 acre-feet per annum for Section 11 and 400 acre-feet per annum for fractional Section 15. That as against Plaintiff, the heirs of Dr. Thorpe as the owner of said lands have the right to beneficially use thereon water found flowing on, across and through said lands and percolating therein up to 500 acre-feet per annum for Section 11, and 400 acre-feet per annum for fractional Section 15.

(b)  Also this Defendant is the agent for and lessee from the Ingrams, owners of fractional Section 17, Township 7 South, Range 1 West, S.B.M., containing 267 acres, of which 65 acres are arable and have been planted to wheat. That the remainder is suitable for livestock grazing and bee culture. That said fractional section is improved by being fenced and having built thereon a 4-room house, a dug well producing an adequate supply of water for domestic pur- poses, stock water and bee culture. That on said fractional section is a water course to which all of said lands are riparian. That the present use of water thereon for domes- tic purposes, stock water and bee culture. That on said fractional section is a water course to which all of said lands are riparian. That the present use of water thereo n for domestic and livestock purposes and bee culture is approximately 1000 gallons per day but its ultimate require- ments when fully developed will be not less than 500 acre- feet per annum. That as against Plaintiff, the said Ingrams as the owners of said lands have the right to beneficially use thereon water found flowing on, across and through said

-33-

lands and percolating therein up to 500 acre-feet per
annum when said water is actually present and physically
available.

(c)   Also this Defendant is the agent for and lessee from
the owner Mrs. J. D. Button, of Section 7, and fractional
Section 18, Township 7 South, Range 1 West, S.B.M. of
which 500 acres are arable and has been cultivated; the
remainder is suitable for livestock grazing and bee culture.
That said property is improved by being fenced and cross
fenced.  Also on Section 7 there is a house and barn and
a drilled well, 75 feet deep equipped with pump and gasoline
engine and connected with a 1500 gallon cement tank.  Said
well is supplied by underground percolating water.  Also
on said Section is a developed spring used since 1890.
That on fractional section 18 there is a dug well equipped
with a windmill pumping water into a 400 gallon galvanized
iron tank.  That the present use of water on said property
is for domestic stock water and bee culture purposes in an
amount of approximately 2000 gallons per day, but the
ultimate requirements of said lands when fully developed
will be not less than 800 acre-feet per annum.  That as
against Plaintiff, the said Mrs. J. D. Button, as the owner
of said lands, has the right to beneficially use thereon
water found flowing on, across and through said lands and
percolating therein up to 800 acre-feet per annum, when
said water is actually present and physically available.

III.

That of the waters which fall upon this Defendant's
said lands or flows over, in, through or under the same, or which
are found thereon or percolating therein, none would ever reach

-34-

9902

the lands of Plaintiff on Rancho Santa Margarita. That the same
is true of the lands owned by the heirs of Dr. Thorpe, by the
Ingrams and Mrs. J.D. Button for whom this defendant is agent and
lessee. That Plaintiff has no right, title, estate or interest
in or to any of said waters.

WHEREFORE this Defendant prays:

1. That Plaintiff take nothing by its action.

2. That this Defendant be decreed, as against Plain-
tiff, to be entitled to beneficially use on his said lands any
and all developed waters produced or salvaged thereon.

3. That this Defendant be decreed, as against Plain-
tiff, to be entitled to beneficially use on his said lands any
and all percolating waters found thereon or therein which are not
a part of the Santa Margarita River or its tributaries.

4. That the lands of this Defendant be declared ripar-
ian to all the water courses, streams and creeks which exist on
or border on or traverse said lands which water courses, streams
and creeks are tributaries of or to the Santa Margarita River,
and that, as such riparian lands, they be decreed, as against the
Plaintiff, to have the right to the beneficial use thereon out of
and from said tributaries up to *17,235* acre-feet of water
per annum when said water is actually present and physically
available.

5. That the lands owned by the heirs of Dr. Thorpe be
decreed to have the same kind of rights as this Defendant and to
have the right, as against Plaintiff, to beneficially use thereon
up to 500 acre-feet of water per annum when said water is actually

-35-

1  present and physically available.

2

3        6.  That the lands owned by the Ingrams be decreed to

4  have the same kind of rights as this Defendant and to have the

5  right, as against Plaintiff, to beneficially use thereon up to

6  500 acre-feet of water per annum when said water is actually

7  present and physically available.

8

9        7.  That the lands owned by Mrs. J. D. Button be decreed

10  to have the same kind of rights as this Defendant, and to have

11  the right, as against Plaintiff, to beneficially use thereon up

12  to 800 acre-feet of water per annum when said water is actually

13  present and physically available.

14

15        8.  That Defendant have judgment for his costs incurred

16  herein and for such other and further relief as may to the court

17  seem meet and proper.

18

19        DATED: June 21 1957.

20

21              SWING, SCHARNIKOW & STANIFORTH

22              BY

23              Attorneys for Defendant TOMMY RAWSON

24

25

26

27

28

29

30

31                   -36-

32

**AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)**
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO }
STATE OF CALIFORNIA } ss.

.....MARIAN W. ALLEN.................................being duly sworn, says, that affiant is a citizen of the United States, over 18 years of age, a resident of, or employed in, San Diego County and not a party to the within action

That affiant's ~~business~~ address is...604 San Diego Trust & Savings Bldg. San Diego, California.........

That affiant served the attached....Answer of TOMMY RAWSON.......................

by placing a true copy thereof in an envelope addressed to.....J. LEE RANKIN, Solicitor-General, WILLIAM H. VEEDER, Attorney, Dept. of Justice; WILLIAM E. BURBY, Attorney, Dept. of Justice, Attorneys for Plaintiff

at ~~their~~ office address, which is....c/o Professor WILLIAM E. BURBY
Attorney at Law
12120 Travis Street
Los Angeles 49, California
which envelope was then sealed and postage fully prepaid thereon, and thereafter was on.........................

..June 21................, 195.7...., deposited in the United States Mail   at..............................

San Diego, California.............That there is delivery service by the United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me

June 21 , 1957...............195....

.....................................................................
(SEAL) Public in and for the County of San Diego, State of California

*Marian W. Allen*

AFFIDAVIT OF SERVICE BY MAIL      Form 9A Co. Clk. 10-56 20M PP   9905