ORIGINAL

EDMUND G. BROWN, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney General
Library and Courts Building
Sacramento, California
Telephone: GIlbert 2-4711, Ext 4574

FILED
JUL 8 - 1957
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

Attorneys for Defendants in Intervention

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California; et al.,

   Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

   Defendants in
   Intervention.

No. 1247-SD-C

MEMORANDUM SUGGES-
TING METHODS OF
TRIAL

   This memorandum is in response to paragraph 4 of the court's order dated May 8, 1957. That paragraph ordered counsel for the major parties, which include the State of California, to file memoranda by July 8, 1957, "suggesting methods of trial of this action by areas, classifications, segments or other methods looking towards an expeditious trial of the action, and taking into account the problems of the small landowners resident in different areas involved".

   The problem posed by the court arises, of course,

2271

*Copy recd*

from the fact that more than 3,000 persons have been named as defendants by the United States. According to the list of counsel and their clients in this case recently furnished by the clerk of the court, a total of 287 defendants are represented by 58 different attorneys. The remaining defendants, nearly 3,000, are not represented by counsel.

The most obvious solution to the problem of trying the case with such a large number of defendants would be to eliminate as many from the case as possible. The State does not know the extent to which there is an actual dispute between the United States on the one hand and each of the various defendants on the other hand. But we suspect that as to most of the defendants there is no actual dispute. That is, we feel that most of the defendants claim no more than the United States would be willing to agree to. Further, from what we know of the area, only a relatively small number of the defendants claim the right to use substantial amounts of water. The bulk of the defendants, to the extent that they claim any water rights at all, are small users, "teacup users" as they have sometimes been called in this case.

Theoretically, it is true that absolute protection and certainty in water rights are not secured unless there is an encyclopedic determination of rights to a source of water by a court decree in which all possible claimants and users of water, no matter how small, are bound as parties. For practical purposes, however, protection of water rights can be secured by an adjudication of the rights of the relatively few

1 substantial claimants and users of water.

2 　　　　　As a first step in attempting to reduce the
3 size of this case to manageable proportions, we suggest
4 that the United States be ordered to file and serve on
5 each defendant which it has sued a statement setting
6 forth specifically what the United States believes
7 the water rights of that defendant to be.  At the May 6,
8 1957, pre-trial hearing the Court stated that it was
9 contemplating issuing such an order (Tr. May 6, 1957,
10 pp. 144-145, see also p. 117).  We suggest that the
11 Court also invite each defendant to file and serve upon
12 the United States a statement in response to that which
13 has been served upon him setting forth whether he agrees
14 with the United States and if not what water rights he
15 claims.  In order to promote a frank expression of views
16 none of these statements should be admissible in the
17 trial of the case as admissions against the party making
18 them.

19 　　　　　From exchanges of statements of this type, we
20 believe it will be discovered that in many instances
21 no dispute in fact exists between the United States and
22 the particular defendant, or that the defendant claims
23 the right to such a minute quantity of water, relatively
24 speaking, that as a practical matter it is not necessary
25 to sue him.  Where this is so, a dismissal or settlement
26 of the action against that defendant may then be easy
27 to arrange, thus leaving in the law suit only those
28 defendants who have substantial claims in conflict with
29 the United States.  It is the present view of the State's
30 experts that 90% of the water use presently being made
31 of the waters of the Santa Margarita System is made by

approximately 60 water users.

In the "Order on Pretrial Hearing" which Judge Yankwich issued on August 25, 1952, prior to the first trial of the case, it was stated:

> "The Court finds that it is for the best interest of the parties hereto and for the public interest that all rights to the use of water in the Santa Margarita River System of all parties to this action be determined as against the others and the filing of cross-pleadings is dispensed with as unnecessary and inconvenient." (United States v. Fallbrook Public Utility Dist. (1952), 109 F. Supp. 28, 43.)

It was suggested at the hearing on May 6, 1957, that this paragraph might have the same effect as though every party to the action had in fact filed a cross claim against every other party, and that therefore it might be extremely difficult procedurally to accomplish dismissals of the suit against the defendants with whom the United States concluded it had no substantial dispute.

We do not believe the paragraph has the effect suggested. Rule 41 (a) of the Federal Rules of Civil Procedure describes the methods of obtaining voluntary dismissals of actions:

> "Rule 41. Dismissal of Actions
>
> "(a) Voluntary Dismissal: Effect Thereof
>
> "(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23 (c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. As amended

Dec. 27, 1946, effective March 19, 1948.

"(2) <u>By Order of Court</u>. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

We believe that under (1) of paragraph (1) of this rule the United States may clearly dismiss the action against any defendant who has not answered simply by filing a notice of dismissal. If the defendant has answered, under paragraph (2) above the court may order dismissal. The paragraph of Judge Yankwich's pretrial order stating that the filing of cross-pleadings is dispensed with as unnecessary and inconvenient does not change the facts as to whether a counterclaim has actually been pleaded.

To avoid any questions, however, it may be advisable for the Court to issue an order that the paragraph of Judge Yankwich's pretrial order quoted above is not to be taken as reducing the freedom the plaintiff and the Court would otherwise have to dismiss the action.

We suggest that further discussion and decision on methods of trial of the case be deferred until after full opportunity has been had to reduce the number of defendants by means of the procedure outlined above. At this time, before the identity of all the parties to the action is firmly fixed, we doubt that we can be specific in advising how the case should be tried.

We can point out now, however, that our basic

approach toward the way the case should be tried is the same as when the United States' motion for a separate trial against the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company was first argued in early 1952. On February 26, 1952, the late Arvin B. Shaw, appearing for the State of California in opposition to that motion, stated in part to the court:

> ". . . it seems inadvisable to proceed to trial of the case without the major, substantial claimants being before the court, that is, to try the case against those who have substantial claims and dismiss the case against those who have trivial, insignificant claims." (Tr. Feb. 25, 1952, pp. 69-70.)

We are hopeful that if a sincere effort is made to dismiss or settle with all the defendants who either have trivial, insignificant claims to water or as to whom there is no real dispute with the United States, those defendants remaining in the case and the United States can have their claims determined without undue difficulty.

Dated: July 3, 1957.

EDMUND G. BROWN, Attorney
General of the State of
California
ADOLPHUS MOSKOVITZ, Deputy
Attorney General

By *Adolphus Moskovitz*
Attorneys for Defendants in
Intervention

## AFFIDAVIT OF SERVICE BY MAIL

1  STATE OF CALIFORNIA  )
                        ) ss.
2  COUNTY OF SACRAMENTO )

3      CHARLOTTE MORGAN, being duly sworn, deposes and
4  says:
5      That affiant is a citizen of the United States,
6  over the age of 18 years, and not a party to the within
7  action; that affiant's place of employment and business
8  address is Library and Courts Building, Sacramento 14,
9  California; that on the 3rd day of July 1957, affiant
10 enclosed a true copy of the within MEMORANDUM SUGGESTING
11 METHODS OF TRIAL dated July 3, 1957, in an envelope for
12 each of the persons named below, addressed to each of
13 them at the address set out immediately below each
14 respective name, sealed said envelope, and deposited the
15 same in the United States Mail at the City of Sacramento,
16 State of California, with postage thereon fully prepaid;
17 that there is delivery service by United States Mail at
18 each of the places so addressed, or there is regular
19 communication by mail between the said place of mailing
20 and each of the places so addressed:

21      Bert Buzzini
        2223 Fulton Street
22      Berkeley 4, California

23      Allard, Brownsberger, Shelton &
            O'Conner
24      313 First National Building
        Pomona, California
25

26      Florence A. Anderson
        918 C. C. Chapman Building
        756 South Broadway
27      Los Angeles, California

28      Henry Ashton, Esq.,
        408 East Central Avenue
29      Balboa, California

30      Best, Best & Kireger
        Evans Building
31      Riverside, California

2277

```
 1    A. A. Bianchi
      901 Kohl Building
 2    400 Montgomery Street
      San Francisco, California
 3
      Thomas J. Burke
 4    504 Granger Building
      San Diego 1, California
 5
      Mabel Clausen
 6    320 First Trust Building
      Pasadena, California
 7
      Clayson, Stark & Rothrock
 8    First National Building
      Corona, California
 9    Attention: George G. Grover

10    Gerald A. Coxe
      Alessandro Hotel Building
11    Hemet, California

12    Howard E. Crandall
      127 West Anaheim Building
13    Wilmington, California

14    Wm. J. Cusack, Esq.
      Room 814 Merritt Building
15    307 West 8th Street
      Los Angeles, California
16
      W. B. Dennis
17    365 Broadway
      Vista, California
18
      Devor & Dorfman
19    924 Van Nuys Building
      Los Angeles 14, California
20
      Leonard J. Difani
21    200 Loring Building
      Riverside, California
22
      J. A. Donnelley & Richard P.
23      MacNulty
      1403 Bank of America Building
24    San Diego 1, California

25
      Lawrence E. Drumm
26    458 South Spring Street
      Suite 820
27    Los Angeles 14, California

28    Ray C. Eberhard
      Room 1231 Bartlette Building
29    215 West 7th Street
      Los Angeles 14, California

30
      Estudillo & Bucciarelli
31    3900 Market Street
      Riverside, California
```

```
 1    Fendler, Weber & Lerner
      333 South Beverly Drive
 2    Beverly Hills, California

 3    Daniel W. Gage
      740 Rowan Building
 4    458 South Spring Street
      Los Angeles 13, California
 5
      Arthur M. Gediman
 6    119 South Main Street
      Elsinore, California
 7
      Abraham Gottfried
 8    424 South Beverly Drive
      Beverly Hills, California
 9
      Frank E. Gray
10    202 South Hamilton Drive
      Beverly Hills, California
11
      Hahn, Ross & Saunders
12    Suite 611, 608 South Hill Street
      Los Angeles 14, California
13
      Tom Halde
14    417 South HillStreet, Suite 520
      Los Angeles 13, California
15
      Frank S. Hamburger
16    1031 Mills Tower
      San Francisco, California
17
      Leslie B. Hanson
18    4412 York Boulevard
      Los Angeles, California
19
      James Don Keller &
20    Robert G. Berrey
      302 Civic Center
21    San Diego 1, California

22    Courtney Lacey
      408 East Florida Avenue
23    Hemet, California

24    Launder, Chaffee & Launer
      Bank of America Building
25    Fullerton, California

26    Walter Gould Lincoln
      Suite 1113
27    742 South Hill Street
      Los Angeles 14, California
28
      Lindley, Lazar & Scales
29    825 Bank of America Building
      San Diego 1, California
30
      Luce, Forward, Kunzel & Scripps
31    1220 San Diego Trust & Savings Building
      San Diego 1, California
```

```
 1    William O. Mackey, Wilburn J.
      Murray and James H. Angell
 2    County of Riverside
      Courthouse
 3    Riverside, California

 4    Richard M. Marsh
      45-262 Jackson Street
 5    Indio, California

 6    J. U. Memmi
      220 North Nevada Street
 7    Oceanside, California

 8    Lt. David W. Miller, USN
      Office of Ground Water Resources
 9    Marine Corps Base
      Camp Pendleton, California
10
      John Neblett
11    500 Mission Inn Rotunda
      Riverside, California
12
      A. J. O'Connor
13    639 South Spring Street
      Los Angeles 14, California
14
      Henry M. Moffatt
15    121 East 6th Street
      Los Angeles 14, California
16
      O'Melveny & Myers
17    433 South Spring Street
      Los Angeles 13, California
18    Attention: George Stahlman

19    Benjamin S. Parks
      Room 916
20    219 West 7th Street
      Los Angeles 14, California
21
      George M. Pierson
22    816 Continental Building
      Los Angeles 13, California
23
      J. Lee Rankin
24    Solicitor General
      Department of Justice
25    Washington, D. C.

26    Sarau, Adams, Neblett & Sarau
      Suite 500, Mission Inn Rotunda
27    Riverside, California

28    Shatford & Shatford
      5920 Temple City Boulevard
29    Temple City, California

30    W. E. Starke
31    1130 Bank of America Building
      San Diego 1, California
```

-4-

2280

```
 1   J. D. Skeen
     802 Utah Oil Building
 2   Salt Lake City, Utah

 3   Hugo A. Steinmyer & Winfield Jones
     650 South Spring Street
 4   Los Angeles 14, California

 5   William Stinehart
     5045 Wilshire Boulevard
 6   Los Angeles 36, California

 7   Swing, Scharnikow & Staniforth
     Suite 604
 8   530 Broadway
     San Diego 1, California
 9   Attention: Phil D. Swing

10   Tanner, Thornton & Myers
     215 West 7th Street
11   Los Angeles 14, California

12   Thompson & Colgate
     405 Citizens Bank Building
13   Riverside, California

14   William H. Veeder
     Special Assistant to the Attorney General
15   Department of Justice
     Washington, D. C.
16
     William E. Burby
17   12120 Travis Street
     Los Angeles 49, California
18
     Cornelius T. Waldo
19   10742 Nassau Avenue
     Sunland, California
20
     Robert W. Walker, Henry M. Moffat,
21   Robert S. Curtiss
     448 Santa Fe Building
22   Los Angeles 14, California

23   G. V. Weikert
     918 Oviatt Building
24   Los Angeles 14, California

25   P. W. Willett
     P. O. Box 103
26   Fallbrook, California

27   William H. Macomber
     1114 San Diego Trust & Savings Building
28   San Diego 1, California

29   Dennett Withington
     1317 E. Street
30   San Bernardino, California

31
```

*Charlotte Morgan*

Subscribed and sworn to
before me this 3rd day of
July, 1957.

*Laura M. Middleton*
Notary Public in and for the County of Sacramento,   2281
State of California.