```
 1  EDMUND G. BROWN, Attorney General
      of the State of California
 2  ADOLPHUS MOSKOVITZ, Deputy Attorney General      F I L E D
    Library and Courts Building
 3  Sacramento, California
    Telephone: HIckory 5-4711, Ext. 4574              JAN 3- 1958
 4
    Attorneys for Defendants in Intervention         CLERK, U.S. DISTRICT COURT
 5                                                   SOUTHERN DISTRICT OF CALIFORNIA
                                                     By William W. Luddy
 6                                                       DEPUTY CLERK
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9                SOUTHERN DISTRICT OF CALIFORNIA
10                      SOUTHERN DIVISION
11
```

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | No. 1247-SD-C |
| 13              Plaintiff, | RESPONSE AND MEMOR-ANDUM OF POINTS AND |
| 14       v. | AUTHORITIES OF THE STATE OF CALIFORNIA |
| 15  FALLBROOK PUBLIC UTILITY DISTRICT, | TO PROPOSED MOTION |
|     a public service corporation of the | OF THE UNITED STATES |
| 16  State of California; et al., | FOR RULINGS OF LAW RESPECTING THE STIPU- |
| 17              Defendants, | LATION OF NOVEMBER 29, 1951, BETWEEN THE |
| 18  PEOPLE OF THE STATE OF CALIFORNIA, | UNITED STATES AND THE STATE OF CALIFORNIA |
| 19              Defendants in Intervention. | |

```
21           In the proposed motion of the United States,
22  dated December 27, 1957, for rulings of law respecting the
23  stipulation of November 29, 1951, between the United States
24  and the State of California, the United States moves that
25  this Court (1) declare in advance of trial that the State
26  of California, the United States and the Fallbrook Public
27  Utility District are bound by said stipulation and (2)
28  declare that the stipulation have ascribed to it the usual
29  meaning of the terms set forth in it.
30           The State of California agrees that the parties
31  to said stipulation, the State and the United States, are
```

2837

*Copy rec'd*

bound by it, although we are doubtful that the Fallbrook Public Utility District, which was not a party to the stipulation, can be said to be bound by it. We concur also in the desirability of this Court declaring in advance of trial that the stipulation is binding upon the parties thereto and that it have ascribed to it the usual meaning of the terms set forth in it. Hence, the State of California will not oppose the motion as set forth.

However, the State does not agree with the interpretation of the stipulation urged by the United States in its memorandum in support of the motion. Our principal disagreement concerns the meaning of Paragraph IV of the stipulation, which provides:

> "That the rights of the United States of America to the use of water herein are to be measured in accordance with the laws of the State of California."

The United States makes the fantastic argument that this language means only that beneficial use constitutes the measure of the rights claimed by the United States in this case (U.S. Mem. in support of motion, pp. 7-9). In other words, although this is hard to believe, the United States is contending seriously that when the State and the United States agreed that California law was to be the measure of the rights of the United States, the parties were referring solely to a presumed requirement of beneficial use to the exclusion of all the other principles of California law by which water rights are measured.

The verb "measure" in the context of the stipulation means "to ascertain the extent, degree, quantity, dimensions or capacity of, by a standard . . ." (Webster's New Int. Dictionary (2d ed. unab. 1951), p. 1525). There-

-2-

2838

fore, the plain meaning of Paragraph IV of the stipulation is that in ascertaining the extent, degree, quantity, dimensions or capacity of the property rights of the United States to the use of water in this case, the law of California shall be the standard. Since this prescribed reference to California law is not limited to any particular aspect of that law, to sustain the United States' contention that the language refers only to a requirement of beneficial use would result in a significant rewriting of the stipulation.

Moreover, the record of this case shows that the concern of the State about the case which led it to intervene and to formulate the stipulation did not relate to whether the water for which the United States claimed rights would be put to beneficial use. Rather, the concern was that the rights of the United States be adjudicated in all respects on the same basis as anyone else's rights, i.e., on the basis of California law. Thus, in the motion of the State to intervene filed July 23, 1951, it was stated that:

> ". . . the People of the State will be adversely affected by a decree awarding the plaintiff any of the relief prayed for unless the plaintiffs' rights are measured and determined by the laws of the State of California; . . ."

And in the answer of the State in the Second Defense, filed on August 15, 1951, it was stated:

> ". . . that the purpose of the intervenor is to establish that the United States acquired no greater rights to the waters of the Santa Margarita River than would have a private successor to the Rancho Santa Margarita and that the United States is required to have its water rights ascertained in accordance with the laws of the State of California."

It was against this background that the stipulation was

1 entered into.

2 During the first trial of the case, the stipula-
3 tion was respected and followed by the United States. In
4 our opening brief on appeal to the Circuit Court we stated
5 (p. 7):

> ". . . the State of California feels called upon to advise this Honorable Court that the United States has faithfully adhered to the stipulation. We disagree with the United States as to just what California law provides, but there can be no doubt of the sincerity of the United States in recognizing that the Courts should apply California law to this litigation."

11 This statement was cited to the United States Senate during
12 the debates on the Utt Bill (Cong. Rec., May 27, 1954, p.
13 6850).

14 It was subsequent to this, however, first in the
15 United States' brief on appeal and now in its most recent
16 arguments and briefs that California law has been repu-
17 diated as the standard governing the rights of the United
18 States as well as all others.

19 How erroneous the United States' present inter-
20 pretation of the stipulation is easily demonstrated by
21 analyzing the restrictive meaning ascribed by the United
22 States to the agreement that its rights to the use of water
23 ". . . are to be measured in accordance with the laws of
24 the State of California". The argument is that this means
25 simply that the rights are limited by beneficial use. But
26 this is directly contrary to the contention which the
27 United States has consistently made throughout this case,
28 and correctly, that the riparian rights of the Government
29 are _not_ measured by beneficial use. As the United States
30 has often stated, it is a fundamental characteristic of
31 riparian rights that they exist by virtue of ownership of

-4-

1  riparian land and are not created by use or lost by non-
2  use.  For example, in the Government's memorandum submitted
3  August 18, 1957, on the question of the extent of the rights
4  of the United States as a riparian owner, it was asserted
5  (pp. 3-4):
6       "California's Highest Court has declared:
7           'The (riparian) right to the flow of water
       is inseparably annexed to the soil, and passes
8      with it, not as an easement or appurtenant, but
       as a parcel.' 1/  Again California's highest
9      Court declared:  'The riparian right is a usufruc-
       tuary one in the stream, a part and parcel of the
10     land itself.' 2/  Many years later that tenet
       of California's law was reiterated in these terms:
11     'A riparian right has been well defined, and such
       right is a part and parcel of the land.' 3/  Not
12     only is a riparian right annexed to the realty - a
       parcel of it - but 'A riparian right is neither
13     gained by use nor lost by disuse * * *.' 4/
       In the case last quoted California's highest
14     Court was simply reiterating what it had said
       very much earlier when it declared:  'Use does
15     not create (the riparian right), and disuse cannot
       destroy or suspend it.' 5/  Further, in regard
16     to the riparian right, this authoritative de-
       claration has been made:  'Unlike an appropriation,
17     riparian rights need no act of the owner to acquire
       them; they attach to the land bordering on the
18     stream of their own accord.' 6/"

19       Thus, in thrashing about to avoid the clear import
20 of the stipulation, the United States has advanced an inter-
21 pretation which is not only fanciful but also contrary to
22 law and to its own position and previous arguments.
23       We submit that the correct meaning of the
24 stipulation is that in this litigation the United States
25 is claiming only such rights to the use of water as are
26 recognized by the law of the State of California.  If
27 that is the standard, it is obvious that claims of rights
28 to use water on Camp Pendleton outside the watershed based
29 on use alone without compliance with State appropriation
30 procedures, or on the ownership of national forest
31 land in the upper portion of the watershed are contrary

-5-

2841

1 | to the stipulation.

2 |     Dated: January 2, 1958.

                  EDMUND G. BROWN, Attorney General
                    of the State of California
                  ADOLPHUS MOSKOVITZ, Deputy Attorney
                    General

          By   *Adolphus Moskovitz*
                ADOLPHUS MOSKOVITZ

              Attorneys for Defendants in
              Intervention

AFFIDAVIT OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SACRAMENTO     )

CHARLOTTE MORGAN, being duly sworn, deposes and says:

That affiant is a citizen of the United States, over the age of 18 years, and not a party to the within action; that affiant's place of employment and business address is Library and Courts Building, Sacramento 14, California; that on the 2nd day of January, 1958, affiant enclosed a true copy of the following memorandum, dated January 2, 1958:

> Response and Memorandum of Points and Authorities of the State of California to Proposed Motion of the United States for Rulings of Law Respecting the Stipulation of November 29, 1951, Between the United States and the State of California.

in an envelope for each of the persons named below, addressed to each of them at the address set out immediately below each respective name, sealed said envelope, and deposited the same in the United States Mail at the City of Sacramento, State of California, with postage thereon fully prepaid; that there is delivery service by United States Mail at each of the places so addressed, or there is regular communication by mail between the said place of mailing and each of the places so addressed:

Bert Buzzini
2223 Fulton Street
Berkeley 4, California

Allard, Brownsberger, Shelton &
 O'Connor
313 First National Building
Pomona, California

Florence A. Anderson
918 C. C. Chapman Building
756 South Broadway
Los Angeles, California

Henry Ashton, Esq.
408 East Central Avenue
Balboa, California

Best, Best & Kireger
Evans Building
Riverside, California

A. A. Bianchi
901 Kohl Building
400 Montgomery Street
San Francisco, California

2843

Thomas J. Burke  
504 Granger Building  
San Diego 1, California  

Mabel Clausen  
320 First Trust Building  
Pasadena, California  

Clayson, Stark & Rothrock  
First National Building  
Corona, California  
Attention: George G. Grover  

Howard E. Crandall  
127 West Anaheim Building  
Wilmington, California  

Wm. J. Cusack, Esq.  
Room 814 Merritt Building  
307 West 8th Street  
Los Angeles, California  

W. B. Dennis  
365 Broadway  
Vista, California  

Devor & Dorfman  
924 Van Nuys Building  
Los Angeles 14, California  

Leonard J. Difani  
200 Loring Building  
Riverside, California  

J. A. Donnelley & Richard P. MacNulty  
2655 - 4th Avenue  
San Diego 1, California  

Lawrence E. Drumm  
458 South Spring Street  
Suite 820  
Los Angeles 14, California  

Ray C. Eberhard  
Room 1231 Bartlette Building  
215 West 7th Street  
Los Angeles 14, California  

Estudillo & Bucciarelli  
3900 Market Street  
Riverside, California  

Fendler, Weber & Lerner  
333 South Beverly Drive  
Beverly Hills, California  

Daniel W. Gage  
740 Rowan Building  
458 South Spring Street  
Los Angeles 13, California  

Abraham Gottfried  
424 South Beverly Drive  
Beverly Hills, California  

Arthur Gediman  
119 South Main Street  
Elsinore, California  

2844

Frank E. Gray
202 South Hamilton Drive
Beverly Hills, California

Hahn, Ross & Saunders
Suite 611
608 South Hill Street
Los Angeles 14, California

Tom Halde
417 South Hill Street
Suite 520
Los Angeles 13, California

Frank S. Hamburger
1031 Mills Tower
San Francisco, California

Leslie B. Hanson
4412 York Boulevard
Los Angeles, California

James Don Keller & Robert G. Berrey
302 Civic Center
San Diego 1, California

Courtney Lacey
408 East Florida Avenue
Hemet, California

Launder, Chaffee & Launer
Bank of America Building
Fullerton, California

Walter Gould Lincoln
Suite 1113
742 South Hill Street
Los Angeles 14, California

Lindley, Lazar & Scales
825 Bank of America Building
San Diego 1, California

Luce, Forward, Kunzel & Scripps
1220 San Diego Trust & Savings Building
San Diego 1, California

William O. Mackey, Wilburn J. Murray and James H. Angell
County of Riverside
Courthouse
Riverside, California

Richard M. Marsh
45-262 Jackson Street
Indio, California

J. U. Memmi
220 North Nevada Street
Oceanside, California

Lt. David W. Miller, USN
Office of Ground Water Resources
Marine Corps Base
Camp Pendleton, California

John Neblett
500 Mission Inn Rotunda
Riverside, California

A. J. O'Connor
639 South Spring Street
Los Angeles 14, California

Henry M. Moffatt
121 East 6th Street
Los Angeles 14, California

O'Melveny & Myers
433 South Spring Street
Los Angeles 13, California

George Stahlman
Route 1, Box 235
Fallbrook, California

Benjamin S. Parks
Room 916
210 West 7th Street
Los Angeles 14, California

George M. Pierson
816 Continental Building
Los Angeles 13, California

J. Lee Rankin
Solicitor General
Department of Justice
Washington, D. C.

Sarau, Adams, Neblett & Sarau
Suite 500, Mission Inn Rotunda
Riverside, California

Shatford & Shatford
5920 Temple City Boulevard
Temple City, California

W. E. Starke
1130 Bank of America Building
San Diego 1, California

J. D. Skeen
802 Utah Oil Building
Salt Lake City, Utah

Hugo A. Steinmyer & Winfield Jones
650 South Spring Street
Los Angeles 14, California

William Stinehart
5045 Wilshire Boulevard
Los Angeles 36, California

Swing, Scharnikow & Staniforth
Suite 604
530 Broadway
San Diego 1, California
Attention:  Phil D. Swing

Sachse & Price
217 North Main Street
Fallbrook, California
Attention:  Franz Sachse

2846

-4-

Tanner, Thornton & Myers
215 West 7th Street
Los Angeles 14, California

Thompson & Colgate
405 Citizens Bank Building
Riverside, California

William H. Veeder
Special Assistant to the Attorney
    General
Department of Justice
Washington, D. C.

William E. Burby
12120 Travis Street
Los Angeles 49, California

Cornelius T. Waldo
10742 Nassau Avenue
Sunland, California

Robert W. Walker, Henry M. Moffat,
    Robert S. Curtiss
448 Santa Fe Building
Los Angeles 14, California

G. V. Weikert
918 Oviatt Building
Los Angeles 14, California

P. W. Willett
P. O. Box 103
Fallbrook, California

William H. Macomber
1114 San Diego Trust & Savings Building
San Diego 1, California

Dennett Withington
1317 E. Street
San Bernardino, California

*Charlotte Morgan* (signature)
CHARLOTTE MORGAN

Subscribed and sworn to before
me this 2nd day of January, 1958.

*Laura M. Middleton* (signature)
Notary Public in and for the County of
Sacramento, State of California.