SWING, SCHARNIKOW & STANIFORTH
SACHSE and PRICE
Attorneys at Law
217 North Main Street
Fallbrook, California
RAndolph 8-1154

FILED

JAN 6 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

Attorneys for Defendants

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
    v. )   #1247-SD-C
FALLBROOK PUBLIC UTILITY DISTRICT, )
  a public service corporation of )
  the State of California; )
SANTA MARGARITA MUTUAL WATER COMPANY, )
  a public service corporation of )
  the State of California; et al., )
        Defendants. )
STATE OF CALIFORNIA, )
        Defendant in )
        Intervention. )

REPLY TO MOTION

FOR RULINGS OF LAW RESPECTING CALIFORNIA'S
STIPULATION OF NOVEMBER 29, 1951, WITH THE
UNITED STATES OF AMERICA

Honorable James M. Carter

Presiding Judge.

2856

SWING, SCHARNIKOW & STANIFORTH
SACHSE and PRICE
Attorneys at Law
217 North Main Street
Fallbrook, California
RAndolph 8-1154

Attorneys for Defendants

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
       v.                            )   Civil No. 1247-SD
                                     )
FALLBROOK PUBLIC UTILITY DISTRICT,   )
   a public service corporation of   )
   the State of California;          )
SANTA MARGARITA MUTUAL WATER COMPANY,)
   a public service corporation of   )
   the State of California; et al.;  )
                                     )
            Defendants.              )
                                     )
STATE OF CALIFORNIA,                 )
                                     )
            Defendant in             )
            Intervention.            )

REPLY TO MOTION

FOR RULINGS OF LAW RESPECTING CALIFORNIA'S
STIPULATION OF NOVEMBER 29, 1951, WITH THE
UNITED STATES OF AMERICA

Comes now the defendant, FALLBROOK PUBLIC UTILITY DISTRICT, acting by and through its attorneys of record herein, and in reply to a motion of the United States of America for rulings of law respecting the stipulation of November 29, 1951, and alleges

I

Defendant Fallbrook Public Utility District accepts the stipulation of November 29, 1951, a copy of which is attached to the motion of the United States of America herein, as binding upon all of the parties to said stipulation.

- 1 -

2857

II

Defendant Fallbrook Public Utility District acknowledges that there exist differences of opinion between the parties to said stipulation as to the meaning and significance of paragraphs II, III and IV thereof. This defendant specifically objects to the meanings attached to said paragraphs by the United States of America as set forth in its memorandum of points and authorities accompanying said motion, and this defendant asserts that the true and usual meaning of paragraphs II, III and IV of said stipulation is as set forth in this defendant's memorandum of points and authorities attached hereto.

WHEREFORE, defendant Fallbrook Public Utility District respectfully joins in the request of the United States of America that this Honorable Court declare the parties to said stipulation to be bound thereby, and

Fallbrook Public Utility District further requests this Honorable Court to make its rulings as to the meaning to be ascribed to said stipulation, and particularly to paragraphs II, III and IV thereof in advance of trial.

SWING, SCHARNIKOW & STANIFORTH
SACHSE and PRICE

by [signature]
Attorneys for the Fallbrook Public Utility District

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

Fallbrook concedes that the Stipulation in question was agreed to by the parties thereto and that it should be binding upon each of them in all further proceedings in this matter.

### II

In the interpretation of a Stipulation, the rules applicable to construction of contracts shall be generally applied.[1]

The primary rule is to give effect to the intention of the parties and to construe the instrument as a whole.[2]

A stipulation will not be given a forced construction.[3]

Words and phrases will be given their ordinary and popular meaning.[4]

Where the parties to a Stipulation have given it a practical interpretation and effect by their acts, words and conduct, such construction is entitled to great, if not controlling, weight.[5]

### III

Let us, therefore, analyze the Stipulation under the foregoing rules. Its purpose is stated in the preamble as: "for the clarification of the issues....". Obviously, any construction that serves to raise <u>new</u> issues of fact or of law is not within its basic purpose. However, its exact significance requires consideration of its several paragraphs, point by point. Paragraph II reads as follows:

"That in this cause, the United States of America claims only such rights to the use of water as it acquired when it purchased the Rancho Santa Margarita, together with any rights to the

---

[1] 83 C.J.S. <u>Stipulations</u>, Sec. II cases cited.
[2] Ibid.
[3] Ibid.
[4] Ibid.
[5] Ibid.

- 1 -

2859

the use of water which it may have gained by prescription or use, or both, since its acquisition of the Rancho Santa Margarita."

The claims of the United States, as limited by paragraph II, are as follows:

A. Rights to the use of water acquired when the United States purchased the Rancho.

B. Rights to the use of water which may have been acquired <u>by the United States</u> through prescription or "use" or "both" since its acquisition of the Rancho.

Considering these claims separately:

A. The rights acquired by the United States when it purchased the Rancho were necessarily <u>private</u> rights. The Rancho was not a sovereign; the Rancho was not public domain; the Rancho was not a municipal or a quasi-municipal corporation. Stated simply, the rights of the Rancho, acquired by the United States were no greater and no less than the rights of any private landowner in the same circumstances.

This interpretation has been placed on the Stipulation in innumerable statements of representatives of the United States. Some of these statements are set forth in pages 13 through 29 of the Defendant Fallbrook's Reply Brief dated November 27, 1957. They will not be repeated here in full, but will be referred to by page and line number in Defendant's Brief just referred to:

Statement of Assistant Attorney General A. DeWitt Vanech, Fallbrook Brief, page 14, lines 12-15; 21-24.

Statement of Mr. William H. Veeder, Fallbrook Brief, page 15, lines 25-30.

Statement of Mr. William H. Veeder, Fallbrook Brief, page 16, lines 9-12.

Letter of Mr. A. DeWitt Vanech, Fallbrook Brief, page 17, lines 2-6.

- 2 -

2860

Opinion of Judge Leon Yankwich, 101 Fed. Supp. 298, 307; Fallbrook Brief, page 18, line 27; page 19, line 4.

Statement of Mr. A. DeWitt Vanech, Fallbrook Brief, page 19, line 31; page 20, line 6.

Letters of Mr. William H. Veeder to the Saturday Evening Post and Reader's Digest. Fallbrook Brief, page 23, lines 21-23; 29-32.

Statement of David W. Agnew. Fallbrook Brief, page 25, lines 11-19.

Statement of Attorney General Brownell. Fallbrook Brief page 27, lines 18-32.

In connection with the statement of Attorney General Brownell referred to above, attention should be invited to the fact that this statement was made in connection with the very stipulation here under discussion. We contend that his language: "Its (the United States) rights will be no greater than the rights of a private individual if they held the same land" is conclusive of the question. If this interpretation is correct, and in fact the claims of the United States are no greater than the rights of the Rancho, it is obvious that the rights <u>cannot include:</u>

1. Rights based on ownership of public domain.
2. Rights based on inverse condemnation.

B. In the same paragraph, the United States asserts rights to the use of water which may have been acquired <u>by the United States</u> through prescription or use, or both. This defendant believes that the question of prescription has been disposed of by the tentative ruling of this Honorable Court on October 21, 1957 as follows:

"Judge Carter: Well, my tentative conclusion on this matter of prescriptive rights is that the United States has no prescriptive rights."[1/]

---

[1/] Transcript of proceedings, United States of America vs. Fallbrook, page 254.

- 3 -

2861

1        The matter is further settled by the language of the
2   Circuit Court of Appeals in its decision on the appeal of this
3   case. 1/
4        The question of rights acquired by use has been disposed
5   of by the ruling of this Honorable Court made October 21, 1957 as
6   follows:
7        "Judge Carter:  Since 1913, I think appropriative rights are
8        controlled by State procedure.  My tentative view is that
9        the United States has no appropriative rights by self help." 2/
10       This matter is further disposed of by the language of the
11  Circuit Court of Appeals in the decision in the appeal in this case. 3/
12       It should also be pointed out that any claims asserted
13  by the United States on the basis of its ownership of public domain
14  upstream from the Rancho cannot possibly be included within the
15  scope of this language of the stipulation, nor can claims based
16  upon a doctrine of inverse condemnation be included within it.

                                   IV

18       Paragraph III of the Stipulation reads:
19       "That the United States of America claims by reason
20  of its sovereign status no right to the use of a greater quantity
21  of water than is stated in Paragraph II, hereof."
22       The obvious intent of this paragraph would appear to
23  be that the United States <u>disclaims</u> any rights greater than those
24  that could be exercised by a private individual in the same cir-
25  cumstances.  We concede that the United States is a "sovereign".
26  But what, then, is the purpose of the paragraph unless it states
27  <u>that notwithstanding that the United States is sovereign, it</u>
28  <u>asserts no rights as such in these proceedings?</u>
29       The exact language of the paragraph is a limitation

---

1/  <u>California vs. United States of America</u>, 235 F. 2d, page 656.
2/  Transcript of proceedings, United States of America vs.
    Fallbrook, page 256.
3/  <u>California vs. United States of America</u>, 235 F. 2d, pages 647, 660-661.

- 4 -

2862

upon the "....right to use of a greater quantity of water than is stated in paragraph II, hereof.". Attention is again invited to the statement of Attorney General Brownell: "<u>Its (the United States rights will be no greater than the rights of a private individual..</u>" [1] (emphasis added).

The very counsel for the United States who presents this Motion to this Honorable Court, Mr. Veeder, stated: <u>"Now, we acquired what rights the Rancho Santa Margarita had, no more, or less. So, if any man around this table purchased the Rancho Santa Margarita instead of the United States government, he was entitled to so many acre feet of water, and the mere fact that the United States government purchased does not entitle the United States to one more acre foot."</u> [2] (Emphasis added)

Is the United States now repudiating the construction placed upon this Stipulation by its own trial counsel and by the highest law enforcement officer of the nation? It would seem so, particularly in view of the following language in the United States Memorandum accompanying this Motion: "California, in stipulating that the United States of America <u>had acquired</u> through its 'sovereign status' the <u>rights to the use of water which it was exercising</u> in the Santa Margarita River....." [3] (Emphasis added). We submit that no construction of the English language, however strained, can find such a statement in the Stipulation. The Stipulation states that the "United States....<u>claims no right</u>..". Mr. Veeder has converted a negative to an affirmative.

---

[1] Fallbrook Brief, p. 27, lines 18-22.
[2] Ibid., page 19, line 31 - page 20, line 5.
[3] 94 C.J.S. <u>Weights and Measures</u>, Sec. 1  Cases cited.

- 5 -

2863

V

Paragraph IV of the Stipulation reads:

"That the rights of the United States of America to the use of water herein are to be measured in accordance with the laws of the State of California."

If we have encountered strained constructions of simple words heretofore, what occurs next surpasses all understanding. At page 7, lines 10-11, Mr. Veeder defines the word "measure" as used in the Stipulation, as follows: "It can have but a single meaning - beneficial use". The statement surely deserves an exclamation point!

When used as a verb, (as in this case) the word "Measure" is defined as follows: "To compute or ascertain the extent, quantity, capacity or dimensions of..." [1]/ Of what, then, are we computing the "extent, quantity, capacity or dimensions of" ? We are computing the extent of the <u>water right</u> of the United States, <u>as limited by the preceding two paragraphs of the Stipulation.</u>

By the terms of the Stipulation, we are determining in this case:

    1. The extent of the water rights of the Rancho Santa Margarita at the time it was purchased by the United States.

    2. The water rights that <u>may have been acquired</u> by the United States since that date by:

        a. Prescription;

        b. "Use" - which has been aptly characterized by this Honorable Court as "appropriation by self-help"; [2]/ and by the Circuit Court of Appeals in this very proceeding as "..appropriation and application to some purpose."; [3]/

---

[1]/ 94 C.J.S. <u>Weights and Measures</u>, Sec. 1 Cases cited.
[2]/ <u>U.S. vs. Fallbrook</u>, Transcript of Proceedings 10/21/57 p. 256
[3]/ <u>California vs. U.S.</u> 235 F. (2d) 647, at page 660

2864

1             c. Or both of the above.

2        3. Under the terms of the Stipulation, we are not to enlarge those rights one iota by reason of the fact that the United States is plaintiff herein; and

4. We are to <u>determine the extent of those rights</u>, "measure", if you prefer, "in accordance with the laws of the State of California.

The laws of California <u>do not</u> make beneficial use the sole determinant of the extent of a water right. No possible mis-construction or mis-citation of cases can uphold such a suggestion. The basic Constitutional provision goes beyond beneficial use.[1] There can be no possible question that one of the measures of a <u>riparian right</u> is that it be used within the watershed.[2] The extent of an appropriative right depends upon relative priorities and upon the claims and demands in the appropriation. Seasonal or cyclic storage is clearly a "beneficial" use, but it is an improper use by a riparian.[3] Some beneficial and proper uses are not within the riparian right because they are unreasonable.[4] Such examples can be continued indefinitely, but no useful purpose would be served thereby. If indeed "beneficial use" is the <u>sole</u> measure of a water right, then we have at one stroke destroyed the effect of the 1928 Constitutional Amendment. If beneficial use is the sole determinant, what then of the conflict between a riparian <u>who makes no use</u> and an appropriator who does? The very sweeping nature of the proposition serves to discredit it.

---

[1] California Constitution Art. XIV, Sec. 3.
[2] <u>Rancho Santa Margarita vs. Vail</u>, 11 Cal. (2d) 501, 529.
[3] Hutchins: <u>The California Law of Water Rights</u> (1956) p. 246; cases cited.
[4] <u>Cowell vs. Armstrong</u>, 210 Cal. 218, 224-225.

## CONCLUSION

Fallbrook respectfully submits:

1. That the Stipulation of November 29, 1951 is binding upon all of the parties thereto including the United States of America;

2. That its effect is to limit the claims of the United States to:

    a. The <u>private rights</u> which the United States acquired from the Rancho Santa Margarita through its purchase of the Rancho; and

    b. The rights which the United States may have acquired since that date through

        (1) Prescription;

        (2) Appropriation; or

        (3) Both.

3. That the extent of those rights is to be determined without regard to the fact that the United States is sovereign and the rights so acquired by the United States are neither to be increased nor decreased above those described in 2., above, by reason of the fact that the United States is plaintiff herein.

4. That in determining the extent of those rights in terms of acre feet, stream flow or any other measure, we shall apply the laws of the State of California.

Respectfully submitted.

SWING, SCHARNIKOW AND STANIFORTH
SACHSE and PRICE

by /s/ Franz R. Sachse
FRANZ R. SACHSE
Attorneys for the Fallbrook Public Utility District

DATED: January 2, 1958.

- 8 -

2866

AFFIDAVIT OF SERVICE BY MAIL

STATE OF CALIFORNIA ) ss.
County of San Diego )

FRANZ R. SACHSE, being first duly sworn, says:

That affiant, whose address is 217 North Main Street, Fallbrook, California, is a citizen of the United States, a resident of the county where the herein described mailing took place; over the age of 18 years and not a party to the above entitled action.

That affiant served the attached Reply to Motion and Memorandum of Points and Authorities on the plaintiff in said action, by placing a true copy thereof in an envelope addressed as follows:

Honorable J. Lee Rankin
Solicitor General
Department of Justice
Washington, D. C.

Honorable William H. Veeder
Office of Ground Water Resources
Camp Pendleton
Oceanside, California

Mr. W. B. Dennis
Attorney at Law
365 Broadway
Vista, California

Adolphus Moskovitz, Esq.
Deputy Attorney General
Library and Courts Building
Sacramento 7, California

sealed and deposited on the 2nd day of January, 1958 in the United States Mail at Fallbrook, San Diego, California with postage fully prepaid thereon, and that there is regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 2nd day of January, 1958

_____
Notary Public in and for said County and State
My commission expires May 25, 1961

- 9 -