FILED

FEB 11 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By ................ Deputy Clerk

LODGED

JAN 22 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ................ Deputy Clerk

1  EDMUND G. BROWN, Attorney General
   of the State of California
2  ADOLPHUS MOSKOVITZ, Deputy Attorney General
   Library and Courts Building
3  Sacramento, California
   Telephone: HIckory 5-4711, Ext. 4574
4
5  Attorneys for Defendants in Intervention
6
7
8            IN THE UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10                  SOUTHERN DIVISION
11
12  UNITED STATES OF AMERICA,            )
13            Plaintiff,                 )   No. 1247-SD-C
14        v.                             )   ORDER RESPECTING BIND-
                                         )   ING EFFECT AND MEANING
15  FALLBROOK PUBLIC UTILITY DISTRICT,   )   OF STIPULATION DATED NO-
    a public service corporation of the )   VEMBER 29, 1951, ORIGI-
16  State of California; et al.,         )   NALLY ENTERED BETWEEN
                                         )   THE UNITED STATES AND
17            Defendants,                )   THE STATE OF CALIFORNIA
18  PEOPLE OF THE STATE OF CALIFORNIA,   )
19            Defendants in             )
20            Intervention.             )
                                        )
21
22        The United States having made a motion on January 6,
23  1958, for an order of this Court declaring (1) that the stipu-
24  lation dated November 29, 1951, originally entered between the
25  United States and the State of California, a copy of which is
26  attached and by reference made a part of this order, is binding
27  upon the parties thereto, and (2) that the stipulation should
28  have ascribed to it the usual meaning of the terms set forth
29  in it; and
30        The Fallbrook Public Utility District and the Santa Mar-
31  garita Mutual Water Company having on January 6, 1958, declared

in open court their desire to be parties to the stipulation, and
the United States and the State of California having on January
6, 1958, declared in open court their agreement to the Fallbrook
Public Utility District and the Santa Margarita Mutual Water
Company becoming parties thereto; and

The State of California, the Fallbrook Public Utility
District and the Santa Margarita Mutual Water Company having on
January 6, 1958, expressed in open court their support of the
motion of the United States, but having disagreed with the
United States as to what meaning should be ascribed to the
stipulation; and

This Court (1) having considered written points and
authorities and oral argument by the parties to the stipulation
regarding the meaning thereof; (2) having taken judicial notice
of the furor concerning the nature of the claims of the United
States in this action which existed when this action was origin-
ally filed; and (3) having considered testimony by the Attorney
General of the United States to Congressional committees after
the stipulation was entered into, stating his interpretation
thereof;

NOW, THEREFORE, IT IS RULED AND ORDERED AS FOLLOWS:

I

The stipulation dated November 29, 1951, is binding
upon the parties thereto, which are the United States, the State
of California, the Fallbrook Public Utility District and the
Santa Margarita Mutual Water Company.

II

The stipulation is unambiguous.

III

Paragraph I of the stipulation, the meaning of which
is not in dispute among the parties, defines the word "paramount",

as used in the complaint in this action, as being used in the
same sense as in the opinion in the case of Peabody v. Vallejo,
2 Cal.2d 351, 40 P.2d 486, and therefore as having no reference
to the sovereign character of the United States.

IV

Paragraphs II, III and IV of the stipulation must be
read together and when so read have the following meaning:

A.   Paragraph II of the stipulation lists and re-
stricts the rights claimed in this action by the United
States to be as follows:

1.   The rights to the use of water which the
United States acquired when it purchased the Rancho
Santa Margarita.  Such rights are the same rights,
no more and no less, than the Rancho had, and hence
the United States acquired the same rights as any
private party who might have purchased the Rancho.

2.   Any rights which the United States may
have gained since its acquisition of the Rancho
Santa Margarita by prescription or use or both.

a.   This excludes any claims to rights
which the United States may believe it already
owned prior to its acquisition of the Rancho,
such as rights which the United States has
asserted arise from its ownership of the public
domain.  Paragraphs III and IV of the stipulation
reinforce the conclusion that claims of rights
asserted to arise from the ownership of the
public domain are excluded, since such claims
would be based on the sovereign character of the
United States and the laws of the United States
rather than the laws of the State of California.

-3-

2872

b.  The rights gained by "prescription"
which the United States may claim under this
Paragraph II, are only such rights as might
have been acquired by acts adverse to rights
belonging to others.

c.  Because the word "use" is a very broad
term, the rights gained by "use", which the
United States may claim under this Paragraph II,
include rights by "appropriation" as well as
other kinds of rights that may arise by use,
limited, however, because of Paragraph IV of
the stipulation, to such rights by use as may
be acquired under the laws of the State of Cali-
fornia.  Excluded, therefore, are claims by the
United States of rights acquired by inverse con-
demnation, since the law by which such rights
would be measured is federal law as set forth in
decisions of federal courts involving inverse
condemnation by the United States and not Cali-
fornia law.

B.  Paragraph III of the stipulation is a disclaimer
by the United States that by reason of its sovereign status
it has rights to a greater quantity of water than a person
not a sovereign would have, standing in the position of the
United States.

C.  Paragraph IV of the stipulation means that the
measure of the rights claimed by the United States in this
action is all the laws of the State of California pertaining
to water rights.  Among them are the laws relating to
riparian rights, to prescriptive rights, and to appropria-
tive rights, including the method and procedure established.

1   by California law for the acquisition of appropriative
2   rights.
3       Dated: _Feb 11ᵗʰ 1958_____.
4
5
6
7
8                              _James M. Carter_
9                              United States District Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

-5-

2874

BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
Telephone:  F 9-4101
EDMUND G. BROWN, Attorney General of the State of California
B. ABBOTT GOLDBERG, Deputy Attorney General
600 State Building
San Francisco 2, California
Telephone:  UN 1-8700
ARVIN B. SHAW, JR., Assistant Attorney General
835 Rowan Building
Los Angeles, California
Telephone:  MAdison 6-0161

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

     v.

FALLBROOK PUBLIC UTILITY DISTRICT, a
public service corporation of the
State of California, et al.,

            Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

            Defendants in Intervention.

Civil No. 1247

STIPULATION

On the 15th day of August, 1951, the People of the
State of California, in accordance with invitation of the
United States of America, petitioned this Court to intervene
in this litigation.  On that date an Order was allowed and
entered by this Court granting the Petition.

For the clarification of the issues in this
litigation, and for the benefit of all of the parties to this
cause, it is hereby stipulated:

I

That in Paragraphs VIII and IX of plaintiff's
Complaint herein, and in Paragraphs 2 and 3 of the Prayer of

1.

2875

1   said Complaint, the word "paramount" is used in the same

2   sense in which that word is used in the second paragraph,

3   on page 374 of the opinion of the Supreme Court of California

4   in the case of Peabody v. Vallejo, 2 Cal. 2d 351 (fourth

5   paragraph on page 494, 40 Pac. 2d 486).

II

7       That in this cause, the United States of America

8   claims only such rights to the use of water as it acquired

9   when it purchased the Rancho Santa Margarita, together with

10  any rights to the use of water which it may have gained by

11  prescription or use, or both, since its acquisition of the

12  Rancho Santa Margarita.

III

14      That the United States of America claims by reason

15  of its sovereign status no right to the use of a greater

16  quantity of water than is stated in Paragraph II, hereof.

IV

18      That the rights of the United States of America to

19  the use of water herein are to be measured in accordance with

20  the laws of the State of California.

V

22      That the parties to this Stipulation will request

23  the entry of a Pretrial Order by this Court defining the issues

24  in this cause, in conformity with the statements contained

25  in this Stipulation.

VI

27      That there will be a full, complete and mutual

28  exchange of data and information as to the subject matter of

29  this cause collected by the respective parties to this

30  Stipulation, including data respecting the issuance of any

31  permits or licenses issued by the State of California in

2.

1 connection with the rights to the use of water of the

2 Santa Margarita River.  Such exchange of information by the

3 United States, will be subject to clearance by the Commanding

4 Officer, Camp Joseph H. Pendleton, in respect to military

5 security, as determined by said Officer.

6        Dated:  November 29, 1951.

7

8

ERNEST A. TOLIN,
United States Attorney
BETTY MARSHALL GRAYDON,
Assistant United
States Attorney
WILLIAM H. VEEDER,
Special Assistant to
the Attorney General
of the United States

By

WILLIAM H. VEEDER
WILLIAM H. VEEDER

EDMUND G. BROWN
EDMUND G. BROWN, Attorney General
of the State of California


ARVIN B. SHAW, JR.
ARVIN B. SHAW, JR.
Assistant Attorney General


B. ABBOTT GOLDBERG
B. ABBOTT GOLDBERG,
Deputy Attorney General

Attorneys for the People of the
State of California

3.