(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK, CALIFORNIA
RANDOLPH 8-1154

# FILED

APR 4 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _Wm. aliss M. Lewall_
DEPUTY CLERK

Attorneys for Defendant - FALLBROOK
PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

   vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
ET AL.,

                Defendants.

CIVIL No. 1247-SD-C

MOTION OF DEFENDANT FALLBROOK
PUBLIC UTILITY DISTRICT TO
DISMISS; MOTION TO STRIKE;
and FOR AN ORDER DIRECTING
PLAINTIFF TO FILE A MORE
DEFINITE STATEMENT

      Defendant Fallbrook Public Utility District, a public
service corporation of the State of California, by Swing, Scharnikow
and Staniforth and Sachse and Price, its attorneys, appearing for
itself alone, and not for any other defendant, moves this Honorable
Court:

                I

      To dismiss the following Counts of plaintiff's Supple-
mentary and Amendatory Complaint, because each of said Counts fails
to state a claim against any defendant upon which any relief can be
granted, in the particulars hereinafter set forth:

    A. COUNT XXI of plaintiff's Supplementary and Amendatory
Complaint.

      1.  Insofar as Count XXI attempts to state a cause of
action based upon prescriptive rights to the use of the water of
the Santa Margarita River upon the military reservations named
therein, based upon use of water made by the United States and its

- 1 -

1   predecessors in interest, the Count is fatally defective.  It

2   affirmatively appears from paragraph IV of the Original Complaint,

3   made a part of Count XXI by reference, that the military reserva-

4   tions named are the last users on the stream and that the uses claimed

5   are in fact downstream from all defendants.  Prescriptive rights

6   cannot be acquired by a downstream user against upstream claimants

7   for the reason that such downstream use cannot be adverse.

8          2.  Insofar as Count XXI attempts to state a cause of

9   action based upon prescriptive rights to the use of water on the

10  Indian Reservations, National Forests, and lands administered by

11  the Bureau of Land Management, the Count fails to state a cause of

12  action because nowhere in the Count or in the matter included there-

13  in by reference is there any statement that any use has been made

14  of water on such lands by the United States.  Actual use is an

15  essential element in the acquisition of a prescriptive right.

16      B.  Count XXII of plaintiff's Supplementary and Amendatory

17  Complaint:

18          1.  Paragraph I of said Count alleges an appropriation

19  by use of water since 1942.  Since the adoption of the Water

20  Commission Act of the State of California in 1914, water can only

21  be appropriated under the laws of California by compliance with

22  the Water Code.

23          2.  Paragraph II of said Count alleges appropriation

24  and use of water both within and without the watershed, under

25  claim of riparian right.  To the extent that the paragraph sets

26  forth an alleged riparian use outside the watershed it admits a

27  violation of law.  To the extent that the paragraph alleges ripar-

28  ian use inside the watershed, such use cannot confer an appropri-

29  ative right.

30          3.  Paragraph III (b) of said Count alleges appro-

31  priation and use since 1937 without compliance with State law.

32          4.  Paragraph III (c) attempts to allege a non-

2942

statutory appropriation by the plaintiff's predecessors in
interest, dating from 1910, for uses _within_ the watershed.  The
same paragraph then alleges that since 1942 this use has been
_outside_  the watershed.  If the original non-statutory appropri-
ation was in fact made, non-use on the lands and for the purposes
for which the water was originally appropriated for a period of
three years has resulted in loss of the appropriative right.

II

To dismiss the following Counts of plaintiff's Supple-
mentary and Amendatory Complaint because it appears upon the face
of each of said Counts that this Court lacks jurisdiction of the
subject matter:

A.  Count II of Plaintiff's Supplementary and
Amendatory Complaint.

B.  Count III of Plaintiff's Supplementary and
Amendatory Complaint.

C.  Count IV of Plaintiff's Supplementary and
Amendatory Complaint.

D.  Count V of Plaintiff's Supplementary and
Amendatory Complaint.

E.  Count VII of Plaintiff's Supplementary and
Amendatory Complaint.

F.  Count X of plaintiff's Supplementary and
Amendatory Complaint.

III

To strike from plaintiff's Supplementary and Amenda-
tory Complaint the following matter upon the grounds stated:

A.  Count II of plaintiff's Supplementary and Amenda-
tory Complaint in its entirety upon the grounds that it is
redundant, immaterial and impertinent.

B.  Count III of plaintiff's Supplementary and
Amendatory Complaint in its entirety upon the grounds that it is

- 3 -

2943

redundant, immaterial and impertinent.

C.   Count IV of plaintiff's Supplementary and Amendatory Complaint in its entirety upon the grounds that it is redundant, immaterial and impertinent.

D.   Count V of plaintiff's Supplementary and Amendatory Complaint upon the grounds that it is redundant, immaterial and impertinent.

E.   Count VII of plaintiff's Supplementary and Amendatory Complaint in its entirety, upon the grounds that it is redundant, immaterial and impertinent.

F.   Count X of plaintiff's Supplementary and Amendatory Complaint in its entirety upon the grounds that it is redundant, immaterial and impertinent.

G.   Paragraph VI of Count XIII (page 24) of plaintiff's Supplementary and Amendatory Complaint upon the grounds that it is redundant, immaterial and impertinent.

H.   Count XIV of plaintiff's Supplementary and Amendatory Complaint in its entirety upon the grounds that it is redundant, immaterial and impertinent.

IV

For an Order directing plaintiff to file a more definite statement of the following matters, upon the grounds that plaintiff's Supplementary and Amendatory Complaint is so vague, indefinite and ambiguous in the particulars hereinafter set forth that this defendant should not reasonably be required to plead thereto.

A.   A more definite statement of the matter contained in paragraph II of Count XV (page 25) of plaintiff's Supplementary and Amendatory Complaint, and particularly a statement as to the nature of the "...rights to the use of water..." which said paragraph states are owned by the United States.  This defendant cannot determine from the pleading whether the rights referred to

- 4 -

2944

1  are riparian rights, appropriative rights, prescriptive rights or
2  some form of right unknown to this defendant.
3        B.  A more definite statement of the matter contained
4  in paragraph VI of Count XV (page 26) of plaintiff's Supplementary
5  and Amendatory Complaint, and particularly a statement as to how,
6  when and in what manner there were "reserved" by the United States
7  the waters referred to in said paragraph.  This defendant cannot
8  determine from the pleadings whether the reservation referred to
9  was by Statute, by Executive Order, contained in a Grant, or in some
10 form unknown to this defendant.
11       C.  A more definite statement of the matter contained
12 in paragraph II, Count XVI (page 26) of plaintiff's Supplementary
13 and Amendatory Complaint, and particularly a statement as to the
14 "...rights to the use of water..." which said paragraph states
15 are owned by the United States.  This defendant cannot determine
16 from the pleading whether the rights referred to are riparian
17 rights, appropriative rights, prescriptive rights, or some form
18 of right unknown to this defendant.
19       D.  A more definite statement of the matter contained
20 in paragraph V, Count XVI (page 27) of plaintiff's Supplementary
21 and Amendatory Complaint, and particularly a statement as to how,
22 when and in what manner there were "reserved" by the United States
23 the waters referred to in said paragraph.  This defendant cannot
24 determine from the pleading whether the reservation referred to
25 was by Statute, by Executive Order, contained in a Grant, or in
26 some form unknown to this defendant.
27       E.  A more definite statement of the matter contained
28 in paragraph III, Count XVII (page 28) of plaintiff's Supplementary
29 and Amendatory Complaint, and particularly a statement as to the
30 "..rights to the use of water.." which said paragraph states are
31 owned by the United States.  This defendant cannot determine from
32 the pleadings whether the rights referred to are riparian rights

- 5 -

2945

1  appropriative rights, prescriptive rights or some form of right
2  unknown to this defendant.
3      F.  A more definite statement of the matter contained
4  in paragraph VI, Count XVII (page 28) of plaintiff's Supplementary
5  and Amendatory Complaint, and particularly a statement as to how,
6  when and in what manner there were "reserved" by the United States
7  the waters referred to in said paragraph.  This defendant cannot
8  determine from the pleadings whether the reservation referred to
9  was by Statute, by Executive Order, contained in a Grant, or in
10 some form unknown to this defendant.
11     G.  A more definite statement of the matter contained
12 in paragraph X, Count XVIII (page 30) of plaintiff's Supplementary
13 and Amendatory Complaint, and particularly a statement as to how,
14 when and in what manner there were "reserved" rights to the use
15 of water by the United States as alleged in said paragraph.  This
16 defendant cannot determine from the pleadings whether the
17 reservation referred to was by Statute, by Executive Order,
18 contained in a Grant or in some form unknown to this defendant.
19     H.  A more definite statement of the matter contained
20 in paragraph V, Count XIX (page 32) of plaintiff's Supplementary
21 and Amendatory Complaint, and particularly a statement as to how,
22 when and in what manner there were "reserved rights to the use of
23 water" by the United States as alleged in said paragraph.  This
24 defendant cannot determine from the pleadings whether the
25 reservation referred to was by Statute, by Executive Order,
26 contained in a Grant, or in some form unknown to this defendant.
27 April 3, 1958

28                    SWING, SCHARNIKOW and STANIFORTH
                     SACHSE and PRICE
29
30        by _____
                Franz R. Sachse
31              Attorneys for defendant
                FALLBROOK PUBLIC UTILITY DISTRICT
32

- 6 -