EDMUND G. BROWN, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney General
Library and Courts Building
Sacramento, California
Telephone: HIckory 5-4711, Ext. 4574

Attorneys for Defendants in Intervention

FILED
APR 4 - 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California; et al.,<br><br>          Defendants,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Defendants in<br>          Intervention. | No. 1247-SD-C<br><br>OPPOSITION TO UNITED<br>STATES' MOTION FOR<br>LEAVE TO FILE COMPLAINT<br>AND SUPPLEMENTARY AND<br>AMENDATORY COMPLAINT |

    The State of California, defendant in intervention, opposes the motion of the United States for leave to file complaint and supplementary and amendatory complaint, noticed to be heard on April 7, 1958, on the ground that certain counts set forth in the proposed supplementary and amendatory portions of the complaint fail to state a claim upon which relief can be granted, as is explained in detail hereinafter. In opposing said motion, the State of California does not waive the right to make any motions or defenses or take any other action which may be available in the event that leave is granted by the court

2932

to the United States to file the proposed complaint and supplementary and amendatory complaint.

### POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO FILE COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT

The effect of the motion of the United States, if it is granted, would be to introduce a large number of new claims and new issues into an action that is already complicated to the point of being almost unmanageable. Many of the new claims and new issues which would be raised by the proposed new material in our opinion would be subject to a motion to dismiss. To the extent that this is so the court should deny leave to include such material in any amendatory or supplementary complaint which the court permits to be filed (3 Moore's Federal Practice, page 834). As stated in Canister Co. v. National Can Co. (U. S. Dist. Ct. Del. 1946) 6 Fed. 613, 614:

> "True, under Rule 15(a), as stated above, amendments are granted with great liberality. Nevertheless, a court will never grant an amendment which seeks to add a defense which is obviously insufficient for the purpose for which it is offered. Stephens v. Reed, 3 Cir. 121 F.2d 696, 699; see United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 131 F.2d 545, 547."

Leave to file the following allegations in the proposed complaint and amendatory and supplementary complaint is opposed for the reasons set forth:

1. Count No. V, Paragraphs VI and VII, page 13, lines 16-27. These paragraphs allege the issuance of a "license to appropriate water" No. 4906 by the State of California Water Rights Board to the Fallbrook Public Utility District and allege that such issuance has undertaken drastically to change the status of the parties and has clouded the title of the United States to rights to use water of the Santa Margarita River.

The issuance of this license confirmed the right to appropriate such amount of water as was found by the Water Rights Board to have actually been applied to beneficial use pursuant to the permit previously issued (Calif. Water Code sec. 1610). But it, like the entire appropriation procedure set forth in the Water Code, applies only to water that was unappropriated at the time the application to appropriate was first made, i.e., water in excess of the amount subject to and needed to satisfy riparian rights, prior appropriative rights and prescriptive rights (Calif. Water Code sec. 1201). For this reason issuance of the license did not and could not cloud the vested rights of the United States. The license pertains to the water which is in the stream over and above that to which the United States' rights pertain. Therefore, in alleging the mere issuance of a license by the State of California these paragraphs fail to state a claim on which relief can be granted.

  2. Count No. VII, Paragraphs II and III, page 15, lines 10-22. These paragraphs raise the issue whether the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company have lost the appropriative rights for which they have made application to the State of California and for which they may have received permits. These paragraphs allege that such rights have been lost on the ground of alleged failure to prosecute the applications and permits with due diligence. Since these paragraphs concern applications and permits to appropriate, they relate to the acquisition of rights to appropriate what is presently unappropriated water. No license has as yet been issued and thus the California State Water Rights Board has not yet taken final action. The question whether due diligence has been exercised is thus still before the State Water Rights Board (Calif. Water Code sec. 1396), and may be

2934

raised there by an appropriate proceeding by any person having an interest in the water involved.

It is a familiar doctrine that available administrative remedies must be exhausted before relief may be secured from a court. There is no allegation in the proposed pleadings that the United States has attempted to utilize the available administrative remedy before the California State Water Rights Board. In the circumstances it is not appropriate for this issue to be injected here. Control over the appropriation of unappropriated water subject to the provisions of Division 2 of the California Water Code is in the California State Water Rights Board. Until its jurisdiction has been exhausted no court has the jurisdiction to interfere with that control. Hence, these paragraphs fail to state a claim upon which relief can be granted.

No prejudice to the United States can result from refusing it leave to bring this issue into this case because the applications and permits of the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company deal with unappropriated water, which by definition is water in excess of the amount necessary to satisfy vested rights. Whatever vested rights the United States may finally be adjudicated to have in this case would come ahead of the rights which either the Fallbrook Public Utility District or the Santa Margarita Mutual Water Company may acquire pursuant to their pending applications and permits.

3. Count No. X, Paragraphs II-V, page 18, line 13 to page 19, line 13. These paragraphs deny the power and right of the California State Water Rights Board to hold hearings on the applications of the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company to appropriate

unappropriated water. The alleged grounds are that in such hearings the Water Rights Board embarrasses and invades the jurisdiction of the court. This is patently erroneous as a matter of law. This Board does not act in a judicial capacity and any permits which it may issue will, as has been pointed out many times in this case, pertain only to unappropriated water, that is, the water in excess of the amount needed to satisfy the rights which the court ultimately decrees to be vested. It follows that whatever vested rights the United States is held by this court to possess will in no way be affected by the action of the State Water Rights Board. The State Water Rights Board has no jurisdiction to make a determination binding upon anyone as to the prior vested rights on the Santa Margarita River, and conversely this court has no jurisdiction to determine which of competing applicants to appropriate the unappropriated water should be permitted to do so. The jurisdiction of the Board and the jurisdiction of the court are therefore complementary rather than conflicting. Hence, these paragraphs fail to state a claim upon which relief can be granted.

4. Count No. XXIV, Paragraph II, page 37, lines 8-26. This paragraph asserts a storage right in the United States for 165,000 acre-feet of water annually from the Santa Margarita River with a priority of June 30, 1948, based upon an application to appropriate, as amended, filed by officers of the United States with statutory predecessors of the California State Water Rights Board. To be a valid basis of an appropriative water right the application referred to in this paragraph must be processed before the California State Water Rights Board in accordance with California law. Whether a permit will be granted and a license ultimately issued is

within the jurisdiction of the State Water Rights Board and not of this court. The priority date of the application and the asserted storage right cannot be adjudicated by this court, and until the administrative procedure is exhausted this court would have no jurisdiction to make any determination with respect to the application that would in any way limit the discretion granted the Water Rights Board under California law. Hence, this paragraph fails to set forth a claim upon which relief can be granted.

5. Count No. XXV, Paragraph II, the portion thereof beginning on page 38, lines 15-24. As explained with respect to previous paragraphs objected to, no facts have been alleged indicating that the State of California has in any way either invaded the rights of the United States or the jurisdiction of this court since the activities of the California State Water Rights Board pertain only to unappropriated water and leave unaffected the vested rights which the United States may possess and the jurisdiction of this court to declare those vested rights.

6. Prayers for relief No. 4, page 39, lines 9-16, and No. 9, page 40, lines 10-12. These prayers are based on the erroneous theory of the United States that the State of California by processing applications to appropriate unappropriated water has prejudiced the rights of the United States and has invaded and embarrassed the jurisdiction of this court. Since, as explained above, this is incorrect as a matter of law, the United States should not be permitted to file an amendatory or supplementary complaint requesting any relief against the State of California based on this activity of the California State Water Rights Board.

Dated: April 3, 1958.

        EDMUND G. BROWN, Attorney General
        ADOLPHUS MOSKOVITZ, Deputy Atty. Gen.

        By *Adolphus Moskovitz*
        ADOLPHUS MOSKOVITZ
        Attorneys for Defendants in Intervention

CL-1

STATE OF CALIFORNIA  } ss.   AFFIDAVIT OF SERVICE BY MAIL
COUNTY OF SACRAMENTO }

   CHARLOTTE L. MORGAN, being duly sworn, deposes and says: That affiant is a citizen of the United States, over the age of 18 years, and not a party to the within action; that affiant's place of employment and business address is Library and Courts Building, Sacramento 14, California;

That on the 3rd day of April, 19 58, affiant enclosed a true copy of the within

   OPPOSITION TO UNITED STATES' MOTION FOR LEAVE
   TO FILE COMPLAINT AND SUPPLEMENTARY AND AMEN-
   DATORY COMPLAINT

in an envelope for each of the persons named below, addressed to each of them at the address set out immediately below each respective name, sealed said envelope, and deposited the same in the United States Mail at the City of Sacramento, County of Sacramento, State of California, with postage thereon fully prepaid; that there is delivery service by United States Mail at each of the places so addressed, or there is regular communication by mail between the said place of mailing and each of the places so addressed:

   Mr. William H. Veeder
   Special Assistant to the Attorney General
   Department of Justice
   Washington, D. C.

   Mr. William H. Veeder
   Special Assistant to the Attorney General
   c/o Office of Ground Water Resources
   Camp Pendleton, California

   Mr. William E. Burby
   Attorney at Law
   12120 Travis Street
   Los Angeles 49, California

            *Charlotte L. Morgan*

Subscribed and sworn to before me,
this 3rd day of April, 19 58
   *Inez Williams*
Notary Public, in and for the County
of Sacramento, State of California.

2938