```
      SWING, SCHARNIKOW & STANIFORTH
              ATTORNEYS AT LAW
      604 SAN DIEGO TRUST & SAVINGS BUILDING
           SAN DIEGO 1, CALIFORNIA
                BELMONT 9-1131

      SACHSE & PRICE

      Fallbrook, California
```




Attorneys for Defendant FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff<br>vs<br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service Corporation of<br>the State of California, ET AL.,<br>            Defendants. | NO. 1247-SD-C<br><br>OBJECTIONS OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT TO PLAINTIFF'S MOTION FOR LEAVE TO FILE COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT. |

Comes now Defendant FALLBROOK PUBLIC UTILITY DISTRICT and respectfully presents its objections to the granting leave to Plaintiff to file its proffered Complaint and Supplementary and Amendatory Complaint, specifying the following grounds:

1. Plaintiff's Motion for leave to amend as requested has taken this Defendant by surprise by injecting into this case at this late day and on the eve of the trial new and independent causes of action.

2. To grant the leave Plaintiff requests would be prejudicial to this, and many other defendants, in this that it would:

(a) Introduce new and independent issues which would necessitate this Defendant employing a special staff to make extensive and expensive field surveys and studies in order to file its Answer and prepare for trial.

2948

   (b) Delay trial and final adjudication of this case.

   (c) Prolong the trial and greatly increase the expense thereof to this defendant.

  3. The making of the motion and application for leave to amend has been delayed by Plaintiff an unreasonable length of time, to wit: for more than seven (7) years since the original complaint was filed here January 25, 1951, and two (2) years after the Ninth Circuit Court of Appeals remanded the case for retrial, without reasonable explanation, justification or excuse.

  4. To grant the leave Plaintiff requests would delay the completion of the trial and the final determination of the issues involved, an unreasonable length of time extending this time for a number of years.

  5. For the foregoing reasons, to grant the leave Plaintiff requests would not promote the ends of justice but on the contrary would obstruct justice.

  6. To grant Plaintiff the leave to amend as requested would result in the Government attorneys in this proceeding representing adverse and conflicting interests, to wit: The Navy's claim for virtually all of the waters of the Santa Margarita River for military purposes at Camp Pendleton and the claim of the Indians on three Indian Reservations for the maximum amount of water for use on the maximum amount of the Indians' arable land.

  7. As a further and separate objection, we point out that: Attached to the proposed Amended Complaint is Exhibit "E" setting forth the description of those tracts and parcels of land comprising the Cleveland and San Bernardino National Forests which are located within the watershed of the Santa Margarita River. The proposed Amended Complaint also alleges (Count No. XVIII, Par. XI) that the United States Forest Service has a substantial number of land tenants or special use permittees, listed in Exhibit "F" each one of whom holds and enjoys permits or licenses from the State of

-2-

California "to use waters rising upon the Cleveland National Forest and the San Bernardino National Forest. That list marked Exhibit "F" is by reference made a part of this supplementary and amendatory complaint. <u>Title to these rights to the use of water being thus permissively used resides in the United States of America and it seeks to have its title to those rights quieted in this cause</u>". (Emphasis added). On the face of the pleading the position of the Department of Justice is at variance with and contrary to the position, the policies and long time established practices of the United States Forest Service. There is nowhere any allegation that the Secretary of the Department of Agriculture has requested the Justice Department to have the water rights of its said Forest lands put into this litigation for determination by this action. The absence of such allegation raises =the strong presumption that such request was not made.

  8. As a further and separate objection, we point out that: Attached to the proposed Amended Complaint is Exhibit "G" setting forth the description of a large number of tracts and parcels of land within the watershed of the Santa Margarita River which lands the pleading alleges (Count No. XIX, Par.II) "are administered by the Bureau of Land Management of the Department of the Interior". The proposed Amended Complaint also attaches to it Exhibit "H" showing a list of licenses from the State of California "who have been permitted to use water arising upon lands referred to in this Count". The pleading then alleges in Paragraph V: "Any of those rights to the use of water upon lands withdrawn from entry and initiated subsequent to that withdrawal are being permissively used <u>and title to those rights resides in the United States of America and it seeks to have its title to those rights quieted in this cause</u>". (Emphasis added). On the face of the pleading the position of the Department of Justice is at variance with and contrary to the position, the

policies and long established practices of the Interior Department. There is nowhere any allegation that the Secretary of the Department of the Interior has requested the Justice Department to have the water rights of its said land put into this litigation for determination by this action. The absence of such allegation raises the strong presumption that such request was not made.

                        Respectfully Submitted

                        SACHSE AND PRICE
                          and
                        SWING, SCHARNIKOW & STANIFORTH
                        By_____
                             Phil D. Swing

Attorneys for Defendant -
FALLBROOK PUBLIC UTILITY DISTRICT

## POINTS AND AUTHORITIES

We submit the following Points and Authorities in support of the above and foregoing Objections to the granting of Plaintiff's Motion for leave to amend:

Admittedly the Motion and the Objections thereto are directed to the sound discretion of the Court, and his decision granting or refusing the Motion will generally be upheld. Each case has to be weighed and determined on the facts and circumstances applicable to that particular case. The trend of the decisions is to grant leave to amend with liberality in aid of justice and to avoid technicalities. But that does not mean that the Plaintiff has a right, as a matter of course, to amend after the Defendants have responded to the original Complaint by filing their answers thereto. The fact that a motion must be filed and the Court's permission obtained clearly proves that there are restrictions and limitations on the right to amend. And the Court has the right, and the duty, to examine and explore all the facts and circumstances surrounding the case at the time the motion to amend is made and to grant it only if, in his opinion, it would be "in aid of justice".

The general elements to be taken into consideration by the Court on such a motion as this are set out in that standard text book, Barron and Holtzoff, Federal Practice and Procedure I, at page 872, Section 442, where Rule 15 is discussed. The authorities there say:

> " Under this rule leave to amend pleadings should be granted freely when justice so requires and the adverse party will not be prejudiced thereby, to clarify the issues and expedite the disposition of litigation. Liberality of amendment is particularly appropriate in behalf of a litigant proceeding in forma pauperis.

-5-

2952

> "The liberal policy prescribed by this rule, however, does not permit the absence of all restraint in allowing amendments, and is subject to the exercise of reasonable diligence by the party seeking to amend."

Another good statement is found in Encyclopedia of Federal Procedure, Volume 6, page 123, Sec. 18.05, as follows:

> "     It has been said that the sole controlling test as to whether an amendment of course should be allowed should be whether the ends of justice will be promoted by the amendment. Looking at the matter from another direction equally important, the important question in determining whether amendments should be allowed is whether allowance would work any injustice upon any of the parties."

The language of the foregoing text books is amply supported by numerous well reasoned court decisions, some of which we will now quote for the Court's information:

In <u>Friedman vs TransAmerica Corp.</u> 5 F RD 115, 116, District Judge Leahy said:

> "     Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires'. The word 'freely' was used with deliberate intention to obviate technical restrictions on amendments. Moore Fed.Practice, page 806. But this does not mean that leave to amend is to be granted without limit; otherwise the right to amend would be absolute and not rest in the discretion of the court. The interest of both parties should be considered when an application to amend is made. Opportunity should be given to the plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there will be an end to a par-

    " ticular litigation. - - - - - - Failure on the part of the party seeking an amendment to show his delay in tendering the amendment was due to excusable oversight will support a refusal to allow the amendment. <u>Frank Allen Electric Co. vs. Westinghouse Elect. Mfg. Co.</u> 146 Fed 2nd, 165. In short the matter of giving leave to amend is one in the sound discretion in this nisi prius court. I agree with Judge Rifkind that 'Rule 15 prescribes a liberal policy in granting leave to amend'. But 'a liberal policy does not mean the absence of all restriction. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted'. Here, I believe we have such an instance. This is plaintiff's fourth attempt to state his cause of action and the 3rd request to amend, more than 16 months after the complaint was filed. The subject matter of the amendment was known four months ago. - - - - -.

    Move over the present motion to amend was not filed until after the date was fixed for argument on defendant's motion to dismiss the complaint and after briefs had been exchanged and filed. The motion to amend falls in the category in those instances where such leave should be denied. "

<u>In Rupe vs. Associated Electric Co.</u>, 6 F R D 309, 310, the District Judge said:

    " Rule 15(a) provides that leave of court to file an amendment to pleadings 'shall be freely given when justice so requires'. This court has held that the rule does not mean that amendments will be allowed regardless of diligence of a party. One important

-7-

2954

"factor in the allowance to amend its pleadings is the prejudices or lack of prejudice to the opposite party. An amendment will not be allowed when its proposal has not been reasonably diligent and rights of the opposite party will not be unduly prejudiced or the trial of the issues unduly delayed."

In Schick vs. Finch, 8 F R D 639, 640, District Judge Rifkind of the U. S. Southern District of New York, said at page 640:

" Rule 15 prescribes a liberal policy in granting leave to amend. But a liberal policy does not mean the absence of all restriction. Were that the intention, leave of court would not be required. The requirement of judicial approval suggests that there are instances where leave should not be granted. The instant case, I believe, falls into such a category. It was made on the very eve of the trial. It proposes to change allegations which go to the end of the issue without assigning any adequate cause for the modification. It is concerned with matters which if true, must have been within defendants knowledge when the controversy arose."

In Redmond vs. O'Sullivan Rubber Co., 10 F RD 536, 538, it is said:

" The defendant has also asked leave to file an amended answer to which counsel to the plaintiff objected. The amended answer which has been proffered sets up defenses not raised in the original answer and particularly the defense that any default in connection with its contract with the plaintiff had been due to regulations and restrictions adopted by the United States Government governing the use of materials and products involved in carrying out the contract between the plaintiff and the defendant. This defense is entirely

1     " new in that it was in no way mentioned or suggested
2     in the original answer.  No reason appears why it
3     could not have been advanced in the original answer
4     for it is admitted that the regulations and restric-
5     tions of the United States Government have been effec-
6     tive since the date of the contract and have continued
7     to be effective since the date of the cancellation of
8     the contract by the defendant" - - - - - - -. -- - - -
9     - - - - - - -- - - Even if there were additional matters
10    which it wished to submit as a defense, abundant time
11    has occurred since last September to have assembled
12    this without waiting until about 6 days before the trial
13    to tender an amended answer which if permitted, would
14    necessarily result in further continuance of the case."
15    In Perrera vs. Smolowitz, 11 F R D 377, 378, it is said:
16           "       This is defendant's motion for leave to inter-
17    pose an additional defense in a case involving property
18    damage caused by a collision of two motor vehicles.- - -
19    - - - -Some two years and four months later Defendants
20    make this motion based upon the affidavit of one of the
21    firm of their attorneys for leave to add to their answer
22    of nearly three years ago a fourth defense setting up the
23    suit in New Jersey and the judgment entered in that action
24    as a bar to this suit. - - - - - -The defendant's delay
25    in making this motion requires that it be denied. "
26    Boo vs. Dixon, 43 Fed. Supp. 214, 215.  This case was filed in
27    this court February 17, 1941 and it was set for trial during April
28    1941.  It was passed from the setting on the joint application of
29    the parties.  It was again set for trial in November, 1941 and was
30    reached for trial November 18, 1941.  On that day after the jury
31    was impaneled and sworn, for the first time plaintiff's counsel
32    indicated the belief that the complaint stated a cause of action

not only for ex delicto but was ex contractu. Plaintiff's counsel asked leave to include in his opening statement reference to his ex contractu cause of action. Counsel for defendant objecting, the objection was sustained. Counsel for plaintiff then asked leave to amend his petition so as to state a cause of action ex contractu as well as ex delicto. Counsel for defendant objecting to the leave to amend, leave was denied.

  District Judge Otis there said:

  " It is apparent from a consideration of plaintiff's complaint that no cause of action ex contractu is therein stated or attempted to be stated, that I do not enlarge upon the denial of leave to amend. The only cause of action stated is for negligence. The only damages alleged and claimed are specifically said to be due to the negligence of defendant.

  Liberality in permitting amendments to complaints certainly is not to be stretched to the point of allowing an addition of a wholly different cause of action to a complaint after a jury has been impaneled and sworn and the opposite party objecting to the amendment."

In <u>Walter vs. Paramount Publix Corp.</u>, 135 Fed Supp.228,229, the Distrift Judge there said:

  "    The present motion seeks leave to serve an amended complaint to plead an oral assignment by Tivoli Theater Inc., of its claim to the individuals constituting its former stockholders allegedly made eighteen years ago, either contemporaneously with, or prior to Tivoli's dissolution. It was made on the eve of trial after this action had been pending four years. The motion is clearly born of the exigency created by the dismissal of the Tivoli Theater claim. The claimed

> " parole assignment for undertaking by statements made and positions taken by the individual plaintiffs and their attorneys in prior affidavits or depositions in this action. - - - - - - - This court has always liberally applied the mandate of Rule 15(a) of Fed. Rules of Civil Procedure 28 U S C A that leave to amend 'shall be freely given when justice so requires'; but to allow this amendment which flies in the face of prior position of sworn statements of the individuals who now seek leave to amend, would not promote the interests of justice but on the contrary it would serve to encourage endless litigation. The present belated claim of an intended oral assignment, if allowed, would also permit individual plaintiffs, the stockholders, to use the corporation at will both as a sword and a shield. In the exercise of discretion the motion is denied."

<u>Wallace vs. Knapp Monarch Co.</u>, 234, Fed 2nd, 853 (8th Circuit 1956) At the trial the plaintiff orally requested permission to join a local defendant, which request was made at the same time the defendant made its motion for judgment and before any ruling had been obtained thereon. By granting the motion to add a local defendant, the court would have lost jurisdiction as there then would have been no adversity of citizenship. At page 860, the Court of Appeals said:

> "     An unqualified right to join resident defendants would likewise subject defendant's right of removal to the same vagaries. It was discretionary in the trial court to grant or deny the request. We do not consider it an abuse of discretion for the trial court to refuse to allow joiner which would oust the court's jurisdiction where plaintiff originally permitted the case to

"go to trial and only when the outcome loomed as unfavorable moved to join the resident defendant. The important aspect which distinguishes this case from those relied on by appellant is that here the leave to amend was denied, while in the cases cited it was granted. There is no inherent right of plaintiff to have leave to amend where the ends of justice would not be aided. Rule 15 b Fed Rules Civil Procedure 28 U S C A. Here the case had been tried by a jury with a resultant disagreement and the court had before it defendant's motion for judgment in accordance with its motion for a directed verdict. To have allowed an amendment at this late date, would have caused the court to lose jurisdiction, would have been a hindrance rather than an aid of justice. The court properly exercised its discretion in denying the motion to amend."

## THE FACTS AND CIRCUMSTANCES OF THIS CASE DO NOT JUSTIFY GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT.

The foregoing decisions and rulings are applicable to the pending motion, we believe because of the facts and circumstances of record in the present action of which this court takes judicial notice.

The original complaint was filed by plaintiff in the court January 25, 1951, "at the request of the Secretary of the Department of the Navy". More than 3000 defendants were named in the action which was brought to quiet the title of the United States to the waters of the Santa Margarita River, a non-navigable stream, and its tributaries up to 35,000 acre-feet of water per annum, said to be required to meet the needs of Camp Joseph H. Pendleton, United States Naval Ammunition Depot and the United States Naval Hospital located upon Rancho Santa Margarita purchased by the United States in the years 1941-1942 and 1943. Most of the defendants when served filed answers joining issues on Plaintiff's complaint.

The State of California intervened and its Attorney General entered into a stipulation with the United States Attorney General providing, among other things, that "the rights of the United States to the use of water herein are to be measured in accordance with the laws of the State of California". Thereafter the Plaintiff's attorneys selected Defendants Fallbrook Public Utility District, The State of California and Santa Margarita Mutual Water Company for trial, separate from those of the remaining 3000 defendants. After some preliminary skirmishes actual trial began in the District Court at Los Angeles against the State of California and Santa Margarita Mutual Water Company on October 29, 1952 and continued thereafter until November 25, 1952, during which

-13-

2960

month plaintiff called ten witnesses and presented a comprehensive case in support of the allegations in its complaint.

Thereafter judgment was entered in favor of the Plaintiff February 24, 1953, from which an appeal was taken to the 9th Circuit Court of Appeals July 24, 1953. After numerous printed briefs and reply briefs, including opening and closing brief by Fallbrook Public Utility District as Amicus Curiae, and oral argument the Appellate Court on March 30, 1956, reversed the judgment and remanded the case for retrial. Thereafter no effort was made by Plaintiff to amend its complaint until the present time, two years after the case had been remanded for retrial. There is no showing of any reason or excuse for this long delay.

Since the case was remanded Pretrial orders have been signed and many preliminary details have been worked out based upon the allegations of the original complaint, including the appointment of a Special Master, and June 15 set for bringing the case back before this Court.

As to the failure of the Plaintiff's attorneys to allege that they have been requested by the Secretary of the Department of Agriculture and the Secretary of the Interior to submit their respective claims to the waters of the Santa Margarita River to this Court for decision in this action, we must assume that these attorneys considered that the decision by the Court of Appeals for the Ninth Circuit in the case of <u>People of the State of California vs. United States, 235 Fed.2nd 647,</u> as they construed it, was all the authority they needed. However, we feel that the Department of Justice in filing its amended complaint is under the obligation to allege that it has done so at the request of the Secretary of the Department of Agriculture and the Secretary of the Interior Department just as it did when it filed its original wherein it alleged that it did so "at the request of the Secretary of the Department of the Navy". This, we believe, it cannot do

-14-

in the Supplementary and Amendatory Complaint since the Department of Agriculture, acting through its National Forest Service has long followed a different policy and practice as shown by the repeated applications to the State of California for appropriations and the receiving, retaining, using and enjoying State permits and licenses for the Cleveland National Forest as follows:

" STATE OF CALIFORNIA - STATE WATER RIGHTS BOARD MEMORANDUM CONCERNING APPLICATIONS TO APPROPRIATE. Cleveland National Forest - Applications by U. S. - Cleveland National Forest.

Date 12/28/57

| Applic. No. | Date Filed | Name of Applicant | Source |
|---|---|---|---|
| 5226 | 10/1/26 | U.S. - Cleveland Nat.For. | Sieferts Spring |
| 7038 | 8/15/31 | " " " " | Vallecitos Spring #2 |
| 8181 | 11/28/34 | " " " " | Guyapaipe Creek |
| 9043 | 7/21/37 | " " " " | Vallecitos Springs Nos 1&2 |
| 13385 | 10/5/49 | " " " " | Guyapaipe Creek |
| 16523 | 8/12/55 | " " " " | An unnamed spring |

Extended:

| (Applic. No.) | Location of Point of Diversion | | | | | | Amount | Purpose | Status |
|---|---|---|---|---|---|---|---|---|---|
| | 1/4 | 1/4 | Sec. | Twp | Range | MDN | Sec.Ft. | | |
| 5226 | SW | SE | 33 | 6S | 6E | SB | 1950 gpd | Domestic | Lic. |
| 7037 | SW | SE | 34 | 14S | 5E | SB | 0.061 Acf | Domestic | Lic. |
| 8181 | NW | NE | 24 | 15S | 5E | SB | 6000 gpd | Rec. | Lic |
| 9043 | SW | SE | 34 | 14S | 5E | SB | 0.133 Acf | Domestic | Per. |
| 13385 | NW | NE | 24 | 15S | 5E | SB | 14500 gpd | Domestic &fire Protection | Lic. |
| 16523 | SW | NE | SW | 6S | 6W | SB | 5000 gpd | Domestic & fire protection | Per. |

Also we do not believe the Interior Department approved or authorized this Amended Complaint so far as the water rights for

its lands are concerned. Mr. Elmer Bennett, Solicitor for the United States Department of the Interior addressed the Irrigation Districts Association of California at Long Beach, December 12, 1957[1] in which he discussed State water rights, and ended his remarks with the following forceful statement which is strikingly at variance from the theories here advanced by the attorneys for the Department of Justice in the pending motion:

> "In conclusion, had the so-called reservation theory existed and been enforced in 1849, or would have been a barrier in some respects as formidable as the mountains, the deserts, the distance, and the other privations which were overcome by your stalwart predecessors. Who would have dared to risk his life, limb and means in developing our great West if he had dreamed that the Federal Government could later pre-empt water supplies whenever it chose to do so?  Had such a theory of reservation prevailed then, the West probably would have remained Indian country -- a living museum representing human existence in the communal primitivity of the Stone Age.
> Perhaps even now, there are those, whose short-sighted preoccupation with the Federal Government and indifference to the legal necessities of future investment and development, will put an end to the growth which local initiative has achieved all over the West/ That would be a sad day indeed for America. "

---

[1] Minutes of Semi-Annual Convention Irrigation Districts Association of California, Long Beach, December 12, 1957.

-16-

We believe the foregoing dramatic words of the Solicitor of the Interior Department give a sound reason why the position taken by the Department of Justice in its Amended Complaint is not in the public interest nor in the interest of justice, and why Leave to file should be denied.

Respectfully Submitted,

SACHSE & PRICE
SWING, SCHARNIKOW & STANIFORTH
BY _____
Attorneys for Defendant Fallbrook Public Utility District

Received Service    7 Apr 1958
William N Keeler

-17-