ORIGINAL

1  EDMUND G. BROWN, Attorney General
   of the State of California
2  ADOLPHUS MOSKOVITZ, Deputy Attorney
   General
3  Library and Courts Building
   Sacramento 14, California
4  Telephone:  HIckory 5-4711, Ext. 4574

5  Attorneys for Defendants in
   Intervention

6

7

8

**F I L E D**

APR 24 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By *William M. Riddle*
                    DEPUTY CLERK

9          IN THE UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12

13  UNITED STATES OF AMERICA,           ) No. 1247-SD-C

14                    Plaintiff,        )

15        v.                            )  ANSWER OF DEFENDANT
                                        )  IN INTERVENTION, THE
16  FALLBROOK PUBLIC UTILITY DISTRICT,  )  STATE OF CALIFORNIA,
    a public service corporation of the )  TO COMPLAINT AND SUP-
17  State of California; et al.,        )  PLEMENTARY AND AMEN-
                                        )  DATORY COMPLAINT AS
18                    Defendants,       )  ORDERED FILED APRIL
                                        )  8, 1958.
19  PEOPLE OF THE STATE OF CALIFORNIA,  )

20                    Defendants in     )
                      Intervention      )
21                                      )

22

23                  FIRST DEFENSE

24      A.  In answer to the portions of the complaint of the

25  United States originally filed (Paragraphs I through IX),

26  the State of California alleges as follows:

27                        I

28      The State admits the allegations of Paragraph I but

29  denies on information and belief that any defendants in this

30  action are unlawfully interfering with the rights of the

31  plaintiff.

INDEXED

II

The State admits the allegations on page 2, lines 1-8 and page 2, line 23-page 3, line 18 of Paragraph II.  The State denies for lack of information on which to base an opinion the allegations on page 2, lines 9-22, and page 3, lines 19-23, of Paragraph II.

III

The State denies the allegations of Paragraph III and alleges that the plaintiff has only that jurisdiction ceded under the laws of the State of California.

IV

The State denies the allegations of Paragraph IV.

V

In answer to Paragraph V the State admits that the stipulated judgment marked Exhibit A and attached to the complaint was entered but denies all other allegations of said paragraph and alleges that said stipulated judgment is not binding on any of the parties to this action except the plaintiff and the Vail Company.

VI

The State admits the allegations of Paragraph VI.

VII

The State denies the allegations of Paragraph VII, page 6, lines 1-9 for lack of sufficient information on which to base an opinion.  The State denies the remaining allegations of Paragraph VII, page 6, lines 10-15.

VIII

The State denies for lack of sufficient information on which to base an opinion the allegations of Paragraph VIII, Page 6, lines 16-24.  The State denies the allegations of Paragraph VIII to the effect that the plaintiff has a para-

9910

-2-

1  mount right to 35,000 acre-feet of water annually and alleges

2  that it has only those rights it acquired as successor to the

3  Rancho Santa Margarita.  The State admits that the surface

4  stream of the Santa Margarita River and the subterranean

5  basin within the boundaries of Camp Pendleton, the Naval

6  Ammunition Depot and the Naval Hospital constitute a single

7  source of supply of water.  The State denies for lack of suf-

8  ficient information upon which to base an opinion the alle-

9  gations on page 7, lines 2-10.

10                          IX

11      The State denies the allegations of Paragraph IX.

12

13      B.  In reply to the supplementary and amendatory portions

14  of the complaint the State alleges as follows:

15                      COUNT NO. I

16      The State incorporates by reference the responses made

17  hereinabove to the allegations of the original complaint.

18                      COUNT NO. II

19                          I

20      The State incorporates by reference the responses made

21  hereinabove to the allegations referred to in Paragraph I of

22  Count No. II of the plaintiff's supplement to complaint.

23                          II

24      The State denies the allegations of Paragraph II of Count

25  No. II for lack of sufficient information on which to base an

26  opinion.

27                         III

28      The State denies the allegations of Paragraph III of

29  Count No. II.

30                      COUNT NO. III

31

-3-

9911

## I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. III of the plaintiff's supplement to complaint.

## II

In response to Paragraphs II, III and IV of Count No. III the State alleges that the effect of an application to appropriate water filed with the California State Water Rights Board or its statutory predecessor and of any amendments to any such application is a matter within the jurisdiction of the California State Water Rights Board and is not properly within the jurisdiction of this court, and therefore is not in issue in this case. The State alleges also that anyone questioning the effect of an application or an application amendment must exhaust the administrative remedies before the California State Water Rights Board which are available and then, if judicial review is desired, pursue the remedies therefor which are provided by California law.

## III

The State denies for lack of sufficient information on which to base an opinion the allegations of Paragraph V of Count No. III.

## COUNT NO. IV

## I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. IV of the plaintiff's supplement to complaint.

## II

The State denies the allegations of Paragraph II of Count No. IV for lack of sufficient information on which to base an opinion.

-4-

9912

### III

The State denies the allegations of Paragraph III of Count No. IV for lack of sufficient information on which to base an opinion.

### IV

The State denies the allegations of Paragraph IV of Count No. IV for lack of sufficient information on which to base an opinion.

### V

In response to Paragraph V of Count No. IV the State denies the allegations thereof and alleges that the questions whether the applications therein referred to have been abandoned and what their priority date may be are within the jurisdiction of the California State Water Rights Board subject to judicial review as provided by California law, and are not within the jurisdiction of this court. The State alleges further that on April 10, 1958, the California State Water Rights Board rendered Decision No. D897 ordering that Applications Nos. 12178 and 12179 of the Fallbrook Public Utility District be approved in part subject to vested rights and to terms and conditions stated therein.

### COUNT NO. V

### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. V of the plaintiff's supplement to complaint.

### II

The State denies the allegations of Paragraph V of Count No. V for lack of sufficient information on which to base an opinion.

### III

The State denies the allegations of Paragraph III of

-5-

9913

1  Count No. V for lack of sufficient information on which to
2  base an opinion.

                            IV

4      The State denies the allegations of Paragraph IV of
5  Count No. V for lack of sufficient information on which to
6  base an opinion, except that the State admits that the Fall-
7  brook Public Utility District on October 11, 1956, filed Ap-
8  plication No. 11586 with the State Engineer of the State of
9  California to appropriate 2½ cubic feet per second of water
10  from the Santa Margarita River.

                            V

12     The State denies the allegations of Paragraph V of
13  Count No. V for lack of sufficient information on which to
14  base an opinion.

                            VI

16     The State admits the allegations of Paragraph VI of
17  Count No. V.

                            VII

19     The State denies the allegations of Paragraph VII of
20  Count No. V and alleges that the California State Water Rights
21  Board has acted within its lawful discretion in issuing li-
22  cense No. 4906 to the Fallbrook Public Utility District.  The
23  State alleges also that said license to appropriate was sub-
24  ject to all prior vested rights, and thus that the action of
25  the California State Water Rights Board in issuing said li-
26  cense had no effect whatsoever upon whatever vested rights to
27  the use of water are possessed by the United States.

                       COUNT NO. VI

                            I

30     The State incorporates by reference the responses made
31  hereinabove to the allegations referred to in Paragraph I of

                           -6-

Count No. VI of the plaintiff's supplement to complaint.

II

In response to Paragraphs II, III, IV and V of Count No. VI, the State denies the allegations of these paragraphs and alleges that questions as to the effect and priority of the applications referred to of the Santa Margarita Mutual Water Company are within the sole jurisdiction of the California State Water Rights Board subject to judicial review as provided by California law.  The State alleges that on April 10, 1958, the California State Water Rights Board issued Decision No. D897 in which Application No. 12152 of the Santa Margarita Mutual Water Company was denied, and that on the same day the California State Water Rights Board issued Decision No. D896 in which Application No. 11578 of the Santa Margarita Mutual Water Company was denied.

COUNT NO. VII

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. VII of the plaintiff's supplement to complaint.

II

In response to Paragraphs II and III of Count No. VII, the State denies the allegations thereof and alleges that the questions of the current validity of the applications or permits of the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company to appropriate water and whether they have been prosecuted with due diligence are within the sole jurisdiction of the California State Water Rights Board subject to judicial review as provided by California law.

COUNT NO. VIII

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. VIII of the plaintiff's supplement to complaint.

-7-

9915

## II

In response to Paragraphs II, III and IV of Count No. VIII, the State denies the allegations thereof for lack of sufficient information on which to base an opinion.

### COUNT NO. IX

#### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. IX of the plaintiff's supplement to complaint.

#### II

In response to Paragraphs II, III and IV of Count No. IX, the State denies the allegations thereof for lack of sufficient information on which to base an opinion.

### COUNT NO. X

#### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. X of the plaintiff's supplement to complaint.

#### II

The State admits the allegations of Paragraph II of Count No. X and alleges further that said hearing on August 12-14, 1957, of the California State Water Rights Board also included, pursuant to notice duly served upon the United States Navy as well as upon all other interested parties and persons, the matter whether a permit should be issued or other action should be taken with respect to United States Navy Department amended Application No. 12576.

#### III

In response to Paragraph III of Count No. X the State denies that the action of the State Water Rights Board in hearing evidence on and considering Applications Nos. 12178 and 12179 of the Fallbrook Public Utility District, Applications Nos. 11578 and 12152 of the Santa Margarita Mutual Water Company and Application No. 12576 of the United States Navy

-8-

Department at the hearing on August 12-14, 1957, in any way violated or invaded this court's jurisdiction in the present case. The State alleges further that after taking said matters under submission after the hearing thereon the California State Water Rights Board on April 10, 1958, rendered decisions on each of the matters, as follows:

(1)  Decision No. D 896, denying Application No. 11578 of the Santa Margarita Mutual Water Company;

(2)  Decision No. D 897, denying Application No. 12152 of the Santa Margarita Mutual Water Company and granting in part Applications Nos. 12178 and 12179 of the Fallbrook Public Utility District; and

(3)  An order rejecting Application No. 12576 of the United States Navy Department.

### IV

In response to Paragraph IV of Count No. X the State admits that the California State Water Rights Board must make a factual finding, as a prerequisite to granting a permit to appropriate water, that there is or may be unappropriated water available for appropriation, but the State denies that in so doing there is placed in issue as a judicial question the extent, character and nature of vested rights to use water.

### V

The State denies the allegations of Paragraph V of Count No. X and alleges that the California State Water Rights Board by the hearing of August 12-14, 1957, and by the decisions issued thereafter, as set forth above, acted within its administrative jurisdiction and neither invaded the jurisdiction of this court nor clouded the title of the United States.

### COUNT NO. XI

### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of

-9-

9917

1  Count No. XI of the plaintiff's supplement to complaint.

2                      II

3     The State denies the allegations of Paragraph II of Count

4  No. XI for lack of sufficient information on which to base an

5  opinion.

6               COUNT NO. XII

7                    I

8     The State incorporates by reference the responses made

9  hereinabove to the allegations referred to in Paragraph I of

10  Count No. XII of the plaintiff's supplement to complaint.

11                 II

12     The State denies the allegations of Paragraphs II, III,

13  IV and V of Count No. XII for lack of sufficient information

14  on which to base an opinion.

15                 III

16     In response to Paragraph VI of Count No. XII, the State

17  admits that insofar as the records of the California State

18  Water Rights Board are concerned the owner and operator of the

19  Sawday Diversion  has made no application for a permit to ap-

20  propriate water from the Santa Margarita River, but the State

21  denies for lack of sufficient information on which to base an

22  opinion the remaining allegations of said paragraph.

23                IV

24    . The State denies for lack of sufficient information upon

25  which to base an opinion the allegations of Paragraphs VII,

26  VIII and IX of Count No. XII.

27            COUNT NO. XIII

28                  I

29     The State incorporates by reference the responses made

30  hereinabove to the allegations referred to in Paragraph I of

31  Count No. XIII of the plaintiff's supplement to complaint.

-10-

II

The State denies for lack of sufficient information upon which to base an opinion the allegations of Paragraphs II, III, IV and V of Count No. XIII.

III

In response to the allegations of Paragraph VI of Count XIII, the State denies that it has admitted that all of the lands owned by the United States of America referred to in this Count are riparian in character.  The State alleges that it does not have sufficient information on which to base an opinion concerning which of the lands, if any, owned by the United States referred to in Count No. XIII are riparian.  The State alleges further that to the extent that such lands are riparian the United States would have a riparian right to participate correlatively in the available supply of water the same as any other owner of riparian land in California, except to the extent that the United States by Congressional legislation may have subordinated its riparian rights to others who perfect rights under State law.

COUNT NO. XIV

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XIV of the plaintiff's supplement to complaint.

II

The State admits that the excerpt from the decision of the Ninth Circuit Court of Appeals in the case of <u>California v. United States</u> quoted in Paragraph II of Count No. XIV is an accurate quotation from the opinion.

COUNT NO. XV

I

The State incorporates by reference the responses made

-11-

9919

1 hereinabove to the allegations referred to in Paragraph I of
2 Count No. XV of the plaintiff's supplement to complaint.

3                                  II

4       The State denies the allegations of Paragraph II of Count
5 No. XV for lack of sufficient information upon which to base an
6 opinion and by reason of the vagueness of the allegations.

7                                 III

8       The State admits the allegations of Paragraph III of Count
9 No. XV.

10                                 IV

11      The State denies the allegations of Paragraphs IV, V and
12 VI of Count No. XV for lack of sufficient information upon which
13 to base an opinion.

14                            COUNT XVI

15                                 I

16      The State incorporates by reference the responses made here-
17 inabove to the allegations referred to in Paragraph I of Count
18 No. XVI of the plaintiff's supplement to complaint.

19                                 II

20      The State denies the allegations of Paragraph II of Count
21 XVI for lack of sufficient information upon which to base an
22 opinion and by reason of the vagueness of the allegations.

23                                III

24      The State denies the allegations of Paragraphs III, IV
25 and V of Count No. XVI for lack of sufficient information upon
26 which to base an opinion.

27                            COUNT XVII

28                                 I

29      The State incorporates by reference the responses made here-
30 inabove to the allegations referred to in Paragraph I of Count
31 No. XVII of the plaintiff's supplement to complaint.

                              - 12 -

                                        II

The State denies the allegations of Paragraph II of Count
No. XVII for lack of sufficient information upon which to base
an opinion.

                                        III

The State denies the allegations of Paragraph III of Count
No. XVII for lack of sufficient information upon which to base an
opinion and by reason of the vagueness of the allegations.

                                        IV

The State denies the allegations of Paragraphs IV, V and
VI of Count No. XVII for lack of sufficient information upon which
to base an opinion.

                              COUNT NO. XVIII

                                        I

The State incorporates by reference the responses made herein-
above to the allegations referred to in Paragraph I of Count
No. XVIII of the plaintiff's supplement to complaint.

                                        II

The State denies the allegations of Paragraph II of Count
No. XVIII for lack of sufficient information upon which to base
an opinion.

                                        III

The State admits the allegations of Paragraph III of Count
No. XVIII except that the State alleges that in lines 21 and 22
on page 29 the words "sixteen (16) miles" should be "fourteen (14)
miles".

                                        IV

The State admits the allegations of Paragraph IV of Count
No. XVIII.

                                        V

The State denies the allegations of Paragraphs V, VI, VII,

                                      -13-

9921

VIII, IX and X of Count No. XVIII for lack of sufficient information upon which to base an opinion.

### VI

The State denies the allegations in the first two sentences of Paragraph XI of Count No. XVIII for lack of sufficient information upon which to base an opinion. The State denies the allegations of the third sentence of Paragraph XI of Count No. XVIII and alleges that the owners of the rights to use water acquired pursuant to permits and licenses from the State of California are those persons to whom such permits and licenses were issued or their successors and assigns.

### COUNT NO. XIX

### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XIX of the plaintiff's supplement to complaint.

### II

The State denies the allegations of Paragraphs II, III and IV of Count No. XIX for lack of sufficient information upon which to base an opinion.

### III

The State denies the allegations of Paragraph V of Count No. XIX for lack of sufficient information upon which to base an opinion and by reason of the vagueness of the allegations.

### COUNT NO. XX

### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XX, of the plaintiff's supplement to complaint.

### II

The State denies the allegations of Paragraph II of

9922

1   Count No. XX for lack of sufficient information upon which to
2   base an opinion and by reason of the vagueness of the alle-
3   gations.

COUNT NO. XXI

I

6   The State incorporates by reference the responses made
7   hereinabove to the allegations referred to in Paragraph I
8   of Count No. XXI of the plaintiff's supplement to complaint.

II

10   The State denies the allegations of Paragraph II of Count
11   No. XXI and alleges that under the law of the State of Cali-
12   fornia, which is controlling with respect to rights to the
13   use of water claimed by the United States at Camp Pendleton,
14   the Naval Ammunition Depot and the United States Naval Hos-
15   pital, no prescriptive rights may be acquired by diversions
16   within said military reservations downstream from all other
17   claimants to rights to the use of water.

III

19   The State denies the allegations of Paragraph III of
20   Count No. XXI for lack of sufficient information upon which to
21   base an opinion and by reason of the vagueness of the alle-
22   gations thereof.

COUNT NO. XXII

I

25   In response to the unnumbered paragraph immediately under
26   Count No. XXII the State incorporates by reference its re-
27   sponses to the allegations referred to in said paragraph.

II

29   The State denies the allegations of Paragraph I of
30   Count No. XXII.

III

32   The State denies the allegations of Paragraph II of

9923

Count No. XXII and alleges that under the law of the State of
California, which is controlling as to water rights for the
military establishments herein involved, water may not be
demanded pursuant to riparian right for use outside the water-
shed of the Santa Margarita River.

IV

The State denies the allegations of sub-paragraph (a)
of Paragraph III of Count No. XXII for lack of sufficient in-
formation upon which to base an opinion.

V

The State denies the allegations of sub-paragraph (b)
of Paragraph III of Count No. XXII and alleges that under the
law of the State of California, which is controlling as to
water rights for the military establishments involved here,
an appropriative right to use water whether within or out-
side the watershed of the Santa Margarita River with an asser-
ted priority of 1937 must be based upon an application to
and a permit from the State to appropriate said waters in
order to be valid.

VI

The State denies the allegations of sub-paragraph (c) of
Paragraph III of Count No. XXII.  The State alleges that to
be valid an asserted appropriative right to use water outside
the watershed of the Santa Margarita River dating back to
1942 must be based upon an application to and a permit from
the State of California to appropriate said waters, and
alleges further that diversion and use by the lowermost
riparian owner on his riparian land of the natural flow of a
stream, which is permitted by upper riparians to flow to said
lower riparian, cannot be the source of an appropriative
right to use water on non-riparian land.

9924

COUNT NO. XXIII

I

The State incorporates by reference the responses made to the allegations referred to in Paragraph I of Count No. XXIII of the plaintiff's amendment to complaint.

II

The State denies the allegations of Paragraph II of Count No. XXIII for lack of sufficient information upon which to base an opinion, but admits that riparians have a right to share correlatively in the available natural supply of a stream without artificial storage.

III

The State denies the allegations of Paragraph III of Count No. XXIII for lack of sufficient information upon which to base an opinion, except that the State admits that a military use may be a proper riparian use.  The State alleges further that the allegation of the United States in said Paragraph III, that the United States is dependent upon its riparian rights to yield sufficient water to provide the difference between the quantity it alleges its non-riparian rights will yield and its maximum military demand, is immaterial to any issue in this case.

COUNT NO. XXIV

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIV of the plaintiff's amendment to complaint.

II

The State admits the allegations in lines 9-22 on page 37 of Paragraph II of Count No. XXIV, except that the State denies that the amendment of Application No. 12576 of the

1  United States Navy Department on December 13, 1948, was

2  based upon the recommendations of the State of California.

3  The State denies the allegations of the last sentence of

4  Paragraph II of Count No. XXIV (page 37, lines 22-26).  The

5  State alleges that Application 12576 of the United States

6  Navy Department was duly noticed to be heard before the

7  California State Water Rights Board on August 12, 1957, notice

8  being properly served upon the United States Navy Department;

9  that no evidence was presented at said hearing in behalf of

10  Application No. 12576, although a special appearance was made

11  by William Veeder, Special Assistant to the Attorney General

12  of the United States of America, requesting that further

13  action on all applications being heard at said hearing be with-

14  held until after final decision of this case; and that on

15  April 10, 1958, the California State Water Rights Board issued

16  an order rejecting Application No. 12576 of the United States

17  Navy Department.

COUNT NO. XXV

I

20  The State incorporates by reference the responses made

21  hereinabove to the allegations referred to in Paragraph I of

22  Count No. ~~II~~ XXV of the plaintiff's amendment to complaint.

II

24  The State denies the allegations on page 38, lines 6-14

25  of Paragraph II of Count No. XXV for lack of sufficient infor-

26  mation upon which to base an opinion.  The State denies the

27  allegations in the remainder of Paragraph II of Count No.

28  XXV (page 38, lines 15-24), and alleges that the State has

29  taken no action which invades or threatens to invade the

30  rights of the United States and has acted solely as authorized

31  by law in considering applications to appropriate unappropria-

1   ted water and in issuing permits and licenses therefor.

2                  SECOND DEFENSE

3      Intervenor alleges that the instant suit has been the

4   cause of widespread public concern throughout the State of

5   California; that the Legislature of the State of California

6   by resolution has requested the Governor and Attorney General

7   to intervene in this case (Exhibit A attached hereto); that

8   the United States has invited the intervention of the State

9   of California in this proceeding (Exhibit B attached hereto);

10   that the purpose of the intervener is to establish that the

11   United States acquired no greater rights to the waters of

12   the Santa Margarita River than would have a private successor

13   to the Rancho Santa Margarita and that the United States is

14   required to have its water rights ascertained in accordance

15   with the laws of the State of California.

16                 THIRD DEFENSE

17      Intervenor appears in the sovereign, governmental and

18   proprietary capacities of the State of California, in its

19   own interest and for the protection of its own rights; also

20   as parens patriae, in the interest of and for the protection

21   of all its citizens, residents, land owners and water users,

22   and to protect the integrity and proper application of its

23   Constitution and laws respecting water and the use thereof,

24   water rights, contracts, property and property rights; also,

25   as provided in Section 102 of the Water Code of California,

26   as the absolute owner of all water within the State, provided

27   that the right to use water may be acquired in any manner

28   recognized by the law of California, and as owner of the

29   right of reversion of any rights of use of such water which

30   may be forfeited or otherwise terminated for non-use or

31   otherwise; and alleges that it owns and holds and is entitled

S927

1  to the rights, powers and privileges in this defense set

2  out; Alleges further that the public interest and welfare

3  require that in the decree herein the Court define and de-

4  clare each and every proprietary water right involved herein

5  as against each and every other proprietary water right

6  herein involved.

7  <u>FOURTH DEFENSE</u>

8  I

9  The State of California is the owner of the following

10  described parcels of land which have been tax deeded to the

11  State of California by reason of the failure of the former

12  private owners thereof to pay local property taxes levied

13  thereon:

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| T. 6 S., R. 2 W., Sec. 13, the N½ of the SE¼ (excluding that portion of El Dorado Mining Claim) | Headwaters of tributary of Warm Springs Creek | 71 |
| T. 6 S., R. 2 W., Sec. 13, the SE¼ of the SE¼ of the NE¼ | Headwaters of tributary of Warm Springs Creek | 10 |
| T. 6 S., R. 1 W., Sec. 25, the NE¼ of the SE¼ | | 40 |
| T. 6 S., R. 1 W., Sec. 25, the SE¼ of the SW¼ | | 40 |
| T. 6 S., R. 1 E., Sec. 27, the SW¼ of the SW¼ | Tributary of Willow Canyon Cr. | 40 |
| T. 6 S., R. 1 W., Sec. 25, the SW¼ of the NW¼ of the SE¼ of the NW¼ | | 2.5 |
| T. 8 S., R. 3 W., Sec. 34, commencing at the NE corner of the W½ of the SE¼ of said section, thence South 660 feet, thence West 330 feet, thence North 660 feet, thence East 330 feet to the point of beginning | Unnamed tributary of Santa Margarita River | 5 |

9928

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| T. 8 S., R. 3 W., Sec. 36, the North 172 feet of the SW¼ of the SE¼ | | 5.2 |
| T. 8 S., R. 2 W., Sec. 31, the S½ of Lot 3 in the NW¼ of the SW¼ | | 25.13 |
| T. 9 S., R. 3 W., Sec. 19, the N½ of the NE¼ of the NW¼ of the NE¼ | | 5 |
| T. 9 S., R. 3 W., Sec. 19, the N½ of the NW¼ of the NW¼ of the NE¼ | | 5 |
| T. 9 S., R. 1 E., Sec. 1, the W½ of the SE¼ of the NW¼ of the NE¼ | | 2.5 |
| T. 9 S., R. 1 E., Sec. 3, the NE¼ of the NW¼ | Cottonwood Creek | 40 |
| T. 9 S., R. 2 E., Sec. 22, the SW¼ of the SW¼ | Temecula Creek | 40 |
| T. 9 S., R. 4 W., Sec. 24, beginning 867.2 feet West of the SE corner of the NE¼ of said section, thence N. 9° 51' W. to the intersection with easterly line of W. Fallbrook, thence South along easterly line of W. Fallbrook to the ¼ section line, thence East 148 feet to the point of beginning, excluding the N. 609.59 feet | | 0.09 |

## II

The State is the owner of additional lands, other than the tax deeded lands described in the preceding paragraph, which are described as follows:

| Description (All descriptions are San Bernardino Base and Meridian) | Streams to Which Riparian | Approximate Acres |
|---|---|---|
| T. 8 S., R. 3 W., Sec. 36, the NW¼ and the W½ of the NE¼ | Unnamed tributaries of Santa Margarita River | 240 |

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| Anza Fire Control Station: T. 7 S., R. 3 E., Sec. 16, a portion of the SW¼ of the SE¼. The point of beginning is a point 40 feet North along the ¼ section line between the SW¼ and the SE¼ of section 16 on the North boundary of County Road R/W and 30 feet S. 89° 33' E. along the North boundary of said County Road R/W. Thence North 242 feet, thence S. 89° 33' E. for a distance of 180 feet, thence South 242 feet, thence N. 89° 33' W. for a distance of 180 feet to the point of beginning. | | 1 |
| Temecula Fire Control Station: Lots 25, 26, 27, 28, 29, 30, 31 and 32 in Block 1 of the Town of Temecula in Book 15, Page 726, of Maps, San Diego County Records. | | .64 |

III

As owner of the lands described in Paragraphs I and II above, the State asserts a right with respect to each parcel to extract water located in the ground below such parcels of land and to divert water from both the surface and sub-surface of the stream to which each such parcel may be riparian, in such quantities as may be needed for any reasonable beneficial use of water which can be made upon or in connection with the use of such land.

IV

In addition to the rights asserted in the immediately preceding paragraph the State asserts (a) a right with a priority of 1949 to pump 300,000 gallons per year from the ground water underlying the Temecula Fire Control Station, as described in Paragraph II of this Fourth Defense, for temporary storage in a 5,000 gallon tank and use for domestic, irrigation and fire protection purposes on and in

connection with the activities of said Temecula Fire Con-
trol Station; (b) a right with a priority of 1949 to pump
300,000 gallons per year from the ground water underlying
the Anza Fire Control Station, as described in Paragraph II
of this Fourth Defense, for temporary storage in a 5,000
gallon tank and use for domestic, irrigation and fire-
protection purposes on and in connection with the activities
of said Anza Fire Control Station.

WHEREFORE, the people of the State of California pray:

1.  That the rights of all parties to the within-en-
titled action in and to the waters of the Santa Margarita
River stream system and the use thereof be adjudicated in
accordance with the laws of the State of California and that
the decree in this proceeding so recite;

2.  That the court decree to the State of California the
proprietary rights asserted in the Fourth Defense of this
answer;

3.  That the court grant to the parties such further
and additional relief as may be proper.

Dated:  April 23, 1958.

EDMUND G. BROWN, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy
  Attorney General

By  *Adolphus Moskovitz*
    Adolphus Moskovitz

Attorneys for Defendants
in Intervention.

-23-

9931

EXHIBIT "A"

to

ANSWER OF DEFENDANT IN INTERVENTION,
THE STATE OF CALIFORNIA, TO COMPLAINT
AND SUPPLEMENTARY AND AMENDATORY COM-
PLAINT AS ORDERED FILED APRIL 8, 1958.

California Statutes 1951--Resolution Chapter 190

Assembly concurrent Resolution No. 96 -- Relative to water rights to the Santa Margarita-Temecula River System.

Whereas, the United States has entered suit in a federal court in San Diego, California to establish the doctrine that it holds "paramount title as sovereign" to all water, surface and subsurface, in the Santa Margarita-Temecula River System; and

Whereas, the upholding of this doctrine would result in the destruction of the private rights of hundreds of farmers and small landholders of the Fallbrook area named as defendants in this suit who will have their farms destroyed and thus lose their homes and savings; now, therefore, be it

Resolved by the Assembly of the State of California, the Senate Thereof Concurring, That the Governor of the State of California and the Attorney General of the State of California are respectfully requested to take all needful and legal action promptly and vigorously to oppose the action of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System, to the court of last resort, if necessary; and be it further

Resolved, That the Chief Clerk of the Assembly is requested to transmit a copy of this resolution to the Governor and the Attorney General of this State.

9932

EXHIBIT "B"

to

ANSWER OF DEFENDANT IN INTERVENTION,
THE STATE OF CALIFORNIA, TO COMPLAINT
AND SUPPLEMENTARY AND AMENDATORY COM-
PLAINT AS ORDERED FILED APRIL 8, 1958.

Honorable Norris Poulson

House of Representatives, Washington, D.C.

Dear Mr. Congressman:

This will confirm my telephone conversation of this date relative to your letter of June 13, 1951, to Honorable Edmund G. Brown, Attorney General of California, relative to the case entitled United States vs. Fallbrook Public Utility District, et al., in the District Court of the United States for the Southern District of California, Southern Division. A copy of that letter was forwarded to me.

I note your statement in the final paragraph on the first page of your letter that the United States could stop a land-owner from pumping from his own well on his own property even though the pumping had existed for some fifty years. You state that you are sure this is not in accordance with Cali-fornia law. For your information, I think there has been some mistake, because what I said was that the United States would be authorized to enjoin any pumping that did in fact invade the rights of the United States. Under no circum-stances could the United States enjoin nor would it desire to enjoin any pumping by an owner who had a right superior to that of the United States. At no time did I intend to convey the impression that the United States would be entitled to enjoin a landowner from pumping water if that pumping did not invade the rights to the use of water in the Santa Margarita River which the United States had acquired from the Rancho Santa Margarita.

-1-

9933

It is observed in next to the final paragraph of your
letter that if this were a case in which the United States
was seeking an adjudication of the water of the Santa
Margarita River and asserting only the rights of a landowner
as such, there would be no objection to such procedure.
While it is impossible for the United States to occupy the
status of an individual, it is re-emphasized that the United
States is here seeking no greater rights than an individual
water user would be entitled to assert under the circum-
stances.  It must, of course, be recognized in this instance
that the United States is using this water for a military
purpose.  It is, however, claiming no greater rights than
those which it acquired.

To be noted in your letter is likewise the statement
that Mr. Veeder is going to San Diego for the purpose of
meeting with small landowners.  I wish to assure you through
many years of performing services of this character, Mr.
Veeder, in full conformity with the policy of this Depart-
ment, has always sought to protect the citizens to the end
that not only the rights of the United States but those of the
individual would be equally protected in litigation of this
character.

In closing I wish to state that this matter has been
discussed in full with Mr. Brown, Attorney General of the
State of California, and the United States has invited the
intervention of the State of California in this proceeding.
That step is taken with the idea in view of laying to rest
any concern that the United States in some way might seek in
this proceeding a greater right than that which it has
acquired.

With kind regards, sincerely,

A. DEVITT VANECH,
Assistant Attorney General

CC: Honorable Edmund G. Brown, Attorney General
of California, 600 State Building,
San Francisco, California.

CL-1

STATE OF CALIFORNIA ) ss.
COUNTY OF SACRAMENTO )

AFFIDAVIT OF SERVICE BY MAIL

_____CHARLOTTE L. MORGAN_____, being duly sworn, deposes and says:

That affiant is a citizen of the United States, over the age of 18

years, and not a party to the within action;  that affiant's place

of employment and business address is Library and Courts Building,

Sacramento 14, California;

That on the 23rd day of ____April____, 1958, affiant

enclosed a true copy of the within

> ANSWER OF DEFENDANT IN INTERVENTION, THE STATE OF CALIFORNIA,
> TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT AS
> ORDERED FILED APRIL 8, 1958.

in an envelope for each of the persons named below, addressed to each

of them at the address set out immediately below each respective name,

sealed said envelope, and deposited the same in the United States

Mail at the City of Sacramento, County of Sacramento, State of

California, with postage thereon fully prepaid;  that there is

delivery service by United States Mail at each of the places so

addressed, or there is regular communication by mail between the said

place of mailing and each of the places so addressed:

Mr. William H. Veeder
Special Assistant to the
  Attorney General
Department of Justice
Washington, D. C.

Mr. William E. Burby
Attorney at Law
12120 Travis Street
Los Angeles 49, California

Mr. John M. Cranston
Special Master
1410 Bank of America Bldg.
San Diego, California

Lt. David W. Miller, USN
Office of Ground Water
  Resources
Marine Corps Base
Camp Pendleton, California

Lt.Col. Allen C. Bowen
Office of Ground Water
  Resources
Marine Corps Base
Camp Pendleton, California

*Charlotte L. Morgan*

Subscribed and sworn to before me,

this 23rd day of ____April____, 1958

*Fred Williams*
Notary Public, in and for the County
of Sacramento, State of California.

9934