LAW OFFICES
SACHSE AND PRICE
1092 South Main Street
FALLBROOK, CALIFORNIA
RANDOLPH 8-1154

Attorneys for  Defendants

FILED
APR 24 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, ET AL.,

      Defendants.

CIVIL No. 1247-SD-C

MEMORANDUM IN SUPPORT OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT'S MOTION TO DISMISS COUNT XXI

<u>PRESCRIPTIVE RIGHTS OF THE UNITED STATES</u>

I

<u>THE BASIS OF THE MOTION</u>

Count XXI asserts two different claims to prescriptive rights to the use of water by the United States:

1. Paragraph II of that Count alleges prescriptive rights for use on the military reservations that formerly comprised the Rancho Santa Margarita.

2. Paragraph III asserts prescriptive rights for use on the Indian Reservations, National Forests and Bureau of Land Management Lands upstream.

It is the position of this defendant that as to both claims, the Count fails to state facts upon which any relief could be granted, and that in fact it affirmatively appears from the pleadings that such rights cannot exist. The two claims will be discussed separately.

- 1 -

3165

II

## CLAIMED PRESCRIPTIVE RIGHTS ON THE MILITARY RESERVATIONS

It is stated in plaintiff's Original Complaint (paragraph IV, page 4, lines 10-14):

> "There are no users below Camp Joseph H. Pendleton on that stream for the United States owns the lands the entire distance from the point where the Santa Margarita River enters upon the sites of the military establishments mentioned and the point where that river enters the Pacific Ocean.

The question of whether or not a lower user can acquire prescriptive rights to the use of water against an upstream claimant has been exhaustively briefed and argued in this proceeding. It is not the intention of this defendant to repeat those arguments, and the attention of the Court is respectfully invited to our Memorandum in Response to the Court's Order of May 8, 1957; and to the Memorandum of the State of California on the Extent of The Prescriptive Rights of the United States in response to the same Order. In this Memorandum we will repeat only the salient points and cite the leading authorities.

1. The Laws of the State of California will govern in this matter. 1/

2. A long line of California cases have clearly stated that by its very nature, use of water by the lowermost user on a stream cannot possibly be adverse to any upstream claimant. 2/

3. The Circuit Court in the prior appeal in this proceeding recognized the same principle in the following language:

> "The use of water in the enclave by the government

---

1/ (Stipulation of Nov. 29, 1951; Supplemental Order respecting said Stipulation dated April 9, 1958.)

2/ (<u>Pabst vs Finman</u> (1922) 190 Cal. 124, 128; Cory vs Smith (1929) 206 Cal. 508, 511; 274 Pac. 969).

- 2 -

3166

was of sovereign right and was not and could not be adverse to any other holder or claimant above.[1]

Accordingly it is our position that neither the United States nor its predecessors in interest could have acquired any prescriptive rights against any of the defendants in this proceeding, for the use of water on the military reservations, for the reason that such reservations are the last users on the stream.

### III

### CLAIMED PRESCRIPTIVE RIGHTS FOR OTHER FEDERAL LANDS

Insofar as Count XXI attempts to state a cause of action based upon alleged prescriptive rights to the use of water on the Indian Reservations, National Forests and Bureau of Land Managements lands it fails to state a cause of action for the reason that <u>nowhere in the Count or in the material incorporated therein by reference is there a single allegation that any use has been made of water thereon by the United States</u>. The Court's attention is invited to County XV covering the Coahuila Indian Reservation; Count XVI covering the Pechango Indian Reservation; Count XVII covering the Ramona Indian Reservation; Count XVIII covering the National Forests and Count XIX covering the Bureau of Land Management lands. Each of those Counts alleges irrigable land; each alleges a reasonable irrigation duty; <u>but none of them alleges any actual use.</u>

The first essential in order to establish a prescriptive right is that the adverse claimant put the water to actual use.[2]

---

[1] (California vs U. S. 235 Fed. 2d. 647, 661.)

[2] (Hutchins: <u>The California Law of Water Rights</u> p. 302;
<u>Ketcham vs Modesto Irr. Dist.</u> 135 C. A. 180, 191; 26 P. 2d. 876).

The principle is stated in a leading case as follows: [1]

> "Adverse possession must be accompanied with actual use of the water for the statutory period; it must be open, notorious and exclusive; it must be hostile to the rights of the party against whom it is claimed; it must be under a claim of property right; it must be continuous and uninterrupted."

Looking at the face of the pleadings, there is nothing therein contained to indicate that even the first essential of actual use has occurred. It would be impossible for any Court to decree the existence of a prescriptive right on such evidence.

Defendant Fallbrook Public Utility District respectfully submits that Count XXI of plaintiff's Complaint and Supplementatory and Amendatory Complaint should be dismissed for failure to state any facts upon which relief could be granted.

Dated: 25 April, 1958.

SWING, SCHARNIKOW AND STANIFORTH
SACHSE AND PRICE
by Franz R. Sachse
Attorneys for defendant Fallbrook Utility District.

---

[1] (Crum vs Mt. Shasta Power Co. (1931) 117 C. A. 586, 600; 4 P.2d. 564.)

```
 1                    AFFIDAVIT OF SERVICE BY MAIL
 2  STATE OF CALIFORNIA  )
                         ) SS.
 3  County of San Diego  )
 4         FRANZ R. SACHSE, being first duly sworn, says:  That
 5  affiant, whose address is 1092 South Main Street, Fallbrook,
 6  California is a citizen of the United States, a resident of the
 7  county where the herein described mailing took place; over the
 8  age of 18 years and not a party to the above entitled action.
 9  That affiant served the attached MEMORANDUM IN SUPPORT OF DEFENDANT
10  FALLBROOK PUBLIC UTILITY DISTRICT'S MOTION TO DISMISS COUNT XXII,
11  APPROPRIATIVE RIGHTS OF THE UNITED STATES and MEMORANDUM IN SUPPORT
12  OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT'S MOTION TO DISMISS
13  COUNT XXI, PRESCRIPTIVE RIGHTS OF THE UNITED STATES on the Plaintiff
14  in said action, by placing a true copy thereof in an envelope
15  addressed as follows:
16  Mr. William H. Veeder, Department of Justice, Washington, D. C.
17  Office of Ground Water Resources, Camp Pendleton, California
18  Mr. Adolphus Moskovitz, Library and Courts Building, Sacramento 7,
                                                              California
19  Mr. George Stahlman, Route 1, Box 236, Fallbrook, California
20  Mr. William B. Dennis, 365 Broadway, Vista, California
21  Mr. George G. Grover, Citizens Bank Building, Corona, California
                         1410
22  Mr. John M. Cranston, Bank of America Building, San Diego, California
23  sealed and deposited on the 24th day of April, 1958, in the United
24  States Mail at Fallbrook, San Diego County, California with
25  postage fully lprepaid thereon, and that there is regular com-
26  munication by mail between the place of mailing and the place so
27  addressed.
28                                        [signature]
29  Subscribed and sworn to before me
30  this 24th day of April, 1958.
31  [signature]
32  Notary Public in and for said County and State
    My commission expires May 25, 1961
```