LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK, CALIFORNIA
RANDOLPH 6-1154

Attorneys for Defendants

FILED
APR 24 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>ET AL.,<br><br>　　　　Defendants. | CIVIL No. 1247-SD-C<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICTS MOTION TO DISMISS COUNT XXII<br><br>APPROPRIATIVE RIGHTS OF THE UNITED STATES |

I

THE CLAIMS OF THE UNITED STATES

Count XXII asserts the ownership of certain <u>appropriative rights</u> by the United States on the military reservations. These claims may be summarized as follows:

　　1. Rights acquired <u>since 1942</u> by the diversion, appropriation and use under claim of right by the United States. (Paragraph I, Count XXII).

　　2. Rights acquired <u>since 1942</u> by appropriation and use by the United States "...by reason of its riparian rights..." both "...within and without..." the watershed. (Paragraph II, Count XXII).

　　3. A storage right to store water in Lake O'Neill based upon such use since 1883. (Paragraph III (a) Count XXII).

　　4. An appropriative right dating from January 1, 1937 to divert surface and sub-surface flow of the river. (Paragraph III

- 1 -

3170

(b) Count XXII).

5. An appropriative right dating from Jan. 1, 1910 to divert surface and sub-surface flow of the river. (Paragraph II (c) Count XXII).

## II

### THE CALIFORNIA LAW OF APPROPRIATION

Before taking up the several claims enumerated, it is necessary to understand the basic California law governing appropriation of water, and the changes that have taken place in that law.

1. The Present Law of Appropriation:

Since December 19, 1914 the <u>exclusive</u> method of appropriating water in California is by compliance with the Water Code (or its predecessor, the Water Commission Act). [1]

This principle was recognized by the Circuit Court in the previous appeal of this action, ## (California vs U.S. 235 F 2d. 647, 660) in the following language:

> "Apparently, under the law of California since 1913 (sic), a valid water right by appropriation can be acquired only by filing an application with the state authorities and pursuing it through the steps required by law."

2. <u>The Prior Law of Appropriation:</u>

Prior to the adoption of the Water Commission Act there existed in California <u>two</u> methods of appropriating water. The so-called "Civil Code method" prescribed that notices be posted at the proposed point of diversion; a copy of the notice be recorded in the office of the County Recorder; construction be started within 60 days; and work be prosecuted diligently to

---

[1] Water Code Sec. 1225; <u>Crane vs Stevinson</u>, 1936, 5 Cal.(2d) 387, 398; 54 P 2d. 1100

- 2 -

3171

to completion.

The second method of appropriating water then existing was the so-called "Non-Statutory Method". This method involved the posting of a notice to initiate the appropriation, and the final establishment of the appropriation by proceeding with due diligence to accomplish the diversion and apply the water to beneficial use. (See discussion Hutchins, supra, pp 86-89). These general principles will be more fully discussed as the specific claims of the United States are being considered hereafter.

III

RIGHTS CLAIMED TO HAVE BEEN ACQUIRED SINCE 1942

The claim that appropriative rights were acquired by the United States by diversion and use since 1942 shows on its face that no such right was possible. As has been heretofore pointed out, "From the time the Water Commission Act went into effect, in 1914, the procedure therein provided (and now codified in the Water Code) is the exclusive method by which an appropriation of water of a watercourse may be made." [1]

The failure to allege compliance with the Water Code and the affirmative allegations that clearly establish that plaintiff's claim *is not* based upon the Code, but upon "self-help" results in these claims being fatally defective. For further elaboration on the law governing appropriations since 1914 the Court's attention is respectfully invited to our previous Memorandum on the subject, and that of the State of California, dated August 13, 1957.

IV

CLAIMED RIGHTS TO STORE IN LAKE O'NEILL

The complaint alleges that these claimed rights date

---

[1] (Hutchins, supra, p. 86; Crane vs Stevinson, supra.).

from 1883, and accordingly such rights - if they exist - could be based upon either the "Civil Code Method" or upon a "Non-Statutory Appropriation".

There are no allegations of any kind alleging compliance with the provisions of the Civil Code, so it must be assumed that plaintiff relies upon a non-statutory appropriation. Let us consider the allegations in support of such a claim. The complaint alleges " A storage right...", for an "..off-channel reservoir.." and that continuously since 1883 surface flow of the Santa Margarita River "...has been and is diverted to fill and re-fill that lake..". 1./

Whether or not these allegations are sufficient to establish a non-statutory appropriation is the question before us. The best brief discussion of such appropriations is that contained in Hutchins, "The Law of California Water Rights", at page 88, as follows:

> "The right to the use of water did not exist when the notice of appropriation was given, <u>and it might never vest</u>. Nor was the mere act of commencing the construction of a ditch with the intention of appropriating water from a stream sufficient, of itself, to establish a right to the use of such water. Title to the right does not vest ntil the appropriation is complete. But upon prosecuting the work diligently to completion and then diverting the water <u>and applying it to a beneficial use</u> title to the right of use would become complete and perfect.". (Citing many cases; Emphasis added).

It thus appears that <u>unless the Count contains allegations</u>

---

1/ (Paragraph 111 (a) Count XXII, page 35, lines 6-11.)

- 4 -

3173

of the application of the water to a beneficial use, the Count is fatally defective.

The mere storage of water is not of itself a beneficial use. The principle was stated by the Supreme Court of California as follows: [1]/

> "All it could acquire by diverting or impounding the water was a usufructary right, not an ownership in the corpus of the water, except, perhaps, so much thereof as it has actually reduced to possession in its reservoir. The matter here in dispute is not the ownership of any particular quantity now impounded, <u>but the right to dam and control the water as it runs into and through Round Valley. Storage of water is not in itself a beneficial use. It is a mere means to the end of applying the water to such use.</u>" (Emphasis added). This exact language was quoted with approval in <u>Bazet vs Nugget Bar Placers</u>, 211 Cal. 607, 618; 296 P. 616.

We are thus confronted with a pleading that contains no statement that <u>any water at any time was ever put to any beneficial use.</u> Without such beneficial use, no appropriation was possible.

This Motion is, of course, directed at the pleadings as they exist. Howver, it should be pointed out that <u>even if the Complaint were amended to allege a specific diversion of water from Lake O'Neill and the application of such water to a beneficial use by the Rancho Santa Margarita it would still fail to state a cause of action, unless it was also alleged that the same use had continued to the present time.</u>

<u>Water Code</u> Section 1241 provides:

"<u>Reversion of unused water</u>. When the person entitled to

---

[1]/ (<u>Lindblom vs Round Valley Water Company</u> 178 Cal. 450, 456; 173 Pac. 994, 997; 1918.)

- 5 -

3174

the use of water fails to beneficially use all or any part of the water......<u>For the purpose for which it was appropriated or adjudicated</u>, for a period of three years, such unused water reverts to the public and shall be regarded as unappropriated public water." (Emphasis added.)

This same rule was formerly stated in Sec. 1411 of the Civil Code. It has been judicially approved in many cases, including <u>Lindblom vs Round Valley Water Co</u>, supra; <u>Smith vs Hawkins</u>, infra; <u>Akin vs Spencer</u> 21 CA (2d) 325, 69 Pac. (2d) 430; <u>Haight vs Costanich</u> 184 C. 426, 194 Pac. 26.

- V -

RIGHTS CLAIMED TO HAVE BEEN ACQUIRED AS OF JANUARY 1, 1937

These allegations found in paragraph III (b) of Count XXII are fatally defective in the same respects as those claimed to have been acquired since 1942. At all times alleged the provisions of the Water Commission Act and/or Water Code were in effect and provided the <u>exclusive</u> means of appropriating water under the laws of California.

VI

RIGHTS CLAIMED TO HAVE BEEN ACQUIRED AS OF JANUARY 1, 1910.

These claims, set forth in paragraph III (c) of Count XXII are of interest because they appear to rely upon some sort of theory of a substituted right. It is alleged that from 1910 to 1942 the predecessor of the plaintiff diverted and used <u>within the watershed</u>, certain waters. It is also alleged that <u>the same amount of water has been diverted and used by the plaintiff since 1942 outside the watershed.</u>

Conceding for the purpose of the Motion that the facts stated are correct, and conceding also that the uses within the watershed by the predecessor of the United States were beneficial, (although that fact is not pleaded), the allegations still would

3175

fail to plead a valid appropriation for the following reasons:

    1. There is no allegation that the use by the Rancho <u>within the watershed</u> from 1910 to 1942 was an appropriation. The presumption is that the use by a riparian owner on riparian land is a riparian use.

    2. But even conceding for the sake of argument that the Rancho did make a valid appropriation for use within the watershed during the period 1910-1942, such appropriation has been forfeited and the water reverted to the public <u>by reason of the change in place and character of use since 1942.</u> (<u>Water Code</u> Sec. 1241; <u>Smith vs Hawkins</u> 110 Cal. 122, 127; 42 P. 453; <u>Lindblom vs Round Valley Water Co.</u> supra.). Paragraph III (c) Count XXII affirmatively alleges that the use since 1942 has been <u>outside</u> the watershed, while the prior appropriation alleged was <u>inside</u> the watershed. By those allegations plaintiff has effectively pleaded the forfeiture of any right that ever existed.

    3. In the event plaintiff contends that a <u>new</u> appropriation for use outside the watershed was made in 1942, we again respectfully point out that since 1914 there can be no "self help" appropriations.

    4. The Circuit Court in the prior appeal of this action pointed out the same defect in the governments case, 235 F (2d) 647 at page 661, as follows:

> "there is also an attempt in the findings, conclusions and declarations to cure this defect and cumulate the time when the Rancho made use of water for purposes not riparian with that time when agents of the government made <u>non-riparian uses of a different character and for different purposes.</u> <u>This attempt is fallacious.</u>"

To summarize:

    1. No appropriation by either the plaintiff or its predecessor is possible since Dember 19, 1914, without compliance

with the provisions of the Water Code.

2. No appropriation by the predecessor of plaintiff prior to December 19, 1914 is possible unless water was actually put to a beneficial use. Storage alone is not a beneficial use.

3. In the event the plaintiff's predecessor did complete an appropriation prior to December 19, 1914, such appropriation has been forfeited and the water has reverted to the State because of change in place and character of use which are affirmatively pleaded.

Defendant Fallbrook Public Utility District respectfully submits that Count XXII of plaintiff's Supplement to Complaint should be dismissed for failure to state facts upon which any relief can be granted.

SWING, SCHARNIKOW AND STANIFORTH
SACHSE AND PRICE
By Franz R. Sachse
Attorneys for defendant Fallbrook
Public Utility District.