Case 3:51-cv-01247-JO-SBC Document 1890 Filed 05/01/58 PageID.6112 Page 1 of 23

TOM HALDE
Attorney at Law
548 South Spring Street
Los Angeles 13, California
MAdison 6 0131

Attorney for Carl N. Halde and
Hester M. Halde

FILED

MAY 1 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
et al.,

      Defendants

NO. 1247-SD-C

ANSWER OF

CARL N. HALDE
and
HESTER M. HALDE

Honorable JAMES M. CARTER
United States District Judge,
Presiding

Honorable John M. Cranston
Special Master

9953

INDEXED

TOM HALDE
548 South Spring Street
Los Angeles 13, California
       MAdison 6 0131

Attorney for Carl N. Halde and
          Hester M. Halde

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 1247-SD-C |
| vs. | ) | ANSWER OF CARL N, HALDE |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al | ) | and HESTER M. HALDE. |
| Defendants | ) | |

Comes now the defendants CARL N. HALDE and HESTER M. HALDE
in answer to the amended complaint and supplementary and amendatory
complaint on file herein, and allege as follows:

I

Defendants hereby adopt and incorporate by this reference
their answer to the original complaint originally filed with the
Court as though the same were fully realleged in full at this point.

ANSWER TO SUPPLEMENT TO COMPLAINT

ANSWER TO COUNT NO. I

Defendants hereby adopt and incorporate their answer hereto-
fore filed with the Court on January 20, 1956 and by this reference
make said answer their answer herein to this count as though the
same were fully set forth at length at this point.

ANSWER TO COUNT NO. II

Answering paragraph I defendants hereby adopt and incorporate

1.

8954

by this reference each and every allegation of their answer hereto-
fore filed with the Court on January 20, 1956 and make the same
their answer to this paragraph together with their answer to Count No.
I above as though said answer and their answer to Count No. 1 above
were fully set forth at this point.

ANSWER TO COUNT NO. III

I

Answering paragraph I, defendants hereby adopt and incor-
porate by this reference each and every allegation contained in their
answer heretofore filed with the Court on January 20, 1956 and fur-
ther incorporate their answers to Count Nos. I and II above and by
this reference make said answers a part of the answer to this para-
graph as though the original answer and the answers to Count No. I
and II above were fully set forth at this point.

II

Answering paragraph II, these defendants lack sufficient
information or belief to enable them to answer and upon said ground
deny both generally and specifically each and every allegation con-
tained in said paragraph. Answering paragraph II and more specifi-
cally the last sentence thereof, these defendants deny both generally
and specifically that both Sandia and Rainbow Creeks are minor
tributaries of the Santa Margarita River or that neither stream
individually or in the aggregate have a yield of 10,000 acre-feet
of water, or any amount of water whatsoever or at all, annually
which is set forth in Application Nos. 12,178 and 12,179. Defendants
lack sufficient information or belief to enable them to answer the
balance of said paragraph and upon said ground deny the balance of
said paragraph both generally and specifically.

III

Answering paragraph V defendants lack sufficient information
or belief to enable them to answer and upon such ground deny both
generally and specifically each and every allegation therein contained.

2.

ANSWER TO COUNT NO. IV

I

Answering paragraph I defendants adopt and incorporate by reference their answer heretofore filed with the court on January 20, 1956 and also incorporate their answers to Count Nos. I, II and III above and by these references make said answers their answer to this paragraph as though each and every allegation therein contained were set forth in full at this point.

II

Answering paragraphs IV and V, subsections (a) and (b), these answering defendants deny both generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. V

I

Answering paragraph I defendants hereby incorporate their answer heretofore filed with the Court on January 20, 1956 and their answers to Count Nos. I, II, III, and IV above, and by this reference make said answers their answer to this paragraph as though the same were fully set forth at this point.

II

Answering paragraphs II, III and IV these defendants lack sufficient information or belief to enable them to answer and upon such ground deny both generally and specifically each and every allegation contained in said paragraphs.

III

Answering paragraphs V and VII defendants deny both generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. VI

I

Answering paragraph I defendants hereby adopt and incorporate by reference their answer heretofore filed with the Court on

3.

S956

January 20, 1956 and their answers to Count Nos. I, II, III, IV and V above and make said answers their answer to paragraph I as though the same were fully set forth at this point.

II

Answering paragraphs IV and V defendants deny both generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. VII

I

Answering paragraph I defendants hereby adopt and incorporate by this reference their answer to the complaint originally filed January 20, 1956 and their answers to Count Nos. I, II, III, IV, V and VI above and make the same their answer to this paragraph as though the same were fully set forth at this point.

II

Answering paragraphs II and III defendants deny both generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. VIII

I

Answering paragraph I defendants hereby adopt and incorporate by this reference their answer heretofore filed on January 20, 1956 and their answers to Count Nos. 1, II, III, IV, V, VI and VII above and make the same their answer to this paragraph as though said answers were fully set forth at this point.

II

Answering the first sentence of paragraph III these answering defendants lack sufficient information or belief to enable them to answer and upon such ground deny each and every allegation contained in said sentence.  Answering the balance of paragraph III defendants deny both generally and specifically each and every allegation therein contained.

4.

S957

### III

Answering paragraph IV defendants deny both generally and specifically each and every allegation therein contained.

### ANSWER TO COUNT NO. IX

#### I

Defendants hereby adopt and incorporate by reference their answer to the complaint originally filed January 20, 1956 and their answers to Count Nos. I, II, III, IV, V, VI, VII and VIII above and make said answers their answer to this paragraph as though the same were fully set forth at this point.

#### II

Answering paragraph III defendants hereby adopt and incorporate their answer to Count No. VIII above and make said answer their answer to this paragraph as though fully set forth at this point.

#### III

Answering paragraph IV defendants deny both generally and specifically each and every allegation therein contained.

### ANSWER TO COUNT NO. X

#### I

Answering paragraph I defendants hereby adopt and incorporate by reference their answer to the complaint filed January 20, 1956 and their answers to Count Nos. I, II, III, IV, V, VI, VII, VIII and IX above and make said answers their answer to this paragraph as though fully set forth at this point.

#### II

Answering paragraphs III and V defendants deny both generally and specifically each and every allegation therein contained.

#### III

Answering paragraph IV defendants deny generally and specifically that the California State Water Rights Board must determine whether there is surplus water in the Santa Margarita River available

8958

for appropriation if it grants any permit or permits to the Fallbrook
Public Utility District or to the Santa Margarita Mutual Water Company
or to any applicant pursuant to any application filed or in question;
and more specifically these defendants deny that any such question
alleged in said paragraph is jurisdictional or that no permit could
be granted in the absence of a finding of surplus waters or other-
wise; further, these defendants deny more specifically that to make
such a determination of the existence of surplus waters places in
issue for resolution the extent, character and nature of the rights
of the United States of America in the Santa Margarita River and
every other claimant to rights in that stream, either individually
collectively, or at all.

ANSWER TO COUNT NO. XI

I

Answering paragraph I defendants adopt and incorporate by
reference their answer heretofore filed with the Court on January 20,
1956 and their answers to Count Nos. I, II, III, IV, V, VI, VII, VIII,
IX and X above and make said answers their answer to this paragraph
as though the same were fully set forth at this point.

II

Answering paragraph II defendants deny both generally and
specifically each and every allegation therein contained and every
word and figure therein set forth and deny that said words or figures
are accurate or appropriate or that said figures or any figures set
forth therein accurately represent correct allegations as alleged.

ANSWER TO COUNT NO. XII

I

Answering paragraph I defendants hereby adopt and incor-
porate their answer heretofore, filed with the Court January 20, 1956
and their answers to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX,
X and XI above and make said answers their answer to this paragraph
as though the same were fully set forth at this point.

9959

## II

Answering paragraphs II, III and IX defendants deny both generally and specifically each and every allegation therein contained.

## III

Answering paragraph IV, subsections (a) and (b) and paragraph V subsection (c) and paragraphs VI and VII, defendants lack sufficient information or belief to enable them to answer and upon such ground deny said paragraphs and every part thereof both generally and specifically and deny each and every allegation thereincontained.

## IV

Answering paragraph VIII these defendants deny that any diversions which may have been made if any, by any named defendant or any other person, if any, invade the rights of the United States of America in any water on the Santa Margarita River or otherwise. Defendants lack sufficient information or belief to enable them to answer the allegations with regard to the diversions of water by any named defendants or other persons and upon such ground deny both generally and specifically the remaining allegations contained in said paragraph and every part thereof.

### ANSWER TO COUNT NO. XIII

## I

Defendants hereby adopt and incorporate their answer heretofore filed with the Court on January 20, 1956 and their answers to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII above and make said answers their answer to this paragraph as though the same were fully set forth at this point.

## II

Answering paragraphs III and V defendants deny both generally and specifically each and every allegation therein contained.

## III

Answering paragraph IV defendants lack sufficient information

7.

9960

1  or belief to enable them to answer and upon such ground deny both

2  generally and specifically each and every allegation therein con-

3  tained.

4                                IV

5          Answering paragraph VI defendants lack sufficient informa-

6  tion or belief to enable them to answer the allegations alleged

7  therein and more specifically whether California demands anything at

8  all or whether the United States of America does or does not concede

9  anything at all or whether the United States of America acknowledges

10  any admissions by California referred to in the paragraph and upon

11  such ground defendants deny both generally and specifically each

12  and every allegation therein contained or any conclusion therein set

13  forth.

14                    ANSWER TO COUNT NO. XIV

15                                I

16          Defendants hereby adopt and incorporate by reference their

17  answer heretofore filed with the Court on January 20, 1956 and their

18  answers to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI,

19  XII and XIII above, and make said answers/to this paragraph as though
                                        their answer

20  fully set forth at this point.

21                    ANSWER TO COUNT NO. XV

22                                I

23          Defendants hereby adopt and incorporate by reference their

24  answer heretofore filed with the Court on January 20, 1956 and their

25  answers to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI,

26  XII, XIII and XIV above, and make said answers/to this paragraph as
                                           their answer

27  though fully set forth at this point.

28                                II

29          Answering paragraph II defendants lack sufficient information

30  or belief to enable them to answer and upon such ground deny each and

31  every allegation therein contained.

32

                              8.

III

Answering paragraph IV defendants lack sufficient information or belief to enable them to answer and upon such ground deny each and every allegation therein contained or that there are approximately 17,500 acres of land within the watershed of Santa Margarita River, or any other figure, of which approximately 16,800 acres, or any other figure, are susceptible of practicable or profitable irrigation.

IV

Answering paragraph V defendants lack sufficient information or belief to enable them to answer and upon such ground deny generally and specifically that a reasonable diversion duty for the irrigation of those lands is four and two-tenths (4.2) or any other figure, acre-feet per acre per year.

ANSWER TO COUNT NO. XVI

I

Answering paragraph I defendants hereby adopt and incorporate by reference their answer heretofore filed with the Court on January 20, 1956 and their answers to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and XV above, and make said answers/their answer to this paragraph as though fully set forth at this point.

II

Answering paragraphs II and V defendants lack sufficient information or belief to enable them to answer and upon such ground deny generally and specifically each and every allegation contained therein.

III

Answering paragraph III defendants lack sufficient information or belief to enable them to answer and upon such ground deny each and every allegation contained therein and deny that within the Pechanga Indian reservation there are approximately 4000 acres of land or any other figure, within the watershed of the Santa Margarita

9.

River of which approximately 2000 acres, or any other figure, are
susceptible of practicable or profitable irrigation.

IV

Answering paragraph IV defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny
generally and specifically each and every allegation therein con-
tained and deny that a reasonable diversion duty for the irrigation
of those lands is four and two-tenths (4.2) or any other figure,
acre-feet per acre per year.

ANSWER TO COUNT NO. XVII

I

Answering paragraph I defendants hereby adopt and incorpor-
ate by reference their answer heretofore filed with the Court on
January 20, 1956 and their answers to Count Nos. I, II, III, IV, V,
VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI above, and make
said answers/to this paragraph as though fully set forth at this
point.

their answer

II

Answering paragraph III defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny
each and every allegation therein contained.

III

Answering paragraph IV defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny each
and every allegation therein contained and deny that within the Ramona
Indian Reservation there are approximately 300 acres, or any other
amount,of land within the watershed of Santa Margarita River of which
approximately 60 acres,or any other amount,are susceptible of practi-
cable or profitable irrigation.

IV

Answering paragraph V defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny

10.

9963

each and every allegation therein contained and deny that a reason-
able diversion duty for the irrigation of those lands is four and
two-tenths (4.2), or any other figure, acre-feet per acre per year.

V

ANSWER TO COUNT NO. XVIII

I

Answering paragraph I defendants hereby adopt and incor-
porate by reference their answer heretofore filed with the Court on
January 20, 1956 and their answers to Count Nos. I, II, III, IV, V,
VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII above,
their answer
and make said answers/to this paragraph as though fully set forth at
this point.

II

Answering the first sentence of paragraph II defendants
deny both generally and specifically the allegations therein contained.
Answering the balance of paragraph II defendants lack sufficient in-
formation or belief to enable them to answer and upon such ground deny
generally and specifically each and every allegation therein con-
tained.

III

Answering paragraph III defendants deny that there is in
paragraph numbered VI of the original complaint any description of
Temecula Creek, or any other creek.  With this exception defendants
lack sufficient information or belief to enable them to answer the
remaining allegations in paragraph III and upon such ground deny
generally and specifically each and every other allegation therein
contained.

IV

Answering paragraph V defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny
each and every allegation therein contained and deny that within the
boundaries of the Palomar area of the Cleveland National Forest there

8964

are approximately 34,000 acres, or any amount, of land within the watershed of the Santa Margarita River which are traversed by or border or abut upon Temecula Creek or its tributaries; and deny that of that total approximately 2000 acres, or any other amount, are susceptible of practicable or profitable irrigation.

V

Answering paragraph VI defendants lack sufficient information or belief to enable them to answer and upon such ground deny generally and specifically each and every allegation therein contained and deny that there are likewise 900 acres, or any other amount, of land within the Trabuco area of the Cleveland National Forest and within the watershed of the Santa Margarita River, which are traversed by or border upon the DeLuz Creek and its tributaries, which are tributary to the Santa Margarita River; and deny that of that total approximately 600 acres, or any other amount, are susceptible of practicable or profitable irrigation.

VI

Answering paragraph VII defendants lack sufficient information or belief to enable them to answer and upon such ground deny generally and specifically each and every allegation therein contained and deny that a reasonable diversion duty for the irrigation of those lands is four and two-tenths (4.2), or any other amount, acre-feet per acre per year.

VII

Answering paragraph VIII defendants lack sufficient information or belief to enable them to answer and upon such ground deny generally and specifically each and every allegation therein contained and deny that within the San Bernardino National Forest there are approximately 11,400 acres, or any other amount, of land which are within the watershed of the Santa Margarita River and which are traversed, border upon or abut upon the tributaries of the Temecula Creek; and deny that of that total approximately 900 acres, or any other

12.

1   amount, are susceptible of practicable or profitable irrigation.

2   VIII

3   Answering paragraph IX defendants lack sufficient informa-

4   tion or belief to enable them to answer and upon such ground deny

5   generally and specifically, each and every allegation therein con-

6   tained and deny that a reasonable diversion duty for the irrigation

7   of those lands is four and two-tenths (4.2), or any other amount,

8   acre-feet per acre per year.

9   ANSWER TO COUNT NO. XIX

10   I

11   Answering paragraph I defendants hereby adopt and incor-

12   porate by reference their answer heretofore filed with the Court on

13   January 20, 1956 and their answers to Count Nos. I, II, III, IV, V,

14   VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII and XVIII

                                   their answer
15   above, and make said answers/to this paragraph as though fully set

16   forth at this point.

17   II

18   Answering paragraph II defendants lack sufficient informa-

19   tion or belief to enable them to answer and upon such ground deny

20   generally and specifically each and every allegation therein con-

21   tained and deny that of the lands described in said paragraph,

22   Exhibit "G" attached to the supplementary and amendatory complaint,

23   there are approximately 40,700 acres, or any number of acres, of

24   those lands of which approximately 12,400 acres, or any number of

25   acres, are susceptible of practicable or profitable irrigation.

26   III

27   Answering paragraph III defendants lack sufficient informa-

28   tion or belief to enable them to answer and upon such ground deny

29   generally and specifically each and every allegation therein con-

30   tained.

31   IV

32   Answering paragraph IV defendants lack sufficient informa-

9966

1    tion or belief to enable them to answer and upon such ground deny
2    generally and specifically each and every allegation therein con-
3    tained and deny that a reasonable diversion duty for the irrigation
4    of those lands is four and two-tenths (4.2) or any number, acre-feet
5    per acre per year.

6                                    V

7            Answering paragraph V defendants admit that the list re-
8    ferred to in said paragraph does not purport to be all of the claim-
9    ants to rights to the use of water on the lands in question. With this
10   exception defendants lack sufficient information or belief to enable
11   them to answer the balance of said paragraph V and upon such ground
12   deny each and every remaining allegation therein contained.

13                        ANSWER TO COUNT NO. XX

14                                    I

15           Answering paragraph I defendants hereby adopt and incor-
16   porate by reference their answer heretofore filed with the Court on
17   January 20, 1956 and their answers to Count Nos. I, II, III, IV, V,
18   VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII and
19   XIX above, and make said answers their answer to this paragraph as
20   though fully set forth at this point.

21                                   II

22           Answering paragraph II defendants admit that the United
23   States of America claims in this litigation in connection with those
24   lands susceptible of practicable and profitable irrigation which had
25   been described and referred to in the supplementary and amendatory
26   complaint which are situated within the above named Indian Reserva-
27   tion, National Forest and lands administered by the Bureau of Land
28   Management Department of Interior, four and two-tenths (4.2) acre-feet
29   per acre annually and further admit that though those are the maximum
30   rights claimed, the United States of America asserts in this litiga-
31   tion the right to utilize those rights to the use of water for what-
32   ever purposes the lands in question were withdrawn; however, even

6967

though defendants make said admissions, defendants by this answer
deny both generally and specifically the validity of the claims and
assertions of the United States of America as alleged in said para-
graph.

### ANSWER TO COUNT NO. XXI

#### I

Answering paragraph I defendants hereby adopt and incor-
porate by reference their answer heretofore filed with the Court on
January 20, 1956 and their answers to Count Nos. I, II, III, IV, V,
VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX
and XX above, and make said answers/to this paragraph as though fully
set forth at this point.

their answer

#### II

Answering paragraphs II and III defendants deny both
generally and specifically each and every allegation therein con-
tained and every part thereof.

### ANSWER TO THE AMENDMENT TO COMPLAINT

### ANSWER TO FIRST UNNUMBERED PARAGRAPH OF COUNT NO. XXII

#### I

Answering the first unnumbered paragraph of Count No. XXII
of the amendment to complaint, defendants hereby adopt and incorpor-
ate their answer heretofore filed with the Court on January 20, 1956
and their answers to Count Nos. I through XXI both inclusive of their
answer to the supplement to complaint all as set forth above and make
said answers their answer to this unnumbered paragraph of Count No.
XXII of the amendment to the complaint as though each and every answer
were set forth in full at this point.

#### II

Answering paragraph I defendants lack sufficient information
or belief to enable them to answer and upon such ground deny both
generally and specifically each and every allegation therein contained.

III

Answering paragraph II defendants lack sufficient informa-
tion or belief to enable them to answer and upon such ground deny
each and every allegation therein contained and/that there have been,
deny
for beneficial purposes, or otherwise, annually diverted, appropria-
ted or otherwise taken, and used by the United States of America ap-
proximately 12,300, or any other number, acre-feet of water from both
the surface and sub-surface flow of the Santa Margarita River by the
United States of America by reason of its riparian rights, or by
reason of any rights whatsoever or at all; and deny further that that
quantity of water, or any quantity of water, is utilized for both
military and agricultural purposes both within and outside of the
watershed of the Santa Margarita River, dependent upon demands.

IV

Answering paragraph III subsection (a) defendants deny both
generally and specifically that the United States of America has a
storage right to the use of 4,300, or any other amount, acre-feet of
water annually for Lake O'Neill, or an off-channel reservoir situated
in Sections 5 and 8, Township 10 South, Range 4 West.  Defendants
lack information or belief sufficient to enable them to answer the
allegation contained in the second sentence of said sub-section (a)
that continuously since 1883 and at the present, surface flow of the
Santa Margarita River has been and is diverted to fill and re-fill
that lake for a total annually of 4,300 acre-feet, and upon that
ground deny that continuously  since 1883 and at the present, surface
flow of the Santa Margarita River has been and is diverted to fill
and refill that lake for a total annually of 4,300, or any other
number, acre-feet.

Answering the first sentence of paragraph (b) of said
paragraph III defendants deny both generally and specifically each
and every allegation therein contained and every part thereof; defen-
dants lack sufficient information or belief to enable them to answer

9969

1  the second sentence of said paragraph (b) and upon that ground deny

2  generally and specifically that presently those waters, or any other

3  waters, are being diverted by means of pumps from the subterranean

4  basin underlying Camp Pendleton.

5  Answering the third sentence of sub-paragraph (b) of para-

6  graph III defendants deny both generally and specifically each and

7  every allegation therein contained.

8  Answering sub-paragraph (c) of paragraph III defendants

9  deny generally and specifically that the United States has a right to

10  divert directly from the surface or sub-surface flow of the Santa

11  Margarita River, 3,200, or any other number, acre-feet of water.

12  Answering the second sentence of sub-paragraph (c) of

13  paragraph III defendants lack sufficient information or belief to

14  enable them to answer and upon such ground deny that since 1942

15  those waters, or any other waters, have been diverted outside of the

16  watershed.

17  Answering the third sentence of sub-paragraph (c) of para-

18  graph III the defendants lack sufficient information or belief to

19  enable them to answer and upon such ground deny both generally and

20  specifically that the United States of America is informed or be-

21  lieves that its predecessors in interest diverted and used within

22  the watershed of the Santa Margarita River large quantities, or any

23  other quantities, of water in excess of their riparian entitlement,

24  diverting that water, or any other water, from the Santa Margarita

25  River by means of pumps, or otherwise.

26  Answering the fourth sentence of sub-paragraph (c) of para-

27  graph III defendants lack sufficient information or belief to enable

28  them to answer and upon such ground deny both generally and specifi-

29  cally that the predecessors in interest of the United States of

30  America from the year 1910 diverted and used annually the 3,200, or

31  any other number, acre-feet described in said paragraph, if not more

32  than that quantity, if at all.  Defendants admit that the United

17.

1  of America claims a right to that quantity of water with a priority
2  date of January 1, 1910 but deny both generally and specifically any
3  validity to said claim.

ANSWER TO COUNT NO. XXIII

I

6  Answering paragraph I of the amendment to complaint, de-
7  fendants hereby adopt and incorporate by reference their answer
8  heretofore filed with the Court on January 20, 1956 and their answers
9  to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII,
10 XIV, XV, XVI, XVII, XVIII,XIX, XX, XXI, and XXII above, and make
11 said answers their answer to this paragraph as though fully set
12 forth at this point.

II

14 Answering the last sentence of paragraph II defendants deny
15 both generally and specifically each and every allegation therein
16 contained and every part thereof; defendants lack sufficient informa-
17 tion or belief to enable them to answer the remaining portion of said
18 paragraph II and upon such ground deny generally and specifically
19 those remaining portions of paragraph II not otherwise answered.

III

21 Answering paragraph III defendants admit that the United
22 States of America claims that a military use is a proper riparian
23 use but deny both generally and specifically the validity of this
24 claim and deny both generally and specifically each and every other
25 allegation therein contained in the remainder of said paragraph III
26 and more specifically deny that the United States of America's
27 maximum military demand is approximately 23,000, or any other number,
28 acre-feet of water annually.

ANSWER TO COUNT NO. XXIV

I

31 Answering paragraph I of the amendment to complaint,
32 defendants hereby adopt and incorporate by reference their answer

18.

1  heretofore filed with the Court on January 20, 1956 and their answers

2  to Count Nos. I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII,

3  XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII and XXIII above, and

4  make said answers to this paragraph as though fully set forth at this
   their answer

5  point.

6                                    II

7          Answering paragraph II defendants admit that the United

8  States of America claims a priority of June 30, 1948, for the storage

9  right of 165,000 acre-feet of water per annum from the Santa Maria

10 River, that right to be exercised to the extent of its demands, not

11 met by other rights claimed by it in the Santa Margarita River, but

12 deny both generally and specifically the validity of said claims of

13 the United States of America for the storage right of 165,000 acre-

14 feet of water per annum, or any number of acre-feet of water per

15 annum from the Santa Margarita River,or otherwise,or at all.

16                      ANSWER TO COUNT NO. XXV

17                                    I

18         Answering paragraph I of the amendment to complaint, de-

19 fendants hereby adopt and incorporate by reference their answer

20 heretofore filed with the Court on January 20,1956 and their answers

21 to Count Nos. I, II, III, IV,V, VI, VII, VIII, IX, X, XI, XII, XIII,

22 XIV, XV, XVII, XVIII, XIX, XX, XXI, XXII, XXIII and XXIV above, and
   their answer

23 make said answers to this paragraph as though fully set forth at this

24 point.

25                                    II

26         Answering paragraph II these defendants deny both generally

27 and specifically that the defendants named in this action assert

28 adverse claims to the rights to the use of water of the United States

29 of America or by reason of these adverse claims, or any claims, have

30 clouded the title to the rights, if any, to the use of the water of

31 the United States of America in the Santa Margarita River; and deny

32 that those defendants, whomsoever they may be, have exercised and

                                 19.                      S972

1  are presently exercising rights to the use of water in a manner
2  that invades or threatens to invade the rights to the use of the
3  water of the United States of America; and deny both generally and
4  specifically that there have been any repeated overt acts at all
5  that have threatened to further invade rights of the United States
6  of America, in any manner whatsoever, or at all.

7         SUPPLEMENTARY AND AMENDATORY ANSWER TO ORIGINAL
8                 ANSWER FILED JANUARY 20, 1956
9                               I

10        Defendants hereby adopt and incorporate by this reference
11 their first, second, third, fourth, fifth, sixth and seventh, separate
12 and distinct affirmative defenses as set forth in their answer
13 filed January 20, 1956 and by this reference make said affirmative
14 defense, and each and every part thereof, a part hereof, as though
15 the same were fully set forth at length at this point.

16         AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
17         DEFENSE TO THE PURPORTED CAUSES OF ACTION OF THE
18         COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT,
19         DEFENDANTS ALLEGE AS FOLLOWS:
20                               I

21        Defendants and each of them are riparian owners of waters
22 flowing through, above and below their riparian land and have the
23 right to take and use from the Rainbow Creek the sum of 5 acre-feet
24 per acre per annum for a total sum of approximately 200-acre feet
25 per annum.

26         AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE
27         DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY AND
28         AMENDATORY COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:
29                               I

30        In addition to ordinary riparian uses defendants and each
31 of them have the right to store and use annually the sum of ap-
32 proximately 5 acre-feet per acre from the Rainbow Creek for a total

8873

20.

1  sum of approximately 200 acre-feet per annum.

2        AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

3        TO THE COMPLAINT AND SUPPLEMENTARY AND AMENDATORY

4        COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:

5                  I

6        That the purported causes of action set forth in the complaint,

7  and the supplementary and amendatory complaint is barred by the

8  provisions of Section 318 of the Code of Civil Procedure of the

9  State of California.

10        AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE

11        DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY AND

12        AMENDATORY COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:

13                  I

14        That the purported causes of action set forth in said

15  complaint and supplementary and amendatory complaint is barred

16  by the provisions of Section 319 of the Code of Civil Procedure

17  of the State of California.

18

19        WHEREFORE, these answering defendants pray this Court for

20  judgment as follows:

21        1)  That the plaintiff, United States of America, take

22  nothing by reason of its complaint and supplementary and amendatory

23  complaint herein;

24        2)  That this Court quiet the title of these answering

25  defendants and declare and determine the rights of these answering

26  defendants including their riparian rights or otherwise, involved

27  in this litigation;

28        3)  That this Court adjudge, declare and decree that these

29  answering defendants have the right, as riparian owners, to take and

30  to use the sum of 200 acre-feet of water from, above and below, the

31  surface of their land;

32        4)  That this Court adjudge, declare and decree that these

S974

answering defendants have the right, as riparian owners or otherwise to take and to use such reasonable and necessary amount of waters both from, below and above the surface of their land;

5) That the United States of America be forever enjoined and debarred from asserting any claim whatsoever in or to any right or rights to any waters of the Rainbow Creek, adverse to these answering defendants;

6) That the Court adjudge, determine, declare and decree the respective rights of the plaintiff and of these defendants with respect to the use of waters of the Rainbow Creek on their respective riparian lands and that it find and declare the use to which such water may be put on such lands;

7) That these answering defendants take their costs of suit incurred herein;

8) And, that this Court adjudge and decree such other and further relief as it may deem meet, just and equitable in the premises.

Tom Halde

Attorney for Defendants,
Carl N. Halde and Hester M.
Halde

22.

9975