```
O'MELVENY & MEYERS &
    GEORGE STAHLMAN
Route 1, Box 235
Fallbrook, California
RAndolph 8-3210
```

**FILED**

MAY 2 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By /s/ Willard _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al

    Defendants.

NO. 1247-SD-C

AMENDED ANSWER
OF
VAIL COMPANY, INC.

    By leave of Court first had and obtained, COMES NOW the defendants, MARY VAIL WILKINSON, MAHLON VAIL, EDWARD N. VAIL, MARGARET VAIL WISE, formerly known as MARGARET VAIL BELL, NITA M. VAIL, Deceased, heretofore named as defendants under Indenture of Trust dated December 31, 1912 recorded among other places in Book 371, page 279 of Deeds, Riverside County, Records; said defendants hereabove named having transferred all of their rights, title and interests to VAIL COMPANY, a Nevada Corporation as of January 1, 1958 and hereafter in this document referred to as VAIL COMPANY for answer to plaintiff's Complaint and Supplementary and Amendatory Complaint, admits, denies and alleges as follows:

    In addition to the defendants hereinabove designated individually, the Summons issued April 9, 1958 in relation to the Supplementary and Amendatory Complaint of plaintiff names ALEXANDER VAIL, MARGARET LOUISE VAIL, NATHON RUSSELL VAIL JR. and VAIL COMPANY, INC. as defendants; this Amended Answer is filed on

9987
INDEXED

1  behalf of said defendants whose interests in said property under
2  this litigation are also as shareholders of VAIL COMPANY.

### FIRST DEFENSE

I

Defendants herein having on March 12, 1951 filed in this Court an Answer to plaintiff's original Complaint adopts and reaffirms all matters contained in said Answer heretofore filed except wherein any matters contained in said original Answer may be in conflict or contrary to any matters alleged in this Amended Answer.

II

Defendant, VAIL COMPANY, admits generally the allegations contained in paragraph I through IX of plaintiff's Supplementary and Amendatory Complaint.

III

In answer to Count I, II, III and IV of plaintiff's Supplementary and Amendatory Complaint, this answering defendant alleges that the allegations as contained in said Counts I, II, III and IV pertaining to the diversion, appropriation and condemnation and construction of a dam by the Fallbrook Public Utility District and whereas it appears from said Complaint that said appropriation and diversion of waters by the Fallbrook Public Utility District are downstream from the major acreage of the VAIL COMPANY and as it presently appears that said diversion or appropriation may not effect the rights to the use of water by VAIL COMPANY; said VAIL COMPANY does not controvert said allegations. However, should any appropriations or diversions of water by any defendants hereafter appear to effect the rights to the use of water by the VAIL COMPANY either because of the stipulated judgment, Exhibit "A" in said Supplementary and Amendatory Complaint or otherwise, then said VAIL COMPANY reserves the right to Amend or file an amendment to the within Answer if

such issues are created.

IV

Answering Count V of the Supplementary and Amendatory Complaint, this defendant admits all the allegations contained in Count V and in this behalf alleges that at the time of the issuance of said revocable license dated the 20th day of July, 1932 by the Rancho Santa Margarita, predecessors of interest in the United States of America, defendants herein consented to the issuance of such gratuitous and revocable license.

V

Defendants admit all of the allegations as contained in Count VI and VII of the Supplementary and Amendatory Complaint of plaintiff on file herein and in this behalf alleges that in so far as the controversy and dispute between the plaintiff and defendants Fallbrook Public Utility District and the Santa Margarita Mutual Water Company are concerned, that unless and until such time as any of the issues created by the allegations in said Counts are shown to effect the rights and interest of these defendants, these defendants aver that there may be no necessity for joining in the issues of these matters. However, if by reason of the stipulated Judgment, Exhibit "A" of plaintiff's Supplementary and Amendatory Complaint or otherwise, the rights and interests of these defendants are affected, they will then desire to amend this Answer so as to join in said issues.

VI

In answer to Counts VIII and IX of plaintiff's Supplementary and Amendatory Complaint, these defendants admit all of the allegations as contained in said Counts and in this respect allege that by reason of the present existence of the stipulated Judgment, Exhibit "A", that the reciprocal rights of the plaintiff and defendants herein to the use of water are threatened by the filing of condemnation proceedings by the Santa Margarita Mutual Water

Company and the further condemnation of the Rainbow Municipal Water District to acquire the interest of the Santa Margarita Mutual Water Company, that said condemnation would jeopardize and injure the rights of the plaintiff herein and these answering defendants and would cause irreparable damage and injury to said plaintiff and these defendants.

VII

In answer to Count X of the plaintiff's Supplementary and Amendatory Complaint these defendants admit the allegations as contained in Count X and in this behalf allege that since the hearing of August 12-14, 1957 before the California State Water Rights Board in San Diego, said California State Water Rights Board has acted upon said application by denying the application of the Santa Margarita Mutual Water Company and granted conditionally the application of the Fallbrook Public Utility District and unless said matters as alleged in Count X of the plaintiff's Supplementary and Amendatory Complaint are shown to affect the rights and interests of these answering defendants, said defendants will not participate in said controversy between the plaintiff and State of California and should the interests of these defendants hereafter shown to be affected thereby, leave of Court will be requested to make amendments to this Answer.

VIII

Answering Count XI of plaintiff's Supplementary and Amendatory Complaint these defendants have no knowledge of the matters as alleged therein, wherein said allegations are contrary to the original complaint on file herein and by reason of such lack of knowledge these defendants deny said allegations in Count XI.

IX

Answering Counts XII, XIII, XIV, these answering defendants admit all of the said allegations contained in said Counts except

4.

9930

that these defendants have no direct knowledge of all of the unlawful diversions of water as alleged by plaintiff in said Counts. However, in this connection, these defendants allege that on the Santa Margarita River Stream System and on many of its tributaries which flow into and through the properties of these defendants that there are numerous extractions and diversions unlawfully of large quantities of water by many defendants in this action; that said unlawful extractions and diversions have greatly affected the flow of water to the properties of these defendants and have in ever increasing amounts deprived these defendants to the rightful use of water to which they have a prior and paramount right.

X

Answering Counts XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV and XXV, these defendants have no information as to the claims of the plaintiff and by reason of such lack of information deny each and every material allegation as contained in said Counts.

SECOND AFFIRMATIVE DEFENSE

VAIL COMPANY hold title in fee simple to land in excess of 40,575 acres riparian to the Santa Margarita River. Of this land in excess of 29,410 acres can be practicably and profitably irrigated. If available in excess of 79,510 acrefeet of water from the Santa Margarita River could be applied profitably to these lands. At present due to the shortage of water, only about 4500 acres of land of the VAIL COMPANY are being irrigated.

In addition to the lands designated in the preceding paragraph, VAIL COMPANY holds title in fee simple to other large acreage riparian to many streams and tributaries of the Santa Margarita stream system and to which said VAIL COMPANY has a correlative right to the use of water together with other riparian owners on such streams and tributaries. Defendants further allege

5. 

S391

that other defendants in this action are unlawfully and without right appropriating and divesting from some of these streams and tributaries substantial amounts of water to which VAIL COMPANY has prior and paramount right.

VAIL COMPANY alleges that on August 16, 1946 an application to appropriate and divert waters from the Santa Margarita River was filed with the Department of Public Works of the State of California and after due legal process and proceedings a permit No. 7032 was duly issued by the State of California.

VAIL COMPANY further alleges that by permit No. 7032 issued by the Department of Public Works of the State of California on February 18, 1948, VAIL COMPANY has a right to appropriate and divert in accordance with the terms of said permit, 40,000 acre feet of water annually and that such right to appropriate said 40,000 acre feet annually is prior and paramount to the diversion or appropriation of any other parties to the within action.

Pursuant to the issuance of said permit by the State of California, VAIL COMPANY constructed a Dam known as VAIL DAM at the head of Nigger Canyon on the Temecula River. The gates of said dam were closed in the month of November, 1948. The storage capacity of said VAIL DAM is 50,000 acre feet. Other major facilities were constructed so as to make use of the waters impounded behind said dam for domestic, irrigation and other farm use.

### THIRD AFFIRMATIVE DEFENSE

There is on file in the Superior Court of the State of California, In and For the County of San Diego, an action entitled Barbee vs. Oviatt, No. 154140, which the defendants herein are parties in intervention; that said action involves the same issues in relation to the rights to the use of water by said parties of said action all of whom are defendants in the within action; that

all matters which could be determined by said action of Barbee vs Oviatt are the same matters that are at issue in this case; that, in view of the expanded issues involving all parties in the water shed of the Santa Margarita River Stream System to proceed further in any matters in the Barbee vs Oviatt case would be an unnecessary duplication of litigation to the parties therein concerned. In said case of Barbee vs Oviatt a reference was made by the Superior Court of San Diego County to the Department of Water Resources, State of California; that the Department of Water Resources, State of California thereafter issued a Special Report involving a study of the factual matters pertaining to the issue of Barbee vs Oviatt. However, thereafter in Bulletin #57 issued by said Department, the same matters and materials as contained by the reason of the reference by the Superior Court of San Diego County to the Department of Water Resources was republished in said Bulletin #57 which said Bulletin #57 published all matters pertaining to the entire water shed of the Santa Margarita River Stream System and which said Bulletin will be evidentiary matter in this case. Therefore, these defendants will request that this Court by supersedeas or some other proper legal action, hear and determine the issues in said case of Barbee vs Oviatt and thereby avoid the unnecessary duplication of hearing and trial in the Superior Court of San Diego County, California.

### FOURTH AFFIRMATIVE DEFENSE

On December 26, 1940 there was recorded in San Diego and Riverside Counties, State of California the stipulated judgment in the case In the Superior Court of the State of California, In and For the County of San Diego, case number #42850 entitled Rancho Santa Margarita, A corporation, plaintiff vs. N. R. Vail, defendant; said judgment being Exhibit "A" in plaintiff's Complaint and Supplementary and Amendatory Complaint; that said judgment by

1   reason of the passage of time, the changed conditions existing
2   on the Santa Margarita River Stream System, the expansion and
3   development and diversion of waters by plaintiff and other
4   defendants in this action and by reason of the inherent ambiguity
5   and inconsistency contained in said judgment and for the reason
6   that all of the parties having rights to the use of water on the
7   Santa Margarita River Stream System were not either parties,
8   plaintiff or defendant in said action and that said judgment
9   purported to settle issues only between the plaintiff and said
10  defendants in that action all being answering defendants in this
11  present cause together with two parties in intervention and whereas
12  in the present action all of the claimants to the use of water on
13  the Santa Margarita River Stream System and all owners of property
14  in the Santa Margarita Water shed are parties to the within action,
15  these defendants allege that said judgment is out-moded, is
16  contrary to law and has created inequities to the proper diversion
17  of water to the lawful claimants. Therefore said judgment should
18  be declared nul and void and that this Court should, in this
19  action, hear all evidence of facts pertaining to any matters
20  purporting to be affected by said stipulated judgment and in
21  this cause render judgment in accordance with equity and the
22  present law of the case.
23      WHEREFORE, defendant VAIL COMPANY, INC. and all defendants
24  to the within answer pray:
25      1. That this Honorable Court declare, determine and
26  adjudge that all of the rights to the use of water on the Santa
27  Margarita River and the Santa Margarita River System, its
28  streams and tributaries in this action are prior and paramount
29  to all of the rights to the use of water claimed by any of the
30  other parties to the within action;
31      2. That this Honorable Court declare, determine and
32  adjudge that insofar as the riparian rights to the water claimed

by the defendants to this answer are concerned, that the said defendants herein share correlatively in the available supply of water in the Santa Margarita River System, its streams and tributaries, with all other owners of riparian rights to the use of water in the stream;

3. That this Honorable Court determine and decree the respective rights of all parties to the litigation as relate to one another;

4. That this Honorable Court quiet the title of the defendants herein in and to its right to the use of water in the Santa Margarita River, its streams and tributaries, as against the adverse claim of any other parties to this action;

5. That this Honorable Court determine, declare and adjudge all of the rights to the use of water asserted by any of the parties to this cause in the Santa Margarita River, its streams and tributaries, as subject and subordinate to the rights of these defendants to the continued and undiminished flow of the Santa Margarita River, its streams and tributaries, above and through the lands over which said waters flow, to any of the lands of these defendants.

6. That this Honorable Court enjoin any of the parties to this action from invading or threatening to invade the rights to the use of water, title of which is in defendants to this Answer, that it enjoin all parties from asserting adverse claims to the rights of the use of said water against the rights of these defendants.

7. That this Honorable Court declare null and void, and of no force and effect, the stipulated judgment, Exhibit "A" in plaintiff's complaint herein, or modify, change or amend said judgment in accordance with the present existing law, and the evidence in this case.

9.

6995

8. That this Honorable Court grant to these defendants such further and additional relief as may be proper.

O'MELVENY & MEYERS AND
GEORGE STAHLMAN
By: *[signature]*
Attorney for Defendants