(SPACE BELOW FOR FILING STAMP ONLY)

1
2
3

LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK. CALIFORNIA
RANDOLPH 8-1154

F I L E D

MAY 8 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

4

5   Attorneys for ___Defendants___

6
7

8         IN THE UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10                SOUTHERN DIVISION

11   UNITED STATES OF AMERICA,

12                    Plaintiff,

13          vs.

14   FALLBROOK PUBLIC UTILITY DISTRICT,
     ET AL.,

15

16                Defendants.

CIVIL No. 1247-SD-C

ANSWER OF FALLBROOK PUBLIC
UTILITY DISTRICT

17         Defendant Fallbrook Public Utility District, a public

18   service corporation organized and existing under the laws of the

19   State of California, appearing for itself alone and not for any

20   other defendant herein, by way of answer to plaintiff's Complaint

21   and Supplementary and Amendatory Complaint, admits, denies and

22   alleges as follows:

23                    FIRST DEFENSE

24                         I

25         Defendant has no information or knowledge sufficient to

26   form a belief as to the truth of the allegations contained in

27   paragraph I of plaintiff's Complaint, and therefore denies all of

28   the allegations therein contained except that defendant admits

29   that the United States instituted this action to have declared

30   its rights to the use of water of the Santa Margarita River.

31                         II

32         Defendant has no knowledge or information sufficient to

INDEXED                        - 1 -                    10089

1  form a belief as to the truth of the allegations contained in

2  paragraph II of plaintiff's Complaint, and therefor denies all

3  of the allegations therein contained, except that defendant

4  admits that Camp Joseph H. Pendleton, the United States Naval

5  Ammunition Depot and the United States Naval Hospital referred to

6  therein are located in the Counties of San Diego and Orange,

7  California, and are military establishments of the United States.

8                                  III

9        Defendant has no information or knowledge sufficient

10 to form a belief as to the truth of the allegations contained

11 in paragraph III of plaintiff's Complaint and therefor denies

12 all of said allegations for want of information or belief.

13                                  IV

14       Admits the allegations of paragraph IV of plaintiff's

15 Complaint except as hereinafter noted:

16       (a) Denies that the Santa Margarita River is the only

17 source of water for the military reservations named, and on the

18 contrary alleges that the United States has many other sources

19 of water available within the reservations and outside the

20 watershed of the Santa Margarita River, and has also available

21 imported water from the Colorado River through the aqueducts of

22 the Metropolitan Water District of Southern California.

23       (b) Denies that encroachments by this defendant

24 threatened the destruction of any underground basin;  denies that

25 salt water intrusion threatens any underground basin;  denies

26 that any wells have been destroyed by salt water intrusion; and

27 denies that there have been any encroachments by this defendant

28 upon the rights of the United States.

29                                  V

30       Answering paragraph V of plaintiff's Complaint defen-

31 dant admits the trial of the action referred to therein, but

32 alleges that the decision of the trial court was reversed by the

                                - 2 -

                                                      10090

1  Supreme Court of the State of California (Rancho Santa Margarita
2  vs Vail  11 Cal.(2d) 501).  Defendant admits that a stipulated
3  judgment was entered into between the plaintiff in that action
4  and the defendant Vail interests, but defendant denies that the
5  said stipulated judgment affects any right of this defendant
6  or any rights of any person other than the parties to the said
7  stipulated judgment.

8                                VI

9          Answering paragraph VI of plaintiff's Complaint
10 defendant admits that plaintiff is the successor in interest of
11 the Rancho Santa Margarita, but denies that plaintiff is entitled
12 to or can claim as against this defendant any rights, title,
13 interests or privileges purported to have been given it by the
14 stipulated judgment referred to in said paragraph;  or that
15 plaintiff is entitled to or can claim as against this defendant
16 any amount of water greater than the amount which may be
17 reasonably required for riparian purposes on that portion of
18 plaintiff's lands which are riparian to the Santa Margarita River.

19                               VII

20          Denies the allegations of paragraphs VII, VIII and IX
21 of plaintiff's Complaint.

22          ANSWERING COUNT II OF PLAINTIFF'S SUPPLEMENT TO
23 COMPLAINT:

24                                I

25          Re-alleges and re-avers its answer to plaintiff's
26 Complaint.

27                                II

28          Admits paragraph II of Count II.

29                               III

30          Denies the allegations of paragraph III of Count II.

31                                IV

32          Further answering Count II defendant alleges that

                            - 3 -                        10091

1  its Applications Nos. 12178 and 12179, together with Applications

2  Nos. 11578 and 12152 of the Santa Margarita Mutual Water Company

3  and Application No 12576 of the United States Navy were heard

4  before the Water Rights Board of the State of California August

5  12-14, 1957, and that thereafter on April 11, 1958 the said

6  Water Rights Board rendered its decision denying Applications

7  Nos. 11578 and 12152 of the Santa Margarita Mutual Water Company,

8  and denying Applicati n No. 12576 of the United States Navy and

9  granting Applications Nos. 12178 and 12179 of this defendant.

10 That by reason of the said action of the California State Water

11 Rights Board this defendant now holds Permits No.s _____

12 and _____, bearing effective dates of Nov. 28, 1947,

13 each of the said Permits authorizing the appropriation for

14 storage of not to exceed 10,000 acre feet per annum of the waters

15 of the Santa Margarita River.

16         ANSWERING COUNT III OF PLAINTIFF'S SUPPLEMENT TO

17 COMPLAINT:

18                                I

19         Re-alleges and re-avers its answer to plaintiff's

20 Complaint and to Count II of plaintiff's Supplement to Complaint.

21                                II

22         Denies the allegations of paragraph II of Count III,

23 and on the contrary alleges that this answering defendant has

24 for many years prior to the filing of this action asserted rights

25 in and to the waters of the Santa Margarita River, as more fully

26 set forth in this answering defendant's affirmative defenses.

27                               III

28         Denies the allegations of paragraphs III, IV and V

29 of Count III.

30         ANSWERING COUNT IV OF PLAINTIFF'S SUPPLEMENT TO

31 COMPLAINT:

32                                1

                              - 4 -

1   Re-alleges and re-avers its answer to plaintiff's
2   Complaint and to Counts II and III of plaintiff's Supplement
3   to Complaint.

4                              II

5          Answering paragraph II of Count IV, this defendant
6   admits that it is in the process of condemning land for a dam
7   and reservoir on the Santa Margarita at what is known as the
8   "Fallbrook-Lippincott site", east of the boundary of Camp Pendle-
9   ton, but this defendant denies that such condemnation is being
10  undertaken only in connection with Applications 12178 and 12179.
11  On the contrary this defendant alleges that such condemnation
12  is being undertaken in connection with all of the water rights
13  of this defendant.

14                             III

15         Answering paragraph III of Count IV this defendant
16  alleges that the reservoir which it contemplates constructing
17  is planned for a storage capacity of 35,000 acre feet;  denies
18  all the other allegations of said paragraph.

19                              IV

20         Denies the allegations of paragraphs IV and V of
21  Count IV.

22  ANSWERING COUNT V OF PLAINTIFF'S SUPPLEMENT TO
23  COMPLAINT:

24                              I

25         Re-alleges and re-avers its answer to plaintiff's
26  Complaint and to Counts II, III and IV of plaintiff's Supplement
27  to Complaint.

28                              II

29         Denies the allegations of paragraphs II, III, IV, V
30  and VII of Count V, except that this defendant admits that on
31  October 11, 1946 it filed Application No. 11586, as alleged
32  in Paragraph IV.

III

Admits the allegations of paragraph VI of Count V.

ANSWERING COUNT VI OF PLAINTIFF'S SUPPLEMENT TO
COMPLAINT:

I

Re-alleges and re-avers its answer to plaintiff's
Complaint and to Counts II, III, IV and V of plaintiff's
Supplement to Complaint.

II

Defendant has no knowledge or information sufficient
to form a belief as to the truth of the allegations of Count
VI and therefore denies all the allegations contained in said
Count VI for want or information or belief.

ANSWERING COUNT VII OF PLAINTIFF'S SUPPLEMENT TO
COMPLAINT:

I

Re-alleges and re-avers its answer to plaintiff's
Complaint and to Counts II, III, IV, V and VI of plaintiff's
Supplement to Complaint.

II

Denies all of the allegations of Count VII insofar
as said allegations concern this answering defendant.  Defendant
has no information or knowledge sufficient to enable it to
form a belief as to the allegations of said Count which concern
Santa Margarita Mutual Water Company and therefor denies said
allegations for want of information or belief.

ANSWERING COUNT VIII OF PLAINTIFF'S SUPPLEMENT TO
COMPLAINT:

I

Re-alleges and re-avers its answer to Counts II, III,
IV, V, VI and VII of plaintiff's Supplement to Complaint.

## II

Defendant has no knowledge or information sufficient to enable it to form a belief as to any of the allegations of Count VIII and therefor denies all of said allegations for want of information or belief.

### ANSWERING COUNT IX OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

#### I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII and VIII of plaintiff's Supplement to Complaint.

#### II

Defendant has no knowledge or information sufficient to enable it to form a belief as to the allegations contained in Count IX, and therefore denies all of said allegations for want of information or belief.

### ANSWERING COUNT X OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

#### I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII, VIII and IX of plaintiff's Supplement to Complaint.

#### II

Answering paragraphs II and III of Count X, defendant admits that on August 12-14, 1957 the Water Rights Board held a hearing upon Applications Nos. 12178 and 12179 of this defendant, and also upon Applications Nos. 11578 and 12152 of the Santa Margarita Mutual Water Company and Application No. 12576 of the United State Navy.  Defendant alleges that thereafter the said  Water Rights Board issued to this defendant its Permits Nos._____ and _____, each bearing the effective date of November 28, 1947, and each to appropriate for storage not to exceed 10,000 acre feet per annum of the waters of the

LAW OFFICES
SACHSE AND PRICE
1082 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 7 -

10095

Santa Margarita River.  Defendant further alleges that the said
Water Rights Board in the same decision denied the applications
of the Santa Margarita Mutual Water Company and the United
States Navy.

### III

Answering paragraphs IV and V of Count X, defendant
alleges that the decision of the Water Rights Board referred to
above determined that surplus waters existed in the Santa
Margarita River available for appropriation and determined that
the applications of this defendant best served the public
interest and should be granted.  Defendant further alleges that
the determination of the existence of surplus water in a
non-navigable intra-State stream, and the action upon applications
to appropriate such surplus water are matters solely within the
jurisdiction of the State Water Rights Board and not within the
jurisdiction of this Court.

### ANSWERING COUNT XI OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

### I

Re-alleges and re-avers its answer to plaintiff's
Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX and X
of plaintiff's Supplement to Complaint.

### II

Denies the allegations contained in Count XI.

### ANSWERING COUNT XII OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

### I

Re-alleges and re-avers its answer to plaintiff's
Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X
and XI of plaintiff's Supplement to Complaint.

### II

Denies the allegations contained in paragraphs

LAW OFFICES
BACHRE AND PRICE

1  II and III of Count XII.

2               III

3        Answering paragraph IV of Count XII this defendant
4  admits that it maintains a pumping plant at the location stated
5  in said paragraph, but denies all the other allegations of
6  said paragraph.

7               IV

8        Defendant has no knowledge or information sufficient
9  to enable it to form a belief as to any of the allegations of
10  paragraphs V, VI and VII of Count XII, and therefore denies
11  all of the allegations of said paragraphs for want of information
12  or belief.

13               V

14        Answering paragraph VIII of Count XII this defendant
15  denies that any of its acts alleged have invaded the rights
16  of the United States. Defendant has no knowledge or information
17  sufficient to enable it to form a belief as to the other allega-
18  tions of said paragraph and therefore denies such allegations
19  for want of information or belief.

20               VI

21        Denies the allegations of paragraph IX of Count XII.

22        ANSWERING COUNT XIII OF PLAINTIFF'S SUPPLEMENT TO
23  COMPLAINT:

24               I

25        Re-alleges and re-avers its answer to plaintiff's
26  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI
27  and XII of plaintiff's Supplement to Complaint.

28               II

29        Defendant has no knowledge or information sufficient
30  to enable it to form a belief as to any of the allegations
31  contained in Count XIII and therefore denies all of said allega-
32  tions for want of information or belief.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

10097

1  ANSWERING COUNT XIV OF PLAINTIFF'S SUPPLEMENT TO
2  COMPLAINT:
3            I
4       Re-alleges and re-avers its answer to plaintiff's
5  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X,
6  XI, XII, and XIII of plaintiff's Supplement to Complaint.
7            II
8       Defendat admits that the language quoted in para-
9  graph II of Count XIV appears in the decision of the United
10  States Circuit Court of Appeals as cited.  Defendant denies
11  that said language represents the decision of the said Court
12  and on the contrary alleges that said language is dicta.
13  ANSWERING COUNT XV OF PLAINTIFF'S SUPPLEMENT TO
14  COMPLAINT:
15            I
16       Re-alleges and re-avers its answer to plaintiff's
17  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X,
18  XI, XII, XIII and IXV of plaintiff's Supplement to Complaint.
19            II
20       Defendant has no knowledge or information sufficient
21  to enable it to form a belief as to the allegations contained in
22  paragraphs II, III and IV of Count XV, and therefore denies all
23  of said allegations for want of information or belief.
24            III
25       Denies the allegations of paragraphs V and VI of
26  Count XV.
27  ANSWERING COUNT XVI OF PLAINTIFF'S SUPPLEMENT TO
28  COMPLAINT:
29            I
30       Re-alleges and re-avers its answer to plaintiff's
31  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X,
32  XI, XII, XIII, IXV and XV of plaintiff's Supplement to Complaint

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK. CALIF.
RANDOLPH 8-1154

- 10 -

II

Defendant has no knowledge or information sufficient to enable it to form a belief as to the allegations contained in paragraphs II and III of Count XVI and therefore denies all of said allegations for want of information or belief.

III

Denies the allegations contained in paragraphs IV and V of Count XVI.

ANSWERING COUNT XVII OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, and XVI of plaintiff's Supplement to Complaint.

II

Admits the allegations of paragraph II of Count XVII.

III

Defendant has no knowledge or information sufficient to enable it to form a belief as to the allegations contained in paragraphs III and IV of Count XVII and therefore denies all of said allegations for want of information or belief.

IV

Denies the allegations contained in paragraphs V and VI of Count XVII.

ANSWERING COUNT XVIII OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII of plaintiff's supplement to complaint.

LAW OFFICES
SACHSE AND PRICE

1  Defendant has no knowledge or information sufficient
2 to enable it to form a belief as to the allegations contained in
3 paragraphs II, III, IV, V, VI, VIII and XI of Count XVIII, and
4 therefore denies all of said allegations for want of information
5 or belief.

6  III

7  Denies the allegations contained in paragraphs
8 VII, IX and X of Count XVIII.

9  ANSWERING COUNT XIX OF PLAINTIFF'S SUPPLEMENT TO
10 COMPLAINT:

11  I

12  Re-alleges and re-avers its answer to plaintiff's
13 Complaint and to Count II, III, IV, V, VI, VII, VIII, IX, X, XI,
14 XII, XIII, XIV, XV, XVI, XVII and XVIII of plaintiff's supplement
15 to complaint.

16  II

17  Defendant has no knowledge or information sufficient
18 to form a belief as to the allegations contained in paragraphs
19 II and III of Count XIX, and therefore denies all of said
20 allegations for want of information or belief.

21  III

22  Denies the allegations of paragraphs IV and V of
23 Count XIX.

24  ANSWERING COUNT XX OF PLAINTIFF'S SUPPLEMENT TO
25 COMPLAINT:

26  I

27  Re-alleges and re-avers its answer to plaintiff's
28 Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI,
29 XII, XIII, XIV, XV, XVI, XVII, XVIII and XIX of plaintiff's
30 supplement to complaint.

31  II

32  Answering paragraph II of Count XX this defendant

LAW OFFICES
BACHSE AND PRICE
1098 S. MAIN STREET
FALLSBROOK, CALIF.
RANDOLPH 8-1154

70100

1   denies that the United States can claim or has any right to the
2   use of water on the lands set forth except insofar as it may have
3   riparian rights on a portion of said lands and except insofar as
4   it may have perfected appropriative rights under the laws of the
5   State of California for a portion of said lands.  This defendant
6   has no knowledge or information sufficient to form a belief as
7   to the extent of such rights of the United States.

8   ANSWERING COUNT XXI OF PLAINTIFF'S SUPPLEMENT TO
9   COMPLAINT:

10                                  I

11          Re-alleges and re-avers its answer to plaintiff's
12   Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI,
13   XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX and XX of plaintiff's
14   supplement to Complaint.

15                                  II

16          Denies all of the allegations of paragraph II of
17   Count XXI.  Further answering said paragraph II this defendant
18   alleges that all of the diversions of water made by the United
19   States have been downstream from and below all of the lands of
20   all defendants herein, and have been downstream from and below
21   all of the diversions of this defendant, and for that reason none
22   of the uses or diversions of the United States have been adverse
23   to any of the defendants herein.

24                                  III

25          Denies all the allegations contained in paragraph
26   III of Count XXI.  Further answering paragraph III this defendant
27   alleges that nowhere in Count XXI or in any of the matter incor-
28   porated therein by reference is there any allegation that any use
29   of water has been made by the United States upon the lands in
30   question.

31   ANSWERING COUNT XXII OF PLAINTIFF'S SUPPLEMENT TO
32   COMPLAINT:

LAW OFFICES
BACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 13 -

10101

I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX and XXI of plaintiff's supplement to Complaint.

II

Defendant has no knowledge or information sufficient to enable it to form a belief as to the allegations of paragraphs I and II of Count XXII and therefore denies all of said allegations for want of information or belief.  Further answering paragraphs I and II defendant alleges that the United States has made no  appropriations of water under the laws of the State  of California for any purposes in connection with the military reservations referred to, and that all diversions and use of water on said reservations are without right and in excess of the rights of the United States, and in violation of the laws of the State of California.

III

Denies all of the allegations contained in paragraph III of Count XXII.

ANSWERING COUNT XXIII OF PLAINTIFF'S SUPPLEMENT TO COMPLAINT:

I

Re-alleges and re-avers its answer to plaintiff's Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI and XXII of plaintiff's supplement to Complaint.

Answering paragraph II of Count XXIII defendant admits that in connection with its riparian lands the United States has a right to correlatively share in the use of the waters of the Santa Margarita River with other riparian landowners, so long as the waters are put to proper riparian uses by the

LAW OFFICES
BACHSE AND PRICE
1088 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1184

- 14 -

10102

1  United States.  Denies all the other allegations of paragraph II.

2              III

3              Denies the allegations of paragraph III.  Further

4  answering paragraph III defendant alleges that the uses to which

5  the United States is presently putting its water on the military

6  reservations are not proper riparian uses, but are in fact

7  municipal uses.  Further answering said paragraph III defendant

8  alleges that to the extent that any of the uses to which the

9  United States is presently putting water of the Santa Margarita

10  are in fact proper riparian uses, such uses are in fact unreason-

11  able uses.

12              ANSWERING COUNT XXIV OF PLAINTIFF'S SUPPLEMENT TO

13  COMPLAINT:

14              I

15              Re-alleges and re-avers its answer to plaintiff's

16  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X,

17  XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII and

18  XXIII of plaintiff's supplement to Complaint

19              II

20              Admits the allegations of paragraph II of Count

21  XXIV except that this defendant denies that the United States has

22  any storage right to the waters of the Santa Margarita River.

23  Further answering said paragraph II this defendant alleges that

24  on April 10, 1958 the California State Water Rights Board rejected

25  Application No. 12576 of the United States Navy, and that the

26  United States no longer has any rights under said Application.

27              ANSWERING COUNT XXV OF PLAINTIFF'S SUPPLEMENT TO

28  COMPLAINT:

29              I

30              Re-alleges and re-avers its answer to plaintiff's

31  Complaint and to Counts II, III, IV, V, VI, VII, VIII, IX, X,

32  XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII,

LAW OFFICES
SACHSE AND PRICE

XXIII and XXIV of plaintiff's supplement to Complaint.

II

Denies all of the allegations of paragraph II of Count XXV.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES:

I

Defendant is a public utility district organized and existing under the laws of the State of California and at all times since 1922 has been engaged in the business of supplying water for domestic, irrigation and municipal uses to the lands within its boundaries and the people living thereon.

II

The local water supply available within the boundaries of the District has been and is now wholly inadequate to supply the needs of the lands and people residing within the District, and the District has been and is now required to import practically all of its water supply from outside sources, including the Santa Margarita River.

III

Defendant is the owner of the following rights to appropriate water from the Santa Margarita River for domestic, irrigation, municipal and other beneficial uses within the boundaries of the District:

(a) License No. 4906 of the State of California, effective date October 11, 1946, to divert two and one-half cubic feet per second (2.5 cfs) of the stream flow of the Santa Margarita River for domestic and municipal purposes.

(b) Permit No. 8511 of the State of California effective date October 11, 1946, to store not to exceed 10,000 acre feet per annum of the waters of the Santa Margarita River for domestic, municipal purposes.

LAW OFFICES
GACHSE AND PRICE
1093 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1184

10104

1          (c) Pursuant to decision No. D 897, of the State

2   of California Water Rights Board dated April 10, 1958, a Permit

3   to store not to exceed 9500 acre feet per year of the waters

4   of the Santa Margarita River during the period November 1 through

5   June 1 of each year, for domestic, municipal and irrigation

6   purposes will be issued to this Defendant.

7          (d) Pursuant to decision No. D 897, of the State

8   of California water Rights Board dated April 10, 1958, a Permit

9   to store not to exceed 8500 acre feet per annum of the waters of

10  the Santa Margarita River during the period November 1 through

11  June 1 of each year, for domestic, municipal and irrigation

12  purposes will be issued to this Defendant.

13         (e) Under Decision No. D 897 of the State of Cali-

14  fornia Water Rights Board referred to above, the said Board

15  granted to this Defendant permission to file within 60 days a

16  petition to change the points of diversion of 500 acre feet per

17  annum requested under Application 12178 from Rainbow Creek to the

18  Santa Margarita River, and to change the point of diversion of

19  1500 acre feet per annum requested under Application No. 12179

20  from Sandia Creek to the Santa Margarita River. It is the inten-

21  tion of this Defendant to file such petitions and Defendant

22  therefore asserts additional rights to store 2000 acre feet per

23  annum of the waters of said tributaries of the Santa Margarita

24  River in said Santa Margarita River for domestic, municipal and

25  irrigation use.

26                              IV

27         In addition to the rights to appropriate water from

28  the Santa Margarita River set forth above, this Defendant is the

29  owner of lands within the watershed of the Santa Margarita River,

30  all of which lands are riparian to the Santa Margarita River or

31  its tributaries. A tabulation of said lands is attached hereto

32  marked "Exhibit A" and made a part hereof by reference. Defendant

claims full correlative riparian rights in and to the waters of the
Santa Margarita River and its tributaries in an amount not to
exceed 4.2 acre feet per acre per annum for all of said lands
described in Exhibit A.

V

In addition to the rights to appropriate water set forth
above, and in addition to the riparian rights set forth above,
Defendant has been designated and authorized by other riparian
landowners as their agent for the purpose of diverting and
delivering to them their respective shares of the waters of the
Santa Margarita River and its tributaries which Defendant has
agreed to do.  Attached hereto marked "Exhibit B" and made a part
hereof by reference is a list of the landowners who have so desig-
nated this Defendant to act as their agent and a statement of the
riparian lands of each of such landowners.  Defendant claims in
behalf of said landowners full correlative riparian rights in and
to the waters of the Santa Margarita River and its tributaries in
an amount not to exceed 4.2 acre feet per acre per annum for all of
said lands set forth in Exhibit B.

VI

In addition to the appropriative and riparian rights set
forth in paragraphs IV, V and VI above, this Defendant claims a
prescriptive right against Plaintiff herein to divert from the
Santa Margarita River 10 Miner's Inches of stream flow (90 gallons
per minute).  This right is based upon the fact that this Defendant
continuously, openly, notoriously and adversely to Plaintiff herein
diverted that amount of water from the Santa Margarita River com-
mencing January 21, 1942 and continuing to the present date.

VII

Defendant alleges that all of its rights set forth
herein are prior and paramount to all of the rights of plaintiff
set forth in Plaintiff's Complaint, excepting that the riparian

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 18 -

10106

1  rights stated herein are correlative with the riparian rights of

2  Plaintiff and all other riparian landowners on the stream.

3        AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, THIS

4  DEFENDANT ALLEGES:

5                    I

6        Repeats and re-alleges the same as though set forth

7  herein in full the allegations contained in paragraphs I and II

8  of its Second, Separate and Affirmative Defense.

9                  II

10       The Fallbrook Public Utility District comprises an

11 area of approximately 8192 acres, approximately 1800 acres of which

12 area are within the watershed of the Santa Margarita River.  Since

13 1922, the District has imported into its area and sold and distribu-

14 ted within the watershed of the Santa Margarita River large quan-

15 tities of water from the Santa Margarita River, the San Luis Rey

16 River and the Colorado River through the facilities of the Metro-

17 politan Water District of Southern California and the San Diego

18 County Water Authority.  A substantial portion of the water so

19 imported and used within the District, to-wit, in excess of 25%,

20 seeps down into and percolates along through underground strata

21 underlying the lands within the District and returns to the Santa

22 Margarita River and its tributaries.

23                III

24       Defendant alleges that the return flow to the Santa

25 Margarita River referred to in paragraph II above is in fact far

26 greater than its diversions from the Santa Margarita River, and

27 that the diversions of this Defendant do not in fact reduce the

28 water supply available to Plaintiff, but that on the contrary, the

29 water supply available to Plaintiff is greatly increased by reason

30 of the return flow of waters imported by this Defendant.

31       AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, THIS

32 DEFENDANT ALLEGES:

I

The precipitation in the watershed of the Santa Margarita River and its tributaries is largely concentrated in the months of November through April of each year, and it is characteristic of the flow of the Santa Margarita River and its tributaries that over ninety per cent (90%) of the run-off occurs during those months.  During those months, there exists a large surplus of water in the Santa Margarita River over and above the needs of all riparian owners for any reasonble and beneficial use.

II

All of said surplus waters are available for appropriation under the laws of the State of California and this Defendant has appropriated such waters as heretofore set forth in paragraph III of its Second, Separate and Affirmative Defense, which is made a part hereof by reference.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

I

All of the uses to which plaintiff is putting the waters of the Santa Margarita River within the military reservations are unreasonable uses and non-riparian uses and plaintiff is without any right to demand that any part of the flow of the Santa Margarita River or its tributaries be allowed to reach such military reservations for the uses to which such waters are presently being put.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

I

The purported causes of action set forth in Plaintiff's Complaint and Supplementary and Amendatory Complaint herein are barred by the provisions of Sections 318 and 339(2) of the Code of Civil Procedure of the State of California.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS
DEFENDANT ALLEGES:

I

On or about October 11, 1946, this Defendant filed its
Application No. 11586 with the State of California to appropriate
waters of the Santa Margarita River.  Notice of said Application
was duly given the United States of America and the United States
of America entered its appearance before the Department of Public
Works, Division of Water Resources, State of California, and took
part in the hearings upon said Application and acquiesced in the
granting of Permit No. 7033 thereon.  The time for appeal from
the Order granting said Permit has expired and Plaintiff is now
forever barred from asserting the invalidity of said Permit No.
7033.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS
DEFENDANT ALLEGES:

I

On or about June 30, 1948, Plaintiff filed its
Application No. 12576 with the State of California to appropriate
165,000 acre feet of water from the Santa Margarita River.  Said
Application was thereafter amended by plaintiff in numerous respects
and was duly noticed for hearing before the State Water Rights
Board of the State of California on August 12, 1957.  Thereafter,
on or about April 10, 1958, the said State Water Rights Board
made its Order denying the said Application, and that thereby all of
the claimed rights of the Plaintiff to the use of water upon the
military reservations, excepting purely riparian rights, have been
determined adversely to the claims of the plaintiff herein.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, THIS
DEFENDANT ALLEGES:

I

Repeats and re-alleges the same as though set forth

LAW OFFICES
SACHSE AND PRICE

herein in full the allegations contained in the Sixth and Seventh
Separate and Affirmative Defenses of this Defendant.

                                II

        By reason of the matter herein set forth, Plaintiff is
estopped from denying the validity of the appropriative water
rights claimed by this Defendant.

        WHEREFORE, this defendant prays:

        1.  That Plaintiff take nothing by its action.

        2.  That this Honorable Court adjudge and decree that
this defendant is the holder of appropriative rights to take and
divert waters of the Santa Margarita River as follows:

                (a)  Two and one-half cubic feet per second
(2.5 cfs) of the stream flow of said river.

                (b)  Thirty thousand acre feet of storage
rights to the waters of said river.

        3.  That this Honorable Court adjudge and decree that
this Defendant is, as against Plaintiff, the owner of a
prescriptive right to divert ten Miner's Inches (90 gallons per
minute) of the waters of the Santa Margarita River.

        4.  That this Honorable Court adjudge and decree
that this Defendant has a correlative right to the use of the
waters of the Santa Margarita River, together with all other
owners of lands riparian to said river, to the extent of this
Defendant's ownership of riparian lands as set forth herein.

        5.  That this Honorable Court adjudge and decree
that this Defendant, as agent for riparian owners as set forth
herein, as a correlative right to divert and distribute to
them their respective shares of the waters of the Santa
Margarita River, each to the extent of their respective
ownership.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

                            - 22 -

                                                    10110

1           6.  For this Defendant's costs of suit and for such

2  other and further relief as to the Court may seem just.

3

4                      SWING, SCHARNIKOW AND STANIFORTH

5                      SACHSE and PRICE

6

7              by _____

                   Attorneys for the Fallbrook Public

8                   Utility District

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

10111

10112

Exhibit A - 1

| Proprietor | Source of | Acres | Location |
|---|---|---|---|
| Kunkel | SMR | 17.72 | N½ SE¼ Sec 7 T7S R4W |
| Leutner | SMR | 2.56 | NE¼ NE¼ NE¼ Sec 8 T9S |
| Marshall | SMR | 3.96 | S½ NW¼ NE¼ Sec 7 T7S R4W |
| Mason | SMR | 0.96 | SW¼ NW¼ SE¼ NW¼ Sec 7 T7S R4W |
| Martin E.I. | Unnamed Creek | 0.38 | NW¼ NW¼ Sec 7 T7S R4W |
| Meinecke | SMR | 5.18 | N½ N½ SE¼ NW¼ Sec 7 T7S R |
| Mott | SMR | 11.24 | N½ NE¼ SE¼ Sec 2 & NW¼ NW¼ Sec 1 T7S R4W |
| Nicolas | Unnamed Creek | 1.02 | NE¼ NW¼ NW¼ NW¼ Sec 17 T9S R2W |
| Nicolas | SMR | 31.60 | SE¼ NW¼ Sec 12 T7S R4W |
| Pennick-Qua-Chadlan | Unnamed Creek | 4.69 | N½ SE¼ Sec 6 T9S R3W |
| Peters | SMR | 11.76 | SE¼ NW¼ Sec 4 T9S R3W |
| Poberland | SMR | 34.12 | W½ SW¼ Sec 4 T9S R3W |
| Lill | Sandia Creek | 195.50 | NE¼ & N½ SE¼ Sec 7 T9S R4W |
| Singleton | SMR | 8.88 | W¼ SW¼ SW½ Sec 4 T9S R3W |
| Smith Caroline | SMR | 141.80 | SW¼ Sec 2 T7S R4W |
| Smith Caroline | Unnamed Creek | 2.79 | W½ NE¼ NW¼ Sec 17 T9S R3W |
| Smyth | " | 2.05 | N½ NW¼ SW¼ E½ Sec 7 T9S |
| Smyth | " | 1.48 | SE¼ SE¼ SE¼ SE¼ Sec 7 T9S R3W |
| Smyth | SMR | 0.27 | SW¼ SW¼ Sec 7 T7S R4W |
| Stinton | SMR | 54.52 | W½ SE¼ & SW¼ NE¼ Sec 14 T9S R4W |
| Taylor | Sandia Creek | 24.09 | S½ S½ S½ Sec 2 T9S R4W |

771.02 acres

10-113
Exhibit A - 2

10114

Exhibit B

STATE OF CALIFORNIA,

COUNTY OF __San Diego__ } ss.

No. 1247-SD-C

__FRANZ R. SACHSE_____, being first duly sworn, says: That affiant, whose address is

__1092 S. Main Street, Fallbrook, California__

is a citizen of the United States, a resident of the county where the herein described mailing took place; over the age of 18 years and not a party to the above entitled action.

That affiant served the attached __ANSWER OF FALLBROOK PUBLIC UTILITY DISTRICT__

_____
(Copy title of paper served)

on the_____ __Plaintiff_____in said action, by placing a true copy thereof in an envelope addressed
(Name of party served)
as follows:

Mr. William H. Veeder, Department of Justice, Washington, D. C.
Mr. Adolphus Moskovitz, Library and Courts Bldg, Sacramento 7, California
Mr. John M. Cranston, 1410 Bank of America Building, San Diego 1, Calif.
(Name and address as shown on the envelope)

sealed and deposited on the__8__day of____May_____, 195_8_, in the United States Mail at

__Fallbrook, San Diego, California__
(Place of mailing, name of county)

with postage fully prepaid thereon, and that there is regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this__8th____

day of__May_____, 195_8_

_____          _____
Notary Public in and for said County and State

(SEAL)

Stuart's FORM 23                        My Commission expires__May 25, 1961____ 10115

Walter T. Dickey
5228 Eagle Rock Boulevard
Los Angeles 41, California

Telephone:

Defendant   -   In Pro Per

**FILED**

MAY 8 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )    NO. 1247-SD-C
                    Plaintiff,)
                                 )    ANSWER TO COMPLAINT
          v                      )
                                 )         AND
FALLBROOK PUBLIC UTILITY         )
DISTRICT, ET AL                  )    SUPPLEMENTARY   AND
                                 )
_____Defendants,)    AMENDATORY COMPLAINT

COMES NOW the defendant, Walter T. Dickey, and Walter T.
Dickey as  successor in interest with Ethel L. Dickey who is
deceased and answering the complaint on file herein, denies,
admits and alleges as follows:

                    I

These answering defendants heretofore filed an answer to
the original complaint, and heretofore by reference incorporates
all the provisions of that answer to the original complaint and
to this supplementary and amendatory complaint, which is more
particularly set out and designated as Count No. I.

                    II

Answering paragraphs II, III and IV of Count No. II of the
pleading of the plaintiff on file herein, these defendants
allege that they do not have sufficient information or belief to
enable them to answer any of the allegations in paragraphs II,
III and IV of Count No. II, and because of such lack of

INDEXED

-1-

10081

information and belief deny generally and specifically each and
every allegation contained in said paragraphs.

III

Answering paragraphs II, III and IV of Count No. III of the
pleading of the plaintiff on file herein, these defendants
allege that they do not have sufficient information or belief to
enable them to answer any of the allegations in paragraphs II,
III and IV of Count No. III, and because of such lack of
information and belief deny generally and specifically each and
every allegation contained in said paragraphs.

IV

Answering paragraph V of Count No. IV of the pleading of the
plaintiff on file herein, these defendants  allege that they do
not have sufficient information or belief to enable them to
answer any of the allegations in paragraph V of Count No. IV
and because of such lack of information and belief deny generally
and specifically each and every allegation contained in said
paragraph

V

Answering paragraphs VI and VII of Count No. V of the plead-
ing of the plaintiff on file herein, these defendants allege
that they do not have sufficient information or belief to enable
them to answer any of the allegations in paragraphs VI and VII
of Count No. V
and because of such lack of information and belief deny generally
and specifically each and every allegation contained in said
paragraphs.

VI

Answering paragraphs II, III, IV and V of Count No. VI of the
pleading  on file herein, these defendants allege that they do
not have sufficient information or belief to enable them to
answer any of the allegations in paragraphs II, III, IV and V of
Count No. VI, and because of such lack of information and belief

-2-

10082

1  deny generally and specifically each and every allegation

2  contained in said paragraphs.

3                              VII

4    Answering paragraphs II and III of Count No. VII of the

5  pleading on file herein, these defendants allege that they do

6  not have sufficient information  or belief to enable them to

7  answer any of the allegations in paragraphs II and III of Count

8  No. VII, and because of such lack of information and belief deny

9  generally and specifically each and every allegation contained

10  in said paragraphs.

11                             VIII

12    Answering paragraphs II, III and IV of Count No. VIII of the

13  pleading on file herein, these defendants allege that they do

14  not have sufficient information or belief to enable them to

15  answer any of the allegations in paragraphs II, III and IV of

16  Count No. VIII, and because of such lack of information and belief

17  deny generally and specifically each and every allegation contained

18  in said paragraphs.

19                              IX

20    Answering paragraphs II, III and IV of Count No. IX of the

21  pleading on file herein, these defendants allege that they do not

22  have sufficient information or belief to enable them to answer

23  any of the allegations in paragraphs  II, III and IV of Count

24  No. IX, and because of such lack of information and belief deny

25  generally and specifically each and every allegation contained

26  in said paragraphs.

27                              X

28    Answering paragraphs II, III, IV and V of Count No. X of the

29  pleading on file herein, these defendants allege that they do not

30  have sufficient information or belief to enable them to answer

31  any of the allegations in paragraphs II, III, IV and V of Count

32  No. X and because of such lack of information and belief deny

                              -3-                          10083

1   generally and specifically each and every allegation contained
2   in said paragraphs.

3                           XI

4     Answering paragraph II of Count No. XI of the pleading on file
5   herein, these defendants allege that they do not have sufficient
6   information or belief to enable them to answer any of the
7   allegations in paragraph II of Count No. XI, and because of such
8   lack of information and belief deny generally and specifically
9   each and every allegation contained in said paragraph.

10                          XII

11    Answering paragraphs II, IV,      VII, VIII and IX of Count XII
12  of the pleading on file herein, these defendants allege that they
13  do not have sufficient information or belief to enable them to
14  answer any of the allegations in paragraphs II, IV,      VII,
15  VIII and IX of Count XII, and because of such lack of information
16  and belief deny generally and specifically each and every allega-
17  tion  contained in said paragraphs.

18                         XIII

19    Answering paragraph V of Count XIII of the pleading on file here-
20  in, these defendants allege that they do not have sufficient
21  information or belief to enable them to answer any of the
22  allegations in paragraph V of Count XIII, and because of such
23  lack of information and belief deny generally and specifically
24  each and every allegation contained in said paragraph.

25                          XIV

26    Answering paragraphs II, III, IV and VI of Count No. XV of the
27  pleading on file herein, these defendants allege that they do not
28  have sufficient information or belief to enable them to answer
29  any of the allegations in paragraphs II, III, IV and VI of Count
30  No. XV and because of such lack of information and belief deny
31  generally and specifically each and every allegation contained
32  in said paragraphs.

10084

XV

Answering paragraphs II, III and V of Count No. XVI of the
pleading on file herein, these defendants allege that they do not
have sufficient information or belief to enable them to answer
any of the allegations in paragraphs II, III and V of Count No.
XVI, and because of such lack of information and belief deny
generally and specifically each and every allegation contained
in said paragraphs.

XVI

Answering paragraphs II, III, IV and VI of Count No. XVII of
the pleading on file herein, these defendants allege that they do
not have sufficient information or belief to enable them to answer
any of the allegations in paragraphs II, III, IV and VI of Count
No. XVII, and because of such lack of information and belief deny
generally and specifically each and every allegation contained
in said paragraphs.

XVII

Answering paragraphs II, III, IV, X and XI of Count No. XVIII
of the pleading on file herein, those defendants allege that they
do not have sufficient information or belief to enable them to
answer any of the allegations in paragraphs II, III, IV, X and
XI of Count No. XVIII, and because of such lack of information
and belief deny generally and specifically each and every
allegation contained in said paragraphs.

XVIII

Answering paragraphs II, III and V of Count No. XIX of the
pleading on file herein, these defendants allege that they do not
have sufficient information or belief to enable them to answer
any of the allegations in paragraphs II, III and V of Count No.
XIX, and because of such lack of information and belief deny
generally and specifically each and every allegation contained
in said paragraphs.

10085

XIX

Answering paragraph II of Count No. XX of the pleading on file
herein, these defendants allege that they do not have sufficient
information or belief to enable them to answer any of the
allegations in paragraph II of Count No. XX, and because of such
lack of information and belief deny generally and specifically
each and every allegation contained in said paragraph.

XX

Answering paragraph II and III of Count No. XXI of the pleading
on file herein, these defendants allege that they do not have
sufficient information or belief to enable them to answer any of
the allegations in paragraphs II and III of Count XXI, and be-
cause of such lack of information and belief deny generally and
specifically each and every allegation contained  in said
paragraphs.

XXI

Answering paragraphs I, II and III of Count No. XXII of the
pleading on file herein, these defendants allege that they do not
have sufficient information or belief to enable them to answer any
of the allegations in paragraphs  I, II and III of Count No. XXII
amd because of such lack of information and belief deny generally
and specifically each and every allegation contained in said
paragraphs.

XXII

Answering  paragraph III of Count NO. XXIII these defendants deny
specifically and generally each and every allegation contained
therein.

XXIII

Answering paragraph II of Count No. XXIV of the pleading on file
herein, these defendants allege that they do not have sufficient
information or belief to enable them to answer any of the

-6-

10086

1   allegations in paragraph II of Count No. XXIV and because of

2   such lack of information and belief deny generally and

3   specifically each and every allegation contained in said

4   paragraphs.

5                   XXIV

6     Answering paragraph II of Count NO. XXV these defendants deny

7   specifically and generally each and every allegation contained

8   therein.

9

10                      *Walter T. Dickey*

                          Walter T. Dickey

11

12

13                      *Walter T. Dickey*

                        Walter T. Dickey, as Successor

14                         In Interest to Ethel L. Dickey

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

(VERIFICATION — 446 and 2015.5 C.C.P.)

STATE OF CALIFORNIA, }
County of Los Angeles } ss.

I, the undersigned, say: I am ~~the~~ __one of the__ _____

__defendants__ _____

_____

in the above entitled action; I have read the foregoing____ ANSWER TO COMPLAINT

_____

and know the contents thereof; and that the same is true of my own knowledge, except as to the matters which are therein

stated upon my information or belief, and as to those matters that I believe it to be true.

_____

I certify (or declare) under penalty of perjury, that the foregoing is true and correct.

Executed on____ May __7__ __1958__ at ___ Los Angeles, _____, California.
              (date)                      (place)

_Walter T. Dickey_
              (Signature)

Received copy of the within_____ this ____ day of _____, 19____

_____

Attorney for_____

Received copy of the within_____ this ____ day of _____, 19____

_____

Attorney for _____

(PROOF OF SERVICE BY MAIL — 1013a, and 2015.5 C.C.P.)

STATE OF CALIFORNIA, }
County of Los Angeles } ss.

Marian U. Crouch
                                                        employed in
I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and a ~~resident~~ of the
County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that

~~My residence~~
My business address is____ 2261 Colorado Blvd., Los Angeles 41, Calif.

_____

that on__ May __7__ _____, 19 _58_, I served the within___ Answer

_____

on the __plaintiffs_____ in said action or proceeding by depositing a true copy thereof, inclosed in a sealed
envelope with postage thereon fully prepaid, in a mail-box, sub-post office, substation, or mail chute (or other like facility),
regularly maintained by the Government of the United States at¹ _____

in the City of Los Angeles, California addressed to the attorney_____of record for said __plaintiffs__

~~residence~~                                        Rm. J. Lee Rankin, Solicitor General
at the office  address of said attorney_____, as follows:² "  332, 325 West "F" Street,
                                                        San Diego, California

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed on____ May __7__ __1958__ at ___ 2261 Colorado Blvd.,Los Angeles ____, California
              (date)                      (place)

_Marian U. Crouch_
              (Signature)

10088

¹If deposited in the United States Post Office, cross out appropriate words and insert "in the United States Post Office". ²Here
quote from envelope name and address of addressee.