THOMPSON & COLEGATE
Attorneys at Law
Suite 405 Citizens National Bank Bldg.
Riverside, California.
Telephone OV 6-6800

Attorneys for Defendants, Searl Bros., etc.

# FILED

MAY 14 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By ................................
                              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California; and all other defendants named in the Summons attached to the Complaint, and whose names are by reference made a part of the "COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT" as though they were set forth fully herein,<br><br>Defendants. | NO. 1247-SD-C<br><br>ANSWER OF SEARL BROS., a Partnership, EDGAR L. SEARL, HARRY O. SEARL, HAZEL DELL SEARL, FLOYD L. SEARL, GERALD ERNEST SEARL, aka G.E.SEARL and LORENA G. SEARL, TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT. |

COME NOW the defendants, SEARL BROS., a Partnership, EDGAR L. SEARL, HARRY O. SEARL, HAZEL DELL SEARL, FLOYD L. SEARL, GERALD ERNEST SEARL, aka G. E. SEARL and LORENA G. SEARL, and severing themselves from the other defendants and appearing for themselves alone and by way of answer to the complaint and supplementary and amendatory complaint, admit, deny and allege as follows:

I.

Answering Paragraph I these defendants deny generally and specifically that they have committed an unlawful or any interference with the right, or any of the rights of the plaintiff in or to the use of the waters of the Santa Margarita River, or any of its tributaries. Said defendants are without knowledge or infor-

-1-

INDEXED

10199

1  mation sufficient to form a belief as to the truth of the remain-
2  ing averments contained in Paragraph I of the said complaint and
3  basing their denial thereon, deny the remaining allegations upon
4  said grounds.

5                              II.

6       Answering Paragraph II these defendants admit that Camp
7  Joseph H. Pendleton, located near Oceanside, California, the United
8  States Naval Ammunition Depot, Fallbrook, California, and the
9  United States Naval Hospital, located at Camp Joseph H. Pendleton,
10  are military establishments of the United States of America.  These
11  defendants allege that they are without knowledge or information
12  on the subject sufficient to enable them to answer the allegations
13  contained in said Paragraph II, other than those herein specifical-
14  ly admitted, and basing their denial on that ground, deny each and
15  every allegation.

16                             III.

17       Answering Paragraph III these defendants allege that they
18  have no information or belief on the subject sufficient to enable
19  them to answer the allegations contained in said Paragraph III,
20  and basing their denial on that ground deny each and every allega-
21  tion therein contained.

22                              IV.

23       Answering Paragraph IV these defendants deny generally
24  and specifically that they have in any way encroached upon any
25  rights of the plaintiff, or that any acts of these defendants have
26  threatened the destruction of any basin by reason of salt water
27  intrusion from the Pacific Ocean or any other reason or at all.
28  As to all other matters contained in said Paragraph these defend-
29  ants deny same both generally and specifically.  These defendants
30  further allege that they are the owners of certain lands located
31  in, and overlying, water basins known as Diamond and Domenigoni,
32  which are independent water basins and in no way support or main-

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10200

-2-

tain the Santa Margarita River or any of its tributaries and do
not constitute a common water course or source insofar as the
plaintiff herein or any of the other defendants are concerned.

V.

Answering Paragraph V these defendants admit that attached
to the complaint is a copy of the Stipulated Judgment in that
certain action filed in the Superior Court of the State of California
in and for the County of San Diego, therein numbered 42850 and
entitled "Rancho Santa Margarita, a corporation, Plaintiff vs.
N. R. Vail, et al, Defendants".  These answering defendants allege
that none of these answering defendants nor any of their prede-
cessors in interest were parties to the proceedings therein re-
ferred to nor were any of their claims involved in or adjudicated
in said proceedings and said stipulated judgment is not binding
nor material to any of the right, title or interest insofar as
these defendants are concerned.  Further answering said Paragraph
V these defendants deny generally and specifically each and every
allegation, statement, matter and thing set forth and alleged in
said Paragraph which are not specifically herein admitted to be
true.

VI.

Answering Paragraph VI these answering defendants allege
that none of these answering defendants, nor any of their prede-
cessors in interest were parties to the proceedings therein re-
ferred to nor were any of their rights involved in nor adjudicated
in said proceeding and said stipulated judgment is not binding
upon these answering defendants.  Further answering said paragraph
these defendants deny generally and specifically each and every
allegation, statement, matter and thing set forth and alleged
therein.

VII.

Answering Paragraph VII these answering defendants deny

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-3-

10201

1   generally and specifically each and every allegation, statement,
2   matter and thing set forth and alleged in said paragraph.
3                               VIII.
4           Answering Paragraph VIII of the Complaint these answer-
5   ing defendants deny generally and specifically each and every
6   allegation, statement, matter and thing set forth and alleged in
7   said paragraph.  Further answering said Paragraph these defendants
8   deny that the plaintiff has a paramount right, or any rights, in
9   and to the water of the Santa Margarita River or any of its tribu-
10  taries thereto, or in and to any of its subterranean basins and
11  in particular Diamond basin or Domenigoni basin in any amount or
12  at all, which are paramount to the rights of these answering de-
13  fendants.
14                              IX.
15          Answering Paragraph IX these answering defendants admit
16  that they have asserted and do now assert that they have the right
17  to use all of the water produced and extracted from and beneath
18  the hereinafter described lands which are owned by these defend-
19  ants and do have the right to use any and all quantities of water
20  which they may put to beneficial use upon said lands and that said
21  rights are paramount to any of the rights of plaintiff and to any
22  other defendants named in this action.  These defendants further
23  admit that they claim the right to extract water from the tribu-
24  taries of the Santa Margarita River, to which their lands are
25  riparian, and allege that said rights of these defendants are
26  paramount to the rights of the plaintiff herein and to all other
27  defendants.  These defendants further allege that they have the
28  right to the use of the water produced and extracted from and under
29  their land by the means of wells, springs or other method and to
30  apply said water so produced and extracted to said lands in such
31  quantities as the defendants have or can put to beneficial use and
32  without waste, and that said rights are paramount to the rights of

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-4-

10202

the plaintiff and all parties that they represent as well as all of the other named defendants.  Further answering said Paragraph these answering defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said Paragraph which are not specifically admitted to be true.

AS AND FOR A FIRST AFFIRMATIVE AND SEPARATE DEFENSE
TO THE COMPLAINT AND SUPPLEMENTARY AND AMENDATORY
COMPLAINT, THESE DEFENDANTS ALLEGE AS FOLLOWS,
TO WIT:

I.

The defendants are now and have been for many years last past, the owners of and persons entitled to possession of the following described lands situate in the County of Riverside, State of California, and more particularly described as follows:

PARCEL 1:  Lot 1 and the East half of the Southeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 2:  The Southeast quarter of the Southeast quarter of Section 31, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

Parcel 3:  Lot 1 and the East half of the Southeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 4:  The Southeast Quarter of the Northwest quarter; the East half of the Southwest quarter of the Northwest quarter; and the North half of the Southwest quarter of Section 13, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 5:  Lot 2 in Section 12, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 6:  The Southwest quarter and the West half of the Southeast quarter and Government Lot 2 in the Southwest quarter of the Northeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 7:  The South half of Section 31, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 8:  Fractional Section 32, Township 5 South, Range 1 West, San Bernardino Base and Meridian; EXCEPTING therefrom the South 600 feet of Government Lot 2.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10203

PARCEL 9: Government Lots 1 and 2 in Section 33, Township 5 South, Range 1 West, San Bernardino Base and Meridian; and the West half of the Southwest quarter of Section 33, Township 5 South, Range 1 West, San Bernardino Base and Meridian, which lies within the boundaries of Tract 16 of Rancho San Jacinto Viejo, as shown by map of Partition of said Rancho San Jacinto Viejo and particularly described in final decree of partition of said Rancho on file in the office of the County Clerk of San Diego County, in that certain action entitled: "A.M. Bouton vs. Miguel Pedororena, et al", which final decree of partition was filed in said action on November 22, 1882.

PARCEL 10: The Southwest quarter and the West half of the Southeast quarter and Government Lot 2 in the Southwest quarter of the Northeast quarter of Section 29, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 11: Lot "A" of Amended Map of Hemet-Riverside Walnut Estates Tract No. 2, as shown by map on file in Book 19 page 11 of Maps, Riverside County Records.

PARCEL 12: The west half of the Northwest quarter of Section 35, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 13: Government Lots 2, 3 and 4: also the Southeast quarter of the Southwest quarter, all in section 30, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 14: The South half of the Southeast quarter of Section 13, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 15: Section 7, Township 6 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 16: Lots 1 and 2 of Amended Map of Riverside Fig Farms, Unit No. 1, on file in Book 19 page 73 of Maps, Riverside County Records; and Government Lots 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15 and 16 in Section 1, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 17: Section 11, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 18: Government Lots 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of Section 12, Township 6 South, Range 2 West, San Bernardino Base and Meridian.

PARCEL 19: The South 600 feet of Government Lot 2 in the East half of the Southeast quarter of Section 32, Township 5 South, Range 1 West, San Bernardino Base and Meridian.

PARCEL 20: Section 32, Township 6 South, Range 1 West.

PARCEL 21: The west half of the Northwest quarter of Section 35, Township 6 South, Range 1 West.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10204

PARCEL 22:  Such other lands owned by these defendants and located within the Santa Margarita Water Shed.

These defendants allege that the lands hereinabove described are riparian to certain creeks which are tributaries to Warm Springs Creek, Hot Springs Creek and Tucalota Creek and some underground waters beneath said land.  These defendants further allege that alfalfa and other hay grains and agricultural crops have been planted and are growing upon some of the above described land; and that the said crops require irrigation, and said crops have been for many years, in excess of thirty (30) years, continuously irrigated by waters from said creeks and from said underground waters that are extracted from the underground basin or basins, the waters of which do not support or maintain the rivers or tributaries and are not a part of the common water course or source of said rivers or tributaries as set forth in the complaint or the answer thereto.  That continued cultivation under irrigation is necessary to maintain the ground of said crops and to prevent said crops from perishing.  The defendants further allege that during all of the time hereinabove set forth water has also been used upon the described land for domestic and livestock purposes.

II.

The defendants allege that the rights of the plaintiff in and to the water of certain tributaries and creeks which are in turn tributaries to the Santa Margarita River, are subordinate and junior and subject to the rights of these defendants in and to that portion of said waters which are riparian to the lands of these defendants and that in addition thereto these defendants are entitled to such water which they have acquired by appropriation and prescription which is necessary to supply said lands owned by these defendants for irrigation and domestic purposes as well as for the watering of livestock and for domestic purposes.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10205

That all of said rights of the defendants and in and to said
waters are superior and paramount to those of the plaintiff and
the other defendants named in said suit.  These defendants further
allege that their lands overlie water basins to wit, Diamond and
Domenigoni and that underground waters of said basins are inde-
pendent and do not support the rivers within said water shed or
any of its tributaries and that by virtue thereof and otherwise,
these defendants may extract and apply to their lands all water
that they can put to beneficial use and that the plaintiff and
the other named defendants have no rights whatsoever in and to
said water.

        AS AND FOR A SECOND AFFIRMATIVE AND SEPARATE
        DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY AND
        AMENDATORY COMPLAINT, THESE DEFENDANTS ALLEGE
        AS FOLLOWS, TO WIT:

               I.

By reference thereto, defendants incorporate in this
Paragraph, each and every allegation contained in Paragraphs
I and II of the First Affirmative defense.

               II.

For more than thirty (30) years immediately preceding
this action, and for more than twenty-five (25) years preceding
the alleged acquisition by the plaintiff of the property described
in Paragraph II of the Complaint herein, these defendants, and/or
their predecessor in interest, under claim of right so to do and
in hostility to any and every claim of ownership, title and
interest of the plaintiff, and of every owner of water, or water
rights, or owner of the use of water or water rights within the
area of the water shed of the Santa Margarita River and its
tributaries, by means of wells, pumps, pipelines, diversions and
irrigation ditches for the extraction, diversion, transportation,
conservation and distribution of water, and openly, notoriously,

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10206

continuously, uninterruptedly and adversely extracted and withdrew
from the surface and underground waters of said Santa Margarita
River and/or its tributaries and/or the underground basin, large
amounts of waters, to wit, in excess of six hundred (600) to seven
hundred (700) miner's inches continuous flow, and have diverted
and transported said waters in said amount to said lands and
property hereindescribed and/or by these defendants and/or their
predecessors in interest; that all of the said waters have been
applied on said lands to beneficial uses, without waste thereof,
either in its use or method of use; that by reason of said con-
tinous adverse diversion of said waters, and its application of
beneficial uses, these defendants have acquired and own, and
enjoy a vested right presently, and continuously hereafter, to
extract and apply to beneficial uses upon their said lands the
waters of said Santa Margarita and its tributaries in the amount
of exceeding six hundred (600) to seven hundred (700) miner's
inches continuous flow.

### III.

That said vested right by prescription in the amount of
water hereinabove set forth is guaranteed and protected under the
provisions of the State and Federal constitutions, and any impair-
ment or lessening, or limiting of such vested right, title and
interest is in violation of the Fourteenth Amendment to the Con-
stitution of the United States and constitutes a divested and de-
prived of vested property rights of these defendants, without due
process of law.

### IV.

That a reasonable diversion for the irrigation of the
lands owned by these defendants is five and two tenths (5-2/10)
per acre per year.

AS AND FOR A THIRD AFFIRMATIVE AND SEPARATE

DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY AND

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-9-

10207

AMENDATORY COMPLAINT, THESE DEFENDANTS ALLEGE
AS FOLLOWS, TO WIT:

### I.

By reference thereto, defendants incorporate in this Paragraph each and every allegation contained in Paragraphs I, II, III and IV of the second defense.

### II.

The defendants allege that the lands owned by the defendants as hereinabove set forth overlie a body or bodies of previous material through which water slowly percolates; that said water that percolates through said previous material in or to said basin or basins does not move in any general direction and does not constitute a part of the surface or subsurface flow of the Santa Margarita River or any of its tributaries nor does said percolating water support the surface or subsurface flow of said river or any of its tributaries, but constitutes water in an independent basin or basins and is not a part of the common water course or source of the plaintiff's lands or any of the other named defendants. That the defendants herein claim the right to use any and all waters produced upon the above described lands and extracted from said underground water basin or basins, upon the above described lands for domestic use and for the purpose of irrigating crops or for such other beneficial uses to which said waters may be applied upon said lands, without waste.

### III.

The defendants allege that in the past and for many years they have operated and maintained wells upon certain portions the described lands; and that the water heretofore produced from the wells has been used for domestic, irrigation and agricultural purposes; that the defendants claim the right to extract water from said wells and use said waters for domestic, irrigation and agricultural purposes, and claim the right to drill additional

-10-

10208

1   wells and to extract water therefrom to be used upon the lands

2   of the defendants for domestic, irrigation or agricultural

3   purposes.

                                 IV.

5         That a reasonable diversion for the irrigation of the

6   lands owned by these defendants is five and two-tenths (5-2/10)

7   per acre per year.

8             AS AND FOR A FOURTH AFFIRMATIVE AND SEPARATE

9             DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY

10           AND AMENDATORY COMPLAINT, THESE DEFENDANTS

11           ALLEGE AS FOLLOWS, TO WIT:

12                              I.

13         That the cause of action set forth in the plaintiff's

14   complaint is barred by Sections 318 and 319 of the Code of Civil

15   Procedure of the State of California.

16           AS AND FOR A FIFTH AFFIRMATIVE AND SEPARATE

17           DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY

18           AND AMENDATORY COMPLAINT, THESE DEFENDANTS

19           ALLEGE AS FOLLOWS, TO WIT:

20                            I.

21         That the plaintiff has been guilty of laches and un-

22   reasonable delay in bringing this action which occasioned a wrong

23   and prejudiced the rights of the defendants herein.

24                 ANSWER TO SUPPLEMENT TO COMPLAINT

25                    COUNT NO. I

26         Answering Count No. I of the supplement to the complaint

27   these answering defendants hereby restate and replead their

28   answers to Paragraphs I to IX, inclusive of the complaint with

29   the same force and effect as though said answering paragraphs

30   were set forth at length herein.

31                    COUNT NO. II

32                             I.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10209

Answering Paragraph I of Count No. II of the supplement
to the complaint, these answering defendants hereby restate and
replead their answers to Paragraphs I to IX inclusive of the
complaint and also their answer to Count No. I of the supplement
to the complaint with the same force and effect as though said
answering paragraphs were set forth at length herein.

II

Answering Paragraphs II and III of Count No. II of the
supplement to the complaint these defendants are without knowledge
or information on the subject sufficient to enable them to
answer the allegations contained therein and basing their denial
on that ground deny generally and specifically each and every allega-
tion therein contained.

COUNT NO. III

I.

Answering Paragraph I of Count No. III of the supplement
to the complaint these answering defendants hereby restate and
replead their answers to Paragraphs I to IX, inclusive of the
complaint and also their answer to Counts No. I and II of the
supplement to the complaint with the same force and effect as
though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV and V of Count No.
III of the supplement to the complaint these defendants allege
that they are without knowledge or information on the subject
sufficient to enable them to answer the allegations contained in
said paragraphs, and basing their denial on that ground, deny
generally and specifically each and every allegations therein
contained.

COUNT NO. IV

I.

Answering Paragraph I of Count No. IV of the supplement

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10210

to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX inclusive of the complaint and also their answers to Counts No. I, II and III of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV and V of Count No. IV of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs, and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. V.

I.

Answering Paragraph I of Count No. V of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III and IV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV, V, VI and VII of Count No. V of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs, and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. VI

I.

Answering Paragraph I of Count No. VI of the supplement

-13-

10211

1   to the complaint, these answering defendants hereby restate and
2   replead their answers to Paragraphs I to IX, inclusive of the
3   complaint and also their answers to Counts No. I, II, III, IV and
4   V of the supplement to the complaint with the same force and effect
5   as though said answering paragraphs were set forth at length
6   herein.

                                II.

8        Answering Paragraphs II, III, IV, and V of Count No. VI
9   of the supplement to the complaint these defendants allege that
10  they are without knowledge or information on the subject suffic-
11  ient to enable them to answer the allegations contained in said
12  paragraphs, and basing their denial on that ground, deny generally
13  and specifically each and every allegation therein contained.

                          COUNT NO. VIII

                                I.

16       Answering Paragraph I of Count No. VIII of the supple-
17  ment to the complaint, these answering defendants hereby restate
18  and replead their answers to Paragraphs I to IX, inclusive of the
19  complaint and also their answers to Counts No. I, II, III, IV, V,
20  VI of the supplement to the complaint with the same force and
21  effect as though said answering paragraphs were set forth at
22  length herein.

                                II.

24       Answering Paragraphs II, III and IV of Count No. VIII of
25  the supplement to the complaint these defendants allege that they
26  are without knowledge or information on the subject sufficient to
27  enable them to answer the allegations contained in said paragraphs
28  and basing their denial on that ground, deny generally and speci-
29  fically each and every allegation therein contained.

                          COUNT NO. IX

                                I.

32       Answering Paragraph I of Count No. IX of the supplement

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10212

1  to the complaint, these answering defendants hereby restate and
2  replead their answers to Paragraphs I to IX, inclusive of the
3  complaint and also their answers to Counts No. I, II, III, IV, V,
4  VI and VIII of the supplement to the complaint with the same force
5  and effect as though said answering paragraphs were set forth at
6  length herein.

7                            II.

8        Answering Paragraphs II, III and IV of Count No. IX of
9  the supplement to the complaint these defendants allege that they
10  are without knowledge or information on the subject sufficient to
11  enable them to answer the allegations contained in said paragraphs
12  and basing their denial on that ground, deny generally and speci-
13  fically each and every allegation therein contained.

14                       COUNT NO. X

15                            I.

16        Answering Paragraph I of Count No. X of the supplement
17  to the complaint, these answering defendants hereby restate and
18  replead their answers to Paragraphs I to IX, inclusive of the
19  complaint and also their answers to Counts No. I, II, III, IV, V,
20  VI, VIII and IX of the supplement to the complaint with the same
21  force and effect as though said answering paragraphs were set forth
22  at length herein.

23                            II.

24        Answering Paragraphs II, III, IV and V of Count No. X
25  of the supplement to the complaint these defendants allege that
26  they are without knowledge or information on the subject suffi-
27  cient to enable them to answer the allegations contained in said
28  paragraphs and basing their denial on that ground, deny generally
29  and specifically each and every allegation therein contained.

30                       COUNT NO. XI

31                            I.

32        Answering Paragraph I of Count No. XI of the supplement

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10213

to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX and X of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraph II of Count No. XI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 18,650 acres of land or any other amount of land is susceptible of practicable and profitable irrigation, and deny that a reasonable water duty of said land is approximately 69,250 acre feet annually or any other amount; and deny that a reasonable water duty is 78,300 acre feet annually or any other amount.

COUNT NO. XII

I.

Answering Paragraph I of Count XII of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X and XI of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II and III of Count No. XII of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

III.

Answering Paragraphs IV, V, VI, VII, VIII and IX of

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10214

Count No. XII of the supplement to the complaint these defendants
allege that they are without knowledge or information on the sub-
ject sufficient to enable them to answer the allegations contained
in said paragraphs and basing their denial on that ground, deny
generally and specifically each and every allegation therein con-
tained.

COUNT NO. XIII

I.

Answering Paragraph I of Count XIII of the supplement
to the complaint, these answering defendants hereby restate and
replead their answers to Paragraphs I to IX, inclusive of the
complaint and also their answers to Counts No. I, II, III, IV, V,
VI, VIII, IX, X, XI and XII of the supplement to the complaint
with the same force and effect as though said answering paragraphs
were set forth at length herein.

II.

Answering Paragraphs II, III, IV, V and VI of Count No.
XIII of the supplement to the complaint these defendants allege
that they are without knowledge or information on the subject
sufficient to enable them to answer the allegations contained in
said paragraphs and basing their denial on that ground, deny
generally and specifically each and every allegation therein con-
tained.

COUNT NO. XIV

I.

Answering Paragraph I of Count No. XIV of the supple-
ment to the complaint, these answering defendants hereby restate
and replead their answers to Paragraphs I to IX, inclusive of the
complaint and also their answers to Counts No. I, II, III, IV, V,
VI, VIII, IX, X, XI, XII and XIII of the supplement to the complaint
with the same force and effect as though said answering paragraphs
were set forth at length therein.

-17-

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

## COUNT NO. XV

### I.

Answering Paragraph I of Count XV of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII and XIV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length therein.

### II.

Answering Paragraphs II and III of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

### III.

Answering Paragraph IV of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 16,800 acres or any other amount of acreage is susceptible of practicable and profitable irrigation.

### IV.

Answering Paragraph V of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that a reasonable diversion duty is 4.2 acre-feet per acre per year or any other amount.

### V.

Answering Paragraph VI of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10216

COUNT NO. XVI

I.

Answering Paragraph I of Count No. XVI of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts NO. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV and XV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraph II of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

III.

Answering Paragraph III of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 2,000 acres or any other acreage is susceptible of practicable and profitable irrigation.

IV.

Answering Paragraph IV of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that a reasonable diversion duty is 4.2 acre-feet per acre per year or any other amount.

COUNT NO. XVII

I.

Answering Paragraph I of Count XVII of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-19-

10217

complaint and also their answers to Counts No. I, II, III, IV, V,
VI, VIII, IX, X, XI, XII, XIII, XIV, XV and XVI of the supplement
to the complaint with the same force and effect as though said
answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II and III of Count No. XVII of the
supplement to the complaint these defendants allege that they are
without knowledge or information on the subject sufficient to
enable them to answer the allegations contained in said paragraphs
and basing their denial on that ground, deny generally and speci-
fically each and every allegation therein contained.

III.

Answering Paragraph IV of Count No. XVII of the supple-
ment to the complaint these defendants deny generally and speci-
fically each and every allegation, statement, matter and thing
set forth and alleged in said paragraph and deny that 60 acres or
any other amount of acreage is susceptible of practicable and
profitable irrigation.

IV.

Answering Paragraph V of Count No. XVII of the supple-
ment to the complaint these defendants deny generally and speci-
fically each and every allegation, statement, matter and thing
set forth and alleged in said paragraph and deny that a reasonable
diversion duty is 4.2 acre-feet per acre per year or any other
amount.

V.

Answering Paragraph VI of Count No. XVII of the supple-
ment to the complaint these defendants deny generally and speci-
fically each and every allegation, statement, matter and thing
set forth and alleged in said paragraph.

COUNT NO. XVIII

I.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10218

Answering Paragraph I of Count No. XVIII of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III and IV of Count No. XVIII of the supplement to the complaint, these answering defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

III.

Answering Paragraph V of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 2,000 acres or any other amount of acreage are susceptible of practicable and profitable irrigation.

IV.

Answering Paragraph VI of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 600 acres or any other amount of acreage are susceptible of practicable and profitable irrigation.

V.

Answering Paragraph VII of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that four and two-tenths (4.2) acre-feet per acre per year or any other amount

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10219

is a reasonable diversion duty.

## VI.

Answering Paragraph VIII of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 900 acres or any other amount of acreage are susceptible of practicable and profitable irrigation.

## VII.

Answering Paragraph IX of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that four and two-tenths (4.2) acre-feet per acre per year or any other amount is a reasonable diversion duty.

## VIII.

Answering Paragraphs X and XI of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

## COUNT NO. XIX

## I.

Answering Paragraph I of Count No. XIX of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII and XVIII of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

## II.

Answering Paragraph II of Count No. XIX of the supplement to the complaint these defendants deny generally and specifically

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-22-

10220

1     each and every allegation, statement, matter and thing set forth

2     and alleged in said paragraph and deny that 12,400 acres or any

3     other amount of acreage are susceptible of practicable and profit-

4     able irrigation.

### III.

6        Answering Paragraph III of Count No. XIX of the supple-

7     ment to the complaint these defendants deny generally and speci-

8     fically each and every allegation, statement, matter and thing set

9     forth and alleged in said Paragraph.

### IV.

11        Answering Paragraph IV of Count No. XIX of the supple-

12     ment to the complaint these defendants deny generally and speci-

13     fically each and every allegation, statement, matter and thing

14     set forth and alleged in said Paragraph and deny that four and

15     two-tenths (4.2) acre-feet per acre per year or any other amount

16     is a reasonable diversion duty.

### V.

18        Answering Paragraph V of Count No. XIX of the supplement

19     to the complaint these defendants deny generally and specifically

20     each and every allegation, statement, matter and thing set forth

21     and alleged in said paragraph.

### COUNT NO. XX

### I.

24        Answering Paragraph I of Count No. XX of the supplement

25     to the complaint, these answering defendants hereby restate and

26     replead their answers to Paragraphs I to IX, inclusive of the

27     complaint and also their answers to Counts No. I, II, III, IV, V,

28     VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII and XIX

29     of the supplement to the complaint with the same force and effect

30     as though said answering paragraphs were set forth at length here-

31     in.

32     - - - -                     - - - -

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10221

II.

Answering Paragraph II of Count No. XX of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that four and two-tenths (4.2) acre-feet per acre per year or any other amount is a reasonable diversion duty.

COUNT NO. XXI

I.

Answering Paragraph I of Count No. XXI of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX , inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX and XX of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II and III of Count No. XXI of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

AMENDMENT TO COMPLAINT

COUNT NO. XXII

Answering the first paragraph of Count No. XXII of the amendment to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX and XXI of the supplement to the complaint with the same force and effect as though said answering paragraphs were set

10222

forth at length herein.

I.

Answering Paragraph I of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

II.

Answering Paragraph II of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that the plaintiff has diverted, appropriated and used 12,300 acre-feet of water or any other amount of water as alleged in said complaint.

III.

Answering Paragraph III of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that the plaintiff has the right to store or divert the quantities of water as alleged in said paragraph or in any other amount or at all.

COUNT NO. XXIII

I.

Answering Paragraph I of Count No. XXIII of the amendment to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI and XXII of the supplement and amendment to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraph II of Count No. XXIII of the amend-

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

10223

1  ment to the complaint, these defendants deny generally and speci-

2  fically each and every allegation, statement, matter and thing

3  set forth and alleged in said paragraph and deny that the amount

4  of acreage as set forth in said paragraph or any other amount of

5  acreage is dependent upon the subterranean basin as a source of

6  supply of water as alleged therein.

III.

8  Answering Paragraph III of Count No. XXIII of the amend-

9  ment to the complaint, these defendants deny generally and speci-

10  fically each and every allegation, statement, matter and thing

11  set forth and alleged in said paragraph and deny that the amount

12  of military demand is 23,000 acre-feet of water or any other

13  amount or at all.

COUNT NO. XXIV

I.

16  Answering Paragraph I of Count No. XXIV of the amendment

17  to the complaint, these answering defendants hereby restate and

18  replead their answers to Paragraphs I to IX, inclusive of the com-

19  plaint and also their answers to Counts No. I, II, III, IV, V, VI,

20  VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX,

21  XXI, XXII and XXIII of the supplement and amendment to the complaint

22  with the same force and effect as though said answering paragraphs

23  were set forth at length herein.

II.

25  Answering Paragraph II of Count No. XXIV of the amend-

26  ment to the complaint these defendants deny generally and speci-

27  fically each and every allegation, statement, matter and thing set

28  forth and alleged in said paragraph.

COUNT NO. XXV

I.

31  Answering Paragraph I of Count No. XXV of the amendment

32  to the complaint, these answering defendants hereby restate and

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-26-

10224

1  replead their answers to Paragraphs I to IX, inclusive of the

2  complaint and also their answers to Counts No. I, II, III, IV, V,

3  VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX,

4  XX,XXI, XXII, XXIII And XXIV of the supplement and amendment to

5  the complaint with the same force and effect as though said answer-

6  ing paragraphs were set forth at length herein.

7                              II.

8         Answering Paragraph II of Count No. XXV of the amendment

9  to the complaint these defendants deny generally and specifically

10 each a nd every allegation, statement, matter and thing set forth

11 and alleged in said paragraph.

12         WHEREFORE, these answering defendants pray:

13         1.   That plaintiff take nothing by this action;

14         2.   That the Court adjudge and decree that these

15 defendants are the owners of and entitled to possession of the

16 above described real property with the right to produce and ex-

17 tract any and all water from and under said real property, which

18 will or may be needed for domestic, irrigation or agricultural

19 uses upon said real property;

20         3.   That the Court adjudge and decree that these defend-

21 ants are entitled to take and divert any and all waters from any

22 tributaries to the Santa Margarita River for domestic, irrigation

23 or agricultural uses and apply said water upon the above de-

24 scribed real property;

25         4.   That the plaintiff be forever barred from asserting

26 any rights, title, interest or estate in or to said real property,

27 or in, or to any and all waters which may be taken or extracted

28 from said property or any springs thereon or from any tributaries

29 to Warm Springs Creek, Hot Springs Creek, and Tucalota Creek for

30 use upon said real property; and that the plaintiff be and forever

31 enjoined for asserting any claims thereto;

32         5.   That an affirmative judgment be made in favor of

10225

these defendants and against all parties to this action, both
plaintiff and defendants, adjudging and decreeing that the defend-
ants herein are the owners of and entitled to the possession of
the above described real property with the right to produce and
extract any and all waters from and under said real property
which are or may be needed for domestic, irrigation or agricultur-
al uses upon said real property and without waste.

6.   That it be adjudged and decreed that the land owned
by these defendants overlie an independent basin or basins and
do not support or maintain the Santa Margarita River or any of its
tributaries and that the subterranean waters percolating in said
basin or basins do not constitute a common water source with the
plaintiff or any of the defendants.

7.   That the defendants have their costs herein incurred
and expended and such other and further relief as to the court
may seem just and proper.

THOMPSON & COLEGATE

By
Attorneys for above named
defendants.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-28-

10226

STATE OF CALIFORNIA ⎱
                    ⎰ ss.
COUNTY OF RIVERSIDE ⎱

      EDGAR L. SEARL _____, being first duly sworn, deposes and says: That he is one of the defendants in the above entitled action; that he is making this verification on behalf of the other defendants named in this answer and on his own behalf. That he has read the foregoing answer and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters which are therein stated on information and belief, and as to those matters he believes them to be true.

                *Edgar L. Searl*

Subscribed and sworn to before me
this 9th day of May, 1958.

*Harry M. Dougherty*

Notary Public in and for said
      County and State

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-29-

10227

**AFFIDAVIT OF MAILING**

State of California,
County of Riverside, } ss.

Case No. 1247-SD-C

THE UNDERSIGNED, being duly sworn, says: that affiant is a citizen of the United States and a resident or employed in the

County of Riverside, over the age of eighteen years and not a party to the cause herein, that affiant's ~~residence~~ business address

is ___405 Citizens National Bank Building, 8th & Main, Riverside___ , California.

That on the ___9th___ day of ___May___ , 19 __58__ , affiant served a copy of the attached paper, to-wit:
ANSWER OF SEARL BROS., a Partnership, EDGAR L. SEARL, HARRY O. SEARL, HAZEL
DELL SEARL, FLOYD L.SEARL, GERALD ERNEST SEARL,aka G.E.SEARL and LORENA G. SEARL

by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail

box at the City of _____ ___Riverside___ _____ , California, addressed as follows:

J. LEE RANKIN
SOLICITOR GENERAL
OF THE UNITED STATES
WASHINGTON 25, D.C.

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail be-
tween the place of mailing and the place so addressed.

Subscribed and sworn to before me this ___9th___ day

_____ Signature of Affiant

of ___May___ , 19 __58__

_____ Notary Public in and for the County of Riverside,
State of California

G. A. PEQUEGNAT, County Clerk

By _____ , Deputy

**AFFIDAVIT OF MAILING**

FORM NO. 125

10228