Granville G. Pepple and Ethel S. Pepple
Defendants in propria persona
Route #2-Box 227, Fall brook, California

FILED

MAY 15 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT, ET AL,

    Defendants.

ANSWER OF DEFENDANTS
Granville G. Pepple
Ethel S. Pepple

The defendants, Granville G. Pepple and Ethel S. Pepple each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I to V, inclusive, of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own 40 acres of land in San Diego County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto, marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

10428

COPY RECEIVED                                                                                      INDEXED

Exhibit A

Description of property:
SW¼ of NW¼, Sec 9, T 9 S, R 3 W, S B B & M,
County of San Diego, State of California.

10429

Exhibit B.

Cowr/102/had
12-9
9 September 1951

Office Memorandum

Transcript of Dictaphone recording:

This is Mr. Turnbull speaking. We have been having a conference in the office of the Assistant United States Attorney, at San Diego, with Mr. and Mrs. C.G. Popple of Rainbow Creek, in relation to their property and their claims for water rights in connection with the pending suit.

Present at the conference: Captain McCarthy, Lieutenant Gierlich, Mr. Harrison, Mr. Turnbull, and Mrs. Graydon, who had to leave on other business at about the half-way point of the conversation.

The facts which have been brought out this morning, and which have been verified by certain field investigations made by the members of the Office of Ground Water Resources, are substantially as follows:

Mr. and Mrs. Popple are the owners in fee simple as joint tenants of the forty (40) acres described:
    SW¼ of NW¼, Sec 9, T 9 S, R 3 W, County of San Diego, State of California.
    SBB&M

They purchased the property about eleven years ago from a Mrs. Cousins, the widow of a Mr. Cousins, who purportedly was the party to an adjudication suit in the Superior Court of California, by which the property was allocated some one to twenty inches of water by the Superior Court in San Diego.

Mr. Popple presently has a well in Rainbow Creek which he states produces forty gallons per minute, but that is not nearly enough to handle his contemplated and present uses of water. He figures that he will install as soon as possible a new tank upon the highest point of his property which will require a two-hundred fifteen foot lift as shown by the contour maps and figures to put in a three inch pipe to the new tank which which will give him a gravity distribution system for his entire acreage which has been found to be 18.5 acres of land which is suitable for irrigated agriculture. This figure is derived from surveys made yesterday by Mr. Harrison and his staff, but Mr. Popple reports this morning that he has approximately another five acres that can be planted to vineyards and that this will be the future development of the property over and above its present 18-5 acres as discovered by our office during its recent surveys. As a matter of interest Mr. Popple stated that he formerly had a pump in the creek that threw 110 gallons a min. which handled pretty well the uses of the property. He was not too well advised as to the duty of water for his present uses, but that this matter will be taken up into detail with his son, Roger C. Popple, who lives on the adjoining place by Lt. Gierlich. They will go over the figures and attempt to arrive at a basic requirement for the property. Roger Popple, being a graduate in agriculture and who has made personal surveys of the property of his father, it was stated to Mr. and Mrs. Popple at the outset that the only perrogative that the members of the Office of the Ground and Water Resources had was that we could make certain recommendations and complete reports as far as possible to the Department of Justice in an effort to present to them some form of stipulation that they might agree upon which would then be presented to the court for his consideration and possible acceptance. Mr. Popple's main interest appears to be that he wants to keep from having to expend any money for attorney's fees and is therefore willing to make a very reasonable request for allocation of water from Rainbow Creek. He originally brought forth the proposition of 5 miners inches which our calculations show would give him him a total annual use of 80 acre feet per annum, but it was suggested that this figure might probably be raised to somewhat more than that after the conference between his son and Lt.

10430

Gierlich. We were unable during this particular conference to obtain the number or the title of the adjudication on Rainbow Creek from which Mr. Pepple stated that his property had been awarded a water right. About the only information he could give was that a gentleman by the name of Haney had at one time shown him a copy of the judgment and that he thought Mr. Haney still had this particular document. Efforts will be made by this office, of course, to obtain that, at the earliest possible time either from Mr. Haney or certainly from the courts and get certified copies for the records, but the best Mr. Pepple could give us on this particular matter was that a man by the name of Coffin was a defendant in the proceedings and that Thomas Cousins, the husband of his immediate predecessor; also appeared in the action in some capacity. One question that Mr. Pepple presented was that he understood that Rainbow Creek was actually a separate unit from the Santa Margarita River to the extent that so long as he did not interfere with anybody else on Rainbow Creek, people on the Santa Margarita probably were not in a position to challenge his own uses. We made an honest an effort as we could to explain our own theories in this particular question. Mrs. Grayden also brought out the fact that as long as the river system itself was composed of a number of different streams, all people on the river had an interest in each of those streams and at least in a correlative or community of interest in the water so that it must be determined just who has what portion in order that all claims might be finally settled.

Again the members of the Ground Water Resources staff reiterated it would be just as well for Mr. and Mrs. Pepple to consult an attorney on the proposition, but he stated that he was adamant in that respect; that so long as he could make a reasonable settlement along the lines that would give him enough water to which he felt he was entitled and which he could operate his farm that he was perfectly willing to come to some agreement; that even if the United States prepared it and it was satisfactory to him he would accept it, we also brought out the fact again that the conversation this morning was merely the opening shots, so to speak, in our attempt at reaching a conclusion of some sort that would be mutually satisfactory and that this staff was not authorized to make any binding committments. I believe that that was understood and in an effort to clarify any other possible misunderstanding I am now going to play the record back and ask Mr. and Mrs. Pepple if they have any further corrections or suggestions; if they will either write them out and let us record them or if they will record them, themselves, which will be perfectly satisfactory.

This is Mr. Turnbull again, we have just completed playing back the foregoing record and I am going to ask Mr. Pepple at this time is he will make any comment he may desire as to the correctness of the summary of the matters discussed this morning. We understands and we understand that this is just a generalized situation and it was more to get the thing down while we had it fairly fresh in our minds.

Mr. Turnbull: Mr. Pepple.

Mr. Pepple: This is Mr. Pepple, and I have heard the record. It was gone over and it is as we have discussed it here at the meeting and I am very well satisfied with the meeting, and I hope that we can come to a settlement soon.

            Walter J. Turnbull, Jr.

10431

1  The defendants claim to Riparian water on the Rainbow Creek. Well is in
   the creek. Water has been used on ranch since 1890.
2  Study by the Navy found 5 miners inches of water would be a reasonable
   use on the land. We have producing avocados, oranges, berries, seasonable
3  vegetables and pasture to be irrigated.
   We think we need at least 5 miners inches of water, or not less than 60
4  acre feet of water, for present and future development. Approximately
   25.5 acres will be irrigated

18     WHEREFORE, these defendants pray that plaintiff take
19 nothing against them by reason of the Complaint and Supplementary
20 and Amendatory Complaint on file herein; that said Complaint be
21 dismissed as against these defendants; that defendants' right to
22 water, as hereinabove set forth, be quieted as against the plain-
23 tiff and against all other defendants in this action; and for such
24 other and further relief as the Court may deem proper.

*/s/ Granville F. Pepple*

*/s/ Ethel S. Pepple*

Defendants in propria persona

Dated: 5/1/58

10432

*Exhibit C.*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

IN AND FOR THE COUNTY OF SAN DIEGO.

---

TITLE INSURANCE AND TRUST COMPANY, )
a corporation, )
        Plaintiff, )   No. 73465
)
vs. )   JUDGMENT
)
A. R. PHILLIPS, et al., )
        Defendants, )
)

---

       The above entitled action having duly come on for trial before the court, in Department __4__ thereof, the Honorable __L. N. Turrentine__, Judge, presiding, on the __2nd__ day of __June__, 1933, Arch. H. Vernon, Esq., appearing for plaintiff, and H. Delemere Thurber, Esq., appearing for defendants, Stanley D. Coffin, Victoria Coffin, Thomas A. Cousins, Margaret M. Cousins, Mrs. R. F. Coffin and Oceanside Finance Company, a corporation; and it appearing that the summons and complaint herein were duly served upon defendants A. R. Phillips and Fallbrook Irrigation District, and that said defendants last named have not answered or appeared in said action, and that the default of said defendants last above named has been duly and regularly entered herein; and it appearing that said action has been dismissed as to defendants THE FIRST NATIONAL BANK OF FORT COLLINS COLORADO, a national banking association, and LEMUEL J. SPROUSE, and TWO DOE, THREE DOE, FOUR DOE, FIVE DOE, SIX DOE, SEVEN DOE, EIGHT DOE, NINE DOE and TEN DOE; and the court having made and filed its findings of fact and conclusions of law herein, ordering judgment in favor of plaintiff.

       IT IS ADJUDGED AND DECREED that defendants, and each of them, have no right, title, estate, interest, lien, easement, charge, or encumbrance, in or upon the following described real

- 1 -

10433

estate situate in the County of San Diego, State of California, or any part thereof, to wit:

> The North half (N 1/2) of the Southeast quarter (SE 1/4), and the East half (E 1/2) of the Northeast Quarter (NE 1/4) of Section NINE (9), and the West half (W 1/2), and the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of Section Ten (10), all in Township Nine South (9 S), Range Three West (3 W), San Bernardino Base and Meridian, according to United States Government Survey.

That defendants, and each of them, have no right, title, or interest in or to any of the waters of Vallecitos Creek flowing through and across the real estate above described, and/or in or to any of the waters upon or flowing through and across said real estate.

IT IS FURTHER ADJUDGED AND DECREED that the title of plaintiff to said real estate above described and to the waters upon the same, and to all waters flowing through and across the same, be, and hereby is, forever quieted as against defendants, and each of them, and any and all persons claiming by, under, or through defendants, or any or either of them.

IT IS FURTHER ADJUDGED AND DECREED that defendants, and each of them, and any and all persons claiming by, through, or under defendants, or any or either of them, be, and hereby are, forever enjoined from asserting or claiming any right, title, estate, interest, lien, encumbrance, or charge adverse to plaintiff, in, to, or upon the real estate above described, or any part thereof, and in or to any of the waters upon said real estate, or any part thereof, and in or to the waters of Vallecitos Creek flowing through and across said real estate.

It is further ADJUDGED AND DECREED that defendants Thomas A. Cousins and Margaret M. Cousins, and Stanley D. Coffin and Victoria Coffin are entitled to and have appropriated all of the waters of the stream or creek flowing through Cart Canyon, which said Cart Canyon is situate wholly outside of the boundaries of the real estate,

above described, now being diverted and to be diverted from such stream or creek at the point where the same crosses the line between the Southwest quarter of the Southwest quarter and the Northwest quarter of the Southwest quarter of said Section 9, and are entitled to and have appropriated the waters of Vallecitos Creek flowing through and across the lands now owned by said defendants in this paragraph named adjoining the lands herein described on the west, now being diverted and to be diverted at a point upon and within the boundaries of the Southwest quarter of said Section 9 about 250 feet west of the West line of the North half of the Southeast quarter of said Section 9, to the extent of twenty miners' inches under a four-inch pressure; and that the title and right of said defendants Thomas A. Cousins and Margaret M. Cousins, and Stanley D. Coffin and Victoria Coffin in and to the waters in this paragraph described be, and hereby are, forever quieted.

That no costs be recovered herein by an party to this action.

Dated at San Diego, California, this ___2nd___ day of ___June___, 1933.

                                                L. N. Turrentine
                                         Judge of the Superior Court