Anderson & Anderson
817 Hollingsworth Bldg.
606 South Hill Street
Los Angeles 14, Calif.
MUtual 1241

Attorneys for Defendants
Garner L. Knox, et al.

FILED

MAY 21 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT, ET AL.,

    Defendants.

NO. 1247-SD-C

ANSWER OF DEFENDANTS GARNER L. KNOX, FLORA S. KNOX and WALTER G. KNOX

    COME NOW DEFENDANTS GARNER L. KNOX, FLORA S. KNOX and WALTER G. KNOX, and answering the Complaint and Supplementary and Amendatory Complaint on file herein:

I

    Answering paragraph IV of said Complaint, these defendants deny that they have made any encroachments of any kind or character upon the water supply of the Santa Margarita Basin, or any water basin, or at all. These defendants have no information or belief, or either, to enable them to answer the allegation that two wells have been destroyed and upon such lack of information or belief, deny that two or any wells have been destroyed by the intrusion referred to in said paragraph, and/or that the entire or any portion of said basin is threatened. Deny that the, or any, activities of these defendants through encroachments or otherwise, upstream or elsewhere, reduced, or in any respect affected the quantities of water available

-1-

to plaintiff from the subterranean sources mentioned in said paragraph; deny that there has been a like, or any, reduction in surface or any flow of the Santa Margarita River, or any other river through the, or any, encroachments of these defendants.

II

Answering paragraph V of said Complaint, these defendants deny that there has been any final or other adjudication of the rights of plaintiff in and to the waters of the Santa Margarita River, and allege that any determination of the cause referred to in said paragraph could be or is binding only upon the parties thereto, and that neither these defendants nor their predecessors in the ownership of their land were parties to, or in any way connected with, said cause. These defendants further state that the adjudication by the Superior Court of the State of California, in and for the county of San Diego, upon the trial of said cause, was in favor of the Rancho Santa Margarita, predecessor in interest of the United States of America, in respect to riparian rights in and to the waters of the Santa Margarita River and against the defendants in said cause; that the Supreme Court of the State of California reversed the judgment rendered by said Superior Court and that the judgment finally filed in said action, after appeal to the Supreme Court, was based solely upon the stipulation of the parties to said action, which stipulation was put in the form of a judgment and entered by said Superior Court.

III

Answering paragraph VIII of said Complaint, these defendants deny that as to them plaintiff has a paramount, or any right, to 35,000 acre feet of water annually, or any other amount, from the Santa Margarita River or any of its tributaries.

IV

Answering paragraph IX of said Complaint, these defendants deny that by reason of their diversion or diversions, or any activi-

-2-

10884

ties, or at all, with respect to or from the Santa Margarita River upstream from Camp Pendleton or elsewhere or at all, have caused, or in any way been responsible for, the intrusion of salt water from the Pacific Ocean as alleged in said paragraph IX, or otherwise, or at all; deny that these defendants have repeatedly, or at all, through overt or any acts displayed or indicated their or any disregard for the rights of the United States of America and/or declared their adverse or any claims in contravention of the rights of the United States of America; deny that these defendants have likewise, or at all, repeatedly, or at all, asserted that their rights acquired subsequent to and/or with full or any knowledge of the rights of the United States and/or its predecessors in interest, or otherwise, and/or the needs of the United States for the military purposes referred to in said Paragraph IX, are paramount to the rights of the United States of America and/or proceeded to encroach upon and/or now are encroaching upon and/or threatening to continue to encroach upon the already, or any, insufficient or other supply of water required for the Nation's defense in connection with Camp Pendleton and/or the United States Naval Hospital and/or the Naval Munition Depot and in this connection these defendants allege that they do assert certain rights in and to the waters flowing in the Santa Margarita Basin of an appropriative nature which are superior to the rights of plaintiff, and also rights both riparian and overlying in character as to which these defendants claim rights correlative with those of plaintiff and others similarly situated.

ANSWERING COUNT XI OF SUPPLEMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and make them a part hereof as if fully herein set forth.

-3-

10885

II

These defendants do not have sufficient information or belief, or either, to enable them to answer certain allegations contained in paragraph II of said Count, and upon such lack of information or belief deny that the number of acres of lands riparian to the Santa Margarita River susceptible of practicable and/or profitable irrigation, title to which is in the United States of America, has been increased over and above 12,375 acres of land of the character referred to in said paragraph to approximately 18,650 acres, or to any other number, or at all; likewise deny that a reasonable or any water duty for those lands is approximately 69,250 acre feet annually. On like grounds these defendants deny that the reasonable or any water duty of approximately 78,330 acre feet annually, or at all, is required by said or any riparian land.

ANSWERING COUNT XII OF SAID SUPPLEMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and their Answer to Count XI of Supplement to Complaint, and make them a part hereof as if fully herein set forth.

II

Answering paragraph II of said Count XII these defendants deny that they have diverted water from the surface and/or subsurface or other flow of the Santa Margarita River since the initiation of this cause or at all, greatly or otherwise, or at all, reducing the quantities of water flowing to the United States of America, or elsewhere, in direct or any violation of its long or any vested or any rights to the use of water from that stream; deny that any diversion and/or encroachments upon the rights or otherwise has been to force or compel the United States of America at great, or any, costs to install a pipe line and/or to pump or otherwise **produce** water from

-4-

10886

the subterranean or any part of the basin of the Santa Margarita Ranch within Camp Pendleton, several miles upstream, or elsewhere, or otherwise, or at all, to supply the United States Naval Munition Depot, or any other installation, or any other place or area with the water vital or otherwise to its continued or any existence. Deny that there has been any invasion of the rights of the United States of America as described or referred to in said paragraph, or otherwise, or at all, by these defendants, either of the surface and/or subsurface or other flow of the Santa Margarita River.

### III

Answering paragraph III of said Count XII, deny that any of the diversions as described in paragraph II of said Count on the part of these defendants or otherwise, have greatly or at all reduced the quantities of water available to recharge and/or maintain the waters in the subterranean basin which underlies Camp Pendleton or any other waters, or at all.

### ANSWERING COUNT XXI OF SUPPLEMENT TO COMPLAINT.

### I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint and their Answer to Counts XI and XII of Supplement to Complaint, and make them a part hereof as if fully herein set forth.

### II

These defendants do not have sufficient information or belief, or either, to enable them to answer the allegations of paragraphs II and III of said Count XXI, and basing their denial upon such lack of information or belief, deny generally and specifically, each and every of the allegations of said paragraphs.

### ANSWERING COUNT XXII OF AMENDMENT TO COMPLAINT.

### I

These defendants herein replead the allegations of paragraphs

-5-

10887

I to IV, inclusive, of their Answer to Complaint, and their Answer to Counts XI, XII and XXI of Supplement to Complaint, and make them a part hereof as if fully herein set forth.

II

These defendants do not have sufficient information or belief, or either, to enable them to answer the allegations of paragraphs I, II and III of said Count XXII, and basing their denial upon the lack of information or belief, deny generally and specifically, each and every, of the allegations of said paragraphs.

ANSWERING COUNT XXIII OF AMENDMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and their Answer to Counts XI, XII and XXI of Supplement to Complaint, and their Answer to Count XXII of Amendment to Complaint, and make them a part hereof as if fully herein set forth.

II

These defendants have not sufficient information or belief, or either, to enable them to answer certain allegations of paragraph II of said Count XXIII, and basing their denial on such lack of information or belief, deny that the lands riparian to the Santa Margarita River within Camp Pendleton and the United States Naval Munition Depot total 38,739 acres and/or that approximately 4600 acres of said riparian lands overly the subterranean basin within Camp Pendleton, but admit that plaintiff has a correlative right to share in the waters of the Santa Margarita River as to such number of acres belonging to it as may be found by the Court to be riparian to said stream.

III

These defendants have no sufficient information or belief, or either, to enable them to answer the allegations contained in

-6-

10888

paragraph III of said Count XXIII, and based upon such lack of information or belief, these defendants deny that the difference between the quantity of water plaintiff's non-riparian rights will yield and its maximum military demands is approximately 23,000 acre feet of water annually.

ANSWERING COUNT XXIV OF AMENDMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and their Answer to Counts XI, XII and XXI of Supplement to Complaint and their Answer to Counts XXII and XXIII of Amendment to Complaint, and make them a part hereof as if fully herein set forth.

II

Answering paragraph II of COUNT XXIV, deny that the United States of America has a priority of June 30, 1948, or any other time, or at all, for the storage right of 165,000 or any number of acre feet of water per annum or otherwise from the Santa Margarita River; deny that such or any right can be or at all exercised to the extent of its demands not met by the other rights claimed by it in the Santa Margarita River, or otherwise or at all.

ANSWERING COUNT XXV OF AMENDMENT TO COMPLAINT

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and their Answer to Counts XI, XII and XXI of Supplement to Complaint and their Answer to Counts XXII, XXIII and XXIV of Amendment to Complaint, and make them a part hereof as if fully herein set forth.

II

These defendants do not have sufficient information or belief, or either, to enable them to answer the allegations contained

-7-

10889

in paragraph II of said Count XXV, that the claims of the United States of America set forth in this litigation, or otherwise, and those of the defendants far exceed the available supply of water in the Santa Margarita River, and basing their denial on such lack of information or belief, deny the said allegations and the whole thereof; admit that these defendants assert adverse claims to the rights to the use of water by the United States of America; deny that by reason of their or any adverse or other claims, these defendants have clouded or otherwise affected the title to the rights to the use of the water of the United States of America in the Santa Margarita River, or elsewhere; deny that these defendants have exercised and/or are presently or otherwise exercising rights to the use of water in a manner that invades and/or threatens to invade the rights to the use of water or otherwise, of the United States of America, and in this connection these defendants allege that they have appropriative rights in and to the Santa Margarita River as hereinafter more fully alleged, together with rights of riparian proprietors and overlying owners, respectively, correlative to the rights of other like users upon said stream.

AS A SEPARATE ANSWER TO SAID COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT, THESE DEFENDANTS ALLEGE:

I

That they are the owners of certain lands hereinafter described situated within the watershed of the Santa Margarita and Temecula Rivers, said lands being situated in portions of Sections 13 and 24, Township 8 South, Range 1 West, San Bernardino Base & Meridian, and portions of Sections 18 and 19, Township 8 South, Range 1 East, San Bernardino Base & Meridian comprising approximately 600 acres; that a particular description of said lands is hereunto annexed, marked Exhibit "A" and made a part hereof.

-8-

10890

## II

That for more than 50 years last past these defendants and their predecessors in interest have continuously appropriated, diverted and put to beneficial use on Parcels 1 and 2 of their said lands, the water of said Temecula River up to the amount of 200 miners inches, and at the low flow thereof have appropriated, diverted and beneficially used the entire flow of said river, and these defendants have the right and are entitled to continue so to appropriate, divert and beneficially use said waters of said river upon the said parcels; that these defendants are dependent upon the use of the waters of said Temecula River for domestic use and for irrigation of the said parcels, and the crops growing thereon and the watering of live stock.

These defendants allege that by virtue of mesne conveyances to them of the real property hereinabove described, and by virtue of the prior appropriation and beneficial use of the waters of said Temecula River by defendants and their predecessors on said lands for a period of more than 50 years last past, there has attached to the said parcels of lands of these defendants, and become appurtenant thereto, as part and parcel thereof, the right in the owners thereof to appropriate, divert and beneficially use upon said parcels the waters of said Temecula River up to 200 miners inches, when that amount of water is flowing in the river, and to appropriate, divert and beneficially use all of the water of said river when the flow thereof is less than that amount; that the claim of these defendants to the use of the waters of said Temecula River as hereinbefore set forth, is prior and superior to the right of any of the parties to this action for the use of said waters, and that if any of said parties have any rights in or to the waters of said river, such rights are subordinate and subject to the said rights of these defendants.

## III

That the portions of the said lands of these defendants, des-

-9-

10891

1  cribed as Parcels 1 and 2, respectively, in said Exhibit "A", are
2  riparian to said Temecula River and that by reason thereof these de-
3  fendants claim rights in and to the waters of said river in addition
4  to those rights hereinabove set forth in paragraph II hereof, which
5  are correlative as to the owners of land riparian to said river,
6  for the reasonable use of the waters of said Temecula River and its
7  tributaries.

IV

9   That the portion of the lands of these defendants described
10 as Parcel III in said Exhibit "A" overlies the underground waters of
11 said Temecula River and that by reason thereof these defendants
12 claim rights which are correlative as to the owners of other over-
13 lying lands along said river by reason of ownership of said over-
14 lying lands.

AS A FURTHER AND SEPARATE ANSWER TO SAID COM-
PLAINT, SUPPLEMENTARY AND AMENDATORY COMPLAINT,
THESE DEFENDANTS ALLEGE:

I

20  That plaintiff, United States of America, by reason of
21 filing its application #12576 with the State of California, Depart-
22 ment of Public Works, Division of Water Resources, for a permit to
23 annually store 165,000 acre feet of water from the Santa Margarita
24 River as described in Paragraph II of Count XXIV of its Amendment
25 to Complaint, is estopped to assert and complain of an overdraft of
26 water in the Santa Margarita River for the reason that by the filing
27 of said application plaintiff was, in effect, asserting that there
28 were at the time of filing said application, surplus and unappropri-
29 ated waters of the State of California, to the extent of the amount
30 claimed in said application, available for appropriation.
31     WHEREFORE, the defendants pray:
32     1: That this Court determine and declare that the appro-

-10-

10892

Case 3:51-cv-01247-JO-SBC   Document 2101   Filed 05/21/58   PageID.7083   Page 11 of 12

priative rights of these answering defendants in and to the waters of Temecula River as hereinabove in this answer set forth, are prior and superior to whatever rights the court may find that the other parties to this action may have in the waters of said river;

2: That this Court determine and declare the respective rights and duties of all of the parties to this action in and to the use of the waters of the said Temecula River and the Santa Margarita River, of which the Temecula River is a part, and declare that these defendants have correlative rights to the reasonable use of the waters of said Santa Margarita River and Temecula River on such of their lands as the Court may find riparian thereto;

3: That this Court determine and declare that these defendants, by reason of the ownership of the portion of their said lands included in Parcel 3 of Exhibit "A", have rights in and to the underground waters of said Temecula River correlative to such rights as may be found to exist in the lands of other overlying lands within the drainage area of the Santa Margarita and Temecula Rivers and their tributaries;

4: That these defendants have and recover their costs herein expended; and

5: For such other and further relief as the Court may deem just and equitable.

ANDERSON & ANDERSON

By _/s/ Keith Anderson_
Attorneys for Defendants
Garner L. Knox, et al.

-11-

10893

## EXHIBIT "A"

Land in the County of Riverside, State of California, and described as follows:

### PARCEL 1:

Government Lots 8, 9, 10, 11 and 12 in Fractional Section 13, Township 8 South, Range 1 West, San Bernardino Base and Meridian, as shown by United States Government Survey;

ALSO all that portion of the Northeast Quarter and the East Half of the Northwest Quarter of Section 24, Township 8 South, Range 1 West, San Bernardino Base and Meridian, as shown by United States Government Survey, lying Northerly of the following described line:

Beginning on the West line of said East Half of Northwest Quarter, at its intersection with the Southerly line of a certain easement for public roadway and public utility purposes, over a parcel of land 80 feet in width, conveyed to County of Riverside, by Deed recorded June 21, 1932, in Book 80 page 264 of Official Records of Riverside County, California;

Thence North 83° 17' 30" East, along said Southerly line, to the beginning of a curve to the right with a radius of 1960 feet;

Thence continuing along said Southerly line and along said curve to the right, to a point on the Northwesterly line of that certain parcel of land granted to State of California, by Deed recorded September 26, 1935, in Book 254 page 285 of Official Records of said Riverside County;

Thence South 25° 58' 10" West, along said Westerly line 60 feet;

Thence along a curve to the right with a radius of 1900 feet, through an angle of 03° 00' 50", a distance of 99.95 feet;

Thence South 61° 01' East, 1188.20 feet;

Thence North 58° 20' East, 877.23 feet;

Thence North 87° 05' East, 913.86 feet;

Thence along a curve to the right, with a radius of 700 feet through an angle of 14° 10' 21", a distance of 173.15 feet to a point on the East line of said Northeast Quarter distant South 00° 07' 30" West, 1294.09 feet from the Northeast corner thereof;

Said last five courses and distances following along the Southerly line of said parcel of land so granted to the State of California;

EXCEPTING therefrom an easement for public roadway and public utility purposes over the parcel of land 80 feet in width, conveyed to County of Riverside by the above mentioned Deed;

ALSO EXCEPTING therefrom the portion thereof granted to the State of California by the above mentioned Deed;

EXCEPTING ALSO from all of said property an easement in favor of the public over any other portion thereof included in public roads.

Said property is also shown on Licensed Land Surveyor's Map on file in Book 10 page 33 and Record Survey on file in Book 12 page 71, respectively, of Records of Survey, records of said Riverside County.

### PARCEL 2:

The Northeast Quarter of Southeast Quarter of Section 24, Township 8 South, Range 1 West, San Bernardino Base and Meridian, as shown by United States Government Survey;

ALSO all that portion of the East Half of Northwest Quarter and the Northeast Quarter of said Section 24, lying Southerly of the following described line:

10894