(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
TANNER, HANSON & MYERS
SUITE 312 BARTLETT BUILDING
215 WEST SEVENTH STREET
LOS ANGELES 14, CALIFORNIA
TRinity 4068

Attorney for defendants,
LAWRENCE WILLIAM BUTLER and
MARY C. BUTLER



LODGED

MAY 14 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY............................
Deputy Clerk

FILED
MAY 21 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By ............................
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
State of California; LAWRENCE
WILLIAM BUTLER, MARY C. BUTLER;
et al.,

    Defendants.

No. 1247 - SD

ANSWER TO COMPLAINT AND
SUPPLEMENTARY AND AMENDATORY
COMPLAINT

    COME NOW the defendants, LAWRENCE WILLIAM BUTLER, and MARY C. BUTLER, for the purpose of supplementing and amending their answer to the original complaint filed January 25, 1951, and sets forth paragraphs I through V of that answer, together with affirmative defenses I through V contained in said answer, down to their prayer for relief and further answering the supplementary and amendatory complaint and the original complaint, all in accordance with this court's prior procedural orders and in accordance with the Federal Rules of Civil Procedure Rule 15.

    Answer as originally filed:

                  I

    Deny that an actual controversy or otherwise has arisen between the United States and either or both of

INDEXED

- 1 -

10569

| | |
|---|---|
| 1 | these answering defendants. |
| 2 | II |
| 3 | "Answering Paragraphs II and III of Plaintiff's com- |
| 4 | plaint on file herein, these answering Defendants haveno |
| 5 | information or belief on the subject sufficient to enable |
| 6 | them to answer the allegations, and placing their denial |
| 7 | on that ground, deny generally and specifically every al- |
| 8 | legation therein. |
| 9 | III |
| 10 | "Answering paragraph IV, these answering defendants |
| 11 | deny any encroachments upon the water rights of the Plain- |
| 12 | tiff. |
| 13 | IV |
| 14 | "Answering paragraph V, Defendants have no informa- |
| 15 | tion or belif on the subject sufficient to enable them to |
| 16 | answer said allegations and placing their denial on that |
| 17 | ground, deny generally and specifically every allegation |
| 18 | therein.  Further answering said paragraph, these Defen- |
| 19 | dants allege thatneither they nor their predecessors in |
| 20 | interest were parties to the litigation or stipulated |
| 21 | judgment between Rancho Santa Margarita and the Vail in- |
| 22 | terests and others in Superior Court Case number 42850 of the |
| 23 | State of California, and on that ground aver that neither |
| 24 | they nor their predecessors in interest are bound thereby. |
| 25 | V |
| 26 | "Deny generally and specifically each and every alle- |
| 27 | gation contained in Paragraph VI, VII, VIII and IX. |
| 28 | FOR A FURTHER, SEPARATE AND FIRST AFFIRMATIVE |
| 29 | DEFENSE, THESE DEFENDANTS ALLEGE: |
| 30 | I |
| 31 | "That these Defendants are the owners and entitled to |
| 32 | the possession of all the land, water rights and easements |

10570

set forth in that certain Grant Deed from John W. Allen and Lillian F. Allen, his wife, marked Exhibit "A" and made a part hereof by reference; and that these defendants and their predecessors in interest are now and have continuously been the beneficial users of the water from Fern Creek in Section 31, Township 8 South, Range 4 West, San Bernardino Meridian, and that these defendants are entitled to the continuous beneficial use of said water, both present and prospective, in accordance with the law of the State of California; that the future potential water use requirements of these Defendants in quantity of miners inches are unknown to these Defendants at the present time and these Defendants will ask leave of Court at time of trial to amend this answer in accordance thereto.

FOR A FURTHER, SEPARATE AND SECOND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

"These answering Defendants refer to Paragraph I of their foregoing First Affirmative Defense and incorporate the same herein as thought set forth in full.

II

"Defendants claim the beneficial use of the aforesaid surface and subterranean water as riparian owners of the aforesaid property.

FOR A FURTHER, SEPARATE AND FOURTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

"Refer to Paragraph I of their foregoing First Affirmative Defense and incorporate the same herein as though set forth in full.

10571

-3-

II

"Defendants claim the continued use and enjoyment of the aforesaid surface and subterranean water as prescriptive rights.

FOR A FURTHER, SEPARATE AND FIFTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

I

"Refer to Paragraph I of their foregoing First Affirmative Defense and incorporate the same herein as though set forth in full.

II

"That these answering Defendants claim all the water flowing in the Fern Canon under claim of right filed by their predecessors in interest, one David S. Lacey, set forth in Exhibit "B" hereof and made a part hereof by reference; that these Defendants claim that they and their predecessors in interest have continuously used the water beneficially and appurtenant to their land and that they are entitled to the continued beneficial use of said water."

ANSWER TO SUPPLEMENT TO COMPLAINT

I

These answering Defendants hereby incorporate by reference all of the allegations contained in the answer which they filed in this Court to the complaint of January 25, 1951 and by way of reference, make that answer a part of this supplementary and amendatory answer and each and every court and paragraph hereafter set forth as completely as though that answer were set forth in this paragraph in full and that answer remains except as specifically supplemented and amended by this pleading.

II

Answering counts II, III, IV, V, VI, VII, VIII, IX, X,

- 4 -

10572

and XI and each and every paragraph thereof of Plaintiff's supplement to complaint entitled "Changes in Status since the Initiation of this Action", these answering Defendants have no information or belief on the subject sufficient to enable them to answer the allegations and placing their denial on that ground, deny generally and specifically each and every allegation therein.

III

Answering counts no. XIII, XV, XVI, XVII, XVIII and XIX and each and every paragraph thereof of plaintiff's supplement to the complaint entitled: "Greatly Increased Demands Throughout the Santa Margarita Watershed", these answering Defendants have no information or belief on the subject sufficient to enable them to answer the allegations and placing their denial on that ground, deny generally and specifically every allegation therein.

IV

Answering count XXI of Plaintiff's supplement to complaint and each and every paragraph thereof, these answering defendants deny generally and specifically each and every allegation thereof; these answering defendants allege that a portion of the water claimed in said count and paragraphs used by the United States of America for Camp Pendleton, the Naval Ammunition Depot, the United States Naval Hospital, the Indian Reservations, National Forests and lands administered by the Bureau of Land Management in the very nature of the claim were not used by its predecessors in interest; that even if used by its predecessors in interest to the extent of the acre feet alleged in plaintiff's complaint; and that the water if taken was surplus or excess water and not subject to prescriptive rights under the laws of the State of California (<u>California v. U.S.</u> No. 14,049).

V

Answering counts no. XXII, XXIII ans XXIV and each and every paragraph thereof of plaintiff's supplement to complaint,

these answering Defendants have no information or belief on the subject sufficient to enable them to answer the allegations and placing their denial on that ground, deny generally and specifically each and every allegation therein.

VI

Answering count no. XXV of plaintiff's amended complaint, these answering defendants re-allege and re-aver each and every answer, allegation and affirmative defense to the complaint filed in this Court January 25, 1951 and by way of reference, makes that answer a part of this paragraph of this supplementary and amendatory answer, together with paragraphs I, II, III and IV above as completely as though that answer and aforesaid paragraphs were set forth in this paragraph VI.  Further answering paragraph II of count XXV, these answering defendants admit that the available supply of water in the Santa Margarita River exceeds the claims and demands of all parties in the watershed during dry seasons as distinguished from a flood year; that these defendants and their predecessors in interest have continuously, since September 16, 1896 (see Exhibit "B") and prior thereto, taken water from Fern Creek from its natural flow under a claim of right for beneficial use of the land appurtenant and riparian to said intermittent stream; that said water has been taken in a lawful manner for said beneficial use and not prodigally and has been temporarily stored in flood season; that on the contrary, these plaintiff's and their predecessors have allowed water to waste at the mouth of the Santa Margarita and now seek to exercise a paramount right for the plaintiff's oversight as the area becomes more developed; that these answering defendants should not be deprived of their vested rights based on their diversion, appropriation, temporary storage and conservation of the water within the watershed originating and continuing at a time long prior to the stipulated judgment between the Vails and plaintiff's predecessors.

AFFIRMATIVE STATEMENT OF RIGHTS

I

LAWRENCE WILLIAM BUTLER and MARY C. BUTLER, since the year 1945, for beneficial purposes in connection with the property described in Exhibit A and herein involved, diverted, appropriated and used, under a claim of right, the waters from Fern Creen as further described in Exhibit B, recorded water claim both from its surface and subsurface flow, which are described in the following paragraphs of this answer.

II

That there have been, for beneficial purposes, annually diverted, appropriated and used by these answering defendants and claimants all for the use of the property described in Exhibit A, all the natural flow of water from a diversion located approximately 200 yards west of the west property line of property described in Exhibit A flow through a metal and concrete pipe eight (8) inches in diameter to the three following described temporary storage reservoirs, a domestic storage tank or into a small lake used also as a storage reservoir. That all water has been efficiently conserved and prodigally used for the benefit of the 120 acres of this property continuously, at least since September 16, 1896, pursuant to a water claim of defendant's predecessor, DAVID S. LACEY, under a claim of right and use filed on that date and recorded in the State of California as set forth in defendants' Exhibit B; that all intermediate owners of this property have continuously, notoriously, uninterruptedly and under a claim of right used said flow of water beneficially for irrigation, domestic and other agricultural purposes; that the approximate flow of said water amounts to one-half a cubic foot a second at full capacity.

III

That defendants are informed and believe, and based

- 7 -

10574

on such information and belief, allege that a predecessor, DAVID S. LACEY, by an oral executed agreement exchanged a right-of-way over the property described in Exhibit A for the right to divert the water at the point described in defendants' Exhibit B and that said water has been continuously so diverted; that pursuant to said right and to further conserve said water without waste, defendants intermediate predecessors, GEORGE W. BRODE and J. E. BRODE, constructed and maintained an eight (8) inch pipe on said adjoined property and to defendants' property for use as hereafter described.

IV

These defendants and claimants allege that they have adopted and used the system of distribution of the water by the same methods used by their predecessors-in-interest since they purchased it in the year 1945; that the property described in Exhibit A for which their claim for water is asserted consists of 120 acres of which about 66 acres represent the maximum agricultural development acreage and are now being used; that the future potential development and water necessary is approximately 222 acre feet annually and that Fern Creek runs through the entire northeastern part of claimants property as riparian.

V

These answering defendants, in addition to the riparian rights, appropriation rights or prescriptive rights heretofore described, claim the following rights:

a) A storage right to the use of approximately 58,000 gallons of water annually, together with the aforementioned diversionary pipe and consisting of an off-channel reservoir and from which the water is pumped for irrigation as temporary storage. Said reservoir was erected and in continuous use since approximately 1926.

b) A storage right to the use of approximately

106,000 gallons of water annually, together with the aforementioned diversionary pipe, consisting of an off-channel reservoir and from which the water is pumped, for irrigation as temporary storage. Said reservoir was erected and in continuous use by defendants since 1949.

c) A storage right to the use of approximately 36,000 gallons of water annually, together with the aforementioned diversionary pipe, consisting of an off-channel reservoir and from which the water is pumped for irrigation as temporary storage. Said reservoir was erected and in continuous use by defendants since 1949.

d) A storage right to the use of approximately 25 acre feet of water annually, together with the aforementioned diversionary pipe consisting of an off-channel reservoir or lake and from which the water is pumped for irrigation as temporary storage. Said lake was erected and has been in continuous use since 1926. In addition, the eastern, a lower extremity, is supported by a small dam, primarily for an efficient "run-off" during flood season.

e) A domestic storage tank of approximately 1,200 gallons.

f) A well for domestic use erected by defendants' predecessors in approximately the year 1926 and maintained continuously.

VI

Answering defendants and claimants allege that the distribution and system maintained and described above is reasonably and beneficially the most efficient system for the conservation and use of the water available; that such water has been used prodigally and without waste on the property and not for sale to others; that the water flows by gravity throughout except when pumped for the domestic well or from the storage

tanks for irrigation; that Fern Creen is an intermittent stream and the storage reservoirs are filled or refilled throughout each year and the water is not permanent but is temporary; that defendants have not and are not interfering with the reasonable or beneficial use of water or against anyone in the Santa Margarita watershed but on the other hand, aver they are conserving water during flood season for lower riparian users and appropriators; that by such storage and conservation, much of the water so stored in flood time or any wet season, percolates to the lower users during dry seasons, all to their benefit.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the complaint and supplementary and amendatory complaint on file herein; that said complaint be dismissed as against these defendants; that defendants right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action, and for such other and further relief as the court may deem proper.

TANNER, HANSON, & MYERS

by _____
Attorneys for defendants,
Lawrence William Butler and
Mary C. Butler

# Grant Deed

~~KENNETH~~ W. ALLEN and LILLIAN F. ALLEN, his wife

In consideration of ......----Ten----...... Dollars

to ... them ... in hand paid, the receipt of which is hereby acknowledged, do ... hereby

GRANT to ... Lawrence William Butler and Mary C. Butler, husband and wife, joint tenants,

all that real property situated in the .................................. County of San Diego

State of California, described as follows:

PARCEL 1. Lot 1 of Section 6, in Township 9 South, Range 4 West, San Bernardino Meridian, containing 43 42/100 acres.

PARCEL 2. East half of the Southeast Quarter of Section 31, Township 8 South, Range 4 West, San Bernardino Meridian, in the County of San Diego, State of California; together with all water, water rights, easements, rights of way, rights or servitudes, belonging, appurtenant, or attached thereto in any way; including all of grantors' right title and interest in and to the water, water rights, or riparian rights which may be connected with or appurtenant to said land.

Grantors further transfer, convey and grant to grantees herein, their successors or assigns or to the heir of the surviving joint tenant, a right of way and easement 20 feet in width, over the South half of the Southwest Quarter of Section 32, Township 8 South, Range 4 West, S.B.M., for road purposes and for the purpose of laying down and maintaining a pipe line or open ditch for conducting water, together with the right to pump such water as the said grantees herein, their successors or assigns, or heirs of the surviving joint tenant, may desire from that certain stream known as "Rattlesnake Creek", situate on said South half of the Southwest Quarter of Section 32, Township 8 South, Range 4 West, S.B.M.; as said easement was conveyed to George W. Brode and J. E. Brode by deed recorded July 10, 1911, in Book 529, Page 41 of Deeds, Records of San Diego County, California.

PARCEL 3. An easement (Definition: easement being understood to mean right of way without soil or other ownership) 20 feet in width over south half of southwest quarter of section 32, Township 8 South, Range 4 West, San Bernardino Meridian, in County of San Diego, State of California, according to United States Government survey, approved April 28, 1885, for road purposes, as said road is now used and traveled and has been so used and traveled continuously during the past 30 years.

WITNESS their hand this 6th day of September, 1945.



EXHIBIT A

10578

STATE OF CALIFORNIA
County of Los Angeles } ss.

On this 11th day of September, 1945, before me, F. Schrempf, a Notary Public in and for said County, personally appeared John W. Allen & Lillian F. Allen

known to me to be the person.s. whose name.s. are subscribed to the foregoing instrument and acknowledged that they executed the same.

WITNESS my hand and Official Seal.

F. Schrempf
NOTARY PUBLIC in and for said County and State.

## Grant Deed

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES
ESCROW NO. 156-1946
85th & Vermont BRANCH

When recorded please return this instrument to
Lawrence Wm. Butler
6180 Temple Hill Street
Los Angeles 28, Calif.

Dated

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES

TO

RECORDED AT REQUEST OF
UNION TITLE INSURANCE & TRUST CO.

OCT 23 1945  9 A.M.

IN BOOK 1961
AT PAGE 386
of Official Records,
San Diego County, California
ROGER N. HOWE, County Recorder
By Deputy

90572

I certify that I have correctly transcribed this document in a form mentioned here.
M. I. PATCH

COMPARED
PHYLLIS A. COTA

EXHIBIT A

10578 A

JOHN R. FERRY
RECORDER
OF SAN DIEGO COUNTY

SAN DIEGO, CAL. _____ 19____

Water Claim

I hereby give notice that I claim all the water flowing in the Fern Canon except that now in use and claimed by Henry McDaniels and Hattie P Nye. Said water to be taken out in the North West quarter of the South East quarter of Section Thirty One in Township 8 South of Range 4 West San Bernardino meridian, and to be used for irrigating lands in DeLuz Valley and for milling, Domestic and agricultural purposes.

This filing covering the same water filed on by Lemen Judson, DeLuz Oct 29th 1885, said filing being recorded in Book 1 Water Claims, Page 105- in County Recorders office San Diego County California

David S Lacey

DeLuz California Sept 16th 1896

EXHIBIT B        10579

OF SAN DIEGO COUNTY

SAN DIEGO, CAL.,_____19____

State California
County San Diego

Charles Carr being duly sworn deposes and says that he posted the notice of which the above is a true copy on the 19th day of Sept. 1896, at the point of proposed diversion, & nailed to a tree.

Chas. W. Carr

Subscribed and sworn to before me this 19th day of Sept. 1896

Will H Holcomb
County Clerk
By H. J. Camp, Deputy

Recorded at request of Harry Allen Sept 23d 1896 at 10 min. past 4 o'clock P.M.

Jno F. Forward Recorder

By W Forward Deputy Recorder

EXHIBIT B                               10579

RECORDER
OF SAN DIEGO COUNTY

SAN DIEGO, CAL., _____ 19___

State California
County San Diego

Charles Carr being duly sworn deposes and says that he posted the notice of which the above is a true copy on the 19th day of Sept. 1896, at the point of proposed diversion, & nailed to a tree.

Chas. W. Carr

---

**STATE OF CALIFORNIA,** } ss.
**COUNTY OF SAN DIEGO**

I, JOHN H. FERRY, County Recorder in and for San Diego County, State of California, do hereby certify that I have compared the foregoing copy with the original record of a certain

Water Claim

found and appearing of record in Book No. 3 of Water Claims at page 124 et seq., and that the same is a full, true and correct copy of such original record and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official Seal, this 29th day of May A. D. 1901.

John H. Ferry _____ County Recorder.
By N. C. Parsons _____ Deputy Recorder.

EXHIBIT B                                                10579

County of Los Angeles } ss.   Lawrence William Butler

being first duly sworn, says: That __he__ is __one of the answering defendants__

in the above entitled action; that __he__ has __read__ the foregoing __Answer to Complaint and Supplementary and Amendatory Complaint__

and knows the contents thereof; and that the same is true of __his__ own knowledge, except as to the matters which are therein stated upon __his__ information or belief, and as to those matters that __he__ believes it to be true.

Subscribed and sworn to before me
May 13 , 1958

_Howard Stewart_   _Lawrence William Butler_
Notary Public in and for the County of Los Angeles, State of California
(SEAL)

Received copy of the within _____ this _____ day of _____ 19__

Attorney for _____

Received copy of the within _____ this _____ day of _____ 19__

Attorney for _____

(AFFIDAVIT OF SERVICE BY MAIL — 1013a, C. C. P.)

Affidavit of Service By Mail    Certificate of Service By Mail

STATE OF CALIFORNIA }
County of Los Angeles } ss.

_____ being first duly sworn, says: That he is and was at all times herein mentioned, a citizen of the United States and employed in the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that

__John B. Myers__ certifies that __he__ is and was, at all times herein mentioned, an active member of the State Bar of California and not a party to the within action or proceeding; that

his business address is: __215 West Seventh Street, Los Angeles 14, Calif.__

that on __May 13__, 1958, he served the within __Answer to Complaint and Supplementary and Amendatory Complaint__

on the __plaintiff__ in said action or proceeding by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in a mail-box, sub-post office, substation, or mail chute (or other like facility) regularly maintained by the Government of the United States at __Los Angeles, California__

in the City of Los Angeles, California addressed to the attorney ___ of record for said __plaintiff__

at the residence address of said attorney, _____ as follows:
J. Lee Rankin, Esq.
Solicitor General
Room 332, 325 West "F" Street
San Diego, California

(Affiant's Signature)
Subscribed and sworn to before me __May 13__, 1958   _John B. Myers_
(Attorney's Signature)
_Howard Stewart_
Notary Public in and for County of Los Angeles, State of California
(SEAL)

10580

Unless unusual circumstances exist, the portion that follows is the same in wording, whether the affidavit or certificate is used. However, any business address may be shown if certificate is used.

If deposited in the United States Post Office, cross out appropriate words and insert "in the United States Post Office." Here quote from envelope, name and address of addressee. Notarization is essential only with the affidavit.