1  DONALD C. CREWS and MABLE L. CREWS
   Defendants in propria persona
2  6741 Zane Court
   San Diego 11, California
3

4              IN THE UNITED STATES DISTRICT COURT
5               SOUTHERN DISTRICT OF CALIFORNIA
6                      SOUTHERN DIVISION
7
   UNITED STATES OF AMERICA,          )    CIVIL NO. 1247 - SD - C
8                                     )
                Plaintiff,            )    ANSWER OF DEFENDANTS
9                                     )
         v.                           )    DONALD C. CREWS and
10                                    )
   FALLBROOK PUBLIC UTILITY           )    MABLE L. CREWS
11 DISTRICT, ET AL,                   )
                                      )
12              Defendants,           )

13      The defendants,
14 each severing from their co-defendants and each for himself or her-
15 self alone, in answer to the Complaint and Supplementary and Amenda-
16 tory Complaint on file herein, admit, deny, and allege:
17         ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
                      AMENDATORY COMPLAINT
18
         These answering defendants hereby incorporate by reference
19
   all of the allegations contained in the answer to said Complaint and
20
   Supplementary and Amendatory Complaint filed in this case by Newton
21
   T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II
22
   of the portion thereof entitled "Affirmative Statement of Rights")
23
   and make each and all of said allegations a part of this answer
24
   the same as if herein set forth at length.
25
26              AFFIRMATIVE STATEMENT OF RIGHTS
27      These defendants own 2½  acres of land in   Riverside
28 County, California, and within the watershed of the Santa Margarita
29 River, more particularly described in the document attached hereto,
30 marked Exhibit A, which is hereby incorporated by reference as a
31 part of this statement.
32       ANSWER and AFFIRMATIVE STATEMENT set forth in document attach-
   ed hereto, marked Exhibit B, which is hereby incorporated by refer-
   ence as a part of this statement.             11067

As dry farming does not bring in enough to pay taxes on the land, we need all of the water in the ground. The more water that is pumped out, the deeper the wells must be drilled. This results in more expense for drilling, pipe, casing, fuel for engines or additional electric power. Our land will raise alfalfa, permanent pasture, corn for the table-every vegetable but potatoes.

We plan on drilling a new well to insure an adequate supply.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

*Donald C. Crews*

*Mable L. Crews*

Defendants in propria persona

Dated: 20 May 1958

**EXHIBIT A**

**Description of property**

We own Lots Eight (8), Nine (9), Sixteen (16) Seventeen (17), Eighteen (18), Nineteen (19), Twenty (20), Twenty-one (21), Twenty-two (22), Twenty-three (23), and Twenty-four (24), of Doolittle's Subdivision of Murrieta Townsite (M.L.C) as shown by Amended Map thereof, on file in Book 14 of Maps, at page 663, Records of San Diego County, California.

20 May 1958

Mable L. Crews
Donald C. Crews

Such title methods we have leads us to believe that we are not subject to the State doctrine of reasonable use, or any other State law that is contrary to the United States treaty with Mexico, called the "Treaty of Guadalupe Hidalgo" or contrary to article 6 of the Constitution or the 14 amendment to the Constitution of the United States. The treaty was made prior to any State law of the State of California. We believe that our land is a portion of the Temecula grant, which we believe is one of the grants referred to in the provisions of said treaty in the following words out of the protocol of the treaty---------

"2d. The American Government, byy suppressing the Xth article of the treaty of Guadalupe, did not in any way intend to annul the grants of lands made by Mexico in the ceded territories. These grants, notwithstanding the suppression of the article of the treaty, preserve the legal value which they may possess, and the grantees may cause their legitimate titles to be acknowledged before American tribunals".

"Conformably to the law of the United States, legitimate titles to every description of property, personal and real, existing in the ceded territories, are those which were legitimate titles under the Mexican law in California and New Mexico up to the 13th of May, 1846, and in Texas up to the 2d. of Mar. 1836".

We have read a portion of the original Upper California Mexican Title to the Temecula Rancho, signed by Micheltorena, Mexican Governor of Upper California, which Title says,-----quote----

1. ----------

2. "He may enclose it with out injury ro the cropings, roads, and servitudes; may enjoy it freely and exclusively, appropriating it to such use or cultivation as may suit him"----.

We have also read a portion of a copy of the adjudication of the First Transfer, signed by Leonardo Cota, acting as second constitutional Alcade, for Upper California, in which he reasserts the original Title, and adds the following, -----quote-

"In Los Angles, 15 day of June, 1846 Leonardo Cota, Senior Regidor acting as 2nd. constitutional Alcade of Upper California in adjudicating the 1st. transfer used the following words --------" conferring upon him irrevocable power that he may take possession and in order that he may not be under the necessity of taking actual possession to deliver him an original title

11070

which he may record whenever he sees fit, and therefore no one will molest him or will institute suit against him or otherwise disturb him in the enjoyment or possession of the same". Signed Leonardo Cota.

Therefore we believe that we are not subject to any State Law which would act adversely to the provisions of the Title referred to above.

We have read, The Constitution of The United States, article 6, section 2, quote-

"This Constitution and the Laws of The United States that shall be made in Persuance thereof, and all treaties made or which shall be made under the Authority of The United States shall be the supreme law of the land and the Judges in every state shall be bound thereby, any Thing in the Constitution or Laws of the State to the contrary notwithstanding".

Amendment 14 to the constitution of The United States says,----------quote-
"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States nor shall any state deprive any person of life, liberty, or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws".

There is no question in our minds about what was intended by Mexico and the United States when they agreed the values possessed by the grants be preserved, and that there would be no change in the status of the Title including the following values or rights-

1. The right to use our land freely and exclusively.
2. The right to appropiate it to such use or cultivation as suits us.
3. The right to have freedom from molestation.
4. The right not to be disturbed in the enjoyment of the same.
5. The right that no one will institute suit against us.

Smith on Elementary Law, page 80, chapter 7, top of page, quote-
"The constitution statutes and ordinances of the several states and their sub-division are inferior in rank to the federal constitution and the valid statutes and treaties of the United States, and no law of a particular state has any force if it is inconsistant with the constitution, valid statutes and treatise of the United States".

Again, Smith on Elementary Law, page 8, near middle of page, quote-
"As treaties are thus made a part of the law of the land in the United States the international law to the extent that it is declared within treaties

11071

entered into by the United States is incorporated into the municipal law of the United States, and offenses by persons against it and the rights of persons arising under international law adjudged in the municipal courts in accordance with the precepts of that law".

See, Wilson, pp12, 13; and Bowman pp47, 48 *new paragraph M. L. C.* American Law and Procedure, vol 12, page 347, par 349, quote-

"A state may not interfere with any private right derived expressively or impliedly from the Federal Constitution, laws, or treaties".

The following are quotations from, The Constitution of the United States annotated and revised and authorized by congress, including supreme court decisions up to 1952. On page 703, quote--------

"But a state statute enacted subsequently to a Federal Grant cannot be given effect to vest in the state rights which either remained in the United States or passed to its grantee".

On page 438------quote-

"It must always be borne in mind that the constitution laws and treaties of the United States are as much a part of the law of every state as its own local laws and constitution".

We believe that we have the right to the use of all the water that is appurtenant to our land in the Temecula Grant, that is needed in the cultivation of said land, and for domestic or other use on said land. We believe said right is preserved by the Treaty of Guadalupe Hidalgo. We therefore pray this suit be dismissed against us.

As our land is in the Temecula Grant we claim the protection of all matters of Record made by the Mexican California Government up to 1846. We claim the protection of the Treaty of Guadalupe Hidalgo as shown by the protocol of the Treaty, and we claim the protection of all matters of Record in California since it became a State of the United States.

We have a well on this place which we have used freely and hope and believe we will be able to continue to use our land freely.

20 may 1958

*Mable L. Crews*
*Donald C. Crews*

11072