Harvey Emerson and Gertrude Emerson
Defendants in propria persona
3209 W. Olympic,
Los Angeles 6, California

FILED
MAY 23 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,            ) CIVIL NO. 1247 - SD - C
                                     )
                Plaintiff,           ) ANSWER OF DEFENDANTS
                                     )
        v.                           ) ANSWER TO COMPLAINT
                                     ) OF HARVEY EMERSON AND
FALLBROOK PUBLIC UTILITY             ) GERTRUDE EMERSON
DISTRICT, ET AL,                     )
                                     )
                Defendants,          )

The defendants HARVEY EMERSON AND GERTRUDE EMERSON each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own 160 acres of land in RIVERSIDE County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto, marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

COPY RECEIVED

INDEXED

11079

On November 15, 1957, defendant wrote Office of Ground Water Resources protesting
amount of land found irrigable and usable as found in Engineering Report #8S/2W/24
Among other considerations defendant observed that engineers actually only traversed
small section of the property and did not personally examine additional acreage east
and west of springs which defendant has actually used for various crops and which
could be irrigated. Also, modern farming methods make usable and irrigable hills
and "borderline" land formerly thought to be useless. Other non-agricultural uses
should also be considered - this property ideal for guest ranch which requires water
in considerable quantity. Land also suitable for grazing cattle, horses, sheep, goats,
or raising turkeys, chickens and fowl or for various orchards. Defendants claim
the right to use all the water from various springs originating on this property or
from any wells which defendant may wish to drill in the future. Defendant claims
at least 40 acres are irrigable and usable and claims at least 4 acre feet per acre
would be a fair allottment. Defendant also claims additional water for a reasonable
portion of the 502 adjacent acres contained in Grazing Lease # LA 103884
under which defendant leases acreage from the Government until July 1, 1966.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

_____

_____
Defendants in propria persona

Dated: May 17, 1958

11080

## EXHIBIT 'A'

Legal Description of

160 Acres Belonging To

Harvey and Gertrude Emerson

Township 8 South Range 2 West: Section 24

The Southwest Quarter of the Northwest Quarter; North Half of the Southwest Quarter; and Northwest Quarter of the Southeast Quarter.

11081