```
Anderson & Anderson
817 Hollingsworth Bldg.
606 South Hill Street
Los Angeles 14, Calif.
MUtual 1241

Attorneys for defendants
Ernest W. Bennett, et al
```



FILED
MAY 23 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CAL.
by /s/ William ___
                Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. 1247-SD-C |
| v. | ) | |
| FALLBROOK PUBLIC UTILITY DISTRICT, ET AL., | ) | ANSWER OF DEFENDANTS ERNEST W. BENNETT and EMMA KATHRYN BENNETT |
| Defendants. | ) | |

     COME NOW DEFENDANTS ERNEST W. BENNETT and EMMA KATHRYN BENNETT, and answering the Complaint and Supplementary and Amendatory Complaint on file herein:

I

     Answering paragraph IV of said Complaint, these defendants deny that they have made any encroachments of any kind or character upon the water supply of the Santa Margarita Basin, or any water basin, or at all.  These defendants have no information or belief, or either, to enable them to answer the allegation that two wells have been destroyed and upon such lack of information or belief, deny that two or any wells have been destroyed in the intrusion referred to in said paragraph and/or that the entire or any portion of said basin is threatened.  Deny that the, or any, activities of these defendants through encroachments or otherwise, upstream or elsewhere, reduced or in any respect affected the quantities of water available to plain-

-1-

INDEXED

10997

tiff from the subterranean sources mentioned in said paragraph; deny that there has been a like, or any, reduction in surface or any flow of the Santa Margarita River, or any other river through the, or any, encroachments of these defendants.

II

Answering paragraph V of said Complaint, these defendants deny that there has been any final or other adjudication of the rights of plaintiff in and to the waters of the Santa Margarita River, and allege that any determination of the cause referred to in said paragraph could be and is binding only upon the parties thereto, and that neither these defendants nor their predecessors in the ownership of their land were parties to, or in any way connected with, said cause. These defendants further state that the adjudication by the Superior Court of the State of California, in and for the county of San Diego, upon the trial of said cause, was in favor of the Rancho Santa Margarita, predecessor in interest of the United States of America in respect to riparian rights in and to the waters of the Santa Margarita River and against the defendants in said cause; that the Supreme Court of the State of California reversed the judgment rendered by said Superior Court, and that the judgment finally filed in said action, after appeal to the Supreme Court, was based solely upon the stipulation of the parties to said action, which stipulation was put in the form of a judgment and entered by said Superior Court.

III

Answering paragraph VIII of said complaint these defendants deny that as to them plaintiff has a paramount, or any right, to 35,000 acre feet of water annually, or any amount, from the Santa Margarita River or any of its tributaries.

IV

Answering paragraph IX of said Complaint these defendants deny that by reason of their diversion or diversions, or any activities,

-2-

10998

1 or at all, with respect to or from the Santa Margarita River upstream
2 from Camp Pendleton or elsewhere or at all, have caused, or in any
3 way been respinsible for, the intrusion of salt water from the Pacific
4 Ocean as alleged in said paragraph IX, or otherwise, or at all; deny
5 that these defendants have repeatedly, or at all, through overt or
6 any acts displayed or indicated their or any disregard for the rights
7 of the United States of America and/or declared their adverse or
8 any claims in contravention of the rights of the United States of
9 America; deny that these defendants have likewise, or at all, re-
10 peatedly or at all, asserted that their rights acquired subsequent
11 to and/or with full or any knowledge of the rights of the United
12 States and/or its predecessors in interest, or otherwise, and/or
13 the needs of the United States for the military purposes referred
14 to in said paragraph IX, are paramount to the rights of the United
15 States of America and/or proceeded to encroach upon and/or now are
16 encroaching upon and/or threatening to continue to encroach upon
17 the already, or any, insufficient or other supply of water required
18 for the Nation's defense in connection with Camp Pendleton and/or
19 the United States Naval Hospital and/or the Naval Munition Depot and
20 in this connection these defendants allege that they do assert cer-
21 tain rights in and to the waters flowing in the Santa Margarita Basin
22 as overlying landowners as to which these defendants claim rights
23 correlative with those of plaintiff and others similarly situated.

ANSWERING COUNT XI OF SUPPLEMENT TO COMPLAINT

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint and make them a part hereof as if fully herein set forth.

II

These defendants do not have sufficient information or belief, or either, to enable them to answer certain allegations contained

-3-

in paragraph II of said Count, and upon such lack of information or belief deny that the number of acres of lands riparian to the Santa Margarita River susceptible of practicable and/or profitable irrigation, title to which is in the United States of America, has been increased over and above 12,375 acres of land of the character referred to in said paragraph to approximately 18,650 acres, or to any other number, or at all; likewise deny that a reasonable or any water duty for those lands is approximately 69,250 acre feet annually. On like grounds these defendants deny that the reasonable or any water duty of approximately 78,330 acre feet annually, or at all, is required by said or any riparian land.

ANSWERING COUNT XII OF SAID SUPPLEMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, and their Answer to Count XI of Supplement to Complaint, and make them a part hereof as if fully herein set forth.

II

Answering paragraph II of said Count XII these defendants deny that they have diverted water from the surface and/or subsurface or other flow of the Santa Margarita River since the initiation of this cause or at all, greatly or otherwise, or at all, reducing the quantities of water flowing to the United States of America, or elsewhere, in direct or any violation of its long or any vested or any rights to the use of water from that stream; deny that any diversion and/or encroachments upon the rights or otherwise has been to force or compel the United States of America at great, or any, costs to install a pipe line and/or to pump or otherwise produce water from the subterranean or any part of the basin of the Santa Margarita Ranch within Camp Pendleton, several miles upstream, or elsewhere, or otherwise, or at all, to supply the United States Naval

-4-

1  Munition Depot, or any other installation, or any other place or
2  area with the water vital or otherwise to its continued or any
3  existence. Deny that there has been any invasion of the rights of
4  the United States of America as described or referred to in said
5  paragraph, or otherwise, or at all, by these defendants, either of
6  the surface and/or subsurface or other flow of the Santa Margarita
7  River.

### III

9  Answering paragraph III of said Count XII, deny that any
10 of the diversions as described in paragraph II of said Count on the
11 part of these defendants or otherwise, have greatly or at all re-
12 duced the quantities of water available to recharge and/or maintain
13 the waters in the subterranean basin which underlies Camp Pendleton
14 or any other waters, or at all.

### ANSWERING COUNT XXI OF SUPPLEMENT TO COMPLAINT.

### I

18 These defendants herein replead the allegations of para-
19 graphs I to IV, inclusive, of their Answer to Complaint and their
20 Answer to Counts XI and XII of Supplement to Complaint, and make
21 them a part hereof as if fully herein set forth.

### II

23 These defendants do not have sufficient information or be-
24 lief, or either, to enable them to answer the allegations of para-
25 graphs II and III of said Count XXI, and basing their denial upon
26 such lack of information or belief, deny generally and specifically,
27 each and every of the allegations of said paragraph.

### ANSWERING COUNT XXII OF AMENDMENT TO COMPLAINT.

### I

31 These defendants herein replead the allegations of paragraphs
32 I to IV, inclusive, of their Answer to Complaint, and their Answer to

to Counts XI, XII and XXI of Supplement to Complaint, and make them a part hereof as if fully herein set forth.

II

These defendants do not have sufficient information or belief, or either, to enable them to answer the allegations of paragraphs I, II, and III of said Count XXII, and basing their denial upon the lack of information or belief, deny generally and specifically, each and every of the allegations of said paragraphs.

ANSWERING COUNT XXIII OF AMENDMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, their Answer to Counts XI, XII and XXI of Supplement to Complaint, and their Answer to Count XXII of Amendment to Complaint and make them a part hereof as if fully herein set forth.

II

These defendants have not sufficient information or belief, or either, to enable them to answer certain allegations of paragraph II of said Count XXIII, and basing their denial on such lack of information or belief, deny that the lands riparian to the Santa Margarita River within Camp Pendleton and the United States Naval Munition Depot total 38,739 acres and/or that approximately 4600 acres of said riparian lands overly the subterranean basin within Camp Pendleton, but admit that plaintiff has a correlative right to share in the waters of the Santa Margarita River as to such number of acres belonging to it as may be found by the Court to be riparian to said stream.

III

These defendants have not sufficient information or belief or either to enable them to answer the allegations contained in paragraph III of said Count XXIII, and based upon such lack of information

-6-

or belief, these defendants deny that the difference between the quantity of water plaintiff's non-riparian rights will yield and its maximum military demands is approximately 23,000 acre feet of water annually.

ANSWERING COUNT XXIV OF AMENDMENT TO COMPLAINT.

I

These defendants herein replead the allegations of paragraphs I to IV, inclusive, of their Answer to Complaint, their Answer to Counts XI, XII and XXI of Supplement to Complaint and their Answer to Counts XXII and XXIII of Amendment to Complaint and make them a part hereof as if fully herein set forth.

II

Answering paragraph II of Count XXIV, deny that the United States of America has a priority of June 30, 1948, or any other time, or at all, for the storage right of 165,000 or any number of acre feet of water per annum or otherwise from the Santa Margarita River; deny that such or any right can be or at all exercised to the extent of its demands not met by the other rights claimed by it in the Santa Margarita River or otherwise or at all.

ANSWERING COUNT XXV OF AMENDMENT TO COMPLAINT.

I

These defendants herein replead the allegatuons of paragraphs I to IV, inclusive, of their Answer to Complaint, their Answer to Counts XI, XII and XXI of Supplement to Complaint, and their Answer to Counts XXII, XXIII and XXIV of Amendment to Complaint and make them a part hereof as if fully herein set forth.

II

These defendants do not have sufficient information or belief or either to enable them to answer the allegations contained in paragraph II of said Count XXV. That the claims of the United States of

-7-

America set forth in this litigation, or otherwise, and those of the defendants far exceed the available supply of water in the Santa Margarita River, and basing their denial on such lack of information or belief, deny the said allegations and the whole thereof; admit that these defendants assert adverse claims to the rights to the use of water by the United States of America; deny that by reason of their or any adverse or other claims, these defendants have clouded or otherwise affected the title to the rights to the use of the water of the United States of America in the Santa Margarita River, or elsewhere; deny that these defendants have exercised and/or are presently or otherwise exercising rights to the use of water in a manner that invades and/or threatens to invade the rights to the use of water or otherwise, of the United States of America, and in this connection these defendants allege that they have rights of overlying land owners, correlative to the rights of other like users upon said stream.

AS A SEPARATE ANSWER TO SAID COMPLAINT, SUPPLEMENTARY AND AMENDATORY COMPLAINT, THESE DEFENDANTS ALLEGE:

I

That they are the owners of approximately 540 acres of land situated within Section 6, Township 7 South, Range 3 West, and within Section 1, Township 7 South, Range 4 West, S.B.B. & M., which lands overlie the underground flow of tributaries to the Santa Margarita River.

II

That by reason of the ownership of said lands these defendants claim and have rights which are correlative as to the owners of their overlying lands along said river.

III

That these defendants have, since 1949, been continuously using by means of pumps situated upon their said land, sufficient water to irrigate 12-1/2 acres of said land planted to alfalfa,

and to supply the domestic needs for water on said property.

AS A FURTHER AND SEPARATE ANSWER TO SAID COMPLAINT, SUPPLEMENTARY AND AMENDATORY COMPLAINT, THESE DEFENDANTS ALLEGE:

That plaintiff, United States of America, by reason of filing its application #12576 with the State of California, Department of Public Works, Division of Water Resources, for a permit to annually store 165,000 acre feet of water from the Santa Margarita River as described in paragraph II of Count XXIV of its Amendment to Complaint, is estopped to assert and complain of an overdraft of water in the Santa Margarita River for the reason that by the filing of said application plaintiff was, in effect, asserting that there were at the time of filing said application, surplus and unappropriated waters of the State of California, to the extent of the amount claimed in said application, available for appropriation.

WHEREFORE these defendants pray:

1: That this Court determine and declare that these defendants, by reason of the ownership of their said lands, have rights in and to the underground waters of said Temecula River correlative to such rights as may be found to exist in the lands of other overlying landowners within the drainage area of the Santa Margarita and Temecula Rivers and their tributaries;

2: That these defendants have and recover their costs herein expended; and

3: For such other and further relief as the Court may deem just and equitable.

ANDERSON & ANDERSON
By /s/ Jean H. Anderson
Attorneys for defendants
Ernest W. Bennett and Emma Kathryn Bennett

9.

11005

STATE OF CALIFORNIA,
County of Los Angeles } ss.    ERNEST W. BENNETT

Being first duly sworn says: That _he_ is ~~XX~~ one of the defendants

in the above entitled action; that _he_ has _____ read the foregoing _____ Answer

and knows the contents thereof; and that the same is true of _his_ own knowledge, except as to the matters which are therein stated upon _____ information or belief, and as to those matters that _he_ believes it to be true.

Subscribed and sworn to before me
May 19 1958

_Ernest W. Bennett_
Ernest W. Bennett

_[signature]_
Notary Public in and for the County of Los Angeles,
State of California
(SEAL)

Received copy of the within _____ this _____ day of _____ 19__

Attorney for _____

Received copy of the within _____ this _____ day of _____ 19__

Attorney for _____

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C.C.P.)
Affidavit of Service By Mail                Certificate of Service By Mail

STATE OF CALIFORNIA,
County of Los Angeles } ss.

MARGARET G. HOUSTON _____ being first
duly sworn, says: That she is and was at all times herein mentioned, a citizen of the United States and employed in the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that

her _____ address is 606 South Hill Street, Los Angeles 14, Calif.
business

that on May 19th 1958 she served the within Answer of defendants Bennett

on the plaintiff _____ in said action or proceeding by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in a mail-box, sub-post office, substation, or mail-chute (or other like facility), regularly maintained by the Government of the United States at Los Angeles, California

in the City of Los Angeles, California addressed to the attorneys of record for said plaintiff
at the residence address of said attorneys as follows:
office

William H. Veeder, Esq., Attorney
Department of Justice, Washington, D.C.
William E. Burby, Sr., Attorney
Department of Justice
12120 Travis Street, Los Angeles

_Margaret G. Houston_
(Affiant's Signature)

Subscribed and sworn to before me May 19 1958

_[signature]_
Notary Public and for County of Los Angeles, State of California
(SEAL)

Unless unusual circumstances exist, the portion that follows is the same in wording whether the affidavit or certificate is used. However, only business address may be shown if certificate is used.
If deposited in the United States Post Office, cross out appropriate words and insert: "in the United States Post Office." Here quote from envelope name and address of addressee. Notarization is essential only with the affidavit.

COPY RECEIVED                                    11006