1  LUCE, FORWARD, KUNZEL & SCRIPPS
   1220 San Diego Trust & Savings Bldg.
2  San Diego 1, California
   BElmont 9-9244
3
   Attorneys for Defendants
4





7              IN THE UNITED STATES DISTRICT COURT

8            IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9                        SOUTHERN DIVISION

10

11  UNITED STATES OF AMERICA,          )  No. 1247-SD-C
                                       )
12                     Plaintiff,      )
                                       )
13            vs.                      )
                                       )  ANSWER TO COMPLAINT
14  FALLBROOK PUBLIC UTILITY DISTRICT, )  AND SUPPLEMENTARY AND
    a public service corporation of the)  AMENDATORY COMPLAINT
15  State of California, et al.,       )
                                       )
16                     Defendants.     )
    _____)

17

18      Come now the defendants, Ewart W. Goodwin, Mary Alice Goodwin,

19  Charles F. Sawday, Ruth Cornell Sawday, Arthur W. Carey, Inez

20  Carey, Paul D. Bradshaw, Margaret Bradshaw, and Connecticut Mutual

21  Life Insurance Company, a corporation, and severing themselves

22  from their codefendants for their answer to the Complaint and

23  Supplementary and Amendatory Complaint on file herein, admit, deny

24  and allege as follows:

25                              I

26      The Connecticut Mutual Life Insurance Company is a corporation

27  as under the laws of the State of Connecticut.

28                              II

29      In answer to the Complaint of the United States of America,

30  as originally filed and as set forth in the Complaint and

31  Supplementary and Amendatory Complaint, these answering defendants

32  replead and reallege all allegations of their Answer already on

    file herein and which was filed in answer to the original Complaint

    of the United States of America.

                                                        10947

IN ANSWER TO COUNT NO. I

These answering defendants reallege and replead each and every allegation contained in paragraph II above, and by way of reference make said allegations a part hereof as though they were set forth in this paragraph in full.

IN ANSWER TO COUNT NO. II

I

REALLEGE and REPLEAD each and every allegation contained in their Answer to Count I hereof as completely as though they were set forth at this place in full.

II

ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs II and III of Count II, and therefore DENY the said allegations.

IN ANSWER TO COUNT NO. III

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Count I and Count II above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place in full.

II

Answering paragraph II of Count III, ADMIT that Sandia and Rainbow Creeks are tributaries of the Santa Margarita River, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations remaining, and basing this denial on that ground, DENY the said remaining allegations.

III

Answering paragraph III and paragraph IV of Count III, ALLEGE that they are without sufficient knowledge or belief to enable them to answer the same, and basing their denial

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1120 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-2-

on that ground, DENY those paragraphs.

IV

Answering paragraph V of Count III, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. IV

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Count I, Count II and Count III above and by way of reference make the said allegations a part hereof as completely as thoughthey were set forth at this place in full.

II

Answering paragraphs II and III of Count IV, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and basing their denial on that ground, DENY the said allegations.

III

Answering paragraph IV of Count IV, DENY generally and specifically each and every allegation therein contained.

IV

Answering paragraph V of Count IV, ALLEGE that they are without knowledge or information sufficient to form a belief to enable them to answer the same, and basing their denial on that ground, DENY said allegations.

IN ANSWER TO COUNT NO. V

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Count I, Count II, Count III, and Count IV above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-3-

II

Answering paragraphs II, III, IV, V and VI of Count V, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and basing their denial on that ground, DENY the said allegations.

III

Answering paragraph VII of Count V, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. VI

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV and V above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraph II of Count VI, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and basing their denial on that ground, DENY the said allegations.

III

Answering paragraphs III, IV and V of Count VI, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. VII

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV, V, and VI above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraphs II and III of Count VII, ALLEGE

10950

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

1   that they are without knowledge or information sufficient to

2   form a belief as to the truth of the allegations therein

3   contained and basing their denial on that ground, DENY the

4   said allegations.

5                IN ANSWER TO COUNT NO. VIII

6                       I

7       REALLEGE and REPLEAD each and every allegation contained

8   in the Answer to Counts I, II, III, IV, V, VI and VII above

9   and by way of reference make the said allegations a part

10  hereof as completely as though they were set forth at this

11  place.

12                    II

13      Answering paragraphs II and III of Count VIII, ALLEGE

14  that they are without knowledge or information sufficient to

15  form a belief as to the truth of the allegations therein

16  contained and basing their denial on that ground, DENY the

17  said allegations.

18                  III

19      Answering paragraph IV of Count VIII, DENY generally and

20  specifically each and every allegation therein contained.

21

22               IN ANSWER TO COUNT NO. IX

23                     I

24      REALLEGE and REPLEAD each and every allegation contained

25  in the Answer to Counts I, II, III, IV, V, VI, VII, and VIII

26  above and by way of reference make the said allegations a

27  part hereof as completely as though they were set forth at

28  this place.

29                  II

30      Answering paragraphs II and III of Count IX, ALLEGE that

31  they are without knowledge or information sufficient to form

32  a belief as to the truth of the allegations therein contained

    and basing their denial on that ground, DENY the said allegations.

LAW OFFICES
LUCE, FORWARD, KUNZEL, & SCRIPPS
SUITE 220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

0851

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

III

Answering paragraph IV of Count IX, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. X

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV, V, VI, VII, VIII and IX above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraphs II, III, IV and V of Count X, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and basing their denial on that ground, DENY the said allegations.

IN ANSWER TO COUNT NO. XI

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX and X above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraph II of Count XI, DENY generally and specifically each and every allegation therein contained, and ALLEGE that the military establishments referred to in said paragraph do not occupy or utilize all the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, the exact amount being unknown to these defendants and have been at all times since said

-6-

10952

property was acquired by the United States and now are
occupied and used for commercial farming, said land being
rented out in tracts to various private individuals and firms
for that purpose.

### IN ANSWER TO COUNT NO. XII

I

REALLEGE and REPLEAD each and every allegation contained
in the Answer to Counts I, II, III, IV, V, VI, VII, VIII,
IX, X, and XI above and by way of reference make the said
allegations part hereof as completely as though they were
set forth at this place.

II

Answering paragraph II of Count XII, DENY that since the
initiation of this cause there has been a rapid and continuous
increase in the quantities of water diverted from the surface
and subsurface flow of the Santa Margarita River greatly
reducing the quantities of water flowing to the United States
of America in violation of its long vested right or rights of
any kind to use the water from that stream.  ALLEGES that they
are without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations, and
basing their denial on that ground, DENY the said remaining
allegations.

III

Answering paragraph III of Count XII, DENY generally
and specifically each and every allegation therein contained.

IV

Answering paragraph IV of Count XII, DENY that the parties
named therein are invading the rights of the United States of
America in the Santa Margarita River to its irreparable damage.
ADMIT that the Fallbrook Public Utility District has constructed
two  pumps on the Santa Margarita River above the eastern

LAW OFFICES
LUCE, FORWARD, KUNZEL, & SCRIPPS
SUITE 1820 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10953

boundary of Camp Pendleton.  ADMIT that the Fallbrook Public

Utility District has installed a dam across the Santa Margarita

River and impounds certain waters therein.  DENY generally

and specifically each and every other allegation therein

contained.

V

ADMIT that Charles F. Sawday has located and now maintains

across the Santa Margarita River a diversion pump and sump

which have been installed since January 25, 1951.  DENY that

Charles F. Sawday diverts from the Santa Margarita River large

quantities of water to which the United States of America is

entitled by reason of its rights to the use of water in that

stream.  DENY generally and specifically each and every other

allegation therein contained.

VI

Answering paragraph VI of Count XII, ADMIT that the owner

and operator of the Sawday diversion has made no application

to the State of California for a permit to divert water from

the Santa Margarita River.  DENY generally and specifically

each and every other allegation therein contained.

VII

Answering paragraph VII of Count XII, ALLEGE that they are

without knowledge or information sufficient to form a belief

as to the truth of the allegations therein contained, and basing

their denial on that ground, DENY the said allegations.

VIII

Answering paragraphs VIII and IX of Count XII, DENY

generally and specifically each and every allegation therein

contained.

IN ANSWER TO COUNT NO. XIII

I

REALLEGE and REPLEAD each and every allegation contained

in the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX,

-8-

10954

X, XI, and XII above and by way of reference make the said
allegations a part hereof as completely as though they were
set forth at this place.

II

Answering paragraph II of Count XIII, ADMIT the allegations
of said paragraph II of Count XIII.

III

Answering paragraphs III and V of Count XIII, DENY generally
and specifically each and every allegation therein contained.

IV

Answering paragraphs IV and VI of Count XIII, ALLEGE that
they are without knowledge or information sufficient to form
a belief as to the truth of the said allegations therein
contained, and basing their denial on that ground, DENY the
said allegations.

IN ANSWER TO COUNT NO. XIV

I

REALLEGE and REPLEAD each and every allegation contained
in the Answer to Counts I, II, III, IV, V, VI, VII, VIII,
IX, X, XI, XII and XIII above and by way of reference make
the said allegations a part hereof as completely as though they
were set forth at this place.

II

Answering paragraph II of Count XIV, ADMIT the allegations
therein contained.

IN ANSWER TO COUNT NO. XV

I

REALLEGE and REPLEAD each and every allegation contained
in the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX,
X, XI, XII, XIII and XIV above and by way of reference make
the said allegations a part hereof as completely as though
they were set forth at this place.

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10955

II

Answering paragraph II of Count XV, ADMIT the allegations therein contained.

III

Answering paragraph III of Count XV, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegation that the course of Coahuila Creek is over and across water-bearing gravel and alluvial basins situated in the Coahuila Indian Reservation and basing its denial on that ground, DENY said allegation and ADMIT the remaining allegations of paragraph III of Count XV.

IV

Answering paragraph IV of Count XV, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and basing their denial on that ground, DENY the said allegations.

V

Answering paragraphs V and VI of Count XV, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. XVI

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and XV above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraph II of Count XVI, ADMIT the allegations therein contained.

III

Answering paragraph III of Count XVI, ALLEGE that they

-10-

10956

are without knowledge or information sufficient to form a
belief as to the truth of the allegations therein contained,
and basing their denial on that ground, DENY the said allegations.

IV

Answering paragraph IV and V of Count XVI, DENY generally
and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. XVII

I

REALLEGE and REPLEAD each and every allegation contained
in the Answer to Counts I, II, III, IV, V, VI, VII, VIII,
IX, X, XI, XII, XIII, XIV, XV, and XVI above and by way of
reference make the said allegations apart hereof as completely
as though they were set forth at this place.

II

Answering paragraphs II and III of Count XVII, ADMIT
the allegations therein contained.

III

Answering paragraph IV of Count XVII, ALLEGE that they
are without knowledge or information sufficient to form a
belief as to the truth of the allegations therein contained
and basing their denial on that ground, DENY the said
allegations.

IV

Answering paragraph V of Count XVII, DENY generally and
specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. XVIII

I

REALLEGE and REPLEAD each and every allegation contained
in the Answer to Counts I, II, III, IV, V, VI, VII, VIII,
IX, X, XI, XII, XIII, XIV, XV, XVI and XVII above and by way
of reference make the said allegations a part hereof as
completely as though they were set forth at this place.

-11-

10857

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

II

Answering paragraph II of Count XVIII, ADMIT the allegations therein contained.

III

Answering paragraph III of Count XVIII, ALLEGE that they are without information or knowledge sufficient to form a belief as to the truth of the allegation that Temecula Creek creates an on-channel reservoir which is the Vail Dam at the upper end of Nigger Canyon on the Pauba Grant in the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼), Section 10, Township 8 South, Range 1 West, having a potential storage capacity of 50,000 acre-feet, and basing their denial on that ground, DENY the said allegation.  ADMIT the remaining allegations contained in said paragraph.

IV

Answering paragraph IV of Count XVIII, ADMIT the allegations therein contained.

V

Answering paragraphs V, VI, VIII, and XI of Count XVIII, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and basing their denial on that ground, DENY the said allegations.

VI

Answering paragraphs VII, IX and X of Count XVIII, DENY generally and specifically each and every allegation therein contained.

IN ANSWER TO COUNT NO. XIX

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII above and by way of reference make the said allegations a part hereof

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10959

1  as completely as though they were set forth at this place.

2                          II

3      Answering paragraphs II, III and V of Count XIX, ALLEGE

4  that they are without information or knowledge sufficient to form

5  a belief as to the truth of the allegations therein contained,

6  and basing their denial on that ground, DENY the said allegations.

7                         III

8      Answering paragraph IV of Count XIX, DENY generally and

9  specifically each and every allegation therein contained.

10             ANSWER TO COUNT NO. XX

11                         I

12      REALLEGE and REPLEAD each and every allegation contained in

13  the Answer to Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI,

14  XII, XIII, XIV, XV, XVI, XVII, XVIII, and XIX above and by way of

15  reference make the said allegations a part hereof as completely

16  as though they were set forth at this place.

17                         II

18      Answering paragraph II of Count XX, DENY generally and

19  specifically each and every allegation therein contained, except

20  it is admitted that the United States can claim or has riparian

21  rights on a portion of the lands and that it may have perfected

22  appropriative rights under the laws of the State of California

23  for a portion of said lands.  These answering defendants have no

24  knowledge or information sufficient to form a belief as to the

25  extent of these rights of the United States.

26            ANSWER TO COUNT NO. XXI

27                         I

28      REALLEGE and REPLEAD each and every allegation contained in

29  the Answer to Counts I through XX above and by way of reference

30  make the said allegations a part hereof as completely as though

31  they were set forth at this place.

32

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10959

II

Answering paragraphs II and III of Count **XXI**, DENY generally and specifically each and every allegation therein contained, and further ALLEGE that all of the diversions of water made by the United States have been downstream from and below all of the lands of the defendants herein and for this reason none of the uses or diversions of the United States have been adverse to any of the defendants herein.  ALLEGE that nowhere in Count XXI is there any allegation that any use of water has been made by the United States upon the lands in question.

ANSWER TO COUNT NO. XXII

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I through XXI above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraphs I and II of Count XXII, ALLEGE that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and basing their denial on that ground DENY the said allegations, and further ALLEGE that the United States has made no appropriations of water under the laws of the State of California for any purposes in connection with the military reservations referred to and that all diversions and use of water on said reservations are without right and in excess of the rights of the United States and in violation of the laws of the State of California.

III

DENY generally and specifically each and every allegation contained in paragraph III of Count XXII.

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-14-

10960

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

### ANSWER TO COUNT NO. XXIII

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I through XXII above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraph II of Count XXIII, ADMIT that in connection with its riparian lands the United States has a right to correlatively share in the use of the waters of the Santa Margarita river with other riparian landowners so long as the waters are put to proper riparian uses.  DENY generally and specifically each and every other allegation therein contained.

III

Answering paragraph III, DENY generally and specifically each and every allegation therein contained, and further ALLEGE that the uses to which the United States is presently putting its water on the military reservations are not proper riparian uses but are, in fact, municipal uses.  Further ALLEGE that to the extent that any of the uses to which the United States is presently putting water of the Santa Margarita are, in fact, purported riparian uses, such uses are, in fact, unreasonable uses.

### ANSWER TO COUNT NO. XXIV

I

REALLEGE and REPLEAD each and every allegation contained in the Answer to Counts I through XXIII above and by way of reference make the said allegations a part hereof as completely as though they were set forth at this place.

II

Answering paragraph II, ADMIT the allegations therein contained, except it is denied that the United States has any storage right to the waters of the Santa Margarita river.  ALLEGE that on April 10,

-15-

10961

1958, the California State Water Rights Board rejected Application
No. 12576 of the United States Navy as amended and that the United
States no longer has any rights under said Application.

ANSWER TO COUNT NO. XXV

I

REALLEGE and REPLEAD each and every allegation contained in
the Answer to Counts I through XXIV above and by way of reference
make the said allegations a part hereof as completely as though
they were set forth at this place.

II

Answering paragraph II of Count XXV, these answering defendants,
and each of them, DENY generally and specifically that the defend-
ants named in this action assert adverse claims to the rights to
the use of water of the United States of America, and DENY
generally and specifically that by reason of these adverse claims
these defendants, or any of them, have clouded the title to the
use of water of the United States of America in the Santa Margarita
river.  These answering defendants further DENY generally and
specifically that they have exercised at any time herein mentioned,
or otherwise, rights to the use of the water in a manner that
invades or threatens to invade the rights, or any of them, to the
use of water of the United States of America.  DENY generally and
specifically that the defendant in intervention, the State of
California, has through its acts drastically changed its status
and the status of the parties since the inception of this action,
or that they have invaded the rights through the use of water herein
described, or that they have threatened to invade any rights of the
United States of America, or that the State of California committed
repeated overt acts threatening to invade any rights of the United
States of America, and further DENY generally and specifically each
and every allegation alleged therein.

-16-

10962

FOR A FURTHER, SECOND AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

I

These defendants are the successors in interest to Defendant GLENN F. PHILLIPS and to ESTHER PHILLIPS, to all that real property hereinafter described.

II

That these defendants are the owners of and in possession of all that certain real property situated, lying and being in the Counties of Riverside and San Diego, State of California, more particularly described as follows:

PARCEL 1.

Southeast Quarter of Northwest Quarter of Section 31, Township 8 South, Range 3 west, San Bernardino Base and Meridian, in the County of Riverside, State of California, as shown by United States Government Survey.

PARCEL 2.

West Half of Southeast Quarter; South Half of Southwest Quarter and the Northeast Quarter of Southwest Quarter of Section 31, Township 8 South, Range 3 West, San Bernardino Base and Meridian in the County of Riverside, State of California, EXCEPTING therefrom a five (5) acre tract bounded and described as follows: Beginning at the Northwest corner of the Northeast Quarter of the Southwest Quarter of said Section 31; thence East along the North line of said Northeast Quarter of the Southwest Quarter, 165 feet; thence South and parallel with the West line of said Northeast Quarter of the Southwest Quarter 1320 feet; thence West along the South line of said Northeast Quarter of the Southwest Quarter, 165 feet; thence North along the West line of said Northeast Quarter of the Southwest Quarter, 1320 feet to the point of beginning.

-17-

10963

PARCEL 3.

Lots 2, 3, 5, 6, 7 and Southeast Quarter of Northwest
Quarter of Section 6, all in Township 9 South, Range 3
West, San Bernardino Base and Meridian, in the County
of San Diego, State of California, according to United
States Government Survey approved April 21, 1890.

PARCEL 4.

Lot 1 (NW¼ of NW¼ of Section 7, Township 9 South, Range
3 West, San Bernardino Base and Meridian, in the County
of San Diego, State of California, EXCEPTING therefrom
that portion described as follows:  Beginning at the
Northwest corner of said Section 7, thence Eastward
along the North line of said Section 7 for a distance
of 1152 feet to a point; thence at right angles and
South to the South line of the NW¼ of NW¼ of said
Section 7; thence at right angles and Westward along said
South line to the West line of said Section 7, which
point is the Southwest corner of the NW¼ of NW¼; thence
at right angles and northward along said West line of
said Section 7 to point of beginning.

### III

That said lands are located in a semi-arid region of the
country and are barren, unproductive and of little value with-
out water, but with water said lands are valuable and highly
productive for agriculture and livestock purposes.

### IV

That the defendants' said lands are traversed by numerous
creeks and water courses which are tributaries of other creeks
and water courses which in turn are tributaries of the Santa
Margarita River.  That said creeks and water courses on said
lands have only intermittent surface flow for most of the
year but do have a permanent sub-surface flow; also, most of

- 18 -

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

said lands overlie underground strata of water bearing sand
and gravel through which percolates water which can and does
furnish said lands with a substantial water supply which is
and can be made available for use thereon by digging wells
therein and pumping water therefrom.

V

That said lands were originally entered as public lands
under the Homestead laws and other public land laws of the
United States and proved up on thereunder and in the early
1880's, patents were issued by the United States to three
entry-men for their respective tracts so entered by them.
That from the very beginning the said entry-men appropriated
and put to beneficial use on their respective lands the waters
found flowing thereon and thereunder for domestic uses, the
irrigation of orchards and gardens for stock water purposes,
in respective amounts of approximately 20 acre-feet of water
per annum.  That said use was continued by them and their
successors in interest in ever increasing amounts without in-
terruption, openly, notoriously, adversely and under claim of
right.  That since November 1, 1908, all of said lands, ex-
cept said last mentioned parcel, have been held continuously
in one ownership and farmed as a single unit and the use of
water on said lands for beneficial purposes has been as here-
inafter set forth.

VI

That in the year 1948, these defendants' predecessors in
interest constructed a dam and reservoir on Brians Creek, a
tributary of the Sandia Creek which, in turn, is a tributary
of the Santa Margarita River, said dam and reservoir being
located on that portion of the property now owned by these de-
fendants to-wit:

In the Northeast 1/4 of the Southwest 1/4 and the

-19-

10965

Southeast 1/4 of the Northwest 1/4 of Section 31,

Township 8 South, Range 3 West, S B M.

That said reservoir has a capacity of 35 acre feet.  That
ever since the construction of said dam and reservoir, said
predecessors in interest, and these defendants have stored
therein the flood waters of said Brians Creek and appropriated
the same for beneficial use upon said lands up to approximate-
ly 35 acre-feet per annum.  That on November 2, 1951, these
defendants filed Application No. 14561 with the State Engineer
of the State of California, Department of Public Works, Di-
vision of Water Resources, requesting a permit covering said
amount of water so stored behind said dam and so beneficially
used on said lands.  That these defendants are informed and
believe, and therefore allege, that, under the laws of the
State of California, they are entitled to have said application
granted for the said amount of water and that in due time a
permit will be issued to them therefor, by the State of
California, entitling them to store within said reservoir up
to 35 acre-feet per annum the flood waters of said Brians
Creek and to beneficially use the same upon their said lands.

VII

That defendants' said lands are highly improved, being
fenced and cross-fenced and having farm roads constructed
thereon connecting the various parts thereof; orchards planted
and growing thereon, consisting of various varities of fruit
trees suitable to that locality; four wells equipped with pumps
and power motors for operating the same; two dams and reser-
voirs with a capacity of 25 acre-feet and two elevated tanks
with capacities of 4500 and 5000 gallons respectively, all
tied together by means of an irrigation system consisting of
approximately 15,000 feet of welded steel water main and la-
teral pipe lines for the efficient irrigation of the various

-20-

10966

orchards and crops growing thereon and supplying the domestic
requirement of the people living thereon; that there is also
on said property a well constructed farm house occupied by
one of the defendant owners and his family, as well as other
farm buildings and structures, together with equipment and
machinery suitable, necessary and sufficient for the success-
ful operation of said property as a single farm unit.

VIII

That continuing for more than five years prior to 1941,
the beneficial use of water upon defendants' said property
for irrigation, domestic, livestock and other purposes, was
maintained by their predecessors in interest, at an amount
of approximately 50 acre-feet per annum. Said use was without
interruption, openly, notoriously, adversely and under claim
of right.

IX

That the second dam and reservoir, referred to above, was
constructed by these defendants in the early part of 1956,
on Brians Creek a short distance below the location of the
dam and reservoir which was built in 1948. Said dam is lo-
cated in the Northeast 1/4 of the Southwest 1/4 of Section
31, Township 8 South, Range 3 West, S B M, as described above.
Said reservoir has a capacity of 25 acre-feet. That ever since
the construction of said dam and reservoir these defendants
have stored therein the said waters of Brians Creek and appro-
priated the same for beneficial use upon said lands to approxi-
mately 35 acre-feet per annum. That on or about May 21, 1958,
these defendants filed their application with the State of
California - State Water Rights Board, requesting a permit
covering said amount of water so stored behind said dam and
so beneficially used on said land. These defendants are infor-
med and believe, and therefor allege the fact to be, that un-

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10967

der the laws of the State of California they are entitled to have said application granted for the said amount of water and that in due time a permit will be issued to them, therefor, by the State of California, entitling them to store within the said reservoir, up to 35 acre-feet per annum, of the flood waters of said Brians Creek and beneficially use the same upon their said lands.

X

That Parcel 4 described above lies within the watershed of the Santa Margarita River and is riparian to the said river or its tributaries. These defendants claim full correlative riparian rights in and to the waters of the Santa Margarita River and its tributaries in an amount not to exceed 4.2 acre feet per acre per annum, for all said lands described as Parcel 4.

XI

That Parcels 1 and 2 described above are riparian to Brians Creek, a tributary of Sandia Creek, which is a tributary of the Santa Margarita River, and said lands lie within the watershed of the Santa Margarita River or its tributaries. These defendants claim full correlative riparian rights in and to the waters of the Santa Margarita River and its tributaries in an amount not to exceed 4.2 acre feet per acre per annum for all of said lands described as Parcels 1 and 2 above.

XII

In addition to the water rights set forth above these defendants claim a prescriptive right against plaintiff herein to divert from the Santa Margarita River  50  acre feet per annum. This right is based upon the fact that these defendants have continuously, openly, notoriously and adversely to the plaintiff herein and under a claim of right, diverted that amount of water from the Santa Margarita River commencing April

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-22-

10968

1   30, 1953, and continuing unto the present date.

2                              XIII

3        That there are approximately 290 acres of arable land
4   embraced within said property owned by these defendants, suit-
5   able for cultivation and irrigation and that the remainder there-
6   of is suitable for range purposes and valuable for livestock
7   raising and grazing purposes and valuable for domestic pur-
8   poses including the sites for fine country homes and estates.
9   That of the arable lands approximately 85 acres are now occu--
10  pied by and used for orchards, gardens and field crops. That
11  the remainder of said arable lands or about 205 acres will be
12  planted to fruit trees and devoted to other agricultural uses
13  as rapidly as the land can be prepared, developed and brought
14  into cultivation for said uses. These defendants believe that
15  the entire 290 acres of arable land would, as of the present
16  date, have been developed and cultivated, thereby being put to
17  beneficial agricultural uses and purposes had it not been for
18  the pendency of this litigation.

19                              XIV

20       Defendant alleges that all of its rights set forth herein
21  are prior and paramount to all of the rights of plaintiff, set
22  forth in plaintiff's complaint, and amendatory and supplemen-
23  tary complaint, excepting that the riparian rights stated here-
24  in are correlative with the riparian rights of the plaintiff
25  and all other riparian land owners on the stream.

26  AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES:

27                              I

28       Repleads and re-alleges the allegations contained in the
29  second separate and affirmative defense alleged above as though
30  the same were set forth fully herein at this place.

31                              II

32       The precipitation in the watershed of the Santa Margarita

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-23-

1  River and its tributaries is largely consentrated in the months

2  of December through April of each year and it is character-

3  istic of the flow of the Santa Margarita River and its tribu-

4  taries, that over 90% of the run-off occurs during these

5  months.  During those months there exists a large surplus of

6  water in the Santa Margarita River over and above the needs of

7  all riparian owners for any reasonable and beneficial use.

8                              III

9       All said surplus waters are available for appropriation

10  under the laws of the State of California and these defendants

11  have appropriated such waters as heretofore set forth in its

12  second separate and affirmative defense which is made a part

13  hereof by reference.

14  AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE:

15                              I

16       All of the uses to which plaintiff is putting the waters

17  of the Santa Margarita River within the military reservations

18  are unreasonable uses and non-riparian uses and plaintiff is

19  without any right to demand that part of the flow of the Santa

20  Margarita River or its tributaries be allowed to reach such

21  military reservations for the uses to which such waters are

22  presently be put.

23  FOR A FURTHER FIFTH AND SEPARATE DEFENSE THESE DEFENDANTS ALLEGE:

24                              I

25       The purported causes of action set forth in plaintiff's

26  complaint and supplementary and amendatory complaint herein

27  are barred by the provisions of Sections 318, 319 and subsection

28  2 of Section 338, all of the Code of Civil Procedure of the

29  State of California.

30  AS THE SIXTH SEPARATE AND AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE:

31                              I

32       On or about June 30, 1948, the plaintiff filed its appli-

LAW OFFICES
LUCE, FORWARD, KUNZEL, & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10970

LAW OFFICES
LUCE, FORWARD, KUNZEL, & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

1 cation No. 12576 with the State of California to appropriate

2 165,000 acre feet of water from the Santa Margarita River.

3 Said application was thereafter amended by plaintiff in num-

4 erous respects and was duly noticed for hearing before the

5 State Water Rights Board of the State of California, on

6 August 12, 1957.  Thereafter, on or about April 10, 1958, the

7 said State Water Rights Board made its order denying the said

8 application and that thereby all of the claimed rights of the

9 plaintiff to the use of water upon the military reservations

10 excepting purely riparian rights have been determined adversely

11 to the claims of the plaintiff herein.

12 AS THE SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE

13          I

14   Repleads and re-alleges the same as though set forth here-

15 in in full, the allegations contained in the previous sixth

16 seperate and affirmative defense of these defendants.

17          II

18   By reason of the matter herein set forth plaintiff is

19 estopped from denying the validity of the appropriative water

20 rights claimed by these defendants.

21 FOR A FURTHER EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE THESE DE--

22 FENDANTS ALLEGE:

23          I

24   These defendants replead and re-allege all the allegations

25 contained in the first separate and affirmative defense set

26 out above as though fully set forth herein.

27          II

28   That by virtue of its ownership and possession of the a-

29 forementioned parcels of land these defendants are the owners

30 of the rights and claims to right to extract from beneath the

31 surface of said parcels of land without interference by the

32 plaintiff herein, that quanity or quanities of underground or

10971

1  percolating water which these defendants can apply to a reas-

2  onable and beneficial use upon said parcels of land.

3  AS THE NINTH SEPARATE AND AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE:

4                                    I

5       These defendants replead and re-allege as if set forth

6  fully herein, the allegations contained in the second separate

7  and affirmative defense set out above.

8                                    II

9       That these defendants are the owners as against the plain-

10  tiff, of prescriptive rights to the use upon said lands for

11  irrigation, domestic and livestock watering purposes, the a-

12  mounts and portions of water set forth above.  That these de-

13  fendants as the owners of said riparian and overlying lands

14  are the owners as against the plaintiff of the right to divert

15  from said creeks and streams upon their said property and to

16  pump from the percolating water underneath said lands for the

17  beneficial use thereof, up to 550 acre feet per annum, which

18  right is correlative with the right of the plaintiff to take

19  and use a reasonable amount of the water of the Santa Marga-

20  rita River for riparian purposes upon its riparian lands, but

21  these defendants' said right is paramount to all other claims

22  of right of the plaintiff in and to said water, that these

23  defendants are also the owners of an appropriative right to

24  the amount of water per annum set out above, which right is

25  subject and junior to plaintiff's said riparian rights.

26       WHEREFORE defendants pray:

27       1.   That plaintiff take nothing by its action.

28       2.   That these defendants be found and declared to be

29  the owners as against the plaintiff of a prior and paramount

30  right to beneficially use 190   acre feet of water per annum

31  on said premises to be diverted and taken from the creeks and

32  streams flowing on and across and from waters percolating un-

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-26--

der their said premises.

3.   That these defendants be found and declared to be the owners, as against the plaintiff, of the right to beneficially use on their said lands a reasonable amount of the waters of the creeks and streams flowing on across and through their said land tributaries to the Santa Margarita River and a reasonable amount of the percolating waters underlying said lands up to 550 feet of water per annum, and that said right be found and declared to be correlative with the right of plaintiff to use a reasonable amount of the waters of the Santa Margarita River on its said riparian land for riparian purposes but that, as against all other rights and claims of rights of plaintiff to the waters of said Santa Margarita River and its tributaries, the rights of these defendants are paramount thereto.

4.   That these defendants be found and declared to be the owners as against the plaintiff, of an appropriative right to use beneficially on their said premises up to seventy (70) acre-feet per annum of the flood waters of Brians Creek which right is junior and subsequent to the riparian right of the plaintiff to use a reasonable amount of the waters of the Santa Margarita River and its tributaries on its riparian lands for riparian purposes.

5.   That these defendants be found and declared to be the owners as against the plaintiff of prescriptive rights to divert          acre-feet of the waters of the Santa Margarita River per annum.

6.   That these defendants have judgment for their costs incurred herein and for such other and further relief as to the Court may seem just.

-27-

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

1

2

3

DATED this _21st_ day of May, 1958.

4

LUCE, FORWARD, KUNZEL & SCRIPPS

5

6

7

By _Robert P. McJennings_

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

10974

1    I declare, under the penalty of perjury, that I am one
2  of the Defendants in the above entitled action and the fore-
3  going ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY
4  COMPLAINT is true and correct.
5    DATED at San Diego, California, 21ˢᵗ of May, 1958.

*Ewart W. Goodwin*

Ewart W. Goodwin

LAW OFFICES
LUCE, FORWARD, KUNZEL & SCRIPPS
SUITE 1220 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA

-29-

10976

## AFFIDAVIT OF SERVICE BY MAIL (C. C. P. 1013a)
(Must be attached to original or a true copy of paper served)

COUNTY OF SAN DIEGO }
STATE OF CALIFORNIA } ss.

DEVRON NEILL ............................being duly sworn, says, that affiant is a citizen of the United States, over 18 years of age, a resident of, or employed in, San Diego County and not a party to the within action

That affiant's residence business address is 1220 San Diego Trust & Savings Bldg., San Diego 1, California

That affiant served the attached ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT

by placing a true copy thereof in an envelope addressed to Mr. J. Lee Rankin

at his office address, which is Solicitor General of the United States of

America, Washington 25, D. C.

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on May 22

........................, 195 8 , deposited in the United States Mail at San Diego,

California ........................That there is delivery service by the United States mail at the place so addressed, or regular communication by United States mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me

May 22, ........................, 1958

Notary Public in and for the County of San Diego, State of California
(SEAL)         My Commission Expires April 8, 1962

### AFFIDAVIT OF SERVICE BY MAIL

Form 9A Co. Clk. 10-56 20M PP
10975