FILED
MAY
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M.D. Kuszling DEPUTY CLERK

Urban K Tarwater & Rose C Tarwater
Defendants in propria persona
Murrieta Calif

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. FALLBROOK PUBLIC UTILITY DISTRICT, ET AL, Defendants. | ANSWER OF DEFENDANTS Urban K Tarwater Rose C Tarwater |

The defendants,

each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I to V, inclusive, of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own 257 more or less acres of land in Riverside County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto, marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

11287

Copy rec'd

INDEXED

EXHIBIT A

We own

½ interest in Real Property known as Farm Lots one hundred twenty two, seventy eight, seventy seven, seventy six, eighty five, eighty six, all in the Murrieta portion of the Emecula Rancho together with thier water rights as shown by photostatic copies of Original Deeds of some of them attached here-to-for a more particular description Reference is hereby made to a map on file in Book 8, Page 359 of the Records of San Diego County, except public easements of Record and public utility Rights of Way.

We own

all of Lots nine (9), ten (10) and eleven (11), Block 29 situated and being in the Townsite of Temecula as per Map of the Townsite on file in Book 15, Page 726 of Maps in the Office of the County Recorder of San Diego County. Said real property is in the Temecula Rancho.

We own

The easterly three hundred thirty feet (330) of Lot 9, Block A, the westerly line thereof is parallel with the easterly line thereof all in the Murrieta Eucalyptus Company Tract, as per Map thereof on file in Book 6, Page 73 of Maps in the County Recorders Office of Riverside, all in the Murrieta portion of the Temecula Rancho.

We own

Lot one (1), Block two (2) Doolittle addition, Map 2 M B 14/663, San Diego Records.

We own

Lots one (1), two (2) and three (3) in Block ~~in~~ two (2) in the Townsite of Murrieta as shown by Map on file in San Diego County, Boo, 8, Page 359 of maps thereof.

Also Lots four (4), five (5) and six (6) in Block 5 in the Townsite of Murrieta as shown by Map on file in San Diego County Records, Book 8 of Maps, Page 359.

All the above is in the Murrieta portion of the Temecula Rancho.

We own

one-half interest in Farm Lots (78) seventy eight and (122) one hundred and twenty two in the Murrieta portion of the Temecula Rancho as shown by Map in Book 8, Page 359 thereof.

To all of the above we claim we own all and singular Hereditaments and appurtenances thereto belonging in anywise appertaining, including Water Rights.

EXHIBIT B

We are furnishing herewith a copy of the original Mexican Upper California Title and subsequent Mexican Upper California legislation up to the time of the Treaty of Guadalupe Hidalgo. Also find a copy of the Protocol of the said Treaty between Mexico and the United States. And also copies of some of the first transfers from the Temecula Land and Water Company to grantees.

The above mentioned copies are for the convenience of the Court. I have marked in red ink/ some of the portions of each which I think have a bearing on this case. There are other portions not so marked.

The original Upper Mexican California Title referred to above says "He may use his land Freely and Exclusively, appropriatang it to such use or cultivation as may suite him.--"

Leonardo Cota, acting as the Second Constitutional Alcalde in adjudicating the First Transfer used the following words -- "conferring upon him irrevocable power and in order that he may not be under the necessity of taking actual possession, he delivers him an original Title, which he may record whenever he sees fit and therefore no one will molest him or will institute suit against him or otherwise disturb him in the enjoyment and possession of the same--"

The Treaty confirms the Title under American law as it was under Mexican law.

The deed from the Temecula Land and Water Company to the first buyers of their subdivision gave title to the Water rights when they deed the land, and our own deeds carry the proper quit claim clauses to bring the Water Rights down to us.

These Water Rights were deeded more than seventy years ago and we believe are prior to and take precident over subsequent State law. In other words the Water Rights were our private property as much as the rest of the land, and as such, we believe cannot be taken for public use without paying for them.

In addition to furnishing copies of the Temecula Land and Water Company first transfers I, Urban Tarwater, wish to state that if my memory serves me correctly, I have seen a copy of the Deed which transferred from Temecula Land and Water Company to George and Mary Powers the Farm Lot 122 in the Murrieta portion of the Temecula Rancho and that also carried a water rights clause.

Such information as we have leads us to believe that we are not subject to the State doctrine of reasonable use, or any other State law that is contrary to the United States treaty with Mexico, called the "Treaty of Guadalupe Hidalgo" or contrary to article 6 of the Constitution or the 14 amendment to the Constitution of the United States. The treaty was made prior to any State law of the Sate of California. We believe that our land is a portion of the Temecula grant, which we believe is one of the grants referred to in the provisions of said treaty in the following words out of the protocol of the treaty------

"2d. The American Government, by suppressing the Xth article of the treaty of Guadalupe, did not in any way intend to annul the grants of lands made by Mexico in the ceded territories. These grants, notwithstanding the suppression of the article of the treaty, preserve the legal value which they may possess, and the grantees may cause their legitaimate titles to be acknowledged before American tribunals".

"Conformably to the law of the United States, legitimate titles to every description of property, personal and real, existing in the

EXHIBIT B (cont'd)

ceded territories, are those which were legitimate titles under the Mexican law in California and New Mexico up to the 13th of May, 1846, and in Texas up to the 2d. of Mar. 1836".

There is no question in our minds about what was intended by Mexico and the United States when they agreed that the values possessed by the grants be preserved and that there would be no change in the status of the title, including the following values or rights--

1. The right to use our land freely and exclusively.
2. The right to appropriate it to such use or cultivation as suits us.
3. The right to have freedom from molestation.
4. The right not to be disturbed in the enjoyment of the same.
5. The right that no one will institute suit against us.

Smith on Elementary Law, page 80, chapter 7, top of page, quote-

"The constitution statutes and ordinances of the several states and their sub-division are inferior in rank to the federal constitution and the valid statutes and treaties of the United States, and no law of a particular state has any force if it is inconsistent with the constitution, valid statutes and treaties of the United States."

Again, Smith on Elementary Law, page 8, near middle of page, quote-

"As treaties are thus made a part of the law of the land in the United States the international law to the extent that it is declared within treaties entered into by the United States is incorporated into the municipal law of the United States, and offences by persons against it and the rights of persons arising under international law adjudged in the municipal courts in accordance with the precepts of that law".

~~See Wilson, pp 12, 13;~~ and Bowman pp ~~47~~, 48, American Law and Procedure, vol. 12, page 347, par. 349, quote;

"A state may not interfere with any private right derived expressively or impliedly from the federal constitutions laws or treaties".

The following are quotations from, The Constitution of the United States annotated and revised and authorized by congress, including supreme court decisions up to 1952. On page 703, quote--

"But a state statute enacted subsequently to a Federal Grant cannot be given effect to vest in the state rights which either remained in the United States or passed to its grantee".

On page 416 --quote--

"It must always be borne in mind that the constitution laws and treaties of the United States are as much a part of the law of every state as its own local laws and constitution".

Page 438--a little over half way down the page--quote--

"It is, of course true that even treaties with foreign nations will be carefully construed so as not to derogate from the authority and jurisdiction of the states of this nation, unless clearly necessary to effectuate the national policy, but state laws must yield when it is inconsistent with or impairs the policy or provisions of, a treaty or of an international aggreement. Then, the powers of the state to refuse enforcement of Rights, based on foreign law, which runs counter to public policy of the form XXX must give way before

EXHIBIT B (cont'd)

the superior Federal policy evidenced by a treaty or international compact or agreement."

At the bottom of same page--

"No state can rewrite our foreign policy to conform to its own domestic policies; power over external affairs is not shared by the states; it is vested in the National Government exclusively. It need not be exercised so as to conform to state laws or state policies whether they be expressed in Constitutions, statutes or Judicial decrees".---

On page 428, same book, near middle of page--

"The fact is none the less that no treaty of the United States nor any provision thereof has ever been ~~some~~ found by the court to be unconstitutional. The most persistently urged proposition in limitation of the treaty making power has been that it must not invade certain reserved powers of the state, in view of the sweeping language of the supremacy clause, it is hardly surprising that this argument has not prevailed. Nevertheless, the court was forced to answer it as recently as 1923.---------to the objection that the Treaty and implimenting legislation invades the acknowledged police power of the state in the protection of game within its borders, Justice Holmes, speaking for the court answered: "Acts of Congress are the supreme laws of the land only when made in pursuance of the constitution while Treaties are said to be so when made under the authority of the United States.

For many years we have used our land and water freely and exclusively , appropriating to such cultivation and use as suited us. We believe that under the provisions of the Title granted by the California Mexican Government, ratified by both the governments of the United States and Mexico, as shown by the Treaty protocol attached hereto, that we are not subject to any other law of the state of California of lessor rank.

Our lands are benefited by streams that flow over,in and thru our lands; many of them are below the surface. We have used these streams for irrigation and cattle purposes on our grant land. Many parts of our land are sub-irrigated, more in wet years than in dry.

A statement of facts relative to water use on our land--

On Lot 122, water in sands connected underground with the river have been used many years for watering cattle, some years for fish ponds. Ten acres sub-irrigated pasture.

On Lot 78, Reservoir Pond in Riversands used for fish and cattle, some years for gardening,melons.

Lot 77, River water sub-irrigates for pasture used for cattle many years.

Lot 76, Water from river sub-irrigates by near surface streams; when the river rises, the water in them also rises. A 450 foot well not used at present.

Lot 85 has small spring used for watering cattle, 10 acres sub-irrigated.

Lot 86--large spring, used in past to irrigate 4 or 5 acres, water cattle for 20 years.

A 1/6 acre piece and a ½ acre piece, with a well on each, in Townsite of Murrieta, for domestic purposes.

EXHIBIT B (cont'd)

10 acres growing eucalyptus trees

½ acre in the Townsite of Temecula--used well.

Total 251 acres.

We expect to freely use our water rights more extensively in the future as 85% is suitable for irrigation for alfalfa.

As all of our land is in the Santa Marguerita Water shed is in the Temecula Grant, we claim all the water rights that we possess by virtue of all matters of Record, including the action of Upper California Mexican Government prior to 1846, and by virtue of the treaty with Mexico called Guadalupe Hidalgo in its disposal of grants of land in the protocol thereof, and by virtue of all matters of Record in California since the Treaty.

We have used our land and water freely and exlusively in the past and claim the right to do so in the future.

We rely upon the forgoing and such other evidence as we may hereafter produce.

As we are grantees to a portion of the Temecula Grant, we believe, as stated in the Treaty, that we can cause our legitimate titles to be acknowledged before an American tribunal.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

Defendants in propria persona

Dated: May 19, 1958

THIRTIETH CONGRESS—SECOND SESSION.

Ex. Doc No 50

HOUSE OF REPRESENTATIVES.

TREATY OF GUADALUPE HIDALGO

MESSAGE

OF THE

PRESIDENT OF THE UNITED STATES,

TRANSMITTING

*A communication from the Secretary of State, and accompanying papers, in compliance with resolutions of the House of Representatives, of the 5th instant, relative to the treaty of peace concluded at Guadalupe Hidalgo on the 2d of February, 1848.*

FEBRUARY 8, 1849.

Laid upon the table, and ordered to be printed

*To the House of Representatives of the United States:*

In reply to the resolutions of the House of Representatives, of the fifth instant, I communicate herewith a report from the Secretary of State, accompanied with all the documents and correspondence relating to the treaty of peace concluded between the United States and Mexico, at Guadalupe Hidalgo, on the 2d February, 1848, and to the amendments of the Senate thereto, as requested by the House in the said resolutions.

Amongst the documents transmitted will be found a copy of the instructions given to the commissioners of the United States who took to Mexico the treaty as amended by the Senate and ratified by the President of the United States. In my message to the House of Representatives of the twenty-ninth of July, 1848, I gave as my reason for declining to furnish these instructions, in compliance with a resolution of the House, that, "in my opinion, it

The Library of Congress, Washington, D. C.

I hereby certify that there is now in the collections of the Library of Congress a copy of the publication which is identified by the page reproduced above; and that the present and following pages are true photostat copies of title page and pages 77 and 78 of said copy. In testimony whereof I hereunto subscribe my name and cause the seal of the Library of Congress to be affixed hereon this 17th day of June 1957

Charles H. LaHood Jr.
acting Chief, Photoduplication Service

*...to the President ...credentials.*

...ncy our credentials ...exchange of ratifi... ...go, with the amend... ... That treaty, so ...ess of Mexico, an... ...s for the complete ...ntries. Sincerely ...been in any way ...to us a source of ...cy may be assured ...the prosperity of ...hey feel that their ...republics, may the ...elations in all their ...rosper in each, by ...nduct both to the ...s are intelligence, ...elevation to shed a ...ment, in which the ...ally struggling on-

...place our creden-

...from your excellen- ...pleased to present ...e treaty, signed at ...ns made at Wash- ...ined the approval

...nks for the senti- ...ased to express to ...I assure your ex- ...espects with those ...republic, I desire ...be the immutable ...derstanding which ...publics, for the ad- ...and their respecta-

## PROTOCOL.

In the city of Queretaro, on the twenty-sixth of the month of May, eighteen hundred and forty-eight, at a conference between their excellencies Nathan Clifford and Ambrose H. Sevier, commissioners of the United States of America, with full powers from their government to make to the Mexican republic suitable explanations in regard to the amendments which the Senate and government of the said United States have made in the treaty of peace, friendship, limits, and definitive settlement between the two republics, signed in the city of Guadalupe Hidalgo on the second day of February of the present year, and his excellency Don Luis de la Rosa, minister of foreign affairs of the republic of Mexico, it was agreed, after adequate conversation respecting the changes alluded to, to record in the present protocol the following explanations which their aforesaid excellencies the commissioners gave in the name of their government, and in fulfilment of the commission conferred upon them near the Mexican republic.

1st. The American government, by suppressing the IXth article of the treaty of Guadalupe, and substituting the article 3d of the treaty of Louisiana, did not intend to diminish in any way what was agreed upon by the aforesaid article IX in favor of the inhabitants of the territories ceded by Mexico. Its understanding is that all of that agreement is contained in the 3d article of the treaty of Louisiana. In consequence, all the privileges and guarantees, civil, political, and religious, which would have been possessed by the inhabitants of the ceded territories if the IXth article of the treaty had been retained, will be enjoyed by them, without any difference, under the article which has been substituted.

2d. The American government, by suppressing the Xth article of the treaty of Guadalupe, did not in any way intend to annul the grants of lands made by Mexico in the ceded territories. These grants, notwithstanding the suppression of the article of the treaty, preserve the legal value which they may possess; and the grantees may cause their legitimate titles to be acknowledged before the American tribunals.

Conformably to the law of the United States, legitimate titles to every description of property, personal and real, existing in the ceded territories, are those which were legitimate titles under the Mexican law in California and New Mexico up to the 13th of May, 1846, and in Texas up to the 2d of March, 1836.

3d. The government of the United States, by suppressing the concluding paragraph of article XIIth of the treaty, did not intend to deprive the Mexican republic of the free and unrestrained faculty of ceding, conveying, or transferring at any time (as it may judge best) the sum of the twelve millions of dollars, which the same government of the Uni-

En la ciudad de Queretaro a los veinte y seis dias del mes de Mayo del año de mil ochocientos cuarenta y ocho reunidos el excelentisimo Señor D. Luis de la Rosa, ministro de relaciones de la republica Mexicana, y los excelentisimos Señores Nathan Clifford y Ambrose H. Sevier, comisionados con plenos poderes del gobierno de los Estados Unidos de America, para hacer a la republica Mexicana las esplicaciones convenientes sobre las modificaciones que el senado y gobierno de dichos estados han hecho al tratado de paz, amistad, limites, y arreglo definitivo entre ambas republicas, firmado en la ciudad de Guadalupe Hidalgo el dia dos de Febrero del presente año: despues de haber conferenciado detenidamente sobre las indicadas variaciones, han acordado consignar en el presente protocolo las siguientes esplicaciones, que los espresados excelentisimos señores comisionados han dado en nombre de su gobierno y desempeñando la comision que este les confirió cerca del de la republica Mexicana.

1a. El gobierno Americano suprimiendo el articulo IX. del tratado de Guadalupe, y substituyendo a el articulo III. del de la Louisiana, no ha pretendido disminuir en nada lo que estaba pactado por el citado articulo IX. en favor de los habitantes de los territorios cedidos por Mexico. Entiende que todo eso está contenido en el articulo III. del tratado de la Luisiana. En consecuencia, todos los goces y garantias que en el orden civil, en el politico y religioso, tendrian los dichos habitantes de los territorios cedidos, si hubiese subsistido el articulo IX. del tratado, esos mismos sin diferencia alguna tendran bajo el articulo que se ha sustituido.

2a. El gobierno Americano suprimiendo el articulo X. del tratado de Guadalupe no ha intentado de ninguna manera anular las concesiones de tierras hechas por Mexico en los territorios cedidos. Esas concesiones, aun suprimiendo el articulo del tratado, conservan el valor legal que tengan, y los concesionarios pueden hacer valer sus titulos legitimos ante los tribunales Americanos.

Conforme a la ley de los Estados Unidos, son titulos legitimos en favor de toda propiedad mueble o raiz existente en los territorios cedidos, los mismos que hayan sido titulos legitimos bajo la ley Mexicana hasta el dia 13 de Mayo de 1846, en California y en Nuevo Mexico, y hasta el dia 2 de Marzo de 1836 en Texas.

3a. El gobierno de los Estados Unidos, suprimiendo el parrafo con que concluye el articulo XII. del tratado, no ha entendido privar a la republica Mexicana de la libre y espedita facultad de ceder, traspasar o enagenar en cualquier tiempo (como mejor le parezca) la suma de los doce millones pesos, que el mismo gobierno de los Estados Unidos

11295

ted States is to deliver in the places designated by the amended article.

And these explanations having been accepted by the minister of foreign affairs of the Mexican republic, he declared in the name of his government, that with the understanding conveyed by them, the said government would proceed to ratify the treaty of Guadalupe as modified by the Senate and government of the United States. In testimony of which, their excellencies the aforesaid commissioners and the minister have signed and sealed in quintuplicate the present protocol.

A. H. SEVIER, [L. S.]
NATHAN CLIFFORD, [L. S.]
LUIS DE LA ROSA. [L. S.]

de ho entregar en los plazos que espresa el articulo XII, modificado.

Y habiendo aceptado estas esplicaciones el ministro de relaciones de la republica Mexicana declara en nombre de su gobierno que bajo los conceptos que ellas importan, va a proceder el mismo gobierno a ratificar el tratado de Guadalupe segun ha sido modificado por el senado y gobierno de los Estados Unidos. En fe de lo cual firmaron y sellaron por quintuplicado el presente protocolo los exelentissimos senores ministro y comisinados ante dichos.

LUIS DE LA ROSA. [L. S.]
A. H. SEVIER, [L. S.]
NATHAN CLIFFORD. [L. S.]

---

*Translation of the ratification by the Mexican Executive of the treaty of Guadalupe Hidalgo, as amended by the Senate of the United States.*

MANUEL DE LA PENA Y PENA, PRESIDENT AD INTERIM OF THE UNITED MEXICAN STATES.

*To all who shall see these presents:*

Know ye, that on the second day of February, in the present year, there was concluded in the city of Guadulupe Hidalgo, a treaty of peace, friendship, limits and settlement between the United Mexican States and the United States of America, by means of plenipotentiaries of both governments, duly authorized by each for this purpose, which treaty and its additional article are in form and tenor as follows:

[Here follows a copy of the original treaty and additional article.]

And that this treaty, on the tenth of March in this year, received in the United States of America the following modifications.

[Here follows a copy of the amendments adopted by the Senate of the United States.]

Having seen and examined the said treaty and the modifications made by the Senate of the United States of America, and having given an account thereof to the general Congress, conformably to the requirement in the 14th paragraph of the 110th article of the federal constitution of these United States, that body has thought proper to approve of the said treaty with the modifications thereto, in all their parts; and in consequence thereof, exerting the power granted to me by the constitution, I accept, ratify and confirm the said treaty with its modifications, and promise, in the name of the Mexican republic, to fulfil and observe it, and to cause it to be fulfilled and observed.

Given in the federal palace of the city of Santiago de Queretaro, signed with my hand, attested with the great seal of the nation, and countersigned by the Secretary of State, in the department of interior and exterior relations, the thirtieth day of the month of

May, in tl
forty-eight
eighth.

LUIS DE
*Secr*

SIR: You
about to pr
with a duly
of the Sen
dalgo, betw
it may be
bear with
from the U
with the te
spectfully s
sideration,
livered by N

HON. Ron

SIR: In c
yesterday, y
submitted b
ment, of the
to the Mexic
the amendm
last, at Gua
public of M
These exe
*not* ratified;
sary directio
ment.
You will
closed, that

[illegible] and title and the translation thereof which [are] herewith filed severally marked A & B.

That immediately after the grant was made, the said Moraga took possession of the land and continued to occupy it

That afterwards he having sold an undivided half of said land to Luis Arenas, a new title to the same was issued to the said Moraga and Arenas on the 4th of February 1846 by Pio Pico, then Governor of California, acting under authority of the laws and regulations in force which grant was regularly approved by the Departmental Assembly on the 17th of March 1846 as will appear from the Copy of said grant and decree of approval, herewith filed with a translation thereof, severally marked C and D.

That on the 4th of April 1847 judicial possession of the land was delivered to the grantees in due form.

That on the 11th of October 1846 the said Moraga and Arenas sold and conveyed the said tract of land to Dn Juan Bautista Bonel and Dn Augustin Juan Bautista Martin who sold and conveyed the same to Dn Juan Manzo on the 10th of February 1847, and the said Manzo sold and conveyed the same to the petitioner on the 24th of January 1848

The petitioner knows of no other claim to any part of the land

In support of this claim he relies upon the papers herewith filed and such other evidence as he may hereafter produce and prays the confirmation of said title to himself

A. P. Crittenden
Att'y for Dn Luis Vignes

Date of Filing — Filed in Office, Sept. 13th 1852
Geo: Fisher, Secy.

---

No. 342.
Petition of Luis Vignes

To the Commissioners appointed to investigate and settle private land claims in the State of California.

Luis Vignes represents that on the 14th day of December 1844, Manuel Micheltorena, then Governor of California acting under authority of the laws and regulations then in force, granted to Dn Feliz Valdez a tract of land called "Temecula" which lies within the limits of the present County of San Diego, embraced within certain definite boundaries, as [illegible] [illegible] and supposed to contain [illegible]

Leagues more or less — which grant was regularly approved on the twelfth of May 1845 by the Departmental Assembly all which will more fully appear on reference to the copy of the Expediente and translation thereof, herewith filed, and severally marked, — Exhibit A and B

That on the 3d. of June 1845 judicial possession of said land was formally given to the grantee.

That on the 15th. of June 1846 Dn Feliz Valdez by his Attorney Mr Juan Ybarra sold and conveyed the said tract of land to the petitioner

That the petitioner knows of no other claim to any part of the land.

That in support of his claims he relies upon the papers herewith filed and such other evidence as he may hereafter produce

He prays the confirmation of his title

A. P. Crittenden,
Atty for Dn Luis Vignes

Date of Filing

Filed in Office Sept. 13th. 1852.
Geo: Fisher, Secy.

---

No. 363.
Petition of
Henry Dalton

To the Honorable, the U. S. Commissioners for the adjudication of California Land Claims:

Your petitioner Henry Dalton, resident of the County of Los Angeles & State of California, respectfully represents: That he claims as owner in fee simple a tract of Land in said County situate, known by the name of the rancho of Santa Anita said tract of land was originally granted provisionally to Perfecto Hugo Reid, by Juan B. Alvarado, Constitutional Governor of the Department of the Californias, by act of Concession bearing date the 16th. of April A.D. 1841, at Monterey, which provisional concession was renewed by Manl. Michelltorena, Governor of Californias, on the 5th. day of July A.D. 1843, accompanied by an order of the said Michelltorena, Governor as aforesaid to the Grantee, the said Reid, to appear before him in future and obtain a title in fee simple to said lands. That the administration of said Michelltorena being soon after succeeded by that of Pio Pico, Governor ad interim of the Department of Californias, and as such vested by the Mexican Government with sufficient and extraordinary powers [illegible] upon application by the said Reid to him said Pio Pico Governor [illegible], he granted [illegible]

he confers irrevocable power [illegible] general administration, and for [illegible] what is set forth the grantor [illegible] true goods, and with them he submits [illegible] jurisdiction of the Judges proper to the [illegible] compel him to fulfil the same [illegible] judgement, confirmed and [illegible] such he [illegible] in the premises shall [illegible] whatever. In testimony whereof [illegible] signed with myself and three [illegible] being the citizens José de la [illegible] Chavez, and José S. Carrasco [illegible] of which I, the said Judge give faith [illegible] = José Antonio Castro - [illegible] Mariano Bonilla.

A copy to which I certify taken faithfully from [illegible] original on the day of its execution, [illegible] of seeing it copied, corrected and compared [illegible] Antonio Gomez, I give faith.

[illegible]

Antonio Gomez, J. Antonio [illegible]

I certify the foregoing to be a true and correct translation [illegible]
(Signed) [illegible]
[illegible]

Date of Filing: Filed in Office Oct. 11 [illegible]
(Signed) [illegible]
[illegible]

No. 342. Case No. 342 [illegible]

Luis Vignes

B. Translation of [illegible]

To the Excellency [illegible]

[illegible]

military duties and my consequent inability to attend to my own affairs: but in view of what I have stated and as a reward for my long service, as well as from regard to the rights and consideration due me, according to the laws of Colonization, I hope, if this rancho of Temecula can be granted that Your Excellency will do what is just — Wherefore I pray Your Excellency to grant my application, whereby I shall receive favor.

Monterey August 25th 1844.
Felix Valdez.

Monterey Aug. 25th 1844.
Let the expediente be attached in which Ortega and Stokes ask for this land, in order that in view of every thing and being informed as to what is determined by decree of this day, the Governor may decide with justice.
Micheltorena.

The land called Temecula which Don Felix Valdez Lieut. of a Battalion in the Army of the Mexican Republic, solicits is entirely vacant. This land is also solicited by Ortega and Stokes who have first asked for it. This Community, out of regard for the services of both, has thought proper to prefer them to any other in the occupation of the said place. This I inform with all sincerity.
Mission of San Luis Rey Sept. 26th 1844.
Fr. José María de Zalvidea.

The place known by the name of Temecula which is solicited in the present instance is entirely vacant and may be granted to the applicant. This I can say upon the subject in obedience to the preceding order.

San Diego Sept. 30th 1844.
Juan Mª Marrón.

To His Excellency the Governor —
Now that Ortega & Stokes have desisted from their application for the land called Temecula, there only [illegible] the application of Sr. Valdez, and from the [illegible] parts which are shown in this expediente, it appears [illegible] the place is vacant and in a condition to be granted [illegible] and belongs to the Mission of San Luis Rey, and [illegible] Departmental Assembly has made a decree upon [illegible] subject, it is for your Excellency to determine [illegible] be proper. Monterey October [illegible]



Let the Sec^y of the Office state ... of this property and real estate.

Michelto.

To His Excellency the Governor—

In order that there may be no error in the valuation of the property and land of Temecula, it would be well if Your Excellency thinks proper to name two experts, one for the part of Mr Valdez and the other on the part of the Mission to give their opinion after seeing said property and when this is done the Aspirants may terminate through the Judge of the City of Los Angeles in order that Your Excellency may determine upon what is right.

Date as above.

Man^l Jimeno.

Date as above.

Let it be done.

Michelto.

To His Excellency the Governor—

Jose Joaquin Ortega and Edward Stokes resident of the municipality of San Diego in this Department and Mexicans, the former by birth and the latter by naturalization, present ourselves before you in the best form and as may be most effectual in law, and say - that it not being possible for us to subsist upon the very small quantity of land which has been heretofore conceded to us on account of the scarcity of water and principally for the irrigation of the cultivated land necessary for the support of our families, we solicit from the consideration of the Government that it would grant to our minor children Ant^o M^a Ortega and Francisco Adolpho Stokes, six leagues of the land known as Temecula belonging to the Mission of San Luis Rey, and which is entirely vacant. It adjoins the ranches of San Jacinto belonging to D^n J. Ant^o Estudillo, the ranch de la Laguna belonging to D^n Julian Manriquez and the tillable lands of the said Mission, as shown by the map which we attach hereto for your information, praying that this our application which we make from necessity, may be proceeded with as soon as possible. Wherefore we pray that you will think proper to grant this and [illegible] the use of common paper for want of stamped. We swear that we proceed in good faith &c.

San Diego July 10th 1846

Jose Joaquin Ortega. Edward Stokes.

11300

Monterey Aug. 25 1844.

Let the Secretary of this Government upon first obtaining the report of the Rev. Minister of the Mission of San Gabriel who returns that of the Mission of San Luis Rey and the Judge of San Diego, the latter being given because the Admr of the last mentioned Mission [illegible] report, and attaching to the Espediente which is returned to this Government, the petition of Dn Feliz Valdez upon which a decree was made of this date.

Micheltorena.

Returned by His Excellency (let this together with the documents which accompany it be laid before the Revd Minister of San Luis Rey and the Judge of San Diego in order that they may report upon its contents.

Same date.

Manl Jimeno.

The place called Temecula solicited in the present instance by Ortega and Stokes is entirely vacant and of no public benefit to this Mission. But in regard to the services they have both rendered to this community the occupation of said land is ceded to them in preference to any other person and in view of the grant it can be granted by Your Excy to said Ortega and Stokes. This I can make known to your Excy with truth.

Mission of San Luis Rey Sept 26 1844.
Fr. José Maria de Zalvidea.

The place now solicited is entirely vacant and can be granted to the parties interested, who have, moreover, property sufficient to use it. This is what I can state in obedience to the preceding superior decree.

San Diego Sept. 30 1844.
Juan Mª. Marron.

To His Excellency the Governor.

The Citizen Joaquin Ortega for himself, and in the name of Don Edward Stokes, represents - that we renounce the right which we might have under our preceding application to the place called Temecula in order that Dn Feliz Valdez may occupy it, should you think proper to give it to him.

Monterey Oct. 20 1874.
José Joaquin Ortega.

The Citizen Manuel Micheltorena, Brigadier Genl of the Mexican Army, Adjutant General of the Staff, [illegible] the Commandant of Battalion [illegible]

[illegible] Valdez has asked for his own benefit and that of his family the place known by the name of [illegible] bounded on the North by the land of Estudillo, on the South by [illegible] on the West by Santa Margarita and on the East and South East by the Agua [illegible]; the necessary proceedings having been taken and inquiries made as provided by the laws and regulations, in the exercise of the powers which are conferred upon me in the name of the Mexican Nation, I have thought proper to grant him the said land, declaring it his property by these presents, subject to the approval of the Departmental Assembly, under the following conditions:

1st. He shall not have power to sell, alienate, [illegible] it, nor to impose upon it any ground rent, entail, pledge, nor other charge.

2d. He may inclose it without injury to the crossings, roads and servitudes; may enjoy it freely and exclusively appropriating it to such use or cultivation as may suit him, but within one year he shall occupy the house now built on it.

3d. When the property is confirmed to him he shall solicit the proper Judge to give him judicial possession in virtue of this decree, by whom the boundaries will be marked, upon which he shall place in addition to the landmarks some fruit trees or forest trees of some utility.

4th. The land of which donation is made is six leagues "de ganado mayor," a little more or less, as is explained in the proper decree. The Judge who gives possession shall have it measured in conformity to the ordinance, leaving the surplus which may remain to the Nation for its use.

If he violate these conditions he shall lose his right to the land and it shall be open to be denounced by another.

Wherefore I order that these presents serving for a title and being held firm and valid be recorded in the proper book and be delivered to the party interested for his protection and other purposes. Given at Monterey the 14th of Dec. 1844.

Manuel Micheltorena.

Manuel Jimeno
Secretary.

This title is recorded in the proper book pages — [illegible]

[illegible]

11302

To His Excellency the Governor —

The undersigned, in obedience to what is decreed by [illegible]

respectfully present to your Exc'y the expediente which was returned to me and the document which establishes my right to represent and solicit the approval of the grant of the land of Temecula. As soon as that Hon. Body can confirm it, I pray your Exc'y to return it to me for my protection and to receive this on common paper.

Angeles, May 3 – 1845.

Jn. L. Vigne.

To His Excellency the Governor

I respectfully present to your Exc'y the expediente prepared to obtain from the Superior Govt. a concession of the lands of Temecula with a view that you will be pleased to bring it to the notice of the Departmental Assembly for its approval as is required by the Title.

Angeles April 25th 1845.

Jn. L. Vigne.

Angeles, April 25' 1845.

According to the prayer of the petitioner let this be laid before the Assembly for its action.

Pico.

Angeles April 25' 1845.

This application and the expediente to which it refers and which accompanies it, were presented in the Assembly this day and referred to the Committee on vacant lands.

He Pico Presdt. Agustin Olvera, Secy.

The Committee on vacant lands, desirous of fulfilling its duty in the manner most conformable to law, has examined minutely the expediente and title relating to the place called Temecula, granted by Genl. Manuel Micheltorena to the Comm<sup></sup>at of Dalation D. Felix Valdez on the 14th December last, and although all the proceedings are regular in making this concession, the Committee has encountered a difficulty which is not easy to overcome without applying to the Assembly – which is, that Temecula was granted to F. Valdez and now Dn. Luis Vigne asks the approval of the Assembly without showing his right to do so. Wherefore the Committee presents for deliberation the following proposition – "Let the application with the expediente attached be returned to him who presents it in order that he may show the right which he may have to the rancho of Temecula referred to." Angeles April 30th 1845.

Narciso Botello. Ignacio del Valle

1130

Angeles April 30th 1845.

In its session of today the Assembly approved the foregoing proposition, ordering the expediente to be placed in the hands of the Govr for further purposes.
Pio Pico, Prest. Agustin Olvera, Secy.

The Committee on Vacant Lands has seen and examined with the utmost care the expediente relating to the lands of Temecula granted to the Comdt of Battalion Don Feliz Valdez by title legally issued by the Govt of this Depty dated Dec. 14 of last year; and also finds sufficiently legal the power under which Dn Luis Vignes presents himself asking the approval of the Assembly of the grant of said land: from all which the Committee is persuaded that all the proceedings which appear have been taken in conformity to the laws on the subject and were sufficient for the grant of said land to Sr Valdez, and therefore submits to the consideration of the Hon Assembly the following proposition.

The concession made in favor of the Citizen Feliz Valdez of the place called Temecula granted in fee property by the Govt of this Dept by a title legally issued the 14th of Decr last in entire conformity to what is provided in the laws of the 18th of August 1824 and Article 5 of the Regulations of the 21st of November 1828, is approved.
Angeles. May 8th 1845.
Ygnacio del Valle. Narciso Botello.

Angeles May 13th 1845.
In the session of today the Hon. Assembly approved the foregoing proposed decree, ordering the expediente which was presented to be returned to his Excy the Governor for further effects.
Pio Pico — Prest.
Agustin Olvera, Secy.

Angeles May 13th 1845.
In view of the approval by the Departmental Assembly, bearing date on yesterday, let the communication of it and of this decree be delivered to Don Luis Vignes the Attorney of Dn Feliz Valdez, confirming the grant of the land called Temecula which was granted to the latter on the 14th December last; and let the document which proves his power be returned to Luis Vignes, retaining in the Office a copy of the foregoing taken from his original expediente [illegible]

18.

342.

Pio Pico, Senior Vocal of the Assembly and ad. int. of the Dept. of the Californias [illegible] and signed. To which I certify
Pio Pico

I certify the foregoing to be a true & correct translation
(Signed) Geo. Fisher
Secretary

Filed in Office Sept. 13th 1852.
(Signed) Geo. Fisher,
Sec.

Translation of Document Exhibit M. annexed in relation to Temecula of San Luis Rey, Year 1846. Copy of Ignacio Palla.

Document

Second Seal. Four Dollars.
Provisionally authorized by the Maritime Custom House of the Port of Monterey in the Department of the Californias for the years One thousand Eight hundred and forty four and One thousand Eight hundred forty five.
Micheltorena. Pablo de la Guerra

The Citizen Manuel Micheltorena, General of Brigade of the Mexican Army, Adjutant General of the Staff, Governor, Commandant General and Inspector of the Department of the Californias.

Whereas the Commandant of Battalion Don Felipe Valdez has asked for his own benefit and that of his family, the place known by the name of [illegible] bounded on the North by the land of [illegible] on the South by Pala, on the West by [illegible] and on the East and South East by the [illegible], the necessary proceedings having been previously made as prescribed by the laws, in the exercise of the powers which are conferred upon me in the name of the [illegible] I have thought proper to [illegible] land, declaring it his property [illegible] subject to the approval of the [illegible], and under the following conditions:

1st. He shall not [illegible] or hypothecate it nor to impose upon it [illegible] rent, entail, pledge, nor other charge [illegible]

2d. He [illegible]

No. 342.

shall occupy the house now built on it.

3d. When the property is confirmed to him [illegible] solicit the proper Judge to give him judicial [illegible] virtue of this decree, by whom the boundaries shall be marked upon which he shall place in addition to the landmarks some fruit trees or forest trees of some utility.

4th. The land of which donation is made is [illegible] leagues "de ganado mayor," a little more or less, as is explained in the proper diseño. The Judge who gives possession shall have it measured in conformity to the ordinance, leaving the surplus which may remain to the Nation for its uses.

If he violate these conditions he shall lose his right to the land and it shall be open to be denounced by another.

Wherefore I order that these presents serving for a title, and being held firm and valid be recorded in the proper book, and be delivered to the party interested for his protection and other purposes. Given at Monterey the 14th December 1840.

Manuel Micheltorena.

Manuel Jimeno
Secretary.

This title is recorded in the proper book page 14. — Jimeno.

In the City of Los Angeles of Upper California on the 15th day of June 1846, before me Leonardo Cota, [illegible] Regidor of this Illustrious Ayuntamiento, and acting as 2d Constitutional Alcalde, and before the witnesses of my Assistance, with whom I act for want of a Notary Public, personally appeared Don Juan [illegible] of this vicinity, presenting [illegible] power of Attorney of the Commandante Don [illegible] said that in the name of his principal, his heirs, successors and whoever of them [illegible] transfer all the right and [illegible] which his principal may have in the Rancho [illegible] which contains six square leagues [illegible] less, as explained by the title [illegible] for no other consideration than [illegible] red by his principal which [illegible] of five thousand dollars [illegible] only three hundred and fifty [illegible] advanced by Señor [illegible] for [illegible] buildings on the said Rancho [illegible] declares that his principal [illegible] he has [illegible]

sold, alienated, nor mortgaged, that it is free from any encumbrance, whether permanent or temporary, express or implied, and as such he transfers it, with all its privileges, pastures and woods, rights entrances and exits, and whatever there may be appertaining thereto according to law, hereby renouncing law of the Title 1st [illegible] Partida, and likewise declares that he makes a pure donation, perfect and irrevocable. He renounces law 2d of Book 10th Title 1st, which treats of contracts of sale or exchange, or other contracts of the like nature where there may be loss in more or less than one half of the just price, as this is not so in this case, and from this time hereafter his principal and heirs relinquish the property and title, and any other rights which he may have to the said rancho, all of which he transfers to Don Luis Vignes or whomsoever may represent him, conferring upon him irrevocable power, that he may take the possession, and in order that he may not be under the necessity of taking actual possession he delivers to him the original title, which he may record wherever he sees fit; and therefore no one will molest him or will institute suit against him or otherwise disturb him in the enjoyment and possession of the same; and should he be molested, the grantor in the name of his principal binds himself to leave the said Senor Vignes in the quiet and peaceable possession of the same, and should he not be able to effect this, there shall be returned to him the sum which he has disbursed, all the value of the improvements which he may have made, the damages which he may have incurred to all which he may be compelled by virtue of this deed, and for the validity of this the said Senor Manjo binds himself and his principal with all his property present and future and submits himself to the jurisdiction of the Senior Judges who have cognizance of this matter, that he may be compelled with all the rigor of the law as if by the judgment of a competent Judge duly passed and executed renouncing the plea of evidence and all the laws in his favor with the general law. In witness whereof he has made and signed this with me and those of my assistance witnesses Don Ignacio Coronel and Don Manuel Roldan citizens of this place. I certify. There is no stamped paper.

Assistants (Signed) Juan Manjo

(Sgd) Ignacio Coronel. (Signed) Leonardo Cota

(Sgd) Manuel Roldan Fs. Ppl.

I certify the foregoing to be a true & correct translation
(Signed) Geo. Fisher
Sec.

[illegible] of Filing.

Filed in Office Sept. 24 1852.
(Signed) Geo. Fisher
Secretary.

Translation of Document Exhibit N° annexed to depo. of Ygnacio del Valle.

Palos Verdes, March 25, 1845.

To Dn. Juan L. Vignes
My esteemed Friend -

I send you today a power for Don Juan Manzo and give him instructions that if you consent about the rancho, he shall arrange it upon the terms upon which you and he may agree. Deliver to Don Juan Manzo the price in money or liquors, taking a receipt by which you will be protected. He will arrange it with me in Mazatlan in Mexico.

Wishing you health and remaining your affectionate friend.

Feliz Valdez.

I certify the foregoing to be a true & correct translation.
(Signed) Geo. Fisher
Sec.

Date of Filing.

Filed in Office Sept. 24 1852.
(Signed) Geo. Fisher
Secretary.

Translation of Doc. marked Exhibit C. annexed to the depo. of Ygnacio del Valle.

The concession made in favor of the citizen Feliz Valdez of the place called Temecula, granted by the Government of this Department by a title legally issued dated the 14th of December last in entire conformity to what is provided by the law of the 18th of August 1824 and the 5th Article of the Regulations of November 21st 1828, is approved. Angeles, May 12 1845. In the session of this day the Hon. Departmental Assembly approved the preceding proposed decree, ordering the expediente which was presented to be returned to his Excellency the Governor for further purposes. Pio Pico Prest. Agustin Olvera Secy. Angeles, May 13th 1845. In view of the approval of yesterday by the Departmental Assembly, let a copy thereof and of this decree be delivered to Don Luis Vignes as the Atty of Dn. Feliz Valdez, in confirmation of the concession of the land of Temecula, which [illegible]

p. 302.

returning it to the party. Pio Pico. Senior Vocal of the Hon. Assembly. Gov. ad-int. of the Depart. of the Californias. Thus decreed, ordered and signed - to which I certify. Pio Pico - Juan Bandini, Secy.

A literal copy of the original from which this was copied for the protection of the party interested in the City of Los Angeles, Capital of the Department. The 13th of May 1845. The Citizens Ignacio and Cota and Francisco Sepulveda being witnesses.

In testimony of the truth.

Pio Pico.)

I certify the foregoing to be a true correct translation

(Signed) Geo. Fisher,

Secretary.

Date of Filing.

Filed in Office Sept. 27 1852.

(Signed) Geo. Fisher

Secy.

[illegible] of Gov. [illegible] Ignacio Valdez.

In the Pueblo of San Diego on the 31st day of May 1845, before me Jose R. Arguello, 2d Constitutional Alcalde of said Pueblo and District. In virtue of the verbal application made by the Citizen Ant. Cosme, Attorney of St. San Diego representing Don Felix Valdez, also of the order of the 25th of this month, made by His Excellency the Gov. of this Dept. to put Don Felix Valdez in judicial possession of the place called Temecula, in fulfilment of what is ordered and of the title presented to me dated December 14th 1844, Calling my assisting witnesses go with me to said place and deliver possession to said Valdez: Thus I the Judge subscribed, ordered, decreed and certified with my Assisting witnesses according to Law. - Jose R. Arguello - Assist. - Juan Mc. Marron - Ass. Januario Avila.

Being at the place called Temecula on the 3d of June 1845, in fulfilment of the preceding order, and for the verification of the measurement and possession of said place, I proceeded to name two chainbearers (not knowing how to write, their names are omitted) who took the oath according to Law faithfully to discharge their duties - which I authorized and signed with my assisting witnesses, - Jose R. Arguello - Ass. Juan Mc. Marron - Ass. Januario Avila.

On the same day, month and year being at the place already named for the purpose of [illegible] fying the measurements and possession of Don Felix [illegible] according to his title, all the requisites of the law [illegible] complied with, and the Assisting witnesses [illegible] being present, I caused a cord to be [illegible] hundred varas in length and [illegible]

[illegible] extremities. After observation and [illegible] we began the survey at the corner of the garden of the Indian [illegible] which adjoins on the West the boundary of Don Vicente Moraga (he being present and insisting that he owned a piece of the land we were measuring, but after looking at the title, admitting that it was not his) and [illegible] North 2500 varas to the brow of the little hill of San Miguelito, the boundary of Don José Ant.° Estudillo, where I ordered the party to put a landmark, thence E 2500 varas to the landmark of Don Julian Manriquez in the same hill of San Miguelito the boundary of said Estudillo, thence to the North East along the whole length of the boundary of said Manriquez 25000 varas which reached above the Sierra where the peak of said mountain was taken as a landmark, thence West 14.500 varas to a round hill on the other side of the road from Temecula to San Luis and which forms the upper end of the [illegible] on the East; thence Northward 5000 varas to the point of the same Cañada: thence Eastward 400 varas to the boundary of the Indian Pablo Apis, where a peak which is above said boundary was taken as a landmark: thence Northward the whole length of the boundary of the Indian Pablo Apis and [illegible] towards the garden where we commenced the measurement 5000 varas to the place of beginning, at which place the party [illegible] to put his landmark and that he remained in safe and peaceable possession, freely to enjoy the said land according to his grant, this act being [illegible] finished. Authorized and signed by me and my Assisting witnesses, according to law. José R. Argüello - Asg - Juan M.° Marron - As.° Januario Abila.

Further in fulfilment of the Superior decree for the appointment of two appraisers, one on the part of S.r [illegible] and the other on the part of the Mission [illegible] San Luis Rey, as Admor for the purpose of appraising the improvements on the Rancho of Tem[illegible] the parties appeared - for the former Don Juan [illegible] and for the latter S.r Juan M.° Marron who [illegible] said property unanimously fixed its value [illegible] hundred and twenty five dollars, which [illegible] authorized and signed by me and my assisting [illegible] according to law: José R. Argüello - Appr. Juan [illegible] Marron - Appr Juan Warner - As.° - Edward Stokes - As.° - Januario Abila.

113[illegible]

San Diego June 5, 1845. These proceedings being con-

No. 342.

closed, let them be registered in the proper office and the copy be given to the party for his use. Thus I José R. Arguello, 2d Constitutional Alcalde of the Pueblo and District of San Diego, ordered and signed with assisting witnesses, according to law. José R. Arguello. Ass. Juan Ma. Marron - Ass. Januario Abila = Registered - on the same day I delivered the copy - certified.

Compared with the original &c. San Diego June 5 1845.

José R. Arguello

Ass. Januario Abila. Ass. Juan Ma. Marron.

I certify the foregoing to be a true and correct translation.
(Signed) Geo. Fisher,
Secretary.

Date of Filing.

Filed in Office Sept. 27' 1852.
(Signed) Geo. Fisher, Sec.

No. 522.

Case No. 532.

Antonio Maria Ortega et al. ... "Nuestra Señora"

Translation of Expedient

Jurisdiction of Santa Barbara. No. 42 Year 1834.

Report of Proceedings (Expediente)
In relation to the Rancho of "Nuestra Señora del Refugio," wherein the present owners Don Antonio Maria Ortega, and Doña Magdalena Cota pray for the legal possession of said Rancho.

9.

Monterey May 3 /34. Let the documents mentioned in this petition, by Antonio Ortega, be given and an account of the whole be given to decide what will be proper.

Figueroa.

To the Superior Political Chief - The Secretary annexed the antecedent documents to these present and hands the whole to your authority.

Monterey May 6' 1834
Agustin V. Zamorano.

To the Superior Political Chief.

Ao. Ma. Ortega Captain of Militia and Artillery, before you well known your approval and says, as better he may in law. That together with Don José Ortega, having applied to your predecessor José Maria de Echeandia for the possession of the Rancho called Ntra. Sra. del Refugio, whose petition is to be found in the office of the Secretary of the Government of this Territory, with the document of proving its occupation, and as up to the time justice has not been done, I pray that you would order the conclusion of that expediente, but before I inform you that the approval

<Resolution referred to in the annexed deed>

Office of the Temecula Land and Water Company

Murrieta California, October 29. 1886

Resolved That the Temecula Land and Water Company, a corporation formed under the laws of the State of California, will sell to H. H. Clapp and C. C. Babcock, of Carson City, State of Nevada, for the sum of Two thousand dollars, United States gold coin, all that real property situate in the County of San Diego, State of California, described as follows, to wit:

Lot Number (78) Seventy Eight, containing (40) Forty Acres situate in the Murrieta portion of the Temecula Rancho. County of of San Diego, State of California.

For a more particular description of said premises reference is hereby made to a map of subdivision made by C. N. Sanford, Surveyor of the Murrieta portion of the Temecula Rancho, now on file in office of the County Recorder of San Diego County, State of California and M. L. Wicks, President and E. M. Marshall, Secretary of said corporation, are hereby directed to execute, acknowledge and deliver in and with the name and seal of said corporation, a conveyance to said H. H. Clapp and C. C. Babcock of the real property heretofore described.

I hereby certify the foregoing to be a true copy of a resolution duly adopted by the Board of Directors of the Temecula Land and Water Company, at a meeting held on the 27th day of July A.D. 1886. a quorum being present.

In witness whereof I have hereunto set my hand and affixed the corporate seal of said corporation the day and year

first above written

E M Marshall Secretary of
The Temecula Land and Water Company

Whereas The Temecula Land and Water Company a corporation duly organized by its Board of Trustees has, by the foregoing resolution which is hereby referred to and made part hereof, duly authorized and directed its President and Secretary to convey to the party of the second part hereto the piece of land and its water rights as per copy in said resolution and minutes particularly described.

This Indenture made the 29th day of October in the year one thousand eight hundred and eighty six, between The Temecula Land and Water Company a corporation duly organized under the laws of the State of California having its office and principal place of business at Temecula San Diego County in the State of California the party of the first part and [illegible] of Carson City State of Nevada the party of the second part.

Witnesseth, That the said party of the first part for and in consideration of the sum of [illegible] dollars gold coin of the United States to it the said corporation paid by the said party of the second part the receipt whereof is hereby acknowledged, has granted, bargained, sold and confirmed, and by these presents does grant, bargain, sell and confirm unto the said party of the second part and to their heirs and assigns forever all those certain pieces or parcels of land described in the copy of the resolution prefixed which said resolution is hereby referred to for further description and made a part of this deed.

To Have and to Hold the above described premises and water rights, together with the appurtenances unto the said party of the second part their heirs and assigns forever.

In Witness Whereof, The Temecula Land and Water Company the party of the first part hereto, by the resolution aforesaid has hereunto caused to be set its name and corporate seal and these presents to be executed by its President and Secretary this 29th day of October, 1886

The Temecula Land and Water Company
M. L. Wicks President
E M Marshall Secretary

State of California }
County of Los Angeles } ss

On this 7th day of November, A.D 1886, before me George J Clarke, a Notary Public in and for the County of Los Angeles, personally appeared M L Wicks, known to me to be the President, and E M Marshall, known to me to be the Secretary of the Temecula Land and Water Company the Corporation that executed the within Instrument, and the

severally acknowledged to me that such corporation executed the same

In Witness whereof I have hereunto set my hand and affixed my official seal the day and year in this Certificate last above written

(Seal) Geo J Clarke
Notary Public

Received for record July 14th 1888 at 15 min past 2 o'clock P.M. at request of Wells Fargo & Co.

E. G. Haight
County Recorder
By Jno S Forward. Deputy

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Book 130-Deeds Page 471 Attest MAY 15th, 1958

Roger N. Howe, County Recorder, in and for the County of San Diego, State of California.

By ______________
Henrietta Zervas.

11314

– Temecula Land & Water Company –

To

– M. L. Wicks –

<Resolution referred to in the annexed deed>

– Office of the Temecula Land & Water Company –

Murrieta, California Dec. 1st 1886.

Resolved, That the Temecula Land and Water Company, a corporation formed under the laws of the State of California, will sell to M. L. Wicks, of Los Angeles, State of California, for the sum of Thirty Three Thousand Eight hundred and Seventy five and 30/100 Dollars, United States Gold Coin, all that real property situate in the County of San Diego, State of California, described as follows, to-wit: —

Lot No 10 Tenth Containing Thirty-five <35> acres not heretofore conveyed –
Lot No 19 Nineteen containing Forty <40> acres
Lot No 27 Twenty-seven containing <26 [illegible]> Twenty-six & [illegible] acres not heretofore conveyed
Lot No <56> Fifty-six Containing <40> Forty acres –
Lot No <59> Fifty-nine Containing <40> Forty acres –
Lot No <60> Sixty containing <40> Forty acres –
Lot No <65> Sixty-five Containing <40> Forty acres –
Lot No <71> Seventy-One Containing <40> Forty acres –
Lot No <98> Ninety-Eight Containing <40> Forty acres –
Lot No <99> Ninety Nine Containing <40> Forty acres –
Lot No <203> Two hundred and three containing <96 46/100> ninety six & 46/100 acres
Lot No <5> Five containing <40> Forty acres –
Lot No <28> Twenty Eight Containing <40 [illegible]/100> Forty and [illegible]/100 acres –
Lot No <29> Twenty Nine Containing <32 [illegible]/100> Thirty Two & [illegible]/100 acres
Lot No <30> Thirty Containing <36 95/100> Thirty-six and 95/100 acres –
Lot No <32> Thirty-two Containing <36 95/100> Thirty-six & 95/100 acres
Lot No <33> Thirty-three Containing <36 95/100> Thirty-six & 95/100 acres
Lot No <34> Thirty-four Containing <36 95/100> Thirty-six & 95/100 acres
Lot No <38> Thirty-Eight Containing <40> Forty acres –
Lot No <76> Seventy-Six Containing <40> Forty acres –
Lot No <85> Eighty-five Containing <40> Forty acres.

Situate in the Murrieta Portion of the Temecula Rancho County of San Diego and State of California –

For a more particular description of said premises [illegible] is hereby made to a map of subdivision made by O. [illegible] Surveyor of the Murrieta portion of the Temecula Ra[illegible] on file in the office of the County Recorder of San Die[go] State of California –

that M. L. Wicks, President, and E. M. Marshall, Secretary of said Corporation are hereby directed to execute, acknowledge and deliver in and with the name and seal of said Corporation, a conveyance to said M. L. Wicks of the real property hereinbefore described. I hereby certify the foregoing to be a true copy of a resolution duly adopted by the Board of Directors of the Temecula Land and Water Company, at a meeting held on the 7th day of July A.D. 1886, a quorum being present. In Witness Whereof, I have hereunto set my hand and affixed the Corporate Seal of said Corporation the day and year first above written — — —

(Seal)

E. M. Marshall
Secretary of the Temecula Land and Water Company

Whereas the Temecula Land and Water Company, a corporation duly organized by its Board of Trustees, has by the foregoing resolution (which is hereby referred to and made part hereof) duly authorized and directed its President and Secretary to convey to the party of the second part herein the piece of land and its water-right as per copy in said resolution, and hereinbefore particularly described — — Now this Indenture, made the second day of December in the year One thousand eight hundred and eighty-six between the Temecula Land and Water Company, a corporation duly organized under the Laws of the State of California having its Office and principal place of Business at Murrieta San Diego County, in the State of California the party of the first part, and M. L. Wicks of Los Angeles, State of California the party of the second part — Witnesseth, That the said party of the first part, for and in consideration of the sum of Thirty-three thousand Eight hundred and seventy five and 50/100 Dollars, gold coin of the United States, to it the said Corporation paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold and confirmed, and by these presents does grant, bargain, sell and confirm unto the said party of the second part, and to his heirs and assigns all [illegible] certain pieces or parcels of land, described in the [illegible] resolution prefixed, which said resolution is [illegible] for further description, and made a part of this

sed. To have and to hold the above described premises water-rights, together with the appurtenances, unto the party of the second part, his heirs and assigns forever. In Witness Whereof, The Temecula Land and Water Company the party of the first part hereto, by the resolution aforesaid has hereunto caused to be set its name and Corporate seal and these presents to be executed by its President and Secretary this second day of December, 1886 –

The Temecula Land & Water Company
By M. L. Wicks President
And E. M. Marshall Secretary

State of California } ss. On this Fourth day of December A.D. 1886, before me Geo. J. Clarke, a Notary Public, in and for the City & County of Los Angeles, personally appeared M. L. Wicks, known to me to be the President, and E. M. Marshall known to me to be the Secretary of the Temecula Land and Water Company, the Corporation that executed the within instrument, and they severally acknowledged to me that such Corporation executed the same. In Witness Whereof I have hereunto set my hand and affixed my Official Seal, the day and year in this Certificate last above written.
County of Los Angeles }

Geo. J. Clarke
Notary Public

(SEAL)

Recorded for record Dec. 8th 1886 at 10 o'clock a.m. at request of M. L. Wicks –

S. A. McDowell
County Recorder
By B. F. Moore
Deputy

COUNTY OF SAN DIEGO, } ss.
STATE OF CALIFORNIA. }

I, ROGER N. HOWE, County Recorder in and for San Diego County, State of California, do hereby certify that I have compared the foregoing copy with the original record of a certain Deed found and appearing of record in Book No. 72 of Deeds at Page 203 et seq. and that the same is a full, true and correct copy of such original record and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 11th day of February A. D., 1953.

ROGER N. HOWE, County Recorder.
G. E. Morton Deputy Recorder

11317

Temecula Land and Water Company
To
Wilmer Bros Co

(Resolution referred to in the [illegible])

Office of The Temecula Land and Water Company
Murrieta California April 18th 1888

Resolved [illegible] the Temecula Land and Water Company a corporation [illegible] the laws of the State of California will sell to Wilmer Bros Co a corporation [illegible] One Dollar [illegible] United States Gold Coin all that [illegible] situate in the County of San Diego State of California described as [illegible] Eighty six (86) of the Murrieta portion of the [illegible] containing 40 acres of land. For a more particular description of said premises reference is hereby made to [illegible] C. N. [illegible] Surveyor of the Murrieta [illegible] in the office of the County Recorder [illegible] State of California. C. H. [illegible] Wicks President [illegible] of said Corporation are hereby directed [illegible] with the name and seal of said [illegible] Wilmer Bros Co a Corporation of [illegible] I hereby certify the foregoing [illegible] adopted by the Board of Directors of [illegible] Water Company at a meeting held on the 27 day of [illegible] being present. In Witness Whereof I [illegible] the Corporate Seal of said Corporation [illegible]

C. N. Marshal
Secretary of the Temecula Land and Water Company

Whereas the Temecula Land and Water Company a corporation [illegible] by the foregoing resolution (which [illegible]) duly authorized and directed [illegible] to the party of the second part hereto the [illegible] in said resolution and herein [illegible]. Now This Indenture Made the 18th day of April in the year One Thousand Eight hundred and Eighty eight Between the Temecula Land and Water Company a corporation duly organized under the laws of the State of California having its office and principal place of business at Murrieta San Diego County in the State of California the party of the first part and Wilmer Bros Co a corporation of the party of the second part Witnesseth that the party of the first part for and in consideration of the sum of One Dollars Gold Coin of the United States to it the said corporation paid by the said party of the second part the receipt whereof is hereby acknowledged has granted bargained sold and confirmed and by these presents does

Grant, bargain, sell and confirm unto the said party of the second part and to its successors and assigns forever all that certain piece or parcel of land described in the copy of the resolutions prefixed which said resolution is hereby referred to for further description and made a part of this deed. To Have and To Hold the above described premises and water rights together with the appurtenances unto the said party of the second part its successors and assigns forever. In Witness Whereof [illegible] Land and Water Company the party of the first part [illegible] the resolution aforesaid has hereunto caused [illegible] these presents to be executed [illegible] of April 1888

[illegible] Company
[illegible] President
[illegible] Secretary

(Seal)

State of California } ss
County of Los Angeles }

[illegible] 1888 before me Samuel [illegible] a Notary [illegible] Los Angeles personally appeared [illegible] C. W. [illegible] known to me to be the Secretary [illegible] Water Company the Corporation that executed [illegible] to me that such corporation [illegible] In Witness Whereof I have [illegible] set my hand and affixed my official seal [illegible] certificate first above written.

[illegible]

Recorded [illegible]

[illegible] request of [illegible]

C. [illegible]

Fee [illegible]

[illegible]

COUNTY OF SAN DIEGO, } ss.
STATE OF CALIFORNIA. }

I, ROGER N. HOWE, County Recorder in and for San Diego County, State of California, do hereby certify that I have compared the foregoing copy with the original record of a certain Deed found and appearing of record in Book No. 113 of Deeds at Page 405 et seq. and that the same is a full, true and correct copy of such original record [illegible] thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 11th day of February A. D. 1953

ROGER N. HOWE, County Recorder.
By Badley, Deputy Recorder