Fay Coleman

Fern Coleman

Defendants in propria persona

3618 Empire Drive
Los Angeles 34, Calif.

F I L E D

MAY 29 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. 1247 - SD - C |
| Plaintiff, | ANSWER OF DEFENDANTS |
| v. | Fay Coleman |
| FALLBROOK PUBLIC UTILITY DISTRICT, ET AL, | Fern Coleman |
| Defendants, | |

The defendants each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own 13.26 acres of land in Riverside County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

COPY RECEIVED

INDEXED       11564

EXHIBIT "A"

That portion of Lot 125 of the Murrieta Portion of the Temecula Rancho as shown by Map of the Lands of The Temecula Land and Water Co. on file in Book 8, page 359, Records of San Diego County, California, described as follows:

Beginning at the most Westerly corner of that certain parcel of land as conveyed to the State of California by William B. Eckhardt, et ux. by deed recorded October 14, 1952 in Book 1407, Page 388 of Official Records of said County; thence along the Southwesterly line of said State of California parcel of land South degrees 44' 10" East 660.37 feet to the most Westerly corner of that certain parcel of land in Lot 125 as conveyed to the State of California by Ennis G. Olmstead, et ux. by deed recorded February 27, 1952 in Book 1345, Page 112 of Official Records of said Riverside County; thence along the Southwesterly line of last said State of California parcel of land South 41 degrees 44' 10" East 511.75 feet; thence North 30 degrees 37' 37" West 687.95 feet; thence along a tangent curve concave Southwesterly with a radius of 1900.00 feet through an angle of 15 degrees 03' 46", a distance of 499.50 feet to the Northwesterly line of first said State of California parcel of land, distant along said Northwesterly line North 48 degrees 15' 10" East 163.63 feet from the Point of Beginning; thence along said Northwesterly line South 48 degrees 15' 10" West 163.63 feet to the Point of Beginning.

Containing 3.26 acres, more or less.

Excepting and Reserving unto the State of California any and all rights of ingress to or egress from the land herein conveyed over and across the Northeasterly lines thereof.

It is the purpose of the foregoing exception and reservation to provide that no easement of access shall attach or be appurtenant to the property hereby conveyed, by reason of the fact that the same abuts upon a State highway.

It is mutually understood and agreed that the above described property is landlocked, and without any direct access to the freeway, or to any public or private road, and the grantee hereby relieves the grantor of any liability to provide access to the above described landlocked property.

And also excepting and reserving all water, water rights, oil, oil rights, minerals, mineral rights, natural gas, natural gas rights and other hydrocarbons by whatsoever name known that may be within or under the parcel of land herein described without, however, the right ever to drill, dig or mine through the surface of said land therefor or otherwise in such manner as to endanger the safety of any highway that may be constructed on the lands thereby conveyed, as set forth in the deed from Ennis G. Olmsted and Shirley Olmsted to the State of California, recorded February 27, 1952 in Book 1345, Page 112, and as set forth in

11565

-2-

the deed from William B. Eckhardt and Marjorie M. Eckhardt to the State of California recorded October 14, 1952 in Book 1407, Page 388, respectively, of Offical Records of Riverside County, Calif.

SUBJECT TO:

1. Any interest of Julia A. Ranlett in and to the hereinabove described porperty by reason of being a previous record owner of said property adverse to the above vestees, whose title thereto is based on a Tax Deed from Riverside County Tax Collector to Maurie Stoner and Chlora Stoner, husband and wife, as joint tenants, dated March 2, 1942 and recorded March 13, 1942 in Book 536 page 132 of Official Records of Riverside County, California.

2. An easement for utilities, as granted to the Southern Sierras Power Company by deed from Roy C. Thomas, recorded April 5, 1922 in Book 566, page 342 of Deeds, Riverside County Records, to which record reference is hereby made for further particulars. The center line of said right of way is described as follows: Beginning on the boundary line between Lots 105 and 125 at a point 5 feet distant Northwesterly from the corner common to Lots 105, 106, 124 and 125, and running thence in a Northeasterly direction on a line parallel with and distant Northwesterly 5 feet from the boundary line between Lots 124 and 125, and the boundayy line between Lots 132 and 133 to a point on the boundary line between Lots 132 and 149, 5 feet distant Northwesterly from the corner common to Lots 132, 133, 148, and 149.

And Also Subject To: Any taxes and additional covenants, conditions, restrictions, reservations and rights of way of record.

AND BE IT FURTHER KNOWN:

FIRST, the Director of Public Works has heretofore found and determined and does hereby find and determine, that the said lands were acquired for State highway purposes and are no longer necessary, and are not now being used for ahghway uses or purposes;

SECOND, that this conveyance is executed pursuant to the authority vested in the Director of Public Works by law and, in particular, by the Streets and Highways Code.

11566

EXHIBIT "A"

The Southwest half of the Southeast half of Lot 126 of the lands of the Temecula Land and Water Company, as shown by map on file in Book 8, page 359 of Maps in the office of the County Recorder of the County of San Diego, State of California;

Excepting therefrom that portion in Monroe Avenue on the South;

Also Excepting therefrom any portion thereof included within the Northwesterly 660 feet of said Lot 126;

Also Excepting therefrom an undivided 6/20ths interest in any and all water located on said property.

11567

EXHIBIT B

All the land described in Exhibit A is in the Temecula Rancho which we believe is one of the grants of land made by Mexico and refered to in the Treaty of Guadalupe Hidalgo which preserves the values of the grants. We expect to use our land and water freely and exclusively in accordance with the original Title.

We do not have a well on the property at present, but expect to in the future as it is all suitable for alfalfa.

11568

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

*Fay Coleman*

*Fern Coleman*

Defendants in propria persona

Dated: MAY 26 1958

11569