Robinson & Robinson
Suite 04
5 E. Long St
Columbus 15, Ohio

IN THE UNITED STATES DISTRICT COURT

Southern District of California, Southern Division

FILED
MAY 29 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

United States of America :

        Plaintiff :

vs :  No. 1247-SD-C

Fall Brook Public Utility District, et al:

        Defendants :

### ANSWER OF KATHRYN H. GHEEN AND RICHARD H. MARSHALL

Come now the defendants, Kathryn H. Gheen and Richard H. Marshall, and for their answer state the following:

1. That they are the owners of the following described real property:

   Situated in the County of Riverside, State of California, and described as follows:

   All that portion of Block "M" of Graham, Collier and Heald's Subdivision of Blocks "K", "L", and "M" of Elsinore, as shown by map of said Subdivision on file in Book 4 page 174 of Maps, San Diego County Records, lying Northeasterly of the center line of the right of way of the Southern Railway Company and Southeasterly of the following described property line:

   Commencing at a point on the center line of said right of way, 1,724 feet Northerly from a point where said center line intersects the most Southerly line of the Rancho Laguna; thence Easterly 50 feet, more or less to a permanent 3/4 inch pipe set in a concrete mount approximately on the Easterly line of said right of way; thence Northeasterly interior angle 113° 8', 435 feet to a like monument; thence Northwesterly interior angle 210° 25', 365.9 feet to another like monument; thence Northeasterly interior angle 137° 21', 568.4 feet to another like monument; thence Northeasterly interior angle 180° 32', 30", 1,117.4 feet to another like monument located approximately on the Easterly line of the Rancho Laguna bearing South 47° East.

   EXCEPTING therefrom that portion thereof which lies Southwesterly of the Northeasterly line of Palomer Street as shown on said map and Westerly of the Easterly line of that certain 60 foot highway as conveyed to the County of Riverside by deed recorded March 3, 1915 in Book 406 at Page 98 of Deeds, Riverside County Records.

   ALSO EXCEPTING any public highways across said property.

   Rights of way, easements and/or restrictions of record.

2. That said real property is vacant land, and that there are presently no wells or other devices for the extraction of water from beneath the ground or for the extraction of surface waters upon said premises.

3. That these defendants have never made application to any duly constituted authority for any permit or permits granting to them the right to extract water from beneath the ground or to extract surface water upon said premises.

4. That said real estate will be utterly valueless and worthless for future use if these defendants, or any successor or successors in interest to

COPY RECEIVED

11521

the real estate now owned by these defendants, are forbidden to apply for and obtain a permit or permits for extracting water from beneath the ground or for extracting surface waters upon said real estate, or are forbidden to extract water in reasonable amounts upon said premises for normal residential usage, or for whatever other usage is reasonable and proper for said premises.

5. That these defendants are but two of a great multitude of parties to this action; that the facts stated in this answer are a matter of public record and can be easily verified as true; that in all liklihood this action will take an extended period of time to try, most of said trial being concerned with matters not directly involving these defendants; that these defendants, particularly Kathryn H. Gheen, live a long distance from the place where this action will be tried; and that by reason of these facts it will be impractical and economically impossible for these defendants to appear at said trial to prove the allegations of this petition.

6. Further answering, defendants state that they have no personal knowledge regarding the allegations of plaintiffs petition, and said defendants deny said allegations for want of knowledge.

Wherefore, defendants pray that the allegations contained in this answer be verified by a search of the public records and an examination of the premises, if the court deems said examination necessary, that the court declare as a matter of law the rights of defendants regarding water use, and that defendants rights to reasonable use of water for the premises described herein be declared and protected by this court, and that this court grant defendants such further and additional relief as may be proper.

*Stanley U. Robinson, Jr.*, Attorney for defendants Kathryn H. Gheen and Richard H. Marshall

STATE OF OHIO

FRANKLIN COUNTY, ss

Kathryn H. Gheen, being first duly cautioned and sworn, states that she is one of the two defendants answering herein, and that she is the duly authorized agent for signing for the other defendant, her son, Richard H. Marshall, and states that the facts stated and allegations contained in the foregoing answer are true,

as she verily believes.

                                                  *Kathryn H. Gheen*
                                                  Kathryn H. Gheen

Sworn to before me and subscribed in my presence this **20th** day of **May**, 1958.

                                                  *Stanley U. Robinson, Jr.*
                                                  Stanley U. Robinson, Jr.
                                                  Notary Public, State of Ohio

CERTIFICATE OF SERVICE

I certify that I have, this **20th** day of **May**, 1958, mailed a copy of the above answer to J. Lee Rankin, Solicitor General, Room 332, 325 W. "F" Street, San Diego, California.

                                                  *Stanley U. Robinson, Jr.*
                                                  Stanley U. Robinson, Jr., Attorney for
                                                  defendants Kathryn H. Gheen and Richard
                                                  H. Marshall