

FILED

JUN 3- 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

1    THOMPSON & COLEGATE
     Attorneys at Law
2    Suite 405 Citizens National Bank Bldg.
     Riverside, California.
3    Telephone OV 6-6800

4    Attorneys for Defendants, Fred Garbani, etc.

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9        IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10             SOUTHERN DIVISION

11   UNITED STATES OF AMERICA,

12            Plaintiff,      NO. 1247-SD-C

13        vs.           ANSWER OF FRED GARBANI, ERA
                           B. GARBANI; JAMES A. GARBANI,
14   FALLBROOK PUBLIC UTILITY DISTRICT,   RUTH OPAL GARBANI; JOE E.
    a public service corporation of the   GARBANI, aka JOCONDO E.
15   State of California; and all other   GARBANI, aka JACONDO E.
    defendants named in the Summons   GARBANI, RUTH S. GARBANI
16   attached to the Complaint, and whose   AND VALENTINA SALGADO, TO
    names are by reference made a part   COMPLAINT AND SUPPLEMENTARY
17   of the "COMPLAINT AND SUPPLEMENTARY   AND AMENDATORY COMPLAINT.
    AND AMENDATORY COMPLAINT" as though
18   they were set forth fully herein,

19           Defendants.

20 _____

21      COME NOW the defendants, FRED GARBANI, ERA B. GARBANI;

22 JAMES A. GARBANI, RUTH OPAL GARBANI; JOE E. GARBANI, aka JOCONDO E.

23 GARBANI, aka JACONDO E. GARBANI, RUTH S. GARBANI and VALENTINA

24 SALGADO, and severing themselves from the other defendants and appear-

25 ing for themselves alone and by way of answer to the complaint and

26 supplementary and amendatory complaint, admit, deny and allege as

27 follows:

28                 I.

29      Answering Paragraph these defendants deny generally and

30 specifically that they have committed an unlawful or any interfer-

31 ence with the right, or any of the rights of the plaintiff in or to

32 the use of the waters of the Santa Margarita River, or any of its

                       -1-             11796

INDEXED

1  tributaries.  Said defendants are without knowledge or information
2  sufficient to form a belief as to the truth of the remaining aver-
3  ments contained in Paragraph I of the said complaint and basing
4  their denial thereon, deny the remaining allegations upon said
5  grounds.

II.

7       Answering Paragraph II these defendants admit that Camp
8  Joseph H. Pendleton, located near Oceanside, California, the United
9  States Naval Ammunition Depot, Fallbrook, California, and the
10  United States Naval Hospital, located at Camp Joseph H. Pendleton,
11  are military establishments of the United States of America.  These
12  defendants allege that they are without knowledge or information
13  on the subject sufficient to enable them to answer the allegations
14  contained in said Paragraph II, other than those herein specifically
15  admitted, and basing their denial on that ground, deny each and
16  every allegation.

III.

18       Answering Paragraph III these defendants allege that they
19  have no information or belief on the subject sufficient to enable
20  them to answer the allegations contained in said Paragraph III, and
21  basing their denial on that ground deny each and every allegation
22  therein contained.

IV.

24       Answering Paragraph IV these defendants deny generally
25  and specifically that they have in any way encroached upon any
26  rights of the plaintiff, or that any acts of these defendants have
27  threatened the destruction of any basin by reason of salt water
28  intrusion from the Pacific Ocean or any other reason or at all.  As
29  to all other matters contained in said Paragraph these defendants
30  deny same both generally and specifically.  These defendants further
31  allege that they are the owners of certain lands located in, and
32  overlying, water basins known as Diamond and Domenigoni, which are

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-2-

11797

1   independent water basins and in no way support or maintain the

2   Santa Margarita River or any of its tributaries and do not consti-

3   tute a common water course or source insofar as the plaintiff here-

4   in or any of the other defendants are concerned.

V.

6   Answering Paragraph V these defendants admit that attached

7   to the complaint is a copy of the Stipulated Judgment in that cer-

8   tain action filed in the Superior Court of the State of /California

9   in and for the County of San Diego, therein numbered 42850 and en-

10   titled "Rancho Santa Margarita, a corporation, Plaintiff vs. N. R.

11   Vail, et al, Defendants".   These answering defendants allege that

12   none of these answering defendants nor any of their predecessors in

13   interest were parties to the proceedings therein referred to nor

14   were any of their claims involved in or adjudicated in said proceed-

15   ings and said stipulated judgment is not binding nor material to any

16   of the right, title or interest insofar as these defendants are

17   concerned.   Further answering said Paragraph V these defendants deny

18   generally and specifically each and every allegation, statement,

19   matter and thing set forth and alleged in said Paragraph which are

20   not specifically herein admitted to be true.

21   VI.

22   Answering Paragraph VI these answering defendants allege

23   that none of these answering defendants, nor any of their prede-

24   cessors in interest were parties to the proceedings therein referred

25   to nor were any of their rights involved in nor adjudicated in said

26   proceeding and said stipulated judgment is not binding upon these

27   answering defendants.   Further answering said Paragraph these de-

28   fendants deny generally and specifically each and every allegation,

29   statement, matter and thing set forth and alleged therein.

30   VII.

31   Answering Paragraph VII these answering defendants deny

32   generally and specifically each and every allegation, statement,

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11798

1  matter and thing set forth and alleged in said paragraph.

VIII.

Answering Paragraph VIII of the Complaint these answering defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.  Further answering said Paragraph these defendants deny that the plaintiff has a paramount right, or any rights, in and to the water of the Santa Margarita River or any of its tributaries thereto, or in and to any of its subterranean basins and in particular Diamond basin or Domenigoni basin in any amount or at all, which are paramount to the rights of these answering defendants.

IX.

Answering Paragraph IX these answering defendants admit that they have asserted and do not assert that they have the right to use all of the water produced and extracted from and beneath the hereinafter described lands which are owned by these defendants and do have the right to use any and all quantities of water which they may put to beneficial use upon said lands and that said rights are paramount to any of the rights of plaintiff and to any other defendants named in this action.  These defendants further admit that they claim the right to extract water from the tributaries of the Santa Margarita River, to which their lands are riparian, and allege that said rights of these defendants are paramount to the rights of the plaintiff herein and to all other defendants.  These defendants further allege that they have the right to use of the water produced and extracted from and under their land by the means of wells, springs or other method and to apply said water so produced and extracted to said lands in such quantities as the defendants have or can put to beneficial use and without waste, and that said rights are paramount to the rights of the plaintiff and all parties that they represent as well as all of the other named defendants.  Further answering said Paragraph these answering defend-

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11799

1  ants deny generally and specifically each and every allegation,

2  statement, matter and thing set forth and alleged in said Paragraph

3  which are not specifically admitted to be true.

4          AS AND FOR A FIRST AFFIRMATIVE AND SEPARATE

5          DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY

6          AND AMENDATORY COMPLAINT, THESE DEFENDANTS

7          ALLEGE AS FOLLOWS, TO WIT:

8                  I.

9       That the defendants, JOE E. GARBANI, aka JOCONDO E.

10  GARBANI, aka JACONDO E. GARBANI and RUTH S. GARBANI, husband and

11  wife, are now and have been for many years last past, the owners

12  of and persons entitled to possession of the following described

13  lands situate in the County of Riverside, State of California and

14  more particularly described as follows:

15      PARCEL 1:  The south 30 acres of Government Lot 6 and
    the Northeast Quarter of the Southeast quarter of Sec-

16      tion 6 Township 6 S. Range 1 West, San Bernardino Base
    and Meridian.

17

18       That the defendants, FRED GARBANI, JAMES A. GARBANI,

19  JOE E. GARBANI, aka JOCONDO E. GARBANI, aka JACONDO E. GARBANI and

20  VALENTINA SALGADO, are now and have been for many years last past,

21  the owners of and persons entitled to possession of the following

22  described lands situate in the County of Riverside, State of

23  California and more particularly described as follows:

24      PARCEL 2:  Government Lots one (1), two (2), three (3),
    four (4), five (5), six (6) and seven (7), the South

25      one-half (S.$\frac{1}{2}$) of the Northwest one-quarter (N.W. 1/4).
    The Southwest one quarter (SW 1/4); the West one-half

26      (W $\frac{1}{2}$) of the fractional Southeast quarter (SE 1/4); and
    the East twenty-five (E.25) acres of the southwest one

27      quarter (SW 1/4) of the fractional Northeast quarter
    (NE 1/4) of fractional Section five (5) in Township

28      Six (T. 6).  South Range one (S. Rl) West, San Bernar-
    dino Base and Meridian.

29          The West fifteen (15) acres of the South-
    west one-quarter (SW 1/4) of the fractional Northeast

30      one quarter (NE 1/4) of fractional Section five (5)
    in Township Six (T.6), South Range 1 West, San Bernardino

31      Base and Meridian.

32       That the defendants, FRED GARBANI, JOE E. GARBANI, aka

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11800

1   JOCONDO E. GARBANI, aka JACONDO E. GARBANI and JAMES A. GARBANI,

2   are now and have been for many years last past the owners of and

3   persons entitled to possession of the following described lands

4   situate in the County of Riverside, State of California and more

5   particularly described as follows:

6       PARCEL 3:  The Easterly rectangular 142 acres of

7       fractional Northeast quarter of Section Six Township

8       six South. Range 1 West, San Bernardino Base and

9       Meridian.

10      EXCEPTING the North Thirty feet thereof.

11       These defendants allege that the lands hereinabove de-

12   scribed are riparian to certain creeks which are tributaries to

13   Warm Springs Creek, Hot Springs Creek and Tucalota Creek and some

14   underground waters beneath said land.  These defendants further

15   allege that alfalfa and other hay grains and agricultural crops

16   have been planted and are growing upon some of the above described

17   land; and that the said crops require irrigation, and said crops

18   have been for many years, in excess of thirty (30) years, continu-

19   ously irrigated by waters from said creeks and from said underground

20   waters that are extracted from the underground basin or basins, the

21   waters of which do not support or maintain the rivers or tributaries

22   and are not a part of the common water course or source of said

23   rivers or tributaries as set forth in the complaint or the answer

24   thereto.  That continued cultivation under irrigation is necessary

25   to maintain the ground of said crops and to prevent said crops from

26   perishing.  The defendants further allege that during all of the

27   time hereinabove set forth water has also been used upon the de-

28   scribed land for domestic and livestock purposes.

29               II.

30       The defendants allege that the rights of the plaintiff in

31   and to the water of certain tributaries and creeks which are in

32   turn tributaries to the Santa Margarita River, are subordinate and

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-6-

11801

1   junior and subject to the rights of these defendants in and to that

2   portion of said waters which are riparian to the lands of these

3   defendants and that in addition thereto these defendants are en-

4   titled to such water which they have acquired by appropriation and

5   prescription which is necessary to supply said lands owned by these

6   defendants for irrigation and domestic purposes as well as for the

7   watering of livestock and for domestic purposes.  That all of said

8   rights of the defendants and in and to said waters are superior and

9   paramount to those of the plaintiff and the other defendants named

10   in said suit.  These defendants further allege that their lands

11   overlie water basins to wit, Diamond and Domenigoni and that under-

12   ground waters of said basins are independent and do not support the

13   rivers within said water shed or any of its tributaries and that by

14   virtue thereof and otherwise, these defendants may extract and apply

15   to their lands all water that they can put to beneficial use and

16   that the plaintiff and the other named defendants have no rights

17   whatsoever in and to said water.

18           AS AND FOR A SECOND AFFIRMATIVE AND SEPARATE

19           DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY

20           AND AMENDATORY COMPLAINT, THESE DEFENDANTS

21           ALLEGE AS FOLLOWS, TO WIT:

22                           I.

23           By reference thereto, defendants incorporate in this

24   Paragraph, each and every allegation contained in Paragraphs I and

25   II of the First Affirmative Defense.

26                           II.

27           For more than thirty (30) years immediately preceding this

28   action, and for more than twenty-five (25) years preceding the

29   alleged acquisition by the plaintiff of the property described in

30   Paragraph II of the Complaint herein, these defendants, and/or their

31   predecessor in interest, under claim of right so to do and in

32   hostility to any and every claim of ownership, title and interest

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11802

1 of the plaintiff, and of every owner of water, or water rights, or
2 owner of the use of water or water rights within the area of the
3 water shed of the Santa Margarita River and its tributaries, by
4 means of wells, pumps, pipelines, diversions and irrigation ditches
5 for the extraction, diversion, transportation, conservation and
6 distribution of water, and openly, notoriously, continuously, un-
7 interruptedly and adversely extracted and withdrew from the surface
8 and underground waters of said Santa Margarita River and/or its
9 tributaries and/or the underground basin, large amounts of waters,
10 to wit, in excess of three hundred (300) miner's inches continuous
11 flow, and have diverted and transported said waters in said amount
12 to said lands and property herein described and/or by these defend-
13 ants and/or their predecessors in interest; that all of the said
14 waters have been applied on said lands to beneficial uses, without
15 waste thereof, either in its use or method of use; that by reason
16 of said continuous adverse diversion of said waters, and its applica-
17 tion of beneficial uses, these defendants have acquired and own,
18 and enjoy a vested right presently, and continuously hereafter, to
19 extract and apply to beneficial uses upon their said lands the
20 waters of said Santa Margarita and its tributaries in the amount of
21 exceeding three hundred (300) miner's inches continuous flow.
22                              III.
23        That said vested right by prescription in the amount of
24 water hereinabove set forth is guaranteed and protected under the
25 provisions of the State and Federal constitutions and any impair-
26 ment or lessening, or limiting of such vested right, title and
27 interest is in violation of the Fourteenth Amendment to the Consti-
28 tution of the United States and constitutes a divested and deprived
29 of divested property rights of these defendants, without due process
30 of law.
31                              IV.
32        That a reasonable diversion for the irrigation of the

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-8-

1   lands owned by these defendants is five and two-tenths (5-2/10) per

2   acre per year.

3           AS AND FOR A THIRD AFFIRMATIVE AND SEPARATE

4           DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY AND

5           AMENDATORY COMPLAINT, these defendants allege

6           as follows, to wit:

7                           I.

8           By reference thereto, defendants incorporate in this

9   Paragraph each and every allegation contained in Paragraphs I, II,

10  III and IV of the second defense.

11                          II.

12          The defendants allege that the lands owned by the defend-

13  ants as hereinabove set forth overlie a body or bodies of previous

14  material through which water slowly percolates; that said water

15  that percolates through said previous material in or to said basin

16  or basins does not move in any general direction and does not con-

17  stitute a part of the surface or subsurface flow of the Santa Marg-

18  arita River or any of its tributaries nor does said percolating

19  water support the surface or subsurface flow of said river or any

20  of its tributaries, but constitutes water in an independent basin or

21  basins and is not a part of the common water course or source of

22  the plaintiff's lands or any of the other named defendants.  That

23  the defendants herein claim the right to use any and all waters pro-

24  duced upon the above described lands and extracted from said under-

25  ground water basin or basins, upon the above described lands for

26  domestic use and for the purpose of irrigating crops or for such other

27  beneficial uses to which said waters may be applied upon said lands,

28  without waste.

29                          III.

30          The defendants allege that in the past and for many years

31  they have operated and maintained wells upon certain portions of

32  the described lands; and that the water heretofore produced from the

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11804

1   wells has been used for domestic, irrigation and agricultural pur-
2   poses; that the defendants claim the right to extract water from
3   said wells and use said waters for domestic, irrigation and agri-
4   cultural purposes, and claim the right to drill additional wells
5   and to extract water therefrom to be used upon the lands of the de-
6   fendants for domestic, irrigation or agricultural purposes.

7                              IV.

8           That a reasonable diversion for the irrigation of the
9   lands owned by these defendants is five and two-tenths (5-2/10) per
10  acre per year.

11              AS AND FOR A FOURTH AFFIRMATIVE AND SEPARATE
12              DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY
13              AND AMENDATORY COMPLAINT, THESE DEFENDANTS
14              ALLEGE AS FOLLOWS, TO WIT:

15                              I.

16          That the cause of action set forth in the plaintiff's
17  Complaint is barred by Sections 318 and 319 of the Code of Civil
18  Procedure of the State of California.

19              AS AND FOR A FIFTH AFFIRMATIVE AND SEPARATE
20              DEFENSE TO THE COMPLAINT AND SUPPLEMENTARY
21              AND AMENDATORY COMPLAINT, THESE DEFENDANTS
22              ALLEGE AS FOLLOWS, TO WIT:

23                              I.

24          That the plaintiff has been guilty of laches and unreason-
25  able delay in bringing this action which occasioned a wrong and pre-
26  judiced the rights of the defendants herein.

27              ANSWER TO SUPPLEMENT TO COMPLAINT

28                       COUNT NO. I

29          Answering Count No. I of the Supplement to the complaint
30  these answering defendants hereby restate and replead their answers
31  to Paragraphs I to IX, inclusive of the complaint with the same
32  force and effect as though said answering paragraphs were set forth

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

                              -10-

                                                11805

at length herein.

COUNT NO. II

I.

Answering Paragraph I of Count No. II of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the Complaint and also their Answer to Count No. I of the supplement to the com-plaint with the same force and effect as though said answering para-graphs were set forth at length herein.

II.

Answering Paragraphs II and III of Count No. II of the supplement to the complaint these defendants are without knowledge or information on the subject sufficient to enable them to answer the allegations contained therein and basing their denial on that ground deny generally and specifically each and every allegation therein contained.

COUNT NO. III

I.

Answering Paragraph I of Count No. III of the supplement to the complaint these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the com-plaint and also their answer to Counts No. I and II of the supple-ment to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV and V of Count No. III of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs, and basing their denial on that ground, deny generally and specifi-cally each and every allegation therein contained.

COUNT NO. IV

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-11-

11806

I.

Answering Paragraph I of Count No. IV of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX inclusive of the complaint and also their answers to Counts No. I, II and III of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV and V of Count No. IV of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs, and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. V.

I.

Answering Paragraph I of Count No. V of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III and IV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV, V, VI and VII of Count No. V of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject suffi-cient to enable them to answer the allegations contained in said paragraphs, and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. VI

I.

Answering Paragraph I of Count No. VI of the supplement

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11807

1  to the complaint, these answering defendants hereby restate and

2  replead their answers to Paragraphs I to IX, inclusive of the

3  complaint and also their answers to Counts No. I, II, III, IV and

4  V of the supplement to the complaint with the same force and effect

5  as though said answering paragraphs were set forth at length here-

6  in.

7                                    II.

8          Answering Paragraphs II, III, IV and V of Count No. VI

9  of the supplement to the complaint these defendants allege that

10 they are without knowledge or information on the subject sufficient

11 to enable them to answer the allegations contained in said para-

12 graphs, and basing their denial on that ground, deny generally and

13 specifically each and every allegation therein contained.

14                          COUNT NO. VIII

15                                    I.

16         Answering Paragraph I of Count No. VIII of the supplement

17 to the complaint, these answering defendants hereby restate and re-

18 plead their answers to Paragraphs I to IX, inclusive of the complaint

19 and also their answers to Counts No. I, II, III, IV, V and VI of

20 the supplement to the complaint with the same force and effect as

21 though said answering paragraphs were set forth at length herein.

22                                    II.

23         Answering Paragraphs II, III and IV of Count No. VIII of

24 the supplement to the complaint these defendants allege that they

25 are without knowledge or information on the subject sufficient to

26 enable them to answer the allegations contained in said paragraphs

27 and basing their denial on that ground, deny generally and specifically

28 each and every allegation therein contained.

29                          COUNT NO. IX

30                                    I.

31         Answering Paragraph I of Count No. IX of the supplement

32 to the complaint, these answering defendants hereby restate and

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11808

-13-

replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI and VIII of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III and IV of Count No. IX of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. X

I.

Answering Paragraph I of Count No. X of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII and IX of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II, III, IV and V of Count No. X of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

COUNT NO. XI

I.

Answering Paragraph I of Count No. XI of the supplement to the complaint, these answering defendants hereby restate and

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

-14-

11803

1  replead their answers to Paragraphs I to IX, inclusive of the

2  complaint and also their answers to Counts No. I, II, III, IV, V,

3  VI, VIII, IX and X of the supplement to the complaint with the

4  same force and effect as though said answering paragraphs were

5  set forth at length herein.

II.

7  Answering Paragraph II of Count No. XI of the supplement

8  to the complaint, these defendants deny generally and specifically

9  each and every allegation, statement, matter and thing set forth

10 and alleged in said paragraph and deny that 18,650 acres of land

11 or any other amount of land is susceptible of practicable and

12 profitable irrigation, and deny that a reasonable water duty of

13 said land is approximately 69,250 acre feet annually or any other

14 amount; and deny that a reasonable water duty is 78,300 acre feet

15 annually or any other amount.

COUNT NO. XII

I.

18 Answering Paragraph I of Count XII of the supplement to

19 the complaint, these answering defendants hereby restate and re-

20 plead their answers to Paragraphs I to IX, inclusive of the com-

21 plaint and also their answers to Counts No. I, II, III, IV, V, VI,

22 VIII, IX, X and XI of the supplement to the complaint with the

23 same force and effect as though said answering paragraphs were set

24 forth at length herein.

II.

26 Answering Paragraphs II and III of Count No. XII of the

27 supplement to the complaint these defendants deny generally and

28 specifically each and every allegation, statement, matter and thing

29 set forth and alleged in said paragraphs.

III.

31 Answering Paragraphs IV, V, VI, VII, VIII and IX of

32 Count No. XII of the supplement to the complaint these defendants.

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11810

1   allege that they are without knowledge or information on the subject
2   sufficient to enable them to answer the allegations contained in
3   said paragraphs and basing their denial on that ground, deny
4   generally and specifically each and every allegation therein con-
5   tained.

COUNT NO. XIII

I.

8       Answering Paragraph I of Count XIII of the supplement
9   to the complaint, these answering defendants hereby restate and
10  replead their answers to Paragraphs I to IX, inclusive of the
11  complaint and also their answers to Counts No. I, II, III, IV, V,
12  VI, VIII, IX, X, XI and XII of the supplement to the complaint
13  with the same force and effect as though said answering paragraphs
14  were set forth at length herein.

II.

16      Answering Paragraphs II, III, IV, V and VI of Count No.
17  XIII of the supplement to the complaint these defendants allege
18  that they are without knowledge or information on the subject
19  sufficient to enable them to answer the allegations contained in
20  said paragraphs and basing their denial on that ground, deny
21  generally and specifically each and every allegation therein con-
22  tained.

COUNT NO. XIV

I.

25      Answering Paragraph I of Count No. XIV of the supplement
26  to the complaint, these answering defendants hereby restate and
27  replead their answers to Paragraphs I to IX, inclusive of the
28  complaint and also their answers to Counts No. I, II, III, IV, V,
29  VI, VIII, IX, X, XI, XII and XIII of the supplement to the complaint
30  with the same force and effect as though said answering paragraphs
31  were set forth at length therein.

32  - - - -                                                    - - -

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11811

COUNT NO. XV

I.

Answering Paragraph I of Count XV of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII and XIV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length therein.

II.

Answering Paragraphs II and III of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

III.

Answering Paragraph IV of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 16,800 acres or any other amount of acreage is susceptible of practicable and profitable irrigation.

IV.

Answering Paragraph V of count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that a reasonable diversion duty is 4.2 acre-feet per acre per year or any other amount.

V.

Answering Paragraph VI of Count No. XV of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

11812

COUNT NO. XVI

I.

Answering Paragraph I of Count No. XVI of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV and XV of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraph II of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

III.

Answering Paragraph III of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 2,000 acres or any other acreage is susceptible of practicable and profitable irrigation.

IV.

Answering Paragraph IV of Count No. XVI of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that a reasonable diversion duty is 4.2 acre-feet per acre per year or any other amount.

COUNT NO. XVII

I.

Answering Paragraph I of Count XVII of the supplement to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11813

and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV and XVI of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraphs II and III of Count No. XVII of the supplement to the complaint these defendants allege that they are without knowledge or information on the subject sufficient to enable them to answer the allegations contained in said paragraphs and basing their denial on that ground, deny generally and specifically each and every allegation therein contained.

III.

Answering Paragraph IV of Count No. XVII of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 60 acres or any other amount of acreage is susceptible of practicable and profitable irrigation.

IV.

Answering Paragraph V of Count No. XVII of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that a reasonable diversion duty is 4.2 acre-feet per acre per year or any other amount.

V.

Answering Paragraph VI of Count No. XVII of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

COUNT NO. XVIII

I.

Answering Paragraph I of Count No. XVIII of the supple-

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-19-

11814

1   ment to the complaint, these answering defendants hereby restate

2   and replead their answers to Paragraphs I to IX, inclusive of the

3   complaint and also their answers to Counts No. I, II, III, IV, V,

4   VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII of the

5   supplement to the complaint with the same force and effect as

6   though said answering paragraphs were set forth at length herein.

II.

8   Answering Paragraphs II, III and IV of Count No. XVIII

9   of the supplement to the complaint, these answering defendants

10   deny generally and specifically each and every allegation, state-

11   ment, matter and thing set forth and alleged in said paragraphs.

III.

13   Answering Paragraph V of Count No. XVIII of the supple-

14   ment to the complaint, these defendants deny generally and speci-

15   fically each and every allegation, statement, matter and thing

16   set forth and alleged in said paragraph and deny that 2,000 acres

17   or any other amount of acreage are susceptible of practicable and

18   profitable irrigation.

IV.

20   Answering Paragraph VI of Count No. XVIII of the supple-

21   ment to the complaint, these defendants deny generally and speci-

22   fically each and every allegation, statement, matter and thing

23   set forth and alleged in said paragraph and deny that 600 acres or

24   any other amount of acreage are susceptible of practicable and

25   profitable irrigation.

V.

27   Answering Paragraph VII of Count No. XVIII of the supple-

28   ment to the complaint, these defendants deny generally and speci-

29   fically each and every allegation, statement, matter and thing

30   set forth and alleged in said paragraph and deny that four and two-

31   tenths (4.2) acre-feet per acre per year or any other amount is a

32   reasonable diversion duty.

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

11215

**VI.**

Answering Paragraph VIII of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that 900 acres or any other amount of acreage are susceptible of practicable and profitable irrigation.

**VII.**

Answering Paragraph IX of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that four and two-tenths (4.2) acre-feet per acre per year or any other amount is a reasonable diversion duty.

**VIII.**

Answering Paragraphs X and XI of Count No. XVIII of the supplement to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraphs.

**COUNT NO. XIX**

**I.**

Answering Paragraph I of Count No. XIX of the supplement to the complaint, these answering defendants hereby restate and re-plead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII and XVIII of the supplement to the complaint with the same force and effect as though said answering paragraphs were set forth at length therein.

**II.**

Answering Paragraph II of Count No. XIX of the supplement to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

-21-

11816

1 and alleged in said paragraph and deny that 12,400 acres or any

2 other amount of acreage are susceptible of practicable and profit-

3 able irrigation.

### III.

5     Answering Paragraph III of Count No. XIX of the supple-

6 ment to the complaint these defendants deny generally and speci-

7 fically each and every allegation, statement, matter and thing set

8 forth and alleged in said Paragraph.

### IV.

10     Answering Paragraph IV of Count No. XIX of the supplement

11 to the complaint these defendants deny generally and specifically

12 each and every allegation, statement, matter and thing set forth

13 and alleged in said Paragraph and deny that four and two-tenths

14 (4.2) acre-feet per acre per year or any other amount is a reason-

15 able diversion duty.

### V.

17     Answering Paragraph V of Count No. XIX of the supplement

18 to the complaint these defendants deny generally and specifically

19 each and every allegation, statement, matter and thing set forth

20 and alleged in said paragraph.

### COUNT NO. XX

### I.

23     Answering Paragraph I of Count No. XX of the supplement

24 to the complaint, these answering defendants hereby restate and

25 replead their answers to Paragraphs I to IX, inclusive of the

26 complaint and also their answers to Counts No. I, II, III, IV, V,

27 VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII and XIX

28 of the supplement to the complaint with the same force and effect

29 as though said answering paragraphs were set forth at length here-

30 in.

### II.

32     Answering Paragraph II of Count No. XX of the supplement

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11817

1  to the complaint these defendants deny generally and specifically
2  each and every allegation, statement, matter and thing set forth
3  and alleged in said paragraph and deny that four and two-tenths
4  (4.2) acre-feet per acre per year or any other amount is a reason-
5  able diversion duty.

COUNT NO. XXI

I.

8  Answering Paragraph I of Count No. XXI of the supplement
9  to the complaint, these answering defendants hereby restate and
10  replead their answers to Paragraphs I to IX, inclusive of the
11  complaint and also their answers to Counts No. I, II, III, IV, V,
12  VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX,
13  and XX of the supplement to the complaint with the same force and
14  effect as though said answering paragraphs were set forth at length
15  herein.

II.

17  Answering Paragraphs II and III of Count No. XXI of the
18  supplement to the complaint these defendants deny generally and
19  specifically each and every allegation, statement, matter and
20  thing set forth and alleged in said paragraphs.

AMENDMENT TO COMPLAINT

COUNT NO. XXII

24  Answering the first paragraph of Count No. XXII of the
25  amendment to the complaint, these answering defendants hereby
26  restate and replead their answers to Paragraphs I to IX, inclusive
27  of the complaint and also their answers to Counts No. I, II, III,
28  IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII,
29  XIX, XX and XXI as of the supplement to the complaint with the
30  same force and effect as though said answering paragraphs were set
31  forth at length herein.

I.

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11818

I.

Answering Paragraph I of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

II.

Answering Paragraph II of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that the plaintiff has diverted, appropriated and used 12,300 acre-feet of water or any other amount of water as alleged in said complaint.

III.

Answering Paragraph III of Count No. XXII of the amendment to the complaint, these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph and deny that the plaintiff has the right to store or divert the quantities of water as alleged in said paragraph or in any other amount or at all.

COUNT NO. XXIII

I.

Answering Paragraph I of Count No. XXIII of the amendment to the complaint, these answering defendants hereby restate and replead their answers to Paragraphs I to IX, inclusive of the complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI And XXII of the supplement and amendment to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

II.

Answering Paragraph II of Count No. XIII of the amendment to the complaint, these defendants deny generally and speci-

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

-24-                                11819

1  fically each and every allegation, statement, matter and thing
2  set forth and alleged in said paragraph and deny that the amount
3  of acreage as set forth in said paragraph or any other amount of
4  acreage is dependent upon the subterranean basin as a source of
5  supply of water as alleged therein.

III.

7  Answering Paragraph III of Count No. XXIII of the amend-
8  ment to the complaint, these defendants deny generally and speci-
9  fically each and every allegation, statement, matter and thing
10  set forth and alleged in said paragraph and deny that the amount
11  of military demand is 23,000 acre-feet of water or any other
12  amount or at all.

COUNT NO. XXIV

I.

15  Answering Paragraph I of Count No. XXIV of the amendment
16  to the complaint, these answering defendants hereby restate and
17  replead their answers to Paragraphs I to IX, inclusive of the com-
18  plaint and also their answers to Counts No. I, II, III, IV, V, VI,
19  VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX,
20  XXI, XXII and XXIII of the supplement and amendment to the complaint
21  with the same force and effect as though said answering paragraphs
22  were set forth at length herein.

II.

24  Answering Paragraph II of Count No. XXIV of the amendment
25  to the complaint these defendants deny generally and specifically
26  each and every allegation, statement, matter and thing set forth
27  and alleged in said paragraph.

COUNT NO. XXV

I.

30  Answering Paragraph I of Count No. XXV of the amendment
31  to the complaint, these answering defendants hereby restate and
32  replead their answers to Paragraphs I to IX inclusive of the

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

11820

complaint and also their answers to Counts No. I, II, III, IV, V, VI, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII and XXIV of the supplement and amendment to the complaint with the same force and effect as though said answering paragraphs were set forth at length herein.

## II.

Answering Paragraph II of Count No. XXV of the amendment to the complaint these defendants deny generally and specifically each and every allegation, statement, matter and thing set forth and alleged in said paragraph.

WHEREFORE, these answering defendants pray:

1. That plaintiff take nothing by this action;

2. That the Court adjudge and decree that these defendants are the owners of and entitled to possession of the above described real property with the right to produce and extract any and all water from and under said real property, which will or may be needed for domestic, irrigation or agricultural uses upon said real property;

3. That the Court adjudge and decree that these defendants are entitled to take and divert any and all waters from any tributaries to the Santa Margarita River for domestic, irrigation or agricultural uses and apply said water upon the above described real property;

4. That the plaintiff be forever barred from asserting any rights, title, interest or estate in or to said real property, or in, or to any and all waters which may be taken or extracted from said property or any springs thereon or from any tributaries to Warm Springs Creek, Hot Springs Creek, and Tucalota Creek for use upon said real property; and that the plaintiff be and forever enjoined for asserting any claims thereto;

5. That an affirmative judgment be made in favor of these defendants and against all parties to this action, both

THOMPSON & COLEGATE
ATTORNEYS AT LAW
RIVERSIDE, CALIFORNIA

-26-

11821

plaintiff and defendants, adjudging and decreeing that the defendants herein are the owners of and entitled to the possession of the above described real property with the right to produce and extract any and all waters from and under said real property which are or may be needed for domestic, irrigation or agricultural uses upon said real property and without waste.

6.   That it be adjudged and decreed that the land owned by these defendants overlie an independent basin or basins and do not support or maintain the Santa Margarita River or any of its tributaries and that the subterranean waters percolating in said basin or basins do not constitute a common water source with the plaintiff or any of the defendants.

7.   That the defendants have their costs herein incurred and expended and such other and further relief as to the court may seem just and proper.

THOMPSON & COLEGATE

By

Attorneys for above named defendants.

THOMPSON & COLEGATE
RIVERSIDE, CALIFORNIA
ATTORNEYS AT LAW

-27-

11822

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF RIVERSIDE  )

FRED GARBANI, being first duly sworn, deposes and says: That he is one of the defendants in the above entitled action; that he is making this verification on behalf of the other defendants named in this answer and on his own behalf.  That he has read the foregoing answer and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters which are therein stated on information and belief, and as to those matters he believes them to be true.

*Fred Garbani*

Subscribed and sworn to before me this ___ day of June, 1958.

*Harry M. Daugherty*
Notary Public in and for said
        County and State

11923