EDMUND G. BROWN, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney General
Library and Courts Building
Sacramento 14, California
Telephone: HIckory 5-4711, Ext. 4574

Attorneys for Defendants in
Intervention

FILED
JUN 5- 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California; et al.,

    Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants in
    Intervention.

No. 1247-SD-C

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS AND PARAGRAPHS OF COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT RELATING TO THE ACTIVITIES OF THE CALIFORNIA STATE WATER RIGHTS BOARD

    In Count No. V, Paragraphs VI and VII of the complaint and supplementary and amendatory complaint (p. 13, lines 16-27), the United States alleges that the State of California issued License to Appropriate Water No. 4906 to the Fallbrook Public Utility District and that said issuance clouded the title of the water rights of the United States.

    In Count No. X (p. 18, line 4-p. 19, line 13,) the United States alleges that the California State Water Rights Board, by holding a hearing on August 12-14, 1957, on pending applications to appropriate water of the Santa Margarita River in which one of the issues was whether there is or may be

3552

unappropriated water available for appropriation, violated, embarrassed and invaded this Court's jurisdiction in the instant case and also clouded the title of the water rights of the United States.

In Count No. XXV, Paragraph II (p. 38, lines 15-24), the United States repeats the allegation that these activities of the California State Water Rights Board have invaded the water rights of the United States.

These counts and paragraphs are all defective and should be dismissed as failing to state claims on which relief can be granted. For, as a matter of law, none of the activities of the State of California and the California State Water Rights Board which are alleged either affect the vested water rights which this Court may ultimately hold are owned by the United States or in any way invade or usurp the jurisdiction of this Court to determine the vested water rights in the watershed and quiet title to them.

The statutory appropriation procedure administered by the California State Water Rights Board applies only to "unappropriated" water, that is, water over and above that subject to and needed to satisfy vested rights (Calif. Water Code, secs. 1201, 1202). Thus the permits and licenses which may be and have been issued by the Water Rights Board are subject to vested rights and so declare (<u>Temescal Water Co. v. Dept. Public Works</u> (1955), 44 Cal.2d 90, 106, 280 P.2d 1, 11). License No. 4906 issued by the Board merely confirmed the right to appropriate such amount of water as was found by the Board to have actually been put to beneficial use pursuant to the permit previously issued (Calif. Water Code, secs. 1605, 1610). Thus, it, no more than the permits granted to the Fallbrook Public Utility District, could in any way cloud the United

States' title to water rights.

Similarly, these activities of the Water Rights Board make no inroads on the jurisdiction of this Court. The finding of the Board that unappropriated water does or may exist is not a judicial determination of vested water rights, just as this Court's eventual determination of vested water rights will not constitute a permit to any particular would-be appropriators to use the surplus which may be in the stream over and above the vested rights. In short, the functions of the Water Rights Board and this Court are complementary, not conflicting, and nothing the Board does purports to or could limit the judicial power of the Court to declare the vested water rights in the watershed.

The recent decision of the California Supreme Court in <u>Temescal Water Co. v. Dept. Public Works</u> (1955), 44 Cal.2d 90, 106, 280 P.2d 1, 11, clearly explains the distinction between the task of the Water Rights Board and a Court:

> "As stated in the Tulare case, however, '[w]hat is unappropriated water is a constantly fluctuating question, depending upon the seasonal flow of the stream, the annual rainfall, the forfeiture of prior appropriations and default in the use of riparian rights.' (187 Cal. at 537.) A judicial determination as to existing appropriative and riparian rights rests upon then present uses which may be quite different at a later time, and a determination as to the future availability of water necessarily can be only an estimate. A permit itself confers no appropriative rights but fixes the priority of its recipient over subsequent appropriators (Wat. Code, secs. 1450-1456); it expressly provides that its issuance is subject to vested rights. If the department erroneously concludes that unappropriated water is available to supply an applicant when there is no reasonable expectation of such a supply, the error may be corrected upon a review of the determination. But a holding that such a danger is so imminent as to justify an independent judicial proceeding to determine the availability of unappropriated water before the department considers an application, would deprive the administrative proceeding of all of its proper functions in the issuance of a permit. No such danger will be presumed."

Therefore, we urge that the counts and paragraphs of the complaint and supplementary and amendatory complaint referred to above should be dismissed and the extraneous issue of the activities of the State Water Rights Board removed from this litigation.

Dated: June 4, 1958.

        EDMUND G. BROWN, Attorney General
          of the State of California
        ADOLPHUS MOSKOVITZ, Deputy Attorney
          General

By *Adolphus Moskovitz*
   Adolphus Moskovitz
   Attorneys for Defendants in
   Intervention