EDMUND G. BROWN, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney General
Library and Courts Building
Sacramento 14, California
Telephone: HIckory 5-4711, Ext. 4574

Attorneys for Defendants in
Intervention

**FILED**

JUN 5- 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California; et al.,

    Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendants in
    Intervention.

No. 1247-SD-C

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT NO. XXII OF COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT RELATING TO ASSERTED APPROPRIATIVE RIGHTS OF THE UNITED STATES

      Count No. XXII of the complaint and supplementary and amendatory complaint (p. 34, line 4-p. 35, line 32) sets forth a number of claims by the United States of water rights of an appropriative nature. Paragraph II of this count (p. 34, lines 25-32), however, seems to assert a right to use water _outside_ the watershed by reason of _riparian rights_. This is not only contrary to California law, which limits the riparian right to use on riparian land and excludes land outside the watershed from riparian status (Rancho Santa Margarita v. Vail (1938), 11 Cal.2d 501, 529, 81 P.2d 533), it is also in direct opposition to the repeated assurances, both written and oral,

3558

made by the United States during the past year that it claims no right as a riparian to use water outside the watershed.

Paragraph III of Count XXII (p. 35) describes three separate water rights said to be "in addition to the riparian rights to the use of water described above". With one exception, we adopt the "Memorandum in Support of Defendant Fallbrook Public Utility District's Motion to Dismiss Count XXII, <u>Appropriative Rights of the United States</u>", as containing appropriate references to the authorities and previous memoranda filed by the parties on this issue.

The exception is this: We believe that if, by purchasing the Rancho Santa Margarita, the United States succeeded to a valid appropriative right which the Rancho had acquired by a non-statutory appropriation prior to 1914, the United States could retain that right even though the place of use and the purpose of the use were changed (<u>cf</u>. Fallbrook Memo. p. 7). That is, as long as there had not been a cessation of the use for a period of five years and as long as the same amounts of water continued to be diverted at the same times as originally, a change of the place of use or the purpose of use would not result in a forfeiture or abandonment of the original right (Calif. Water Code, sec. 1706). Hence, <u>if</u> the Rancho Santa Margarita did acquire an appropriative water right by diverting and using water <u>within</u> the watershed, as alleged in subparagraph (c) of Paragraph III of Count XXII (p. 35, lines 23-27), the United States could change the place of use to a point outside the watershed.

However, the allegations of this subparagraph (c) of Paragraph III are insufficient to establish an appropriative right in the Rancho. Diversion and beneficial use by a riparian owner on his riparian land of even the entire flow of the stream

to which his land is riparian during periods when the other riparians on the stream have no use for the water, are an exercise of his riparian right (Rancho Santa Margarita v. Vail (1938), 11 Cal.2d 501, 555, 81 P.2d 533, 560; Joerger v. Mt. Shasta Power Corp. (1932), 214 Cal. 630, 637, 7 P.2d 706, 708; Half Moon Bay Land Co. v. Cowell (1916), 173 Cal. 543, 549, 160 Pac. 675, 678; Gould v. Eaton (1897), 117 Cal. 539, 543, 49 Pac. 577, 578). That being so, such diversion and use cannot constitute the appropriation of water. While a riparian owner is not disqualified from being an appropriator also, the same use cannot be both an exercise of the riparian right and an appropriation.

Dated: June 4, 1958.

EDMUND G. BROWN, Attorney General
of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney
General

By _Adolphus Moskovitz_
Adolphus Moskovitz
Attorneys for Defendants in
Intervention

AFFIDAVIT OF SERVICE BY MAIL

STATE OF CALIFORNIA ) ss.
COUNTY OF SACRAMENTO )

CHARLOTTE L. MORGAN, being duly sworn, deposes and says: That affiant is a citizen of the United States, over the age of 18 years, and not a party to the within action; that affiant's place of employment and business address is Library and Courts Building, Sacramento 14, California; that on the 4th day of June, 1958, affiant enclosed a true copy of the within

NOTICE OF MOTION TO DISMISS; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS AND PARAGRAPHS OF COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT RELATING TO THE ACTIVITIES OF THE CALIFORNIA STATE WATER RIGHTS BOARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT NO. XXI OF COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT RELATING TO ASSERTED PRESCRIPTIVE RIGHTS OF THE UNITED STATES; and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT NO. XXII OF COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT RELATING TO ASSERTED APPROPRIATIVE RIGHTS OF THE UNITED STATES

in an envelope for each of the persons named below, addressed to each of them at the address set out immediately below each respective name, sealed said envelope, and deposited the same in the United States Mail at the City of Sacramento, County of Sacramento, State of California, with postage thereon fully prepaid; that there is delivery service by United States Mail at each of the places so addressed, or there is regular communication by mail between the said place of mailing and each of the places so addressed:

    Mr. William H. Veeder
    Special Assistant to the
      Attorney General
    Department of Justice
    Washington, D. C.

    Mr. William H. Veeder
    Special Assistant to the
      Attorney General
    c/o United States Attorney
    Federal Courthouse
    San Diego, California

    Mr. John M. Cranston
    Special Master
    1410 Bank of America Building
    San Diego, California

    Mr. Phil D. Swing
    Swing, Scharnikow & Staniforth
    Attorneys at Law
    530 Broadway, Suite 604
    San Diego 1, California

    Mr. William H. Burby
    Attorney at Law
    535 S. Curson Avenue
    Apt. 9-D
    Los Angeles 36, California

Lt. David W. Miller, USN
Office of Ground Water Resources
Marine Corps Base
Camp Pendleton, California

Mr. Franz Sachse
Sachse and Price
Attorneys at Law
217 North Main Street
Fallbrook, California

Mr. W. R. Dennis
Attorney at Law
Route 1, Box 58
Fallbrook, California

Mr. George Stahlman
Attorney at Law
Route 1, Box 235
Fallbrook, California

Mr. George G. Grover
Clayson, Stark & Rothrock
Attorneys at Law
Security Bank Building
Corona, California

Mr. Bert Buzzini
Attorney at Law
2223 Fulton Street
Berkeley 4, California

*Charlotte L. Morgan*

Subscribed and sworn to before
me this 4th day of June, 1958.

*Laura M. Middleton*
Notary Public in and for the County
of Sacramento, State of California.