(SPACE BELOW FOR FILING STAMP ONLY)

1
2
3

G. NORMAN KENNEDY
415 SECURITY BUILDING
234 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-8144
RYAN 1-6090

# FILED

JUN 6 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By /s/
DEPUTY CLERK

4
5
6

Attorney for Defendants Ed M. Suderman
and Doris Lucille Suderman

7

8        IN THE UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10        SOUTHERN DIVISION

11

12   UNITED STATES OF AMERICA,            )        No. 1247-SD-C
                                          )
13                   Plaintiff,           )
                                          )        MEMORANDUM OF POINTS AND
14          v.                            )        AUTHORITIES IN SUPPORT OF
                                          )        MOTION FOR SUMMARY JUDGMENT
15   FALLBROOK PUBLIC UTILITY             )        BY ED M. SUDERMAN and DORIS
     DISTRICT, a public service corpor-   )        LUCILLE SUDERMAN
16   ation of the State of California, et al.,  )
                                          )
17                   Defendants.          )
     _____)

18                                I

19   ALL OPERATIVE FACTS RAISED BY THE ISSUES FORMED UNDER PLAINTIFF'S

20   COMPLAINT AND THE ANSWER OF THE DEFENDANTS ED M. SUDERMAN AND

21   DORIS LUCILLE SUDERMAN ARE DEEMED ADMITTED.

22          On May 15, 1958, movents served upon plaintiff a request for admission

23   of facts under Rule 36, Rules of Civil Procedure, requesting admissions within

24   ten (10) days after service. Plaintiff failed to make response as required by the

25   rule and is, therefore, bound by the facts set forth in the request.

26                                II

27   SUMMARY JUDGMENT LIES PROPERLY UNDER RULE 56, RULES OF CIVIL

28   PROCEDURE.

29          There is no genuine issue as to any material fact. These defendants

30   therefore are entitled to a judgment as a matter of law.

31                                III

32   THE DEFENDANTS' LANDS ARE RIPARIAN TO RAINBOW CREEK.

                                                        3616

                    MEMORANDUM OF POINTS AND AUTHORITIES

                                    -1-

A.  The term "riparian" is one of fact as opposed to "riparian rights".

       Black's Law Dictionary, 4th Ed., 1951

       Webster's New International Dictionary, 2d Ed., 1939

B.  From the fact that defendants' lands are riparian to Rainbow Creek flows their rights as riparian proprietors and their right to the beneficial use of the water of said stream.

       Calif. Const., Art. 14, §3

       Pope v. Kinman, 54 Cal. 3, 5 (1879)

C.  The riparian right is perpetual.

       Mt. Shasta Power Corp. v. McArthur, 109 Cal. App. 171, 192 (1930)

D.  The riparian right is a right of private property vested exclusively in the owner of the abutting land for use on that land.

       San Bernardino v. Riverside, 186 Cal. 7, (1921)

       Antioch v. Williams Irr. Dist., 188 Cal. 451 (1922)

E.  The right of a riparian proprietor to the flow of water is not a mere easement or appurtenance but is part and parcel of the land itself.

       Fall River Irr. Dist. v. Mt. Shasta Power Corp., 202 Cal. 56, 65 (1927)

       Hillbert v. Vallejo, 19 F. (2d) 510, 511, (C.A. 9th, 1927)

       Lux v. Haggin, 69 Cal. 255, 391 (1886)

F.  The length of frontage on the stream is immaterial.

       Rancho Santa Margarita v. Vail, 11 Cal (2d) 501, 528, 533 (1938)

G.  Whether there is sufficient water for the riparian needs of any party is immaterial in determining whether a particular parcel is riparian.

       Rancho Santa Margarita v. Vail, supra, at 501, 528, 533

Respectfully submitted,

G. NORMAN KENNEDY
Attorney for Defendants Ed M. Suderman
and Doris Lucille Suderman

3617