1 | CLAYSON, STARK & ROTHROCK
DONALD D. STARK
2 | GEORGE G. GROVER
Security Bank Building
3 | Corona, California
REdwood 7-1910
4 |
OWEN W. STRANGE
5 |
Attorneys for Defendants
6 |    KATHARINE C. GIBBON and
WILLIAM W. COTTLE
7 |

**FILED**

JUN 8- 1958

CLERK, U.S. DISTRICT COURT.
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                    DEPUTY CLERK

8 |         IN THE UNITED STATES DISTRICT COURT

9 |             SOUTHERN DISTRICT OF CALIFORNIA

10 |               SOUTHERN DIVISION

11 |

12 | UNITED STATES OF AMERICA,        )
13 |              Plaintiff,          )
14 |        v.                        )        NO. 1247-SD-C
15 | FALLBROOK PUBLIC UTILITY         )        NOTICE OF MOTION
DISTRICT et al.,                 )           TO DISMISS
16 |                                  )
17 |              Defendants.         )

18 |

19 |         To the Plaintiff above named and to J. Lee Rankin,

20 | William H. Veeder, and William E. Burby, its attorneys:

21 |         PLEASE TAKE NOTICE that, on June 16, 1958, in Courtroom

22 | No. 2 of the above-entitled Court, at the United States Custom

23 | & Court House, San Diego 1, California, at 10:00 A.M., or as

24 | soon thereafter as counsel can be heard, Defendants Katharine

25 | C. Gibbon and William W. Cottle, each acting independently

26 | of the other and independently of all the other defendants

27 | in this case, will move the above-entitled Court for an

28 | order dismissing Counts XXI, XXII, and XXIV of Plaintiff's

29 | Complaint and Supplemental and Amendatory Complaint herein,

30 | on the ground that none of said Counts states a claim on

31 | which relief can be granted.

32 |         Said motion will be made on the basis of this notice,

3684

-1-

1 | the accompanying memorandum of points and authorities, and
2 | all the other papers, exhibits, and proceedings in this case.
3 | DATED:   June 6, 1958.

CLAYSON, STARK & ROTHROCK
DONALD D. STARK
GEORGE G. GROVER
OWEN W. STRANGE

By _George G. Grover_

Attorneys for Defendants
  Katharine C. Gibbon and
  William W. Cottle

3685

1  CLAYSON, STARK & ROTHROCK
   DONALD D. STARK
2  GEORGE G. GROVER
   Security Bank Building
3  Corona, California
   REdwood 7-1910
4
   OWEN W. STRANGE
5
   Attorneys for Defendants
6    KATHARINE C. GIBBON and
     WILLIAM W. COTTLE
7

8          IN THE UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11

12  UNITED STATES OF AMERICA,      )
                                   )
13            Plaintiff,           )      NO. 1247-SD-C
                                   )
14         v.                      )      MEMORANDUM OF POINTS AND
                                   )      AUTHORITIES IN SUPPORT OF
15  FALLBROOK PUBLIC UTILITY       )      MOTION TO DISMISS COUNTS
    DISTRICT et al.,               )      XXI, XXII, and XXIV
16                                 )
            Defendants.            )
17  _____ )

18

19          The motion of Defendants Katharine C. Gibbon and William

20  W. Cottle for an order dismissing Counts XXI, XXII, and XXIV

21  of Plaintiff's Complaint and Supplemental and Amendatory

22  Complaint herein is made pursuant to Rule 12 of the Federal

23  Rules of Civil Procedure.  The specific reasons for the motion

24  with respect to each of said counts are as follows:

25                       COUNT XXI

26          Count XXI appears to be designed to present prescriptive

27  claims of Plaintiff, but in fact it fails to do so.

28          Paragraph II of said count suggests that Plaintiff has

29  prescriptive water rights for Camp Pendleton, the Naval Ammuni-

30  tion Depot, and the United States Naval Hospital.  However, it

31  is elsewhere alleged by Plaintiff (Paragraph IV of the original

32  complaint), and is an undisputed fact in this litigation, that

                              -1-

                                          3686

said Camp Pendleton, Naval Ammunition Depot, and United States

Naval Hospital are all located downstream from all other land

and water users in the watershed of the Santa Margarita River.

Accordingly, no prescriptive right against these moving

Defendants, whose land and use are upstream from said installa-

tions of Plaintiff, can have been acquired either by Plaintiff

or by any of its predecessors in interest.

> Cory v. Smith (1929),
> 206 Cal. 508, 511, 274 Pac. 969, 970-971;

> Pabst v. Finmand (1922),
> 190 Cal. 124, 128, 211 Pac. 11, 12-13;

> Holmes v. Nay (1921),
> 186 Cal. 231, 234, 199 Pac. 325, 327;

> Hutchins, "The California Law of Water Rights" (1956),
> pp. 326-330.

Paragraph III of said Count XXI suggests that Plaintiff

has prescriptive rights for certain Indian Reservations,

National Forests, and lands administered by the Bureau of Land

Management.  However, nowhere in said count is it alleged that

Plaintiff, or anyone, has ever used any water on, or in connec-

tion with, said lands.  Actual use of water for the prescriptive

period is essential to the acquisition of a prescriptive water

right.

> Northern California Power Co. v. Flood (1921),
> 186 Cal. 301, 304, 199 Pac. 315, 317;

> Moore v. California Oregon Power Co. (1943),
> 22 Cal.2d 725, 735-737, 140 Pac.2d 798, 804;

> Hutchins, "The California Law of Water Rights" (1956),
> p. 302.

### COUNT XXII

Count XXII appears to relate to claimed appropriative

rights of Plaintiff.

Paragraph I of said count states that since 1942 Plain-

tiff has used, _in addition to_ use in the exercise of its

riparian rights, the waters described in the following

3687

1    paragraphs of the supplements and amendments to its complaint,

2    and yet in the very next paragraph Plaintiff alleges diversions

3    by reason of its riparian rights.  At the very least, Plaintiff

4    should be required to clarify this confusion in Count XXII.

5         Even if it be assumed that the statement in Paragraph I

6    was not intended to refer to the diversions mentioned in

7    Paragraph II, nevertheless Paragraph I still fails to allege

8    any appropriative right.  As is more fully stated in the portion

9    of this memorandum dealing with Count XXIV, mere use since 1942

10   does not give rise to appropriative rights; Plaintiff has failed

11   to allege that it has secured a permit or a license from the

12   State.

13        Paragraph II of Count XXII expressly refers to riparian

14   rights and does nothing to aid the appropriative claims else-

15   where suggested in said count.

16        Paragraph III of Count XXII is also insufficient to show

17   the acquisition of an appropriative right:

18        (a) Although the allegations in subparagraph (a)

19   claim diversions since 1883 (and therefore before the effective

20   date of the Water Commission Act), there is no allegation that

21   the watersclaimed to have been diverted and stored in Lake

22   O'Neill were beneficially used or used at all.  Under appropria-

23   tive procedure existing before 1914, actual beneficial use was

24   essential to the creation of an appropriative right; mere

25   storage is by no means the same thing.

26        Bazet v. Nugget Bar Plasers, Inc. (1931),
         211 Cal. 607, 618, 296 Pac. 616, 621.

27

28        (b) Subparagraph (b) of Count XXII (just as in the

29   case of Paragraph I) fails to allege any diversion or use prior

30   to the effective date of the Water Commission Act and also fails

31   to allege any permit or license from the State.  As is pointed

32   out hereafter in connection with Count XXIV, since 1914 an

3688

-3-

1  appropriative right cannot be acquired except by such a permit

2  or license.

3           (c) Paragraph (c) of Count XXII appears to claim

4  that Plaintiff's predecessor acquired an appropriative water

5  right by using water within the watershed in excess of its ripar-

6  ian rights.  Even if it be assumed that such alleged use was

7  appropriative rather than riparian, and even if it be assumed

8  that Plaintiff has properly changed the place of said use to

9  locations outside the watershed, nevertheless Plaintiff has

10  failed to allege that such use prior to 1914 was beneficial,

11  and the appropriative claim is therefore fatally defective.

12       See Hutchins, "The California Law of Water Rights" (1956),
          pp. 87-89.

13

14                        COUNT XXIV

15           In Count XXIV, Plaintiff claims, by reason of the appli-

16  cation alleged to have been filed with the California Department

17  of Public Works on June 30, 1948, a storage right of 165,000

18  acre feet of water per annum from the Santa Margarita River.

19  Said alleged application may or may not fix the priority date of

20  any permit or license which may be issued to Plaintiff by the

21  State of California, but the application itself, without such a

22  permit or license, does not give Plaintiff a right to store

23  water.  Since the effective date of the California Water Com-

24  mission Act (December 19, 1914), no right to appropriate water

25  may be initiated or acquired except by compliance with the appli-

26  cable statutory requirements (now contained in the California

27  Water Code).

28       Calif. Water Code §1225;

29       Crane v. Stevinson (1936),
          5 Cal.2d 387, 398, 54 Pac.2d 1100.

30

31  An application gives no right to appropriate water.  To obtain

32

-4-

3689

1  such a right, the applicant must secure a permit or license

2  from the State.

3      See Calif. Water Code §§ 1381, 1450, 1455, 1610.

4

5                          Respectfully submitted,

6                          CLAYSON, STARK & ROTHROCK
                           DONALD D. STARK
7                          GEORGE G. GROVER
                           OWEN W. STRANGE
8

9                          By _George G. Grover_
10
                           Attorneys for Defendants
11                           Katharine C. Gibbon and
                             William W. Cottle
12

-5-

3690

# CERTIFICATE OF SERVICE

I, George G. Grover, hereby certify that I am a member of the bar of the United States District Court for the Southern District of California, and that I served the foregoing Notice of Motion to Dismiss and Memorandum of Points and Authorities upon each of the following persons by sealing one copy thereof in an envelope and depositing the same in the United States mail at Corona, California, on June 6, 1958, with postage thereon fully prepaid, addressed as follows:

Hon. John M. Cranston
Special Master
Room 1410
Bank of America Building
San Diego 1, California

J. Lee Rankin, Solicitor General
William H. Veeder
William E. Burby
Room 332
325 West "F" Street
San Diego, California

Adolphus Moskovitz
Deputy Attorney General
Library & Courts Bldg.
Sacramento, California

George Stahlman
Attorney at Law
Box 235
Fallbrook, California

Sachse & Price
Attorneys at Law
217 No. Main Street
Fallbrook, California

Bert Buzzini
Attorney at Law
2223 Fulton Street
Berkeley 4, California

W. B. Dennis
Attorney at Law
365 Broadway
Vista, California

Phil D. Swing
Attorney at Law
Suite 604
530 Broadway
San Diego 1, California

Tom Halde
Attorney at Law
Room 530
548 So. Spring Street
Los Angeles, California

DATED:   June 6, 1958.

George G. Grover
George G. Grover

3691