ASHTON, DROHAN AND MARCHETTI
ATTORNEYS AT LAW
SUITE 206
3345 NEWPORT BOULEVARD
P. O. BOX 428
NEWPORT BEACH, CALIFORNIA
ORIOLE 3-7160

Attorneys for Defendants, GILES E. WALLACE
and GWENDOLYN IONE WALLACE

FILED
JUN 9 - 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
  Plaintiff,
vs.
FALLBROOK PUBLIC UTILITIY DISTRICT, et al.,
  Defendants.

No. 1247-SD-C

ANSWER OF GILES E. WALLACE and GWENDOLYN IONE WALLACE

Come now the defendants, Giles E. Wallace and Gwendolyn Ione Wallace, and appearing for themselves alone, and not for any other defendant herein, by way of answer to plaintiff's supplementary and amendatory complaint, admit, deny and allege as follows, to wit:

FIRST DEFENSE

1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's complaint, and therefore deny each and every allegation, atter and fact contained therein, except that these defendants admit that the United States of America insituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its tributaries, declared by the court and to have the court quiet its titles to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

-1-

12479

2. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these defendants admit that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

3. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

4. For answer to Paragraph IV of plaintiff's complaint, these defendants and each of them deny each and every allegation, matter and fact contained therein, except that these defendants admit that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admit that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita River, is a non-navigable stream of fresh water which rises near or on the northerly slope of Palomar Mountain in San Diego County, California, and proceeds in a generally westerly direction for a distance of approximately eighteen miles, where it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it empties into the Pacific Ocean. Admit that said river and its tributaries flow partly on the surface and

1 partly under the surface, in well-defined channels. These defend-
2 ants and each of them further admit that after said river enters
3 the lands of the plaintiff, there are numerous underground basins
4 composed of pervious materials, sands, gravels, and other fluvial
5 deposits, the exact areas and depths of which are unknown to these
6 answering defendants; but allege that no portion of any basin which
7 underlies said river where it crosses the lands of plaintiff under-
8 lies any portion of the lands of these answering defendants. Admit
9 that said river in its course traverses approximately twenty-one
10 miles of the property of plaintiff, and that there are no water
11 users below the lands of said plaintiff on said river, and that the
12 plaintiff owns the lands traversed by said river from the point w
13 where the Santa Margarita River enters plaintiff's property to the
14 point where the river bed enters the Pacific Ocean. Deny that
15 these answering defendants or any of them have in any way encroaced
16 upon any rights plaintiff may have in or to the waters of said
17 river or that these defendants or either of them have reduced the
18 quantities of water available to plaintiff from said river or any
19 subterranean source. Deny that any acts of these answering de-
20 fendants or either of them have damaged in any way any rights or
21 property of plaintiff.
22     5. These defendants deny each and every allegation contained
23 in the allegations set forth in Paragraph V of plaintiff's com-
24 plaint, except that these defendants admit that the Rancho Santa
25 Margarita, a corporation, the predecessor in interest of the United
26 States of America, was the plaintiff in an action instituted in the
27 Superior Court of the State of California, in and for the County of
28 San Diego, No. 42850, against N. R. Vail, Mary Vail Wilkinson,
29 Mahlon Vail, Edward N. Vail, Margaret Vail Bell, the Vail Company,
30 an association of persons transacting business under that common
31 name, N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail
32 and Margaret Vail Bell, as trustees of said Vail Company, Mahlon

-3-

12481

Vail, executor of the estate of Margaret R. Vail, Deceased, and Laura Perry Vail, executrix of the estate of William Banning Vail, Deceased, Defendants; and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, executors of the will of Murray Schloss, Deceased, and Philip Playtor, interveners, which action was tried in said Superior Court and resulted in a judgment for plaintiff, which judgment was subsequently reversed by the Supreme Court of the State of California, and that thereafter the parties to said action entered into a stipulated judgment, which judgment purportedly adjudicated the rights of the parties in that action to the use of waters of the Santa Margarita River, and in this respect these defendants allege that they were not parties to said action and that they are not privies to any parties named in said action or said judgment, and that they are not bound by said stipulated action or any part thereof or the findings of fact or conclusions of law entered in said action.

6. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph VI of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein.

8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's complaint, and therefore deny each and every allegation, matter and fact contained therein, except that these answering defendants and each of them specifically deny that the plaintiff has a paramount right to any water or waters from the Santa Margarita River or any tributary thereof, and deny that plaintiff has any rights in and to the waters of the

1  Santa Margarita River or any tributary thereof other than that
2  which may accrue to plaintiff by virtue of its ownership of land
3  which is riparian to the Santa Margarita River.
4      9.  For answer to Paragraph IX of plaintiff's complaint,
5  these defendants and each of them deny each and every allegation
6  contained in said Paragraph IX and specifically deny that they have
7  in any way violated any rights of plaintiff as therein alleged, or
8  at all.  Admit that they have asserted and do not assert that their
9  rights in and to the use of water produced or extracted from the
10 lands hereinafter described are paramount to the rights of plaintiff
11 and deny that said rights were acquired subsequent to or with
12 full knowledge of the rights of the United States of America or its
13 predecessors in interest.  Admit and allege that these defendants
14 own lands located within the water shed of the Santa Margarita
15 River and its tributaries, and that they claim rights in and to
16 the waters of said stream.  Deny that these answering defendants
17 or either of them have encroached upon or are encroaching upon or
18 threaten to encroach upon any rights of plaintiff.  Deny that
19 these defendants or either of them have made any diversion or
20 diversions of the water of the Santa Margarita River upstream from
21 Camp Pendleton, or at all, but admit that their right to produce
22 or extract water from, under or upon the land owned by these
23 defendants is paramount to the rights of the United States of
24 America.
25      FOR A SECOND FURTHER AND SEPARATE AND DISTINCT DEFENSE
26      1.  These answering defendants, Giles E. Wallace and Gwendolyn
27 Ione Wallace, are now, and at the commencement of this action and
28 for a long time heretofore were the owners of, as joint tenants,
29 and entitled to the possession of approximately three hundred and
30 twenty (320) acres located in the County of San Diego, State of
31 California, as more fully hereinafter described, and that said
32 answering defendants derived their rights and ownership by mesne

-5-

12483

conveyances from the original patentees acquiring possession of said property from homestead patent from the United States Government and particularly that portion thereof recorded in Book 14 of Patents, on page 145, County Records of San Diego County, California.

That the legal description of said property is as follows:

Parcel 1.  All that real property situated in the County of San Diego, State of California, described as Lots 2 and 3, the Southwest quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter of Section 1 in Township 9 South of Range 1 west of the San Bernardino Meridian, California, containing 157 and 47/100 acres.

Parcel 2.  All that real property situated in the County of San Diego, State of California, described as the Southeast Quarter of the Northwest Quarter, the East Half of the Southwest Quarter of the Northwest Quarter, the Southwest Quarter, the Southwest Quarter of the Southwest Quarter of the Northwest Quarter, the Northwest Quarter of the Southwest Quarter and the West Half of the Northeast Quarter of the Southwest Quarter of Section 1, and the Southeast Quarter of the Southeast Quarter of the Northeast Quarter and the East Half of the Northeast Quarter of the Southeast Quarter of Section 2, in Township 9 South, Range 1 West, of the San Bernardino Meridian, California, containing 160 acres, more or less, as recorded in Book 14 of Patents on Page 145, County Records of San Diego County.

2.  That the land of these answering defendants lies within the boundaries of the Cleveland National Forest, Palomar District, in what is known as "Devil's Hole" and that a tributary of Temecula Creek traverses the property of these defendants. That these defendants, and their predecessors in interest, have developed water and water storage on said property and have used said water for domestic and agricultural purposes for many years and long prior to the acquisition of any rights by the plaintiff herein; that said development consists of approximately three (3) ponds or storage basins in which water is collected during the time of run-off and thereafter from springs originating on said property and that said

-6-

12484

water is used for domestic and irrigational purposes. That in connection with the entry of the homesteads by which title to said land was originally acquired the patentees were required by the Government of the United States to develop said land for agricultural purposes and to develop water for use thereon; that said requirement was part of the condition imposed upon the patentees to secure a Patent to said lands and that these answering defendants have acquired rights thereby and any deprivation of said rights will work a hardship and damage these defendants in a substantial amount. That these answering defendants do not presently know the exact amount of acreage suitable for irrigation constituting a portion of said property. That defendants claim the right to use any and all water which may be produced on or from said property for domestic use, for the purpose of irrigating such crops as are now being grown, or which may hereafter be grown upon said real property. That plaintiff herein claims some estate, right, title or interest in and to the waters which may be produced on or from said property hereinbefore described, adverse to these answering defendants, and each of them, but that said claims of said plaintiff are without any right whatsoever and that the defendants are entitled to the use of all waters which they may now or which they may hereafter extract or produce from said real property for beneficial use on said real property, and to the extent that these defendants own lands riparian to the Santa Margarita River and its tributaries that they have the right to the reasonable use of the waters thereof and such of its tributaries as may flow through their lands or the tributaries which may enter said river upstream from their lands, and that said right is a correlative right with the rights of plaintiff.

FOR A THIRD FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Section 318 of the Code of Civil Procedure of the

-7-

12485

State of California.

FOR A FOURTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That the cause of action set forth in plaintiff's complaint is barred by Section 319 of the Code of Civil Procedure of the State of California.

FOR A FIFTH FURTHER AND SEPARATE AND DISTINCT DEFENSE

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June, 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that these defendants, and each of them, have the right to be heard on said application, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by said Division of Water Resources, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE, these answering defendants pray that the plaintiff take nothing by this action, and that by decree of this court it be adjudged and decreed that these defendants, GILES E. WALLACE and GWENDOLYN IONE WALLACE, are the owners of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use and for agricultural use on said real property, and to take and divert any and all waters of the Santa Margarita River, and its tributaries, for domestic use or for

-8-

12486

1 agricultural use on said real property, and that said plaintiff
2 and all persons claiming under said plaintiff be forever barred
3 from asserting any rights adverse to these answering defendants,
4 and that they, and each of them, be forever barred and restrained
5 from interfering with the rights of the answering defendants to
6 divert water from the Santa Margarita River, or its tributaries,
7 for domestic use or for agricultural use on their said real prop-
8 erty or to take and divert any and all waters originating upon the
9 real property of the answering defendants, and that the defendants
10 recover their costs herein expended.

                                ASHTON, DROHAN & MARCHETTI

                                By _____Harry Ashton_____
                                Attorneys for Defendants, GILES
                                E. WALLACE and GWENDOLYN IONE
                                WALLACE

STATE OF CALIFORNIA } ss.
COUNTY OF ORANGE

GILES E. WALLACE being duly sworn, deposes and says: That he is one of the defendants in the within and above entitled action; that he has read the within and foregoing Answer of Giles E. Wallace and Gwendolyn Ione Wallace and knows the contents thereof; that the same is true of his own knowledge, except as to the matters which are therein stated on his information and belief, and as to those matters that he believes it to be true.

Subscribed and sworn to before me this 4 day of June, 1958

Giles E Wallace

Harry Ashita
(SEAL)
Notary Public in and for said County and State
My commission expires May 18, 1961.
(AFFIDAVIT OF SERVICE BY MAIL — 1013a, C. C. P.)

STATE OF CALIFORNIA } ss.
COUNTY OF Orange

Joyce Hennessey being first duly sworn says: That affiant, whose address is 3345 Newport Blvd., Newport Beach, California is a citizen of the United States, a resident of the county where the herein described mailing took place; over the age of 18 years and not a party to the above entitled action. That affiant served the attached Answer of Giles E. Wallace and Gwendolyn Ione Wallace (copy title of paper served) on the plaintiff (name of party served) in said action, by placing a true copy thereof in an envelope addressed as follows: J. Lee Rankin, William H. Veeder and William E. Burby, 1405 5th Avenue, San Diego, California (name and address as shown on the envelope) sealed and deposited on the 5 day of June, 19 58, in the United States Mail at Newport Beach, California (place of mailing, name of county) with postage fully prepaid thereon, and there is regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 5 day of June, 19 58

Harry Ashita
Joyce Hennessey
(SEAL)
Notary Public in and for said County and State
My commission expires May 18, 1961

12485