RIEDMAN, DALESSI, SHELTON & BEYER
Attorneys at Law
110 West Ocean Boulevard
Long Beach, California
Telephone: HEMLOCK 652-03
Attorneys for defendant,
LOUISE E. BELCHER

F I L E D

JUN 10 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

------

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>-vs-<br>FALLBROOK PUBLIC UTILITY DISTRICT, and those defendants listed on Exhibit A which is attached to this summons and made a part of it by reference.<br>　　　　　Defendants. | No. 1247-SD-C<br><br>ANSWER OF LOUISE E. BELCHER TO COMPLAINT, SUPPLEMENTARY AND AMENDATORY COMPLAINT<br><br>(The $W\frac{1}{2}$ of the $SE\frac{1}{4}$ of the $SW\frac{1}{4}$, Section 35, Township 6 South, Range 10 West, County of Riverside, State of California) |

　　　COMES NOW the defendant, LOUISE E. BELCHER, and answering for herself alone, admits, denies and alleges, as follows:

ANSWER TO COMPLAINT

I

　　　In answer to Paragraph II, denies that Camp Joseph H. Pendleton or the United States Naval Ammunition Depot, or the United States Naval Hospital, are establishments which are vital to the National Defense. Defendant has no information or belief

-1-

12611

on the subjects sufficient to enable her to answer the allegations in said paragraph alleging that Federal Funds in excess of $100,000,000.00 have been expended in the development of the aforesaid military estabalishments, or that the fee simple title to the properties in question now resides in the United States of America, and placing her denial on that ground denies said allegations generally and specifically. This answering defendant is informed and believes, and upon that information and belief alleges that the allegations in (c) of said paragraph that no other site on the entire West Coast provides those essential factors requisite to properly perform the functions assigned to those military establishments and the absence of any one of the essential factors would render impossible the proper performance of functions of those military establishments, are untrue and placing her denial on that ground denies said allegations therein.

III

In answer to Paragraph IV denies that there have been any encroachments by this answering defendant upon any water supply, or right to water in the plaintiffs, or that there have been any encroachments by this answering defendant by reason of salt water intrusion from the Pacific Ocean, or for any reason. Denies that two wells or any wells have been destroyed by reason of the alleged use or encroachment of the water by this answering defendant or that the entire basin or any part thereof, as stated, is threatened; denies that any quantities of water available to the United States of America from the mentioned subterranean' sources, have been reduced by reason of the activities of this answering defendant, or that there has been a reduction in surface flow of the Santa Margarita River, through any encroachment or activity of this answering defendant.

-2-

12612

### IV

This answering defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph V, and placing her denial on that ground, denies generally and specifically every allegation therein contained.

### V

Denies generally and specifically, each and every allegation contained in Paragraph VII.

### VI

Denies generally and specifically, each and every allegation contained in Paragraph VI.

### VII

Denies generally and specifically, each and every allegation contained in Paragraph VIII.

### VIII

Denies generally and specifically, each and every allegation contained in Paragraph IX.

## ANSWER TO SUPPLEMENT TO COMPLAINT

### I

Defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 in this Court, as fully as though set forth again herein.

### COUNT NO. II
### CHARGES IN STATUS SINCE THE INITIATION OF THIS ACTION

In answer to Paragraph I, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 in this Court, and her answer to Count I of plaintiff's supplement to complaint as fully as though set forth again.

-3-

12613

## COUNT NO. III

In answer to Paragraph I, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 in this Court, and her answer to Paragraph I of Count I and II of plaintiff's supplement to complaint, as fully as though set forth again.

## COUNT NO. IV

In answer to Paragraph I, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Count I, II and III of plaintiff's supplement to complaint, as fully as though set forth again.

## COUNT NO. V

In answer to Paragraph I, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Count I, II, III & IV of plaintiff's supplement to complaint, as fully as though set forth again.

## COUNT NO. VI

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 in this Court, and Paragraph I, II, III, IV and V of plaintiff's supplement to complaint, as fully as though set forth again.

## COUNT NO. VII.

In anawer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Counts I, II, III, IV, V and VI of plaintiff's supplement to complaint, as fully as though set forth again.

## COUNT NO. VIII.

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951

-4-

2614

in this court, and Paragraph I of Counts I, II, III, IV, VI, VI and VII of plaintiff's supplement to complaint, as fully as though set forth herein.

### COUNT NO. IX

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Counts I, II, III, IV VI, V, VII and VIII of plaintiff's supplement to complaint, as fully as though set forth herein.

### COUNT NO. X

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Counts I, and II of plaintiff's supplement to complaint as fully as though set forth herein.

### COUNT NO. XI

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 in this Court and Paragraph I of counts I, II, III, IV, V, VI, VII, VIII, IX and X of plaintiff's supplement to complaint as fully as though set forth herein.

II

Answering Paragraph II, denies generally and specifically each and every allegation therein contained.

### COUNT NO. XII

I

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII IX, X and XI of plaintiff's supplement to complaint as fully as though set forth herein.

-5-

12615

## II

Answering Paragraph II, alleges that she is informed and believes, and therefore alleges that the allegations of said paragraph are untrue, and placing her denial on that ground, denies generally and specifically, each and every allegation therein contained.

## III

Answering Paragraph III, this answering defendant alleges that she is informed and believes that the allegations of said paragraph are untrue, and placing her denial on that ground denies generally and specifically each and every allegation therein.

## IV

Answering Paragraphs IV, V, VI, VII and VII, this answering defendant alleges that she is informed and believes that the allegations of said paragraph are untrue, and placing her denial on that ground denies generally and specifically, each and every allegation therein.

## V

In answer to Paragraph IX of Count XII, denies generally and specifically each and every allegation contained in said paragraph.

## COUNT NO. XIII

## I

In answer to Paragraph I thereof, this answering defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI and XII of plaintiff's supplement to complaint, as fully as though set forth herein.

## II

Defendant has no information or belief on the subject to enable her to answer the allegations in Paragraphs III, IV, V or VI of Count XIII.

-6-

12616

COUNT NO. XIV

I

In answer to Paragraph I thereof, defendant incorporates by reference all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XII and XIII OF PLAINTIFF'S supplement to complaint, as fully as though set forth herein.

COUNT NO. XV

I

In answer to Paragraph I thereof, defendant incorporates by reference all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII and XIV of plaintiff's supplement to complaint as fully as though set forth herein.

II

Defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraphs II, IV, V, or VI of Count No. XV and placing her denial on that ground, denies generally and specifically, each and every allegation therein.

COUNT NO. XVI

I

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, in this Court, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and XV of plaintiff's supplement to complaint, as fully as though set forth herein.

II

This defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph II, III, IV or V and placing her denial on that ground denies generally and specifically, each and every allegation therein.

-7-

12617

COUNT NO. XVII

I

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII IX, X, XI, XII, XIII, XIV, XV and XVI of plaintiff's supplement to complaint as fully as though set forth herein.

II

Defendant denies for lack of information and belief Paragraph III, IV, V and VI and placing her denial on that ground, denies generally and specifically, each and every allegation therein.

COUNT NO. XVIII

I

In answer to Paragraph I thereof, defendant incorporates all of her answer to Plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII of plaintiff's supplement to complaint, as fully as though set forth herein.

II

This defendant has no information or belief on the subjects sufficient to enable her to answer the allegations of Paragraph II, Count XVIII alleging that the United States of America is the owner of large tracts or any tracts of land comprising the Cleveland or San Bernardino National Forest, located within the watershed of the Santa Margarita River, and placing her denial on that ground, denies generally and specifically, each and every allegation therein.

III

Defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraphs

-8-

12619

V, VI, VII, VIII, IX or X of Count XVIII, and placing her denial on that ground, denies generally and specifically each and every allegation therein.

## COUNT NO. XIX

### I

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII and XVIII of plaintiff's supplement to complaint, as fully as though set forth herein.

### II

Defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph II of Count XIX alleging that large tracts or any tracts of land owned by the United States are within the watershed of Santa Margarita River, or are traversed by the watershed line of that river, or that the area of said land is 40,700 acres or that 12,400 acres or any acres of said land are susceptible of practicable and profitable irrigation.

### III

Defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph III, IV and V of Count XIX of plaintiff's supplement to complaint, and placing her denial on that ground, denies generally and specifically every allegation therein contained.

## COUNT NO. XX

### I

In answer to Paragraph I thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951 and Paragraph I of Counts I to XIX of plaintiff's supplement to complaint in this court, as fully as though set forth herein.

-9-

12619

## COUNT NO. XXI

### I

In answer to Paragraph I thereof, defendant incorporates all of her answer to Plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I to XX of plaintiff's supplement to complaint, as fully as though set forth herein.

### II

Defendant denies generally and specifically, each and every allegation contained in Paragraph II and Paragraph III of said Count No. XXI.

## ANSWER TO AMENDMENT TO COMPLAINT

### COUNT NO. XXII

### I

In answer to Count No. XXII thereof, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I to XXI of plaintiff's supplement to complaint, in this Court, as fully as though set forth herein.

### II

In answer to Paragraph I of Count No. XXII denies this defendant has diverted, appropriated or used waters from the Santa Margarita River for any beneficial purposes, or that said water was diverted or appropriated or used under any claim of right, or that said water that is presently being diverted, appropriated or used in the exercise of any riparian rights in said Santa Margarita River, owned by the United States of America.

### III

This defendant has no information or belief on the subjects sufficient to enable her to answer the allegations of Paragraphs II of Count No. XXII, and placing her denial on that ground, denies generally and specifically, every allegation therein.

-10-

2620

### IV

In answer to Paragraphs III of Count No. XXII defendant denies that the United States of America possesses any claim or right to any riparian rights to the use of any water from any river described in said complaint, or any right to use any water in addition to any riparian rights that might be attributed to the United States of America. Defendant therefore denies generally and specifically each and every allegation contained in Paragraph III of Count No. XXII.

### COUNT NO. XXIII

### I

In answer to Paragraph I of Count No. XXIII, defendant incorporates all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I to XI of plaintiff's supplement to complaint and Paragraph I of Count XXII of plaintiff's amended complaint, in this Court, as fully as though set forth herein.

### II

Defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph II of Count No. XXIII, and placing her denial on that ground, denies generally and specifically, each and every allegation therein.

### III

Defendant denies generally and specifically, each and every allegation contained in Paragraph III of Count No. XXIII.

### COUNT NO. XXIV

### I

In answer to Count No. XXIV, Paragraph I, incorporates by reference, all of her answer to plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I to XVII of plaintiff's supplement to complaint and amended complaint, in

-11-

12621

in this Court, as fully as though set forth herein.

II

In answer to Paragraph II of Count No. XXIV denies that the United States of America has any right or is in possession of a June 30th 1948 priority, or any priority of any date for the storage right of 165,000 acre feet of water, or for any amount of water from the Santa Margarita River for any purpose.

COUNT NO. XXV

I

In answer to Paragraph I of Count No. XXV, incorporates by reference all of her answer to Plaintiff's complaint filed January 25th, 1951, and Paragraph I of Counts I to XXIV of plaintiff's supplement and amended complaint, in this Court, as fully as though set forth herein.

II

This defendant has no information or belief on the subject sufficient to enable her to answer the allegations of Paragraph II of Count No. XXV and placing her denial on that ground denies generally and specifically, every allegation therein.

WHEREFORE, defendant, LOUISE E. BELCHER, prays that plaintiff take nothing by its action; that the defendant, LOUISE E. BELCHER, be awarded her costs of suit; and for such other and further relief as this Honorable Court seems just.

RIEDMAN, DALESSI, SHELTON & BEYER

BY  /s/ [signature]

Attorneys for Defendant, LOUISE E. BELCHER

-2-

12622

plaintiff in the above entitled action, that _____ has read the foregoing certificate and knows the contents thereof, and that the same is true of _____ own knowledge.

Subscribed and sworn to before me this _____ day of _____ 19___

(SEAL) Notary Public in and for said County and State

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES } ss.

LOUISE E. BELCHER _____ being by me first duly sworn, deposes and says: that he is the defendant in the above entitled action; that he has read the foregoing answer and knows the contents thereof; and that the same is true of her own knowledge, except as to the matters which are therein stated upon her information or belief, and as to those matters he believes it to be true.

Subscribed and sworn to before me this 9th day of June 1958

SALOME LAKE
Notary Public in and for said County and State
(SEAL)

X LOUISE E. BELCHER

Received copy of the within _____ this _____ day of _____ 19___

Attorney___ for                Attorney___ for

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES } ss.

SALOME LAKE being first duly sworn, says: That affiant is a citizen of the United States and a resident of the City of Long Beach, County of Los Angeles, State of California; that affiant is over the age of eighteen years and is not a party to the within and above entitled action. That on the 9th day of June, A.D. 19 58, affiant served the within ANSWER by placing a true copy thereof in an envelope addressed to the persons whose names are set out below, at the addresses shown respectively, to wit:

NAME                               ADDRESS
J. LEE RANKIN, Solicitor General, Room 332, 325 West F Street,
San Diego, California

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States Post Office, at Long Beach, County of Los Angeles, State of California: That there is delivery service by United States mail at the place so addressed, and that there is regular communication by mail between the place of mailing and each place so addressed.

Subscribed and sworn to before me this 9th day of June 19 58

Notary Public in and for said County and State
(SEAL)

COPY RECEIVED

2623