(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK, CALIFORNIA
RANDOLPH 8-1154

Attorneys for Defendant Fallbrook
Public Utility District



IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA )
         Plaintiff, )
   vs )
FALLBROOK PUBLIC UTILITY )
DISTRICT, et al, )
         Defendants )

No. 1247-SD-C

REPLY OF DEFENDANT FALLBROOK PUBLIC UTILITY DISTRICT TO MOTION FOR SUMMARY JUDGMENT.

In reply to the Motion of the United States of America for Summary Judgment, this defendant respectfully submits the following Memorandum.

I

SUMMARY JUDGMENT IN GENERAL

Rule 56, Federal Rules of Civil Procedure prescribes the circumstances under which Summary Judgment should be granted:

> "..The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is <u>no genuine issue as to any material fact</u>....".(Emphasis added.)

The first inquiry, then is as to whether or not genuine issues of fact remain to be resolved between this defendant and the plaintiff. If such issues remain, the Motion must be denied.

-1-

9707

## II

### ISSUES OF FACT

The Motion for Summary Judgment itself makes it clear that many issues of fact remain to be resolved after all of the evidence has been taken.

A. Paragraphs V, VI and VII contain allegations regarding the now-extinct Fallbrook Irrigation District. These allegations are not covered by any pleading, pre-Trial Order, Stipulation or Admission. They are supported only by plaintiff's Exhibits M-28 and M-29. These exhibits are evidence submitted by a party to the cause. As yet no opportunity for rebuttal has been offered.

B. Paragraphs VIII and IX relate to the revocable license granted this defendant by the predecessor of plaintiff. While the terms of that License are contained in the pre-Trial Stipulation, the questions of whether or not this defendant violated its terms, whether or not it terminated upon transfer of the Rancho to the plaintiff, and its legal effect, are all issues remaining in the case. They are in part, at least, issues of fact, not law.

C. Paragraph XI of the Motion is based entirely upon Exhibit M-30. This defendant has had no opportunity to attempt to rebut that exhibit. It is assuredly not an admitted fact.

D. Paragraphs XII and XIII are half-truths and are dis-proved by facts admitted in the pre-Trial Stipulation. The documents referred to in that stipulation and filed with the Clerk disclose on their face that Application No. 11586 does include a claim for irrigation water, and that in fact a License was issued upon that application granting the diversion of water for irrigation purposes. As to Application No. 11587, the pre-Trial Stipulation and the documents on file disclose that it *was* amended. (Stipulation on Pre-Trial page 14, para. 5.).

E. Paragraphs XIV and XV contain allegations in part of fact and in part of law. Insofar as they allege a "...course of conduct..."

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

-2-

1 by this defendant there is no agreement, no admission, not even a
2 word of proof in the record as to that course of conduct.

3     F. Paragraph XXI alleges that "proof" has been made of certain
4 facts in issue. We respectfully inquire whether or not we will be
5 permitted to disagree with the testimony of Col. Robertson, and
6 offer evidence in rebuttal ? If we are permitted to do so, the
7 facts testified are abviously at issue.

8     G. Paragraph XXII discusses the same applications covered by
9 XII and XIII. We again point out that the allegations are demonst-
10 rably false on the basis of the pre-Trial Stipulation.

11     H. Paragraph XXIII discusses Application No. 12576 of the
12 United States Navy. The attention of the Court is respectfully
13 invited to paragraph 1, page 16, of the pre-Trial Stipulation. The
14 United States has never yet in these proceedings admitted even that
15 the application was in fact an application of thr United States, or
16 that in filing it the United States submitted itself to the juris-
17 diction of the State. Mr. Veeder apparently wishes to eat his cake
18 and also save it for later. He cannot make up his mind whether he
19 is claiming rights under Application 12576 or is denying the valid-
20 ity of all proceedings relating to it.

21     I. The allegations of paragraph XXV are demonstrably false by
22 stipulated facts. The attention of the Court is invited to the
23 photographic copy of the application filed with the Clerk and re-
24 ferred to in the pre-Trial Stipulations. <u>Not only is there an
25 amendment by interlineation dated 10-25-46, but the reason for the
26 amendment is made obvious by item 13 of the application which dis-
27 closes that irrigation water was applied for originally, and the
28 omission of the word "irrigation" after Item 3 was pure inadvertence</u>.

29     J. There is no evidence or admission of any kind relating to
30 the allegations of paragraphs XXVI and XXVII of the Motion. If any
31 single fact <u>is</u> in issue in this litigation it is the question of
32 whether or not the rights of the United States have been invaded.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

-3-

2709

K. In the last sentences of paragraphs XXIX and XXX the United States admits that issues of fact exist as to each of the allegations.

L. Paragraph XXXVI concerns certain correspondence between one of present counsel for this defendant and an official of the State. This defendant will offer evidence and prove:

    1. Counsel in question was neither counsel for nor an officer or director of this defendant at the time of the correspondence.

    2. The matters involved were personal, relating to a proposed private land purchase, which incidentally was never accomplished.

    3. The correspondence was undertaken without any authority, approval or consent of this defendant.

An issue of fact obviously exists.

M. Paragraph XXXVIII of the Motion is again a statement of one of the principle issues in the case. This defendant expects to put on extensive evidence bearing on the very issue stated. There is no Stipulation, admission or any other matter in the file bearing on the question.

### III

### THE MOTION MUST BE DENIED AS A MATTER OF LAW

Moore: *Federal Practice*, Vol. VI, Sec. 56.15, page 2101 et seq, states the rules as follows:

> "The function of the summary judgment is to avoid a useless trial; <u>and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact</u>. In ruling on a motion for summary judgment the court's function is to determine whether such a genuine issue exists, <u>not to resolve any factual issues</u>. (Emphasis added; citing many cases).

In the foregoing paragraphs we have listed issues of fact that appear from the Motion itself. The matter is perhaps most easily disposed of by reference to the letter of Solicitor General Rankin

-4-

LAW OFFICES
BACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

3710

to the U.S. Judge presiding in these proceedings, dated May 13, 1958. That letter transmitted a statement of proposed Issues of Law. Nothing can possibly be more clear than the fact that <u>each of the issues of law stated presumes proof of a factual predicate.</u> That factual predicate is the issue in these proceedings.

Should there be technical argument as to whether issues are of law or of fact or a combination of both, the Court's attention is invited to the fact that the United States Supreme Court has stated that the moving party has the burden of showing the absence of any genuine issue as to <u>all</u> the material facts. The court should hold the movant to a strict standard. (<u>Sartor vs Arkansas Nat. Gas Co.</u>, 1944, 321 US 620, 627; 64 SCt 724; 88 L.Ed. 967; Moore, supra, Vol. VI, Sec. 56.15(3), page 2123 et seq). The papers of the movant are to be subjected to close scrutiny; the opposing papers are to be treated indulgently. (Moore, supra, pp 2125-6; <u>Walling vs Fairmount Creamery Co.</u> CA 8th, 1943, 139 F(2d) 318.). Seldom will a summary judgment be granted in a case involving large public interest. (<u>Kennedy vs Silas Masom Co.</u>, 1948, 334 US 249; s8 SCt 641; 92 L.Ed. 784.).

V

CONCLUSION

To summarize, the test to be applied is not whether there is evidence in the file to support the motion, but <u>whether the facts are admitted.</u> The introduction of evidence by a party does not thereafter deny to the opponent the right to introduce evidence in refutation. The United States is in effect asking the Court to make a finding that all of its pleadings and all of the evidence thus far offered (this defendant has not even finished cross-examination of the government witness now on the stand) are true; not suject to contradiction; not suject to rebuttal in any form; not subject to modification or explanation. Finally, the Motion completely ignores the seven separate affirmative defenses pleaded by this defendant.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

-5-

3711

This defendant believes and alleges that the Motion of the United States discussed herein was not made in good faith, but that it was made for the sole purpose of harassing this defendant and putting it to the time and expense of drafting a reply. This defendant believes and alleges that the Motion is part and parcel of the tactics employed by counsel for the United States of burying the defendant in paper, tactics exemplified by the following:

1. Failure to answer Interrogatories submitted informally as was agreed, thus forcing defendant to a re-draft.

2. Failure to answer Interrogatories under oath, thus forcing defendant to a Motion.

3. Failure to admit the genuineness of an admitted true copy, by making the evasive answer that the document was "..not official.", thus forcing deefndant to a Motion.

4. Making demonstrably untrue statements in reply to Requests for Admissions, thus forcing defendant to proof where none should be required. For an example, please examine Reply to Request For Admissions 1, found in the Rwply of the United States dated June 4, 1958.

5. Refusal to make denials under oath as reqaired by Federal Rules. Private litigants would hesitate to make false denials because of the sanctions imposed by Rule 36 which might result in the assessment of costs and counsel fees. The United States however is exempt from such sanctions.

6. Refusal to admit or deny facts within its knowledge, even in cases where the Navy has completed and put into evidence Engineering Reports on private lands. These refuslas are the more remarkable in view of the statements of the Court at the opening of the Master's Hearings, advsing those present that such studies were available to them and offered a means of escaping the necessity of trial. Please refer to the Reply to Requests For Admissions in the case of William and Roberta Goodchap.

7. Refusing to admit or deny facts within its knowledge which

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

-6-

3712

could result in the elimination of hundreds of small users. For example please see Reply to Request For Admissions in the case of Franz R. and Rowena Sachse. In each such case the defendants are forced to a Motion.

8. Failure to make denials or admissions, but instead denying for want of information or belief, when such information is entirely available and in many cases already in evidence, thus forcing the defendants to Motions.

9. Habitually and repeatedly failing to fairly meet the inquiry as is required by Federal Rules. For example, in reply to a Request for Admissions that a reasonable irrigation use is 4.2 acre feet per acre per year, replying with an unsworn denial, rather than a statement of its contentions as to the true reasonable use. For example see file in cases of Sachse and Goodchap.

10. Refusing to supply copies of documents, forcing defendants to Motions.

These tactic are pure and un-adulterated pettifogging. Their use by counsel for the United States is a discredit to the legal profession and a disgrace to the Department of Justice.

WHEREFOR defendant Fallbrook Public Utility District respectfully moves the Court for its Order denying the Motion of the United States of America for Summary Judgment.

Dated 7 June 1958

SWING, SCHARNIKOW & STANIFORTH
SACHSE & PRICE

By /s/ [signature]
Attorneys for defendant Fallbrook
Public Utility District.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

PERSONAL
AFFIDAVIT OF SERVICE ~~XXXXXX~~—(1013a, C. C. P.)

STATE OF CALIFORNIA,
COUNTY OF San Diego } ss.   No. 1247-SD-C

FRANZ R. SACHSE, being first duly sworn, says: That affiant, whose address is

1092 S. Main Street, Fallbrook, California

is a citizen of the United States, a resident of the county where the herein described ~~mailing~~ service took place; over the age of 18 years and not a party to the above entitled action.

That affiant served the attached  Reply of Defendant Fallbrook Public Utility District to Motion for Summary Judgment
(Copy title of paper served)

on the  Plaintiff  in said action, by ~~placing a true copy thereof in an envelope addressed~~ personally serving
(Name of party served)
as follows:

1) William H. Veeder     2) Adolphus Moskovitz    3) William B. Dennis

4) John M. Cranston
(Name and address as shown on the envelope)

~~sealed and deposited~~ on the  9  day of  June , 1958, in the United States Mail at

Fallbrook, San Diego County, California
(Place of mailing, name of county)

~~with postage fully prepaid thereon, and that there is regular communication by mail between the place of mailing and the place so addressed.~~

Subscribed and sworn to before me this  9

day of  June , 1958

_Elvira C. Bergstrom_
Notary Public in and for said County and State

(SEAL)
Stuart FORM 23

My Commission expires  May 25, 1961       3714