J. Lee Rankin,
Solicitor General
Department of Justice
Washington, D. C.

Attorney for United States
  of America



IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

FILED JUN 12 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>et al.,<br><br>              Defendants. | STATEMENT OF RIGHTS TO THE USE OF WATER CLAIMED AND EXERCISED BY THE UNITED STATES OF AMERICA |

      Comes now the United States of America pursuant to the direction of this Honorable Court and makes the following statements respecting "Rights To the Use of Water Claimed and Exercised by the United States in the Santa Margarita River for Camp Pendleton outside of the watershed." They are in eight separate propositions:

### PROPOSITION NO. 1

      In that connection reference is made to those rights which are exercised:

    "1.  By changing the point of diversion and place of use
         of water under a claimed appropriative right from
         inside of the watershed to outside of the watershed."

### STATEMENT

      When the United States of America acquired the Rancho Santa Margarita fifteen years ago there passed to it invaluable rights to the use

-1-

3715

of water which are appropriative in character. Among those appropriative rights are those exercised in connection with Lake O'Neill. The priority for those rights is 1883. There are in addition direct flow rights exercised in connection with the O'Neill Ditch which have a priority of the same year as Lake O'Neill. Also, there are other direct flow appropriative rights acquired by the United States of America with the Rancho.

Proof of those rights and the measure of them will be adduced by the National Government in its case in chief. All of the appropriative rights whether acquired by the United States of America from the Rancho or through use by it subsequent to the acquisition of the Rancho may be used either inside or outside of the watershed of the Santa Margarita River. There is this sole limitation: The United States of America may not in so exercising the rights in question invade vested rights of others by placing a greater burden on the stream. Should rights be invaded by the United States of America in the exercise of those long vested appropriative rights, the owner thus invaded would be entitled to just compensation.

In 1857 California's highest Court declared: "The next question that arises in this case is, whether a party who makes a prior appropriation of water can change the <u>place</u> of its use * * *. The question can admit of but one answer. It would seem clear that a mere change in the use of water from one mining locality to another * * * would by no means affect the prior right of the party."[1]

That was the rule of law one hundred years ago - it is the law now. No sound reason exists why an owner of rights to the use of water may not change the point of diversion and place of use if the rights of others are not injured.

The principle respecting the change of point of diversion and place of use are equally application to ground water.[2] On the subject it has been stated:

---

[1]  Maeris v. Becknell, 7 Cal 261, 263 (1857)
[2]  Lodi v. East Bay Municipal Utility Dist. 7 Cal (2) 316, 60 Pac (2) 439 (1936)

-2-

"It has long been settled in this State with regard to water rights by appropriation that the appropriator may change the place of use thereof or the character of the use, without affecting his right to take it, and that other persons interested in the source from which it comes have no right to object to such changes. * * * It is also well settled that such appropriator may change the place from whence the water is taken out of the source, provided others are not injured by such change. * * * The change of place of taking becomes wrongful only in the event that others are injured thereby. These reasons are as well applicable to the taking of underground waters of any kind as to diversions from a surface stream, and we perceive no reason why the same rule should not apply equally to both." 3/

Further citation would lend nothing to this consideration. The United States of America in its use of water does not desire to invade vested rights. It asserts, nevertheless, full freedom to change point of diversion, places of use and purposes of use without limitation.

UNITED STATES OF AMERICA

_____
J. LEE RANKIN, Solicitor General

_____
WILLIAM H. VEEDER,
Attorney, Department of Justice

_____
WILLIAM E. BURBY,
Attorney, Department of Justice

Dated: June 11, 1958

---

3/ San Bernardino v. Riverside 186 Cal. 7, 28-29; 198 Pac. 784 (1921)
   See also West's Annotated California Codes, Water Code, Sec. 1700 et seq.

3717