J. LEE RANKIN,
Solicitor General
Department of Justice
Washington, D. C.

Attorney for the United States
of America



IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,)
)
           Plaintiff,)  STATEMENT OF RIGHTS TO THE USE
)  OF WATER CLAIMED AND EXERCISED
  v.)  BY THE UNITED STATES OF AMERICA
)
FALLBROOK PUBLIC UTILITY DISTRICT,)
et al.,)
           Defendants.)

      Comes now the United States of America pursuant to the direction of this Honorable Court and makes the following statements respecting "Rights To the Use of Water Claimed and Exercised by the UnitedStates in the Santa Margarita River For Camp Pendleton outside of the watershed." They are in eight separate propositions:

      "8. The acquisition by the United States of America of rights to the use of water through compliance with statutes and procedures established by the laws of California for the acquisition of rights to the use of water."

      The National Government could advise California of its needs. However, California could not veto the right of the United States of America to divert and use water from the watershed of the Santa Margarita River. A different rule would place the Federal Government at the mercy of each of the states. One state could never be empowered to determine the course adopted by the remaining forty-seven states. Thus, California's police regulations

respecting the use of water have no application to the United States of America. 1/

Our founding fathers did not equivocate when they declared in our Organic Law:

> "This Constitution and the Laws of the United States which shall be made in pursuance thereof; * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding." 2/

Chief Justice John Marshall laid to rest California's contentions here when he stated:

> "No trace is to be found in the Constitution, of an intention to create a dependence of the Government of the Union on those of the States, for the execution of the great powers assigned to it." 3/

It is inconceivable that the United States Marines would be deprived of rights to the use of water they have exercised fifteen years by a law or regulation of California. Let this fact similarly be respectfully emphasized: The United States of America does not and has not invaded any rights vested at the time it commenced its uses. Fallbrook's filing of a piece of paper with the State of California four years after the United States Marines commenced the use of water, could not, it is respectfully submitted, impair those long exercised and invaluable rights.

UNITED STATES OF AMERICA

J. LEE RANKIN, Solicitor General

WILLIAM H. VEEDER,
Attorney, Department of Justice

Dated: June 11, 1958

WILLIAM E. BURBY,
Attorney, Department of Justice

---

1/ Federal Power Commission v. State of Oregon, 349 U.S. 435, (1954)
2/ Constitution of the United States of America, Article VI, Clause 2
3/ McCulloch v. Maryland, 17 U.S. 315, 429 (1819)

-2-

3729