```
SWING, SCHARNIKOW & STANIFORTH
        ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
    SAN DIEGO 1, CALIFORNIA
         BELMONT 9-1131
```



FILED

JUN 12 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

Attorneys for Defendants Named Below

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA )
    Plaintiff ) NO. 1247-SD-C
)
vs ) ANSWER OF EARNEST M.
) LINCOLN and JULIA K.
FALLBROOK PUBLIC UTILITY DISTRICT, ) LINCOLN, also known as
a Public Service Corporation of ) JULIA WIEKE; and RHINA
the State of California, et al., )) HAMILTON TO COMPLAINT AND
) SUPPLEMENTARY AND AMENDA-
    Defendants. ) TORY COMPLAINT.
)

  Come now Defendants EARNEST M. LINCOLN and JULIA K. LINCOLN, also known as JULIA WIEKE, and RHINA HAMILTON, and answer the Complaint and Supplementary and Amendatory Complaint as follows:

          I.

  By Order Respecting Responsive Pleadings herein dated April 9, 1958 wherein all pleadings presently on file in response to the original complaint in this cause are declared to be in answer to the Complaint and Supplementary and Amendatory Complaint of the United States, these Defendants re-allege and re-aver each and every allegation in their Answer filed in this court in this case on or about February 29, 1952, and by way of reference make that Answer a part of this Answer, EXCEPT: Since the filing of said original Answer, Defendant JULIA K. LINCOLN, known as JULIA WIEKE has disposed of the following described property:

    The East Half and the Southwest Quarter of

12878

1     Section 19, Township 7 South, Range 1 East,
2     San Bernardino Base and Meridian, containing
3     485 acres, in Riverside County, California.
4 Also, these parties have exchanged Parcel 5 described in said
5 Answer for an equal area, to wit:
6     That portion of the Town of Linda Rose, as shown by
7     Map on file in Book 11, page 528 of Maps, in the office
8     of the County Recorder of the County of San Diego, by
9     metes and bounds:
10     Beginnining at the intersection of the center line of
11     Douglas Street and the Southeasterly line of Olive
12     Street; thence Southwesterly along the southeasterly
13     line of Olive Street to the Northeasterly line of
14     Hayes Avenue; thence Southeasterly along the North-
15     easterly line of Hayes Avenue to the center line of
16     Date Street; thence Northeasterly along the center
17     line of Date Street to the center line of Douglas
18     Street; thence Northwesterly along the center line
19     of Douglas Street to the point of beginning.
20
21
22                 II.
23     Answering Counts II, III, IV, V, VI, VII, VIII, IX, X, XI,
24 XII, XIII, XV, XVI, XVIII, XIX, XX, XXI, XXII, XXIV, these Defen-
25 dants are without knowledge or information sufficient to form a
26 belief as to the truth of the allegations contained therein and on
27 that ground deny each and every one of said Counts.
28                 III.
29     Answering Count XIV, these Defendants admit the allegation
30 set forth in Paragraph II thereof, bur further allege that as to
31 Paragraph I thereof, they are without sufficient knowledge or in-
32 formation to form a belief of the truth of the allegations con-
tained therein and upon that ground deny said allegations.

IV.

Answering Paragraph III of Count XXIII, these Defendants deny that a military use is a proper riparian use. As to the allegations contained in Paragraphs I and II, these Defendants lack sufficient knowledge or information upon which to form a belief, and upon that ground deny said allegations.

V.

Answering Count XXV, these Defendants admit that the claim set forth in this litigation by the United States of America far exceeds the available supply of water in the Santa Margarita River; Allege that these claims have put a cloud upon the right and title of these defendants to use a reasonable share of the waters of the Santa Margarita River and its tributaries beneficially upon their said lands which are riparian thereto.

Deny that these Defendants or either of them have exercised or are presently exercising rights to the use of the waters of the Santa Margarita River or its tributaries in a manner that invades or threatens to invade the rights of the United States of America. As to the remainder of the allegations contained in said Count XXV, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground deny each and every of said allegations.

WHEREFORE, these Defendants pray:

1. That Plaintiff take nothing by its action.
2. That Defendants EARNEST M. LINCOLN, JULIA K. LINCOLN and RHINA HAMILTON be found and declared to be the owners, as against Plaintiff, of the right to beneficially use upon the lands described in the Answer, a reasonable amount of the waters of Warm Springs Creek and Murrieta Creek and of the waters percolating under their said lands up to the amount of one hundred (100) acre feet per annum which said right be declared to

be paramount to any and all of Plaintiff's rights. That said defendants also be found and declared to be the owners, as against Plaintiff, of the right to divert from said creeks, for use on their said property and to pump from the percolating water underneath their said lands for beneficial use thereon, up to fifteen hundred (1500) acre-feet of water per annum which said right be declared to be correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands, but that these defendants' said rights be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

3. That Defendants RHINA HAMILTON and JULIA K. LINCOLN be foubd and declared to be the owners, as against Plaintiff, of the right to divert and beneficially use upon the lands described in the Answer herein of a reasoable amount of the waters of the unnamed creeks and water courses upon said property and to pump from the percolating water underlying said lands for beneficial use thereon up to the amount of fifteen hundred (1500) acre-feet of water per annum, which right be declared to be correlative with the right of plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes upon its riparian lands but that said right be declared to be paramount to all other rights and claims of Plaintiff in and to said waters.

4. That the Defendant RHINA HAMILTON be found and declared to be the owner, as against the Plaintiff, of the right to divert and beneficially use upon the

-4-

12881

      lands described in the Answer, a reasonable amount of the underground percolating water and the flow of the Warm Springs Creek for use on said lands, up to the amount of ninety-five (95) acre-feet per annum which right be declared to be correlative with the right of Plaintiff to take and use a reasonable amount of the waters of the Santa Margarita River for riparian purposes and uses upon ots riparian lands but that this Defendant's said right be declared to be paramount to all other rights or claims of Plaintiff in and to said waters.

6. That these Defendants have judgment for their costs imcurred herein and for such other and further relief as may to the Court seem meet and proper.

DATED: June 10 1958.

      SWING, SCHARNIKOW & STANIFORTH

      BY *Phil D. Swing*
      Attorneys for Defendants
      EARNEST M. LINCOLN and JULIA
      LINCOLN, also known as JULIA WIEKE;
      and RHINA HAMILTON

-5-