DAVIDSON & RUSS
Attorneys at Law
16405 South New Hampshire Ave.
Gardena, California

DAvis 9-1904 or FAculty 1-0853

FILED
JUN 12 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,
vs.
FALLBROOK PUBLIC UTILITY DISTRICT, ET AL,
    Defendants,

CIVIL NO. 1247 - SD - C

ANSWER TO COMPLAINT AND SUPPLE-
MENTARY AND AMENDATORY COMPLAINT
OF CARL P. PURSCHE AND ROY C.
PURSCHE.

Defendants Carl P. Pursche and Roy C. Pursche answer Plaintiffs complaint and Supplementary and Amendatory Complaint as follows:

I

Defendants have no information or belief sufficient to enable them to answer the allegations of Paragraphs II, III, and VII of the original Complaint and basing their denial upon that ground, deny all allegations in said paragraphs contained.

II

Answering the allegations of Paragraph IV, defendants deny that any conduct of these answering defendants threatens the destruction of the basin referred to in said paragraph or damages the plaintiff in any manner; Defendants have no information or belief sufficient to enable them to answer the remaining allegations of said paragraph and basing their denial on that ground, deny all of said allegations.

INDEXED

RECEIVED

12892

### III

Answering the allegations of Paragraphs V and VI, deny that the litigation and/or the stipulated judgment referred to in said paragraphs are binding upon or in any manner affect the rights of these answering defendants, and deny that the plaintiff is entitled to any rights, titles, interests, or privileges as against any of the answering defendants by reason thereof; Defendants have no information or belief sufficient to enable them to answer the remaining allegations of said paragraph and basing their denial on that ground, deny all of said allegations.

### IV

Answering the allegations of Paragraph VIII, admit that the plaintiff makes the claims and assertions specified in said paragraph; defendants have no information or belief sufficient to enable them to answer the remaining allegations of said paragraph and basing their denial on that ground, deny all of said allegations.

### V

Answering the allegations of Paragraph IX, deny that any action or conduct of any of these answering defendants has caused the plaintiff any damage or has contributed to any of the injuries alleged in said paragraph; Defendants have no information or belief sufficient to enable them to answer the remaining allegations of said paragraph and basing their denial on that ground, deny all of said allegations.

#### ANSWER TO SUPPLEMENT TO COMPLAINT
#### Answer to Counts Nos. I to SIV, Inclusive

### I

In answer to Counts I to XIV, inclusive, of the Supplement to plaintiff's Complaint, defendants hereby incorporate by reference Paragraphs I to V, inclusive, of the above Answer to plaintiff's original Complaint.

II

Defendants admit that the plaintiff makes the contentions set forth in said counts; deny that any actions of these answering defendants have injured plaintiff; and have no information or belief sufficient to enable them to answer any of the remaining allegations in any of said counts contained and basing their denial on that ground, deny all of said allegations not hereinabove expressly admitted or denied.

### Answer to Counts Nos. XV-XXI, Inclusive

I

Defendants hereby incorporate by reference Paragraphs I and II of their Answer to Counts I to XIV, inclusive

II

Defendants deny each and every allegation contained in Paragraphs II and III of Count XXI.

III

Defendants admit that plaintiff owns certain tracts of land comprising the Cleveland and San Bernardino National Forests which are administered by the Bureau of Land Management of the Department of the Interior, which tracts are within the watershed of the Santa Margarita River; admit the allegations with the reference to the flow of Temecula Creek and its tributaries; admit that the exhibits mentioned in said Counts are attached to the Complaint; admit that the United States of America makes the contentions set forth in Counts XVIII, XIX, and XX; Defendants have no information or belief sufficient to enable them to answer the remaining allegations in said Counts XV to XXI, inclusive, and basing their denial on that ground, deny all of said allegations.

### ANSWER TO AMENDMENT TO COMPLAINT
### Answer to Counts Nos. XXII to XXV, Inclusive

I

Defendants hereby incorporate by reference Paragraphs I, II

-3-

12891

1 and III of their Answer to Counts XV to XXI, inclusive.

II

Defendants deny the allegations of Paragraphs I and II of Count XXII.

III

Defendants admit that plaintiff makes the contentions set forth in Paragraph III of Count XXII; deny each and every allegation in said paragraph contained except as hereinabove admitted.

IV

Defendants admit that plaintiff makes the contentions set forth in Counts XXII to XXV, inclusive; admit that the application referred to in Paragraph II of Count XXIV was filed and in this connection allege that said application was rejected and denied by the State Board of Water Rights of the State of California on April 10, 1958; admit that these answering defendants claim the right to use of water specified in the Affirmative Statement of Rights hereinbelow set forth; deny that any claim of these defendants invades any rights of the United States of America; deny the allegations of Count XXI except as hereinabove expressly admitted.

V

Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in said counts and basing their denial upon that ground, deny all of the allegations not hereinabove expressly admitted or denied.

FIRST AFFIRMATIVE DEFENSE

I

These answering defendants own sixty acres of land situated within the watershed of the Cleveland Nat'l Forest, legally described as follows:

    Lot 12 and the North one half of Lot 11, Section 21, Township 9, South Range 2, East, S.B.B.M., State of California, in the County of San Diego.

12895

-4-

II

This land is riparian and all 60 acres are tillable and usable also for grazing cattle and for raising turkeys, chickens and fowl; that Defendants, as riparian owners are entitled to a reasonable use of the waters of said Rattlesnake Creek, tributary to Temecula Creek and other watershed from the Cleveland National Forest for domestic and irrigation uses.

SECOND AFFIRMATIVE DEFENSE

I

Defendants incorporate herein Paragraphs I and II of their First Affirmative Defense.

II

That Defendants on licensees permitted to use waters arising upon the Cleveland National Forest by virtue of application No. 1161 filed September 26, 1945 with the State of California and pursuant terms of permit No. 6499 granted March 18, 1946, copies of which are attached and made a part hereof.

THIRD AFFIRMATIVE DEFENSE:

I

Defendants incorporate herein Paragraphs I and II of their First Affirmative Defense.

II

Defendants allege, upon information and belief, that waters from the said Cleveland National Forest have been actively used, continuously, openly, adversely and notoriously by defendants Predecessors in interest from ever since the date of purchase of said land from the United States Government, and Defendants have so used said waters since owning said land; that Defendants will ask to amend their answer in this respect upon ascertainment of the true facts.

III

That Defendants and predecessors in interest have so used

-5-

12895

waters, both above and from underground, in the manner described in Paragraph II of this Third Affirmative Defense.

### FOURTH AFFIRMATIVE DEFENSE

I

Defendants incorporate herein Paragraphs I and II of their First Affirmative Defense.

II

Defendants further allege that waters exist beneath the surface of Defendant's realty: that wells have been drilled and one well has been used continuously with the land and other wells will be drilled in the future for securing the use of said underground waters for domestic and irrigation use for said realty.

WHEREFORE, Defendants pray

1. That Plaintiff take nothing

2. That Plaintiffs complaint be dismissed as against these Defendants.

3. That Defendants rights to water, as hereinabove set forth, be quieted as against Plaintiff and all other Defendants in this action.

4. For such other and further relief as the Court may deem proper.

DATED   June 2, 1958

DAVIDSON & RUSS
by Donald H. Davidson
Attorney for Defendants

-6-

12897

STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC WORKS
DIVISION OF WATER RESOURCES
STATE ENGINEER

# ORDER

APPLICATION 1371        PERMIT 7599        LICENSE

### ORDER GRANTING EXTENSION OF TIME WITHIN WHICH
### TO COMPLETE CONSTRUCTION AND USE

WHEREAS good cause has been shown wherefore an extension of time should be allowed for the completion of construction work and the application of the water to complete beneficial use under the above-numbered application and permit,

NOW THEREFORE IT IS ORDERED that an extension of time be and the same is hereby granted until December 1, 1956, within which to complete construction work and apply the water to complete beneficial use under said application and permit.

WITNESS my hand and the seal of the Department of Public Works of the State of California this 14th day of January, 1954.

A. D. EDMONSTON, STATE ENGINEER



By _____
Harvey O. Banks
Assistant State Engineer

APPLICATION 11161    PERMIT 6499    LICENSE

## ORDER GRANTING EXTENSION OF TIME WITHIN WHICH
## TO COMPLETE CONSTRUCTION AND USE

WHEREAS good cause has been shown wherefore an extension of time should be allowed for the completion of construction work and the application of the water to complete beneficial use under Application 11161, Permit 6499,

NOW THEREFORE IT IS ORDERED that an extension of time be and the same is hereby granted until December 1, 1953, within which to complete construction work and apply the water to complete beneficial use under said application and permit.

WITNESS my hand and the seal of the Department of Public Works of the State of California this 11th day of December, 1950.

A. D. Edmonston
State Engineer

FORM 100

DIVISION OF WATER RESOURCES
STATE ENGINEER

# ORDER

APPLICATION 11101        PERMIT 6479        LICENSE

## ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO COMPLETE CONSTRUCTION AND USE

WHEREAS good cause has been shown wherefore an extension of time should be allowed for the completion of construction work and the application of the water to complete beneficial use under Application 11101 Permit 6479.

NOW THEREFORE it is hereby ordered that an extension of time be and the same is hereby granted until December 1, 1950 within which to complete construction work and to apply the water to complete beneficial use under said application and permit.

WITNESS my hand and the seal of the Department of Public Works of the State of California this 1st day of December, 1948.

Edward Hyatt, State Engineer



FORM 100

[For full information concerning the filling out of this form, refer to Regulation 4 of Rules and Regulations Governing the Appropriation of Water.]

## STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC WORKS
### DIVISION OF WATER RESOURCES
#### STATE ENGINEER

Application No. 11161  Filed September 26, 1945 at 9:33 A.M.

NOV 5 1945  AMENDED APPLICATION RECEIVED

# APPLICATION TO APPROPRIATE UNAPPROPRIATED WATER

This application involves in no way the right to construct a dam

I, Adalbert V. Stuber,

of Warners Springs, c/o U.S. Forestry Service, County of San Diego,

State of California, do hereby make application for a permit to appropriate the following described unappropriated waters of the State of California, SUBJECT TO EXISTING RIGHTS:

## Source, Amount, Use and Location of Diversion Works

1. The source of the proposed appropriation is Rattlesnake Canyon located in San Diego County, tributary to Temecula Creek.

2. The amount of water which applicant desires to appropriate under this application is as follows:

   (a) For diversion to be directly applied to beneficial use without storage 1 Statute Miner's Inch second, to be diverted from January 1 to December 31 of each season.

   (b) For diversion to be stored temporarily and later applied to beneficial use _____ acre-feet per annum, to be collected between _____ and _____ of each season.

3. The use to which the water is to be applied is Domestic and Irrigation purposes.

4. The point of diversion will be located from 1/4 Cor. between Sec. 21 and Sec. 28 running South 260' thence West 1050' being within the NE¼ of NW¼ of Section 28, Tp. 9 S, R. 2 E, S.B.B.& M, in the County of San Diego.

5. The main conduit terminates in SE¼ of NW¼ of Sec. 21, Tp. 9 S, R. 2 E, S.B. M.

## Description of Diversion Works

NOTE.—An application can not be approved for an amount greatly in excess of the estimated capacity of the diversion works.

6. Intake or Headworks (fill only those blanks which apply)

   (a) Diversion will be made by pumping: Capacity of plant _____ gallons per minute.

   (b) Diversion will be by gravity, the diverting dam being 1.5 feet in height (stream bed to level of overflow); 15 feet long on top; and constructed of concrete.

   (c) The storage dam will _____ feet in height (stream bed to overflow level); _____ feet long on top; have a freeboard of _____ feet, and be constructed of _____.

7. Regulation Storage Reservoir of cement

The storage reservoir will flood lands in SE¼ of NW¼ of Sec. 21

It will have a surface area of 20' square acres, and a capacity of 15,000 Gallons

FORM 1

9. Conduit System (describe main conduits only)

(a) Canal, ditch, flume: Width on top (at water line) _____ feet; width at bottom _____
<br>*Cross out two not used*

_____ feet; depth of water _____ feet; length _____ feet; grade _____ feet per 1,000 feet; material of construction _____
<br>*Earth, rock, timber, etc.*

(b) Pipe line: Diameter __2__ inches; length __1200__ feet; grade __30__ feet per 1,000 feet; total fall from intake to outlet __32__ feet; kind __Galv. iron__
<br>*Riveted steel, cement, wood stave, etc.*

NOTE— If a combination of different sizes or kinds of conduit is to be used, attach extra sheets with complete description, also show location of each clearly on map.

9. The estimated capacity of the diversion works proposed is __41,500 gallons per day__
<br>*State cubic feet per second or gallons per minute*

The estimated cost of the diversion works proposed is __$1,000__
<br>*Cost of intake, headworks, pumps, storage reservoirs and main conduits described herein*

## Completion Schedule

10. Construction work will begin on or before __December, 1945.__

Construction work will be completed on or before __June, 1947.__

The water will be completely applied to the proposed use on or before __January, 1948.__

## Description of Proposed Use

11. Place of Use. __Irrigation 15 acres in SE¼ of SW¼ Sec. 21, T 9 S, R 2 E, S.B.B. & M. and domestic use in same area.__
<br>*State 40 acre subdivisions as per the public land survey. If area is unsurveyed indicate the location as if lines of the public land survey were projected. In the case of irrigation use state the number of acres to be irrigated in each forty-acre tract, if space permits. If space does not permit listing all 40-acre tracts, describe area in a general way and show detail upon map. These blanks need not be filled in when municipal use is proposed.*

Does applicant own the land whereon use of water will be made? __Yes__
<br>*Yes or No*

If applicant does not own land whereon use of water will be made, state what arrangements have been made with owner.

12. Domestic Use. Domestic use is proposed as follows: __stock water, household use, small garden 1/2 acre.__
<br>*Describe nature of use which may include stock water and the irrigation of domestic gardens not exceeding one-half acre each in area connected with place of residence*

The amount for which application is made was determined by __similar use of irrigating water at Oak Grove Ranger Station__
<br>*Describe basis of quantity needed*

13. Irrigation Use. The area to be irrigated is __15__ acres
<br>*State net acreage to be irrigated*

The segregation of acreage as to crops is as follows: Rice _____ acres; alfalfa _____ acres; orchard __10__ acres; general crops __5__ acres; pasture _____ acres.
<br>NOTE.—Care should be taken that the various statements as to acreage are consistent with each other, with the statement in Paragraph 11, and with the map.

The irrigation season will begin about __April 1st__ and end about __October 31st__
<br>*Beginning date each season     Closing date each season*

The land to be irrigated has __no other__ water right or source of water supply other than that herein applied for. The nature and amount of the additional supply referred to is _____

14. Power Use. The total fall to be utilized is _____ feet.
<br>*Difference between nozzle or draft tube water level and first free water surface above*

The maximum amount of water to be used through the penstock is _____ cubic feet per second.

The maximum theoretical horsepower capable of being generated by the works is _____ horsepower.
<br>*Second feet X fall ÷ 8.8*

The use to which the power is to be applied is _____
<br>*For distribution and sale or private use, etc.*

The nature of the works by means of which power is to be developed is _____
<br>*Turbine, Pelton wheel, etc.*

The size of nozzle to be used is _____ inches.



ATTACH EXTRA SHEETS HERE

15. **Municipal Use.** This application is made for the purpose of serving _____ having a present population of _____. The estimated average daily consumption during the month of maximum use at the end of each five-year period until the full amount applied for is put to beneficial use is as follows:

16. **Mining Use.** _____

The method of utilizing the water is _____

It is estimated that the ultimate water requirement for this project will be _____

The water will / will not be _____

and it will / will not be returned to _____ in _____

Sec. _____, Tp. _____, R. _____, M.

17. **Industrial Use.** _____

The amount for which application is made was determined by _____

18. **Recreational Use.** _____

The amount for which application is made was determined by _____

## General

19. Are the maps as required by the Rules and Regulations filed with Application? _____ If not, state specifically the time required for filing same.

20. Does the applicant own the land at the proposed point of diversion? _____ If not, state what steps have been taken to secure right of access thereto. _____ Forest Service

21. What is the name of the post office nearest used by those living near the proposed point of diversion? _____

22. What are the names and addresses of claimants of water from the source of supply below the proposed point of diversion? _____

APPLICANT MUST NOT FILL IN

# PERMIT No. 6499

This is to certify that the application of which the foregoing is a true and correct copy has been considered and is hereby approved SUBJECT TO VESTED RIGHTS and the following limitations and conditions:

1. The amount of water appropriated shall be limited to the amount which can be beneficially used, and shall not exceed one statute miner's inch or approximately sixteen thousand (16,000) gallons per day from January 1 to December 31 of each season.

   In case of rotation the total bona fide continuous flow allowance for any thirty day period may be diverted in a shorter time if there be no interference with other vested rights.

2. The maximum amount herein stated may be reduced in the license if investigation so warrants.

3. Actual construction work shall begin on or before       July 1, 1946       and shall thereafter be prosecuted with reasonable diligence, and if not so commenced and prosecuted this permit may be revoked.

   *Amended by order of_____*
4. Said construction work shall be completed on or before       December 1, 1948

   *Amended by order of_____*
5. Complete application of the water to the proposed use shall be made on or before   December 1, 1949

6. Progress reports shall be filed promptly by permittee on forms appropriate to the purpose which will be provided annually by the State Engineer until license is issued.

7. All rights and privileges under this permit, including method of diversion, method of use, and quantity of water diverted, are subject to ... through the State Engineer in accordance with law and in the interest of ... reasonable method of use or unreasonable method of diversion of water.

[faded closing paragraphs and signature block]

Witness ... and the seal of the Department of Public Works of the State of California this ... day of ... 1946

EDWARD HYATT
State Engineer

## IMPORTANT
### [Please Read Carefully]

All the terms and conditions of this permit... construction work must be prosecuted with diligence... the water promptly... the Engineer... fully chargeable... the State Engineer...

...the applicant... vested right, but *if the terms and conditions of the permit are observed*... the diversion and application of the water—the extent of the right to be determined by a field investigation... representative of the State Engineer.

No change in point of diversion or place of use can be made under this application and permit, without the consent of the State Engineer.

If the rights under this permit are assigned, immediate notice to that effect with the name and address of the new owner should be forwarded to the State Engineer, Sacramento, California.

*Please advise immediately of any change of address.* Until otherwise advised communications will be sent to the address used in the letter transmitting this permit.

STATE OF CALIFORNIA } ss.
COUNTY OF LOS ANGELES }

**CARL F. PURSCHE and ROY C. PURSCHE**

being by me first duly sworn, deposit and say that they ~~we~~ are the defendants

in the above entitled action; that ~~I~~ ~~we~~ have read the foregoing **Answer to Complaint and Supplementary and Amendatory Complaint** and know the contents thereof; and that the same is true of their own knowledge, except as to the matters which are therein stated upon their information or belief, and as to those matters they believe it to be true.

Subscribed and sworn to before me this

day of June 7, 19 58

_____
Notary Public in and for said County and State of California
(SEAL)

Carl F. Pursche
Roy C. Pursche

Received copy of the within _____ this _____ day of _____ 19__
_____
Attorney for

Received copy of the within _____ this _____ day of _____ 19__
_____
Attorney for

(AFFIDAVIT OF SERVICE BY MAIL — 1013a, C.C.P.)

STATE OF CALIFORNIA } ss.
COUNTY OF LOS ANGELES }

**Anita McLaughlin** being first duly sworn says: That affiant is a citizen of the United States and a resident of the county aforesaid; that affiant is over the age of eighteen years and is not a party to the within above entitled action; that affiant's business address is: **10405 S. New Hampshire, Gardena, California**

that on **June 11, 1958** affiant served the within **Answer to complaint and supplementary and amendatory complaint** on the **Solicitor General** in said action, by placing a true copy thereof in an envelope addressed to the attorney of record for said **plaintiff** at the office address of said attorney, as follows: **J. Lee Rankin, Solicitor General, Room 332, 325 West F. Street, San Diego, California**

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States mail at the city where is located the office of the attorney for the person by and for whom said service was made. That there is delivery service by United States mail at the place so addressed, or there is a regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 11
day of June 19 58

_____        Anita McLaughlin
Notary Public in and for said County and State of California
(SEAL)

* Here quote from envelope name and address of addressee.
** When the letter is addressed to a post office other than where mailed from, strike out "and," when addressed to the same city where mailed from, strike out "or."

2907