1  RANDOLPH KARR,
   ROY JEROME,
2  HAROLD S. LENTZ,
   65 Market Street,
3  San Francisco 5, California.
   Telephone: DOuglas 2-1212
4
   Attorneys for Defendant
5  Southern Pacific Land Company

FILED

JUN 12 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
           Plaintiff,      )   CIVIL NO. 1247-SD-C
    v.                     )
FALLBROOK PUBLIC UTILITY   )
DISTRICT, ET AL.,          )
           Defendants.     )

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY
COMPLAINT OF SOUTHERN PACIFIC LAND COMPANY

The defendant Southern Pacific Land Company, a corporation, severing from its co-defendants and for itself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admits, denies, and alleges:

ANSWER TO ORIGINAL COMPLAINT

I.

This answering defendant has no information or belief sufficient to enable it to answer the allegations of Paragraphs II and VII of the original Complaint and, basing its denial upon that ground, denies all allegations in said paragraphs contained.

II.

Answering the allegations of Paragraph IV, defendant denies that any conduct of this answering defendant threatens the destruction of the basin referred to in said paragraph or damages the plaintiff in any manner.

INDEXED

COPY RECEIVED

12804

-1-

III.

Answering the allegations of Paragraphs V and VI, denies that the litigation and/or the stipulated judgment referred to in said paragraphs are binding upon or in any manner affect the rights of this answering defendant, and denies that the plaintiff is entitled to any rights, titles, interests, or privileges as against the answering defendant by reason thereof.

IV.

Answering the allegations of Paragraph VIII, admits that the plaintiff makes the claims and assertions specified in said paragraph; this answering defendant has no information or belief sufficient to enable it to answer the remaining allegations of said paragraph and, basing its denial on that ground, denies all of said allegations.

V.

Answering the allegations of Paragraph IX, denies that any action or conduct of this answering defendant has caused the plaintiff any damage or has contributed to any of the injuries alleged in said paragraph; this answering defendant has no information or belief sufficient to enable it to answer the remaining allegations of said paragraph and, basing its denial on that ground, denies all of said allegations.

ANSWER TO SUPPLEMENT TO COMPLAINT

Answer to Counts Nos. I to XIV, Inclusive

I.

In answer to Counts I to XIV, inclusive, of the Supplement to plaintiff's Complaint, this answering defendant hereby incorporates by reference Paragraphs I to V, inclusive, of the above Answer to plaintiff's original Complaint.

II.

This answering defendant admits that the plaintiff makes the contentions set forth in said counts; denies that any actions of

this answering defendant have injured plaintiff; and has no information or belief sufficient to enable it to answer any of the remaining allegations in any of said counts contained and, basing its denial on that ground, denies all of said allegations not hereinabove expressly admitted or denied.

### Answer to Counts Nos. XV-XXI, Inclusive

I.

This answering defendant hereby incorporates by reference Paragraphs I and II of its Answer to Counts I to XIV, inclusive.

II.

This answering defendant denies each and every allegation contained in Paragraphs II and III of Count XXI.

III.

The defendant admits that plaintiff owns certain tracts of land comprising the Cleveland and San Bernardino National Forests which are administered by the Bureau of Land Management of the Department of the Interior, which tracts are within the watershed of the Santa Margarita River; admits the allegations with reference to the flow of Temecula Creek and its tributaries; admits that the exhibits mentioned in said Counts are attached to the Complaint, admits that the United States of America makes the contentions set forth in Counts XVIII, XIX, and XX; this answering defendant has no information or belief sufficient to enable it to answer the remaining allegations in said Counts XV to XXI, inclusive, and basing its denial on that ground, denies all of said allegations.

### ANSWER TO AMENDMENT TO COMPLAINT
### Answer to Counts Nos. XXII to XXV, Inclusive

I.

This answering defendant hereby incorporates by reference Paragraphs I, II and III of its Answer to Counts XV to XXI, inclusive.

-3-

II.

This answering defendant denies the allegations of Paragraphs I and II of Count XXII.

III.

This answering defendant admits that plaintiff makes the contentions set forth in Paragraph III of Count XXII; denies each and every allegation in said paragraph contained except as hereinabove admitted.

IV.

This answering defendant admits that plaintiff makes the contentions set forth in Counts XXII to XXV, inclusive; admits that the application referred to in Paragraph II of Count XXIV was filed and in this connection alleges that said application was rejected and denied by the State Board of Water Rights of the State of California on April 10, 1958; admits that this answering defendant claims the right to the use of water specified in the Affirmative Statement of Rights hereinbelow set forth; denies that any claim of this defendant invades any rights of the United States of America; denies the allegations of Count XXI except as hereinabove expressly admitted.

V.

This answering defendant has no information or belief sufficient to enable it to answer the remaining allegations contained in said counts and, basing its denial upon that ground, denies all of the allegations not hereinabove expressly admitted or denied.

SEPARATE DEFENSES TO ORIGINAL COMPLAINT,
SUPPLEMENT TO COMPLAINT, AND AMENDMENT TO COMPLAINT

The rights sought by plaintiff are arbitrary and unreasonable and are, therefore, invalid under the fifth amendment of the United States Constitution, which provides in part:

". . . nor [shall any person] be deprived of life, liberty, or property, without due process of law; . . . ."

The rights sought by plaintiff are arbitrary and unreasonable

-4-

12807

and are, therefore, invalid under Section 13 of Article I of the Constitution of the State of California, which provides in part:

". . . . No person shall . . . be deprived of life, liberty, or property without due process of law."

The rights sought by plaintiff and the proceeding or proceeding further with the present matter or action will confiscate the defendant Southern Pacific Land Company's property and deprive the defendant Southern Pacific Land Company of its property without due process of law, all contrary to the provisions of the fifth and fourteenth amendments to the Constitution of the United States, and Sections 13 and 14 of Article I of the California Constitution.

Also, the rights sought by plaintiff and the proceeding or proceeding further with the present matter or action will operate:

a. To deprive defendant Southern Pacific Land Company of its property without due process of law or just compensation; and

b. To subject defendant Southern Pacific Land Company and its property to undue, unreasonable, and excessive burdens,

in violation of the Constitutions of the United States and the State of California.

AFFIRMATIVE STATEMENT OF RIGHTS

I.

This answering defendant owns 1,961.53 acres of land situated within the watershed of the Santa Margarita River, in the County of Riverside, State of California, more particularly described as follows:

Section 21, Township 7 South, Range 1 East, S.B.M.;
East half of Section 35, Township 7 South, Range 1 East, S.B.M.;
Northwest quarter of northwest quarter of said Section 35;
South half of Northeast quarter of Section 5, Township 7 South, Range 3 East, S.B.M.;

-5-

1  Northwest quarter of said Section 5;
2  North half of Southwest quarter of said Section 5;
3  Southeast quarter of said Section 5;
4  North half of Section 11, Township 7 South, Range 3 East, S.B.M.;
5  North half of South half of said Section 11.

Section 21 is subject to a grazing lease and the Northwest quarter of the Southwest quarter of Section 5 is subject to a license to State of California for operation and maintenance of quail drinking devices.

II.

This defendant claims the right to use such water from all sources within the limits of the Santa Margarita watershed as it may require in the use of the above described property whether as riparian owner or as overlying owner of the above property.

WHEREFORE, this defendant prays that plaintiff take nothing against it by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against this defendant; that defendant's right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

Dated:  June 10, 1958.

RANDOLPH KARR
ROY JEROME
HAROLD S. LENTZ
BY _Randolph Karr_
Attorneys for Defendant
Southern Pacific Land Company.