J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for the United States
 of America


FILED
JUN 16 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,  )
                           )   No. 1247-SD-C
            Plaintiff,     )
                           )
      v.                   )   RESPONSE TO MEMORANDUM IN SUPPORT
                           )      OF MOTION TO DISMISS
FALLBROOK PUBLIC UTILITY DISTRICT, )
et al.,                    )
                           )
            Defendants.    )

INTRODUCTION

At the outset it is essential briefly to review the basic tenets of the law respecting motions to dismiss. They are very clear, being designed primarily to facilitate the trial of genuine issues and to avoid dilatory tactics by those who would avoid coming to trial. When those principles are applied to the Utility District's motions, it is very clear, it is respectfully submitted, that they are without merit.

In regard to the sufficiency of the statement of the claims contained in each Count, this pertinent statement has been made: "There is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim."[1] Again, this authoritative statement has been made on the

---

1/ Continental Collieries v. Shober, 130 F.2d 631, 635 (C.A. 3, 1942).

-1-

3843

subject: "Our duty * * * is to consider whether in the light most favorable to the plaintiff, with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim."[2/] It is likewise a precept adhered to by the courts that: Pleadings are to be liberally construed."[3/] This summarization in regard to pleadings under the new rules is especially pertinent: "A motion to dismiss is limited to the allegations of the complaint, and, being the equivalent of a demurrer, the court is called upon to interpret the allegations of such complaint, and to accept all such allegations as being true, and to determine whether such complaint presents a cause of action. In weighing the validity of a motion to dismiss a complaint for insufficiency the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. But in ruling on the motion, the court must proceed in the light of the present principles as to liberal interpretation of pleadings. On a motion to dismiss the plaintiff is entitled to the most favorable intendments to be drawn from the facts pleaded. As it has been expressed, the question presented by a motion to dismiss a complaint is whether the complaint, construed in the light most favorable to the plaintiff and with all doubts resolved in favor of its sufficiency, states a claim upon which relief could be granted. * * * to warrant dismissal of a complaint for insufficiency, it should appear that a claim for relief does not exist, rather than that a claim has been defectively stated."[4/] Thus it will be observed that the objections raised by the movant are not only contrary to the present rules of civil procedure, but are without merit.

REVIEW OF EACH<br>COUNT

Count No. II.

The Utility District would have this Honorable Court dismiss the Count of the Complaint in which is pleaded the allegation that the Utility

---

[2/] Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865, 869 (C.A.4, 1941).
[3/] Moore's Federal Practice, 2d ed.,12.08, Motion to Dismiss for Failure to State Claim, pp.2244, 2245.
[4/] Cyc. Fed. Proc., sec.1601, p.267.

1 District
2      "abandoned in this litigation"
3 applications numbered 12,178 and 12,179. Reference in regard to that aver-
4 ment in the Complaint is directed to:
5      (a) The Utility District's answer, filed May 27, 1951, in
6          which it limits its claims to applications number-
7          ed 11,586 and 11,587 for $2\frac{1}{2}$ c.f.s. and 10,000 acre
8          feet;
9      (b) The reply of the United States of America to the
10         Utility District's answer in which the abandonment now set forth
11         in the Complaint is similarly pleaded.
12 So little did the Utility District value the applications in question, that
13 it did not bother to refer to them in its original answer. At this juncture
14 and in no sense in a captious spirit, let this fact be added:
15     Failure to plead applications 12,178 and 12,179 by
16     Judge Swing, who is not one to overlook a claim if
17     it has any value, clearly evinces the fact that
18     he considered them or they truly are utterly
19     worthless.
20 Turning now to the motion to dismiss the Count in question: Is it possible
21 for this Honorable Court, at this juncture, to decide based upon the allega-
22 tions which we pleaded, that it:
23     "appears to a certainty that plaintiff is entitled
24     to no relief under any state of facts which could
25     be proved in support of the claim." 5/
26 Clearly this Honorable Court under the laws which govern will accept as true
27 the facts which we alleged. Accepting as true those facts, it is respectfully
28 submitted, warrants the introduction of evidence in regard to the alleged
29 abandonment. As a consequence, it necessarily follows that the motion of

---

31 5/  2 Moore's Federal Practice, 2d ed.,12.08, Motion to Dismiss for Failure
32     to State Claim, pp.2245.

-3-

3845

"The best answer to the contention is: 'So what.'"

Indeed "So what." The United States of America has alleged that the Utility District has no rights in the Santa Margarita River. Count V contains the allegation that at the time the United States of America acquired the property and for years after, the Fallbrook Public Utility District diverted water from the stream pursuant to the license referred to in that Count. Presented there are the basic issues, among other, of the equities in favor of the United States of America. Certainly the motion should be denied; clearly the United States of America should be permitted to introduce evidence in support of it.

Count VII

The United States of America has pleaded in this Count that the Utility District has failed to prosecute its claims with due diligence. There are basic and fundamental questions of law and fact concerning which the United States of America, it is respectfully submitted, is entitled to be heard. Accordingly, in justice, the motions should be denied.

Count X

This Count which the Utility District would dismiss relates to the jurisdiction of this Honorable Court as it relates to the jurisdiction of the California State Water Rights Board. That district cites no authority in support of its motion. There is none. As the matter pleaded is basic to a determination of the cause, the motion, it is respectfully submitted, should be denied.

UNITED STATES OF AMERICA

J. LEE RANKIN, Solicitor General

WILLIAM H. VEEDER
Attorney, Department of Justice

Dated: June 16, 1958

WILLIAM E. BURBY
Attorney, Department of Justice