J. LEE RANKIN,
Solicitor General
Department of Justice
Washington, D. C.

Attorney for United States
of America

FILED
JUN 16 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M.O. [illegible] DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff<br>v.<br>FALLBROOK PUBLIC UTILITY DISTRICT, et al., Defendants. | No. 1247-SD-C<br>RESPONSE TO THE MOTIONS OF THE FALLBROOK PUBLIC UTILITY DISTRICT AND STATE OF CALIFORNIA TO DISMISS IN REGARD TO THE ACTIVITIES OF THE STATE WATER RIGHTS BOARD |

MEMORANDUM

RESPECTING THE CONFLICT BETWEEN THE JURISDICTION OF THIS COURT AND THE CALIFORNIA STATE WATER RIGHTS BOARD

Both the Fallbrook Public Utility District and the State of California assert through their pending motions and memoranda that there is no conflict between this Honorable Court's jurisdiction and that of the State Water Rights Board. They are in error. There is a direct, immediate and destructive conflict. This Court's jurisdiction is being embarassed; the United States of America is being irreparably damaged by that conflict. An analysis follows in support of the conclusion just expressed.

A priority to a right to the use of water is a property right/

A priority to use water is an invaluable property right--indeed, on a stream like the Santa Margarita River it is the most valuable aspect



3838

of the right.[1] Very early in California's history that matter was resolved. It is the law of California today. [2] It has been declared that:

> "The authorities seem to concur in the conclusion that the priority to the use of water is a property right." [3]

To deprive a claimant of a priority in the arid West is tantamont to destroying his right to the use of water. This action, in the nature of a suit to quiet title to interests in real property, was initiated and is now being prosecuted to adjudicate the priority of the respective appropriators and to determine the rights of riparian claimants. That fact has been declared by this Court add is recognized by the Court of Appeals. On the subject, that Court in describing this case referred to it as " * * * and action * * * to quiet title to water rights * * *." [4] Jurisdiction respecting the rights to the use of water in the Santa Margarita River vested in this Honorable Court on the 25th day of January 1951; it has resided there ever since.

An inchoate right to the use of water is a property right.

California's Court has declared that the owner of an inchoate right to the use of water was possessed of an interest in real property concerning which he could maintain an action to quiet title.[5] There the California Court declared in regard to "a constructive right to the use of water, a right existing only by publicly declared intent, and which may be made perfect and complete title" that,

> "This incomplete right, although not as yet a title, is an interest in realty."

That state of the law is particularly relevant in this case. It has been the law of California for many years.[6] Both the United States of America,

1/ 1 Weil, Water Rights in the Western States, Sec. 283.
2/ Kidd v. Laird, 15 Cal 16, 179-180 (1860)
3/ Strickler v. Colorado Springs, 16 Colo 61, 26 Pac 313, 314 (1891)
4/ California v. United States, 235 F (2d) 647, 652 (CA 9, 1956)
5/ Inyo Consolidated Water Co. v. Jess, 161 Cal 516, 521, 119 Pac 923 (1911)
6/ Nevada County & Sacramento Canal Co. v. Kidd, 37 Cal 282 (1869)

the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company, have prayed this Honorable Court to adjudicate rights which have not as yet been exercised.

California State Water Rights Board has invaded this Court's jurisdiction by purporting to pass upon the applications to appropriate rights to the use of water which are here for adjudication.

This Honorable Court set a pre-trial hearing for August 12, 1957, directing that a representative of California preside. With full knowledge of that setting, the California State Water Rights Board scheduled what has been referred to as a hearing to commence on the same date. Its declared purpose was to pass upon the applications of the United States of America, the Santa Margarita Mutual Water Company and the Fallbrook Public Utility District. The California representative adjourned the pre-trial conference this Honorable Court had directed to be held to the end that the conflicting State hearing could proceed. Relative to that hearing of the State Water Rights Board, this Court, in its "Order on Pre-Trial Stipulation," dated may 8, 1958, declared:

> "A special appearance was made at the hearing [of the State Water Rights Board] * * * by the United States of America, objection being made that the Board was without jurisdiction to entertain the hearing. The Board proceeded, nevertheless, to hold the hearing regarding"

the applications of the Fallbrook Public Utility District and the Santa Margarita Mutual Water Co. On April 10, 1958, the California Water Rights Board, having alluded to the special appearance of the United States of America, rejected the application of the United States of America.

Disregarding Santa Margarita Mutual Water Company's earlier priority, it rejected that priority and granted the Fallbrook Public Utility District's

application. It is manifest that by the action it purportedly took, the State Water Rights Board invaded the jurisdiction of this Court. It did so by determining the question of priorities. Reference in that regard is made to California's assertions that the only determination made by the Board is the question of the availability of unappropriated water. That is obviously incorrect. The Board passes upon priorities--a fact the Chairman of the Board has himself declared to be within the province of that body and in so doing to decide questions of law and fact. As a consequence it is evident that the repeated statement that the only thing decided by the Board is the presence of unappropriated water is obviously incorrect. By deciding priorities, the State Water Rights Board is clearly usurping the functions of this Court in this action now being tried.

Fallbrook Public Utility District's pending condemnation proceeding contributes a further threat to this Court's jurisdiction by drastically changing the status quo.

Early in July, it is understood the Fallbrook Public Utility District will take further steps in its proceeding to condemn lands for its illusory project. It will thus change the status quo even more drastically than that which transpired when California acted on the priorities among the parties before this Honorable Court.

There is an avenue open, however, of avoiding future complications, pending the ultimate disposition of this cause. That will be the next subject to be reviewed.

Ruling on Fallbrook Public Utility District's fictitious claims would conclude litigation in regard to that District.

There is pending before this Honorable Court a motion for summary judgment which has been filed by the United States of America. Presented are two basic factors:

(1) The Fallbrook Public Utility District is powerless to appropriate rights to the use of water for purposes of irrigation.

(2) It's priorities for irrigation, assuming it could appropriate rights for that purpose, are junior to those of the United States of America.

A favorable ruling on either of the propositions numbered 1 and 2, or any part of number 2, would conclude the Fallbrook Public Utility District's participation in the cause to the benefit of all concerned.

CONCLUSION

Clearly, the Counts contained in the Complaint and Supplementary and Amendatory Complaint, should not be dismissed. They present issues relating to the ultimate disposition of this case, including, but not limited to, the claims of the Fallbrook Public Utility District.

UNITED STATES OF AMERICA

J. LEE RANKIN, Solicitor General

William H. Veeder
WILLIAM H. VEEDER
Attorney, Department of Justice

Dated: June 16, 1958

William E. Burby
WILLIAM E. BURBY
Attorney, Department of Justice