J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for the United States
 of America

FILED
JUN 16 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>FRANZ R. SACHSE AND ROWENA SACHSE,<br>et al.,<br><br>        Defendants. | No. 1247-SD-C<br><br>RESPONSE TO MOTION FOR<br><br>SUMMARY JUDGMENT |

DEFECTIVE REQUESTS FOR ADMISSIONS

The defendants here, as in the Suderman Case, seek to have resolved by admissions the very crux of the litigation--the nature and the extent of rights to the use of water. They request the United States of America to admit questions of law which are, of course, wholly improper. For example, the United States of America is requested to admit that:

> "3.  The lands described as 'Parcel One' in the
>
> Answer of these defendants are all riparian to
>
> an un-named stream which flows through said
>
> parcel * * *."

The fact that the un-named stream may or may not be a tributary of the Santa Margarita River is not the most objectionable aspect of the request for admissions. It relates strictly to a question of law which is wholly improper, under Rule 36 pursuant to which defendants purport to proceed. Obviously

-1-

3857

1  it is objectionable for the rule relates only to "facts."[1] This Court will
2  decide the legal question of whether the land is or is not riparian in
3  character.
4      Continuing to set forth requests of admission respecting matters
5  of law, defendants present the following:

> "4. The lands described as "Parcel Two' in the
> Answer of these defendants are not riparian to the
> Margarita River or to any of its tributaries."

9  Again, whether land is or is not riparian is a question of law which only
10 this Court may decide. The impropriety of the request is manifest.
11     To determine whether the lands are or are not riparian involves
12 a determination of complex questions of fact, law and mixed questions of
13 law or fact. Reference in that connection is made to defendants memorandum
14 in support of their motion in which this statement is made:

> "The Court should enter its judgment deter-
> mining that the defendants are the owners
> of correlative rights to the use of the
> percolating ground waters underlieing (sic)
> Parcel Two, and correlative rights to the
> use of the waters of the intermittent
> stream described in Parcel One."

22 Does this Honorable Court know that defendants are the "owners" of any land
23 or any rights? Obviously it does not. Does this Honorable Court know that
24 the land is all within the watershed? Obviously not. On what basis would
25 it determine the legal questions of the extent and nature of the alleged
26 riparian rights and those which pertain to percolating waters?

---

[1] 4 Moore's Federal Practice, 36.04, 2713;
    Fidelity Trust Co. v. Village of Stickney, 129 F (2) 506 (C.A. 7 1942);
    United States v. Lewis 10 F.R.D. 57 (US DC NJ 1950)
    Jones v. Piper Aircraft Corp., 18 F.R.D 181 (US DC MD Penn 1955)

## REQUESTS FOR ADMISSIONS AS TO DUTY OF WATER AND IRRIGABILITY OF THE LAND ARE WHOLLY IMPROPER

The duty of water has been defined as being that quantity of water which may be beneficially used. That in turn is governed by a vast number of questions, some of which are obviously legal in character. Before rights to the use of water may be adjudicated, this Court must first conclude as a matter of law that the defendant is the owner. Obviously, that fact is not known and certainly it entails numerous complex questions of law. Before a decree could be entered declaring the duty of water, it will require proof of all the elements which will constitute the defendants rights to water. It goes to the heart of the law suit. Patently, a request for admissions of that nature are improper. 2/

This question is respectfully presented:

> How could this Honorable Court conceivably enter a summary judgment respecting the duty of water when the kind and character of the right must be adjudicated before it is known that defendants are entitled to any water; when a soil analysis will largely govern the type of crops and they in turn measure the water which may be beneficially applied to the land?

Clearly, the whole question of the duty of water with all its ramifications is far too complex both legally and factually to permit the disposition of the matter by summary judgment.

As in the case of the duty of water, the question of the irrigability of land turns on many complex problems involving both law and fact. If the land is not susceptible to practicable and profitable irrigation rights may not be adjudicated to it. Clearly, this Court and only this Court could make such a determination. Certainly it is not a matter which could be governed by an admission.

-3-

3859

## DEFECTIVE REQUESTS FOR ADMISSION DEFEAT MOTION FOR SUMMARY JUDGMENT

Defendants defective requests for admissions point up the bar to a summary judgment. They ask this Honorable Court for a summary judgment which entails numerous questions of facts--facts concerning which sharp controversy exists.

It is elementary that:

> "A substantial dispute as to material fact forecloses summary judgment."[2]

Again, it has been stated that:

> "Summary judgment must be denied if the evidence is such that conflicting inferences could be drawn therefrom or if reasonable men might reach different conclusions."[3]

In regard to summary judgments, it is too well established for question that a Court may not weigh facts which are controverted.[4] Yet the riparian character of the land will, it is assumed, be an issue to be determined in every case. That relates not only to the claims presented by the United States of America, but similarly to the claims of all parties.

There resides with the defendants the burden of demonstrating that there are no genuine issues of fact. Moreover, "any doubt as to the existence of such an issue is resolved against the movant."[5]

Though defendants had that burden, they raised by their request for admissions of law, innumerable issues of fact which constitute, it is respectfully submitted, an insuperable barrier to granting their motion.

### THERE ARE INNUMERABLE QUESTIONS NOT MENTIONED BY DEFENDANTS IN THEIR REQUESTS FOR ADMISSION WHICH ARE REQUISITE TO ENTERING ANY JUDGMENT

Denial of the motion for summary judgment must, it is respectfully submitted, ensue by reason of the fact that the request for admission re-

---

[2] 3 Barron and Holtzoff, Federal Practice and Procedure, pp.1234, p.72.
[3] 3 Barron and Holtzoff, Federal Practice and Procedure, pp.1234
[4] Furton v. Menosha, 149 F (2d) 945: (C.A. 1945)
[5] Hoffman v. Partridge, 172 F (2d) 272, 276 (C.A. DC 1949)

1  lated primarily to questions of law which involved numerous complex facts.
2  However, there are other fundamental objections to the entry of the summary
3  judgment. For example, this Court has no knowledge of the specific land
4  upon which the water is to be diverted; the season of use; the rate of
5  diversion; the point of diversion; whether a continuous flow is claimed.[6]
6  Only with numerous facts, many of which may be disputed, could this Honorable
7  Court grant the judgment for which defendants move. There are questions of
8  rotation of use; conservation practices; the manner and times of use. All
9  these and many other facts are involved.[7] Not only must this Honorable Court
10 determine as a matter of law who is the fee simple owner of the thousands of
11 acres of land involved, it must determine in regard to each of them the
12 quantities of water to which they are entitled. Too great emphasis in that
13 connection may not be placed upon the fact that a decree is fatally defective
14 if it lacks certainty.[8]

CONCLUSION

It is respectfully submitted that:

    (a) The requests for admissions to a very large extent related to matters of law and are, of course, defective;

    (b) the propositions raised by defendants in their questions of law present numerous complex questions of fact;

    (c) the requests for admissions, had they been properly presented, fall far short of

---

[6] See In That Regard, West's California Annotated Code, Sec. 2769

[7] Watson v. Lawson, 166 Cal 235; 135 Pac 961 (1913)

[8]/3, Kinney on Irrigation and Water Rights, 2nd Ed. p. 2814

-5-

3861

presenting facts upon which a decree could be predicated.

As a consequence, based upon the cited authorities, it is respectfully submitted, the motion of defendants for a summary judgment should be denied.

UNITED STATES OF AMERICA

J. LEE RANKIN, Solicitor General

*(signature)*
WILLIAM H. VEEDER
Attorney, Department of Justice

Dated: June 16, 1958

*(signature)*
WILLIAM E. BURBY
Attorney, Department of Justice