J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for the United States
of America

**FILED**

JUN 16 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1247-SD-C |
| Plaintiff, | |
| v. | RESPONSE TO MOTION FOR |
| FALLBROOK PUBLIC UTILITY DISTRICT, ED M. SUDERMAN and DORIS LUCILLE SUDERMAN, et al. | SUMMARY JUDGMENT |
| Defendants. | |

REQUESTS FOR ADMISSIONS
ENTIRELY IMPROPER

Rule 36 of the Rules of Federal Procedure provides in part:
" * * * a party may serve upon any other party a written request for the admission * * * of the truth of any relevant matters of fact set forth in the request * * *." "<u>Facts</u>" may be admitted and yet the request for admissions pertains and turns upon basic and fundamental questions of law. For example, this request is made:

"(3) Said land as described in the answer of said

defendants is owned in fee simple absolute."

It is difficult to perceive of a more complex question of law than ownership in fee simple. This Court must rule upon whether defendants are owners "in fee simple absolute." Certainly it is not for counsel to decide.

3852

-1-

Similarly, this legal question was presented as a request for admissions:

"(5) The said land of said defendants is riparian to Rainbow Creek."

Again, it is impossible to perceive of a more complex question of law.[1/] Any doubt that the riparian character of the land is a question of law is removed by a consideration of the authorities cited by defendant. Indeed, the cases relied upon disclose the facts which this Court must consider before it could conclude as a matter of law that the land was entitled to have decreed to it riparian rights. That question may be decided only upon a determination of the related legal propositions entailed in entry of a decree.

Defendants raise the further mixed question of law and fact in this request for admissions: "(1) The land described in the answer of said defendants includes ten (10) acres of arable and irrigable land." Whether lands are irrigable involves the questions of whether the lands may be practically irrigated; whether they may be profitably irrigation. It will be for this Honorable Court to decide based upon the innumerable questions entailed in the matter before it can conclude as a matter of law that defendants can practically deliver water to the lands and may profitably irrigate them.

Only by the consideration of numerous complex facts yet to be introduced will it be possible to determine and decide the answer of the "fee simple title;" the riparian character of the land, its irrigability.

The impropriety of the requests for admissions has been emphasized above. Obviously, the questions of law are wholly improper. Predicated upon the facts the entire basis of the motion for summary judgment must fail.

Moreover, to decide on a matter of law that the lands are riparian entails a review of necessarily disputed facts. For example, are all the lands within the watershed; have they been severed by conveyance from the

---

[1/] See Lux v. Haggin, 69 Cal.255; 10 Pac. 674 (1886)
Union Mill and Mining Co. v. Dangberg et al, 81 Fed. 73 (CC Nev 1897)

stream; have they been subordinated?

The principles of law relating to summary judgments will now be considered.

### SUMMARY JUDGMENT MAY NOT BE GRANTED WHERE ISSUES OF FACT MUST BE DECIDED AS IN THIS CASE

It is elementary that:

"A substantial dispute as to material fact forecloses summary judgment."[2]

Again, it has been stated that:

"Summary judgment must be denied if the evidence is such that conflicting inferences could be drawn therefrom or if reasonable men might reach different conclusions."[3]

In regard to summary judgments, it is too well established for question that a Court may not weigh facts which are controverted.[4] Yet the riparian character of the land will, it is assumed, be an issue to be determined in every case. That relates not only to the claims presented by the United States of America, but similarly to the claims of all parties.

There resides with the defendants the burden of demonstrating that there are no genuine issues of fact. Moreover, "any doubt as to the existence of such an issue is resolved against the movant."[5]

Though defendants had that burden, they raised by their request for admissions of law, innumerable issues of fact which constitute, it is respectfully submitted, an insuperable barrier to granting their motion.

### THERE ARE INNUMERABLE QUESTIONS NOT MENTIONED BY DEFENDANTS IN THEIR REQUESTS FOR ADMISSION WHICH ARE REQUISITE TO ENTERING ANY JUDGMENT

Denial of the motion for summary judgment must, it is respectfully submitted, ensue by reason of the fact that the request for admission related primarily to questions of law which involved numerous complex facts.

---

[2] Barron and Holtzoff, 3 Federal Practice and Procedure, pp1223, p.72.
[3] Barron and Holtzoff, 3 Federal Practice and Procedure, pp.1234
[4] Furton v. Menosha, 149 F (2d) 945; (C.A. 1945)
[5] Hoffman v. Partridge, 172 F (2d) 272, 276 (C.A. DC 1949)

3854

However, there are other fundamental objections to the entry of the summary judgment. For example, this Court has no knowledge of the specific land upon which the water is to be diverted; the season of use; the rate of diversion; the point of diversion; whether a continuous flow is claimed.[6/] Only with numerous facts, many of which may be disputed, could this Honorable Court grant the judgment for which defendants move. There are questions of rotation of use; conservation practices; the manner and times of use. All these and many other facts are involved.[7/] Not only must this Honorable Court determine as a matter of law who is the fee simple owner of the thousands of acres of land involved, it must determine in regard to each of them the quantities of water to which they are entitled. Too great emphasis in that connection may not be placed upon the fact that a decree is fatally defective if it lacks certainty.[8/]

## CONCLUSION

It is respectfully submitted that:

(a) The requests for admissions to a very large extent related to matters of law and are, of course, defective;

(b) the propositions raised by defendants in their questions of law present numerous complex questions of fact;

(c) the requests for admissions, had they been properly presented, fall far short of

---

[6/] See In that Regard, West's California Annotated Code, Sec. 2769

[7/] Watson v. Lawson, 166 Cal 235; 135 Pac 961 (1913)

[8/] 3 Kinney on Irrigation and Water Rights, 2d Ed. p. 2814

-4-

3855

        presenting facts upon which a decree could
be predicated.

As a consequence, based upon the cited authorities, it is respectfully submitted, the motion of defendants for a summary judgment should be denied.

                                UNITED STATES OF AMERICA

                                J. LEE RANKIN, Solicitor General

                                */s/ William H. Veeder*
                                WILLIAM H. VEEDER
                                Attorney, Department of Justice

Dated: June 16, 1958      */s/ William E. Burby*
                                WILLIAM E. BURBY
                                Attorney, Department of Justice