Wovie Myrtle Sykes
Defendants in propria persona

FILED

JUN 16 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _M?Keeling_
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

FALLBROOK PUBLIC UTILITY
DISTRICT, ET AL,

        Defendants,

CIVIL NO. 1247 - SD - C

ANSWER OF DEFENDANTS

Wovie Myrtle Sykes

The defendants Wovie Myrtle Sykes
each severing from their co-defendants and each for himself or her-
self alone, in answer to the Complaint and Supplementary and Amenda-
tory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference
all of the allegations contained in the answer to said Complaint and
Supplementary and Amendatory Complaint filed in this case by Newton
T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II
of the portion thereof entitled "Affirmative Statement of Rights")
and make each and all of said allegations a part of this answer
the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own _292.62 and a fraction._ acres of land in
County, California, and within the watershed of the Santa Margarita
River, more particularly described in the document attached hereto,
marked Exhibit A, which is hereby incorporated by reference as a
part of this statement.

COPY RECEIVED

       XED

13126

EXHIBIT A

I own

A portion of Lot 83, County of Riverside, State of California, more particularly described as follows:  SE 20 feet of Lot 83 of Murrieta portion of Temecula Rancho, North of County Road.

I own

Lot 57 in Riverside County, State of California.  Lot numbered Fifty-seven (57) as shown upon a certain Map entitled "Map of Temecula Land and Water Company" on file in the office of the County Recorder, of the County of San Diego, State of California, in Book 8 of Maps, at page 359 thereof.

I own

Lot 54 in Riverside County, California.  All that certain piece or parcel of land lying and being situated in the County of Riverside, State of California, and more particularly described as follows; Lot Fifty-four (54) of the Murrieta Portion of the Temecula Rancho, according to a Map thereof of the Temecula Land and Water Company's Lands, on file in the office of the County Recorder of the County of San Diego, State of California, in Book 8 of Maps at page 359 thereof, containing 67.95 acres more or less.

I own

A portion of Lot 108 in the County of Riverside, State of California.  SE 20 Acres of Lot 108 of the Murrieta Portion of Temecula Rancho, as shown by map of the lands of the Temecula Land and Water Company, recorded in Book 8, page 359 of Maps, San Diego County Records; Excepting therefrom that portion conveyed to the State of California by Deed filed for Record July 13, 1950 as Instrument No. 1584.

I own

Lots 79-80 and 82--all that certain lot or parcel of land situate in the County of Riverside, State of California, and bounded and particularly described as follows, to wit; Lots Seventy-nine (79), Eighty (80) and Eighty-two of the Murrieta Portion of the Temecula Rancho, as shown by map of Lands of the Temecula Land and Water Company, on file in Book 8, page 359 of Maps, records of San Diego County, California.
Subject to an easement for a 60 foot highway over Lot 82 as shown by Deed to the County of Riverside, recorded in Book 406, page 236 of Deeds, records of Riverside County, California.

I own

Lot 81 in the County of Riverside, State of California, and described as follows;  All of Lot Eighty-one (81) of Lands of the Temecula Land and Water Company's Subdivision of a Portion of the Temecula Rancho, Records of San Diego County, California; excepting that portion of said Lot Eighty-one (81) conveyed to the County of Riverside by Deed recorded in Book 406, page 301 of Deeds, Records of Riverside County, California; also excepting that portion of said Lot Eighty-one (81) conveyed to Frank A. Burnham by Deed recorded in Book 519, page 219 of Deeds, Records of Riverside County, California.

13127

## EXHIBIT B

The Santa Margarita River runs through my land, Lots 57 and 54. The Warm Springs River, a tributary of the Santa Margarita River, runs through my land, Lots 82 and 79.

The land I own is in the Murrieta Portion of the Temecula Rancho. Documentary evidence leads me to believe that the Temecula Rancho was one of those grants of land, the title to which was confirmed by the Treaty of Guadalupe Hidalgo, to be the same under American law as it was under Mexican law. It gives me the right to use my land "freely and exclusively", which I have done in the past, and which I expect to do in the future.

Louis Vigness, the last owner of the grant under Mexican law, and the first owner under the United States law, applied for and was granted a Patent to said Grant, in 1860, by President Buchanan. I have seen a photo-static copy of the Patent. As statutes and treaties rank in authority above the laws and Constitution of any State, I therefor believe that I have exclusive rights to use freely all percolating waters, and all water appurtenant to my soil.

I rely on said Treaty to claim all water rights as Constitutionally mine, to be used "freely and exclusively" in the future, as has been done in the past.

My husband, Amos J. Sykes, whose death in November, 1954, left me the owner of the property described in Exhibit A. We were married in 1906, and for over fifty years, we have watered stock, and irrigated from a well on the edge of the Santa Margarita River, on Lot 57. We used the water for garden, sudan grass, and later, after buying Lot 54, alfalfa on 25 acres. First was a wooden-curbed well, then a big cement-curbed well 51 feet deep, water draining into the pit through holes in the walls. Up to 1942 or 1943 the well produced water for about 25 acres of alfalfa, but from then on, production slowed until in 1955-1956 and 1957 there was only enough water for 3 or 4 acres of calf pasture. I claim riparian rights to any water on, or below the surface of the Santa Margarita River on Lots 57 and 54, to use as suits me. I claim the right to drill other wells in the future, on my land. The two wells on Lot 82, which is in the Murrieta Portion of the Temecula Rancho, are deep wells. One is 423 feet deep, and flowed 22 miners inches when drilling finished in July 1926. Alfalfa was planted in 1927 and for years, about 50 Acres was in production. In later years watermelons and spinach were planted, also potatoes, on 30 Acres, and produced well. Since about 1946 oat hay has been raised on the land, and in the years 1955-1956 and 1957, the oat crop was irrigated once each spring to make a good crop of hay.

The other well is 215 feet deep, drilled several years later, has had little use except for watering stock in the summer when the river was dry.

I claim the right to use "freely and exclusively" water from these wells, appropriating it to such use and cultivation as "suits me". I claim Riparian Water Rights on Warm Springs river on Lots 82 and 79. Any compliance with conflicting State Law is repudiated and protested by me, *at this time*

13128

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

*Dovie Myrtle Sykes*

_____
Defendants in propria persona


Dated:

13129