```
 1  CHRISTOPHER M. JENKS and
    ORRICK, DAHLQUIST, HERRINGTON & SUTCLIFFE
 2  405 Montgomery Street
    San Francisco 4, California
 3  Telephone: EXbrook 2-1120
 4  Attorneys for First Western Bank and Trust
      Company, Corporation of America, and
 5    First Holding Corporation
```

FILED
JUN 18 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

        Defendants.

No. 1247-SD-C

A N S W E R

        The defendants named herein as FIRST WESTERN BANK AND TRUST COMPANY, CENTRAL BANK, FIRST SAVINGS BANK OF SAN JACINTO, FIRST TRUST AND SAVINGS BANK OF PASADENA, CORPORATION OF AMERICA and FIRST HOLDING CORPORATION, in answer to the complaint and supplementary and amendatory complaint on file herein, admit, deny and allege as follows:

I

        CENTRAL BANK, FIRST SAVINGS BANK OF SAN JACINTO and FIRST TRUST AND SAVINGS BANK OF PASADENA, named as defendants herein, were and each of them was, but is not now, a banking corporation authorized to or doing business in California, and FIRST WESTERN BANK AND TRUST COMPANY, also named as defendant

13311

1 herein, is the successor to all right, title and interest of
2 them and each of them in and to any property, including water
3 rights, involved in this action, and therefore FIRST WESTERN
4 BANK AND TRUST COMPANY appears herein not only on its own
5 behalf but also in behalf of CENTRAL BANK, FIRST SAVINGS BANK OF
6 SAN JACINTO and FIRST TRUST AND SAVINGS BANK OF PASADENA.

II

In answer to paragraph I, these answering defendants deny that they have or any of them has interfered unlawfully or otherwise with the rights of plaintiff to use water.

III

In answer to paragraph II, these answering defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations that the site for the establishment of Camp Joseph H. Pendleton was selected by reason of the unique availability of a supply of water from the Santa Margarita River, or that no other site on the entire West Coast provides the essential factors requisite to properly perform the functions assigned to the military establishments referred to in said paragraph, and on that ground deny said allegations.

IV

In answer to paragraph III, these answering defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that ground deny said allegations, and in that connection allege that the United States of America is without jurisdiction, exclusive or otherwise, over the real property in which these defendants claim an interest as hereinafter set forth, or the water rights in connection therewith or appurtenant thereto.

V

In answer to paragraph IV, these answering defendants deny that a single underground basin underlies said Santa Margarita River and its tributaries, and allege that numerous separate basins underlie said river and its tributaries above the point at which said river enters the property of plaintiff. These answering defendants further deny that they have made any encroachments which threaten the destruction of the basin referred to in said paragraph or which have destroyed wells in said basin or which have reduced the quantities of water available to the plaintiff, and further deny that they have encroached in any manner whatsoever upon any rights of plaintiff to water. These answering defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations that said Santa Margarita River or the underground basin referred to in said paragraph constitute an all important or principal source of water for the military establishments or military purposes referred to in said paragraph, or that destruction of said basin is threatened, and on that ground deny said allegations.

VI

In answer to paragraph V, these answering defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations that the stipulated judgment referred to in said paragraph was premised upon the findings of the trial Court or upon the decision of California's highest Court, and on that ground deny said allegations. These answering defendants further deny that the Rancho Santa Margarita, predecessor in interest of the United States of America, had any of its rights in the Santa Margarita River as against these answering defendants, adjudicated by said suit or by said stipulated judgment.

VII

2   In answer to paragraph VI, these answering defendants
3 deny that plaintiff is entitled to any rights whatsoever as
4 against these answering defendants by reason of the adjudication
5 or judgment referred to therein.

VIII

7   In answer to paragraph VII, these answering defendants
8 allege that they are without knowledge or information sufficient
9 to form a belief as to the truth of the allegations contained
10 therein, and upon that ground deny said allegations.

IX

12   In answer to paragraph VIII, these answering defendants
13 deny that plaintiff has a paramount right to 35,000 acre-feet of
14 water annually, or any water, from the Santa Margarita River.
15 These answering defendants allege that they are without knowledge
16 or information sufficient to form a belief as to the truth of the
17 balance of the allegations contained in said paragraph and on
18 that ground deny the balance of said allegations.

X

20   In answer to paragraph IX, these answering defendants
21 deny that they have disregarded any rights of plaintiff, deny
22 that they have caused any intrusion whatsoever of salt water
23 from the Pacific Ocean, and deny that they have caused any damage
24 whatsoever to plaintiff. These answering defendants further deny
25 that they have declared any adverse claim in contravention of the
26 rights of plaintiff, that they assert any rights subsequent to those
27 of plaintiff, or that they have encroached upon the water supply
28 referred to in said paragraph.

XI

30   In answer to counts numbered I through XXV of the
31 supplement to the complaint, these answering defendants hereby

1  repeat the denials, admissions and allegations heretofore set
2  forth in answer to paragraphs I through IX of the complaint,
3  each of which is realleged as part of said counts.

        XII

5    In answer to the remaining portions of counts
6  numbered I through XXV, other than count numbered XIV, these
7  answering defendants allege that they are without knowledge or
8  information sufficient to form a belief as to the truth of the
9  allegations contained therein and upon that ground deny said
10 allegations.

        XIII

12   In answer to paragraph 2 of count XIV, these answer-
13 ing defendants admit the allegations contained therein.

        XIV

15   Each of these answering defendants has an interest
16 in one or more parcels of real property involved in this action,
17 as beneficiary or trustee under deeds of trust given to secure
18 loans made in the ordinary course of business.  The exact
19 number and location of said parcels vary from day to day as loans
20 are completely repaid and as new loans are made.  These answering
21 defendants, and particularly CORPORATION OF AMERICA and FIRST
22 HOLDING CORPORATION (who are frequently named as trustee under
23 deeds of trust without their knowledge), cannot at this time
24 identify each piece of property in which they or any of them
25 have an interest.  These answering defendants therefore reserve
26 the right to, and will request leave of court to, amend and
27 supplement this answer at an appropriate time to set forth
28 accurately and completely the interest of each of them in any
29 real property involved in this action.
30   WHEREFORE, these answering defendants demand:

13315

1. That plaintiff take nothing by reason of this action;
2. A judgment declaring that a paramount right exists to appropriate, divert and take from the Santa Margarita River and its tributaries sufficient water to supply the necessary and reasonable use of every parcel of real property involved in this action in which these answering defendants or any of them have an interest;
3. That these answering defendants have judgment for costs of suit incurred herein and such other and further relief as is proper in the premises.

_____

_____

Attorneys for First Western Bank and
Trust Company, Corporation of
America, and First Holding
Corporation

## CERTIFICATE OF SERVICE BY MAIL

CHRISTOPHER M. JENKS, one of the attorneys for these answering defendants, certifies he is a member of the Bar of this Court and that on June 12, 1958 he served the within Answer on the attorneys for the plaintiff in this cause by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

> J. Lee Rankin, Esq.
> Solicitor General
> Room 332, 325 West "F" Street
> San Diego, California.

Dated: June 12, 1958.

_Christopher M. Jenks_
Christopher M. Jenks

13317