1　STONE and MORAN
2　880 East Colorado Street
　　Pasadena, California
3　Telephones: SYcamore 6-6129, RYan 1-0417
　　Attorneys for
4　Answering Defendants.



FILED

JUN 18 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
          DEPUTY CLERK

8　　　　　　　IN THE UNITED STATES DISTRICT COURT

9　　　　　　　SOUTHERN DISTRICT, SOUTHERN DIVISION

11　UNITED STATES OF AMERICA　　　　　　No. 1247-SD-C

12　　　　　　　　Plaintiff,　　　　　　ANSWER OF DEFENDANTS
　　　　　　　　　　　　　　　　　　　　JOHN D. LAYMAN　and
13　　　　　vs.　　　　　　　　　　　　WILLOWMINE E. LAYMAN

14　FALLBROOK PUBLIC UTILITY DISTRICT
　　et al
15　　　　　　　　Defendants

17　　　　　Now come the defendants, JOHN D. LAYMAN and WILLOWMINE E. LAYMAN,

18　severing themselves from their co-defendants herein, and, answering the

19　complaint and supplementary and amendatory complaint heretofore filed in

20　this cause, as construed by the orders of this Court dated, respectively,

21　April 8, 1958 and February 11, 1958, and the Stipulation, dated November 29,

22　1951, between the United States of America and the People of the State of

23　California, and admits, alleges, and denies as follows:

24　　　　　　　　　　　　FIRST DEFENSE

25　　　　　　　　　　　　　　I

26　　　　　Answering the allegations of Paragraph II of the complaint as

27　originally filed, these answering defendants admit only that Camp Joseph H.

28　Pendleton, now referred to as Camp Pendleton, the United States Ammunition

29　Depot, Fallbrook, California, and the United States Naval Hospital, located

30　at Camp Joseph H. Pendleton, are and each of them is situated in the Counties

31　of San Diego and Orange, State of California, and are and each of them is

32　military establishments of the United States of America, and vital to the

　　　　　　　　　　　　　　1　　　　　　　　　13318

national defense, and that sites for those military installations were

acquired by the United States of America in the years 1941, 1942 and 1943

and are comprised of approximately 135,000 acres of land in the aforesaid

Counties of the State of California, and the fee simple title to the

properties above described now resides in the United States of America.

Further answering the allegations of said Paragraph II, these

answering defendants allege that they do not, nor does either of them, have

information, knowledge, or belief upon the subject sufficient to enable

them or either of them to answer the allegations of said Paragraph II, save

and except only those allegations thereof hereinabove expressly admitted,

and, placing their denial upon that ground, deny each and all of the

allegations of said Paragraph II, excepting only those allegations thereof

expressly admitted above.

II

Answering the allegations of Paragraph IV of said complaint as

originally filed, these answering defendants admit only the existence of

the Temecula - Santa Margarita River, its course as set forth in said

Paragraph IV (and as amended by Paragraph III of Count XVIII) and its

traverse of the site of Camp Joseph H. Pendleton and the Naval Ammunition

Depot before it enters the ocean, the fact that it is an intermittent stream,

and that underlying the river and its tributaries is an underground basin

composed of pervious material into which a high proportion of the Santa

Margarita River sinks.

Further answering the allegations of said Paragraph IV, these

answering defendants allege that they do not, nor does either of them,

have information, knowledge, or belief upon the subject sufficient to enable

them or either of them to answer the allegations of said Paragraph IV save

and except only those allegations thereof hereinabove expressly admitted

and, placing their denial upon that ground, deny each and all of the

allegations of said Paragraph IV, excepting only those allegations thereof

expressly admitted above.

LAW OFFICES
STONE AND MORAN
800 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

2

13319

### III

Admit the allegations of Paragraphs V and VI of said complaint as originally filed.

### IV

Answering the allegations of Paragraph VII of said complaint as originally filed, allege that these answering defendants do not, nor does either of them, have information, knowledge or belief upon the subject sufficient to enable them, or either of them, to answer the allegations of said Paragraph VII and, placing their denial upon that ground, deny each and all of the allegations of said Paragraph VII, and the whole thereof.

### V

Answering the allegations of Paragraph VIII of said complaint as originally filed, admit only that the surface stream and the subterranean basin constitute a single source of supply of water and that the use of said water for agricultural purposes upon those portions only of the lands of the plaintiff as are riparian to said river is a proper riparian use.

Further answering the allegations of said Paragraph VIII, these answering defendants deny that, either by virtue of the position of the United States of America as successor in interest of the Rancho Santa Margarita, or by virtue of said judgment, or otherwise, the United States of America has, as against other riparian owners, including these answering defendants, any paramount rights whatsoever, to 35,000 acre-feet of water annually, or to any other amount whatsoever, but on the contrary alleges that, as against other riparian owners, including these answering defendants, the United States has no more than a correlative right to the reasonable use of the water of said river for riparian uses and purposes only and only upon those portions of the lands of plaintiff described in Paragraph II of said complaint as are riparian to said river.

Further answering the allegations of said Paragraph VIII, deny that the use of said water for military purposes (so far as said military uses impose an additional or a greater burden upon upper riparian owners,

LAW OFFICES
STONE AND MORAN
890 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

3

13320

1  including these answering defendants) is a proper riparian use, and on the
2  contrary alleges that the diminution of the correlative water rights of
3  upper riparian owners, including these answering defendants, by the use
4  of said water for military or other sovereign purposes, by the plaintiff
5  in its sovereign capacity, without compensation therefor to these answering
6  defendants  constitutes the taking of the property of these answering
7  defendants without due process of law, and the taking of the private property
8  of these answering defendants for public use, without just compensation,
9  all in violation of the provisions of the Fifth Amendment of the Constitution
10 of the United States.

11      Further answering the allegations of said Paragraph VIII, these
12 answering defendants allege that they do not, nor does either of them,
13 have information, knowledge or belief upon the subject sufficient to enable
14 them, or either of them, to answer the allegations of said Paragraph III,
15 save and except only those allegations thereof hereinabove expressly admitted,
16 and, placing their denial upon that ground, deny each and all of the
17 allegations of said Paragraph VIII, excepting only those allegations thereof
18 expressly admitted above.

VI

19
20      Answering the allegations of Paragraph IX of said complaint as
21 originally filed, deny the allegations of said Paragraph IX and each and
22 every part thereof.

VII

23
24      Answering the allegations of Count No. I of the supplement to
25 complaint, these answering defendants repeat, and re-incorporate herein by
26 this reference their allegations, denials and admissions hereinabove pleaded
27 to Paragraphs I through IX of the complaint as originally filed, and make
28 the same a part hereof with the same force and effect as though set forth
29 in full in this place.

VIII

30
31      Answering the allegations of Paragraph I of Count No. II of said
32 supplement to said complaint, these answering defendants repeat and re-

LAW OFFICES
STONE AND MORAN.
680 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYcamore 6-6129
RYan 1-0417

4

LAW OFFICES
STONE AND MORAN
860 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYcamore 6-6126
RYan 1-0417

incorporate herein by this reference their allegations, denials and
admissions hereinabove pleaded to Paragraphs I through IX of the complaint
as originally filed and to Count I of the supplement to complaint, and
make the same a part hereof with the same force and effect as though set
forth in full in this place.

IX

Answering the allegations of Paragraphs II and III of Count No. II
of said supplement to said complaint, these answering defendants deny the
allegations of said Paragraphs II and III and each and every part thereof.

X

Answering the allegations of Paragraph I of Count No. III of
said supplement to said complaint, these answering defendants repeat and
re-incorporate herein by this reference their allegations, denials and
admissions hereinabove pleaded to Paragraphs I through IX of the complaint
as originally filed, and to Counts I and II of the supplement to complaint
and make the same a part hereof with the same force and effect as though
set forth in full in this place.

XI

Answering the allegations of Paragraphs II, III, IV and V of
Count No. III, these answering defendants deny allegations of said
Paragraphs II, III, IV and V and each and every part thereof.

XII

Answering the allegations of Paragraph I of Count No. IV of said
supplement to complaint, these answering defendants repeat and re-incorporate
herein by this reference their allegations, denials and admissions herein-
above pleaded to Paragraphs I through IX of the complaint as originally
filed and to Counts I through III inclusive of the supplement to complaint
and make the same a part hereof with the same force and effect as though
set forth in full in this place.

XIII

Answering the allegations of Paragraphs II, III, IV and V of said
Count No. IV, deny the allegations of said Paragraphs II, III, IV and V

5

13322

and each and every part thereof.

XIV

Answering the allegations of Paragraph I of Count No. V of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through IV inclusive of the supplement to complaint and make the same a part hereof with the same force and effect as though set forth in full in this place.

XV

Answering the allegations of Paragraphs II, III, IV, V, VI and VII of Count No. V, deny the allegations of said Paragraphs II, III, IV, V, VI and VII, and each and every part thereof.

XVI

Answering the allegations of Paragraph I of Count No. VI of said supplement to complaint, these answering defendants repear and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through V inclusive of the supplement to complaint and make the same a part hereof with the same force and effect as though set forth in full in this place.

XVII

Answering the allegations of Paragraphs II, III, IV and V of Count No. VI deny the allegations of said Paragraphs II, III, IV and V and each and every part thereof.

XVIII

Answering the allegations of Paragraph I of Count No. VII of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through VI inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6189
RYAN 1-6417

as though set forth in full in this place.

### XIX

Answering the allegations of Paragraphs II and III of said Count No. VII of said supplement to complaint, deny the allegations of said Paragraphs II and III and each and every part thereof.

### XX

Answering the allegations of Paragraph I of Count No. VIII of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through VII inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

### XXI

Answering the allegations of Paragraph II of said Count No. VIII of said supplement to complaint, admit the allegations of said Paragraph II.

### XXII

Answering the allegations of Paragraphs III and IV of said Count No. VIII, of said supplement to complaint, deny the allegations of said Paragraphs III and IV and each and every part thereof.

### XXIII

Answering the allegations of Paragraph I of Count No. IX of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions herein-above pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through VIII inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

### XXIV

Answering the allegations of Paragraph II of said Count No. IX of said supplement to complaint, admit the allegations of said Paragraph II.

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6128
RYAN 1-0417

13324

## XXV

Answering the allegations of Paragraphs III and IV of said Count No. IX, deny the allegations of said Paragraphs III and IV and each and every part thereof.

## XXVI

Answering the allegations of Paragraph I of Count No. X of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through IX inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

## XXVII

Answering the allegations of Paragraph II of said Count No. X of said supplement to complaint, admit the allegations of said Paragraph II.

## XXVIII

Answering the allegations of Paragraphs III, IV and V of said Count No. X of said supplement to complaint, admit only that the Defendant in Intervention California has taken under submission the question of whether to issue a permit or permits to the said Fallbrook Public Utility District or to the Santa Margarita Mutual Water Company, and that the California State Water Rights Board must determine, if it grants any permit or permits to the Fallbrook Public Utility District or the Santa Margarita Mutual Water Company, whether there is surplus water in the Santa Margarita River available for appropriation.

Further answering the allegations of said Paragraphs III, IV and V, these answering defendants deny each and all of the allegations of said Paragraphs III, IV and V, and each and every part thereof, excepting only those allegations thereof expressly admitted above.

Further answering the allegations of said Paragraphs III, IV and V, deny that the Defendant in Invention California, or the California State Water Rights Board, or either of them, by the holding of a hearing, or

LAW OFFICES
STONE AND MORAN
680 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6128
RYAN 1-0417

13325

taking under submission, or the determination of whether or not there is

surplus water in the Santa Margarita River available for appropriation,

have, or any of them has, violated the jurisdiction of this Court, or

embarrassed or invaded this Court's jurisdiction, or usurped this Court's

jurisdiction, and on the contrary allege that the nature, character, and

extent of riparian and appropriative rights in and to the water of the

Temecula - Santa Margarita River (which is solely and exclusively an intra-

state stream) and the identity or identities of the owner or owners of

such riparian and appropriative rights (including the plaintiff United

States of America in its proprietary capacity) are, and each of them is,

a matter to be determined solely and exclusively according to the law of

California, and in accordance with the provisions of Article XIV of the

California Constitution and of the statutes  of the State of California

enacted by the Legislature thereof, and to be determined solely and

exclusively by the tribunals erected by the State of California, including

but not limited to the California State Water Rights Board.

Further answering the allegations of said Paragraphs III, IV

and V, allege that the regulation of riparian and appropriative rights in

and to the waters of an intra-state stream (including the Temecula - Santa

Margarita River) and the adjudication and determination of the nature,

character and extent of such rights, and the identity of the owner or

owners thereof (including the plaintiff United States of America in its

proprietary capacity) are, and each of them is, a matter confided exclusively

to the states by the express provisions of the Tenth Amendment of the

Constitution of the United States and that this Court has no jurisdiction

to hear or determine the nature, character or extent of riparian or

appropriative rights in and to the Temecula - Santa Margarita River or to

determine the identity of the owners thereof (including the United States

of America in its proprietary capacity) except in accordance with and

pursuant to appropriate orders made by the lawfully created tribunals of

the State of California (including the California State Water Rights Board)

and in accordance with the provisions of Article XIV of the California

LAW OFFICES
STONE AND MORAN
800 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-6417

13326

1   Constitution and the statutes of the State of California.

XXIX

3   Answering the allegations of Paragraph I of Count No. XI of

4   said supplement to complaint, these answering defendants repeat and re-

5   incorporate herein by this reference their allegations, denials and

6   admissions hereinabove pleaded to Paragraphs I through IX of the complaint

7   as originally filed and to Counts I through X inclusive of the supplement

8   to complaint, and make the same a part hereof with the same force and

9   effect as though set forth in full in this place.

XXX

11   Answering the allegations of Paragraph II of said Count No. XI

12   of said supplement to complaint, admit only that the riparian rights of the

13   United States of America entitle it to share correlatively in the available

14   supply of water with other owners of lands riparian to the Santa Margarita

15   River.

16   Further answering the allegations of said Paragraph II, deny

17   that the number of acres of land riparian to the Santa Margarita River

18   susceptible of practicable and profitable irrigation, title to which is

19   in the United States of America, is any greater than 12,375 acres of lands

20   of that character.

21   Further answering the allegations of said Paragraph II, allege

22   that the United States of America is entitled to no water duty whatsoever

23   for its said lands other than ir or in addition to the water rights

24   awarded to Rancho Santa Margarita, a corporation, the predecessor in

25   interest of the plaintiff United States of America, in that certain judgment

26   annexed to the complaint herein as Exhibit A.

27   Further answering the allegations of said Paragraph II, deny

28   the allegations of said Paragraph II and each and every part thereof

29   excepting only those allegations thereof expressly admitted above.

XXXI

31   Answering the allegations of Paragraph I of Count No. XII of

32   said supplement to complaint, these answering defendants repeat and re-

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

13327

LAW OFFICES
STONE AND DHORAN
850 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

1  incorporate herein by this reference their allegations, denials and

2  admissions hereinabove pleaded to Paragraphs I through IX of the complaint

3  as originally filed and to Counts I through XI inclusive of the supplement

4  to complaint, and make the same a part hereof with the same force and

5  effect as though set forth in full in this place.

6                 XXXII

7        Answering the allegations of Paragraphs II, III, IV, V, VI, VII,

8  VIII, and IX of said Count No. XII, deny the allegations of said Paragraphs

9  II, III, IV, V, VI, VII, VIII and IX and each and every part thereof.

10               XXXIII

11       Answering the allegations of Paragraph I of Count No. XIII of

12  said supplement to complaint, these answering defendants repeat and re-

13  incorporate herein by this reference their allegations, denials and

14  admissions hereinabove pleaded to Paragraphs I through IX of the complaint

15  as originally filed and to Counts I through XII inclusive of the supplement

16  to complaint and make the same a part hereof with the same force and effect

17  as though set forth in full in this place.

18              XXXIV

19       Answering the allegations of Paragraphs II and VI of said Count

20  No. XIII of said supplement to complaint, admit the allegations of said

21  Paragraphs II and VI.

22              XXXV

23       Answering the allegations of Paragraphs III and IV of said Count

24  No. XIII, of said supplement to complaint, allege that these answering

25  defendants do not, nor does either of them, have information, knowledge

26  or belief upon the subject sufficient to enable them, or either of them,

27  to answer the allegations of said Paragraphs III and IV, and, placing

28  their denial upon that ground, deny each and all of the allegations of

29  said Paragraphs III and IV and each and every part thereof.

30              XXXVI

31       Answering the allegations of Paragraph V of said Count No. XIII,

32  allege that these answering defendants, while they admit that the United

13328

States of America owns certain lands within Indian Reservations, National

Forests, and certain lands administered by the Bureau of Land Management,

have no information or knowledge of the descriptions of such lands,

nor of which lands so described are claimed by the plaintiff United States

of America to be owned in its proprietary capacity and which lands in its

sovereign capacity, nor of the nature, character or extent of the water

rights (other than riparian rights), if any, claimed by the plaintiff

United States of America by reason of those several ownerships, nor of the

nature, character or extent of the appropriative rights (if any) to water

of the Temecula - Santa Margarita River or its tributaries claimed by the

plaintiff United States of America by reason of its said ownership thereof.

These answering defendants ask that the plaintiff United States of America

be required to allege each and all of the foregoing facts, insofar as they

affect the rights of these answering defendants.

Further answering the allegations of said Paragraph V, allege

that these answering defendants do not, nor does either of them have

information, knowledge or belief upon the subject sufficient to enable

them or either of them to answer the allegations of said Paragraph V, and

placing their denial upon that ground, deny each and all of the allegations

of said Paragraph V and each and every part thereof.

XXXVII

Answering the allegations of Paragraph I of Count No. XIV of

said supplement to complaint, these answering defendants repeat and re-

incorporate herein by this reference their allegations, denials and

admissions hereinabove pleaded to Paragraphs I through IX of the complaint

as originally filed and to Counts I through XIII inclusive of the supplement

to complaint, and make the same a part hereof with the same force and

effect as though set forth in full in this place.

XXXVIII

Answering the allegations of Paragraph II of said Count No. XIV

of said supplement to complaint, admit the allegations of said Paragraph II.

LAW OFFICES
STONE AND MORAN
850 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

13329

set forth in full in this place.

### XXXXIII

Answering the allegations of Paragraphs II and V of said Count No. XVI, admit the allegations of said Paragraphs II and V.

### XXXXIV

Answering the allegations of Paragraphs III and IV of said Count No. XVI, allege that these answering defendants do not, nor does either of them, have information, knowledge or belief upon the subject sufficient to enable them or either of them to answer the allegations of said Paragraphs III and IV, and, placing their denial upon that ground, deny the allegations of said Paragraphs III and IV and each and every part thereof, and deny that there are approximately 4,000 acres of land within said Pechanga Indian Reservation within the watershed or riparian to the Santa Margarita River or any number of acres whatsoever, and that 2,000 acres or any number of acres whatsoever are susceptible of practicable and profitable irrigation and that a reasonable diversion duty for the irrigation of said lands is 4.2 acre-feet per acre per year or any number of acre-feet per acre per year whatsoever.

### XXXXV

Answering the allegations of Paragraph I of Count No. XVII of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through XVI inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

### XXXXVI

Answering the allegations of Paragraphs II, III and VI of said Count No. XVII, admit the allegations of said Paragraphs II, III and VI.

### XXXXVII

Answering the allegations of Paragraphs IV and V of said Count No. XVII, allege that these answering defendants do not, nor does either

LAW OFFICES
STONE AND MORAN
3RD EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

of them, have information, knowledge or belief upon the subject sufficient
to enable them or either of them to answer the allegations of said
Paragraphs IV and V, and placing their denial upon that ground, deny the
allegations of said Paragraphs IV and V and each and every part thereof,
and deny that there are approximately 300 acres of land within said Ramona
Indian Reservation within the watershed of or riparian to the Santa Margarita
River or any number of acres whatsoever and that 60 acres or any number
of acres whatsoever are susceptible of practicable and profitable irrigation
and that a reasonable diversion duty for the irrigation of said lands is
4.2 acre-feet per acre per year or any number of acre-feet per acre per
year whatsoever.

XXXXVIII

Answering the allegations of Paragraph I of Count No. XVIII
of said supplement to complaint, these answering defendants repeat and re-
incorporate herein by this reference their allegations, denials and
admissions hereinabove pleaded to Paragraphs I through IX of the complaint
as originally filed and to Counts I through XVII inclusive of the supplement
to complaint, and make the same a part hereof with the same force and effect
as though set forth in full in this place.

IL

Answering the allegations of Paragraphs II, III, IV, X and XI
of Count No. XVIII of said supplement to said complaint, admit the
allegations of said Paragraphs II, III, IV, X and XI.

L

Answering the allegations of Paragraphs V, VI, VII, VIII and IX
of said Count No. XVIII, allege that these answering defendants do not,
nor does either of them, have information, knowledge or belief upon the
subject sufficient to enable them or either of them to answer the allegations
of said Paragraphs V, VI, VII, VIII and IX, and, placing their denial upon
that ground, deny that 34,000 acres, or 900 acres, or 11,400 acres, or any
other amount or portion thereof is riparian to said river, and deny that
2,000 acres or 600 acres or 900 acres or any other amount or portion of

LAW OFFICES
STONE AND MORAN
680 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCamore 6-6129
RYan 1-0417

13332

said land whatsoever are susceptible of practible and practicable irrigation and deny that a reasonable diversion duty for the irrigation of said lands is 4.2 acre-feet per acre per year or any number of acre-feet per acre per year whatsoever.

LI

Answering the allegations of Paragraph I of Count No. XIX of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through XVIII inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

LII

Answering the allegations of Paragraphs II and III of said Count No. XIX, admit only the ownership by the United States of America of those lands described in Exhibit "O" attached to said supplementary and amendatory complaint.

Further answering the allegations of said Paragrphs II and III, allege that these answering defendants do not, nor does either of them, have information, knowledge or belief upon the subject sufficient to enable them or either of them to answer the allegations of said Paragraphs II and III save and except only those allegations thereof hereinabove expressly admitted, and, placing their denial upon that ground, deny each and all of the allegations of  said Paragraphs II and III excepting only those allegations thereof expressly admitted above, and deny that there are 40,700 acres of said land within the watershed of or riparian to said river, or any number of acres whatsoever, and that 12,400 acres or any number of acres whatsoever are susceptible of practicable and profitable irrigation.

LIII

Answering the allegations of Paragraph V of said Count No. XIX, admit the allegations contained in said Paragraph V.

LAW OFFICES
STONE AND MORAN
980 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-9128
RYAN 1-0417

13333

LIV

Answering the allegations of Paragraph IV of said Count No. XIX, allege that these answering defendants do not, nor does either of them, have information, knowledge or belief upon the subject sufficient to enable them or either of them to answer the allegations of said Paragraph IV, and placing, their denial upon that ground, deny that a reasonable diversion duty for the irrigation of said lands is 4.2 acre-feet per acre per year, or any number of acre-feet per acre per year whatsoever.

LV

Answering the allegations of Paragraph I of Count No. XX of said supplement to said complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through XIX inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

LVI

Answering the allegations of Paragraph II of Count No. XX, deny that the plaintiff United States of America is entitled to 4.2 acre-feet per acre annually in connection with all or any part of the lands described and referred to in said supplementary and amendatory complaint situated within the said Indian Reservations, National Forests, and lands administrated by the Bureau of Land Management, the Department of the Interior, or any amount of water whatsoever, and, on the contrary, allege that the plaintiff United States of America, as the owner of said lands, whether in its sovereign or its proprietary capacity, or otherwise, is entitled only to riparian use of such waters as flow into, over and upon its said lands, which riparian use is limited to reasonable utilization of said water in and upon those portions only of the lands of plaintiff which are susceptible of practicable and profitable irrigation and are riparian to the streams from which said water is withdrawn, in amounts which are reasonable and correlative with the similar rights of these answering defendants and all

LAW OFFICES
STONE AND MORAN
BARISET COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-4128
RYAN 1-0417

13334

other riparian owners of lands abutting said streams, and tributaries thereto.

### LVII

Answering the allegations of Paragraph I of Count No. XXI of said supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove to Paragraphs I through IX of the complaint as originally filed and to Counts I through XX inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

### LVIII

Answering the allegations of Paragraphs II and III of said Count No. XXI, deny each and every allegation of said Paragraphs II and III and deny that the plaintiff or its predecessors in interest has exercised its alleged rights for the prescriptive period or for any period of time whatsoever, and deny that the use or the diversion of said waters by the plaintiff or its predecessors in interest has been, as against these answering defendants and the predecessors in interest of these answering defendants, open, or notorious, or adverse, or exclusive, or under a claim of right against these answering defendants or their predecessors in interest.

### LIX

Answering the allegations of an un-numbered Paragraph at the commencement of Count No. XXII of the supplement to complaint, these answering defendants repeat and re-incorporate herein by this reference their allegations, denials and admissions hereinabove pleaded to Paragraphs I through IX of the complaint as originally filed and to Counts I through XXI inclusive of the supplement to complaint, and make the same a part hereof with the same force and effect as though set forth in full in this place.

### IX

Answering the allegations of Paragraph I of said Count No. XXII, these answering defendants allege that they do not, nor does either of them, have information, knowledge or belief upon the subject sufficient to enable

18

13335

them or either of them to answer the allegations of said Paragraph I, and placing their denial upon that ground, deny the allegations of said Paragraph I and deny that the plaintiff United States of America has, since the year 1942, or at any time, diverted or appropriated or used, from the Santa Margarita River, any water or waters whatsoever in excess of or in addition to those quantities of water used by said plaintiff in the exercise of its said reasonable riparian rights.

Further answering the allegations of said Paragraph I, allege, that, in the event the plaintiff has, at any time, so diverted, or appropriated or used the waters of said river in excess of or in addition to those quantities of water used by it in the lawful exercise of its said reasonable riparian rights thereto, said use and diversion has not been, nor is the same, open, nor notorious, nor adverse, nor exclusive, nor under a claim of right against these answering defendants or either of them, nor the predecessors in interest of these answering defendants.

LXI

Answering the allegations of Paragraph II of said Count No. XXII, alleges that these answering defendants do not, nor does either of them have information, knowledge or belief upon the subject sufficient to enable them or either of them to answer the allegations of said Paragraph II, and, placing their denial upon that ground, deny each and all of the allegations of said Paragraph II and each and every part thereof, and deny that there have been, at any time, diverted or appropriated or used by the plaintiff 12,300 acre-feet of water or any amount of water whatsoever in excess of the water to which plaintiff is entitled by virtue of that judgment annexed to said complaint as Exhibit "A", from the surface or sub-surface flow of the Santa Margarita River by the reason of its alleged riparian rights.

Further answering the allegations of said Paragraph II, allege that, in the event the plaintiff United States of America has, by reason of its alleged riparian rights, appropriated, diverted or used any water whatsoever from the surface or the sub-surface flow of the Santa Margarita River, outside of the watershed of the Santa Margarita River or outside of

LAW OFFICES
STONE AND MORAN
860 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYcamore 6-6128
RYan 1-0417

13336

1  those lands belonging to the plaintiff United States of America which are

2  riparian to the said Santa Margarita River, or has used the same for

3  military purposes or for any purposes other than domestic, agricultural,

4  and reasonable riparian uses, said use and diversion has been and is a

5  violation of the correlative riparian rights of these answering defendants,

6  and the correlative riparian rights of all other landowners whose lands

7  are riparian to said river and its tributaries, and further allege, that,

8  in the event that such taking or appropriation by the plaintiff United States

9  of America has occurred, the same was and is a taking of the property of

10  these answering defendants, and of all other riparian owners within said

11  watershed, without due process of law, and the taking of private property

12  of these answering defendants and all other riparian owners for public use,

13  without just compensation, all in violation of the provisions of the Fifth

14  Amendment of the United States Constitution, and these answering defendants

15  ask that this Court fix a just compensation to be paid to these answering

16  defendants therefor.

17                              LXII

18          Answering the allegations of Paragraph II of said Count No. XXII,

19  these answering defendants allege that they do not, nor does either of

20  them, have information, knowledge or belief upon the subject sufficient to

21  enable them to answer the allegations of said Paragraph III, and placing

22  their denial upon that ground, deny each and all of the allegations

23  contained in said Paragraph III and the whole thereof, and deny a storage

24  right or a right to divert directly or indirectly or from the surface or

25  the subsurface flow or within or without the watershed or to the use of

26  4,300 acre-feet , or 4,800 acre-feet, or 3,200 acre-feet of water annually

27  or any amount or amounts whatsoever in addition to plaintiff is correlative

28  riparian rights, or that said right or rights so alleged have been exercised

29  since the year 1883 or at any time, or since January 1, 1937, or at any

30  time, or since January 1, 1910, or at any time.

31                             LXIII

32          Answering the allegations of Paragraph I of Count No. XXIII of

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6120
RYAN 1-6417

13337

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYcamore 6-6120
RYan 1-0417

1  the supplement to complaint, these answering defendants repeat and re-

2  incorporate herein by this reference their allegations, denials and

3  admissions hereinabove pleaded to Paragraphs I through IX of the complaint

4  as originally filed and to Counts I through XXII inclusive of the supplement

5  to complaint, and make the same a part hereof with the same force and effect

6  as though set forth in full in this place.

7                                    LXIV

8          Answering the allegations of Paragraph LI of Count No. XXIII,

9  admit that the United States of America has, in connection with its land

10  riparian to the Santa Margarita River, within Camp Pendleton, and United

11  States Naval Ammunition Depot, a right correlatively to share in the waters

12  of the Santa Margarita River with all other owners of land riparian to that

13  stream.

14          Further answering the allegations of said Paragraph II, deny that

15  the lands riparian to the Santa Margarita River, within Camp Pendleton,

16  and the United States Ammunition Depot, toal 38,739 acres, or any number

17  of acres whatsoever in excess of 12,375 acres, and allege that the lands

18  of the plaintiff United States of America, riparian to the Santa Margarita

19  River, within Camp Pendleton, and the United States Naval Ammunition Depot,

20  total no more than 12,375 acres of land.

21          Further answering the allegations of said Paragraph II, admit

22  that a portion of said riparian land (but these answering defendants have

23  no knowledge of the exact amount thereof, and therefore deny that said

24  portion comprises 4,600 acres) overlies the subterranean basin within

25  Camp Pendleton from which a portion of the waters used by said military

26  establishments is pumped by the plaintiff United States of America.

27          Further answering the allegations of said Paragraph II, these

28  answering defendants allege that they do not, nor does either of them,

29  have information, knowledge or belief upon the subject sufficient to enable

30  them to answer the allegations of said Paragraph II save and except only

31  those allegations thereof hereinabove expressly admitted, and, placing their

32  denial upon that ground, deny each and all of the allegations of said

13338

1    Paragraph II, excepting only those allegations thereof expressly admitted

2    above.

3                            LXV

4         Answering the allegations of Paragraph III of said Count No. XXIII,

5    deny that a military use so far as a military use is for other than domestic

6    purposes, or so far as said military use imposes an additional or a greater

7    burden upon upper riparian owners is a proper riparian use and further

8    deny that the United States of America has any non-riparian rights whatsoever.

9                         LXVI

10        Answering the allegations of Paragraph I of Count No. XXIV, of

11    the supplement to complaint, these answering defendants repeat and re-

12    incorporate herein by this reference their allegations, denials and

13    admissions hereinabove pleaded to Paragraphs I through IX of the complaint

14    as originally filed and to Counts I through XXIII inclusive of the supplement

15    to complaint, and make the same a part hereof with the same force and effect

16    as though set forth in full in this place.

17                       LXVII

18        Answering the allegations of Paragraph II of said Count No. XXIV

19    these answering defendants admit the filing on the 30th day of June, 1948,

20    of said Application No. 12,576, the amendment thereof on or about December 13,

21    1948, and the further amendment thereof on or about 13 July, 1949.

22        Further answering the allegations of said Paragraph II, deny each

23    and all of the allegations of said Paragraph II, and the whole thereof,

24    save and except the allegations therein contained which are hereinabove

25    expressly admitted.

26        Further answering the allegations of said Paragraph II, allege that

27    the rights, if any, of the United States of America, pursuant to said

28    application No. 12,576 and amendments thereto to appropriate and/or store

29    water from the Santa Margarita River are, and each of them is, subject to the

30    paramount and correlative riparian rights of all owners of lands riparian

31    to the said Santa Margarita River and its tributaries, including the plaintiff

32    United States of America and these answering defendants, to correlative and

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6128
RYAN 1-0417

13339

1  reasonable riparian use of said water upon lands riparian to the said River

2  and its tributaries.

3                              LXVIII

4        Answering the allegations of Paragraph I of Count No. XXV of the

5  supplement to the complaint, these answering defendants repeat and re-

6  incorporate herein by this reference their allegations, denials and

7  admissions hereinabove pleaded to Paragraphs I through IX of the complaint

8  as originally filed and to Counts I through XXIV inclusive of the supplement

9  to complaint, and make the same a part hereof with the same force and effect

10  as though set forth in full in this place.

11                              LXIX

12        Answering the allegations of Paragraph II of said Count No. XXV,

13  admit only that these answering defendants claim and assert a reasonable

14  riparian right, correlative with the similar reasonable riparian rights of

15  all owners of land riparian to the said Santa Margarita River and its

16  tributaries, including the plaintiff United States of America, to the

17  reasonable riparian beneficial use of said waters on lands riparian to said

18  River and its tributaries, and that said riparian right so claimed by these

19  answering defendants is adverse to the rights, if any, claimed or asserted

20  by the plaintiff United States of America in its sovereign capacity, and

21  is adverse to the rights, if any, claimed or asserted by the plaintiff

22  United States of America in its proprietary capacity, insofar as said

23  proprietary rights are non-riparian in character.

24        Further answering the allegations of said Paragraph II, deny each

25  and every allegation of said Paragraph II, save and except only those

26  allegations thereof which are expressly admitted above.

27        AS AN FOR A SECOND, SEPARATE AND FURTHER DEFENSE TO SAID

28  COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT, THESE ANSWERING

29  DEFENDANTS AND EACH OF THEM ALLEGE AS FOLLOWS:

30                              I

31        These answering defendants are now, and at all times since the

32  19th day of October, 1954, have been the owners, as joint tenants, of the

LAW OFFICES
STONE AND MORAN
680 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6128
RYAN 1-0417

23

13340

following described real property, situated in the County of Riverside,
State of California:

> The South half of the Northwest quarter of the Northeast
> quarter, and the Southwest quarter of the Northeast quarter;
> and the East one half of the Northwest quarter; and the East
> half of the Southwest quarter of the Northwest quarter, and
> the East half of the Northwest quarter of the Northwest
> quarter of Section 20, Township 7 South, Range 4 East,
> San Bernardino Base and Meridian as shown by U. S. Government
> survey, containing 180 acres, more or less.

II

The lands so owned by these answering defendants are, and each and
every part and the whole thereof is, riparian to and abuts upon Hamilton
Creek.  Hamilton Creek rises in the foothills of Lookout Mountain, and
flows in a general West Northwestly direction to the lands of these
answering defendants, and then flows in a general West Southwesterly
direction to the neighborhood of the village of Anza.  For the whole of its
length, said Hamilton Creek is an intermittent stream, and, in the neighbor-
hood of said village of Anza, it sinks into the subsoil, and does not there-
after at any time reappear as a surface stream.

III

Under the whole of the lands of these answering defendants, and
extending Westerly therefrom for a distance unknown to these answering
defendants, there is a large subterranean basin, composed of pervious
materials, and containing large quantities of percolating waters.

IV

The whole of the lands of these answering defendants is suitable
for use, and for many years last past has in fact been used and is now being
used for agricultural purposes, to wit, the pasturage of cattle, the growing
of crops, including barley and other grains, and pasturage and forage for
the said cattle.  The whole of the lands of these answering defendants is
susceptible of practicable and profitable irrigation.  Said land is improved

LAW OFFICES
STONE AND MORAN
850 East Colorado Street
PASADENA, CALIFORNIA
SYCAMORE 6-6128
RYAN 1-0417

13341

by a house, presently occupied by a tenant farmer of these answering
defendants and by his family and by other outbuildings.  The lands of these
answering defendants, as presently used, are suitable and valuable for the
growing of said crops, the pasturage of said cattle, and the maintenance
of a home or homes for these answering defendants and their tenant or
tenants.

Under present conditions and circumstances, the lands of these
answering defendants are suitable and usable for no other purpose or purposes
whatsoever.  Except for said riparian rights to the water of Hamilton Creek,
and said percolating waters in said basin, said lands have no water rights
whatever.

IV

These answering defendants, and their predecessors in interest,
for many years last past, have drilled upon said land  certain wells into
the subterranean basin which underlies the land of these answering
defendants, and have withdrawn, and are now withdrawing, from said subterranean
basin, waters in reasonable amounts used solely and exclusively upon the land
of these answering defendants, the whole of which is riparian to said
Hamilton Creek, which water is used solely and exclusively for said agri-
cultural and domestic purposes, which uses and purposes these answering
defendants allege to be reasonable and proper riparian uses thereof.  The
amount of water presently being used and necessary to be used solely and
exclusively for said agricultural and domestic uses in, upon and about the
said lands of these answering defendants riparian to said Hamilton Creek
in no less than the sum of 4.2 acre-feet per acre per year.  By reason of
the agricultural and domestic use to which said water is exclusively put,
the whole of said water so used by these answering defendants (excepting
only a small loss thereof by evaporation) is returned to the soil and is
again available for the use of lower riparian owners.

V

Said water rights have been, and now are, being used and exercised
by these defendants and their predecessors in interest for a period greatly

25

13342

in excess of the preseviptive period and said use and exercise has been for
the whole thereof open, notorious, adverse, exclusive and under a claim of
right against the plaintiff and each and every other defendant in this
litigation, and their respective predecessors in interest.

VI

In the event that it shall be determined in this action that the
plaintiff United States of America, in any of its capacities, either
sovereign or proprietary, is the owner of the water rights in and to the
subterranean basin underlying the land of these answering defendants, or
that these answering defendants are not entitled, as the owners of the
land hereinabove described, to withdraw from said Hamilton Creek or from the
subterranean basin underlying their land water reasonably required for said
domestic and agricultural purposes upon said riparian lands, then and in
that event the lands of these answering defendants, hereinabove described,
will be wholly worthless.

WHEREFORE these answering defendants pray:

1. That plaintiff United States of America take nothing by its
complaint on file herein, and that these answering defendants be sent hence
with their costs of suit herein incurred.

2. That it be ordered, adjudged and decreed that these answering
defendants are, and each of them is, the owner as joint tenants, of the
real property mentioned and described herein, together with the right, by
means of wells drilled thereon, to withdraw percolating water from the sub-
terranean basin underlying said lands, and to withdraw flowing water, if
any, from said Hamilton Creek, all to be used solely and exclusively for
reasonable riparian uses, to wit, domestic and agricultural purposes, upon
said lands riparian to said Hamilton Creek, in reasonable amounts correlative
to the similar rights of other riparian owners.

3. In the event that it shall be determined in this action that
the plaintiff United States of America, in any of its capacities, is entitled
to all or any part of the said water rights of these answering defendants,
that there be awarded to these answering defendants, by way of inverse

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYan 1-6417

13343

1  condemnation, reasonable compensation for the said taking of their property

2  for public use.

3      4.  That these answering defendants have such other and further

4  relief as to the Court shall seem meet and proper.

5

6                                    of STONE and MORAN

7

8                                    Attorneys for Answering Defendants
                                     John D. Layman and Willowmine E.
9                                    Layman

10

11

12

13

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-8128
RYAN 1-0417

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

13344

being by me first duly sworn, deposes and says: that he ~~is one~~ of the attorneys for the answering defendants John D. Layman and Willowmine E. Layman and makes this verification upon their behalf for the reason that said defendants ~~are~~ and each of them is absent from the County of Los Angeles, in which County affiant maintains his office;

~~is the above-named action;~~ that he has _____ read the foregoing _____ Answer _____

and knows the contents thereof; and that the same is true of ___ his ___ own knowledge, except as to the matters which are therein stated upon ___ his ___ information or belief, and as to those matters he believes it to be true.

Subscribed and sworn to before me this 14

day of ___ June _____ 1958    William f Stone

_Mildred B Fueller_
Notary Public in and for said County and State of California
(SEAL)

LAW OFFICES
STONE AND MORAN
880 EAST COLORADO STREET
PASADENA, CALIFORNIA
SYCAMORE 6-6129
RYAN 1-0417

Attorneys for ___ answering defendants.

Received copy of the within _____

this _____ day of _____, 19___

Attorney for _____

**(AFFIDAVIT OF SERVICE BY MAIL — 1013a, C. C. P.)**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES,  } ss.

___ Mildred B. Fueller ___, being first duly sworn says: That affiant is a citizen of the United States and a resident of the county aforesaid; that affiant is over the age of eighteen years and is not a party to the within above entitled action; that affiant's ~~residence~~ business address is: ___ 880 E. Colorado St., ___ Pasadena, California;

that on ___ June 14, 1958 ___ affiant served

the within ___ Answer

on the ___ Plaintiff ___ in said action, by placing a true copy thereof in an envelope addressed to the attorney ___ of record for said ___ Plaintiff ___ at the ~~residence~~ office address of said attorney ___, as follows: * **

J. Lee Rankin, Solicitor General
Room 332, 325 West "F" Street,
San Diego, California

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States mail at the city where is located the office of the attorney ___ for the person ___ by and for whom said service was made.
   That there is a delivery service by United States mail at the place so addressed or ** there is a regular communication by mail between the place of mailing and the place so addressed. ~~**~~

Subscribed and sworn to before me this 14

day of ___ June ___, 19 58    _Mildred B Fueller_
William f Stone
Notary Public in and for said County and State of California
(SEAL)
* Here quote from envelope name and address of addressee.
** When the letter is addressed to a post office other than where mailed from, strike out "and"; when addressed to the same city where mailed from, strike out "or."

13345