JEAN H. CLARK and MILDRED C. CLARK
Defendants in propria persona
19216 San Bernardino Road
Covina, 6alifornia.

F I L E D

JUN 19 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )   CIVIL NO. 1247- SD - C
           Plaintiff,               )
                                    )   ANSWER OF DEFENDANTS
     v.                             )   JEAN H. CLARK AND
                                    )   MILDRED C. CLARK
FALLBROOK PUBLIC UTILITY            )
DISTRICT, ET AL,                    )
                                    )
           Defendants.              )

The defendants, JEAN H. CLARK and MILDRED C. CLARK, each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own   310   acres of land in San Diego County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto, marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

1  This land is riparian with respect to three small intermittent unnamed
2  streams that flow into Camp Pendleton from the north during and immediately
3  following a rainstorm. Approximately 64.78 acres are tillable crop land
4  and 89.66 acres in addition are orchard land, making a total of 154.44
5  acres. The balance is suitable for homesites, for grazing, for raising
6  fowl, or the like. A small spring is situated near the southwest corner
7  of the property, and a well is located just north of the De Luz road about
8  7oo feet from the west line of section 11. Predecessors of the defendants
9  have irrigated portions of the land in the past, and the water was obtained
10 by pumping from the aforementioned well. Defendants claim the right to take
11 water from the existing well and spring for irrigation and domestic use,
12 to drill four additional wells, and to construct several small flood and
13 erosion control dams. Defendants claim the right to use four hundred
14 ~~seventy nine~~ seventy nine (479) acre feet of water per year from the percolating water
15 under this land. The above figures are computed on the basis of 4 acre feet
16 for crops and 2.5 acre feet for orchards per year. Defendants do not
17 claim any prescriptive or appropriative rights.
18         WHEREFORE, these defendants pray that plaintiff take
19 nothing against them by reason of the Complaint and Supplementary
20 and Amendatory Complaint on file herein; that said Complaint be
21 dismissed as against these defendants; that defendants' right to
22 water, as hereinabove set forth, be quieted as against the plain-
23 tiff and against all other defendants in this action; and for such
24 other and further relief as the Court may deem proper.

*Jean H Clark*

*Mildred C Clark*

Defendants in propria persona

Dated: June 13, 1958.

13475

EXHIBIT A    United States vs Jean H. Clark and Mildred C. Clark

PARCEL 1:

All that portion of Lot 1, and Lot 2 if any, and all of the Northeast Quarter of the Northwest Quarter, and a portion of the Northwest Quarter of the Northeast Quarter, and a portion of the Southwest Quarter of the Northeast Quarter, and a portion of the Southeast Quarter of the Northwest Quarter of Fractional Section 11, Township 9 South, Range 4 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved January 15, 1892, described as follows:

Beginning at a point in the Southerly line of said Fractional Section 11, distant thereon South 84°08'34.41" East 267.00 feet from Corner No. 62 of the Rancho Santa Margarita y Las Flores as said corner is shown on Road Survey 794, said point of beginning being the most Southeasterly corner of that parcel of land conveyed to Kenneth C. Catron and wife, by deed recorded May 29, 1956, in Book 6119, page 533 of Official Records; thence North 2°47'46" East (Deed South 2°26'20" West) along the most Easterly line of said Catron land a distance of 491.07 feet to a corner in said land designated herein as Point "A" being also a point in the center line of County Road Survey 130 as granted by C. A. Deey to the County of San Diego by deed dated March 1, 1898, and recorded in Book 257, page 357 of Deeds, said Point "A" being the Southerly terminus of the Harris Spur Truck Trail and also being the true point of beginning of the herein described parcel of land; thence North 34°15'45" East 253.67 feet; thence South 76°15' East 297.42 feet; thence North 48°05'15" East 374.89 feet; thence North 23°37'30" East 432.66 feet; thence North 64°53'30" East 89.96 feet; thence South 50°17'45" East 257.45 feet; thence North 24°50' East 171.22 feet; thence North 2°38'15" East 226.04 feet; thence North 36°14'15" West 105.09 feet; thence North 16°20' East 200.70 feet; thence North 43°59' East 203.64 feet; thence North 37°18'45" West 104.20 feet; thence North 4°52'15" East 255.82 feet; thence North 13°42'45" East 232.58 feet; thence North 30°27'15" East 177.74 feet; thence North 16°07' East 215.71 feet; thence North 35°10' East 263.87 feet; thence North 77°10'45" West 102.34 feet; thence North 36°03'15" West 151.70 feet; thence North 69°26'45" West 70.71 feet, more or less, to a point in the North line of said Fractional Section 11, distant therealong North 88°03' East 557.69 feet from the North Quarter Section corner of said Fractional Section 11; thence South 88°03' West along the North line of said Fractional Section 11 a distance of 1857.69 feet, more or less, to the Northwest corner of the Northeast Quarter of the Northwest Quarter of said Fractional Section 11; thence South along the West line of said Northeasr Quarter of the Northwest Quarter a distance of 1400 feet, more or less, to the Southwest corner thereof; thence West along the North line of said Lot 1 of said Fractional Section 11 a distance of 1350 feet, more or less, to the West line of said Fractional Section 11; thence South 5°22'51" West along said West line (deed South 04°58'10" West) a distance of 556.55 feet to the most Northwesterly corner of that parcel of land conveyed to Catron; thence South 42°56'40" East 119.68 feet to the beginning of a curve concave Northerly having a radius of 200 feet; thence Easterly along said curve 201.20 feet; thence tangent to said curve North 79°25' East 358.75 feet to the beginning of a curve concave Northwesterly having a radius of 500 feet; thence Northeasterly along said curve 140.11 feet; thence tangent to said curve North 63°21'40" East 73.88 feet to the beginning of a curve concave Southerly having a radius of 100 feet; thence Easterly along said curve 79.14 feet; thence tangent to said curve South 71°17'50" East, 189.41 feet to the beginning of a curve concave Southwesterly having a radius of 120 feet; thence Southeasterly along said curve 118.14 feet;

13476

thence tangent to said curve South 14°53'30" East 628.37 feet to the beginning of a curve concave Northerly having a radius of 50 feet; thence Easterly along said curve 88.18 feet; thence tangent to said curve North 64°04'30" East 254.68 feet to the beginning of a curve concave Southerly having a radius of 150 feet; thence Easterly along said curve 103.86 feet; thence tangent to said curve South 75°51'40" East, 230.95 feet and the true point of beginning.

PARCEL 2:

All that portion of Lot 2, all of Lot 3 and that portion of Lot 4 and a portion of the Northeast Quarter and a portion of the Southeast Quarter of the Northwest Quarter of Fractional Section 11, Township 9 South, Range 4 West, San Bernardino Meridian, in the County of San Diego, State of California, according to United States Government Survey approved January 15, 1892, described as follows:

Beginning at a point in the Southerly line of said Fractional Section 11 distant thereon South 84°08'34.41" East 267.00 feet from Corner No. 62 of the Rancho Santa Margarita y Las Flores, as said corner is shown on Road Survey 794, said point of beginning being the most Southeasterly corner of that parcel of land conveyed to Kenneth C. Catron and wife by deed recorded May 29, 1956, in Book 6119, page 533 of Official Records; thence North 2°47'46" East (deed South 2°26'20" West) along the most Easterly line of said Catron land a distance of 491.07 feet to a corner of said land designated herein as Point "A", being also a point in the center line of County Road Survey 130 as granted by C. A. Deey to the County of San Diego by deed dated March 1, 1898, and recorded in Book 257, page 357 of Deeds, said Point "A" being the Southerly terminus of the Harris Spur Truck Trail; thence North 34°15'45" East 253.67 feet; thence South 76°15' East, 297.42 feet; thence North 48°05'15" East 374.89 feet; thence North 23°37'30" East 432.66 feet; thence North 64°53'30" East 89.96 feet; thence South 50°17'45" East 257.45 feet; thence North 24°50' East 171.22 feet; thence North 2°38'15" East 226.04 feet; thence North 36°14'15" West 105.09 feet; thence North 16°20' East 200.70 feet; thence North 43°59' East 203.64 feet; thence North 37°18'45" West 104.20 feet; thence North 4°52'15" East 255.82 feet; thence North 13°42'45" East 232.58 feet; thence North 30°27'15" East 177.74 feet; thence North 16°07' East 215.71 feet; thence North 35°10' East 263.87 feet; thence North 77°10'45" West 102.34 feet; thence North 36°03'15" West 151.70 feet; thence North 69°26'45" West 70.71 feet, more or less, to a point in the North line of said Fractional Sectional 11, distant therealong North 88°03' East 557.69 feet from the North Quarter Section corner of said Fractional Section 11; thence North 88°03' East along said North line 2075 feet, more or less, to the Northeast corner of said Fractional Section 11; thence South along the East line of said Fractional Section 11 a distance of 2920 feet, more or less, to the Southeast corner of the Northeast Quarter of said Fractional Section 11; thence West along the South line of said Northeast Quarter a distance of 1220 feet, more or less to a line drawn parallel with the West line of said Lot 4 of said Fractional Section 11, said parallel line begins at a point in the Southerly line of said Lot 4 distant thereon North 84°08'34.41" West, 1245.72 feet from the Southeasterly corner of said Fractional Section 11; thence Southerly along said line to a point in the said South line of said Fractional Section 11; thence North 84°08'34.41" West along the South line of said Fractional Section 11 a distance of 2360 feet to the point of beginning.

EXCEPTING therefrom all coal or other minerals in said lands; together with the right to prospect for, mine, and remove the same pursuant to the provisions and limitations of the Act of December 29, 1916 (39 Stat.,862); as reserved by the United States Government in Patent recorded May 21, 1951 in Book 2532, page 167 of Official Records; said exception affects the Northeast Quarter of the Northwest Quarter as to parcel No.1, and the Northwest Quarter of the Northeast Quarter as to Parcel No. 2 only.

13477