(SPACE BELOW FOR FILING STAMP ONLY)

KINDEL & ANDERSON
ATTORNEYS AT LAW
1016 NORTH BROADWAY
SANTA ANA, CALIFORNIA
KIMBERLY 7-4444

Attorneys for Defendants
WALTER OSBORNE, ELAINE P. OSBORNE,
EDWARD H. CRAIG and FREDDA H. CRAIG

FILED
JUN 23 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By [signature] DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
- vs -
FALLBROOK PUBLIC UTILITY DISTRICT, ET AL.,
Defendants.

No. 1247-SD-C

ANSWER

TO

COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT

Comes now the Defendants WALTER OSBORNE, ELAINE P. OSBORNE, EDWARD H. CRAIG and FREDDA H. CRAIG, answering for themselves alone and for none of the other Defendants, admit, deny and allege in answer to Paragraphs I through IX of Plaintiff's original Complaint, as follows:

I

Admit that there is an actual controversy between the Plaintiff and these answering Defendants. Deny that these answering Defendants are in any way unlawfully interfering with the Plaintiff's rights relative to the use of water from the Santa Margarita River.

II

These answering Defendants admit the allegations contained in Paragraph II excepting wherein it is alleged that there is no other site in the entire West Coast providing the facilities of Camp Pendleton, in that these answering Defendants have neither information or belief regarding said allegations and for lack of

COPY RECEIVED

13607

such information or belief, deny same.

III

These answering Defendants admit the allegations contained in Paragraph III.

IV

Deny that these answering Defendants have in any way encroached upon the Santa Margarita River Basin. Deny upon lack of information or belief the threatened destruction of said Basin and the reduction of surface and subterranean water sources. These answering Defendants admit the other allegations contained in said Paragraph IV.

V

Admit the allegations contained in Paragraph V but affirmatively allege that the findings and Stipulated Judgment referred to in said Paragraph are in any way binding upon the rights of these answering Defendants, and further affirmatively allege that these answering Defendants were at no time parties to said action.

VI

These answering Defendants have neither information nor belief concerning the allegations contained in Paragraph VI of Plaintiff's Complaint and based upon such lack of information and belief deny each and every allegation therein contained.

VII

These answering Defendants admit the allegations contained in Paragraph VII of Plaintiff's Complaint.

VIII

These answering Defendants deny generally and specifically each and every allegation contained in Paragraph VIII.

IX

Deny each and every allegation contained in Paragraph IX of Plaintiff's Complaint.

COME NOW THESE ANSWERING DEFENDANTS AND WITH REFERENCE TO COUNT I THROUGH COUNT XXV OF THE PLEADING ENTITLED SUPPLEMENT TO COMPLAINT, ADMIT, DENY AND ALLEGE AS FOLLOWS:

COUNT I

I

In answer to Count I these answering Defendants incorporate by reference Paragraphs I through IX of this Answer as though the same were fully set forth.

COUNT II

I

These answering Defendants reallege Paragraph I of answer to Count II as though the same were fully set forth.

II

These answering Defendants with reference to Paragraph II and III of Count II, have neither information or belief regarding same and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT III

I

These answering Defendants reallege and reaffirm each and every allegation contained in Counts I and II hereof.

II

In answer to Paragraphs II through V of Count III, these answering Defendants deny generally and specifically the allegations therein contained based upon lack of sufficient information and belief regarding same.

COUNT IV

I

These answering Defendants reallege each and every allegation contained in Counts I through III of this Answer.

II

In answer to Paragraph II through V of Count IV these

KINDEL & ANDERSON
ATTORNEYS AT LAW



13608

Defendants have neither information nor belief regarding same and based upon such lack of information and belief deny generally and specifically each and every allegation therein contained.

COUNT V

I

These answering Defendants reallege each and every Paragraph heretofore set forth in Counts I through IV of this Answer.

II

These answering Defendants have neither information or belief regarding the allegations contained in Paragraphs II through VII of Count V and for lack of such information or belief deny generally and specifically each and every allegation therein contained.

COUNT VI

I

These answering Defendants reallege each and every Paragraph heretofore alleged answering Counts I through V of Plaintiff's Supplemental Complaint as are contained in Counts I through V of this Answer.

II

In answer to Paragraphs II through V of said Count VI these answering Defendants have neither information nor belief and upon such lack of information or belief deny generally and specifically each of the allegations contained in said Paragraphs II through V of said Count VI of Plaintiff's Supplemental Complaint.

COUNT VII

I

These answering Defendants in answer to Paragraph I of Count VI reallege their answer to Counts I through VI of Plaintiff's Supplemental Complaint as though the same were fully set forth herein.

II

These answering Defendants have neither information nor belief regarding the allegations contained in Paragraphs II and III of said Count VII and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT VII

I

These answering Defendants incorporate by reference each and every Paragraph of their answer to Counts I through VII to Plaintiff's Supplemental Complaint as though the same were fully set out herein.

II

In answer to Paragraphs II through IV of said Count VIII these answering Defendants have neither information or belief and based upon such lack of information or belief, deny generally and specifically each and every allegation therein contained.

COUNT IX

I

These answering Defendants reallege each and every Paragraph contained in each Count of this answer heretofore alleged as though the same were fully set forth, to Plaintiff's Supplemental Complaint.

II

With reference to Paragraphs II through IV of Count IX of Plaintiff's Supplemental Complaint, these answering Defendants have neither information or belief and upon such lack of information or belief deny each and every allegation therein contained.

COUNT X

I

These answering Defendants reallege each and every allegation contained in their answer to Counts I through IX of Plaintiff's

Supplement to Complaint, and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants have neither information nor belief regarding the allegations contained in Paragraphs II through V of Plaintiff's Count X and based upon such lack of information and belief deny generally and specifically each and every allegation therein contained.

COUNT XI

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through X of this answer to Plaintiff's Supplement to Complaint, and incorporate the same herein as though fully set forth.

II

Deny generally and specifically each and every allegation contained in Paragraph II of Plaintiff's Count XI.

COUNT XII

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Plaintiff's Counts I through XI herein contained as though the same were fully set forth herein.

II

These answering Defendants have neither information or belief regarding the allegations contained in Paragraphs II through IX of Plaintiff's Count XII and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT XIII

I

These answering Defendants reallege and reaffirm their

answer herein contained to Counts I through XII of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants deny generally and specifically the allegations contained in Paragraphs II through VI of Plaintiff's Count XIII based upon lack of information or belief regarding the truth or falsity of the allegations contained therein.

COUNT XIV

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XIII of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants have neither information or belief regarding the allegations contained in Paragraph II of Plaintiff's Count XIV and based upon such lack of information and belief deny generally and specifically each and every allegation therein contained.

COUNT XV

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XIV of Plaintiff's Supplement to Complaint as hereinbefore set forth, and incorporate the same by reference herein as though fully set forth.

II

These answering Defendants deny generally and specifically each and every allegation contained in Paragraphs II through VI of Count XV of Plaintiff's Supplement to Complaint based upon lack of information or belief regarding same.

COUNT XVI

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XV of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants have neither information nor belief regarding the allegations contained in Paragraphs II through V of Count XVI of Plaintiff's Supplement to Complaint and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT XVII

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XVI of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

With reference to Paragraphs II through VI of Plaintiff's Count XVII, these answering Defendants have neither information or belief regarding same and upon such lack of information or belief deny each and every allegation therein contained.

COUNT XVIII

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XVII of Plaintiff's Supplement to Complaint, and incorporate the same herein as though fully set forth.

II

In answer to Paragraphs II through XI of Count XVIII, these answering Defendants deny generally and specifically the allegations

KINDEL & ANDERSON
ATTORNEYS AT LAW



13614

therein contained based upon lack of information and belief regarding same.

COUNT XIX

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XVIII of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants have neither information or belief regarding Paragraphs II through V of Count XIX of Plaintiff's Supplement to Complaint and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT XX

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XIX of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants with reference to Paragraph II of Count XX, have neither information or belief regarding same and based upon such lack of information or belief deny generally and specifically each and every allegation therein contained.

COUNT XXI

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XX of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants with reference to Paragraph II and III of Count XXI have neither information nor belief and upon such lack of information or belief deny generally and specifically each of the allegations contained in said Paragraphs.

COUNT XXII

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XXI of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants deny generally and specifically each and every allegation contained in Paragraphs I, II and III of Count XXII of Plaintiff's Supplement to Complaint upon lack of information or belief regarding same.

COUNT XXIII

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XXII of Plaintiff's Supplement to Complaint and incorporate the same by reference herein as though the same were fully set forth.

II

In answer to Paragraphs II and III of Count XXIII these answering Defendants have neither information nor belief regarding same and upon such lack of information or belief deny generally and specifically each and every allegation contained therein.

COUNT XXIV

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XXIII of Plaintiff's Supplement to Complaint and incorporate the

same by reference herein as though the same were fully set forth.

II

In answer to Paragraph II of Count XXIV of Plaintiff's Supplement to Complaint, these answering Defendants have neither information or belief regarding same and upon such lack of information or belief deny generally and specifically each and every allegation contained therein.

COUNT XXV

I

These answering Defendants reallege and reaffirm each and every allegation contained in their answer to Counts I through XXIV and incorporate the same by reference herein as though the same were fully set forth.

II

These answering Defendants have neither information or belief regarding the allegations contained in Paragraph II of Count XXV of Plaintiff's Supplement to Complaint and based upon such lack of information or belief deny generally and specifically each and every allegation contained therein.

AFFIRMATIVE STATEMENT OF RIGHTS OF ANSWERING DEFENDANTS WALTER OSBORNE AND EALINE P. OSBORNE

I

These answering Defendants, WALTER OSBORNE and ELAINE P. OSBORNE, husband and wife, are the owners of real property more particularly described in Exhibit A hereto and incorporated herein by reference as though the same were fully set forth.

II

Said real property owned by these answering Defendants WALTER OSBORNE and ELAINE P. OSBORNE, is riparian land consisting of approximately Four Hundred and Six (406) acres. Of said acreage, Three Hundred Ninety-three (393) acres are presently under cultiva-

KINDEL & ANDERSON
ATTORNEYS AT LAW



13617

tion. Of said cultivated land, Thirty-eight (38) acres are devoted to the cultivation of fruit trees, Sixty-five (65) acres to the cultivation of alfalfa, and Two Hundred Ninety (290) acres to oats and cattle feed. There are at this time, approximately One Hundred and Six (106) head of cattle on these answering Defendant's real property. Water on said land is obtained from two (2) springs and two (2) wells located on said property. In the year 1957, it is these answering Defendants' estimate that 245,350 gallons of water per acre were used in the maintenance and development of the property. Located on said answering Defendants, WALTER OSBORNE and ELAINE P. OSBORNE's land are four (4) water storage lakes. In cubic feet, the total storage capacity of said lakes is 686,000 cubic feet of water.

III

These answering Defendants, WALTER OSBORNE and ELAINE P. OSBORNE, claim the right to use not less than 96,422.400 gallons of water annually, and affirmatively allege that future development of said real property will require greater amounts of water, the exact amount of which is unknown at this time.

AFFIRMATIVE STATEMENT OF RIGHTS OF ANSWERING DEFENDANTS EDWARD H. CRAIG AND FREDDA H. CRAIG

I

The real property owned by these answering Defendants, EDWARD H. CRAIG and FREDDA H. CRAIG, consists of approximately One hundred Sixty (160) acres more particularly described in Exhibit B hereto and incorporated herein by reference as though the same were fully set forth.

II

Said real property owned by these answering Defendants, EDWARD H. CRAIG and FREDDA H. CRAIG, is being utilized at this time for a hunting and fishing lodge, having been used for such

purpose for approximately fifteen (15) years heretofore. There is located upon said real property a residence, club room, cabins, barn and garage. It is the intention of these answering Defendants to further improve the property in the future by the addition of cabins, additional living quarters for help, swimming pool, showers and additional toilet facilities. There are at present, no crops on said real property.

III

It is the estimate of these answering Defendants, EDWARD H. CRAIG and FREDDA H. CRAIG, that four (4) acre feet of water per year will be sufficient to satisfy the anticipated development of said real property. However, said figure is an estimate only and these answering Defendants request leave to amend this Answer in the future if more accurate data as to the anticipated water needs is available.

WHEREFORE, these answering Defendants, WALTER OSBORNE, ELAINE P. OSBORNE, EDWARD H. CRAIG and FREDDA H. CRAIG, respectfully pray:

1. That this Honorable Court determine and decree the respective rights of the Plaintiff and these answering Defendants as they relate one to the other in the use of water from the Santa Margarita River or from the subterranean basin or basins which underly same.

2. That specifically this Honorable Court determine the rights of these answering Defendants to the use of any water which may underline their respective properties or which may flow through their respective properties, and the rights of the Plaintiff, UNITED STATES OF AMERICA, if any, in and to said water.

3. These answering Defendants further pray that the Plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said

KINDEL & ANDERSON
ATTORNEYS AT LAW



13619

Complaint be dismissed as against these Defendants and that further these Defendants' right to water as hereinabove set forth be quieted against the Defendants and each and every of the other Defendants in this action.

4. For such other relief as to the Court may seem just and proper.

Dated: June 9th, 1958.

WALTER OSBORNE

ELAINE P. OSBORNE

EDWARD H. CRAIG

FREDDA H. CRAIG

KINDEL & ANDERSON

By ROBERT S. BARNES
Attorneys for Defendants

STATE OF CALIFORNIA
COUNTY OF ORANGE } ss.

WALTER OSBORNE being duly sworn, deposes and says: That he is the one of the Defendants in the within and above entitled action; that he has read the within and foregoing ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT and knows the contents thereof; that the same is true of his own knowledge, except as to the matters which are therein stated on his information and belief, and as to those matters that he believes it to be true.

Subscribed and sworn to before me this 9th day of June 1958

/s/ Walter Osborne
WALTER OSBORNE

(SEAL)

[signature]
Notary Public in and for said County and State

(AFFIDAVIT OF SERVICE BY MAIL — 1013a, C. C. P.)

STATE OF CALIFORNIA
COUNTY OF ORANGE } ss.

ETHEL GERBER, being first duly sworn, says: That affiant, whose address is 1016 North Broadway, Santa Ana, California, is a citizen of the United States, a resident of the county where the herein described mailing took place; over the age of 18 years and not a party to the above entitled action.

That affiant served the attached ANSWER TO COMPLAINT AND SUPPLEMENTARY AND AFFIRMATIVE COMPLAINT (copy title of paper served) on the Attorney for Plaintiff (name of party served) in said action, by placing a true copy thereof in an envelope addressed as follows:

JOHN M. CRANSTON, SPECIAL MASTER
1410 BANK OF AMERICA BUILDING
SAN DIEGO 1, California
(name and address as shown on the envelope)

sealed and deposited on the 18 day of June, 1958 in the United States Mail at Santa Ana, California (place of mailing, name of county) with postage fully prepaid thereon, and there is regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 18 day of June, 1958

[signature]
Notary Public in and for said County and State
(SEAL)

Ethel Gerber

13621

EXHIBIT A

LEGAL DESCRIPTION OF REAL PROPERTY VESTED IN THE NAME OF WALTER OSBORNE and ELAINE P. OSBORNE

In the County of Riverside, State of California:

PARCEL 1: The Northeast quarter of the Southeast quarter of Section 12, Township 8 South, Range 1 East, San Bernardino Base and Meridian, and Government Lot 3, being the Fractional Northwest quarter of the Southwest quarter of Section 7, Township 8 South, Range 2 East, San Bernardino Base and Meridian;

EXCEPTING from the Southeast quarter of Section 12 that portion thereof lying Northwesterly of the Cahuilla-Aguanga Road, as conveyed to the County of Riverside by Deed from Mary Keller Lange, dated September 16, 1935 and recorded February 9, 1937 in Book 313 page 145 of Official Records, Riverside County Records;

ALSO EXCEPTING therefrom all minerals and rights to prospect for, mine and remove the same as reserved by the United States of America Pursuant to act of Congress.

PARCEL 2: That portion of Government Lot 2 in Section 7, Township 8 South, Range 2 East, San Bernardino Base and Meridian, and that portion of the Southeast quarter of the Northeast quarter and of the Northwest quarter of the Southeast quarter of Section 12, Township 8 South, Range 1 East, San Bernardino Base and Meridian, lying Southeasterly of that certain road conveyed to the County of Riverside by Deed from Harry H. Bergman and wife, dated August 8, 1934 and recorded March 19, 1935, in Book 226 page 23 of Official Records, Riverside County Records.

PARCEL 3: Lot 4, the East half of the Southwest quarter, and the Southeast quarter of the Northwest quarter and the Northwest quarter of the Southeast quarter of Section 7, Township 8 South, Range 2 East, San Bernardino Base and Meridian;

EXCEPTING all the coal and other minerals in said land, together with the right to prospect for, mine and remove the same, pursuant to the provisions and limitations of the Act of December 29, 1916 (39 Stat. 862) as excepted and reserved in Patent from United States to Elsie Anna Collins, formerly Elsie Anna Wolf, dated September 10, 1937, recorded January 28, 1938 in Book 364 page 227 of Official Records, Riverside County Records.

PARCEL 4: All of the Southwest quarter of the Northeast quarter of Section 7, Township 8 South, Range 2 East, San Bernardino Base and Meridian; Also all that portion of the South half of the Southeast quarter of Section 6 and of the North half of the Northeast quarter of Section 7, and of the Northeast quarter of the Northwest quarter of Section 7, all in Township 8 South, Range 2 East, San Bernardino Base and Meridian, lying Southerly of the Southerly line of that certain highway 80 feet wide as described in Decree of Condemnation entered in the Superior Court of Riverside County, Case No. 26225, dated March 1, 1937 and certified copy thereof recorded March 2, 1937 in Book 312 page 456 of Official Records, Riverside County Records;

EXCEPTING all the coal and other minerals in said land, together with the right to prospect for, mine and remove the same, pursuant to the provisions and limitations of the Act of December 29, 1916 (39 Stat. 862) as excepted and reserved in Patent from United States to Chris E. Matthews, dated December 16, 1925, recorded March 5, 1927 in Book 9 page 218 of Patents, Riverside County Records.

EXHIBIT B

LEGAL DESCRIPTION OF REAL PROPERTY VESTED IN THE NAME OF EDWARD H. CRAIG AND FREDDA H. CRAIG

In the County of Riverside, State of California:

The north half of the northwest quarter; the southwest quarter of the northwest quarter and the northwest quarter of the southwest quarter of Section 26, all in Township 7 south, Range 1 east, San Bernardino Meridian, as shown by United States Government Survey; excepting therefrom an easement in favor of the Public over any portion thereof included in Public Roads. Together with and including all the right, title and interest of the Grantors in and to an easement in and over the south half of the southwest quarter of Section 26, Township 7 south, Range 1 East, San Bernardino Base and Meridian, as shown by United States Government Survey, to provide access to and from Wilson Creek and for right of ingress and egress to the northwest quarter of north half of the southwest quarter of Section 26, Township 7 South, Range 1 east, San Bernardino Base and Meridian; which said easement and right of way were by and to Grantors in a deed issued to Robert R. and Georgia E. Kerr, et al, and recorded January 25, 1945 in Book 657, Page 556 of Official Records of Riverside County of California.

Deed dated February 24, 1958 and executed March 1, 1958.

Escrow No. 969, handled by Security First National Bank, Post Office Box 756, Vista, California

Recorded April 8, 1958 in Book 2251, page 2 of Official Records of Riverside County of California.