PARKER, MILLIKEN & KOHLMEIER
650 South Spring Street
Los Angeles 14, California
MAdison 4-1451

Attorneys for Gordon Spencer, Defendant

FILED

JUN 24 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff

          v.

FALLBROOK PUBLIC UTILITY

DISTRICT, et al, including

GORDON SPENCER,

              Defendants

No. 1247-SD-C

ANSWER, COUNTERCLAIM AND
CROSS-CLAIM OF GORDON SPENCER
TO COMPLAINT AND SUPPLEMENTORY
AND AMENDATORY COMPLAINT

ANSWER, COUNTERCLAIM AND CROSS-CLAIM

    Comes now GORDON SPENCER, defendant, by his attorney,

Harrison Harkins, and answers the allegations of the Complaint and Supplemen-

tary and Amendatory Complaint as follows:

IN RE COMPLAINT (PARAGRAPHS I THROUGH IX)
AS ORIGINALLY PLED JANUARY 25, 1951

I

    Defendant admits the allegations of Paragraph I of the Complaint As

Originally Filed, except that he denies he has unlawfully interfered with the

rights, if any, of the plaintiff to the use of water in the Santa Margarita River.

II

    Defendant alleges he is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph II of

1

13768

said Complaint, except that he admits that Camp Joseph H. Pendleton, the United States Naval Ammunition Depot, and the United States Naval Hospital, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America.

III

Defendant admits the allegations of Paragraph III of said Complaint.

IV

Defendant alleges he is without knowledge or information to form a belief as to the allegations contained in Paragraph IV of said Complaint, except that he admits that the course of the Santa Margarita River is as stated in the Complaint.

V

Defendant denies that the adjudication suit or the stipulation judgment referred to in Paragraph V of said Complaint involved his property or adjudicated his rights in the waters of the Santa Margarita River. Defendant alleges that he is without knowledge or information to form a belief as to the remaining allegations of said Paragraph V, except he admits that the adjudication suit was instituted and tried and the stipulation judgment entered.

VI

Defendant admits that plaintiff is a successor in interest of Rancho Santa Margarita, with respect to lands acquired from the Rancho; but defendant alleges he is without knowledge or information to form a belief as to the remaining allegations of Paragraph VI of said Complaint

VII & VIII

Defendant alleges he is without knowledge or information to form a belief as to the allegations of Paragraphs VII and VIII of said Complaint.

IX

Defendant denies the allegations contained in Paragraph IX of said Complaint.

IN RE SUPPLEMENT TO COMPLAINT

IN RE COUNT NO. I

Answering Count No. I of the Supplement To Complaint, defendant

13769

2

incorporates in his answer each and all of the preceding admissions, denials, and allegations of this Answer.

### IN RE COUNT NOS. II, III, IV, V, VI, VII, VIII, IX, & X

To the extent, if any, to which the allegations of Count Nos. II, III, IV, V, VI, VII, VIII, IX and X of the Supplement To Complaint may apply to the defendant, he denies each and every such allegation of the specified counts.

### IN RE COUNT NO. XI

I

Answering Paragraph I of Count No. XI of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth in this answer to Count No. XI.

II

Defendant denies the allegations of Paragraph II of Count No. XI.

### IN RE COUNT NO XII

I

Answering Paragraph I of Count No. XII of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth in this answer to Count No. XII.

II to IX

Defendant alleges he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs II to IX, inclusive, of Count No. XII; except that defendant denies he has violated, invaded or encroached upon the rights, if any, of plaintiff to the use of water from the Santa Margarita River, or that he has caused irreparable damage to plaintiff.

### IN RE COUNT NO XIII

I

Answering Paragraph I of Count No. XIII of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth in this answer to Count No. XIII.

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13770

II and III

Defendant admits Paragraphs II and III of Count No. XIII.

IV to VI, inclusive

Defendant alleges he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs IV to VI, inclusive of Count No. XIII.

IN RE COUNT NO. XIV

I

Answering Paragraph I of Count No. XIV of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth in this answer to Count No. XIV.

II

Defendant admits Paragraph II of Count No. XIV.

IN RE COUNT NO. XV

I

Answering Paragraph I of Count No. XV of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth at length in this answer to Count No. XV.

II to VI, inclusive

Defendant alleges he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs II to VI, inclusive, of Count No. XV.

IN RE COUNT NO. XVI

I

Answering Paragraph I of Count No. XVI of the Supplement To Complaint, the defendant incorporates all of the preceding portions of his Answer as completely as though set forth at length in this answer to Count No. XVI.

II, III & IV

Defendant admits the allegations of Paragraphs II, III and IV of Count No. XVI.

V

Defendant alleges he is without knowledge or information sufficient to

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13771

1　form a belief as to the truth of the allegations contained in Paragraph V of

2　Count No. XVI.

### IN RE COUNT NO. XVII

#### I

5　　　　Answering Paragraph I of Count No. XVII of the Supplement To Com-

6　plaint, the defendant incorporates all of the preceding portions of his Answer

7　as completely as though set forth in this answer to Count No. XVII.

#### II to VI, inclusive

9　　　　Defendant alleges he is without knowledge or information sufficient

10　to form a belief as to the truth of the allegations contained in Paragraphs II to

11　VI, inclusive, of Count No. XVII.

### IN RE COUNT NO. XVIII

#### I

14　　　　Answering Paragraph I of Count No. XVIII of the Supplement To

15　Complaint, the defendant incorporates all of the preceding portions of his

16　Answer as completely as though set forth in this answer to Count No. XVIII.

#### II to XI, inclusive

18　　　　Defendant alleges he is without knowledge or information sufficient

19　to form a belief as to the truth of the allegations contained in Paragraphs II to

20　XI, inclusive, of Count No. XVIII.

### IN RE COUNT NO. XIX

#### I

23　　　　Answering Paragraph I of Count No. XIX of the Supplement To Com-

24　plaint, the defendant incorporates all of the preceding portions of his Answer

25　as completely as though set forth in this answer to Count No. XIX.

#### II to IV, inclusive

27　　　　Defendant alleges he is without knowledge or information sufficient

28　to form a belief as to the truth of the allegations contained in Paragraphs II to

29　IV, inclusive, of Count No. XIX.

### IN RE COUNT NO. XX

#### I

32　　　　Answering Paragraph I of Count No. XX of the Supplement To Com-

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13772

1  plaint, the defendant incorporates all of the preceding portions of his Answer,

2  as completely as though set forth in this answer to Count No. XX.

3  II

4  Answering Paragraph II of Count No. XX, defendant admits the

5  plaintiff is making certain claims in this litigation, but denies the validity of

6  said claims and the remaining allegations of Paragraph II.

7  IN RE COUNT NO. XXI

8  I

9  Answering Paragraph I of Count No. XXI of the Supplement To Com-

10  plaint, defendant incorporates the preceding portions of his  Answer as com-

11  pletely as though set forth in this answer to Count No. XXI.

12  II & III

13  Defendant denies the allegations of Paragraphs II and III of Count No.

14  XXI.

IN RE AMENDMENT TO COMPLAINT

IN RE COUNT NO. XXII

17  Answering the Amendment To Complaint and Count No. XXII,

18  defendant incorporates the preceding portions of his Answer as completely as

19  though set forth in this answer to the Amendment To Complaint and to Count

20  No. XXII; and defendant denies all of the allegations of Count No. XXII.

21  IN RE COUNT NO. XXIII

22  I

23  Answering Paragraph I of Count No. XXIII of Amendment To Com-

24  plaint, defendant incorporates the preceding portions of his Answer as com-

25  pletely as though set forth in this answer to Paragraph I of Count No. XXIII.

26  II

27  Defendant has no knowledge or information sufficient to form a belief

28  as to the truth of the allegations contained in Paragraph II of Count No. XXIII.

29  III

30  Defendant denies that a military use is a proper riparian use, and

31  denies the allegations of Paragraph III of Count No. XXIII.

32

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

6

13773

IN RE COUNT NO. XXIV

I

Answering Paragraph I of Count No. XXIV of Amendment To Complaint, defendant incorporates the preceding portions of his Answer as completely as though set forth in this answer to Paragraph I of Count No. XXIV.

II

Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of Count No. XXIV; and defendant denies the plaintiff has a priority for the storage of any water from the Santa Margarita River.

IN RE COUNT NO. XXV

I

Answering Paragraph I of Count No. XXV of Amendment To Complaint, defendant incorporates the preceding portions of his Answer as completely as though set forth in this answer to Paragraph I of Count No. XXV.

II

Answering Paragraph II of Count No. XXV, defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph which relate to other defendants. For himself, defendant admits he claims the right to use the waters of the Santa Margarita River watershed, and denies any other allegation of said Paragraph II relating to him.

COUNTERCLAIM

I

Claimant, GORDON SPENCER, is the holder of the legal title to the Southwest quarter of the Northwest quarter of Section 36, Township 8 South, Range 2 West, San Bernardino Base Meridian, containing 40 acres.

II

Under the provisions of an Act of the Congress of the United States of America, entitled "An act to provide for the survey of the public lands in California, the granting of pre-emption rights therein, and for other purposes" approved March 3, 1853, there was granted to the State of California, among

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

7

13774

other lands, Section 36 of Township 8 South, Range 2 West, San Bernardino
Base Meridian, inclusive of the claimant's land.

### III

From time to time the Legislature of the State of California has
provided for the sale and conveyance of lands received by the State under said
Act of Congress. Under date of July 1, 1955, Rufus W. Putnam, Executive
Officer, California State Lands Commission, issued Certificate No. 19747 in
accordance with the applicable provisions of law, certifying that the claimant's
land had been duly and properly located in accordance with law, that the laws
in relation thereto had been complied with, that payment in full had been made,
and that claimant was entitled to receive a patent therefor; whereupon the State
of California granted said land to claimant in accordance with the law.

### IV

Claimant's land is located within the Santa Margarita River watershed,
and as the successor in interest to the United States of America and the State
of California, claimant is entitled to and claims all of the rights, titles, inter-
ests and privileges of his predecessors, in and to the waters of the Santa
Margarita River watershed as they relate to claimant's land.

### V

Claimant's land is located within the exterior boundaries of the
Pechanga Indian Reservation, and within the Santa Margarita River watershed.

### VI

Claimant's land is traversed by or borders and abuts upon, Pechanga
Creek, also known as Penjango Creek, an intermittent stream rising on the
northerly slopes of Agua Tibia Mountain, which enters Temecula Creek, a
short distance upstream from the junction of the latter creek with Murrieta
Creek.

### VII

Claimant's land is riparian in character, and by reason of his
riparian land claimant is entitled to participate correlatively in the available
supply of water in the Santa Margarita River watershed.

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13775

VIII

Twenty-five of the forty acres of claimant's land are susceptible of practicable and profitable irrigation.

IX

A reasonable diversion duty for the irrigation of said twenty-five acres is four and two-tenths (4.2) acre-feet per acre per year.

X

Claimant's claim of right to use of waters pertains both to the surface and subsurface flow of Pechanga Creek and its tributaries.

CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS
NAMED IN THE SUMMONS ISSUED APRIL 9, 1958,
IN THE PRINCIPAL ACTION, TOGETHER WITH
ALL DEFENDANTS, IF ANY, HEREAFTER
JOINED IN THE PRINCIPAL ACTION

Claimant, GORDON SPENCER, by way of cross-claim against all of the defendants referred to in the title of this Cross-Claim incorporates herein, as fully as though set forth at length herein, the allegations of Paragraphs I to X, inclusive, of his Counterclaim.

PRAYERS

WHEREFORE, defendant and claimant, GORDON SPENCER, prays that this Honorable Court determine, declare and adjudge the following:

1. That plaintiff take nothing by its action as far as plaintiff's claims relate to defendant and claimant.

2. That the rights to the use of water in the Santa Margarita River watershed claimed by claimant are prior and paramount to all of the rights of user claimed by the plaintiff under appropriative or prescriptive rights.

3. That insofar as the riparian rights to the use of water claimed by claimant are concerned, that his share is correlative in the available supply of water in the Santa Margarita River watershed with all other owners of riparian rights to the uses of said waters.

4. That the respective rights to all parties to the litigation be determined and decreed as they relate one to another.

5. That the title of claimant be quieted in and to the user of waters

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13776

1    of the Santa Margarita River watershed as against all adverse claimants.

2          6.   That defendant and claimant is entitled to such further and

3    additional relief as may be proper.

4          7.   That defendant and claimant be allowed his costs.

6    DATED: June 20 , 1958.

9                                          Harrison Harkins

10                                         650 South Spring Street
11                                         Los Angeles 14, California
                                           MAdison 4-1451
12

13                                         Attorney for defendant and claimant
                                                      Gordon Spencer

PARKER, MILLIKEN & KOHLMEIER
ATTORNEYS AT LAW
650 SOUTH SPRING STREET
LOS ANGELES 14, CALIFORNIA
MADISON 4-1451

13777

10