

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
BELMONT 9-1131

**FILED**

JUL 9 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                    DEPUTY CLERK

SACHSE & PRICE
Fallbrook, California
Randolph 8-1154

Attorneys for   Fallbrook Public Utility District

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF  AMERICA,<br><br>                    Plaintiff<br><br>        vs.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>                    Defendants. | NO.  1247-C<br><br>SUPPLEMENT TO FALLBROOK PUBLIC<br>UTILITY DISTRICT'S REPLY TO<br>MEMORANDUM RESPECTING THE JURIS-<br>DICTION, POWER AND RESPONSIBILITY<br>OF THIS COURT. |

        We desire to supplement our Brief filed July 7th 1958 in
reply to the Plaintiff's Memorandum Respecting The Jurisdiction,
Power and Responsibility of this Court, in that while we covered
the subject matter generally in our reply, it appears that we did
not pin-point our Answer to the Plaintiff's contention that Fall-
brook Public Utility District's appropriative rights were entitled
to a priority only as  of the date of the  amendments thereto
changing the place of diversion from Sandia Creek and Rainbow
Creek to the main stream of the Santa Margarita River and not of
the date of their original filing.

        Right to change place of diversion and use has always
been recognized in California as one of the rights of an appro-
priator provided such change does not injure the existing rights
of another.

COPY RECV=..

4097

In 1872, when the original codes of this State were
first adopted, Civil Code, Section 1412 declared:

" Point of Diversion May be Changed.  The person
entitled to the use may change the place of diversion, if
others are not injured by such change, and may extend the
ditch, flume, pipe, or aqueduct by which the diversion is
made to places beyond that where the first use was made."

The right to change the place of diversion is granted an
applicant upon permission to the State Water Rights Board provided
it will not operate to the injury of any legal user of the water.
(Water Code Secs. 1701 and 1702).

At all times in California an appropriator has had the
right to change his place of diversion and use provided no exist-
ing vested rights were thereby injured.

Hutchins, in his excellent recent text book "The Cali-
fornia Law of Water Rights" declares at page 175 under the heading:

"                 Changes in Exercise of Rights.

It has long been settled in California that an
appropriator may change the point of diversion, place of
use, or character of the use of water in the exercise of
his right without affecting his right to divert and use
the water, provided that the rights of others are not
thereby impaired."

and cited in support thereof San Bernardino v. Riverside, 186 Calif
7, 28-29, 198 Pac. 784; Ramelli v. Irish, 96 Calif. 214,217, 31 Pac.
41; Jacob v. Lorenz, 98 Calif. 332, 340, 33 Pac. 119; Hargrave v.
Cook 108 Calif. 82, 80-81, 41 Pac. 18.

Hutchins then goes on to specifically declare:

" Appropriations under the Water Code.  At any time after
the giving of notice of an application to appropriate
water, an applicant, permittee, or licensee, may change
the point of diversion, place of use, or purpose of use

-2-

4098

1  "from that specified in the application, permit, or license,

2  but only with the permission of the State Water Rights

3  Board.  Before giving permission, the board must find

4  that the change will not operate to the injury of any

5  legal user of the water involved."  (Emphasis added)

6      Here the State Water Rights Board has already acted

7  after a full open public hearing and has made its findings and

8  rightly determined and granted to Fallbrook's two applications

9  No. 12178 and No. 12179 the rights and priorities as of the date

10 of the original filing of said applications, and not restricted

11 their priorities to a date subsequent to that of the United States

12 Navy Application to Appropriate No. 12576.  There cannot possibly

13 be any injury to the riparian rights of the Navy on Camp Pendleton.

14 Fallbrook's two applications were issued  subject to vested rights

15 which certainly covers all of Pendleton's riparian rights of every

16 sort and nature.

17      The Plaintiff in this case certainly cannot claim that

18 Fallbrook Public Utility District, by amending its two applications,

19 has injured Plaintiff's appropriative rights.  At the very time

20 and place, and after due notice, the Plaintiff's attorneys appeared

21 before the State Water Rights Board and declined and refused to

22 press or complete or present any evidence in support of the Navy's

23 application No. 12576.  The Navy, having filed with the predecessor

24 of the State Water Rights Board its application No. 12576 to

25 appropriate 165,000 acre-feet per annum of Santa Margarita River

26 water had thereby submitted itself and its appropriative claim to

27 the jurisdiction of the State agencies and when the Government's

28 attorney, Mr. Veeder, appeared before the State Water Rights Board

29 at its official public hearing August 12, 1957 and declined and

30 refused without just cause or reason to proceed with the presen-

31 tation of the merits of its application, it thereby abandoned its

32 rights to further prosecute that  application or to claim any

-3-

4099

1   rights thereunder and the  State WaterRights Board correctly so

2   found in its decision on April 10, 1958 in denying Application

3   No. 12576.

4        The Plaintiff in this case cannot "blow hot and cold"

5   and first claim it has complied with the State law, rules and

6   regulations in filing, completing and prosecuting the Navy Appli-

7   cation No. 12576, while at the same time it is asserting that it

8   does not need to comply with State laws, rules and regulations

9   and does not need to file any application with the State agencies

10  to appropriate Santa Margarita River water.  This Court and the

11  State of California and its Water Right agencies have a right to

12  receive from the United States Government and its attorneys a

13  franker, more open-and-above-board attitude and a more honest

14  statement of their position on this important question than that

15  which they have taken up to date.

16        It is our considered opinion and conclusion that

17  Fallbrook Public Utility District's two applications No. 12178

18  and No. 12179 and the permits ordered issued thereon by the State

19  Water Rights Board are and must be considered by this Court as

20  having a priority, <u>of the date of their original filing,</u> and that

21  the Plaintiff has no legal or logical basis for claiming that it

22  today has prior appropriative rights to those of Fallbrook Public

23  Utility District under the Navy's uncompleted and abandoned

24  Application No. 12576.

25

26                          Respectfully Submitted,

27                          SACHSE AND PRICE

28                          SWING, SCHARNIKOW & STANIFORTH

29                          BY

30                          Attorneys for Defendant
                            FALLBROOK PUBLIC UTILITY DISTRICT

31

32

                              -4-

                                              4100

SWING, SCHARNIKOW & STANIFORTH
ATTORNEYS AT LAW
604 SAN DIEGO TRUST & SAVINGS BUILDING
SAN DIEGO 1, CALIFORNIA
BElmont 9-1131

SACHSE & PRICE
Fallbrook, California

Attorneys for FALLBROOK PUBLIC UTILITY DISTRICT

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff<br><br>  vs<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>     Defendants. | NO. 1247-SD-C<br><br>AFFIDAVIT OF SERVICE BY MAIL<br>C.C.P. 1013a) |

STATE OF CALIFORNIA )
        ) ss
COUNTY OF SAN DIEGO )

   MARIAN W. ALLEN, being first duly sworn, says:

   That affiant is a citizen of the United States, over 18

years of age, a resident of San Diego County, and not a party to

the within action;

   That affiant's business address is 604 San Diego Trust &

Savings Bldg., San Diego, California;

   That affiant served the attached SUPPLEMENT TO FALLBROOK

PUBLIC UTILITY DISTRICT'S REPLY TO MEMORANDUM RESPECTING THE

JURISDICTION, POWER AND RESPONSIBILITY OF THIS COURT, by placing

a true copy thereof in envelopes as follows:

        Honorable J. Lee Rankin
        Solicitor General
           and
        Mr. William H. Veeder, Special Assistant
          to the Attorney General
        DEPARTMENT OF JUSTICE
        WASHINGTON, D. C.

-1-

4101

1                Adolphus Moskovitz, Esq.
               Deputy Attorney General
2                Library and Courts Bldg.
               Sacramento, California.
3

               John Cranston, Esq.
4                Special Master
               1425 Bank of America Bldg.
5                San Diego, California

6                W. B. Dennis, Esq.
               Attormey at Law
7                365 Broadway
               Vista, California
8

               George Stahlman, Esq.
9                Attorney at Law
               Box 235
10               Fallbrook, California.

11 which envelopes were then sealed and postage fully prepaid thereon

12 and thereafter on July 9, 1958, were deposited in the United

13 States mail at San Diego, California; that there is delivery

14 service by the United States mail at the places so addressed.

15

16                           *Marion M. Allen*

17 SUBSCRIBED AND SWORN TO

18 before me this 9th day of July, 1958

19 *Elsie M. Bradford*

20

    Notary Public in and for said
21 County and State.

22

23                         -2-

24

25

26

27

28

29

30

31

32

                                            4102