Paul E. Walker and
Helen H. Walker

1    Defendants in propria persona
     704 Strand
2
     Manhattan Beach, California
3    FRontier 2 2266

F I L E D

JUL 16 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

4              IN THE UNITED STATES DISTRICT COURT

5               SOUTHERN DISTRICT OF CALIFORNIA

6                     SOUTHERN DIVISION

7
     UNITED STATES OF AMERICA,        )    CIVIL NO. 1247- SD - C
8                                   )           AMENDED
            Plaintiff,               )    ANSWER OF DEFENDANTS
9                                   )
     v.                                      )    Paul E. Walker and Helen H. Walker
10                                   )
     FALLBROOK PUBLIC UTILITY        )
11   DISTRICT, ET AL,                    )
                                  )
12            Defendants.       )

13         The defendants, Paul E. Walker and Helen H. Walker

14   each severing from their co-defendants and each for himself or her-

15   self alone, in answer to the Complaint and Supplementary and Amenda-

16   tory Complaint on file herein, admit, deny, and allege:

17               ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
                        AMENDATORY COMPLAINT
18
         These answering defendants hereby incorporate by reference
19
     all of the allegations contained in the answer to said Complaint and
20
     Supplementary and Amendatory Complaint filed in this case by Newton
21
     T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II
22
     of the portion thereof entitled "Affirmative Statement of Rights")
23
     and make each and all of said allegations a part of this answer
24
     the same as if herein set forth at length.
25
26                    AFFIRMATIVE STATEMENT OF RIGHTS

27         These defendants own 122.8 acres of land in Riverside

28   County, California, and within the watershed of the Santa Margarita

29   River, more particularly described in the document attached hereto,

30   marked Exhibit A, which is hereby incorporated by reference as a

31   part of this statement. INDEXED

32                  COPY RECEIVED

                           -1-

                                                                    14319

1    Defendants' land is mostly a small valley of which approximately
2 one hundred acres is under cultivation and the balance is used for pasture and
3 buildings. Like other lands in the area, it is underlain with a rock basin from
4 the surface to possibly twenty-five feet below, with occasional surface outcrop-
5 ping.
6    Two small stream courses (in wet weather) come together below
7 the house and it is the source of several springs, known from Mexican War days
8 as Antelope Springs.
9    The former owner, from whom defendants purchased this land,
10 lived on it for over sixty years, and used it as a stock and grain ranch.
11    There are several stock and domestic wells on it, one powered by a
12 small pressure pump to furnish water to house, grounds and buildings.
13    The land is rich and under irrigation will produce a large variety of
14 crops, and would require up to 400 acre feet annually, under full development.
15 Eighty acres of the property, with improvements, is now under option to a
16 purchaser who intends to raise a few race horses on it in line with his life-long
17 business.
18    The remaining 42.8 acres, with a stock well, is under consideration
19 from another party for the same purpose.
20    This land, with other property in the neighborhood, was purchased
21 after full and thorough investigation anticipating its future irrigation with
22 imported water from the Colorado River. Aqueduct and canal from which water
23 will be taken to irrigate it, should be finished by 1960; several contracts have
24 been let.
25    For four or five years prior to last winter, there was little or no
26 infiltration from storm water and no run off, due to dry years. Last winter
27 there was both infiltration and storm water run off.
28    Any restrictions placed on the use of the small amount of water
29 available, or on defendants' right to locate and dig, if necessary, additional
30 well, or wells, would be of negligible value to Camp Pendleton (they get the
31 run off below us anyhow when there is any,) and could well destroy the salability
32 of the land at this time and thereby work a great and irreparable damage to

defendants.

Whereas, the orderly development of this land is going to bring about the use of imported Colorado River water and a constant infiltration into the underground channels from such use, thereby benefitting defendants and plaintiff alike.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

*Paul E. Walker*

*Helen H. Walker*

Defendants in propria persona

Dated: July 15, 1958

14321

# EXHIBIT A

## DESCRIPTION OF LAND

The land herein referred to, owned by defendants Paul E. Walker and Helen H. Walker, is located in Riverside County, California, is more particularly described as:

(Parcel #1): South One-half (S-1/2) of the Northeast One-fourth (NE-1/4) of Section Twenty-four (24), Township Six (6) South Range Three (3) West, San Bernardino Base and Meridian, together with a thirty-foot (30') easement for ingress and egress along the Easterly end of the Northerly Eighty (80) acres of the West One-half (W-1/2) of Section Twenty-four (24), Township Six (6), South Range Three (3) West, and extending south at the Southerly end thirty (30 feet.

(Parcel #2): Fractional Lot Two (2) in Section Nineteen (19) Township Six (6) South Range Two (2) West, San Bernardino Base and Meridian, containing 42.8 acres, plus or minus.

Exhibit A

14322