Sidney C. Johnson    Paul B. Hansen
Ethel H. Johnson     Lois M. Hansen
Roy A. Hopkins       Paul E. Walker
Edna M. Hopkins      Helen H. Walker

1  Defendants in propria persona
   704 Strand
2  Manhattan Beach, California
   Frontier2 2266
3

FILED
JUL 16 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

4           IN THE UNITED STATES DISTRICT COURT

5              SOUTHERN DISTRICT OF CALIFORNIA

6                     SOUTHERN DIVISION

7
8  UNITED STATES OF AMERICA,          )   CIVIL NO. 1247- SD - C
                                      )       AMENDED
9             Plaintiff,              )   ANSWER OF DEFENDANTS
                                      )   Sidney C. Johnson   Paul B. Hansen
10      v.                            )   Ethel H. Johnson    Lois M. Hansen
                                      )   Roy A. Hopkins      Paul E. Walker
11 FALLBROOK PUBLIC UTILITY           )   Edna M. Hopkins     Helen H. Walker
   DISTRICT, ET AL,                   )
12                                    )
              Defendants.             )

13      The defendants, Sidney C. Johnson, Ethel H. Johnson, Roy A. Hopkins,
   Edna M. Hopkins, Paul B. Hansen, Lois M. Hansen, Paul E. Walker, Helen H. Walker,
14 each severing from their co-defendants and each for himself or her-
15 self alone, in answer to the Complaint and Supplementary and Amenda-
16 tory Complaint on file herein, admit, deny, and allege:
17          ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
                     AMENDATORY COMPLAINT
18
19      These answering defendants hereby incorporate by reference
20 all of the allegations contained in the answer to said Complaint and
   Supplementary and Amendatory Complaint filed in this case by Newton
21
22 T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II
23 of the portion thereof entitled "Affirmative Statement of Rights")
24 and make each and all of said allegations a part of this answer
25 the same as if herein set forth at length.

26              AFFIRMATIVE STATEMENT OF RIGHTS
27      These defendants own    360    acres of land in Riverside
28 County, California, and within the watershed of the Santa Margarita
29 River, more particularly described in the document attached hereto,
30 marked Exhibit A, which is hereby incorporated by reference as a
31 part of this statement.

Defendants' land overlays rock structure at a depth of from two to thirty feet. About 240 acres of the deeper soil is now in grain and the balance is used for pasture. Under irrigation, most of the pasture land could be irrigated for permanent pasture, and the rest is suitable for the great variety of crops grown in the area and would require up to a thousand acre feet annually under full development.

There is no possibility of developing any large supply of irrigation water locally from shallow wells but said wells are suitable for domestic, stock and possibly small areas of trees and garden, and the right to drill them is a very important factor, both psychologically and practically in the salability of the land, otherwise anyone moving on to it would have no water at all for four or five years if drilling or digging were restricted.

Defendants purchased the land because after careful investigation they were convinced that Colorado River Water will become available for use within five years at most, but even after such water is available and in use, such local wells will be extremely desirable for domestic and other uses, between irrigations.

The last five years, up to last winter, were dry years and soil penetration of such water that fell was not sufficient for much to get into underground basins and channels. Last winter was wet and there was some run off, as well as considerable penetration and refilling.

The point is that any restrictions placed on the right to drill or dig such small wells or to build small check dams for soil conservation would be of little practical worth to Camp Pendleton, but would be a serious and irreparable damage to defendants.

Whereas through the orderly development of these lands and the application of imported Colorado River water, a steady permanent infiltration will take place from irrigation, as well as from the occasional, sporadic flow from wet years, most of which runs off anyway, and becomes available for users below, and defendants and plaintiff will together profit.

14324

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18    WHEREFORE, these defendants pray that plaintiff take
19    nothing against them by reason of the Complaint and Supplementary
20    and Amendatory Complaint on file herein; that said Complaint be
21    dismissed as against these defendants; that defendants' right to
22    water, as hereinabove set forth, be quieted as against the plain-
23    tiff and against all other defendants in this action; and for such
24    other and further relief as the Court may deem proper.
25
26    *Sidney E. Johnson*                *Paul B. Hansen*
27    *Ethel N. Johnson*                 *Lois M. Hansen*
28    *Roy A. Hopkins*                   *Paul E. Walker*
      *Edna M. Hopkins*                  *Helen H. Walker*
29                                       Defendants in propria persona
30
31    Dated:    July 15, 1958

14325

EXHIBIT A

DESCRIPTION OF LAND

The land herein referred to and owned by defendants Sidney C. Johnson, Ethel H. Johnson, Roy A. Hopkins, Edna M. Hopkins, Paul B. Hansen, Lois M. Hansen, Paul E. Walker and Helen H. Walker, is located in the County of Riverside, State of California, and is more particularly described as follows:

> The West One-half (W-1/2) and the Southwest Quarter (SW-1/4) of the Southeast Quarter (SE-1/4) of Section Twenty-four (24), Township Six (6) South, Range Three (3) West, San Bernardino Base and Meridian;

EXCEPTING therefrom the Northerly thirty (30) feet conveyed to the County of Riverside by Deed filed for Record September 13, 1949, as Instrument No. 1489.