Law Offices
W. B. DENNIS

Rt. 1, Box 55
Fallbrook, California
Phone RAndolph 8-2130

Attorney for Defendant

SANTA MARGARITA MUTUAL WATER

COMPANY, a corporation

(Space Below For
Filing Stamp Only)

# FILED

JUL 1 8 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al,

    Defendants

No. 1247 - SD-C

ANSWER OF
SANTA MARGARITA MUTUAL
WATER COMPANY, A
CORPORATION

    COMES NOW the defendant SANTA MARGARITA MUTUAL WATER COMPANY, a corporation, and appearing for itself alone and not for any other defendant herein, by way of Answer to plaintiff's Complaint and Supplementary and Amendatory Complaint, admits, denies and alleges as follows, to-wit:

### FIRST DEFENSE

#### I

    Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of plaintiff's Complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that the United States of America instituted the above entitled action for the purpose of having its rights to the use of water in the Santa Margarita River, a natural stream, and its

INDEXED

COPY RECEIVED

14360

tributaries, declared by the court and to have the court quiet its title to such rights and enjoin the defendants from interfering with plaintiff's rights as declared by the court.

II

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph II of plaintiff's Complaint, and therefore denies each and every allegation, matter and fact contained therein, except that this defendant admits that Camp Joseph H. Pendleton, located near Oceanside, California, the United States Ammunition Depot, located near Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, are located in the Counties of San Diego and Orange in the State of California, and are military establishments maintained by the United States of America, and that the United States of America claims to own title to said property in fee simple.

III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph III of plaintiff's Complaint, and therefore denies each and every allegation, matter and fact contained therein.

IV

For answer to Paragraph IV of plaintiff's Complaint, this defendant denies each and every allegation, matter and fact contained therein, except that this defendant admits that the Santa Margarita River is one source of supply of water furnished and used by Camp Joseph H. Pendleton, the Naval Ammunition Depot, and the United States Naval Hospital. Admits that said river, which is known in its upper reaches as the Temecula River, and also known as the Temecula-Santa Margarita

1  River, is a non-navigable stream of fresh water which rises
2  near or on the northerly slope of Palomar Mountain in San
3  Diego County, California, and proceeds in a generally westerly
4  direction for a distance of approximately eighteen miles,
5  where it crosses the boundary of Riverside County and enters
6  San Diego County, at which point it continues in a generally
7  southwesterly direction across San Diego County until it
8  empties into the Pacific Ocean. Admits that said river and
9  its tributaries flow partly on the surface and partly under
10 the surface, in well-defined channels. This defendant further
11 admits that after said river enters the lands of the plaintiff,
12 there are numerous underground basins composed of pervious
13 materials, sands, gravels and other fluvial deposits, the
14 exact areas and depths of which are unknown to this answering
15 defendant; but alleges that no portion of any basin which
16 underlies said river where it crosses the lands of plaintiff
17 underlies any portion of the lands of this answering defend-
18 ant. Admits that said river in its course traverses approxi-
19 mately twenty-one miles of the property of plaintiff, and that
20 there are no water users below the lands of said plaintiff on
21 said river, and that the plaintiff owns the lands traversed
22 by said river from the point where the Santa Margarita River
23 enters plaintiff's property to the point where the river bed
24 enters the Pacific Ocean. Denies that this answering defend-
25 ant has in any way encroached upon any rights plaintiff may
26 have in or to the waters of said river or that this defendant
27 has reduced the quantities of water available to plaintiff
28 from said river or any subterranean source. Denies that any
29 acts of this answering defendant has damaged in any way any
30 rights or property of plaintiff.
31               V
32      This defendant denies each and every allegation

Page 3.   14362

1  contained in Paragraph V of plaintiff's Complaint, except that
2  this defendant admits that the Rancho Santa Margarita, a cor-
3  poration, the predecessor in interest of the United States of
4  America, was the plaintiff in an action instituted in the
5  Superior Court of the State of California in and for the
6  County of San Diego, No. 42850, against N. R. Vail, Mary Vail
7  Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell,
8  the VailCompany, an association of persons transacting busi-
9  ness under that common name, N. R. Vail, Mary Vail Wilkinson,
10 Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees
11 of said Vail Company, Mahlon Vail, executor of the estate of
12 Margaret R. Vail, Deceased, and Laura Perry Vail, executrix
13 of the estate of William Banning Vail, Deceased, defendants;
14 and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, execu-
15 tors of the Will of Murray Schloss, deceased, and Philip
16 Playtor, interveners, which action was tried in said Superior
17 Court and resulted in a judgment for plaintiff, which judg-
18 ment was subsequently reversed by the Supreme Court of the
19 State of California, and that thereafter the parties to said
20 action entered into a stipulated judgment, which judgment
21 adjudicated the rights of the parties in that action to the
22 use of waters of the Santa Margarita River, and in this re-
23 spect this defendant alleges that it was not party to said
24 action and that it is not privy to any parties named in said
25 action or said judgment, and that said action did not involve
26 the use of water claimed by this defendant, and that it is
27 not bound by said stipulated judgment or any part thereof or
28 the findings of fact or conclusions of law entered in said
29 action.

VI

31 Alleges that this answering defendant is without
32 knowledge or information sufficient to form a belief as to the

Page 4.        14363

1 truth of the allegations contained in Paragraph VI of plain-
2 tiff's Complaint, and therefore denies each and every allega-
3 tion, matter and fact contained therein.

### VII

Alleges that this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VII of plaintiff's Complaint, and therefore denies each and every allegation, matter and fact contained therein.

### VIII

Alleges that this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph VIII of plaintiff's Complaint, and therefore denies each and every allegation, matter and fact contained therein except that this answering defendant specifically denies that the plaintiff has a paramount right to any water or waters or to the use of any water or waters in or from the Santa Margarita River or any tributary thereof, and further denies that plaintiff has any right in and to the waters and in and to the use of the waters of the Santa Margarita River or any tributary thereof other than those rights which may accrue to plaintiff by virtue of its ownership of land which is riparian to the Santa Margarita River.

### IX

For answer to Paragraph IX of plaintiff's Complaint, this defendant denies each and every allegation contained in said Paragraph IX and specifically denies that it has in any way violated any rights of plaintiff as therein alleged or at all. This defendant admits that it has asserted and does now assert that its rights to the use of water to be produced, stored or extracted from the Santa Margarita River and its

tributaries thereof is paramount to the rights of plaintiff and denies that its rights were acquired subsequent to or with full knowledge of the rights of the United States of America or its predecessors in interest. This defendant alleges that it claims rights in and to the waters of said river and its tributaries and the right to store flood waters of said river and its tributaries, and denies that said rights were acquired subsequent to the rights of plaintiff and its predecessor in interest, the Rancho Santa Margarita, a corporation. Denies that this answering defendant has encroached upon or is encroaching upon any rights of plaintiff and denies that this defendant has made any diversion or diversions of the waters of the Santa Margarita River and its tributaries upstream from Camp Pendleton or at all, but admits that its right to produce, divert, extract and store water from said Santa Margarita River and its tributaries upstream from the lands of plaintiff is paramount to the rights of the United States of America.

X

By way of answer to Paragraphs I of Count No. I through Count No. XXV both inclusive of plaintiff's Supplementary and Amendatory Complaint, this defendant re-alleges and re-avers each and every allegation, matter and fact contained in Paragraphs I through IX of this answer.

XI

By way of answer to Paragraph V of Count No. III of plaintiff's Supplementary and Amendatory Complaint this defendant denies that the Santa Margarita River is over appropriated.

XII

By way of answer to Paragraph II of Count No. 4 of plaintiff's Supplementary and Amendatory Complaint, this defendant denies that the Fallbrook Public Utility District has undertaken, in connection with Applications No. 12178 and

14365

No. 12179 as amended on July 28, 1952, to condemn lands for an alleged dam and reservoir to be situated up-stream on the main stem of the Santa Margarita River and in this respect alleges that any dam or reservoir for which said lands are being condemned is to store water under the Fallbrook Public Utility District's Application No. 11587, filed with the State of California, Department of Public Works, Division of Water Resources, State Engineer.

XIII

By way of answer to Count No. VI of plaintiff's Supplementary and Amendatory Complaint this defendant denies each and every allegation, matter and fact therein contained except that this defendant admits that after the institution of this action the Fallbrook Public Utility District drastically amended its applications to the State of California, Department of Public Works, Division of Water Resources, State Engineer.

XIV

By way of answer to Count No. VI & VII of plaintiff's Supplementary and Amendatory Complaint this defendant denies each and every allegation, matter and fact contained therein except that this defendant admits that the Fallbrook Public Utility District has failed to prosecute with due diligence their application to appropriate waters from the Santa Margarita River, Sandia Creek and Rainbow Creek.

XV

By way of answer to Count No. VIII of plaintiff's Supplementary and Amendatory Complaint this defendant denies generally and specifically each and every allegation, matter and fact contained therein, generally and specifically except that this defendant admits that the Rainbow Municipal Water District, a municipal corporation, instituted an action on

1  May 31, 1956 to condemn the Vail Dam and other properties. At
2  the time said action in condemnation was filed, a lis pendens
3  was recorded in the county in which said properties were
4  located and with the Division of Water Resources, State of
5  California.

XVI

7  By way of answer to Count No. IX of plaintiff's
8  Supplementary and Amendatory Complaint this defendant denies
9  each and every allegation, matter and fact contained therein
10 generally and specifically except that this defendant admits
11 that the Rainbow Municipal Water District on May 2, 1956
12 filed a complaint in eminent domain in the Superior Court of
13 the State of California in and for the County of San Diego to
14 condemn the rights of the Santa Margarita Water Company to the
15 use of waters of the Santa Margarita River system.

XVII

17 By way of answer to Count No. 10 of plaintiff's
18 Supplementary and Amendatory Complaint this defendant denies
19 each and every allegation, matter and fact contained therein
20 generally and specifically except that this defendant admits
21 that a purported hearing before the State Water Rights Board
22 was held over the objection of the United States of America
23 and without notice to the Rainbow Municipal Water District on
24 August 12 - 14, 1957 -- on Fallbrook Public Utility District's
25 Applications No. 12178 and 12179; the applications of the Santa
26 Margarita Water Company No. 11578 and 12152 as amended; and
27 the United States Navy Department Application No. 12576 in
28 violation of this courts jurisdiction and the stipulation
29 heretofore entered into between the State of California, Fall-
30 brook Public Utility District, United States of America and
31 the Santa Margarita Water Company; and that the California
32 States Water Rights Board must determine whether there is

surplus water in the Santa Margarita River available for appropriation to justify the issuance of a permit.

### XVIII

By way of answer to Count No. 11, Count No. 12, Count No. 13, Count No. 14, Count No. 15, Count No. 16, and Count No. 17 of plaintiff's Supplementary and Amendatory Complaint this defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies each and every allegation, matter and fact contained therein. Except that this defendant admits that the allegations in Paragraph II of Count No. 13 and the allegations of Paragraph III of Count No. 15 of plaintiff's Supplementary and Amendatory Complaint are true and that the Fallbrook Public Utility District and Charles F. Sawday are now and for some time last past have been diverting waters from the Santa Margarita River.

### XIX

By way of answer to Count No. 18 of plaintiff's Supplementary and Amendatory Complaint this defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies each allegation, matter and fact contained therein except that this defendant admits that the facts contained in Paragraph III, of said Count no. 18 are true.

### XX

By way of answer to Count No. 19, Count No. 20, Count No. 21, Count No. 22, Count No. 23, Count No. 24 and Count No. 25 of plaintiff's Supplementary and Amendatory Complaint this defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies each

14368

and every allegation, matter and fact contained therein.

For a Second Further and Separate and Distinct Defense.

This answering defendant alleges that on or about the 4th day of October, 1946, defendant Santa Margarite Mutual Water Company filed an application with the Division of Water Resources of the State of California, pursuant to Sections 1260 et seq. of the Water Code of the State of California, for a permit to appropriate waters from the Santa Margarita River and its tributaries. That this defendant claims and alleges to have the right to divert not to exceed 60 cubic feet per second from the stream flow of said Santa Margarita River and its tributaries, and to store 5,000 acre feet of the waters of the Santa Margarita River under and pursuant to any permit which may hereafter be issued by the State of California pursuant to the application hereinbefore mentioned. That thereafter and on or about the 12th day of November, 1947, defendant Santa Margarita Mutual Water Company filed its application with the Division of Water Resources of the State of California under and pursuant to Sections 1260 et seq. of the Water Code of the State of California, for permission to store 60,000 acre feet of the waters of the Santa Margarita River and to divert not to exceed 60 cubic feet per second from the stream flow of said Santa Margarita River and its tributaries under and pursuant to any permit which may be issued by said Division of Water Resources; and that thereafter and on or about the 30th day of June, 1948, the plaintiff, the United States of America, filed its application with the Division of Water Resources of the State of California under and pursuant to the provisions of Sections 1260 et seq. of the Water Code of the State of California, wherein plaintiff requested the

Page 10.

14369

1   issuance of a permit authorizing it to store 165,000 acre feet
2   of water of the Santa Margarita River; and that any and all
3   rights which the United States of America may have in and to
4   the waters or the use of waters under and pursuant to the terms
5   of any permit issued by the State of California, will be sub-
6   ject to the rights of this defendant under any permits granted
7   by the Division of Water Resources of the State of California
8   upon the applications filed by Santa Margarita Mutual Water
9   Company, and that the rights to the use of water of said
10  Santa Margarita River by this defendant is paramount, prior
11  and superior to the rights to the use of said water by the
12  plaintiff United States of America.  That any and all rights
13  which the United States of America may acquire under and pur-
14  suant to their said application are junior to and subject to
15  the rights of this defendant to use and take water from said
16  Santa Margarita River, and that the rights of this defendant
17  are paramount to the rights of the United States of America to
18  the use of water of said Santa Margarita River on non-riparian
19  lands and for non-riparian purposes.
20
21          For a Third Further and Separate and Distinct
22  Defense.
23          That the cause of action set forth in plaintiff's
24  Complaint is barred by Sec. 318 of the Code of Civil Proce-
25  dure of the State of California.
26
27          For a Fourth Further and Separate and Distinct
28  Defense.
29          That the cause of action set forth in plaintiff's
30  Complaint is barred by Sec. 319 of the Code of Civil Pro-
31  cedure of the State of California.
32

Page 11.   14370

For a Fifth Further and Separate and Distinct Defense.

That at the time of the commencement of this action there was and there now is an application on file with the State of California Department of Public Works, Division of Water Resources, made and filed by the United States of America on the 30th day of June 1948, which application is numbered 12576, wherein said United States of America asked for permission to divert from a point of diversion located on the Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9 South, Range 4 West, San Bernardino Base and Meridian, 165,000 acre feet of water from the Santa Margarita River. That said application has never been withdrawn or dismissed, and that the same is still pending before the Division of Water Resources, and that the rights of the United States of America to divert waters from said river are contingent upon a permit being issued by the State Water Rights Board, other than such water as said United States of America may use upon its riparian land for riparian uses.

WHEREFORE this answering defendant prays that the plaintiff take nothing by this action, and that by decree of court it be adjudged and decreed that this defendant, the Santa Margarita Mutual Water Company, a corporation, is the owner of and entitled to take and divert and store waters from the Santa Margarita River under and pursuant to such permits as may hereafter be issued by the Division of Water Resources of the State of California on the applications heretofore filed by this defendant with the Division of Water Resources, and that this court decree that this defendant's right to divert, store and use water of said Santa Margarita River is paramount and superior to the rights of the United States of

14371

America to use, store or divert waters of said Santa Margarita River and its tributaries except for riparian purposes on lands owned by it which are riparian to said Santa Margarita River; and that said plaintiff and all persons claiming under said plaintiff be forever barred from asserting any right, title, interest or estate in or to said water, or claiming that plaintiff's rights to use the waters of the Santa Margarita River for non-riparian purposes and use on non-riparian lands, are superior, correlative or equal to the rights of this defendant to use, store and divert the waters of said Santa Margarita River and its tributaries; and that plaintiff be restrained and enjoined from asserting any such claims and that this answering defendant have such other and further relief as the court may deem meet and equitable, and recover its costs herein incurred and expended.

W. B. DENNIS,

Attorney for Defendant Santa Margarita Mutual Water Company, a corporation.

14372