Law Offices

W. B. DENNIS

Rt. 1, Box 55
Fallbrook, California
Phone RAndolph 8-2130

Attorney for Defendant

RAINBOW MUNICIPAL WATER

DISTRICT, a municipal

corporation

(Space Below For
Filing Stamp Only)

# FILED

JUL 1 0 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

      vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al,

              Defendants

No. 1247 - SD-C

ANSWER OF
RAINBOW MUNICIPAL WATER
DISTRICT, a municipal
corporation

      COMES NOW the defendant RAINBOW MUNICIPAL WATER

DISTRICT, a municipal corporation, and appearing for itself

alone and not for any other defendant herein, by way of Ans-

wer to plaintiff's Complaint and Supplementary and Amendatory

Complaint, admits, denies and alleges as follows, to wit:

              FIRST DEFENSE

                  I

      Alleges that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations

contained in Paragraph I of plaintiff's Complaint, and there-

fore denies each and every allegation, matter and fact con-

tained therein, except that this defendant admits that the

United States of America instituted the above entitled action

for the purpose of having its rights to the use of water in

the Santa Margarita River, a natural stream,  and its

**INDEXED**

1   tributaries, declared by the court and to have the court quiet

2   its title to such rights and enjoin the defendants from inter-

3   fering with plaintiff's rights as declared by the court.

4                                 II

5       Alleges that it is without knowledge or information

6   sufficient to form a belief as to the truth of the allegations

7   contained in Paragraph II of plaintiff's Complaint, and there-

8   fore denies each and every allegation, matter and fact con-

9   tained therein, except that this defendant admits that Camp

10   Joseph H. Pendleton, located near Oceanside, California, the

11   United States Ammunition Depot, located near Fallbrook,

12   California, and the United States Naval Hospital, located at

13   Camp Joseph H. Pendleton, are located in the Counties of San

14   Diego and Orange in the State of California, and are military

15   establishments maintained by the United States of America,

16   and that the United States of America claims to own title to

17   said property in fee simple.

18                               III

19       Alleges that it is without knowledge or information

20   sufficient to form a belief as to the truth of the allegations

21   contained in Paragraph III of plaintiff's Complaint, and there-

22   fore denies each and every allegation, matter and fact con-

23   tained therein.

24                               IV

25       For answer to Paragraph IV of plaintiff's Complaint,

26   this defendant denies each and every allegation, matter and

27   fact contained therein, except that this defendant admits that

28   the Santa Margarita River is one source of supply of water

29   furnished and used by Camp Joseph H. Pendleton, the Naval

30   Ammunition Depot, and the United States Naval Hospital. Admits

31   that said river, which is known in its upper reaches as the

32   Temecula River, and also known as the Temecula-Santa Margarita

1   River, is a non-navigable stream of fresh water which rises
2   near or on the northerly slope of Palomar Mountain in San
3   Diego County, California, and proceeds in a generally westerly
4   direction for a distance of approximately eighteen miles,
5   where it crosses the boundary of Riverside County and enters
6   San Diego County, at which point it continues in a generally
7   southwesterly direction across San Diego County until it
8   empties into the Pacific Ocean.  Admits that said river and
9   its tributaries flow partly on the surface and partly under
10  the surface, in well-defined channels.  This defendant further
11  admits that after said river enters the lands of the plaintiff,
12  there are numerous underground basins composed of pervious
13  materials, sands, gravels and other fluvial deposits, the
14  exact areas and depths of which are unknown to this answering
15  defendant; but alleges that no portion of any basin which
16  underlies said river where it crosses the lands of plaintiff
17  underlies any portion of the lands of this answering defend-
18  ant.  Admits that said river in its course traverses approxi-
19  mately twenty-one miles of the property of plaintiff, and that
20  there are no water users below the lands of said plaintiff on
21  said river, and that the plaintiff owns the lands traversed
22  by said river from the point where the Santa Margarita River
23  enters plaintiff's property to the point where the river bed
24  enters the Pacific Ocean.  Denies that this answering defend-
25  ant has in any way encroached upon any rights plaintiff may
26  have in or to the waters of said river or that this defendant
27  has reduced the quantities of water available to plaintiff
28  from said river or any subterranean source.  Denies that any
29  acts of this answering defendant has damaged in any way any
30  rights or property of plaintiff.

                           V

        This defendant denies each and every allegation

1   contained in Paragraph V of plaintiff's Complaint, except that

2   this defendant admits that the Rancho Santa Margarita, a cor-

3   poration, the predecessor in interest of the United States of

4   America, was the plaintiff in an action instituted in the

5   Superior Court of the State of California in and for the

6   County of San Diego, No. 42850, against N. R. Vail, Mary Vail

7   Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell,

8   the VailCompany, an association of persons transacting busi-

9   ness under that common name, N. R. Vail, Mary Vail Wilkinson,

10  Mahlon Vail, Edward N. Vail and Margaret Vail Bell, as trustees

11  of said Vail Company, Mahlon Vail, executor of the estate of

12  Margaret R. Vail, Deceased, and Laura Perry Vail, executrix

13  of the estate of William Banning Vail, Deceased, defendants;

14  and Guy Bogart, Lucy Parkman Bogart and Fred Reinhold, execu-

15  tors of the Will of Murray Schloss, deceased, and Philip

16  Playtor, interveners, which action was tried in said Superior

17  Court and resulted in a judgment for plaintiff, which judg-

18  ment was subsequently reversed by the Supreme Court of the

19  State of California, and that thereafter the parties to said

20  action entered into a stipulated judgment, which judgment

21  adjudicated the rights of the parties in that action to the

22  use of waters of the Santa Margarita River, and in this re-

23  spect this defendant alleges that it was not party to said

24  action and that it is not privy to any parties named in said

25  action or said judgment, and that said action did not involve

26  the use of water claimed by this defendant, and that it is

27  not bound by said stipulated judgment or any part thereof or

28  the findings of fact or conclusions of law entered in said

29  action.

30                          VI

31        Alleges that this answering defendant is without

32  knowledge or information sufficient to form a belief as to the

1    truth of the allegations contained in Paragraph VI of plain-

2    tiff's Complaint, and therefore denies each and every allega-

3    tion, matter and fact contained therein.

VII

5    Alleges that this answering defendant is without

6    knowledge or information sufficient to form a belief as to

7    the truth of the allegations contained in Paragraph VII of

8    plaintiff's Complaint, and therefore denies each and every

9    allegation, matter and fact contained therein.

VIII

11    Alleges that this answering defendant is without

12    knowledge or information sufficient to form a belief as to

13    the truth of the allegations contained in Paragraph VIII of

14    plaintiff's Complaint, and therefore denies each and every

15    allegation, matter and fact contained therein except that this

16    answering defendant specifically denies that the plaintiff has

17    a paramount right to any water or waters or to the use of any

18    water or waters in or from the Santa Margarita River or any

19    tributary thereof, and further denies that plaintiff has any

20    right in and to the waters and in and to the use of the waters

21    of the Santa Margarita River or any tributary thereof other

22    than those rights which may accrue to plaintiff by virtue of

23    its ownership of land which is riparian to the Santa Margarita

24    River.

IX

26    For answer to Paragraph IX of plaintiff's Complaint,

27    this defendant denies each and every allegation contained in

28    said Paragraph IX and specifically denies that it has in any

29    way violated any rights of plaintiff as therein alleged or at

30    all.  This defendant admits that it has asserted and does now

31    assert that its rights to the use of water to be produced,

32    stored or extracted from the Santa Margarita River and its

Page 5.

14350

1  tributaries thereof is paramount to the rights of plaintiff

2  and denies that its rights were acquired subsequent to or with

3  full knowledge of the rights of the United States of America

4  or its predecessors in interest.  This defendant alleges that

5  it claims rights in and to the waters of said river and its

6  tributaries and the right to store flood waters of said river

7  and its tributaries, and denies that said rights were acquired

8  subsequent to the rights of plaintiff and its predecessor in

9  interest, the Rancho Santa Margarita, a corporation.  Denies

10  that this answering defendant has encroached upon or is en-

11  croaching upon any rights of plaintiff and denies that this

12  defendant has made any diversion or diversions of the waters

13  of the Santa Margarita River and its tributaries upstream from

14  Camp Pendleton or at all, but admits that its right to produce,

15  divert, extract and store water from said Santa Margarita

16  River and its tributaries upstream from the lands of plaintiff

17  is paramount to the rights of the United States of America.

18                                  X

19          By way of answer to Paragraphs I of Count No. I

20  through Count No. XXV both inclusive of plaintiff's Supplemen-

21  tary and Amendatory Complaint, this defendant re-alleges and

22  re-avers each and every allegation, matter and fact contained

23  in Paragraphs I through IX of this answer.

24                                  XI

25          By way of answer to Paragraph V of Count No. III of

26  plaintiff's Supplementary and Amendatory Complaint this defend-

27  ant denies that the Santa Margarita River is over appropriated.

28                                 XII

29          By way of answer to Paragraph II of Count No. 4 of

30  plaintiff's Supplementary and Amendatory Complaint, this de-

31  fendant denies that the Fallbrook Public Utility District has

32  undertaken, in connection with Applications No. 12178 and

                                                    14351

1    No. 12179 as amended on July 28, 1952, to condemn lands for
2    an alleged dam and reservoir to be situated up-stream on the
3    main stem of the Santa Margarita River and in this respect
4    alleges that any dam or reservoir for which said lands are
5    being condemned is to store water under the Fallbrook Public
6    Utility District's Application No. 11587, filed with the State
7    of California, Department of Public Works, Division of Water
8    Resources, State Engineer.
9                                    XIII
10           By way of answer to Count No. VI of plaintiff's
11   Supplementary and Amendatory Complaint this defendant denies
12   each and every allegation, matter and fact therein contained
13   except that this defendant admits that after the institution
14   of this action the Fallbrook Public Utility District drasti-
15   cally amended its applications to the State of California,
16   Department of Public Works, Division of Water Resources,
17   State Engineer.
18                                    XIV
19           By way of answer to Count No. VI & VII of plaintiff's
20   Supplementary and Amendatory Complaint this defendant denies
21   each and every allegation, matter and fact contained therein
22   except that this defendant admits that the Fallbrook Public
23   Utility District has failed to prosecute with due diligence
24   their application to appropriate waters from the Santa
25   Margarita River, Sandia Creek and Rainbow Creek.
26                                    XV
27           By way of answer to Count No. VIII of plaintiff's
28   Supplementary and Amendatory Complaint this defendant denies
29   generally and specifically each and every allegation, matter
30   and fact contained therein, generally and specifically except
31   that this defendant admits that the Rainbow Municipal Water
32   District, a municipal corporation, instituted an action on

1  May 31, 1956 to condemn the Vail Dam and other properties.  At
2  the time said action in condemnation was filed, a lis pendens
3  was recorded in the county in which said properties were
4  located and with the Division of Water Resources, State of
5  California.

6  XVI

7  By way of answer to Count No. IX of plaintiff's
8  Supplementary and Amendatory Complaint this defendant denies
9  each and every allegation, matter and fact contained therein
10 generally and specifically except that this defendant admits
11 that the Rainbow Municipal Water District on May 2, 1956
12 filed a complaint in eminent domain in the Superior Court of
13 the State of California in and for the County of San Diego to
14 condemn the rights of the Santa Margarita Water Company to the
15 use of waters of the Santa Margarita River system.

16 XVII

17 By way of answer to Count No. 10  of plaintiff's
18 Supplementary and Amendatory Complaint this defendant denies
19 each and every allegation, matter and fact contained therein
20 generally and specifically except that this defendant admits
21 that a purported hearing before the State Water Rights Board
22 was held over the objection of the United States of America
23 and without notice to the Rainbow Municipal Water District on
24 August 12 - 14, 1957 -- on Fallbrook Public Utility District's
25 Applications No. 12178 and 12179; the applications of the Santa
26 Margarita Water Company No. 11578 and 12152 as amended; and
27 the United States Navy Department Application No. 12576 in
28 violation of this courts jurisdiction and the stipulation
29 heretofore entered into between the State of California, Fall-
30 brook Public Utility District, United States of America and
31 the Santa Margarita Water Company; and that the California
32 States Water Rights Board must determine whether there is

1   surplus water in the Santa Margarita River available for ap-

2   propriation to justify the issuance of a permit.

3                    XVIII

4         By way of answer to Count No. 11, Count No. 12,

5   Count No. 13, Count No. 14, Count No. 15, Count No. 16, and

6   Count No. 17 of plaintiff's Supplementary and Amendatory

7   Complaint this defendant alleges that it is without knowledge

8   or information sufficient to form a belief as to the truth of

9   the allegations contained therein and therefore denies each

10   and every allegation, matter and fact contained therein.

11   Except that this defendant admits that the allegations in

12   Paragraph II of Count No. 13 and the allegations of Paragraph

13   III of Count No. 15 of plaintiff's Supplementary and Amendatory

14   Complaint are true and that the Fallbrook Public Utility

15   District and Charles F. Sawday are now and for some time last

16   past have been diverting waters from the Santa Margarita River.

17                   XIX

18         By way of answer to Count No. 18 of plaintiff's

19   Supplementary and Amendatory Complaint this defendant alleges

20   that it is without knowledge or information sufficient to

21   form a belief as to the truth of the allegations contained

22   therein and therefore denies each allegation, matter and fact

23   contained therein except that this defendant admits that the

24   facts contained in Paragraph III, of said Count no. 18 are

25   true.

26                    XX

27         By way of answer to Count No. 19, Count No. 20,

28   Count No. 21, Count No. 22, Count No. 23, Count No. 24 and

29   Count No. 25 of plaintiff's Supplementary and Amendatory

30   Complaint this defendant alleges that it is without knowledge

31   or information sufficient to form a belief as to the truth

32   of the allegations contained therein and therefore denies each

14354

1    and every allegation, matter and fact contained therein.

2

3              For a Second Further and Separate and Distinct De-

4    fense.

5              This answering defendant alleges that on or about

6    the 4th day of October, 1946, defendant Santa Margarite Mutual

7    Water Company filed an application with the Division of Water

8    Resources of the State of California, pursuant to Sections

9    1260 et seq. of the Water Code of the State of California, for

10   a permit to appropriate waters from the Santa Margarita River

11   and its tributaries. That this defendant claims and alleges

12   to have the right to divert not to exceed 60 cubic feet per

13   second from the stream flow of said Santa Margarita River and

14   its tributaries, and to store 5,000 acre feet of the waters of

15   the Santa Margarita River under and pursuant to any permit

16   which may hereafter be issued by the State of California pur-

17   suant to the application hereinbefore mentioned. That there-

18   after and on or about the 12th day of November, 1947, defend-

19   ant Santa Margarita Mutual Water Company filed its application

20   with the Division of Water Resources of the State of California

21   under and pursuant to Sections 1260 et seq. of the Water Code

22   of the State of California, for permission to store 60,000

23   acre feet of the waters of the Santa Margarita River and to

24   divert not to exceed 60 cubic feet per second from the stream

25   flow of said Santa Margarita River and its tributaries under

26   and pursuant to any permit which may be issued by said

27   Division of Water Resources; and that thereafter and on or

28   about the 30th day of June, 1948, the plaintiff, the United

29   States of America, filed its application with the Division of

30   Water Resources of the State of California under and pursuant

31   to the provisions of Sections 1260 et seq. of the Water Code

32   of the State of California, wherein plaintiff requested the

                                        Page 10.

14355

issuance of a permit authorizing it to store 165,000 acre feet
of water of the Santa Margarita River; and that any and all
rights which the United States of America may have in and to
the waters or the use of waters under and pursuant to the terms
of any permit issued by the State of California, will be sub-
ject to the rights of this defendant under any permits granted
by the Division of Water Resources of the State of California
upon the applications filed by Santa Margarita Mutual Water
Company, and that the rights to the use of water of said
Santa Margarita River by this defendant is paramount, prior
and superior to the rights to the use of said water by the
plaintiff United States of America.  That any and all rights
which the United States of America may acquire under and pur-
suant to their said application are junior to and subject to
the rights of this defendant to use and take water from said
Santa Margarita River, and that the rights of this defendant
are paramount to the rights of the United States of America to
the use of water of said Santa Margarita River on non-riparian
lands and for non-riparian purposes.

   For a Third Further and Separate and Distinct
Defense.
   That the cause of action set forth in plaintiff's
Complaint is barred by Sec. 318 of the Code of Civil Proce-
dure of the State of California.

   For a Fourth Further and Separate and Distinct
Defense.
   That the cause of action set forth in plaintiff's
Complaint is barred by Sec. 319 of the Code of Civil Pro-
cedure of the State of California.

For a Fifth Further and Separate and Distinct
Defense.

That at the time of the commencement of this action
there was and there now is an application on file with the
State of California Department of Public Works, Division of
Water Resources, made and filed by the United States of America
on the 30th day of June 1948, which application is numbered
12576, wherein said United States of America asked for per-
mission to divert from a point of diversion located on the
Northwest 1/4 of the Northwest 1/4 of Section 32, Township 9
South, Range 4 West, San Bernardino Base and Meridian, 165,000
acre feet of water from the Santa Margarita River.  That said
application has never been withdrawn or dismissed, and that
the same is still pending before the Division of Water Re-
sources, and that the rights of the United States of America
to divert waters from said river are contingent upon a permit
being issued by the State Water Rights Board, other than such
water as said United States of America may use upon its repar-
ian land for riparian uses.

For a Sixth Further and Separate and Distinct
Defense.

That the applications by Santa Margarita Mutual Water
Company to appropriate waters from the Santa Margarita River
filed with the State of California, Division of Water Re-
sources contained the following language which is also con-
tained in Section 1392 of the Water Code of the State of
California:

"Every permittee, if he accepts a permit, does so
under the conditions precedent that no value whatsoever in
excess of the actual amount paid to the State therefore shall
at any time be assigned to or claimed for any permit granted

1   or issued under the provisions of this division (of the Water

2   Code), or for any rights granted or acquired under the pro-

3   visions of this division (of the Water Code), in respect to

4   the regulation by any competent public authority of the ser-

5   vices or the price of the services to be rendered by any per-

6   mittee or by the holder of any rights granted or acquired

7   under the provisions of this division (of the Water Code) or

8   in respect to any valuation for purposes of sale to or pur-

9   chase, whether through condemnation proceedings or otherwise,

10  by the State or any city, city and county, municipal water

11  district, irrigation district, lighting district, or any

12  political subdivision of the State, of the rights and property

13  of any permittee, or the possessor of any rights granted,

14  issued, or acquired under the provisions of this division (of

15  the Water Code)."

16      That this defendant alleges that upon payment to said

17  defendant, Santa Margarita Mutual Water Company, of such sums

18  as said company has paid to the State of California, Rainbow

19  is entitled to acquire any and all rights which Santa Margarita

20  Mutual Water Company has in and to said applications and in

21  and to any license that might be issued as the result thereof

22  and in and to any waters that might be diverted pursuant to

23  said applications or any license or permit that might be

24  issued as a result of said applications.

25

26      WHEREFORE this answering defendant prays that the

27  plaintiff take nothing by this action, and that by decree of

28  court it be adjudged and decreed that this defendant, the

29  Rainbow Mun. Water District, a municipal corporation, is the

30  owner of and entitled to take and divert and store waters from

31  the Santa Margarita River under and pursuant to such permits

32  as may hereafter be issued by the Division of Water Resources

1    of the State of California on the applications heretofore

2    filed by Santa Margarita Mutual Water Company with the Divi-

3    sion of Water Resources, and that this court decree that this

4    defendant's right to divert, store and use water of said Santa

5    Margarita River is paramount and superior to the rights of the

6    United States of America to use, store or divert waters of

7    said Santa Margarita River and its tributaries except for

8    riparian purposes on lands owned by it which are riparian to

9    said Santa Margarita River; and that said plaintiff and all

10   persons claiming under said plaintiff be forever barred from

11   asserting any right, title, interest or estate in or to said

12   water, or claiming that plaintiff's rights to use the waters

13   of the Santa Margarita River for non-riparian purposes and

14   use on non-riparian lands, are superior, correlative or equal

15   to the rights of this defendant to use, store and divert the

16   waters of said Santa Margarita River and its tributaries; and

17   that plaintiff be restrained and enjoined from asserting any

18   such claims and that this answering defendant have such other

19   and further relief as the court may deem meet and equitable,

20   and recover its costs herein incurred and expended.

21

22                              W. B. DENNIS,

23          Attorney for Defendant Rainbow Municipal Water

24              District, a municipal water district.

25

26

27

28

29

30

31

32

                                                    14359