```
            Law Offices                  (Space Below For
                                          Filing Stamp Only)
1           W. B. DENNIS                     F I L E D

2            Rt. 1, Box 55
         Fallbrook, California               JUL 10 1958
3
         Phone RAndolph 8-2130           CLERK, U.S. DISTRICT COURT
4                                        SOUTHERN DISTRICT OF CALIFORNIA
         Attorney for Defendant          By _____
5        SANTA MARGARITA MUTUAL
             WATER COMPANY
6
```




IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1247-SD-C |
| Plaintiff, | MEMORANDUM RESPECTING THE JURISDICTION OF THE FEDERAL COURT TO REVIEW THE ACTION OF THE STATE WATER RIGHTS BOARD AND THE PETITION OF THE UNITED STATES TO REMOVE THE PROCEEDINGS INSTITUTED IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA TO REVIEW THE ACTIONS OF SAID BOARD |
| vs. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, SANTA MARGARITA MUTUAL WATER COMPANY, a public service corporation of the State of California, et al, | |
| Defendants. | |

## STATEMENT

We sincerely believe that the issues raised by the Plaintiff, United States of America, in its memorandums filed June 30th, 1958 entitled "Memorandum Respecting the Jurisdiction Power and Responsibility of this Honorable Court to Render the Full and Complete Relief for which the United States of America and the Parties Have Prayed" and "Memorandum in Support of Petition to Remove Case Initiated by Santa Margarita Mutual Water Company in Superior Court of San Diego County, California" require an examination and discussion of the decision of the Appellate Courts of the State of California that deal with the jurisdiction and functions of the State Water Rights Board and its predecessors the Division of Water

Resources and Board of Water Commissioners.

Consequently we are filing this Memorandum with the hope that it will aid the Court in arriving at a sound decision on the issues raised in Plaintiff's Memorandum.

The State Water Rights Board (hereinafter referred to as the Board) is a statewide agency created by the Legislature of the State of California. In respect to applications to appropriate water it exercises the same functions in issuing permits and licenses as were formerly performed by the Department of Public Works, Division of Water Resources, State Engineer and the State Water Commission or Board of Water Commissioners.

The United States Navy Department filed a protest to applications No. 12178 and No. 12179 filed by the Fallbrook Public Utility District and to Santa Margarita Mutual Water Company's application No. 11578. The Fallbrook Public Utility District filed a protest to the United States Navy Department's application No. 12576. The United States of America was therefore a party to the proceeding before the Board, and the action of the Board in rejecting United States Navy Department application No. 12576 and in granting the Fallbrook Public Utility District's applications No. 12178 and 12179 vitally affects the interests and rights of the United States of America in and to the waters of the Santa Margarita River system.

The filing of the applications by United States, Fallbrook and Santa Margarita created a property rights under the laws of the State of California. During the course of this litigation stipulations have been entered into by the United States, the State of California, the Fallbrook Public Utility District and the Santa Margarita Mutual Water Company stipulating and agreeing that this Court has jurisdiction of all

civil actions, suits or proceedings to which the United States of America is a party. Many of the defendants in this action, including Fallbrook and Santa Margarita have asked for affirmative relief against the Plaintiff and for all practical purposes under the orders made by this Court are cross-complainants in this action so far as the United States of America is concerned.

I

THE FUNCTIONS OF THE STATE WATER RIGHTS BOARD ARE ADMINISTRATIVE ONLY. THE BOARD CANNOT BY REASON OF CONSTITUTIONAL LIMITATIONS EXERCISE ANY JUDICIAL OR QUASI-JUDICIAL POWERS OR FUNCTIONS

(a) Section 1 of Article VI of the Constitution of the State of California prohibits the Legislature from granting or delegating judicial powers to any general State board or tribunal. In <u>Tulare Water Co. vs State Water Commission</u>, 187 Cal. 533 at 542 Judge Shaw made the following statement in a concurring opinion:

> I think, however, that something more may properly be said on the question whether or not the Water Commission, in exercising the power conferred upon it by the sections of the statute particularly considered in the opinion , may, under some circumstances, act in a judicial capacity. It is obvious that if it does so it will be taking property of one person and giving it to another; in other words, that it will be exercising powers which cannot be exercised except by courts authorized by the constitution.
>
> Section 1 of article VI of the constitution declares that "The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts and such inferior courts as the legislature may establish in any incorporated city or town, township, county, or city and county."
>
> If the Water Commission is acting judicially it is doing so becuase it is determining the rights and titles of individuals to private real property, and in that capacity it would be acting as a court as fully as a court of general jurisdiction would be acting when it adjudicates the title to real property. (<u>Quinchard</u> <u>v</u>. <u>Board</u> <u>of</u> <u>Trustees</u>, 113 Cal.

Page 3.    4161

> 669, (45 Pac. 856); people v. Board, 122 Cal. 424, (55 Pac. 131); Rhode Island v. Massachusetts, 37 U. S. (11Pet.) 718, (9 L. Ed. 697, see, also, Rose's U. S. Notes); Prentis v. Atlantic etc. Co., 211 U. S. 226, (53 L. Ed. 150, 29 Sup. Ct. Rep. 67); Marin etc. Co. v. Railroad Com., 171 Cal. 712, (Ann. Cas. 1917C, 114; 154 Pac. 864).)
>
> (4) The effect of Section 1, Article VI, aforesaid, is to vest in the courts therein mentioned the entire judicial power of the state. It is not within the power of the legislature to vest in any other body any general judicial power to establish and declare the right and title to private property. The Water Commission is not one of the superior courts of the state and could not be made such court or be given the powers thereof, and it is not an inferior court with jurisdiction limited to incorporated cities, or towns, townships, counties, or cities and counties. On the contrary, its jurisdiction is statewide. Consequently, it is not a court which comes within the purview of said section 1 and it is not within the power of the legislature to give that commission such judicial power.

In the Dept. of Public Works vs. Superior Court, 197 Cal. 215 the Court made the following statement on pages 220 and 221:

> (3) It is apparent that at least one of those essentials is and was not present when the respondent court issued the writ of review, namely, the exercise by the petitioners of a judicial function. This is true for the reason that it was not within the power of the legislature to vest judicial power in the petitioners. Their authority under the Water Commission Act is state-wide. (4) Under Section 1 of Article VI of the constitution "the legislature would be without authority to give judicial power to any general state board or tribunal. Except for local purposes the section disposes of the whole judicial power of the state and vests all of it in the courts expressly named therein, leaving none at the disposition of the legislature" (Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319 (153 Pac. 24); Western Metal Supply Co. v. Pillsbury, 172 Cal 407 (Ann. Cas. 1917E, 390, 156 Pac. 491); see, also, concurring opinion of Mr. Chief Justice Shaw in Tulare Water Co. v. State Water Com., 187 Cal. 533 (202 Pac. 874);, and in no other section of the constitution do we find authority in the legislature to vest judicial power in the petitioners under the Water Commission Act.

(b) The California Courts have held that the Division of Water Resources in passing on applications to appropriate waters of the State of California cannot exercise judicial powers or functions.

1 | See

2 |     East Bay M.U.D. vs. Dept of Public Works
3 |     1 Cal. 2nd 476

4 |     Tulare Water Co. vs. State Water Commission
    187 Cal. 533

5 |     Mojave River Irr. Dist. vs. Superior Court
6 |     202 Cal. 717

7 |     Department of Public Works vs. Superior Court
    197 Cal. 215

8 |     Temescal Water Co. vs. Department of Public Works
9 |     44 Cal. 2nd 90

The decisions just cited also hold that an agency in passing on applications to appropriate water exercise a purely administrative function. In Mojave River Irr. Dist. vs. Superior Court, 202 Cal. 717 supra on page 722 Judge Richard stated:

> (1) From these foregoing recent decisions of this court two conclusions may be said to be fully and firmly established. They are, that the powers with which the state water commission and the several departments and divisions thereof were invested under the Water Commission Act of 1913, and the later amendment thereto with relation to the issuance of permits or the denial thereof for the appropriation of water, were purely and wholly administrative and were not judicial in their character and exercise; second, that the courts of this state possessed no power to review the said acts of the water commission or any of its departments through the ordinary process or proceeding of a writ of review, as such writ is provided for in the state constitution and is defined and limited by the provisions of section 1067 et seq. of the Code of Civil Procedure.

(c) If all of the requirements prescribed by the Legislature are met by the applicant the Board cannot deny an applicant a permit. (East Bay M.U.D. vs. Department of Public Works, 1 Cal.2nd 476 supra; Tulare Water Co. vs. State Water Commission 187 Cal. 533 supra; Rich vs. McClure, Director of Public Works 78 Cal. App. 209).

II

THE RIGHTS OF AN INTERESTED PARTY TO HAVE A
DECISION OF THE BOARD REVIEWED BY A COURT OF

COMPETENT JURISDICTION IS NOT DEPENDENT ON OR LIMITED BY THE PROVISIONS OF THE WATER CODE RELATING TO APPLICATIONS, PERMITS, LICENSES, AND THE CREATION AND POWERS OF THE BOARD.

(a) The right of a Court to review a decision of the State Water Rights Board depends on whether the Court can obtain jurisdiction of the parties or the subject matter. In Tulare Water Co. vs. the State Water Commission 187 Cal. 533 supra, the Court granted a Writ of Mandate to the Petitioner requiring the Commission to issue a permit after an application was denied by the Commission. At that time no hearing was required and the statutes gave no right to the injured party to appeal. The right to the Writ was based on the general jurisdiction of the Court to issue the Writ. A Writ of Certiorari was denied because the Commission could not exercise any judicial power. In Temescal Water Co. vs Department of Public Works 44 Cal. 2nd 90, an order sustaining a demurrer to a petition for a Write of Mandate cancelling a permit issued by the Department of Water Resources without leave to amend was reversed. At that time the Code provided for an appeal from a decision of the Department which section has been held to be unconstitutional. In East Bay M.U.D. vs. Department of Public Works 1 Cal. 2nd 476 supra the Court acknowledged the right of petitioner to maintain an action in the Superior Court in Mandamus to require the Department to issue a permit as applied for although there was no express statutory provision authorizing such procedure. In Yuba River Power Co. vs. Nevada Irr. Dist. 207 Cal. 521 the Plaintiff brought an action under Section 738 of the Code of Civil Procedure to quiet title to water rights which require the Court to adjudicate the rights of appropriators under permits

issued by the Board of Water Commissioners.

(b) The provisions of the Water Code giving the unsuccessful party the right to appeal from the action taken by the Board is unconstitutional. (<u>Mojave Irr. Dist.</u> vs. <u>Superior Court</u> 202 Cal. 717 supra). In arriving at its decision the Court said:

> "Any person, firm, association, or corporation interested in any application for a permit to appropriate water or any party protestant before the state commission may within thirty days after issuance of a permit or an order refusing to issue a permit and rejecting an application bring an action in the superior court in and for the county wherein the proposed point of diversion or a proposed point of diversion lies. Said action shall be for a review of the order of the state water commission. Said Court shall review all correspondence, maps, data and other records on file with the state water commission which pertain to said application and all evidence taken before said commission and take such additional evidence as it may require or as may be submitted by the parties in interest or the state water commission and shall then render judgment affirming, reversing, or modifying the action of the state water commission. The priority of right of an appellant shall continue until final judgment is rendered."

> (2) In determining the scope and effect of the foregoing amendment to the Water Commission Act certain primary conclusions would seem to be inevitable. The first of these relates to the use of the term "review" as defining the nature of the proceeding to be instituted and conducted in the superior court under the terms of said amendment. It would seem to be clear that in the use of said term the framers of said amendment could not have intended that it should have reference to the writ of certiorari or review as the same is provided for in the constitution and defined in the code. This for two reasons: first, for the reason that the remedy provided for in said amendment is not that remedy to which in both its ancient and modern uses the writ of certiorari is confined, viz., that of determining whether the jurisdiction of a court or other tribunal exercising judicial functions has been exceeded. The amendment in question contemplates no such action or determination on the part of the superior court in which the proceeding provided for in it is to be begun and conducted, and it cannot therefore be concluded that the framers of this amendment used the term "review" therein as referring to writs of review or proceedings thereunder. The second reason is that the law is well settled that the function of a writ of certiorari or review, as such writ existed prior to and is provided for in the state constitution,

cannot be extended by the legislature so as to embrace the consideration and review of the proceedings of nonjudicial bodies. The early and later decisions of this court touching this subject refer to both writs of prohibition and review and to the inability of the legislature to enlarge or restrict the functions of either of these writs. (Maurer v. Mitchell, 53, Cal. 289; Camron v. Kenfield, 57 Cal. 550; Farmers' Union v. Thresher, 62 Cal. 407; Pacific Tel. Co. v Eshleman, 166 Cal. 640, 694 (Ann. Cas. 1915C, 822, 50 L. R. A. (N.S.) 652, 137 Pac. 1119); Miller & Lux v. Board of Supervisors, 189 Cal. 260 (208 Pac. 304). It follows that for both of the foregoing reasons the proceeding provided for in said amendment cannot be considered as in the nature of "Certiorari" or "review". (3) It would seem to be equally well settled that said proceeding cannot be treated as in the nature of an appeal to the superior court from a ruling of the division of water rights in granting or denying permits, although it would appear from some of the provisions of said amendment that its framers contemplated that in some of its aspects it should resemble an appeal. It is firmly established, however, that the legislature has no power to invest the superior court with jurisdiction over appeals from nonjudicial bodies or from other tribunals than those embraced in the provisions of section 5 of article VI of the constitution, which limits the appellate jurisdiction of superior courts to "such cases arising in inferior courts in their respective counties as may be prescribed by law." In the cases of Chinn v. Superior Court, 156 Cal. 480 (105 Pac. 580), and of Inglin v. Hoppin, 156 Cal. 483, 491 (105 Pac. 582), this question was fully considered and determined, this court in each of these cases holding that an attempt on the part of the legislature to provide for an appeal to the superior court from an order of the board of supervisors, in the one case establishing an irrigation district and in the other creating a reclamation district, was unconstitutional and void.

(4) We have thus by a process of elimination reached the conclusion that the proceeding in the superior court provided for in section 1b of the Water Commission Act is neither a proceeding by way of certiorari or appeal. It follows necessarily that the proceeding provided for in said amendment must be an original action or proceeding to be instituted and conducted in the superior court following the action of the division of water rights, created under the Water Commission Act, granting or denying an application for a permit to appropriate water.

(c)  It has been held that an aggrieved party may not obtain a Writ of Certoirari becuase the Board does not exercise any judicial functions (Department of Public Works

vs. Superior Court, 197 Cal. 215 supra and Tulare Water Co. vs. State Water Commission 187 Cal. 533 supra).

    (d) The rights of the Permittee have been attacked collaterally in actions instituted in the Superior Court (Yuba River Power Co. vs Nevada Irr. Dist. 207 Cal. 521 supra; Bloss vs. Rahilly 16 Cal. 2nd 70, 75).

    (e) If the right of a court to review the action of the Board is given by statute then the Board's action is not binding except with the approval of the Court, see Dept. of Public Works vs. Superior Court 197 Cal. 215 supra in which the following statement was made:

> It may here be said that if and when a judicial review is provided for in the act itself it has been held, under similar constitutional and statutory provisions, that the action of the state officers made reviewable is not determinative of property rights. Their function is similar to that of a referee whose determination is not binding except upon approval of the court (Stuart v. Norviel, 26 Ariz. 493 (226 Pac. 908)).

    It is therefore apparent that the right of the Court to review the action of the Board depends upon the Court having jurisdiction of the parties and the subject matter and not on any provision of the Act creating the Board. The right to review the action of the Board is not dependent upon any provision of the Water Code.

III

THE FINDINGS AND CONCLUSIONS OF THE BOARD ARE FOR THE GUIDANCE OF THE BOARD IN ARRIVING AT ITS DECISION. THEY HAVE NO OTHER AFFECT.

In *Temescal Water Co.* vs. *Department of Public Works* 44 Cal. 2nd 90 supra at page 98 the Court quoted the following language contained in *Department of Public Works* vs *Superior Court* 197 Cal. 215:

> The conclusions which the petitioners arrive at under whatever investigation they may see fit to make pursuant to the application are merely for their own guidance in the administration of their duties under the section. Their conclusions and determinations in that respect are ineffectual for any other purpose and their action under the section does not constitute a hearing and a determination of a controversy in a judicial sense."

IV

ANY COURT THAT CAN ACQUIRE JURISDICTION OF THE PARTIES OR THE SUBJECT MATTER CAN ORDER THE BOARD TO CANCEL A PERMIT OR TO ISSUE A PERMIT OR TO CHANGE THE TERMS AND CONDITIONS UPON WHICH A PERMIT WAS ISSUED.

Counsel for Fallbrook has stated on more than one occasion that no Court can issue a permit to appropriate waters of the State of California. In this they are correct. However, the Court can and it has in the past compelled the agency exercising the functions now performed by the Board to issue a permit or to cancel a permit (*Tulare Water Co.* vs. *State Water Commission* 187 Cal. 533 supra; *Temescal Water Co.* vs. *Department of Public Works* 44 Cal. 2nd 90 supra; *Rich* vs *McClure*, 78 Cal. App. 209 supra).

V

ANY ATTEMPT TO CONCLUDE THE RIGHTS OF AN

Page 10.    4168

APPLICANT BY THE ACTION OF THE BOARD WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE FEDERAL CONSTITUTION.

In Yuba River Power Co. vs Nevada Irr. Dist. 207 Cal. 521 supra at Page 525, Judge Preston stated as follows:

> (2) Respondents seem clearly to have mistaken the status of appellant, who has complied with all the requirements of law and has found available water to appropriate. The granting of a permit is merely confirming evidence of the right theretofore existing. It is not the right itself. The application cannot be arbitrarily rejected. This is the plain holding of this court in Tulare Water Co. v State Water Com., 187 Cal. 533, 537 (202 Pac. 874, 876), wherein this court sustained a proceeding in mandate to compel the state water commission to entertain a complaint having the purpose to direct the commission to issue the permit, saying that: "To conclude the rights of would-be appropriators by the extrajudicial and perhaps arbitrary action of a board of water commissioners would be to deprive such applicant of a valuable property right without due process of law." (See, also, Rich v. McClure, 78 Cal. App. 209 (248 Pac. 275).)

See also the cases cited therein.

VI

THERE ARE MANY QUESTIONS WHICH CANNOT BE FINALLY DECIDED BY THE BOARD. A COURT OF COMPETENT JURISDICTION IS THE ONLY BODY THAT CAN FINALLY ADJUDICATE MANY QUESTIONS THAT ARISE IN CONNECTION WITH AN APPLICATION OR THE ISSUANCE OF A PERMIT OR LICENSE.

(a) The existence or non-existence of unappropriated waters in a stream is a question which cannot be finally determined by the Board (Yuba River Power Co. vs Nevada Irr. Dist. 207 Cal 521, 525 supra; Tulare Water Co. vs. State Water Commission 187 Cal. 533, 537 supra). In the Tulare case the Court made the following statement:

Page 11.

4169

    Even if a hearing could be required, the commission is without jurisdiction to finally determine the existence or nonexistence of water subject to appropriation, and in such a case its denial of an application, if held to be a judicial determination of the right, would leave the petitioner without remedy, as no appeal is provided for, and certiorari would only go to the regularity of the proceeding and not to the merits of the ruling.

  (b) The Board has no jurisdiction to pass on priorities between appropriators. See <u>Yuba</u> <u>River</u> <u>Power</u> Co. vs Nevada Irr. Dist. 207 Cal. 521 supra wherein the Court says on Page 528:

    We have already seen that the alleged right to arbitrarily deny the issuance of a permit raises a judicial question; also that the existence of water subject to appropriation under a permit is a judicial question. Priority among permittees is also a judicial question, whatever the stage of operations thereunder. These deductions follow because of the plain provisions of our general remedial law.

  (c) The issuance of a permit by the Board does not create a right, it is only evidence of a right (<u>Yuba</u> <u>River</u> <u>Power</u> <u>Co</u>. vs <u>Nevada</u> <u>Irr</u>. <u>Dist</u>. 207 Cal. 521, 525, 528, supra) in which it was said:

    Counsel is confusing the power of the division, which of necessity is not judicial, with the rights conferred by the statute, which give rise to judicial questions.

    The determination of the issues tendered by this complaint may be of incalculable value to both sets of litigants; likewise through this action information useful to the division of water rights may be acquired. Not only may the question of priority be determined, but upon the issue, if controverted, may also be determined the amount of water subject to appropriation flowing in the stream as well as the restrictions, if any, which surround its use. The division of water rights can finally dispose of none of these questions. Neither can it act judicially upon any of them.

This was a Quiet Title Action.

  See also <u>Temescal</u> <u>Water</u> <u>Co</u>. vs. <u>Dept</u>. <u>of</u> <u>Public</u> Works 44 Cal. 2nd 90, 103 supra:

    Under the present procedure, the department's determination as to the availability of unappropriated water concludes no right to a permit to appropriate

Page 12.

4170

water but merely decides a fact upon which the department bases the exercise of its discretion necessarily, the department must make that determination as a prerequisite to any exercise of its discretion in the issuance of a permit.

(d) The issuance of a permit or the refusal to issue a permit by the Board creates a judicial question (<u>Yuba River Power Co</u>. vs <u>Nevada Irr. Dist</u>. 207 Cal. 521, 528 supra).

## VII

## THE PROVISIONS OF THE WATER CODE RELATIVE TO THE APPROPRIATION OF WATER WERE NOT MEANT TO ABOLISH OR CHANGE THE RIGHT BUT TO REGULATE AND ADMINISTER THE APPROPRIATION OF WATER.

See <u>Tulare Water Co</u>. vs. <u>State Water Commission</u> 187 Cal. 533 supra, in which the Court stated on Page 536:

> The commission surely does not posses and could not be invested with power to arbitrarily deny an application made in conformity to the law for the appropriation of water that was subject to appropriation.
> The purpose of the act is clearly to permit any person or corporation desiring to make any of the enumerated beneficial uses of waters of the state, not otherwise utilized, to avail itself of this right of appropriation.
> Under the law in force prior to the adoption of this act (Civ. Code, sec.s 1410-1422) no permission was required for the appropriation of waters of the state. All that was required to create a preferential right to such water was to actually appropriate it to some authorized beneficial use, or to make a filing to be followed with due diligence by an actual user.
> The obvious aim of the Water Commission Act was not to abolish, but to regulate and administer, this privilege.
> The positive right to such permit is granted by section 17 of the act to any person who make application as provided by the act and the rules of the commission. The mode and manner of making the application is prescribed. But what is the jurisdiction granted to the commission in determining the status of the water supply or the priority of rights thereto and in ascertaining if the water claimed is subject to appropriation?

See also Yuba River Power Co. vs Nevada Irr. Dist. 207 Cal. 521, 527 supra and Section 1 of the Water Code of California.

Page 13.

4171

## VIII

## THE REVIEW BY THE COURT OF THE BOARD'S DECISION REQUIRES A TRIAL DE NOVO.

See <u>Drummey</u> vs. <u>State</u> <u>Bd.</u> of <u>Funeral</u> <u>Directors</u> 13 Cal. 2nd 75 in which the Court states on Page 84 and Page 85 as follows:

> Neither of these rules is controlling in the present case. We are here dealing with a statute which confers certain fact-finding powers on the board, with no indication that the legislature intended the facts so found to be binding on the courts, and, upon ascertaining the facts, the board authorized to cancel or suspend the license theretofore possessed by the person charged. No method of review is provided in the statute. The only possible remedy of the person adversely affected is by writ of mandate. We are thus presented with the question as to what weight the courts should give to the findings of the board- - -or, stated another way are the findings of the board, if based on substantial although conflicting evidence, binding on the courts in the mandamus proceeding, as they would be in a certiorari proceeding or on an appeal? After considering the various possibilities, we can see no escape from the conclusion that in such a proceeding the court to which the application for mandate is made must weigh the evidence, and exercise its independent judgment on the facts, as well as on the law, if the complaining party is to be accorded his constitutional rights under the state and federal Constitutions. The state constitutional provision discussed, supra, prohibits the conferring of judicial power on such administrative boards. If it should be held that the board's action in canceling or suspending an existing license is binding on the courts, if such action is predicated on conflicting evidence, we would be necessarily holding that such board is exercising at least quasi-judicial powers. It is the essence of judicial action that finality is given to findings based on conflicting evidence. If the statute be so construed it would violate the state Constitution. Moreover, for a purely administrative board to deprive a person of an existing valuable privilege without the opportunity of having the finality of such action passed upon by a court of law, would probably violate the due process clause of the federal Constitution. Although there is some confusion in the federal cases, the more recent decisions by the United States Supreme Court have indicated that if binding fact-finding power is conferred on purely administrative boards, and if the courts in reviewing the administrative board's actions do not exercise an independent judgment on the facts as well as on the law, then the party adversely affected, at least where constitutional

Page 14.

4172

rights are involved, has been deprived of due process. In St. Joseph Stock Yards Co. v United States 298 U.S. 38, 52 (56 Sup. Ct. 720, 80 L.Ed. 1033), that court stated:

"Legislative agencies, with varying qualifications work in a field peculiarly exposed to political demands. Some may be expert and impartial, others subservient. It is not difficult for them to observe the requirements of law in giving a hearing and receiving evidence. But to say that their findings of fact may be made conclusive where constitutional rights of liberty and property are involved, although the evidence clearly establishes that the findings are wrong and constitutional rights have been invaded, is to place those rights at the mercy of administrative officials and seriously to impair the security inherent in our judicial safeguards. That prospect, with our multiplication of administrative agencies, is not one to be lightly regarded. It is said that we can retain judicial authority to examine the weight of evidence when the question concerns the right of personal liberty. But if this be so, it is not because we are privileged to perform our judicial duty in that case and for reasons of convenience to disregard it in others. The principle applies when rights either of person or of property are protected by constitutional restrictions. Under our system there is no warrant for the view that the judicial power of a competent court can be circumscribed by any legislative arrangement designed to give effect to administrative action going beyond the limits of constitutional authority."
(See, also, Ohio Valley Water Co. v. Ben Avon Borough 253 U.S. 287 (40 Sup. Ct. 527, 64 L. Ed. 908); Crowell v. Benson, 285 U.S. 22 (52 Sup. Ct. 285, 76 L. Ed. 598).)

See also Laisne vs. Cal. State Bd. of Optometry 19 Cal. 2nd 831, Bertch vs. Social Welfare Department 45 Cal. 2nd 524, 529, and Greif vs. Vullea 66 Cal. App 2nd 986 in which the Court said on Page 1008:

(19) The Legislature by general law or by special charter provision may vest judicial power in commissions and boards established in any incorporated city or city and county. "The distinction between the powers of state-wide administrative boards and federal administrative boards is also existent between boards with state-wide authority in this state and local bodies created by the legislature. By Article VI, section 1, of the state Constitution, the judicial power of the state is vested in the enumerated courts, municipal courts as may be established, and 'such inferior courts as the legislature may establish in any incorporated city or town, township, county or city and county.' This latter provision is similar to the provision in the federal Constitution." (Laisne v. California St. Bd.

of Optometry, 19 Cal. 2d 831, 847 (123 P.2d 457). (See, also, California Const., art. XI, 8½, subd. 3; Irvine v. Citrus Pest Dist., 62 Cal. App 2d 378 (144 P.2d 857); Nider v. City Commission, 36 Cal.App 2d 14 (97 P.2d 293); Shewbridge v. Police Commission 64 Cal.App.2d 787 (149 P.2d 429). There is a clear distinction between statewide agencies to which such power has not been extended, and local boards which have been specifically directed to assume functions which in their nature are judicial.

There can be no question but that an applicant obtains a valuable property right by the filing of an application in the form provided by the Statute and paying the Statutory fees (Inyo Cons. Water Co. vs. Jess 161 Cal. 516; Yuba Power Co. vs Nevada Irr. Dist. 207 Cal. 521 supra).  See also Mojave River Irr. Dist. vs. Superior Court 202 Cal 717 on page 725 of which we find the following language.

> It will be seen at a glance that the practice and procedure to be pursued by the superior court in the particular action or proceeding provided for in said amendment differs from the ordinary practice and procedure of superior courts in original actions or proceedings of which such courts have jurisdiction in at least two essential respects.  The first of these relates to the evidence to be presented and considered by such courts in such action or proceeding and which, according to the provisions of said amendment, is to obviously consist, in a large part at least, of matters which would ordinarily not be admissible as evidence upon the trial of an ordinary action or proceeding instituted in such courts.  In providing that said courts shall "review" all such matters as may have been considered by the division of water rights in its determination to grant or deny the application for the permit in question, the amendment assuredly contemplates that all of such matters shall be received in evidence before such court in such action or proceeding, whether receivable in evidence in an ordinary action or proceeding or not. In the foregoing respect it would seem to be obvious that said amendment provides for the particular action or proceeding which it purports to create, a practice and procedure radically at variance with that which the general laws provide for the practice and procedure of the superior courts in actions or proceedings of which such courts are given jurisdiction, and that in so doing said amendment runs counter to the provisions of section 25, article IV, of the state constitution, which inhibits the legislature from passing "local or special laws" regulating the practice of courts of justice.  The other essential particular in which the practice and procedure provided for in the action or proceeding which it directs

the superior court to entertain has reference to the judgment to be rendered by it in such action or proceeding; and in which by the terms of such amendment said court is directed to "render judgment affirming, reversing or modifying the action of the state water commission." It would seem to be apparent that by such a direction to the superior court to confine its action and determination to the rendition of the particular and limited form of judgment designated by the foregoing provisions of said amendment the legislature has therein undertaken to provide a different form and content of judgment than that which by the general laws may be rendered and entered in such courts, and in that respect also said legislature runs counter to the foregoing inhibition of the state constitution.

## IX

## CONCLUSION

We respectfully submit that the above authorities establish beyond any doubt that the Board cannot (a) exercise any judicial or quasi-judicial functions; (b) that the findings and conclusions of the Board are merely for the guidance of the Board and are not binding on the Court or the parties; (c) that the determination of whether there is water subject to appropriation, the priorities of applicants and many other questions are judicial questions that can only finally be determined by a court; (d) that the Court can compel the Board to issue or cancel a permit; (e) and that the power of a Court to review the action of the Board is not dependent upon any provision of the Water Code.

It does not seem necessary to cite authority, that if the United States is a party to the procedure before the Board or that the rights of the United States are affected by the Board's action the Federal Court is the proper Court in which to adjudicate the rights of the parties.

Respectfully submitted,

*W. M. Dennis*
W. B. DENNIS, Attorney for
Santa Margarita Mutual Water Company

4175