SACHSE and PRICE
Attorneys at Law
1092 South Main Street
Fallbrook, California
RAndolph 8-1154

FILED
JUL 28 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M. D. Kesler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California, et al.,<br><br>    Defendants. | No. 1247-SD-C<br><br>ANSWER OF DEFENDANTS<br>THOMAS B. RODGERS III<br>and<br>JANET KALKER RODGERS |

Defendants THOMAS B. RODGERS III and JANET KALKER RODGERS answering plaintiff's Complaint and Supplement to Complaint for themselves alone and not for any other defendant, admit, deny and allege as follows:

FIRST DEFENSE

I

Defendants have no knowledge or information sufficient to form a belief as to the allegations contained in paragraphs I, II, III, IV, VI, VII and VIII of plaintiff's Original Complaint herein, and therefore deny all of said allegations for want of information or belief.

II

Answering paragraph V of plaintiff's Original Complaint herein, defendants admit the litigation

- 1 -

14571

referred to and admit that a stipulated judgment was entered into therein, a copy of which is attached to plaintiff's Complaint marked Exhibit A. Defendants deny that they are parties to said litigation or in any way bound thereby; and deny that said stipulated judgment determines the rights of plaintiff against defendants.

III

Deny the allegations of paragraph IX of plaintiff's Original Complaint.

IV

Defendants have no knowledge or information sufficient to form a belief as to the allegations contained in Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XXIII, and XXIV of plaintiff's Supplement to Complaint, and therefore deny all of said allegations for want of information or belief.

V

Deny the allegations of Count XXI, XXII and XXV of plaintiff's Supplement to Complaint.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

I

Defendants are the owners of real property situated in the County of San Diego, State of California, as described in Exhibit A attached hereto and made a part hereof by reference.

II

Defendants claim water rights appurtenant to the real property described in Exhibit A, as follows:

- 2 -

14572

Approximately 50 acres of the lands of defendants are arable and irrigable. The said lands are riparian to that stream known as "Fallbrook Creek" which runs through said lands in a generally northeasterly to southwesterly direction and defendants assert full correlative rights to the use of the waters of said stream in an amount not to exceed 4.2 acre feet per acre per year.

Defendants are also the owners of the right to extract from the sewage affluent spreading basins of the Fallbrook Sanitary District not to exceed 150 acre feet of water per year, for use upon the lands of defendants described in Exhibit A, as is set forth in the documents hereunto attached, Marked Exhibit B. Said right is appurtenant to the lands of defendants.

Defendants assert that there are also percolating ground waters underlying said lands, particularly in the easterly portion thereof, which waters are not a part of any stream, and defendants assert full correlative rights to the use of said percolating ground waters.

- 2A -

14573

WHEREFORE, defendants pray judgment as follows:

1. That plaintiff take nothing by its Complaint and Supplement to Complaint herein.

2. That this Honorable Court adjudge and decree that defendants are the owners of water rights appurtenant to the lands described herein as described in this Answer.

3. That this Honorable Court adjudge and decree that the water rights of defendant are prior and paramount to all of the claimed water rights of plaintiff herein.

4. That this Honorable Court quiet the title of defendants in and to their rights to the use of water as set forth herein as against all adverse claims of plaintiff or other defendants herein.

5. For costs of suit and for such other relief as seems just.

SACHSE and PRICE

July 8, 1958

by *[signature]*
Attorneys for defendant

- 3 -

14574

EXHIBIT A

1

the real property in the county of **San Diego** state of California, described as: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
Lots 2, 3 and 4, Section 25, Township 9 South, Range 4 West San Bernardino Meridian, according to United States Government Survey approved June 11, 1880; together with a strip of land taken from Rancho Santa Margarita y Las Flores and conveyed by Union Title Insurance and Trust Company to Loma Ranch Company by deed dated March 6, 1941, recorded in Book 1219, page 73, Official Records of San Diego County, excepting from said Lot 2 that portion thereof embraced in or lying northwest of the right of way of the Atchison, Topeka and Santa Fe Railroad;
Also excepting, 6.74 acres in the northeast corner of said lot conveyed by Loma Ranch Company to Pratt Mutual Water Company by deed dated April 12, 1948, recorded in Book 2805, page 177, Official Records of San Diego County;
Also excepting from said Lot 4 and from said Strip of land taken from said Rancho Santa Margarita y Las Flores above described, the following portion of said Lot 4 and of said strip described as follows: Commencing at the southeast corner of said Lot 4, thence north 0°4'50" east along the east line of said lot 693.30 ft., thence north 89°37'40" west 1182.87 ft. to the west line of said strip of land taken from said Rancho Santa Margarita y Las Flores, thence south 6°9' west along the west line of said strip of land 696.84 feet., thence south 89°37'40" east 1256.55 ft. along the south line of said lot 4 to the place of beginning; said exception containing 19.41 acres.

12    Containing 64 Acres.



EXHIBIT A

- 4 -

14575

or less, conveyed to Fallbrook Sanitary District by said grantors as Parcels 1 and 2 of this Grant Deed and Easement.

Said easement is subject to the following conditions:

1. That said easement shall at all times be used by the grantee, its successors and/or assigns, for the sole purpose of constructing and maintaining thereon, entirely at the cost and expense of the grantee, its successors and/or assigns, a pipe line from the southwest boundary of that property described as PARCEL 1 herein, across said PARCEL 3 to the property line of the Naval Ammunition Depot, for the sole and exclusive purpose of conducting waste materials from any sewage disposal plant which may be erected upon the property described herein as PARCEL 1, said pipe line to be laid along the most direct and practicable route across said PARCEL 3, as determined by the gradient required and the topography of the property.

2. That said pipe line, if and when constructed, shall be constructed as expeditiously as practicable; shall be placed, and at all times thereafter shall remain and be maintained for the entire distance at a depth of not less than 2 1/2 feet below the ground surface of said PARCEL 3 at the place where said pipe line is constructed as provided herein; and said pipe line shall be so located as not to interfere with the growth and nourishment of the citrus trees as located on said PARCEL 3 at the time said pipe line is constructed.

3. That the grantee, its successors and/or assigns, shall at all times keep and maintain said pipe line in a good state of repair, and shall in addition thereto, indemnify and save harmless the grantors and the grantors' heirs, successors

32

EXHIBIT B

- 5 -

14576

EXHIBIT B

and/or assigns from any and all damages of whatsoever kind or character, caused directly or indirectly by the construction and/or existence of said pipe line, except that the grantee shall not be so liable for such damage as may be proximately caused by the negligence of the grantors or the grantors' heirs, successors and/or assigns.

4. That the grantors and the grantors' heirs, successors and/or assigns shall at all times have the privilege of passing over and using and cultivating the surface or subsurface of the grantors' premises upon which said pipe line is constructed or maintained pursuant to this easement.

5. That in consideration of the easement herein granted, grantee covenants and agrees that in the event grantee constructs and operates a sewage disposal or sewage treatment plant whose operation requires the construction, maintenance and/or use of the pipe line hereinabove described, grantee will supply without any charge whatsoever to grantors and to grantors' heirs, successors and/or assigns, so much of the reclaimed, purified or treated water produced by said sewage disposal or sewage treatment plant, up to one hundred fifty (150) acre feet per year, as grantors or grantors' heirs, successors and/or assigns may from time to time request in writing, the water so delivered to be used exclusively for the irrigation of that property described as PARCEL 3 hereof. Said water shall under no circumstances be transferred, sold, delivered or otherwise disposed of by grantors, or grantors' heirs, successors and/or assigns, for use other than for irrigation upon the property described as PARCEL 3 herein. Grantee shall, for the purpose hereinabove described, deliver said water through the pipe line above described, to the premises of the grantor and shall provide, at a point on

32

- 6 -

EXHIBIT B

14577

EXHIBIT B

such line satisfactory to the grantor, a means of coupling or connecting said conduit with the conduit of grantors, and grantors' heirs, successors and/or assigns. If, at any time after construction of a sewage treatment plant on the premises, and after such water becomes available, grantor fails to make use of such water for a consecutive period of three years, then this condition No. 5 shall cease to be in effect and no further right to the use of such water shall pertain to the grantor, his heirs, successors and/or assigns.

6. That in the event the grantee, its successors and/or assigns, neglects or fails to comply with any of the terms and conditions of this Grant of Easement, to be complied with on its or their part as provided herein within ten (10) days from the giving of written notice by grantors to grantee, or grantee's successor, as the case may be, specifying such default, or in the event that said pipe line is not used for the purpose aforesaid by any person entitled thereto for a period of three (3) consecutive years at any time after the construction thereof, then in either such event this easement shall, without further notice, immediately cease, terminate, and be no longer of effect, and all interest in said easement or the rights thereto shall forthwith revert to and vest in the grantors, their heirs, successors and/or assigns.

Acceptance of this Grant Deed and Easement by grantee shall constitute grantee's acceptance of and agreement to all the terms and conditions herein contained.

EXHIBIT B

- 7 -

14578

AFFIDAVIT OF SERVICE BY MAIL

STATE OF CALIFORNIA,
COUNTY OF San Diego } ss. 1247 SD C

Franz R. Sachse, being first duly sworn, says: That affiant, whose address is

1092 South Main St., Fallbrook, California

is a citizen of the United States, a resident of the county where the herein described mailing took place; over the age of 18 years and not a party to the above entitled action.

That affiant served the attached Answer of Defendants Thomas B. Rodger III and Janet Kalker Rodgers,
(Copy title of paper served)

on the plaintiff
(Name of party served)
in said action, by placing a true copy thereof in an envelope addressed as follows:

Hon. J. Lee Rankin, Rm 332, 325 West F St., San Diego 1, California

(Name and address as shown on the envelope)

sealed and deposited on the 24th day of July, 1958, in the United States Mail at

Fallbrook, San Diego County, California
(Place of mailing, name of county)

with postage fully prepaid thereon, and that there is regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 24th day of July, 1958

_____
Notary Public in and for said County and State

(SEAL)

Stuart FORM 23

My Commission expires May 25, 1961

14578A