1  J. LEE RANKIN
   Solicitor General
2  Department of Justice
   Washington, D. C.
3
   Attorney for United States
4    of America


FILED
AUG 4 - 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>et al.,<br>  Defendants. | No. 1247-SD-C<br>REPLY TO REQUEST FOR ADMISSIONS<br>OF<br>CALVIN G. SHELD and CORA E. SHELD |

   CALVIN G. SHELD and CORA E. SHELD, defendants in the above entitled action, have filed an Answer, dated June 16, 1958, to the Compalint and Supplementary and Amendatory Complaint. In the Answer no claim to the right to the use of water of the Santa Margarita River and its tributaries is made. Under the circumstances the defendants, in fact, are disclaiming any right, title and interest to the water of the Santa Margarita River and its tributaries. It is understood, however, from the directions of the Court that it is desirable to have entered in the decree by the Court, certain data in regard to lands of this defendant.

   The defendants request by a Request for Admissions, dated June 16, 1958, that the plaintiff admit that the following statements are true:
(1)  Defendants are the owners of the lands described in their answer herein;
(2)  lands described in the answer of defendants include 65/100 acres of irrigable land;  (3)  a reasonable water duty for the irrigable lands of defendants is 4.2 acre feet per acre per year;  (4) the lands of defendants

-1-

COPY RECEIVED

4333

do not abut upon and are not riparian to any stream; and (5) the lands of
defendants overlie percolating ground waters not a part of any stream.

The plaintiff admits that insofar as is known at the present time
the defendants are the owners of the land described in the answer. On
July 9, 1958, the defendant Cora E. Sheld, indicated to representatives of
the United States the boundary limits of the property described in the afore-
said answer and a reconnaissance survey was made of the property. Based upon
this survey the United States of America admits that all of the land described
in the answer, approximately 0.64 acres, is irrigable and that in the event
the irrigable lands are devoted to the raising of permanent pasture, a pro-
ject duty of 4.2 acre feet per year would be required. However, a smaller
quantity of water per acre per year would be adequate with the adoption of
a more practical and profitable agricultural development. Project duty is
the water which must be applied to the crop plus the sum of those losses
which occur between the point of supply and the point of use.

The reconnaissance survey further showed that the lands described
in the answer do not abut on the Santa Margarita River or its tributaries;
moreover, that the lands probably overlie percolating ground waters. In
using the term "overlie" it is not to be ascribed the legal significance
given the term in Pasadena v. Alhambra, 33 Calif (2d) 908, 207 Pac (2d) 17
(1949). These ground waters are not a part of any surface or subsurface
stream or subsurface basin of the Santa Margarita River or its tributaries.

                                              /s/ DAVID W. MILLER  
Dated: August 1, 1958                                      Attorney for Plaintiff

do not abut upon and are not riparian to any stream; and (5) the lands of defendants overlie percolating ground waters not a part of any stream.

The plaintiff admits that insofar as is known at the present time the defendants are the owners of the land described in the answer. On July 9, 1958, the defendant Cora E. Sheld, indicated to representatives of the United States the boundary limits of the property described in the aforesaid answer and a reconnaissance survey was made of the property. Based upon this survey the United States of America admits that all of the land described in the answer, approximately 0.64 acres, is irrigable and that in the event the irrigable lands are devoted to the raising of permanent pasture, a project duty of 4.2 acre feet per year would be required. However, a smaller quantity of water per acre per year would be adequate with the adoption of a more practical and profitable agricultural development. Project duty is the water which must be applied to the crop plus the sum of those losses which occur between the point of supply and the point of use.

The reconnaissance survey further showed that the lands described in the answer do not abut on the Santa Margarita River or its tributaries; moreover, that the lands probably overlie percolating ground waters. In using the term "overlie" it is not to be ascribed the legal significance given the term in Pasadena v. Alhambra, 33 Calif (2d) 908, 207 Pac (2d) 17 (1949). These ground waters are not a part of any surface or subsurface stream or subsurface basin of the Santa Margarita River or its tributaries.

/s/ David W. Miller  
DAVID W. MILLER  
Attorney for Plaintiff

Dated: August 1, 1958

-2-

4334

```
STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SAN DIEGO    )
```

DAVID W. MILLER, Attorney for the Plaintiff, being duly sworn, upon oath deposes and says: That he signed on behalf of the United States of America, the foregoing answer to Request For Admissions of

CALVIN G. SHELD and CORA E. SHELD

that he has read the foregoing answers; that he is authorized to sign it on behalf of the United States of America; and that the statements contained in those answers are true except insofar as the statements are based upon information and belief and those statements he believes to be true.

*/s/ David W. Miller*

Subscribed and sworn to before me this 1st day of August, 1958.

*/s/ Margaret B. Tooker*
Notary Public in and for said County and State

(SEAL)

My Commission Expires June 3, 1962.

-3-

4335