F I L E D

AUG 13 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By *M. L. Kerling*
DEPUTY CLERK

1   Robert E. Dorland    Ellen B. Dorland
    Defendants in propria persona
2   P.O. Box 8, Temecula, California

3

4                   IN THE UNITED STATES DISTRICT COURT

5                   SOUTHERN DISTRICT OF CALIFORNIA

6                       SOUTHERN DIVISION

7
    UNITED STATES OF AMERICA,        )        CIVIL NO. 1247 - SD - C
8                                    )
                    Plaintiff,       )        ANSWER OF DEFENDANTS
9                                    )
          v.                         )        Robert E. Dorland
10                                   )
    FALLBROOK PUBLIC UTILITY         )        Ellen B. Dorland
11  DISTRICT, ET AL,                 )
                                     )
12                  Defendants,      )

13        The defendants,  Robert E. and Ellen B. Dorland

14  each severing from their co-defendants and each for himself or her-

15  self alone, in answer to the Complaint and Supplementary and Amenda-

16  tory Complaint on file herein, admit, deny, and allege:

17          ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
                      AMENDATORY COMPLAINT
18
19        These answering defendants hereby incorporate by reference

20  all of the allegations contained in the answer to said Complaint and

    Supplementary and Amendatory Complaint filed in this case by Newton
21
    T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II
22
    of the portion thereof entitled "Affirmative Statement of Rights")
23
    and make each and all of said allegations a part of this answer
24
    the same as if herein set forth at length.
25
            AFFIRMATIVE STATEMENT OF RIGHTS
26
          These defendants own 298.45 acres of land in Riverside
27
    County, California, and within the watershed of the Santa Margarita
28
    River, more particularly described in the document attached hereto,
29
    marked Exhibit A, which is hereby incorporated by reference as a
30
    part of this statement.
31

32

    COPY RECEIVED

    INDEXED                                                      14677

1                              EXHIBIT A:-

2       Lots 1and 2 Section 18; The Lots 1,2,3,4,5,6, The southwest

3       quarter of the northeast quarter, and the northeast quarter

4       of the northwest quarter of Section 18; and the Lot 4 of

5       Section 20 in Township 8 south of Range one west of the

6       San Bernardino Meridian, Calif., containing 298 acres and

7       45/100 acres.  Homestead Patent No. 108913 Ap. 23, 1937

8       Los Angeles No. 050648 July 13, 1932.

9       The property designated in Exhibit A consists of nearly

10      300 acres of foothill land not lying on any stream.

11      Water at present is supplied by six springs for domestic

12      and agricultural use.  For future agricultural and domestic

13      use wells could be drilled.  The property lies several

14      miles away from The Temecula River so that water pumped

15      from wells would not be obtained from the river.

CLAIMS

1)  The defendant claims full rights to domestic water for each parcel into which the above 298.45 acres (Exhibit A) is divided or may in the future be divided.

    a.  Domestic water for the present two homes and a prospective third on the property.

    b.  Domestic water for any number of homes which may be established on the property in the future.

2)  The defendant claims rights to all available agricultural water for the irrigation of as many acres of the property as the defendant wishes to irrigate now or in the future.

    a.  The defendant claims the right to irrigate any number of acres regardless of the opinion of the plaintiff as to whether or not the land is "suitable and profitable" for cultivation.

    b.  The defendant claims the right to improve the quality of the land by present and future agricultural methods.  To improve the quality of land requires the use of water now and in the future available in springs and wells.

    c.  The system used by the plaintiff of judging water requirements by soil classification is unrealistic when applied to the modern type of farmer who takes second rate land and improves it.  Lands whose soil was classified as poor and whose slopes were steep have been, in San Diego and Riverside Counties, graded, fertilized and cultivated despite the conventional and outmoded judgement of being "unsuitable" for cultivation and "unprofitable".

14679

CLAIMS continued

Many small farmers in this region have demonstrated that so called "unsuitable" land can be highly "profitable" if supplied with water.

d. The plaintiff's desire to restrict the use of water on any piece of land on the basis of soil classification and "suitability and profitability" would be detrimental to the interests of all small landowners in the watershed. In the plaintiff's eyes, most of the land in the watershed is "unsuitable", therefore the plaintiff, on a false basis, demands the bulk of the water from such land regardless of the injury to the defendants.

e. The defendant claims the right to use any and all spring, well, and rainwater on, under, and within the boundaries of his property in the use and improvement of his land. The plaintiff has no right to restrict the amount of water to be used by the defendant on the above mentioned basis of soil classification, suitability and profitability.

f. In the Santa Margarita-Temecula River watershed there exists a certain supply of water and a certain number of acres. Each acre is entitled to a proportionate share of the total supply. The proposals of the plaintiff would penalize a large number of landowners for the benefit of a few.

14680

For claims of defendant see attached pages.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

Defendants in propria persona

Dated: 7/30/58

14681