JAMES DON KELLER, District Attorney
  and County Counsel

By MILTON MILKES, Deputy

302 Civic Center, San Diego 1, Calif.
BE 9-7561, Ext. 451

Attorneys for Defendant Pauma Valley
                        School District

FILED

AUG 18 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et al,<br><br>      Defendants. | No. 1247-Civil<br><br>ANSWER<br><br>OF<br><br>PAUMA VALLEY SCHOOL DISTRICT |

COMES NOW the defendant Pauma Valley School District, a public school district of the State of California, and severing itself from the other defendants and appearing for itself alone, by way of answer to plaintiff's complaint and supplementary and amendatory complaint herein, admits, denies, and alleges as follows:

FIRST DEFENSE

I

Denies that any "actual controversy" or any controversy at all had arisen prior to the commencement of this action, or has arisen as between the United States of America and this answering defendant, as alleged in paragraph I of plaintiff's complaint. Further answering paragraph I of plaintiff's complaint, this answering defendant denies that it has unlawfully or otherwise interfered with the rights of the United States of America, as alleged in said paragraph I.

COPY RECEIVED

14721

20M-1-58

## II

Answering paragraph II of plaintiff's complaint, defendant admits that Camp Joseph H. Pendleton, the United States Navy Ammunition Depot, Fallbrook, California, and the United States Naval Hospital, located at Camp Joseph H. Pendleton, situated in the Counties of San Diego and Orange, State of California, are military establishments of the United States of America. Alleges that several thousand acres of land included within said Camp Joseph H. Pendleton, the exact amount being unknown to this answering defendant, has at all times since its acquisition by the United States of America been occupied and used for commercial farming, said several thousand acres being rented out in varied-sized tracts to various private persons, firms and corporations for use as commercial farms. Further answering paragraph II of plaintiff's complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph II not hereinabove admitted, and therefore, denies each and every allegation in said paragraph II except those hereinabove specifically admitted.

## III

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

## IV

Answering paragraph IV of plaintiff's complaint, admits that the Santa Margarita River is one source of supply of water for Camp Joseph H. Pendleton, the Naval Ammunition Depot and the United States Naval Hospital. Admits that said Santa Margarita River is known in its upper reaches as the Temecula and that it arises in the coastal range in the State of California and proceeds in a general westerly direction until it crosses the boundary of Riverside County and enters San Diego County, at which point it continues in a generally southwesterly direction across San Diego County until it

empties into the Pacific Ocean. Admits that the Santa Margarita River is an intermittent stream. Alleges that said river is a non-navigable river. Admits that underlying the Santa Margarita River and its tributaries there are numerous underground basins composed of pervious materials, sands, gravel and other fluvial deposits, the exact areas and depths of which are unknown to this answering defendant; but alleges that no portion of any basin which underlies said river or any tributary thereof where said river or said tributaries cross the lands of the plaintiff underlies any portion of the lands of this answering defendant; admits that said Santa Margarita River traverses twenty-one miles of the property of plaintiff and that there are no water users below the lands of said plaintiff on said river, and that the plaintiff owns the lands traversed by said river from the point where the Santa Margarita River enters plaintiff's property to the point where the river bed enters the Pacific Ocean. Denies that this answering defendant has in any way encroached upon any rights that plaintiff may have in or to the waters of the Santa Margarita River or its tributaries; denies that this defendant has reduced the quantity of water available to said plaintiff from said river or its tributaries or from any subterranean source. Denies that any acts of this answering defendant damaged in any way any rights or property of plaintiff. Further answering the allegations of paragraph IV of plaintiff's complaint, this answering defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and not hereinabove expressly admitted or denied and, therefore, denies each and every allegation of said paragraph IV not hereinabove expressly admitted or denied. Alleges that if it is true that there was salt intrusion and the wells of plaintiff destroyed, as alleged in paragraph IV of plaintiff's complaint, the injury or threatened injury was not and is not the result of activities of this defendant, or brought about by the alleged encroachments upstream but was in part at least the result of a severe and protracted drought affecting all Southern California and affecting not only wells of the plaintiff

14723

but all wells in the Santa Margarita watershed and the wells in
every watershed in Southern California. Defendant is informed and
believes and, therefore, alleges the fact to be that plaintiff's
injury or threatened injury has been brought about principally as a
direct result of the plaintiff's misuse of the basin or basins
underlying the property of the plaintiff and the mismanagement of
its wells and the operation thereof and in the misuse and misappro-
priation of the water produced therefrom and the wrongful, excessive,
and unreasonable diversion and uses and the places of use of said
water.

V

Answering paragraph V of plaintiff's complaint, admits that
Rancho Santa Margarita, a corporation, a predecessor in interest of
the United States of America, was the plaintiff in an action insti-
tuted in the Superior Court of the State of California in and for
the County of San Diego, No. 42850, against N. R. Vail, et al, which
action was tried in said Superior Court which resulted in a judgment
in favor of plaintiff, which judgment was subsequently reversed by
the Supreme Court of the State of California; that thereafter the
parties to said action entered into a stipulated judgment, which
judgment purportedly adjudicated the rights of the parties to that
action to the use of the waters of the Santa Margarita River.
Alleges that neither this answering defendant nor any of its predeces-
sors in interest was party to said action and that said action did
not involve the use of water extracted from, used upon or appurtenant
to the lands of this defendant and this defendant is not bound by
said judgment or any part thereof or the findings of fact or conclu-
sions of law entered in said action. In further answer to paragraph
V of plaintiff's complaint, this answering defendant is without
knowledge or information sufficient to form a belief as to the truth
of those allegations in said paragraph V not hereinabove specifically
admitted or denied and, therefore, denies each of said allegations
not hereinabove specifically admitted or denied.

- 4 -                    14724

## VI

Answering paragraph VI of plaintiff's complaint admits that plaintiff is the successor in interest of the Rancho Santa Margarita, a corporation, but denies that it is entitled to or can claim as against this defendant all right, title, interest and privileges purported to have been given to Rancho Santa Margarita by said stipulated judgment or that plaintiff is entitled to claim as against this defendant any more water than the amount which is, or may be, reasonably and actually required for riparian uses and purposes on that portion of plaintiff's property which is actually riparian to the Santa Margarita River, which amount of water is under present conditions, this defendant is informed and believes and, therefore, alleges the fact to be, not to exceed 2,620 acre feet per annum.

## VII

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph VII of plaintiff's complaint and, therefore, denies each and every allegation contained therein.

## VIII

Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph VIII of plaintiff's complaint and, therefore, denies each and every allegation contained therein, except that this defendant specifically denies that plaintiff has any paramount right to any water or waters from the Santa Margarita River or any tributary thereof and denies that plaintiff has any rights in or to the waters of the Santa Margarita River or any tributary thereof other than a correlative right accruing to plaintiff by virtue of its ownership of land which is riparian to the Santa Margarita River.

## IX

Answering paragraph IX of plaintiff's complaint, this defendant denies each and every allegation contained in said paragraph IX, except that this defendant admits that it has asserted and does now

- 5 -

14725

assert that it has the right to use all of the water produced and extracted from its hereinafter described lands and that said right is paramount to any right of plaintiff and admits that it claims the right to extract water from those tributaries of the Santa Margarita River to which its lands are riparian and that said right is paramount in some respects and correlative in other respects to the rights of plaintiff. Alleges that defendant has the right to the use of water produced and extracted from its lands hereinafter described and that said right is paramount to the rights of the plaintiff, and that its right to the use of water extracted from any tributary of the Santa Margarita River to which its lands are riparian is paramount in some respects and correlative in other respects to the rights of plaintiff and denies that such rights of the defendant were acquired subsequent to or with full knowledge of the full rights of the United States of America or its predecessor in interest. This defendant alleges that its right to produce or extract water from, under or upon the land owned by it is paramount to the rights of the United States of America.

X

In answer to the allegations of the supplementary complaint herein, this answering defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and not hereinabove expressly admitted or denied and, therefore, denies each and every allegation of said supplement to complaint not hereinabove expressly admitted or denied.

XI

In answer to the allegations of the amendment to the complaint herein, this answering defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and not hereinabove expressly admitted or denied and, therefore, denies each and every allegation of said amendment to complaint not hereinabove expressly admitted or denied.

WHEREFORE, this answering defendant prays:

- 6 -

14726

1. That plaintiff take nothing by this action;

2. That the Court adjudge and decree that this defendant is the owner of and entitled to possession of the above described real property with the right to produce and extract any and all waters from said real property needed for domestic use, including the operation and maintenance of a public school, and for the irrigation purposes upon said real property;

3. That the Court adjudge and decree that this defendant is entitled to take and divert any and all waters from the Santa Margarita River and any tributary thereto for domestic use, including the operation and maintenance of a public school, and for irrigation purposes upon the above described real property of this defendant;

4. That plaintiff be forever barred from asserting any right, title, interest or estate in or to said real property or in or to any and all waters which may be taken or extracted from said real property or the Santa Margarita River or any tributary thereof for use on said real property, adverse to this defendant, and that plaintiff be restrained and enjoined from asserting any such claims;

5. That this defendant have such further relief as the Court may deem meet and proper; and

6. That this defendant recover its costs herein incurred and expended.

JAMES DON KELLER, District Attorney
and County Counsel in and for the
County of San Diego, State of
California

By *Milton Milkes*
MILTON MILKES, Deputy

Attorneys for defendant Pauma Valley School District

14727

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al, Defendants.

STATE OF CALIFORNIA, } ss.
County of San Diego }

    Willamay Graham ................being first duly sworn deposes and says:

That affiant is a citizen of the United States and a resident of the County of San Diego; that affiant is over the age of eighteen years and is not a party to the within and above entitled action;

    That affiant's business address is: Room 302 Civic Center Bldg., San Diego 1, California;

    That on the **11th** day of **August**, 19**58**, affiant served the within **Answer of Pauma Valley School District**

on the **plaintiff** in said action, by placing a true copy thereof in an envelope addressed to the attorney**s** of record for said **plaintiff** at the office of said attorney**s** as follows  (Then quote from envelope name and address of addressee)   **J. Lee Rankin, Solicitor General of the United States, Washington 25, D.C.; William H. Veeder, Department of Justice, Washington 25, D.C.; William E. Burby, Department of Justice, Washington 25, D.C.;**

and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States mail at San Diego, California, where is located the office of the attorney for the party by and for whom said service was made.

    That there is a regular daily communication of United States mail between the place of mailing and the place so addressed.

                                                           *Willamay Graham*

Subscribed and sworn to before me this **11th** day of **August**, 19**58**.

                              R. B. JAMES, County Clerk and ex officio Clerk of the Superior Court

(SEAL)

                              By _____, Deputy

1-51-1500--PP

14728