J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for United States
 of America

**FILED**

AUG 18 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>et al.,<br>        Defendants. | No. 1247-SD-C<br>REPLY TO REQUEST FOR ADMISSIONS<br>OF<br>TOM TURNER |

   TOM TURNER, defendant in the above entitled action, has filed an Answer, dated June 7, 1958, to the Complaint and Supplementary and Amendatory Complaint. In the Answer no claim to the right to the use of water of the Santa Margarita River and its tributaries is made. Under the circumstances the defendant, in fact, is disclaiming any right, title and interest to the water of the Santa Margarita River and its tributaries. It is understood, however, from the directions of the Court that it is desirable to have entered in the decree by the Court, certain data in regard to lands of this defendant.

   The defendant requests by a Request for Admissions, dated June 7, 1958, that the plaintiff admit that the following statements are true: (1) Defendant is the owner of the lands described in their answer herein; (2) the lands described in the answer of defendants include three (3) acres of irrigable land; (3) a reasonable water duty for the irrigable lands of defendant is 4.2 acre feet per acre per year; (4) the lands of defendant

-1-

4494

are not riparian to and do not abut upon any stream; and (5) the waters underlying the lands of defendant are percolating waters not a part of any stream.

The plaintiff admits that insofar as is known at the present time the defendant is the owner of the land described in the answer. On August 5, 1958, Walter Reeves, a representative of the defendant, indicated to representatives of the United States the boundary limits of the property described in the aforesaid answer and a reconnaissance survey was made of the property. Based upon this survey the United States of America admits that all of the land described in the answer, approximately 2.65 acres, is irrigable and that in the event the irrigable lands are devoted to the raising of permanent pasture, a project duty of 4.2 acre feet per year would be required. However, a smaller quantity of water per acre per year would be adequate with the adoption of a more practical and profitable agricultural development. Project duty is the water which must be applied to the crop plus the sum of those losses which occur between the point of supply and the point of use.

The reconnaissance survey further showed that the lands described in the answer do not abut on the Santa Margarita River or its tributaries; moreover, that the lands probably overlie percolating ground waters. In using the term "overlie" it is not to be ascribed the legal significance given the term in Pasadena v. Alhambra, 33 Calif (2d) 908, 207 Pac (2nd) 17 (1949). These ground waters are not a part of any surface or subsurface stream or subsurface basin of the Santa Margarita River or its tributaries.

Dated: August 12, 1958

DAVID W. MILLER
Attorney for Plaintiff

```
1  STATE OF CALIFORNIA   )
                         ) ss.
2  COUNTY OF SAN DIEGO   )
```

3        DAVID W. MILLER, Attorney for the Plaintiff, being duly sworn,
4  upon oath deposes and says:  That he signed on behalf of the United
5  States of America, the foregoing answer to Request For Admissions of
6        TOM TURNER;

8  that he has read the foregoing answers; that he is authorized to sign
9  it on behalf of the United States of America; and that the statements
10 contained in those answers are true except insofar as the statements
11 are based upon information and belief and those statements he believes
12 to be true.

*David W. Miller* (signature)

Subscribed and sworn to before me
15 this 12th day of August, 1958.

*Margaret B. Tooker* (signature)
17 Notary Public in and for said
       County and State

(SEAL)

My Commission Expires June 3, 1962.

-3-

4496