WALTER GOULD LINCOLN
7130 Olivetas Avenue,
La Jolla, California
Glencourt 4-0065
Attorney for Trustees of Estate of MURRAY SCHLOSS, dec.

FILED
AUG 22 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1247-SD-C. |
| Plaintiff, ) | |
| v. ) | ANSWER OF CERTAIN DEFENDANTS TO |
| FALLBROOK PUBLIC UTILITY DISTRICT, a ) public service corporation of the State of California, et als., ) | THE COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT. |
| Defendants. ) | |

NOW come certain of the persons named as defendants herein, namely: WALTER G. LINCOLN (also known as WALTER GOULD LINCOLN); S. A. SHEPARD; W. M. BEALE; FRED HESSERT; FRED S. REINHOLD; ROBERT DELUCE; OTTO WITCHNER; AXEL EMIL GIBSON; LEAH P. LOVELL; VERA W. RICHTER, as Trustees of the MURRAY SCHLOSS FOUNDATION FOR HOTHAN PIONEERING, heretofore appointed as such Trustees by the Superior Court of the State of California, in and for the County of Riverside, in an action therein pending entitled "In the Matter of the Estate of Murray S. Schloss, deceased" No. 4776, said Trustees being the successors of Guy Bogart, Lucy Parkman Bogart and Fred S. Reinhold, Executors of the said Estate, and acting as such Trustees, now appear for themselves alone, and not for any other co-defendant, answer the above referred to pleadings and admit, deny and allege as follows:

-1-

14769

I.

THAT as such trustees so defined in the immediagely preceeding paragraph, these defendants hold title to the following parcels of land situated in Township 8, Range 3 West, S.B.B. M., Counties of Riverside and San Diego, California, namely:

Sections 23, 26, 27, 28, 33 and 34, in Riverside County, as well as Lots 1 and 11, Section Three; and

Lot 1, Section Four, in Township 9 South, Range 3 West, S.B.B.M. San Diego County, California.

The Santa Margarita River passes through all of the lands above described, and all of said lands are riparian to the said River, and are higher on said River than are any of the lands of plaintiff herein.

That said lands of these defendants were originally granted to these defendants, or their respective predecessors in interest by the U. S. Government, plaintiff herein, long before 1937.

II.

These defendants deny that any, or all of them have encroached upon, or threaten to encroach upon, or have diverted any water from the Santa Margarita River upstream from Camp Pendleton, or otherwise, or elsewhere, either to the damage of the Plaintiff, or at all;

DENY that any of these defendants threatans to continue to encroach upon any water required for the Nation's defense, in any manner whatsoever, or at all.

III.

Have not sufficient information or belief with which to answer certain allegations contained in the complaint, and supplementary and Admentory Complaint of the plaintiff ( except those allegations which are referred to herein by answer, denial, admission or explanation ) and basing their denials upon the grounds of lack of such information or belief, deny, generally and specifically each and every allegation contained in said complaint, supplementary and amended complaint of the plaintiff, especially those pleadings which are to be found on pages 1 to 75 included of the pleadings of plaintiff as herein referred to.

-11-

14770

IV.

These defendants admit that the Plaintiff is entitled to, and claims " all rights, titles, interests and privileges " of the Rancho Santa Margarita by reason of the judgment of 1940 referred to in plaintiffs pleadings, paragraph VI, page 6; but these defendants also respectfully contend that Plaintiff cannot receive any more of such rights, claims, titles, interests or privileges than as so awarded in said judgment of 1940 to said Rancho Santa Margarita.

V.

IT IS NOT TRUE that Plaintiff has a paramount right to 35,000 acre feet, or any other quantity of the Santa Margarita River Waters, but, on the contrary Plaintiff is entitled to only that use of the quantity of water which was awarded to its immediate Grantor in said Judgment of 1940, hereinbefore referred to, namely, 30,289 acre feet, and no more, according to the judgment which plaintiff pleads on page 6, line 32 of its pleadings, which said judgment does not include the subterranean basin.

In this regard these defendants allege the fact to have been determined by said judgment so pleaded on page 6, line 32 of its pleadings, based on the findings of the Court which rendered said judgment, that the said Rancho Santa Margarita was originally, in 1879, granted and confirmed by this Plaintiff, by its Patent issued in said 1879, conveying the said Rancho Santa Margarita to Andres Pico, their successors and assigns; that since said 1879 the said Rancho has always passed from Grantor to Grantee as a single body of land, without division or addition, and was transferred by the Grantor to Plaintiff herein in an undivided ownership.

This Plaintiff cannot obtain, either in land, or any appurtenancy to land, more than it received from its Grantor, and its Grantor had no further or greater rights to any water other than awarded to it by the Judgment of 1940, or the confirmation of 1879.

-3-

14771

VI.

In addition to the hereinbefore designated lands in paragraph 1 hereof, the Trustees of the Estate of Murray Schloss, deceased, hold title to the following described land situated in Section 8 South, Range 3 West S.B.B. & M. Riverside County, State of California:

SECTION 35:
    N.E.$\frac{1}{4}$ and E.$\frac{1}{2}$ of S.E.$\frac{1}{4}$ and E. $\frac{1}{2}$ of N.W.$\frac{1}{4}$ and W $\frac{1}{2}$ of S.W.$\frac{1}{4}$

SECTION 34:  N.E.$\frac{1}{2}$ of N.E.$\frac{1}{4}$ and S.W.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and
    S.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$ and W $\frac{1}{2}$ (except 5 acres) of S.E.$\frac{1}{4}$ and S.E.$\frac{1}{4}$ of
    S.E.$\frac{1}{4}$ and
    All of the N.W.$\frac{1}{4}$

SECTION 33:  N.E.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and N.E.$\frac{1}{2}$ of S.E.$\frac{1}{4}$ and
    N.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$ and N.$\frac{1}{2}$ of S.W.$\frac{1}{4}$

SECTION 28:  Lots 1, 2, 3, 4, 5 and
    S.$\frac{1}{2}$ of S.W $\frac{1}{4}$ and  S.$\frac{1}{2}$ of S.E.$\frac{1}{4}$ and N.E.$\frac{1}{2}$ of N.E.$\frac{1}{4}$

SECTION 27  Lots 1, 2, 3 and S.E.$\frac{1}{4}$ of N.W.$\frac{1}{4}$ and N.E.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and
    S.E.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and S.W.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and
    ALL OF S.W.$\frac{1}{4}$ and
    ALL of S.E.$\frac{1}{4}$.

SECTION 26  ALL the N.W.$\frac{1}{4}$ and
    S.W.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and S.$\frac{1}{2}$ of S.E.$\frac{1}{4}$ and N.W.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ and
    N.$\frac{1}{2}$ of S.W.$\frac{1}{4}$ and N.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$

SECTION 22:  Lot 1.

SECTION 23  Lot 5 and S.W.$\frac{1}{4}$ of S.E.$\frac{1}{4}$.

14772

Also in Township 9 South Range 3 West S.B.B. & M, San Diego County, California:

Section 3:   Lots One and Two
Section 4:   Lot One.

-3B-

14773

AND FOR A SECOND AND SEPARATE ANSWER TO ALL THE CAUSES OF ACTION PLEADED BY PLAINTIFF HEREIN, THESE DEFENDANTS ALLEGE:

1.

THAT the UNITED STATES OF AMERICA, plaintiff herein, is estopped from bringing the present action against these defendants, particularly for the following reasons:

1.

ALL The lands to which these Defendants have title were originally granted to their predecessors in interest by the plaintiff herein long prior to 1937, and certain of said lands were, at the time of their respective grants from said United States of America, and now are, riparian to the Santa Margarita River. Said lands are situated in Township 8, and 9/Range 3 West, S.B.B.M. Counties of Riverside and San Diego, California, namely:

Sections 23, 26, 27, 28, 33 and 34/35 in Riverside County, and

Lots 1 and 11, Section Three; and

Lot 1, Section Four, in Townsip 9 South, Range 3 West, S.B.B.M. San Diego County, California.

That in said grants from the United States of America of the lands hereinbefore described, there was no reservation of any waters, or of any right to any waters flowing through, or over, or upon, or past said lands of these defendants, nor was there any claim in any of said grants of any right to the use of any of said waters which flowed, and now still flow through the said lands of these defendants, being known as the " Santa Margarita River " nor was there then, nor at any time before 1937, any claim of possession by plaintiff United States of America of any paramount right to, or to the use of, any of said waters, either that which so flowed through or over, or past the defendants lands as herein described, or which might rise in any portion of said lands, or in any manner.

-4-

14774

(2)     THAT, according to its admission on page V, paragraphs V & VI, Plaintiff herein is bound by the 1940 Judgment therein recited, in which judgment these defendants did not participate.

SAID judgment, altho dated October 18th, 1926, was not signed by the Rancho Santa Margarita Corporation and the Vail Company, an association until 1940, and to which stipulated judgment these defendants were not parties and are not bound by any of its allegations concerning them, or their rights to water.

That in the original judgment of the Court in that case no finding was made as to the riparian rights of any of these defendants, altho the lands to which they then had, and still have title, were in extent about three miles through both banks of the said Santa Margarita River.

(3)     That since the lands known as "CAMP PENDLETON" as described on pages 1 and 3 of Plaintiffs pleadings hereby referred to were "selected" as alleged on Page 2, line 15, by the Plaintiff prior to its acquisition by said Plaintiff, then the Plaintiff is certainly responsible for what it found prior to said acquisition, and cannot now claim more.

(4)     SINCE Plaintiff herein stipulated it would be bound by the Rancho Margarita-Vail judgment of 1940 hereinbefore referred to, and the laws of the State of California with respect to water rights in that State, it cannot claim more than can be found in its stipulation and the application of the laws of California with respect to said water rights.

(5)     The allegations found on page 3 of the Pleadings, lines 19 to 23 inclusive, are solely conclusions of law, and partly pleadings in futuro, all of which have no place in the pleadings.

(6)     SINCE the Santa Margarita River is " an intermittent Stream " and in the " dry seasons of the year " " disappears at a point eight miles from the ocean on the lands of the plaintiff," and flows for 21 miles through the lands of plaintiff ( all as set out on page 4, lines 8, 15 to 22) and " there are no users below eight miles from the ocean " it follows that

that the United States of America, plaintiff herein, is responsible for the natural conditions attaching to what is within its own lands.

THIS Court and the Plaintiff will take judicial notice that in the entire distance of the normal flow of the Santa Margarita River there has been for the past eleven years a dearth of rain, and that in none of those years has there been the usual, customary, normal or necessary rainfall; that such condition of lack of rainfall has during these years decreased the normal, usual and expected flow of all streams within the said territory of the said Santa Margarita River, and caused many wells to become dry; that the years 1956 and 1957 were the driest of all those eleven dry years; that plaintiff must take such quantity of rain which is provided by nature, and has not the power to compel any more to descend upon the ground; that if the rains are not sufficient, the rivers cannot flow normally.

WHEREFORE THESE ANSWERING DEFENDANTS PRAY:

(1)     THAT this Honorable Court determine, declare and adjudge that the UNITED STATES OF AMERICA, plaintiff herein, having granted to these answering defendants, or to their predecessors in interest before the year 1900, the lands and water rights and riparian right thereto, as described in this answer, and the said United States of America not having in any manner set aside or repudiated or vitiated, or modified any such grants, cannot now claim any right, title or interest in or to any portion of the lands, or the use of water, or the riparian rights to the use of water, all as alleged in this answer of these defendants, which the said United States of America had previously granted.

(2)     THAT this Honorable Court, by its decree, determine that the riparian rights of these defendants in and to the use of the waters of the Santa Margarita River is and shall be paramount, prior and superior to such rights of all other parties to this action, except such parties as can establish the fact that such parties have such rights up stream from these defendants.

(3) THAT this Honorable Court deny all those portions of the prayer of plaintiff herein which are contrary, or in conflict to the present prayer of these answering defendants.

(4) THAT these defendants have such other and further relief as may to this Honorable Court seem right and proper, including costs.

*Walter Bowen Fincher*

Attorney for these answering defendants.

14777

STATE OF CALIFORNIA :
: SS.
COUNTY OF SAN DIEGO:

WALTER GOULD LINCOLN being by me first duly sworn, deposes and says:

That affiant is one of the defendants herein; that affiant has read the foregoing Answer and knows the contents thereof; and that the same is true of affiant's own knowledge, except as to the matters which are therein set out upon affiant's information or belief, and as to those matters that affiant believes it to be true.

_____
Affiant

Subscribed and sworn to before me this

1st day of August, 1958

_____
Notary Public in and for said County and State.

ELWELL O. RINEHART, NOTARY PUBLIC
In and for the County of San Diego, State of California
My Commission Expires July 1, 1960

14778