FILED

SEP 4 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

URBAN K. TARWATER and ROSE C. TARWATER

Defendants in propria persona

MURRIETA, CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 1247 - SD - C |
| Plaintiff, ) | ANSWER OF DEFENDANTS |
| v. ) | Supplemental of Documents Mailed May 12, 1958 |
| FALLBROOK PUBLIC UTILITY DISTRICT, ET AL, ) | URBAN K. TARWATER and ROSE C. TARWATER |
| Defendants, ) | |

The defendants,

each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

14834

INDEXED

The above named defendants are enclosing herewith for the convenience of the Court, for use in support of our claim that we do not believe we are subject to state law that conflicts with private rights derived from the United States Constitution its laws and treaties, a document entitled "An Act to Ascertain and Settle the Private Land Claims in the State of California, March 3, 1851".

Section Eleven of said act says, quote "And be it further enacted, that the Commissioners herein provided for, and the district and supreme courts, in deciding on the validity of any claim brought before them under the provisions of this act, shall be governed by the Treaty of Guadalupe Hidalgo, the law of Nations, the laws, usages, and customs of the government from which the claim is derived, the principles of Equity, and the decisions of the Supreme Court of the United States, so far as they are applicable."

We believe this Act of Congress has never been repealed, and that it is the law by which we hold our property.

WHEREFORE, these defendants pray that plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants' right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deem proper.

*Urban K Tarwater*

*Rose C. Tarwater*

Defendants in propria persona

Dated: Aug 27, 1958

14836

BY AUTHORITY OF CONGRESS.

THE

# Statutes at Large and Treaties

OF THE

# UNITED STATES OF AMERICA.

FROM

DECEMBER 1, 1845, TO MARCH 3, 1851,

Arranged in Chronological Order;

WITH

REFERENCES TO THE MATTER OF EACH ACT AND TO THE
SUBSEQUENT ACTS ON THE SAME SUBJECT.

EDITED BY
GEORGE MINOT, ESQ.,
COUNSELLOR AT LAW.

The rights and interest of the United States in the stereotype plates from which this work is printed are hereby recognized, acknowledged, and declared by the publishers, according to the provisions of the joint resolution of Congress, passed March 3, 1845.

VOL. IX.

BOSTON:
LITTLE, BROWN AND COMPANY.
1854.

The Library of Congress, Washington, D. C.

I hereby certify that there is now in the collections of the Library of Congress a copy of the publication which is identified by the page reproduced above; and that the present and following pages are true photostat copies of _Title page and pages 631 through 634_ of said copy. In testimony whereof I hereunto subscribe my name and cause the seal of the Library of Congress to be affixed hereon this _8th_ day of _August_, 19_58_.

Charles G. La Hood Jr
Chief, Photoduplication Service

630                THIRTY-FIRST CONGRESS. Sess. II. Ch. 39. 1851.

which the imputation is made, at the period of exportation, with costs and charges, is to be taken.
ported or entered, to cause the actual market value or wholesale price thereof at the period of the exportation to the United States, in the principal markets of the country from which the same shall have been imported into the United States, to be appraised, estimated, and ascertained; and to such value or price shall be added all costs and charges, except insurance, and including in every case a charge for commissions at the usual rates, as the true value at the port where the same may be entered, upon which duties shall be assessed. (a)

By whom the certificate of appraisement is to be made.
SEC. 2. *And be it further enacted,* That the certificate of any one of the appraisers of the United States of the dutiable value of any imported merchandise required to be appraised, shall be deemed and taken to be the appraisement of such merchandise required by existing laws to be made by such appraisers. And where merchandise shall be entered at ports where there are no appraisers, the certificate of the revenue officer to whom is committed the estimating and collection of duties of the dutiable value of any merchandise required to be appraised, shall be deemed and taken to be the appraisement of such merchandise required by existing laws to be made by such revenue officer.

Four appraisers to be appointed.
Salary.

Duties.
SEC. 3. *And be it further enacted,* That there shall be appointed by the President of the United States, by and with the advice and consent of the Senate, four appraisers of merchandise, to be allowed an annual salary each of two thousand five hundred dollars, together with their actual travelling expenses, to be regulated by the Secretary of the Treasury, who shall be employed in visiting such ports of entry in the United States, under the direction of the said Secretary, as may be deemed useful by him for the security of the revenue, and shall at such ports afford such aid and assistance in the appraisement of merchandise thereat as may be deemed necessary by the Secretary of the Treasury to protect and ensure uniformity in the collection of the revenue from

Appeal from appraisements.
1842, ch. 270.
customs; and wherever practicable, in cases of appeal from the decision of United States appraisers, under the provisions of the seventeenth section of the tariff act of thirtieth August, eighteen hundred forty-two, the collector shall select one discreet and experienced merchant to be associated with one of the appraisers appointed under the provisions of this act, who together shall appraise the goods in question; and if they shall disagree, the collector shall decide between them; and the appraisement thus determined shall be final, and deemed and taken to be the true value of said goods, and the duties shall be levied thereon accordingly, any act of Congress to the contrary notwithstanding. (b)

Act to take effect April 1, 1851.
SEC. 4. *And be it further enacted,* That this act shall take effect on and after the first day of April next; and all acts and parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed.

APPROVED, March 3, 1851.

---

March 3, 1851.
CHAP. XXXIX. — *An Act to amend the Act to change the Time of holding the Circuit and District Courts of the United States for the District of Ohio.* (c)

Terms of courts in Ohio.
*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the term of the Circuit and District Courts of the United States for the district of Ohio now required by law to commence on the third Tuesday of May in

---

(a) For provisions of previous acts respecting appraisements, see Stat. 1823, ch. 21; Stat. 1830, ch. 147; Stat. 1842, ch. 270, § 16, (vol. v. pp. 563, 564,) and Stat. 1846, ch. 74, § 8, and ch. 175, § 2.

(b) For previous provision, as to appeal, see Stat. 1842, ch. 270, § 17.

(c) See vol. ii. pp. 201, 420, 568; vol. iii. p. 544; vol. iv. pp. 18, 187, 399; vol. v. pp. 215, 488, 652, and Stat. 1846, ch. 26, and ch. 76.

each year shall hereafter commence on the third Tuesday of April in each year, and all provisions of law now applicable to the holding of said May term shall apply to the said April term.

APPROVED, March 3, 1851.

---

CHAP. XL. — *An Act to change the Terms of the Circuit Courts for the Eastern and Western Districts of Pennsylvania.* (a) — March 3, 1851.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the terms of the Circuit Courts of the United States for the eastern and western districts of Pennsylvania shall hereafter commence as follows, to wit: The April and October terms of the eastern district shall commence on the first Mondays of April and October, and the May and November terms of the western district shall commence on the second Mondays of May and November. — *Terms of Circuit Courts in Pennsylvania.*

APPROVED, March 3, 1851.

---

CHAP. XLI. — *An Act to ascertain and settle the private Land Claims in the State of California.* — March 3, 1851.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That for the purpose of ascertaining and settling private land claims in the State of California, a commission shall be, and is hereby, constituted, which shall consist of three commissioners, to be appointed by the President of the United States, by and with the advice and consent of the Senate, which commission shall continue for three years from the date of this act, unless sooner discontinued by the President of the United States. — *Commission constituted.*

SEC. 2. *And be it further enacted,* That a secretary, skilled in the Spanish and English languages, shall be appointed by the said commissioners, whose duty it shall be to act as interpreter, and to keep a record of the proceedings of the board in a bound book, to be filed in the office of the Secretary of the Interior on the termination of the commission. — *Secretary. Duties.*

SEC. 3. *And be it further enacted,* That such clerks, not to exceed five in number, as may be necessary, shall be appointed by the said commissioners. — *Clerks.*

SEC. 4. *And be it further enacted,* That it shall be lawful for the President of the United States to appoint an agent learned in the law, and skilled in the Spanish and English languages, whose special duty it shall be to superintend the interests of the United States in the premises, to continue him in such agency as long as the public interest may, in the judgment of the President, require his continuance, and to allow him such compensation as the President shall deem reasonable. It shall be the duty of the said agent to attend the meetings of the board, to collect testimony in behalf of the United States, and to attend on all occasions when the claimant, in any case before the board, shall take depositions; and no deposition taken by or in behalf of any such claimant shall be read in evidence in any case, whether before the commissioners, or before the District or Supreme Court of the United States, unless notice of the time and place of taking the same shall have been given in writing to said agent, or to the district attorney of the proper district, so long before the time of taking the deposition as to enable him to be present at the time and place of taking the same, — *Agent for United States. Duties. Ante, p. 616. Compensation. Duties. Notice of taking of depositions to be given to such agent.*

---

(a) See vol. i. pp. 75, 463, 517; vol. ii. pp. 1, 157; vol. iii. p. 462; vol. v. pp. 177, 628.

and like notice shall be given of the time and place of taking any deposition on the part of the United States.

**Sessions of commissioners.**

Sec. 5. *And be it further enacted,* That the said commissioners shall hold their sessions at such times and places as the President of the United States shall direct, of which they shall give due and public notice; and the marshal of the district in which the board is sitting shall appoint a deputy, whose duty it shall be to attend upon the said board, and who shall receive the same compensation as is allowed to the marshal for his attendance upon the District Court.

**Deputy marshal.**

**Pay.**

**Oaths to be administered, and testimony taken in writing and recorded.**

Sec. 6. *And be it further enacted,* That the said commissioners, when sitting as a board, and each commissioner at his chambers, shall be, and are, and is hereby, authorized to administer oaths, and to examine witnesses in any case pending before the commissioners, that all such testimony shall be taken in writing, and shall be recorded and preserved in bound books to be provided for that purpose.

**Subpœnas.**

Sec. 7. *And be it further enacted,* That the secretary of the board shall be, and he is hereby, authorized and required, on the application of the law agent or district attorney of the United States, or of any claimant or his counsel, to issue writs of subpœna commanding the attendance of a witness or witnesses before the said board or any commissioner.

**Claimants of land to present their claims.**

Sec. 8. *And be it further enacted,* That each and every person claiming lands in California by virtue of any right or title derived from the Spanish or Mexican government, shall present the same to the said commissioners when sitting as a board, together with such documentary evidence and testimony of witnesses as the said claimant relies upon in support of such claims; and it shall be the duty of the commissioners, when the case is ready for hearing, to proceed promptly to examine the same upon such evidence, and upon the evidence produced in behalf of the United States, and to decide upon the validity of the said claim, and, within thirty days after such decision is rendered, to certify the same, with the reasons on which it is founded, to the district attorney of the United States in and for the district in which such decision shall be rendered.

**Proceedings thereon.**

**Petitions to District Court.**

**Proceedings therein.**

Sec. 9. *And be it further enacted,* That in all cases of the rejection or confirmation of any claim by the board of commissioners, it shall and may be lawful for the claimant or the district attorney, in behalf of the United States, to present a petition to the District Court of the district in which the land claimed is situated, praying the said court to review the decision of the said commissioners, and to decide on the validity of such claim; and such petition, if presented by the claimant, shall set forth fully the nature of the claim and the names of the original and present claimants, and shall contain a deraignment of the claimant's title, together with a transcript of the report of the board of commissioners, and of the documentary evidence and testimony of the witnesses on which it was founded; and such petition, if presented by the district attorney in behalf of the United States, shall be accompanied by a transcript of the report of the board of commissioners, and of the papers and evidence on which it was founded, and shall fully and distinctly set forth the grounds on which the said claim is alleged to be invalid, a copy of which petition, if the same shall be presented by a claimant, shall be served on the district attorney of the United States, and, if presented in behalf of the United States, shall be served on the claimant or his attorney; and the party upon whom such service shall be made shall be bound to answer the same within a time to be prescribed by the judge of the District Court; and the answer of the claimant to such petition shall set forth fully the nature of the claim, and the names of the original and present claimants, and shall contain a deraignment of the claimant's title; and the answer of the

**Form of petition.**

**Answers to petitions.**

district attorney in behalf of the United States shall fully and distinctly set forth the grounds on which the said claim is alleged to be invalid, copies of which answers shall be served upon the adverse party thirty days before the meeting of the court, and thereupon, at the first term of the court thereafter, the said case shall stand for trial, unless, on cause shown, the same shall be continued by the court.

Sec. 10. *And be it further enacted*, That the District Court shall proceed to render judgment upon the pleadings and evidence in the case, and upon such further evidence as may be taken by order of the said court, and shall, on application of the party against whom judgment is rendered, grant an appeal to the Supreme Court of the United States, on such security for costs in the District and Supreme Court, in case the judgment of the District Court shall be affirmed, as the said court shall prescribe; and if the court shall be satisfied that the party desiring to appeal is unable to give such security, the appeal may be allowed without security. *Proceedings thereon. Appeal to Supreme Court. Security for costs.*

Sec. 11. *And be it further enacted*, That the commissioners herein-provided for, and the District and Supreme Courts, in deciding on the validity of any claim brought before them under the provisions of this act, shall be governed by the treaty of Guadaloupe Hidalgo, the law of nations, the laws, usages, and customs of the government from which the claim is derived, the principles of equity, and the decisions of the Supreme Court of the United States, so far as they are applicable. *On what principles commissioners are to act.*

Sec. 12. *And be it further enacted*, That to entitle either party to a review of the proceedings and decision of the commissioners herein-before provided for, notice of the intention of such party to file a petition to the District Court shall be entered on the journal or record of proceedings of the commissioners within sixty days after their decision on the claim has been made and notified to the parties, and such petition shall be filed in the District Court within six months after such decision has been rendered. *Proceedings to authorize petition to District Court.*

Sec. 13. *And be it further enacted*, That all lands, the claims to which have been finally rejected by the commissioners in manner herein provided, or which shall be finally decided to be invalid by the District or Supreme Court, and all lands the claims to which shall not have been presented to the said commissioners within two years after the date of this act, shall be deemed, held, and considered as part of the public domain of the United States; and for all claims finally confirmed by the said commissioners, or by the said District or Supreme Court, a patent shall issue to the claimant upon his presenting to the general land office an authentic certificate of such confirmation, and a plat or survey of the said land, duly certified and approved by the surveyor-general of California, whose duty it shall be to cause all private claims which shall be finally confirmed to be accurately surveyed, and to furnish plats of the same; and in the location of the said claims, the said surveyor-general shall have the same power and authority as are conferred on the register of the land office and receiver of the public moneys of Louisiana, by the sixth section of the act "to create the office of surveyor of the public lands for the State of Louisiana," approved third March, one thousand eight hundred and thirty-one: *Provided, always*, That if the title of the claimant to such lands shall be contested by any other person, it shall and may be lawful for such person to present a petition to the district judge of the United States for the district in which the lands are situated, plainly and distinctly setting forth his title thereto, and praying the said judge to hear and determine the same, a copy of which petition shall be served upon the adverse party thirty days before the time appointed for hearing the same. *And provided, further*, That it shall and may be lawful for the district judge of the United States, upon the hearing of such petition, *All lands in California to which claims are not established to be taken as public lands. Patent to issue for lands, claims to which are confirmed. Location and survey of claims. 1831, ch. 116. Provision where a claim is contested by some other person. Injunction in such case.*

Vol. VI. Pub. — 80

to grant an injunction to restrain the party at whose instance the claim to the said lands has been confirmed, from suing out a patent for the same, until the title thereto shall have been finally decided, a copy of which order shall be transmitted to the commissioner of the general land office, and thereupon no patent shall issue until such decision shall be made, or until sufficient time shall, in the opinion of the said judge, have been allowed for obtaining the same; and thereafter the said injunction shall be dissolved.

*This act not to extend to certain lots.*

SEC. 14. *And be it further enacted,* That the provisions of this act shall not extend to any town lot, farm lot, or pasture lot, held under a grant from any corporation or town to which lands may have been granted for the establishment of a town by the Spanish or Mexican government, or the lawful authorities thereof, nor to any city, or town, or village lot, which city, town, or village existed on the seventh day of July, eighteen hundred and forty-six; but the claim for the same

*Provision for the case of such lots.*

shall be presented by the corporate authorities of the said town, or where the land on which the said city, town, or village was originally granted to an individual, the claim shall be presented by or in the name of such individual, and the fact of the existence of the said city, town, or village on the said seventh July, eighteen hundred and forty-six, being duly proved, shall be prima facie evidence of a grant to such corporation, or to the individual under whom the said lot-holders claim; and where any city, town, or village shall be in existence at the time of passing this act, the claim for the land embraced within the limits of the same may be made by the corporate authority of the said city, town, or village.

*Proceedings to be conclusive only as between U. S. and the claimants.*

SEC. 15. *And be it further enacted,* That the final decrees rendered by the said commissioners, or by the District or Supreme Court of the United States, or any patent to be issued under this act, shall be conclusive between the United States and the said claimants only, and shall not affect the interests of third persons.

*Report on tenure of mission lands and those held by certain Indians.*

SEC. 16. *And be it further enacted,* That it shall be the duty of the commissioners herein provided for to ascertain and report to the Secretary of the Interior the tenure by which the mission lands are held, and those held by civilized Indians, and those who are engaged in agriculture or labor of any kind, and also those which are occupied and cultivated by Pueblos or Rancheros Indians.

*Compensation. Commissioners. Secretary. Clerks.*

SEC. 17. *And be it further enacted,* That each commissioner appointed under this act, shall be allowed and paid at the rate of six thousand dollars per annum; that the secretary of the commissioners shall be allowed and paid at the rate of four thousand dollars per annum; and the clerks herein provided for shall be allowed and paid at the rate of one thousand five hundred dollars per annum; the aforesaid salaries to commence from the day of the notification by the commissioners of the first meeting of the board.

*Secretary to receive no fees except in certain cases.*

SEC. 18. *And be it further enacted,* That the secretary of the board shall receive no fee except for furnishing certified copies of any paper or record, and for issuing writs of subpœna. For furnishing certified copies of any paper or record, he shall receive twenty cents for every hundred words, and for issuing writs of subpœna, fifty cents for each witness; which fees shall be equally divided between the said secretary and the assistant clerk.

APPROVED, March 3, 1851.

CHAP. XLII. — *An Act to amend an Act entitled "An Act allowing Compensation to the Members of the Senate, Members of the House of Representatives of the United States, and to the Delegates of the Territories, and repealing all other Laws on that Subject."* (a)  —  March 3, 1851.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That from and after the passage of this act, no member of the Senate shall be entitled to receive compensation for his attendance at the Senate, in the recess of Congress, during such meeting of the Senate as may be called on the fourth day of March, eighteen hundred and fifty-three, and on the fourth day of March in every fourth year thereafter, other than the eight dollars per diem for attendance, now allowed by law: *Provided,* That this act shall not apply to a senator, not a member of either house of Congress at the expiration of the Congress preceding such called session of the Senate.

APPROVED, March 3, 1851.

*No senator to receive mileage for the session commencing March 4, 1851, and every four years thereafter, if he was a member of Congress in the preceding session.*

---

CHAP. XLIII. — *An Act to limit the Liability of Ship-Owners, and for other Purposes.* (b)  —  March 3, 1851.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That no owner or owners of any ship or vessel shall be subject or liable to answer for or make good to any one or more person or persons any loss or damage which may happen to any goods or merchandize whatsoever, which shall be shipped, taken in, or put on board any such ship or vessel, by reason or by means of any fire happening to or on board the said ship or vessel, unless such fire is caused by the design or neglect of such owner or owners: *Provided,* That nothing in this act contained shall prevent the parties from making such contract as they please, extending or limiting the liability of ship-owners.

*Owners not liable for damage by fire not caused by their neglect.*

*Parties may vary their liabilities by contract.*

SEC. 2. *And be it further enacted,* That if any shipper or shippers of platina, gold, gold dust, silver, bullion, or other precious metals, coins, jewelry, bills of any bank or public body, diamonds or other precious stones, shall lade the same on board of any ship or vessel, without, at the time of such lading, giving to the master, agent, owner or owners of the ship or vessel receiving the same, a note in writing of the true character and value thereof, and have the same entered on the bill of lading therefor, the master and owner or owners of the said vessel shall not be liable, as carriers thereof, in any form or manner. Nor shall any such master or owners be liable for any such valuable goods beyond the value and according to the character thereof so notified and entered.

*Owners not liable for certain valuable articles, unless notice is given, &c.*

*Limit of liability in case of such notice.*

SEC. 3. *And be it further enacted,* That the liability of the owner or owners of any ship or vessel, for any embezzlement, loss, or destruction, by the master, officers, mariners, passengers, or any other person or persons, of any property, goods, or merchandize, shipped or put on board of such ship or vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner or owners respectively, in such ship or vessel, and her freight then pending.

*Liability of owners for certain losses not to exceed the value of their interest in the vessel.*

SEC. 4. *And be it further enacted,* That if any such embezzlement,

---

(a) For previous acts on the subject, see note in vol. i. p. 70, and Stat. 1850, ch. 90.

(b) See the case of New Jersey Steam Navigation Co. *v.* Merchants Bank, 6 Howard, R. 344.