*Copy - proof of service attached.*

FILED
SEP 25 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1247 - SD - C |
| Plaintiff | ) | SUPPLEMENTARY ANSWER |
| FALLBROOK PUBLIC UTILITY DISTRICT et al., | ) | AND PRETRIAL BRIEF |
| Defendants. | ) | OF AUGUSTA STANLEY |

Immediately prior to the initiation of the trial in this action, beginning on October 1, 1958, the affiant defendant does not object to the appointment of the Special Master for the taking of evidence but does challenge his power to allocate the water from the land of affiant defendant until it has been judicially ruled that plaintiff has any rights in the water from the land of affiant defendant, specifically described as:

# 1 . . SW 1/4 of NE 1/4 of NE 1/4, NW 1/4 of SE 1/4 of NE 1/4, S 1/2 of SE 1/4 of NE 1/4, W 1/2 of NE 1/4, SE 1/4 Exc. S 3/4 of SE 1/4 of SE 1/4, and W 1/2 Exc. N. 660' of S. 720' (530 acres) Section 35, Twsp. 6 South, Range 1 East, S.B.M.

#2 . . Lots 1 to 10, NE 1/4 of NW 1/4, E 1/2 of SW 1/4, (519.79 acres) of Sec. 34, above Twsp. and Range.

#3 . . SW 1/4, W1/2 of SE 1/4 ( 240 Acres) of Sec. 26, same Twsp. and Range.

Total 1289.79 acres

14900

*Copy made Sd?f*

Case 3:51-cv-01247-JO-SBC   Document 3736   Filed 09/25/58   PageID.12688   Page 2 of 5

2.

I

## DENIAL OF RIGHTS OF PLAINTIFF

Affiant defendant takes cognizance of the Stipulations II, III, IV of November 29, 1951, and upheld by the Pretrial Rulings of the Court as filed August 8, 1958, whereby the United States of America claims only the rights acquired by the Santa Margarita Rancho, claims no rights by sovereign status, and that the rights to the use of water are to be measured by the laws of California,

WHEREFORE:

(1) Inasmuch as land of affiant defendant is a part of the plateau of an old <u>mountain top</u> it has primary riparian rights as no land is above it. December 5, 1957, the Third District Court of Appeals in Sacramento reversed a lower court's ruling that restrained Arbelbide from taking all the water from Los Banos Creek before a downstream owner Gonzales could water cattle and allocating 468,000 gallons of water per day to Gonzales. The higher court reversal gave upstream owner Arbelbide the right to use all the water he needed before the downstream users had any.

                (Merced County Farmers v.
                Bernard Arbelbide,
                Third District Court of Appeals,
                Sacramento, December 5, 1957)

14801

(2) According to Item 5, BASIC PRINCIPLES, page 26 of PRETRIAL RULINGS in this case, filed August 8, 1958: "The riparian right is not based on use and is not lost by non-use; however, to the extent that water is not presently being used by riparian proprietors under their riparian right it is subject to appropriation and beneficial use by others, the riparian owners being entitled to a declaration of their superior rights to make reasonable beneficial use of the water in the future but not entitled to enjoin storage or use of water by an appropriator which does not conflict with their own present reasonable beneficial use. (Meridian, Ltd. v. City and County of San Francisco (1939), 13 Cal. 2d 424, 445, 447, 458; Gin S. Chow v. City of Santa Barbara (1933), 217 Cal. 673, 683-691.)"

(3) Inasmuch as land of affiant defendant is intended and held for recreational uses and division therefor, it is impossible to estimate at this time the amount of water that will be needed thereon in the future.

(4) All developed water on the plateau of the <u>mountain top</u> of which the land of affiant defendant is a part is <u>percolating water</u>. Numerous springs and two wells that have been drilled on this plateau indicate that the basin here has no connection with any tributary of the Santa Margarita River as the water level of the basin of the plateau is on a much higher level than any possible channel of any

14902

tributary of the Santa Margarita River.

(5) Affiant defendant has the right to all the water that falls on her land and to break up her land to hold water thereon, by virtue of the Dilworth Amendment to the California statutes passed in 1953.

(6) Affiant defendant's land is approximately ~~eighty~~ fifty (Q.G.S.) miles (~~80~~ 5̄0) miles from the land of the old Santa Margarita Rancho, by virtue of which the United States of America claims water rights; and there are many diversions of any water that might or does flow from the land of affiant defendant. This has particular reference to the lakes on nearby downstream lands along both Wilson Creek and Tucalota Creek which have been built with the assistance and advice of other Governmental agencies of the United States of America.

## DENIAL OF NEED OF PLAINTIFF FOR WATER OF AFFIANT DEFENDANT

This denial is based on the following reasons:

(1) Cited encroachment of salt water in two wells (page 4 of COMPLAINT AND SUPPLEMENTARY COMPLAINT) is an inadequate test in a total land area of more than 200 (two hundred) square miles, or 133,000 acres owned by plaintiff.

(2) The President of the United States of America and Commander-in-Chief of Defense forces directly involved in the case herein, recently stressed the ability of plaintiff-engineers

14903

to drill deep wells to obtain an abundance of water in an arid area near salt water areas to bring prosperity and security to the Near East.  Why not here?

(3) The Metropolitan Water Company has offered to supply the defense installations inciting this legal action with adequate water. Whereas, such supply is not available to affiant defendant who must depend on the water resources of her land.

(4) Plaintiff does not claim that it needs all of the water for military installations but cites the desire to irrigate 12,375 acres of agricultural land; whereas the United States of America is presently engaged in a policy of paying private agriculturists to let their lands lie idle to prevent surplus.

WHEREFORE, Affiant defendant respectfully requests that she be dismissed as a defendant from this legal action and that her land be eliminated from all claims of the plaintiff hereto, or that she be given the opportunity to present further evidence; as the present action is impeding progress and development and creating a personal hardship.

*Augusta Stanley*
AUGUSTA STANLEY

STATE OF CALIFORNIA )) 
                    )  SS.
COUNTY OF RIVERSIDE )

Subscribed and sworn to before me this 24th day of September, 1958.

*V. A. Hefty*
Notary Public in and for the
State of California and the
County of Riverside

14904