IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

FILED
SEP 26 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES OF AMERICA, )
              Plaintiff, )
v. )
FALLBROOK PUBLIC UTILITY DISTRICT, )
et al., )
              Defendants. )

No. 1247-SD-C

PRETRIAL ORDER, RE:
Ground Rules for Trial;
Sequence of Presentation;
Absence of Attorneys,
Parties, Exhibits, etc.

    IT APPEARING a notice of trial has been served upon each of the defendants who have been served with process; that the trial of the above entitled case has been continued in open court from time to time until October 1, 1958; and

    IT FURTHER APPEARING that it will be physically impossible to try the entire case without adjournment from time to time; that it will be necessary in the future, to take the Court, as it were, to areas where numerous of the individual defendants reside; and

    IT FURTHER APPEARING that the United States of America, the Fallbrook Public Utility District, Santa Margarita Mutual Water Company, the Vail Company, and State of California, have signed a pretrial stipulation as to certain facts which was made a matter of record in this case by Court Order on Pretrial Stipulation, that order being dated May 8, 1958; and that thereafter Rock Mountain Ranch (The Sawday Ranch), Rainbow Municipal Water District, have signed and joined in the stipulation as to facts; and that the parties named above have participated in the formulation of issues of fact and law

4664

to be tried, to be included in an order by the Court; and that such parties and possibly others are prepared to proceed with their portions of the case beginning on October 1, 1958; and that it is expected that additional parties will join in certain of the stipulations and present their cases, which parties will be named and described in a supplemental order, and

IT FURTHER APPEARING that as near as the Court can ascertain, the parties who are prepared to proceed on October 1, 1958, and thereafter with the presentation of their case, the order of their presentation and the general nature of their evidence, are as follows:

(a) The United States of America, plaintiff, proposes to put on its case in chief as to the entire water shed of the Santa Margarita, describing the holdings of the United States; the extent of the Santa Margarita River system, including its tributaries and connected basins; the general geology and the nature and character of the soil in the water shed; the hydrology of the water shed; the facts concerning rainfall and runoff in the water shed; facts concerning the claimed rights of the United States, riparian, appropriative and prescriptive, and other pertinent evidence;

(b) Fallbrook P.U.D., defendant, proposes to present facts concerning the corporate powers and character of the entity; the district and area served; its claimed rights, riparian, appropriative and prescriptive; and other matters pertaining to the issues in the case;

(c) Santa Margarita Mutual Water Co. and Rainbow Municipal Water District, defendants, propose to present facts concerning the entities of the defendants; the area of the districts; the area served; their claimed rights, riparian, appropriative and prescriptive, and other matters pertaining to the issues of the case;

4665

(d) <u>The Vail Company</u>, a defendant, proposes to present facts showing the extent of the holdings of the Vail Company in the water shed; the location of the Vail dam and its operation; the facts concerning the operation of the stipulated judgment heretofore entered between the Vail interests and the Santa Margarita Rancho, the predecessor in interest to the United States; facts and contentions seeking a voiding or termination of the stipulated judgment; facts concerning its claimed rights, riparian, appropriative and prescriptive, and other pertinent evidence;

(e) <u>State of California</u>, defendant in intervention, proposes to present facts concerning the holdings of the State of California within the water shed and claimed rights, riparian, prescriptive and/or appropriative and other matters material to the case;

(f) <u>Rock Mountain Ranch</u> (The Sawday interests) propose to present facts concerning their holdings and claimed rights, riparian, prescriptive and/or appropriative,

AND IT FURTHER APPEARING, that it is desirable that at least informal notice of what is expected to transpire at the trial, beginning October 1, 1958, be publisized throughout the water shed; and that certain "ground rules" be fixed by the Court for the trial of the action.

NOW THEREFORE IT IS ORDERED:

(<u>ALL DEFENDANTS ENTITLED TO PARTICIPATE</u>)

1. That the trial and proceedings set for October 1, 1958, is a part of the trial of the law suit, and that any party defendant is entitled to be present and participate at said trial;

3

4666

(ALL DEFENDANTS BOUND BY PROCEEDINGS)

2. That the proceedings had at such trial and such other sessions of the Court as may be held from time to time, and place to place, will be binding on all defendants who have been served in this action, whether they are present at the trial or not, and all oral testimony and exhibits received in evidence will be admissible as to all parties defendant, whether present or not, except as otherwise limited by Court ruling or order.

(PARTIES PARTICIPATING AND SUBJECT MATTER OF EVIDENCE IS TENTATIVE)

3. That the above summary of what the Court anticipates the parties will present does not purport to limit the parties who will present evidence or what they will present or the issues involved, nor to demark what will be the actual proceedings at the trial, and is advisory only and is set forth for the general information of the parties to the action.

(SEQUENCE OF PRESENTATION IS TENTATIVE)

4. That the sequence in which each party will present its or his case is likewise tentative and advisory, and is subject to change upon the application of a party and/or upon the order of the Court.

(PRESENCE OF ATTORNEYS AND PARTIES IN PRO PER)

5. That attorneys and parties in pro per, may if they desire, from time to time, absent themselves from the trial without securing formal permission from the Court, but that the responsibility of finding out what part of the case is being tried, and whether or not the attorney for the party or the party should be present, will rest upon the attorney and party involved, and nothing in this order shall be considered as finally fixing and formulating the definite order in which the parties will proceed to put on their evidence.

4667

(ADJOURNMENTS)

6. That the trial will be adjourned from time to time and/or from place to place by order of the Court, and that the proceedings at each portion of the trial, shall be binding upon all the parties.

(OTHER SESSIONS OF COURT OR MASTER'S HEARINGS IN WATER SHED)

7. That the Court contemplates holding sessions either with the judge presiding or the master presiding, or both, in other parts of the water shed to accommodate the numerous defendants with small holdings, whether appearing by counsel or in pro per, and that as to parties other than those named herein or those named in a supplemental order, if such party so desires, he may elect to make his presentation at such further or adjourned hearing.

(EXHIBITS)

8. That as to exhibits;

(a) All parties appearing by counsel will lodge with the clerk, and have numbered for identification by the clerk, their exhibits, to be numbered by the party's name and arabic numbers in sequence, such as - John Jones, #1, etc.

(b) Such exhibits shall be lodged at least ten days prior to the offering of said exhibit into evidence; and notice shall be given in open court of the lodging of such exhibits;

(c) That as to each party appearing by counsel, such counsel may if he desires, inspect each exhibit so lodged prior to the time it is offered in evidence, and shall not request time during court sessions to study or inspect the exhibits without showing good cause. Defendants in pro per may, of course, likewise so inspect the exhibits.

(d) That certain of the parties have prepared lists of their exhibits and lodged such exhibits with the clerk, which lists will be attached to the pretrial order as to the issues of the case, and that said pretrial order and said lodged exhibits will be available for inspection through the office of the clerk of the Court.

(<u>CROSS EXAMINATION</u>)

9. That the Court expects the parties named herein who participate in the trial beginning October 1, 1958, to complete their cross-examination as from time to time directed by the court, but that defendants generally, will have the privilege when offering their case in chief at the trial beginning October 1, 1958, or at subsequent sessions before the Court or Master, to recall witnesses who have previously testified for the purpose of further examination, good cause having been shown, and the Court will be liberal in the construction of the term "good cause;" and provided further, that at any time a witness is recalled for further examination as above provided, the party requesting that privilege will specifically designate that phase of testimony concerning which he will seek to examine and will specify any exhibits to which such examination will pertain.

(<u>PUBLICATION AND POSTING OF THIS ORDER</u>)

10. That copies of this order be printed verbatim at the expense of the United States in the Fallbrook Enterprise, the Riverside News and the Daily Transcript of San Diego, and posted at the Reche School, the Post Offices at Fallbrook, Murietta, Temecula, Anza, Wildomar, Aguanga, Winchester, Elsinore, Hemet, and mailed by the clerk to all counsel of record.

September 26, 1958.

_James M. Carter_
United States District Judge

4663