AFTER 5 DAYS RETL
Mrs. Fay
10415 So. Main St
Los Angeles 3, Calif.

FILED
SEP 29 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

        Defendants.

No. 1247 - SD -C

PRETRIAL BRIEF

OF

BURDETTE TURNER FAY
JOSEPHINE EMILY FAY

      Immediately prior to the initiation of the trial in this action, the affiant defendants, husband and wife, do not object to the appointment of the Special Master for the taking of evidence but do challenge his power to allocate the water of the land of affiant defendants until it has been judicially ruled that plaintiff has any rights in the aforesaid water, from the lands of affiant defendants, specifically described as :

        The southerly 720 feet of the Southwest quarter of Section 35, Township 6 South, Range 1 East, S.B.M.; excepting therefrom the Southerly 60 feet; also excepting an easement for road purposes, 60 feet wide, running north and south through said property.

2.

I

DENIAL OF RIGHTS OF PLAINTIFF

Affiant defendants take cognizance of the Stipulations II, III, and IV of November 29, 1951, and upheld by Pretrial Rulings of the Court as filed August 8, 1958, whereby the United States of America claims only the rights acquired by the Santa Margarita Rancho, claims no rights by sovereign status, and that the rights to the use of water are to be measured by the laws of California. Therefore:

(1) Inasmuch as land of affiant defendants is a part of the plateau of an old mountain top it has primary riparian rights as no land is above it. December 5, 1957, the Third District Court of Appeals in Sacramento reversed a lower court's ruling that restrained Arbelbide from taking all the water from Los Banos Creek before a downstream owner Gonzales could water cattle and allocating 468 thousand gallons of water per day to Gonzales. The higher court reversal gave the upstream owner Arbelbide the right to use all the water he needed before the downstream users had any.

                (Merced County Farmers vs.
                 Bernard Arbelbide,
                 Third District Court of Appeals,
                 Sacramento, December 5, 1957)

4675

(2) According to Item 5, BASIC PRINCIPLES, page 26 of PRETRIAL RULINGS in this case, filed August 8, 1958: "The riparian right is not based on use and is not lost by non-use; however, to the extent that water is not presently being used by riparian proprietors under their riparian right it is subject to appropriation and beneficial use by others, the riparian owners being entitled to a declaration of their superior rights to make reasonable beneficial use of the water in the future but not entitled to enjoin storage or use of water by an appropriator which does not conflict with their own present reasonable beneficial use . (Meridian, Ltd. v. City and County of San Francisco (1939), 13 Cal. 2d 424, 445, 447, 458; Gin S. Chow v. City of Santa Barbara ( 1933), 217 Cal. 673, 683-691.)

(3) Inasmuch as land of affiant defendants is intended and held for recreational uses and division therefor, it is impossible to estimate at this time the amount of water that will be needed thereon in the future.

(4) All developed water on the plateau of the mountain top of which the land of affiant defendants is a part is <u>percolating water</u>. Numerous springs and two wells that have been drilled on this plateau indicate that the basin here has no connection with any tributary of the Santa Margarita River as the water level of the plateau is on a much higher level than any possible channel of a

4676

said Santa Margarita River.

(5)  Affiant defendants have the right to all water that falls on their land and to break up their land to hold water thereon, by virtue of the Dilworth Amendment to the California laws passed in 1953.

(6)  Affiant defendants' land is approximately eighty miles (80) miles from the lands of the old Santa Margarita Rancho, by virtue of which the United States of America claims water rights; and there are many present diversions of any water that might or does flow from the land of affiant defendants.  This has particular reference to the lakes on nearby downstream lands along both Wilson Creek and Eucalota Creek which have been built with the assistance and advice of other Governmental agencies of the United States of America.

## DENIAL OF NEED OF PLAINTIFF FOR WATER
## OF AFFIANT DEFENDANTS

This denial is based on the following reasons:

(1)  Cited encroachment of salt water in two wells ( page 4 of Complaint and Supplementary Complaint) is an inadequate test in a total land area of more than 200 ( two hundred) square miles, or 133,000 acres.

(2)  The President of the United States of America and the Commander-in-chief of Defense Forces recently stressed the ability of the United States of America

to drill deep wells for an abundance of water in an arid
area near/water areas to bring prosperity and abundance
       salt
to the Near East.    Why not here?

(3) The Metropolitan Water Company has offered to supply the defense installations inciting this legal action with adequate water. Whereas, such water is not available to affiant defendants who must depend on the water resources of their own land.

(4) The United States of America does not claim that it needs all of this water for military installations but cites the desire to irrigate 12,375 acres of agricultural land; whereas, the Government is presently engaged in a policy of paying private land owners to let their lands lie idle to prevent over-production.

WHEREFORE, affiant defendants respectfully request that they be dismissed as defendants from this legal action and that their land be eliminated from all claims of the plaintiff hereto, or that they be given the opportunity to present further evidence.

                                        *Burdette Turner Fay*
                                        BURDETTE TURNER FAY

                                        *Josephine Emily Fay*
                                        JOSEPHINE EMILY FAY

STATE OF CALIFORNIA  )
                              ) SS.
COUNTY OF LOS ANGELES )

        Subscribed and sworn to before me this 26th day of September, 1958.

                                        *John H. Martin*
My Commission Expires April 22, 1962.  Notary Public in and for the County of Los Angeles

4678