COPY - PROOF OF SERVICE ATTACHED

FILED

SEP 30 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   No. 1247 - SD - C
                                    )
     v.                             )   SUPPLEMENTARY ANSWER
                                    )
FALLBROOK PUBLIC UTILITY DISTRICT,  )   AND PRETRIAL BRIEF
et al.,                             )   OF
            Defendants.             )   JOSEPHINE KINGSBURY

Immediately prior to the initiation of the trial in this action, beginning on October 1, 1958, the affiant defendant does not object to the appointment of the Special Master for the taking of evidence but does challenge his power to allocate the water from the land of affiant defendant until it has been judicially ruled that plaintiff has any rights in the water from the lands of affiant defendant, specifically described as :

> The South Half, the South Half of the Northeast Quarter, and Lots 1 and 2, Section 3, Township 7 South, Range 1 East, San Bernardino Base Meridian.

14922

Copy made.

2.

I

## DENIAL OF RIGHTS OF PLAINTIFF

Affiant defendant takes cognizance of the Stipulations II, III, and IV of November 29, 1951, and upheld by Pretrial Rulings of the Court as filed August 8, 1958, whereby the United States of America claims only the rights acquired by the Santa Margarita Rancho, claims no rights by sovereign status, and that the rights to the use of water are to be measured by the laws of California, Therefore:

(1) Inasmuch as land of affiant defendant is a part of the plateau of an old <u>mountain top</u> it has primary riparian rights as no land is above it. December 5, 1957, the Third District Court of Appeals in Sacramento reversed a lower court's ruling that restrained Arbelbide from taking all the water from Los Banos Creek before a downstream owner Gonzales could water cattle and allocating 468,000 gallons of water per day to Gonzales. The higher court reversal gave the upstream owner Arbelbide the right to use all the water he needed before the downstream users had any.

        (Merced County Farmers vs.
         Bernard Arbelbide,
         Third District Court of Appeals,
          Sacramento, December 5, 1957 )

14923

Case 3:51-cv-01247-JO-SBC    Document 3752    Filed 09/30/58    PageID.12755    Page 3 of 5

3.

(2) According to Item 5, BASIC PRINCIPLES, page 26 of PRETRIAL RULINGS in this case, filed August 8, 1958: " The riparian right is not based on use and is not lost by non-use; however, to the extent that water is not presently being used by riparian proprietors under their riparian right it is subject to appropriation and beneficial use by others, the riparian owners being entitled to a declaration of their superior rights to make reasonable beneficial use of the water in the future but not entitled to enjoin storage or use of water by an appropriator which does not conflict with their own present reasonable beneficial use. (Meridian, Ltd. v. City and County of San Francisco ( 1939 ), 13 Cal. 2 d 424, 445, 447 458; in S. Chow v. City of Santa Barbara (1933), 217 Cal. 673, 683-691.) "

(3) Inasmuch as land of affiant defendant is intended and held for recreational uses and division therefor, it is impossible to estimate at this time the amount of water that will be needed thereon in the future.

(4) All developed water on the plateau of the <u>mountain top</u> of which the land of affiant defendant is a part is <u>percolating water</u>. Numerous springs and two wells that have been drilled on this plateau indicate that the basin here has no connection with any tributary of the Santa Margarita River as the water level of the basin of the plateau is on a much higher level than any possible channel of a

14924

tributary of Santa Margarita River.

(5) Affiant defendant has the right to all water that falls on her land and to break up her land to hold water thereon, by virtue of the Dilworth Amendment to the California Statutes passed in 1953.

(6) Affiant defendant's land is approximately fifty miles (50) miles from the land of the old Santa Margarita Rancho, by virtue of which the United States of America claims water rights; and there are many diversions of any water that might or does flow from the land of affiant defendant. This has particular reference to the lakes on nearby downstream lands along both Wilson Creek and Tucalota Creek which have been built with the assistance and advice of other Governmental agencies of the United States of America.

## DENIAL OF NEED OF PLAINTIFF FOR WATER OF AFFIANT DEFENDANT

This denial is based on the following reasons:
(1) Cited encroachment of salt water in two wells (page 4 of Complaint and Supplementary Complaint) is an inadequate test in a total land area of more than 200 (two hundred) square miles, of 133,000 acres owned by plaintiff.
(2) The President of the United States of America and the Commander-in-Chief of Defense forces directly involved in the case herein recently stressed the ability of plaintiff-engineers

14925

to drill deep wells for an abundance of water in an arid area near salt water areas to bring prosperity and abundance to the Near East. Why not here?

(3) The Metropolitan Water Company has offered to supply the defense installations inciting this legal action with adequate water. Whereas, such supply is not available to affiant defendant who must depend on the water resources of her own land.

(4) Plaintiff does not claim that it needs all of this water for military installations but cites the desire to irrigate 12,375 acres of agricultural land; whereas the United States of America is presently engaged in a policy of paying private agriculturists to let their lands lie idle to prevent surplus.

WHEREFORE, affiant defendant respectfully requests that she be dismissed as a defendant from this legal action and that her land be eliminated from all claims of the plaintiff hereto, or that she be given the opportunity to present further evidence; as the present pending action is impeding development and creating a personal hardship.

*Josephine Kingsbury Jacobs*
JOSEPHINE KINGSBURY (JACOBS)

STATE OF CALIFORNIA   )
                      ) SS.
COUNTY OF SANTA BARBARA )

Subscribed and sworn to before me this 29th day of September, 1958.

*Isabel B. Friend*
Notary Public in and for the
County of Santa Barbara and the
State of California         14926
My Commission Expires July 1, 1962