BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants.

F I L E D

OCT 6- 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al., | Civil No. 1247-SD-C<br><br>ANSWER OF DEFENDANT<br><br>FARMERS AND MERCHANTS BANK |

　　　　DEFENDANT Farmers and Merchants Bank, a National banking association,

answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admits, denies and alleges as follows:

ANSWER TO ORIGINAL COMPLAINT

I

　　　　Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing its denial on that ground denies generally and specifically all of the allegations contained in said Paragraphs.

1.

INDEXED

14954

II

Answering the allegations of Paragraph IV, denies that it has in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendant alleges that it has no information or belief sufficient to enable it to answer the remaining allegations in Paragraph IV, and placing its denial on that ground, denies generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendant admits that the stipulated judgment marked Exhibit "A" was entered, but denies all other allegations of said Paragraph, and alleges that the stipulated judgment is not binding upon this answering Defendant.

IV

Denies each and every allegation contained in Paragraph IX.

ANSWER TO SUPPLEMENT TO COMPLAINT
COUNTS NOS. I to XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporates by reference the responses made hereinabove to the allegations of the original Complaint.

2.

II

Defendant denies that it has injured Plaintiff or in any way interfered with the rights of Plaintiff, and further alleges that it has no information or belief sufficient to enable it to answer the remaining allegations of said Counts, and basing its denial on that ground, denies generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendant denies each and every allegation thereof, and alleges further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

II

Defendant denies each and every allegation contained in Paragraphs I and II of Count No. XXII, and alleges further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, defendant denies that Plaintiff has a storage right to the use of any water for Lake O'Neil, and denies that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendant alleges that it has no information or belief sufficient to enable it to answer the remaining allegations of Paragraph III, and basing its denial on that ground, denies generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendant denies that the military use of Plaintiff is a proper riparian use. Defendant is without knowledge or information sufficient to enable it to answer the remaining allegations of Count No. XXIII, and therefore denies generally and specifically all other allegations of said Counts.

4.

COUNT NO. XXV

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendant denies generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendant is the owner of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendant is entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not a part of the Santa Margarita River and its tributaries, including the subflow thereof, defendant claims that plaintiff has failed to state a cause of action against it, and that defendant's rights to said waters are prior and paramount to plaintiff, and defendant is entitled to the full use thereof without interference by plaintiff.

5.

14958

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against said Defendant;

2. That the water rights of Defendant be adjudged and decreed herein;

3. That the title of Defendant in and to its rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED:   This 29th day of September, 1958.

          BEST, BEST AND KRIEGER

         By: James H. Krieger
            Attorneys for Defendants

6.

14959

EXCEPTING therefrom all the coal and other minerals in said land, together with the right to prospect for, mine and remove the same, pursuant to the provisions and limitations of the Act of December 29, 1916 (39 Stat. 862) as excepted and reserved in Patent from the United States dated August 29, 1922, recorded April 27, 1928 in Book 9 page 308 of Patents, Riverside County Records.

PARCEL 6:

The South half of the Northwest quarter and the Southwest quarter of the Northeast quarter of Section 21, Township 8 South, Range 2 East, San Bernardino Base and Meridian.

PARCEL 7:

The North half of the Northeast quarter and the Northeast quarter of the Northwest quarter of Section 21, and the Northwest quarter of the Northwest quarter of Section 22, all in Township 8 South, Range 2 East, San Bernardino Base and Meridian.

PARCEL 8:

The South half of the Northeast quarter of Section 20, Township 8 South, Range 2 East, San Bernardino Base and Meridian.

EXHIBIT "A"

8.

14960

Defendant is beneficiary under a Deed of Trust dated April 27, 1957 executed by the Western Brass Works, a Corporation, as Trustor, to Security Title Insurance Company, a California Corporation, as Trustee, recorded May 7, 1957 as Instrument No. 33309 in Book 2083, Page 595 of Riverside County Records, covering the following described property:

PARCEL 1:

The Southwest quarter of the Northeast quarter of Section 23, Township 8 South, Range 1 East, San Bernardino Base and Meridian.

PARCEL 2:

The South half of the Northwest quarter and the Southwest quarter of the Northeast quarter of Section 24; and the Southeast quarter of the Northeast quarter of Section 23, all in Township 8 South, Range 1 East, San Bernardino Base and Meridian.

PARCEL 3:

Government Lots 1 and 2 in Section 24, Township 8 South, Range 1 East, San Bernardino Base and Meridian: and Government Lot 3 and the Northeast quarter of the Southwest quarter of Section 19, Township 8 South, Range 2 East, San Bernardino Base and Meridian.

PARCEL 4:

Lot 3, the East half of the Southwest quarter, and the Southeast quarter of Section 18, the East half of the Northwest quarter, the West half of the Northeast quarter, the Northeast quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter of Section 19, and the North half of the Northwest quarter and the Northwest quarter of the Northeast quarter of Section 20, in Township 8 South, Range 2 East, San Bernardino Meridian;

EXCEPTING therefrom all the coal and other minerals in said land, together with the right to prospect for, mine and remove the same, pursuant to the provisions and limitations of the Act of December 29, 1916 (39 Stat.862) as excepted and reserved in Patent from the United States to Clara Woodbury, dated July 13, 1938, filed for record April 19, 1957 as Instrument No. 28754.

PARCEL 5:

The Southeast quarter of the Northeast quarter of Section 19; the Northeast quarter of the Northeast quarter, the North half of the Southeast quarter, the Northeast quarter of the Southwest quarter, the South half of the Northwest quarter of Section 20; and the Northwest quarter of the Northwest quarter, the North half of the Southwest quarter, and the Northwest quarter of the Southeast quarter of Section 21, all in Township 8 South, Range 2 East, San Bernardino Base and Meridian

EXHIBIT "A"

7.

14961

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the 2nd day of October, 1958, with postage thereon fully prepaid, addressed as follows:

>J. LEE RANKIN, ESQ.,
>SOLICITOR GENERAL
>Room 332
>325 West "F" Street
>San Diego, California.

DATED: This 2nd day of October, 1958.

*James H. Krieger*

14962