RAY C. EBERHARD
ATTORNEY AT LAW
215 WEST SEVENTH STREET
1231 A. G. BARTLETT BUILDING
LOS ANGELES 14
MADISON 5-1431

Attorney for  Defendant Douglas E. Owen

(SPACE BELOW FOR FILING STAMP ONLY)

**FILED**

OCT 14 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,

    Defendants.

No. 1247 - Civ.

ANSWER OF DOUGLAS E. OWEN
TO COMPLAINT AND TO
SUPPLEMENTARY AND AMENDA-
TORY COMPLAINT.

    COMES NOW defendant Douglas E. Owen, and in answer to the complaint herein:

I

    Alleges that he is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that the above entitled action was commenced or the complaint was filed "at the request of the Secretary of the Department of the Navy" and on that ground denies such allegation.

II

    Answering Paragraph I, denies that an actual controversy, or any controversy, had arisen between the United States of America and this defendant as to the matters, or any of the matters referred to in said Paragraph I.

III

    Answering Paragraph II of the complaint, this defendant

-1-

admits that the United States of America acquired the Rancho Santa Margarita at the times alleged in said Paragraph and thereafter developed and installed the military establishments and constructed the facilities referred to, in said paragraph, on portions of said Rancho, but this defendant is informed and believes, and, therefore, alleges the fact to be that the said military establishments do not occupy all of the 135,000 acres acquired by the United States in the Counties of San Diego and Orange, State of California, nor are all of said 135,000 acres utilized for military purposes, but that several thousand acres of land, the exact amount being unknown to this defendant, has been, at all times since said property was acquired by the United States, and now is occupied, used and devoted to commercial farming, said land being rented out in varying sized tracts to various private persons, firms and corporations for that purpose. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and, therefore, denies each and every other such allegation.

IV

Answering Paragraph III of the complaint, this defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein and, therefore, denies all the allegations of said paragraph. However, this defendant alleges that if it be true that the State of California has ceded any jurisdiction to the United States of America over said land, such cession was only operative and effective to the extent and for the time that said tract of land was to be used and actually was used for the purpose of erecting and maintaining forts, magazines, arsenals, dockyards and other needful buildings thereon and was not intended to, and in fact did not, extend to the thousands of acres of land occupied, used and devoted to commercial farming by private persons which this

1  defendant is informed and believes to be the fact ever since the
2  government acquired said land.
3                              V
4        Answering Paragraph IV, admits that the Santa Margarita
5  River traverses a portion of the property of plaintiff, but
6  alleges that said river is a non-navigable stream lying entirely
7  within the State of California, and that the right to the use of
8  the waters thereof is determined and controlled solely by the laws
9  of the State of California; admits that Santa Margarita River is
10 an intermittent stream which does not flow as a continuous sur-
11 face stream, and that in dry seasons the surface stream customa-
12 rily and ordinarily disappears into the sands and gravel of its
13 bed and channel at a point approximately eight miles from the
14 ocean, and that it later reappears as a surface stream and flows
15 as a surface stream, but diminishes in volume to its confluence
16 with tide water. In that connection defendant alleges that at
17 various places above plaintiff's property said river disappears as
18 a surface stream and sinks into the sands and gravel of one or
19 more of the numerous basins which exist underneath each of the
20 valleys which are found along said river and along its several
21 tributaries before said river enters the property of plaintiff.
22 Defendant further alleges that no portion of any of such basins
23 forms any part of any basin or basins which underlie plaintiff's
24 property. Defendant denies that, excepting as herein otherwise
25 specifically set forth, he, or any activities of defendant, has
26 encroached upon any rights of plaintiff or has reduced the
27 quantity of water available to the United States of America from
28 the subterranean sources mentioned in said paragraph, or that,
29 excepting as herein otherwise specifically set forth, there has
30 been a reduction in the surface flow of the Santa Margarita River
31 through any acts or activities or use of water by this defendant or
32 that any act or acts of this defendant have damaged or in any way

-3-

15007

interfered with any rights or property of plaintiff. Defendant alleges that, if it is true that there exists threat of salt water intrusion into the basin or basins in which plaintiff's wells are located, or if it is true that two of plaintiff's wells have been destroyed by reason of that intrusion, such injury, or threatened injury, was not the result of the activities of this defendant nor brought about through any use of water or acts or activities of defendant, but was, in part at least, the result of a severe and protracted drought affecting all of Southern California and affecting not only the wells of plaintiff but all wells in the Santa Margarita watershed and also wells in every other watershed throughout Southern California. Furthermore, defendant is informed and believes and, therefore, alleges the fact to be that plaintiff's injury, or threatened injury, if any, was brought about principally as the direct result of plaintiff's misuse of the basin or basins underlying its said property and mismanagement of its said wells and the operation thereof and in the misuse and misapplication of the water produced therefrom and the wrongful, excessive and unreasonable diversions and uses and places of use of said water, including the exportation by plaintiff of large quantities of said water beyond the basin and watershed of said Santa Margarita River from whence said water, or any part thereof, could never return.

In that connection, defendant alleges that for more than 25 years prior to the filing of the complaint herein, this defendant and his predecessors in interest have pumped and diverted from the subterranean basin underlying his property, hereinafter described, sufficient water for all beneficial uses on said property.

Defendant alleges that he does not have knowledge or information sufficient to form a belief as to the truth of the allegations of said Paragraph IV not herein specifically admitted

15008

1 and on that ground denies generally and specifically each and
2 every such other allegation in said paragraph contained.

VI

Answering Paragraph V of the complaint, this defendant admits the trial of the suit referred to in said paragraph, but alleges that the decision of the trial court was reversed by the Supreme Court of the State of California (Rancho Santa Margarita vs. Vail, 11 Cal. (2nd) 501) and thereafter a Stipulation or Agreement was entered into between the plaintiff in said action and the defendant Vail interests calling for the entry of the stipulated judgment therein, a copy of which is attached to and made a part of the plaintiff's complaint as Exhibit "A". This defendant denies that the parties to said litigation declared their rights or fixed their aliquot shares of all the waters of the Santa Margarita River, premised upon the findings of the trial court or upon the decision of the California Supreme Court when the matter was on appeal before it. This defendant denies that he or his predecessors in interest, were parties to said suit or to said stipulation and denies that any of his rights in the Santa Margarita River or its tributaries were adjudicated in said suit or fixed by said judgment, and alleges that he is not bound in any way by said Stipulated Judgment, nor are his rights limited or controlled by it. That this defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and, therefore, denies each and all the said other allegations.

VII

Answering Paragraph VI, alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is the successor in interest of the Rancho Santa Margarita and to the judgment referred to in said paragraph, and on that ground denies such

-5-

allegation, and further denies that plaintiff is entitled to or can claim as against him, any right, title, interest or privilege reported to have been given to said Rancho Santa Margarita in the proceeding referred to in said paragraph, or that plaintiff is entitled to or can claim as against this defendant any more water than the correlative share of the waters of said stream which is or may be reasonably required for riparian uses and purposes on that portion of plaintiff's lands which may be actually riparian to said stream.

VIII

Answering Paragraph VII of the complaint, alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and, therefore, denies each and all of the allegations of said paragraph.

IX

Answering Paragraph VIII of the complaint, denies that plaintiff has a paramount right to 35,000 acre feet of water annually or a paramount right to any quantity of water. Defendant alleges that he is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in said paragraph and, therefore, denies each and all of the other allegations of said paragraph not herein specifically admitted.

X

Answering Paragraph IX, denies generally and specifically, excepting as hereinafter specifically admitted, each and every allegation therein contained, denies that his rights were acquired subsequent to or with knowledge of any right or claim of plaintiff and alleges the fact to be that his rights, and those of his predecessors in interest, to the use of water from the subterranean basin underlying his land were acquired prior to the

-6-

15010

acquisition by plaintiff of any of the lands or rights described in said complaint. This defendant is informed and believes and, therefore, alleges that but for plaintiff's excessive diversions, unreasonable uses and wrongful exportation of water to places outside the basin and watershed of Santa Margarita River, as alleged in Paragraph V hereof, there would be a sufficient supply of water to meet the rightful needs and lawful requirements of plaintiff and this defendant.

FOR A FURTHER, SECOND AND SEPARATE DEFENSE HEREIN, THIS DEFENDANT ALLEGES:

I

That he is the owner and in possession of the real property situated in the County of Riverside, State of California, more particularly described as follows:

> The southwesterly rectangular 1/2 of Lots 6 and 7,
> and the northwest 1/2 of the northeast 1/2 and
> the southwest 1/2 of Lot 72 of the lands of the
> Temecula Land and Water Company, as shown by Map
> on file in Book 8 Page 359 of Maps, San Diego
> County records, containing approximately 70 acres.

II

That said lands are located in a semi-arid region and without irrigation are unproductive and of small value, but, through the use of water for irrigation, such lands are productive and of great value.

III

That said lands of defendant overlie a strata of underground percolating waters from which water may be obtained for use on defendant's lands by drilling or digging wells therein and pumping water therefrom; that all of the water developed and produced on the lands of defendant, or which can be developed or

-7-

15011

produced thereon, is reasonably required to supply the reasonable requirements of said lands of defendant. That defendant, as the owner of said land, has the right to pump, extract and divert from said waters underlying said land, and use on said land, all the water necessary to supply such reasonable requirements.

IV

That all of said property is susceptible to irrigation and to the raising of vegetables, fruits, alfalfa, grain, and other crops and has been used for such purposes for many years. That defendant plans and intends to continue to use said property for said purposes and irrigate same by pumping from the waters underlying said land and to use for that purpose all the water that can be developed therefrom and beneficially used on said land.

IN ANSWER TO THE SUPPLEMENTARY AND AMENDATORY COMPLAINT HEREIN:

I

As to each allegation of said complaint or of said supplementary and amendatory complaint which is incorporated by reference in any other paragraph or count of either of said complaints, defendant hereby refers to his answer to such original allegation, and by this reference thereto hereby incorporates the same herein as his answer to such allegation so incorporated by reference.

ANSWER TO COUNT NO. XI:

I

Answering Paragraph II, said defendant denies generally and specifically each and every allegation therein contained.

-8-

15012

ANSWER TO COUNT NO. XII:

I

Answering Paragraphs II and III, alleges that he has no information or belief on the subject sufficient to enable him to answer and on that ground denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XV:

I

Answering Paragraph II, alleges that he has no information or belief on the subject sufficient to enable him to answer the allegation that the description of lands contained in Exhibit "B" attached to said supplementary and amendatory complaint is a description of the lands within Coahuila Indian Reservation which are within the watershed of the Santa Margarita River, or are traversed by the Santa Margarita River watershed line, or the allegation that said lands are traversed by or border or abut upon Coahuila Creek and its tributaries, and on that ground denies generally and specifically each such allegation.

II

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs IV and VI, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

III

Answering Paragraph V, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XVI:

I

Answering Paragraph II, alleges that he has no information

-9-

15013

or belief on the subject sufficient to enable him to answer the allegation that the description of lands contained in Exhibit "C" attached to said supplementary and amendatory complaint is a description of the lands within Pechanga Indian Reservation which are within the watershed of the Santa Margarita River, or are traversed by the Santa Margarita River watershed line, or the allegation that said lands are traversed by or border and abut upon Pechanga Creek, also known as Penjango Creek, and on that ground denies generally and specifically each such allegation.

II

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs III and V, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

III

Answering Paragraph IV, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XVII:

I

Answering Paragraph III, alleges that he has no information or belief on the subject sufficient to enable him to answer the allegation that the description of lands contained in Exhibit "D" attached to said supplementary and amendatory complaint is a description of the lands within Ramona Indian Reservation which are within the watershed of the Santa Margarita River, or are traversed by the Santa Margarita River watershed line, or the allegation that said lands are traversed by or border and abut upon the tributaries of Coahuila Creek, and on that ground denies generally and specifically each such allegation.

-10-

15014

II

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs IV and VI, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

III

Answering Paragraph V, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XVIII:

I

Answering Paragraph II, alleges that he has no information or belief on the subject sufficient to enable him to answer the allegation that the lands described in Exhibit "E" attached to said supplementary and amendatory complaint are within the watershed of the Santa Margarita River or are traversed by the watershed line of that River, and on that ground denies such allegation.

II

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs V and VI, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

III

Answering Paragraph VII, alleges that he has no information or belief on the subject sufficient to enable him to answer the allegation that a reasonable diversion duty for the irrigation of the lands specifically referred to in said Count is four and two-tenths (4.2) acre-feet per acre per year, and on that ground denies such allegation.

-11-

15015

IV

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs VIII and X, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

V

Answering Paragraph IX, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XIX:

I

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs II, III and V, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either thereof.

II

Answering Paragraph IV, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XX:

I

Answering Paragraph II, denies that the United States of America has or had the right to utilize the alleged water rights referred to in said paragraph for any purpose whatsoever, or at all, or that the United States has any such rights with respect to any of the lands referred to therein.

ANSWER TO COUNT NO. XXI:

I

Answering Paragraph II, denies that any alleged use of

-12-

15016

water by the United States of America, as alleged in said paragraph, has been, against or with respect to this answering defendant or his lands, open, notorious, adverse, exclusive, under a claim of right or exercised in excess of the prescriptive period.

II

Answering Paragraph III, denies that any alleged use of water by the United States of America, as alleged in said paragraph, has been, against or with respect to this answering defendant or his lands, open, notorious, adverse, exclusive, under a claim of right or exercised in excess of the prescriptive period.

ANSWER TO COUNT NO. XXII:

I

Alleges that he has no information or belief on the subject sufficient to enable him to answer the allegations of Paragraphs I, II and III, and on that ground denies generally and specifically each and every allegation contained in said paragraphs, or either or any thereof.

ANSWER TO COUNT NO. XXIII:

I

Answering Paragraph II, alleges that he has no information or belief on the subject sufficient to enable him to answer and on that ground denies generally and specifically each and every allegation therein contained, and specifically denies that the United States has the right for military purposes correlatively to share in the waters of the Santa Margarita River with all or any other owners of land riparian to that stream, or that the ownership of lands riparian to said Santa Margarita River or any other stream confers on the owners of said lands the right to use the water of said stream for military purposes.

II

Answering Paragraph III, denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XXIV:

I

Answering Paragraph II, alleges that he has no information or belief on the subject sufficient to enable him to answer and on that ground denies generally and specifically each and every allegation therein contained.

ANSWER TO COUNT NO. XXV:

I

Answering Paragraph II, denies that this defendant has exercised, or is presently exercising, rights to the use of water in a manner that invades or threatens to invade the rights to the use of water of the United States of America, or that the United States has any right, title, claim or interest in or to the water used by this defendant.

WHEREFORE, defendant prays:

1. That plaintiff take nothing by its action.
2. That it be found and declared that this defendant, as the owner of the lands herein described, has the right to pump, extract and divert from the waters underlying said lands, free from any right or claim of plaintiff, all the water necessary to supply the reasonable requirements of said land for water for domestic, irrigation, stock watering and other beneficial purposes on said land.
3. That said rights and claims of defendant be found and declared to be prior and paramount to any other claimants of such water.

15018

4. That this defendant have judgment for his costs herein incurred and for such other and further relief as to the Court may seem meet and proper.

RAY C. EBERHARD

Attorney for Defendant Douglas E. Owen

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

DOUGLAS W. OWEN

one of the defendants

ANSWER OF DOUGLAS W. OWEN
TO COMPLAINT AND TO SUPPLEMENTAL AND AMENDATORY COMPLAINT

Subscribed and sworn to before me this
2nd day of September, 1958

Notary Public in and for said County and State of California
(SEAL)

Attorneys for

Received copy of the within
this _____ day of _____ 19___

Attorney for

(AFFIDAVIT OF SERVICE BY MAIL—1013a, C. C. P.)

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES