J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for United States
of America

FILED
OCT 15 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   )<br>         Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>FALLBROOK PUBLIC UTILITY DISTRICT, )<br>et al.,   )<br>         Defendants.   ) | No. 1247-SD-C<br><br>REPLY TO REQUEST FOR ADMISSIONS<br><br>OF<br><br>FRANZ R. SACHSE and ROWENA SACHSE |

FRANZ R. SACHSE and ROWENA SACHSE, defendants in the above entitled action have filed an Answer to the Complaint and Supplementary and Amendatory Complaint. In the Answer no claim to the right to the use of water of the Santa Margarita River and its tributaries is made as to that portion described in their answer as "Parcel Two". Under the circumstances, the defendants in fact are disclaiming any right, title, and interest to the water of the Santa Margarita River and its tributaries as to Parcel Two. It is understood, however, from the directions of the Court that it is desirable to have entered into the decree by the Court certain data in regard to all lands of this defendant.

The defendants requested by a Request for Admissions, undated, that the plaintiff admit that the following statements are true:

(1) The lands described in the Answer of the defendants are all irrigable lands;

(2) A reasonable water duty for the lands described in the Answer of the defendants is 4.2 acre-feet per acre per year.

(3) The lands described as "Parcel One" in the Answer of these defendants are all riparian to an unnamed intermittent stream which flows through said parcel in a northeasterly to southwesterly direction;

1  (4) The lands described as Parcel Two in the Answer of these defendants
2  are not riparian to the Santa Margarita River or to any of its tributaries;
3  (5) The waters underlying the lands described as Parcel Two in the Answer
4  of these defendants are percolating ground waters;
5  (6) The waters underlying the lands described as Parcel Two in the
6  Answer of these defendants are not a part of the Santa Margarita River or any of
7  its tributaries.
8  On July 28, 1959, the son of the defendants indicated to representatives
9  of the United States the boundary limits of the properties described in the
10 aforesaid Answer and a reconnaissance survey was made of the properties. Based
11 upon this survey, the United States of America admits that all of the lands
12 described in the Answer are irrigable and that, in the event that the irrigable
13 lands are devoted to the raising of permanent pasture, a project duty of 4.2
14 acre feet per year would be required. However, a smaller quantity of water per
15 acre per year would be adequate with the adoption of a more practical and profit-
16 able agricultural development. Project duty is the water which must be applied
17 to the crop plus the sum of those losses which occur between the point of supply
18 and the point of use.
19 The reconnaissance survey further showed that the lands described in the
20 Answer as Parcel One are traversed by an intermittent stream which flows through
21 said parcel in a northeasterly to southwesterly direction; and that the lands
22 described as Parcel Two in the Answer of these defendants do not abut on the
23 Santa Margarita River or its tributaries; moreover, that the lands probably
24 overlie percolating waters. In using the term "overlie", it is not to be
25 ascribed the legal significance given the term in Pasadena v. Alhambra, 33 Calif
26 (2d) 908, 207 Pac (2d) 17 (1949). These ground waters are not a part of any
27 surface or subsurface stream or subsurface basin of the Santa Margarita River or
28 its tributaries.

*Donald W. Redd*
DONALD W. REDD
Attorney for Plaintiff

32 Dated: 10 October 1958.

```
STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SAN DIEGO      )
```

DONALD W. REDD, Attorney for the Plaintiff, being duly sworn, upon oath, deposes and says: That he signed on behalf of the United States of America, the foregoing answer to Request for Admissions of

    FRANZ R. SACHSE and ROWENA SACHSE;

that he has read the foregoing answer; that he is authorized to sign said answer on behalf of the United States of America; and that the statements contained in said answer are true except insofar as the statements are based upon information and belief and those statements he believes to be true.

                                                                             DONALD W. REDD

Subscribed and sworn to before me this 10th day of October, 1958.

    Helen M. Alvarez
Notary Public in and for said
    County and State

(SEAL)
My Commission Expires April 8, 1962.