FILED

OCT 17 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M. Kruger

FRENCHMEN'S VALLEY FARM AND DEVELOPMENT CORPORATION
RAOUL MARQUIS
MINERVA MARQUIS
Box 1005
PERRIS, CALIFORNIA.

Defendants in Propria Persona

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>    Defendants. | Civil No. 1247-SD-C<br><br>ANSWER OF DEFENDANTS FRENCHMEN'S VALLEY FARM AND DEVELOPMENT CORPORATION, RAOUL MARQUIS AND MINERVA MARQUIS. |

DEFENDANTS Frenchmen's Valley Farm and Development Corporation, a California Corporation, Raoul Marquis and Minerva Marquis answering Plaintiff's Complaint and Supplementary and Amendatory Complaint, admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraph

1.

15040

II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

IV

Deny each and every allegation contained in Paragraph IX.

ANSWER TO SUPPLEMENT TO COMPLAINT

COUNTS NOS. I TO XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15041

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Counts.

4.

15043

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants;

2. That the water rights of Defendants be adjudged and decree herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of the Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This _1_ day of _October_, 1958.

FRENCHMEN'S VALLEY FARM AND DEVELOPMENT CORPORATION.

By: _Raoul Marquis_
                President

_Minerva Marquis_

Defendants in Propria Persona

6.

15045

PARCEL 1:

The South half of Section 1, Township 7 South, Range 3 West, San Bernardino Base and Meridian; The North half, the East half of the Southeast quarter, the Northwest quarter of the Southeast quarter, and the Northwest quarter of the Southwest quarter of Section 12, Township 7 South, Range 3 West, San Bernardino Base and Meridian; The Northwest quarter of Section 7, Township 7 South, Range 2 West, San Bernardino Base and Meridian;

EXCEPTING therefrom the following described portion: Beginning at the Northeast corner of said Northwest quarter; thence Southerly, on the Easterly line of said Northwest quarter, 2660.1 feet, to the Southeast corner of said Northwest quarter; thence Westerly, on the Southerly line of said Northwest quarter, 2311.20 feet, to the center line of that certain parcel conveyed to the County of Riverside by Deed recorded November 13, 1929 in Book 722 page 421 of Deeds, Riverside County Records; thence North 12° 23' 30" East 2713.73 feet, to a point in the Northerly line of said Northwest quarter which bears Westerly 1705.7 feet from the Northeast corner thereof; thence Easterly on the Northerly line of said Northwest quarter, 1705.7 feet, to the point of beginning;
ALSO EXCEPTING therefrom that portion conveyed to the County of Riverside by Deed recorded November 13, 1929 in Book 722 page 421 of Deeds, Riverside County Records;
ALSO EXCEPTING therefrom that portion conveyed to the County of Riverside by Deed recorded January 13, 1931 in Book 5 Page 21 of Official Records, Riverside County Records;
That portion of the Southwest quarter of Section 7, Township 7 South, Range 2 West, San Bernardino Base and Meridian, lying Westerly of the Westerly line of that certain parcel of land conveyed to the County of Riverside by Deed recorded January 13, 1931 in Book 5, Page 216 of Official Records, Riverside County Records, said Parcel 1 containing approximately 870 acres.

PARCEL 2:

The Northeast quarter of Section 6, Township 7 South, Range 2 West, San Bernardino Base and Meridian, containing One Hundred Sixty and Thirty Six Hundredths acres, according to the Official Plat of the Survey of said land returned to the General Land Office of the Surveyor General, containing approximately 160 acres.

Title to this parcel stood in the name of Raoul Marquis and Minerva Marquis at the time of the filing of the Complaint herein, but has subsequently been conveyed to Frenchmen's Valley Farm and Development Corporation.

EXHIBIT "A"

15046