```
 1  RAY T. SULLIVAN, JR., County Counsel
    ALEX. B. YAKUTIS, Deputy County Counsel
 2
 3  Court House
    Riverside, California
 4
 5  Telephone:  OVerland 3-4000
```

FILED

OCT 24 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, ET AL,<br><br>　　　　　Defendants. | CIVIL NO. 1247 - SD - C<br><br>ANSWER OF DEFENDANT<br><br>ALAMOS SCHOOL DISTRICT, OF<br><br>RIVERSIDE COUNTY |

COMES NOW the defendant Alamos School District, of Riverside County, served herein under the style of "Trustees of Alimos School District," to answer the complaint and supplementary and amendatory complaint, to state the defenses and claims for relief to which defendant Alamos School District, of Riverside County, is entitled, and to demand judgment for such relief as against the plaintiff and all other parties to this action.

-1-

15069

COPY RECEIVED

ADMISSIONS AND DENIALS OF AVERMENTS
MADE IN COMPLAINT AND SUPPLEMENTARY
AND AMENDATORY COMPLAINT

I

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant denies the truth of the averment of paragraph I that defendant unlawfully interferes with rights to the use of water in the Santa Margarita River and its tributaries; denies the truth of the averments of the final eight sentences of paragraph IV; and denies the truth of the averments of paragraph IX.

II

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant admits the truth of the averments of paragraph III, of the first six sentences of Paragraph IV, of paragraph V, and of paragraph VI.

III

Referring to the averments of the complaint (paragraphs I through IX) as originally filed, except for the truth of the averments as denied or admitted above, defendant is without knowledge or information sufficient to form a belief as to their truth.

IV

Referring to plaintiff's first count, defendant denies and admits the truth of the averments or declares a want of knowledge or information as to their truth as in the foregoing paragraphs.

V

Defendant admits the truth of all facts avered in plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth counts, except as qualified in the foregoing paragraphs.

-2-

15070

VI

Referring to plaintiff's tenth count, defendant admits the truth of the allegations of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

VII

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's eleventh and twelfth counts, except as qualified in the foregoing paragraphs.

VIII

Referring to plaintiff's thirteenth count, defendant admits the truth of the averments of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

IX

Defendant admits the truth of the averments of plaintiff's fourteenth count, except as qualified in the foregoing paragraphs.

X

Referring to plaintiff's fifteenth count, defendant admits the truth of paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XI

Referring to plaintiff's sixteenth count, defendant admits the truth of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

15071

XII

Referring to plaintiff's seventeenth count defendant admits the truth of the averments in paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XIII

Referring to plaintiff's eighteenth count defendant admits the truth of the averments of paragraphs II, III, and IV thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XIV

Referring to plaintiff's nineteenth count defendant admits the truth of the averments in the first two sentences of paragraph II, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XV

Defendant denies the truth of the averments of plaintiff's twentieth, twenty-first, twenty-second, and twenty-third counts, except as qualified in the foregoing paragraphs.

XVI

Referring to plaintiff's twenty-fourth count, defendant admits the truth of the averments thereof, except the truth of the averment of the final sentence of Paragraph II thereof, the truth of which is denied, and except as qualified in the foregoing paragraphs.

XVII

Defendant denies the truth of the averments of plaintiff's twenty-fifth count, except as qualified in the foregoing paragraphs.

-4-

15072

STATEMENT OF DEFENSES AND CLAIMS FOR RELIEF:

I

The defendant Alamos School District, of Riverside County, maintains a rural elementary school upon property owned by the defendant, which property is described as follows:

In Riverside County, California,

Four acres in a square in the extreme northeast corner of the south half of section 5 in township 7 south, range 2 west, S.B.B.&M.; the south and east boundary lines of the square being each 417.42 feet in length, and such boundary lines being in common with the north and east lines of the south half of section five.

II

The defendant has maintained a school upon the parcel described in paragraph I since prior to 1900 and continues to maintain a school upon that parcel to the present date. The present average daily attendance at the school is 16 pupils. Over the years, the average daily attendance at the school has varied from 8 to 20 pupils.

III

Since prior to 1900, the defendant has drawn water from a well located upon the parcel described in paragraph I, and continues to draw water therefrom to the present date. The water so drawn has been and is being used, without waste and by reasonable means, for those natural, domestic and other reasonable beneficial uses as are incident to the maintenance of a rural elementary school upon the parcel described in paragraph I, including in addition uses in support of a teacher's residence thereupon.

IV

The entire parcel described in paragraph I overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance.

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15073

V

One source of the waters percolating through the parcel described in paragraph I is precipitation falling within the immediate locality thereof and sinking into the ground without having been formed into surface streams.

VI

A second source of the waters percolating through the parcel described in paragraph I is precipitation falling in the immediate watershed, which is the western face of Bachelor Mountain in section 35, township 6 south, range 2 west, S.B.B.&M.; part of which precipitation sinks into the ground without having been formed into surface streams, and part of which precipitation having been formed into surface streams escapes therefrom.

VII

A third source of the waters percolating through the parcel described in paragraph I is precipitation falling in the watershed which in general is located northerly and easterly of such parcel, being north of the watershed of Santa Gertrudis Creek and south of the watershed of Warm Springs Creek; part of which precipitation sinks into the ground without having been formed into surface streams, and part of which precipitation having been formed into surface streams, escapes therefrom.

VIII

The waters percolating through the parcel described in paragraph I are within a ground water basin of irregular shape which underlies a small portion of the watershed described in paragraph VII, which ground water basin is separated from other ground water basins of the Santa Margarita River system by zones of impermeable materials.

IX

The plaintiff does not own land in the immediate locality of the parcel described in paragraph I, nor in the immed-

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15074

late watershed as described in paragraph VI.

## X

None of the lands owned by the plaintiff overlie the ground water basin described in paragraph VIII.

## XI

None of the lands owned by the plaintiff overlie ground water basins nor are riparian to surface and subsurface streams which constitute a common source of supply of the waters percolating through the parcel described in paragraph I.

## XII

The water which is drawn from the well located upon the parcel described in paragraph I and put to natural, domestic, and other reasonable beneficial uses thereupon, would except for being put to such uses, be wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

## XIII

The present use of water taken from the ground water basin described in paragraph VIII and put to natural, domestic, and other reasonable beneficial uses upon lands overlying such ground water basin is less than the level of use which is desirable in the interests of the conservation of the public resource of the waters of the Santa Margarita River system; and an increase in such use is therefore in the public interest, to prevent the waters of such system from being wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

## XIV

The waters percolating through the parcel described in paragraph I move through such parcel in the manner and in the amount as in the original state of nature, except as such manner and amount is changed without damage to the defendant by reason-

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15075

able beneficial uses made by others similarly situated, and changed without damage to the defendant by reasonable beneficial uses made by others riparian to streams and overlying ground water basins upstream of the ground water basin described in paragraph VIII, which streams and ground water basins constitute a common source of supply of the waters thereof.

DEFENDANT'S DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, defendant Alamos School District, of Riverside County, demands judgment for the relief to which it deems itself entitled, as follows:

1. Defendant demands that the complaint and supplementary and amendatory complaint and all cross-pleadings be dismissed as against defendant.

2. Alternatively, defendant demands that the defendant be declared to have the unclouded right, as against the plaintiff and all persons, to draw water from the ground water basin underlying defendant's property, to be put to natural, domestic, and other reasonable beneficial uses thereupon.

3. Defendant demands that it be awarded its costs, and that the Court give judgment for such other relief as it may deem proper.

RAY T. SULLIVAN, JR., County Counsel
ALEX. B. YAKUTIS, Deputy County Counsel

By *Alex B. Yakutis*
Attorneys for Defendant

ABY:em
10/22/58

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15076

## AFFIDAVIT OF MAILING

Case No. Civil No. 1247 - SD - C

State of California,  } ss.
County of Riverside,

THE UNDERSIGNED, being duly sworn, says: that affiant is a citizen of the United States and a resident or employed in the County of Riverside, over the age of eighteen years and not a party to the cause herein, that affiant's residence or business address is __Court House, Riverside__, California.

That on the __23rd__ day of __October__ 19__58__, affiant served a copy of the attached paper, to-wit: __Answer of Defendant Alamos School District, of Riverside County__ by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of __Riverside__, California, addressed as follows:

> J. Lee Rankin, Solicitor General
> Room 332
> 325 West "F" Street
> San Diego, California

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __23rd__ day of __October__, 19__58__

_Elizabeth G. Moss_
Signature of Affiant

G. A. PEQUEGNAT, County Clerk

By _R. Hayes_, Deputy

_____
Notary Public in and for the County of Riverside,
State of California

AFFIDAVIT OF MAILING

FORM NO. 125

15076 A