1  RAY T. SULLIVAN, JR., County Counsel
   ALEX. B. YAKUTIS, Deputy County Counsel
2
3  Court House
   Riverside, California
4
5  Telephone: OVerland 3-4000

FILED

OCT 24 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )   CIVIL NO. 1247 - SD - C
     vs.                  )
                          )   ANSWER OF DEFENDANT
FALLBROOK PUBLIC UTILITY  )
DISTRICT, ET AL,          )   ELSINORE UNION SCHOOL DISTRICT,
                          )
            Defendants.   )   OF RIVERSIDE COUNTY

       COMES NOW the Elsinore Union School District, of Riverside County, to allege that it is the successor of the Wildomar School District named as a defendant herein, and that all real property owned by the Wildomar School District is now vested in the Elsinore Union School District, of Riverside County; and accordingly the Elsinore Union School District, of Riverside County, appears herein to answer the complaint and supplementary and amendatory complaint, to state the defenses and claims for relief to which the Elsinore Union School District, of Riverside County, is entitled, and to demand judgment for such relief as against the plaintiff and all other parties to this action.

-1-

15085

ADMISSIONS AND DENIALS OF AVERMENTS
MADE IN COMPLAINT AND SUPPLEMENTARY
AND AMENDATORY COMPLAINT

I

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant denies the truth of the averment of paragraph I that defendant unlawfully interferes with rights to the use of water in the Santa Margarita River and its tributaries; denies the truth of the averments of the final eight sentences of paragraph IV; and denies the truth of the averments of paragraph IX.

II

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant admits the truth of the averments of paragraph III, of the first six sentences of Paragraph IV, of paragraph V, and of paragraph VI.

III

Referring to the averments of the complaint (paragraphs I through IX) as originally filed, except for the truth of the averments as denied or admitted above, defendant is without knowledge or information sufficient to form a belief as to their truth.

IV

Referring to plaintiff's first count, defendant denies and admits the truth of the averments or declares a want of knowledge or information as to their truth as in the foregoing paragraphs.

V

Defendant admits the truth of all facts avered in plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth counts, except as qualified in the foregoing paragraphs.

15086

VI

Referring to plaintiff's tenth count, defendant admits the truth of the allegations of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

VII

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's eleventh and twelfth counts, except as qualified in the foregoing paragraphs.

VIII

Referring to plaintiff's thirteenth count, defendant admits the truth of the averments of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

IX

Defendant admits the truth of the averments of plaintiff's fourteenth count, except as qualified in the foregoing paragraphs.

X

Referring to plaintiff's fifteenth count, defendant admits the truth of paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XI

Referring to plaintiff's sixteenth count, defendant admits the truth of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

15087

                    XII

Referring to plaintiff's seventeenth count defendant admits the truth of the averments in paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                    XIII

Referring to plaintiff's eighteenth count defendant admits the truth of the averments of paragraphs II, III, and IV thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                    XIV

Referring to plaintiff's nineteenth count defendant admits the truth of the averments in the first two sentences of paragraph II, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                    XV

Defendant denies the truth of the averments of plaintiff's twentieth, twenty-first, twenty-second, and twenty-third counts, except as qualified in the foregoing paragraphs.

                    XVI

Referring to plaintiff's twenty-fourth count, defendant admits the truth of the averments thereof, except the truth of the averment of the final sentence of Paragraph II thereof, the truth of which is denied, and except as qualified in the foregoing paragraphs.

                    XVII

Defendant denies the truth of the averments of plaintiff's twenty-fifth count, except as qualified in the foregoing paragraphs.

STATEMENT OF DEFENSES AND CLAIMS FOR RELIEF

I

The defendant Elsinore Union School District, of Riverside County, maintains a rural elementary school upon property owned by the defendant, which property is described as follows:

In Riverside County, California:

Lots 1 to 24 in Block 33 of the Town of Wildomar as shown in the Official Records of San Diego County, Plat Book 6, No. 294, including vacated alleys and streets adjacent thereto, being four acres more or less.

II

Defendant has maintained a school upon the parcel described in paragraph I since prior to 1912 and continues to maintain a school upon that parcel to the present date. Over the years the average daily attendance at the school has varied from 21 pupils to the present average daily attendance of 76 pupils.

III

Since prior to 1912, defendant has drawn water from a well located upon the parcel described in paragraph I and continues to draw water therefrom to the present day. The water so drawn has been and is being used without waste and by reasonable means for those natural, domestic, and other reasonable beneficial uses as are incident to the maintenance of a rural elementary school upon the parcel described in paragraph I.

IV

The entire parcel described in paragraph I overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance.

V

The source of the waters percolating through the parcel described in paragraph I is precipitation falling within the immediate watershed, which is located in the northwesternmost corner of the watershed of the Santa Margarita River system and which is in general west of township 6 south, range 3 west, and

range 3 west, and township 7 south, range 3 west, S.B.B. & M., and north of the watershed of Cole Canyon Creek: part of which precipitation sinks into the ground without having been formed into surface streams, and part of which precipitation having been formed into surface streams escapes therefrom.

VI

The waters percolating through the parcel described in paragraph I are within a ground water basin of irregular shape which underlies a small portion of the watershed described in paragraph V, such basin being a tributary of the Murrieta Basin and being separated therefrom by a constriction in the bordering hills of older alluvium.

VII

The Murrieta Basin is an independent ground water basin within the Santa Margarita River system, underlying Murrieta Creek and separated from other ground water basins of the Santa Margarita River system by zones of impermeable materials.

VIII

None of the lands owned by the plaintiff overly the basin described in paragraph VI.

IX

None of the lands owned by plaintiff overly ground water basins nor are riparian to surface and subsurface streams which constitute a common source of supply of the water percolating through the parcel described in paragraph I.

X

The water which is drawn from the well located upon the parcel described in paragraph I and put to natural, domestic, and other reasonable beneficial uses thereupon would except for being put to such uses be wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15090

XI

The present use of water taken from the ground water basin described in paragraph VI and put to natural, domestic, and other reasonable beneficial uses upon lands overlying such ground water basin is less than the level of use which is desirable in the interests of the conservation of the public resource of the waters of the Santa Margarita River system, and an increase in such use is therefore in the public interest to prevent the waters of such system from being wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

XII

The waters percolating through the parcel described in paragraph I move through such parcel in the manner and in the amount as in the original state of nature, except as such manner and amount is changed without damage to the defendant by reasonable beneficial uses made by others similarly situated, and changed without damage to the defendant by reasonable beneficial uses made by others riparian to streams and overlying ground water basins upstream of the ground water basin described in paragraph VI, which streams and ground water basins constitute a common source of supply of the waters thereof.

DEFENDANT'S DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, defendant Elsinore Union School District, of Riverside County, demands judgment for the relief to which it deems itself entitled as follows:

1. Defendant demands that the complaint and supplementary and amendatory complaint and all cross pleadings be dismissed as against defendant.

2. Alternatively, defendant demands that the defendant be declared to have the unclouded right as against the plaintiff and all persons to draw waters from the ground water basin under-

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15091

1  lying defendant's property, to be put to natural, domestic, and
2  other reasonable beneficial uses thereupon.
3      3.  Defendant demands that it be awarded its costs and
4  that the Court give judgment for such other relief as it may deem
5  proper.

RAY T. SULLIVAN, JR., County Counsel
ALEX. B. YAKUTIS, Deputy County Counsel

By _____
        Attorneys for Defendant

ABY:em
10/23/58

**AFFIDAVIT OF MAILING**

State of California,  } ss.
County of Riverside,

Case No. Civil No. 1247 - SD - C

THE UNDERSIGNED, being duly sworn, says: that affiant is a citizen of the United States and a resident or employed in the County of Riverside, over the age of eighteen years and not a party to the cause herein, that affiant's residence or business address is _____Court House, Riverside_____, California.

That on the __24th__ day of __October__ 19__58__, affiant served a copy of the attached paper, to-wit: __Answer of defendant Elsinore Union School District, of Riverside County__

by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of _____Riverside,_____, California, addressed as follows:

J. Lee Rankin, Solicitor General
Room 332
325 West "F" Street
San Diego, California

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __23rd__ day of __October__, 19__58__

_____
Signature of Affiant
Elizabeth G. Moss

G. A. PEQUEGNAT, County Clerk

By _____, Deputy

Notary Public in and for the County of Riverside,
State of California

**AFFIDAVIT OF MAILING**

FORM NO. 125

15709 2A