1  RAY T. SULLIVAN, JR., County Counsel
2  ALEX. B. YAKUTIS, Deputy County Counsel

3  Court House
4  Riverside, California

5  Telephone: OVerland 3-4000

**FILED**

OCT 27 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

8             IN THE UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10                      SOUTHERN DIVISION

11  UNITED STATES OF AMERICA,         )
12                                    )
                   Plaintiff,         )
13         vs.                        )   CIVIL NO. 1247 - SD - C
                                      )   ANSWER OF DEFENDANT
14  FALLBROOK PUBLIC UTILITY          )
    DISTRICT, ET AL,                  )   MURRIETA SCHOOL DISTRICT, OF
15                                    )
                   Defendants.        )   RIVERSIDE COUNTY
16                                    )

18         COMES NOW the Murrieta School District, of Riverside
19  County, to answer the complaint and supplementary and amendatory
20  complaint, to state the defenses and claims for relief to which
21  the Murrieta School District, of Riverside County, is entitled,
22  and to demand judgment for such relief as against the plaintiff
23  and all other parties to this action.

-1-

15098

ADMISSIONS AND DENIALS OF AVERMENTS
MADE IN COMPLAINT AND SUPPLEMENTARY
AND AMENDATORY COMPLAINT

I

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant denies the truth of the averment of paragraph I that defendant unlawfully interferes with rights to the use of water in the Santa Margarita River and its tributaries; denies the truth of the averments of the final eight sentences of paragraph IV; and denies the truth of the averments of paragraph IX.

II

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant admits the truth of the averments of paragraph III, of the first six sentences of Paragraph IV, of paragraph V, and of paragraph VI.

III

Referring to the averments of the complaint (paragraphs I through IX) as originally filed, except for the truth of the averments as denied or admitted above, defendant is without knowledge or information sufficient to form a belief as to their truth.

IV

Referring to plaintiff's first count, defendant denies and admits the truth of the averments or declares a want of knowledge or information as to their truth as in the foregoing paragraphs.

V

Defendant admits the truth of all facts avered in plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth counts, except as qualified in the foregoing paragraphs.

VI

Referring to plaintiff's tenth count, defendant admits the truth of the allegations of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

VII

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's eleventh and twelfth counts, except as qualified in the foregoing paragraphs.

VIII

Referring to plaintiff's thirteenth count, defendant admits the truth of the averments of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

IX

Defendant admits the truth of the averments of plaintiff's fourteenth count, except as qualified in the foregoing paragraphs.

X

Referring to plaintiff's fifteenth count, defendant admits the truth of paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XI

Referring to plaintiff's sixteenth count, defendant admits the truth of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

1                          XII
2          Referring to plaintiff's seventeenth count defendant admits the truth of the averments in paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

7                          XIII
8          Referring to plaintiff's eighteenth count defendant admits the truth of the averments of paragraphs II, III, and IV thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

13                         XIV
14         Referring to plaintiff's nineteenth count defendant admits the truth of the averments in the first two sentences of paragraph II, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

19                         XV
20         Defendant denies the truth of the averments of plaintiff's twentieth, twenty-first, twenty-second, and twenty-third counts, except as qualified in the foregoing paragraphs.

23                         XVI
24         Referring to plaintiff's twenty-fourth count, defendant admits the truth of the averments thereof, except the truth of the averment of the final sentence of Paragraph II thereof, the truth of which is denied, and except as qualified in the foregoing paragraphs.

29                         XVII
30         Defendant denies the truth of the averments of plaintiff's twenty-fifth count, except as qualified in the foregoing paragraphs.

STATEMENT OF DEFENSES AND CLAIMS FOR RELIEF

I

The defendant Murrieta School District, of Riverside County, maintains a rural elementary school, and has done so since 1893. The present average daily attendance at the school is 80 pupils. Over the years, the average daily attendance at the school has varied from 44 to 86 pupils.

II

Until September, 1958, the defendant maintained the school upon property owned by the defendant and described below as "parcel one". Since September, 1958, and to the present date, the defendant has maintained the school upon property owned by the defendant and described below as "parcel two."

III

The following described parcel, to be designated herein as "parcel one", is owned by the defendant:

In Riverside County, California:

Block 18; Lots 1, 2, and 3 of Block 17; the vacated portion of "A" Street between Blocks 17 and 18; and that portion of the former depot grounds lying between the northwest line of "B" Street as extended and the northwest line of Kalmia Street as extended, being 5.6 acres; the total of the forgoing being 8 acres more or less, all in the townsite of Murrieta.

IV

The following described parcel, to be designated herein as "parcel two", is owned by the defendant:

In Riverside County, California

Northeasterly 985 feet of the Southeasterly 470 feet of the Northwesterly 940 feet of Lot 13 of Murrieta Portion of the Temecula Rancho, Riverside County, as shown by the map on file in Book 8 page 359 of Maps, Records of San Diego County, more particularly described by metes and bounds as follows:

Starting at the intersection of the center line of Kalmia and Adams Street, South 42° 15' East along the center line of Adams 470 feet to the point of beginning: Thence 470 feet continuing along the center line of Adams

Street; Thence South 47° 44' West 985 feet; Thence North 42° 16' West 470 feet; Thence North 47° 44' East 985 feet to the point of beginning.

Containing 10.628 acres, more or less, includes the adjacent halves of "B" and Adams Streets.

V

Since prior to 1933 and until September, 1958, the defendant drew water from a well located upon "parcel one" and used it without waste and by reasonable means, for natural, domestic, and other reasonable beneficial uses as are incident to the maintenance of a rural elementary school thereupon. The defendant continues to own "parcel one" to the present date and since September, 1958, to the present date has used it for storage and other uses in support of the school, drawing water from the well located thereupon for such purposes.

VI

In 1957, the defendant drilled a well in "parcel two" and since September, 1958, the defendant has drawn water from such well and uses it, without waste and by reasonable means, for such natural, domestic, and other reasonable beneficial uses as are incident to the maintenance of a rural elementary school upon "parcel two".

VII

Both "parcel one" and "parcel two" overly waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance.

VIII

The source of waters percolating under "parcel one" and "parcel two" is precipitation falling within the immediate watershed which in general is located in the vicinity of the town of Murrieta and to the northwest thereof; part of which precipitation sinks into the ground without having been formed into surface streams, and part of which precipitation having been

formed into surface streams escapes therefrom.

IX

The waters percolating through the parcel described in paragraph I are within a ground water basin which underlies Murrieta Creek and which basin is separated from other ground water basins of the Santa Margarita River system by zones of impermeable materials.

X

The ground water levels within the basin described in paragraph IX decrease in elevation above sea level to the southeast of "parcel one" and "parcel two". A number of the tributaries of Murrieta Creek which feed the ground water basin described in paragraph IX enter such basin to the southeast of "parcel one" and "parcel two."

XI

None of the lands owned by the plaintiff overly the ground water basin described in paragraph IX.

XII

None of the lands owned by the plaintiff are riparian to surface and subsurface streams which constitute a common source of supply of the water percolating under "parcel one" and "parcel two."

XIII

The water which is drawn from the wells located upon "parcel one" and "parcel two" and put to natural, domestic, and other reasonable beneficial uses thereupon would except for being put to such uses be wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

XIV

The present use of water taken from the ground water basin described in paragraph IX and put to natural, domestic, and
RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

other reasonable beneficial uses upon lands overlying such ground water basin is less than the level of use which is desirable in the interests of the conservation of the public resource of the water of the Santa Margarita River system, and an increase in such use is therefore in the public interest to prevent the water of such system from being wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

XV

The water percolating through the "parcel one" and "parcel two" moves through such parcels in the manner and in the amount as in the original state of nature, except as such manner and amount is changed without damage to defendant by reasonable beneficial uses made by others similarly situated, and changed without damage to defendant by reasonable beneficial uses made by others riparian to streams and overlying ground water basins upstream of the ground water basin described in paragraph IX, which streams and ground water basins constitute a common source of supply of the waters thereof.

DEFENDANT'S DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, defendant Murrieta School District, of Riverside County, demands judgment for the relief to which it deems itself entitled as follows:

1. Defendant demands that the complaint and supplementary and amendatory complaint and all cross pleadings be dismissed as against defendant.

2. Alternatively, defendant demands that the defendant be declared to have the unclouded right as against the plaintiff and all persons to draw waters from the ground water basin overlying defendant's property to be put to natural, domestic, and other reasonable beneficial uses thereupon.

3. Defendant demands that it be awarded its costs

and that the Court give judgment for such other relief as it may deem proper.

RAY T. SULLIVAN, JR., County Counsel
ALEX. B. YAKUTIS, Deputy County Counsel

By _____
      Attorneys for Defendant

ABY:em
10/24/58

AFFIDAVIT OF MAILING

State of California,  } ss.
County of Riverside,

Case No. Civil No. 1247 - SD - C

THE UNDERSIGNED, being duly sworn, says: that affiant is a citizen of the United States and a resident or employed in the County of Riverside, over the age of eighteen years and not a party to the cause herein, that affiant's residence or business address is __Court House, Riverside__, California.

That on the __24th__ day of __October__, 19__58__, affiant served a copy of the attached paper, to-wit: __Answer of Defendant Murrieta School District, of Riverside County__

by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of __Riverside__, California, addressed as follows:

J. Lee Rankin, Solicitor General
Room 332
325 West "F" Street
San Diego, California

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __24th__ day of __October__, 19 __58__.

_Elizabeth G. Moss_
Signature of Affiant

G. A. PEQUEGNAT, County Clerk

By _N. Lorem_, Deputy

Notary Public in and for the County of Riverside, State of California

AFFIDAVIT OF MAILING

FORM NO. 125

15106A