```
 1  RAY T. SULLIVAN, JR., County Counsel
    JAMES H. ANGELL, Assistant County Counsel
 2  ALEX. B. YAKUTIS, Deputy County Counsel
 3  Court House
    Riverside, California
 4
    Telephone: OVerland 3-4000
 5
    Attorneys for Defendant
 6
```

FILED
OCT 28 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CIVIL NO. 1247 - SD - C |
| vs. | ) | AMENDED ANSWER OF THE |
| FALLBROOK PUBLIC UTILITY DISTRICT, ET AL., | ) | COUNTY OF RIVERSIDE |
| Defendants. | ) | |

COMES NOW defendant County of Riverside to amend its answer hereinbefore made, to answer the complaint and supplementary and amendatory complaint, to state the defenses and claims for relief to which defendant County of Riverside is entitled, and to demand judgment for such relief as against the plaintiff and all other parties to this action.

ADMISSIONS AND DENIALS OF AVERMENTS
MADE IN COMPLAINT AND SUPPLEMENTARY
AND AMENDATORY COMPLAINT

I

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant denies the truth of the averment of paragraph I that defendant unlawfully interferes with rights to the use of water in the Santa Margarita River and its tributaries; denies the truth of the averments of

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

- 1 -

15107

1  the final eight sentences of paragraph IV; and denies the truth
2  of the averments of paragraph IX.

### II

4  Referring to those paragraphs of the complaint (para-
5  graphs I through IX) as originally filed, defendant admits the
6  truth of the averments of paragraph III, of the first six sentences
7  of Paragraph IV, of paragraph V, and of paragraph VI.

### III

9  Referring to the averments of the complaint (paragraphs
10 I through IX) as originally filed, except for the truth of the
11 averments as denied or admitted above, defendant is without know-
12 ledge or information sufficient to form a belief as to their truth.

### IV

14 Referring to plaintiff's first count, defendant denies
15 and admits the truth of the averments or declares a want of know-
16 ledge or information as to their truth as in the foregoing
17 paragraphs.

### V

19 Defendant admits the truth of all facts avered in plain-
20 tiff's second, third, fourth, fifth, sixth, seventh, eighth, and
21 ninth counts, except as qualified in the foregoing paragraphs.

### VI

23 Referring to plaintiff's tenth count, defendant admits
24 the truth of the allegations of paragraph II thereof, and as to
25 the remainder defendant declares that it has no knowledge or
26 information as to the truth thereof, except as qualified in the
27 foregoing paragraphs.

### VII

29 Defendant is without knowledge or information sufficient
30 to form a belief as to the truth of the averments of plaintiff's
31 eleventh and twelfth counts, except as qualified in the foregoing
32 paragraphs.

### VIII

Referring to plaintiff's thirteenth count, defendant admits the truth of the averments of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

### IX

Defendant admits the truth of the averments of plaintiff's fourteenth count, except as qualified in the foregoing paragraphs.

### X

Referring to plaintiff's fifteenth count, defendant admits the truth of paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

### XI

Referring to plaintiff's sixteenth count, defendant admits the truth of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

### XII

Referring to plaintiff's seventeenth count defendant admits the truth of the averments in paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

### XIII

Referring to plaintiff's eighteenth count defendant admits the truth of the averments of paragraphs II, III, and IV thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XIV

Referring to plaintiff's nineteenth count defendant admits the truth of the averments in the first two sentences of paragraph II, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XV

Defendant denies the truth of the averments of plaintiff's twentieth, twenty-first, twenty-second, and twenty-third counts, except as qualified in the foregoing paragraphs.

XVI

Referring to plaintiff's twenty-fourth count, defendant admits the truth of the averments thereof, except the truth of the averment of the final sentence of Paragraph II thereof, the truth of which is denied, and except as qualified in the foregoing paragraphs.

XVII

Defendant denies the truth of the averments of plaintiff's twenty-fifth count, except as qualified in the foregoing paragraphs.

STATEMENT OF DEFENSES AND CLAIMS FOR RELIEF

I

Defendant County of Riverside owns five parcels of real property within the watershed of the Santa Margarita River system.

II

The following described property, herein referred to as "parcel one", is riparian to an unnamed tributary of Murrieta Creek and overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance. It is presently used for the taking of borrow but is capable of use for residential and industrial development, and for purposes of recreation and agriculture.

In Riverside County, California:

Lot 174, Sedco Tract 1, as shown in map book 10, pg. 58-75, Records of Riverside County, being 86 acres, more or less.

### III

The following described property, herein referred to as "parcel two", overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance. It is presently used for the taking of borrow but is capable of use for residential and industrial development, and for purposes of recreation and agriculture.

In Riverside County, California:

A portion of the southeast quarter of the southeast quarter of section 19, township 6 south, range 2 west, S.B.B. & M., and described by metes and bounds as follows: Beginning at the southwest corner of the southeast quarter of the southeast quarter of section 19, thence easterly on the southerly line of section 19, 300 ft., thence northerly at right angles with said southerly line of section 19, a distance of 1000 ft., thence westerly parallel with the southerly line of section 19, 300 ft., more or less, to the westerly line of the said southeast one quarter of the southeast one quarter of section 19, thence southerly on the westerly line, 1000 ft., more or less, to the point of beginning, containing 6.9 acres, more or less.

### IV

The following described property, herein referred to as "parcel three", overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance. It is presently used for the taking of borrow but is capable of use for residential and industrial development, and for purposes of recreation and agriculture.

In Riverside County, California:

A portion of block 71 as shown by map of the Temecula Land & Water Company, filed in Map Book 8, at page 359, Records of San Diego County, California:

Beginning at the intersection of the centerlines of Jefferson Avenue and Hawthorne Street, as shown by said map, thence southwesterly on the centerline of Hawthorn Street, 30 ft.; thence northwesterly 30 feet paralleling the centerline of Jefferson Avenue to the true point of beginning; thence southwesterly, 279.23 feet along a line parallel to and 30 feet northwesterly of the centerline of Hawthorn Street; thence northwesterly, 390.0 feet paralleling the centerline of Jefferson Avenue; thence northeasterly, 279.23

```
 1          feet paralleling the centerline of Hawthorn Street to a
            point which is 30 feet at right angles southwesterly from
 2          the centerline of Jefferson Avenue; thence southeasterly,
            390.0 feet along a line parallel to and 30 feet at right
 3          angles southwesterly from the centerline of Jefferson Avenue
            to the point of beginning.
 4
 5                                   V
 6               The following described property, herein referred to
 7     as "parcel four", overlies waters percolating through the ground
 8     and moving by gravity in any and every direction along the line
 9     of least resistance.  It is presently used as a public cemetery.
10              In Riverside County, California
11              A portion of the west half of the southeast quarter
            of the northeast quarter of section 19, township 8 south,
12          range 1 east, S.B.B. & M., more particularly described by
            metes and bounds as follows:  Commencing at the southeast
13          corner of the west half of the southeast quarter of the
            northeast quarter of section 19; thence north 00° 59' 10" W,
14          along the easterly line thereof, a distance of 348.85 feet;
            thence south 89° 27' west, a distance of 282.08 feet to the
15          true point of beginning of the parcel of land to be described;
            thence continuing south 89° 27' west, a distance of 108.00
16          feet; thence north 00° 33' west, a distance of 87.00 feet;
            thence south 89° 27' west, a distance of 234.75 feet to the
17          easterly line of that certain parcel of land conveyed to
            Glenn and Pauline Coffee by deed recorded December 26, 1951
18          in book 1329, page 114, records of Riverside County, California;
            thence north 12° 12' 30" east, along the westerly line, a
19          distance of 20.50 feet; thence north 89° 27' east, a distance
            of 230.22 feet; thence north 00° 33' west, a distance of
20          68.00 feet; thence north 89° 27' east, a distance of 108.00
            feet; thence south 00° 33' east, a distance of 175 feet to
21          the point of beginning.
22                                  VI
23              The following described property, herein referred to
24     as "parcel five", is used by the defendant for the storage and
25     maintenance of materials and equipment used in road construction
26     and repair work.
27              In Riverside County, California:
28              A portion of the southwest quarter of the southwest
            quarter of section 15, township 7 south, range 3 east,
29          S.B.B. & M., beginning at the southeast corner of the
            southwest quarter of the southwest quarter of section 15,
30          thence northerly on the easterly boundary of such tracts,
            a distance of 417.42 ft., thence westerly parallel with
31          the southerly line of section 15, 208.71 ft., thence south-
            erly parallel with the easterly boundary of the southwest
32          quarter of the southwest quarter of section 15, 417.42 ft.,
```

thence easterly on the southerly boundary of section 15, 208.71 ft., to point of beginning, containing 2 acres, more or less.

### VII

No wells are located on parcels "one" to "four". Since prior to 1943, the defendant has drawn water from a well located upon "parcel five", and continues to draw water therefrom to the present date. The water so drawn has been and is being used, without waste and by reasonable means, for such natural, domestic, and other reasonable beneficial uses as are incident to its function as described in paragraph VI.

### VIII

The source of the waters percolating under the "parcel five" is precipitation falling in the immediate watershed which in general is located in the northeasternmost corner of the Santa Margarita River system watershed, being north and east of the Durasno and Coahuila Valleys.

### IX

The waters percolating under "parcel five" are within a ground water basin of irregular shape which underlies a small portion of the immediate watershed described in paragraph VIII, which ground water basin is separated from other ground water basins of the Santa Margarita River system by zones of impermeable materials.

### X

The water which is drawn from the wells located upon "parcel five" and put to reasonable beneficial uses thereupon, would except for being put to such uses, be wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

### XI

The present use of water taken from the ground water basin described in paragraph IX and put to reasonable beneficial

uses upon lands overlying such ground water basin is less than the level of use which is desirable in the interests of the conservation of the public resource of the waters of the Santa Margarita River system; and an increase in such use is therefore in the public interest, to prevent the waters of such system from being wasted through evaporation, transpiration, and percolation and runoff to zones where it cannot be put to a beneficial use.

### XII

The waters percolating through parcels "one" to "five" move through such parcel and in the same amount as in the original state of nature, except as such movement and amount is changed without damage to the defendant by reasonable beneficial uses made by defendant and others similarly situated, and changed without damage to the defendant by reasonable beneficial uses made by others riparian to streams and overlying ground water basins upstream of the ground water basin described in paragraph IX, which streams and ground water basins constitute a common source of supply of the waters thereof.

### DEFENDANT'S DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, defendant County of Riverside demands judgment for the relief to which it deems itself entitled, as follows:

1. Defendant demands that the complaint and supplementary and amendatory complaint and all cross pleadings be dismissed as against defendant.

2. Alternatively, defendant demands, that the defendant be declared to have the unclouded right as against the plaintiff and all persons to take water percolating through land owned by the defendant and to take water from streams flowing through lands owned by the defendant to be put to reasonable beneficial uses thereupon.

3. Defendant demands that it be awarded its costs,

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

- 8 -

15114

1 and that the Court give judgment for such other relief as it may
2 deem proper.

          RAY T. SULLIVAN, JR., County Counsel
          JAMES H. ANGELL, Assistant County Counsel
          ALEX. B. YAKUTIS, Deputy County Counsel

          By _/s/ Alex. B. Yakutis_
             Attorneys for Defendant

ABY:em
10/27/58

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15115