BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendant:



FILED
OCT 29 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By /s/ ...............
     DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br><br>               Defendant. | Civil No. 1247-SD-C<br><br>ANSWER OF DEFENDANT RALPH O. BARNETT, SUED AS RALPH O. BARNETTE |

       DEFENDANT Ralph O. Barnett, named in the Complaint as Ralph O. Barnette
answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

       Defendant alleges that he has no information or belief sufficient to enable him to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing his denial on that ground denies generally and specifically all of the allegations contained in said Paragraphs.

II

       Answering the allegations of Paragraph IV, denies that he has in any way encroached upon or interfered with the rights of Plaintiff, or threatens the destruction of the basin

1.

15138

referred to in the paragraph, or has damaged or threatened to damage Plaintiff in any manner. Defendant alleges that he has no information or belief suffient to enable him to answer the remaining allegations in Paragraph IV, and placing his denial on that ground, denies generally and specifically all of the other allegations in said Paragraph.

### III

Answering the allegations of Paragraph V, Defendant admits that the stipulated judgment marked Exhibit "A" was entered, but denies all other allegations of said Paragraph, and alleges that the stipulated judgment is not binding upon this answering Defendant.

### IV

Denies each and every allegation contained in Paragraph IX.

### ANSWER TO SUPPLEMENT TO COMPLAINT
### COUNT NOS. I to XX INCLUSIVE

### I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporates by reference the responses made hereinabove to the allegations of the original Complaint.

### II

Defendant denies that he has injured Plaintiff or in any way interfered with the rights of Plaintiff, and further alleges that he has no information or belief sufficient to enable him to answer the remaining allegations of said Counts, and basing his denial on that ground, denies generally and specifically all other allegations of said Counts.

2.

COUNT NO. XXI

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendant denies each and every allegation thereof, and alleges further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

II

Defendant denies each and every allegation contained in Paragraphs I and II of Count No. XXII, and alleges further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, Defendant denies that Plaintiff has a storage right to the use of any water for Lake O'Neil, and denies that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendant alleges

3.

15140

that he has no information or belief sufficient to enable him to answer the remaining allegations of Paragraph III, and basing his denial on that ground, denies generally and specifically all other allegations of said Paragraph.

### COUNT NO. XXIII

#### I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

#### II

Defendant denies that the military use of Plaintiff is a proper riparian use. Defendant is without knowledge or information sufficient to enable him to answer the remaining allegations of Count No. XXIII, and therefore denies generally and specifically all other allegations of said Count.

### COUNT NO. XXV

#### I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

#### II

Defendant denies generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

### FIRST AFFIRMATIVE DEFENSE

#### I

Defendant is the owner of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

4.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendant is entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendant claims that Plaintiff has failed to state a cause of action against him, and that defendant's rights to said waters are prior and paramount to plaintiff, and defendant is entitled to the full use thereof without interference by plaintiff

THIRD AFFIRMATIVE DEFENSE

I

Defendant owns and maintains a reservoir on said property, and for more than five years prior to the commencement of this action against defendant and prior to the time when plaintiff acquired its properties, defendant and his predecessors in interest have openly and under a claim of right, continuously and adversely impounded and stored in said reservoir eight acre feet of water, and defendant is the owner of and claims the right to store such amount of water.

WHEREFORE Defendant prays judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against this Defendant.

5.

15142

  2. That the water rights of Defendant be adjudged and decreed herein;

  3. That the title of Defendant in and to his rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of plaintiff, and other defendants.

  4. For costs of suit, and for such other and further relief as to the Court may seem just and equitable.

  DATED: This 29th day of October, 1958.

        BEST, BEST AND KRIEGER

        By: *Arthur L. Littleworth*
           Attorneys for Defendant

6.

That portion of the Murrieta Reservation in the Temecula Rancho, as shown by map of Temecula Land and Water Company on file in Book 8, Page 359 of Maps, San Diego County Records, bounded as follows: Commencing on the Southwesterly line of the Temecula Rancho where the partition line between the Murrieta and Pujol portions of said Rancho intersects said Southwesterly boundary line, and distant South 41° East, 55.17 chains from corner No. 5 of said Rancho; thence Northerly on said Southwesterly boundary line, 18 chains; thence Easterly 124 chains 65 links to a point in the center line of Garfield Avenue, 17 chains; 16 links Northerly from the intersection of said center line of Garfield Avenue with the Southeasterly boundary line of said Murrieta Reservation; thence Southerly along said center line of Garfield Avenue to its intersection with the Southeasterly boundary line of said Murrieta Reservation which point is also the Northwest corner of the J.M. Gonzales Ranch; thence Westerly along said Southeasterly boundary line, 123 chains 64 links to the point of beginning; estimated to contain 200.38 acres of land in the Southeasterly portion of said Murrieta Reservation; excepting therefrom the Northeasterly rectangular 30 feet thereof adjoining Garfield Avenue.

EXHIBIT "A"

7.

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the 29th day of October, 1958, with postage thereon fully prepaid, addressed as follows:

> J. LEE RANKIN, ESQ.,
> SOLICITOR GENERAL
> Room 332
> 325 West "F" Street
> San Diego, California.

DATED: This 29th day of October, 1958.

/s/ James H. Krieger

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

15145