1  RAY T. SULLIVAN, JR., County Counsel
   ALEX. B. YAKUTIS, Deputy County Counsel
2
3  Court House
   Riverside, California
4
5  Telephone: OVerland 3-4000

FILED
NOV 4 1958
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )   CIVIL NO. 1247 - SD - C
        vs.                      )
                                 )   ANSWER OF DEFENDANT
FALLBROOK PUBLIC UTILITY         )
DISTRICT, ET AL,                 )   MURRIETA FIRE PROTECTION DISTRICT
                                 )
                Defendants.      )
_____)

        COMES NOW the Murrieta Fire Protection District to allege
that it is the successor of the Murrieta Volunteer Fire Department
named as a defendant herein, and that all real property owned by
the Murrieta Volunteer Fire Department is now vested in the
Murrieta Fire Protection District and accordingly, the Murrieta
Fire Protection District appears herein to answer the complaint
and supplementary and amendatory complaint, to state the defenses
and claims for relief to which the Murrieta Fire Protection District
is entitled, and to demand judgment for such relief as against the
plaintiff and all other parties to this action.

15153

-1-

ADMISSIONS AND DENIALS OF AVERMENTS
MADE IN COMPLAINT AND SUPPLEMENTARY
AND AMENDATORY COMPLAINT

I

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant denies the truth of the averment of paragraph I that defendant unlawfully interferes with rights to the use of water in the Santa Margarita River and its tributaries; denies the truth of the averments of the final eight sentences of paragraph IV; and denies the truth of the averments of paragraph IX.

II

Referring to those paragraphs of the complaint (paragraphs I through IX) as originally filed, defendant admits the truth of the averments of paragraph III, of the first six sentences of Paragraph IV, of paragraph V, and of paragraph VI.

III

Referring to the averments of the complaint (paragraphs I through IX) as originally filed, except for the truth of the averments as denied or admitted above, defendant is without knowledge or information sufficient to form a belief as to their truth.

IV

Referring to plaintiff's first count, defendant denies and admits the truth of the averments or declares a want of knowledge or information as to their truth as in the foregoing paragraphs.

V

Defendant admits the truth of all facts averred in plaintiff's second, third, fourth, fifth, sixth, seventh, eighth, and ninth counts, except as qualified in the foregoing paragraphs.

VI

Referring to plaintiff's tenth count, defendant admits the truth of the allegations of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

VII

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's eleventh and twelfth counts, except as qualified in the foregoing paragraphs.

VIII

Referring to plaintiff's thirteenth count, defendant admits the truth of the averments of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

IX

Defendant admits the truth of the averments of plaintiff's fourteenth count, except as qualified in the foregoing paragraphs.

X

Referring to plaintiff's fifteenth count, defendant admits the truth of paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

XI

Referring to plaintiff's sixteenth count, defendant admits the truth of paragraph II thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                              XII

Referring to plaintiff's seventeenth count defendant admits the truth of the averments in paragraphs II and III thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                              XIII

Referring to plaintiff's eighteenth count defendant admits the truth of the averments of paragraphs II, III, and IV thereof, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                              XIV

Referring to plaintiff's nineteenth count defendant admits the truth of the averments in the first two sentences of paragraph II, and as to the remainder defendant declares that it has no knowledge or information as to the truth thereof, except as qualified in the foregoing paragraphs.

                              XV

Defendant denies the truth of the averments of plaintiff's twentieth, twenty-first, twenty-second, and twenty-third counts, except as qualified in the foregoing paragraphs.

                              XVI

Referring to plaintiff's twenty-fourth count, defendant admits the truth of the averments thereof, except the truth of the averment of the final sentence of Paragraph II thereof, the truth of which is denied, and except as qualified in the foregoing paragraphs.

                              XVII

Defendant denies the truth of the averments of plaintiff's twenty-fifth count, except as qualified in the foregoing paragraphs.

15156

STATEMENT OF DEFENSES AND CLAIMS FOR RELIEF

I

The defendant Murrieta Fire Protection District and its predecessor, the Murrieta Volunteer Fire Department, furnish fire protection services in the town of Murrieta and in the adjoining vicinity and have done so since prior to 1950.

II

The following property is owned by the Murrieta Fire Protection District, upon which is located a fire station.

In the County of Riverside, State of California:

That portion of Lot 12 of the Murrieta portion of the Temecula Rancho, as shown by the Map recorded in Book 8, Page 359, Records of San Diego County, California, more particularly described as follows:

Beginning at a point at the intersection of the centerlines of Washington Avenue and C Street;

Thence North 47° 44' East 250 feet along the centerline of C Street to the true point of beginning;

Thence North 47° 44' East 100 feet;

Thence South 42° 16' East 110 feet;

Thence South 47° 44' West 100 feet;

Thence North 42° 16' West 110 feet to the point of beginning;

III

Defendant has drawn water from a well located on the above described parcel since prior to 1950 and continues to draw water therefrom. The water so drawn is used for purposes of maintaining a fire house thereupon, and for fire control purposes.

IV

Since prior to 1950, the defendant has drawn water from a well located on the above described parcel and uses it, without waste and by reasonable means, for such natural, domestic, and other reasonable beneficial uses as are incident to the maintenance of a fire house and a rural fire protection district.

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

V

The above described parcel overlies waters percolating through the ground and moving by gravity in any and every direction along the line of least resistance.

VI

The source of waters percolating under the above described parcel is precipitation falling within the immediate watershed which in general is located in the vicinity of the town of Murrieta and to the northwest thereof; part of which precipitation sinks into the ground without having been formed into surface streams, and part of which precipitation having been formed into surface streams escapes therefrom.

VII

The waters percolating through the above described parcel are within a ground water basin which underlies Murrieta Creek and which basin is separated from other ground water basins of the Santa Margarita River system by zones of impermeable materials.

VIII

The ground water levels within the basin described in paragraph VII decrease in elevation above sea level to the southeast of the above described parcel. A number of the tributaries of Murrieta Creek which feed the ground water basin described in paragraph VII enter such basin to the southeast of the above described parcel.

IX

None of the lands owned by the plaintiff overly the ground water basin described in paragraph VII.

X

None of the lands owned by the plaintiff are riparian to surface and subsurface streams which constitute a common source of supply of the water percolating under the above described parcel.

XI

The water which is drawn from the wells located upon the above described parcel and put to natural, domestic, and other reasonable beneficial uses would except for being put to such uses be wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

XII

The present use of water taken from the ground water basin described in paragraph VII and put to natural, domestic, and other reasonable beneficial uses is less than the level of use which is desirable in the interests of the conservation of the public resource of the water of the Santa Margarita River system, and an increase in such use is therefore in the public interest to prevent the water of such system from being wasted through evaporation, transpiration, percolation, and runoff to zones where it cannot be put to a beneficial use.

XIII

The water percolating through the above described parcel moves through such parcel in the manner and in the amount as in the original state of nature, except as such manner and amount is changed without damage to defendant by reasonable beneficial uses made by others similarly situated, and changed without damage to defendant by reasonable beneficial uses made by others riparian to streams and overlying ground water basins upstream of the ground water basin described in paragraph VII, which streams and ground water basins constitute a common source of supply of the waters thereof.

DEFENDANT'S DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, defendant Murrieta Fire Protection District demands judgment for the relief to which it deems itself entitled as follows:

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

1. Defendant demands that the complaint and supplementary and amendatory complaint and all cross pleadings be dismissed as against defendant.

2. Alternatively, defendant demands that the defendant be declared to have the unclouded right as against the plaintiff and all persons to draw waters from the ground water basin overlying defendant's property to be put to natural, domestic, and other reasonable beneficial uses.

3. Defendant demands that it be awarded its costs and that the Court give judgment for such other relief as it may deem proper.

RAY T. SULLIVAN, JR., County Counsel
ALEX. B. YAKUTIS, Deputy County Counsel

By _____
    Attorneys for Defendant

RAY T. SULLIVAN, JR.
COUNTY COUNSEL
COURT HOUSE
RIVERSIDE, CALIFORNIA

15160

# AFFIDAVIT OF MAILING

Case No. Civil No. 1247 - SD - C

State of California,  } ss.
County of Riverside,

THE UNDERSIGNED, being duly sworn, says: that affiant is a citizen of the United States and a resident or employed in the County of Riverside, over the age of eighteen years and not a party to the cause herein, that affiant's residence or business address is __Court House, Riverside__, California.

That on the __3rd__ day of __November__ 19__58__, affiant served a copy of the attached paper, to-wit: __Answer of Defendant Murrieta Fire Protection District__

by depositing said copy enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States postoffice mail box at the City of __Riverside__, California, addressed as follows:

J. Lee Rankin, Solicitor General
Room 332
325 West "F" Street
San Diego, California

That there is either delivery service by United States mail at the place so addressed, or regular communication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this __3rd__ day of __November__, 19__58__.

_Elizabeth A. Moss_
Signature of Affiant

Notary Public in and for the County of Riverside, State of California

G. A. PEQUEGNAT, County Clerk

By _R. Hayes_, Deputy

AFFIDAVIT OF MAILING

FORM NO. 125

15163A