FILED

NOV 5 - 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants: Dan E. Cantarini and Rose W. Cantarini

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> -vs- <br> FALLBROOK PUBLIC UTILITY DISTRICT, et al., <br> Defendants. | Civil No. 1247-SD-C <br> ANSWER OF DEFENDANTS <br> DAN E. CANTARINI AND ROSE W. CANTARINI |

DEFENDANTS Dan E. Cantarini and Rose W. Cantarini, husband and wife,
answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs.

INDEXED
COPY RECEIVED

15161

II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

IV

Deny each and every allegation contained in Paragraph IX

ANSWER TO SUPPLEMENT TO COMPLAINT

COUNTS NOS. I TO XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

15163

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, Defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Count.

4.

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

WHEREFORE Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants;

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This 4th day of November, 1958.

BEST, BEST AND KRIEGER

By: Arthur L. Littleworth
Attorneys for Defendants

6

15169

PARCEL 1:

That portion of Lot 109 of the Murrieta Portion of the Temecula Rancho as shown by map on file in Book 8, Page 359 of Maps, San Diego County Records, described as follows:
Beginning at the intersection of the center lines of Date Street and Madison Avenue as shown on said map; thence North 47° 20' 04" East on the center line of Date Street, 735.65 feet more or less, to the Southwesterly line of the State Highway as conveyed to the State of California by Deed recorded July 13, 1950 in Book 1188 page 478 of Official Records, Riverside County Records; thence along the Southwesterly line of said State Highway; thence North 16° 19' East, 35.36 feet, thence North 28° 41' West on the Southwesterly line of said State Highway 278.98 feet; thence South 47° 20' 04" West and parallel with the center line of Madison Avenue; thence South 41° 45' 12" East on the center line of Madison Avenue, 400.05 feet to the point of beginning.

PARCEL 2:

That portion of Lot 109 of Murrieta portion of Temecula Rancho, as shown on file in Book 8 Page 359 of Maps, San Diego County Records, described as follows:
Commencing at the intersection of the center line of Date and Madison Avenue, as shown on said map; thence North 41° 45' 12" West on the center line of Madison Avenue 400.05 feet to the most Westerly corner of that certain parcel of land conveyed to Dan E. Cantarini and Rose W. Cantarini, husband and wife, by deed filed for Record April 29, 1955 as Instrument No. 28275, the true point of beginning; thence continuing North 41° 45' 12" West on the Center line of Madison Avenue, 200 feet; thence North 47° 20' 04" East parallel with the center line of Date Street to the Southwesterly line of the State Highway, conveyed to the State of California by Deed recorded July 13, 1950 in Book 1188 page 478 Official Records; thence South 28° 41' East on the Southwesterly line of said State Highway to the most Northerly corner of the parcel conveyed to Dan E. Cantarini, et ux, above referred to; thence South 47° 20' 04" West on the Northwesterly line of the parcel conveyed to Dan E. Cantarini and wife, 854.64 feet, more or less, to the true point of beginning.

EXHIBIT "A"

7.

15167