BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendant:

**FILED**

NOV 26 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M.C. _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

FALLBROOK PUBLIC UTILITY
DISTRICT, ET AL.,

    Defendants.

Civil No. 1247-SD-C

ANSWER OF DEFENDANT

EMILIE DIXON

    DEFENDANT Emilie Dixon, formerly known as Emilie Ceas and also known as Emiline Ceas, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admits, denies and alleges as follows:

### ANSWER TO ORIGINAL COMPLAINT

#### I

    Defendant alleges that she has no information or belief sufficient to enable her to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing her denial on that ground denies generally and specifically all of the allegations contained in said Paragraphs.

#### II

    Answering the allegations of Paragraph IV, denies that she has in any way encroached upon or interfered with the rights of Plaintiff, or threatens the destruction of the basin

1

15255

referred to in the paragraph, or has damaged or threatened to damage Plaintiff in any manner. Defendant alleges that she has no information or belief sufficient to enable her to answer the remaining allegations in Paragraph IV, and placing her denial on that ground, denies generally and specifically all of the other allegations in said Paragraph.

### III

Answering the allegations of Paragraph V, Defendant admits that the stipulated judgment marked Exhibit "A" was entered, but denies all other allegations of said Paragraph, and alleges that the stipulated judgment is not binding upon this answering Defendant.

### IV

Denies each and every allegations contained in Paragraph IX.

## ANSWER TO SUPPLEMENT TO COMPLAINT
## COUNT NOS. I to XX INCLUSIVE

### I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporates by reference the responses made hereinabove to the allegations of the original complaint.

### II

Defendant denies that she has injured Plaintiff or in any way interfered with the rights of Plaintiff, and further alleges that he has no information or belief sufficient to enable her to answer the remaining allegations of said Counts, and basing her denial on that ground, denies generally and specifically all other allegations of said Counts.

2.

COUNT NO. XXI

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendant denies each and every allegation thereof, and alleges further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

II

Defendant denies each and every allegation contained in Paragraphs I and II of Count No. XXII, and alleges further that plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, Defendant denkes that Plaintiff has a storage right to the use of any water for Lake O'Neil, and denies that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendant alleges that she has no information or belief sufficient to enable her to answer the remaining allegations of Paragraph III, and basing her denial on that ground

3.

15257

denies generally and specifically all other allegations of said Paragraph.

## COUNT NO. XXIII

### I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

### II

Defendant denies that the military use of Plaintiff is a proper riparian use. Defendant is without knowledge or information sufficient to enable her to answer the remaining allegations of Count No. XXIII, and therefor denies generally and specifically all other allegations of said Count.

## COUNT NO. XXV

### I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

### II

Defendant denies generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

## FIRST AFFIRMATIVE DEFENSE

### I

Defendant is the owner of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

### II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendant is entitled to the full surface and underground flow

4.

of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate developme thereof correlative with the rights of other riparian users.

## SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not a part of the Santa Margarita River and its tributaries, including the subflow thereof, defendant claims that Plaintiff has failed to state a cause of action against her, and that defendant's rights to said waters are prior and paramount to plaintiff, and defendant is entitled to the full use thereof without interference by Plaintiff.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against this Defendant.

2. That the water rights of Defendant be adjudged and decreed herein;

3. That the title of Defendant in and to her rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other and further relief as to the Court may seem just and equitable.

DATED: This 25th day of November, 1958.

BEST, BEST AND KRIEGER

By: /s/ Arthur L. Littleworth
Attorneys for Defendant

5.

PARCEL 1:

The South one-third of the North half of Section 1, Township 7 South, Range 3 West, San Bernardino Base and Meridian.

PARCEL 2:

The South half of Lot 2 of the Southwest quarter East of the County Road, and the South 20 acres of Lot 1 in the Southwest quarter and the Southwest quarter of the Southeast quarter of Section 7, Township 7 South, Range 2 West, San Bernardino Base and Meridian.

EXHIBIT "A"

6.

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing the same in the United States mail at Riverside, California on the 25 day of November, 1958, with postage thereon fully prepaid, addressed as follows:

    J. LEE RANKIN, ESQ.,
    SOLICITOR GENERAL
    ROOM 332
    325 WEST "F" STREET
    SAN DIEGO, CALIFORNIA.

DATED: This 25 day of November, 1958.

/s/ James H. Krieger
James H. Krieger

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

15261