FILED

NOV 26 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _M. D. Kreusling_
DEPUTY CLERK

BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants:   Albert N. Ceas and Maxine R. Ceas

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>                    Defendants. | Civil No. 1247-SD-C<br><br>ANSWER OF DEFENDANTS<br><br>ALBERT N. CEAS and MAXINE R. CEAS |

DEFENDANTS Albert N. Ceas, also known as and sued herein as Albert Ceas, and Maxine R. Ceas, husband and wife, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs.

15248

## II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner.   Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

## III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

## IV

Deny each and every allegation contained in Paragraph IX.

### ANSWER TO SUPPLEMENT TO COMPLAINT

### COUNTS NOS. I TO XX INCLUSIVE

## I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15247

## II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

## COUNT NO. XXI

### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

### II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

## ANSWER TO AMENDMENT TO COMPLAINT

## COUNT NO. XXII

### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

## II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

## III

Answering Paragraph III of Count No. XXII, defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River.   Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

## COUNT NO. XXIII

### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

### II

Defendants deny that the military use of Plaintiff is a proper riparian use.   Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Counts.

4.

15249

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

15250

## THIRD AFFIRMATIVE DEFENSE

### I

Defendants own and maintain an 8000 gallon cistern on said property, and for more than five years prior to the commencement of this action against defendants, and prior to the time when plaintiff acquired its properties, defendants and their predecessors in interest have openly, adversely, continuously and under a claim of right impounded and stored such a quantity of water on said property, and defendants are the owners of and claim the right to store such amount of water.

WHEREFORE, Defendants pray judgment as follows:

1.   That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants.

2.   That the water rights of Defendants be adjudged and decreed herein;

3.   That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff, and other defendants.

4.   For costs of suit, and for such other and further relief as to the Court may seem just and equitable.

DATED:   This 25 day of November, 1958.

BEST, BEST AND KRIEGER

By: Arthur L. Littleworth
Attorneys for Defendants

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

6.

PARCEL 1:   Title in the name of Albert N. Ceas

Southwest Quarter of Section 4, Township 7 South,
Range 2 West, San Bernardino Base and Meridian,
as shown by United States Government Survey.

PARCEL 2:   Title in the name of Albert N. Ceas, an
            unmarried man

Lots 192 and 193 of the Temecula Land and Water Company's
Subdivision of a portion of the Temecula Rancho, as shown
by map on file in Book 8 page 359 of Maps, San Diego
County Records, said lots 192 and 193 being subdivided as
Hot Springs Addition and known as Lots 1 to 14 inclusive,
as shown by map on file in Book 12 page 563 of Maps,
San Diego County Records.

PARCEL 3:

Lot 194 of the Temecula Land and Water Company's
Subdivision of a portion of the Temecula Rancho, as shown
by map on file in Book 8 page 359 of Maps, San Diego
County Records, said Lot 194 being also described as Lots
15 to 22 both inclusive of Hot Springs Addition, as shown
by map on file in Book 12 page 563 of Maps, San Diego
County Records.

PARCEL 4:

That portion of Lot 184, as shown by map entitled "Map of
the Temecula Land and Water Company's", as shown by map on
file in Book 8 page 359 of Maps, San Diego County Records,
by metes and bounds, beginning at the center line of
Banana and Clinton Streets, thence Southwest 979.66 feet;
thence North 52° 7' West, 943.7 feet; Thence North 76° 26'
West, 317.10 feet; thence North 34° 56' East, 554.2 feet;
thence North 4° 16' West, 624.62 feet; thence Northeast
and Southeast on Lot lines to the point of beginning.

PARCEL 5:

That portion of Lot 185, as shown by map entitled map of
Temecula Land and Water Company, on file in Book 8 page
359 of Maps, san Diego County Records, by metes and bounds,
beginning at the intersection of the center line of Clinton
Avenue with the Northeasterly prolongation of the
Southeasterly line of said Lot; thence Southwesterly  on
said Southeasterly line of said lot and said Northeasterly
prolongation thereof, 395.20 feet; thence North 31° 11' 05"
West, 364, 20 feet; thence North 30° 18' 05" East, 341.90
feet to a point in the center line of Clinton Avenue;
thence South 42° 08' 30" East on the center line of
Clinton Avenue, 460.12 feet to the point of beginning;
excepting that portion thereof in Clinton Avenue.

7.

EXHIBIT "A"

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

PARCEL 6:

That portion of Lot 183, as shown by map above
described, by metes and bounds, beginning at the
intersection of the center lines of Clinton Avenue and
Apricot Streets, as shown on said mpa; thence
Southwesterly on the center line of Apricot Street
333.66 feet; thence North 69° 28' 25" West, 1408.22
feet to a point in the center line of Banana Street;
thence Northeasterly on the center line of Banana Street,
979.66 feet to the intersection with the center line
of Clinton Avenue; thence Southeasterly on the center
line of Clinton Avenue to the point of beginning;
excepting therefrom that portion thereof in Clinton
Avenue, Apricot Street and Banan Street.

PARCEL 7:

Section Seventeen (17) and the South East Quarter
of Section Eight (8) in Township Seven (7) South,
Range Two (2) West, San Bernardino Base and Meridian.

PARCEL 8:   Title in the name of Albert N. Ceas

The North half of the South two-thirds of the North half
of Section 1, Township 7 South, Range 3 West, San
Bernardino Base and Meridian.

PARCEL 9:

The North half of Lot 2 of the Southwest quarter East of
the County Road, and the North 60 acres of Lot 1 in the
Southwest quarter of Section 7, Township 7 South, Range 2
West, San Bernardino Base and Meridian.

PARCEL 10:    Title in the name of Albert N. Ceas and
              Maxine R. Ceas, husband and wife.

The Southeast quarter of the Southeast quarter of
Section 11, Township 7 South, Range 3 West, San Bernardino
Base and Meridian, as shown by United States Government
Survey.

8.

EXHIBIT "A"

BEST, BEST & KRIEGER
ATTORNEYS AT LAW
4200 ORANGE STREET
POST OFFICE BOX 1028
RIVERSIDE, CALIFORNIA

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the _25_ day of _november_ , 1958, with postage thereon fully prepaid, addressed as follows:

> J. LEE RANKIN, ESQ.,
> SOLICITOR GENERAL
> Room 332
> 325 West "F" Street
> San Diego, California.

DATED:   This _25_ day of _november_, 1958.

James H. Krieger

15254