BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants:

FILED
JAN 7 - 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>-vs-<br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br>　　　　　Defendants. | Civil No. 1247-SD-C<br>ANSWER OF DEFENDANTS<br>GEORGE J. SPEROU AND<br>MARJORIE V. SPEROU |

　　　　DEFENDANTS George J. Sperou and Marjorie V. Sperou, husband and wife, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

　　　　Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs.

COPY RECEIVED

15375

## II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

## III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

## IV

Deny each and every allegation contained in Paragraph IX

ANSWER TO SUPPLEMENT TO COMPLAINT

COUNTS NOS. I TO XX INCLUSIVE

## I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15376

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

15377

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, Defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Count.

4.

15378

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

15379

WHEREFORE Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants;

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This 5th day of January, 1959.

BEST, BEST AND KRIEGER

By: *Arthur L. Littleworth*
Attorneys for Defendants

6.

PARCEL 1:

Government Lot 3, the Northeast Quarter of Southwest Quarter and the Northwest Quarter of Southeast Quarter of Section 18, Township 8 South, Range 1 East, San Bernardino Base and Meridian, as shown by United States Government Survey.

EXCEPTING therefrom an easement for road purposes over any portion thereof included in public roads.

PARCEL 2:

That portion of Northeast Quarter of Southeast Quarter of Section 18, Township 8 South, Range 1 East, San Bernardino Base and Meridian, as shown by United States Government Survey, particularly described as follows:

Commencing at a point on the Westerly line of Northeast Quarter of southeast Quarter of said Section, 621.52 feet Northerly from the Southwest corner thereof;
Thence South 89° 27' 10" East, 478.65 feet for the point of beginning;
Thence North 89° 27' 10" West, 478.65 feet to a point on the Westerly line of Northeast Quarter of Southeast Quarter of said Section;
Thence Southerly on the Westerly line of Northeast Quarter of Southeast Quarter of said Section, 621.52 feet to the Southwest corner thereof;
Thence South 89° 27' 10" East along the Southerly line of Northeast Quarter of Southeast Quarter of said Section to a point 1092.97 feet Westerly from the Southeast corner of Northeast Quarter of Southeast Quarter of said Section, said point being in the center line of the Hemet-Aguanga Highway (State Highway sign #79);
Thence North 19° 43' West, 22.61 feet to the beginning of a curve concave to the East, having a radius of 350 feet and a central angle of 44° 39' 30";
Thence along said curve, a distance of 272.80 feet;
Thence North 24° 56' 30" East to a point which bears South 89° 27' 10" East from the point of beginning; the last 3 courses and distances following along the center line of said Hemet-Aguanga Highway;
Thence North 89° 27' 10" West to the point of beginning;
EXCEPTING therefrom an easement for road purposes over the Easterly 40 feet thereof and any other portion thereof included in public roads.
Said property is also shown on Record of Survey on file in Book 11 page 19 of Records of Survey, Records of Riverside County, California.

15381

PARCEL 3:

The Southeast Quarter of the Southeast Quarter of Section 12, in Township 7 South, Range 1 West of the San Bernardino Base and Meridian.

PARCEL 4:

The East half of the Northeast Quarter of Section 13, Township 7 South, Range 1 West, San Bernardino Base and Meridian.  Said East half of the Northeast quarter being Government Lots 1 and 8 of Section 13, Township 7 South, Range 1 West, San Bernardino Base and Meridian.

EXHIBIT "A"

15382

# CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing the same in the United States mail at Riverside, California on the 5th day of January, 1959, with postage thereon fully prepaid, addressed as follows:

    J. LEE RANKIN, ESQ.,
    SOLICITOR GENERAL
    ROOM 332
    325 WEST "F" STREET
    SAN DIEGO, CALIFORNIA.

DATED: This 5th day of January, 1959.

                              James H. Krieger