BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants:

FILED
JAN 7- 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By M. O. _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
            Plaintiff,
-vs-
FALLBROOK PUBLIC UTILITY DISTRICT, et al.,
            Defendants.

Civil No. 1247-SD-C

ANSWER OF DEFENDANTS

CARL R. SWANGUEN and EDNA CLARA SWANGUEN

      DEFENDANTS Carl R. Swanguen and Edna Clara Swanguen, husband and wife, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

      Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs.

COPY RECEIVED

15384

II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

IV

Deny each and every allegation contained in Paragraph IX

ANSWER TO SUPPLEMENT TO COMPLAINT

COUNTS NOS. I TO XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15385

## II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

## COUNT NO. XXI

### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

### II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

## ANSWER TO AMENDMENT TO COMPLAINT

## COUNT NO. XXII

### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, Defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Count.

4.

15387

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

WHEREFORE Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants;

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This  5th  day of   January  , 1959.

BEST, BEST AND KRIEGER

By: *Arthur L. Littleworth*
Attorneys for Defendants

6.

15389

PARCEL 1:

In the Townsite of Temecula, County of Riverside, State of California, Lots 7, 8, and 15 Block 27, as shown by Map thereof on file in Book 15, Page 726 of Maps, Records of San Diego County, California.

PARCEL 2:

The Northwesterly 75 feet of Lots 10 and 11 in Block 27 of the Town of Temecula, as shown by map on file in Book 12, Page 726 of Maps, San Diego County Records; in the County of Riverside, State of California.

PARCEL 3:

The Northerly Half of Lot 9 in Block 27 of the Townsite of Temecula, as shown by map on file in Book 15, Page 726 of Maps, San Diego County Records.

PARCEL 4:

The Southerly Half of Lot 9 in Block 27 of the Townsite of Temecula, as shown by map on file in Book 15, Page 726 of Maps, San Diego County Records.

EXHIBIT "A"

15390

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing the same in the United States mail at Riverside, California on the 5th day of January, 1959, with postage thereon fully prepaid, addressed as follows:

    J. LEE RANKIN, ESQ.,
    SOLICITOR GENERAL
    ROOM 332
    325 WEST "F" STREET
    SAN DIEGO, CALIFORNIA.

DATED: This 5th day of January, 1959.

*James H. Krieger*

15391