BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California

OVerland 6-1450

Attorneys for Defendants

FILED
JAN 7 - 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

    Defendants.

Civil No. 1247-SD-C

ANSWER OF DEFENDANTS
ROLAND E. PEARL, PATRICIA PEARL,
WILLIAM C. CUSTER AND MARILYN
MOYER CUSTER, sued herein as
MARLYN MAYER CUSTER.

    DEFENDANTS Roland E. Pearl, Patricia Pearl, William C. Custer and Marilyn Moyer Custer, sued herein as Marlyn Mayer Custer, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint, admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

    Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs

1.

COPY RECEIVED

15392

## II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

## III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

## IV

Deny each and every allegation contained in Paragraph IX.

### ANSWER TO SUPPLEMENT TO COMPLAINT

### COUNTS NOS. I TO XX INCLUSIVE

## I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

15394

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Counts.

4.

15395

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegations contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flor of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

15396

THIRD AFFIRMATIVE DEFENSE

I

Defendants own and maintain a two acre foot reservoir on said property, and for more than five years prior to the commencement of this action against defendants, and prior to the time when plaintiff acquired its properties, defendants and their predecessors in interest have openly, adversely, continuously and under a claim of right impounded and stored such a quantity of water on said property, and defendants are the owners of and claim the right to store such amount of water.

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants.

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff, and other defendants.

4. For costs of suit, and for such other and further relief as to the Court may seem just and equitable.

DATED: This 5 day of January, 1959.

BEST, BEST AND KRIEGER

By: Arthur L. Littleworth
Attorneys for Defendants

6.

15397

PARCEL 1:

That portion of the Town of Linda Rosa, as shown by map on file in Book 11 Page 528 of Maps, Records of San Diego County, California, by metes and bounds:

Beginning at the intersection of the center line of Washington Avenue and the Southeasterly line of Elm Street; thence southwesterly, along the southeasterly line of Elm Street to the Northeasterly line of Douglas Avenue; Thence Southeasterly, along the Northeasterly line of Douglas Avenue to the center line of Olive Street; Thence Northeasterly along the center line of Olive Street to the center line of Washington Avenue; Thence Northwesterly, along the center line of Washington Avenue to the point of beginning.

PARCEL 2:

Lot 35 in the Murrieta Portion of the Temecula Rancho, as shown by map on file in Book 8, Page 359 of Maps, Records of San Diego County, California;
EXCEPTING therefrom that portion conveyed to California Southern Railroad Company by Deed from Santa Rosa Land and Improvement Company, a corporation, dated April 21, 1888 and recorded in Book 113 Page 360 of Deeds, Records of San Diego County, California.  Said Lot 35 is also described as Blocks 77 to 80 inclusive, and Blocks 93 to 96, inclusive, in the Town of Linda Rosa, as shown by map on file in Book 11 Page 528 of Maps, Records of San Diego County, California.
Together with the streets, alleys and 100 foot railroad right of way included within the boundary of said Lot 35.

PARCEL 3:

That portion of the Depot Grounds shown on the map of the Town of Linda Rosa in Book 11 Page 528 of Maps, Records of San Diego County, California, described as follows:

BEGINNING at the intersection of the center line of Olive Avenue with the Southwesterly line of Union Street; Thence Southwesterly on the extensuon of the center line of Olive Avenue to the Northeasterly line of 100 foot right of way of the California Southern Railroad Company; Thence Southeasterly on said Northeasterly right of way line to the Northwesterly line of Date Street; Thence Northeasterly on the Northwesterly line of Date Street to the Southwesterly line of Union Street; Thence Northwesterly on the Southwesterly line of Union Street to the point of beginning.

EXHIBIT "A"

15398

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing the same in the United States mail at Riverside, California on the 5th day of January, 1959, with postage thereon fully prepaid, addressed as follows:

  J. LEE RANKIN, ESQ.,
  SOLICITOR GENERAL
  ROOM 332
  325 WEST "F" STREET
  SAN DIEGO, CALIFORNIA.

DATED: This 5th day of January, 1959.

James H. Krieger

15399