BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants:

**FILED**

JAN 16 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br>-vs-<br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br>     Defendants. | Civil No. 1247-SD-C<br>ANSWER OF DEFENDANTS<br>JENNINGS B. SHAMEL AND<br>RUTH T. SHAMEL |

DEFENDANTS Jennings B. Shamel and Ruth T. Shamel, husband and wife, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs.

1.

15453

Copy received

II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

IV

Deny each and every allegation contained in Paragraph IX.

ANSWER TO SUPPLEMENT TO COMPLAINT
COUNTS NOS. I to XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendants incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15454

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

3.

15455

### III

Answering Paragraph III of Count No. XXII, Defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

### COUNT NO. XXIII

#### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

#### II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Count.

### COUNT NO. XXV

#### I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

4.

II

Defendants deny generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

### FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof correlative with the rights of other riparian users.

### SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A" both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

5.

## THIRD AFFIRMATIVE DEFENSE

I

Defendants own and maintain a reservoir on said property and for more than five years prior to the commencement of this action against defendants and prior to the time when plaintiff acquired its properties, defendants and their predecessors in interest have openly, adversely, continuously and under claim of right impounded and stored sufficient quantities of water to irrigate the property, and defendants are the owners of and have the right to store such amount of water.

WHEREFORE defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these Defendants;

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This 15th day of January, 1959.

BEST, BEST AND KRIEGER

By: Arthur L. Littleworth
Attorneys for Defendants

6.

PARCEL 1:

Lot 117 of that certain tract of land in Temecula Ranch, as shown by map of the Temcula Land and Water Company on file in Book 8 page 359 of Maps, San Diego County Records;

EXCEPTING therefrom that portion included in Monroe Avenue and Jackson Avenue.

PARCEL 2:

The Northeasterly one-half of Monroe Avenue, all of Jackson Avenue, Lincoln Avenue and the Southwesterly one-half of Franklin Avenue, as shown by map of the Temecula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records, lying Southeasterly of the Southeasterly line of Banana Street and Northwesterly of the Northwesterly line of Apricot Street, as shown on said map on Temecula Land and Water Company, as vacated by Board of Supervisors of Riverside County, December 17, 1951, a certified copy of said Resolution filed for record December 19, 1951, as Instrument No. 52493;

EXCEPTING from the Southwesterly half of Lincoln Avenue the the Northwesterly 220 feet thereof, as measured from the center line of Banana Street;
ALSO EXCEPTING from the Northeasterly half of Lincoln Avenue and the Southwesterly one-half of Franklin Avenue that portion lying Northwesterly of the Southeasterly line of that portion conveyed to County of Riverside by deeds recorded April 8, 1930 and April 23, 1930 in Book 722 pages 512 and 561, respectively of Deeds, Riverside County Records.

PARCEL 3:

That portion of Lot 140 of that certain tract of land in Temecula Ranch, as shown by map of the Temecula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records, by metes and bounds, as follows:
Beginning at the common corner of Lots 142, 141, 139 and 140 of said Murrieta portion of the Temecula Rancho; thence Southwest on the common boundary line of said Lots 139 and 140, 100 feet; thence Southeasterly at right angles, 220 feet; Thence Northeasterly parallel with the common boundary line of said Lots 139 and 140, 100'; thence at right angles Northwesterly, 220 feet to the point of beginning;

EXCEPTING therefrom that portion in Banana Street;
ALSO EXCEPTING therefrom that portion conveyed to Riverside County by deed recorded April 23, 1930 in Book 722 page 561 of Deeds, Riverside County Records.

7.

EXHIBIT "A"

15459

PARCEL 4:

Lot 140 of that certain tract of land in Temecula Ranch, as shown by map of the Temcula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records;
EXCEPTING therefrom that portion thereof described by metes and bounds as follows: Beginning at the common corner of Lots 142, 141, 139 and 140 of said Murrieta portion of the Temecula Rancho; thence Southwest on the common boundary line of said Lots 139 and 140 , 100 feet; thence Southeasterly at right angles, 220 feet; thence Northeasterly parallel with the common boundary line of said Lots 139 and 140, 100 feet, thence at right angles Northwesterly, 220 feet to the point of beginning;
ALSO EXCEPTING therefrom that portion included in Lincoln Avenue and Jackson Avenue;
ALSO EXCEPTING therefrom that portion conveyed to County of Riverside by Deeds recorded April 8, 1930 and April 23, 1930 in Book 722 pages 512 and 561 respectively of Deeds, Riverside County Records.

PARCEL 5:

That portion of Lot 141 of that certain Tract of land in Temecula Ranch, as shown by map of the Temecula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records, described as follows:
Beginning at a point in the center line of Lincoln Avenue, distant Southeasterly 75 feet from its intersection with the center line of Banana Street; thence Southeasterly on the center line of Lincoln Avenue, 1612 feet to its intersection with the center line of Apricot Street; thence Northeasterly on th. center line of Apricot Street, 600 feet; thence Northwesterly parallel with the center line of Lincoln Avenue to a point distant Southeasterly 75 feet from the center line of Banana Street; thence Southwesterly parallel with the center line of Banana Street, 600 feet to the point of beginning;
EXCEPTING therefrom that portion included in Lincoln Avenue;
ALSO EXCEPTING therefrom that portion conveyed to the County of Riverside by Deeds recorded April 8, 1930 and April 23, 1930 in Book 722 pages 512 and 561 respectively of Deeds;
ALSO EXCEPTING therefrom that portion lying Northwesterly of that portion conveyed to County of Riverside by Deed recorded April 23, 1930 in Book 722 page 561 of Deeds

PARCEL 6:

That portion of Lot 141 of that certain tract of land in Temecula Ranch, as shown by map of the Temecula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records, described as follows:
Beginning at a point in the center line of Banana Street, distant Northerly thereon 600 feet from the intersection with the center line of Lincoln Avenue; thence Northeasterly on the center line of Banana Street to its intersection with the center line of Franklin Avenue; thence Southeasterly on the center line of Franklin Avenue to its intersection with the center line of

8.
EXHIBIT "A"

Apricot Street; thence Southwesterly on the center line of Apricot Street to a point 600 feet Northeasterly from its intersection with the center line of Lincoln Avenue; thence Northwesterly parallel with the center line of Lincoln Avenue to the point of beginning;

EXCEPTING therefrom that portion in Franklin Avenue;

ALSO EXCEPTING therefrom that portion conveyed to the County of Riverside by Deeds recorded April 8, 1930 and April 23, 1930 in Book 722 pages 512 and 561, respectively of Deeds;

ALSO EXCEPTING therefrom that portion lying Northwesterly of that portion conveyed to County of Riverside by Deed recorded April 23, 1930 in Book 722 page 561 of deeds.

PARCEL 7:

The Southwesterly 86.79 feet of Lot 164, as measured from the center line of Franklin Avenue of the Temecula Ranch, as shown by map of the Temecula Land and Water Company, on file in Book 8 page 359 of Maps, San Diego County Records;

EXCEPTING therefrom that portion lying Northwesterly of the Southeasterly line of that portion conveyed to the County of Riverside by Deed recorded April 23, 1930 in Book 722 page 561 of Deeds.

9.

EXHIBIT "A"

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the 15th day of January, 1959, with postage thereon fully prepaid, addressed as follows:

> J. LEE RANKIN, ESQ.,
> SOLICITOR GENERAL
> Room 332
> 325 West "F" Street
> San Diego, California.

DATED: This 15th day of January, 1959.

James H. Krieger

15462