LAW OFFICES
SACHSE AND PRICE
1092 South Main Street
FALLBROOK, CALIFORNIA
RANDOLPH 8-1154

Attorneys for **Defendants**

F I L E D
JAN 28 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By /s/ William M. Ridge
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, ET AL.,<br><br>    Defendants. | No. 1247-SD-C<br><br>MEMORANDUM IN SUPPORT OF MOTION OF NAMED INDIVIDUAL DEFENDANTS FOR JUDGMENT UNDER RULE 41 (b) F.R.C.P. |

I

FACTS

Each of the defendants named in the Motion has filed an Answer setting forth as a separate and affirmative defense the following facts:

    1. That defendant is the owner of the lands described in the Answer.

    2. That the lands described do not abut upon any stream.

    3. That the ground waters underlying the lands described are not a part of the Santa Margarita River system.

Each of the Answers further prays the Court to adjudge the defendant the owner of the water rights pleaded in his Answer, and to quiet his title to the said water rights.

Thereafter, each of said defendants filed a Request for Admissions under Rule 36, F.R.C.P., and in each of said cases plaintiff has filed a Reply to Request for Admissions, admitting

the following facts:

1. Defendants' ownership of the lands described.

2. The fact that the lands described do not abut upon any stream.

3. The fact that the ground waters underlying the lands described are percolating ground waters "...not a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.".

II

ARGUMENT

The pleadings clearly raised issues of fact between the parties. Paragraph IX of the Complaint alleges that the acts of defendants have caused salt water intrusion into the Camp Pendleton basins. Count XXV alleges that the defendants assert claims adverse to the United States; that these claims have clouded the title of the United States; and that the present exercise of the claimed rights of defendants invades the rights of the United States.

The prayer of the Complaint asks the Court to decree "...the respective rights of all parties in the litigation as they relate one to another." Thus wholly aside from the prayers for affirmative relief contained in the Answers, <u>the plaintiff's own Complaint requires an exact determination of the rights of each defendant. This particular prayer</u> (Number 5) <u>is not limited to rights to waters of the Santa Margarita River system.</u>

However, the Replies to Requests for Admissions filed by the Plaintiff have completely disposed of these issues of fact. The case is thus ripe for judgment under Rule 41 in the case of each of the named defendants since the Admissions of the United States have established the correctness of defendants' claims and established the right to the affirmative relief prayed for in

the Answers.

## III
## LEGAL AUTHORITIES

The state of the pleadings as outlined above would seem to make it obvious that in the cases of the named defendants the Court has the obligation of making Findings and entering a Judgment determining that the ground waters underlying their lands are not a part of the Santa Margarita River system. However, there is ample authority in this State for the proposition that in quiet title proceedings the Court has the duty to render substantial justice between the parties and to make such Findings and enter such judgment as will prevent further un-necessary litigation. (41 Cal. Jur. (2d) Sec. 36, page 505) <u>Wolf vs. Gall</u> (1916) 174 C. 140, 144; 162 P. 115).

The leading case on the proposition is <u>Ridgway vs Ridgway</u> (1949) 95 C.A. (2d) 46, 50; 212 P. (2d) 6, which states:

> " In an action to quiet title, <u>even though defendant does not file a cross complaint or ask for any affirmative relief</u>, a decree declaring the defendant has title and enjoining plaintiff from further setting up a claim thereto is a proper form of judgment." (Emphasis added).

This decision has been approved in the following cases:

<u>McGlassen vs Blythe</u> (1956) 143 C.A. (2d) 152, 157; 299 P. (2d) 325, which quotes the exact language given above.

<u>Selby vs. Battley</u> (1957) 149 C.A. (2d) 659, 665; 309 P. (2d) 120.

<u>Hagen vs Silva</u> (1956) 139 C.A. (2d) 199, 202-3; 293 P. (2d) 143.

The purpose of the Federal Rules is to expedite the trial of cases. In the case of Rule 41, it offers the Court an opportunity to dispose of the case at the earliest possible moment, without putting either plaintiff or defendant to the expense of unnecessary proof. (Moore: <u>Federal Practice</u>, Sec. 41.13 (4) at page 1045).

Rule 41 (b) "..provides for the equivalent of a nonsuit..". (Moore, op.cit. Sec. 41.01(6), quoting original Committee Notes.]. In the case of such Motion, the Rule itself provides that if the Court renders judgment on the merits against the plaintiff, "..the court shall make findings as provided in Rule 52(a).".

From the foregoing, it is obvious that it is the duty of this Court to render at the earliest possible moment a judgment that will determine the rights <u>of each defendant in the proceedings</u> Such judgment will be <u>res adjudicata</u> and will in substance quiet the title of the defendants named herein to the ground waters underlying their lands as against any present or future claims of the plaintiff.

Respectfully submitted,

SACHSE and PRICE

by _____
Attorneys for Named Individual defendants

Dated: January 28 1959.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 4 -

5084