J. LEE RANKIN
Solicitor General
Department of Justice
Washington, D. C.

Attorney for United States
of America

# FILED

FEB 2 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _m. h. _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>              Defendants. | EXCEPTIONS OF UNITED<br>STATES OF AMERICA TO<br>PROPOSED FINDINGS OF<br>FACT AND CONCLUSIONS<br>OF LAW IN REGARD TO<br>DE LUZ CREEK |

Comes now the United States of America and makes the following exceptions to the proposed Findings of Fact and Conclusions of Law in regard to the De Luz Creek watershed.

I

The Federal Rules of Civil Procedure require that "the Court shall find the facts specially and state separately its conclusion of law thereon." [1] It is respectfully submitted that the Findings to which these exceptions pertain fail to meet the basic requirements of the Federal Rules. That circumstance stems from the fact

---

[1] Federal Rules of Civil Procedure, Rule 52A

5105

that the findings in question lack specificity and are
vague to the point that it is impossible to determine matters
essential to the ultimate entry of an "appropriate judgment."

II

By reason of the fact that:

(a)  The Vail Company which is one of the largest, if
     not the largest, owner of land in the De Luz
     Creek watershed has not introduced evidence,

(b)  Evidence in regard to the large holdings of the
     United States of America in the De Luz Creek
     watershed in Camp Pendleton have not been con-
     sidered, and

(c)  That consideration has not been given to the
     general geology and hydrology introduced before
     the Honorable James M. Carter,

the Findings are necessarily inadequate to a degree that
it is impossible accurately to determine essential factors
relating to the respective rights of the parties.

III

Finding numbered V should specifically declare
or locate the streams upon which the particular tracts abut
and the lands which are riparian should be declared in that
category.

IV

Throughout the Findings the term is used that
designated individuals are the "apparent" owners.  It would
appear preferable to state that those individuals were the
owners of record on a given date.

7—1404

U. S. GOVERNMENT PRINTING OFFICE

-2-

5106

V

Further, throughout the Findings exhibits are incorporated by reference.  Under the circumstances the Findings are inadequate in themselves making it requisite to go beyond their scope to ascertain the matters to which they relate.  Destruction or loss of said exhibits would result in rendering the Findings nugatory.

VI

It is stated in Finding VI that Parcel 5 contains 889.8 acres of which 26.5 acres are irrigable.  However, from the Findings it is impossible to ascertain the lands which fall into the category last mentioned.  Accordingly, it is recommended that the property which is irrigable be specifically designated and, to the fullest extent possible, described with definity.  The Findings of Fact must in themselves be complete.  To go outside of their scope would lend to confusion.  Accordingly, the lands described in Exhibit M-99 as being alluvial in character should be described with particularity in the Findings.

It is stated that "domestic water for the house located upon the premises is obtained from a spring located about 750-800 feet northwest of the house."  As there is nothing to designate where the house is situated in the parcel, it is, of course, impossible to locate the spring.  Accordingly, the Finding should be revised to locate the spring on the basis of either legal sub-division designation or by a natural monument.

5107

VII

FINDING VII

The Finding is that the waters, if any, underlying the "westerly one-half of the entire parcel" are vagrant. The description as to what constitutes the "westerly one-half" is too indefinite and uncertain.  Similarly, the Finding that thirty-five acres of the tract are irrigable is too uncertain.


VIII

FINDING VII-A

(a)   There is a finding that "there is a surface diversion of water from De Luz Creek."  The Findings are silent as to the physical facts pertaining to the diversion, its location, its carrying capacity, the purposes of the diversion, place of use, the period of use and the time when the right is exercised.  Absent findings of the nature alluded to the description of the right in question is inadequate.

(b)   There is a finding that "the waters underlying the alluvium adjacent to De Luz Creek and underlying the easterly one-third of the parcel constitute a portion of the sub-surface flow of De Luz Creek.  Further, there is a Finding that the waters, if any, underlying the westerly two-thirds of the parcel are not a part of the stream system.  The respective areas should be more specifically described in order to avoid uncertanties especially with respect to claimants under future conveyances of the land in question.

(c)   There is a Finding that 35.4 acres of the

-4-

tract are irrigable.  There is no finding as to the lo-
cation of the irrigable area.  There must be findings in
regard to these claims which adequately describe the point
of diversion, place of use, and to the fullest extent
possible, the maximum quantity of water which has been
utilized upon these and the other lands alluded to in
the findings."

IX

FINDING VIII

It is found that the present domestic water supply
is obtained from a well, "and there is no present di-
version from De Luz Creek."  However, there is no means by
which the location of the well can be ascertained.  The
structure should be specifically located and the basis
for concluding that it does not utilize De Luz Creek water
should be set-forth.

X

FINDING IX

Finding IX is defective in two respects, first:
The Finding is that "the waters, if any, underlying the
westerly half of said parcel are vagrant."  That descrip-
tion is inadequate.  Facts should be found which would
supply the deficiencies in question.  The Finding does
not contain a specific description as to the "westerly
half."  Second:  There is a Finding that 35 acres of the
80 acre parcel are irrigable, yet no means of identifying
this irrigable area is supplied in the finding.  It is
essential that facts be found that will permit of a
definite ascertainment of the property involved.

5109

XI

FINDING X

Finding X is defective for uncertainty in two respects: First: The Finding is that "the waters underlying the alluvial deposits in the southeasterly corner of the parcel are part of the sub-surface flow of De Luz Creek. The waters underlying the balance of the tract is not a part of the stream system. The Finding is not specific as to what area comprises the "southeasterly corner." Second: There is a finding that 13.4 acres of the 40-acre tract are irrigable. The area found to be irrigable is not described.

XII

FINDING XI

Finding XI is defective in that it fails to describe that portion of the parcel that overlies alluvial deposits other than as "a small area of high ground in the southeast corner" of said tract. There is also un-certainty as to the location of 31.9 acres of a 40-acre tract considered to be irrigable.

XIII

FINDING XII.

Finding XII is defective in that there is a lack of description of a portion overlying vagrant percolating waters other than as "the southerly 10 acres of the parcel." So also, there is lack of description of the 27.3 acres (of the 30 acres) found to be irrigable. There is also uncertainty in that there is a finding that two wells are located on the property but the wells are not described, either as to location, use or capacity.

XIV

FINDING XIII

Finding XIII is defective for uncertainty in the following respects:

(a) It cannot be ascertained from said Finding what part of the area is riparian to De Luz Creek and what part is non-riparian to said stream.

(b) It cannot be ascertained from said Finding as to what portion of riparian land overlies vagrant percolating waters.

(c) It is impossible from the description set forth in Finding XIII to determine the area or the acreages which are riparian.  Further, this phase of the description respecting ground water is insufficient by reason of the lack of certainty regarding the lands in question, and should be revised:  " . . .the waters, if any, underlying the portion of said parcel located in said Section 21, and the southerly half of the portion of said parcel located in said Section 20, are vagrant percolating waters not a part of the surface or sub-surface flow of any stream within the boundaries of the Santa Margarita River system; the waters underlying the northerly half of the portion of said parcel located in said Section 20 and above a bed rock formation less than 100 feet beneath the surface of the ground constitute a portion of the sub-surface flow of De Luz Creek."

5111

7—1404

U. S. GOVERNMENT PRINTING OFFICE

1       (d)  It is not possible to ascertain the location

2   of 42.4 acres out of the larger area of 96 acres that

3   are found to be irrigable.

4

5                           XV

6   FINDING XIV

7           Finding XIV is defective for uncertainty in that

8   it does not describe an area considered to be overlying

9   a part of the sub-surface flow of De Luz Creek other than

10  as follows:  "The extreme northwesterly corner of said

11  northerly sub-parcel . . ."  There is equal uncertainty

12  as to the area found to overlie "vagrant percolating

13  water."  There is a Finding that 20 acres of "said north-

14  erly sub-parcel" (containing 40 acres) are irrigable.

15  However, there is no description of said 20 acres.  Further,

16  there is no means by which it can be ascertained as to

17  whether said 20 acres, or any portion thereof, overlies a

18  portion of the alluvial deposits that constitute a part

19  of the sub-surface flow of De Luz Creek.

20

21                         XVI

22  FINDING XV

23          While there is a Finding that 68 acres out of

24  380 acres are irrigable, the irrigable acres are not lo-

25  cated.  Neither are the alluvial areas located with suf-

26  ficient certainty.  These deficiencies should be corrected.

27

28

29

30

31

32

5112

7—1404
U. S. GOVERNMENT PRINTING OFFICE

XVII

FINDING XV-A

Finding XV-A is defective in that crucial areas are described merely as "high ground" in the "southeast corner of said parcel" and other sections.  Other crucial areas are described as being "in contact with the alluvium underlying the east fork of De Luz Creek," but the contact areas are not designated.  While 57.9 acres of "said parcel" are found to be irrigable, the irrigable acres are not located by description or otherwise.  The irrigable area should be defined.

XVIII

FINDING XVI

Finding XVI is defective in that crucial areas are merely described as "high land" in the southeast corner of the parcel.  Further, while there is a finding that 22.5 acres of 62.6 acres are irrigable, the irrigable acres are not described.  It is found that there is a "dug well" and a 10,000 gallon reservoir located on the property, but the location of the well is not described as being within or without the De Luz Creek water system.  This Finding must be revised to the end that the matters to which it relates are definite and certain."

XIX

FINDING XVII

Finding XVII is uncertain in that the 31 irrigable acres, out of an area of 160 acres, are not specifically described.  Further, there is ambiguity in the finding

-9-

5113

that ". . . the waters underlying the balance of said
property are, <u>or may be</u>, part of the sub-surface flow. ."
(Emphasis added)


XX

FINDING XVIII

Finding XVIII is uncertain in that the irrigable
acres (4.5 out of 7.5) are not described.


XXI

FINDING XIX

Finding XIX is defective for uncertainty in that
the Finding provides in part as follows: ". . .substantial
areas of Parcel 29 and all of Parcel 28 overlie alluvial
deposits." The "substantial areas" are not otherwise
identified. So also, crucial areas are not described
other than as "the higher portions". Ambiguity is involved
to the extent that "said parcel contains 152½ acres, 89
of which are irrigable." It is not clear that "said
parcel" refers to the entire tract or only to the tract
found to be within the water system. Further, the irrigable
acres are not described.


XXII

FINDING XX

Finding XX is defective in that is cannot be as-
certained therefrom:

(a)  Whether the "said Parcel" containing 390 acres
refers to the entire tract or only to that portion thereof
that falls within the water system of De Luz Creek.

(b)   The Finding contains no means by which the 287.4 irrigable acres can be located or identified.

(c)   There is ambiguity in the Finding with respect to the flow of De Luz Creek as it pertains to Parcel 30.

### XXIII

FINDING XXI

Finding XXI is uncertain in that it cannot be ascertained therefrom what 33 acres of the 55 acres are irrigable.

### XXIV

FINDING XXVI

Finding XXVI is uncertain in the following respects:

(a)   It fails to describe with any degree of certainty the location of a 20-foot dug well located on the property.

(b)   There is a proposed finding that "the evidence is inconclusive" as to the nature of the waters, if any, underlying a portion of the area.

(c)   The 88.7 irrigable acres (out of 160 acres) are not described with reasonable certainty.

### XXV

FINDING XXVII

In the Finding XXVII, respecting the property of Felix R. Garnsey, et al., it is declared that:

(a)   "Large portions of this parcel overlie alluvial ground water basins which basins form a part of the sub-surface flow of De Luz Creek, but neither the area, the boundaries, nor the depth of these ground water basins

5115

has been determined;"  It is necessary that the overlying
lands be specifically designated, the areal extent of the
ground water basin be defined, and the storage capacity
of it be determined.

(b)  It is found that the "waters, if any, under-
lying the Northwest quarter of the Northeast quarter of
Section 30, Township 8 South, Range 4 West, excepting
alluvial areas adjacent to Cottonwood Creek" are vagrant
and percolating not part of the sub-surface of any stream.

It is essential that the delineation of the ground
water basin as stated above, should be defined and the
contact between the alluvium and residuum be stated with
sufficient definitive so that in the future there will be
no doubt as to the lands the water-bearing elements of
which are part of the stream may be known.

(d)  Appropriative rights are described in the
Finding for the Felix Garnsey property.  However, the Find-
ing lacks the essential elements which would constitute an
accurate description of rights of that nature.  For ex-
ample, it is stated that Permit #5505, with a priority
date of December 6, 1939, authorized the diversion from
Cottonwood Creek of 1 cfs.  There is, however, no descrip-
tion of the point of diversion, carrying capacity or length
of the diversion works.  Similarly, there is no descrip-
tion of the lands upon which the waters have been diverted
and utilized; neither is there a finding of the quantities
of waters actually diverted and applied to a beneficial
use.  Each of those factors must be set forth in the

-12-

5116

findings or the burden upon the stream by the appropriation in question is not subject to ascertainment.

(e)  Like the direct diversion appropriation alluded to in (c) above, there is no accurate description for the storage right referred to in connection with Permit #8166, dated October 31, 1950.  It is essential that the Finding disclose

1.  The maximum quantity of water that has been impounded and diverted to a beneficial use,

2.  The point of diversion and present use of the water stored, and

3.  The maximum quantity of water of which the facility is capable of impounding for a beneficial use, together with a full description of the land upon which that maximum quantity of water could be utilized.

XXVI

FINDING XXIX

Finding XXIX is uncertain in that it fails to describe with reasonable certainty the 37.6 acres, out of a total of 40.6 acres, which are considered to be irrigable.

XXVII

FINDING XXX

Finding XXX is uncertain in that it fails to describe with reasonable certainty the 8 acres out of a total of 10.3 acres which are considered to be irrigable.

5117

XXVIII

FINDING XXXI

Finding XXXI is uncertain in that it fails to describe the location and capacity of a well located upon the land and the facts and circumstances under which said well supplies water to an <u>adjoining</u> <u>tract</u> of land.

XXIX

FINDING XXXII

Finding XXXII is uncertain in that it cannot be ascertained therefrom where 35.1 irrigable acres are located. It is not indicated whether or not any of the irrigable acres are within the "westerly 10 acres" that are found to be non-riparian and overlie "vagrant percolating waters."

XXX

FINDING XXXIII

Finding No. XXXIII is uncertain in that it contains no designation as to the location on the one irrigable acre out of a total of 4 acres.

XXXI

FINDING XXXIV

Finding XXXIV is uncertain in that it does not contain a description of the 44.2 irrigable acres that forms a part of a 641.7 acre tract.

-14-

7—1404

U. S. GOVERNMENT PRINTING OFFICE

XXXII

FINDING XXXV

(a)  It is found in Finding XXXV that "the waters,
if any, underlying the coarse grained clastics joining
Camps Creek and extending for an indeterminate distance
into the igneous rock adjoining the alluvium underlying
the bed of Camps Creek constitute a portion of the sub-
surface flow of Camps Creek."  This Finding is so vague
and indefinite that the lands within this parcel over-
lying the sub-surface flow of Camps Creek cannot be as-
certained therefrom.  Accordingly, it is recommended
that the over-lying lands be more specifically designated.

(b)  It is found that Parcel 45 contains approxi-
mately 230 acres, 147.3 acres of which are irrigable.
However, from the Findings it is impossible to ascertain
the lands which fall into the category last mentioned.
Accordingly, it is recommended that the property which
is irrigable be specifically designated and, to the full-
est extent possible, described with  specificity.


XXXIII

FINDING XXXVI

(a)  It is found in Finding XXXVI that the north-
easterly portion of Parcel 47 (the Northwest quarter of
the Northeast quarter of Section 31, Township 8 South,
Range 4 West), is riparian to Camps Creek and also to an
unnamed tributary which flows only during and immediately
after heavy precipitation.  However, there is no finding
that the two streams merge within the boundaries of the
parcel.  If the streams do not merge within the boundaries

-15-

5119

of the parcel, the findings should delineate and describe
the portions of the parcel which are riparian to the
respective streams.

(b)  It is found that "said northeasterly portion
of said parcel contains approximately 40 acres, 30 acres
of which are irrigable."  However, from the Findings it
is impossible to ascertain which portion of the parcel is
irrigable.  Accordingly, it is recommended that the
property which is irrigable be specifically described.


                              XXXIV

FINDING XXXVII

(a)  It is found in Finding XXVII that "the portion
of said Parcel 48 lying within the watershed of Fern
Creek is riparian to Fern Creek and the portion of said
parcel lying within the watershed of Camps Creek is ri-
parian to Camps Creek."  However, from the Findings it is
impossible to ascertain which portions of Parcel 48 are
within the respective watersheds.  Accordingly, it is
recommended that the portions of Parcel 48 that are riparian
to the respective streams be specifically described.

(b)  It is found that "the waters, if any, underlying
the higher portions of said property in the northwest
quarter of the northeast quarter, and in the north half
of the north half of the southwest quarter of Section 31,
Township 8 South, Range 4 West, San Bernardino Meridian,
are vagrant percolating waters, not a part of the surface
or sub-surface flow of any stream, the waters underlying
the balance of said parcel are a part of the sub-surface
flow of Fern Creek or Camps Creek and thus a part of the
sub-surface flow of the De Luz Creek system."  However,

-16-

5120

it is impossible to ascertain from the Findings which specific lands or how many acres overlie the stream systems.  Accordingly, it is recommended that the portions overlying the sub-surface flows of the respective streams be specifically designated and described.

(c)  It is found that the owners of Parcel 48 have been diverting 32 to 42 gallons of water per minute from Fern Creek for use in Camps Creek since recording a notice claiming the right to take 100 inches of water from Fern Creek in 1892.  However, it cannot be ascertained from the findings what use has been made of this water, whether any of it has been stored or what the limit is on the total amount that can be so diverted and used annually.  Furthermore, there is nothing in the Finding to show the location or type of diversion works used to divert the said waters.

XXXV

FINDING XXXVIII

(a)  It is found in Finding XXXVIII that "the portion of the property (Parcel 49) in Township 8 South, Range 4 West, San Bernardino Meridian, is riparian to Fern Creek and Camps Creek."  However, it is impossible to ascertain from the findings whether Fern Creek and Camps Creek merge within the boundaries of the property. If the said streams do not merge within the boundaries of the property, the findings are deficient in that they fail to describe the specific protions of Parcel 49 riparian to the respective streams.

(b)  It is found that "the waters underlying the alluvium adjacent to Fern Creek and Camps Creek in said

5121

Township 8 and said unnamed tributary in Township 9, constitute a portion of the sub-surface flow of said creeks." However, it is impossible to ascertain from the Findings which portions of the parcel overlie the sub-surface flow of the respective stream systems or how many acres overlie sub-surface flow of the respective streams. Accordingly, it is recommended that the lands overlying sub-surface flow of the respective streams within the parcel be described.

(c) It is found that water has been diverted from Fern Creek on Parcel 48 for storage and use on Parcel 49 up to the capacity of an 8" concrete pipe or the extent of flow of the stream, whichever is less, since 1898 and that when the diversion flow is in excess of the needs of Parcel 48 water is stored in a 27 acre-foot capacity reservoir for later use. However, it is impossible to ascertain from the Findings how much water has been diverted, stored or used in any given year.

(d) It is found that Parcel 49 "contains 120 acres, 65.1 acres of which are irrigable." However, from the Findings it is impossible to ascertain which portions of the parcel are irrigable.

Accordingly, it is recommended that the entire Finding be revised to disclose the requisite facts to render it certain.

XXXVI

FINDING XXXIX

(a) It is found in Finding XXXIX that since 1911, when a claim for 50" of water measured under a 4" pressure was filed, that water has been diverted from a weir across the bedrock of the channel of De Luz Creek located in the

7—1404

U. S. GOVERNMENT PRINTING OFFICE

northeast quarter of the parcel.  However, it is impossible
to ascertain from the Findings the rate of flow of the
water so diverted in any given year or the total amount
of water diverted in any given year.  There is a Finding
that 65 acre feet per year from De Luz Creek is used, but
there is no Finding as to whether this is taken under a
riparian claim or an appropriative claim.

(b)  It is found that "the waters underlying the
alluvium adjacent to Camps Creek and De Luz Creek con-
stitute a portion of the sub-surface flow of said creeks."
However, it is impossible to ascertain from the Findings
which portions of the parcel overlie the sub-surface flow
of the streams or how many acres overlie the sub-surface
flow.

(c)  It is found that Parcel 50 contains 80 acres
49.3 of which are irrigable.  It is impossible to ascer-
tain from the Findings which portions of the property are
irrigable.

Accordingly, it is recommended that the entire
Finding be revised to disclose the requisite facts to
render it certain.


XXXVII

FINDING XL

It is found in Finding XL that Parcel 51 contains
120 acres, 54.7 acres of which are irrigable.  It is
impossible to ascertain from the Findings which portions
of the parcel are irrigable.  Accordingly, it is recommended
that the portions which are irrigable be described.

## XXXVIII

FINDING XLI

(a)  It is found in Finding XLI that Parcel 53 is riparian to the east fork of De Luz Creek and to two unnamed tributaries of the east fork of De Luz Creek, which tributaries flow only during and immediately after periods of heavy precipitation.  It is impossible to ascertain from the Findings whether the streams merge within the boundaries of Parcel 53.  If the streams do not merge within the boundaries of the parcel, the Findings are deficient in that they fail to describe the specific portions of the parcels that are riparian to the respective streams.

(b)  It is found that Parcel 53 contains 123 acres, 18.1 acres of which are irrigable.  It is impossible to ascertain from the Findings which specific portions of the parcel are irrigable.  Accordingly, it is recommended that the specific portions of Parcel 53 which are irrigable be described.

(c)  It is found that there is a well located on Parcel 53 and water for purposes of the school located on said property is obtained from this well.  It is impossible to ascertain from the Findings where the well is located or whether the water in the well is a part of the sub-surface flow of the east fork of De Luz Creek.  Accordingly, it is recommended that the well be located with more particularity and a finding made as to whether the water is part of the sub-surface flow of the east fork of De Luz Creek.

5124

XXXIX

FINDING XLII

Finding XLII is ambiguous and uncertain in the following respects:

(a)   There is uncertainty as to the location of 8/10ths of an acre that is found to overlie a part of the sub-surface flow.

(b)   There is no finding as to whether or not any specific amount of water could be withdrawn from any of said intermittent stream and put to a beneficial use. It is merely found that "there is no evidence" on this point.

(c)   There is uncertainty in that it cannot be ascertained from the finding where the 43 irrigable acres are located with respect to a tract of 80 acres.

Proper findings, definite in nature, are needed.

XL

FINDING XLIII

Finding XLIII is uncertain in that it cannot be ascertained therefrom whether the 8½ irrigable acres, or any part thereof, form a part of the tract that overlies "vagrant percolating waters."  Further, it cannot be ascertained where the irrigable land is located with respect to the entire tract of 30 acres.  It is necessary to have these findings made adequate.

-21-

7—1404

U. S. GOVERNMENT PRINTING OFFICE

XLI

FINDING XLIV

Finding XLIV is uncertain in that it cannot be ascertained therefrom where the 3½ irrigable acres are located with respect to the entire tract of 10 acres. As a consequence, more definite findings are required.

XLII

FINDING XLV

Finding XLV is uncertain and must be clarified in that it cannot be ascertained where the 58 irrigable acres are located with respect to the entire tract of 160 acres.

XLIII

FINDING XLVII

Finding XLVII is ambiguous and uncertain in the following respects:

(a)   Springs are located on Parcel 83 but it cannot be ascertained from the Findings where said springs are located with respect to the tract in question.

(b)   There is a finding that owners have filed "certain applications" with the State Water Rights Board to appropriate "certain water."   There is no finding as to when the applications were filed, the number of applications involved, or a description of the rights which the landowner seeks to initiate.

(c)   There is a finding that "the decision herein shall be without prejudice to the inchoate rights of any party pursuant to said applications" to appropriate

5128

water.  This is a conclusion of law and not a finding of fact.

Definite findings in the proposition should be entered and the conclusions of law eliminated.


## XLIV

FINDING XLVIII

Finding XLVIII is uncertain in two respects:

(a)  There is insufficient description as to a well located on the property.

(b)  It cannot be ascertained from the finding where the 50.8 irrigable acres are located with respect to the total acreage of 109 acres.

These deficiencies should be corrected.


## XLV

FINDING XLIX

Finding XLIX is ambiguous and incomplete to the extent that it provides as follows:  "The evidence is insufficient to establish whether it is, or is not, economically feasible to use any land in the watershed" for the purpose of raising "turkeys, chickens or poultry."  If the evidence will not support a finding, then there can be none.


## XLVI

FINDING L

Finding L is incomplete in that it provides as follows:  "The evidence is insufficient to determine the amount of water which would be required for any dwelling"

-23-

erected upon land within the De Luz watershed.  The
comment made in the paragraph which immediately precedes
is applicable to the finding here involved.


XLVII

FINDING LI

It is found in Finding LI that after periods of
heavy precipitation the flow for short periods of time is
greatly in excess of present and foreseeable future demands
of lands within the De Luz watershed of strictly riparian
nature.  There is no evidence in the record of proceedings
before the Master as to the riparian rights, uses or
ultimate needs of the Vail Company or the United States
of America.  These two landowners own over half the land
within the De Luz Creek watershed.  In addition, no con-
sideration appears to have been given to the over-all
geology presented to Honorable James M. Carter, Judge.
Furthermore, the United States is the sole riparian owner
on the Santa Margarita River below its confluence with
De Luz Creek.

Accordingly, it is recommended that all of Find-
ings LI, except that portion finding that De Luz Creek and
its tributaries fluctuate greatly in flow from year to
year and from time to time during the same year, be
deleted.

5128

7—1404

U. S. GOVERNMENT PRINTING OFFICE

CONCLUSIONS OF LAW

I

The Conclusion of Law that the owners of Parcel 14 have acquired a prescriptive right to divert water from De Luz Creek for storage purposes is not supported by the Findings of Fact (Finding VIII) for the following reasons:

(a)  There is no finding that any water was diverted and applied to a "beneficial use" during the statutory period or any other period.

(b)  Findings of Fact do not show that the use for the statutory period, or any other period, was "open, notorious and adverse."

(c)  There is no finding that the adverse claimant paid any taxes on or in connection with the rescriptive right claimed or that no taxes were assessed.

(d)  The Findings of Fact do not describe with sufficient certainty the location of alleged reservoirs used to store the water.

II

The Findings of Fact (Finding XXVII) are insufficient to sustain the Conclusion of Law involving appropriative rights as to Parcel 37.  Deficiencies in the Findings are enumerated in Exceptions to Proposed Findings filed by the United States of America.

-25-

7—1404

U. S. GOVERNMENT PRINTING OFFICE

5129

### III

It is stated in Conclusion of Law No. III that the "owners of Parcel 48 have acquired and now possess an appropriative right with a priority date of April 11, 1892, to divert from Fern Creek 32 gallons of water per minute for use on the portion of said parcel within the Camps Creek watershed, the point of diversion on Fern Creek to be the point presently used within said parcel."  There is no finding of a beneficial use being made by the water. As a consequence there could be no appropriative right.

It is impossible, moreover, to ascertain from the Findings or the Conclusions of Law the exact location of the point of diversion, the nature of the use or the total amount per year that may be diverted and used under the appropriative right.

### IV

The Findings do not support Conclusion of Law No. IV.  As a consequence it is objectionable.

### V

Conclusions of Law No. V declares the existence of an appropriative right to a specific quantity of water. However, the Findings fail to support the Conclusion.  As a consequence it is objectionable.

### VI

This Conclusion of Law is not supported by the Findings of Fact to the extent that it assumes the existence of inchoate rights in the owners of Parcel 86 under application mentioned in Finding XLVII.

5130

7—1404

U. S. GOVERNMENT PRINTING OFFICE

## VII

This Conclusion of Law cannot be sustained to
the extent that it would preclude a judgment that various
defendants have no rights in connection with the water
of the Santa Margarita River water system.

## VIII

Conclusion of Law No. XI if pursued would present
the entry of judgment by reason of the objectional aspects
of the Findings and Conclusion to which reference has been
made.

## IX

Conclusion of Law No. XII is unnecessary.

Respectfully submitted,

UNITED STATES OF AMERICA

J. LEE RANKIN
Solicitor General

WILLIAM H. VEEDER
Attorney, Department of Justice

WILLIAM E. BURBY
Dated:   February 2, 1959   Attorney, Department of Justice

5131