BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California.

OVerland 6-1450

Attorneys for Defendants.

**FILED**

FEB 3 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al., | Civil No. 1247-SD-C<br><br>ANSWER OF DEFENDANT SECURITY FIRST NATIONAL BANK AS TRUSTEE, SUCCESSOR TO AND SUED HEREIN AS CITIZENS NATIONAL TRUST AND SAVINGS BANK OF RIVERSIDE, AS TRUSTEE. |

Defendant Security First National Bank as Trustee, successor to and sued herein as Citizens National Trust and Savings Bank of Riverside, as Trustee, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint admits, denies and alleges as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing its denial on that ground denies generally and specifically all of the allegations contained in said Paragraphs.

1.

15520

II

Answering the allegations of Paragraph IV, denies that it has in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendant alleges that it has no information or belief sufficient to enable it to answer the remaining allegations in Paragraph IV, and placing its denial on that ground, denies generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendant admits that the stipulated judgment marked Exhibit "A" was entered, but denies all other allegations of said Paragraph, and alleges that the stipulated judgment is not binding upon this answering Defendant.

IV

Denies each and every allegation contained in Paragraph IX.

ANSWER TO SUPPLEMENT TO COMPLAINT
COUNTS NOS. I to XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporates by reference the responses made hereinabove to the allegations of the original Complaint.

2.

15521

II

Defendant denies that it has injured Plaintiff or in any way interfered with the rights of Plaintiff, and further alleges that it has no information or belief sufficient to enable it to answer the remaining allegations of said Counts, and basing its denial on that ground, denies generally and specifically all other allegations of said Counts.

COUNT NO. XXI

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendant denies each and every allegation thereof, and alleges further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

ANSWER TO AMENDMENT TO COMPLAINT

COUNT NO. XXII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

II

Defendant denies each and every allegation contained in Paragraphs I and II of Count No. XXII, and alleges further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, defendant denies that Plaintiff has a storage right to the use of any water for Lake O'Neil, and denies that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendant alleges that it has no information or belief sufficient to enable it to answer the remaining allegations of Paragraph III, and basing its denial on that ground, denies generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendant denies that the military use of Plaintiff is a proper riparian use. Defendant is without knowledge or information sufficient to enable it to answer the remaining allegations of Count No. XXIII, and therefore denies generally and specifically all other allegations of said Counts.

4.

COUNT NO. XXV

I

Defendant incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendant denies generally and specifically each and every allegation contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendant, as Trustee, is the owner of certain real property and the business operated thereon known as Guenther's Murrieta Mineral Hot Springs, which is situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendant is entitled to the full surface and underground flow of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not a part of the Santa Margarita River and its tributaries, including the

5.

subflow thereof, defendant claims that plaintiff has failed to state a cause of action against it, and that defendant's rights to said waters are prior and paramount to plaintiff, and defendant is entitled to the full use thereof without interference by plaintiff.

THIRD AFFIRMATIVE DEFENSE

I

There are hot mineral water springs and wells on the property, and for more than five years prior to the commencement of this action against defendant and prior to the time when plaintiff acquired its properties, defendant and its predecessors in interest have openly, adversely, continuously and under claim of right collected, pumped and impounded such waters, and have pumped and stored water for domestic purposes, in sufficient amounts to meet the needs and requirements of its business conducted on the premises; and defendant is the owner of and has the right to store and impound such quantities of mineral and domestic water as may be necessary in connection with its business.

WHEREFORE, Defendant prays judgment as follows:

1. That plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against said Defendant;

2. That the water rights of Defendant be adjudged a decreed herein;

3. That the title of Defendant in and to its rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of Plaintiff.

6.

4. For costs of suit, and for such other relief as to the Court may seem just and equitable.

DATED: This 20th day of January, 1959.

BEST, BEST AND KRIEGER

By: *Arthur L. Littleworth*
Attorneys for Defendants

7.

15526

PARCEL 1:

All that portion of the Murrieta Portion of the Temecula Rancho, as shown by map of the Temecula Land and Water Company on file in Book 8 page 359 of Maps, records of San Diego County, California, particularly described as follows:

Beginning at the intersection of the center line of Fig Street and Hamilton Avenue, as shown on said Map;
Thence Southeasterly along the center line of said Hamilton Avenue 1320 feet to its intersection with the center line of Webster Avenue, as shown on said Map;
Thence Southeasterly along the center line of Webster Avenue, to its intersection with the center line of Cherry Street, as shown on said Map;
Thence Northeasterly along the center line of Cherry Street, to a point on the Northeasterly line of said Rancho;
Thence Northwesterly along the Northeasterly line of said Rancho to a point in the center line of Hot Springs Creek;
Thence Southwesterly along the center line of Hot Springs Creek to the point of beginning;
Also Lots 175, 189 and that portion of lots 171, 172, 176, 177, 187, 188, 190, and 191, as shown on the hereinabove referred to Map which lies Northerly of the following described line;
Beginning at a point in the center line of Hancock Avenue, distant 660 feet Southeasterly from its intersection with the center line of Fig Street, as shown on said Map;
Thence Easterly through said Lots 172, 171, 176, 177 188, 187, 190, and 191 to a point in the center line of Webster Avenue, distant 660 feet Northwesterly from its intersection with the center line of Cherry Street, as shown on said Map;
EXCEPTING therefrom the portion thereof as granted to County of Riverside, by Deed recorded April 23, 1930, in Book 772 page 553 of Deeds, records of Riverside County, California, and Deed recorded April 12, 1932 in Book 72, page 346 of Official Records of said Riverside County.

Said last described parcel is also shown on Map of portion of Murrieta Subdivision of the Temecula Ranch adjoining the property of the Murrieta Mineral Hot Springs on file in Book 5, page 184 of Maps, records of Riverside County, California.

Said property is also shown on Map on file in Book 5, page 28 of Records of Survey, Records of said Riverside County.

EXHIBIT "A"

15527

# CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the 2nd day of February, 1959, with postage thereon fully prepaid, addressed as follows:

J. LEE RANKIN, ESQ.,
SOLICITOR GENERAL
ROOM 332
325 WEST "F" STREET
SAN DIEGO, CALIFORNIA.

DATED: This 2nd day of February, 1959.

_James H. Krieger_
James H. Krieger

15528