F I L E D

FEB 3 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

STANLEY MOSK, Attorney General
  of the State of California
ADOLPHUS MOSKOVITZ, Deputy Attorney General
CARL BORONKAY, Deputy Attorney General
Library and Courts Building
Sacramento 14, California
Telephone: HIckory 5-4711, Ext. 4574

Attorneys for Defendants
in Intervention

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

  v.

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of the
State of California; et al.,

         Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

         Defendants in
         Intervention.

No. 1247-SD-C

MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF MOTION TO
DISMISS COUNT XXI OF
COMPLAINT AND SUPPLE-
MENTARY AND AMENDATORY
COMPLAINT

     In the Court's pre-trial opinion the Court stated, with respect to motions to dismiss Count XXI made prior to the trial, as follows:

> "The motions to dismiss the count are denied for the reason that in paragraph III of the count, an upstream prescriptive use is alleged and this the government may be able to prove. The court on its own motion strikes paragraph II for the reasons set forth elsewhere in this memorandum in holding that a downstream user may not acquire prescriptive rights against an upstream owner.
>
> "Nothing in this ruling shall preclude the United States in attempting to prove, if it can, that some prescriptive right was acquired by the United States, in connection with waters released from the Vail Estate pursuant to the court decree. This matter has not been briefed or considered, and the pleadings are broad enough to permit the United States to claim this right, if by any chance it exists." (United

5134

States v. Fallbrook Public Utility District, 165 F. Supp. 806, 861.)

Hence, there still is in this case a claim by the United States of prescriptive rights on Indian reservations, national forests and public domain in the upstream area of the watershed and a claim of prescriptive rights in connection with water released by the Vail Company pursuant to the stipulated judgment in the case of Rancho Santa Margarita v. Vail.

During the trial no evidence was introduced by the United States with respect to uses of water on Indian reservations, national forests and public domain which shows that any particular quantity of water in excess of riparian or overlying rights have been utilized by the United States adverse to any other owners or claimants of water rights for the prescriptive period of 5 years. For this reason Paragraph III of the Count should be dismissed.

As to the claim that a prescriptive right has been acquired by the United States in connection with waters released by the Vail Company, it is obvious that there was no diversion of any water by the United States under the stipulated judgment upstream from the Naval reservation. The water which has flowed down Temecula Canyon since the stipulated judgment went into effect was the natural flow of the Santa Margarita River. The fact that the Vail Company may have restricted its pumping so as to permit the minimum flow to go down Temecula Canyon did not amount to an adverse diversion of the water at that point. The diversion of water by the United States has occurred entirely within the boundaries of the Naval reservation. It therefore falls in the same category as the prescriptive claims which the Court ordered stricken in the pre-trial opinion as quoted above. Hence

-2-

5135

proof in the trial by the United States has not supported any prescriptive right with respect to the stipulated judgment, and there is nothing left in Count XXI which has support in the evidence.

Dated: February 2, 1959.

STANLEY MOSK, Attorney General
ADOLPHUS MOSKOVITZ, Deputy Attorney General
CARL BORONKAY, Deputy Attorney General

By *[signature]*
ADOLPHUS MOSKOVITZ
Attorneys for Defendants
in Intervention

-3-

5136