BEST, BEST AND KRIEGER
P.O. Box 1028
Riverside, California

OVerland 6-1450

Attorneys for Defendants

FILED

FEB 4 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

    Defendants.

Civil No. 1247-SD-C

ANSWER OF DEFENDANTS

M. J. YODER AND ANITA S. YODER

DEFENDANTS M. J. YODER AND ANITA S. YODER, husband and wife, answering Plaintiff's Complaint and Supplementary and Amendatory Complaint, admit, deny and allege as follows:

ANSWER TO ORIGINAL COMPLAINT

I

Defendants allege that they have no information or belief sufficient to enable them to answer the allegations contained in Paragraphs I, II, III, VI, VII, and VIII, and placing their denial on that ground deny generally and specifically all of the allegations contained in said Paragraphs

1.

COPY RECEIVED

15553

II

Answering the allegations of Paragraph IV, deny that they have in any way encroached upon or interfered with the rights of Plaintiff, or threaten the destruction of the basin referred to in the paragraph, or have damaged or threatened to damage Plaintiff in any manner. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations in Paragraph IV, and placing their denial on that ground, deny generally and specifically all of the other allegations in said Paragraph.

III

Answering the allegations of Paragraph V, Defendants admit that the stipulated judgment marked Exhibit "A" was entered, but deny all other allegations of said Paragraph, and allege that the stipulated judgment is not binding upon these answering Defendants.

IV

Deny each and every allegation contained in Paragraph IX.

ANSWER TO SUPPLEMENT TO COMPLAINT

COUNTS NOS. I TO XX INCLUSIVE

I

Answering Counts I to XX inclusive, of the Supplement to Plaintiff's Complaint, Defendant incorporate by reference the responses made hereinabove to the allegations of the original Complaint.

2.

II

Defendants deny that they have injured Plaintiff or in any way interfered with the rights of Plaintiff, and further allege that they have no information or belief sufficient to enable them to answer the remaining allegations of said Counts, and basing their denial on that ground, deny generally and specifically all other allegations of said Counts.

## COUNT NO. XXI

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXI.

II

Answering Paragraphs II and III of Count No. XXI, Defendants deny each and every allegation thereof, and allege further that no prescriptive rights to the use of water could be acquired by Plaintiff and its predecessors by diversions within Plaintiff's military reservations downstream from all Defendants.

## ANSWER TO AMENDMENT TO COMPLAINT
## COUNT NO. XXII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in the unnumbered paragraph immediately under Count No. XXII.

3.

15555

II

Defendants deny each and every allegation contained in Paragraphs I and II of Count No. XXII, and allege further that Plaintiff may not pursuant to its riparian rights take water for use outside the watershed of the Santa Margarita River.

III

Answering Paragraph III of Count No. XXII, defendants deny that Plaintiff has a storage right to the use of any water for Lake O'Neil, and deny that Plaintiff has any right to divert from the surface or sub-surface flow of the Santa Margarita River any quantity of water for use outside the watershed of the Santa Margarita River. Defendants allege that they have no information or belief sufficient to enable them to answer the remaining allegations of Paragraph III, and basing their denial on that ground, deny generally and specifically all other allegations of said Paragraph.

COUNT NO. XXIII

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIII.

II

Defendants deny that the military use of Plaintiff is a proper riparian use. Defendants are without knowledge or information sufficient to enable them to answer the remaining allegations of Count No. XXIII, and therefore deny generally and specifically all other allegations of said Counts.

4.

15556

COUNT NO. XXV

I

Defendants incorporate by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXV.

II

Defendants deny generally and specifically each and every allegations contained in Paragraph II of Count No. XXV.

FIRST AFFIRMATIVE DEFENSE

I

Defendants are the owners of the real property situated in the County of Riverside, State of California, described in Exhibit "A" attached hereto and made a part hereof.

II

To the extent that said land or any part thereof is riparian to the Santa Margarita River or its tributaries, defendants are entitled to the full surface and underground flor of said waters for all reasonable beneficial uses on the riparian land to meet the requirements for the ultimate development thereof, correlative with the rights of other riparian users.

SECOND AFFIRMATIVE DEFENSE

I

To the extent that the waters of the land described in Exhibit "A", both surface and underground, are not part of the Santa Margarita River and its tributaries, including the subflow thereof, defendants claim that plaintiff has failed to state a cause of action against them, and that defendants' rights to said waters are prior and paramount to plaintiff, and defendants are entitled to the full use thereof without interference by plaintiff.

## THIRD AFFIRMATIVE DEFENSE

I

Defendants own and maintain two 6000 gallon tanks for storage, on said property, and for more than five years prior to the commencement of this action against defendants, and prior to the time when plaintiff acquired its properties, defendants and their predecessors in interest have openly, adversely, continuously and under a claim of right impounded and stored such a quantity of water on said property, and defendants are the owners of and claim the right to store such amount of water.

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and Supplementary and Amendatory Complaint on file herein, and that said action be dismissed against these defendants.

2. That the water rights of Defendants be adjudged and decreed herein;

3. That the title of Defendants in and to their rights to the use of water as determined herein be quieted, and be adjudged prior and paramount to all of the claimed rights of plaintiff, and other defendants.

4. For costs of suit, and for such other and further relief as to the Court may seem just and equitable.

DATED: This 30th day of January, 1959.

BEST, BEST AND KRIEGER

By: *Arthur L. Littleworth*
Attorneys for Defendants.

6.

PARCEL 1:

Lots 1 to 10 inclusive, and Lots 20 to 38, inclusive, in Block "A" of Murrieta Eucalyptus Company's Tract, as shown by map on file in Book 6, Page 73 of Maps.

EXCEPTING therefrom the Northwest 3/4 of the Northwest 1/2 of the Southeast 1/2 of the Southeast 1/2 of Lot 9; and EXCEPTING the South ten acres of Lot 22 and EXCEPTING the Southeast 1/2 of the West 1/4 of Lot 23; and EXCEPTING the West 1/4 of Lot 24.

PARCEL 2:

Lots 13, 14, 15, 16, 17, 18, 35, 36, 37, 38, 39 and 40 in Block "B" of Murrieta Eucalyptus Company's Tract as shown by map on file in Book 6, Page 73 of Maps, Riverside County Records.

EXCEPTING therefrom the Southeast 3/4 of the Northwest 1/2 of Lot 36 and the Northwest 1080 feet of the Northeast 1/2 of Lot 37.

PARCEL 3:

That portion lying between the Northeasterly line of Lots 20, 21, 22, 32, 33, 34, 35, 36 of Block "A" of Murrieta Eucalyptus Company's Tract as shown by Map on file in Book 6, Page 73 of Maps, Riverside County Records, and the Northeasterly boundarry of the Murrieta portion of the Temecula Rancho.

PARCEL 4:

Lots 129, 130, 131, 150, 151, 152, 152, 154, 155, 173, 174 of the Lands of the Temecula Land and Water Company as shown by map on file in Book 8, Page 359 of Maps, Official Records of San Diego County;

EXCEPTING from that portion of the West 1/4 of Lot 130 lying South of Webster Avenue.

EXHIBIT "A"

7.

CERTIFICATE OF SERVICE

I, JAMES H. KRIEGER, hereby certify that I am a member of the Bar of the United States District Court for the Southern District of California, and that I served the foregoing Answer upon the following person by sealing one copy thereof in an envelope and depositing in the United States mail at Riverside, California on the 3rd day of February, 1959, with postage thereon fully prepaid, addressed as follows:

> J. LEE RANKIN, ESQ.,
> SOLICITOR GENERAL
> ROOM 332
> 325 WEST "F" STREET
> SAN DIEGO, CALIFORNIA.

DATED: This 3rd day of February, 1959.

*James H. Krieger*
James H. Krieger