J. LEE RANKIN
SOLICITOR GENERAL
Department of Justice
Washington, D. C.

Attorney for the
UNITED STATES OF AMERICA

FILED

FEB 6 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

FALLBROOK PUBLIC UTILITY DISTRICT,
ET AL.,

    Defendants

NO. 1247-SD-C

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

TO MOTION FOR JUDGMENT

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR JUDGMENT

SUBJECT INDEX

| | Page |
|---|---|
| Rights to the Use of Water in the Santa Margarita River Constitute the "Res" or the Subject Matter of the Action | 3 |
| Court of Appeals Entered Mandate Requiring Joinder of All Landowners in Watershed | 3 |
| Above Named Defendants Disclaim any Interest in Santa Margarita River or Its Tributaries | 3 |
| Judgment Should be Entered for the United States of America in Light of Disclaimer | 4 |
| Authorities Cited by Defendants are Not in Point | 6 |
| Jurisdictional Question Raised by Defendants' Disclaimer | 7 |
| This Honorable Court Has Announced the Rule Which Should Govern Here: "* * * it is quite evident that under the law of the State of California, if a party asserts a claim of right to real property, or an interest therein, and if another party disclaims it, either in its pleadings or otherwise, the plaintiff is nevertheless entitled as a matter of procedure to a judgment quieting his title." | 10 |
| In the Light of California's Law There is No Basis for Granting Motion for Judgment | 10 |

\* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \*
\* \* \* \* \*
\* \* \*
\*

```
 1  J. LEE RANKIN
    SOLICITOR GENERAL
 2  Department of Justice
    Washington, D. C.
 3
    Attorney for the
 4    UNITED STATES OF AMERICA
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9                SOUTHERN DISTRICT OF CALIFORNIA
10                       SOUTHERN DIVISION
11  UNITED STATES OF AMERICA,       )
                                    )
12               Plaintiff,         )   NO. 1247-SD-C
                                    )
13        v.                        )
                                    )   MEMORANDUM OF POINTS AND
14  FALLBROOK PUBLIC UTILITY DISTRICT, ) AUTHORITIES IN OPPOSITION
      ET AL.,                       )   TO MOTION FOR JUDGMENT
15                                  )
               Defendants.          )
16
```

17       A motion for judgment by these defendants has been filed purportedly
18  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure: MERLE C. and
19  JUANITA L. ADKINS; PAUL K. ALGERT and JEAN S. ALGERT; JACK L. AUSTIN;
20  O. B. WILLIAMSON, as Executor of the Estate of Maurine Nash Barkeij, deceased;
21  EDWARD E. BRAGG and GLENITA BRAGG; THE ROMAN CATHOLIC BISHOP OF SAN DIEGO,
22  CHARLES FRANCIS BUDDY, Incumbent; CALAVO GROWERS OF CALIFORNIA, a California
23  non-profit cooperative association; MARIAN L. CARTWRIGHT; C. W. CARDON and
24  JEAN CARDON; HARRY A. CHAPMAN and SYBIL E. CHAPMAN; ROY H. COSTELLO and FLORA H.
25  COSTELLO; FALLBROOK ASSEMBLY OF GOD, a corporation; ROBERT R. GAGNON and
26  ELAINE GAGNON; LOUIS D. GAGNON and KATHERINE I. GAGNON; HELEN GATES; ALEXANDRA
27  DE AROCHA GHIKA; ALLE B. HALL, as surviving joint tenant of Anne B. and E. Gordon
28  Hall; MELVIN K. HESS and MARGARET Z. HESS; ALONZO V. HOOVER; JOHN B. KENTIS and
29  PENELOPE C. KENTIS; HARVEY N. LAUGHLIN and MILDRED LAUGHLIN; SAMUEL V. KOSTICH;
30  SHERMAN C. LOUDERMILK and DOROTHY L. LOUDERMILK; MILTON P. MARTIN and MAGGIE E.
31  MARTIN; ROBERT NASH OGDEN and ROSE MARIE OGDEN; DONALD K. OSBORNE and MAXINE K.
32  OSBORNE; JAMES G. SCHULTZ and DELTA A. SCHULTZ; CALVIN G. SHELD and CORA E. SHELD;

- 1 -

5162

1  FRANZ R. SACHSE and ROWENA SACHSE; J. D. ROBINSON and LAURA A. ROBINSON;
2  O. LESTER RIGGLE and MAUDE A. RIGGLE and GEORGE ELMORE SHOUDY and DOROTHY L.
3  SHOUDY; LINDEN H. SIEVERS and BETTY ANN SIEVERS; TOM TURNER; GRACE B. WARREN;
4  and CLARENCE O. WOODS.

As described by Judge Fee, speaking for the Court of Appeals for the Ninth Circuit, this is an action

> "to quiet title to water rights * * * appurtenant" [1]

to Camp Pendleton together with other establishments constituting a vast enclave created and operated as a major component in our Nation's defense. Regarding a suit very similar in nature Judge Pope similarly speaking for the Ninth Circuit, stated:

> "The suit, like other proceedings designed to procure an adjudication of water rights, was in its purpose and effect one to quiet title to realty." [2]

Continuing, he pointed out that a cause thus defined

> "* * * presented claims and issues which required the court to determine and adjudicate the extent of the rights of the parties with respect to the waters of the stream;"

adding:

> "* * * as in the case of other suits to quiet title, the defendants should have been required to appear by answer and set forth their claims of right to the use of the waters of the stream." [3]

This Honorable Court has moreover tried the case to the present juncture as a quiet title action; all parties have accepted that concept of it.

---

[1] California v. United States, 235 F.2d 647, 652 (C.A.9, 1956).

[2] United States v. Ahtanum Irrigation District, 236 F.2d 321, 339 (C.A.9, 1956); Cert. denied 352 U.S. 988 (1956).

[3] United States v. Ahtanum Irrigation District, 236 F.2d 321, 339 (C.A.9, 1956); Cert. denied 352 U.S. 988 (1956).

### RIGHTS TO THE USE OF WATER IN THE SANTA MARGARITA RIVER CONSTITUTE THE "RES" OR THE SUBJECT MATTER OF THE ACTION

Equally free from doubt as to the nature of the proceedings is this fact:

> The subject matter of the case is the rights to the use of water in the Santa Margarita River claimed by the United States of America and all other landowners or claimants having an interest in the stream.

### COURT OF APPEALS ENTERED MANDATE REQUIRING JOINDER OF ALL LANDOWNERS IN WATERSHED

To secure an effective decree in the case, the United States of America has proceeded in accordance with the mandate of the Court of Appeals. There it declared:

> "The only proper method of adjudicating the rights on a stream, whether riparian or appropriative or mixed, is to have all owners of lands on the watershed and all appropriators who use water from the stream involved in another watershed in court at the same time." [4/]

Adhering to that mandate the United States of America served the owners of all of the lands in the watershed.

### ABOVE NAMED DEFENDANTS DISCLAIM ANY INTEREST IN SANTA MARGARITA RIVER OR ITS TRIBUTARIES

All of the defendants named above have disclaimed any rights in the Santa Margarita River. Reference in that regard is made to the affirmative defense pleaded by them which their counsel has in substance summarized as follows:

(a) The lands of Defendants "do not abut upon any stream";

(b) "the ground waters underlying the lands described are not a part of the Santa Margarita River system."

---

[4/] California v. United States, 235 F.2d 647, 663 (C.A.9, 1956).

5164

As only rights to the use of water in the Santa Margarita River are before this Court for adjudication and the named defendants disclaim any interest in that stream, it is evident that there are not and cannot be issues in this case between the United States of America and the last mentioned defendants. The affirmative defense as pleaded is, under the law of California, a disclaimer.[5] On the subject it has been authoritatively stated: "One who disclaims any interest is out of the case."[6] In the paragraphs that succeed the authorities on the subject will be reviewed.

## JUDGMENT SHOULD BE ENTERED FOR THE UNITED STATES OF AMERICA IN LIGHT OF DISCLAIMER

Judgment should be entered for the United States of America in regard to the named defendants by reason of their disclaimer of any right either in the surface or sub-surface waters of the Santa Margarita River. California's law is very clear and unequivocal on the subject.[7] From the principal California authority on the matter these statements are taken:

> "* * * when, in an action to quiet title to land, the defendant disclaims any interest or estate in the premises, it is immaterial whether or not he had ever before claimed an interest or estate therein adversely to the plaintiff; for in either event the plaintiff would be entitled simply to a judgment quieting his title, without costs."[8]

Reiteration of and reason for the rule that judgment should be entered for the United States of America is contained in this quotation from the same source:

> "If * * * the defendant, as here, expressly disclaim any estate or interest in the land described in the

---

[5] Barr v. Smith, 201 Cal. 87; 225 Pac. 827 (1927).

[6] 41 Cal. Jur.2d, Quieting Title, Etc., 545, footnote 12.

[7] Bulwer Consolidated Min. Co. v. Standard Con. Min. Co., 83 Cal. 589; 23 Pac. 1102 (1890).

[8] Ibid, 83 Cal. 589; 23 Pac. 1102, 1104 (1890).

5165

- 4 -

complaint, and at the same time deny that he ever made any such adverse claim, the plaintiff would still be entitled to a decree quieting his title, but without costs. * * * The object of sections 738 and 739 is to enable the plaintiff in such action to dispel whatever may be regarded by third persons, as well as by the defendant, as a cloud upon his title; for, even though the defendant makes no adverse claim, third persons may regard plaintiff's title as being subject to an adverse claim by the defendant, which would be a cloud upon plaintiff's title, depreciating its value, and which he would be entitled to have removed, by the decree of the court, so that his record title may appear perfect, not only to the defendant, but to all persons whom it may thereafter concern. The only purpose of the averment of an adverse claim is to notify the defendant of the nature of the action, and that he is required to set forth and litigate any adverse title he may claim to have, or to disclaim any such adverse title either expressly or by default." 9/

Those principles have been summarized as follows:

"The defendant may disclaim any interest or estate in the premises, in which event the plaintiff is entitled to a judgment quieting his title to the property, without costs. When a disclaimer is made, a denial that the defendant ever made any adverse claim is immaterial, since a decision on that issue either way will not affect the judgment. It would be error, of course, to grant affirmative relief to defendants who disclaimed any interest in the property." 10/ That is the law of California today.

---

9/ Bulwer Con. Min. Co. v. Standard Con. Min. Co., 83 Cal. 589; 23 Pac. 1102, 1108 (1890).

10/ 41 Cal. Jur. 2d, Quieting Title, Etc., Sec. 59, page 544.

- 5 -

5166

1  Earlier the California court declared the principle in these terms:

2  "*** the action may be maintained by the owner

3  of property to determine any adverse claim whatever,

4  for, if the defendant, by his answer, disclaims all

5  interest whatever, judgment may, nevertheless, be

6  entered against him, though in such case it must be

7  without costs." 11/

8  In a more recent case the California court declared:

9  "As to Knupp, the judgment should have quieted

10  title against him since he was a defendant in the

11  action who had disclaimed any interest in the bonds

12  or in the real property described in the amended

13  complaint." 12/

14  Judge Peirson M. Hall of this Honorable Court has reviewed the subject in
     13/
15  detail and set forth conclusions identical with those expressed above.

16      It is clear beyond question, predicated upon the laws of the State

17  of California, that

18      (1) When defendants named above pleaded they had

19          no interest in the Santa Margarita River, they

20          in effect filed a disclaimer in the cause;

21      (2) Any judgment which is entered should be for the

22          United States of America, but without costs.

23

24      AUTHORITIES CITED BY DEFENDANTS ARE
        NOT IN POINT

25      Authorities relied upon by defendants named above are not applicable

26  for the following reasons:

27      Defendants here disclaim interest in the Santa

28  ─────────────────────────

29  11/ Castro v. Barry, 79 Cal. 443; 21 Pac. 946, 948 (1889).

30  12/ Bradley Co. v. Ridgeway, 14 Cal. App. 2d 326 (1936); 58 P.2d 194, 199 (1936).

31  13/ Federal Home Loan Bank v. Long Beach Fed. S. & L. Ass'n, 122 F. Supp. 401,
         422 (U.S.D.C.S.D. Cal. C.D. 1954).

32

- 6 -

5167

Margarita River. In every case cited, the defendants had title to the property involved - the exact reverse of disclaimer. 14/

JURISDICTIONAL QUESTION RAISED BY
DEFENDANTS' DISCLAIMER

In argument it was stated that when defendants disclaimed, they, in effect, deprived this Honorable Court of jurisdiction. That statement was based upon the provision of the Constitution that:

> "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, * * * to all Controversies to which the United States shall be a Party * * *." 15/

A leading case as to the meaning of that proviso contains this comment in regard to it:

> "A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * *
> It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * *

---

14/ Of interest is the Hagen v. Silva case (139 C.App.2d 199; 293 P.2d 143 (1956)) cited by defendants. There the question of disclaimer was discussed and this statement made: "when both spouses are parties defendant, but one of them disclaims * * * any interest in property, the spouse disclaiming becomes a nominal, not a real party in interest * * *."

15/ Constitution of the United States, Article III, Section 2.

5168

- 7 -

1     Where there is such a concrete case admitting of
2     an immediate and definitive determination of the legal
3     rights of the parties in an adversary proceeding
4     upon the facts alleged, the judicial function may be
5     appropriately exercised although the adjudication of
6     the rights of the litigants may not require the award
7     of process or the payment of damages. * * * " 16/

8  Where, as here, defendants named above deny any interest in the Santa Margarita
9  River - the subject matter of the action - it is manifest beyond doubt that there
10 is no "controversy * * * touching the legal relations of parties having adverse
11 legal interests."
12     From another leading case this excerpt is taken:
13     "By cases and controversies are intended the claims
14     of litigants brought before the courts for determina-
15     tion by such regular proceedings as are established
16     by law or custom for the protection or enforcement of
17     rights, or the prevention, redress, or punishment of
18     wrongs. Whenever the claim of a party under the
19     Constitution, laws, or treaties of the United States
20     takes such a form that the judicial power is capable
21     of acting upon it, then it has become a case. The
22     term implies the existence of present or possible
23     adverse parties whose contentions are submitted to
24     the court for adjudication." 17/
25     The necessity of adverse litigants with real interests has on numerous
26 occasions been stressed by the Supreme Court. 18/   Similarly, it is important
27 ─────────────────────
28 16/  Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1936).
29 17/  Muskrat v. United States, 219 U.S. 346, 357 (1910)./
30 18/  Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339 (1892);
       Lampasas v. Bell, 180 U. S. 276 (1901);
31     Braxton County Court v. West Virginia, 208 U. S. 192 (1908);
       Smith v. Indiana, 191 U. S. 138 (1903);
32     Tregea v. Modesto Irrigation District, 164 U. S. 179 (1896).

- 8 -

5169

that there be involved substantial interests.[19] Here it is very clear that there are no substantial interests involved by reason of above-named defendants' disclaimer. Related closely to the question of adverse parties and substantial interests is that there must be real issues as contrasted with abstract, hypothetical or moot cases.[20]

Based upon the disclaimer of defendants above named, it is apparent that

(1) There is no real conflict between the parties;

(2) There is no substantial interest involved;

(3) Defendants by their disclaimer have rendered moot any issues which might have been found to exist between them and the United States of America in this case.

In the only Federal case found where the defendants in a quiet title suit, in effect, disclaimed any interest in the property of the plaintiff, the court dismissed the cause on the grounds that it was without jurisdiction.[21] The court summarized the situation in these terms:

"The suit merely opens the door affording the defendant an opportunity to contest plaintiffs' claim, if it chooses to do so. If the defendant did so, that would be an assertion of right, but defendant disclaims any such purpose. Since there is no issue to be settled, the judgment of the court would be merely declaratory of its opinion of plaintiffs' claim of right as a homestead, in no way affecting the defendant."[22]

It is apparent from a review of the authorities that there is no conceivable basis to support above-named defendants' motion for a judgment against the United States under the circumstances. Sole question for resolution

---

[19] Massachusetts v. Mellon, 262 U. S. 447, 487 (1923).

[20] Alanama State Federation of Labor v. McAdory, 325 U.S. 450, 461 (1945).

[21] Westman et ux. v. James B. Clow & Sons, Inc., 38 F.2d 124 (D.C.W.D. Texas 1930)

[22] Ibid., 38 F.2d 124, 125 (D.C.W.D. Texas 1930).

- 9 -

5170

is whether the above-named defendants have pleaded themselves out of court and should be dismissed or whether, acting pursuant to the California law, a judgment against them in favor of the United States, predicated upon their disclaimer, should be entered.

> THIS HONORABLE COURT HAS ANNOUNCED THE RULE WHICH SHOULD GOVERN HERE:
> " * * * IT IS QUITE EVIDENT THAT UNDER THE LAW OF THE STATE OF CALIFORNIA, IF A PARTY ASSERTS A CLAIM OF RIGHT TO REAL PROPERTY, OR AN INTEREST THEREIN, AND IF ANOTHER PARTY DISCLAIMS IT, EITHER IN ITS PLEADINGS OR OTHERWISE, THE PLAINTIFF IS NEVERTHELESS ENTITLED AS A MATTER OF PROCEDURE TO A JUDGMENT QUIETING HIS TITLE." 23/

Assuming that the principles of <u>stare decises</u> are applicable here, it is evident that a judgment for the United States of America should be entered. That judgment, it is respectfully submitted, should have an express declaration that the above-named defendants have disclaimed any rights to the use of water from the Santa Margarita River in connection with the lands described in their answers. There will thus be concluded for all time any dispute between the United States of America and the above-named defendants, their heirs, successors or assigns in regard to those lands.

### IN THE LIGHT OF CALIFORNIA'S LAW THERE IS NO BASIS FOR GRANTING MOTION FOR JUDGMENT

There is no basis for granting the above-named defendants' motion. They have denied any right in the Santa Margarita River and the United States of America agrees with their disclaimer. This authoritative statement of California law constitutes an appropriate conclusion:

> "It would be error, of course, to grant affirmative relief to defendants who disclaimed any interest in the property." 24/

UNITED STATES OF AMERICA

J. LEE RANKIN,
Solicitor General

WILLIAM H. VEEDER,
Attorney, Department of Justice

Dated: Feb 5, 1959

WILLIAM E. BURBY,
Attorney, Department of Justice

---

23/ Federal Home Loan Bank v. Long Beach Federal Sav. & L. Ass'n, 122 F. Supp. 401, 423 (U.S.D.C.S.D. Cal. C.D. 1954).
24/ 41 Cal. Jur.2d, Quieting Title, Etc., Sec. 59, page 545.

5171

- 10 -