PIERRE POURROY, JR. and CATHERINE POURROY
Defendants in propria persona
P.O. Box 39
Winchester, California

F I L E D

APR 10 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,
   v.
FALLBROOK PUBLIC UTILITY
DISTRICT, ET AL,
          Defendants.

CIVIL NO. 1247- SD - C

ANSWER OF DEFENDANTS
PIERRE POURROY, JR. and
CATHERINE POURROY

The defendants, PIERRE POURROY, JR. and CATHERINE POURROY each severing from their co-defendants and each for himself or herself alone, in answer to the Complaint and Supplementary and Amendatory Complaint on file herein, admit, deny, and allege:

ANSWER TO COMPLAINT AND SUPPLEMENTARY AND
AMENDATORY COMPLAINT

These answering defendants hereby incorporate by reference all of the allegations contained in the answer to said Complaint and Supplementary and Amendatory Complaint filed in this case by Newton T. Bryant and Willie Mae Bryant (excepting only Paragraphs I and II of the portion thereof entitled "Affirmative Statement of Rights") and make each and all of said allegations a part of this answer the same as if herein set forth at length.

AFFIRMATIVE STATEMENT OF RIGHTS

These defendants own 1500 acres of land in Riverside County, California, and within the watershed of the Santa Margarita River, more particularly described in the document attached hereto, marked Exhibit A, which is hereby incorporated by reference as a part of this statement.

15610

## AFFIRMATIVE STATEMENT OF RIGHTS

### I.

1. These defendants own 1500 acres of land more or less in Riverside County, California within the watershed of the Santa Margarita River more particularly described in the document attached hereto, marked Exhibit A, which is, hereby, incorporated by reference as a part of this statement.

    A. <u>GEOLOGY- Waterbearing characteristics of underground formations</u>

    The defendants property lies at an elevation of 1300 to 1500 feet. About one-half of the land is composed of sedimentary rock forming terrace deposits and older alluvium, containing boulders to cobble sized fragments, gravels and sand. The terraces are generally flat, characterized by reddish-brown soils with older alluvium dissected and rolling. Wells tapping materials of this type have low yields and are limited generally to domestic and livestock use.

    The smaller half of the defendants land is classed as a Residuum, a residual material resembling sandy clay which is a product of the decomposition and disintergration of underlying crystalline rock in situ. Residuum is a minor source of ground water (local water) generally supplying only domestic wells with percolating water.

    Outcroppings of Bedford Canyon Formation, a metamorphic rock containing Slates and Quartzites, are noted on the property in limited numbers. This formation is generally impermeable and non-waterbearing, except along joints and fissures. Where it is fractured and jointed, the formation supplies small wells and springs of limited capacity.

    Alluvium of recent origin occurs in trace amounts as narrow bands deposited along the channel of usually dry French Creek, an intermittent stream flowing only after heavy precipitation, which bisects Parcels I and II for approximately 2 miles. This formation is generally unconsolidated and occurs as fill material of gravel, sand and silt. Its waterbearing capabilities in this area are very limited due to the small area covered by the material.

    A portion of the defendants land possibly lies over French Basin, which is bounded on the north and northeast by Paleozoic Schist and Quartzite and residuals developed upon them on the south by residuals developed upon Woodson Mountain Granodiorite, on the northwest by residuals developed on the

San Marcos Gabbro, and on the west by thin older alluvial deposits. The Basin is separated by a low alluvial divide on the east from Los Alamos Valley. The Basin fill is composed of small amounts of recent alluvium and slightly dissected older alluvium underlain by igneous and metamorphic complex. The water table elevation will be determined by the elevation where French Creek, which drains the Basin and is tributary to Warm Springs Creek, flows over an intrusion of San Marcos Gabbro (non-waterbearing) which acts as an effective water barrier about ½ mile Southwest of the defendants land. French Basin with a surface area of only 3000 acres, a storage depth of 199 feet, and a limited useable storage area of 6,860 acre feet, could have no appreciable effect on the stream flow of the Santa Margarita River. Since no major creeks flow into French Basin, the wells in the area are recharged by precipitation upon the valley floor and percolation of run-off from the surrounding slopes.

B. WATER FACILITIES

The defendants land is in an average rainfall zone of 12 to 13 inches.

At the present time there are 6 windmill wells which have been supplying domestic and livestock water for a considerable period of time. For many years, the defendants by means of wells, pumps, pipelines, diversions and irrigation ditches for the extraction, diversion, transportation conservation and distribution of water, and openly, continuously, and uninterruptedly extracted and withdrew from the surface and underground, waters from a percolating, defined channel, or underground basin source, irrigation water in excess of 150 acre feet annually, and have diverted and transported this water to irrigate in a reasonable beneficial manner agricultural crops of alfalfa, permanent pasture, grain, sudan grass and other field crops. Defendants allege that due to the past use of irrigation water in a beneficial manner without waste of any kind, that they have a right to continuously use an amount of not less than 150 acre feet annually. The defendants expect to develop water for larger numbers of livestock and all irrigable acres possible in the future.

C. LAND USE

The land owned by the defendants has for many years, more than 60 years, been cropped to hay and grain and grazed by livestock (sheep and cattle). It is

15612

presently utilized for the production of cereal grain and the pasturing of 100 to 200 head of cattle in addition to the irrigated crops mentioned above.

Following is a listing by parcels of the defendants land showing irrigable and non-irrigable acreages.

| | | Land Class | | | | |
|---|---|---|---|---|---|---|
| | II | III | IV | VI | VII | Hi-ways |
| Par. I, II, III | 606 Ac. | 517 Ac. | 75 Ac. | 3 Ac. | 123 Ac. | 21 Ac. |
| Par. IV | 36 Ac. | 71.5 Ac. | - | 47.5 Ac. | - | - |
| Total 1500 Ac. | 642 Ac. | 588.5 Ac. | 75 Ac. | 50.5 Ac. | 123 Ac. | 21 Ac. |

Utilizing only Class II, III and IV land that could be irrigated in a practical and profitable manner, with modern methods, a total of 1305 acres is available for this purpose. Following approved methods and practices, the climate and soils in the area produce field crops such as alfalfa, cereal grains, field corn, beans, milo, sudan grass, permanent pasture and truck crops. In the interests of continuing the development of the property for increased livestock grazing and crop production, the 1305 acres of land could be devoted to alfalfa and/or permanent pasture. The potential irrigation requirements for water would require a reasonable diversion (water duty) of not less than 4 acre feet per acre annually, or a total annual consumption of 5,220 acre feet, plus the needs for cattle herds and/or bands of sheep.

D. WATER USES

To carry out the sound farm management practices of the defendants, it is necessary to use water in the following reasonable and beneficial manner.

1. Domestic use (household, family garden and poultry)

2. Commercial livestock use (stock watering 15 to 30 gal. per head) (100-300 cattle--1500 to 2000 sheep)

3. Irrigation use (4 Ac. ft. per acre on 1305 Acres, total 5,220 ac. ft. annually)

4. Soil and water conservation use (development of stock ponds, dams, wells, springs and seeps)

II.

A. WATER RIGHTS

These answering defendants assert that they have the right to the use of all of the water produced on, extracted from, and beneath the lands owned by

these defendants in a resonable beneficial manner for domestic, irrigation, livestock and other agricultural purposes as follows:

1. Right of overlying landowners to the use of underground percolating water (local water), or any water that rises or will rise in wells or springs now on the land, or to be developed in the future that can be used in a practical and profitable manner.

2. Riparian rights to the use of water flowing in or contained in the known and defined subterranean channel of French Creek, any creek tributary to French Creek, Warm Springs Creek and/or Tucalota Creek located on or crossing the defendants land.

3. Rights of overlying landowner and riparian rights to the use of water extracted from French Basin or any independent subterranean basin beneath the defendants land; the waters of which do not support or maintain the rivers or tributaries, and are not a part of the common water course or source of said rivers or tributaries as set forth in the Complaint.

4. Right to the use of impounded diffused surface water and intercepted or collected ground and spring waters. Defendants also claim right to the use of water collected by the exercise of water reclamation and conservation practices as are now, or may be known, that do not substantially or permanently damage other users; also by soil conserving operations, such as soil erosion control dams of a regulatory nature, diversion ditches, gully plugs forming small reservoirs for fish and wildlife and stock tanks, which result in protection of the land for the general public welfare.

WHEREFORE, these defendants pray, that the plaintiff take nothing against them by reason of the Complaint and Supplementary and Amendatory Complaint on file herein; that said Complaint be dismissed as against these defendants; that defendants right to water, as hereinabove set forth, be quieted as against the plaintiff and against all other defendants in this action; and for such other and further relief as the Court may deam proper.

Date  Nov. 23, 1958

Pierre Pourroy, Jr.

Catherine Pourroy
Defendants in propria persona

15614

PIERRE POURROY, JR.   )
CATHERINE POURROY     )          EXHIBIT A

Property described in Riverside County as follows:

Parcel I      Section 32, Township 6 South, Range 2 West San Bernardino
              Base and Meridian consisting of 625.07 Acres more or less.(640)

Parcel II     South $\frac{1}{2}$ of SW$\frac{1}{4}$ and South $\frac{1}{2}$ of SE$\frac{1}{4}$ West of Hwy. of Section
              28, Township 6 S R 2 West San Bernardino Base and Meridian
              consisting of 140 Acres more or less.  The North $\frac{1}{2}$ of
              Section 33, Township 6, South Range 2 West San Bernardino
              Base & Meridian consisting of 320 Acres more or less.

Parcel III    The NW$\frac{1}{4}$ exc. Hwy. and the N$\frac{1}{2}$ of SW$\frac{1}{4}$ of Section 34, Township
              6 South Range 2 West San Bernardino Base and Meridian, con-
              sisting of 240 Acres more or less

Parcel IV     The SW$\frac{1}{4}$ of Section 11, Township 7 South Range 2 West San
              Bernardino Base and Meridian consisting of 160 Acres more
              or less.

15615