1    J. LEE RANKIN
     SOLICITOR GENERAL
2    DEPARTMENT OF JUSTICE
     WASHINGTON 25, D. C.
3

**FILED**

AUG 31 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
              DEPUTY CLERK

8                IN THE UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|              Plaintiff, | ) |
|        v. | )      No. 1247-SD-C |
| FALLBROOK PUBLIC UTILITY DISTRICT; | ) |
| AUSTIN, Jack; | ) |
| BRAGG, Edward E. and Gleneta; | ) |
| CALAVO GROWERS OF CALIFORNIA; | ) |
| CARDON, C. W. and Jean; | ) |
| CARTWRIGHT, Marion L.; | ) |
| CHAPMAN, Harry A. and Sybil E.; | ) |
| FALLBROOK ASSEMBLY OF GOD, a Corp.; | ) |
|      ET AL., | ) |
|             Defendants, | ) |
| STATE OF CALIFORNIA, | ) |
|        Intervening Defendant. | ) |

                 MEMORANDUM OF POINTS AND AUTHORITIES
                       IN SUPPORT OF
             MOTION OF THE UNITED STATES OF AMERICA
       RESPECTING THE FORM OF INTERLOCUTORY JUDGMENT

      <u>Erroneous statements are contained</u> in the form of Order and Interlocutory

Judgment lodged June 27, 1959, by the defendants named in the attached form of

Interlocutory Judgment:

<u>Error No. 1</u>:

      Erroneously it is declared that "On February 11, 1959, before the

Honorable James M. Carter, Judge, the motion of the following named defendants:

5389

GPO 16—59905-1

1   [here named defendants are set forth] * * * for judgment on the grounds that

2   the pleadings and admissions on file, and the proof offered by the plaintiff,

3   have disposed of all issues between plaintiff and the moving defendants, came

4   on regularly for hearing; and

5          "The Court having heard arguments of counsel, and having considered

6   the motion, admissions and pleadings on file, and the proof offered by plaintiff,

7   makes the following Proposed Findings of Fact, Conclusions of Law, Interlocutory

8   Judgment and Order * * *."

9          "Disclaimers by defendants" of interests in the subject matter of the

10  litigation is a key statement omitted by defendants in the proposed form.

11  Disclaimers are the reason for the entry of judgment; they render completely

12  inapplicable the provisions of Rule 41(b) upon which defendants relied when

13  they filed their motion.  Those are facts which the Court recognized.

14         Briefly:

15             (a)  This is a suit to quiet title;

16             (b)  Defendants disclaimed any rights in the Santa Margarita

17                  River and its tributaries;

18             (c)  The United States of America readily accepted the facts

19                  upon which defendants disclaimed.

20         Erroneously the defendants in question conceived that the circumstances

21  were ripe for a motion for judgment under the Federal Rules of Civil Procedure,

22  Rule 41(b); the proposed form perpetuates that error.

23  Error No. 2:

24                 MISCONCEPTION BY DEFENDANTS RESPECTING RULE 41(b)

25         Misconception of the mission of Rule 41(b) is the genesis of

26  defendants' error.  Probative language of Rule 41(b) is contained in those

27  phases of it which are underscored in this quoted excerpt:

28             "After the plaintiff has completed the presentation

29             of his evidence, the defendant, without waiving his right

30             to offer evidence, in the event the motion is not granted,

31             may move for a dismissal on the ground that upon the facts

5390

1   <u>and the law the plaintiff has shown no right to relief."</u> [1]/

2   (Emphasis supplied)

3 Attempting to apply that quoted and emphasized phase of the rule in question,

4 defendants allege in their motion that (i) having disclaimed, and (ii) the

5 United States of America having admitted the facts constituting their disclaimers,

6 they are entitled to judgment.

7   Ignored by the defendants are the precepts of the law that where,

8 as here, they have

9     (a)  been joined as defendants in a quiet title proceeding

10       all as directed by the Court of Appeals in its mandate

11       to this Court; and

12     (b)  disclaimed any right, title, or interest in the subject

13       matter of this quiet title proceeding;

14 the United States of America "upon the facts and the law" as plaintiff, is,

15 under the laws of the State of California, entitled to the relief for which it

16 prayed against the disclaiming defendants.  Thus the principles involved are

17 diametrically opposed to defendants' position.

18   Respecting the conclusion this expressed, reference is made to this

19 tenet of California jurisprudence:

20     "If * * * the defendant, as here, expressly disclaim

21     any estate or interest in the land described in the

22     complaint, and at the same time deny that he ever

23     made any such adverse claim, the plaintiff would still

24     be entitled to a decree quieting his title, but without

25     costs. * * * The object of sections 738 and 739 is to

26     enable the plaintiff in such action to dispel whatever

27     may be regarded by third persons, as well as by the

28     defendant, as a cloud upon his title; for, even though

29     the defendant makes no adverse claim, third persons

30     may regard plaintiff's title as being subject to an

31 _____

32 [1]/   Federal Rules of Civil Procedure, Rule 41(b).

5391

adverse claim by the defendant, which would be a cloud
upon plaintiff's title, depreciating its value, and which
he would be entitled to have removed, by the decree of
the court, so that his record title may appear perfect,
not only to the defendant, but to all persons whom it
may thereafter concern.  The only purpose of the averment
of an adverse claim is to notify the defendant of the
nature of the action, and that he is required to set
forth and litigate any adverse title he may claim to
have, or to disclaim any such adverse title either
expressly or by default." $\underline{2/}$      (Emphasis supplied)

DENIAL OF DEFENDANTS' MOTION UNDER "RULE 41(b)" BY
HONORABLE JAMES M. CARTER IN THESE WORDS:
"THERE IS NO DISPUTE ABOUT THAT:  THE UNITED STATES
IS ENTITLED TO A JUDGMENT QUIETING ITS TITLE TO
WHATEVER RIGHTS IT HAS IN THE STREAM SYSTEM OF THE
SANTA MARGARITA AGAINST THESE 41 DEFENDANTS." $\underline{3/}$

Abundantly manifest from California's law is the correctness of the
principles enunciated by the Honorable James M. Carter and quoted above.
Important in that regard is this summarization of California's law on the
subject:

"The defendant may disclaim any interest or
estate in the premises, in which event the plaintiff is
entitled to a judgment quieting his title to the property,
without costs.  When a disclaimer is made, a denial that
the defendant ever made any adverse claim is immaterial,
since a decision on that issue either way will not affect
the judgment.  It would be error, of course, to grant
affirmative relief to defendants who disclaimed any
interest in the property." $\underline{4/}$

$\underline{2/}$  Bulver Con. Min. Co. v. Standard Con. Min. Co., 83 Cal. 589; 23 Pac. 1102,
     1108 (1890).  Please see brief of United States of America filed
     February 5, 1959.
$\underline{3/}$  Reporter's Transcript of Proceedings, February 11, 1959, page 8139, lines 16-
     19.
$\underline{4/}$  41 Cal. Jur. 2d, Quieting Title, Etc., Sec. 59, page 544.

5392

GPO 16—99005—1                           - 4 -

1    As a consequence these conclusions necessarily follow:

2    (a) Rule 41(b) which provides for "dismissal" "on the

3        ground that upon the facts and the law the plaintiff

4        has shown no right to relief" is wholly inapplicable

5        by reason of the facts reviewed above and the defendants'

6        disclaimers.

7    (b) The error which would be in the record and the precedent

8        in the case which would arise if the order as proposed

9        by defendants would be adopted.

10

11        EVENTS SUBSEQUENT TO FEBRUARY 11, 1959, EMPHASIZE
          DESIRABILITY OF GREATER DEFINITY IN ORDER RESPECTING
12        THE TERM "VAGRANT, LOCAL, PERCOLATING WATERS, NOT A
          PART OF ANY SURFACE OR SUB-SURFACE STREAM OR SUB-
13        SURFACE BASIN OF THE SANTA MARGARITA RIVER OR ITS
          TRIBUTARIES"
14

15        Events subsequent to the hearing of February 11, 1959, point up the

16    desirability of greater specificity respecting the use of the term "vagrant,

17    local, percolating waters, not a part of any surface or sub-surface stream or

18    sub-surface basin of the Santa Margarita River or its tributaries." As the

19    trial has progressed in regard to defendants other than those named, it has

20    become apparent that disclaimers similar in concept to those under consideration

21    might reasonably be expected and that the precedent established here would be

22    most desirable to all concerned.  Similarly it appears that there have been

23    certain misconceptions as to the objectives sought and ends to be attained by

24    reason of the proposed judgment here under consideration.  Thus it is suggested:

25        (1) That the title on page one of the proposed judgment be revised

26    to read: "INTERLOCUTORY JUDGMENT".

27        (2) That page one, line 19, be revised to read as follows:

28        "On February 11, 1959, Honorable James M. Carter, Judge,

29        having considered the mandate of the Court of Appeals

30        remanding this cause for trial with a direction for the

31        joinder of all owners of lands in the watershed of the

32        Santa Margarita River; defendants hereafter named having

- 5 -

5393

disclaimed any right, title or interest in and to rights
to the use of water of the Santa Margarita River or its
tributaries which are the subject matter of this litigation;
this Court having heard arguments of counsel and based
upon the record of the case including the admissions of
the United States of America made in connection with
defendants' disclaimers; does hereby enter the Proposed
Findings of Fact, Conclusions of Law and Interlocutory
Judgment respecting these defendants;".

Adoption of the foregoing proposals would result in the deletion of
the following:  Commencing on page 2, line 7, with the words "for judgment" down
to "Judgment and Order;" in line 16.

It is also believed desirable that in each instance where the term
"ground water" is used in the Interlocutory Judgment, that there be repeated the
meaning of that term as agreed to among the parties.

Noted is the fact that certain of the names of the defendants in the
form lodged June 27, 1959, do not correspond with the names appearing of record.
They have been corrected in the accompanying proposal.  Corrections in the
lodged form include Riggle, O. Lester and Maude A.; Sievers, Dr. Linden H. and
Betty Ann.

In respectfully submitting this proposed form the United States of
America is mindful of the earlier discussions in the record on the subject and
believes that the proposals here made will clarify ambiguities which seem to
exist and will expedite the disposition of this cause.

Respectfully submitted,

UNITED STATES OF AMERICA

J. LEE RANKIN,
Solicitor General

WILLIAM H. VEEDER,
Attorney, Department of Justice.

Dated: August 28, 1959

5394

- 6 -

**LODGED**

AUG 3? 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY.........................................
                        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

FALLBROOK PUBLIC UTILITY DISTRICT,
ET AL.,

        Defendants,

STATE OF CALIFORNIA,

        Intervening Defendant.

No. 1247-SD-C

INTERLOCUTORY JUDGMENT

On February 11, 1959, Honorable James M. Carter, Judge, having considered the mandate of the Court of Appeals remanding this cause for trial with a direction for the joinder of all owners of lands in the watershed of the Santa Margarita River; defendants hereafter named having disclaimed any right, title or interest in and to rights to the use of water of the Santa Margarita River or its tributaries which are the subject matter of this litigation; this Court having heard arguments of counsel and based upon the record of the case including the admissions of the United States of America made in connection with defendants' disclaimers; does hereby enter the Proposed Findings of Fact, Conclusions of Law and Interlocutory Judgment respecting these defendants:

AUSTIN, Jack; BRAGG, Edward E. and Gleneta; CAIAVO GROWERS OF CALIFORNIA; CARDON, C. W. and Jean; CARTWRIGHT, Marion L.; CHAPMAN, Harry A. and Sybil E.; FALLBROOK ASSEMBLY OF GOD, a Corp.; GATES, Helen; HALL, Anne B. as Surviving Joint Tenant of Anne B. and E. Gordon HALL; HESS, Melvin K. and Margaret Z.;

5395

1 HOOVER, Alonzo V.; LAUGHLIN, Harvey H. and Mildred; SHELD, Calvin G. and Cora E.;

2 WARREN, Grace B.; RIGGLE, O. Lester and Maude A., and George Elmore and

3 Dorothy L. SHOUDY; ROBINSON, J. D. and Laura A.; WOODS, Clarence G.; ALGERT,

4 Paul K. and Jean S.; ADKINS, Merle C. and Juanita L.; KOSTICH, Samuel V.;

5 SIEVERS, Dr. Linden H. and Betty Ann; TURNER, Tom; COSTELLO, Roy H. and Flora H.;

6 KENTIS, John B. and Penelope C.; LOUDERMILK, Sherman C. and Dorothy L.; OGDEN,

7 Robert Nash and Rose Marie; MARTIN, Milton P. and Maggie E.; OSBORNE, Donald K.

8 and Maxine K.; WILLIAMSON, O. B. as Executor of the Estate of Maurine Nash

9 Barkeij; ROMAN CATHOLIC BISHOP OF SAN DIEGO, Charles Francis Buddy, Incumbent;

10 SCHULTZ, James G. and Delta A.

11                                        I

12                        PROPOSED FINDINGS OF FACT

13         The Court proposes to make its Findings of Fact as to the above-named

14 defendants and other parties hereto as follows:

15         1.  Defendants are the apparent owners of the lands described in

16 their Answers on file herein, the description of which lands shall be set

17 forth in full in the final Judgment.

18         2.  The said lands do not abut upon and are not riparian to any

19 stream.

20         3.  The Answers heretofore filed by the defendants contain a

21 disclaimer of any right, title or interest in or to the use of the waters

22 of the Santa Margarita River or its tributaries.

23         4.  All waters underlying the lands of said defendants are vagrant,

24 local, percolating waters, not a part of any surface or sub-surface stream

25 or sub-surface basin of the Santa Margarita River or its tributaries.

26         5.  That the United States of America claims no right and has no

27 right, title or interest in or to the above-mentioned vagrant, local,

28 percolating waters underlying defendants' lands, those percolating waters not

29 being a part of any surface or sub-surface stream or sub-surface basin of

30 the Santa Margarita River or its tributaries.

31         6.  The use by the defendants of the vagrant, local, percolating

32 waters underlying defendants' lands, those percolating waters not being a part

5396

of any surface or sub-surface stream or sub-surface basin of the Santa

Margarita River or its tributaries, has not and will not cause the intrusion

of salt water into the underground basins of Camp Pendleton and does not injure

nor threaten to injure the plaintiff.

II

PROPOSED CONCLUSIONS OF LAW

In the absence of objection from other defendants in the within

proceedings, the Court proposes to make its Conclusions of Law as to the

above-named defendants and other parties as follows:

1. The above-named defendants have no rights to the use of

the waters of the Santa Margarita River or its tributaries.

2. The rights of the United States of America, and all other

parties in this action having rights, to the use of the waters of the Santa

Margarita River and its tributaries, as such rights are, or may hereafter be

determined by this Court, shall be forever quieted against any and all

adverse claims of the above-named defendants.

3. The United States of America and all other parties in this

action having rights to the use of the waters of the Santa Margarita River and

its tributaries have no rights in or to the vagrant, local, percolating waters

underlying defendants' lands, those percolating waters not being a part of

any surface or sub-surface stream or sub-surface basin of the Santa Margarita

River or its tributaries.

4. The rights of the above-named defendants to the use of the

vagrant, local, percolating waters underlying defendants' lands, those

percolating waters not being a part of any surface or sub-surface stream or

sub-surface basin of the Santa Margarita River or its tributaries, shall be

forever quieted against any and all adverse claims of the plaintiff herein.

III

PROPOSED INTERLOCUTORY JUDGMENT

Based upon the foregoing Proposed Findings of Fact and Conclusions

of Law, it is hereby

5397

ORDERED, ADJUDGED AND DECREED:

1.  The above-named defendants are the apparent owners of the lands described in Exhibit A, attached hereto.

2.  The above-named defendants have no right, title or interest in or to the waters of the Santa Margarita River or its tributaries.

3.  The United States of America and all other parties in this action having rights to the use of the waters of the Santa Margarita River and its tributaries have no right, title or interest in or to the vagrant, local, percolating waters underlying defendants' above-described lands, those percolating waters not being a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.

4.  The rights of the United States of America and all other parties in this action having rights in and to the waters of the Santa Margarita River and its tributaries, as they are hereinafter adjudicated, decreed and determined by this Court shall be and they are forever quieted against any and all adverse claims of the defendants, their successors, administrators, executors and assigns, and the defendants and each of them, and their successors, administrators, executors and assigns are forever restrained from asserting, claiming or setting up any right, title or interest in or to the waters of the Santa Margarita River or its tributaries.

5.  The rights of the above-named defendants and each of them to the use of the vagrant, local, percolating waters underlying defendants' above-described lands, those percolating waters not being a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries, are forever quieted against any and all adverse claims of the United States of America and all other parties in this action having rights to the use of the waters of the Santa Margarita River and its tributaries, and they and their successors in interest are forever restrained from asserting, claiming or setting up any right, title or interest in or to the vagrant, local, percolating waters underlying defendants' above-described lands, those percolating waters not being a part of any surface or sub-surface stream or

- 4 -

5398

1   sub-surface basin of the Santa Margarita River or its tributaries, adverse to

2   defendants herein.

3         IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based upon the

4   decisions of the United States Court of Appeals for the Ninth Circuit,

5   California v. United States, 235 F.2d 647 (C.A.9, 1956), that this is not a

6   final decree but is interlocutory in character and by reason of the declaration

7   by this Court that all parties are adverse one to another, thus dispensing

8   with cross-pleadings, all other parties to this proceeding may object to these

9   Findings of Fact, Conclusions of Law and Interlocutory Judgment and will be

10  given full opportunity upon due notice to interpose their objections to these

11  Findings of Fact, Conclusions of Law and Interlocutory Judgment.

12

13

14

15                              JAMES M. CARTER
                                Judge, United States District Court

16

17  DATED: ........................

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32