FILED
SEP 22 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
        v. )  No. 1247-SD-C
FALLBROOK PUBLIC UTILITY DISTRICT, ) SUGGESTED PRE-TRIAL
et al., ) ORDER
        Defendants. )

AREA OF AGREEMENT RELATIVE TO ISSUES
RESPECTING VALIDITY OF STIPULATED JUDGMENT

1. **Entry of Stipulated Judgment.**

    A Stipulated Judgment was entered on the 27th day of December, 1940, in the case entitled _Rancho Santa Margarita v. Vail, et al._, in the Superior Court of the State of California, in and for the County of San Diego, No. 42850.

2. **Jurisdiction**

    The Court which entered the Stipulated Judgment had jurisdiction of the parties and the subject matter of the cause.

3. **Agreement among parties basis of Stipulated Judgment.**

    There was filed December 26, 1940, with the Clerk of the Superior Court of San Diego County the following resolution of the parties to the case of _Rancho Santa Margarita v. Vail et al._, the

5483

- 1 -

  a. Certified copy of resolution of Board of Directors of Rancho Santa Margarita authorizing counsel of record to consent to the filing and entry of Stipulated Judgment.

  b. Authorization signed December 20, 1940, for entry of Stipulated Judgment by N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward Vail, Margaret Vail Bell.

  c. Approval of Stipulated Judgment individually by N. R. Vail, Mary Vail Wilkinson, Mahlon Vail, Edward N. Vail, Margaret Vail Bell.

  d. Approval of Stipulated Judgment by Mahlon Vail, Executor of the Estate of Margaret R. Vail, Deceased.

  e. Resolution of Vail Company and Trustees for Vail Company approving Stipulated Judgment.

4. <u>United States of America successor to Rancho Santa Margarita.</u>

  In the years 1942 and 1943 the United States of America acquired all of the lands of the Rancho Santa Margarita to which the Stipulated Judgment pertains. Those lands now comprise Camp Pendleton, the United States Naval Ammunition Depot and the United States Naval Hospital, hereafter referred to as Camp Pendleton.

5. <u>Use of water under Stipulated Judgment for military and agricultural purposes.</u>

  At all times since the acquisition by the United States of America of the Rancho Santa Margarita, it has used the water of the Santa Margarita River for military and agricultural purposes. Those uses have been both inside and outside of the watershed of the Santa

Margarita River. A large proportion of the waters diverted for use outside of the watershed is returned to the basin underlying Camp Pendleton in the form of sewage effluent.

6. <u>Vail Dam and Reservoir</u>.

Vail Company in the year 1946 filed with the State of California an application to appropriate annually 40,000 acre feet of water from Temecula Creek by means of an on channel dam and reservoir at Nigger Canyon.

Protest was made by the United States of America to the above mentioned application of Vail Company. Subsequently that protest was withdrawn by the United States of America and a permit to construct the Vail Dam was granted by the State of California.

In November of 1948, Vail Dam was closed and the impoundment of the waters of Temecula Creek by that structure was commenced.

7. <u>Naval Well</u>

Based upon a mutual agreement between the United States of America and the Vail Company there was drilled on the Vail Company land a well to the depth of approximately 2,400 feet. All of the costs of drilling and casing that well were borne by the United States of America.

Pursuant to the agreement for drilling the Naval Well title to it passed to the Vail Company. It is now used as a major source water in the Vail Company.

8. <u>Compliance with the Stipulated Judgment</u>.

There has been general compliance with the Stipulated Judgment since its being on December 27, 1940:

    a. As to apportionment of water pursuant to it;

    b. Maintenance of gaging stations and measurements;

    c. Appointment of a watermaster paid by the United States of America and the Vail Company.

## AGREEMENT AS TO FACTS

1. <u>Present Record in Case.</u>

   To the extent applicable to the questions presented by Vail Company's attack upon the Stipulated Judgment, consideration may be given all of the evidence, both oral and documentary, which are now before this Court.

   This agreement as to the evidence is limited strictly to the question of the attack upon the Stipulated Judgment. It does not constitute a waiver of objectives directed to any of the Vail Company exhibits including but not limited to the Coit Soil Survey, claimed irrigated and irrigable acreage, water use, and related matters.

2. <u>Agreement as to matters not admitted in evidence.</u>

   a. Revocable Permit agreement between Vail Company and the United States of America, dated March 8, 1951;

   b. Letter of October 6, 1947, from Mahlon Vail on behalf of Vail Company in regard to agreement of the United States of America to withdraw protest to Vail Company's application to appropriate Temecula Creek water;

   c. Letter of October 29, 1947, from A. C. Badger to the State Engineer withdrawing protest of United States of America based upon Vail Company's agreement to abide by Stipulated Judgment.

   d. Transcript of hearing December 16, 1947, before State Engineer on Vail Company's application for Vail Dam and Reservoir;

   e. Letter of November 9, 1950, from H. M. Hall to Colonel A. E. Dubber, Headquarters, United States Marine Corps, transmitting Pemberton Report, dated October 23, 1950; letter of October 21, 1950, of J. R. Pemberton to Mahlon Vail; Pemberton Report

f. Letter July 26, 1951, to O'Melveny and Myers from Oliver P. Smith, Major General, United States Marine Corps, Commanding, respecting enforcement of Stipulated Judgment;

g. Letter August 2nd, 1951, from O'Melveny and Myers replying to General Smith's letter assuring that " . . . Vail Company stands ready to do everything humanly possible to comply with the provisions of the stipulated judgment."

AGREEMENT AS TO QUESTIONS OF LAW

1. The Supreme Court of the State of California, in and for the County of San Diego had jurisdiction to enter the Stipulated Judgment.

2. This Court has neither the power or authority to declare null and void or to set aside the Stipulated Judgment.

3. On proper pleadings and proof this Court in the exercise of its powers as a court of equity could, restrain the enforcement of the Stipulated Judgment, if the United States of America is subject to injuncture process which is in itself a question of law.

4. All of the principles which permit the invocation of the powers of a court of equity and all of the defenses such as laches, are applicable to cases of the nature here involved.

Respectfully submitted,

UNITED STATES OF AMERICA

William H. Veeder, Attorney
Department of Justice

- 5 -

5497