GEORGE STAHLMAN
Route #1, Box235
Fallbrook, California
Telephone: RAndolph 8-2310
     -and-

EARLE K. STANTON
139 N. Broadway
Los Angeles 12, California

Attorneys for Defendant VAIL COMPANY



FILED

NOV 3 - 1959

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CAL
By ...................
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1247-SD-C |
|           Plaintiff | SECOND AMENDED AND SUPP- |
| -vs- | LEMENTAL ANSWER OF VAIL |
| FALLBROOK PUBLIC UTILITY | COMPANY Inc. |
| DISTRICT, et al. | |
|           Defendants | |

    By leave of Court first had and obtained, comes now the VAIL

COMPANY, defendant herein, and by way of a Second Amended and

Supplemental Answer to the plaintiff's complaint and supplemental and

amendatory complaint on file herein, admits, denies and alleges as follows:

I

    This defendant, having heretofore filed an Amended Answer to the

plaintiff's complaint and supplementary and amendatory complaint, hereby

adopts and re-affirms all matters contained in said Amended Answer of the

Vail company Inc. filed herein, except wherein any matters contained in

said Amended Answer may be in conflict with or contrary to any matters

herein alleged in this Second Amended and Supplemental Answer of the

Vail Company Inc.

II

    In amplification of and in addition to all matters of defense herein-

before pleaded, the following affirmative defenses are pleaded:

- Page One -

9~

15633

## FIFTH AFFIRMATIVE DEFENSE (Mistake)

### I

This defendant alleges that the Stipulated Judgment referred to in plaintiff's complaint and supplementary and amendatory complaint, and attached thereto as Exhibit "A" entered December 26, 1940 in Action No: 42850 in the Superior Court of the State of California in and for the County of San Diego, entitled Rancho Santa Margarita vs. N. R. Vail et al., this defendant's predecessors, and relied upon by plaintiff herein, is entirely invalid and of no effect for the reason that said Stipulated Judgment was agreed to and entered into by the parties to said action, and the Vail defendants in said action, under a mistake or mistakes of fact in reference to material matters covered by such judgment, and that had the parties thereto, and the Vail defendants, then known of the true facts and the law in reference to such facts, such stipulated judgment would never have been agreed to or entered.

### II

Further alleges that at the time said stipulated Judgment was entered as above stated, the parties thereto and the Vail defendants, were ignorant of the true geological and hydrographic conditions appertaining to their respective properties and in relation to the actual conditions existing in the water shed of the Santa Margarita River Stream System, a most material matter affecting the rights of said parties, and the Vail defendants, and the true conditions were not discovered or known to the parties, and particularly to the Vail Company and its predecessors, until several years after the entry of said judgment when the true geological and hydrographic conditions were finally disclosed by reason of various tests made possible by reason of scientific development, and that had such true conditions been known to the parties, and the Vail defendants, at the time of the Stipulated Judgment, such judgment would never have been agreed upon or entered, since it was based upon false and mistaken understanding of those conditions. In reference thereto it should be borne in mind that no Court hearing of any kind took place in reference in such judgment.

- Page Two -

15634

### III

Further alleges that when said Stipulated Judgment was agreed upon and entered, the parties thereto, and particularly the Vail Company, and its predecessors, were entirely ignorant and mistaken in respect to the future development, utilization and irrigation of the lands in question, made possible through the advance of scientific knowledge, a most material matter affecting the relative rights of the parties, and particularly the Vail defendants, and had the true situation and later development of such lands and irrigation thereof been known to the parties and to the Vail defendants, at the time such stipulated judgment was agreed upon, it would never have consented to by the Vail defendants, nor would it have been contemplated by the parties, since such judgment was based upon false and entirely mistaken understanding of the true conditions and the development which would ensue which development has entirely changed the situation in reference to the lands involved the irrigation and utilization thereof, and water rights in reference thereto.

### IV

Further alleges that when the Stipulated Judgment was agreed upon and entered, the parties thereto, and particularly the Vail Company, and its predecessors, were entirely ignorant as to the proposed establishment of Camp Pendleton on said Rancho Santa Margarita by the United States, its increased water demands and military use of said lands, entirely different from and much greater than the farming activities of its predecessor, the Santa Margarita Ranch, a most material matter affecting the relative rights of the parties, and that had the parties and particularly the Vail Company, and its predecessors, known of such facts, the Stipulated Judgment would never have been agreed upon or entered, by reason of which facts said judgment was based upon such false and entirely mistaken understanding of the true conditions and the vital change in conditions soon to be brought about by the establishment of Camp Pendleton and its different and greater water requirements which have entirely changed the situation from what it was when the Stipulated Judgment as agreed upon and entered.

- Page Three -

### V

Further alleges that when the Stipulated Judgment was agreed upon and entered the parties thereto were acting under the mistaken belief that they had a legal right to divide the water arbitrarily between them without regard for the rights of other water users, and did so divide the waters of the Santa Margarita River System between them by giving one-third thereof to the Vail defendants, and two-thirds to the Santa Margarita Rancho, although there were and are many other persons entitled to use said water; that had the true situation been known to the parties at that time, and the legal rights relating thereto, said Stipulated Judgment would never have been agreed upon or entered, and was actually based upon a mutual mistake of fact and law rendering it invalid.

### VI

Further alleges, that by reason of the aforesaid mistakes of fact and law, and in reliance thereon, the Vail Company and its predecessors in interest, agreed to the terms, of the said Stipulated Judgment herein-before mentioned, and mistakenly agreed that the same should be entered without any Court hearing whatsoever; that consent thereto was induced by and given in reliance on said mistaken belief, and that said consent would never have been granted by the Vail defendants, except for such mistaken belief; that this defendant and its predecessors at that time had no knowledge or belief nor means of acquiring such knowledge or belief that material mistakes of fact and law were then being made, and this defendant and its predecessors did not learn of such mistakes until after the institution of the instant action by the United States and the investigations and tests made as a part of such action.

### VII

That by reason of the said mistakes of fact and law inducing the agreement of the said Vail defendants to, and the entry of the Stipulated Judgment, such judgment was and is a nullity and without legal affect, and has resulted in serious and irreparable damage to said Vail defendants and the Vail Company, and will continue to cause such damage unless the same be set aside in this action, and a completely new appraisement of water rights made by this Court.

**SIXTH AFFIRMATIVE DEFENSE**   (Unconscionable judgment)

I

As a separate affirmative defense this defendant alleges that the said Stipulated Judgment hereinbefore described, is entirely invalid and of no legal force and effect, for the reason that said Judgment is in part and in whole unconscionable and inequitable in respect to this defendant's legal rights and the changed conditions which now exist, for which reason the same should be set aside by judgment of this Court and a completely new appraisement made in respect to all water rights affecting plaintiff and this defendant and all other persons interested, all of said interested persons now being before this Court for the first time.

II

Further allege that ever since the entry of said Stipulated Judgment and particularly since the United States has become the owner of the Rancho Santa Margarita, and since the institution of this action by the United States, the said Stipulated Judgment has been found to be, and actually is, ambiguous, impractical, unfair and confusing in interpretation, difficult and virtually impossible in operation; that instead of settling and finally determining the relative rights of plaintiff and this defendant, and all other interested persons now before this Court, said judgment by its terms has, under the changed conditions now existing, rendered the entire water situation affecting these parties, unstable, confusing and manifestly unfair to this defendant and other interested parties, to such an extent that said judgment is now meaningless and incapable of performance, making it imperative that this Court now make a reappraisement of this defendant's water rights without regard to said Stipulated Judgment and in reference to conditions as they now exist, so that the entire matter may be finally settled and the various interested parties may be fully informed as to the exact nature and extent of their rights.

III

Further alleges that in the present action the United States is claiming and seeking to enforce unusual and unwarranted water rights over and above those of its predecessor Rancho Santa Margarita, and not contemplated by

- Page Five -

15637

the parties to the Stipulated Judgment hereinbefore described, and in
violation of this defendant's legal rights, and the plaintiff herein, is now
claiming all of the benefits of the said Stipulated Judgment but at the same
time abrogating and attempting to escape any of the liabilities or unfavorable
aspects of said Judgment, without regard for the legal rights of this defen-
dant and other interested parties; that by reason of this position taken by
the plaintiff herein, and presently existing conditions, the said stipulated
judgment as interpreted by the plaintiff, has become and is entirely uncon-.
scionable and inequitable in respect to this defendant's rights and the rights
of other interested parties, and should be set aside and a new determination
of all water rights made by this Court, without regard to the provisions of
said Stipulated Judgment.

IV

Further alleges that since the entry of said Stipulated Judgment a
great and momentous change in land and water conditions has taken place in
the watershed of the Santa Margarita River Stream System, not contemplated
by the parties to said stipulated judgment and rendering the provisions of said
judgment impractical and impossible in operation, and unfair, inequitable
and unconscionable in respect to the rights of this defendant, and other
interested parties; that by reason of the plaintiff's acquisition of Rancho
Santa Margarita and its military uses thereof, the utilization of said Rancho has
been changed from farming to military uses with an entirely different and
greatly increased demand for and use of water, as is alleged in the plaintiff's
complaint; which changes were never contemplated by the parties to the
Stipulated Judgment, and are grossly unfair, inequitable and unconscionable
in respect to the rights of this defendant and all interested parties, which facts
require a new determination of all water rights by this Court regardless of
said stipulated Judgment.

V

Further alleges that under the laws of the State of California, the
Vail Company is actually entitled to a larger share of the water available
than is the United States, plaintiff herein, whereas by the terms of the said

- Page Six -

Stipulated Judgment, this defendant is given only a one-third portion of the water whereas, plaintiff's predecessor, Rancho Santa Margarita, is given two-thirds of said water, plaintiff is now claiming even more than that amount, without regard to presently existing conditions or the lawful rights of this defendant and other interested parties, the result of which is that the United States has in effect abrogated all terms of said stipulated Judgment, which are unfavorable to its interests, and denies this defendant its just share of the water to which it is entitled under the law, which facts have rendered the terms of said Stipulated Judgment unconscionable and inequitable, and require this Court to make a new determination thereof. Actually the Vail Company is not even receiving one-third of the water given it under the Stipulated Judgment.

VI

Further alleges that the said Stipulated Judgment hereinbefore described was agreed to and entered by the parties thereto without any Court hearing whatsoever, after long and costly litigation continuing from Augus 22, 1924 to May 10, 1930, when judgment was rendered therein by the Superior Court of the State of California in and for the County of San Diego, Action No: 42850, from which judgment the defendants Vail, appealed to the Supreme Court of California which latter court on July 12, 1938, reversed the decision of the Superior Court and ordered a new trial as to certain issues; that thereafter the retrial of said cause was continued from time to time but was not retried, and on December 26, 1940, the said Stipulated Judgment hereinbefore referred to, was entered by the said Superior Court, without court hearing of any kind, as an expedient to avoid further litigation; that thereafter; on January 21, 1942, and December 31, 1942, by two separate conveyances, the United States, plaintiff herein, pursuant to previous negotiations with Rancho Santa Margarita, acquired said Rancho Santa Margarita, and thereby became the successor of said Rancho Santa Margarita, which was the plaintiff in the said Superior Court action wherein said Stipulated Judgment was entered. That thereafter, the United States instigated the present action against this defendant and other parties, naming several hundred defendants and for the first time bringing into Court all

- Page Seven -

1  parties having an interest in the subject matter, again subjecting the Vail

2  defendants, and the Vail Company, to enormous expense by way of attorney

3  fees, costs, etc. which litigation has now continued for more than seven

4  years, by reason of which facts the said Stipulated Judgment does not and

5  never did represent an equitable solution of the water rights of this defendant

6  and the other interested parties, for which reason a new determination of all

7  such rights is required.

8                                     VII

9        Further alleges that the present contentions of the United States as

10  to entitlement and water rights, as evidenced by the pleadings filed, and the

11  bases for such contentions, are entirely different from and much greater in

12  extent than the contentions of its predecessor, Rancho Santa Margarita,

13  and are likewise different from and contradictory to the terms of said

14  Stipulated Judgment, so that said Judgment has become and is entirely

15  inequitable and unconscionable and should now be superceded by a new deter-

16  mination by this Court as to the legal rights of all parties concerned.

17                                     VIII

18        Further alleges that the said Stipulated Judgment under presently

19  existing conditions, makes the water rights of this defendant and its quantitive

20  entitlement dependent upon the alleged rights and claims of the United States,

21  rather than upon legal and equitable considerations factual data, or any other

22  proper and lawful basis, and thus renders the terms of said Stipulated Judg-

23  ment, and this defendant's water rights, indefinite, uncertain, inequitable,

24  and unconscionable, now requiring a final determination by this Court without

25  regard to the terms of said Stipulated Judgment.

26                                     IX

27        Further alleges that the said Stipulated Judgment is inconsistent with

28  and materially departs from the established law of California in respect to the

29  methods prescribed for the apportionment of water, and has no support either

30  in law or in fact when viewed in reference to presently existing conditions,

31  for which reasons the said judgment is manifestly inequitable and unconscion-

32  able and should be superceded by a new and complete determination of all water

                              - Page Eight -

rights taking into consideration present conditions and the applicable rules
of law and equity as practically applied to those conditions.

### X

Further alleges that the measurements as provided for in the said
Stipulated Judgment are impracticable and do not permit a proper division
even under such judgment, since stream flow measurements are subject to
errors of large percentage, (testimony of Hoffman), which fact renders said
judgment inequitable and unconscionable.

### XI

Further alleges that said Stipulated Judgment does not in its terms
conform to nor agree with the findings of the Superior Court of San Diego
County on the former trial of the case in which said Stipulated Judgment was
entered, but it is contradictory to and inconsistent therewith; and further,
that the terms of said Stipulated Judgment do not conform to nor agree with
the decision and the opinion of the Supreme court of California in the same
case, which decision reversed the judgment of the said Superior Court and
directed a new trial on certain issues, which new trial was never held nor
was any Court hearing had prior to the entry of said Stipulated Judgment,
for which reasons the said judgment, viewed in the light of presently existing
conditions as heretofore stated, is inequitable and unconscionable and should
not now be considered, but this Court should make a complete re-survey and
reappraisement of all water rights without regard for the terms of said
Stipulated Judgment.

### SEVENTH AFFIRMATIVE DEFENSE (Fraud)

#### I

As for a further separate affirmative defense this defendant alleges
that the said Stipulated Judgment hereinbefore referred to, entered into and
agreed to by the plaintiff's predecessor, Rancho Santa Margarita, and the
defendant's predecessors, the Vail defendants, was and is entirely invalid
and of no legal force and effect, for the reason that the Vail defendant's consent
to such stipulated judgment was induced and procured by fraud and deceit
practiced upon such Vail defendants, parties to such judgment, by the plaintiff
herein and the plaintiff's predecessor, Rancho Santa Margarita, as more

- Page Nine -

specifically alleged in the succeeding paragraphs herein; that said fraud and deceit consisted in the mis-representation of material facts and the intentional concealment and withholding of material information possessed by the plaintiff herein and its predecessor, Rancho Santa Margarita, which facts were then and there unknown to the said Vail defendants, and were known to plaintiff and said Rancho Santa Margarita, and regarding which there was a duty upon Rancho Santa Margarita, and plaintiff, to impart such material facts and knowledge to said Vail defendants; that neither said Rancho Santa Margarita nor the United States did impart such knowledge; that the fraudulent mispresentations and concealments just mentioned were practiced by plaintiff's predecessor, Rancho Santa Margarita, with the plaintiff's connivance and knowledge, knowingly and intentionally to induce the said Vail defendants to give their consent to the entry of said Stipulated Judgment; that said Vail defendants did rely on said fraudulent misrepresentations and concealment, and in reliance thereon did agree to the terms of said stipulated judgment and allow the same to be entered, to the said Vail defendant's great damage; that had the true facts been then known by said Vail defendants and had not the said misrepresentations and concealments been practiced upon them by Rancho Santa Margarita, plaintiff's predecessor, in connivance with the plaintiff herein, said Vail defendants would never have agreed to the entry of said Stipulated Judgment; that by reason of said fraud and deceit so practiced upon them, the said Vail defendants and the Vail Company their successors have suffered irreparable damage.

II

This defendant alleges that at the time the said Stipulated Judgment was agreed upon and entered between plaintiff's predecessor, Rancho Santa Margarita, and the Vail defendants, namely, December 26, 1940, and theretofore, negotiations had already been entered into between the Rancho Santa Margarita and the United States for the sale of said Rancho to the United States for extensive military use, pursuant to condemnation procedure instituted therefore, and both said Rancho Santa Margarita, and the United States, plaintiff herein, then had full and complete knowledge that the United

- Page Ten -

States would shortly thereafter take over title to said Rancho, and that the

nature ofits utilization would then change from a farming use to a great military

use and that said change would result in greatly increased needs and demands

for water to sustain such military use and that the United States would then

claim and demand a much greater supply of water than had been required for

the previous farming use of said lands by Rancho Santa Margarita, and that

the said Vail defendants, upp riparian owners by reason thereof would be

obliged to furnish to the United States a much greater supply of water and

would be left a much smaller amount of water for their own proper farm use,

irrigation etc. to their irreparable damage; that such intended change in the use

of Rancho Santa Margarita from farming to military use was a most material

matter affecting the welfare and legal rights of the said Vail defendants, and

was then and there fully known to the said Rancho Santa Margarita and to the

United States but was completely unknown to any of the Vail defendants.

### III

That nothwithstanding knowledge of this intended change in water

use consequent upon the intended transfer of Rancho Santa Margarita to the

United States as hereinbefore mentioned, and the complete ignorance of said

Vail defendants in respect thereof, the plaintiff's predecessor, Rancho Santa

Margarita, in connivance with the United States, plaintiff in the present action,

fraudulently, wilfully and knowingly concealed all of such facts from said Vail

defendants for the express purpose of inducing said Vail defendants to agree

to the entry of said Stipulated Judgment which arbitrarily gave said Vail

defendants only a one-third part of the water and gave Rancho Santa Margarita

a two-thirds part of said water, and placed upon the Vail defendants and the

Vail Company, the absolute duty of furnishing a given amount of water to Rancho

Santa Margarita, regardless of changing conditions, and well knowing that if

the Vail defendants had knowledge of such facts and intended change in con-

ditions and water use they would have refused to agree to the entry of such

judgment.

### IV

Further alleges that by reason of confidential relations existing between

the Rancho Santa Margarita and the Vail defendants, then engaged in an attempted settlement of their difficulties, and in supposedly full and open negotiations for and discussion of the proposed Stipulated Judgment, and recognizing the necessity for full knowledge of all facts affecting such matter, a legal duty existed requiring the Rancho Santa Margarita, and the United States, to fully disclose to the Vail defendants the fact that the United States would shortly thereafter take over said Rancho for military purposes and planned and intended to completely change the use of said Rancho and to demand and claim entirely different and much greater water rights than had the Rancho Santa Margarita, to the detriment and irreparable damage of the Vail defendants and their successors. That nothwithstanding its full knowledge of such facts and the intended transfer, and such duty to disclose the material facts, the Rancho Santa Margarita, and the plaintiff herein, then and there fraudulently concealed such facts from the Vail defendants who had no knowledge nor means of knowledge of such facts and of the intended changes in land and water uses; and said concealment was carried on with the knowledge, consent and connivance of the United States, plaintiff herein, for the purpose of inducing the Vail defendants to agree to the entry of said Stipulated Judgment, and such concealment did result in the agreement by the Vail defendants to the entry of said Judgment, which agreement would not have been made had the true facts then been known to the Vail defendants, all of which resulted in irreparable damage to the Vail defendants and to the Vail Company.

V

Further alleges that as a part of a scheme, plan and design entered into between the Rancho Santa Margarita and the United States, for the purpose of fraudulently inducing the said Vail defendants to agree to the entry of said Stipulated Judgment, the said Rancho Santa Margarita, its agents, attorneys and representatives, in connivance with its successor, plaintiff herein, did, at the time of the agreement for said Stipulated Judgment and theretofore, fraudulently, intentionally and knowingly represent to said Vail defendants, expressly and impliedly, and with knowledge of the falsity thereof, that land and water conditions affecting the interests of the Vail defendants and material to the

- Page Twelve -

proposed Stipulated Judgment, would remain as they had previously been,
and that the Rancho Santa Margarita would continue to be used for farming
purposes as it had been in the past, and that the water requirements apper-
taining thereto would remain unchanged, whereas in truth and in fact such
representations were entirely false and known to the Rancho Santa Margarita
and to the present plaintiff to be false, and the truth of the matter was that at
that very time and previous thereto the said Rancho Santa Margarita was in the
process of being sold to the United States for military uses, which said sale
to the United States was finally completed by conveyance from said Rancho
on January 21, 1942 and December 31, 1942; that it was not true that said
Rancho would continue to be used for farming purposes as theretofore, and
it was likewise not true that land and water conditions appertaining thereto
would remain unchanged, but the truth was that by reason of the sale to the
United States of said Rancho and its extended military use thereof, land and
water conditions affecting the rights of the Vail defendants would be entirely
changed to the great detriment of said Vail defendants and their successor
the Vail Company, and that the United States as the successor of the Rancho
Santa Margarita, would, as soon as it took title to said Rancho, demand more
and greater water rights, and so completely change the then existing water and
land conditions and utilization thereof, as to cause irreparable damage to the
said Vail defendants and the Vail Company, which damage has actually
resulted by reason of such misrepresentations.

VI"

That each and all of the misrepresentations and concealments by the
Rancho Santa Margarita and its successor, plaintiff herein, related to
material matters appertaining to the legal rights and valuable interests of the
said Vail defendants and their successors, the Vail Company, and were
specially material in respect to the agreement for the Stipulated Judgment
hereinbefore mentioned, that such misrepresentations and concealments
related to material matters then and there known to the Rancho Santa
Margarita and to plaintiff herein, and entirely unknown to said Vail defendants,
and were made and practiced knowingly and intentionally by said Rancho Santa

- Page Thirteen -

Margarita and the United States as a part of a fraudulent scheme and design
to induce said Vail defendants to give their consent to the said Stipulated
Judgment hereinbefore described; that said fraudulent mis-representations and
concealments as hereinbefore described were relied upon by the said Vail
defendants who by reason thereof were induced to agree to and did actually
agree to the entry of said Stipulated Judgment which was entered without
court hearing on December 26, 1940; that had the said defendants then known
the true facts and had the said misrepresentations and concealments not been
made and practiced by the Rancho Santa Margarita in connivance with the
United States, as hereinbefore stated, the said Vail defendants would never
have consented to the entry of the said Judgment; that by reason of such
fraudulent misrepresentations and concealments, the said Vail defendants ,
and their successors the Vail Company, defendants herein, have suffered and
continue to suffer great and irreparable damage to their land and water rights;
and that by reason of such fraudulent conduct inducing consent to the entry
of said Stipulated Judgment, the said judgment was and is entirely void and of
no legal effect and should be disregarded by this Court and an entirely new
appraisement of water rights as to all interested parties should be made by this
Court to the end that justice and equity may be done.

### EIGHTH AFFIRMATIVE DEFENSE

As and for a further and separate affirmative defense defendant
alleges that the said Stipulated Judgment hereinbefore described, is invalid and
of no legal effect for the reason that it erroneously fails to retain jurisdiction
of the subject matter for the purpose of making such future and necessary
re-adjustments in respect to water rights to meet changed conditions but
attempts to make certain arbitrary, fixed, and inequitable allocations of water
without regard to any existing conditions; that since the entry of said Stipulated
Judgment, land and water conditions in the district affected by said judgment
have greatly and materially changed by reason of settlement and development
of the land, cultivation, weather conditions, advance in scientific knowledge
and procedures and other causes natural and artificial, and also because of the
plaintiff's great change in the utilization of its land from the former farming

- Page Fourteen -

15646

use by its predecessor Rancho Santa Margarita to its present and extended
military use by the United States, so that said Stipulated Judgment now fails
to meet the presently existing conditions, and the present situation requires
the aid of this Court in the making of a new appraisement and determination
of all water rights affecting the interests of the parties hereto and all interested
persons.

### NINTH AFFIRMATIVE DEFENSE - Irreparable Damage

As and for a further and separate affirmative defense, alleges that
by reason of the various facts hereinbefore stated, separately and in com-
bination thereof, in reference to the said Stipulated Judgment, that said
judgment was and is entirely invalid and of no affect and should be so declared
by this Court; that by reason of the entry of and the existence of said Stipulated
Judgment and the demands thereunder and in excess thereof by the    United
States, and the greater change in conditions rendering said judgment inequitable
and unconscionable, and the invalidity of said judgment for the reasons here-
inbefore stated, the defendant Vail Company has suffered and will continue to
suffer great and irreparable damage to its ranch and its farming and cattle
activities conducted thereon, by reason of the small amount of water allocated
to it under the Stipulated Judgment and by reason of the plaintiff's great and
excessive demands for water in connection with its military ac-tivities, and
by the further reason of extensive development of and cultivation of lands
adjoining and above the lands of the Vail Company, the sinking of wells and
the taking of water by other persons defendants in this action, thus depleting
the supply available to this defendant, and the inequitable provisions of said
Stipulated Judgment requiring this defendant to furnish Rancho Santa Margarita
and the plaintiff, its successor, a definite amount of water regardless of existing
conditions, and because of the changed conditions now existing and never con-
templated by the Vail defendants at the time of such Stipulated Judgment, and
by reason of the impracticability and impossibility of complying with such
judgment, and the utter impossibility of enjoying its property and continuing
its farming and cattle operations under present conditions, and by reason of

- Page Fifteen -

1  the great expense of time and money required in defending this present action,

2  the defendant Vail Company has heretofore sustained and will continue to

3  sustain great and irreparable damage unless a new and equitable determination

4  of its water rights be made by this Court.

5         TENTH AFFIRMATIVE DEFENSE . (Offer to do Equity.)

6      This defendant further alleges that by reason of its activities during

7  the existence of said Stipulated Judgment, which this defendant believes to be

8  invalid and of no effect, as hereinbefore stated, neither this defendant, nor

9  its predecessors, have received any benefit or valuable considerations what-

10  soever, but have suffered irreparable damage therefrom; nevertheless, this

11  defendant asserts that should this Court, in reappraising the water rights of

12  this defendant and all other interested parties, find that the Vail Company, or

13  its predecessors, have in any manner whatsoever received or enjoyed any

14  material benefit or valuable consideration, or have in any manner become

15  unjustly enriched at the expense of any other interested party by reason of the

16  existence of said Stipulated Judgment, or any activities conducted by virtue

17  thereof, then this defendant hereby offers to do equity in relation thereof, and

18  to refund or make suitable restitution of whatever amount the Court should

19  find to be due to any interested party, to the end that justice and complete

20  equity may be done in respect toall water rights involved in this action.

21        ELEVENTH AFFIRMATIVE DEFENSE. (Absence of Laches)

22      This defendant further allegest that upon learning of the true facts

23  existing previous to and at the time of the agreement to and entry of the said

24  Stipulated Judgment, and of the various matters hereinbefore alleged relating

25  to the validity and effect of the said judgment, this defendant has acted with

26  promptness and without delay in asserting its rights to have such judgment

27  abrogated and in asking this Court to make a new appraisement of water rights

28  in the light of presently existing conditions, and has been guilty of no laches

29  or unreasonable delay in seeking relief.  In this connection further alleges that

30  only during the progress of this present trial and the presentation of evidence in

31  connection therewith, have the true facts been brought to this defendant's

32  attention, and that consequently, by reason of its ignorance of such material

- Page Sixteen -

facts, this defendant has had no previous opportunity to bring such matters
to the Court's attention.

WHEREFORE, this defendant, the Vail Company, Inc., in addition
to any and all matters hereinbefore prayed for in its previous answers, now
prays:

1.   That this Court make a complete, new, and final appraisement
of the water rights of this defendant and of all parties interested, to the end
that there may be an equitable division of all available water in accordance
with law and equity and in respect to presently existing conditions.

2.   That this Court declare null and void and of no legal force and
effect, the Stipulated Judgment entered into between Rancho Santa Margarita,
plaintiff's predecessor, and the Vail defendants, this defendant's predecessors,
a copy of said judgment being attached to the plaintiff's complaint as Exhibit
"A", and that this Court shall make a completely new appraisement of water
rights in respect to present conditions without regard to said Stipulated
Judgment, but depending solely upon the law and evidence in this present
action, and the equitable principles applicable thereto, together with whatever
other and further relief this Court may find meet and proper.

GEORGE STAHLMAN

EARLE K. STANTON

Attorneys for the defendant VAIL COMPANY
INC.

- Page Seventeen -

## VERIFICATION BY DECLARATION OF ATTORNEY

GEORGE STAHLMAN, one of the attorneys for the defendant, VAIL COMPANY, does hereby declare under penalty of perjury that he has read the foregoing Second Amended and Supplemental Anser of Vail Company Inc. and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters that he believes it to be true; that the defendants, Vail Company, are absent from the County of San Diego, where this declarant, one of defendants attorney's, has his office, and the declarant therefore makes this declaration.

DATED at _____, California, this _____ day of November, 1959.

_____
GEORGE STAHLMAN

- Page Eighteen -

15650

**PROOF OF SERVICE BY MAIL**

(Copy of Document Must Be Attached)

Case No. __Civil No. 1247-SD-C__

I, the undersigned, say: I am a citizen of the United States and a resident or employed in the County of Riverside, over the age of eighteen years and not a party to the within action or proceeding; that my residence or business address is____4200 Orange Street, Riverside,____, California.

That on the__30th__day of____March____, 19_60_, I served a copy of the attached paper, to-wit:

_____Amended Answer of Defendants Thomas E. Wilks and Luella M. Wilks_____

by depositing said copy enclosed in a sealed envelope with postage thereon fully prepaid, in the United States postoffice mail box at the City of ____Riverside____, California, addressed as follows:

William H. Veeder, Esq.
U. S. Post Office and Court House Bldg.
San Diego, California

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed on__March 30__, 19_60_, at __Riverside__, California.

_____
(Signature)

1013 a(1) & 2015.5 C.C.P.
Form No. 125

**PROOF OF SERVICE BY MAIL**

156504