FILED NOV 30 1959
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By

ENTERED APR 7- 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,
)
Plaintiff, ) No. 1247-SD-C
)
v. )
)
FALLBROOK PUBLIC UTILITY )
DISTRICT, et al., ) INTERLOCUTORY JUDGMENT
)
Defendants, ) No. 3
)
STATE OF CALIFORNIA, )
)
Intervening Defendant. )

Honorable James M. Carter, Judge, having considered the mandate of the Court of Appeals remanding this cause for trial with a direction for the joinder of all owners of lands in the watershed of the Santa Margarita River; defendants hereafter named having disclaimed any right, title or interest in and to rights to the use of water of the Santa Margarita River or its tributaries which are the subject matter of this litigation; this Court having heard arguments of counsel and based upon the record of the case, does hereby enter Findings of Fact, Conclusions of Law and Interlocutory Judgment respecting these defendants:

DOLORES C. BARRYMORE, also known as Dolores C. Vruwink; MATT BARR and A. W. RAY; WILLIAM A. and EILEEN S. BUCKLEY; JAMES R. and KATHLEEN P.

- 1 -

CHESS; LYLE W. and EMMA E. DOORE; MILDRED S. GAGNON; BRUCE and EVE GENTRY, HOWARD S. GENTRY, and HELEN GENTRY, also known as Helen Greenwood; SHERMAN O. and CELONA GENTRY; ALEXANDRA de AROCHA CHIKA; E. W. and NELLIE M. HAMILTON; JOHN M. HORNBECK; W. H. IVEY, also known as Weimer H. Ivey; FRANK R. and VIRGINIA R. LINDSAY; GENEVA NICHOLAS, as Distributee under the Decree of Distribution in the Estate of William H. Nicholas, Deceased; THOMAS V. PAULSON; VICTOR J. and ALMA PAULSON; PAULSON MANUFACTURING CORPORATION; MARGARET H. and VERNON J. ROWLEY, III; SYLVESTER J. and GLADYS UHL; EUGENE and LILLIAN WOLFE.

## I
## FINDINGS OF FACT

The Court finds as to the above-named defendants and other parties hereto as follows:

1. Defendants are the apparent owners of the lands described in Exhibit A hereto attached.

2. The said lands do not abut upon and are not riparian to any stream.

3. The Answers heretofore filed by the defendants contain a disclaimer, or they subsequently disclaimed, of any right, title or interest in or to the use of the waters of the Santa Margarita River or its tributaries.

4. All waters underlying the lands of said defendants are vagrant, local, percolating waters, not a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.

5. The United States of America claims no right and has no right, title or interest in or to the above-mentioned vagrant, local percolating waters underlying defendants' lands, those percolating waters not being part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.

6. The use by the defendants of the vagrant, local percolating waters underlying defendants' lands, those percolating waters not being a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries, has not and will not cause the intrusion of salt water into the underground basins of Camp Pendleton and does not injure nor threaten to injure the plaintiff.

## II

### CONCLUSIONS OF LAW

The Court makes the following Conclusions of Law:

1. The above-named defendants have no rights to the use of the waters of the Santa Margarita River or its tributaries.

2. The rights of the United States of America, and all other parties in this action having rights, to the use of the waters of the Santa Margarita River and its tributaries, as such rights are, or may hereafter be determined by this Court, shall be forever quieted against any and all adverse claims of the above-named defendants.

3. The United States of America and all other parties in this action having rights to the use of the waters of the Santa Margarita River and its tributaries, have no rights in or to any of the waters underlying the lands of the above-named defendants, those waters being vagrant, local, percolating, not a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.

4. The rights of the above-named defendants to the use of the vagrant, local, percolating waters underlying defendants' lands, those percolating waters not being a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries, shall be forever quieted against any and all adverse claims of the plaintiff herein.

## III

### INTERLOCUTORY JUDGMENT

It is hereby

ORDERED, ADJUDGED AND DECREED:

1. The above-named defendants are the apparent owners of the lands described in Exhibit A, attached hereto.

2. The above-named defendants have no right, title or interest in or to the waters of the Santa Margarita River or its tributaries.

3. The United States of America and all other parties in this action having rights to the use of the waters of the Santa Margarita River and its tributaries have no right, title or interest in or to the vagrant, local, percolating waters underlying defendants' above-described lands, those percolating waters not being a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita River or its tributaries.

4. The rights of the United States of America and all other parties in this action having rights in and to the waters of the Santa Margarita River and its tributaries, as they are hereinafter adjudicated, decreed and determined by this Court, shall be and they are forever quieted against any and all adverse claims of the defendants, their successors, administrators, executors and assigns, and the defendants and each of them, and their successors, administrators, executors and assigns are forever restrained from asserting, claiming or setting up any right, title or interest in or to the waters of the Santa Margarita River or its tributaries.

5. The rights of the above-named defendants and each of them to the use of the waters underlying defendants' above-described lands, all such waters being vagrant, local, percolating, not a part of any surface or sub-surface stream or sub-surface basin of the Santa Margarita

1 River or its tributaries, are forever quieted against any and all
2 adverse claims of the United States of America and all other parties
3 in this action having rights to the use of the waters of the Santa
4 Margarita River and its tributaries, and they and their successors
5 in interest are forever restrained from asserting, claiming or setting
6 up any right, title or interest in or to such vagrant, local, percolating
7 waters underlying defendants' above-described lands, those percolating
8 waters not being a part of any surface or sub-surface stream or sub-
9 surface basin of the Santa Margarita River or its tributaries, adverse
10 to defendants herein.

11     6. The Findings of Fact, Conclusions of Law and Interlocu-
12 tory Judgment, are not applicable to and do not in any way pertain to
13 the respective correlative rights among themselves of the parties to
14 this cause in regard to the use of the vagrant, percolating, local,
15 waters underlying the lands of the parties, these vagrant, percolating,
16 local, waters not being a part of any surface stream or sub-surface
17 stream or sub-surface basin of the Santa Margarita River or its
18 tributaries.

19
20     IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based upon the
21 decisions of the United States Court of Appeals for the Ninth Circuit,
22 California v. United States, 235 F.2d 647 (C.A.9, 1956), that this is
23 not a final decree but is interlocutory in character and by reason of
24 the Order by this Court that all parties are adverse one to another,
25 thus dispensing with cross-pleadings, all other parties to this pro-
26 ceeding may object to these Findings of Fact, Conclusions of Law and
27 Interlocutory Judgment and will be given full opportunity upon due
28 notice to interpose their objections to these Findings of Fact, Con-
29 clusions of Law and Interlocutory Judgment.

30
31 Dated: 11/25/59
32                                     JAMES M. CARTER
                                    Judge, United States District Court

|   |   |
|---|---|
| 1 | **EXHIBIT A** |

BARRYMORE, Dolores C., also known as Dolores C. Vruwink. The property described in the Answer of this defendant is set forth on Exhibit MF-6-I, Parcel 3, and also on Exhibit MF-6-L, Parcel 18, which exhibits are incorporated into this Interlocutory Judgment and by reference made a part of it.

BARR, Matt and RAY, A. W. The property described in the Answer of these defendants is set forth on Exhibit MR-21, Parcel 69B, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

BUCKLEY, William A. and Eileen S. The property described in the Answer of these defendants is set forth on Exhibit MT-1, Parcel 37, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

CHESS, James R. and Kathleen P. The property described in the Answer of these defendants is set forth on Exhibit MR-21, Parcel 50, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

DOORE, Lyle W. and Emma E. The property described in the Answer of these defendants is set forth on Exhibit MF-1-VA, Parcel 330, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

GAGNON, Mildred S. The property described in the Answer of this defendant is set forth on Exhibit MT-4, Parcel 5, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

GENTRY, Bruce and Eve;
GENTRY, Howard S.;
GENTRY, Helen, also known as Helen Greenwood    The property described in the Answer of these defendants is described as follows: The Southeast Quarter, and the Southeast Quarter of the Northeast Quarter of Section Two, Township Seven South, Range Three West, San Bernardino Base and Meridian, County of Riverside, State of California.

GENTRY, Sherman O. and Celona. The property described in the Answer of these defendants is set forth on Exhibit MF1-L, Parcel 17, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

GHIKA, Alexandra de Arocha. The property described in the Answer of this defendant is set forth on Exhibit MR-21, Parcel 107, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.

-1-

168

|    |                                                                                                          |                                                                                                                                                                                                                        |
|----|----------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | HORNBECK, John M.                                                                                        | The property described in the Answer of this defendant is set forth on Exhibit MT-1, portion of Parcel 26, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.          |
| 4  | IVEY, W. H., also known as Weimer H. Ivey.                                                               | The property described in the Answer of this defendant is set forth on Exhibit MT-1, parcel 63, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                     |
| 7  | NICHOLAS, Geneva, as Distributee under the Decree of Distribution of the Estate of William H. Nicholas, Deceased. | The property described in the Answer of this defendant is set forth on Exhibit MF-6-G, Parcel 24 and 25, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it. |
| 11 | LINDSAY, Frank R. and Virginia B.                                                                        | The property described in the Answer of these defendants is set forth on Exhibit MT-1, Parcel 103, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                  |
| 14 | PAULSON, Thomas V. and Victor J.                                                                         | The property described in the Answer of these defendants is set forth on Exhibit MR-21, Parcel 84, and also on Exhibit MT-4, Parcel 6, which exhibits are incorporated into this Interlocutory Judgment and by reference made a part of it. |
| 18 | PAULSON, Victor J. and Alma.                                                                             | The property described in the Answer of these defendants is set forth on Exhibit MT-4, Parcel 12, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                   |
| 21 | PAULSON, Thomas Victor.                                                                                  | The property described in the Answer of this defendant is set forth on Exhibit MT-4, Parcel 9, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                      |
| 24 | PAULSON MANUFACTURING CORPORATION.                                                                       | The property described in the Answer of this defendant is set forth on Exhibit MT-4, Parcel 4, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                      |
| 27 | ROWLEY, Margaret H. and Vernon J., III.                                                                  | The property described in the Answer of these defendants is set forth on Exhibit MF-6-I, Parcel 9, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it.                  |

| | |
|---|---|
| UHL, Sylvester J. and Gladys. | The property described in the Answer of these defendants is set forth on Exhibit MF-1-C, Parcel 8 and Parcel 17, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it. |
| WOLFE, Eugene and Lillian. | The property described in the Answer of these defendants is set forth on Exhibit MF-1-DB, Parcel 105, which exhibit is incorporated into this Interlocutory Judgment and by reference made a part of it. |

-3-

170