George Stahlman
Attorney at Law
Rt. 1, Box 235
Fallbrook, California
RAndolph 8-2310

FILED

JAN 12 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1247-SD-C |
| Plaintiff, ) | AMENDED AND SUPPLEMENTAL |
| ) | ANSWER OF MAX M. HENDERSON |
| vs. ) | AND AURELIE S. HENDERSON |
| ) | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., ) | |
| Defendants. ) | |

     Come now the defendants Max M. Henderson and Aurelie S. Henderson, and by leave of Court first had and obtained, files the following Amended and Supplemental Answer to the complaint herein, and to that end admits, denies and alleges as follows:

I

     These defendants having heretofore filed certain answers and amendments thereto both by counsel and in propria persona, hereby adopts and reaffirms all matter contained in said answers and the amendments thereto, except wherein any such matters or allegations contained therein may be in conflict with or contrary to anything contained in this present Amended and Supplemental Answer. In amplification of and in addition to all matters of defense previously pleaded by these defendants, the following affirmative defenses are now pleaded:

II

     Allege that these defendants are the successors in interest

- 1 -

5712

of one Philip Playtor who was an intervenor in Action No. 42850 in the Superior Court of the State of California in and for the County of San Diego, entitled Rancho Santa Margarita v. Vail, in which action a judgment was rendered on or about May 5, 1930, after a trial by the court, which judgment was in favor of the plaintiff therein and against the defendants Vail. That in the trial of said action the trial court refused to grant the defendants Vail the requested permission to have all water users and interested persons in the area brought into court and made parties, for the purpose of having the court make a complete and equitable determination of all water rights. The said intervenor Playtor, the Hendersons' predecessor in title, was however permitted to intervene and thereby submitted to that court his contentions and water claims, and in the original judgment entered in said cause the said Playtor was decreed to be entitled to a very small amount of water, namely one (1) miners inch, continuous flow; that at that time the said Playtor was only using his land to raise Cashmere goats and was not engaged in general farming or cattle raising.

That thereafter the defendants Vail appealed from said to the Supreme Court of California which reversed said judgment and directed a new trial on certain issues. That said intervenor Playtor did not appeal from said judgment. That no new trial of said action was ever had for the reason that the Rancho Santa Margarita and the Vail defendants entered into a purported Stipulated Judgment, dated about December 26, 1940 and duly filed in said cause, by which these two parties divided up all the water of the Santa Margarita river system between them, two-thirds to Rancho Santa Margarita and one-third to the Vail defendants, without regard to or consideration of any of the other water users; that said Stipulated Judgment also required the Vail defendants to maintain a certain designated and constant flow of water for the use of Rancho Santa Margarita, by pumping if necessary, and regardless of water conditions. That

neither these Henderson defendants in the instant case, nor their predecessor Philip Playtor, ever signed or agreed to the terms of said Stipulated Judgment, and defendants Hendersons herein had no knowledge of either the original judgment, or the Stipulated Judgment, until the institution of the present action by the United States.

That on or about 1941 or 1942, these defendants Henderson purchased their present property described in their previous answers and amendments from the said Philip Playtor without knowledge of either the original judgment or the later Stipulated Judgment, and has been occupying the same ever since and using the land for the growing of avocados and general farming purposes; that all of said land is riparian to the Santa Margarita River which said river flows through the Hendersons' lands; that according to the testimony of Col. Bowen, the irrigable land owned by the Hendersons is approximately 22.5 acres with an annual water duty of 52.9 acre feet.

IV

That the findings in the original action of Santa Margarita v. Vail and the original judgment entered therein are inconsistent and contradictory, and it cannot be determined therefrom exactly how and where the small amount of water allocated to Philip Playtor might be used, whether for domestic or irrigation purposes and upon what land the said one miner's inch of water could be used. That in the later Stipulated Judgment which was not signed or agreed to by said Playtor, or the Hendersons, it is stated in Section Fourth that he was entitled to one miner's inch of water continuous flow, and in Section VI it is stated that this amount shall be taken out of the plaintiff's two-thirds share. That, as hereinbefore stated, the water demands of the present defendants Henderson is much greater than was that of their predecessor Playtor when the original and Stipulated Judgments were entered, and the one miner's inch of water allocated to their predecessor Playtor is wholly inadequate to the

Hendersons' use of their riparian and irrigable acreage, and each of such judgments should be abrogated and a new and comprehensive determination of all water rights should be made by this Court.

V

That the original judgment entered in the Rancho Santa Margarita vs. Vail action hereinbefore referred to, allotting to Playtor, the Hendersons' predecessor, one miner's inch of water, and the later Stipulated Judgment referring to the said original judgment, to which Stipulated Judgment said Playtor was not a party signatory, are both and each of them is entirely invalid, inequitable, and unconscionable in that they do not follow the California water laws but attempt to divide the waters of the Santa Margarita river system between the two large owners, namely Rancho Santa Margarita and the Vails without regard for the many smaller water users in the area, and without consideration of the presently existing land and water conditions in the area. For these reasons the defendants Henderson hereby join in the prayer of the defendant Vail Company to the effect that both the original judgment and the Stipulated Judgment hereinbefore referred to be abrogated by this Court and a new, equitable and complete determination of all water rights be made without regard for the terms of either the original judgment or the Stipulated Judgment, and in strict accord with the water laws of the State of California.

VI

That neither the original judgment nor the Stipulated Judgment hereinbefore referred to contain any provision for retention of jurisdiction in the court for the purpose of making such additional or different determinations of water rights as may be required by changing conditions. That some twenty (20) years have now elapsed since the entry of said judgments during which period there have been many important and far reaching changes in both land and water conditions in the area covered thereby, with much greater cultivation

- 4 -

5716

of lands previously deemed worthless, many more water users and greatly increased use of water with diversions, extractions, pumping, etc. by many parties in the upper portion of the river system, with the result that both of said judgments are now entirely outmoded, inapplicable and inequitable to all parties concerned.

## VII

That these defendants Henderson are informed and believe that when the original judgment and the Stipulated Judgment were entered as aforesaid, the parties thereto were laboring under many mistakes of both law and fact, both in respect to their legal right to divide the water between them, and in their understanding of existing land and water conditions, all of which related to most material matters, for which reason both the original and stipulated judgments possess no legal validity, are inequitable, and should be entirely abrogated to the end that this Court may make a new and equitable division of all available water as between all interested persons and parties in the present action. For this reason the present defendants Henderson join in all allegations contained in the answer and amended answers filed by the Vail Company herein.

WHEREFORE, these defendants Henderson, in addition to any and all matters herefore prayed for in their previous answers and amendments, now pray that this Court make a new, complete and equitable determination of all water rights including the rights of these defendants, in accordance with the water laws of California, retaining jurisdiction to make whatever later changes may be required considering existing conditions. These defendants further pray that to this end, this Court shall declare that both the original judgment and the Stipulated Judgment in the Rancho Santa Margarita v. Vail action, hereinbefore referred to, null and void, and shall prohibit the enforcement thereof in respect to any and all of the parties thereto and any and all interested persons and parties to the present action, together with whatever other and proper relief

1 this Court may find meet.

_____
Attorney for defendants.