MUSICK, PEELER & GARRETT
ATTORNEYS AT LAW
621 SOUTH HOPE STREET
LOS ANGELES 17, CALIFORNIA
MADISON 9-3322

Attorneys for Defendant,
James Oviatt



FILED
FEB 9 - 1960
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

    Defendants.

Civil No. 1247-SD-C

MEMORANDUM OF LAW

    The diversion of the waters of Wilson Creek by the defendant, James Oviatt, does not significantly affect the quantity of water available to plaintiff, and it follows that any decree of the Court limiting such water usage by this defendant could not be supported.

    If, however, a contrary factual determination is made by the Court, it is respectfully submitted that the continuous diversion of all of the waters of Wilson Creek by defendant, James Oviatt, and his predecessors, for a period greater than the statutory period, and prior to plaintiff's acquisition of its property, establish a prescriptive right in defendant, James Oviatt, to continue such diversion.

In Morgan v. Walker (1933) 217 C. 607, 616, the Supreme Court of California held that use of all, or substantially all, of the water of a stream by an upper riparian owner upon riparian lands under circumstances where actual knowledge must be imputed to the lower riparian owners, establish a prescriptive right in the land owner making such diversion.

In Pabst v. Finmand (1922) 190 C. 124, 130, the Court said:

"We do not mean to hold that a right may not be gained by an upper riparian proprietor by prescription, but to do so it must be clearly shown either that actual notice of the adverse claim of such owner has been brought home to the other party, or that the circumstances are such, as for instance the use of all of the water of the creek, that such party must be presumed to have known of the adverse claim.
(190 C. 130)
(Underscoring supplied)

The foregoing cases have special applicability to the case at bar, inasmuch as in the Findings and Judgment in the case of Rancho Santa Margarita v. Vail (1938) 11 C. (2d) 501, 516-17, to which plaintiff's predecessor was a party, the Court found that the normal flow of water of the Temecula-Santa Margarita River was not sufficient to supply all of the riparian needs of all of the riparian lands of either of the parties to the action, and that there was only enough water available for the irrigation of a portion of their riparian lands, and for the uses thereon which were most valuable and profitable.

-2-

5873

The doctrine of the <u>Morgan</u> and <u>Pabst</u> cases, <u>supra</u>, is also of particular relevancy where, as in the case at bar, the diversion occurred prior to the Constitutional Amendment of 1928, reflected in <u>California Constitution</u>, Article XIV, Section 3. Prior thereto, a lower riparian owner was entitled to the undiminished flow of the stream.

<blockquote><u>Herminghaus v. Southern California<br>Edison Company</u> (1926) 200 C. 81</blockquote>

Prior to the 1928 Amendment, this right of the lower riparian owners was invaded by the act of plaintiff's predecessor in diverting all of the water of the stream. It follows that a prescriptive right was thus vested in plaintiff's predecessor.

<blockquote><u>Morgan v. Walker</u>, supra.</blockquote>

MUSICK, PEELER & GARRETT

By *Jesse R. O'Malley*
Attorneys for Defendant,
James Oviatt.

-3-

5874