GEORGE STAHLMAN
and
EARLE K. STANTON
Attorneys at Law
Route 1
P. O. Box 235
Fallbrook, California

Telephone: RAndlph 8-2310

Attorneys for Defendants



LODGED
FILED

MAR 29 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiffs,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

NO. 1247-SD-C

INTERLOCUTORY
JUDGMENT

    This cause having come on for trial, which said trial is presently con-
tinuing and not concluded, but evidence oral and documentory having been heard
pertaining to the Stipulated Judgment arguments in writing and oral, having been
submitted, and this Court being fully advised, Findings of Fact having been
made, the Court herein as an Interlocutory Decree, ORDERS, ADJUDGES
and DECREES as follows:

PREVIOUS LITIGATION

I

    That prior to acquisition of title by the United States, its predecessor in
title, Rancho Santa Margarita, instituted an action in the Superior Court of
San Diego County, California, No. 42850, against N. R. Vail, et al., pre-
decessors of the Vail Company, defendant herein, to adjudicate their respective
water rights pertaining to the Temecula Santa Margarita stream system, which
resulted in a judgment of that Court entered on May 5, 1930, dividing the water
between them on a basis of 75% to Rancho Santa Margarita and 25% to Vail.

-1-

15571

That said judgment was by the defendants Vail appealed to the Supreme Court of the State of California, (11 Cal. 2d 501) which Court reversed and remanded the case for new trial "to ascertain the extent of appellants' (Vails') riparian and irrigable acreage", and deciding, contrary to the Superior Court judgment, that "all of appellants' riparian lands in Temecula grant within the Murrietta drainage are within the watershed of and riparian to the Temecula Santa Margarita River", and that the trial Court's holding (that such land was riparian to Murrietta Creek but not riparian to the Temecula Santa Margarita stream system) was erroneous".

That following this reversal by the Supreme Court of California, no new trial of that action was ever held, but eventually on December 26, 1940, the two contending parties filed in that case a document denominated a Stipulated Judgment, purporting to apportion all water between them on a basis of (2/3) two-thirds to Rancho Santa Margarita, and(1/3 ) one-third to the Vails, but making no provision for other water users except in respect to two intervening parties, who were given small amounts.

It is the decision of this Court that neither the original judgment in that case nor the Stipulated Judgment subsequently entered is res judicata,are of any force and effect, now in any manner controlling in respect to the present action for declaratory relief, for reasons hereinafter to be stated.

THE STIPULATED JUDGMENT

II

It is further ORDERED, ADJUDGED AND DECREED, that the Stipulated Judgment agreed to by and between Rancho Santa Margarita and Vail in Action No. 42850 in the Superior Court of San Diego County, State of California, and entered therein on December 26, 1940, was and is invalid and of no legal force and effect, either as between the parties thereto, nor as to any of the parties in this present litigation; that the same is not res judicata nor in any manner binding or conclusive in respect to this Court and the issues of the present action, for each and all of the following reasons:

(a) Said Stipulated Judgment is ambiguous, undertain and incomplete in its terms to such an extent that the rights and obligations of the parties thereto cannot be precisely ascertained.

-2-

15672

(b)  Said Stipulated Judgment was agreed to by the parties thereto acting under mutual mistakes of law and fact in reference to material matters, and would not and could not have been legally entered had the true facts then been known.

(c)  Said Stipulated Judgment is in its terms and requirements entirely inequitable and unconscionable both in respect to the signatory parties thereto and as to all of the parties named in the present action.

(d)  Said Stipulated Judgment does not follow or comply with the California law in respect to water rights.

(e)  Said Stipulated Judgment contains no provisions for continuing juris- diction of the Court fot the purpose of making such readjustments in respect to water rights as may become necessary by reason of changes in land and water conditions within the watershed.

(f)  Said Stipulated Judgment does not in its terms conform with the findings made in the Rancho Santa Margarita v. Vail action, now with the decision and opinion of the Supreme Court of California rendered on the appeal of said action.

ORIGINAL JUDGMENT

III

It is further ORDERED, ADJUDGED AND DECREED that the original judgment entered in the Rancho Santa Margarita v. Vail action in the San Diego County Superior Court, on May 5, 1930, is likewise inequitable and un- conscionable and of no legal force and effect, for the same reasons as those hereinbefore set forth in respect to the Stipulated Judgment, and said original judgment is not res judicata, binding, or in any manner controlling in the pre- sent action.

VAIL DAM

IV

It is further ORDERED, ADJUDGED AND DECREED that the defendant, Vail Company, by reason of its construction of Vail Dam under permission of the State of California, and the beneficial use of flood waters impounded therein, has established an appropriative right to such waters, and is entitled to use the

-3-

15673

1  same upon its lands for beneficial purposes; that the Vail Company is not en-
2  titled by the use of its dam to interfere in any manner with the riparian rights
3  of other owners in respect to the natural flow of the stream system.

4                          RIGHTS OF THE UNITED STATES
5                                      V
6      The United States has never acquired as against any of the defendants herein,
7  and does not now possess any rights in or to the waters of said stream system
8  by way of prescription, appropriation, use, inverse condemnation, or otherwise,
9  and its rights in respect to such waters is to be determined and measured by
10 California law as to riparian rights, and not otherwise, using the same standards
11 of measurement as are applied to all other parties hereto.
12     That the United States, like all other parties, is entitled to use its correlative
13 share of riparian water for reasonable and beneficial purposes only, without
14 waste.  A reasonable and beneficial use of such water for irrigation and
15 military purposes is deemed a proper use, but there is no duty resting upon
16 any of the defendants and upper riparian owners to furnish the United States
17 with any definite amount of water, nor any other duty save that of recognizing
18 and respecting the riparian rights of the United States and all parties hereto.
19     That the United States is, by complying with California laws, entitled to
20 construct dams to impound flood waters and to use the same, so long as by
21 so doing it does not interfere with the rights of other riparian owners.

22                              INJUNCTION
23                                  VI
24     It is ORDERED, ADJUDGED AND DECREED that enforcement of the said
25 Stipulated Judgment and of the original judgment which preceded it in the Rancho
26 Santa Margarita v. Vail action, and any and all of the terms of each of said
27 judgment, is hereby permanently prohibited and enjoined as to each and all of
28 the parties to this present action, and the present judgment now being rendered
29 herein shall be deemed to completely supercede said previous judgments and to
30 constitute a full and complete adjudication of water rights as to each and all of
31 the parties hereto until such time as this Court may and shall make a readjud-
32 ication of such water rights.

                                   -4-

                                              15674

## RETENTION OF JURISDICTION

### VII

It is further ORDERED, ADJUDGED AND DECREED, that this Court shall and does hereby retain complete and perpetual jurisdiction of this cause and all water rights here involved, for the purpose of making such other or further adjudication in respect thereto as may become necessary by reason of future changes in land and water conditions within the watershed.

DATED:  This _____ day of _____, 1960, at San Diego California.

_____
JUDGE

-5-

15675



GEORGE STAHLMAN
and
EARL K. STANTON
Attorneys at Law
Route 1
P. O. Box 235
Fallbrook, California

Telephone:  RAndlph 8-2310

Attorneys for Defendants.

*LODGED*

FILED

MAR 29 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )   NO.  1247-SD-C
                               )
            Plaintiff,         )
                               )   PROPOSED FINDINGS
vs.                            )
FALLBROOK PUBLIC UTILITY DISTRICT, et al, )   OF FACTS
                               )
            Defendants.        )
                               )
_____)

        The following outline of Findings of fact, are submitted in accor-

dance with the instructions of the Court given February 3, 1960.  This Out-

line covers only those portions of the Findings that are concerned with the

Stipulated Judgment in Rancho Santa Margarita vs. Vail.

        This Court, having duly considered the records, pleadings and

evidence in this case, the law applicable thereto and arguments of counsel,

does hereby make and enter finds of fact as follows:

                    FINDING OF FACT


            CONTROVERSY OVER WATER RIGHTS

                          I

        The Court finds, as alleges in Paragraph I of the Amended and

Supplementary Complaint, an actual controversy has arisen between the

United States of America, Plaintiff, and the various defendants named herein.

                         -1-

                                                        15678

in respect to riparian and other rights in and to the waters of the natural and
non-navigable stream system known as the Temecula-Santa Margarita River
System, or the Santa Margarita River and its tributaries, which river system
flows through or is adjacent to lands owned by the plaintiff and defendants, and
located in Riverside and San Diego Counties, State of California, the lands of
the various defendants being more particularly described in their respective
pleadings and claims filed herein, and the lands of the plaintiff being described
in its complaint, and referred to as Camp Joseph H. Pendleton, and presently
utilized as a Marine Corps establishment, a Naval Hospital, and Naval Ammuni-
tion Depot.

> (NOTE:  Inasmuch as tests regarding the extent of
> the basins of its stream system are still
> being made, and the results thereof are
> not at this time available, the proposed
> findings as to such matters must be held
> in abeyance until such time as further
> knowledge is available.  It is true that
> such natural underground water basins
> underlying the area furnished one of the
> available sources of water for the uses
> of the United States military enclave, the
> Vail Company, and of other parties to
> this action, and that , during the dry sea-
> son, a portion of the surface waters of
> the stream system disappear into certain
> underground storage basins, water planes,
> lozenges or lenes underlying the area, al-
> though there is at present no definite know-
> ledge available on this subject, and the matter
> is one of conjecture.

HISTORY OF LITIGATION

II

That prior to the acquisition of title by the United States of the land

-2-

forming the military enclave hereinbefore mentioned, said land was known by the name of Rancho Santa Margarita, the owners of which were the predecessors in title of the United States, and said Rancho was operated and conducted by the owners thereof for cattle raising, general farming and ranching purposes. That previous to plaintiff's acquisition of title, the said Rancho Santa Margarita, plaintiff's predecessor in title, had instituted an action in the Superior Court of San Diego County, State of California, against the owners of the Vail Ranch, predecessors of the Vail Company, defendant herein, seeking to adjudicate their respective rights in and to the waters of the Temecula-Santa Margarita stream system, which resulted in a judgment by that Court on May 5, 1930, from which judgment the defendants Vail appealed.

On that appeal (Rancho Santa Margarita v. Vail, 11 Cal. 2d 501) the Supreme Court of California reversed the judgment and remanded the case for new trial, "To ascertain the extent of appellants' (Vails') riparian and irrigable acreage", and "To ascertain the extents of respondent's (Santa Margarita's) riparian and irrigable acreage only in so far as it involves the table land". The Supreme Court said""'*** the new trial need not be a protracted one. Appellants have not challenged many of the findings. There is no need for a new trial on those issues. It would appear that on the new trial it will be necessary" to determine the two matters just mentioned.

Specifically, the California Supreme Court there held "That as to respondent (Santa Margarita) all of appellants' (Vails') riparian lands in Temecula grant within the Murrietta drainage area are within the watershed of and riparian to the Temecula-Santa Margarita river, and that the trial court's holding to the contrary (that such land was riparian to Murrieta Creek but were not riparian to the Temecula-Santa Margarita stream system) was erroneous".

### STIPULATION JUDGMENT

#### III

That following the reversal by the California Supreme Court, as set forth in the preceding finding, no new trial was had for the reason that the two contending parties, Rancho Santa Margarita and the defendants Vail, on December 26, 1940, caused to be submitted to the Superior Court of San Diego County, a

-3-

purported Stipulated Judgment, intended to entirely supercede the original judgment, and entered into for the purpose of avoiding the necessity for a new trial and relieving the respective parties from further expense and trouble connected therewith.

That said Stipulated Judgment purports to divide all of the waters of the Temecula-Santa Margarita stream system between the two great ranches, giving a one-third interest therein to the Vail Ranch, and a two-thirds interest thereto to Rancho Santa Margarita, without considering the water rights of other and smaller riparian owners or recognizing any such rights saved in the case of two parties who had been permitted to intervene in the original action, namely Playtor and Schloss, who were given small and inadequate amounts of water to be taken from Rancho Santa Margarita's two-thirds share.

That in the original Santa Margarita-Vail action, the Vail defendants had asked the trial court to bring in as parties, all interested persons in the area so that a complete adjudication of all water rights could be made, which request the trial court refused except as to the two intervenors Playtor and Schloss, hereinbefore mentioned.

That in addition to dividing all water on a one-third and two-thirds basis as hereinbefore found, said Stipulated Judgment also made it the duty of the Vail Ranch to maintain and furnish for the use of Rancho Santa Margarita, an arbitrary three cubic foot per second flow of water regardless of water conditions.  To secure compliance with the terms thereof, the Stipulated Judgment provided for measuring stations, namely Station No. 1 located at the upper end of Nigger Canyon, Station No. 3, at the upper end of Temecula Gorge immediately downstream from the confluence of Murrietta Creek; and Station No. 6 at "The Narrows, at or near the present location of the Ysidora gaging station.

### STIPULATED JUDGMENT SUPERCEDED ORIGINAL JUDGMENT

#### IV

The Court further finds that the parties intended that the Stipulated Judgment should constitute a complete determination, separate and apart from and superceding the original judgment which had been entered by the trial court and later reversed by the Supreme Court of California; that in said Stipulated

-4-

15679

1  Judgment there is to be found nothing either in express terms or by any reason-

2  able implication, to indicate that the parties intended to incorporate any part of

3  the said original judgment as a part of the Stipulated Judgment.  The Court

4  therefore finds that the Stipulated Judgment was not intended to and did not in-

5  corporate into its terms any part of the original judgment, but that the Stipulated

6  Judgment completely supercedes the terms of the original judgment; but, as

7  will appear from the subsequent findings herein, neither original judgment in

8  said action, nor said Stipulated Judgment is deemed of any force and effect, and

9  is not in any manner conclusive, binding, or res judicata as to any of the parties

10  to this present action.

11  NECESSITY FOR REAPPRAISAL OF WATER RIGHTS

12  IV (a)

13  The Court finds that, on account of the fact that said Stipulated Judgment

14  failed to retain jurisdiction for the purpose of making such future readjustments

15  as to water rights as might be necessitated by change in conditions, and be-

16  cause of the fact that there have been great and monumental changes in land

17  and water conditions within the watershed since the entry of the Stipulated Judg-

18  ment, as herein found to exist, and because of the mistakes of the parties and the

19  unconscionable character of the Stipulated Judgment, as herein found to exist,

20  it is now necessary for this Court to make a full, complete and equitable re-

21  appraisement of all water rights within the watershed, without regard to the terms

22  of either the original judgment or the Stipulated Judgment, but according to

23  applicable equitable principles and the water laws of the State of California, re-

24  taining jurisdiction to make any further or later readjustments in its water de-

25  termination as may be hereafter found to be necessary.  Further finds that this

26  present action and the defenses urged by the Vail Company and/or other parties

27  hereto, do not constitute collateral or other improper attacks upon either the

28  original judgment or the Stipulated Judgment before mentioned, and that this

29  Court has jurisdiction to adjudicate all water rights without regard to either of

30  said judgments.

31  UNCERTAINTY AND AMBIGUITY

32  V

That said Stipulated Judgment is uncertain, ambigous, and incomplete in

-5-

its terms as to the rights and obligations of the parties and how the same are to be performed, of which the following items are examples of the uncertainty prevailing in the said judgment:

(2) It fails to provide how the Vail Ranch, situated above the Rancho Santa Margarita, will be able to obtain its one-third share in all of the stream water when much of this water is abstracted or diverted by users above the Vail Ranch, the rights of such other users not having been considered in said Stipulated Judgment.

(b) It makes use of various undefined and ambiguous terms, such as "when not artificially diverted or abstracted", without indicating to what or whom such language is meant to apply.

(c) It makes use of such terms as "total normal flow", "total flow" "surface flow", without distinguishing or defining such terms; and employs such terms as "take and use" water, and to water "pumped and/or diverted, without indicating their meaning, making it impossible to ascertain the precise meaning of the Stipulated Judgment.

(d) It fails to define what are underground stream water and underground storage basins, what connection there is, if any, and just what are the parties' rights in reference thereto, fails to consider, return and reuse of irrigation water, and makes no attempt to base its requirements upon geographic or hydrographic facts and conditions.

(e) It fails to make any provision for future changes in land and water conditions, and fails to retain continuing jurisdiction in the Court to later reappraise and readjudicate water rights.

This Court therefore finds that by reason of its uncertainty, ambiguity, and incompleteness, its failure to consider existing and changing conditions and the rights of other water users and the failure to consider apportionment or allocation of waters according to California water laws that the Stipulated Judgment created no enforceable rights, is of no force and effect either as to the parties thereto, or the parties to this present action, so that its operation and enforcement as to all its provisions shall be enjoined by this Court, and new and complete adjudication of all water rights as to all parties should now be made

-6-

15681

1  without considering any of the provisions of said Stipulated Judgment, coupled

2  with a retention of continuing jurisdiction in this Court to make any further and

3  necessary changes in such adjudication.

4                    MISTAKES IN RE: STIPULATED JUDGMENT

5                                        VI

6          The Court further finds that the said Stipulated Judgment of December 26,

7  1940, was entered into by the parties thereto under mutual mistakes of law and

8  fact in respect to material and important matters, for which reason it is of no

9  force and effect and its enforcement should be enjoined by this Court in respect

10  to all parties, intervenors and interested persons.  Said mistakes of law and fact

11  relate to the following material matters:

12          (a)  The parties to said Stipulated Judgment were laboring under the

13  mistaken belief that, since they were the owners of the two largest ranches in

14  the area, they could arbitrarily divide all of the waters of the Temecula - Santa

15  Margarita stream system between them without taking into account the many

16  other and smaller land owners and water users within the area, without making

17  them parties to the action, without making any provisions for their water needs,

18  without making any allowances or deductions for the waters diverted and/or

19  abstracted by such persons, and without considering the effect such matters

20  would have upon the entire water situation in the area.

21          (b)  The parties to such Stipulated Judgment mistakenly failed to con-

22  sider the fact that conditions in the water basin would and must change during

23  the passage of time; that greater development and settlement of the area would

24  inevitably take place with increased and different water uses, and mistakenly
                                    such changes
25  failed to provide for any/or to retain jurisdiction so that readjustments could

26  be made;that such changes have actually taken place during the period since

27  the Stipulated Judgment was entered, making its terms inapplicable, impossible

28  of performance, and highly inequitable.

29          (c)  The parties to the Stipulated Judgment at the time of their agree-

30  ment thereto were entirely mistaken as to the true geologic and hydrologic facts

31  as to both surface and underground waters, upon which said judgment was

32  based, in respect to the existence, extent and nature of the natural storage basins

    underlying the area, and their relation to the entire water situation within the
    watershed.

(d)  The parties to the Stipulated Judgment were likewise mistaken as the material matter of stream flows and run-off figures of the stream system and parts thereof, particularly in reference to subteranian flows at Temecula, Murrieta Creek, Santa Gertrudis Creek, and Cottonwood Creek, the last three of which water sources were mistakenly considered to be of negligible extent and value;that since the Stipulated Judgment was entered, these stream flows have been found to be much greater in extent than was known to the parties at the time of the Stipulated Judgment; many more productive wells have been drilled in various parts of the area than was formerly deemed possible; all of which has vitally altered the entire water resources picture from what it was known to be in December, 1940, when the Stipulated Judgment was entered.

(e)  The parties at the time of agreeing to the Stipulated Judgment were entirely ignornat of the material facts that new methods of irrigation, new methods of land preparation, new and different varieties of crops and/or increased demands for crops, would come into being along with scientific advances through the years, which events have actually come into existence since the Stipulated Judgment, entirely changing the water resources picture, and making the provisions of the Stipulated Judgment inapplicable, impracticable, and inequitable as to all parties and water users.

(f)  The parties, at the time of the Stipulated Judgment, were mistaken as to the fact of the future establishment of Camp Pendleton and the military enclave as it now exists, and the different and greatly increased water demands incident thereto, and the material fact that whereas the Rancho Santa Margarita made use of its lands for usual and customary cattle raising, ranch and farm purposes, Camp Pendleton and the other parts of the military enclave now make use of a large part of the water for entirely different and military purposes, far removed from that of its predecessor Rancho Santa Margarita, changing the entire water situation as to all interested persons in the area.

UNCONSCIONABLE NATURE OF STIPULATED JUDGMENT

VII

The Court further finds that the Stipulated Judgment was at its inception and now is inequitable and entirely unconscionable in its terms and provisions

-8-

both as to the respective parties thereto, the intervenors therein, and as to all other persons having legal and/or equitable rights in or to any of the waters of said stream system, for which reason its enforcement should be enjoined by this Court.   That the said Stipulated Judgment is unconscionable in the following particulars:

(a)  The Stipulated Judgment inequitably divides all the waters of the stream system between two large ranches, namely Rancho Santa Margarita and the Vail Ranch, and entirely ignores the many land owners and water users within the watershed having riparian and/or other water rights, and makes no provision for such persons who are not made parties in that action, but who are now parties to the present litigation instituted by the United States for declaratory relief.

(b)  The Stipulated Judgment fails to follow the California law as to riparian and other water rights, makes an inequitable and arbitrary division of water between the respective parties to said judgment not in conformance with riparian acreage, and authorizes the use of riparian water upon non-riparian lands.

(c)  That by reason of its ambiguous, undefined, and uncertain terms hereinbefore found to exist, the Stipulated Judgment fails to determine the rights of the respective parties, but leaves such rights indefinite and incapable of enforcement, so that such judgment is inequitable and unconscionable in toto both as to the signatory parties and all other interested persons.

(d)  Section Eleven of the Stipulated Judgment, making it an absolute and arbitrary requirement that the Vail Ranch furnish to Rancho Santa Margarita a three second foot flow of water at all times and under all conditions, regardless of the rights of other water users, and regardless of expense, loss or damage to the Vail Ranch, is inequitable and unconscionable as to all persons.

(e)  That in dividing all of the water on a one-third to Vail and two-thirds to Santa Margarita basis, the Stipulated Judgment inequitably fails to specify how the Vail Ranch, which is above Rancho Santa Margarita, is to be able to receive its one-third portion when a large part of the stream flow is abstracted or diverted by riparian owners and water users, who are above the Vail Ranch,

-9-

and who have been made parties to and filed their claim in this present action, and whose use of water above the Vail Ranch greatly depletes the water available to Vail.

(f) That by reason of greatly changed conditions since the entry of the Stipulated Judgment, and now existing, involving the increased settlement and use of water in various parts of the area, the drilling of many new irrigation wells, scientific advances in land and water use, the military and increased water use by the United States in its military enclave different from and much greater than by its precedessor, Rancho Santa Margarita, the provisions of the Stipulated Judgment have become inequitable, impracticable in operation, and unconscionable under presently existing conditions.

(g) The fact that the situation and location of Rancho Santa Margarita, as the lower riparian owner and having no other riparian owners below it, is in a more advantageous position that the Vail Ranch above it since Santa Margarita and its successor, the United States, does not have to consider the rights of lower riparian because there are none; and the fact that much of the water coming to the United States is now wasted because it is allowed to flow into the ocean, although the Vail Ranch above it is required by the Stipulated Judgment to furnish a definite amount of water so to be wasted, makes the Stipulated Judgment, which does not consider such matters, an inequitable and unconscionable determination.

(h) The inelasticity of the provisions of the Stipulated Judgment to meet presently existing conditions, coupled with its complete failure to retain jurisdiction in the Court to make necessary readjustments to meet changed conditions which now exist, renders the Stipulated Judgment inequitable and unconscionable.

(i) That even as between the two signatory parties, and regardless of the rights of other water users, the Stipulated Judgment is not fair and equitable in its provisions but is inequitable and unconscionable.

(j) That the Stipulated Judgment is not based upon geologic and hydrologic facts as to stream flow, underground water, and other matter.

The Stipulated Judgment does not in its terms conform to nor agree with the findings of the Superior Court of San Diego County, California in the Rancho

-10-

15685

Santa Margarita v. Vail action, but is contradictory to and inconsistent with the decision and opinion of the Supreme Court of California rendered on appeal in that action; and that although the Supreme Court has ordered a new trial as to certain issues, no such new trial was ever held, but the said Stipulated Judgment was entered in lieu of embarking upon a new trial; that because of such inconsistent and contradictory provisions, the said Stipulated Judgment is of an unconscionable nature.

(1)  That the measurements and methods of stream flow as provided in both the original judgment and in the Stipulated Judgment at the measuring stations therein established, are uncertain, impracticable and inequitable, and subject to errors of large percentage, which facts render the Stipulated Judgment unconscionable in nature.

## ORIGINAL JUDGMENT UNCONSCIONABLE

### VIII

The Court further finds that not only is the Stipulated Judgment of December 26, 1940, unconscionable for the reasons hereinbefore mentioned, but that the original judgment of May 5, 1930, in the same action, which was later reversed by the California Supreme Court, was and is likewise inequitable and unconscionable for the same reasons set forth herein in reference to the Stipulated Judgment, and any enforcement of the original judgment should be enjoined along with any enforcement of the Stipulated Judgment.

## INADEQUACY OF STREAM FLOW

### IX

The Court further finds that the flow of said river system is inadequate and insufficient to supply all of the riparian needs of the United States military enclave and of the Vail Ranch, and the needs of those other parties entitled thereto, all of whom are now before this Court for the first time; that a decree should be entered apportioning and allocating the water equitably between the parties entitled according to the laws of California, and without regard to either the original judgment or the Stipulated Judgment, and that this Court has jurisdiction to make such a decree.

-11-

15686

## UNITED STATES HAS NO PARAMOUNT OR SUPERIOR RIGHTS

### X

The Court finds that United States of America has no prior, superior, paramount or other rights to the waters of the stream system, over and above such water rights  as are given it by California law; that the United States has no special or unusual rights by reason of the fact that there are military uses involved ; nor for any other reason; but that plaintiff is entitled to the same and no greater or different treatment as to its water rights than are the defendants or any other riparian owners or those otherwise entitled to water use within the watershed, but that one and the same yardstick, namely California law, shall be applied without distinction in all cases.  Further, that the United States as successor in interest of the said Rancho Santa Margarita, is entitled only to such rights as were possessed by its said predecessor.  Futher finds that neither the Vail Company nor any of the other defendants have any obligation to furnish any specific amount of water to the United States, and that their obligations towards the United States are only those specified by California law in respect to upper and lower riparian owners, and that if the military enclave finds that it requires more water than it is entitled to under applicable California law it can and must acquire the same by purchase or under its right of eminent domain.

## THE UNITED STATES HAS NO PRESCRIPTIVE, APPROPRIATIVE, ETC. RIGHTS

### XI

The Court finds that the United States has never acquired and does not now possess, as against the Vail Company or any of the other defendants in this action, any rights to any of the waters of the stream system in question by reason of prescription, appropriation, use, inverse condemnation, or otherwise, and any and all water rights which it may possess are to be determined and measured by the laws of the State of California relating to riparian owners, and not otherwise.

## VAIL DAM

### XII

The  Court finds that in 1947, the Vail Company filed an application with

- 12-

15687

the California Water Resources Division for a permit to build a dam at Nigger

Canyon on the Temecula Creek or River for the purpose of impounding surplus

waters, to which formal protests were filed by the United States, Fallbrook

Public Utility District, and others. That thereafter, although the United States

withdrew its formal protest, on December 9, 1947, it gave notice by letter of

its "intended appearance at this hearing for the purpose of submitting testimony

or evidence", and at the hearing on December 16, 1947, the writer of said letter,

Capt. A. K. Fogg, did actually appear at said hearing. Further finds that after

a plenary hearing, the California Water Resources Division, notwithstanding

all protests, did grant the application of the Vail Company to construct their dam

for the purpose of impounding surplus waters, and permitting the Vail Company

"to appropriate 40,000 acre-feet per annum from the waters of Temecula Creek,

to be accummulated between November 1 and April 30 of each season", and

written notice thereof was given to all interested persons. That thereafter the

Vail Company did construct such dam pursuant to and in accordance with said

permit, and is now and has been since 1949 legally and properly operating said

Vail Dam, the operation of which is beneficial not only to the Vail Company but

to all other parties and interested persons for the reason that it preserves great

amounts of flood waters which otherwise would be wasted and would not be

available to anyone. That the Vail Company is not now diverting any surface

waters other than at the said Vail Dam. Further finds that in seeking and ob-

taining permission to build the Vail Dam, the Vail Company did not wrongfully

induce the United States to withdraw its protest, and was not guilty of any act

or condict in connection therewith which adversely affected or damaged the

United States in any way, or which would or should work any waiver or estoppel

to prevent the Vail Company from presenting its present claims that the Stipu-

lated Judgment was entered into my mistake, and that the same is inequitable

and unconscionable and should not be considered in adjudicating all water rights

in respect to said stream system.

NAVAL OR PAUBA WELL

XIII

That Court finds that on or about March 8, 1951, a Revocable Permit

-13-

1  Agreement was entered into by and between the Vail Company and the United

2  States, granting permission to the United States, "to drill an exploratory water

3  well on a parcel of land owned by Permitter", the Vail Company, said well,

4  now known as the Naval Well or the Pauba Well, to belong to the Vail Company

5  when completed.  That the primary and intended reason for the drilling of said

6  well was not to produce water but to explore the underlying strata to a greater

7  depth than had theretofore been attempted, and for the purpose of determining

8  the nature and extent of the natural underground water basins, a matter of as

9  great interest and value to the United States as to the Vail Company and all other

10  water users within the area.  That the intent and desire to explore the under-

11  ground strata as stated was initiated and proposed by the United States.  That

12  the chosen spot for drilling such a well, relying upon the considered opinions

13  of experts, was near the confluence of Murrieta Creek and Temecula Creek,

14  upon the Vail Ranch; that the Vail Company did not at any time solicit the drilling

15  of such test well or in any manner induce or attempt to induce the United States

16  to drill said well, but merely gave its revocable consent to such exploratory

17  project, believing that all parties might be benefited by the knowledge of con-

18  ditions gained from such exploration; that in the granting of such permission the

19  Vail Company was guilty of no acts or conduct which would or could amount to

20  a waiver of estoppel of its right to present its present claims; that the Stipulated

21  Judgment was entered into through mistake, and that it is inequitable and un-

22  conscionable.

23     The Court further finds that the drilling of the Naval or Pauba Well to a

24  depth of some 2500 feet did not produce the expected definite information in re-

25  gard to conditions or underground water basins, although it did produce certain

26  information of some value; that it did produce a certain amount of water from

27  undetermined strata, of limited amount and indifferent quality; that the drilling

28  and use of such well has not unjustly or otherwise enriched the Vail Company

29  at any time, but did serve its purpose as an exploratory well and to that extent was

30  a benefit to both of the parties and to all interested persons within the watershed.

31  That it is true that said exploratory well cost the United States some $51,000.00

32  or more, but such cost, whatever it was, in no manner affects the issues of

   this case and creates no estoppel or waiver by the Vail Company of any of its

   rights.

-14-

15689

## ABSENCE OF LACHES

### XIV.

The Court finds that the Vail Company has not been guilty of laches or
any unreasonable delay in the presentation of its claims that the Stipulated
Judgment was entered into under mistake, and that the same is inequitable
and unconscionable, and is entitled to present such defenses in this action
instituted by the United States; that although a period of years elapsed between
the entry of the Stipulated Judgment and the making of such claims by the Vail
Company, such delay did not constitute laches, and much of the information
upon which such claims are predicated was unknown to the Vail Company, and
was first discovered and known after the United States had filed this present
action and after expert investigation and testimony in connection with such
action, had uncovered such facts, and after the pleadings filed by the United
States had disclosed that it was claiming water rights above and in excess of
those specified in the Stipulated Judgment by way of alleged paramount, sup-
erior, governmental, military, and other rights; that during the years sub-
sequent to the Stipulated Judgment land and water conditions within the area
have vitally changed which facts could not have been earlier known or an-
ticipated, resulting in the fact that the Stipulated Judgment has now become
inapplicable to presently existing conditions, which facts could not have been
earlier known to the Vail Company.

## IRREPARABLE DAMAGE

### XV

The Court finds that by reason of the entry of the Stipulated Judgment
and its attempted performance by the parties thereto, agreed to under mistake,
and being inequitable and unconscionable in character, and not in accordance
with California law, and the present claims of the United States, the Vail
Company has suffered irreparable damage and will continue to suffer such
damage so long as the Stipulated Judgment stands, in reference to its ranching,
farming and cattle business, by reason of the inadequate and inequitable
division of water specified in the Stipulated Judgment, by reason of the ex-
cessive demands of the United States, by reason of the diversions and ab-

-15-

stractions of water by other persons; by reason of the greatly changed conditions which now exist and the impracticability and impossibility of performance under the Stipulated Judgment, and by reason of the great expense of time and money brought about by defending this action instituted by the United States against several thousand defendants; that unless performance under the Stipulated Judgment is enjoined by this Court and a new and equitable water distribution ordered, the Vail Company, and all other interested parties will be prevented from enjoying and/or greatly hindered in the enjoyment of its property rights within the watershed, and caused great and irreparable damage in respect to its business operations.

OFFER TO DO EQUITY

XVI

The Court finds that in reference to the Vail Dam and/or any matters connected with the Vail Company's land and/or water operations, or its conduct in reference to the Stipulated Judgment, or otherwise , it has offered to do equity if it has received unjust enrichment at the expense of any other party, and offers to make suitable restitution of any amount found to be due.

In reference to this matter the Court finds that there has been no unjust enrichment of the Vail Company or its predecessors to the damages, and/or expense of any other party to this action, and therefore find that no restitution is required.

JURISDICTION

XVII

The Court finds that it is impossible to make any equitable or proper adjudication of water rights in this declarotory action instituted by the United States without making a full and complete determination of such rights as to each and all of the parties to this action in accordance with presently existing land and water conditions, and without regard for any of the provisions of either the original judgment entered in the Rancho Santa Margarita vs. Vail Company action referred to herein, or the Stipulated Judgment later entered therein.

Therefore, this Court finds that it has full and complete equitable jurisdiction to make such adjudication of all water rights as to all of the parties herein on an equal and equitable basis without regard for the provisions of either of

-16-

15691

1  such judgments, and making use of the same standards in measuring the water
2  rights of parties to the present action.

_____

JAMES M. CARTER, JUDGE

15692