```
STANLEY MOSK, Attorney General
    of the State of California
F. G. GIRARD, Deputy Attorney General
Library and Courts Building
Sacramento 14, California
Telephone: HIckory 5-4711, Ext. 5448

Attorneys for Defendant
STATE OF CALIFORNIA
```

LODGED

FILED
MAR 30 1960
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

(Not used)

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>    Defendants. | No. 1247-SD-C |

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND INTERLOCUTORY DECREE PERTAINING TO
JUDGMENT AND STIPULATED JUDGMENT

   This Court, having duly considered the records, pleadings and evidence in this case, the law applicable thereto and arguments of counsel, does hereby make and enter findings of fact, conclusions of law and interlocutory decree as follows:

FINDINGS OF FACT

I

   That on or about May 5, 1930, the Superior Court of the State of California in and for the County of San Diego entered judgment in case number 42850 in the records of said court, which fixed proportions to and adjudicated certain

riparian and overlying rights of Rancho Santa Margarita, Vail Company, the executors of the will of Murray Schloss, deceased, and Philip Playtor, in and to the waters of the Santa Margarita River and its tributaries. That a copy of said judgment is attached hereto as Exhibit A, and incorporated herein.

II

That the Rancho Santa Margarita, the executors of the will of Murray Schloss, deceased, and Philip Playtor did not appeal said judgment; that Vail Company appealed from certain portions of said judgment, and that the California Supreme Court on July 12, 1938, remanded and reversed those provisions of the prior judgment which fixed the proportionate share of the waters of the Santa Margarita River and its tributaries of Rancho Santa Margarita and Vail Company, which determined the extent of Vail Company riparian and irrigable acreage and which pertained to injunctive relief. That said decision of the California Supreme Court is reported in 11 California 2d 501.

III

That thereafter and on or about December 26, 1940, the Superior Court of the State of California in and for the County of San Diego in said case number 42850 entered a Stipulated Judgment, which in essence allocated to the Rancho Santa Margarita two-thirds (2/3) and Vail Company one-third (1/3) of the total waters of the Santa Margarita River and its tributaries; that a copy of said Stipulated Judgment is attached hereto as Exhibit B, and incorporated herein.

IV

That said Stipulated Judgment provides that the total waters of the Santa Margarita River and its tributaries shall be considered to be normal flow at Ysidora Narrows (Station 6), or if that normal flow is less than the normal

flow at Temecula Gorge (Station 3), the normal flow at Temecula Gorge shall constitute the total waters of the Santa Margarita River and its tributaries.

V

That the waters allocated by the Judgment and Stipulated Judgment as set forth above are the same waters which are in litigation before this Court. That Vail Company and the executors of the will of Murray Schloss, deceased, are parties in the action before this Court, and that the United States of America, a party before this Court, is in privy to and the successor of Rancho Santa Margarita, and that Max Henderson, a party to this case, is in privy to and a successor of Philip Playtor.

VI

That for a period commencing at least in 1943, and continuing thereafter, both the United States of America and the Vail Company have diverted and used, during the irrigation season, an amount of water substantially in excess of the amount of water allocated by said Stipulated Judgment.

VII

That at the time said Stipulated Judgment was entered in 1940 the lands which comprised the Rancho Santa Margarita were used primarily as a cattle ranch and for related ranching activities. That since the United States of America succeeded to said lands in 1941, 1942 and 1943, those lands have been used primarily as a military enclave for defense purposes; that, therefore, there has been a substantial change in the type of reasonable and beneficial water use that has been made of said lands, in that water has been used for military purposes, as contrasted to the ranching purposes to which said water was applied in 1940.

VIII

That since the entry of the Stipulated Judgment in 1940 the United States of America has greatly increased the pumping of ground water basins within its military enclave; that as a result thereof almost all of the reasonable and beneficial uses of the waters of said Santa Margarita River and its tributaries by the United States of America for its military and related activites has been met by pumping from said ground water basins.

IX

That as a result of said pumping of said ground water basins as set forth in Finding VIII, the normal surface flow of the Santa Margarita River and its tributaries has not reached the Ysidora Narrows (Station 6) but has instead recharged the ground water basins within the military enclave, with the result that the normal flow at Ysidora Narrows (Station 6) during the irrigation season has been zero and, therefore, of no practical use in determining the normal flow of said river for purposes of water allocation as provided in the Stipulated Judgment.

X

That the normal surface flow of said Santa Margarita River and its tributaries during the irrigation season is of relatively minor importance and significance insofar as recharging the ground water basins within said military enclave and referred to in findings VIII and IX above; that said recharge of said basin is accomplished almost entirely by waters flowing in and over said lands immediately following periods of moderate or heavy precipitation, which occur only rarely during the irrigation season.

4

XI

That the United States of America has satisfied its reasonable and beneficial water requirements within the Santa Margarita watershed from pumping from ground water basins within its military enclave, as found in finding VIII, and that said basins will be recharged by waters following precipitation to a degree sufficient to meet said reasonable and beneficial water requirements of the United States of America, without regard to the maintenance during the irrigation season of three second feet surface flow of the Santa Margarita River and its tributaries as provided in said Stipulated Judgment.

XII

That the use of ground waters, as found in findings VIII and XI, by the United States of America does not entail any excessive, unreasonable burdens, financial or otherwise, on the part of the United States of America and is, in fact, the most efficient and economical method whereby the United States of America can satisfy its reasonable and beneficial water requirements.

XIII

That since the entry of the Stipulated Judgment in 1940 considerable acreages of land which overlie and are riparian to the Santa Margarita River and its tributaries have become productive and water from said river has been applied to said lands for reasonable and beneficial purposes.

XIV

That since 1940 there has been a substantial increase in the use of sprinklers to irrigate the lands riparian and overlying the Santa Margarita River and its tributaries; that by the use of sprinkler irrigation acreages have become productive and water from said river has been applied thereto

5

for reasonable and beneficial purposes where without sprinkler irrigation it would have been impossible or not economical to do so; that in the Fallbrook area there has developed a citrus and avacado industry of substantial magnitude from that existing in 1940 on lands riparian or overlying the Santa Margarita River and its tributaries; that as a result thereof there has been an increased use of the waters of said river for reasonable and beneficial purposes from that which existed in 1940.

XV

That each of the owners of said lands to which water is now being applied, as set forth in findings of fact XIII and XIV, is presently before this Court in this case and asserting either overlying or riparian rights to the waters of the Santa Margarita River and its tributaries. That none of said owners of said lands or their predecessors were parties to either the Judgment or the Stipulated Judgment referred to herein.

CONCLUSIONS OF LAW

I

That the Stipulated Judgment apportioned and allocated all the waters of the Santa Margarita River and its tributaries (excepting a minor apportionment and allocation to the two interveners) to two riparian and overlying owners, to wit: The Rancho Santa Margarita, the predecessor of the United States of America, and the Vail Company.

II

That since the entry of the Stipulated Judgment in 1940 there has been a substantial change in the conditions as to the reasonable and beneficial use of the waters of said Santa Margarita River and its tributaries on lands riparian

to and overlying said river and a substantial change in the type of irrigation, the amount of riparian and overlying land irrigated, and crops grown thereon.

### III

That substantial numbers of defendants in the instant case who are asserting a right to the reasonable and beneficial use of the waters of said Santa Margarita River and its tributaries on lands overlying and riparian thereto were not parties to the Stipulated Judgment and cannot be bound or adversely affected by any of its terms or provisions.

### IV

That the parties to said Stipulated Judgment have not complied with its terms and conditions which pertain to the apportionment and allocation of the waters of said Santa Margarita River and its tributaries.

### V

That as a result of the extensive use of ground water basins by the United States of America since 1940 certain provisions of the Stipulated Judgment which pertain to the apportionment and allocation of the waters of the Santa Margarita River and its tributaries are of no practical use or effect and have, in fact, been abrogated.

### VI

That as a result of the change in conditions since its entry in 1940, the apportionment and allocation of the waters of the Santa Margarita River and its tributaries by the Stipulated Judgment is not, as of this date, an equitable apportionment of said waters.

### VII

That the allocation and apportionment of the waters of the Santa Margarita River and its tributaries by the

Stipulated Judgment cannot be used in this case in allocating and apportioning said waters in that substantial numbers of defendants in this case cannot be bound or affected by its provisions, and in that the present and existing uses of the waters of said river have changed extensively and considerably from the uses and conditions which existed at the time that the Stipulated Judgment was entered.

## INTERLOCUTORY DECREE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the United States of America, Vail Company, the executors of the will of Murray Schloss, deceased, and Max Henderson, be and hereby are enjoined from asserting or attempting to assert any of the terms or provisions of the Stipulated Judgment entered by the Superior Court of the State of California in and for the County of San Diego in case number 42850 in the records of said court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Interlocutory Decree is preliminary only, is not final, and is subject to alteration, change or modification pending the entry of judgment at the termination of this case.

Dated: _____, 1960.

_____
Judge

15700