WALTER GOULD LINCOLN
Attorney at law
770 Granados Avenue,
Solana Beach, Cal.
Skyline 5-9222

Attorney for Estate of Murray Schloss, des.

**F I L E D**

JUL 11 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

For The

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION.

UNITED STATES OF AMERICA,      )

                    Plaintiff;  )        No. 1247- Civ.

          -vs-                  )

FALLBROOK PUBLIC UTILITY DISTRICT,  )

et al.,                         )

                    Defendants.  )

_____   )

***************************

AMENDMENT  TO  THE  BRIEF

of the

TRUSTEES  OF  THE  ESTATE  OF  MURRAY  SCHLOSS, dec'd

(Except Fred S. Reinhold)

***************************

5940

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

### PERMISSION   FOR   AMENDMENT

LEAVE OF COURT first having been asked for and
granted by this Court, the Trustees of the Estate of
Murray Schloss, deceased ( with the exception of
Fred S. Reinhold ) do hereby present their Amendments
to their former brief filed in this Court on the subject
of the jurisdiction of this Court to set aside, to vacate,
to amend, or in any manner to act upon a judgment of the
Superior Court of the State of California, in and for the
County of San Diego, rendered in the matter entitled

RANCHO SANTA MARGARITA V. VAIL, etc.

No. 42850

as the same was entered in the year 1940, and which
judgment was never appealed from, nor modified, nor set
aside, nor in any manner questioned until the year 1958 —
and then only by a foreign corporation which was not in
existence until 1958.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

## QUESTION TO BE DETERMINED:

" Does the Honorable District Court of the
United States have jurisdiction to set
aside, or to modify, a valid judgment of the
Superior Court of the State of California
in and for the County of San Diego, entered
in 1940, when said Superior Court had juris-
diction of the parties, and all the matters
and things in such cause, which was then and
there decided by said California Court; and
when no appeal was taken from said judgment,
nor has it ever been modified, set aside,
questioned, nor criticised until 1958 - and
then only by an entity which was not in existence
in 1940? "

5942

1
2                              AUTHORITIES
3
4          Research seems to have revealed a very positive and definite
5   answer to this question - not only as to this District Court, but
6   to EVERY Court in the United States.
7          Their decisions stem from the Constitution of the United
8   States -(Article 4, par. 1)  - the socalled  " FULL FAITH AND CREDIT "
9   clause.
10         This prohibits the District Courts from refusing to enforce
11  any rights which may have ripened into a judgment of a State Court.
12                     LOUGHRAN V. LOUGHRAN, 292 U.S. 216;
13                       (Rehearing denied 292 U.S. 292.)
14
15         The Statute provides that judicial proceedings in a State
16  Court should have  " full faith and credit " given to them in every
17  Court, as they have in the Courts from which they are taken ******
18  to ALL COURTS, Federal as well as State.
19
20                     DAVIS v. DAVIS, U.S. Sup. Ct. p. 2
21                     28 U.S. CX A par. 687
22                         305 U.S.  32
23         Judgment of a State is not impeachable for fraud or want of
24  jurisdiction; it is indisputable evidence that the right to its
25  enforcement is wholly unaffected by laches or lapse of time which
26  proceeded its rendition.
27                     LAMB v. POWDER RIVER, 134 Fed. Rep. 434.
28
29         Rendition of judgment of State Court cannot be attacked
30  collaterally.
31                         276 U.S. 628
32

5943

Nor impeached, nor reviewed.

82 Federal Reporter, ( 2 ) 8_6

A Federal Court will not set aside the judgment of a
State Court when the proceeding is merely tanamount to common
law practice of moving to set aside a judgment for irregularity, etc.

9 Federal Reporter 482,  106 U.S. 188

" When a court, whether State or Federal, acts within
the competence of its jurisdiction, no other Court may collaterally
attack its judgment ."

HUDSON  v.  LEWIS, 188 Fed. Rep. (2) 679
U.S. Court of Appeals ( Second Circuit)
Rehearing denied.
Certiorari Denied:  U.S. Supreme Ct. 342, p. 851.

A suit cannot be brought in the U.S. District Court to
enjoin enforcement of Public Service Commission rate making, as
ordered in State Court.

STATE CORPORATION, etc. v. WICHITA ( Kansas)
290 U.S. 561;  Certiorari denied.

Person adjudged incompetent in State Court cannot be
released on habeas corpus in District Court.

IN RE CHASE, 278 U.S. 600.

5944

Validity and conclusiveness of decree entered by Florida

Courts must be tested in Federal Court by Florida law.

PARKER V. FAGUS, 68 Federal (2) 616;

Certiorari denied:  292 U.S. 638


Judgment of Illinois Probate Court was entitled to every

presumption of validity in an action in the Federal Court.

CENTURY V. WOODRUFF, 119 Fed. Supp. 581


Habeas Corpus in District Court will not set aside decree

of lower Court under Insolvent Debtors Act.

WEBER V. MEYERLING, 66 Fed. (2) 347


Even tho malice be found to be gist of action.

IN RE LIPMAN, 78 Federal (2) 872

Certiorari denied. 296 U.S. 654.


State Courts order appointing receiver for corporation

cannot be collaterally attacked.

IN RE HAWKINGS, 66 Federal (2) 16

Certiorari denied 291 U.S. 659.


Will and Trust Deed admitted to probate, cannot be set aside.

BOAL V. METROPOLITAN, 19 Federal (2) 454

Certiorari denied.  275 U.S. 565.


Power to set aside or vacate a judgment MUST be exercised

by the Court which rendered the judgment, and no other Court can

take cognisence of an application.

222 Federal 22 - IN RE ROCHESTER.


5945

The Statute providing that judicial proceedings in a
State should have " full faith and credit " given to them
in every Court as they have in Courts from which they are
taken — extended full faith and credit of Constitution to
ALL Courts, Federal as well as State.

> 28 U.S. C.A. par. 687
>
> U.S. C. A. Constitution Art. 4 par. 1.
>
> DAVIS V. DAVIS, 50 U.S. Supreme Ct. page 3.
>
> 305 U.S. 32.

**************************

(Note:   The citations given are not the only ones which
answer the same question in the same manner.
If this Court desires more references to the
same effect, this attorney would be glad to
present at least twice as many.)

5946

## CONCLUSION

From the quoted portion of the Constitution, and the decisions, it would seem most conclusive:

### 1.

That no District Court of the United States has the power or jurisdiction to set aside, or to modify, or in any manner to interfere with a lawful judgment of any State Court - particularly when such judgment has been in full force and effect for 18 years.)

### 11.

If this statement is legally true - and we respectfully believe it to be - then this District Court does not have the jurisdiction to set aside the judgment of 1940, entered in the Superior Court of the State of California in and for the County of San Diego, the parties thereto then being " RANCHO SANTA MARGARITA a corp. v. MARGARET R. VAIL ( and other individuals, " comprising an association of persons transaction business under the common name of " VAIL COMPANY " Numbered 42840.

*********************

RESPECTFULLY,

Walter Bordfarmer

Attorney for Parties named.

5947

PROOF OF SERVICE BY MAIL - 1013a and 2015.5 C.C.P.

STATE OF CALIFORNIA:
                            :    SS.
COUNTY OF SAN DIEGO:

I, the undersigned, say:  I am and was at all times herein mentioned, a citizen
of the United States and a resident of the County of San Diego, over the age
of 18 years and a party to the within action; that my business-residence
address is 770 Granados Avenue, Solana Beach, Cal.
That on July 11th, 1960, I served the within Amendment to the Brief of the
Trustees of the Estate of Murray Schloss, deceased, on certain participants
in said action by depositing a true copy thereof, inclosed in a sealed envelope
with postage thereon fully prepaid, in a mail box regularly maintained by the
Government of the United States in the City of San Diego, Cal., addressed to
said attorneys of record, namely:

WILLIAM H. VEEDER, Esq.,                Adolphus Moskovitz, Esq.,
221 Custom & Courthouse                 Library and Courts Bldg.,
San Diego 1, California.                Sacramento, Cal.

Sachse & Price,                         George Stahlman, Esq.,
1092 South Main Street,                 Route 1, Box 235,
Fallbrook, California                   Fallbrook, Cal.

Robert E. McGinnis, Esq.,               Best, Best & Krieger,
1220 San Diego Tr. & Sav. Bldg          Evans Building,
San Diego 1, Cal.                       Riverside, California

                    Phil D. Swing, Esq.,
                    Suite 604, San Diego Tr. & Sav. Bldg.,
                    San Diego 1, California.

        I certify ( or declare ) under penalty of perjury that the foregoing
is true and correct.

        Executed on July 11th, 1960, at San Diego, California

                                        Walter Gould Lincoln
                                        Walter Gould Lincoln

5948