1  J. LEE RANKIN
   Solicitor General
2  Department of Justice
   Washington 25, D. C.
3
   Attorney for the
4  UNITED STATES OF AMERICA

FILED

OCT 4- 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By *[signature]*

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>VAIL COMPANY, INC., et al.,<br><br>Defendants. | NO. 1247-SD-C<br><br>APPLICATION OF PRINCIPLES OF<br>RES JUDICATA<br>UNDER STIPULATED JUDGMENT<br>REGARDING DEFENDANTS NOT PARTIES TO<br>RANCHO SANTA MARGARITA v. VAIL<br>THEY MAY NOT INVOKE THOSE PRINCIPLES |

IN SUMMARY

Failure of Vail Company, Inc., to prove any grounds to vitiate the Stipulated Judgment is clear beyond question. It is now asserted, however, by Fallbrook and California that the findings in regard to geology in the case of Rancho Santa Margarita v. Vail are res judicata in this cause as to the United States of America.

If Fallbrook and California are successful in asserting the position they now take, they will, of course, be bound by the Stipulated Judgment which permits the United States of America to use riparian water upon non-riparian land; permits it to impound riparian water. Fallbrook and California must amend their pleadings which are diametrically opposed to the principles they now espouse. It is, of course, basic that the defense of res judicata must be affirmatively pleaded.

In the event issue is properly joined, Fallbrook and California must necessarily fail. For radically "different proofs" are involved between the issues in the Stipulated Judgment and this case - indeed between the Stipulated Judgment and the case of Rancho Santa Margarita v. Vail as tried.

5957

J. LEE RANKIN
Solicitor General
Department of Justice
Washington 25, D. C.

Attorney for the
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br><br>VAIL COMPANY, INC., et al.,<br><br>  Defendants. | NO. 1247-SD-C<br><br>APPLICATION OF PRINCIPLES OF RES JUDICATA UNDER STIPULATED JUDGMENT REGARDING DEFENDANTS NOT PARTIES TO RANCHO SANTA MARGARITA v. VAIL THEY MAY NOT INVOKE THOSE PRINCIPLES |

PRELIMINARY STATEMENT

Vail Company, Inc., seeks to avoid its obligations under the Stipulated Judgment,[1] which apportions the respective rights of the United States of America and that Company in the waters of the Santa Margarita River. Pursuant to that Stipulated Judgment the United States of America and the Vail Company, as against each other, are permitted to divert and utilize the waters yielded by riparian rights upon non-riparian lands. Moreover, pursuant to that Stipulated Judgment Vail Company has:

  (a) Constructed Vail Dam, impounding the yield of the riparian rights;

  (b) Secured the withdrawal of a protest by the United States of America to the dam on a representation that Vail would abide by the Stipulated Judgment;

---

[1] Stipulated Judgment dated December 26, 1940, between predecessors in interest of the United States of America and Vail Company, Inc., In the Superior Court of California in and for the County of San Diego.

- 1 -

5953

1    (c) Been greatly enriched through the drilling of the
2      Naval Well upon its properties based on representa-
3      tions that it was bound by the Stipulated Judgment;
4    (d) Fully cooperated with the United States of America
5      while the latter constructed much of the multi-million
6      dollar Camp Pendleton outside of the watershed and
7      used Santa Margarita River water to supply that Camp.

These and many other acts by Vail Company, all as fully proved in the record, precludes Vail Company from now avoiding its obligations under the Stipulated Judgment. Wholly aside from the principles in equity which preclude this Court from setting aside the Stipulated Judgment is the total failure of Vail Company to prove a basis for setting it aside.

<u>Total Failure of Vail Company to Prove
"Mistake" in Geology, or Any Other Grounds
Which Would Permit It to Invoke This Court's
Powers to Invade the Jurisdiction of California's
Courts to Vitiate the Stipulated Judgment</u>:

Positive proof in the record fully reviewed to this Court constitutes an insuperable barrier to Vail Company's avoidance of its obligations under the Stipulated Judgment.[2/] That positive proof of Vail Company's failure to sustain its burden of proof stems from the irrefutable facts in the record that since the acquisition by the United States of America in 1942 of the Rancho Santa Margarita, the Vail Company

    (a) Has greatly increased its irrigated acreage;
    (b) Has greatly increased water use;
    (c) Impounded large quantities of the yield of riparian
      rights behind Vail Dam;
    (d) Now uses and depends upon the Naval Well.

These facts were reviewed to this Court on August 31 and September 1, 1960, and affirmatively refute Vail Company's claims of irreparable damage which it alleged and must prove.

---

2/ Response to Vail Company Memorandum Attacking Stipulated Judgment, dated September 21, 1959;
  Response to Questions Presented and Compliance With Directions of This Honorable Court on December 18, 1959, dated January 11, 1960.

1  Let this further fact be respectfully emphasized:
2  Vail Company introduced the evidence referred to
3  above which destroyed any basis for the relief it
4  seeks in this cause. 3/

Paucity of evidence to support its claim of "mistake" is next to be considered.

### Total Failure of Vail Company to Prove "Mistake" - "Mistake" Must Be Proved By Clear And Convincing Evidence:

Total failure of Vail Company to prove grounds for the drastic invasion by a Federal Court upon the jurisdiction of a State court, as that Company prays, has been emphasized. That failure is underscored when consideration is given to its burden of proving mistake. The principle involved is thus succinctly stated: "* * * in order to maintain the issue ⟦mistake⟧, more than a mere preponderance of the evidence is required - that the proof must be clear and convincing." 4/

Pomeroy in his Equity Jurisprudence states: 5/

"The courts have used a variety of expressions in characterizing the sufficiency of evidence to establish mistake. Thus it has been said that the evidence or the inferences to be drawn from the evidence must be clear, clear and satisfactory, clear and convincing, clear, convincing and unequivocal, full, clear, and decisive, strong and most satisfactory, and the like. All such expressions obviously convey the same meaning. It is presumed that the written instrument was carefully and deliberately prepared and executed, and the instrument therefore is evidence of the highest character, and will be regarded as expressing the intention of the parties until the contrary appears in the most satisfactory manner."

---

3/ Tr. Vol. 126, page 14,360.
4/ 36 Am. Jur., Mistake, page 456.
5/ 3 Pomeroy's Equity Jurisprudence, 5th ed., Sec. 859 a, page 354.

- 3 -

5960

    Analyzed in the light of the general precepts of the law relative to Vail Company's burden of proof, manifestations of its failure pervade every aspect of the case. To be observed is this fact:

> Vail Company made no "mistake" in regard to geology when its representative undertook the solemn obligation they now seek to avoid. California's Supreme Court discloses that fact in this statement: "The trial court found that this basin is entirely surrounded by hill lands, except where intercepted by the river, and is almost entirely composed of impervious mesa silt.
>
> At the trial appellants contended that a vast underground water plane underlay this ancient silt formation." [6]

Thus Vail Company, in the trial of the "Million Dollar Law Suit", undertook to prove precisely the same geological concept which the United States of America has proved in this case. Further, there are these indisputable facts:

> Pemberton's Report of October 1950 - long prior to the Vail Company's efforts to avoid its obligations under the Stipulated Judgment - was prepared for Vail Company and supplied to the United States of America. That report prepared in connection with the Naval Well, disclosed precisely the geology presented in this case by the United States of America.

    There are positively no grounds upon which Vail Company may rely to prove that it acted on the basis of a mistake in geology. Surely geology was not the motivating factor which caused the Stipulated Judgment to be signed. Now presented is an insuperable barrier to Vail Company's plea that through mistake it executed the Stipulated Judgment.

---

[6] Rancho Santa Margarita v. Vail, 11 Cal.2d 501; 81 P.2d 533, 539 (1938).

- 4 -

5961

"To warrant relief in equity, not only must the mistake be material, but also

    [a] the fact must be such that it animated and controlled the conduct of the party.

    [b] It must go to the essence of the object in view and not be merely incidental.

    [c] It must be demonstrated that but for the mistake the plaintiff would not have assumed the obligation from which he seeks relief." [7]

As Vail Company failed totally and completely to prove any basis for being relieved of its obligations under the Stipulated Judgment, its prayer for relief should be rejected; the Stipulated Judgment sustained. Attendant upon Vail Company's failure to prove grounds for vitiating the Stipulated Judgment, another attack by Fallbrook and California has been directed against the Judgment and that matter will next be considered.

### FALLBROOK, CALIFORNIA AND OTHERS CHANGE POSITION NOW SEEK TO RELY UPON STIPULATED JUDGMENT WHEN THEY INVOKE PRINCIPLES OF RES JUDICATA [8]

Rejection of Principles of Res Judicata By California and Fallbrook in Their Pleadings:

California, to the pleading of the United States of America, respecting the Stipulated Judgment

(a) admits the entry of the Stipulated Judgment; among other things, alleges that:

(b) "said stipulated judgment is not binding on any of the parties to this action except the plaintiff and the Vail Company." (Emphasis supplied)

This averment was pleaded by the United States of America:

"VI

"As successor in interest of the Rancho Santa Margarita, a party to the above-mentioned adjudication proceeding and to the stipulated

---

[7] 33 Cal. Jur.2d, Mistake, Sec. 4, page 319.
[8] Note colloquy among court and counsel on subject, particularly Tr. Vol. 127, pages 14,466, 14,467, 14,468, et seq.

- 5 -

5962

judgment, the United States of America is entitled to, and claims all rights, titles, interests, and privileges of said Rancho Santa Margarita."

To it California pleads:

"The state admits the allegations of paragraph VI."

To the allegations of the United States of America respecting the Stipulated Judgment, Fallbrook pleads:

> "Answering paragraph V of plaintiff's Complaint defendant admits the trial of the action referred to therein, but alleges that the decision of the trial court was reversed by the Supreme Court of the State of California (<u>Rancho Santa Margarita vs Vail</u> 11 Cal.(2d) 501). Defendant admits that a stipulated judgment was entered into between the plaintiff in that action and the defendant Vail interests, but defendant denies that the said stipulated judgment affects any right of this defendant or any rights of any person other than the parties to the said stipulated judgment."

Fallbrook thus recognizes the difference between the Stipulated Judgment; the judgment of the trial court and the opinion on appeal.

To the above-quoted paragraph VI of the Complaint of the United States of America, Fallbrook further pleads:

> "Answering paragraph VI of plaintiff's Complaint defendant admits that plaintiff is the successor in interest of the Rancho Santa Margarita, but denies that plaintiff is entitled to or can claim as against this defendant any rights, title, interests or privileges purported to have been given it by the stipulated judgment referred to in said paragraph; or that plaintiff is entitled to or can claim as against this defendant any amount of water greater than the amount which may be reasonably required for riparian purposes on that portion of plaintiff's lands which are riparian to the Santa Margarita River."

Manifestly, those named defendants, when answering the Complaint of the United States of America, did not invoke the principles of res judicata.

Fallbrook and California Must
    Amend and Affirmatively Plead
Res Judicata:

It is specifically declared in the Federal Rules of Civil Procedure that:

> "(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * and any other matter constituting an avoidance or affirmative defense." [9/]

Radical departures by Fallbrook and California from the issues as originally joined are occurrences in this cause of first magnitude. Accordingly, Fallbrook and California should be required to move to amend their pleadings to the end that all parties will be fully informed of the issues which will be joined if the amendments are allowed.

Right of United States of America To Export
    Water From Watershed; To Impound Yield of
Its Riparian Rights as Against Fallbrook
    and California:

Crucial to the United States of America is the turnabout of Fallbrook and California from their original pleadings. Until Fallbrook and California have filed formal motions to amend their pleadings to accept the Stipulated Judgment, the United States of America may not, of course, foretell whether it will voluntarily accept or for the record, resist the amendment. Assuming the amendments will be permitted, there will be attendant upon those amendments:

(a) Fallbrook will renounce the objection averred in
    its answer, spelling out resistance to the right of
    the United States of America under the Stipulated Judgment
    to use the yield of riparian rights upon non-riparian lands;
    will now approve the exercise by the United States of
    America of that invaluable right under the Judgment;

─────────
9/ Federal Rules of Civil Procedure, Rule 8 c.

    (b) Similarly the impoundment of the yield of riparian
      rights will be approved by Fallbrook.
Likewise California will, if the amendments are allowed, reject the precept
that only the Vail Company and the United States of America are bound by the
Stipulated Judgment. Rather, California will join in recognizing the rights
of the United States of America to

    (a) Export the yield of riparian rights out of the
      watershed by the United States of America;
    (b) Impound the yield of riparian rights.

  Patently - in good conscience and equity - he who invokes the
principles of res judicata is bound by the decree relied upon. That precept
is well stated in these terms:

    "They [defendants] overlook the fact that they are
    seeking to interpose this decree as a defense to an action
    against them, and that in so doing they are bound by its
    terms and provisions."[10/]

    Assuming (a) that defendants may invoke the
        Stipulated Judgment;
      (b) that the requisite amendments by Fallbrook
        and California are permitted,
it will then be necessary to ascertain the breadth of application in the Santa
Margarita River watershed of the provisions of the Stipulated Judgment.

### Scope of Stipulated Judgment Strictly Limited to Rights of Vail Company and United States of America:

  It is basic that only the rights of the parties before the court
entering the Stipulated Judgment could be adjudged by that consent arrangement.
To the extent, if any, that the language of the Stipulated Judgment might be
subject to the construction that it relates to waters other than the rights
of the United States of America and Vail Company in the Santa Margarita River,

---

[10/] Barthel v. Stamm, 145 F.2d 485, 487 (C.A. 5, 1944).

it is not, of course, operative. At no time has the United States of America asserted that any defendants other than those mentioned in the Judgment are bound by it. This succinct authoritative statement fully sustains the proposition enunciated in the preceding sentence: "* * * the conclusiveness of a judgment is confined to the things in controversy, or in issue * * *. The doctrine of res judicata does not apply to issues that were not, or could not be adjudicated in the action in which it is rendered." [11/]

Applicability of the provisions of the Stipulated Judgment is strictly limited to the properties to which it pertained. In defining the subject matter on the appeal culminating in the Stipulated Judgment, California's Highest Court stated that there was before it "a judgment adjudicating the water rights of plaintiff /Rancho Santa Margarita_/ and defendants /Vail Company_/ in and to the waters of the Temecula-Santa Margarita river and its tributaries * * *. At the outset it should be mentioned that on this appeal the questions presented for review all pertain to the rights of the parties as riparians." [12/] Removing all doubt as to the limited nature of the cause the Supreme Court declared: "It was * * * incumbent upon the court to declare the rights of the parties in and to the water in dispute." [13/] Throughout the decision arising from the appeal, it was recognized that there were others who had interests in the stream but whose rights were not involved in the litigation. Vail Company has, of course, introduced evidence proving this fact:

> There were numerous claimants' rights to the use of waters in the Santa Margarita River watershed who were not parties to the cause concluded by the Stipulated Judgment.

It follows, as the United States of America has emphasized repeatedly, that only riparian rights, parcel to the land of the parties, could have been adjudicated in the case tried and appealed. The Stipulated Judgment, as above noted, is a wholly different matter, but still limited to the parties to it.

---

[11/]  30A Am. Jur., Judgments, page 422, Sec. 375.

[12/]  Rancho Santa Margarita v. Vail, 11 Cal.2d 501; 81 P.2d 533, 541 (1938).

[13/]  Ibid., 11 Cal.2d 501; 81 P.2d 533, 541.

Drastic Difference Between Stipulated Judgment
    and Issues Tried in the Superior Court of California
    Reviewed by the Highest Court of That State:

      Riparian rights of the parties, the exercise and enjoyment of them were the sole and only issue before the trial and appellate courts in Rancho Santa Margarita v. Vail - not so in regard to the Stipulated Judgment. That document declares:

> "Second Section. The plaintiff is entitled to take and use upon the whole or any part of its lands lying within the Rancho Santa Margarita y Las Flores * * *" [14/] its share of the waters of the Santa Margarita River.

Import of that proviso cannot be overemphasized. For there was found by the trial court to be approximately 38,000 riparian acres - roughly 12,000 susceptible of practicable and profitable irrigation. That relatively small acreage must be compared with the 133,440 total acreage upon which the Stipulated Judgment permits the use of riparian water.

      There is also quoted this excerpt from the Stipulated Judgment relating to Vail Company:

> "Section Third. Defendants are entitled to take and use upon the whole or any part of their lands * * *" the share of the waters awarded to them.

Involved were also approximately 80,000 acres of Vail Company properties of which approximately 30,000 acres are claimed to be susceptible of practicable and profitable irrigation.

      Clearly delineated by those acreage figures is the great disparity between the adjudication which was strictly limited to riparian lands and the Stipulated Judgment which expressly struck down the limitations inherent in riparian rights - allowed as between the parties was the use of riparian water upon non-riparian land. Another drastic departure in the Stipulated Judgment from the riparian law is this proviso:

---

14/  Stipulated Judgment, Section Second.

> "Section Thirteenth: Each of the parties hereto shall have the right to construct dams or reservoirs on its or their respective lands or elsewhere, for the purpose of intercepting or impounding or conserving such party's share of the flood waters of said river and its tributaries * * *." [15/]

Vail Company has exercised its rights under that proviso of the Stipulated Judgment and now enjoys the fruits of it.

Percolating Waters Included In
  Stipulated Judgment:

Impoundment of the yield of riparian rights; use of the yield of riparian rights upon non-riparian land are two drastic departures from the issues originally tried and reviewed on appeal. A third is of equal importance in this consideration. It relates to the ground waters of the respective parties within the embrace of the all-important document here involved. It declares in that regard: [16/]

> "For the purpose of determining /¯Vail Company's_7 defendants' total diversions of the waters of the Temecula-Santa Margarita river and its tributaries (meaning thereby to include both the allotment of thirty-three and one-third percent (33 1/3%) of the waters of the river as defined in Section Third, and the additional Storage Water as defined in this Section Tenth hereof),
>
> any water abstracted or diverted by defendants from the underground waters of said river (<u>including underground basins of percolating water within the watershed of said river and its tributaries</u>) by use of wells or pumps or other means of diversion, whether now existing or hereafter established, except as hereinafter in this section provided, shall be added

---

[15/] Stipulated Judgment, Section Thirteenth.

[16/] Stipulated Judgment, Section Tenth.

- 11 -

5968

to any surface diversions by the defendants from the waters of said river. Such abstractions by the defendants [Vail Company] of the underground waters of the Temecula-Santa Margarita River are, and for all purposes of this judgment shall be (except as hereinafter provided) considered as diversions of the waters of said river, and are and shall be chargeable against the fractional part of the surface flow of said stream and the additional amount of Storage Waters herein allotted to defendants." [17] (Emphasis supplied)

Subject matter of the Stipulated Judgment is thus readily distinguished from the limited riparian rights in the cause which was tried and appealed. Inclusion of the "underground basins" of percolating waters in the Stipulated Judgment is particularly important in the light of the issues now before this Court as distinguished from those tried in <u>Rancho Santa Margarita v. Vail</u>.

Radical departure of the Stipulated Judgment from the remand to the trial court is the hallmark of that document. It is, of course, elementary that the parties by a consent judgment of the nature here involved may - as the parties who executed the Stipulated Judgment - depart completely from the remand. This authoritative statement governs here: "The parties to the litigation, legally competent to act and sue for themselves alone, may disregard in whole or in part the directions of the reviewing court, even though that court may specifically direct what proceedings are to be taken in the lower court to which the case is remanded or the character of the judgment to be entered, may settle the litigation in any manner they may agree to, and may ask the lower court to enter as its judgment the agreements they make. * * *" [18]

Pertinent here is the fact that the parties to the Stipulated Judgment disregarded the express direction of the appellate court that

"* * * in the new trial it will be necessary:

---

[17] Vail Company no longer is entitled to the additional Storage Water, having constructed Vail Dam - Section Thirteenth.
[18] 3 Am. Jur., Appeal and Error, Section 1235, page 731.

- 12 -

5969

      "(1) To ascertain the extent of appellants'
[Vail Company's] riparian and irrigable
acreage as set forth in the body of this
opinion." [19]

They specifically agreed as between themselves that the waters apportioned by the Stipulated Judgment could be used on non-riparian lands; they provided that the "percolating" ground waters would be governed by that Judgment.

<u>Assuming Fallbrook, California and Others Are Permitted Properly to Amend and Plead Res Judicata Under Stipulated Judgment, It Nevertheless Is Not Available To Them</u>:

    Reversal of their pleaded position by Fallbrook and California in regard to the Stipulated Judgment presents questions which must be considered under assumed facts. Manifestly on issues of such great import both defendants must plead with specificity the issue of res judicata as to them, if they are in fact permitted to amend. It does not follow, however, that they may successfully invoke those precepts under prevailing authorities for neither was a party or a privy in the action from which emanated the Judgment in question. It is nevertheless urged that as third parties, Fallbrook, California and others may assert that the United States of America is bound by findings in the original case of <u>Rancho Santa Margarita</u> v. <u>Vail</u>; that the findings as to geology in the case referred to, being different from the geology proved in this case, are binding on the United States of America and that they may invoke those findings against the United States of America. To support their position, those parties rely upon principles of California law which seemingly recognize that one not a party to an original adjudication may under specified circumstances interpose a defense of res judicata. These are the words of the California Supreme Court on the subject:

    "In determining the validity of a plea of res judicata three questions are pertinent:

    Was the issue decided in the prior adjudication

---

[19] <u>Rancho Santa Margarita</u> v. <u>Vail</u>, 11 Cal.2d 501; 81 P 2d 533, 565, 566 (1938).

        identical with the one presented in the action

        in question?

        Was there a final judgment on the merits?

        Was the party against whom the plea is asserted

        a party or in privity with a party to the prior

        adjudication? [20]

First to be considered - assuming the applicability of the quoted test to this case - is

        Whether the issues decided in the prior adjudication

        [the Stipulated Judgment] are identical with those

        presented in the action in question?

Manifestly the response is in the negative. In the Stipulated Judgment as distinguished from this case, and the issues in the case of Rancho Santa Margarita v. Vail as originally tried, are radically different.

        In the Stipulated Judgment the issues resolved by consent

        were the rights of each party in regard to riparian waters to:

            (a) Use those waters on non-riparian lands;

            (b) Impound those waters.

In thus covenanting the parties, as they were fully entitled to do, abandoned the limited issue of riparian rights before the trial and appellate courts; rejected the directions on the remand:

        "To ascertain the extent of appellants' [Vail

        Company's] riparian and irrigable acreage * * *";

concluded their costly litigation by agreeing that each as against the other, could use its entitlement from the Santa Margarita River upon (a) non-riparian land; (b) could impound it.

        Included in Vail Company's entitlement - chargeable against that entitlement - are the "underground waters of said [Santa Margarita] river (including underground basins of percolating water within the watershed of said river and its tributaries) * * *." There was thus included all of the waters which Vail Company may use.

---

[20] Bernhard v. Bank of America, 19 Cal.(2d) 807, 813; 122 P.2d 892, 895 (1942).

- 14 -

5971

(i) **Issues Both in Case Which Was Tried in Rancho Santa Margarita v. Vail and Those Resolved in Stipulated Judgment Drastically Different Than in This Case:**

Extended review has been made of the issues resolved by the Stipulated Judgment. Differences between the two cases have been emphasized. Manifestly the claims asserted by the United States of America against Fallbrook and the pleadings filed by that entity prove that the evidence to support the claims of all parties differs greatly from that in the original case and Stipulated Judgment. That conclusion is applicable _a fortiori_ in the numerous cases involving riparian and overlying rights. Certain it is the agreement embraced in the Stipulated Judgment entails a claim against the Vail Company radically different from that involved in the case against Leo Roripaugh, whose riparian claims are limited to rights in Santa Gertrudis and Murrieta Creeks. Seemingly those third parties who claim that they may assert the affirmative defense of res judicata against the United States of America proceed under the erroneous concept that the Stipulated Judgment and the case originally tried between Vail Company and Rancho Santa Margarita involved the same issues. As analyzed above, that conclusion is without foundation.

This clause of the Stipulated Judgment respecting ground water demonstrates the great difference between that and the case which was tried:

> "* * * any water abstracted or diverted by defendants from the underground waters of said river (including underground basins of percolating water within the watershed of said river and its tributaries) by use of wells or pumps * * * shall be added to any surface diversions by the defendants from the waters of said river" in "determining defendants' total diversions of the waters of the Temecula-Santa Margarita River and its tributaries * * *."

As a consequence it is evident that if Vail Company drills wells for purposes of irrigation on the older continental alluvium depicted on United States of America-Plaintiff's Exhibit 15 E, waters extracted from that older continental alluvium are included in "determining defendants' total diversions."

- 15 -

5972

(ii) <u>Res Judicata Not Available - Does Not Meet Test Evidence to Support Claims of United States of America Under Stipulated Judgment Radically Different</u>:

"The best and most invariable test as to whether a former judgment is a bar, * * * is to inquire whether the same evidence will sustain both the present and the former action," [21] is a statement adhered to in California to determine whether the principles Fallbrook and California now seek to invoke may be applied. Obviously the answer is negative. An analysis of the right of the United States of America under the Stipulated Judgment to use water outside of the watershed against the Vail Company, to impound water, to have included in Vail's overall diversions the "percolating waters" discloses a complete variance between the issues in the Stipulated Judgment and the present cause; reveals conclusively that the evidence required to sustain the Stipulated Judgment is vastly different from the evidence in this case. Reference in regard to that indisputable fact is this authoritative statement: "* * * if different proofs are required to sustain two actions, a judgment in one of them is no bar to the other." [22] Where, as here, parties are attempting to invoke the principles of res judicata in regard to the Stipulated Judgment "* * * the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." [23] The criteria for applying that doctrine were enunciated many years ago by the Highest Court. [24] As the Stipulated Judgment is radically different from the decree which was entered and the appeal remanding the cause, there resides with the defendants the obligation of proving that in entering into the consent arrangement concluding the litigation, that the findings on geology had bearing upon the ultimate act.

---

[21] Maddux v. County Bank, 129 Cal. 665, 668-669; 62 Pac. 284 (1900).

[22] 2 Freeman on Judgments, Fifth Ed., Sec. 687, page 1448.

[23] United States v. International Building Co., 345 U.S. 502, 505 (1952).

[24] Russell v. Place, 94 U.S. 606 (1876).

It is also to be observed that if this Court should determine the geology as found in the original case is in some way related to the Stipulated Judgment, it is nevertheless an indisputable fact that the evidence required to prove this case is totally different from the original case, all as reviewed above. Based upon that fact, it necessarily follows:

> That the authorities relied upon by Fallbrook and California have no bearing upon the principles which are here involved.

(iii) <u>Authorities Relied Upon by Fallbrook and California Are Not in Point</u>:

Reliance by Fallbrook and California upon authorities which are not in point has given rise to the present phase of the controversy. Principal case which they cite, <u>Bernhard</u> v. <u>Bank of America</u>, alluded to above [25] specifically declares that successfully to invoke the principles of res judicata

> the issue decided in the prior adjudication must be
>
> "identical with the one presented in the action in question."

Reference to the obvious facts of the subject case reveals the inapplicability of the case last cited.

> What is the basis of the claim of the United States of America
>
> against Vail Company?
>
> It is the Stipulated Judgment.
>
> What are the claims of the United States of America against
>
> other defendants?
>
> They are the riparian, prescriptive and appropriative rights
>
> of the United States of America.

Obviously "different proofs are required to sustain" the Stipulated Judgment and the claims of the United States of America against other defendants.

It is assumed that Fallbrook and California will take appropriate steps to revise their pleadings to the end that the issue they now raise may be disposed of at an early date. The error of that position has already been reviewed.

---

[25]/ Footnote 20 supra.

- 17 -

5974

## MERGER OF ALL CLAIMS OF RANCHO SANTA MARGARITA AND VAIL COMPANY INTO STIPULATED JUDGMENT

There have been reviewed in this Memorandum the great differences between the Stipulated Judgment and the case which was tried, reversed and remanded. There has been reviewed the fact that Vail Company has at all times espoused the geology proved by the United States of America in this case. Emphasized has been Vail Company's failure to sustain their challenge to the Stipulated Judgment.

It is important to review briefly the precise effect of the Stipulated Judgment between Vail Company and Rancho Santa Margarita. Primarily it was entered into for the purpose of culminating costly litigation. Secondly it awarded each party as against the other a specified percentage of the total entitlement of both parties. That agreement as to apportionment was not limited to riparian rights. It related to all rights including percolating ground waters.

All claims as between Vail Company and the predecessor in interest of the United States of America were merged in a single document - a document which is in no way related to the issues originally tried which were strictly limited to the correlative riparian rights of the parties. The claims or causes of action between the parties were merged conclusively by the Stipulated Judgment. There remained as between the parties no further basis of conflict - they were in the words of Freeman, "merged into the judgment." [26/] As to third parties, however, the Stipulated Judgment is not binding.

### CONCLUSION

This Court should sustain the Stipulated Judgment as to Vail Company. As to Fallbrook and California, they should be required properly to plead res judicata if they desire to rely upon it; demonstrate their willingness

---

[26/] 2 Freeman on Judgments, Fifth Edition, Page 1165, Sec. 546.

- 18 -

5975

1  to be bound by the Stipulated Judgment if they are successful in their
2  present contentions on the subject.

                              UNITED STATES OF AMERICA

                              J. LEE RANKIN,
                              Solicitor General


                              WILLIAM H. VEEDER,
                              Attorney, Department of Justice

Dated: