FILED

1   STANLEY MOSK, Attorney General
       of the State of California
2   F. G. GIRARD, Deputy Attorney General     OCT 10 1960
    Library and Courts Building
3   Sacramento 14,   California             CLERK, U.S. DISTRICT COURT
    Telephone:  Hickory 5-4711, Ext. 5448   SOUTHERN DISTRICT OF CALIFORNIA
4                                           By _____
                                                   DEPUTY CLERK
5

6

7            IN THE UNITED STATES DISTRICT COURT

8                SOUTHERN DISTRICT OF CALIFORNIA

9                    SOUTHERN DIVISION

10

11  UNITED STATES OF AMERICA,          )
                                       )   No. 1247-SD-C
12                     Plaintiff,      )
                                       )
13          vs.                        )   REPLY OF THE STATE OF
                                       )   CALIFORNIA TO THE
14  FALLBROOK UTILITY DISTRICT, et al.,)   BRIEF OF THE UNITED
                                       )   STATES REGARDING
15                     Defendants.     )   RES JUDICATA ISSUE.
                                       )
16

17          A careful review of the United States' brief which

18  was filed following the request of the Court at the last

19  hearing would at least indicate that counsel for the United

20  States have not even made a serious attempt to consider the

21  specific legal problem to which the Court requested they

22  direct their attention.

23          The question presented was whether the findings of

24  fact and judgment entered on May 5, 1930 which defined and

25  limited the ground waters of the River to the recent alluvium,

26  can, under the doctrine of res judicata, be held binding upon

27  those defendants in this case who were parties (or their suc-

28  cessors) to the former action.

29          In considering this question, counsel for the United

30  States discuss at great length the Stipulated Judgment entered

31  in 1940, but carefully avoid the discussion of the one point

5977

1  concerning the Stipulated Judgment which is even remotely
2  relevant to the instant legal problem.  That point is of course
3  the fact that the Stipulated Judgment did not attempt to de-
4  fine the ground waters of the River.  Thus on _that_ issue
5  the 1930 Judgment is the _only_ judicial determination, and it can
6  not be contended that the Stipulated Judgment was intended to
7  modify the 1930 findings of fact and judgment on _that_ issue.
8        Such provisions of the Stipulated Judgment as those
9  providing for use of water outside the watershed, for surface
10  stream maintenance and surface storage are completely irrele-
11  vant to the single issue to which the doctrine of res judicata is
12  sought to be applied.
13        Counsel for the United States apparently are con-
14  tending that the Stipulated Judgment completely wiped out the
15  1930 Judgment (p. 14-16 of their brief) and that it was
16  completely superseded by the Stipulated Judgment.  This result
17  would place the United States in the untenable position of
18  claiming water under the Stipulated Judgment from a source
19  which is not defined.  Certainly as to ground waters of a
20  river a judgment determining rights thereto which did not
21  define the extent thereof in the sense of a physical boundary
22  on channel would be completely ineffectual (California Water
23  Code, section 1200; _City of Los Angeles_ v. _Pomeroy_, 124 Cal.597,
24  634).  The only way that the Stipulated Judgment can be
25  construed so as to give it any meaning is to construe it in
26  harmony with the 1930 Judgment.  In that 1930 Judgment the
27  River is defined and the ground waters of the River are limited
28  by findings setting forth physical boundaries.  Without such
29  findings the Stipulated Judgment would be completely value-
30  less insofar as determining rights to ground water.  How
31  could any Court adjudicate rights to ground water without

2

defining the water to which the right relates?  The right to
the ground water of a River cannot be determined by merely
referring to the surface River for unless the ground water is
in a known and definite channel it is not a part of that
River (Water Code, section 1200).  In fact, those claiming that
ground waters are part of a river must overcome a presumption
to the contrary (Arroyo Ditch and Water Co. v. Baldwin, 155 Cal.
280).  There is just no evidence or reason to support a con-
tention that those findings in the 1930 Judgment which limited
the ground waters of the River to the area of recent alluvium
were effected in the slightest degree by the Stipulated Judg-
ment.  In fact insofar as ground waters are concerned if that
were the result the Stipulated Judgment would be legally
ineffectual insofar as it determined any right to the use of
ground water.

One other point which counsel for the United States
have not recognized is that the doctrine of res judicata does
not require that every issue in the original case be identical
to all the issues raised in the subsequent case.  All that is
required is that the single issue to which the doctrine is
sought to be asserted be identical to an issue before the
Court in the second litigation.  As stated by the California
Supreme Court:

"In determining the validity of a plea of res
judicata three questions are pertinent: Was the issue
decided in the prior adjudication identical with the
one presented in the action in question?  Was there a
final judgment on the merits?  Was the party against
whom the plea is asserted a party or in privity with
a party to the prior adjudication?"  Bernhard v. Bank of
America, 19 Cal.2d 807, 813.  (Emphasis added).

3

5979

For example, A & B are riding in a car owned and driven by C.  A is a business invitee and B a guest.  While approaching a curve at a high rate of speed C loses control of the car and it hits a tree.  A suffers a broken leg, B a dislocated shoulder.  A sues C for damages.  In this action the issues are:

    1.  C  negligence

    2.  The damages suffered by A as result of his broken leg.

It is found that C was negligent and that $10,000 was the damage resulting to A for his broken leg.  Judgment is entered accordingly.

Subsequently B sues C for damages.  In this action the issues are

    1.  C  negligence

    2.  Whether C negligence was willful or resulted from intoxication

    3.  The damages suffered by B as a result of his dislocated shoulder.

As to the issue of C negligence B can assert the doctrine of res judicata for that was the identical issue decided in the prior case against C.  However, the other issues, i. e., whether C negligence was willful or the result of intoxication, and the extent of B damages resulting from his dislocated shoulder are not subject to the res judicata doctrine and must be established by B.

There can be no doubt that the issue of the extent of the ground waters of the River is identical in the instant case to the issue decided in the litigation between Rancho Santa Margarita and Vail.  In fact this is admitted by the United States in its brief (possibly inadvertently) for on pages 3-5

4

5980

1  they contend that Vail was not mistaken as to geology during

2  the first litigation for Vail undertook to prove the same

3  geological concept which the United States has proved in this

4  case.  In other words, the United States admits that there was

5  evidence in the first trial on the issue of the extent of the

6  ground waters of the River identical to the evidence in the

7  instant case.  They admit that Vail made the same contentions

8  in the original case that the United States is making in this

9  trial.  This would appear to end the matter as to whether the

10  issue of the extent of the ground waters of the stream was

11  identical.  Obviously it was.

12  There was, of course, a final judgment and the United

13  States against whom the plea of res judicata is asserted is in

14  privity with a party of the prior adjudication.  Every require-

15  ment for the assertion of the res judicata plea set forth by the

16  Supreme Court in the Bernhart case supra has been met.

17  While counsel for the United States dwells at great

18  length on the state of the pleadings we presume that the Court

19  is interested more in the merits of the legal question presented

20  and we will not discuss that issue except to state that the

21  Court may permit amendments to the pleadings when appropriate.

22  In the United States' brief counsel advance several

23  contentions which are so devoid of any semblance of merit as

24  to not be worthy of serious discussion.  For example it is

25  stated that if Fallbrook asserts the doctrine of res judicata

26  as to the extent of the ground waters of the River they become

27  bound by the provisions of the Stipulated Judgment.  In the

28  first place the res judicata plea is directed to an issue deter-

29  mined in the 1930 Judgment, not the Stipulated Judgment.  In

30  the second place the doctrine of res judicata does not mean

31  that the party asserting it is bound by the prior judgment but

5

5981

1   only that the party to whom the doctrine is directed is bound.

2       In conclusion it is felt that the United States' brief

3   can best be characterized as one which has not met the issue

4   to which it should have been directed.  It is evasive on that

5   issue, and an attempt has been made to cloud that issue by

6   a concentrated effort to discuss matters completely irrelevant

7   to that issue.

8   DATED:   October 7, 1960.

9                           STANLEY MOSK, Attorney General

11              By: _____
12                       F. G. GIRARD
                         Deputy Attorney General

6

5982