GEORGE STAHLMAN
and
EARLE K. STANTON
Attorneys at Law
Route 1 P.O. Box 235
Fallbrook, California

Telephone: RAndolph 8-2310

Attorneys for Vail Company

FILED

OCT 19 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ............ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br>    Defendants. | NO. 1247-AD-C<br><br>ANSWER TO U.S. MEMORANDUM<br>ENTITLED "APPLICATION OF<br>PRINCIPLES OF RES JUDICATA",<br>ETC. |

PRELIMINARY STATEMENT

Although purporting to deal with the matter of "Res Judicata under Stipulated Judgment regarding defendants not parties to Rancho Santa Margarita v. Vail. They may not attack those principles", the present Memorandum is found to deal largely with the contention that Vail Company is estopped from attacking the Stipulated Judgment and that there has been a "total failure of Vail Company to prove a basis for setting it aside. (Memo, p. 2.) This is but a rehash of what has been previously presented by the United States and answered in detail by Vail in its "Outline of Proof", "Memorandum of Points and Authorities in re: Stipulated Judgment", and Memorandum filed in reference to Vail Dam, Pauba Well, Irrigable Acreage of Vail Company to which reference is hereby made. However, in order that there may be no misunderstanding as to Vail's position, and its contention that the Stipulated Judgment cannot be deemed res judicata or binding upon either parties to that document or non-parties, or this Court, the assertions now made by the Government in this latest Memorandum will receive attention.

The fact of the matter is that the record conclusively establishes that it

will be impossible to make any equitable adjudication of water rights compatible with present existing conditions and California water law, without entirely disregarding the unconscionable terms of the Stipulated Judgment. Its terms constitute nothing other than a colossal stumbling block, outmoded and inadequate, and if permitted to stand would furnish food for further litigation rather than setting the entire water situation at rest once and for all. Not only is this position justified by law and equity;- it is the only common sense view possible. That the presently confused situation should be clarified and righted cannot well be doubted.

To one familiar with the history of the Vail-Santa Margarita litigation prior to the entry of the Stipulated Judgment, it is obvious that the latter document is ambiguous and incomplete in many respects. It makes no attempt to define the ground waters of the river system although that is one of the important matters which the Stipulated Judgment purports to settle. How then, can this Judgment be deemed res judicata concerning a matter which is undefined and undetermined? Either the parties intended to abide by what had been previously and incorrectly found to be facts, or the Stipulated Judgment is fatally defective and meaningless so far as determining the rights of the parties. In any event it seems evident that the Stipulated Judgment is a document which should not and cannot well be permitted to stand as a barrier to the making of a fair and equitable determination of water rights. And this matter, of course, concerns not merely Vail and the Government, but every person within the watershed having riparian or other water rights.

Obviously the United States cannot predicate its rights to water upon such an incomplete, ambiguous and unconscionable document as the Stipulated Judgment which completely fails to define or limit the very matter which it purports to determine.

So far as the contents of the U.S. Memorandum is directed to the State of California and Fallbrook Utility District, or other defendants, the Vail Company must leave their answers to such defendants, and will confine its present answer to those allegations which seek to deny the Vail Company the right to abrogate the terms of the Stipulated Judgment.

1  The Memorandum now submitted by the Government seems confused and
2  uncertain in respect to both facts and law. The United States, as in previous
3  memoranda, still seeks to accept and rake advantage of the favorable portions
4  of the Stipulated Judgment giving it two-thirds of all the water, and requiring
5  the Vail Company to insure a three (3) second foot flow at Station No. 3, etc.,
6  but to ignore any of the more unfavorable aspects thereof.

7  By constant and repeated reference to its military operations the Govern-
8  ment implies that it is entitled to much greater consideration than other ri-
9  parian owners, and that these other water users including Vail and the many
10 ranchers now occupying land within the watershed, should see to it that the
11 Government is supplied with the vast quantities of water needed for such mili-
12 tary operations. Such, of course, is not the law.

I

THERE IS NO ESTOPPEL ON THE PART OF THE VAIL COMPANY

Again, the Government contends that the Vail Company is estopped by (a) "Construction of Vail Dam"; (b) "Securing withdrawal of a protest by the United States to the building of Vail Dam"; )c) "Been Greatly enriched by the drilling of the Naval Well" by the Government; (d) "Fully cooperated" with the United States, "while the latter constructed much of the multi-million dollar Camp Pendleton outside of the watershed and used Santa Margarita River water to supply that Camp". ( U.S. Memo, pp. 1, 2).

These matters have been fully treated and refuted in the previous briefs and memoranda filed by the Vail Company. The record is quite clear that there has been no act or conduct of the Vail Company at any time which would or should preclude it from now urging that the Stipulated Judgment be abrogated and that this Court now make a new and complete apportionment of water according to equity and the water law of California.

So far as the construction of Vail Dam is concerned, this project has been and is beneficial to all water users including the United States since it con-serves flood waters which would otherwise be wasted. Certainly the United States, which allows great quantities of water to escape into the ocean rather than conserving the same, is not in a position to complain because the Vail

-3-

1  Company thriftily impounds flood waters behind Vail Dam. It appears that the
2  water which Vail thus saves, the Government wastes.
3       In reference to the alleged withdrawal of protest by the United States
4  to the construction of Vail Dam, the record clearly shows that the Government
5  continued its protest to the end, and appeared at the hearing before the Division
6  of Water Resources, where, as appears from Exhibit Vail AK3, "the Navy did
7  not recede from its protest in any particular". All information submitted by the
8  Government in reference to this matter was duly considered along with other
9  evidence, with the result that the Vail Company was granted permission to build
10 the Dam. Certainly there could be no possible estoppel on the part of the Vail
11 Company under these conditions.
12      This matter of alleged estoppel has been treated in detail in the Vail
13 Company's "Memorandum in re: Vail Dam", heretofore submitted, to which re-
14 ference is hereby made. Not one but many exhibits there referred to made it
15 quite plain that the Government was in no manner lulled into inaction by any con-
16 duct of Vail Company, and that the Vail Company petition was granted on the
17 merits and after due consideration of the Government's opposition.
18      There is therefore no merit to the contention that the Vail Company
19 is estopped by its conduction with respect to the permission granted for the
20 building of Vail Dam.
21      Likewise, the contention that the Vail Company is estopped because
22 it has been "greatly enriched by the drilling of the Naval Well" by the Govern-
23 ment, is entirely devoid of merit. This also has been treated in detail in Vail's
24 "Memorandum re: Pauba Well", filed herein. To avoid repetition, reference is
25 made thereto.
26      The record makes it entirely plain that Vail did not induce the Govern-
27 ment to drill this well, did not ask for it, and did not need it; but that the Govern-
28 ment sought permission to drill the well for exploratory purposes and that the Vail
29 Company granted a revocable permit to drill on its land in ignornace of the forth-
30 coming litigation by the United States. This well served its purpose as an ex-
31 ploratory operation but in no way enriched the Vail Company, and that by reason
32 of the quality of water produced therefrom was of no particular value to Vail.

That the Vail Company "fully cooperated" with the Government while the latter constructed Camp Pendleton outside the watershed and used Santa Margarita water to supply that Camp, furnishes no ground for estoppel. Certainly, in the construction and operation of Camp Pendleton, the United States has proceeded under the assumption that its military use entitled it to paramount and superior rights over other water users. This military use was, of course, entirely different from the ranching use of its predecessor, Santa Margarita Rancho, contemplated in the Stipulated Judgment, and much greater. Actually, the Government neither sought nor made use of "cooperation" by Vail or anyone else, but proceeded independently in its own sweet way regardless of the rights of other water users, and, for that matter without regard for the Stipulated Judgment except in so far as the provisions thereof were favorable to the Government's desires.

In none of the claimed acts of estoppel on the part of Vail Company, is there anything which can in any respect be deemed to have mislead the Government or which under the principles of equity can now preclude the Vail Company from seeking the abrogation of the highly unconscionable Stipulated Judgment.

II

THE GOVERNMENT'S CONTENTION ( Memorandum, p. 3, et eq).
THAT VAIL HAS FAILED TO ESTABLISH ANY GROUND FOR ABROGATION OF THE STIPULATED JUDGMENT IS WITHOUT MERIT.

As set forth in Vail's previous memoranda, and in oral argument, the record discloses not one but many valid grounds for abrogation of the Stipulated Judgment in favor of making a new, complete and equitable apportionment of water. Singly, any one of these grounds would amply suffice;- together they furnish an insurmountable reason justifying this Court in ignoring this outmoded and unconscionable Stipulated Judgment.

(A) THE STIPULATED JUDGMENT IS NOTHING BUT A STUMBLE BLOCK TO THE MAKING OF AN EQUITABLE APPORTIONMENT OF WATER.

In this respect it is pointless to say that parties other than those signatory thereto are not bound by the Stipulated Judgment. Bound or not, they are affected by its terms, and since they are now parties to this present litigation, it may

well be that they will ultimately find themselves bound by its terms should the Judgment be sustained. And neither law nor equity contemplates a situation where one yardstick will be applied to two large water users, and another entirely different measuring stick applied to other and lesser users. This is precisely what would happen if the Stipulated Judgment were to stand.

The Stipulated Judgment did not, as the Government says (Memo. page 18, lines 11-13), award "each party as against the other a specified percentage of the total entitlement of both parties". What it expressly purported to do was to divide all "of the water of said Temecula-Santa Margarita River and all its tributaries, (Sec. 2 and 3 of Stipulated Judgment), without any regard whatsoever for any other water users save only two intervenors who were given very small and inadequate portions. The unconscionable feature of such an arrangement needs no comment.

This procedure of dividing all of the river system water between the two large ranches, is, indeed, quite comparable with the two examples mentioned by this Court, (Transcript, Vol. 95, pp. 10, 623, 624,). In one of these examples, two big land owners "sit down and agree among themselves how this roadway is going to be used, and they agree that they will have the major use of this roadway and won't pay any attention to various other people who have some rights in the roadway". The other example relates to a hundred acres of woodland owned by various people, "and a couple of the people who have the biggest interests decide they are going to cut the wood off of this property and agree among themselves that they will take the wood on the property one a third and one two-thirds."

After commenting on the fact that a decree would not affect the rights of the other owners, this Court submits the query: "Would a Court feel that this was entered into so obviously in mistake of what the law was and that it was of such a mischievous nature that it would just be set aside as being only a decree that would embarrass when it came to apportioning the rights of the people to their common rights in this wooded grove?"

The answer to this Court's query seems obvious, namely that such a decree as we have here, dividing all the water between the two ranches, would

undoubtedly embarrass any Court when called upon to apportion the water between the many persons entitled to use a portion thereof. Such a decree should be set aside "as being just mischievous trouble making and of no particular help to anybody because of the fact that it was entered under the apparent mistake that the two land owners had a right to" control the situation. ( R. T. Vol. 95, p. 10,623, line 21, et seq.)

Were there nothing else in the entire case, this feature of the Stipulated Judgment would justify a Court in abrogating its terms and making a reapportionment in accord with present conditions and equitable principles. But there is much else in this case.

When the Government in its lastest Memorandum, argues that there has been "Total failure of Vail Company to prove grounds for the drastic invasion by a Federal Court upon the jurisdiction of a State Court", and that proof should be clear and convinving, this stumbling block phase of the matter has been completely ignored. Under the showing made nothing could be more clear or convincing than that the terms of the Stipulated Judgment are embarrassing and unconscionable, and that they were entered into under serious mistakes of both law and fact.

(B) MISTAKE OF FACT.

In addition to the fundamental mistake of law that Vail and Santa Margarita could divide all the water between themselves without regard for other water users, the record discloses many material mistakes of fact entertained by the parties when the Stipulated Judgment was signed. These have heretofore been discussed in detail in Vail's "Outline of Proof as to setting aside of Stipulated Judgment", filed December 11, 1959, to which reference is hereby made. On pages 2 and 3 of that document appears an outline of the various mistakes which the evidence clearly shows. They relate to the following material matters:

    A. Geologic and hydrologic conditions.
    B. Future development and scientific advancement.
    C. Establishment of Camp Pendleton and its water use.
    D. Rights of others not parties to the judgment.
    E. Difficulty and impossibility of carrying out judgment.
    F. Fact that Vail would never be able to get its one-third.

It is to be noted that each and every one of these mistakes relates to highly

material matters and furnish undoubted reason for the abrogation of the Stipulated Judgment;-together they make it certain that without so doing, it will be impossible for the Court to make a complete and equitable apportionment.

The Government's dogmatic statements (pages 3, 4 of Memorandum) that no mistake have been shown in respect to geology within the water basin are not in accord with the facts and evidence. What the parties knew about these matters at the time of the Stipulated Judgment is, of course, mirrored in that Judgment, and in the previous findings which necessarily must have been in the parties' minds when that judgment was entered. Evidence offered in the present case as to storage basin extent and volume, stream flows, extent of the stream system itself, geologic and hydrologic facts concerning both surface and underground water, and indeed, the entire water situation within the watershed, presents an entirely different picture from that in the minds of the parties when the Stipulated Judgment was entered. And, as before noted, these matters were not merely incidental, collateral or immaterial but were of the utmost importance.

Moreover, at that time it was not known that the establishment of military plants by the United States would entirely alter the situation and that the water use would be vastly different from that of Rancho Santa Margarita, and, of course, much greater. Nor could it be known at that time that there would be many more water users within the district, resulting in increased diversions and abstractions materially altering the entire water situation, and seriously affecting the Vail Company's ability to obtain its stipulated one-third of all the water.

An outstanding example of the parties' mistaken belief is the fact that part of the river system, namely Murrieta Creek, was then deemed of little or no value, whereas it is now known to constitute a valuable asset made use of by many ranchers.

How then, in view of these important items of evidence, can the Government now say that no mistake has been shown? On the contrary, mistakes both of law and of fact, and of collosal importance have been clearly established.

(C) UNCONSCIONABLE NATURE OF STIPULATED JUDGMENT.

It is to be noted that the Government has entirely failed to comment on this important ground for abrogating the Stipulated Judgment. As already

pointed out in previous memoranda, this Court is empowered to ignore and abrogate the terms of an unconscionable and inequitable document such as the Stipulated Judgment. That this Judgment is unconscionable and inequitable and incapable of enforcement cannot be doubted.

An arrangement such as we have here, entered into between two large ranch owners and utterly ignoring other water users could hardly be anything but unconscionable. And when read in the light of present day conditions, changed as they now are, the inequity of the situation can hardly be exaggerated. It simply does not meet the needs of today, and unless abrogated in toto, will continue to harass and plague the water basin and its inhabitants. The ambiguity of its provisions makes it impossible to interpret its meaning and, as previously pointed out, its provisions follow neither law nor equity.

Consider, for example, the pernicious requirement that Vail must always furnish a designated water flow for Santa Margarita's benefit, even though performance of this arbitrary duty would disastrously affect other water users and virtually result in water bankruptcy.

Since a large part of the stream flow is now abstracted and diverted by water users above the Vail Ranch, it is impossible for Vail to obtain anything like the one-third provided in the Judgment. And although possessing more irrigable riparian acreage than Santa Margarita which gets two-thirds of all water, Vail is given a mere one-third, and is not able to actually obtain even this amount.

And the Stipulated Judgment contains no provision for any continuing jurisdiction so that water allocations may be adjusted to changing conditions;- it arbitrarily attempts to fix the matter for all time to come.

An outstanding example of the inequitable nature of the Stipulated Judgment and its effect upon other water users is to be found in the Government's insistence that it is entitled to export water from the watershed to supply its vast military requirements, and to assume it to be the duty of upper water users to see to it that such water is forthcoming. It should be remembered that when the Stipulated Judgment provided for use of riparian water outside the watershed, ordinary ranch usage and not military use was contemplated. In other

words, conditions have completely changed since the date of the Stipulated Judgment, so that it can no longer be deemed applicable or equitable. To say that only Vail and the United States are concerned with or affected by such matters is to ignore completely the rights of the many other interested parties. Whether such other water users are bound by its provisions is beside the point; they are disastrously affected by its provisions, and have a right to complain of anything other than a completely equitable apportionment of water.

Much of the matter contained in the present U.S. Memorandum, as in previous memoranda, completely ignores the fact that this action was instituted by the Government for the purpose of determining all water rights according to law and equity, and that in making such an adjudication, this Court is entitled to examine the entire controversy, not merely with respect to the rights of the United States and Vail but to the end that the rights of all parties shall be protected. If the Stipulated Judgment is deemed outmoded and unconscionable, interfering with such and equitable allocation, it is within the Court's jurisdiction to enjoin its enforcement and to proceed with the business of determining water rights as though it had never existed. No talk of res judicata can interfere with that right.

## CONCLUSION

The Government's statement (Memo. p. 18,) that "All claims between Vail Company and the predecessor in interest of the United States of America were merged in a single document", namely the Stipulated Judgment, and that this judgment should be sustained, is without meaning since the evidence indicates that such judgment was entered into under mistake of law and fact, and where, under present conditions its provisions are found to be inequitable and unconscionable.

Nor does the fact that the Stipulated Judgment was "entered into for the purpose of culminating costly litigation," change the situation. To terminate this costly litigation by entering into stipulation inimical to other water users and inequitable as to all parties concerned, makes the situation worse rather than better.

Since this Court is now called upon to adjudicate all water rights within the watershed such a mistaken and inequitable document as the Stipulated Judgment

cannot be allowed to stand in the way of a complete and fair determination which will measure the rights of all parties in accordance with California water law, and and using the same yardstick in respect to Vail and the Government as is applied in the case of the other water users.

It is respectfully submitted that the Stipulated Judgment is not res adjudicata, nor binding upon either the parties thereto or this Court, and that the same should be abrogated so that a fair and proper adjudication may be made in the interest of all parties.

DATED: Oct. 18, 1960.

_____
GEORGE STAHLMAN

_____
EARLE K. STANTON
Attorneys for Vail Company

-11-