LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK, CALIFORNIA
RAndolph 8-1154

(SPACE BELOW FOR FILING STAMP ONLY)

FILED

NOV 16 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ......................

Attorneys for __Defendants__

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of the<br>State of California, et al.,<br><br>   Defendants. | No. 1247-SD-C<br><br>MEMORANDUM OF<br>POINTS AND AUTHORITIES |

I

AUTHORITY FOR MOTION

Rule 56 is broad in its terms, and applies in all actions, legal, equitable, declaratory, etc. The procedure is designed to go behind the formal pleadings and get at the real facts in issue, and the fundamental question to be determined is whether or not there is a "genuine issue as to a material fact".

   6 Moore, Federal Practice, ch. 56

II

FACTS

Each of the moving defendants has pleaded as an affirmative defense that he has riparian rights to the use of water of the Santa Margarita River system, by reason of the fact his lands formerly abutted upon or were traversed by streams of that river system; that actual contact with the stream was lost by reason of

- 1 -

6059

a conveyance to Fallbrook Public Utility District of a portion of his lands; but that by reason of a reservation of riparian rights contained in such conveyance the remainder of his lands still enjoy full riparian rights.

The express language of each of the reservations is set forth later in this Memorandum. The grant deeds containing such reservations are in evidence in these proceedings, and the only issue before the Court as to the <u>riparian rights</u> of defendants is the effect of the reservations set forth above.

### III

### RESERVATION OF RIPARIAN RIGHTS

The basic rule is stated in 52 Cal. Jur.(2d) <u>Waters</u>, Sec. 575 as: " (But)the right to use waters is a proper subject for reservations and exceptions from grants."

The same rule is more fully stated in Hutchins, <u>The California Law of Water Rights</u>, 193, as follows:

> "It is competent for a riparian owner to convey to one person a portion of his land abutting upon a stream, reserving and excepting from the grant the water rights attached to such land, and later to convey to another person not only the remaining portion of his riparian land but also the water rights so reserved and excepted from the first conveyance. In such case all the water rights originally appertaining to the entire riparian tract are available for use on the portion covered by the second conveyance. (Cases cited)

The leading case on the proposition, cited in both Cal. Jur. and Hutchins, is <u>Forest Lakes Mutual Water Company vs Santa Cruz Land Title Co.</u> (1929) 98 C.A. 489; 277 P. 172. In that case the court held the reservation and subsequent conveyance valid, stating that the "reservation" was in effect an "exception", excepting the water rights from the first grant. While the exact language of the reservation is not stated, the facts appear to be identical to those before us.

The reservations involved in this proceeding read as follows:

LAW OFFICES
SACHSE AND PRICE
1002 S. MAIN STREET
FALLBROOK, CALIF.
RAndolph 8-1154

- 2 -

6060

In the cases of Bouslog, Keller and Monfort; Jennings and Peters:

"Save and except all riparian rights which are retained and reserved for owners use upon the remainer of his land(s)".

In the cases of Hayes and Stenton:

"Save and except all riparian rights which are retained and reserved for Grantors use upon the remainder of his land".

In the case of Sill there are two separate deeds, each with a different reservation:

a). "Also excepting all riparian rights which are retained and reserved for Owner's use upon the remainder of his said lands, excepting that when the owners of said remaining lands or some substantial portion thereof are annexed to the District, the owners irrevocably designate and appoint the District their representative and agent."

b). "Save and except all riparian rights which are retained and reserved for grantors use upon the remainder of his land."

In the discussion that follows, it is assumed that the effect of each of the foregoing reservations is the same, and that the minor differences in language can be dis-regarded. The attempted designation of Fallbrook Public Utility District as "representative and agent" in the first Sill reservation is of no materiality, since Sill himself is still the owner and is asserting the riparian right.

The most recent discussion of the principle is found in Carlsbad Mut. Water Co. vs San Luis Rey Development Co. (1947) 78 Cal.App.(2d)900; 178 P(2d) 844. That case expressly approves the rules stated in the Forest Lake Mutual Case cited above. Exhaustive search of California authorities has failed to disclose any statements to the contrary.

IV

EFFECT OF THE ISSUE IN THESE PROCEEDINGS

Each of the defendants covered by this motion is the owner of lands which wholly overlie areas indicated as Residuum

LAW OFFICES
BACHSE AND PRICE
1002 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 3 -

6061

or Basement Complex on United States Exhibits. Bach has no interest in these proceedings beyond the desire to protect his right to proper riparian uses of water. Their riparian rights are wholly dependent upon the reservations quoted, since their lands no longer physically abut upon any stream. A determination of the validity of the reservation will eliminate the only obstacle to the immediate entry of an Interlocutory Judgment in each case.

Dated: November 14, 1960.

Respectfully submitted,

SACHSE and PRICE

by _[signature]_
Attorneys for defendants

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RAndolph 8-1154

6063

**PROOF OF SERVICE BY MAIL — 1013a, 2015.5 C.C.**

STATE OF CALIFORNIA } ss.
COUNTY OF San Diego }   No. 1247-SD-C

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is:

1092 South Main Street, Fallbrook, California

On the November 15, 19 60, I served the within copy of Motion for Summary Judgment and Memorandum of Points and Authorities

on the Plaintiff _____ in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States post office mail box at Fallbrook, California addressed as follows:

Mr. William H. Veeder          and:    Mr. William H. Veeder
Department of Justice                  325 W. "F" Street
Washington 25, D. C.                   San Diego, California

I certify (or declare), under penalty of perjury,* that the foregoing is true and correct.

Executed on November 15, 1960    at    Fallbrook,                California
              (date)                        (place)
                                         (Signature)

*The proof of service by mail form, being signed under penalty of perjury, does not require notarization.

Received copy of the within _____ this _____ day of _____ 19 _____

Attorney for _____

Stewart Form 23-P