FILED

DEC 29 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY M. [illegible] Deputy

SACHSE and PRICE
Attorneys at Law
1092 South Main Street
Fallbrook, California
RAndolph 8-1154

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., Defendants.

No. 1247-SD-C

ANALYSIS OF ISSUES AND PROPOSED ORDER OF PROOF

As directed by the Court, there is submitted herewith an analysis of the issues in the within cause, indicating the present state of proof as to each, together with a suggested procedure intended to dispose of the case in a minimum of time. This analysis considers the issues in the order in which they appear in PRETRIAL ORDER ON ISSUES AND EXHIBITS. Counsel are requested to submit any proposed additions, corrections or suggestions to the Court prior to January 31, 1961.

I

ISSUES OF FACT TO BE ADJUDICATED

A. Description of Riparian and Overlying Lands.

The United States has offered into evidence ownership maps and exhibits indicating the apparent owners and legal description of all lands involved in the litigation.



6118

copy read. C

1. Description of riparian lands.

It has been stipulated that riparian status will be determined by reference to the ownership maps prepared by the United States, unless contradictory evidence is offered.

2. Description of lands overlying ground waters which are a part of the Santa Margarita River or its tributaries.

The determination of areas within which ground waters are or are not part of the Santa Margarita River system is complete, and the Court has indicated its tentative findings on the subject, in all areas except Coahuila and Anza Valleys and the extreme upper Temecula Creek watershed.

B. Irrigated and irrigable lands.

Evidence as to irrigable lands has been offered for all defendants excepting those who declined to do so. It has been stipulated that no such evidence need be offered as to areas of basement complex or residuum.

C. Perfected appropriative rights.

The Court has directed preparation of Orders to Show Cause directing all answering defendants who have not yet offered proof of their claimed appropriative rights to do so on or shortly after January 31, 1961. Only minor claims are involved.

D. Inchoate appropriative rights.

The same comments made under C, above, apply to this class of claims.

E. Prescriptive rights.

The same comments made under C, above, apply to this class of claims.

F. Riparian rights.

The existence of riparian rights can be determined

on the basis of ownership maps in evidence, subject to possible proof of severance or other loss of right . Evidence as to the details of exercise of the right is not material at this time since no regulation or apportionment of riparians is contemplated.

G. Overlying rights.

The determination of those areas of the watershed within which such rights may exist will be complete when the evidence on Coahuila and Anza Valleys has been offered.

H. Nature and Extent of Water Uses Within the Military Enclave.

Evidence on this issue is complete except for proof designed to make current the previously offered evidence. Such proof will be made at the hearings commencing January 31, 1961.

I. Historical Use of Water on the Rancho Santa Margarita.

Evidence on this issue is complete.

J. Ground Water Basins in the Santa Margarita River Watershed.

Evidence on this issue is complete except as to Anza and Coahuila Valleys.

K. Precipitation and run-off data.

Evidence on this issue is complete.

L. Soils data.

Evidence on this issue is complete.

M. Duty of Water.

Evidence on this issue is complete.

N. Corporate Facts, (Fallbrook P.U.D.; Rainbow M.W.D. and Santa Margarita Mutual Water Company).

Rainbow M.W.D. and Santa Margarita Mutual Water Co. are no longer involved in the proceedings.

Evidence relating to Fallbrook Public Utility

District is complete. The legal question of ultra vires and related issues has been ordered briefed and is set for argument the week of January 31, 1961.

O. Waters the rights to which are to be adjudicated.

Evidence on this issue is complete. The Court has ruled on all sections of the watershed excepting Coahuila and Anza Valleys and the extreme upper Temecula Creek watershed.

P. Rights to Use of Water Claimed by the United States other than in connection with the Military Enclave.

Evidence on this issue is complete except for possible minor additions relating to the upper Temecula Creek watershed and Coahuila and Anza Valleys.

Q. Issues Proposed by Fallbrook.

Evidence on these issues is complete.

R. The Vail-Santa Margarita Stipulated Judgment.

Evidence on this issue is complete. The Court will rule on the question the hearings of Janguagy 31, 1961.

II

ISSUES DETERMINED IN THE PRE-TRIAL OPINION

The PRE-TRIAL ORDER contains the following language:

> "At the trial and in the decision of this action, the Court will rule in accordance with the following principles, unless controlling precedents to the contrary are called to the attention of the Court or modification is necessary to prevent manifest injustice.".

No such "controlling precedents" are known to the undersigned. The issues of law thus disposed of by the Pre-Trial Opinion can be summarized as follows:

1. Interpretation of the Stipulation of November 29, 1951.

2. Effect of the rulings of the Circuit Court of Appeals.



6121

3. The United States may not, as a riparian owner, compel upstream water users or calimants to release water for use by the United States outside the watershed.

4. Military use by the United States within the enclave may or may not be reasonable depending on the facts as to the use.

5. The United States may not, as a riparian, compel upstream users or claimants to release water for seasonal or cyclic storage.

6. Diversion or pumping by the United States on the military enclave, being downstream from all other users or claimants, can not confer rights by prescription.

7. Except as to appropriative rights which may have been perfected by its predecessor, the United States can have no appropriative rights in the reservation unless it proves compliance with State law.

8. The Stipulation of Nov. 29, 1951 forecloses the United States from asserting rights as a sovereign against upstream users or claimants.

9. This action does not involve rights to percolating ground water which is factually not a part of the Santa Margarita River system.

10. Diversion or pumping by the United States on the military enclave, being downstream from all other claimants or users, could not result in the acquisition of water rights by inverse condemnation.

11. The Court will not perform the quasi-legislative function of determining the right to appropriate unappropriated waters of the Santa Margarita River.

12. Judicial review of State Water Rights Board decisions may be had after exhaustion of adminbtrative remedies.

13. The Court will not rule on which of several

competing applicants for permits to appropriate water shall receive a permit.

14. The action of the State Water Rights Board is not subject to collateral attack.

15. Specifically, the Court does not have jurisdiction to review the actions of the State Water Rights Board respecting applications to appropriate water.

III

ISSUES OF LAW TO BE DETERMINED

Issues of Law stated in the Pre-Trial Order, and present status of each as to proof, are as follows:

1. Are the military uses by the United States within the enclave reasonable riparian uses?

2. Does the United States as a riparian, have the right to use water for irrigation purposes on a military reservation?

3. Are the water-spreading activities of the United States reasonable and proper riparian uses?

4. To what extent is the United States as a riparian owner entitled to compel upstream users and claimants to release water for the purpose of maintaining the underground basin and preventing salt water intrusion?

5. May a riparian or overlying owner require release of water by upstream users or claimants to maintain the ground water level high enough to sub-irrigate natural vegetation?

None of the foregoing issues is material to a determination in this case unless and until a request for regulation is made.

6. What appropriative rights does the United States have by virtue of succession from its predecessor owner of the enclave?

This issue remains to be determined, but all evidence is in the record.

7. Does the diversion by a riparian owner without storage, for use on riparian land, result in the acquisition of appropriative or prescriptive rights, or is such diversion and use necessarily included within the riparian right?

This issue has been raised in the cases of defendants Gibbon & Cottle as well as by the United States. At such time as the Court approves Findings in the case of Gibbon & Cottle it is assumed the issue will be disposed of as to all parties.

8. What are the rights of the United States by virtue of the Stipulated Judgment in Santa Margarita v. Vail?

9. Have those who are obligated to release water under the Stipulated Judgment done so?

These issues will not be material if the Stipulated Judgment is set aside.

10. Has the United States acquired any prescriptive rights to use water in the enclave by virtue of activities in connection with the Stipulated Judgment?

This issue remains to be determined.

11. Should the Stipulated Judgment be set aside?

This issue will be determined at the hearings commencing January 31, 1961.

12. Does Fallbrook have any riparian rights by virtue of its acquisition of riparian lands for its proposed dam and reservoir?

13. If so, what are the limitations on those rights?

Fallbrook has stated for the record that it only asserts the right to exercise its riparian rights on the riparian land in question for usual riparian purposes, not including re-sale. It is believed that this admission



8124

eliminates these issues.

14. What rights does Fallbrook have to divert water to riparian owners who have designated it their agent for the purpose?

There is no evidence on this issue before the Court. Fallbrook's Exhibit C has not been received into evidence and this issue is therefore no longer material.

15. Does Fallbrook have a prescriptive right to 10 miner's inches of water against the United States?

Fallbrook has abandoned this contention.

16. Are the issues of ultra vires as applied to Fallbrook relevant to these proceedings?

17. If relevant, has Fallbrook the power to appropriate and use water for other than municipal or domestic purposes?

These issues have been set for briefing and argument and will be determined at the hearings the week of January 31, 1961.

18. What restrictions should be placed on the proposed Fallbrook dam and reservoir to protect the United States and other downstream owners?

This issue is material only as a part of regulation. The only restrictions required as a part of the final decree are that all uses by Fallbrook and all exercise of its rights is subject to prior vested rights of every character which limitation is conceded by Fallbrook.

19. What is the extent of the water rights of the United States in connection with Indian reservations, national forests and other public lands outside the military enclave?

To the extent that such rights may be other than riparian, appropriative or prescriptive, this issue has not been determined.



6125

20. Do restrictions contained in Federal Statutes on the use of such lands affect the water rights of the United States?

This issue is material only at such time as there may be attempted regulation.

IV

ISSUES NOT STATED IN PRE-TRIAL ORDER

1. The principal issue not expressly stated in the PRE-TRIAL ORDER is the question of regulation of the stream. This issue is implicit as to all users, whether appropriators, prescriptors or riparians. The present understanding is that the Decree will not impose any regulation, but will simply catalogue rights. However, regulation of specific users or uses may be imposed after entry of a decree herein, by any aggrieved party obtaining an Order to Show Cause against the alleged wrongful use, upon proper proof.

2. In the event that the Court holds that the Stipulated Judgment remains in effect, an additional legal issue will be presented, i.e., the effect of the Findings and Judgment of the Trial Court in Santa Margarita v. Vail as to the extent of the stream system, and the application of the doctrines of res judicata and estoppel by judgment thereto.

3. The question of possible regulation of the ground waters in Diamond and Domenigoni Valleys was not expressly stated in the PRE-TRIAL ORDER. This issue has been determined by the Court.

V

ISSUES REMAINING TO BE DETERMINED AND PROPOSED ORDER OF PROOF

A. The following matters will be determined at the hearings the week of January 31, 1961.

1. Ruling on the Stipulated Judgment between Santa



8126

Margarita and Vail.

2. Determination and finding as to ground waters in the Lancaster Valley-Aguanga areas which are or are not part of the watershed. (U.S. Exhibit 275).

3. Consideration by the Court of Interlocutory Findings as to Wilson Creek watershed.

4. Consideration by the Court of Interlocutory Findings as to Diamond and Domenigoni Valleys.

5. Consideration by the Court of Interlocutory Findings as to Tucalota Creek watershed.

6. The offering of evidence by the United States to bring up to date the record on water uses within the military enclave.

7. Argument (briefs having been previously submitted) on the questions of the applicability of financial feasibility; irrigable acreage; availability of water; and ultra vires, as they relate to Fallbrook's claimed appropriative rights, and the consideration of Interlocutory judgment on this issue.

8. Taking of evidence offered by defendants responding to Orders to Show Cause re appropriative, prescriptive or other rights.

9. Taking evidence submitted by individual landowners in Murietta Creek sub-watershed.

10. Consideration of this Memorandum and scheduling of the balance of the trial.

B. <u>Issues remaining to be determined and suggested order of proof</u>:

1. <u>Issues of law</u>.

It is suggested that the case can be most expeditiously terminated if the Court would first dispose of issues of law as follows:



6127

a. Indicate which, if any, of the issues disposed of by the Pre-Trial Opinion (outlined in Section II hereof), are subject to further consideration and set the same for briefing and argument.

b. Set for argument the issues of law outlined in section III hereof, which remain un-determined, namely, issues 6, 10 and 19, and any others as to which the analysis of section III hereof is incorrect.

2. Issues of fact.

To finally dispose of the issues of fact remaining, the following evidence must be offered in addition to items set for the week of January 31, 1961.

a. Geologic evidence by the United States on Coahuila and Anza Valleys.

b. Evidence by the United States of any loss of riparian rights by owners whose lands appear to be riparian.

c. Evidence by individual defendants who claim appropriative or prescriptive rights. The first Orders to Show Cause on this class of defendants will be returnable January 31, 1961.

3. Preliminary statement of scope and substance of proposed decree.

Having finally ruled upon questions of law, and received the remaining factual evidence, it is suggested that the Court should state in general terms the scope and substance of its intended final decree.

4. Approval of Findings of Special Master and Interlocutory Judgments.

Notice to all parties of hearing objections to Findings of the Special Master and to previously entered Interlocutory Judgments should be sent out, accompanied by

the statement of the Court as to the scope and substance of the final decree, referred to in paragraph 3, above. This would constitute the final notice to all parties.

5. Hearing of Objections.

6. Drafting final Findings of Fact, Conclusions of Law and Decree.

VI

CONCLUSION

It is respectfully submitted that as to the major parties no further evidence remains to be taken excepting on non-controversial issues. All legal questions have been repeatedly briefed and are ready for submission and ruling. In other words, it is the opinion of the undersigned that the case could be submitted to the Court for a general statement of the nature and scope of the proposed Decree, with not to exceed ten days of evidence and argument after the hearings of the week of January 31, 1961.

Dated: December 28, 1960.

Respectfully submitted,

SACHSE and PRICE

by Franz R. Sachse

(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES
SACHSE AND PRICE
1092 SOUTH MAIN STREET
FALLBROOK, CALIFORNIA
RANDOLPH 8-1154

Attorneys for Defendants

CERTIFICATE OF SERVICE

I, FRANZ R. SACHSE, hereby certify that I am a member of the bar of the United States District Court for the Southern District of California, and that I served the foregoing Analysis of Issues and Proposed Order of Proof upon each of the following persons by sealing one copy thereof in an envelope and depositing the same in the United States Mail at Fallbrook, California on December 29, 1960, with postage thereon fully prepaid, addressed as follows:

Mr. William H. Veeder, Department of Justice, Washington, D. C.
Mr. William H. Veeder, 325 W. F Street, San Diego 12, Calif.
Mr. James Krieger, P.O. Box 1028, Riverside, California
Mr. Phil D. Swing, 530 Broadway, San Diego 1, California
Mr. George Stahlman, 322 N. Nevada, Oceanside, California
Mr. Fred Girard, Library and Courts Building, Sacramento, Calif.
Mr. Jesse O'Malley, 621 S. Hope Street, Los Angeles, Calif.
Mr. Walter Gould Lincoln, 770 Granados Avenue, Solana Beach, California.

Dated: December 29, 1960

Franz R. Sachse