FILED

JAN 27 1961

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ........................
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>    Defendants. | No. 1247-SD-C<br><br>RESPONSE OF<br>UNITED STATES OF AMERICA<br>TO<br>ANALYSIS OF ISSUES AND<br>PROPOSED ORDER OF PROOF |

There has been received an "Analysis of Issues and Proposed Order of Proof," submitted at the direction of the Court. It is understood written response to that analysis is required. Accordingly, the following observations are set forth:

> Key to the status of this trial is the disposition made of the Vail Company's attack upon the Stipulated Judgment, dated December 26, 1940, in the Superior Court of the State of California, in and for the County of San Diego.
>
> Established by that Stipulated Judgment are the respective rights to the use of water in the Santa Margarita River of the United States of America and Vail Company.

6242

-1-

Vitiation of the Stipulated Judgment, with the irreparable damage to the United States of America, will have far reaching effects upon the ultimate course of the case. At all times in this proceeding the United States of America has reserved; now reserves, the right to a full and complete re-appraisal of the issues presented in this litigation if the Stipulated Judgment is abrogated.

Inter-related with the ruling on the Stipulated Judgment are all of the claimed surface and overlying rights in the area of the Murrieta-Temecula Ground Water Basin tentatively designated by the Court. This is similarly true in regard to all rights in the area of the Aguanga Ground Water Basin tentatively referred to by the Court. Indeed, every right vested and inchoate will be directly involved in the ruling made upon the Stipulated Judgment.

Kind and type of regulation which will be required in the Santa Margarita River Valley is interwoven with the determination of this Court in regard to the Stipulated Judgment.

Accordingly, based upon the crucial points alluded to, the United States of America respectfully states that the formulation of issues at this juncture is most difficult. Desiring nevertheless to be of assistance, the following comments are made:

<u>Analysis, Page 2, Paragraph A.-2.</u>

Issue is taken with the statement that there has been

6243

a determination of areas within which ground waters are or are not part of the Santa Margarita River, with the exception of Coahuila, Anza and the extreme upper Temecula Creek. Tentative statements have been made by the Court, but there has been no determination.

### Analysis, Page 2, Paragraph B.

It is stated that evidence as to irrigable acreage has been offered for all defendants, except those who decline to do so. Reference in that regard is made to large areas in the Coahuila and Temecula Creek sub-watersheds concerning which the evidence of individual irrigable acreage has not been offered.

Issue is also taken with the statement, "It has been stipulated that no such evidence need be offered as to areas of basement complex or residuum." The subject is particularly pertinent in regard to the claims of the Fallbrook Public Utility District.

### Analysis, Page 2, Paragraphs C, D, E, F.

Conferences with counsel for the Fallbrook Public Utility District has pointed up the need for further review with the Court on the subjects alluded to in the mentioned paragraphs. Disagreement is also expressed in regard to certain of the states contained in those paragraphs.

### Analysis, Page 3, Paragraph G.

Further amplification respecting the heading "Overlying Rights" is essential.

### Analysis, Page 3, Paragraphs J, K, K, M, N.

The statements in some of the paragraphs may be

6244

correct, but the United States of America must reserve the right further to present evidence depending upon disposition of legal questions now or shortly to be submitted.

Analysis, Page 4, Paragraph 0.

It is stated "Waters the rights to which are to be adjudicated." and then declared, among other things, that "The Court has ruled on all sections of the watershed except Coahuila and Anza Valley and the extreme upper Temecula watershed."

The United States of America is unaware of that fact. For example, there are before this Court for ruling the challenged rights of Vail Company, Stardust Ranch, Knox, Gibbon and Cottle, and Oviatt, to mention but a few.

Analysis, Page 4, Paragraph II.

Erros are contained in this paragraph of the Analysis. For example, under the Stipulated Judgment the United States of America may demand from riparian owner Vail Company release of "riparian" water for use on non-riparian land, for storage, contrary to Paragraph 3. and 5. Generally there is disagreement with this phase of the Analysis.

Analysis, Page 6, Paragraph III.

"Issues of Law to be Determined."

Numerous issues of law are set forth but depending upon the rulings of this Court upon issues presently before it, there will be undoubtedly other issues

-4-

6245

of law to be resolved.

Necessarily the United States of America reserves the right to make further objections to the Analysis as submitted. As emphasized, pending rulings will govern the nature of those objections.

Dated: January 26, 1961.

WILLIAM H. VEEDER
Attorney, Department of Justice

6246

## RIPARIAN TO TUCAOLTA CREEK

| Parcel Number | Owners | Description of Portion Riparian |
|---|---|---|
| 72W-18 - 148 | Servel, Leon J. & Clementine | S$\frac{1}{2}$, Sec. 18, 7S 2W |
| 72W-7-8-12-13-18 - 141 | Borel, A. F. & Louise | NW$\frac{1}{4}$, Sec. 18, 7S 2W<br>SW$\frac{1}{4}$, Sec. 8, 7S 2W |
| 72W-7-18 - 139 | Hilliard, C. S. | SE$\frac{1}{4}$ of SE$\frac{1}{4}$, Sec. 7, 7S 2W<br>NE$\frac{1}{4}$, Sec. 18, 7S 2W |
| 72W-8-17 - 143 | Ceas, Albert N. | SE$\frac{1}{4}$, Sec. 8, 7S 2W |
| 72W-3-4-9-10-15-16-22 - 135 | Nicolas, Marius A. & Mary | W$\frac{1}{2}$, Sec. 3, 7S 2W<br>Sec. 9, 10, 7S 2W |
| 72W-1-2-3-11-12 - 132 | Auld, William K.<br>Robertson, Alma C.<br>Auld, Barbara Ann | S$\frac{1}{2}$ of NW$\frac{1}{4}$, Sec. 1, 7S 2W EXCEPT parcel in SE Corner (N. 10 rods X W. 16 rods) W$\frac{1}{2}$ of NW$\frac{1}{4}$; S$\frac{1}{2}$ of NW$\frac{1}{4}$; SE$\frac{1}{4}$ of NE$\frac{1}{4}$; N$\frac{1}{2}$ of SE$\frac{1}{4}$; SW$\frac{1}{4}$ of SE$\frac{1}{4}$; and, SW$\frac{1}{4}$, Sec. 2, 7S 2W E$\frac{1}{2}$ of Sec. 3, 7S 2W EXCEPT parcel 134 |
| 72W-1 - 130 | Dietterick, Mary R. | NE$\frac{1}{4}$, Sec. 1, 7S 2W |
| 61W; 71W; 62W - 67 | Rawson, Lewis & Roberts, John L | Govt. Lots 4, 5, 6, 8, 9 & 10, and E$\frac{1}{2}$ of SW$\frac{1}{4}$, Sec. 6, 7S 1W<br>Sec. 5, 7S 1W<br>NW$\frac{1}{4}$ of NW$\frac{1}{4}$; SW$\frac{1}{4}$ of NE$\frac{1}{4}$; and, E$\frac{1}{2}$ of NW$\frac{1}{4}$, Sec. 8, 7S 1W<br>NE$\frac{1}{4}$ of SE$\frac{1}{4}$, Sec. 8, 7S 1W<br>Sec. 10, 7S 1W EXCEPT SE$\frac{1}{4}$ |
| 71W-8 - 95 | Wilson, Bessie M. | E$\frac{1}{2}$ of SW$\frac{1}{4}$, and Govt. Lots 2 & 3 of Sec. 8, 7S 1W |
| 71W-8 - 96 | Bryan, A. L., Florence, Miriam A. & William R. | Sec. 9, 7S 1W |

VAIL RANCH

| Parcel Number | Owners | Description of Portion Riparian |
|---|---|---|
| 71W-10 - 97 | Milholland, George W & Nellie M. | SE$\frac{1}{4}$ of Sec. 10, 7S 1W |
| 71W-11-15 - 98 | Thorpe, Daisy E. | Sec. 11, 7S 1W |
| 71W-12 - 101 | Hall, Gordon W. & Lorine V. | SW$\frac{1}{4}$ of Sec. 12, 7S 1W |
| 61W; 71W - 74 | Duncan, Tom W. & Frances W. | W$\frac{1}{2}$ of SE$\frac{1}{4}$; and, those portions of NE$\frac{1}{4}$ of SE$\frac{1}{4}$, and Govt. Lot 8, Sec. 12, 7S 1W lying Wly of State Highway, EXCEPT W$\frac{1}{2}$ of W$\frac{1}{2}$ of NW$\frac{1}{4}$ of Lot 8. |

| Parcel Number | Owners | Description of Portion Riparian |
|---|---|---|
| 71E-6-7-8-18; 61W-36; 71W-1-12 - 63 | Occidental College | NE¼ of NE¼; those portions of the E. 7/8 of Lot 8, and the SE¼ of Sec. 12, 7S 1W lying Ely of Highway 194. That portion of W½ of SE¼ of Sec. 7, 7S 1E lying NEly of Highway 194. Lots 4, 5 & 6 (being W½ of NW¼ and NW½ of SW¼), and S½ of SW¼ of Sec. 6, 7S 1E |
| 71E-5-7-8-9 - 61 | Pollard, Clarence O. & Florence H. | S½ of S½, Sec. 5; NE¼ Sec. 7; NE¼ and N½ of NW¼, Sec. 8; and, 933-1/3 ft. sq. in NW Cor. of Sec. 9, 7S 1E. |
| 71E-6 - 62 | New Fred W. & Kathryn A. | S½ of SE¼, Sec. 6, 7S 1E |
| 61E-30-31-32; 71E-5-6; 61W-36 - 48 | Ballinger, Bert | All of Sec. 31, 6S 1E NE¼ and E½ of NW¼; N½ of SE¼ and NE¼ of SW¼, Sec. 6, 7S 1E |
| 71E-4 - 59 | Jernigan, Earl P. & Dorothy | That portion of S½ of Sec. 4, 7S 1E daf: Beg. at the SW Cor thereof, thence N. along the W. line 1961'; th N. 89°22' E. to E. line of sd Sec. 4; th S. along E. line to the SE Cor. thereof; th W. along S. line to pob. EXCEPT therefrom the SE¼ of the SE¼ |
| 71E-4 - 60 | Shockley, Edwin T. | Govt. Lots 1 (NE of NE), 2 (NW of NE), and 4 (NW of NW); the S½ of NW¼, S½ of NE¼, and that portion of the S½ of Sec. 4, 7S 1E lying Nly of a line beg. at a pt in the W. line of Sec. 4, dist. N 0°23' W. 1961' from the SW Cor. thereof; th N. 89°33' E. to E. line of sd Sec. |
| 61E-28-33-34 - 25 | Kerr, Elswood Chaffey Murray, Kathleen Chaffey Chaffey, Andrew Elswood Stewart | S½ of S½, Sec. 28; Sec. 33; and, the W½ of SW¼, and S½ of NW¼ of Sec. 34, 6S 1E |
| 72W-1 - 131 | Gartler, Stanley | N½ of NW¼, Sec. 1, 7S 2W |

6250

- 2 -

EXHIBIT "A"