FILED
FEB 2 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1247-SD-C |
| Plaintiff, ) | |
| v. ) | MEANING OF TERM |
| FALLBROOK PUBLIC UTILITY ) | "REGULATION" |
| DISTRICT, et al., ) | |
| Defendants. ) | |

    This Honorable Court has directed the submittal in writing of the meaning of the term "regulation" as used by the United States of America in this proceeding.

    Compliance with that direction can best be effectuated through reference to California decisions from which stems the term as used. Early in this state's history the following succinct and authoritative statement was made:

> " x x x the court, by its decree, fixed and <u>established the respective rights of the parties, and regulated between them</u> the use of the flow of the water of the stream according to priority of right.

> There is no doubt of the power of a court of equity to ascertain and determine the extent of the rights of property in water, flowing in a natural

6266

watercourse, acquired by persons who hold and are entitled to them, and to regulate between or among them the use in the flow of the water in such a way as to maintain equality of rights in the enjoyment of the common property." 1/

It has been ruled by the California Court that: "The evidence was sufficient, as we think, to show that the Court was justified in finding the extent of the plaintiffs' appropriation for beneficial uses; x x x

This being so, it was the province of a Court of equity to secure each of the contending parties in the enjoyment of their rights acquired under the provisions of the law governing such a case: Frey v. Lowden x x x " above. 2/

Simply stated the California Supreme Court has declared that a decree having been entered determining the respective rights to the use of water of the several parties before it, equity could regulate the exercise of those rights.

The cited decisions relate to surface water. They, however, have their counterparts respecting the regulation of ground water. On the subject California's highest court has declared:

"The land being so situated that it has the natural advantages afforded by the underlying water, the conditions are analogous to those affecting land riparian to a stream. x x x <u>The court unquestionably has power to make reasonable regulations for</u>

---

1/ Frey v. Lowden, 70 Cal 550-551; 11 Pac 838 (1886)

2/ Barrows et al v. Fox et al, 3 C.U. 526, 530; 30 Pac 768 (1892)

6267

-2-

> the use of such water by the respective parties, fixing the times when each may take it and the quantity to be taken, provided they be adequate to protect the person having the paramount right in the substantial enjoyment of that right and to prevent its ultimate destruction." [3]

Relying upon the last quoted excerpt the California Court subsequently reiterated the statement.

> " the Court unquestionably has power to make reasonable regulations for the use of such water x x x fixing the times when each may take it and the quantity to be takenk provided they be adequate to protect the person having the paramount right x x x ." [4]

Relying upon those cases and others, the Supreme Court of the State of California in a leading case upheld trial court's "regulation" of the respective rights of the parties in these terms:

> "There can be no question that the trial court had authority to limit the taking of ground water for the purpose of protecting the supply and preventing a permanent undue lowering of the water table. x x x The main problems presented are which of the parties should bear the burden of curtailing the total production of the unit to the safe yield and what proportion, if any, of the pumping by each particular party should be restricted.
>
> The question of who shall bear the burden

---

[3] Burr v. Maclay Rancho Water Co., 154 Cal.428, 436-437; 98 Pac 260 (1908)

[4] San Bernardino v. Riverside, 186 Cal.7, 16; 198 P 784 (1921)

6269

-3-

of curtailing the overdraft, and in what proportion, depends upon the legal nature and status of the particular water right held by each party." 5/

Power in equity to award complete relief is thus demonstrated by the authorities which have been reviewed. That all embracing power is no less potent in the Federal Courts. It is the source of the authority of this Honorable Court to protect the rights of the parties before it through regulation. On the subject the Court of Appeals has stated:

" the court having declared by decree the rights of the lower water users and having entrusted the water master with the duty of diverting the water from the river to all water users and to regulate the amount of water coming to these appellants, they cannot exculpate themselves from the charge of contumacious conduct by claiming the water would have done no good x x x " to those who requested the enforcement of the decree. 6/

Repeatedly, the Court of Appeals has recognized in, and directed the exercise of, the powers of the United States District Courts to regulate the use of water among the owners of rights. 7/

"Regulation" as the term is thus used in both the Federal and State Courts, means that as among the parties the court will, through an exercise of its power in equity, enjoin the trespass or

---

5/ City of Pasadena v. City of Alhambra, 33 Cal(2) 908, 924-925; 207P(2d) 17 (1949)

6/ Brooks v. United States, 119 F(2d) 636, 645 (CA9 1941)

7/ United States v. Walker River Irrigation District 104F(2d)(Cl F 9 (1939)
Conrad Investment Co. v. United States 161 Fed 829(CA9 1908);
Vineyard Land & Cattle Co. v. Twin Falls, etc. 245 Fed 9 (CA 9 1917)
Winters v. United States, 207 US 564(1908) Aff'g Court of Appeals for 9th Circuit

-4-

6269

encroachment by one party upon the vested rights of others. For example:

> Defendant Gibbon and Cottle divert all of the waters of Temecula Creek. Defendant Poore immediately downstream from Defendant Cottle does not have sufficient water during the irrigation season to supply him with domestic water.

In the present state of the record it appears that the rights of Defendant Poore and probably other riparian owners below Defendant Cottle are having their rights invaded by both Defendants Gibbon and Cottle. Manifestly this Court is empowered to require the last named defendants to release water down to Defendant Poore.

Similarly, Vail Company is so situated that it controls the flow of water at Temecula Gorge. Those controls stem in part from Vail Company's pumping. This Court has the power to regulate the pumping on Vail Ranch, to prevent the invasion of the rights of other parties to the litigation. Similiarly, the diversion of the Fallbrook Public Utility District may be regulated to prevent an invasion upon the rights of the United States of America.

Regulation is effectuated by a decree which declares and determines respective rights of the parties and enjoins the diversion and use of waters in excess of those rights. Various processes for the enforcement of the regulations respecting the use of waters among the parties are long established. Control points on the stream at which the flow of water must be maintained at a specified rate is one of the methods which has been adopted on many streams.

In the case of *Pasadena v. Alhambra*:

> "The court enjoined all pumping in excess of the decreed right and appointed a 'Water Master' to enforce the provisions of the Judgment." [8/]

---

8/ 33Cal (2d) 908,923; 207 P(2d) 17, 23 (1949)

-5-

Though the decree was modified, California's Supreme Court as reviewed above declared that the Court unquestionably had the power

"to limit the taking of ground water."

There has been no request in this Court for an order *Pendente Lite* to regulate uses during the trial. However, on the basis of the record, it is obvious that this Court in the ultimate disposition of the case must enjoin uses which interfere with the vested rights of others.

Respectfully submitted,

Dated:   January 30, 1961.

WILLIAM H. VEEDER
Attorney, Department of Justice

6271

-6-