M'FLMD.

Original 172

ENTERED
APR 7 - 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

FILED
MAR 28 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>        Defendants. | No. 1247-SD-C<br><br>FINDING OF FACT, CONCLUSION OF LAW AND INTERLOCUTORY DECREE (REGARDING WATER RIGHTS ON LANDS ORIGINALLY COVEYED BY MEXICAN GRANTS)<br><br>Interlocutory Judgment<br>No. 22 |

      This cause having come on for trial, which said trial is presently continuing, but evidence both oral and documentary having been received concerning the extent of water rights on lands, the title of which were originally derived from Mexican grants, and counsel and parties having submitted argument and points and authorities on this issue, and it being to the interest of all parties to have an interlocutory decree preliminarily adjudicating this question;

      NOW THEREFORE, THIS COURT FINDS, CONCLUDES AND DECREES AS FOLLOWS:

### FINDINGS OF FACT

      1. That many of the parties to this action own land within the Santa Margarita River watershed, the title of which

is derived from confirmed Mexican grants.

2. That much of said land is riparian to the Santa Margarita River or its tributaries or overlies a ground water basin or body within said Santa Margarita River watershed.

3. At the time of the original Mexican grants of said lands, the Civil law of the Republic of Mexico was in essence identical to the present California law insofar as the water rights of riparians and overlying owners are concerned.

4. That said Civil law of the Republic of Mexico at said time provided that owners of land riparian to a stream and owners of land overlying a ground water body or basin had correlative rights to said waters and that in the event of shortage they were to share fairly and equitably of said waters, and that no such landowner was entitled to all of said waters or any more of said waters than his fair share.

5. That there is nothing in the 1848 Treaty with the Republic of Mexico (United States Statutes at Large, Vol. 9, 1845-1851, pp. 922-943), the Constitution of the United States, the statutes and laws of the United States, the Constitution of California, or the statutes and laws of California which provides that owners of land, the title of which was derived from confirmed Mexican grants, have water rights superior or different in any manner whatsoever from those possessed by other similar owners of land whose title was not so derived.

## CONCLUSIONS OF LAW

The fact that certain owners of land, in this action, derive their title from confirmed Mexican grants adds nothing to their water right, and is immaterial and irrelevant insofar as determining the nature or extent of any water right possessed.

## INTEROLOCUTORY DECREE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all

174

parites to this action claiming rights to the use of the waters of the Santa Margarita River and its tributaries have no special right to the use of said waters because of the fact that title to their land was derived from confirmed Mexican grants, and that the rights to the use of the said waters of said river and its tributaries on land the title of which was derived from confirmed Mexican grants shall be determined pursuant to the water law applicable in the State of California in the same manner and to the same extent as the right to the use of water on land the title of which was not derived from confirmed Mexican grants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Decree is interlocutory in nature and may be modified or set aside by this court with or without notice at any time prior to the entry of Final Judgment in this cause.

DATED: 3-28-61

_____
JUDGE
The United States District Court

-3-

306