FILED

MAR 30 1961

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
by M. O. Kumaylung
    Deputy

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 1247-SD-C |
| v. | ) | AGENDA FOR HEARING |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) | COMMENCING |
| Defendants. | ) | APRIL 4, 1961 |

At the hearing in regard to the above entitled case, commencing April 4, 1961, at 10:00 a.m. in Court Room #2, United States Court House, San Diego, California, the following matters will be considered:

1. Objections, if any, by notified land owners in the Wilson Creek area, Temecula Creek area and the Aguanga Ground Water Body area, to suggested findings of the Court.

2. The question of the claim of the United States of America to appropriative rights to the use of water for Lake O'Neill.

3. The question of whether the military use of the United States of America of the waters of the Santa Margarita River is a proper riparian use.

4. The right of Fallbrook Public Utility District to pump

-1-

6340

Santa Margarita River water when water from that source is required to meet the demands for Lake O'Neill, United States Naval Ammunition Depot and other requirements for the military enclave.

5. The opinion, findings of fact, conclusions of law and interlocutory decree respecting the determination by this Court that it will not enforce the Stipulated Judgment dated December 26, 1940, in the Superior Court of the State of California, in and for the County of San Diego.

6. The question of the irrigated and irrigable acreages of the Vail Company in Murrieta and Pauba Valley; the irrigable acreages of the Vail Company in the Santa Rosa Grant.

7. The course to be pursued and issues to be resolved in this litigation in the light of recent rulings by this Court, particularly in regard to the course to be pursued based upon the ruling that the Stipulated Judgment will not be enforced.

8. The question of the claimed appropriative and prescriptive rights to the use of water and suggested findings of fact, conclusions of law and interlocutory judgment in regard to:

   a. Defendants Katharine C. Gibbon and William W. Cottle;
   b. Defendant Willard H. Allen (Stardust Ranch);
   c. Defendant James Oviatt;
   d. Defendant Garner L. Knox, et al.;
   e. Any others.

9. The matter of Findings of Fact, Conclusions of Law and Interlocutory Judgment respecting the Murrieta-Temecula Ground Water Body and the Aguanga Ground Water Body.

  To be noted is the fact that all of the lands of Earl Stanley Gardner which are classed as basement complex are to be found to lie outside the exterior boundaries of the Murrieta-Temecula Ground Water Body.

10. Review of the law respecting the rights of the defendants within the exterior boundaries of the above mentioned Murrieta-Temecula Ground Water Body and the Aguanga Ground Water Body. To be determined is whether the rights of those defendants will be adjudged overlying a basin which is part of the Santa Margarita River or whether they are riparian rights in a Ground Water Body which is part of that stream.

11. The proposed findings of facts and conclusions of law lodged with this Court in regard to Domenigoni and Diamond Valleys and Tucalota Creek.

12. Evidence in regard to the ground water basins in the Temecula Valley above the Aguanga Ground Water Body.

13. The matter of continuing the hearing respecting the claims of defendant Lincoln Hamilton and others whose properties are situated in Anza Valley.

14. The question of the disposition to be made of claims of defendants in French Valley, and other defendants similarly situated, whose properties are located in areas of basement complex or residuum.

15. The question of appropriative and prescriptive rights to the use of water throughout the Santa Margarita River watershed. The desirability of serving upon the defendants making claims for prescriptive and appropriative rights, orders to show cause respecting proof of those claims. Prescriptive claims of the United States of America will be considered after an opportunity has been had to

review the opinion, findings of fact, conclusions of law and judgment on the Stipulated Judgment.

16. The procedure to be followed in regard to the entry of the Interlocutory Judgments which have been signed and are presently filed with the Clerk.

17. The procedure to be followed in regard to stock water reservoirs within the watershed of the Santa Margarita River.

The several items set forth above will not necessarily be considered in the order in which they appear.

Dated: 3/20/61

JAMES M. CARTER
Judge, United States District Court