LODGED

FILED

APR 2 5 1961

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

APR 1 7 1961

ENTERED

APR 25 1961

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

          vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al.,

                    Defendants.

No. 1247-SD-C

FINDINGS OF FACT, CONCLUSIONS OF
LAW AND INTERLOCUTORY DECREE
NUMBER   25   PERTAINING TO 1930
AND 1940 CALIFORNIA STATE COURT
JUDGMENTS.

     This Court, having duly considered the records,

pleadings and evidence in this case, the law applicable thereto

and the arguments of counsel, does hereby make and enter

Findings of Fact, Conclusions of Law and Interlocutory Decree

as follows:

                              I

     The Santa Margarita River is a coastal stream which

drains a watershed in San Diego and Riverside Counties; that

said river is supported by numerous tributaries, the major two

being Temecula and Murrieta Creeks; that said Santa Margarita

336

1   River flows through lands of the United States of America for
2   approximately 21 miles and thereupon enters the Pacific Ocean;
3   that the lands of the United States of America through which
4   said river flows were acquired by it either by condemnation or
5   purchase during the years 1941, 1942 and 1943, and since said
6   dates have been used principally as a military reservation
7   and include Camp Joseph H. Pendleton, a United States Naval
8   Hospital, and a Naval Ammunition Depot; that the military
9   reservation in its entirety has a total area of approximately
10  135,000 acres of which a considerable portion is without the
11  drainage area of the Santa Margarita River; that the United
12  States of America is the last downstream owner and water user
13  on the Santa Margarita River and all other parties to this
14  proceeding are upstream claimants to the use of said waters.
15                              II
16          That on or about May 5, 1930, the Superior Court of
17  the State of California in and for the County of San Diego
18  entered findings of fact, conclusions of law and judgment in
19  Case No. 42850 in the records of said Court which in essence
20  defined the extent of the surface and ground waters of said
21  Santa Margarita River and its tributaries, determined the ex-
22  tent of the parties' land riparian thereto, apportioned the
23  entire waters of said river and its tributaries to the riparian
24  parties in that action and imposed certain injunctive re-
25  strictions.
26                              III
27        .   That the parties to the said action referred to in
28  Finding II hereinabove were the Rancho Santa Margarita, Vail
29  Company, the Executors of the Will of Murray Schloss, deceased,
30  and Philip Playtor.
31  - - - -

2

IV

1                                 

That the Rancho Santa Margarita, the Executors of the Will of Murray Schloss, deceased, and Philip Playtor did not appeal from said judgment referred to hereinabove in Finding II; that Vail Company did appeal from certain portions only of said judgment; that the portions of said judgment from which Vail Company appealed were those that defined the extent of the Vail Company land riparian to the Santa Margarita River and its tributaries, which apportoned said waters to said riparian lands and which pertained to injunctive relief; that thereafter and on or about July 12, 1938, the Supreme Court of the State of California reversed those said portions of the judgment which pertained to the extent of the riparian land of Vail Company which allocated waters to Vail Company and which imposed certain injunctive restraints; that said Supreme Court remanded the case with directions that the new trial be limited to those matters specifically disapproved and affirmed the trial court's judgment as to all other matters; that said decision of the Supreme Court is recorded in 11 Cal.2d 501; that thereafter on or about December 26, 1940, the Superior Court of the State of California in and for the County of San Diego in said Case No. 42850 entered a judgment pursuant to the stipulation of the parties; said judgment in essence allocated to the Rancho Santa Margarita two--thirds and Vail Company one-third of the entire waters of the Santa Margarita River and its tributaries, provided for a minimum surface stream flow, and as to the Rancho Santa Margarita provided that said Rancho could use the waters allocated to it both within and without the Santa Margarita River watershed, and as to Vail Company provided that Vail Company could use its allocated waters on certain specified non-riparian land.

3

1                        V

2            That the waters involved in the litigation set          4

3    forth in the above findings are the same waters which are in-

4    volved in litigation before this Court; that Vail Company and

5    the Executors of the Will of Murray Schloss, deceased, are

6    parties in the action before this Court, and that the United

7    States of America, a party in this action, is in privy to and

8    the successor of the Rancho Santa Margarita, and that Max

9    Henderson, a party in this action, is in privy to and the succes-

10   sor of Philip Playtor.

11                       VI

12           It is not true that the 1940 judgment referred to

13   hereinabove is a separate and distinct judicial document isola-

14   ted from the 1930 findings of fact and judgment referred to

15   hereinabove; it is not true that said 1940 judgment abrogated

16   and made ineffectual the 1930 findings of fact and judgment as

17   affirmed by the California Supreme Court; it is true that the

18   said 1930 findings of fact and judgment as affirmed by the

19   California Supreme Court and the said 1940 judgment must be con-

20   sidered together and are in fact one judicial determination

21   the provisions of each supporting the other, consistent with

22   the other and effectual as one single judicial determination.

23                       VII

24           That at the time said 1930 findings of fact and judg-

25   ment and said 1940 judgment were entered, the lands which

26   comprised the Rancho Santa Margarita were used primarily as

27   a cattle ranch with related ranching activities; that since the

28   United States of America acquired said lands in 1941, 1942 and

29   1943 as hereinabove set forth said lands have been used pri-

30   marily as a military enclave for defense purposes; that as a

31   result of the change of this land use there has been a

                                4

1 substantial change in the type of riparian water use that has
2 been made on said lands in that the use by the United States of
3 America is substantially equivalent to the use made by a
4 municipality as contrasted to the former use of the Rancho Santa
5 Margarita.

6                                VIII

7         That since the entry of the Judgment in 1940 the
8 United States of America has greatly increased the pumping of
9 ground waters within its military enclave which ground waters
10 are a part of the Santa Margarita River; that as a result thereof
11 almost all of the uses of the waters of the said Santa Margarita
12 River by the United States of America have been made by pumping
13 from the said ground waters of the said river.

14                                 IX

15        That the said Judgment entered in 1940 and referred
16 to hereinabove provided that the allocation to the Rancho
17 Santa Margarita of two-thirds of the entire waters of the Santa
18 Margarita River would be determined by measuring the normal
19 flow at Ysidaro Narrows (Station 6) or if that normal flow at
20 said Narrows was less than the normal flow at Temecula Gorge
21 (Station 3), the normal flow at Temecula Gorge (Station 3)
22 would be used to determine the Rancho's two-thirds allocation
23 of the entire waters of said river.

24                                 X

25        It is true that as a result of the pumping of said
26 ground waters as set forth in Finding VIII above, the normal
27 flow (as distinguished from flood flow) of the Santa Margarita
28 River downstream from Temecula Gorge has not reached the Ysi-
29 daro Narrows but has instead recharged the ground waters within
30 the military enclave with the result that the normal flow at
31 Ysidaro Narrows (Station 6) during the irrigation season has

5

340

1  been zero and therefore of no practical use in allocating the

2  waters as provided in the 1940 judgment.

3                                XI

4       That the normal surface flow of said Santa Margarita

5  River and its tributaries during the irrigation season from

6  approximately March 15 through September 30 is of minor impor-

7  tance and significance insofar as recharging the ground waters

8  within the military enclave and referred to in Finding VIII

9  above; that said recharge of said ground waters is accomplished

10  almost entirely by waters flowing in and over said lands im-

11  mediately following periods of moderate or heavy precipitation

12  which occur only rarely during the irrigation season.

13                                XII

14       That the United States of America has satisfied and

15  in all probability can continue to satisfy its reasonable

16  and beneficial water requirements within the Santa Margarita

17  River watershed from pumping from ground waters within its

18  military enclave as found in Finding VIII above; that at

19  the present time said ground waters have been recharged

20  primarily by the winter and early spring runoffs to a degree

21  sufficient to meet said reasonable and beneficial water re-

22  quirements of the United States of America without regard to

23  or reliance upon the maintenance during the irrigation season

24  of three second feet surface flow of the Santa Margarita River

25  at Temecula Gorge as provided in the 1940 judgment.

26                                XIII

27       That the use of the ground waters by the United States

28  of America as found in Finding VIII above does not entail any

29  excessive nor unreasonable burdens, financial or otherwise,

30  upon the part of the United States of America, and is in fact

31  the most efficient and economical method whereby the United

32  States of America can satisfy its reasonable and beneficial water

                                6

1 requirements; it is true that the United States of America,

2 because of the nature of the stream system itself, could not

3 satisfy its proper riparian uses of water from the surface flow

4 of the Santa Margarita River.

5                                XIV

6          That since the entry of the judgment in 1940 referred

7 to hereinabove, considerable acreages of land which are riparian

8 to the Santa Margarita River and its tributaries have become

9 productive and waters from said river have been supplied to

10 said land for reasonable and beneficial purposes; that said

11 increase in riparian acreages of land which have used the waters

12 of said Santa Margarita River have been made by persons who

13 were not parties to the litigation before the Superior Court of

14 San Diego County as found hereinabove; that said persons are

15 parties to this proceeding and have asserted riparian rights

16 to use the waters of the Santa Margarita River and its tribu-

17 taries; that said uses of water by said persons on riparian

18 lands who were not parties to the prior litigation in the

19 Superior Court of San Diego County have had a substantial

20 effect on the river including, but not limited to, the lower-

21 ing of the ground water tables and causing a reverse gradient,

22 temporary in nature, of the ground water movement in one of

23 the principal basins upstream from the lands of the United

24 States, to wit:   Murrieta Basin.

25                                XV

26          It is not true that the uses of water on the riparian

27 land by those persons not parties to the proceedings in the

28 Superior Court of San Diego County as set forth in Finding XIV

29 above have been improper; it is true that said uses are proper

30 riparian uses.

31 - - -

7

342

XVI

It is not true that the United States of America and
Vail Company have consistently followed the allocation of
waters as provided in the 1940 judgment from the years 1940
through 1960; it is true that on occasions both the Vail
Company and the United States of America frequently diverted
and used the waters of the Santa Margarita River substantially
in excess of their respective allocations provided in said 1940
judgment.

XVII

It is true that in 1940 when the stipulated judgment
was entered there were a substantial number of persons (number-
ing several thousand) who were not parties to the litigation in
the Superior Court of the County of San Diego who had rights to
the use of the waters of the Santa Margarita River; it is true
that the 1940 judgment expressly allocated all of the natural
flow of the Santa Margarita River to the four parties to the
proceeding; it is true that said allocation of all of the
natural flow of said river to the four parties as provided in
said 1940 judgment is the basic provision therein and cannot be
isolated from the remainder of said 1940 judgment.

XVIII

It is not true that the 1940 judgment was a contract
between the United States of America and Vail Company, or was
intended to be a contract; it is true that said 1940 judgment
was and was intended to be a judicial declaration of the re-
spective rights to the use of the riparian waters of the parties
to that litigation.

XIX

It is not true that said 1940 judgment was a pooling
agreement whereby the United States of America and Vail Company

8

343

1   agreed to pool their respective riparian rights on the river.

2                                    XX

3          It is true that Vail Company has filed in this pro-

4   ceeding and served on the United States of America a notice of

5   rescission of contract which by its terms is expressly con-

6   ditioned as to its application upon a judicial determination

7   that said 1940 judgment was a contract; it is true that if said

8   1940 judgment were to be treated as a contract, Vail Company has

9   rescinded said contract and was privileged to do so in that the

10  United States of America by its conduct has substantially de-

11  prived Vail Company of the benefits specifically and impliedly

12  provided therein, to-wit:

13         (a)  It is true that the United States of America has

14  asserted and continues to assert in this proceeding rights to

15  the use of the waters of the Santa Margarita River as against

16  Vail Company substantially outside of the terms of said 1940

17  judgment including asserted riparian, prescriptive and appro-

18  priative rights, and paramount rights based on the sovereignty

19  of the United States of America, which, if found to be valid

20  by this Court,would substantially prevent Vail Company from ob-

21  taining the water allocated to it by said 1940 judgment.

22         (b)  It is true that the United States of America

23  has asserted and is continuing to assert riparian rights to

24  ground waters which pursuant to the 1930 findings of fact and

25  judgment of the Superior Court of the County of San Diego were

26  found not to be a part of the Santa Margarita River.

27         (c)  It is true that one of the principal reasons for

28  the Vail Company agreeing to the provisions of the 1940 judgment

29  was to terminate expensive and lengthy litigation; it is true

30  that the United States of America by bringing this action and

31  by naming Vail Company as a party thereto and by forcing

                                    9

1  Vail Company to defend this action and its water rights on
2  the said river, not only as against other parties but against
3  the United States of America, has forced Vail Company to engage
4  in and defend a lengthy and costly litigation.

5                                XXI

6          It is true that the United States of America has
7  pleaded and is asserting against Vail Company not only the
8  rights provided to the United States of America by said 1940
9  judgment but also rights to the use of the waters of the Santa
10 Margarita River as a riparian, prescriptor and appropriator,
11 and water rights designated as paramount rights based on
12 sovereignty; it is true that said claimed rights to the use of
13 the waters of the said river are substantially beyond those
14 provided to the Rancho Santa Margarita by the 1940 judgment; it
15 is true that to the extent said claimed rights of the United
16 States of America are found by this Court to be valid, Vail
17 Company's rights to use the water of the Santa Margarita River
18 as provided in the 1940 judgment would be lessened.

19                               XXII

20         It is true that the 1930 findings of fact and judgment
21 of the Superior Court of San Diego County specifically deter-
22 mined and found that the ground waters underlying ancient mesa
23 silt formations were not part of the Santa Margarita River
24 and that the Rancho Santa Margarita had no rights thereto.

25                              XXIII

26         It is true that said ancient mesa silt formations are
27 the same formations referred to in this case as older alluvium.

28                              XXIV

29         It is true that Vail Company owns large acreages of
30 land (at least 35 sections) in the ancient mesa silt formations.

31 - - -

                              10

XXV

1    It is true that the United States of America is
2    asserting in this case as against Vail Company and all other
3    defendants, riparian rights to ground water underlying ancient
4    mesa silt formations, including those ground waters under-
5    lying those formations on Vail Company lands.

XXVI

6    It is true that the United States of America has
7    offered into evidence considerable testimony and exhibits
8    directed to establishing that the ground waters underlying
9    said ancient mesa silt formations are part of the Santa Mar-
10   garita River, and that said waters are considerable in amount.

XXVII

11   It is true that the United States of America has
12   consistently contended and still contends that it is entitled
13   to riparian rights to ground waters underlying ancient mesa
14   silt formations as well as all rights provided to the Rancho
15   Santa Margarita in the 1940 judgment.

XXVIII

16   It is true that the United States of America contests
17   the Vail Company's exclusive right as against the United States
18   of America to the ground waters underlying the ancient mesa
19   silt formations as provided to the Vail Company by the 1930
20   findings of fact and judgment.

XXIX

21   It is true that ground waters underlying ancient
22   mesa silt formations in substantial areas of the Santa Margarita
23   River watershed including those ground waters underlying said
24   formations on the lands of the Vail Company are a part of the
25   Santa Margarita River and that the United States of America
26   as a riparian has a correlative right thereto.

11

346

1                         XXX

2          That on or about September 30, 1950, duly authorized

3  agents of the United States of America requested the permission

4  of the Vail Company to drill an exploration well on Vail Company

5  lands; that the Vail Company agreed thereto and a well was sub-

6  sequently drilled by the United States of America to a depth

7  of approximately 2469 feet; that in requesting the permission

8  of the Vail Company to enter Vail Company lands and in drilling

9  said well the United States of America did not rely on any pro-

10 visions of the 1930 or 1940 judgments referred to in Findings II

11 and IV above, but acted solely to obtain geologic information

12 for purposes unrelated to said judgment.

13                        XXXI

14         That by drilling said well referred to in Finding XXX

15 above, the United States of America acquired the geologic in-

16 formation it desired to obtain; that the United States of

17 America had knowledge that the Vail Company might use said

18 well after it had been drilled to the depth desired by the

19 United States of America and after the United States of America

20 had obtained the geologic information desired by it; that after

21 said well was drilled to the depth desired and the geologic

22 information obtained by the United States of America, the

23 Vail Company has used said well for irrigation purposes on

24 their lands; that the specific capacity of said well is

25 approximately 18.5 gallons per minute per foot of drawdown and

26 the water therefrom is of a poor quality for irrigation pur-

27 poses.

28                        XXXII

29         It is true that at the time the United States of

30 America was negotiating with Vail Company to acquire the Vail

31 Company's consent to drill said Navy well, the United States

1   of America was preparing this lawsuit for filing and on

2   January 25, 1951 filed this lawsuit naming Vail Company as

3   a defendant but had not advised Vail Company of its intention

4   to file said suit and did not serve Vail Company with summons

5   and complaint until on or about February 14, 1951; it is true

6   that much of the geologic information obtained by the drilling

7   of the Navy well has been used by the United States of America

8   to support its claims that the ground waters underlying mesa

9   silt formation are a part of the Santa Margarita River.

10                 XXXIII

11        That on or about August 16, 1946, the Vail Company

12   filed an application, No. 11518, with the Department of Public

13   Works, Division of Water Resources of the State of California,

14   for a permit to appropriate 40,000 acre feet of water annually

15   from Temecula Creek to be accumulated by storage between

16   November 1 and April 30; that protests to said application

17   were duly filed by the United States of America and others;

18   that subsequently the United States of America advised that

19   its protest was being withdrawn; that thereafter hearings on

20   said application were held and evidence in support of and in

21   opposition to said application was received; that despite the

22   attempted withdrawal of its protest, the United States of

23   America appeared at said hearings and presented evidence in

24   regard to said application; that said hearings were held

25   jointly with an application by Fallbrook Public Utility Dis-

26   trict; that thereafter a permit (No. 7032) to appropriate

27   40,000 acre feet of water annually from Temecula Creek by

28   storage to be accumulated between November 1 and April 30,

29   was issued to the Vail Company; that thereafter and within

30   the time provided in said permit, the Vail Company constructed

31   Vail Dam.

348

XXXIV

That the Permit referred to in Findings XXXIII above specifically provides that the Vail Company rights pursuant thereto are subject to all prior vested rights to the use of said waters of Temecula Creek.

XXXV

That to the extent that any claimed right of the United States of America to use of the waters of Temecula Creek is valid under California law said right was vested prior to the filing of Application No. 11518 by the Vail Company as found in Finding XXXIII above.

XXXVI

That commencing in 1948 the Vail Company, acting pursuant to Permit No. 7032, has stored said waters of Temecula Creek at Vail Dam; that since said year of 1948, and principally as a result of the lack of runoff water resulting from natural conditions, the Vail Company has not stored in the reservoir at said Vail Dam during any year 40,000 acre feet of water, but has only been able to store therein approximately 4,000 acre feet on an annual average since 1948.

XXXVII

That said storage of water at Vail Dam as found above has not adversely affected any right of the United States of America to the use of the waters of Temecula Creek; that the ground water basins within the military enclave and used by the United States of America to satisfy almost all of their reasonable and beneficial water requirements as previously found herein have been recharged periodically since the year 1948 to such an extent that the United States of America has been able to satisfy its lawful needs, in a large part, from said basins as annually recharged; that in fact, as of

14

349

29        That it is not true that the rights of the United

1 May 1958, the said ground water basins within said military
2 enclave and referred to in Finding VIII above were substantially
3 full.  There has been since 1958 some slight lowering of water
4 levels but there still remains a great amount of water in the
5 basins.  The water year of 1960 has been one of the driest in
6 history.  Its impact on the basins cannot immediately be deter-
7 mined.

8                          XXXVIII

9           That during the period from 1948-1958 amounts of water
10 approximately double the amounts of water stored at Vail Dam
11 during said period have passed the Ysidora Narros (Station 6) and
12 wasted into the ocean.

13                          XXXIX

14           That it is not true that the United States of America
15 withdrew its protest as found in Finding XXXIII above upon an
16 assurance that the Vail Company would never seek to modify,
17 change or enjoin the water allocation and provisions of the 1940
18 judgment referred to in Finding IV above; that it is not true
19 that the actions of the Vail Company in obtaining a permit for
20 the storage of water at Vail Dam and constructing Vail Dam and
21 storing water therein were in conflict with any provision of
22 said 1940 judgment.

23                          XL

24           That it is not true that the mere withdrawal of the
25 protest by the United States of America as found in Finding XXXIII
26 above, was of any benefit to the Vail Company in the acquisition
27 of the permit referred to in said Finding XXXIII above.

28                          XLI

29           That it is not true that the rights of the United
30 States of America to the use of the waters of the Santa Margarita
31 River and its tributaries have been lessened, endangered or

                              15

                                             350

1    affected as of the date of these findings by the operation

2    of Vail Dam or by the appropriative right to store water

3    therein as found above.

4                        XLII

5         That it is true that the storage of water at Vail

6    Dam and subsequent release of said water for irrigation pur-

7    poses on lands downstream from said Dam has provided a bene-

8    ficial regulation of waters of Temecula Creek in that all re-

9    turn flows from said waters after application to said lands

10   have returned to the Santa Margarita River, or a tributary

11   thereto, and become available for reasonable and beneficial

12   use downstream, and that none of said waters have wasted into

13   the ocean.

14                       XLIII

15        It is not true that the enjoining of the 1930 and

16   1940 judgments of the Superior Court of San Diego County in

17   any way will impair the present uses of the waters by the

18   United States of America on their lands either within or without

19   the watershed of the Santa Margarita River.

20   Dated:   April 25, 1961.

21

22

23                    JUDGE, UNITED STATES DISTRICT COURT

24

25                    CONCLUSIONS OF LAW

26                        I

27        That the 1930 findings of fact and judgment and

28   the 1940 judgment must be considered as one judgment.

29                       II

30        That as a result in the change of conditions as to

31   the water use of the waters of the Santa Margarita River since

                              16

                                                        351

1  1940, the 1940 judgment does not represent an equitable ripa-

2  rian allocation of waters as to the United States of America

3  and Vail Company.

4  III

5  That the substantial number of defendants in the

6  instant case who are asserting riparian rights to the reasonable

7  and beneficial uses of waters of said Santa Margarita River have

8  rights thereto which cannot be affected by the 1940 judgment

9  and which, if recognized, as they must be, results in the 1940

10  judgment being inequitable and not a fair riparian apportion-

11  ment between Vail Company and the United States of America.

12  IV

13  That to the extent the 1940 judgment attempted to

14  allocate all of the waters of the Santa Margarita River to the

15  parties thereto it is void in that other persons not parties

16  to that action had substantial rights thereto.

17  V

18  That the 1940 judgment was not a contract nor was it

19  a pooling agreement.

20  VI

21  That if said judgment be construed as a contract,

22  Vail Company was privileged to rescind, as it has done.

23  VII

24  That the instant case is a quiet title action, and

25  that in equity the United States of America cannot claim the

26  benefits of the provisions of the 1940 judgment and at the same

27  time ignore the detriments as provided by the 1930 findings of

28  fact and judgment.

29  VIII

30  That it would be inequitable as to Vail Company to

31  enforce against it the provisions of the 1940 judgment and at

17

1  the same time allow the United States of America to not be
2  bound by the provisions of the 1930 findings of fact and judg-
3  ment.

4                                    IX

5           That the Vail  Company is not estopped to contend
6  that the 1940 judgment should be modified, changed or set aside
7  nor has the Vail Company engaged in acts which would make
8  available a defense of laches or similar defense.

9                                    X

10          That in equity the enjoining of the provisions of
11  the 1930 findings of fact and judgment and the 1940 judgment
12  will accomplish substantial fairness and justice to both the
13  United States of America and Vail Company.

14  Dated:  April  7, 1961.

15
16
17                    JUDGE, UNITED STATES DISTRICT COURT

18                        INTERLOCUTORY DECREE

19          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the
20  United States of America, the  Vail Company, Philip Playtor,
21  and the Executors of the Will of Murray Schloss, deceased, and
22  each of them, their agents, employees, representatives, tenants,
23  lessees or any person, firm or corporation claiming through or
24  under them, and all other parties and successors to parties in
25  this litigation are forever enjoined from enforcing or attempt-
26  ing to enforce in any manner whatsoever in this Court or any
27  Court or administrative body or board of the State of California
28  any judgment, provision or term, finding of fact or conclusion
29  of law set forth in the case of Rancho Santa Margarita v. Vail,
30  Case Number LA 15078, in the Records of the Supreme Court of the
31  State of California, and Case Number 42850 in the Records of

                                    18

1  the Superior Court of the State of California in and for

2  the County of San Diego.

3        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

4  this Interlocutory Decree is not appealable, is not final,

5  and shall not be operative until made part of the final judg-

6  ment, and this Court expressly reserves jurisdiction to modi-

7  fy or vacate it either  on its own motion or upon motion of

8  any party to this proceeding until such time as the final

9  judgment in this case is entered.

10  Dated:  April 25, 1961.

11

12

13             JUDGE, UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

19

354