M'FLMD

ENTERED
MAY 24 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

LODGED
MAY 8 - 1961
AT ___ MIN PAST ___ O'CLOCK ___ M
CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFOR.
BY _____

SACHSE and PRICE
Attorneys at Law
1092 S. Main Street
Fallbrook, California
RA 8-1154

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

FILED
MAY 24 1961
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

UNITED STATES OF AMERICA, )
             )
       Plaintiff, )   No. 1247-SD-C
             )
    v.       )   FINDINGS OF FACT, CONCLUSIONS
             )   OF LAW and INTERLOCUTORY
FALLBROOK PUBLIC UTILITY )   JUDGMENT NUMBER 28
DISTRICT, et al.,    )
             )   MISCELLANEOUS SURFACE
       Defendants. )   IMPOUNDMENTS
             )

FINDINGS OF FACT

I

There are within the watershed of the Santa Margarita River many structures used for the impoundment of limited amounts of surface run-off for the purpose of providing stock water. Such impoundments customarily intercept limited amounts of winter run-off in ponds, and under normal conditions of climate and weather, such surface impoundments will continue to exist through the dry season, or at least as long as adequate grazing is available. Such structures are not maintained under the authority of any Permit or License of the State of California.

II

There are within the watershed of the Santa Margarita River many structures, both on and off-channel,

- 1 -

used for the temporary and non-seasonal impoundment of surface run-off for the purpose of providing a head for irrigation, or for the purpose of temporarily accumulating sufficient water to make possible efficient irrigation, which structures are not maintained under the authority of any Permit or License of the State of California.

### III

There are within the watershed of the Santa Margarita River many structures used for the impoundment of surface run-off for soil conservation, recreation, or other beneficial purposes, which structures are not maintained under any Permit or License of the State of California.

### IV

There is no evidence that any of such structures or impoundments presently constitute an unreasonable, wasteful or non-beneficial use of water.

### V

Such structures and impoundments intercept surface run-off of the waters of the Santa Margarita River system, which run-off would, in a state of nature, contribute to the volume of stream flow and to the re-charge of the underground basins of the stream system. While the impact of any such individual impoundment on the available water supply of the Santa Margarita River system is _de minimis_, the cumulative effect of such structures and impoundments may at a future date become substantial and require regulation or control.

### VI

Except in situations covered elsewhere in other findings in this case in which this Court has specifically found a right to maintain such structures, none of such structures or impoundments have been maintained adversely to any other water user downstream therefrom.

## CONCLUSIONS OF LAW

### I

The impoundment by riparian owners of limited quantities of surface run-off for the purpose of providing stock water is a proper riparian use of water. The question of whether or not the amount any such individual use is reasonable or unreasonable under the circumstances has not been determined in these proceedings.

### II

The temporary and non-seasonal impoundment by riparian owners of surface run-off for the purpose of providing a head for irrigation, or for the purpose of temporarily accumulating sufficient water to make possible efficient irrigation, is a proper riparian use of water. The question of whether or not any such individual use is reasonable or unreasonable under the circumstances has not been determined in these proceedings.

### III

The possible necessity of future regulation and control of such structures and impoundments in the interest of all water users of the Santa Margarita River system requires that this Court retain continuing jurisdiction of this cause and of the owners or operators of any such structures or impoundments, for the purpose of regulating, controlling, restricting or prohibiting if necessary, any future impoundment or diversion of surface waters of the Santa Margarita River system upon proper showing by any party hereto or his successor in interest.

### IV

Excepting as may have been specifically found elsewhere in other Findings in this case, none of such structures or impoundments have given rise to any right

to maintain them or impound water therein by reason of prescription or adverse user.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

I

The construction or maintenance of any structure for the impoundment of surface run-off of the waters of the Santa Margarita River system as the same has been herein defined has not resulted in the acquisition of any prescriptive right or any right by reason of adverse user against any party to this cause, excepting as such prescriptive or adverse rights have been specifically determined to exist elsewhere in the judgment of this Court, and the continued maintenance of such structures, or the impoundment of water therein shall not in the future give rise to any prescriptive right or right by adverse user against any other party to this cause, his heirs, successors or assigns.

II

This Court retains continuing jurisdiction of this cause and of the parties hereto, their heirs, successors and assigns, for the purpose of regulating controlling, restricting or prohibiting any impoundment or diversion of the surface waters of the Santa Margarita River system.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based upon the decisions of the United States Court of Appeals for the Ninth Circuit, <u>California v. United States</u>, 235 Fed (2) 647 (CA 9 1956), that this is not a final decree but is interlocutory in character and by reason of the declaration by this Court that all parties are adverse one to another, thus dispensing with cross-pleadings, all other parties to this proceeding may object to these Findings of Fact, Conclusions of Law and Interlocutory Judgment and will be given full opportunity upon due notice to interpose their objections to these Findings of Fact, Conclusions of Law and Interlocutory Judgment.

Dated: May 23, 1961.

James M. Carter
United States District Judge

- 4 -

370