

LODGED

OCT 17 1961

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al.,

        Defendants.

No.  1247-SD-C

FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND INTERLOCUTORY JUDGMENT No. 30
PERTAINING TO MURRIETA-TEMECULA AREA.

I

    That the Murrieta-Temecula ground water area herein-
after called the 'ground water area' is comprised of younger
and older alluvial deposits; that the exterior boundaries of
said ground water area are graphically set forth in U. S. Ex-
hibit 277 which exhibit is incorporated herein and made a part
of these findings by reference.

    That said ground water area is bordered on the south-
west by mountains of the Santa Rosa Grant which are composed of
basement complex; that immediately northwest and adjacent to

15992

1  said basement complex formation there are older alluvial deposits
2  of considerable depth.

3      The geologic evidence in this case establishes that
4  many years ago the older alluvial deposits were laid down by
5  stream action at a time when the surface waters ran northerly
6  into the Elsinore area; that at some point in the past said
7  surface waters changed their course to the present stream condi-
8  tion by accomplishing a break-through of the basement complex at
9  the place now known as Temecula Gorge, located in the NE$\frac{1}{4}$ of
10 projected Section 24, Township 8 South, Range 3 West, and that
11 at all times thereafter the drainage of the waters above Temecula
12 Gorge have been westerly down the present Santa Margarita River
13 into the Pacific Ocean.

14      That said deposits of older alluvial are of considerable
15 depth and one well, the Navy well, which was drilled in 1951 and
16 is located east of the Wildomar Fault in Projected Section 17
17 of Township 8 South, Range 2 West, evidenced older alluvial
18 deposits at a depth in excess of 2400 feet without encountering
19 bed rock.

20      That proceeding northerly and easterly said older
21 alluvial deposits show a gradual lessening in depth to bed rock
22 and said older alluvial deposits terminate at the extreme north
23 and east portion of said ground water area at that point where
24 the basement complex becomes apparent; that U. S. Exhibit 15E
25 depicts said areas of older alluvial deposits and is incorporated
26 herein and made a part hereof by reference.

27                          II
28      That within said ground water area and principally in
29 Murrieta and Pauba Valleys there are extensive younger alluvial
30 deposits; that said younger alluvial deposits were laid down by
31 stream action following the break-through of the surface stream

2

15993

1  at Temecula Gorge as found in Finding I above.  That said areas
2  of younger alluvial deposits are depicted on U. S. Exhibit 15E.

III

4    That Murrieta Valley lies parallel to and immediately
5  adjacent to the mountains of the Santa Rosa Grant referred to
6  hereinabove in Finding I; that within said valley there exist
7  two well-defined faults which are approximately parallel.  One of
8  said faults is located immediately to the northeast of the
9  mountains of the Santa Rosa Grant which is known as the Elsi-
10 nore Fault; and the other, which runs in the identical direction
11 and is generally parallel thereto, but located to the east, is
12 known as the Wildomar Fault; that the Elsinore Fault does not
13 terminate in Murrieta Valley but extends along the westerly
14 portion of the alluvial deposits in Wolf-Pechango Valley and into
15 the San Luis Rey watershed; that said Wildomar Fault extends along
16 the easterly portion of the alluvial deposits in Wolf-Pechango
17 Valley and terminates approximately one-half ($\frac{1}{2}$) mile southeast
18 of Temecula Creek; that in fact said Wildomar Fault acts as a
19 barrier to the movement of ground waters from Pauba Valley
20 westerly except to the extent that ground waters are contained
21 in younger alluvial deposits which lie above said fault or rise
22 to the surface and move westerly over said fault and downstream
23 as surface waters; that said faults are depicted on California
24 Exhibit_____and U. S. Exhibit 15 which exhibits are incorporated
25 herein and made a part hereof by reference.

IV

27    That between said fault lines there are both younger
28 and older alluvial deposits; that in fact the major portion of the
29 younger alluvial deposits in Murrieta Valley lie between these
30 two faults; that said deposits of older and younger alluvium
31 which lie between said faults are depicted on U. S.Exhibit 15.

3

15994

V

That the younger alluvial deposits within Murrieta Valley consist of sedimentary materials; that said sedimentary materials are of a relatively high water-bearing capacity and permeability as contrasted to older alluvial deposits.

VI

That the younger alluvial deposits within said Murrieta Valley contain ground waters the source of which are the surface waters of Murrieta Creek and its tributaries.

VII

That the surface flow of Murrieta Creek is between said faults and over and upon the younger alluvium contained therein, but upon said areas of younger alluvium between said faults the location of said surface flow may vary considerably and it is quite common for the surface stream to shift its surface bed during periods of considerable surface flow.

VIII

That Murrieta Creek does not flow continually on the surface except during periods of considerable precipitation, but on the contrary flows throughout its course as a surface stream, then disappears and flows under ground, and then again rises to the surface; that the points where said Murrieta Creek rises to the ground and flows as a surface stream vary from year to year and within each year.

IX

That one of the principal causes for the changes in the areas of rising surface flow is the lowering of the ground waters within the younger alluvial deposits between said faults resulting from pumping from wells which tap said ground waters within said younger alluvial deposits.

- - - - -

4

15995

X

That the younger alluvial deposits in Murrieta Valley
which as found hereinabove were laid down by stream action, rest
upon and are enclosed within on each side by older alluvial de-
posits; that said older alluvial deposits are of considerably
tighter material and less permeability than the younger alluvial
deposits; that while it is true that the ground waters within
said older alluvial deposits are in hydrologic contact with the
ground waters contained in the younger alluvial deposits, said
older alluvial deposits because of their tighter characteristics
and limited permeability effectively impede ground waters con-
tained in the younger alluvial deposits from moving into the
older alluvial deposits, but on the contrary said ground waters
contained in said younger alluvial deposits move in a general
southeasterly direction within the younger alluvial deposits,
i.e. in the same direction as the surface flow of Murrieta Creek;
that throughout the course of Murrieta Valley, the ground waters
which are contained in the younger alluvial deposits rise to
the surface and then disappear and flow within the area of
younger alluvial deposits as said waters move downstream in
said southeasterly direction; that when said ground waters reach
the area of Temecula Gorge their movement downstream as ground
waters is effectively prevented by basement complex which is
essentially bedrock; that at said point or immediately upstream
therefrom said ground waters do rise to the surface and pass
over Temecula Gorge as surface flow.

XI

That the said areas of older alluvial deposits which
lie beneath and around the areas of younger alluvial deposits
are, as found hereinabove, composed of considerably tighter
materials than the younger alluvial deposits, and do in fact

5

1  form the beds and banks of an underground stream and the ground

2  waters contained in said younger alluvial deposits move in a

3  southeasterly direction within said bed and banks and said

4  older alluvial deposits serve the same purpose as a semi-

5  impermeable bed and bank of a surface stream channel.

XII

7        That on occasions and particularly during or immediately

8  after periods of precipitation, Murrieta Creek does flow as a

9  continual surface stream; that at such times the ground waters

10  within the younger alluvial deposits are directly connected with

11  said surface flow of Murrieta Creek; that except during or

12  immediately after periods of precipitation Murrieta Creek does

13  not flow as a continual surface stream, but, as found hereinabove,

14  flows on the surface for a short distance, disappears under-

15  ground, then rises to the surface and again disappears through-

16  out its course to Temecula Gorge; that during such periods

17  the ground waters within the younger alluvial deposits are in

18  fact the source of those waters which rise and flow on the sur-

19  face for short distances and then disappear; that at all times

20  said ground waters within the younger alluvial deposits within

21  Murrieta Valley movein the identical direction of Murrieta Creek

22  when in fact it physically flows; that said ground waters within

23  said areas of younger alluvial deposits in Murrieta Valley as

24  depicted on U. S.Exhibit 15E are in a known and definite channel;

25  to wit: the areas of younger alluvial deposits, and are in fact

26  a part of Murrieta Creek and said ground waters within said

27  younger alluvial deposits in Murrieta Valley and said surface

28  flow of Murrieta Creek as it may physically exist do constitute

29  a single stream hereinafter referred to as Murrieta Creek.

30              - - - -

31              - - - -

6

XIII

That there exists in the most northwesterly portion
of Murrieta Valley, to wit, sections 27 and 34, Township 6 South,
Range 4 West, a barrier of bedrock which effectively prevents all
ground waters which are located northeast of Palomar Street and
west of Orange Street as said streets are presently depicted
on U. S. Exhibit_____ from moving southeasterly toward Temecula
Gorge; that in fact said ground waters flow out of the Santa Mar-
garita River watershed and into the San Jacinto watershed and
said ground waters contained in said area are not a part of the
Santa Margarita River or its tributaries but are in fact a part
of the waters of San Jacinto watershed.

XIV

That while it is known and certain  and definite that
said younger alluvial deposits rest upon older alluvial deposits
the exact extent of the depth of said younger alluvial deposits
to contact with said older alluvial deposits is not in most
areas of Murrieta Valley subject to exact ascertainment; that it
is true that the evidence in this case would indicate that said
younger alluvial deposits extend to a depth of approximately
50 feet from ground surface; that generally the deepest areas of
younger alluvial deposits in Murrieta  Valley are in the most
northwesterly portion thereof and decrease gradually in depth
toward its shallowest area which is located in the most south-
easterly portion of said Valley; that it is impossible, based on
the evidence available today, to enter a finding determing the
depth of younger alluvial deposits throughout said Valley with
exactness, but as this Court will keep continuing jurisdiction
of this cause, jurisdiction will be reserved to determine such a
fact in the event that it becomes necessary to do so in any
particular factual situation which might arise in the future.

7

### XV

That attached hereto, marked Exhibit A, and incorporated herein, are descriptions of the smallest tract of land held under one chain of title, a part of which abuts upon or is traversed by Murrieta Creek.

### XVI

That Pauba Valley lies northeasterly of Temecula Gorge and is depicted on U. S. Exhibit 15E. That said Valley consists principally of younger alluvial deposits over which the surface waters of Temecula Creek flow.

### XVII

That the younger alluvial deposits within said Pauba Valley ... consist of sedimentary materials; that said sedimentary materials are of relatively high water bearing capacity and permeability as contrasted to older alluvial deposits; that the areas of younger alluvial deposits within Pauba Valley are depicted on U. S.Exhibit 15E; that said younger alluvial deposits rest upon and are enclosed within older alluvial deposits.

### XVIII

That the ground waters which are contained in said younger alluvial deposits are recharged by the surface flow of Temecula Creek and its tributaries; that Temecula Creek is an intermittent stream (except during periods of considerable precipitation) which flows on the surface, then disappears underground, and then arises again on the surface throughout its course as it traverses Pauba Valley; that the areas of surface flow vary from year to year and within each year and to a substantial degree said intermittent characteristics of surface flow and area fluctuations are the result of the pumping of wells which have been drilled into said younger alluvial deposits; that the surface channel or area of surface flow of Temecula Creek

8

15999

1    within Pauba Valley is not stable but is often changed during
2    periods of considerable surface flow.
3                                    XIX
4              That the construction of Vail Dam by the Vail Company
5    and the impoundment of the waters of Temecula Creek therein
6    does in fact affect the surface flow of Temecula Creek from that
7    which exists under natural conditions; thatthis Court has en-
8    tered detailed findings of fact in Interlocutory Judgment No.__
9    specifically concerned with the operation of said Vail Dam;
10   that said findings concerning said Vail Dam are incorporated
11   herein and made a part hereof by reference.
12                                   XX
13             That the older alluvial deposits which surround the
14   younger alluvial deposits and upon which said younger alluvial
15   deposits lie are of considerably tighter material than the
16   younger alluvial deposits and their permeability is substantially
17   less than said younger alluvial deposits; that while it is true
18   that the ground waters within said older alluvial deposits are
19   in  hydrologic contact with the ground waters contained in the
20   younger alluvial deposits, said older alluvial deposits because
21   of their tighter characteristics and limited permeability do
22   effectively impede the ground waters contained in the younger
23   alluvial deposits from moving into the older alluvial deposits
24   and said ground waters contained in said younger alluvial depo-
25   sits move within the younger alluvial deposits in a general
26   southwesterly direction, i.e. in the same direction as the
27   surface flow of Temecula Creek.
28                                   XXI
29             That the said areas of older alluvial deposits which
30   lie beneath and around the areas of younger alluvial deposits
31   and as found hereinabove are composed of considerably tighter

                                      9


                                             16000

1    materials of less permeability than the younger alluvial deposits

2    .... do in fact form the beds and banks of an underground stream

3    and the ground waters contained in said younger alluvial deposits

4    move in a southwesterly direction within said bed and banks and

5    said older alluvial deposits serve the same purpose as a semi-

6    impermeable bed and bank of a surface stream channel.

7                         XXII

8          That during such times as there is a continual surface

9    flow of Temecula Creek, i.e. during periods of considerable pre-

10    cipitation, said ground waters within the younger alluvial deposits

11    are directly connected with said surface flow of Temecula Creek;

12    that during those times when Temecula Creek is an intermittent

13    stream flowing on the surface and then disappearing underground,

14    the ground waters within the younger alluvial deposits are in

15    fact the source of those waters which rise and flow on the sur-

16    face for short distances and then disappear. That at all times

17    said ground waters within the younger alluvial deposits within

18    Pauba Valley move in the identical direction as the surface flow

19    of Temecula Creek when in fact it physically flows; that said

20    ground waters within said areas of younger alluvial deposits

21    in Pauba Valley as depicted on U. S. Exhibit 15E are in a known

22    and definite channel, to wit, the areas of younger alluvial

23    deposits and are in fact a part of Temecula Creek and said ground

24    waters within said younger alluvial deposits in Pauba Valley

25    and said surface flow of Temecula Creek as it may physically

26    exist do constitute a single stream hereafter referred to as

27    Temecula Creek.

28                         XXIII

29          That while it is known, certain and definite that

30    immediately underlying the area of younger alluvial deposits

31    there are older alluvial deposits, the exact extent of the depth

16001

1   of said younger alluvial deposits is not in most areas of Pauba

2   Valley subject to exact ascertainment; that it is true that the

3   evidence in this case would indicate that younger alluvial de-

4   posits extend to a depth of approximately one hundred thirty (130)

5   feet from ground surface; that generally the deepest areas of

6   younger alluvial deposits in Pauba Valley are in the most south-

7   westerly portion thereof and said younger alluvial deposits

8   decrease gradually in depth towards its shallowest area which is

9   located in the most northeasterly portion of said Pauba Valley;

10   that it is impossible, based on the evidence available today,

11   to enter a finding determining the depth of the younger alluvial

12   deposits within said Valley with exactness, but as this Court

13   will keep continuing jurisdiction of this cause, jurisdiction

14   will be reserved to determine such a fact if in the event it

15   becomes necessary to do so in any particular factual situation

16   which might arise in the future.

17                  XXIV

18       That attached hereto, marked Exhibit B, and incor-

19   porated herein, are descriptions of the smallest tract of land

20   held under one chain of title, a part of which abuts upon or is

21   traversed by Temecula Creek.

22                   XXV

23       That while it is true as found hereinabove that the

24   older alluvial deposits which underlie and surround the younger

25   alluvial deposits are composed of tighter materials and have

26   limited permeability, some waters of Temecula Creek are in fact

27   trapped beneath certain impervious lenticular bodies of older

28   alluvial deposits; that waters which are trapped and confined

29   beneath said lenticular bodies move downstream toward the semi-

30   barrier of Wildomar Fault; that upon reaching said fault an area

31   of artesian pressure upstream from said fault is produced; said

11

area of artesian pressure is below the level of all irrigation
wells except the Navy well which is located in Projected
Section 17 of Township 8 South, Range 2 West, and is pierced only
by wells of 500 feet in depth; said artesian waters are a part
of the waters of the Santa Margarita River stream system but do not
directly support the flow of said River except to the extent that
said waters actually flow from the surface as a result of the
artesian pressure; that water from said area of artesian
pressure may be easily identified by its characteristic high
sodium content as compared to the low sodium content that is
found in the waters contained in the younger alluvial deposits.

XXVI

That both within and without said ground water area
there are areas of younger alluvial deposits which underlie a
surface stream tributary to either Murrieta or Temecula Creeks.
That such areas of younger alluvial deposits underlie Santa
Gertrudes Creek, Warm Springs Creek, Cole Canyon Creek, and
Slaughterhouse Creek, tributaries to Murrieta Creek, and Wolf
Valley-Pechango Creek, tributary to Temecula Creek. That said
areas of younger alluvial deposits are depicted on U. S. Ex-
hibit 15L incorporated herein by reference.

XXVII

That in each instance said surface streams, referred
to in Finding XXVI above (except during periods of considerable
precipitation) are intermittent in character and the surface
flow will disappear underground, rise to the surface, and then
disappear as it traverses the areas of younger alluvial deposits
depicted on said U. S.Exhibit 15L; that in each instance the
surface channel or stream bed will fluctuate considerably within
the said areas of younger alluvial deposits, and it is not unusual
for a surface stream bed to change from year to year or within
any given year during periods of surface runoff. That in each

12

1   instance the intermittent character of surface flow is directly

2   affected by the pumping from said younger alluvial deposits which

3   underlie the particular surface stream.

4                          XXVIII

5         That the ground waters contained within the younger

6   alluvial deposits over which Santa Gertrudes Creek, Warm Springs

7   Creek, Cole Canyon Creek, Slaughterhouse Creek, and Wolf Valley-

8   Pechango Creek flow are recharged by the surface flows therefrom;

9   that in each instance said ground waters are in direct physical

10  and hydrologic contact with the respective surface flow, and

11  that in each instance said ground waters move in the identical

12  direction of the surface flow of the particular creek which flows

13  over the respective younger alluvial deposit.

14                          XXIX

15        That said ground waters which are contained within the

16  younger alluvial deposits over which Santa Gertrudes Creek, Warm

17  Springs Creek, Cole Canyon Creek, Slaughterhouse Canyon Creek

18  and Wolf Valley-Pechango Creek flow are in each instance physi-

19  cally contained therein in that the tightness and limited per-

20  meability of the older alluvial deposits or basement complex

21  which enclose said younger alluvial deposits act as a bank and

22  bed and thus contain said ground waters within the younger allu-

23  vial deposits as depicted on said U. S. Exhibit 15L; that said

24  older alluvial deposits or basement complex are of considerably

25  tighter material and of less permeability than the younger allu-

26  vial deposits; that as a result thereof the ground waters within

27  the younger alluvial deposits are effectively impeded; and do

28  in fact move downstream within said younger alluvial deposits

29  in the identical direction of the surface stream which overlies

30  each area, respectively; that in each instance the ground waters

31  contained in said younger alluvial deposits are in direct contact

                              13

1   with the surface flow of the respective creek when in fact it
2   physically exists as a surface stream and when there is only an
3   intermittent surface flow, i.e., during periods other than
4   periods of precipitation, said ground waters within said areas
5   of younger alluvial deposits do in fact constitute the waters
6   which rise to the surface, flow thereon and then disappear
7   underground; that said older alluvial deposits and basement
8   complex do in fact form the beds and banks of an underground
9   stream in each instance and serve the same purpose as a semi-
10   impermeable bed and bank of a surface stream channel; that
11   ground waters which are contained within the areas of younger
12   alluvial deposits as depicted on U. S. Exhibit 15L are in fact a
13   part of Santa Gertrudes Creek, Warm Springs Creek, Cole Canyon
14   Creek, Slaughterhouse Canyon Creek and Wolf Valley-Pechango
15   Creek, respectively, and said ground waters within said younger
16   alluvial deposits and the surface flows thereon do constitute
17   single streams hereinafter referred to as Santa Gertrudes Creek,
18   Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Canyon
19   Creek and Wolf Valley-Pechango Creek, respectively.
20                              XXX
21          That while it is known, certain and definite that said
22   older alluvial deposits and basement complex immediately underlie
23   the younger alluvial deposits as found hereinabove in Finding
24   XXIX, the exact depth of the younger alluvial deposits is not
25   in most areas subject to exact ascertainment; that it is true that
26   the evidence in this case would indicate that said younger
27   alluvial deposits are of a relatively shallow depth, it is im-
28   possible, based on the evidence available today, to enter a
29   finding determining the depth of said younger alluvial deposits
30   with exactness; as this Court will keep continuing jurisdiction
31   of this cause, jurisdiction will be reserved to determine such

                              14

a fact in the event it becomes necessary to do so in any parti-
cular factual situation which might arise in the future.

### XXXI

That attached hereto, marked Exhibit C, and incorporated
herein, are descriptions of the smallest tract of land held under
one chain of title, a part of which abuts upon or is traversed
by Santa Gertrudes Creek.

### XXXII

That attached hereto, marked Exhibit D, and incorporated
herein, are descriptions of the smallest tract of land held under
one chain of title, a part of which abuts upon or is traversed
by Warm Springs Creek.

### XXXIII

That attached hereto, marked Exhibit E, and incorporated
herein, are descriptions of the smallest tract of land held under
one chain of title, a part of which abuts upon or is traversed
by Cole Canyon Creek.

### XXXIV

That attached hereto, and marked Exhibit F, and in-
corporated herein, are descriptions of the smallest tract of land
held under one chain of title, a part of which abuts upon or is
traversed by Slaughterhouse Canyon Creek.

### XXXV

That attached hereto, marked Exhibit G, and incor-
porated herein, are descriptions of the smallest tract of land
held under one chain of title, a part of which abuts upon or is
traversed by Wolf Canyon-Pechango Creek.

### XXXVI

That in said Murrieta-Temecula ground water area the
older alluvial deposits are surrounded by impervious materials;
that waters within said older alluvial deposits in the south-
easterly portion of the area are in general moving downward

15

16006

1  in a southwesterly direction and the ground waters in the older

2  alluvial deposits in the northwesterly portion of the area are

3  in general moving downward in a southeasterly direction, and as

4  a result thereof, there is no such thing as a consistent or

5  related ground water level throughout said area; that said

6  distinct movement of ground waters within the older alluvial

7  deposits within said ground water area is the result of a ground

8  water divide; that the approximate location of said ground water

9  divide as it existed in the autumn of 1959 is shown on U. S.

10  Exhibit 15L.

11                              XXXVII

12      That ground water contours extend in a general south-

13  east-northwest direction; that said contours show the altitude

14  above sea level of the water levels in wells and are predicated

15  on such well levels as are presently available from which the

16  contours are projected; these contours, as of autumn, 1959, are

17  depicted on U. S. Exhibit 15L; and, as shown thereon, are pro-

18  gressively lower as they proceed from the extreme north and

19  easterly boundaries of said ground water area toward Temecula

20  Gorge; that the contours of 1959 show a definite pattern of

21  downward water gradient in a general southwesterly direction.

22                             XXXVIII

23      That except as found in Finding XXXVII above, ground

24  water levels within said ground water area do not stand at or

25  about the same level; that ground water levels within areas of

26  older alluvium, and older and younger alluvium may vary con-

27  siderably; that pumping from one well or from several wells within

28  said ground water area in some instances has been shown to have

29  a noticeable effect on other wells within said ground water area

30  which are in close proximity to the well or wells pumped; in

31  some instances under conditions apparently similar no noticeable

                                16

1  effect has been evidenced in wells in close proximity to the

2  wells being pumped; in some areas of said ground water area

3  there has been evidenced an effect on one well when another well

4  approximately one mile therefrom was pumped; in some areas of

5  said ground water area no effect has been shown in one well

6  when another well approximately 150 feet therefrom was pumped.

7                     XXXIX

8        That the ground waters within the areas of older al-

9  luvium in said ground water area move slowly toward either

10  Murrieta Creek or Temecula Creek; that the ground water divide

11  as found above is not a stationary divide but fluctuates de-

12  pending upon the ground water levels, but generally said divide

13  follows the surface water divide between the Murrieta Creek and

14  Temecula Creek drainage areas.

15        That all of said ground waters in said older alluvium

16  in said ground water area northwesterly of said ground water

17  divide move toward Murrieta Creek; that all ground waters within

18  areas of older alluvium in said ground water area southeasterly

19  of said ground water divide move toward Temecula Creek.

20        That the movement of said ground waters is not a con-

21  sistent, continuous movement, but is influenced by many factors

22  including, but not limited to, the permeability of the deposits

23  within said areas of older alluvium, by the probability of

24  physical ground water barriers beneath the surface, and by

25  pumping within said area.

26        Although in some limited areas the movement of said

27  ground water can be and has been definitely determined, there is

28  insufficient evidence to show to what extent said movement and

29  rate of flow in the major portion of the older alluvium within

30  said ground water area is affected by such underground or

31  subterranean conditions.

XL

That pumping of the ground waters in the older allu-
vial deposits within said ground water area does affect to a
limited but presently undetermined degree the flow of Murrieta
Creek or Temecula Creek; that Murrieta and Temecula Creeks
are the principal tributaries of the Santa Margarita River
above Temecula Gorge.

XLI

That the general source of the ground water within
said older alluvial deposits in said ground water area is
primarily runoff from drainage areas outside of the ground water
area, which occur during or immediately after periods of pre-
cipitation and to a lesser degree precipitation upon said ground
water area.  That specifically the source of recharge for the
ground waters heretofore found to constitute a part of Murrieta
Creek and the ground water within the older alluvial deposits
northwesterly of the ground water divide as found in Findings
XXXVI and XXXIX above, is the surface drainage area of Murrieta
Creek and tributaries thereto.  That specifically the source of
the ground waters heretofore found to constitute a part of
Temecula Creek and the ground water within the older alluvial
deposits southeasterly of said ground water divide is the surface
drainage of Temecula Creek and tributaries thereto.

XLII

That all ground waters within the older alluvial de-
posits within said ground water area are in hydrologic contact
with the waters of the Santa Margarita River and do add to and
support the Santa Margarita River or a tributary thereto, but
that said ground waters contained in said older alluvial deposits
are not in a known and definite channel.

- - - - - -

18

XLIII

That attached hereto marked Exhibit H and incorporated herein by reference are descriptions of the smallest tract of land held under one chain of title a part of which overlies an area of older alluvial deposits referred to in Finding XLII above.

XLIV

That all ground waters found within areas of older alluvium or of basement complex or weathered basement complex and outside said ground water area and all ground waters found within areas of basement complex or weathered basement complex within said area as shown on U. S. Exhibits 277 and 15L do not add to, support, nor contribute to the Santa Margarita River and are local, vagrant, percolating waters and not a part of said River or any tributary thereto; that attached hereto marked Exhibit I and incorporated herein by reference, are descriptions of lands which overlie areas of basement complex or weathered basement complex within said ground water area.

XLV

That all surface flows of water upon the lands depicted on U. S. Exhibits 277, 15E and 15L are a part of the Santa Margarita River.

XLVI

That with the exception of extremely limited areas there is surface water only during periods of precipitation or immediately thereafter, and thus, the right of riparians to use said surface water in said areas on riparian lands is illusory in that there is little if any need for said surface waters during the limited period that it physically exists.

- - - - -

- - - - -

19

16010

XLVII

Except as may be expressly found to the contrary in
other findings in this case all uses of water within said ground
water area are in their character reasonable and beneficial.
At the present status of this case the issue of apportionment
has not been presented and this Court has taken no evidence
directed to establishing whether such water uses are reasonable
or unreasonable as to amount of water used in the light of the rights
which may exist as to such water and this issue is left open,
is not decided herein, and shall be litigated if and when in the
future it becomes necessary to do so.

That there is insufficient evidence to enable this Court
to find the total water supply to, the use within, the export
from, or the net draft upon said ground water area or any part
thereof or any stream within, either annually or on the average
over a period of years.

XLVIII

That those areas of older alluvium as depicted on said
U. S. Exhibit 15L are the same areas which were designated by
the term "mesa silt" as used and found in the 1930 Findings of
Fact, Conclusions of Law and Judgment in the case of Rancho
Santa Margarita v. Vail, et al., Case No. 42850, in the records
of the Superior Court of the State of California in and for the
County of San Diego.

XLIX

That there is attached hereto, marked Exhibit J and
made a part of these findings by reference, a summation of in-
formative factual matters pertaining to certain thereupon desig-
nated and described lands within said ground water area.  That
such factual matters as apparent ownerships, gross and irrigable
and irrigated acreage, wells, surface diversions, and other

20

1  pertinent information are set forth. That said factual matters

2  are not to be res judicata or prima facie evidence in any future

3  proceeding in  this cause, but are set forth for informative

4  purposes only and were not received in evidence in this trial

5  for title, apportionment, or injunctive restraint purposes.

6                                    L

7          That within said ground water area as depicted on

8  said U. S. Exhibit 277 there are numerous small creeks or gullies

9  or water courses most of which are unnamed which these findings

10  have not considered in detail; that in all such factual situations

11  surface flow would occur only during or immediately after periods

12  of precipitation; that underlying such creeks, gullies or water

13  courses there are younger alluvial deposits which are bedded upon

14  and enclosed within older alluvial deposits or basement complex;

15  that said younger alluvial deposits are not extensive but are

16  shallow and ground waters contained therein would be of a

17  relatively limited quantity; that said areas are not defined

18  herein but are depicted in general on U. S. Exhibits 15E and 15L;

19  that said older alluvial deposits or basement complex do in fact

20  impede the vertical and horizontal movement of said ground waters

21  and said ground waters within said younger alluvial deposits

22  thus move in the same direction as the surface flow when in fact

23  it physically exists; that when surface flow does exist said

24  ground waters within said younger alluvial deposits are in direct

25  contact therewith and said ground waters are in fact during such

26  times and at all other times an integral part of the flow of the

27  particular creek, gully or water course; that ground waters con-

28  tained within such younger alluvial deposits are in fact in a

29  known and definite channel, to wit, the area of younger alluvial

30  deposits, and are a part of the specific creek, gully or water

31  course which traverses the specific younger alluvial deposits,

1    and are a part of the Santa Margarita River.

2                 LI

3       That the surface waters and the ground waters contained

4 within the younger alluvial deposits referred to in Finding L

5 above do not warrant in these findings of fact specific detailed

6 exhibits setting forth descriptions of the lands which abut upon

7 or are traversed by each creek, gully or water course; that no

8 party to this cause has requested specific findings on these

9 small creeks, gullies or water courses most of which, as found

10 hereinabove, are unnamed, and this Court at this time makes no

11 specific findings thereon; that as these findings and judgment

12 are interlocutory this Court will, if so requested, make specific

13 findings on said creeks, gullies or water courses, either separately

14 or totally should any party to this cause request this Court to

15 do so; that in the event no such request is made, this Court can

16 and will if the occasion should arise in the future be able to

17 make such determination as may be necessary from the general facts

18 as found above in Finding L.

19            <u>CONCLUSIONS OF LAW</u>

20                 I

21       That all ground waters found within areas of older

22 alluvial deposits or areas of basement complex or weathered base-

23 ment complex and outside the ground water area as depicted on

24 U. S. Exhibits 15L and 277, and all ground waters found within

25 areas of basement complex or weathered basement complex within

26 said ground water area as depicted on U. S. Exhibits 15E and 15L

27 and as described in Exhibit I, do not add to, support nor

28 contribute to the Santa Margarita River and are local, vagrant,

29 percolating waters, not a part of said River or any tributary

30 thereto.

31                 - - - - -

II

That all surface waters upon the lands depicted on
U. S. Exhibits 277, 15E or 15L are a part of the Santa Margarita
River and subject to the continuing jurisdiction of this Court.

III

That all lands described in Exhibit A attached hereto
and incorporated herein have a correlative riparian right to
the use of the waters of Murrieta Creek.

IV

That all lands described in Exhibit B attached hereto
and incorporated herein have a correlative riparian right to the
use of the waters of Temecula Creek.

V

That all lands described in Exhibit C attached hereto
and incorporated herein have a correlative riparian right to
the use of the waters of Santa Gertrudes Creek.

VI

That all lands described in Exhibit D attached hereto
and incorporated herein have a correlative riparian right to the
use of the waters of Warm Springs Creek.

VII

That all lands described in Exhibit E attached hereto
and incorporated herein have a correlative riparian right to
the use of the waters of Cole Canyon Creek.

VIII

That all lands described in Exhibit F attached hereto
and incorporated herein have a correlative riparian right to
the use of the waters of Slaughterhouse Canyon Creek.

IX

That all lands described in Exhibit G attached hereto
and incorporated herein have a correlative riparian right to the

23

16014

1    use of the waters of Wlf Canyon-Pechango Creek.

2                                X

3              That the exercise of the correlative, riparian rights

4    to the use of the waters of Murrieta Creek, Temecula Creek,

5    Santa Gertrudes Creek, Warm Springs Creek, Cole Canyon Creek,

6    Slaughterhouse Creek and Wolf Canyon-Pechango Creek as found

7    hereinabove in conclusions of law III, IV, V, VI, VII, VIII and

8    IX, are subject to the continuing jurisdiction of this Court;

9    that all uses of the waters of said creeks are subject to the

10   continuing jurisdiction of this Court.

11                               XI

12             That all lands described in Exhibit H have correlative

13   overlying rights to the use of the ground waters contained within

14   the older alluvial deposits therein on said described lands;

15   that all of said ground waters within said older alluvial deposits

16   add to, contribute to and support the Santa Margarita River and/or

17   tributaries thereto and the use of said waters is subject to the

18   continuing jurisdiction of this Court.

19                              XII

20             At the present status of this case the issue of appor-

21   tionment or the quantity or proportion of waters to which any

22   lands are entitled has not been presented and this Court has

23   taken no evidence directed to establishing whether any riparian

24   or overlying rights to any water uses are reasonable or un-

25   reasonable as to amount of water used in the light of rights

26   which may exist as to such waters, and this issue is left open,

27   is not decided herein and shall be litigated by this Court if and

28   when in the future it becomes necessary to do so; in the exercise

29   of this continuing jurisdiction this Court will judge and pass

30   upon the exercise of such riparian or overlying right based on

31   the facts as they may then appear and pursuant to California law.

                               24

XIII

1    That each smallest tract of land held under one chain of
2 title, a part of which abuts upon or is traversed by any area con-
3 taining younger alluvial deposits within said ground water area has a
4 correlative riparian right to the use of said ground waters and the
5 use of such waters shall be and is subject to the continuing juris-
6 diction of this Court; that except as to Murrieta Creek, Temecula
7 Creek, Santa Gertrudes Creek, Warm Springs Creek, Cole Canyon Creek,
8 Slaugherhouse Canyon Creek, Wolf Valley-Pechango Creek, such lands
9 have not been specifically described in these findings but can be
10 readily ascertained in the future should it be necessary to do so
11 by reference to the areas of younger alluvial deposits as depicted
12 on U. S. Exhibits 15E and 15L.

XIV

14    That all ground waters located northeast of Palomar Street
15 and west of Orange Street as such streets are presently depicted
16 on U.S. Exhibit___ are not a part of the Santa Margarita River and
17 do not add to, contribute to nor support said River and the use of
18 said ground waters is not subject to the jurisdiction of this Court.

INTERLOCUTORY JUDGMENT

20    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all ground
21 waters found within areas of older alluvial deposits or basement
22 complex or weathered basement complex as depicted on U.S.Ex. 15L
23 and outside the ground water area as depicted on U.S.Ex. 277, and
24 all ground waters found within areas of basement complex or
25 weathered basement complex within said ground water area/depicted on
26 U. S. Exhibits 15E and 15L and as described in Exhibit I, which
27 exhibits are herein incorporated into this Judgment by reference,
28 do not add to, support nor contribute to the Santa Margarita River
29 or any tributaries thereto and are local, vagrant, percolating waters
30 not a part of said River or its tributaries; it is further ordered,
31 adjudged and decreed that this Court has no jurisdiction

25

1 over the use of said ground waters and that the right to the
2 use of said ground waters is herein forever quieted in favor of
3 the owners of the lands in said areas and against the United
4 States of America and all other parties having rights to the use
5 of the Santa Margarita River and its tributaries; it is further
6 ordered, adjudged and decreed that except as to surface flow upon
7 said lands no right to the use of the waters of the Santa Mar-
8 garita River and its tributaries exists from the ownership of
9 the lands containing said local, vagrant, percolating waters
10 herein adjudged not to be a part of said Santa Margarita River
11 or its tributaries.

12      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
13 surface waters which flow upon or over the lands depicted on
14 U. S. Exhibits 15E, 15L and 277 herein incorporated by reference
15 are a part of the Santa Margarita River and subject to the con-
16 tinuing jurisdiction of this Court.

17      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all lands
18 described in Exhibit A attached hereto and incorporated herein
19 by reference have a correlative riparian right to the use of
20 the waters of Murrieta Creek.

21      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
22 lands described in Exhibit B attached hereto and incorporated
23 herein by reference have a correlative riparian right to the use
24 of the waters of Temecula Creek.

25      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
26 lands described in Exhibit C attached hereto and incorporated
27 herein by reference have a correlative riparian right to the
28 use of the waters of Santa Gertrudes Creek.

29      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
30 lands described in Exhibit D attached hereto and incorporated
31 herein by reference have correlative riparian rights to the use
32 of the waters of Warm Springs Creek.

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
2    lands described in Exhibit E attached hereto and incorporated
3    herein by reference have a correlativer riparian right to
4    the use of the waters of Cole Canyon Creek.

5    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
6    lands described in Exhibit F attached hereto and incorporated
7    herein by reference have a correlative riparian right to the
8    use of the waters of Slaughterhouse Canyon Creek.

9    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
10   lands described in Exhibit G attached hereto and incorporated
11   herein by reference have a correlative riparian right to the
12   use of the waters of Wolf Canyon-Pechango Creek.

13   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
14   lands described in Exhibit H attached hereto and incorporated
15   herein by reference have correlative overlying rights to the
16   use of the ground waters contained in the older alluvial de-
17   posits on said described lands.

18   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
19   correlative riparian rights to the use of the waters of Mur-
20   rieta Creek, Temecula Creek, Santa Gertrudes Creek, Warm Springs
21   Creek, Cole Canyon Creek, Slaughterhouse Canyon Creek and
22   Wolf Canyon-Pechango Creek and the correlative overlying rights
23   to the use of the ground waters contained within the lands de-
24   scribed in Exhibit H and all other uses of such waters shall
25   be and are subject to the continuing jurisdiction of this Court.

26   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
27   issue of apportionment has not been presented and this Court
28   has taken no evidence directed to establishing whether the use
29   of any waters herein adjudged to be subject to the continuing
30   jurisdiction of this Court are reasonable or unreasonable as to
31   amount of water used in the light of correlative rights which

27

1  may exist as to such waters and this issue is left open, is not

2  decided herein and shall be litigated by this Court if and when

3  in the future it becomes necessary to do so.

4        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

5  smallest tract of land held under one chain of title, a part of

6  which abuts upon or is traversed by younger alluvial deposits

7  not heretofore specifically determined to be riparian to a

8  specific creek within said ground water area have correlative

9  riparian rights to the use of said waters and that said waters

10  contained within said younger alluvial deposits are subject to

11  the continuing jurisdiction of this Court; it is further ordered,

12  adjudged and decreed that this Court shall have jurisdiction to

13  make such findings in the future as may be necessary to settle

14  any dispute concerning the propriety of the use of said waters

15  and that said Court shall in the future refer to U. S. Ex-

16  hibits 15E and 15L to determine the location of said younger

17  alluvial deposits within said ground water area.

18        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

19  ground waters located northeast of Palomar Street and west of

20  Orange Street as said streets are presently depicted on U. S.

21  Exhibit ___ are not a part of the Santa Margarita River nor do

22  said ground waters add to, contribute to, nor support the said

23  River and the use of said ground waters is not subject to the

24  jurisdiction of this Court.

25        Dated:_____ 1961.

26

27

28        _____
         JUDGE, U. S. DISTRICT COURT

29

30

31

16019