

LODGED

NOV 13 1961

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____
                              DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

*30*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No 1247-SD-C |
| vs. | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND INTERLOCUTORY JUDGMENT NO. 30 PERTAINING TO MURRIETA-TEMECULA AREA |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants. | |

FINDINGS OF FACT

I

That the Murrieta-Temecula ground water area hereinafter called the "ground water area" is comprised of younger and older alluvial deposits; that the exterior boundaries of said ground water area are graphically set forth in U. S. Exhibit 277 and specifically described in U. S. Exhibit 277A which exhibits are incorporated herein and made a part of these findings by reference.

That said ground water area as depicted and described in United States Exhibits 277 and 277A is bordered on the south-west by mountains of the Santa Rosa Grant which are composed of basement complex; that immediately northeast and adjacent to

16085

1 said basement complex formation there are older alluvial de-
2 posits of considerable depth.

3          That the geologic evidence in this case establishes
4 that many years ago the older alluvial deposits were laid down
5 by stream action at a time when the surface waters ran
6 northerly into the Elsinore area; that at some point in the past
7 said surface waters changed their course to the present stream
8 condition by accomplishing a breakthrough of the basement
9 complex at the place now known as Temecula Gorge, located in
10 the NE$\frac{1}{4}$ of Projected Section 24, Township 8 South, Range 3
11 West, S.B.B.M., and that at all times thereafter, the drainage
12 of the waters above Temecula Gorge have been westerly down
13 the present Santa Margarita River into the Pacific Ocean.

14          That said older alluvial deposits are of considerable
15 depth and one well, the Navy well, which was drilled in 1951
16 and is located east of the Wildomar Fault Zone in Projected
17 Section 17 of Township 8 South, Range 2 West, S.B.B.M., evi-
18 denced older alluvial deposits at a depth in excess of
19 2400 feet without encountering bedrock.

20          That the exterior boundaries of said ground water area
21 have to a certain degree for practical reasons been arbitrarily
22 fixed to conform to lines established by legal subdivisions
23 or to existing physical conditions such as roads; that the
24 older alluvial deposits within said ground water area feather
25 out, i.e., show a gradual lessening in depth to bedrock as
26 they approach the exterior boundaries of said ground water
27 area with the result that in the peripheral areas of the
28 ground water area only shallow wells with limited yields can
29 be produced from said older alluvial deposits; that the
30 ground waters, if any, contained in the older alluvial deposits
31 immediately without the arbitrarily determined exterior

2

1 boundaries of said ground water area are of minor amounts
2 and the use of such ground waters would have a de minimis
3 or negligible effect on said ground water area and the
4 Santa Margarita River and its tributaries.

5          That the areas of older alluvial deposits within
6 said ground water area can be ascertained by reference to
7 U. S. Exhibit 15L, which exhibit is incorporated herein,
8 and made a part of these findings by reference.

9                                    II

10          That within said ground water area and principally
11 in Murrieta and Pauba Valleys there are extensive younger
12 alluvial deposits; that said younger alluvial deposits were
13 laid down by stream action and deposition of material eroded
14 from the adjacent hills following the breakthrough of the
15 surface stream at Temecula Gorge as found in Finding I above.
16 That said areas of younger alluvial deposits are depicted on
17 U. S. Exhibit 15L.

18                                   III

19          That Murrieta Valley lies parallel to and immediately
20 adjacent to the mountains of the Santa Rosa Grant referred to
21 hereinabove in Finding I; that within said Valley there exist
22 two well-defined fault zones which are approximately parallel.
23 One of said fault zones is located immediately to the northeast
24 of the mountains of the Santa Rosa Grant which is known as the
25 Elsinore Fault Zone; and the other, which runs in the identical
26 direction and is generally parallel thereto, but located to the
27 east, is known as the Wildomar Fault Zone; that the Elsinore
28 Fault Zone does not terminate in Murrieta Valley but extends
29 along the westerly portion of the alluvial deposits in Wolf-
30 Pechango Valley and into the San Luis Rey watershed; that said
31 Wildomar Fault Zone extends along the easterly portion of the

3

16087

1  alluvial deposits in Wolf-Pechango Valley into the San Luis

2  Rey watershed; that in fact said Wildomar Fault Zone through-

3  out its length acts as a semi-barrier to the movement of

4  ground waters westerly; that ground waters to a limited

5  degree do move through said fault zone and other ground

6  waters contained in the alluvial deposits which lie easterly

7  and above said fault zone flow underground over said fault

8  zone through said alluvial deposits or rise to the surface

9  and move across said fault zone as surface waters; that said

10  fault zones are depicted on U. S. Exhibit 15L.

11                                    IV

12        That between said fault zones there are both younger

13  and older alluvial deposits; that in fact the major portion of

14  the younger alluvial deposits in Murrieta Valley lie between

15  these two fault zones; that said deposits of older and younger

16  alluvium which lie between said fault zones are depicted on

17   U. S. Exhibit 15L.

18                                    V

19        That the younger and older alluvial deposits within

20  Murrieta Valley consist of sedimentary materials; that said

21  younger alluvial deposits are of a relatively high water-

22  bearing capacity and permeability as contrasted to the older

23  alluvial deposits.

24                                    VI

25        That the younger alluvial deposits within said Mur-

26  rieta Valley contain ground waters the source of which are

27  the surface waters of Murrieta Creek and its tributaries and

28  ground waters which pass over the Wildomar Fault Zone as

29  found in Finding III above.

30                              - - - -

31                              - - - -

4

16088

VII

1                               VII

2        That under natural conditions, i.e., in a state of

3 nature, the surface flow of Murrieta Creek is over and upon

4 the younger alluvial deposits in Murrieta Valley lying

5 generally in the area between the fault zones; that upon said

6 areas of younger alluvial deposits between said fault zones the

7 location of said surface flow has varied and may vary con-

8 siderably and it is quite common for the surface stream to

9 shift its surface bed during periods of considerable surface

10 flow; that the floor of Murrieta Valley is a flood plain

11 rising in elevation as it proceeds in a northwesterly direction;

12 that at times in the past during periods of floods the surface

13 flow over said areas of younger alluvial deposits between

14 said fault zones has been extensive and said flood waters on

15 occasions have extended over and upon the younger alluvial de-

16 posits.

17                              VIII

18        That under natural conditions, i.e., in a state of

19 nature, Murrieta Creek does not flow continually on the surface

20 except during periods of considerable precipitation, but on the

21 contrary flows intermittently in its course as a surface stream,

22 then disappears and flows underground and then again rises to

23 the surface; that the points where said waters of Murrieta

24 Creek rise to the ground and flow as a surface stream may vary

25 from year to year and within each year; in recent times the

26 perennial surface flow of Murrieta Creek commences at a point

27 northwest of the Vail Company boundary and flows through an in-

28 cised channel to that point where said Murrieta Creek joins

29 Temecula Creek to form the Santa Margarita River; that as a

30 result of a prolonged drought and increased pumping in Mur-

31 rieta Valley and the northerly portion of the ground water

1 area there has been caused to exist a pumping depression which is

2 located in Projected Sections 17, 34 and 35 of Township 7 South

3 Range 3 West, S.B.B.M.; that said pumping depression has resulted

4 in a temporary reverse gradient of the ground water movement,

5 and to some extent ground waters which are contained in the

6 alluvial deposits adjacent on all sides to said temporary pumping

7 depression under such temporary condition move down the hydraulic

8 gradient toward and into the pumping depression and not down-

9 stream to Temecula Gorge.

10                                IX

11          That one of the prinidpal causes for the changes in the

12 areas of rising surface flow is the lowering of the ground waters

13 within the younger alluvial deposits between said fault zones

14 resulting from pumping from wells which tap said ground waters.

15                                X

16          That the younger alluvial deposits in Murrieta Valley

17 which as found hereinabove were laid down by stream action and

18 deposition of material eroded from the adjacent hills rest upon

19 and are confined laterally on each side by older alluvial deposits;

20 that said older alluvial deposits are of considerably more com-

21 pacted material and less permeability than the younger alluvial

22 deposits; that it is true that the ground waters within said

23 older alluvial deposits are in hydrologic continuity with the

24 ground waters contained in the younger alluvial deposits; that

25 said older alluvial deposits because of their more compacted

26 characteristics and limited permeability, except as to limited

27 amounts of ground waters which do percolate from the younger

28 alluvial deposits into the older alluvial deposits, impede  ground

29 waters contained in the younger alluvial deposits from moving

30 into the older alluvial deposits; that under natural conditions

31 said ground waters contained in said younger alluvial deposits

6

1   move in a general southeasterly direction within the younger

2   alluvial deposits, i.e., in the same direction as the surface

3   flow of Murrieta Creek; that throughout the course of Murrieta

4   Valley, the ground waters which are contained in the younger

5   alluvial deposits rise to the surface and then disappear and

6   flow within the area of younger alluvial deposits as said

7   waters move downstream in said southeasterly direction; that

8   when said ground waters reach the area of Temecula Gorge

9   their movement downstream as ground waters is effectively

10  prevented by basement complex which is essentially bedrock;

11  that as found above in Finding VIII, under present conditions,

12  ground waters do rise to the surface and pass over Temecula

13  Gorge as surface flow.

14                            XI

15          That the said areas of older alluvial deposits which

16  lie beneath and on either side of the areas of younger alluvial

17  deposits are, as found hereinabove, composed of considerably

18  more compacted materials than the younger alluvial deposits,

19  and do in fact form the beds and banks of an underground stream

20  and the ground waters contained in said younger alluvial de-

21  posits under natural conditions move in a southeasterly direc-

22  tion within said bed and banks and said older alluvial de-

23  posits serve the same purpose as a semi-impermeable bed and

24  bank of a surface stream channel.

25                            XII

26          That on occasions and particularly during or imme-

27  diately after periods of precipitation, Murrieta Creek does flow

28  as a continual surface stream; that at such times the ground

29  waters within the younger alluvial deposits are directly con-

30  nected with said surface flow of Murrieta Creek; that under

31  natural conditions, i.e., in a state of nature, except during

                            7

1  or immediately after periods of precipitation, Murrieta Creek

2  does not flow as a continual surface stream, but, as found

3  hereinabove, flows on the surface for a short distance, dis-

4  appears underground, then rises to the surface and again dis-

5  appears throughout its course to Temecula Gorge; that during

6  such periods the ground waters within the younger alluvial

7  deposits are in fact the source of those waters which rise and

8  flow on the surface for short distances and then disappear;

9  that under natural conditions, i.e., in a state of nature,

10  said ground waters within the younger alluvial deposits within

11  Murrieta Valley move in the identical direction of Murrieta

12  Creek when in fact it physically flows; that said ground waters

13  within said areas of younger alluvial deposits in Murrieta

14  Valley as depicted on U. S. Exhibit 15L are in a known and

15  definite channel, to wit: the areas of younger alluvial de-

16  posits, and are in fact a part of Murrieta Creek and said

17  ground waters within said younger alluvial deposits in Murrieta

18  Valley and said surface flow of Murrieta Creek as it may physi-

19  cally exist do constitute a single stream herein referred to

20  as Murrieta Creek.

21                              XIII

22          That there exists in the most northwesterly portion of

23  Murrieta Valley, to wit, Sections 27 and 34, Township 6 South,

24  Range 4 West, S.B.B.M., a barrier which effectively prevents all

25  ground waters which are located northeast of Palomar Street and

26  west of Orange Street as said streets are presently depicted on

27  U. S. Exhibit 15L from moving southeasterly toward Temecula Gorge;

28  that in fact said ground waters flow out of the Santa Margarita

29  River watershed and into the San Jacinto watershed and said ground

30  waters contained in said area are not a part of the Santa Margarita

31                          - - - - - -

8

16092

1 River or its tributaries but are in fact a part of the waters

2 of San Jacinto watershed.

3                                         XIV

4        That while it is known and certain and definite that said

5 younger alluvial deposits rest upon older alluvial deposits, the

6 exact extent of the depth of said younger alluvial deposits to

7 contact with said older alluvial deposits is not in most areas

8 of Murrieta Valley subject to exact ascertainment; that it is

9 true that the evidence in this case would indicate that said younger

10 alluvial deposits extend in various depths to a maximum of approxi-

11 mately thirty (30) feet from ground surface; that it is impossible,

12 based on the evidence available today, to enter a finding deter-

13 mining the depth of younger alluvial deposits throughout said Val-

14 ley with exactness, but as this Court will keep continuing juris-

15 diction of this cause, jurisdiction will be reserved to determine

16 such a fact in the event it becomes necessary to do so in any

17 particular factual situation which might arise in the future;

18 that although the contact line on the surface between the

19 younger and older alluvial deposits throughout the ground water

20 area has not been determined with absolute exactness, the deter-

21 mination of said contact line was sufficient for the United

22 States of America to prepare maps and exhibits showing said

23 contact line and said contact line as established by said maps

24 and exhibits prepared by the United States of America has been

25 accepted by this Court as being the contact line between older

26 and younger alluvial deposits on ground surface.

27                                         XV

28        That attached hereto, marked Exhibit A, and incor-

29 porated  herein, are descriptions of the smallest tract of land

30 held under one chain of title, a part of which abuts upon or

31 is traversed by Murrieta Creek.

9

16093

XVI

That Pauba Valley lies northeasterly of Temecula Gorge and is depicted on U. S. Exhibit 15L. That said Valley consists principally of younger alluvial deposits over which under natural conditions, i.e., in a state of nature, the surface waters of Temecula Creek flow.

XVII

That the younger and older alluvial deposits within said Pauba Valley consist of sedimentary materials; that said younger alluvial deposits are of relatively high water-bearing capacity and permeability as contrasted to older alluvial deposits; that the areas of younger alluvial deposits within Pauba Valley are depicted on U. S. Exhibit 15L; that said younger alluvial deposits rest upon and are confined laterally by older alluvial deposits.

XVIII

That under natural conditions, i.e., in a state of nature, the ground waters which are contained in said younger and older alluvial deposits are recharged primarily by the surface flow of Temecula Creek and its tributaries and to a lesser degree by direct precipitation thereon; that Temecula Creek is an intermittent stream (except during periods of considerable precipitation) which flows on the surface, then disappears underground and then arises again on the surface throughout its course as it traverses Pauba Valley; that at times in the past during periods of precipitation flood waters have extended over and upon the younger alluvial deposits in Pauba Valley and in fact said younger alluvial deposits have in the main been laid down as aforesaid by said flood waters.

16094

XIX

1

2      That at the present time the areas of surface flow

3  of Temecula Creek as it flows over Pauba Valley vary from

4  year to year and within each year and to a substantial degree

5  said intermittent characteristics of surface flow and area

6  fluctuations are the result of pumping of wells which have

7  been drilled into the younger alluvial deposits; that under

8  natural conditions the surface channel or area  of surface flow

9  of Temecula Creek over Pauba Valley is not stable, but is often

10  changed during periods of considerable surface flow; that the

11  construction of Vail Dam by the Vail Company and the impoundment

12  of the waters of Temecula Creek upstream from that dam have

13  affected and will affect the surface flow of Temecula Creek

14  from that which existed under natural conditions in that said

15  dam will capture and store for subsequent release and benefi-

16  cial use waters which under natural conditions would flow over

17  and upon the younger alluvial deposits in Pauba Valley; that

18  detailed findings of fact in Interlocutory Judgment No. 35

19  specifically concern Vail Dam; that said findings concerning

20  said Vail Dam and said Interlocutory Judgment No. 35 are in-

21  corporated herein and made a part hereof by reference.

22                  XX

23      That the older alluvial deposits which lie on either

24  side of and upon which said younger alluvial deposits rest are

25  of considerably more compacted material than the younger allu-

26  vial deposits and their permeability is substantially less than

27  said younger alluvial deposits; that it is true that the ground

28  waters within the older alluvial deposits are in hydrologic

29  continuity with the ground waters contained in the younger allu-

30  vial deposits; that said older alluvial deposits because of

31  their characteristics above referred to do impede, except as to

16095

1 limited amounts of ground waters which percolate through the
2 younger alluvial deposits into the older alluvial deposits, the
3 ground waters contained in the younger alluvial deposits from
4 moving into the older alluvial deposits; said ground waters
5 contained in said younger alluvial deposits move within the
6 younger alluvial deposits in a general southwesterly direction,
7 i.e. in the same direction as the surface flow of Temecula Creek.

8                                    XXI

9             That the said areas of older alluvial deposits which
10 lie beneath and on either side of the areas of younger alluvial
11 deposits and as found hereinabove are composed of considerably
12 more compacted materials of less permeability than the younger
13 alluvial deposits do in fact form the beds and banks of an
14 underground stream; the ground waters contained in said younger
15 alluvial deposits move in a southwesterly direction within said
16 bed and banks and said older alluvial deposits serve the same
17 purpose as a semi-impermeable bed and bank of a surface stream
18 channel.

19                                   XXII

20             That during such times as there is a continual sur-
21 face flow of Temecula Creek, i.e. during periods of considerable
22 precipitation, said ground waters within the younger alluvial de-
23 posits are directly connected with said surface flow of Temecula
24 Creek; that during those times when Temecula Creek is an inter-
25 mittent stream flowing on the surface and then disappearing
26 underground, the ground waters within the younger alluvial de-
27 posits are in fact the source of those waters which rise and
28 flow on the surface for short distances and then disappear.  That
29 at all times said ground waters within the younger alluvial
30 deposits within Pauba Valley move in the identical direction as
31 the surface flow of Temecula Creek when in fact it physically

                                    12

                                                        16096

1 flows; that said ground waters within said areas of younger

2 alluvial deposits in Pauba Valley as depicted on U. S. Ex-

3 hibit 15L are in a known and definite channel, to wit, the

4 areas of younger alluvial deposits, and are in fact a part

5 of Temecula Creek and said ground waters within said younger

6 alluvial deposits in Pauba Valley and said surface flow of

7 Temecula Creek as it may physically exist do constitute a

8 single stream herein referred to as Temecula Creek.

9                                  XXIII

10        That while it is known, certain and definite that

11 immediately underlying the area of younger alluvial deposits

12 there are older alluvial deposits, the exact extent of the depth

13 of said younger alluvial deposits is not in most areas of Pauba

14 Valley subject to exact ascertainment; that it is true that the

15 evidence in this case would indicate that younger alluvial de-

16 posits extend in various depths to a maximum of approximately

17 one hundred thirty feet (130') from ground surface; that

18 generally the deepest areas of younger alluvial deposits in

19 Pauba Valley are in the most easterly portion thereof and

20 said younger alluvial deposits decrease gradually in depth towards

21 its shallowest area which islocated in the most westerly portion

22 of said Pauba Valley; that it is impossible, based on the evi-

23 dence available today, to enter a finding determining the depth

24 of the younger alluvial deposits within said Valley with exact-

25 ness, but as this Court will keep continuing jurisdiction of

26 this cause, jurisdiction will be reserved to determine such a

27 fact if in the event it becomes necessary to do so in any parti-

28 cular factual situation which might arise in the future.

29                                  XXIV

30        That attached hereto, marked Exhibit B, and incorpora-

31 ted herein are descriptions of the smallest tract of land held

                                  13

16097

1 under one chain of title, a part of which abuts upon or is

2 traversed by Temecula Creek.

3                               XXV

4         That immediately downstream from Nigger Canyon and

5 primarily in Projected Sections 5, 6 and 7, Township 8 South,

6 Range 1 West, S.B.B.M., there is an outwash area where under

7 natural conditions the surface waters of Temecula Creek flow;

8 that at said point some of said surface waters of Temecula

9 Creek disappear and flow through the younger alluvial deposits

10 of Pauba Valley as aforesaid; at said point and within the

11 older alluvial deposits there exist  certain substantially im-

12 pervious lenticular bodies of older alluvial deposits; that

13 some of said waters which enter the ground at said outwash

14 area pass under said lenticular bodies and are semi-confined

15 beneath said lenticular bodies and move downstream toward the

16 semi-barrier of the Wildomar Fault Zone; that upstream from

17 said fault zone an area of artesian pressure is produced; said

18 area of artesian pressure is below the level of all present

19 irrigation wells in Pauba Valley except the Navy well which is

20 located in Projected Section 17 of Township 8 South, Range 2

21 West, S.B.B.M.; that said artesian area is pierced only by wells

22 in excess of four hundred feet (400') in depth; that said arte-

23 sian waters are a part of the Santa Margarita River system;

24 that said waters from said area of artesian pressure may be

25 easily identified by their characteristic high sodium content

26 as compared to the low sodium content that is found in the

27 waters contained in the younger alluvial deposits; that in addi-

28 tion to the Navy well, which as found hereinabove is an irriga-

29 tion well, the following wells in Pauba Valley are artesian

30 wells which pump waters contained beneath the impervious lenti-

31 cular bodies referred to herein:

| 1 | Studley | Township 8 South, | Range 2 West, | Well 17 G1, S.B.B.M. |
|---|---------|---------------------|----------------|----------------------|
| 2 | Headquarters | " 8 " | " 2 " | " 16 G1, S.B.B.M. |
| 3 | Dairy | " 8 " | " 2 " | " 16 A1, S.B.B.M. |
| 4 | China Garden | " 8 " | " 2 " | " 15 C1, S.B.B.M. |
| 5 | Wind Mill | " 8 " | " 2 " | " 12 H1, S.B.B.m. |

6       That the Wind Mill well is used for measuring and

7 stock watering uses; that the Headquarters well is for domestic

8 use; that the Dairy well is for stock watering purposes; that

9 the Studley and China Garden wells are not presently used;

10 that all of the said wells as listed hereinabove are on

11 properties owned by the Vail Company.

12                         XXVI

13       That both within and without said ground water area

14 there are areas of younger alluvial deposits which underlie a

15 surface stream tributary to either Murrieta or Temecula Creeks.

16 That such areas of younger alluvial deposits underlie Santa

17 Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek and

18 Slaughterhouse Creek, tributaries to Murrieta Creek, and Pe-

19 changa Creek, tributary to Temecula Creek.  That said areas of

20 younger alluvial deposits are depicted on U. S. Exhibit 15L.

21                         XXVII

22       That in each instance said surface streams referred to

23 in Finding XXVI above (except during periods of considerable pre-

24 cipitation) are intermittent in character and the surface flow

25 will disappear underground, rise to the surface, and then dis-

26 appear as it traverses the areas of younger alluvial deposits

27 depicted on said U. S. Exhibit 15L; that in each instance the

28 surface channel or stream bed will fluctuate considerably within

29 the said areas of younger alluvial deposits, and it is not un-

30 usual for a surface stream bed to change from year to year or

31 within any given year during periods of surface runoff.  That in

15

1 each instance the intermittent character of surface flow is

2 directly affected by the pumping from said younger alluvial de-

3 posits which underlie the particular surface stream.

4                              XXVIII

5          That the ground waters contained within the younger

6 alluvial deposits over which Santa Gertrudis Creek, Warm Springs

7 Creek, Cole Canyon Creek, Slaughterhouse Creek, and Pechanga

8 Creek flow are recharged by the surface flows therefrom; that

9 in each instance said ground waters are in direct physical

10 and hydrologic continuity with the respective surface flow, and

11 that in each instance said ground waters move in the identical

12 direction of the surface flow of the particular creek which

13 flows over the respective younger alluvial deposit.

14                              XXIX

15          That under natural conditions, i.e., in a state of

16 nature, the said ground waters which are contained within the

17 younger alluvial deposits over which Santa Gertrudis Creek, Warm

18 Springs Creek, Cole Canyon Creek, Slaughterhouse Canyon Creek

19 and Pechanga Creek flow are in each instance physically contained

20 therein in that the compact character and limited permeability of

21 the older alluvial deposits and the impervious character of the

22 basement complex which confine the younger alluvial deposits on

23 each side and which underlie said younger alluvial deposits act

24 as a bank and bed and thus contain said ground waters within the

25 younger alluvial deposits as depicted on said U. S. Exhibit 15L;

26 that as a result thereof the ground waters within the younger

27 alluvial deposits are impeded, and do in fact move downstream

28 within said younger alluvial deposits in the identical direction

29 of the surface stream which overlies each area respectively;

30 that in each instance the ground waters contained in said younger

31 alluvial deposits are in direct contact with the surface flow

16

1 of the respective creek when in fact it physically exists as a

2 surface stream; and when there is only an intermittent surface

3 flow said ground waters within said areas of younger alluvial

4 deposits do in fact constitute the waters which rise to the sur-

5 face, flow thereon and then disappear underground; that said

6 older alluvial deposits and basement complex do in fact form

7 the beds and banks of an underground stream in each instance and

8 serve the same purpose as a semi-permeable bed and bank of a

9 surface stream channel; that ground waters which are contained

10 within the areas of younger alluvial deposits as depicted on

11 U. S. Exhibit 15L are in fact a part of Santa Gertrudis Creek,

12 Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Creek, and

13 Pechanga Creek respectively; and said ground waters within said

14 younger alluvial deposits and the surface flows thereon do con-

15 stitute single streams herein referred to as Santa Gertrudis

16 Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Can-

17 yon Creek and Pechanga Creek, respectively.

18                           XXX

19        That while it is known, certain and definite that said

20 older alluvial deposits and basement complex immediately underlie

21 the younger alluvial deposits as found hereinabove in Finding XXIX

22 the exact depth of the younger alluvial deposits is not in most

23 areas subject to exact ascertainment; that it is true that the

24 evidence in this case would indicate that said younger alluvial

25 deposits are of a relatively shallow depth, it is impossible,

26 based on the evidence available today, to enter a finding deter-

27 mining the depth of said younger alluvial deposits with exactness;

28 as this Court will keep continuing jurisdiction of this cause,

29 jurisdiction will be reserved to determine such a fact in the

30 event it becomes necessary to do so in any particular factual

31 situation which might arise in the future.

17

1                          XXXI

2          That attached hereto, marked Exhibit C, and incor-

3 porated herein, are descriptions of the smallest tract of land

4 held under one chain of title, a part of which abuts upon or is

5 traversed by Santa Gertrudis Creek.

6                          XXXII

7          That attached hereto, marked Exhibit D, and incor-

8 porated herein, are descriptions of the smallest tract of land

9 held under one chain of title, a part of which abuts upon or is

10 traversed by Warm Springs Creek.

11                         XXXIII

12         That attached hereto, marked Exhibit E, and incorporated

13 herein, are descriptions of the smallest tract of land held under

14 one chain of title, a part of which abuts upon or is traversed

15 by Cole Canyon Creek.

16                         XXXIV

17         That attached hereto, marked Exhibit F, and incorporated

18 herein, are descriptions of the smallest tract of land held under

19 one chain of title, a part of which abuts upon or is traversed

20 by Slaughterhouse Canyon Creek.

21                         XXXV

22         That attached hereto, marked Exhibit G, and incorporated

23 herein, are descriptions of the smallest tract of land held under

24 one chain of title, a part of which abuts upon or is traversed

25 by Pechanga Creek.

26                         XXXVI

27         That under natural conditions, i.e., in a state of nature,

28 there exists a ground water divide within said ground water area

29 which approximately coincides with the surface water divide between

30 the Murrieta and Temecula Creek drainage areas; that the ground

31 waters in the older alluvial deposits do not move across said

18

16102

1  ground water divide, but those which are contained in those

2  deposits lying north of said divide move toward Murrieta Creek

3  in a general southwesterly manner while those contained in the

4  older alluvial deposits south of said divide move toward Teme-

5  cula Creek near the gorge in a general westerly manner; that

6  the surface water divide between said Murrieta and Temecula

7  Creek drainage areas is depicted on U. S. Exhibit 15L.

8       That due to a prolonged drouth and increased pumping

9  in the area north of the natural ground water divide within the

10  ground water area, there existed in the autumn of 1959 several

11  pumping depressions which resulted in a temporary ground water

12  divide; said pumping depressions and temporary ground water

13  divide are depicted on U. S. Exhibit 15L; that said pumping

14  depressions have resulted in certain areas in a temporary

15  reverse gradient of ground water movement and those waters con-

16  tained in the alluvial deposits north of said temporary ground

17  water divide, under such temporary condition, move down the

18  hydraulic gradient toward the pumping depression.  Similar

19  pumping depressions and consequent reverse gradient of ground

20  water movement are referred to in Finding VIII above.

21                  XXXVII

22       That ground water contours extend in a general south-

23  east-northwest direction; that said contours show the altitude

24  above sea level of the water levels in wells and are predicated

25  on such well levels as are presently available from which the

26  contours are projected; these contours, as of autumn 1959, are

27  depicted on U. S. Exhibit 15L; and, as shown thereon, are pro-

28  gressively lower as they proceed from the upstream areas of the

29  ground water area toward Temecula Gorge.

30                  XXXVIII

31       That except as found in Finding XXXVII above, ground

1   water within said ground water area does not stand at or about
2   the same level; that ground water levels within areas of older
3   alluvial deposits, and older and younger alluvial deposits, may
4   vary considerably; that pumping from one well or from several
5   wells within said ground water area in some instances has been
6   shown to have a noticeable effect on other wells within said
7   ground water area which are in close proximity to the well or
8   wells pumped; in some instances under conditions apparently
9   similar no noticeable effect has been evidenced in wells in
10  close proximity to the wells being pumped; in some areas of
11  said ground water area there has been evidenced an effect on
12  one well when another well approximately one mile therefrom
13  was pumped; in some areas of said ground water area no effect
14  has been shown in one well when another well approximately
15  150 feet therefrom was pumped.

16                              XXXIX

17          That the movement of the ground water in the older
18  alluvial deposits in the ground water area is not a consistent,
19  continuous movement, but is influenced by many factors, in-
20  cluding, but not limited to, the degree of permeability of
21  the deposits within said areas of older alluvium, by the
22  probability of physical ground water barriers beneath the
23  surface, and by pumping within said area.

24          Although in some limited areas the movement of said
25  ground water can be and has been definitely determined, there
26  is insufficient evidence to show to what extent said movement
27  in the major portion of the older alluvium within said ground
28  water area is affected by such underground or subterranean
29  conditions.

30                          - - - - - -
31                          - - - - - -

                              20

XL

2       That pumping of the ground waters from the older
3  alluvial deposits within said ground water area does affect to a
4  limited but presently undetermined degree the flow of Mur-
5  rieta Creek and Temecula Creek and tributaries thereto;
6  that Murrieta and Temecula Creeks are the principal tributaries
7  of the Santa Margarita River above Temecula Gorge.

XLI

9       That the general source of the ground water within
10  said older alluvial deposits in said ground water area is
11  primarily runoff from drainage areas outside of the ground
12  water area, which occur during or immediately after periods of
13  precipitation and to a lesser degree precipitation upon said
14  ground water area.  That specifically the source of recharge
15  for the ground waters heretofore found to constitute a part of
16  Murrieta Creek or tributaries thereto, and the ground water
17  within the older alluvial deposits north of the natural ground
18  water divide as found in Finding XXXVI above is the surface
19  drainage area of Murrieta Creek and tributaries thereto.  That
20  specifically the source of the ground waters heretofore found
21  to constitute a part of Temecula Creek and tributaries thereto,
22  and the ground water within the older alluvial deposits south
23  of said natural ground water divide is the surface drainage
24  area of Temecula Creek and tributaries thereto.

XLII

26       That all ground waters within the older alluvial
27  deposits within said ground water area are in hydrologic con-
28  tinuity with the waters of the Santa Margarita River and its
29  tributaries, and do add to and support the Santa Margarita
30  River and tributaries thereto, but that said ground waters
31  contained in said older alluvial deposits are not in a known

21

1  and definite channel.

2                          XLIII

3        That attached hereto marked Exhibit H and incorporated

4  herein by reference are descriptions of the smallest tract of

5  land held under one chain of title, a part of which overlies an

6  area of older alluvial deposits referred to in Finding XLII

7  above.

8                          XLIV

9        That all ground waters found within areas of older

10 alluvium or of basement complex or weathered basement complex

11 outside said ground water area and all ground waters found

12 within areas of basement complex or weathered basement complex

13 within said ground water area as shown on U. S. Exhibits 277

14 and 15L do not add to, support, nor contribute to the Santa

15 Margarita River and its tributaries and are local, vagrant,

16 percolating waters and not a part of said River or any tributary

17 thereto; that attached hereto marked Exhibit I and incorporated

18 herein by reference are descriptions of lands which overlie areas

19 of basement complex or weathered basement complex within said

20 ground water area.

21                          XLV

22       That all surface flows of water upon the lands depicted

23 on U. S. Exhibits 277 and 15L within the Santa Margarita River

24 watershed are a part of the Santa Margarita River.

25                          XLVI

26       That with the exception of extremely limited portions of

27 said ground water area there is surface water only during periods

28 of precipitation or immediately thereafter, and thus, the right

29 of riparians to use said surface water in said areas on riparian

30 lands is illusory in that there is little if any need for said

31 surface waters during the limited period that it physically exists.

22

16106

XLVII

That except as may be expressly found to the contrary in other findings in this case, all uses of water within said ground water area are in their character reasonable and beneficial. At the present status of this case the issue of apportionment has not been presented and this Court has taken no evidence directed to establishing whether such water uses are reasonable or unreasonable as to amount of water used in the light of the rights which may exist as to such water, and this issue is left open, is not decided herein, and shall be litigated if and when in the future it becomes necessary to do so.

That there is insufficient evidence to enable this Court to find the total water supply to, the use within, the export from, or the net draft upon said ground water area or any part thereof or any stream within, either annually or on the average over a period of years.

XLVIII

That those areas of older alluvial deposits within the ground water area as depicted on said U. S. Exhibit 15L are the same areas which were designated by the term "mesa silt" as used and found in the 1930 Findings of Fact, Conclusions of Law and Judgment in the case of Rancho Santa Margarita v. Vail, et al., Case No. 42850, in the records of the Superior Court of the State of California in and for the County of San Diego.

XLIX

That on Exhibits A through H, which exhibits are attached to and made a part of these findings, there appear in addition to the property descriptions certain factual

- - - - -

23

16107

1  statements such as:

2          1.  Wells

3          2.  Surface diversions

4          3.  Apparent ownerships.

5          4.  Gross acreages.

6          5.  Irrigated acreages.

7          6.  Irrigable acreages,

8          7.  Water duty.

9          The factual statements contained in said exhibits

10 which pertain to wells and surface diversions are as of the

11 date of this Interlocutory Judgment true. The factual statements

12 contained in said exhibits which pertain to apparent ownerships

13 are set forth for convenience only and are not necessarily cor-

14 rect and are not intended to be determinative or probative on

15 the issue of ownership of any real property described in said

16 exhibits.

17        The factual statements contained in said exhibits

18 which pertain to gross acreages, irrigated acreages, irrigable

19 acreages and water duty almost without exception are based on

20 evidence introduced in this case by the United States of

21 America with an express assurance by its counsel that apportion-

22 ment was not being sought at this stage of the litigation; be-

23 cause of this fact and the fact that this Court is not at this

24 time making any order apportioning or regulating the use of the

25 waters involved herein, said facts pertaining to gross

26 acreages, irrigated acreages, irrigable acreages and water

27 duty are not material to any issue decided by Interlocutory

28 Judgment No. 30 entered herewith; that in the exercise of

29 this Court's continuing jurisdiction in this cause said facts

30 may well be material to an issue presented to this Court in

31 the future; therefore, this Court finds that such factual

24

1 statements which are contained in said Exhibits A through H

2 which pertain to gross acreages, irrigated acreages, irrigable

3 acreages and water duty are supported by the evidence in this

4 case and such factual statements shall be _prima facie_ evidence

5 as to gross acreages, irrigated acreages, irrigable acreages

6 and water duty in any subsequent proceeding before this

7 Court in this cause; as used herein _prima facie_ evidence is

8 that which suffices for the proof of a particular fact until

9 contradicted or overcome by other evidence.

10                              L

11        That within said ground water area as depicted on said

12 U. S. Exhibit 277 there are numerous small creeks or gullies

13 or water courses, most of which are unnamed which these

14 findings have not considered in detail; that in all such

15 situations surface flow would occur only during or immediately

16 after periods of precipitation; that underlying such unnamed

17 or named creeks, gullies or water courses there are younger

18 alluvial deposits which are bedded upon and laterally confined

19 by older alluvial deposits or basement complex; that said

20 younger alluvial deposits are not extensive but are shallow and

21 ground waters contained therein would be of a relatively limited

22 quantity; that said areas are not defined herein but are depicted

23 in general on U. S. Exhibit 15L; that said older alluvial de-

24 posits or basement complex do in fact form a bed and bank and

25 impede the vertical and horizontal movement of said ground

26 waters and under natural conditions said ground waters within

27 said younger alluvial deposits move in the same direction as

28 the surface flow when in fact it physically exists; that when

29 surface flow does exist said ground waters within said younger

30 alluvial deposits are in direct contact therewith and said

31 ground waters are in fact during such times and at all other

16109

1  times an integral part of the flow of the particular creek,

2  gully or water course; that ground waters contained within

3  such younger alluvial deposits are in fact a known and

4  definite channel, to wit, the area of younger alluvial de-

5  posits, and are a part of the specific creek, gully or water

6  course which traverses the specific younger alluvial deposits,

7  and are a part of the Santa Margarita River.

8                              LI

9       That the surface waters and the ground waters con-

10  tained within the younger alluvial deposits referred to in

11  Finding L above do not warrant in these findings of fact

12  specific detailed exhibits setting forth descriptions of the

13  lands which abut upon or are traversed by each creek, gully

14  or water course; that no party to this cause has requested

15  specific findings on these small creeks, gullies or water

16  courses, most of which, as found hereinabove, are unnamed

17  and this Court at this time makes no specific findings

18  thereon; that as these findings and judgment are interlocutory

19  this Court will, if so requested, make specific findings on

20  said creeks, gullies or water courses, either separately or

21  totally should any party to this cause request this Court to

22  do so; that in the event no such request is made, this Court

23  can and will if the occasion should arise in the future be

24  able to make such determination as may be necessary from the

25  general facts as found above in Finding L.

26                   CONCLUSIONS OF LAW

27                              I

28       That all ground waters found within areas of older

29  alluvial deposits or areas of basement complex or weathered

30  basement complex outside the ground water area as depicted on

31  U. S. Exhibits 15L and 277, and all ground waters found within

26

16110

1    areas of basement complex or weathered basement complex within

2    said ground water area as depicted on U. S. Exhibits 15L and 277

3    as described in Exhibit I, attached hereto, do not add to,

4    support nor contribute to the Santa Margarita River and are

5    local, vagrant, percolating waters, not a part of said River

6    or any tributary thereto.

7                                II

8         That all surface waters upon the lands depicted on

9    U. S. Exhibits 277 and 15L within the Santa Margarita River

10   watershed are a part of the Santa Margarita River and subject

11   to the continuing jurisdiction of this Court.

12                               III

13        That all lands described in Exhibit A attached hereto

14   and incorporated herein have a correlative riparian right to

15   the use of the waters of Murrieta Creek.

16                               IV

17        That all lands described in Exhibit B attached hereto

18   and incorporated herein have a correlative riparian right to

19   the use of the waters of Temecula Creek.

20                               V

21        That all lands described in Exhibit C attached hereto

22   and incorporated herein have a correlative riparian right to

23   the use of the waters of Santa Gertrudis Creek.

24                               VI

25        That all lands described in Exhibit D attached hereto

26   and incorporated herein have a correlative riparian right to

27   the use of the waters of Warm Springs Creek.

28                               VII

29        That all lands described in Exhibit E attached hereto

30   and incorporated herein have a correlative riparian right to

31   the use of the waters of Cole Canyon Creek.

27

16111

VIII

That all lands described in Exhibit F attached hereto and incorporated herein have a correlative riparian right to the use of the waters of Slaughterhouse Canyon Creek.

IX

That all lands described in Exhibit G attached hereto and incorporated herein have a correlative riparian right to the use of the waters of Pechanga Creek.

X

That the exercise of the riparian rights to the use of the waters of Murrieta Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Canyon Creek and Pechanga Creek, as found hereinabove in conclusions of law III, IV, V, VI, VII, VIII and IX, are subject to the continuing jurisdiction of this Court; that all uses of the waters of said creeks and their tributaries are subject to the continuing jurisdiction of this Court.

XI

That all lands described in Exhibit H have correlative overlying rights to the use of the ground waters contained within the older alluvial deposits therein on said described lands; that all of said ground waters within said older alluvial deposits add to, contribute to and support the Santa Margarita River and/or tributaries thereto and the use of said waters is subject to the continuing jurisdiction of this Court.

XII

That at the present status of this case the issue of apportionment or the quantity or proportion of waters to which any lands are entitled has not been presented and this Court has taken no evidence directed to establishing whether any water uses pursuant to riparian or overlying rights are reasonable or

1    unreasonable as to amount of water used in the light of the

2    correlative rights which may exist as to such waters, and this

3    issue is left open, is not decided herein and shall be liti-

4    gated by this Court if and when in the future it becomes

5    necessary to do so; in the exercise of this continuing juris-

6    diction this Court will judge and pass upon the exercise of

7    such riparian or overlying right based on the facts as they

8    may then appear and pursuant to California law.

9                    XIII

10          That each smallest tract of land held under one chain

11    of title, a part of which abuts upon or is traversed by any

12    area containing younger alluvial deposits within said ground

13    water area, has a correlative riparian right to the use of said

14    ground waters within said younger alluvial deposits and the use

15    of such waters shall be and is subject to the continuing juris-

16    diction of this Court; that except as to Murrieta Creek, Teme-

17    cula Creek, Santa Gertrudis Creek, Warm Springs Creek, Cole

18    Canyon Creek, Slaughterhouse Canyon Creek and Pechanga Creek,

19    such lands have not been specifically described in these

20    findings but can be readily ascertained in the future should

21    it be necessary to do so by reference to the areas of younger

22    alluvial deposits as depicted on U. S. Exhibit 15L.

23                    XIV

24          That all ground waters located northeast of Palomar

25    Street and west of Orange Street as such streets are presently

26    depicted on U. S. Exhibit 15L are not a part of the Santa

27    Margarita River and do not add to, contribute to nor support

28    said River and the use of said ground waters is not subject to

29    the jurisdiction of this Court.

30                    - - - -

31                    - - - -

1                     <u>INTERLOCUTORY JUDGMENT</u>

2              IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all

3    ground waters found within areas of older alluvial deposits,

4    weathered basement complex or basement complex outside of the

5    ground water area as depicted upon U. S. Exhibits 15L and 277,

6    and all ground waters found within areas of weathered basement

7    complex or basement complex within said ground water area as

8    depicted on U. S. Exhibits 15L and 277 and described in

9    Exhibit I attached hereto, are vagrant, local, percolating waters

10   which do not add to, support nor contribute to the Santa Margarita

11   River or its tributaries; it is further ordered, adjudged and

12   decreed that this Court has no jurisdiction over the use of said

13   ground waters and the rights of the owners of said lands to the

14   use of said ground waters are forever quieted against the United

15   States of America and all other parties having rights to the use

16   of the waters of the Santa Margarita River or its tributaries,

17   their heirs, successors and assigns; it is further ordered, ad-

18   judged and decreed that the owners of said lands, their heirs,

19   successors and assigns, are forever restrained from asserting

20   rights in or to the waters of the Santa Margarita River or its

21   tributaries, excepting rights to the surface waters flowing over

22   and upon such lands; it is further ordered, adjudged and decreed

23   that the rights <u>inter se</u> of the owners of said lands to the use

24   of the vagrant, local, percolating ground waters underlying said

25   lands have not been adjudged, determined or decreed in these

26   proceedings.

27              IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

28   surface waters which flow upon or over the lands depicted on

29   U. S. Exhibits 277 and 15L within the Santa Margarita River

30   watershed, which exhibits are herein incorporated by reference,

31   are a part of the Santa Margarita River and subject to the

                                  30

1 continuing jurisdiction of this Court.

2       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
3 lands described in Exhibit A attached hereto and incorporated
4 herein by reference have a correlative riparian right to the use
5 of the waters of Murrieta Creek.

6       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
7 lands described in Exhibit B attached hereto and incorporated
8 herein by reference have a correlative riparian right to the use
9 of the waters of Temecula Creek.

10       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
11 lands described in Exhibit C attached hereto and incorporated
12 herein by reference have a correlative riparian right to the
13 use of the waters of Santa Gertrudis Creek.

14       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
15 lands described in Exhibit D attached hereto and incorporated
16 hereby by reference have correlative riparian rights to the use
17 of the waters of Warm Springs Creek.

18       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
19 lands described in Exhibit E attached hereto and incorporated
20 herein by reference have a correlative riparian right to the use
21 of the waters of Cole Canyon Creek.

22       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
23 lands described in Exhibit F attached hereto and incorporated
24 herein by reference have a correlative riparian right to the use
25 of the waters of Slaughterhouse Canyon Creek.

26       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
27 lands described in Exhibit G attached hereto and incorporated
28 herein by reference have a correlative riparian right to the
29 use of the waters of Pechanga Creek.

30       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
31 lands described in Exhibit H attached hereto and incorporated

31

1 herein by reference have correlative overlying rights to the
2 use of the ground waters contained in the older alluvial
3 deposits on said described lands.

4      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
5 correlative riparian rights to the use of the waters of Murrieta
6 Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs Creek,
7 Cole Canyon Creek, Slaughterhouse Canyon Creek and Pechanga Creek
8 and the correlative overlying rights to the use of the ground
9 waters contained within the lands described in Exhibit H and all
10 other uses of such waters shall be and are subject to the con-
11 tinuing jurisdiction of this Court.

12      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
13 issue of apportionment has not been presented and this Court
14 has taken no evidence directed to establishing whether the use
15 of any waters herein adjudged to be subject to the continuing
16 jurisdiction of this Court are reasonable or unreasonable as to
17 amount of water used in the light of correlative rights which
18 may exist as to such waters and this issue is left open, is not
19 decided herein and shall be litigated by this Court if and when
20 in the future it becomes necessary to do so.

21      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
22 smallest tract of land held under one chain of title, a part of
23 which abuts upon or is traversed by younger alluvial deposits
24 not heretofore specifically determined to be riparian to a
25 specific creek within said ground water area have correlative
26 riparian rights to the use of said waters and that said waters
27 contained within said younger alluvial deposits are subject to
28 the continuing jurisdiction of this Court; it is further ordered,
29 adjudged and decreed that this Court shall have jurisdiction to
30 make such findings in the future as may be necessary to settle
31 any dispute concerning the propriety of the use of said waters

1  and that said Court shall in the future refer to U. S. Exhibit 15L
2  to determine the location of said younger alluvial deposits within
3  said ground water area.

4      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
5  ground waters located northeast of Palomar Street and west of
6  Orange Street as those streets are presently depicted on U. S. Ex-
7  hibit 15L are not a part of the Santa Margarita River nor do said
8  ground waters add to, contribute to nor support the said River and
9  the use of said ground waters is not subject to the jurisdiction
10  of this Court.

11      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
12  Interlocutory Judgment is not appealable, is not final and shall
13  not be operative until made a part of the final judgment, and this
14  Court expressly reserves jurisdiction to modify or vacate it,
15  either upon its own motion or upon motion of any party to this
16  proceeding until such time as final judgment in this case is
17  entered.

18      Dated:_____, 1961.

19

20

21                              _____
22                                      JUDGE

23

24

25

26

27

28

29

30

31

33