FRS
12/18/61

# LODGED

DEC 18 1961

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY
DEPUTY

Defendants

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                    Plaintiff, )
       vs. )
FALLBROOK PUBLIC UTILITY )
DISTRICT, et al., )
               Defendants.)

No. 1247-SD-C

FINDINGS OF FACT, CONCLUSIONS
OF LAW, AND INTERLOCUTORY
JUDGMENT No. 36, WARM SPRINGS
CREEK SUB-WATERSHED.

## FINDINGS OF FACT

### I

Warm Springs Creek, a tributary of Murrieta Creek, rises
in Sections nine (9) and fifteen (15), Township six (6) South,
Range one (1) West, S.B.M., and flows in a generally southwesterly
direction through areas known as Diamond and Domenigoni Valleys.
It leaves Domenigoni Valley at a point near the Southeast (SE)
corner of the Southwest Quarter (SW 1/4) of the Southwest Quarter
(SW 1/4) of Section nine (9), Township six (6) South, Range two (2)
West, S.B.M. From that point Warm Springs Creek proceeds in a
generally south and westerly direction throughout a rather deeply
incised valley to its point of confluence with Murrieta Creek in
Section twenty-four (24), Township seven (7) South, Range three (3)
West, S.B.M. The course and location of Warm Springs Creek are
delineated upon U. S. Exhibits 274, and 208-F, made a part hereof

16184

LAW OFFICES
E AND PRICE
AIN STREET
K. CALIF.
3-1154

by reference.

II

Warm Springs Creek is an intermittent stream both as to time and place, flowing only during and immediately after periods of heavy precipitation and run-off. There is no evidence as to the amount or rate of flow of Warm Springs Creek, or as to the average, maximum, minimum, normal or anticipated flow of Warm Springs Creek, and the Court expressly makes no findings thereon because of such lack of evidence.

III

Warm Springs Creek has its source in and flows through Diamond and Domenigoni Valleys. These valleys comprise a ground water basin filled with sedimentary material described herein as younger alluvium. The extent and location of said ground water basin is delineated upon United States Exhibits 274 and 208-F, made a part hereof by reference.

The ground water basin referred to herein is part of a continuous body of younger alluvium which extends from within the San Jacinto River watershed in Sections 33 and 34, T5S, R 1 W, and Section 3, T6S, R 1 W, across the watershed divide in Sections 3 and 4, T6S, R 1 W, and Sections 32 and 33, T 6 S, R 2 W, S.B.M. into the Santa Margarita River watershed; thence continuing in a generally westerly and southwesterly direction as delineated on United States Exhibits 274 and 208-F; thence crossing the watershed divide out of the Santa Margarita River watershed and into the San Jacinto River watershed in Sections 8 and 9, T6S, R 2 W, S.B.M.

IV

The southerly limit of said ground water basin is in the general vicinity of the south line of Section 9, T 6 S, R 2 W, S.B.M. At that point the said ground water basin is enclosed by a lip of basement complex material rising to elevation 1400',


W OFFICES
E AND PRICE
AIN STREET
OK, CALIF.
B-1184

16185

1    which lip prevents the movement of ground water from said basin

2    southwesterly into the remainder of Warm Springs Creek sub-

3    watershed and the Santa Margarita River watershed, excepting at

4    such times as the ground waters north of said lip exist at or above

5    elevation 1400'.

6        The presence of said basement complex lip is a barrier

7    to the movement of all ground waters within said basin below

8    elevation 1400', and causes such ground waters to move out of

9    said basin and out of the Santa Margarita River watershed and into

10   Menifee Valley of the San Jacinto River watershed in Section 8,

11   T 6 S, R 2 W, S.B.M.

12                                V

13       Due to the relatively low permeability of the alluvium

14   underlying Warm Springs Creek at and near said basement complex

15   lip, the quantities of ground water which can percolate through

16   it are small.  At such times as the ground water level in said

17   basin is above elevation 1400', the larger proportion of such

18   ground waters move westerly out of the Santa Margarita River

19   watershed and into Menifee Valley of the San Jacinto River water-

20   shed; and the smaller proportion of such ground waters move over

21   the basement complex lip and on down Warm Springs Creek.  The

22   ground waters which do move down Warm Springs Creek downstream from

23   the south line of Section 9, T6S, R 2 W, S.B.M. are consumed

24   almost in their entirety by evaporation and transpiration losses

25   within a relatively short distance downstream.

26                                VI

27       United States Exhibit 208-F, incorporated herein by

28   reference delineates  the sub-watershed of Warm Springs Creek,

29   and its relation to the Murrieta-Temecula Ground Water Area,

30   subject of Interlocutory Judgment 30 herein.  On said map are

31   delineated the geologic formations found in said sub-watershed,

32   including the areas of younger alluvium that comprise Diamond and

AW OFFICES
GE AND PRICE
MAIN STREET
OK, CALIF.
'H 8-1154

16189

Domenigoni Basin.  There are also delineated thereon the exterior
boundaries of all land ownerships in said sub-watershed, indicated
by parcel numbers, as said land ownerships appeared at the date
of recordation of Notice of Lis Pendens, April 9, 1958, in Book
2252, page 17, Official Records of Riverside County.

Attached hereto, marked Exhibit A, and made a part
hereof by reference, is a tabulation of the land ownerships
delineated upon United States Exhibit 208-F, which tabulation
indicates property descriptions and apparent ownerships, and in
addition thereto may contain factual statements concerning the
following matters:

1.  Wells.

2.  Surface diversions.

3.  Gross acreages.

4.  Irrigated acreages.

5.  Irrigable acreages.

6.  Water duty.

The factual statements contained in said Exhibit which
pertain to well and surface diversions are true as of the date of
this Interlocutory Judgment.  The factual statements as to apparent
ownerships are set forth for convenience only, and are not neces-
sarily correct and are not intended to be determinative or probative
on the issue of ownership of any real property described in said
Exhibit.

The factual statements contained in said exhibits which
pertain to gross acreages, irrigated acreages, irrigable acreages
and water duty almost without exception are based on evidence
introduced in this case by the United States of America with an
express assurance by its counsel that apportionment was not being
sought at this stage of the litigation; because of this fact and
the fact that this Court is not at this time making any order
apportioning or regulating the use of the waters involved herein,

1  said facts pertaining to gross acreages, irrigated acreages,

2  irrigable acreages and water duty are not material to any issue

3  decided by Interlocutory Judgment No. 36 entered herewith; that

4  in the exercise of this Court's continuing jurisdiction in this

5  cause said facts may well be material to an issue presented to

6  this Court in the future; therefore, this Court finds that such

7  factual statements which are contained in said Exhibit A which

8  pertain to gross acreages, irrigated acreages, irrigable acreages

9  and water duty are supported by the evidence in this case and

10 such factual statements shall be _prima facie_ evidence as to gross

11 acreages, irrigated acreages, irrigable acreages and water duty

12 in any subsequent proceeding before this Court in this cause;

13 as used herein _prima facie_ evidence is that which suffices for

14 the proof of a particular fact until contradicted or overcome by

15 other evidence.

16                          VII

17       Certain defendants are presently extracting waters from

18 the ground water basins of Diamond and Domenigoni Valleys and are

19 using such waters for domestic and agricultural purposes upon

20 their lands.

21       All of the uses to which such defendants are putting

22 water upon their lands, and all of the methods of use of water by

23 defendants are reasonable and beneficial and within the limitations

24 imposed upon the use of water by the Constitution and Statutes of

25 the State of California.  Under present conditions it would be

26 wasteful and unreasonable and contrary to the Constitution and

27 Statutes of the State of California to require that the water

28 level in Diamond and Domenigoni Basins be maintained at elevation

29 1400' or above, and any such requirement would interfere with the

30 reasonable use of the said ground waters by overlying landowners.

31                          VIII

32       That the issue of apportionment as to the quantity of

6188

W OFFICES
E AND PRICE
MAIN STREET
OOK, CALIF.
PH B-1154

1  the ground waters of Diamond or Domenigoni basins to which any

2  overlying landowners may be entitled has not been reached at

3  this stage in this case, and the Court has taken no evidence

4  directed to this issue.  This issue is left open, is not decided

5  herein and shall be litigated by this Court if and when in the

6  future it becomes necessary to do so.

7                          IX

8         That because of the fact that the movement of ground

9  waters within Diamond and Domenigoni Basins is westerly and out

10 of the Santa Margarita River watershed and into the San Jacinto

11 watershed it would be impossible for this Court at this time to

12 make an allocation of said waters among all owners of lands over-

13 lying said basins in that those persons who own lands which over-

14 lie said basin within the San Jacinto watershed are not parties

15 to this suit.

16                          X

17        The course of Warm Springs Creek downstream from the

18 south line of Section 9, T 6 S, R 2W, S.B.M. to the boundary of

19 the Murrieta-Temecula Ground Water area which is more particularly

20 described in Interlocutory Judgment No. 30 herein, is delineated

21 upon United States Exhibit No. 208-F, made a part hereof by

22 reference.  Throughout most of this area there are areas of

23 younger alluvium, the location and extent of which is delineated

24 upon United States Exhibit 208-F.  These younger alluvial deposits

25 are water-bearing when saturated, and rest upon and are confined

26 laterally by deposits of consolidated rock described on said

27 Exhibit 208-F as "basement complex" or "basement complex (weathered)".

28 These deposits of consolidated rock are essentially non-water-

29 bearing, and the materials of which they are composed are con-

30 siderably more compacted and less permeable than the alluvial

31 deposits.  As a result thereof, any ground waters found within

32 said alluvial deposits do not move laterally or vertically into

- 6 -

the consolidated rocks, but on the contrary move down the
hydraulic gradient through the younger alluvial deposits.

XI

At such times as there is surface flow of Warm Springs
Creek, the location of such surface flow fluctuates considerably
and shifts its position upon the younger alluvial deposits from
season to season and even within each rainy season.

XII

The deposits of consolidated rock on either side of the
younger alluvial deposits and upon which said younger alluvial
deposits rest, impede any ground waters within said younger
alluvial deposits from moving out of the younger alluvial deposits
and into the consolidated rock, and do in fact act in the same
manner as substantially impermeable bed and banks of a surface
stream. The ground waters within said younger alluvial deposits
are in fact in a known and defined channel and do constitute the
underground stream of Warm Springs Creek. The ground waters, if
any, contained within said alluvial deposits are a part of the
waters of the Santa Margarita River system.

XIII

Attached hereto marked Exhibit B, and incorporated
herein, are descriptions of the smallest tract of land held
under one chain of title, a portion of which abuts upon Warm
Springs Creek as herein described.

XIV

The ground waters, if any, contained within areas of
basement complex, basement complex (weathered), volcanic rock
or older continental deposits as delineated on Exhibit 208-F
within the sub-watershed of Warm Springs Creek are the subject
of Interlocutory Judgment 36-A in these proceedings.

*****

******

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

16190

CONCLUSIONS OF LAW

I

All surface waters upon lands depicted on United States
Exhibits 274 and 208-F within the sub-watershed of Warm Springs
Creek are a part of the Santa Margarita River and are subject to
the continuing jurisdiction of this Court.

II

All ground waters found within areas of younger
alluvium downstream from the south line of Section 9, T 6 S,
R 2 W, S.B.M. as such areas of younger alluvium are depicted
upon United States Exhibit 274 and 208-F, are a part of the
Santa Margarita River system and are subject to the continuing
jurisdiction of this Court.

III

At the present time, and so long as the ground waters
contained within areas of younger alluvium immediately north of
the south line of Section 9, T 6 S, R 2 W, S.B.M. remain below
elevation 1400', all ground waters contained within areas of
younger alluvium north of said line, as the same are depicted
upon United States Exhibits 274 and 208-F, are not a part of the
Santa Margarita River system and do not contribute to the waters
of said river system downstream from said south line of Section 9,
T 6 S, R 2 W, S.B.M.

IV

That it would be wasteful and unreasonable, and contrary
to the provisions of Article XIV, Section 3, California Consti-
tution, to require the maintenance of a water level in Diamond
and Domenigoni Valleys at elevation 1400' or above for the purpose
of supporting a ground water movement southwesterly past the
south line of Section 9, T 6 S, R 2 W, S.B.M. and down Warm
Springs Creek, and for that reason the extractions of ground
water from within Diamond and Domenigoni Basins will not be

- 8 -

16191

1   presently regulated or restricted in these proceedings for the
2   purpose of maintaining such a flow.  However, the Court will
3   retain continuing jurisdiction of this cause for the purpose
4   of reviewing or reconsidering possible control of future ground
5   water extractions should substantial changes in circumstances so
6   require.

7                                        V

8          Those lands described in Exhibit A attached hereto and
9   incorporated herein which in whole or in part overlie Diamond
10  and Domenigoni Basins north of the south line of Section 9,
11  T 6 S, R 2 W, S.B.M., as the same are delineated upon United States
12  Exhibits 274 and 208-F have correlative overlying rights to the
13  use of the ground waters contained within the younger alluvial
14  deposits of said basins.

15                                      VI

16         All lands described in Exhibit B attached hereto and
17  incorporated herein have a correlative riparian right to the use
18  of the waters of Warm Springs Creek as the  same have been
19  defined herein.

20                                     VII

21         That at the present status of this case the issue of
22  apportionment or the quantity of proportion of waters to which any
23  lands are entitled has not been presented and this Court has taken
24  no evidence directed to establishing whether any water uses pursuant
25  to riparian or overlying rights are reasonable or unreasonable as to
26  amount of water used in the light of the correlative rights which may
27  exist as to such waters, and this issue is left open, is not decided
28  herein and shall be litigated by this Court if and when in the fu-
29  ture it becomes necessary to do so; in the exercise of this contin-
30  uing jurisdiction this Court will judge and pass upon the exercise
31  of such riparian or overlying right based on the facts as they
32  may then appear and pursuant to California law.

LAW OFFICES
SACHSE AND PRICE
1092 S. MAIN STREET
FALLBROOK, CALIF.
RANDOLPH 8-1154

- 9 -

16192

## INTERLOCUTORY JUDGMENT

1      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all

2 surface waters which flow over or upon the lands depicted on

3 United States Exhibits 274 and 208-F within the Santa Margarita

4 River watershed, which exhibits are incorporated herein by

5 reference, are a part of the Santa Margarita River and subject

6 to the continuing jurisdiction of this Court;

7      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

8 ground waters contained within areas of younger alluvium down-

9 stream from the south line of Section 9, T 6 S, R 2 W, S.B.M.,

10 as such areas of younger alluvium are depicted upon United States

11 Exhibits 274 and 208-F, which Exhibits are incorporated herein

12 by reference, are a part of the Santa Margarita River and subject

13 to the continuing jurisdiction of this Court;

14      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

15 ground waters contained in areas of younger alluvium located

16 north of the south line of Section 9, T 6 S, R 2 W, S.B.M.,

17 as such areas of younger alluvium are depicted on United States

18 Exhibits 274 and 208-F, incorporated herein by reference are not

19 a part of the waters of the Santa Margarita River system at

20 this date, but this Court retains continuing jurisdiction of this

21 cause to further consider such question at such time as the

22 elevation of such ground waters may change.

23      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

24 lands described in Exhibit A attached hereto and incorporated

25 herein, which overlie in whole or in part younger alluvial deposits

26 of Diamond and Domenigoni Basins as the same are delineated upon

27 United States Exhibits 274 and 208-F, incorporated herein, have

28 correlative overlying rights to the use of the ground waters con-

29 tained in the younger alluvial deposits on said lands.

30      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

31 lands described on Exhibit B attached hereto and incorporated

LAW OFFICES