12/29/31 (Girard)

1

2          **LODGED**

3          JAN 3 1962

4          CLERK, U. S. DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA

5          By _____
                                    DEPUTY.

6

7              IN THE UNITED STATES DISTRICT COURT

8                 SOUTHERN DISTRICT OF CALIFORNIA

9                      SOUTHERN DIVISION

10

11

12   UNITED STATES OF AMERICA,        )

13                    Plaintiff,       )      No. 1247-SD-C

14        vs.                          )      FINDINGS OF FACT, CONCLUSIONS
                                       )      OF LAW, AND INTERLOCUTORY
15   FALLBROOK PUBLIC UTILITY          )      JUDGMENT NO. 30 PERTAINING
     DISTRICT, et al.,                 )      TO MURRIETA-TEMECULA AREA
16                                     )
                      Defendants.      )
17   _____)

18

19                       FINDINGS OF FACT

20                            I

21        That the Murrieta-Temecula ground water area hereinafter

22   called the "ground water area" is comprised of younger and older

23   alluvial deposits; that the exterior boundaries of said ground

24   water area are graphically set forth in U. S. Exhibit 277 and

25   specifically described in U. S. Exhibit 277A which exhibits are

26   incorporated herein and made a part of these findings by

27   reference.

28        That said ground water area as depicted and described

29   in United States Exhibits 277 and 277A is bordered on the south-

30   west by mountains of the Santa Rosa Grant which are composed of

31   basement complex; that immediately northeast and adjacent to

1 said basement complex formation there are older alluvial de-
2 posits of considerable depth.

3          That the geologic evidence in this case establishes
4 that many years ago the older alluvial deposits were laid down
5 by stream action at a time when the surface waters ran
6 northerly into the Elsinore area; that at some point in the past
7 said surface waters changed their course to the present stream
8 condition by accomplishing a breakthrough of the basement
9 complex at the place now known as Temecula Gorge, located in
10 the NE¼ of Projected Section 24, Township 8 South, Range 3
11 West, S.B.B.M., and that at all times thereafter, the drainage
12 of the waters above Temecula Gorge have been westerly down
13 the present Santa Margarita River into the Pacific Ocean.

14          That said older alluvial deposits are of considerable
15 depth and one well, the Navy well, which was drilled in 1951
16 and is located east of the Wildomar Fault Zone in Projected
17 Section 17 of Township 8 South, Range 2 West, S.B.B.M., evi-
18 denced older alluvial deposits at a depth in excess of
19 2400 feet without encountering bedrock.

20          That the exterior boundaries of said ground water area
21 have to a certain degree for practical reasons been arbitrarily
22 fixed to conform to lines established by legal subdivisions
23 or to existing physical conditions such as roads; that the
24 older alluvial deposits within said ground water area feather
25 out, i.e., show a gradual lessening in depth to bedrock as
26 they approach the exterior boundaries of said ground water
27 area with the result that in the peripheral areas of the
28 ground water area only shallow wells with limited yields can
29 be produced from said older alluvial deposits; that the
30 ground waters, if any, contained in the older alluvial deposits
31 immediately without the arbitrarily determined exterior

2

1 boundaries of said ground water area are of minor amounts

2 and the use of such ground waters would have a de minimis

3 or negligible effect on said ground water area and the

4 Santa Margarita River and its tributaries.

5         That the areas of older alluvial deposits within

6 said ground water area can be ascertained by reference to

7 U. S. Exhibit 15L, which exhibit is incorporated herein,

8 and made a part of these findings by reference.

9                              II

10        That within said ground water area and principally

11 in Murrieta and Pauba Valleys there are extensive younger

12 alluvial deposits; that said younger alluvial deposits were

13 laid down by stream action and deposition of material eroded

14 from the adjacent hills following the breakthrough of the

15 surface stream at Temecula Gorge as found in Finding I above.

16 That said areas of younger alluvial deposits are depicted on

17 U. S. Exhibit 15L.

18                             III

19        That Murrieta Valley lies parallel to and immediately

20 adjacent to the mountains of the Santa Rosa Grant referred to

21 hereinabove in Finding I; that within said Valley there exist

22 two well-defined fault zones which are approximately parallel.

23 One of said fault zones is located immediately to the northeast

24 of the mountains of the Santa Rosa Grant which is known as the

25 Elsinore Fault Zone, and the other, which runs in the identical

26 direction and is generally parallel thereto, but located to the

27 east, is known as the Wildomar Fault Zone; that the Elsinore

28 Fault Zone does not terminate in Murrieta Valley but extends

29 along the westerly portion of the alluvial deposits in Wolf-

30 Pechango Valley and into the San Luis Rey watershed; that said

31 Wildomar Fault Zone extends along the easterly portion of the

3

1  alluvial deposits in Wolf-Pechango Valley into the San Luis

2  Rey watershed; that in fact said Wildomar Fault Zone through-

3  out its length acts as a semi-barrier to the movement of

4  ground waters westerly; that ground waters to a limited

5  degree do move through said fault zone and other ground

6  waters contained in the alluvial deposits which lie easterly

7  and above said fault zone flow underground over said fault

8  zone through said alluvial deposits or rise to the surface

9  and move across said fault zone as surface waters; that said

10  fault zones are depicted on U. S. Exhibit 15L.

11                           IV

12        That between said fault zones there are both younger

13  and older alluvial deposits; that in fact the major portion of

14  the younger alluvial deposits in Murrieta Valley lie between

15  these two fault zones; that said deposits of older and younger

16  alluvium which lie between said fault zones are depicted on

17  U. S. Exhibit 15L.

18                           V

19        That the younger and older alluvial deposits within

20  Murrieta Valley consist of sedimentary materials; that said

21  younger alluvial deposits are of a relatively high water-

22  bearing capacity and permeability as contrasted to the older

23  alluvial deposits.

24                         VI

25        That the younger alluvial deposits within said Mur-

26  rieta Valley contain ground waters the source of which are

27  the surface waters of Murrieta Creek and its tributaries and

28  ground waters which pass over the Wildomar Fault Zone as

29  found in Finding III above.

30                    - - - -

31                    - - - -

1                                    VII

2          That under natural conditions, i.e., in a state of

3    nature, the surface flow of Murrieta Creek is over and upon

4    the younger alluvial deposits in Murrieta Valley lying

5    generally in the area between the fault zones; that upon said

6    areas of younger alluvial deposits between said fault zones the

7    location of said surface flow has varied and may vary con-

8    siderably and it is quite common for the surface stream to

9    shift its surface bed during periods of considerable surface

10   flow; that the floor of Murrieta Valley is a flood plain

11   rising in elevation as it proceeds in a northwesterly direction;

12   that at times in the past during periods of floods the surface

13   flow over said areas of younger alluvial deposits between

14   said fault zones has been extensive and said flood waters on

15   occasions have extended over and upon the younger alluvial de-

16   posits.

17                                  VIII

18         That under natural conditions, i.e., in a state of

19   nature, Murrieta Creek does not flow continually on the surface

20   except during periods of considerable precipitation, but on the

21   contrary flows intermittently in its course as a surface stream,

22   then disappears and flows underground and then again rises to

23   the surface; that the points where said waters of Murrieta

24   Creek rise to the ground and flow as a surface stream may vary

25   from year to year and within each year; in recent times the

26   perennial surface flow of Murrieta Creek commences at a point

27   northwest of the Vail Company boundary and flows through an in-

28   cised channel to that point where said Murrieta Creek joins

29   Temecula Creek to form the Santa Margarita River; that as a

30   result of a prolonged drought and increased pumping in Mur-

31   rieta Valley and the northerly portion of the ground water

                                     5

1 area there has been caused to exist a pumping depression which is

2 located in Projected Sections 17, 34 and 35 of Township 7 South

3 Range 3 West, S.B.B.M.; that said pumping depression has resulted

4 in a temporary reverse gradient of the ground water movement,

5 and to some extent ground waters which are contained in the

6 alluvial deposits adjacent on all sides to said temporary pumping

7 depression under such temporary condition move down the hydraulic

8 gradient toward and into the pumping depression and not down-

9 stream to Temecula Gorge.

10                                IX

11          That one of the prinidpal causes for the changes in the

12 areas of rising surface flow is the lowering of the ground waters

13 within the younger alluvial deposits between said fault zones

14 resulting from pumping from wells which tap said ground waters.

15                                X

16          That the younger alluvial deposits in Murrieta Valley

17 which as found hereinabove were laid down by stream action and

18 deposition of material eroded from the adjacent hills rest upon

19 and are confined laterally on each side by older alluvial deposits;

20 that said older alluvial deposits are of considerably more com-

21 pacted material and less permeability than the younger alluvial

22 deposits; that it is true that the ground waters within said

23 older alluvial deposits are in hydrologic continuity with the

24 ground waters contained in the younger alluvial deposits; that

25 said older alluvial deposits because of their more compacted

26 characteristics and limited permeability, except as to limited

27 amounts of ground waters which do percolate from the younger

28 alluvial deposits into the older alluvial deposits, impede  ground

29 waters contained in the younger alluvial deposits from moving

30 into the older alluvial deposits; that under natural conditions

31 said ground waters contained in said younger alluvial deposits

6

16199

1 move in a general southeasterly direction within the younger

2 alluvial deposits, i.e., in the same direction as the surface

3 flow of Murrieta Creek; that throughout the course of Murrieta

4 Valley, the ground waters which are contained in the younger

5 alluvial deposits rise to the surface and then disappear and

6 flow within the area of younger alluvial deposits as said

7 waters move downstream in said southeasterly direction; that

8 when said ground waters reach the area of Temecula Gorge

9 their movement downstream as ground waters is effectively

10 prevented by basement complex which is essentially bedrock;

11 that as found above in Finding VIII, under present conditions,

12 ground waters do rise to the surface and pass over Temecula

13 Gorge as surface flow.

14                                    XI

15          That the said areas of older alluvial deposits which

16 lie beneath and on either side of the areas of younger alluvial

17 deposits are, as found hereinabove, composed of considerably

18 more compacted materials than the younger alluvial deposits,

19 and do in fact form the beds and banks of an underground stream

20 and the ground waters contained in said younger alluvial de-

21 posits under natural conditions move in a southeasterly direc-

22 tion within said bed and banks and said older alluvial de-

23 posits serve the same purpose as a semi-impermeable bed and

24 bank of a surface stream channel.

25                                    XII

26          That on occasions and particularly during or imme-

27 diately after periods of precipitation, Murrieta Creek does flow

28 as a continual surface stream; that at such times the ground

29 waters within the younger alluvial deposits are directly con-

30 nected with said surface flow of Murrieta Creek; that under

31 natural conditions, i.e., in a state of nature, except during

                                    7

1 or immediately after periods of precipitation, Murrieta Creek
2 does not flow as a continual surface stream, but, as found
3 hereinabove, flows on the surface for a short distance, dis-
4 appears underground, then rises to the surface and again dis-
5 appears throughout its course to Temecula Gorge; that during
6 such periods the ground waters within the younger alluvial
7 deposits are in fact the source of those waters which rise and
8 flow on the surface for short distances and then disappear;
9 that under natural conditions, i.e., in a state of nature,
10 said ground waters within the younger alluvial deposits within
11 Murrieta Valley move in the identical direction of Murrieta
12 Creek when in fact it physically flows; that said ground waters
13 within said areas of younger alluvial deposits in Murrieta
14 Valley as depicted on U. S. Exhibit 15L are in a known and
15 definite channel, to wit: the areas of younger alluvial de-
16 posits, and are in fact a part of Murrieta Creek and said
17 ground waters within said younger alluvial deposits in Murrieta
18 Valley and said surface flow of Murrieta Creek as it may physi-
19 cally exist do constitute a single stream herein referred to
20 as Murrieta Creek.

21                         XIII

22          That there exists in the most northwesterly portion of
23 Murrieta Valley, to wit, Sections 27 and 34, Township 6 South,
24 Range 4 West, S.B.B.M., a barrier which effectively prevents all
25 ground waters which are located northeast of Palomar Street and
26 west of Orange Street as said streets are presently depicted on
27 U. S. Exhibit 15L from moving southeasterly toward Temecula Gorge;
28 that in fact said ground waters flow out of the Santa Margarita
29 River watershed and into the San Jacinto watershed and said ground
30 waters contained in said area are not a part of the Santa Margarita
31                      - - - - - -

8

1 River or its tributaries but are in fact a part of the waters
2 of San Jacinto watershed.

3                   XIV

4       That while it is known and certain and definite that said
5 younger alluvial deposits rest upon older alluvial deposits, the
6 exact extent of the depth of said younger alluvial deposits to
7 contact with said older alluvial deposits is not in most areas
8 of Murrieta Valley subject to exact ascertainment; that it is
9 true that the evidence in this case would indicate that said younger
10 alluvial deposits extend in various depths to a maximum of approxi-
11 mately thirty (30) feet from ground surface; that it is impossible,
12 based on the evidence available today, to enter a finding deter-
13 mining the depth of younger alluvial deposits throughout said Val-
14 ley with exactness, but as this Court will keep continuing juris-
15 diction of this cause, jurisdiction will be reserved to determine
16 such a fact in the event it becomes necessary to do so in any
17 particular factual situation which might arise in the future;
18 that although the contact line on the surface between the
19 younger and older alluvial deposits throughout the ground water
20 area has not been determined with absolute exactness, the deter-
21 mination of said contact line was sufficient for the United
22 States of America to prepare maps and exhibits showing said
23 contact line and said contact line as established by said maps
24 and exhibits prepared by the United States of America has been
25 accepted by this Court as being the contact line between older
26 and younger alluvial deposits on ground surface.

27                   XV

28       That attached hereto, marked Exhibit A, and incor-
29 porated herein, are descriptions of the smallest tract of land
30 held under one chain of title, a part of which abuts upon or
31 is traversed by Murrieta Creek.

         9

1

XVI

2          That Pauba Valley lies northeasterly of Temecula Gorge

3   and is depicted on U. S. Exhibit 15L.  That said Valley con-

4   sists principally of younger alluvial deposits over which

5   under natural conditions, i.e., in a state of nature, the sur-

6   face waters of Temecula Creek flow.

7

XVII

8          That the younger and older alluvial deposits within

9   said Pauba Valley consist of sedimentary materials; that said

10  younger alluvial deposits are of relatively high water-bearing

11  capacity and permeability as contrasted to older alluvial de-

12  posits; that the areas of younger alluvial deposits within

13  Pauba Valley are depicted on U. S. Exhibit 15L; that said

14  younger alluvial deposits rest upon and are confined laterally

15  by older alluvial deposits.

16

XVIII

17          That under natural conditions, i.e., in a state of

18  nature, the ground waters which are contained in said younger

19  and older alluvial deposits are recharged primarily by the

20  surface flow of Temecula Creek and its tributaries and to a

21  lesser degree by direct precipitation thereon; that Temecula

22  Creek is an intermittent stream (except during periods of

23  considerable precipitation) which flows on the surface, then

24  disappears underground and then arises again on the surface

25  throughout its course as it traverses Pauba Valley; that at

26  times in the past during periods of precipitation flood

27  waters have extended over and upon the younger alluvial de-

28  posits in Pauba Valley and in fact said younger alluvial de-

29  posits have in the main been laid down as aforesaid by said

30  flood waters.

31

10

## XIX

1    That at the present time the areas of surface flow
2 of Temecula Creek as it flows over Pauba Valley vary from
3 year to year and within each year and to a substantial degree
4 said intermittent characteristics of surface flow and area
5 fluctuations are the result of pumping of wells which have
6 been drilled into the younger alluvial deposits; that under
7 natural conditions the surface channel or area of surface flow
8 of Temecula Creek over Pauba Valley is not stable, but is often
9 changed during periods of considerable surface flow; that the
10 construction of Vail Dam by the Vail Company and the impoundment
11 of the waters of Temecula Creek upstream from that dam have
12 affected and will affect the surface flow of Temecula Creek
13 from that which existed under natural conditions in that said
14 dam will capture and store for subsequent release and benefi-
15 cial use waters which under natural conditions would flow over
16 and upon the younger alluvial deposits in Pauba Valley; that
17 detailed findings of fact in Interlocutory Judgment No. 35
18 specifically concern Vail Dam; that said findings concerning
19 said Vail Dam and said Interlocutory Judgment No. 35 are in-
20 corporated herein and made a part hereof by reference.

21                              XX

22    That the older alluvial deposits which lie on either
23 side of and upon which said younger alluvial deposits rest are
24 of considerably more compacted material than the younger allu-
25 vial deposits and their permeability is substantially less than
26 said younger alluvial deposits; that it is true that the ground
27 waters within the older alluvial deposits are in hydrologic
28 continuity with the ground waters contained in the younger allu-
29 vial deposits; that said older alluvial deposits because of
30 their characteristics above referred to do impede, except as to
31 limited amounts of ground waters which percolate through the

1 flows; that said ground waters within said areas of younger

2 alluvial deposits in Pauba Valley as depicted on U. S. Ex-

3 hibit 15L are in a known and definite channel, to wit, the

4 areas of younger alluvial deposits, and are in fact a part

5 of Temecula Creek and said ground waters within said younger

6 alluvial deposits in Pauba Valley and said surface flow of

7 Temecula Creek as it may physically exist do constitute a

8 single stream herein referred to as Temecula Creek.

9                                     XXIII

10             That while it is known, certain and definite that

11 immediately underlying the area of younger alluvial deposits

12 there are older alluvial deposits, the exact extent of the depth

13 of said younger alluvial deposits is not in most areas of Pauba

14 Valley subject to exact ascertainment; that it is true that the

15 evidence in this case would indicate that younger alluvial de-

16 posits extend in various depths to a maximum of approximately

17 one hundred thirty feet (130') from ground surface; that

18 generally the deepest areas of younger alluvial deposits in

19 Pauba Valley are in the most easterly portion thereof and

20 said younger alluvial deposits decrease gradually in depth towards

21 its shallowest area which islocated in the most westerly portion

22 of said Pauba Valley; that it is impossible, based on the evi-

23 dence available today, to enter a finding determining the depth

24 of the younger alluvial deposits within said Valley with exact-

25 ness, but as this Court will keep continuing jurisdiction of

26 this cause, jurisdiction will be reserved to determine such a

27 fact if in the event it becomes necessary to do so in any parti-

28 cular factual situation which might arise in the future.

29                                     XXIV

30             That attached hereto, marked Exhibit B, and incorpora-

31 ted herein are descriptions of the smallest tract of land held

13

16205

1   under one chain of title, a part of which abuts upon or is

2   traversed by Temecula Creek within the ground water area.

3                                    XXV

4          That immediately downstream from Nigger Canyon and

5   primarily in Projected Sections 5, 6 and 7, Township 8 South,

6   Range 1 West, S.B.B.M., there is an outwash area where under

7   natural conditions the surface waters of Temecula Creek flow;

8   that at said point some of said surface waters of Temecula

9   Creek disappear and flow through the younger alluvial deposits

10  of Pauba Valley as aforesaid; at said point and within the

11  older alluvial deposits there exist certain substantially im-

12  pervious lenticular bodies of older alluvial deposits; that

13  some of said waters which enter the ground at said outwash

14  area pass under said lenticular bodies and are semi-confined

15  beneath said lenticular bodies and move downstream toward the

16  semi-barrier of the Wildomar Fault Zone; that upstream from

17  said fault zone an area of artesian pressure is produced; said

18  area of artesian pressure is below the level of all present

19  irrigation wells in Pauba Valley except the Navy well which is

20  located in Projected Section 17 of Township 8 South, Range 2

21  West, S.B.B.M.; that said artesian area is pierced only by wells

22  in excess of four hundred feet (.400') in depth; that said arte-

23  sian waters are a part of the Santa Margarita River system;

24  that said waters from said area of artesian pressure may be

25  easily identified by their characteristic high sodium content

26  as compared to the low sodium content that is found in the

27  waters contained in the younger alluvial deposits; that in addi-

28  tion to the Navy well, which as found hereinabove is an irriga-

29  tion well, the following wells in Pauba Valley are artesian

30  wells which pump waters contained beneath the impervious lenti-

31  cular bodies referred to herein:

                                   14

| 1 | Studley | Township 8 | South, | Range 2 | West, | Well 17 | G1, | S.B.B.M. |
|---|---------|-----------|--------|---------|-------|---------|-----|----------|
| 2 | Headquarters | " 8 | " | " 2 | " | " 16 | G1, | " |
| 3 | Dairy | " 8 | " | " 2 | " | " 16 | A1, | " |
| 4 | China Garden | " 8 | " | " 2 | " | " 15 | C1, | " |
| 5 | Wind Mill | " 8 | " | " 2 | " | " 12 | H1, | " |

6      That the Wind Mill well is used for measuring and

7  stock watering uses; that the Headquarters well is for domestic

8  use; that the Dairy well is for stock watering purposes; that

9  the Studley and China Garden wells are not presently used;

10  that all of the said wells as listed hereinabove are on

11  properties owned by the Vail Company.

12                              XXVI

13      That within said ground water area there are areas

14  of younger alluvial deposits which underlie a surface stream

15  tributary to either Murrieta or Temecula Creeks.  That such

16  areas of younger alluvial deposits underlie Santa Gertrudis

17  Creek, Warm Springs Creek, Cole Canyon Creek and Slaughter-

18  house Creek, tributaries to Murrieta Creek, and Pechanga Creek,

19  tributary to Temecula Creek.  That said areas of younger allu-

20  vial deposits within said ground water area are depicted on

21  U. S. Exhibit 15L.

22                              XXVII

23      That in each instance said surface streams referred to

24  in Finding XXVI above (except during periods of considerable pre-

25  cipitation) are intermittent in character and the surface flow

26  will disappear underground, rise to the surface, and then dis-

27  appear as it traverses the areas of younger alluvial deposits

28  within said ground water area as depicted on said U. S. Exhibit 15L;

29  that in each instance the surface channel or stream bed will

30  fluctuate considerably within the said areas of younger allu-

31  vial deposits, and it is not unusual for a surface stream bed

15

16207

1   to change from year to year or within any given year during

2   periods of surface runoff.  That in each instance the inter-

3   mittent character of surface flow is directly affected by the

4   pumping from said younger alluvial deposits which underlie

5   the particular surface stream.

6                              XXVIII

7            That the ground waters contained within the younger

8   alluvial deposits within the ground water area over which

9   Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek,

10  Slaughterhouse Creek and Pechanga Creek flow are recharged

11  by the surface flows therefrom; that in each instance said

12  ground waters are in direct physical and hydrologic continuity

13  with the respective surface flow, and that in each instance

14  said ground waters move in the identical direction of the

15  surface flow of the particular creek which flows over the

16  respective younger alluvial deposit.

17                              XXIX

18           That under natural conditions, i.e., in a state of

19  nature, the said ground waters which are contained within the

20  younger alluvial deposits within the ground water area over

21  which Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon

22  Creek, Slaughterhouse Creek and Pechanga Creek flow are in

23  each instance physically contained therein in that the compact

24  character and limited permeability of the older alluvial

25  deposits and the impervious character of the basement complex

26  which confine the younger alluvial deposits on each side and

27  which underlie said younger alluvial deposits act as a bank and

28  bed and thus contain said ground waters within the younger

29  alluvial deposits as depicted on said U. S. Exhibit 15L; that

30  as a result thereof the ground waters within the younger

31  alluvial deposits are impeded, and do in fact move downstream

                              16

1 within said younger alluvial deposits in the identical direction

2 of the surface stream which overlies each area respectively;

3 that in each instance the ground waters contained in said younger

4 alluvial deposits are in direct contact with the surface flow

5 of the respective creek when in fact it physically exists as a

6 surface stream; and when there is only an intermittent surface

7 flow said ground waters within said areas of younger alluvial

8 deposits do in fact constitute the waters which rise to the

9 surface, flow thereon and then disappear underground; that said

10 older alluvial deposits and basement complex do in fact form

11 the beds and banks of an underground stream in each instance and

12 serve the same purpose as a semi-permeable bed and bank of a

13 surface stream channel; that ground waters which are contained

14 within the areas of younger alluvial deposits within the ground

15 water area as depicted on U. S. Exhibit 15L are in fact a part

16 of Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek,

17 Slaughterhouse Creek and Pechanga Creek respectively; and said

18 ground waters within said younger alluvial deposits and the sur-

19 face flows thereon do constitute single streams herein referred

20 to as Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon

21 Creek, Slaughterhouse Creek and Pechanga Creek, respectively.

22                              XXX

23          That while it is known, certain and definite that said

24 older alluvial deposits and basement complex immediately underlie

25 the younger alluvial deposits as found hereinabove in Finding XXIX,

26 the exact depth of the younger alluvial deposits is not in most

27 areas subject to exact ascertainment; that it is true that the

28 evidence in this case would indicate that said younger alluvial

29 deposits are of a relatively shallow depth, it is impossible,

30 based on the evidence available today, to enter a finding deter-

31 mining the depth of said younger alluvial deposits with

                                17

1 exactness; as this Court will keep continuing jurisdiction of
2 this cause, jurisdiction will be reserved to determine such a
3 fact in the event it becomes necessary to do so in any parti-
4 cular factual situation which might arise in the future.

5                                    XXXI

6          That attached hereto, marked Exhibit C, and incor-
7 porated herein, are descriptions of the smallest tract of land
8 held under one chain of title, a part of which abuts upon or is
9 traversed by Santa Gertrudis Creek within the ground water area.

10                                   XXXII

11         That attached hereto, marked Exhibit D, and incor-
12 porated herein, are descriptions of the smallest tract of land
13 held under one chain of title, a part of which abuts upon or is
14 traversed by Warm Springs Creek within the ground water area.

15                                   XXXIII

16         That attached hereto, marked Exhibit E, and incor-
17 porated herein, are descriptions of the smallest tract of land
18 held under one chain of title, a part of which abuts upon or is
19 traversed by Cole Canyon Creek within the ground water area.

20                                   XXXIV

21         That attached hereto, marked Exhibit F, and incor-
22 porated herein, are descriptions of the smallest tract of land
23 held under one chain of title, a part of which abuts upon or is
24 traversed by Slaughterhouse Creek within the ground water area.

25                                   XXXV

26         That attached hereto, marked Exhibit G, and incor-
27 porated herein, are descriptions of the smallest tract of land
28 held under one chain of title, a part of which abuts upon or
29 is traversed by Pechanga Creek within the ground water area.

30                                   XXXVI

31         That under natural conditions, i.e. in a state of

                                      18

1 nature, there exists a ground water divide within said ground

2 water area which approximately coincides with the surface

3 water divide between the Murrieta and Temecula Creek drainage

4 areas; that the ground waters in the older alluvial deposits

5 do not move across said ground water divide, but those which

6 are contained in those deposits lying north of said divide

7 move toward Murrieta Creek in a general southwesterly manner while

8 those contained in the older alluvial deposits south of said divide

9 move toward Temecula Creek near the gorge in a general westerly

10 manner; that the surface water divide between said Murrieta and

11 Temecula Creek drainage area is depicted on U. S. Exhibit 15L.

12          That due to a prolonged drouth and increased pumping

13 in the area north of the natural ground water divide within the

14 ground water area, there existed in the autumn of 1959 several

15 pumping depressions which resulted in a temporary ground water

16 divide; said pumping depressions and temporary ground water

17 divide are depicted on U. S. Exhibit 15L; that said pumping de-

18 pressions have resulted in certain areas in a temporary reverse

19 gradient of ground water movement and some waters contained

20 in the alluvial deposits north of said temporary ground water

21 divide, under such temporary condition, move down the hydraulic

22 gradient toward the pumping depression.  Similar pumping de-

23 pressions and consequent reverse gradient of ground water move-

24 ment are referred to in Finding VIII above.

25                    XXXVII

26          That ground water contours extend in a general south-

27 east-northwest direction; that said contours show the altitude

28 above sea level of the water levels in wells and are predicated

29 on such well levels as are presently available from which the

30 contours are projected; these contours, as of autumn 1959, are

31 depicted on U. S. Exhibit 15L; and, as shown thereon, are

19

16211

1 progressively lower as they proceed from the upstream areas of

2 the ground water area toward Temecula Gorge.

3                                   XXXVIII

4          That except as found in Finding XXXVII above, ground

5 water within said ground water area does not stand at or about

6 the same level; that ground water levels within areas of older

7 alluvial deposits, and older and younger alluvial deposits,

8 may vary considerably; that pumping from one well or from

9 several wells within said ground water area in some instances

10 has been shown to have a noticeable effect on other wells

11 within said ground water area which are in close proximity to

12 the well or wells pumped; in some instances under conditions

13 apparently similar no noticeable effect has been evidenced in

14 wells in close proximity to the wells being pumped; in some

15 areas of said ground water area there has been evidenced an

16 effect on one well when another well approximately one mile

17 therefrom was pumped; in some areas of said ground water area

18 no effect has been shown in one well when another well approxi-

19 mately 150 feet therefrom was pumped.

20                                   XXXIX

21          That the movement of the ground water in the older

22 alluvial deposits in the ground water area is not a consistent,

23 continuous movement, but is influenced by many factors, in-

24 cluding, but not limited to, the degree of permeability of

25 the deposits within said areas of older alluvium, by the

26 probability of physical ground water barriers beneath the

27 surface, and by pumping within said area.

28          Although in some limited areas the movement of said

29 ground water can be and has been definitely determined, there

30 is insufficient evidence to show to what extent said movement

31 in the major portion of the older alluvium within said ground

                                      20

16212

1 water area is affected by such underground or subterranean conditions.

2                                   XL

3        That pumping of the ground waters from the older alluvial

4 deposits within said ground water area does affect to a limited

5 but presently undetermined degree the flow of Murrieta Creek and

6 Temecula Creek and tributaries thereto; that Murrieta and Temecula

7 Creeks are theprincipal tributaries of the Santa Margarita River

8 above Temecula Gorge.

9                                   XLI

10       That the general source of the ground water within said

11 older alluvial deposits in said ground water area is primarily

12 runoff from drainage areas outside of the ground water area, which

13 occur during or immediately after periods of precipitation and to

14 a lesser degree precipitation upon said ground water area.  That

15 specifically the source of recharge for the ground waters here-

16 tofore found to constitute a part of Murrieta Creek or tributaries

17 thereto within the ground water area and the ground water within

18 the older alluvial deposits within said ground water area north

19 of the natural ground water divide as found in Finding XXXVI above

20 is the surface drainage area of Murrieta Creek and tributaries

21 thereto.  That specifically the source of the ground waters here-

22 tofore found to constitute a part of Temecula Creek and tributaries

23 thereto within said ground water area and the ground water within

24 the older alluvial deposits within said ground water area south

25 of said natural ground water divide is the surface drainage area of

26 Temecula Creek and tributaries thereto.

27                                  XLII

28       That all ground waters within the older alluvial deposits

29 within said ground water area are in hydrologic continuity with the

30 waters of the Santa Margarita River and its tributaries,and do add to

31 and support the Santa Margarita River and tributaries thereto, but

32 that said ground waters contained in said older alluvial deposits are

    not in a known and definite channel.

                                   21

1                                 XLIII

2          That attached hereto marked Exhibit H and incorporated

3 herein by reference are descriptions of lands which overlie an

4 area of older alluvial deposits referred to in Finding XLII

5 above.

6                                 XLIV

7          All ground waters found within areas of basement

8 complex or weathered basement complex within said ground water

9 area as shown on U. S. Exhibits 277 and 15L do not add to,

10 support nor contribute to the Santa Margarita River and its

11 tributaries and are local, vagrant, percolating waters and not

12 a part of said River or any tributary thereto; that attached

13 hereto marked Exhibit I and incorporated herein by reference

14 are descriptions of said lands which overlie areas of base-

15 ment complex or weathered basement complex within said ground

16 water area.

17                                 XLV

18          That all surface flows of water upon the lands within

19 said ground water area are a part of the Santa Margarita River

20 System.

21                                 XLVI

22          That with the exception of extremely limited portions

23 of said ground water area there is surface water only during

24 periods of precipitation or immediately thereafter, and thus,

25 the right of riparians to use said surface water in said areas

26 on riparian lands is illusory in that there is little, if any, need

27 for said surface waters during the limited period  that it physi-

28 cally exists.

29                                 XLVII

30          That except as may be expressly found to the contrary

31 in other findings in this case,all uses of water within said

                                    22

1 ground water area are in their character reasonable and bene-

2 ficial.  At the present status of this case, the issue of

3 apportionment has not been presented and this Court has taken

4 no evidence directed to establishing whether such water uses

5 are reasonable or unreasonable as to amount of water used in

6 the light of the rights which may exist as to such water, and

7 this issue is left open, is not decided herein, and shall be

8 litigated if and when in the future it becomes necessary to do

9 so.

10          That there is insufficient evidence to enable this

11 Court to find the total water supply to, the use within, the

12 export from, or the net draft upon said ground water area or

13 any part thereof or any stream within, either annually or on

14 the average over a period of years.

15                          XLVIII

16          That certain areas of older alluvial deposits within

17 the ground water area are the same areas which were designated

18 by the term "mesa silt" as used and found in the 1930 Findings

19 of Fact, Conclusions of Law and Judgment in the case of Rancho

20 Santa Margarita v. Vail, et al., Case No. 42850, in the records

21 of the Superior Court of the State of California in and for the

22 County of San Diego.

23                          XLIX

24          That on Exhibits A through H, which exhibits are attached

25 to and made a part of these findings, there appear in addition

26 to the property descriptions certain factual statements such as:

27          1.  Wells

28          2.  Surface diversions

29          3.  Apparent ownerships.

30          4.  Gross acreages.

31          5.  Irrigated acreages.

                          23

1        6.  Irrigable acreages.

2        7.  Water duty.

3        The factual statements contained in said exhibits
4 which pertain to wells and surface diversions are as of the
5 date of this Interlocutory Judgment true.  The factual state-
6 ments contained in said exhibits which pertain to apparent owner-
7 ships are set forth for convenience only and are not necessarily
8 correct and are not intended to be determinative or probative
9 on the issue of ownership of any real property described in said
10 exhibits.

11        The factual statements contained in said exhibits which
12 pertain to gross acreages, irrigated acreages, irrigable acreages
13 and water duty almost without exception are based on evidence
14 introduced in this case by the United States of America with an
15 express assurance by its counsel that apportionment was not being
16 sought at this stage of the litigation; because of this fact and
17 the fact that this Court is not at this time making any order
18 apportioning or regulating the use of the waters involved herein,
19 said facts pertaining to gross acreages, irrigated acreages,
20 irrigable acreages and water duty are not material to any issue
21 decided by Interlocutory Judgment No. 30 entered herewith; that
22 in the exercise of this Court's continuing jurisdiction in this
23 cause such facts may well be material to an issue presented to this
24 Court in the future; therefore, this Court finds that such factual
25 statements which are contained in said Exhibits A through H which
26 pertain to gross acreages, irrigated acreages, irrigable acreages
27 and water duty are supported by the evidence in this case and such
28 factual statements shall be _prima facie_ evidence as to gross
29 acreages, irrigated acreages, irrigable acreages and water duty
30 in any subsequent proceeding before this Court in this cause; as
31 used herein _prima facie_ evidence is that which suffices for the

24

1 proof of a particular fact until contradicted or overcome by

2 other evidence.

3                                    L

4          That within said ground water area as depicted on said

5 U. S. Exhibit 277 there are numerous small creeks or gullies

6 or water courses, most of which are unnamed which these findings

7 have not considered in detail; that in all such situations surface

8 flow would occur only during orimmediately after periods of preci-

9 pitation; that underlying such unnamed or named creeks, gullies

10 or water courses there are younger alluvial deposits which are

11 bedded upon and laterally confined by older alluvial deposits

12 or basement complex; that said younger alluvial deposits are

13 not extensive but are shallow and ground water contained therein

14 would be of a relatively limited quantity; that said areas are

15 not defined herein but are depicted in general on U. S. Exhibit 15L;

16 that said older alluvial deposits or basement complex do in fact

17 form a bed and bank and impede the vertical and horizontal move-

18 ment of said ground waters and under natural conditions said

19 ground waters within said younger alluvial deposits move in the

20 same direction as the surface flow when in fact it physically

21 exists; that when surface flow does exist, said ground waters

22 within said younger alluvial deposits are in direct contact

23 therewith and said ground waters are in fact during such times and

24 at all other times an integral part of the flow of the particular

25 creek, gully or water course; that ground waters contained within

26 such younger alluvial deposits are in fact in a known and definite

27 channel, to wit, the area of younger alluvial deposits, and are

28 a part of the specific creek,gully or water course which traverses

29 the specific younger alluvial deposits, and are a part of the

30 Santa Margarita River System.

31                              - - - -

                              25

LI

2        That the surface waters and the ground waters contained
3 within the younger alluvial deposits referred to in Finding L
4 above do not warrant in these findings of fact specific detailed
5 exhibits setting forth descriptions of the lands which abut upon
6 or are traversed by each creek, gully or water course; that no
7 party to this cause has requested specific findings on these small
8 creeks, gullies or water courses, most of which, as found herein-
9 above, are unnamed and this Court at this time makes no specific
10 findings thereon; that as these findings and judgment are inter-
11 locutory this Court will, if so requested, make specific findings
12 on said creeks, gullies or water courses, either separately or
13 totally should any party to this cause request this Court to
14 do so;  that in the event no such request is made, this Court
15 can and will if the occasion should arise in the future be able
16 to make such determination as may be necessary from the general
17 facts as found above in Finding L.

18                            LII

19        That no surface diversion or use of the waters of Mur-
20 rieta or Temecula Creeks or their tributaries within the ground
21 water area, or extraction or use of the ground waters contained
22 within the younger or older alluvial deposits within said ground
23 water area have been open, notorious, adverse or hostile to any
24 party in this cause and no prescriptive right to the use of the
25 surface or ground waters from any such diversion or extraction
26 or use exists.

27                            LIII

28        That on certain of the Exhibits attached to these
29 Findings of Fact there appear factual statements concerning
30 applications to appropriate specified waters of the Santa Mar-
31 garita River Stream System within the ground water area filed

26

1 with the California State Water Rights Board.  That because

2 said applications to appropriate said waters involve relatively

3 small amounts of water, this Court has not made specific

4 findings on each of these applications nor has any party re-

5 quested that such findings be made.  This Court finds that

6 such factual statements are true and that the applicant to

7 appropriate said waters as appears on said Exhibits has such

8 water right as such stated facts warrant under and pursuant to

9 laws of the State of California concerned with the appropria-

10 tion of water.  Jurisdiction is reserved to enter specific

11 Findings of Fact and Judgments as to said applications to

12 appropriate said waters should any party so request, either prior

13 or subsequent to the entry of the final judgment in this cause.

14 That in other Findings of Fact and Interlocutory Judgments in

15 this cause certain parties have been adjudged to have appro-

16 priative rights to the use of the waters of the Santa Margarita

17 River and/or its tributaries.  That except as to those appro-

18 priative rights as exist from the factual statements which appear

19 on certain Exhibits attached to these Findings of Fact, and

20 other appropriative rights specifically adjudged by other

21 Findings of Fact and Interlocutory Judgments in this cause,

22 there are no appropriative rights to the use of the surface

23 waters which flow over and upon any of the lands contained within

24 the ground water area or to the ground waters contained within

25 the younger or older alluvial deposits within said ground water

26 area.

27                           CONCLUSIONS OF LAW

28                                   I

29          That all ground waters found within the deposits which

30 underlie the lands described in Exhibit I attached hereto do not

31 add to, support nor contribute to the Santa Margarita River and

27

1 are local, vagrant, percolating waters, not a part of said River

2 or any tributary thereto.

3                                      II

4.          That all surface waters which flow over and upon the

5 lands within the ground water area are a part of the Santa Mar-

6 garita River and subject to the continuing jurisdiction of this

7 Court.

8                                      III

9          That all lands described in Exhibit A attached hereto

10 and incorporated herein have a correlative riparian right to the

11 use of the waters of Murrieta Creek.

12                                     IV

13          That all lands described in Exhibit B attached hereto

14 and incorporated herein have a correlative riparian right to the

15 use of the waters of Temecula Creek.

16                                      V

17          That all lands described in Exhibit C attached hereto

18 and incorporated herein have a correlative riparian right to

19 the use of the waters of Santa Gertrudis Creek.

20                                     VI

21          That all lands described in Exhibit D attached hereto

22 and incorporated herein have a correlative riparian right to the

23 use of the waters of Warm Springs Creek.

24                                     VII

25          That all lands described in Exhibit E attached hereto

26 and incorporated herein have a correlative riparian right to the

27 use of the waters of Cole Canyon Creek.

28                                     VIII

29          That all lands described in Exhibit F attached hereto

30 and incorporated herein have a correlative riparian right to the

31 use of the waters of Slaughterhouse Creek.

28

1                             IX

2          That all lands described in Exhibit G attached hereto

3     and incorporated herein have a correlative riparian right to

4     the use of the waters of Pechanga Creek.

5                             X

6          That the exercise of the riparian rights to the use of

7     the waters of Murrieta Creek, Temecula Creek, Santa Gertrudis

8     Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Creek

9     and Pechanga Creek, as found hereinabove in Conclusions of Law

10    III, IV, V, VI, VII, VIII and IX, are subject to the continuing

11    jurisdiction of this Court; that all uses of the waters of said

12    creeks and their tributaries are subject to the continuing juris-

13    diction of this Court.

14                            XI

15         That all lands described in Exhibit H attached hereto and

16    incorporated herein have a correlative overlying right to the

17    use of the ground waters contained within the older alluvial de-

18    posits which underlie said lands; that all of said ground waters

19    within said older alluvial deposits within the ground water area

20    add to, contribute to and support the Santa Margarita River and/or

21    tributaries thereto and the use of said waters is subject to the

22    continuing jurisdiction of this Court.

23                            XII

24         That at the present status of this case the issue of

25    apportionment or the quantity or proportion of waters to which

26    any lands are entitled has not been presented and this Court has

27    taken no evidence directed to establishing whether any water

28    uses pursuant to riparian or overlying rights are reasonable or

29    unreasonable as to amount of water used in the light of the

30    correlative rights which may exist as to such waters, and this

31    issue is left open, is not decided herein and shall be

                              29

1   litigated by this Court if and when in the future it becomes

2   necessary to do so; in the exercise of this continuing juris-

3   diction this Court will judge and pass upon the exercise of

4   such riparian or overlying right based on the facts as they

5   may then appear and pursuant to California law.

6                              XIII

7            That each smallest tract of land held under one chain

8   of title, a part of which abuts upon or is traversed by any

9   area containing younger alluvial deposits within said ground

10  water area, has a correlative riparian right to the use of said

11  ground waters within said younger alluvial deposits and the use

12  of such waters shall be and is subject to the continuing juris-

13  diction of this Court; that except as to Murrieta Creek, Teme-

14  cula Creek, Santa Gertrudis Creek, Warm Springs Creek, Cole

15  Canyon Creek, Slaughterhouse Creek and Pechanga Creek such lands

16  have not been specifically described in these findings but can

17  be readily ascertained in the future should it be necessary

18  to do so by reference to the areas of younger alluvial deposits

19  within said ground water area as depicted on U. S. Exhibit 15L.

20                             XIV

21           That all ground waters located northeast of Palomar

22  Street and west of Orange Street as such streets are presently

23  depicted on U. S. Exhibit 15L are not a part of the Santa

24  Margarita River and do not add to, contribute to nor support

25  said River and the use of said ground waters is not subject to

26  the jurisdiction of this Court.

27                             XV

28           That no prescriptive right to the use of the waters of

29  Murrieta or Temecula Creeks or their tributaries within the

30  ground water area or to any ground waters contained within the

31  younger or older alluvial deposits within said ground water

32  area exists.

                              30

XVI

That except as provided by Finding of Fact LIII herein there are no appropriative rights to the use of the surface waters which flow over and upon any of the lands contained within the ground water area or to the ground waters contained within the younger or older alluvial deposits within said ground water area.

INTERLOCUTORY JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all ground waters which underlie the lands described in Exhibit I attached hereto are vagrant, local, percolating waters which do not add to, support nor contribute to the Santa Margarita River or its tributaries; it is further ordered, adjudged and decreed that this Court has no jurisdiction over the use of said ground waters, and the rights of the owners of said lands and their heirs, successors and assigns to the use of said ground waters are forever quieted in them and against the United States of America and all other parties having rights to the use of the waters of the Santa Margarita River or its tributaries, their heirs, successors and assigns; it is further ordered, adjudged and decreed that the owners of said lands described in Ex-hibit I, their heirs, successors and assigns, are forever re-strained from asserting rights in or to the waters of the Santa Margarita River or its tributaries, excepting rights to surface waters which flow over and upon said lands described in Exhibit I; it is further ordered, adjudged and decreed that the rights inter se of the owners of said lands described in Exhibit I to the use of the underlying vagrant, local, perco-lating ground waters have not been adjudged, determined or de-creed in these proceedings.

31

16223

1          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
2   surface waters which flow over and upon any lands within the
3   ground water area as depicted on U. S. Exhibit 277 and described
4   in U. S. Exhibit 277A, which exhibits are herein incorporated
5   by reference, are a part of the Santa Margarita River and
6   subject to the continuing jurisdiction of this Court.

7          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
8   lands described in Exhibit A attached hereto and incorporated
9   herein by reference have a correlative riparian right to the use
10  of the waters of Murrieta Creek.

11         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
12  lands described in Exhibit B attached hereto and incorporated
13  herein by reference have a correlative riparian right to the use
14  of the waters of Temecula Creek.

15         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
16  lands described in Exhibit C attached hereto and incorporated
17  herein by reference have a correlative riparian right to the use
18  of the waters of Santa Gertrudis Creek.

19         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
20  lands described in Exhibit D attached hereto and incorporated
21  herein by reference have correlative  riparian rights to the
22  use of the waters of Warm Springs Creek.

23         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
24  lands described in Exhibit E attached hereto and incorporated
25  herein by reference have a correlative riparian right to the
26  use of the waters of Cole Canyon Creek.

27         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
28  lands described in Exhibit F attached hereto and incorporated
29  herein by reference have a correlative riparian right to the
30  use of the waters of Slaughterhouse Creek.

31                            - - -

32

16224

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

2    lands described in Exhibit G attached hereto and incorporated

3    herein by reference have a correlative riparian right to the use

4    of the waters of Pechanga Creek.

5    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the lands

6    described in Exhibit H attached hereto and incorporated herein by

7    reference have correlative overlying rights to the use of the

8    ground waters contained in the older alluvial deposits on said

9    described lands.

10    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the corre-

11    lative riparian rights to the use of the waters of Murrieta Creek,

12    Temecula Creek, Santa Gertrudis Creek, Warm Springs Creek, Cole

13    Canyon Creek, Slaughterhouse Creek and Pechanga Creek and the

14    correlative overlying rights to the use of the ground waters con-

15    tained within deposits which underlie the lands described in Ex-

16    hibit H and all other uses of such waters shall be and are subject

17    to the continuing jurisdiction of this Court.

18    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issue

19    of apportionment has not been presented and this Court has taken

20    no evidence directed to establishing whether the use of any waters

21    herein adjudged to be subject to the continuing jurisdiction of

22    this Court are reasonable or unreasonable as to amount of water

23    used in the light of correlative rights which may exist as to

24    such waters, and this issue is left open, is not decided herein,

25    and shall be litigated by this Court if and when in the future

26    it becomes necessary to do so.

27    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

28    smallest tract of land held under one chain of title, a part of

29    which abuts upon or is traversed by younger alluvial deposits

30    not heretofore specifically determined to be riparian to a

31    specific creek within said ground water area have correlative

33

1  riparian rights to the use of said waters and that said waters
2  contained within said younger alluvial deposits are subject
3  to the continuing jurisdiction of this Court; it is further
4  ordered, adjudged and decreed that this Court shall have juris-
5  diction to make such findings in the future as may be neces-
6  sary to settle any dispute concerning the propriety of the
7  use of said waters and that said Court shall in the future refer
8  to U. S. Exhibits 15L and 277 to determine the location of
9  said younger alluvial deposits within said ground water area.
10      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
11  ground waters located northeast of Palomar Street and west of
12  Orange Street as those streets are presently depicted on
13  U. S. Exhibit 15L are not a part of the Santa Margarita River
14  nor do said ground waters add to, contribute to nor support
15  the said River; it is further ordered, adjudged and decreed
16  that this Court has no jurisdiction over the use of said ground
17  waters and the rights of the owners of lands which overlie said
18  ground waters, their heirs, successors and assigns, to the use
19  of said ground waters are forever quieted in them and against
20  the United States of America and all other parties having rights
21  to the use of the waters of the Santa Margarita River and its
22  tributaries, their heirs, successors and assigns; it is further
23  ordered, adjudged and decreed that the owners of said lands which
24  overlie said ground waters, their heirs, successors and assigns,
25  are forever restrained from asserting rights in or to the waters
26  of the Santa Margarita River or its tributaries, excepting rights
27  to surface waters which flow over and upon said lands; it is
28  further ordered, adjudged and decreed that the rights inter se
29  of the owners of said lands to the use of the ground waters
30  contained therein have not been adjudged, determined or decreed
31  in these proceedings.

34

16226

1    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there

2   are no prescriptive rights to use any of the waters contained

3   in the younger or older alluvial deposits within the ground water

4   area or surface waters which flow over or upon any of the lands

5   within the ground water area.

6    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that except

7   as may be provided in factual statements set forth on the

8   exhibits attached to this Interlocutory Judgment or specifically

9   adjudged in other Findings of Fact and Interlocutory Judgments

10   in this cause, there are no appropriative rights to use the

11   ground waters contained within theyounger or older alluvial

12   deposits within the ground water area or the surface waters

13   which flow over and upon any lands within saidground water area.

14    IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based

15   upon the decision of the United States Court of Appeals for the

16   Ninth Circuit, California v. U. S., 235 F.2d 647, that this

17   is not a final decree but is interlocutory in character and

18   by reason of the Order by this Court that all parties are ad-

19   verse, one to the other, thus dispensing with cross pleadings,

20   all parties to this proceeding may object to these Findings of

21   Fact, Conclusions of Law and Interlocutory Judgment, and will

22   be given full opportunity upon due notice to interpose their

23   objections to these Findings of Fact, Conclusions of Law and

24   Interlocutory Judgment prior to the entry of final judgment in

25   this cause.

26    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this

27   Interlocutory Judgment is not appealable, is not final and

28   shall not be operative until made a part of the final judgment,

29                      - - - - -

30                      - - - - -

31                      - - - - -

35

16227

1   and this Court expressly reserves jurisdiction to modify or

2   vacate it, either upon its own motion or upon motion of any

3   party to this proceeding until such time as final judgment in

4   this case is entered.

5          Dated:_____

6

7

8                              _____
                                          JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

                                   36

16228