1

2

3

4

5

6

# LODGED

**FEB 1 5 1962**

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _William Judd_
DEPUTY

7          IN THE UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9                  SOUTHERN DIVISION

10

11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | No. 1247-SD-C |
| 13                    Plaintiff, | |
| 14          vs. | FINDINGS OF FACT, CONCLUSIONS OF LAW AND INTERLOCUTORY JUDGMENT NO. 30 |
| 15 | |
| 16  FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| 17                    Defendants. | MURRIETA-TEMECULA GROUND WATER AREA |
| 18 | |

19

20                    FINDINGS OF FACT

21                         1.

22          That the Murrieta-Temecula ground water area herein-

23  after called the "ground water area" is comprised of younger and

24  older alluvial deposits; that the exterior boundaries of said

25  ground water area are graphically set forth in U. S. Ex-

26  hibit 277 and specifically described in U. S. Exhibit 277A

27  which exhibits are incorporated herein and made a part of

28  these findings by reference.

29          That said ground water area as depicted and described

30  in United States Exhibits 277 and 277A is bordered on the south-

31  west by mountains of the Santa Rosa Grant which are composed of

1  basement complex; that immediately northeast and adjacent to

2  said basement complex formation there are older alluvial

3  deposits of considerable depth.

4       That the geologic evidence in this case establishes

5  that many years ago the older alluvial deposits were laid down

6  by stream action at a time when the surface waters ran

7  northerly into the Elsinore area; that at some point in the

8  past said surface waters changed their course to the present

9  stream condition by accomplishing a breakthrough of the base-

10  ment complex at the place now known as Temecula Gorge, located

11  in the NE$\frac{1}{4}$ of Projected Section 24, Township 8 South, Range 3

12  West, S.B.B.M., and that at all times thereafter, the drainage

13  of the waters above Temecula Gorge have been westerly down

14  the present Santa Margarita River into the Pacific Ocean.

15       That said older alluvial deposits are of considerable

16  depth and one well, the Navy well, which was drilled in 1951

17  and is located east of the Wildomar Fault Zone in Projected

18  Section 17 of Township 8 South, Range 2 West, S.B.B.M. evi-

19  denced older alluvial deposits at a depth in excess of 2400

20  feet without encountering bedrock.

21       That the exterior boundaries of said ground water area

22  have to a certain degree for practical reasons been arbitrarily

23  fixed to conform to lines established by legal subdivisions

24  or to existing physical conditions such as roads; that the

25  older alluvial deposits within said ground water area feather

26  out, i.e., show a gradual lessening in depth to bedrock as

27  they approach the northeasterly exterior boundaries of said

28  ground water area with the result that in the peripheral areas of

29  the ground water area only shallow wells with limited yields can

30  be produced from said older alluvial deposits; that the

31  ground waters, if any, contained in the older alluvial deposits

2

1 immediately without the arbitrarily determined exterior
2 boundaries of said ground water area are of minor amounts
3 and the use of such ground waters would have a de minimis
4 or negligible effect on said ground water area and the
5 Santa Margarita River and its tributaries.

6      That the areas of older alluvial deposits within said
7 ground water area can be ascertained by reference to U. S. Ex-
8 hibit 15L, which exhibit is incorporated herein, and made a
9 part of these findings by reference.

10                         2.

11      That within said ground water area and principally in
12 Murrieta and Pauba Valleys there are extensive younger allu-
13 vial deposits; that said younger alluvial deposits were laid
14 down by stream action and deposition of material eroded from
15 the adjacent hills following the breakthrough of the surface
16 stream at Temecula Gorge as found in Finding 1 above. That
17 said areas of younger alluvial deposits are depicted on
18 U. S. Exhibit 15L.

19                         3.

20      That Murrieta Valley lies parallel to and immediately
21 adjacent to the mountains of the Santa Rosa Grant referred to
22 hereinabove in Finding 1; that within said Valley there exist
23 two well-defined fault zones which are approximately parallel.
24 One of said fault zones is located immediately to the northeast
25 of the mountains of the Santa Rosa Grant which is known as the
26 Elsinore Fault Zone; and the other, which runs in the identical
27 direction and is generally parallel thereto, but located to the
28 east, is known as the Wildomar Fault Zone; that the Elsinore
29 Fault Zone does not terminate in Murrieta Valley but extends
30 along the westerly portion of the alluvial deposits in Wolf-
31 Pechanga Valley and into the San Luis Rey watershed; that said

3

16281

1 Wildomar Fault Zone extends along the easterly portion of the
2 alluvial deposits in Wolf-Pechanga Valley into the San Luis
3 Rey watershed; that in fact said Wildomar Fault Zone through-
4 out its length acts as a semi-barrier to the movement of
5 ground waters westerly; that ground waters to a limited
6 degree do move through said fault zone and other ground
7 waters contained in the alluvial deposits which lie easterly
8 and above said fault zone flow underground over said fault
9 zone through said alluvial deposits or rise to the surface
10 and move across said fault zone as surface waters; that said
11 fault zones are depicted on U. S. Exhibit 15L.

12                                 4.

13      That between said fault zones there are both younger
14 and older alluvial deposits; that in fact the major portion of
15 the younger alluvial deposits in Murrieta Valley lie between
16 these two fault zones; that said deposits of older and younger
17 alluvium which lie between said fault zones are depicted on
18 U. S. Exhibit 15L.

19                                 5.

20      That the younger and older alluvial deposits within
21 Murrieta Valley consist of sedimentary materials; that said
22 younger alluvial deposits are of a relatively high water-
23 bearing capacity and permeability as contrasted to the older
24 alluvial deposits.

25                                 6.

26      That the younger alluvial deposits within said Mur-
27 rieta Valley contain ground waters the source of which are
28 the surface waters of Murrieta Creek and its tributaries and
29 ground waters which pass over the Wildomar Fault Zone as
30 found in Finding 3 above, and to a limited extent rainfall
31 upon said area.

4

7.

That under natural conditions, i.e., in a state of nature, the surface flow of Murrieta Creek is over and upon the younger alluvial deposits in Murrieta Valley lying generally in the area between the fault zones; that upon said areas of younger alluvial deposits between said fault zones the location of said surface flow has varied and may vary considerably and it is quite common for the surface stream to shift its surface bed during periods of considerable surface flow; that the floor of Murrieta Valley is a flood plain rising in elevation as it proceeds in a northwesterly direction. That at times in the past during periods of floods the surface flow over said areas of younger alluvial deposits between said fault zones has been extensive and said flood waters on occasions have extended over and upon the younger alluvial deposits.

8.

That under natural conditions, i.e., in a state of nature, Murrieta Creek does not flow continually on the surface except during periods of considerable precipitation, but on the contrary flows intermittently in its course as a surface stream, then disappears and flows underground and then again rises to the surface; that the points where said waters of Murrieta Creek rise to the ground and flow as a surface stream may vary from year to year and within each year; in recent times, and as late as 1959, the perennial surface flow of Murrieta Creek commences at a point northwest of the Vail Company boundary and flows through an incised channel to that point where said Murrieta Creek joins Temecula Creek to form the Santa Margarita River; that as a result of a prolonged drought and increased pumping in Murrieta Valley and the northerly portion of the

5

1 ground water area there has been caused to exist a pumping de-

2 pression which, as of October, 1959, was located in Projected

3 Sections 17, 34 and 35 of Township 7 South, Range 3 West, S.B.B.M.;

4 that said pumping  depression resulted in a temporary reverse

5 gradient of the ground water movement, and to some extent ground

6 waters which were contained in the alluvial deposits adjacent

7 on all sides to said temporary pumping depression under such

8 temporary condition moved down the hydraulic gradient toward

9 and into the pumping depression and not downstream to Temecula

10 Gorge.

11                                 9.

12          That one of the principal causes for the changes in

13 the areas of rising surface flow is the lowering of the ground

14 waters within the younger alluvial deposits between said fault

15 zones resulting from pumping from wells which tap said ground

16 waters.

17                                10.

18          That the younger alluvial deposits in Murrieta Valley

19 which, as found hereinabove, were laid down by stream action and

20 deposition of material eroded from the adjacent hills rest upon

21 and are confined laterally on each side by older alluvial de-

22 posits and basement complex; that said older alluvial deposits

23 and basement complex are of considerably more compacted material

24 and less permeability than the younger alluvial deposits; that

25 the ground waters within said older alluvial deposits are in

26 hydrologic continuity with the ground waters contained in the

27 younger alluvial deposits; that said older alluvial deposits

28 and basement complex, because of their more compacted character-

29 istics and limited permeability, except as to limited amounts

30 of ground waters which do percolate from the younger alluvial

31 deposits into the older alluvial deposits, impede ground waters

6

16284

1 contained in the younger alluvial deposits from moving into
2 the older alluvial deposits and basement complex; that under
3 natural conditions said ground waters contained in said younger
4 alluvial deposits move in a general southeasterly direction
5 within the younger alluvial deposits, i.e., in the same
6 direction as the surface flow of Murrieta Creek; that through-
7 out the course of Murrieta Valley, the ground waters which are
8 contained in the younger alluvial deposits rise to the surface
9 and then disappear and flow within the area of younger allu-
10 vial deposits as said waters move downstream in said south-
11 easterly direction; that when said ground waters reach the area
12 of Temecula Gorge their movement downstream as ground waters
13 is effectively prevented by basement complex which is essen-
14 tially bedrock; that as found above in Finding 8, under
15 present conditions, ground waters do rise to the surface and
16 pass over Temecula Gorge as surface flow.

17                                 11.

18          That the said areas of older alluvial deposits and
19 basement complex which lie beneath and on either side of the
20 areas of younger alluvial deposits are, as found hereinabove,
21 composed of considerably more compacted materials than the
22 younger alluvial deposits, and do in fact form the beds and
23 banks of an underground stream and the ground waters contained
24 in said younger alluvial deposits under natural conditions move
25 in a southeasterly direction within said bed and banks and said
26 older alluvial deposits serve the same purpose as a semi-
27 permeable bed and bank of a surface stream channel.

28                                 12.

29          That on occasions and particularly during or imme-
30 diately after periods of precipitation, Murrieta Creek does
31 flow as a continual surface stream; that at such times the

7

1 ground waters within the younger alluvial deposits are directly
2 connected with said surface flow of Murrieta Creek; that
3 under natural conditions, i.e., in a state of nature, except
4 during or immediately after periods of precipitation, Murrieta
5 Creek does not flow as a continual surface stream, but, as found
6 hereinabove, flows on the surface for a short distance, dis-
7 appears underground, then rises to the surface and again dis-
8 appears throughout its course to Temecula Gorge; that during
9 such periods the ground waters within the younger alluvial de-
10 posits are in fact those waters which rise and flow on the sur-
11 face for short distances and then disappear.

12         That under natural conditions, i.e. in a state of
13 nature, said ground waters within the younger alluvial deposits
14 within Murrieta Valley move in the identical direction of Mur-
15 rieta Creek when in fact it physically flows; that said ground
16 waters within said areas of younger alluvial deposits in Mur-
17 rieta Valley as depicted on U. S.Exhibit 15L are in a known and
18 definite channel, to wit: the areas of younger alluvial deposits,
19 and are in fact a part of Murrieta Creek and said ground waters
20 within said younger alluvial deposits in Murrieta Valley and
21 said surface flow of Murrieta Creek as it may physically exist
22 do constitute a single stream herein referred to as Murrieta
23 Creek.

24                         13.

25         That there exists in the most northwesterly portion of
26 Murrieta Valley, to wit, Sections 27 and 34, Township 6 South,
27 Range 4 West, S.B.B.M., a barrier which effectively prevents all
28 ground waters which are located northeast of Palomar Street and
29 west of Orange Street as said streets are presently depicted on
30 U. S. Exhibit 15L from moving southeasterly toward Temecula Gorge;
31 that in fact said ground waters flow out of the Santa Margarita

8

1 watershed and into the San Jacinto watershed and said ground

2 waters contained in said area are not a part of the Santa Mar-

3 garita River or its tributaries, but are in fact a part of the

4 waters of San Jacinto watershed.

5                                        14.

6          That while it is known and certain and definite that

7 said younger alluvial deposits rest upon older alluvial deposits

8 or basement complex, the exact extent of the depth of said

9 younger alluvial deposits to contact with said older alluvial de-

10 posits or basement complex is not in most areas of Murrieta Val-

11 ley subject to exact ascertainment; that it is true that the

12 evidence in this case would indicate that said younger alluvial

13 deposits extend in various depths to a maximum of approximately

14 thirty (30) feet from ground surface; that it is impossible,

15 based on the evidence available today, to enter a finding

16 determining the depth of younger alluvial deposits throughout

17 said Valley with exactness, but as this Court will keep con-

18 tinuing jurisdiction of this cause, jurisdiction will be reserved

19 to determine such a fact in the event it becomes necessary to do

20 so in any particular factual situation which might arise in the

21 future.

22          That although the contact line on the surface between

23 the younger and older alluvial deposits and the basement complex

24 throughout the ground water area has not been determined with

25 absolute exactness, the determination of said contact line was

26 sufficient for the United States of America to prepare maps and

27 exhibits showing said contact line, and said contact line as

28 established by said maps and exhibits prepared by the United

29 States of America has been accepted by this Court as being the

30 contact line between younger alluvial deposits and older alluvial

31 deposits and basement complex on ground surface.

16287

15.

That attached hereto, marked Exhibit I, and incorporated herein, is a master alphabetical index of the apparent owners of all parcels of land within the said Murrieta-Temecula Ground Water Area, together with the parcel numbers of the lands owned by the respective parties, the exhibits in which these parcels are listed, and the page number in  Exhibit H where the legal description of the respective parcels may be found.

That attached hereto, marked Exhibit H, and incorporated herein, is a tabulation setting forth, among other things, specific legal descriptions of all lands within the ground water area.

16.

That hereinafter a reference to the term "parcel numbers" is explained as follows:

In those exhibits which commence with the figure "19" or "20" the first two numbers or the first three numbers separated by a dash refer to Riverside County Assessor's Maps page; the final number is the numerical description assigned to the parcel, thus:  Parcel 20 - 4 - 1 - 74 refers to Riverside County Assessor's Maps Book 20, page 4-1, parcel 74.

In all other instances, the parcel numbers are explained as follows:  the first number refers to the Township; the second number refers to the Range; the next number or numbers refer to the Section or Sections or parts of Sections; the final number separated by the Section number or numbers by a dash or a diagonal is the numerical designation assigned to the parcel; thus:  Parcel 8S2W-33-31 refers to Township Eight (8) South, Range Two (2) West, Section Thirty-three (33), parcel 31.

17.

That attached hereto, marked Exhibit A, and incorporated herein, is an alphabetical list of apparent owners and parcel

10

1 numbers concerning the smallest tract of land held under one

2 chain of title, a part of which abuts upon or is traversed by

3 Murrieta Creek.  As set forth in Finding 15 above, the specific

4 property descriptions of the smallest tract of land held under

5 one chain of title, a part of which abuts upon or is traversed

6 by Murrieta Creek is obtained by reference to Exhibit H.

7                          18.

8          That Pauba Valley lies northeasterly of Temecula Gorge

9 and is depicted on U. S. Exhibit 15L.  That said Valley con-

10 sists principally of younger alluvial deposits over which

11 under natural conditions, i.e., in a state of nature, the sur-

12 face waters of Temecula Creek, when in fact they do exist, flow.

13                          19.

14          That the younger and older alluvial deposits within

15 said Pauba Valley consist of sedimentary materials; that said

16 younger alluvial deposits are of relatively high water-bearing

17 capacity and permeability as contrasted to older alluvial de-

18 posits; that the areas of younger alluvial deposits within

19 Pauba Valley are depicted on U. S. Exhibit 15L; that said

20 younger alluvial deposits rest upon and are confined laterally

21 by older alluvial deposits and in some areas deposits of base-

22 ment complex or volcanic rocks.

23                          20.

24          That under natural conditions, i.e., in a state of

25 nature, the ground waters which are contained in said younger

26 and older alluvial deposits are recharged primarily by the

27 surface flow of Temecula Creek and its tributaries and to a

28 lesser degree by direct precipitation thereon; that Temecula

29 Creek is an intermittent stream (except during periods of

30 considerable precipitation) which flows on the surface, then

31 disappears underground and then rises again on the surface

                          11

1  throughout its course as it traverses Pauba Valley; that at
2  times in the past during periods of precipitation flood waters
3  have extended over and upon the younger alluvial deposits in
4  Pauba Valley, and in fact, said younger alluvial deposits have
5  in the main been laid down as aforesaid by said flood waters
6  and deposition of material eroded from adjacent hills.

7                              21.

8          That at the present time the areas of surface flow of
9  Temecula Creek as it flows over Pauba Valley vary from year
10  to year and within each year, and to a substantial degree
11  said intermittent characteristics of surface flow and area
12  fluctuations are the result of pumping of wells which have
13  been drilled into the younger alluvial deposits; that under
14  natural conditions the surface channel or area of surface flow
15  of Temecula Creek over Pauba Valley is not stable, but is often
16  changed during periods of considerable surface flow.

17         That the construction of Vail Dam by the Vail Company
18  and the impoundment of the waters of Temecula Creek upstream
19  from that dam have affected and will affect the surface flow
20  of Temecula Creek from that which existed under natural condi-
21  tions in that said dam will capture and store for subsequent
22  release and beneficial use waters which under natural condi-
23  tions would flow over and upon the younger alluvial deposits
24  in Pauba Valley; that detailed findings of fact in Interlocu-
25  tory Judgment No. 35 specifically concern Vail Dam.

26                             22.

27         That the older alluvial deposits, basement complex
28  and volcanic rocks which lie on either side of and upon which
29  said younger alluvial deposits rest are of considerably more
30  compacted material than the younger alluvial deposits and
31  their permeability is substantially less than said younger

                             12

1 alluvial deposits; that it is true that the ground waters within

2 the older alluvial deposits are in hydrologic continuity with

3 the ground waters contained in the younger alluvial deposits;

4 that said older alluvial deposits, basement complex and volcanic

5 rocks because of their characteristics above referred to do

6 impede, except as to limited amounts of ground waters which

7 percolate through the younger alluvial deposits into the older

8 alluvial deposits, the ground waters contained in the younger

9 alluvial deposits from moving into the older alluvial deposits,

10 basement complex and volcanic rocks; said ground waters contained

11 in said younger alluvial deposits move within the younger allu-

12 vial deposits in a general southwesterly direction, i.e., in

13 the same direction as the surface flow of Temecula Creek.

14                                             23.

15          That the said areas of older alluvial deposits, base-

16 ment complex and volcanic rocks which lie beneath and on either

17 side of the areas of younger alluvial deposits and as found

18 hereinabove are composed of considerably more compacted materials

19 of less permeability than the younger alluvial deposits do in

20 fact form the beds and banks of an underground stream; the ground

21 waters contained in said younger alluvial deposits move in a

22 southwesterly direction within said bed and banks and said older

23 alluvial deposits, basement complex and volcanic rocks serve the

24 same purpose as a semi-permeable bed and bank of a surface stream

25 channel.

26                                             24.

27          That during such times as there is a continual sur-

28 face flow of Temecula Creek, i.e. during periods of considerable

29 precipitation, said ground waters within the younger alluvial

30 deposits are directly connected with said surface flow of

31 Temecula Creek; that during those times when Temecula Creek is

                                    13

1 an intermittent stream flowing on the surface and then dis-

2 appearing underground, the ground waters within the younger

3 alluvial deposits are in fact those waters which rise and

4 flow on the surface for short distances and then disappear.

5 That at all times said ground waters within the younger allu-

6 vial deposits within Pauba Valley move in the identical direc-

7 tion as the surface flow of Temecula Creek when in fact it

8 physically flows; that said ground waters within said areas

9 of younger alluvial deposits in Pauba Valley as depicted on

10 U. S. Exhibit 15L are in a known and definite channel, to wit:

11 the areas of younger alluvial deposits, and are in fact a

12 part of Temecula Creek, and said ground waters within said

13 younger alluvial deposits in Pauba Valley and said surface

14 flow of Temecula Creek as it may physically exist do consti-

15 tute a single stream herein referred to as Temecula Creek.

16                                      25.

17          That while it is known, certain and definite that

18 immediately underlying the area of younger alluvial deposits

19 there are older alluvial deposits, the exact extent of the

20 depth of said younger alluvial deposits is not in most areas

21 of Pauba Valley subject to exact ascertainment; that it is true

22 that the evidence in this case would indicate that younger

23 alluvial deposits extend in various depths to a maximum of

24 approximately one hundred thirty feet (130') from ground sur-

25 face; that generally the deepest areas of younger alluvial

26 deposits in Pauba Valley are in the most easterly portion

27 thereof and said younger alluvial deposits decrease gradually

28 in depth towards its shallowest area which is located in the

29 most westerly portion of said Pauba Valley.

30          That it is impossible, based on the evidence

31 available today, to enter a finding determining the depth

14

16292

1 of the younger alluvial deposits within said Valley with exact-

2 ness, but as this Court will keep continuing jurisdiction of

3 this cause, jurisdiction will be reserved to determine such a

4 fact in the event it becomes necessary to do so in any parti-

5 cular factual situation which might arise in the future.

6                                      26.

7           That attached hereto, marked Exhibit B, and incor-

8 porated herein is an alphabetical list of apparent owners and

9 parcel numbers concerning the smallest tract of land held under

10 one chain of title, a part of which abuts upon or is traversed

11 by Temecula Creek within the ground water area.  As set forth

12 in Finding 15 above, the specific property description of the

13 smallest tract of land held under one chain of title a part of

14 which abuts or is traversed by Temecula Creek and is within

15 the ground water area, is obtained by reference to Exhibit H.

16                                      27.

17          That immediately downstream from Nigger Canyon and

18 primarily in Projected Sections 5, 6 and 7, Township 8 South,

19 Range 1 West, S.B.B.M., there is an outwash area where under

20 natural conditions the surface waters of Temecula Creek, when

21 in fact they do exist, flow; that at said point some of said

22 surface waters of Temecula Creek disappear and flow through

23 the younger alluvial deposits of Pauba Valley as aforesaid;

24 at said point and within the older alluvial deposits there exist

25 certain substantially impervious lenticular bodies of older

26 alluvial deposits; that some of said waters which enter the

27 ground at said outwash area pass under said lenticular bodies

28 and are semi-confined beneath said lenticular bodies and move

29 downstream toward the semi-barrier of the Wildomar Fault Zone.

30          That upstream from said fault zone an area of

31 artesian pressure is produced; said area of artesian pressure

                                    15

16293

1 is below the level of all present irrigation wells in Pauba
2 Valley except the Navy Well which is located in Projected
3 Section 17 of Township 8 South, Range 2 West, S.B.B.M.; that
4 said artesian area is pierced only by wells in excess of
5 four hundred feet (400') in depth; that said artesian waters
6 are a part of the Santa Margarita River system; that said waters
7 from said area of artesian pressure may be easily identified by
8 their characteristic high sodium content as compared to the low
9 sodium content that is found in the waters contained in the
10 younger alluvial deposits; that in addition to the Navy Well,
11 which as found hereinabove is an irrigation well, the following
12 wells in Pauba Valley are artesian wells which pump waters con-
13 tained beneath the impervious lenticular bodies referred to
14 herein:

15 Studley       Township 8 South, Range 2 West, Well 17 G1, S.B.B.M.
16 Headquarters      "     8   "      "    2   "     " 16 G1,      "
17 Dairy             "     8   "      "    2   "     " 16 A1,      "
18 China Garden      "     8   "      "    2   "     " 15 C1,      "
19 Wind Mill         "     8   "      "    2   "     " 12 H1,      "

20          That the Wind Mill well is used for measuring and stock
21 watering purposes; that the Headquarters well is for domestic use;
22 that the Dairy well is for stock watering purposes; that the
23 Studley and China Garden wells are not presently used; that all
24 of the said wells as listed hereinabove are on properties owned
25 by the Vail Company.

26                              28.

27          That within said ground water area there are areas
28 of younger alluvial deposits which underlie a surface stream
29 tributary to either Murrieta or Temecula Creeks.  That such
30 areas of younger alluvial deposits underlie Santa Gertrudis
31 Creek, Warm Springs Creek, Cole Canyon Creek and Slaughterhouse

16

1 Creek, tributaries to Murrieta Creek, and Pechanga Creek,

2 tributary to Temecula Creek.  That said areas of younger

3 alluvial deposits within said ground water area are depicted

4 on U. S. Exhibit 15L.

5                          29.

6            That in each instance said surface streams referred

7 to in Finding 28 above (except during periods of considerable

8 precipitation) are intermittent in character and the surface

9 flow will disappear underground, rise to the surface, and then

10 disappear as it traverses the areas of younger alluvial de-

11 posits within said ground water area as depicted on said

12 U. S. Exhibit 15L; that in each instance the surface channel

13 or stream bed will fluctuate considerably within the said areas

14 of younger alluvial deposits, and it is not unusual for a sur-

15 face stream bed to change from year to year or within any given

16 year during periods of surface runoff.  That in each instance

17 the intermittent character of surface flow is directly affected

18 by the pumping from said younger alluvial deposits which under-

19 lie the particular surface stream.

20                          30

21            That the ground waters contained within the younger

22 alluvial deposits within the ground water area over which

23 Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek,

24 Slaughterhouse Creek and Pechanga Creek flow are recharged by

25 the surface flows therefrom, and to a limited extent by rain-

26 fall upon said area; that in each instance said ground waters

27 are in direct physical and hydrologic continuity with the

28 respective surface flow, and that in each instance said ground

29 waters move in the identical direction of the surface flow of

30 the particular creek which flows over the respective younger

31 alluvial deposit.

17

16295

31.

That under natural conditions, i.e. in a state of
nature, the said ground waters which are contained within the
younger alluvial deposits within the ground water area over
which Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon
Creek, Slaughterhouse Creek and Pechanga Creek flow are in
each instance physically contained therein in that the compact
character and limited permeability of the older alluvial
deposits and the impervious character of the basement complex
which confine the younger alluvial deposits on each side and
which underlie said younger alluvial deposits act as a bank
and bed and thus contain said ground waters within the younger
alluvial deposits as depicted on said U. S. Exhibit 15L; that
as a result thereof the ground waters within the younger
alluvial deposits are impeded, and do in fact move downstream
within said younger alluvial deposits in the identical direction
of the surface stream which overlies each area respectively.

That in each instance the ground waters contained in
said younger alluvial deposits are in direct contact with the
surface flow of the respective creek when in fact it physi-
cally exists as a surface stream; and when there is only an
intermittent surface flow said ground waters within said areas
of younger alluvial deposits do in fact constitute the waters
which rise to the surface, flow thereon and then disappear
underground.  That said older alluvial deposits and basement
complex do in fact form the beds and banks of an underground
stream in each instance and serve the same purpose as a semi-
permeable bed and bank of a surface stream channel.

That ground waters which are contained within the areas
of younger alluvial deposits within the ground water area as
depicted on U. S. Exhibit 15L are in fact a part of Santa

18

1 Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek,

2 Slaughterhouse Creek and Pechanga Creek, respectively; and

3 said ground waters within said younger alluvial deposits and

4 the surface flows thereon do constitute single streams herein

5 referred to as Santa Gertrudis Creek, Warm Springs Creek,

6 Cole Canyon Creek, Slaughterhouse Creek and Pechanga Creek,

7 respectively.

8                              32.

9        That while it is known, certain and definite that

10 said older alluvial deposits and basement complex immediately

11 underlie the younger alluvial deposits as found hereinabove in

12 Finding 28, the exact depth of the younger alluvial deposits

13 is not in most areas subject to exact ascertainment; that while

14 it is true that the evidence in this case would indicate that

15 said younger alluvial deposits are of a relatively shallow

16 depth, it is impossible, based on the evidence available today,

17 to enter a finding determining the depth of said younger allu-

18 vial deposits with exactness; that as this Court will keep conti-

19 nuing  jurisdiction of this cause, jurisdiction will be reserved

20 to determine such a fact in the event it becomes necessary to do

21 so in any particular factual situation which might arise in the

22 future.

23                              33.

24        That attached hereto, marked Exhibit C, and incorporated

25 herein, is an alphabetical list of apparent owners and parcel

26 numbers concerning the smallest tract of land held under one

27 chain of title, a part of which abuts upon or is traversed by

28 Santa Gertrudis Creek within the ground water area.  As set

29 forth in Finding 15 above, the specific property description of

30 the smallest tract of land held under one chain of title, a part

31 of which abuts or is traversed by Santa Gertrudis Creek within

                             19

1  the ground water area, is obtained by reference to Exhibit H.

2                              34.

3         That attached hereto, marked Exhibit D, and incorporated

4  herein, is an alphabetical list of apparent owners and parcel

5  numbers concerning the smallest tract of land held under one

6  chain of title, a part of which abuts upon or is traversed by

7  Warm Springs Creek within the ground water area.  As set forth

8  in Finding 15 above, the specific property description of the

9  smallest tract of land held under one chain of title, a part

10  of which abuts or is traversed by Warm Springs Creek within

11  the ground water area, is obtained by reference to Exhibit H.

12                             35.

13        That attached hereto, marked Exhibit E, and incorporated

14  herein, is an alphabetical list of apparent owners and parcel

15  numbers concerning the smallest tract of land held under one

16  chain of title, a part of which abuts upon or is traversed by

17  Cole Canyon Creek within the ground water area.  As set forth

18  in Finding 15 above, the specific property description of the

19  smallest tract of land held under one chain of title, a part

20  of which abuts or is traversed by Cole Canyon Creek within the

21  ground water area, is obtained by reference to Exhibit H.

22                             36.

23        That attached hereto, marked Exhibit F, and incor-

24  porated herein, is an alphabetical list of apparent owners and

25  parcel numbers concerning the smallest tract of land held under

26  one chain of title, a part of which abuts upon or is traversed

27  by Slaughterhouse Creek within the ground water area.  As set

28  forth in Finding 15 above, the specific property description

29  of the smallest tract of land held under one chain of title

30  a part of which abuts upon or is traversed by Slaughterhouse

31  Creek within the ground water area is obtained by reference to

Exhibit H.

16298

37.

That attached hereto, marked Exhibit G, and incorporated herein, is an alphabetical list of apparent owners and parcel numbers concerning the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Pechanga Creek within the ground water area.  As set forth in Finding 15 above, the specific property description of the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Pechanga Creek within the ground water area is obtained by reference to Exhibit H.

38.

That under natural conditions, i.e., in a state of nature, there exists a ground water divide within said ground water area which approximately coincides with the surface water divide between the Murrieta and Temecula Creek drainage areas; that the ground waters in the older alluvial deposits do not move across said ground water divide, but those which are contained in those deposits lying north of said divide move toward Murrieta Creek in a general southwesterly manner while those contained in the older alluvial deposits south of said divide move toward Temecula Creek near the gorge in a general westerly manner; that the surface water divide between said Murrieta and Temecula creek drainage area is depicted on U. S. Exhibit 15L.

That due to a prolonged drouth and increased pumping in the area north of the natural ground water divide within the ground water area, there existed in the autumn of 1959 several pumping depressions which resulted in a temporary ground water divide; said pumping depressions and temporary ground water divide are depicted on U. S. Exhibit 15L; that said pumping

1  depressions have resulted in certain areas in a temporary

2  reverse gradient of ground water movement and some waters

3  contained in the alluvial deposits north of said temporary

4  ground water divide, under such temporary condition, move

5  down the hydraulic gradient toward the pumping depression.

6  Similar pumping depressions and consequent reverse gradient

7  of ground water movement are referred to in Finding 8 above.

8                    39.

9       That ground water contours extend in a general south-

10  east-northwest direction; that said contours show the altitude

11  above sea level of the water levels in wells and are predicated

12  on such well levels as are presently available from which the

13  contours are projected; these contours, as of autumn 1959, are

14  depicted on U.S. Exhibit 15L; and, as shown thereon, are

15  progressively lower as they proceed from the upstream areas of

16  the ground water area toward Temecula Gorge.

17                    40.

18       That except as found in Finding 39 above, ground

19  water within said ground water area does not stand at or about

20  the same level; that ground water levels within areas of older

21  alluvial deposits, and older and younger alluvial deposits,

22  may vary considerably; that pumping from one well or from

23  several wells within said ground water area in some instances

24  has been shown to have a noticeable effect on other wells

25  within said ground water area which are in close proximity to

26  the well or wells pumped; in some instances under conditions

27  apparently similar no noticeable effect has been evidenced in

28  wells in close proximity to the wells being pumped; in some

29  areas of said ground water area there has been evidenced an

30  effect on one well when another well approximately one mile

31  therefrom was pumped; in some areas of said ground water

16300

1   area no effect has been shown in one well when another well
2   approximately 150 feet therefrom was pumped.

3                                    41.

4            That the movement of the ground water in the older
5   alluvial deposits in the ground water area is not a consistent,
6   continuous movement, but is influenced by many factors, in-
7   cluding, but not limited to, the degree of permeability of the
8   deposits within said areas of older alluvium, by the probability
9   of physical ground water barriers beneath the surface, and by
10  pumping within said area.

11           Although in some limited areas the movement of said
12  ground water can be and has been definitely determined, there
13  is insufficient evidence to show to what extent said movement
14  in the major portion of the older alluvial deposits within said
15  ground water area is affected by such underground or subterra-
16  nean conditions.

17                                   42.

18           That pumping of the ground waters from the older allu-
19  vial deposits within said ground water area does affect to a
20  limited but presently undetermined degree the flow of Murrieta
21  Creek and Temecula Creek and tributaries thereto; that Mur-
22  rieta and Temecula Creeks are the principal tributaries of the
23  Santa Margarita River above Temecula Gorge

24                                   43.

25           That the general source of the ground water within
26  said older alluvial deposits in said ground water area is
27  primarily runoff from drainage areas outside of the ground
28  water area, which occur during or immediately after periods of
29  precipitation and to a lesser degree precipitation upon said
30  ground water area.  That specifically the source of recharge
31  for the ground waters heretofore found to constitute a part

                                    23

1  of Murrieta Creek or tributaries thereto within the ground

2  water area and the ground water within the older alluvial deposits

3  within said ground water area north of the natural ground water

4  divide as found in Finding 38 above is the surface drainage

5  area of Murrieta Creek and tributaries thereto. That speci-

6  fically the source of the ground waters heretofore found to

7  constitute a part of Temecula Creek and tributaries thereto

8  within said ground water area and the ground water within the

9  older alluvial deposits within said ground water area south

10  of said natural ground water divide is the surface drainage

11  area of Temecula Creek and tributaries thereto.

12                      44.

13       That all ground waters within the older alluvial

14  deposits within said ground water area are in hydrologic

15  continuity with the waters of the Santa Margarita River and

16  its tributaries, and do add to and support the Santa Margarita

17  River and tributaries thereto; that in those areas within the

18  ground water area where the younger alluvial deposits contact

19  the older alluvial deposits ground waters do percolate in

20  limited amounts into the adjoining deposits.

21       That said ground waters in said older alluvial de-

22  posits are not, however, in a known and definite channel.

23                      45.

24       That the descriptions of land which overlie an area

25  of older alluvial deposits referred to in Finding 44 above are

26  set forth in Exhibit H.

27                      46.

28       That all ground waters found within areas of basement

29  complex or weathered basement complex within said ground water

30  area as shown on U.S. Exhibits 277 and 15L do not add to, support

31  nor contribute to the Santa Margarita River and its tributaries,

1   and are local, vagrant, percolating waters and not a part of

2   said River or any tributary thereto.

3          That no party to this cause has requested that a

4   specific exhibit be prepared describing those lands containing

5   basement complex or weathered basement complex within said

6   ground water area; that this Court will, if requested by any

7   party to this cause prior to the entry of final judgment, pre-

8   pare such an exhibit; that in the event no such request is

9   made, said lands can be located in the future by reference to

10  said U.S. Exhibits 277 and 15L.

11                             47.

12          That all surface flows of water upon the lands within

13  said ground water area are a part of the Santa Margarita River

14  System.

15                             48.

16          That with the exception of extremely limited portions

17  of said ground water area there is surface water only during

18  periods of precipitation or immediately thereafter, and thus,

19  the right of riparians to use said surface water in said areas

20  on riparian lands is illusory in that there is little, if any,

21  need for said surface waters during the limited period that it

22  physically exists.

23                             49.

24          That except as may be expressly found to the contrary

25  in other findings in this case, all uses of water within said

26  ground water area are in their character reasonable and bene-

27  ficial.  At the present status of this case, the issue of

28  apportionment has not been presented and this Court has taken

29  no evidence directed to establishing whether such water uses

30  are reasonable or unreasonable as to amount of water used in

31  the light of the rights which may exist as to such water, and

                             25

1 this issue is left open, is not decided herein, and shall be

2 litigated if and when in the future it becomes necessary to do so.

3        That there is insufficient evidence to enable this

4 Court to find the total water supply to, the use within, the

5 export from, or the net draft upon said ground water area or

6 any part thereof or any stream within, either annually or on

7 the average over a period of years.

8                     50.

9        That certain areas of older alluvial deposits within

10 the ground water area are the same areas which were designated

11 by the term "mesa silt" as used and found in the 1930 Findings

12 of Fact, Conclusions of Law and Judgment in the case of _Rancho_

13 _Santa Margarita_ v. _Vail, et al_., Case No. 42850, in the records

14 of the Superior Court of the State of California in and for the

15 County of San Diego.

16                     51.

17        That on Exhibit H  which exhibit is attached to and

18 made a part of these Findings, there appears in addition to the

19 property descriptions certain factual statements such as:

20          1.  Wells.

21          2.  Surface diversions.

22          3.  Apparent ownerships.

23          4.  Gross acreages.

24          5.  Irrigated acreages.

25          6.  Irrigable acreages.

26          7.  Water Duty.

27        The factual statements contained in said exhibits which

28 pertain to wells and surface diversions are as of the date of this

29 Interlocutory Judgment true.  The factual statements contained in

30 said exhibits which pertain to apparent ownerships are set forth

31 for convenience only and are not necessarily correct and are not

1 intended to be determinative or probative on the issue of owner-
2 ship of any real property described in said exhibits.

3          The factual statements contained in said exhibits which
4 pertain to gross acreages, irrigated acreages, irrigable acreages
5 and water duty almost without exception are based on evidence
6 introduced in this case by the United States of America with an
7 express assurance by its counsel that apportionment was not
8 being sought at this stage of the litigation; because of this fact
9 and the fact that this Court is not at this time making any order
10 apportioning or regulating the use of the waters involved herein,
11 said facts pertaining to gross acreages, irrigated acreages,
12 irrigable acreages and water duty are not material to any issue
13 decided by Interlocutory Judgment No. 30 entered herewith; that
14 in the exercise of this Court's continuing jurisdiction in this
15 cause, such facts may well be material to an issue presented to
16 this Court in the future; therefore, this Court finds that such
17 factual statements which are contained in said Exhibit H which
18 pertain to gross acreages, irrigated acreages, irrigable acreages
19 and water duty are supported by the evidence in this case and
20 such factual statements shall be _prima facie_ evidence as to gross
21 acreages, irrigated acreages, irrigable acreages and water duty
22 in any subsequent proceeding before this Court in this cause;
23 as used herein _prima facie_ evidence is that which suffices for
24 the proof of a particular fact until contradicted or overcome by
25 other evidence.

26                              52.

27          That within said ground water area as depicted on said
28 U. S. Exhibit 277 there are numerous small creeks or gullies or
29 water courses, most of which are unnamed which these findings
30 have not considered in detail; that in all such situations surface
31 flow would occur only during or immediately after periods of

                              27

1 precipitation; that underlying such unnamed or named creeks,

2 gullies or water courses, there are younger alluvial deposits

3 which are bedded upon and laterally confined by older alluvial

4 deposits or basement complex; that said younger alluvial de-

5 posits are not extensive but are shallow and ground water con-

6 tained therein would be of a relatively limited quantity;

7 that said areas are not defined herein but are depicted in general

8 on U. S. Exhibit 15L.

9          That said older alluvial deposits or basement complex

10 do in fact form a bed and bank and impede the vertical and hori-

11 zontal movement of said ground waters and under natural condi-

12 tions said ground waters within said younger alluvial deposits

13 move in the same direction as the surface flow when in fact it

14 physically exists; that when surface flow does exist, said ground

15 waters within said younger alluvial deposits are in direct contact

16 therewith and said ground waters are in fact during such times

17 and at all other times an integral part of the flow of the parti-

18 cular creek, gully or water course; that ground waters contained

19 within such younger alluvial deposits are in fact in a known and

20 definite channel, to wit, the area of younger alluvial deposits,

21 and are a part of the specific creek, gully or water course which

22 traverses the specific younger alluvial deposits, and are a part

23 of the Santa Margarita River System.

24                              53.

25          That the surface waters and the ground waters contained

26 within the younger alluvial deposits referred to in Finding 52

27 above do not warrant in these findings of fact specific detailed

28 exhibits setting forth descriptions of the lands which abut upon

29 or are traversed by each creek, gully or water course; that no

30 party to this cause has requested specific findings on these

31 small creeks, gullies or water courses, most of which, as found

1 hereinabove, are unnamed, and this Court at this time makes
2 no specific findings thereon; that as these findings and judg-
3 ment are interlocutory, this Court will, if so requested, make
4 specific findings on said creeks, gullies or water courses,
5 either separately or totally, should any party to this cause
6 request this Court to do so; that in the event no such request
7 is made, this Court can and will, if the occasion should arise
8 in the future, be able to make such determination as may be
9 necessary from the general facts as found above in Finding 52.

10                              54.

11          That no surface diversion or use of the waters of
12 Murrieta or Temecula Creeks or their tributaries within the
13 ground water area, or extraction or use of the ground waters
14 contained within the younger or older alluvial deposits within
15 said ground water area have been open, notorious, adverse or
16 hostile to any party in this cause and no prescriptive right
17 to the use of the surface or ground waters from any such diver-
18 sion or extraction or use exists.

19                              55.

20          That on certain of the Exhibits attached to these
21 findings of fact there appear factual statements concerning
22 applications to appropriate specified waters of the Santa
23 Margarita River Stream System within the ground water area
24 filed with the California State Water Rights Board.  That be-
25 cause said applications to appropriate said waters involve
26 relatively small amounts of water, this Court has not made
27 specific findings on each of these applications nor has any
28 party requested that such findings be made.  This Court finds
29 that such factual statements are true and that the applicant
30 to appropriate said waters as appears on said Exhibits has such
31 water right as such stated facts warrant under and pursuant to

1 laws of the State of California concerned with the appropria-

2 tion of water.

3          Jurisdiction is reserved to enter specific findings

4 of fact and judgments as to said applications to appropriate

5 said waters should any party so request, either prior or sub-

6 sequent to the entry of the final judgment in this cause.  That

7 in other findings of fact and interlocutory judgments in this

8 cause certain parties have been adjudged to have appropriative

9 rights to the use of the waters of the Santa Margarita River

10 and/or its tributaries.  That except as to those appropriative

11 rights as exist from the factual statements which appear on

12 certain Exhibits attached to these findings of fact, and other

13 appropriative rights specifically adjudged by other findings

14 of fact and interlocutory judgments in this cause, there are no

15 appropriative rights to the use of the surface waters which

16 flow over and upon any of the lands contained within the

17 ground water area or to the ground waters contained within

18 the younger or older alluvial deposits within said ground water

19 area.

20                              56.

21          Although the lands of Pechanga Indian Reservation,

22 which are within the said ground water area, are included

23 within Exhibits G and H, these findings of fact do not purport

24 to define the water rights for said lands within said Reserva-

25 tion.  All water rights which pertain to said lands or to the

26 Indians thereon will be covered in separate findings of fact,

27 conclusions of law and interlocutory judgment.

28                        CONCLUSIONS OF LAW

29                              1.

30          That all ground waters found within the deposits of

31 basement complex or weathered basement complex within the ground

                               30

16308

1 water area do not add to, support nor contribute to the Santa

2 Margarita River and are local, vagrant, percolating waters not

3 a part of the River or any tributary thereto.

4                                 2.

5         That all surface waters which flow over and upon the

6 lands within the ground water area are a part of the Santa Mar-

7 garita River and subject to the continuing jurisdiction of this

8 Court.

9                                 3.

10        That all lands listed by parcel number in Exhibit A

11 as described in Exhibit H, which exhibits are attached hereto

12 and incorporated herein, have a correlative riparian right to

13 the use of the waters of Murrieta Creek.

14                                 4.

15        That all lands listed by parcel number in Exhibit B

16 as described in Exhbit H, which exhibits are attached hereto

17 and incorporated herein, have a correlative riparian right to

18 the use of the waters of Temecula Creek.

19                                 5.

20        That all lands listed by parcel number in Exhibit C

21 as described in Exhibit H, which exhibits are attached hereto

22 and incorporated herein, have a correlative riparian right to

23 the use of the waters of Santa Gertrudis Creek.

24                                 6.

25        That all lands listed by parcel number in Exhibit D

26 as described in Exhibit H, which exhibits are attached hereto

27 and incorporated herein, have a correlative riparian right to

28 the use of the waters of Warm Springs Creek.

29                                 7.

30        That all lands listed by parcel number in Exhibit E

31 as described in Exhibit H, which exhibits are attached hereto

31

16309

1 and incorporated herein, have a correlative riparian right to
2 the use of the waters of Cole Canyon Creek.

3                                    8.

4          That all lands listed by parcel number in Exhibit F
5 as described in Exhibit H, which exhibits are attached hereto
6 and incorporated herein, have a correlative riparian right to
7 the use of the waters of Slaughterhouse Creek.

8                                    9.

9          That all lands listed by parcel number in Exhibit G
10 as described in Exhibit H, which exhibits are attached hereto
11 and incorporated herein, have a correlative riparian right to
12 the use of the waters of Pechanga Creek.

13                                   10.

14          That the exercise of the riparian rights to the use
15 of the waters of Murrieta Creek, Temecula Creek, Santa Gertrudis
16 Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse
17 Creek and Pechanga Creek, as found hereinabove in Conclusions of
18 Law 3, 4, 5, 6, 7, 8 and 9, are subject to the continuing juris-
19 diction of this Court; that all uses of the waters of said creeks
20 and their tributaries are subject to the continuing jurisdiction
21 of this Court.

22                                   11.

23          That all lands described in Exhibit H attached hereto
24 and incorporated herein have a correlative overlying right to the
25 use of the ground waters contained within the older alluvial
26 deposits which underlie said lands. That all of said ground
27 waters within said older alluvial deposits within the ground
28 water area add to, contribute to and support the Santa Margarita
29 River and/or tributaries thereto, and the use of said waters is
30 subject to the continuing jurisdiction of this Court.

31  - - - - -

                                    32

16310

12.

That at the present status of this case the issue of apportionment or the quantity or proportion of waters to which any lands are entitled has not been presented, and this Court has taken no evidence directed to establishing whether any water uses pursuant to riparian or overlying rights are reasonable or unreasonable as to amount of water used in the light of the correlative rights which may exist as to such waters and this issue is left open, is not decided herein, and shall be litigated by this Court if and when in the future it becomes necessary to do so; in the exercise of this continuing jurisdiction this Court will judge and pass upon the exercise of such riparian or over-lying right based on the facts as they may then appear and pursuant to California law.

13.

That each smallest tract of land held under one chain of title, a part of which abuts upon or is traversed by any area containing younger alluvial deposits within said ground water area, has a correlative riparian right to the use of said ground waters within and surface waters upon said younger alluvial deposits, and the use of such waters shall be, and is subject to the continuing jurisdiction of this Court; that except as to Murrieta Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse Creek and Pechanga Creek such lands have not been specifically described in these findings but can be readily ascertained in the future should it be necessary to do so by reference to the areas of younger alluvial deposits within said ground water area as depicted on U. S. Exhibit 15L.

14.

That all ground waters located northeast of Palomar Street and west of Orange Street as such streets are presently

33

16311

1 depicted on U. S. Exhibit 15L are not a part of the Santa Mar-
2 garita River and do not add to, contribute to nor support said
3 River and the use of said ground waters is not subject to the
4 jurisdiction of this Court.

5                               15.

6          That no prescriptive right to the use of the waters of
7 Murrieta or Temecula Creeks or their tributaries within the
8 ground water area or to any ground waters contained within the
9 younger or older alluvial deposits within said ground water area
10 exists.

11                              16.

12          That except as provided by Finding of Fact 55 herein
13 there are no appropriative rights to the use of the surface
14 waters which flow over and upon any of the lands contained within
15 the ground water area or to the ground waters contained within the
16 younger or older alluvial deposits within said ground water area.

17

18                     INTERLOCUTORY JUDGMENT

19                               1.

20          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all
21 ground waters contained within deposits of basement complex and
22 weathered basement complex within the ground water area are
23 vagrant, local, percolating waters which do not add to, support
24 nor contribute to the Santa Margarita River or its tributaries.

25                               2.

26          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
27 rights of the owners of said lands referred to in paragraph 1
28 of this Interlocutory Judgment, and their heirs, successors and
29 assigns to the use of said ground waters are forever quieted in
30 them and against the United States of America and all other parties
31 having rights to the use of the waters of the Santa Margarita

34

16312

1  River or its tributaries, their heirs, successors and assigns.

2                                    3.

3          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

4  owners of said lands referred to in paragraph 1 of this Inter-

5  locutory Judgment, their heirs, successors and assigns, are

6  forever restrained from asserting rights in or to the waters

7  of the Santa Margarita River or its tributaries, excepting

8  rights to surface waters which flow over and upon said lands.

9                                    4.

10         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

11 rights inter se of the owners of said lands referred to in para-

12 graph 1 of this Interlocutory Judgment to the use of the under-

13 lying vagrant, local, percolating ground waters have not been ad-

14 judged, determined or decreed in these proceedings.

15                                   5.

16         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

17 surface waters which flow over and upon any lands within the

18 ground water area as depicted on U. S. Exhibit 277 and described

19 in U. S. Exhibit 277A, which exhibits are herein incorporated by

20 reference, are a part of the Santa Margarita River and subject to

21 the continuing jurisdiction of this Court.

22                                   6.

23         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

24 lands listed by parcel numbers in Exhibit A as described in

25 Exhibit H, which exhibits are attached hereto and incorporated

26 herein by reference, have a correlative riparian right to the

27 use of the waters of Murrieta Creek.

28                                   7.

29         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

30 lands listed by parcel numbers in Exhibit B as described in Ex-

31 hibit H, which exhibits are attached hereto and incorporated

                                  35

1 herein by reference, have a correlative riparian right to the
2 use of the waters of Temecula Creek.
3                                    8.
4            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
5 lands listed by parcel numbers in Exhibit C as described in
6 Exhibit H, which exhibits are attached hereto and incorporated
7 herein by reference, have a correlative riparian right to the
8 use of the waters of Santa Gertrudis Creek.
9                                    9.
10           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
11 lands listed by parcel numbers in Exhibit D as described in
12 Exhibit H, which exhibits are attached hereto and incorporated
13 herein by reference, have a correlative riparian right to the
14 use of the waters of Warm Springs Creek.
15                                   10.
16           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
17 lands listed by parcel numbers in Exhibit E as described in
18 Exhibit H, which exhibits are attached hereto and incorporated
19 herein by reference, have a correlative riparian right to the
20 use of the waters of Cole Canyon Creek.
21                                   11.
22           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
23 lands listed by parcel numbers in Exhibit F as described in
24 Exhibit H, which exhibits are attached hereto and incorporated
25 herein by reference, have a correlative riparian right to the
26 use of the waters of Slaughterhouse Creek.
27                                   12.
28           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
29 lands listed by parcel numbers in Exhibit G as described in
30 Exhibit H, which exhibits are attached hereto and incorporated
31 herein by reference, have a correlative, riparian right to the

16314

1   use of the waters of Pechanga Creek.

2                               13.

3

4          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

5   lands described in Exhibit H attached hereto and incorporated

6   herein by reference have correlative overlying rights to the

7   use of the ground waters contained in the older alluvial de-

8   posits on said described lands.

9                               14.

10         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

11  correlative riparian rights to the use of the waters of Mur-

12  rieta Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs

13  Creek, Cole Canyon Creek, Slaughterhouse Creek and Pechanga

14  Creek, and the correlative overlying rights to the use of the

15  ground waters contained within the older alluvial deposits

16  which underlie the lands described in Exhibit H and all other

17  uses of such waters shall be and are subject to the continuing

18  jurisdiction of this Court.

19                              15.

20         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

21  issue of apportionment has not been presented and this Court has

22  taken no evidence directed to establishing whether the use of

23  any waters herein adjudged to be subject to the continuing

24  jurisdiction of this Court are reasonable or unreasonable as to

25  amount of water used in the light of correlative rights which

26  may exist as to such waters, and this issue is left open, is

27  not decided herein, and shall be litigated by this Court if and

28  when in the future it becomes necessary to do so.

29                              16.

30         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

31  smallest tract of land held under one chain of title, a part

                                37

1 of which abuts upon or is traversed by younger alluvial deposits
2 not heretofore specifically determined to be riparian to a
3 specific creek within said ground water area have correlative
4 riparian rights to the use of said waters and that said waters
5 contained within said younger alluvial deposits are subject to
6 the continuing jurisdiction of this Court; it is further ordered,
7 adjudged and decreed that this Court shall have jurisdiction to
8 make such findings in the future as may be necessary to settle
9 any dispute concerning the propriety of the use of said waters
10 and that said Court shall in the future refer to U. S. Ex-
11 hibits 277 and 15L to determine the location of said younger
12 alluvial deposits within said ground water area.

13                                17.

14          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
15 ground waters located northeast of Palomar Street and west of
16 Orange Street as those streets are presently depicted on
17 U. S. Exhibit 15L are not a part of the Santa Margarita River
18 nor do said ground waters add to, contribute to nor support
19 the said River.

20                                18.

21          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
22 rights of the owners of lands referred to in paragraph 17 of this
23 Interlocutory Judgment which overlie said ground waters, their
24 heirs, successors and assigns, to the use of said ground waters,
25 are forever quieted in them and against the United States of
26 America and all other parties having rights to the use of the
27 waters of the Santa Margarita River and its tributaries, their
28 heirs, successors and assigns.

29                                19.

30          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
31 owners of said lands referred to in paragraph 17 of this

                                38

1 Interlocutory Judgment which overlie said ground waters, their

2 heirs, successors and assigns, are forever restrained from

3 asserting rights in or to the waters of the Santa Margarita River

4 or its tributaries, excepting rights to surface waters which flow

5 over and upon said lands.

6                                    20.

7          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

8 rights inter se of the owners of said lands referred to in para-

9 graph 17 of this Interlocutory Judgment to the use of the ground

10 waters contained therein have not been adjudged, determined or

11 decreed in these proceedings.

12                                    21.

13          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

14 there are no prescriptive rights to use any of the waters con-

15 tained in the younger or older alluvial deposits within the

16 ground water area or surface waters which flow over or upon any

17 of the lands within the ground water area.

18                                    22.

19          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ex-

20 cept as may be provided in factual statements set forth on the

21 exhibits attached to this Interlocutory Judgment or specifically

22 adjudged in other findings of fact and interlocutory judgments in

23 this cause, there are no appropriative rights to use the ground

24 waters contained within the younger or older alluvial deposits

25 within the ground water area or the surface waters which flow

26 over and upon any lands within said ground water area.

27                                    23.

28          IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based

29 upon the decision of the United States Court of Appeals for the

30 Ninth Circuit, California v. U.S., 235 F.2d 647, that this is not

31 a final decree but is interlocutory in character and by reason

39

1 of the Order by this Court that all parties are adverse, one to

2 the other, thus dispensing with cross pleadings, all parties to

3 this proceeding may object to these Findings of Fact, Conclusions

4 of Law and Interlocutory Judgment, and will be given full oppor-

5 tunity upon due notice to interpose their objections to these

6 Findings of Fact, Conclusions of Law and Interlocutory Judg-

7 ment prior to the entry of final judgment in this cause.

8                                         24.

9              IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this

10 Interlocutory Judgment is not appealable, is not final and shall

11 not be operative until made a part of the final judgment, and

12 this Court expressly reserves jurisdiction to modify or vacate

13 it, either upon its own motion or upon motion of any party to

14 this proceeding until such time as final judgment in this case

15 is entered.

16

17 Dated:_____        _____

18                                                   JUDGE

19

20

21

22

23

24

25

26

27

28

29

30

31

16318