M'FLMD.                    M'FLMD.                    M'FLMD.

1

2

3                                    ENTERED

4                               MAR 8 - 1962            FILED

5                        CLERK, U.S. DISTRICT COURT
                      SOUTHERN DISTRICT OF CALIFORNIA       MAR 8 - 1962
6                                                     CLERK, U.S. DISTRICT COURT
                                                    SOUTHERN DISTRICT OF CALIFORNIA
7          IN THE UNITED STATES DISTRICT COURT                        DEPUTY

8              SOUTHERN DISTRICT OF CALIFORNIA

9                    SOUTHERN DIVISION

10

11

12   UNITED STATES OF AMERICA,      )
                                    )
13                      Plaintiff,  )     No. 1247-SD-C
                                    )
14                 vs               )     FINDINGS OF FACT, CONCLUSIONS
                                    )     OF LAW AND INTERLOCUTORY
15                                  )     JUDGMENT NO. 30
                                    )
16   FALLBROOK PUBLIC UTILITY       )
     DISTRICT, et al.,              )
17                      Defendants. )     MURRIETA-TEMECULA
                                    )     GROUND WATER AREA
18   ───────────────────────────── )

19

20                      FINDINGS OF FACT

21                                1

22          That the Murrieta-Temecula ground water area herein-

23   after called the "ground water area" is comprised of younger and

24   older alluvial deposits; that the exterior boundaries of said

25   ground water area are graphically set forth in U. S. Ex-

26   hibit 277 and specifically described in U. S. Exhibit 277A

27   which exhibits are incorporated herein and made a part of

28   these findings by reference.

29          That said ground water area as depicted and described

30   in United States Exhibits 277 and 277A is bordered on the south-

31   west by mountains of the Santa Rosa Grant which are composed of

                                              388

1  basement complex; that immediately northeast and adjacent to
2  said basement complex formation there are older alluvial
3  deposits of considerable depth.

4           That the geologic evidence in this case establishes
5  that many years ago the older alluvial deposits were laid down
6  by stream action at a time when the surface waters ran
7  northerly into the Elsinore area; that at some point in the
8  past said surface waters changed their course to the present
9  stream condition by accomplishing a breakthrough of the base-
10 ment complex at the place now known as Temecula Gorge, located
11 in the NE¼ of Projected Section 24, Township 8 South, Range 3
12 West, S.B.B.M., and that at all times thereafter, the drainage
13 of the waters above Temecula Gorge have been westerly down
14 the present Santa Margarita River into the Pacific Ocean.

15          That said older alluvial deposits are of considerable
16 depth and one well, the Navy well, which was drilled in 1951
17 and is located east of the Wildomar Fault Zone in Projected
18 Section 17 of Township 8 South, Range 2 West, S.B.B.M. evi-
19 denced older alluvial deposits at a depth in excess of 2400
20 feet without encountering bedrock.

21          That the exterior boundaries of said ground water area
22 have to a certain degree for practical reasons been arbitrarily
23 fixed to conform to lines established by legal subdivisions
24 or to existing physical conditions such as roads; that the
25 older alluvial deposits within said ground water area feather
26 out, i.e., show a gradual lessening in depth to bedrock as
27 they approach the northeasterly exterior boundaries of said
28 ground water area with the result that in the peripheral areas of
29 the ground water area only shallow wells with limited yields can
30 be produced from said older alluvial deposits; that the
31 ground waters, if any, contained in the older alluvial deposits

2

389

1  immediately without the arbitrarily determined exterior
2  boundaries of said ground water area are of minor amounts
3  and the use of such ground waters would have a de minimis
4  or negligible effect on said ground water area and the
5  Santa Margarita River and its tributaries.

6        That the areas of older alluvial deposits within said
7  ground water area can be ascertained by reference to U. S. Ex-
8  hibit 15L, which exhibit is incorporated herein, and made a
9  part of these findings by reference.

10                          2.

11       That within said ground water area and principally in
12  Murrieta and Pauba Valleys there are extensive younger allu-
13  vial deposits; that said younger alluvial deposits were laid
14  down by stream action and deposition of material eroded from
15  the adjacent hills following the breakthrough of the surface
16  stream at Temecula Gorge as found in Finding 1 above.  That
17  said areas of younger alluvial deposits are depicted on
18  U. S. Exhibit 15L.

19                          3.

20        That Murrieta Valley lies parallel to and immediately
21  adjacent to the mountains of the Santa Rosa Grant referred to
22  hereinabove in Finding 1; that within said Valley there exist
23  two well-defined fault zones which are approximately parallel.
24  One of said fault zones is located immediately to the northeast
25  of the mountains of the Santa Rosa Grant which is known as the
26  Elsinore Fault Zone; and the other, which runs in the identical
27  direction and is generally parallel thereto, but located to the
28  east, is known as the Wildomar Fault Zone; that the Elsinore
29  Fault Zone does not terminate in Murrieta Valley but extends
30  along the westerly portion of the alluvial deposits in Wolf-
31  Pechanga Valley and into the San Luis Rey watershed; that said

                          3

1   Wildomar Fault Zone extends along the easterly portion of the
2   alluvial deposits in Wolf-Pechanga Valley into the San Luis
3   Rey Watershed; that in fact said Wildomar Fault Zone through-
4   out its length acts as a semi-barrier to the movement of
5   ground waters westerly; that ground waters to a limited
6   degree do move through said fault zone and other ground
7   waters contained in the alluvial deposits which lie easterly
8   and above said fault zone flow underground over said fault
9   zone through said alluvial deposits or rise to the surface
10  and move across said fault zone as surface waters; that said
11  fault zones are depicted on U. S. Exhibit 15L.

12                          4.

13          That between said fault zones there are both younger
14  and older alluvial deposits; that in fact the major portion of
15  the younger alluvial deposits in Murrieta Valley lie between
16  these two fault zones; that said deposits of older and younger
17  alluvium which lie between said fault zones are depicted on
18  U. S. Exhibit 15L.

19                          5.

20          That the younger and older alluvial deposits within
21  Murrieta Valley consist of sedimentary materials; that said
22  younger alluvial deposits are of a relatively high water-
23  bearing capacity and permeability as contrasted to the older
24  alluvial deposits.

25                          6.

26          That the younger alluvial deposits within said Mur-
27  rieta Valley contain ground waters the source of which are
28  the surface waters of Murrieta Creek and its tributaries and
29  ground waters which pass over the Wildomar Fault Zone as
30  found in Finding 3 above, and to a limited extent rainfall
31  upon said area.

                          4

7.

      That under natural conditions, i.e., in a state of nature, the surface flow of Murrieta Creek is over and upon the younger alluvial deposits in Murrieta Valley lying generally in the area between the fault zones; that upon said areas of younger alluvial deposits between said fault zones the location of said surface flow has varied and may vary considerably and it is quite common for the surface stream to shift its surface bed during periods of considerable surface flow; that the floor of Murrieta Valley is a flood plain rising in elevation as it proceeds in a northwesterly direction. That at times in the past during periods of floods the surface flow over said areas of younger alluvial deposits between said fault zones has been extensive and said flood waters on occasions have extended over and upon the younger alluvial deposits.

8.

      That under natural conditions, i.e., in a state of nature, Murrieta Creek does not flow continually on the surface except during periods of considerable precipitation, but on the contrary flows intermittently in its course as a surface stream, then disappears and flows underground and then again rises to the surface; that the points where said waters of Murrieta Creek rise to the ground and flow as a surface stream may vary from year to year and within each year; in recent times, and as late as 1959, the perennial surface flow of Murrieta Creek commences at a point northwest of the Vail Company boundary and flows through an incised channel to that point where said Murrieta Creek joins Temecula Creek to form the Santa Margarita River; that as a result of a prolonged drought and increased pumping in Murrieta Valley and the northerly portion of the

5

1 ground water area there has been caused to exist a pumping de-
2 pression which, as of October, 1959, was located in Projected
3 Sections 17, 34 and 35 of Township 7 South, Range 3 West, S.B.B.M.;
4 that said pumping depression resulted in a temporary reverse
5 gradient of the ground water movement, and to some extent ground
6 waters which were contained in the alluvial deposits adjacent
7 on all sides to said temporary pumping depression under such
8 temporary condition moved down the hydraulic gradient toward
9 and into the pumping depression and not downstream to Temecula
10 Gorge.

11                                  9.

12            That one of the principal causes for the changes in
13 the areas of rising surface flow is the lowering of the ground
14 waters within the younger alluvial deposits between said fault
15 zones resulting from pumping from wells which tap said ground
16 waters.

17                                 10.

18            That the younger alluvial deposits in Murrieta Valley
19 which, as found hereinabove, were laid down by stream action and
20 deposition of material eroded from the adjacent hills rest upon
21 and are confined laterally on each side by older alluvial de-
22 posits and basement complex; that said older alluvial deposits
23 and basement complex are of considerably more compacted material
24 and less permeability than the younger alluvial deposits; that
25 the ground waters within said older alluvial deposits are in
26 hydrologic continuity with the ground waters contained in the
27 younger alluvial deposits; that said older alluvial deposits
28 and basement complex, because of their more compacted character-
29 istics and limited permeability, except as to limited amounts
30 of ground waters which do percolate from the younger alluvial
31 deposits into the older alluvial deposits, impede ground waters

                                   6

1 contained in the younger alluvial deposits from moving into
2 the older alluvial deposits and basement complex; that under
3 natural conditions said ground waters contained in said younger
4 alluvial deposits move in a general southeasterly direction
5 within the younger alluvial deposits, i.e., in the same
6 direction as the surface flow of Murrieta Creek; that through-
7 out the course of Murrieta Valley, the ground waters which are
8 contained in the younger alluvial deposits rise to the surface
9 and then disappear and flow within the area of younger allu-
10 vial deposits as said waters move downstream in said south-
11 easterly direction; that when said ground waters reach the area
12 of Temecula Gorge their movement downstream as ground waters
13 is effectively prevented by basement complex which is essen-
14 tially bedrock; that as found above in Finding 8, under
15 present conditions, ground waters do rise to the surface and
16 pass over Temecula Gorge as surface flow.

17                                    11.

18          That the said areas of older alluvial deposits and
19 basement complex which lie beneath and on either side of the
20 areas of younger alluvial deposits are, as found hereinabove,
21 composed of considerably more compacted materials than the
22 younger alluvial deposits, and do in fact form the beds and
23 banks of an underground stream and the ground waters contained
24 in said younger alluvial deposits under natural conditions move
25 in a southeasterly direction within said bed and banks and said
26 older alluvial deposits serve the same purpose as a semi-
27 permeable bed and bank of a surface stream channel.

28                                    12.

29          That on occasions and particularly during or imme-
30 diately after periods of precipitation, Murrieta Creek does
31 flow as a continual surface stream; that at such times the

7

394

1  ground waters within the younger alluvial deposits are directly

2  connected with said surface flow of Murrieta Creek; that

3  under natural conditions, i.e., in a state of nature, except

4  during or immediately after periods of precipitation, Murrieta

5  Creek does not flow as a continual surface stream, but, as found

6  hereinabove, flows on the surface for a short distance, dis-

7  appears underground, then rises to the surface and again dis-

8  appears throughout its course to Temecula Gorge; that during

9  such periods the ground waters within the younger alluvial de-

10  posits are in fact those waters which rise and flow on the sur-

11  face for short distances and then disappear.

12        That under natural conditions, i.e. in a state of

13  nature, said ground waters within the younger alluvial deposits

14  within Murrieta Valley move in the identical direction of Mur-

15  rieta Creek when in fact it physically flows; that said ground

16  waters within said areas of younger alluvial deposits in Mur-

17  rieta Valley as depicted on U.S.Exhibit 15L are in a known and

18  definite channel, to wit: the areas of younger alluvial deposits,

19  and are in fact a part of Murrieta Creek and said ground waters

20  within said younger alluvial deposits in Murrieta Valley and

21  said surface flow of Murrieta Creek as it may physically exist

22  do constitute a single stream herein referred to as Murrieta

23  Creek.

24                           13.

25        That there exists in the most northwesterly portion of

26  Murrieta Valley, to wit, Sections 27 and 34, Township 6 South,

27  Range 4 West, S.B.B.M., a barrier which effectively prevents all

29  ground waters which are located northeast of Palomar Street and

29  west of Orange Street as said streets are presently depicted on

30  U.S. Exhibit 15L from moving southeasterly toward Temecula Gorge;

31  that in fact said ground waters flow out of the Santa Margarita

8

395

1 watershed and into the San Jacinto watershed and said ground
2 waters contained in said area are not a part of the Santa Mar-
3 garita River or its tributaries, but are in fact a part of the
4 waters of San Jacinto watershed.

5                                    14.

6          That while it is known and certain and definite that
7 said younger alluvial deposits rest upon older alluvial deposits
8 or basement complex, the exact extent of the depth of said
9 younger alluvial deposits to contact with said older alluvial de-
10 posits or basement complex is not in most areas of Murrieta Val-
11 ley subject to exact ascertainment; that it is true that the
12 evidence in this case would indicate that said younger alluvial
13 deposits extend in various depths to a maximum of approximately
14 thirty (30) feet from ground surface; that it is impossible,
15 based on the evidence available today, to enter a finding
16 determining the depth of younger alluvial deposits throughout
17 said Valley with exactness, but as this Court will keep con-
18 tinuing jurisdiction of this cause, jurisdiction will be reserved
19 to determine such a fact in the event it becomes necessary to do
20 so in any particular factual situation which might arise in the
21 future.

22          That although the contact line on the surface between
23 the younger and older alluvial deposits and the basement complex
24 throughout the ground water area has not been determined with
25 absolute exactness, the determination of said contact line was
26 sufficient for the United States of America to prepare maps and
27 exhibits showing said contact line, and said contact line as
28 established by said maps and exhibits prepared by the United
29 States of America has been accepted by this Court as being the
30 contact line between younger alluvial deposits and older alluvial
31 deposits and basement complex on ground surface.

15.

That attached hereto, marked Exhibit I, and incorporated herein, is a master alphabetical index of the apparent owners of the parcels of land within the said Murrieta-Temecula Ground Water Area, together with the parcel numbers of the lands owned by the various parties, the exhibits in which these parcels are listed and the page number in Exhibit H where the legal description of the respective parcels may be found.

That attached hereto, marked Exhibit H, and incorporated herein, is a tabulation setting forth, among other things, specific legal description of all lands within the ground water area.

16.

That hereinafter a reference to the term "parcel number" is explained as follows:

Where exhibits which commence with the figure "19" or "20" the first two numbers of the first three numbers separated by a dash refer to Riverside County Assessor's Maps page; the final number is the numerical description assigned to the parcel. For example: Parcel 20 - 4 - 1 - 74 refers to Riverside County Assessor's Maps Book 20, page 4-1, parcel 74.

In all other instances, the parcel numbers are explained as follows: the first number refers to the Township; the second number refers to the Range; the next number or numbers refer to the Section or Sections or parts of Sections; the final number separated by the Section number or numbers by a dash or diagonal is the numerical designation assigned to the parcel; thus: Parcel 8S2W-33-31 refers to Township Eight (8) South, Range Two (2) West, Section Thirty-three (33), parcel 31.

17.

That attached hereto, marked Exhibit A, and incorporated herein, is an alphabetical list of apparent owners and parcel

10

1   that no governing the smallest tract of land held under one
2   chain of title, a part of which abuts upon or is traversed by
3   Murrieta Creek. As set forth in Finding 15 above, the specific
4   property descriptions of the smallest tract of land held under
5   one chain of title, a part of which abuts upon or is traversed
6   by Murrieta Creek is obtained by reference to Exhibit H.

18.

8       That Pauba Valley lies northeasterly of Temecula Gorge
9   and is depicted on U. S. Exhibit 15L. That said Valley con-
10  sists principally of younger alluvial deposits over which
11  under natural conditions, i.e., in a state of nature, the sur-
12  face waters of Temecula Creek, when in fact they do exist, flow.

19.

14      That the younger and older alluvial deposits within
15  said Pauba Valley consist of sedimentary materials; that said
16  younger alluvial deposits are of relatively high water-bearing
17  capacity and permeability as contrasted to older alluvial de-
18  posits; that the areas of younger alluvial deposits within
19  Pauba Valley are depicted on U. S. Exhibit 15L; that said
20  younger alluvial deposits rest upon and are confined laterally
21  by older alluvial deposits and in some areas deposits of base-
22  ment complex or volcanic rocks.

23                          20.

24      That under natural conditions, i.e., in a state of
25  nature, the ground waters which are contained in said younger
26  and older alluvial deposits are recharged primarily by the
27  surface flow of Temecula Creek and its tributaries and to a
28  lesser degree by direct precipitation thereon; that Temecula
29  Creek is an intermittent stream (except during periods of
30  considerable precipitation) which flows on the surface, then
31  disappears underground and then rises again on the surface

11

1  throughout its course as it traverses Pauba Valley; that at
2  times in the past during periods of precipitation flood waters
3  have extended over and upon the younger alluvial deposits in
4  Pauba Valley, and in fact, said younger alluvial deposits have
5  in the main been laid down as aforesaid by said flood waters
6  and deposition of material eroded from adjacent hills.

7                              21.

8           That at the present time the areas of surface flow of
9  Temecula Creek as it flows over Pauba Valley vary from year
10  to year and within each year, and to a substantial degree
11  said intermittent characteristics of surface flow and area
12  fluctuations are the result of pumping of wells which have
13  been drilled into the younger alluvial deposits; that under
14  natural conditions the surface channel or area of surface flow
15  of Temecula Creek over Pauba Valley is not stable, but is often
16  changed during periods of considerable surface flow.

17           That the construction of Vail Dam by the Vail Company
18  and the impoundment of the waters of Temecula Creek upstream
19  from that dam have affected and will affect the surface flow
20  of Temecula Creek from that which existed under natural condi-
21  tions in that said dam will capture and store for subsequent
22  release and beneficial use waters which under natural condi-
23  tions would flow over and upon the younger alluvial deposits
24  in Pauba Valley; that detailed findings of fact in Interlocu-
25  tory Judgment No. 35 specifically concern Vail Dam.

26                              22.

27           That the older alluvial deposits, basement complex
28  and volcanic rocks which lie on either side of and upon which
29  said younger alluvial deposits rest are of considerably more
30  compacted material than the younger alluvial deposits and
31  their permeability is substantially less than said younger

                              12

1   alluvial deposits; that it is true that the ground waters within

2   the older alluvial deposits are in hydrologic continuity with

3   the ground waters contained in the younger alluvial deposits;

4   that said older alluvial deposits, basement complex and volcanic

5   rocks because of their characteristics above referred to do

6   impede, except as to limited amounts of ground waters which

7   percolate through the younger alluvial deposits into the older

8   alluvial deposits, the ground waters contained in the younger

9   alluvial deposits from moving into the older alluvial deposits,

10  basement complex and volcanic rocks; said ground waters contained

11  in said younger alluvial deposits move within the younger allu-

12  vial deposits in a general southwesterly direction, i.e., in

13  the same direction as the surface flow of Temecula Creek.

14                              23.

15          That the said areas of older alluvial deposits, base-

16  ment complex and volcanic rocks which lie beneath and on either

17  side of the areas of younger alluvial deposits and as found

18  hereinabove are composed of considerably more compacted materials

19  of less permeability than the younger alluvial deposits do in

20  fact form the beds and banks of an underground stream; the ground

21  waters contained in said younger alluvial deposits move in a

22  southwesterly direction within said bed and banks and said older

23  alluvial deposits, basement complex and volcanic rocks serve the

24  same purpose as a semi-permeable bed and bank of a surface stream

25  channel.

26                              24.

27          That during such times as there is a continual sur-

28  face flow of Temecula Creek, i.e. during periods of considerable

29  precipitation, said ground waters within the younger alluvial

30  deposits are directly connected with said surface flow of

31  Temecula Creek; that during those times when Temecula Creek is

                              13

1  an intermittent stream flowing on the surface and then dis-
2  appearing underground, the ground waters within the younger
3  alluvial deposits are in fact those waters which rise and
4  flow on the surface for short distances and then disappear.
5  That at all times said ground waters within the younger allu-
6  vial deposits within Pauba Valley move in the identical direc-
7  tion as the surface flow of Temecula Creek when in fact it
8  physically flows; that said ground waters within said areas
9  of younger alluvial deposits in Pauba Valley as depicted on
10  U. S. Exhibit 15L are in a known and definite channel, to wit:
11  the areas of younger alluvial deposits, and are in fact a
12  part of Temecula Creek, and said ground waters within said
13  younger alluvial deposits in Pauba Valley and said surface
14  flow of Temecula Creek as it may physically exist do consti-
15  tute a single stream herein referred to as Temecula Creek.
16                          25.
17          That while it is known, certain and definite that
18  immediately underlying the area of younger alluvial deposits
19  there are older alluvial deposits, the exact extent of the
20  depth of said younger alluvial deposits is not in most areas
21  of Pauba Valley subject to exact ascertainment; that it is true
22  that the evidence in this case would indicate that younger
23  alluvial deposits extend in various depths to a maximum of
24  approximately one hundred thirty feet (130') from ground sur-
25  face; that generally the deepest areas of younger alluvial
26  deposits in Pauba Valley are in the most easterly portion
27  thereof and said younger alluvial deposits decrease gradually
28  in depth towards its shallowest area which is located in the
29  most westerly portion of said Pauba Valley.
30          That it is impossible, based on the evidence
31  available today, to enter a finding determining the depth

14

401

1 of the younger alluvial deposits within said Valley with exact-
2 ness, but as this Court will keep continuing jurisdiction of
3 this cause, jurisdiction will be reserved to determine such a
4 fact in the event it becomes necessary to do so in any parti-
5 cular factual situation which might arise in the future.

6                                    26.

7           That attached hereto, marked Exhibit B, and incor-
8 porated herein is an alphabetical list of apparent owners and
9 parcel numbers concerning the smallest tract of land held under
10 one chain of title, a part of which abuts upon or is traversed
11 by Temecula Creek within the ground water area.  As set forth
12 in Finding 15 above, the specific property description of the
13 smallest tract of land held under one chain of title a part of
14 which abuts or is traversed by Temecula Creek and is within
15 the ground water area, is obtained by reference to Exhibit H.

16                                    27.

17          That immediately downstream from Nigger Canyon and
18 primarily in Projected Sections 5, 6 and 7, Township 8 South,
19 Range 1 West, S.B.B.M., there is an outwash area where under
20 natural conditions the surface waters of Temecula Creek, when
21 in fact they do exist, flow; that at said point some of said
22 surface waters of Temecula Creek disappear and flow through
23 the younger alluvial deposits of Pauba Valley as aforesaid;
24 at said point and within the older alluvial deposits there exist
25 certain substantially impervious lenticular bodies of older
26 alluvial deposits; that some of said waters which enter the
27 ground at said outwash area pass under said lenticular bodies
28 and are semi-confined beneath said lenticular bodies and move
29 downstream toward the semi-barrier of the Wildomar Fault Zone.

30          That upstream from said fault zone an area of
31 artesian pressure is produced; said area of artesian pressure

                                    15

1 is below the level of all present irrigation wells in Pauba

2 Valley except the Navy Well which is located in Projected

3 Section 17 of Township 8 South, Range 2 West, S.B.B.M.; that

4 said artesian area is pierced only by wells in excess of

5 four hundred feet (400') in depth; that said artesian waters

6 are a part of the Santa Margarita River system; that said waters

7 from said area of artesian pressure may be easily identified by

8 their characteristic high sodium content as compared to the low

9 sodium content that is found in the waters contained in the

10 younger alluvial deposits; that in addition to the Navy Well,

11 which as found hereinabove is an irrigation well, the following

12 wells in Pauba Valley are artesian wells which pump waters con-

13 tained beneath the impervious lenticular bodies referred to

14 herein:

15 Studley        Township 8 South, Range 2 West, Well 17 G1, S.B.B.M.

16 Headquarters       "      8   "       "   2   "       "   16 G1,      "

17 Dairy              "      8   "       "   2   "       "   16 A1,      "

18 China Garden       "      8   "       "   2   "       "   15 C1,      "

19 Wind Mill          "      8   "       "   2   "       "   12 H1,      "

20          That the Wind Mill well is used for measuring and stock

21 watering purposes; that the Headquarters well is for domestic use;

22 that the Dairy well is for stock watering purposes; that the

23 Studley and China Garden wells are not presently used; that all

24 of the said wells as listed hereinabove are on properties owned

25 by the Vail Company.

26                                   28.

27          That within said ground water area there are areas

28 of younger alluvial deposits which underlie a surface stream

29 tributary to either Murrieta or Temecula Creeks.  That such

30 areas of younger alluvial deposits underlie Santa Gertrudis

31 Creek, Warm Springs Creek, Cole Canyon Creek and Slaughterhouse

1 Creek, tributaries to Murrieta Creek, and Pechanga Creek,

2 tributary to Temecula Creek. That said areas of younger

3 alluvial deposits within said ground water area are depicted

4 in U. S. Exhibit 15L.

5                                29.

6         That in each instance said surface streams referred

7 to in Finding 28 above (except during periods of considerable

8 precipitation) are intermittent in character and the surface

9 flow will disappear underground, rise to the surface, and then

10 disappear as it traverses the areas of younger alluvial de-

11 posits within said ground water area as depicted on said

12 U. S. Exhibit 15L; that in each instance the surface channel

13 or stream bed will fluctuate considerably within the said areas

14 of younger alluvial deposits, and it is not unusual for a sur-

15 face stream bed to change from year to year or within any given

16 year during periods of surface runoff. That in each instance

17 the intermittent character of surface flow is directly affected

18 by the pumping from said younger alluvial deposits which under-

19 lie the particular surface stream.

20                                30

21         That the ground waters contained within the younger

22 alluvial deposits within the ground water area over which

23 Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon Creek,

24 Slaughterhouse Creek and Pechanga Creek flow are recharged by

25 the surface flows therefrom, and to a limited extent by rain-

26 fall upon said area; that in each instance said ground waters

27 are in direct physical and hydrologic continuity with the

28 respective surface flow, and that in each instance said ground

29 waters move in the identical direction of the surface flow of

30 the particular creek which flows over the respective younger

31 alluvial deposit.

                               17

31.

1
2          That under natural conditions, i.e. in a state of
3   nature, the said ground waters which are contained within the
4   younger alluvial deposits within the ground water area over
5   which Santa Gertrudis Creek, Warm Springs Creek, Cole Canyon
6   Creek, Slaughterhouse Creek and Pechanga Creek flow are in
7   each instance physically contained therein in that the compact
8   character and limited permeability of the older alluvial
9   deposits and the impervious character of the basement complex
10  which confine the younger alluvial deposits on each side and
11  which underlie said younger alluvial deposits act as a bank
12  and bed and thus contain said ground waters within the younger
13  alluvial deposits as depicted on said U. S. Exhibit 15L; that
14  as a result thereof the ground waters within the younger
15  alluvial deposits are impeded, and do in fact move downstream
16  within said younger alluvial deposits in the identical direction
17  of the surface stream which overlies each area respectively.
18         That in each instance the ground waters contained in
19  said younger alluvial deposits are in direct contact with the
20  surface flow of the respective creek when in fact it physi-
21  cally exists as a surface stream; and when there is only an
22  intermittent surface flow said ground waters within said areas
23  of younger alluvial deposits do in fact constitute the waters
24  which rise to the surface, flow thereon and then disappear
25  underground.  That said older alluvial deposits and basement
26  complex do in fact form the beds and banks of an underground
27  stream in each instance and serve the same purpose as a semi-
28  permeable bed and bank of a surface stream channel.
29         That ground waters which are contained within the areas
30  of younger alluvial deposits within the ground water area as
31  depicted on U. S. Exhibit 15L are in fact a part of Santa

18

405

... Springs Creek, Cole Canyon Creek.

... ... Canyon Creek, respectively; and

... ... ... younger alluvial deposits and

... ... ... constitute single streams herein

... ... Joseph's Creek, Warm Springs Creek,

... ... Pinca ... Creek and Fechunga Creek.

... it is known, certain and definite that

... ... ... granite and basement complex immediately

... ... younger alluvial deposits as found hereinabove in

... ... depth of the younger alluvial deposits

... ... exact ascertainment; that while

... ... evidence in this case would indicate that

... ... deposits are of a relatively shallow

... ... based on the evidence available today,

... determining the depth of said younger allu-

... ... that as this Court will keep conti-

... ... ... of this cause, jurisdiction will be reserved

... ... a part in the event it becomes necessary to do

... ... particular factual situation which might arise in the

33.

... attached hereto, marked Exhibit C, and incorporated
... ... is an alphabetical list of apparent owners and parcel
... representing the smallest tract of land held under one
... title, a part of which abuts upon or is traversed by
Santa Gertrudis Creek within the ground water area.  As set
... in Finding 15 above, the specific property description of
... smallest tract of land held under one chain of title, a part
of which abuts or is traversed by Santa Gertrudis Creek within

19

1  the ground water area, is obtained by reference to Exhibit H.

2                         34.

3            That attached hereto, marked Exhibit D, and incorporated

4  herein, is an alphabetical list of apparent owners and parcel

5  numbers concerning the smallest tract of land held under one

6  chain of title, a part of which abuts upon or is traversed by

7  Warm Springs Creek within the ground water area.  As set forth

8  in Finding 15 above, the specific property description of the

9  smallest tract of land held under one chain of title, a part

10  of which abuts or is traversed by Warm Springs Creek within

11  the ground water area is obtained by reference to Exhibit H.

12                         35.

13            That attached hereto, marked Exhibit E, and incorporated

14  herein, is an alphabetical list of apparent owners and parcel

15  numbers concerning the smallest tract of land held under one

16  chain of title, a part of which abuts upon or is traversed by

17  Cole Canyon Creek within the ground water area.  As set forth

18  in Finding 15 above, the specific property description of the

19  smallest tract of land held under one chain of title, a part

20  of which abuts or is traversed by Cole Canyon Creek within the

21  ground water area, is obtained by reference to Exhibit H.

22                         36.

23            That attached hereto, marked Exhibit F, and incor-

24  porated herein, is an alphabetical list of apparent owners and

25  parcel numbers concerning the smallest tract of land held under

26  one chain of title, a part of which abuts upon or is traversed

27  by Slaughterhouse Creek within the ground water area.  As set

28  forth in Finding 15 above, the specific property description

29  of the smallest tract of land held under one chain of title

30  a part of which abuts upon or is traversed by Slaughterhouse

31  Creek within the ground water area is obtained by reference to

     Exhibit H.

37.

That attached hereto, marked Exhibit G, and incor-
porated herein by reference in, is an alphabetical list of apparent owners and
parcel numbers concerning the smallest tract of land held
under one chain of title a part of which abuts upon or is
traversed by Pechanga Creek within the ground water area. As
set forth in Finding 15 above, the specific property descrip-
tion of the smallest tract of land held under one chain of
title a part of which abuts upon or is traversed by Pechanga
Creek within the ground water area is obtained by reference
to Exhibit G.

38.

That under natural conditions, i.e., in a state of
nature, there exists a ground water divide within said ground
water area which approximately coincides with the surface
water divide between the Murrieta and Temecula Creek drainage
areas; that the ground waters in the older alluvial deposits
do not move across said ground water divide, but those which
are contained in these deposits lying north of said divide
move toward Murrieta Creek in a general southwesterly manner
while those contained in the older alluvial deposits south of
said divide move toward Temecula Creek near the gorge in a general
westerly manner; that the surface water divide between said Mur-
rieta and Temecula creek drainage area is depicted on U. S. Ex-
hibit 15L.

That due to a prolonged drouth and increased pumping
in the area north of the natural ground water divide within the
ground water area, there existed in the autumn of 1959 several
pumping depressions which resulted in a temporary ground water
divide; said pumping depressions and temporary ground water
divide are depicted on U. S. Exhibit 15L; that said pumping

21

408

1          [illegible] permitted in certain areas in a temporary

2      [illegible] gradient [illegible] of ground water movement and some waters

3      [illegible] in the alluvial deposits north of said temporary

4      [illegible] the water divide, under such temporary condition, move

5      [illegible] hydraulic gradient toward the pumping depression.

6      [illegible] pumping depressions and consequent reverse gradient.

7      [illegible] water movements are referred to in Finding 3 above.

8                              39.

9          That ground water contours extend in a general south-

10     [illegible] western direction; that said contours show the altitude

11     [illegible] and level of the water levels in wells and are predicated

12     [illegible] well levels as are presently available from which the

13     [illegible] are projected; these contours, as of autumn 1959, are

14     [illegible] in U.S. Exhibit 154; and, as shown thereon, are

15     [illegible] wells in areas as they proceed from the upstream areas of

16     [illegible] and water area toward Temecula Gorge.

17                             40.

18          That except as found in Finding 39 above, ground

19     water within said ground water area does not stand at or about

20     the same level; that ground water levels within areas of older

21     alluvial deposits, and older and younger alluvial deposits,

22     may vary considerably; that pumping from one well or from

23     several wells within said ground water area in some instances

24     has been shown to have a noticeable effect on other wells

25     within said ground water area which are in close proximity to

26     the well or wells pumped; in some instances under conditions

27     apparently similar no noticeable effect has been evidenced in

28     wells in close proximity to the wells being pumped; in some

29     areas of said ground water area there has been evidenced an

30     effect on one well when another well approximately one mile

31     therefrom was pumped; in some areas of said ground water

                              22

409

1  area no effect has been shown in one well when another well
2  approximately 150 feet therefrom was pumped.
3                                41.
4         That the movement of the ground water in the older
5  alluvial deposits in the ground water area is not a consistent,
6  continuous movement, but is influenced by many factors, in-
7  cluding, but not limited to, the degree of permeability of the
8  deposits within said areas of older alluvium, by the probability
9  of physical ground water barriers beneath the surface, and by
10 pumping within said area.
11        Although in some limited areas the movement of said
12 ground water can be and has been definitely determined, there
13 is insufficient evidence to show to what extent said movement
14 in the major portion of the older alluvial deposits within said
15 ground water area is affected by such underground or subterra-
16 nean conditions.
17                               42.
18        That pumping of the ground waters from the older allu-
19 vial deposits within said ground water area does affect to a
20 limited but presently undetermined degree the flow of Murrieta
21 Creek and Temecula Creek and tributaries thereto; that Mur-
22 rieta and Temecula Creeks are the principal tributaries of the
23 Santa Margarita River above Temecula Gorge
24                               43.
25        That the general source of the ground water within
26 said older alluvial deposits in said ground water area is
27 primarily runoff from drainage areas outside of the ground
28 water area, which occur during or immediately after periods of
29 precipitation and to a lesser degree precipitation upon said
30 ground water area.  That specifically the source of recharge
31 for the ground waters heretofore found to constitute a part

                                23

1    of Murrieta Creek or tributaries thereto within the ground

2    water area and the ground water within the older alluvial deposits

3    within said ground water area north of the natural ground water

4    divide as found in Finding 38 above is the surface drainage

5    area of Murrieta Creek and tributaries thereto.  That speci-

6    fically the source of the ground waters heretofore found to

7    constitute a part of Temecula Creek and tributaries thereto

8    within said ground water area and the ground water within the

9    older alluvial deposits within said ground water area south

10   of said natural ground water divide is the surface drainage

11   area of Temecula Creek and tributaries thereto.

12                                  44.

13             That all ground waters within the older alluvial

14   deposits within said ground water area are in hydrologic

15   continuity with the waters of the Santa Margarita River and

16   its tributaries, and do add to and support the Santa Margarita

17   River and tributaries thereto; that in those areas within the

18   ground water area where the younger alluvial deposits contact

19   the older alluvial deposits ground waters do percolate in

20   limited amounts into the adjoining deposits.

21             That said ground waters in said older alluvial de-

22   posits are not, however, in a known and definite channel.

23                                  45.

24             That the descriptions of land which overlie an area

25   of older alluvial deposits referred to in Finding 44 above are

26   set forth in Exhibit H.

27                                  46.

28             That all ground waters found within areas of basement

29   complex or weathered basement complex within said ground water

30   area as shown on U.S. Exhibits 277 and 15L do not add to, support

31   nor contribute to the Santa Margarita River and its tributaries,

24

411

1   and are local, vagrant, percolating waters and not a part of

2   said River or any tributary thereto.

3          That no party to this cause has requested that a

4   specific exhibit be prepared describing those lands containing

5   basement complex or weathered basement complex within said

6   ground water area; that this Court will, if requested by any

7   party to this cause prior to the entry of final judgment, pre-

8   pare such an exhibit; that in the event no such request is

9   made, said lands can be located in the future by reference to

10  said U.S. Exhibits 277 and 15L.

11                                    47.

12          That all surface flows of water upon the lands within

13  said ground water area are a part of the Santa Margarita River

14  System.

15                                    48.

16          That with the exception of extremely limited portions

17  of said ground water area there is surface water only during

18  periods of precipitation or immediately thereafter, and thus,

19  the right of riparians to use said surface water in said areas

20  on riparian lands is illusory in that there is little, if any,

21  need for said surface waters during the limited period that it

22  physically exists.

23                                    49.

24          That except as may be expressly found to the contrary

25  in other findings in this case, all uses of water within said

26  ground water area are in their character reasonable and bene-

27  ficial.  At the present status of this case, the issue of

28  apportionment has not been presented and this Court has taken

29  no evidence directed to establishing whether such water uses

30  are reasonable or unreasonable as to amount of water used in

31  the light of the rights which may exist as to such water, and

                                      25

                                                              412

1  this issue is left open, is not decided herein, and shall be

2  litigated if and when in the future it becomes necessary to do so.

3           That there is insufficient evidence to enable this

4  Court to find the total water supply to, the use within, the

5  export from, or the net draft upon said ground water area or

6  any part thereof or any stream within, either annually or on

7  the average over a period of years.

8                              50.

9           That certain areas of older alluvial deposits within

10 the ground water area are the same areas which were designated

11 by the term "mesa silt" as used and found in the 1930 Findings

12 of Fact, Conclusions of Law and Judgment in the case of Rancho

13 Santa Margarita v. Vail, et al., Case No. 42850, in the records

14 of the Superior Court of the State of California in and for the

15 County of San Diego.

16                              51.

17           That on Exhibit H which exhibit is attached to and

18 made a part of these Findings, there appears in addition to the

19 property descriptions certain factual statements such as:

20           1.  Wells.

21           2.  Surface diversions.

22           3.  Apparent ownerships.

23           4.  Gross acreages.

24           5.  Irrigated acreages.

25           6.  Irrigable acreages.

26           7.  Water Duty.

27           The factual statements contained in said exhibits which

28 pertain to wells and surface diversions are as of the date of this

29 Interlocutory Judgment true.  The factual statements contained in

30 said exhibits which pertain to apparent ownerships are set forth

31 for convenience only and are not necessarily correct and are not

                              26

1  intended to be determinative or probative on the issue of owner-
2  ship of any real property described in said exhibits.
3          The factual statements contained in said exhibits which
4  pertain to gross acreages, irrigated acreages, irrigable acreages
5  and water duty almost without exception are based on evidence
6  introduced in this case by the United States of America with an
7  express assurance by its counsel that apportionment was not
8  being sought at this stage of the litigation; because of this fact
9  and the fact that this Court is not at this time making any order
10 apportioning or regulating the use of the waters involved herein,
11 said facts pertaining to gross acreages, irrigated acreages,
12 irrigable acreages and water duty are not material to any issue
13 decided by Interlocutory Judgment No. 30 entered herewith; that
14 in the exercise of this Court's continuing jurisdiction in this
15 cause, such facts may well be material to an issue presented to
16 this Court in the future; therefore, this Court finds that such
17 factual statements which are contained in said Exhibit H which
18 pertain to gross acreages, irrigated acreages, irrigable acreages
19 and water duty are supported by the evidence in this case and
20 such factual statements shall be _prima facie_ evidence as to gross
21 acreages, irrigated acreages, irrigable acreages and water duty
22 in any subsequent proceeding before this Court in this cause;
23 as used herein _prima facie_ evidence is that which suffices for
24 the proof of a particular fact until contradicted or overcome by
25 other evidence.

26                          52.

27          That within said ground water area as depicted on said
28 U. S. Exhibit 277 there are numerous small creeks or gullies or
29 water courses, most of which are unnamed which these findings
30 have not considered in detail; that in all such situations surface
31 flow would occur only during or immediately after periods of

27

1 precipitation; that underlying such unnamed or named creeks,
2 gullies or water courses, there are younger alluvial deposits
3 which are bedded upon and laterally confined by older alluvial
4 deposits or basement complex; that said younger alluvial de-
5 posits are not extensive but are shallow and ground water con-
6 tained therein would be of a relatively limited quantity;
7 that said areas are not defined herein but are depicted in general
8 on U. S. Exhibit 15L.

9          That said older alluvial deposits or basement complex
10 do in fact form a bed and bank and impede the vertical and hori-
11 zontal movement of said ground waters and under natural condi-
12 tions said ground waters within said younger alluvial deposits
13 move in the same direction as the surface flow when in fact it
14 physically exists; that when surface flow does exist, said ground
15 waters within said younger alluvial deposits are in direct contact
16 therewith and said ground waters are in fact during such times
17 and at all other times an integral part of the flow of the parti-
18 cular creek, gully or water course; that ground waters contained
19 within such younger alluvial deposits are in fact in a known and
20 definite channel, to wit, the area of younger alluvial deposits,
21 and are a part of the specific creek, gully or water course which
22 traverses the specific younger alluvial deposits, and are a part
23 of the Santa Margarita River System.

24                              53.

25          That the surface waters and the ground waters contained
26 within the younger alluvial deposits referred to in Finding 52
27 above do not warrant in these findings of fact specific detailed
28 exhibits setting forth descriptions of the lands which abut upon
29 or are traversed by each creek, gully or water course; that no
30 party to this cause has requested specific findings on these
31 small creeks, gullies or water courses, most of which, as found

28

415

1  hereinabove, are unnamed, and this Court at this time makes
2  no specific findings thereon; that as these findings and judg-
3  ment are interlocutory, this Court will, if so requested, make
4  specific findings on said creeks, gullies or water courses,
5  either separately or totally, should any party to this cause
6  request this Court to do so; that in the event no such request
7  is made, this Court can and will, if the occasion should arise
8  in the future, be able to make such determination as may be
9  necessary from the general facts as found above in Finding 52.
10                              53.
11          That no surface diversion or use of the waters of
12  Murrieta or Temecula Creeks or their tributaries within the
13  ground water area, or extraction or use of the ground waters
14  contained within the younger or older alluvial deposits within
15  said ground water area have been open, notorious, adverse or
16  hostile to any party in this cause and no prescriptive right
17  to the use of the surface or ground waters from any such diver-
18  sion or extraction or use exists.
19                              55.
20          That on certain of the Exhibits attached to these
21  findings of fact there appear factual statements concerning
22  applications to appropriate specified waters of the Santa
23  Margarita River Stream System within the ground water area
24  filed with the California State Water Rights Board.  That be-
25  cause said applications to appropriate said waters involve
26  relatively small amounts of water, this Court has not made
27  specific findings on each of these applications nor has any
28  party requested that such findings be made.  This Court finds
29  that such factual statements are true and that the applicant
30  to appropriate said waters as appears on said Exhibits has such
31  water right as such stated facts warrant under and pursuant to

1    ... in conformity with the appropria-
2    ...
3    ... water specific findings ...
4    ... said application to appropriate ...
5    ... did not party or respect, either prior or sub-...
6    ... of the final judgment in this cause.   That ...
7    ... and interlocutory judgments in this ...
8    ... waters ... appropriative ...
9    ... of the Santa Margarita River ...
10    ... except as to those appropriative ...
11    ... factual statements which appear on ...
12    ... these Findings of Fact, and other ...
13    ... specifically adopted by other findings ...
14    ... interlocutory judgments in this cause, upon ...
15    ... of the surface waters which ...
16    ... lands situated within the ...
17    ... the ground waters contained within ...
18    ... alluvial deposits within said ground water ...
19    ...
20
21    ... the lands of Romona Indian Reservation,
22    ... within the said ground water area, are included
23    within Exhibits G and H, these Findings of Fact do not purport
24    ... the water rights for said lands within said Reserva-
25    tion.   All water rights which pertain to said lands or to the
26    Indians thereof will be covered in separate Findings of Fact,
27    Conclusions of Law and Interlocutory Judgment.
28    CONCLUSIONS OF LAW
29    I.
30    That all ground waters found within the deposits of
31    basement complex or weathered basement complex within the ground

30

417

1 water area do not add to, support nor contribute to the Santa

2 Margarita River and are local, vagrant, percolating waters not

3 a part of the River or any tributary thereto.

4                                 2.

5            That all surface waters which flow over and upon the

6 lands within the ground water area are a part of the Santa Mar-

7 garita River and subject to the continuing jurisdiction of this

8 Court.

9                                 3.

10            That all lands listed by parcel number in Exhibit A

11 as described in Exhibit H, which exhibits are attached hereto

12 and incorporated herein, have a correlative riparian right to

13 the use of the waters of Murrieta Creek.

14                                 4.

15            That all lands listed by parcel number in Exhibit B

16 as described in Exhibit H, which exhibits are attached hereto

17 and incorporated herein, have a correlative riparian right to

18 the use of the waters of Temecula Creek.

19                                 5.

20            That all lands listed by parcel number in Exhibit C

21 as described in Exhibit H, which exhibits are attached hereto

22 and incorporated herein, have a correlative riparian right to

23 the use of the waters of Santa Gertrudis Creek.

24                                 6.

25            That all lands listed by parcel number in Exhibit D

26 as described in Exhibit H, which exhibits are attached hereto

27 and incorporated herein, have a correlative riparian right to

28 the use of the waters of Warm Springs Creek.

29                                 7.

30            That all lands listed by parcel number in Exhibit E

31 as described in Exhibit H, which exhibits are attached hereto

31

418

1  and incorporated herein, have a correlative riparian right to
2  the use and enjoyment of Cole Canyon Creek.

3                                  H.

4              That all lands listed by parcel number in Exhibit F
5  and in Exhibit H, which exhibits are attached hereto
6  and incorporated herein, have a correlative riparian right to
7  the use of the waters of Slaughterhouse Creek.

8                                  I.

9              That all lands listed by parcel number in Exhibit G
10 and in Exhibit H, which exhibits are attached hereto
11 and incorporated herein, have a correlative riparian right to
12 the use of the waters of Pechanga Creek.

13                                 J.

14             That the exercise of the riparian rights to the use
15 of the waters of Murrieta Creek, Temecula Creek, Santa Gertrudis
16 Creek, Warm Springs Creek, Cole Canyon Creek, Slaughterhouse
17 Creek, and Pechanga Creek, as found hereinabove in Conclusions of
18 Law F, G, H, and 9, are subject to the continuing juris-
19 diction of this Court; that all uses of the waters of said creeks
20 and their tributaries are subject to the continuing jurisdiction
21 of this Court.

22                                 11.

23             That all lands described in Exhibit H attached hereto
24 and incorporated herein have a correlative overlying right to the
25 use of the ground waters contained within the older alluvial
26 deposits which underlie said lands.  That all of said ground
27 waters within said older alluvial deposits within the ground
28 water area add to, contribute to and support the Santa Margarita
29 River and/or tributaries thereto, and the use of said waters is
30 subject to the continuing jurisdiction of this Court.
31

                                 32

                                                      419

1                                    12.

2            That at the present status of this case the issue of
3  apportionment or the quantity or proportion of waters to which
4  any lands are entitled has not been presented, and this Court
5  has taken no evidence directed to establishing whether any water
6  uses pursuant to riparian or overlying rights are reasonable or
7  unreasonable as to amount of water used in the light of the
8  correlative rights which may exist as to such waters and this
9  issue is left open, is not decided herein, and shall be litigated
10 by this Court if and when in the future it becomes necessary to
11 do so; in the exercise of this continuing jurisdiction this Court
12 will judge and pass upon the exercise of such riparian or over-
13 lying right based on the facts as they may then appear and pur-
14 suant to California law.

15                                   13.

16           That each smallest tract of land held under one chain
17 of title, a part of which abuts upon or is traversed by any area
18 containing younger alluvial deposits within said ground water
19 area, has a correlative riparian right to the use of said ground
20 waters within and surface waters upon said younger alluvial de-
21 posits, and the use of such waters shall be, and is subject to the
22 continuing jurisdiction of this Court; that except as to Murrieta
23 Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs Creek,
24 Cole Canyon Creek, Slaughterhouse Creek and Pechanga Creek such
25 lands have not been specifically described in these findings but
26 can be readily ascertained in the future should it be necessary
27 to do so by reference to the areas of younger alluvial deposits
28 within said ground water area as depicted on U. S. Exhibit 15L.

29                                   14.

30           That all ground waters located northeast of Palomar
31 Street and west of Orange Street as such streets are presently

1 depicted on U. S. Exhibit 15L are not a part of the Santa Mar-
2 garita River and do not add to, contribute to nor support said
3 River and the use of said ground waters is not subject to the
4 jurisdiction of this Court.

5                                          15.

6          That no prescriptive right to the use of the waters of
7 Murrieta or Temecula Creeks or their tributaries within the
8 ground water area or to any ground waters contained within the
9 younger or older alluvial deposits within said ground water area
10 exists.

11                                         16.

12          That except as provided by Finding of Fact 55 herein
13 there are no appropriative rights to the use of the surface
14 waters which flow over and upon any of the lands contained within
15 the ground water area or to the ground waters contained within the
16 younger or older alluvial deposits within said ground water area.

17

18                            INTERLOCUTORY JUDGMENT

19                                          1.

20          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all
21 ground waters contained within deposits of basement complex and
22 weathered basement complex within the ground water area are
23 vagrant, local, percolating waters which do not add to, support
24 nor contribute to the Santa Margarita River or its tributaries.

25                                          2.

26          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
27 rights of the owners of said lands referred to in paragraph 1
28 of this Interlocutory Judgment, and their heirs, successors and
29 assigns to the use of said ground waters are forever quieted in
30 them and against the United States of America and all other parties
31 having rights to the use of the waters of the Santa Margarita

                                       34

                                                             421

1 River or its tributaries, their heirs, successors and assigns.

2                                  3.

3        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

4 owners of said lands referred to in paragraph 1 of this Inter-

5 locutory Judgment, their heirs, successors and assigns, are

6 forever restrained from asserting rights in or to the waters

7 of the Santa Margarita River or its tributaries, excepting

8 rights to surface waters which flow over and upon said lands

9                                  4.

10        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

11 rights inter se of the owners of said lands referred to in para-

12 graph 1 of this Interlocutory Judgment to the use of the under-

13 lying vagrant, local, percolating ground waters have not been ad-

14 judged, determined or decreed in these proceedings.

15                                  5.

16        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

17 surface waters which flow over and upon any lands within the

18 ground water area as depicted on U. S. Exhibit 277 and described

19 in U. S. Exhibit 277A, which exhibits are herein incorporated by

20 reference, are a part of the Santa Margarita River and subject to

21 the continuing jurisdiction of this Court.

22                                  6.

23        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

24 lands listed by parcel numbers in Exhibit A as described in

25 Exhibit H, which exhibits are attached hereto and incorporated

26 herein by reference, have a correlative riparian right to the

27 use of the waters of Murrieta Creek.

28                                  7.

29        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

30 lands listed by parcel numbers in Exhibit B as described in Ex-

31 hibit H, which exhibits are attached hereto and incorporated

                                 35

1   herein by reference, have a correlative riparian right to the
2   use of the waters of Temecula Creek.

3                                   8.

4           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
5   lands listed by parcel numbers in Exhibit C as described in
6   Exhibit H, which exhibits are attached hereto and incorporated
7   herein by reference, have a correlative riparian right to the
8   use of the waters of Santa Gertrudis Creek.

9                                   9.

10          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
11  lands listed by parcel numbers in Exhibit D as described in
12  Exhibit H, which exhibits are attached hereto and incorporated
13  herein by reference, have a correlative riparian right to the
14  use of the waters of Warm Springs Creek.

15                                  10.

16          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
17  lands listed by parcel numbers in Exhibit E as described in
18  Exhibit H, which exhibits are attached hereto and incorporated
19  herein by reference, have a correlative riparian right to the
20  use of the waters of Cole Canyon Creek.

21                                  11.

22          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
23  lands listed by parcel numbers in Exhibit F as described in
24  Exhibit H, which exhibits are attached hereto and incorporated
25  herein by reference, have a correlative riparian right to the
26  use of the waters of Slaughterhouse Creek.

27                                  12.

28          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
29  lands listed by parcel numbers in Exhibit G as described in
30  Exhibit H, which exhibits are attached hereto and incorporated
31  herein by reference, have a correlative, riparian right to the

                                    36

                                                            423

1   use of the waters of Pechanga Creek.

2

3                   13.

4       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

5   lands described in Exhibit H attached hereto and incorporated

6   herein by reference have correlative overlying rights to the

7   use of the ground waters contained in the older alluvial de-

8   posits on said described lands.

9

10       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

11   correlative riparian rights to the use of the waters of Mur-

12   rieta Creek, Temecula Creek, Santa Gertrudis Creek, Warm Springs

13   Creek, Cole Canyon Creek, Slaughterhouse Creek and Pechanga

14   Creek, and the correlative overlying rights to the use of the

15   ground waters contained within the older alluvial deposits

16   which underlie the lands described in Exhibit H and all other

17   uses of such waters shall be and are subject to the continuing

18   jurisdiction of this Court.

19                 15.

20       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

21   issue of apportionment has not been presented and this Court has

22   taken no evidence directed to establishing whether the use of

23   any waters herein adjudged to be subject to the continuing

24   jurisdiction of this Court are reasonable or unreasonable as to

25   amount of water used in the light of correlative rights which

26   may exist as to such waters, and this issue is left open, is

27   not decided herein, and shall be litigated by this Court if and

28   when in the future it becomes necessary to do so.

29                 16.

30       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

31   smallest tract of land held under one chain of title, a part

1  of which abuts upon or is traversed by younger alluvial deposits
2  not heretofore specifically determined to be riparian to a
3  specific creek within said ground water area have correlative
4  riparian rights to the use of said waters and that said waters
5  contained within said younger alluvial deposits are subject to
6  the continuing jurisdiction of this Court; it is further ordered,
7  adjudged and decreed that this Court shall have jurisdiction to
8  make such findings in the future as may be necessary to settle
9  any dispute concerning the propriety of the use of said waters
10  and that said Court shall in the future refer to U. S. Ex-
11  hibits 277 and 15L to determine the location of said younger
12  alluvial deposits within said ground water area.

13                              17.

14         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
15  ground waters located northeast of Palomar Street and west of
16  Orange Street as those streets are presently depicted on
17  U. S. Exhibit 15L are not a part of the Santa Margarita River
18  nor do said ground waters add to, contribute to nor support
19  the said River.

20                              18.

21         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
22  rights of the owners of lands referred to in paragraph 17 of this
23  Interlocutory Judgment which overlie said ground waters, their
24  heirs, successors and assigns, to the use of said ground waters,
25  are forever quieted in them and against the United States of
26  America and all other parties having rights to the use of the
27  waters of the Santa Margarita River and its tributaries, their
28  heirs, successors and assigns.

29                              19.

30         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
31  owners of said lands referred to in paragraph 17 of this

                              38

                                              425

1 Interlocutory Judgment which overlie said ground waters, their

2 heirs, successors and assigns, are forever restrained from

3 asserting rights in or to the waters of the Santa Margarita River

4 or its tributaries, excepting rights to surface waters which flow

5 over and upon said lands.

6                                  20.

7             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

8 rights later be of the owners of said lands referred to in para-

9 graph IV of this Interlocutory Judgment to the use of the ground

10 waters contained therein have not been adjudged, determined or

11 decreed in these proceedings.

12                                  21.

13             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

14 there are no prescriptive rights to use any of the waters con-

15 tained in the younger or older alluvial deposits within the

16 ground water area or surface waters which flow over or upon any

17 of the lands within the ground water area.

18                                  22.

19             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ex-

20 cept as may be provided in factual statements set forth on the

21 exhibits attached to this Interlocutory Judgment or specifically

22 adjudged in other findings of fact and interlocutory judgments in

23 this cause, there are no appropriative rights to use the ground

24 waters contained within the younger or older alluvial deposits

25 within the ground water area or the surface waters which flow

26 over and upon any lands within said ground water area.

27                                  23.

28             IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based

29 upon the decision of the United States Court of Appeals for the

30 Ninth Circuit, California v. U.S., 235 F.2d 647, that this is not

31 a final decree but is interlocutory in character and by reason

39

426

1  f the Order by this Court that all parties are adverse, one to
2  the other, thus dispensing with cross pleadings, all parties to
3  this proceeding may object to these Findings of Fact, Conclusions
4  of Law and Interlocutory Judgment, and will be given full oppor-
5  tunity upon due notice to interpose their objections to these
6  Findings of Fact, Conclusions of Law and Interlocutory Judg-
7  ment prior to the entry of final judgment in this cause.

                        24.

9          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
10  Interlocutory Judgment is not appealable, is not final and shall
11  not be operative until made a part of the final judgment, and
12  this Court expressly reserves jurisdiction to modify or vacate
13  it, either upon its own motion or upon motion of any party to
14  this proceeding until such time as final judgment in this case
15  is entered.

16

17  Dated: _March 8 1962_        _James Carter_
                                        JUDGE
18

19

20

21

22

23

24

25

26

27

28

29

30

31

40

427

## PARCELS OF LAND RIPARIAN TO MURRIETA CREEK

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Abernathy, Daisy E. | 20-4-1-74 |
| Ackman, Dell | 19-42-48 |
| Allan, Anne N. | 19-42-68 |
| Allen, Mamie | 20-14-56 |
| Alvarez, Domingo & Mary N. | 20-14-73 |
| Andersen, Ruth | 20-14-95 |
| Andersen, Harold A. Jr., & Florence | 20-13-20 |
| | 20-13-21 |
| | 20-13-22 |
| Anderson, Paul H. & Helen I. | 20-5-104 |
| Andrews, Raymond D. & Loraine N. | 19-43-26 |
| Angus, Franklin R. & Frances G. | 20-4-45 |
| Anthony, Donald C. & Charlotte | 20-14-89 |
| Arnold, Floris | 19-42-46 |
| Arthur, Herbert C. & Margaret L. | 20-6-213 |
| Arviso, Rose | 29-13-42 |
| Averill, A. S. & Cecelia V. | 20-14-66 |
| Bacher, Frederick A. & Virginia Rogers | 20-5-133 |
| Ballard, Robert H. & Mary Elizabeth | 20-4-69 |
| Barnard, Fred Gardner Jr. | 20-5-130 |
| Barnard, Harriet L. Maryline | 20-5-130 |
| Barnard, Neva L. | 20-5-130 |
| Barnes, Finnis E. & Theresa Marie | 20-1-662 |
| Barnes, Kate | 20-1-666 |
| Barnes, William E. | 20-1-666 |
| Barnett, B. H. & Leone | 20-1-707 |

-1-

Interlocutory Judg #30
Exhibit A.

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Barnett, Ralph O. | 20-12-225 |
| Barth, L. V. &<br>Francis Marion | 20-1-700 |
| Bates, Ralph &<br>Effie Louise | 20-6-210 |
| Batson, Jesse & Helen | 20-1-676 |
| Beaver, Otto E. &<br>Grace V. | 19-45-96<br>19-45-98 |
| Bennis, K. V. &<br>Nina | 20-14-53 |
| Betschart, Joe F. | 20-16-114 |
| Bittikofer, C. E. &<br>Rita S. | 19-48-263 |
| Blackford, Henry E. &<br>Eleanor P. | 19-42-78 |
| Blackmore, Harvey &<br>Betty Jean | 20-6-214 |
| Boffa, Armand | 19-43-19 |
| Booth, Alberta Evanell | 20-13-31 |
| Borel, A. F. &<br>Louise | 20-14-69<br>20-14-70 |
| Boscacci, Richard, aka<br>Ricardo & Julia | 19-42-74<br>19-42-77 |
| Bricknell, Maureen | 20-2-728 |
| Brown, Andrew J. &<br>Myrtle | 20-5-111 |
| Brown, David A. &<br>Nancy Jane | 19-45-89 |
| Brown, Elbert E. &<br>Beulah W. | 20-5-126A |
| Brown, Melvin H. &<br>Margaret F. | 20-4-20 |
| Brown, Merritt H. | 20-5-113 |
| Brown, Rudolph J. &<br>Vita Elliott | 19-45-114 |
| Bryant, Edward | 20-6-211 |

Interlocutory Judg. #30      429
Exhibit A.

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Buchanan, James David | 20-4-26 |
| Buchanan, Maude M. | 20-4-26 |
| Buchanan, William F. & Gloria F. | 19-48-228 |
| Burt, David H. & Hazel I. | 20-5-107 |
| Bush, Lavern G. | 20-1-644 |
| Cacia, Nick | 19-48-223 |
| Cain, Carlington L. & Eunice | 20-4-6<br>20-4-8<br>20-4-10<br>20-4-56 |
| California, State of | 20-2-718 |
| California Water & Telephone Co. | 20-1-631<br>20-13-19A |
| Campbell, Roscoe D. & Dorothy H. | 20-4-1-78 |
| Cantarini, John Alvarez & Beatrice | 20-15-106 |
| Cantrell, Edith M. | 19-42-71 |
| Caringella, Joe & Dora | 19-48-200 |
| Carlson, Conrad H. | 19-42-53 |
| Carrillo, Refugia | 20-1-695 |
| Cass, Louis & Virginia N. | 20-12-226 |
| Cazas, Joseph | 20-13-32 |
| Cecchettini, Thomas V. Jr., & Adelaide | 20-4-66 |
| Charnock, Edward B. & Ann | 20-7-245 |
| Clark, Doris Isabelle | 19-42-41<br>19-42-54 |
| Cobbin, Albert A. & Ellen | 20-4-68 |
| Cockerline, Matthew J. & Nettie | 20-14-63 |
| Cohen, Max | 20-13-24 |
| Collier, Frank Elliott & Flora E. | 19-43-21 |

Interlocutory Judg. #30
Exhibit A.

430

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Combs, Jack LeRoy | 19-42-48 |
| Comparette, Homer L. & Lenuel A. | 20-4-48 |
| Contreras, George C. & Aveni M. | 20-4-29 20-4-37 |
| Cook, Raymond P. & Lois E. | 19-42-76 |
| Cooper, Jessie C. | 20-1-696 |
| Cooper, Walter & Leona | 19-45-113 |
| Coppel, Jacob Frank | 20-13-28 |
| Cotter, Nora | 20-1-664 |
| Coy, Alfred H. & Anna | 20-1-697 |
| Coy, Walter A. & Oleta S. | 20-1-698 |
| Crow, Reuben R. & Lydia M. | 20-1-653 |
| Crum, Lee | 20-14-80 |
| Cuccio, Peter A. | 20-6-202 |
| Curran, Marvin Duane & May Louise | 20-2-711 |
| Curtiss, Annie L. S. & William C. | 19-45-99 |
| Custer, William & Marilyn Moyer | 20-11-224 |
| Daily, Ross & Helen | 20-14-98 |
| Davis, Nathaniel A. & Creela | 20-4-18 |
| Dawes, Robert & Constance | 20-14-87 |
| DeArmond, Nathaniel E. & Katherine M. | 20-14-59 |
| Deering, Mary | 20-5-117 20-5-127 |
| DeLaite, John E. & Dorothy K. | 20-4-19 |
| Delgado, Andrew & Lydia | 20-13-36 |
| Delgado, Francisco | 20-13-40 |

-4-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| DeMund, William P. & Ione | 20-1-639 |
| Dillon, Harry Jerome & Bertrude E. | 19-45-111 |
| DiMaggio, Giovannina & Ruggiers | 20-14-76 <br> 20-14-77 |
| Dunham, Lucy A. & Lawrence | 20-1-693 |
| Dunham, Sarah A. | 20-1-656 |
| Durst, Moe & Agnes | 19-43-16 <br> 19-42-52 |
| Durst, Esther | 19-42-52 |
| Dutton, Cecil C. & Maudelene | 20-4-1 <br> 20-12-229 <br> 20-7-238 <br> 20-7-241 |
| Dyess, I. M. & Frieda | 20-1-685 <br> 20-1-705 |
| Elsenpeter, Clinton & Gertrude Hazel | 20-4-17 |
| Elsinore Union High School District | 20-13-29 |
| Eppard, William T. & Nancy N. | 19-43-12 <br> 19-42-43 |
| Escallier, Alex J. & Blanche | 20-13-33 |
| Escallier, Fernando C. & Francisco L. | 20-13-37 |
| Escallier, Joe L. & Grace | 20-13-48 |
| Evans, Dick & Audrey | 20-16-115 |
| Ferguson, Malvern | 20-14-81 |
| Firth, Berdell | 20-1-658 |
| Flores, Mary B. & Paul N. | 20-13-30 |
| Francisco, M. Robi E. | 19-43-27 |
| Freeman, Bessie L. | 19-42-40 |

-5-

Interlocutory Judg. #30
Exhibit A.

432

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Freeman, Dorothy, aka Hotchkiss | 20-14-90 |
| Freeman, Farel L. | 20-14-78 |
| Freeman, Harvey | 20-14-83<br>20-16-113 |
| Freeman, James L. | 20-14-83<br>20-16-113 |
| Freeman, Kenneth &<br>Ida Mae | 19-45-102 |
| Freeman, Phillip C. | 20-14-83<br>20-16-113 |
| Freeman, Russell O. &<br>Gladys E. | 20-4-50<br>19-42-61<br>19-42-65 |
| Freeman, Thomas Asa &<br>Thelma Lillian | 20-1-655 |
| Friedman, William M. &<br>Jessie E. | 20-14-99 |
| Friedman, William R. & Patricia | 20-14-67 |
| Frohlick, Elbert S. | 20-1-692 |
| Frohlick, Josie V. | 20-1-692 |
| Frontino, Frank &<br>Nellie R. | 19-43-25 |
| Fulk, Ray E. | 19-48-258 |
| Gagnon, Edward F. &<br>Priscilla I. | 19-46-121 |
| Gagnon, Louis D. &<br>Catherine I. | 20-1-643 |
| Gagnon, Robert R. | 20-1-646 |
| Gardner, Bessie Mize | 20-5-125 |
| Garland, Hugh W. &<br>Frances Helen | 20-4-35 |
| Garrison, John M. &<br>Sadie F. | 20-4-70<br>20-5-109 |
| Gatson, Peter J. &<br>Etta H. | 20-1-667 |
| Gehring, Henry E. & Loretta M. | 20-1-686 |
| Gibson, James Laurence &<br>Ethel Doolittle | 19-42-66 |

-6-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Gleason, Charles A. & Lena L. | 19-42-62 19-42-63 |
| Goodwin, Walter Thomas & Mary Jane | 20-5-100 |
| Goveia, Dixie V. | 20-13-25 |
| Goveia, Paul E., Jr. & Phillip E. | 20-13-25 |
| Grah, Harry M. & Lucienne | 20-6-207 |
| Gregory, Alfred A. & Irma L. | 20-14-86 |
| Grow, Orville T. & Della V. | 19-43-12 19-42-43 |
| Gwinn, W. A. & Louise | 20-4-40 |
| Haley, William Howard & Isabel F. | 20-14-97 |
| Hallberg, Donald H. & Solidad | 20-6-212 |
| Hamilton, Rhina | 20-12-227 20-1-645 |
| Hanks, Robert M. & Virginia M. | 20-14-82 |
| Hardeman, J. H. & Dora D. | 19-45-91 |
| Harris, Edison & Frances A. | 20-7-239 |
| Hartman, Georgina Lewis | 19-48-224 19-48-244 |
| Hartman, Jessie B. | 20-14-56 |
| Hatfield, Royal M. & Marjorie E. | 20-4-5 |
| Hathaway, S. J. & Edith H. | 20-14-72 |
| Hathaway, Silas M. & Chirley J. | 20-4-38 |
| Hazard, Edward J. & Ellen T. | 19-42-60 |
| Heath, James B. | 20-13-34 |
| Heim, Charles W. & Genevieve M. | 19-45-92 20-4-99 |

-7-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Higlee, William J. & Merlyn S. | 20-5-132 |
| Historical Society of Murrieta | 20-1-659 |
| Honberger, Agnes F. | 20-14-83<br>20-16-113 |
| House, Gordon D. & Virginia C. | 20-4-25 |
| Houston, Scottie E. & Marjorie | 20-1-684<br>20-1-688 |
| Howard, A. T. & Lula Grace | 20-1-707 |
| Howell, Ada S. & George A. F. | 20-4-30<br>20-4-31<br>20-4-39<br>20-4-67 |
| Hunter, Viola M. | 19-42-67 |
| Hutson, Wayne O. & Rose C. | 19-45-98<br>19-45-100 |
| Inchausti, John | 20-6-208 |
| Irwin, Leslie & Clara | 20-14-100 |
| Jennings, Ida J. | 20-1-666 |
| Jensen, Murrel C. & Victoria | 20-1-641 |
| Johnson, Mabel L. | 20-1-702 |
| Johnson, Raymond & Hazel Irene | 20-1-670 |
| Jones, Cassie E. & Lorraine L. | 19-43-13 |
| Jones, William C. & Irma L. | 20-1-633<br>20-1-634 |
| Joy, Walter Lewis | 20-7-240 |
| Kaser, Frank L. & Elizabeth M. | 19-42-56 |
| Katz, Louis & Esther | 19-48-262 |
| Katz, Mary | 20-13-24 |

-8-

Interlocutory Judg. #30
Exhibit A.

435

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Kaufman, Hattie | 20-1-652 |
| Kelly, James P. | 20-14-88 |
| Kennison, Raymond Arthur aka Ray A. & Marcelle | 20-13-27 |
| Kerdraon, Harry F. & Helen R. | 20-4-43 |
| Kimball, Carolyn | 20-13-38 |
| King, Charles & Mae E. | 20-4-2<br>20-4-3<br>20-12-230 |
| Klyne, A. F. & Temple Annie | 20-6-206 |
| Knott, Alfred & Freda | 20-13-39<br>20-13-45<br>20-14-54 |
| Knott, Vernon C. & Annie J. | 20-13-43<br>20-14-57 |
| Konkle, Charles F. & Barbara | 19-42-77 |
| Kornitsky, Katherine A., aka Weeks | 20-5-105 |
| Kreis, Laura Bella | 20-2-720 |
| LaFevre, Feron & Melissa | 20-5-108 |
| Larsen, Ole E. & Naomi | 20-14-58 |
| Latz, Clarence E. & Margaret E. | 19-43-35 |
| Leatham, Herbert | 20-14-62 |
| LeClare, Grace & Francis J. | 20-14-64 |
| Leslie, Charles E. & Faye R. | 20-4-44 |
| Lewis, Walter K. & Carol | 19-48-224<br>19-48-244 |
| Liefer, R. Ray & Cleo M. | 20-14-103 |
| Lincoln, Ernest & Julia | 20-11-223<br>20-12-227 |

Interlocutory Judg. #30     436
Exhibit A.

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Lincoln, Rhina | 20-11-223 |
| Lloyd, Nettie M. & Hollie C. | 20-4-55 20-1-679 |
| Lopez, Salvador | 20-13-19B |
| Luther, Harold M. & Dorothy | 19-48-238 |
| Lyell, George E. & Helen A. | 19-43-22 |
| McCracken, Newell | 20-1-638 |
| McCutchen, James R. & Bessie M. | 20-1-661 |
| McGhee, Patricia | 20-1-672 |
| MacDonald, Leonard | 20-14-84 |
| Machado, M. | 20-14-55 |
| MacLeod, Norman | 20-1-682 |
| Macy, Alda A. | 19-43-24 |
| Macy, Amorita N. | 19-43-15 19-43-23 |
| Magee, Louisa | 20-13-32 |
| Malner, Edward & Nellie B. | 20-5-121 |
| Malone, Irma M. | 20-4-22 20-4-23 |
| Mance, Mike & Lillian L. | 20-2-709 |
| Mansfield, J. C. | 19-42-72 |
| Margolis, Abraham & Pauline | 29-4-47 |
| Martin, John & Mary A. | 20-14-102 |
| Martin, Nettie Annette | 20-1-673 |
| Martin, Thomas | 20-2-708 |
| Martin, Wanda L. & Francis D. | 20-1-652 |
| Mason, Zalia K. | 20-5-124 20-7-246 |

-10-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Matteson, Lotta M. | 20-1-675 |
| Matz, Joe & Agnes O. | 20-5-117<br>20-5-127 |
| Mays, Fred G. &<br>   Carrie C. | 20-4-4<br>20-4-12-<br>20-4-34 |
| Mazacro, Filamena | 19-48-225<br>19-48-226B |
| Melton, Mary M. | 20-4-55 |
| Metcalf, Marion &<br>   Lela | 19-48-229 |
| Methodist Episcopal Church<br>   of Murrieta | 20-1-663 |
| Miller, Jack C. | 20-14-85 |
| Mitnick, Louis &<br>   Rose | 19-42-52 |
| Mize, Ray Verner | 20-5-120 |
| Mobley, Elizabeth P. | 20-14-83<br>20-16-113 |
| Moore, Mrs. C. Belle | 19-42-59 |
| Morrow, Howard &<br>   Betty | 20-5-128 |
| Mosley, Wilburn &<br>   Dorothy Pauline | 19-48-229 |
| Munoa, Louis John | 20-2-729<br>20-14-96 |
| Murrieta School District | 20-1-704<br>20-1-706 |
| Murrieta Union Church | 20-1-637 |
| Myers, Harry A. | 20-1-636 |
| Nieder, Peter J. | 19-42-55 |
| Nielsen, Walter R. &<br>   Alice E. | 20-4-15 |
| Oakley, Michael J. &<br>   Monica V. | 20-5-131 |
| Ogle, Warren J. &<br>   Louise C. | 20-5-118 |

-11-

Interlocutory Judg. #30
Exhibit A.

438

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Olivera, Joseph G. & Josie H. | 20-1-694 |
| Otto, Albert & J. Christine | 20-14-75 |
| Otto, Vernon A. & Elizabeth J. | 20-14-92 |
| | 20-14-101 |
| Owen, Douglas E. | 20-4-7 |
| | 20-4-9 |
| | 20-4-54 |
| Paddock, George H. | 20-1-658 |
| Palmer, O. J. | 19-42-51 |
| Parker, Dorothy F. | 20-14-83 |
| | 20-16-113 |
| Parry, Glenn E. & Lucille | 19-48-259 |
| Pearl, Roland E. & Patricia | 20-11-224 |
| Perry, Jane A. | 20-7-234 |
| Perry, Moses E. & Annette L. | 20-4-21 |
| Peterson, Linden W. & Velma H. | 20-14-93 |
| Phillips, Robert & Leah | 19-43-14 |
| Philo, Frank A. & Kate D. | 20-4-58 |
| Plam, Bertha | 19-42-47 |
| | 19-42-69 |
| | 20-13-49 |
| | 20-7-721 |
| Postel, Waldo F. | 20-1-703 |
| | 20-2-726 |
| Potter, Charles D. & Esta Mae | 20-5-103 |
| Potter, Elmer & Lucille | 19-45-105 |
| Provolt, Myrtle A. | 20-4-57 |
| Pruett, Jim R. & Eva O. | 20-5-106 |
| | 20-5-112 |
| Publix Title Co. | 19-42-80 |

Interlocutory Judg. #30
Exhibit A.

439

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Rail, Ira O. &<br>    Marion O. | 20-1-669<br>20-1-671 |
| Rail, J. C. | 20-13-44 |
| Rail, O. R. &<br>    Hazel F. | 20-6-209 |
| Ramirez, Federico &<br>    Josephine | 20-14-74 |
| Ranch Development Corp., | 20-2-719 |
| Randolph, Randy &<br>    Barbara | 19-45-115 |
| Rasch, Erwin E. &<br>    Mary L. | 20-5-102 |
| Redman, Ralph W. &<br>    Walter H. | 19-42-51 |
| Reiman, Verne D. &<br>    Marie J. | 19-45-93 |
| Ribaudo, John &<br>    Mary | 19-48-219<br>19-45-94 |
| Richmond, James A. | 20-1-636 |
| Rieder, Karl &<br>    Ida G. | 20-4-1-73<br>20-2-710 |
| Riverside, County of | 20-4-13 |
| Rodriquez, John R. &<br>    Socorro | 19-43-34 |
| Roman Catholic Bishop of Monterey<br>    & Los Angeles | 20-13-50 |
| Roman Catholic Bishop of San Diego | 20-13-51 |
| Roripaugh, Leo E. & Marian E. | 20-12-226 |
| Rowden, E. W. &<br>    Eunice L. | 29-1-668 |
| Rubbert, Martin A. &<br>    Loretta E. | 19-42-49<br>19-45-88<br>19-45-101 |
| Rush, Mary C. | 20-13-32 |
| Russell, DeEtta, aka Carlin | 19-42-58 |

-13-

Interlocutory Judg. #30
Exhibit A.

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Sager, Thomas L. & Joanna A. | 19-43-28 |
| Salas, Frank R. & Mae | 20-13-35 |
| Samaniego, Pat F. & Vera D. | 20-2-713 |
| San Pedro, Robert & Marjorie Doris Latz | 19-43-35 |
| Sayer, Stanley & Ruth | 20-1-674 |
| Schleuniger, Arnold & Elsie B. | 19-45-105 |
| Schmitz, James N. & Josephine M. | 20-5-115 |
| Schroeder, Anna P. | 20-1-660 |
| Schroeder, Walter A., Jr. & Jeanette H. | 20-13-26 |
| Schwann, Edward Dale & Effa Mae | 20-4-51 |
| Seed, Erla L. | 19-42-73 |
| Shaw, Anna Marea | 19-45-112 |
| Shirley, Winston Hale | 20-13-47 |
| Slagle, Myron G. | 20-7-722 |
| Small, Eugene Lee | 20-1-648 20-1-649 |
| Smith, G. A. | 19-42-64 |
| Smohl, Leonard O. & Ethel L. | 20-1-683 |
| Sotello, Alfred | 20-1-689 20-2-714 |
| Sotello, Jessie | 20-2-715 |
| Southard, Roy W. & Edna N. | 20-4-60 |
| Spore, C. J. & Jeanie | 19-42-70 19-48-227 19-48-260 |
| Staufer, Ivan | 20-4-24 |
| Steinberg, Samuel | 20-8-474 |

-14-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Stephens, Sydney T. & Anna Josephine | 19-43-29 |
| Stollar, Cora B. | 20-1-629 |
| Stone, Mack & Hazel | 20-6-208 |
| Strang, Joseph & Eula | 20-1-681 |
| Strobel, Ruth Johnson | 19-43-32 |
| Stubblefield, Augusta | 20-14-79 |
| Swain, Rex & Lottie | 20-5-110 |
| Swanguen, Carl R. & Edna C. | 20-14-60 |
| Sykes, Amos J. & Dovie M. | 20-4-52<br>20-12-232<br>20-7-233<br>20-7-235 |
| Talley, Jack & Mary | 20-14-71 |
| Tarwater, Benjamin W. & Clara I. | 20-4-60<br>20-7-242 |
| Tarwater, Urban K. & Rose C. | 20-4-60<br>20-12-231<br>20-7-242<br>20-1-635<br>20-1-654<br>20-14-68 |
| Tauber, Nellie K. | 20-1-691 |
| Taylor, Burt | 19-45-90 |
| Taylor, Howard A. & Elinore E. | 20-14-104 |
| Temecula Samaritan Society | 20-13-41 |
| Termine, Sam & Sarah | 20-5-116 |
| Thompson, Clifford J. & Allie J. | 20-1-632 |
| Thompson, H. C. | 20-1-632 |
| Thompson, Paul H. & Mary M. | 20-5-101<br>20-5-122<br>20-1-630 |

Interlocutory Judg. #30
Exhibit A.
442

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Thompson, Raymond I. &<br>    Octavia | 20-5-123 |
| Thompson, Willis A., Jr. &<br>    Frances F. | 20-4-53<br>20-5-119<br>20-5-126 |
| Thompson, Willis A. &<br>    Nellie Thorne | 20-4-53<br>20-5-119<br>20-5-126 |
| Throop, George E. &<br>    Rosaline | 20-1-699 |
| Rirk, Patricia | 20-4-16 |
| Tongway, John M. | 20-6-203 |
| Tordoff, Alfred W. &<br>    Mary E. | 20-4-11 |
| Tremblay, Leo G. &<br>    Maryon | 20-5-129 |
| Turner, Charles W. | 20-4-32,<br>20-4-33<br>20-4-36 |
| Turner, Wyman E. &<br>    Elizabeth M. | 19-43-33<br>19-48-226 |
| Union Title Ins. & Trust Co. | 20-14-61 |
| Ussery, Edith M. &<br>    Orie A. | 20-12-228 |
| Utt, Florence G. | 20-1-695 |
| Vail Co. Inc. | 20-13-19<br>20-14-52<br>20-14-94<br>20-14-105<br>20-15-108<br>20-17-116<br>20-18-122<br>Santa Rosa Rancho |
| Van Hoy, Carl M. &<br>    Maude J. | 20-2-723 |
| Vose, Raymond S. &<br>    Alice | 20-1-687 |
| Waddell, Malcolm M. &<br>    Margaret M. | 20-18-124 |
| Wagnon, Patricia Ruth | 20-4-27 |

-16-

Interlocutory Judg. #30443
Exhibit A.

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Watkins, John H. & Laura Trout | 20-1-647 |
| Watts, Rena | 19-43-17 |
| Wayne, Mary Helen Collier & Robert | 19-43-21 |
| Weber, R. P. | 19-46-120 |
| Webster, Edward L. & Helen B. | 19-42-79 |
| Wells, Orven E. & Leona W. | 20-13-46 |
| Wetzel, Winona | 20-1-702 |
| White, Forrest Lynn & Mabel Irene | 20-14-91 |
| Whittlesey, Verne D. & Marie J. | 20-5-114 |
| Wickerd, Cora R. | 19-42-57 |
| Wickerd, Harold R. & Phronia P. | 19-42-75 |
| Wildomar School District | 19-43-31 |
| Wilks, Howard & Elsie | 19-45-97<br>19-45-97A |
| Wilks, Richard Jr. | 19-45-97 |
| Wilks, Thomas E. & Luella M. | 19-45-95A |
| Wilks, Thomas H. & Theresa | 20-12-231<br>19-43-30<br>19-45-95 |
| Williams, Bertrand O. | 20-4-41<br>20-1-690<br>20-2-725 |
| Williams, Clarence F. Jr. | 19-42-38 |
| Williams, D. W. | 20-1-690<br>20-2-725 |
| Williams, Genie E. | 20-1-651 |
| Williams, Gladys K., aka Walker | 20-1-690<br>20-2-725 |

-17-

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Williams, H. E. | 20-2-717 |
| Wilson, John E. & Pauline C. | 19-43-20 |
| Winter, Harry C. &<br>   Florence W. | 20-1-640<br>20-1-642<br>20-1-677 |
| Winter, Warren S. | 20-1-678<br>20-1-665. |
| Witcher, Cora May | 20-1-673 |
| Wolford, Richard F.&<br>   Lucille G. | 19-45-103 |
| Wolverton, LeRoy E. &<br>   Elsie W. | 20-13-23 |
| Wood, Mildred Bellamy | 19-42-50 |
| Wright, Lewis J., Jr. &<br>   Gloria A. | 20-4-42 |
| Yezdan, Jo Alice | 20-1-690<br>20-2-725 |
| Yost, Forest Lee | 20-14-65 |
| Young, Jerry &<br>   Alice Elma | 20-1-650<br>20-1-657<br>20-1-680<br>20-1-701<br>20-2-712<br>20-2-716 |
| Young, Ted | 20-2-724 |
| Young, Violet M. | 20-1-636 |
| Zimarik, Emil & Alda | 20-2-727 |

Interlocutory Judg. #30
Exhibit A.

PARCELS OF LAND RIPARIAN TO TEMECULA CREEK

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Leak, Herbert J. &<br>Gennell M. | 20-17-120 |
| Vail Co. Inc. | 20-17-116<br>(Temecula)<br>20-21-127<br>(Temecula)<br>20-32-128<br>(Little Temecula)<br>Pauba Rancho |

-1-

Interlocutory Judg. #30
Exhibit B.

446

PARCELS OF LAND RIPARIAN TO SANTA GERTRUDIS CREEK

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Barnett, Ralph O. | 20-12-225 |
| Caas, Louis & Virginia M. | 20-7-306 |
| | 20-7-307 |
| | 20-7-313 |
| | 20-7-392 |
| | 20-7-395 |
| | 20-7-396 |
| | 20-8-522 |
| | 20-8-562 |
| | 20-12-226 |
| | 72W-20-151 |
| Coas, Albert N. & Maxine | 20-8-571 |
| | 20-8-608 |
| Nicolas, Seraphina | 72W-19, 20, 29, 30-150 |
| Ramsay, Margaret Roripaugh | 20-7-311 |
| Roripaugh, John E. & Pearl A. | 20-7-309 |
| | 20-7-310 |
| Roripaugh, Leo E. & Marian E. | 20-7-306 |
| | 20-7-307 |
| | 20-7-313 |
| | 20-7-392 |
| | 20-7-396 |
| | 20-8-522 |
| | 20-8-562 |
| | 20-12-226 |
| | 72W-20-151 |
| Shamel, Jennings B. & Ruth T. | 20-7-312 |
| | 20-7-393 |
| | 20-7-394 |
| Vail Co., Inc. | 20-19-125 |
| | 20-20-126 |

Interlocutory Judg. #30
Exhibit C.

447

PARCELS OF LAND RIPARIAN TO WARM SPRINGS CREEK

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Alderson, Douglas &<br>    Ingered | 20-7-1-422 |
| Anderson, Jack E. | 20-7-1-453 |
| Barnett, Francis L. | 20-7-1-445 |
| Bawden, Marietta Eleanor | 20-7-1-423 |
| California, State of | 20-7-1-410 |
| Carter, Charles C. &<br>    Ada B. | 20-7-446 |
| Cass, Louis &<br>    Virginia N. | 20-7-302<br>20-7-313<br>20-7-1-444 |
| Chaffey, Robert P. &<br>    Lucille H. | 20-7-1-447 |
| Citizens National Trust & Savings<br>    Bank of Riverside | 20-8-536 |
| Davis, Nathaniel A. &<br>    Creela | 20-8-469 |
| Dimm, Dorothy L. | 20-7-1-452 |
| Ellis, Fred | 20-7-1-407 |
| Erhart, Eva M. | 20-7-1-454 |
| Hagland, Phyllis L. | 20-7-1-453 |
| Hall, George T. &<br>    Bertha | 20-7-303 |
| Hamilton, Rhina | 20-12-227 |
| Happe, Carrie | 20-7-1-458 |
| Harvey, Leonard N. | 20-7-1-429 |
| Hummel, Gerald Murray Watson &<br>    Ida Winifred | 20-7-1-430 |
| Inrig, Stanley | 20-7-1-424 |
| James, William C. &<br>    Irma | 20-7-1-406 |
| Joy, Walter Lewis | 20-7-236 |
| King, Charles &<br>    Mae E. | 20-12-230 |

-1-

Interlocutory Judg. #30<br>Exhibit D.

448

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Lincoln, Ernest & Julia | 20-12-227 |
| Logan, F. M. T. | 20-7-1-433 |
| Mac Adam, Edward H. & Rhea F. | 20-7-1-428 |
| Nicholson, Harold E. & Laura M. | 20-7-1-448 |
| Page, Mabel | 20-7-1-456 |
| Pearce, William John | 20-7-1-421 |
| Perry, Jane A. | 20-7-234 |
| Pinkham, Clarence I. & Annie E. | 20-7-1-456 |
| Pollard, Arthur Vivian & Hilda | 20-7-1-420 |
| Roripaugh, Leo E. & Marian E. | 20-7-302<br>20-7-313<br>20-7-1-444 |
| Sacknovitz, Irving | 20-8-475 |
| Salmon, Ernest & Muriel | 20-7-1-408 |
| Sceats, Hubert J. | 20-7-1-409 |
| Security First Nat'l Bank of Los Angeles in Trust for Bond, Barry Murray | 20-7-1-436 |
| Sigaut, Etienne & Agnes Virginia | 20-7-1-431 |
| Sykes, Amos J. & Dovie M. | 20-12-232<br>20-7-233<br>20-7-235<br>20-7-237<br>20-7-300 |
| Tangway, John M. & Alice E. | 20-8-474 |
| Tarvater, Benjamin W. & Clara I. | 20-7-1-445 |
| Tarvater, Urban K. & Rose C. | 20-12-231<br>20-7-314 |
| Temecula Rancho, a partnership | 20-8-535 |

-2-              Interlocutory Judg. #30
Exhibit D.

449

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Thompson, Robert K. | 20-7-1-455 |
| Turner, James & Ada M. | 20-7-1-427 |
| Ussery, Edith M. & Orie A. | 20-12-228 |
| Vellacott, Roy T. | 20-7-1-449 |
| Wilks, Thomas H. & Theresa | 20-12-231 20-7-314 |
| Winter, Harry C. & Florence Warren | 20-7-315 |
| Yoder, M. J. & Anita S. | 20-8-537 |
| Ziegler, Olivia M. | 20-7-1-457 |

-3-

Interlocutory Judg. #30
Exhibit D.

450

PARCELS OF LAND RIPARIAN TO COLE CANYON

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Sykes, Dovie M. | 20-4-52 |
| Thompson, Willis A. & Nellie Thorne | 20-4-53 |
| Thompson, Willis A. Jr., & Frances F. | 20-4-53 |
| Vail Co. Inc. | Santa Rosa Rancho |

Interlocutory Judg. #30
Exhibit E

451

PARCELS O LAND RIPARIAN TO SLAUGHTERHOUSE CANYON

APPARENT OWNER

PARCEL NUMBER

Dillon, Harry Jerome &
    Gertrude E.

19-45-111

Vail Co. Inc.

Santa Rosa Rancho

## PARCELS OF LAND RIPARIAN TO PECHANGA CREEK

| APPARENT OWNER | PARCEL NUMBER |
|---|---|
| Bethel, Agnes H. | 82W-29-32 |
| Gardner, Erle Stanley | 82W-33-31 |
| Moore, Walter E. & Ruth S. | 82W-34-35 |
| Querry, Frank O. & Odessa D. | 20-32-131 (82W-29 & 30-11) |
| Simonelli, Bartolomeo & Clara H. | 20-32-130 (82W-30-43) |
| Simonelli, Pauline K. aka Wolf | 20-32-130 (82W-30-43) |
| United States of America | Pechanga Indian Reservation |
| Vail Co. Inc. | 20-17-116<br>20-32-128<br>Por of Sec. 28, T8S, R1W within Vail Ranch |

RIPARIAN AND OVERLYING LANDS WITHIN MURRIETA-TEMECULA GROUND WATER AREA

## Climate and Duty of Water

### Climate

Climate in the Murrieta-Temecula Ground Water Area is semiarid, with warm to hot, dry summers and cool and generally moist winters. Rainfall usually occurs during the period from the first of November to the first of April. There are occasional rain showers during the irrigation season which is roughly from April first through October. As a consequence, the period of the greatest demand for water is the period of shortest supply, whereas the period of greatest supply occurs when the demands are very slight. Freezing temperatures or below freezing temperatures may occur during the period from November to April of each year.

### Water Duty

Under present conditions and generally, a reasonable water duty for the crops which may be raised in the Murrieta-Temecula Ground Water Area is as follows:

|  | Irrigation Requirements Acre-feet Per Acre Per Year |
|---|---|
| Row Crops | 4.00 |
| Irrigated Pasture | 3.83 |
| Citrus | 1.86 |

To the irrigation requirements shown above, there should be added 10% for delivery losses. That type of loss occurs between the point of supply and the point of use.

RIPARIAN AND OVERLYING LANDS WITHIN MURRIETA-TEMECULA GROUND WATER AREA

Parcel 19-44-1

Exhibit No.   207D

Lots 1 & 6, Blk O, Santa Rosa Add to Wildomar.

Apparent Owner:   ROMOCEAN, George & Goldie

Gross Acreage      1.5                          Wells:

Irrigable Acreage  1.5

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 19-44-2

Exhibit No.  207D
                                                                    15H

Lots 2 through 5 & 7 through 19, Blk O, Santa Rosa Add to Wildomar

Apparent Owner:   RIZZO, Charles I.

Gross Acreage      42.0                          Wells:  6S4W-33H1 - Domestic

Irrigable Acreage  42.0

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 19-44-3 & 19-48-256

Exhibit No.  207D
                                                                    15H

3- Lots 20 through 23, Blk O, Santa Rosa Add to Wildomar. Also, SE¼ of SE¼
   Sec. 33, T6S, R4W, being por of Out Lot 1, Blk T, Santa Rosa Add to Wildomar.
   Also, NE¼ of NE¼, Sec 4, T7S, R4W, being por of Out Lot 2, Blk T, Santa Rosa
   Add to Wildomar. Also, NW¼ of NW¼, Sec. 3, T7S, R4W, being por Out Lot 4,
   Blk T, Santa Rosa Add to Wildomar. Also, Out Lot 3, Blk T, Santa Rosa Add
   to Wildomar.
256- NWly 7.79 acres, Lot 22, Blk K, Rancho La Laguna

Apparent Owner:   PHILLIAN, Alexander John

Gross Acreage      181.8                         Wells:  6S4W-34M1 - Domestic

Irrigable Acreage  181.8

Irrigated Acreage  Unknown

Surface Diversions:

-1-

Interlocutory Judg. #30
Exhibit H.

455

Parcel 19-44-4                                                      Exhibit No. 207D

    Lots 24, 25, 27, 28, Blk O, Santa Rosa Add to Wildomar.

Apparent Owner:    STUHR, Carl C. & Helen I.

Gross Acreage        8.6                              Wells:

Irrigable Acreage   8.6

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 19-44-5                                                      Exhibit No.  207D

    Lot 26, Blk O, Santa Rosa Add to Wildomar

Apparent Owner:    MESSER, Nicholas

Gross Acreage        4.8                              Wells:

Irrigable Acreage   4.8

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 19-44-6 & 19-48-261                              Exhibit No.  207D
                                                                         15H

  6-.  Lots 29 & 32, through 35, Blk O, Santa Rosa Add to Wildomar
261-  Lot 26, Blk K, Rancho La Laguna

Apparent Owner:    STREETER, Ernest F. & Helen M.
                   JAMES, Reinhold R. & Velma F.

Gross Acreage        16.6                    Wells: 6S4W-34L2 - Domestic

Irrigable Acreage   16.6

Irrigated Acreage   Unknown

Surface Diversions:

Interlocutory Judg. #30
Exhibit H.
456

Parcel 19-44-7 & 19-42-81                     Exhibit No.  207D
                                                                        15H

  7-  Lots 36 & 37, Blk O, Santa Rosa Add to Wildomar
  81-  Lots 1 through 24, Blk 1, J. C. Austin's 1st Add to Wildomar

Apparent Owner:    COPELAND, Cecil & Wahnetta

Gross Acreage     7.3                         Wells: 6S4W-34Q3 -

Irrigable Acreage  7.3

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 19-44-8                             Exhibit No.  207D

    NWly 177.25' of Lots 30 & 31, Blk O, Santa Rosa Add to Wildomar

Apparent Owner:    HUDSON, Grace A.

Gross Acreage     2.2                         Wells:

Irrigable Acreage  2.2

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 19-44-9                             Exhibit No.  207D

    Lots 30 & 31, Blk O, Santa Rosa Addition to Wildomar, EXC NWly 177.25'
  thereof.

Apparent Owner:    HUDSON, Dale H.

Gross Acreage     2.2                         Wells:

Irrigable Acreage  2.2

Irrigated Acreage  Unknown

Surface Diversions:

457

. Interlocutory Judg. #30
Exhibit H.