

LODGED

MAY 8 - 1962

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

       vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al.,

               Defendants.

No. 1247-SD-C

FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
INTERLOCUTORY JUDGMENT NO. 35

(VAIL COMPANY)

FINDINGS OF FACT

-1-

    The defendant Vail Company is a Nevada Corporation
doing business in the State of California and are the owners
of all lands and real property hereinafter described as Lands
of Vail Company or Vail Company Lands and that all persons
named as defendants, whom plaintiff proceeded against, as
having an interest in said Vail Company including:

        Vail Company, an association of persons

        transacting business under the Common names

        of N. R. Vail, Mary Vail Wilkinson, Mahlon

        Vail and Margaret Vail Bell, as trustees of

        said Vail Company.

        Mahlon Vail, Trustee      Vail Co., a Corporation

| | | |
|---|---|---|
| 1 | Edward N. Vail, Trustee | Vail Company |
| 2 | Nita M. Vail, Trustee | N. R. Vail |
| 3 | Mary Vail Wilkinson, Trustee | Mary Vail Wilkinson |
| 4 | Margaret Vail Wise, Trustee | Mahlon Vail |
| 5 | Margaret Louise Vail | Margaret Vail Bell |
| 6 | Russell Vail | |

7 have such interest if any, only as members of said

8 Vail Company, a Nevada Corporation, and that herein

9 in these findings Vail Company shall mean Vail

10 Company, a Nevada Corporation, and the term

11 Vail Company, as used in these findings, shall

12 apply to and include any and all persons claiming

13 any interest in lands or property hereinafter

14 described as Lands of Vail Company or Vail Company

15 Lands.

16 <u>VAIL COMPANY LANDS</u>

17 -2-

18 The major portion of lands of Vail Company are contained

19 in four land grants known as Pauba Rancho, Temecula Rancho,

20 Little Temecula Rancho and Santa Rosa Rancho.

21 -3-

22 All lands of Vail Company, as shown on Vail Company

23 Exhibit "U", incorporated herein by reference, on the Pauba Rancho,

24 Temecula Rancho and Little Temecula Rancho are contiguous each

25 with the other, and the lands within the boundaries of the Santa

26 Rosa Rancho are contiguous with those lands within the boundaries

27 of Temecula Rancho.

28 -4-

29 Certain lands of the Vail Company in the Temecula Rancho

30 have been referred to in maps, title descriptions and recorded

31 - - - -

1  documents with legal descriptions referring to Pauba Land and
2  Water Company, tract or subdivision.

3                          PAUBA RANCHO

4                             -5-

5          The Pauba Rancho was created by a grant from the
6  Republic of Mexico to Vincente Morajo on February 4, 1846.
7  Thereafter, said grant was confirmed and the United States of
8  America on January 19, 1860, issued its patent (1-45-S.D.) on
9  the above referred to original grant and recorded April 21, 1869,
10 as described on map of the "Ranchos Temecula and Pauba" Book 13,
11 Page 601 Records of San Diego County.

12                             -6-

13         All of the Pauba Rancho is owned by Vail Company
14 and said Rancho has been held in a continuous and unbroken
15 chain of title from the issuance of the original grant from the
16 Republic of Mexico to the present time.  Said Rancho is held
17 in fee simple and at no time has been severed, divided or
18 parted.

19                        TEMECULA RANCHO

20                             -7-

21         The Temecula Rancho was first created by grant from
22 the Republic of Mexico to Felix Valdez on December 14, 1844.
23 Thereafter, said grant was confirmed and the United States of
24 America on January 18, 1860, issued its patent (1-37-S.D.)
25 recorded on April 1, 1869; portions of the Temecula Rancho are
26 described on "Map of Subdivision of Lands of Pauba Land and
27 Water Company" recorded on March 15, 1888, in Book 11, Page 507
28 Records of San Diego County.

29                             -8-

30         That except for the Townsite of Temecula and Lot 25,
31 a portion of Lot 26, Lot 27 and Lot 28, all in Block 1, Lots 6

1 and Lot 7 in Block 3, the South Half (S½) of Lot 15, and Lot 16
2 in Block 1, all of said lots being designated and depicted on
3 Exhibit "U", incorporated herein by reference, Vail Company has
4 owned in a continuous and unbroken chain of title from the
5 issuance of the original grant from the Republic of Mexico to
6 the present time all of the lands in the Temecula Rancho as
7 depicted on Vail Company Exhibit "U" as "Pauba Land and Water
8 Company."  Said lands of the Vail Company on the Temecula Rancho
9 are held in fee simple and no part of said lands have at any time
10 been severed, divided or parted.

11                     LITTLE TEMECULA RANCHO
12                          -9-
13          The Little Temecula Rancho was first created by grant
14 from the Republic of Mexico to Pablo Apis on May 7, 1845.
15 Thereafter said grant was confirmed and the United States of
16 America on January 8, 1873, issued its patent (1-182-S.D.)
17 founded on the original grant as described on "Partition Map
18 of the Little Temecula Rancho", filed with the County Clerk
19 of San Diego, in Action No. 5756 in the Superior Court of said
20 County.
21                          -10-
22          The Vail Company owns Lots A, B, C, and D of the
23 Little Temecula Rancho as depicted on Vail Company Exhibit "U".
24 All said lands of Vail Company in the Little Temecula Rancho
25 have been held in a continuous and unbroken chain of title from
26 the issuance of the original grant from the Republic of Mexico
27 to the present time.  Said lands are held in fee simple and at
28 no time have they been severed, divided or parted.
29          - - -
30          - - -
31          - - -

<u>SANTA ROSA RANCHO</u>

-11-

Santa Rosa Rancho was first created by grant from the Republic of Mexico to Juan Moreno on January 30, 1846.  Thereafter said grant was confirmed and the United States of America issued its patent (1-143 to 149 S.D.) on October 10, 1872, founded on the original grant, being recorded on January 8, 1873.

-12-

The Santa Rosa Rancho as described on "Map of Santa Rosa Rancho" recorded November 12, 1887, in Map Book 9, Page 431 of official records of San Diego County was partitioned into Santa Rosa Vieja, Santa Rosa Nueva, Murrieta Tract and Wildomar Tract.  Vail Company owns the Santa Rosa Vieja, Santa Rosa Nueva, and the Murrieta Tract, as shown on said map and on Vail Company Exhibit "U", the Wildomar Tract having been deeded to separate ownership on November 12, 1887.

-13-

The lands of Vail Company in the Santa Rosa Rancho, as shown on said map and on Vail Company Exhibit "U", comprising the Santa Rosa Nueva and the Murrieta Tract have been held in a continuous and unbroken chain of title from the date of the original grant from the Republic of Mexico to the present time.  Said lands are held in fee simple and at no time have they been severed, divided or parted.

-14-

The lands of Vail Company in the Santa Rosa Rancho as shown on said map and on Vail Company Exhibit "U", and designated as Santa Rosa Vieja were on November 12, 1887, separated by deed from the other portions of the Santa Rosa Rancho, as shown on Vail Company Exhibit "AA".  Subsequently, with the exception of certain parcels acquired by Vail Company as hereinafter

5.

1 described the Santa Rosa Vieja portion of the Santa Rosa Rancho

2 was reconveyed to Vail Company on March 4, 1907, as recorded in

3 Riverside County Records.

4                                    -15-

5          The lands of Vail Company in the Santa Rosa Rancho as

6 shown on the "Map of Santa Rosa Rancho" and on Vail Company

7 Exhibit "U" as Rancho Vieja, excepting those parcels acquired by

8 Vail Company as hereinafter described, have been held in

9 continuous and unbroken chain of title from the date of the

10 original grant from the Republic of Mexico to the present time.

11 Said lands of Vail Company on the Vieja portion of the Santa Rosa

12 Rancho are held in fee simple and no part of said lands have,

13 at any time, been severed, divided or parted.

14                                    -16-

15          In that portion of the lands of Vail Company in the Santa

16 Rosa Rancho referred to in Vail Company Exhibit "U" as Rancho

17 Vieja, there have been severed by conveyance certain parcels, as

18 shown on Vail Company Exhibits "U" and "X".  Said parcels were

19 subsequently reconveyed to Vail Company and are described as

20 follows:

21          Lot 73, Block 1, and Lot 23, Block 9, consisting of

22          68.30 acres, and

23          Lots 1, 2 and 3 of Block 8, Lots 13, 14 and 15,

24          of Block 9, and Town Lots 1 and 2 consisting of

25          47.52 acres, and Lots 68 and 69 of Block 1,

26          and Lot 16 of Block 8, consisting of 20.70 acres,

27 all described on "Map of Portion of the Santa Rosa Vieja"

28 recorded June 19, 1888, in Map Book 12, Page 548 of Official

29 Records of San Diego County.

30          - - -

31          - - -

                                    6.

<u>OTHER LANDS</u>

-17-

Vail Company is the present owner of the following described lands, shown on Vail Company Exhibit "U", to wit:

1.  Lots 6 and 7, Block 3 of Pauba Land and Water Company, said conveyance to Vail Company being recorded in Book 836, page 364, official records Riverside County.

2.  The Northeast 40 acres of Lot 25, Block 1, Pauba Land and Water Company, said conveyance to Vail Company being recorded in Book 833, Page 24, of official records, Riverside County.

3.  Lots 1, 2, 3 and 4, Section 23, and Lot 6 Section 24, all in Township 8 South, Range 3 West, said conveyance to Vail Company being recorded in Book 1339, Page 16, of official records, Riverside County.

4.  Lots 4 and 5 and the Northwest quarter of the Southwest quarter of Section 24, Township 8 South, Range 3 West, said conveyance to Vail Company being recorded in Book 622, Page 333 of official records, Riverside County.

5.  Northwest quarter of the Northwest quarter, fractional Section (33), Township 7 South, Range 2 West, said conveyance to Vail Company being recorded in Book 486, Page 400, of official records, Riverside County.

6.  West half of Section 28, Township 7 South, Range 2 West, said conveyance to Vail Company being recorded in Book 739, Page 208, of official records, Riverside County.

7.

16490

7.  Lot 3, Section 22, Township 8 South,
    Range 2 West, said conveyance to Vail Company
    being recorded in Book 867, Page 222 of
    official records, Riverside County.

8.  Lots 1 and 2 and the Southwest quarter of the
    Southeast quarter of Section 13, and Lot 3
    and the Southeast quarter of the Northeast
    quarter, fractional Section 23, all in
    Township 8 South, Range 2 West, said con-
    veyance to Vail Company being recorded in
    Book 622, Page 334, of official records,
    Riverside County.

9.  Lots 16 and the Southwest quarter of Lot 15,
    Block 1, excepting the Southwest 2 acres
    of the Pauba Land and Water Company, said
    conveyance to Vail Company being recorded
    in Book 589, Page 266, of official records,
    Riverside County.

10. Lot 1, the east half of the Northwest quarter,
    and the Southwest quarter of the Northeast
    quarter, section 24; Lots 1 and 2, Section 23;
    Lots 3 and 4, Section 13, all in Township 8
    South, Range 2 West; and Lots 1, 2 and 3 and the
    Northeast quarter of the Northeast quarter
    Section 5, Township 8 South, Range 1 West,
    said conveyance to Vail Company being recorded
    in Book 371, Page 279, of official records,
    Riverside County.

11. All of Tracts "A" and "E" and that portion of
    Tract "B" lying North of the Pala Road, as
    shown on Judicial Map of the lands of

8.

16491

1    Machado Bros., and Wolf, in Sections 28 and 29,

2    in Township 8 South, Range 2 West, San Bernardino

3    Base and Meridian, on file in the office of

4    the County Clerk of the County of San Diego,

5    State of California, among the files in that

6    certain Partition Case No. 3239, in the

7    Superior Court of said County.

8    The Northwest Quarter of the Northwest quarter

9    of Section 27.  Lot 1 and the East half of the

10   Northeast quarter; the Southwest quarter of the

11   Northeast quarter; the Southeast quarter of the

12   Northwest quarter; the Northeast quarter of the

13   Southwest quarter; the Northwest quarter of the

14   Southeast quarter of Section 28, in Township 8

15   South, Range 2 West, San Bernardino Base and

16   Meridian.

17   Lots 1 and 2 in Section 21, and Lot 2 in

18   Section 28, in Township 8 South, Range 2 West,

19   San Bernardino Base and Meridian.

20   Said property being described in the conveyance

21   to Vail Company recorded in Book 202, Page 374

22   of official records, Riverside County.

23   12.  A portion of Lot 6, Block 3, in Pauba Land

24   and Water Company, said conveyance to Vail

25   Company being recorded in Book 443, Page 324

26   of official records, Riverside County.

27              LANDS IN THE TOWNSITE OF TEMECULA

28                           -18-

29        Vail Company is the owner of numerous parcels of land

30   in the rural, unincorporated townsite of Temecula as shown in

31   Map Book 5, Page 135, of Official Records, Riverside County.

                              9.

                                        16492

1   Said townsite lies within the lands of Vail Company in the

2   Temecula Rancho as shown on Vail Company Exhibit "U".  The

3   description of said lands is shown on Exhibit "A" attached

4   hereto.

5                         STREAM SYSTEM

6                             -19-

7           The Santa Margarita River is a non-navigable intermittent

8   stream located within a semi-arid watershed having a drainage

9   area of 740 square miles of which 192 square miles are located

10  in San Diego County, California, and 548 square miles in

11  Riverside County, California.  That in other findings of fact

12  in this cause more detailed descriptions of the Santa Margarita

13  River and its tributaries have been made; the findings herein

14  are specially concerned with said River and its tributaries

15  in relation to Vail Company lands.

16                             -20-

17  A.  Temecula Creek

18          Temecula Creek and Murrieta Creek have their confluence

19  on the lands of Vail Company in the Temecula Rancho at the head

20  of Temecula Gorge and form the Santa Margarita River which flows

21  downstream from this juncture into the Pacific Ocean.  The Santa

22  Margarita River flows southwesterly through Temecula Gorge.

23  The evidence as introduced in this case is uncertain as to

24  whether the Santa Margarita River traverses over and upon or

25  within thelands which comprise the Vieja portion of the Santa

26  Rosa Rancho.  It does appear from the evidence that said River

27  either traverses over and upon or within lands of the Vail

28  Company in the Vieja portion of the Santa Rosa Rancho which

29  abut upon Government Lot 6 of Section 24, Township 8 South,

30  Range 3 West, S.B.M., or else traverses over and upon or within

31  other lands of Vail Company located southerly but almost adjacent

                                10

1 thereto.  In the absence of a survey it cannot be determined

2 with certainty as to whether the Santa Margarita River traverses

3 over and upon or within the lands of the Vieja portion of the

4 Santa Rosa Rancho.  Because of this fact and the further fact

5 that the waters of Santa Margarita River which are physically

6 available in said area are of relatively limited quantities, this

7 Court does not make a finding at this time on the issue as to

8 whether Santa Margarita River does in fact traverse over and upon

9 or within the lands of Vail Company in the Vieja portion of the

10 Santa Rosa Rancho, and all parties agree that this Court shall

11 reserve jurisdiction to determine this question at such future

12 time as the issue may be raised by any party to this cause.

13          -21-

14   Temecula Creek, upstream tributary of the Santa Margarita

15 River, has its headwaters on the Eastern slopes of the Coastal

16 Range near the present site of Palomar Observatory in San Diego

17 County.  From its headwaters, Temecula Creek proceeds in a

18 northwesterly direction for approximately 14 miles where it

19 enters the lands of Vail Company on the easternmost boundary

20 of the Pauba Rancho.

21   After entering the lands of Vail Company, Temecula Creek

22 flows into the reservoir area behind Vail Dam.  Wilson Creek and

23 Arroyo Seco Creek flow into said reservoir area.

24   For the first two and one-half (2½) miles below Vail

25 Dam on the Pauba Rancho, Temecula Creek follows the confines of

26 Nigger Canyon over and through the highly permeable material

27 within said Canyon.  Nigger Canyon is narrow in its upper reaches

28 and gradually widens to approximately 700 feet where it joins

29 the flood plain underlain by the younger alluvial deposits of

30 Pauba Valley at the most easterly end of said Valley.  The most

31 easterly end of the Pauba Valley has sometimes been referred to

1  as the "outwash area" (Finding of Fact 27, Interlocutory Judg-

2  ment 30, Murrieta-Temecula Ground Water Area) and it is in said

3  area and the canyon upstream that a portion of the recharge

4  to the alluvial deposits in Pauba Valley occurs. Further

5  reference to this reach of the stream is made in Finding 30

6  herein. The course of Temecula Creek, after leaving Nigger

7  Canyon, extends for approximately 5 miles on the Pauba Rancho

8  and upon leaving said Rancho, Temecula Creek continues in a

9  westerly direction through the lands of Vail Company on the

10  Little Temecula Rancho for a distance of approximately one and

11  one-half (1½) miles. Temecula Creek then traverses the land

12  of Vail Company on the Temecula Rancho for a distance of

13  approximately two (2) miles to its confluence with Murrieta

14  Creek in the Northeast Quarter of projected Section 24, Town-

15  ship 8 South, Range 3 West, S.B.M. (Lot 24, Block 1, Pauba Land

16  and Water Company tract or subdivision).

17       That the gauging staion on Murrieta Creek is located

18  approximately one-quarter (1/4) mile upstream from said point of

19  confluence and the "Santa Margarita River Near Temecula Gauging

20  Station" is located approximately 600 feet downstream from said

21  confluence point.

22       That prior to the construction of Vail Dam, Temecula

23  Creek throughout its course through the lands of Vail Company

24  flowed intermittently as a surface stream, then disappeared and

25  flowed underground, and then again rose to the surface. That

26  the points where the waters rose to the surface and flowed as

27  a surface stream varied considerably. That said variance in

28  points of rising surface flow was the result of pumping of the

29  waters contained in the younger alluvial deposits in Pauba

30  Valley by the Vail Company, of pumping and diversions of the

31  waters of Temecula Creek and tributaries thereto upstream from

12.

1  Vail Company lands and the fluctuations in precipitation and

2  consequent runoff.

3       That the construction of Vail Dam by Vail Company and

4  the impoundment of the waters of Temecula Creek upstream from

5  that Dam have affected and will affect the surface flow of

6  Temecula Creek from that which existed under natural conditions

7  in that said Dam captures and stores for subsequent release and

8  beneficial use waters which under natural conditions would flow

9  over and through the younger alluvial deposits in Pauba Valley.

10      A short distance upstream from the junction of the

11  Temecula and Murrieta Creeks, at the northwestern end of Wolf

12  Valley, Pechanga Creek joins Temecula Creek.

13      Pechanga Creek is an intermittent stream which enters

14  Vail Company land southeasterly of the Little Temecula Rancho

15  in Wolf Valley.  After leaving said lands it again enters lands

16  of Vail Company on the Temecula Grant, continuing in a north-

17  westerly direction to its junction with Temecula Creek.

18      That Findings of Fact 18, 19, 22, 23, 24, 25, 26, 28,

19  29, 30, 31, 32 and 37 in Interlocutory Judgment No. 30, which

20  findings are concerned with Temecula Creek and Pechanga Creek,

21  within the ground water area, are incorporated herein by

22  reference as if set forth in full.

23      Throughout the entire surface plain of Temecula Creek

24  and other areas on the lands of Vail Company, there has been

25  conducted a program of phreatophyte removal and control.  The

26  benefit of said program in the conservation of waters of the

27  stream system has been substantial but as yet undetermined.

28                                    -22-

29  B. Murrieta Creek

30      The course of Murrieta Creek proceeds in a southeasterly

31  direction from the watershed boundary of the Santa Margarita

                              13.                    16496

1    Stream System to its confluence with Temecula Creek.  Mur-
2    rieta Creek is an intermittent stream.  The headwaters of Mur-
3    rieta Creek are near the town of Wildomar, and approximately
4    three (3) miles from the watershed boundary, Murrieta Creek is
5    joined by Slaughterhouse Canyon Creek.

6             Slaughterhouse Canyon Creek is an intermittent stream,
7    supplied almost entirely by waters from the drainage area on
8    Vail Company land on the Santa Rosa Rancho.  Slaughterhouse
9    Canyon Creek, during high precipitation and runoff, contributes
10   a larger increment of flow at its junction with Murrieta Creek
11   than does the drainage area of Murrieta Creek upstream from
12   this location.

13            Approximately one (1) mile downstream from the confluence
14   of Slaughterhouse Canyon Creek and Murrieta Creek at a point
15   where the Murrieta Land and Water Company portion of Temecula
16   Rancho joins the LaLaguna Rancho and Vail Company land on the
17   Santa Rosa Rancho, Murrieta Creek traverses over and upon Vail
18   Company lands on the Santa Rosa Rancho for a distance of approxi-
19   mately 1500 feet.

20            The Murrieta-Temecula Ground Water Area as found in
21   Findings of Fact and Interlocutory Judgment No. 30 which Findings
22   of Fact and Interlocutory Judgment are incorporated herein by
23   reference, includes a portion of the lands of Vail Company on
24   the Santa Rosa Rancho in the area of Slaughterhouse Canyon as
25   shown on U. S. Exhibit 277.  The principal named tributaries to
26   Murrieta Creek which have their headwaters in and traverse the
27   lands of the Vail Company on the Santa Rosa Rancho are Slaughter-
28   house Canyon Creek,  Cole Canyon Creek, and Miller Canyon Creek.
29   That Findings of Fact Nos. 4, 5, 6, 10, 11, 12, 14, 17, 28, 29,
30   30, 31, 32, 35 and 36 in Interlocutory Judgment No. 30, which
31   findings are concerned with Murrieta Creek, Slaughterhouse Canyon

14.

16497

1  Creek and Cole Canyon Creek, within the ground water area,

2  are incorporated herein by reference as if set forth in full.

3                                    -23-

4  C.  Tucalota Creek

5          Tucalota Creek in an intermittent upstream tributary

6  of Santa Gertrudis Creek which is the subject of Findings and

7  Interlocutory Judgment No. 31.  Tucalota Creek enters upon Vail

8  Company property of the Rancho Pauba where the northernmost

9  portion of said Rancho abuts upon Section 10, Township 7 South,

10 Range 1 West, and continues in a westerly direction for a dis-

11 tance of approximately one and one-half ($1\frac{1}{2}$) miles leaving said

12 Pauba Rancho where the northernmost boundary of said Rancho abuts

13 upon Section 9, Township 7 South, Range 1 West.

14         That the flow of the surface waters of Tucalota Creek

15 as it traverses the lands of Vail Company hereinabove described

16 is over and upon substantial younger alluvial deposits in Tuca-

17 lota Valley as shown on U. S. Exhibits 15, 15L and 206C.

18         That the younger alluvial deposits rest upon and are

19 confined laterally on each side by older alluvial deposits and

20 basement complex.  That said older alluvial deposits and base-

21 ment complex are of compacted material with less permeability

22 than the younger alluvial deposits, and do in fact impede ground

23 waters contained in the younger alluvial deposits from moving into

24 the older alluvial deposits or basement complex.  That the ground

25 waters which are contained in the younger alluvial deposits rise

26 to the surface and then disappear and flow within the area of

27 younger alluvial deposits as said waters move downstream.  That

28 said older alluvial deposits and basement complex serve the same

29 purpose as a semi-permeable bed and bank of a surface stream

30 channel and all ground waters contained within said younger

31 alluvial deposits are in a known and definite channel, to wit,

                                 15.

1  the younger alluvial deposits and are a part of Tucalota Creek.

2  At the present time and heretofore surface waters have existed

3  in small pools in the most western portion of Tucalota Valley

4  on Vail Company as hereinabove described.

5                                    -24-

6  D. Long Valley Creek

7          Long Valley Creek, upstream tributary of Santa Gertrudis

8  Creek, is an intermittent stream which has its headwaters in

9  Glen Oak Valley.

10          Near the headwaters of said Long Valley Creek, said

11  stream enters Vail Company land in Pauba Rancho where the

12  boundary of said Rancho abuts upon Section 15, Township 7 South,

13  Range 1 West, and continues in a general westerly direction

14  for a distance of approximately eight (8) miles leaving Vail

15  Company lands of Pauba Rancho where the boundary of said Rancho

16  abuts upon the eastern boundary of Section 21, Township 7 South,

17  Range 2 West. Said stream continues in a westerly direction for

18  a short distance after leaving Vail Company property when it

19  then joins Santa Gertrudis Creek.

20          The water course of Long Valley Creek over Vail Company

21  lands as hereinabove described is underlain by a body of

22  younger alluvial deposits as shown on U. S. Exhibit 15L.

23          That the younger alluvial deposits rest upon and are

24  confined laterally on each side by older alluvial deposits and

25  basement complex.  That said older alluvial deposits and base-

26  ment complex are of compacted material with less permeability

27  than the younger alluvial deposits, and do in fact impede

28  ground waters contained in the younger alluvial deposits from

29  moving into the older alluvial deposits or basement complex.

30  That the ground waters which are contained in the younger

31  alluvial deposits rise to the surface and then disappear

                            16.                          16499

1   and flow within the area of younger alluvial deposits as said

2   waters move downstream.  That said older alluvial deposits

3   and basement complex serve the same purpose as a semi-permeable

4   bed and bank of a surface stream channel and all ground waters

5   contained within said younger alluvial deposits are in a known

6   and definite channel, to wit, the younger alluvial deposits

7   and are a part of Long Valley Creek.

8          Long Valley Creek throughout its course over lands of

9   Vail Company is  fed by many unnamed creeks and tributaries, the

10  drainage of which is supplied by waters flowing from sub-watersheds

11  on Vail Company properties.

12                                -25-

13  E. Santa Gertrudis Creek

14          Santa Gertrudis Creek, Tributary of Murrieta Creek, is

15  an intermittent stream.  The main stem of the upper portion of

16  Santa Gertrudis Creek enters upon Vail Company lands of Pauba

17  Rancho where the boundary of said Rancho is the Southern

18  Boundary of Section 13, Township 7 South, Range 2 West, and

19  continues through lands of Pauba Rancho for a distance of approxi-

20  mately two (2) miles leaving Vail Company lands where the boundary

21  of Pauba Rancho meets the Western Boundary of Section 22, Town-

22  ship 7 South, Range 2 West.

23          Throughout the course of said creek over Vail Company

24  property, as above described, Santa Gertrudis Creek is fed by

25  several unnamed creeks and streams; the drainage areas of said

26  unnamed water courses are on Vail Company lands including a large

27  area known as Buck Mesa as shown on U. S. Exhibit 277.

28          After leaving Vail Company lands, as above described,

29  said Santa Gertrudis Creek again enters Vail Company lands on

30  the Temecula Rancho where the boundary of said Rancho abuts upon

31  the southwest boundary of Section 19, Township 7 South, Range 2

    West, and continues in a westerly direction over Vail Company

16500

1  land for a distance of approximately 3/4 of a mile and said

2  creek course, throughout this portion over Vail Company lands,

3  is underlain with younger alluvial deposits as shown on U. S.

4  Exhibit 15L.

5          That Findings of Fact Nos. 28, 29, 30, 31, 32 and 33

6  in Interlocutory Judgment No. 30 which findings are incorporated

7  herein by reference as if set forth in full, are concerned with

8  Santa Gertrudis Creek within the ground water area.

9                                  -26-

10  F.   Unnamed Creek Between Santa Gertrudis
         and Long Canyon Creeks (Veeder Creek)

11

12          Lying between Santa Gertrudis Creek and Long Canyon

13  Creek is an intermittently flowing unnamed creek, hereinafter

14  called Veeder Creek (Veeder Dry Gulch).  Veeder Creek is under-

15  lain with a stringer of younger alluvial deposits from its

16  confluence with Murrieta Creek for a distance of approximately

17  four (4) miles upstream.

18          That the younger alluvial deposits rest upon and are

19  confined laterally on each side by older alluvial deposits and

20  basement complex.  That said older alluvial deposits and base-

21  ment complex are of compacted material with less permeability

22  than the younger alluvial deposits, and do in fact impede ground

23  waters contained in the younger alluvial deposits from moving

24  into the older alluvial deposits or basement complex.  That the

25  ground waters which are contained in the younger alluvial de-

26  posits rise to the surface and then disappear and flow within

27  the area of younger alluvial deposits as said waters move

28  downstream.  That said older alluvial deposits and basement

29  complex serve the same purpose as a semi-permeable bed and bank

30  of a surface streamchannel and all ground waters contained

31  within said younger alluvial deposits are in a known and definite

          channel, to wit, the younger alluvial deposits, and are a part of
                                                    Veeder Creek.
                                  18.

                                              16501

1         Veeder Creek flows westerly for approximately five and

2 one-half (5½) miles, originating on lands of Vail Company on

3 Pauba Rancho then crossing lands of Vail Company in Section 28,

4 Township 7 South, Range 2 West, for a short distance, leaves

5 Vail Company lands and then enters Vail Company lands at the

6 Northeast (NE) boundary of the Temecula Rancho Grant line, proceeds

7 across the lands of Vail Company in the Temecula Rancho to its

8 confluence with Murrieta Creek.

9                        -27-

10 G. Long Canyon Creek

11         Long Canyon Creek is an intermittent stream.  The

12 drainage area of said creek lies wholly on the lands of Vail

13 Company.

14         The headwaters of said creek originate on Pauba Rancho

15 southwesterly from Buck Mesa proceeding westerly across Temecula

16 Rancho for a total distance of about six (6) miles to its con-

17 fluence with Murrieta Creek.

18         Long Canyon Creek is underlain with younger alluvial

19 deposits for a distance of approximately five (5) miles before

20 its confluence with Murrieta Creek as shown on U. S. Exhibit 15L.

21         That the younger alluvial deposits rest upon and are

22 confined laterally on each side by older alluvial deposits and

23 basement complex.  That said older alluvial deposits and base-

24 ment complex are of compacted material with less permeability

25 than the younger alluvial deposits, and do in fact impede

26 ground waters contained in the younger alluvial deposits from

27 moving into the older alluvial deposits or basement complex.

28 That the ground waters which are contained in the younger

29 alluvial deposits rise to the surface and then disappear and

30 flow within the area of younger alluvial deposits as said waters

31 move downstream.  That said older alluvial deposits and

16502

1 basement complex serve the same purpose as a semi-permeable
2 bed and bank of a surface stream channel and all ground waters
3 contained within said younger alluvial deposits are in a known
4 and definite channel, to wit, the younger alluvial deposits and
5 are a part of Long Canyon Creek.

6                                    -28-

7 H.   DeLuz and Sandia Creeks

8          DeLuz and Sandia Creeks have their headwaters in the
9 Santa Rosa Rancho and said creeks join the Santa Margarita River
10 downstream from the lands of Vail Company. The drainage area of
11 DeLuz and Sandia Creeks on the Santa Rosa Rancho is shown by
12 Vail Company Exhibits "BI" and "BJ". There are located along
13 the course of both DeLuz and Sandia Creeks on Vail Company
14 property of Santa Rosa Rancho stringers of younger alluvial de-
15 posits as shown on U. S. Exhibits 67 and 69.

16          That the younger alluvial deposits rest upon and are
17 confined laterally on each side by basement complex. That said
18 basement complex is of compacted material with less permeability
19 than the younger alluvial deposits, and does in fact impede
20 ground waters contained in the younger alluvial deposits from
21 moving into the basement complex. That the ground waters which
22 are contained in the younger alluvial deposits rise to the
23 surface and then disappear and flow within the area of younger
24 alluvial deposits as said waters move downstream. That said
25 basement complex serves the same purpose as a semi-permeable
26 bed and bank of a surface stream channel and all ground waters
27 contained within said younger alluvial deposits are in a known
28 and definite channel, to wit, the younger alluvial deposits and
29 are a part of DeLuz and Sandia Creeks.

30          Also, on the Santa Rosa Rancho are various unnamed
31 creeks and watercourses which drain directly, without joining

                                    20.

16503

1 any named tributaries, into the main stem of the Santa Margarita

2 River.

3               VAIL COMPANY LANDS WITHIN MURRIETA-
              TEMECULA GROUND WATER AREA

4

5                           -29-

6        Certain portions of the lands of the Vail Company as

7 described herein, are within the "Ground Water Area," as found

8 in Findings of Fact and Interlocutory Judgment No. 30, and

9 as depicted on U. S. Exhibit 277 and described in U. S. Exhibit

10 277A.

11                     PAUBA VALLEY

12                        -30-

13        Located on Vail Company lands throughout Pauba Valley

14 (and Nigger Canyon) there are younger alluvial deposits as shown

15 on U. S. Exhibits 15L and 275. The material comprising the

16 younger alluvial deposits of Nigger Canyon and the easternmost

17 portion of the Pauba Valley is coarse detritus of a highly

18 permeable nature. Underlying the younger alluvial deposits of

19 Pauba Valley are substantially impervious lenticular deposits of

20 indurated alluvium, interspersed with aquifers of porous allu-

21 vium.

22        A portion of the subsurface waters flowing from the

23 mouth of Nigger Canyon at the easterly end of the Pauba Valley

24 are partially trapped beneath or semi-confined as to their verti-

25 cal movement by the substantially impervious lenticular bodies

26 of indurated alluvium. Waters moving or percolating downstream

27 in the vertically semi-confined but porous aquifers of the

28 Pauba Valley, toward the semi-barrier of the Wildomar Fault,

29 produce an area of artesian pressure upstream from said fault.

30 Said area of artesian pressure and/or vertical confinement is

31 below the level of all irrigation wells except the Navy Well

                         21.

1   which is located in projected Section 17, Township 8 South,

2   Range 2 West, S.B.M. and is pierced only by wells in excess of

3   400 feet in depth.  Waters from said semi-confined aquifers are

4   identified by the high percentage of sodium in the total dis-

5   solved solids as compared to the low percentage found in the

6   waters from the shallower aquifers in the younger alluvial

7   deposits above the semi-confining, lenticular bodies of indurated

8   alluvium.

9                    GROUND WATER DIVIDE

10                        -31-

11       The waters in the Murrieta Creek drainage area do not

12   recharge the ground waters of the Temecula Creek drainage area

13   and the waters of the Temecula Creek drainage area do not

14   recharge the ground waters of the Murrieta Creek drainage area,

15   as explained more fully in Findings of Fact 38 and 43 of Inter-

16   locutory Judgment No. 30 (Murrieta-Temecula Ground Water Area).

17                        -32-

18       That within the lands of the Vail Company as said lands

19   have been described in these Findings of Fact there are numerous

20   small creeks, gullies or watercourses, many of which are unnamed,

21   that these findings have not considered in detail.  That in all

22   such situations surface flow would occur only during or imme-

23   diately after periods of precipitation.  That underlying certain

24   unnamed or named creeks, gullies or watercourses there are

25   younger alluvial deposits which are bedded upon and laterally

26   confined by older alluvial deposits or basement complex.  That

27   said younger alluvial deposits are not extensive but are shallow

28   and ground waters contained therein would be of a relatively

29   limited quantity.  That said areas are not defined herein, but

30   are depicted in general on Exhibits   C.      , incorporated

31   herein by reference. attached hereto.

                        22.

                                            16505

1      That said older alluvial deposits or basement complex
2  do in fact form a bed and bank and impede the vertical and
3  horizontal movement of said ground waters and under natural
4  conditions said ground waters within said younger alluvial
5  deposits move in the same direction as the surface flow when
6  in fact it physically exists.

7      That when surface flow does exist said ground waters
8  within said younger alluvial deposits are in direct contact
9  therewith and said ground waters are in fact, during such times
10  and all other times, an integral part of the flow of the parti-
11  cular creek, gully or watercourse.  That ground waters contained
12  within such younger alluvial deposits are in fact in a known
13  and definite channel, to wit, the area of younger alluvial de-
14  posits and are a part of the specific creek, gully or watercourse
15  which traverses the specific younger alluvial deposits and are
16  a part of the Santa Margarita River stream system.

17                         -33-

18      That the surface and ground waters contained within
19  younger alluvial deposits referred to in Finding 32 above do
20  not warrant in these Findings of Fact specific detailed
21  exhibits setting forth descriptions of the lands which abut upon
22  or are traversed by each creek, gully or watercourse.  That no
23  party to this cause has requested specific findings on these
24  small creeks, gullies or watercourses most of which, as found
25  hereinabove, are unnamed, and this Court at this time makes no
26  specific finding thereon.  That as these findings and judgment
27  are interlocutory, this Court will, if so requested, make
28  specific findings on said creeks, gullies and watercourses,
29  either separately or totally, should any party to this cause
30  request the Court to do so prior to entry of final judgment in
31  this cause.  That in the event no such request is made, this

16506

1   Court can and will, if the occasion should arise in the future,

2   be able to make such determination as may be necessary from the

3   general facts as found above in Finding 32.

4                           VAIL DAM

5                             -34-

6           Vail Company is the owner of a concrete structure known

7   as Vail Dam located on the Rancho Pauba across the bed of

8   Temecula Creek at the head of Nigger Canyon within the Northwest

9   quarter (NW¼) of the Northwest quarter (NW¼) of projected Sec-

10  tion 10, Township 8 South, Range 1 West, of San Bernardino Base

11  and Meridian in the County of Riverside.  This structure is

12  132.5 feet high (sea level datum 1482.5) with the spillway

13  crest at a gauge height of 120 feet (sea level datum 1470.0),

14  the length at its crest is 750 feet and the spillway crest is

15  510 feet.

16                            -35-

17          Behind Vail Dam is a storage reservoir which at gauge

18  height 120 has 1,080 surface acres, capable of storing at said

19  gauge height 49,500 acre feet of water all on Vail property.

20  Vail Dam has been in operation since November 13, 1948.

21                            -36-

22          Vail Dam was built pursuant to Permit Number 7032 duly

23  issued by the State of California on February 13, 1948, approving

24  an application to appropriate, store and divert waters of

25  Temecula Creek tributary to the Santa Margarita being Applica-

26  tion Number 11518,  duly filed August 16, 1946, by Vail Company.

27                            -37-

28          Vail Company, under said permit, may appropriate, divert

29  and impound 40,000 acre feet of water from the flow of Temecula

30  Creek and streams tributary thereto from about November 1st of

31  each year to about April 30th of the succeeding year, to be

                               24.

                                                    16507

1   used for irrigation and domestic purposes.

2                              -38-

3          Said permit issued by the State of California has a

4   priority date of August 16, 1946, and provides that waters

5   appropriated pursuant to said permit may be used on 3,797 acres

6   of Vail Company lands as described in Application Number 11518

7   which is Vail Company Exhibit "A" in this action.

8                              -39-

9          Pursuant to said permit issued by the State of Cali-

10  fornia, Vail Company has, since November 13, 1948, impounded,

11  stored and put to reasonable and beneficial use waters of Teme-

12  cula Creek when said waters were available.  Impoundments

13  have been made in varying amounts and the maximum amount

14  impounded in any one year since the operation of Vail Dam was

15  12,500 acre feet.  Due to lack of rainfall and subsequent run-

16  off in the years since Vail Dam has been in operation, Vail

17  Company has been unable to impound at Vail Dam the 40,000 acre

18  feet annual storage as provided for in said permit as found

19  herein.

20                             -40-

21         That the records in this case which commence with the

22  water year 1923 show that in 1927, 40,457 acre feet of water

23  passed the Vail Dam reservoir site and that during the same year

24  91,179 acre feet of water wasted into the ocean.  In the two

25  successive water years of 1937-1938 a total of 68,566 acre feet

26  of water passed the Vail Dam reservoir site and during those two

27  same years 239,242 acre feet of water wasted into the ocean.

28  This Court makes no finding that such surplus waters will be

29  available in the future and reserves continuing jurisdiction

30  of this cause and the parties thereto to prohibit, restrict or

31  - - - -

                             25.

                                          16508

1    control, upon proper showing, any extraction, diversion, or use

2    of water under said rights to appropriate.  The right to appro-

3    priate the waters of said Creek as is provided in said Permit is

4    subject to the jurisdiction of the Water Rights Board of the

5    State of California and the laws of said State.

6                                 -41-

7         The rights heretofore exercised and to be hereinafter

8    exercised pursuant to the foregoing permit are subject and

9    junior to prior vested rights in and to the waters of the Santa

10   Margarita-Temecula River as such rights are, in these proceedings,

11   determined to exist.

12                                -42-

13        Vail Company is the owner of all rights granted under

14   said Permit and such rights are valid and in good standing.

15                                -43-

16        Waters discharged from Vail Dam are metered and then

17   flow through Nigger Canyon in an open earthen channel within the

18   stream bed of Temecula Creek for a distance of 6,000 feet where

19   said waters are measured and diverted into a concrete distribution

20   system for use downstream therefrom on Vail Company lands.

21                                -44-

22        The open earthen channel within the stream bed of Temecula

23   Creek is composed of gravels and other porous materials and a

24   portion of the waters released from Vail Dam which flow thereon

25   percolate into the sub-surface of said Creek and recharge the

26   alluvial deposits of Pauba Valley.  A small amount of these waters

27   released from Vail Dam are consumed by evapo-transpiration losses

28   which occur during their flow from Vail Dam to their diversion

29   into the concrete distribution system.

30        - - -

31        - - -

                              26.

1                          -45-

2          Vail Company also makes use of water stored in the reser-

3    voir behind Vail Dam for stock watering, fishing and recreational

4    purposes.

5                          -46-

6          The construction of Vail Dam has been a benefit to the

7    Santa Margarita River stream system in that the structure has

8    conserved substantial quantities of water.  The capture of flood

9    waters and the subsequent release thereof has made available an

10   additional quantity of water to the owners situated downstream

11   from Vail Company lands.  In the water years 1952 and 1958 a total

12   of 78,000 acre feet of water, entering the stream system below

13   Vail Dam, was wasted into the ocean at Ysidora.  Evapo-

14   transpiration losses which would occur in the reservoir area

15   behind Vail Dam in its natural state are reduced by salvage due

16   to the flooding of said area in varying amounts depending on the

17   area inundated as shown on Vail Company Exhibit "AU" incorporated

18   herein by reference.

19

20                 DIVERSION AND DISTRIBUTION

21                          -47-

22   A.  Main Irrigation System

23          Vail Company lands are irrigated, by flooding between

24   borders, or in furrows (and to a minor extent by sprinklers).

25   Said methods of irrigation are in common use for similarly grown

26   crops and are accepted and proper farming practices.

27          Vail Company has installed and used a system for trans-

28   porting water to the place of use, consisting of concrete

29   main and lateral pipes interconnected with various wells and

30   reservoirs all of which are shown on Vail Company Exhibit "L".

31          - - -

                          27.

                                             16510

1          Water can be, and is, supplied to this system by re-
2    leases from Vail Dam or by pumping from irrigation wells in
3    Pauba Valley.
4          All waters pumped or released from Vail Dam are
5    metered before entering said system.
6          The reservoirs connected with this distributing system
7    are used to provide temporary and non-seasonal storage and head
8    for irrigation, watering stock and recreational purposes.
9          All land heretofore irrigated by the Vail Company
10   southerly and easterly of the Townsite of Temecula, as shown
11   on Vail Company Exhibit "J" have been supplied by water from
12   this main irrigation system.
13                                 -48-
14   B. Other Irrigation System
15         In addition to the main irrigation system, hereinabove
16   described, there are on Vail Company lands three other irriga-
17   tion systems for furnishing water to lands heretofore irrigated.
18   Said lands are shown on Vail Company Exhibit "J" as plots 1, 2,
19   3 and 4, northerly of the Townsite of Temecula, as shown thereon.
20                                 -49-
21         Vail Company has installed on their land as shown on
22   Vail Company Exhibit "J", plot (1), a system of concrete irriga-
23   tion pipes for flood and furrow irrigation of said land.  Water
24   for said land has been permissibly supplied for thirty years from
25   a well (35 Bl, 7S, 3W, S.B.B.M.) located on adjoining land be-
26   longing to J. E. Roripaugh.  Waters entering this system are
27   metered.
28                                 -50-
29         Vail Company has installed on their land as shown on
30   Vail Company Exhibit "J" plot (2), an irrigation system con-
31   sisting of two wells and concrete pipes for flood and furrow

                                  28.

                                                  16511

1   irrigation of said land.  There are on said land two reservoirs

2   connected with said system used to establish temporary storage

3   and head for irrigation and stock watering.  The hereinabove

4   described system has not been in operation for the past ten

5   years.

6                                      -51-

7          Vail Company has installed on their land as shown on

8   Vail Company Exhibit "J" plots (3) and (4) an irrigation system

9   consisting of one well and concrete pipes for flood and

10  furrow irrigation of said land.  There are, on said lands, two

11  reservoirs connected with said system used to establish tempo-

12  rary storage and head for irrigation and stock watering.  The

13  quantity of water supplied to this system is measured.

14                                     -52-

15  C.  Other Wells and Impoundments

16         There exist, throughout Vail Company lands, numerous

17  wells and necessary appurtenances for supplying domestic water.

18  Domestic wells on Vail Company lands, excepting those on the

19  Santa Rosa Rancho, are listed and located on Vail Company

20  Exhibits "L" and "M".

21                                     -53-

22         Throughout Vail Company lands, numerous wells and

23  necessary appurtenances thereto exist for the purpose of watering

24  stock.  With the exception of the Santa Rosa Rancho, said wells

25  are listed and located on Vail Company Exhibits "L" and "M".

26                                     -54-

27         It has been the practice in the historical past  to

28  construct upon Vail Company lands structures for the impoundment

29  of surface runoff for watering cattle and other beneficial pur-

30  poses.  Such structures are of the character as more fully

31  described in Findings of Fact and Interlocutory Judgment 28,

    (Miscellaneous Surface Impoundments).

                                   29.

16512

-55-

All means and methods of diversion and abstraction of surface and ground waters of the Santa Margarita River stream system by the Vail Company, and uses thereof, are reasonable, beneficial and proper, and as all uses of such surface and ground waters are within the watershed of the Santa Margarita River, such waters as are not consumptively used return to the stream system as return flow and are available for downstream use.

<u>RIPARIAN STATUS</u>

-56-

A.  Lands of the Vail Company in the Pauba, Little Temecula and Temecula Ranchos (Findings 5, 6, 7, 8, 9 and 10 herein) are riparian to Temecula Creek.

B.  Lands of the Vail Company in the Temecula Rancho (Findings 7, 8 herein) are riparian to Murrieta Creek and the Santa Margarita River.

C. Lands of the Vail Company in the Pauba Rancho (Findings 5 and 6 herein) are riparian to Tucalota, Santa Gertrudis, Long Canyon, Wilson, Arroyo Seco, and Kolb Creeks.

D.  Lands of the Vail Company in the Temecula Rancho (Findings 7 and 8 herein) are riparian to Santa Gertrudis and Long Canyon Creeks.

E.  Lands of the Vail Company in the Nueva portion and the Murrieta Tract of the Santa Rosa Rancho (Findings 11, 12 and 13 herein) are riparian to Murrieta, Slaughterhouse Canyon, Cole Canyon, Miller Canyon and DeLuz Creeks.

F.  Lands of the Vail Company in the Vieja portion of the Santa Rosa Rancho (Findings 11, 14, 15 and 16 herein), excepting therefrom lands heretofore described in Finding 16 herein, are riparian to Sandia Creek.  Because of the fact that

30.

16513

1    it is not certain whether the Santa Margarita River traverses

2    over and upon and within lands of the Vail Company in the Vieja

3    portion of the Santa Rosa Rancho as set forth in Finding 20

4    hereinabove, this Court is not at this time entering any finding

5    as to this issue, and jurisdiction is reserved to determine the

6    question as to whether lands of the Vieja portion of the Santa

7    Rosa Rancho are riparian to the Santa Margarita River at such

8    time as the question shall be presented in the future.

9         G.   Lands of the Vail Company in Sections 23 and 24 of

10   Township 8 South, Range 2 West (Finding 17, subparagraphs (3)

11   and (4) herein) are riparian to the Santa Margarita River.

12        H.   Lands of the Vail Company consisting of the North-

13   east 40 acres of Lot 25, Block 1 of the Pauba Land and Water

14   Company (Finding 17, subparagraph (2) herein) are riparian to

15   Temecula Creek.

16        I.   Lands of the Vail Company in Lots 6 and 7, Block 3

17   of the Pauba Land and Water Company (Finding 17, subparagraphs

18   (1) and (12) herein) are riparian to Long Canyon and Murrieta

19   Creeks.

20        J.   Lands of the Vail Company as described in Finding 17

21   subparagraph (11) herein, are riparian to Pechanga Creek.

22        K.   Vail Company has numerous parcels of land in the

23   Townsite of Temecula (Finding 18 herein) as shown on Exhibit "A"

24   attached hereto, the riparian status of which is shown on

25   U. S. Exhibit 277 and determined in Interlocutory Judgment No. 30.

26        L.   Lands of the Vail Company in the Pauba and Temecula

27   Ranchos are riparian to Veeder Creek.

28        M.   In addition to the streams which have been set forth

29   herein, there are other unnamed streams, tributaries and water-

30   courses that abut on or traverse Vail Company lands and, to

31   such extent, Vail Company has riparian rights thereto.

16514

RIPARIAN AND IRRIGABLE ACRES

-57-

That the following Findings of Fact 58 through 66 contain statements as to Vail Company irrigable acreage. Such statements as contained in said findings which pertain to irrigable acreage are supported by the evidence in this case, and such statements shall be _prima facie_ evidence as to irrigable acreage in any subsequent proceeding before this Court in this cause. As used herein, _prima facie_ evidence is that which suffices for the proof of a particular fact until contradicted or overcome by other evidence. (See Findings of Fact 51, Interlocutory Judgment No. 30, Murrieta-Temecula Ground Water Area; Findings of Fact 52, Interlocutory Judgment No. 37, Naval Enclave).

-58-

Lands of the Vail Company in the Pauba Rancho, as described in Findings 5 and 6 herein, contain 27,617.1 acres riparian to Temecula Creek. Of said lands, 18,499.4 acres are irrigable.

-59-

Lands of the Vail Company in the Little Temecula Rancho as described in Findings 9 and 10 herein contain 1,726.7 acres riparian to Temecula Creek. Of said lands, 1,608.7 acres are irrigable.

-60-

Lands of the Vail Company in the Temecula Rancho, as described in Findings 7 and 8 herein, contain 10,282.1 acres riparian to both Murrieta and Temecula Creeks. Of said lands, 9,587.3 acres are irrigable.

- - -

- - -

-61-

Vail Company lands, described in Finding 17, sub-paragraphs 1 to 12, herein, are listed below as to acreage of the parcels and the amount of land in said parcels which is irrigable:

| Finding 17 | Total Acres | Irrigable Acres |
|---|---|---|
| 1 | 130.2 | 112.2 |
| 2 | 40.0 | 17.0 |
| 3 | 139.2 | Undetermined |
| 4 | 96.2 | Undetermined |
| 5 | 40.0 | 32.0 |
| 6 | 127.8 | 112.8 |
| 7 | 18.5 | Undetermined |
| 8 | 140.2 | Undetermined |
| 9 | 13.0 | Undetermined |
| 10 | 336.6 | Undetermined |
| 11 | 444.9 | 419.2 |
| 12 | 1.5 | 1.5 |

-62-

Lands of the Vail Company in the Townsite of Temecula as described in Finding 18 herein, contain an undetermined irrigable acreage and it is probable that any future beneficial use of water on said lands will be for purposes other than agriculture.

-63-

Lands of the Vail Company on the Santa Rosa Rancho within the drainage area of DeLuz Creek, contain 9,859.7 acres riparian to said creek, 830.5 acres of which are irrigable.

-64-

Lands of the Vail Company on the Santa Rosa Rancho within the drainage area of Sandia Creek contain 10,255.7 acres riparian to said creek of which 2206.8 are irrigable.

-65-

Lands of the Vail Company on the Santa Rosa Rancho within the drainage area of the Santa Margarita River and not

33.

1 within the drainage area of DeLuz and Sandia Creeks contain
2 3515.9 acres of which 467.3 are irrigable.  That all of said
3 3515.9 acres are in the Vieja portion of the Santa Rosa Rancho
4 and as stated in Finding of Fact 20 herein, no determination as to
5 whether said 3515.9 acres are riparian to the Santa Margarita
6 River is being made at this time, and this Court has reserved
7 jurisdiction to determine this question of the riparian status
8 of the lands of the Vail Company in the Vieja portion of the
9 Santa Rosa Rancho to the Santa Margarita River at such future
10 time as it may be presented to this Court by any party to
11 this cause.

12                                    -66-

13        Lands of the Vail Company on the Santa Rosa Rancho
14 within the drainage area of Murrieta Creek contain 13,928.7
15 acres riparian to said Creek, 3,286.7 acres of which are irri-
16 gable.

17                                    -67-

18        Within the Tucalota Creek sub-watershed on the lands
19 of Vail Company on the Pauba Rancho there are 627.4 acres
20 riparian to said Creek, of which 295.5 acres are irrigable.

21                          RIGHTS TO WATER

22                                    -68-

23        Vail Company lands of the Pauba Rancho within the
24 exterior boundaries of the Murrieta-Temecula Ground Water Area
25 and the Aguanga Ground Water Area as shown on U. S. Exhibit 277
26 have such rights to the use of water from said areas as were
27 or will be determined in Interlocutory Judgment No. 30 (Mur-
28 rieta-Temecula Ground Water Area) and No. 34 (Aguanga Ground
29 Water Area).

30            - - -

31            - - -

                                    34.

-69-

Vail Company lands of the Little Temecula Rancho within the exterior boundaries of the Murrieta-Temecula Ground Water Area as shown on U. S. Exhibit 277 and contained in Interlocutory Judgment No. 30 have such rights to the use of water from said area as were determined in Findings of Fact and Interlocutory Judgment No. 30.

-70-

Vail Company lands of the Temecula Rancho within the exterior boundaries of the Murrieta-Temecula Ground Water Area as shown on U. S.Exhibit 277 and contained in Interlocutory Judgment No. 30 have such rights to the use of water from said area as were determined in Findings of Fact and Interlocutory Judgment No. 30.

-71-

Vail Company lands, described in Finding 17, sub-paragraphs 1-12, inclusive, herein, within the exterior bounda-ries of the Murrieta-Temecula Ground Water Area as contained in Interlocutory Judgment No. 30 have such rights to the use of water from said area as were determined in Findings of Fact and Interlocutory Judgment No. 30.

-72-

Lands of the Vail Company in the Townsite of Temecula as described in Finding 18 herein and further described in Exhibit "A" attached, are in the Murrieta-Temecula Ground Water Area as shown on U. S. Exhibit 277 and contained in Interlocutory Judgment No. 30, and have such rights to the use of water from said area as were determined in Findings of Fact and Interlocutory Judgment No. 30.

- - -

- - -

35.

1                              -73-

2          Vail Company lands on the Santa Rosa Rancho which

3    overlie the Murrieta-Temecula Ground Water Area as shown on

4    U. S. Exhibit 277 and contained in Interlocutory Judgment No.30

5    have such rights to the use of water from said area as were

6    determined in said Findings and Interlocutory Judgment.

7.                             -74-

8          Vail Company lands on the Pauba Rancho within the

9    Tucalota sub-watershed have such rights to the use of water

10   from said area as were determined in Findings of Fact and

11   Interlocutory Judgment No. 31.

12                             -75-

13         Vail Company lands on the Santa Rosa Rancho within

14   the drainage area of DeLuz Creek have such rights to the use of

15   water from said area as was  determined in Findings of Fact and

16   Interlocutory Judgment Nos. 32 and 32A.

17                             -76-

18         Vail Company lands on the Santa Rosa Rancho within

19   the drainage area of Sandia Creek have such rights to the use

20   of water from said area as was determined in Findings of Fact

21   and Interlocutory Judgment Nos. 29 and 29A.

22                             -77-

23         Vail Company lands on the Santa Rosa Rancho and the

24   main stem of the Santa Margarita River have such rights to the

25   use of water from said River as determined in Findings of Fact

26   and Interlocutory Judgment Nos. 39 and 39A.  That as set forth

27   hereinabove no determination is made in these findings and

28   judgment nor in Findings of Fact and Interlocutory Judgment

29   Nos 39 and 39A as to the riparian status to the Santa Margarita

30   River of the lands of Vail Company in the Vieja portion of

31   Santa Rosa Rancho, and this Court reserves jurisdiction to

                               36.

1    determine the riparian status of said lands to the Santa

2    Margarita River at such time as this question may be presented

3    in the future by any party to this cause.

4                              -78-

5              Vail Company lands on the Santa Rosa Rancho within

6    the drainage area of Murrieta Creek and not within the Murrieta-

7    Temecula Ground Water Area have rights to the use of water from

8    said area as was determined in Interlocutory Judgment No. 35A

9                              -79-

10             Waters underlying Vail Company lands, not within the

11   Murrieta-Temecula Ground Water Area (Interlocutory Judgment 30)

12   and not within the Aguanga Ground Water Area (Interlocutory

13   Judgment No. 34) and not contained within the younger alluvial

14   deposits specifically depicted on Exhibits  C *attached hereto.*  do not

15   add to, support nor contribute to the Santa Margarita River or

16   any tributary thereto, and are local, vagrant, percolating

17   waters not a part of said River or any tributary thereto.

18                             -80-

19             That Vail Company lands overlie a portion of the

20   Murrieta-Temecula Ground Water Area described in Findings of

21   Fact and Interlocutory Judgment No. 30. That U.S. Exhibits 17

22   and 18 to which the Court gives credence show that in a lesser

23   area included entirely within the ground water area there are

24•  418,000 acre feet of ground water contained in those alluvial

25   deposits.

26                             -81-

27             Attached to these findings is a copy of Vail Company

28   Exhibit "BM" titled "Lands of Vail Company in Riverside County";

29   said map is for general orientation and descriptive purposes

30   only, due to the small scale.

31              - - -

                              37.

                                   16520

-82-

Reference to Interlocutory Decree 25

That this Court has previously entered Findings of Fact,
Conclusions of Law and Interlocutory Judgment No. 25 pertaining
to a State court judgment in the case of Rancho Santa Margarita
vs. Vail, et al., Case No. 42850 in the records of the Superior
Court of the State of California in and for the County of San
Diego.

CONCLUSIONS OF LAW

-1-

All ground waters which underlie Vail Company lands
not within the Murrieta-Temecula Ground Water Area (Inter-
locutory Judgment No. 30) and not within the Aguanga Ground
Water Area (Interlocutory Judgment No. 34) and not contained
within younger alluvial deposits specifically depicted on
Exhibits C attached hereto. do not add to, support nor contribute to
the Santa Margarita River and are local, vagrant, percolating
waters not a part of the River or any tributary thereto.

-2-

That all surface waters which flow over and upon the
lands of the Vail Company are a part of the Santa Margarita
River and subject to the continuing jurisdiction of this Court.

-3-

Vail Company lands in the Pauba Rancho within the
exterior boundaries of the Murrieta-Temecula Ground Water Area
as determined in Findings of Fact and Interlocutory Judgment
No. 30 have rights to the use of water as determined in said
Findings and Interlocutory Judgment.

-4-

Vail Company lands in the Pauba Rancho within the
exterior boundaries of the Aguanga Ground Water Area as

38.

16521

1   determined in Findings of Fact and Interlocutory Judgment
2   No. 34 have rights to the use of water as determined in said
3   Findings and Interlocutory Judgment.
4                                   -5-
5           Vail Company lands in the Little Temecula Rancho
6   within the exterior boundaries of Murrieta-Temecula Ground
7   Water Area as determined in Findings of Fact and Interlocutory
8   Judgment No. 30 have rights to the use of the water as deter-
9   mined in said Findings and Interlocutory Judgment.
10                                  -6-
11          Vail Company lands in the Temecula Rancho within the
12  exterior boundaries of the Murrieta-Temecula Ground Water Area
13  as determined in Findings of Fact and Interlocutory Judgment
14  No. 30 have rights to the use of waters as determined in said
15  Findings and Interlocutory Judgment.
16                                  -7-
17          Vail Company lands referred to in Findings of Fact 17
18  herein and within the exterior boundaries of Murrieta-Temecula
19  Ground Water Area as determined in Findings of Fact and Inter-
20  locutory Judgment No. 30 have rights to the use of water as
21  determined in said Findings of Fact and Interlocutory Judgment.
22                                  -8-
23          Lands of the Vail Company in the Townsite of Temecula
24  as described in Exhibit A attached hereto are in the Murrieta-
25  Temecula Ground Water Area as determined in Findings of Fact
26  and Interlocutory Judgment No. 30, and have such rights to the
27  use of water as determined in said Findings and Interlocutory
28  Judgment.
29                                  -9-
30          Those portions of the Vail Company lands in the Santa
31  Rosa Rancho which are within the exterior boundaries of the

                                    39.

1   Murrieta-Temecula Ground Water Area as determined in Findings

2   of Fact and Interlocutory Judgment No. 30 have rights to the

3   use of water as determined in said Findings and Interlocutory

4   Judgment.

5                                    -10-

6           Vail Company lands in the Pauba Rancho within the

7   Tucalota sub-watershed have rights to the use of surface waters

8   which flow over and upon the lands within such sub-watershed

9   or ground waters contained within lands located within said

10  sub-watershed as determined in Findings of Fact and Interlocutory

11  Judgment No. 31.

12                                   -11-

13          Vail Company lands in the Santa Rosa Rancho within

14  the drainage area of DeLuz Creek have rights to the use of

15  surface waters which flow over and upon the lands within said

16  drainage area or ground waters contained within lands located

17  within said drainage area as determined in Findings of Fact and

18  Interlocutory Judgment Nos. 32 and 32A.

19                                   -12-

20          Vail Company lands in the Santa Rosa Rancho within

21  the drainage area of Sandia Creek have rights to the use of

22  surface waters which flow over and upon the lands within said

23  drainage area or ground waters contained within lands located

24  within said drainage area as determined in Findings of Fact

25  and Interlocutory Judgment Nos. 29 and 29A.

26                                   -13-

27          Vail Company lands in the Santa Rosa Rancho have

28  rights to the use of the waters of the Santa Margarita River

29  as determined in Findings of Fact and Interlocutory Judgment

30  Nos. 39 and 39A; however, no determination is made herein or in

31  said Findings of Fact and Interlocutory Judgment Nos. 39 and 39A

                                     40.

                                              16523

1    as to the riparian status of the lands of the Vail Company

2    in the Vieja portion of the Santa Rosa Rancho to the Santa

3    Margarita River, and jurisdiction is reserved by this Court

4    to determine the riparian status of said lands to said Santa

5    Margarita River at such time as this question may  be presented

6    in the future by any party to this cause.

7                              -14-

8            Vail Company lands in the Santa Rosa Rancho within

9    the drainage area of Murrieta Creek and not within the Murrieta-

10   Temecula Ground Water Area have such rights to the use of

11   the surface waters which flow over and upon said lands and

12   ground waters contained therein as determined in Findings of

13   Fact and Interlocutory Judgment No. 35A.

14                             -15-

15           That all ground waters contained within the younger

16   alluvial deposits located upon Vail Company lands and depicted

17   on Exhibits C attached hereto  are in a known and definite channel,

18   are not percolating waters, but are in fact a part of the

19   underground flow of the particular stream which flows inter-

20   mittently over and upon the younger alluvial deposits.

21                             -16-

22           Lands of the Vail Company in the Pauba, Little Teme-

23   cula, and Temecula Ranchos are riparian to Temecula Creek.

24                             -17-

25           Lands of the Vail Company in the Temecula Rancho are

26   riparian to Murrieta Creek.

27                             -18-

28           Lands of the Vail Company in the Temecula Rancho

29   except those lands within the Townsite of Temecula and Lot 25,

30   a portion of Lot 26, Lot 27 and Lot 28 all in Block 1, Lot 6

31   and Lot 7, Block 3, the South Half (S½) of Lot 15, Lot 16 in

                             41.

1    Block 1, Pauba Land and Water Company Tract or Subdivision,
2    are riparian to the Santa Margarita River.

3                              -19-

4            Lands of the Vail Company in the Pauba Rancho are
5    riparian to Tucalota, Santa Gertrudis, Long Canyon, Wilson,
6    Arroyo Seco and Kolb Creeks.

7                              -20-

8            Lands of the Vail Company in the Temecula Rancho are
9    riparian to Santa Gertrudis and Long Canyon Creeks.

10                             -21-

11           Lands of the Vail Company in the Nueva portion and
12   the Murrieta Tract of the Santa Rosa Rancho are riparian to
13   Murrieta, Slaughterhouse Canyon, Cole Canyon, Miller and DeLuz
14   Creeks.

15                             -22-

16           Lands of the Vail Company in the Vieja portion of the
17   Santa Rosa Rancho, excepting those lands specifically described
18   in Findings of Fact 16 herein, are riparian to DeLuz and Sandia
19   Creeks.

20                             -23-

21           Lands of the Vail Company in sections 23 and 24 of
22   Township 8 South, Range 2 West, are riparian to the main stem
23   of the Santa Margarita River.

24                             -24-

25           Lands of the Vail Company in the Northeast forty (40)
26   acres of Lot 25, Block 1, Pauba Land and Water Company Tract or
27   Subdivision are riparian to Temecula Creek.

28                             -25-

29           Lands of the Vail Company in Lots 6 and 7, Block 3,
30   Pauba Land and Water Company Tract or Subdivision are riparian
31   to Long Canyon and Murrieta Creeks.

                              42.

16525

-26-

1                            -26-

2        Lands of the Vail Company specifically described in

3  Findings of Fact 17 subparagraph 11 herein are riparian to

4  Pechanga Creek.

5                            -27-

6        Lands of the Vail Company in the Pauba and Temecula

7  Ranchos are riparian to Veeder Creek.

8                            -28-

9        In addition to the specific streams referred to herein-

10  above, there are many named and unnamed streams, tributaries,

11  and watercourses which abut on or traverse Vail Company lands

12  and which have not been considered in detail in these Findings of

13  Fact and Conclusions of Law.  To the extent that any lands of

14  Vail Company held under one chain of title and within the Santa

15  Margarita River watershed abut on or are traversed by any such

16  named or unnamed stream, tributary or watercourse, Vail Company

17  has riparian rights thereto.

18                            -29-

19        The Vail Company is the owner of a valid appropriative

20  right with a priority date of August 16, 1946, to divert and

21  impound 40,000 acre feet of water from the flow of Temecula

22  Creek and streams tributary thereto from about November 1, of

23  each year to about April 30 of the succeeding year to be used

24  for irrigation and domestic purposes.

25                            -30-

26        Said appropriative right referred to in Conclusion of

27  Law 28 above is subject to such terms and conditions as are set

28  forth in Permit 7032.

29                            -31-

30        The rights to be hereinafter exercised pursuant to

31  Permit No. 7032 are subject and junior to prior vested rights

16526

1  in and to the waters of the Santa Margarita-Temecula River

2  as such rights are in these proceedings determined to exist;

3  said rights as provided in Permit No. 7032 are subject to the

4  continuing jurisdiction of the Water Rights Board of the State

5  of California and to the continuing jurisdiction of this Court

6  in this cause.

7                              -32-

8         That the exercise by the Vail Company of all rights

9  to the use of the waters of the Santa Margarita River and its

10 tributaries as provided hereinabove are subject to the continuing

11 jurisdiction of this Court.

12                             -33-

13        That at the present status of this case the issue of

14 apportionment or the quantity or proportion of waters to which

15 any lands are entitled has not been presented, and this Court

16 has taken no evidence directed to establishing whether any

17 water uses pursuant to riparian or overlying rights are

18 reasonable or unreasonable as to amount of water used in the

19 light of correlative rights which may exist as to such waters,

20 and this issue is left open, is not decided herein and shall

21 be litigated by this Court if and when in the future it becomes

22 necessary to do so; in the exercise of this continuing juris-

23 diction this Court will judge and pass upon the exercise of such

24 riparian or overlying right based on the facts as may then appear

25 and pursuant to California law.

26                             -34-

27        Such facts concerning irrigable acreage as are set

28 forth in Findings of Fact Nos. 58 through 66 herein shall be

29 prima facie evidence as to irrigable acreage in any subsequent

30 proceeding before this Court in this cause.  As used herein,

31 - - -

                            44.

                                        16527

1 _prima facie_ evidence is that which suffices for proof of a

2 particular fact until contradicted or overcome by other evi-

3 dence.

4                    -35-

5        Conclusions of Law 1, 2, 3 and 4 as set forth in

6 Conclusions of Law attached to Interlocutory Judgment No. 28

7 (Miscellaneous Surface Impoundments) are incorporated herein and

8 made a part hereof as if set forth in full.

9                    -36-

10        That except as to minor surface impoundments (Finding

11 of Fact 54 and Conclusion of Law 35 herein) which may not be

12 proper riparian uses, and such uses as are made pursuant to

13 Permit No. 7032, all uses of the waters of the Santa Margarita

14 River and its tributaries and all uses of waters which add to and

15 support said River and its tributaries by the Vail Company are

16 as to their character reasonable and beneficial riparian uses.

17                    -37-

18        The fact that water has been conserved by the Vail

19 Company by a comprehensive conservation program will not in any

20 subsequent apportionment proceeding increase the share to which

21 the Vail Company may be entitled.  In any future apportionment

22 proceeding this Court at that time may take such conservation

23 practices into account in determining whether any use of water

24 on Vail Company lands is a reasonable riparian use insofar as

25 it concerns amount of water consumptively required to satisfy

26 a beneficial riparian use.

27                INTERLOCUTORY JUDGMENT

28                    -1-

29        IT IS ORDERED, ADJUDGED AND DECREED that all ground

30 waters which are contained within Vail Company lands not within

31 the Murrieta-Temecula Ground Water Area (Interlocutory Judgment

                    45.

1   No. 30) and not within the Aguanga Ground Water Area (Inter-
2   locutory Judgment No. 34) and not contained within younger allu-
3   vial deposits specifically depicted on Exhibits C *attached hereto* do not
4   add to, support nor contribute to the Santa Margarita River and
5   are local, vagrant, percolating waters not a part of the River or
6   any tributary thereto.

7                                   -2-

8           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
9   rights of Vail Company as the owner of the lands referred to in
10  Paragraph 1 of this Interlocutory Judgment, and its successors
11  and assigns to the use of said ground waters are forever quieted
12  in the Vail Company, its successors and assigns,and against all
13  other parties having rights to the use of the waters of the
14  Santa Margarita River or its tributaries or waters which add to
15  and support said River or its tributaries, their heirs, suc-
16  cessors and assigns.

17                                  -3-

18          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
19  surface waters which flow over and upon any of the lands of the
20  Vail Company within the Santa Margarita River watershed are a
21  part of the Santa Margarita River or a tributary thereto and
22  subject to the continuing jurisdiction of this Court.

23                                  -4-

24          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
25  lands of the Vail Company in the Pauba Rancho within the exterior
26  boundaries of Murrieta-Temecula Ground Water Area as determined
27  in Findings of Fact and Interlocutory Judgment No. 30 have rights
28  to the use of the waters as determined and adjudged in said
29  Findings and Interlocutory Judgment.

30          - - -

31          - - -

                                   46.

1                          -5-

2           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

3   lands of the Vail Company in the Pauba Rancho within the exterior

4   boundaries of the Aguanga Ground Water Area as determined in

5   Findings of Fact and Interlocutory Judgment No. 34 have rights

6   to the use of waters as determined and adjudged in said Findings

7   of Fact and Interlocutory Judgment.

8                          -6-

9           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

10  lands of the Vail Company in the Little Temecula Rancho within

11  the exterior boundaries of the Murrieta-Temecula Ground Water

12  Area as determined in Findings of Fact and Interlocutory Judg-

13  ment No. 30 have rights to the use of water as determined and

14  adjudged in said Findings and Interlocutory Judgment.

15                         -7-

16          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

17  lands of the Vail Company in the Temecula Rancho within the

18  exterior boundaries of the Murrieta-Temecula Ground Water Area

19  as determined in Findings of Fact and Interlocutory Judgment

20  No. 30 have rights to the use of waters as determined and ad-

21  judged in said Findings and Interlocutory Judgment.

22                         -8-

23          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

24  lands of the Vail Company specifically described in Finding of

25  Fact 17 herein and within the exterior boundary of the Murrieta-

26  Temecula Ground Water Area as determined and adjudged in Findings

27  of Fact and Interlocutory Judgment No. 30 have rights to the use

28  of waters as determined and adjudged in said Findings and Inter-

29  locutory Judgment.

30          - - -

31          - - -

                           47.

                                              16530

1                           -9-

2              IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

3    lands of the Vail Company in the Townsite of Temecula as

4    described in Exhibit A attached hereto and made a part of this

5    Interlocutory Judgment as if set forth herein are in the

6    Murrieta-Temecula Ground Water Area as determined in

7    Findings of Fact and Interlocutory Judgment No. 30, and have

8    rights to the use of waters as determined and adjudged in said

9    Findings and Interlocutory Judgment.

10                           -10-

11             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

12   lands of the Vail Company in the Santa Rosa Rancho which are

13   within the exterior boundaries of Murrieta-Temecula Ground Water

14   Area as determined in Findings of Fact and Interlocutory Juog-

15   ment No. 30, have rights to the use of waters as determined and

16   adjudged in said Findings and Interlocutory Judgment.

17                           -11-

18             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

19   lands of Vail Company in the Pauba Rancho within the Tucalota

20   Sub-watershed have rights to the use of the surface waters which

21   flow over and upon the lands within said sub-watershed or

22   ground waters contained within lands located within said sub-

23   watershed as determined and adjudged in Findings of Fact and

24   Interlocutory Judgment No. 31.

25                           -12-

26             IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

27   lands of the Vail Company in the Santa Rosa Rancho within the

28   drainage area of DeLuz Creek have rights to the use of surface

29   waters which flow over and upon the lands within said drainage

30   area or ground waters contained within lands located within said

31   drainage area as determined and adjudged in Findings of Fact and

                              48.

1   Interlocutory Judgment  Nos. 32 and 32A.

2                           -13-

3            IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

4   lands of Vail Company in the Santa Rosa Rancho within the

5   drainage area of Sandia Creek have rights to the use of surface

6   waters which flow over and upon the lands within said drainage

7   area or ground waters contained within lands located within

8   said drainage area as determined and adjudged in Findings of Fact

9   and Interlocutory Judgment Nos. 29 and 29A.

10                          -14-

11           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

12   lands of the Vail Company in the Santa Rosa Rancho have rights

13   to the use of the waters of Santa Margarita River as determined

14   in Findings of Fact and Interlocutory Judgments Nos. 39 and 39A;

15   it is further ordered, adjudged and decreed that no determination

16   is made herein or in said Findings of Fact and Interlocutory

17   Judgments Nos. 39 and 39A as to the riparian status of the lands

18   of the Vail Company in the Santa Rosa Vieja portion of the Santa

19   Rosa Rancho to the Santa Margarita River and jurisdiction is

20   hereby reserved by this Court to determine the riparian status

21   of said lands to the Santa Margarita River at such time as this

22   question may be presented in the future by any party to this

23   cause

24                          -15-

25           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

26   lands of the Vail Company in the Santa Rosa Rancho within the

27   drainage area of Murrieta Creek and not within the Murrieta-

28   Temecula Ground Water Area have rights to the use of the surface

29   waters which flow over and upon those lands and ground waters

30   contained therein as determined and adjudged in Findings of

31   Fact and Interlocutory Judgment No. 35A.

                            49.

                                              16532

-16-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
ground waters contained within younger alluvial deposits speci-
fically depicted on Exhibits C *attached hereto* and within the watershed
of the Santa Margarita River and located upon Vail Company lands
are in a known and definite channel, are not percolating waters,
but are a part of the underground flow of the particular stream
which flows intermittently over and upon the younger alluvial
deposits.

-17-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands
of the Vail Company in the Pauba Rancho, Little Temecula Rancho
and Temecula Rancho are riparian to Temecula Creek.

-18-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That lands
of the Vail Company in the Temecula Rancho are riparian to Murrieta
Creek.

-19-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands
of the Vail Company in the Temecula Rancho except those lands
within the Townsite of Temecula and Lot 25, a portion of Lot 26,
Lot 27 and Lot 28, all inBlock 1, Lot 6 and Lot 7, Block 3,
South Half ($S\frac{1}{2}$) of Lot 15, and Lot 16, Block 1, Pauba Land and
Water Company Tract or Subdivision, are riparian to the Santa
Margarita River.

-20-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands
of the Vail Company in the Pauba Rancho are riparian to Tucalota,
Santa Gertrudis, Long Canyon, Wilson, Arroyo Seco and Kolb  Creeks.

- - -

- - -

16533

-21-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the lands of the Vail Company in the Temecula Rancho are riparian to Santa Gertrudis and Long Canyon Creeks.

-22-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company in the Santa Rosa Nueva and Murrieta Tract portions of the Santa Rosa Rancho are riparian to Murrieta, Slaughterhouse Canyon, Cole Canyon, Miller and DeLuz Creeks.

-23-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company in the Santa Rosa Vieja portion of the Santa Rosa Rancho, excepting those lands specifically described in Finding of Fact 16 herein, are riparian to Sandia Creek.

-24-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company in Sections 23 and 24, Township 8 South, Range 2 West, are riparian to the Santa Margarita River.

-25-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company in the northeast forty (40) acres of Lot 25, Block 1, Pauba Land and Water Company Tract or Subdivision are riparian to Temecula Creek.

-26-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company in Lots 6 and 7, Block 3, Pauba Land and Water Company Tract or Subdivision are riparian to Long Canyon and Murrieta Creeks.

-27-

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that lands of the Vail Company specifically described in Findings of Fact 17,

1   subparagraph 11 herein, are riparian to Pechanga Creek.

2                                    -28-

3           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

4   lands of the Vail Company in the Pauba and Temecula Ranchos are

5   riparian to Veeder Creek.

6                                    -29-

7           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

8   smallest tract of land of the Vail Company held under one chain

9   of title within the Santa Margarita River watershed, a part of

10  which abuts upon or is traversed by younger alluvial deposits

11  as said deposits are depicted on Exhibits C, attached hereto  not

12  heretofore specifically determined to be riparian to a specific

13  stream, have riparian rights to the use of the waters contained

14  in said deposits, and such surface waters as may contribute to

15  or flow over and upon said deposits; it is further ordered, ad-

16  judged and decreed that this Court shall have jurisdiction to

17  make such findings in the future as may be necessary to settle

18  any dispute concerning the use of said waters and this Court

19  shall in the future refer to Exhibits C, attached hereto to determine

20  the location of said younger alluvial deposits on the lands of

21  the Vail Company.

22                                   -30-

23          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in

24  addition to the specific streams referred to hereinabove there

25  are many named and unnamed streams, tributaries and watercourses

26  which abut on or traverse Vail Company lands and which have not

27  been considered in detail in this Interlocutory Judgment.  To

28  the extent that any lands of Vail Company held under one chain

29  of title and within the Santa Margarita River watershed abut on

30  or are traversed by any such named or unnamed stream, tributary

31  or watercourse, Vail Company has riparian rights thereto.

                               52.

1                              -31-

2           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

3    riparian rights of the Vail Company to the use of the waters

4    of the Santa Margarita River stream system and the overlying

5    rights of the Vail Company to the use of ground waters which

6    add to and support said stream system are correlative and are

7    subject to the continuing jurisdiction of this Court.

8                              -32-

9           IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

10   Vail Company is the owner of a valid appropriative right with

11   a priority date of August 16, 1946, to divert and impound

12   40,000 acre feet of water from the flow of Temecula Creek and

13   streams tributary thereto from about November 1 of each year to

14   about April 30 of the succeeding year to be used for irrigation

15   and domestic purposes; it is further ordered, adjudged and

16   decreed that said appropriative right is subject to such terms

17   and conditions as are set forth in Permit No. 7032 (Vail Company

18   Exhibit A in this case), and that the rights to be hereinafter

19   exercised under and pursuant to said Permit are subject and

20   junior to prior vested rights in and to the waters of the Santa

21   Margarita River as such rights are in these proceedings deter-

22   mined to exist, and that said rights as provided in Permit No.

23   7032 are subject to the continuing jurisdiction of the Water Rights

24   Board of the State of California and to the continuing juris-

25   diction of this Court in this cause.

26                             -33-

27          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

28   stated irrigable acreages as set forth in Findings of Fact 58

29   through 66 herein, shall be _prima facie_ evidence as to irrigable

30   acreages in any subsequent proceeding in this Court in this

31   cause.  As used herein, _prima facie_ evidence is that which

                              53.

16536

1 suffices for proof of a particular fact until contradicted or
2 overcome by other evidence.

3                                34.

4          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
5 except as to minor surface impoundments which may not be proper
6 riparian uses, and such uses as are and may be made pursuant
7 to Permit No. 7032, all uses of the waters of the Santa Margarita
8 River and its tributaries and all uses of waters which add to
9 and support said River and its tributaries, by the Vail Company,
10 are as to their character reasonable and beneficial riparian
11 or overlying uses.

12                                35.

13          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
14 except as provided in Permit No. 7032 the construction or
15 maintenance of any structure for the impoundment of surface
16 runoff of the waters of the Santa Margarita River and its
17 tributaries on the lands of the Vail Company has not resulted
18 in the acquisition by the Vail Company of any appropriative
19 or prescriptive right against any party to this cause and the
20 continuing maintenance of such structures or the impoundment
21 of waters therein shall not in the future give rise to any
22 appropriative right or prescriptive right to the use of such
23 waters against any party to this cause, their heirs, successors
24 or assigns.

25                                36.

26          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that no
27 determination is to be made at this time in this Interlocutory
28 Judgment as to the reasonableness of the amounts of water of
29 the Santa Margarita River and its tributaries or waters which
30 add to and support said River and its tributaries used by the
31 Vail Company on its lands in that this issue can only be

16537

1 determined at such time as the Court may be concerned with an

2 apportionment or regulation proceeding.  Jurisdiction is

3 expressly reserved to decide this issue in the future should

4 the need occur, and such issue will be determined by the facts

5 as then appear and pursuant to the laws of the State of

6 California.

7                                    37.

8         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that at

9 the present status of this case the issue of apportionment or

10 the quantity or proportion of waters to which any lands are

11 entitled has not been presented, and this Court has taken no

12 evidence directed to establishing whether any water uses

13 pursuant to riparian or overlying rights are reasonable or

14 unreasonable as to amount of water used in the light of

15 correlative rights which may exist as to such waters, and this

16 issue is left open, is not decided herein and shall be litigated

17 by this Court if and when in the future it becomes necessary to

18 do so; in the exercise of this continuing jurisdiction this

19 Court will judge and pass upon the exercise of such riparian

20 or overlying right based on the facts as may then appear and

21 pursuant to California law.

22                                    38.

23         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

24 Vail Company has no rights to the use of the waters of the

25 Santa Margarita River or its tributaries or waters which add

26 to and support said River and its tributaries except as such

27 rights have been set forth in this Interlocutory Judgment

28 either specifically or by reference to other Interlocutory

29 Judgments in this cause.

30                                    39.

31         IT IS FURTHER ORDEREED, ADJUDGED AND DECREED that

16538

1 based upon the decision of the United States Court of Appeals,
2 Ninth Circuit, <u>California</u> v. <u>United States</u>, 235 F.2d 647, that
3 this is not a final decree, but is interlocutory in character
4 and by reason of the Order of this Court that all parties are
5 adverse one to the other, thus dispensing with cross pleadings,
6 all parties to this proceeding may object to these Findings of
7 Fact, Conclusions of Law and Interlocutory Judgment, and will
8 be given full opportunity, upon due notice, to interpose their
9 objections to these Findings of Fact, Conclusions of Law and
10 Interlocutory Judgment prior to the entry of final judgment in
11 this cause.

12                                    40.

13      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
14 Interlocutory Judgment is not appealable, is not final, and
15 shall not be operative until made a part of the final judgment,
16 and this Court expressly reserves jurisdiction to modify or
17 vacate it either upon its own motion, or upon the motion of
18 any party to this proceeding until such time as final judgment
19 in this case is entered.

20          Dated:_____

21

22

23

24                                    _____
                                            Judge
25

26

27

28

29

30

31

16539