RAMSEY CLARK
Assistant Attorney General
Department of Justice
Washington 25, D. C.

Attorney for the UNITED STATES OF AMERICA

**FILED**

MAY 14 1962

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT<br>ET AL.,<br><br>  Defendants. | No. 1247-SD-C<br><br>MOTION FOR CONSIDERATION<br>AS TO FORM AND CONTENT OF FINAL<br>DECREE, INCLUDING PROVISION FOR<br>PHYSICAL SOLUTION AND APPOINT-<br>MENT OF RIVER MASTER |

Comes now the United States and moves the Court to consider as basis for its final decree to be entered herein the following outline of proposed provisions. It is the purpose of the United States by this Motion to invite the Court and the parties to explore the possibilities for a resolution of this litigation which will afford all owners of legal rights to use these waters of the Santa Margarita River system the fullest opportunity to exercise, and to be protected in the future exercise of, those rights, and at the same time effectively promote the most economical conservation and utilization of the total water resources of the system. In support of the outline of possible provisions submitted, the United States submits that a comprehensive physical solution designed to permit the fullest possible exercise of the legal rights of the parties has to be administered to accomplish sound, economical, and efficient conservation and utilization of the total water resources of the river system, through coordination of storage and control and use of the waters under principles of maximum yield; without such, there

6813

- 2 -

will be continuing waste of valuable waters, presently existing underground reserves will be improvidently depleted, and ultimate destruction of the Temecula-Murrieta ground-water basin and of the Coastal Basin will be threatened, all to the irreparable injury of all parties.

OUTLINE OF PROPOSED PROVISIONS FOR<br>INCLUSION IN FINAL DECREE

A. <u>Apportionment between holders of riparian and overlying rights.</u>

    1. A determination of rights to the use of water of the Santa Margarita system based on substantial riparian and overlying ownerships and judicial decree.

    2. An apportionment of available waters between holders of such rights on the basis of reasonable demands for beneficial use for all potentially permissible uses under such rights, using as the general criterion for determination of such demands acreage reasonably susceptible of profitable irrigation.

    3. Translation of the right of each substantial user within the category delineated in A.1. above into percentages of the total rights of such substantial users based on riparian and overlying ownerships and judicial decree.

    4. Provision that "available waters" would be that total quantity which the River Master determines, as provided under subdivision C.1.(b), may be safely used, and that the share of each owner would be determined by applying to such quantity his percentage entitlement; that owners be permitted to withdraw waters apportioned to them from any source to which their rights attach or to such other sources as the River Master may specify for conservation

- 3 -

purposes, subject to payment of reasonable service charges and proportionate amortization of facility costs if withdrawal is permitted from or through a facility, or involves the use of a facility, in a different ownership; that withdrawals be made generally from points permitting maximum yield and most efficient use of facilities.

5. Provision that the United States be permitted to withdraw its apportionment from the Temecula-Murrieta basin to the extent this is necessary to permit the soundest conjunctive operation of surface reservoirs and groundwater basins.

6. Provision that waters so apportioned to the United States not be restricted to use within the Santa Margarita watershed, except as against owners of riparian and overlying rights who have not waived their right to benefit from such a restriction.

7. Provision that waters not used within such apportionments be available for use by the holders of apportioned rights proportionately to their percentage entitlements in the total apportionment, to the extent such owners can make reasonable beneficial use thereof within the limits of their rights.

B. Surplus Water

1. A determination of all appropriative rights and the priority dates therefor.

2. Provision that apportioned waters not used within the limits of the rights thereto determined as provided in A.1. shall be deemed surplus waters; that such waters,

6815

- 4 -

together with other available surplus, shall be available to the owners of appropriative rights for the use of such waters on the basis of priority at the locations at which such rights attach or on the basis of such agreement as interested parties may make in consideration of contributions to the cost of storage structures and other relevant matters; that "other surplus" shall be waters captured by impoundment structures or otherwise captured, which would not have been put to beneficial riparian use had they not been so impounded or otherwise captured and would not have recharged ground-water basins, and shall be deemed "available" when so determined by the River Master as provided under C.1.(b).

C. <u>Appointment of a River Master</u>

   1. Provision for the appointment of a River Master, with powers as limited by the order of appointment but including appropriate authority to accomplish these purposes:

      (a) To administer rights to the use of water as determined by the decree and to make recommendations for modifications and changes in rights so determined.

      (b) To study, with the best professional advice and assistance available, as determined by the Court, hydrological, geological and related facts to determine the amount of water available at all times within the watershed; to find, from time to time, the amounts which may be safely used within given periods of time as apportioned waters

- 5 -

under A. and the amounts which may be used as surplus waters under B., having due regard for the various sources from which surplus waters may be withdrawn, to the end that there may be provided a sound conservation program for use of the water resources of the Santa Margarita River system without waste, undue evaporation and transpiration losses, harmful depletion, or damage to the ground-water basins or other natural as well as man-made facilities; and to advise owners of rights of the quantities of water to which their rights entitle them within given periods of time, as early as feasible to permit fullest opportunity to such owners to plan for future use of water.

2. Provision that all such determinations by the Master be reviewable by the Court.

3. Provision that annual costs and expenses of the River Master be contributed by the parties in the proportions that the water each uses bears to the total quantity used in each year.

4. Provision that the River Master shall study, advise and encourage the continued operation, abandonment, and construction, including construction by single parties and by two or more parties jointly, of water control facilities to secure maximum yield, conservation and economic utilization; that the River Master shall encourage and cause economic phreatophyte control and related conservation practices.

6817

- 6 -

    5. Provision that the River Master average the annual gross withdrawal to involve Temecula-Murrieta Basin depletion over a 20 to 50-year period, depending on recharge to the basin, demand for water, and availability of water from alternate sources such as desalinized sea water or available Colorado River or Feather River water.

D. Physical Solution and Operating Principles

    1. A finding that the so-called DeLuz Site, immediately below the confluence of the Santa Margarita River and DeLuz Creek, provides the best location for a major surface reservoir to permit fullest development and use of the water resources of the Santa Margarita River system.

    2. Provision that such a structure, if authorized and built and if permissible under the authorization, be placed in conjunctive operation, under supervision of the River Master, with the Vail Dam, the Temecula-Murrieta Ground Basin, the Coastal Basin, and existent and future wells, ditches, impoundment dams and other facilities, so as to permit maximum yields consistent with the economical utilization and conservation of total water resources.

    3. In conjunction with the provisions respecting construction of a DeLuz dam, provision might be made that, if determined by the United States to be practical and engineeringly feasible, and if properly authorized, the United States may construct a physical barrier across Ysidora Narrows to prevent salt water intrusion and to make available greater usable storage capacity in the Coastal Basin; that nevertheless, the Coastal Basin, insofar as feasible, be maintained essentially full to minimize evaporation losses.

- 7 -

E.  Provision for a survey, from time to time, of insubstantial use of water within the watershed not involved in apportioned uses to determine quantity and significance of such use; that lawful insubstantial uses which increase to the level determined to be substantial be included within the apportioned uses from that time on.

This Motion is made without prejudice to the right of the United States to take any action or assert any claim or position whether consistent or inconsistent with the proposals contained therein, which its interests may require.

Respectfully submitted,

UNITED STATES OF AMERICA

*Ramsey Clark*
RAMSEY CLARK
Assistant Attorney General

*David R. Warner*
DAVID R. WARNER

*William H. Veeder*
WILLIAM H. VEEDER
Attorneys
Department of Justice

6819