LODGED

MAY 10 1960

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY.................................
           Deputy Clerk

FILED

NOV 8 1962

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY.................................
           Deputy

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

CIVIL NO. 1247-SD-C

UNITED STATES OF AMERICA, )
                          ) FINDINGS OF FACT AND CONCLUSIONS OF
         Plaintiff,       ) LAW RE PROPERTIES NORTH OF FALLBROOK
                          ) CREEK WATERSHED, WEST OF RAINBOW
     vs.                  ) CREEK WATERSHED, AND SOUTH OF THE
                          ) SANTA MARGARITA RIVER (INCLUDING
FALLBROOK PUBLIC UTILITY  ) CERTAIN PARCELS IN FALLBROOK CREEK
DISTRICT, ET AL           )           WATERSHED)
                          )
         Defendants.      )

Pursuant to the order of reference and appointment of Special Master dated February 12, 1958, filed in this cause, and pursuant to subsequent orders of the Court and of the Special Master, this cause came on regularly for hearing as to parcels of property lying north of Fallbrook Creek watershed, west of Rainbow Creek watershed, and south of the Santa Margarita River, and as to certain parcels of property in Sections 17 and 20, of Township 9 South, Range 3 West, which lie within the Fallbrook Creek watershed but which were not specifically described in Exhibit A attached to and incorporated as a part of the Findings and Conclusions made with reference to said watershed, before JOHN M. CRANSTON, Special Master, at the Reche Schoolhouse near Fallbrook, California, on November 3, 1958, and March 2, 1959; William H. Veeder, Esq., and Donald W. Redd, Esq., appeared as attorneys for the plaintiff. Messrs. Sachse and Price, by Franz R. Sachse, Esq., appeared as attorneys for the Fallbrook

72

Public Utility District;

Ⲁ The following defendant was present in person on one or more days of the hearings: E. S. McCormick.

Evidence, both oral and documentary, having been introduced by the respective parties, the Special Master, after deliberating thereon, makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

I

The area here considered lying north of Fallbrook Creek watershed, west of Rainbow Creek watershed, and south of the Santa Margarita River, constitutes a portion of the watershed of the Santa Margarita River; the legal description of all parcels of property lying within said area here considered and the names of the apparent owners of each parcel (including the legal descriptions and the names of the apparent owners of certain parcels of property located in Sections 17 and 20, both in Township 9 South, Range 3 West, at least portions of which are physically located within the Fallbrook Creek watershed but which were not considered in the Findings proposed with reference to said Fallbrook Creek watershed) at the time the Lis Pendens was filed herein are set forth in plaintiff's Exhibits MF7a to MF7F inclusive, copies of which Exhibits collectively marked "Exhibit A" are attached hereto and by this reference are incorporated herein the same as though herein set forth in full.

II

All of the parcels of property referred to in said Exhibit A attached hereto which are identified by the Letters RR in the margin of said Exhibit opposite said descriptions were at the time of the filing of the Lis Pendens herein riparian to the main stream of the Santa Margarita River; all of the parcels of property referred to in said Exhibit A attached hereto which are

2.

73

1  identified by the letters RT in the margin of said Exhibit
2  opposite said descriptions were at the time of the filing of
3  the Lis Pendens herein riparian and are traversed by tributaries
4  which flow into the Santa Margarita River; and all of said parcels
5  referred to in said Exhibit A attached hereto which are identified
6  by both the letters RR and the letters RT in the margin of said
7  Exhibit A opposite said descriptions were riparian at the time
8  of the filing of the Lis Pendens herein both to the main stream
9  of the Santa Margarita River and to a tributary thereof.

### III

Additional evidence is to be offered either before the Court or before the Special Master with reference to all of said parcels referred to in said Exhibit A which are riparian to the main stream of the Santa Margarita River, and the making of Findings of Fact and Conclusions of Law as to said parcels is deferred until such evidence shall have been introduced; no statement in any subsequent portions of these Findings of Fact and Conclusions of Law affects or refers to any parcel of property which is riparian to the main stream of the Santa Margarita River whether said property is, or is not, also riparian to a tributary of the Santa Margarita River.

### IV

Certain defendants have entered into agreements or stipulations with the plaintiff herein, under which plaintiff has agreed not to object to certain uses of water by said defendants; references in subsequent Findings of Fact and Conclusions of Law to "a stipulation" are to such stipulations.

### V

Those parcels of property specifically described in said Exhibit A attached hereto which are identified as follows:
Parcel 93W-17, 73, owned by Gordon W. Monfort, and others;
Parcel 93W-17, 5; and Parcel 93W-8, 11X1, owned by Fred J. Stenton

and others; and Parcel 93W-7-15X1, owned by A. O. Kunkel and Ada J. Kunkel, were each formerly portions of larger parcels of property which parcels were riparian to the Santa Margarita River or one of its tributaries; in each case the defendant Fallbrook Public Utility District condemned or purchased a portion of said larger parcel which was physically riparian to said river or tributary, with the result that said parcels above identified are now physically severed from, and are not physically riparian to, said river or tributary; in each instance, however, the instrument by which the Fallbrook Public Utility District acquired title to said intervening land attempted to reserve to the parcels above mentioned in this paragraph all riparian rights which said parcels had previously possessed; the legal effect of said conveyances and attempted reservations has not been considered by the Master and is left open for future determination.

VI

The parcels of property referred to in said Exhibit A attached hereto which are not specifically mentioned in Finding V above, and which are not marked either with the letters RR or the letters RT in the margin of said Exhibit, are not riparian to any stream or creek within the area above mentioned.

VII

The water, if any, underlying any and all of said parcels referred to in Findings V and VI above is vagrant, percolating water not a part of the surface or sub-surface flow of any stream or creek, and it is unnecessary to make any further findings with reference to the nature and character of any of said parcels, or the water uses and rights thereof.

VIII

All tributaries of the Santa Margarita River within the area above mentioned in their natural condition flow only during and immediately after periods of heavy precipitation; during said

4.

times there is some water in said tributaries which forms a part of the Santa Margarita River system; except for said brief periods no water flows naturally in any of said tributaries across any of the parcels of property identified on said Exhibit A attached hereto as property riparian to a tributary of the Santa Margarita River (excepting those parcels which are also riparian to the main stream of the Santa Margarita River, as to which parcels the making of Findings is deferred as above stated), and except during periods of heavy precipitation and immediately thereafter said parcels are not riparian to the Santa Margarita River, or any tributary thereof; any water flowing in any of said tributaries at any time except during said periods of heavy precipitation and immediately thereafter is waste water from the irrigation of adjacent parcels of property with water which has been imported into said area from sources outside the Santa Margarita River watershed; the waters, if any, underlying all of said parcels are vagrant, percolating waters not a part of the surface or subsurface flow of any stream or creek within the boundaries of the Santa Margarita River watershed; there is no evidence that any specific amount of water could be withdrawn from any of said tributaries of the Santa Margarita River lying within the area above mentioned, and put to beneficial use upon any of said parcels of property during said periods of heavy precipitation and immediately thereafter, and the total amount of water which could be diverted and used during said periods is negligible; it is unnecessary to make any further findings at this time with reference to the nature and character of any of said parcels or the water uses and rights thereof.

IX

No evidence has been introduced respecting any prescriptive rights or concerning any rights to appropriate water from any of said tributaries of the Santa Margarita River lying within the

5.

76

area above mentioned.

Based upon the foregoing Findings of Fact, the Special Master makes the following

## CONCLUSIONS OF LAW

### I

No prescriptive or appropriative rights with reference to the use of water constituting a portion of the surface or sub-surface flow of the Santa Margarita River, or any tributary thereto, within the area hereinabove described and not referred to in Finding III, have been perfected.

### II

Wherever a stipulation as defined in Finding IV above has been, or is hereafter, executed with reference to a parcel, or portion of a parcel, of property within the area hereinabove described which property is not referred to in Finding III above, the effect of the stipulation should be determined by the Court in the light of the preceding findings. No adjudication as to water rights and uses of parcels of property within the area above described (excluding property referred to in Finding III above) need be made, or should be made, in this action. No judgment hereafter rendered in this action shall in any manner limit or impair the rights of the owners of any parcel of property within the area hereinabove described, which property is not referred to in Finding III, whether or not said property is riparian to any tributary of the Santa Margarita River referred to in Finding VIII hereinabove, to extract or use waters underlying any of said property, nor shall any judgment rendered herein have any effect upon said parcels of property, and any judgment rendered in this action shall expressly declare that all sub-surface waters in the area referred to in these Conclusions are vagrant, percolating waters not a part of the sub-surface flow of the Santa Margarita River system, and shall further clear each of said parcels from any

6.

77

cloud cast upon the title or water rights of said parcel by the filing of this action and the recording of the Lis Pendens herein, or the execution of any stipulation.

The foregoing Findings of Fact and Conclusions of Law are respectfully submitted by the Special Master to the Court for consideration by the Court in connection with Findings of Fact and Conclusions of Law heretofore proposed for the DeLuz Creek and Fallbrook Creek watershed areas, and additional Findings of Fact and Conclusions of Law hereafter to be made as a partial basis for the final judgment to be rendered herein upon the conclusion of the entire case as to all parcels of property.

DATED: February 17, 1960.

_____
SPECIAL MASTER