*Nunc Pro Tunc 8-21-61*

FILED                    LODGED

NOV 8 - 1962

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

APR 4  1961

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFOR.
By _____

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

CIVIL NO. 1247-SD-C

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
        vs.                     )    FINDINGS OF FACT AND CONCLUSIONS
                                )    OF LAW RE RAINBOW CREEK WATERSHED
FALLBROOK PUBLIC UTILITY        )
DISTRICT, ET AL                 )
                                )
            Defendants.         )

        Pursuant to the order of reference and appointment of Special
Master, dated February 12, 1958, filed in this cause, and pursuant
to subsequent orders of the Court and of the Special Master, this
cause came on regularly for hearing as to parcels of property lying
within the Rainbow Creek watershed, before John M. Cranston, Special
Master, at the Reche Schoolhouse near Fallbrook, California on April
6, May 4, May 5, May 25, June 22, September 17, November 2, 1959 and
January 11, 1960; William H. Veeder, Esq. and Donald W. Reed, Esq.
appeared as attorneys for the plaintiff. Messrs. Sachse and Price,
by Franz R. Sachse, Esq. appeared as attorneys for the Fallbrook
Public Utility District, Emma Bateman, aka  Emma Perry, Houston H.
Bouslog, Matt Barr, Gertrude Crabtree, Estate of Orice Crabtree,
James R. Chess, Kathleen P. Chess, Frank R.  Capra, Lucille W.
Capra, Roy H. Costello, Flora H. Costello, James F. Clemons,
Dorothy B. Clemons, Harry A. Chapman, Sybil E. Chapman, Arno H.
Ehrig, Data Ehrig, Alexandra Ghika de Arocha, Annie Hostetter,
William D. Hayes, Erna G. Hayes, William F. Hanes, Bertie B.
Hanes, E. W. Hamilton, Nellie M. Hamilton, L. Neal Hook, Frances
K. Hook, W. E. Knight, T. Gale Knight, Mildred I. Knight, M. W.

Knight, Helena Knight, Robert H. Keller, Gordon W. Monfort,
Estate of Frank C. McCracken, Geneva B. Nicholas, Donald K.
Osborne, Maxine K. Osborne, Mitchell Perry, Thomas V. Paulson,
Victor J. Paulson, Alma E. Paulson, A. W. Ray, O. Lester Riggle,
Maude A. Riggle, Katharine Speed, Fred J. Stenton, Florence M.
Stenton, Franz R. Sachse, Rowena Sachse, George Elmer Shoudy,
Dorothy L. Shoudy, Max D. Thompson, Mattie Thompson, Harold D.
Yaple, Nellie E. Yaple, and James F. Clemons; Tom Halde, Esq.
appeared as attorney for the defendants Carl N. Halde and Hester
M. Halde; P. W. Willett, Esq. appeared as attorney for the defen-
dants Eugene Swearington and Ardyth Louise Lattimer; George
Stahlman, Esq. appeared as attorney for the defendant Vail Company;
and G. Norman Kennedy, Esq. appeared as attorney for the defen-
dants Ed M. Suderman and Doris Lucille Suderman; the following
defendants were present in person on one or more days of the
hearings: Steven Nemeth, James Warren, Max Henderson, Iris D.
Warren, Robert L. Freeman, Mrs. Robert L. Freeman, Granville
Pepple and Ethel S. Pepple; Arnold Glindset,  W. B. Haney, and
Lewis M. Cleveland;

Evidence both oral and documentary having been introduced
by the respective parties, the Special Master after deliberating
thereon makes the following Findings of Fact and Conclusions of
Law:

## FINDINGS OF FACT

### I

Rainbow Creek is one of the tributaries of the Santa
Margarita River; the legal descriptions of all parcels of property
included within the watershed of said Rainbow Creek, and the names
of the apparent owners of each parcel at the time the Lis Pendens
was filed herein, are set forth in Plaintiff's Exhibit MR20, a
copy of which exhibit, marked "Exhibit A", is attached hereto, and
by this reference incorporated herein the same as though herein set

2.

1  forth in full; since the filing of the Lis Pendens herein the
2  parcel of property identified as Parcel 100 described on page 74
3  of said Exhibit A has been transferred from Franz R. Sachse and
4  Rowena Sachse to L. Neal Hook and Frances K. Hook, and the deed
5  of trust upon said property referred to in Exhibit A has been paid
6  in full; also since the filing of the Lis Pendens herein, W. B.
7  Haney shown on said Exhibit A as the owner of the parcel of property
8  identified as Parcel 62 described on page 36 of said Exhibit A has
9  sold 48 acres of the 53 acres contained in said parcel and said
10  W. B. Haney now owns only approximately 5 acres of said parcel
11  located south and west of the road which traverses said parcel.

II

13  Certain defendants have entered into agreements or
14  stipulations with the plaintiff herein under which plaintiff has
15  agreed not to object to certain uses of water by said defendants;
16  references in subsequent findings to "a stipulation" are to such
17  stipulations.

III

19  The parcel designated as Parcel 1 on said Exhibit A is
20  owned by the plaintiff; additional evidence is to be offered with
21  reference to said parcel and the making of Findings of Fact and
22  Conclusions of Law as to said parcel is deferred until the conclu-
23  sion of the trial of the entire case.

IV

25  The following parcels of property the exact legal descrip-
26  tions of which are set forth in said Exhibit A attached hereto are
27  not riparian to any stream or creek within the Rainbow Creek water-
28  shed; the water, if any, underlying any and all of said parcels
29  is vagrant, percolating water not a part of the surface or sub-
30  surface flow of any stream or creek within the boundaries of the
31  Rainbow Creek watershed; and it is unnecessary to make any further
32  findings with reference to the nature and character of any of said

3.

81

parcels or the water uses and rights thereof.

The parcels referred to in this Finding IV and the names of the persons apparently having interests therein are as follows:

Parcel No. 2, apparent owners: Lawrence R. Carter and Paula Gillett Carter; defendants have filed a stipulation;

Parcel No. 6, apparent owners: John Vinzant and Rosa Vinzant, subject to a trust deed to Bank of America National Trust & Savings Association, as Trustee, in favor of Minnie M. Meyer (formerly Minnie M. Tesch), and Edward Meyer, as Beneficiaries; said defendants have filed an answer;

Parcel No. 11, apparent owner: Max Schneider;

Parcel No. 13, apparent owners: George Arthur Stites and Katherine Jean Stites;

Parcel No. 14, apparent owner: F. Robert Clugage;

Parcel No. 16, apparent owners: Alfred Morris and Julia V. Morris as to an undivided one-half interest, and John Cianfrini and Carol Joan Cianfrini as to an undivided one-half interest, subject to a deed of trust to Bank of America National Trust & Savings Association, as Trustee, in favor of Alfred Morris and Julia V. Morris, as Beneficiaries; said defendants have filed an Answer;

Parcel No. 17, apparent owner: The Church of Thelema;

Parcel No. 18, apparent owner: Arnold Glindset; said defendant has filed an answer;

Parcel No. 21, apparent owners: Donald K. Osborne and Maxine K. Osborne, subject to a deed of trust to Bank of America National Trust & Savings Association, as Trustee, in favor of W. N. Davis, as Beneficiary; said defendants have filed an Answer;

Parcel No. 22, apparent owners: James Warren and Dorothy Culling Warren; said defendants have filed an answer;

4.

82

Parcel No. 23, apparent owner: Gertrude J. Teel;

That portion of Parcel No. 24 more particularly described as Lot 4 (the Northwest Quarter of the Northwest Quarter) of Section 6, Township 9 South, Range 2 West, SBB&M, in the County of San Diego, State of California, apparent owner: Henrietta May Johnson;

Parcel No. 26, apparent owner: Harry F. Lillie;

Parcel No. 27, apparent owner: Delmar I. Perigo;

Parcel No. 28, apparent owners: Herbert E. Jago and Gertrude A. Jago; said defendants have filed an answer;

Parcel No. 29, apparent owners: Walker M. Ware and Althea O. Ware; defendants have filed an answer;

Parcel No. 30, apparent owner: Floyd E. Wade; said defendant has filed an answer;

Parcel 31-A, apparent owner: Drain M. Marshall;

Parcel No. 32, apparent owner: State of California;

Parcel No. 37, apparent owners: James L. Hudspeth and Lottie Jane Hudspeth;

Parcel No. 50, apparent owners: James R. Chess and Kathleen T. Chess; said defendants have filed an answer;

Parcel No. 51, apparent owners: Orville A. Lindell and Charlotte L. Lindell, subject to a deed of trust to Bank of America National Trust & Savings Association, as Trustee, in favor of James R. Chess and Kathleen T. Chess, beneficiaries;

Parcel No. 53, apparent owners: Robert M. Brunson, Herbert J. Peterson and Herman Yaras, subject to a deed of trust to Security Title Insurance Company, as Trustee, in favor of Adelaide Prudden, as Beneficiary; the defendants Herbert J. Peterson and Herman Yaras have filed an answer;

Parcel No. 54, apparent owners: Hilda R. Buttress as to an undivided one-half interest and Floyd C. Walker and Grace N. Walker, as to an undivided one-half interest; said defendants have filed an answer;

33

Parcel No. 56, apparent owner: Paul D. Mortz; said defendant has filed an answer;

Parcel No. 57, apparent owner: Iris Dixie Warren; said defendant has filed an answer;

Parcel No. 59, apparent owners: Harold W. Morris, Dorothy Morris, Billie Morris and Diana Morris;

Parcel No. 60, apparent owners: Harold D. Yaple and Nellie E. Yaple; said defendants have filed an answer;

Parcel No. 64, apparent owners: K. I. Martin and Eulilla Martin;

Parcel No. 69-B, apparent owners: A. W. Ray and Matt Barr, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of William H. Deniston and Dawn Ann Harvey, as Beneficiaries; the defendants A. W. Ray and Matt Barr have filed an answer;

Parcel No. 74, apparent owner: Geneva B. Nicholas; said defendant has filed an answer;

Parcel No. 74-A, apparent owners: Ernie Gagliano, Florence Gagliano, Ray Gagliano and Florene Gagliano, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of the heirs and devisees of William Harry Nicholas, deceased, as Beneficiaries; said defendants have filed an answer;

Parcel No. 78, apparent owners: E. W. Hamilton and Nellie M. Hamilton, subject to a deed of trust to Land Title Insurance Company, as Trustee, in favor of The Connecticut Mutual Life Insurance Company, as Beneficiary; said defendants have filed an answer;

Parcel No. 79, apparent owners: S. H. Harris and Mabelle E. Harris;

Parcel No. 80, apparent owners: Alice K. Gurney and Thomas Gurney, subject to a deed of trust to Bank of America

6.

National Trust and Savings Association, as Trustee, in favor of
Bianca Inhelder, as Beneficiary; said defendants have filed an
answer;

Parcel No. 81, apparent owners: Charles H. Berry and
Carlotta Berry; said defendants have filed an answer;

Parcel No. 82-A, apparent owners: Benjamin F. Porter
and Dorothy K. Porter, subject to a deed of trust to Bank of
America National Trust and Savings Association, as Trustee, in
favor of Eveline Kennedy and John E. Brown, as Beneficiaries;
said defendants have filed an answer;

Parcel No. 82-B, apparent owners: Benjamin F. Porter
and Dorothy K. Porter, subject to a deed of trust to R. W. Hollen-
berg, State Director of the Farmers Home Administration for the
State of California, or his successor in office, as Trustee, in
favor of United States of America, acting through the Administrator
of the Farmers Home Administration, as Beneficiary; said defendants
have filed an answer;

Parcel No. 83, apparent owners: David S. Crawford and
Constance L. Crawford, subject to a deed of trust to Continental
Auxiliary Company, as Trustee, in favor of Bank of America National
Trust and Savings Association, as Beneficiary; said defendants have
filed an answer;

Parcel No. 84, apparent owners: Thomas V. Paulson, Victor
J. Paulson and Alma E. Paulson; said defendants have filed an
answer;

Parcel No. 85, apparent owner: Luther H. Moulton, subject
to a deed of trust to Union Title Insurance and Trust Company, as
Trustee, in favor of Connecticut Mutual Life Insurance Company, as
Beneficiary, and to a deed of trust to Land Title Insurance Company,
as Trustee, in favor of Clarence E. Johnson, as Beneficiary;

Parcel No. 86, apparent owners: Arthur B. Caughlan and

7.

85

Helen Murphy Caughlan, subject to a deed of trust to Continental Auxiliary Company, as Trustee, in favor of Bank of America National Trust and Savings Association, as Beneficiary; said defendants have filed an answer;

Parcel No. 87, apparent owners: James M. Warner, Jr., and Marion W. Warner; said defendants have filed an answer;

Parcel No. 88, apparent owners: Albert D. Boosing and Patrona Delgado Boosing; said defendants have filed an answer;

Parcel No. 89-A, apparent owner: William P. Olmsted, subject to a deed of trust to Security Trust & Savings Bank of San Diego, as Trustee, in favor of Henrietta Eliot Ross; said defendant has filed an answer;

Parcel No. 89-B, apparent owner: William P. Olmsted, subject to a deed of trust to Corporation of America, as Trustee, in favor of Bank of America National Trust and Savings Association, as Beneficiary; said defendant has filed an answer;

Parcel No. 96, apparent owner: E. W. Hamberger;

That portion of Parcel No. 101 more particularly described as the Northeast Quarter of the Southeast Quarter of Section 16, Township 9 South, Range 3 West, SBB&M, in the County of San Diego, State of California; apparent owners: Frank R. Capra and Lucille W. Capra; said defendants have filed an answer;

Parcel No. 102, apparent owners: William E. Ingalls and Vera E. Ingalls, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Ben G. Martin and Blanche E. Martin, as Beneficiaries; said defendants have filed an answer;

Parcel No. 103, apparent owners: Charles J. Coast and Carrol June Coast, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Levi L. Carlile and Grace F. Carlile, as Beneficiaries; said defendants have filed an answer;

8.

Parcel No. 105, apparent owner: Albert Umino, also known as Masao Umino;

Parcel No. 106, apparent owner: Rainbow Municipal Water District;

Parcel No. 107, apparent owner: Alexandra Ghika de Arocha; said defendant has filed an answer;

Parcel No. 108, apparent owners: Earle E. Soudan and Dorothy Soudan, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of George H. Zinn and Maude M. Zinn, as Beneficiaries; said defendants have filed an answer;

Parcel No. 111, apparent owners: Arthur C. Malette and Radee Malette, subject to a deed of trust to Continental Auxiliary Company, as Trustee, in favor of Bank of America National Trust and Savings Association, as Beneficiary;

Parcel No. 112, apparent owner: Geddie W. McKethan, Jr., subject to a deed of trust to Security Trust & Savings Bank of San Diego, as Trustee; in favor of Earl O. Pearson, as Beneficiary;

Parcel No. 114, apparent owners: Arthur J. Plante and Emilienne Plante, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Edwin F. Nay and Barbara J. Nay, as Beneficiaries;

Parcel No. 115, apparent owners: J. C. Buttner, Sr., and Clara Judy Buttner, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Clarence C. Chandler and Alice Chandler, Fred W. Varney and Lucille Varney, as Beneficiaries;

Parcel No. 116, apparent owners: Ardashes Nighohossian and Anita Juanita Nighohossian;

Parcel No. 117, apparent owners: George Needham and Mildred L. Needham, subject to a deed of trust to Bank of

9.

American National Trust and Savings Association, as Trustee, in favor of Ichiko Noguchi, George Beausoleil and Nina Beausoleil, as Beneficiaries; said defendants have filed an answer;

Parcel No. 119, apparent owner: Department of Veterans Affairs of the State of California, subject to an agreement to purchase by William H. Hitt and Ruth A. Hitt, who have filed an answer;

Parcel No. 120, apparent owners: Steven Nemeth and Mabel L. Nemeth; said defendants have filed an answer;

Parcel No. 145, apparent owners: Clarence W. Snow and Naomi G. Snow, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of John Steinhoff, as Beneficiary; and subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of T. C. Snodgrass and Lorene Snodgrass, as beneficiaries;

Parcel No. 147, apparent owner: San Diego Gas and Electric Company;

Parcel No. 151, apparent owners: Arno H. Ehrig and Data Ehrig, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Jonathan Stickney Radcliffe, as Beneficiary; the defendants have filed an answer;

Parcel No. 176, apparent owners: Gordon Goodwin and Anne C. Goodwin, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Clarence H. Gardner and Kathryn S. Gardner, as Beneficiaries; the defendants have filed an answer;

Parcel No. 177, apparent owners: Jack R. Ragland and Dorsey Ragland.

10.

V

The following parcels of property, the exact legal descriptions of which are set forth in said Exhibit A attached hereto, are traversed by intermittent streams which flow only during and immediately after periods of heavy precipitation; during said times there is some water in said streams which forms a part of the Santa Margarita River System; except for said brief periods, no water flows in any of said streams across any of the parcels of property referred to in this Finding V, and except during said periods of heavy precipitation and immediately thereafter said parcels are not riparian to the Santa Margarita River, or any of its tributaries; the waters, if any, underlying any and all of said parcels are vagrant, percolating waters not a part of the surface or sub-surface flow of any stream or creek within the boundaries of the Santa Margarita watershed; there is no evidence that any specific amount of water could be withdrawn from any of said intermittent streams and put to beneficial use upon any of said parcels of property during said periods of high precipitation and immediately thereafter, and the total amount of water which could be so diverted and used during said periods is negligible; it is unnecessary to make any further findings at this time with reference to the nature and character of any of said parcels or the water uses and rights thereof.

The parcels referred to in this Finding V and the names of the persons apparently having interests therein are as follows:

Parcel No. 12, apparent owner: John Lucien Clugage;

Parcel No. 15, apparent owner: Ina L. Clugage, subject to a mortgage in favor of John L. Clugage;

Parcel No. 19, apparent owner: Arnold Glindset, subject to a deed of trust to Oceanside Finance Company, as Trustee, in favor of Oceanside Federal Savings and Loan Association, as benefi-

11.

89

ciary; defendant Glindset has filed an answer;

Parcel No. 20, apparent owners: Albert J. Huber and
Eunice M. Huber;

That portion of Parcel No. 24, consisting of Lots 1
and 8 (the Northeast Quarter of the Northeast Quarter) of Section
6, Township 9 South, Range 2 West, SBB&M, in the County of San
Diego, State of California; apparent owner: Henrietta May Johnson;

Parcel No. 25, apparent owners: James C. Morgan and
Mildred A. Morgan;

Parcel No. 39-A, apparent owners: H. C. Woodrow and
Lillian L. Woodrow; said defendants have filed an answer;

Parcel No. 55, apparent owners: Ray E. Badger and Ruth
C. Badger as to an undivided 1/4 interest, Chaffee Young and
Lois M. Young as to an undivided 1/4 interest, and Franklin L.
Barnes and Alice G. Barnes as to an undivided 1/2 interest; all
of said defendants have filed answers;

Parcel No. 58, apparent owners: Houston H. Bouslog,
Robert H. Keller, Gordon W. Monfort, subject to a deed of trust
to Union Title Insurance and Trust Company, as Trustee, in favor
of Glenn M. Thompson and Mary Traylor Thompson, Beneficiaries,
and subject to a deed of trust to Union Title Insurance and
Trust Company, as Trustee, in favor of William F. Hanes and
Bertie B. Hanes, as Beneficiaries; the defendants have filed
answers;

Parcel No. 61, apparent owners: W. D. Hayes and Erna
G. Hayes, subject to a deed of trust to Bank of America National
Trust and Savings Association, as Trustee, in favor of Verne G.
Shipley and Luella G.  Shipley, as Beneficiaries; said defendants
Hayes and Shipley have filed answers;

Parcel No. 68, apparent owners: Fred J. Stenton and
Florence M. Stenton, subject to a deed of trust to Continental
Auxiliary Company, as Trustee, in favor of Bank of America

12.

National Trust and Savings Association, as Beneficiary; defendants
Stenton have filed an answer;

Parcel No. 69-A, apparent owner: William H. Deniston;
said defendant has filed an answer;

Parcel No. 69-C, apparent owners: William H. Deniston
and Dawn Ann Harvey; said defendants have filed an answer;

Parcel No. 70, apparent owners: Harley C. Pyron and
Roberta L. Pyron, subject to a deed of trust to Bank of America
National Trust and Savings Association, as Trustee, in favor of
Elizabeth M. Hass, as Beneficiary; defendants Pyron have filed
an answer;

Parcel No. 71, apparent owners: William A. Sim and
Dorothy A. Sim, subject to a deed of trust to Title Investment
Service, as Trustee, in favor of Elizabeth M. Hass, as Benefi-
ciary; said defendants have filed an answer;

Parcel No. 72, apparent owner: Margaret R. Wisdom;

Parcel No. 73, apparent owners: Lawrence Kirk and
Marguerite Kirk and Katherine K. Peterson; said defendants have
filed an answer;

Parcel No. 75, apparent owner: Margaret Laurette Eachel
Gallacher, as Trustee under the Will of Margaret Laura Eachel,
deceased; said defendant has filed an answer;

Parcel No. 76, apparent owners: Mark Gallacher and
Margaret Laurette Gallacher; said defendants have filed an answer;

Parcel No. 77, apparent owners: Grant K. Phillips and
Beatrice W. Phillips, subject to a deed of trust to Union Title
Insurance and Trust Company, as Trustee, in favor of The
Connecticut Mutual Life Insurance Company, as Beneficiary; said
defendants Phillips have filed an answer;

Parcel No. 90, apparent owners: Hugh Scott and Myrtle
Harris Scott and Fallbrook Public Utility District; said defendants
have filed answers;

13.

Parcel No. 91, apparent owners: Hugh Scott and Myrtle Harris Scott and George R. Harris; said defendants have filed an answer;

Parcel No. 92, apparent owners: Eugene Neal Swearingen, Ardythe Louise Lattimer and Violet P. Homes, Guardian; said defendants have filed an answer;

Parcel No. 92-A, apparent owner: Eugene N. Swearingen, defendant has filed an answer;

Parcel No. 95, apparent owners: L. Neal Hook and Frances K. Hook, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of E. Morse McDonald, Jr., as Beneficiary; said defendants Hook have filed an Answer;

Parcel No. 97, apparent owners: Byron S. Kipp and Margaret Kipp;

Parcel No. 98, apparent owners: George R. Harris and Zurlene Harris, and Fallbrook Public Utility District; said defendants have filed answers;

Parcel No. 99, apparent owners: George R. Harris and Zurlene Harris; said defendants have filed an answer;

Parcel No. 100, apparent owners: L. Neal Hook and Frances K. Hook; said defendants have filed an answer;

Parcel No. 104, apparent owner: Frank C. McCracken;

Parcel No. 110, apparent owners: Edgar A. Richards, Jr., and Ruth M. Richards, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Charles C. Wyatt and Emma Phoebe Wyatt, as Beneficiaries; said defendants Richards have filed an answer;

Parcel No. 143, apparent owners: John A. Hampton and Bessie P. Hampton; said defendants have filed an answer;

14.

92

Parcel No. 144, apparent owners: Clare P. Dean and Pearl E. Dean;

Parcel No. 146, apparent owners: Elizabeth Steward Williams and W. H. Williams; said defendants have filed an answer;

Parcel No.58 above mentioned, is a portion of the same parcel as Parcel 93W-17,73 referred to in paragraph 5 of the findings of fact and conclusions of law with reference to the property north of Fallbrook Creek watershed, west of Rainbow Creek watershed, and south of the Santa Margarita River (including certain parcels in Fallbrook Creek watershed), dated February 17, 1960. Parcel 68, above mentioned, is a portion of the same parcel as Parcel 93W-8-11X1, referred to in said paragraph 5 of said findings, dated February 17, 1960;

Nothing herein contained shall constitute a determination of the legal effect of the attempted reservation of rights referred to in said Finding V of said findings, dated February 17, 1960.

VI

The following parcels of property, the exact legal descriptions of which are set forth in said Exhibit A attached hereto, are not riparian to any stream or tributary within the Santa Margarita River watershed, but the waters underlying said parcels, and each of them, constitute a part of Rainbow Creek; there is no evidence in the record as to the acreage in any of said parcels, or the irrigable acreage in any of said parcels, or as to the uses to which said parcels may be put, or as to the use of water or the present development of water upon any of said parcels, and it is therefore impossible to make further findings on these matters as to any of said parcels.

The parcels referred to in this Finding VI and the names of the persons apparently having interests therein are as follows:

15.

Parcel No. 128-A, apparent owners: Arch H. McClintock and Elizabeth A. McClintock;

Parcel No. 133, apparent owner: Richard A. Bremseth, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Glenn E. Hovenden and Helen R. Hovenden, as Beneficiaries; defendant Bremseth has filed an answer;

Parcel No. 135, apparent owners: Verne Royal and Nancy Royal, subject to a deed of Trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Glenn E.Hovenden and Helen R.Hovenden, as Beneficiaries; defendants Royal have filed an answer;

Parcel No. 158, apparent owners: Floyd W. Rail and Isabella  Rail, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Earnest M. Lincoln and Julia K. Lincoln, as Beneficiaries; said defendants Rail and Lincoln have filed answers;

Parcel No. 161, apparent owners: Rhoda Ludy and Edward Ludy; said defendants have filed answers;

Parcel No. 162, apparent owners: Clentie G. Howard and Birdie M. Howard; said defendants have filed an answer;

Parcel No. 163, apparent owners: Martin H. Swanson and Margaret B. Swanson;

Parcel No. 165-C, apparent owners: Patrick A. Vaughan and Margaret P. Vaughan, subject to a deed of trust to Security Title Insurance Company, as Trustee, in favor of Laguna Federal  Savings and Loan Association, as Beneficiary;

Parcel No. 165-D, apparent owners: Robert D. Barnes and Patricia A. Barnes;

Parcel No. 166, apparent owner: Vallecitos School District of San Diego County, California as to all of said parcel lying within the Santa Margarita Watershed; this finding shall not be construed as a determination that the southeasterly portion of said parcel lies within said watershed, nor as a determination

16.

94

1    that the waters, if any, underlying any portion of said land which
2    is not physically within the Santa Margarita watershed constitute
3    a portion of the underground flow of Rainbow Creek.

4        Parcel No. 168, apparent owners: Kenneth O. Brown and
5    Helen L. Brown, subject to a deed of trust to Bank of America
6    National Trust and Savings Association, as Trustee, in favor of
7    Marjorie L. Tanana, as Beneficiary;

8        Parcel Nos. 170, 172 and 173, apparent owners: George
9    H. Ramsey and Nellie L. Ramsey; said defendants have filed an
10   answer;

11       Parcel No. 170-A, apparent owners: Loren S. Bremseth

16a.                                           95

1  and Lois J. Bremseth, as to an undivided 1/2 interest, and Richard

2  A. Bremseth as to an undivided 1/2 interest; said defendants have

3  filed answers;

4  Parcel No. 171, apparent owners: Loren S. Bremseth and

5  Lois J. Bremseth, subject to a deed of trust to Bank of America

6  National Trust and Savings Association, as Trustee, in favor of

7  George H. Ramsey and Nellie L. Ramsey, and Stephen J. Hathaway,

8  as Beneficiaries; said defendants Bremseth and Ramsey have filed

9  answers;

10  Parcel No. 174, apparent owner: United Concrete Pipe

11  Corporation;

12  Parcel No. 181, apparent owners: James L. Dameri and

13  Robert L. Dameri, subject to a deed of trust to Bank of America

14  National Trust and Savings Association, as Trustee, in favor of

15  Walfred E. Johnson, Selma A. Johnson, Vendit L. Johnson and

16  Genevieve S. Johnson, as Beneficiaries; said defendants Dameri

17  have filed an answer.

VII

19  The following parcels of property, the exact legal de-

20  scriptions of which are set forth in Exhibit A attached hereto,

21  are riparian to Rainbow Creek and all waters underlying any of

22  said parcels constitute a part of Rainbow Creek; there is no

23  evidence in the record as to the acreage in any of said parcels,

24  or the irrigable acreage in any of said parcels, or as to the

25  uses to which said parcels may be put, or as to the use of water

26  or the present development of water upon any of said parcels,

27  and it is therefore impossible to make further findings on these

28  matters as to any of said parcels;

29  The parcels referred to in this Finding VII and the

30  names of the persons apparently having interests therein are as

31  follows:

17.

Parcel No. 131, apparent owners: Donald Harris Britting-
ham, Kenneth Marion Brittingham and Dora Belle Brittingham;

Parcel No. 131-A, apparent owners: Andrew V. Brazil and
Ida M. Brazil:

Parcel No. 138, apparent owners: William Clark Greer and
Anita A. Greer;

Parcel No. 141, apparent owners: Southern Counties Gas
Company of California and American Trust Company (Trustee);

Parcel No. 157-A, apparent owners: Alvin R. Fuller and
Lillian E. Fuller;

Parcel No. 164, apparent owner: Ted Connely; said
defendant has filed answers;

Parcel No. 126, apparent owners: Roy H. Costello and
Flora H. Costello, subject to a deed of trust to Security Title
Insurance Company, as Trustee, in favor of Earnest M. Lincoln and
Julia K. Lincoln, as Beneficiaries; however, said defendants
Costello and Lincoln have filed answers affirmatively alleging
that said property is not riparian to any stream, and the plaintiff
in answer to Requests for Admissions filed herein has admitted
that the waters underlying said land are vagrant, local and
percolating waters, and therefore for the purposes of this action
said parcel shall be treated as non-riparian, and the waters under-
lying said parcel shall be treated as vagrant, percolating waters.

18.

VIII

The following parcels of property, the exact legal descriptions of which are set forth in said Exhibit A attached hereto, are not riparian to Rainbow Creek; the waters underlying the alluvial deposits in the portion of each parcel which is adjacent to the channel of Rainbow Creek, or a tributary thereof, constitute a part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of each of said parcels are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; there is no evidence in the record as to the acreage in any of said parcels, or the irrigable acreage in any of said parcels, or as to the uses to which said parcels may be put, or as to the use of water or the present development of water upon any of said parcels, and it is therefore impossible to make further findings on these matters as to any of said parcels.

The parcels referred to in this Finding VIII and the names of the persons apparently having interests therein are as follows:

Parcel No. 47, apparent owners: Ernest P. Burley and Alice M. Burley; said defendants have filed an answer;

Parcel No. 52, apparent owners: Reuel B. Minton and Halcyon A. Minton;

Parcel No. 127, apparent owner: A. C. Byer;

Parcel No. 148, apparent owners: Jessie L. Shears as to an undivided 1/4 interest, Robert V. Shears as to an undivided 1/2 interest, and Ruth S. Shears, as to an undivided 1/4 interest;

Parcel No. 149, apparent owner: Forest J. Brady; said defendant has filed an answer;

Parcel No. 150, apparent owners: Harold W. Barkow and Marcella C. R. Barkow; said defendants have filed an answer;

19.

1     Parcel No. 153, apparent owners: Thomas A. Kriegel and

2   Edna C. Kriegel;

3     Parcel No. 178, apparent owners: Lewis M. Cleveland and

4   Helene Whelan  Cleveland; said defendants have filed an answer;

5     Parcel No. 178-A, apparent owners: Stephan Kercsak and

6   Maria Kercsak.

7                              IX

8     The following parcels of property, the exact legal

9   descriptions of which are set forth in said Exhibit A attached

10  hereto, are riparian to Rainbow Creek; the waters underlying the

11  alluvial deposits in the portion of each parcel along the course

12  of Rainbow Creek are part of the subsurface flow of Rainbow Creek;

13  the waters, if any, underlying the balance of each of said parcels

14  are vagrant, percolating waters not a part of the surface or sub-

15  surface flow of any stream; there is no evidence in the record as

16  to the acreage in any of said parcels, or the irrigable acreage

17  in any of said parcels, or as to the uses to which said parcels

18  may be put, or as to the use of water or the present development

19  of water upon any of said parcels, and it is therefore impossible

20  to make further findings on these matters as to any of said parcels.

21    The parcels referred to in this Finding IX and the names

22  of the persons apparently having interests therein are as follows:

23    Parcel No. 3, apparent owners: Orice Crabtree (deceased)

24  and Gertrude Crabtree; Gertrude Crabree has filed answers herein;

25    Parcel No. 4, apparent owner: Metropolitan Water District

26  of Southern California;

27    Parcel No. 5, apparent owners: E. E. Clouse and Edna E.

28  Clouse (deceased); said defendant E. E. Clouse has filed an answer;

29    Parcel No. 8, apparent owners: James H. Townsend and

30  Julianna M. Townsend, subject to a trust deed to Security First

31  National Bank of Los Angeles, as Trustee, in favor of Frank Zagorc

32                              20.

and Anna Zagorc as Beneficiaries; and subject to a deed of trust
to Security Title Insurance Company, as Trustee, in favor of
Edward Meyer and Minnie M. Meyer, as Beneficiaries;

Parcel No. 9, apparent owners: John C. Scott and Virginia
R. Scott;

Parcel No. 10, apparent owner: Louis Turley Culling;

Parcel No. 34, apparent owners: Ora L. Burch and Adele
Burch; said defendants have filed an answer;

Parcel No. 41, apparent owners: Joseph D. Maher, Jr. a minor,
and Joseph D. Maher, Sr. guardian;

Parcel No. 42, apparent owner: Richard C. Maher;

Parcel No. 45, apparent owners: Clifford T. Gossman and
Hilda I. Gossman, and Gene R. Yonuschot, subject to a deed of trust
to Land Title Insurance Company, as  Trustee, in favor of Martin
A. Andersen and Elizabeth Andersen, as Beneficiaries; and subject
to a deed of trust to Security Title Insurance Company, as Trustee,
in favor of Louise Yonuschot, as Beneficiary; the defendants
Gossman have filed an answer;

Parcel No. 46, apparent owner: Albert G. Burbank;

Parcel No. 48, apparent owners: Edward Andrew Madden and
Melba Ruth Madden, subject to a deed of trust to Security Title
Insurance Company, as Trustee, in favor of Alfred E. Lutze and
Sadie C. Lutze, as Beneficiaries;

Parcel No. 65, apparent owners: Walter E. Dethlefs, Sr.
and Mary E. Dethlefs, subject to a deed of trust to Union Title
Insurance and Trust Company, as Trustee, in favor of C. C. Hanes
and Viva Hanes, as Beneficiaries; the defendants Dethlefs have
filed an answer;

Parcel No. 66, apparent owners: Wilfred L. Traylor and
Laura Howell Traylor, and Ida E. Howell; the defendants Traylor
have filed an answer;

21.

Parcel No. 67, apparent owner: Fallbrook Public Utility District;  said defendant has filed an answer;

Parcel No. 93, apparent owners: Isaac N. Kraushaar and Beth L. Kraushaar;

Parcel No. 94, apparent owners: Lloyd Beattie and Alma Beattie, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Charles L. Krafft and Lenora G.Krafft, as Beneficiaries; the defendants Beattie and Krafft have filed answers;

Parcel No. 122, apparent owners: Ray M. Tuttle and Juanita Tuttle;  said defendants have filed an answer;

Parcel No. 123, apparent owner: Theodore Connely; said defendant has filed an answer;

Parcel No. 124, apparent owners: Edward R. Dennler and Florence L. Dennler, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Theodore  Connely, as Beneficiary; said defendants Dennler have filed answers;

Parcel No. 136, apparent owners: Fred C. Rodeck and Ruby F.  Rodeck, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Zana A. Royal, as Beneficiary; said defendant Royal has filed an answer;

Parcel No. 142, apparent owner: The Metropolitan Water District of Southern California.

X

The apparent owners of Parcel 7, the exact legal description of which is set forth in said Exhibit A attached hereto are W. E. Knight, T. Gale Knight, Mildred I. Knight, Katharine Speed, M. W. Knight, Helena Knight, Max D.  Thompson, Mattie Thompson, Annie Hostetter, Emma Bateman aka Perry, Mitchell

22.

101

Perry,  Estate of Orice Crabtree, Gertrude Crabtree, subject to
a deed of trust to  Security First National Bank of Los Angeles,
as Trustee, in favor of Joseph Schneider, as Beneficiary; the
defendants T. Gale Knight, Katharine Speed, Max D. Thompson, Mattie
Thompson, Annie Hostetter, Emma Bateman, aka Perry, and  Gertrude
Crabtree have filed answers; said property is riparian to Rainbow
Creek; the waters underlying the alluvial deposits in a narrow
band along the course of Rainbow Creek are part of the subsurface
flow of Rainbow Creek; the waters, if any, underlying the balance
of the parcel are vagrant, percolating waters not a part of the
surface or subsurface flow of any stream; said parcel contains
93.4 acres, 37.2 acres of which are irrigable; the most productive
and profitable uses to which said land can be devoted at the pres-
ent time are as follows: 24.7 acres of row crops and 12.5 acres
of avocados; there are 2 dug wells, one 15 feet deep and 5 feet
in diameter pumped by a 3/4 H.P. electric motor-driven pump,
and the other 20 feet deep with a 54 inch  casing powered by a
farm tractor power take-off; there is also a spring from which
domestic water is obtained, and a 10,000 gallon cylindrical tank;
there is no evidence in the record as to the extent of the use of
water for irrigation purposes or for uses other than domestic
purposes.

XI

The apparent owners of Parcel No. 31,the exact legal
description of which is set forth in said Exhibit A attached
hereto, are Blaine W. Lanterman, Merle Rusmisell and Madeline
Rusmisell; said defendants have filed an Answer; said property
is riparian to Rainbow Creek; the waters underlying the alluvial
deposits in a narrow band along Rainbow Creek in the easterly
portion of the property are a part of the subsurface flow of
Rainbow Creek; the waters, if any, underlying the balance of

23.

102

the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 23.1 acres, 9.6 acres of which are irrigable; the most productive and profitable uses to which said land can be devoted at the present time are as follows:  7 acres row crops and 2.6 acres avocados; there are 2 wells in the southeastern part of the property near the stream-bed of Rainbow Creek, one a dug well 26 feet deep and 4 feet square pumped by a 3 H.P. electric motor-driven pump and the other a drilled well 23 feet deep and 16 inches in diameter pumped by a 1 H.P. electric motor-driven pump; in addition, there are two drilled wells in the same general area, one 62 feet deep and 16 inches in diameter and the other 11 feet deep and 6 inches in diameter, neither of which is equipped with a pump; there is no evidence as to the present water usage on the property.

XII

The apparent owners of Parcel No. 33, the exact legal description of which is set forth in said Exhibit A attached hereto, are William L. Beck and Marjorie P. Beck, subject to a deed of trust to Oceanside Finance Company, a corporation, as Trustee, in favor of  Oceanside Federal Savings & Loan Association, as Beneficiary; said defendants Beck have filed an Answer; said property is riparian to Rainbow Creek and all waters underlying said property constitute a part of Rainbow Creek; said parcel contains six-tenths of an acre of land all of which is irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there is a drilled well 20 feet deep and 6 inches in diameter on the property, pumped by a 1/2 H.P. electric motor-driven pump; there is no evidence of present water usage on the property.

24.

XIII

The apparent owners of Parcel No. 35, the exact legal description of which is set forth in said Exhibit A attached hereto, are Johnie Garner and Elizabeth B. Garner; subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Justina R. Beck, as Beneficiary; the defendants Garner have filed an answer; said property is riparian to Rainbow Creek and all waters underlying said property constitute a part of Rainbow Creek; said parcel contains approximately 9/10ths of an acre all of which is irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there are two dug wells on the property, one 17 feet deep and 3 feet in diameter, with a 1/2 H.P. pump, and the other 15 feet deep and 3 feet in diameter; the first well is located centrally on the property and the second near the stream-bed of the north fork of Rainbow Creek; there is no evidence of the extent of present water usage.

XIV

The apparent owners of Parcel No. 36, the exact legal description of which is set forth in said Exhibit A attached hereto, are Frank W. Fowler and Ellen T. Fowler; said defendants have filed an answer; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposits in the easterly portion of the property are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 7.3 acres, of which 1.3 acres are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there is a 42-foot dug well on the property pumped by a 3/4 H.P. pressure pump, and there is also another well 7 feet deep and 5 feet in diameter which has not been used for

25.

some time; there is no evidence of the present water usage on this parcel.

XV

The apparent owners of Parcel No. 38, the exact legal description of which is set forth in said Exhibit A attached hereto, are Clerk Caldwell Barnes and Betty Bell Barnes; said defendants have filed an answer; the portion of said parcel lying within the southeast quarter of the southeast quarter of Section 36, Township 8 South, Range 3 West, San Bernardino Base & Meridian, is riparian to Rainbow Creek; the question as to whether or not the balance of said parcel, namely: the portion thereof lying within the northwest quarter of the southeast quarter of said Section 36, Township 8 South, Range 3, West, is or is not riparian need not be decided since the waters, if any, underlying said portion of said parcel lying in said northwest quarter are vagrant, percolating waters not a part of the surface or subsurface flow of any stream or creek, and it is therefore unnecessary to make any further findings with reference to the nature and character of said portion of said parcel, or the water uses and rights thereof.

Insofar as the portion of said parcel lying within the southeast quarter of the southeast quarter of said Section 36 is concerned, the waters underlying the alluvial deposits in the eastern portion of the property in a narrow band along Rainbow Creek are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of said portion of said parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said portion of said parcel contains 3.7 acres, 2.4 acres of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there is a dug well 24 feet deep, 36 inches in diameter, near the stream-bed of the north fork of Rainbow Creek which is pumped by a 1/2 H.P. electric motor-driven pump; water is

26.

105

at present used for domestic purposes and for about an acre of berries.

XVI

The apparent owners of Parcel No. 39, the exact legal description of which is set forth in said Exhibit A attached hereto, are William D. Hayes and Erna G. Hayes, subject to a deed of trust to Security Title Insurance Company, as Trustee, in favor of Howard N. Farmer and Hildegard T. Farmer, as Beneficiaries; said defendants Hayes and Farmer have filed answers; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposits in the eastern portion of the parcel confined to a narrow band along the channel of Rainbow Creek are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 4.3 acres, 3.1 acres of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there is a dug well 12 feet deep and 5 feet in diameter pumped by a 1/2 H. P. electric motor-driven pressure pump, located near the stream-bed of the north fork of Rainbow Creek; there is no evidence as to the extent of the present water usage upon this property.

XVII

The apparent owners of Parcel No. 40, the exact legal description of which is set forth in said Exhibit A attached hereto, are Jacob A. McKathnie and Alice Louise McKathnie; said defendants have filed an answer; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposits in the eastern portion of the property in a narrow band along Rainbow Creek are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any

27.

stream; said parcel contains 13.4 acres, 6.7 acres of which are
irrigable; the most productive and profitable use to which said
land can be devoted at the present time is the growing of row
crops; there are two dug wells on the property, each 48 inches
in diameter and concrete lined; one well is 22 feet deep with a
1 H. P. electric motor-driven pump, and the other is 16 feet deep
with no pump installed at the present time; there is no evidence
of present water usage on this property.

XVIII

The apparent owners of Parcel No. 43, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are Vernon D. Simpson and Anna B. Simpson; said defendants
have filed an answer; said property is riparian to Rainbow Creek
and all waters underlying said property constitute a part of
Rainbow Creek; said parcel contains 2.2 acres of land, all of
which are irrigable; the most productive and profitable use to
which said land can be devoted at the present time is the growing
of row crops; there is a dug well 12½ feet deep, 5 feet in diameter,
pumped by a 1/4 H.P. electric motor-driven pump located on the west
boundary of the property near the stream-bed of the north fork of
Rainbow  Creek; there is no evidence in the record as to the pres-
ent usage of water on this property.

XIX

The apparent owners of Parcel No. 44, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are Harry E. Emery and Charlotte Mary Ellen Emery; said
property is not riparian to Rainbow Creek, but the waters underly-
ing the alluvium in the eastern portion of the property near to
the channel of Rainbow Creek constitute a part of the subsurface
flow of Rainbow Creek; the waters, if any, underlying the balance
of the parcel are vagrant, percolating waters not a part of the
surface or subsurface flow of any stream; said parcel contains

28.

107

1   4.2 acres, 2 acres of which are irrigable; the most productive

2   and profitable uses to which said land can be devoted at the

3   present time are as follows: 6/10ths acre row crops and 1.4 acres

4   avocados; there is a dug well on the property near the stream-bed

5   of Rainbow Creek 17 feet deep and 3 feet in diameter, pumped by a

6   1 H.P. electric motor-driven pump; there is also a spring located

7   in the high ground near the western boundary of the property;

8   water for the irrigation of 3/4ths of an acre of fruit trees is

9   collected and stored in a 10,000 gallon cylindrical reservoir in

10  the northwest portion of the property.

11                              XX

12          The apparent owner of Parcel No. 49, the exact legal

13  description of which is set forth in said Exhibit A attached

14  hereto, is Charles E. Stubblefield, Sr.; said defendant has filed

15  an answer; said property is riparian to Rainbow Creek; the waters

16  underlying the alluvial deposits along the easterly boundary of

17  said property are part of the subsurface flow of Rainbow Creek;

18  the waters, if any, underlying the balance of the parcel are

19  vagrant, percolating waters not a part of the surface or sub-

20  surface flow of any stream; said parcel contains 150.5 acres,

21  36.3 acres of which are irrigable; the most productive and

22  profitable uses to which said land can be devoted at the present

23  time are as follows:  32 acres of row crops and 4.3 acres of

24  avocados; there is a dug well about 50 feet deep located in the

25  central portion of the property, pumped by a 1/2 H.P. electric

26  motor-driven pump, which well is used for domestic purposes; a

27  well about 37 feet deep and a well about 20 feet deep which could

28  be used either for domestic supply or irrigation purposes; there

29  are 2 springs on the property, one of which flows the year round

30  and the other during wet seasons only; a reservoir is located at

31  the base of the hill below the latter spring; said reservoir is a

32  reinforced concrete tank 24 feet square and 6 feet deep with a

                              29.

capacity of about 26,000 gallons; at present water is used only for domestic purposes and for a one-acre lemon grove.

### XXI

The apparent owner of Parcel No. 62, the exact legal description of which is set forth in said Exhibit A attached hereto, is W. B. Haney, a married man, as his sole and separate property; said defendant has filed an answer; said property is riparian to the main channel of Rainbow Creek; the waters underlying the alluvial deposits in the channel of Rainbow Creek are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel consists of 52.3 acres, 33.4 acres of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of avocados; there is a dug well 43 feet deep and 3 feet in diameter pumped by a 15 H.P. electric motor-driven deep well pump; there is also a reservoir formed by an earth-filled dam across two intermittent streams near the western boundary of the property which reservoir has a capacity of about 3 acre-feet; there is no evidence in the record as to the present water usage upon this parcel.

### XXII

The apparent owners of Parcel No. 63, the exact legal description of which is set forth in said Exhibit A attached hereto, are Granville G. Pepple and Ethel S. Pepple, subject to a deed of trust to L. Stewart Hinkley, State Director of Farmers Home Administration for the State of California, or his successors in office, as Trustee, in favor of United States of America acting through the Farmers Home Administration, U. S. Department of Agriculture, and duly authorized representatives, as Beneficiaries; said defendants Pepple have filed an answer;  said property is riparian to Rainbow Creek; the water underlying the alluvial

30.

1  deposits in the channel of Rainbow Creek are part of the subsurface
2  flow of Rainbow Creek; the waters, if any, underlying the balance
3  of the parcel are vagrant, percolating waters not a part of the
4  surface or subsurface flow of any stream; said parcel contains
5  36.9 acres, 22.7 acres of which are irrigable; the most productive
6  and profitable uses to which said land can be devoted at the pres-
7  ent time are as follows:  3.2 acres row crops and 19.5 acres
8  avocados; there is at present a well situated in the channel of
9  Rainbow Creek from which water is pumped for the irrigation of
10  400 avocado trees, together with an unspecified number of orange
11  trees; from time to time in the past 12 or 13 acres have been
12  irrigated at one time from this well.

XXIII

14  The apparent owners of Parcel No. 101, the exact legal
15  description of which is set forth in said Exhibit A attached
16  hereto, are Frank R. Capra and Lucille W. Capra; said defendants
17  have filed an answer; said property is riparian to Rainbow Creek;
18  the waters underlying the alluvial deposits in the channel of
19  Rainbow Creek are part of the subsurface flow of Rainbow Creek;
20  the waters, if any, underlying the balance of the parcel are
21  vagrant, percolating waters not a part of the surface or sub-
22  surface flow of any stream; said parcel contains 671.3 acres;
23  37.8 acres of which are irrigable; the most productive and profit-
24  able uses to which said land can be devoted at the present time
25  are as follows: 11.2 acres row crops and 26.6 acres avocados;
26  there are no developed water sources on this property at the
27  present time but there is one storage reservoir located on an
28  intermittent tributary of Rainbow Creek formed by an earth-filled
29  dam with a capacity of about 4 acre-feet; this reservoir lies
30  immediately south of the southerly boundary of Parcel No. 61 as
31  described on Exhibit A; there is no evidence in the record of the
32  present water usage on this property.

31.

110

XXIV

The apparent owners of Parcel No. 113, the exact legal description of which is set forth in said Exhibit A attached hereto, are Benjamin Alexander Hitt, William Henry Hitt and Robert Thomas Hitt; said defendants have filed an answer; said property is not riparian to any stream or tributary within the Santa Margarita River watershed, but the waters underlying said property constitute a part of Rainbow Creek; said parcel consists of approximately 2.5 acres all of which are irrigable; the most productive and profitable use to which said property can be devoted at the present time is the growing of row crops; there is a 28 foot dug well located centrally in the parcel, and water from this well is now used for domestic purposes for a small garden and for about 10 fruit trees.

XXV

The apparent owners of Parcel No. 116, the exact legal description of which is set forth in said Exhibit A attached hereto, are Rowland W. Schultz and Daisy D. Schultz, subject to a deed of trust to Bank of America National Trust and Savings Association, as Trustee, in favor of Ben G. Martin and Blanche E. Martin, as Beneficiaries, and subject to a deed of trust to the State Director, Farmers Home Administration for the State of California, U. S. Department of Agriculture, as Trustee, in favor of the United States of America acting through the Administrator of Farmers Home Administration, as Beneficiary; the defendants Schultz and Martin have filed Answers; said property is riparian to Rainbow Creek, and the waters, if any, underlying the alluvial deposits in the southeastern portion of said property are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 15.4 acres all of which are irrigable;

32.

the most productive and profitable uses to which said land can
be devoted at the present time are as follows: 14.6 acres of row
crops and .8 acres of avocados; there are two dug wells on the
property, neither of which is now used; one well is located near
the south boundary of the property and is about 20 feet deep and
5 feet in diameter, and the other well is located near the east
boundary of the property and is about 45 feet deep and 6 feet in
diameter; a small earth-filled dam with a capacity of about
2 acre-feet is located on the intermittent stream in the southern
part of the property; there is no evidence as to the present
agricultural usages on this property, except that there is a house
located thereon.

XXVI

The apparent owners of Parcel No. 121, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are Carl N. Halde and Hester M. Halde; said defendants
have filed answers; said property is riparian to Rainbow Creek;
the waters underlying the alluvial deposits in and near the
channel of Rainbow Creek are part of the subsurface flow of
Rainbow Creek; the waters, if any, underlying the balance of the
parcel are vagrant, percolating waters not part of the surface
or subsurface flow of any stream; said parcel contains 40 acres,
19.8 acres of which are irrigable; the most productive and profit-
able uses to which said land can be devoted at the present time
are as follows:   13 acres row crops, 6.8 acres avocados; there
are two wells located near the stream-bed of Rainbow Creek; one
well is 500 feet northeast of the residence, 11 feet deep, 12 feet
in diameter, pumped by a 2 H.P. pump; this well has two 48-inch
diameter laterals extending about 20 feet under the creek-bed;
the second well is 200 feet northwest of the residence, and is
a hand-dug well, 5 feet in diameter, 14 feet deep, with a 3 H.P.
pump; each well is connected to a 2-inch pipe distribution system

33.

112

leading to two storage tanks 250 feet southwest of the residence; one tank has a capacity of 10,400 gallons, the other has a capacity of 6,300 gallons; there are also two swimming pools on the property, one with a capacity of 34,700 gallons, the other with a capacity of 30,000 gallons; there are three storage reservoirs; two of these reservoirs are on a tributary of Rainbow Creek, one with a capacity of 2 acre-feet, and the other with a capacity of 75,000 gallons, a third reservoir is located 600 feet north of the residence but is unlined and is not now used;  a fourth reservoir is under construction and will be formed by a reinforced concrete dam in the stream-bed of Rainbow Creek; at maximum capacity, it would hold 3.2 acre-feet but at the present state of construction its capacity is 0.4 acre-feet; there is no evidence in the record as to the present usage of water on the property.

XXVII

The apparent owners of Parcel No. 125, the exact legal description of which is set forth in said Exhibit A attached hereto, are Ed M. Suderman and Doris Lucille Suderman; said defendants have filed a stipulation; said property is riparian to and is traversed by Rainbow Creek for a distance of approximately 100 feet in the extreme northwest corner; the express finding that this property is so physically traversed by Rainbow Creek is not, and shall not  be construed as an indication that any other specific parcel or property referred to in these findings as riparian either is, or is not, physically traversed by Rainbow Creek; the waters underlying the small alluvial deposits in the extreme northwesterly corner of the parcel are a part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 17.1 acres, 16.1 acres of which are irrigable;

34.

the most productive and profitable uses to which said land may be
devoted at the present time are as follows:  11.6 acres row crops
and 4.5 acres avocados; domestic water is presently supplied to
this property from a hand-dug well 5 feet in diameter equipped
with a 1½ H.P. motor located on Rainbow Creek in the northwest
corner of the property; there is also a reservoir on the highest
point of the property with a capacity of approximately 77,800
gallons; at the present time there are approximately 35 deciduous
and citrus fruit trees including some avocados under cultivation
on said land; the property is planted to some crops; a truck
garden is planted each year, and approximately five acres of
the northerly portion of the land is planted to grain each year
and has been for more than five years last past; the natural
growth of trees and bushes on the land is carefully preserved
and tended.   Certain ground cover is maintained and ornamental
plants, shrubs and flowers are planted and cultured on said land.

XXVIII

The apparent owners of Parcel No. 128, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are Walfred E. Johnson, Selma A. Johnson, Vendit L.
Johnson and Genevieve S. Johnson; the defendants Selma A. Johnson,
Vendit L. Johnson and Genevieve S. Johnson have filed an answer;
said property is riparian to Rainbow Creek and the waters underly-
ing all of said property, excepting the ridge in the southeast
corner of the property and the hilly area in the extreme northwest
corner of said parcel constitute a part of Rainbow Creek;  the
waters, if any, underlying the ridge in the southeast corner of
said parcel, and the waters, if any, underlying the hilly area in
the extreme northwest corner of said parcel, are vagrant, percolat-
ing waters, not a part of the surface or subsurface flow of any
stream;  said parcel contains 17.1 acres, 12.6 acres of which are
irrigable; the most productive and profitable uses to which said
land can be devoted at the present time are as follows: 12.6 acres
of row crops; there is a hand-dug well about 14 feet deep and
5 feet in diameter and also a combination well and surface diver-
sion located on the bank of Rainbow Creek; there is no evidence
as to the present water usage upon this property.

XXIX

The apparent owner of Parcel No. 129, the exact legal
description of which is set forth in said Exhibit A attached
hereto, is Dorothy Moffat; said defendant has filed an answer;
said property is not riparian to any stream or tributary within
the Santa Margarita River watershed, but all waters underlying
said property constitute a part of the Rainbow Creek; said parcel
contains 14 acres, all of which are irrigable; the most productive
and profitable use to which said property can be devoted at the

35.

1   present time is the growing of row crops; there are three dug

2   wells on the property, one 42 feet deep, 4 feet in diameter,

3   pumped by a 1½ H.P. electric motor-driven pump, one 25 feet deep

4   pumped by a fractional H.P. electric motor-driven pump, and a

5   third unused well about 30 feet deep; there is a cylindrical

6   steel tank of the capacity of 5,000 gallons elevated 6 feet above

7   the ground in the northwest corner of the property; at the pres-

8   ent time water for domestic uses and irrigation of 9 acres of

9   citrus is obtained from these wells.

10                          XXX

11         The apparent owner  of Parcels No. 130 and 134, the

12   exact legal descriptions of which are set forth in said Exhibit A

13   attached hereto, is Zana A. Royal; said defendant has filed an

14   answer; said Parcel No. 130 is riparian to Rainbow Creek; Parcel

15   No. 134 is not riparian to any stream within the Santa Margarita

16   River watershed; all waters underlying each of said parcels

17   constitute a part of Rainbow Creek; Parcel No. 130 consists of

18   approximately 10 acres and Parcel No. 134 consists of approxi-

19   mately 4.5 acres, all of which are irrigable; the most productive

20   and profitable use to which said parcels can be devoted at the

21   present time is the growing of row crops; there is a dug well

22   4 feet in diameter and 30 feet, pumped by a 1/3 H.P. electric motor-

23   driven pump near U. S. Highway 395 on Parcel No. 134, and a dug

24   well 5 feet in diameter and 60 feet deep pumped by a 1 H.P. elec-

25   tric motor-driven pump adjacent to Rainbow Creek on Parcel No.130;

26   the two wells are connected to a central distribution system; no

27   water is now being used from these wells and all water for domes-

28   tic and irrigation purposes at the present time is obtained from

29   the Rainbow Municipal Water District; there is no evidence as to pre-

30   sent water usage on these parcels.

31

32                          36.

XXXI

The apparent owners of Parcel No. 132, the exact legal description of which is set forth in said Exhibit A attached hereto, are Jesse Sheldon Boren and Ida Boren; said defendants have filed an answer; said property is riparian to Rainbow Creek and all waters underlying said property constitute a part of Rainbow Creek; said parcel contains 20 acres, all of which are irrigable; the most productive and profitable use to which all of said land can be devoted at the present time is row crops for the entire 20 acres; there are three dug wells, one on the eastern half of the property 42 feet deep with a 4-foot square concrete casing pumped by a 1½ H. P. electric motor-driven pump, and two on the western half of the property each cased by a 4-foot square concrete casing, one well being 23 feet deep pumped by a 2 H.P. pump and the other 31 feet deep pumped by a 1 H.P. pump; there is no evidence in the record as to the present water usage on this property.

XXXII

The apparent owners of Parcel No. 139-A, the exact legal description of which is set forth in said Exhibit A attached hereto, are Clara E. MacDonald and Isabelle Zora Larsen; said defendant  Clara E. MacDonald has filed an answer; said property is riparian to Rainbow Creek and all waters underlying said property constitute a part of Rainbow Creek; said parcel contains 10 acres, all of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; there are two wells on the property, a dug well about 45 feet deep pumped by a 1/2 H.P. electric motor-driven pump and another well pumped by a windmill; there is also an elevated storage tank with a capacity of 600 gallons and an abandoned ground storage reservoir with a capacity of 25,000 gallons; at the present time about 2 acres of fruit trees

37.

117

are under cultivation and water is used for domestic purposes.

XXXIII

The apparent owners of Parcel No. 139-B, the exact legal description of which is set forth in said Exhibit A attached hereto, are Tempe C. Frick and Isabelle Zora Larsen; said defendant Tempe C. Frick has filed an answer; said property is riparian to Rainbow Creek and all waters underlying said property constitute a part of Rainbow Creek; said parcel contains 10 acres of land, all of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; at present there are no developed sources of water on the property, and no use is made of water on the property.

XXXIV

The apparent owners of Parcel No. 140, the exact legal description of which is set forth in said Exhibit A attached hereto, are G. R. Reynolds and Jean M. Reynolds; said defendants have filed an answer; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposit in the extreme northeastern tip of the property are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; the parcel contains approximately 30 acres, 4 acres of which are irrigable; the most productive and profitable use to which said 4 acres can be devoted at the present time is the growing of row crops; a dug well 20 feet deep and 7 feet in diameter with a 1 H.P. motor is located near the bed of Rainbow Creek; there is a 2,000 gallon steel storage tank on the property and water is now used for domestic purposes and for watering stock.

38.

118

XXXV

The apparent owners of Parcel No. 152, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are James F. Clemons and Dorothy B. Clemons, subject to
a deed of trust to Bank of America National Trust and Savings
Association, as Trustee, in favor of LeCompte Davis and Edythe
G. Davis, as Beneficiaries; said defendants Clemons have filed
an answer; said property is not riparian to any stream or
tributary within the Santa Margarita River watershed; the
waters underlying the alluvial deposits in the southeasterly
and southwesterly portions of the property are part of the sub-
surface flow of Rainbow Creek; the waters, if any, underlying
the balance of the parcel are vagrant, percolating waters not
a part of the surface or subsurface flow of any stream; said
parcel contains 37.6 acres, 23.9 acres of which are irrigable;
the most productive and profitable uses to which said land can
be devoted at the present time are as follows: 9.8 acres row
crops and 14.1 acres avocados; there are no engineering struc-
tures or developed water sources located on the property at the
present time, and there is no evidence of any present water
usage on the property.

XXXVI

The apparent owners of Parcel No. 154, the exact legal
description of which is set forth in said Exhibit A attached
hereto, are O. Lester Riggle and Maude A. Riggle, subject to an
agreement to convey said property to George Elmore Shoudy and
Dorothy L. Shoudy; all of said defendants have filed an answer;
said property is riparian to Rainbow Creek, and all waters
underlying said parcel constitute a part of the flow of Rainbow
Creek; however, in the Answer filed by said defendants, said
defendants affirmatively allege that said property is not
riparian to any stream, and the plaintiff in answer to Requests

39.

1  for Admission filed herein has admitted that the water under-

2  lying said land are vagrant, local and percolating waters,

3  and therefore for the purposes of this action said parcel

4  shall be treated as non-riparian, and the waters underlying

5  said parcel shall be treated as vagrant, percolating waters;

6  it is therefore unnecessary to make further findings as to

7  said parcel.

8                              XXXVII

9         The apparent owners of Parcel No. 155, the exact legal

10  description of which is set forth in Exhibit A attached hereto,

11  are John M. Gustin and Dorothy B. Gustin and Nettie E. Frye, sub-

12  ject to a deed of trust to Bank of America National Trust and

13  Savings Association, as Trustee, in favor of George C. Henry and

14  Gertrude B. Henry, as Beneficiaries;  said defendants Gustin and

15  Frye have filed an answer; said property is not riparian to any

16  stream or creek within the Rainbow Creek watershed, but all waters

17  underlying said property constitute a part of Rainbow Creek; said

18  parcel contains approximately 4.7 acres all of which are irrigable;

19  the most productive and profitable use to which said land can be

20  devoted at the present time is the growing of row crops; there is

21  a dug well about 28 feet deep and 5 feet in diameter located near

22  the south boundary of the property which is not being used at the

23  present time; water from the Rainbow Municipal Water District is

24  used for domestic purposes and to water 30 fruit and nut trees

25  and an eighth of an acre of berries now under irrigation.

26                              XXXVIII

27         The apparent owner of Parcel No. 156, the exact legal

28  description of which is set forth in said Exhibit A attached

29  hereto, is Herbert H. Culling, a widower, subject to a deed

30  of trust to Security First National Bank, as Trustee, in favor

31  of John L. Semans and Eva M. Semans, as Beneficiaries; said prop-

32  erty is not riparian to any stream or tributary within the Santa

                              40.

Margarita River watershed, but all waters underlying said property

constitutes a part of Rainbow Creek; said parcel contains 5 acres

all of which are irrigable; the most productive and profitable use

to which said land can be devoted at the present time is row crops;

there are no wells located on the property nor is any irrigation

other than domestic gardening being done at the present time; all

water presently used is obtained from Rainbow Municipal Water

District.

XXXIX

The apparent owners of Parcel No. 157, the exact legal

description of which is set forth in Exhibit A attached hereto,

are Harry A. Chapman and Sybil E. Chapman, subject to a deed of

trust to Continental Auxiliary Company, as Trustee, in favor of

Bank of America National Trust and Savings Association, as Bene-

ficiary; said defendants Chapman have filed an answer; however,

in the Answer filed by said defendants, said defendants affirma-

tively allege that said property is not riparian to any

stream, and the plaintiff in answer to Requests for Admission

filed herein has admitted that the waters underlying said land

are vagrant, local and percolating waters, and therefore for

the purposes of this action said parcel shall be treated as

non-riparian, and the waters underlying said parcel shall be

treated as vagrant, percolating waters; it is therefore unneces-

sary to make further findings as to said parcel.


XL

The apparent owners of Parcel No. 159, the exact legal

description of which is set forth in said Exhibit A attached hereto,

are Robert Steinberg and Alyne Steinberg; said defendants have

filed an answer; said property is riparian to Rainbow Creek and

all waters underlying said property constitute a part of Rainbow

Creek; said parcel contains 23.5 acres all of which are irrigable;

41.

121

the most productive and profitable uses to which said land can be devoted at the present time are as follows:  row crops 22.5 acres and avocados 1 acre; there are two dug wells on the property each 36 feet deep, one equipped with a 1 H.P. motor and one equipped with a 2 H.P. motor; at the present time approximately 1/2 acre is being irrigated.

### XLI

The apparent owners of Parcel No. 160, the exact legal description of which is set forth in said Exhibit A attached hereto, are John C. Ludy, Agnes Bell Graham, Jessie May Walters, William F. Gudman, Rhoda Ann Ludy, Mary C. Medearis and Ellen Ludy Wilson, share and share alike; said defendants have filed answers; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposits in all of said parcel excepting the southeasterly portion thereof are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the remaining portion of said parcel, namely the southeasterly portion thereof are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel consists of approximately 70.3 acres, all of which are irrigable; the most productive and profitable uses to which said land can be devoted at the present time are as follows: 75.1 acres of row crops and 3.2 acres of avocados; there is a hand-dug well 30 feet deep and 5 feet in diameter with a 2 H.P. electric motor-driven pump and a 1,000 gallon elevated storage tank upon the property; water from this well is used for domestic purposes, and water for the irrigation of 4 acres of row crops is obtained from the Rainbow Municipal Water District.

### XLII

The apparent owners of Parcels Nos. 165-A and 165-B, the exact legal descriptions of which are set forth in said Exhibit A attached hereto, are Everett S. Dennler and Darlene M. Dennler, subject to a deed of trust to Bank of America National Trust and

42.

122

1   Savings Association, as Trustee, in favor of Ross W. Daily and
2   Helen Daily, as Beneficiaries; said defendants have filed answers;
3           The apparent owners of Parcel No. 165-D, the exact legal
4   description of which is set forth in said Exhibit A attached
5   hereto, are Robert B. Barnes and Patricia A. Barnes;
6           None of said parcels is riparian to any stream or creek
7   within the Rainbow Watershed, but all waters underlying each of
8   said parcels constitute a part of Rainbow Creek;
9           Parcels Nos. 165-A and 165-B contain 8 acres, all of which
10  are irrigable; and Parcel No. 165-D contains 1 acre, all of which
11  is irrigable; the most productive and profitable use to which all
12  of each of said parcels can be devoted at the present time is the
13  growing of row crops; there are no wells upon any of said parcels
14  and at the present time all water for domestic and irrigation uses
15  on each of said parcels is obtained from the Rainbow Municipal
16  Water District; at the present time 2½ acres of pasture are irri-
17  gated on Parcels 165-A and 165B and a small domestic garden is
18  irrigated on Parcel 165-D.
19                          XLIII
20          The apparent owners of Parcel No. 169, the exact legal
21  description of which is set forth in said Exhibit A attached
22  hereto, are W. Roy Ware and Hazel I. Ware, subject to a deed of
23  trust to Bank of America National Trust and Savings Association,
24  as Trustee, in favor of Rollin Brown and Dorothy S. F. Brown, as
25  Beneficiaries; said defendants Ware have filed an answer; said
26  property is riparian to Rainbow Creek; the waters underlying the
27  alluvial deposits to the north and east are part of the subsurface
28  flow of Rainbow Creek; the waters, if any, underlying the balance
29  of the parcel are vagrant, percolating waters, not a part of the
30  surface or subsurface flow of any stream; said parcel contains
31  7 acres, 6.4 acres of which are irrigable; the most productive and
32  profitable use to which said land can be devoted at the present time

is the growing of row crops; there is one dug well about 20 feet deep and 6 feet in diameter on the property, but it is not used at the present time; water for domestic purposes and for irrigating about 1½ acres of citrus is now obtained from the Rainbow Municipal Water District.

### XLIV

The apparent owner of Parcel No. 175, the exact legal description of which is set forth in said Exhibit A attached hereto, is William N. Davis; said property is riparian to Rainbow Creek; the waters underlying the alluvial deposits in the northerly portion of the parcel adjacent to Rainbow Creek are part of the subsurface flow of Rainbow Creek; the waters, if any, underlying the balance of the parcel are vagrant, percolating waters not a part of the surface or subsurface flow of any stream; said parcel contains 145.6 acres, 105 acres of which are irrigable; the most productive and profitable uses to which said land can be devoted at the present time are as follows: 47.2 acres row crops; 36.2 acres pasture, 21.6 acres avocados; there is a 234-foot drilled well with an 8-inch casing with a 5 H.P. electric motor-driven pump located on the property; there is no domestic requirement for water at the present time, and 15 acres of avocados are now irrigated with water obtained about 40% from the well and 60% from the Rainbow Municipal Water District.

### XLV

The apparent owners of Parcel No. 179, the exact legal description of which is set forth in said Exhibit A attached hereto, are Donald B. Baldwin and Florence L. Baldwin, subject to a deed of trust to Land Title Insurance Company, as Trustee, in favor of Rollin Brown and Dorothy S. F. Brown, as Beneficiaries; and subject to a deed of trust to Land Title Insurance Company, as Trustee, in favor of Palomar Savings & Loan Association, as Beneficiary; the defendants Baldwin, Brown and Palomar Savings & Loan

44.

1   Association have filed answers; said property is not riparian to
2   any stream or tributary within the Santa Margarita watershed, but
3   all waters underlying said property constitute a part of Rainbow
4   Creek; said parcel contains 3.1 acres, all of which are irrigable;
5   the most productive and profitable use to which said land can be
6   devoted at the present time is the growing of row crops; there
7   are no developed water sources on this property, and all water
8   for domestic use and for irrigating a small domestic  garden is
9   now obtained from the Rainbow Municipal Water District.

XLVI

11       The apparent owners of Parcel Nos. 182 and 179-A, the
12  exact legal descriptions of which are set forth in said Exhibit A
13  attached hereto, are Rollin Brown and Dorothy F. S. Brown; said
14  defendants have filed an answer; said Parcel No. 182 is riparian
15  to Rainbow Creek and all waters underlying said parcel constitute
16  a part of Rainbow Creek; and said Parcel No. 179-A is a well-site
17  20 feet square near to Parcel No. 182; said Parcel No. 182 con-
18  sists of approximately 6.1 acres, 4.7 acres of which are irrigable;
19  the most productive and profitable use to which said land can be
20  devoted at the present time is the growing of row crops; at the
21  present time all domestic and irrigation water for use on Parcel
22  No. 182 is obtained from a well 45 feet deep and 5 feet in diameter
23  located on Parcel 179-A, and a well 20 feet deep and 6 feet square
24  on Parcel No. 182 is not used; there are two concrete reservoirs
25  located on the property, a rectangular one with a capacity of
26  2,000 gallons and a circular one with a capacity of 26,000 gallons;
27  there is no evidence in the record as to the present extent of
28  water usage.

XLVII

30       The apparent owners of Parcel No. 180, the exact legal
31  description of which is set forth in said Exhibit A attached
32  hereto, are Vincent P. Pellanda and Marian V. Pellanda; said

45.

125

defendants have filed an answer; said property is not riparian to any stream or tributary within the Santa Margarita River watershed but all waters underlying said property constitute a part of Rainbow Creek; said parcel contains 3.3 acres, 3 acres of which are irrigable; the most productive and profitable use to which said land can be devoted at the present time is the growing of row crops; a hand-dug well is located in the southwestern corner of the property; water is obtained from this well and from the Rainbow Municipal Water District for domestic purposes and to water about one-quarter acre of fruit.

### XLVIII

It is physically possible to raise turkeys, chickens or poultry upon all lands in the Rainbow Creek watershed which do not lie within the bed of a stream; if such lands were used for such purposes, water will be required; the evidence is insufficient to establish whether it is, or is not, economically feasible to use any land in the watershed for such purposes, and the evidence is also insufficient to determine the amount of water which would be required for such purposes.

### XLVIX

Dwellings have been erected upon certain parcels of property, and one or more dwellings could be erected upon each parcel of property within the watershed; domestic water is, or will be, required for each such dwelling so constructed; such domestic use would be in addition to the agricultural uses hereinabove mentioned; the evidence is insufficient to determine the amount of water which will be required for any dwellings so erected on each parcel of property hereinabove mentioned.

### L

Rainbow Creek and its tributaries fluctuate greatly in flow from year to year and from time to time during the same year; after periods of heavy precipitation, the flow for short periods of

46.

1   time is greatly in excess of present and foreseeable future
2   demands of strictly riparian character of the parcels of land
3   hereinabove considered; during the greater portion of each year,
4   however, the flow is insufficient to meet the ultimate needs and
5   uses of riparian property within the watershed.

6                                    LI

7        No portion of any parcel of property above mentioned
8   is riparian to any particular tributary of Rainbow Creek unless
9   said portion of said parcel lies within the watershed of said
10  particular tributary.  Nothing in these Findings contained shall
11  be construed as a finding that any portion of any parcel which
12  is physically outside the watershed of a particular tributary
13  is riparian to said tributary.

14       Based upon the foregoing Findings of Fact, the Special
15  Master makes the following

16                        CONCLUSIONS OF LAW

17                                    I

18       No prescriptive or appropriative rights with reference
19  to the use in the Rainbow Creek watershed of water constituting a
20  portion of the surface or subsurface flow of the Santa Margarita
21  River or its tributaries have been perfected.

22                                   II

23       Wherever a stipulation as defined in Finding II has been, or
24  is hereafter, executed with reference to a parcel or portion of a par-
25  cel of property referred to in Findings IV and V above, said stipu-
26  lation should not be construed as, and the execution of said stipu-
27  lation shall not constitute, any limitation upon or determination
28  of the rights of the owner of such parcel either to develop or
29  to use water upon said parcel.  No adjudication as to water rights
30  and uses of the parcels of property referred to in Findings IV
31  and V above need be made, or should be made, in this action, and
32  no judgment hereafter rendered in this action shall have any effect

                                    47.

1  upon said parcels of property, and any judgment rendered in this
2  action should expressly clear each of said parcels from any cloud
3  cast upon the title or water rights of such parcel by the filing
4  of this action and the recording of the Lis Pendens herein or the
5  execution of any stipulation.

III

7  The owners of all parcels of property mentioned in Find-
8  ings VI to XLVII inclusive which are riparian to or which overlie
9  the subsurface flow of the main channel of Rainbow Creek have
10  correlative riparian rights and obligations with all other owners
11  of property which is likewise riparian to or which overlies the
12  subsurface flow of Rainbow Creek, or which is riparian to or over-
13  lies the subsurface flow of the Santa Margarita River at a point
14  below the confluence of Rainbow Creek with the Santa Margarita
15  River.

IV

17  The owners of all parcels of property mentioned in Find-
18  ings VI to XLVII inclusive which are riparian to or which overlie
19  the subsurface flow of Rainbow Creek, or a specific tributary of
20  Rainbow Creek, have correlative riparian rights and obligations
21  with all other owners of property which is riparian to or which
22  overlies the subsurface flow of the same tributary of Rainbow
23  Creek, or which is riparian to or which overlies the subsurface
24  flow of the main channel of Rainbow Creek below the confluence of
25  that tributary with the main channel, or which is riparian to or
26  which overlies the subsurface flow of the Santa Margarita River
27  at a point below the confluence of Rainbow Creek with the Santa
28  Margarita River.

V

30  The correlative rights and obligations above mentioned
31  extend not only to water constituting part of the surface flow
32  of any creek or stream, but also to all water hereinabove found

48.

128

1  to constitute a portion of the subsurface flow thereof.

VI

3      Further delineation of the correlative riparian rights
4  and duties of the various parcels mentioned in Findings VI to
5  XLVII above and the determination of the precise amounts of water
6  to which each of said parcels is entitled, if such determination
7  is ever to be made, should be deferred until such time as all
8  evidence relating to the entire watershed has been received, and
9  Findings of Fact and Conclusions of Law and a Judgment as to the
10 entire watershed are entered.   This conclusion is not to be con-
11 sidered as a determination either that it will, or that it will
12 not, be necessary at a later date to determine the precise amounts
13 of water either required or permitted to be used upon each such
14 parcel.

VII

16     In the event that there is at any time surplus water
17 available in any portion of the Rainbow Creek watershed, not
18 required and used for riparian, appropriative or prescriptive
19 uses above mentioned, such water may be diverted and used for
20 any reasonable, beneficial use subject to the appropriate regula-
21 tions and in accordance with the procedures set forth by the
22 State of California and its appropriate agencies.  The right to
23 such diversion and use shall cease as soon as said water is
24 required for riparian uses above mentioned.

VIII

26     No judgment hereafter rendered in this action shall have
27 any effect upon the rights of the owners of parcels referred to
28 in Findings VI to XLVII inclusive to extract or use waters which
29 are in said Findings declared to be vagrant, percolating waters
30 not a part of the surface or subsurface flow of any stream.

32     49.

129

The foregoing Findings of Fact and Conclusions of Law are respectfully submitted by the Special Master to the Court for consideration by the Court in connection with Findings of Fact and Conclusions of Law heretofore proposed for the DeLuz Creek watershed area, for the Fallbrook Creek watershed area, and for the properties in the area north of Fallbrook Creek watershed, west of Rainbow Creek watershed and south of the Santa Margarita River (including certain parcels in Fallbrook Creek watershed), and additional Findings of Fact and Conclusions of Law hereafter to be made, as a partial basis for the final judgment to be rendered herein upon the conclusion of the entire case as to all parcels of property.

DATED: ~~January~~ April 3 , 1961.

SPECIAL MASTER

50.

133