ORIGINAL

1    STANLEY MOSK, Attorney General
        of the State of California
2    F. G. GIRARD, Deputy Attorney General
     Library and Courts Building
3    Sacramento 14, California
     HIckory 5-4711, Ext. 5448

4

     Attorneys for Plaintiff

5

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9                         SOUTHERN DIVISION

10

11   UNITED STATES OF AMERICA,          )  Civil No. 1247
12                      Plaintiff,       )
                                         )  FINDINGS OF FACT,
13          vs.                          )  CONCLUSIONS OF LAW,
                                         )  AND INTERLOCUTORY
14   FALLBROOK PUBLIC UTILITIES          )  JUDGMENT NO. 43
     DISTRICT, et al.,                   )  REGARDING GIBBON
15                                       )  AND COTTLE LANDS
                       Defendants.       )
16   _____ )

17                        FINDINGS OF FACT

18          1.  That the lands of defendants Katherine C. Gibbon

19   and William W. Cottle are located in general in southern

20   Riverside County, upstream from Vail Dam; that said lands

21   apparently owned by Katherine C. Gibbon are as follows:

22       1.  The Southeast 1/4 of the Northwest 1/4 of the

23           Southeast 1/4;

24       2.  The South 1/2 of the Northeast 1/4 of the Northwest

25           1/4 of the Southeast 1/4;

26       3.  The East 1/2 of the Southwest 1/4 of the Southeast 1/4;

27       4.  The Northeast 1/4 of the Southeast 1/4 except that

28           portion lying northeasterly of the center line of

29           the State Highway;

30       5.  The Southeast 1/4 of the Southeast 1/4, all in

31           Section 19, Township 8 South, Range 1 East, S.B.B.M.;

                            -1-

                                              3528

FILED

FEB 6 - 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

ENTERED

FEB 6 - 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
Deputy Clerk

1     6. That portion of the Northwest 1/4 of the Southwest

2         1/4 of Section 20, Township 8 South, Range 1 East,

3         S.B.B.M. lying southwesterly of the center line of

4         the State Highway;

5     7. The Southwest 1/4 of the Southwest 1/4 of Section

6         20, Township 8 South, Range 1 East, S.B.B.M.;

7     8. The Northwest 1/4 of the Northwest 1/4; and

8     9. The Southwest 1/4 of the Northwest 1/4 of Section

9         29, Township 8 South, Range 1 East, S.B.B.M.;

10    10. The North 1/2 of the Northeast 1/4; and

11    11. The Southeast 1/4 of the Northeast 1/4 of Section

12         30, Township 8 South, Range 1 East, S.B.B.M.

13 That said lands apparently owned by William W. Cottle are as

14 follows:

15     All that certain real property situated in the

16 County of Riverside, State of California, and particu-

17 larly described as follows, to wit:

18     That portion of the Southwest quarter of the

19 Northeast quarter of Section 19 lying Southerly of

20 the State Highway.

21     That portion of the Southeast quarter of the

22 Northwest quarter of Section 19 lying Southerly of

23 the State Highway.

24     That portion of the East half of the Southwest

25 quarter of Section 19 lying Southerly of the State

26 Highway.

27     The West half of the West half of the Southeast

28 quarter of Section 19.

29     The North half of the Northeast quarter of the

30 Northwest quarter of the Southeast quarter of Section 19.

31     All in Township 8 South, Range 1 East, San Bernardino
                Base and Meridian.

3529

1   The lands of Katherine C. Gibbon contain approximately 347.5

2   acres, of which approximately 107.6 are irrigable; the lands of

3   William W. Cottle contain approximately 133.6 acres, of which

4   approximately 62 acres are irrigable.

5         2. That all of said lands abut upon or are traversed

6   by Temecula Creek, a tributary of the Santa Margarita River,

7   and said lands are riparian to Temecula Creek.

8         3. That said lands described above are within the

9   Aguanga Ground Water Area as determined in Findings of Fact,

10   Conclusions of Law, and Interlocutory Judgment No. 40, and this

11   Court herein incorporates by reference those findings of fact

12   set forth in said Interlocutory Judgment No. 40.

13         4. That incorporated herein by reference is United

14   States Exhibit 275, which depicts the areas of younger and older

15   alluvium deposits which comprise said Aguanga Ground Water Area;

16   that all ground waters contained within the younger alluvial

17   deposits on all lands described in Finding 1 above are a part

18   of the flow of Temecula Creek; that all ground waters contained

19   within the older alluvial deposits are not a part of the flow of

20   Temecula Creek, but said ground waters add to, contribute to,

21   and support the Santa Margarita River stream system.

22         5. The evidence in this case shows that the younger

23   alluvial deposits within the lands described in Finding 1 above

24   extend to a depth of approximately 40 feet from land surface and

25   rest upon older alluvial deposits which extend to an estimated

26   depth of approximately 365 feet from land surface. At the

27   present time,there are two water producing wells on the property

28   apparently owned by defendant William W. Cottle, and five water

29   producing wells on the property apparently owned by defendant

30   Katherine C. Gibbon. In addition to these wells, there is one

31   other water producing well which is located near or upon the

3530

3

1   streambed of Temecula Creek, and was drilled upon lands described
2   in Finding 1 above.  The defendants William W. Cottle and
3   Katherine C. Gibbon both contend that this well is located upon
4   their specific property separately described in Finding 1.
5   This Court has heard no evidence on the issue as to the owner-
6   ship of this well and makes no finding or determination on this
7   issue.  All of the wells referred to herein are drilled to
8   depths substantially in excess of 40 feet and pump waters con-
9   tained within the older alluvial deposits.
10        6.  That during the trial of this case, defendant
11   Katherine C. Gibbon has constructed a reservoir lined and
12   banked with clay in the easterly portion of the southwest
13   quarter of the southeast quarter of Section 19, Township 8
14   South, Range 1 East, which has a storage capacity of approxi-
15   mately 10 acre feet.  It does not appear in this record whether
16   in the operation of this reservoir it will be used for the pur-
17   pose of obtaining a head for irrigation, or whether it will be
18   used for the purpose of storage of water seasonally.  There is
19   no appropriative or prescriptive right to use said reservoir
20   for seasonal storage.
21        7.  Except as set forth in Finding 6 above, all uses
22   of the waters of Temecula Creek, or ground waters which add to
23   and contribute to the Santa Margarita River stream system on
24   the lands described above, have been for reasonable and benefi-
25   cial riparian or overlying purposes.
26        8.  Of the 107.6 irrigable acres on the Gibbon land,
27   5.4 acres bear a reasonable average annual diversion duty of
28   4.2 acre feet per acre, and the remaining 102.2 acres bear a
29   reasonable average annual diversion duty of 4.4 acre feet per
30   acre.  The annual average diversion duty for the irrigable
31   acreage on the Gibbon land is 472.5 acre feet.  Of the 62

3531

4

1   irrigable acres on the Cottle land, 59.1 acres bear a reasonable

2   average annual diversion duty of 4.4 acre feet per acre, and

3   the remaining 2.9 acres bear a reasonable average annual diver-

4   sion duty of 4.2 acre feet per acre. The average annual diver-

5   sion duty of the irrigable acreage on the Cottle land is 272.25

6   acre feet. In addition to the above, use of the waters of

7   Temecula Creek for domestic and other non-irrigation riparian

8   purposes would be a reasonable and beneficial use of water.

9          That the facts as stated herein in this finding and

10   those concerned with irrigable acreage in Finding 1 are made at

11   this time where the issue of apportionment has not been presented,

12   and this Court has taken no evidence directed to establishing

13   whether any water uses are reasonable or unreasonable as to

14   amount of water used in the light of rights which may exist as

15   to such water, and this issue is left open, is not decided

16   herein, and shall be litigated if and when in the future it

17   becomes necessary to do so. Such facts concerned with irrigable

18   acreage and water duty shall be prima facie evidence as to such

19   factors in subsequent proceedings before this Court in this

20   cause. As used herein, prima facie evidence is that which

21   shall suffice for the proof of a particular fact until contra-

22   dicted or overcome by other evidence.

23          9. That upstream from the land described in Finding 1

24   above and on Temecula Creek in the northeast corner of the south-

25   west quarter of the southwest quarter of Section 29, Township 8

26   South, Range 1 East, a small weir or diversion structure has

27   been constructed. As a result thereof, water from said Temecula

28   Creek is diverted into an unlined open ditch and for short dis-

29   tances a steel pipeline, which ditch and pipeline parallel

30   Temecula Creek onto the lands described in Finding 1 above.

31   That said diverted waters are then applied to said lands for

3532

5

1 irrigation purposes, either directly or by sprinkler irrigation.

2 That in irrigating said lands, as found herein, there are three

3 storage reservoirs or ponds having a storage capacity of 1.3,

4 1.6, and 3 acre feet respectively.  That in using these three

5 small reservoirs or ponds, there is no seasonal storage, but

6 said reservoirs or ponds have been used and are being used for

7 the purpose of obtaining a head for immediate irrigation.

8    10.  That the diversion of the waters of Temecula Creek,

9 as set forth in Finding 9 above, commenced in 1885, and that at

10 the time of the initial diversion, the point of diversion was

11 located on government lands, which at that time had not been

12 patented.  From 1885 until 1955, the water was diverted from the

13 surface flow of Temecula Creek by the use of temporary earthen

14 embankments which were washed away each year that run-off occurred,

15 and then immediately replaced.  These earthen embankments were

16 constructed on the sandy alluvium on the bed of Temecula Creek

17 and did not prevent water from passing through said embankment

18 or from flowing through the sandy alluvium upon which they were

19 constructed.  During this period, there was both surface flow

20 and rising waters in Temecula Creek immediately downstream from

21 said diversion point.  In 1955 and thereafter, the diversion has

22 been accomplished by the construction of a clay embankment

23 extending through the sandy alluvium of Temecula Creek down to

24 bed rock, which clay embankment is covered with rock and which

25 has been sufficient to withstand the winter run-off flows.  That

26 as a result of said change in the physical diversion works,

27 there has been a substantial decrease in the amount of water

28 that moves through said diversion works, and since 1955 almost

29 the entire flow of Temecula Creek at said point of diversion is

30 effectively contained.

31    11.  That no diversion or use of either surface or

-6-

3533

1   ground water by Katherine C. Gibbon or William W. Cottle or

2   their predecessors, prior to 1955, has been open, notorious,

3   adverse, or hostile to any party in this cause, and no pre-

4   scriptive right to the use of surface or ground waters from any

5   diversion or extraction accomplished by Katherine C. Gibbon

6   or William W. Cottle or their predecessors exists.

7        12.  The evidence in this case is insufficient to

8   determine the amount of water actually diverted from Temecula

9   Creek by the diversion works at said point of diversion speci-

10  fically described in Finding 9, but the evidence does show that

11  whatever amount of water was diverted was used on lands riparian

12  to Temecula Creek, and that said waters were used for reasonable

13  and beneificial riparian purposes on said lands.

14       13.  At no time during any period, including the

15  irrigation season, did said diversion works impound the entire

16  flow, nor is it possible from this record for this Court to

17  determine the amount of waters which were diverted through the

18  diversion facilities onto the lands.

19       14.  That the actual use of the waters through said

20  diversion works, as herein found above, was identical to a

21  reasonable and beneficial riparian use of said waters on

22  riparian lands, and this Court finds that said use of said

23  waters on said lands was not a use under the appropriation doc-

24  trine, but was in fact and has at all times been a proper ripar-

25  ian use.

26       15.  That there are no appropriate rights to the use

27  of surface waters or underground flow of Temecula Creek on the

28  lands described in Finding 1 above or to ground waters contained

29  within the older alluvial deposits within said lands.

30  ----------

31

3534

<u>CONCLUSIONS OF LAW</u>

1.  That all surface waters which flow over and upon lands described in Finding 1 above are a part of the Santa Margarita River stream system, and the use of said waters is subject to the continuing jurisdiction of this Court.

2.  That all ground waters contained within the younger alluvial deposits on the lands described in Finding 1 above are a part of the underground flow of Temecula Creek, and the use of such waters is subject to the continuing jurisdiction of this Court.

3.  That all ground waters contained within the older alluvial deposits on the lands described in Finding 1 above are not a part of the underground flow of Temecula Creek, but said ground waters add to, contribute to, and support the Santa Margarita River stream system, and the use of said waters is subject to the continuing jurisdiction of this Court.

4.  That all lands described in Finding 1 above are riparian to Temecula Creek, a tributary of the Santa Margarita River.

5.  The owners of the lands described in Finding 1 above have a correlative riparian right to the use of the waters of Temecula Creek on said lands.

6.  The owners of the lands described in Finding 1 above have a correlative overlying right to the use of the ground waters contained within the older alluvial deposits on said lands.

7.  That no prescriptive right to the use of the surface or underground flow of Temecula Creek or its tributaries on the lands described in Finding 1 exists; that no prescriptive right to the use of ground waters contained within the older alluvial deposits on said lands exists.

-8-

3535

1        8.  There are no appropriative rights to use on the

2  lands described in Finding 1 above the surface waters which flow

3  over and upon any of those lands or the ground waters contained

4  within the younger or older alluvial deposits on said lands.

5        9.  All uses past and present (except as to the

6  reservoir described in Finding 6 above) of the waters of

7  Temecula Creek and its tributaries, or the waters contained

8  within the older alluvial deposits on the lands described in

9  Finding 1 above have been reasonable and beneficial riparian or

10  overlying uses.

11       10.  There is no appropriative or prescriptive right

12  to use the waters of Temecula Creek or its tributaries by

13  storage in the reservoir described in Finding 6 above.

14             INTERLOCUTORY JUDGMENT

15       1.  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

16  all interlocutory judgment provisions set forth in Interlocutory

17  Judgment No. 40 are incorporated into this Interlocutory Judgment

18  by reference.

19       2.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

20  the owners of the lands described in Finding 1 above have a

21  correlative riparian right to the use of the surface and under-

22  ground flow of Temecula Creek.

23       3.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

24  the owners of the lands described in Finding 1 above have a

25  correlative overlying right to the use of ground waters con-

26  tained within the older alluvial deposits, which underlie said

27  lands; it is further ordered, adjudged, and decreed that said

28  ground waters contained within said older alluvial deposits add

29  to, contribute to, and support the Santa Margarita River stream

30  system, but that said waters are percolating waters and not in

31  a known and definite channel.

3536

1      4.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

2  the use of the waters of Temecula Creek and the ground waters

3  contained within the older alluvial deposits which underlie the

4  lands described in Finding 1 above are subject to the continuing

5  jurisdiction of this Court.

6      5.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

7  the issue of apportionment has not been presented, and this

8  Court has taken no evidence directed to establishing whether

9  the use of any waters on the lands described in Finding 1 are

10  reasonable or unreasonable as to the amount of water used in the

11  light of correlative rights which may exist as to such waters,

12  and this issue is left open, is not decided herein, and shall

13  be litigated by this Court if and when in the future it becomes

14  necessary to do so.

15      6.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

16  there is no prescriptive right to use the surface or underground

17  flow of Temecula Creek or its tributaries on any lands described

18  in Finding 1 above, nor is there any prescriptive right to use

19  ground waters contained within the older alluvial deposits on

20  any of said lands.

21      7.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

22  there are no appropriative rights to use the ground waters con-

23  tained within the older alluvial deposits or the surface or

24  underground flow of Temecula Creek or its tributaries upon any

25  lands described in Finding 1 above.

26      8.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

27  based upon the decision of the United States Court of Appeals

28  for the Ninth Circuit, California v. United States, 235 F.2d

29  647, this is not a final decree, but is interlocutory in char-

30  acter and by reason of the Order of this Court that all parties

31  are adverse one to the other, thus dispensing with cross pleadings,

-10-

3537

(0

1   all parties to this proceeding may object to these Findings of

2   Fact, Conclusions of Law, and Interlocutory Judgment, and will

3   be given full opportunity upon due notice to interpose their

4   objections to these Findings of Fact, Conclusions of Law, and

5   Interlocutory Judgment prior to the entry of final judgment in

6   this cause.

7       9.   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

8   this Interlocutory Judgment is not appealable, is not final, and

9   shall not be operative until made a part of the final judgment,

10  and this Court expressly reserves jurisdiction to modify or

11  vacate it either upon its own motion or upon motion of any party

12  to this proceeding until such time as final judgment in this

13  cause is entered.

14      DATED:   _Feb 6th_____, 1963.

15

16

17                              _____
                                          JUDGE
18

19

20

21

22

23

24

25

26

27

28

29

30

31

3538