MUSICK, PEELER & GARRETT
ATTORNEYS AT LAW
621 SOUTH HOPE STREET
LOS ANGELES 17, CALIFORNIA
MADISON 9-3322

Attorneys for Defendant
James Oviatt

FILED

FEB 14 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>    Defendants. | Civil No. 1247-SD-C<br><br>MEMORANDUM OF<br>JAMES OVIATT<br>RESPECTING HEARING<br>ON FINAL JUDGMENT |

The attached copy of the Interlocutory Judgment as to the defendant, James Oviatt, was served on or about April 24, 1961. With respect thereto we again note the request of James Oviatt for findings as lodged by said defendant on January 31, 1961, and specifically findings 3 and 4 thereof which relate to his claim of prescriptive right. In support thereof, we invite the court's attention to the Memorandum of Law filed by defendant, James Oviatt, on January 10, 1961. In addition, in order to clarify the language of the Interlocutory Judgment as to Mr. Oviatt, we would suggest the insertion of the words "a continuous flow of" after the words "range 2 E" and before the word "three" on page 7, line 26.

Dated: February 13, 1963.

                        Respectfully submitted,

                        MUSICK, PEELER & GARRETT

                        By _____
                            Jesse R. O'Malley
                            Attorneys for Defendant
                            James Oviatt

6865

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>vs.<br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br>　　　　　　　Defendants. | No. 1247-SD-C<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND INTERLOCUTORY JUDGMENT NUMBER _____ REGARDING PROPERTY OF JAMES OVIATT |

### FINDINGS OF FACT

I

That the lands of defendant, JAMES OVIATT, are located in general in southern Riverside County and northern San Diego County, primarily in the Lancaster Valley and Oak Grove areas as depicted on U. S. Exhibits No. 210C and 211C; that the legal description of said lands are set forth in Oviatt Exhibit A and U. S. Exhibit 210 series which legal description is incorporated by reference herein; the real property of defendant, James Oviatt, known as Rancho Ramona, consisting of 1171.63 acres, is described in defendant, James Oviatt's Exhibit Y-1 in evidence. Adjacent thereto is a forty acre parcel which is described in Exhibit Y-2 of Defendant, James Oviatt. The Oak Grove Ranch of said defendant is described in defendant James Oviatt's Exhibits Y-3, Y-4, Y-5 and Y-6. The property described in Exhibits Y-3 and Y-5 is sometimes referred to as the Bailey Ranch.

II

That the lands described above in Finding I, within Township 8 S. Range 1 W, Sections 12 and 13 and Township 8 S, Range 1 E, sections 7, 8 and 18 abut upon or are traversed by and are within the water shed of Wilson Creek, and are riparian thereto; that the lands described above in Finding I within Township 9 S, Range 2 E, sections 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 17, Northeast Quarter of 21, 22 and 23 and Township 9 S, Range 3 E section 6, and Township 8 S, Range 3 E sections 27 and 35, abut upon or are traversed by and are within the water shed of Chihuahua Creek, and are riparian thereto; that the lands described above in Finding I within Township 9 S, Range 2 E sections 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 21, 22 and 23 and Township 9 S Range 3 E Northwest Quarter of section 6 abut upon or are traversed by and are within the water shed of Temecula Creek, and are riparian thereto; that the surface flow of Wilson Creek, Chihuahua Creek and Temecula Creek are tributary to the Santa Margarita River.

III

It is true that to the extent that the lands described in Finding I overlie deposits of younger alluvium or older continental deposits, as depicted on U. S. Exhibit 15, the ground waters therein add to and support and are a part of the Santa Margarita River; it is not true that the ground waters which underlie saidlands in volcanic rock or basement complex as depicted on U. S. Exhibit 15 add to and support and are a part of the Santa Margarita River but said ground waters are vagrant, local, percolating waters not a part of the Santa Margarita River.

IV

It is true that at the present time 2,418 acres of the

2

6867

land described in Finding I are irrigable; the amount of water reasonably required to irrigate said irrigable acreage is as reflected in defendant, James Oviatt's Exhibit A.

V

It is true that surface flows of Wilson Creek, Chihuahua Creek and Temecula Creek are at present and have in the past been used on lands riparian thereto for reasonable and beneficial purposes and that all uses of the surface flows of said creeks on lands riparian thereto are and have been proper riparian uses.

VI

It is not true there has been in the past or that there is at present any use of the surface waters of the Santa Margarita River or its tributaries on the lands described in Finding I which has been open and notorious, under a claim of right and adverse or hostile to any downstream water right claimant.

VII

It is not true that the use of the waters of said Santa Margarita River on the lands described in Finding I have had any effect on the amount of water available to downstream water claimants, other than that which would be evidenced from a normal and proper reasonable riparian use.

VIII

It is true that the ground waters of the Santa Margarita River which underlie the lands described in Finding I have been beneficially applied upon the lands riparian thereto; it is true that all such uses of ground waters have been proper ripatian uses.

IX

It is true that at the present time there are four (4) operating water wells on the property described in Finding I,

3

lying within Township 8 S, Range 1 W, sections 12 and 13, and Township 8 S, Range 1 E, sections 7, 8, and 18; that water from said wells is applied directly to the lands described herein or is pumped into reservoirs for the purpose of obtaining a head for immediate irrigation or domestic use.

X

It is true that at the present time on those lands located within sections 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 21, 22 and 23 of Township 9 S, Range 2 E of the land described in Finding I, there are eight (8) operating water wells; that water from said wells is used for irrigation and stock watering purposes on said lands.

XI

It is not true that there exists any water right, riparian, prescriptive, or otherwise to use the waters of Rattlesnake Springs located in Township 9 S, Range 2 E section 20 on any of the lands described in Finding I; it is true that the waters from said springs have been diverted and used and are being diverted and used on the lands described in Finding I, in Township 9 S, Range 2 E section 16, pursuant to a permissive license, revocable, issued by the United States Forest Service upon whose land said springs are located.

XII

It is true that there is a present appropriative right with a priority date of March 24, 1913, to divert from Kohler Canyon Creek, a tributary of Temecula Creek, in section 28, Township 9 S, Range 2 E, three and one-half (3½) miners inches on a daily basis and to store and use said waters on the lands described in Finding I within sections 16 and 21, Township 9 S, Range 2 E, for irrigation and domestic use.

- - - -

4

## XIII

It is not true that the present uses of water as found in Findings V and VIII herein on the lands described in Finding I have under existing conditions been excessive or unreasonable; it is true that said uses as found hereinabove have not had any appreciable effect on the amount of water available to the United States of America for use on its riparian lands downstream from the lands described in Finding I.

Dated:_____, 1961.

_____
UNITED STATES DISTRICT JUDGE

## CONCLUSIONS OF LAW

### I

That the lands which are described in Findings I and II which abut upon or are traversed by Wilson Creek, Chihuahua Creek, and Temecula Creek, have riparian rights to the respective surface waters of said Creeks.

### II

That ground waters which are found within recent alluvium and older continental deposits as depicted on U. S. Exhibit 15 on the lands described in Finding I are a part of the Santa Margarita River.

### III

That ground waters which are found within volcanic rock or basement complex as depicted on U. S. Exhibit 15 of the lands described in Finding I are vagrant, local and percolating waters not a part of the Santa Margarita River.

### IV

That the past and present uses of the surface waters of the Santa Margarita River on the lands described in Finding I are

5

proper riparian uses.

## V

That the past and present uses of the ground waters of the Santa Margarita River on the lands described in Finding I are proper riparian uses.

## VI

That no prescriptive right to the use of the waters of the Santa Margarita River on the lands described in Finding I has been established.

## VII

That there is no appropriative right to divert and use on the lands described in Finding I any waters from Rattlesnake Springs.

## VIII

That there is an appropriative right to divert from Kohler Canyon Creek with a priority of March 24, 1913, three and one-half (3½) miners inches daily and to store and subsequently apply said diverted water to beneficial irrigation and domestic use on section 16 and 21, Township 9S, Range 2 E of the lands described in Finding I.

Dated:_____, 1961.

_____
UNITED STATES DISTRICT JUDGE

## INTERLOCUTORY JUDGMENT

This matter having been submitted to this Court for the entry of Interlocutory Judgment in regard to the lands described in the Findings attached hereto, and good cause appearing therein,

6

6871

        NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the lands described in Findings I and II, which description is incorporated by reference into this judgment, are riparian to Temecula Creek, Wilson Creek and Chihuahua Creek, as set forth in Finding II.

        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the ground waters underlying those lands described in Finding I which overlie deposits of younger alluvium or older continental deposits as depicted on U. S. Exhibit 15, incorporated herein by reference, are a part of the Santa Margarita River.

        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the ground waters which underlie said lands described in Finding I within volcanic rock or basement complex as depicted on U. S. Exhibit 15 which Exhibit is incorporated herein by reference are not a part of the Santa Margarita River but are vagrant, local and percolating waters.

        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that no riparian, prescriptive or appropriative, or other right exists as to the right to use the waters of Rattlesnake Springs located in Township 9 S, Range 2 E section 20 on any of the lands described in Finding I.

        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is a valid appropriative right with a priority date of March 24, 1913, to appropriate from Kohler Canyon Creek, a tributary of Temecula Creek in section 28 Township 9S, Range 2 E, three and one-half (3½) miners inches of said water on a daily basis and to store and use said waters in said amount

on the lands described in Finding I within sections 16 and 21, Township 9 S, Range 2 E, for irrigation and domestic use.

Dated: _____, 1961.

_____
UNITED STATES DISTRICT JUDGE

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA ) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and employed in the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 621 South Hope Street, Los Angeles 17, California; that on February 13, 1963, I served the within MEMORANDUM OF JAMES OVIATT RESPECTING HEARING ON FINAL JUDGMENT in said action or proceeding by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in a mailbox, sub-post office, substation, or mail chute (or other like facility), regularly maintained by the Government of the United States at 621 South Hope Street, in the City of Los Angeles, California, addressed as follows:

Stanley Mosk, Attorney General
and F. G. Girard, Deputy Attorney General
Library and Courts Building
Sacramento 14, California

Best, Best & Krieger
4200 Orange Street
P.O. Box 1028
Riverside, California

George Stahlman
Vail Company, Inc.
Route 1, Box 235
Fallbrook, California

William H. Veeder, Special Assistant to
the Attorney General
U.S. Customs and Court House
San Diego 1, California

George G. Grover
Clayson, Stark & Rothrock
Security Bank Building
Corona, California

I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 1963, at Los Angeles, California.

*Juanita Edwards Hankinson* (signature)

6874