RAMSEY CLARK
Assistant Attorney General
Department of Justice
Washington 25, D. C.

Attorney for the UNITED STATES OF AMERICA

**FILED**

MAY -6 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1247-SD-C |
| Plaintiff, | ) | ANALYSIS OF |
| | ) | AND |
| v. | ) | OBJECTIONS TO |
| | ) | THIS COURT'S INTERLOCUTORY JUDGMENTS |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) | RELATING TO THE NAVAL ENCLAVE |
| Defendants. | ) | |

Comes now the United States of America to allege and aver as follows:

I

This Court has by a series of interlocutory judgments in substance declared, among other things, that:

(a) The United States of America acquired in the years 1942-1943, the Rancho Santa Margarita comprised of approximately 135,000 acres of land situated in San Diego County, California, over which Exclusive Jurisdiction has been ceded by the State of California;

(b) $200,000,000.00 have been expended upon those lands during the elapse of twenty (20) years in the construction and development of Camp Pendleton, a Marine Corps Training Base, the United States Naval Ammunition Depot and the United States Naval Hospital, hereafter referred to as the Naval Enclave;

(c) For twenty (20) years an average of forty-two thousand (42,000) persons have annually occupied the Naval Enclave and have been supplied waters from the Santa Margarita River which waters are pumped from the Santa Margarita Coastal Basin;

- 1 -

7014

(d) Part and parcel of the Naval Enclave are riparian and overlying rights in the Santa Margarita River system;

(e) A military use is a proper riparian and overlying use;

(f) A fresh water barrier against sea water intrusion is a proper riparian use;

(g) Lake O'Neill is an off-channel storage reservoir with a non-statutory appropriative right with a priority of 1883;

(h) All of the rights in the Santa Margarita River declared to reside in the United States of America are prior and superior to the largely inchoate rights of the Fallbrook Public Utility District, the earliest of which as declared by this Court was initiated in October of 1946 by that District;

(i) Though the United States of America has for twenty (20) years pumped from the Santa Margarita Coastal Basin to provide water for sixty percent (60%) of the Naval Enclave outside of the watershed, it, nevertheless, has no right thus to use the waters as against upstream owners of riparian, overlying and appropriative rights;

(j) The United States of America may not demand its rightful share of Santa Margarita River water from upstream riparian owners, overlying owners, "prescriptors or appropriators" unless and until the Santa Margarita Coastal Basin has been "restored to that level at which * * * [it] would have been if prior net U.S. water exportation had not taken place";

(k) The Stipulated Judgment of December 26, 1940, between the Vail Company and the United States of America, apportioning the respective rights between the largest owners on the Santa Margarita River, and which provides as against Vail Company the right to export water from the stream for the sixty percent (60%) of the Naval Enclave outside of the watershed, would not be enforced;

WHEREFORE the United States of America presents the following objections and exceptions to the rulings of this Court in regard to the Naval Enclave:

I

Plain, serious and reversible error, causing and threatening to cause irreparable damage to the National Defense, has been committed by this Court in its declaration that the United States of America does not have a valid and

existing right in the Santa Margarita River system to continue its 20-year practice of pumping water for use in connection with the sixty percent (60%) of the Naval Enclave situated outside the watershed of the stream in question. Investiture of that right in the United States of America, based upon facts found by this Court, should have been decreed upon any one or all of the following grounds:

 (a) The National Government in the exercise of its Constitutional Powers and in the performance of its responsibilities to provide for the common defense, acting through and by means of its duly authorized officers and agents, acquired whatever rights to the use of water were necessary to supply Santa Margarita River water for the Naval Enclave when it commenced to pump, deliver and beneficially use those waters, all as reviewed above;

 (b) When the United States of America acquired the Rancho Santa Margarita it succeeded to invaluable rights under the Stipulated Judgment of 1940 which provided as against Vail Company, if not against the world, the right to pump water from the Santa Margarita Coastal Basin to meet the demands of the sixty percent (60%) of Camp Pendleton situated outside the watershed of the Santa Margarita River;

 (c) The pumping and beneficial use of water from the Santa Margarita Coastal Basin constituted an appropriation of rights to the use of water in conformity with the laws of the State of California.

II

(a) This Court was likewise gravely in error when it ruled that it would not enforce the Stipulated Judgment against Vail Company. Magnitude of that error is underscored by reason of the fact that Vail Company repeatedly ratified and reaffirmed the Stipulated Judgment, and on the basis of its representation that it was bound by the Judgment the United States of America changed its position for the benefit of Vail Company in reliance upon those representations.

(b) Inequitable nature of the ruling on the Stipulated Judgment becomes more manifest when considered in the light of this Court's interpretation of the Stipulation of November 29, 1951, between the United States of America and California, respecting which it erroneously declares: (i) The United States of America precluded itself from claiming rights in the Santa Margarita River through the diversion and use of waters from that stream in the exercise of its Constitutional Powers; (ii) The National Government is subject to the State police regulations respecting acquisition of rights to the use of water; (iii) The United States of America in effect abandoned long exercised rights which it was seeking

### III

When this Court in effect enjoined the exercise by the United States of America of its riparian and overlying rights as a consequence of pumping water for use by sixty percent (60%) of the Naval Enclave outside of the watershed, it, in most serious error, imposed a harsh and unprecedented penalty against the National Government, which is contrary to the applicable principles of law and equity.

### IV

This Court's findings that imperceptible geological contacts between the younger and older alluvial deposits constitute the bed and banks of the Santa Margarita River and its tributaries, are clearly erroneous being contrary to the indisputable facts of the case and to the law relating to streams and their channels.

### V

Though this Court has in substance correctly declared that all of the rights adjudged to the United States of America are prior and superior to the claimed rights of the Fallbrook Public Utility District, it nevertheless erred: when it did not rule that the District failed to sustain its burden of proving surplus water in the Santa Margarita River available for appropriation; when it did not rule that the District failed to prove its present and future needs for water; when it did not rule that the claims of the District to rights to the use of water for irrigation were *ultra vires*.

### VI

This Court erred in striking from the complaint and supplementary and amendatory complaint several counts relating to the claims of the Fallbrook Public Utility District, particularly those relating to the Court's obligation to review the legal issues stemming from the applications as originally filed by the District and as subsequently amended by it.

### VII

It was error for this Court to refuse to declare and determine that sub-irrigation from the Santa Margarita Coastal Basin of natural grasses and forage on the surface of that Basin is a proper riparian beneficial use of the waters of the Santa Margarita River.

VIII

Grave error has been committed in regard to the form and content of the innumerable interlocutory judgments which have been entered by this Court and which it is understood are to be consolidated into a single decree. In clear violation of the mandate of the Court of Appeals the interlocutory judgments fail to adjudge, declare, determine, and quiet the title *inter sese* of the respective rights of the parties to the cause; are based upon purported findings declared to be *prima facie* in character; are vague, ambiguous, cumbersome, so lacking in correlation as to be meaningless from the standpoint of determining matters purportedly to be adjudged by them; so dependent on data, maps, exhibits and information not part of the interlocutory judgments as to render them nugatory, ineffectual and unenforceable individually and collectively, creating a chaotic condition in regard to all rights to the use of both surface and ground waters of the entire Santa Margarita River watershed.

These objections have been directed to the all-pervasive errors which have been committed. They do not and in view of the forty-four (44) separate interlocutory judgments with literally hundreds of exhibits attached to or made a part of them, could not embrace all of the errors which adversely affect the rights and interests of the United States of America, such other objections are not, however, abandoned nor the need to have them reviewed in any sense minimized by their omission from these basic objections.

Respectfully submitted,

UNITED STATES OF AMERICA

*Ramsey Clark*
RAMSEY CLARK,
Assistant Attorney General

*William H. Veeder*
Dated May 1, 1963
WILLIAM H. VEEDER,
Attorney, Department of Justice