# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

---

HONORABLE JAMES M. CARTER, JUDGE PRESIDING

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      No. 1247-SD-C

FALLBROOK PUBLIC UTILITY DISTRICT,
et al,

    Defendants.

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

Place:   San Diego, California

Date:   Thursday, November 5, 1959.

Pages:   10,611 to 10,625

**FILED**
SEP 24 1963
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

JOHN SWADER
Official Reporter
United States District Court
325 West F Street
San Diego 1, California
BElmont 4-6211   Ext. 370

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

HONORABLE JAMES M. CARTER, JUDGE PRESIDING

- - -

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1247-SD-C. |
| ) | |
| FALLBROOK PUBLIC UTILITY ) | |
| DISTRICT, ET AL., ) | |
| ) | |
| Defendants. ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

San Diego, California
Thursday, November 5, 1959

APPEARANCES:

    For the Plaintiff    WILLIAM H. VEEDER, ESQ.,
Special Assistant to the
Attorney General,
Department of Justice,
Washington, D. C.

```
 1     For U. S. Navy                LCDR. DONALD W. REDD,

 2     For Defendant Vail            GEORGE E. STAHLMAN, ESQ.
       Company                       EARL K. STANTON, ESQ.
 3
       For Defendants
 4     Fallbrook Public
       Utility District,             FRANZ R. SACHSE, ESQ.
 5     et al.

 6     For Defendant State of        STANLEY MOSK, ESQ.,
       California                    Attorney General, by
 7                                   FRED GIRARD, ESQ.,
                                     Deputy Attorney General.
 8
       For Defendant
 9     Murray Schloss                WALTER GOULD LINCOLN
       Foundation

10

11
                              - - -
12                            - - -
                              -

13

14

15

16

17

18

19

20

21

22

23

24

25
```

<u>San Diego, California, Thursday, November 5, 1959. 3:30 P.M.</u>

THE CLERK: Number two, 1247-SD-C, United States of America vs. Fallbrook Public Utility District, et al.

THE COURT: Gentlemen, what have you accomplished?

MR. GIRARD: Your Honor, Mr. Stahlman, Mr. Veeder and I met and were joined subsequently by Mr. Sachse. After a good deal of discussion we have reached agreement on the following matters, which we will submit primarily to the Court with a hopeful view that you will go along with it:

1. As to the seventh affirmative defense which was in Mr. Stahlman's answer and which concerns itself with the duty to disclose the facts of the Marines going to purchase the property-- I think it deals with fraud-- Mr. Stahlman is agreeable to withdrawing that as a defense.

MR. STAHLMAN: It is stipulated that it may be stricken or withdrawn, whichever way your Honor desires to do it, and that the requests for admissions and interrogatories may be withdrawn or stricken.

THE COURT: That will be the order, then.

MR. VEEDER: I want to hear that again.

THE COURT: The seventh defense on fraud will be stricken by stipulation, and the interrogatories and requests for admissions that are concerned with--

MR. VEEDER: The report of Hooper.

1   THE COURT: --will be withdrawn, pursuant to the stipula-
2 tion.
3   MR. GIRARD: Mr. Stahlman suggested this following
4 tentative plan, and it was generally acceptable to the other
5 counsel. Before proceeding with his evidence concerning the
6 stipulated judgment, he wants to file a brief which is directed
7 to the brief filed by the United States. That brief of Mr.
8 Stahlman, or answering brief, I guess it should be entitled,
9 will concern the drilling of the Navy Well contentions which
10 were advanced by the United States, the contentions advanced
11 by the United States concerning the withdrawal of their pro-
12 test to the application for Vail Dam to the State Water Rights
13 Board, and anything else that Mr. Stahlman or the Vail Company
14 desire to set forth in that answering brief. They also are
15 going to set forth in a memorandum for the evidence already
16 in the record--
17   MR. VEEDER: The Vail Company is.
18   MR. GIRARD: The Vail Company, yes, is going to set forth
19 in a memorandum form the evidence already in the record which
20 they are going to rely on in establishing the special defenses
21 which they have alleged in their Amended Answer concerning the
22 stipulated judgment. They are also going to set forth and
23 state specifically what additional evidence they are going to
24 introduce both by exhibit and testimony, which will be directed
25 to the special affirmative defenses in regard to setting aside

1  the stipulated judgment.

2  It was agreed by Mr. Stahlman that both his answering
3  brief and his memorandum will be completed, filed and served
4  by December 10, 1959.

5  In addition, Mr. Veeder requested Mr. Stahlman if he
6  could receive a little earlier information on a couple of the
7  special additional evidence factors that will be introduced,
8  I believe directed primarily to the affirmative defense of
9  mistake, and Mr. Stahlman agreed that he would devote his
10 efforts to that originally and that as soon as he had the
11 matter in workable form, although not in final form, he would
12 send them to Mr. Veeder.

13 That puts us to December 10th, when Vail Company's
14 memorandum and reply brief to Mr. Veeder's brief will be filed
15 and served.

16 It was thought that there would be no need for court
17 reconvening on the 17th. Neither the Vail Company, the United
18 States, Fallbrook, the State, nor anyone else present at this
19 meeting was interested in introducing any evidence at that
20 time.

21 On the 24th, I believe Mr. Krieger, through Mr.
22 Littleworth, is going to proceed with his evidence. It was
23 hoped that, with the Court's consent, that could go on that
24 week, and if it has to go into December that could go on
25 commencing the first week in December.

         It was also hoped that commencing the first two weeks in December the individual defendants, such as Gardner, Oviatt, et cetera, who have already received their soil surveys, would be notified that those two weeks could be used by them to present their case before this Court.

         THE COURT: That would be the week starting December 1st?

         MR. GIRARD: I believe it starts December 1st.

         THE COURT: And December 8th?

         MR. GIRARD: December 1st and December 8th would be devoted, if necessary, to Mr. Krieger's evidence, if he doesn't finish it the week before, and otherwise other individual defendants who have received or will receive their soil surveys, and I understand from Col. Bowen that some of them have.

         Commencing the week of December 15th, which is five days after the filing of Mr. Stahlman's memorandum, he will commence to introduce whatever evidence he sets forth in his memorandum, which is concerned with the issue of the stipulated judgment's setting aside. Mr. Stahlman did say that some of the contentions that he will advance on that will depend upon the irrigable acreage of some of the property owners above Vail, but that the evidence which he will devote to the issues such as the Paube Well, the protests, mistake, et cetera, will be commenced on the 15th of December by Vail Company and proceed accordingly.

1    We didn't go into any further discussion as to what
2 will be done after that.  I think the United States is desirous
3 of seeing how the thing goes on the stipulated judgment before
4 they make any further decisions at all.

5    It was also generally agreed that although we were not
6 certain as to how the matter was left yesterday where Mr.
7 Veeder was given an opportunity to comment on the summary of
8 Mr. Stahlman regarding the Coit survey evidence, that he
9 would not have to do that now-- that he could do that at a
10 later time.

11    THE COURT:  The week of December 1st or December 8th, if
12 we have nothing else to do.

13    MR. GIRARD:  Yes.

14    I have undoubtedly left something out, and somebody
15 might want to clarify it.  But that is the general tenor.

16    MR. STAHLMAN:  The other thing was the Hall testimony.

17    THE COURT:  Hall, Coit, those matters.  I will give you
18 until the week of the 1st, say, and we will fit it in somewhere
19 along the line.  That will give you a chance to look it over.
20 Is that agreeable?

21    MR. GIRARD:  Yes.  Mr. Stahlman is going to supply Mr.
22 Veeder with the actual transcripts.

23    MR. VEEDER:  May I make a summary, your Honor.  I would
24 like to have these things clarified from my own standpoint
25 because of this answer that has just been received by us,

which I think is the most critical facet in the case.

My concern is this. My first inclination was to file a motion to strike, and I thought that would just waste time.

THE COURT: We have one stricken already.

MR. VEEDER: Yes. In regard to mistakes, though, I think that the pleading should be more specific. But as I understand it, Mr. Stahlman is going to supply me, ahead of everything else, a statement as to the grounds where he alleges a mistake exists in regard to the stipulated judgment.

Is that right?

MR. STAHLMAN: Yes. I think, Mr. Veeder, there are some overlapping factors in relation to the other affirmative defenses.

However, the matter that he is concerned with-- is that this one right here? We will try to get that out first.

MR. VEEDER: In other words, if you specify, which will be sort of an addendum to your pleading, the kind and type of mistakes that are involved, I will withhold filing any motions until I get that.

THE COURT: You may have additional time to file motions, if you are so advised. But this may solve it.

MR. VEEDER: That's right. I want to avoid the motion, if I can.

THE COURT: All right.

MR. STAHLMAN: Are you through?

1    MR. VEEDER: Go ahead.

2    MR. STAHLMAN: Your Honor, I anticipate that the time
3 consumed in putting on this evidence will not be too great.
4 Much of it is documentary, and I will file a lot of it with
5 the Court in time, whatever documents will be introduced.

6    THE COURT: All right. You have your work cut out.

7    MR. STAHLMAN: I have a lot of work cut out, and the time
8 isnot too much for us. I don't intend, and I don't want to
9 be put in the position where I am expected to rest at that
10 time, because I think there is other additional evidence that
11 will logically come into the case which will have a bearing.
12 However, we will point that out.

13    THE COURT: We will cross that bridge when we get to it.

14    MR. STAHLMAN: I would like to make a motion, your
15 Honor, that Mr. Earl K. Stanton, who is a member of the Bar,
16 be associated with me.

17    THE COURT: He is an old-time friend of mine, like many
18 other counsel in this case. I have known him since back in
19 the '30's.

20    MR. STANTON: That's right, your Honor.

21    THE COURT: And I could see his fine Spencerian hand in
22 this pleading you filed, Mr. Stahlman, even to the extent of
23 alleging "but for", et cetera-- the old "but for" rule.

24    You make a motion that he be admitted and associated
25 with you in the case representing the Vail interests?

1  MR. STAHLMAN: Yes, your Honor.

2  THE COURT: The motion is granted.

3  MR. GIRARD: Your Honor, I am not sure how the notice

4 will be given to Gardner and the other defendants as to going

5 ahead commencing--

6  THE COURT: Did you call Gardner?

7  MR. VEEDER: I did.

8  THE COURT: What did he say?

9  MR. VEEDER: He said he would have Sam Hicks available

10 to testify if we gave him a couple of days notice, and we will

11 write him a letter telling him-- I want to be sure I understand

12 this. After November 24th?

13  MR. GIRARD: Well, the first week in December.

14  MR. SACHSE: But you can let him know during the week

15 of the 24th.

16  THE COURT: Did he say whether he was satisfied with the

17 soil survey?

18  MR. VEEDER: He said he was not. There was one objec-

19 tion, and I haven't had a chance to talk to Col. Bowen about it,

20 so I will refrain.

21  THE COURT: Is this schedule satisfactory, then? We

22 would adjourn the case today to the 24th. Previously I

23 continued it to the 17th.

24  MR. GIRARD: That is right.

25  THE COURT: It will have to be called on the 17th, because

1  other people were here, but at that time I would again tell
2  anyone who was present that it is continued to the 24th.
3  Meanwhile, you can get word out to the counsel who have been
4  appearing that it is to be the 24th. However, it will be
5  kept on the calendar for the 17th, for jurisdictional purposes.

6  Also, Mr. Sachse, I will delegate you to tell Mr. Krieger
7  that he is to go on the 24th, and if we don't finish up the
8  two days, the 24th and 25th, we will probably adjourn until the
9  27th -- we may or we may not-- because of Thanksgiving, and go
10 again the first week in December.

11 Mr. Oviatt may not be ready. Mr. Veeder, you will con-
12 tact the firm-- what firm did I tell you?

13 MR. VEEDER: The Cosgrove firm.

14 THE COURT: You will contact the Cosgrove firm and find
15 out if they are going to be ready at least for part of their
16 evidence. He hasn't yet had a soil survey made of his property?

17 MR. VEEDER: Oviatt?

18 THE COURT: Yes.

19 MR. VEEDER: Yes, we have completed that.

20 THE COURT: All right, then, you can explore that part
21 of it with Cosgrove.

22 MR. VEEDER: I will contact him.

23 THE COURT: Anything further?

24 MR. VEEDER: I think this might be important. Dr.
25 Henderson is here, and the matter came up as to when he might

1  want to go ahead.

2  Mr. Lincoln is similarly here.

3  THE COURT: Mr. Lincoln, would you be ready to fit your-
4  self into the week or the 1st or the 8th, as the ball bounces?

5  MR. LINCOLN: Yes, your Honor.

6  THE COURT: We will try to give you advance notice.

7  MR. LINCOLN: We will undoubtedly have a soil survey
8  ready for your Honor at that time. All the other details, I
9  believe, are ready, so that we will be ready during that period.

10 MR. GIRARD: Col. Bowen did indicate that he might not
11 get to it then, in all fairness to him.

12 THE COURT: Mr. Girard, the Court thanks you for the
13 efficient way in which you, and Mr. Sachse also, operate on
14 these assignments.

15 Do you have something else?

16 MR. STAHLMAN: Dr. Henderson is here, and he said-- I
17 have been consulting with him-- He has his files and will
18 present his case on about that time.

19 MR. GIRARD: Maybe Mr. Grover should be contacted, too.

20 MR. VEEDER: I am contacting Mr. Grover now. He has
21 asked me to call him as to what is going to be done. I will
22 have Mrs. Tooker take care of it.

23 THE COURT: One final thing before we adjourn, just to
24 give Mr. Veeder and Mr. Stahlman something to think about.
25 After studying this Answer last night, I think the matter of

1 mistake gets closer to any rights that Vail Company might have,
2 if they have any rights, in this motion to set aside the
3 Vail judgment. I was trying to think of some analogy, and
4 here are a couple of them that I will throw out for you to
5 think about.

6 Here is a road away out in the County which has been
7 used for many years by many people who have some rights to use
8 this roadway. There are a couple of big land owners who make
9 a good bit of use of the roadway, so they sit down and agree
10 between themselves how this roadway is going to be used, and
11 they agree that they will have the major use of this roadway
12 and won't pay any attention to various other people who have
13 some rights to the roadway. There is a lawsuit pending, but
14 without reference to any findings or anything in the lawsuit
15 they just enter into an agreement between themselves, which
16 they submit to the Court and which the Court signs, that one
17 of them have two-thirds of the use of the roadway and the other
18 have one-third of the use of it. Obviously, that decree
19 signed by the Court can't affect the rights of the other people
20 in that roadway, nor is it intended to. Query: When this
21 matter was called to the attention of the Court, and if the
22 Court had jurisdiction, would the Court set aside that decree
23 as being just mischievous trouble making and of no particular
24 help to anybody because of the fact that it was entered under
25 an apparent mistake that the two land owners had a right to

1 control that road?

2 A second example. Here is a patch of a hundred acres
3 of woodland out here and it is owned by various people who
4 acquire the property by descent, so that one fellow has an
5 undivided moiety of an eightieth, another has a tenth, another
6 has a third interest in it. It has a bunch of valuable wood,
7 and a couple of the people who have the biggest interests
8 decide they are going to cut the wood off of this property
9 and agree among themselves that they will take the wood on
10 the property one a third and one two-thirds. Obviously, what
11 they agree to can't affect anybody else who has an interest
12 therein. And with Mr. Veeder's reservation, a consent decree
13 that is entered is not intended, if you want to put that in,
14 to affect other people's rights. And this came before a court.
15 Query: Would a court feel that this was entered into so
16 obviously in mistake of what the law was and that it was of
17 such a mischievous nature that it would just be set aside as
18 being only a decree that would embarrass when it came to
19 apportioning the rights of the people to their common rights
20 in this wooded grove?

21 I don't ask for any comment. I certainly don't indicate
22 how I am going to rule. I will say again that Mr. Stahlman
23 certainly has the burden of proof, and a heavy burden.

24 MR. STAHLMAN: Your Honor, since the brief was submitted,
25 there is another case, a recent case in 52 A.C. 619.

1          THE COURT: You give me a letter on it, so I will have
2    the citation.
3          MR. STAHLMAN: Very well. It is an interesting case to
4    show what the courts are doing now with some of these old
5    judgments, the modern trend in the law.
6          THE COURT: I will see you gentlemen on the 24th. No
7    one need make an appearance on the 17th unless they want to.
8          (Adjournment until Tuesday, November 24, 1959, at 10
9    o'clock A.M.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25