VOLUME NO. 156

MR. VEEDER

# IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

---

HONORABLE JAMES M. CARTER, JUDGE PRESIDING

---

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

           Defendants.

No. 1247-SD-C

---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Place:    San Diego, California

Date:     Thursday, June 22, 1961

Pages: 17,326 to 17,337

**FILED**

SEP 24 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

**JOHN SWADER**
Official Reporter
United States District Court
325 West F Street
San Diego 1, California
BElmont 4-6211 - Ext. 370

VOLUME 156                                                 17,326

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

HONORABLE JAMES M. CARTER, JUDGE PRESIDING

- - -

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
     vs.                            )   No. 1247-SD-C
                                    )
FALLBROOK PUBLIC UTILITY            )
DISTRICT, et al.,                   )
                                    )
            Defendants.             )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

San Diego, California

Thursday, June 22, 1961

APPEARANCES:

  For the Plaintiff:              WILLIAM H. VEEDER, ESQ.,
                                  Special Assistant to the
                                  Attorney General


  For the Defendants:

    Vail Company                  GEORGE STAHLMAN, ESQ.

    State of California           FRED GIRARD, ESQ.

MARIE G. ZELLNER, OFFICIAL REPORTER

1   SAN DIEGO, CALIFORNIA, THURSDAY, JUNE 22, 1961, 9:30 A. M.

2              - - -

3        (Other cases called.)

4        THE CLERK: Number two, 1247-SD-C, United States vs.

5   Fallbrook, further court trial.

6        THE COURT: Mr. Veeder.

7        MR. VEEDER: Your Honor, I sent to your office the

8   revised Tucalota Creek Sub-watershed Interlocutory Judgment

9   respecting the non-overlying rights. Has your Honor had a

10  chance to review that?

11       They were put together on the basis of conversation

12  between Mr. Girard, Mr. Stahlman and members of the staff. I

13  haven't heard from either Mr. Stahlman or Mr. Girard as to

14  whether they have objection to it. None has been expressed

15  to me.

16       MR. STAHLMAN: Oh, I haven't had a chance to read it.

17       MR. VEEDER: Now, George, do you know what we are talking

18  about?

19       MR. STAHLMAN: Oh, those --

20       MR. VEEDER: We are talking about non-overlying land.

21       MR. STAHLMAN: Oh, those are okay.

22       (The document was examined by the Court.)

23       THE COURT: When you get down into Paragraph IV, and you

24  quiet title to this vagrant, local and percolating water --

25       MR. VEEDER: You are now on the interlocutory judgment,

t-3

your Honor?

THE COURT: Yes. And you say "against the adverse claims, if any, of the United States of America and all parties to this cause . . ." "all other parties" I suppose it should be. Actually, I don't like "all parties to this cause" -- "all parties claiming an interest in the waters of the Santa Margarita River."

You say "all parties to the cause", and you get some problem on defendants. I don't want to be technical, but wouldn't it be better to say, "and all parties having or claiming to have any interest in the surface and the ground waters of the Santa Margarita River and its tributaries."

MR. VEEDER: That would eliminate any possibility of an inter sese adjudication. I think that would be proper, your Honor. If you want to add in there --

THE COURT: You can say, "who have or claim to have any right, title or interest in the ground or surface waters of the Santa Margarita River and its tributaries," and strike out "to this cause", "their heirs," and so forth "and the United States of America and all other parties . . ."

Well, going back, "to this cause", it can be left in if you make the insert, going back to Line 5, "and all other parties to this cause having or claiming to have any right, title or interest in and to the surface and ground waters of the Santa Margarita River and its tributaries are forever

17,329

1  restrained," and so forth.

2  MR. VEEDER: You want to have language broader than is
3  in Paragraph II, Lines 26 and 27, where the rights to the
4  title of the United States apply. If you will look back to
5  Page 5 --

6  THE COURT: You say back to Page 5?

7  MR. VEEDER: "The titles to the rights of the United
8  States of America and all other parties in this action having
9  rights in and to the surface and ground waters", -- you want
10 in addition, "or claiming any rights in and to the surface
11 waters." Is that about what you want?

12 THE COURT: It is much the same language as "having any
13 rights." I think in II you are quieting title to people who
14 have rights.

15 MR. VEEDER: That is correct.

16 THE COURT: But when you get to the reverse side of it,
17 I think the language used should be to quiet title against all
18 persons having or claiming to have rights.

19 MR. VEEDER: That is what I had in mind.

20 THE COURT: Yes.

21 MR. VEEDER: So if we were to add "all other parties in
22 this action having or claiming rights . . ."

23 THE COURT: "or claiming rights," yes, that is correct.

24 MR. VEEDER: In other words, by adding "and claiming
25 rights" in Line 27 of Paragraph II on Page 5 it would suffice

t-5

1  to meet your objection to Paragraph IV.

2  THE COURT: Then you would have to add the other language.

3  MR. VEEDER: Yes, I would write it in.

4  THE COURT: That is, "having or claiming rights in the

5  surface or ground waters of the Santa Margarita River or

6  its tributaries."

7  MR. VEEDER: So if we were to repeat that in Paragraph IV,

8  adding "or claiming", it would be satisfactory?

9  THE COURT: Yes, plus "having or claiming," then repeat

10  this other language that you have above.

11  MR. VEEDER: That is right.

12  THE COURT: ". . .rights in and to the surface waters of

13  the Santa Margarita River and its tributaries."

14  MR. VEEDER: Yes, we will do that.

15  THE COURT: Do you see anything else in it, -- any of

16  you?

17  MR. GIRARD: No, that is all right.

18  MR. VEEDER: Now, may I outline to your Honor the plans

19  that we have worked out in my office for the purpose of

20  handling these proceedings, and if it is approved by you, then

21  we will go ahead.

22  This format will be used: I am now referring to the

23  Tucalota Creek Sub-Watershed Interlocutory Judgment No.____A,

24  and I have written on it, "Date, 6-22-61," so we are all

25  working from the same form, and that has been distributed to

17,331

Mr. Girard, Mr. Stahlman and your Honor. We would use it in Tucalota, in Anza, in Sandia, and in all areas in which there are tracts or parcels of land which do not overlie any ground waters which are a part of the stream. We would use it throughout the whole Valley.

THE COURT: Why would you back up on Sandia? We have practically got Sandia wrapped up.

MR. VEEDER: I think it would be a neater package by having this. I won't argue about it, however. It seems to me it would just be better to do it that way.

THE COURT: Discuss it with Mr. Girard and with Mr. Stahlman. We had just about gotten Sandia up where we had it all in one judgment, and if it is done that way, there is no harm in it. This procedure will be a very good one to use elsewhere, but why on Sandia? Do you have any reason to use it there?

MR. VEEDER: I don't care. I should not have mentioned Sandia.

THE COURT: What do you think about that, Mr. Girard?

MR. GIRARD: I think we have Sandia down in the basement complex area taken care of in one judgment, and I don't see any reason for changing it.

1   THE COURT: Well, we might recheck Sandia to see whether
2   we have things in Sandia that we have here. If it were necessary
3   to revise Sandia, extensively, that is, then of course I
4   wouldn't object to separating it out as you propose here.
5   MR. VEEDER: All right, your Honor.
6   MR. GIRARD: We don't have any quiet title language, so
7   we will have to change that.
8   MR. VEEDER: Yes, there are going to be revisions in
9   Sandia.
10   THE COURT: If there are going to be revisions in Sandia
11   -- you mean revisions besides the descriptions?
12   MR. VEEDER: I think there is going to be quiet title
13   language that you will want in the judgment.
14   Here is the reason why I am concerned about it this
15   morning. I have promised Mr. Krieger that I would send him a
16   copy of this and explain to him the procedure we are going to
17   follow, and in Tucalota this would also be the procedure through-
18   out the whole area and I would so advise him, if you desire me
19   to do that.
20   THE COURT: Yes. May I make a suggestion on these various
21   graphs in the upper righthand corner that you have a date, so
22   that we know we are looking at the current one.
23   MR. VEEDER: I will do that.
24   THE COURT: This one as to Tucalota will only have to be
25   revised on that last page.

P 2

1       MR. VEEDER: I will change it and put a date on it.

2       THE COURT: What other matters are you working on?

3       MR. GIRARD: As far as Anza and Coahuila Valley are concerned, Mr. Veeder and I had a rather lengthy discussion on it yesterday. I think he has agreed, and I have agreed, to all of the changes that Mr. Veeder suggested, and we have those ready to submit.

In addition, Mr. Veeder is going to prepare, and has prepared, I believe, and I am agreeable with it, a description of the streams which flow in the area of Anza and Coahuila Valley and designating by an exhibit the lands which are riparian to those streams.

MR. VEEDER: And the lands which are overlying. The fact is that we will combine Wilson Creek with Anza and have the whole valley.

MR. GIRARD: You are not going to combine Wilson Creek and Anza in the same findings, are you, Mr. Veeder?

MR. VEEDER: I don't see any reason why we shouldn't.

THE COURT: Wilson Creek and Anza?

MR. VEEDER: Wilson Creek is a tributary of Coahuila Creek. And we have everything ready. It is just a matter of consolidating the whole area in one.

THE COURT: Putting them together?

MR. VEEDER: Yes.

MR. GIRARD: In other words, you just incorporate all these

P 3   1  into your Wilson Creek findings?

2       MR. VEEDER: Yes.

3       MR. GIRARD: That's all right.

4       MR. VEEDER: And have the same conclusions of law appli-

5  cable. There is no reason for having more of these interlocutory

6  judgments than is necessary.

7       MR. GIRARD: Now, on Diamond and Domenigoni Valley I think

8  we have pretty much a question that your Honor is going to have

9  to resolve. Mr. Veeder, I think, disagrees basically with the

10 approach taken by Mr. Sachse.

11      Is that correct?

12      MR. VEEDER: I haven't had a chance to talk with you yet

13 on the Tucalota findings for the riparian and overlying rights.

14 If those are adopted, I think we should have that format for

15 the whole area, if possible.

16      MR. GIRARD: I guess the crucial thing in the findings on

17 Diamond and Domenigoni Valley was the finding to the effect

18 that when the ground waters drop below 1400 feet elevation they

19 don't contribute to the Santa Margarita River.

20      MR. VEEDER: There is certainly agreement on that. There

21 is no dispute on it -- never has been.

22      THE COURT: What do I have to decide on Domenigoni Valley?

23      MR. GIRARD: Apparently I was under a misapprehension. I

24 thought we were disagreed as to the basic conclusion on these

25 ground waters.

1   MR. VEEDER: No, we have always agreed that there is
2   probably leakage into Menifee Valley.
3   THE COURT: Then you are going ahead with Domenigoni Valley?
4   MR. VEEDER: Yes, that is correct.
5   MR. GIRARD: Yes.
6   THE COURT: Domenigoni should be a separate judgment,
7   should it not?
8   MR. VEEDER: I would think so. Domenigoni and Warm Springs,
9   because Warm Springs is in exactly the same situation as
10  Coahuila Creek with Anza. I see no reason for having a set of
11  findings for a ground water body without defining the stream.
12  There is just not a simpler way of handling it.
13  THE COURT: You are going to work on that then?
14  MR. VEEDER: Yes, these things are going ahead, your Honor,
15  and if this form is approved in regard to the non-overlying
16  rights we can go ahead on this. And these others are going
17  ahead fast.
18  THE COURT: What about the exhibits that are attached on
19  Tucalota?
20  MR. VEEDER: Arrangements have been made and are completed
21  for that, your Honor. We are taking the alphabetical list,
22  eliminating any lands which have any appurtenant rights, like
23  the form we showed you, so that those parties without any over-
24  lying rights and the lands to which the findings are applicable
25  are attached and made a part of them as Exhibit B. They are

P 5

1 depicted in Exhibit A on a map.

2 THE COURT: My fingers are just itching to sign some judgments. When are you going to have some in here to sign?

4 MR. VEEDER: I want to please your Honor all I can, but I don't want to submit incomplete findings, if it is all right with you. I am anxious to do a good job.

7 THE COURT: When do you propose to have some of these?

8 MR. VEEDER: I can bring it in this afternoon, if you want to start signing Tucalota. Mr. Krieger will not have a chance to review them, but I will get them in.

11 MR. GIRARD: Which one do you mean?

12 MR. VEEDER: The non-overlying.

13 MR. GIRARD: We can sign that, yes.

14 MR. STAHLMAN: We can sign that.

15 THE COURT: I want it done right. You are going to continue to work?

17 MR. VEEDER: Your Honor, we are.

18 THE COURT: I will then continue the matter until 9:30 tomorrow morning.

20 MR. VEEDER: All right.

21 THE COURT: I assume you all have things to do.

22 MR. VEEDER: Yes, we are keeping busy.

23 (Adjournment until Friday, June 23, 1961 at 9:30 A.M.)

- - -

17,337

P 6

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      )<br>                 Plaintiff,            )<br>                                      )<br>     vs.                              )<br>                                      )<br>FALLBROOK PUBLIC UTILITY DISTRICT,   )<br>et al.,                               )<br>                                      )<br>                 Defendants.          ) | No. 1247-SD-C |

CERTIFICATE OF REPORTER

We, the undersigned, do hereby certify that we are, and on the date herein involved, to wit: June 22, 1961, were duly qualified, appointed and acting official reporters of said Court;

That as such official reporters we did correctly report in shorthand the proceedings had upon the trial of the above entitled case; and that we did thereafter cause our said shorthand notes to be transcribed, and the within and foregoing 12 pages of typewritten matter constitute a full, true and correct transcript of our said notes.

Dated at San Diego, California, this 22nd day of June, 1961.

*John Swader*
Official Reporter

*Marie B. Zellner*
Official Reporter

JOHN SWADER, OFFICIAL REPORTER