# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

---

### BEFORE HON. JOHN M. CRANSTON, SPECIAL MASTER

UNITED STATES OF AMERICA,

            Plaintiff,

      vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al.,

           Defendants.

No. 1247-SD-C

**REPORTER'S TRANSCRIPT**

FILED

SEP 2 4 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ DEPUTY

**Volume:** 33

**Pages**   3151 - 3170

**Date:**   January 11, 1960

**Place:**   Fallbrook, California

RANDOL, FIVECOAT & STEWART
CERTIFIED SHORTHAND REPORTERS
1113 FIRST NATIONAL BUILDING
SAN DIEGO 1, CALIFORNIA
BELMONT 9-4191

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## INDEX TO WITNESSES

|                | | D |
| -------------- | | ---- |
| Allen C. Bowen | | 3155 |

## INDEX TO EXHIBITS

|         |                                          | Iden. | Evid. |
| ------- | ---------------------------------------- | ----- | ----- |
| MF-7D-1 | Engineering Report, James O. Turnbull    | 3154  | 3156  |
| MRD-1   |                                          |       | 3166  |
| MT-11   | Engineering Report, William E. Curphy    | 3166  | 3167  |

APPEARANCES:

WILLIAM H. VEEDER, ESQ., and
LCDR DONALD W. REDD, U. S. N.,
  For United States of America

FRANZ R. SACHSE, ESQ.,
  For Fallbrook Public Utility District
  aand individually named defendants.

GEORGE STAHLMAN, ESQ.,
  For the Vail Company.

ELLA HAMILTON, in pro per.

LAURENCE KIRK, in pro per.

JACOB NUFER, in pro per.

CHARLES H. BERRY, in pro per.

FLOYD OLIVE, in pro per.

HAL HEFLIN, in pro per.

CATHERINE MURPHY, in pro per.

FRED NOWECK, in pro per.

DORA A. BELL, in pro per.

F. M. BELL, in pro per.

JAMES O. TURNBULL, in pro per.

1    Fallbrook, California, Monday, January 11, 1960; 9:40 A. M.

2

3          THE CLERK:   Court is now in session.

4          THE MASTER:  Will counsel state their appearance for the

5    record?

6          MR. VEEDER:  William H. Veeder for the United States of

7    America.

8          LCDR REDD:  Lieutenant Commander Redd for the United

9    States of America.

10         MR. SACHSE:  Franz Sachse for the Fallbrook Public Utility

11   District and certain named individual defendants.

12         MR. STAHLMAN:  George Stahlman, Vail Company.

13         THE MASTER:  Are there any individual defendants here who

14   are not represented by counsel?  If so, will you please state

15   your names for the record, please.  Will you start, state your

16   name for the record?

17         MRS. HAMILTON:  Ella Hamilton.

18         MR. KIRK:  And Laurence Kirk, K-i-r-k.

19         THE MASTER:  The gentlemen on the end there next.

20         MRS. HAMILTON:  He is my son, but I own the property.

21         MR. NUFER:  Jacob Nufer, N-u-f-e-r.

22         MR. BERRY:  Charles H. Berry, B-e-r-r-y.

23         MR. OLIVE:  Floyd Olive.

24         MR. HEFLIN:  Hal Heflin.

25         MRS. MURPHY:  Catherine Murphy.

1      MR. NOWECK:  Fred Noweck, N-o-w-e-c-k.

2      MR. BELL:  F. M. Bell and Dora A. Bell.

3      MR. TURNBULL:  James O. Turnbull.

4      THE MASTER:  Thank you.    Before we start the hearing

5   on the findings on the property of the Santa Margarita north

6   of Fallbrook and west of Rainbow and south of the Santa Margarita

7   River, I understand that Mr. Turnbull has obtained leave from

8   his employment to be here and wishes to present certain evidence.

9   So, Mr. Veeder, I believe you have an engineering report on his

10  property.  Can that be presented so Mr. Turnbull can leave?

11     MR. VEEDER:  Yes, call Col. Bowen, please.

12     Your Honor, in regard to the engineering report which we

13  have, there is some doubt in my mind as to what designation

14  we should place on it as an exhibit number.  Would your Honor

15  approve of MF-7D-1 for the purpose of having it identified?

16     THE MASTER:  This is an engineering report on a parcel

17  of property which is included in MF-7D?

18     MR. VEEDER:  That is correct.  The Turnbull property is

19  on the first page of that exhibit.  It occurs to me it would

20  be easily identified in that manner.

21     THE MASTER: I think that is as good a designation as any.

22     MR. VEEDER:  Will you mark it MF-7D-1?

23     THE CLERK:  MF-7D-1.

24

25

1                      ALLEN C. BOWEN,

2    recalled as a witness, having been previously sworn, testified

3    as follows:

4

5                      DIRECT EXAMINATION

6

7    BY MR. VEEDER:

8         Q  Col. Bowen, I hand you the Identification marked

9    MF-7D-1 and ask you to state in the record what is represented

10   by that Identification.

11        Q  It is an engineering report of the property of James

12   O. Turnbull and Betty Lucille Turnbull.

13        Q  And under whose direction was that prepared?

14        A  Prepared under my direction.

15        Q  Referring to MF-7D, would you state what parcel number

16   it is appearing on that exhibit?

17        A  The property reported in MF-7D-1 for Identification is

18   described on MF-7D, shown on the first page thereof, as

19   Parcel 94W-12,7.

20        Q  Now, is the engineering report that you have prepared

21   correct to your own personal knowledge, Col. Bowen?

22        A  Yes, sir.

23        MR. VEEDER:  Now, we wish to offer in evidence MF-7D-1,

24   reserving, however, the right to withdraw and substitute, because

25   we have increased slightly the acreage that is set forth in the

1    engineering report.

2        Q  Is that correct?

3        A  That is correct.

4        THE MASTER:  Is there any objection?  If not, this will

5    be received in evidence then as Exhibit MF-7D-1, subject to the

6    right to withdraw and substitute the revised report.

7        MR. VEEDER: Thank you, your Honor,  I have nothing

8    further on that unless Mr. Turnbull has something.

9        THE MASTER:  Mr. Turnbull, have you had a copy of this

10   report?

11       MR. TURNBULL:  Yes, I have.

12       THE MASTER:  Maybe you should be sworn as a witness, if

13   you are going to testify.  Do you have any objections to the

14   report?

15       MR. TURNBULL:  There is only one change, your Honor. I

16   have erected a three room house that wasn't there when the

17   engineer's report was made.  A three bedroom house, I should

18   say.

19       MR. VEEDER:  Is that correct?

20       THE MASTER:  As far as the statements as to the character

21   of the land, do you agree with those?

22       MR. TURNBULL:  Yes, sir.

23   BY THE MASTER:

24       Q  Col. Bowen, do you know about the erection of the

25   house?

A   Yes, sir.

Q   That has been erected since the report was made?

A   Yes, sir.

MR. VEEDER:   I think that can be included in the substi-tution.

THE WITNESS:   Yes, sir.

MR. VEEDER:   In the substituted exhibit; is that correct, Colonel?

THE WITNESS:   That is correct, sir.

MR. VEEDER:   We will do that, your Honor.

THE MASTER:   Do you wish to ask Col. Bowen any questions, Mr. Turnbull?

MR. TURNBULL:   No, sir.

MR. VEEDER:   From our standpoint, that closes the record in regard to the Turnbull property, your Honor.

MR. SACHSE:   Mr. Veeder, I think we should warn Mr. Turnbull the proposed findings of the Master provide this is still open before Judge Carter.   This is a riparian parcel.

MR. VEEDER:   I was going to put that in when we get to the matter of findings.   I think this whole area is open to the same proposition, since the condemnation decree was entered into.

MR. SACHSE:   No, it isn't the condemnation decree.

MR. VEEDER:   No, I say since that decree has been entered, all the findings in the area are subject to further review by reasons of questions of law which have been presented by reason of those findings.   He will have to file an addenda to the

1    findings in regard to the Turnbull property, perhaps.

2        MR. SACHSE: My only thought was we should remind Mr.

3    Turnbull of your proposed findings in regard --

4        MR. VEEDER:  What is your problem?

5        MR. SACHSE: I simply was suggesting to his Honor we should

6    particularly remind Mr. Turnbull of proposed Finding III, that

7    the making of findings and conclusions of law on any parcel

8    riparian to the main stream are deferred until evidence has

9    been produced before Judge Carter.

10       THE MASTER:  Yes, that is correct.  That would apply to

11   anyone else here.

12       MR. SACHSE: He might have to present evidence before Judge

13   Carter.

14       THE MASTER:  Proposed Finding III on this parcel of

15   property north of Fallbrook Creek watershed, west of Rainbow

16   Creek watershed, and south of the Santa Margarita River states

17   that additional evidence is to be offered before the Court in

18   San Diego with reference to the parcels which are riparian to the

19   main stream of the Santa Margarita River, and therefore the

20   findings which are proposed to be settled this morning with

21   reference to that general area do not affect the property which

22   is actually riparian to the main stream of the Santa Margarita.

23   So that this will not be the conclusion necessarily of evidence

24   with reference to that type of property.

25       Of course, even as to the property which is not riparian

to the main stream of the river, under the procedure set up by Judge Carter, even after the findings have been settled by me they are lodged with him and are subject to further challenge or question by anyone at a later date.

Now, presumably if they had been settled here some reason would have to be shown to him why they should be changed. But they are still subject to change by him upon showing of due reason for the change.

Do you understand that, Mr. Turnbull, that as far as your property is concerned if it is riparian to the Santa Margarita the final findings on it will be made by Judge Carter.

MR. TURNBULL:  Yes, sir.

MR. VEEDER:  I have nothing more.

THE MASTER:  Mr. Turnbull, unless you wish to stay, you can be excused, because I take it this is all the evidence that will be presented before me with reference to your property.

MR. TURNBULL:  Your Honor, my understanding was that a riparian owner with domestic use only was in a little better shape of this being accepted than someone that was using it for say agricultural use.  That is the reason I didn't have any further argument, because it is strictly domestic use.

THE MASTER:  Well, as I say, any priorities or determinations as to the rights, whether domestic or agricultural, on such property will have to be made by Judge Carter.

MR. TURNBULL:  That is correct.

1       THE MASTER:  So I can't express any opinion as to what he

2   would find on that.

3       MR. TURNBULL: I understand.  I may be excused, sir?

4       THE MASTER:  Yes, you may be excused.

5       Now, this is the time which has been noticed for hearing

6   the findings of fact which I proposed with reference to the

7   property north of Fallbrook Creek watershed, west of Rainbow

8   Creek watershed, and south of the Santa Margarita River, and

9   also including certain parcels which are within the Fallbrook

10  Creek watershed, but which were not specifically covered in the

11  findings with reference to Fallbrook which were previously

12  signed by me.  I believe that copies of the proposed findings

13  have been sent to all property owners and to the attorneys of

14  record for any property owners who had counsel.

15      No written objections have been filed with me as to any

16  of the proposed findings.  However, it has been called to my

17  attention that since the commencement of the action, and since

18  the preparation of the exhibits which were introduced which set

19  forth the specific parcels of property and their owners, and

20  which contain notations as to which parcels were riparian to

21  the main stream of the Santa Margarita River and which were

22  riparian to a tributary, a decree has been entered in the condemna-

23  tion action in which the Fallbrook Public Utility District was

24  a party which vested title to at least portions of some of these

25  parcels and all of other parcels in the Fallbrook Public Utility

1   District.  This decree may have some effect upon the riparian

2   status of the balance of the parcels of the property which was

3   not condemned by the District.

4        Therefore it appears to me that even in the absence of any

5   written objections, certain revisions should be made in at least

6   one of the findings.

7        Referring to Finding II, as previously written it states:

8            "All of the parcels of property referred to in

9        said Exhibit A attached hereto which are identified

10       by the letters RR in the margin of said Exhibit

11       opposite said descriptions are riparian to the main

12       stream of the Santa Margarita River".

13       That language will be changed so as to read that:

14           "Those parcels of property identified by the

15       letters RR in the margin of said Exhibit opposite said

16       descriptions" -- and this would be the change:

17       "were at the time of the filing of the lis pendens

18       herein" -- that will be end of the change --

19       "riparian".  The inserted words will be substituted for

20  the word "are".

21       The finding then continues:

22           "All of the parcels of property referred to in

23       said Exhibit A attached hereto which are identified

24       by the letters RT in the margin of said Exhibit

25       opposite said descriptions are riparian and are

1        traversed by tributaries which flow into the Santa

2        Margarita River".   That language will be modified by

3    striking out the word "are" before the "riparian", substituting

4    instead "were at the time of the filing of the lis pendens

5    herein" -- that is the end of the substitution -- "riparian".

6        And I believe it is still proper to say they are traversed

7    by tributaries.  No, let's see, if they were severed the

8    remaining portion would not be traversed, but the total parcel

9    would still be traversed.

10        MR. SACHSE:  The parcel as described by your Honor in the

11    exhibit is unquestionably traversed by the tributary.

12        THE MASTER:  Is still traversed?

13        MR. SACHSE:  Yes.

14        THE MASTER:  So the word "are" will remain before the

15    word "traversed" but will be stricken before the word "riparian"

16    and the indicated phrase substituted.

17        The last phrase of the finding:

18            "And all of said parcel referred to in said

19            Exhibit A attached hereto which are identified by

20            both the letters RR and the letters RT in the margin

21            of said Exhibit A opposite said descriptions are

22            riparian both to the main stream of the Santa Margarita

23            River and to a tributary thereof", that language will be

24    modified to strike out the word "are" before the word "riparian"

25    and replace it with the word "were", and after the word

"riparian" insert the phrase "at the time of the filing of the lis pendens herein". That is the end of the insert.

Now, in Finding V, the finding at present reads:

"The parcels of property referred to in said Exhibit A attached hereto which are not marked either with the letters RR or the letters RT in the margin of said Exhibit are not riparian to any stream or creek within the area above mentioned".

Mr. Sachse has called to my attention the fact that as to two parcels of --

MR. SACHSE: Three, your Honor, I found one more.

THE MASTER: Correction -- three parcels of property, they are not physically riparian, but there is a question as to whether in the instrument by which the parcel of property between these particular parcels and the tributary or river was conveyed to the Fallbrook Public Utility District there was an attempted reservation of riparian rights. And the Finding V will be modified so that the legal question of the sufficiency of this reservation will not be determined. That will be left open for consideration by Judge Carter. In other words, the property is not physically riparian, since it is now severed from the stream. The validity of the attempted reservation of rights will not be adjudicated in these findings, and Finding V will be modified. Mr. Sachse will give me the specific parcel numbers.

MR. SACHSE: I have them here, your Honor.

Kunkel?

1    THE MASTER:  Very well.  Can you give them to me now, then?

2    The parcels affected are Parcel 93W-17,73, belonging to

3    Monfort and others.  Parcel 93W-17,5 and 93W-8,11X1, owned by

4    Stenton, and 93W-7,15X1, owned by Kunkel.  I will insert

5    language in the finding to indicate that the attempted reserva-

6    tion of riparian rights on those parcels is not determined by

7    these findings, but is left open for decision by Judge Carter.

8    Now, is there anyone in the courtroom that has any other

9    objections to the findings or wishes any other changes made in

10   the findings as proposed?

11   If not, then the hearing on the findings proposed for this

12   area will be closed, and the findings will be modified in the

13   respects in which I have indicated, and will be lodged with

14   Judge Carter for such action as he may wish to take with

15   reference to those findings, and the other findings which I have

16   made which have also been lodged with him or will be lodged with

17   him in the future.

18   Now, are there any defendants in the courtroom who wish

19   to present evidence with respect to any particular parcels of

20   property?

21   MR. NOWECK:  I have got my release.

22   THE MASTER:  Yes, what is your name?

23   MR. NOWECK:  Noweck.

24   THE MASTER:  Noweck.

25   MR. NOWECK:  I got my release here.  I don't know, I got a

1    letter to appear here today.

2        THE MASTER: Off the record a minute.

3        (Discussion off record.)

4        THE MASTER: Let the record show Mr. Noweck had accepted

5    an offer of settlement from the Government and had received

6    notice of the settlement of the findings of fact, but has no

7    objection to the findings.

8        Now, is there any other defendant present who wishes to

9    present evidence with reference to any particular portion of

10   property?

11       Is everybody satisfied with the finding which has been made

12   insofar as your property is concerned?

13       A VOICE: I am.

14       THE MASTER: Very well. Mr. Veeder, do you have any other

15   testimony to present then?

16       MR. VEEDER: Not in connection with this matter, your Honor.

17   We do have the Curphy report we said we would put in, but that

18   is up in the Temecula Creek watershed.

19       THE MASTER: Very well. We will proceed then to hear

20   evidence in the Temecula Creek watershed.

21       MR. VEEDER: Call Col. Bowen, please.

22       What would be the last number on the Temecula Creek?

23       (Discussion off record.)

24       MR. VEEDER: May we go off the record for just a moment, your

25   Honor?

1      THE MASTER:  Sure.  Possibly, Mr. Veeder, before we

2   start this testimony, I should state for the record that since

3   the last hearing in November I wrote to Mr. Tom Halde advising

4   him that at the hearing on November 2nd Col. Bowen had testified

5   with reference to Exhibit MRD-1, and that the exhibit had been

6   introduced in evidence, advised him of the date of the present

7   hearing, and told him that if he wished to present any additional

8   evidence with reference to the exhibit he should either be

9   present today or let me know if he desired to present evidence

10   and couldn't be here today.  And I have heard nothing from him.

11   So insofar as Exhibit MRD-1 is concerned, which was introduced

12   November 2nd, it will now be received finally, and the record

13   will show that Mr. Halde apparently has no objection to the

14   exhibit.

15      MR. VEEDER:  Thank you, your Honor.

16

17                     ALLEN C. BOWEN,

18   recalled as a witness, having been previously sworn, testified

19   as follows:

20

21                   DIRECT EXAMINATION

22

23   BY MR. VEEDER:

24      Q  I hand you, Col. Bowen, the exhibit marked MT-11 for

25   identification, and ask you to state for the record its contents.

1      A  MT-11 for Identification is a copy of the engineering

2  report prepared for the property of William E. Curphy, C-u-r-

3  p-h-y.

4      Q  And under whose direction was that engineering report

5  prepared, Col. Bowen?

6      A  Prepared under my direction.

7      Q  And I will ask you to identify that property on MT-5,

8  which is a map of the area in question.

9      A  The property covered in MT-11 for Identification is

10  depicted on MT-5, and the number 60, -- that is six zero --

11  encircled, appears within the outer perimeter of the property

12  as delineated on MT-5.  It lies northerly of State Highway 79.

13      Q  Now, is that engineering report, to your personal

14  knowledge, correct, Col. Bowen?

15      A  Yes, sir, it is.

16      MR. VEEDER:  We offer in evidence the exhibit marked for

17  identification MT-11.

18      THE MASTER:  That will be received in evidence as Exhibit

19  MT-11.

20      MR. VEEDER:  Mr. Curphy is not here; is that correct?

21      THE MASTER:  Very well.

22      MR. VEEDER:  We have nothing further, your Honor, in that

23  connection.

24      THE MASTER:  Mr. Curphy is not here this morning; is that

25  correct?  Is there anyone here representing Mr. Curphy?

1     MR. VEEDER:   May I ask a couple more questions along this

2    line, then?

3    BY MR. VEEDER:

4     Q   Col. Bowen, has a copy of this been delivered to Mr.

5    Curphy?

6     A   Yes, sir.

7     Q   Of MT-11?

8     A   Yes, sir.

9     Q   And have you had an objection from him in regard to its

10    contents?

11     A   None, sir.

12     THE MASTER:   Do you have any other engineering reports or

13    evidence to present, Mr. Veeder?

14     MR. VEEDER:   Not at this time, your Honor, no, we do not.

15    I wanted to just be very sure, your Honor, that the matter in

16    regard to these findings are clear to everyone who is here, and

17    I think it is, that there is no question but what there can be

18    changes made in these findings by disposition of the legal

19    questions that will be raised before Judge Carter.

20     THE MASTER:   That is correct.   I think it should be made

21    apparent to any of the defendants who are here.   However, insofar

22    as the findings reflect statements of fact, that the chance of

23    change before Judge Carter is, I would say, very remote.   And

24    that as far as there being a finding that the water is vagrant,

25    percolating water is a finding of fact, that is not as subject

1   to change by Judge Carter as any conclusion of law which I might

2   make from that finding.   In other words, the general rule which

3   would be followed would be that the findings of the Master as

4   to questions of fact would be accepted by Judge Carter unless

5   there was fairly strong evidence to the contrary.   And conclusions

6   of law which I might make could be changed by him if he thought

7   I was wrong on the law without much showing by anybody.   In

8   other words, I am supposed to find facts primarily, and insofar

9   as I make conclusions of law they are always subject to revision

10   by him.   I think that is what Mr. Veeder wishes to make plain.

11       MR. VEEDER:   I just wanted to be sure they understood there

12   is no further hearing unless they are notified.

13       THE MASTER:   Yes, there is no further hearing before Judge

14   Carter on these facts.   There might be a hearing on his change

15   in the determination of the law based on these facts.   Mr.

16   Sachse, Mr. Stahlman, do you have anything further?

17       MR. SACHSE:   I have nothing further.

18       MR. STAHLMAN:   Nothing further.

19       THE MASTER:   The question is then, gentlemen, what is the

20   date for the next hearing and what evidence will be presented at

21   that time. I think we should go off the record for a discussion.

22       (Discussion off record.)

23       THE MASTER:   Then we will go back on the record, Mr.

24   Reporter.   The hearings will now be adjourned then until Monday,

25   March 7, at 9:30 A. M., at which time evidence will be received

1  concerning property in the Wilson Creek area, and any additional

2  evidence with reference to areas which have been considered up

3  to the present time.

4     MR. VEEDER:  Are we adjourned, your Honor?

5     THE MASTER:  Yes.