IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

FILED
ENTERED
LODGED
RECEIVED

MAR 13 1989

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA,       )
                                )
                 Plaintiff,     )      Civ. No. 1247-SD-T
                                )
        vs.                     )      ORDER FOR THE APPOINTMENT
                                )       OF A WATERMASTER; POWERS
                                )       AND DUTIES.
FALLBROOK PUBLIC UTILITY        )
DISTRICT, et al.,               )
                                )
                 Defendants     )
_____)

In 1951, the United States of America brought this case to seek a judicial determination of all respective water rights within the Santa Margarita River watershed. That litigation culminated in this Court's decision United States v. Fallbrook Public Utility District, et al., 193 F.Supp. 342 (S.D.Cal. 1961), aff'd in part and reversed in part 347 F.2d 48 (9th Cir. 1965) and finally in the Modified Final Judgment and Decree, entered April 6, 1966.

During the course of this litigation the Court appointed Lieutenant Colonel A. C. Bowen to collect water consumption data from substantial users within the watershed and to report to the Court on his findings. By Order of January 19, 1975, Colonel Bowen was appointed as Watermaster with broad powers to administer and enforce the provisions of the Court's Modified



FORM OBD-183
MAR. 83

1  Final Judgment and Decree.   Colonel Bowen served in this capacity

2  until his death in 1981.   No replacement has been appointed.

3      In   June   of   1988   the   United   States   of   America,   Rancho

4  California   Water   District   and   Fallbrook   Utility   District

5  requested   that   this   Court   act   to   appoint   a   replacement   for

6  Colonel   Bowen.     After   a   hearing   on   June   13,   1988,   this   Court

7  ordered   the   three   parties   to   advertise   for   and   interview

8  prospective   candidates   for   the   position   of   Watermaster.     That

9  process   having   been   completed,   notice   was   given   of   this   hearing

10  for   any   party[1]/   to   show   cause   why   this   Court   should   not   appoint

11  the   candidate   recommended   by   the   United   States,   Rancho   California

12  Water   District   and   the   Fallbrook   Public   Utility   District.     Having

13  received   no   substantial   objection   to   this   candidate   it   is   hereby

14  Ordered, Adjudged and Decreed:

15                                      I

16                  **APPOINTMENT OF A WATERMASTER**

17      James   Jenks   is   hereby   designated   by   this   Court   to   act   as

18  Watermaster   for   the   Santa   Margarita   River   watershed,   to

19  administer   and   enforce   the   provisions   of   the   Modified   Final

20  Judgment   and   Decree   and   subsequent   instructions   and   orders   of

21  this Court.

22

23

24

25

[1]/   For the purpose of this Order, party shall mean any party to
26      the original adjudication and their successors in interest.

- 2 -

II

**REPORTING DUTIES**

Promptly after the end of each water year,[2/] the Watermaster shall report to the Court, in writing, a summary of his findings and conclusions in accordance with paragraph V of this Order and as follows:

1. A summary of water availability within the Santa Margarita River watershed for the previous water year and, to the extent feasible, a forecast of the same for the upcoming water year. The summary shall include a compilation, by hydrologic sub-unit, of the following water quantities:

a. Surface Water:

1) Surface flow of the Santa Margarita River and its tributaries, with identification by quantity of the specific sources of such surface flow, including water from natural runoff, water imported from outside the watershed, and water from each of the subsurface sources identified in the applicable interlocutory judgments.

2) Diversions of surface water, with identification by quantity of the related consumptive uses, losses, and returns.

3) Water in surface storage on the last day of the previous water year.

b. Subsurface Water:

1) Extractions from each of the subsurface sources identified in the applicable interlocutory judgments, with identification by quantity of the related consumptive uses, losses, and returns.

2) For each such subsurface source, (i) the quantity of water in subsurface storage at the

_____

[2/] For the purposes of this Order a "water year" shall be defined as that twelve-month period beginning on October 1 and ending September 30.

- 3 -

end of the previous water year, (ii) the source and quantity of recharge.

c.   The source and quantity of water imported for use within the Santa Margarita River watershed.

d.   The source and quantity of water exported from the Santa Margarita River watershed.

2.  A list of all water users within the Santa Margarita River watershed, including for each a description of vested rights and appropriative priority dates if any.

3.  A report on the use of water by each substantial user[3/] within the Santa Margarita River watershed for the previous water year showing for each such user the amount of water diverted, extracted, impounded, or imported and the amount used according to category of use, including:  domestic, irrigation, other agricultural, industrial, commercial, public and such other types of uses as the Watermaster may deem appropriate.

4.  A list of all unauthorized water use within the Santa Margarita River watershed, along with an explanation of actions taken or recommended to be taken with respect to such use.

5.  A statement of conditions and activities which, if continued, may pose a threat to the long-term water supply of the Santa Margarita River watershed.

6.  Report on the water quality within the Santa Margarita River watershed by hydrologic sub-unit during the previous water year.

7.  An update of the Watermaster's projected tasks, expenditures and requirements over the next five years.

_____

[3/] For the purposes of this Order, "substantial user" means any person that claims a right to use water under the orders, judgments or decrees of this Court in the above entitled action, and any person previously designated by this Court or the Watermaster to be a substantial user; any person using water or who claims a right to use water in an amount equal to or greater than or in a manner similar to the uses designated in Exhibit A to this Order; or any person using water within the Santa Margarita River watershed and designated by the Watermaster to be a substantial user.

- 4 -

8.  A proposed budget for the following water year, as more fully described in paragraph III, below.

A copy of the Watermaster's written report shall be mailed to each party listed on the Court approved mailing list, as attached to this Order, and to any party requesting a copy.  In addition, five copies of the report will be made available for inspection by the public, during regular business hours, at the Fallbrook Public Utility District, 990 E. Mission Road, Fallbrook, California; at Rancho California Water District, 28061 Diaz Road, Temecula, California and at Anza, California.

Any party that objects to a portion of the Watermaster's report, including the Watermaster's designation of substantial users, may do so by filing written notice of his objection within thirty days of service of the Watermaster's report.  Objections filed with this Court must refer to that portion of the Watermaster's report that is objectionable and state specifically the grounds for the objection.  Thereafter, the Court may determine a date for hearing the noticed objection.  Any party wishing to intervene on behalf of the objecting party or on behalf of the Watermaster may do so within the discretion of the Court.

### III

### OPERATING BUDGET

The Watermaster shall, within sixty days from the date of this Order, submit for approval by this Court a proposed operating budget for the 1989 water year.  The Watermaster shall set forth the estimated expense for discharging his duties as described

FORM OBD-183
MAR. 83

herein, including his recommendations for necessary staff, equipment and supplies.  A copy of the proposed budget shall be mailed to each of the parties listed on the Court's approved mailing list and to any party that requests a copy of the proposed budget in writing.  Any party may file objections to the proposed budget within thirty days of service.  Thereafter the Court will set a date for hearing any objections filed.

If objections to the proposed budget are heard by the Court, then the final budget may be confirmed or adjusted in whole or part as the Court may deem proper.

Within 120 days of this Order the Watermaster shall submit for approval by this Court a proposed operating budget for the 1990 water year.  Parties shall be served in accordance with paragraph II, above.  Objections shall be filed and a hearing held in accordance with paragraph III, above.  Thereafter, the Master shall submit his proposed budget for the following water year as a part of his annual report to the Court.

IV

FEES AND EXPENSES

The fees, compensation and expenses of the Watermaster hereunder initially shall be borne by the parties in the following proportions:  One third by the United States; one third by the Fallbrook Public Utility District; and one third by Rancho California Water District.  For the 1989 Water Year, the total assessment against the three parties shall not exceed $150,000.00.  The Court shall retain the right upon its own

FORM OBD-183
MAR. 83

☆ U.S. GPO: 1988-202-041/84033

motion or the motion of any party to assess any other party using water under the provisions of the applicable judgments, decrees and Orders for the Santa Margarita River watershed for the costs, fees and expenditures of the Watermaster.

Payment of the amount assessed to a party shall be paid 30 days prior to the beginning of the Water Year to which the final budget is applicable.

The Watermaster is directed to use the fund control and payroll services that shall be provided by Fallbrook Public Utility District, and as fully set forth in Exhibit B, for administration of the Watermaster Budget. An interest-bearing account shall be established at a local bank to maintain funds that may be contributed from time to time by the parties. An audit will be conducted annually by an independent auditor and copies of the report will be made available to the parties and provided to the Court.

The Watermaster may apply for appropriate relief from this Court for failure of any party to pay the amount assessed for a particular water year.

V

### POWERS AND DUTIES OF THE WATERMASTER

The Watermaster shall have the following powers and duties:

1. To update the list of substantial users contained in Sections A, B and C of Exhibit A to this Order.

2. To collect water consumption data and require monthly reports from the substantial users including, for each such user, the amount of water diverted, extracted, impounded or imported and the amount of water used, as follows:

- 7 -

a.  To require every water user designated in Section A of Exhibit A to supply in writing the following factual data for each well owned or operated within the watershed:

    1.  The well owner;

    2.  The location of the well;

    3.  The quantity in acre-feet of water pumped during that month and the use by quantity to which the water was put; and

    4.  The depth in feet to water on or about the last day of that month and designate the zone(s) or aquifer(s) from which well casing perforations permit the production of water.

b.  To require every water user designated in Section B of Exhibit A that diverts surface water to supply in writing the following factual data for each designated point of diversion within the watershed:

    1.  The diverter's name;

    2.  The location of the point of diversion;

    3.  The quantity in acre-feet of water diverted for the preceding month; and

c.  To require every water user designated in Section C of Exhibit A to supply in writing the following factual data for each designated surface storage reservoir:

    1.  The reservoir owner;

    2.  The location of the storage facility;

    3.  The quantity, in acre-feet of water held in storage in such facility on the last day of the preceding month.

    4.  The purpose for which such water was stored.

- 8 -

d.  To require every water importer subject to this Order that imports water to supply in writing the following factual data:

    1.  The importer's name;

    2.  The discharge point or point of connection of such imported water;

    3.  The quantity in acre-feet, of water imported for the preceding month; and

e.  To require every water user designated in Section A and B of Exhibit A and every water importer of water within the Santa Margarita River Watershed to supply in writing the following factual data:

    1.  The user's name;

    2.  The quantity of water devoted to the uses listed below in each hydrologic sub-unit or area designated by the Watermaster:

        A.  Domestic

        B.  Agricultural  irrigation

        C.  Other agriculture

        D.  Industrial

        E.  Commercial

        F.  Public

        G.  Others as Watermaster may deem appropriate.

f.  To require every producer of reclaimed waster water subject to this Order to supply in writing the following factual data:

    1.  the producers' name;

    2.  The location of use or discharge of reclaimed water;

    3.  The quantity in acre-feet of reclaimed water produced, delivered and discharged for the preceding month.

- 9 -

3. To make all reasonable efforts to collect and reconstruct water consumption data for the periods 1966 to date.

4. To obtain necessary pump efficiency data.

5. To operate and maintain gaging stations, investigate water availability and hydrology, and conduct water quality testing.

6. To perform such duties as are required under the Memorandum of Understanding and Agreement on Operation of Lake Skinner.

7. To take custody of existing records and reports, maintain proper records, and prepare periodic written reports as required by this Court.

8. To locate and investigate unauthorized water appropriations within the Santa Margarita River watershed.

9. To assist in locating, investigating and enjoining water quality violations within the Santa Margarita River Watershed.

10. The Watermaster shall have the authority to enter, upon reasonable notice and at reasonable times, upon the lands of any party to conduct such tests and measurements as he deems necessary to carry out the provisions of this, or any other order of the Court with respect to the duties enumerated above.

11. To the extent not superceded herein, this Order incorporates by reference the powers and duties granted by the Court in its Order filed January 27, 1966, as modified on April 6, 1966.

12. To design, print and distribute the forms necessary to convey the information required by this or any other applicable Order of the Court.

13. To report to the Steering Committee, established pursuant to Court Order, on a quarterly basis regarding the status of the Watermaster's investigation, proposed budget items for the upcoming water year and to respond to questions regarding the progress of any programs established by the Watermaster in implementing this Order.

14. To prepare a written plan within 120 days of the date of this Order stating the methodology and procedures for accomplishing the duties described above, including:

- 10 -

a.  A timetable for identifying substantial users and characterizing their use;

b.  A list of locations, numbers and descriptions of existing and proposed gaging stations;

c.  A detailed plan for the conduct of water quality testing to include collecting existing hydrological information and conducting additional tests of both surface and ground water;

The Watermaster shall serve the above-described plan to the parties in accordance with paragraph II, above.

VI

**FAILURE TO COMPLY**

Failure to comply with this Order in furnishing information and reports required herein may lead to an Order that the party is in default and whatever sanctions are appropriate.

VII

**JURISDICTION**

This Court retains jurisdiction, upon the application of any party or of the Watermaster or upon its own motion to make such further or supplemental orders or directions as may be necessary or appropriate for interpretation, enforcement or carrying out of this Court's judgments, decrees and orders with respect to the Santa Margarita River watershed.

1 3 MAR 1989

UNITED STATES DISTRICT JUDGE

- 11 -

# FILED

APR 6 - 1966

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

        v.                              No. 1247-SD-C Civil

FALLBROOK PUBLIC UTILITY DISTRICT,
a public service corporation of
the State of California, et al.,

              Defendants.

## MODIFICATION OF ORDER REQUIRING SUBMISSION

## OF FACTUAL DATA TO COLONEL BOWEN

It appearing that on January 27, 1966, this Court entered
its "ORDER REQUIRING SUBMISSION OF FACTUAL DATA TO COLONEL BOWEN"
to which was attached an exhibit entitled "Substantial Water Users
in Santa Margarita River System," in which order this Court retains
jurisdiction to modify the aforesaid exhibit and to designate addi-
tional water users not then set forth in the exhibit or to delete
water users then set forth in the exhibit, and it further appearing
from information presented to the Court by Colonel Bowen that some
parties so designated should be deleted from that exhibit, and that
additional parties should be designated as substantial water users
in that exhibit; NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

                                I

The exhibit attached to this Court's order of January 27,

EXHIBIT A 1 - 18                      EXHIBIT A

1  1966, be and the same is hereby withdrawn, and exhibit "A" attached

2  to this order be and the same is hereby substituted in place thereof

3  as the current list of substantial water users in the Santa

4  Margarita River stream system who are subject to the aforesaid

5  order of January 27, 1966.

                                    II

7         A copy of this order, including the exhibit hereto, and a

8  copy of the aforesaid order of January 27, 1966, shall be forthwith

9  served by certified mail on each of the parties hereby added to the

10  list of substantial water users.  Each party hereby deleted from

11  that list shall also be notified of such action by mailing to him

12  by certified mail a notice in substantially the following form:

13      (Case heading)

14      To _____ _____:

15         You are hereby notified that by order of this Court

16  dated _____, you are no longer required

17  to furnish to the undersigned the information required

18  to be so furnished by the order of the Court dated

19  January 27, 1965, a copy of which was heretofore served

20  upon you.


                          _____
22                        Col. A. C. Bowen
                          Officer in Charge
23                        Office of Ground Water Resources
                          Marine Corps Base
24                        Camp Pendleton, California  92055


26  DATED:  This ____ day of _____, 1966.



29

30      _____
        JAMES M. CARTER, Judge
        United States District Court

                                    2.

EXHIBIT A ← 13

## SUBSTANTIAL WATER USERS IN SANTA MARGARITA RIVER SYSTEM

### SECTION A - WELLS

**Santa Margarita River**

| Name | Location |
|------|----------|
| Henderson, M. | 8S/3W 33Q1 |
| Naval Enclave | 9S/4W 14H1 |
|  | 9S/4W 26K1 |
|  | 9S/4W 29L1 |
|  | 10S/4W 5D1 |
|  | 10S/4W 7A2 |
|  | 10S/4W 7B2 |
|  | 10S/4W 7R2 |
|  | 10S/4W 18E3 |
|  | 10S/4W 18H4 |
|  | 10S/5W 13R2 |
|  | 10S/5W 23J1 |
|  | 10S/5W 23K1 |
|  | 10S/5W 26C1 |
|  | 10S/5W 26F1 |
|  | 11S/5W 2A1 |

**Murrieta - Temecula Area**

| Name | Location |
|------|----------|
| Armfield, Frona | 7S/3W 29A |
|  | 7S/3W 29A |
| Aub-Bren Construction Co. | 7S/3W 28J |
| Barr, T. O. | 7S/3W 28R |
| Bloemsma, A. | 7S/3W 21Q |
|  | 7S/3W 28B |
|  | 7S/3W 28H |
| Cain, C. | 7S/3W 21X |
| Cantarini, D. | 7S/3W 27J |
| Chillingworth, S. C. | 7S/3W 18L |
|  | 7S/3W 18L |
|  | 7S/3W 18Q |

-1-

EXHIBIT A

EXHIBIT A 1-14

EXHIBIT A

<u>Murrieta - Temecula Area</u>

| <u>Name</u> | <u>Location</u> |
|---|---|
| Clave, Ralph A. & Mickel, Paul B. | 7S/3W 20Q |
| Contreras, C. | 7S/3W 20R |
| Cox, T. A. | 7S/3W 6D |
| | 7S/3W 6E |
| | 7S/3W 6K |
| | 7S/4W 1A |
| | 7S/4W 1A |
| | 7S/4W 1H |
| | 7S/4W 1H |
| Denny, F. | 7S/3W 17M |
| Dillon, Ted | 7S/3W 17J |
| Draucker, C. D. | 7S/3W 27B |
| Dwyer, A. | 7S/3W 27J |
| | 7S/3W 27Q |
| El Rancho Trebol | 7S/3W 18Q |
| | 7S/3W 18Q |
| Gierson, E. W. | 7S/3W 20H |
| Guenther's Murrieta Hot Springs | 7S/3W 23A |
| | 7S/3W 23A |
| | 7S/3W 24D |
| Gwinn, W. A. | 7S/3W 20L |
| | 7S/3W 20L |
| Heanault, W. J. | 7S/3W 17M |
| | 7S/3W 18J |
| Howell, G. | 7S/3W 28C |
| Kidder, B. C. | 7S/3W 18B |
| King, C. | 7S/3W 27M |
| K & L Properties | 7S/4W 2G |
| Lovelady, A. L. & F. | 7S/4W 2H |
| Mardley Company | 7S/3W 20E |
| Mayer, B. L. | 7S/3W 17D |
| | 7S/3W 17D |

EXHIBIT A - /5   -2-

**Murrieta-Temecula Area**

| Name | Location | |
|---|---|---|
| Mays, F. | 7S/3W 21M | |
| McDaniel, R. | 7S/3W 20Q | |
| | 7S/3W 20Q | |
| | 7S/3W 29B | |
| Mejia, A. | 6S/4W 35F | |
| Morrow, E. | 7S/3W 7R | |
| Morton, R. G. | 7S/3W 28B | |
| Murrieta Mutual Water Company, Inc. | 7S/3W 17R | Leasing, L. O. Lynch |
| | 7S/3W 20C | Buying, C. W. Holliday |
| Murrieta Stud | 7S/3W 20E | |
| | 7S/3W 20Q | |
| Nelson, Leslie B. & Morton, Robert G. | 7S/3W 21K | |
| Pascoe, W. T. | 7S/3W 27Q | |
| | 7S/3W 33B | |
| Querry, F. | 8S/2W 19J | |
| Ramgren, D. A. | 6S/4W 35L | |

Murrieta - Temecula Area

Name                                    Location

Rancho California                       7B/2W 25D (#6)

                                        7B/2W 26B (#4)

                                        7B/2W 27J (#1)

                                        7B/2W 30D1

                                        7B/2W 30D3

                                        7B/2W 33E1

                                        7B/2W 36J (#2)

                                        7B/3W 25R1

                                        7B/3W 35P1 (MV 93)

                                        7B/3W 35P2 (MV 132)

                                        7B/3W 36D (#5)

                                        8B/1W 6G (#3)

                                        8B/2W 7A1 (MV 131 Shrode
                                                   Well)

                                        8B/2W 11E1

                                        8B/2W 11J1 (P.R. 30)

                                        8B/2W 11J2 (30-A)

                                        8B/2W 11J4 (Diesel)

                                        8B/2W 11J5 (P.R. 26)

                                        8B/2W 11L1 (No. 40)

                                        8B/2W 11P1 (P.R.U.C. well)

                                        8B/2W 11P2 (New C.G.C. well)

                                        8B/2W 12E1 (Windmill well)

                                        8B/2W 12J1 (No. 10)

                                        8B/2W 12K1 (J.K. well)

                                        8B/2W 14B (#7)

                                        8B/2W 15C1 (China Garden
                                                   well)

-4-

EXHIBIT A 47 7

<u>Murrieta - Temecula Area</u>

<u>Name</u>

Rancho California

| | <u>Location</u> |
| --- | --- |
| | 8S/2W 15D1 (No. 50) |
| | 8S/2W 16A1 (Dairy artesian) |
| | 8S/2W 16O1 (Main Camp artesian) |
| | 8S/2W 17F1 (Cantarini D) |
| | 8S/2W 17O1 (Studley artesian) |
| | 8S/2W 17M1 (Navy well) |
| | 8S/2W 17Q1 (Cantarini A) |
| | 8S/2W 18A1 (TF 3) |
| | 8S/2W 18N1 (TF 2) |
| | 8S/2W 18N2 (TF 4) |
| | 8S/2W 18R1 (McSweeney Domestic) |
| | 8S/2W 20B1 (P.R. 27) |
| | 8S/2W 20B2 (P.R. 28) |
| | 8S/2W 20B3 (P.R. 29) |
| | 8S/2W 20B4 (Cantarini) |
| | 8S/2W 20C1 (Cat) |
| | 8S/2W 20C2 |
| | 8S/2W 20K1 (Cantarini Camp of Cant. Wm.) |
| | 8S/2W 20L1 (Pen well) |
| | 8S/2W 28C1 (Lody) |
| | 8S/3W 1P2 (Cantarini - Murrieta) |
| | 8S/3W 1P3 (O'Kell 14) |
| | 8S/3W 1Q1 (MV 96) |
| | 8S/3W 12B1 (MV 100) |
| | 8S/3W 12C1 (MV 98) |
| | 8S/3W 12C2 (MV 98A) |
| Reeves, G. H. | 7S/3W 28D |
| Ribaudo, J. | 6S/4W 35Q3 |

EXHIBIT A - 18

## Murrieta - Temecula Area

| Name | Location |
|------|----------|
| Roripaugh, Leo | 7S/3W 25E |
| | 7S/3W 25E |
| | 7S/3W 26Q |
| | 7S/3W 34G |
| | 7S/3W 35C |
| Shumel, J. B. | 7S/3W 25M |
| | 7S/3W 26R |
| | 7S/3W 35B |
| Schirmer, L. B. Jr. | 7S/3W 20F |
| Sykes, H. H. | 7S/3W 17R |
| Talbert, T. V. & Romano, A. A. | 6S/4W 35P |
| | 6S/4W 35P |
| Thompson, W. | 7S/3W 7N |
| | 7S/3W 18A |
| Thralls, W. A., et al | 7S/4W 1E |
| Turner, C. W. | 7S/4W 28E |
| | 7S/3W 28G |
| | 7S/3W 28G |
| | 7S/3W 28G |
| | 7S/3W 28K |
| Venable, W. E. | 7S/3W 21G |
| Vessels, M. | 7S/3W 18A |
| Weinstein, A. | 7S/3W 7E |
| Wilks, T. E. | 7S/4W 2A |
| | 7S/4W 2B |
| Winter, H. C. | 7S/3W 21P |
| Withrow, C. B. | 6S/4W 35D |
| Yoder, M. J. | 7S/3W 15Q |
| | 7S/3W 15Q |

-6-

EXHIBIT A - 19

### Murrieta - Temecula Area

| Name | Location |
|------|----------|
| Younger, H. C. | 6S/4W 36N |
| | 6S/4W 36P |

### Aguanga Area

| | |
|------|----------|
| Allen, W. H. | 8S/1E 8Q |
| | 8S/1E 17A |
| | 8S/1E 17E |
| Cottle, W. H. | 8S/1E 19K |
| | 8S/1E 19K |
| Gibbon, Katherine C. | 8S/1E 19Q |
| Marana, John L. | 8S/1W 13X |
| Oviatt, J. | 8S/1E 7J |
| | 8S/1E 7N |
| | 8S/1E 18B |
| | 8S/1E 18B |
| Reed, John E. | 8S/1E 33G |
| Trunnell, D. | 8S/1E 28P |
| Yerkes, Virginia C | 8S/1E 29K |
| | 8S/1E 29K |

### Cahuilla Area

| | |
|------|----------|
| Minor, J. | 7S/2E 32G |
| | 7S/2E 32F |
| | 7S/2E 32L |
| | 7S/2E 32C |
| | 7S/2E 32D |

-7-

EXHIBIT A - 20

## SECTION B  -  SURFACE DIVERSIONS

| Name | Location |
|------|----------|
| Naval Enclave | |
| Weir Dam | 9S/4W/5E |
| Naval Weapons Station | 9S/4W/14N |
| Fallbrook Public Utility District | 9S/3W/7D |
| Rancho California | 8S/1W/10D |
| Cottle-Gibbon | 8S/1E/29L |
| Yerkes, Virginia C. | 8S/1E/29K |

XXEX

EXHIBIT A #21

SECTION C  -  SURFACE IMPOUNDMENTS

Naval Enclave                    Lake O'Neill

Rancho California                Vail Lake

XXXX

EXHIBIT A 422

# FALLBROOK
# PUBLIC UTILITY DISTRICT

990 E. Mission Road, P.O. Box 932 — (619) 728-1125
FALLBROOK, CALIFORNIA 92028-2299

January 24, 1989

Mr. ~~Stanley T. Mills,~~ Manager
Rancho California Water District
P. O. Box 174
Temecula, CA 92390-0174

Dear Stan:

The Fallbrook Public Utility District agrees to provide the fol-
lowing services to the Watermaster for the Santa Margarita River
watershed commencing on or about April 1, 1989.

   1.  Office Space.  384 square feet, unfurnished 1 room
building located on the District's Red Mountain Reservoir
facility approximately 1 mile west of I-15 off East Mission Road.
The building has electric service and an installed heat pump for
heating and air conditioning.  No water or toilet facilities are
available.  Water can be made available at the desire of the
Watermaster and rental of a portable toilet facility by the
Watermaster can be arranged.  Electric and telephone service
would be put in the name of the Watermaster.

<u>Monthly Rental</u>          $200.00

   2.  Accounting, Payroll, and Financial Management.  A Water-
master bank account will be established at a local bank.  Initial
working capital will be provided on or about April 1, 1989, by
Fallbrook Public Utility District, Rancho California Water Dis-
trict and U.S. Marine Corps Base, Camp Pendleton, in the amount
of $10,000 each.  Disbursements will be made by the Fallbrook
Public Utility District Treasurer upon request of the Watermaster
based upon budgets approved by the U.S. District Court within
guidelines to be established by the Court appointed Steering Com-
mittee.  Quarterly financial statements will be provided to the
Steering Committee and the Court.  Additional capital funds will
be requested of the three parties by the Fallbrook Public Utility
District Treasurer based on quarterly requirements established by
the Watermaster.  An annual audit will be performed by a

EXHIBIT B — 1

BOARD OF DIRECTORS
Merrill S. Dunlap, *President*
A. Spencer Lehmann, *Vice President*

Directors Elwin Fuller
W.A. Morgan
C.J. Wolk, Jr.

Gordon W. Tinker, *General Manager
and Chief Engineer*
Robert James, *General Counsel*

Page 2
January 23, 1989

qualified independent accounting firm selected by the Steering
Committee and approved by the Court.

Monthly Service Charge    $200.00

Sincerely,

Gordon W. Tinker
General Manager
and Chief Engineer

GWT/am

EXHIBIT B - 2

# FALLBROOK
# PUBLIC UTILITY DISTRICT

990 E. Mission Road, P.O. Box 932 — (619) 728-1125
FALLBROOK, CALIFORNIA 92028-2299

January 24, 1989

Brigadier General Richard H. Huckaby
Commanding General
Marine Corps Base
Camp Pendleton, CA 92055

Dear General Huckaby:

The Fallbrook Public Utility District agrees to provide the fol-
lowing services to the Watermaster for the Santa Margarita River
watershed commencing on or about April 1, 1989.

    1.  Office Space.  384 square feet, unfurnished 1 room
building located on the District's Red Mountain Reservoir
facility approximately 1 mile west of I-15 off East Mission Road.
The building has electric service and an installed heat pump for
heating and air conditioning.  No water or toilet facilities are
available.  Water can be made available at the desire of the
Watermaster and rental of a portable toilet facility by the
Watermaster can be arranged.  Electric and telephone service
would be put in the name of the Watermaster.

<u>Monthly Rental</u>        $200.00

    2.  Accounting, Payroll, and Financial Management.  A Water-
master bank account will be established at a local bank.  Initial
working capital will be provided on or about April 1, 1989, by
Fallbrook Public Utility District, Rancho California Water Dis-
trict and U.S. Marine Corps Base, Camp Pendleton, in the amount
of $10,000 each.  Disbursements will be made by the Fallbrook
Public Utility District Treasurer upon request of the Watermaster
based upon budgets approved by the U.S. District Court within
guidelines to be established by the Court appointed Steering Com-
mittee.  Quarterly financial statements will be provided to the
Steering Committee and the Court.  Additional capital funds will
be requested of the three parties by the Fallbrook Public Utility
District Treasurer based on quarterly requirements established by
the Watermaster.  An annual audit will be performed by a

BOARD OF DIRECTORS
Merritt S. Dunlap, *President*
A. Spencer Lehmann, *Vice President*

Directors Elwin Fuller
W.A. Morgan
C.J. Wolk, Jr.

Gordon W. Tinker, *General Manager
and Chief Engineer*
Robert James, *General Counsel*

**Page 2**
**January 23, 1989**

qualified independent accounting firm selected by the Steering
Committee and approved by the Court.

<u>Monthly Service Charge</u>    $200.00

Sincerely,

Gordon W. Tinker
General Manager
and Chief Engineer

GWT/am

EXHIBIT 9 14