UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1247-SD-T |
| v. | ) ORDER |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | ) |
| Defendants. | ) |

On November 16, 1992 at 10:30 a.m., the above-captioned case came on for hearing. The Court has fully considered this matter, including review of the papers filed by the parties, the authorities cited therein, and the arguments presented.

## BACKGROUND

Earlier this year, the Watermaster, in compliance with orders from this court, filed the Wastermaster's Annual Report for Water Year 1990-1991 (the "Report"). In a timely manner, the United States filed its objections to the Report. Two of these

ENTERED ON 11-20-92

objections are before the court at this time:

(1) the failure of the Report to state clearly that Rancho California Water District's (RCWD) use of water for municipal and commercial/industrial is unauthorized under State Water Resources Control Board (SWRCB) Permit 7032; and

(2) the failure of the Report to state the magnitude of RCWD's unauthorized use.

The United States specifically stated with regards to a third objection that it did not request or desire any action by the court. As a result, the Court will not render a decision on this third objection.

## CONCLUSIONS OF LAW

### I. Objection 1

The United States objects to the Report's failure to state that certain uses of water by RCWD are unauthorized. Both the RCWD and the Watermaster argue that the issue of "whether certain uses are unauthorized" is best addressed first by the State Water Resources Control Board. Although the court might accept this argument in some contexts, the argument has no merit in the present context where the use is clearly unauthorized by Permit 7032 -- the Watermaster need not wait for an official determination to state that water uses are unauthorized.

The court is cognizant of counsel's statements during argument that the letter from the SWRCB to the RCWD is not a declaration from the Board itself. The letter, however, raises several questions regarding RCWD's use of water. Paragraph 1

2

questions the apparent excessive amount of water being used for irrigation. Likewise, paragraph 3 notes that no application has been received for the storage of an additional 9,000 acre-feet of water in the Vail Reservoir. Paragraph 2, however, most specifically states that there is a violation. The paragraph states:

> The "Progress Report" shows water under this permit is being used for Industrial and Municipal purposes. Permit 7032 does not list Industrial and Municipal as a purpose of use. Therefore, water being used for those purposes is a violation of the permit.

The RCWD does not dispute that all or any of these uses are in fact unauthorized under the permit. Instead, the RCWD claims that until the SWRCB declares the uses unauthorized, they are not unauthorized. This argument, however, would require the Watermaster to inaccurately report water use until there has been an official pronouncement, even where there is no reasonable basis for withholding the information. Such a holding cannot be adopted by the court. Put simply, the permit authorized certain uses of water; several of the current uses of water differ from those authorized by the permit; RCWD has not requested a modification of the permit; therefore, these uses are unauthorized. Although the RCWD made arguments regarding the <u>legality</u> of these changes in water use, no argument has been put forward that the uses are in fact <u>authorized</u> by the permit. Accordingly, the uses should have been reported as unauthorized in the Report, and will be reported as such in an Amended Report.

Importantly, all that the court has been requested to do in

3

the instant hearing is to rule on whether the Report should list these uses as unauthorized. The court is not asked to evaluate the consequence of this unauthorized use, and accordingly the court does not offer any opinion on this topic.[1] Instead, this order seeks merely to insure that the Report accurately states the uses of water.

If it is not evident from the foregoing, the court does not believe that the Watermaster must await a determination from either the SWRCB or from this court that the uses are unauthorized prior to including such records in the Report. Only where the Watermaster is confronted with objectively reasonable evidence of a dispute that a use is authorized or unauthorized would the Watermaster be justified in waiting for an official pronouncement. Where the use is clearly unauthorized, however, the Watermaster should list the use as such in the Report. Here, the Watermaster has not presented evidence of a dispute regarding whether the contested uses are unauthorized, nor does the court believe that such evidence could be presented. These uses are clearly unauthorized by the permit, and accordingly, the Watermaster is ordered to file an Amended Report to reflect this fact.

## II. Objection 2

The United States' second objection addresses the failure of the Report to state the magnitude of the RCWD's unauthorized uses.

---

[1] It is entirely possible that the SWRCB may find such uses legal under California law even though the uses are unauthorized. The finding that such uses are in fact legal, however, does not alter the fact that such uses presently are unauthorized.

Having concluded in Objection 1 that the uses should be reported as unauthorized, it naturally follows that the court also desires that the magnitude of these unauthorized uses should be stated in the Report as well. Legal impacts of these decisions can be dealt with at a later time; presently, the court is concerned with ensuring that the Report and future Water Reports are as accurate as possible.

In response to this objection, the Watermaster stated that he lacked the data necessary to make these calculations. With respect to the 1990-1991 Report, the lack of data may excuse the failure to include this information. In the future, however, the information shall be included. Importantly, the court is not convinced that the necessity of having this information for the past year warrants the work that will be required to retrieve the information after the fact. Accordingly, the court will not order the information be included in the 1990-1991 Report. Instead, the Watermaster should make efforts to retrieve the information, but should the Watermaster determine that obtaining the data is too difficult, he may amend the 1990-1991 Report by stating that the information on the specific magnitude of unauthorized uses is not available. However, the Watermaster, as are the relevant water districts, is hereby put on notice that such reporting will be required in the future. Records related to the magnitude of unauthorized uses should be kept during this and coming years to facilitate the accurate drafting of future Water Reports.

//
//
//

## CONCLUSION

IT IS HEREBY ORDERED that the first objection of the United States is GRANTED. The 1990-1991 Water Report shall be amended to designate those uses of water that are not authorized.

IT IS HEREBY FURTHER ORDERED that the second objection of the United States is GRANTED in part. In the event that retrieving the relevant data after the fact proves too difficult, the 1990-1991 Water Report shall be amended to state that the magnitude of unauthorized uses cannot be reported due to lack of data. All future Water Reports shall contain the magnitude of unauthorized uses.

IT IS HEREBY FURTHER ORDERED that no ruling is made on the third objection of the United States as the United States did not request judicial action with respect to this objection.

IT IS SO ORDERED.

11/18/92
Date

GORDON THOMPSON, JR.
United States District Judge