```
 1  ALAN BERSIN
    United States Attorney
 2
    PATRICK BARRY
 3  CURTIS BERKEY
    Attorneys, Department of Justice
 4  Environment and Natural Resources Division
    Indian Resources Section
 5
    ANDREW F. WALCH
 6  Attorney, Department of Justice
    Environment and Natural Resources Division
 7  General Litigation Section

 8  P.O. Box 44378
    Washington, D.C. 20026-4378
 9  Telephone:  (202) 305-0254

10  SBA #006056

11  Attorneys for Plaintiff
    United States of America
12
```

FILED
JUL 31 1996
CLERK, U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>a public service corporation of<br>the State of California, et. al.,<br><br>Defendants. | CIVIL NO. 1247-SD-C<br><br>UNITED STATES' MEMORANDUM<br>IN SUPPORT OF MOTION FOR<br>CLARIFICATION. |

I

INTRODUCTION

On April 25, 1996, the Pechanga Indian Tribe (Tribe) filed its motion for leave to appoint a representative to the

1  Santa Margarita River Watershed Steering Committee.  In support
2  of its motion, the Tribe alleged, <u>inter alia</u>, that:
3      Although the United States, which acts as trustee of
4      the Tribe's water rights, is currently a member of the
5      Steering Committee, the Tribe is concerned that the
6      United States cannot adequately represent the Tribe's
7      interests, because the United States is representing
8      the interests of several other parties in this
9      litigation, including most notably the United States
10     Marine Corps * * *.  Because the interests of the Tribe
11     will not necessarily coincide with those of Camp
12     Pendleton, the United States faces a potential conflict
13     of interest in representing the Tribe on the Steering
14     Committee.
15 Tribe's Memorandum in Support of Motion, at p. 2.
16          Several parties, including the United States, responded
17 to the Tribe's Motion with no objection.  The United States
18 limited its response solely to the Tribe's Motion requesting a
19 seat on the Steering Committee.  We did not address the Tribe's
20 allegation of a potential conflict.[1]
21          On June 4, 1996, this Court entered its Order granting
22 the Tribe's motion, <u>inter alia</u>, "[b]ecause it appears there may

---

[1] Because the Tribe's reference to a possible conflict was unsupported by any allegation of fact, the United States viewed it as <u>pro forma</u> assertion not requiring a response. Moreover, because the Tribe's motion was unopposed, we did not believe it necessary to address that issue in our response.  For the same reason, we did not anticipate that the Court would address the issue in its order.

2

be a conflict of interest between the Pechanga Tribe and Camp Pendleton * * *." Order at p. 3.

Because the Court's finding that "there may be a conflict" is ambiguous, the United States is concerned that another party may utilize the June 4, 1996, Order to support an argument that such a conflict does exist. Such a finding can have adverse implications in this litigation. See 25 CFR 89.41(d).

Accordingly, the United States requests an Order clarifying the Court's June 4, 1996, Order, so that it cannot be construed as supporting an allegation that there is a disabling conflict between the Pechanga Indian Tribe and the United States. As we explain below, the United States Supreme Court has held that when the government is charged by congress to represent federal agencies with differing interests, "it does not by that reason alone compromise its obligation to any of the interests involved." Nevada v. United States, et al., 463 U.S. 110, 136, n. 15 (1983)

II

**ARGUMENT**

Although the United States strongly supports the Tribe's request for a seat on the Santa Margarita River Watershed Steering Committee, we do not agree with its characterization that "because the United States is representing the interests of several other parties in this litigation * * * the United States faces a potential conflict of interest in representing the Tribe on the Steering Committee." Memorandum in Support of Motion at

3

1  p. 3. When faced with a similar argument in <u>Nevada</u> v. <u>United
2  States, et al.</u>, 463 U.S. 110, 142 (1983) the Supreme Court found
3  that there was no conflict of interest between an Indian Tribe
4  and the United States where congress has imposed the upon the
5  United States the duty of representing various interests within
6  the government.

7       In <u>Nevada</u> v. <u>United States, et al.</u>, <u>supra</u>, the United
8  States was charged by Congress to represent both the Pyramid Lake
9  Indian Reservation and the Newlands Project -- a Bureau of
10 Reclamation Project -- in litigation that resulted in the Orr
11 Ditch Decree. <u>Id</u>. at p. 115-118. The United States argued that
12 by representing the Pyramid Lake Tribe and the landowners in the
13 Newlands Project against the Orr Ditch defendants, the government
14 compromised its duty of loyalty to the Pyramid Lake Tribe and the
15 decree, therefore should have been reopened to increase the water
16 allocated to the Pyramid Lake Tribe. While noting that the
17 "United States undoubtedly owes a strong fiduciary duty to its
18 Indian wards", the Court went on to reject the notion that there
19 was a conflict of interest. <u>Id</u>. at 142. Specifically, the Court
20 held that:

21     It may be that where only a relationship between the
22     Government and the tribe is involved, the law
23     respecting obligations between a trustee and a
24     beneficiary in private litigation will in many, if not
25     all, respects adequately describe the duty of the
26     United States. But where Congress has imposed upon the
27     United States, in addition to its duty to represent

28                                 4

1       Indian tribes, a duty to obtain water rights for
2       reclamation projects, and has even authorized the
3       inclusion of reservation lands within a project, the
4       analogy of a faithless private fiduciary cannot be
5       controlling for purposes of evaluating the authority of
6       the United States to represent different interests.
7  Id. at 142.
8            In the instant case, the United States has assigned two
9  attorneys to represent the interests of the United States.  One
10 attorney is assigned to represent the Secretary of Interior and
11 his attendant obligations as trustee for the Pechanga Indian
12 Tribe.  A second attorney is assigned to represent non-Indian
13 federal interests in the litigation and, in particular, the
14 Department of the Navy (the Marine Base at Camp Pendleton).  The
15 division of labor allows the United States Department of Justice
16 to avoid those situations where allegations can be made that one
17 federal interest is favored over another.  Although an officer
18 from Camp Pendleton has been appointed by the United States to
19 sit on the Steering Committee, it is because of Camp Pendleton's
20 proximity to the Watermaster and the other parties that he was
21 chosen and not because Camp Pendleton's interests are favored
22 over those of the Tribe.  Notwithstanding this officer's
23 affiliation with the Marine base, he is the United States'
24 representative on the Steering Committee.
25           The Tribe should be allowed a seat on the Steering
26 Committee, not because it has alleged the potential for a
27 conflict of interest, but for the several reasons cited by the
28                                 5

1  Tribe in its memorandum and by the Court in its June 4, 1996,
2  Order. For example, the Tribe's motion was unopposed. Moreover,
3  the Tribe is a substantial, if not one of the major, water users
4  in the basin. Finally, because the United States' action in this
5  litigation will bind the Tribe to any judgment, the Tribe's
6  participation as a member of the Steering Committee to
7  participate in the process that will impact their interests
8  should not be discouraged. See <u>Arizona</u> v. <u>California</u>, 460 U.S.
9  605, 615 (1983).

## III

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court clarify its previous Order of June 4, 1996, so that it cannot be construed as supporting an allegation that there is a disabling conflict between the Pechanga Indian Tribe and the United States.

Respectfully submitted this ____ day of June, 1996.

Andrew F. Walch
Curtis Berkey
Patrick Barry
Department of Justice
Environment and Natural
   Resources Division
Indian Resources Section