ANDREW F. WALCH, Senior Counsel
MICHAEL A. GHELETA, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th Street, Suite 945
Denver, Colorado, 80202
Telephone: (303) 312-7303
Facsimile: (303) 312-7379

Attorneys for the United States of America

FILED

03 JUL -7 PM 4:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>EASTERN MUNICIPAL WATER DISTRICT,<br>RANCHO CALIFORNIA WATER DISTRICT,<br>et al.<br><br>　　　　Defendants. | CASE NO. 1247-SD-GT<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE<br>SECOND SUPPLEMENTARY<br>AND AMENDATORY COMPLAINT<br><br>Date: 8-25-03<br>Time: 2:00<br>Courtroom: 8<br>Hon. Gordon Thompson, Jr. |

　　　Plaintiff United States of America respectfully submits the following memorandum of points and authorities in support of its Motion for Leave to File its Second Supplementary and Amendatory Complaint.

## I. INTRODUCTION

This action was commenced in 1951 by the United States of America, and expanded in 1958 with the filing of its first supplementary and amendatory pleading, which was captioned Complaint and Supplementary and Amendatory Complaint. In 1966, this Court issued its Modified Final Judgment and Decree, in which it decreed all of the respective water rights within the Santa Margarita River watershed, without quantifying them, and retained continuing jurisdiction over applicable water uses and appropriations within the watershed. Since then, the Court has resolved various issues, including the determination of certain disputes, the incorporation into this case of several agreements, and the appointment and replacement of the Watermaster for the Santa Margarita River watershed.

Now, another dispute requiring this Court's attention has arisen. The United States asserts that, by way of a plan to export treated wastewater out of the Santa Margarita River watershed, defendants Eastern Municipal Water District ("Eastern") and Rancho California Water District ("Rancho") will adversely affect vested water rights, fail in the performance of an agreement they made with the United States regarding flows released into the Santa Margarita River, and, as to defendant Eastern, violate state environmental requirements providing for disclosure and assessment of environmental impacts from proposed agency actions.

Because of the magnitude and complexity of this dispute, its proper presentation to this Court for resolution requires that plaintiff United States again supplement and amend its previously supplemented and amended complaint, which is what this motion seeks to accomplish. The earlier pleadings are incorporated in this latest submittal and re-alleged therein pursuant to this Court's Civil Rule 15.1, hence its caption as Complaint, Supplementary and Amendatory Complaint, and Second Supplementary and Amendatory Complaint. The new allegations are found in the Second Supplementary and Amendatory Complaint, beginning with Count 26 at page 39.

## II. ARGUMENT
### LEAVE TO SUPPLEMENT AND AMEND THE COMPLAINT SHOULD BE GRANTED SO THAT THE COURT MAY RESOLVE THE DISPUTE BETWEEN THE PARTIES CONCERNING SANTA MARGARITA RIVER FLOWS

The United States seeks leave to file its Complaint, Supplementary and Amendatory Complaint, and Second Supplementary and Amendatory Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides in pertinent part as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
>
> . . .
>
> (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statements of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

With respect to leave to amend pleadings, the Ninth Circuit has recognized that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Moreover, "[t]his policy is to applied with extreme liberality." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Absent prejudice to the opposing party or a strong showing of bad faith, undue delay and futility of amendment, there exists a presumption in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052. The party opposing the amendment has the burden of showing that prejudice would result. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Inferences should be drawn in favor of granting the motion. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). Rule 15(d) has also been liberally construed by courts to allow supplemental pleadings absent a showing of prejudice by the opposing party. See Keith v. Volpe, 858 F.2d 467, 475 (9th Cir. 1988).

3

      Under Rule 15(d), the United States alleges new claims against defendants Eastern and Rancho and sets forth pertinent, new factual allegations. Under Rule 15(a), plaintiff amends the previous pleadings by, inter alia, adding to its inventory of water rights set forth in Count 27, paragraph 20. Count 27 also presents new facts to be considered by the Court in resolving claims by the United States concerning the adverse impacts to its water rights resulting from the actions by Eastern and Rancho in breaching the "Four Party Agreement" between them, Fallbrook Public Utility District ("Fallbrook") and the United States through Camp Pendleton. As a result of the breach, the United States presents claims for a declaration of its rights with respect to the export of treated wastewater by Eastern and Rancho from the Santa Margarita River watershed, to the detriment of the water quality and quantity available to Camp Pendleton for beneficial use under its rights (Count 28), an injunction prohibiting the export of treated wastewater (Count 29), and money damages for breach of contract (Count 30), as well as a related Writ of Mandate under the California Environmental Quality Act ("CEQA") (Count 31) which, for reasons of judicial economy and relation to the subject matter in the other counts, should be heard in this case. Finally, the United States seeks to preserve for future resolution the quantification of water rights set forth in the prior pleadings (Count 32).

      The new claims regarding adverse impacts of actions by Eastern and Rancho to the water rights of the United States resulting from breach of the Four Party Agreement involve matters which are already before this Court. The Court has retained jurisdiction as to the "use of all surface waters within the watershed of the Santa Margarita River . . . or which . . . add to, contribute to, or support the Santa Margarita River stream system" and "all present or future appropriative rights insofar as such uses may conflict with or be adverse to the exercise of any prior vested water right within the Santa Margarita River watershed." 1966 Modified Final Judgment, Paragraphs V and VII. It is in cases of retained jurisdiction, such as this, where the procedure provided by subdivision (d) of Rule 15 is particularly effective. For example, in <u>Keith v. Volpe</u>, 858 F.2d 467 (9th Cir. 1988), after a consent decree had been entered and continuing jurisdiction retained, the trial court allowed the filing of a supplemental complaint in which new causes of action were alleged. The Ninth Circuit Court of Appeals upheld this exercise of discretion by the trial court, lauding the efficient administration of justice promoted thereby and stating that the procedure is

favored for that reason. Id. at 473. The court found that "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action," new claims were permitted in a supplemental complaint. Id. at 473-74. The court concluded that "[t]he interests of judicial economy and the liberal interpretation of Rule 15(d) favor granting leave to file the supplemental complaint in this case." Id. at 476.

The new claims alleged by the United States in its new pleadings in Counts 26 - 32 of the Second Supplementary and Amendatory Complaint are clearly related to the original action herein. After incorporating and re-alleging its prior pleadings in Count 26, the United States describes in Count 27 the relevant transactions, occurrences, and events that have transpired since the 1958 filing of its first supplementary and amendatory complaint. The gravamen of the allegations is the making and breaking of the Four Party Agreement with defendants Eastern and Rancho, and the export by these two districts of treated wastewater out of the watershed, to the detriment of Camp Pendleton and Fallbrook Public Utility District. The Four Party Agreement would have protected the water rights of the United States from degradation and would have provided an additional source of water for use by Camp Pendleton and Fallbrook for their beneficial use. Counts 28 - 31 set forth the nature of the relief sought – declaratory and injunctive relief concerning water rights violations, money damages for breach of contract, and violation of CEQA – and Count 32 seeks a preservation of the claims made in prior proceedings.

These counts directly impact the water rights and water use of the United States. All new counts, whether seeking the prohibition of wastewater exportation, the redress for failure to perform the Four Party Agreement, or a remedy for violations of the state environmental law, involve the same parties, the same water, and the same setting as are already involved in this longstanding Case No. 1247.

By filing this motion and the new pleadings, the United States does not hereby intend to limit the broad scope of Case No. 1247 as it now exists. This dispute between the plaintiff United States and defendants Eastern and Rancho is but one of the disputes which periodically have been and will be brought to this Court for resolution under its retained continuing jurisdiction over the use and appropriation of the waters of the Santa Margarita River watershed. The broad stream adjudication process itself is unfinished, there having been no quantification of the rights previously identified and decreed by this Court. Only the

5

discrete and separately distinguishable dispute between the United States of America and defendants Eastern and Rancho arising from of the export of treated wastewater out of the Santa Margarita River watershed is sought to be determined in the action at this time. The *status quo* of the case in chief, the stream adjudication, is to be maintained, awaiting later motions submitted for this Court's determination of whatever relevant issues are then presented by any of the parties to this Case No. 1247.

### III.   CONCLUSION

Plaintiff United States of America seeks to protect its interests in the waters of the Santa Margarita River watershed by filing these supplementary and amendatory allegations against defendants Eastern and Rancho. Because this Court is the most knowledgeable, qualified and judicially efficient for the resolution of this dispute, it is clearly in the interest of justice that this dispute between the plaintiff United States and defendants Eastern and Rancho be fully litigated in this forum. Therefore, the United States respectfully requests that the Court grant leave to file the accompanying Complaint, Supplementary and Amendatory Complaint, and Second Supplementary and Amendatory Complaint.

DATED: July 3, 2003

Respectfully submitted,

ANDREW F. WALCH
Senior Counsel

MICHAEL A. GHELETA
Trial Attorney

U. S. Department of Justice
Environment & Natural Resources Division
General Litigation Section
999 - 18th St., Suite 945
Denver, CO 80202

ATTORNEYS FOR THE UNITED STATES
OF AMERICA

6

<u>Of Counsel</u>
John Tew
Office of General Counsel
U.S. Department of the Navy

Capt. Jennifer Ash
U.S. Marine Corps
Camp Pendleton

Maj. Curtis Permito
U.S. Marine Corps
Camp Pendleton