ORIGINAL

1  ARTHUR L. LITTLEWORTH, Bar No. 022041
2  C. MICHAEL COWETT, Bar No. 053353
   JAMES B. GILPIN, Bar No. 151466
3  MELISSA W. WOO, Bar No. 192056
   LAW OFFICES OF
4  **BEST BEST & KRIEGER LP**
   402 WEST BROADWAY, 13TH FLOOR
5  SAN DIEGO, CALIFORNIA 92101-3542
   TELEPHONE: (619) 525-1300
6  TELECOPIER: (619) 233-6118

FILED
03 AUG -8 PM 3: 52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY

7  Attorneys for Defendant
   RANCHO CALIFORNIA WATER DISTRICT

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF SAN DIEGO

11  UNITED STATES OF AMERICA,           Case No. 1247-SD-GT
                                        Judge: Hon. Gordon Thompson, Jr.
12          Plaintiff,
                                        OPPOSITION BY DEFENDANT
13     v.                               RANCHO CALIFORNIA WATER
                                        DISTRICT TO MOTION FOR LEAVE TO
14  FALLBROOK PUBLIC UTILITY            FILE SECOND SUPPLEMENTARY AND
    DISTRICT, EASTERN MUNICIPAL         AMENDATORY COMPLAINT FILED BY
15  WATER DISTRICT, RANCHO              PLAINTIFF UNITED STATES OF
    CALIFORNIA WATER DISTRICT, et al.,  AMERICA
16
            Defendants.                 DATE: August 25, 2003
17                                      TIME: 2:00 p.m.
                                        DEPT: 8

SDLIT\JBG\283215                        OPP OF RCWD TO MOTION FOR LEAVE
                                        USDC CASE NO. 1247-SD-GT

28  *International, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996)).

SDLIT\JBG\283215                        OPP OF RCWD TO MOTION FOR LEAVE
                   1                    USDC CASE NO. 1247-SD-GT

1. popular sense unless a contrary intent is shown. (*Appalachian Ins. Co. v. McDonnell Douglas Corp.*
2. 214 Cal.App. 3d 1, 11 (1989).) In addition, the whole of the contract is to be taken together and a
3. court should not use a "disjointed, single-paragraph, strict construction approach" with respect to
4. the construction of a contract. (Civ. Code, § 1641; *Appalachian Ins., supra,* 214 Cal.App.3d at 12.)
5.     In the 1966 Judgment and Decree, the Court stated that it would retain continuing jurisdiction
6. of the cause "as to the use of all surface waters within the watershed of the Santa Margarita River
7. and all underground or sub-surface waters within the watershed of the Santa Margarita River . . . or
8. which . . . add to, contribute to, or support the Santa Margarita River stream system." (RJN, 1966
9. Judgment and Decree, ¶ V, p.14.) This Court further continued its jurisdiction concerning present
10. and future appropriative rights insofar as those rights may conflict with or be adverse to the exercise
11. of prior vested rights within the Santa Margarita River watershed (*Id.*, ¶ VII, p.15.) Thus, as
12. expressly stated in the 1966 Judgment and Decree, the Court retained jurisdiction over the use of and
13. the appropriative rights to all surface waters or underground waters which are part of the Santa
14. Margarita River stream system. We believe this refers to the natural flows of the system.
15.     The new claims asserted by the United States arise out of the purported breach of a contract
16. commonly referred to as the "Four Party Agreement."[3] The Four Party Agreement was entered into
17. by the United States, Fallbrook Public Utility District ("Fallbrook"), Eastern and Rancho on
18. September 12, 1990. Contrary to the United States contention, the new claims are completely
19. unrelated to the underlying action. The underlying action centered around the adjudication of the
20. various parties' riparian rights to water of the Santa Margarita River and its tributaries. The Four
21. Party Agreement arose decades after the 1966 Judgment and Decree. In addition to being remote
22. and involving new parties, the Four Party Agreement has nothing to do with the allocation and
23. distribution of natural flows within the Santa Margarita River watershed. The present contractual

---

[3] The United States has also filed a claim against Eastern Municipal Water District ("Eastern") seeking a Writ of Mandate contending that Eastern violated CEQA by adopting a Mitigated Negative Declaration ("MND") in connection with a proposed Disposal Project. Rancho is informed and believes that Eastern would be a new party to the underlying action. Moreover, Rancho believes the proposed Disposal Project is not related to the underlying action and, as a result, extending jurisdiction to that claim would not be proper.

SDLIT\JBG\283215

2

OPP OF RCWD TO MOTION FOR LEAVE
USDC CASE NO. 1247-SD-GT

dispute do not center or touch on the riparian rights of the various water users to the natural flows of the Santa Margarita River and its tributaries. Rather, the new claims relate to a contractual dispute between new parties over the export of treated wastewater from the Santa Margarita River watershed, and alleged violation of the Four Party Agreement as a result thereof. These claims do not impact the allocation and distribution of water within the Santa Margarita River watershed because they involve imported water. (See, *City of Los Angeles v. City of San Fernando*, (1975) 14 Cal.3d 199, 262; 123 Cal.Rptr. (Importer's right to recapture returns from delivered imported water has priority over overlying rights and rights based on appropriations of native ground supply).)

The historic conduct of the parties further supports the conclusion that the new claims were not intended to be within the Court's retained jurisdiction. It is undisputed that the parties have in the past incorporated other agreements into the underlying action. For instance, on or about June 27, 1968 the United States and Fallbrook entered into an agreement for the physical solution to impoundment, conservation and allocation of their respective water shares, commonly know as the "Santa Margarita Project." This agreement was incorporated in the underlying case.

Additionally, on or about March 26, 2002, the United States and Rancho entered into the Cooperative Agreement. Under the Cooperative Agreement, the United States and Rancho agreed to manage the water resources within the Santa Margarita River watershed in a practical way that would meet the parties needs, consistent with the essential rights and obligations of the 1940 Stipulated Judgment and the 1966 Judgement and Decree. In the Cooperative Agreement, the parties explicitly incorporated the agreement into the underlying action. (RJN, Cooperative Agreement, ¶ 3, p. 2.) Paragraph 3 of the Cooperative Agreement states:

> "The Agreement will be submitted to the Court for approval and incorporated by stipulation into the Fallbrook Case, pursuant to the Court's continuing jurisdiction therein, and will be administered by the Watermaster appointed by the Federal District Court, Southern District of California, by order dated March 13, 1989, or subsequent order. The Court shall retain continuing jurisdiction to make such further orders as may be necessary to interpret or enforce this Agreement, provided that the Court shall not have the power to modify the terms of this Agreement or the 1940 Judgment. If either

party believes there is a substantial change of circumstances, the parties shall attempt to reach agreement as may be appropriate in light of the changed circumstances, or shall engage in mediation if agreement is not reached."

Paragraph 3 of the Cooperative Agreement also provides "[s]o long as this Agreement is in effect and is being complied with, neither party will undertake any proceeding with respect to the 1940 Judgement against the other, either judicially or administratively." (RJN, Cooperative Agreement, ¶3, p. 2.) Rancho is informed and believes that no party has alleged a breach of the Cooperative Agreement and therefore the Cooperative Agreement would not be a basis to extend jurisdiction.

In contrast, the parties did not incorporate the Four Party Agreement into the underlying action. Clearly, if the parties had intended to do so they could have done so. Such an action would have been consistent with their practice. Accordingly, it is clear that the parties did not intend to incorporate the Four Party Agreement into the underlying action.

For the reasons set forth above, it is clear that neither the Court or the parties intended that this Court retain jurisdiction over the present contractual dispute between the United States, Fallbrook, Eastern and Rancho through its retained jurisdiction in the underlying action. Accordingly, the Court should deny the United States' Motion.

## II.

## CONCLUSION

The new claims set forth in the Amended Complaint arise out of a contractual dispute between the United States, Fallbrook, Eastern and Rancho. In particular, the United States has alleged that Rancho and Eastern have breached the terms of the Four Party Agreement by not providing flows of treated wastewater from its sewage treatment facilities. The dispute is unrelated to the underlying action wherein this Court adjudicated the riparian rights of various parties to the natural water supply in the Santa Margarita River watershed and retained jurisdiction over the adjudication of those rights. Accordingly, this Court should deny United States' Motion for Leave to File Second Supplementary and Amendatory Complaint.

| | |
|---|---|
| DATED: August 8, 2003 | BEST BEST & KRIEGER LLP<br><br>By: _____<br>ARTHUR L. LITTLEWORTH<br>C. MICHAEL COWETT<br>JAMES B. GILPIN<br>MELISSA W. WOO<br>Attorneys for Defendant<br>RANCHO CALIFORNIA WATER DISTRICT |

LAW OFFICES OF
BEST BEST & KRIEGER LP
402 WEST BROADWAY, 13TH FLOOR
SAN DIEGO, CALIFORNIA 92101-3542

SDLIT\JBG\283215

5

OPP OF RCWD TO MOTION FOR LEAVE
USDC CASE NO. 1247-SD-GT