LAW OFFICES
REDWINE AND SHERRILL
1950 MARKET STREET
RIVERSIDE, CALIFORNIA 92501
TELEPHONE (909) 684-2520
FACSIMILES (909) 684-9583
(909) 276-9099

THOMAS E. BRUYNEEL #44915

Attorneys for EASTERN MUNICIPAL WATER DISTRICT

FILED
03 AUG 11 AM 10:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FALLBROOK PUBLIC UTILITY DISTRICT, EASTERN MUNICIPAL WATER DISTRICT, RANCHO CALIFORNIA WATER DISTRICT, et al., <br><br> Defendants. | CASE NO. 51 CV-1247-SD-GT <br><br> EASTERN MUNICIPAL WATER DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTARY AND AMENDATORY COMPLAINT <br><br> Date: August 25, 2003 <br> Time: 2:00 p.m. <br> Courtroom: 8, 3rd Floor <br> Hon. Gordon Thompson, Jr. |

EASTERN MUNICIPAL WATER DISTRICT ("EASTERN" or the "District") respectfully submits its Memorandum of Points and Authorities in support of its opposition to the United States of America's Motion for Leave to file its Second Supplementary and Amendatory Complaint.

///

///

///

# I

## INTRODUCTION

Eastern is a public entity organized and operating pursuant to the Municipal Water District Law of 1911. (California Water Code §71000, et seq.)

The original action is a water rights case brought by the United States to quiet title to its rights to the use of waters of the Santa Margarita River system. (United States v. Fallbrook Public Utilities District, 347 F2d. 48, 51 (9th Cir. 1965).)

Eastern was not a party to the original action, either at the time it was commenced in 1951 or as expanded in 1958 with the filing of the First Supplementary and Amendatory pleading. Thus, Eastern is not bound by this court's 1966 Modified Final Judgment and Decree.

In 1992, pursuant to stipulation, this Court entered its order designating Eastern as a member of the Steering Committee formed pursuant to its "Order for the Appointment of Steering Committee" of March 13, 1989. At that time, the Court ordered that the District shall have all of the rights and privileges of all other members of the Steering Committee and, of course, required that the District has an obligation and duty, along with all other members of the Steering Committee, to share in paying costs, fees and expenses of the Watermaster. The Court did not designate Eastern as a defendant in this action.

At that time, Eastern had one well producing water in the Santa Margarita watershed. The District took that well out of production in 2002 and, since that time, has not used any of the waters of the Santa Margarita watershed.

Eastern does not produce or use surface waters, underground or sub-surface waters or the waters of any specific river or creek determined to add to, contribute to or support the Santa Margarita River stream system. All water sold by Eastern for domestic use within the Santa Margarita River watershed is foreign, or imported, water.

-2-   Case No. 51-CV-1247-SD-GT

Eastern treats the sewage produced by its customers and disposes of the treated wastewater in accordance with the requirements of the Regional Water Quality Control Board and the Environmental Protection Agency.

Also, Eastern treats some sewage produced by customers of Rancho California Water District ("Rancho"), which water may have been produced within the Santa Margarita watershed. The rights of Rancho to produce this water for domestic use was settled by the Cooperative Water Resource Management Agreement dated March, 2002, and approved by this Court on August 20, 2002.

II

THE UNITED STATES' MOTION SHOULD BE DENIED.

Federal Rules of Civil Procedure, Rule 15(a) authorizes amendment to a party's pleading when justice so requires.

Justice does not require amendment to the pleadings in this case to litigate the claims set forth in the proposed Supplementary and Amendatory Complaint.

Rule 15(d) authorizes a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented. Although this rule has been liberally construed by the courts there must, nevertheless, be some relationship between the newly alleged matters and the subject of the original action. (Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).)

Here, there is no relationship between the newly alleged matters and the subject of the original action. The subject of the original action, of course, is to determine the United States' rights to the natural stream flows in the Santa Margarita River. In the main, the claims against Eastern here have to do with its treatment and disposal of wastewater which, except for sewage generated by Rancho's domestic customers, originated as foreign, imported water and which was not produced

-3-     Case No. 51-CV-1247-SD-GT

in the Santa Margarita watershed. Thus, these waters were not adjudicated and are not the subject of the Court's continuing jurisdiction.

In May, 1992, Eastern, by stipulation, became a member of the Steering Committee for the Santa Margarita watershed. It did not become, thereby, a party to this litigation.

The water rights of the United States vis-a-vis Eastern have not been litigated or adjudicated in this action.

By its 1966 Modified Final Judgment and Decree, Paragraph V, this Court:

"... retains continuing jurisdiction of this cause as to the use of all surface waters within the watershed of the Santa Margarita River and all underground or sub-surface waters within the watershed of the Santa Margarita River, which are determined in any of the constituent parts of this Modified Final Judgment to be a part of the sub-surface flow of any specific river or creek, or which are determined in any of the constituent parts of this Modified Final Judgment to add to, contribute to, or support the Santa Margarita River stream system."

Eastern does not produce any of the waters described in Paragraph V of the Modified Final Judgment and Decree, and its alleged actions do not, in any way, injure, or derogate from, the United States' rights to the water described therein.

The gravamen of the claims alleged against Eastern here concern its practices with regard to the disposal of treated wastewater and Eastern's alleged non-compliance with the California Environmental Quality Act ("CEQA"). Disposal of treated wastewater is an activity that is heavily regulated by law for reasons of public health and safety. In California, the regulatory regime is comprehensively administered by the Regional Water Quality Control Boards which administer and enforce the provisions of the Federal Water Pollution Control Act (also known as the Clean Water Act) (33 U.S.C. §§ 1251-1387) and the Porter-Cologne Water Quality Control Act (California Wat.Code §1300, *et seq.*) with the Environmental Protection Agency playing an oversight role.

Each Regional Water Quality Control Board adopts a water quality control plan for the region containing water quality objectives for stream systems in the region. (Wat. Code §§ 13240-13246;

-4- Case No. 51-CV-1247-SD-GT

33 U.S.C. §1313.) The plan and any amendments, require approval by both the State Water Resources Control Board and the Environmental Protection Agency. (Wat. Code § 13245; 33 U.S.C. § 1313(c).)

Under the regulatory regime, the discharge of treated wastewater into a stream is prohibited unless the discharger has obtained a National Pollution Discharge Elimination System ("NPDES") permit under the Clean Water Act (33 U.S.C. § 1342.) and waste discharge requirements under the Porter-Cologne Water Quality Control Act (Wat. Code § 13260, *et seq.*) from the California Regional Water Quality Control Board, San Diego Region. [1]

Thus, the United States' claims against Eastern in this matter tender issues regarding the disposal of treated wastewater and, ancillary to that, compliance with CEQA.

The United States' claims do not tender issues pertaining to its water rights in the Santa Margarita River.

In the original action, the United States stipulated that it was confining the action to the water rights that it possessed under State law. (United States v. Fallbrook Public Utilities District, 347 F2d. 48, 53 (9th Cir. 1965).) As to Camp Pendleton, the only State law rights the United States enjoyed were those obtained by it as the successor in interest to lands previously owned by Rancho Santa Margarita Corporation. These water rights consisted of the riparian right of Rancho Santa Margarita in the Santa Margarita River and certain privileges with respect to the location of use of that right under a stipulated judgment entered on remand in state court litigation in Rancho Santa Margarita v. Vail, 11 Cal.2d 501 (1938). (Fallbrook P.U.D., *supra*, 347 F.2d at 54-57, 59-60.)

Under California water law, the United States cannot require Eastern to continue to supply

---

[1] California is one of the states authorized to administer the NPDES provisions of the Clean Water Act. Accordingly, the Regional Water Quality Control Boards issue both the NPDES permit and waste discharge requirements as one document in a single integrated proceeding. (Wat. Code § 13374.)

any foreign water. (E.g., Stevens v. Oakdale Irrigation Dist., 13 Cal.2d 343, 348, 349, 352 (1939).)[2]

Since the claims of the United States against Eastern do not truly tender issues of the United States' rights to the use of waters in the Santa Margarita River system, justice does not require that the United States be permitted to proceed on its breach of contract, CEQA, and declaratory relief claims, in this action, for there is no relationship between these newly alleged matters and the subject of the original action.

III

CONCLUSION

The claims the United States proposes to add to this action are not related to the original action, justice does not require amendment of the original action to litigate these claims in the present action and, therefore, the United States' motion should be denied. Grant of the motion will not further judicial economy because none of the factual or legal issues tendered by the United States in its claims against Eastern have been adjudicated. Thus, the Court will not be exercising its continuing jurisdiction as to the <u>use</u> of all surface waters, etc., within the watershed of the Santa Margarita River based upon adjudicated and determined facts but, instead, will be required to try new

---

[2] The riparian right attaches <u>only</u> to natural flow of the waters of a stream system and gives no right to make use of foreign waters imported into the watershed and abandoned into a stream; the latter rights can only be acquired by appropriators under license and permit from the State Water Resources Control Board. (Crane v. Stevenson, 5 Cal.2d 387, 394-396 (1936); Bloss v. Rahilly 16 Cal.2d 70, 76 (1940).)

Moreover, any appropriative right acquired in abandoned foreign waters is limited by the right of the importer to cease the abandonment or to recapture flow of foreign water at points downstream. (Stevens v. Oakdale Irrigation Dist. 13 Cal.2d 343, 348-349, 352 (1939).) Also, the importer may, by contract, give another the right of recapture and an appropriator of the abandoned foreign water may not complain. (Haun v. DeVaurs, 97 Cal.App.2d 841, 844 (1950).)

-6-   Case No. 51-CV-1247-SD-GT

1 legal issues and facts which are not related to the subject matter of the original action.

Accordingly, it is respectfully urged that the Court deny the United States' motion.

Dated: August 8, 2003

Respectfully submitted.

REDWINE AND SHERRILL

By: /s/ Thomas E. Bruyneel
Thomas E. Bruyneel
Attorneys for EASTERN MUNICIPAL WATER DISTRICT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 1950 Market Street, Riverside California 92501-1720.

On August 8, 2003 I served the foregoing document described as: **EASTERN MUNICIPAL WATER DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTARY AND AMENDATORY COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

( ) By Mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit or mailing in the affidavit.

( ) By Personal Service. I caused such envelope to be delivered by hand to the above addressee(s).

(x) By Overnight Courier. I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS, or EXPRESS MAIL SERVICE through the United States Post Office, an overnight courier service, for delivery to the above addressee(s).

EXECUTED on August 8, 2003 at Riverside California.

(x) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jane Vaughn_
Jane Vaughn

# MAILING LIST
## UNITED STATES OF AMERICA V. FALLBROOK PUBLIC UTILITIES DISTRICT
### 51 CV 1247-SD-GT

| | |
|---|---|
| Andrew F. Walch, Senior Counsel<br>Michael A. Gheleta, Trial Attorney<br>United States Department of Justice<br>Environment and Natural Resources Division<br>999 18th Street, Suite 945<br>Denver CO 80202<br>Telephone: (303) 312-7303<br>Facsimile: (303) 312-7379 | Attorneys for UNITED STATES |
| Robert H. James, Esq.<br>205 W Alvardao St<br>Fallbrook CA 92028<br>Telephone: 760-728-1154<br>Facsimile: | Attorney for FALLBROOK PUD |
| C. Michael Cowett, Esq.<br>Reagan L. Brenneman, Esq.<br>Best Best & Krieger LLP<br>402 W Broadway 13th Flr<br>San Diego CA 92101-3542<br>Telephone: 619-525-1300<br>Facsimile: 619-233-6118 | Attorney for RANCHO CALIFORNIA WD |
| Bill Lockyer, Attorney General<br>California Department of Justice<br>P O Box 944255<br>1300 I Street Ste 1740 Sacramento CA 95814<br>Sacramento CA 94244-2550<br>Telephone: 916-324-5437<br>Facsimile: 916-324-5205 | Attorney for STATE OF CALIFORNIA |

LAW OFFICES
REDWINE AND SHERRILL
1950 MARKET STREET
RIVERSIDE, CALIFORNIA 92501-1720
TELEPHONE (909) 684-2520
FACSIMILES (909) 684-9583
(909) 276-9099