**ORIGINAL**

Susan M. Williams (Pro Hac Vice)
Sarah S. Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87049
Tel: 505/899-7994
Fax: 505/899-7972
E-mail: swilliams@williamsandworks.net

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

Marco Gonzales (CA State Bar No. 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor
Ramona Band of Cahuilla*

FILED
07 APR 23 PM 12:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | ) CIVIL NO.: 1247-SD-C<br>)<br>) **DECLARATION OF SUSAN**<br>) **WILLIAMS IN SUPPORT OF JOINT**<br>) **MOTION FOR ORDER ON**<br>) **SERVICE AND NOTIFICATION OF**<br>) **TRIBAL WATER RIGHTS CLAIMS**<br>)<br>) Date:   June 4, 2007<br>) Time:   2:00 p.m.<br>) Courtroom: 8<br>) Hon. Gordon Thompson, Jr.<br>)<br>) **ORAL ARGUMENT BY**<br>) **TELEPHONE CONFERENCE**<br>) **REQUESTED** |

Case No.: 05cv1247

I, Susan Williams, hereby declare as follows:

1. I am counsel for the Cahuilla Band of Indians as Plaintiff-Intervenor in the above-captioned case. This declaration is based on my personal knowledge.

2. This Court granted the Cahuilla Band of Indians's motion to intervene on January 22, 2007, and the Band's complaint-in-intervention was filed by the Clerk of the Court on January 23, 2007.

3. Despite reasonable inquiries, it appears that neither this Court, the Watermaster appointed by this Court, nor any of the parties or interested persons has a complete list of the current defendants and other parties in this case.

4. The Cahuilla Band of Indians has undertaken reasonable and diligent efforts to ascertain the current landowners and water users who are either original parties in this case or successors in interest to such parties. These efforts have included: review of the interlocutory judgments entered by this Court and accompanying exhibits containing lists of the original parties in portions of the Santa Margarita River Watershed; archival research regarding the number of original defendants, as reflected in secondary sources summarizing the early years of this litigation; meetings with officials of the Department of the Interior and Department of Justice; meetings and telephone conferences with Watermaster Chuck Binder regarding information in possession of the Watermaster's office relevant to the question of current landowners and water users throughout the Santa Margarita River Watershed; review of the annual reports prepared by the Watermaster and submitted to this Court; and review of the published decisions of this Court and the Court of Appeals in this case.

5. These efforts have failed to identify a complete, current and accurate list of the parties in this case.

6. Water use in the Santa Margarita River Watershed represents a great threat to the ability of the Cahuilla Band of Indians to meet its present and future water needs. The Cahuilla Band has obtained a list of landowners in the Anza Basin portion of the Watershed from the County of Riverside real property assessor's office. This so-called APN List (Assessor Parcel Number) contains approximately 3,446 persons, corporations, and entities. The Cahuilla Band is also currently seeking

a similar APN list of landowners in the downstream area approximately from the Anza Basin down to Vail Lake, described by the Court in IJ 33 and IJ 40, from the County of Riverside real property assessor's office. This assessor parcel number list will likely contain an additional, substantial number of persons, corporations, and entities.

7. In 1962, this Court decreed the overlying correlative rights to ground water in the Anza Ground Water Basin and the Cahuilla Groundwater Basin within the Santa Margarita River Watershed. Interlocutory Judgment Number 33, October 24, 1062. Exhibits A, B and C contain lists of "apparent" landowners whose rights had been decreed, parcel numbers of their lots, the number of acres irrigated and township and range location identifiers. Maps showing the location of particular lots were also prepared.

8. The parcel numbers of real property lots included in the IJ 33 exhibits do not correspond to any known parcel numbering system currently in use by the County of Riverside. The preparers of the exhibits apparently used a numbering system adopted specifically for the purpose of this case. As a result, it is not possible, without a monumental commitment of time and resources, to ascertain the current successors, whose parcel numbers are provided by the County, from the IJ 33 exhibits, whose parcel numbers derive from the system unique to this case. To extrapolate from one list to the other, one would have to conduct a parcel-by-parcel comparison using identifying numbers that do not match. The process would require locating the original parcel by township and range on the case-specific plat map and list of owners in the IJ 33 exhibits, attempting to identify a corresponding parcel from contemporary county assessor parcel maps, and then seeking to match the parcel number from IJ 33 with the APN list maintained by the County of Riverside. The Cahuilla Band of Indians does not have the staff or financial resources to conduct this difficult task.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/18/07

Respectfully submitted,

Susan M. Williams