ORIGINAL

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

1   JAMES L. MARKMAN (043536)
    B. TILDEN KIM (143937)
2   ERIN L. POWERS (245148)
    RICHARDS, WATSON & GERSHON
3    A Professional Corporation
    355 South Grand Avenue, 40th Floor
4   Los Angeles, CA 90071-3101
    Telephone: (213) 626-8484
5   Facsimile: (213) 626-0078

6   Attorneys for Specially Appearing
    Gregory V. Burnett
7

8

FILED

07 JUL -2 PM 3 59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

9            UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

                                          BY FAX

13   UNITED STATES OF AMERICA,        Case No. 1247-SD-C

14           Plaintiff,               **OPPOSITION BRIEF TO
                                      PLAINTIFF-INTERVENORS' JOINT
15   RAMONA BAND OF CAHUILLA,         MOTION FOR ORDER ON
     CAHUILLA BAND OF INDIANS,        SERVICE AND NOTIFICATION OF
16                                    TRIBAL WATER RIGHTS CLAIM
             Plaintiff-Intervenors,   AND MEMORANDUM OF POINTS
17                                    AND AUTHORITIES IN SUPPORT
                                      THEREOF**
18   vs.
                                      **[Declaration of Gregory V. Burnett,
19                                    and Exhibits In Support Thereof
                                      Concurrently Filed Herewith]**
20

21

22                                    Date:       7-16-07
                                      Time:       2 p.m.
23                                    Courtroom:  8

24

25   FALLBROOK PUBLIC UTILITY         Hon. Gordon Thompson, Jr.
     DISTRICT, et. al.,
26
             Defendants.
27

28

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights Claim
and Memorandum of Points and Authorities In Support Thereof

12628-0002\982193v1.doc

**MEMORANDUM OF POINTS AND AUTORITIES**

## I.    INTRODUCTION

Gregory V. Burnett ("Burnett") hereby specially appears opposing the Plaintiff-Intervenor Tribes' joint motion for order on service and notification of tribal water rights claims.  Burnett is the owner of and produces water from real property overlying the "deep aquifer" of the Anza Ground Water Basin.  That deep aquifer has already been adjudicated to "not add to, support nor contribute to the Santa Margarita River stream system and . . . not part of the Santa Margarita River or any tributary thereto."  Interlocutory Judgment No. 33 ("Judgment No. 33"), Section 4.  A true and correct copy of the relevant portion of Judgment No. 33 is included as Exhibit A.[1]

Burnett is one of a group of persons producing water from the Anza Ground Water Basin over whom this Court lacks subject matter jurisdiction per this Court's Judgment entered in this matter.  Exh. A (Judgment No. 33), p. 19, lines 17-28.[2]  His water production from more than 100 feet below surface elevation and that of all others doing so have expressly been found to be outside the purview of this case.  Further, his rights to continue to produce water from the Anza deep aquifer have been quieted as against the Tribes and all other parties in the context of this case.

While the Tribes extensively cite Interlocutory Judgment No. 41, they fail to inform the Court of its ruling in Judgment No. 33 which conclusively held that this Court has no jurisdiction over Burnett and others similarly situated.  Specifically,

---

[1] All exhibits are attached to the concurrently filed declaration of Gregory V. Burnett.

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

1  this Court has already ruled that it "has no jurisdiction over the use of said waters

2  contained within the deep aquifer of the Anza Ground Water Basin . . ." *Id.*

3  Nevertheless, the Tribes improperly seek to have this Court reassert

4  jurisdiction over Burnett (and those similarly situated) by casting a wide net with

5  their respective complaints in intervention and now ask the Court to force persons

6  to intervene based on a "notice of claims" to be mailed to every addressee in the

7  Anza Valley.  Because those noticed persons would include deep aquifer producers

8  such as Burnett, the instant motions should be denied.  If not, at a minimum, any

9  such notice should state clearly that landowners like Burnett and all those pumping

10  water in Anza Valley from a depth exceeding 100 feet need not intervene since this

11  case does not involve them.

12  Further, Judgment No. 33 collaterally estops the Tribes from making priority

13  water rights claims against Burnett in the instant case which, in Anza, only

14  involves shallow water production from less than 100 feet in depth.  Thus, this

15  Court should deny the Tribes' motion, a motion which seeks to force persons to

16  intervene in reaction to a mailed "notice of claim," even though a judgment already

17  entered with res judicata effect excludes them from the Court's jurisdiction.

18  Assuming *arguendo* that this Court grants the Tribes' joint motion in any

19  form, the Court should require the Tribe to expressly notify those landowners

20  producing water from the "deep aquifer" of the Anza Ground Water Basin (from

21  deeper than 100 feet from surface) that (1) they are not within the Court's

22  jurisdiction; (2) the Tribes' respective complaints in intervention do not affect their

23  water rights; and (3) they are not required to intervene in or otherwise file a

24  response to the Tribal complaints in intervention.  Providing such notices will

25  promote the expeditious, just, and economical adjudication of the Tribes'

26  complaints in intervention while excluding the costly, wasteful, and unnecessary

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS|WATSON|GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

1  participation of parties whose water production already has been adjudged to be

2  outside the scope of this case.

3

4  **II.    STATEMENT OF FACTS**

5      Burnett is the fee owner of real property located in Riverside County,

6  California overlying the Anza Ground Water Basin.  Burnett's real property

7  consists of approximately 518 contiguous acres located within Section 5 of the

8  USGS Anza Quadrangle, and identified by Assessor's Parcel Numbers 573040001,

9  573040002 and 573050001 ("Property").  See Declaration of Gregory V. Burnett

10  ("Burnett Decl."), ¶ 1, 2.  The Property is located north of Upper Valley Road, east

11  of Bautista, in Anza.  See Burnett Decl., ¶ 3.

12      Burnett is the successor-in-interest of SF Pacific Properties (which at various

13  times has also been known as Southern Pacific Land Company and Southern

14  Pacific Railroad Company), from whom he acquired the Property on December 19,

15  2002.  A true and correct copy of the Grant Deed is included as Exhibit B; see also

16  Burnett Decl., ¶ 2, 3.  Prior to conveying the Property to Burnett, SF Pacific

17  Properties (under one or both of the above-mentioned names) held title to the

18  Property for over 100 years from the time Southern Pacific Railroad acquired a

19  land patent from the United States in 1866.  A true and correct copy of United

20  States Patent Number 82446 is included as Exhibit C; see also Burnett Decl. ¶ 4.

21      Prior to Burnett taking ownership of the Property, the United States of

22  America filed Complaint No. 1247, on January 25, 1951, in the above-entitled

23  action, seeking a judicial determination of all respective water rights within the

24  Santa Margarita River Watershed.  Burnett's predecessor-in-interest, Southern

25  Pacific Land Company, was named as a defendant.

26

27

28

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

On December 11, 1962, the Court issued Judgment No. 33 pertaining to the Anza and Cahuilla Ground Water Basins and Cahuilla and Wilson Creeks, in which the Court found that the Anza Ground Water Basin was composed of two aquifers – the shallow aquifer and the deep aquifer – and that the Court had no jurisdiction over the deep aquifer. See Exh. A.

In Section 3 of Judgment No. 33's Findings of Facts regarding the Anza Ground Water Basin, the Court specifically states that the shallow aquifer "extends to a maximum but variable depth of approximately 100 feet below grand surface elevation." Exh. A (Judgment No. 33), page 2, lines 9-10. Whereas, the court found that the deep aquifer extends approximately one-half mile in width and approximately two miles in length. Exh. A (Judgment No. 33), page 2, lines 7-15.

Based on the Court's findings, the Court concluded as follows:

1.
That all ground waters contained within the shallow aquifer of the Anza Ground Water Basin add to, support and contribute to the Santa Margarita River stream system.

2.
That all lands described in Exhibit B[3] have a correlative overlying right to the use of the ground waters contained within the shallow aquifer of the Anza Ground Water Basin.

3.
That this Court has continuing jurisdiction over the use of all ground waters contained within the *shallow aquifer* of the Anza Ground Water Basin.

4.
***That all ground waters contained within the deep aquifer of the Anza Ground Water Basin do not add to, support nor***

---

[3] "Exhibit B" refers to Exhibit B of Judgment No. 33, a copy of which is included.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

*contribute to the Santa Margarita River stream system and are not part of the Santa Margarita River or any tributary thereto.*

### 5.

That the owners of all lands described in Exhibit B and designated therein as overlying the deep aquifer of the Anza Ground Water Basin have correlative overlying rights to the use of the ground water contained within the deep aquifer of that Basin.

See Exh. A (Judgment No. 33, Conclusions of Law), pages 15-16, lines 13-31 and 1-6 (emphasis added).

Burnett's predecessor-in-interest, Southern Pacific Land Company, is twice named in Exhibit B to Judgment No. 33, as a property owner overlying the deep aquifer. See Exh. A (Judgment No. 33, Exhibit B) pages 42 and 64.

Furthermore, the Court's Interlocutory Judgment reiterated the above-stated conclusions, specifically stating:

[A]ll the ground waters contained within the deep aquifer of the Anza Ground Water Basin do not add to, support nor contribute to the Santa Margarita River stream system and are not part of the Santa Margarita River or any tributary thereto, *and that this Court has no jurisdiction over the use of said waters contained within the deep aquifer of the Anza Ground Water Basin*; that said lands which overlie the deep aquifer are described and designated in Exhibit B, and it is ordered, adjudged and decreed that all ground waters contained within said lands below 100 feet in elevation from land surfaces are ground waters contained within said deep aquifer.

See Exh. A (Judgment No. 33), page 19, lines 17-28. (Emphasis added).

The Court further ordered that the rights of the owners of lands set forth in the above-quoted paragraph, "and their heirs, successors and assigns to the use of the ground waters contained within the deep aquifer *are forever quieted in them and against the United States of America and all other parties having rights to*

-6-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    *the use of the waters of the Santa Margarita River…*"  See Exh. A (Judgment No.
2    33), pages 19-20, lines 30-31 and 1-6.  (Emphasis added).

3           On May 8, 1963 the Court entered its Final Judgment and Decree.  A true
4    and correct copy of this Final Judgment and Decree is attached as Exhibit G.  The
5    Final Judgment and Decree specifically incorporates Judgment No. 33.

6           As the successor-in-interest to Property previously owned by Southern
7    Pacific Land Company, Burnett continues to produce water solely from the deep
8    aquifer of the Anza Ground Water Basin and is not serviced by a public or
9    municipal water service company.  See Burnett Decl., ¶ 5, 7.  Burnett has three
10   wells, all of which produce water from a depth equal to, or greater than, 285 feet
11   below ground surface elevation.  See Burnett Decl., ¶ 6.  Burnett does not produce
12   water from the shallow aquifer of the Anza Ground Water Basin or any other part
13   of the Santa Margarita watershed.

14

15   **III.   LEGAL ANALYSIS**

16          **A.    THE TRIBES' COMPLAINTS IN INTERVENTION SEEKS TO**
17                **IMPERMISSIBLY RELITIGATE INTERLOCUTORY**
18                **JUDGMENT NO. 33**

19          It is an indisputable legal principle that factual or legal issues necessarily
20   and finally adjudicated in an earlier action or proceeding are entitled to preclusive
21   effect in a later lawsuit on a different claim.  *See Arizona v. California* (2000) 530
22   U.S. 392, 414.  Collateral estoppel applies where (1) the issues in both proceedings
23   are identical; (2) the issue in the prior proceeding was actually litigated and
24   actually decided; and (3) the issue was essential to support a valid and final
25   judgment on the merits.  *Grieve v. Tamerin* (2nd Cir. 2001) 269 F.3d 149, 153.

26          In the case at bar, the Tribes' seek to re-adjudicate rights to the Anza Ground
27   Water Basin, which were previously determined by this Court in 1962.  The Tribes

28

-7-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    assert that the Court stopped short of quantifying their federal reserved water rights

2    within the Santa Margarita watershed. See Tribes' Motion, page 2, lines 22-24.

3    This may be true with respect to rights to waters of the Santa Margarita watershed,

4    however, the same cannot be said for the waters of the Anza Ground Water Basin.

5    On December 11, 1962, the Court entered Interlocutory Judgment No. 33, in which

6    made specific findings of fact and conclusions of law regarding the waters of the

7    Azna Ground Water Basin. See Exh. A.  Judgment No. 33 held that all of the

8    ground waters "within the deep aquifer of the Anza Ground Water Basin do not

9    add to, support nor contribute to the Santa Margarita River stream system and are

10   not part of the Santa Margarita River or any tributary thereto, and that <u>this Court

11   has no jurisdiction over the use of said waters contained within the deep aquifer</u>."

12   See Exh. A, page 19, lines 17-28 (emphasis added.)  The Court only retained

13   jurisdiction over the ground waters of the shallow aquifer, which extend to a

14   maximum depth of 100 feet below ground surface elevation.  Therefore, all water

15   located at a depth of greater than 100 feet below ground surface elevation was

16   determined to be part of the deep aquifer and not subject to this Court's

17   jurisdiction.

18          Moreover, the Court held that the rights of the owners of lands overlying the

19   deep aquifer (identified in Exhibit B of Judgment No. 33), and their heirs,

20   successors and assigns to the use of the ground waters contained within the deep

21   aquifer "are forever quieted in them against the United States of America and all

22   other parties having rights to the use of waters of the Santa Margarita River…"

23   See Exh. A, page 20, lines 1-6.  Thereafter, the Court specifically incorporated

24   Judgment No. 33 into its Final Judgment and Decree.  See Exh. D.

25          Burnett is a successor-in-interest to property identified in Exhibit B of

26   Judgment No. 33, and directly overlying the deep aquifer of the Anza Ground

27   Water Basin.  The Tribes' complaints in intervention seek to adjudicate the very

28

-8-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

1    issue foreclosed by Judgment No. 33 and incorporated into the Court's final

2    jurisdiction – namely, priority water rights to the deep aquifer of the Anza Ground

3    Water Basin.  Under principles of collateral estoppel the Tribes should be barred

4    from making such a claim against Burnett, or others similarly overlying the deep

5    aquifer of the Anza Ground Water Basin.  Accordingly, the Court should deny the

6    Tribes' motion.

7

8    **B.    SERVICE OF PROCESS BY MAIL WOULD DEPRIVE**

9    **LANDOWNERS OF SUFFICIENT NOTICE OF ADVERSE**

10   **CLAIMS**

11       The Tribe's complaints in intervention attempt a wholesale adjudication of

12   potentially adverse water rights against potential parties who admittedly are not

13   within the jurisdiction of this Court.  The Tribes candidly state in relevant part:

14       "[T]he Tribes' propose [sic] service procedures that include essentially all of

15       the water users and landowners there, regardless of party status.  For this

16       area, the Tribes' service proposal may be somewhat overinclusive, but it is

17       nonetheless more economical and reasonable than determining a list of

18       current successor landowners."

19   Tribes' Motion, p. 5. lines 7-10 (emphasis added).

20       Fundamentally, due process concerns compel the conclusion that the Tribes'

21   complaints in intervention be served under Federal Rules of Civil Procedure, Rule

22   4, not Rule 5.  1 Moore's Federal Practice, § 5.03[4] (3rd ed. 2007) ("Rule 5

23   service provisions assume that the court has personal jurisdiction over the party

24   and that the party is already aware of the proceedings and is keeping abreast of

25   new developments.").

26       In the case at bar, Interlocutory Judgment No. 33 was issued on December

27   11, 1962 – almost 45 years ago.  Certainly, those landowners producing water from

28

-9-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   the "deep aquifer" of the Anza Ground Water Basin have had no reason to keep

2   abreast of this adjudication since the Court held that it had no jurisdiction over

3   those landowners over four decades ago.

4       Moreover, the comprehensive declaration of water rights priority sought by

5   the Tribes compels personal service of process of their complaints in intervention,

6   and it also compels a good faith attempt to sue only those persons pumping water

7   from the shallow deposits in the Anza Ground Water Basin within 100 feet of

8   surface elevation.  Dragging in persons who clearly have no business in this

9   proceeding so that the Tribal litigants may save time and money should be

10   precluded immediately, preferably by a denial of the instant motion.

11       Due process is not a static concept, but must account for the "practicalities

12   and peculiarities of the case."  *Mullane v. Central Hanover Bank & Trust Co.*

13   (1950) 339 U.S. 306, 314.  In *Mullane*, the Court strongly confirmed that

14   "deprivation of . . . property by adjudication [must] be preceded by notice and

15   opportunity for hearing appropriate to the nature of the case . . ."  *Id*. at 313.  In the

16   context of this case, due process will not be served by the service of process

17   proposed by the Tribes on Burnett and numerous other individuals who (1) are not

18   within this Court's jurisdiction in this case, but (2) nevertheless would be forced to

19   intervene herein and make that point again.  Such a process would waste private

20   funds and judicial resources.

21       It is well-established law in California that an overlying water right is "the

22   right of the owner of land to take water from the ground underneath for use on his

23   land within the basin or watershed; the right is based on ownership of land and is

24   appurtenant thereto."  *City of Pasadena v. City of Alhambra* (1949) 33 Cal.2d 908,

25   925.  Burnett, and others similarly situated, have already been adjudicated to be

26   outside of this Court's jurisdiction with respect to the Santa Margarita River stream

-10-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

1   system and thus have the right to produce deep aquifer water without regard to any
2   outcome which the Tribes achieve in this case.
3       The new claims made by the Tribes in their respective complaints in
4   intervention seek a deprioritization of water rights already adjudicated by the Court
5   in Judgment No. 33 to be "quieted" and free of management through this case.
6   The Tribes' motion seeks to initiate an overbroad application of its water rights
7   priority over those already held to be free of any effects of orders entered in this
8   matter.  Such a potential wrongful depreciation of water rights should not be
9   condoned or facilitated by allowing the Tribes to serve under FRCP Rule 5.
10       The Tribes' citation of cases in support of their motion is not persuasive.
11   For example, *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.* (9th
12   Cir. 2001) 244 F.3d 1128 (Tribes' motion, p.3) did not address due process
13   concerns with respect to the proper service of process of a complaint-in-
14   intervention.  Instead, *F.J. Hanshaw* involved civil sanctions and due process
15   requirements.  *Id.* at 1142.  Likewise, *Heileman Brewing Co., Inc. v. Joseph Oat
16   Corp.* (7th Cir. 1989) 871 F.2d 648 (Tribes' motion, p.3) only addresses the issue
17   of the court's exercise of authority to order represented litigants to appear at a pre-
18   trial settlement conference.  *Id.* at 652.  *Hagmeyer v. U.S. Dept. of Treasury*
19   (D.D.C. 1986) 647 F.Supp. 1300 (Tribes' motion, p. 4) only addressed proper
20   service of process of a suit involving four defendants, and *Pitts ex. rel. Pitts v.
21   Seneca Sports, Inc.*, 321 F.Supp.2d 1353 (S.D.Ga. 2004) (Tribes' motion p. 5)
22   addressed service of process by mail of an amended complaint against a corporate
23   defendant.
24       The relevant cases cited by the Tribes do not support the Tribes' motion.  In
25   *City of Pasadena*, the California Supreme Court observed that service of process
26   on all individual landowners was unnecessary because "the principal takers of
27   water" were "public utility corporations and municipalities."  *City of Pasadena*,
28

RICHARDS|WATSON|GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

-11-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

1   *supra*, 33 Cal.2d at 927.  In sharp contrast, Burnett and other landowners similarly

2   situated, are exercising their own overlying water rights, and do not have their

3   rights adequately represented by a water company.  See Burnett Decl., ¶ 5.

4          Most importantly, the Court has entered a judgment establishing the fact that

5   Burnett's and many others' pumping of water does not impact the Santa Margarita

6   River and that, therefore, such water producers do not belong in this case.  The

7   Tribes' citation of *In re Rights to the Use of the Gila River* (Ariz. 1992) 830 P.2d

8   442 (Tribes' motion, p. 10) is factually distinguishable as that case involved

9   potentially 849,000 claimants, a massive number of litigants of which none were

10  protected by a prior Court order.  In the case at bar, Anza Valley water producers

11  number in the hundreds, not the thousands, and many have been held to be

12  protected by Judgment No. 33 (see Exh. B to Judgment 33).  Hence, careful, and

13  complete service of process on Anza Valley water producers as required under the

14  FRCP is appropriate in the case at bar, and the Tribes should be required to abstain

15  from suing Burnett and other Anza deep aquifer water producers.

16         Finally, *State of Washington v. Acquavella* (Wash. 1983) 674 P.2d 160

17  (Tribes' motion, p. 8) does not support the Tribes' position.  There, the Court held

18  that due process did not require personal service of process of all 40,000 persons or

19  entities who received water from the subject water basin when the Department of

20  Ecology had already meticulously and properly served over 4,000 water users.  *Id*.

21  at 161.

22         If the Tribes' motion is granted, it might initially save the Tribes money and

23  time.  However, a "notice of claim" procedure ultimately would be more time-

24  consuming and expensive as it would hail into this Court numerous parties, and

25  force them to reassert the lack of jurisdiction over them already established by

26  Judgment No. 33.  Further, granting the Tribes' motion would be improper because

27  it would potentially allow expedited adverse judgments to be entered against less

28

-12-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1  vigilant Anza Valley landowners who were adjudged not to be subject to the

2  Court's jurisdiction in 1962 but do not reappear in this case. This circumstance

3  could in turn lead to the entry of inconsistent judgments concerning Anza deep

4  aquifer water producers.

5

6       **C.    SERVICE OF NOTICE BY MAIL, IF ALLOWED, SHOULD**

7             **REQUIRE DISCLAIMER OF ANY ADVERSE**

8             **CONSEQUENCES TO LANDOWNERS IN THE DEEP**

9             **AQUIFER OF THE SANTA MARGARITA RIVER SYSTEM**

10       Assuming *arguendo* that the Court is inclined to grant the Tribes' motion for

11  service of process of their complaints in intervention by mail and in a short form

12  "notice of claim" format, the Court should require the inclusion of explicit, bold,

13  and conspicuous language on each such notice indicating at a minimum:

14       (1) that landowners pumping from the "deep aquifer" (defined as more than

15       100 feet from surface elevation) of the Anza Ground Water Basin are

16       persons not subject to the Tribes' respective complaints in intervention;

17       (2) that no order or judgment entered pursuant to the Tribes' complaints in

18       intervention, would have any effect whatsoever on the water production

19       rights of those persons producing water from the "deep aquifer" of the Anza

20       Ground Water Basin; and

21       (3) that landowners pumping from the "deep aquifer" of the Anza Ground

22       Water Basin are not required to intervene in this case or file any response

23       whatsoever to the Tribes' complaints in intervention.

24

25       Including the above-stated language on such notice would help to prevent

26  the waste of private and judicial resources that will undoubtedly result if the

27  Tribes' proposed notice remains unchanged.

28

-13-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW - A PROFESSIONAL CORPORATION

IV.   **CONCLUSION**

    For the foregoing reasons, the Court should deny the Tribes' joint motion for

order on service and notification of tribal water rights claims.

DATED:   July 2, 2007
                                    JAMES L. MARKMAN
                                    B. TILDEN KIM
                                    ERIN L. POWERS
                                    RICHARDS, WATSON & GERSHON
                                    A Professional Corporation


By: _James T. Markman_____
    JAMES L. MARKMAN
    Attorneys for Specially Appearing
    Gregory V. Burnett

-14-

Opposition to Joint Motion for Order On Service and Notification of Tribal Water Rights
Claim and Memorandum of Points and Authorities In Support Thereof
12628-0002\982193v1.doc

**PROOF OF SERVICE**

I, Gabrielle Duran, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand, 40th Floor, Los Angeles, California.  On July 2, 2007, I served the within documents:

**OPPOSITION BRIEF TO PLAINTIFF-INTERVENVORS' JOINT MOTION FOR ORDER ON SERVICE AND NOTIFICATION OF TRIBAL WATER RIGHTS CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[ ]   by causing facsimile transmission of the document(s) listed above from (213) 626-8484 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M.  This transmission was reported as complete and without error.  A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached.  Service by facsimile has been made pursuant to a prior written agreement between the parties.

[ X ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[ ]   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a   agent for delivery, or deposited in a  box or other facility regularly maintained by , in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

[ ]   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]   by causing personal delivery by First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California  90026 of the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 2, 2007.

GABRIELLE DURAN

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

12628-0002\983440v1.doc

1

2

**MAILING LIST**
*United States of America v. Fallbrook Public Utility District, et al.*
United States District Court- SD of California
Case No. 51-1247-SD-GT

3

4

| | |
|---|---|
| Curtis G. Berkey, Esq.<br>Scott W. Williams, Esq.<br>Alexander, Berky, Williams &<br>Weathers, LLP<br>2030 Addison Street, Suite 410<br>Berkeley, CA 94704-2642<br><br>Tel: 510-548-7070<br>Fax: 510-548-7080<br><br>Attorneys for Plaintiff-Intervenor Ramona<br>Band of Cahuilla Indians | Peter J. Mort, Esq.<br>Rodney B. Lewis, Esq. (*Pro Hac Vice*)<br>Akin Gump Strauss Hauer & Feld LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90061-3012<br><br>Tel: 310-229-1000<br>Fax: 310-229-1001<br><br>Attorneys for Plaintiff-Intervenor Pechanga<br>Band of Luiseño Indians |
| Marco A. Gonzalez, Esq.<br>Rory R. Wicks, Esq.<br>Coast Law Group LLP<br>169 Saxony Road, Suite 204<br>Encinitas, CA 92024-6778<br><br>Tel: (760) 942-8505<br>Fax: (760) 942-8515<br>Attorneys for Plaintiff-Intervenor<br>Cahuilla Band of Indians | Susan M. Williams, Esq.<br>Sarah S. Works, Esq.<br>Williams & Works, P.A.<br>P.O. Box 1483<br>Corrales, NM 87049<br><br>Tel: 505-899-7994<br>Fax: 505-899-7972<br><br>Attorneys for Plaintiff |
| Michael L. Tidus, Esq.<br>Michele Staples, Esq.<br>Benjamin T. Benumof, Esq.<br>Jackson DeMarco Tidus Petersen<br>Peckenpaugh<br>2030 Main Street, Suite 1200<br>Irvine, CA 92614<br><br>Tel:  (949) 752-8585<br>Fax:  (949) 752-0597<br>Attorneys for Domenigoni Jojoba SKB<br>Resort | Eugene Madrigal, Esq.<br>28581 Old Town Front St. #208<br>Temecula, CA 92590-2724<br><br>Tel: (951) 695-7080<br>Fax: (951) 695-7081 |
| Arthur Littleworth, Esq.<br>Best Best & Krieger<br>PO Box 1028<br>Riverside, CA 92502-1028<br><br>Tel: (951) 686-1450<br>Fax: (951) 686-3083 | |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| C. Michael Cowett, Esq.<br>Best Best & Krieger<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101-8493<br><br>Tel: 619-525-1300<br>Fax: 619-233-6118 | David Glazer, Esq.<br>Environment and Natural Resources Division,<br>Natural Resources Section<br>U.S. Department of Justice<br>301 Howard Street, Suite 1050<br>San Francisco, CA 94105-6607 |
| Thomas Bruyneel, Esq.<br>Redwine & Sherrill<br>1950 Market St<br>Riverside, CA 92501-1720<br><br>Tel: 951) 684-2520<br>Fax: (951) 684-9583 | Robert H. James, Esq.<br>Sachse, James & Lopardo<br>Sachse James & Lopardo<br>205 W Alvarado St Ste 1<br>Fallbrook, CA 92028-2002<br><br>Tel: 760) 728-1154<br>Fax: (760) 728-9648 |
| Karen Tachiki, Esq.<br>General Counsel<br>Metropolitan Water District<br>P.O. Box 54153<br>Los Angeles, CA 90054-0153<br><br>Tel: (213) 217-6622 | Alvin Greenwald, Esq.<br>A Greenwald & R Greenwald<br>6010 Wilshire Blvd Ste 500<br>Los Angeles CA  90036-3661<br><br>Tel:  (323) 954-1315<br>Fax: |
| Michael A. Gheleta, Esq.<br>U.S. Dept. of Justice<br>Environment & Natural Resources Division<br>999 18th St Ste 945<br>Denver CO  80202-2449<br><br>Tel:  (303) 223-1104<br>Fax:  (303) 223-0904 | Patrick Barry, Esq.<br>U.S. Department of Justice<br>Environment and Natural Resources Division,<br>Indian Resources Section<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| Michael E. McPherson, Esq.<br>344 Plumosa Avenue<br>Vista, CA 92083-8024<br><br>Tel:<br>Fax: | John G. McClendon, Esq.<br>Van Blarcome Leibold McClendon & Mann<br>23422 Mill Creek Dr Ste 105<br>Laguna Hills, CA 92653-7920<br><br>Tel: (949) 457-6300<br>Fax:  (949) 457-6305 |
| Western Land Financial<br>and Pacific Holt Corp.<br>708 W. 20th Street, #4<br>Merced, CA 95340-3639 | Nobuo Komota<br>c/o Richard Woo<br>Soliton Tech<br>2635 N. First Street, Suite 213<br>San Jose, CA 95134-2044 |

| | |
|---|---|
| Bill Steele<br>U.S. Bureau of Reclamation<br>27708 Jefferson Ave., #202<br>Temecula, CA 92590-2641 | Temecula Ranchos<br>c/o McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591-5208 |
| General Manager<br>Elsinore Valley Mutual Water District<br>P.O. Box 3000<br>Lake Elsinore, CA 92330-3000 | SDSU Field Station Programs<br>ATTN: Dr. Matt Rahn, Reserve Director<br>5500 Campanile Drive<br>San Diego, CA 92182-4614 |
| Anthony J. Pack, General Manager<br>Richard Hall, Director<br>Eastern Mutual Water District<br>P.O. Box 8300<br>Perris, CA 92572-8300 | Mike Luker<br>Eastern Mutual Water District<br>P.O. Box 8300<br>Perris, CA 92572-8300 |
| Elsa Barton<br>217 N. Palm<br>Hemet, CA 92543 | Darwin Potter<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596-9625 |
| Michael Lopez<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596-9625 | Donald E. Forsyth<br>Metropolitan Water District<br>33752 Newport Road<br>Winchester, CA 92596-9625 |
| Jack S. Safely<br>Western Municipal Water District<br>450 Alessandro Blvd.<br>Riverside, CA 92508<br><br>Tel: 951-789-5000<br>Fax: 951-789-5109 | John Rossi, General Manager<br>Western Municipal Water District<br>450 Alessandro Blvd.<br>Riverside, CA 92508<br><br>Tel: 951-789-5000<br>Fax: 951-789-5109 |
| Linda Garcia<br>Riverside County Flood Control and Water<br>Conservation District<br>1995 Market Street<br>Riverside, CA 92501-1719 | Director<br>Riverside County Planning<br>4080 Lemon Street, 9th Floor<br>Riverside, CA 92501-3609 |

| | |
|---|---|
| James J. Fletcher<br>Rick Gundry<br>U.S. Department of the Interior<br>Bureau of Indian Affairs<br>1451 Research Park Drive<br>Riverside, CA 92507-2471 | Charles W. Binder Watermaster<br>Santa Margarita River Watershed<br>P.O. Box 631<br>Fallbrook, CA 92088-0631 |
| General Manager<br>Rainbow Mutual Water District<br>P.O. Box 2500a<br>Fallbrook, CA 92088-2500 | Keith Lewinger, General Manager<br>Fallbrook Public Utility District<br>P.O. Box 2290<br>Fallbrook, CA 92088-2290<br><br>Tel  (760) 728-1125<br>Fax (760) 728-6029 |
| Keith Lewinger, General Manager<br>Fallbrook Public Utility District<br>P.O. Box 2290<br>Fallbrook, CA 92088-2290 | Joseph Jackson, Asst. General Manager<br>Fallbrook Public Utility Department<br>P.O. Box 2290<br>Fallbrook, CA 92088-2290 |
| Jackie Spanley, Chairperson<br>AVMAC<br>P.O. Box 391076-1076<br>Anza, CA 92539 | Elena Mafla, Chairman<br>AVMAC<br>43205 Chapman Road<br>Anza, CA 92539-9424 |
| Mr. Joseph Hamilton<br>Ramona Reservation<br>P.O. Box 391372<br>Anza, CA 92539-1372 | Eugenia Nogales<br>Anthony Madrigal, Sr.<br>Cahuilla Band of Indians<br>P.O. Box 391760<br>Anza, CA 92539-1760 |
| Mr. Manual Hamilton<br>Tribal Chairman<br>Ramona Band of Cahuilla Indians<br>P.O. Box 391372<br>Anza, CA 92539-1372 | Chairperson<br>Cahuilla Band of Indians<br>P.O. Box 391760<br>Anza, CA 92539-1760 |
| Anza Mutual Water Company<br>P.O. Box 390117<br>Anza, CA 92539-0117 | Anza Acreage, LLC<br>1310 Stratford Court<br>Del Mar, CA 92014-2328 |
| Anza Holdings, LLC<br>249 S. Highway 101, #318<br>Solana Beach, CA 92075-1807 | Anza Holdings LLC<br>c/o Peter Lewi<br>539 Meridian Way<br>Carlsbad, CA 92011-5409 |

| | |
|---|---|
| Marc Luker<br>Pechanga Tribal Council<br>P.O. Box 1477<br>Temecula, CA 92593-1477 | Pechanga Tribal Spokesperson<br>Pechanga Indian Reservation<br>P.O. Box 1477<br>Temecula, CA 92593-1477 |
| Brian Brady, General Manager<br>Rancho California WD<br>P.O. Box 9017<br>Temecula, CA 92589-9017 | Bob Lemons<br>Rancho California Water District<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| Leslie Cleveland<br>U.S. Department of Interior<br>Bureau of Reclamation<br>27708 Jefferson Avenue, #202<br>Temecula, CA 92590-2641 | Richard & Christine McMillan<br>Gary & Patricia McMillan<br>McMillan Farm Management<br>29379 Rancho California Rd., Ste. 201<br>Temecula, CA 92591 |
| Ron Glidden<br>Water Resources Manager<br>Pechanga Indian Reservation<br>P.O. Box 1477<br>Temecula, CA 92593-1477 | James Carter<br>P.O. Box 28739<br>Santa Ana, CA 92799-8739 |
| Larry Minor<br>P.O. Box 398<br>San Jacinto, CA 92581-0398 | Agri-Empire, Inc.<br>P.O. Box 490<br>San Jacinto, CA 92383-0490 |
| Stephen B. Reich<br>Stetson Engineers, Inc.<br>2171 E. Francisco Boulevard, Suite K<br>San Rafael, CA 94901-5536 | Assistant Chief of Staff, Facilities<br>Attn: Office of Water Resources<br>Box 555013<br>Camp Pendleton, CA 92055-5013 |
| Assistant Chief of Staff<br>Environmental Security<br>Box 555008<br>Marine Corps, Base<br>Camp Pendleton, CA 92055-5008 | Counsel Western Bases<br>P.O. Box 555231<br>Marine Corps Base – Bldg. 1254<br>Camp Pendleton, CA 92055-5231 |
| Pamela Williams<br>Office of the Solicitor<br>Dept of Interior<br>1849 C St NW<br>Washington DC 20240-0002 | Assad S. Safadi<br>Natural Resources Consulting Engineers, Inc.<br>131 E. Lincoln Avenue, Suite 300<br>Fort Collins, CO 80524-4400 |

| | |
|---|---|
| General Manager<br>Rancho Cal RV Resort OA<br>Attn: General Manager<br>PO Box 214<br>Aguanga, CA 92536-0214 | Lake Riverside Estates Community Assoc.<br>41610 Lakeshore Blvd.<br>Aguanga, CA 92536-9317 |
| Dyson Development<br>437 S Highway 101, Suite 220.<br>Solana Beach, CA 92075 | Dyson Development LLC<br>c/o Robert A. Dyson Jr<br>44200 Town Center Way<br>Palm Desert, CA 92260-2754 |
| Avalon Management Group, Inc.<br>31608 Railroad Canyon Rd.<br>Canyon Lake, CA 92587-9406 | Mark Shaffer<br>6837 NE New Brooklyn Rd<br>Bainbridge Island WA 98110-3601 |
| Amy Gallaher<br>Metropolitan Water District<br>P.O. Box 54153<br>Los Angeles, CA 90054-0153 | General Manager<br>Murrieta County Water District<br>P.O. Box 949<br>Murrieta, CA 92564-0949 |
| Mr. Tom Gieling<br>Jojoba Hills SKP Resort<br>45120 Highway 79 South<br>Lot 642<br>Aguanga, CA 92536 | Ms. Barbara Jaques<br>Jojoba Hills SKP Resort<br>45120 Highway 79 South<br>Lot 642<br>Aguanga, CA 92536 |
| Ms. Sharon Kirkconnell<br>Jojoba Hills SKP Resort<br>45120 Highway 79 South<br>Lot 642<br>Aguanga, CA 92536 | Francis N. and Jean Domenigoni<br>Family Trust, Domenigoni-Barton Properties<br>Domenigoni Brothers Ranch<br>33011 Holland Road<br>Winchester, CA 92596 |
| Fred Domenigoni<br>33011 Holland Road<br>Winchester, CA 92596 | Cindy and Andy Domenigoni<br>31851 Winchester Road<br>Winchester, CA 92596 |