Michael J. Machado
Pamela M. Machado
AKA; Pamela M. Bartholomew
Pro Se Litigants
P.O. Box 391607
Anza, CA  92539
951-763-5514 hm, 951-551-4875 cell
951-763-5588 fax

FILED
08 MAY 21 AM 11:47
CLERK U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. MACHADO,<br>PAMELA M. MACHADO,<br>AKA: PAMELA M. BARTHOLOMEW<br><br>Defendants | CIVIL CASE NO: 1247-SD-C /<br>51 CV 1247-GT-RBB<br><br>**DEFENDANTS MICHAEL MACHADO AND PAMELA MACHADO ANSWER TO COMPLAINT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD COMES NOW DEFENDANTS MICHAEL MACHADO AND PAMELA MACHADO AND FOR THEMSELVES ALONE (HEREIN DEFENDANTS) RESPOND TO THE COMPLAINT FILED BY PLAINTIFFS UNITED STATES, RAMONA BAND OF CAHUILLA AND CAHUILLA BAND OF INDIANS (HEREIN PLAINTIFFS AND PLAINTIFF-INTERVENERS RESPECTIVELY), IN THIS ACTION.

//

//

ANSWER TO COMPLAINT - 1

**GENERAL DENIAL**

1. Defendants deny generally and specifically each and every material allegation contained in the Complaint and all Causes of Action contained therein and deny that Plaintiffs or any person or entity related thereto has sustained any damages or injury as alleged to be alleged or at all by reason of any act, actions, or conduct of these Defendants.

2. Deny that by any reason these Defendants have caused any injury or harm to Plaintiffs and that Plaintiffs alleged injury is through there own conduct by their deliberate negligence and failure to operate in conduct sufficient to make a claim.

**FIRST AFFIRMATIVE DEFENSE**

(FAILURE TO STATE A CAUSE OF ACTION)

3. The Complaint fails to state facts sufficient to constitute a Cause of Action against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(WAIVER)

4. That Plaintiffs, by their own conduct have waived one or more of its claims alleged in the Complaint. That Plaintiffs have failed to determine a quantity of water proposed to meet the provisions established in Interrogatory 41 or as specified by Executive Order of the President of the United States, December 29, 1891.

**THIRD AFFIRMATIVE DEFENSE**

(ESTOPPELS)

5. The Plaintiffs are estoppled and barred from obtaining the relief requested.  Plaintiffs are barred from any action against these Defendants by

1  Interrogatory 41 as final judgment as to the issues raised in the Complaint.
2  Equally the United States cannot assert any proprietary or prescriptive water
3  rights beyond the legal findings asserted in Interrogatory 41 and cannot,
4  without a taking assert, any claim to private property and water rights
5  associated therewith in violation of the United States Constitution.

## FORTH AFFIRMATIVE DEFENSE

### (FRIVOLOUS BAD FAITH ACTION)

6.   Plaintiffs Ramona Band of Cahuilla and Cahuilla Band of Indians' actions and tactics with respect to the commencement, subsequent conduct, and motives of intervention of this litigation, are frivolous and fraudulent with respect to these answering Defendants, and entitle these Defendants the recovery of any reasonable expenses including attorneys fees, cost of litigation, and other costs related thereto.

## FIFTH AFFIRMATIVE DEFENSE

### (PRESCRIPTIVE RIGHTS)

7.   These answering Defendants are excused from any and all liability under the facts alleged in Plaintiffs' claims because at all times Defendants domestic wells have been open and notorious, known to the Plaintiffs in excess of twenty years.  Further, Plaintiffs have never used the water resources available to them, have never cultivated any water resources, built any dams, reservoirs, or any other structures or devises, have no dormant or prescriptive rights, and have by virtue of their conduct abandoned any rights they might otherwise have by law.  Further Plaintiffs have no right of intervention against these answering Defendants by virtue of the nature, depth, and configuration of these answering Defendants' wells pursuant to

1  Interrogatory 41.

2                       **SIXTH AFFIRMATIVE DEFENSE**

3                          (COMPLAINT IS DEFECTIVE)

4     8.   These answering Defendants are informed and believe and upon such

5  information and belief allege the Complaint to be defective and that each

6  Cause of Action asserted therein is barred in whole or in part by the failure

7  of Plaintiffs to assert a lawful Cause of Action.  Plaintiff-Interveners

8  allege interference and injury to water rights granted by Executive Order of

9  the President in 1891 and allege that said interference and injury is eminent

10 by the growth of the Anza Valley.  Equally, Plaintiffs allege interference

11 and injury to the Plaintiff-Interveners current and or future water needs,

12 including alleged needs not perfected by Executive Order or affirmed by

13 Interrogatory 41.  Plaintiff-Interveners are alleging interference and injury

14 to senior water rights, which do not exist.  This is so because Plaintiff-

15 Interveners water rights are limited by Executive Order and Interrogatory 41

16 to tribal needs alone, and limited to surface water and underlying waters

17 naturally flowing upon the respective reservations, for use by tribal members

18 living and cultivating crops upon said reservations.  Plaintiffs' claims

19 assert water rights far beyond the limitations and intent of the preceding

20 Executive Orders and the limits set forth in Interrogatory 41.  Therefore the

21 Complaint asserts a demand, which cannot be remedied by this Court and any

22 such relief sought would require congressional intervention.  A complaint

23 cannot sustain a claim beyond the Court's jurisdiction especially when the

24 law (in this case Executive Order) is in contrast to the Cause of Action.

25 Equally and moreover, Plaintiff-Intervenors have waited more than one

1  hundred years to assert a claim upon water resources of which they have never
2  attempted to develop.  Therefore it cannot be determined what quantities of
3  water existed at any point in time in contrast to what exists now to support
4  injury, leaving the Complaint without color to sustain a Cause of Action.

### SEVENTH AFFIRMATIVE DEFENSE

(DEFENDANTS ACTED IN GOOD FAITH)

9.  These answering Defendants are excused from any and all liability under the facts alleged by the Plaintiffs.  Defendants purchased parcels of land within the Anza Village area between the years 1981 through and including the year 2000.  Each parcel had upon it a domestic well for residential use. None of these wells are within the definition of the Santa Margarita Stream system.  Equally the rights to use said wells remains a part of the value of said parcels as authorized by law.

### EIGHT AFFIRMATIVE DEFENSE

(FRAUD AND DECEPTIVE PRACTICE)

10.  Plaintiff-Interveners are entitled to surface waters and underlying waters as perfected by Executive Order and Interrogatory 41 for the sole purpose and intent of insuring sufficient water resources to tribal members and their families, nothing more.  At all times and as specified in the 1993 water resources study, these Plaintiffs have and do have sufficient water resources for all purposes intended by Executive Order and have provided nothing contrary to support a Cause of Action.  Plaintiffs have never cultivated any lands or proposed any use of said lands nor determined any short fall of water resources nor evaluated any quantity of water resources that existed or that exists now.  Have never conducted any geological

evaluation, seismic evaluation, clay dike effects, natural rainfall effect, or studies what so ever, and have for more than 100 years, abandoned the water resources set aside on their behalf.  Therefore, Plaintiff-Interveners' motives in this action have nothing to do with insuring water resources, and instead is a plan to extort monies from these answering Defendants by claims rather than facts that they are entitled to compensation for the use of what they call their water.  Plaintiff-Interveners' actions are nothing more than a scam and attempt to hide behind the good intentions of the United States for the purpose of enrichment by fraudulent means.  Such conduct is fraud and tantamount to extortion and racketeering, and thus the Complaint lacks any good faith intention on the part of Plaintiff-Intervenors.

## NINTH AFFIRMATIVE DEFENSE

### (UNITED STATES RESPONSIBILITY)

11. These answering Defendants have equal rights to water resources as provided by private property rights, guarantees under the law.  It is not the responsibility of these Defendants nor a duty to surrender any rights to anyone without just and fair compensation freely and willingly given.  Indian reservations and provisions set aside on their behalf is the responsibility of the United States as a whole and not individual citizens who lack the resources and funding to insure compliance.  The United States as a whole, can by Executive Order or congressional intervention cause water resources to be set aside, build pipelines, reservoirs, and other devises as it sees fit for any use deemed appropriate in the interest of treaties or public safety.  These answering Defendants have no such obligation, capability or resources, and therefore cannot be held to answer for actions beyond their control, nor

for the actions of the United States as a whole, nor conditions, which warrant governmental intervention.

### TENTH AFFIRMATIVE DEFENSE

(EQUAL PROTECTION VIOLATION)

12. The Plaintiff-Interveners assert intervention as Plaintiffs with the United States to insure alleged water rights in this instant case. However said intervention is not motivated for like causes and operates in effect to deny equal protection guarantees under the Fourteenth Amendment. While the right to discriminate in land use is well settled it does not apply to natural resources. To do so would allow unfair advantage, unfair competition, rising to a denial of equal protection and would be discriminatory. While the United States should honor and protect its agreements, it should not and cannot enjoin Plaintiffs whose' motives are to interfere with the constitutional rights of its citizens. Plaintiff-Interveners' motives are to obtain on unfair advantage and hold for ransom these answering Defendants and to do so by false and misleading assertions, and by claims of water rights, which do not exist. This is so because Plaintiff-Interveners assert an unknown need for water resources to sustain economic independence and commercial uses. No such provision exists in the Executive Orders or Interrogatory 41 and thus the interests of the United States and the intent of Plaintiff-Interveners is not in harmony. The Plaintiff-Interveners are entitled to water resources as defined by Executive Order and Interrogatory 41 and are free to develop these water resources to any degree they feel appropriate upon the lands set aside by the United States for them. However, they have no rights to interfere by any means

what so ever with any water resources not captured and retained upon said lands, nor do they have any rights to an unfair advantage over anyone by means of a natural resource. The test of entitlement in this case goes to intent and not the assertions and rhetoric of the Plaintiff-Interveners.

WHEREFORE, these answering Defendants prey for judgment as follows:

1. That nothing be taken by the Complaint on file.
2. For costs of defense pursuant to statute.
3. That Plaintiffs and Plaintiff-Interveners be forever limited by Executive Order 1891 and Interrogatory 41.
4. For such other and further relief as the Court may deem just and proper.

Respectfully,

_____        5/20/08
Michael J. Machado, Pro Se Litigant        Date

_____        5-20-08
Pamela M. Machado; Pro Se Litigant        Date
AKA: Pamela M. Bartholomew

//
//

## CERTIFICATE OF SERVICE: (CivLR 5.2)

- Every pleading, brief, or memorandum filed must include a certificate of service stating that copies have been served on all parties or their attorneys.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

```
Alexander, Berkey, Williams & Weathers LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
```

Anza , CA this 21 day of May , 20 08

*Jane Bishop*

Service Agent  Jane Bishop
For: Michael & Pamela Machado