1   Michael L. Tidus, Bar No. 126425
    mtidus@jdtplaw.com
2   Michele A. Staples, Bar No. 144392
    mstaples@jdtplaw.com
3   Paige H. Gosney, Bar No. 252830
    pgosney@jdtplaw.com
4   JACKSON, DeMARCO, TIDUS & PECKENPAUGH
    2030 Main Street, Suite 1200
5   Irvine, California 92614
    Tel: (949) 752-8585
6   Fax: (949) 752-0597

7   Attorneys for Defendant
    Jojoba Hills, S.K.P. Resort, Inc.

8

9              UNITED STATES DISTRICT COURT

10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,              CASE NO. CIV. 51-1247-SD-GT

                    Plaintiff,              **NOTICE OF MOTION AND MOTION
13                                          TO DISMISS THE CAHUILLA BAND
                                            AND RAMONA BAND OF CAHUILLA
14   vs.                                    INDIANS' FIRST AMENDED
                                            COMPLAINTS IN INTERVENTION
15   FALLBROOK PUBLIC UTILITY               PURSUANT TO RULE 12(b)(6) OF THE
     DISTRICT, a public service corporation of   FEDERAL RULES OF CIVIL
16   the State of California, et al.         PROCEDURE BY DEFENDANT
                                            JOJOBA HILLS S.K.P. RESORT, INC.;
17                  Defendants.             MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT THEREOF**

18                                          [Request for Judicial Notice and [Proposed]
19                                          Order filed concurrently herewith]

20                                          Date:    June  30, 2008
                                            Time:    2:00 p.m.
21                                          Room:    8 – Third Floor
                                            Judge:   Hon. Gordon Thompson
22

23

24

25

26

27

28

                            -1-                    Civ. 51-1247-SD-GT
                    **DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2    PLEASE TAKE NOTICE THAT on June 30, 2008, at 2:00 p.m., in Courtroom 8 of the

3    above-entitled Court, located at 940 Front Street, San Diego, CA 92101-8900, or as soon

4    thereafter as the matter may be considered, Defendant JOJOBA HILLS S.K.P. RESORT, INC.

5    ("JOJOBA"), will and hereby does move the Court for an order dismissing these actions,

6    including the First Amended Complaints in Intervention ("Complaints") filed by the RAMONA

7    BAND OF CAHUILLA INDIANS and CAHUILLA BAND OF INDIANS (collectively,

8    "TRIBES"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  **GOOD CAUSE**

9    exists for this Court to afford Defendant the relief requested herein and dismiss these actions, as

10   the Tribes' Complaints fail to state a claim upon which relief can be granted against Jojoba.

11   The Tribes' actions against Jojoba are barred by the doctrines of res judicata and collateral

12   estoppel.  Prior judgments of this Court in this case establish that:  (1) Jojoba's land contains

13   valid overlying water rights; and (2) Jojoba's property is located in the Aguanga Basin,

14   downstream, downgradient, and on a different tributary of the Tribes' Reservations in the Anza

15   Basin.  It is therefore physically impossible for Jojoba's withdrawal of groundwater in Aguanga

16   to interfere with or irreparably harm the Tribes' exercise of their federal reserved rights in Anza,

17   as alleged in the Complaints.

18   Moreover, as stated in the Complaints, the Tribes concede that their water rights

19   entitlements under the Adjudication are limited to "the Anza Basin portion of the Santa Margarita

20   River System," and do not include areas downstream, such as the Aguanga Basin.  Because of the

21   Court's prior judgments and the Tribes' own Complaints, the Tribes cannot enjoin Jojoba's water

22   production.  The Tribes' Complaints, therefore, must be dismissed.  (Fed. R. Civ. P. 12(b)(6).)

23   This Motion will be based upon this Notice of Motion and Motion, the accompanying

24   Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and

25   / / /

26   / / /

27   / / /

28   / / /

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1   [Proposed] Order, any matter of which the Court may take judicial notice, the papers, records and

2   pleadings on file in this matter, any oral argument as may be requested by or presented to this

3   Court in connection with this Motion, if any, and any other matters properly before this Court.

4

5

6   DATED:  May 23, 2008                    Respectfully submitted,

7                                           JACKSON, DeMARCO, TIDUS & PECKENPAUGH
                                                MICHAEL L. TIDUS
8                                               MICHELE A. STAPLES
                                                PAIGE H. GOSNEY
9

10                                          By:    /s/  Paige H. Gosney
                                                Paige H. Gosney
11                                              Attorneys for Defendants
                                                Jojoba Hills S.K.P. Resort, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

1  **1.      INTRODUCTION.**

2          Defendant JOJOBA HILLS, S.K.P. RESORT, INC. ("JOJOBA"), respectfully requests

3  that the Court dismiss the First Amended Complaints in Intervention ("Complaints") filed,

4  respectively, by the RAMONA BAND OF CAHUILLA INDIANS and CAHUILLA BAND OF

5  INDIANS (collectively, "TRIBES"), under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6  **GOOD CAUSE** exists for this Court to afford Defendant the relief requested herein and dismiss

7  these actions, as the Tribes' Complaints fail to state a claim upon which relief can be granted

8  against Jojoba.

9          The Tribes' actions against Jojoba are barred by the doctrines of res judicata and collateral

10  estoppel.  Prior judgments of this Court in this case establish that:  (1) Jojoba's land contains

11  valid overlying water rights; and (2) Jojoba's property is located in the Aguanga Basin,

12  downstream, downgradient, and on a different tributary of the Tribes' Reservations in the Anza

13  Basin.  It is therefore physically impossible for Jojoba's withdrawal of groundwater in Aguanga

14  to interfere with or irreparably harm the Tribes' exercise of their federal reserved rights in Anza,

15  as alleged in the Complaints.

16          Moreover, as stated in the Complaints, the Tribes concede that their water rights

17  entitlements under the Adjudication are limited to "the Anza Basin portion of the Santa Margarita

18  River System," and do not include areas downstream, such as the Aguanga Basin.  Because of the

19  Court's prior judgments and the Tribes' own Complaints, the Tribes cannot enjoin Jojoba's water

20  production.  The Tribes' Complaints, therefore, must be dismissed.  (Fed. R. Civ. P. 12(b)(6).)

21  **2.      FACTUAL AND PROCEDURAL BACKGROUND.**

22          **A.      Origin and Outcome of the Adjudication.**

23          This action, *U.S.A. v. Fallbrook Public Utility District, et al.* (Case No. 51-1247-SD) (the

24  "Adjudication"), was originally filed by the United States in 1951 to quiet title to its rights to

25  waters of the Santa Margarita River Watershed for use at the Marine Corps base at Camp

26  Pendleton, and to enjoin the alleged unlawful interference with these rights.  Although initially

27  filed as a discrete quiet title action involving only the water rights to Camp Pendleton, the

28  Adjudication eventually grew to encompass rights associated with the entire Santa Margarita

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1    River Watershed, and was thereby transformed into "a plenary suit to settle the correlative right

2    of everyone interested in the waters." *California v. U.S.*, 235 F.2d 647, 664 (9th Cir. 1956).

3            In structuring and administering the Adjudication, this Court concluded that the water

4    rights of each of the parties to the Adjudication did not necessarily affect the rights of all of the

5    other parties within the entire Santa Margarita River System. *See* Request for Judicial Notice

6    ("RJN"); <u>Exh.</u> A (Final Judgment and Decree) at 1-2. As a result, this Court divided its fact-

7    finding and legal conclusions into a number of discrete Interlocutory Judgments addressing

8    specifically-defined geographic sub-areas. *Id.* Each Interlocutory Judgment made findings of

9    fact and conclusions of law about the water rights in these particular sub-areas and how the water

10   and the rights to the use of the water were connected to the rest of the Santa Margarita River

11   Watershed. *Id.*

12           On November 8, 1962, this Court entered Interlocutory Judgment No. 41 addressing the

13   federal reserved water rights appurtenant to the Tribes' Reservations in the Anza Basin. *See* RJN;

14   <u>Exh.</u> B (Interlocutory Judgment No. 41). Under Interlocutory Judgment No. 41, this Court

15   concluded that the United States, as trustee for the Tribes, had reserved an amount of surface and

16   groundwater in the Anza Basin sufficient to meet the present and future needs of the Tribes when

17   it established the Tribes' Reservations by Executive Order in 1891 (Ramona) and 1875, 1887, and

18   1891 (Cahuilla). *See* Interlocutory Judgment No. 41, Finding of Fact Nos. 12, 26. However, as

19   there was no immediate issue at that time requiring the Court to quantify the Tribes' water

20   entitlement, the Court reserved jurisdiction to quantify these rights when circumstances so

21   required in the future. *Id.* By their Complaints, the Tribes contend that the time for

22   quantification has arrived, and they seek to enjoin Jojoba's water production.

23       **B.    <u>The Tribes' Complaints In Intervention</u>**

24           On October 6, 2006, and October 19, 2006, the Cahuilla and Ramona bands of Cahuilla

25   Indians, respectively, filed motions to intervene in the Adjudication. These motions were granted

26   on January 22, 2007, and complaints in intervention were filed by the Tribes that same day.

27   Shortly thereafter, on July 2, 2007 (Ramona), and July 9, 2007 (Cahuilla), the Tribes filed First

28   Amended Complaints in Intervention (collectively referred to as the "Complaints") seeking to

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1  obtain a judicial decree quantifying their reserved water rights under the Adjudication, and enjoin

2  water production alleged to interfere with those rights.  *See* RJN; Exh. C (Ramona Band Of

3  Cahuilla Indians' First Amended Complaint in Intervention); Exh. D (Cahuilla Band of Indians'

4  First Amended Complaint in Intervention).

5          In support of their requests for relief, the Tribes alleged that, by virtue of the Executive

6  Orders establishing the Reservations, the Tribes are entitled to a reserved water right to the

7  surface and ground waters "underlying and adjacent to" their Reservations in Anza in amounts

8  sufficient to satisfy the Tribes' future needs.  *See* Exh. C, ¶¶ 9, 11; Exh. D, ¶¶ 32, 33.  The Tribes

9  further alleged that the withdrawal and use of groundwater by Jojoba (in addition to the other

10  thousands of named defendants) has caused, and is continuing to cause, irreparable injury to the

11  Tribes' ability to effectively exercise their federally reserved rights "within the Anza Basin

12  portion of the Santa Margarita River System."  *See* Exh. D, ¶¶ 5, 35, 37; *see also* Exh. C, ¶¶ 1,

13  9, 12.  As such, the Tribes contend that an injunction against Jojoba's withdrawal of groundwater

14  *in Aguanga* is necessary to ensure that the Tribes' water rights *in Anza* are not depleted.

15          **C.     Jojoba's Request for Voluntary Dismissal.**

16          On August 6, 2007, Jojoba prepared and sent to the Tribes' respective counsel a Request

17  for Voluntary Dismissal, intended to operate in a lieu of a motion to dismiss, together with a

18  summary of Jojoba's water rights as determined by the Adjudication.  The summary of Jojoba's

19  water rights provided to the Tribes included references to this Court's Interlocutory Judgments,

20  associated geologic and hydrologic exhibits, and the many reasons why pursuing the Tribes'

21  current action against Jojoba was both outside the scope of the Complaints and this Court's prior

22  rulings, and therefore unsupportable.  Despite Jojoba's diligent efforts, ***the Tribes declined*** to

23  voluntarily dismiss Jojoba from these proceedings.

24  / / /

25  / / /

26  / / /

27  / / /

28

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

3.   **ARGUMENT.**

A.   **This Action Should Be Dismissed Under Rule 12(b)(6) Of The Federal Rules Of Civil Procedure Due To The Tribes' Failure To State A Claim Upon Which Relief Can Be Granted Against Jojoba.**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* The issue is not whether a plaintiff is likely to succeed on the merits, but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

Although a reserved water right is considered superior to all subsequently acquired rights, and generally provides greater protection from groundwater pumping than do state law rights, the holder of a reserved right may not invoke federal law to protect its right through an injunction unless and until that right has been diminished by virtue of a junior appropriation. *Cappaert v. U.S.* 426 U.S. 128, 142-43 (1976); *In re the General Adjudication of All Rights to Use Water in the Gila River System and Source*, 195 Ariz. 411, 422 (1999), cert. denied, 530 U.S. 1250; *Arizona v. California* 439 U.S. 419 (1979). Under this Court's previous judgments, the Tribes' access to their decreed water rights in the Anza Basin would not be diminished or otherwise impaired by Jojoba's production of groundwater from wells located on Jojoba's property in the Aguanga Basin downstream. Thus, the Tribes are legally precluded from limiting or otherwise regulating Jojoba's lawful water use.

1.   **Res Judicata and Collateral Estoppel Are Properly Raised In This Rule 12(b)(6) Motion.**

Although "[o]rdinarily affirmative defenses may not be raised by motion to dismiss," res judicata and collateral estoppel may properly be raised in a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994); *Azadpour v. Sun Microsystems, Inc*., 2007 WL 988185 (N.D. Cal. 2007). A district court may take into account

DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

1   judicially noticeable materials such as publicly available records and transcripts from judicial

2   proceedings "in related or underlying cases which have a direct relation to the matters at issue,"

3   without converting a res judicata or collateral estoppel based motion to dismiss into a summary

4   judgment.  *In re American Continental/Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th

5   Cir. 1996) rev'd on other grounds sub nom; *Lexecon Inc. v. Milberg Weiss Bershad Hynes &*

6   *Lerach*, 523 U.S. 26 (1998).  The Court need not accept as true allegations in a pleading that

7   contradict facts which may be judicially noticed by the court, so long as the facts noticed are not

8   subject to reasonable dispute.  *Mullis v. United States Bank. Ct.* 828 F.2d 1385, 1388 (9th Cir.

9   1987); *see also Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (12(b)(6) motion to

10  dismiss for res judicata is proper when "the defense raises no disputed issues of fact").

11          A fundamental precept of common-law adjudication is that an issue once determined by a

12  competent court is conclusive; particularly with respect to water rights in the Western United

13  States.  *See Montana v. United States*, 440 U.S. 147, 153 (1979); *Federated Dept. Stores, Inc. v.*

14  *Moitie*, 452 U.S. 394, 398 (1981); *Arizona v. California*, 460 U.S. 605, 620 (1983).  "To preclude

15  parties from contesting matters that they have had a full and fair opportunity to litigate protects

16  their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial

17  resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent

18  decisions." (*Montana v. United States,* 440 U.S. at 153-154.  It was for precisely these reasons

19  that this Court utilized ***Interlocutory Judgments*** to determine all respective rights to the use of

20  waters of the Santa Margarita River Watershed.  *See Arizona v. California*, 460 U.S. at 619

21  (discussing necessity of finality in water rights decrees).

22          In ruling on the instant Motion, this Court can and should take judicial notice of its own

23  findings of fact, conclusions of law, and interlocutory judgments, including Interlocutory

24  Judgment Nos. 33, 40 (including Exhibit 277-B), and 41, as incorporated into the Final Judgment

25  and Decree entered in the Adjudication.  *See* Final Judgment and Decree, ¶ 1.  These documents

26  are the Court's "own records" (*Day,* 955 F.2d at 811), are not subject to reasonable dispute by the

27  Tribes, and clearly establish that Jojoba's water production does not and cannot impair the Tribes'

28  rights to groundwater "underlying and adjacent to" the Reservations in Anza, such that would

entitle the Tribes to *any injunctive relief* against Jojoba.

## 2.   The Tribes' Complaints Are Barred By Res Judicata and Collateral Estoppel.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. ... Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 n. 6 (1982).  In this case, both the Tribes and Jojoba are in privity with original parties to the Adjudication, [1] under which this Court fully, fairly, and necessarily litigated all of the following:  (1) Jojoba's rights to groundwater underlying its property in the Aguanga Basin; (2) the Tribes' reserved rights to Anza Basin groundwater; [2] (3) and the relationship, or lack thereof, between Jojoba's Aguanga Basin groundwater and that groundwater underlying the Tribes' Reservations in the Anza Basin.

As discussed below, the Interlocutory Judgments entered by this Court and incorporated into the ***Final Judgment and Decree***, as well as all associated geologic and hydrologic exhibits, confirm that Jojoba's property is located downstream and downgradient of the Anza Basin, and overlies groundwater that has no direct connection to the tributary or groundwater located in the Anza Basin to the northeast, where the Reservations lie.  Accordingly, res judicata and collateral estoppel dictate that the Tribes' Complaints fail to state a valid claim for relief enjoining Jojoba's groundwater production, and must be dismissed under Rule 12(b)(6).

### a.   *Valid Water Rights Are Appurtenant To Jojoba's Property In The Aguanga Basin.*

Jojoba's property lies north of Temecula Creek along Highway 79 in the Aguanga Basin. The groundwater rights appurtenant to Jojoba's property are described in Interlocutory Judgment

---

[1] The United States, as trustee for the Tribes, participated in the Adjudication on the Tribes' behalf and "had full authority to ... bind them in this litigation." *Arizona v. California*, 460 U.S. at 626-627.  The relationship of Jojoba's predecessors in interest to the Adjudication is discussed at p. 10, below, and in RJN Exhs. I, J, and K.
[2] Although this Court did not quantify the exact amount of the Tribes' federal reserved water rights under Interlocutory Judgment No. 41, it did establish and confirm the hydrologic scope of these rights.

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

No. 40.[3]  RJN; Exh. E (Interlocutory Judgment No. 40).  Interlocutory Judgment No. 40 attached and incorporated by reference several exhibits, including:  (1) U.S. Exhibit 277-B ("Exhibit 277-B") a map depicting the boundary of the Aguanga Basin and all of the land parcels overlying the Aguanga groundwater basin (RJN; Exh. F [U.S. Exhibit 277-B]); and (2) an index of the apparent owners of parcels of land located within the Aguanga Basin.  See RJN; Exh. G (Exhibit "B" to Interlocutory Judgment No. 40, Alphabetical Index of Apparent Owners Within AGWA).  The relationship of Jojoba's lands to Temecula Creek and the greater Aguanga Valley is also shown on the Temecula River Geologic Map, attached as Exhibit 210 ("Exhibit 210") to Interlocutory Judgment No. 34A.[4]  See RJN; Exh. H (Temecula River Above Vail Dam Ownership and Geology Map).

Jojoba's property consists of the following parcels referenced in Interlocutory Judgment 40 and shown on Exhibit 210 mapped as "older alluvium":

> APN 583-170-043 (19.27 acres) lies within the southwestern-most portion of parcel 81 on Exhibit 210;

> APN 583-160-001 (120 acres) comprises the remainder of parcel 81 on Exhibit 210;

> APN 583-160-026 (3.03 acres) lies within the southwestern-most portion of parcel 80 on Exhibit 210;

> APN 583-170-042 (0.49 acres) lies within the northern, middle portion of parcel 73 on Exhibit 210; and

> APN 583-170-041 (4.46 acres) lies within the northwestern-most portion of parcel 73 on Exhibit 210.

Jojoba is successor in interest to original parties to the Adjudication, Milford and Myrtle Anderson (RJN; Exh. I [Deed Chain of Title]), Ray Lester Bergman (RJN; Exh. J [Deed Chain of Title]), and members of the King family (RJN; Exh. K [Deed Chain of Title]), listed at pp. 1, 2,

---

[3] Interlocutory Judgment No. 40 specifically refers to the separate hydrologic subarea called the Aguanga Ground Water Area ("AGWA").  For purposes of this Motion to Dismiss and unless otherwise specified, all references to "Aguanga" or the "Aguanga Basin" shall also refer to the "Aguanga Ground Water Area."
[4] Interlocutory Judgment No. 34A describes water rights associated with the Temecula Creek Sub-Watershed above Vail Dam.

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

and 3, respectively, of the index of apparent owners of land within the Aguanga Basin contained in Exhibit B to Interlocutory Judgment No. 40. In Conclusion of Law No. 6 to Interlocutory Judgment No. 40, this Court found that all of the lands described in Exhibit C to Interlocutory Judgment No. 40, including Jojoba's predecessors' parcels listed in Exhibit B, have correlative overlying rights to the groundwater in the Aguanga Basin. Thus, this Court's own judgments establish and confirm that Jojoba's lands contain valid overlying water rights.

> **b.**  *Jojoba's Exercise Of Its Valid Water Rights Cannot Interfere With The Tribes' Water Rights Because Jojoba's Property Is Located Downstream And Downgradient Of The Tribes' Reservations In Anza.*

Exhibit 210 (RJN; <u>Exh.</u> H) and Exhibit 277-B (RJN; <u>Exh.</u> F) illustrate that the parcels comprising Jojoba's property in the Aguanga Basin are located ***downstream, downgradient, and on a different tributary*** of the Tribes' Reservations in the Anza Basin. It is therefore physically impossible for Jojoba's withdrawal of groundwater from its lands in the Aguanga Basin to interfere with or "irreparably injure" the Tribes' groundwater supplies upstream in the Anza Basin. ***The Tribes are therefore barred by both the laws of res judicata/collateral estoppel and the laws of physics from stating any claim for injunctive relief against Jojoba.*** The Complaints, therefore, must be dismissed as against Jojoba.

> **c.**  *Interlocutory Judgment No. 33 Confirms That The Anza Basin Is Hydrologically Self-Sustaining.*

In Interlocutory Judgment No. 33, this Court addressed water rights within the Anza Basin, where the Reservations are located. RJN; <u>Exh.</u> L [Interlocutory Judgment No. 33). In Interlocutory Judgment No. 33, Finding of Fact No. 6, this Court stated that the source of groundwater in the Anza Basin is runoff from precipitation from within the Anza Basin—the major portion of which arises from the Thomas Mountain area north of Anza Valley. ***Significantly, this Court found no contribution to groundwater flow in the Anza Basin from other areas within the Santa Margarita River Watershed, including the Aguanga Basin.*** *See* Interlocutory Judgment No. 33, Finding of Fact No. 6. This finding confirms that the origin of, and source of recharge for, Anza Basin groundwater (i.e. the groundwater underlying the Reservations and the subject of this proceeding), is limited to precipitation within the Anza Basin

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1  itself.  Groundwater within the Aguanga Basin downstream and south of Anza, from which

2  Jojoba exercises its water rights, is therefore not a source of recharge to the Anza Basin.

3  Accordingly, Jojoba's exercise of its adjudicated water rights in the Aguanga Basin cannot be

4  enjoined by the Tribes because it does not and cannot impair the Tribes' reserved water rights in

5  the Anza Basin.

6  **4.    CONCLUSION.**

7         This Court's prior Interlocutory Judgments, as well as the associated geologic and

8  hydrologic exhibits, establish and confirm that Jojoba's withdrawal of groundwater does not and

9  cannot, as a matter of law, interfere with the Tribes' ability to exercise their reserved water rights

10  in Anza.  Exhibit 277-B to Interlocutory Judgment No. 40 (RJN; Exh. F) and Exhibit 210 to

11  Interlocutory Judgment No. 34A (RJN; Exh. H), demonstrate that Jojoba's property is located

12  downstream, downgradient, and on a different tributary of the Tribes' reservations in the Anza

13  Basin.  Interlocutory Judgment No. 33 (RJN; Exh. L) confirms that groundwater underlying the

14  Anza Basin is hydrologically self-sustaining.  As a result, Jojoba's withdrawal of groundwater in

15  Aguanga cannot infringe upon, or interfere with, the Tribes' water entitlements in Anza, and the

16  Complaints fail to state claims against Jojoba for which this Court is authorized to grant relief.

17         Therefore, Jojoba respectfully requests that the Court grant this Motion and dismiss these

18  actions in their entirety as against Jojoba.

19

20  DATED:  May 23, 2008              Respectfully submitted,

21                                   JACKSON, DeMARCO, TIDUS & PECKENPAUGH

22                                        MICHAEL L. TIDUS
                                          MICHELE A. STAPLES
23                                        PAIGE H. GOSNEY

24                                   By:   /s/  Paige H. Gosney
25                                        Paige H. Gosney
                                          Attorneys for Defendant
26                                        Jojoba Hills S.K.P. Resort, Inc.

27
    788755.5
28

DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
    The undersigned hereby certifies that all counsel of record who are deemed to have

4
consented to electronic service are being served with a copy of this document via the Court's

5
CM/ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of record

6
will be served by facsimile transmission and/or first class mail on May 23, 2008.

7
                                          /s/ Paige H. Gosney                           

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION ................................................................................................4

2.    FACTUAL AND PROCEDURAL BACKGROUND ........................................4

    A.    Origin and Outcome of the Adjudication ................................................4

    B.    The Tribes' Complaints In Intervention .................................................5

    C.    Jojoba's Request for Voluntary Dismissal .............................................6

3.    ARGUMENT ........................................................................................................7

    A.    This Action Should Be Dismissed Under Rule 12(b)(6) Of The Federal Rules Of Civil Procedure Due To The Tribes' Failure To State A Claim Upon Which Relief Can Be Granted Against Jojoba ...............................7

        1.    Res Judicata and Collateral Estoppel Are Properly Raised In This Rule 12(b)(6) Motion ...........................................................7

        2.    The Tribes' Complaints Are Barred By Res Judicata and Collateral Estoppel ........................................................................9

            a.    Valid Water Rights Are Appurtenant To Jojoba's Property In The Aguanga Basin .............................................9

            b.    Jojoba's Exercise Of Its Valid Water Rights Cannot Interfere With The Tribes' Water Rights Because Jojoba's Property Is Located Downstream And Downgradient Of The Tribes' Reservations In Anza ..........................................11

            c.    Interlocutory Judgment No. 33 Confirms That The Anza Basin Is Hydrologically Self-Sustaining .......................11

4.    CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arizona v. California*
439 U.S. 419 (1979) ...........................................................................................................7, 8

*Azadpour v. Sun Microsystems, Inc .*
2007 WL 988185 (N.D. Cal. 2007) ........................................................................................7

*California v. U.S.*
235 F.2d 647, 664 (9th Cir. 1956) ..........................................................................................5

*Cappaert v. U.S.*
426 U.S. 128, 142-43 (1976) ..................................................................................................7

*Day v. Moscow*
955 F.2d 807, 811 (2d Cir. 1992)............................................................................................7

*De La Cruz v. Tormey*
582 F.2d 45, 48 (9th Cir. 1978) ..............................................................................................7

*Federated Dept. Stores, Inc. v. Moitie*
452 U.S. 394, 398 (1981) ........................................................................................................8

*In re American Continental/Lincoln Sav. & Loan Sec. Litig.*
102 F.3d 1524, 1537 (9th Cir. 1996) ......................................................................................8

*In re the General Adjudication of All Rights to Use Water in the Gila River System and Source*
195 Ariz. 411, 422 (1999), cert. denied, 530 U.S. 1250 ........................................................7

*Kremer v. Chemical Constr. Corp.*
456 U.S. 461, 466 n. 6 (1982)................................................................................................9

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*
523 U.S. 26 (1998)..................................................................................................................8

*Montana v. United States*
440 U.S. 147, 153 (1979)........................................................................................................8

*Mullis v. United States Bank. Ct.*
828 F.2d 1385, 1388 (9th Cir. 1987) ......................................................................................8

*Navarro v. Block*
250 F.3d 729, 732 (9th Cir. 2001) ..........................................................................................7

*Scott v. Kuhlmann*
746 F.2d 1377, 1378 (9th Cir. 1984) ......................................................................................8

*Thompson v. County of Franklin*
15 F.3d 245, 253 (2d Cir. 1994 ..............................................................................................7

# TABLE OF AUTHORITIES

**Page**

**STATUTES**

Fed. R. Civ. P. 12(b)(6)............................................................................................................2, 4