Michael L. Tidus, Bar No. 126425
mtidus@jdtplaw.com
Michele A. Staples, Bar No. 144392
mstaples@jdtplaw.com
Paige H. Gosney, Bar No. 252830
pgosney@jdtplaw.com
JACKSON, DeMARCO, TIDUS & PECKENPAUGH
2030 Main Street, Suite 1200
Irvine, California 92614
Tel: (949) 752-8585
Fax: (949) 752-0597

Attorneys for Defendant
Jojoba Hills, S.K.P. Resort, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.<br><br>           Defendants. | CASE NO. CIV. 51-1247-SD-GT<br><br>**TABLE OF CONTENTS OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CAHUILLA BAND AND RAMONA BAND OF CAHUILLA INDIANS' FIRST AMENDED COMPLAINTS IN INTERVENTION PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE BY DEFENDANT JOJOBA HILLS S.K.P. RESORT, INC.**<br><br>Date:    June 30, 2008<br>Time:   2:00 p.m.<br>Room:  8 – Third Floor<br>Judge:  Hon. Gordon Thompson |

| Exhibit | Description | Page Nos. |
|---|---|---|
| A. | Final Judgment and Decree entered by this Court in the Adjudication on May 8, 1963. | 004-0019 |
| B. | Interlocutory Judgment No. 41, entered by this Court in the Adjudication on November 8, 1962. | 0020-0047 |
| C. | First Amended Complaint in Intervention filed with this Court by the Ramona Band of Cahuilla Indians on July 9, 2007. | 0048-0054 |

**TABLE OF CONTENTS OF REQUEST FOR JUDICIAL NOTICE**

D.      First Amended Complaint in Intervention filed with this Court by          0055-0064
        the Cahuilla Band of Indians on July 2, 2007.

E.      Interlocutory Judgment No. 40, entered by this Court in the               0065-0144
        Adjudication on December 18, 1962.

F.      U.S. Exhibit 277-B; Map of Murrieta and Aguanga Ground Water             0145-0146
        Areas; incorporated by reference into Interlocutory Judgment No.
        40.

G.      Exhibit "B" to Interlocutory Judgment No. 40; Alphabetical Index         0147-0153
        of Apparent Owners Within Aguanga Ground Water Area.

H.      Exhibit 210; Temecula River Above Vail Dam Ownership and                 0154-0156
        Geology Map; attached as Exhibit "A" to Interlocutory Judgment
        No. 34A.

I.      Deed Chain of Title for Jojoba Assessor Parcel Nos. 583-160-001,         0157-0162
        and 583-170-043 (Milford and Myrtle Anderson).

J.      Deed Chain of Title for Jojoba Assessor Parcel No. 583-160-026           0163-0184
        (Ray Lester Bergman).

K.      Deed Chain of Title for Jojoba Assessor Parcel No. 583-170-041,          0185-0207
        and 583-170-042 (King family).

L.      Interlocutory Judgment No. 33, entered by this Court in the              0208-0234
        Adjudication on December 11, 1962.

**TABLE OF CONTENTS OF REQUEST FOR JUDICIAL NOTICE**

**Exhibit A**

M'FLMD

**ENTERED**

MAY 8 - 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
by _____ Deputy Clerk

# FILED

MAY 8 - 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1247-SD-C |
| Plaintiff, | |
| vs. | FINAL JUDGMENT AND DECREE |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | |
| Defendants. | |

The above-entitle cause came on regularly for trial
before the Honorable James M. Carter, United States District
Judge, following remand from the United States Circuit Court
of Appeals for the Ninth Circuit, which directed that this
Court ". . . enter no judgment until the entire suit can be
disposed of at the same date."

Because of the complexities of this litigation and
the fact that the physical water resources were located
throughout the watershed, this Court determined that the said
mandate could best be complied with by adjudicating the
rights of the parties to the cause in segments of the water-
shed involving limited areas and numbers of defendants and

- 1 -

7030

by entering Interlocutory Judgments as the trial concerning each such segment was concluded. Proceeding in this manner, this Court has entered interlocutory judgments as the trial progressed, each of which concerns a specified area within the Santa Margarita River watershed, or a limited legal issue presented by the parties. These interlocutory judgments expressly provided that they were not final and not operative until made a part of the final judgment. This Court having now entered orders or interlocutory judgments on all areas within the watershed and all issues presented for decision, and the rights to the use of the waters of the Santa Margarita River stream system having been adjudicated in those interlocutory judgments, this Court therefore will enter its final judgment and decree.

Evidence both oral and documentary having been introduced, and the Court having heard arguments of counsel on the issues presented, and having considered the matter,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.

IT IS ORDERED, ADJUDGED AND DECREED that each of the following Interlocutory Judgments or Orders and the Findings of Fact and Conclusions of Law attached thereto, including amendments, if any, are adopted by reference as the final Findings of Fact, Conclusions of Law, and Judgment and Decree of this Court:

- 2 -

7031

| Number | Date Interlocutory Judgment or Order Entered | Brief Description of Subject Matter |
|---|---|---|
| 1 | April 7, 1961 | Jack & Cosette Garner (Wilson Creek Area) - now merged into 33A |
| 2 thru 21 | April 7, 1961 | Fallbrook & Area South (non-riparian) - now included in Amended 39A |
| | November 21, 1962 | Amendment to 2 (Parcels to be included in 42 - Rainbow) |
| 22 | April 7, 1961 | Regarding Water Rights on Lands Originally Conveyed by Mexican Grants |
| 23 | April 7, 1961 April 4, 1962 | Appropriative Rights - FPUD Amendment to 23 |
| 24 | April 13, 1961 | Non-Statutory Appropriative Rights of USA in SMR for Lake O'Neill |
| 24A | May 7, 1963 | Stipulation Respecting Appropriative Rights to Use of Waters of SMR for Lake O'Neill - USA & FPUD |
| 25 | April 17, 1961 | Pertaining to 1930 and 1940 California State Court Judgments |
| 26 | April 25, 1961 | Oviatt (Parcels in 33 and 34A) |
| 27 | April 25, 1961 | Knox (All parcels included in 40) |
| 28 | May 24, 1961 | Miscellaneous Surface Impoundments |
| | December 8, 1961 | Amendments to 29A, 31A, 32A, 33A & 34A (Explanation of parcel numbers) |
| | February 8, 1962 | Amendments to 29A, 31A, 32A, 33A, 34A & 38A (Jurisdiction of surface waters) |
| 29A | August 1, 1961 | Sandia Creek sub-watershed (All Parcels now included in 39A) |
| 30 | March 8, 1962 | Murrieta-Temecula Ground Water Area (Riverside County subdivisions) |
| | July 3, 1962 | Amendment to 30 (Storage Units 1, 2 3, 4 - approximately 418,000 ac.ft.) |
| | March 6, 1963 | Amendment to 30 - Respecting Stipulation--Settling Rights |

- 3 -

7032

7

| Number | Date Interlocutory Judgment or Order Entered | Brief Description of Subject Matter |
|---|---|---|
| 30A | March 13, 1963 | Murrieta-Temecula - Outside Ground Water Area |
| 31 | January 25, 1963 | Santa Gertrudis (Lower Murrieta) |
| 31A | July 27, 1961 | Tucalota Creek Sub-watershed Amended (Lower Murrieta) |
|  | March 6, 1963 | Amendment to 31A - Respecting Stipulation - Settling Rights |
| 32 | December 11, 1962 | DeLuz Creek Sub-watershed |
|  | March 6, 1963 | Amendment to 32 - Respecting Stipulation - Settling Rights |
| 32A | August 4, 1961 | DeLuz Creek Sub-watershed |
| 33 | December 11, 1962 | Anza Valley, Wilson Creek & Coahuilla - Down to ground water area |
| 33a | August 4, 1961 | Wilson & Coahuilla Creeks Sub-watershed |
|  | March 6, 1963 | Amendment to 33A - Respecting Stipulation - Settling Rights |
|  | April 9, 1963 | Amendment to 33A - Interlocutory Judgment 1 merged into 33A |
| 34 | February 20, 1963 | Temecula Creek above Aguanga Ground Water Area |
|  | March 6, 1963 | Amendment to 34 - Respecting Stipulation - Settling Rights |
| 34A | December 7, 1961 | Temecula Creek Sub-watershed Above Vail Dam |
|  | March 6, 1963 | Amendment to 34A - Respecting Stipulation - Settling Rights |
| 35 | June 4, 1962 | Vail Company (Temecula Creek Below Vail Dam and to the Gorge) |
| 35A | December 11, 1962 | Vail Company |
| 36 | July 3, 1962 | Warm Springs & Diamond-Domenigoni (Upper Murrieta) |

- 4 -

7033

| Number | Date Interlocutory Judgment or Order Entered | Brief Description of Subject Matter |
|---|---|---|
| 36A | February 20, 1963 | Warm Springs (Upper Murrieta) |
| | March 6, 1963 | Amendment to 36A - Respecting Stipulation - Settling Rights |
| 37 | April 6, 1962 | Military Enclave |
| | November 8, 1962 | Amendment to 37 (Sewage effluent discharges & Water conservation practices) |
| | February 20, 1963 | Amendment to 37 (Exclusive jurisdiction) |
| 38 | | (No Judgment #38) |
| 38A | January 3, 1962 | Temecula Creek Sub-watershed - Below Vail Dam and above Gorge |
| | March 6, 1963 | Amendment to 38A - Respecting Stipulation - Settling Rights (1/30/62 Order setting aside 38A 2/1/62 Order vacated) |
| 39 | December 11, 1962 | SMR - Below Gorge and above Enclave (Includes Sandia) |
| | April 9, 1963 | Amendment to 39 - (Includes Fallbrook and Area South) |
| 39A | November 8, 1962 | SMR - Below Gorge and above Enclave (Includes 29A) |
| | March 13, 1963 | Amendment to 39A (Includes Fallbrook and Area South)  (Also 2 thru 21) |
| 40 | December 12, 1962 | Aguanga Ground Water Area (Temecula & Wilson) |
| 41 | November 8, 1962 | Indian Reservations |
| 42 | October 10, 1962 | Rainbow Creek |
| 42A | February 25, 1963 | Rainbow Creek |
| 43 | February 6, 1963 | Cottle & Gibbon |
| 44 | May 8, 1963 | National Forest Lands |
| 45 | December 12, 1962 | Order Regarding Water Extractions |

- 5 -

7034

2.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment provisions as set forth in these interlocutory judgments and orders are effective as of the date of entry of this final judgment and decree.

3.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court retains continuing jurisdiction of this cause as to the use of all surface waters within the watershed of the Santa Margarita River and all underground or sub-surface waters within the watershed of the Santa Margarita River, which have been determined in the above-referred to interlocutory judgments or orders to be a part of the sub-surface flow of any specific river or creek, or which have been determined in said interlocutory judgments or orders to add to, contribute to, or support the Santa Margarita River stream system.  The continuing jurisdiction of this Court reserved in this judgment, shall only be exercised during the pendency of an appeal, upon an application to the Court of Appeals for the Ninth Circuit for leave to so proceed, and upon the granting of such application by the Court of Appeals and the restoration of jurisdiction to the Court for such limited purpose.

4.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the STATE OF CALIFORNIA STATE WATER RIGHTS BOARD, or its successor agencies as may be provided by the laws of the State of California, shall continue to exercise its statutory

- 6 -

7035

6

jurisdiction over all present or future appropriative rights
to the use of waters of the Santa Margarita River and its
tributaries.

5.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
this Court shall also continue to exercise jurisdiction
concerning all present or future appropriative rights insofar
as such uses may be adverse to the exercise of any prior
vested water right within the Santa Margarita River watershed,
as adjudicated by the provisions of the Interlocutory
Judgments or orders above set forth.

6.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
this Court reserves the right to amend, nunc pro tunc, upon
its own motion either with or without notice, any inter-
locutory judgment or order or exhibit attached thereto, for
the purpose of correcting errors or inaccuracies in names,
legal descriptions or other similar factual data contained in
said interlocutory judgments or orders or exhibits, as
provided in Rule 60A of the Federal Rules of Civil Procedure.

7.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
the continuing jurisdiction reserved by this Court will be
exercised on the Court's own Motion, or upon the motion of
any party to this cause, his heirs, successors, or assigns,
made upon notice and in accordance with the Rules of this
Court.

- - - -

- 7 -

7036    7

8.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither this Final Judgment and Decree or any Interlocutory Judgment or order incorporated herein shall in any manner affect the right of the United States of America to acquire by the exercise of the power of eminent domain property including water rights of any nature as is or may be authorized by the laws of the United States of America; nor shall this Final Judgment and Decree or any Interlocutory Judgment or order incorporated herein prevent any defendant from acquiring property including water rights of any nature by the exercise of the power of eminent domain as is or may be authorized by the laws of the State of California.

DATED: _5/8/_____, 1963.


JAMES M. CARTER, Judge
United States District Court

- 8 -

7037

Case 3:51-cv-01247-GT-RBB     Document 4489     Filed 05/08/1963   Page 9 of 15

#7247-SD

5/13/63

Returned Notices sent out February, 1963,
and may be eliminated from list for Notices
on Final Judgment and Decree

**FILED**

MAY 23 1963

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

Adams, Harold L. & Vera L.
Aitken, Jack S.
Anderson, Ruth
Anderson, Edward
Anderson, Henry Albert
Anderson, Jack E.
Anderson, Myrtle A.
Angeloty, Achilles
Appleford, Basil Brundsden
Appleford, Ernest James William
Appleford, John Henry
Appleford, Peter Hugh
Argetsinger, Freeman H. & Nell E.
Armstrong, Glenn F. & Dorothy M.
Arthur, Herbert C. & Margaret L.
Ayres, Joseph A. & Ruth F.

Bacher, Frederick A. & Virginia Rogers
Bacon, Bertrand A. & Bethel S.
Bacon, Fulton S.
Baetz, Edward J.
Bailey, Chalma L.
Baker, Chalace U. & Francis O.
Ballard, Robert H. & Mary Elizabeth
Ballinger, Bert
Bandel, Henry
Barell, Minnie
Barnes, Garland F.
Barnes, Kate
Barnett, Francis L.
Barrett, Delbert E.
Barrett, Walter F.
Bartlet, Henry James & Isabella Margaret
Bastian, Glenn
Batson, Nathanial P.
Bawden, Marietta Eleanor
Beason, Karl T. & Dorothy J.
Beattie, Vernon L. & Ruth D.
Beausoleil, George & Nina
Beck, Justine R.
Beck, Nellie P.
Becker, Edgar L. & Gloria E.
Begion, Raymond F. & Dorotha
Belbo, Ingvar & Magda
Bella, Nicholas G. & Mayo G.
Benson, Cloon E. Jr. & Mildred T.
Bergman, Nathan & Ann
Bergman, Walter A.
Berridge, Wallace Weaver (W. W. )
Berthold, George H.
Bettendorf, Nick & Katherine
Biggs, Chauncey P. & Susan C.
Blitch, William J.
Block, Clifford W.
Bloodsworth, Leonard F. & Naomi L.
Blount, Ruth E. & Estes
Boen, Lora Mae
Bogart, Guy
Boosing, Albert D. & Petrona Delgado
Booth, Alberta Evanell
Boro, Eugene V. & Helen O.

Boswell, Roy V.
Bradford, Iona
Bradley, Hazel Laura
Branch, Leona
Brandenburg, Arthur & Peggy
Bream, Charles A.
Bray, Richard & Cora E.
Bredehoft, Kathryn M.
Brings, Donald A. & Beryl F.
Brinkerhoff, Blanda C.
Briscoe, Audrey K.
Brittinghem, Leroy & Dora Belle
Britton, William J. Jr. &
     Christina M.
Brockman, Harold L. & Edith V.
Brockman, Edward W. & Bessie C.
Brome, Dorothy Mae
Brown, I. J.
Brown, Marcus Holt & Caterina F.
Bruns, Arthur & Georgia
Brunson, Chester A. & Dorothy J.
Brunson, Robert E.
Bruewin, Mary H.
Bryant, Newton T. & Willie Mae
Buchanan, Cora Ann
Buckmann, Beryl
Buckner, Wilbur G. & Beulah B.
Buford, Arlo
Buono, Victor Francis
Burch, Frank J.
Burnell, Joseph (Joel) & Louise E.
Burnett, W. C.
Burns, William H. & Ines F.
Burr, Winston T. & Dorothy
Burt, Jerry F. & Catherine T.
Burton, Henry Charles &
     Winifred Edith
Busby, James C. Sr. & Louise C.
Buttress, Hilda R.

California Pacific Title
     Insurance Company
Cameron, Ferol Rowland
Campbell, Russco D. & Dorothy M.
Campbell, Thomas & Francis
Cannon, Theresa M.
Cantrell, Edith M.
Cargile, Dellamore D. &
     Marguerite C.
Carmichael, C. S. & Clara A.
Carillo, Refugia
Carter, Charles C. & Ada B.
Casas, Joseph
Cheney, Bryant E. & Avis E.
Cianfrini, John & Carol Joan
Cipperman, Rudolph & Estella
Clark, Allen B. & Virginia
Clark, Jean H. & Mildred C.
Clarke, Willard F. & Marguerite A.
Claypool, Ray L. & Dora

-1-

7038

Clyde, West S. & Thelma B.
Coast Escrow Co.
Coast Surety Corporation
Cochran, William M. & Beverly
Coleman, William E. & Bonnie Fay
Colvin, William Herbert & Addie C.
Combs, Jack Le Roy
Compton, Frederick N. & Madaline
Compton, Jack K. & Ruth
Conkle, Phillip M. & Hilda N.
Connely, Theodore
Covell, Robert L.
Cox, Edna Mynal
Cox, Flora
Coy, Alfred H. & Anna
Crites, Mildred
Crow, Reuben E. & Lydia M.
Crum, Robert E.
Culling, Louis Turley
Curtis, Clyde C. & Alice K.

Dameri, James L.
Dameri, Robert L.
Daniels, Arthur M.
Davis, David A.
Davis, Estella
Davis, Le Compte & Edythe G.
Davis, Richard W.
Deal, O. T.
Deal, William C. & Anna C.
Dean, Clare P. & Pearl
Deering, Mary
DeLeon, R. & Lucy Chaves
Denton, Gerald R. & Fredonia F.
DePauley, Leopoldine
DeVana, Lula
Dew, Isabella
Dickson, Barry Richard
Dickson, David M.
Dickson, Joseph H. & Pauline
Dietz, Henry Edward
Dinitri, Anna R.
Dindinger, K. R.
Dinnel, Robert A. & Jeanne M.
Dinsmore, James A.
Dodge, Mildred L.
Doerrer, Anna
Dover, Ernest & Xenia M.
Drake, A. T. & Bert
Drake, Aldan T.
Drake, Murl W. & Evelyn D.
Dulaney, Ellen M.
Duncan, Tom W. & Frances W.
Dunham, Sarah A.
Dunker, Minnie
Dunlap, Andy E.
Dunlap, Frank & Ruth
Dunn, Barbara

Eason, Robert R. & Florence M.
Eberhardt, Neoma
Eberle, Anton & Betty
Eden, Joseph E. & Josephine E.
Ehlers, Fred
Ehmcke, Casper
Eilert, Alvina L.
Ellason, Hjalmar H.
Engleman, Robert L. & Helen M.
Eppert, John W. & Violet A.
Escrow & Loan Service Co., Inc.
Eubanks, Hale B. & Marjorie H.
Evans, Claude C. & Freda A.
Everett, Rose Amalia

Faeth, John & Edna G.
Fargaie, Oscar & Kawaleleilani J.
Farmer, Gordon C. & Murriel
Figstad, Sam
Fisher, Jack N. & Frances
Flagg, Georgia E.
Fleetwood, Donald F. & Margaret
Fleetwood, Donald W.
Fleetwood, Robert C.
Fleshman, Martha
Fortin, C. E.
Foster, George N.
Fowler, Frank W. & Ellen T.
Fox, Harriette H.
Franzini, Enno D. & Mellisande
Freeman, Estefana
Frohlich, Albert S. & Josie V.
Frost, Byron O.
Funk, Jerry H. & Beatrice

Gaea, Theodore I.
Galloway, Joseph P. & Ruth E.
Gant, C. H. & Ruth
Garbier, Dennis D. & Marion E.
Gardner, D. J.
Gardner, J. C.
Garrone, Louis
Garroway, L. Reba
Gartler, Stanley
Gassaway, Leo E. & Gladys L.
Gaulding, Karl J. Jr.
Gavin, Frank
Gerena, Frank T. & Lydia M.
Gerstenberger, Earl H. & Maybelle M.
Gilbert, F. C. & Maude C.
Giles, Lawrence
Gleason, Charles A. & Lena L.
Gledhill, H. J. & Coral G.

7039

Godfrey, William H. & Vera M.
Gold, Hyman
Goldenboe, George W. & Lela F.
Goodair, Enoch
Gordon, Edsil J.
Goss, Richard B. & Sarah H.
Gottfried, Abraham
Grabor, Sidney
Gracey, Betty K.
Gracey, Clara Ellis
Grah, Harry M. & Lucienne
Graham, George H. & Sarah Jane
Graham, W. A. & Anna H.
Gramser, Joseph F. & Gertrude M.
Graver, Homer L. & Rose A.
Green, Prudence V.
Green, Seth W. & Alice M.
Gregg, Donald T. & Jane
Griffith, Walton J. & Dora A.
Groleau, Lawrence & Gladys L.
Gsegal, William R.
Guthrie, Suzanne
Gwyther, Helen M.


Haas, L. C. & Sylvia E.
Hagan, Park K. & Rosalie G.
Hale, Linnea, Deceased
    c/o Robert E. Hale
Hale, Walter B. & Myrtle
Haller, Raymond J.
Hamberger, Arnold C. & Frances E.
Hamilton, Viola V.
Hanson, Thor
Harmon, Rosa
Harris, Dan J. & Virgia M.
Harrison, Howard V.
Harvey, Leonard H.
Haskell, Agnes R.
Hasselquist, Gustav H. & Jeanne B.
Hayes, Edward C. & Marguerite
Hecker, William F. & Myrtle M.
Hedler, William M. & Frances M.
Hekman, George
Helvey, K. F.
Hemat Investment Co.
Henry, Nora
Hibbard, Royal & Judy
Hicks, Harry D.
Higlee, William J. & Merlyn S.
Hill, Edward M.
Hill, William H. & Mary H.
Hinkley, George E. & Emma M.
Hoge, Erma E.
Holcomb, Cathryn L.
Holley, Jess L. & Maud
Hollowell, D. L. & Eva
Holmes, Elsie M.
Holmes, Serverin I. & Lea
Hope, Eddy Augustine
Hoppes, Earl J. & Juanita L.
Hotrich, Lawrence & Jean

Howell, Ida E.
Huber, Albert J. & Eunice M.
Hunt, Inez M.
Hunter, Victoria
Huscher, Carroll D. & Gladys T.


Ingram, Harriet M.
Irving, Charles H.
Isrig, Clayton S. & Grace F.


Jackson, J. P. & June
James, William & Della
Jeffries, George T. & Eleanor G.
Jenewein, Francis A. & Virginia Mae
Jensen, William F. & Edna
Jerome, Betty C.
Jesson, Jessie L. L.
Jewish Agriculture Society Inc.
Johannsen, Louis J. & Gwendolyn H.
Johnson, G. Carl
Johnson, Clarence E.
Johnson, Harold E. & Doris W.
Johnson, Henrietta Bay
Johnson, Lawrence B.
Johnson, Mabel L.
Johnson, Rudolph
Johnson, Violet C.
Johnstone, Helga E.
Jones, Alex H. & Marilyn H.
Jones, Carl & Mary Elizabeth
Jones, Norma Mae
Jones, Oliver L. & Winifred E.
Jorgenson, Bernice H.
Jorgenson, Merle E. & Patricia
Juarez, Carmen


Kalinczok, Michael & Lynda M.
Katz, Louis & Esther
Katz, Mary
Keole, Eldon R. & Geraldine
Kempf, Joe & Elizabeth
Kennedy, Margaret H.
Kennedy, Royce W. & Mary H.
Kenworthy, Lionel C. & Faith W.
Kernick, Frank
Kilmer, Philip C. & Venetta J.
Kimball, Carolyn
King, Charles & Mae E.
King, Marjorie Holt
Kinr, Rolle Mari & Minnie E.
Kinsall, Harry & Della A.
Kinsman, Tyke G.
Klein, Elroy C.

-3-

7040

Knutson, Odin C. & Martha R.
Koch, Paul & E. Jean
Kovar, Paul J.
Krafft, Charles L. & Lennora
Kries, Laura Bella
Kriegel, Thomas A. & Edna C.
Kurnik, Frank
Kuykendall, Harold B. & Ardys M.

La Flasch, Richard & Lillian
La Mesa Ranch Co.
Land Escrow & Safe Deposit Co.
Landgren, John A.
Landi, John H. & Betty
Lanning, Clarence Roy & Leona L.
La Pointe, Albert C. & Gislaine
Lareva, John C. & Phyllis A.
Lawson, Mable
Lawton, Perns R. & Martha
Laybourn, George R.
Layer, Helen Elizabeth
Leiendecker, Ella M.
Leslie, Charles E. & Faye R.
Leuschner, Charles C.
Lewandowski, John & Helen A.
Lewis, Glenda A.
Lhamon, William H. & Gwen H.
Liger, John M. & Beverly
Lillie, Tim
Lincoln, Laura Jean
Lindell, Orville A. & Charlotte L.
Lipp, Fred L. & Martha M.
Lobb, Thomas, Jr., & Janet
Logan, F. M. T.
Lohman, Edgar S. & Myrtle D.
Loit, Woodrow W. & Jessie
Long, C. R.
Loveberg, A. Godfrey Jr.
Lucier, Ella J.
Lund, Per Z.
Lundgren, Grace
Lunog, John & Fern
Lutze, Alfred E. & Sadie C.
Lux, Charles A. & Edna T.

McCalmant, R. M.
McCarroll, Frances
MacClellan, Gertrude
McCraken, F. V., Executor

McCurnin, Jack & Marcia
McDaniel, Cyrus J.
McDonald, William J. & Ethel
McDonnell, Ruja A.
McGill, W. A. & Allaire F.
McKethan, Geddie M., Jr.
McNichols, John

MacDonald, Allen W. C. & Elizabeth
MacDonald, Leonard
MacPherson, Janet W.
Maeres, Harry
Magee, Roy W. & Mary T.
Madigan, Robert H. & Barbara Jean
Mahler, William C. & Katherine
Markoeff, John
Markoeff, Markros & Victoria
Maines, Charles Lorenzo
Makelland, Hank
Malone, Irma
Malzacher, Richard
Markley, Robert Earl
Marks, Paul R. & Ada D.
Marshall, Drain M.
Marshall, George & Iona
Martin, C. T.
Martin, Gene A. & Joline A.
Martin, Kirk & Lynn
Martin, Lynn
Martin, William Seeds
Marty, Paige
Mason, John William
Mayer, W. L.
Mazacro, Filumena
Meinke, Theodore & Florence
Meter, Ada F.
Melone, Earl T. & Marion B.
Melton, Mary M.
Meredith, Glenn T. & Dena J.
Merrick, Hyrah
Metcalf, Marion & Lola
Meyer, David & Amelia
Miller, Benjamin F. & Hazel
Miller, Florence M.
Miller, Lula I.
Mills, John A. & Ellen A.
Minor, Laura M.
Mitchard, Herbert & Bessie
Mitchell, Eve U.
Mitchell, Sumner T. & Flinor
Moffitt, Sharon
Moore, J. L. & Ila L.
Morales, Santo & Helena
Morgan, James C. & Mildred A.
Morris, Thomas E. & Sarah E.

-4-

7041

Mosley, Wilburn & Dorothy P.
Mossholder, J. L. & Rose
Mount Helix Associates
Murray, Lenora Henry
Myers, Harry A.
Myers, Harry & Pearl Jewell
Myers, W. D.

Nahru, Ray & Sue Mae
Nay, Edwin F. & Barbara J.
Neilson, Lucy B.
Nelson, Everett B.
Nelson, Frederick & Miriam
Nettels, Edward & Shirley Ann
Nichols, Ralph F.
Nieder, Peter J.
Nielson, Jack W. & May F.
Nixon, Hugh & Bernice

O'Connor, Rosaline G.
O'Laughlin, Joseph F. & Janet A.
Older, Kenneth J.
Oldham, William G. & Henrietta B. E.
Olivera, Joseph L. & Josie H.
O'Rourke, Thomas J. & Louise M.
Oswald, Jackson N. & Susie M.
Ott, John W. & Georgia L.
Oxley, Abner S.

Paddock, George H.
Pahl, Charles
Palmer, Coburn T. & Marjorie
Papenhausen, William H. & Mary
Paris, Tom
Parks, William R. & Amy
Paterson, Margaret Smith
Pearce, William John
Perry, Roy
Peters, Rossie M.
Peterson, Herbert J.
Peterson, Holger H. & Madga M.
Peterson, Jack L.
Peterson, Katherine K.
Peterson, Velma, Executrix
Phelps, Edwin, Sr.
Phillian, Alexander John
Phillips, Caroline E.
Phillips, John William
Phillips, Marjorie C.

Pinkham, Clarence I. & Annie E.
Pitman, Leora A.
Pitt, Ralph C. & Ethel R.
Plante, Arthur J. & Emilienne
Pohle, Albert W. & Margie L.
Pollard, Arthur V. & Hilda
Pollard, Clarence O. & Florence M.
Pool, Edwin D. & Ruth
Poorman, J. Ray & Jean E.
Porteny, Jaime & Tillie
Power, Roscoe B. & Barbara E.
Preston, Albert H.
Provolt, Myrtle A.
Purtee, Charles M. & Lena Jo

Ragland, Dorsey W. & Jack R.
Rail, Clarence Harold
Rail, J. C.
Rand, Marie T.
Randall, Kermit E. & Erma B.
Randolph, Randy & Barbara
Ranney, James P. Jr. & Barbara G.
Ransom, Daniel & Ethel H.
Rauschelbach, John F. & Jennie Belle
Raymond, John B. & Viola H.
Raymond, Robert W.
Reed, Abraham L. & Anna P.
Reid, Herbert K. & Rose V.
Reitenbach, Francis J. & Ruth E.
Renon, John, Jr., & Dorothy M.
Reppert, Sierra H. & Frances E.
Reyes, Cruze R.
Reyes, Pancho & Domintila
Ribaudo, John & Mary
Richards, Edgar A., Jr. & Ruth M.
Richmond, James A. & Julia A.
Richmond, James A., Trustee
Rick, Faye C.
Rickert, Otto G.
Ridenour, Ralph O. & Myrtle E.
Ridgway, Edith
Rissman, Maurice & Irene
Ritter, J. F.
Riverside County Production
    Credit Association
Robbins, Genevieve
Robbins, Lonnie J. & Marjorie M.
Roberts, J. H. & Jean
Robertson, Lincoln Glenn
Rogers, David Robert
Rogers, Hettie J.
Rogers, Lincoln & Elizabeth B.
Rogers, Roy & Gina
Rojas, Ruben
Rook, Arthur W. & June D.
Rosch, Leon & Oka Betty.
Ross, Henrietta Eliot
Ross, Iva

-5-

7042

Rouse, Clayton W. & Margaret E.
Rowden, E. W. & Eunice L.
Rush, Mary C.
Russell, George D. & Audrey Darlene
Russell, William R. & Anna E.


Salcedo, Henry & Josephine
Salmon, Ernest & Muriel C.
San Diego County Berries Investment Co.
San Pedro, Robert & Marjorie D.
Saunders, Edward C. & Ida L.
Saurin, Edward W.
Sawyer, Jean
Sawyer, Louis
Sawyer, Rebecca E.
Schmidt, Ino A. & Mildred A.
Schmoyer, Luther A. & Dorothy A.
Schneider, Max
Schoetzow, Ray E.
Schroeder, Anna P.
Schryer, Julia H. & Wilfred L.
Schwabacher, Phillip H.
Schwartz, Arthur C.
Scranton, Harold C.
Sears, David F. & Carolyn J.
Sears, James B.
Seery, Rick A. & Mabel S.
Sellers, W. G. & Mozelle A.
Semans, John L. & Eva M.
Severns, Frieda M.
Sharpless, Monroe
Shears, Robert V. & Ruth
Shoemaker, Carl R.
Simmons, Lewis T.
Simmons, Margaret
Singletary, Everett & Alta
Skaggs, Roy C. & Mabel J.
Slaton, Glen A. & Marie C.
Slater, Clifford E.
Slusser, Ann
Snarr, Rita
Smith, Floyd C. & Eva H.
Smith, Geraldine
Smith, Harold A. & Marian
Smith, Harry V. & Myrtle
Smith, Howard H. & Emily
Smith, Leslie F. & Nellie E.
Smith, Loren D. & Lorraine M.
Smith, Martin H. & Aleta J.
Smith, Sidney B. & Julia T.
Snodgrass, T. C. & Lorene
Snyder, Harold W. & Sidney
Soudan, Earle F. & Dorothy
Southern California District
    Advisory Board
Spaulding, Grandin & Mary
Spears, Leonard
Spence, Morgan L. & Juanita B.
Spencer, Herbert E. & Joanne
Steifel, Charles J.

Stevinson, Selida
Stewart, Stanley & Adelaide
Stitus, Katherine Jean
Stockton, James H.
Strider, H. E. & Odette B.
Stroud, Robert A. & Irene K.
Stuart, Elliott H. & Robyn J.
Stusker, Roger F.
Stults, Allan C. Jr., & Helen B.
Sullivan, L. C. & Anna L.
Sullivan, Earl L. & June M.
Swarts, Henry M.
Smith, Lottie
Sundell, Charles G. & Irene J.
Sunny Cal Ranch Corp.
Swain, Rex & Lottie
Sweeney, Clark L. & Goldie
Swindle, James A. & Charlotte L.
Synarinos, Basil T.


Talbert, Thomas V. et al.
Tarwater, Benjamin W. & Clara I.
Taylor, Duane O. & Maxine
Taylor, Minnie A.
Tharp, Alvin C. & Mildred E.
Theil, Marion
Thomas, Donald J. & Peggy J.
Thomas, Frank & Gladys
Thompson, Glenn M. & Mary T.
Thompson, Lewis Jr. & Ava A.
Thompson, Robert E. & Virginia D.
Tibbett, Delsia P.
Tingler, Charles & Leota
Tingler, Howard J.
Tingler, William
Tippit, Charles F. & Patricia
Tomlinson, Bruce A. & Julia M.
Tomlinson, Donald A. & Betty J.
Torbett, Harry G. & Etta M.
Torry, Stanley & Barbara
Toy, Florence P.
Traylor, Wilfred L. & Laura Howell
Trent, Charles W. & Joni J.
Tripp, Mary Alice
Tripp, Clyde S.
Trotter, Edna Lee
Turk, William J. & Ruth E.
Turner, Denis W. & Doris M.
Turner, James & Ada M.
Turner, Maurice F. & Alice M.

-6-

7043

0018

Underwood, E. D. & Dorothy M.
United Title Guarantee Co.
Utt, Florence G.

Van Hoose, Laura K.
Van Landuyt, Ireno
Vaugin, Patrick A. & Margaret F.
Vaught, Roy L. & Shoa F.
Vickers, Gladys William & Russell G.
Vix, Harry B. & J. Lenore
Vogel, Karl

Wagenaar, Gerardus
Waggoner, T. L.
Wagnon, Patricia Ruth
Walker, Paul E. & Helen H.
Wallace, Donn B. & Ruth A.
Wallace, Elsie Jean
Wanstick, Israel & Rose
Ward, Harry J.
Ward, Minnie
Warren, J. Rex & Bonnie R.
Washburn, Ira B.
Washburn, Thomas B. & Ross F.
Watt Development Corp.
Weaver, Adrian F.
Weeks, Arthur Benson
Weichers, Edwin C. & Martha E.
Weidlein, Mary
Weston, Claude & Lorraine
Welch, Laura
Wells, Orven E. & Leona W.
Wetzel, Winona
Wheeler, Ella
Whitcomb, Donald B. & Patience L.
White, Dorothy Ayers
White, Dorothy C.
White, Oliver M.
Whitlock, John H. & Florence a.
Whittemore, Edward R. & Alice
Wickard, A. E.
Wilkins, Hilda
Williams, Allen W. & Gladys
Williams, Clarence F., Jr.
Williams, Mamie J.
Williams, Milton A.
Willis, William V. & Flossie F.
Willoughby, Luther A. & Patricia A.
Wilson, Burton E. & Ione S.
Wilson, Charles W. & Lilly M.
Wilson, Orland D. & Irene L.
Wilson, Robert John
Wilson, Truman & Florence R.
Wilson, Walter D.
Wisdom, Margaret R.
Wise, Charley C. & Mildred A.

Wolford, Richard F. & Lucille C.
Woody, Lillian H.
Worcester, Doris I.
Wright, Fred M. & Verba B.
Wrotnowski, Delcine
Wyatt, Charles C. & Emma Phoebe

Yost, Forest L.
Young, Anna G.
Young, George L. & Lenore R.
Young, H. C.
Young, Violet M.
Ysarri, Catherine M.

Zegers, Victoria Hunter

**Exhibit B**

INTERLOCUTORY JUDGMENT #41.

Exhibits Incorporated By Reference

    U.S.A. Pl's Exhibit 278 - Office Sheets, Hemet and
                Idylwild Quadrangles

Exhibits Attached To Original

    None

Referred To But Not Incorporated By Reference

    U.S.A.Pl's Exhibit 15-L - Map, Murrieta, Bachelor
                Mountain and Parts of Wildomar, Pechanga,
                and Temecula Quadrangles, California,
                Showing Geology, Location of Wells, and
                Water Level Contours for Autumn, 1959

    Interlocutory Judgment #30

    Interlocutory Judgment #33

LODGED Nov. 1, 1962

ENTERED 11-8-62

FILED Nov. 8, 1962

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                          )
           Plaintiff, )
                          )
        vs.            )
                          )
FALLBROOK PUBLIC UTILITY )
DISTRICT, et al.,       )
                          )
        Defendants. )
                          )
                          )

No. 1247-SD-C

FINDINGS OF FACT, CONCLUSIONS OF LAW AND INTERLOCUTORY JUDG-MENT NO. 41 CONCERNING THE RIGHTS TO THE USE OF WATERS OF SANTA MARGARITA RIVER STREAM SYSTEM HELD IN TRUST BY THE U.S.A. IN CONNECTION WITH THE RAMONA, CAHUILLA AND PECHANGA INDIAN RESERVATIONS.

FINDINGS OF FACT

RAMONA INDIAN RESERVATION

1..

The Ramona Indian Reservation was established by Executive Order dated December 29, 1891, and is situated in Riverside County, State of California and comprised of lands described as follows:

North Half of the Southwest Quarter (N½ of SW¼), South-east Quarter of the Southwest Quarter (SE¼ of SW¼), and the South Half of the Southeast Quarter (S½ of SE¼) of Section Thirty-two (32); the Southwest Quarter of the Southwest Quarter (SW¼ of SW¼) of Section Thirty-three

-1087-

(33) all in Township Six (6) South, Range Three (3) East, San Bernardino Base & Meridian.

Northwest Quarter of the Northwest Quarter (NW¼ of NW¼) of Section Four (4); Northeast Quarter of the Northeast Quarter (NE¼ of NE¼) of Section Five (5); all in Township Seven (7) South, Range Three (3) East, San Bernardino Base & Meridian.

2.

The Ramona Indian Reservation is located in the most northeasterly portion of the Santa Margarita River watershed and in fact the Santa Margarita River watershed line traverses the Ramona Indian Resercation roughly on a line extending diagonally from the southwest to the northeast across the North Half (½) of the Southwest Quarter (SW¼) of Section 32, Township 6 South, Range 3 East, S.B.B.M.

3.

The lands of the Ramona Indian Reservation within the Santa Margarita River watershed are as follows:  Those lands within the North Half (N½) of the Southwest Quarter (SW¼) of Section Thirty-two (32) lying south and west of the watershed line as above described; the Southeast Quarter of the Southwest Quarter (SE¼ of SW¼) of Section Thirty-two (32); Southwest Quarter of the Southwest Quarter (SW¼ of SW¼) of Section Thirty-three (33), all in Township 6 South, Range 3 East, S.B.B.M.; Northwest Quarter of the Northwest Quarter (NW¼ of NW¼), Section 4; Northeast Quarter of Northeast Quarter (NE¼ of NE¼) of Section 5, all in Township 7 South, Range 3 East, S.B.B.M.

4.

The Ramona Indian Reservation consists of approximately 560 acres of which approximately 321 acres lie within the Santa Margarita River watershed.

-1088-

5.

Within the Santa Margarita River watershed there are approximately 104 acres of irrigable land within the Ramona Indian Reservation.

6.

At the present time no Indians reside on the Ramona Indian Reservation, but Indians of the Cahuilla Indian Reservation are using said lands for stock raising purposes.

7.

All the lands of the Ramona Indian Reservation within the watershed of the Santa Margarita River with the exception of the area of basement complex in the Southwest Quarter of Section 33, Township 6 South, Range 3 East, overlie the shallow aquifer of the Anza Ground Water Basin as discussed more fully in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 33. All ground waters contained in the older alluvial deposits on the Ramona Indian Reservation within the Santa Margarita River watershed are a part of the shallow aquifer of the Anza Ground Water Basin, and do in fact add to, contribute to and support the Santa Margarita River stream system.

8.

All ground waters contained within the deposits of basement complex in the Southwest Quarter (SW¼) of Section 33 Township 6 South, Range 3 East and within the Ramona Reservation are vagrant, local, percolating waters, not a part of the Santa Margarita River stream system, and said ground waters do not add to, contribute to nor support the Santa Margarita River or any tributary thereto.

-1089-

9.

There is a spring situated in the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section 4, Township 7 South, Range 3 East.

10.

Climate in the Ramona Indian Reservation is semi-arid, with warm to hot, dry summers and generally moist winters. Rainfall usually occurs during the period from November 1 to April 1. Freezing temperatures or below freezing temperatures may be expected during that period.

11.

The amount of surface waters which flow over and upon the Ramona Indian Reservation within the Santa Margarita River watershed is extremely limited in that such surface waters only exist during or immediately after periods of substantial rainfall.

12.

The United States of America when it established said Ramona Indian Reservation on December 29, 1891, intended to reserve rights to the use of the waters of the Santa Margarita River stream system which under natural conditions would be physically available on the Ramona Reservation, including rights to the use of ground waters, sufficient for the present or future needs of the Indians residing thereon.

There is no issue presently presented which requires this Court to make findings of fact, conclusions of law or interlocutory judgment provisions concerned with the amount of water required for the Indians' use, the rights of any

-1090-

0025

future assignees or successors in interest to said lands, and other related factors.  As this Court will keep continuing jurisdiction of this cause, this Court can, if the occasion should arise in the future, make such findings and judgment provisions as may then be required on these issues.

CAHUILLA INDIAN RESERVATION

13.

The Cahuilla Indian Reservation was established pursuant to Executive Order dated December 27, 1875, and is situated in Riverside County, State of California, and comprised of the following described lands:

Section Twenty-five (25), Section Twenty-six (26), Section Twenty-seven (27), Section Twenty-eight (28), Section Thirty-three (33), Section Thirty-four (34), Section Thirty-five (35) and Section Thirty-six (36), all in Township Seven (7) South, Range Two (2) East, SBBM;

Section Twenty-six (26), Section Twenty-seven (27), Section Twenty-eight (28), Section Twenty-nine (29), Section Thirty (30), Section Thirty-one (31), Section Thirty-two (32), Section Thirty-three (33), Section Thirty-four (34) and Section Thirty-five (35), all in Township 7 South, Range Three (3) East, SBBM;

Section One (1), Section Two (2), Section Three (3) and Section Four (4) all in Township Eight (8) South, Range Two (2) East, SBBM;

Section Two (2), Section Three (3), Section Four (4), Section Five (5), Section Six (6), all in Township Eight (8) South, Range Three (3) East, SBBM.

In addition to the above-described lands there was added to the Cahuilla Indian Reservation by Executive Order dated March 14, 1887, the following lands:

Section 23, Township 7 South, Range 2 East.

On December 29, 1891, by Executive Order there was likewise added to the Cahuilla Indian Reservation the South

-1091-

Half (S½) of Section 14, Township 7 South, Range 2 East.

On or about January 25, 1927, the North Half (N½) of Lot 3, in Section 8, Township 8 South, Range 3 East, S.B.B.M. was acquired by the Secretary of Interior by deed, and added to the Cahuilla Indian Reservation.  Said deed is recorded in Book 703 of Deeds, page 133, Riverside County, California.

14.

By Findings of Fact, Conclusions of Law and Inter-locutory Judgment No. 33 the nature and extent of the shallow and deep aquifers of the Anza Ground Water  Basin have been deter-mined.  Said  Anza Ground Water Basin consists of the younger and  older alluvial deposits within Anza Valley upstream from a line which is drawn on U. S. Exhibit 278 in Section 29, Township 7 South, Range 3 East.  The surface extent of said younger and older alluvial deposits which comprise the Anza Ground Water Basin is depicted on said U. S. Exhibit 278 incorporated herein by reference.

As determined in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 33 the ground waters contained within the shallow aquifer of the Anza Ground Water Basin are percolating waters and add to, contribute to and support the Santa Margarita River stream system.  To the extent that any lands of the Cahuilla Indian Reservation consist of the younger or older alluvial deposits of the shallow aquifer of the Anza Ground Water Basin as determined in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 33 said lands are a part of the shallow aquifer of the Anza Ground Water Basin.

- - - -

-1092-

16.

Those lands of the Cahuilla Indian Reservation which
overlie the deep aquifer of the Anza Ground Water Basin as
determined in Findings of Fact, Conclusions of Law and Inter-
locutory Judgment No. 33 do in fact contain ground waters which
are a part of the deep aquifer of the Anza Ground Water Basin.
Said lands of the Cahuilla Indian Reservation which do in
fact overlie the deep aquifer of the Anza Ground Water Basin
are located in the Northeast Quarter of Section 28, and the
West One-Half (W½) of the Northwest Quarter (NW¼) of Section 27,
Township 7 South, Range 3 East, S.B.B.M. and are depicted on
U. S. Exhibit 278.

17.

All ground waters contained within the deep aquifer
of the Anza Ground Water Basin and within the Cahuilla Indian
Reservation are not a  part of the Santa Margarita River stream
system nor do said ground waters add to, contribute to or
support the Santa Margarita River or any tributary thereto.

18.

Cahuilla Creek does flow over lands which comprise
a portion of the Cahuilla Indian Reservation and there is a
perennial flow of Cahuilla Creek in the Southwest Quarter
(SW¼) of Sections 23 and 27, Township 7 South, Range 2 East.
All surface waters of Cahuilla Creek and its tributaries within
the Cahuilla Reservation are a part of the Santa Margarita
River stream system.

19.

There are a total of 18,292 acres in the Cahuilla

-1093-

1  Indian Reservation of which 17,312 acres are within the

2  watershed of the Santa Margarita River. Of these, 12,998 acres

3  are under present conditions irrigable.

4                               20.

5

6          At present the waters contained upon or within the

7  lands which comprise the Cahuilla Indian Reservation are

8  primarily used for limited domestic use and livestock purposes.

9  There are at the present time approximately 94 Indians in

10 the Cahuilla Tribe of which 32 are now residing on the Cahuilla

11 Indian Reservation.

12                               21.

13

14         There is situated in the Southwest Quarter of the

15 Southwest Quarter (SW¼ of SW¼) of Section 14, Township 7

16 South, Range 3 East, sixteen (16) acres which overlie the

17 Cahuilla Ground Water Basin and which have been irrigated with

18 waters from a spring situated slightly north and east of the

19 irrigated land.

20                               22.

21

22         There are within the Cahuilla Indian Reservation in

23 the North Half of the Northwest Quarter (N½ of NW¼) of

24 Section 26, Township 7 South, Range 2 East, thirty-five

25 (35) acres of land which have been irrigated. The waters

26 for this irrigation come from a spring located slightly north

27 and east of the irrigated lands and both the lands irrigated

28 and the spring are located in the Cahuilla Ground Water Basin

29 as said basin is defined in Findings of Fact, Conclusions of

30 Law and Interlocutory Judgment No. 33.

31 - - - -

32

23.

In the East Half of the Northeast Quarter (E½ of NE¼) of Section 6, Township 8 South, Range 3 East, within the Cahuilla Indian Reservation approximately 20 acres of lands have been irrigated with waters from a spring situated near the West Quarter corner of Section 5 Township 8 South, Range 3 East.

24.

Climate in the Cahuilla Indian Reservation is similar to that which exists in the Ramona Indian Reservation, and except where springs or perennial flow of surface waters exist as found hereinabove, surface water is apparent only during or immediately after period of rainfall.

25.

That a portion of the lands which comprise the Cahuilla Indian Reservation overlie the Cahuilla Ground Water Basin as said basin has been determined in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 33; said ground water basin and said Indian Reservation are depicted on U. S. Exhibit 278 incorporated herein by reference. All ground waters contained within the lands of the Cahuilla Indian Reservation which are a part of the Cahuilla Ground Water Basin add to, contribute to and support the Santa Margarita River stream system.

26.

The United States of America, when it created the Cahuilla Indian Reservation by Executive Orders dated December 27, 1875, March 14, 1887, and December 29, 1891, intended to reserve

-1095-

1  rights to the use of the waters of the Santa Margarita River
2  system which under natural conditions would be physically
3  available on the Indian Reservation, including rights to the
4  use of the ground waters, sufficient for the present or future
5  needs of the Indians residing thereon.  There is no issue
6
7  presently presented which requires this Court to make findings of
8  fact, conclusions of law or judgment provisions concerning the
9  amount of water required for the Indians' use on said lands or
10  the rights of any future assignees or successors in interest to
11  said lands.  As this Court will keep continuing jurisdiction of
12  this cause, this Court can, if the occasion should arise in the
13
14  future, make such findings of fact, conclusions of law and
15  interlocutory judgment provisions as may be required on those
16  issues.

17  PECHANGA INDIAN RESERVATION

18                              27.

19         In the Executive Orders and related documents
20
21  establishing the Pechanga Indian Reservation, the reservation
22  is sometimes referred to as the Temecula Indian Reservation and
23  the Indians residing thereon referred to as the Temecula
24  Indian Mission Band.

25                              28.

26         The Pechanga Indian Reservation was established by
27  an Executive Order, dated June 27, 1882.  The lands which
28  presently comprise that Reservation are situated in Riverside
29  County, State of California, described as follows:
30

31         Section Twenty-six (26), Section Twenty-seven (27)
           except for the Northwest Quarter of the Northwest
32         Quarter (NW¼ of NW¼) Section Thirty-Four (34)

                              -1096-

except for Lot 16, Section Thirty-five (35), Lot 7 and Southeast Quarter of the Southwest Quarter (SE¼ of SW¼) of Section Twenty-eight (28), all in Township Eight (8) South, Range Two (2) West, SBBM.

29.

There was added to the Pechanga Indian Reservation:

Section Twenty-five (25), Township Eight (8) South, Range Two (2) West, SBBM,

by Executive Order dated January 9, 1907, of the Secretary of the Interior.

30.

In addition to the lands comprising the Pechanga Indian Reservation as above described, there was added on August 29, 1893, to that Reservation by an unnumbered Patent:

The North Half of the Northwest Quarter (N½ of NW¼), Southeast of the Northwest Quarter (SE¼ of NW¼), Northwest Quarter of the Northeast Quarter (NW¼ of NE¼) of Section Thirty-six (36), Township Eight (8) South, Range Two (2) West, SBBM.

There was likewise added to the Pechanga Indian Reservation

Southwest Quarter of the Northeast Quarter (SW¼ of NE¼), East Half of the Northeast Quarter (E½ of NE¼), South Half (S½) of Section Thirty-six (36), Township Eight (8) South, Range Two (2) West, SBBM,

by a patent dated May 25, 1931.

Also added to the Pechanga Indian Reservation is the so-called Kelsey Tract, Lot E of the Little Temecula Grant, by a deed dated March 11, 1907.

31.

Pechanga Creek

Pechanga Creek is an intermittent stream which rises in the Cleveland National Forest, Section 30, Township 8 South,

-1097-

Range 1 West, SBBM.  It proceeds in a generally northwesterly direction, entering the Pechanga Indian Reservation in the Northeast Quarter (NE¼) of Section 25, Township 8 South, Range 2 West SBBM, and leaves the Reservation near the Northwest corner of the Southeast Quarter of the Southwest Quarter (SE¼ of SW¼) of Section 28, Township 8 South, Range 2 West, SBBM. Continuing its general course as above described, the stream proceeds across lands in private ownership for a distance of approximately one-half (1/2) mile where it enters the so-called Kelsey Tract, described as Lot E of the Little Temecula Rancho, which is part of the Pechanga Reservation. Proceeding across that tract of Reservation Land, the stream continues its course to the point where it enters Temecula Creek approximately one (1) mile east from where the stream last mentioned joins Murrieta Creek to form the Santa Margarita River.  Said Pechanga Creek is a tributary to Temecula Creek one of the two principal tributaries of the Santa Margarita River.  Pechanga Creek is intermittent and flows only during and immediately after periods of rainfall.

Murrieta-Temecula Ground Water Area

The exterior boundaries of the Murrieta-Temecula Ground Water Area was established by the Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 30, entered the 8th day of March, 1962.

33.

The following described lands situated within the Pechanga Indian Reservation are part of the Murrieta-Temecula Ground Water Area and those lands have been found to overlie ground waters within that area:

-1098-

All of Section Twenty-six (26) all of Section Thirty-five (35), North Half of the South Half (N½ of S½), North Half (N½) of Section Thirty-four (34), all of Section Twenty-seven (27), within Pechanga Indian Reservation, all of Section Twenty-eight (28) within Pechanga Indian Reservation, and Lot E of Little Temecula Rancho within Pechanga Indian Reservation.

34.

Geology of Murrieta-Temecula Ground Water Area Within Pechanga Indian Reservation

The lands within the Pechanga Indian Reservation above described which are part of the Murrieta-Temecula Ground Water Area are comprised of older continental alluvium and conform generally to the description of the ground water area which is more fully described in the Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 30 and entered March 8, 1962. In the general area through which Pechanga Creek has its course, the older continental alluvium is overlain with a thin layer of younger alluvium. The younger alluvium is the erosion from and redistribution of the older alluvium as well as erosion from the surrounding basement complex.

35.

There is a complex of faults through the Pechanga Indian Reservation intersecting and traversing the alluvial fill above described. Result of that faulting has been to control in some but undetermined degree the movement of the ground water within the Reservation. Generally, however, it is found that those ground waters are moving towards the mouth of Temecula Canyon through which flows the Santa Margarita River.

36.

Ground waters, if any, found in the basement complex or

-1099-

weathered basement complex within the Pechanga Indian Reservation are vagrant, local and percolating, not a part of the Santa Margarita River stream system.  Said deposits of basement complex or weathered basement complex are depicted on U. S. Exhibit 15L.

37.

Climate, Crops, Duty of Water,
Irrigable Acreage Within Pechanga
Indian Reservation

Climate in the Pechanga Indian Reservation is semi-arid, with warm to hot, dry summers, and cool and generally moist winters.  Rainfall usually occur during the period from the first of November to the first of April.  There are occasional rain showers during the irrigation season which is roughly from April to October.  As a consequence, the period of the greatest demand for water is the period of shortest supply, whereas the period of greatest supply occurs when the demands are very slight.  The irrigable portions of the Pechanga Indian Reservation are subject to frost damage.

38.

There are a total of 3787 acres of land in the Pechanga Indian Reservation within Santa Margarita River watershed.  Of these 3787 acres, 1694 acres are irrigable.  Of these 1694 acres, 559 are Class VI lands which are not suitable for cultivation but because of their other characteristics are suitable for irrigated but non-cultivated crops.

39.

At the present time, the waters contained in the Pechanga Indian Reservation are used largely for stock raising

-1100-

1  and domestic purposes and the extent of the water use is negli-

2  gible in that there are at the present time only approximately

3  six (6) Indians residing on the Reservation.  The Pechanga

4  Indian Tribe consists of 194 Indians.

5              40.

7       The United States of America when it withdrew the

8  Indian Lands above described to form the Pechanga Indian

9  Reservation, intended to reserve rights to the use of the

10  waters of the Santa Margarita River stream system which under

11  natural conditions would be physically available on the

12  Indian Reservation, including rights to the use of ground

13  waters sufficient for the present or future needs of the

14  Indians residing thereon.  There is no issue presently pre-

15  sented which requires this Court to make findings of fact,

16  conclusions of law and interlocutory judgment provisions

17  concerned with the amount of water required for the Indians'

18  use or the rights of any future assignees or successors in

19  interest to said lands.  As this Court will keep continuing

20  jurisdiction of this cause this Court can, if the occasion

21  should arise in the future, make such findings of fact,

22  conclusions of law and interlocutory judgment provisions as

23  may be required on those issues.

24              41.

26  Water Duty

27       Under present conditions and generally on the

28  Ramona, Cahuilla and Pechanga Indian Reservations and through-

29  out this area a reasonable water duty for crops is as follows:

30  - - - -

-1101-

|                     | Irrigation Requirements Acre-Feet Per Acre Per Year |
|---------------------|-----------------------------------------------------|
| Row Crops           | 4.00                                                |
| Irrigated Pasture   | 3.83                                                |
| Alfalfa             | 3.00                                                |
| Deciduous Fruit     | 1.07                                                |
| Small Grains        | 1.75                                                |
| Avocados            | 2.35                                                |
| Citrus              | 1.86                                                |

To the irrigation requirements shown above, there should be added 10% for delivery losses. That type of loss occurs between the point of supply and the point of use.

This Court finds that the above set forth general water duty requirements and all findings herein concerned with irrigable acreage are supported by the evidence in this case. However, in this case there was no issue of apportionment presented and such findings concerning water duty and irrigable acreage as set forth in these findings shall be prima facie evidence as to these facts in any future proceedings wherein the question of water duty or irrigable acreage is relevant. As used herein, prima facie evidence shall mean that which suffices for the proof of a particular fact until contradicted or overcome by other evidence.

42.

That no use of any surface waters which flow over and upon any of the lands within the Santa Margarita River watershed and within the Ramona, Cahuilla and Pechanga Indian Reservations has been open, notorious or adverse, and there are no prescriptive rights to the use of any waters of the Santa Margarita River stream system on any lands which comprise said Indian Reservations.

-1102-

43.

That no appropriative rights exist to the use of the waters of the Santa Margarita River stream system or waters which add to and support said Santa Margarita River stream system on any of the lands which comprise the Ramona, Cahuilla and Pechanga Indian Reservations.

44.

That except as expressly provided hereinabove there are no rights to the use of the waters of the Santa Margarita River and its tributaries or waters which add to and support said River and its tributaries owned or held by the United States of America in trust for the Indians or in trust as to said Indian Reservations.

CONCLUSIONS OF LAW

RAMONA INDIAN RESERVATION

1.

The United States of America when it established the Ramona Indian Reservation intended to reserve, and did reserve, rights to the use of the waters of the Santa Margarita River stream system which under natural conditions would be available on the Ramona Indian Reservation, including rights to the use of ground waters, sufficient for the present and future needs of the Indians residing thereon with a priority date of December 29, 1891.

2.

All lands of the Ramona Indian Reservation within the watershed of the Santa Margarita River with the exception of an

-1103-

area of basement complex in the Southwest Quarter (SW¼) of
Section 33, Township 6 South, Range 3 East, overlie the
shallow aquifer of the Anza Ground Water Basin and the ground
waters contained within said lands add to, contribute to and
support the Santa Margarita River stream system.

3.

All ground waters contained within the deposits of
basement complex in the Southwest Quarter (SW¼) of Section 33,
Township 6 South, Range 3 East, and within the Ramona Indian
Reservation are vagrant, local, percolating waters not a part
of the Santa Margarita River stream system and said ground
waters do not add to, contribute to nor support the Santa
Margarita River or any tributary thereto.

CAHUILLA INDIAN RESERVATION

4.

The United States of America intended to reserve, and
did reserve, rights to the use of the waters of the Santa
Margarita River stream system which under natural conditions
would be physically available on the Cahuilla Indian Reserva-
tion including rights to the use of the ground waters, sufficient
for the present and future needs of the Indians residing thereon
with priority dates of December 27, 1875, for lands transferred by
the Executive Order of that date; March 14, 1887, for lands
transferred by Executive Order of that date; December 29, 1891,
for lands transferred by Executive Order of that date.

5.

Ground waters contained within the lands of Cahuilla
Indian Reservation and within the younger or older alluvial

-1104-

deposits which are a part of the shallow aquifer of the Anza
Ground Water Basin are percolating waters and add to, contribute
to and support the Santa Margarita River stream system.

6.

Ground waters contained within the deep aquifer of the
Anza Ground Water Basin in the Northeast Quarter (NE¼) of
Section 28, and the West One-half (W½) of the Northwest Quarter
(NW¼) of Section 27, Township 7 South, Range 3 East, and within
the Cahuilla Indian Reservation, are a part of the deep aquifer
of the Anza Ground Water Basin, and said ground waters do not
add to, support nor contribute to the Santa Margarita River
stream system.

7.

Ground waters contained within the lands of the
Cahuilla Indian Reservation which were determined to be a
part of the Cahuilla Ground Water Basin in Findings of Fact,
Conclusions of Law and Interlocutory Judgment No. 33 add to,
support and contribute to the Santa Margarita River stream
system.

PENCHANGA INDIAN RESERVATION

8.

United States of America intended to reserve and did
reserve rights to the use of the waters of the Santa Margarita
River stream system which under natural conditions would be
available on the Pechanga Indian Reservation including rights
to the use of ground waters sufficient for the present and
future needs of the Indians residing thereon with priority
dates of June 27, 1882, for those lands established by Executive

Order of that date; January 9, 1907 for those lands transferred by the Executive Order of that date; August 29, 1893 for those lands added to the reservation by Patent on that date; May 25, 1931, for those lands added to the reservation by Patent of that date.

9.

That those lands specifically described in Findings of Fact No. 33 are within the Murrieta-Temecula Ground Water Area as said ground water area has been determined in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 30, and ground waters contained therein, add to, contribute to and support the Santa Margarita River stream system.

10.

That all surface waters which flow over and upon any of the lands within the Santa Margarita River watershed and which are a part of the Ramona, Cahuilla and Pechange Indian Reservations are a part of the Santa Margarita River stream system.

11.

That there are no prescriptive rights to the use of the waters of the Santa Margarita River and its tributaries or to the use of the waters which add to and support said River and its tributaries owned or held in trust by the United States for the Indians' use or in trust as to said Indian Reservations.

12.

That there are no appropriative rights to the use of the waters of the Santa Margarita River and its tributaries or to the use of the waters which add to and support said River and

-1106-

1  its tributaries owned or held in trust by the United States of

2  America for the Indians' use or in trust as to said Reservations.

3                                    13.

4          That except as provided in Findings of Fact 12, 26,

5  and 40 herein, there are no rights to the use of the Santa

6  Margarita River or its tributaries or waters which add to and

7  support said River and its tributaries owned by the United States

8  in trust for the Indians' use or in trust for use upon the

9  said Indian Reservations.

10

11

12                         INTERLOCUTORY JUDGMENT

13                                    1.

14          IT IS ORDERED, ADJUDGED AND DECREED that the United

15  States of America when it established the Ramona Indian Reservation

16  intended to reserve and did reserve rights to the use of the

17  waters of the Santa Margarita River stream system which under

18  natural conditions would be physically available on the Ramona

19  Reservation, including rights to the use of ground waters,

20  sufficient for the present and future needs of the Indians re-

21  siding thereon with a priority date of December 29, 1891.

22

23                                    2.

24          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

25  lands of the Ramona Indian Reservation within the watershed of

26  the Santa Margarita River with the exception of the area of

27  basement complex in the Southwest Quarter (SW¼) of Section 33,

28  Township 6 South, Range 3 East, which is depicted on U. S.

29  Exhibit 278 incorporated herein by reference, overlie the

30  shallow aquifer of the Anza Ground Water Basin as determined in

31

32

                                  -1107-

Findings of Fact, Conclusions of Law and Interlocutory Judgment

No. 33, and the ground waters contained therein add to, contribute

to and support the Santa Margarita River stream system.

CAHUILLA INDIAN RESERVATION

3.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

United States of America intended to reserve and did reserve

rights to the use of the waters of the Santa Margarita River

which under natural conditions would be physically available

on the Cahuilla Indian Reservation, including rights to the

use of ground waters, sufficient for the present and future

needs of the Indians residing thereon with priority dates of

December 27, 1875, for lands transferred by the Executive

Order of that date; March 14, 1887, for lands transferred by

the Executive Order of that date; December 29, 1891 for lands

transferred by the Executive Order of that date.

4.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

ground waters contained within the lands of the Cahuilla

Indian Reservation and within the younger or older alluvial

deposits which are a part of the shallow aquifer of the Anza

Ground Water Area are percolating waters and add to, contribute

to and support the Santa Margarita River stream system.

5.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

ground waters contained within the deep aquifer of the Anza

Ground Water Basin, in the Northeast Quarter (NE¼) of Section 28

and the West One-half (W½) of the Northwest Quarter (NW¼) of

Section 27, Township 7 South, Range 3 East, and within the Cahuilla Indian Reservation, are a part of the deep aquifer of the Anza Ground Water Basin and said ground waters do not add to, support nor contribute to the Santa Margarita River stream system.

6.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ground waters contained within the lands of the Cahuilla Indian Reservation which are a part of the Cahuilla Ground Water Basin add to, contribute to and support the Santa Margarita River stream system.

PECHANGA INDIAN RESERVATION

7.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States of America intended to reserve, and did reserve, rights to the use of the waters of the Santa Margarita River stream system which under natural conditions would be physically available on the Pechanga Indian Reservation, including rights to the use of ground waters sufficient for the present and future needs of the Indians residing thereon with priority dates of June 27, 1882, for those lands established by the Executive Order of that date; January 9, 1907 for those lands transferred by the Executive Order of that date; August 29, 1893 for those lands added to the Reservation by Patent on that date; and May 25, 1931, for those lands added to the Reservation by Patent of that date.

8.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that those lands specifically described in Findings of Fact No. 33 are within the Murrieta-Temecula Ground Water Area as said

-1109-

ground water area has been determined in Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 30.

9.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all surface waters which flow over and upon any of the lands within the Santa Margarita River watershed and which are a part of the Ramona, Cahuilla and Pechanga Indian Reservations are a part of the Santa Margarita River stream system.

10.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the use of any waters, surface or ground, by the Indians on the Ramona, Cahuilla and Pechanga Reservations is subject to the continuing jurisdiction of this Court.

11.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all ground waters contained within deposits of basement complex or weathered basement complex and within the Santa Margarita River watershed and within the Ramona, Cahuilla and Pechanga Indian Reservations as said deposits are depicted on U. S. Exhibit 278 and U. S. Exhibit 15L are vagrant, local, percolating waters not a part of the Santa Margarita River or any tributary thereto. It is further ordered, adjudged and decreed that the rights of the United States of America as the owner in trust of said lands are forever quieted against all parties claiming rights to the waters of the Santa Margarita River and/or its tributaries. It is further ordered, adjudged and decreed that the United States of America as owner in trust of said lands is forever restrained from asserting rights in or to the waters of the Santa Margarita

-1110-

River or its tributaries concerning said lands excepting
rights to surface waters which flow over and upon said lands.

12.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
there are no prescriptive rights owned by the United States of
America in trust for the Indians or Indian lands to the use
of the waters of the Santa Margarita River or its tributaries
or waters which add to and support said River and its tributaries.

13.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
there are no appropriative rights owned by the United States
of America in trust for the Indians or Indian lands to the
use of the waters of the Santa Margarita River or its tributaries
or waters which add to and support said River and its tributaries.

14.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
except as expressly provided in Paragraphs 1, 4 and 7 of this
Interlocutory Judgment there are no rights to the use of the
waters of the Santa Margarita River and its tributaries or to
the waters which add to and support said River and its tributaries
owned by the United States of America in trust for the Indians or
Indian lands on the Ramona, Cahuilla and Pechanga Reservations.

15.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based
upon the decision of the United States Court of Appeal, Ninth
Circuit, California v. United States, 235 Fed.2d 647 that this
is not a final decree but is interlocutory in nature and by
reason of the order by this Court that all parties are adverse

-1111-

one to the other, thus dispensing with cross pleadings, all
parties to this proceeding may object to these findings of fact,
conclusions of law and interlocutory judgments and will be given
full opportunity upon due notice to interpose their objections
to these findings of fact, conclusions of law and interlocutory
judgments prior to the entry of final judgment in this case.

16.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there
is no issue presently presented which requires this Court to
make findings of fact, conclusions of law or interlocutory
judgment provisions concerned with the amount of water required
for the Indians use, the rights of any future assignees or
successors in interest to said lands, and other related factors.
Jurisdiction is reserved by this Court to make such findings of
fact, conclusions of law and judgment provisions in the future
should the need occur.

17.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
Interlocutory Judgment is not appealable, is not final and
shall not be operative until made a part of the final judgment
in this case, and this Court expressly reserves jurisdiction to
modify or vacate it either upon its own motion or upon motion of
any party to this proceeding until such time as final judgment
in this cause is entered.

Dated:  11-8-62

(Signed)_____JAMES M. CARTER
                JUDGE.

-1112-

**Exhibit C**



1 | Curtis G. Berkey (CA State Bar No. 195485)
  | Scott W. Williams (CA State Bar No. 097966)
2 | ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
  | 2030 Addison Street, Suite 410
3 | Berkeley, CA 94704
  | Tel: 510/548-7070
4 | Fax: 510/548-7080
  | E-mail: cberkey@abwwlaw.com
5 | E-mail: swilliams@abwwlaw.com



6 | *Attorneys for Plaintiff-Intervenor*
  | *Ramona Band of Cahuilla*

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,  ) CIVIL NO.: 1247-SD-C

11 |                 Plaintiff,  )

12 | RAMONA BAND OF CAHUILLA,  ) **RAMONA BAND OF**
13 | CAHUILLA BAND OF INDIANS,  ) **CAHUILLA'S FIRST AMENDED**
   |                           ) **COMPLAINT IN**
14 |       Plaintiff-Intervenors,  ) **INTERVENTION**

15 | v.  )

16 | FALLBROOK PUBLIC UTILITY DISTRICT,  )
   | et al.,  )

17 |                 Defendants.  )

18 | ————————————————  )

19

20 | **INTRODUCTION**

21 |    1.    This action was filed by the United States in 1951 to quiet title to its use of

22 | water and to enjoin unlawful impairment of water rights in the Santa Margarita River System

23 | in San Diego and Riverside Counties, California. From the inception of this case, the United

24 | States has represented the Ramona Band of Cahuilla as its trustee. In the early stages of the

25 | case, the United States asserted on behalf of the Band a right to water under the federal

26 | reserved water rights doctrine in amounts sufficient to provide for the present and future needs

27 | of the members of the Band. On November 8, 1962, this Court entered an interlocutory

28 | judgment which recognized a federal reserved water right for the Ramona Band of Cahuilla,

**0049**

1   but this Court reserved final quantification until circumstances required it. *Findings of Fact,*
2   *Conclusions of Law, and Interlocutory Judgment No. 41 Concerning the Rights to the Use of*
3   *Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection*
4   *with the Ramona, Cahuilla and Pechanga Reservations,* at page 24, No. 1247-SD-C (S.D.
5   Cal. filed January 25, 1951) ("Interlocutory Judgment No. 41"). On January 22, 2007, this
6   Court granted the Band's motion to intervene, and the Band's Complaint in Intervention was
7   filed on January 23, 2007. This First Amended Complaint is filed in order to clarify that the
8   United States and its agencies are not defendants with regard to the Band's water rights
9   claims, and that, rather, they are plaintiffs aligned with the Band in seeking final
10  quantification of the Band's water rights. The Ramona Band of Cahuilla claims a prior and
11  senior federal reserved right to the surface water and underlying groundwater of the Ramona
12  Reservation within the Anza Basin portion of the Santa Margarita River System.

### JURISDICTION AND VENUE

13
14  2.   This Court has jurisdiction over this action under 28 U.S.C. § 1345 (United
15  States as plaintiff); § 1331 (federal question) and § 1362 (federally-recognized Indian tribe
16  asserting federal question). In addition, this Court retained jurisdiction following the entry of
17  final judgment on May 8, 1963.

18  3.   This Court has venue of this action under 28 U.S.C. § 1391(b) as a number of
19  the defendants reside in this district and the Santa Margarita River System is located within
20  the geographical boundaries of the United States District Court for the Southern District of
21  California.

### PARTIES

22
23  4.   Plaintiff-intervenor Ramona Band of Cahuilla is recognized by the United
24  States as a sovereign Indian tribe eligible to receive the services of the Bureau of Indian
25  Affairs. The Band owns and occupies a reservation of approximately 560 acres, located in the
26  far northeastern section of the Santa Margarita River System, as defined by this Court. Since
27  time immemorial, the members of the Band have used, and continue to use, the water
28  resources and lands of the Anza Basin for subsistence, cultural, ceremonial, religious and

1   commercial purposes.  The Ramona Band of Cahuilla is governed by a tribal council that is
2   recognized by the Bureau of Indian Affairs as the lawful representative and government of the
3   Band and its members.  The Band's headquarters are located in Anza, California.  The Band's
4   past, present and future enjoyment of the waters of the Santa Margarita River System has
5   been, is being and will continue to be injured by defendants' on-going unlawful interference
6   with the Band's federal reserved water right.

7        5.      The defendants in this action are public service corporations, persons,
8   corporations, unincorporated associations, municipalities, water districts and other entities that
9   use water, claim rights to use water or deliver water from the Santa Margarita River System
10  that is subject to this Court's jurisdiction.  Some of the defendants use or claim rights to use
11  water in a manner that impairs the federal reserved water right of the Ramona Band of
12  Cahuilla.  The priority dates of the defendants' claimed rights to use water are junior to the
13  federally-protected water rights of the Ramona Band of Cahuilla and its members.

14                                     FACTS

15       6.      On November 8, 1962, this Court entered Findings of Fact, Conclusions of Law
16  and Interlocutory Judgment No. 41 concerning the rights to use the waters of the Santa
17  Margarita River System held in trust by the United States in connection with the Ramona,
18  Cahuilla and Pechanga Indian Reservations.  The interlocutory judgment was entered as a
19  final judgment on May 8, 1963, and the Court of Appeals affirmed the judgment in *United*
20  *States v. Fallbrook Public Utility District*, 347 F.2d 48, 61 (9th Cir. 1965).  This Court has
21  continuing jurisdiction in this case.

22       7.      Interlocutory Judgment No. 41 establishes, *inter alia,* the following facts and
23  legal conclusions.  The Ramona Indian Reservation was established by Executive Order of the
24  President on December 29, 1891.  The Reservation is located in the most northeasterly portion
25  of the Santa Margarita River watershed.  The Reservation consists of approximately 560 acres,
26  of which approximately 321 acres lie within the Santa Margarita River watershed.  When it
27  created the Ramona Reservation, the United States intended to reserve, and in fact did reserve,
28  rights to the use of the Santa Margarita River system which under natural conditions would be

1   physically available on the Ramona Reservation, including rights to the use of ground waters,

2   sufficient for the present and future needs of the Ramona Band of Cahuilla, with a priority

3   date of December 29, 1891.

4          8.     The Ramona Reservation is located in the aboriginal territory of the Ramona

5   Band of Cahuilla, who have used and occupied the area since time immemorial. The

6   Executive Order creating the Ramona Reservation set aside the land and resources of the

7   Reservation for the benefit of the Ramona Band of Cahuilla and its members.

8          9.     Groundwater underlying the Ramona Reservation is in limited supply and is

9   needed to satisfy the present and future needs of the Ramona Band of Cahuilla and its

10  members. The surface waters and groundwater underlying the Ramona Reservation are the

11  sole sources of water for the Band and its members. The defendants' withdrawal and use of

12  the ground water underlying and adjacent to the Ramona Reservation adversely affects the

13  ability of the Ramona Band of Cahuilla and its members to exercise their federal reserved

14  water right, as established by this Court in Interlocutory Judgment No. 41. Defendants'

15  withdrawal and use of the ground water underlying and adjacent to the Ramona Reservation is

16  increasing, and, is further threatening the Band's ability to achieve economic self-sufficiency.

17  Unless the requested relief is granted, the rights and interests of the Ramona Band of Cahuilla

18  and its members will be adversely affected and irreparably harmed by the defendants.

19                              **Claim for Relief**

20         10.    The Ramona Band of Cahuilla repeats and realleges and incorporates by

21  reference the allegations contained in paragraphs 1 through 9.

22         11.    The Executive Order of 1891 reserved for the Ramona Band of Cahuilla and its

23  members an amount of surface and groundwater sufficient to meet the present and future

24  needs of the Band, including but not limited to water necessary to accomplish the purpose of

25  the Executive Order to create a permanent home for the Ramona Band of Cahuilla where it

26  could achieve economic self-sufficiency.

27         12.    Withdrawal of ground water by the defendants infringes on the ability of the

28  Ramona Band of Cahuilla to effectively exercise the federal reserved right to that surface and

1  groundwater, thereby causing and continuing to cause irreparable injury to the Band and its

2  members.

3      13.   Defendants' rights and use of groundwater underlying the Ramona Reservation

4  are junior to the Ramona Band of Cahuilla's senior federal reserved water rights.

5      WHEREFORE, the Ramona Band of Cahuilla requests an order from this Court that:

6      (1)   declares and confirms that the Executive Order of 1891 reserved the

7  Reservation and its resources for the benefit of the Ramona Band of Cahuilla and its members

8  and reserved to the Band and its members the right to the surface and underlying groundwater

9  of the Ramona Reservation sufficient to foster, promote, and fulfill the purposes for which the

10  lands of the Reservation were set aside;

11      (2)   declares that the priority date of the surface and groundwater reserved is the

12  date of the Executive Order of 1891, as declared and decreed by this Court in Interlocutory

13  Judgment No. 41;

14      (3)   quantifies the Ramona Band of Cahuilla's right to surface and underlying

15  ground water of the Ramona Reservation in an amount sufficient to meet the present and

16  future needs of the Ramona Band of Cahuilla and the purposes of the Ramona Reservation;

17      (4)   enjoins the defendants from withdrawing surface and underlying groundwater

18  of the Ramona Reservation that is in conflict with the senior federal reserved water rights of

19  the Ramona Band of Cahuilla and its members as declared and decreed by this Court in

20  Interlocutory Judgment No. 41;

21      (5)   awards the Ramona Band of Cahuilla its costs of litigation, including

22  reasonable costs, expenses and disbursements, and reasonable attorneys' fees, as equity

23  requires and pursuant to federal statutes, including 28 U.S.C. § 2412;

24      (6)   awards such other and further relief as may be just and proper;

25  //

26  //

27  //

28  //

1  (7)  retains this Court's jurisdiction for purposes of enforcement of its decree.

2

3 Dated: June 29, 2007     Respectfully submitted,

4           ALEXANDER, BERKEY, WILLIAMS &
            WEATHERS LLP

5

6

7         By: Curtis Berkey
           Curtis G. Berkey

8           Scott W. Williams
           2030 Addison Street, Suite 410

9           Berkeley, California 94704
           Tel: 510/548-7070

10          Fax: 510/548-7080
           E-mail: cberkey@abwwlaw.com

11          E-mail: swilliams@abwwlaw.com

12          *Attorneys for Plaintiff-Intervenor,*
           *Ramona Band of Cahuilla*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit D**

1 | Marco A. Gonzalez (State Bar No. 190832)
Rory R. Wicks (State Bar No. 85340)
2 | COAST LAW GROUP LLP
169 Saxony Road, Suite 204
3 | Encinitas, California 92024
Tel: (760) 942-8505
4 | Fax: (760) 942-8515
marco@coastlawgroup.com
5
Susan M. Williams (Pro Hac Vice)
6 | Sarah S. Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
7 | P.O Box 1483
Corrales, NM 87049
8 | Tel. (505) 899-7994
Fax. (505) 899-7972
9 | swilliams@williamsandworks.net

10 | Attorneys for Proposed Plaintiff in Intervention,
the Cahuilla Band of Indians

11

12

13

14 |                    **IN THE UNITED STATES DISTRICT COURT**

15 |                    **SOUTHERN DISTRICT OF CALIFORNIA**

16 | UNITED STATES OF AMERICA,          )
17 |                 Plaintiff,          )     CIVIL NO. 1247-SD-C
18 | CAHUILLA BAND OF INDIANS,          )     **CAHUILLA BAND OF INDIANS'**
a federally recognized Indian tribe,   )     **FIRST AMENDED**
19 |                                     )     **COMPLAINT IN INTERVENTION**
20 |              Proposed Plaintiff     )
               in Intervention,         )
21 |         v.                          )
22 | FALLBROOK PUBLIC UTILITY            )
DISTRICT, a public service corporation )
23 | of the State of California, et al., )
24 |              Defendants.            )

25

26

27

28

UNITED STATES OF AMERICA v        CAHUILLA BAND OF INDIANS'                    1247-SD-C
FALLBROOK PUBLIC UTILITY          COMPLAINT IN INTERVENTION
DISTRICT et al

0056

# I.    INTRODUCTION

1.    This action was filed by the United States in 1951 to declare, quiet title, and enjoin the unlawful interference of the United States' rights to the use of water in the Santa Margarita River System in San Diego and Riverside Counties, California.

2.    From the inception of this case, the United States has represented the Cahuilla Band of Indians (the "Cahuilla Tribe" or the "Tribe") as the Tribe's federal trustee.  In the early stages of the case, the United States asserted on behalf of the Cahuilla Tribe a right to water under the federal reserved water rights doctrine in amounts sufficient to provide for the present and future needs of the Cahuilla Tribe and its members.

3.    On November 8, 1962, this Court entered an interlocutory judgment which recognized a federal reserved water right for the Cahuilla Tribe and made findings of fact to serve as the basis for quantifying the amount of water reserved for the Cahuilla Tribe.  The Court also made a conclusion of law that the Cahuilla Tribe is entitled to use the surface waters and groundwater underlying the Cahuilla Reservation within the Anza Basin portion of the Santa Margarita River System to satisfy the Tribe's federal reserved water rights.  This Court, however, reserved final quantification until circumstances required.  *Findings of Fact, Conclusions of Law, and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Reservations*, No. 1247 SD C (S.D. Cal. filed Jan. 25, 1951) ("Interlocutory Judgment 41" or "IJ 41").

4.    Circumstances now require a final decree from this Court to quantify and protect the Cahuilla Tribe's senior, federal reserved water rights due to increasing development in the Anza Basin.

2

UNITED STATES OF AMERICA v
FALLBROOK PUBLIC UTILITY
DISTRICT et al                    CAHUILLA BAND OF INDIANS'
                                  COMPLAINT IN INTERVENTION                    1247-SD-C

0057

5.     On January 22, 2007, this Court granted the Cahuilla Tribe's motion to intervene, and the Tribe's Complaint in Intervention was filed on January 23, 2007. This First Amended Complaint is filed in order to clarify that the United States and its agencies are not defendants with regard to the Tribe's water rights claims, and that, rather, they are plaintiffs aligned with the Tribe in seeking final quantification of the Tribe's water rights. The Cahuilla Tribe seeks to participate in this case as a party in cooperation with the United States and to obtain a judicial decree quantifying and protecting the Cahuilla Tribe's senior, federal reserved rights to the surface waters and underlying groundwater of the Cahuilla Reservation within the Anza Basin portion of the Santa Margarita River System that are under this Court's continuing jurisdiction.

## II.   JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1345 (United States as plaintiff), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1362 (federally recognized Indian tribe as plaintiff). An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 (declaratory judgments).

7.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b) because the Santa Margarita River System is located within the Southern District of California and a number of defendants reside in this District.

## III.   PARTIES

8.     Proposed plaintiff in intervention, CAHUILLA BAND OF INDIANS, is a federally recognized Indian tribe, headquartered at Cahuilla, near Anza, California on the Cahuilla Reservation. CAHUILLA TRIBE is governed by the Cahuilla General Council.

9.     By Executive Order in 1875, President Ulysses S. Grant established the Cahuilla Reservation for the CAHUILLA TRIBE. Exec. Order of Dec. 27, 1875, *reprinted* in 1 CHARLES

3

UNITED STATES OF AMERICA v
FALLBROK PUBLIC UTILITY
DISTRICT et al

CAHUILLA BAND OF INDIANS'
COMPLAINT IN INTERVENTION

1247-SD-C

0058

KAPPLER, INDIAN AFFAIRS: LAWS AND TREATIES 820. In 1887, the Cahuilla Reservation was further enlarged by President Grover Cleveland. Exec. Order of Mar. 14, 1887, *reprinted* in 1 CHARLES KAPPLER, INDIAN AFFAIRS: LAWS AND TREATIES 824. The Cahuilla Reservation was further enlarged on December 29, 1891. Interlocutory Judgment 41 at 5. On or about January 25, 1927, the Cahuilla Reservation was expanded. Interlocutory Judgment 41 at 5.

10.     When this court entered Interlocutory Judgment 41, the Cahuilla Reservation contained approximately 18,292 acres, of which approximately 17,312 acres are located within the Santa Margarita River System. Interlocutory Judgment 41 at 7.

11.     Pursuant to the Southern California Indian Land Transfer Act, Pub. L. No. 100-581, approximately 611 acres were added to the Cahuilla Reservation in 1988. Those lands are located within the Santa Margarita River System, but the CAHUILLA TRIBE is not asserting claims for water rights to those 611 acres in this Complaint.

12.     Today, the Cahuilla Reservation contains approximately 18,884 acres, of which approximately 17,923 acres are located within the Santa Margarita River System.

13.     The Cahuilla Reservation is located in the aboriginal territory of the CAHUILLA TRIBE and its members, who have used and occupied the area since time immemorial. The Executive Orders creating the Cahuilla Reservation set aside the land and water resources of the Cahuilla Reservation for the benefit of the CAHUILLA TRIBE as a permanent homeland for its members.

14.     Since time immemorial, the members of the CAHUILLA TRIBE have used, and continue to use, the lands, surface waters and groundwater underlying the Cahuilla Reservation within the Santa Margarita River System, including but not limited to Cahuilla Creek and the Anza Basin, for subsistence, cultural, ceremonial, religious, and commercial purposes.

4

UNITED STATES OF AMERICA v
FALLBROK PUBLIC UTILITY
DISTRICT et al

CAHUILLA BAND OF INDIANS'
COMPLAINT IN INTERVENTION

1247 SD C

0059

15.     The DEFENDANTS in this action are public service corporations, persons, corporations, unincorporated associations, municipalities, water districts, and other entities that use water, claim rights to use water, or deliver water from the Santa Margarita River System that is subject to this Court's jurisdiction.

16.     Some of the DEFENDANTS use or claim junior rights to use water in a manner that impairs the senior, federal reserved water rights of the CAHUILLA TRIBE.

17.     The priority dates of the DEFENDANTS' claimed rights to use water are junior to the federally protected water rights of the Cahuilla Band of Indians and its members.

18.     CAHUILLA TRIBE'S past, present, and future enjoyment of the surface waters and underlying groundwater of the Santa Margarita River System has been, is being, and will continue to be injured by DEFENDANTS' ongoing interference with the Tribe's senior, federal reserved water rights to the Santa Margarita River System and underlying groundwater.

19.     Unless the relief requested is granted, the rights and interests of plaintiff CAHUILLA TRIBE and its members will be adversely affected and irreparably harmed by the DEFENDANTS.

20.     Plaintiff's injury in fact is fairly traceable to DEFENDANTS' conduct and would be redressed by the relief that plaintiff CAHUILLA TRIBE seeks in this case.

## IV.   THE CAHUILLA TRIBE'S FEDERAL RESERVED RIGHTS

### Interlocutory Judgment 41

21.     On November 8, 1962, this Court entered Interlocutory Judgment 41.

22.     The Cahuilla Indian Reservation was originally established by Executive Order of the President on December 27, 1875. *See* Interlocutory Judgment 41 at 4, 20.

23.     At the time Interlocutory Judgment 41 was entered by this Court, the Cahuilla Reservation consisted of approximately 18,292 acres, of which approximately 17,312 acres lie within

5

UNITED STATES OF AMERICA v
FALLBROOK PUBLIC UTILITY
DISTRICT et al

CAHUILLA BAND OF INDIANS'
COMPLAINT IN INTERVENTION

1247-SD-C

0060

1    the Santa Margarita River watershed. Interlocutory Judgment 41 at 7.

2       24.    The surface waters located upon the Cahuilla Reservation, and the underlying

3    groundwater add to, contribute to, and support the Santa Margarita River System. Interlocutory

4

5    Judgment 41 at 8, 20.

6       25.    When it created the Cahuilla Reservation, the United States intended to reserve, and

7    in fact did reserve, rights to the use of the Santa Margarita River system which under natural

8    conditions would be physically available on the Cahuilla Reservation, including rights to the use of

9    groundwater, sufficient for the present and future needs of the Cahuilla Tribe. Interlocutory

10

11    Judgment 41 at 20.

12       26.    The Cahuilla Tribe's senior, federal reserved water rights to the Santa Margarita River

13    System have the following priority dates: A) December 27, 1875, for lands transferred by Executive

14    Order of that date; B) March 14, 1887, for lands transferred by Executive Order of that date; and, C)

15    December 29, 1891, for lands transferred by Executive Order of that date. Interlocutory Judgment 41

16    at 20.

17

18       27.    The surface waters and groundwater underlying the Cahuilla Reservation constitute

19    the sole source of water for the Cahuilla Tribe and its members.

20       28.    The surface waters and groundwater underlying the Cahuilla Reservation are in

21    limited supply and are needed to satisfy the present and future needs of the Cahuilla Tribe and its

22    members.

23

24       29.    The defendants' withdrawal and use of the groundwater underlying and adjacent to the

25    Cahuilla Reservation adversely affects the ability of the Cahuilla Tribe and its members to exercise

26    their senior, federal reserved water rights now and in the future as established by this Court in

27    Interlocutory Judgment 41.

28

6

UNITED STATES OF AMERICA v    CAHUILLA BAND OF INDIANS'      1247-SD-C
FALLBROK PUBLIC UTILITY    COMPLAINT IN INTERVENTION
DISTRICT et al

0061

30.   Defendants' withdrawal and use of the groundwater underlying and adjacent to the Cahuilla Reservation is increasing, thereby further threatening plaintiff Cahuilla Tribe's ability to achieve economic self sufficiency now and in the future.

## V.   CLAIM FOR RELIEF

31.   Each and every allegation set forth above is incorporated herein by reference.

32.   The Executive Orders of 1875, 1887, and 1891 reserved for the Cahuilla Tribe and its members the surface waters and underlying groundwater of the Cahuilla Reservation to meet the present and future needs of the Cahuilla Tribe.

33.   The Cahuilla Tribe's senior, federal reserved rights to the surface waters and groundwater underlying the Cahuilla Reservation is in an amount sufficient to satisfy the present and future needs for water for the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41.

34.   The surface waters and underlying groundwater rights reserved for the benefit of the Cahuilla Tribe have priority dates of December 27, 1875, for lands transferred by the Executive Order of that date; March 14, 1887, for lands transferred by Executive Order of that date; December 29, 1891, for lands transferred by Executive Order of that date – as declared and decreed by this Court in Interlocutory Judgment 41.

35.   Withdrawal of groundwater by the defendants infringes on the ability of the Cahuilla Tribe to use the Tribe's senior, federal reserved rights to the surface waters and underlying groundwater of the Cahuilla Reservation now and in the future.

36.   Defendants' rights and use of groundwater underlying the Cahuilla Reservation are junior to the Tribe's senior, federal reserved water rights.

7

UNITED STATES OF AMERICA v
FALLBROK PUBLIC UTILITY
DISTRICT et al          CAHUILLA BAND OF INDIANS'
COMPLAINT IN INTERVENTION          1247-SD-C

0062

37.     Defendants' withdrawal of groundwater underlying the Cahuilla Reservation will cause irreparable harm to the Cahuilla Tribe and its members.

38.     The remedy for this violation of law is to enter a declaratory judgment pursuant to 28 U.S.C. 2201(a) that defendants are illegally using and impairing the Cahuilla Tribe's senior, federal reserved water rights to the surface waters and underlying groundwater of the Cahuilla Reservation.

39.     It is also within this Court's discretion to enter an injunction prohibiting defendants from illegally impairing the Cahuilla Tribe's use of its senior, federal reserved water rights to the surface waters and underlying groundwater of the Cahuilla Reservation.

## VI.     PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court to enter judgment providing the following relief:

A.     Declare and confirm that the Executive Orders of 1875, 1887, and 1891 reserved the Cahuilla Reservation and its water resources for the benefit of the Cahuilla Tribe and its members, and reserved to the Tribe and its members the right to the surface waters and the groundwater underlying the Cahuilla Reservation;

B.     Declare and confirm the quantities of the Cahuilla Tribe's senior, federal reserved rights to the surface waters and groundwater underlying the Cahuilla Reservation in an amount sufficient to meet the present and future needs of the Cahuilla Tribe on the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41;

C.     Declare and confirm that the priority dates of the surface waters and underlying groundwater rights thus reserved for the benefit of the Cahuilla Tribe are the dates of the Executive Orders establishing the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41;

8

UNITED STATES OF AMERICA v        CAHUILLA BAND OF INDIANS'        1247-SD-C
FALLBROOK PUBLIC UTILITY          COMPLAINT IN INTERVENTION
DISTRICT et al

0063

D.     Enjoin the defendants from withdrawing surface waters and groundwater underlying the Cahuilla Reservation that is in conflict with the senior, federal reserved water rights of the Cahuilla Tribe and its members as declared and decreed by this Court in Interlocutory Judgment 41;

E.     Retain this Court's jurisdiction for purposes of enforcement of its decree;

F.     Award plaintiff its costs of litigation, including reasonable costs, expenses, and disbursements, and reasonable attorneys' fees, as equity requires and pursuant to other federal statutes, including 28 U.S.C. § 2412; and,

G.     Grant such other and further relief as this Court deems just and proper.


Respectfully submitted this 6th day of June, 2007.

Williams & Works, P.A.


By _____

Susan Williams
Sarah S. Works
Williams & Works, P.A.
P.O Box 1483
Corrales, NM 87049
Tel. (505) 899 7994
Fax. (505) 899 7972

Attorneys for Plaintiff-Intervenor,
the Cahuilla Band of Indians

9

UNITED STATES OF AMERICA v
FALLBROOK PUBLIC UTILITY
DISTRICT et al

CAHUILLA BAND OF INDIANS'
COMPLAINT IN INTERVENTION

1247 SD C

0064

**Exhibit E**

INTERLOCUROTY JUDGMENT #40.

<u>Exhibits Incorporated By Reference</u>

U.S.A.Pl's Exhibit 275 - Map, Lancaster, Nigger, Radec,
                    Aguanga & Wilson Valleys, Showing Geology,
                    Location of Wells and Springs and Water
                    Level Contours for Spring, 1960

U.S.A.Pl's Exhibit 277-B - Map, Aguanga Ground Water Area

Interlocutory Judgment #26

Interlocutory Judgment #27

Interlocutory Judgment #43


<u>Exhibits Attached To Original</u>

Exhibit A - U.S.A.Pl's Exhibit 277-C - Legal Description of
                    Exterior Boundary of Aguanga Ground Water
                    Area and Tabulation of Properties Bounded
                    and Traversed By Said Boundary Line

Exhibit B - Alphabetical Index, Apparent Owners Within
                    Aguanga Ground Water Area

Exhibit C - Legal Descriptions, Aguanga Ground Water Area

Exhibit D - Tabulation of Owners of Lands Riparian To
                    Wilson Creek

Exhibit E - Tabulation of Owners of Lands Riparian To
                    Temecula Creek


<u>Referred To But Not Incorporated By Reference</u>

Interlocutory Judgment #33

Interlocutory Judgment #34


<u>Exhibits Attached To This Copy
of Interlocutory Judgment #40</u>

Exhibit B


-1055-

FILED

DEC 12 1962

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

ENTERED

DEC 12 1962

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFOR
By _____
Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff,

vs.

FALLBROOK PUBLIC UTILITY
DISTRICT, et al.,

Defendants.

No. 1247-SD-C

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND INTERLOCUTORY
JUDGMENT NO. 40 PERTAINING
TO THE AGUANGA GROUND WATER
AREA.

## FINDINGS OF FACT

1.

That the Aguanga Ground Water Area is comprised of younger and older alluvial deposits. The exterior boundaries of said ground water area are graphically set forth on United States Exhibit 277B which Exhibit is incorporated herein and made a part hereof by reference, and specifically described in Exhibit A attached hereto. That said exterior boundaries of the Aguanga Ground Water Area have to a certain degree for practical purposes been arbitrarily fixed to conform to lines established by legal subdivisions or to existing physical conditions such as roads. That the areas of younger and older alluvial deposits which comprise said Aguanga Ground Water Area can be determined by reference to U. S. Exh. 275 incorporated herein by reference.

3172

2.

That there are two principal creeks or streams which flow over and upon the lands which comprise the Aguanga Ground Water Area:  Wilson Creek enters the ground water area in Section 10, Township 8 South, Range 1 East, and flows over and upon the younger alluvial deposits which comprise Wilson Valley. It then flows across the Southwest Quarter (SW¼) of Section 9, Township 8 South, Range 1 East, into Lancaster Valley.  Wilson Creek flows across Lancaster Valley as depicted on U. S. Exhibit 275, proceeds across Section 7, Township 8 South, Range 1 East, then over Section 12, Township 8 South, Range 1 West, and over projected Section 11, Township 8 South, Range 1 West into Vail Lake.

Temecula Creek enters the Aguanga Ground Water Area in Section 34, Township 8 South, Range 1 East, flows over and upon the younger alluvial deposits which comprise Aguanga Valley in Sections 34, 33, 28 and 29, Township 8 South, Range 1 East.  After proceeding across Aguanga Valley, Temecula Creek flows over a thin and constricted area of younger alluvial deposits in Sections 29 and 30, Township 8 South, Range 1 East and enters Radec Valley and then proceeds over a constricted area of younger alluvial deposits in the southwest quarter (SW¼) of Section 19, Township 8 South, Range 1 East and into Section 24 Township 8 South, Range 1 West where it enters Nigger Valley. Temecula Creek then flows in a general northwesterly direction over the younger alluvial deposits in Nigger Valley in Sections 24 and 13 and Projected Sections 14 and 15 all in Township 8 South, Range 1 West to its point of confluence with Vail Lake.

3.

That the younger alluvial deposits within the Aguanga Ground Water Area rest upon and are confined laterally on each

-2-

3173

0068

side by either older alluvial deposits or basement complex.  That
said older alluvial deposits and basement complex are of con-
siderably more compacted material and are less permeable than
the younger alluvial deposits.  That the older alluvial deposits
and basement complex because of their more compacted characterist
and limited permeability substantially impede the ground waters
which are contained within the younger alluvial deposits from
moving into the older alluvial deposits and basement complex.
That under natural conditions the ground waters contained in
the younger alluvial deposits within the Aguanga Ground Water
Area move in a general westerly direction, i.e. in the same
direction as the surface flow of Wilson and Temecula Creeks.

4.

That the ground waters within the older alluvial deposi
in the Aguanga Ground Water Area are in hydrologic continuity wit
the ground waters in the younger alluvial deposits and said
ground waters add to, contribute to and support the ground waters
contained within the younger alluvial deposits and the surface
flow of Wilson and Temecula Creeks within the Aguanga Ground
Water Area.

5.

That the said areas of older alluvial deposits and
basement complex which lie beneath and on either side of the
areas of younger alluvial deposits are, as found hereinabove,
composed of considerably more compacted materials than the
younger alluvial deposits and do in fact form the beds and banks
of an underground stream and the ground waters contained in the
younger alluvial deposits move in a westerly directionwithin
said bed and banks and said older alluvial deposits and basement
complex serve the same purpose as a semi-permeable bed and bank
of a surface stream channel.

-3-

3174

6.

That on occasions during or immediately after periods of precipitation, Wilson and Temecula Creeks flow as continual surface streams.  That during such times as there is a surface flow of Wilson and Temecula Creeks the ground waters within the younger alluvial deposits over which said creeks flow are connected with said surface flows and when in fact there is not a perennial flow of Wilson and Temecula Creeks, i.e. during periods other than periods of precipitation, those waters which flow on the surface for a short distance disappear underground, then rise to the surface and again disappear, are in fact the ground waters within the younger alluvial deposits.

7.

That the ground waters contained within the younger alluvial deposits over which Wilson and Temecula Creeks flow move in the identical direction of the surface flow of Wilson and Temecula Creeks when in fact they physically flow, are in a known and definite channel, to wit, the area of younger alluvial deposits and are in fact a part of Wilson and Temecula Creeks and said ground waters within said younger alluvial deposits and said surface flows of Wilson and Temecula Creeks as may physically exist do constitute single streams herein referred to as Wilson and Temecula Creeks, respectively.

8.

That while it is known and certain and definite that said younger alluvial deposits rest upon older alluvial deposits or basement complex, the exact extent of the depth of said younger alluvial deposits to contact with said older alluvial deposits or basement complex is not in most areas of the Aguanga Ground Water Area subject to exact ascertainment.  That it is impossible, based on the evidence available today, to enter a

-4-

3175

1    finding determining the depth of the younger alluvial deposits

2    throughout said Aguanga Ground Water Area with exactness, but

3    as this Court will keep continuing jurisdiction of this cause,

4    jurisdiction is reserved to determine such a fact in the event

5    it becomes necessary to do so in any particular factual situa-

6    tion which might arise in the future.

7                                    9.

8            That although the contact lines on the surface between

9    the younger and older alluvial deposits and the basement complex

10   throughout the Aguanga Ground Water Area have not been deter-

11   mined with absolute exactness, the determination of such contact

12   lines was sufficient for the United States of America to prepare

13   maps and exhibits showing said contact lines and said contact

14   lines as established by said maps and exhibits prepared by the

15   United States of America have been accepted by this Court as

16   being the contact lines between younger alluvial deposits,

17   older alluvial deposits and basement complex on ground surface.

18                                   10.

19           That attached hereto marked Exhibit B and incorporated

20   herein is a master alphabetical index of the apparent

21   owners of all parcels of land within the Aguanga Ground Water

22   Area together with the parcel numbers of the lands owned by the

23   respective parties, the exhibits in which these parcels are

24   listed and the page number in Exhibit C where the legal

25   description of the respective parcels may be found.  That

26   attached hereto marked Exhibit C and incorporated herein

27   is a tabulation setting forth among other things specific legal

28   descriptions of all lands within the Aguanga Ground Water Area.

29                                   11.

30           That hereinafter a reference to the term "parcel

31   number" is explained as follows:

                                    -5-

The first number refers to the township, the second number refers to the range, the next number or numbers refer to section or sections, and the final number, separated by the second number or numbers by a dash, is the numerical designation assigned to the parcel; thus, for example a parcel designated as 81E-18-137 refers to Township 8, Range 1 East, Section 18 - parcel 137.

12.

That attached hereto marked Exhibit D and incorporated herein is an alphabetical list of apparent owners and parcel numbers concerning the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Wilson Creek. As set forth in Finding 10 above the specific property descriptions of the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Wilson Creek is obtained by reference to Exhibit C.

13.

That attached hereto marked Exhibit E and incorporated herein is an alphabetical list of apparent owners and parcel numbers concerning the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Temecula Creek. As set forth in Finding 10 above, the specific property descriptions of the smallest tract of land held under one chain of title a part of which abuts upon or is traversed by Temecula Creek is obtained by reference to Exhibit C.

14.

That there are deposits of basement complex within the Aguanga Ground Water Area which are depicted on U. S. Exhibit 275. That ground waters contained within said deposits of basement complex within said ground water area do not add to, support, nor contribute to the Santa Margarita River or any tributary

-6-

3177

thereto, but are in fact vagrant, local, percolating waters.

15.

That ground waters contained within the Aguanga Ground Water Area do not stand at or about the same level. That ground water levels within the areas of older alluvial deposits and older and younger alluvial deposits may vary considerably. That movement of the ground water in the older alluvial deposits in the Aguanga Ground Water Area is not consistent and continuous but is influenced by many factors including but not limited to the degree of permeability of the deposits within said areas of older alluvial deposits, by the probability of physical ground water barriers beneath the surface and by pumping within said area. Although in some limited areas the movement of said ground waters can be and has been definitely determined, there is insufficient evidence to show to what extent said movement in the major portion of the older alluvial deposits within the Aguanga Ground Water Area is affected by such underground or subterranean conditions.

16.

That the pumping of the ground waters from the older alluvial deposits within the Aguanga Ground Water Area does affect to a presently undetermined extent the surface and underground flow of Wilson and Temecula Creeks and tributaries thereto.

17.

That the general source of the ground waters contained within the younger and older alluvial deposits in said Aguanga Ground Water Area is surface flow of Wilson and Temecula Creeks, runoff from drainage areas outside of that ground water area which occurs during or immediately after periods of precipitation, and to a lesser degree precipitation upon said Aguanga Ground Water Area.

-7-

18.

That specifically the source of recharge for the ground waters heretofore found to constitute a part of Wilson Creek or tributaries thereto within the Aguanga Ground Water Area and the ground waters within the older alluvial deposits north of the surface water divide between Wilson and Temecula Creek drainage areas within said ground water area is the surface drainage area of Wilson Creek which is depicted on U. S. Exhibit 277B. That specifically the source of recharge for the ground waters heretofore found to constitute a part of Temecula Creek and tributaries thereto within the Aguanga Ground Water Area and the ground waters within the older alluvial deposits within said ground water area south of the surface water divide between Wilson and Temecula Creeks drainage area is the surface drainage area of Temecula Creek and tributaries thereto as depicted on said U. S. Exhibit 277B.

19.

That all ground waters within the older alluvial deposits within said Aguanga Ground Water Area are in hydrologic continuity with the waters of the Santa Margarita River and its tributaries and do add to and support the Santa Margarita River and tributaries thereto. That in those areas within the Aguanga Ground Water Area where the younger alluvial deposits contact the older alluvial deposits ground waters do percolate in limited amounts into the adjoining younger alluvial deposits. That said ground waters in said older alluvial deposits are not, however, in a known and definite channel.

20.

That all surface waters which flow over and upon the lands within the Aguanga Ground Water Area are a part of the Santa Margarita River stream system.

-8-

3179

21.

The surface flow of Wilson and Temecula Creeks within the Aguanga Ground Water Area is intermittent as to both time and place.  The following surface diversions from Wilson and Temecula Creeks exist:

No. 1 - Oviatt, 8S1E 7R on Wilson Creek
No. 2 - Allen (Star Dust Ranch), 8S1E 9Q on Wilson Creek
No. 3 - Trunnell, 8S1E 29R on Temecula Creek
No. 4 - Gibbon & Cottle, 8S1E 29L on Temecula Creek
No. 5 - Vail Co., 8S1W 10D on Temecula Creek (Vail Dam)

22.

That except as may be expressly found to the contrary in other findings of fact in this case, all uses of water within said Aguanga Ground Water Area are in their character reasonable and beneficial.

23.

That at the present status of this case, the issue of apportionment has not been presented and this Court has taken no evidence directed to establishing whether such water uses are reasonable or unreasonable as to amount of water used in the light of the rights which may exist as to such water and this issue is left open, is not decided herein and shall be litigated if and when in the future it becomes necessary to do so.  At the present status of this case, the evidence is not sufficient to enable this Court to find the total water supply to, the use within, the export from or the net draft upon said Aguanga Ground Water Area or any part thereof or any stream within, either annually or on the average over a period of years.

24.

That on Exhibit C there appear, in addition to the property descriptions certain statements concerned with wells, surface diversions, apparent ownerships, gross acreages, irrigated

-9-

1   acreages, irrigable acreages and water duty.  The factual state-

2   ments contained in said Exhibit C which pertain to wells and

3   surface diversions are true as of the date of this Interlocutory

4   Judgment.

5           The factual statements contained in said Exhibit which

6   pertain to apparent ownerships are set forth for convenience only

7   and are not necessarily correct and are not intended to be

8   probative on the issue of ownership of any real property described

9   in said exhibits.

10          The factual statements contained in said exhibits

11  which pertain to gross acreages, irrigable acreages, irrigated

12  acreages and water duty shall be prima facie evidence as to such

13  factors in any subsequent proceeding before this Court in this

14  cause.  As used herein, prima facie evidence is that which

15  shall suffice  for the proof of a particular fact until con-

16  tradicted or overcome by other evidence.

17                          25.

18          That within said Aguanga Ground Water Area as depicted

19  on U. S. Exhibit 277B and U. S.Exhibit 275 there are numerous

20  small gullies or creeks or watercourses most of which are unnamed

21  which are tributary to either Wilson or Temecula Creeks and

22  which these findings have not considered in detail.  That in all

23  such situations surface flow would occur only during or imme-

24  diately after periods of precipitation.  That underlying many

25  of such creeks, gullies or watercourses there are younger alluvial

26  deposits which are bedded upon and laterally confined by older

27  alluvial deposits or basement complex; that said younger allu-

28  vial deposits are not extensive but are shallow and ground waters

29  contained therein would be of a relatively limited quantity.

30  That said younger alluvial deposits which underlie such creeks,

31  gullies or watercourses can be determined by reference to

                              -10-

1  U. S. Exhibit 277B and U. S. Exhibit 275.  That the older alluvial

2  deposits or basement complex do in fact form a bed and bank and

3  impede the vertical and horizontal movement of the ground

4  waters contained within said younger alluvial deposits.  That the

5  ground waters contained within said younger alluvial deposits

6  move in the same direction as the surface flow of water when in

7  fact surface flow exists; that when surface flow exists, the

8  ground waters within said younger alluvial deposits are in contact

9  therewith and said ground waters are in fact during such times

10 and at all other times an integral part of the particular creek,

11 gully or watercourse.

12          That ground waters contained within such younger allu-

13 vial deposits are in fact in a known and definite channel, to wit,

14 the area of younger alluvial deposits and do constitute the

15 underground flow of the particular creek, gully or watercourse

16 which traverses over the specific younger alluvial deposits

17 and said ground waters are a part of the Santa Margarita River

18 stream system.

19                              26.

20          That the surface and ground waters contained within

21 the younger alluvial deposits referred to in Finding 25 above do

22 not warrant in these Findings of Fact specific detailed exhibits

23 setting forth descriptions of the lands which abut upon or

24 are traversed by the surface or underground flow of each creek,

25 gully, or watercourse.  That no party to this cause has requested

26 specific findings on these small creeks, gullies or watercourses

27 and this Court at this time makes no specific finding thereon.

28 That as these findings and judgments are interlocutory, this

29 Court will make specific findings should any party to this cause

30 request this Court to do so.  That in the event no such request

31 is made, this Court can and will if the occasion should arise in

                              -11-

3182

11

1  the future be able to make such determinations as may be
2  necessary from the facts as they exist and as found in Finding
3  25 above.

4                           27.

5      That no diversion or use of either surface or ground
6  waters within the Aguanga Ground Water Area has been open,
7  notorious, adverse or hostile to any party in this cause and no
8  prescriptive right to the use of surface or ground waters from
9  any diversion or extraction within the Aguanga Ground Water
10 Area exists.

11                          28.

12     That on certain of the exhibits attached to these
13 findings of fact there appear factual statements concerning
14 applications to appropriate specified waters of the Santa Mar-
15 garita River stream system within the Aguanga Ground Water Area.
16 That because said applications to appropriate said waters involve
17 relatively small amounts of water, this Court has not generally
18 made specific findings on each of these applications nor has any
19 party requested that such findings be made.  This court finds
20 that such factual statements are true and that the applicant to
21 appropriate said waters as appears on said exhibits has such
22 water right as such stated facts warrant under and pursuant to
23 the laws of the State of California concerned with the appropria-
24 tion of waters.   Jurisdiction is reserved to enter specific
25 findings of fact and judgment provisions concerning said appro-
26 priative rights either prior or subsequent to the entry of final
27 judgment in this cause should any party so request.

28     That in other Findings of Fact, Conclusions of Law
29 and Interlocutory Judgments in this cause certain parties have
30 been adjudged to have appropriative rights to the use of the
31 waters of the Santa Margarita River and/or its tributaries.

                          -12-

That except as to those appropriative rights as exist from the factual statements which appear on certain exhibits attached to these Findings of Fact and other appropriative rights specifically adjudged by other Findings of Fact and Interlocutory Judgments in this cause, there are no appropriative rights to the use of the surface waters which flow over and upon any of the lands contained within the Aguanga Ground Water Area or ground waters contained within the younger or older alluvial deposits within said ground water area.

29.

That in Findings of Fact and Interlocutory Judgments Nos. 33 and 34 this Court adjudged rights to the waters of Wilson Creek and Temecula Creek upstream from the Aguanga Ground Water Area.

30.

That this Court has heretofore entered Interlocutory Judgment No. 27 concerning lands apparently owned by defendants Garner L. Knox, Flora S. Knox and Walter G. Knox which are located in Aguanga Valley within the Aguanga Ground Water Area. That Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 27 are incorporated herein by reference.

31.

That this Court has heretofore entered Interlocutory Judgment No. 26 concerning lands apparently owned by defendant James Oviatt. That some of the lands considered in said Interlocutory Judgment No. 26 are located within the Aguanga Ground Water Area. That those provisions of Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 26 which pertain to lands within the Aguanga Ground Water Area are incorporated herein by reference.

- - -

-13-

3184

17

32.

That this Court will hereinafter enter Findings of Fact, Conclusions of Law and Interlocutory Judgment No. _43_ concerning lands apparently owned by defendants Katharine C. Gibbon and William W. Cottle. That said lands which will be covered by Interlocutory Judgment No._43_ are within the Aguanga Ground Water Area and this Court will incorporate herein by reference Findings of Fact, Conclusions of Law and Interlocutory Judgment No._43_ when entered.

33.

That the lands within the Aguanga Ground Water Area apparently owned by defendants Garner L. Knox, Flora S. Knox and Walter G. Knox, James Oviatt, Katharine C. Gibbon and William W. Cottle are referred to in Exhibit B and specifically described in Exhibit C, said Exhibits having heretofore been incorporated into these Findings of Fact.

CONCLUSIONS OF LAW

1.

That all ground waters found within the basement complex within the Aguanga Ground Water Area do not add to, support nor contribute to the Santa Margarita River and are local, vagrant, percolating waters not a part of the River or any tributary thereto.

2.

That all surface waters which flow over and upon the lands within the Aguanga Ground Water Area are a part of the Santa Margarita River and the use of said waters is subject to the continuing jurisdiction of this Court.

3.

That all lands listed by parcel number in Exhibit D and described in Exhibit C which exhibits are attached hereto

-14-

3185

0080

14

1   and incorporated herein, have a correlative, riparian right to

2   the use of the surface and underground flow of Wilson Creek.

                                       4.

4        That all lands listed by parcel number in Exhibit E

5   and described in Exhibit C which exhibits are attached hereto

6   and incorporated herein, have a correlative riparian right to

7   the use of the waters of Temecula Creek.

                                       5.

9        That the exercise of the riparian rights to the use

10   of waters of Wilson Creek and Temecula Creek is subject to the

11   continuing jurisdiction of this Court; that all uses of the

12   waters of said creeks and their tributaries are subject to the

13   continuing jurisdiction of this Court.

                                       6.

15        That all lands described in Exhibit C, attached hereto

16   and incorporated herein, have a correlative, overlying right

17   to the use of the ground waters contained within the older allu-

18   vial deposits which underlie said lands.  That all of said ground

19   waters within said older alluvial deposits within the Aguanga

20   Ground Water Area add to, contribute to and support the Santa

21   Margarita River and/or its tributaries and the use of said

22   waters is subject to the continuing jurisdiction of this Court.

                                     7.

24        That each smallest tract of land held under one chain

25   of title a part of which abuts upon or is traversed by any

26   area containing younger alluvial deposits within said Aguanga

27   Ground Water Area has a correlative, riparian right to the use

28   of said ground waters within and surface waters which may flow

29   upon said younger alluvial deposits, and the use of such waters

30   shall be and is subject to the continuing jurisdiction of this

31   Court.  That except as to Wilson Creek and Temecula Creek such

-15-

lands have not been specifically described in these findings
but can be readily ascertained in the future should it be
necessary to do so by reference to the area of younger alluvial
deposits within said Aguanga Ground Water Area as depicted on
U. S. Exhibits 277Band 275..

8.

That no prescriptive rights to the use of the surface
or underground flow of Wilson and Temecula Creeks or their
tributaries within the Aguanga Ground Water Area or to any
ground waters contained within the younger or older alluvial
deposits within said ground water area exist.

9.

That except as provided by Finding of Fact 28 herein
there are no appropriative rights to the use of the surface
waters which flow over and upon any of the lands contained
within the Aguanga Ground Water Area or to ground waters con-
tained within the younger or older alluvial deposits within
said ground water area.

INTERLOCUTORY JUDGMENT

1.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all
ground waters contained within deposits of basement complex as
said deposits are depicted on U. S. Exhibit 275 and within the
Aguanga Ground Water Area are vagrant, local, percolating waters
which do not add to, support nor contribute to the Santa Mar-
garita River or its tributaries.

2.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
rights of the owners of the said lands referred to in paragraph
one of this Interlocutory Judgment and their heirs, successors

-16-

and assigns, to the use of the ground waters are forever quieted in them and against the United States of America and all other parties having rights to the use of the waters of the Santa Margarita River or its tributaries, their heirs, successors and assigns.

3.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the owners of said lands referred to in paragraph one of this Interlocutory Judgment, their heirs, successors and assigns, are forever restrained from asserting rights in or to the waters of the Santa Margarita River or its tributaries or waters which add to and support said River or its tributaries, excepting rights to surface waters which flow over and upon said lands.

4.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rights _inter se_ of the owners of said lands referred to in paragraph one of this Interlocutory Judgment to the use of the underlying vagrant, local, percolating waters have not been adjudged, determined nor decreed in these proceedings.

5.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all surface waters which flow over and upon any lands within the Aguanga Ground Water Area as depicted on U. S.Exhibit 277B and described in Exhibit C are a part of the Santa Margarita River and their use subject to the continuing jurisdiction of this Court.

6.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all lands listed by parcel number in Exhibit D and described in Exhibit C which exhibits are attached hereto and incorporated herein, have a correlative, riparian right to the use of the

-17-

3188

(7

1   use of the surface and underground flow of Wilson Creek.

2                                   7.

3          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

4   lands listed by parcel number in Exhibit E and described in

5   Exhibit G which exhibits are attached hereto and incorporated

6   herein, have a correlative, riparian right to the use of the

7   surface and underground flow of Temecula Creek.

8                                   8.

9          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

10  lands described in Exhibit C attached hereto and incorporated

11  herein, have a correlative, overlying right to the use of the

12  ground waters contained within the older alluvial deposits

13  which underlie said lands.  It is further ordered, adjudged and

14  decreed that the use of the ground waters contained within said

15  older alluvial deposits is subject to the continuing jurisdiction

16  of this Court.  It is further ordered, adjudged and decreed

17  that said ground waters contained within said older alluvial

18  deposits within the Aguanga Ground Water Area contribute to and

19  support the Santa Margarita River and/or its tributaries, but

20  that said waters are percolating waters and not in a known and

21  definite channel.

22                                  9.

23         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

24  owners of the smallest tract of land held under one chain of

25  title a part of which abuts upon or is traversed by younger

26  alluvial deposits not heretofore specifically determined to be

27  riparian to a specific creek within said Aguanga Ground Water

28  Area have correlative, riparian rights to the use of said waters

29  contained within said younger alluvial deposits and such surface

30  flow as traverses over and upon said younger alluvial deposits.

31  It is further ordered, adjudged and decreed that the use of said

                                -18-

1  waters is subject to the continuing jurisdiction of this Court
2  and that this Court shall maintain jurisdiction to make such
3  findings in the future as may be necessary to settle any dispute
4  concerning thepropriety of the use of said waters and that this
5  Court shall in the future refer to U. S. Exhibits 277B and 275
6  to determine the location of said younger alluvial deposits
7  within said groundwater area.

8                           10.

9       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
10  exercise of the correlative riparian rights to the use of the
11  waters of Wilson and Temecula Creeks and to the use of the
12  waters as provided by Paragraph No. 9 of this Interlocutory
13  Judgment and all other uses of such waters shall be and are sub-
14  ject to the continuing jurisdiction of this Court.

15                          11.

16      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
17  issue of apportionment has not been presented and this Court has
18  taken no evidence directed to establishing whether the use of any
19  waters herein adjudged to be subject to the continuing juris-
20  diction of this Court are reasonable or unreasonable as to
21  amount of water used in the light of correlative rights which may
22  exist as to such waters and this issue is left open, is not
23  decided herein and shall be litigated by this Court if and when
24  in the future it becomes necessary to do so.

25                          12.

26      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
27  there are no prescriptive rights to use any of the waters con-
28  tained in the younger or older alluvial deposits within the
29  Aguanga Ground Water Area or surface waters which flow over and
30  upon any of the lands within the Aguanga Ground Water Area.
31           - - -

                         -19-

                                        3190

#### 13.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that except as may be provided in factual statements set forth on the exhibits attached to this Interlocutory Judgment or specifically adjudged in other Findings of Fact and Interlocutory Judgments in this cause, there  are no appropriative rights to the use of the ground waters contained within the younger or older alluvial deposits within the Aguanga Ground Water Area or the surface waters which flow over and upon any lands within said Aguanga Ground Water Area.

#### 14.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Interlocutory Judgment and the Findings of Fact, Conclusions of Law attached hereto pertain only to the rights to the use of waters on lands within the Aguanga Ground Water Area.

#### 15.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 27 are incorporated herein by reference.  It is further ordered, adjudged and decreed that those provisions of Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 26 concerned with lands within the Aguanga Ground Water Area are incorporated herein by reference; it is further ordered, adjudged and decreed that this Court retains jurisdiction to incorporate herein by reference Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 43 when entered.

#### 16.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon the decision of the United States Court of Appeals for the Ninth Circuit, California v. United States, 235 F.2d 647, that this is not a final decree but is interlocutory in character

-20-

and by reason of the Order of this Court that all parties are
adverse one to the other, thus dispensing with cross pleadings,
all parties to this proceeding may object to these Findings of
Fact, Conclusions of Law and Interlocutory Judgment and will be
given full opportunity upon due notice to interpose their ob-
jections to these Findings of Fact, Conclusions of Law and
Interlocutory Judgment prior to the entry of final judgment in
this cause.

17.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this
Interlocutory Judgment is not appealable, is not final and shall
not be operative until made a part of the final judgment and
this Court expressly reserves jurisdiction to modify or vacate it
either upon its own motion or upon motion of any party to this
proceeding until such time as final judgment in this cause is
entered.

Dated: *12 - 12 - 62*

*James M Carter*
JUDGE

-21-

3191

z 1

LEGAL DESCRIPTION OF THE EXTERIOR BOUNDARY
OF THE AGUANGA GROUND WATER AREA AND TABU-
LATION OF PROPERTIES BOUNDED AND TRAVERSED
BY SAID BOUNDARY LINE.

Beginning at the point on the North boundary of the Pauba Grant line where the
West boundary line of Fractional Section 3, Township 8 South, Range 1 West
intersects the Pauba Grant line, thence Southeasterly along the Pauba Grant
line to the Northeast Corner of the Pauba Grant bordering Section 1, T8S, R1W,
bounding the Vail Ranch.  Thence Southwesterly along the Eastern boundary of
the Pauba Grant bounding Vail Ranch.  Thence East along the Northern boundary
of the South Half of the Northeast Quarter of Fractional Section 12, T8S, R1W
bounding parcel 81W12, 13, 81E7, 8 & 18 - 4, Govt. Lots 1, 4, 5, 6, E½ of
SE¼, Sec. 12, T8S, R1W, N½ of NE¼ of Sec. 13, 8S, R1W, Sec. 7, T8S, R1E, Except
NE¼ of SW¼, W½ of SW¼ of SW¼, Sec. 8, T8S, R1E, NW¼,NW¼ of NE¼, NE¼ of NE¼,
Except South 50 feet thereof East of Highway, Sec. 18, T8S, R1E.  Owners:
Gwiatt, James

Thence North along West boundary of Section 7, T8S, R1E bounding said Par. 4.
Thence East along the Northern boundary of Sec. 7, T8S, R1E, bounding said
Par. 4.  Thence South along the Eastern boundary of said Sec. 7,  Thence East
along the Northern boundary of the SW¼ of the NW¼ of Sec. 8, T8S, R1E, travers-
ing Par. 81E-8-119.  W½ of NW¼ and the NW¼ of SW¼ of Sec. 8, T8S, R1E,
Owners: Johnston, Joel E. & Margaret.

Thence North along the Western boundary of the NE¼ of the NW¼ of Sec. 8, T8S,
R1E, bounding Parcel 81E-8-118.  NE¼ of NW¼ of Sec. 8, T8S, R1E,  Owners:
McKean, Scott E. & Audrey E.

Thence East along the Northern boundary of Sec. 8, T8S, R1E to a point 130 feet
East of the SW Cor. of the SW¼ of SE¼ of Sec. 5, T8S, R1E, bounding said Parcel
118 and bounding Parcel 81E-8-117, NE¼, NE¼ of SW¼, W½ of NW¼ of SE¼, SE¼ of
NW¼ of Sec. 8, T8S, R1E, Except that portion of the SE¼ of the NW¼ lying NW1y
of the Highway.  Owners:  Martin, Charles E. & Dora.

Thence Northeast to the NW Cor. of SE¼ of the SE¼ of Sec. 5, T8S, R1E, bounding
Parcel 81E-5-108,  Portions of SE¼ of SE¼, and SW¼ of SE¼ of Sec. 5, T8S, R1E.
Owners:  Barton, Irene M., aka Welch, and Welch, Dave.

Thence North along West boundary of NE¼ of SE¼ of Sec. 5, T8S, R1E, bounding
Parcel 81E-5-106.  That portion of NE¼ of SE¼ of Sec. 5, T8S, R1E, lying W1y
of County Road.  Owners:  Tomlinson, Bruce A. & Julia

Thence East along the North boundary of the NE¼ of the SE¼ of Sec. 5, T8S, R1E,
bounding said Parcel 106 and bounding Parcel 81E-5-107.  That portion of NE¼ of
SE¼ of Sec. 5, T8S, R1E, lying Ely of County Road.  Owners:  Marion, George.

Thence North along Western boundary of E½ of SE¼ of NE¼ of Sec. 5, T8S, R1E,
bounding Parcel 81E-4, 5-102.  S½ of NW¼ of Sec. 4, T8S, R1E, and E 20 acres
of S½ of NE¼ of Sec. 5, T8S, R1E.  Owners:  Kohn, Harry & Naomi.

Thence East along North boundary of S½ of NE¼ of Sec. 5, T8S, R1E, and North
boundary of S½ of NW¼ of Sec. 4, T8S, R1E, bounding said Parcel 81E-4, 5-102.

Thence South along East boundary of S½ of NW¼ of Sec. 4, T8S, R1E, bounding
said Parcel 102.  Thence East along North boundary of SE¼ of Sec. 4, T8S, R1E,
bounding Parcel 81E, 3, 4, 8, 9, 10, 16, 17, 18 - 101.  SE¼ of SE¼ of Sec. 3,
T8S, R1E; SE¼ of Sec. 4, T8S, R1E; E½ of SE¼, E½ of NW¼ of SE¼, SW¼ of SE¼,

-1-

SE$\frac{1}{4}$ of SW$\frac{1}{4}$, E$\frac{1}{2}$ of SW$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 8, T8S, R1E;  Sec. 9, T8S, R1E;  N$\frac{1}{2}$ of SW$\frac{1}{4}$, NE$\frac{1}{4}$ of Sec. 10, T8S, R1E; W$\frac{1}{2}$ of Sec. 16, T8S, R1E; W$\frac{1}{2}$ of SE$\frac{1}{4}$, NE$\frac{1}{4}$ of SE$\frac{1}{4}$, N$\frac{1}{2}$ Except 1 acre in NW Cor. of SW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 17, T8S, R1E; South 50 feet East of Highway in NE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 18, T8S, R1E.  Owners: Allen, Willard H. & Marjorie LaVerne.

Thence North along West boundary of Sec. 3, T8S, R1E, bounding Parcel 81E-3, 10-100.  All of Sec. 3, T8S, R1E, except the SE$\frac{1}{4}$ of the SE$\frac{1}{4}$, and the NW$\frac{1}{4}$ of Sec. 10, T8S, R1E.  Owner: Murcell, Betty B.

Thence East along North boundary of Sec. 3, T8S, R1E, and South along East boundary of Sections 3 & 10, T8S, R1E, bounding said Parcel 100 and bounding said Parcel 101, and bounding Parcel 81E-10-121.  Govt. Lots 1 & 2, Sec. 10, T8S, R1E.  Owners: Ashcraft, Inez F. & Estudillo, Minerva C.

Thence West along South boundary of N$\frac{1}{2}$ of SE$\frac{1}{4}$ of Sec. 10, T8S, R1E, bounding said Parcel 121.

Thence South along East boundary of South Half of SW$\frac{1}{4}$ of Sec. 10, T8S, R1E, bounding Parcel 81E-10-120.  The S$\frac{1}{2}$ of SW$\frac{1}{4}$, Sec. 10, T8S, R1E.  Owner: Porter, Crystal Wells.

Thence East along South boundary of Sec. 10, T8S, R1E, bounding said Parcel 120.  Thence South along East boundary of Sec. 16, T8S, R1E, traversing Public Domain in Sections 15 & 16, T8S, R1E.  Thence East along the North boundary of the S$\frac{1}{2}$ of S$\frac{1}{2}$ of Sec. 15, T8S, R1E, traversing Parcel 81E-15, 22-127.  Lots 6, 11, 13 & 14 of Sec. 15, T8S, R1E, and Lots 3 through 6 of Sec. 22, T8S, R1E.  Owners: Hasselquist, Gustave & Jeanne.

Traversing Parcel 81E-15, 22-126.  SE$\frac{1}{4}$ of Sec. 15, T8S, R1E, and NE$\frac{1}{4}$ of Sec. 22, T8S, R1E.  Owners: Gruner, Joseph A. & June B.

Thence South along East boundary of Sec. 15, bounding said Parcel 81E-15, 22-126.  Thence East along the North boundary of Sec. 23, T8S, R1E, bounding Parcel 81E-23-126A (Wilson Creek Tabulations), W$\frac{1}{2}$ of NW$\frac{1}{4}$, Sec. 23, T8S, R1E.  Owners:  Murphy, Edward & Bertha.

Continuing East bounding Parcel 81E-23-97 (Temecula Creek Tabulation).  North Half of SW$\frac{1}{4}$, E$\frac{1}{2}$ of NW$\frac{1}{4}$, N$\frac{1}{2}$ of NE$\frac{1}{4}$, SE$\frac{1}{4}$ of SW$\frac{1}{4}$, NW$\frac{1}{4}$ of SE$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 23, T8S, R1E.  Owner: Bergman, Annie.

Thence South along East boundary of the NE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 23, T8S, R1E, traversing said Parcel 97.

Thence East along North boundary of the S$\frac{1}{2}$ of the N$\frac{1}{2}$ of Sec. 24, T8S, R1E, bounding Parcel 81E-23, 24 & 82E-18, 19, 20, 21, 22 - 99.  S$\frac{1}{2}$ of NE$\frac{1}{4}$ of Sec. 23, T8S, R1E, S$\frac{1}{2}$ of NW$\frac{1}{4}$, SW$\frac{1}{4}$ of NE$\frac{1}{4}$, and Govt. Lots 1 & 2, Sec. 24, T8S, R1E, also portions of Sections 18, 19,/21 & 22 of T8S, R2E.  Owners: Western Brass Works & McKinley, Ivan E.   20,

Thence South along East boundary of the SW$\frac{1}{4}$ of NE$\frac{1}{4}$, Sec. 24, T8S, R1E, bounding said Parcel 99.

Thence East along North boundary of the NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1E, bounding said Parcel 99.

Thence South along East boundary of the NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1E, traversing said Par. 99.

Thence West along South boundary of the N$\frac{1}{2}$ of the SE$\frac{1}{4}$ of Sec. 24, T8S, R1E, bounding said Par. 99.

Thence North along the West boundary of the NW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1E, bounding said Par. 99.

-2-

3193

Thence West along the South boundaries of the NW$\frac{1}{4}$, Sec. 24 and NE$\frac{1}{4}$ of Sec. 23, T8S, R1E, bounding said Par. 99.

Thence South along East boundary of the NE$\frac{1}{4}$ of the SW$\frac{1}{4}$, Sec. 23, T8S, R1E, and West along the South boundary of the NE$\frac{1}{4}$ of the SW$\frac{1}{4}$ of Sec. 23, T8S, R1E, traversing Parcel 81E-23-97, as above described.

Thence South along the East boundaries of the SW$\frac{1}{4}$ of the SW$\frac{1}{4}$ of Sec. 23, T8S, R1E, and the West Half of the NW$\frac{1}{4}$ of Sec. 26, T8S, R1E, bounding Par. 81E-23-26-98. The SW$\frac{1}{4}$ of the SW$\frac{1}{4}$ of Sec. 23, R1E, W$\frac{1}{2}$ of the W$\frac{1}{2}$ and NE$\frac{1}{4}$ of the SW$\frac{1}{4}$ of Sec. 26, T8S, R1E. Owners: Jessop, C. S. & Florence and Bourret, R. H. & Doris M.

Thence East along North boundary of the NE$\frac{1}{4}$ of the SW$\frac{1}{4}$ of said Sec. 26, T8S, R1E, bounding said Parcel 98. Thence South along East boundary of the NE$\frac{1}{4}$ of the SW$\frac{1}{4}$ of Sec. 26, T8S, R1E, thence West along South boundary of the NE$\frac{1}{4}$ of the SW$\frac{1}{4}$ of said Sec. 26, bounding said Parcel 98.

Thence South along East boundary of the SW$\frac{1}{4}$ of the SW$\frac{1}{4}$ of said Sec. 26, bounding said Parcel 98.

Thence West along South boundary of said Sec. 26, bounding said Parcel 98.

Thence South along East boundary of Sec. 34, T8S, R1E, bounding Parcel 81E-34-76D. NW$\frac{1}{4}$ of NE$\frac{1}{4}$, E$\frac{1}{2}$ of NE$\frac{1}{4}$, Sec. 34, T8S, R1E. Owner: Bergman, Annie

And, bounding Par. 81E-34-88, SW$\frac{1}{4}$ of NE$\frac{1}{4}$, N$\frac{1}{2}$ of SE$\frac{1}{4}$, SE$\frac{1}{4}$ of SE$\frac{1}{4}$, NE$\frac{1}{4}$ of NW$\frac{1}{4}$, S$\frac{1}{2}$ of NW$\frac{1}{4}$ and East 1100 feet of Nly 165 feet of SW$\frac{1}{4}$ of Sec. 34, T8S, R1E. Owner: Bergman, Annie.

Thence West along South boundary of SE$\frac{1}{4}$ of Sec. 34, T8S, R1E, bounding said Parcel 88, and bounding Parcel 81E-34-92. SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 34, T8S, R1E, Owner: Landgren, John A.

Thence South along the East boundary of the NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 3, T9S, R1E, bounding Parcel 91E-3-93. NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 3, T9S, R1E. Owner: State of California.

Thence West along South boundary of the NE$\frac{1}{4}$ of the NW$\frac{1}{4}$ of said Sec. 3, bounding said Parcel 93.

Thence North along West boundary of the NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of said Sec. 3, bounding said Parcel 93.

Thence West along South boundaries of the SW$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 34, and the SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 33, T8S, R1E, bounding Parcel 81E-33, 34 - 77, SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 33, T8S, R1E, and the S$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 34, said Township & Range. Owners: Lucier, David O., aka Dave O., and Ella J., and Beaumont, Roy C.

Thence North along the West boundary of the SE$\frac{1}{4}$ of the SE$\frac{1}{4}$ of Sec. 33, T8S, R1E, bounding said Parcel 77.

Thence West along South boundary of the NW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 33, T8S, R1E, bounding Parcel 81E-33-69A. N$\frac{1}{2}$ of SE$\frac{1}{4}$, W$\frac{1}{2}$ of NE$\frac{1}{4}$, E$\frac{1}{2}$ of NW$\frac{1}{4}$, and NW$\frac{1}{4}$ of NW$\frac{1}{4}$, Sec. 33, T8S, R1E. Owners: Trunnell, Donald & Esther.

Thence North along the West boundary of the NW$\frac{1}{4}$ of the SE$\frac{1}{4}$ of Sec. 33, T8S, R1E, bounding said Parcel 69A.

Thence West along the South boundary of the SE$\frac{1}{4}$ of NW$\frac{1}{4}$ of said Sec. 33, bounding said Parcel 69A.

Thence North along West boundary of the SE$\frac{1}{4}$ of the NW$\frac{1}{4}$ of said Sec. 33, bounding said Parcel 69A.

-3-

Thence West along South boundary of the NW$\frac{1}{4}$ of the NW$\frac{1}{4}$ of said Sec. 33, bounding said Parcel 69A.

Thence North along West boundary of the NW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 33, bounding said Parcel 69A.

Thence West along South boundary of Sec. 29, T8S, R1E, bounding Parcel 81E-28, 29 - 69.  E$\frac{1}{2}$ of SE$\frac{1}{4}$, and SE$\frac{1}{4}$ of NE$\frac{1}{4}$, Sec. 29, T8S, R1E, NW$\frac{1}{4}$ of NW$\frac{1}{4}$, S$\frac{1}{2}$ of NW$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$, and SW$\frac{1}{4}$ of Sec. 28, T8S, R1E.  Owners:  Trunnell, Donald B. & Esther M.

And, bounding Parcel 81E-29-66,  SE$\frac{1}{4}$ of SW$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 29, T8S, R1E, Owners:  Brocknau, Edward W. & Bessie C.

Bounding Parcel 81E-29-65.  W$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 29, T8S, R1E,  Owners:  Schroeder, Walter A. & Jeanette.

Thence North along the West boundary of the SW$\frac{1}{4}$ of Sec. 29, T8S, R1E, bounding said Parcel 65.

Thence West along South boundary of the SE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 30, T8S, R1E, bounding Par. 81E-19, 20, 29 & 30 - 54.  SE$\frac{1}{4}$ of NW$\frac{1}{4}$ of SE$\frac{1}{4}$, S$\frac{1}{2}$ of NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of SE$\frac{1}{4}$, E$\frac{1}{2}$ of SW$\frac{1}{4}$ of SE$\frac{1}{4}$, and NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 19, T8S, R1E,  Except that portion lying NEly of the center line of State Highway.  And, SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of said Sec. 19.  Also, N$\frac{1}{2}$ of NE$\frac{1}{4}$ and SE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 30, T8S, R1E.  Also, SW$\frac{1}{4}$ of SW$\frac{1}{4}$, W$\frac{1}{2}$ of NW$\frac{1}{4}$ of SW$\frac{1}{4}$ lying South of the Highway of Sec. 20, T8S, R1E. W$\frac{1}{2}$ of NW$\frac{1}{4}$ of Sec. 29, T8S, R1E.  Owners:  Gibbon, William R. & Katharine C.

Thence North along West boundary of the SE$\frac{1}{4}$ of NE$\frac{1}{4}$ of said Sec. 30, bounding said Parcel 54.

Thence West on South boundary of NW$\frac{1}{4}$ of NE$\frac{1}{4}$ of said Sec. 30, bounding said Parcel 54.

Thence North on West boundary of NW$\frac{1}{4}$ of NE$\frac{1}{4}$ of said Sec. 30, bounding said Parcel 54.

Thence West along South boundary of the SW$\frac{1}{4}$ of Sec. 19, T8S, R1E, bounding Parcel 81E-19-43.  That portion of SE$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 19, T8S, R1E, lying South of the Highway.  The W$\frac{1}{2}$ of W$\frac{1}{2}$ of SE$\frac{1}{4}$, N$\frac{1}{2}$ of NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of SE$\frac{1}{4}$, E$\frac{1}{2}$ of SW$\frac{1}{4}$ lying South of Highway, and that portion of SW$\frac{1}{4}$ of NE$\frac{1}{4}$ of said Sec. 19, lying South of Highway.  Owner:  Cottle, William W. & Gertrude D., and

Bounding Parcel 81E-19-42.  Govt. Lot 4, and SE$\frac{1}{4}$ of Govt. Lot 3, Sec. 19, T8S, R1E.  Owners:  Poore, Paul R. & Mildred C.

Thence North along West boundary of SW$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 19, T8S, R1E, bounding said Parcel 42.

Thence West along South boundary of NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1W, bounding Parcel 81W-13-24-23, Govt. Lots 8 to 12 inclusive of Sec. 13, T8S, R1W, and NE$\frac{1}{4}$, E$\frac{1}{2}$ of NW$\frac{1}{4}$, NE$\frac{1}{4}$ of SE$\frac{1}{4}$,  That por. of Lot 1 North of County Road, of Sec. 24, said Township and Range.  Owners:  Knox, Garner L., Flora S., & Walter G.

Thence South along the East boundary of SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1W bounding Parcel 81W-24-26.  E$\frac{1}{2}$ of SW$\frac{1}{4}$ and W$\frac{1}{2}$ of SE$\frac{1}{4}$ of Sec. 24, T8S, R1W. Owners:  Jurkovich, B. M. & Mary

Thence West along the South boundary of Sec. 24, T8S, R1W, bounding said Parcel 26 and,

Bounding Parcel 81W-24-25, W$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 24, said Township and Range. Owners:  Lonon, P. E. & Zana B.

Thence North along West boundary of Sec. 24, T8S, R1W, bounding said Parcel 25 and

3195

Bounding Parcel 81W-24-24. $SW\frac{1}{4}$ of $NW\frac{1}{4}$, That Por. of Lot 1 South of the County Road of Sec. 24, T8S, R1W. Owner: King, Arthur A.

Thence West along Pauba Grant Line bounding Vail Ranch.

Thence South along East boundary of $W\frac{1}{2}$ of Frac. Sec. 22, T8S, R1W, bounding Parcel 81W-22-18. $W\frac{1}{2}$ of Frac. Sec. 22, T8S, R1W, Except $W\frac{1}{2}$ of $SW\frac{1}{4}$ of said Sec. 22. Owners: Bennis, Carl V. & Nina, and Strodthoff, Gus J. & Una.

Thence West along South boundary of Frac. Sec. 22, T8S, R1W, bounding said Parcel 18 and

Bounding Parcel 81W-22-19, $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 22, T8S, R1W. Owners: Denni, Joseph A. & Grace H.

Thence South along East boundary of $NE\frac{1}{4}$ of Sec. 28, T8S, R1W, bounding Parcel 81W-21, 22 & 28 - 17. $E\frac{1}{2}$ of $SE\frac{1}{4}$, Sec. 21, T8S, R1W., $NW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 22, said Township & Range, $NE\frac{1}{4}$, $W\frac{1}{2}$ of $SE\frac{1}{4}$, $E\frac{1}{2}$ of $E\frac{1}{2}$ of $SW\frac{1}{4}$ of Sec. 28, said Township and Range. Owners: Scott, Clarence Edward & Maude C., Vermillion, George M. & Hazel S., Wade, Ralph H. & Sally R., Simonich, Joseph & Dorothy A.

Thence West along South boundary of $SE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 28, T8S, R1W, bounding said Parcel 17.

Thence South along East boundary of $W\frac{1}{2}$ of $SE\frac{1}{4}$ of Sec. 28 bounding said Parcel 17.

Thence West along South boundary of the $SW\frac{1}{4}$ of $SE\frac{1}{4}$, and $E\frac{1}{2}$ of $E\frac{1}{2}$ of $SW\frac{1}{4}$ of Sec. 28, bounding said Parcel 17.

Thence North along West boundary of $E\frac{1}{2}$ of $E\frac{1}{2}$ of $SW\frac{1}{4}$ of Sec. 28, T8S, R1W, bounding said Parcel 17.

Thence West along South boundary of $NW\frac{1}{4}$ of Sec. 28, T8S, R1W, bounding Parcel 81W-21-28-16. $W\frac{1}{2}$ of $SE\frac{1}{4}$, $SE\frac{1}{4}$ of $SW\frac{1}{4}$, Sec. 21, T8S, R1W. $E\frac{1}{2}$ of $NW\frac{1}{4}$, Sec. 28, said Township and Range. Owners: Fisher, John C. & Dorothy A., and

Bounding Parcel 81W-28-14, $W\frac{1}{2}$ of $NW\frac{1}{4}$ of Sec. 28, T8S, R1W, Owners: Lohman, Edgar S. & Myrtle D.

Thence North along West boundaries of Sec. 28 and 21, T8S, R1W, bounding said Parcel 14,

And bounding Parcel 81W-21-13, $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 21, T8S, R1W, Except Nly 330 feet thereof. Owners: Lohman, Edgar S. & Myrtle D.

Bounding Parcel 81W-21-12, Nly 330 feet of $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 21, T8S, R1W. Owners: Luckasavage, Alex J. & Carol H.

Bounding Parcel 81W-21-11, Lots 3 & 4 and $N\frac{1}{2}$ of $SW\frac{1}{4}$ of Sec. 21, T8S, R1W. Owner: Hunter, Victoria, now known as Victoria Hunter Zegers.

Thence Westerly along the Pauba Grant line to the corner monument on the boundary line between Pauba Grant and Frac. Section 20, T8S, R1W, bounding the Vail Ranch. Thence Northerly and Northeasterly along the surface water divide between the drainage into Vail Lake and the drainage into Nigger Canyon and Pauba Valley to the intersection of the said surface water divide with the North boundary of the Pauba Grant traversing the Vail Ranch, thence Southeasterly along the Pauba Grant line to the point of beginning bounding the Vail Ranch.

-5-

ALPHABETICAL INDEX

APPARENT OWNERS WITHIN AGUANGA GROUND WATER AREA

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| Adams, Earl C. | 81E-18-137 | 13 |
| Adams, Earl Charles | 81E-17-129 | 9 |
| Allen, Willard H. & Marjorie LaVerne | 81E-3, 4, 8, 9, 10, 16, 17, 18 - 101 | 3 |
| Anderson, Milford & Myrtle A. | 81E-27-81 | 38 |
| Ashcraft, Inez F. | 81E-10-121 | 9 |
| Askins, Harry N. & Carmen E. | 81E-19-50 | 25 |
| Baach, Charlotte K. | 81E-5-112 | 5 |
| Baker, Merrill | 81E-17, 18 - 132 | 10 |
| Barton, Irene M. | 81E-5-108 | 5 |
| Barton, Sarah Irene McGee | 81E-19-53 81E-20, 29 - 62 | 27 29 |
| Beason, Karl T. & Dorothy J. | 81E-19-44 | 23 |
| Beckett, Frank C. & Nora M. | 81E-20-58 | 28 |
| Bennett, Charlotte K. | 81E-5-112 | 5 |
| Bennis, Carl V. & Nina | 81W-22-18 | 17 |
| Bergman, Annie E. | 81E-33-76 81E-22-76A 81E-27-76B 81E-27-76C 81E-34-76D 81E-27-80 81E-34-88 81E-23, 24 - 97 81E-26-98A | 35 35 36 36 36 37 40 42 43 |
| Bergman, Carl H. | 81E-27-80 | 37 |
| Bergman, Donald B. | 81E-27-80 | 37 |
| Bergman, Esther | 81E-27-80 | 37 |
| Bergman, Florence | 81E-27-80 | 37 |

-1-

3197

Interlocutory Judg. #40
Exhibit "B"

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| Bergman, Ray L. & Sharon F. | 81E-27-80<br>81E-27-83 | 37<br>38 |
| Bergman, Walter A. | 81E-27-80 | 37 |
| Bourret, R. H. & Doris M. | 81E-27-84<br>81E-27 - 86, 86A & 87<br>81E-23, 26 - 98 | 39<br>39<br>42 |
| Bowlin, Eve S. | 81E-27-85 | 39 |
| Brocknau, Edward W. & Bessie C. | 81E-29-66 | 30 |
| Burch, Frank J. | 81E-19-48 | 25 |
| Burchett, Robert L. & Evalene | 81E-20, 29 - 63<br>81E-29-64 | 29<br>30 |
| Burchett, Warren Phillip | 81E-29-64 | 30 |
| Burke, Martin L. | 81E-18-134 | 11 |
| California, State of | 81E-17-128<br>91E-3-93 | 9<br>41 |
| Coda, Leo R. & Lillian L. | 81E-18-138 | 13 |
| Cottle, William W. & Gertrude D. | 81E-19-43 | 23 |
| Curphey, William E. & Myrtle E. | 81E-20-60 | 28 |
| Davis, Lloyd Q. | 81E-33-75 | 35 |
| Denni, Joseph A. & Grace H. | 81W-22-19 | 17 |
| Erwin, Robert M. & Ada Dee | 81E-17-130<br>81E-17, 18 - 131 | 9<br>10 |
| Estudillo, Minerva C. | 81E-10-121 | 7 |
| Fisher, John C. & Dorothy A | 81W-21, 28 - 16 | 16 |
| Frykland, Basil N. & Hazel B. | 81E-29-67 | 31 |
| Gibbon, William R. & Katherine C. | 81E-19, 20, 29, 30 - 54 | 27 |
| Gruner, Joseph A. & June B. | 81E-15, 22 - 126 | 8 |

-2-

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| Gruner, Lawrence V. | 81E-27-82 | 38 |
| Haggard, C. W. & Lillie B. | 81E-19-39 | 21 |
| Hagman, Lester W. & Leta | 81E-20-61 | 29 |
| Hale, Linnea | 81E-18-135 | 12 |
| Hasselquist, Gustav H. & Jeanne B. | 81E-12, 22 - 127 | 8 |
| Henderson, John T. | 81E-34-90 | 40 |
| Holmes, Ervin Howard & Erna Hazel | 81E-28-70A | 33 |
| Holmes, Glen Hugh & Ellen Adeline | 81E-28-70 | 33 |
| Hunter, Anna | 81E-19-40 | 22 |
| Hunter, Dorothy | 81E-19-40 | 22 |
| Hunter, Victoria | 81W-21-11 | 14 |
| Jacoby, Donald W. & Mabel M. | 81E-19-38 | 21 |
| Jessop, C. S. & Florence | 81E-27-84<br>81E-27 - 86, 86A & 87<br>81E-23, 26 - 98 | 39<br>39<br>42 |
| Johnson, P. H. | 81E-33-74 | 34 |
| Johnston, Joel E. & Margaret | 81E-8-119<br>81E-8-119A | 6<br>7 |
| Jurkovich, B. M. & Mary | 81W-24-26 | 19 |
| King, Arthur A. | 81W-24-24 | 18 |
| King, Ervin B. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, George F. B. | 81E-28-72 | 34 |
| King, Lawrence L. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, Mabel | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, Roy F. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |

-3-

3199

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| King, Verona | 81E-20-72 | 34 |
| | 81E-27, 28 - 73 | 34 |
| Knox, Garner L., Flora S. & Walter G. | 81W-13, 24 - 23 | 18 |
| | 81E-18, 19 - 33 | 19 |
| Kohn, Harry & Naomi | 81E-4, 5 - 102 | 4 |
| Landgren, John A. | 81E-34-92 | 41 |
| Lane, Lucy B. | 81E-28-72 | 34 |
| Lohman, Edgar S. & Myrtle D. | 81W-21, 28 - 13 & 14 | 15 |
| Lonon, P. E. & Zana B. | 81W-24-25 | 19 |
| Lucier, David O. & Ella J. | 81E-33, 34 - 77 | 37 |
| Luckasavage, Alex J. & Carol H. | 81W-21-12 | 15 |
| Mc Carrel, Francis | 81E-18-135 | 12 |
| McDonnell, Ruja A. | 81W-21-15 | 15 |
| Mc Kean, Scott E. & Audrey E. | 81E-8-118 | 6 |
| Mc Kinley, Ivan E. & Mathea A. | 81E-23, 24 - 99 | 43 |
| Marcus, Murray M. & Violet | 81E-19-41 | 22 |
| Marion, George | 81E-4-107 | 4 |
| Marshall, George & Iona | 81E-19-44 | 23 |
| Martin, Charles E. & Dora A. | 81E-8-117 | 6 |
| Massengill, J. D. | 81E-19-35 | 20 |
| Miller, Lula I. | 81E-19-47 | 24 |
| Murcell, Betty B. | 81E-3, 10- 100 | 3 |
| Murphy, Edward & Bertha | 81E-23-126A | 8 |
| Oviatt, James | 81W-12, 13, 81E-7, 8, 18 - 4 | 2 |
| Poignee, George L. & Louise H. | 81E-19-45 | 23 |

-4-

3200

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| Poore, Paul R., Mildred C. & Robert Arthur | 81E-19-42<br>81E-19-46<br>81E-20-59 | 22<br>24<br>28 |
| Porter, Crystal Wells | 81E-10-120 | 7 |
| Register, Delia A. | 81E-34-91 | 41 |
| Richie, John H. & Marie L. | 81E-19-36 | 20 |
| Riverside, County of | 81E-19-51 | 26 |
| Robertson, L. G. | 81E-19-47 | 24 |
| Robinson, Julienne Vaasa & M. C. | 81W-13-3 | 2 |
| Rook, Arthur W. & June D. | 81E-20, 21 - 68 | 31 |
| Schroeder, Walter A., Jr. & Jeanette H. | 81E-29-65 | 30 |
| Schuman, Thomas S. & Dorothy | 81E-19-49 | 25 |
| Scott, Clarence Edward & Maude C. | 81W-21, 22, 28 - 17 | 16 |
| Simonich, Joseph & Dorothy A. | 81W-21, 22, 28 - 17 | 16 |
| Sloan, Myrtle M. King | 81E-28-72 | 34 |
| Spaniol, Gustave A. & Rose | 81E-19, 20 - 52 | 26 |
| Sperou, George J. & Marjorie V. | 81E-18-139 | 14 |
| Strodthoff, Gus J. & Una | 81W-22-18 | 17 |
| Tietsche, Paul W. & Nola Pearl | 81E-18-136 | 12 |
| Tomlinson, Bruse A. & Julia | 81E-5-106 | 4 |
| Tripp, Edward C. | 81E-18-133 | 11 |
| Trunnell, Donald B. & Esther M. | 81E-28, 29 - 69<br>81E-33-69A<br>81E-33-69B<br>81E-33, 34 - 69C<br>81E-27-80 | 31<br>32<br>32<br>32<br>37 |

-5-

3201

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| United States of America | Par. 2 | 1 |
| Vail Co. | Par. 1 | 1 |
| Vermillion, George M. & Hazel S. | 81W-21, 22, 28 - 17 | 16 |
| Wade, Ralph W. & Sally R. | 81W-21, 22, 28 - 17 | 16 |
| Welch, Irene M. Barton & Dave | 81E-5-108 | 5 |
| Western Brass | 81E-23, 24 - 99 | 43 |
| Williams, Allen W. & Gladys | 81E-34-89 | 40 |
| Wolf, Alfred P. | 81E-28-71 | 33 |
| Zegers, Victoria Hunter | 81W-21-11 | 14 |

-6-

3202

<u>AGUANGA GROUND WATER AREA</u>

Parcel 1  (Wilson Creek)
       1  (Temecula)                                    Exhibit No. 210C
                                                                              211C

          That portion of Pauba Rancho within drainage area of Vail Lake

Apparent Owner:      VAIL COMPANY, INC.

Gross Acreage        2,349.8              Wells:

Irrigable Acreage    2,007.1

Irrigated Acreage

Surface Diversions:

---

Parcel 2 (Wilson Creek)
       1 (Temecula)                                     Exhibit No. 210C
                                                                              211C
    81E-4  - $SW\frac{1}{4}$ of Sec. 4, T8S, R1E
    81E-7  - $NE\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 7, T8S, R1E
    81E-16 - $E\frac{1}{2}$ of Sec. 16, T8S, R1E
    81E-17 - $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 17, T8S, R1E
    81W-13 - $SE\frac{1}{4}$ of $NW\frac{1}{4}$; $S\frac{1}{2}$ of $NE\frac{1}{4}$ & $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 13, T8S, R1W
    81E-20 - $NE\frac{1}{4}$; $E\frac{1}{2}$ of $NW\frac{1}{4}$ & $NW\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 20, T8S, R1E
    81E-21 - All of Sec. 21, T8S, R1E EXC $S\frac{1}{2}$ of $SW\frac{1}{4}$
    81E-27 - $N\frac{1}{2}$ of $NW\frac{1}{4}$; $NW\frac{1}{4}$ of $NE\frac{1}{4}$; $NE\frac{1}{4}$ of $SW\frac{1}{4}$ & $NW\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 27,
              T8S, R1E.

Apparent Owner:       UNITED STATES OF AMERICA

Gross Acreage                        Wells:

Irrigable Acreage

Irrigated Acreage

Surface Diversions:

-1-

EXHIBIT

Interlocutory Judg. #40  3203
Exhibit "C"

Parcel 81W-13-3 (Wilson Creek)                          Exhibit 210C
                                                                211C

    Lot 3, (NE$\frac{1}{4}$ of NW$\frac{1}{4}$) Frac. Sec. 13, T8S, R1W.

Apparent Owner:        ROBINSON, Julienne Vaasa & M. C.


Gross Acreage          11.41                    :         Wells:

Irrigable Acreage      None

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81W-12, 13, 81E-7, 8, 18 - 4 (Wilson Creek)     Exhibit 210C
    81W-13, 81E-18 - 21 (Temecula)                          211C
                                                                Oviatt's A
    Govt. Lots 1, 4, 5, & 6 (W$\frac{1}{2}$ of SE$\frac{1}{4}$ & S$\frac{1}{2}$ of NE$\frac{1}{4}$); E$\frac{1}{2}$ of SE$\frac{1}{4}$ of
    Sec. 12, T8S, R1E.   N$\frac{1}{2}$ of NE$\frac{1}{4}$, Sec. 13, T8S, R1W
    Sec. 7, T8S, R1E, EXC NE$\frac{1}{4}$ of SW$\frac{1}{4}$
    W$\frac{1}{2}$ of SW$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 8, T8S, R1E.
    NW$\frac{1}{4}$; NW$\frac{1}{4}$ of NE$\frac{1}{4}$ & NE$\frac{1}{4}$ of NE$\frac{1}{4}$, EXC S. 50' thereof E. of Hwy of
    Sec. 18, T8S, R1E

Apparent Owner:        OVIATT, James          Wells: 8S1E-7N1 - Not in use
                                                     7N2 - Not in use
                                                     7P1 - Irrigation
Gross Acreage          1171.63                       7P2 - Not in use
                                                     7Q1 - Irrigation
Irrigable Acreage       453.20                       7Q2 - Dry
                                                     7Q4 - Domestic
Irrigated Acreage      Unknown                      18B1 - Irrigation

Irrigable Acreage

Surface Diversions:

    8S1E- 7L - Reservoir, 2 A.F. capacity
        7Q - Reservoir, 25,000 gal. capacity
      18B - Reservoirs, two with combined capacity of 6 A.F.
        7Q - Swimming Pool, 30,000 gal capacity
        7R - Surface Diversion to collection gallery
      18D - Spring - approximately 59 pm

-2-

Interlocutory Judg. #40
Exhibit "C"        3204

Parcel 81E-3-10 - 100                           Exhibit 211C

    Sec. 3, T8S, R1E, EXC SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of sd Sec.
    NW$\frac{1}{4}$ of Sec. 10, T8S, R1E.

Apparent Owner:        MURCELL, Betty B.

Gross Acreage          762.05                   Wells:

Irrigable Acreage      126.3

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-3, 4, 8, 9, 10, 16, 17, 18 - 101        Exhibit 211C
                                                            232

    SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 3, T8S, R1E.
    SE$\frac{1}{4}$ of Sec. 4, T8S, R1E.
    E$\frac{1}{2}$ of SE$\frac{1}{4}$, E$\frac{1}{2}$ of NW$\frac{1}{4}$ of SE$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$, SE$\frac{1}{4}$ of SW$\frac{1}{4}$, E$\frac{1}{2}$ of SW$\frac{1}{4}$
    of SW$\frac{1}{4}$ of Sec. 8, T8S, R1E.
    All of Sec. 9, T8S, R1E.
    N$\frac{1}{2}$ of SW$\frac{1}{4}$ & NE$\frac{1}{4}$ of Sec. 10, T8S, R1E.
    W$\frac{1}{2}$ of Sec. 16, T8S, R1E.
    W$\frac{1}{2}$ of SE$\frac{1}{4}$, NE$\frac{1}{4}$ of SE$\frac{1}{4}$ & N$\frac{1}{2}$ of Sec. 17, T8S, R1E, EXC 1 acre
    in NW cor of SW$\frac{1}{4}$ of NW$\frac{1}{4}$ of sd Sec.
    S 50' E of Hwy in NE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 18, T8S, R1E

Apparent Owner:        ALLEN, Willard H. & Marjorie LaVerne

Gross Acreage          2039.0            Wells: 81E-8Q1 - Domestic
                                                  8Q2
Irrigable Acreage      922.9                    17A2 - Domestic &
                                                       Irrigation
Irrigated Acreage      Unknown                 17C1 -
                                               17H1 - Domestic

Surface Diversions:

    81E-8Q - Reservoir, 1 AF Capacity
    81E-9Q - Stream Diversion
    81E-16E - Reservoir, 4 AF Capacity
    81E-17H - Reservoir, 13 AF Capacity
    81E-17H - Swimming Pool, 43,600 gal capacity

-3-

Interlocutory Judg. #40
Exhibit "C"        3205

Parcel 81E-4, 5 - 102                                    Exhibit 211C

    $S\frac{1}{2}$ of $NW\frac{1}{4}$ of Sec. 4, T8S, R1E.
    E 20 acres of $S\frac{1}{2}$ of $NE\frac{1}{4}$ of Sec. 5, T8S, R1E.

Apparent Owner:    KOHN, Harry & Naomi

Gross Acreage      100.0                        Wells: 81E-5H1 -

Irrigable Acreage    29.9

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-5-106                                        Exhibit 211C

    Beg at NW cor of $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 5, T8S, R1E; th E alng Nly li
    250' to Wly li of County Road; th SWly along Wly li of sd County
    Road to SW cor of $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of sd Sec. 5; th Nly to pob

Apparent Owner:    TOMLINSON, Bruce A. & Julia

Gross Acreage      3.8                         Wells: 81E-5J1 -

Irrigable Acreage    None

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-5-107                                        Exhibit 211C

    $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 5, T8S, R1E, EXC Beg at NW cor of sd $NE\frac{1}{4}$ of
    $SE\frac{1}{4}$; th E alng Nly li 250' to Wly li of County Road; th SWly alng
    Wly li of sd County Road to SW cor of $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of sd Sec. 5;
    th Nly to pob

Apparent Owner:    MARION, George

Gross Acreage      36.2                        Wells:

Irrigable Acreage    None

Irrigated Acreage    Unknown

Surface Diversions:

-4-

Interlocutory Judg. #40
Exhibit "C"

3206

Parcel 81E-5-108                                    Exhibit 211C

    $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 5, T8S, R1E, EXC $S\frac{1}{2}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of sd Sec. 5.

    Beg 130' E of the SW cor of $SW\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 5, T8S, R1E, th NEly to NE cor of sd $SW\frac{1}{4}$ of $SE\frac{1}{4}$; th S to S li of sd $SE\frac{1}{4}$; th W to pob.

Apparent Owner:       BARTON, Irene M. aka Welch
                    WELCH, Dave

Gross Acreage      53.0              Wells:

Irrigable Acreage    2.5

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-5-112                                    Exhibit 211C

    $S\frac{1}{2}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 5, T8S, R1E.

Apparent Owner:       BENNETT, Charlotte K. aka Baach

Gross Acreage      5.0              Wells:

Irrigable Acreage    None

Irrigated Acreage    Unknown

Surface Diversions:

Interlocutory Judg. #40
Exhibit "C"

3207

Parcel 81E-8-117                                    Exhibit 211C

NE¼; NE¼ of SW¼; W½ of NW¼ of SE¼; & SE¼ of NW¼ of Sec. 8, T8S, R1E, EXC por of SE¼ of NW¼ lying NWly of Hwy.

Apparent Owner:     MARTIN, Charles E. & Dora E.

Gross Acreage         258.5              Wells: 81E-8C1 - Domestic
                                                8K1 - Domestic
Irrigable Acreage      44.5

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-8-118                                    Exhibit 211C

NE¼ of NW¼ of Sec. 8, T8S, R1E.

Apparent Owner:     MC KEAN, Scott E. & Audrey E.

Gross Acreage          40.0              Wells: 81E-8C1 - Domestic

Irrigable Acreage       6.5

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-8-119                                    Exhibit 211C

SW¼ of NW¼; NW¼ of SW¼; & NW¼ of NW¼ of Sec. 8, T8S, R1E.

Apparent Owner:     JOHNSTON, Joel E. & Margaret

Gross Acreage         120.0              Wells: 81E-8E1 - Domestic

Irrigable Acreage      27.6

Irrigated Acreage    Unknown

Surface Diversions:

-6-

Interlocutory Judg. #30
Exhibit "C"

3208

Parcel 81E-8-119A                                    Exhibit 211C

    Por of SE¼ of NW¼ of Sec. 8, T8S, R1E, lying NWly of Hwy.

Apparent Owner:    JOHNSTON, Joel E. & Margaret

Gross Acreage     6.5            Wells: 81E-8F1 - Domestic

Irrigable Acreage    .5

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-10-120                                    Exhibit 211C

    S½ of SW¼ of Sec. 10, T8S, R1E.

Apparent Owner:    PORTER, Crystal Wells

Gross Acreage     80.0         Wells: 81E-10N1 - Domestic

Irrigable Acreage    36.7               10N2 - Domestic

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-10-121                                    Exhibit 211C

    Govt. Lots 1 & 2 (N½ of SE¼) of Sec. 10, T8S, R1E.

Apparent Owner:    ASHCRAFT, Inez F.
                     ESTUDILLO, Minerva C.

Gross Acreage     81.51         Wells:

Irrigable Acreage    56.7

Irrigated Acreage    Unknown

Surface Diversions:

-7-             Exhibit 211C

Interlocutory Judg. #40
Exhibit "C"      3209

Parcel 81E-15, 22 - 126 (Wilson Creek)     Exhibit 210C
   81E-15, 22 - 79 (Temecula)       211C

  Govt. Lots 15 & 16 ($S\frac{1}{2}$ of $SE\frac{1}{4}$) & Lots 9 & 10 ($N\frac{1}{2}$ of $SE\frac{1}{4}$) of
  Sec. 15, T8S, R1E.
  Govt. Lots 1, 2, 7 & 8 ($NE\frac{1}{4}$) of Sec. 22, T8S, R1E.

Apparent Owner:  GRUNER, Joseph A. & June B.

Gross Acreage   328.61     Wells: 81E-15R1 - Domestic
                 15R2 - Domestic

Irrigable Acreage  12.9

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 81E-23-126A (Wilson Creek)    Exhibit 210C
   81E-23-96 (Temecula)       211C

  $W\frac{1}{2}$ of $NW\frac{1}{4}$ of Sec. 23, T8S, R1E.

Apparent Owner:  MURPHY, Edward & Bertha

Gross Acreage   77.83     Wells: 81E-23E1 -

Irrigable Acreage  19.1

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 81E-15, 22 - 127 (Wilson Creek)    Exhibit 210C
   81E-15, 22 - 78 (Temecula)       211C

  Govt. Lot 6 ($SE\frac{1}{4}$ of $NW\frac{1}{4}$), Lot 11 ($NE\frac{1}{4}$ of $SW\frac{1}{4}$), Lot 13 ($SW\frac{1}{4}$ of $SW\frac{1}{4}$),
  Lot 14 ($SE\frac{1}{4}$ of $SW\frac{1}{4}$) of Sec. 15, T8S, R1E.
  Govt Lots 3 through 6 ($NW\frac{1}{4}$) of Sec. 22, T8S, R1E.

Apparent Owner:  HASSELQUIST, Gustav H. & Jeanne B.

Gross Acreage   328.62     Wells: 81E-22C1 - Windmill
                 22C2 - Domestic

Irrigable Acreage  23.6

Irrigated Acreage  Unknown

Surface Diversions:

-8-

Parcel 81E-17-128                                     Exhibit 211C

    1 Acre in NW Cor S$\frac{1}{2}$ of NW$\frac{1}{4}$ of Sec. 17, T8S, R1E.

Apparent Owner:    STATE OF CALIFORNIA

Gross Acreage          1.0                    Wells: 81E-17E-1 -

Irrigable Acreage      1.0

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-17-129                                     Exhibit 211C

    E$\frac{1}{2}$ of NW$\frac{1}{4}$ of SW$\frac{1}{4}$;  W$\frac{1}{2}$ of SE$\frac{1}{4}$ of SW$\frac{1}{4}$; & NE_ of SW$\frac{1}{4}$ of Sec. 17, T8S, R1E.

Apparent Owner:        ADAMS, Earl Charles

Gross Acreage          80.0                   Wells:

Irrigable Acreage      33.5

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-17-130                                     Exhibit 211C
                                                              252

    E$\frac{1}{2}$ of SE$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 17, T8S, R1E.

Apparent Owner:        ERWIN, Robert M. & Ada Dee

Gross Acreage          20.0                   Wells:

Irrigable Acreage       1.8

Irrigated Acreage      Unknown

Surface Diversions:

-9-

Interlocutory Judg. #40
Exhibit "C"

3211

Parcel 81E-17, 18 - 131                        Exhibit 211C
                                                        252

    W½ of NW¼ of SW¼ of Sec. 17, T8S, R1E.
That por of the NE¼ of SE¼ of Sec. 18, T8S, R1E lying Ely of fol
desc li: Beg at pt in Sly li of NE¼ of SE¼ of Sec. 18 which bears
N 89°27'10" W 1092.97' fr SE cor thereof; th N 19°43'0" W 22.61'
to beg of tangent curve concave to the E having radius of 350';
th alng sd curve through arc dist of 272.80'; th N 24°56'30" E
1010.52' to Nly li of NE¼ of SE¼

Apparent Owner:        ERWIN, Robert M. & Ada Dee

Gross Acreage          45.0                    Wells: 81E-18J3 -

Irrigable Acreage      26.1

Irrigated Acreage      None

Surface Diversions:

---

Parcel 81E-17, 18 - 132 (Wilson Creek)         Exhibit 210C
       81E-17, 18 - 34 (Temecula)                 211C

    SW¼ of SW¼ of Sec. 17, T8S, R1E.
S½ of SE¼ of Sec. 18, T8S, R1E.

Apparent Owner:        BAKER, Merrill

Gross Acreage          120.0                   Wells:

Irrigable Acreage      13.5

Irrigated Acreage      None

Surface Diversions:

-10-

0108

Parcel 81E-18-133                                  Exhibit 211C

SW¼ of NE¼; & W 8 acres of SE¼ of NE¼ of Sec. 18, T8S, R1E.

Apparent Owner:     TRIPP, Edward C.

Gross Acreage        48.0                    Wells:

Irrigable Acreage    21.8

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-18-134                                  Exhibit 211C

That por of Ely 32 acres of SE¼ of NE¼ of Sec. 18, T8S, R1E lying
Wly of ll daf:  Beg at pt on Sly li of sd SE¼ of NE¼, which bears
N 89°07' W 526.03' fr SE cor of sd SE¼ of NE¼; th N 27°56'30" E
291.55' to beg of curve concave to W having radius of 700'; th cont.
on sd curve through an arc dist of 245.36'; th N 04°51'03" E 344.94'
to beg of curve concave to W having radius of 500'; th cont. on sd
curve through an arc dist of 133.66'; th N 10°27'30" W 341.87' to
Nly li of SE¼ of NE¼ of sd Sec. 18, EXC S 900' thereof alng Wly li
of sd 32 acre parcel.

Apparent Owner:     BURKE, Martin L.

Gross Acreage        5.0                    Wells: 81E-18H4 -

Irrigable Acreage    3.0

Irrigated Acreage    Unknown

Surface Diversions:

-11-

3213

0109

Interlocutory Judg. #40
Exhibit "C"

Parcel 81E-18-135                                    Exhibit 211C

That por of Ely 32 acres of SE¼ of NE¼ of Sec. 18, T8S, R1E lying
Ely of li daf:  Beg at pt on Sly li of sd SE¼ of NE¼ which bears
N 89°07' W 526.03' fr SE cor of sd SE¼ of NE¼; th N 27°56'30" E
291.55' to beg of curve concave to W having radius of 700'; th cont on
sd curve through an arc dist of 245.36'; th N 04°51'03" E 344.94' to
beg of curve concave to W having radius of 500'; th cont on sd
curve through an arc dist of 133.66'; th N 10°27'30" W 341.87'
to Nly li of SE¼ of NE¼ of sd Sec. 18, EXC Sly 900' thereof

Apparent Owner:        HALE, Linnea
                       MC CARREL, Francis

Gross Acreage          3.0                    Wells: 81E-18H3 -

Irrigable Acreage      3.0

Irrigated Acreage      None

Surface Diversions:

---

Parcel 81E-18-136                                    Exhibit 211C

S 900' of E. 32 acres of SE¼ of NW¼ of Sec. 18, T8S, R1E lying
Wly of road.
That por of NE¼ of SE¼ of Sec. 18, T8S, R1E daf:  Beg at pt on
Wly li of sd NE¼ of SE¼ 621.51' Nly fr SW cor thereof; th Nly
on Wly li of sd NE¼ of SE¼ to NW cor thereof; th S 89°07'10" E
alng Nly li of sd NE¼ of SE¼ to a pt 526.03' Wly fr NE cor of the
NE¼ of SE¼; th S 24°56'30" W to pt which bears N 89°27'10" E fr
pob; th N 89°27'10" W to pob, EXC Sly 250'

Apparent Owner:        TIETSCHE, Paul W. & Nola Pearl

Gross Acreage          17.0                   Wells: 81E-18H2 -

Irrigable Acreage       8.1

Irrigated Acreage      Unknown

Surface Diversions:

-12-

Interlocutory Judg. #40
Exhibit "C"

0110

3214

Parcel 81E-18-137                                    Exhibit 211C

    S 800' of SE¼ of NE¼ of Sec. 18, T8S, R1E lying E of road.

Apparent Owner:    ADAMS, Earl C.

Gross Acreage    7.0           Wells: 81E-18H1

Irrigable Acreage    6.5

Irrigated Acreage    Unknown

Surface Diversions:

Parcel 81E-18-138                                    Exhibit 211C

    Sly 250' of property daf:  That por of NE¼ of SE¼ of Sec. 18,
T8S, R1E daf:  Beg at pt on W li of sd NE¼ of SE¼ 621.51' Nly
fr SW cor thereof; th Nly on Wly li of sd NE¼ of SE¼ to NW cor
thereof;  th S 89°07'10" E alng Nly li of sd NE¼ of SE¼ to a
pt 526.03' Wly fr NE cor of the NE¼ of SE¼; th S 24°56'30" W
to pt which bears N 89°27'10" E fr pob; th N 89°27'10" W to
pob.

Apparent Owner:    CODA, Leo R. & Lillian L.

Gross Acreage    4.0           Wells:

Irrigable Acreage    1.3

Irrigated Acreage    Unknown

Surface Diversions:

Interlocutory Judg. #303215
Exhibit "C"

Parcel 81E-18-139 (Wilson Creek)          Exhibit 210C
       81E-18-32 (Temecula)                        211C
                                                   244

N½ of SW¼; NW¼ of SE¼ & that por of the NE¼ of SE¼ of Sec. 18,
T8S, R1E daf:  Beg at a pt on Wly li of NE¼ of SE¼ of sd Sec. 18,
621.51' Nly fr SW cor thereof; th S 89°27'10" E 478.65' to tpob;
th N 89°27'10" W 478.65' to a pt on Wly li of NE¼ of SE¼; th Sly
on Wly li 621.52' to SW cor; th S 89°27'10" E alng Sly li of
NE¼ of SE¼ to a pt 1092.97' Wly fr SE cor of NE¼ of SE¼, sd pt
being in c/l of State Highway 79; th N 19°43' W 22.61' to beg of
curve concave to E having radius of 350' and a central angle of
44°39'30"; th alng sd curve 272.80'; th N 24°56'30" E to a pt
which bears S 89°27'10" E fr pob; the last 3 courses fol alng c/l of
sd Hwy; th N 89°27'10" W to pob.

Apparent Owner:      SPEROU, George J. & Marjorie V.


Gross Acreage        133.14              Wells: 81E-18J1 -
                                                18J2 -
Irrigable Acreage     19.5

Irrigated Acreage    Unknown

Surface Diversions:




Parcel 81W-21-11                          Exhibit 210C

Lot 3 (SE¼ of NW¼), Lot 4 (SW¼ of NW¼, & N½ of SW¼ of Sec. 21,
T8S, R1W.

Apparent Owner:      HUNTER, Victoria, now known as Victoria Hunter Zegers


Gross Acreage        117.76              Wells:

Irrigable Acreage     11.0

Irrigated Acreage    Unknown

Surface Diversions:


-14-

Parcel 81W-21-12                                    Exhibit 210C

    N 330' of $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 21, T8S, R1W.

Apparent Owner:  LUCKASAVAGE, Alex J. & Carol H.

Gross Acreage          10.0                    Wells:

Irrigable Acreage      8.0

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81W-21, 28 - 13 & 14                        Exhibit 210C

    $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 21, T8S, R1W, EXC Nly 330' thereof.
    $W\frac{1}{2}$ of $NW\frac{1}{4}$ of Sec. 28, T8S, R1W
Apparent Owner:  LOHMAN, Edgar S. & Myrtle D.

Gross Acreage          110                     Wells: 81W-28N1 -

Irrigable Acreage      None

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81W-21-15                                   Exhibit 210C

    Lot 1 ($SE\frac{1}{4}$ of $NE\frac{1}{4}$), Lot 2 ($SW\frac{1}{4}$ of $NE\frac{1}{4}$) of Sec. 21, T8S, R1W

Apparent Owner:  MC DONNELL, Ruja A.

Gross Acreage          51.52                   Wells:

Irrigable Acreage      None

Irrigated Acreage      Unknown

Surface Diversions:

-15-

Interlocutory Judg. #40
Exhibit "C"                    3217

Parcel 81W-21, 28    20                                    Exhibit 2109

    W½ of SE¼, & NE¼ of SW¼ of Sec. 21, 78S, R1W.
    E½ of NW¼ of Sec. 28, 78S, R1W

Apparent Owner:    FISHER, John C. & Dorothy A.

Gross Acreage    200                                Wells: 81W-21P1

Irrigable Acreage    None

Irrigated Acreage    Unknown

Surface Diversions:


Parcel 81W-21, 22, 28 - 17                              Exhibit 2109

    E½ of SE¼ of Sec. 21, 78S, R1W
    NW¼ of SW¼ of Sec. 22, 78S, R1W
    NE¼, W½ of NE¼, E½ of NW¼ of Sec. 28, 78S, R1W

Apparent Owner:    SCOTT, Clarence Edward & Maude C.
                VERMILLION, George M. & Mabel F.
                WADE, Ralph W. & Sally M.
                FISHER, John C. & Dorothy A.

Gross Acreage    400                                Wells:

Irrigable Acreage    None

Irrigated Acreage    Unknown

Surface Diversions:

-16-                        XXXXXXXXX

Interlocutory Judg. #40
Exhibit "C"

Parcel 81W-22-18                                      Exhibit 210C

    $W\frac{1}{2}$ of Sec. 22, T8S, R1W, EXC $W\frac{1}{2}$ of $SW\frac{1}{4}$ of sd Sec. 22

Apparent Owner:    BENNIS, Karl V. & Nina
                     STRODTHOFF, Gus J. & Una

Gross Acreage      140.35           Wells: 81W-22G1
                                         22G2
Irrigable Acreage   59.0

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81W-22-19                                      Exhibit 210C

    $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of Sec. 22, T8S, R1W

Apparent Owner:    DENNI, Joseph A. & Grace E.

Gross Acreage      40.0            Wells: 81W-22N1 -

Irrigable Acreage   24.5

Irrigated Acreage   Unknown

Surface Diversions:

-17-             EXHIBIXXXXXX

Interlocutory Judg. #40
Exhibit "C"

Parcel 81W-13-20 (See Par. 81W-13-3(Wilson Creek))

---

Parcel 81W-13, 81E-18 - 21 (See Par 81W-12,13, 81E-7, 8, 18 - 4 (Wilson Creek))

Parcel 81W-13, 24 - 23                          Exhibit 210C

Govt Lots 8 to 12 (S$\frac{1}{2}$ of S$\frac{1}{2}$. NE$\frac{1}{4}$ of SW$\frac{1}{4}$, & NW$\frac{1}{4}$ of SE$\frac{1}{4}$) of Sec. 13, T8S, R1W.
NE$\frac{1}{4}$, E$\frac{1}{2}$ of NW$\frac{1}{4}$, NE$\frac{1}{4}$ of SE$\frac{1}{4}$ & that por of Lot 1 (NW$\frac{1}{4}$ of NW$\frac{1}{4}$) N of County Road of Sec. 24, T8S, R1W.

Apparent Owner:      KNOX, Garner L., Flora S. & Walter G.

Gross Acreage        456.59              Wells: 81W-13Q1 - Domestic
                                                13Q2 - Irrigation
Irrigable Acreage    189.4                      13P1 - Irrigation

Irrigated Acreage    Unknown

Surface Diversions:

81E-13Q1 - Reservoir, 1$\frac{1}{2}$ AF Capacity
13L1 - Reservoir, 1 AF Capacity

---

Parcel 81W-24-24                          Exhibit 210C

SW$\frac{1}{4}$ of NW$\frac{1}{4}$ & that por of Lot 1 (NW$\frac{1}{4}$ of NW$\frac{1}{4}$) S of County Road of Sec. 24, T8S, R1W.

Apparent Owner:      KING, Arthur A.

Gross Acreage        63.70               Wells: 81W-24D1 - Domestic

Irrigable Acreage    18.4

Irrigated Acreage    Unknown

Surface Diversions:

-18-

Interlocutory Judg. #40
Exhibit "C"  3220

Parcel 81W-24-25      Exhibit 210C

  W½ of SW¼ of Sec. 24, T8S, R1W.

Apparent Owner:  LONON, P. E. & Zana B.

Gross Acreage   80.0     Wells:

Irrigable Acreage  5.0

Irrigated     Unknown

Surface Diversions:

---

Parcel 81W-24-26      Exhibit 210C

  E½ of SW¼ & W½ of SE¼ of Sec. 24, T8S, R1W.

Apparent Owner:  JURKOVICH, B. M. & Mary

Gross Acreage   160.0    Wells: 81W-24Q1 - Domestic

Irrigable Acreage  10.3

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 81E-18-32  (See Parcel 81E-18-139(Wilson Creek))

---

Parcel 81E-18, 19 - 33     Exhibit 210C

  S½ of SW¼ of Sec. 18, T8S, R1E.
  Govt. Lot 1 (NW¼ of NW¼) & NE¼ of NW¼ of Sec. 19, T8S, R1E.

Apparent Owner:  KNOX, Garner L., Flora S., & Walter G.

Gross Acreage   166.30    Wells:

Irrigable Acreage  25.0

Irrigated Acreage  Unknown

Surface Diversions:

-19-     EXHIBITXXIIX

Parcel 81E-17, 18 - 34 (See 81E-17,18-132 (Wilson Creek))

---

Parcel 81E-19-35                                          Exhibit 210C

N$\frac{1}{2}$ of SE$\frac{1}{4}$ of NW$\frac{1}{4}$; Govt Lot 2 (SW$\frac{1}{4}$ of NW$\frac{1}{4}$); Govt. Lot 3 (NW$\frac{1}{4}$ of SW$\frac{1}{4}$) lying N & E of Highway, in Sec. 19, T8S, R1E.

Apparent Owner:       MASSENGILL, J. D.

Gross Acreage        48.42                        Wells:

Irrigable Acreage    15.7

Irrigated Acreage

Surface Diversions:

---

Parcel 81E-19-36                                          Exhibit 210C

All that por of Govt Lot 2 & N$\frac{1}{2}$ of Govt. Lot 3, Sec. 19, T8S, R1E which lies SWly of c/l of roadway easement 80' in width, EXC from Govt Lot 3 the S$\frac{1}{2}$ of NW$\frac{1}{4}$ and all that por of the N$\frac{1}{2}$ of NW$\frac{1}{4}$ thereof which lies SWly of following desc line: Beg at a pt on W li of sd Lot 3 dist. 30' S of the NW Cor thereof; th SEly to a pt on the S li of said Lot 3, dist. 370.92' W fr SE cor thereof.

Apparent Owner:       RICHIE, John H. & Marie L.

Gross Acreage        30.19                        Wells: 81E-19E1 -
                                                        19E2 -
Irrigable Acreage    5.7

Irrigated Acreage    Unknown

Surface Diversions:

-20-                        EXHIBIT

Parcel 81E-19-38                                      Exhibit 210C

Beg at NW Cor of SW¼ of SE¼ of NW¼ of Sec. 19, T8S, R1E; th E 328'; th S to a pt in N li of Hwy 305' W of E li of NW¼ of NE¼ of SW¼; th W alng sd N li of sd Hwy to W li of NE¼ of SW¼; th N to pob.

Apparent Owner:        JACOBY, Donald W. & Mabel M.

Gross Acreage          6.0                    Wells: 81E-19F4 -

Irrigable Acreage      3.0

Irrigated Acreage      None

Surface Diversions:

---

Parcel 81E-19-39                                      Exhibit 210C

Beg at NE cor of SW¼ of SE¼ of NW¼ of Sec. 19, T8S, R1E; th Sly to a pt on the N bdry li of r/w of Imperial Highway No. 4, 91' fr the SE cor of sd 10 acres; th Wly alng sd r/w 305'; th Nly to a pt on the N bdry li of sd 10 acres, 328' fr NW cor of sd 10 acres; th Ely to pt of beg. This includes the Ely por of triangular strip of land in NW¼ of SW¼ of Sec. 19 N of Imperial Highway r/w.

Apparent Owner:        HAGGARD, C. W. & Lillie B.

Gross Acreage          5.0                    Wells: 81E-19F3 -

Irrigable Acreage      2.0

Irrigated Acreage      Unknown

Surface Diversions:

-21-                           RANDGROUP

Parcel 81E-19-40

Exhibit 210C

SE¼ of SE¼ of NW¼ of Sec. 19, T8S, R1E. lying N of Hwy.

Apparent Owner:    HUNTER, Dorothy & Anna

Gross Acreage          9.0                    Wells: 81E-19F1 -
Irrigable Acreage      7.0                           19F2 -
Irrigated Acreage      Unknown
Surface Diversions:

---

Parcel 81E-19-41

Exhibit 210C

SW¼ of Govt Lot 3 (NW¼ of SW¼), S½ of NW¼ of Govt Lot 3, and that por of NW¼ of NW¼ of Govt Lot 3, Sec. 19, T8S, R1E, which lies SWly of a li daf:  Beg at a pt on Wly li of sd Lot 3, 30' S of NW Cor thereof; th SEly to a pt on Sly li of sd Lot 3, 370' Wly fr SE cor of sd Lot 3.

Apparent Owner:    MARCUS, Murray M. & Violet M.

Gross Acreage          17.3                   Wells: 81E-19M1 -
Irrigable Acreage      1.0
Irrigated Acreage      Unknown
Surface Diversions:

---

Parcel 81E-19-42

Exhibit 210C

Govt Lot 4 (SW¼ of SW¼) & SE¼ of Govt Lot 3 (NW¼ of SW¼) of Sec. 19, T8S, R1E.

Apparent Owners:   POORE, Paul R., Mildred C., & Robert Arthur

Gross Acreage          54.43                  Wells: 81E-19N1 -
Irrigable Acreage      3.1
Irrigated Acreage      Unknown
Surface Diversions:

-22-

Parcel 81E-19-43

Exhibit 210C
229

Por of SE¼ of NW¼ of Sec. 19, T8S, R1E, lying S of Hwy,  W½ of W½ of SE¼ of sd Sec. 19, N½ of NE¼ of NW¼ of SE¼ of sd Sec. 19, E½ of SW¼ of sd Sec. 19 S of Hwy, and a por of SW¼ of NE¼ of sd Sec. 19 S of Hwy.

Apparent Owner:      COTTLE, William W. & Gertrude D.

Gross Acreage         133.6

Irrigable Acreage      62.0

Irrigated Acreage      Unknown

Wells: 81E-19K1 - Domestic
       19K2 - Irrigation
       19K3 - Irrigation

Surface Diversions:
    81E-19L1 - Reservoir - 3 A.F. Cap
    81E-19G  - Reservoir - 1.3 A.F. Cap
    81E-19L  - Tank - 2300 gal Cap.

---

Parcel 81E-19-44

Exhibit 210C

SW¼ of NE¼ of NE¼ of Sec. 19, T8S, R1E, lying W of Hwy, & NW¼ of NE¼ of sd Sec. 19.

Apparent Owner:      MARSHALL, George & Iona
                     BEASON, Karl T. & Dorothy J.

Gross Acreage         49.0

Irrigable Acreage      8.0

Wells:

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-19-45

Exhibit 210C

N½ of NE¼ of NE¼ (EXC Road) of Sec. 19, T8S, R1E.

Apparent Owner:      POIGNEE, George L. & Louise H.

Gross Acreage         19.0

Irrigable Acreage      4.0

Wells: 81E-19B2 -
       19B3 -

Irrigated Acreage      Unknown

Surface Diversions:

-23-

Interlocutory Judg. #40
Exhibit "C"        3225

Parcel 81E-19-46                                           Exhibit 210C

S½ of NE¼ of NE¼ of Sec. 19, T8S, R1E, lying E of Highway

Apparent Owner:          POORE, Paul & Mildred C.

Gross Acreage            9.5                    Wells: 81E-19B1 -

Irrigable Acreage        5.0

Irrigated Acreage        Unknown

Surface Diversions:

---

Parcel 81E-19-47                                           Exhibit 210C

W½ of SE¼ of NE¼ & SW¼ of NE¼, Sec. 19, T8S, R1E, lying N of County
Road EXC W½ of SW¼ of SW¼ of NE¼ of Sec. 19, T8S, R1E, lying N of
County Road, ALSO EXC Por of W½ of SE¼ of NE¼ of Sec. 19, T8S, R1E,
daf: Beg at NE cor of W½ of SE¼ of NE¼ of sd Sec. 19; th Wly on
N li of sd SE¼ of NE¼, 216.46' to a pt; th SWly in a straight li
connecting the last desc pt to the SW cor of the SE¼ of the NE¼ to
a pt which is 663' S measured at r/a fr the above desc N li of W½
of SE¼ of NE¼ of Sec. 19; th E p/w sd N li to a pt in E bdry li
of sd W½ of SE¼ of NE¼; th N on sd E li 663' to pob. ALSO EXC
Por for Sec. 19, T8S, R1E, daf: Beg at SE cor of W½ of SE¼ of NE¼ of sd
Sec. 19; th N 00°59'10" W 348.85'; th S 89°27' W 282.08' to tpob; th
S 89°27' W 108'; th N 00°33' W 87'; th S 89°27' W 234.75'; th N 12°12'
30" E 50'; th N 89°27' E 230.22'; th N 00°33' W 68'; th N 89°27' E
108'; th S 00°33' E 175' to pob.

Apparent Owner:          MILLER, Lula I.
                         ROBERTSON, L. G.

Gross Acreage            43.96                  Wells: 81E-19F1 -
                                                       19F2 -
Irrigable Acreage        38.0

Irrigated Acreage        Unknown

Surface Diversions:

-24-

EXHIBITXXXX

Interlocutory Judg. #40
Exhibit "C"

3226

Parcel 81E-19-48                                          Exhibit 210C

    $W\frac{1}{2}$ of $SW\frac{1}{4}$ of $SW\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 19, T8S, R1E, lying N of Hwy.

Apparent Owner:    BURCH, Frank J.

Gross Acreage    4.0              Wells:

Irrigable Acreage    4.0

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-19-49                                          Exhibit 210C

    Por of $W\frac{1}{2}$ of $SE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 19, T8S, R1E, daf:  Beg at NE cor of $W\frac{1}{2}$ of $SE\frac{1}{4}$ of $NE\frac{1}{4}$ of sd Sec. 19; th Wly on N li of sd $SE\frac{1}{4}$ of $NE\frac{1}{4}$, 216.46' to a pt; th SWly in a straight line connecting the last desc pt to the SW Cor of the $SE\frac{1}{4}$ of the $NE\frac{1}{4}$ to a pt which is 663' S measured at r/a fr the above desc N. li of $W\frac{1}{2}$ of $SE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 19; th E p/w sd N li to a pt in E bdry li of sd $W\frac{1}{2}$ of $SE\frac{1}{4}$ of $NE\frac{1}{4}$; th N on sd E li 663' to pob.

Apparent Owner:    SCHUMAN, Thomas S. & Dorothy

Gross Acreage    6.79          Wells: 81E-19G2 -

Irrigable Acreage    6.0

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-19-50                                          Exhibit 210C

    $E\frac{1}{2}$ of $SE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 19, T8S, R1E.

Apparent Owner:    ASKINS, Harry N. & Carmen E.

Gross Acreage    20.0           Wells:

Irrigable Acreage    15.8

Irrigated Acreage    Unknosn

Surface Diversions:

-25-

Parcel 81E-19-51                                    Exhibit 210C

Por of Sec. 19, T8S, R1E, daf: Beg at SE cor of W½ of SE¼ of NE¼ of sd Sec. 19; th N 00°59'10" W 348.85'; th S 89°27'W 282.08' to tpob; th S 89°27' W 108'; th N 00°33' W 87'; th S 89°27' W 234.75'; th N 12°12'30" E 50'; th N 89°27' E 230.22'; th N 00°33' W 68'; th N 89°27' E 108'; th S 00°33' E 175' to pob.

Apparent Owner:     County of Riverside

Gross Acreage       .55                    Wells: 81E-19G-1 -

Irrigable Acreage   .6

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81E-19, 20 - 52                             Exhibit 210C

The E 308.25' of the NE¼ of SE¼ of Sec. 19, T8S, R1E, lying N of Hwy.
The W½ of NW¼ of SW¼ of Sec. 20, T8S, R1E, lying N of Hwy.

Apparent Owner:     SPANIOL, Gustav A. & Rose

Gross Acreage       22.8                   Wells: 81E-20J1 -
                                                  20J2 -
Irrigable Acreage   11.2

Irrigated Acreage   Unknown

Surface Diversions:

-26-

Parcel 81E-19-53                                          Exhibit 210C

 NE¼ of SE¼ of Sec. 19, T8S, R1E, lying NE of Hwy EXC E 308.25'
thereof.

Apparent Owner:  BARTON, Sarah Irene McGee


Gross Acreage   10.0       Wells: 81E-19K1 -

Irrigable Acreage  10.0

Irrigated Acreage  Unknown

Surface Diversions:

---

Parcel 81E-19, 20, 29, 30 - 54     Exhibit 210C
                  230

 SE¼ of NW¼ of SE¼, S½ of NE¼ of NW¼ of SE¼, E½ of SW¼ of SE¼,
SE¼ of SE¼, and NE¼ of SE¼ of Sec. 19, T8S, R1E, EXC por lying NEly
of c/l of State Hwy.
N½ of NE¼ & SE¼ of NE¼ of Sec. 30, T8S, R1E.
SW¼ of SW¼, W½ of NW¼ of SW¼ of Sec. 20, T8S, R1E, lying S of Hwy.
W½ of NW¼ of Sec. 29, T8S, R1E.

Apparent Owner:  GIBBON, William R. & Katherine C.

Gross Acreage   347.5      Wells: 81E-19J1 -
                   19K1 -
Irrigable Acreage  107.6         19Q1 - Domestic
                   19Q2 - Irrigation
Irrigated Acreage  Unknown      20N  Irrigation
                   30A1 -
Surface Diversions:

  81E-19R1 - Reservoir - 1.6 A.F.
    19Q1 - Reservoir - 14 A.F.
    19R - Tank - 300 gal Cap
     R - Swimming Pool, 20,000 gal Cap

-27-

Parcel 81E-20-58                                    Exhibit 210C

    NW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 20, T8S, R1E.

Apparent Owner:    BECKETT, Frank C. & Nora M.

Gross Acreage      40.0          Wells: 81E-20A1 - Domestic

Irrigable Acreage    3.3

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-20-59                                    Exhibit 210C

    SW$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 20, T8S, R1E.

Apparent Owner:    POORE, Paul R. & Mildred C.

Gross Acreage      40.0          Wells:

Irrigable Acreage    10.8

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-20-60                                    Exhibit 210C

    E$\frac{1}{2}$ of NW$\frac{1}{4}$ of SW$\frac{1}{4}$ of Sec. 20, T8S, R1E.

Apparent Owner:    CURPHEY, William E. & Myrtle E.

Gross Acreage      19.2          Wells: 81E-20L1 - Domestic

Irrigable Acreage    .8

Irrigated Acreage    Unknown

Surface Diversions:

-28-

Parcel 81E-20-61                                    Exhibit 210C

    Por of E½ of SW¼ of Sec. 20, T8S, R1E, lying N of Nly li of
    Hwy.

Apparent Owner:        HAGMAN, Lester W. & Leta

Gross Acreage          42.5                 Wells: 81E-20L2 - Windmill
                                                   20P1 - Domestic
Irrigable Acreage      2.1

Irrigated Acreage      Unknown

Surface Diversions:

Parcel 81E-20, 29 - 62                              Exhibit 210C

    SE¼ of SW¼ of Sec. 20, T8S, R1E lying S of Hwy
    E½ of NW¼, NE¼ of SW¼ of Sec. 29, T8S, R1E.

Apparent Owner:        BARTON, Sarah Irene, aka Welch

Gross Acreage          151.5                 Wells:

Irrigable Acreage      14.0

Irrigated Acreage      Unknown

Surface Diversions:

Parcel 81E-20, 29 - 63                              Exhibit 210C

    SW¼ of SE¼ of Sec. 20, T8S, R1E.
    W½ of NE¼ of Sec. 29, T8S, R1E.

Apparent Owner:        BURCHETT, Robert L. & Evalene

Gross Acreage          120.0                 Wells:  81E-20Q1 -

Irrigable Acreage      11.3

Irrigated Acreage      Unknown

Surface Diversions:

-29-

Parcel 81E-29-64                Exhibit 210C

NE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 29, T8S, R1E.

| Apparent Owner: | BURCHETT, Robert L., Evalene Elizabeth & Warren Phillip | |
|---|---|---|
| Gross Acreage | 40.0 | Wells: |
| Irrigable Acreage | 17.4 | |
| Irrigated Acreage | Unknown | |
| Surface Diversions: | | |

---

Parcel 81E-29-65                Exhibit 210C

W$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 29, T8S, R1E.

| Apparent Owner: | SCHROEDER, Walter A. Jr., & Jeanette | |
|---|---|---|
| Gross Acreage | 80.0 | Wells: |
| Irrigable Acreage | 3.9 | |
| Irrigated Acreage | Unknown | |
| Surface Diversions: | | |

---

Parcel 81E-29-66                Exhibit 210C

SE$\frac{1}{4}$ of SW$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 29, T8S, R1E.

| Apparent Owner: | BROCKNAU, Edward W. & Bessie C. | |
|---|---|---|
| Gross Acreage | 80.0 | Wells: 81E-29Q1 |
| Irrigable Acreage | 3.5 | 29Q2 |
| | | 29Q3 |
| Irrigated Acreage | Unknown | |
| Surface Diversions: | | |

Dam at House 50x75x4
Swimming Pool 10x20x5

-30-

Parcel 81E-29-67                                    Exhibit 210C

    NW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 29, T8S, R1E.

Apparent Owner:        FRYKLAND, Basil N. & Hazel B.

Gross Acreage          40.0                 Wells: 81E-29K1 -

Irrigable Acreage      16.5

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-20,21 - 68                               Exhibit 210C

    E$\frac{1}{2}$ of SE$\frac{1}{4}$ of Sec. 20, T8S, R1E
    S$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 21, T8S, R1E.

Apparent Owner:        ROOK, Arthur W. & June D.

Gross Acreage          160.0                Wells: 81E-20R1

Irrigable Acreage      27.1

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-28, 29 - 69                             Exhibit 210C
                                                   290

    NE$\frac{1}{4}$ of SE$\frac{1}{4}$, SE$\frac{1}{4}$ of SE$\frac{1}{4}$ & SE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 29, T8S, R1E.
    NW$\frac{1}{4}$ of NW$\frac{1}{4}$, S$\frac{1}{2}$ of NW$\frac{1}{4}$, SW$\frac{1}{4}$ of SE$\frac{1}{4}$ & SW$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owner:        TRUNNELL, Donald B. & Esther M.

Gross Acreage          428.0                Wells: 81E-28P1
                                                   29E1
Irrigable Acreage      325.9                        29E2
                                                   29J1
Irrigated Acreage      Unknown

Surface Diversions:

28D - Earth Fill Dam - 10 A.F. Capacity

-31-

Interlocutory Judg. #40
Exhibit "C"                    3233

Parcel 81E-33-69A

Exhibit 210C
290

N½ of SE¼, W½ of NE¼, E½ of NW¼ & NW¼ of NW¼ of Sec. 33, T8S, R1E.

Apparent Owner:   Trunnell, Donald B. & Esther M.

Gross Acreage        280.0                    Wells: 81E-33F1
Irrigable Acreage    191.2                                 33B1
Irrigated Acreage    Unknown
Surface Diversions:

Parcel 81E-33-69B

Exhibit 210C
290

SE¼ of NE¼ of Sec. 33, T8S, R1E.

Apparent Owner:   TRUNNELL, Donald B. & Esther M.

Gross Acreage        40.0                     Wells:
Irrigable Acreage    40.0
Irrigated Acreage    Unknown
Surface Diversions:

Parcel 81E-33, 34 - 69C

Exhibit 210C
290

E½ of E½ of NE¼ of NE¼ of Sec. 33, T8S, R1E.
NW¼ of NW¼ of Sec. 34, T8S, R1E.

Apparent Owner:   TRUNNELL, Donald B. & Esther M.

Gross Acreage        50.0                     Wells: 81E-33D1 - Domestic
Irrigable Acreage    50.0                                      & Irrigation
Irrigated Acreabe    Unknown
Surface Diversions:

-32-                    XXXXXXXXXX

3234

Interlocutory Judg.#40
Exhibit "C"

Parcel 81E-28-70                                          Exhibit 210C

 NE$\frac{1}{4}$ of NW$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owner: HOLMES, Glen Hugh & Ellen Adeline

Gross Acreage  40.0      Wells:

Irrigable Acreage 1.3

Irrigated Acreage Unknown

Surface Diversions:

---

Parcel 81E-28-70A                                         Exhibit 210C

 NW$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owner: HOLMES, Ervin Howard & Erma Hazel

Gross Acreage  40.0     Wells: 81E-28B1

Irrigable Acreage 12.1

Irrigated Acreage Unknown

Surface Diversions:

---

Parcel 81E-28-71                                          Exhibit 210C

 E$\frac{1}{2}$ of NE$\frac{1}{4}$, SW$\frac{1}{4}$ of NE$\frac{1}{4}$ & NW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owner: WOLF, Alfred P.

Gross Acreage  160.0    Wells: 81E-28A1

Irrigable Acreage 22.1

Irrigated Acreage Unknown

Surface Diversions:

-33-

3235

Interlocutory Judg. #40
Exhibit "C"

Parcel 81E-28-72                                      Exhibit 210C

    NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owners:        SLOAN, Myrtle M. King
                    KING, George F. B., Ervin B., Roy F.,
                          Lawrence L., Verona & Mabel
                    LANE, Lucy B.

Gross Acreage           40.0                 Wells: 81E-28L1
                                                    28L2
Irrigable Acreage       34.4

Irrigated Acreage       Unknown

Surface Diversions:

---

Parcel 81E-27, 28 - 73                               Exhibit 210C

    S$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 27, T8S, R1E.
    SE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 28, T8S, R1E.

Apparent Owner:         KING, Ervin B., Verona, Roy F., Mabel & Lawrence L.

Gross Acreage           110.6                 Wells:

Irrigable Acreage       89.1

Irrigated Acreage       Unknown

Surface Diversions:

---

Parcel 81E-33-74                                     Exhibit 210C

    W 198' of NE$\frac{1}{4}$ of NE$\frac{1}{4}$ of Sec. 33, T8S, R1E.

Apparent Owner:         JOHNSON, P. H.

Gross Acreage           6.0                   Wells:

Irrigable Acreage       6.0

Irrigated Acreage       Unknown

Surface Diversions:

-34-

3236

Interlocutory Judg. #40
Exhibit "C"

Parcel 81E-33-75                                    Exhibit 210C

    E 462' of $W\frac{1}{2}$ of $NE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 33, T8S, R1E.

Apparent Owner:  DAVIS, Lloyd Q.

| | | |
|---|---|---|
| Gross Acreage | 14.0 | Wells: |
| Irrigable Acreage | 14.0 | |
| Irrigated Acreage | Unknown | |

Surface Diversions:

---

Parcel 81E-33-76                                    Exhibit 210C
                                                 289

    $W\frac{1}{2}$ of $E\frac{1}{2}$ of $NE\frac{1}{4}$ of $NE\frac{1}{4}$ of Sec. 33, T8S, R1E.

Apparent Owner:  BERGMAN, Annie

| | | |
|---|---|---|
| Gross Acreage | 10.0 | Wells: |
| Irrigable Acreage | 10.0 | |
| Irrigated Acreage | Unknown | |

Surface Diversions:

---

Parcel 81E-22-76A                                   Exhibit 210C
                                                 289

    $E\frac{1}{2}$ of Lot 9 ($NE\frac{1}{4}$ of $SE\frac{1}{4}$), $E\frac{1}{2}$ of Lot 16 ($SE\frac{1}{4}$ of $SE\frac{1}{4}$) of Sec. 22, T8S, R1E.

Apparent Owner:  BERGMAN, Annie

| | | |
|---|---|---|
| Gross Acreage | 41.1 | Wells: |
| Irrigable Acreage | 27.4 | |
| Irrigated Acreage | Unknown | |

Surface Diversions:

-35-                            ~~INTERLOCUTORY~~

3237

Interlocutory Judg. #40
Exhibit "C"

Parcel 81E-27-76B                                    Exhibit 210C
                                                              289

    NE$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec. 27, T8S, R1E, EXC Beg at SE cor, th N 75';
th W to Hwy; th SE1y alng Hwy to S li of sd NE$\frac{1}{4}$ of SE$\frac{1}{4}$; th E
to pob.

Apparent Owner:     BERGMAN, Annie E.

Gross Acreage       36.94                    Wells: 81E-27J1  - Domestic
                                                     27J2  - Abandoned
Irrigable Acreage   17.7

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81E-27-76C                                    Exhibit 210C
                                                              289

    Beg at NW cor of SW$\frac{1}{4}$ of SE$\frac{1}{4}$ of Sec 27, T8S, R1E; th E 264'; th
S 990'; th W 264'; th N 990' to pob.

Apparent Owner:     BERGMAN, Annie E.

Gross Acreage       5.5                      Wells:81E-27Q1 - Domestic

Irrigable Acreage   4.9

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81E-34-76D                                    Exhibit 210C
                                                              289

    NW$\frac{1}{4}$ of NE$\frac{1}{4}$; E$\frac{1}{2}$ of NE$\frac{1}{4}$ of Sec. 34, T8S, R1E.

Apparent Owner:     BERGMAN, Annie E.

Gross Acreage       117.0                    Wells:

Irrigable Acreage   80.7

Irrigated Acreage   Unknown

Surface Diversions:

-36-

Interlocutory Judg. #40
Exhibit "C"

3238

Parcel 81E-33, 34 - 77                                    Exhibit 210C

    $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 33, T8S, R1E.
    $S\frac{1}{2}$ of $SW\frac{1}{4}$ of Sec. 34, T8S, R1E.

Apparent Owner:     LUCIER, David O. & Ella J.

Gross Acreage       120.0                    Wells: 81E-34P1 - Domestic

Irrigable Acreage    59.4

Irrigated Acreage    Unknown

Surface Diversions:

    81E-34N - Swimming Pool, 20,000 gal. cap.

---

Parcel 81E-15, 22 - 78 (See Parcel 81E-15, 22 - 127 (Wilson Creek ))

Parcel 81E-15, 22 - 79 (See Parcel 81E-15, 22 - 126 (Wilson Creek ))

---

Parcel 81E-27-80                                         Exhibit 210C
                                                              289

    $E\frac{1}{2}$ of $NE\frac{1}{4}$ of Sec. 27, T8S, R1E.

Apparent Owner:     BERGMAN, Annie E., Ray Lester, Sharon,
                    Carl E., Florence, Walter A.,
                    Donald D., & Esther.

Gross Acreage       75.0                    Wells:

Irrigable Acreage   53.8

Irrigated Acreage    Unknown

Surface Diversions:

-37-                         EXHIBIT

Parcel 81E-27-81                                         Exhibit 210C

   SW¼ of NE¼, S½ of NW¼, & W½ of NW¼ of SW¼ of Sec. 27, T8S, R1E.

Apparent Owner:      ANDERSON, Milford & Myrtle A.

Gross Acreage        140.0                    Wells:

Irrigable Acreage    10.7

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-27-82                                         Exhibit 210C

   E½ of NW¼ of SW¼ of Sec. 27, T8S, R1E.

Apparent Owner:      GRUNER, Lawrence V.

Gross Acreage        20.0                     Wells:

Irrigable Acreage    13.0

Irrigated Acreage    Unknown

Surface Diversions:

---

Parcel 81E-27-83                                         Exhibit 210C

   W½ of SW¼ of SE¼ of Sec. 27, T8S, R1E, EXC Beg. at NW cor thereof;
   th S 990'; th E 264'; th N 990'; th W 264' to pob.

Apparent Owner:      BERGMAN, Ray L. & Sharon F.

Gross Acreage        14.0                     Wells:

Irrigable Acreage    14.0

Irrigated Acreage    Unknown

Surface Diversions:

-38-                    EXXXXXXXXXX

Parcel 81E-27-84                                    Exhibit 210C

    $SE\frac{1}{4}$ of $SW\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 27, T8S, R1E.

Apparent Owners:    JESSOP, C. S. & Florence
                    BOURRET, R. H. & Doris M.

Gross Acreage      10.0            Wells:

Irrigable Acreage    9.0

Irrigated Acreages  Unknown

Surface Diversions:

---

Parcel 81E-27-85                                    Exhibit 210C

    $NE\frac{1}{4}$ of $SW\frac{1}{4}$ of $SE\frac{1}{4}$ & those por of $NW\frac{1}{4}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$, $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$, $SW\frac{1}{4}$ of $SE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 27, T8S, R1E, lying W of Cahuilla Road.

Apparent Owner:    BOWLIN, Eve S.

Gross Acreage      13.58         Wells:

Irrigable Acreage    9.6

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81E-27-86 (Covers 86, 86A & 87)             Exhibit 210C

    Por of $SE\frac{1}{4}$ of $SE\frac{1}{4}$, Sec. 27, T8S, R1E. lying SEly of Cahuilla Road S 75' of that por of $NE\frac{1}{4}$ of $SE\frac{1}{4}$ of Sec. 27, T8S, R1E lying Ely of Cahuilla Road.

Apparent Owner:    JESSOP, C. S. & Florence M.
                 BOURRET, R. H. & Doris M.

Gross Acreage      32.9        Wells:  81E-27J1 - Domestic

Irrigable Acreage    32.9

Irrigated Acreage   Unknown

Surface Diversions:

-39-                                    EXHIBIT XX

Parcel 81E-34-88

Exhibit 210C
289

SW¼ of NE¼, N½ of SE¼, SE¼ of SE¼, NE¼ of NW¼, S½ of NW¼ & Ely 1100' of Nly 165' of SW¼ of Sec. 34, T8S, R1E.

Apparent Owner:     BERGMAN, Annie E.

Gross Acreage        284.16                    Wells: 81E-34E1 -

Irrigable Acreage    254.20

Irrigated Acreage    Unknown

Surface Diversions:

81E-34F - Reservoir, 31,000 gal cap
          Reservoir - earth dikes & natural ground contours,
                      2 A.F. cap
          Swimming Pool, 90,000 gal cap

Parcel 81E-34-89

Exhibit 210C

N½ of SW¼ of Sec. 34, T8S, R1E, EXC Nly 585' of Ely 1100' thereof

Apparent Owner:     WILLIAMS, Allen W. & Gladys

Gross Acreage        .65.2                     Wells: 81E-34M1 - domestic

Irrigable Acreage    61.8

Irrigated Acreage    Unknown

Surface Diversions:

Parcel 81E-34-90

Exhibit 210C

Beg at NE cor of NE¼ of SW¼ of Sec. 34, T8S, R1E, th Wly alng Nly li thereof 1100'; th S p/w Ely li 165' to tpob; th Ely p/w Nly li of sd NE¼ of SW¼ 630'; th Sly p/w Ely li 420'; th Wly p/w Nly li, 630'; th Nly p/w Ely li 420' to pob.

Apparent Owner:     HENDERSON, John T.

Gross Acreage        6.1                       Wells: 81E-34L2 - Domestic

Irrigable Acreage    6.1

Irrigated Acreage    Unknown

Surface Diversions:

Interlocutory Judg. #40
Exhibit "C"

3242

Parcel 81E-34-91                              Exhibit 210C

   Beg at pt in E li of NE¼ of SW¼ of Sec. 34, T8S, R1E, 165'
   S of NE cor thereof; th W p/w N li, 470'; th S 420'; th E
   p/w N li 470' to a pt on E li of NE¼ of SW¼; th N alng E
   li 420' to pob.

Apparent Owner:       REGISTER, Delia A.

Gross Acreage       4.54                    Wells: 81E-34L1 -

Irrigable Acreage    .80

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 81E-34-92                              Exhibit 210C

   SW¼ of SE¼ of Sec. 34, T8S, R1E.

Apparent Owner:   LANDGREN, John A.

Gross Acreage       40.0                     Wells:

Irrigable Acreage    7.5

Irrigated Acreage   Unknown

Surface Diversions:

---

Parcel 91E-3-93                               Exhibit 210C

   NE¼ of NW¼ of Sec. 3, T9S, R1E.

Apparent Owner:   STATE OF CALIFORNIA

Gross Acreage       40.0                     Wells:

Irrigable Acreage   25.9

Irrigated Acreage   Unknown

Surface Diversions:

-41-                    XXXXXXXXX

Parcel 81E-23-96 (See Parcel 81E-23-126A (Wilson Creek))

Parcel 81E-23, 24 - 97                                        Exhibit 210C
                                                                   289

N½ of SW¼; Govt Lots 1 & 4 (E½ of NW¼), N½ of NE¼; SE¼ of
SW¼; NW¼ of SE¼; SW¼ of SE¼ of Sec. 23, T8S, R1E.
N½ of N½ of Sec. 24, T8S, R1E.

Apparent Owner:      BERGMAN, Annie E.

Gross Acreage        517.83                          Wells:

Irrigable Acreage    150.0

Irrigated Acreage    Unknown

Surface Diversions:

        81E-23B - Developed Spring
          24A - Developed Spring

Parcel 81E-23, 26 - 98                                        Exhibit 210C

SW¼ of SW¼ of Sec. 23, T8S, R1E.
Lot 7 (NE¼ of SW¼) & W½ of W½ of Sec. 26, T8S, R1E, EXC Beg at
pt 75' N of SW cor of NW¼ of SW¼ of sd Sec. 26; th N 250'; th
E 75'; th S 250'; th W 75' to pob.

Apparent Owner:      JESSOP, C. S. & Florence N.
                     BOURRET, R. H. & Doris M.

Gross Acreage        239.2                   Wells· 81E-26M1 - Domestic
                                                          26M2 - Domestic
Irrigable Acreage    172.7                                26M3 - Domestic &
                                                                 Artesian
Irrigated Acreage    Unknown

Surface Diversions:
        81E-26M - Tank, 2200 gal cap
                  Tank, 1250 gal cap

0140

Parcel 81E-26-98A                                    Exhibit 210C
                                                         289

    Beg at a pt 75' N of SW Cor of NW¼ of SW¼ of Sec. 26, T8S,
R1E, th N 250'; th E 75'; th S 250'; th W 75' to pob.

Apparent Owner:        BERGMAN, Annie E.

Gross Acreage          0.4                    Wells:

Irrigable Acreage      0.4

Irrigated Acreage      Unknown

Surface Diversions:

---

Parcel 81E-23, 24 - 99                               Exhibit 210C

    S½ of NE¼ of Sec. 23, T8S, R1E.
S½ of NW¼, SW¼ of NE¼ & Govt Lots 1 & 2 of Sec. 24, T8S, R1E.

Apparent Owner:        WESTERN BRASS WORKS
                       MC KINLEY, Ivan E. & Mathea A.

Gross Acreage          280.3                  Wells:

Irrigable Acreage      173.8

Irrigated Acreage      Unknown

Surface Diversions:

̶E̶X̶H̶I̶B̶I̶T̶ ̶X̶X̶I̶X̶

TABULATION OF OWNERS OF LANDS RIPARIAN TO WILSON CREEK

| NAME | PARCEL NUMBER |
|------|---------------|
| ADAMS, Earl C. | 81E-18-137 |
| ALLEN, Willard H. & Marjorie LaVerne | 81E-3, 4, 8, 9, 10, 16, 17, 18 - 101 EXC portion in Sec. 4. |
| ASHCRAFT, Inez F. | 81E-10-121 |
| BURKE, Martin L. | 81E-18-134 |
| CALIFORNIA, State of | 81E-17-128 |
| ESTUDILLO, Minerva C. | 81E-10-121 |
| HALE, Linnea | 81E-18-135 |
| MC CARREL, Frances | 81E-18-135 |
| MURCELL, Betty B. | 81E-3, 10 - 100 |
| OVIATT, James | 81W-12, 13, 81E-7, 8, 18 - 4 81W-13, 81E-18 - 21 |
| PORTER, Crystal Wells | 81E-10-120 |
| TIETSCHE, Paul W. & Nola Pearl | 81E-18-136 |
| UNITED STATES OF AMERICA | Portion of Par. 2 in Sections 4, 7, 20 & 27, T8S, R1E, and Sec 13, T8S, R1W |
| VAIL COMPANY | Parcel 1 |

Interlocutory Judg. #40
Exhibit "D"                    3246

TABULATION OF OWNERS OF LANDS RIPARIAN TO TEMECULA CREEK

| NAME | PARCEL NUMBER |
|---|---|
| BARTON, Sara Irene | 81E-20, 29 - 62<br>EXC por in Sec. 20. |
| BERGMAN, Annie | 81E-33-76<br>81E-34-76D<br>81E-34-88 |
| BERGMAN, Ray L. &<br>    Sharon F. | 81E-27-83 |
| BROCKNAU, Edward W. &<br>    Bessie C. | 81E-29-66 |
| COTTLE, William W. &<br>    Gertrude D. | 81E-19-43 |
| DAVIS, Lloyd Q. | 81E-33-75 |
| FRYKLAND, Basil N. &<br>    Hazel B. | 81E-29-67 |
| GIBBON, William R. &<br>    Katherine C. | 81E-19, 20, 29, 30 - 54<br>EXC por in Sec. 20. |
| KING, Arthur A. | 81W-24-24 |
| KING, Ervin B. | 81E-27, 28 - 73<br>81E-28-72 |
| KING, Lawrence L. | 81E-27, 28 - 73<br>81E-28-72 |
| KING, Mabel | 81E-27, 28 - 73<br>81E-28-72 |
| KING, Roy F. | 81E-27, 28 - 73<br>81E-28-72 |
| KNOX, Garner L. &<br>    Flora S. | 81W-13, 24 - 23 |

Interlocutory Judg. 740
Exhibit "B"      3247

| NAME | PARCEL NUMBER |
|------|---------------|
| KNOX, Walter G. | 81W-13, 24 - 23 |
| LANE, Lucy B. | 81E-28-72 |
| MARCUS, Murray M. & Violet M. | 81E-19-41 |
| POORE, Paul R. & Mildred C. | 81E-19-42 |
| POORE, Robert Arthur | 81E-19-42 |
| SCHROEDER, Walter A. Jr., & Jeanette | 81E-29-65 |
| SLOAN, Myrtle M. King | 81E-28-72 |
| TRUNNELL, Donald B. & Esther M. | 81E-28, 29 - 69<br>81E-33, 34 - 69C |
| VAIL CO. | Parcel 1 |
| WOLF, Alfred P. | 81E-28-71 |

**Exhibit F**



0146