**Exhibit G**

ALPHABETICAL INDEX

APPARENT OWNERS WITHIN AGUANGA GROUND WATER AREA

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| Adams, Earl C. | 81E-18-137 | 13 |
| Adams, Earl Charles | 81E-17-129 | 9 |
| Allen, Willard H. & Marjorie LaVerne | 81E-3, 4, 8, 9, 10, 16, 17, 18 - 101 | 3 |
| Anderson, Milford & Myrtle A. | 81E-27-81 | 38 |
| Ashcraft, Inez F. | 81E-10-121 | 9 |
| Askins, Harry N. & Carmen E. | 81E-19-50 | 25 |
| Baach, Charlotte K. | 81E-5-112 | 5 |
| Baker, Merrill | 81E-17, 18 - 132 | 10 |
| Barton, Irene M. | 81E-5-108 | 5 |
| Barton, Sarah Irene McGee | 81E-19-53 81E-20, 29 - 62 | 27 29 |
| Beason, Karl T. & Dorothy J. | 81E-19-44 | 23 |
| Beckett, Frank C. & Nora M. | 81E-20-58 | 28 |
| Bennett, Charlotte K. | 81E-5-112 | 5 |
| Bennis, Carl V. & Nina | 81W-22-18 | 17 |
| Bergman, Annie E. | 81E-33-76 81E-22-76A 81E-27-76B 81E-27-76C 81E-34-76D 81E-27-80 81E-34-88 81E-23, 24 - 97 81E-26-98A | 35 35 36 36 36 37 40 42 43 |
| Bergman, Carl H. | 81E-27-80 | 37 |
| Bergman, Donald B. | 81E-27-80 | 37 |
| Bergman, Esther | 81E-27-80 | 37 |
| Bergman, Florence | 81E-27-80 | 37 |

-1-

3197

Interlocutory Judg. #40
Exhibit "B"

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| Bergman, Ray L. & Sharon F. | 81E-27-80 <br> 81E-27-83 | 37 <br> 38 |
| Bergman, Walter A. | 81E-27-80 | 37 |
| Bourret, R. H. & Doris M. | 81E-27-84 <br> 81E-27 - 86, 86A & 87 <br> 81E-23, 26 - 98 | 39 <br> 39 <br> 42 |
| Bowlin, Eve S. | 81E-27-85 | 39 |
| Brocknau, Edward W. & Bessie C. | 81E-29-66 | 30 |
| Burch, Frank J. | 81E-19-48 | 25 |
| Burchett, Robert L. & Evalene | 81E-20, 29 - 63 <br> 81E-29-64 | 29 <br> 30 |
| Burchett, Warren Phillip | 81E-29-64 | 30 |
| Burke, Martin L. | 81E-18-134 | 11 |
| California, State of | 81E-17-128 <br> 91E-3-93 | 9 <br> 41 |
| Coda, Leo R. & Lillian L. | 81E-18-138 | 13 |
| Cottle, William W. & Gertrude D. | 81E-19-43 | 23 |
| Curphey, William E. & Myrtle E. | 81E-20-60 | 28 |
| Davis, Lloyd Q. | 81E-33-75 | 35 |
| Denni, Joseph A. & Grace H. | 81W-22-19 | 17 |
| Erwin, Robert M. & Ada Dee | 81E-17-130 <br> 81E-17, 18 - 131 | 9 <br> 10 |
| Estudillo, Minerva C. | 81E-10-121 | 7 |
| Fisher, John C. & Dorothy A | 81W-21, 28 - 16 | 16 |
| Frykland, Basil N. & Hazel B. | 81E-29-67 | 31 |
| Gibbon, William R. & Katherine C. | 81E-19, 20, 29, 30 - 54 | 27 |
| Gruner, Joseph A. & June B. | 81E-15, 22 - 126 | 8 |

-2-

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| Gruner, Lawrence V. | 81E-27-82 | 38 |
| Haggard, C. W. & Lillie B. | 81E-19-39 | 21 |
| Hagman, Lester W. & Leta | 81E-20-61 | 29 |
| Hale, Linnea | 81E-18-135 | 12 |
| Hasselquist, Gustav H. & Jeanne B. | 81E-12, 22 - 127 | 8 |
| Henderson, John T. | 81E-34-90 | 40 |
| Holmes, Ervin Howard & Erna Hazel | 81E-28-70A | 33 |
| Holmes, Glen Hugh & Ellen Adeline | 81E-28-70 | 33 |
| Hunter, Anna | 81E-19-40 | 22 |
| Hunter, Dorothy | 81E-19-40 | 22 |
| Hunter, Victoria | 81W-21-11 | 14 |
| Jacoby, Donald W. & Mabel M. | 81E-19-38 | 21 |
| Jessop, C. S. & Florence | 81E-27-84<br>81E-27 - 86, 86A & 87<br>81E-23, 26 - 98 | 39<br>39<br>42 |
| Johnson, F. H. | 81E-33-74 | 34 |
| Johnston, Joel E. & Margaret | 81E-8-119<br>81E-8-119A | 6<br>7 |
| Jurkovich, B. M. & Mary | 81W-24-26 | 19 |
| King, Arthur A. | 81W-24-24 | 18 |
| King, Ervin B. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, George F. B. | 81E-28-72 | 34 |
| King, Lawrence L. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, Mabel | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |
| King, Roy F. | 81E-28-72<br>81E-27, 28 - 73 | 34<br>34 |

-3-

| NAME | PARCEL NUMBER | PAGE NUMBER |
|------|---------------|-------------|
| King, Verona | 81E-20-72 | 34 |
|  | 81E-27, 28 - 73 | 34 |
| Knox, Garner L., Flora S. & Walter G. | 81W-13, 24 - 23 | 18 |
|  | 81E-18, 19 - 33 | 19 |
| Kohn, Harry & Naomi | 81E-4, 5 - 102 | 4 |
| Landgren, John A. | 81E-34-92 | 41 |
| Lane, Lucy B. | 81E-28-72 | 34 |
| Lohman, Edgar S. & Myrtle D. | 81W-21, 28 - 13 & 14 | 15 |
| Lonon, P. E. & Zana B. | 81W-24-25 | 19 |
| Lucier, David O. & Ella J. | 81E-33, 34 - 77 | 37 |
| Luckasavage, Alex J. & Carol H. | 81W-21-12 | 15 |
| Mc Carrel, Francis | 81E-18-135 | 12 |
| McDonnell, Ruja A. | 81W-21-15 | 15 |
| Mc Kean, Scott E. & Audrey E. | 81E-8-118 | 6 |
| Mc Kinley, Ivan E. & Mathea A. | 81E-23, 24 - 99 | 43 |
| Marcus, Murray M. & Violet | 81E-19-41 | 22 |
| Marion, George | 81E-4-107 | 4 |
| Marshall, George & Iona | 81E-19-44 | 23 |
| Martin, Charles E. & Dora A. | 81E-8-117 | 6 |
| Massengill, J. D. | 81E-19-35 | 20 |
| Miller, Lula I. | 81E-19-47 | 24 |
| Murcell, Betty B. | 81E-3, 10- 100 | 3 |
| Murphy, Edward & Bertha | 81E-23-126A | 8 |
| Oviatt, James | 81W-12, 13, 81E-7, 8, 18 - 4 | 2 |
| Poignee, George L. & Louise H. | 81E-19-45 | 23 |

-4-

3200

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| Poore, Paul R., Mildred C. & Robert Arthur | 81E-19-42<br>81E-19-46<br>81E-20-59 | 22<br>24<br>28 |
| Porter, Crystal Wells | 81E-10-120 | 7 |
| Register, Delia A. | 81E-34-91 | 41 |
| Richie, John H. & Marie L. | 81E-19-36 | 20 |
| Riverside, County of | 81E-19-51 | 26 |
| Robertson, L. G. | 81E-19-47 | 24 |
| Robinson, Julienne Vaasa & M. C. | 81W-13-3 | 2 |
| Rook, Arthur W. & June D. | 81E-20, 21 - 68 | 31 |
| Schroeder, Walter A., Jr. & Jeanette H. | 81E-29-65 | 30 |
| Schuman, Thomas S. & Dorothy | 81E-19-49 | 25 |
| Scott, Clarence Edward & Maude C. | 81W-21, 22, 28 - 17 | 16 |
| Simonich, Joseph & Dorothy A. | 81W-21, 22, 28 - 17 | 16 |
| Sloan, Myrtle M. King | 81E-28-72 | 34 |
| Spaniol, Gustave A. & Rose | 81E-19, 20 - 52 | 26 |
| Sperou, George J. & Marjorie V. | 81E-18-139 | 14 |
| Strodthoff, Gus J. & Una | 81W-22-18 | 17 |
| Tietsche, Paul W. & Nola Pearl | 81E-18-136 | 12 |
| Tomlinson, Bruse A. & Julia | 81E-5-106 | 4 |
| Tripp, Edward C. | 81E-18-133 | 11 |
| Trunnell, Donald B. & Esther M. | 81E-28, 29 - 69<br>81E-33-69A<br>81E-33-69B<br>81E-33, 34 - 69C<br>81E-27-80 | 31<br>32<br>32<br>32<br>37 |

-5-

| NAME | PARCEL NUMBER | PAGE NUMBER |
|---|---|---|
| United States of America | Par. 2 | 1 |
| Vail Co. | Par. 1 | 1 |
| Vermillion, George M. & Hazel S. | 81W-21, 22, 28 - 17 | 16 |
| Wade, Ralph W. & Sally R. | 81W-21, 22, 28 - 17 | 16 |
| Welch, Irene M. Barton & Dave | 81E-5-108 | 5 |
| Western Brass | 81E-23, 24 - 99 | 43 |
| Williams, Allen W. & Gladys | 81E-34-89 | 40 |
| Wolf, Alfred P. | 81E-28-71 | 33 |
| Zegers, Victoria Hunter | 81W-21-11 | 14 |

3202.

**Exhibit H**





**Exhibit I**

before me, Delbert E. Harris, a Notary Public in and for said County and State,
personally appeared Grace A. Pharaoh, known to me to be the person described in and
whose name is subscribed to the within instrument, and acknowledged that she executed
the same.

WITNESS my hand and Official Seal the day and year in this certificate first
above written.

Delbert E. Harris,
Notary Public in and for said
(NOTARIAL SEAL)             County and State.

#1993   Received for Record Mar 24, 1937, at 10 o'clock A. M. at request of Grace A.
Pharaoh.  Copied in Book No. 316 of Official Records, page 319 et seq. Records of
Riverside County, California.
Fees $1.00
Jack A. Ross, Recorder.
By F. B. Row, Deputy Recorder.
Compared:   Copyist J. Ferrand;   Comparer L. Hyde.

- - - - - -

Received Jun 19 1935.
U.S.Land Office.                       4-1003.
Los Angeles 049374 and 049476.
THE UNITED STATES OF AMERICA
TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:
WHEREAS, a Certificate of the Register of the Land Office at Los Angeles,
California, has been deposited in the General Land Office, whereby it appears that,
pursuant to the Act of Congress of May 20, 1862, "To Secure Homesteads to Actual
Settlers on the Public Domain," and the acts supplemental thereto, the claim of
Julius Cummings Hines, has been established and duly consummated, in conformity to
law, for the SOUTHWEST Quarter of the Northeast quarter, the southeast quarter of the
northwest quarter, the northwest quarter of the Southwest quarter, and the southwest
quarter of the Northwest quarter of Section Twenty-seven in Township Eight South of
Range One East of the San Bernardino Meridian, California, containing one hundred
sixty acres, according to the Official Plat of the Survey of the said land, on file in
the General Land Office:
NOW KNOW YE, That there is, therefore, granted by the UNITED STATES unto the
said claimant the tract of Land above described; TO HAVE AND TO HOLD the said tract
of Land, with the appurtenances thereof, unto the said claimant and to the heirs and
assigns of the said claimant forever; subject to any vested and accrued water rights
for mining, agricultural, manufacturing, or other purposes, and rights to ditches
and reservoirs used in connection with such water rights, as may be recognized and
acknowledged by the local customs, laws, and decisions of courts; and there is reserved
from the lands hereby granted a right of way thereon for ditches or canals constructed
by the authority of the United States.
IN TESTIMONY WHEREOF, I, Franklin D. Roosevelt, President,  of the United States
of America, have caused these letters to be made patent, and the seal of the General
Land Office to be hereunto affixed. Given under my hand, at the City of Washington,
the Thirteenth day of June, in the year of our Lord one thousand nine hundred and
Thirty five, and of the Independency of the United States the one hundred and Fifty-
Ninth.

By the President: Franklin D. Roosevelt,
By Louise Polk Wilson, Secretary.
(UNITED STATES LAND OFFICE SEAL) Ruth Lockett, Recorder of the General Land Office.
RECORDED: Patent Number 1076237.

#1977   Received for Record Mar 24, 1937, at 55 Min. past 9 o'clock P. M. at request of
J. C. Hines.  Copied in Book No. 316 of Official Records, page 320  Records of Riverside
County, California.
Fees $1.00
Jack A. Ross, Recorder.
By F. B. Row, Deputy Recorder.

Compared:   Copyist J. Ferrand;   Comparer L. Hyde.

- - - - - - -

ment on behalf of the corporation therein named, and acknowledged to me that such corporation executed the same.

WITNESS my hand and official seal the day and year in this certificate first above written.

Mildred Bogart,
Notary Public in and for said
(NOTARIAL SEAL)          County and State.

Received for Record Jul 17, 1940, at 40 Min. past 9 o'clock A.M. at request #1012 of Citizens Nat'l Trust & Savings Bank, Riverside, Calif., Copied in Book No. 468 of Official Records, page 570 et seq., Records of Riverside County, California.
Fees, $.80          Jack A. Ross, Recorder.

Compared:  Copyist G. Everett; Comparer A. Sunstedt.

- - - - - - - -

JULIUS CUMMINGS HINES     ET AL     )          GRANT DEED
TO                                   )
JOSEPH N. BURTON          ET AL     )

IN CONSIDERATION of Ten and No/100 Dollars, the receipt of which is hereby acknowledged by the undersigned, JULIUS CUMMINGS HINES and PAULINE HINES, husband and wife, do hereby grant to JOSEPH N. BURTON and MARTHA BURTON, husband and wife, as joint tenants with right of survivorship, the real property in the County of Riverside, Los Angeles, State of California, described as follows:

Southwest quarter of the Northeast quarter, the southeast quarter of the northwest quarter, the west one-half of the northwest quarter of the southwest quarter, and the southwest quarter of the northwest quarter of Section 27 in Township 8 South of Range 1 East of the San Bernardino Meridian, California, containing 140 acres, according to the official plat of the Survey of the said Land on file in the General Land Office.

SIGNED this 30th day of April, 1940.

Julius Cummings Hines
U.S.I.R.S. $.55 Cancelled.          Pauline Hines

State of California, )
County of Los Angeles)ss.
On this 30th day of April, 1940, before me, Chas. T. Rippy, a Notary Public in and for said County, personally appeared Julius Cummings Hines and Pauline Hines, husband and wife, known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same.
WITNESS my hand and official seal.

Chas.T. Rippy
Notary Public, Los Angeles County,
(NOTARIAL SEAL)          California.
My Commission expires August 9, 1943.

Received for Record Jul 17, 1940, at 9 o'clock A.M. at request of Riverside #1007 Title Company, Copied in Book No. 468 of Official Records, page 571, Records of Riverside County, California.
Fees, $1.00          Jack A. Ross, Recorder.

Compared:  Copyist G. Everett; Comparer A. Sunstedt.

- - - - - - - -

JOSEPH N. BURTON        )
TO                      )
LLOYD M. BAUGHN, ET AL  )        GRANT DEED

IN CONSIDERATION of Ten and No/100 Dollars, the receipt of which is hereby
acknowledged by the undersigned, JOSEPH N. BURTON, surviving Joint Tenant, Does Hereby
Grant To LLOYD M. BAUGHN and MARGARET BAUGHN, his wife as Joint Tenants, the real
property in the County of Los Angeles, Riverside, State of California, described as
follows:

**281**

Southwest Quarter of the Northeast Quarter, the Southeast Quarter of the
Northwest Quarter, the West one half of the Northwest Quarter of the Southwest
Quarter, and the Southwest Quarter of the Northwest Quarter of Section 27, in
Township 8 South, of Range 1 East, of the San Bernardino Meridian, California,
containing 140 acres, according to the official plat of the survey of the said land
on file in the general land office.

Signed this 18th day of January, 1944.

Joseph N. Burton

STATE OF CALIFORNIA    )
COUNTY OF LOS ANGELES, ) ss.

On this 18th day of January, 1944, before me, the undersigned, a Notary
Public in and for said County, personally appeared Joseph N. Burton, known to me to
be the person whose name is subscribed to the within instrument and acknowledged that
he executed the same.

WITNESS my hand and official seal.

Chas. T. Rippy

(NOTARIAL SEAL)                Notary Public, Los Angeles, California.
My commission expires Aug 5 1947

Received for record Feb 17 1944 at 30 Min. past 3 o'clock P. M. at request of  #1226
Chas. T. Rippy.  Copied in book No. 614 of Official Records, page 280, et seq.,
Records of Riverside County, California.

Fees $1.00 .
Jack A. Ross, Recorder.

Compared:  Copyist W. Kerdraon; Comparer A. Thompson

::::

MARSH D. ESPINOSA, ET AL  )

BOOK 1793 PAGE 43

SPACE ABOVE THIS LINE FOR RECORDER'S USE

PLACE INTERNAL REVENUE STAMPS IN THIS SPACE

## Grant Deed

Affix I. R. S. $.

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

LLOYD M. BAUGHN and MARGARET BAUGHN, joint tenants, do

hereby GRANT(S) to

MYRTLE A. ANDERSON and DR. MILFORD X. ANDERSON, as joint tenants

the following described real property in the state of California, county of Riverside

Southwest Quarter of the Northeast Quarter, the Southeast Quarter
of the Northwest Quarter, the West one-half of the Northwest Quarter
of the Southwest Quarter, and the Southwest Quarter of the Northwest
Quarter of Section 27, in Township 8 South, of Range 1 East, of the
San Bernardino Meridian, California, containing 140 acres, according
to the official plat of the survey of the said land on file in the
general land office, excepting 25% of all oil, mineral including
uranium rights.

Subject to the terms and conditions of that certain contract for sale
of said property, Executed on or about Oct. 29, 1954 between Grantors, Lloyd
M. Baughn and Margaret Baughn, joint tenants, and Fred Koernes and Florabnah Koernes,
joint tenants, all of the County of Los Angeles, California.

Dated: August 16, 1955

STATE OF CALIFORNIA
COUNTY OF
Los Angeles } SS.

On August 16, 1955
before me, the undersigned, a Notary Public in
and for said County and State, personally appeared

Lloyd M. Baughn and
Margaret Baughn

known to me to be the person S_ whose name S are
subscribed to the within Instrument and acknowledged that
they executed the same.

WITNESS my hand and official seal.

(Seal)

My Commission Expires

*Lloyd M. Baughn*
Lloyd M. Baughn
*Margaret Baughn*
Margaret Baughn

SPACE BELOW FOR RECORDER'S USE ONLY

RECEIVED FOR RECORD
AT 22 SEP 13 1955
BOOK 1793 PAGE 43
JACK A. ROSS

FEES $

WHEN RECORDED MAIL TO

M.X. Anderson M.D.
3741 Stocker St.
Los Angeles 8, Calif.

Title Order No.
Escrow or Loan No.

BEST COPY

WHEN RECORDED MAIL TO

Frederick V. Koerner
Highway 79
Aguanga, California

FOR A VALUABLE CONSIDERATION

MILFORD X. ANDERSON AND MYRTLE A. ANDERSON

GRANT to FREDERICK V. KOERNER AND FLORENNAH KOERNER, husband and wife, as joint tenants, also known as Fred Koerner and Florennah Koerner

the real property in the

State of California, described as:

The Southwest Quarter of the Northeast Quarter, the Southeast Quarter of the Northwest Quarter, the East Half of the Northwest Quarter of the Southwest Quarter, and the Southeast Quarter of the Northwest Quarter of Section 37, Township 8 South, Range 1 East, San Bernardino Meridian, California, containing 180 acres, according to the official plat of the survey of the said land on file in the general land office, excepting 50% of all oil, mineral including uranium rights.

This deed is given in pursuance of that certain Agreement for Sale of Real Estate dated October 29, 1959 between Lloyd R. Baughn and Margaret Baughn, Seller, and Fred Koerner and Florennah Koerner, Buyer, recorded January 18, 1960 in Book 2615 pages 357-360 of Official Records.

Dated    May 16, 1961

STATE OF CALIFORNIA
COUNTY OF

June 20, 1961

before me, the undersigned, a Notary Public in and for said
County and State personally appeared    Milford X.
Anderson and Myrtle A. Anderson

Order No. 440672 S

Escrow or Loan No. 10707

BEST COPY

61945
64815

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Frederick V. Koerner and
Hovannah Koerner and
Grace Jordan
General Delivery, Aguanga
California 92302

Title Order No. 279819    Escrow No. 64-9077

RECEIVED FOR RECORD
JUL 9 1968
AT 9:00 O'CLOCK A.M.
at the Request of
TITLE INSURANCE & TRUST CO.
Recorded in Official Records
of Riverside County, California

SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENTS TO

Frederick V. Koerner and
Hovannah Koerner and
Grace Jordan
General Delivery, Aguanga
California 92302

## Joint Tenancy Grant Deed

Consideration less than $100.00
Affix I.R.S. $ NONE

THIS FORM FURNISHED BY SECURITY TITLE INSURANCE COMPANY

UNINCORPORATED AREA

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
FREDERICK V. KOERNER and HOVANNAH KOERNER, also known as Fred Koernes and Florannah Koernes, husband and wife,

hereby GRANT(S) to FREDERICK V. KOERNER and HOVANNAH KOERNER, husband as wife, and GRACE JORDAN, an unmarried woman,

, AS JOINT TENANTS,

the real property in the
County of Riverside,                          State of California, described as:

The Southwest quarter of the Northeast quarter; the Southeast quarter of the Northwest quarter; the West half of the Northwest quarter; the Southwest quarter of the Southwest quarter; and the Southwest quarter of the Northwest quarter, all in Section 27, Township 8 South, Range 1 East, San Bernardino Base and Meridian;

EXCEPTING therefrom 50% of all oil and minerals, including uranium, as reserved in the Deed executed by Lloyd M. Baughm and Margaret Baughm, recorded September 13, 1955 in Book 1393 page 45 of Official Records, Riverside County Records, and in the Deed executed by Milford I. Anderson and Myrtle A. Anderson, husband and wife, recorded June 28, 1961 as Instrument No. 55163.

Said property is in an unincorporated area of Riverside County.

Dated    January 8, 1968

_Fredryk V Koerner_
Fred V
FREDERICK V. KOERNER

_Hovannah Koerner_
HOVANNAH KOERNER

STATE OF CALIFORNIA
COUNTY OF Riverside            } ss.
On    January 8, 1968            before me, the under-
signed, a Notary Public in and for said County and State, personally
appeared    Frederick V. Koerner and
Hovannah Koerner

known to me
to be the person S    whose name S are subscribed to the within
instrument and acknowledged that    they    executed the same.

_Rosalind R. Thomas_
Signature of Notary

Rosalind R. Thomas
Name (Typed or Printed) of Notary

FOR NOTARY SEAL OR STAMP

ROSALIND R. THOMAS
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
RIVERSIDE COUNTY
My Commission Expires Jan. 8, 1970

L-9 (GS) Rev. 9-65 (9 2A)    MAIL TAX STATEMENTS AS DIRECTED ABOVE



RECORDING REQUESTED BY

Harry E. Teasdall
Attorney at Law
Fallbrook, California

AND WHEN RECORDED MAIL TO

Rosemarie DesLauriers
General Delivery
Aguanga, California
92502

RECEIVED FOR RECORD
MAR 3 1969
3rd Min. Past 8 o'Clock AM

Name Rosemarie DesLauriers
Street Address General Delivery
City & State Aguanga, California
92502

MAIL TAX STATEMENTS TO

SPACE ABOVE THIS LINE FOR RECORDER'S USE

---

## Grant Deed

Consideration less $100.00

AFFIX I.R.S. $ None Above

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Hovannah Koerner**

hereby GRANT(S) to   Rosemarie DesLauriers the undivided one-half joint tenancy interest of Hovannah Koerner, in

the following described real property in the

County of   **Riverside**   , State of California:

The Southwest quarter of the Northeast quarter; the Southeast quarter of the Northwest quarter; the West half of the Northwest quarter of the Southwest quarter; and the Southwest quarter of the Northwest quarter, all in Section 27, Township 8 South, Range 1 East, San Bernardino Base and Meridian;

EXCEPTING therefrom 50% of all oil and minerals, including uranium, as reserved in the Deed executed by Lloyd M. Baughn and Margaret Baughn, recorded September 13, 1955 in Book 1393 page 49 of Official Records, Riverside County Records, and in the Deed executed by Milford X. Anderson and Myrtle A. Anderson, husband and wife, recorded June 28, 1961 as Instrument No. 55163.

Said property is in an unincorporated area of Riverside County.

Dated   February   , 1969

HOVANNAH KOERNER

STATE OF CALIFORNIA
COUNTY OF   San Diego

On   Febr.   , 1969 before me, the undersigned, a Notary Public in and for said State, personally appeared

Hovannah Koerner

, known to me to be the person   whose name **is** subscribed to the within instrument and acknowledged that **she** executed the same.

WITNESS my hand and official seal.

Signature

Name (Typed or Printed)

Title Order No.                    Escrow or Loan No.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

**END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER**



RECORDING REQUESTED BY

HARRY E. TEASDALL
Attorney at Law

AND WHEN RECORDED MAIL TO

Hovannah Koerner and
Grace Jordan
General Delivery
Ayuanpa, California   92302

Hovannah Koerner and
Grace Jordan
General Delivery
Ayuanpa, California   92302

RECEIVED FOR RECORD
FEB 13 1959
30 Min. Past 9 O'clock A.M.
at Request of

FEE $

14168

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Quitclaim Deed

No Consideration

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**FREDERICK V. KOERNER, a married man,**

hereby REMISES, RELEASES AND FOREVER QUITCLAIMS to

**HOVANNAH KOERNER, a married woman, and GRACE JORDAN, an unmarried woman, as joint tenants,**

the following described real property in the
state of California,

county of **RIVERSIDE**

The Southwest quarter of the Northeast quarter; the Southeast
quarter of the Northwest quarter; the West half of the Northwest
quarter of the Southwest quarter; and the Southwest quarter of
the Northwest quarter, all in Section 27, Township 8 South,
Range 1 East, San Bernardino Base and Meridian;

EXCEPTING therefrom 50% of all oil and minerals, including
uranium, as reserved in the Deed executed by Lloyd M. Baughn and
Margaret Baughn, recorded September 13, 1955 in Book 1393 page 49
of Official Records, Riverside County Records, and in the Deed
executed by Milford X. Anderson and Myrtle A. Anderson, husband and
wife, recorded June 28, 1961 as Instrument No. 55165,

Said property is in an unincorporated area of Riverside County.

Dated _February 2, 1969_

STATE OF CALIFORNIA
COUNTY OF  SAN DIEGO

On February 2, 1969 before me, the under-
signed, a Notary Public in and for said State, personally appeared

**FREDERICK V. KOERNER**

known to me
to be the person_____ whose name_____ **is** subscribed to the within
instrument and acknowledged that _____ **he** _____ executed the same.
WITNESS my hand and official seal.

Signature _____

FERN LARSEN  Notary Public, Cal.
Name (Typed or Printed)   SAN DIEGO CO.

This area for official notarial seal

FERN LARSEN
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
SAN DIEGO COUNTY

Title Order No. _____   Escrow or Loan No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

## END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER



149520

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name  Mr. George W. Humphries, Pres.
Street  Cascade Investment Corporation
Address  401 North Brand Boulevard, #722
City &  Glendale, California
State

MAIL TAX STATEMENTS TO

Name
Street
Address
City &  SAME AS ABOVE
State

P A I D
Doc. Transfer Tax
W. D. Balogh
Riv. Co. Recorder

RECEIVED FOR RECORD
DEC 30 1971
Title Insurance and Trust Co.
W. D. Balogh

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $ _____
__ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED,
__ OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.
_____
Signature of Declarant or Agent determining tax.  Firm Name

# Grant Deed

TO 405.1 CA (1-70)   THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
GRACE JORDAN, ROSEMARIE DESLAURIERS ALSO KNOWN AS ROSEMARIE WEBB, AND HER
HUSBAND H. LAWRENCE WEBB,

hereby GRANT(S) to

CASCADE INVESTMENT CORPORATION, A CALIFORNIA CORPORATION,

the following described real property in the
County of  RIVERSIDE  , State of California:

THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER; THE SOUTHWEST
QUARTER OF THE NORTHWEST QUARTER; THE WEST HALF THE OF THE
NORTHWEST QUARTER OF THE SOUTHWEST QUARTER; AND THE SOUTHWEST
QUARTER OF THE NORTHWEST QUARTER, ALL IN SECTION 27, TOWNSHIP
8 SOUTH, RANGE 1 EAST, SAN BERNARDINO MERIDIAN, IN THE COUNTY
OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL
PLAT THEREOF.

EXCEPT 50% OF ALL OIL AND MINERALS, INCLUDING URANIUM, AS
RESERVED IN THE DEED EXECUTED BY LLOYD M. BAUGHN AND MARGARET
BAUGHN, RECORDED SEPTEMBER 13, 1955 IN BOOK 1399 PAGE 49
OFFICIAL RECORDS, RIVERSIDE COUNTY RECORDS, AND IN THE DEED
EXECUTED BY MILFORD X. ANDERSON AND MYRTLE A. ANDERSON,
HUSBAND AND WIFE, RECORDED JUNE 28, 1961 AS INSTRUMENT NO.
55163.

Dated  DECEMBER 23, 1971

_Grace Jordan_
GRACE JORDAN
_Rosemarie Mrs. Laurier_
ROSEMARIE DESLAURIERS
_Rosemarie Webb_
ROSEMARIE WEBB
_H. Lawrence Webb_
H. LAWRENCE WEBB

STATE OF CALIFORNIA
COUNTY OF  LOS ANGELES  }SS.
On  DECEMBER 23, 1971  before me, the under-
signed, a Notary Public in and for said State, personally appeared
GRACE JORDAN, ROSEMARIE DESLAURIERS,
ROSEMARIE WEBB, H. LAWRENCE WEBB
_____, known to me
to be the person S whose name ARE subscribed to the within
instrument and acknowledged that _____ executed the same.
WITNESS my hand and official seal.

Signature  _W. F. Huntsman_

Name (Typed or Printed)

OFFICIAL SEAL
F. C. HUNTSMAN
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires September 19, 1975

(This area for official notarial seal)

Title Order No.  311594  Escrow or Loan No.  1973

MAIL TAX STATEMENTS AS DIRECTED ABOVE

END RECORDED DOCUMENT   W. D. BALOGH, COUNTY RECORDER

Description: Riverside,CA Document-Year.DocID 1971.149520 Page: 1 of 1
Order: sdf Comment:



RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

GEORGE W. HUMPHRIES
411 North Central Avenue
Suite 302
Glendale, California 91203

MAIL TAX STATEMENTS TO
Same as above

PAID
Doc. Transfer Tax
R. D. BAUGH
BY CO. RECORDER

RECEIVED FOR RECORD
AUG 3 1973

102467

DOCUMENTARY TRANSFER TAX $_____
SIGNED—Party or Agent_____Firm Name
AFFIX I.R.S.§_____ IN THIS SPACE

## Corporation Grant Deed

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CASCADE INVESTMENT CORPORATION, a California corporation,
a corporation organized under the laws of the state of California
hereby GRANTS to

GEORGE W. HUMPHRIES, a married man, as his sole and separate
property
the following described real property in the
County of Riverside                     State of California:

The Southwest Quarter of the Northeast Quarter; the Southeast
Quarter of the Northwest Quarter; the West half of the North-
west Quarter of the Southwest Quarter; and the Southwest Quarter
of the Northwest Quarter, all in Section 27, Township 8 South,
Range 1 East, San Bernardino Meridian, in the County of River-
side, State of California, according to the official plat
thereof.

EXCEPT 50% of all oil and minerals, including uranium, as
reserved in the Deed executed by Lloyd M. Baughn and Margaret
Baughn, recorded September 13, 1955 in Book 1393 Page 49
Official Records, Riverside County Records, and in the Deed
executed by Milford X. Anderson and Myrtle A. Anderson,
Husband and Wife, recorded June 28, 1961 as Instrument No.
55163.

In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this instru-
ment to be executed by its _____ President and _____ Secretary
thereunto duly authorized.

Dated: July 30, 1973

STATE OF CALIFORNIA } SS.
COUNTY OF LOS ANGELES }

On July 30, 1973 before me, the under-
signed, a Notary Public in and for said State, personally appeared
George W. Humphries _____ known
to me to be the _____ President, and
Grace Jordan _____ known to me to be the
_____ Secretary of the corporation that executed the
within Instrument, known to me to be the persons who executed the
within Instrument on behalf of the Corporation therein named, and
acknowledged to me that such Corporation executed the within Instru-
ment pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

Signature Norma I. Gale

Name (Typed or Printed)

Cascade Investment Corporation,
a California corporation

By George W. Humphries President
GEORGE W. HUMPHRIES

By Grace Jordan Secretary
GRACE JORDAN

OFFICIAL SEAL
NORMA I. GALE
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires June 1, 1975

Title Order No. 327323        Escrow or Loan No. 64-9746

MAIL TAX STATEMENTS AS DIRECTED ABOVE

102467

CERTIFIED COPY
OF
CORPORATE RESOLUTION

CASCADE INVESTMENT CORPORATION
A California Corporation

The undersigned certifies that she is the duly elected and
acting Secretary of CASCADE INVESTMENT CORPORATION, A California
corporation, and that the following resolution was duly adopted
by the Board of Directors of the corporation at the reconvened
session of its regular meeting held on the 30th day of July,
1973, at the offices of Harmer & Crane, 401 North Brand Boulevard,
Glendale, California, at which meeting a quorum was present and
acting, and that the same has not been revoked.

RESOLVED that all three (3) members of the Board of Dir-
ectors are authorized, empowered, and directed to enter into
a loan escrow at the Bank of America, Manhattan Beach branch,
for the purpose of completing the Thirty Thousand Dollar
($30,000) loan from M. B. Shive, at the rate of ten per cent
(10%) per annum, simple interest on terms of Six Hundred Dol-
lars ($600) per month.

RESOLVED FURTHER that the legal title to the Lazy K Rancho,
real property, be transferred to George W. Humphries, who will
personally sign the promissory note and first truste deed on the
Lazy K Rancho property in the amount of Thirty Thousand Dollars
($30,000) to meet the express requirements of the lender, M. B.
Shive.

RESOLVED FURTHER that the officers of this corporation are
hereby authorized to execute and deliver to Grace Jordan a pro-
missory note in the amount of Twenty Thousand Dollars ($20,000)
secured by a second Deed of Trust on the Lazy K Rancho property.

CERTIFICATE

KNOW ALL MEN BY THESE PRESENTS:

That I, Grace Jordan, the undersigned, the duly elected and acting
Secretary of CASCADE INVESTMENT CORPORATION, a California cor-
poration, do hereby certify that the foregoing resolution is a
true and correct copy of the resolution adopted by the Board of
Directors at the reconvened session of its regular meeting held
the 30th day of July, 1973, at Harmer & Crane, 401 North Brand
Boulevard, Glendale, California 91203, at which a quorum of the
Directors were present.

CASCADE INVESTMENT CORPORATION


GRACE JORDAN, Secretary


END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER



RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

GEORGE W. HUMPHRIES
411 North Central Avenue
Suite 302
Glendale, California 91203

Same as above

DOCUMENTARY TRANSFER TAX $
SIGNEE - Party or Agent        Firm Name

## Grant Deed

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

GEORGE W. HUMPHRIES, a married man, as his sole and separate property

hereby GRANT(S) to

CASCADE INVESTMENT CORPORATION, a California corporation,

the following described real property in the
County of    Riverside                 , State of California:

The Southwest Quarter of the Northeast Quarter; the Southeast
Quarter of the Northwest Quarter; the West half of the North-
west Quarter of the Southwest Quarter; and the Southwest Quarter
of the Northwest Quarter, all in Section 27, Township 8 South,
Range 1 East, San Bernardino Meridian, in the County of River-
side, State of California, according to the official plat
thereof.

EXCEPT 50% of all oil and minerals, including uranium, as
reserved in the Deed executed by Lloyd M. Baughn and Margaret
Baughn, recorded September 13, 1955 in Book 1393 Page 49
Official Records, Riverside County Records, and in the Deed
executed by Milford X. Anderson and Myrtle A. Anderson,
Husband and Wife, recorded June 28, 1961 as Instrument No.
55363.

Dated      July 30, 1973

GEORGE W. HUMPHRIES

STATE OF CALIFORNIA
COUNTY OF    LOS ANGELES
On    July 30, 1973                    before me, the under-
signed, a Notary Public in and for said State, personally appeared
George W. Humphries

known to me
to be the person whose name  is  subscribed to the within
instrument and acknowledged that  he  executed the same.
WITNESS my hand and official seal.

Signature    Norma J. Gale

OFFICIAL SEAL
NORMA J. GALE
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires June 1, 1975

Name (Typed or Printed)

Title Order No.                          Escrow or Loan No.  64-9773

MAIL TAX STATEMENTS AS DIRECTED ABOVE

END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL, THIS DEED AND UNLESS OTHERWISE SHOWN
BELOW MAIL TAX STATEMENT TO:

Name: Cascade Properties Corporation
Street Address: 517 E. Wilson Avenue #205
City & State: Glendale, CA. 91206

280433

RECEIVED FOR RECORD
AT 2:30 O'CLOCK P.M.
NOV 5 1986
William E. Conerly
Recorder
Fee$

MAIL TAX STATEMENTS TO

Name: Cascade Properties Corporation
Street Address: as above
City & State:

TITLE ORDER NO. 474684   ESCROW NO. 11266

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $____0.00____ *
☐ computed on full value of property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale.
☒ unincorporated area    ☐ city of _____, AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CASCADE INVESTMENT CORPORATION, a California corporation

hereby remise, release and forever QUITCLAIM to

CASCADE PROPERTIES CORPORATION, a California corporation

the following described real property in the
County of Riverside                    , State of California:

The Southwest quarter of the Northeast quarter; the Southeast quarter of the
Northwest quarter; the West half of the Northwest quarter of the Southwest
quarter; and the Southwest quarter of teh Northwest quarter, all in Section 27,
Township 8 South, Range 1 East, San Bernardino Base and Meridian, in the County
of Riverside, State of California, according to the official plat thereof.

EXCEPT 50% of all oil and minerals, including uranium, as reserved in the deed
executed by Lloyd M. Baughn and Margaret Baughn, recorded September 13, 1955
in the deed executed by Milford X. Anderson and Myrtle A. Anderson, husband
and wife, recorded June 28, 1961 as Instrument No. 55163.

Commonly known as: 45120 Aguanga Road, Aguanga, CA.

*This conveyance changes manner in which title is held. R & T 11911

Cascade Investment Corporation

by: _George W. Humphries_ George W. Humphries, President

Dated   October 31, 1986

by: _Joan R. Humphries_ Joan R. Humphries, Treasurer

STATE OF CALIFORNIA
COUNTY OF   Los Angeles                } ss.
On this   31st   day of   October   in the year   1986
before me, the undersigned, a Notary Public in and for said state, personally
appeared   George W. Humphries & Joan R. Humphries
☐ personally known to me
☒ proved to me on the basis of satisfactory evidence
to be the person whose name is subscribed to this instrument, and acknowl-
edged to me that he (she or they) executed it.

OFFICIAL SEAL
DONNA L. STEFANI
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Jan. 2, 1988

Signature   _Donna L. Stefani_
NOTARY PUBLIC IN AND FOR SAID STATE

(This area for official notarial seal)

T-893              MAIL TAX STATEMENTS AS DIRECTED ABOVE.

**CORPORATE ACKNOWLEDGMENT**                                                        NO. 888

State of    California

County of   Los Angeles           } SS.

On this the 31st day of    October    19 86 before me,

       Donna L. Stefani
the undersigned Notary Public, personally appeared

George W. Humphries & Joan R. Humphries

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence
to be the person(s) who executed the within instrument as
President & Treasurer    or on behalf of the corporation therein
named, and acknowledged to me that the corporation executed it.
WITNESS my hand and official seal.

**OFFICIAL SEAL**
**DONNA L. STEFANI**
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Jan. 2, 1988

Notary's Signature   _Donna L. Stefani_

NATIONAL NOTARY ASSOCIATION • 23012 Ventura Blvd • P.O. Box 4625 • Woodland Hills, CA 91364

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND UNLESS OTHERWISE SHOWN
BELOW MAIL TAX STATEMENTS TO

Cascade Properties Corporation
517 E. Wilson Avenue #205
Glendale, CA. 91206

MAIL TAX STATEMENTS TO

same as above

TITLE ORDER NO 4746684   ESCROW NO 11266

SPACE ABOVE THIS LINE FOR RECORDER'S USE

RECEIVED FOR RECORD
AT 2:30 O'CLOCK P.M.
NOV 5 1986

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $____0.00____

☐ computed on full value of property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale.
☒ unincorporated area   ☐ city of _____, AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

GEORGE W. HUMPHRIES AND JOAN R. HUMPHRIES

hereby remise, release and forever QUITCLAIM to

CASCADE PROPERTIES CORPORATION, a California corporation

the following described real property in the
County of Riverside , State of California:

The Southwest quarter of the Northeast quarter; the Southeast quarter of the
Northwest quarter; the West half of the Northwest quarter of the Southwest
quarter; and the Southwest quarter of the Northwest quarter, all in Section 27,
Township 8 South, Range 1 East, San Bernardino Meridian, in the County of
Riverside, State of California, according to the official plat thereof.

EXCEPT 50% of all oil and minerals, including uranium, as reserved in the deed
executed by Lloyd M. Baughn and Margaret Baughn, recorded September 13, 1955
in the deed executed by Milford X. Anderson and Myrtle A. Anderson, husband
and wife, recorded June 28, 1961 as Instrument No. 55163.

Commonly known as: 45120 Aguanga Road, Aguanga, California

Dated   October 28, 1986

_____
George W. Humphries

STATE OF CALIFORNIA        } ss.
COUNTY OF   Los Angeles    }

_____
Joan R. Humphries

On this ___31st___ day of ___October___ in the year ___1986___
before me, the undersigned, a Notary Public in and for said State, personally
appeared George W. Humphries & Joan R. Humphries
☐ personally known to me
☒ proved to me on the basis of satisfactory evidence
to be the person whose name is subscribed to this instrument, and acknowl-
edged to me that he (she or they) executed it.

OFFICIAL SEAL
DONNA L. STEFANI
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Jan 2, 1988

Signature   Donna A. Stefani
NOTARY PUBLIC IN AND FOR SAID STATE                    (This area for official notarial seal)

T-893                        MAIL TAX STATEMENTS AS DIRECTED ABOVE.

RECORDING REQUESTED BY

**Lincoln Title Co.**

ORDER # 16301-7

WHEN RECORDED MAIL TO

Name
Street Address
City & State

DORN PLATZ AND COMPANY
c/o SKP Resort of So. Ca.
P.O. Box 664
Aguanga, CA. 92302

PAID
Doc. Transfer Tax

RECORDED FOR RECORD
AT 8:00 O'CLOCK A.M.

NOV-9 1989
Recorded in Official Records
of Riverside County, California

SURVEYORS
Monument Fund
$10.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# CORPORATION GRANT DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 715.00
(XX) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
(X) Unincorporated area:   ( ) City of........................
( ) Realty not sold.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CASCADE PROPERTIES CORPORATION, A CALIFORNIA CORPORATION

hereby GRANTS to

DORN PLATZ AND COMPANY, A CALIFORNIA CORPORATION

that property in                                    **Riverside**                    County, State of California, described
as.

THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER; THE SOUTHEAST QUARTER OF THE
NORTHWEST QUARTER; THE WEST HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER;
AND THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER, ALL IN SECTION 27, TOWNSHIP
8 SOUTH, RANGE 1 EAST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE
OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Mail tax statements to............see Preliminary Change of Ownership...............
In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this
instrument to be executed by its duly authorized officers.
Date ............October 23, 1989

STATE OF CALIFORNIA,
COUNTY OF....Los Angeles....}ss.
On...Nov. 3, 1989.....................before me,
the undersigned, a Notary Public in and for said County and
State, personally appeared ..............................
George W. Humphries....................personally
known to me (or proved to me on the basis of satisfactory
evidence) to be the.......................President, and
...........................................known to me
(or proved to me on the basis of satisfactory evidence)
to be the.......................................Secretary of
the Corporation that executed the within instrument, known
to me to be the persons who executed the within instrument
on behalf of the Corporation therein named, and acknowledged
to me that such Corporation executed the within instrument
pursuant to its bylaws or a resolution of its Board of Directors.
WITNESS my hand and official seal.
Signature...Susan Opalk.....................

Name (Typed or Printed)

CASCADE PROPERTIES CORPORATION

George W. Humphries........President

.........................................Secretary

OFFICIAL SEAL
SUSAN OPALK
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. Sep. 4, 1990

F10-3007

MAIL TAX STATEMENTS AS DIRECTED ABOVE



SURVEYORS Monument Fund $10.00

RECORDING REQUESTED BY

**Lincoln Title Co.**

ORDER # 16301-7

WHEN RECORDED MAIL TO

DORN PLATZ AND COMPANY
c/o SKP Resort of So. Ca.
P.O. Box 664
Aguanga, CA. 92302

PAID
Doc Transfer Tax
$715.00

RECORDED FOR RECORD
AT 8:00 O'CLOCK A.M.
NOV -8 1989

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# CORPORATION GRANT DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is $.715.00........
(XX) computed on full value of property conveyed, or
( ..... ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area: ( ) City of......................................................................
( ..... ) Realty not sold.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CASCADE PROPERTIES CORPORATION, A CALIFORNIA CORPORATION

hereby GRANTS to

DORN PLATZ AND COMPANY, A CALIFORNIA CORPORATION

that property in                    Riverside                    County, State of California, described
as.

THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER; THE SOUTHEAST QUARTER OF THE
NORTHWEST QUARTER; THE WEST HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER;
AND THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER, ALL IN SECTION 27, TOWNSHIP
8 SOUTH, RANGE 1 EAST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE
OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Mail tax statements to..........See Preliminary Change of Ownership....................
In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this
instrument to be executed by its duly authorized officers.
Date .................October 23, 1989..........

STATE OF CALIFORNIA,
COUNTY OF.....Los Angeles.........}SS.
On.....Nov. 3, 1989..........before me,
the undersigned, a Notary Public in and for said County and
State, personally appeared
.....George W. Humphries., personally
known to me (or proved to me on the basis of satisfactory
evidence) to be the.................................................President, and
...............................................................known to me
(or proved to me on the basis of satisfactory evidence)
to be the..............................................................Secretary of
the Corporation that executed the within instrument, known
to me to be the persons who executed the within instrument
on behalf of the Corporation therein named, and acknowledged
to me that such Corporation executed the within instrument
pursuant to its bylaws or a resolution of its Board of Directors.
WITNESS my hand and official seal.
Signature......................................................

Name (Typed or Printed)

CASCADE PROPERTIES CORPORATION

...........................................................President

...........................................................Secretary

OFFICIAL SEAL
SUSAN OFALK
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. Sep. 4, 1990

F1G-3007                    MAIL TAX STATEMENTS AS DIRECTED ABOVE

RECORDING REQUESTED BY

**Lincoln Title Co.**

ORDER # 16301-7

392260

WHEN RECORDED MAIL TO

RECORDED FOR RECORD
AT 8:00 O'CLOCK A.M.
NOV - 9 1989
Recorded in Official Records
of Riverside County, California
Recorder
Fees $

SURVEYORS
Monument Fund $10.00

PAID
Doc Transfer Tax
WILLIAM E. CONERLY

Name · Street Address · City & State

SKP RESORT
P.O. Box 664
Aguanga, CA.  92302

————————— ABOVE THIS LINE FOR RECORDER'S USE —————————

## CORPORATION GRANT DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is $.715.00.......
(  XX  computed on full value of property conveyed, or
(     ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area:  (     ) City of.............................................
(     ) Realty not sold.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

DORN PLATZ AND COMPANY, A CALIFORNIA CORPORATION

hereby GRANTS to

SKP RESORT OF SOUTHERN CALIFORNIA INC., A CALIFORNIA CORPORATION

that property in            **Riverside**            County, State of California, described as.

THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER; THE SOUTHEAST QUARTER OF THE
NORTHWEST QUARTER; THE WEST HALF OF THE NORTHWEST QUARTER OF THE SOUTHWEST QUARTER;
AND THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER, ALL IN SECTION 27, TOWNSHIP
8 SOUTH, RANGE 1 EAST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE
OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Mail tax statements to......see...Preliminary...Change...of...Ownership.........................
In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this
instrument to be executed by its duly authorized officers.
Date ..........October 23, 1989............

DORN PLATZ AND COMPANY

...................................President

...................................Secretary

STATE OF CALIFORNIA
COUNTY OF ... Los Angeles ... } SS.
On ... November 6, 1989 ... before me,
the undersigned, a Notary Public in and for said County and
State, personally appeared ... Ronald R. Platz ...
.......................................... personally
known to me (or proved to me on the basis of satisfactory
evidence) to be the......................President, and
..........................................known to me
(or proved to me on the basis of satisfactory evidence)
to be the..........................Secretary of
the Corporation that executed the within instrument, known
to me to be the persons who executed the within instrument
on behalf of the Corporation therein named, and acknowledged
to me that such Corporation executed the within instrument
pursuant to its bylaws or a resolution of its Board of Directors.
WITNESS my hand and official seal.
Signature ... Cheryl K Bennett ...
... Cheryl K. Bennett ...
Name (Typed or Printed)

OFFICIAL SEAL
CHERYL K BENNETT
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JUN 5, 1992

FTG-3007                    MAIL TAX STATEMENTS AS DIRECTED ABOVE

of Riverside, State of California.

Received for record Apr 9, 1932 at 8 o'clock A.M. at request of F.M. Sallee.   #424
Copied in Book No. 73 of Official Records, page 14, et seq., records of Riverside
County, California.

    Fees $1.00                Jack A. Ross,   Recorder.

    Compared: Copyist L.H.Hyde; Comparer M.Alrick

+++++

| | | |
|---|---|---|
| DAVID EVANS GODFREY | ) | |
| TO | ) | GRANT DEED |
| ALICE IRENE BERGMAN | ) | |

    FOR AND IN CONSIDERATION of the sum of Ten and no/100 ($10.00) Dollars,
receipt whereof is hereby acknowledged, I, DAVID EVANS GODFREY (an unmarried man)
of Aguanga, California, do hereby grant to ALICE IRENE BERGMAN (a widow) of Aguanga,
California, all that real property situated in the County of Riverside, State of
California, described as follows:

    The East half of the Northeast quarter of Section Twenty-seven in Township
Eight South of Range One East of the San Bernardino Meridian, California, containing
eighty acres;

    TO HAVE AND TO HOLD to the said grantee her heirs or assigns forever.
    WITNESS my hand this 8th day of April, 1932.

                David Evans Godfrey

STATE OF CALIFORNIA,     )
               ) ss.
County of Riverside     )

    On this 8th day of April, 1932, before me, Frazier M. Sallee, a Notary
Public in and for said County personally appeared David Evans Godfrey, known to me
to be the person whose name is subscribed to the foregoing instrument and acknowledged
that he executed the same.

    WITNESS my hand and official seal.

                Frazier M. Sallee,
  (NOTARIAL SEAL)       Notary Public in and for the County
                of Riverside, State of California

    Received for record Apr 9, 1932 at 8 o'clock A.M. at request of F.M.Sallee.    #425
Copied in Book No. 73 of Official Records, page 15, records of Riverside County,
California.

    Fees $1.00                Jack A. Ross,   Recorder.

    Compared: Copyist L.H.Hyde; Comparer M.Alrick

## Quitclaim Deed

THIS FORM FURNISHED BY SECURITY TITLE INSURANCE COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

hereby remise, release and forever quitclaim to

husband and wife as joint tenants

the following described real property in the county of Riverside, state of California:



# Quitclaim Deed

37259

RECORDING REQUESTED BY

*Stewart Title*

AND WHEN RECORDED MAIL TO

NAME Mr. & Mrs. John Pavlik
ADDRESS 33372 Sea Bright Drive
CITY & STATE Dana Point, California 92629

MAIL TAX STATEMENTS TO

NAME same as above
ADDRESS
CITY & STATE

Escrow No. 1281

Title Order No. 30703

PAID
Doc. Transfer Tax
W. D. BALOGH
RIV. CO. RECORDER

RECEIVED FOR RECORD
FEB 28 1978
AT 9:00 O'CLOCK A.M.
Requested by & Recorded in Official Records of Riverside County, California
STEWART TITLE CO.
Book 1978, Page 37259
*W.m. Balogh* Recorder
FEES $

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Documentary transfer tax $ 13.20
☒ Computed on full value of property conveyed, or
☐ Computed on full value less liens & encumbrances remaining thereon at time of sale.
DETERMINED BY GRANTOR HEREIN
Signature of declarant or agent determining tax - firm name
☒ Unincorporated area   City of ..............

# Grant Deed

THIS FORM FURNISHED BY STEWART TITLE COMPANY OF RIVERSIDE COUNTY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CAROL S. TRUNNELL, a single woman

hereby GRANT(S) to JOHN R. PAVLIK JR. AND MARY ANN PAVLIK, husband and wife as joint tenants

the following described real property in the   unincorporated area
county of   Riverside                           , state of California:

Parcel 2 of Parcel Map 7592 as per map recorded in Book 29, page 56 of Parcel Maps, records of Riverside County, California.

Dated February 15, 1978

STATE OF ~~CALIFORNIA~~ Oregon
COUNTY OF *Josephine* } SS.
On *February 22, 1978* before me, the undersigned, a Notary Public in and for said County and State, personally appeared *Carol S. Trunnell*

*Carol S. Trunnell*
Carol S. Trunnell

known to me to be the person whose name *is* subscribed to the within instrument and acknowledged that *she* executed the same.

*Leota E. Gohlke*
Signature of Notary

LEOTA E. GOHLKE
Name (Typed or Printed) of Notary

FOR NOTARY SEAL OR STAMP

FO. N 72-13

MAIL TAX STATEMENTS AS DIRECTED ABOVE

**END RECORDED DOCUMENT**      **W. D. BALOGH, COUNTY RECORDER**

Continental Lawyers Title Co.
- Order No. 347282-21
Escrow No. 4111
Loan No.

322644

RECEIVED FOR RECORD
AT 8:00 O'CLOCK
AUG 18 1994

NO COR FILED

WHEN RECORDED MAIL TO:

GREG WEBSTER
1345 RYAN RIDGE ROAD
EL CAJON, CA. 92021

347282-21

MAIL TAX STATEMENTS TO:

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $_____ ___On___
☐ Computed on the consideration or value of property conveyed, OR
☐ Computed on the consideration or value less liens or encumbrances
remaining at time of sale
_____
Signature of Declarant or Agent determining tax—Firm Name

APN: 583-160-026
TRA: _____

# QUITCLAIM DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   SUSAN RUTH WEBSTER, WIFE
OF THE GRANTEE HEREIN

do(es) hereby REMISE, RELEASE AND FOREVER QUITCLAIM to   GREG WEBSTER, A MARRIED MAN AS
HIS SOLE AND SEPARATE PROPERTY

the real property in the City of
County of   RIVERSIDE                                            , State of California, described as

PARCEL 2 OF PARCEL MAP 7592 AS PER MAP RECORDED IN BOOK 29, PAGE 56 OF
PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA

AP#583-160-026

Dated   AUGUST 3, 1994

STATE OF CALIFORNIA
COUNTY OF   San Diego

Susan Ruth Webster
SUSAN RUTH WEBSTER

On   August 8, 1994   before me,
Colleen D. Link, Notary Public
personally appeared   Susan Ruth Webster

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of
which the person acted, executed the instrument

WITNESS my hand and official seal

Signature   Colleen D. Link

OFFICIAL SEAL
COLLEEN D. LINK
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
MY COMMISSION EXPIRES
JULY 14, 1995

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

1085 (1/94)



Ord. No.
Escrow No.
Loan No.

WHEN RECORDED MAIL TO:

S.K.P. RESORT OF SOUTHERN
CALIFORNIA INCORPORATED
P.O. BOX 346
AGUANGA, CA. 92536

RECEIVED FOR RECORD
AT 8:00 O'CLOCK
NOV 18 1994

MAIL TAX STATEMENTS TO:

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $ ............... -0-
.... Computed on the consideration or value of property conveyed; OR
..... Computed on the consideration or value less liens or
encumbrances remaining at time of sale

Signature of Declarant or Agent determining tax-Firm Name

APN: 583-160-026
TRA: _____

# GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

GREG WEBSTER A MARRIED MAN AS HIS SOLE AND SEPERATE PROPERTY

hereby GRANT(S) to  S.K.P. RESORT OF SOUTHERN CALIFORNIA, INCORPORATED

the real property in the City of  AGUANGA
County of  RIVERSIDE                                State of California, described as

PARCEL 2 OF PARCEL MAP 7592 AS PER MAP RECORDED IN BOOK 29, PAGE 56 OF
PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA

Dated _____ AUGUST 18, 1994 _____            _Greg Webster_
                                                GREG WEBSTER
STATE OF CALIFORNIA      }
COUNTY OF  San Diego     } ss.
On  September 1, 1994                  before me,
Sue Stockwell
personally appeared    Greg Webster

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of
which the person acted, executed the instrument.

WITNESS my hand and official seal

Signature  _Sue. Stockwell_

(This area for official notarial seal)

SUE STOCKWELL
COMM. # 1008179
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Nov. 13, 1997

MAIL TAX STATEMENTS AS DIRECTED ABOVE                    1002 (1/94)

**Exhibit K**

LAURA W. GOODENDORF    )

      TO    )    CALIFORNIA REAL ESTATE ASSOCIATION STANDARD FORM

CLARENCE A. B. KING    )    DEED.

THIS INDENTURE, made the 28th day of May, in the year of our Lord, one thousand nine hundred and 29, between LAURA W. GOODENDORF, of the San Diego, County of California, State of California, party of the first part, and CLARENCE A. B. KING, of the San Diego, County of California, State of California, party of the second part,

WITNESSETH: That the said party of the first part, for and in consideration of the sum of One & 00/100 Dollars, in Gold Coin of the United States of America, to her in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain and sell, convey and confirm unto the said party of the second part, a_ undivided one half interest, to him and to his heirs and assigns forever all that real property situated in the Riverside , County of California, State of California, and particularly described as follows, to-wit:

South half of the Southwest quarter of Section Twenty-seven and the east half of the South east quarter of Section twenty-eight in Township eight south of Range one east of the San Bernardino Meridian, California, containing one hundred sixty acres.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

IN WITNESS WHEREOF, the said party of the first part has hereunto set her hands and seals the day and year first above written.

                Laura W. Goodendorf

      Witness:    Mrs. Helen Rubey.

State of California, )

            )ss.

County of San Diego. )

On this 28th day of May, in the year one thousand nine hundred and twenty-eight, before me, M. Rubey, a Notary Public in and for said San Diego County and State, personally appeared Laura W. Goodendorf, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

WITNESS my hand and official seal, in my office in the said San Diego County and State, the day and year last above written.

                M. Rubey,

(NOTARIAL SEAL)    Notary Public in and for said San Diego

                County of, State of California.

                My commisson expires Jan. 26, 1930.

Received for record Jun 15, 1929 at 40 Min. past 10 o'clock A.M. at request of  #1083 Laura W. King.   Copied in Book No. 818 of Deeds, page 69, Records of Riverside County, California.

My commission expires Jan 26, 1930.

Received for record Dec 21, 1928 at 8 o'clock A.M. at request of B.L.Frank.    #14522
Copied in Book No.793 of Deeds page 226, et seq., records of Riverside County, California.

Fees $1.30

Jack A.Ross, Recorder

By F.B.Row, Deputy Recorder.

Compared: Copyist L.Thompson; Comparer L.H.Hyde.

LUCY BELL LANE, ET AL    )
        TO                )    GRANT DEED.
LAURA M. KING             )

THIS INDENTURE, Made the Thirteenth day of July, in the year of our Lord, nineteen hundred and twenty-eight, between LUCY BELL LANE and J. R. LANE ( husband and wife) of Yermo, California, the parties of the first part, and LAURA M. KING, a widow, ( formerly Mrs Laura W.Goodendorf) of Julian, San Diego County, California, the party of the second part,

WITNESSETH: That the said parties of the first part, for and in consideration of the sum of Ten and No/100ths Dollars, gold coin of the United States of America, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged do by these presents grant, bargain, sell and convey unto the said party of the second part, and to her heirs and assigns forever, all those certain lots, pieces or parcels of land, situate, lying and being in the County of Riverside and State of California, and bounded and particularly described as follows to-wit:

The South half of the Southwest quarter, Section Twenty-seven Twp Eight - Range One East S.B.M. and East half of the Southeast quarter, Section Twenty-eight Township Eight - Range One East S.B.M. total of One hundred sixty acres.

TOGETHER with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD all and singular the said premises, together with the appurtenances, unto the said party of the second part, and to her heirs and assigns forever.

IN WITNESS WHEREOF, the said parties of the first part have hereunto set their hands and seals, the day and year first above written.

Lucy Bell Lane  (Seal)

J.R.Lane       (Seal)

State of California,     )
                      ) ss.
County of San Bernardino. )

       On this 13th day of July, A.D. 1928, before me Lubin J.Henderson, a Notary

Public in and for said County and State, residing therein, duly commissioned and sworn

personally appeared Lucy Bell Lane and J.R.Lane, known to me to be the persons whose

names are subscribed to the within instrument, and acknowledged to me that they executed

the same.

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal

the day and year in this certificate first above written.

                              Lubin J.Henderson,

    (NOTARIAL SEAL)              Notary Public in and for said County

                              and State.

                              My Commission expires Jan. 25, 1931.

#1423       Received for Record Dec 21, 1928 at 8 o'clock A.M. at request of Grantee.

Copied in Book No.793 of Deeds page 229, et seq., records of Riverside County,

California.

       Fees $1.10                      Jack A.Ross, Recorder

                              By F.B.Row, Deputy Recorder.

             Compared: Copyist L.Thompson; Comparer M.R.Hyde.

                            cccccccc

JEDCO LAND & WATER CO.       )

      TO                        )

CHARLES H. HUSTON, ET AL     )

       On this 26th day of March, nineteen hundred twenty-eight, in consideration of

Ten and no/100 ($10.00) Dollars, JEDCO LAND AND WATER COMPANY, a corporation, organized

and existing under and by virtue of the laws of the State of Nevada, does hereby grant

to CHARLES H. HUSTON and REBECCA HUSTON, husband and wife, as joint tenants, with

right of survivorship, all that real property situated in the County of Riverside,

State of California, described as follows:

       Lot Four (4) of Block P. Jedco Townsite, as shown by map on file in the office

of the County Recorder, County of Riverside, State of California, in Book 13 of

#8

Received for Record Apr 1, 1942, at 8 o'clock A.M. at request of Pomona Pump Co. Copied in Book No. 535 of Official Records, page 347 et seq., Records of Riverside County, California.

Fees, $1.00                              Jack A. Ross, Recorder.

Compared:  Copyist G. Everett; Comparer P. Wendel.

- - - - - - - - - - -

LAURA W. KING            )          CALIFORNIA REAL ESTATE ASSOCIATION STANDARD
TO                       )          FORM    DEED
CLARENCE A. B. KING      )

THIS INDENTURE, made the Third day of August, in the year of our Lord, one thousand nine hundred and Thirty Two between LAURA W. KING, a widow (formerly Mrs. Laura W. Goodendorf) of the-Julian County of San Diego, State of California, party of the first part, and CLARENCE A. B. KING, of the = Yermo, County of San Bernardino, State of California, party of the second part,

WITNESSETH, that the said party of the first part, for and in consideration of the sum of Ten and no/100 Dollars, in Gold Coin of the United States of America, to her in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, does grant, bargain and sell, convey and confirm unto the said party of the second part, and to his heirs and assigns forever all that real property situated in the County of Riverside, State of California and particularly described as follows, to-wit:

The South Half of the South West Quarter, Section Twenty-seven, Twp. Eight South, Range One East, S. B. M. and the South East Quarter of the South East Quarter of Section Twenty-eight, Twp. Eight South, Range One East. S.B.M., and containing One Hundred and Twenty Acres, more or less.

Together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining,

IN WITNESS WHEREOF, the said party of the first part has hereunto set her hand and seal the day and year first above written.

D. F. Lane    )Witnesses                  Laura W. King
Henry B. Silvers)

The consideration for this transfer is less than $100.00.

State of California, )
County of San Diego  )ss.

On this 3 day of August, in the year one thousand nine hundred and 1932, before me, J. C. Silvers, a Notary Public in and for said San Diego County and State, personally appeared Laura W. King, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

WITNESS my hand and official seal, in my office in the said San Diego County and State, the day and year last above written.

                                    J. C. Silvers,
                                    A Notary Public in and for said San Diego
                                    County of San Diego, State of California.
                                    State of California.

(NOTARIAL SEAL)
My Commission Expires Dec. 1, 1933.

Received for Record Apr 1, 1942, at 8 o'clock A.M. at request of L. L. King. #10
Copied in Book No. 535 of Official Records, page 348 et seq., Records of Riverside
County, California.

Fees, $1.00

Jack A. Ross, Recorder.

Compared:  Copyist G. Everett; Comparer P. Wendel.

- - - - - - - - - -

| | |
|---|---|
| FRED MOORE        ET AL  ) | 04-61 Case No. 105,542 |
| TO                       ) | UNITED STATES DEPARTMENT OF AGRICULTURE |
| U. S. OF AMERICA         ) | FARM SECURITY ADMINISTRATION |
| | REAL ESTATE AND CROP AND CHATTEL MORTGAGE |

(CALIFORNIA)

I.  THIS MORTGAGE, made this 26th day of March, 1942, by FRED MOORE, by
occupation a farmer, and MABEL MOORE of Blythe, county of Riverside, State of Cali-
fornia (hereinafter called the Mortgagor), is given to the UNITED STATES OF AMERICA
(hereinafter called the Mortgagee) in consideration of, and to secure the payment
of:

(1)  The sum of Twenty-eight Hundred Seven and 63/100 dollars ($2807.63)
loaned to the Mortgagor mainly or among other things for the purpose of financing
the Mortgagor during a regular production period(s), involving the property hereby
encumbered or some part thereof, which financing was needed and requested by the
Mortgagor, with interest at the rate per annum indicated, or so much thereof as
remains unpaid, which debt(s) is (are) evidenced by a promissory note(s) dated as
indicated, executed by the Mortgagor to the Mortgagee, or to the payee indicated and
now held by the Mortgagee, and payable in one or more installments, the due date of
the last of which is indicated:

| Amount | Interest rate | Date | Payee | Last installment due |
|---|---|---|---|---|
| $1999.60 | 5% | August 15, 1941 | United States of America | July 1, 1946 |
| $ 86.03 | no% | August 15, 1941 | United States of America | July 1, 1942 |
| $ 722.00 | 5% | March 18, 1942 | United States of America | February 15, 1943 |

and any first and successive extensions or renewals, in whole or in part, of any or
all of such promissory notes, or of any other obligations secured hereby, including
interest thereon, and

(2)  Any future or additional sum or sums not exceeding the aggregate
amount of Two Thousand and No/100 dollars ($2000.00), hereafter loaned to the
Mortgagor by the Mortgagee, mainly, or among other things, for the purpose of
financing the Mortgagor during a regular production period(s), involving the property
hereby encumbered or some part thereof, which financing is needed and requested by the
Mortgagor, or for any other purpose, with interest at a rate not, in excess of five
percent (5%) per annum, which sum, plus the debt(s) above described, shall be consider-
ed only as a limit of the debts, sums, expenditures, indebtedness, and obligations
that may be secured hereby at any one time, and not to include such as may have existed
and been repaid or discharged hereunder.

II.  THE MORTGAGOR does hereby grant, bargain, sell, and convey unto the
Mortgagee, the following crops and/or chattels all of which are located or to be
located on the premises known as the Lapeyre and Johnson Farm or Ranch, located and
situated approximately 4 miles in a northwesterly direction from the town or city of
Blythe, in the County of Riverside, and State of California, said premises consisting
of a certain parcel or parcels of land, situate, lying and being in the county(ies)
of Riverside, and State of California, and more specifically described as follows:

**FOR A VALUABLE CONSIDERATION**, ............................................................

Does Hereby Grant To ...........................................................................

the real property in the ...................................................

County of........................................ State of California.............................

............ the Southwest Quarter of Section 7,
............ that, in a ........................ and Meri-

................................ of all, and oil and mineral rights..

1. .................... Installment ........ Taxes.
2. Covenants, conditions, restrictions,
   reservations and other ........ of record.
3. First Trust Deed of record.

Dated ..................... 19 ....   INTERNATIONAL FARMLANDS, INC.

STATE OF CALIFORNIA
COUNTY OF              } SS.
San Diego

On the  8th
day of  January ........
.......... Sixteen ..............

A BEST COPY

Best Copy

A   King to   International Farmlands

## Grant Deed
### (Corporation)

L.E.S.I.____ 72____

_____, a corporation,

(GRANTOR)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Does Hereby Grant To _____

the real property in the _____

County of _____, State of California, described as follows:

Dated _____ 19___

_____
Alice Crittenden, Secretary

STATE OF CALIFORNIA
COUNTY OF
San Diego

On this   6th
day of   January       in the year one thousand
nine hundred and   sixty        before me,

a Notary Public in and for said County and State, personally appeared   Philip Crittenden

known to me to be the _____ President,
and   Alice Crittenden

known to me to be the _____ Secretary
of the corporation that executed the within instrument, and known to me to be the persons who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the same, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and affixed seal the day and year in this certificate first above written.

(Seal)   _____
Notary Public in and for said County and State

My Commission Expires _____

WHEN RECORDED, PLEASE MAIL THIS INSTRUMENT TO

ORDER No _____        ESCROW No _____

SPACE BELOW FOR RECORDER'S USE ONLY

RECEIVED FOR RECORD
JAN 20 1960

Nº 5303
JAN 20 1960

5303

VENUE STAMPS IN THIS SPACE

## Grant Deed
### (Individual)

E.R.S.# 2.26

H. GIMBER EVANS AND MICHELE M. EVANS, husband and wife and

EDNA E. BROWN, a married woman

(GRANTOR - GRANTORS)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Does    Hereby Grant To   E. J. BROWN, a married man, as his sole and

separate property

the real property in the

County of .... Riverside .................................... State of California, described as follows:

The Southwest quarter of the Southwest quarter of Section 27,
Township 5 South, Range 1 East, San Bernardino Base and Meridian.

EXCEPTING therefrom one-half of all gas, oil and mineral rights.

SUBJECT TO :    1.   Covenants, conditions, restrictions,
                     reservations and rights of way of record.

                2.   First Trust Deed of record.

                3.   Second Trust Deed to file.

EDNA E. BROWN, wife of E. J. BROWN, grantee herein, will join in
this grant deed for the purpose of disposing of any interest which
she may have in the above described property, either community or
otherwise.

Dated December 12, 1960 19....

H. Gimber Evans
Michele M. Evans
Edna E. Brown

STATE OF CALIFORNIA
COUNTY OF

San Diego

On Dece ber 12, 1960
before me, John Z. Hoke
Notary Pub... in and for said County and State, person
ally appeared H. Gimber Evans,
Michele M. Evans and
Edna E. Brown.

known to me to... the person Si whose name S
subscribed to t within instrument and ac knowledged that
they ..ted the same

WITNESS my ...t and official seal

(Seal)    Nota... ublic in and for said County and State

My Commission Expires       NINA Z. HOKE

WHEN RECORDED, PLEASE MAIL THIS INSTRUMENT TO
Grantee
500 California St.
Santa Monica, California
ORDER No. 23.500.9        ESCROW No. H-40206

SPACE BELOW FOR RECORDER'S USE ONLY



RECORDED FOR RECORD
DEC 28 1960
AT 8 O'CLOCK A.M.
South Title Insurance Co.

BEST COPY

108899

108900

## THIS DEED OF TRU

between    E. J

ALLISON-McCLO
San Diego, Califo
H. GIMBER EVA
husband and wi

Witnesseth: Trus
in the
The Southwest
8 South, Rang

This is t

together with all appurt
represented by shares
FOR THE PURPOSE (
herein, (2) payment o
principal sum of $ 14,
from the Beneficiary or
ment on the reverse si
demanded by endorsemen

TO PROTECT THE S
Deed of Trust and the a
visions of section B in
Records of the followin
the dates as follows; N
County in Book 4472, a
21, 1958; and San Bern
each of said deeds of tr
as fully as though set f
be construed to refer to
ed on the reverse side

The undersigned Trust
address hereinafter set

TRUSTOR SIGN H

E. J. Brown

State of California
County of San Die

On    December
before me, the u
Public in and for
personally appear
E. J. Brown

known to me to be the p
subscribed to the withir
that
WITNESS my han

(Seal)
Notary Public



RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

Irvin C. Sawade
Zuni Drive
___, California

SPACE ABOVE THIS LINE FOR RECORDER'S USE

AFFIX I.R.S. $_____ IN THIS SPACE

## Grant Deed

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST CO.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
___ BROWN, a married man, as his sole and separate property ___

hereby GRANT(S) to IRVIN C. SAWADE

the following described real property in the CITY OF _____
county of ___ RIVERSIDE ___ state of California:

The Southwest quarter of the Southwest quarter of Section 27, Township 8 South,
Range 1 East, San Bernardino Base and Meridian.

EXCEPTING therefrom one-half of all gas, oil and mineral rights.

SUBJECT TO:
1. ALL TAXES AND ASSESSMENTS LEVIED SUBSEQUENT TO DATE.

2. Covenants, conditions, restrictions, reservations, rights and rights of way of
record.
3. First Trust Deed of Record.
4. Second trust deed of record.

Dated: January 23rd, 1961

STATE OF CALIFORNIA
County of Los Angeles

January 23rd, 1961 before me the under-
signed, a Notary Public in and for said County and State, personally
appeared ___ BROWN

0194



# Grant Deed

Erwin C. Sawade, a married man, as his sole and separate property

**(GRANTOR - GRANTORS)**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Do........Hereby Grant To.....DORMAN.....ART and WILFRED E. ART, husband and wife,

as joint tenants.

the real property in the.........City of Aguanga

County of.........Riverside.........State of California, described as follows:

The Southwest quarter of the southwest quarter of Section 24, Township 7 South, Range 1 East, San Bernardino Base & Meridian.

Excepting therefrom one-half of all gas, oil and mineral rights.

Subject To:
1. All Taxes and Assessments levied subsequent to Date.

2. Covenants, conditions, restrictions, reservations, rights and rights of way of record.
3. First Trust Deed of Record.
4. Second Trust Deed of record.

Dated February 28, 1961

Erwin C. Sawade
(Erwin C. Sawade)

STATE OF CALIFORNIA
COUNTY OF
San Diego

On... February 28, 1961
before me... Amos S. King
a Notary Public in and for said County and State, personally appeared Erwin C. Sawade

known to me to be the person.....whose name.....
subscribed to the within instrument and acknowledged that
..... he ..... executed the same.
WITNESS my hand and official seal.

Notary Public in and for said County and State.

My Commission Expires My Commission Expires May 8, 1962

WHEN RECORDED, PLEASE MAIL THIS INSTRUMENT TO
City National Bank
Santa Monica, Calif

ORDER No............ESCROW No.

SPACE BELOW FOR RECORDER'S USE ONLY

RECEIVED FOR RECORD
MAR 13 1961
AT 4:00 O'CLOCK A.M.
RIVERSIDE COUNTY RECORDS
HOWARD H. HICKMAN, Recorder

No. 32942

32942

RECORDING REQUESTED BY

CITY NATIONAL BANK
#718 Wilshire Blvd.
Santa Monica, California
WHEN RECORDED MAIL TO

T.J. DAVIDSON- REAL ESTATE
1695 No. Glenoaks
ORANGE, CALIFORNIA

36765

RECEIVED FOR RECORD
MAY 1 1961
AT 9:00 O'CLOCK A.M
At Request of
RIVERSIDE TITLE DIVISION OF
PIONEER TITLE INSURANCE COMPANY
Recorded in Book of Records

Si. Sam, Recorder of Riverside County, California

FEES $2.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

AFFIX I.R.S.$ ...22.00.. IN THIS SPACE

## Grant Deed

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
- - - - - DORMAN G. ART and MILDRED E. ART, husband and wife- - - - - - - - - -

hereby GRANT(S) to GEORGE S. HARNDEN and OLIVE JEAN HARNDEN, husband and wife, as joint
tenants, as to an undivided one-third interest, JANET E. SCOTT, as to an undivided one-
third interest and ROBERT S. COBURN and LORETTA M. COBURN, husband and wife, as joint
tenants, as to an undivided one-third interest.
the following described real property in the
county of       RIVERSIDE                           , state of California:

- - - - -The Southwest quarter of the Southwest quarter  of Section 27, Township
8 South Range 1 East, San Bernardino Base and Meridian.
Excepting therefrom one-half of all gas, oil and Mineral rights.- - - - - - -

SUBJECT TO:

1.   All general and special taxes for the fiscal year 1961-1962, a lien
     not yet payable.
2.   Covenants, conditions, restrictions, reservations, easements, rights
     and rights of way of record.

3.   Deed of Trust of record in favor of E.B. KING.

Dated:    APRIL 13, 1961

STATE OF CALIFORNIA
COUNTY OF  LOS ANGELES         } SS.
On        APRIL 14th, 1961              before me, the under-
signed, a Notary Public in and for said County and State, personally
appeared     Dorman G. Art and
             Mildred E. Art

                                        , known to me
to be the person  S  whose name  S  are  subscribed to the within
                                   and  that  they  executed the same.
WITNESS my hand and official seal.
(Seal)

Signed    _____
          ESTHER H. PETERSON

Dorman G. Art

Mildred E. Art

63112

RECORDING REQUESTED BY

WHEN RECORDED PLEASE MAIL TO

Walter Ansaldo & Lille D. Ansaldo
1279 W. Raymar
Santa Ana, Calif. 92703

RECEIVED FOR RECORD
JUN 24 1969
AT 9:00 O'CLOCK A.M.
At Request of
TITLE INS. & TRUST CO.
Recorder's Official Records
of Riverside County, California
W. D. Balogh
Recorder

FEES $ 2.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

PAID
Doc. Transfer Tax
W. D. BALOGH
RIV. CO. RECORDER

THIS REALTY IS IN THE UNINCORPORATED AREA OF RIVERSIDE COUNTY

Documentary Transfer Tax $ 8.25

Signed  Party or Agent

(Firm Name)

# Grant Deed

JOHN SHANKO, a married man

For a Valuable Consideration, the receipt of which is hereby acknowledged, do hereby

GRANT to   WALTER ANSALDO and LILLE D. ANSALDO, husband and wife as JOINT TENANTS

all that real property situated in the County of   RIVERSIDE   State of California, described as follows:

That portion of the Southwest Quarter of the Southwest Quarter of Section 27, Township 8 South, Range 1 East, SBM&, according to an Official Plat of said land filed in the District Land Office, April 27, 1896, described as follows: BEGINNING at the Northwest corner of Southwest Quarter of the Southwest Quarter of said Section 27; thence South 89° 38' 30" East, along the North line of the Southwest Quarter of the Southwest Quarter of said Section 27, a distance of 664.64 feet to the Northwest corner of the West one-half of the Southwest Quarter of the Southwest Quarter of said Section 27; thence South 00° 22' 15" East, along the East line of said West Half a distance of 329.76 feet to the center line of Temecula Aguanga Highway, as shown by Map on file in Book 10 of Records of Survey, at Page 34 thereof, Records of Riverside County, California; thence Southwesterly along the center line of said Temecula Aguanga Highway, on a non-tangent curve concave to the Southeast, having a radius of 2000.00 feet, through an angle of 02° 28' 18", an arc length of 86.28 feet (the initial radial line bears North 08° 58' 12" West); thence South 08° 33' 12" West, continuing along the center line of said Temecula Aguanga Highway, a distance of 583.96 feet to the West line of said Section 27; thence North 03° 01' 30" East, along the West line of said Section 27, a distance of 464.91 feet to the point of beginning.

EXCEPT all gas, oil and mineral rights, as reserved in Deed from Ervin B. King et al recorded January 29, 1960 as Instrument No. 5277 and by Deed from George S. Harnden, et al recorded April 22, 1961 as Instrument No. 46820.

Dated   June 20, 1969

SUBJECT TO: 1.   General and special taxes not delinquent
2.   Covenants, conditions, and restrictions now of record, if any; and rights, rights of way and easements for public utilities, water companies, alleys and streets, now of record, if any.

STATE OF CALIFORNIA
COUNTY OF   Riverside   } ss.
on   June 20, 1969   before me, the undersigned, a Notary Public in and for said State, personally appeared
John Shanko

X  John Shanko

known to me
to be the person   whose name   is   subscribed to the within
instrument and acknowledged that   he   executed the same
WITNESS my hand and official seal

signature  Dorothy J. Weaver

DOROTHY J. WEAVER, Notary Public
in and for the State of California
(This space for official notarial seal)

Mail Tax Statements to:   return address shown above
(Name)

(Address: Number, Street, City, State, and Zip Code)

RECORDING REQUESTED BY

COX, PENDLETON & SWAN
805 East Florida Avenue
P. O. Box 797
Hemet, California   92343
AND WHEN RECORDED MAIL TO

Jack E. Shanko
c/o JAX Turkey Ranch
Star Route, Box 100
Hemet, California   92343

RECEIVED FOR RECORD
JUL 22 1969
30 Min. Past 2 o'Clock P.M.
SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENTS TO

Jack E. Shanko
c/o JAX Turkey Ranch
Star Route, Box 100
Hemet, California   92343

NOT INCORPORATED          NO TAX DUE

# Quitclaim Deed

Affix I.R.S.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**BARBARA C. SHANKO (Wife of Grantee)**

does hereby remise, release and forever quitclaim to

JACK E. SHANKO, a married man, as his sole and separate property,

the following described property in the                    county of    **Riverside**,
State of California:

That portion of the Southwest one-quarter of the Southwest one-quarter of Section 27, Township 8 South, Range 1 East, S.B.B.M.; described as follows: COMMENCING at the Northwest corner of the Southwest one-quarter of the Southwest one-quarter of said Section 27; thence South 49° 30' East, along the North line of the Southwest one-quarter of the Southwest one-quarter of said Section 27, a distance of 656.64 feet to the Northwest corner of the East one-half of the Southwest one-quarter of the Southwest one-quarter of said Section 27, said corner being the point of beginning of the parcel of land to be described; thence South 00° 22' 15" East, along the West line of said East one-half, a distance of 329.76 feet to the center line of Temecula Aguanga Highway, as shown by map on file in Book 10 of Records of Survey, at Page 34 thereof, Records of Riverside County, California; thence Easterly, along the center line of said Temecula Aguanga Highway, on a non-tangent curve concave to the South, having a radius of 2000.00 feet through an angle of 18° 54' 21", an arc length of 659.94 feet (the initial radial line bears North 08° 58' 12" West) to the East line of the Southwest one-quarter of the Southwest one-quarter of said Section 27; thence North 00° 46' 00" West, along the East line of the Southwest one-quarter of the Southwest one-quarter of said Section 27, a distance of 331.23 feet to the Northeast corner thereof; thence North 89° 18' 30" West, along the North line of the Southwest one-quarter of the Southwest one-quarter of said Section 27, a distance of 654.63 feet to the point of beginning.
EXCEPTING THEREFROM one-half of all oil, gas and mineral rights.
SUBJECT TO: Covenants, conditions, and restrictions, now of record if any, and rights, rights of way and easements for public utilities, water companies, alleys and streets, now of record, if any,



71201

Barbara C. Shanko

STATE OF CALIFORNIA
COUNTY OF Riverside

On July 14 1969 before me, the undersigned, a Notary Public in and for said State, personally appeared
Barbara C. Shanko

known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same.

Edward Anschel
Name (Typed or Printed) of Notary

FOR NOTARY SEAL OR STAMP

OFFICIAL SEAL
EDWARD ANSCHEL
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
RIVERSIDE COUNTY
My Commission Expires April 10, 1971

MAIL TAX STATEMENTS AS DIRECTED ABOVE

END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER

Description: Riverside,CA Document-Year.DocID 1969.74201 Page: 2 of 2
Order: wef Comment:

0199

125593

RECORDING REQUESTED BY

Jack E. Shanko
Star Route Box 447
Hemet, California 92544

AND WHEN RECORDED MAIL TO

Barbara C. Shanko
Star Route Box 447
Hemet, California 92544

MAIL TAX STATEMENTS TO

Barbara C. Shanko
Star Route Box 447
Hemet, California 92544

RECEIVED FOR RECORD
DEC 8 1969

W. W. Dodge

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $
NO TAX DUE

SIGNED PARTY OR AGENT          FIRM NAME

## Quitclaim Deed

THIS FORM FURNISHED BY SECURITY TITLE INSURANCE COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

JACK E. SHANKO, a married man, as his sole and separate property,

do hereby remise, release and forever quitclaim to

BARBARA C. SHANKO ( Wife of Grantee)

the following described real property in the                    county of Riverside,
State of California

That portion of the Southwest one-quarter of the South-
west one-quarter of Section 27, Township 8 South, Range
1 East, S.B.B.M., described as follows: COMMENCING at
the Northwest corner of the Southwest one-quarter of the
Southwest one-quarter of said Section 27; thence South
89o 58' 4 " East, along the North line of the Southwest
one-quarter of the Southwest one-quarter of said Section
27, a distance of 654.00 feet to the Northwest corner
of the East one-half of the Southwest one-quarter of the
Southwest one-quarter of said Section 27, said corner
being the point of beginning of the parcel of land to be
described; thence South 00o 22' 15" East, along the West
line of said East one-half, a distance of 529.76 feet to
the center line of Temecula Aguanga Highway, as shown by
map on file in Book 10 of Records of Survey, at Page 54
thereof, Records of Riverside County, California; thence
Easterly, along the center line of said Temecula Aguanga
Highway, on a non-tangent curve concave to the South,
having a radius of 2000.00 feet through an angle of
18o 54' 21", an arc length of 659.94 feet (the initial
radial line bears North 05o 58' 12" West) to the East
line of the Southwest one-quarter of the Southwest one-
quarter of said Section 27; thence North 00o 46' 00"
West, along the East line of the Southwest one-quarter
of the Southwest one-quarter of said Section 27, a
distance of 551.25 feet to the Northeast corner thereof;
thence North 89o 58' 40" West, along the North line of
the Southwest one-quarter of the Southwest one-quarter
of said Section 27, a distance of 654.63 feet to the
point of beginning.
EXCEPTING THEREFROM one-half of all oil, gas and mineral rights.
SUBJECT TO: Covenants, conditions, and restrictions, now of
record if any; and rights, rights of way and easements for
public utilities, water companies, alleys and streets, now of
record, if any,

0200

Description: Riverside,CA Document-Year.DocID 1969.125593 Page: 1 of 2
Order: wef Comment:

Dated _____ 8 69

Jack E. Shanko

STATE OF CALIFORNIA
COUNTY OF Riverside

JACK E. SHANKO

FOR NOTARY SEAL OR STAMP

known to me
to be the person whose name is subscribed to the within
instrument and acknowledged that he executed the same

Name (Typed or Printed) of Notary

Title Order No. _____  Escrow No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

**END RECORDED DOCUMENT, W. D. BALOGH, COUNTY RECORDER**

125593

RECORDING REQUESTED BY

Jack E. Shanko
Star Route Box 441
Hemet, California 92544

AND WHEN RECORDED MAIL TO

Barbara C. Shanko
Star Route Box 447
Hemet, California 92544

MAIL TAX STATEMENTS TO

Barbara C. Shanko
Star Route Box 447
Hemet, California   92544



RECEIVED FOR RECORD
DEC 8 1969

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $

NO TAX DUE

SIGNED PARTY OR AGENT          FIRM NAME

# Quitclaim Deed

THIS FORM FURNISHED BY SECURITY TITLE INSURANCE COMPANY

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

JACK E. SHANKO, a married man, as his sole and separate property,

does hereby remise, release and forever quitclaim to

BARBARA C. SHANKO ( Wife of Grantee)

the following described real property in the                    county of        Riverside,
state of California:

That portion of the Southwest one-quarter of the South-
west one-quarter of Section 27, Township 8 South, Range
1 East, S.B.B.M., described as follows: COMMENCING at
the Northwest corner of the Southwest one-quarter of the
Southwest one-quarter of said Section 27; thence South
89o 58' 4 " East, along the North line of the Southwest
one-quarter of the Southwest one-quarter of said Section
27, a distance of 694.00 feet to the Northwest corner
of the East one-half of the Southwest one-quarter of the
Southwest one-quarter of said Section 27, said corner
being the point of beginning of the parcel of land to be
described; thence South 00o 22'.15" East, along the West
line of said East one-half, a distance of 529.75 feet to
the center line of Temecula Aguanga Highway, as shown by
map on file in Book 10 of Records of Survey, at Page 54
thereof, Records of Riverside County, California; thence
Easterly, along the center line of said Temecula Aguanga
Highway, on a non-tangent curve concave to the South,
having a radius of 2000.00 feet through an angle of
18o 54' 21", an arc length of 659.94 feet (the initial
radial line bears North 08o 58' 12" West) to the East
line of the Southwest one-quarter of the Southwest one-
quarter of said Section 27; thence North 00o 46' 00"
West, along the East line of the Southwest one-quarter
of the Southwest one-quarter of said Section 27, a
distance of 531.25 feet to the Northeast corner thereof;
thence North 89o 58' 30" West, along the North line of
the Southwest one-quarter of the Southwest one-quarter
of said Section 27, a distance of 654.63 feet to the
point of beginning.
EXCEPTING THEREFROM one-half of all oil, gas and mineral rights.
SUBJECT TO: Covenants, conditions, and restrictions, now of
record if any; and rights, rights of way and easements for
public utilities, water companies, alleys and streets, now of
record, if any,

Jack E. Shanks

STATE OF CALIFORNIA
COUNTY OF Riverside

JACK E. SHANKO

FOR NOTARY SEAL OR STAMP

Title Order No.                    Escrow No.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

**END RECORDED DOCUMENT. W. D. BALOGH, COUNTY RECORDER**

Description: Riverside,CA Document-Year.DocID 1969.125593 Page: 2 of
Order: sdf Comment:

0203



RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:

Mr. & Mrs. G. Humphries
411 N. Central Ave., #302
Glendale, CA 91203

71175

RECEIVED FOR RECORD
AT 9 O'CLOCK A.M.
APR 15 1980

MAIL TAX STATEMENT TO

as above

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed
THIS FORM FURNISHED BY TICOR TITLE INSURERS

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 30.80
( X ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area: ( ) City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, WALTER ANSALDO and

LILLE D. ANSALDO, husband and wife,

hereby GRANT(S) to GEORGE W. HUMPHRIES and JOAN R. HUMPHRIES, husband and wife

as Community Property,

the following described real property in the
County of   Riverside                                    , State of California:

AS PER " EXHIBIT A " ATTACHED HERETO AND MADE A PART HEREOF:

Dated         December 18, 1979

                                           Walter Ansaldo

                                           Lille D. Ansaldo

STATE OF CALIFORNIA
COUNTY OF    KERN
On  January 2   1980  before me, the under-
signed, a Notary Public in and for said State, personally appeared
Wally Ansaldo  and
Lille D. Ansaldo

known to me
to be the person(s) whose name(s)    they    subscribed to the within
instrument and acknowledged that   they   executed the same.
WITNESS my hand and official seal

Signature

Title Order No.                                  Escrow or Loan No.  162-23432

MAIL TAX STATEMENTS AS DIRECTED ABOVE

71175

EXHIBIT "A"

D E S C R I P T I O N

The land referred to in this report is situated in the County of Riverside, State of California, and is described as follows:

That portion of the Southwest quarter of the Southwest quarter of Section 27, Township 8 South, Range 1 East, San Bernardino Meridian, in the County of Riverside, State of California, according to an official plat of said land filed in the District Land Office, April 27, 1896, described as follows:

Beginning at the Northwest corner of Southwest quarter of the Southwest quarter of said Section 27;

thence South 89°38'30" East, along the North line of the Southwest quarter of the Southwest quarter of said Section 27, a distance of 654.64 feet to the Northeast corner of the West half of the Southwest quarter of the Southwest quarter of said Section 27;

thence South 00°22'15" East, along the East line of said West half, a distance of 329.76 feet to the center line of Temecula Aguanga Highway, as shown by map on file in Book 10 of Records of Survey, at Page 34 thereof, Records of Riverside Co., California;

thence Southwesterly along the center line of said Temecula Aguanga Highway, on a non-tangent curve concave to the Southeast, having a radius of 2,000.00 feet, through an angle of 02°28'18", an arc length of 86.28 feet (the initial radial line bears North 08°58'12" West);

thence South 78°33'30" West, continuing along the center line of said Temecula Aguanga Highway, a distance of 583.66 feet to the West line of said Section 27;

thence North 00°01'30" East, along the West line of said Section 27, a distance of 464.91 feet to the point of beginning.

EXCEPT all gas, oil and mineral rights, as reserved in deed from Ervin B. King, et al recorded January 20, 1960 as Instrument No. 5277 and by deed from George S. Harnden, et al, recorded April 22, 196? as Instrument No. 46820.

```
┌─────────────────────────────────────────────────────────────────┐
│  END RECORDED DOCUMENT   DONALD D. SULLIVAN, COUNTY RECORDER      │
└─────────────────────────────────────────────────────────────────┘
```



ORDER #17014-7

RECORDING REQUESTED BY

Lincoln Title

AND WHEN RECORDED MAIL TO

NAME    SKP RESORT OF SOUTHERN
STREET   CALIFORNIA, INC., A
ADDRESS  CALIFORNIA CORPORATION
CITY &    P.O. Box 664
STATE    Aguanga, CA. 92302

RECORDED FOR RECORD AT 8:00 O'CLOCK A.M.
NOV 9 1989
Recorded in Official Records of Riverside County, California

SURVEYORS Monument Fund $10.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $ ___60.50___
X COMPUTED ON FULL VALUE OF PROPERTY CONVEYED,
___ OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.
The undersigned declares
Signature of Declarant or Agent determining tax.   Firm Name

## Individual Grant Deed
THIS FORM FURNISHED BY STEWART TITLE

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

GEORGE W. HUMPHRIES AND JOAN R. HUMPHRIES, Husband and wife

hereby GRANT(S) to

SKP RESORT OF SOUTHERN CALIFORNIA, INC., A California Corporation

the following described real property in the  **Unincorporated area**
County of     Riverside                      State of California, described as:

As per legal description marked as Exhibit "A" which is attached hereto
and made a part hereof by this reference.

Dated: ___September 29, 1989___

_George W Humphries_
George W Humphries

_Joan R Humphries_
Joan R. Humphries

STATE OF CALIFORNIA
COUNTY OF  Los Angeles } SS.
On _Nov 3 1989_ before me, the under-
signed, a Notary Public in and for said County and State, personally
appeared _George W. Humphries and_
_Joan R. Humphries_
_____, personally
known to me (or proved to me on the basis of satisfactory evidence)
to be the person_S_ whose name_S are_ subscribed to the within
instrument and acknowledged that _they_ executed the same.

OFFICIAL SEAL
SUSAN OPALK
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. Sep. 4, 1990

OFFICIAL SEAL
CATHERINE L. ZAPPIA
NOTARY PUBLIC - CALIFORNIA
Principal Office in
LOS ANGELES COUNTY
My Commission Expires Feb. 22, 1990

_Susan Opalk_
Name (Typed or Printed)
Notary Public in and for said County and State

MAIL TAX
STATEMENTS TO:    same as above
Name                          Address                          Zip

O-100

392258

EXHIBIT "A"

SAID LAND IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 27, TOWNSHIP 8 SOUTH, RANGE 1 EAST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO AN OFFICIAL PLAT OF SAID LAND FILED IN THE DISTRICT LAND OFFICE, APRIL 27, 1896, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 27; THENCE SOUTH 89° 38' 30" EAST, ALONG THE NORTH LINE OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 27, A DISTANCE OF 654.64 FEET TO THE NORTHEAST CORNER OF THE WEST HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SAID SECTION 27; THENCE SOUTH 00° 22' 15" EAST, ALONG THE EAST LINE OF SAID WEST HALF, A DISTANCE OF 329.76 FEET TO THE CENTER LINE OF TEMECULA AGUANGA HIGHWAY, AS SHOWN BY MAP ON FILE IN BOOK 10 OF RECORDS OF SURVEY, AT PAGE 34 THEREOF, RECORDS OF RIVERSIDE CO., CALIFORNIA; THENCE SOUTHWESTERLY ALONG THE CENTER LINE OF SAID TEMECULA AGUANGA HIGHWAY, ON A NON-TANGENT CURVE CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 2,000.00 FEET, THROUGH AN ANGLE OF 02° 28' 18", AN ARC LENGTH OF 86.28 FEET (THE INITIAL RADIAL LINE BEARS NORTH 08° 58' 12" WEST); THENCE SOUTH 78° 33' 30" WEST, CONTINUING ALONG THE CENTER LINE OF SAID TEMECULA AGUANGA HIGHWAY, A DISTANCE OF 583.66 FEET TO THE WEST LINE OF SAID SECTION 27; THENCE NORTH 00° 01' 30" EAST, ALONG THE WEST LINE OF SAID SECTION 27, A DISTANCE OF 464.91 FEET TO THE POINT OF BEGINNING.

EXCEPT ALL GAS, OIL AND MINERAL RIGHTS, AS RESERVED IN DEED FROM ERVIN B. KING, ET AL RECORDED JANUARY 20, 1960 AS INSTRUMENT NO. 5277 AND BY DEED FROM GEORGE S. HARNDEN, ET AL, RECORDED APRIL 22, 1965 AS INSTRUMENT NO. 46820, OFFICIAL RECORDS.

SAID LAND IS ALSO SHOWN ON RECORD OF SURVEY MAP ON FILE IN BOOK 10, PAGE 34 OF RECORDS OF SURVEY.



**Exhibit L**

#33+33A

ORIGINAL 1092 – 1486

1

2

FILED

3    DEC 11 1962

4    CLERK, U.S. DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA

5    By Walter W Lud DEPUTY

6

LODGED

OCT 24 1962

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By Walter Furby DEPUTY

7    IN THE UNITED STATES DISTRICT COURT

8         SOUTHERN DISTRICT OF CALIFORNIA

9              SOUTHERN DIVISION

ENTERED

DEC 11 1962

10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By Walter Furby
Deputy Clerk

11   UNITED STATES OF AMERICA,

12                    Plaintiff,        No. 1247-SD-C

13        vs.                           FINDINGS OF FACT, CONCLUSIONS
                                        OF LAW, AND INTERLOCUTORY
14   FALLBROOK PUBLIC UTILITY           JUDGMENT NO. 33 PERTAINING
     DISTRICT, et al.,                  TO ANZA AND CAHUILLA GROUND
15                                      WATER BASINS AND CAHUILLA
                     Defendants.        AND WILSON CREEKS
16

17

18              FINDINGS OF FACT

19           ANZA GROUND WATER BASIN

20                    1.

21        That in the upper northeasterly portion of the Santa

22   Margarita River Watershed there is a ground water body herein

23   referred to as Anza Ground Water Basin.  That said ground water

24   basin is located in general in the southeasterly portion of

25   Riverside County and is designated as Anza Valley on United

26   States Exhibit 278 incorporated herein by reference.

27                    2.

28        That the ground waters which comprise said ground

29   water basin are those ground waters which underlie the areas of

30   younger and older alluvial deposits depicted on United States

31   Exhibit 278 within Anza Valley and upstream of that line

1092

1  depicted on United States Exhibit 278 in the approximate center

2  of section 29, Township 7 South, Range 3 East, S.B.B.M. That

3  the ground waters which are contained within said deposits are

4  not within a known and definite channel but are percolating

5  waters.

6                                3.

7        That said ground waters consist of two parts or units,

8  one part or unit being those contained within the shallow aquifer

9  which extends to a maximum but variable depth of approximately

10  100 feet below ground surface elevation. Said shallow aquifer

11  underlies the entire area of younger and older alluvial deposits

12  within the Anza Ground Water Basin.

13        The other part or unit are those waters contained within

14  the deep aquifer. The deep aquifer is approximately one-half

15  (1/2) mile in width and approximately two (2) miles in length,

16  trending diagonally in a northwest direction from the West

17  Half (W$\frac{1}{2}$) of Northwest Quarter (NW$\frac{1}{4}$) of Section twenty-seven (27),

18  the Northeast Quarter of the Southeast Quarter (NE$\frac{1}{4}$ SE$\frac{1}{4}$); the

19  East Half of the Northeast Quarter (E$\frac{1}{2}$ NE$\frac{1}{4}$) and Northwest

20  Quarter of Northeast Quarter (NW$\frac{1}{4}$ NE$\frac{1}{4}$) of Section twenty-eight

21  (28); the East Half of the Southwest Quarter (E$\frac{1}{2}$ SW$\frac{1}{4}$); the

22  Southeast Quarter (SE$\frac{1}{4}$); the East Half of the Northwest Quarter

23  (E$\frac{1}{2}$ NW$\frac{1}{4}$); the Northwest Quarter of the Northwest Quarter

24  (NW$\frac{1}{4}$ NW$\frac{1}{4}$); the West Half of the Northeast Quarter (W$\frac{1}{2}$ NE$\frac{1}{4}$),

25  all in Section twenty-one (21), Township Seven South, Range

26  Three East; into the Southwest Quarter (SW$\frac{1}{4}$) and Southwest $\frac{1}{4}$

27  of Northwest Quarter (SW$\frac{1}{4}$ NW$\frac{1}{4}$) of Section Sixteen (16), and

28  East Half of Southeast Quarter(E$\frac{1}{2}$ of SE$\frac{1}{4}$) and South Half of

29  Northeast Quarter (S$\frac{1}{2}$ NE$\frac{1}{4}$) of Section seventeen (17); all

30  in Township Six (6) South, Range three (3) East, S.B.M. Said

31  deep aquifer is depicted in general on Hamilton Exhibit A

                                2.

1    incorporated herein by reference.

2                        4.

3        The shallow aquifer is composed of alluvial deposits,

4    and with the exception of the upper slope area of said ground

5    water basin, of layers of clay and silt, with the result that

6    its permeability is low and its water bearing capacity poor.

7    The ground waters within the shallow aquifer move in a general

8    southwesterly direction. At that point in section 29, Town-

9    ship 7 South, Range 3 East which marks the downstream boundary

10   of the Anza Ground Water Basin, there is a shallow bedrock

11   bench overlain by a thin layer of younger alluvial deposits

12   approximately 20 feet in depth. That a small portion of the

13   ground waters contained in the shallow aquifer of the Anza

14   Ground Water Basin pass over said bedrock bench but are in

15   fact consumed almost in their entirety by phreatophytes, and

16   particularly wire grass, or by evaporation immediately down-

17   stream from that point where said ground waters move out of

18   said shallow aquifer as found herein.

19                       5.

20        That the ground waters contained within the deep

21   aquifer of the Anza Ground Water Basin are contained within

22   an ancient stream channel which is composed primarily of gravel

23   deposits and underlies said shallow aquifer primarily in the

24   sections referred to hereinabove in Finding 3. There exists

25   a fault drawn on Hamilton Exhibit A which strikes Northwest

26   to Southeast beginning about the center of Section 17, Town-

27   ship 6 South, Range 3 East, continuing through the northeast

28   corner of Section 20 and the south quarter corner of Section 21

29   to the Northeast Quarter of Southeast Quarter of Section 28,

30   all in Township 7 South, Range 3 East. The deep aquifer lies

31   immediately northeast of said fault and extends easterly

<div align="center">3.</div>

1  along said fault for an area of approximately one-half mile.

2         That due to this fault, and the layers of clay and

3  silt which are contained within the shallow aquifer, the ground

4  waters within the deep aquifer are contained and cannot move

5  up into the shallow aquifer deposits nor move westerly toward

6  the Santa Margarita River.  That in the state of nature all

7  ground water movement of the waters contained within the

8  deep aquifer was in a southeasterly direction out of the

9  Santa Margarita River Watershed and into another watershed

10  (Desert Drainage Watershed).  This natural movement of the

11  ground waters contained within the deep aquifer of the Anza

12  Ground Water Basin resulted from the fact that the elevation of

13  a bedrock lip between the Santa Margarita River Watershed and

14  the Desert Drainage Watershed is slightly lower than the

15  elevation of the fault referred to in this finding and also

16  lower than the bedrock bench or lip in section 29, Township

17  7 South, Range 3 East which marks the downstream boundary of

18  the Anza Ground Water Basin.

19                              6.

20         That the source of the ground waters contained within

21  said deep aquifer is runoff from the surface areas within the

22  Santa Margarita River Watershed which occurs during or imme-

23  diately following periods of precipitation.  That the major

24  portion of the runoff into said deep aquifer arises from the

25  Thomas Mountain area which lies north of Anza Valley and is

26  depicted on United States Exhibit 278.  That said runoff

27  waters enter the ground primarily in sections 4, 5, 6, the

28  north half (N½) of section 8 and the northwest quarter (NW¼)

29  of section 9, all in Township 7 South, Range 3 East.  That

30  the layers of clay and silt within the shallow aquifer as

31  found hereinabove, become thinner and eventually pinch out

                              4.

1    in the upper slope area of the ground water basin and in

2    sections 4, 5, 6, north half ($N\frac{1}{2}$) of section 8 and north-

3    west quarter ($NW\frac{1}{4}$) of section 9, Township 7 South, Range 3

4    East, no clay or silt layers exist.  That said waters which

5    enter the ground in those sections move in a southwesterly

6    direction, pass under the silt and clay layers in the shallow

7    aquifer and upon reaching the fault referred to in Finding 5

8    above, are contained within the gravels which lie immediately

9    east of said fault and which, as found hereinabove, contain

10    the waters which are within the deep aquifer of the Anza

11    Ground Water Basin.

12                       7.

13          That primarily in section 21, Township 7 South,

14    Range 3 East, substantial numbers of wells have been drilled

15    into the gravels within the deep aquifer. That pumping from

16    these wells has extracted the ground waters from the deep

17    aquifer and they have been used for irrigation with the result

18    that some of the waters originally contained within the deep

19    aquifer have by this act of pumping and use recharged the

20    shallow aquifer.  Also, as a result of the pumping of the

21    waters contained within the deep aquifer, the ground water

22    elevation of those waters contained in those gravel deposits

23    has decreased with the result that a reverse gradient has re-

24    sulted and under present conditions no ground waters con-

25    tained within the deep aquifer move out of the Santa Margarita

26    River Watershed but said ground waters are in fact contained

27    within the gravel deposits of the ancient stream channel.

28                       8.

29          That the ground waters contained within the shallow

30    aquifer of the Anza Ground Water Basin add to, support and

31    contribute to the Santa Margarita River stream system.

<div align="center">5.</div>

9.

1  That the ground waters contained within the deep
2  aquifer do not add to, contribute to nor support the Santa
3  Margarita River or any tributary thereto, and are not a
4  part of said Santa Margarita River stream system.

10.

5  That attached hereto is Exhibit A which is a list
6  setting forth the apparent owners of the lands which comprise
7  the Anza Ground Water Basin.  That attached hereto is
8  Exhibit B which designates by parcel number and legal descrip-
9  tions all lands which overlie said Anza Ground Water Basin.
10 That said Exhibit B specifically designates therein the lands
11 which overlie the deep aquifer of the Anza Ground Water Basin.

11.

12 That all lands described in Exhibit B have a correla-
13 tive overlying right to the use of the ground waters contained
14 within the shallow aquifer of the Anza Ground Water Basin.

12.

15 That all lands described in Exhibit B and designated
16 therein as overlying the deep aquifer of the Anza Ground Water
17 Basin have correlative overlying rights to the use of the
18 ground waters within the deep aquifer of that basin.

13.

19 Attached hereto marked Exhibit C is a compilation
20 setting forth certain factual matters such as wells and data
21 concerned therewith, irrigated and irrigable acreage and other
22 relevant factual matters which pertain to the lands described
23 in Exhibit B.  The factual statements contained therein shall
24 be prima facie evidence as to such matters in any subsequent
25 proceedings before this Court in this cause.  As used herein
26 prima facie evidence is that which suffices for the proof of

6.

0214                    1097

1    a particular fact until contradicted or overcome by other

2    evidence.

3    <u>CAHUILLA CREEK</u>

4                              14.

5         That Cahuilla Creek (sometimes referred to as

6    Coahuilla Creek) is intermittent both as to time and place

7    and flows, except for extremely limited areas, only during

8    and immediately following periods of heavy precipitation.

9    Said creek rises on the western slope of Thomas Mountain and

10   there are several named and unnamed small tributary creeks

11   (including Hamilton Creek) which contribute to the main stream

12   of Cahuilla Creek.  It is sufficient for these findings to

13   state that Cahuilla Creek proceeds across the Anza Ground

14   Water Basin in a general southwesterly direction.  Said creek

15   passes over the bedrock bench in section 29, Township 7 South,

16   Range 3 East and then flows over a thin or shallow constricted

17   area of younger alluvial deposits in sections 29 and 30,

18   Township 7 South, Range 3 East, and sections 25, 26 and 27,

19   Township 7 South, Range 2 East, whereupon it enters Cahuilla

20   Valley.  Said thin or shallow constricted area of younger

21   alluvial deposits is depicted on United States Exhibit 278.

22   Cahuilla Creek then proceeds across Cahuilla Valley in a

23   general southwest direction and after leaving said Valley

24   in section 31, Township 7 South, Range 2 East; it passes over

25   primarily basement complex or bedrock in section 36, Township 7

26   South, Range 1 East, proceeds across the northwest quarter ($NW\frac{1}{4}$)

27   of section 1, Township 8 South, Range 1 East and then across

28   section 2 and into the southeast quarter ($SE\frac{1}{4}$) of the south-

29   east quarter ($SE\frac{1}{4}$) of section 3, Township 8 South, Range 1 East

30   whereupon it joins Wilson Creek.

31              - - -

                              7.

1098

51

15.

2       Cahuilla Creek does in fact contribute to the ground
3 waters contained within the shallow aquifer of the Anza Ground
4 Water Basin and those ground waters contained within the Cahuilla
5 Ground Water Basin and the Santa Margarita River stream system.

16.

7       As found hereinabove in Finding 14, Cahuilla Creek
8 passes over the bedrock bench in section 29, Township 7 South,
9 Range 3 East and flows over a thin constricted area of younger
10 alluvial deposits in sections 29 and 30, Township 7 South,
11 Range 3 East and sections 25, 26 and 27 Township 7 South,
12 Range 2 East, whereupon it enters Cahuilla Valley.  That the
13 ground waters contained within the thin or shallow constricted
14 younger alluvial deposits in these sections are in direct hydro-
15 logic contact with the surface flow of Cahuilla Creek when in
16 fact said surface flow exists.  That ground water contained
17 within said thin or shallow constricted areas of younger alluvial
18 deposits are in fact in a known and definite channel, to wit,
19 the younger alluvial deposits, in that said younger alluvial
20 deposits are surrounded by and contained wtihin deposits of
21 virtually impervious basement complex.  Said ground waters
22 do in fact move in the identical direction as the surface flow
23 of Cahuilla Creek and are a part of that Creek.

24       Except as found hereinabove in this Finding, Cahuilla
25 Creek consists solely of those waters which flow as surface
26 waters in that the ground waters which are contained within the
27 shallow aquifer of the Anza Ground Water Basin and the ground
28 waters contained within the Cahuilla Ground Water Basin are not
29 in a known and definite channel but are percolating waters and
30 in the other reaches of Cahuilla Creek, it flows over basement
31 complex or bedrock and no ground waters exist.

8.

52

1          The ground waters contained within the thin or shal-
2 low constricted area of younger alluvial deposits in sections
3 29 and 30, Township 7 South, Range 3 East and sections 25, 26
4 and 27, Township 7 South, Range 2 East and which as found here-
5 inabove, are a part of Cahuilla Creek, are of relative minor
6 amounts and do not contribute to any substantial degree to the
7 waters of the Santa Margarita River.  The surface waters of
8 Cahuilla Creek throughout its course exist for practical pur-
9 poses only during periods of substantial rainfall, and there-
10 fore any riparian rights to such surface waters are of relatively
11 little value in that there is no substantial need for such
12 surface flow during the limited times that it is available.
13 Because of the illusory nature of the riparian rights to the
14 surface flow of Cahuilla Creek and the limited amounts of ground
15 water which have in this Finding been found to be a part of
16 Cahuilla Creek, this Court is not at this time making specific
17 findings as to what lands are riparian to Cahuilla Creek.
18          If in fact in the future determinations as to the
19 riparian status of lands to Cahuilla Creek are necessary, this
20 Court in the exercise of its continuing jurisdiction can and
21 will make such determinations based on these Findings of Fact,
22 and evidence to be introduced as to what land is held under one
23 chain of title and part of which abuts upon or is traversed
24 by Cahuilla Creek.

25 CAHUILLA GROUND WATER BASIN
26                              17.
27          The Cahuilla Ground Water Basin is composed of the
28 younger and older alluvial deposits which are contained within
29 Cahuilla Valley and are depicted on United States Exhibit 278.
30 The ground waters contained within the younger and older alluvial
31 deposits of Cahuilla Ground Water Basin are not in a known and

                              9.

1 definite channel but do add to, contribute to and support

2 Cahuilla Creek, a tributary of the Santa Margarita River

3 stream system.  That in the most westerly portion of the

4 Cahuilla Ground Water Basin there is a constricted thin

5 deposit of younger alluvium.  That said constricted thin

6 younger alluvial deposit is located in the southeast quarter

7 of section 30 and the northeast quarter of section 31,

8 Township 7 South, Range 2 East, and is depicted on United

9 States Exhibit 278.  That at this point there is a lip of

10 bedrock which extends almost to ground surface.  The ground

11 waters contained within the Cahuilla Ground Water Basin move

12 generally in a southwesterly direction and it is only when

13 the constricted thin layer of younger alluvium which overlies

14 said bedrock lip is saturated that any of said ground waters

15 contained within the Cahuilla Ground Water Basin pass over

16 said bedrock lip and move westerly toward the Santa Margarita

17 River.  That when said younger alluvial deposits which overlie

18 said bedrock lip in the southeast quarter (SE$\frac{1}{4}$) of section 30

19 and the northeast quarter (NE$\frac{1}{4}$) of section 31, Township 7

20 South, Range 2 East, are saturated, there is a flow of water

21 over said bedrock lip.  That except for periods of substantial

22 rainfall the amount of water which does in fact move over said

23 lip, either on the surface or within the constricted, thin,

24 shallow alluvial deposit, is slight and is consumed almost

25 entirely within a short distance downstream by evapo-

26 transportation losses.

27                              18.

28        That attached hereto is Exhibit D which is a list

29 setting forth the apparent owners of the lands which overlie

30 the Cahuilla Ground Water Basin.  That attached hereto is

31 Exhibit E, which designates by parcel number and legal descrip-

   tions all lands which overlie said Cahuilla Ground Water Basin.

                              10.

19.

That all lands described in Exhibit E have a correla-
tive overlying right to the use of the ground waters contained
within the Cahuilla Ground Water Basin.  That all ground waters
contained within the lands described in Exhibit E add to and
support the Santa Margarita River stream system.

20.

That attached hereto marked Exhibit F is a compilation
setting forth certain factual matters, such as wells and data
concerned therewith, irrigated and irrigable acreage and other
relevant factual matters which pertain to the lands described
in Exhibit E.  The factual statements contained therein shall be
prima facie evidence as to such matters in any subsequent pro-
ceedings before this Court in this cause.  As herein used, prima
facie evidence is that which suffices for the proof of a parti-
cular fact until contradicted or overcome by other evidence.

WILSON CREEK

21.

Wilson Creek is an intermittent stream both as to time
and place and flows, except in extremely limited areas,
only during or after periods of substantial inundation. Wilson
Creek has its headwaters primarily in the Red and Little Ca-
huilla Mountains.  It flows across Reed Valley and proceeds
almost in a direct southerly direction across sections 13, 24,
23, 26, 35 and the southeast quarter (SE$\frac{1}{4}$) of section 34, Town-
ship 7 South, Range 1 East, and across the east half (E$\frac{1}{2}$) of
section 3, Township 8 South, Range 1 East, to that point where
it is joined by Cahuilla Creek.  It then crosses Wilson Valley
in a southwesterly direction and flows generally westerly until
it enters what is now Vail Reservoir.  Throughout its course
Wilson Creek traverses constricted and shallow areas of younger
alluvial deposits.                          11.

1102

55

22.

2        That all ground waters contained within the younger

3  alluvial deposits over which Wilson Creek flows are in fact

4  in direct hydrologic contact with the surface flows of Wilson

5  Creek when in fact it does exist.  That said ground waters

6  contained within said limited areas of younger alluvial de-

7  posits are in a known and definite channel in that they are

8  contained within and surrounded by deposits of basement complex.

9  That the ground waters contained within said younger alluvial

10  deposits do move in the identical direction of Wilson Creek

11  and are in fact a part of Wilson Creek.  Said younger alluvial

12  deposits are depicted on United States Exhibits 275 incor-

13  porated herein by reference.

14                        23.

15        That except for those areas in Lancaster Valley, the

16  amounts of ground waters contained in said younger alluvial

17  deposits are limited and this Court is not at this time making

18  findings of fact specifically delineating which lands have

19  riparian rights to the surface and ground waters of Wilson

20  Creek.  Findings of Fact, Conclusions of Law and Interlocutory

21  Judgment No. 40 are concerned specifically with the Aguanga

22  Ground Water Area and detailed findings of fact concerned with

23  Wilson Creek within the Aguanga Ground Water Area are set forth

24  therein.  That part of Wilson Creek which is within the

25  Aguanga Ground Water Area is just downstream from that point

26  in the southeast quarter (SE¼) of the southeast quarter (SE¼)

27  of Section 3 Township 8 South Range 1 East where Wilson Creek

28  and Cahuilla Creeks have their point of confluence.

29                        24.

30        That the smallest tracts of land held under one chain

31  of title a portion of which abut upon or are traversed by

12.

1103

56

1  Wilson Creek have correlative riparian rights to the use

2  of the surface and sub-surface waters of Wilson Creek.

3                              25.

4       That the waters of Wilson Creek, both surface and

5  sub-surface, are a part of the Santa Margarita River stream

6  system.

7                    MISCELLANEOUS FINDINGS

8                              26.

9       That all surface waters which flow over and upon any

10 of the lands within the sub-watersheds of Cahuilla and Wilson

11 Creeks are a part of the Santa Margarita River stream system.

12                             27.

13      That all ground waters contained within the deposits

14 of basement complex or weathered basement complex within the

15 sub-watershed of Cahuilla and Wilson Creeks as said deposits

16 are depicted on United States Exhibits 275 and 278, are vagrant

17 local, percolating waters which do not add to, contribute to

18 or support the Santa Margarita River or any tributary thereto.

19                             28.

20      That except as to ground waters contained within the

21 younger and older alluvial deposits within the shallow aquifer

22 of the Anza Ground Water Basin those contained within the

23 Cahuilla Ground Water Basin and those which are a part of

24 Cahuilla Creek and Wilson Creek, all ground waters contained

25 within the lands within the sub-watersheds of Wilson and

26 Cahuilla Creeks, are vagrant, local, percolating waters which

27 do not add to, contribute to nor support the Santa Margarita

28 River stream system.

29                             29.

30      That certain lands within the sub-watersheds of Wilson

31 Creek and Cahuilla Creek are Indian Reservation Lands. That

                            13.

                    0221         1104

                                       57

1. separate findings of fact, conclusions of law and inter-
2. locutory judgment provisions concerning said Indian lands
3. are set forth in Interlocutory Judgment No. 41.

4.                                30.

5.        That no surface diversion or use of the waters of
6. Cahuilla or Wilson Creeks, or their tributaries or extraction
7. or use of the ground waters contained within the Anza Ground
8. Water Basin or the Cahuilla Ground Water Basin have been
9. open, notorious, adverse or hostile to any party in this cause
10. and no prescriptive rights to the use of the surface or ground
11. waters from any such diversion or extraction or use exists.

12.                                31.

13.        That on certain of the exhibits attached to these
14. Findings of Fact there appear factual statements concerning
15. applications to appropriate specific waters of Wilson and
16. Cahuilla Creeks or their tributaries filed with the California
17. State Water Rights Board.  That because said applications to
18. appropriate said waters involve relatively small amounts of
19. water, this Court has not made specific findings on each of
20. these applications nor has any party requested that such
21. findings be made. This Court finds that such factual statements
22. are true and the applicants to appropriate said waters as appear
23. on said exhibits have such water right as such stated facts war-
24. rant under and pursuant to the laws of the State of California
25. concerned with the appropriation of water.

26.        Jurisdiction is reserved to enter specific findings
27. of fact and judgments as to said applications to appropriate
28. said water should any party so request, either prior or sub-
29. sequent to the entry of final judgment in this cause.

30.        That in other Findings of Fact and Interlocutory
31. Judgments in this cause certain parties have been adjudged to

                                14.

                                                    1105

56

1  have appropriative rights to the use of the waters of the

2  Santa Margarita River and/or its tributaries.

3        That except as to those appropriative rights as

4  exist from the factual statements which appear on certain

5  exhibits attached to these Findings of Fact, and other

6  appropriative rights specifically adjudged in other Findings

7  of Fact and Interlocutory Judgments in this cause, there are

8  no appropriative rights to the use of the waters which flow

9  over and upon any of the lands within the sub-watersheds of

10 Wilson and Cahuilla Creeks or to ground waters contained

11 within any of said lands.

12                 CONCLUSIONS OF LAW

13 ANZA GROUND WATER BASIN      1.

14       That all ground waters contained within the shallow

15 aquifer of the Anza Ground Water Basin add to, support and

16 contribute to the Santa Margarita River stream system.

17                 2.

18       That all lands described in Exhibit B have a cor-

19 relative overlying right to the use of the ground waters con-

20 tained within the shallow aquifer of the Anza Ground Water

21 Basin.

22                 3.

23       That this Court has continuing jurisdiction over the

24 use of all ground waters contained within the shallow aquifer

25 of the Anza Ground Water Basin.

26                 4.

27       That all ground waters contained within the deep

28 aquifer of the Anza Ground Water Basin do not add to, support

29 nor contribute to the Santa Margarita River stream system and

30 are not a part of the Santa Margarita River or any tributary

31 thereto.

                15.

5.

That the owners of all lands described in Exhibit B and designated therein as overlying the deep aquifer of the Anza Ground Water Basin have correlative overlying rights to the use of the ground waters contained within the deep aquifer of that Basin.

CAHUILLA CREEK

6.

Both the surface and subsurface waters of Cahuilla Creek add to, contribute to and support the Santa Margarita River stream system and the use of said waters is subject to the continuing jurisdiction of this Court.

7.

Lands riparian to Cahuilla Creek have not been defined in these Findings of Fact but this Court reserves jurisdiction to enter such findings either before or after the entry of final judgment in this cause.

CAHUILLA GROUND WATER BASIN

8.

All ground waters contained within the younger and older alluvial deposits which comprise the Cahuilla Ground Water Basin add to, contribute to and support the Santa Margarita River stream system and the use of said waters is subject to the continuing jurisdiction of this Court.

9.

That all lands described on Exhibit E have a correlative overlying right to the use of the ground waters contained within the Cahuilla Ground Water Basin.

WILSON CREEK

10.

Both the surface and sub-surface waters of Wilson Creek are a part of the Santa Margarita River stream system

16.

1107

0224

60

1   and the use of said waters is subject to the continuing

2   Jurisdiction of this Court.

3                          11.

4          That no findings have been made in these Findings

5   of Fact specifically delineating those lands riparian to

6   Wilson Creek.  Jurisdiction is reserved to enter said

7   findings at any time either before or after entry of

8   final judgment in this cause should the need for said

9   findings occur.

10                         12.

11         That detailed findings of fact, conclusions of law

12   and interlocutory judgment provisions have been entered

13   concerning that portion of Wilson Creek which is within the

14   Aguanga Ground Water Area (Interlocutory Judgment No. 40).

15

16

17

18         MISCELLANEOUS CONCLUSIONS OF LAW

19                         13.

20         That all surface waters which flow over and upon

21   any of the lands within the sub-watersheds of Cahuilla and

22   Wilson Creeks as said sub-watersheds are depicted on United

23   States Exhibits 275 and 278 are a part of the Santa Margarita

24   River stream system and the use of said waters is subject to

25   the continuing jurisdiction of this Court.

26                         14.

27         That all ground waters contained within the deposits

28   of basement complex or weathered basement complex within the

29   sub-watersheds of Cahuilla and Wilson Creeks as said deposits

30         - - -

31         - - -

                         17.

1108

0225

61

1  are depicted on United States Exhibits 275 and 278, are

2  vagrant, local, percolating waters which do not add to,

3  contribute to nor support the Santa Margarita River or any

4  tributary thereto, and the use of said waters is not subject

5  to the continuing jurisdiction of this Court.

6                          15.

7        That except as to ground waters contained within the

8  shallow aquifer of the Anza Ground Water Basin and ground

9  waters contained within the Cahuilla Ground Water Basin, and

10  the waters of Cahuilla and Wilson Creeks, all ground waters

11  contained within the lands within the sub-watersheds of Wilson

12  and Cahuilla Creeks are vagrant, local, percolating waters

13  which do not add to, contribute to nor support the Santa Mar-

14  garita River stream system.

15                          16.

16        That no prescriptive right to the use of the waers

17  of Cahuilla Creek or Wilson Creek or their tributaries or to

18  the use of waters contained within the Cahuilla Ground Water

19  Basin or the shallow aquifer of the Anza Ground Water Basin

20  exists.

21                          17.

22        That except as provided in Finding of Fact 31 herein

23  there are no appropriative rights to the use of the waters

24  which flow over and upon or are contained within any lands

25  within the sub-watersheds of Wilson and Cahuilla Creeks.

26                          18.

27        Specific Conclusions of Law concerned with the rights

28  to the use of the waters subject to this Interlocutory Judgment

29  uponIndian Reservation lands are set forth in Interlocutory

30  Judgment No. 41.

31          - - - -

18.

<div align="center">INTERLOCUTORY JUDGMENT</div>

ANZA GROUND WATER BASIN

<div align="center">1.</div>

IT IS ORDERED, ADJUDGED AND DECREED that all ground waters contained within the shallow aquifer of the Anza Ground Water Basin add to, support and contribute to the Santa Margarita River stream system; it is further ordered, adjudged and decreed that said lands are described in Exhibit B incorporated herein by reference; that the owners of the lands described in said Exhibit B have a correlative overlying right to the use of the ground waters contained within the shallow aquifer of the Anza Ground Water Basin; it is further ordered, adjudged and decreed that this Court has continuing jurisdiction over the use of all of said ground waters contained within the shallow aquifer of the Anza Ground Water Basin.

<div align="center">2.</div>

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all ground waters contained within the deep aquifer of the Anza Ground Water Basin do not add to, support nor contribute to the Santa Margarita River stream system and are not a part of the Santa Margarita River or any tributary thereto, and that this Court has no jurisdiction over the use of said waters contained within the deep aquifer of the Anza Ground Water Basin; that said lands which overlie the deep aquifer are described and designated on Exhibit B, and it is ordered, adjudged and decreed that all ground waters contained within said lands below 100 feet in elevation from land surface are ground waters contained within said deep aquifer.

<div align="center">3.</div>

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rights of the owners of said lands referred to in paragraph 2

<div align="center">19.</div>

63

1  of this Interlocutory Judgment and their heirs, successors
2  and assigns to the use of the ground waters contained within
3  the deep aquifer are forever quieted in them and against the
4  United States of America and all other parties having rights
5  to the use of the waters of the Santa Margarita River and its
6  tributaries, and their heirs, successors and assigns.

7                              4.

8          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
9  rights of the owners of said lands referred to in paragraph 2
10 of this Interlocutory Judgment and their heirs, successors
11 and assigns are forever restrained from asserting rights
12 in or to the waters of the Santa Margarita River or its
13 tributaries excepting rights to waters which in a natural
14 state would recharge the ground waters contained within the
15 deep aquifer of the Anza Ground Water Basin.

16                             5.

17         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
18 rights inter se of the owners of said lands referred to in
19 paragraph 2 of this Interlocutory Judgment to the use of the
20 ground waters contained within the deep aquifer of the Anza
21 Ground Water Basin have not been adjudged, determined or de-
22 creed in these proceedings.

23 CAHUILLA CREEK

24                             6.

25         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both
26 the surface and sub-surface waters of Cahuilla Creek as deter-
27 mined in the Findings of Fact to this Interlocutory Judgment
28 add to, contribute to and support the Santa Margarita River
29 stream system and the use of said waters is subject to the
30 continuing jurisdiction of this Court.

31              - - -

                            20.

7.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because of the fact that the waters of Cahuilla Creek do not under present conditions, except during flood stages, contribute substantial amounts of water to the Santa Margarita River stream system downstream, no specific findings of fact have been entered at this stage specifically delineating which lands are riparian to said Cahuilla Creek. Jurisdiction is hereby expressly reserved to enter such findings of fact, conclusions of law and judgment provisions in the future, either before or after entry of final judgment in this cause, specifically delineating by description lands riparian to Cahuilla Creek or any tributary thereto.

CAHUILLA GROUND WATER BASIN

8.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all ground waters contained within the younger and older alluvial deposits which comprise the Cahuilla Ground Water Basin add to, contribute to and support the Santa Margarita River stream system and the use of said ground waters is subject to the continuing jurisdiction of this Court; that said lands which comprise the Cahuilla Ground Water Basin are described in Exhibit E, and it is hereby ordered, adjudged and decreed that the owners of said lands described in Exhibit E have correlative overlying rights to the use of the ground waters contained within those described lands.

WILSON CREEK

9.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the surface and sub-surface waters of Wilson Creek as determined in the Findings of Fact to this Interlocutory Judgment are a part

21.

1112

6 ᴦ

1   of the Santa Margarita River stream system and all uses
2   of said waters are subject to the continuing jurisdiction of
3   this Court; no specific findings have been entered speci-
4   fically delineating by description those lands which are
5   riparian to Wilson Creek.  Jurisdiction is hereby expressly
6   reserved to determine and enter said findings of fact and
7   conclusions of law and interlocutory judgment provisions
8   designating which lands are riparian to Wilson Creek either
9   prior to or after entry of final judgment in this cause.
10                              10.
11        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
12   all lands riparian to Wilson Creek have a correlative riparian
13   right to the use of surface and sub-surface waters of Wilson
14   Creek; detailed findings of fact, conclusions of law and inter-
15   locutory judgment provisions have been entered which concern
16   Wilson Creek within the Aguanga Ground Water Area (see Inter-
17   locutory Judgment No. 40).
18   MISCELLANEOUS JUDGMENT PROVISIONS
19                              11.
20        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
21   surface waters which flow over and upon any of the lands within
22   the sub-watersheds of Cahuilla and Wilson Creeks as said water-
23   sheds are depicted on United States Exhibits 275 and 278, in-
24   corporated herein by reference, are a part of the Santa Mar-
25   garita River stream system and the use of said waters is sub-
26   ject to the continuing jurisdiction of this Court.
27                              12.
28        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all
29   ground waters contained within the deposits of basement complex
30   and weathered basement complex within the sub-watersheds of
31   Cahuilla and Wilson Creeks as depicted on said United States

                              22.

                                              1113

66

1 Exhibits 275 and 278, are vagrant, local, percolating waters

2 which do not add to, contribute to nor support the Santa Mar-

3 garita River or any tributary thereto and the use of said

4 waters is not subject to the continuing jurisdiction of this

5 Court

13.

7     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

8 rights of the owners of said lands referred to in paragraph 12

9 of this Interlocutory Judgment and their heirs, successors and

10 assigns to the use of said ground waters are forever quieted

11 in them and against the United States of America and all other

12 parties having rights to the use of the waters of the Santa

13 Margarita River or its tributaries and their heirs, successors

14 and assigns.

15     14.

16     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

17 owners of said lands referred to in paragraph 12 of the

18 Interlocutory Judgment, their heirs, successors and assigns

19 are forever restrained from asserting rights in and to the

20 waters of the Santa Margarita River or its tributaries ex-

21 cepting rights to surface waters which flow over and upon said

22 lands.

23     15.

24     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

25 rights inter se of the owners of said lands referred to in

26 paragraph 12 of this Interlocutory Judgment to the use of the

27 underlying vagrant, local, percolating ground waters have not

28 been adjudged, determined nor decreed in these proceedings.

29     16.

30     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all

31 ground waters contained within older or younger alluvial

23.

1114

1  deposits and not contained within the shallow aquifer of the

2  Anza Ground Water Basin or the younger and older alluvial

3  deposits which comprise the Cahuilla Ground Water Basin and

4  not in the Findings of Fact to this Interlocutory Judgment

5  found to be a part of Cahuilla Creek or Wilson Creek, and

6  within the lands within the sub-watersheds of Wilson and

7  Cahuilla Creeks, are vagrant, local, percolating waters which

8  do not add to, contribute to nor support the Santa Margarita

9  River stream system and the use of said ground waters is not

10  subject to the continuing jurisdiction of this Court.

11                              17.

12       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

13  the owners of said lands referred to in paragraph 16 of this

14  Interlocutory Judgment and their heirs, successors and assigns

15  are forever restrained from asserting rights in or to the

16  waters of the Santa Margarita River or its tributaries ex-

17  cepting rights to surface waters which flow over and upon

18  said lands.

19                              18.

20       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

21  rights of the owners of said lands referred to in paragraph 16

22  of this Interlocutory Judgment and their heirs, successors and

23  assigns to the use of the ground waters contained within said

24  younger and older alluvial deposits are forever quieted in

25  them and against the United States of America and all other

26  parties having rights to the use of the waters of the Santa

27  Margarita River and its tributaries, and their heirs, suc-

28  cessors and assigns.

29                              19.

30       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

31  the rights inter se of the owners of said lands referred to

                              24.

1   in paragraph 16 of this Interlocutory Judgment to the use

2   of the underlying vagrant, local, percolating ground waters

3   have not been adjudged, determined or decreed in these

4   proceedings.

5                         20.

6         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

7   there are no prescriptive rights to the use of the waters

8   of Cahuilla Creek or Wilson Creek or to their tributaries

9   or to the use of waters contained within the Cahuilla Ground

10  Water Basin or the shallow aquifer of the Anza Ground Water

11  Basin.

12                       21.

13        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

14  except as may be provided in factual statements set forth

15  on the Exhibits attached to this Interlocutory Judgment or

16  specifically adjudged in other Findings of Fact and Inter-

17  locutory Judgments in this cause, there are no appropriative

18  rights to the use of any surface waters which flow over and

19  upon any of the lands within the sub-watersheds of Wilson

20  and Cahuilla Creeks or ground waters which are contained

21  within the shallow aquifer of the Anza Ground Water Basin

22  or contained within any of the younger or older alluvial

23  deposits which comprise the Cahuilla Ground Water Basin.

24                       22.

25        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

26  notwithstanding any Interlocutory Judgment provisions

27  entered hereinabove, this Court does have jurisdiction over

28  the use of any waters insofar as the United States of America,

29  on behalf of any Indians, asserts rights to such waters which

30  were adjudged in Findings of Fact and Interlocutory Judg-

31  ment No. 41; it is further ordered, adjudged and decreed that

                            25.

1116

69

1  in any judgment provision entered hereinabove quieting

2  rights against the United States of America, the use of

3  the term 'United States of America' does not apply when the

4  United States of America asserts rights on behalf of any

5  Indians which rights were adjudged in Interlocutory Judg-

6  ment No. 41.

7                          23.

8        IT IS FURTHER ORDERED, ADJUDGED AND DECREED, based

9  upon the decision of the United States Court of Appeals for

10 the Ninth Circuit, California v. United States 235 F.2d 647

11 that this is not a final decree but is interlocutory in

12 character and by reason of the order by this Court that all

13 parties are adverse one to the other, thus dispensing with

14 cross-pleadings, all parties to this proceeding may object

15 to these Findings of Fact, Conclusions of Law and Inter-

16 locutory Judgment and will be given full opportunity upon

17 due notice to interpose their objection prior to entry of

18 final judgment in this cause.

19                          24.

20       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

21 this Interlocutory Judgment is not appealable, is not final,

22 and shall not be operative until made a part of the final

23 judgment, and this Court expressly reserves jurisdiction to

24 modify or vacate it either upon its own motion or upon motion

25 of any party to this proceeding until such time as final

26 judgment in this cause is entered.

27  Dated: 12/11/62

28                                   _____
                                              JUDGE
29

30

31

                          26.