

1   Michael Duane Davis, California State Bar No. 93678
    E-Mail:  Michael.Davis@greshamsavage.com
2   **A member of GRESHAM SAVAGE NOLAN &**
    **TILDEN, a Professional Corporation**
3   3750 University Avenue, Suite 250
    Riverside, CA  92501-3335
4   Telephone:   (951) 684-2171
    Facsimile:    (951) 684-2150
5
6   Attorneys for RIVERSIDE LAND
    CONSERVANCY
7
8                  **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  UNITED STATES OF AMERICA,          )  CASE NO:  3:51-CV-01247-GT-RBB
                                       )         [No. 1247-SD-C]
12          Plaintiff,                 )
                                       )  **ANSWER OF THE RIVERSIDE**
13  CAHUILLA BAND OF INDIANS,          )  **LAND CONSERVANCY TO THE**
    a federally recognized Indian tribe )  **CAHUILLA BAND OF INDIANS'**
14                                     )  **FIRST AMENDED COMPLAINT IN**
            Proposed Plaintiff         )  **INTERVENTION**
15          in Intervention,           )
                                       )
16                                     )
        vs.                            )
17                                     )
    FALLBROOK PUBLIC UTILITY           )
18  DISTRICT, a public service corporation of )
    the State of California, et al.,   )
19                                     )
            Defendants.                )
20
21          Comes now, Defendant, **RIVERSIDE LAND CONSERVANCY**, for itself and
22  for no other, and admits, denies and otherwise answers, and submits its affirmative
23  defenses to the First Amended Complaint in Intervention of Proposed Plaintiff in
24  Intervention, **CAHUILLA BAND OF INDIANS.**
25
26      **RIVERSIDE LAND CONSERVANCY'S STATEMENT OF OWNERSHIP**
27          The **RIVERSIDE LAND CONSERVANCY** is the owner of the following
28  parcels of real property (hereafter referred to as the "**RIVERSIDE LAND**

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

268573.1

-1-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

CONSERVANCY Properties") which are situated in the far northeastern section of the Santa Margarita River System, as defined by the Court:

Parcel "1":   PARCEL 1 OF PARCEL MAP 12685, AS RECORDED IN BOOK 70, PAGE 58 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA [APN 583260028-0], as conveyed by Quitclaim Deed which may not have been recorded, a copy of which is attached hereto as **Exhibit "1."**

Parcel "2":   6.33 ACRES, MORE OR LESS, IN A PORTION OF PARCEL 1 OF PARCEL MAP 4920 IN BOOK 007, PAGE 58 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA [APN 583260065-3], as conveyed by Grant Deed recorded on March 12, 1990 in the official records of Riverside, County, Instrument No. 087912, a copy of which is attached hereto as **Exhibit "2."**

## I. INTRODUCTION

**1.**    Answering Paragraph 1 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits each and every allegation contained therein.

**2.**    Answering Paragraph 2 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits the allegations in the second sentence, commencing with the word "In" on line 7 of page 2 through the word "members" on line 10½ of page 2; and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph 2, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

**3.**    Answering Paragraph 3 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits the allegations in the portion of first sentence, commencing with the word "On"

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

-2-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

on line 12 of page 2 through the word "fact" on line 13 of page 2; the portions of the second sentence, commencing with the third word "The" on line 14 of page 2 through the word "waters" on line 15½ of page 2, and commencing with the word "within" on line 16½ on page 2 through the word "rights" on line 18 of page 2; and the third sentence and citation, commencing with the word "This" on line 5 of page 2 through the phrase "Interlocutory Judgment No. 41" or "IJ 41" on line 24 of page 2. Further answering said Paragraph 3, the **RIVERSIDE LAND CONSERVANCY** admits the existence and effect of the filings, orders, judgments and decrees that are "of record" in the instant action. Further answering said Paragraph 3, except as expressly herein admitted, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph 3, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

4.     Answering Paragraph 4 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every allegation contained therein.

5.     Answering Paragraph 5 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits the allegations in the first sentence, commencing with the word "On" at line 1 of page 3 through the date "2007" at line 2 on page 3. Further answering said Paragraph 5, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

/////

/////

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

268573.1

-3-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

## II. JURISDICTION AND VENUE

6.     Answering Paragraph 6 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits the first sentence, commencing with the word "This" at line 13 of page 3 through the word "Question" at line 14 of page 3.  Further answering said Paragraph 6, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

7.     Answering Paragraph 7 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits each and every allegation contained therein.

## III. PARTIES

8.     Answering Paragraph 8 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every allegation contained therein.

9.     Answering Paragraph 9 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits each and every allegation contained therein.

10.     Answering Paragraph 10 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits each and every allegation contained therein.

11.     Answering Paragraph 11 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the allegations in

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

-4-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1   said Paragraph, and on that basis denies generally and specifically, jointly and severally,

2   each and every allegation contained therein.

3       **12.**    Answering Paragraph 12 of the **CAHUILLA BAND OF INDIANS'** First

4   Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks

5   sufficient knowledge or information to form a belief as to the truth of the allegations in

6   said Paragraph, and on that basis denies generally and specifically, jointly and severally,

7   each and every allegation contained therein.

8       **13.**    Answering Paragraph 13 of the **CAHUILLA BAND OF INDIANS'** First

9   Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

10  admits the portions of the first sentence, commencing with the second word "The" at line

11  19 of page 4 through the word "land" at line 20 of page 4, and commencing with the

12  word "of" at line 20 of page 4 through the word "members" at line 22½ of page 4.

13  Further answering said Paragraph 6, the **RIVERSIDE LAND CONSERVANCY** lacks

14  sufficient knowledge or information to form a belief as to the truth of the remaining

15  allegations in said Paragraph, and on that basis denies generally and specifically, jointly

16  and severally, each and every other allegation contained therein.

17      **14.**    Answering Paragraph 14 of the **CAHUILLA BAND OF INDIANS'** First

18  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

19  admits the portions of the first sentence, commencing with the first word "the" at line 24

20  of page 4 through the word "lands" at line 25 of page 4, and commencing with the second

21  word "the" at line 25 of page 4 through the word "purposes" at line 27½ of page 4.

22  Further answering said Paragraph 14, the **RIVERSIDE LAND CONSERVANCY** lacks

23  sufficient knowledge or information to form a belief as to the truth of the remaining

24  allegations in said Paragraph, and on that basis denies generally and specifically, jointly

25  and severally, each and every other allegation contained therein.

26      **15.**    Answering Paragraph 15 of the **CAHUILLA BAND OF INDIANS'** First

27  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

28  admits that it is a non-profit land trust, with its principal place of business at 4075

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

-5-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1    Mission Inn Avenue, Riverside, CA 92501; and that it claims overlying and other rights
2    to produce, take and use water from the lands that it owns within the upper Santa
3    Margarita River System watershed.    Further answering said Paragraph 15, except as
4    otherwise expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY**
5    lacks sufficient knowledge or information to form a belief as to the truth of the remaining
6    allegations in said Paragraph, and on that basis denies generally and specifically, jointly
7    and severally, each and every other allegation contained therein.

8        **16.**    Answering Paragraph 16 of the **CAHUILLA BAND OF INDIANS'** First
9    Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**
10    denies, generally and specifically, jointly and severally, that its claimed rights are junior
11    to the **CAHUILLA BAND OF INDIANS'** alleged federally-protected water rights; and
12    that it has ever unlawfully interfered with the **CAHUILLA BAND OF INDIANS'**
13    alleged federally reserved water right.    Further answering said Paragraph 16, except as
14    otherwise expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY**
15    lacks sufficient knowledge or information to form a belief as to the truth of the remaining
16    allegations in said Paragraph, and on that basis denies generally and specifically, jointly
17    and severally, each and every other allegation contained therein.

18        **17.**    Answering Paragraph 17 of the **CAHUILLA BAND OF INDIANS'** First
19    Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**
20    denies, generally and specifically, jointly and severally, that the priority dates of its
21    claimed rights are junior to the **CAHUILLA BAND OF INDIANS'** alleged federally-
22    protected water rights.    Further answering said Paragraph 17, except as otherwise
23    expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks
24    sufficient knowledge or information to form a belief as to the truth of the remaining
25    allegations in said Paragraph, and on that basis denies generally and specifically, jointly
26    and severally, each and every other allegation contained therein.

27    /////
28    /////

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

268573.1

-6-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

**18.**     Answering Paragraph 18 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** expressly denies, generally and specifically, jointly and severally, that its use or claimed rights to use water either has or will materially injure the past, present and future enjoyment of the **CAHUILLA BAND OF INDIANS** in the surface waters and underlying groundwaters of the Santa Margarita River System, and has been, is or will continue to interfere with the **CAHUILLA BAND OF INDIANS'** alleged senior, federally-protected rights to the Santa Margarita River System and underlying groundwater.   Further answering said Paragraph 18, except as otherwise expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

**19.**     Answering Paragraph 19 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** denies, generally and specifically, jointly and severally, that it has or will harm the claimed rights and interests of the **CAHUILLA BAND OF INDIANS'** alleged federally-protected water rights; and that it has ever unlawfully interfered with the **CAHUILLA BAND OF INDIANS** and its members.  Further answering said Paragraph 19, except as otherwise expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

**20.**     Answering Paragraph 20 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** denies, generally and specifically, jointly and severally, that it has or will injure the **CAHUILLA BAND OF INDIANS** and its members.   Further answering said Paragraph 20, except as otherwise expressly admitted or denied, the **RIVERSIDE**

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

LAND CONSERVANCY lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

## IV.  THE CAHUILLA TRIBE'S FEDERALLY RESERVED RIGHTS

### Interlocutory Judgment 41

21.    Answering Paragraph 21 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits each and every allegation contained therein.

22.    Answering Paragraph 22 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits that such a finding was made by the Court in *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 concerning the Rights to the use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in connection with the Ramona, Cahuilla and Pechanga Indian Reservations* ("*Interlocutory Judgment No. 41*") and on that basis, and that basis alone, admits each and every allegation contained therein.

23.    Answering Paragraph 23 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits that such a finding was made by the Court in Interlocutory Judgment No. 41 and on that basis, and that basis alone, admits each and every allegation contained therein.

24.    Answering Paragraph 24 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits that such a finding was made by the Court in Interlocutory Judgment No. 41 and on that basis, and that basis alone, admits each and every allegation contained therein.

25.    Answering Paragraph 25 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

268573.1

admits that such a finding was made by the Court in Interlocutory Judgment No. No. 41 and on that basis, and that basis alone, admits each and every allegation contained therein.

26.     Answering Paragraph 26 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits that such a finding was made by the Court in Interlocutory Judgment No. 41 and on that basis, and that basis alone, admits each and every allegation contained therein.

27.     Answering Paragraph 27 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis denies generally and specifically, jointly and severally, each and every allegation contained therein.

28.     Answering Paragraph 28 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** admits the allegations of the second sentence, commencing with the first word "the" on line 20 of page 6 through the word "supply" on line 21½ of page 6.  Further answering said Paragraph 28, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis denies generally and specifically, jointly and severally, each and every other allegation contained therein.

29.     Answering Paragraph 29 of the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** expressly denies, generally and specifically, jointly and severally, that its use or claimed rights to use water either has or will materially adversely affect the ability of the **CAHUILLA BAND OF INDIANS** and its members to exercise their alleged senior, federal reserved water rights, either now or in the future.  Further answering said Paragraph 29, except as expressly herein admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1 truth of the remaining allegations in said Paragraph 29, and on that basis denies generally

2 and specifically, jointly and severally, each and every other allegation contained therein.

3   **30.**   Answering Paragraph 30 of the **CAHUILLA BAND OF INDIANS'** First

4 Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

5 expressly denies, generally and specifically, jointly and severally, that its use is

6 increasing or that it has or will further threaten the **CAHUILLA BAND OF INDIANS'**

7 ability to achieve economic self sufficiency either now or in the future.   Further

8 answering said Paragraph 30, except as expressly herein admitted or denied, the

9 **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or information to

10 form a belief as to the truth of the remaining allegations in said Paragraph 30, and on that

11 basis denies generally and specifically, jointly and severally, each and every other

12 allegation contained therein.

13

14                                    <u>**CLAIM FOR RELIEF**</u>

15   **31.**   Answering Paragraph 31 of the **CAHUILLA BAND OF INDIANS'** First

16 Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

17 realleges and reincorporates its statement of ownership, and its answers and allegations to

18 Paragraphs 1 through 30, inclusive.

19   **32.**   Answering Paragraph 32 of the **CAHUILLA BAND OF INDIANS'** First

20 Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

21 admits that, at Paragraphs 13 through 26 of the Interlocutory Judgment No. 41, the Court

22 made certain therein set forth findings of fact regarding the "Cahuilla Indian Reservation"

23 and the surface waters upon and groundwaters underlying the Cahuilla Indian

24 Reservation; and that at Paragraphs 3 through 6, and 9 through 17 of the Interlocutory

25 Judgment, the Court entered judgment as to the therein addressed issues and reserved

26 jurisdiction. Further answering said Paragraph 32, except as expressly herein admitted or

27 denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient knowledge or

28 information to form a belief as to the truth of the remaining allegations in said

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

-10-

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1  Paragraph 32, and on that basis denies generally and specifically, jointly and severally,

2  each and every other allegation contained therein.

3      **33.**    Answering Paragraph 33 of the **CAHUILLA BAND OF INDIANS'** First

4  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY** lacks

5  sufficient knowledge or information to form a belief as to the truth of the allegations in

6  said Paragraph, and on that basis denies generally and specifically, jointly and severally,

7  each and every allegation contained therein.

8      **34.**    Answering Paragraph 34 of the **CAHUILLA BAND OF INDIANS'** First

9  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

10  admits each and every allegation contained therein.

11      **35.**    Answering Paragraph 35 of the **CAHUILLA BAND OF INDIANS'** First

12  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

13  expressly denies, generally and specifically, jointly and severally, that its use or claimed

14  rights to use water either has or will materially infringe on the ability of the **CAHUILLA**

15  **BAND OF INDIANS** to use their alleged senior, federal reserved water rights, either

16  now or in the future.  Further answering said Paragraph 35, except as expressly herein

17  admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient

18  knowledge or information to form a belief as to the truth of the remaining allegations in

19  said Paragraph 35, and on that basis denies generally and specifically, jointly and

20  severally, each and every other allegation contained therein.

21      **36.**    Answering Paragraph 36 of the **CAHUILLA BAND OF INDIANS'** First

22  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**

23  denies, generally and specifically, jointly and severally, that the priority dates of its

24  claimed rights are junior to the **CAHUILLA BAND OF INDIANS'** alleged federally-

25  protected water rights.  Further answering said Paragraph 36, except as otherwise

26  expressly admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks

27  sufficient knowledge or information to form a belief as to the truth of the remaining

28  allegations in said Paragraph, and on that basis denies generally and specifically, jointly

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1   and severally, each and every other allegation contained therein.

2       **37.**    Answering Paragraph 37 of the **CAHUILLA BAND OF INDIANS'** First
3   Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**
4   expressly denies, generally and specifically, jointly and severally, that it withdraws
5   groundwater from under the Cahuilla Reservation; or that such withdrawal, if it did ever
6   occur, would materially cause irreparable harm to the **CAHUILLA BAND OF**
7   **INDIANS** and its members.  Further answering said Paragraph 37, except as expressly
8   herein admitted or denied, the **RIVERSIDE LAND CONSERVANCY** lacks sufficient
9   knowledge or information to form a belief as to the truth of the remaining allegations in
10  said Paragraph 37, and on that basis denies generally and specifically, jointly and
11  severally, each and every other allegation contained therein.

12      **38.**    Answering Paragraph 38 of the **CAHUILLA BAND OF INDIANS'** First
13  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**
14  expressly denies, generally and specifically, jointly and severally, that it has illegally
15  used or impaired the **CAHUILLA BAND OF INDIANS** alleged senior, federal reserved
16  water rights to the surface waters and underlying groundwater of the Cahuilla
17  Reservation.    Further answering said Paragraph 38, the **RIVERSIDE LAND**
18  **CONSERVANCY** lacks sufficient knowledge or information to form a belief as to the
19  truth of the allegations in said Paragraph 38, and on that basis denies generally and
20  specifically, jointly and severally, each and every other allegation contained therein.

21      **39.**    Answering Paragraph 39 of the **CAHUILLA BAND OF INDIANS'** First
22  Amended Complaint in Intervention, the **RIVERSIDE LAND CONSERVANCY**
23  expressly denies, generally and specifically, jointly and severally, that it has illegally
24  impaired the **CAHUILLA BAND OF INDIANS** alleged senior, federal reserved water
25  rights to the surface waters and underlying groundwater of the Cahuilla Reservation.
26  Further answering said Paragraph 39, the **RIVERSIDE LAND CONSERVANCY** lacks
27  sufficient knowledge or information to form a belief as to the truth of the allegations in
28  said Paragraph 39, and on that basis denies generally and specifically, jointly and

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1  severally, each and every other allegation contained therein.

2

3  ## AFFIRMATIVE DEFENSES

4  As and for affirmative defenses to the Claim for Relief set forth against it in the

5  **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention on file in

6  the instant action, the **RIVERSIDE LAND CONSERVANCY** affirmatively alleges as

7  follows:

8

9  ## FIRST AFFIRMATIVE DEFENSE

10  (Failure to State Claim)

11  **A.D. 1.**   As and for a first separate and affirmative defense to the Claim for

12  Relief, the **RIVERSIDE LAND CONSERVANCY** affirmatively alleges that the

13  **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention fails to

14  state a claim against it upon which the Court can grant the relief sought as against the

15  **RIVERSIDE LAND CONSERVANCY**.

16

17  ## SECOND AFFIRMATIVE DEFENSE

18  (Estoppel)

19  **A.D. 2.**   As and for a second separate and affirmative defense to the Claim for

20  Relief, the **RIVERSIDE LAND CONSERVANCY** is informed and believes, and on

21  that basis alleges, that the **CAHUILLA BAND OF INDIANS** is estopped from asserting

22  a claim against it by reason of the facts that, there are a number of groundwater basins

23  and sub-basins situated in the upper Santa Margarita River System watershed, that the

24  **RIVERSIDE LAND CONSERVANCY** Properties is in a portion of the upper Santa

25  Margarita River System watershed that is not a source of supply to the **CAHUILLA**

26  **BAND OF INDIANS** Reservation, and that the production and use of water on the

27  **RIVERSIDE LAND CONSERVANCY** Properties does not have a material adverse

28  effect on the water supply to the **CAHUILLA BAND OF INDIANS** Reservation.

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE, SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

-13-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

268573.1

## THIRD AFFIRMATIVE DEFENSE

(Reasonable and Beneficial Use)

A.D. 3.   As and for a third separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that the **CAHUILLA BAND OF INDIANS'** use of water, both presently and in the future, is limited by the reasonable and beneficial use limitations set forth in Article X, Section 2 of the *California Constitution* and *Water Code* § 100.

## FOURTH AFFIRMATIVE DEFENSE

(Riparian Rights)

A.D. 4.   As and for a fourth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that it has or may have riparian rights to surface waters flowing upon or adjacent to, or in the known and defined channels of underground streams from time to time flowing through the **RIVERSIDE LAND CONSERVANCY** Properties; and that, to the extent that it takes or claims the right to take water from such sources, the **CAHUILLA BAND OF INDIANS'** claims are barred as against the **RIVERSIDE LAND CONSERVANCY**.

## FIFTH AFFIRMATIVE DEFENSE

(Appropriative Rights)

A.D. 5.   As and for a fifth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** claims the appropriative rights to produce water from the basins and sub-basins over which the **RIVERSIDE LAND CONSERVANCY** Properties and water production facilities are situated; and, to the extent that the basins and sub-basins over which the **CAHUILLA BAND OF INDIANS' Reservation** and water production facilities are situated are separate and independent from the basins and sub-basins over which the **RIVERSIDE LAND CONSERVANCY** Properties and water production facilities are situated, the **RIVERSIDE LAND**

Gresham Savage
Nolan & Tilden
A Professional Corporation
3750 University Ave., Suite 250
Riverside, CA 92501-3335
(951) 684-2171

268573.1

-14-

1 CONSERVANCY alleges that the **CAHUILLA BAND OF INDIANS** is barred from

2 the relief sought against the **RIVERSIDE LAND CONSERVANCY**.

3

4 <u>**SIXTH AFFIRMATIVE DEFENSE**</u>

5 (Waiver)

6     **A.D. 6.**   As and for a sixth separate and affirmative defense to the Claim for

7 Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that, even if the facts alleged

8 in the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention are

9 true, and the **RIVERSIDE LAND CONSERVANCY** denies the same, the **CAHUILLA**

10 **BAND OF INDIANS** has engaged in conduct and activities that it knew or should have

11 known that the **RIVERSIDE LAND CONSERVANCY** would, in fact, rely on to its

12 prejudice and detriment, sufficient to constitute a waiver of any claims and demands

13 against the **RIVERSIDE LAND CONSERVANCY**; and, accordingly, the **CAHUILLA**

14 **BAND OF INDIANS** is barred from the relief sought against the **RIVERSIDE LAND**

15 **CONSERVANCY**.

16

17 <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

18 (Failure to Mitigate Damages)

19     **A.D. 7.**   As and for a seventh separate and affirmative defense to the Claim for

20 Relief, the **RIVERSIDE LAND CONSERVANCY** is informed and believes and on that

21 basis alleges that the **CAHUILLA BAND OF INDIANS** failed to take reasonable,

22 prudent, and necessary steps to diminish, control and/or mitigate the damages allegedly

23 suffered by the **CAHUILLA BAND OF INDIANS**, if any.

24 /////

25 /////

26 /////

27 /////

28 /////

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573 1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

**A.D. 8.**    As and for an eighth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** is informed and believes and on that basis alleges that the **CAHUILLA BAND OF INDIANS'** ability to obtain relief as prayed in the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention is or may be limited by reason of the **CAHUILLA BAND OF INDIANS'** failure to do equity in the matters alleged in the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention.

## NINTH AFFIRMATIVE DEFENSE

(Comparative Fault)

**A.D. 9.**    As and for a ninth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** is informed and believes and on that basis alleges that the **CAHUILLA BAND OF INDIANS** failed to exercise ordinary care, caution and prudence in connection with its water production and the use of water by its members; and that the **CAHUILLA BAND OF INDIANS'** lack of care, caution and prudence was independent of and unrelated to the actions, if any, of the **RIVERSIDE LAND CONSERVANCY**; and to that extent, the **CAHUILLA BAND OF INDIANS'** production and uses are unreasonable and non-beneficial, and the **CAHUILLA BAND OF INDIANS'** remedies and recovery, if any, should be proportionately reduced.

## TENTH AFFIRMATIVE DEFENSE

(Doctrine of Laches)

**A.D. 10.**    As and for an tenth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that the **CAHUILLA BAND OF INDIANS'** claims are barred by the Doctrine of Laches.

/////

-16-

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excuse)

**A.D. 11.**   As and for an eleventh separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that any purported misconduct on its part, which is denied but alleged herein solely for the purpose of asserting this affirmative defense, has been excused by some or all of the **CAHUILLA BAND OF INDIANS'** own misconduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

**A.D. 12.**   As and for a twelfth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** allege that its productions and use of water is and has been justified.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

**A.D. 13.**   As and for a thirteenth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges a good faith belief that it had the rights to produce and use water it has produced and used.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Good Faith)

**A.D. 14.**   As and for a fourteenth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that the **CAHUILLA BAND OF INDIANS** is failing to act in good faith and to deal fairly with the **RIVERSIDE LAND CONSERVANCY** in regards to this claim and on that basis, the **CAHUILLA BAND OF INDIANS** is precluded from obtaining the relief sought in the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention.

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

-17-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

## FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

**A.D. 15.**  As and for a fifteenth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** alleges that the **CAHUILLA BAND OF INDIANS'** claims are barred by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

**A.D. 16.**  As and for a sixteenth separate and affirmative defense to the Claim for Relief, the **RIVERSIDE LAND CONSERVANCY** is informed and believes and on that basis alleges that it may have additional affirmative defenses available of which the **RIVERSIDE LAND CONSERVANCY** is not fully aware at the present time.  The **RIVERSIDE LAND CONSERVANCY** reserves the right to assert additional affirmative defenses after the same have been ascertained.

**WHEREFORE, the RIVERSIDE LAND CONSERVANCY prays as follows:**

1.   That the **CAHUILLA BAND OF INDIANS** take nothing by the **CAHUILLA BAND OF INDIANS'** First Amended Complaint in Intervention and that it be dismissed as against the **RIVERSIDE LAND CONSERVANCY**;

2.   That the **RIVERSIDE LAND CONSERVANCY** not be enjoined from withdrawing surface and underground water from the **RIVERSIDE LAND CONSERVANCY** Properties, or any other properties that the **RIVERSIDE LAND CONSERVANCY** may hereafter own or to which it may have rights of use;

/////
/////
/////
/////
/////

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

268573.1

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

3.    For attorneys' fees as authorized by law;

4.    For costs of suit herein incurred; and

5.    For such other and further relief as the Court deems just and proper.

Dated: May _27_, 2008.

GRESHAM SAVAGE NOLAN & TILDEN,
A Professional Corporation

By:_____
Michael Duane Davis
Attorneys for Defendant,
the **RIVERSIDE LAND CONSERVANCY**
E-mail: Michael.davis@greshamsavage.com

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

-19-

ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE
CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

268573.1

TABLE OF CONTENTS
OF EXHIBITS TO
ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE CAHUILLA
BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION

| EXHIBIT NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Quitclaim Deed | 20 |
| 2 | Grant Deed | 21 |

273085.1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

RE:   *United States of America v. Fallbrook Public Utility District, et al.*
U.S. District Court-Southern District of California Case No. 3:51-CV-01247-
GT-RBB  [No. 1247-SD-C]

I am employed in the County of Riverside, State of California.  I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 250, Riverside, CA 92501-3335.

On May 27, 2008, I served a true copy of the within document described as **ANSWER OF THE RIVERSIDE LAND CONSERVANCY TO THE CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION** on the interested parties in this action in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

( X )   **BY MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service with postage thereon fully prepaid at Riverside, California, on the same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(   )   **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. §1011.

( X )   **BY CM/ECF** - I served the foregoing documents by filing them electronically, in compliance with the Electronic Case Filing Rules.

( X )   **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 27, 2008, at Riverside, California.

*Teri Gallagher*
TERI D. GALLAGHER

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

-22-

272976.1                                              PROOF OF SERVICE

1

SERVICE LIST

2   RE:   *United States of America v. Fallbrook Public Utility District, et al.*
          U.S. District Court-Southern District of California Case No. 3:51-CV-01247-
3         GT-RBB  [No. 1247-SD-C]

4   Curtis G. Berkey
    Scott W. Williams
5   Alexander, Berkey, Williams & Weathers LLP
    2030 Addison Street, Suite 410
6   Berkeley, CA  94704
    *Attorneys for Plaintiff-Intervenor Ramona Band of Cahuilla*
7
    Susan M. Williams (Pro Hac Vice)
8   Sarah S. Works (Pro Hac Vice)
    Williams & Works, P.A.
9   P.O. Box 1483
    Corrales, NM 87049
10  *Attorneys for Plaintiff-Intervenor Cahuilla Band of Indians*

11  Marco Gonzales
    Coast Law Group LLP
12  169 Saxony Road, Suite 204
    Encinitas, CA 92024
13  *Attorneys for Plaintiff-Intervenor Cahuilla Band of Indians*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRESHAM SAVAGE
NOLAN & TILDEN
A PROFESSIONAL CORPORATION
3750 UNIVERSITY AVE., SUITE 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

-23-

272976.1                          PROOF OF SERVICE