1  BILLY WARD
   P.O. BOX 5878
2  SAN DIEGO, CA. 92165
   (619) 387-6877
3

4  In Pro Per

FILED

2008 MAY 27 PM 1: 38

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____YUW_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE GORDON THOMPSON)

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,  Plaintiffs in Intervention,  FALLBROOK PUBLIC UTILITY DISTRICT, et al.,  Defendants. | Case No. CIV. 51-1247-SD-GT  REQUEST FOR JUDICIAL NOTICE  Date: June 30, 2008  Time: 2:00 p.m.  Room: 8 – Third Floor  Judge: Hon. Gordon Thompson |

Defendant BILLY WARD (WARD) Joins in Defendant JOJOBA HILLS, S.K.P. RESORT, INC. ("JOJOBA"), requests, and requests that the Court take Judicial Notice of all matters contained in JOJOBA's request for Judicial notice, and further respectfully requests that the Court take judicial notice of the documents described below, true and correct copies of which are attached hereto.

Rule 201 of the Federal Rules of Evidence provides that the Court may take judicial notice of a fact "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This includes the Court's own prior judgments and orders (*Greenberg v Cutler-Hammer, Inc.*, 403 F Supp 1231 (E.D. Wis. 1975)), records filed with the Court in a pending action (*Mir v. Little Company of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988)), and publicly recorded deeds *(Hayes*

*v. U.S.*, 461 F.Supp. 1168, 1174 (C.D. Cal. 1978). All of the documents are in this Court's records, filed either in connection with the current proceeding to quantify the Ramona Band of Cahuilla and Cahuilla Band of Indians' water rights in Anza, or in the underlying <u>U.S.A. v. Fallbrook Public Utility District</u> (Case No. 51-1247-SD-GT) case (the "Adjudication"), and/or publicly recorded deeds:

    A.    DEED OF TRUST AND ASSIGNMENT OF RENTS RECEIVED STAMPED SEP 29, 1987;

    B.    ASSESSORS MAP FOR PARCEL APN 581-240-023

Executed: May 24, 2008

Respectfully submitted,

*/s/ Billy Ward*
BILLY WARD

EXHIBIT _A_, pg.____of____

**EXHIBIT A**

```
                                                    RECEIVED FOR RECORD
        NAME     AND WHEN RECORDED MAIL TO          AT 8:30 O'CLOCK A.M.
        ADDRESS  PATRICK E. NISSEN                  At Request of          SEP 29 1987
        CITY &   3885 Hwy 93 North                  FIRST AMERICAN TITLE COMPANY
        STATE                                       OF RIVERSIDE           Recorded in Official Records
        ZIP      White Fish, MT  59937                                     of Riverside County, California
                                                                           [signature] RECORDER
                                                                           Fees $                    5

Title Order No.           Escrow No. 8850           SPACE ABOVE THIS LINE FOR RECORDER'S USE
```

## DEED OF TRUST AND ASSIGNMENT OF RENTS

BY THIS DEED OF TRUST, made this 24th day of August, 1987, between

BILLY R. WARD and TUSLA M. WARD,
husband and wife as joint tenants

, herein called **Trustor**, whose address is

P.O. BOX 5878  San Diego, CA., 92105

and CHAPARRAL SERVICE CORPORATION, a California corporation, herein called **Trustee**, and

PATRICK E. NISSEN, a single man

, herein called **Beneficiary**,

Trustor grants, transfers, and assigns to trustee, in trust, with power of sale, that property in the unincorporated area of Riverside County, California, described as:

THE NORTHWEST ONE QUARTER OF LOT 3 AS SHOWN BY PARCEL MAP RECORDED JANUARY 19, 1970 IN BOOK 2 PAGE 25 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

Trustor also assigns to Beneficiary all rents, issues and profits of said realty reserving the right to collect and use the same except during continuance of default hereunder and during continuance of such default authorizing Beneficiary to collect and enforce the same by any lawful means in the name of any party hereto.

For the purpose of securing:
(1) Payment of the indebtedness by one promissory note in the principal sum of $ 17,150.00 of even date herewith, payable to Beneficiary, and any extensions or renewals thereof; (2) the payment of any money that may be advanced by the Beneficiary to Trustor, or his successors, with interest thereon, evidenced by additional notes (indicating they are so secured) or by endorsement on the original note, executed by Trustor or his successor; (3) performance of each agreement of Trustor incorporated by reference or contained herein.

On October 25, 1973, identical fictitious Deeds of Trust were recorded in the offices of the County Recorders of the Counties of the State of California, the first page thereof appearing in the book and at the page of the records of the respective County Recorder as follows:

| COUNTY | Book | Page | COUNTY | Book | Page | COUNTY | Book | Page | COUNTY | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 3540 | 89 | Kings | 1018 | 394 | Placer | 1528 | 440 | Siskiyou | 697 | 407 |
| Alpine | 18 | 753 | Lake | 743 | 552 | Plumas | 227 | 443 | Solano | 1860 | 581 |
| Amador | 250 | 243 | Lassen | 271 | 367 | Riverside | 1973 | 139405 | Sonoma | 2810 | 975 |
| Butte | 1870 | 678 | Los Angeles | T8512 | 751 | Sacramento | 731025 | 59 | Stanislaus | 2587 | 332 |
| Calaveras | 368 | 92 | Madera | 1176 | 234 | San Benito | 386 | 94 | Sutter | 817 | 182 |
| Colusa | 409 | 347 | Marin | 2736 | 463 | San Bernardino | 8294 | 1877 | Tehama | 630 | 522 |
| Contra Costa | 7077 | 178 | Mariposa | 143 | 717 | San Francisco | B820 | 585 | Trinity | 161 | 393 |
| Del Norte | 174 | 526 | Mendocino | 942 | 242 | San Joaquin | 3813 | 6 | Tulare | 3137 | 567 |
| El Dorado | 1229 | 594 | Merced | 1940 | 381 | San Luis Obispo | 1750 | 491 | Tuolumne | 396 | 309 |
| Fresno | 6227 | 411 | Modoc | 225 | 668 | San Mateo | 6491 | 600 | Ventura | 4182 | 662 |
| Glenn | 565 | 290 | Mono | 160 | 215 | Santa Barbara | 2486 | 1244 | Yolo | 1081 | 335 |
| Humboldt | 1213 | 31 | Monterey | 877 | 243 | Santa Clara | 0623 | 713 | Yuba | 564 | 163 |
| Imperial | 1355 | 801 | Napa | 922 | 96 | Santa Cruz | 2358 | 744 | | File No. | |
| Inyo | 205 | 660 | Nevada | 865 | 303 | Shasta | 1195 | 293 | San Diego | 299568 | |
| Kern | 4809 | 2351 | Orange | 10961 | 398 | Sierra | 59 | 439 | | | |

The provisions contained in Section A, including paragraphs 1 through 5, and the provisions contained in Section B, including paragraphs 1 through 9 of said

The undersigned Trustor Requests that a copy of any notice of default and any notice of sale hereunder be mailed to Trustor at the address hereinabove set forth, being the address designated for the purpose of receiving such notice.

STATE OF CALIFORNIA,
COUNTY OF San Diego

On September 24, 1987, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Billy R. Ward and Tusla M. Ward, known to me to be the persons whose names subscribed to the within instrument and acknowledged that they executed the same.

[signature] Sandra J. Dixson
NOTARY SIGNATURE

/s/ Billy R. Ward
BILLY R. WARD

/s/ Tusla M. Ward
TUSLA M. WARD

FOR NOTARY SEAL OR STAMP
OFFICIAL SEAL
SANDRA J. DIXSON
NOTARY PUBLIC CALIFORNIA
PRINCIPAL OFFICE IN
SAN DIEGO COUNTY
My Commission Expires April 23, 1990

# DEED OF TRUST

CHAPARRAL
SERVICE
CORPORATION

P.O. Box 457
Temecula, California
92390

---

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid

To: CHAPARRAL SERVICE CORPORATION, Trustee.        Dated _Oct 6 1992_

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by said Deed of Trust have been paid, and you are requested, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_Mr. Niles Tully R. JMO_
_P.O. Box 5878_
_San Diego, CA_
_64105_

By _[signature] Robert E. Noon_

By _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

---

use of or injury to said property or any part thereof, is hereby assigned to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as provided for disposition of proceeds of fire or other insurance.

(2) By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map thereof; join in granting any easement thereon; or join in any agreement extending or subordinating the lien or charge hereof.

(4) Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause said property to be sold, which notice Trustee shall cause to be duly filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

Trustee shall give notice of sale as then required by law, and without demand on Trustor, at least three months having elapsed after recordation of such notice of default, shall sell said property at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.

Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters of facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at seven per cent per annum; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(6) This Deed applies to, inures to the benefit of, and binds all parties hereto, their legal representatives and successors in interest. The term Beneficiary shall include any future owner and holder, including pledgees, of the note secured hereby. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(7) Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(8) The Trusts created hereby are irrevocable by Trustor.

(9) Beneficiary may substitute a successor Trustee from time to time by recording in the Office of the Recorder or Recorders of the county where the property is located an instrument which instrument shall identify the Deed of Trust by recording reference, and by the name of the original Trustor, Trustee and Beneficiary, and shall set forth the name and address of the new Trustee, and which instrument shall be signed by the Beneficiary and duly acknowledged.

make such substitution.

EXHIBIT $B$, pg._____of_____

EXHIBIT $B$, pg._____of_____

**EXHIBIT B**

EXHIBIT $B$, pg._____of_____

EXHIBIT _B_, pg. _____ of _____

EXHIBIT _B_, pg. _____ of _____

[Parcel map: 581-24, POR. N.E. 1/4 SEC. 3, T.8S. R.1E. NW 1/4 of Lot 3 PM Recorded 1/9/1970 Bk 2 Pg 25 of Riverside. A.P.N. 581-240-023. P.M. 2/25, P.M. 71/63-64 Parcel Map 12290, P.M. 111/85  18582. MAY 1975.]