BILL KUENZINGER – SB#159168
SCOTT L. HARPER - SB#155855
BROWN, HALL, SHORE & McKINLEY, L.L.P.
3031 W. March Lane, Suite 230 W
Stockton, California 95219
Telephone: (209) 477-8171
Facsimile: (209) 477-2549

Attorneys for Defendant In Intervention
MCMX, LLC, a California Limited
Liability Company

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FALLBROOK PUBLIC UTILITY DISTRICT, et al., <br><br> Defendants. | Case No. 1247-SD-C <br><br> **DEFENDANT IN INTERVENTION MCMX, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY'S ANSWER TO RAMONA BAND OF CAHUILLA'S FIRST AMENDED COMPLAINT IN INTERVENTION** |

COMES NOW MCMX, LLC, a California Limited Liability Company, a defendant in intervention and in response to the First Amended Complaint in Intervention of the RAMONA BAND OF CAHUILLA on file herein admits, denies, and alleges as follows:

1. As to paragraph 1, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

2. As to paragraph 2, of the First Amended Complaint In Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

{00063186}  - 1 -

Case No. 1247-SD-C

3. As to paragraph 3, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

4. As to paragraph 4, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

5. As to paragraph 5, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety

6. As to paragraph 6, of the First Amended Complaint in Intervention, defendant in intervention admits that venue is proper.

7. As to paragraph 7, of the First Amended Complaint in Intervention, defendant in intervention admits that venue is proper.

8. As to paragraph 8, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

9. As to paragraph 9, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

10. As to paragraph 10, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety

11. As to paragraph 11, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

12 As to paragraph 12, of the First Amended Complaint in Intervention, defendant in intervention lacks sufficient information upon which to admit or deny the allegations contained therein and therefore, on that basis, denies said allegations in their entirety.

1    13.    As to paragraph 13, of the First Amended Complaint in Intervention, defendant in intervention
2    lacks sufficient information upon which to admit or deny the allegations contained therein and
3    therefore, on that basis, denies said allegations in their entirety.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), defendant in intervention sets forth the following matters constituting an avoidance or affirmative defense:

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint In Intervention herein, and to each cause of action set forth therein, this answering defendant in intervention alleges that the therein First Amended Complaint In Intervention, and each cause of action, fails to state facts sufficient to constitute a claim for relief against this answering defendant in intervention.

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint In Intervention, and to each cause of action set forth therein, this answering defendant in intervention alleges that plaintiff-intervenor's failed to exercise reasonable care and diligence to mitigate their damages, if any there were.

As a separate and distinct affirmative defense, to plaintiff-interenor's First Amended Complaint in Intervention, and each and every cause of action set forth therein, defendant in intervention alleges that plaintiff-intervenor has failed to state its claims with sufficient particularity so as to allow this answering defendant in intervention to raise all appropriate defenses, thus defendant in intervention reserves the right to add defenses as the factual basis for plaintiff-intervenor's claims become known.

As a separate and distinct affirmative defense, to plaintiff-intervenor's First Amended Complaint in Intervention, and each and every cause of action set forth therein, defendant in intervention alleges that the proposed allocation and declaration of rights sought by plaintiff-intervenor would result in the taking of a disproportionate share of water to the detriment of defendant in intervention and, as a result, would not be of reasonable beneficial use.

Defendant in intervention hereby alleges the following affirmative defenses, including but not limited to those set forth in Federal Rule of Court Civil Procedure 8(c), so as not to waive them: assumption of risk, release, set off, waiver, unclean hands and res judicata.

{00063186}                                - 3 -

Case No. 1247-SD-C

### MITIGATION OF DAMAGES

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint in Intervention, and to each cause of action set forth therein, this answering defendant in intervention alleges that plaintiff-intervenor failed to exercise reasonable care and diligence to mitigate its damages, if any there were.

### ATTORNEY'S FEES

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint in Intervention, and to each cause of action set forth therein, this answering defendant in intervention alleges that there is no judicial or legislative authority for awarding attorney's fees to plaintiff-intervenor on any of its causes of action.

### LACHES

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint in Intervention, and to each cause of action set forth therein, this answering defendant in intervention alleges that plaintiff-intervenor has delayed an unreasonable period of time in bringing this action, which delay has been prejudicial to defendant in intervention, and plaintiff-intervenor is thus guilty of laches so as to bar or reduce recovery herein.

### WAIVER

As a separate and distinct affirmative defense to plaintiff-intervenor's First Amended Complaint in Intervention, and to each cause of action set forth therein, this answering defendant in intervention alleges that plaintiff-intervenor is barred from any recovery by reason of its conduct constituting a waiver of each such alleged cause of action.

### RES JUDICATA/COLLATERAL ESTOPPEL/EQUITABLE ESTOPPEL

As a separate and distinct affirmative defense, the First Amended Complaint in Intervention and each cause of action thereof are barred by the doctrines of res judicata and/or collateral estoppel and/or equitable estoppel.

WHEREFORE, this answering defendant in intervention prays that plaintiff-intervenor take nothing and that this answering defendant in intervention be dismissed hence with costs of suit incurred herein and for such other and further relief as the court deems fit and proper.

{00063186}

- 4 -

Case No. 1247-SD-C

Dated: May 27, 2008

BROWN, HALL, SHORE & McKINLEY

/S/
BILL KUENZINGER
Attorneys for Defendant in Intervention

{00063186}

- 5 -

Case No. 1247-SD-C