| | |
|---|---|
| 1 | JAMES L. MARKMAN (043536) |
|   | B. TILDEN KIM (198326) |
| 2 | ERIN L. POWERS (245148) |
|   | RICHARDS, WATSON & GERSHON |
| 3 | A Professional Corporation |
|   | 355 South Grand Avenue, 40th Floor |
| 4 | Los Angeles, CA 90071-3101 |
|   | Telephone: (213) 626-8484 |
| 5 | Facsimile: (213) 626-0078 |

Attorneys for Specially Appearing
Defendant GREGORY V. BURNETT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1247-SD-C |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO MOTION TO TEMPORARILY STAY THE PROCEEDINGS; DECLARATION OF GREGORY V. BURNETT IN SUPPORT THEREOF** |
| vs. | |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, | |
| Plaintiff-Intervenors, | |
| | Date:  June 30, 2008 |
| | Time:  2 p.m. |
| | Courtroom: 8 |
| | Hon. Gordon Thompson, Jr. |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants. | |

Defendant Gregory V. Burnett, specially appearing, hereby submits this memorandum of points and authorities partially opposing the Tribes' joint motion to stay the proceedings.

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................. 2

II. FACTUAL AND PROCEDURAL BACKGROUND ................................. 3

    A. Origins of this Action................................................................................ 3

    B. The Tribes' Complaints In Intervention ............................................. 4

    C. Delay in Service of Complaints and Motion for Temporary Stay ........................................................................................ 5

III. THE COURT SHOULD DENY THE TRIBES' MOTION TO STAY THE PROCEEDINGS ........................................................................ 6

    A. Legal Standard ........................................................................................... 7

    B. A Stay In the Present Action Will Prejudice Defendant and Other Small Landowners ................................................................. 8

    C. The Tribes Have Failed to Establish a Sufficient Case of Hardship or Inequity to Justify a Stay ................................................10

    D. The Orderly Administration of the Present Actions Is Not Served Through a Stay ..........................................................................11

IV. NOTHWITHSTANDING THIS OPPOSITION, BURNETT WILL PARTICIPATE IN A FEDERAL MEDIATION ............................11

V. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Air West, Inc.*,
  542 F.2d 522 (9th Cir. 1976) .................................................................................. 8

*California v. U.S.*,
  235 F.2d 647 (9th Cir. 1956) .................................................................................. 3

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ............................................................................ 7, 11

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) .......................................................................... 7, 10

*Landis v. North American Co.*,
  299 U.S. 248, 57 S.Ct. 163 (1936) .......................................................................... 7

*Laurino v. Syringa General Hospital*,
  279 F.3d 750 (9th Cir. 2002) .................................................................................. 9

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ................................................................................ 11

**STATUTES**

Federal Rules of Civil Procedure
  Rule 4 ..................................................................................................................... 5
  Rule 4(d) ........................................................................................................ 6, 8, 9
  Rule 41(b) .............................................................................................................. 8
  Rule 41(d) .............................................................................................................. 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Despite numerous extensions and a Court-ordered deadline for service of April 30, 2008, the Cahuilla Band of Indians and the Ramona Band of Cahuilla Indians (collectively "the Tribes") have failed to properly serve defendant Gregory V. Burnett ("Burnett") and possibly thousands of other landowners in the above-referenced action. Disregarding the severe prejudice to Burnett and other literally thousands of landowners -- whose title have been clouded by the threat of this action -- the Tribes now seek to further cloud title and perpetuate fear and uncertainty by the requested stay.

By comparison, denial of the stay will not prejudice the Tribes. This case is in the very early stage of proceedings as all the necessary parties have not been served. With no stay in effect, the parties could still participate in mediation. In so doing, the Court would protect the interests of both the Tribes and defendants, allowing defendants to have a forum for defending the Tribes' over-broad claims which are threatening their water use.

Settlement negotiations are no doubt important. And notwithstanding this partial opposition, Burnett and numerous landowners will participate in meaningful settlement negotiations. However, given the Tribes' failure to timely prosecute these actions thus far, and the wave of fear this lawsuit has created throughout Anza and other local communities, the Court should consider denying the Tribes' motion to stay, and instead, dismissing the Tribes' complaints without prejudice *sua sponte*.

Alternatively, at a minimum, the Court should consider ordering the Tribes to explain (1) what investigations they have conducted to determine why literally several thousand individuals are allegedly within the Court's jurisdiction; and (2) what safeguards the Tribes have instituted to ensure that defendants

///

will not be unnecessarily hailed into this Court to defend themselves at the waste of the Court's time and resources, and the litigants' expenses.

In short, settlement negotiations, while welcome, should not be permitted to (1) allow the Tribes' from evading their obligations to abide by court orders, nor (2) hinder defendants' ability to challenge the Tribes' deficient service of process, or challenge their lack of timely prosecution of their claims. A dismissal without prejudice of the Tribes' respective complaints would satisfy both the goals of the Tribes, as well as calm the rampant fear and mistrust the Tribes have created in the Anza and other local communities.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Origins of this Action

This action was originally filed by the United States in 1951 to quiet title to its rights to waters of the Santa Margarita River Watershed for use at the Camp Pendleton, and to enjoin the unlawful interference with those rights. The action eventually grew to encompass the correlative right of everyone interested in the waters of the Santa Margarita River Watershed. ***California v. U.S.***, 235 F.2d 647, 664 (9th Cir. 1956).

In administering the adjudication of these correlative rights, the Court divided its fact-finding and legal conclusions into a number of Interlocutory Judgments, which were ultimately incorporated into the Court's Final Judgment and Decree, entered on May 8, 1963. Each Interlocutory Judgment made findings of fact and conclusions of law regarding the hydrology and water rights associated with particular sub-areas within the adjudication.

On November 8, 1962, the Court entered Interlocutory Judgment No. 41, which addressed the federal reserved water rights appurtenant to the Tribes' Reservation within the Santa Margarita River Watershed. *See* Interlocutory Judgment No. 41. On December 11, 1962, the Court entered Interlocutory

///

1  Judgment No. 33, which addressed the limits to which the Anza Basin was part of
2  the Santa Margarita River Watershed. *See* Interlocutory Judgment No. 33.
3     Under Interlocutory Judgment No. 33, the Court concluded that the Anza
4  Basin contained two separate and distinct aquifers – a "deep aquifer" and a
5  "shallow aquifer." The Court further concluded that only the shallow aquifer
6  (described therein as any waters 100 feet in depth or less) was part of the Santa
7  Margarita River Watershed, and therefore subject to the Court's jurisdiction.
8     Conversely, the Court concluded that the waters contained in the deep
9  aquifer (described therein as both an ancient stream channel and waters deeper
10 than 100 feet in depth) did not contribute to, or support, the Santa Margarita River
11 Watershed, and therefore was not part of the Court's continuing jurisdiction. The
12 Court further ordered that the rights of those landowners overlying the deep aquifer
13 are "forever quieted in them and against the United States of America and all other
14 parties having rights to the use of the waters…"
15    As to the limited portion of the Anza Basin that was deemed to be part of the
16 Santa Margarita River Watershed, the Court concluded in Interlocutory Judgment
17 No. 41 that the United States, as trustee for the Tribes, reserved an amount of
18 surface and groundwater sufficient to meet the present and future needs of the
19 Tribes, when the United States granted the Reservations to the Tribes by Executive
20 Order in 1891 (Ramona) and 1875, 1887, and 1891 (Cahuilla).
21    The Court did not, however, quantify the Tribes' water rights, reserving
22 jurisdiction to do so until circumstances require in the future. By their Complaints
23 in Intervention, the Tribes contend the time for quantification has arrived and they
24 seek to enjoin defendant's water production along with thousands of other small
25 landowners in the Anza Valley.

**B.   The Tribes' Complaints In Intervention**

27 On October 6, 2006 and October 19, 2006, the Cahuilla and Ramona Bands
28 of Cahuilla Indians, respectively, filed motions to intervene in the present action

-4-

under the Court's continuing jurisdiction. The Court granted these motions on January 22, 2007, and the Tribes filed their respective complaints in intervention the same day. The Tribes subsequently filed First Amended Complaints in Intervention (collectively "Complaints") on July 2, 2007 (Ramona) and July 9, 2007 (Cahuilla), seeking to obtain a judicial decree quantifying their reserved water rights and to enjoin the water production of thousands of landowners alleged to interfere with those rights.

Without specification, the Tribes allege that the use of groundwater within the Anza Basin, by several thousand landowners, has caused, and is continuing to cause irreparable injury to the Tribes' ability to exercise their federally reserved rights within the Anza Basin portion of the Santa Margarita River System. Although not individually identified in their complaints, Burnett owns property overlying the deep aquifer of the Anza Basin.

C. **Delay in Service of Complaints and Motion for Temporary Stay**

On April 23, 2007, the Tribes filed a joint motion for special service and notice procedures. *See* Joint Motion for Order on Service and Notification. The Court denied the motion on due process grounds and required the Tribes to perfect service in accordance with Federal Rule of Civil Procedure ("FRCP") 4, on every person that should be bound by the Court's ruling. *See* Order (July 18, 2007).

Despite having reopened this action through the filing of their Complaints, the Tribes had not personally served potential defendants within the Court's jurisdiction. The Tribes then requested several stays of the proceeding to develop a service list with the United States. The Court granted these requests.

On February 1, 2008, the Court granted the Tribes' request for an additional sixty (60) day stay of the proceedings. However, on February 25, 2008, the Court vacated its Stay Order and ordered the Tribes to serve their Complaints on all water right holders subject to the Court's jurisdiction within thirty (30) days. *See* Minute Entry (Feb. 25, 2008); *see also* Transcript of February 25, 2008 status

-5-

1  conference (Exh. C); Declaration of Gregory Burnett ("Burnett Decl."), ¶ 15 . The
2  Court also granted the Tribes until April 30, 2008 to complete service on all
3  interested parties below Vail Lake. *Id.*
4     Relying on FRCP 4(d), the Tribes thereafter mass-mailed a Notice of
5  Lawsuit and Request for Waiver of Service of Summons to numerous landowners
6  throughout the Santa Margarita River Watershed. *See* Burnett Decl., ¶s 4-5, 13-16.
7  The Tribes failed to mail requests for waiver of service, however, to hundreds of
8  landowners overlying the Anza Basin. *See* Burnett Decl.", ¶ 15. Without rhyme or
9  reason this has created a situation where numerous property owners have received
10 requests for waiver of service, but their immediate neighbors have not. *See* Burnett
11 Decl., ¶ 15.
12    Although Burnett received a request for waiver of service of summons from
13 the Tribes, he has not returned the waiver to the Tribes. In part, this is because the
14 request for waiver failed to comply with explicit requirements of FRCP 4(d). *See*
15 Burnett Decl., ¶ 9-11. Moreover, Burnett knows personally of over 1,000
16 landowners overlying the Anza Basin that have similarly received the request for
17 waiver and have not returned the waivers to the Tribes. *See* Burnett Decl., ¶ 11.
18 Thus, as of the date of this opposition, Burnett and all of the landowners known to
19 him in the Anza Valley have **not** been personally served. *See* Burnett Decl., ¶ 8,
20 11.
21    On June 6, 2008, the Tribes filed a joint motion to temporarily stay the
22 proceedings for ninety (90) days. The Tribes allege the proceedings should be
23 stayed in order to allow for the appointment of a Federal Water Negotiating Team.

### III. THE COURT SHOULD DENY THE TRIBES' MOTION TO STAY THE PROCEEDINGS

26 The Tribes' motion to stay is little more than a delay tactic, designed to
27 forego the expense of attempting to personally serve defendants with their
28 complaints. The Tribes' complaints were filed more than one year ago without

service of process having been effected on thousands of then un-named individual landowner defendants. *See* Burnett Decl., ¶s 4-16. In the meantime, these landowners – often single-family owners with domestic wells – are forced to expend attorneys' fees and costs defending themselves against the Tribes' defective claims, even where there is no way under the prior interlocutory judgments that their water use could affect the Tribes' access to water under the Court's jurisdiction. *Id.*

Through their stay motion, the Tribes now seek to (1) further prolong resolution of these issues and (2) avoid their duty to diligently prosecute their complaints in intervention. The Tribes have not made the necessary showing of hardship or inequity to justify a stay in light of the potential and actual prejudice to defendant and other landowners through further delay of these proceedings.

### A.    Legal Standard

District courts possess the inherent power to control their dockets and promote efficient use of judicial resources. ***Dependable Highway Express, Inc. v. Navigators Ins. Co.***, 498 F.3d 1059, 1066 (9th Cir. 2007). The power to stay proceedings is incidental to the inherent power of the courts to control their dockets with economy of time and effort. ***Landis v. North American Co.***, 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936).

In determining whether to grant or refuse a motion to stay proceedings, a court must consider several competing interests including, (1) "possible damage which may result from the stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962) (*citing Landis*, 299 U.S. at 254-55). In the present action, each of the above-referenced interests weighs against a stay; instead, a dismissal without prejudice of the Tribes' complaints in intervention would be more

appropriate.

### B. A Stay In the Present Action Will Prejudice Defendant and Other Small Landowners

The Tribes have unreasonably delayed in effecting service of process, thereby prejudicing Burnett and thousands of other small landowners. Pursuant to FRCP 41(d), the Tribes have a duty to prosecute their complaints with "reasonable diligence." *See* FRCP 41(b) (Court may dismiss an action with prejudice for failure of plaintiff to prosecute or comply with the rules or any order of court); *see also* **Anderson v. Air West, Inc.**, 542 F.2d 522, 524-25 (9th Cir. 1976) (Plaintiff failed to prosecute with "reasonable diligence" where the court found a one-year "[d]elay in serving a complaint [was] a particularly serious failure to prosecute…").

Contrary to the Tribes' representations, the Tribes have not *served* the proper parties as ordered by the Court at the February 25, 2008 status conference. *See* Burnett Decl., ¶s 12-16. The Tribes did little more than mass-mail a Notice of Lawsuit and Request for Waiver of Service of Summons to thousands of landowners, without any discrimination as to whether the recipients were properly subject to the injunctive relief sought by the Tribes, or even subject to the Court's jurisdiction.[1] *See* Burnett Decl., ¶ 13-16.

Pursuant to FRCP 4(d), however, simply mailing a notice and request for waiver of service of summons does not constitute *service*. Service is only effected if the defendant signs and returns the request for waiver for service. Burnett and

---

[1] The notice and request for waiver of service of summons were also deficient inasmuch as they failed to comport with the explicit requirements of FRCP 4(d). For example, Burnett did not receive the Request via First Class Mail. *See* Burnett Decl., ¶ 9. Additionally, the Request improperly stated that landowners were required to sign the waiver on behalf of any co-owners, despite the fact that those co-owners may not have served with the Request. *See* Burnett Decl., ¶ 10.

over 1,000 other landowners did not return the request of waiver of service to the Tribes. *See* Burnett Decl., ¶ 9, 11. Therefore, pursuant to FRCP 4(d) and the Court's February 25, 2008 order, the Tribes were obliged to personally serve these people.

As of the date of this opposition, the Tribes have not undertaken to serve Burnett or any of the other landowners who have not returned the Tribes' improper request for waiver of service of summons. *See* Burnett Decl., ¶ 8-11. As such, the Tribes have failed to prosecute this action with reasonable diligence.

Where, as in the present case, plaintiffs have unreasonably delayed in prosecuting a matter, the law will presume prejudice to the defendant. **Laurino v. Syringa General Hospital,** 279 F.3d 750, 753 (9th Cir. 2002) (A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute.) As a matter of law, therefore, it is presumed that Burnett and other unserved landowners have already suffered prejudice as a result of the Tribes' delay in effecting service. Consequently, any further delay in effecting service caused by a stay of these proceedings would only serve to increase the prejudice to Burnett and thousands of other small landowners.

Moreover, it is simply unjust to allow the Tribes to dangle the threat of continued litigation over the heads of thousands of small landowners without being required to effect service. Forty years ago, this Court determined that only a small portion of the Anza Basin – the "shallow aquifer" – was part of the Santa Margarita River Watershed, and therefore, part of the Court's jurisdiction. *See* Interlocutory Judgment No. 33. Use of the water from the "deep aquifer" of the Anza Basin was specifically determined to not contribute to the Santa Margarita River Watershed and, therefore, to not be part of the Court's jurisdiction. *See* Interlocutory Judgment No. 33.

Despite this, the Tribes' made no effort to limit the scope of their mass-mailing. *See* Burnett Decl., ¶ 13-16. As a result, the Tribes have unnecessarily

-9-

placed an unrecorded cloud on the title of thousands of landowners in the Anza area who are not properly subject to the Court's jurisdiction. *See* Burnett Decl., ¶ 5. Granting the Tribes' motion to stay will only further delay their ability to remove that cloud by challenging the Tribes' actions. Granting a stay will further prejudice landowners who desire to formally challenge the Tribes' defective claims. As such, the Court should deny the Tribes' motion to stay the proceedings, and instead, dismiss their complaints without prejudice.

Alternatively, the Court should consider ordering the Tribes to explain to the Court (1) what investigations they have conducted to determine why literally several thousand individuals are allegedly within the Court's jurisdiction; and (2) what safeguards they have instituted to ensure that defendants will not be unnecessarily hailed into this Court to defend themselves at the waste of this Court's time and resources, and the litigants' expenses.

### C. The Tribes Have Failed to Establish a Sufficient Case of Hardship or Inequity to Justify a Stay

Absent a clear showing by the moving party of "hardship or inequity," a stay is inappropriate if there is even a "fair possibility" that it will work damage to someone else. **Dependable Highway**, 498 F.3d at 1066 (*citing Landis*, 299 U.S. at 255, 57 S.Ct. 163.)

Here, the Tribes make no assertion that a denial of their motion to stay the proceedings will cause hardship or inequity. In fact, the Tribes offer no reason whatsoever as to why the desired settlement negotiations cannot take place concurrent with the prosecution of the Tribes' complaints.

In contrast, as above-described, there is more than a fair possibility that granting the stay will work damage to Burnett and thousands of other small landowners in the Anza area. Accordingly, the Court should deny the Tribes' motion to stay the proceedings.

### D. The Orderly Administration of the Present Actions Is Not Served Through a Stay

Whether a stay will assist in the orderly course of justice is measured in terms of whether it will help to simplify or complicate issues, proof, and questions of law. *CMAX*, 300 F.2d at 268. However, absent a showing of hardship or inequity, case management alone is not a sufficient ground to stay proceedings. See ***Lockyer v. Mirant Corp.***, 398 F.3d 1098, 1111-12 (9th Cir. 2005).

The Tribes allege that a stay will assist them in reaching a negotiated water settlement to resolve their water claims. However, this argument wholly overlooks the fact that the Tribes are seeking a judicial order prioritizing their right to water over thousands and thousands of landowners, as well as injunctive relief against those same parties. As such, it is difficult to imagine how a stay will meaningfully help to simplify the issues in the present action. This is particularly so, given the fact that the Tribes have not properly identified and served all of the parties that would likely need to participate in any such settlement.

Moreover, a stay will only prolong service of process, which is absolutely necessary in order to ever place this case at issue. Accordingly, the Court should deny the Tribes' motion to stay the proceedings, and instead, should consider dismissing the Tribes' complaints *sua sponte*.

### IV. NOTHWITHSTANDING THIS OPPOSITION, BURNETT WILL PARTICIPATE IN A FEDERAL MEDIATION

Notwithstanding the foregoing opposition, Burnett and numerous landowners aligned with Burnett, understand the importance of exploring potential settlement. *See* Burnett Decl., ¶ 2. Counsel for Burnett and other similarly situated landowners are more than willing to participate in any meaningful settlement negotiations conducted by a Federal Water Negotiating Team. It is not apparent, however, why such negotiations necessitate a stay of the proceedings at this time, or whether all necessary parties have been identified. *See* Burnett Decl.,

-11-

1  ¶s 3, 13-16. A dismissal without prejudice of the Tribes' complaint will achieve
2  the same result, while at the same time, temporarily lift the unnecessary cloud
3  hanging over the title of thousands of landowners.

## V. CONCLUSION

For the foregoing reasons, the Court should deny the Tribes' joint motion to stay the proceedings.

DATED: June 12, 2008

JAMES L. MARKMAN
B. TILDEN KIM
ERIN L. POWERS
RICHARDS, WATSON & GERSHON,
A Professional Corporation

By: /s/ James L. Markman
James L. Markman
Attorneys for Specially Appearing
Defendant Gregory V. Burnett

# PROOF OF SERVICE

I, Gabrielle Duran, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand, 40th Floor, Los Angeles, California. On June 13, 2008, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO MOTION TO TEMPORARILY STAY THE PROCEEDINGS; DECLARATION OF GREGORY V. BURNETT IN SUPPORT THEREOF**

[ ]   by causing facsimile transmission of the document(s) listed above from (213) 626-8484 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M. This transmission was reported as complete and without error. A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached. Service by facsimile has been made pursuant to a prior written agreement between the parties.

[ X ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[ ]   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a   agent for delivery, or deposited in a box or other facility regularly maintained by , in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

[ ]   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]   by causing personal delivery by First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026 of the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 13, 2008.

_____
GABRIELLE DURAN

12663-0002\1063654v1.doc

## SERVICE LIST

| | | |
|---|---|---|
| Curtis G. Berkey<br>Scott W. Williams<br>ALEXANDER, BERKEY,<br>WILLIAMS & WEATHERS LLP<br>2030 Addison Street, Ste 410<br>Berkley, CA 94704 | Marco A. Gonzalez<br>Rory A. Wicks<br>169 Saxony Road, Ste 204<br>Coast Law Group, LLP<br>Encinitas, CA 92024 | Peter J. Mort<br>Rodney B. Lewis<br>James Meggesto<br>AKIN GUMP STRAUSS HAUER<br>& FELD LLP<br>2029 Century Park East, Ste 2400<br>Los Angeles, CA 90067-3012 |
| Arthur L. Littleworth<br>James B. Gilpin<br>Matthew L. Green<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101 | Patrick Barry, Esq.<br>Amy S. Tryon<br>Environment and Natural Resources Division<br>U.S. DEPARTMENT OF JUSTICE<br>PO Box 44378<br>Washington, DC 20026-4378 | Donald R. Pongrace<br>AKIN GUMP STRAUSS HAUER<br>& FELD LLP<br>Robert Strauss Building<br>1333 New Hampshire Ave., N.W.<br>Washington, D.C. 20036 |
| Bill Steele<br>U.S. BUREAU OF RECLAMATION<br>27708 Jefferson Ave., #202<br>Temecula, CA 92590 | General Manager<br>Rancho Cal RV Resort OA<br>P.O. Box 214<br>Aguanga, CA 92536 | Anthony J. Pack, General Manager<br>Easter MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |
| Nobuo Komota<br>c/o Richard Woo<br>Soliton Tech<br>2635 N. First Street, Ste 213<br>San Jose, CA 95134 | Agri-Empire, Inc.<br>P.O. Box 490<br>San Jacinto, CA 92383 | Director<br>Riverside Co. Planning<br>4080 Lemon Street, 9th Floor<br>Riverside, CA 92501 |
| SDSU Field Station Programs<br>Attn: Matt Rahn, Reserve Director<br>5500 Campanile Drive<br>San Diego, CA 92182-4614 | General Manager<br>Rainbow MWD<br>3707 Old Highway 395<br>Fallbrook, CA 92028-9327 | Michael Lopez<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596 |
| Jack S. Safely<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 | Temecula Ranchos<br>c/o McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Robert H. James, Esq.<br>SACHSE, JAMES & LOPARDO<br>205 W. Alvarado St., Ste 1<br>Fallbrook, CA 92028 |
| Richard & Christine McMillan<br>Gary & Patricia McMillan<br>McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Darwin Potter<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596 | John Rossi, General Manager<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 |
| General Manager<br>Elsinore Valley MWD<br>P. O. Box 3000<br>Lake Elsinore, CA 92330 | Keith Lewinger, General Manager<br>Fallbrook Public Utility District<br>P.O. Box 2290<br>Fallbrook, CA 92088 | Mike Luker<br>Eastern MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |

2

12663-0002\1063654v1.doc

| | | |
|---|---|---|
| Counsel Western Bases<br>P.O. Box 555231<br>Marine Corps Base – Bldg. 1254<br>Camp Pendleton, CA 92055-5231 | Elena Mafla, Chairman<br>AVMAC<br>43205 Chapman Road<br>Anzs, CA 92539 | Jackie Spanley<br>AVMAC<br>P.O. Box 391312<br>Anza, CA 92539 |
| Alvin Greenwald<br>6010 Wilshire Blvd., Ste 500<br>Los Angeles, CA 90036 | Linda Garcia<br>Riverside Co. Flood Control and<br>Water Conservation District<br>1995 Market Street<br>Riverside, CA 92501 | Brian Brady, General Manager<br>Rancho California WD<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| Michael E. McPherson, Esq.<br>344 Plumosa Avenue<br>Vista, CA 92083 | Manuel Hamilton<br>Joseph Hamilton<br>P.O. Box 391372<br>Anza, CA 92539 | Leslie Cleveland<br>U.S. Bureau of Reclamation<br>27708 Jefferson Avenue, #202<br>Temecula, CA 92590 |
| James Carter<br>P.O. Box 28739<br>Santa Ana, CA 92799-8739 | Assistant Chief of Staff<br>Environmental Security<br>Box 555008<br>Marine Corps Base<br>Camp Pendleton, CA 92055-5008 | Pamela Williams<br>Office of the Solicitor<br>U.S. Department of the Interior<br>Division of Indian Affairs<br>1849 C Street, NW, Room 6456<br>Washington, D.C. 20240 |
| Susan M. Williams<br>Sarah S. Works<br>Williams & Works, P.A.<br>P.O. Box 1483<br>Corrales, NM 87048 | Larry Minor<br>P.O. Box 398<br>San Jacinto, CA 92581 | Bob Lemons<br>Rancho California Water District<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| David Glazer, Esq.<br>Environmental and Natural<br>Resources Division<br>Natural Resources Section<br>U.S. Department of Justice<br>301 Howard Street, Suite 1050<br>San Francisco, CA 94133 | Western Land Financial<br>and Pacific Holt Corp<br>23 Midway Street, Unit B<br>San Francisco, CA 94133 | Assad S. Safadi<br>Natural Resources Consulting<br>Engineers, Inc.<br>131 Lincoln Avenue, Suite 300<br>Fort Collins, CO 80524 |
| Catherine M. Stites, General<br>Counsel<br>Metropolitan Water District of<br>Southern California<br>700 North Alameda Street<br>Los Angeles, CA 90012-2944 | Jeffry F. Ferre<br>Jill N. Willis<br>Best Best & Krieger LLP<br>3750 University Avenue<br>P.O. Box 1028<br>Riverside, CA 92502 | Don Forsyth<br>Metropolitan Water District<br>33752 Newport Road<br>Winchester, CA 92596 |
| Anza Mutual Water Company<br>P.O. Box 390117<br>Anza, CA 92539-0117 | Chairperson<br>Cahuilla Band of Indians<br>P.O. Box 391760<br>Anza, CA 92539 | Michael Gheleta<br>United States Department of Justice<br>Environmental and Natural<br>Resources Division<br>1961 Stout Street, Floor 8<br>Denver, CO 80294-1961 |

3

12663-0002\1063654v1.doc

| | | |
|---|---|---|
| Amy Gallaher<br>Metropolitan Water District<br>P.O. Box 54153<br>Los Angeles, CA 90054-0153 | Stephen B. Reich<br>Stetson Engineers, Inc.<br>2171 E. Francisco Blvd., Ste K<br>San Rafael, CA 94901 | Lake Riverside Estates Community Association<br>41610 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Anza Holdings LLC<br>1220 Spinnaker Trail<br>Monument, CO 80132 | Avalon Management Group, Inc.<br>31608 Railroad Canyon Rd.<br>Canyon Lake, CA 92587 | Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 |
| Anna Gale James<br>40274 Curry Court<br>Aguanga, CA 92536 | Assistant Chief of Staff, Facilities<br>Attn: Office of Water Resources<br>Box 555013<br>Camp Pendleton, CA 92055-5013 | James J. Fletcher<br>U.S. Department of the Interior<br>Bureau of Indian Affairs<br>1451 Research Park Drive<br>Riverside, CA 92507-2471 |
| Micahel L. Tidus<br>Michele A. Staples<br>Benjamin T. Benumof<br>Jackson, DeMarcho, Tidus, Petersen & Peckengpaugh<br>2030 Main Street, Ste 1200<br>Irvine, CA 92614 | Mark Shaffer<br>6837 NE New Brooklyn Road<br>Bainbridge Island, CA WA 98110 | Charles W. Binder, Watermaster<br>Santa Margarita River Watershed<br>P.O. Box 631<br>Fallbrook, CA 92088 |
| Dyson Development<br>437 South Highway 101, Ste 217<br>Solana Beach, CA 92075 | Elsa Barton<br>217 No. Palm<br>Hemet, CA 92543 | Anza Acreage, LLC<br>1310 Stratford Court<br>Del Mar, CA 92014 |
| Briar McTaggart<br>642 Merion Way 40E<br>Seal Beach, CA 90740 | Billy Ward<br>P.O. Box 5878<br>San Diego, CA 92165 | Mary E. Lee<br>41085 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Michael J. Machado<br>Pamela M. Machado<br>P.O. Box 391607<br>Anza, CA 92539 | John S. Wilson<br>Peggy Wilson<br>4205 Minorca Cove<br>Del Mar, CA 92014-2932 | Barbara J. Carr Trust<br>Barbara J. Carr, Trustee<br>20571 Bexley Road<br>Jamul, CA 91935-7945 |

4

12663-0002\1063654v1.doc