# DECLARATION OF GREGORY V. BURNETT

# DECLARATION OF GREGORY V. BURNETT

I, Gregory V. Burnett, declare:

1. I am the owner and record titleholder of real property located in the Anza Valley and overlying the Anza Ground Water Basin. I am also on the Litigation Committee for the Anza-Aguanga Citizens For Water Rights (AACWR), an organization of over 2,000 individuals, formed specifically for the coordination of the defense of the Tribes' complaints-in-intervention filed in this action. I have personal knowledge of the matters and facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration, opposing the Tribes' motion to stay proceedings insofar as it purports to represent to the Court that all parties necessary to this lawsuit have now been served with the Tribes' complaint. While I believe there is a need to explore potential settlement, the Court should be apprized of the Tribes' failure to follow past orders, and their failure to timely prosecute their complaints.

3. Specifically, I strongly disagree with the Tribes' statement on page 7 of their Memorandum of Points and Authorities, stating:

> "Now that the proper parties for negotiation have been identified through service of the Complaints . . . ."

Exh. "A," p. 7, lines 1-2.

4. As demonstrated below, the Tribes have not conducted proper investigation identifying individuals who are subject to this Court's limited jurisdiction; instead, the Tribes have conducted a "shotgun" approach, mass mailing their complaints in a legally deficient and haphazard manner.

5. This approach has created significant anxiety to the Anza community for many reasons, including the Tribes' complaints alleging the imposition of an injunction to stop the alleged "illegal" use of groundwater from their own land. The only source of water in the Anza area is groundwater through private wells. Enjoining that water right would

1  obviously have dire consequences. The Tribes' mass-mailing has also unnecessarily
2  placed a cloud on the title of literally thousands of landowners in the Anza area.
3      6. On July 2, 2007, I filed a declaration opposing the Tribes' motion for an Order
4  on Service and Notification of Tribal Water Rights Claim. Attached as Exhibit "B," is a
5  true and correct copy of that declaration (without exhibits). That declaration detailed the
6  reasons why my property was outside the Court's jurisdiction, as the wells on my
7  property were all within the "deep aquifer" as defined in Interlocutory Judgment No. 33.
8      7. I personally attended the February 25, 2008 Status Conference before this
9  Court, where the Honorable Gordon Thompson, Jr. ordered the Tribes as follows:
10     "NOW, I AM ORDERING THEM TO SERVE ALL THE DEFENDANTS
11     WHO HOLD WATER RIGHTS, ALL THE WATER RIGHT HOLDERS
12     SUBJECT TO THE COURT'S JURISDICTION."
13 Exh. "C," pg. 5:1-3 (Emphasis added).
14     8. The Court further ordered the Tribes serve their complaints on appropriate
15 individuals/entities in the Basin within 30 days of the February 25th Status Conference,
16 i.e., March 26, 2008. The Court also gave the Tribes until April 30, 2008 to complete
17 service on all interested parties below Vail Lake. To date I have not been served with
18 any documents by a process server.
19     9. Instead, on April 8, 2008, I received by United States Third Class Mail, a
20 package from the Tribes' counsel including the Request for Waiver of Service of
21 Summons. I have not returned the executed Request for Waiver of Service of Summons
22 because, among other things, it may be legally deficient under FRCP Rule 4(d), and the
23 Tribes have failed to timely serve and prosecute their complaints.
24     10. The Request for Waiver of Service of Summons is also deficient as it is
25 directed at individuals without reference to specific real property. Many residents in
26 Anza own multiple properties in Riverside County, both in and out of the Anza
27 Groundwater Basin. The Request for Waiver of Service of Summons also requires:
28

> "[i]f you own your property with another person or entity, signatures of both are required."

Exh. "D", Notice of Lawsuit, pg. 2:18-19. The Request is deficient because it requires the signature of a co-owner of a certain property, despite that co-owner possibly not having been served with that Request.

11. Because of these defects and the confusion and fear the Request has created in the community, I know of more than 1,000 landowners who have received the Tribes' Request, and similarly elected not to return the executed waiver. To my knowledge, none of these people have been served by a process server to date.

12. Finally, the Tribes have failed to follow the Court's order at the February 25, 2008 Status Conference, requiring the Tribes to only serve those individuals who are within the Court's jurisdiction, when it ordered the Tribes to serve only those defendants who hold water rights and subject to the Court's jurisdiction:

> "THAT MEANS WHAT THE COURT SAYS, NOT WHAT THE ATTORNEYS INTERPRET THE COURT SAYS. IT'S WHAT THE COURT SAYS."

Exh. "C," pg.5, lines 4-6.

13. I have reviewed the Tribes' "List of Parties Served with Notice of Lawsuit And Request For Waiver of Service of Summons." Exh. "D". Exhibit "D" demonstrates that the Tribes did not timely follow this Court's directive to personally serve parties within its jurisdiction by March 26, 2008. Exhibit "D" also lists 2,235 parties who were mail-served a Notice of Lawsuit and Request for Waiver of Service of Summons, including me.

14. However, nothing in that Notice, and nothing in the list of those 2,235 parties demonstrates what investigation the Tribes conducted to ensure that those parties served

were/are within the Court's jurisdiction. For example, why am I listed as a party to this lawsuit when I specially appeared before this court, and submitted a detailed declaration and exhibits demonstrating that my property is outside the Court's jurisdiction in this action? The burden should be on the Tribes to thoroughly investigate who should be the proper parties to this lawsuit. Instead, it is my opinion that the Tribes' mass-mailing was intended to improperly shift that burden, thereby forcing thousands of people to prove why they should not be a party to this lawsuit.

15. Additionally, the lack of investigation and forethought on the part of the Tribes is further illustrated by the fact that hundreds of my neighbors in Anza have not received notice of this suit. These people own properties immediately adjacent to properties owned by the people identified in Exhibit "D," and also overly the Anza Basin. Arbitrarily, however, these people have not received a Notice of Lawsuit and Request for Waiver of Service of Summons.

16. I have lived in the Anza community for 5 years. Also, as one of the founding members of AACWR, and monitoring this lawsuit for more than 1 year, I am intimately familiar with local community members in this area and know the location of their respective properties in relation to the geographic boundaries of the Anza Groundwater Basin with respect to the "shallow acquifer" and "deep acquifer" referenced in Interlocutory Judgment No. 33. I have reviewed the list of parties served in Exhibit "D". The entire list of those 2,235 parties – including myself – are not possibly within the "shallow acquifer," and thus, many parties among the 2,235 parties are not within the Court's jurisdiction, and thus, should not have been mailed the Notice of Lawsuit and Request for Waiver of Service of Summons.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 12th day of June, 2008, in Anza, California.

*Gregory V. Burnett*
Gregory V. Burnett

Declaration Of Gregory V. Burnett