**EXHIBIT A**

1  CURTIS G. BERKEY (SBN 195485)
   SCOTT W. WILLIAMS
2  Alexander, Berkey, Williams & Weathers LLP
   2030 Addison Street, Suite 410
3  Berkley, CA  94704
   Telephone: 510-548-7070
4  Facsimile: 510-548-7080
   E-mail: cberkey@abwwlaw.com
5  E-mail: swilliams@abwwlaw.com

6  *Attorneys for Plaintiff-Intervenor*
   *Ramona Band of Cahuilla Indians*
7

8  MARCO GONZALES (SBN 190832)
   169 Saxony Road, Suite 204
9  Coast Law Group LLP
   Encinitas, CA  92024
10 Telephone: 760-942-8505
   Facsimile 760-942-8515
11
   *Attorney for Cahuilla Band of Indians*[1]
12

13 PETER J. MORT (SBN 102480)
   RODNEY B. LEWIS (*Pro Hac Vice*)
14 JAMES MEGGESTO (*Pro Hac Vice*)
   Akin Gump Strauss Hauer & Feld LLP
15 2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
16 Telephone: 310-229-1000
   Facsimile: 310-229-1001
17 E-mail: rlewis@akingump.com
   E-mail: jmeggesto@akingump.com
18
   *Attorneys for Plaintiff-Intervenor/Defendant*
19 *Pechanga Band of Luiseno Indians*

20
   C. Michael Cowett
21 Best Best & Krieger LLP
   655 West Broadway, 15th Floor
22 San Deigo, CA  92101
   Telephone: 619-525-1336
23 Facsimilie: 619-233-6118

---

24

25  [1] It has come to the attention of the Moving Parties' Counsel that Ms. Susan
26  Williams' and Sarah Work's law licenses in New Mexico were recently suspended by
    the Supreme Court of New Mexico, therefore they are not listed as Counsel for Cahuilla
27  Band of Indians. *See* Attached N.M. S.Ct. Order No. 30,974 (Apr. 28, 2008). Counsel
    for the Moving Parties had not received written confirmation evidencing that their
28  licenses have been reinstated as of the date of this filing.

Joint Motion to Stay Proceedings Pending Settlement Negotiations      Case No. 51-1247-SD-GT
Memorandum and Points of Authorities

Exh. A, pg. 17

Michael.Cowett@bbklaw.com

*Attorney for Rancho California Water District*

PATRICK BARRY (*Pro Hac Vice*)
Department of Justice
P.O. Box 44378
Washington, D.C. 20026-4378
(202) 305-0254

*Attorney for the United States*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, *et al.*,<br><br>Defendants. | Case No. 51-1247-SD-GT<br><br>**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF A JOINT MOTION FOR A TEMPORARY STAY OF PROCEEDINGS PENDING SETTLEMENT NEGOTIATIONS** |

Plaintiff United States, Plaintiff-Intervenors Ramona Band of Cahuilla Indians ("Ramona"), Plaintiff-Intervenor/Defendant Pechanga Band of Luiseno Indians[2] ("Pechanga") and Defendant Rancho California Water District ("RCWD") hereby submit this Joint Memorandum and Points of Authorities in Support of the Joint Motion for a Temporary Stay of Proceedings. As explained below, the United States' recent decision to appoint a Federal Negotiation Team to assist in the negotiation and

---

[2] Pechanga Band of Luiseno Indians is a Plaintiff-Intervenor in this case, however, for purposes of Ramona and Cahuilla's Complaints in Intervention, Pechanga was served as a Defendant.

- 2 -

Joint Motion to Stay Proceedings Pending Settlement Negotiations           Case No. 51-1247-SD-GT
Memorandum and Points of Authority

Exh. A, pg. 18

settlement of the Tribes' water rights claims on an expedited basis significantly increases the possibility for a comprehensive settlement of each of the Tribes' claims and reduces the likelihood that this litigation will need to continue.

I. **Legal Standard**

It is within a district court's discretion to grant or deny such a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir.2005). A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. The Ninth Circuit has restated the considerations appropriate to the decision to grant or not grant a stay pursuant to *Landis*:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer* 398 F.3d at 1110.

II. **Current Circumstances Warrant Granting a Stay to Allow the Parties to Engage in Meaningful Settlement Negotiations.**

Because the United States is a party here and appears on behalf of the Tribes, settlement discussions require the appointment a Federal Water Negotiating Team for the Tribes. *See generally* 55 Fed. Reg. 9223 (Mar. 12, 1990). A Federal Water Negotiating Team is to assist the Tribe in negotiating a water settlement. *Id.* Ultimately, no settlement of Indian water rights can be reached without approval from

1   the Federal Team because only the United States, as trustee and holder of legal title to
2   such water, has the authority to waive claims on behalf of an Indian tribe. *Id.* As a
3   result, without a Federal Team at the table, it is difficult to engage in substantive and
4   meaningful settlement talks. Because of the momentum of the current litigation, in
5   March of 2008, Pechanga formally requested a Federal Negotiation Team to assist it,
6   Ramona and Cahuilla, in resolving their water rights claims.[3] *See* Statement of Material
7   Facts at 4-5. Ramona and Cahuilla also formally requested a Federal Team in 2007. *See*
8   *id.* at 5. On April 14, 2007, Rancho California Water District submitted its own letter to
9   the Secretary of Interior supporting Pechanga's request for a Federal Negotiation Team.
10  *See id.*

11  On April 17, 2008, representatives from Pechanga met with Michael Bogert,
12  Counselor to Secretary of the Interior, in Washington, D.C. to reiterate the importance
13  and need for the Federal Government to appoint a Federal Negotiating Team to assist in
14  negotiating water settlements on behalf of Pechanga and the other two Tribes before
15  parties were forced to expend substantial resources on litigation, including discovery
16  and the hiring of experts. *See id.* On April 29, 2008, Counselor Bogert responded to
17  Pechanga's request and agreed that given the urgency of the current litigation and the

---

[3] As a Plaintiff Intervenor in this case, situated in a similar legal posture as Ramona and Cahuilla (having an adjudicated but unquantified federally reserved water right), Pechanga has considered filing its own Motion to Quantify its rights. However, Pechanga has been working to privately reach agreements with water users surrounding its Reservation and has tried to avoid filing a formal Motion for Quantification in the hopes that it can reach full settlement of its claims outside of active litigation. With the formal requests for quantification filed by Ramona and Cahuilla, Pechanga recognizes the importance of finally resolving all outstanding tribal claims at once. As such, Pechanga engaged in discussions with the United States in support of a Federal Negotiating Team being assigned for all three Tribes. Pechanga is confident that while Ramona and Cahuilla begin to engage in negotiations if this case is stayed (or while Ramona and Cahuilla pursue active litigation if the Court does not grant this Motion), it also can and will reach a full and fair federally approved settlement agreement that it can bring to this Court for consideration and approval.

Case 3:51-cv-01247-JO-SBC   Document 5018-2   Filed 06/13/08   PageID.48701   Page 6 of 9
Case 3:51-cv-01247-GT-RBB   Document 5007-3   Filed 06/06/2008   Page 5 of 8

"opportunity for real progress in settling the Indian water rights claims" at issue in this case, the Department of Interior would appoint a Federal Negotiating Team to assist all three Tribes in reaching settlements. *See id.*

Now that the United States has agreed to appoint a Federal Team, there is an enhanced opportunity for each Tribe to engage in discussions with parties interested in settlement. A Federal Team demonstrates to potential settling parties, the Tribes' commitment to reaching a settlement of their respective water rights claims.. RCWD recognizes the significance of the decision to appoint a Federal Negotiation Team, particularly with respect to its settlement discussions with Pechanga, and for that reason is joining in this Motion.[4]

The Tribes requested a Federal Team because all three are serious about and recognize the benefit of resolving their water rights claims outside of litigation.[5] The legal standard for a stay is satisfied here. Although negotiations could be conducted while the litigation is continuing, a stay promotes the interests of judicial economy. The

---

[4] The parties to this motion recognize that the settlement negotiations for each Tribe will take place on separate tracks and at different speeds. It is quite possible that one or more of the Tribes may reach settlement before the others. However, all are supporting the settlement effort and joining this Motion for a stay of proceedings to allow their respective settlement efforts a meaningful opportunity to succeed pending the outcome of their respective negotiations.

Since the service of the Complaints, Ramona has responded on nearly a daily basis to numerous telephonic, facsimile, and electronic requests for information about the Tribes' claims. Ramona has undertaken preliminary discussions with a number of defendants to explore the possibility of settlement.

[5] There has been considerable press coverage regarding the affect on water supplies as a result of service of the two Tribes' Complaint on landowners within the upper and lower basins. Ramona and Cahuilla both understand that landowners and water users in the upper and lower basins may have concerns about the Complaint and what it means for them. Cahuilla has responded to the media coverage and has explained its desire to try to avoid litigation of their claims and instead reach a negotiated settlement that will benefit not only the Tribe but all water users in the upper and lower basins.

Joint Motion to Stay Proceedings Pending Settlement Negotiations
Memorandum and Points of Authority

Case No. 51-1247-SD-GT

1  Ramona and Cahuilla Tribes, in accordance with this Court's Order, served the Notice
2  of this Lawsuit and a Request for Waiver of Service of Summons on approximately
3  3,000 landowners in the Santa Margarita Watershed. Some of these parties have already
4  filed or otherwise responded to the two Tribes' Complaints. One party has filed a
5  Motion to Dismiss that has been joined by one other party. Significant litigation is
6  about to begin. In a case of this scope and magnitude, the resources of the parties are
7  better devoted to settlement efforts. Those discussions are more likely to progress if the
8  parties are not required at the same to litigate the Tribes' claims.

9  Settlement discussions can be structured in a way to promote progress toward
10 resolution. Formal and informal responses to the Tribes' complaints suggest the parties
11 can be organized into groups for purposes of these discussions. Most of the groups are
12 represented by counsel, although not all are so represented. The effort to identify and
13 organize groups is on-going, but has progressed sufficiently to justify a stay of this case
14 for purposes of settlement discussions.[6]

---

[6] This Motion is filed before the deadline for submission of signed waivers by persons or entities served by the Tribes' Notice and Request for Waiver. As a result it is not possible to determine the number who have not returned the signed waivers. Based on the responses Ramona and Cahuilla have received thus far, we believe it will be necessary to have summons issued and served on hundreds of parties. Under the Federal Rules of Civil Procedure, the Tribes will likely be required, absent and Order from this Court, to serve these entities personally. The cost of such service will be exorbitant, and it will require lengthy proceedings in this Court for the Tribes to recover those costs through reimbursement from those non-signing parties. A stay would avoid the hardship of the Tribes having to personally serve those who have refused to waive service of the summons. Despite the failure of many to return the signed waivers, we believe virtually all of the recipients of the Notice and Request for Waiver have in fact been notified of this proceeding and the Tribes' claims. Only a handful of the envelopes mailed by the Tribes have been returned unopened or mis-delivered. For this reason, we have reason to believe most, if not all, of the non-signatories will consider participation in settlement discussions, especially in light of the appointment of a Federal Negotiating Team.

- 6 -

Joint Motion to Stay Proceedings Pending Settlement Negotiations                Case No. 51-1247-SD-GT
Memorandum and Points of Authority

Exh. A, pg. 22

Now that the proper parties for negotiation have been identified through service of the Complaints and with the appointment of Federal Negotiating Team the time is ripe for the parties to pursue settlement without continued litigation.

## III. CONCLUSION

As explained above and in the Statement of Material Facts, the appointment of a Federal Team to assist all three Tribes in reaching negotiated water settlements to finally resolve their water rights claims changes the circumstances in this case, such that there is presently a real possibility for settlement without the need for protracted litigation. For these reasons we respectfully request, that this Court stay the litigation for ninety (90) days, upon which time a status conference will held to determine whether to continue the stay, so that the Tribes can pursue meaningful settlement discussions.

RESPECTFULY SUMBITTED,

Dated: June 6, 2008         RAMONA BAND OF CAHUILLA INDIANS

                            By _Curtis Berkey /by JTM_
                               Curtis G. Berkey

Dated: June 6, 2008         CAHUILLA BAND OF INDIANS

                            By _Marco Gonzalez /by JTM_
                               Marco Gonzalez

Dated: June 6, 2008         UNITED STATES

                            By _Patrick Barry /by JTM_
                               Patrick Barry

Dated: June 6, 2008         PECHANGA BAND OF LUISEÑO INDIANS

                            By _JM T. Meggesto_
                               James Meggesto

- 7 -
Joint Motion to Stay Proceedings Pending Settlement Negotiations
Memorandum and Points of Authority
Case No. 51-1247-SD-GT

Exh. A, pg. 23

Dated: June 6, 2008     RANCHO CALIFORNIA WATER DISTRICT

By *C. Michael Cowett /by JTM*
C. Michael Cowett