Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor
Ramona Band of Cahuilla*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 51-cv-1247-SD-GT<br><br>**PLAINTIFF-INTERVENOR RAMONA BAND OF CAHUILLA'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOJOBA HILLS S.K.P. RESORT, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**DATE:** June 30, 2008<br>**TIME:** 2:00 P.M.<br>**COURTROOM:** 8<br><br>Hon. Gordon Thompson, Jr. |

**INTRODUCTION**

Defendant Jojoba Hills S.K.P. Resort, Inc. (Jojoba) asks this Court to dismiss the Ramona Band's First Amended Complaint in Intervention on the mistaken assumption that physical interference by other parties with the Band's water use is a necessary element of Ramona's prima facie case to establish its water rights. Jojoba contends that Ramona's complaint fails to state a cause of action because, allegedly, Jojoba's use of water cannot impair the Band's federal reserved water right. In the absence of such harm, it says, injunctive relief is barred as a matter of law. Memorandum of Points and Authorities in Support of Motion to Dismiss at 12. (hereinafter "Memo").

The factual premise of this argument is that no water escapes from the Anza Basin, where the Ramona Reservation is located, into the Aguanga Basin, where Jojoba's properties are located. Even assuming *arguendo* that this fact has been conclusively established, it does not follow that Ramona has failed to state a claim against Jojoba. The dispositive question is whether there is sufficient legal adversity between Ramona's water rights and Jojoba's water rights. In a general stream adjudication, the facts with regard to the nature and scope of physical interference are not directly relevant to the question of whether a party has stated a claim against the other parties. The Motion should be denied because it is settled law that each party in a case of this kind is adverse to all others, regardless of the nature and degree of inter-connectivity of the aquifers over which the properties are situated and the potential for interference from neighboring water use.[1]

## ARGUMENT

On this Motion, it is not necessary for this Court to resolve the factual question of whether water use in the Aguanga Basin can physically effect water supplies available to the Ramona Band in the Anza Basin.[2] Jojoba concedes that it is a proper party in this case, as it holds decreed water

---

[1] The Ramona Band moves to strike paragraph C on page 6 of Jojoba's Memo, which discusses confidential settlement negotiations. Under Rule 408(a)(2) of the Federal Rules of Evidence, statements made in "compromise negotiations" are not admissible.

[2] Although it is not necessary for this Court now to resolve this factual issue, we note that Jojoba ignores a key provision of Interlocutory Judgment No. 33 which establishes as a matter of fact that "the ground waters contained within the shallow aquifer of the Anza Ground Water Basin add to, support and contribute to the Santa Margarita River stream system." Finding of Fact No. 8. The Aguanga Basin, where Jojoba's properties are located, is part of the Santa Margarita River system. Jojoba relies principally on Finding of Fact No. 6 to support its factual assertion that the Anza Basin is not hydrologically connected to the Aguanga Basin. Memo at 11. That Finding does not conclusively establish lack of connectivity, as it concerns only the so-called deep aquifer, which this Court has determined does not contribute to the Santa Margarita River Watershed at all, much less to the water that flows downgradient to the Aguanga Basin. Finding of Fact No. 6 reads in part: "That the source of the ground waters contained within said deep aquifer is runoff from the surface areas . . . . That the major portion of the runoff into said deep aquifer arises from the Thomas Mountain area which lies north of the Anza Valley and is

rights as successor to an original party who owned land overlying a groundwater source found to contribute to the Santa Margarita River Watershed system. It is not disputed that Jojoba produces water from a source that is subject to this Court's continuing jurisdiction. That is the reason the Tribes served it with Notice of this lawsuit and the Request for waiver of service of the summons. Under these circumstances, the question of physical impairment is not dispositive.

It is fundamental that in a general stream adjudication, each party is legally adverse to every other party, notwithstanding a party's location within the watershed or the degree of potential physical interference. Judge Carter in this case applied the general rule to the parties here: "It is furthered ordered, adjudged and decreed . . . <u>that all parties are adverse one to the other</u>, thus dispensing with cross-pleadings, and all parties to this proceeding may object to these Findings of Fact, Conclusions of Law and Interlocutory Judgment and will be given full opportunity upon due notice to interpose their objection prior to entry of final judgment in this cause." Interlocutory Judgment No. 33, Conclusion of Law No. 23, December 11, 1962 (emphasis added).

General stream adjudications proceed on the premise that "all parties' water rights are interdependent." *United States v. Truckee-Carson Irrigation District,* 649 F.2d 1286, 1309 (9th Cir. 1981), *aff'd in part, rev'd in part sub nom.,* 463 U.S. 110 (1983). There, the Ninth Circuit explained that physical adversity is not required to assert claims in general stream adjudications because "[s]tablity in water rights therefore requires that all parties be bound in all combinations. Further, in many water adjudications there is no actual controversy between the parties." *Id.* As one state Supreme Court put it: "[I]n the settlement of cases of this character every user of water on the stream and all of its tributaries in litigation are interested in the final award to each claimant. . . . Every claimant of the water of either stream, it matters not whether it be at the upper or lower end of either, or after the junction of the two, is interested in a final adjudication of all claimants at the lower end of the stream." *Morgan v. Udy,* 58 Idaho 670, 681, 79 P.2d 295, 299 (1938). The U.S. Supreme

---

depicted on Exhibit 278." Ramona does not claim water from the deep aquifer, but rather only from the shallow aquifer, which this Court has determined to be within its jurisdiction. Interlocutory Judgment No. 33, Conclusion of Law No. 1. As noted, groundwater located within the shallow aquifer in the Anza Basin is part of the Santa Margarita River Watershed system, a finding that, as Jojoba concedes, binds the parties.

Court applied the rule of this case in a res judicata context in the Pyramid Lake Paiute water rights case, adding that "[t]his rule seems to be generally applied in stream adjudications in the western States." *United States v. Nevada,* 463 U.S. 110, 139-140 (1983).

Under these authorities, water rights claims by the parties cannot be dismissed on the ground that one party's water use does not physically impact another's. Physical adversity is not required in order to give one party standing to assert claims against another. The court may find that a particular claim fails for a legal or factual reason, or that a particular party is entitled to less water than it claims. But the absence of physical interference is not one of the reasons by which a water rights claim by one party may be dismissed.

The question of physical interference may become relevant at a later stage of this case, after the Tribe's water right is fully quantified, and, as an example, for reasons of water shortage or drought, the Tribe seeks to place a call on junior water users in the Watershed, either by Court order or by directive from the Santa Margarita River Watermaster. In that event, this Court would have to determine whether the standard for injunctive relief is met, and the factual issue of the hydrologic connectivity of the Anza and Aguanga Basins would have to be addressed. The factual issues Jojoba's arguments raise can be addressed then, and a determination made with regard to physical interference. The critical distinction is that physical impairment is relevant to the enforcement of an injunction or call on junior users, but it is not relevant to pleading a legally sufficient claim. For this reason, the Motion to Dismiss should be denied.

## CONCLUSION

The Ramona Band intervened in this case to have its water right quantified, and once that has been established, to ensure that its right is not subject to collateral attack at some later time. To protect its quantified water right, the Band must be assured that all parties to the case are bound by this Court's determination. Dismissal of the Band's complaint as against Jojoba will leave the Band vulnerable to subsequent legal challenge and will create instability and uncertainty with regard to the scope and permanence of the Band's water rights, contrary to the purpose of general stream adjudications. *See, e.g., City of Pasadena v. City of Alhambra,* 180 P.2d 699, 715 (Cal.App.2d

1947) (A general stream adjudication decree which leaves the controversy in any respect unadjudicated and consequently subject to future litigation defeats the very purpose for which the action was brought).

Dated: June 13, 2008

Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP

By: /s/Curtis G. Berkey
    Curtis G. Berkey
    Scott W. Williams
    2030 Addison Street, Suite 410
    Berkeley, California 94704
    Tel: 510/548-7070
    Fax: 510/548-7080
    E-mail: cberkey@abwwlaw.com
    E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor,
Ramona Band of Cahuilla*

## DECLARATION OF SERVICE BY U.S. MAIL

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

On June 13, 2008, I caused to be served the following document(s) in <u>United States of America, et al. v. Fallbrook Public Utility District, et al.</u>, Case No. 51-1247-SD-GT:

1) **PLAINTIFF-INTERVENOR RAMONA BAND OF CAHUILLA'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOJOBA HILLS S.K.P. RESORT, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Donald R. Pongrace (Pro Hac Vice)
Rodney B. Lewis (Pro Hac Vice)
James Meggesto (Pro Hac Vice)
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert Strauss Building
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036

John A. Karaczynski
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

Bill Steele
U.S. Bureau of Reclamation
27708 Jefferson Ave., #202
Temecula, CA 92590

General Manager
Rancho Cal RV Resort OA
P.O. Box 214
Aguanga, CA 92536

Anthony J. Pack, General Manager
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Michael Lopez
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

Nobuo Komota
c/o Richard Woo
Soliton Tech
2635 N. First Street, Suite 213
San Jose, CA 95134

Agri-Empire, Inc.
P.O. Box 490
San Jacinto, CA 92383

Director
Riverside Co. Planning
4080 Lemon Street, 9th Floor
Riverside, CA 92501

SDSU Field Station Programs
ATTN: Matt Rahn, Reserve Director
5500 Campanile Drive
San Diego, CA 92182-4614

General Manager
Rainbow MWD
3707 Old Highway 395
Fallbrook, CA 92028-9327

General Manager
Elsinore Valley MWD
P.O. Box 3000
Lake Elsinore, CA 92330

Jack S. Safely
Western MWD
P.O. Box 5286
Riverside, CA 92517

Temecula Ranchos
c/o McMillan Farm Management
29379 Rancho California Road, #201
Temecula, CA 92591

Robert H. James, Esq.
SACHSE, JAMES & LOPARDO
205 W. Alvarado St., Suite 1
Fallbrook, CA 92028

Richard & Christine McMillan
Gary & Patricia McMillan
McMillan Farm Management
29379 Rancho California Road, Suite 201
Temecula, CA 92362

Darwin Potter
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

John Rossi, General Manager
Western MWD
P.O. Box 5286
Riverside, CA 92517

Patrick Barry, Esq.
Amy S. Tryon
Environment and Natural Resources Division
Indian Resources Section
U.S. Department of Justice
P.O. Box 44378
Washington, D.C. 20026-4378

Linda Garcia
Riverside Co. Flood Control and Water Conservation District
1995 Market Street
Riverside, CA 92501

Brian Brady, General Manager
Rancho California WD
P.O. Box 9017
Temecula, CA 92589-9017

Arthur L. Littleworth
James B. Gilpin
Matthew L. Green
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101-3542

Keith Lewinger, General Manager
Fallbrook Public Utility District
P.O. Box 2290
Fallbrook, CA 92088

Mike Luker
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Counsel Western Bases
P.O. Box 555231
Marine Corps Base - Bldg. 1254
Camp Pendleton, CA 92055-5231

Elena Mafla, Chairman
AVMAC
43205 Chapman Road
Anza, CA 92539

Jackie Spanley
AVMAC
P.O. Box 391312
Anza, CA 92539

Alvin Greenwald
6010 Wilshire Blvd., Suite 500
Los Angeles, CA 90036

Larry Minor
P.O. Box 398
San Jacinto, CA 92581

Bob Lemons
Rancho California Water District
P.O. Box 9017
Temecula, CA 92589-9017

Michael E. McPherson, Esq.
344 Plumosa Avenue
Vista, CA 92083

Manuel Hamilton
Joseph Hamilton
P.O. Box 391372
Anza, CA 92539

Leslie Cleveland
U.S. Bureau of Reclamation
27708 Jefferson Avenue, #202
Temecula, CA 92590

James Carter
P.O. Box 28739
Santa Ana, CA 92799-8739

Assistant Chief of Staff
Environmental Security
Box 555008
Marine Corps Base
Camp Pendleton, CA 92055-5008

Pamela Williams
Office of the Solicitor
U.S. Department of the Interior
Division of Indian Affairs
1849 C Street, NW, Room 6456
Washington, D.C. 20240

Susan M. Williams
Sarah S. Works
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87048

Anza Mutual Water Company
P.O. Box 390117
Anza, CA 92539-0117

Chairperson
Cahuilla Band of Indians
P.O. Box 391760
Anza, CA 92539

Michael Gheleta
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, Floor 8
Denver, CO 80294-1961

David Glazer, Esq.
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

Western Land Financial
and Pacific Holt Corp.
23 Midway Street, Unit B
San Francisco, CA 94133

Assad S. Safadi
Natural Resources Consulting Engineers, Inc.
131 Lincoln Avenue, Suite 300
Fort Collins, CO 80524

Marco A. Gonzalez
Rory R. Wicks
Coast Law Group LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024

Catherine M. Stites, General Counsel
Metropolitan Water District of Southern California
700 North Alameda Street
Los Angeles, CA 90012-2944

Jeffry F. Ferre
Jill N. Willis
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, CA 92502

Don Forsyth
Metropolitan Water District
33752 Newport Road
Winchester, CA 92596

Assistant Chief of Staff, Facilities
Attn: Office of Water Resources
Box 555013
Camp Pendleton, CA 92055-5013

James J. Fletcher
U. S. Department of the Interior
Bureau of Indian Affairs
1451 Research Park Drive
Riverside, CA 92507-2471

Michael L. Tidus
Michele A. Staples
JACKSON, DEMARCHO, TIDUS & PECKENPAUGH
2030 Main Street, Suite 1200
Irvine, CA 92614

Amy Gallaher
Metropolitan Water District
P.O. Box 54153
Los Angeles, CA 90054-0153

Stephen B. Reich
Stetson Engineers, Inc.
2171 E. Francisco Blvd., Suite K
San Rafael, CA 94901

Lake Riverside Estates Community Assoc.
41610 Lakeshore Blvd.
Aguanga, CA 92536

Anza Holdings LLC
1220 Spinnaker Trail
Monument, CO 80132

Avalon Management Group, Inc.
31608 Railroad Canyon Rd.
Canyon Lake, CA 92587

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Mary E Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J Machado
Pamela M. Machado
P O Box 391607
Anza, CA 92539

Marianne E. Pajot
40225 Curry Court
Aguanga, CA 92536-9742

Mark Shaffer
6837 NE New Brooklyn Road
Bainbridge Island, WA 98110

Charles W. Binder, Watermaster
Santa Margarita River Watershed
P.O. Box 631
Fallbrook, CA 92088

Dyson Development
437 South Highway 101, Suite 217
Solana Beach, CA 92075

Elsa Barton
217 No. Palm
Hemet, CA 92543

Anza Acreage, LLC
1310 Stratford Court
Del Mar, CA 92014

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

Billy Ward
P O Box 5878
San Diego, CA 92165

John S Wilson
Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Barbara J Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

    I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on June 13, 2008, at Berkeley, California.

_Martha Morales_
Martha Morales