Kevin P. Sullivan, Esq. (CSB 177757)
WORLEY SCHWARTZ GARFIELD & PRAIRIE, LLP
401 "B" Street, Suite 2400
San Diego, CA 92101
(619) 696-3500
Fax (619) 696-3555

Attorneys for William J. Fletcher,
Trustee of the Fletcher Family Trust

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br><br>    Plaintiff-Intervenors,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>    Defendants. | Civil No. 1247-SD-C<br><br>**FLETCHER FAMILY TRUST'S ANSWER TO FIRST AMENDED COMPLAINT IN INTERVENTION OF RAMONA BAND OF CAHUILLA** |

William J. Fletcher, Trustee of the Fletcher Family Trust ("Fletcher"), on behalf of itself and no other defendant, answers the First Amended Complaint in Intervention of the Ramona Band of Cahuilla ("Ramona") as follows:

1. Fletcher lacks sufficient information or belief to respond to the allegations contained in paragraph 1, and, therefore, denies the allegations on that ground.

2. Fletcher admits the allegations contained in paragraphs 2 and 3.

3. Fletcher lacks sufficient information or belief to respond to the allegations contained in paragraphs 4, 5, 6, 7, 8, and 9, and, therefore, denies the allegations on that ground.

4. Answering paragraph 10, Fletcher refers to and realleges here its answers to paragraphs 1 through 9 above.

5. Fletcher lacks sufficient information or belief to respond to the allegations contained in paragraphs 11 and 12, and, therefore, denies the allegations on that ground.

6. Fletcher denies the allegations contained in paragraph 13.

7. Fletcher denies that Ramona is entitled to the relief against it requested in the first amended complaint.

## AFFIRMATIVE DEFENSES

As a further answer to the First Amended Complaint in Intervention ("complaint") of Ramona, and by way of affirmative defenses, Fletcher alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

13. The complaint fails to state facts sufficient to constitute causes of action against Fletcher.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

14. The complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

15. The complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

16. At all times material herein, Ramona failed and neglected to mitigate its damages so as to reduce and/or diminish its claim.

. . . . .

. . . . .

. . . . .

. . . . .

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

17. Ramona is guilty of laches, and the complaint should fail because Ramona inexcusably and unreasonably delayed the commencement of its action against Fletcher and is stopped from asserting its claims as a result thereof.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

18. The complaint fails because of Fletcher's reasonable reliance on the acts or omissions of Ramona, whereby Ramona is now estopped from asserting its claims against Fletcher.

## SEVENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

19. The complaint is barred by the doctrine of collateral estoppel based, among other things, on findings previously made in this matter, including, but not limited to, findings in Interlocutory Judgment numbers 33, 34, 40, and 41 in this matter.

## EIGHTH AFFIRMATIVE DEFENSE
### (Res Judicata)

20. The complaint is barred by the doctrine of res judicata based, among other things, on judgments previously made in this matter, including, but not limited to, Interlocutory Judgment numbers 33, 34, 40, and 41 in this matter.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

21. The complaint is barred as a result of Ramona's unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

23. If Ramona suffered or sustained any damage or injury, either as alleged in the complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of Ramona, and its damages, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to Ramona.

ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Third Parties)

22. If Ramona suffered or sustained any damage or injury, either as alleged in the complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of Ramona, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities.

TWELFTH AFFIRMATIVE DEFENSE

(Riparian Rights)

24. Fletcher has or may have riparian rights to surface waters flowing upon or adjacent to, or in the known and defined channels of underground streams from time to time flowing through Fletcher's property, and, to the extent that it takes or claims the right to take water from such sources, Ramona's claims are barred as against Fletcher.

THIRTEENTH AFFIRMATIVE DEFENSE

(Appropriative Rights)

25. Fletcher claims the appropriative rights to produce water from the basins and sub-basins over which Fletcher's property is situated; and, to the extent that the basins and sub-basins over which Ramona's water production facilities are situated are separate and independent from the basins and sub-basins over which Fletcher's property is situated, Fletcher alleges that Ramona is barred from the relief sought against Fletcher.

FOURTEENTH AFFIRMATIVE DEFENSE

(Prescriptive Rights)

26. Fletcher is excused from any and all liability because at all times material herein, Fletcher's domestic wells and water usage have been open and notorious, known to Ramona.

FIFTEENTH AFFIRMATIVE DEFENSE

(Responsibility of Government)

27. Fletcher has equal rights to water resources as provided by private property rights, guarantees under the law. It is not the responsibility of Fletcher, nor does Fletcher have a duty to

-4-

surrender any rights to anyone without just and fair compensation freely and willingly given. Indian reservations and provisions set aside on their behalf are the responsibility of the United States Government and not individual citizens, who lack the duty, resources, and funding to insure compliance.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reasonable and Beneficial Use)

28. Ramona's use of water, both presently and in the future, is limited by the reasonable and beneficial use limitations set forth in Article X, Section 2, of the California Constitution and Water Code section 100.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Equal Protection – Cannot Claim Superior Rights)

29. Ramona asserts intervention as plaintiff with the United States to insure alleged water rights in the instant case. However, said intervention is not motivated for like causes and operates in effect to deny equal protection guarantees under the Fourteenth Amendment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Presently Unknown Defenses)

30. Fletcher presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unknown affirmative defenses. Fletcher reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Fletcher prays for judgment as follows:

1. That Ramona take nothing by reason of its complaint in intervention;
2. That Fletcher be dismissed with prejudice;
3. If this matter goes to trial, a trial by jury is hereby demanded;
4. For costs of suit incurred herein; and

. . . . .

. . . . .

. . . . .

5. For such other relief as the court deems just and proper.

Dated: June 13, 2008

_____
Kevin P. Sullivan, Esq.
Worley Schwartz Garfield & Prairie
Attorney for William J. Fletcher, Trustee of the
Fletcher Family Trust
ksullivan@wsgplaw.com

Kevin P. Sullivan (#177757)
Worley Schwartz Garfield & Prairie
401 "B" St., Ste. 2400
San Diego, CA 92101
619-696-3500
Attorney for William J. Fletcher,
Trustee of the Fletcher Family Trust

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br><br>  Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.<br><br>  Defendants. | Civil No. 1247-SD-C<br><br>**DECLARATION OF SERV ICE**<br><br>Person Served:<br>(please see below)<br><br>Date Served: 6/16/08 |

I, the undersigned, declare under penalty of perjury that I am over the age of 18 years and not a party to this action; that I served the above-named person the following documents:

**FLETCHER FAMILY TRUST'S ANSWER TO FIRST AMENDED COMPLAINT IN INTERVENTION OF RAMONA BAND OF CAHUILLA**

in the following manner: (check one)

1) _____   By personally delivering copies to the person served.

2) _____   By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

3) _____   By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

**DECLARATIONOF SERVICE**

4) \_\_\_\_\_   By placing a copy in a separate envelope, with postage fully prepaid, for each address named below, and depositing each in the U.S. Mail at San Diego, California, on _____.

5) \_\_\_\_\_   By transmitting the documents on _____, by facsimile transmission; the transmission was reported to be complete and without error. The transmission report was properly issued by the reporting facsimile machine.

6) __X__   Electronic filing of the document and the court's Notice of Electronic Filing constitute service of same on all registered-user parties hereto.

Plaintiff UNITED STATES OF AMERICA
Thomas C. Stahl, Esq.
United States Attorneys Office
Southern District of California
880 Front St., Rm. 6293
San Diego, CA  92101
619-557-7140
fax 619-557-7122
thomas.stahl@usdoj.gov

Plaintiff UNITED STATES OF AMERICA
F. Patrict Barry, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Indian Reservation Section
PO Box 44378
Washington, DC  20026-4378
202-305-0254
fax 202-305-0271
patrick.barry@usdoj.gov

Plaintiff-Intervenor RAMONA BAND OF CAHUILLA
Curtis C. Berkey, Esq.
Scott W. Williams, Esq.
Alexander Berkey Williams & Weathers
2030 Addison St., Ste. 410
Berkeley, CA  94704
510-548-7070
fax 510-548-7080
cberkey@abwwlaw.com
swilliams@abwwlaw.com

Plaintiff-Intervenor CAHUILLA BAND OF INDIANS
Marco Gonzales, Esq.
Coast Law Group
169 Saxony Rd., Ste. 204
Encinitas, CA 92024
760-942-8505
fax 760-942-8515
marco@coastlawgroup.com

Plaintiff-Intervenor CAHUILLA BAND OF INDIANS
Susan M. Williams, Esq.
Sarah S. Works, Esq.
Williams & Works
PO Box 1483
Corrales, NM 87049
505-899-7994
fax 505-899-7972
swilliams@williamsandworks.net

Defendant FALLBROOK PUBLIC UTILITY DISTRICT
Robert H. James, Esq.
Sachse James Croswell
205 W. Alvarado St.,. Ste. 1
Fallbrook, CA 92088
760-728-1154

Special Master – Watermaster Charles W. Binder
Charles W. Binder, Esq.
Santa Margarita River Watershed
PO Box 631
Fallbrook, CA 92028
760-728-1028
fax 760-728-1990
cwbinder@smrwm.org

Executed on June 16, 2008, at San Diego, California.

Kathy Stanis

**DECLARATION OF SERVICE**