JOHN KARACZYNSKI (SBN 93108)
RODNEY B. LEWIS (*Pro Hac Vice*)
JAMES MEGGESTO (*Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001
E-mail: rlewis@akingump.com
E-mail: jmeggesto@akingump.com

*Attorneys for Plaintiff-Intervenor/Defendant
Pechanga Band of Luiseno Indians*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, *et al.*,<br><br>Defendants. | Case No. 51-1247-SD-GT<br><br>**PECHANGA BAND OF LUISENO INDIANS RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS** |

## I. Introduction.

The Pechanga Band of Luiseno Indians ("Pechanga") hereby responds to the Motions to Dismiss filed by Defendants Jojoba Hills S.K.P Resort, Inc.'s and Billy Ward seeking dismissal of the complaints in intervention filed by the Ramona Band of Cahuilla Indians ("Ramona") and the Cahuilla Band of Indians ("Cahuilla"). For the reasons that follow, the Motions to Dismiss should be denied or, in the alternative, held in abeyance pending the Court's resolution of the pending Joint Motion for a Temporary Stay of Proceedings Pending Settlement Negotiations.

## II. The Motions to Dismiss are Inappropriate and Premature.

### A. Res judicata does not warrant dismissal of any tribal quantification claims.

Pechanga need not take a position with regard to the legal merits of the Defendants' Motions to Dismiss in respect to the complaints in intervention of Ramona and Cahuilla. Rather, the current procedural posture of the case and the existence of the Joint Motion for a Temporary Stay Proceedings Pending Settlement Negotiations make the current Motions to Dismiss inappropriate and premature at this time.

As the Defendants correctly point out, the Court adjudicated the various aspects of this case and entered a series of Interlocutory Judgments for specific geographic and hydrologic areas as well as distinct legal issues. Modified Final Judgment and Decree, *United States v. Fallbrook Pub. Util. Dist.*, (S.D. Cal. Apr. 6, 1966). However, the Court also expressly preserved "continuing jurisdiction" over the case and has exercised such jurisdiction throughout the years.

With regard to the water rights of Indian tribes, the Court ruled that the United States reserved water for the benefit of the Pechanga, Ramona and Cahuilla reservations. However, the Court expressly declined to quantify those rights, instead leaving a specific quantification for each Tribe to be addressed under the Court's continuing jurisdiction at a later date if necessary. In fact, the Court was quite specific that the Tribes would be afforded the opportunity to quantify their reserved water rights should the necessity arise.[1] Transcript of Proceedings, *United States v. Fallbrook Pub. Util. Dist.*, p. 8 (S.D. Cal.) (a copy of which is attached).

---

[1] Pechanga intervened on its own behalf in 1975. It could, therefore, file its own Motion to specifically quantify its own water rights as part of this proceeding initiated by Ramona and Cahuilla. For several years prior to the initiation of this proceeding by Ramona and Cahuilla, Pechanga has sought instead to negotiate with the water users in the Wolf Valley Basin in an effort to reach a mutually agreed quantification of its water entitlement and to develop a cooperative

2

Given this express reservation in the final decree, it is not appropriate to dismiss Ramona's and Cahuilla's complaints in intervention seeking precisely the specific quantification that the Court reserved to be addressed at a later date, especially in a situation in which the motions to dismiss are essentially predicated on the doctrine of *res judicata*. To obtain dismissal under Rule 12(b)(6), Defendants must demonstrate that the Complaint's allegations of fact, taken as true and construed in the light most favorable to the plaintiff, fail to state a viable claim for relief. *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003) (defendant seeking Rule 12(b)(6) dismissal must establish beyond doubt that plaintiff cannot prove any set of facts in support of pleaded claim that would support claim for relief). The Court's own preservation of continuing jurisdiction is enough to defeat the Motions to Dismiss based on *res judicata* because the express reservation of the ability to

---

mechanism for effective management of the water usage in the basin. These efforts have already been successful, resulting in two separate water agreements with neighboring water users. Despite the opportunity for judicial quantification of its water entitlement presented by this new proceeding, Pechanga remains committed to the path of negotiated settlement with its neighbors and was a primary factor in the appointment of the federal negotiation team that is now in place and is the basis for the filing of the Joint Motion to Stay that is also now pending before this Court. Pechanga reserves the right, of course, to file a Motion to quantify its water rights at some future point should its efforts at negotiation fail for whatever reason. The Tribe remains optimistic, however, that it will succeed in its negotiations in the relatively near term and that it will, with its neighbors, be presenting this Court with a negotiated settlement of its quantified water rights at some point in the future. At that time, the Tribe fully expects that all parties to the adjudication would need to be noticed and have an opportunity to be heard, and subsequently be bound, by the ensuing judicial decree approving the settlement. The Tribe is opposing these Motions to Dismiss largely due to concern that a precedent should not be set in this proceeding whereby parties could inappropriately invoke the doctrine of *res judicata* in an effort to avoid being bound by any decree that adjudicates the specific quantity of water rights that any of the tribes might obtain.

modify the final judgment and decree means that the kind of finality that the doctrine seeks to protect is entirely absent from this case.

In addition, at the Court's July 16, 2007 status conference, the Court made clear that it was incumbent upon Ramona and Cahuilla to serve any and all parties it would want bound by any judgment it might eventually obtain. It would frustrate this Court's directive for the Tribes' complaints to be subject to early Rule 12 (b)(6) dismissals. This adjudication is not simply a plaintiff versus defendant litigation. Rather, it is a large complex stream adjudication with thousands of stakeholders. All such stakeholders have an interest in participating to the extent they believe necessary to protect their interests but none have the right to seek a dismissal on the pleadings when the subject matter of those pleadings is precisely what the court left open for later resolution. *See generally Nevada v. United States*, 463 U.S. 110, 139-140 (1983).

Moreover, the Ninth Circuit's view, which has been approved by the Supreme Court, is that "'[s]tability in water rights therefore requires that all parties be bound in all combinations. Further, in many water adjudications there is no actual controversy between the parties; the proceedings may serve primarily an administrative purpose.'" *Id.* at 139 (quoting with approval *U.S. v. Truckee-Carson Irrigation Dist.*, 649 F.2d 1286, 1309 (9th Cir. 1981)). Thus, in order to bind all water users in the Santa Margarita Watershed to any judgment establishing the Tribes' quantity and priority of water rights, all users in the Watershed must be joined. *Hurley v. Abbott,* 259 F. Supp. 669, 669-670 (D. Ariz. 1966) (citing *California v. United States*, 235 F.2d 647, 663 (9th Cir. 1956) ("the only proper method of adjudicating the rights on a stream is to have all owners of lands in the watershed and all appropriators not in the watershed in court at the same time").

### B. The Pending Joint Motion for a Temporary Stay of Proceedings Pending Settlement Negotiations renders this Motion premature.

Given the existence of the Joint Motion, there is an additional reason for the Court to deny the Motions to Dismiss. The pending Joint Motion could render those motions moot and/or unnecessary since the Joint Movants seek a temporary stay to pursue settlement negotiations. Obviously any settlement that avoids time consuming and costly litigation benefits all of the parties to this adjudication. It would be premature to grant dismissals on the pleadings before the parties have a chance to pursue a global settlement of their claims.

### III. Conclusion

Pechanga respectfully requests that this Court deny both of the Motions to Dismiss on the ground that all parties to this adjudication must be bound by any decree that may ultimately be issued with respect to tribal water rights. In the alternative, should the Court decide to grant the Joint Motion to Stay Proceedings, Pechanga requests that this Court reserve judgment on these Motions to Dismiss pending the outcome of the settlement negotiations contemplated.

RESPECTFULLY SUBMITTED,

Dated:   June 16, 2008            PECHANGA BAND OF LUISEÑO INDIANS

By   /s/ James Meggesto
     Rodney B. Lewis
     James T. Meggesto