William K. Koska (CBN 52540)
WALLER LANSDEN DORTCH & DAVIS, LLP
333 South Grand Avenue
Suite 1800
Los Angeles, CA  90071
(213) 362-3484
William.koska@wallerlaw.com

Attorney for Marjorie A. Molloy, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO.: 1247-SD-C |
| Plaintiff, | |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, | **ANSWER TO THE RAMONA BAND OF CAHUILLA'S FIRST AMENDED COMPLAINT IN INTERVENTION BY MARJORIE A. MOLLOY, INC.** |
| Plaintiff-Intervenors, | |
| vs. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants. | |

Comes now Defendant in Intervention, Marjorie A. Molloy, Inc. (hereinafter referred to as "Defendant"), and in answer to the Ramona Band of Cahuilla's First Amended Complaint in Intervention, answers as follows:

**ANSWER TO PARAGRAPH 1**

In the first sentence defendant admits that this action was filed by the United States of America in 1951 to quiet title to its use of water. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in the remainder of sentence 1, sentence 2, and sentence 3, and on that basis denies the said allegations.  Defendant admits the allegations of sentence 4 and sentence 5.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences 6 and 7, and on that basis denies the said allegations.

### ANSWER TO PARAGRAPHS 2 AND 3

Defendant admits the allegations of paragraphs 2 and 3.

### ANSWER TO PARAGRAPH 4

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first five sentences in paragraph 4, and on that basis denies the said allegations.  With reference to the allegations in the 6th sentence, Defendant specifically denies that it has ever injured Plaintiff-Intervenors, or interfered with Plaintiff-Intervenors' federal reserved water rights.

### ANSWER TO PARAGRAPH 5

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and on that basis denies the said allegations.

### ANSWER TO PARAGRAPH 6

Defendant admits the allegations of paragraph 6.

### ANSWER TO PARAGRAPH 7

Defendant admits the first, second, third, and fourth sentences of paragraph 7.  Defendant denies the allegations of the 5th sentence.  Except as specifically

herein above admitted, defendant denies the remaining allegations and contentions in sentence 5.

### ANSWER TO PARAGRAPH 8

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis denies the said allegations.

### ANSWER TO PARAGRAPH 9

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and on that basis denies the said allegations.

### ANSWER TO PARAGRAPH 10

Defendant incorporates at this point, as though fully set out in this place, all of the responses to paragraphs 1 through 9.

### ANSWER TO PARAGRAPH 11

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and on that basis denies the said allegations.

### ANSWER TO PARAGRAPH 12

Defendant denies the allegations of paragraph 12.

### ANSWER TO PARAGRAPH 13

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis denies the said allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Changed Circumstances)

Defendant alleges that Plaintiff-Intervenors are estopped from asserting rights to quantification because of changed circumstances in the last 45 years.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

As a further, separate ground for estoppel, Plaintiff-Intervenors cannot demonstrate a necessity for any further water for the present and future needs of Indians living on the reservation.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Defendant alleges that Plaintiff-Intervenors are barred from recovery by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Speculation)

Defendant alleges that the damages, if any, are too speculative in nature and cannot be quantified.

## FIFTH AFFIRMATIVE DEFENSE
### (No Damage)

2063584.1                                    4

1  Defendant alleges Plaintiff-Intervenors have alleged no real damage and
2  cannot quantify any damage.

### SIXTH AFFIRMATIVE DEFENSE
### (Property Location)

Defendant alleges that she owns the property located at 39725 Reed Valley Road, Aguanga, California 92536 and her property may overlie the deep aquifer of the Anza Ground Water Basin.

### SEVENTH AFFIRMATIVE DEFENSE
### (Drilling From Deep Aquifer)

Defendant alleges that she has two wells on her property, both of which are over 400 feet in depth. Defendant alleges that she only draws water from the "deep aquifer" and should be dismissed from this case per the court's Interlocutory Judgment #33, rendered in December of 1962.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint fails to state a claim upon which relief can be granted against Marjorie A. Molloy, Inc.

### NINTH AFFIRMATIVE DEFENSE
### (Limitations)

Each and every claim asserted in the First Amended Complaint is barred by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE
### (Reasonable and Beneficial Use)

2063584.1

5

Each and every claim asserted in the First Amended Complaint is subject to and limited by the reasonable and beneficial use limitations set forth in Article X, Section 2 of the California Constitution and Water Code Section 100.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Appropriated Rights)

Each and every claim asserted in the First Amended Complaint is barred by Marjorie A. Molloy, Inc.'s appropriated rights to water.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Necessity)

Defendant, Marjorie A. Molloy, Inc., alleges that there is no necessity at this time for Plaintiff-Intervenors' action.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Defendant alleges that Plaintiff-Intervenors have failed to exercise reasonable care and diligence to mitigate their damages, if any there were.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Beneficial Use)

Defendant alleges that the proposed allocation and declaration of rights sought by Plaintiff-Intervenors, would result in the taking of a disproportionate share of water, to the detriment of Defendant, and as a result would not be of reasonable and beneficial use.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Attorneys Fees)

1  Defendant alleges that there is no judicial, legal, or legislative authority for the awarding of attorneys fees to Plaintiff-Intervenors on any of their causes of action.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant alleges that Plaintiff-Intervenors have unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendant alleges that Plaintiff-Intervenors are barred from recovery by reason of their conduct, which constitutes a waiver of each alleged cause of action.

WHEREFORE, Marjorie A. Molloy, Inc. prays for judgment as follows:

1. Judgment be entered in favor of Marjorie A. Molloy, Inc. and against Plaintiff-Intervenors.

2. That Plaintiff-Intervenors' obtain no relief whatsoever by its complaint against Defendant, Marjorie A. Molloy, Inc.

3. That Defendant, Marjorie A. Molloy, Inc., be dismissed with prejudice.

4. That Marjorie A. Molloy, Inc. be awarded its reasonable attorneys fees and costs.

5. If this matter goes to trial, a trial by jury is demanded.

6. That the Court award further relief as deemed just and proper under the circumstances of this case.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

 s/ William K. Koska
William K. Koska (# 52540)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Waller Lansden Dortch & Davis, LLP
333 South Grand Avenue, Suite 1800
Los Angeles, CA  90071
(213) 362-3484
(213) 362-3679 (fax)

*Attorney for Marjorie A. Molloy, Inc., Defendant in Intervention*

**PROOF OF SERVICE**

I declare that: I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of Davidson, State of Tennessee, where the mailing occurs; and my business address is 511 Union Street, Suite 2700, P.O. Box 198966, Nashville, Tennessee 37219-8966.

I caused to be served the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT OF RAMONA BAND OF CAHUILLA BY DEFENDANT IN INTERVENTION, MARJORIE A. MOLLOY, INC.**

by electronically mailing a copy of each document to each addressee, respectively, as follows:

SEE ATTACHED MATRIX

On June 18, 2008, all counsel were served by electronic mail addressed to each addressee, respectively. I caused each such document(s) listed above to be transmitted, electronically, via the e-mail addresses set forth.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2008, at Nashville, TN.

Signature: ___/s/Beth McCullough_____
Beth McCullough