William K. Koska (CBN 52540)
WALLER LANSDEN DORTCH & DAVIS, LLP
333 South Grand Avenue
Suite 1800
Los Angeles, CA  90071
(213) 362-3484
William.koska@wallerlaw.com

Attorney for Marjorie A. Molloy, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br>a federally recognized Indian tribe,<br><br>  Plaintiff-Intervenors,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>  Defendants. | CIVIL NO.: 1247-SD-C<br><br>**ANSWER TO THE CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION BY MARJORIE A. MOLLOY, INC.** |

Comes now Defendant in Intervention, Marjorie A. Molloy, Inc. (hereinafter referred to as "Defendant"), and in answer to the Cahuilla Band of Indians' First Amended Complaint in Intervention, answers as follows:

### ANSWER TO PARAGRAPH 1

Defendant admits that this action was filed by the United States of America in 1951 to quiet title to its use of water in the Santa Margarita River Systems in San Diego and Riverside Counties, California.  Except as specifically herein above

1  admitted, Defendant lacks knowledge or information sufficient to form a belief
2  about the remaining allegations in the said paragraph and on that basis denies
3  same.

### ANSWER TO PARAGRAPH 2

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies same.

### ANSWER TO PARAGRAPH 3

In answering the first sentence of paragraph 3, Defendant admits that on November 8, 1962, this Court entered an Interlocutory Judgment which recognized a federal reserved water right for the Cahuilla tribe and made findings of fact. Except as specifically admitted herein above, Defendant denies the remaining allegations of this sentence. In answering the second sentence, Defendant admits that the Court made a conclusion of law that the Cahuilla tribe is entitled to use the surface waters and ground water underlying the Cahuilla reservation within the Anza Basin portion of the Santa Margarita River. Except as specifically herein above admitted, Defendant denies the remaining allegations of the second sentence. Defendant admits the allegations of the third sentence.

### ANSWER TO PARAGRAPH 4

Defendant denies the allegations of paragraph 4.

### ANSWER TO PARAGRAPH 5

Defendant admits the allegations of the first sentence. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 and on that basis denies same.

### ANSWER TO PARAGRAPH 6

Defendant admits the allegations of paragraph 6.

### ANSWER TO PARAGRAPH 7

Defendant admits the allegations of paragraph 7.

**ANSWER TO PARAGRAPH 8**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 9**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 9, and on that basis denies the allegations.  Defendant admits the remaining allegations of the said paragraph.

**ANSWER TO PARAGRAPHS 10, 11, and 12**

Defendant admits the allegations of the said paragraphs.

**ANSWER TO PARAGRAPHS 13 and 14**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the aforementioned paragraphs, and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 15**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and on that basis denies same.

**ANSWER TO PARAGRAPHS 16 and 17**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 18**

Defendant denies that its use of water in the past, at the present time, or in the future ever has or ever will injure the Plaintiff-Intervenors' water rights to the Santa Margarita River System and underlying groundwater.

**ANSWER TO PARAGRAPHS 19 and 20**

Defendant denies the allegations of paragraphs 19 and 20.

**ANSWER TO PARAGRAPH 21**

Defendant admits the allegations of paragraph 21.

**ANSWER TO PARAGRAPHS 22 and 23**

Defendant admits the allegations of paragraphs 22 and 23.

**ANSWER TO PARAGRAPH 24**

Defendant admits that an Interlocutory Judgment #41 states that ground waters add to, contribute to, and support the Santa Margarita River System. Except as specifically herein above admitted, Defendant denies the remaining allegations of the said paragraph.

**ANSWER TO PARAGRAPH 25**

Defendant admits that Interlocutory Judgment #41, at page 20, does state in substance that the United States intended to reserve, and in fact did reserve, rights to the use of the Santa Margarita River System, which under natural conditions would be physically available on the Cahuilla reservation, including rights to the use of ground water. Except as specifically herein above admitted, Defendant denies the remaining allegations of the said paragraph.

**ANSWER TO PARAGRAPH 26**

Defendant admits the allegations of paragraph 26.

**ANSWER TO PARAGRAPH 27**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 28**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 29**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 30**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on that basis denies the allegations.

**ANSWER TO PARAGRAPH 31**

Defendant incorporates at this point, as though fully set out in this place, all of the responses to paragraphs 1 – 30.

**ANSWER TO PARAGRAPHS 32 and 33**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 32 and 33, and on that basis denies the said allegations.

**ANSWER TO PARAGRAPH 34**

Defendant admits the allegations of paragraph 34.

**ANSWER TO PARAGRAPH 35**

Defendant denies the allegations of paragraph 35.

**ANSWER TO PARAGRAPH 36**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and on that basis denies the said allegations.

**ANSWER TO PARAGRAPH 37**

Defendant denies the allegations of paragraph 37.

**ANSWER TO PARAGRAPHS 38 and 39**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 38 and 39, and on that basis denies the allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant alleges that Plaintiff-Intervenors are estopped from asserting any rights to quantification of water because of the passage of over 45 years since the original interlocutory judgment was entered.

**SECOND AFFIRMATIVE DEFENSE**

**(Changed Circumstances)**

As a further, separate ground for estoppel, Plaintiff-Intervenors are estopped from asserting rights to quantification because of changed circumstances in the last 45 years.

**THIRD AFFIRMATIVE DEFENSE**

**(No Necessity)**

As a further, separate ground for estoppel, Plaintiff-Intervenors cannot demonstrate a necessity for any further water for the present and future needs of Indians living on the reservation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant alleges that Plaintiff-Intervenors are barred from recovery by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Speculation)**

Defendant alleges that the damages, if any, are too speculative in nature and cannot be quantified.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damage)

Defendant alleges Plaintiff-Intervenors have alleged no real damage and cannot quantify any damage.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that she owns the property located at 39725 Reed Valley Road, Aguanga, California 92536 and her property may overlie the deep aquifer of the Anza Ground Water Basin.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that she has two wells on her property, both of which are over 400 feet in depth. Defendant alleges that she only draws water from the "deep aquifer" and should be dismissed from this case per the court's Interlocutory Judgment #33, rendered in December of 1962.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The First Amended Complaint fails to state a claim upon which relief can be granted against Marjorie A. Molloy, Inc.

## TENTH AFFIRMATIVE DEFENSE

### (Limitations)

Each and every claim asserted in the First Amended Complaint is barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonable and Beneficial Use)

Each and every claim asserted in the First Amended Complaint is subject to and limited by the reasonable and beneficial use limitations set forth in Article X, Section 2 of the California Constitution and Water Code Section 100.

## TWELFTH AFFIRMATIVE DEFENSE

### (Appropriated Rights)

Each and every claim asserted in the First Amended Complaint is barred by Marjorie A. Molloy, Inc.'s appropriated rights to water.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Necessity)

Defendant, Marjorie A. Molloy, Inc., alleges that there is no necessity at this time for Plaintiff-Intervenors' action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Defendant alleges that Plaintiff-Intervenors have failed to exercise reasonable care and diligence to mitigate their damages, if any there were.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Beneficial Use)

Defendant alleges that the proposed allocation and declaration of rights sought by Plaintiff-Intervenors, would result in the taking of a disproportionate share of water, to the detriment of Defendant, and as a result would not be of reasonable and beneficial use.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Attorneys Fees)

Defendant alleges that there is no judicial, legal, or legislative authority for the awarding of attorneys fees to Plaintiff-Intervenors on any of their causes of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiff-Intervenors have unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant alleges that Plaintiff-Intervenors are barred from recovery by reason of their conduct, which constitutes a waiver of each alleged cause of action.

WHEREFORE, Marjorie A. Molloy, Inc. prays for judgment as follows:

1. Judgment be entered in favor of Marjorie A. Molloy, Inc. and against Plaintiff-Intervenors.

2. That Plaintiff-Intervenors' obtain no relief whatsoever by its complaint against Defendant, Marjorie A. Molloy, Inc.

3. That Defendant, Marjorie A. Molloy, Inc., be dismissed with prejudice.

4. That Marjorie A. Molloy, Inc. be awarded its reasonable attorneys fees and costs.

5. If this matter goes to trial, a trial by jury is demanded.

6. That the Court award further relief as deemed just and proper under the circumstances of this case.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP


  s/ William K. Koska
William K. Koska (# 52540)
Waller Lansden Dortch & Davis, LLP
333 South Grand Avenue, Suite 1800
Los Angeles, CA  90071
(213) 362-3484
(213) 362-3679 (fax)

*Attorney for Marjorie A. Molloy, Inc.,
Defendant in Intervention*

**PROOF OF SERVICE**

I declare that: I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of Davidson, State of Tennessee, where the mailing occurs; and my business address is 511 Union Street, Suite 2700, P.O. Box 198966, Nashville, Tennessee 37219-8966.

I caused to be served the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT OF CAHUILLA BAND OF INDIANS BY DEFENDANT IN INTERVENTION, MARJORIE A. MOLLOY, INC.**

by electronically mailing a copy of each document to each addressee, respectively, as follows:

SEE ATTACHED MATRIX

On June 18, 2008, all counsel were served by electronic mail addressed to each addressee, respectively. I caused each such document(s) listed above to be transmitted, electronically, via the e-mail addresses set forth.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2008, at Nashville, TN.

Signature:___/s/Beth McCullough_____
　　　　　　　　Beth McCullough