Michael L. Tidus, Bar No. 126425
mtidus@jdtplaw.com
Michele A. Staples, Bar No. 144392
mstaples@jdtplaw.com
Paige H. Gosney, Bar No. 252830
pgosney@jdtplaw.com
JACKSON, DeMARCO, TIDUS & PECKENPAUGH
2030 Main Street, Suite 1200
Irvine, California 92614
Tel: (949) 752-8585
Fax: (949) 752-0597

Attorneys for Defendant
Jojoba Hills, S.K.P. Resort, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.<br><br>                Defendants. | CASE NO. CIV. 51-1247-SD-GT<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT JOJOBA HILLS S.K.P. RESORT, INC.'S MOTION TO DISMISS THE CAHUILLA BAND AND RAMONA BAND OF CAHUILLA INDIANS' FIRST AMENDED COMPLAINTS IN INTERVENTION PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:    June 30, 2008<br>Time:   2:00 p.m.<br>Room:  8 – Third Floor<br>Judge:  Hon. Gordon Thompson |

## 1. INTRODUCTION.

Defendant JOJOBA HILLS, S.K.P. RESORT, INC. ("Jojoba"), filed a Motion to Dismiss the RAMONA BAND OF CAHUILLA INDIANS' and CAHUILLA BAND OF INDIANS' (collectively, "Tribes"), First Amended Complaints in Intervention ("Complaints") under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss") on the grounds that the prior judgments of this Court barred the Tribes' Complaints against Jojoba. On June 13, 2008, the Ramona Tribe filed an opposition to Jojoba's Motion to Dismiss, which the Cahuilla Tribe subsequently joined on June 16, 2008 ("Ramona/Cahuilla Opposition"). Also on June 16, 2008, the PECHANGA BAND OF LUISENO INDIANS ("Pechanga") filed its own opposition response to Jojoba's motion ("Pechanga Opposition") (collectively referred to as "Oppositions").[1] This is Jojoba's reply to all three Oppositions.

**First**, contrary to statements in the Oppositions, the Tribes' Complaints expressly seek to enjoin water use by Jojoba (and thousands of other individuals and entities). Ramona/Cahuilla Opposition, 4:10-19; Pechanga Opposition, 4: 9-13. The Oppositions attempt to amend the Tribes' Complaints to separate out or strike their claims for injunctive relief that are inextricably pled in their Complaints, while circumventing the requirements of Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"). If, as the Oppositions contend, Ramona and Cahuilla seek only to quantify their water rights at this time, they must obtain leave of Court to amend, re-file and re-serve amended complaints eliminating the claims for injunctive relief in their entirety and seeking only a quantification of their superior reserved rights in Anza. *Any claim to enjoin adverse water use must omit parties such as Jojoba whose already-adjudicated water rights conclusively establish no potential adversity.*

**Second,** the Motion to Dismiss should be granted because, as the Tribes admit in their Oppositions, physical adversity and impairment to the Tribes' water rights in Anza is required in order to give the Tribes standing to assert water rights claims for *injunctive relief* against Jojoba. This is not a new, general stream adjudication. The Court's own judgments and orders (that are binding on the Tribes) dictate that Jojoba's exercise of its water rights downstream, downgradient and on a different tributary from the Tribes' Reservations in Anza can have no impact upon the

---

[1] For purposes of this Reply, any references to the "Tribes" shall also refer to the Pechangas.

- 2 -                                                            Civ. 51-1247-SD-GT
**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Tribes' federal reserved rights in Anza. Therefore, the Complaints fail to state valid claims for injunctive relief against Jojoba and must be dismissed.

**Third,** the Court should rule on the Motion to Dismiss notwithstanding the Tribes' pending motion for a temporary 90 day stay of the proceedings, also set for hearing on June 30, 2008. Staying the proceedings is not necessary to accommodate settlement discussions, and would leave Jojoba and thousands of other landowners with no forum to extricate themselves from the Tribes' overbroad Complaints. The Court should deny the Tribes' motion for a temporary stay, and dismiss the Complaints without prejudice.

## 2.   ARGUMENT

### A.   The Tribes' Opposition Effectively Amends The Complaints To Strike The Claims For Injunctive Relief In Derogation Of Rule 15 Of The Federal Rules Of Civil Procedure.

Jojoba's predecessors-in-interest already adjudicated their water rights and obtained a judgment confirming their water rights by this Court. The doctrines of res judicata and collateral estoppel entitle Jojoba to dismiss the Complaints challenging and seeking to enjoin its Court-established water use.

In response to Jojoba's Motion, the Oppositions simply ignore the plain language of the Complaints and deny that the Tribes are seeking to enjoin junior water rights. The Tribes' injunctive relief claims are integral to their Complaints. The Complaints make no distinction among the parties that the Tribes claim are illegally using water and interfering with the Tribes' water rights. The Tribes cannot overcome Jojoba's Motion to Dismiss by simply ignoring the claims made in their Complaints against Jojoba. Rather, the Tribes must obtain the Court's leave under Rule 15 to amend their Complaints to eliminate the claims for injunctive relief in their entirety and seek only a quantification of their water rights in Anza.

### B.   The Motion To Dismiss Should Be Granted Because Physical Adversity Is Required In Order To Give The Tribes' Standing To Assert Claims For Injunctive Relief Against Jojoba.

The Tribes' Oppositions to Jojoba's Motion to Dismiss concedes the fact that *water rights injunction claims, such as those set forth in the Complaints, are subject to attack and dismissal where the Court's own judgments, as well as the laws of physics, clearly establish the lack of*

*physical adversity necessary to sustain such claims.* Ramona/Cahuilla Opposition, 4:10-13, 17-18. By their Complaints, the Tribes are seeking *both quantification* of their reserved water rights in Anza, *and an injunction* against Jojoba's exercise of its valid overlying water rights downstream of Anza in the Aguanga Basin. The Complaints do not distinguish the causes of action or specify which defendants' water use the Tribes seek to enjoin. Because the Court's own judgments and orders establish that Jojoba's groundwater production in Aguanga does not and cannot impair the Tribes' water rights in Anza, Jojoba is entitled to have the Tribes' Complaints dismissed. The Tribes do not and cannot state a valid claim for injunctive relief against Jojoba.

Moreover, the Tribes' principal arguments against the Motion to Dismiss are fundamentally flawed. The Tribes assert that Jojoba's Motion to Dismiss must be denied because all parties to a declaration of rights under a general stream adjudication are legally adverse to one another and must be joined to the proceeding for any eventual judgment or decree to be binding. *See United States v. Nevada*, 463 U.S. 110, 139-40 (1983). In addition, Pechanga argues that the Court's limited reservation of jurisdiction under Interlocutory Judgment No. 41 to *quantify* the Tribes' reserved rights in Anza effectively *immunizes the Tribes' injunctive relief claims from being challenged* under Rule 12 of the Federal Rules of Civil Procedure. *See* Pechanga Opposition, 4:9-13. These arguments might have some merit if the Tribes were seeking merely a Court order to quantify their already-established federal reserved water rights in Anza, and not also an order enjoining Jojoba's exercise of its Court-established water rights in the Aguanga Basin. As the Tribes are seeking more than a mere declaration of quantification of their rights, simple "legal adversity" combined with the Court's limited reservation of jurisdiction are not sufficient grounds upon which to deny Jojoba's Motion to Dismiss.

Finally, Jojoba is entitled to have the Tribes' injunction claims dismissed at this point and not at some speculative "later stage" of the proceeding after the Tribes' water rights have been quantified. Ramona/Cahuilla Opposition, 4:10. *Jojoba should not be forced to expend the time and resources involved with monitoring and participating in the Tribes' quantification action while the specter of a future injunction against them looms over the proceedings.*

C. **The Court Should Rule On The Motion To Dismiss Notwithstanding The Tribes' Motion For A Temporary Stay Of The Proceedings And Should Deny The Tribes' Motion For A Temporary Stay, And Dismiss The Complaints Without Prejudice.**

The Court should rule on the Motion to Dismiss notwithstanding the Tribes' motion for a temporary ninety (90) day stay of the proceedings. The Tribes' Complaints against Jojoba are fatally flawed and must be dismissed. Jojoba is entitled to a ruling on this matter. By staying the proceedings, Jojoba would be denied a forum to extricate itself from the Tribes' overbroad Complaint, resulting in significant and unnecessary expenditure of Jojoba's resources.

The Court should deny the Tribes' motion for a temporary ninety (90) day stay of the proceedings, and dismiss the Complaints without prejudice.

**3. CONCLUSION**

The Tribes' Complaints seek an injunction and a declaration of their water rights as against Jojoba. This is precisely what Jojoba's predecessors litigated before. The relitigation of prior claims is improper and must stop, no matter how the Tribes try to recharacterize their Complaints.

For the foregoing reasons, Jojoba's Motion to Dismiss the Tribes' Complaints should be granted.

DATED: June 23, 2008        Respectfully submitted,

JACKSON, DeMARCO, TIDUS & PECKENPAUGH

    MICHAEL L. TIDUS
    MICHELE A. STAPLES
    PAIGE H. GOSNEY

By: /s/ Paige H. Gosney
    Paige H. Gosney
    Attorneys for Defendant
    Jojoba Hills S.K.P. Resort, Inc.

1 | **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of record will be served by facsimile transmission and/or first class mail on June 23, 2008.

/s/ Paige H. Gosney