| | |
|---|---|
| CURTIS G. BERKEY (SBN 195485) | JOHN KARACZYNSKI (SBN 93108) |
| SCOTT W. WILLIAMS (SBN 097966) | RODNEY B. LEWIS (*Pro Hac Vice*) |
| Alexander, Berkey, Williams & Weathers LLP | JAMES MEGGESTO (*Pro Hac Vice*) |
| 2030 Addison Street, Suite 410 | Akin Gump Strauss Hauer & Feld LLP |
| Berkeley, CA  94704 | 2029 Century Park East, Suite 2400 |
| Telephone: (510) 548-7070 | Los Angeles, California 90067-3012 |
| E-mail: cberkey@abwwlaw.com | Telephone: (310) 229-1000 |
| E-mail: swilliams@abwwlaw.com | E-mail: rlewis@akingump.com |
| *Attorneys for Plaintiff-Intervenor* | E-mail: jmeggesto@akingump.com |
| *Ramona Band of Cahuilla Indians* | *Attorneys for Plaintiff-Intervenor/Defendant* |
| | *Pechanga Band of Luiseño Indians* |

MARCO GONZALEZ (SBN 190832)
169 Saxony Road, Suite 204
Coast Law Group LLP
Encinitas, CA  92024
Telephone: (760) 942-8505
E-mail: marco@coastlawgroup.com
*Attorney for Plaintiff-Intervenor*
*Cahuilla Band of Indians*

C. MICHAEL COWETT (SBN 53353)
Best Best & Krieger LLP
655 West Broadway, 15th Floor
San Diego, CA  92101
Telephone: (619) 525-1336
Michael.Cowett@bbklaw.com
*Attorney for Rancho California Water District*

PATRICK BARRY (*Pro Hac Vice*)
United States Department of Justice
P.O. Box 44378
Washington, D.C.  20026-4378
Telephone: (202) 305-0254
E-mail: Patrick.Barry@usdoj.gov
*Attorney for the United States*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS, *et al*.<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, *et al.*,<br><br>Defendants. | Case No.: 51-cv-1247-SD-GTT<br><br>**DECLARATION OF CURTIS G. BERKEY IN SUPPORT OF JOINT REPLY TO OPPOSITION TO JOINT MOTION TO STAY PROCEEDINGS PENDING SETTLEMENT NEGOTIATIONS**<br><br>Hearing Date:  June 30, 2008<br>Time:  2:00 pm<br>Courtroom:  8<br><br>Hon. Gordon Thompson, Jr. |

I, Curtis G. Berkey, hereby declare as follows:

1. I am counsel to the Ramona Band of Cahuilla, a plaintiff-intervenor in this action. I make this Declaration based on my personal knowledge.

2. Because a current list of parties subject to this Court's jurisdiction does not exist, it became necessary for the Ramona Band of Cahuilla and the Cahuilla Band of Indians to compile such a list in order to comply with the Court's order to serve such parties with the Tribes' complaints-in-intervention under Rule 4(d).

3. The process to determine the parties to be served as subject to the Court's jurisdiction included the following steps. First, relying on the table prepared by Oliver Page, parcels and landowners overlying basement complex and weathered basement complex were excluded, because Interlocutory Judgment No. 33 (IJ 33) excludes such parcels from the Court's jurisdiction. Finding of Fact No. 27 at page 13.

4. Next, parcels and landowners overlying the deep aquifer in the area delineated by Interlocutory Judgment No. 33 were excluded, because that water source is beyond this Court's jurisdiction. The determination of the parcels excluded for this reason was based on Interlocutory Judgment No.2 of IJ 33 at page 19, which reads as follows:

> IT IS FURTHERED ORDERED, ADJUDGED AND DECREED that all ground waters contained within the deep aquifer of the Anza Ground Water Basin do not add to, support nor contribute to the Santa Margarita River stream system and are not a part of the Santa Margarita River or any tributary thereto, and that this Court has no jurisdiction over the use of said waters contained within the deep aquifer of the Anza Ground Water Basin; that said lands which overlie the deep aquifer are described and designated on Exhibit B, and its is ordered, adjudged and decreed that all ground waters contained within said lands below 100 feet in elevation from land surface are ground waters contained within said deep aquifer. (Emphasis added).

Based on this language, parcels within the area "described and designated on Exhibit B" of IJ 33 as so-called deep aquifer lands were excluded as outside this Court's jurisdiction and the successors to the original owners of such parcels were not served with the Tribes' complaints.

5. In the Anza-Cahuilla Basins, for present day landowners whose property overlies alluvium within the areas delineated by the various interlocutory judgments, a similar process was followed. Mr. Page's Table listed all current landowners overlying such water sources, but the list was

- 1 -

1  overinclusive, because Interlocutory Judgment No. 33 further delineated those parcels subject to the
2  Court's jurisdiction by including legal descriptions of those parcels with decreed water rights to the
3  alluvium.  The limitation is found in Finding of Fact No. 10, which provides: "That attached hereto is
4  Exhibit B which designates by parcel number and legal description all lands which overlie said Anza
5  Ground Water Basin."  IJ 33 at page 6.  The same limitation appears with regard to the Cahuilla Basin
6  in Finding of Fact No. 18:  "That attached hereto is Exhibit E, which designates by parcel number and
7  legal description all lands which overlie said Cahuilla Ground Water Basin."  IJ 33 at page 10.  As a
8  result, it was necessary to limit the service list of current day owners to the successors of those parcels
9  as legally described in Exhibits B and E.

10         6.      For those areas outside the Anza-Cahuilla Basins, no such limitation appears in the
11 interlocutory judgments applicable to those areas.  As a result, for the areas downstream of the Anza-
12 Cahuilla Basins, service on all landowners overlying alluvium and adjacent to surface streams as set
13 out in Mr. Page's Table could be effected without risk of including parties who were not subject to the
14 Court's jurisdiction.  For example, Finding of Fact No. 9 in the Interlocutory Judgment 40, which
15 addresses the Aguanga Ground Water Area provides that the Court accepts "contact lines as
16 established by maps and exhibits prepared by the United States of America" as the proper delineation
17 of the division between the "younger alluvial deposits, older alluvial deposits and basement complex
18 on ground surface."  IJ 40 at page 5.  Thus, no legal descriptions were necessary to properly delineate
19 those areas subject to this Court's jurisdiction.

20         7.      For those areas below Vail Lake Dam, the same process described in paragraph 6 was
21 followed, with one exception.  No landowner with a parcel within the boundaries of a water district
22 was served.  Rather, the water districts were served in a representative capacity as agents for such
23 landowners as customers.  *See, e.g. Coachella Valley County Water District v. Stevens,* 206 Cal. 400
24 (1929).  As of the date of this Declaration, no served water district has returned a signed waiver of
25 service of summons.

26         8.      Using the list produced by this process, on March 26, 2008, my office mailed 2,235
27 copies of the Tribes' complaints and the Notice of Lawsuit and Request for Waiver of Service of
28 Summons required by Rule 4(d) of the Federal Rules of Civil Procedure and Form 5.  A copy of the

1  Notice and Request for Waiver are attached as Exhibit A.  The Notice provided for return of signed
2  waivers within 45 days, 15 days longer than the minimum period of time provided by Rule 4(d)(1)(F).
3  This mailing included the areas in the Anza-Cahuilla Basins and the portion downstream of those areas
4  to Vail Lake Dam.  The documents were sent by Third Class Mail, or bulk rate, in order to save costs
5  on the mailing.

6      9.  On April 17, 2008, my office mailed 385 Complaints and Notices by the same means to
7  landowners in the area between Vail Lake Dam and the Pacific Ocean.  This Notice likewise gave the
8  recipients 45 days to return the signed waivers.

9      10.  On April 30, 2008, my office mailed copies of the Complaints and Notices to Rancho
10  California Water District, Eastern Municipal Water District, Western Municipal Water District,
11  Rainbow Municipal Water District, Elsinore Valley Municipal Water District and Fallbrook Public
12  Utility District, and Plaintiff-Intervenor the Pechanga Band of Luiseño Indians.  The Tribes have
13  received waivers from the Eastern Municipal Water District and the Rainbow Municipal Water
14  District.

15      11.  As of the date of this Declaration, my office has received 492 signed waivers from the
16  first group of mailings and 104 for the second group below Vail Lake Dam for a total of 596.  Sixteen
17  pieces of mail have been returned as undeliverable.  Fifty-eight landowner parties have sought and
18  been granted, pursuant to this Court's approval, extensions of time to either return the signed waiver or
19  file an answer or responsive motion.  Twenty parties have filed Answers or otherwise responded to the
20  Complaints.

21      I declare under penalty of perjury that the foregoing is true and correct.
22  Dated: June 23, 2008

                            s/Curtis G. Berkey
                            Curtis G. Berkey