# EXHIBIT A

Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS
& WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor
Ramona Band of Cahuilla*

Susan M. Williams (Pro Hac Vice)
Sarah S. Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87048
Tel: 505/899-7994
Fax: 505/899-7972
E-mail: swilliams@williamsandworks.net

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

Marco Gonzalez (CA State Bar No. 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 1247-SD-C<br><br>**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS** |

TO:

**Why are you getting this?**

The Cahuilla Band of Indians and the Ramona Band of Cahuilla, federally-recognized Indian tribes, have filed claims to senior water rights under federal law to sufficient amounts of water for their present and future needs on their reservations. The claims have been filed in the case known as *United States of America, Ramona Band of Cahuilla and Cahuilla Band of Indians*

Case No.: 05cv1247

*v. Fallbrook Public Utility District, et al.*, Civ. No. 1247-SD-C. It is being heard by the United States District Court for the Southern District of California. A copy of each of the complaints is enclosed. The claims were filed to protect the Tribes' right to water in a time of increasing development and use of water in the area.

The Tribal plaintiffs believe you (or the entity on whose behalf you are addressed) are a party to this case because, according to land title and court records, you are a successor to a landowner on the original list compiled by the court when part of the case was adjudicated in the 1960s. The records show that you (or that entity) own land which overlies groundwater or is adjacent to surface water that is subject to the court's jurisdiction, and that you (or that entity) may hold water rights under the court's prior judgments.

This Notice is not a summons or official notification from the federal court. It is a request that to avoid expenses, you waive formal service of a judicial summons by signing and returning the enclosed waiver form. To avoid these expenses, you must return the signed waiver within 45 days from March 26, 2008, which is the date this notice was sent. Thus, <u>the deadline for us to receive the signed waiver is May 10, 2008</u>. A stamped and addressed envelope is enclosed for your use in returning the waiver form. Please use this envelope in sending it to us. It is not necessary to send the waiver to both attorneys for the Tribes. An extra copy of the waiver is also enclosed for your records. If you own your property with another person or entity, signatures of both are required.

You may be assessed the expenses of service of the summons if you fail to return the signed waiver to us by May 10, 2008, unless you have good cause for failing to do so. Please read carefully the statement concerning the duty of parties to waive service of the summons, which is set forth on the bottom of the waiver form.

**What happens next?**

If you return the signed waiver, we will file it with the court. This lawsuit will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from March 26, 2008 to answer or file a motion in response to

the complaints. If you choose to answer or respond to the Tribes' complaints, you may file a single response to both or a separate response to each.

If we do not receive the signed waiver by May 10, 2008, we will arrange to have the summons and complaint served on you. And we may ask the court to require you or the entity you represent, to pay the expenses of making service.

We certify that this request is being sent to you on March 26, 2008.

Dated: March 26, 2008              ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP


By: s/Curtis Berkey
    Curtis G. Berkey
    Scott W. Williams
    2030 Addison Street, Suite 410
    Berkeley, California 94704
    Tel: 510/548-7070
    Fax: 510/548-7080
    E-mail: cberkey@abwwlaw.com
    E-mail: swilliams@abwwlaw.com

    *Attorneys for Plaintiff-Intervenor,
    Ramona Band of Cahuilla*


WILLIAMS & WORKS, P.A.


By: s/Susan M. Williams
    Susan M. Williams (Pro Hac Vice)
    Sarah S. Works (Pro Hac Vice)
    P.O. Box 1483
    Corrales, NM 87049
    Tel: 505/899-7994
    Fax: 505/899-7972
    E-mail: swilliams@williamsandworks.net

    *Attorneys for Plaintiff-Intervenor,
    Cahuilla Band of Indians*

Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor
Ramona Band of Cahuilla*

Susan M. Williams (Pro Hac Vice)
Sarah S. Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87048
Tel: 505/899-7994
Fax: 505/899-7972
E-mail: swilliams@williamsandworks.net

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

Marco Gonzalez (CA State Bar No. 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

*Attorneys for Plaintiff-Intervenor
Cahuilla Band of Indians*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 51-cv-1247-GT-BB<br><br>**WAIVER OF SERVICE OF SUMMONS** |

**TO:  Curtis Berkey**          **Susan Williams**
**Attorney for the Ramona Band of Cahuilla**   **Attorney for the Cahuilla Band of Indians**

I have received your request to waive service of a summons in this lawsuit, along with a copy of the complaint, two copies of this waiver form and a prepaid means of returning one signed copy of the waiver form to you.

Case No.: 51cv1247

I, or the entity I represent, agree to save the expense of serving a summons and additional copies of the complaints in this lawsuit.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, the venue of the lawsuit, and the water rights claims of the Ramona Band of Cahuilla and the Cahuilla Band of Indians, but that I waive any objections to the absence of a summons, or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from March 26, 2008, the date when this request was sent. If I fail to do so, or do not obtain an extension of time within which to do so, a default judgment will be entered against me or the entity I represent.

**Dated:**

_____
**Signature**

_____
**Printed or Typed Name**

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who, after being notified of a lawsuit and asked by a plaintiff to waive service of a summons, fails to do so **will be required to pay the expenses of service unless the defendant shows good cause for its failure to sign and return the waiver.**

"Good cause" does **not** include a belief that the complaint is groundless, or that the lawsuit has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. If the waiver is signed and returned, you can still make these and all other defenses or objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the Plaintiffs and file a copy with the court. If an answer or motion is not served within this time, or an extension of time to respond is not obtained, a default judgment may be entered against you. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.