**McCARTHY & HOLTHUS, L.L.P.**
DANIEL J. GOULDING, ESQ. (SBN. 120561)
MATTHEW E. PODMENIK, ESQ. (SBN 219364)
1770 Fourth Avenue
San Diego, California 92101
Phone: (619) 243-3964
Facsimile: (619) 685-4811

Attorney for TCIF REO BAR CORP.

UNITED STATES OF AMERICA

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT et al. | CASE NO. 01247-SD-C<br><br>**ANSWER TO THE CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT BY TCIF REO BAR CORP.** |

Comes now Defendant in Intervention, TCIF Bar Corp. ("TCIF") who answers the Cahuilla Band of Indians' ("Cahuilla") First Amended Complaint as Follows:

1. TCIF admits the allegations of paragraphs: 6, 21,

2. TCIF lacks sufficient information to admit or deny the allegations of paragraphs:1,2,3, 4, 5,7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 26, 27, 28, 29, 32, 33, 34, 36, 38, 39and on that basis denies them.

3. TCIF denies the allegations of 18, 19, 20, 30, 35, 37

4. Paragraphs 31 are incorporation paragraphs and no additional responses are required by TCIF.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**Estoppel**

Defendant alleges that Cahuilla is estopped from asserting any rights to quantification of water because of the passage of over 45 years since the interlocutory judgment was entered.

1

## SECOND AFFIRMATIVE DEFENSE

### Changed Circumstances

As a further separate and distince defenses, Cahuilla are estopped from asserting rights to quantification because of changed cirucstances over the last 45 years.

## THIRST AFFIRMATIVE DEFENSE

### No Necessity

Cahuilla can not demonstrate a necessity for any further water for the present and future needs of the reservation.

## FOURTH AFFIRMATIVE DEFENSE

### Laches

TCIF alleges that Cahuilla is barred from recovery by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### Speculation

TCIF alleges that the damages, if any, are too speculative in nature and can not be quantified.

## SIXTH AFFIRMATIVE DEFENSE

### No Damage

TCIF alleges that Cahuilla has no real damage and can not quantify any damage.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to State a Claim

The first amended complaint fails to state a claim upon which relief can be granted.

## EIGTH AFFIRMATIVE DEFENSE

### Limitations

Each and every claim asserted in the first amended complaint is barred by the applicable statute of limitations.

///

///

///

///

### NINTH AFFIRMATIVE DEFENSE
### Reasonable and Beneficial Use

Each and every claim asserted in the first amended complaint is subject to and limited by the reasonable and beneficial use limitations set forth in Article X § 2 of the California Constitution and Water Code § 100.

### TENTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

TCIF alleges that Cahuilla has failed to exercise reasonable care and diligence to mitigate their damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### Unstated Defenses

TCIF alleges that it may have additional unstated affirmative defenses that are presently unknown and will amend its answer if appropriate.

WHEREFORE, TCIF prays for judgment as follows:

1. That judgment be entered in its favor and against Cahuilla;
2. That Cahuilla obtain no relief from TCIF;
3. That TCIF be dismissed with prejudice; and
4. That the court award further relief as deemed just and proper under the circumstances of this case.

Dated this 25th day of June, 2008

Respectfully Submitted,
McCarthy & Holthus, LLP

By: _____
Matthew Podmenik, Esq.
Attorney for IndyMac Bank