Gregory V. Moser (SBN 101137)
John C. Lemmo (SBN 190885)
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
gvm@procopio.com
jl@procopio.com

Attorneys for Defendant
RAINBOW MUNICIPAL WATER DISTRICT

### IN THE UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,<br><br>Defendants. | Case No.: 3:51-CV-01247-GT-RBB<br><br>**DEFENDANT RAINBOW MUNICIPAL WATER DISTRICT'S ANSWER TO THE RAMONA BAND OF CAHUILLA'S FIRST AMENDED COMPLAINT IN INTERVENTION** |

  Rainbow Municipal Water District ("Rainbow"), a municipal corporation, answers the First Amended Complaint in Intervention of the Ramona Band of Cahuilla, Cahuilla Band of Indians ("Plaintiff-Intervenor") as follows:

  1. Rainbow answers that documents filed with or issued by the Court speak for themselves. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 1 of the Complaint, and therefore denies the same.

  2. Rainbow answers that the provisions cited speak for themselves and grant this Court jurisdiction over the specified matters and that the scope of the Court's continuing jurisdiction is stated in the Final Judgment and Decree.

1        3.   Rainbow admits that if federal jurisdiction is proper, venue in this Court is proper.

2        4.   Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same. Rainbow denies that its actions cause an on-going unlawful interference with the Band's federal reserved water rights.

3        5.   Rainbow admits that it is a municipal water district, denies that its use or rights to use water impair the rights of the Ramona Band, and is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 5 of the Complaint, and therefore denies the same.

4        6.   Rainbow answers that documents issued by the Court speak for themselves. Rainbow denies that the Court has continuing jurisdiction over all claims made by Plaintiff-Intervenor.

5        7.   Rainbow answers that documents issued by the Court speak for themselves.

6        8.   Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

7        9.   Rainbow denies the allegations in paragraph 9 of the Complaint as those allegations pertain to Rainbow's alleged conduct, and is without knowledge or information sufficient to form a belief as to the truth of other allegations in paragraph 9, and therefore denies the same.

8        10.  Rainbow repeats and realleges its responses to the allegations contained in paragraphs 1 through 9.

9        11.  Rainbow denies the allegations in paragraph 11 of the Complaint.

10       12.  Rainbow denies the allegations in paragraph 12 of the Complaint.

11       13.  Rainbow denies the allegations in paragraph 13 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1.   Plaintiff-Intervenor's claims are barred for failure to state a claim upon which relief may be granted.

2.   Plaintiff-Intervenor's claims are barred on the ground of estoppel.

3. Plaintiff-Intervenor's claims are barred, in whole or in part, by the applicable statute(s) of limitations

4. Plaintiff-Intervenor's claims are barred, in whole or in part by the doctrine of laches.

5. Plaintiff-Intervenor has not sustained any losses, damages, or detriment as a result of any alleged acts or omissions of Rainbow.

6. Plaintiff-Intervenor's claims are barred on the ground of waiver.

7. Plaintiff-Intervenor's claims are barred because Plaintiff's alleged injury, if any, is the result, in whole or in part, of its own actions.

8. Plaintiff-Intervenor's claims are barred as against public policy.

9. Plaintiff-Intervenor's claims are barred because there is no threat of future harm sufficient to justify injunctive, declaratory, or other relief.

10. Plaintiff-Intervenor's claims for injunctive relief are barred because of the availability of an adequate remedy at law.

11. Plaintiff-Intervenor has not stated a proper claim for the recovery of reasonable attorneys' fees and costs for prosecution of this case.

WHEREFORE, Rainbow respectfully requests that the Honorable Court enter a judgment in favor of Rainbow and against Plaintiff-Intervenor, and award Rainbow its costs, reasonable attorneys' fees, and such other and further relief as the Court may find appropriate.

DATED: June 27, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ John C. Lemmo
John C. Lemmo
Attorneys for Defendant
RAINBOW MUNICIPAL WATER DISTRICT