Gregory V. Moser (SBN 101137)
John C. Lemmo (SBN 190885)
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
gvm@procopio.com
jl@procopio.com

Attorneys for Defendant
RAINBOW MUNICIPAL WATER DISTRICT

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>CAHUILLA BAND OF INDIANS, a federally recognized Indian tribe,<br><br>    Proposed Plaintiff<br>    In Intervention,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,<br><br>    Defendants. | Case No.: 3:51-CV-01247-GT-RBB<br><br>**DEFENDANT RAINBOW MUNICIPAL WATER DISTRICT'S ANSWER TO THE CAHUILLA BAND OF INDIANS' FIRST AMENDED COMPLAINT IN INTERVENTION** |

    Rainbow Municipal Water District ("Rainbow"), a municipal corporation, answers the First Amended Complaint in Intervention of the Cahuilla Band of Indians ("Plaintiff-Intervenor") as follows:

    1.    Rainbow acknowledges that an action was filed, but is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 1 of the Complaint, and therefore denies the same.

    2.    Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3. Rainbow denies that paragraph 3 properly describes the Court's ruling in the Interlocutory Judgment.

4. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. Rainbow answers that the provisions cited speak for themselves, and grant this Court jurisdiction over the specified matters. Rainbow denies that an actual controversy exists between the parties.

7. Rainbow admits that if federal jurisdiction is proper, venue in this Court is proper.

8. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Rainbow admits that the Interlocutory Judgment so states.

10. Rainbow admits that the Interlocutory Judgment so states.

11. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. Rainbow acknowledges that it is a municipal water district Rainbow, but it is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 15 of the Complaint, and therefore denies the same.

16. Rainbow denies the allegations in paragraph 16 of the Complaint as those allegations pertain to Rainbow's use of water, and is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 16 of the Complaint as to other defendants, and therefore denies the same.

17.     Rainbow denies the allegations in paragraph 17 of the Complaint as those allegations pertain to Rainbow's use of water, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint as to other defendants, and therefore denies the same.

18.     Rainbow denies the allegations in paragraph 18 of the Complaint as those allegations pertain to Rainbow's conduct, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint relating to other defendants, and therefore denies the same.

19.     Rainbow denies the allegations in paragraph 19 of the Complaint as those allegations pertain to Rainbow's conduct, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint relating to other defendants, and therefore denies the same.

20.     Rainbow denies the allegations in paragraph 20 of the Complaint as those allegations pertain to Rainbow's conduct, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint relating to other defendants, and therefore denies the same.

21.     Rainbow admits that the Interlocutory Judgment was entered in 1962.

22.     Rainbow admits that the Interlocutory Judgment so states.

23.     Rainbow admits that the Interlocutory Judgment so states.

24.     Rainbow admits that the Interlocutory Judgment so states.

25.     Rainbow admits that the Interlocutory Judgment so states.

26.     Rainbow admits that the Interlocutory Judgment so states.

27.     Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies the same.

28.     Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29. Rainbow denies the allegations in paragraph 29 of the Complaint as those allegations pertain to Rainbow's conduct, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint relating to other defendants, and therefore denies the same.

30. Rainbow denies the allegations in paragraph 30 of the Complaint as those allegations pertain to Rainbow's conduct, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint relating to other defendants, and therefore denies the same.

31. Rainbow repeats and realleges its responses to the allegations contained in paragraphs 1 through 30.

32. Rainbow denies the allegations in paragraph 32 of the Complaint..

33. Rainbow denies the allegations in paragraph 33 of the Complaint.

34. Rainbow denies the allegations in paragraph 34 of the Complaint.

35. Rainbow denies the allegations in paragraph 35 of the Complaint.

36. Rainbow denies the allegations in paragraph 36 of the Complaint.

37. Rainbow denies that it withdraws groundwater underlying the Reservation, and denies the other allegations in paragraph 37 of the Complaint.

38. Rainbow denies the allegations in paragraph 38 of the Complaint.

39. Rainbow denies the allegations in paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff-Intervenor's claims are barred for failure to state a claim upon which relief may be granted.

2. Plaintiff-Intervenor's claims are barred on the ground of estoppel.

3. Plaintiff-Intervenor's claims are barred, in whole or in part, by the applicable statute(s) of limitations

4. Plaintiff-Intervenor's claims are barred, in whole or in part by the doctrine of laches.

5. Plaintiff-Intervenor has not sustained any losses, damages, or detriment as a result of any alleged acts or omissions of Rainbow.

6. Plaintiff-Intervenor's claims are barred on the ground of waiver.

7. Plaintiff-Intervenor's claims are barred because Plaintiff's alleged injury, if any, is the result, in whole or in part, of its own actions.

8. Plaintiff-Intervenor's claims are barred by the doctrine of unclean hands.

9. Plaintiff-Intervenor's claims are barred as against public policy.

10. Plaintiff-Intervenor's claims are barred because there is no threat of future harm sufficient to justify injunctive, declaratory, or other relief.

11. Plaintiff-Intervenor's claims for injunctive relief are barred because of the availability of an adequate remedy at law.

12. Plaintiff-Intervenor has not stated a proper claim for the recovery of reasonable attorneys' fees and costs for prosecution of this case.

WHEREFORE, Rainbow respectfully requests that the Honorable Court enter a judgment in favor of Rainbow and against Plaintiff-Intervenor, and award Rainbow its costs, reasonable attorneys' fees, and such other and further relief as the Court may find appropriate.

DATED: June 27, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ John C. Lemmo
John C. Lemmo
Attorneys for Defendant
RAINBOW MUNICIPAL WATER DISTRICT