1   Michael L. Tidus, Bar No. 126425
    mtidus@jdtplaw.com
2   Michele A. Staples, Bar No. 144392
    mstaples@jdtplaw.com
3   Paige H. Gosney, Bar No. 252830
    pgosney@jdtplaw.com
4   JACKSON, DeMARCO, TIDUS & PECKENPAUGH
    2030 Main Street, Suite 1200
5   Irvine, California 92614
    Tel: (949) 752-8585
6   Fax: (949) 752-0597

7   Attorneys for Specially Appearing Defendants
    Domenigoni-Barton Properties, Jean Domenigoni as
8   Trustee for the Francis N. and Jean Domenigoni Trust,
    Elsa E. Barton as Trustee for the Elsa E. Barton Trust,
9   Andy Domenigoni as Co-Trustee for the L.G.D.
    Irrevocable Trust, Donald Domenigoni as Co-Trustee
10  for the L.G.D. Irrevocable Trust, Andy Domenigoni
    as Co-Trustee for the A & C Domenigoni Family
11  Trust, Cindy Domenigoni as Co-Trustee for the A &
    C Domenigoni Family Trust, Donald Lee Domenigoni
12  as Trustee for the Donald Lee Domenigoni Trust,
    Steven Domenigoni as Trustee of the S & K
13  Domenigoni Revocable Trust, and Kim Domenigoni
    as Trustee of the S & K Domenigoni Revocable Trust

14

15              UNITED STATES DISTRICT COURT

16          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

17

18  UNITED STATES OF AMERICA,          CASE NO. CIV. 51-1247-SD-GT

                Plaintiff,             **DECLARATION OF MICHELE A.
19                                     STAPLES IN SUPPORT OF NOTICE OF
                                       NON-SERVICE OF SUMMONS AND
20  vs.                                FIRST AMENDED COMPLAINTS IN
                                       INTERVENTION OF CAHUILLA BAND
21  FALLBROOK PUBLIC UTILITY           AND RAMONA BAND OF CAHUILLA
    DISTRICT, a public service corporation of  INDIANS PURSUANT TO RULE 4 OF
22  the State of California, et al.     THE FEDERAL RULES OF CIVIL
                                       PROCEDURE BY DOMENIGONI-
                Defendants.            BARTONS**
23

24

25

26

27

28

                                    -1-                    Civ. 51-1247-SD-GT
    DECLARATION OF MICHELE A. STAPLES IN SUPPORT OF NOTICE OF NON-SERVICE

## DECLARATION OF MICHELE A. STAPLES

I, Michele A. Staples, declare.

1.      I am an attorney with the law firm of Jackson, DeMarco, Tidus & Peckenpaugh, attorneys for Specially Appearing Defendants Domenigoni-Barton Properties, Jean Domenigoni as Trustee for the Francis N. and Jean Domenigoni Trust, Elsa E. Barton as Trustee for the Elsa E. Barton Trust, Andy Domenigoni as Co-Trustee for the L.G.D. Irrevocable Trust, Donald Domenigoni as Co-Trustee for the L.G.D. Irrevocable Trust, Andy Domenigoni as Co-Trustee for the A & C Domenigoni Family Trust, Cindy Domenigoni as Co-Trustee for the A & C Domenigoni Family Trust, Donald Lee Domenigoni as Trustee for the Donald Lee Domenigoni Trust, Steven Domenigoni as Trustee of the S & K Domenigoni Revocable Trust, and Kim Domenigoni as Trustee of the S & K Domenigoni Revocable Trust (collectively, "Domenigoni-Bartons"). The following facts are of my own personal knowledge and, except as stated otherwise, if called as a witness, I could and would testify competently thereto.

2.      This declaration is made in support of the Notice of Non-Service of Summons and First Amended Complaints in Intervention of Cahuilla Band and Ramona Band of Cahuilla Indians (collectively, "Tribes") Pursuant to Rule 4 of the Federal Rules of Civil Procedure by the Domenigoni-Bartons ("Notice of Non-Service"), filed concurrently herewith.

3.      On November 17, 2006, I prepared and filed on behalf of Jean Domenigoni, Francis N. and Jean Domenigoni Trust, and Cindy and Andy Domenigoni, a response to the Ramona Band of Cahuilla's motion to intervene summarizing the Domenigoni-Bartons' water rights under the above-captioned proceeding *U.S.A. v. Fallbrook Public Utility District, et al.* (Case No. 51-1247-SD) (the "Adjudication"), and setting forth the reasons why any action by the Ramona Tribe to quantify, regulate, or protect its rights to water on the Ramona Reservation in Anza should have no effect on the water rights or the use of water on the Domenigoni-Barton lands ("Response to Motion to Intervene"). A true and correct copy of the Response to Motion to Intervene is attached hereto as Exhibit A.

4.      On August 17, 2007, in response to the First Amended Complaints in Intervention (collectively referred to as the "Complaints"), filed by the Tribes on July 2, 2007 (Ramona), and

DECLARATION OF MICHELE A. STAPLES IN SUPPORT OF NOTICE OF NON-SERVICE

1   July 9, 2007 (Cahuilla), I prepared and sent to the Tribes' respective counsel a Request for

2   Voluntary Dismissal, together with the Response to Motion to Intervene summarizing the

3   Domenigoni-Bartons' water rights under the Adjudication (collectively, "Request for Dismissal").

4   A true and correct copy of the Request for Dismissal is attached hereto as Exhibit B.

5        5.     The Tribes declined to voluntarily dismiss the Domenigoni-Bartons from these

6   proceedings at that time.

7        6.     On June 9, 2008, I received confirmation from Paige H. Gosney that the

8   Domenigoni-Bartons were not included on the document entitled "List of Property Owners –

9   Notice Mailed on April 17, 2008" ("April 17 Service List") received from counsel for the

10   Ramona Band of Cahuilla Indians, Curtis Berkey, on June 9, 2008 (*see* Declaration of Paige H.

11   Gosney, ¶ 10, filed concurrently herewith), and purporting to list the names of all parties served

12   by the Tribes as part of the second phase of service mailings on April 17, 2008.

13        7.     Shortly thereafter, on June 12, 2008, I contacted Mr. Berkey to inform him that the

14   Domenigoni-Bartons were omitted from the April 17 Service List that they had not otherwise

15   been served with the Notice of Lawsuit and Request for Waiver of Service of Summons

16   ("Request for Waiver").

17        8.     During that conversation, I asked Mr. Berkey whether the Tribes agreed with the

18   Domenigonis' analysis that they should not be a party to the Tribes' Complaints because the

19   Domenigonis' water use does not physically impair the Tribes' water use in Anza.  Mr. Berkey

20   responded that he would check into the matter and would get back to me.

21        9.     On June 17, 2008, having received no further response from Mr. Berkey on the

22   matter, I again asked him for the status of his review of the Domenigoni-Bartons' non-service.

23   Mr. Berkey again responded that he would check into the reason for the omission and would call

24   me back.

25   / / /

26   / / /

27   / / /

28   / / /

**DECLARATION OF MICHELE A. STAPLES IN SUPPORT OF NOTICE OF NON-SERVICE**

1    10.    At present, I have not received any information from Mr. Berkey regarding the

2  Domenigoni-Bartons' omission from the March 26 and April 17 Service Lists, and/or whether the

3  Tribes agree that the Domenigoni-Bartons are not proper parties to the Tribes' Complaints.

4       I declare under penalty of perjury that the foregoing is true and correct.

5       Executed this 10th day of July, 2008, in Irvine, California.

6

7                                                    /s/
                                                     Michele A. Staples

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MICHELE A. STAPLES IN SUPPORT OF NOTICE OF NON-SERVICE**

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

4

CM/ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of record

5

will be served by facsimile transmission and/or first class mail on July 10, 2008.

6

7                                            /s/ Paige H. Gosney

8

9

10    797226.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MICHELE A. STAPLES IN SUPPORT OF NOTICE OF NON-SERVICE**

# EXHIBIT A

1  Michael L. Tidus, Bar No. 126425
   Michele A. Staples, Bar No. 144392
2  Benjamin T Benumof, Bar No. 227340
   JACKSON, DeMARCO, TIDUS &
3  PECKENPAUGH
   2030 Main Street, Suite 1200
4  Irvine, California 92614
   Tel: (949) 752-8585
5  Fax: (949) 752-0597
   E-Mail: mtidus@jdtplaw.com
6  E-Mail: mstaples@jdtplaw.com
   E-Mail: bbenumof@jdtplaw.com
7
   Attorneys for Defendants
8  Jean Domenigoni, Francis N. and Jean Domenigoni
   Trust, and Cindy and Andy Domenigoni
9

10              UNITED STATES DISTRICT COURT

11        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,           CASE NO. CIVIL NO. 51-1247-SD-GT

    Plaintiff,                          **DOMENIGONI'S RESPONSE TO**
14                                       **RAMONA BAND OF CAHUILLA'S**
    RAMONA BAND OF CAHUILLA,            **MOTION TO INTERVENE**
15
    Proposed Plaintiff-Intervenor.
16
    vs.                                 Date:    December 4, 2006
17                                       Time:    2:00 p.m.
    FALLBROOK PUBLIC UTILITY            Room:    8 – Third Floor
18  DISTRICT, a public service corporation   Judge:   Hon. Gordon Thompson
    of the State of California, et al.
19
    Defendants.
20

21

22

23

24

25

26

27

28

                                    -1-                         4064-28901\ 671924.2

DOMENIGONI'S RESPONSE TO CAHUILLA'S MOTION TO INTERVENE

7

11–17–06

1    Defendants Jean Domenigoni, Francis N. and Jean Domenigoni Trust, and Cindy and

2    Andy Domenigoni (collectively, "Domenigoni") submits this Response to the Ramona Band

3    of Cahuilla's Motion to Intervene.

4    **1.    INTRODUCTION.**

5    For the reasons discussed below, any action to quantify, regulate, or protect the right

6    to water on the Ramona Reservation should have no effect on the water rights or the use of

7    water on the Domenigoni lands.  Thus, Domenigoni does not object to the motion to

8    intervene.

9    **2.    BACKGROUND AND HISTORY OF WATER RIGHTS ADJUDICATION.**

10   The Domenigoni lands overlie groundwater resources that have been determined to be,

11   under certain circumstances, sufficiently connected to surface flows considered part of the

12   Santa Margarita River system.  In this Adjudication, the District Court knew that the water

13   rights of all of the parties did not necessarily affect the rights of all of the other parties in the

14   stream system.  In order to make the hearings and rulings more manageable, the Court

15   divided its fact-finding and legal conclusions into a number of discrete judgments addressing

16   geographic sub-areas.  Each of these judgments was issued as an Interlocutory Judgment, and

17   the entire group of Interlocutory Judgments was approved and incorporated into the District

18   Court's final judgment and decree in 1963.

19   Each Interlocutory Judgment typically addressed a particular tributary or tributary

20   system or groundwater basin and described surface flows and groundwater contained within

21   the different geologic formations occurring throughout the region.  Each Interlocutory

22   Judgment therefore made findings of fact and conclusions of law about the water rights in that

23   sub-region and how the water and the rights to the use of the water were connected to the rest

24   of the watershed.

25   **3.    EXERCISE OF THE DOMENIGONI WATER RIGHTS DOES NOT AFFECT
26   WATER RIGHTS IN THE ANZA BASIN, AND VISA VERSA.**

27   In the Interlocutory Judgment that described Domenigoni's rights and the rights of the

28   other owners of property in the Domenigoni Valley, the Court found that groundwater in the

-2-                              4064-28901\ 671924.2

DOMENIGONI'S RESPONSE TO CAHUILLA'S MOTION TO INTERVENE          8

1   basin underlying the valley was a part of the Santa Margarita River system, but in a limited

2   way because subsurface flow was cut off from the larger Murrieta-Temecula Ground Water

3   Basin by a bedrock lip so long as groundwater elevations remained below the elevation of

4   that bedrock lip (Interlocutory Judgment 36).

5        The court made analogous findings and conclusions regarding water and the rights to

6   use water in the Anza Ground Water Basin, which underlies the Ramona Reservation at issue

7   in the Cahuilla's pending Motion to Intervene ("Reservation"). These findings and

8   conclusions, as well as the related maps attached as exhibits to the Interlocutory Judgments,

9   make it clear that water use in Domenigoni Valley and the Anza Basin do not have any

10  legally cognizable effect on each other.

11       In Interlocutory Judgment 41, the Court described the Ramona Reservation as being in

12  the northeastern most corner of the Santa Margarita River watershed. The Reservation is

13  above Vail Dam, in the Temecula Creek watershed. The Domenigoni lands, in contrast, lie

14  near the center of the northern edge of the watershed, more than 15 miles west and north of

15  the Reservation, and are in a different tributary system of the Santa Margarita River, by way

16  of Murrieta Creek.

17       The Court found that there was no surface flow on the Reservation except for storm

18  flows. Any groundwater occurring in the shallow alluvial deposits underlying the

19  Reservation were found to be a part of the stream system, in that they "add to, contribute to

20  and support the Santa Margarita River stream system." The Court described the shallow

21  alluvial deposits underlying the Reservation as being part of the Anza Ground Water Basin

22  (Finding of Fact # 7 and Conclusion of Law #2, Interlocutory Judgment 41). Thus, the Court

23  distinguished these deposits from the larger Murrieta-Temecula Ground Water Basin that it

24  described in Interlocutory Judgment 30. In contrast, the Court found that part of the

25  Pechanga Reservation does lie within the Murrieta-Temecula Ground Water Basin (Finding

26  of Fact #33, Interlocutory Judgment 41) , but made no such finding with respect to the

27  Ramona Reservation.

28       In Interlocutory Judgment 33, the Court specifically addressed the Anza and Cahuilla

-3-

4064-28901\ 671924.2

Ground Water Basins.  In its findings, the Court recognized groundwater occurring in three geologic formations, a shallow alluvial aquifer, a deep alluvial aquifer, and fractured bedrock. The fractured bedrock aquifer was found not to be a part of the Santa Margarita River system. The deep alluvial aquifer was found to flow out of the watershed under natural conditions, although this movements had already been arrested by production from wells in the Anza Basin. Groundwater in the shallow alluvial basin was found to move in a general southwesterly direction (Finding of Fact #4, Interlocutory Judgment 33).   Thus, groundwater movement in the Anza Basin is generally away from the Domenigoni lands.

Importantly, the Court found that the source of groundwater in the Anza Basin is runoff from precipitation in the Anza Basin (Finding of Fact #6, Interlocutory Judgment 33). The Court did not find contribution to groundwater flow in the Anza Basin from other areas, such as the Domenigoni Valley.

Furthermore, any theoretical underground connection between the sub-basins in Anza and Domenigoni Valley would have long since been disrupted by the construction and filling of Diamond Valley Reservoir by the Metropolitan Water District of Southern California.

## 4.   CONCLUSION.

Any action to quantify, regulate, or protect the right to water on the Reservation should have no effect on the water rights or the use of water on the Domenigoni lands.  Thus, Domenigoni does not object to the motion to intervene.

DATED:  November 17, 2006        Respectfully submitted,

JACKSON, DeMARCO, TIDUS & PECKENPAUGH

MICHAEL L. TIDUS
MICHELE A. STAPLES
BENJAMIN T. BENUMOF

By: _Michele A. Staples_
Michele A. Staples
Attorneys for Defendants
Jean Domenigoni, Francis N. and Jean
Domenigoni Trust, and Cindy and Andy
Domenigoni

-4-

4064-28901\ 671924.2

**EXHIBIT B**

# Jackson | DeMarco | Tidus
# Petersen | Peckenpaugh

### A   L A W   C O R P O R A T I O N

August 17, 2007

Direct Dial:   949.851.7409
Email:      mstaples@jdtplaw.com
Reply to:    Irvine Office
File No:     4064-28901

| | |
|---|---|
| **VIA OVERNIGHT**<br><br>Curtis G. Berkey<br>Alexander, Berkey, Williams & Weathers, LLP<br>2030 Addison Street, Suite 410<br>Berkeley, CA 94704-2642 | Rory R. Wicks<br>COAST LAW GROUP LLP<br>169 Saxony Road, Suite 204<br>Encinitas, CA 92024 |
| Susan M. Williams<br>WILLIAMS & WORKS, P.A.<br>P.O. Box 1483<br>Corrales, NM 87049 | |

Re:    **Request for Dismissal of Domenigonis**
          *United States of America v. Fallbrook Public Utility District, et al.*
          **United States District Court Case No. 51-1247-SD-GT**

Dear Counsel:

We represent the Domenigonis in the above-referenced proceedings. As we recently discussed, the Ramona Band's and Cahuilla Band's (collectively, "Tribes") Complaints-In-Intervention ("Complaints") have no connection to the Domenigonis' property or the groundwater that the Domenigoni family extracts. At the July 16, 2007, Court hearing, Mr. Berkey stated that the Ramona Band's claims were solely limited to the Anza Basin, a distinct groundwater area that has no legally cognizable relation to Domenigoni Valley, where the Domenigonis' property exists. Based on our understanding of the Cahuilla Band's Complaint and property location/hydrogeologic setting, the Cahuilla Band is similarly situated.

In addition, in the Tribes' joint reply brief filed in support of the Tribes' joint motion regarding the appropriate method of service, the Tribes have made it clear that they are not seeking to expand the Court's jurisdiction beyond the rulings in Interlocutory Judgment No. 33 or related decisions. It is our belief that pursuing the pending litigation against the Domenigoni family would be completely outside the scope of the Complaints and the Court's prior rulings, and therefore unsupportable.

In lieu of the Domenigonis filing either a motion to dismiss or motion for summary judgment (motions that will only consume unnecessary time and resources), we request that the

Mr. Curtis Berkey
Mr. Rory Wicks
Ms. Susan Williams
August 17, 2007
Page 2

Tribes each: (a) please review our attached summary of the Domenigonis' water rights, which we prepared based on the Court's previous Interlocutory Judgments, and which we filed with the Court in response to the Tribes' initial motions to intervene; and (b) execute and file the enclosed notices of dismissal with the Court pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

We are confident that the Tribes will concur with our analysis that the Tribes' respective Complaints have no connection to the Domenigoni family property or the groundwater that the Domenigoni family extracts pursuant to its Court-adjudicated water rights. If you wish to discuss any aspect of our analysis, please feel free to call.

Very truly yours,

Michele A. Staples

MAS:gh
Enclosures


cc:    Mr. Charles Binder (w/ Encls.)

1  Michael L. Tidus, Bar No. 126425
   Michele A. Staples, Bar No. 144392
2  Benjamin T Benumof, Bar No. 227340
   JACKSON, DeMARCO, TIDUS &
3  PECKENPAUGH
   2030 Main Street, Suite 1200
4  Irvine, California 92614
   Tel: (949) 752-8585
5  Fax: (949) 752-0597
   E-Mail: mtidus@jdtplaw.com
6  E-Mail: mstaples@jdtplaw.com
   E-Mail: bbenumof@jdtplaw.com
7
   Attorneys for Defendants
8  Jean Domenigoni, Francis N. and Jean Domenigoni
   Trust, and Cindy and Andy Domenigoni
9

10              UNITED STATES DISTRICT COURT

11          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,            CASE NO. CIVIL NO. 51-1247-SD-GT

14              Plaintiff,               **DOMENIGONI'S RESPONSE TO
                                         RAMONA BAND OF CAHUILLA'S
15  RAMONA BAND OF CAHUILLA,             MOTION TO INTERVENE**

16         Proposed Plaintiff-Intervenor.

17  vs.                                  Date:   December 4, 2006
                                         Time:   2:00 p.m.
18  FALLBROOK PUBLIC UTILITY             Room:   8 – Third Floor
    DISTRICT, a public service corporation  Judge:  Hon. Gordon Thompson
19  of the State of California, et al.

20            Defendants.

21

22

23

24

25

26

27

28

                        -1-                    4064-28901\671924.2
    DOMENIGONI'S RESPONSE TO CAHUILLA'S MOTION TO INTERVENE

14

11-17-06

1  Defendants Jean Domenigoni, Francis N. and Jean Domenigoni Trust, and Cindy and

2  Andy Domenigoni (collectively, "Domenigoni") submits this Response to the Ramona Band

3  of Cahuilla's Motion to Intervene.

4  **1.    INTRODUCTION.**

5  For the reasons discussed below, any action to quantify, regulate, or protect the right

6  to water on the Ramona Reservation should have no effect on the water rights or the use of

7  water on the Domenigoni lands.  Thus, Domenigoni does not object to the motion to

8  intervene.

9  **2.    BACKGROUND AND HISTORY OF WATER RIGHTS ADJUDICATION.**

10  The Domenigoni lands overlie groundwater resources that have been determined to be,

11  under certain circumstances, sufficiently connected to surface flows considered part of the

12  Santa Margarita River system.  In this Adjudication, the District Court knew that the water

13  rights of all of the parties did not necessarily affect the rights of all of the other parties in the

14  stream system.  In order to make the hearings and rulings more manageable, the Court

15  divided its fact-finding and legal conclusions into a number of discrete judgments addressing

16  geographic sub-areas.  Each of these judgments was issued as an Interlocutory Judgment, and

17  the entire group of Interlocutory Judgments was approved and incorporated into the District

18  Court's final judgment and decree in 1963.

19  Each Interlocutory Judgment typically addressed a particular tributary or tributary

20  system or groundwater basin and described surface flows and groundwater contained within

21  the different geologic formations occurring throughout the region.  Each Interlocutory

22  Judgment therefore made findings of fact and conclusions of law about the water rights in that

23  sub-region and how the water and the rights to the use of the water were connected to the rest

24  of the watershed.

25  **3.    EXERCISE OF THE DOMENIGONI WATER RIGHTS DOES NOT AFFECT**
   **WATER RIGHTS IN THE ANZA BASIN, AND VISA VERSA.**

26

27  In the Interlocutory Judgment that described Domenigoni's rights and the rights of the

28  other owners of property in the Domenigoni Valley, the Court found that groundwater in the

-2-

4064-28901\ 671924.2

DOMENIGONI'S RESPONSE TO CAHUILLA'S MOTION TO INTERVENE          15

1   basin underlying the valley was a part of the Santa Margarita River system, but in a limited

2   way because subsurface flow was cut off from the larger Murrieta-Temecula Ground Water

3   Basin by a bedrock lip so long as groundwater elevations remained below the elevation of

4   that bedrock lip (Interlocutory Judgment 36).

5        The court made analogous findings and conclusions regarding water and the rights to

6   use water in the Anza Ground Water Basin, which underlies the Ramona Reservation at issue

7   in the Cahuilla's pending Motion to Intervene ("Reservation").  These findings and

8   conclusions, as well as the related maps attached as exhibits to the Interlocutory Judgments,

9   make it clear that water use in Domenigoni Valley and the Anza Basin do not have any

10  legally cognizable effect on each other.

11       In Interlocutory Judgment 41, the Court described the Ramona Reservation as being in

12  the northeastern most corner of the Santa Margarita River watershed.  The Reservation is

13  above Vail Dam, in the Temecula Creek watershed.  The Domenigoni lands, in contrast, lie

14  near the center of the northern edge of the watershed, more than 15 miles west and north of

15  the Reservation, and are in a different tributary system of the Santa Margarita River, by way

16  of Murrieta Creek.

17       The Court found that there was no surface flow on the Reservation except for storm

18  flows.  Any groundwater occurring in the shallow alluvial deposits underlying the

19  Reservation were found to be a part of the stream system, in that they "add to, contribute to

20  and support the Santa Margarita River stream system."  The Court described the shallow

21  alluvial deposits underlying the Reservation as being part of the Anza Ground Water Basin

22  (Finding of Fact # 7 and Conclusion of Law #2, Interlocutory Judgment 41).  Thus, the Court

23  distinguished these deposits from the larger Murrieta-Temecula Ground Water Basin that it

24  described in Interlocutory Judgment 30.  In contrast, the Court found that part of the

25  Pechanga Reservation does lie within the Murrieta-Temecula Ground Water Basin (Finding

26  of Fact #33, Interlocutory Judgment 41) , but made no such finding with respect to the

27  Ramona Reservation.

28       In Interlocutory Judgment 33, the Court specifically addressed the Anza and Cahuilla

-3-

DOMENIGONI'S RESPONSE TO CAHUILLA'S MOTION TO INTERVENE       16

1    Ground Water Basins.  In its findings, the Court recognized groundwater occurring in three

2    geologic formations, a shallow alluvial aquifer, a deep alluvial aquifer, and fractured bedrock.

3    The fractured bedrock aquifer was found not to be a part of the Santa Margarita River system.

4    The deep alluvial aquifer was found to flow out of the watershed under natural conditions,

5    although this movements had already been arrested by production from wells in the Anza

6    Basin. Groundwater in the shallow alluvial basin was found to move in a general

7    southwesterly direction (Finding of Fact #4, Interlocutory Judgment 33).   Thus, groundwater

8    movement in the Anza Basin is generally away from the Domenigoni lands.

9          Importantly, the Court found that the source of groundwater in the Anza Basin is

10   runoff from precipitation in the Anza Basin (Finding of Fact #6, Interlocutory Judgment 33).

11   The Court did not find contribution to groundwater flow in the Anza Basin from other areas,

12   such as the Domenigoni Valley.

13         Furthermore, any theoretical underground connection between the sub-basins in Anza

14   and Domenigoni Valley would have long since been disrupted by the construction and filling

15   of Diamond Valley Reservoir by the Metropolitan Water District of Southern California.

16   **4.      CONCLUSION.**

17         Any action to quantify, regulate, or protect the right to water on the Reservation should

18   have no effect on the water rights or the use of water on the Domenigoni lands.  Thus,

19   Domenigoni does not object to the motion to intervene.

20   DATED:  November 17, 2006        Respectfully submitted,

21                                   JACKSON, DeMARCO, TIDUS & PECKENPAUGH

22                                        MICHAEL L. TIDUS
                                         MICHELE A. STAPLES
23                                       BENJAMIN T. BENUMOF

24                                   By:  _Michele A. Staples_

25                                        Michele A. Staples
                                         Attorneys for Defendants
26                                       Jean Domenigoni, Francis N. and Jean
                                         Domenigoni Trust, and Cindy and Andy
27                                       Domenigoni

28

                                         -4-                    4064-28901\ 671924.2

Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 505/548-7070
Fax: 505/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

Attorneys for Proposed Plaintiff-Intervenor
Ramona Band of Cahuilla

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br><br>         Proposed Plaintiff-<br>         Intervenor<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation of<br>the State of California, et al.,<br><br>         Defendants. | CIVIL NO.: 51-1247-SD-GT<br><br>**NOTICE OF VOLUNTARY DISMISSAL**<br><br>The Honorable Gordon Thompson Jr. |

NOTICE OF VOLUNTARY DISMISSAL

724328.1

Case No. 1247-SD-C

18

1          NOTICE IS HEREBY GIVEN that, pursuant to Rule 41 (a) of the Federal Rules of

2   Civil Procedure, Plaintiff in Intervention, the Cahuilla Band of Indians voluntarily dismisses

3   Defendants Francis N. and Jean Domenigoni Family Trust; Elsa Barton, Domenigoni - Barton

4   Properties; Fred Domenigoni (deceased); Andy and Cindy Domenigoni, owners of the parcels

5   noted below, from their Complaint in Intervention with prejudice.

6
- APN 466-150-007
- APN 466-160-013
7
- APN 466-160-014
8
- APN 466-160-015
- APN 466-160-016
9
- APN 466-170-023
- APN 466-170-024
10
- APN 466-180-018
11
- APN 466-240-002
- APN 466-240-003
12
- APN 466-240-004
- APN 466-170-026
13
- APN 472-100-010
- APN 472-100-011
14
- APN 472-100-012
15
- APN 472-100-013
- APN 472-100-014
16

    - APN 466-250-006
- APN 466-250-027
- APN 466-260-001
- APN 466-320-018
- APN 466-320-026
- APN 466-320-027
- APN 466-320-028
- APN 466-320-029
- APN 466-320-030
- APN 466-320-031
- APN 466-320-032
- APN 466-160-007

    - APN 466-330-009
- APN 466-330-010
- APN 466-330-011
- APN 466-330-012
- APN 466-330-013
- APN 472-070-001
- APN 472-110-001
- APN 472-120-001
- APN 472-120-002
- APN 472-120-003
- APN 472-130-001
- APN 472-130-002

17   DATED:  August 17, 2007      Respectfully submitted,

18                           ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP

19

20

21                       By: _____

22                               Curtis G. Berkey
                                 Scott W. Williams

23                               2030 Addison Street, Suite 410
                                 Berkeley, California 94707

24                               Tel: (510) 548-7070
                                 Fax: (510) 548-7080

25

26                               Attorneys for Plaintiff-Intervenor,
                                 Ramona Band of Cahuilla

27

28

-2-

724328.1

Marco A. Gonzalez (State Bar No. 190832)
Rory R. Wicks (State Bar No. 85340)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: (760) 942-8505
Fax: (760) 942-8515
marco@coastlawgroup.com

Susan M. Williams (Pro Hac Vice)
Sarah S., Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87049
Tel: (505) 899-7994
Fax: (505) 899=7972
swilliams@williamsandworks.net

Attorneys for Proposed Plaintiff in Intervention, the
Cahuilla Band of Indians

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>CAHUILLA BAND OF INDIANS, a federally recognized Indian tribe,<br><br>Proposed Plaintiff in Intervention,<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al.,<br><br>Defendants. | CASE NO. CIVIL NO. 1247-SD-C<br><br>**NOTICE OF VOLUNTARY DISMISSAL**<br><br>The Honorable Gordon Thompson Jr. |

-1-

723953.1

Case No. 1247-SD-C

1    NOTICE IS HEREBY GIVEN that, pursuant to Rule 41 (a) of the Federal Rules of Civil

2    Procedure, Plaintiff in Intervention, the Cahuilla Band of Indians voluntarily dismisses

3    Defendants Francis N. and Jean Domenigoni Family Trust; Elsa Barton, Domenigoni - Barton

4    Properties; Fred Domenigoni (deceased); Andy and Cindy Domenigoni, owners of the parcels

5    noted below, from their Complaint in Intervention with prejudice.

6
- APN 466-150-007        - APN 466-250-006        - APN 466-330-009
7
- APN 466-160-013        - APN 466-250-027        - APN 466-330-010
- APN 466-160-014        - APN 466-260-001        - APN 466-330-011
8
- APN 466-160-015        - APN 466-320-018        - APN 466-330-012
- APN 466-160-016        - APN 466-320-026        - APN 466-330-013
9
- APN 466-170-023        - APN 466-320-027        - APN 472-070-001
- APN 466-170-024        - APN 466-320-028        - APN 472-110-001
10
- APN 466-180-018        - APN 466-320-029        - APN 472-120-001
11
- APN 466-240-002        - APN 466-320-030        - APN 472-120-002
- APN 466-240-003        - APN 466-320-031        - APN 472-120-003
12
- APN 466-240-004        - APN 466-320-032        - APN 472-130-001
- APN 466-170-026        - APN 466-160-007        - APN 472-130-002
13
- APN 472-100-010
- APN 472-100-011
14
- APN 472-100-012
15
- APN 472-100-013
- APN 472-100-014
16

17   DATED:  August 17, 2007        Williams & Works, P.A.

18

19                                   By: _____
20                                        Susan M. Williams
                                          Sarah S. Works
21                                        Williams & Works, P.A.
                                          P.O. Box 1483
22                                        Corrales, NM 87049
                                          Tel: (505) 899-7994
23                                        Fax: (505) 899-7972
24
                                          Attorneys for Plaintiff-Intervenor
25                                        The Cahuilla Band of Indians
26

27

28

723953.1

NOTICE OF VOLUNTARY DISMISSAL                        Case No. 1247-SD-C