**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Defendant
BRYAN D. SAMPSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>RAMONA BAND OF CAHULLA,<br>CAHUILLA BAND OF INDIANS,<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>et al.,<br><br>    Defendants. | Case No. 51-1247-SD-C<br><br>**DEFENDANT BRYAN D. SAMPSON'S WRITTEN PROPOSAL RE: TERMINATION OF STAY, PROPOSED DISCOVERY AND PROPOSED MOTIONS**<br><br>Date: March 9, 2009<br>Time: 2:00 p.m.<br>Ctrm: 8, 3rd Floor<br>Judge: Hon. Gordon Thompson, Jr. |

## INTRODUCTION

Pursuant to the Court's Order, entered December 4, 2008, Defendant BRYAN D. SAMPSON hereby submits the following written proposal re: termination of the stay, Defendant's proposed discovery and Defendant's proposed motions.

## FACTUAL BACKGROUND

*Service Of The Summons & Complaint*. On or about April 17, 2008, Plaintiff-Intervenors Ramona Band of Cahulla and Cahuilla Band of Indians (collectively referred to as "Plaintiff-Intervenors") submitted the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Bryan D. Sampson ("Sampson"). See Fickel Declaration. Thereafter, Defendant Sampson

1
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
WRITTEN PROPOSAL RE: TERMINATION OF STAY, PROPOSED DISCOVERY AND PROPOSED MOTIONS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Misc\Term.Stay\Writ.Proposal.II.wpd

1  executed the Waivers of Service of Summons and returned the same to Plaintiff-Intervenors. Id.

2  Pursuant to the Waivers of Service of Summons, Defendant Sampson timely filed and served

3  his Answers to Plaintiff-Intervenors First Amended Complaints on June 17, 2008. See Court Records.

4  Shortly thereafter, Defendant learned that Plaintiff-Intervenors moved the court for a stay of

5  proceedings. Defendant Sampson objected to the stay request. Thereafter, the Court granted the stay

6  of proceedings to facilitate settlement negotiations between the parties to this action.

7  *Defendant Sampson's Meet & Confer*. In addition, Defendant Sampson performed a thorough

8  review of the court records in this case. As a result of that review, Defendant Sampson learned that the

9  Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was

10  incorporated by reference into the Final Judgment and Decree, that his property does not overlie any

11  ground waters that feed or contribute to the San Margarita River or its tributaries. See Court Records

12  and Fickel Declaration.

13  Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's

14  property, more particularly described as:

15  Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range
   Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State
16  of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of
   a line ... .

17
18  does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries

19  and that the Power's, their successors and assigns "are forever quieted against any and all adverse

20  claims ..." against them. Id.

21  As set forth in the title report for Defendant Sampson's property, Defendant Sampson is a

22  successor owner of Parcel 94W-10-41. As a result, Defendant Sampson met and conferred with

23  Plaintiff-Intervenors. See Fickel Declaration.

24  Upon review of the documentation provided by Defendant, Plaintiff-Intervenor Ramona Band

25  of Cahuilla ("Ramona") agreed that claims against Defendant Sampson are barred by IJ 39A and agreed

26  to enter into a stipulation for dismissal with prejudice. To date, and despite Defendant Sampson's

27  repeated requests, Plaintiff-Intervenor Ramona has failed and/or refused to execute the stipulation.

28  Instead, on December 29, 2008, Plaintiff-Intervenor Ramona contacted Defendant Sampson, informed

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

2

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
WRITTEN PROPOSAL RE: TERMINATION OF STAY, PROPOSED DISCOVERY AND PROPOSED MOTIONS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Misc\Term.Stay\Writ.Proposal.II.wpd

1  him it would stipulate to dismissal, if Defendant Sampson would relinquish his rights under IJ 39A.

2  Defendant Sampson responded by requesting clarification regarding Plaintiff-Intervenors Ramona's

3  position on that issue.  See Fickel Declaration.

4    Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to respond to

5  Defendant's meet and confer attempt.  Thereafter, Plaintiff-Intervenor Cahuilla filed a substitution of

6  counsel.  As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor Cahuilla's

7  substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with prejudice.

8  Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would respond after

9  they completed their review.  To date, Plaintiff-Intervenor Cahuilla has not provided any further

10 response. See Fickel Declaration.

11   On June 30, 2008, thirteen days after Defendant Sampson timely filed and served his Answers

12 to the Plaintiff-Intervenors First Amended Complaint, the Court entered an Order temporarily staying

13 all proceedings pending settlement negotiations.  See Court Records.

14   On October 1, 2008, the Court entered an Order continuing the temporary stay until April 28,

15 2009.  In the event the matter did not settle, the October 1st Order set the matter for trial commencing

16 June 22, 2009.  Id.

17 **ARGUMENT**

18   The Court's Order of December 4, 2008 requests that parties filing written proposals address

19 (1) a list of proposed discovery; (2) proposed motions and the grounds to be argued in those motions,

20 and; (3) the extent to which the stay should be lifted.  Defendant Sampson responds to each of the

21 Court's requests as follows.

22   1. *Defendant Sampson's Proposed Discovery*.  Defendant Sampson was added as a party

23 to this litigation and a very late stage of the proceedings. In fact, the temporary stay took effect thirteen

24 days after Defendant filed his Answers to the First Amended Complaints.  See Court Records.  As a

25 result, Defendant Sampson has not provided, and has not been provided with, Rule 26 initial

26 disclosures.[1]  In addition, Defendant Sampson has had no input to, or been provided with, a Court

---

[1] Unless otherwise indicated, all Rule citing in this written proposal are with reference to the Federal Rules of Civil Procedure.

*(Left margin: SAMPSON & ASSOCIATES, ATTORNEYS AT LAW, 2139 FIRST AVENUE, SAN DIEGO, CALIFORNIA 92101, TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425)*

3

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
WRITTEN PROPOSAL RE: TERMINATION OF STAY, PROPOSED DISCOVERY AND PROPOSED MOTIONS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Misc\Term.Stay\Writ.Proposal.II.wpd

1  approved discovery plan.  See Fickel Declaration.

2      Defendant Sampson's proposed discovery includes Rule 26 initial disclosures, written
3  interrogatories pursuant to Rule 33, document demands pursuant to Rule 34, and requests for
4  admissions pursuant to Rule 36.  Defendant Sampson has not yet determined if depositions of Plaintiff-
5  Intervenors experts pursuant to Rule 30 would be necessary.

6      2.  *Proposed Motions and Grounds*.  Defendant Sampson anticipates bringing a motion for
7  summary judgment under Rule 56.  As more fully set forth above, this Court previously found in IJ
8  39A, which was incorporated by reference into the Final Judgment and Decree, that Defendant
9  Sampson's property is not subject to Plaintiff-Intervenors claims for relief.

10      3.  *Extent to Which Stay Should be Lifted*.  Defendant Sampson has every intent to assert
11  this Court's finding under IJ 39A.  As such, Defendant Sampson does not desire to delay his rightful
12  termination from this litigation by being bound by a non-dispositive settlement, which could result in
13  future litigation should Plaintiff-Intervenors decide their water rights are again being compromised
14  and/or infringed.  Accordingly, Defendant Sampson requests the stay be lifted in its entirety to permit
15  him to, *inter alia*, conduct discovery, request the Court's assistance in discovery matters should such
16  assistance be required, prepare his anticipated dispositive motion, and prepare for trial, if necessary.

## CONCLUSION

18      Based upon the foregoing, Defendant Sampson respectfully requests the Court terminate the
19  temporary stay in its entirety.

20      Respectfully submitted,

21  DATED: December 30, 2008          **SAMPSON & ASSOCIATES**

23      By:  /s/ Mary L. Fickel
    Mary L. Fickel, Esq.
    Attorneys for Defendant
24      BRYAN D. SAMPSON

4

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
WRITTEN PROPOSAL RE: TERMINATION OF STAY, PROPOSED DISCOVERY AND PROPOSED MOTIONS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Misc\Term.Stay\Writ.Proposal.II.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425