JAMES L. MARKMAN (043536)
B. TILDEN KIM (143937)
ERIN L. POWERS (245148)
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3101
Telephone: (213) 626-8484
Facsimile: (213) 626-0078

Attorneys for Specially Appearing
Defendant GREGORY V. BURNETT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | Case No. 1247-SD-C<br><br>**STATUS REPORT IN ADVANCE OF MARCH 9, 2009 STATUS CONFERENCE**<br><br>Date:         March 9, 2009<br>Time:         2 p.m.<br>Courtroom:  8<br><br>Hon. Gordon Thompson, Jr. |

---

12663-0002\1108872v1.doc           Status Conference Report

In response to the Court's December 4, 2008 Order, Defendant Gregory V. Burnett ("Burnett"), specially appearing, submits this report.[1]  The Court's December 4th order stated that "[t]hose parties that request the [April 27, 2009] stay be lifted early are required to file a written proposal re the extent to which the stay should be lifted, a list of proposed discovery and/or proposed motions and the grounds to be argued in those motions."

A. **The Stay Should be Lifted Forthwith**

The Court has scheduled a "firm" June 22, 2009 trial date. All parties need sufficient time to file responses to the Tribes' complaints-in-intervention, conduct discovery, and potentially file summary judgment/adjudication motions prior to the commencement of trial. Principles of judicial economy and due process favor the early resolution of dispositive motions and the opportunity to conduct discovery before the parties (and the court) are forced to devote significant resources on trial preparation and trial itself.

These pre-trial activities should take place immediately and concurrently with settlement discussions. Burnett and other literally thousands of landowners should be allowed an expedited resolution of this lawsuit to remove the cloud placed on the title to their respective properties. Quite simply, in addition to the downturn of the economy and real estate market, this lawsuit has caused a virtual blockade on the marketability of property in the Anza area.

For the foregoing reasons, the stay should be lifted forthwith. Doing so should not impede the on-going settlement discussions amongst the landowners and the Tribes. We are willing to proceed on both paths simultaneously.

///

///

---

[1] As of the date of this report, this law firm represents roughly 1500 individuals in the Anza area.

B. **Proposed Motions and Discovery**

1. Contemplated Pre-Answer Law and Motion

It is our belief that as of this date, six months prior to June, 2009 trial date, the Tribes have not yet properly served their respective complaints on the thousands of landowners they believe should be parties to this action. The Tribes furthermore have failed to timely prosecute their respective complaints. Thus, Burnett and others similarly situated contemplate filing FRCP Rule 12(b)(5) and Rule 41(b) motions.

First, Pursuant to FRCP 12(b)(5), defendants may move for dismissal for "insufficiency of service of process." Failure to strictly adhere to the requirements of FRCP 4(d)(1) is grounds for dismissal. *See, e.g.,* ***Guth v. Andersen*** (N.D. Cal. 1988) 118 F.R.D. 502, 504 ("..liberal construction cannot override the Rule's plain requirements.") Many courts have granted motions to dismiss for failure to comply with any one of the above-referenced requirements. *See **Tso v. Delaney*** (7th Cir. 1992) 969 F.2d 373.

Burnett proposes to demonstrate to the Court that the Tribes failed to comply with the explicit requirements of FRCP 4(d)(1). For example, Burnett will show that in their haste to save money and time, the Tribes mass-mailed requests to thousands of property owners by THIRD CLASS MAIL. We are informed that Third Class Mail (as opposed to the required First Class Mail under FRCP Rule 4(d)) is not forwarded to a new address of the intended recipient. This has resulted in hundreds of mailings never reaching their intended recipients.

Additionally, in many instances, it appears that the mailed packages were not addressed directly to individual defendants, as required by FRCP 4(d)(1). Instead, the requests direct the named property owners to sign the waiver on behalf of all other unnamed interested parties or co-owners.

///

The proposed motion will seek an order to the effect that the Tribes' requests fail to comport with FRCP 4(d)(1) and other principles of waiver law, and cannot confer jurisdiction over defendants. Moreover, the requests' shortcomings belie a deeper problem with the Tribes' litigation strategy – the Tribes brought the present actions before determining the identity of the defendants properly subject to the Court's continuing jurisdiction. Rather than doing their due diligence at the onset, the Tribes have taken a shotgun approach to service of process, prohibited under the FRCP.

Burnett and others similarly situated also are contemplating filing a motion for dismissal with prejudice pursuant to FRCP 41(b). Under FRCP 41(b), the Court may dismiss an action for the failure of a plaintiff to prosecute or comply with the rules or any order of court. FRCP Rule 41(b); *see also* **Link v. Wabash Railroad Co.** (1962) 370 U.S. 626, 82 S.Ct. 1386, 1389 (The court has the inherent authority to dismiss sua sponte for lack of prosecution).

The Tribes filed their initial complaints in intervention in October 2006, and subsequently filed amended complaints in July 2007. The Court has given the Tribes generous extensions of time to identify defendants and effect service of process. Well past those deadlines, the Tribes have done little more than mass mail defective requests for waiver of service.

2. Summary Judgment/Adjudication Motions

If the Tribes are ever able to properly serve the thousands of individuals/entities whom they believe are proper parties to this action and bring this action "at issue," Burnett and others similarly situated request the Court first resolve dispositive summary judgment motions before it forces parties to expend significant resources towards trial preparation and trial itself.

///

-3-

12663-0002\1108872v1.doc

Status Conference Report

As background, the Court's Interlocutory Judgment No. 33 specifically stated in relevant part:

> [A]ll the ground waters contained within the deep aquifer of the Anza Ground Water Basin do not add to, support nor contribute to the Santa Margarita River stream system and are not part of the Santa Margarita River or any tributary thereto, ***and that this Court has no jurisdiction over the use of said waters contained within the deep aquifer of the Anza Ground Water Basin***; that said lands which overlie the deep aquifer are described and designated in Exhibit B, and it is ordered, adjudged and decreed that all ground waters contained within said lands below 100 feet in elevation from land surfaces are ground waters contained within said deep aquifer.

Interlocutory Judgment No. 33), page 19, lines 17-28. (Emphasis added).

The Court further ordered that the water production rights of the owners of lands set forth in the above-quoted paragraph, "and their heirs, successors and assigns . . . ***are forever quieted in them and against the United States of America and all other parties having rights to the use of the waters of the Santa Margarita River***..." *Id.* (emphasis added).

In short, the Court only retained jurisdiction over the ground waters of the shallow aquifer, which was found and held to extend to a maximum depth of 100 feet below ground surface elevation. Therefore, all water produced from a depth of greater than 100 feet below ground surface elevation was determined to be part of the deep aquifer and not subject to this Court's jurisdiction.

Burnett represents to the Court that an overwhelming majority of the landowners whom the Tribes have attempted to serve fall outside the Court's jurisdiction pursuant to the above-quoted Judgment language. Those landowners should have the opportunity to file summary judgment motions. Principles of judicial economy would also be served by allowing sufficient time for these motions to be heard so that unnecessary litigants are not forced to participate in a lengthy trial.

### 3. Contemplated Discovery

Finally, Burnett currently does not contemplate serving any discovery until the above-outlined law and motion has taken place. The parties should focus their efforts primarily on settlement, and concurrently, on law and motion/summary judgment on dispositive legal issues before undertaking costly written and oral discovery.

DATED: January 5, 2009

JAMES L. MARKMAN
B. TILDEN KIM
ERIN L. POWERS
RICHARDS, WATSON & GERSHON,
A Professional Corporation

By: *[signature]*
James L. Markman
Attorneys for Specially Appearing
Defendant Gregory V. Burnett, et al.

## PROOF OF SERVICE

I, Gabrielle Duran, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand, 40th Floor, Los Angeles, California. On January **5**, 2009, I served the within documents:

**STATUS REPORT IN ADVANCE OF MARCH 9, 2009 STATUS CONFERENCE**

[ ] by causing facsimile transmission of the document(s) listed above from (213) 626-8484 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M. This transmission was reported as complete and without error. A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached. Service by facsimile has been made pursuant to a prior written agreement between the parties.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[ ] by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery, or deposited in a box or other facility regularly maintained by , in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by causing personal delivery by First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026 of the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January **5**, 2009.

*/s/ Gabrielle Duran*
GABRIELLE DURAN

12663-0002\1063654v1.doc

# SERVICE LIST

| | | |
|---|---|---|
| Curtis G. Berkey<br>Scott W. Williams<br>ALEXANDER, BERKEY,<br>WILLIAMS & WEATHERS LLP<br>2030 Addison Street, Ste 410<br>Berkley, CA 94704 | Marco A. Gonzalez<br>Rory A. Wicks<br>169 Saxony Road, Ste 204<br>Coast Law Group, LLP<br>Encinitas, CA 92024 | Peter J. Mort<br>Rodney B. Lewis<br>James Meggesto<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>2029 Century Park East, Ste 2400<br>Los Angeles, CA 90067-3012 |
| Arthur L. Littleworth<br>James B. Gilpin<br>Matthew L. Green<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101 | Patrick Barry, Esq.<br>Amy S. Tryon<br>Environment and Natural Resources<br>Division<br>U.S. DEPARTMENT OF JUSTICE<br>PO Box 44378<br>Washington, DC 20026-4378 | Donald R. Pongrace<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>Robert Strauss Building<br>1333 New Hampshire Ave., N.W.<br>Washington, D.C. 20036 |
| Bill Steele<br>U.S. BUREAU OF RECLAMATION<br>27708 Jefferson Ave., #202<br>Temecula, CA 92590 | General Manager<br>Rancho Cal RV Resort OA<br>P.O. Box 214<br>Aguanga, CA 92536 | Anthony J. Pack, General Manager<br>Easter MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |
| Nobuo Komota<br>c/o Richard Woo<br>Soliton Tech<br>2635 N. First Street, Ste 213<br>San Jose, CA 95134 | Agri-Empire, Inc.<br>P.O. Box 490<br>San Jacinto, CA 92383 | Director<br>Riverside Co. Planning<br>4080 Lemon Street, 9th Floor<br>Riverside, CA 92501 |
| SDSU Field Station Programs<br>Attn: Matt Rahn, Reserve Director<br>5500 Campanile Drive<br>San Diego, CA 92182-4614 | General Manager<br>Rainbow MWD<br>3707 Old Highway 395<br>Fallbrook, CA 92028-9327 | Michael Lopez<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596 |
| Jack S. Safely<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 | Temecula Ranchos<br>c/o McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Robert H. James, Esq.<br>SACHSE, JAMES & LOPARDO<br>205 W. Alvarado St., Ste 1<br>Fallbrook, CA 92028 |
| Richard & Christine McMillan<br>Gary & Patricia McMillan<br>McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Darwin Potter<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596 | John Rossi, General Manager<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 |
| General Manager<br>Elsinore Valley MWD<br>P. O. Box 3000<br>Lake Elsinore, CA 92330 | Keith Lewinger, General Manager<br>Fallbrook Public Utility District<br>P.O. Box 2290<br>Fallbrook, CA 92088 | Mike Luker<br>Eastern MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |
| Counsel Western Bases<br>P.O. Box 555231<br>Marine Corps Base – Bldg. 1254<br>Camp Pendleton, CA 92055-5231 | Elena Mafla, Chairman<br>AVMAC<br>43205 Chapman Road<br>Anza, CA 92539 | Jackie Spanley<br>AVMAC<br>P.O. Box 391312<br>Anza, CA 92539 |

| | | |
|---|---|---|
| Alvin Greenwald<br>6010 Wilshire Blvd., Ste 500<br>Los Angeles, CA 90036 | Linda Garcia<br>Riverside Co. Flood Control and<br>Water Conservation District<br>1995 Market Street<br>Riverside, CA 92501 | Brian Brady, General Manager<br>Rancho California WD<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| Michael E. McPherson, Esq.<br>344 Plumosa Avenue<br>Vista, CA 92083 | Manuel Hamilton<br>Joseph Hamilton<br>P.O. Box 391372<br>Anza, CA 92539 | Leslie Cleveland<br>U.S. Bureau of Reclamation<br>27708 Jefferson Avenue, #202<br>Temecula, CA 92590 |
| James Carter<br>P.O. Box 28739<br>Santa Ana, CA 92799-8739 | Assistant Chief of Staff<br>Environmental Security<br>Box 555008<br>Marine Corps Base<br>Camp Pendleton, CA 92055-5008 | Pamela Williams<br>Office of the Solicitor<br>U.S. Department of the Interior<br>Division of Indian Affairs<br>1849 C Street, NW, Room 6456 |
| Susan M. Williams<br>Sarah S. Works<br>Williams & Works, P.A.<br>P.O. Box 1483<br>Corrales, NM 87048 | Larry Minor<br>P.O. Box 398<br>San Jacinto, CA 92581 | Bob Lemons<br>Rancho California Water District<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| David Glazer, Esq.<br>Environmental and Natural Resources<br>Division<br>Natural Resources Section<br>U.S. Department of Justice<br>301 Howard Street, Suite 1050<br>San Francisco, CA 94133 | Western Land Financial<br>and Pacific Holt Corp<br>23 Midway Street, Unit B<br>San Francisco, CA 94133 | Assad S. Safadi<br>Natural Resources Consulting<br>Engineers, Inc.<br>131 Lincoln Avenue, Suite 300<br>Fort Collins, CO 80524 |
| Catherine M. Stites, General Counsel<br>Metropolitan Water District of<br>Southern California<br>700 North Alameda Street<br>Los Angeles, CA 90012-2944 | Jeffry F. Ferre<br>Jill N. Willis<br>Best Best & Krieger LLP<br>3750 University Avenue<br>P.O. Box 1028<br>Riverside, CA 92502 | Don Forsyth<br>Metropolitan Water District<br>33752 Newport Road<br>Winchester, CA 92596 |
| Anza Mutual Water Company<br>P.O. Box 390117<br>Anza, CA 92539-0117 | Chairperson<br>Cahuilla Band of Indians<br>P.O. Box 391760<br>Anza, CA 92539 | Michael Gheleta<br>United States Department of Justice<br>Environmental and Natural Resources<br>Division<br>1961 Stout Street, Floor 8 |
| Amy Gallaher<br>Metropolitan Water District<br>P.O. Box 54153<br>Los Angeles, CA 90054-0153 | Stephen B. Reich<br>Stetson Engineers, Inc.<br>2171 E. Francisco Blvd., Ste K<br>San Rafael, CA 94901 | Lake Riverside Estates Community<br>Association<br>41610 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Anza Holdings LLC<br>1220 Spinnaker Trail<br>Monument, CO 80132 | Avalon Management Group, Inc.<br>31608 Railroad Canyon Rd.<br>Canyon Lake, CA 92587 | Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 |

12663-0002\1086710v1.doc

| | | |
|---|---|---|
| Anna Gale James<br>40274 Curry Court<br>Aguanga, CA 92536 | Assistant Chief of Staff, Facilities<br>Attn: Office of Water Resources<br>Box 555013<br>Camp Pendleton, CA 92055-5013 | James J. Fletcher<br>U.S. Department of the Interior<br>Bureau of Indian Affairs<br>1451 Research Park Drive<br>Riverside, CA 92507-2471 |
| Micahel L. Tidus<br>Michele A. Staples<br>Benjamin T. Benumof<br>Jackson, DeMarcho, Tidus, Petersen<br>& Peckengpaugh<br>2030 Main Street, Ste 1200<br>Irvine, CA 92614 | Mark Shaffer<br>6837 NE New Brooklyn Road<br>Bainbridge Island, CA WA 98110 | Charles W. Binder, Watermaster<br>Santa Margarita River Watershed<br>P.O. Box 631<br>Fallbrook, CA 92088 |
| Dyson Development<br>437 South Highway 101, Ste 217<br>Solana Beach, CA 92075 | Elsa Barton<br>217 No. Palm<br>Hemet, CA 92543 | Anza Acreage, LLC<br>1310 Stratford Court<br>Del Mar, CA 92014 |
| Briar McTaggart<br>642 Merion Way 40E<br>Seal Beach, CA 90740 | Billy Ward<br>P.O. Box 5878<br>San Diego, CA 92165 | Mary E. Lee<br>41085 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Michael J. Machado<br>Pamela M. Machado<br>P.O. Box 391607<br>Anza, CA 92539 | John S. Wilson<br>Peggy Wilson<br>4205 Minorca Cove<br>Del Mar, CA 92014-2932 | Barbara J. Carr Trust<br>Barbara J. Carr, Trustee<br>20571 Bexley Road<br>Jamul, CA 91935-7945 |

12663-0002\1086710v1.doc