1   Michael L. Tidus, Bar No. 126425
    mtidus@jdtplaw.com
2   Michele A. Staples, Bar No. 144392
    mstaples@jdtplaw.com
3   Paige H. Gosney, Bar No. 252830
    pgosney@jdtplaw.com
4   JACKSON, DeMARCO, TIDUS & PECKENPAUGH
    2030 Main Street, Suite 1200
5   Irvine, California 92614
    Tel: (949) 752-8585
6   Fax: (949) 752-0597

7   Attorneys for Defendant
    Jojoba Hills, S.K.P. Resort, Inc.
8

9                   UNITED STATES DISTRICT COURT

10             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,          CASE NO. CIV. 51-1247-SD-GT

13                Plaintiff,            **PROPOSAL BY DEFENDANT JOJOBA
                                        HILLS S.K.P. RESORT, INC. FOR
14   vs.                                LIFTING THE 180-DAY STAY TO RULE
                                        ON THE MOTION TO DISMISS THE
15                                      CAHUILLA BAND AND RAMONA
     FALLBROOK PUBLIC UTILITY           BAND OF CAHUILLA INDIANS' FIRST
16   DISTRICT, a public service corporation of   AMENDED COMPLAINTS IN
     the State of California, et al.    INTERVENTION PURSUANT TO RULE
17                                      12(b)(6) OF THE FEDERAL RULES OF
                  Defendants.           CIVIL PROCEDURE**
18

19                                      Date:     March 9, 2009
                                        Time:     2:00 p.m.
20                                      Room:     8 – Third Floor
                                        Judge:    Hon. Gordon Thompson
21

22

23

24

25

26

27

28

                                        -1-                  Civ. 51-1247-SD-GT
     **PROPOSAL BY JOJOBA HILLS S.K.P. RESORT, INC. FOR LIFTING THE 180-DAY STAY**

1. **<u>INTRODUCTION.</u>**

In response to this Court's Order dated December 4, 2008, Defendant JOJOBA HILLS, S.K.P. RESORT, INC. ("JOJOBA"), respectfully submits the following Proposal ("Proposal") for lifting the current 180 day litigation stay ("Stay") ***for the limited purpose of dismissing the RAMONA BAND OF CAHUILLA INDIANS' and CAHUILLA BAND OF INDIANS' (collectively, "TRIBES"), claims for injunctive relief against Jojoba*** set forth in their First Amended Complaints in Intervention ("Complaints"). Jojoba does ***not*** seek to be dismissed from the underlying Santa Margarita River adjudication.

As set forth below and more fully explained in Jojoba's Motion to Dismiss the Tribes' Complaints Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on May 23, 2008 ("Motion to Dismiss" or "Motion") and stayed by this Court on June 30, 2008, ***the Tribes' claims for injunctive relief against Jojoba are barred by the doctrines of res judicata and collateral estoppel***. Prior judgments of this Court in this case already established that: (1) Jojoba's land contains valid overlying water rights; and (2) Jojoba's property is located in the Aguanga Basin, downstream, downgradient, and on a different tributary from the Tribes' Reservations. It is therefore a physical impossibility for Jojoba's withdrawal of groundwater in Aguanga to interfere with or irreparably harm the Tribes' exercise of their federal reserved rights in Anza, as alleged in the Complaints and as necessary to sustain the Tribes' claims for injunctive relief against Jojoba. Jojoba provided this information to the Tribes prior to filing its Motion, but to date, the Tribes have failed and/or refused to dismiss their injunctive relief claims against Jojoba. Therefore, Jojoba requests that the Court do so.

Jojoba is among the relatively few number of small water system producers in the Santa Margarita Basin. Although the Tribes have no legal basis upon which to enjoin or otherwise regulate Jojoba's lawful water use, deferred consideration of the Motion to Dismiss under the Stay has placed a cloud over Jojoba's water supply and forced Jojoba to needlessly expend substantial time and resources monitoring and participating in Court proceedings on the Complaints and the related settlement discussions so as to ensure that its present and future water rights in the Aguanga Basin are adequately protected. In order to relieve Jojoba of this significant

-1-                                    Civ. 51-1247-SD-GT

**PROPOSAL BY JOJOBA HILLS S.K.P. RESORT, INC. FOR LIFTING THE 180-DAY STAY**

1    and unnecessary burden, Jojoba respectfully requests that this Court lift the Stay to the limited

2    extent necessary to issue an Order dismissing the Tribes' claim for injunctive relief against

3    Jojoba.

4    **2.      THIS COURT SHOULD LIFT THE STAY TO THE LIMITED EXTENT
         NECESSARY TO RULE UPON JOJOBA'S MOTION AND DISMISS THE**

5    **TRIBES' CLAIMS FOR INJUNCTIVE RELIEF.**

6           The holder of a reserved right may not invoke federal law to protect its right through an

7    injunction unless and until that right has been diminished by virtue of a junior appropriation.

8    *Cappaert v. U.S.*, 426 U.S. 128, 142-43 (1976); *In re the General Adjudication of All Rights to*

9    *Use Water in the Gila River System and Source,* 195 Ariz. 411, 422 (1999), cert. denied, 530 U.S.

10   1250; *Arizona v. California*, 439 U.S. 419 (1979).  As outlined in Jojoba's Motion to Dismiss, the

11   Tribes' Complaints fail to meet this threshold burden.

12          Interlocutory Judgments entered by this Court and incorporated into the Final Judgment

13   and Decree in this case, as well as all associated geologic and hydrologic exhibits, confirm that

14   Jojoba's property is located downstream and downgradient of the Anza Basin, and overlies

15   groundwater that has no direct connection to the tributary or groundwater located in the Anza

16   Basin to the northeast, where the Tribes' Reservations lie.  Thus, the Tribes' access to their

17   decreed water rights in the Anza Basin could not and would not be diminished or otherwise

18   impaired by Jojoba's production of groundwater from wells located on Jojoba's property in the

19   Aguanga Basin.  Res judicata and collateral estoppel dictate that the Tribes' Complaints fail to

20   state a valid claim for relief enjoining Jojoba's groundwater production, and must be dismissed

21   under Rule 12(b)(6).

22   **3.      JOJOBA HAS BEEN AND CONTINUES TO BE SEVERELY PREJUDICED BY
         THE EXTENSION OF THE STAY.**

23

24          It has now been almost six months since this Court instituted the Stay, and despite

     numerous settlement meetings between representatives of the Ramona Tribe and several
25
     defendants, no settlement among the parties has been reached or can be reached in the absence of
26
     a comprehensive settlement with the Cahuilla Tribe.  Moreover, the Cahuilla Tribe only held its
27
     first settlement meeting last month and has yet to present substantive deal points for any future
28

                                                                    -2-                        Civ. 51-1247-SD-GT

settlement discussions.  Thus, a potential settlement is far from imminent.

Although the Tribes have no legal or factual basis upon which to enjoin Jojoba's lawful water use, deferred consideration of the Motion to Dismiss under the Stay has caused Jojoba to expend substantial time and resources monitoring and participating in Court proceedings and settlement discussions in this matter held in Anza, Temecula and San Diego.  The significant delays and real lack of progress in settlement negotiations with the Tribes underscores the necessity and justification for relieving Jojoba of the continued burden of these costs.

**4.      CONCLUSION.**

For the reasons set forth above, Jojoba respectfully requests that the Court lift the Stay and issue an Order dismissing the Tribes' claims for injunctive relief against Jojoba.

DATED:  January 5, 2009                    Respectfully submitted,

                                            JACKSON, DeMARCO, TIDUS & PECKENPAUGH

                                                    MICHAEL L. TIDUS
                                                    MICHELE A. STAPLES
                                                    PAIGE H. GOSNEY


                                            By:      /s/  Michele A. Staples
                                                    Michele A. Staples
                                                    Attorneys for Defendant
                                                    Jojoba Hills S.K.P. Resort, Inc.

-3-                                         Civ. 51-1247-SD-GT

**PROPOSAL BY JOJOBA HILLS S.K.P. RESORT, INC. FOR LIFTING THE 180-DAY STAY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of record will be served by facsimile transmission and/or first class mail on January 5, 2009.

/s/ Michele A. Staples

829895.2

-4-                    Civ. 51-1247-SD-GT

**PROPOSAL BY JOJOBA HILLS S.K.P. RESORT, INC. FOR LIFTING THE 180-DAY STAY**