1

2   Scott B. McElroy (Pro Hac Vice)
    M. Catherine Condon (Pro Hac Vice)
3   McELROY, MEYER, WALKER & CONDON, P.C.
    1007 Pearl Street, Suite 220
4   Boulder, Colorado  80302
    Tel:  303-442-2021
5
    *Attorneys for Plaintiff in Intervention,*
6   *the Cahuilla Band of Indians*

7   **Additional Attorneys on page 2**

8
                **IN THE UNITED STATES DISTRICT COURT**
9
                **SOUTHERN DISTRICT OF CALIFORNIA**
10

11
    UNITED STATES OF AMERICA,        )      CASE NO. 51-cv-1247-SD-GT
12                                   )
            Plaintiff,               )
13                                   )
    CAHUILLA BAND OF INDIANS,        )
14   a federally recognized Indian tribe,  )
                                     )      **STATUS REPORT RE REQUESTS**
15          Plaintiff in Intervention,    )      **TO LIFT STAY**
                                     )
16          v.                       )
                                     )
17   FALLBROOK PUBLIC UTILITY        )      Hearing Date: March 9, 2009
    DISTRICT, a public service corporation )  Time:        2:00 p.m.
18   of the State of California, et al.,   )  Courtroom:    8
                                     )
19          Defendants.              )      Hon. Gordon Thompson, Jr.
    _____ )
20

21

22

23

24

25

26
    _____
27  Response to Motions to Lift Stay                    Case No. 51-cv-1247-SD-GT

28                              Page 1

1   Marco A. Gonzalez (SBN 190832)
    COAST LAW GROUP LLP
2   169 Saxony Road, Suite 204
    Encinitas, CA  92024
3   Tel:  760-942-8505

4   Anthony Madrigal
    26 Lanyard Court
5   Sacramento, CA  95831
    Tel:  951-310-5856

6
    *Attorneys for Plaintiff in Intervention,*
7   *the Cahuilla Band of Indians*

8
    F. Patrick Barry
9   U.S. Department of Justice
    ENRD - Indian Resources Sec.
10  P. O. Box 44378
    Washington, DC  20026
11  Tel:  202-305-0254

12  *Attorney for the United States*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Response to Motions to Lift Stay                     Case No. 51-cv-1247-SD-GT

28                                    Page 2

The United States ("US") and the Cahuilla Band of Indians ("Cahuilla Band") respectfully request the Court to deny the requests to lift the present stay that is in effect until April 27, 2009.  *See Status Report in Advance of March 9, 2009 Status Conference* (Jan. 5, 2009) ("Burnett Request"); *Proposal by Defendant Jojoba Hills S.K.P. Resort, Inc. for Lifting the 180-Day Stay to Rule on the Motion to Dismiss the Cahuilla Band and Ramona Band of Cahuilla Indians First Amended Complaints in Intervention Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* (Jan. 5, 2009) ("Jojoba Hills Request"); *Proposal by Specially Appearing Domenigoni-Bartons' for Lifting the 180 Day Stay to Rule on the Domenigoni-Bartons Notice of Non-Service of Summons and First Amended Complaints in Intervention of Cahuilla Band and Ramona Band of Cahuilla Indians Pursuant to Rule 4 of the Federal Rules of Civil Procedure* (Jan. 5, 2009) ("Domenigoni-Bartons Request"); *Defendant Bryan D. Sampson's Written Proposal Re: Termination of Stay, Proposed Discovery and Proposed Motions* (Dec. 30, 2008) ("Sampson Request").  The four requests should be denied for the following reasons:

1.  The four requests are not based on any change in circumstances since the stay was issued on June 30, 2008, *see Order Granting Joint Motion for a Temporary Stay of Proceedings Pending Settlement Negotiations* (June 30, 2008) ("June 30 Order") and subsequently renewed. *Order* (Sept. 30, 2008).  Two of the requests merely reiterate matters raised in opposition to the Court's issuance of the stay in its June 30th Order.  *Compare, e.g.,* Burnett Request *with Memorandum of Points and Authorities in Partial Opposition to Motion to Temporarily Stay the Proceedings; Declaration of Gregory V. Burnett in Support Thereof* ("Burnett Declaration") (June 12, 2008).  *See also* Sampson Request; *Declaration of Mary L. Fickel in Support of Defendant Bryan D. Sampson's Written Proposal Re: Termination of Stay, Proposed Discovery and Proposed Motions* para. 4, at 2 (Dec. 30, 2008).  The Domenigoni-Bartons Request raises matters that were pending at the time the stay was renewed at the end of September.  *See Notice*

*of Non-Service of Summons and First Amended Complaints in Intervention of Cahuilla Band and Ramona Band of Cahuilla Indians Pursuant to Rule 4 of the Federal Rules of Civil Procedure by Domenigoni-Bartons* (July 10, 2008).  Likewise, the Jojoba Hills Request simply reiterates the arguments raised in its *Motion to Dismiss the Tribes' Complaints Under Rule 12(b)(6) of the Federal Rules of Civil Procedure* (May 23, 2008) which was subject to the stay issued at the end of June.

2.  The Cahuilla Band is working diligently to explore the possibility of settlement.  The Cahuilla Band held three settlement meetings with the other parties in December 2008 and January 2009.  An additional meeting is scheduled for February 18, 2009, at which time the Cahuilla Band expects to present a conceptual framework for settlement.  Finally, as part of the Cahuilla Band's settlement process, the parties have established a technical committee to examine hydrology related issues.

3.  Lifting the stay to address the matters raised by the four requests would disrupt the settlement process.  The US and the Cahuilla Band cannot maintain the schedule over the next three months needed to advance the settlement efforts while addressing in Court the various issues raised by the four requests.  While the Domenigoni-Bartons, Jojoba Hills and Sampson Requests purport to raise issues related only to the status of those parties, as a practical matter, those requests put in question the status of numerous parties with interests outside the Anza Basin, and thus raise issues of significance to all of the parties in the litigation.  Although not mentioned in the pleadings, the settlement discussions have devoted a substantial amount of time to this issue.  In the event that the issue is not resolved in the settlement discussions, there will be time enough to address the status of out-of-basin parties in the litigation without disrupting the settlement effort at this stage.

4.  To be sure, the issues surrounding the service of the tribal complaints are difficult and will, at the appropriate time, merit careful consideration by the Court and the parties.  The US

---

1    and the Cahuilla Band question, however, whether the service issues can be neatly separated

2    from the substantive issues of the tribal claims and the effect of the prior decisions in this case,

3    as Burnett seems to suggest.  As the Court is aware, the Cahuilla Band has not completed service

4    of their complaints, having sought in the first instance to obtain service through the waiver

5    process established by FED. R. CIV. P. 4(d)(1).  *See Joint Reply to Opposition to Joint Motion to*

6    *Stay Proceedings Pending Settlement Negotiations* at 2-3 (June 23, 2008).  While approximately

7    600 parties have executed and returned the waiver form, many of the defendants, including

8    Burnett,[1] have not.  *Id.*  In sum, the Cahuilla Band has not sought to devote its limited resources

9    to completing service at this time, and has instead focused on settlement matters -- which, after

10   all, was the purpose of the stay.  Nevertheless, the settlement process has included the

11   establishment of a subcommittee to address service related issues.  That subcommittee is

12   scheduled to meet on February 9, 2009.  Given the time and effort required to litigate service

13   related issues and the connection between the substantive issues in the litigation and the issue of

14   who is a proper party to be served, compelling the parties to turn their attention to litigating

15   service issues now, as opposed to developing a framework for settlement, will effectively derail

16   the settlement process.

17          In conclusion, the US and the Cahuilla Band submit that the parties should continue to

18   focus on developing a framework for settlement during the course of the pending stay rather than

19   taking time away from that effort to litigate various matters that are not likely to assist the

20   settlement effort or to resolve all or a part of the tribal claims that are the basis for this litigation.

21

22   _____

23          [1]Burnett acknowledges receiving the Tribes' request for waiver but did not return it
     because in his view "it may be legally deficient."  Burnett Declaration para. 9, at 14.  Burnett's
24   actions are contrary to the purposes of FED. R. CIV. P. 4(d).  *See, e.g., Stapo Industries, Inc. v.*
     *M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999) (Court awards cost to
25   plaintiff on account of rule's requirement to avoid unnecessary costs despite "technical error" by
     plaintiff in failing to send waiver to agent or officer of company.)
26

27   Response to Motions to Lift Stay                                Case No. 51-cv-1247-SD-GT

28                                              Page 5

Respectfully submitted this 26 day of January, 2009

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505

Anthony Madrigal
26 Lanyard Court
Sacramento, CA 95831
Tel: 951-310-5856

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER
 & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021

                */s/ Scott B. McElroy*
By:_____
            Scott B. McElroy

*Attorneys for Plaintiff in Intervention,
 the Cahuilla Band of Indians*


U.S. Department of Justice
ENRD - Indian Resources Sec.
P. O. Box 44378
Washington, DC 20026
Tel: 202-305-0254

                */s/ F. Patrick Barry*
by Scott B. McElroy with permission via e-mail
_____
F. Patrick Barry

*Attorney for the United States*

---

Response to Motions to Lift Stay                                    Case No. 51-cv-1247-SD-GT

Page 6

**<u>PROOF OF SERVICE</u>**

I, Scott B. McElroy, declare:

I am a resident of the State of Colorado, over the age of 18 years, and not a party to the within action.  My business address is Greene, Meyer & McElroy, P.C., 1007 Pearl St., Suite 220, Boulder, Colorado.  On January 26, 2009, I electronically filed the foregoing ***Status Report Re Requests to Lift Stay*** with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

M.E.M. Limited Partnership, prosenberg@hnattorneys.com
MCMX, LLC ,sharper@bhsmck.com
Rancho California Water District, matthew.green@bbklaw.com
Sander Family Trust, gblank@san.rr.com
Alice E. Walker, awalker@mmwclaw.com, dvitale@mmwclaw.com
Anthony Madriga,l anthonymad2002@yahoo.com
Bill J Kuenzinger, bkuenzinger@bhsmck.com, rjones@bhsmck.com
Bryan D. Sampson, mfickel@sampsonlaw.net
Charles W Binder, cwbinder@smrwm.org
Curtis G Berkey, cberkey@abwwlaw.com, mmorales@abwwlaw.com
Daniel E. Steuer ,dsteuer@mmwclaw.com, dvitale@mmwclaw.com
Daniel J Goulding, lrodriguez@mccarthyholthus.com,
        mpodmenik@mccarthyholthus.com
Donald R Timms, dontimms@san.rr.com
F Patrick Barry, patrick.barry@usdoj.gov
Frank Spitze,r george@chakmakislaw.com
Gary D Leasure, gleasure@garydleasure.com
George Chakmakis, george@chakmakislaw.com
Gerald (Jerry) Blank ,gblank@san.rr.com, mejoslyn@sbcglobal.net
John A Karaczynski, jkaraczynski@akingump.com,
        dcolvin@akingump.com, dpongrace@akingump.com,
        jfukai@akingump.com, jmeggesto@akingump.com,
        msobolefflevy@akingump.com
John Christopher Lemmo, jl@procopio.com, laj@procopio.com
Jonathan M Deer, jdeer@taflaw.net, gsuchniak@taflaw.net,
        jondeeresq@earthlink.net
Kevin Patrick Sullivan, ksullivan@swgsgp.com, kstanis@swgsgp.com
M. Catherine Condon, ccondon@mmwclaw.com, dvitale@mmwclaw.com
Milan L. Brandon, mbrandon@brandon-law.com
Marco Antonio Gonzalez, marco@coastlawgroup.com, sara@coastlawgroup.com
Mark L Brandon, mbrandon@brandon-law.com, dslack@brandon-law.com
Mary L Fickel, mfickel@sampsonlaw.net, bsampson@sampsonlaw.net
Matthew L Green, matthew.green@bbklaw.com, lisa.grennon@bbklaw.com
Matthew N Falley, mfalley@ggfirm.com
Michael Duane Davis, michael.davis@greshamsavage.com,
        teri.gallagher@greshamsavage.com
Michele A Staples, mstaples@jdtplaw.com, dtankersley@jdtplaw.com,
        pgosney@jdtplaw.com
Patricia Grace Rosenberg, prosenberg@hnattorneys.com
Peter J Mort, pmort@akingump.com, jfukai@akingump.com

Response to Motions to Lift Stay                              Case No. 51-cv-1247-SD-GT

1  Richard Alvin Lewis, Rlewis@RichardLewis.com
   Robert M Cohen, rcohen@bcandblaw.com, vzaremba@bcandblaw.com,
2          wwendelstein@bcandblaw.com
   Scott B. McElroy, smcelroy@mmwclaw.com, dvitale@mmwclaw.com
3  Thomas C Stahl, Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
   Timothy P Johnson, tjohnson@johnson-chambers.com,
4          cww@johnson-chambers.com
   William Kenneth Koska,  william.koska@wallerlaw.com,
5          beth.mccullough@wallerlaw.com

6          I further certify that on January 26, 2009, I served the foregoing *Status Report Re
   *Requests to Lift Stay* on the following who are not registered with the CM/ECF system, by
7  placing a copy of the document in a sealed envelope with postage thereon fully prepaid, in the
   United States mail at Boulder, Colorado, addressed as set forth below.  I am readily familiar with
8  the firm's practice for collecting and processing correspondence for mailing with the U.S. Postal
   Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I
9  am aware that on motion of the party served, service is presumed invalid if postal cancellation
   date or postage meter date is more than one day after date of deposit for mailing contained in this
10 affidavit.

11 Wiederrich Family Trust                    John S Wilson
   13440 St. Andrews Pl.                      14205 Minorca Cove
12 Poway, CA 92064                            Del Mar, CA 92014-2932

13 Anna Gale James                            Khyber Courchesne
   40275 Curry Court                          1264 Page Street
14 Aguanga, CA 92536                          San Francisco, CA 94117

15 Barbara J Carr Trust                       Marianne E Pajot
   Barbara J. Carr, Trustee                   40225 Curry Court
16 20571Bexley Road                           Aguanga, CA  92536
   Jamul, CA 91935-7945
17                                            Mary E Lee
   Billy Ward                                 41085 Lakeshore Blvd.
18 P O Box 5878                               Aguanga, CA 92536
   San Diego, CA 92165
19                                            Michael J Machado
   Briar McTaggart                            P O Box 391607
20 1642 Merion Way 40E                        Anza, CA 92539
   Seal Beach, CA 90740
21                                            Pamela M Machado
   James L. Markman                           P O Box 391607
22 Richards Watson & Gershon                  Anza, CA 92539
   1 Civic Center Circle
23 PO Box 1059                                Peggy Wilson
   Brea, CA 92822-1059                        14205 Minorca Cove
24                                            Del Mar, CA 92014-2932

25

26
   _____
27 Response to Motions to Lift Stay                      Case No. 51-cv-1247-SD-GT

28                              Page 8

1   Robert H James
    Sachse James Croswell and Lopardo
2   205 W. Alvarado Street, Suite 1
    Fallbrook, CA 92028-2025
3
4   Thomas C Perkins
    7037 Gaskin Place
5   Riverside, CA 92506
6
7        I declare under penalty of perjury under the laws of the State of Colorado that the above is
    true and correct.
8
         Executed on January 26, 2009.
9                                                              */s/ Scott B. McElroy*
10                                                    _____
                                                             Scott B. McElroy
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  Response to Motions to Lift Stay                        Case No. 51-cv-1247-SD-GT
28                                        Page 9