1  Curtis G. Berkey (CA State Bar No. 195485)
   Scott W. Williams (CA State Bar No. 097966)
2  ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
   2030 Addison Street, Suite 410
3  Berkeley, CA 94704
   Tel: (510) 548-7070
4  Fax: (510) 548-7080
   E-mail: cberkey@abwwlaw.com
5  E-mail: swilliams@abwwlaw.com

6  Attorneys for Proposed Intervenor
   Ramona Band of Cahuilla

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,              ) CIVIL NO.: 51-cv-1247-RBB-GT
                                          )
11                   Plaintiff,           )
                                          )
12 RAMONA BAND OF CAHUILLA, CAHUILLA      ) **RAMONA BAND OF CAHUILLA'S**
   BAND OF INDIANS,                       ) **RESPONSE TO PROPOSALS TO**
13                                        ) **LIFT STAY**
                                          )
14          Plaintiff-Intervenors,        )
                                          )
15 v.                                     ) Date:  March 9, 2009
                                          ) Time:  2:00 p.m.
16 FALLBROOK PUBLIC UTILITY DISTRICT,     ) Courtroom: 8
   a public service corporation of the State of )
17 California, et al.,                    ) Hon. Gordon Thompson, Jr.
                                          )
18                   Defendants.          )
                                          )

19 ────────────────────────────────

20

21

22         Pursuant to this Court's Order of December 4, 2008, Plaintiff-Intervenor Ramona Band of

23 Cahuilla ("Ramona" or "Tribe") submits this opposition to the requests to lift the stay before its

24 current expiration date of April 27, 2009.  The requests should be denied for four reasons: 1) no

25 change in circumstances justifies the premature lifting of the stay; 2) maintaining the stay serves the

26 interests of judicial economy because the substantial time and expense of litigation which would

27 otherwise be required will significantly disrupt, if not altogether terminate, on-going productive

28 settlement efforts; 3) lifting the stay will prematurely and unnecessarily expand the scope of the

1   issues in this case; and 4) the requesting parties have not identified any concrete prejudice they

2   would suffer if the stay is kept in place.  Each of these factors is discussed below.

3          1.      In large part, the requesting parties repeat arguments made in their original

4   oppositions to the Tribes' joint motion for a stay.  They do not identify any new facts that would

5   justify lifting the stay during the pendency of productive settlement discussions.  This Court has

6   already determined that the Tribes have satisfied the standard for the granting of a stay, and as the

7   Supreme Court has said, "economy of time and effort for [the court], for counsel and for litigants"

8   justifies a stay of litigation.  *Landis v. North American Company,* 299 U.S. 248, 254 (1936).  The

9   requesting parties have not met their burden to show that the circumstances have changed from the

10   date the stay was entered.  On the contrary, the facts support continuation of the stay.

11          2.      The Ramona Settlement Group continues to make progress toward a resolution of the

12   Tribe's claims through a negotiated settlement.  Lifting the stay to allow an undetermined number of

13   parties to file purportedly dispositive motions will severely disrupt the settlement process by

14   requiring the parties to shift their resources and time away from settlement efforts to litigation.

15   Since Ramona's last status report on November 21, 2009, it has held two meetings of the Ramona

16   Settlement Group to discuss the Draft Framework Settlement Principles.  Both meetings focused on

17   specific language for a framework settlement agreement with those landowners located outside the

18   Anza Ground Water Basin.  At the meeting on December 16, 2008, the Tribe and the Federal Team

19   responded to revisions of the settlement principles proposed by the defendants, and proposed further

20   revisions and refinement.  A revised draft was presented and discussed at the meeting on January 14,

21   2009, and further refinements are now underway.  The Tribe has presented its water quantification

22   number, with supporting technical data and analysis.  The participants are nearing agreement on

23   certain principles of settlement for those landowners located outside the Anza Ground Water Basin.

24          Consultants for the Tribe and the defendant landowners have continued their technical

25   discussions with regard to the existence and scope of a so-called impact zone within which pumping

26   by non-Indians may adversely impact the supply of water available for the Tribe's use on its

27   Reservation.  The results of those discussions will serve as the technical basis for settlement with

28   those landowner defendants located within the impact zone.

Case No.: 05cv1247

1    Lifting the stay to allow the filing of pre-trial motions and discovery will inject uncertainty,

2    complexity and fragmentation into what heretofore has been an orderly and cohesive settlement

3    negotiation process.  By necessity, the parties will be required to devote substantial amounts of time

4    and resources to litigation matters to the detriment of the settlement process; it is extremely difficult

5    to reach common ground in settlement when each side is arguing in court filings that the other's

6    position is meritless.  Notwithstanding the requesting parties' protestations that they are willing to

7    continue settlement talks during the litigation, moving this complex case toward a final judgment on

8    parallel litigation and settlement tracks may not be workable and certainly is not an efficient and

9    prudent use of the resources of the parties and this Court.  The settlement negotiations should be

10   allowed to proceed unimpeded by the burdens of litigation.  This Court's discretion to control the

11   disposition of its cases should be exercised in a manner that promotes the "just, speedy and

12   inexpensive determination of every action." Fed. R. Civ. Pro. 1.  Keeping the stay in place promotes

13   that goal.

14          Specially-Appearing Defendant Gregory Burnett and Specially-Appearing Defendants

15   Domenigoni-Bartons have objected to the sufficiency of the service carried out by the Ramona and

16   Cahuilla Tribes under Rule 4(d) of the Federal Rules of Civil Procedure.  The participants in the

17   settlement negotiations for both Ramona and Cahuilla have undertaken discussions in an effort to

18   resolve the objections.  A working group has been established for this purpose, and it has conducted

19   one teleconference and scheduled a meeting for February 9.  Lifting the stay to allow the defendants

20   to litigate the sufficiency of service will hinder these efforts.  Moreover, that motion is not likely to

21   expedite the resolution of issues before trial.  If the defendants prevail and the Tribes are required to

22   serve the summons and complaints on those parties who refused to return the waivers of service of

23   the summons, the Tribe are entitled to seek reimbursement of their costs from those who did not

24   have good cause to refuse to sign and return the waiver. Fed. R. Civ. Pro. 4(d).  That judicial

25   proceeding will be enormously time consuming, costly and complex, because the number of

26   landowners in this category could number several thousand.  Only 600 of the approximately 2,600

27   parties served returned signed waivers.  Arguments over service of process, made by parties who

28   have received and refused to sign a waiver of service of the summons, does not contribute to the

1  resolution of the Tribe's water rights claims.  The resources of the parties are better devoted to

2  resolving this question through negotiation.

3         3.       Lifting the stay will exponentially expand the scope of this case.  Twenty defendants

4  have filed answers.  For those 580 defendants who have returned signed waivers but not yet

5  answered, the lifting of the stay will trigger the deadlines for either filing an answer or otherwise

6  responding to the Tribes' complaints.  In the absence of a case management order from this Court

7  consolidating claims, issues or parties, the Tribes and the defendants will be required to conduct

8  pretrial proceedings one defendant at a time.  This will enormously increase the burden of the Court,

9  the Tribes and the other parties in addressing  such motions at a time when all available resources

10  could be more productively devoted to the promising settlement efforts.

11         4.       The parties requesting that the stay be lifted have not met their burden to show they

12  will suffer particularized hardship from a continuance of the stay.  Their claims of prejudice are

13  vague and generalized and not supported by declarations or otherwise admissible evidence.  There is

14  no inherent right to litigate defenses at the time of their choosing, and the delay in such litigation

15  does not amount to hardship justifying lifting a stay.  *See An Giang Agriculture and Food Import*

16  *Company v. United States,* 350 F. Supp.2d 1162 (C.I.T. 2004) (In opposing a stay, no party may rely

17  solely on an inherent right to proceed in litigation without showing the practical effects of the denial

18  of that right).

19         It is axiomatic that the law encourages settlement of disputes.  *Williams v. First Nat'l Bank,*

20  216 U.S. 582, 595 (1910).  This interest is particularly strong in complex cases involving multiple

21  defendants.  *See In re Exxon Valdez,* 229 F.3d 790, 795 (9th Cir. 2000) ("[T]he general policy of

22  federal courts to promote settlement before trial is even stronger in the context of large-scale class

23  actions.").  Ramona has worked diligently since the stay was initially granted to organize and

24  conduct settlement negotiations.  Those discussions are bearing fruit.  Interrupting those discussions,

25  which are at a critical stage, with complex, costly and time-consuming litigation will make the final

26  resolution uncertain and more difficult.

27  ///

28  ///

                    Case No.: 05cv1247

1         For these reasons, the requests to lift the stay should be denied.

2    Dated: January 26, 2009               Respectfully submitted,

3                                               ALEXANDER, BERKEY, WILLIAMS &
4                                               WEATHERS LLP

5                                             By: s/Curtis Berkey
6                                                 Curtis Berkey
7                                                 Scott Williams
                                               2030 Addison Street, Suite 410
8                                                   Berkeley, California 94704
                                               Tel: (510) 548-7070
9                                                   Fax: (510) 548-7080

10

                        Case No.: 05cv1247

1

## DECLARATION OF SERVICE BY U.S. MAIL

2          I, the undersigned, declare as follows:

3          I am a citizen of the United States of America, over the age of 18 years, and not a party to the
above-entitled action.  My business address is 2030 Addison Street, Suite 410, Berkeley, California,
4    94704.

5          On January 26, 2009, I caused to be served the following document(s) in <u>United States of
America, et al.  v. Fallbrook Public Utility District, et al.</u>, Case No. 51-1247-SD-GT:
6

7        1)     **RESPONSE TO PROPOSALS TO LIFT STAY**

8    by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class
postage fully paid, addressed as follows:

9

10   Donald R. Pongrace (Pro Hac Vice)              Nobuo Komota
     Rodney B. Lewis (Pro Hac Vice)                 c/o Richard Woo
     James Meggesto (Pro Hac Vice)                  Soliton Tech
11   AKIN GUMP STRAUSS HAUER & FELD LLP             2635 N. First Street, Suite 213
     Robert Strauss Building                        San Jose, CA 95134
12   1333 New Hampshire Ave., N.W.
     Washington, D.C.  20036

13

14   John A. Karaczynski                            Agri-Empire, Inc.
     AKIN GUMP STRAUSS HAUER & FELD LLP             P.O. Box 490
15   2029 Century Park East, Suite 2400             San Jacinto, CA 92383
     Los Angeles, CA   90067

16

17   Bill Steele                                    Director
     U.S. Bureau of Reclamation                     Riverside Co. Planning
18   27708 Jefferson Ave., #202                     4080 Lemon Street, 9th Floor
     Temecula, CA 92590                             Riverside, CA 92501

19

20   General Manager                                SDSU Field Station Programs
     Rancho Cal RV Resort CA                        ATTN: Matt Rahn, Reserve Director
21   P.O. Box 214                                   5500 Campanile Drive
     Aguanga, CA 92536                              San Diego, CA 92182-4614

22

23   Anthony J. Pack, General Manager               General Manager
     Eastern MWD                                    Rainbow MWD
24   P.O. Box 8300                                  3707 Old Highway 395
     Perris, CA 92572-8300                          Fallbrook, CA 92028-9327

25

26   Michael Lopez                                  General Manager
     Metropolitan Water District                    Elsinore Valley MWD
27   Lake Skinner Section                           P.O. Box 3000
     33740 Borel Road                               Lake Elsinore, CA 92330
     Winchester, CA 92596

28

Jack S. Safely
Western MWD
P.O. Box 5286
Riverside, CA 92517

Arthur L. Littleworth
James B. Gilpin
C. Michael Cowett
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101

Louidar
c/o McMillan Farm Management
29379 Rancho California Road, #201
Temecula, CA 92591

Keith Lewinger, General Manager
Fallbrook Public Utility District
P.O. Box 2290
Fallbrook, CA 92088

Robert H. James, Esq.
SACHSE, JAMES & LOPARDO
205 W. Alvarado St., Suite 1
Fallbrook, CA 92028

Mike Luker
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Richard & Christine McMillan
Gary & Patricia McMillan
McMillan Farm Management
29379 Rancho California Road, Suite 201
Temecula, CA 92362

Counsel Western Bases
P.O. Box 555231
Marine Corps Base - Bldg. 1254
Camp Pendleton, CA 92055-5231

Darwin Potter
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

Tulvio Durand, Chairman
AVMAC
P.O. Box 390908
Anza, CA 92539

John Rossi, General Manager
Western MWD
P.O. Box 5286
Riverside, CA 92517

Linda Garcia
Riverside Co. Flood Control and Water Conservation
District
1995 Market Street
Riverside, CA 92501

Patrick Barry, Esq.
Amy S. Tryon
Environment and Natural Resources Division
Indian Resources Section
U.S. Department of Justice
P.O. Box 44378
Washington, D.C. 20026-4378

Larry Minor
P.O. Box 398
San Jacinto, CA 92581

Brian Brady, General Manager
Rancho California WD
P.O. Box 9017
Temecula, CA 92589-9017

Craig Elitharp, Director of Operations
Rancho California Water District
P.O. Box 9017
Temecula, CA 92589-9017

Michael E. McPherson, Esq.
344 Plumosa Avenue
Vista, CA 92083

David Glazer, Esq.
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

Case No.: 05cv1247

| | |
|---|---|
| Manuel Hamilton | Leslie Cleveland |
| Joseph Hamilton | U.S. Bureau of Reclamation |
| P.O. Box 391372 | 27708 Jefferson Avenue, #202 |
| Anza, CA 92539 | Temecula, CA 92590 |
| | |
| James Carter | Marco A. Gonzalez |
| P.O. Box 28739 | Rory R. Wicks |
| Santa Ana, CA 92799-8739 | Coast Law Group LLP |
| | 169 Saxony Road, Suite 204 |
| | Encinitas, CA 92024 |
| | |
| Assistant Chief of Staff | Peter E. Von Haam, Sr. Deputy General Counsel |
| Environmental Security | Metropolitan Water District of Southern California |
| Box 555008 | P.O. Box 54153 |
| Marine Corps Base | Los Angeles, CA 90054 |
| Camp Pendleton, CA 92055-5008 | |
| | |
| Pamela Williams | Jeffry F. Ferre |
| Office of the Solicitor | Jill N. Willis |
| U.S. Department of the Interior | BEST BEST & KRIEGER LLP |
| Division of Indian Affairs | 3750 University Avenue |
| 1849 C Street, NW, Room 6456 | P.O. Box 1028 |
| Washington, D.C.  20240 | Riverside, CA 92502 |
| | |
| Susan M. Williams | Don Forsyth |
| Sarah S. Works | Metropolitan Water District |
| WILLIAMS & WORKS, P.A. | 33752 Newport Road |
| P.O. Box 1483 | Winchester, CA 92596 |
| Corrales, NM 87048 | |
| | |
| | Assistant Chief of Staff, Facilities |
| Anza Mutual Water Company | Attn: Office of Water Resources |
| P.O. Box 390117 | Box 555013 |
| Anza, CA 92539-0117 | Camp Pendleton, CA 92055-5013 |
| | |
| Chairperson | James J. Fletcher |
| Cahuilla Band of Indians | U. S. Department of the Interior |
| P.O. Box 391760 | Bureau of Indian Affairs |
| Anza, CA 92539 | 1451 Research Park Drive |
| | Riverside, CA 92507-2471 |
| | |
| Elsa Barton | Michael L. Tidus |
| 217 No. Palm | Michele A. Staples |
| Hemet, CA 92543 | JACKSON, DEMARCHO, TIDUS & |
| | PECKENPAUGH |
| | 2030 Main Street, Suite 1200 |
| | Irvine, CA  92614 |
| | |
| Amy Gallaher | Mark Shaffer |
| Metropolitan Water District | 6837 NE New Brooklyn Road |
| P.O. Box 54153 | Bainbridge Island, WA 98110 |
| Los Angeles, CA 90054-0153 | |

1

2   Stephen B. Reich                        Charles W. Binder, Watermaster
    Stetson Engineers, Inc.                 Santa Margarita River Watershed
3   2171 E. Francisco Blvd., Suite K        P.O. Box 631
    San Rafael, CA 94901                    Fallbrook, CA 92088
4
5   Khyber Courchesne                       Briar McTaggart
    1264 Page Street                        1642 Merion Way 40E
    San Francisco, CA 94117                 Seal Beach, CA 90740
6
7   Anna Gale James                         Billy Ward
    40275 Curry Court                       P O Box 5878
    Aguanga, CA 92536                       San Diego, CA 92165
8
9   Mary E Lee                              John S Wilson
    41085 Lakeshore Blvd.                   Peggy Wilson
    Aguanga, CA 92536                       14205 Minorca Cove
10                                          Del Mar, CA 92014-2932
11  Michael J Machado                       Barbara J Carr Trust
    Pamela M. Machado                       Barbara J. Carr, Trustee
    P O Box 391607                          20571 Bexley Road
12  Anza, CA 92539                          Jamul, CA 91935-7945
13
14  Marianne E. Pajot                       Louidar
    40225 Curry Court                       P.O. Box 891510
    Aguanga, CA 92536-9742                  Temecula, CA 92591
15
16  Eugene Franzoy                          Steve Larson
    Franzoy Consulting, Inc.                S.S. Papadopilos & Associates
17  1392 W. Stacey Lane                     7944 Wisconsin Ave.
    Tempe, AZ 85284                         Bethesda, MD 20814-3320
18  Wiederrich Family Trust                 Thomas Perkins
    13440 St. Andrews Place                 7037 Gaskin Place
19  Poway, CA 92064                         Riverside, CA 92506
20
21  Scott B. McElroy
    M. Catherine Condon
    Alice E. Walker
22  McElroy, Meyer, Walker & Condon, P.C.
    1007 Pearl Street, Suite 220
23  Boulder, CO 80302

24
        I declare under penalty of perjury that the foregoing is true and correct, and that this
25  Declaration was executed on January 26, 2009, at Berkeley, California.

26
                                    _____s/Curtis Berkey_____
27                                        Curtis Berkey

28