Randy J. Rutten, State Bar No. 101308
Harry C. Carpelan, State Bar No. 102239
Gerald D. Shoaf, State Bar No. 41084
REDWINE AND SHERRILL
1950 Market Street
Riverside, California 92501-1720
Telephone No.: (951) 684-2520
Facsimile No.: (951) 684-9583
rrutten@redwineandsherrill.com
hcarpelan@redwineandsherrill.com
gshoaf@redwineandsherrill.com

Attorneys for Defendant,
EASTERN MUNICIPAL WATER DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>Defendants. | Case No. CV 51-1247-GT-RBB<br><br>**MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT OF DEFENDANT,<br>EASTERN MUNICIPAL WATER<br>DISTRICT'S MOTION TO<br>QUASH SERVICE FOR<br>INSUFFICIENT SERVICE OF<br>PROCESS OF COMPLAINTS IN<br>INTERVENTION**<br><br>**DATE:      April 27, 2009<br>TIME:      10:00 A.M.<br>COURTROOM: "B"<br>JUDGE: Hon. Ruben B. Brooks** |

Defendant, EASTERN MUNICIPAL WATER DISTRICT (hereafter "EMWD")

respectfully submits this Memorandum of Points and Authorities in Support of its

Motion to Quash Service for Insufficient Service of Process regarding Plaintiff in

Intervention, Ramona Band of Cahuilla's and Plaintiff in Intervention, Cahuilla Band

of Indians' (hereafter "the Tribes") attempts to assert service of process on EMWD as

representative of all landowners within its boundaries.   The motion should be granted

on the grounds that the Tribes did not comply with the requirements of FRCP Rule 4 for

1  the contents or service of Summons or for requesting a Waiver of Service of Summons;

2  in the alternative, the motion should be granted on the grounds that counsel for EMWD

3  signed the waiver of service in the mistaken belief that it was on behalf of EMWD only

4  and not as representative of landowners within its boundaries, as to whom counsel for

5  EMWD has no authority to accept service.  EMWD's counsel does have authority to

6  waive service as to defendant EMWD only, and does affirm that portion of the

7  agreement waiving service on EMWD, as he understood when signing the Waiver of

8  Service.                                          **I**

9                                    **STATEMENT OF CASE**

10       The Tribes filed their initial complaints in intervention in October, 2006, and

11  amended complaints in intervention in July, 2007. The court ordered service by dates

12  certain in its February 25, 2008 Order.  The Tribes' attorneys subsequently served,

13  among others, EMWD with a Request  for Waiver of Service of Summons packet of

14  documents (Declaration of Gerald D. Shoaf, Ex. "B").  General counsel for EMWD, on

15  the misplaced assumption that the service waiver requested merely had to do with

16  EMWD, for itself alone, signed and returned the waiver agreement on May 9, 2008

17  (Declaration of Gerald D. Shoaf, Ex. "C").  The matter was thereafter stayed pending

18  settlement discussions, and EMWD has never made a formal appearance prior to this

19  Motion to Quash. Subsequently, EMWD's counsel was informed that the Tribe's

20  counsel were taking the position that the waiver was effective as to <u>ALL</u> of EMWD's

21  landowners, even though not identified by name, who might potentially have water

22  rights affected by the underlying litigation.

23       EMWD's counsel has indicated to the Court and to the Tribe's counsel that,

24  although waiver of service on EMWD, itself, has been effected, EMWD's counsel had

25  no authority to waive service on the unnamed defendant landowners, and did not intend

26  to agree to accept service on behalf of its landowners.  By minute order filed March 12,

27  2009 (Docket # 5099), the court lifted the stay in place in this litigation as to defendant

28  EMWD for the limited purpose of presenting a motion to quash service of summons as

2                    Case 3:51-cv-01247-GT-RBB

EMWD'S Memorandum of Points and Authorities in Support of its Motion to Quash Service for
Insufficient Service of Process of Complaints in Intervention

1  to the landowners within its boundaries. The present motion is made for that purpose

2  alone, and is limited to grounds that may be asserted in a motion to quash.

3  <center>**II**</center>

4  <center>**BACKGROUND**</center>

5      The First Amended Complaints in Intervention by the Tribes each described

6  defendants as persons or entities "that use water, claim rights to use water or deliver

7  water from the Santa Margarita River System (Ramona's paragraph 5, Cahuilla's

8  paragraph 15).  Each First Amended Complaint seeks to have the Tribe's rights to

9  surface water and underlying groundwater of its Reservation "within the Anza Basin

10  portion of the Santa Margarita River System" verified and quantified (Ramona's

11  paragraph 1, 13; Cahuilla's paragraphs 4, 5).

12      EMWD's service area is depicted on Exhibit "A" attached to the Declaration of

13  Gerald D. Shoaf. The portion of EMWD's service area located within the Santa

14  Margarita River Watershed represents about 30% of the total service area, and the

15  eastern boundary of this portion of EMWD's service area is about 10 miles west of

16  either Reservation and of the Anza Basin.  Its service area does **NOT** overlay any

17  portion of the Anza Basin.

18      EMWD does not produce groundwater and does not divert surface water within

19  the Santa Margarita River Watershed for use by its customers and does not claim the

20  right to do either within said watershed.  All water delivered by EMWD for use within

21  the Santa Margarita River Watershed is imported water purchased from the Metropolitan

22  Water District of Southern California.  Nevertheless, because EMWD imports water and

23  produces recycled water at its wastewater treatment plant within the watershed, EMWD

24  was formally appointed by this Court to the Santa Margarita River Watermaster Steering

25  Committee which acts in an advisory capacity to the Watermaster.

26      The First Amended Complaints in Intervention and the Notice and Waiver

27  received by EMWD were forwarded to its lead General Counsel, Gerald D. Shoaf, who

28  signed and returned the Waiver.  EMWD now brings this Motion to Quash Service of

<center>3          Case 3:51-cv-01247-GT-RBB</center>

<center>EMWD'S Memorandum of Points and Authorities in Support of its Motion to Quash Service for
Insufficient Service of Process of Complaints in Intervention</center>

Summons insofar as service may be deemed to have been made, by reason of said Waiver, on EMWD as representative for ALL landowners located within its boundaries on three bases: (1) the requirements for service of process in FRCP Rule 4 were not satisfied; (2) that service of process was insufficient because EMWD is not legally authorized to accept service in a representative capacity in this case; and (3) that, to the extent EMWD is deemed to be bound by the Waiver to represent all of its property owners in this case, it should be relieved of that duty by reason of the mistake, inadvertence, or excusable neglect on the part of its lead General Counsel.

## III

### EMWD'S MOTION TO QUASH SERVICE UNDER FRCP RULE 12(b)(5)SHOULD BE GRANTED REGARDING SERVICE ON EMWD AS REPRESENTATIVE OF ALL LANDOWNERS WITHIN ITS BOUNDARIES

A.   The requirements for service on individual landowners under FRCP Rule 4(a)(1)(A), Rule 4(a)(1)(B), Rule 4(d)(1)(A)(I) and (G) and Rule 4(e)(1) or 4(e)(1)© were not satisfied.

FRCP Rule 4 regarding a summons and service thereof does not provide for indirect service on an individual defendant that is not named in the complaint. Rule 4(a)(1)(A) requires that the parties be named; Rule 4(a)(1)(B) requires that the Summons be "directed to the defendant" (implying that the defendant must be named); Rule 4(d)(1)(A)(I) requires that a Request for Waiver be addressed to each individual defendant. None of the "defendant" landowners within EMWD's boundaries is named in either First Amended Complaint in Intervention, and the Request for Waiver was directed only to EMWD.

Rule 4(e)(1) authorizes service on individuals by following state law procedures and rules, but there is no California statute that authorizes EMWD to be served as representative of all landowners within its boundaries under the circumstances of this case, i.e., where a determination of the water rights of the plaintiffs in intervention is being sought and would have a potential impact on the private overlying rights of

1   defendant landowners that are subject to this Court's jurisdiction.  EMWD is not an

2   authorized agent for service of any unnamed landowner defendant, so Rule 4(e)(20© is

3   inapplicable.

4        California Water Code section 71757 does not satisfy the requirements of

5   FRCP Rule 4(e)(1).  That section provides as follows:

6             "To carry out the purposes of this division, a district shall have the power

7        to commence, maintain, intervene in, defend and compromise, in the name of the

8        district, or as a class representative of the inhabitants, property owners, taxpayers,

9        water producers or water users within the district, or otherwise, and to assume the

10       costs and expenses of any and all actions and proceedings now or hereafter begun

11       to determine or adjudicate all or substantially all of the water rights of a basin or

12       other hydrologic unit overlain, in whole or in part, by the district, as between

13       owners of or claimants to such rights, to prevent any interference with water or

14       water rights used or useful to the lands, inhabitants, owners, operators, or

15       producers within the district, or to prevent the diminution of the quantity or

16       quality of the water supply of the district or such basin, or to prevent unlawful

17       exportation of water from the district or such basin."

18       Thus, a water district such as EMWD is <u>authorized</u> (but not <u>required</u>), to represent

19  its landowners in water rights litigation <u>only</u> where necessary "to carry out the purposes"

20  of the Municipal Water District Act (Division 20) and then only when the District

21  overlaps some or all of the basin or hydrologic unit (i.e., the Anza Basin) involved.

22       As mentioned in the Background above, EMWD's service area is about 10 miles

23  west of the Anza Basin, the "hydrologic unit" involved in this litigation and does not

24  overlie any part of that basin.

25       In addition, the main purpose of the division cited in section 71757 of the

26  California Water Code is to supply water.  California Water Code section 71610

27  states:

28             "A district may acquire, control, distribute, store, spread, sink, treat, purify,

                                          5          Case 3:51-cv-01247-GT-RBB

recycle, recapture, and salvage any water, including sewage and storm waters, for the beneficial use or uses of the district, its inhabitants, or the owners of rights to water in the district."

Similar language in California Water Code sections 31020, 31022 and 31023 of the California Water Code's County Water District Act, Division 12, sections 30000, et seq., have been held by California courts to impose a duty to provide water service. See <u>Coachella Valley Water District</u> v. <u>Stevens</u> (1929) 206 Cal. 400, 406-07; <u>Glenbrook Development Company</u> v. <u>City of Brea</u> (1967) 253 Cal. App. 2d 267, 277. However, EMWD does not use or rely on waters of the Santa Margarita River System to meet that obligation and protection of the private overlying water rights of landowners within its boundaries is not necessary for the delivery of water within the watershed by EMWD. Therefore, California Water Code section 71757 does not meet the requirements of Rule 4(e)(1). For that reason, despite the Waiver, ostensibly (although inadvertently) signed on behalf of all landowners within EMWD's boundaries), the Waiver should be declared invalid insofar as landowners within EMWD's service area are concerned, and the claimed service on EMWD as representative of such landowners should be quashed.

Additional reasons why the Motion to Quash should be granted for insufficiency of service under Rule 12(b)(5) include the fact that the Notice and Request for Waiver were not addressed to the individual (unnamed) property owner defendants as required by Rule 4(d)(1)(A)(i), and that the Notice and Request for Waiver was apparently not sent by first-class mail as required by Rule 4(d)(1)(G); the Tribes have the burden of establishing service was by first-class mail, <u>Robinson</u> v. <u>Turner</u>, 886 F.Supp. 1451 (S.D. Ind. 1995). In fact, the Tribes have the burden of establishing that <u>all</u> Rule 4 requirements have been satisfied. <u>Id.</u>

    B.    EMWD should be relieved of the effect of execution of the Waiver on behalf of all landowners within its boundaries because said waiver was executed by its lead General Counsel because of mistake, inadvertence,

1    or excusable neglect under Rule 60(b)(1).

2        The Declaration of Gerald D. Shoaf, EMWD's lead Counsel in Support of the

3    Motion to Quash, establishes the following points for the Court's consideration herein:

4        1.    EMWD has no interest in the outcome of the litigation; its lead General

5    Counsel believed that it had been served only as a member of the Watermaster's

6    Steering Commitee.

7        2.    EMWD's lead General Counsel believed that he was signing the Waiver

8    only on behalf of EMWD, and that doing so would save EMWD fees and expenses.

9        3.    The Tribes did not call attention in the Notice and Request for Waiver or

10   in the Waiver itself to the fact that EMWD was being requested to sign the Waiver in

11   any capacity other than on its own behalf.

12       4.    EMWD's lead General Counsel did not have EMWD's authorization to

13   sign the Waiver on behalf of all landowners within EMWD's boundaries.

14       5.    Granting EMWD's Motion would leave the Tribes in no worse position

15   than they are already in, i.e., trying to serve all unserved potential defendants.

16       6.    Requiring EMWD to represent all its landowners herein would simply

17   move the obligation of notifying such landowners of the existence of the litigation from

18   the Tribes to EMWD, a hurdle that the Tribes have thus far been unable to overcome,

19   a hurdle that would impose a huge and unfair burden on EMWD and would potentially

20   deprive the landowners of water rights without due process of law.

21       7.    Because of the Stay ordered by this Court, the recent partial lifting of that

22   Stay presented the first opportunity to challenge service on EMWD as representative of

23   its landowners.

24       FRCP Rule 60(b) provides, in relevant part, that "[On motion and just terms, the

25   court may relieve a party or its legal representative from a final judgment, order or

26   proceeding for the following reasons: '(1) mistake, inadvertence, surprise, or excusable

27   neglect.'"

28       In Jennings v. Rivers, 394 F.3d 850 (10th Cir.,2005) the Tenth Circuit Court of

---

7          Case 3:51-cv-01247-GT-RBB

1  Appeals discussed the use of FRCP Rule 60(b)(5) in providing relief based upon

2  mistake, inadvertence or excusable neglect on the part of a party or lawyer.  Among

3  the comments are the following which appear to be relevant to this case:

4       At page 856: "'The guidelines governing a district court's consideration of the

5  Rule 60(b)(1) motion ... are well established' Id., at 1445, referring to Cessna Fin.

6  Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442 at 1444 (Tenth Cir.

7  1983).  Whether the movant has demonstrated 'mistake, inadvertence, surprise or

8  excusable neglect' is an issue to be 'litigated on the merits' Id., 'the trial court must

9  determine whether excusable neglect has in fact been established, resolving all

10  doubts in favor of the party seeking relief.

11      Also Jennings, 394 F.3d at page 856: The determination of whether neglect is

12  excusable 'is at bottom an equitable one, taking account of all relevant circumstances

13  surrounding the parties omission.'  Pioneer Inv. Serv. Co., 507 U.S. at 395 ..."

14      Lastly, Jennings, 394 F.3d at pages 856-57: "Relevant factors include the

15  'danger of prejudice to the [opposing party], the length of the delay and its potential

16  impact on judicial proceedings, the reason for the delay, including whether it was

17  within the reasonable control of the movant, and whether the movant acted in good

18  faith.'  Id.  '[F]ault in the delay remains a very important factor–perhaps the most

19  important single factor–in determining whether neglect is excusable.'  United States

20  v. Torres, 372 F.3d 1159, 1163 (Tenth Cir., 2004.) "

21      Based on the foregoing discussions, it is respectfully submitted that the

22  mistake or inadvertence or neglect on the part of EMWD's lead General Counsel is

23  excusable and since there would be no prejudice to the plaintiffs in intervention by

24  granting the Motion but a great deal of prejudice to EMWD and its landowners if the

25  Motion were to be denied, equity would seem to dictate that the Motion be granted.

26  ## III

27  ## CONCLUSION

28  WHEREFORE, defendant EMWD prays for an entry of an order as follows:

1        1.      Granting defendant EMWD's Motion to Quash Service for Insufficient

2    Service of process as to all unnamed landowners within the boundaries of defendant

3    EMWD pursuant to Rule 12(b)(5) for failure to serve said landowners with process

4    as required by FRCP Rule 4;

5        2.      That the Tribes have not followed the requirements for obtaining a

6    Waiver of Service of Summons under FRCP Rule 4(d)(1)(A) and (G);

7        3.      That Counsel for EMWD doesn't have authorization to accept service

8    on behalf of all unnamed landowners within EMWD's boundaries and further that

9    such service is also void by reason of FRCP Rule 60(b)(5);

10       4.      That the Waiver of Service signed May 9, 2008, by Gerald D. Shoaf is

11   only effective as a waiver of service on EMWD itself alone, and for no other party,

12   person or entity; and

13       THEREFORE, the Waiver of Service of Summons signed by Gerald D. Shoaf

14   as General Counsel to the EMWD is invalid and is of no force or effect insofar as

15   any defendant other than EMWD is concerned.

16

17   DATED: March 26, 2009          Respectfully submitted,

18                                  REDWINE AND SHERRILL

19

20                                  By s/Gerald D. Shoaf
                                    Gerald D. Shoaf
21                                  Randy J. Rutten
                                    Harry C. Carpelan
22                                  1950 Market Street
                                    Riverside, California  92501-1720
23                                  Telephone No.:  (951) 684-2520
                                    gshoaf@redwineandsherrill.com
24                                  rrutten@redwineandsherrill.com
                                    hcarpelan@redwineandsherrill.com
25                                  Attorneys for Defendant,
                                    EASTERN MUNICIPAL WATER DISTRICT
26

27

28   X:\WP2000\Harry\EMWD\Ramona Band\pleadings\Motion to Quash in EMWD-US v. Fallbrook 3-26-09.wpd

EMWD'S Memorandum of Points and Authorities in Support of its Motion to Quash Service for
Insufficient Service of Process of Complaints in Intervention

1  Randy J. Rutten, State Bar No. 101308
   Harry C. Carpelan, State Bar No. 102239
2  Gerald D. Shoaf, State Bar No. 41084
   REDWINE AND SHERRILL
3  1950 Market Street
   Riverside, California  92501-1720
4  Telephone No.:  (951) 684-2520
   Facsimile No.:  (951) 684-9583
5  rrutten@redwineandsherrill.com
   hcarpelan@redwineandsherrill.com
6  gshoaf@redwineandsherrill.com

7  Attorneys for Defendant,
   EASTERN MUNICIPAL WATER DISTRICT
8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN  DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA,          )  Case No. CV 51-01247-GT-RBB
12                                     )
            Plaintiff,                 )
13                                     )
          vs.                          )  **CERTIFICATE OF**
14                                     )  **SERVICE/PROOF OF SERVICE**
   RAMONA BAND OF CAHUILLA,            )  **RE: EASTERN MUNICIPAL**
15 CAHUILLA BAND OF INDIANS,           )  **WATER DISTRICT'S MOTION**
                                       )  **TO QUASH SERVICE RE**
16          Plaintiff-Intervenors,     )  **COMPLAINTS IN**
                                       )  **INTERVENTION**
17 FALLBROOK PUBLIC UTILITY            )
   DISTRICT, et al.,                   )
18                                     )  **DATE:      April 27, 2009**
            Defendants.                )  **TIME:      10:00 A.M.**
19 ─────────────────────────────────── )  **COURTROOM: "B"**
                                          **JUDGE: Hon. Ruben B. Brooks**
20

21             CERTIFICATE OF SERVICE

22        The undersigned hereby certifies that all counsel of record who are deemed to

23 have consented to electronic service are being served with a copy of the foregoing

24 document via the court's CM/ECF system, per Federal Rules of Civil Procedure Rule

25 5(b)(2)(D).

26        Any other counsel of record or unrepresented party will be served by first class

27 mail on March 27, 2009.

28                              /s/Harry C. Carpelan

                          1              cv 51-01247-GT-RBB
────────────────────────────────────────────────────────────
CERT OF SERVICE/ POS RE EMWD'S Motion to Dismiss: Insufficient Service of Process

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I, the undersigned, say: I am employed in the County of Riverside, State of California, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 1950 Market Street, Riverside, California 92501.

On March 27, 2009, I served a copy of the foregoing document on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

(X)   By Mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service mail box on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

EXECUTED ON March 27, 2009, at Riverside, California.

( X )        [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


S/Jane F. Vaughn

SERVICE LIST CV 51-01247 GT-RBB

Wiederrich Family Trust
13440 St. Andrews Pl.
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

CERT OF SERVICE/ POS RE EMWD'S Motion to Dismiss: Insufficient Service of Process

Barbara J. Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Rd.
Jamul, CA 91935-7945

Billy Ward
P.O. Box 5878
San Diego, CA 92165

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

James L. Markman
Richards Watson & Gershon
1 Civic Center Circle
P.O. Box 1059
Brea, CA 92014-2932

John S. Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Khyber Courchesne
1264 Page St.
San Francisco, CA 94117

Marianne E. Pajot

Mary E. Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J. Machado
P.O. box 391607
Anza, CA 92539

Pamela M. Machado
P.O. Box 391607
Anza, CA 92539

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Robert H. James
Sachse James Croswell and Lopardo
205 W. Alvarado St.
Suite 1
Fallbrook, CA 92028-2025

Thomas C. Perkins
7037 Gaskin Pl.
Riverside, CA 92506

3                                cv 51-01247-GT-RBB
CERT OF SERVICE/ POS RE EMWD'S Motion to Dismiss: Insufficient Service of Process