Jill N. Willis, Esq., State Bar No. 200121
Jason M. Ackerman, Esq., State Bar No. 219940
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, California 92502
Telephone: (951) 686-1450
Telecopier: (951) 686-3083
jill.willis@bbklaw.com
jason.ackerman@bbklaw.com

Attorneys for Defendants
Elsinore Valley Municipal Water District and
Western Municipal Water District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>Plaintiff–Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | Civil No. 51cv1247 GT (RBB)<br><br>**SPECIAL APPEARANCE JOINDER TO EASTERN MUNICIPAL WATER DISTRICT'S MOTION TO QUASH SERVICE OF PROCESS OF COMPLAINTS IN INTERVENTION**<br><br>DATE: April 27, 2009<br>TIME: 10:00 a.m.<br>CTRM: "B"<br>JUDGE: Hon. Ruben B. Brooks |

## I. INTRODUCTION

The Ramona Band of Cahuilla Indians and Cahuilla Band of Cahuilla Indians (collectively, the "Tribes") filed separate Complaints in Intervention in the above-captioned matter. The Tribes then mailed requests for waivers of personal service to specially appearing defendants Western Municipal Water District and Elsinore Valley Municipal Water District (collectively, the "Specially Appearing Districts"). Without presenting any basis for its position, the Tribes assert that if the Specially Appearing Districts should waive personal service of the Complaints in Intervention--or even if the complaints are personally served-- that the Specially Appearing Districts must accept service on behalf of the thousands of landowners within their service areas. The Tribes' position is without merit and ignores fundamental notions of due process.

## II. STATEMENT OF FACTS

On or about May 5, 2008, the Specially Appearing Districts received from the Tribes notices requesting waiver of personal service in the above-captioned case. The mailed notices stated that the Specially Appearing Districts were being served both as individual parties and "in a representative capacity as agent[s] for service for such landowners located within the Districts' boundaries." The Specially Appearing Districts did not waive personal service, as requested by the Tribes, and the Court eventually stayed the case to give the Tribes the opportunity to settle various aspects of the case. During the course of discussions with the Tribes, the Tribes asserted that the Specially Appearing Districts are legally obligated to accept service of process on behalf of landowners who own property that is both within the service area of the Districts and within the boundary of the Santa Margarita Watershed (collectively, the "Affected Landowners"). Throughout the course of discussions with the Tribes, the Specially Appearing Districts have disputed the

RVPUB\JACKERMAN\760145.1                            - 1 -                    Case 3:51-cv-01247-GT-RBB

SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

Tribes' position.[1] It is estimated that several thousand landowners may be affected by this issue and unaware of the lawsuit. To date, the Tribes have not undertaken any effort to ascertain the identity of the Affected Landowners or provide them with notice of the pendency of this litigation.

On March 12, 2009, the Court issued a minute order partially lifting the existing stay. In the order, the Court partially lifted the stay " to allow any water district that 1) has appeared in this action, (2) has been served with a copy of the complaint, or (3) otherwise has standing . . . to file a motion to quash service of summons on the basis that it is not authorized to accept service on behalf of anyone obtaining water from the district." [2] In response to the order, the Specially Appearing Districts specially appear to submit this joinder.

### III.   LEGAL STANDARD

The Federal Rules of Civil Procedure authorize a defendant to move for dismissal resulting from insufficiency of service of process. See Fed. Rules Civ. Pro. ("FRCP"), Rule 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service, as governed by the FRCP.

---

[1] The Specially Appearing Districts also maintain that they are not proper defendants to the Complaint in Intervention, which calls upon the Court to interpret the scope of reserved tribal water rights arising our of Interlocutory Judgment Nos. 33 and 41. The Specially Appearing Districts share no hydrologic connection to the matters discussed in those interlocutory judgments. Recently, the Tribes' acknowledged that there is legal justification for the Specially Appearing Districts' position and they have agreed to limit the scope of the litigation to defendants who either overly or may impact surface flows to the Anza Groundwater Basin. Should the Tribes be permitted to amend their complaint, this motion will be rendered moot.

[2] The Specially Appearing Districts specially appear to file this joinder because, although the districts are expressly enumerated in the Court's order, it is unclear whether they satisfy the criteria established by the Court to have standing to file a motion to quash. However, out of an abundance of caution and at the invitation of the Court, this special appearance Joinder is made.

See *Randolph v. City of East Palo Alto* ("*Randolph*"), 2007 U.S. Dist. LEXIS 33803, pp. 6-7 (N.D. Cal., 2007), citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th. Cir. 2004).  If the plaintiff is unable to satisfy its burden, the Court has the discretion to either dismiss or retain the action.  "If the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively." *Randolph, supra,* 2007 U.S. Dist. LEXIS 33803 at p. 7, citing *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (9th. Cir. 1976).

### IV.   ARGUMENT
#### A.   Attempted Service of the Tribe's Complaint in Intervention Must Be Quashed Because the Tribes Failed to Serve their Complaints in Intervention on the Affected Landowners

Due process requires that defendants be afforded *notice* of proceedings involving their interests and an *opportunity to be heard*. See *Mullane v. Central Hanover Bank & Trust Co.* "*Mullane*")(1950) 339 U.S. 306, 314 [requiring "notice reasonably calculated, under all circumstances, to apprise interested parties of pendency of the action and afford them the opportunity to present their objections" ]; see also *Mennonite Board of Missions v. Adams* ("*Mennonite Board*") (1983) 462 U.S. 791, 795-798.  A plaintiff must employ a means of service that is reasonably calculated  to provide actual notice to defendants.  See *Mullane, supra,* at 315; see also *Mennonite Board*, *supra,* at 799.  Constructive service is insufficient when a defendant's address is known or can be ascertained with reasonable effort. *Mullane, supra*, 339 U.S. at 315-316; *Mennonite Board*, *supra,* at 799.

In the instant case, the Tribes assert that the Affected Landowners are subject to the Court's jurisdiction for purposes of interpreting Interlocutory Judgment Nos. 33 and 41.  That is, the Affected Landowners have an interest in the Tribes' action because their rights may be diminished in some material way. However, the Tribes

1  have undertaken no effort present those landowners with notice of the pendency of
2  the Tribes' lawsuit, nor the opportunity to be heard.  Instead, the Tribes have
3  attempted to shift their notice obligations onto the Specially Appearing Districts by
4  asserting that effectuating personal service on the Specially Appearing Districts --or
5  obtaining waiver thereof-- relieves them of their due process obligations.  The legal
6  position ignores the practical underpinnings of due process law because it is the
7  Tribes, not the Specially Appearing Districts, who seek to potentially adversely
8  impact the Affected Landowners.  Indeed, the addresses of the Affected
9  Landowners are known or can be ascertained with reasonable effort, just as the
10 Tribes ascertained the addresses of the other defendants in this matter.  The fact that
11 the process of identifying the Affected Landowners may be more cumbersome, and
12 likely more costly, does not relax the due process requirements such that the Tribes
13 are relieved of their legal obligation to take reasonable measures to put the Affected
14 Landowners on notice of the lawsuit and the opportunity to be heard.  As such, the
15 attempted service should be quashed.
16       It should be noted that the Specially Appearing Districts are not authorized
17 agents who can accept service on behalf of the Affected Landowners.  Indeed, the
18 Specially Appearing Districts are municipal water agencies subject to the Municipal
19 Water Agency Act and the Specially Appearing Districts' position concerning the
20 acceptance of service on behalf of the Affected Landowners in a representative
21 capacity is akin to the position set out by Eastern Municipal Water District
22 ("EMWD") in its Motion to Quash.  See EMWD's Memorandum of Points and
23 Authorities in Support of its Motion to Quash Service for Insufficient Service of
24 Process of Complaints in Intervention, 4:13-5:24.
25       **B.    Attempted Service of the Tribe's Complaint in Intervention Must**
26             **Be Quashed Because the Request for Waiver of Service is**
27             **Ineffective**
28       Ordinarily, a defendant may waive a plaintiff's personal service obligation,

1  provided that certain established requirements are satisfied. See e.g., FRDC, §4(d).
2  However, such is not necessarily the case with public agencies.  The FRCP
3  provides the following:
4   Service upon a state, municipal corporation, or other governmental
5   organization subject to suit shall be effected <u>by delivering a copy of</u>
6   <u>the summons and the complaint</u> to its chief executive officer ***or*** by
7   serving the summons and complaint <u>in a manner prescribed by the law</u>
8   <u>of that state</u> for the service of summons or other like process.
9   FRCP, Rule 4(j)(2), emphasis added.
10  California law provides that a plaintiff seeking to effectuate service on a
11  public entity should deliver "a copy of the summons and complaint to the clerk,
12  secretary, president, presiding officer, or other head of the governing body."  Cal.
13  Code Civ. Pro., §416.50.  While California law does prescribe a methodology for
14  defendants to waiver personal service, it is not expressly evident that the waiver
15  policy applies to public agencies.  See Cal. Code Civ. Pro., §415.30.  As such, the
16  Specially Appearing Districts elected to refuse to waive the Tribes' personal service
17  requirement.
18   But more importantly, even if the Specially Appearing Districts are allowed
19  to waive the personal service requirement on their own behalf, the requested waiver
20  does not comply with the law as it relates to service of the Affected Landowners.
21  In relevant part, the FRCP provides that a notice and request:
22   (A) shall be in writing and shall be addressed to <u>the defendant</u> . . . ;
23   (B) shall be dispatched through <u>first class mail</u> or other reliable means;
24   [ . . . ]
25   (D) shall inform <u>the defendant</u> . . . of the consequences of compliance and of
26  a failure to comply with the request;
27   [ . . . ]
28   (F) shall allow <u>the defendant</u> a reasonable time to return the waiver . . . .

FRCP, Rule 4(d)(2), emphasis added.

While some provisions related to service of process are liberally construed, "liberal construction cannot override [Rule 4's] plain requirements. *Guth v. Anderson*, 118 F.R.D. 502, 504. Here, the requested waivers are not addressed to the Affected Landowners as defendant. Nor do they reasonably apprise the Affected Landowners of the nature of the litigation or the consequences of complying or failing to comply with waiver request. Given the insufficiency of the service waivers, the Court should quash the attempted service my waiver requests, and require the Tribes to either mail the waiver requests directly to the Affected Landowners, or require the Tribe to personally serve them.

## V.   CONCLUSION

Based on the foregoing, EMWD's motion to quash should be granted because the Tribes failed to take reasonable measures to put the Affected Landowners on notice of the pendency of this lawsuit and give them an opportunity to be heard. Moreover, the Tribes failed to comply with the express mandates of the service waiver provisions contained in FRCP, Rule 4(d).

Dated: March 27, 2009        BEST BEST & KRIEGER LLP

By: /s/ Jason M. Ackerman
Jill Willis
Jason M. Ackerman
3750 University Avenue, Suite 400
Riverside, CA  92501
Telephone:  (951) 686-1450
jill.willis@bbklaw.com
jason.ackerman@bbklaw.com
Attorneys for Defendants
Elsinore Valley Municipal Water District and Western Municipal Water District

| | |
|---|---|
| 1 | Jill N. Willis, Esq., State Bar No. 200121 |
| 2 | Jason M. Ackerman, Esq., State Bar No. 219940 |
| | BEST BEST & KRIEGER LLP |
| 3 | 3750 University Avenue |
| | P.O. Box 1028 |
| 4 | Riverside, California 92502 |
| | Telephone: (951) 686-1450 |
| 5 | Telecopier: (951) 686-3083 |
| | jill.willis@bbklaw.com |
| 6 | jason.ackerman@bbklaw.com |

Attorneys for Defendants
Elsinore Valley Municipal Water District and
Western Municipal Water District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 51cv1247 GT (RBB) |
| Plaintiff, | |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al., | **CERTIFICATE OF SERVICE/PROOF OF SERVICE RE: SPECIAL APPEARANCE JOINDER TO EASTERN MUNICIPAL WATER DISTRICT'S MOTION TO QUASH SERVICE OF PROCESS OF COMPLAINTS IN INTERVENTION** |
| Plaintiff–Intervenors, | |
| v. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | DATE: April 27, 2009<br>TIME: 10:00 a.m.<br>CTRM: "B"<br>JUDGE: Hon. Ruben B. Brooks |
| Defendants. | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the court's CM/ECF system, per Federal Rules of Civil Procedure Rule 5(b)(2)(D).

Any other counsel of record or unrepresented party will be served by first class mail on March 27, 2009.

    /s/ Tammy L. Valverde

RVPUB\JACKERMAN\760145.1     - 1 -     Case 3:51-cv-01247-GT-RBB

SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

| | |
|---|---|
| 1 | PROOF OF SERVICE |

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I, the undersigned, say: I am employed in the County of Riverside, State of California, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 1450 University Avenue, Suite 400, Riverside, CA 92501.

On March 27, 2009, I served a copy of the foregoing document on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

(X) By Mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service mail box on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

EXECUTED ON March 27, 2009, at Riverside, California.

(X) [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Tammy L. Valverde

SERVICE LIST CV 3:51-cv-01247-GT-RBB

Wiederrich Family Trust
13440 St. Andrews Pl.
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

RVPUB\JACKERMAN\760145.1     - 2 -     Case 3:51-cv-01247-GT-RBB

SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

| | |
|---|---|
| 1 | Barbara J Carr Trust<br>Barbara J. Carr, Trustee |
| 2 | 20571 Bexley Road<br>Jamul, CA 91935-7945 |
| 3 | |
| 4 | Billy Ward<br>P O Box 5878<br>San Diego, CA 92165 |
| 5 | |
| 6 | Briar McTaggart<br>1642 Merion Way 40E<br>Seal Beach, CA 90740 |
| 7 | |
| 8 | James L. Markman<br>Richards Watson & Gershon<br>1 Civic Center Circle |
| 9 | PO Box 1059<br>Brea, CA 92822-1059 |
| 10 | |
| 11 | John S Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| 12 | |
| 13 | Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 |
| 14 | |
| 15 | Marianne E. Pajot |
| 16 | Mary E Lee<br>41085 Lakeshore Blvd.<br>Aguanga, CA 92536 |
| 17 | |
| 18 | Michael J Machado<br>P O Box 391607<br>Anza, CA 92539 |
| 19 | |
| 20 | Pamela M Machado<br>P O Box 391607<br>Anza, CA 92539 |
| 21 | |
| 22 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| 23 | |
| 24 | Robert H James<br>Sachse James Croswell and Lopardo<br>205 W. Alvarado Street |
| 25 | Suite 1<br>Fallbrook, CA 92028-2025 |
| 26 | |
| 27 | Thomas C Perkins<br>7037 Gaskin Place<br>Riverside, CA 92506 |
| 28 | |

RVPUB\JACKERMAN\760145.1  - 3 -  Case 3:51-cv-01247-GT-RBB

SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS