1  Curtis G. Berkey (CA State Bar No. 195485)
   Scott W. Williams (CA State Bar No. 097966)
2  ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
   2030 Addison Street, Suite 410
3  Berkeley, CA 94704
   Tel: 510/548-7070
4  Fax: 510/548-7080
   E-mail: cberkey@abwwlaw.com
5  E-mail: swilliams@abwwlaw.com
   *Attorneys for Plaintiff-Intervenor*
6  *Ramona Band of Cahuilla*

7  Marco A. Gonzalez (CA State Bar No. 190832)
   COAST LAW GROUP LLP
8  169 Saxony Road, Suite 204
   Encinitas, CA 92024
9  Tel: 760/942-8505
   Fax: 760/942-8515
10

11 Scott B. McElroy (Pro Hac Vice)
   M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
12 1007 Pearl Street, Suite 220
   Boulder, CO 80302
13 Tel: 303/442-2021
   Fax: 303/444-3490
14 E-mail: sbmcelroy@mmwclaw.com
   E-mail: ccondon@mmwclaw.com
15 *Attorneys for Plaintiff-Intervenor*
   *Cahuilla Band of Indians*

16                    UNITED STATES DISTRICT COURT

17              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18

19 UNITED STATES OF AMERICA,            ) CIVIL NO.: 51-1247-GT-RBB
                                        )
20            Plaintiff,                ) **JOINT MEMORANDUM OF**
                                        ) **POINTS AND AUTHORITIES IN**
21 RAMONA BAND OF CAHUILLA, CAHUILLA    ) **SUPPORT OF MOTION TO**
   BAND OF INDIANS, et al.,             ) **DISMISS CLAIMS AGAINST**
22                                      ) **CERTAIN DEFENDANTS**
            Plaintiff-Intervenors,      )
23                                      )
   v.                                   ) Hon. Gordon Thompson, Jr.
24                                      )
   FALLBROOK PUBLIC UTILITY DISTRICT, et al., ) **Date:  April 27, 2009**
25                                      ) **Time: 2:00 p.m.**
            Defendants.                 ) **Courtroom: 8**
26                                      )

27

28

# INTRODUCTION

Plaintiff-Intervenor Ramona Band of Cahuilla and Plaintiff-Intervenor Cahuilla Band of Indians (Tribes) seek to dismiss without prejudice all claims against those defendants who own land outside the boundaries of the Anza-Cahuilla Sub-Basin and who have returned signed waivers of service of summons. For purposes of this Joint Motion to Dismiss, there are two groups of such defendants: 1) served defendants who have not answered; and 2) served defendants who have filed answers. As to the first group, this Motion constitutes notice of the Tribes' voluntary dismissal without prejudice pursuant to Rule 41(a)(1), which provides that a plaintiff may dismiss without a court order before the opposing party files an answer. As shown on the list attached to the Notice of Joint Motion as Exhibit A, there are 302 defendants in this group. (For ease of reference, Exhibit A is divided into two parts, those between the Anza-Cahuilla Sub-Basin and Vail Lake, and those below Vail Lake). As to the second group, the Tribes seek this Court's approval for dismissal without prejudice of all claims against answering defendants pursuant to Rule 41(a)(2), which provides that an action or claims may be dismissed without prejudice by court order if answer has been filed. As shown on the list attached to the Notice of Motion as Exhibit B, there are 13 defendants in this group.

The Tribes' motivation is not legally relevant to its ability to dismiss claims against these defendants. *In re Skinner & Eddy Corporation*, 265 U.S. 86, 93 (1924) (the right to dismiss before answer does not depend on the plaintiffs reason for doing so). The Tribes nonetheless explain their reasons here. This Court ordered the Tribes to serve their complaints in intervention on "the appropriate defendants," defined as "any defendant that the Bands expect to be bound by the Court's judgment." Order of July 18, 2007. (Mt. No. 4941). As a result, the scope of the Tribes's case was for them to determine. At the time the Tribes intervened, there was no list of current parties or water rights holders subject to the Court's jurisdiction updated from the original 3,000 defendants when the original action was filed in 1951. Because of changes in landownership, the process of preparing such a list has been complex, time consuming and expensive. To protect against future challenges to the Tribes's water rights from anywhere in the Santa Margarita River Watershed, the Tribes sought to include the largest number of defendants reasonably possible in effecting service under Rule 4(d).

1    In light of subsequent technical analyses and settlement discussions the Tribes believe they

2    can protect their water rights and reduce the magnitude and complexity of this case.  The Tribes, in

3    cooperation with other parties, believe that the appropriate defendants to be bound by the

4    adjudication of the Tribes' water rights should now be limited to those defendants who own land

5    overlying ground water (or adjacent to surface streams) subject to this Court's jurisdiction within the

6    Anza-Cahuilla Sub-Basin, as defined in Interlocutory Judgment Number 33.  Dismissing claims

7    against the Defendants outside the Anza-Cahuilla Sub-Basin will simplify the issues in the case,

8    promote the interests of judicial economy and facilitate a more expeditious resolution of the Tribes'

9    claims.

10    The hydrologic rationale for limiting the scope of the case is set out in the Declaration of

11    Oliver Page.  As Mr. Page concludes, there is no impact from groundwater development inside the

12    Anza-Cahuilla Sub-Basin on the availability of water outside that area. Page Decl. ¶ 7 (geologic

13    impediment to the movement of groundwater from the Anza-Cahuilla Sub-basin to those areas

14    outside).  The converse is also true; water pumping outside this sub-basin will not have any

15    measurable impact on the availability of water for the Tribes' use on their Reservations inside the

16    sub-basin. Page Decl. ¶ 7. Because there is no impact occurring in either direction, the Tribes are

17    willing to accept a quantification of their water rights that does not bind water users and landowners

18    outside the Anza-Cahuilla Sub-Basin.  Similarly, it appears to the Tribes that the dismissal of claims

19    against those defendants does not put them at risk of adverse effect from the Tribes' pumping inside

20    the sub-basin.  They would not be bound by the adjudication of the Tribes' water rights and their use

21    would not be restricted.

22                                    **ARGUMENT**

23    The Tribes' motion is properly analyzed in two parts:  1) the right to dismiss those defendants

24    who have not yet filed answers or moved for summary judgment; and 2) the right to dismiss those

25    defendants who have filed answers.  As to the first group, the Tribes have the absolute right to

26    dismiss claims against them.  As to the second group, this Court should approve dismissal without

27    prejudice because those defendants will not suffer legal prejudice if dismissed.  Each of these is

28    analyzed below.

1.   <u>Defendants Who Have Not Answered.</u>

The Tribes have an absolute right to dismiss without prejudice their claims against any defendant who has not yet filed an answer or moved for summary judgment. Rule 41(a)(1). Although no court approval is required to dismiss such claims, the Tribes seek this Court's sanction because of the complexity and magnitude of this case. The Tribes' right to dismiss under these circumstances is not affected by the amount of effort expended by the defendants or how far the lawsuit has progressed. *American Soccer Co., Inc. v. Score First Enterprises,* 187 F.3d 1108, 1110-1112 (9th Cir. 1999). Although the Tribes request this Court to approve their voluntary dismissal without prejudice against these defendants, it is settled that a court does not have authority to impose conditions or terms upon dismissal. As the Ninth Circuit has noted, "[w]e now make explicit what our cases have indicated before, that once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Commercial Space Management Company, Inc. v. The Boeing Company,* 193 F.3d 1074, 1076 (9th Cir. 1999).

2.   <u>Defendants Who Have Answered.</u>

Here, too, the Tribes have the right to dismiss without prejudice claims against these defendants. Thirteen defendants have filed answers. After answers are filed, the plaintiff must obtain court approval for dismissal on "terms and conditions the court considers proper." Rule 41(a)(2). Courts generally allow dismissal without prejudice after answer unless the defendant will suffer "some plain legal prejudice" as a consequence of the dismissal. *Hamilton v. Firestone Tire & Rubber Company, Inc.,* 679 F.2d 143, 145 (9th Cir. 1982). The prospect of having to defend a second lawsuit, or to defend renewed claims in the same lawsuit, is not sufficient to qualify as legal prejudice. *Hartford Accident & Indemnity Co. v. Costa Lines,* 903 F.2d 353, 360 (5th Cir. 1990). Uncertainty because a claim remains unresolved is not legal prejudice for purposes of the voluntary dismissal rule. *Westlands Water District v. United States,* 100 F.3d 94, 97 (9th Cir. 1996). Rather, legal prejudice has been found where dismissal of claims against the defendant would result in the loss of a federal forum, or the loss of a right to a jury trial, or the elimination of a statute of limitations defense. *Id.* (citing cases).

1    Because no answering defendant will suffer legal prejudice, this Court should approve

2  dismissal of the Tribes' claims without prejudice and without conditions. Dismissal without

3  prejudice will leave the claims and defenses unresolved, but, as the Ninth Circuit has ruled, that does

4  not qualify as legal prejudice. The ability of the dismissed defendants to defend a re-assertion of the

5  Tribes' claims is not hampered by dismissal; the Tribes gain no tactical advantage by dismissing the

6  claims now and asserting them later in the same case. Because no dismissed defendant will be bound

7  by the outcome of the Tribes' claims and because they retain all of the defenses asserted in their

8  answers, no conditions are necessary to prevent or mitigate prejudice to any defendant.

9                                    **CONCLUSION**

10    For the foregoing reasons, the Joint Motion to Dismiss Without Prejudice should be granted.

11  Date: April 1, 2009                    Respectfully submitted,

12                                    ALEXANDER, BERKEY, WILLIAMS &
                                    WEATHERS LLP
13

14                                    By:/s/Curtis G. Berkey
                                    Curtis G. Berkey
15                                    Scott W. Williams
                                    2030 Addison Street, Suite 410
16                                    Berkeley, California 94704
                                    Tel: 510/548-7070
17                                    Fax: 510/548-7080
                                    E-mail: cberkey@abwwlaw.com
18                                    E-mail: swilliams@abwwlaw.com

19                                    *Attorneys for Plaintiff-Intervenor,*
                                    *Ramona Band of Cahuilla*
20

21                                    COAST LAW GROUP LLP

22

23                                    By:/s/Marco Gonzales
                                    Marco Gonzales
24                                    169 Saxony Road, Suite 204
                                    Encinitas, CA 92024
25                                    Tel: 760/942-8505
                                    Fax: 760/942-8515

26                                    *Attorney for Plaintiff-Intervenor,*
                                    *Cahuilla Band of Indians*

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McELROY, MEYER, WALKER & CONDON, P.C.


By: /s/Scott B. McElroy
     Scott B. McElroy (Pro Hac Vice)
     M. Catherine Condon (Pro Hac Vice)
     1007 Pearl Street, Suite 220
     Boulder, Colorado
     Tel: 303/442-2021
     Fax: 303/444-3490
     E-mail: sbmcelroy@mmwclaw.com
     E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervenor,*
*Cahuilla Band of Indians*

Case No.: 51cv1247-GT-RBB

# EXHIBIT A

# LIST OF SERVED DEFENDANTS
## (Above Vail Lake)

| | | | |
|---|---|---|---|
| 1. | Craig Docking | 62. | Miguel Estrada |
| 2. | Caitlin Inv. Co. Inc. | 63. | Norma J. Cunnington Living 2007 Trust 5-18-07 |
| 3. | Kiumars Bakshandeh (3 properties) | 64. | Christi A. Evers (2 properties) |
| 4. | Arnold R. Bowman | 65. | Robert Ramos |
| 5. | Irma Anderson | 66. | Joseph Papac |
| 6. | Tyyne Heisterman (2 properties) | 67. | Arthur Brandon |
| 7. | Harold Tyler (2 properties) | 68. | Western Riverside County Regional Conservation |
| 8. | Claire Clair (2 properties) | | Authority (13 properties) |
| 9. | Paul Schaden (3 properties) | 69. | Brent Selinger |
| 10. | Shirley Clough | 70. | Michael Cheng |
| 11. | Judith Granados | 71. | Winchester 700 (4 properties) |
| 12. | Dennis Galceran (3 properties) | 72. | Henry Escajeda |
| 13. | Farhood Moshfegh | 73. | Larry Dyson (2 properties) |
| 14. | Gerald McClaire and Violet M. McClaire | 74. | Janet Brayley |
| 15. | Michael F. Conroy Trust 10-03-06 | 75. | Bentley and Evelyn Beal Family 2001 Trust (3 properties) |
| 16. | Edwin Austin | 76. | Paul Otis |
| 17. | Coda Family Trust | 77. | Kenneth Hunter Survivors Trust Fund (4 properties) |
| 18. | Perez Family Trust | 78. | Thomas Lange |
| 19. | Sandra Mills | 79. | Marjorie A. Malloy, Inc. (4 properties) |
| 20. | Raymond Reinders, Sr. | 80. | Cynthia Walsh (2 properties) |
| 21. | Goodman Investments L.P. | 81. | Edward Pruitt |
| 22. | Bryan C. Duggan | 82. | Bach Pham |
| 23. | Andrew G. Papac Living Trust | 83. | Edward Herrera |
| 24. | Edward Pullen | 84. | Steve Luly |
| 25. | Paulette Clark (3 properties) | 85. | Arriaga Bros. Development Corp. |
| 26. | Melvin Bitterman and Suzanne Bitterman Living Trust (2 properties) | 86. | Darinka Soldat |
| | | 87. | Mervyn Anstie |
| 27. | Doris E. Snyder Trust 4-23-94 (2 properties) | 88. | William Blake |
| 28. | Roy C. Pursche Trust 2-6-03 | 89. | Todd Sheehan |
| 29. | Robert S. Pavlik Revocable Trust 5-22-06 | 90. | Jose Martinez |
| 30. | Gustavo Figueroa | 91. | Llona Brandenberg |
| 31. | Barbara A. Booth Trust 12-23-99 | 92. | Julio Gutierrez |
| 32. | Marilyn T. McDonald | 93. | Marcelina Balden |
| 33. | Roger Vititow | 94. | Prinsen Enterprise Inc. |
| 34. | Shigemune and Shukuei Hayashi | 95. | Charles Lewis |
| 35. | Martha Villiger (2 properties) | 96. | Josephine Ziesmer |
| 36. | Joseph A. Ornelas | 97. | Tuyet Nguyen |
| 37. | Phillip Apalategui | 98. | Josef Magenheim |
| 38. | Sander Family Trust 5-3-91 | 99. | Phillip Behselich (2 properties) |
| 39. | Frank E. Craig | 100. | Robert Remington |
| 40. | Mario & Rosemary Martinez | 101. | Hai Hong Ngo |
| 41. | Valerie J. Schmidt | 102. | Lisle McVicker (3 properties) |
| 42. | Wiederrich Family Trust | 103. | Yong Hong |
| 43. | Paul Gonzalez (2 properties) | 104. | Terry Smith |
| 44. | Robert L. Vondgunden 1996 Trust 10-14-96 | 105. | Castillo Alejandrino |
| 45. | Elawna S. Sisley | 106. | Efrain Silva |
| 46. | Andrew Patterson | 107. | Othmar Weber (3 properties) |
| 47. | Henry Duran and Adela G. Duran | 108. | Darin Ravy |
| 48. | Bartolome Abuan | 109. | Maria Samarin |
| 49. | Sergio Reyes | 110. | Larry Maddox |
| 50. | Grace Barnaba | 111. | Ronald Schmidt |
| 51. | Fletcher Family Trust 6-1-88 | 112. | Morton Schwartz (2 properties) |
| 52. | Gary C. Potter and Constance C. Potter (2 properties) | 113. | David Ambritz |
| 53. | Willie Segura | 114. | Billy Ward |
| 54. | Chapple Family Trust (2 properties) | 115. | Donal Hoolihan |
| 55. | Barbara J. Carr Trust 12-1-92 | 116. | Patricia Zamora |
| 56. | Hemet Unified School District | 117. | Pena Trust (9 properties) |
| 57. | Dale E. and Georganne Steward | 118. | Coral Smith |
| 58. | Virginia Van Dyke | 119. | Mary Loveland (3 properties) |
| 59. | Benson Revocable Trust | 120. | Lynn Muir, Jay Muir & Allen L. Muir |
| 60. | William Melmoth (3 properties) | 121. | Salvatore Lunetto |
| 61. | Sickle Family Trust | 122. | Cirilia Piatek |

| | |
|---|---|
| 123. | William Vale (2 properties) |
| 124. | Carrie Koen |
| 125. | Claude Gray |
| 126. | Jannki Mithaiwala |
| 127. | Curt Ravn |
| 128. | Denise Medved |
| 129. | Tony Bojorquiz |
| 130. | James Simones |
| 131. | Randy Shouse |
| 132. | Thelma Breach |
| 133. | Chartrand Family Trust |
| 134. | Mary Gallagher |
| 135. | Denney Family Trust |
| 136. | Kathryn Nakamura |
| 137. | Peter Pena (2 properties) |
| 138. | Laymon Armstrong |
| 139. | Van Mallonee |
| 140. | Heather Crist (2 properties) |
| 141. | Lois Meyer |
| 142. | Albert Ross |
| 143. | Beatrice Powell |
| 144. | Arturo Urgelles |
| 145. | Guadalupe Estrada |
| 146. | Daniel Wilson |
| 147. | Henry H. & Lois Scott |
| 148. | Durrell & Marjorie Judge |
| 149. | Edward Ward (4 properties) |
| 150. | David Powers |
| 151. | Edward Brocknam |
| 152. | Lionel Balcorn |
| 153. | Ellen Holmes |
| 154. | Jerry Geller (6 properties) |
| 155. | Bradley Gates |
| 156. | Cecel Elliott |
| 157. | William Rangel |
| 158. | Jojoba Hills SKP Resorts, Inc. |
| 159. | Rosemary L. Fishbein |
| 160. | Gregory McCreight |
| 161. | Donald Scott |
| 162. | Eugene *Gabrych* |
| 163. | Ellen A. Morisse Trust 2-21-07 |
| 164. | Joy Nelson |
| 165. | Mary Stearns |
| 166. | Daniel Kozlowski |
| 167. | Julio Lopez |
| 168. | Russell Lien (2 properties) |
| 169. | Glenn Oatman |
| 170. | Thomas Kiepe |
| 171. | Angela Acosta |
| 172. | Charles Manning |
| 173. | Bethany Allen |
| 174. | Doran Lewis |
| 175. | Blake Harrison |
| 176. | Esther Farsi |
| 177. | Frank & Erlys Spitzer (3 properties) |
| 178. | Juanita Mitchell |
| 179. | Riverside Land Conservancy |
| 180. | Norman Williams |
| 181. | John Martindale |
| 182. | Hanna Hinnawi |
| 183. | Stephen Ralles and Carol A. Moore |
| 184. | Dripping Springs Ranch Inv. (2 properties) |
| 185. | Irene Hotchkiss Living Trust (2 properties) |
| 186. | Harry Lee |
| 187. | Michael White |
| 188. | Bertha Mendoza (2 properties) |
| 189. | James Carter |
| 190. | MCMX (2 properties) |

| | |
|---|---|
| 191. | William Clifton Family Trust |
| 192. | Ben Slacker |
| 193. | Dabbie Smith (2 properties) |
| 194. | Edward Berlin |
| 195. | Julie Salinas |
| 196. | Steven Robinson |
| 197. | Guadalupe Estrada |
| 198. | Johannes Romyn |
| 199. | Patrick Shulte |
| 200. | Warham Stejer |
| 201. | Madella Thatcher |
| 202. | Margaret Moreno |
| 203. | Hans Nettel |
| 204. | Willard Jackson, Trustee |

## LIST OF SERVED DEFENDANTS
### (Below Vail Lake)

1. Dale Sheneman
2. Cort Stoskopf and Susan Stoskopf
3. Robert E. Dawson
4. Wilbur A. Wagner on behalf of Wagner Family Trust
5. Geoffrey T. Moore
6. David Osias on behalf of McMillan Morgan Hill, LLC
7. Holly E. Ackley, University Counsel, on behalf of the Regents of the University of California
8. Robert M. Savage
9. Darell J. Farnbach
10. Eda Meredith
11. Norma Van Ginkel and Deborah Van Ginkel
12. Sharilyn J. Sandberg
13. Richard Gonzales
14. Carole Ambler
15. Gary Long
16. William Ferdinando, Laura Ferdinando and Terrea Barone
17. Alexander N. Harris
18. C. Williams
19. Elizabeth P. Koers
20. Charles Pearson
21. Irene N. Hotchkiss
22. Charles R. Riddle
23. Valerian Podraza
24. Charles Ruggles
25. Steve Ludwig, Senior Vice-President, Highpointe Communities
26. Quinten Sharp
27. Isidro Orozco
28. Efren Conejo
29. Eleanor Parsons
30. Kishor Doshi, General Partner on behalf of Kalmia Courtyards LP
31. Shirley A. Lapier, Trustee
32. Danuta Piekytowska
33. Austin Linsley
34. Donald Eugene Smith
35. Nida Thompson
36. David A. Barton
37. Lois McDonald
38. D.J. Cashman
39. Virginia F. Bowen
40. Gail A. Barton
41. Linda Allred, Mark A. Allred and Jolene R. Allred
42. Gerald Shoaf of Redwine and Sherrill on behalf of Eastern Municipal Water District
43. Jose J. Gutierrez
44. Lowell R. Crisp
45. Rose Fitzpatrick
46. Richard D. Patton
47. Richard D. Patton and Joanna Patton
48. Richard D. Patton, Successor Trustee on behalf of the Blanche W. Patton Family Trust
49. Ronald Manson
50. Elsa Morales
51. Christopher Hayes
52. Ronald L. Klein
53. Patricia L. Klein (Stratton)
54. Joseph Eustachio
55. Danny Z. Cisar
56. Adam S. Romero
57. Cecilia Bragg
58. Karen S. Swanson
59. Ramon Garcia
60. Hal P. Abel
61. Tim Alder and Pamela Veillieux Alder
62. James Smith
63. Joseph Huss
64. Heron Badillo and Maria Badillo
65. Gordon Hurst
66. Amber Van Oort
67. Steven F. Lopez, Trustee on behalf of the Joseph Q. Lopez Family Trust
68. Roland Frank Gonzales, Trustee on behalf of Roland Frank Gonzales Revocable Trust
69. Scott Leonhardt
70. Rodrigo R. Huertero
71. Cowan A. Plummer and Martha B. Plummer
72. Anna M. Ingalls, Trustee
73. Barbara Barker-Krank, Raymond Krank and Ronald Dunham
74. Shirley C. Spencer, Trustee
75. Robert Beach
76. Ignacio Regalado
77. Susan L. Minardi-Vaughan
78. Teresa W. Blackledge on behalf of Green Oaks Ranch LLC
79. Mark Wood
80. Rex Brinneman
81. Alejandro Ramirez and Nancy Ramirez
82. Jerome H. Thompson
83. Stanley A. Smith
84. Paul R. Suden
85. Lindy Allison
86. Sharon Campbell
87. James J. McGrath
88. Mervin Chard
89. Albert E. Ezor
90. David B. Grummitt and Nancy V. Grummitt
91. John Behran
92. Nicanor Perez
93. Debbie Durant (Lott)
94. Theodore Tchang, President on behalf of Techbilt Construction Corp.
95. Geronimo Mireles
96. Thomas D. Glenn and Suki Glenn
97. John C. Wills, General Partner
98. Laura Edwards
99. Barbara K. Lang
100. W. Arterberry
101. Jerol B. Riley
102. Karre Silvora

# EXHIBIT B

**LIST OF SERVED DEFENDANTS WHO HAVE ANSWERED
RAMONA BAND OF CAHUILLA AND CAHUILLA BAND OF INDIANS FIRST
AMENDED COMPLAINTS IN INTERVENTION**

1. Rainbow Municipal Water District
2. Pechanga Band of Luiseño Mission Indians
3. Coral Smith
4. Jannki Mithaiwala
5. Sander Family Trust
6. Riverside Land Conservancy
7. MCMX
8. Roy C. Pursche
9. Marjorie Malloy
10. William J. Fletcher on behalf of Fletcher Family Trust
11. Bryan D. Samspon
12. San Diego State University Research Foundation

**LIST OF SERVED DEFENDANT WHO ANSWERED ONLY CAHUILLA
BAND OF INDIANS COMPLAINT IN INTERVENTION**

1. Barbara J. Carr Trust