Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505
Fax: 760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021
Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com

*Attorneys for Plaintiff in Intervention,*
  *the Cahuilla Band of Indians*
**Additional attorney on page 2**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 51-cv-1247-GT-RBB |
| Plaintiff, | **MEMORANDUM OF THE CAHUILLA BAND OF INDIANS AND THE RAMONA BAND OF CAHUILLA OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINTS IN INTERVENTION** |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, federally recognized Indian tribes, | |
| Plaintiffs in Intervention, | Hearing Date: April 27, 2009 |
| v. | Time: 2:00 p.m. |
| | Courtroom: 8 |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | Hon. Gordon Thompson, Jr. |
| Defendants. | |

Tribes' Memorandum of Points and
Authorities in Support of Motion for Leave
to File Second Amended Complaints

1

Case No. 51-cv-1247-GT-RBB

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS
 & WEATHERS, L.L.P.
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510-548-7070
Fax: 510-548-7080
cberkey@abwwlaw.com

*Attorney for Plaintiff in Intervention,
 the Ramona Band of Cahuilla*

Tribes' Memorandum of Points and
Authorities in Support of Motion for Leave
to File Second Amended Complaints

2

Case No. 51-cv-1247-GT-RBB

Pursuant to Fed. R. Civ. P. 15(a)(2), CivLR 15.1, and this Court's March 24, 2009 *Order Partially Lifting Stay for the Purpose of Filing a Motion for Leave to File a Second Amended Complaint in Intervention and Dismiss Certain Named Defendants from this Action* ("Order"), Plaintiffs in Intervention, the Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively "Tribes"), respectfully request leave to file second amended complaints in intervention.

## I. BACKGROUND

The Tribes propose to limit the current litigation over their water rights to the resolution of the issues between the Tribes and other water users within the Anza-Cahuilla Sub-Basin ("Sub-Basin"), as that basin is defined in Interlocutory Judgment 33, and seek leave to amend their complaints accordingly. The Tribes' proposal is based on their perspective that the most critical matter which they face is the threat to Sub-Basin water supplies from increasing groundwater use in the Sub-Basin. There is no hydrologic impact on in-Basin water supplies from groundwater and surface water uses outside the Sub-Basin. *See Affidavit of Oliver Page* ¶¶ 5-7 (Mar. 30, 2009). Likewise, there is virtually no likelihood that in-Basin groundwater uses will affect out-of-Basin water supplies. *Id.* ¶ 7. Finally, the possibility that in-Basin surface water uses would affect out-of-Basin uses is extremely remote. *Id.* ¶¶ 5, 6. As such, it is contemplated that all out-of-Basin water users and property owners who have already been served or have appeared in this litigation thus far will be dismissed. In addition, if there is a new service effort, out-of-Basin water users and property owners would not be served. Out-of-Basin water users would not be bound by the settlement of the tribal claims or by the resolution of those issues in litigation.

On March 24, 2009, this Court issued its Order partially lifting the stay to permit the Tribes to file a motion for leave to file second amended complaints. In accordance with that Order, the Tribes herein request such leave.

## II. SUMMARY OF ARGUMENT IN SUPPORT OF MOTION

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." The Ninth Circuit has stated that "'this policy is to be applied with extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Furthermore, there is a "strong policy permitting amendment." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

A court should grant a motion seeking to amend the complaint unless it finds that one of the following reasons would prevent the granting of the motion: (1) undue delay; (2) bad faith; (3) undue prejudice; and/or (4) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In the absence of any of these reasons, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. As a general rule, "this determination should be performed with all inferences in favor of granting the motion." *Griggs*, 170 F.3d at 880. Hence, none of the above-mentioned factors that would weigh against granting the instant motion are present.

### A. UNDUE DELAY.

Undue delay, by itself, "is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 758; *accord DCD Programs*, 833 F.2d at 186. In other words, even if undue delay exists, a district court must make "a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment" before denying a motion for leave to amend. *Bowles*, 198 F.3d at 758. This is true "no matter how lengthy" the delay is with regard to a motion for leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Hence, even when a motion for leave to amend was filed five years after the complaint was filed, a district court abused its discretion in denying the motion when neither bad faith nor prejudice was apparent. *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir.

1973); *see also Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254-55 (9th Cir. 1981) (citing *Howey* for proposition that two-year delay in filing motion for leave to amend was not undue delay).

In this case, the Tribes have not unduly delayed their motion for leave to amend, nor will the granting of this motion cause undue delay. The Tribes first filed complaints in intervention on January 22, 2007, just over two years ago. The Ramona Band of Cahuilla filed its *First Amended Complaint in Intervention* on July 2, 2007, and the Cahuilla Band of Indians filed a substantially similar complaint in intervention one week later. The proposal to limit this litigation to in-Basin water users and property owners first arose after the last status conference on March 9, 2009 and the Tribes responded with all due haste in filing their motion. *See Owens*, 244 F.3d at 712 (party moved to amend as soon as it became aware of a new defense, so opposing party could not claim undue delay). Moreover, the Court has stayed the proceedings in this case pending settlement negotiations, which have been ongoing since June 30, 2008.

Neither will the granting of this motion cause undue delay. Indeed, if the Court grants the Tribes leave to amend, difficult issues related to service of process on the defendant water districts will be eliminated and this case will move forward without the need to first resolve those issues.

**B.   BAD FAITH.**

The Tribes do not act in bad faith or with a dilatory motive in the filing of this motion. Rather, the Tribes' goal is to move this litigation forward by dismissing all of the out-of-Basin water users and property owners. The Tribes, along with the other in-Basin water users and the United States, may be able to more easily address all or certain of the other claimed defects in service of process in light of the more limited number of parties that would be required to be served if Court grants the Tribes' motion. Furthermore, the Tribes rely on their expert hydrologists in asserting that there is a lack of a hydrologic impact on out-of-Basin water supplies from groundwater uses within the Sub-Basin, and vice versa, so that out-of-Basin water

users and property owners may be dismissed from this action. *See Griggs*, 170 F.3d at 881 ("amendment should be permitted unless . . . the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories").

### C.  PREJUDICE TO THE OPPOSING PARTY.

The granting of this motion will not prejudice the defendants in any way. Although the Ninth Circuit has stated that prejudice to the opposing party is "the crucial factor" in determining whether to grant a motion for leave to amend, *Howey*, 481 F.2d at 1190, when ascertaining whether a party will be prejudiced the district court must nonetheless "[k]eep[] in mind that amendment should be freely granted to permit proper disposition on the merits." *Hurn*, 648 F.2d at 1254.

Here, the Tribes acknowledge that out-of-Basin water users and property owners who are dismissed from this action will not be bound by any subsequent judgment or settlement. Indeed, any judgment or settlement will only apply as between in-Basin water users and property owners and will expressly not apply to out-of-Basin water users and property owners. Also, the Tribes are not proposing to amend their complaints in a way that will require additional discovery or require the remaining defendants to incur substantial and additional litigation expenses. *See Owens*, 244 F.3d at 712. Indeed, there has been no formal discovery in this case. As explained above, the granting of the Tribes' motion will not cause prejudicial delay. *See id.* Hence, no claim of prejudice can rightfully be asserted by any opposing party.

### D.  FUTILITY.

The futility consideration is not applicable to the facts of this case, and thus is not a valid reason for denying the motion. To explain, the continued viability of the Tribes' complaints is not in danger, nor are the Tribes seeking leave to amend their complaints in order to save them from dismissal. *See Griggs*, 170 F.3d at 881; *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1994) (no matter what facts were alleged upon amendment they would not suffice to

state a cause of action, so amendment was futile). Hence, no argument can be made by any opposing party that it would be futile to amend the complaints.

### III. CONCLUSION

For all of the foregoing reasons, the Tribes respectfully request that the Court grant the instant motion to amend their complaints in intervention.

Respectfully submitted this 30th day of March, 2009.

>Marco A. Gonzalez (SBN 190832)
>COAST LAW GROUP LLP
>169 Saxony Road, Suite 204
>Encinitas, California 92024
>Tel: 760-942-8505 Fax: 760-942-8515
>
>Scott B. McElroy (Pro Hac Vice)
>M. Catherine Condon (Pro Hac Vice)
>McELROY, MEYER, WALKER
>  & CONDON, P.C.
>1007 Pearl Street, Suite 220
>Boulder, Colorado 80302
>Tel: 303-442-2021 Fax: 303-444-3490
>sbmcelroy@mmwclaw.com
>ccondon@mmwclaw.com
>
>      /s/ Scott B. McElroy
>By:_____
>      Scott B. McElroy
>
>*Attorneys for Plaintiff in Intervention,*
>*the Cahuilla Band of Indians*
>
>Curtis G. Berkey
>ALEXANDER, BERKEY, WILLIAMS &
>WEATHERS LLP
>2030 Addison Street, Suite 410
>Berkeley, CA 94704
>Tel: 510-548-7070, Fax: 510-548-7080
>cberkey@abwwlaw.com
>
>      /s/ Curtis G. Berkey
>By:_____
>      Curtis G. Berkey
>
>*Attorney for Plaintiff in Intervention*
>*the Ramona Band of Cahuilla*

Tribes' Memorandum of Points and Authorities in Support of Motion for Leave to File Second Amended Complaints

7

Case No. 51-cv-1247-GT-RBB