Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505
Fax: 760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021
Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com
*Attorneys for Plaintiff in Intervention,*
*the Cahuilla Band of Indians*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 51-cv-01247-GT-RBB |
| Plaintiff, | |
| CAHUILLA BAND OF INDIANS, a federally recognized Indian tribe, | **CAHUILLA BAND OF INDIANS' SECOND AMENDED COMPLAINT IN INTERVENTION** |
| Plaintiff in Intervention, | |
| v. | Hearing Date: April 27, 2009 |
| | Time: 2:00 p.m. |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | Courtroom: 8 |
| | Hon. Gordon Thompson, Jr. |
| Defendants. | |

## I. **INTRODUCTION**

1. This action was filed by the United States in 1951 to declare quiet title and enjoin the unlawful interference of the United States' rights to the use of water in the Santa Margarita River System in San Diego and Riverside Counties, California. *United States v. Fallbrook Pub. Util. Dist.*, No. 1247-SD-C (S.D. Cal. filed Jan. 25, 1951) ("Fallbrook litigation").

2. From the inception of this case, the United States has represented the Cahuilla Band of Indians (the "Cahuilla Tribe" or the "Tribe") as the Tribe's federal trustee. In the early stages of the case, the United States asserted, on behalf of the Cahuilla Tribe, a right to water under the federal reserved water rights doctrine in amounts sufficient to provide for the present and future needs of the Cahuilla Tribe and its members.

3. On November 8, 1962, this Court entered an interlocutory judgment which recognized a federal reserved water right for the Cahuilla Tribe and made findings of fact to serve as the basis for quantifying the amount of water reserved for the Cahuilla Tribe. The Court also concluded, as a matter of law, that the Cahuilla Tribe is entitled to use the surface waters and groundwater underlying the Cahuilla Reservation within the Anza-Cahuilla Sub-Basin ("Sub-Basin") to satisfy the Tribe's federal reserved water rights. This Court, however, reserved final quantification of those rights until circumstances required. *Findings of Fact, Conclusions of Law, and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Reservations, United States v. Fallbrook Pub. Util. Dist.*, No. 1247-SD-C (S.D. Cal. filed Nov. 8, 1962) ("Interlocutory Judgment 41" or "IJ 41").

Cahuilla Band of Indians'
Second Amended Complaint   2   Case No. 51-cv-01247-GT-RBB

4. The Court ordered and decreed "that the use of any waters, surface or ground, by the Indians on the Ramona, Cahuilla and Pechanga Reservations is subject to the continuing jurisdiction of this Court." IJ 41 at 1110.

5. In addition, the Court found that "notwithstanding any Interlocutory Judgment provisions entered hereinabove, this Court does have jurisdiction over the use of any waters insofar as the United States of America, on behalf of any Indians, asserts rights to such waters which were adjudged in Findings of Fact and Interlocutory Judgment No. 41 . . . ." *Findings of Fact, Conclusions of Law, and Interlocutory Judgment No. 33 Pertaining to Anza and Cahuilla Ground Water Basins and Cahuilla and Wilson Creeks, United States v. Fallbrook Pub. Util. Dist.* at 25, No. 1247-SD-C (S.D. Cal. filed Dec. 11, 1962) ("Interlocutory Judgment 33 " or "IJ 33").

6. Present circumstances require this Court to quantify and protect the Cahuilla Tribe's senior, federal reserved water rights within the Sub-Basin due to increasing development in the Anza Basin.

7. On January 22, 2007, this Court granted the Cahuilla Tribe's motion to intervene, and the Tribe's Complaint in Intervention was filed on January 23, 2007. The First Amended Complaint was filed on July 9, 2007 in order to clarify that the United States and its agencies are not defendants with regard to the Tribe's water rights claims, and that they are plaintiffs aligned with the Tribe in seeking final quantification of the Tribe's water rights. The Cahuilla Tribe seeks to participate in this case as a party in cooperation with the United States and to obtain a judicial decree quantifying and protecting the Cahuilla Tribe's senior, federal reserved rights to the surface waters and groundwater underlying the Cahuilla Reservation within the Sub-Basin.

8. This Second Amended Complaint limits the scope of the Cahuilla Tribe's claims to those public service corporations, persons, corporations, unincorporated associations, municipalities, and other entities (collectively "entities") that use or claim rights to use surface and/or ground water within the Sub-Basin as defined in Interlocutory Judgment 33. The Cahuilla Tribe is not seeking to adjudicate its claims against entities that only use or only claim rights to use surface and/or ground water outside of the Sub-Basin.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1345 (United States as plaintiff), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1362 (federally recognized Indian tribe as plaintiff). An actual controversy exists between the parties within the meaning of 28 U.S.C.§ 2201 (declaratory judgments).

10. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b) because the Sub-Basin is located within the Southern District of California and a number of Defendants reside in this District.

## III. PARTIES

11. Plaintiff-Intervenor, the Cahuilla Tribe, is a federally recognized Indian tribe, headquartered at Cahuilla, near Anza, California on the Cahuilla Reservation. The Cahuilla Tribe is governed by the Cahuilla General Council.

12. The Defendants in this action are public service corporations, persons, corporations, unincorporated associations, municipalities, and other entities that use or claim rights to use surface and/or ground water within the Sub-Basin as defined in Interlocutory Judgment 33.

## IV. FACTUAL ALLEGATIONS

13. By Executive Order in 1875, President Ulysses S. Grant established the Cahuilla Reservation for the Cahuilla Tribe. Exec. Order of Dec. 27, 1875, *reprinted* in 1 CHARLES KAPPLER, INDIAN AFFAIRS: LAWS AND TREATIES 820. In 1887, the Cahuilla Reservation was further enlarged by President Grover Cleveland. Exec. Order of Mar. 14, 1887, *reprinted in* 1 CHARLES KAPPLER, INDIAN AFFAIRS: LAWS AND TREATIES 824; IJ 41 at 1091. The Cahuilla Reservation was further enlarged on December 29, 1891. IJ 41 at 1091-1092. On or about January 25, 1927, the Cahuilla Reservation was expanded. *Id.*

14. When this Court entered Interlocutory Judgment 41, the Cahuilla Reservation contained approximately 18,292 acres, of which approximately 17,312 acres are located within the Santa Margarita River System. IJ 41 at 1093.

15. Pursuant to the Southern California Indian Land Transfer Act, Pub. L. No. 100-581, § 701, 102 Stat. 2938 (1988), approximately 611 acres were added to the Cahuilla Reservation in 1988. Those lands are located within the Sub-Basin, but the Cahuilla Tribe is not asserting claims for water rights to those 611 acres in this Complaint.

16. Today, the Cahuilla Reservation contains approximately 18,884 acres, of which approximately 17,923 acres are located within the Sub-Basin.

17. The Cahuilla Reservation is located in the aboriginal territory of the Cahuilla Tribe and its members, who have used and occupied the area since time immemorial. The Executive Orders creating the Cahuilla Reservation set aside the land and water resources of the Cahuilla Reservation for the benefit of the Cahuilla Tribe as a permanent homeland for its members.

18. Since time immemorial, the members of the Cahuilla Tribe have used, and continue to use, the lands, surface waters and groundwater underlying the Cahuilla Reservation within the Sub-Basin, for subsistence, cultural, ceremonial, religious, and commercial purposes.

19. On November 8, 1962, this Court entered Interlocutory Judgment 41.

20. When it created the Cahuilla Reservation, the United States intended to reserve, and in fact did reserve, rights to the use of all water which under natural conditions would be physically available on the Cahuilla Reservation, including rights to the use of groundwater, sufficient for the present and future needs of the Cahuilla Tribe. IJ 41 at 1104; IJ 33 at 25.

21. The Cahuilla Tribe's federal reserved water rights to the Santa Margarita River System have the following priority dates: a) December 27, 1875, for lands transferred by Executive Order of that date; b) March 14, 1887, for lands transferred by Executive Order of that date; and c) December 29, 1891, for lands transferred by Executive Order of that date. IJ 41 at 1104.

22. The surface waters and groundwater underlying the Cahuilla Reservation within the Sub-Basin are an important source of water for the Cahuilla Tribe and its members.

23. The surface waters and groundwater underlying the Cahuilla Reservation are in limited supply and are needed to satisfy the present and future needs of the Cahuilla Tribe and its members.

24. Defendants' withdrawal and use of the groundwater underlying and adjacent to the Cahuilla Reservation adversely affects the ability of the Cahuilla Tribe and its members to exercise their federal reserved water rights now and in the future as recognized by this Court in Interlocutory Judgment 41.

25. Defendants' withdrawal and use of the groundwater underlying and adjacent to the Cahuilla Reservation is increasing, thereby further threatening the Cahuilla Tribe's ability to achieve economic self sufficiency now and in the future.

26. The priority dates of Defendants' claimed rights to use water are junior to the federally protected water rights of the Cahuilla Tribe and its members.

27. The Cahuilla Tribe's past, present, and future enjoyment of the surface waters and underlying groundwater of the Sub-Basin has been, is being, and will continue to be injured by Defendants' ongoing interference with the Tribe's federal reserved water rights to the Santa Margarita River System and underlying groundwater.

28. Unless the relief requested is granted, the rights and interests of the Cahuilla Tribe and its members will be adversely affected and irreparably harmed by Defendants.

29. The Cahuilla Tribe's injury in fact is fairly traceable to Defendants' conduct and would be redressed by the relief that the Cahuilla Tribe seeks in this case.

## V. CLAIM FOR RELIEF

30. Each and every allegation set forth above is incorporated herein by reference.

31. The Executive Orders of 1875, 1887, and 1891 reserved for the Cahuilla Tribe and its members the surface waters and underlying ground water of the Cahuilla Reservation to meet the present and future needs of the Cahuilla Tribe.

32. The Cahuilla Tribe is entitled to a federal reserved rights to the surface waters and groundwater underlying the Cahuilla Reservation in an amount sufficient to satisfy the present and future needs for water for the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41.

33. The surface waters and underlying groundwater rights reserved for the benefit of the Cahuilla Tribe have priority dates of December 27, 1875, for lands transferred by the Executive Order of that date; March 14, 1887, for lands transferred by Executive Order of that date; December 29, 1891, for lands transferred by Executive Order of that date, as declared and decreed by this Court in Interlocutory Judgment 41.

34. Withdrawal of groundwater by Defendants infringes on the ability of the Cahuilla Tribe to use the Tribe's federal reserved rights to the surface waters and underlying groundwater of the Cahuilla Reservation now and in the future.

35. Defendants' rights and use of groundwater underlying the Cahuilla Reservation are junior to the Tribe's federal reserved water rights.

36. Defendants' withdrawal of groundwater underlying the Cahuilla Reservation will cause irreparable harm to the Cahuilla Tribe and its members.

37. The remedy for this violation of law is to enter a declaratory judgment pursuant to 28 U.S.C. 2201(a) declaring and decreeing the Cahuilla Tribe's federal reserved water rights to the surface waters and underlying groundwater of the Cahuilla Reservation as to the Defendants, all of whom use or claim the right to use surface and/or groundwater within the Sub-Basin.

38. It is also within this Court's discretion to enter an injunction prohibiting Defendants from impairing the Cahuilla Tribe's use of its federal reserved water rights to the surface waters and underlying groundwater of the Cahuilla Reservation.

## VI. PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, the Cahuilla Tribe respectfully requests this Court to enter judgment providing the following relief:

A. Declare and confirm as against the Defendants that the Executive Orders of 1875, 1887, and 1891 reserved the Cahuilla Reservation and its water resources for the benefit of the Cahuilla Tribe and its members, and reserved to the Tribe and its members the right to the surface waters and the groundwater underlying the Cahuilla Reservation within the Sub-Basin;

B. Declare and confirm as against the Defendants the quantities of the Cahuilla Tribe's federal reserved rights to the surface waters and groundwater underlying the Cahuilla Reservation within the Sub-Basin in an amount sufficient to meet the present and future needs of the Cahuilla Tribe on the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41;

C. Declare and confirm as against the Defendants that the priority dates of the surface waters and underlying groundwater rights thus reserved for the benefit of the Cahuilla Tribe are the dates of the Executive Orders establishing the Cahuilla Reservation, as declared and decreed by this Court in Interlocutory Judgment 41;

D. Declare and confirm that nothing in the resulting judgment shall bind or otherwise affect the rights of those parties to the Fallbrook litigation that use or claim rights to use surface and/or ground water outside of the Sub-Basin;

E. Enjoin Defendants from withdrawing surface waters and groundwater in the Sub-Basin underlying the Cahuilla Reservation that is in conflict with the senior, federal reserved water rights of the Cahuilla Tribe and its members, as declared and decreed by this Court in Interlocutory Judgment 41;

F. Retain this Court's jurisdiction for purposes of enforcement of its decree;

G.  Award the Cahuilla Tribe the costs of litigation, including reasonable costs, expenses, and disbursements, and reasonable attorneys' fees, as equity requires and pursuant to other federal statutes, including 28 U.S.C. § 2412; and

H.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of March, 2009.

> Marco A. Gonzalez (SBN 190832)
> COAST LAW GROUP LLP
> 169 Saxony Road, Suite 204
> Encinitas, California 92024
> Tel: 760-942-8505, Fax: 760-942-8515
>
> Scott B. McElroy (Pro Hac Vice)
> M. Catherine Condon (Pro Hac Vice)
> McELROY, MEYER, WALKER
>   & CONDON, P.C.
> 1007 Pearl Street, Suite 220
> Boulder, Colorado 80302
> Tel: 303-442-2021, Fax: 303-444-3490
> sbmcelroy@mmwclaw.com
> ccondon@mmwclaw.com
>
>          /s/ Scott B. McElroy
> By:_____
>          Scott B. McElroy
>
> *Attorneys for Plaintiff in Intervention,*
> *the Cahuilla Band of Indians*