JAMES L. MARKMAN (043536)
B. TILDEN KIM (143937)
ERIN L. POWERS (245148)
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 626-8484
Facsimile:  (213) 626-0078
jmarkman@rwglaw.com
tkim@rwglaw.com
epowers@rwglaw.com

Attorneys for Defendants Gregory V. Burnett, Gordon
Lanik, and Matthew R. Rantanen

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:51-CV-01247-GT (RBB) |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, OR IN THE ALTERNATIVE, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al. | |
| Plaintiff-Intervenors, | [Declarations of Gregory V. Burnett, Ruthann Oehlerking, Gordon Lanik, and Matthew R. Rantanen, and Supporting Exhibits Concurrently Filed Herewith] |
| v. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants. | Date: May 11, 2009 Time: 10:00 a.m. Ctrm: Magistrate Ruben B. Brooks |

12663\0002\1128454.1

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 11, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom for Magistrate Ruben B. Brooks, located at 880 Front Street, San Diego, California 92101, Defendants Gregory V. Burnett, Gordon Lanik, and specially appearing Matthew R. Rantanen (collectively "Defendants") will move to quash the attempted service of summons on the first amended complaints in intervention filed by Plaintiff-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians (collectively the "Tribes") on them, as well as the 2,235 parties listed in the document entitled "List of Parties Served With Notice of Lawsuit and Request for Waiver of Service of Summons, attached as Exhibit "B" to the concurrently filed declaration of Gregory V. Burnett ("Burnett").

This motion is brought under Federal Rules of Civil Procedure ("FRCP") Rule 4(d), and Rule 12(b)(5). Alternatively, Defendants file this motion under FRCP Rule 12(b)(5) for a motion to dismiss based upon insufficiency of service of process.

This motion is made pursuant to the Court's March 12, 2009 order, allowing a partial lifting of stay to hear a motion to quash service of summons on any or all of the following grounds:

(1) the service of the complaint in this action by third-class mail fails to comply with the FRCP and is invalid;

(2) the service of the complaint on fewer than all joint owners of an affected parcel or property is invalid; and

(3) the service of the complaint on a predecessor owner is invalid as to a current owner.

///

///

12663\0002\1128454.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    This motion is based upon this notice, the attached Memorandum of Points

2    and Authorities, and concurrently filed declarations and accompanying exhibits,

3    any matter as to which this Court takes judicial notice, such additional written

4    argument as may be filed prior to the hearing, and such oral argument as may be

5    made at the hearing.

6

7    DATED: April 8, 2009                    RICHARDS, WATSON & GERSHON
                                             A Professional Corporation
8

9

10   By: _____
                                             James L. Markman
11                                           Attorneys for Defendants
                                             Gregory V. Burnett, Gordon Lanik
                                             and Matthew R. Rantanen

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

**PAGE(S)**

I.    COMBINED INTRODUCTION AND STATEMENT OF FACTS  . . . . . . 1

II.   LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Rule 4(d) Does Not Allow Third Class Mailing of A Request
       for Waiver of Service of Summons  . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.   Third-Class Mail Is Not A "Reliable Means" of Providing
       Notice of A Pending Lawsuit and Does Not Satisfy Due
       Process   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.   The Tribes Did Not Attempt to Serve All Property Owners  . . . . . . . 5

    D.   Service on a Predecessor Owner is Invalid As to a Current
       Owner  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion to Quash

# TABLE OF AUTHORITIES

PAGE(S)

**CASES:**

*Engers v. AT&T*,
    428 F.Supp.2d 213 (D.N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Guth v. Anderson*
    (N.D. Cal. 1988) 118 F.R.D. 502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Rights to the Use of Gila River*
    (Ariz. 1992) 171 Ariz. 230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

*Mennonite Board of Missions v. Adams*
    (1983) 462 U.S. 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Montalbano v. Easco Hand Tools, Inc.*
    (2nd Cir. 1985) 766 F.2d 737 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mullane v. Central Hanover Bank & Trust Co.*
    (1950) 339 U.S. 306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Printed Media Services, Inc. v. Solna Web, Inc.*,
    11 F.3d 838 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rider v. United States*,
    7 Cl.Ct. 770 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Schroeder v. City of New York*
    (1962) 371 U.S. 208 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tso v. Delaney*
    (7th Cir. 1992) 969 F2d 373 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*U.S. v. Bradford*,
    493 F.2d 1282, fn. 1 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wainwright v. Kraftco Corp.*,
    58 F.R.D. 9 (N.D. Georgia, Atlanta Division 1973) . . . . . . . . . . . . . . . . 9

*Walker v. City of Hutchinson*
    (1956) 352 U.S. 112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Washington State Dept. of Social and Health Servs. v.*
    *Guardianship Estate of Keffeler*,
    537 U.S. 371 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

///

///

///

Motion to Quash

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## TABLE OF AUTHORITIES
### (continued)

**PAGE(S)**

### STATUTES:

58 F.R.D. 9, 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Federal Rules of Civil Procedure:

     Rule 4(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

     Rule 4(d) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     Rule 25(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     Rule 25(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

     Rule 12 (b) (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     Rule 4(d)(1)(G) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11

### OTHER AUTHORITIES:

Black's Law Dictionary 535 (7th ed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-v-

Motion to Quash

12663\0002\1128454.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. **COMBINED INTRODUCTION AND STATEMENT OF FACTS**

In October, 2006, the Tribes filed their original complaints in intervention. More than a half-year passed without the Tribes further prosecuting their claims. In July, 2007, the Tribes then filed their respective first amended Complaints in Intervention.

On July 16, 2007, the Court denied the Tribes' attempt to serve defendants by a "post-card" notification method. The Court reasoned that the Tribes' preferred method of service failed due process requirements. In so ruling, the Court expressed the following concerns and entered the following order:

> "[T]he Bands' proposed method of service leaves open the question of exactly who the defendants are in this case. Since this is the Bands' request for quantification of their water rights, <u>it is their task to name the appropriate defendants and properly serve those defendants</u>. . . . <u>The Bands may either personally serve the defendants or effect service under Federal Rule of Civil Procedure 4(d)</u>."

(Emphasis added).

The Tribes have failed every one of these requirements.

First, the Tribes have attempted to serve over 2,235 parties without any identification of which parcels owned by those parties are at issue. ***See*** Exhibit "B" to Burnett Decl.; Gordon Lanik Decl. ¶ 3.[1] Thus, the Tribes have improperly attempted to shift this burden on defendants.

---

[1] The four concurrently filed declarations are representative of many landowners served with the Notice (***See*** Burnett and Lanik Decl. ¶ 6), and these representative declarations are being filed in compliance with the Court's March 12, 2009 order allowing "no more than six representative landowner-clients" declarations.

-1-

Motion to Quash

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

Second, the Tribes were given the option of either (1) personally serving defendants, or (2) effectuating service under FRCP Rule 4(d).  The Tribes did not satisfy either option.

Instead, the Tribes attempted to effect service by serving a "Notice of Lawsuit and Request for Return of Waiver of Summons" (the "Notice") by mass-mailing those 2,235 parties by THIRD-CLASS mail.  This was in violation of FRCP, Rule 4(d).

Rule 4(d)(1)(G) requires that the mailing "be sent by first-class mail <u>or other reliable means</u>." (Emphasis added).  Thus, a pivotal legal issue posed by this motion is whether third-class mail constitutes "other reliable means" within the meaning of Rule 4(d).

The answer should be "NO" based upon a simple canon of statutory interpretation and decisional law.  Morever, for the reasons set forth in the concurrently filed declarations of Gregory V. Burnett and Ruthann Oehlerking, the Tribes' third-class mailing of its Notice failed to reach many intended recipients.  Instead, hundreds of those mass mailings were discarded by the United States Postal Office.  Oehlerking Decl. ¶s 3-5; Burnett Decl. ¶s 3, 6.

Next, the Notice was legally deficient because it required all holders of title to real property to execute a Waiver of Service of Summons, despite the Tribes' failure to send the Notice to all such title holders.  *See* concurrently filed Gordon Lanik Decl. ¶s 2-3.  Many properties in the Anza area are held in joint tenancy or tenancy-in-common.   Gordon Lanik Decl. ¶s 2, 6.

The Tribes chose not to send their Notice to all owners, and instead, impermissibly attempted to shift the burden on only one title holder, requiring that property owner to obtain the signatures on all property owners for the Request for Waiver of Service of Summons.  The Tribes' attempt to foist their responsibility of serving all property owners on defendants violates principles of due process, common sense, and fair play.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-2-
Motion to Quash

1     Finally, the Court should grant this motion because the Tribes failed to

2   ascertain the current owner of certain real property when they sent out their mass-

3   mailing of the Notice.  As demonstrated by the concurrently filed declaration of

4   Matthew R. Rantanen, many current owners have never been served with the

5   Notice.  Instead, past owners of such property were served with the Notice because

6   of the Tribes' lack of due diligence.

7

8   II.  **LEGAL ANALYSIS**

9     A.    Rule 4(d) Does Not Allow Third Class Mailing of A Request for

10          Waiver of Service of Summons

11     Defendants move to quash service of the Notice under Rule 12(b)(5) for

12   failure to comply to Rule 4(d).  Alternatively, Defendants  move for dismissal

13   under Rule 12(b)(5) for insufficiency of service of process.  ***See, e.g., Montalbano***

14   ***v. Easco Hand Tools, Inc.*** (2nd Cir. 1985) 766 F.2d 737, 740.  Failure to strictly

15   adhere to the requirements of FRCP 4(d) (1) is grounds for dismissal.  ***See, e.g.,***

16   ***Guth v. Anderson*** (N.D. Cal. 1988) 118 F.R.D. 502, 504 ("...liberal construction

17   cannot override the Rule's plain requirements."  Many courts have granted

18   motions to dismiss for failure to comply with any one of the above-referenced

19   requirements.  ***See Tso v. Delaney*** (7th Cir. 1992) 969 F.2d 373.

20     As demonstrated by the concurrently filed declarations of Gregory V.

21   Burnett and Ruthann Oehlerking, the Tribes failed to comply with the express

22   requirements of FRCP 4(d)(1)(G).  Inexplicably, the Tribes mass-mailed packages

23   which included their Notice of Lawsuit and Request for Waiver of Service of

24   Summons requests to thousands of property owners by THIRD-CLASS MAIL,

25   instead of first-class mail.

26     B.    Third-Class Mail Is Not A "Reliable Means" of Providing Notice of A

27          Pending Lawsuit and Does Not Satisfy Due Process

28     Rule 4(d)(1)(G) requires a Request for Waiver of Summons to "be sent by

-3-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

first-class mail <u>or other reliable means</u>."  (Emphasis added).  A canon of statutory interpretation – *ejusdem generis* – dictates that "other reliable means" should be equal to or greater than first-class mail.

*Ejusdem generis* requires that "when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed." Black's Law Dictionary 535 (7th ed. 1999). ***See, e.g.***, ***Washington State Dept. of Social and Health Servs. v. Guardianship Estate of Keffeler*** (2003)  537 U.S. 371, 384-385.

The Tribes had the option of sending their 2,235 mass-mailings by first-class mail or other reliable means, such as Priority Mail, Express Mail, or some other overnight mail courier service.  They did not.  Instead, the Tribes sent their mailings by the cheaper and less reliable third-class mail.

Courts have uniformly questioned the reliability of third-class mail because it does not provide the guaranteed level of service necessary for service of process. In ***Rider v. United States***, 7 Cl.Ct. 770 (1985), a Postal Service customer brought an action against the United States seeking a refund and consequential damages for untimely delivery of third-class political mail.

The court rejected the claim, holding that "bulk third-class mail is the medium of choice for the distribution of circulars, since it is designed for the relatively inexpensive dissemination of circulars and other printed matter, rather than the expeditious transmission of important business or personal correspondence." ***Rider***, 7 Cl.Ct. at 773.  The court further held:

> "Postal regulations expressly state that third-class mail may receive deferred service and that the USPS does not guarantee the delivery of third-class mail within a specified time.  [Citation to Domestic Mail Manual.]  Customers wishing more expeditious handling may use first-class or Express Mail, with Express Mail being the only class of mail for which the USPS guarantees a time of delivery."

12663\0002\1128454.1

1    *Id.*; *see also U.S. v. Bradford*, 493 F.2d 1282, 1283 fn. 1 (7th Cir. 1974) ("Under

2    39 U.S.C. 4351 and 4451, personal correspondence cannot be sent by second or

3    third class mail, respectively"); *Engers v. AT&T*, 428 F.Supp.2d 213, 233 (D.N.J.

4    2006) (holding that a summary plan description of a pension plan may be

5    distributed by second or third class mail but only if "return and forwarding postage

6    is guaranteed and address correction required.").

7         Even when a party has appeared in an action, the service of subsequent

8    pleadings by first class mail or overnight mail is routine or required.  Due process

9    considerations require a "Notice of Lawsuit and Request for Waiver of Service of

10   Summons" under Rule 4(d) to a **potential defendant** to be sent by mailing that is

11   as reliable or greater than first-class mail.

12        Unfortunately, the Tribes sent their "Notice of Lawsuit and Request for

13   Waiver of Service of Summons" by third-class mail.  Burnett Decl. ¶s 3-5, and

14   Exhibit "A" attached thereto; Oehlerking Decl. ¶ 2.  As a result, hundreds of those

15   2,235 mailings never reached their intended recipients.  Oehlerking Decl. ¶ 5;

16   Burnett Decl. ¶ 6.   Instead, those mailings reached the bottom of a trash can

17   because, among other reasons, the standard third-class postage does not qualify for

18   forwarding address delivery.  *See* Oehlerking Decl. ¶s 3-5.  Moreover, the Tribes'

19   do not know which intended parties did (or did not) receive the mailings because

20   undeliverable mailings were disposed of, rather than returned to sender.  *See*

21   Oehlerking Decl. ¶s 4-5.

22        C.  The Tribes Did Not Attempt to Serve All Property Owners

23        Next, the Notice was legally deficient because the Tribes did not attempt to

24   serve all record title holders.  Instead, they impermissibly attempted to shift that

25   burden on one of the record owners, and required the property owner to obtain the

26   execution of the Request for Waiver of Summons by all property co-owners.

27        The federal courts have recognized that due process requires that all

28   property owners in a dispute be given proper notice of a legal proceeding

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-5-

Motion to Quash

1 adversely affecting their rights.  Only in limited circumstances have courts

2 allowed notice of property owners by publications.  No court has allowed what the

3 Tribes attempted to do in the case at bar – requiring a co-owner of property to

4 notify co-owners and obtain waivers of service of summons.

5 The outer limits of service by publication in mass-party litigation have been

6 defined by decisions such as ***Mullane v. Central Hanover Bank & Trust Co.***

7 (1950) 339 U.S. 306, and ***In re Rights to Use Gila River*** (Ariz. 1992) 171 Ariz.

8 230.

9 In subsequent cases, the Supreme Court has narrowly construed the

10 circumstances under which notice by publication is permissible, rejecting notice

11 by publication with respect to a person whose name and address is known *or* is

12 *easily ascertainable* through public records.  ***See Walker v. City of Hutchinson***

13 (1956) 352 U.S. 112; ***Schroeder v. City of New York*** (1962) 371 U.S. 208;

14 *Mennonite Board of Missions v. Adams* (1983) 462 U.S. 791.

15 The Tribes have attempted to justify their approach, citing ***In re Rights to***

16 ***the Use of Gila River*** (Ariz. 1992) 171 Ariz. 230.  The Tribes would argue that

17 ***Gila*** stands for the proposition that notice by publication satisfies due process in

18 an Indian water adjudication, because the burden of searching almost a million

19 title records places an unreasonable burden.  A closer look at the facts of ***Gila***

20 reveals that it has no relevance in the case at bar.

21 In ***Gila***, the Arizona Supreme Court granted review of an interlocutory

22 appeal to determine whether the procedures adopted by the trial court for service

23 of summons and pleadings comported with due process in a case involving the

24 general adjudication of all water rights in a particular watershed.  Initially, the

25 court reviewed the notice procedures undertaken by state agencies at the onset of

26 the adjudication noting that the agencies mailed more than 849,000 summons

27 informing recipients of the pendency of the adjudication.  The mailing list was

28 compiled from topographical maps and the *county assessor's real property*

-6-
Motion to Quash

*records.* Additionally, notice was mailed to federal, state and local governments and agencies, as well as owners of record, all known holders of water rights within the watershed, and in the later-initiated adjudication the court noted the notice was also sent to all of the title and trust companies that appeared on the list, requesting that they return lists of the beneficial owners of the properties. In addition to the widespread certified mailings, the state provided notice of the adjudication by publication.

In determining the constitutional sufficiency of the notice of the adjudication the court held that notice was sufficient as to those claimants who received the summons by **certified** mail. The court expressed concern regarding those property owners who did not receive the summons by mail, but held that these persons were accorded due process through the notices published in the newspapers. The court reasoned that the state had met the standard of due diligence required by due process because of all the acts it undertook to provide notice:

> "[The state's] efforts in assembling the mailing list and serving 849,000 summons on all record owners of property in the watersheds meet the standard of due diligence and demonstrate that the agencies' endeavors to notify interested persons went far beyond mere pretense."

*Gila River*, 171 Ariz. at 448.

However, it was *only* with respect to notice to *holders of liens* on the property that the court found requiring a search of title records to be an unreasonable burden. The court made no such finding with respect to the property owners. Regardless of the nature of the property interest, however, the court reaffirmed the rule that "the means employed must be such as one desirous of

12663\0002\1128454.1

1    actually informing the absentee might reasonably adopt to accomplish it."

2    "Process which is a mere gesture is not due process."   ***Id.***

3         Here, the Tribes bear the burden of showing the means they have employed

4    to serve property owners meet the due diligence standards required by due

5    process. Thus far, the Tribes have undertaken little more than to send a request for

6    waiver of service by third class mail to the owners identified on the tax assessor's

7    records. This does not come close to the standard of diligence undertaken by the

8    state in ***Gila***. Moreover, the Notices were sent by third-class mail, which is not

9    forwarded or returned to the sender and marked "unclaimed" (which would take

10   place using first class or certified mail), and thus is not "desirous of actually

11   informing the absentee."   ***See*** Oehlerking and Burnett Declarations.

12        Lastly, the Tribes' potential argument that requiring a search of property

13   records would create an unreasonable burden is not persuasive in light of the facts

14   in ***Gila***. Here, the burden of requiring the Tribes to search real property records to

15   determine the last known names and addresses of only several thousand owners

16   and co-owners is far less than the burden imposed on the state agencies in ***Gila***

17   (more than 800,000 records).

18        As demonstrated by the concurrently filed declaration of Gordon Lanik, the

19   Notice's requirement on joint or co-owners is fatal for several reasons. First,

20   fundamental principles of due process require that all owners of property against

21   which the Tribes seek to assert water rights priorities be served. The Tribes are

22   attempting to assert *in persona* jurisdiction over various property owners. To do

23   so properly, it is beyond cavil that the Tribes must effect service of process on all

24   joint or co-owners – not just one.

25        Defendant Gordon Lanik's situation is not unlike many landowners in Anza.

26   Lanik Decl. ¶ 6. He owns property in tenant-in-common with a business associate,

27   Steve Rasmussen. Lanik Decl. ¶s 2-4. Rasmussen was not served with the Tribes'

28   mass mailing, nor was he on the Tribes' mailing list. Lanik Decl. ¶ 4. Lanik has

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-8-

Motion to Quash

1  no control over Rasmussen's decision on whether to sign the Waiver of Service of

2  Summons.  Lanik Decl. ¶ 5.  Nevertheless, the Tribes are seeking to require Lanik

3  to seek Rasmussen's execution of the Waiver of Service of Summons.

4          Common sense, fair play, due process, and the FRCP do not allow the

5  Tribes to foist their obligation to serve all joint or co-owners on one of those

6  owners.  Hence, the Court should grant this motion.

7          D.  <u>Service on a Predecessor Owner is Invalid As to a Current Owner</u>

8          Finally, the Court in its March 12, 2009 order invited landowners to file a

9  motion on the ground that "the service of the complaint on a predecessor owner is

10  invalid as to a current owner."  Once again, common sense, due process and the

11  FRCP compel the granting of this motion.

12          FRCP Rule 25(c) expressly states that "If an interest is transferred, the

13  action may be continued by or against the original party unless the court, on

14  motion, <u>orders the transferee to be substituted in the action or joined with the</u>

15  <u>original party.</u> The motion must be served as provided in Rule 25(a)(3)."  Rule

16  25(c) (emphasis added).  Rule 25(a)(3) in turn addresses service of the motion to

17  substitute or join the new owner, and it requires service on non-parties "as

18  provided in Rule 4."  Thus, service of the motion must be "by first-class mail or

19  other reliable means" (FRCP Rule 4), and must be on the proposed new party.

20          For example, in ***Wainwright v. Kraftco Corp.***, 58 F.R.D. 9 (N.D.Ga. 1973),

21  plaintiffs proposed to amend their complaint to add a defendant.  As the court

22  noted, "[i]t is undisputed that in July or August of 1970 Dairymen, Inc. purchased

23  all the assets of Irvindale Dairies, Inc., a defendant in this case.  While plaintiffs

24  and Irvindale vigorously dispute whether this corporate reshuffle constituted a

25  merger under Georgia law, the court is of the view that it certainly constituted a

26  'transfer of interest' within the meaning of FRCP Rule 25(c).  Since joinder under

27  Rule 25(c) is discretionary with the court [citation], and since it appears to the

28  court that Dairymen, Inc. has or could have a burden of liability in this case as a

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-9-

Motion to Quash

1  result of its purchase of the assets of defendant Irvindale and that a multiplicity of

2  lawsuits may be avoided if Dairymen, Inc. were joined as a party defendant, the

3  court will order its joinder pursuant to Rule 25(c)." *Wainwright*, 58 F.R.D. at 13.

4     Moreover, service of the complaint on a party without actual authority to

5  receive service on behalf of the new defendant is insufficient *(Printed Media*

6  *Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993)), and "[i]f a

7  defendant is improperly served, a federal court lacks jurisdiction over the

8  defendant." *Id.* at 843.

9     The Federal Rules of Civil Procedure are clear – a plaintiff wishing to add a

10  successor in interest as a defendant must notice a motion to substitute or join the

11  new defendant, and must properly serve that motion on the proposed defendant.

12  Rule 25(c).  It is not sufficient for a plaintiff simply to assume that notice of the

13  lawsuit and status as a defendant automatically transfer to a new property owner.

14  Therefore, plaintiffs' service of the complaint on the predecessor owners is invalid

15  as to all current owners who have not been formally brought into the case as a

16  result of a court order pursuant to FRCP Rule 25(c).

17     The concurrently filed declaration of Matthew Rantanen illustrates this

18  point.  Mr. Rantanen purchased the subject property in January, 2008 –

19  approximately 4 months before the Tribes' mass-mailing of the Notice.  Rantanen

20  Decl. ¶ 3.  The Tribes' lack of due diligence did not reveal this transfer, and thus,

21  the Notice was only served on Mr. Rantanen's predecessor owner.  Rantanen Decl.

22  ¶ 2.  Hence, the Notice was not properly served on Mr. Rantanen.

23

24

25

26  ///

27  ///

28  ///

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-10-
Motion to Quash

III. **CONCLUSION**

Simple statutory interpretation of Rule 4(d)(1)(G) demonstrates that the Tribes' third-class mass mailing was insufficient to effect service. Moreover, the declarations of Burnett and Oehlerking demonstrate the practical effect of why non-compliance with Rule 4(d)(1)(G) (*i.e.,* literally hundreds of mass mailings being discarded) is fatal to effect service.

The Notice was also legally deficient because it required all holders of title to real property to execute a Waiver of Service of Summons, despite the Tribes' failure to send the Notice to all of those title holders. The Tribes instead impermissibly attempted to shift the burden on one title holder, violating principles of due process, common sense, and fair play.

Finally, the Court should grant this motion because the Tribes did not exercise sufficient due diligence in ascertaining the current owner of certain real property when it distributed its mass-mailing. Many current owners have never been served with the Notice. Instead, past owners of such property were inappropriately served leaving necessary parties out of the case.

For all the foregoing reasons, this Court should grant this motion.

DATED: April 8, 2009                    RICHARDS, WATSON & GERSHON
                                        A Professional Corporation


                                        By: _James L. Markman_____
                                            James L. Markman
                                            Attorneys for Defendants
                                            Gregory V. Burnett, Gordon
                                            Lanik, and Matthew R. Rantanen

-11-
Motion to Quash

**PROOF OF SERVICE**

I, Gabrielle Duran, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand, 40th Floor, Los Angeles, California.  On April __, 2009, I served the within documents:

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, OR IN THE ALTERNATIVE, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

[ ]     by causing facsimile transmission of the document(s) listed above from (213) 626-8484 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M.  This transmission was reported as complete and without error.  A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached.  Service by facsimile has been made pursuant to a prior written agreement between the parties.

[ ]     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

[XX]     by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery, or deposited in a FEDERAL EXPRESS box or other facility regularly maintained by FEDERAL EXPRESS, in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

[ ]     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]     by causing personal delivery by First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California  90026 of the document(s) listed above to the person(s) at the address(es) set forth below.

See Attached Service List

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April __, 2009.

_____
GABRIELLE DURAN

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1

## SERVICE LIST

2

3      Curtis G. Berkey
       Scott W. Williams
4      ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
       2030 Addison Street, Ste 410
5      Berkeley, CA 94704

6      Marco Gonzales
       COAST LAW GROUP, LLP
7      169 Saxony Road, Ste 204
       Encinitas, CA 92024

8
       Scott B. McElroy (Pro Hac Vice)
9      M. Catherine Condon (Pro Hac Vice)
       McELROY, MEYER, WALKER & CONDON, P.C.
10     1007 Pearl Street, Suite 220
       Boulder, CO 80302

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

2

1

**PROOF OF SERVICE**

2

I, Gabrielle Duran, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Richards, Watson & Gershon, 355 South Grand, 40th Floor, Los Angeles, California.  On April 8, 2009, I served the within documents:

4

5

**NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS, OR IN THE ALTERNATIVE, MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

6

7

[   ]   by causing facsimile transmission of the document(s) listed above from (213) 626-8484 to the person(s) and facsimile number(s) set forth below on this date before 5:00 P.M.  This transmission was reported as complete and without error.  A copy of the transmission report(s), which was properly issued by the transmitting facsimile machine, is attached.  Service by facsimile has been made pursuant to a prior written agreement between the parties.

8

9

10

11

[ X ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

12

13

14

15

16

[   ]   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a   agent for delivery, or deposited in a  box or other facility regularly maintained by , in an envelope or package designated by the express service carrier, with delivery fees paid or provided for, addressed to the person(s) at the address(es) set forth below.

17

18

19

[   ]   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

20

[   ]   by causing personal delivery by First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California  90026 of the document(s) listed above to the person(s) at the address(es) set forth below.

21

22

## See Attached Service List

23

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

Executed on April 8, 2009.

25

GABRIELLE DURAN

26

27

28

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

12663-0002\1128559v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

# SERVICE LIST

| | | |
|---|---|---|
| Curtis G. Berkey<br>Scott W. Williams<br>ALEXANDER, BERKEY,<br>WILLIAMS & WEATHERS LLP<br>2030 Addison Street, Ste 410<br>Berkley, CA 94704 | Marco A. Gonzalez<br>Rory A. Wicks<br>169 Saxony Road, Ste 204<br>Coast Law Group, LLP<br>Encinitas, CA 92024 | Scott B. McElroy (Pro Hace Vice)<br>M. Catherine Condon (Pro Hace<br>Vice)<br>McELROY, MEYER, WALKER &<br>CONDON, P.C.<br>1007 Pearl Street, Suite 220<br>Boulder, CO 80302 |
| Arthur L. Littleworth<br>James B. Gilpin<br>Matthew L. Green<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101 | Patrick Barry, Esq.<br>Amy S. Tryon<br>Environment and Natural Resources<br>Division<br>U.S. DEPARTMENT OF JUSTICE<br>PO Box 44378<br>Washington, DC 20026-4378 | Peter J. Mort<br>Rodney B. Lewis<br>James Meggesto<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>2029 Century Park East, Ste 2400<br>Los Angeles, CA 90067-3012 |
| Bill Steele<br>U.S. BUREAU OF RECLAMATION<br>27708 Jefferson Ave., #202<br>Temecula, CA 92590 | General Manager<br>Rancho Cal RV Resort OA<br>P.O. Box 214<br>Aguanga, CA 92536 | Donald R. Pongrace<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>Robert Strauss Building<br>1333 New Hampshire Ave.. N.W. |
| Nobuo Komota<br>c/o Richard Woo<br>Soliton Tech<br>2635 N. First Street, Ste 213<br>San Jose, CA 95134 | Agri-Empire, Inc.<br>P.O. Box 490<br>San Jacinto, CA 92383 | Anthony J. Pack, General Manager<br>Easter MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |
| SDSU Field Station Programs<br>Attn:  Matt Rahn, Reserve Director<br>5500 Campanile Drive<br>San Diego, CA 92182-4614 | General Manager<br>Rainbow MWD<br>3707 Old Highway 395<br>Fallbrook, CA 92028-9327 | Director<br>Riverside Co. Planning<br>4080 Lemon Street, 9th Floor<br>Riverside, CA 92501 |
| Jack S. Safely<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 | Temecula Ranchos<br>c/o McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Michael Lopez<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road |
| Richard & Christine McMillan<br>Gary & Patricia McMillan<br>McMillan Farm Management<br>29379 Rancho California Road, #201<br>Temecula, CA 92591 | Darwin Potter<br>Metropolitan Water District<br>Lake Skinner Section<br>33740 Borel Road<br>Winchester, CA 92596 | Robert H. James, Esq.<br>SACHSE, JAMES & LOPARDO<br>205 W. Alvarado St., Ste 1<br>Fallbrook, CA 92028 |
| General Manager<br>Elsinore Valley MWD<br>P. O. Box 3000<br>Lake Elsinore, CA 92330 | Keith Lewinger, General Manager<br>Fallbrook Public Utility District<br>P.O. Box 2290<br>Fallbrook, CA 92088 | John Rossi, General Manager<br>Western MWD<br>P.O. Box 5286<br>Riverside, CA 92517 |
| Counsel Western Bases<br>P.O. Box 555231<br>Marine Corps Base – Bldg. 1254<br>Camp Pendleton, CA 92055-5231 | Elena Mafla, Chairman<br>AVMAC<br>43205 Chapman Road<br>Anza, CA 92539 | Mike Luker<br>Eastern MWD<br>P.O. Box 8300<br>Perris, CA 92572-8300 |

| | | |
|---|---|---|
| Alvin Greenwald<br>6010 Wilshire Blvd., Ste 500<br>Los Angeles, CA 90036 | Linda Garcia<br>Riverside Co. Flood Control and<br>Water Conservation District<br>1995 Market Street<br>Riverside, CA 92501 | Jackie Spanley<br>AVMAC<br>P.O. Box 391312<br>Anza, CA 92539 |
| Michael E. McPherson, Esq.<br>344 Plumosa Avenue<br>Vista, CA 92083 | Manuel Hamilton<br>Joseph Hamilton<br>P.O. Box 391372<br>Anza, CA 92539 | Brian Brady, General Manager<br>Rancho California WD<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| James Carter<br>P.O. Box 28739<br>Santa Ana, CA 92799-8739 | Assistant Chief of Staff<br>Environmental Security<br>Box 555008<br>Marine Corps Base<br>Camp Pendleton, CA 92055-5008 | Leslie Cleveland<br>U.S. Bureau of Reclamation<br>27708 Jefferson Avenue, #202<br>Temecula, CA 92590 |
| Susan M. Williams<br>Sarah S. Works<br>Williams & Works, P.A.<br>P.O. Box 1483<br>Corrales, NM 87048 | Larry Minor<br>P.O. Box 398<br>San Jacinto, CA 92581 | Pamela Williams<br>Office of the Solicitor<br>U.S. Department of the Interior<br>Division of Indian Affairs<br>1849 C Street, NW, Room 6456<br>Washington, D.C. 20240 |
| David Glazer, Esq.<br>Environmental and Natural Resources<br>Division<br>Natural Resources Section<br>U.S. Department of Justice<br>301 Howard Street, Suite 1050<br>San Francisco, CA 94133 | Western Land Financial<br>and Pacific Holt Corp<br>23 Midway Street, Unit B<br>San Francisco, CA 94133 | Bob Lemons<br>Rancho California Water District<br>P.O. Box 9017<br>Temecula, CA 92589-9017 |
| Catherine M. Stites, General Counsel<br>Metropolitan Water District of<br>Southern California<br>700 North Alameda Street<br>Los Angeles, CA 90012-2944 | Jeffry F. Ferre<br>Jill N. Willis<br>Best Best & Krieger LLP<br>3750 University Avenue<br>P.O. Box 1028<br>Riverside, CA 92502 | Assad S. Safadi<br>Natural Resources Consulting<br>Engineers, Inc.<br>131 Lincoln Avenue, Suite 300<br>Fort Collins, CO 80524 |
| Anza Mutual Water Company<br>P.O. Box 390117<br>Anza, CA 92539-0117 | Chairperson<br>Cahuilla Band of Indians<br>P.O. Box 391760<br>Anza, CA 92539 | Don Forsyth<br>Metropolitan Water District<br>33752 Newport Road<br>Winchester, CA 92596 |
| Amy Gallaher<br>Metropolitan Water District<br>P.O. Box 54153<br>Los Angeles, CA 90054-0153 | Stephen B. Reich<br>Stetson Engineers, Inc.<br>2171 E. Francisco Blvd., Ste K<br>San Rafael, CA 94901 | Michael Gheleta<br>United States Department of Justice<br>Environmental and Natural Resources<br>Division<br>1961 Stout Street, Floor 8<br>Denver, CO 80294-1961 |

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

12663-0002\1128554v1.doc

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

| | | |
|---|---|---|
| Anza Holdings LLC<br>1220 Spinnaker Trail<br>Monument, CO 80132 | Avalon Management Group, Inc.<br>31608 Railroad Canyon Rd.<br>Canyon Lake, CA 92587 | Lake Riverside Estates Community Association<br>41610 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Anna Gale James<br>40274 Curry Court<br>Aguanga, CA 92536 | Assistant Chief of Staff, Facilities<br>Attn:  Office of Water Resources<br>Box 555013<br>Camp Pendleton, CA 92055-5013 | Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 |
| Michael L. Tidus<br>Michele A. Staples<br>Benjamin T. Benumof<br>Jackson, DeMarco, Tidus, Petersen & Peckengpaugh<br>2030 Main Street, Ste 1200<br>Irvine, CA 92614 | Mark Shaffer<br>6837 NE New Brooklyn Road<br>Bainbridge Island, CA WA 98110 | James J. Fletcher<br>U.S. Department of the Interior<br>Bureau of Indian Affairs<br>1451 Research Park Drive<br>Riverside, CA 92507-2471 |
| Dyson Development<br>437 South Highway 101, Ste 217<br>Solana Beach, CA 92075 | Elsa Barton<br>217 No. Palm<br>Hemet, CA 92543 | Charles W. Binder, Watermaster<br>Santa Margarita River Watershed<br>P.O. Box 631<br>Fallbrook. CA 92088 |
| Briar McTaggart<br>642 Merion Way 40E<br>Seal Beach, CA 90740 | Billy Ward<br>P.O. Box 5878<br>San Diego, CA 92165 | Anza Acreage, LLC<br>1310 Stratford Court<br>Del Mar, CA 92014 |
| Michael J. Machado<br>Pamela M. Machado<br>P.O. Box 391607<br>Anza, CA 92539 | John S. Wilson<br>Peggy Wilson<br>4205 Minorca Cove<br>Del Mar, CA 92014-2932 | Mary E. Lee<br>41085 Lakeshore Blvd<br>Aguanga, CA 92536 |
| | | Barbara J. Carr Trust<br>Barbara J. Carr, Trustee<br>20571 Bexley Road<br>Jamul, CA 91935-7945 |