1  GERALD BLANK (State Bar No. 50136)
   Attorney at Law
2  LAW OFFICES OF GERALD BLANK (email: gblank@san.rr.com)
   444 West "C" Street, Suite 200
3  San Diego, California  92101
   tel:    (619)238-1111  fax:  (619)238-1126
4
   Counsel for objecting party/defendant, Sander Family Trust
5

6

7                    **UNITED STATES DISTRICT COURT**

8                  **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  UNITED STATES OF AMERICA,               )   Civil No. 1247-SD-C
                                            )
11            Plaintiff,                    )   **SANDER FAMILY TRUST'S REQUEST**
                                            )   **THAT PROPOSED MOTION TO**
12  RAMONA   BAND   OF   CAHUILLA,          )   **DISMISS BE GRANTED ON CERTAIN**
    CAHUILLA BAND OF INDIANS,               )   **CONDITIONS;   POINTS   AND**
13                                          )   **AUTHORITIES AND DECLARATION**
                                            )   **OF   COUNSEL   IN   SUPPORT**
14            (Proposed)                    )   **THEREOF.**
              Plainitffs-Intervenors,       )
15                                          )   **(Federal Rules of Civil Procedure,**
    v.                                      )   **Rule 41(a)(2))**
16                                          )
    FALLBROOK PUBLIC UTILITY DISTRICT,      )   Date:  April 27, 2009
17  et.al.                                  )   Time:  2:00
                                            )   Dept:  8
18            defendants.                   )
    ─────────────────────────────────────  )
19                                              Hon. Gordon Thompson, Jr.

20      TO:   THE HONORABLE GORDON THOMPSON, JR., AND ALL PARTIES AND

21  THEIR COUNSEL OF RECORD:

22      **PLEASE TAKE NOTICE** that at the above-noted date, time, and place Sander

23  Family Trust ("Trust") will, and does hereby, object to the pending motion by the Cahuilla

24  Band of Indians and the Ramona Band of Cahuilla ("moving parties") to dismiss pursuant

25  to Federal Rules of Civil Procedure, Rule 41(a),  unless conditions are imposed by the

26  court requiring moving parties to pay the fees and expenses incurred in this action.

27      This objection is and will be based on these moving papers, the content of the file

28  of the clerk of the court, the declaration of counsel attached hereto, and on such further

evidence and argument as the court may receive and entertain at or before the time it rules on moving parties' motion to dismiss.

Dated: April 9, 2009                    Respectfully submitted,


/s/Gerald Blank
GERALD BLANK, ESQ.
Counsel for the Sander Family Trust

**POINTS AND AUTHORITIES IN SUPPORT OF OBJECTION**

**TO MOTION TO DISMISS**

I

**THE REQUESTED DISMISSAL SHOULD ONLY BE GRANTED**

**UPON THE CONDITION THAT MOVING PARTIES**

**PAY THIS PARTY'S FEES AND EXPENSES**

Moving parties seek to dismiss this case pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2).  That rule, and the cases interpreting it, are clear.  The court may grant such a request upon the condition that the moving party pay the fees and expenses of the party(ies) being dismissed.

Moving parties admit the Trust was served and filed an answer.  (See: Moving Parties' Points and Authorities, Exhibit B, and Docket Number 4983.)   The Trust necessarily retained counsel and filed the answer because it was served with the Complaints in Intervention, a document entitled "Notice of Lawsuit and Request for Waiver of Service of Summons" and a third document entitled "Waiver of Service of Summons." In the latter, in bold type, those served were warned if they failed to respond they ". . . **will be required to pay the expenses of service unless the defendant shows good cause for its failure to sign and return the waiver**." (*Id.,* emphasis in original.)

Thus the Trust not only retained counsel to sign and return the waiver on time, but the underlying issues required counsel to respond in substance to the lawsuit itself.  As can be seen from the attached Declaration of Counsel, he did so, and as a result the Trust incurred fees and expenses.[1]

In *Stevedoring Services of America, et.al.*, v. *Armilla International B.V., et.al.*, 889

---

1.      In the answer, the Trust even alerted plaintiffs that there are co-owners of the Trust's property who had not been served.  Counsel included a copy of the deed to assist plaintiffs in this regard.  They never corrected this oversight. The co-owners were never served.  (Answer, docket #4983, page 1, lines 25 - 28, and Exhibit A.)

F.2d 919 (9th Cir. 1989) the Ninth Circuit clearly established that a Rule 41(a)(2) motion "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." (*Id.*, p.920.)  The court went on to hold that while the payment of fees and expenses is not a requirement under Rule 41(a)(2), it is, nevertheless, a matter for the district court's discretion.  (See also: *Koch, et.al.,* v. *Hankins, et.al.*, 8 F.3d 650 (9th Cir. 1993).)  Upon granting a voluntary dismissal pursuant to Rule 41(a)(2), courts typically condition the dismissal on plaintiff reimbursing the defendant for court costs and attorney fees.  *Cauley* v. *Wilson*, 754 F2 769, 771 (7th Cir. 1985).  (This rule, initially adopted by the Seventh Circuit in *Cauley*, was later formally adopted by the Ninth Circuit in *Koch, supra*, 8 F3d 650, 652.)

Here, important to the court's inquiry is the fact that the moving papers boldly demonstrate the Trust (and probably the other almost 400 landowners the motion seeks to dismiss) should never have been served in the first place.  Moving parties rest the motion on the Declaration of Oliver Page.  He is the head of an engineering firm which has been studying the underlying question "for the past eighteen years." (Page Declaration, page 1, line 9.)  Mr. Page states he has been investigating the hydrology and geology of the Anza-Cahuilla Subbasin tributary to the Santa Margarita River since 1984.  He bases his opinion that the current and future groundwater development in the Subbasin will not impact downstream water users, such as the Trust's property, on flow measurements taken from December 18, 1950, through September 30, 1954 which were published by a public agency in 1956.  (Page Declaration, page 1, lines 12-13, 21-24, and page 2, lines 4-7.)

The conclusion is simple: had moving parties timely done their homework, they never would have served entities like the Trust in the first place.  They never would have put such entities to the expense of retaining counsel and defending a  lawsuit.  The other relevant conclusion is equally simple:  based on the Page declaration, the Trust (and the other about 400 landowners) will not be sued by the tribes again and, as a result, those who incurred fees and expense, will not find the work paid for useful in any future litigation.

As a direct result, the Sander Family Trust incurred fees and expenses in the amount

1

of $4,920.00, as shown by the attached declaration of counsel.  Moving parties' request to

2

dismiss pursuant to Rule 41(a)(2) should only be granted on the condition that those fees

3

and expenses be reimbursed.

4

Dated: April 9, 2009                                     Respectfully submitted,

5

6

                                                          /s/Gerald Blank
                                                          GERALD BLANK, ESQ.
7
                                                          Counsel for the Sander Family Trust

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF GERALD BLANK**

1.    I am an attorney authorized to practice before all of the State and Federal Courts of the State of California.  Additionally, I am a member of the Bar of the United States Supreme Court.  I serve as retained counsel for the Sander family Trust and make this Declaration in support of the within request that the proposed motion to dismiss be granted on certain conditions.

2.    In April, 2008, I was retained by the trustees of the Sander Family Trust to represent the Trust's interests regarding the two complaints in intervention with which they had been served in March, 2008.  I agreed to commence representation at my standard hourly rate of $400.00, plus expenses.  Pursuant to the retainer, I then completed and served the Waiver of Service of Summons, and timely filed Answer of the Sander Family Trust and exhibits thereto.  (Docket #4983)  Since that time there have been literally thousands of emails and documents in this matter, all of which I have reviewed to one extent or another.  With regard to some it was obvious from their title and introduction that there was no potential impact on my client.  I spent little time on them.  With regard to others, such as prior motions to dismiss, and answers and counter-claims by other parties, the documents had to be studied carefully as there was potential impact.  Also, there have been a number of settlement conferences which have produced memoranda and minutes, all of which I have studied carefully.  I sent a representative of the Trust to one of those conferences.  I have continued to consult with the trustees of the Trust, with regard to their rights and interests in this litigation, and the potential impact on the value of its property. The litigation has been a cloud on title since its inception.

3.    Because I have checked all of the documents to one extent or another, I became aware of the current Motion to Dismiss the Sander Family Trust pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2).  In reading those documents and the related documents, it became apparent to me from the Declaration of Oliver Page, which supports the Motion to Dismiss, that all of the information on which moving parties based their complaints in intervention in the first place, had been known or knowable decades ago.  In

other words, it is my considered opinion that had counsel for the moving parties studied the available information in a timely manner, they would never have served and sued entities such as the Trust in the first place.

4.    I have been an attorney since January 1972.  My practice is focused in complex state and federal civil and criminal matters.  I handle a number of complex civil cases, including federal civil RICO matters, and just recently settled a complex state civil matter for more than 2.5 million dollars. I also recently completed complex litigation relating to a severe brain injury to a 22 month old child, and I am handling another similar case.  In other words, my practice varies very widely, and I am experienced in a wide variety of complex litigation.  For this and other reasons I agreed to become retained counsel for the Sander Family Trust in this litigation.

5.    I am familiar with the customary hourly fees for attorneys of my level of experience in San Diego County.  My hourly rate of $400.00 is on the low end of those fees.  Including time consulting with the trustees of the Sander Family Trust, research, preparation, and reading of documents, exclusive of anything having to do with the pending Motion to Dismiss, I have invested 12.3 hours of my time.  (My time for preparing and presenting this motion, and attending the hearing, is not included.  Reimbursement for it is hereby formally waived.)  Expenses have been low and are not included in this request.  Almost all of the document review and related work has been done electronically to avoid copying and similar expenses. Given the aforementioned Page declaration, it is my opinion none of the work I have performed for the Trust since it was served with the complaints in intervention will be of any use whatsoever in any future litigation.  The Page declaration makes it clear the Trust should not have been named and served in the first place, and will not be named in future litigation over this subject.

////

////

////

////

Sander Family Trust's Request that Proposed Motion to Dismiss be Granted on Certain Conditions; Points & Authorities & Declaration in support thereof

6.      Therefore, based on the fact that my client, the Sander Family Trust has incurred fees in the amount of $4,920.00, I request that the court only grant the pending Motion to Dismiss on condition that those fees and expenses be paid in full by moving parties.

I declare under penalty of perjury the foregoing is true and correct.  Executed this 9th day of April, 2009, at San Diego, California.


/s/Gerald Blank
Gerald Blank, Declarant and Counsel
for the Sander Family Trust