**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Defendant
BRYAN D. SAMPSON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>RAMONA BAND OF CAHULLA,<br>CAHUILLA BAND OF INDIANS,<br><br>　　　　　　　　　Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 51-1247-SD-C<br><br>**DEFENDANT BRYAN D. SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS**<br><br>Date:　April 27, 2009<br>Time:　2:00 p.m.<br>Ctrm:　8, 3rd Floor<br>Judge: Hon. Gordon Thompson, Jr. |

**INTRODUCTION**

Defendant Bryan D. Sampson ("Sampson") objects to the proposed Order Granting Joint Motion to Dismiss Certain Claims. Specifically, this Court previously found in IJ 39A, which was incorporated by reference into the Final Judgment and Decree, that Defendant Sampson's property is not subject to Plaintiff-Intervenors claims for relief. Accordingly, the doctrines of law of the case and collateral estoppel preclude any further litigation against Defendant Sampson and Defendant Sampson should, once again, be dismissed from this litigation with prejudice. Alternatively, Defendant Sampson requests that any order dismissing claims expressly states that the order dismissing does not, in any manner whatsoever, supercede the Final Judgment and Decree, entered May 8, 1963, or any

1

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

Interlocutory Judgment incorporated therein.

## FACTUAL BACKGROUND

*Service Of The Summons & Complaint*.  On or about April 17, 2008, Plaintiff-Intervenors Ramona Band of Cahulla and Cahulla Band of Indians (collectively referred to as "Plaintiff-Intervenors") submitted the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Bryan D. Sampson ("Sampson").  See Fickel Declaration.  Thereafter, Defendant Sampson executed the Waivers of Service of Summons and returned the same to Plaintiff-Intervenors.  Id. Pursuant to the Waivers of Service of Summons, Defendant Sampson timely filed and served his Answers to Plaintiff-Intervenors First Amended Complaints on June 17, 2008.  See Court Records.

*Defendant Sampson's Meet & Confer*.  Thereafter, Defendant Sampson performed a thorough review of the court records in this case.  As a result of that review, Defendant Sampson learned that the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that his property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries.

Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

> Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them.  See Court Records, I J 39A

As set forth in the title report for Defendant Sampson's property, Defendant Sampson is a successor owner of Parcel 94W-10-41.  As a result, Defendant Sampson met and conferred with Plaintiff-Intervenors.  See Exhibits "1 & 2."

Upon review of the documentation provided by Defendant, Plaintiff-Intervenor Ramona Band of Cahuilla ("Ramona") agreed that claims against Defendant Sampson are barred by IJ 39A and agreed to enter into a stipulation for dismissal with prejudice.  See Exhibit "3" and Fickel Declaration.  To

2

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

1 date, and despite Defendant Sampson's repeated requests, Plaintiff-Intervenor Ramona has failed
2 and/or refused to execute the stipulation. Instead, on December 29, 2008, Plaintiff-Intervenor Ramona
3 contacted Defendant Sampson, informed him it would stipulate to dismissal, if Defendant Sampson
4 would relinquish his rights under IJ 39A. Defendant Sampson responded by requesting clarification
5 regarding Plaintiff-Intervenors Ramona's position on that issue. The parties met and conferred and
6 Defendant provided a revised stipulation for dismissal with prejudice, for execution. See Exhibits "4-
7 9."

8 Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to respond to
9 Defendant's meet and confer attempt. Thereafter, Plaintiff-Intervenor Cahuilla filed a substitution of
10 counsel. As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor Cahuilla's
11 substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with prejudice.
12 Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would respond after
13 they completed their review. See Exhibits "10, 11" and Fickel Declaration.

14 On March 3, 2009, Plaintiff-Intervenors, Defendant Sampson and the United States met
15 telephonically to discuss the stipulation for dismissal. See Fickel Declaration. During that
16 teleconference, Plaintiff-Intervenors stated they would prepare a draft stipulation for Defendant
17 Sampson's review. Id. Thereafter, Plaintiff-Intervenors suggested that Defendant Sampson be
18 included as a dismissed Defendant in the Joint Motion to Dismiss. See Exhibit "12." Defendant
19 Sampson responded by stating he had no objection if the order dismissing incorporated the Final
20 Judgment and Decree and the Interlocutory Judgments incorporated therein. See Exhibit "13."
21 Plaintiff-Intervenors responded by stating Defendant's request was not feasible. Id.

22 Defendant Sampson again met and conferred with Plaintiff-Intervenors and requested the
23 following language be included in the proposed order:

24 "IT IS HEREBY FURTHER ORDERED that this Order Granting Joint
Motion to Dismiss Certain Claims does not, in any manner whatsoever,
25 supercede the Final Judgment and Decree, entered May 8, 1963, or any
Interlocutory Judgment incorporated therein."
26
27 Plaintiff-Intervenors responded by stating they would not revise the proposed order based upon
28 the number of parties that required service and recommended Defendant raise the issue for the hearing

3

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

on the joint motion to dismiss. <u>See</u> Exhibits "14 & 15." As a result, Defendant Sampson met and conferred and asked Plaintiff-Intervenors if they would be willing to stipulate at the hearing to Defendant's proposed language for the order. <u>See</u> Exhibit "16." Plaintiff-Intervenor Ramona stated it did not believe Defendant's proposed language was needed. <u>Id</u>.

## **LEGAL ARGUMENT**

**A.    The Law Of The Case Requires Defendant Sampson To Be Dismissed With Prejudice.**

Case law firmly holds that a prior, binding decision becomes the law of the case and is controlling in any subsequent proceeding. <u>City of Seattle v. Pugent Sound Power & Light Co.</u>, 15 F.2d 794, 795 (9th Cir. 1926). Here, and as previously stated, the Court found that Defendant Sampson's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. <u>See</u> Court Records, IJ 39A. This Court's decision was affirmed by <u>United States v. Fallbrook Public Utility District</u>, 347 F.2d 48 (9th Cir. 1965).

In addition, the purpose of a Rule 41 dismissal is to permit a plaintiff to dismiss an action without prejudice, as long as the defendant is not prejudiced or unfairly affected by the dismissal. <u>Stevedoring Services of America, et al., v. Armilla International B.V., et al.</u>, 889 F.2d 919, 921 (9th Cir. 1989).

Plaintiff-Intervenors are precluded from raising the issues raised in their First Amended Complaints against Defendant Sampson. <u>See</u> Court Records. As such, permitting the dismissal of Defendant Sampson without prejudice would unfairly affect Defendant by permitting the parties to raise the same issues against Defendant in future litigation. Defendant Sampson should be dismissed with prejudice.

**B.    Issue Preclusion Requires That Defendant Sampson Be Dismissed With Prejudice**.

Issue preclusion, or collateral esptoppel "provides that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." <u>United States v. Bhatia</u>, 545 F.3d 757, 759 (9th Cir. 2008) [citations omitted]. A party cannot re-litigate a previously decided issue if four requirements are met:

///

4

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1. There was a full and fair opportunity to litigate the issue;
2. The issue was actually litigated;
3. The issue was lost as a result of a final judgment; and
4. The person against whom collateral estoppel is asserted was a party or in privity with a party in the previous litigation.

Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050 (9th Cir. 2008).

    1. *Full and Fair Opportunity To Litigate*.  Here, as set forth Plaintiff-Intervenors First Amended Complaint, Plaintiff-Intervenors are asserting water rights claims to waters that feed or contribute to the San Margarita River or its tributaries, which were previously adjudicated by this Court for Plaintiff-Intervenors under Interlocutory Judgment 41 ("IJ 41"). See Court Records. Plaintiff-Intervenors assert their renewed claims based upon the Final Judgment and Decree, entered May 8, 1963, which incorporated, not only IJ 41, but also, among others, IJ 39A, and was affirmed by United States v. Fallbrook Public Utility District, 347 F.2d 48 (9th Cir. 1965). See Court Records. As such, Plaintiff-Intervenors had a full and fair opportunity to litigate the issue.

    2. *The Issue Was Actually Litigated*.  This Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that Defendant Sampson's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. See Court Records, IJ 39A and Final Judgment and Decree, entered May 8, 1963..

    Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

> Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them. See Court Records, IJ 39A. As such, this element is met.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

5

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

1        3.    *The Issue Was Lost As A Result Of A Final Judgment*. As previously stated, IJ 39A was incorporated into the Final Judgment and Decree, entered May 8, 1963. Accordingly, Plaintiff-Intervenors lost the issue of being able to assert claims against Defendant Sampson relating to any assertion regarding water rights to waters that feed or contribute to the San Margarita River or its tributaries.

        4.    *Party to or In Privity In Prior Litigation*. As stated in Plaintiff-Intervenors First Amended Complaints, from the inception of this case, the Untied States has represented Plaintiff-Intervenors as their trustee. See Court Records. Additionally, Plaintiff-Intervenors are asserting causes of action based upon prior decisions of this Court, which were affirmed by the Ninth Circuit. See Court Records. Finally, "where the interests of the nonparty and party are so closely aligned as to be virtually representative," privity exists. In re: Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) [citations omitted] (holding "a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party.") Accordingly, this element is satisfied.

Based upon the foregoing, Plaintiff-Intervenors are precluded from raising the claims alleged in the First Amended Complaints against Defendant Sampson and Defendant Sampson should be dismissed from this litigation with prejudice.

Alternatively, Defendant Sampson request the Court adopt his proposed order dismissing claims. It is Defendant's position that there should be no question that the order dismissing, does not, in any manner whatsoever, supercede the prior Final Judgment and Decree and the Interlocutory Judgments incorporated therein.

    **C.**    **Defendant Sampson Should Be Awarded His Costs And Fees**.

Although not required, a district court may order the moving party to pay costs and fees of a party being dismissed under a motion brought under Federal Rules of Civil Procedure, Rule 41(a)(2). Stevedoring Services of America, et al., v. Armilla International B.V., et al., 889 F.2d 919, 921 (9th Cir. 1989). A plaintiff's good faith is a factor courts look to when determining whether to order an award of fees and costs. Id at 922.

As more fully set forth above, Defendant Sampson has clearly pointed out to Plaintiff-Intervenors that he was erroneously included in this litigation for almost a year. See Exhibits "1-16."

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

6

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd

1  Despite agreeing that Defendant Sampson does not belong in this litigation, Plaintiff-Intervenors have
2  not taken action to cause his dismissal with prejudice. See Court Records. Instead, Defendant has been
3  forced to incur attorney fees and costs in his continuing attempts to have the Plaintiff-Intervenors
4  recognize this Court's prior judgments.  As a result, Defendant has incurred costs and fees in the
5  amount of $23,245.75. See Exhibit "17" and Fickel Declaration.

## CONCLUSION

7  Based upon all of the foregoing, Defendant Sampson respectfully requests the Court order
8  Defendant Sampson dismissed with prejudice or in the alternative, adopt Defendant's proposed
9  language in the order dismissing and award Defendant Sampson his incurred costs and fees.

10                                                      Respectfully submitted,

11  DATED: April 13, 2009              **SAMPSON & ASSOCIATES**

13                                      By:    /s/ Mary L. Fickel
                                               Mary L. Fickel, Esq.
                                               Attorneys for Defendant
14                                             BRYAN D. SAMPSON

**SAMPSON & ASSOCIATES**
**ATTORNEYS AT LAW**
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

7

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION TO DISMISS CLAIMS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Dismiss\P&A.wpd