Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505
Fax: 760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado  80302
Tel:  303-442-2021
Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com

*Attorneys for Plaintiff in Intervention,*
 *Cahuilla Band of Indians*

**Additional attorney on next page**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 51-cv-1247-GT-RBB |
| Plaintiff, | **RESPONSE OF CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO EASTERN MUNICIPAL WATER DISTRICT'S MOTION TO QUASH SERVICE AND SPECIAL APPEARANCE JOINDERS IN SAID MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE IN OPPOSITION** |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, federally recognized Indian tribes, | |
| Plaintiffs in Intervention, | |
| v. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | Hearing Date: April 27, 2009<br>Time:          10:00 a.m.<br>Courtroom:    B |
| Defendants. | Hon. Ruben B. Brooks |

Tribes' Response in Opposition to
EMWD's Motion to Quash Service
& Joinder to that Motion

Case No. 51-cv-1247-GT-RBB

1   Curtis G. Berkey
    ALEXANDER, BERKEY, WILLIAMS
2     & WEATHERS, L.L.P.
    2030 Addison Street, Suite 410
3   Berkeley, CA 94704
    Tel: 510-548-7070
4   Fax: 510-548-7080
    cberkey@abwwlaw.com
5
    *Attorney for Plaintiff in Intervention,*
6     *Ramona Band of Cahuilla*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Tribes' Response in Opposition to                      Case No. 51-cv-1247-GT-RBB
     EMWD's Motion to Quash Service
28   & Joinder to that Motion

## **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.     THE DISTRICTS ARE AUTHORIZED TO REPRESENT
           THE INTERESTS OF LANDOWNERS WITHIN THEIR
           BOUNDARIES IN THE PRESENT PROCEEDINGS . . . . . . . . . . . . . . . . . . . . 2

      B.     DUE PROCESS DOES NOT REQUIRE SERVICE OF
           PROCESS ON EVERY POTENTIALLY AFFECTED LANDOWNER . . . . . . . 7

      C.     STRICT COMPLIANCE WITH FED. R. CIV. P. 4(d) IS
           NOT REQUIRED ABSENT PREJUDICE OR AN UNDERMINING
           OF THE RULE'S PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.     FED. R. CIV. P. 60(b)(1) IS INAPPLICABLE HERE . . . . . . . . . . . . . . . . . . . . 13

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                            i

1

## TABLE OF AUTHORITIES

2

**CASES**

3

*Arroyo Ditch & Water Co. v. Baldwin*, 100 P. 874 (1909) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4

*Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

5

*Coachella Valley County Water Dist. v. Stevens*, 274 P.538 (Cal. 1929) . . . . . . . . . . . . . . 4-6, 8

6

*Dep't of Ecology v. Acquavella*, 674 P.2d 160 (Wash. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . 8

7

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
    840 F.2d 685 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

8

*Guth v. Andersen*, 118 F.R.D. 502 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

9

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . 7,8

10

*Orange County Water Dist. v. City of Riverside*, 343 P.2d 450
    (Cal. Ct. App. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

11

*Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124 (S.D.N.Y. 1999) . . . . . . 9-12

12

*United Food & Commercial Workers Union v. Alpha Beta Co.*,
    736 F.2d 1371 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

13

*Waco-Porter Corp. v. Tubular Structures Corp. of America*,
    222 F. Supp. 332 (S.D. Cal. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

14

15

**STATUTES**

16

CAL. WATER CODE §§ 31080-31082 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17

CAL. WATER CODE § 71750 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18

CAL. WATER CODE § 71757 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

19

CAL. WATER CODE §§ 71000-73001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

20

CAL. WATER CODE §§ 71050-71196 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

21

CAL. WATER CODE §§ 71750-71751 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22

23

**RULES**

24

FED. R. CIV. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

25

FED. R. CIV. P. 17(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26

27

Tribes' Response in Opposition to                                     Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                          ii

28

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller,
    Federal Practice and Procedure (3d ed. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Santa Margarita River Watershed Annual Water Master Report,*
    *Water Year 2000-2001* (July 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Santa Margarita River Watershed Annual Water Master Report,*
    *Water Year 2006-2007* (Aug. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                          iii

1

2                                    I.  **INTRODUCTION.**

3          The Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively "Tribes")

4   respectfully request the Court to deny the motion to quash service by the Eastern Municipal

5   Water District ("EMWD") and also deny the joinders in that motion by the Elsinore Valley

6   Municipal Water District, Western Municipal Water District, and the Domenigoni-Bartons.  *See*

7   *Notice of Motion to Quash Service for Insufficient Service of Process of Complaints in*

8   *Intervention* (Mar. 27, 2009); *Memorandum of Points and Authorities in Support of Defendant,*

9   *Eastern Municipal Water District's Motion to Quash Service for Insufficient Service of Process*

10  *of Complaints in Intervention* (Mar. 27, 2009) ("EMWD Memorandum"); *Special Appearance*

11  *Joinder to Eastern Municipal Water District's Motion to Quash Service of Process of*

12  *Complaints in Intervention* (Mar. 27, 2009) ("Joinder"); *Specially Appearing Domenigoni-*

13  *Bartons' Joinder in Defendant Eastern Municipal Water District's Motion to Quash Service for*

14  *Insufficient Service of Process of Complaints in Intervention as to Defendant Landowners Within*

15  *its Boundaries* (Mar. 27, 2009).

16         The three Municipal Water Districts ("Districts") raise substantive and procedural issues

17  which they argue preclude their representation in this case of the interests of landowners within

18  their respective boundaries.  Substantively, and most importantly, the Districts contend that they

19  lack authority to represent the interests of landowners within the Districts in the determination of

20  the nature and extent of the Tribes' water rights.  Procedurally, the Districts quarrel with various

21  aspects of the Tribes' effort to effectuate a waiver of service under FED. R. CIV. P. 4(d).  In

22  addition,  EMWD seeks to have the Court set aside its counsel's execution of the requested

23  waiver as it applies to EMWD's representation of the interests of the landowners within the

24  district.  To the extent the Court grants the Tribes' *Notice of Joint Motion and Joint Motion to*

25  *Dismiss Claims Against Certain Defendants* (Apr. 1, 2009) and *Notice of Joint Motion and Joint*

26  *Motion for Leave to File Second Amended Complaints in Intervention* (Apr. 1, 2009), the issues

27  Tribes' Response in Opposition to                                                    Case No. 51-cv-1247-GT-RBB
    EMWD's Motion to Quash Service
28  & Joinder to that Motion                                          1

raised by the Districts' motions will be moot since the Districts are not located within the Anza-Cahuilla Sub-basin ("Sub-basin").  The Tribes summarize below why the Court should deny the requested relief in the event the issues related to service on the Districts remain viable.

## II.  ARGUMENT.

**A.     THE DISTRICTS ARE AUTHORIZED TO REPRESENT THE INTERESTS OF LANDOWNERS WITHIN THEIR BOUNDARIES IN THE PRESENT PROCEEDINGS.**

Even as this case is presently configured, the substantive controversy between the Tribes and the Districts is extremely limited in nature.  The Tribes' complaints do not seek an adjudication of the water rights of all landowners within the Santa Margarita Watershed but rather request a declaration of the nature and scope of the Tribes' rights and the curtailment of those water uses which may be interfering with the tribal rights.  *See Ramona Band of Cahuilla's First Amended Complaint in Intervention* at 5 (July 2, 2007); *Cahuilla Band of Indians' First Amended Complaint in Intervention* at 8-9 (July 9, 2007).  Because the Districts are all located far downstream from the Tribes' reservations, the use of surface or groundwater by landowners within the Districts cannot affect the water supply available to the Tribes.  *See Declaration of Oliver Page in Support of Joint Motion to Dismiss Claims Against Certain Defendants* (Apr. 1, 2009), attached as Exhibit 1.  Thus, there is no threat that the present litigation will result in the curtailment of water use on lands within the Districts.  Instead, the only potential concern for the Districts and the landowners within their boundaries is whether the use of water by the Tribes will interfere with the availability of water to meet their respective rights.  As described below, the Districts are well-suited -- and authorized -- to represent the interests of the landowners within their boundaries in such circumstances.

Contrary to the Districts' assertions, the Municipal Water District Law of 1911 ("MWD Act"), CAL. WATER CODE §§ 71000-73001, authorizes them to represent the interests of individual landowners within their boundaries in any adjudication involving claims to water rights.  The MWD Act provides that "[a] district may sue and be sued, except as otherwise

Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                            2

provided in this division or by law, in *all* actions and proceedings in *all* courts and tribunals of competent jurisdiction." CAL. WATER CODE § 71750 (emphasis added). Furthermore:

> To carry out the purposes of this division, a district shall have the power to commence, maintain, intervene in, defend and compromise, in the name of the district, or as a class representative of the inhabitants, property owners, taxpayers, water producers or water users within the district, or otherwise, and to assume the costs and expenses of any and all actions and proceedings now or hereafter begun to determine or adjudicate all or substantially all of the water rights of a basin or other hydrologic unit overlain, in whole or in part, by the district, as between owners of or claimants to such rights, to prevent any interference with water or water rights used or useful to the lands, inhabitants, owners, operators, or producers within the district, or to prevent the diminution of the quantity or quality of the water supply of the district or such basin, or to prevent unlawful exportation of water from the district or such basin.

CAL. WATER CODE § 71757. Thus, by its terms, the statute authorizes the Districts to

> defend . . . in the name of the district . . . [in] any and all actions . . . [to] adjudicate all or substantially all of the water rights of a basin or other hydrologic unit overlain . . . by the district . . . to prevent any interference with water or water rights used or useful to the lands [or] owners . . . within the district.

*Id.* That is precisely what the Districts are being asked to do in this instance where the Tribes are seeking a declaration of the Tribal rights against the Districts and the landowners within their boundaries. Given the common interests of the Districts with their landowners in ensuring that the Tribal rights do not interfere with the available water supply to the lands within the Districts, it is both practical and appropriate to invoke the terms of the California Water Code to permit the Districts to represent their own interests and those of the landowners within their boundaries in the present proceeding.

Remarkably, the Districts minimize their statutory authority to defend the interests of the landowners in this proceeding by claiming that: (1) such authority is discretionary; (2) the MWD Act's purposes would not be carried out by exercising that authority here; (3) at least as to EMWD, no rights to water within the Santa Margarita Watershed are presently being asserted; and (4) their boundaries lie outside the Sub-basin. EMWD Memorandum at 5-6.

Tribes' Response in Opposition to
EMWD's Motion to Quash Service
& Joinder to that Motion                                    3

Case No. 51-cv-1247-GT-RBB

1    The Districts must represent individual landowners within their boundaries where, as

2    here, the Tribes sued the Districts in their names and also as representing the interests of

3    landowners in the case.  The Districts' capacity to be sued is controlled by the MWD Act, *see*

4    FED. R. CIV. P. 17(b), and, as quoted above, that law establishes that the Tribes may sue the

5    Districts in such a manner.  Furthermore, if a water district "is entitled to represent its water

6    users, . . . then in legal effect any controversy over their respective water rights between the

7    water users represented [by the district] and the [opposing party] is a 'controversy' between the

8    . . . district and the [opposing party]."  *Orange County Water Dist. v. City of Riverside*, 343 P.2d

9    450, 466 (Cal. Ct. App. 1959).  One of the very purposes for which the Districts were created

10   was to authorize them to be sued on behalf of individual landowners.  The Districts' bare claim

11   that they are not required to do so, *see* EMWD Memorandum at 5 ("EMWD is <u>authorized</u> (but

12   not <u>required</u>), to represent its landowners"), is, therefore, incorrect.

13   The Districts also argue that the first phrase of the MWD Act limits their authority to

14   represent the interests of individual landowners to those instances where such authority is

15   necessary to carry out the MWD Act's purpose "to supply water."  *Id.* at 5.  But there is no basis

16   to read that phrase as stating anything more than the legislature's conclusion that the duties set

17   forth in the MWD Act are necessary to carry out the MWD Act's purposes.

18   Even assuming for the sake of argument that the phrase should be read to limit the

19   Districts' authority, the Districts' view of the MWD Act's purposes is overly narrow.  Under

20   Sections 71750 and 71757 of the California Water Code, it is "indisputable" that the power to

21   represent the interests of individual landowners "is directly in line with the objects of the

22   creation of the district and germane to the purposes for which it was organized."  *Coachella*

23   *Valley County Water Dist. v. Stevens*, 274 P. 538, 542 (Cal. 1929).  In other words, the Districts'

24

25

26

27   Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
     EMWD's Motion to Quash Service
28   & Joinder to that Motion                        4

1  exercise of their authority to represent the interests of individual landowners, in and of itself,

2  carries out the purposes of the MWD Act. [1]

3      In addition, the Districts were each established pursuant to a vote by the individual

4  landowners, *see* CAL. WATER CODE §§ 71050-71196, so there is "no good reason" why those

5  individuals, pursuant to statute, may not set up a district "to act in a representative capacity in

6  their behalf." *Coachella*, 274 P. at 542 ("and having done so [the individuals] will necessarily

7  be bound by the result of the litigation"). Hence, allowing the Districts to skirt their

8  responsibility to represent the interests of individual landowners will thwart the purposes of the

9  MWD Act and contravene, in the California Supreme Court's view at least, the will of the voters

10  when they chose to establish the Districts as their representatives.[2]

11      EMWD seeks to downplay its obligation to represent landowners within its boundaries

12  by asserting that it does not have water rights within the Santa Margarita Watershed. EMWD

13  Memorandum at 3, 5. That assertion is incorrect. Between 1976 and 2002, EMWD produced

14  8,814 acre feet of water from pumping groundwater wells. *Santa Margarita River Watershed*

15  *Annual Water Master Report, Water Year 2006-2007*, Table B-1 (Aug. 2008). EMWD produced

16  this water pursuant to an appropriative right. *Santa Margarita River Watershed Annual Water*

17  *Master Report, Water Year 2000-2001* at 38 (July 2002) ("Other water purveyors, including

18  Murrieta CWD and Eastern MWD, pump under groundwater appropriative rights.").

19

20  [1]While the California Supreme Court was interpreting the County Water District Law in making its holding, the relevant language in that act was, and still is, nearly identical to the

21  MWD Act. *See Coachella*, 274 P. at 541; *see also* 63 Cal. Jur. Water 3d § 806 (1972) ("Except where a difference in statutory provisions requires different treatment, the law developed with

22  respect to one type of water district tends to be freely applied to another."); *compare* CAL. WATER CODE §§ 31080-31082, *with* CAL. WATER CODE §§ 71750-71751, 71757.

23

24  [2] In actions brought against the Districts pursuant to their statutory authority to be sued in a representative capacity, it is immaterial whether the action is brought pursuant to FED. R. CIV.

25  P. 23. *See Orange County Water Dist.*, 343 P.2d at 468-69 (with respect to CAL. CODE CIV. P. 382). This is true even if, absent statutory authority, a district otherwise could not have defended

26  the action as a class representative. *Id.* at 469 (citing *Coachella*, 274 P. at 538, 542).

27  Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
    EMWD's Motion to Quash Service
28  & Joinder to that Motion                          5

1    That EMWD does not currently produce groundwater is irrelevant; it retains an

2    appropriative right that may be exercised at its discretion.  A hiatus in groundwater production

3    does not excuse the Districts' obligation to represent the interests of landowners within their

4    boundaries.  No language in the MWD Act requires the Districts to claim or exercise water rights

5    for themselves before they are obligated to advance the interests of landowners within their

6    districts.  *See* CAL. WATER CODE § 71757.  As the California Supreme Court stated:

> 7    The fact that the district as such does not assert title in itself to any
>      of such rights is of no consequence, if it has the power to proceed
> 8    in a representative capacity to protect the rights of all of the land
>      owners and other users of water in the district.

9    *Coachella*, 274 P. at 542; *accord Orange County Water Dist.*, 343 P.2d at 469 (citing *Coachella*

10   to find a district claiming no water rights for itself has standing to maintain an action on behalf

11   of its water users).

12   Finally, each of the Districts overlies a portion of the Santa Margarita Watershed, the

13   "hydrologic unit" that is the subject of this litigation.  The Districts attempt to characterize this

14   action as only concerning the Sub-basin, however, in order to give effect to their claim that they

15   do not physically overlie the required "basin or hydrologic unit."  EMWD Memorandum at 5.

16   While under the Tribes' pending motions, the present proceedings would be limited to the Sub-

17   basin and the issues raised by the District mooted, as the case now stands, the litigation covers

18   the entire Santa Margarita Watershed and thus the requirements of the MWD Act are met.

19   In sum, the MWD Act authorized the Districts to represent the interests of the

20   landowners within their boundaries in this case.  The sole controversy between the Tribes and

21   the Districts is whether the rights claimed by the Tribes would interfere with the water available

22   to lands within the Districts.  The determination of such issues is among the express purposes for

23   which the Districts were established.  Thus, the Districts are empowered to represent the

24   interests of landowners within their boundaries in the determination of the nature and extent of

25   the Tribes' rights in the Sub-basin.

26

27   
28

Tribes' Response in Opposition to                                                   Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                          6

**B.    DUE PROCESS DOES NOT REQUIRE SERVICE OF PROCESS ON EVERY POTENTIALLY AFFECTED LANDOWNER.**

In the circumstances of these proceedings where the Districts are authorized to represent the interests of individual landowners regarding the limited issue of the nature and scope of the Tribes' rights, due process does not require that every individual landowner within the Santa Margarita Watershed be served with a summons and complaint.  *Contra* Joinder at 3-4.[3]  To be sure, as the Districts point out, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  But "all the circumstances" must be considered.  This includes the "practicalities and peculiarities" of each case.  *Id.*  Therefore, "[a] construction of the Due Process Clause which would place impossible or impractical obstacles in the way could not be justified."  *Id.* at 313-14.  Furthermore, the Supreme Court does not consider it "unreasonable . . . to dispense with more certain notice to those . . . whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge."  *Id.* at 317.  It also recognizes "the practical difficulties and costs" in ascertaining the status of "great numbers" of individuals, many of whose interests are "remote."  *Id.*

Here, as described above, the Districts are authorized to represent the interests of landowners within their boundaries for the limited purposes in the present proceedings to establish the nature and extent of the Tribes' rights.  As noted above,  the Districts were each established pursuant to a vote by the individual inhabitants, *see* CAL. WATER CODE §§ 71050-71196, and thus, in essence, those landowners consented to the principle that the Districts would "act in a representative capacity in their behalf."  *Coachella*, 274 P. at 542.

---

[3]Nor does this Court's order on service require service on each individual landowner. This Court ordered the Tribes to serve "appropriate defendants," defined as "any defendant that the Bands expect to be bound by the Court's judgment."  *Order* at 2, *United States of America v. Fallbrook Pub. Util. Dist.*, No. 4941 (S.D. Cal. July 17, 2007).

Tribes' Response in Opposition to                                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                         7

1    The Supreme Court of Washington, in addressing whether due process required service

2  of process on individual water users rather than only service on the water distributing entity,

3  found that an "additional and important factor to consider" in assessing due process in this type

4  of situation was the fact that the water distributing entities were "fully empowered to represent

5  their water users" in water rights adjudications.  *Dep't of Ecology v. Acquavella*, 674 P.2d 160,

6  164 (Wash. 1983) (stating there "is an identity of interest between the entities and water users").

7  The court also described "the representative capacity of these water distributing entities [as] akin

8  to a trustee-beneficiary relationship," and noted that many western states, including California,

9  agree.  *Id.* (citing, inter alia, *Arroyo Ditch & Water Co. v. Baldwin*, 100 P. 874 (Cal. 1909)).

10    In this action, due process does not require the Tribes to provide notice and to serve

11  process on every potential landowner in the Santa Margarita Watershed where many of the

12  claims to water are remote, conjectural, or not easily assessed without extensive investigations.

13  *See Mullane*, 339 U.S. at 317.  So "under all the circumstances," it will be an "impractical

14  obstacle" if the tribes are required to attempt service on each landowner within the Districts, a

15  result that due process does not require.  *See id* at 314.  Moreover, the Tribes *did* provide notice

16  to the Districts, who are "fully empowered" to represent all the potential water claimants within

17  their boundaries during the course of this litigation, *see Acquavella*, 674 P.2d at 164, and the

18  Districts themselves are free to provide further notice to their landowners if they so desire.

19  **C.     STRICT COMPLIANCE WITH FED. R. CIV. P. 4(d) IS NOT REQUIRED
        ABSENT PREJUDICE OR AN UNDERMINING OF THE RULE'S PURPOSE.**

20

21    The Tribes have met the requirements of FED. R. CIV. P. 4(d) for requesting a waiver.

22  Furthermore, the Districts have a duty to avoid unnecessary expenses related to service of

23  process, and the Districts were not prejudiced in any way by the alleged defects.  In light of the

24  above, and the general rule that FED. R. CIV. P. 4 is "'flexible'" and must be "'liberally

25  construed,'"  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d

26  685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*,

27

28

Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                          8

1   736 F.2d 1371, 1382 (9th Cir. 1984)), the Court should reject the Districts' claim that the Tribes

2   failed to sufficiently comply with the waiver request requirements.

3         The Districts' primary claims are that the requests for waiver are insufficient because they

4   do not name the individual landowners and were dispatched by third-class mail.  EMWD

5   Memorandum at 4, 6; Joinder at 4-6.  Some of the Districts also state that "it is not expressly

6   evident" that, as "public agencies," requests for waiver may be made upon them, so for this

7   reason they decline to waive service.  Joinder at 5.  As explained below, even if true, the

8   Districts' primary claims regarding technical errors in the transmission and contents of the waiver

9   requests are insufficient to render those requests invalid.  Furthermore, as explained below, the

10  Districts' claim that they are public agencies not subject to waiver requests is not only inaccurate,

11  but is also inconsistent to the position taken by EMWD in this case.

12        Several general rules apply to requests for waiver of service.  First and foremost, FED. R.

13  CIV. P. 4 is "'flexible'" and must be "'liberally construed.'"  *Direct Mail Specialists*, 840 F.2d at

14  688 (quoting *United Food*, 736 F.2d at 1382; *accord Borzeka v. Heckler*, 739 F.2d 444, 447 (9th

15  Cir. 1984); *see also Guth v. Andersen*, 118 F.R.D. 502, 504 (N.D. Cal. 1988); 4A CHARLES ALAN

16  WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1083 (3d ed. 2009).

17  Hence, mere technical violations of FED. R. CIV. P. 4 may be excusable.  *See Borzeka*, 739 F.2d at

18  446-47.

19        Second, the Districts have "a *duty* to avoid unnecessary expenses of serving the

20  summons."  FED. R. CIV. P. 4(d)(1) (emphasis added); *see Stapo Indus., Inc. v. M/V Henry*

21  *Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999) (duty imposed on defendant is specific and

22  clear).  If a defendant, therefore, cannot show "good cause" for failing to waive service, "the court

23  *must* impose on the defendant" the expenses incurred by the plaintiff in later making formal

24  service, including attorney's fees.  FED. R. CIV. P. 4(d)(2) (emphasis added); *see* 1993

25  committee's note ("rule operates to impose upon the defendant those costs that could have been

26  avoided if the defendant had cooperated reasonably").  In addition, this duty is a firm one, so

27
Tribes' Response in Opposition to                                                     Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
28  & Joinder to that Motion                              9

1   "sufficient cause should be rare."  1993 committee's note (providing only two examples where

2   "sufficient cause" may exist:  when a defendant (1) does not receive the request; or (2) is not

3   literate enough in English to understand the request).

4        Third, the purposes of FED. R. CIV. P. 4(d), that is, to "eliminate the costs of service of a

5   summons on many parties and to foster cooperation among adversaries and counsel," 1993

6   committee's note, must be considered.  In particular, the purpose of the specific requirements that

7   a waiver request be addressed to individual defendants or officers or agents, FED. R. CIV. P.

8   4(d)(1)(A)(i)-(ii), and "be sent by first-class mail or other reliable means," FED. R. CIV. P.

9   4(d)(1)(G), is to ensure that it actually reaches the intended recipient.  *See Stapo*, 190 F.R.D. at

10   125.  When a defendant timely receives a waiver request, the purpose of the requirements is,

11   therefore, met and a defendant cannot claim that he or she is prejudiced by a technical error.  *Id.*

12   at 125-26.

13        Fourth, waiver requests should not be rejected if the technical requirements of FED. R.

14   CIV. P. 4 are substantially complied with and no prejudice results.  *United Food*, 736 F.2d at

15   1382; *Borzeka*, 739 F.2d at 447; *Stapo*, 190 F.R.D. at 125-26.  In other words, "the court must

16   disregard all errors and defects that do not affect any party's substantial rights."  FED. R. CIV. P.

17   61.  This is true "[a]t every stage of the proceeding," *id.*, including when a plaintiff requests

18   waiver of service.

19        In light of these general rules, the Districts' claims fail.  The Districts assert that "liberal

20   construction" does not override the "plain requirements" of FED. R. CIV. P. 4,  Joinder at 6

21   (quoting *Guth*, 118 F.R.D. at 504), but their reliance on *Guth* is misplaced here.  The *Guth* court

22   acknowledged that "mere technical violations" may be waived in some circumstances, but held

23   that the plaintiff's complete failure to serve a defendant within 120 days went "to the very heart"

24   of FED. R. CIV. P. 4 and so was cause for dismissal.  *Guth*, 118 F.R.D. at 504.  Thus, the *Guth*

25   court was not faced with a "technical" error at all, nor did it consider a violation of FED. R. CIV. P.

26

27   Tribes' Response in Opposition to                                                    Case No. 51-cv-1247-GT-RBB
     EMWD's Motion to Quash Service
28   & Joinder to that Motion                                    10

1   4 with respect to waiver requests.[4]  Rather, that opinion involved issues related to actual service

2   of process and turned on the fact that such service did not occur.  *Guth* is, therefore, inapposite to

3   the facts of this case.

4          Next, the assertion that the Tribes must name each individual defendant on a waiver

5   request ignores the fact that the Districts are the statutorily authorized representatives of those

6   individuals.  *See supra* Section II.A.  The Tribes, therefore, need only to request waivers from the

7   Districts.  Also, even if the Tribes were required to name every individual landowner in their

8   requests, failing to do so would not be sufficient to invalidate those requests.  In a case, for

9   example, where an officer or agent was not named on a waiver request, as required by FED. R.

10  CIV. P. 4(d)(1)(A)(ii), a court rejected a defendant's claim that it had good cause to decline a

11  waiver request because the technical error "neither undermined the purposes of Rule 4(d) nor

12  prejudiced [the defendant] in the slightest."  *Stapo*, 190 F.R.D. at 125-26.  Moreover, if even a

13  failure to name all of the defendants or the inclusion of inaccurate information on a *summons* is

14  excusable, *United Food*, 736 F.2d at 1382 (citations omitted), then certainly the same lenience

15  applies to the nonjudicial act of requesting a waiver.

16         The Districts also complain about the transmission of the waiver requests via third-class

17  mail, but acknowledge that they actually received the requests, fail to explain why third-class

18  mail is not allowed, and suffered no prejudice as a result.  Waiver requests can be sent by either

19  "first-class mail or other reliable means."  FED. R. CIV. P. 4(d)(1(G).  Generally, "'[o]ther reliable

20  means' should be interpreted fairly broadly."  4A WRIGHT & MILLER, *supra*, § 1092.1.  The fact

21  that the Districts received the waiver requests without delay demonstrates that, in this instance,

22  the Tribes' chosen means of transmission was "reliable."  Moreover, the purpose of this

23  requirement, that is, to ensure that the waiver request actually reaches the intended recipient in a

24

25         _____

26         [4] In fact, *Guth* was decided prior to the 1993 addition of the waiver request provision to
    FED. R. CIV. P. 4.

27  Tribes' Response in Opposition to                                         Case No. 51-cv-1247-GT-RBB
    EMWD's Motion to Quash Service
28  & Joinder to that Motion                                 11

1   timely manner, *see Stapo*, 190 F.R.D. at 125, was fulfilled, so the Districts suffered no prejudice.

2   In sum, third-class delivery of the waiver requests is an "other reliable means" in this instance, as

3   that phrase is contemplated by FED. R. CIV. P. 4(d)(1)(G).

4          Some of the Districts question whether they are subject to waiver requests.  Joinder at 5.

5   Not only is this question likely answered in the affirmative, but a different result will contradict

6   the actions already taken by EMWD.  EMWD states that its "counsel does have the authority to

7   waive service as to defendant EMWD only, and does affirm that portion of the agreement waiving

8   service on EMWD."  EMWD Memorandum at 2.  EMWD also recognizes that "waiver of service

9   on EMWD, itself, has been effected."  *Id.*  Hence, any claim that the other Districts cannot waive

10  service is directly at odds with EMWD's actions in this case.

11         In any event, the other Districts do not provide any support for their claim that they may

12  be immune from waiver requests, other than to state that "it is not expressly evident that the

13  waiver policy applies to public agencies."  Joinder at 5.  Nothing in FED. R. CIV. P. 4, however,

14  expressly prohibits the Districts from waiving service.  At most, if the Districts are subject to

15  service pursuant to FED. R. CIV. P. 4(j), a point not conceded by the Tribes, they merely may be

16  relieved of the duty to waive service.  *See* FED. R. CIV. P. 4(d)(1) (parties subject to service under

17  FED. R. CIV. P. 4(e), (f), or (h) have a duty to waive service, but silent as to parties subject to

18  service under 4(j)).  Even then, "there is nothing to prevent the [Tribes] from asking the

19  [Districts] to accept service without a fuss," David D. Siegel, *Practice Commentary* (FED. R. CIV.

20  P. 4), at C4-28, and the Districts must still show "good cause" if they decline to do so.  FED. R.

21  CIV. P. 4(d)(2).  Furthermore, the reason that governments are not generally required to waive

22  service is because their "mail receiving facilities are inadequate to assure that the notice is

23  actually received by the correct person."  1993 committee's note.  This reasoning is evidently

24  inapplicable to the Districts.  Thus, notwithstanding its refusal to waive service in a representative

25  capacity, EMWD otherwise complied with its duty to waive service and the other Districts did

26  not.

27

28

Tribes' Response in Opposition to                                   Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
& Joinder to that Motion                        12

1  **D.      FED. R. CIV. P. 60(b)(1)IS INAPPLICABLE HERE.**

2        EMWD also requests the Court to relieve it of the effects of executing the waiver request

3  on behalf of individual landowners, claiming its counsel signed the request due to mistake,

4  inadvertence, and excusable neglect.  EMWD Memorandum at 6-8.  The relief requested by

5  EMWD is only available in instances where there is a final judgment or order.  FED. R. CIV. P.

6  60(b); *Waco-Porter Corp. v. Tubular Structures Corp. of America*, 222 F. Supp. 332, 333 (S.D.

7  Cal. 1963) ("Since there has been no final order in this action, Rule 60 does not apply."); FED. R.

8  CIV. P. 60(b) advisory committee's note (1946) ("addition of the qualifying word 'final'

9  emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords

10  relief").  No such judgment or order is present here.  Neither, in fact, has the Court issued an

11  interlocutory order or judgment from which EMWD can be relieved.

12        In the Tribes' view, whether EMWD should be relieved of the effects of executing the

13  waiver request on behalf of individual landowners turns on whether the Court determines EMWD

14  is authorized to represent the interests of  its landowners in this proceeding.  *See supra* Section

15  II.A.  If the Court agrees with the Tribes that EMWD is so authorized, then EMWD must waive

16  service absent good cause not to.  *See supra* Section II.C.  On the other hand, if the Court finds

17  that EMWD is not authorized to represent the interests of individual landowners in this

18  proceeding, the issue of mistake, inadvertence, or excusable neglect is necessarily moot because

19  EMWD's legal counsel did not have the power to execute the waiver request in the first place.

20                    **III.  <u>CONCLUSION.</u>**

21        For all of the foregoing reasons, the relief requested in EMWD's motion to quash service

22  and the joinders therein filed by the other Districts and the Domenigoni-Bartons should be denied.

23  Moreover, under the circumstances of this case, the Tribes' waiver requests sufficiently complied

24  with FED. R. CIV. P. 4(d), the Districts are required to represent individual landowners within

25  their boundaries, and due process is not offended by such representation.

26

27  Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB
EMWD's Motion to Quash Service
28  & Joinder to that Motion                    13

1    Respectfully submitted this 13th day of April, 2009.

2                                                        Marco A. Gonzalez (SBN 190832)
                                                         COAST LAW GROUP LLP
3                                                        169 Saxony Road, Suite 204
                                                         Encinitas, California  92024
4                                                        Tel:  760-942-8505 Fax:  760-942-8515

5                                                        Scott B. McElroy (Pro Hac Vice)
                                                         M. Catherine Condon (Pro Hac Vice)
6                                                        McELROY, MEYER, WALKER
                                                           & CONDON, P.C.
7                                                        1007 Pearl Street, Suite 220
                                                         Boulder, Colorado  80302
8                                                        Tel:  303-442-2021, Fax: 303-444-3490
                                                         sbmcelroy@mmwclaw.com
9                                                        ccondon@mmwclaw.com

10                                                              */s/ Scott B. McElroy*
                                                         By:_____
11                                                              Scott B. McElroy

12                                                       *Attorneys for Plaintiff in Intervention,*
                                                           *the Cahuilla Band of Indians*

13
                                                         Curtis G. Berkey
14                                                       ALEXANDER, BERKEY, WILLIAMS &
                                                         WEATHERS LLP
15                                                       2030 Addison Street, Suite 410
                                                         Berkeley, CA 94704
16                                                       Tel: 510-548-7070, Fax: 510-548-7080
                                                         cberkey@abwwlaw.com
17
                                                               */s/ Scott B. McElroy, for*
18                                                       By:_____
                                                               Curtis G. Berkey
19
                                                         *Attorney for Plaintiff in Intervention*
20                                                         *the Ramona Band of Cahuilla*

21

22

23

24

25

26

27   Tribes' Response in Opposition to                                   Case No. 51-cv-1247-GT-RBB
     EMWD's Motion to Quash Service
28   & Joinder to that Motion                    14

1

**PROOF OF SERVICE**

2

I, Scott B. McElroy, declare:

3

I am a resident of the State of Colorado, over the age of 18 years, and not a party to the within action.  My business address is McElroy, Meyer, Walker & Condon, P.C., 1007 Pearl St.,

4

Suite 220, Boulder, Colorado.  On April 13, 2009, I electronically filed the foregoing ***Response of Cahuilla Band of Indians and Ramona Band of Cahuilla in Opposition to Eastern***

5

***Municipal Water District's Motion to Quash Service and Special Appearance Joinders in Said Motion, and Memorandum of Points and Authorities in Support of Response in Opposition***

6

with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

7

8

Elsinore Valley Municipal Water District, matthew.green@bbklaw.com
M.E.M. Limited Partnership, prosenberg@hnattorneys.com
MCMX, LLC, sharper@bhsmck.com

9

Rancho California Water District, matthew.green@bbklaw.com
Sander Family Trust ,gblank@san.rr.com

10

Alice E. Walker, awalker@mmwclaw.com, dvitale@mmwclaw.com
Anthony Madrigal, anthonymad2002@yahoo.com

11

B. Tilden Kim, tkim@rwglaw.com, gduran@rwglaw.com
Bill J Kuenzinger, bkuenzinger@bhsmck.com, rjones@bhsmck.com

12

Bryan D. Sampson, mfickel@sampsonlaw.net
Charles W Binder, cwbinder@smrwm.org

13

Curtis G Berkey, cberkey@abwwlaw.com, mmorales@abwwlaw.com
Daniel E. Steuer, dsteuer@mmwclaw.com, dvitale@mmwclaw.com

14

Daniel J Goulding, jhester@mccarthyholthus.com
Donald R Timms, dontimms@san.rr.com

15

F Patrick Barry, patrick.barry@usdoj.gov
Frank Spitzer, george@chakmakislaw.com

16

Gary D Leasure, gleasure@garydleasure.com
George Chakmakis, george@chakmakislaw.com

17

Gerald (Jerry) Blank, gblank@san.rr.com, mejoslyn@sbcglobal.net
Harry Campbell Carpelan, hcarpelan@redwineandsherrill.com

18

John A Karaczynski, jkaraczynski@akingump.com, dcolvin@akingump.com,
          dpongrace@akingump.com, jfukai@akingump.com, jmeggesto@akingump.com,

19

          kamorgan@akingump.com, msobolefflevy@akingump.com
John Christopher Lemmo ,jl@procopio.com, laj@procopio.com

20

Jonathan M Deer, jdeer@taflaw.net, gsuchniak@taflaw.net, jondeeresq@earthlink.net
Kevin Patrick Sullivan, ksullivan@pshlawyers.com, kstanis@pshlawyers.com

21

M. Catherine Condon, ccondon@mmwclaw.com, dvitale@mmwclaw.com
Milan L. Brandon, mbrandon@brandon-law.com

22

Marco Antonio Gonzalez, marco@coastlawgroup.com, sara@coastlawgroup.com
Mark L Brandon, mbrandon@brandon-law.com, dslack@brandon-law.com

23

Mary L Ficke,l mfickel@sampsonlaw.net, bsampson@sampsonlaw.net
Matthew L Green, matthew.green@bbklaw.com, lisa.grennon@bbklaw.com

24

Matthew N Falley, mfalley@ggfirm.com
Michael Duane Davis, michael.davis@greshamsavage.com, teri.gallagher@greshamsavage.com

25

Michele A Staples, mstaples@jdtplaw.com, dtankersley@jdtplaw.com, pgosney@jdtplaw.com
Patricia Grace Rosenberg, prosenberg@hnattorneys.com

26

Peter J Mort, pmort@akingump.com, jfukai@akingump.com

27

Tribes' Response in Opposition to                                    Case No. 51-cv-1247-GT-RBB

28

EMWD's Motion to Quash Service
& Joinder to that Motion                              15

1  Richard Alvin Lewis, Rlewis@RichardLewis.com
   Robert M Cohen, rcohen@bcandblaw.com, vzaremba@bcandblaw.com,
2       wwendelstein@bcandblaw.com
   Scott B. McElroy, smcelroy@mmwclaw.com, dvitale@mmwclaw.com
3  Thomas C Stahl, Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
   Timothy P Johnson ,tjohnson@johnson-chambers.com, cww@johnson-chambers.com
4  William Kenneth Koska ,wkoska@koskalaw.com
   Jason.Ackerman@bbklaw.com
5
6       I further certify that on April 14, 2009, I served the foregoing **Response of Cahuilla
   Band of Indians and Ramona Band of Cahuilla in Opposition to Eastern Municipal Water
   District's Motion to Quash Service and Special Appearance Joinders in Said Motion and
7  Memorandum of Points and Authorities in Support of Response in Opposition** on the
   following who are not registered with the CM/ECF system, by placing a copy of the  document
8  in a sealed envelope with postage thereon fully prepaid, in the United States mail at Boulder,
   Colorado, addressed as set forth below.  I am readily familiar with the firm's practice for
9  collecting and processing correspondence for mailing with the U.S. Postal Service on the same
   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
10 motion of the party served, service is presumed invalid if postal cancellation date or postage
   meter date is more than one day after date of deposit for mailing contained in this affidavit.

11

12 Wiederrich Family Trust                    John S Wilson
   13440 St. Andrews Pl.                      14205 Minorca Cove
13 Poway, CA 92064                            Del Mar, CA 92014-2932

14 Anna Gale James                            Khyber Courchesne
   40275 Curry Court                          1264 Page Street
15 Aguanga, CA 92536                          San Francisco, CA 94117

16 Barbara J Carr Trust
   Barbara J. Carr, Trustee                   Marianne E Pajot
17 20571Bexley Road                           40225 Curry St.
   Jamul, CA 91935-7945                       Aguanga, CA  92536
18 Billy Ward
   P O Box 5878                               Mary E Lee
19 San Diego, CA 92165                        41085 Lakeshore Blvd.
                                              Aguanga, CA 92536
20 Briar McTaggart
   1642 Merion Way 40E                        Michael J Machado
21 Seal Beach, CA 90740                       P O Box 391607
                                              Anza, CA 92539
22
   James L. Markman                           Pamela M Machado
23 Richards Watson & Gershon                  P O Box 391607
   1 Civic Center Circle                      Anza, CA 92539
24 PO Box 1059
   Brea, CA 92822-1059

25

26

27 Tribes' Response in Opposition to                          Case No. 51-cv-1247-GT-RBB
   EMWD's Motion to Quash Service
28 & Joinder to that Motion                        16

1   Peggy Wilson
    14205 Minorca Cove
2   Del Mar, CA 92014-2932

3
    Robert H James
4   Sachse James Croswell and Lopardo
    205 W. Alvarado Street, Suite 1
5   Fallbrook, CA 92028-2025

6   Thomas C Perkins
    7037 Gaskin Place
7   Riverside, CA 92506

8           I declare under penalty of perjury under the laws of the State of Colorado that the above
    is true and correct.
9

10          Executed on April 13, 2009                        */s/ Scott B. McElroy*

11                                                      _____

12                                                      Scott B. McElroy

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Tribes' Response in Opposition to                              Case No. 51-cv-1247-GT-RBB
     EMWD's Motion to Quash Service
28   & Joinder to that Motion                          17