Robert M. Cohen - #97488
BARMASSE, COHEN & BURGE, LLP
30423 Canwood Street, Suite 208
Agoura Hills, CA 91301
Phone:        (818) 991-7514

Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO.: 51-1247-GT-RBB |
| Plaintiff, ) | OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, ) | |
| Plaintiff-Intervenors, ) | |
| v. ) | Hon. Gordon Thompson Jr. |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., ) | |
| Defendants. ) | Date:        April 27, 2009<br>Time:        2:00 p.m.<br>Courtroom:   8 |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION hereby

files its Opposition to the "Joint Motion to Dismiss Claims Against Certain Defendants" by

Plaintiff - Intervenor RAMONA BAND OF CAHUILLA and Plaintiff - Intervenor CAHUILLA

BAND OF INDIANS.

**I.**

**INTRODUCTION**

The motion to dismiss, as to opposing party SAN DIEGO STATE UNIVERSITY

RESEARCH FOUNDATION, is brought pursuant to Federal Rule of Civil Procedure 41(a)(2).

Therefore, moving parties require an order of the court to effect the dismissal.  Authority

interpreting Rule 41(a)(2) establishes that, if legal prejudice can be shown by an opposing party,

the motion should be denied.  SAN DIEGO STATE UNIVERSITY RESEARCH

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION  TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1   FOUNDATION contends that legal prejudice exists in this matter because (1) an insufficient

2   technical explanation of the need to take a dismissal has been provided and (2) the complexity of

3   water rights issues presented dictates that all impacted parties should remain in the case.

## II.

## AUTHORITY

### A.   Standard of "legal prejudice" for motions to dismiss

7   The proper standard for a motion to dismiss under Federal Rule of Civil Procedure

8   41(a)(2) involves a determination of whether the subject defendant "will suffer some plain legal

9   prejudice" as a result of the dismissal.  Westlands Water District v. United States (1996) 100

10  F.3d 94 at 96.  The Westlands court acknowledges that "case law does not articulate a precise

11  definition" of the term "legal prejudice", but concedes that it does involve "rights and defenses

12  available to a defendant in future litigation".  Westlands at 97.

### B.   Factors to consider in determining "legal prejudice" for a motion to dismiss

14  In J.A. Fischer v. Zespri Produce (2007) 2007 W.L. 2385074 the Ninth Circuit stated that

15  "plain legal prejudice may be shown where actual legal rights are threatened or where monetary

16  or other burdens appear to be extreme or unreasonable".  In that same case, the court ruled that

17  factors to consider in determining legal prejudice include "**insufficient explanation of the need**

18  **to take a dismissal**". (Emphasis added)

### C.   Complexity and its relationship to legal prejudice

20  In Westland the court also elucidated a relationship between the complexity of a case and

21  legal prejudice.  The court stated that legal prejudice existed wherein dismissal of a defendant

22  would have rendered the parties unable to conduct sufficient discovery to untangle complex fraud

23  claims and adequately defend themselves.  Citing Hyde v. Drath 24 F.3d at 1169.

24  ///

25  ///

26  ///

27  ///

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1

# III.

2
3

## LEGAL PREJUDICE EXISTS IN THIS MATTER AND THE MOTION SHOULD BE DENIED

4
5

### A.    An insufficient explanation concerning the need for a dismissal has been provided and the motion should be denied.

6  A review of the motion demonstrates that an insufficient technical explanation has been

7  provided concerning the need to take a dismissal. In the motion, the Tribes state that they seek to

8  dismiss Defendants herein based upon "technical analyses" performed subsequent to the filing of

9  the Complaint [Motion, pg. 2, lines 1 - 2]. The "technical analyses" consist of a "hydrologic

10  rationale" set forth in the Declaration of Oliver Page. [Motion, pg. 2, lines 10 - 11] In essence,

11  Mr. Page  contends that groundwater development on tribal lands inside the Anza-Cahuilla Sub-

12  Basin will not impact the availability of water outside the Anza-Cahuilla Sub-Basin. [Motion, pg.

13  2, lines 11-12].  Therefore, the moving parties contend that defendants outside the basin will not

14  be bound by any adjudication herein, their water use will not be restricted, and their water rights

15  will not be prejudiced [Motion, pg. 2, lines 18-21].  This contention is incorrect for the reasons

16  set forth below.

17  The declaration of David Huntley, PhD, filed concurrently with this opposition and

18  incorporated herein by this reference, raises concerns with respect to both the **conclusion**

19  reached, and **methodology** utilized, by Oliver Page.  In his declaration, Mr. Page **concludes** that

20  a "geologic impediment" exists concerning the movement of water to downstream areas outside

21  the Sub-Basin. After review of topographic maps and satellite photographs of the Sub-Basin and

22  downstream areas, Mr. Huntley contends that the majority of groundwater may actually flow

23  directly to Wilson Creek, a downstream tributary.  In the estimation of Mr. Huntley, this would

24  render Mr. Page's analysis of stream discharge records- which focus solely on Cahuilla  Creek -

25  largely irrelevant to a determination of downstream impact.  Based on the foregoing, Mr. Huntley

26  contends that increased groundwater production in the Sub-Basin will decrease flows in

27  downstream areas and decrease water availability to users downstream of the Sub-basin.

28

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION  TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1    Mr. Huntley is also critical of Mr. Page's **methodology** wherein he uses stream discharge

2  records from Cahuilla Creek for the years 1951 through 1954 to serve as the basis of his opinion.

3  Mr. Huntley contends that the use of this data does not accurately predict long term impact on

4  downstream water users because the period of time selected encompasses a period of below

5  normal precipitation.

6    The declaration of Matthew E. Rahn, PhD filed concurrently with this opposition and

7  incorporated herein by this reference, also raises concerns concerning the **data utilized** by Mr.

8  Page as well as the **geologic conditions** present in Cahuilla Creek.  Mr. Rahn expresses concern

9  over the fact that the only data utilized to support the conclusion of Mr. Page concerning

10  downstream impacts comes from review of aerial imagery and hydrologic data from the 1950's.

11  Historic data is utilized, despite the fact that Mr. Page's company - Stetson Engineers, Inc. - has

12  worked as an engineering consultant on these issues for "18 years".  Mr. Rahn also expresses the

13  opinion that rock formations may not create a "geologic impediment" to the movement of

14  groundwater and that underlying geology may be fractured, allowing for infiltration.  This would

15  create a situation wherein changes to the upper watershed would have impacts on the

16  downstream users.

17    Based on the foregoing, it is the contention of SAN DIEGO STATE UNIVERSITY

18  RESEARCH FOUNDATION, that an insufficient explanation has been provided concerning the

19  need for a dismissal.  The dismissal is based on "technical analyses" and a "hydrologic rationale"

20  that may be incorrect and which have clearly been called into question.  Thus, if the technical

21  analyses and rationale are incorrect, the motion is ill founded and SAN DIEGO STATE

22  UNIVERSITY RESEARCH FOUNDATION will be prejudiced via any determination made in

23  this matter because determinations in this matter will impact downstream users.  Therefore, the

24  motion should be denied.

25    B.    **The complexity of this matter creates legal prejudice upon any dismissal and**

26          **the motion should be denied.**

27    Moving parties contend that dismissal of the Defendants herein will "simplify the issues

28

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1    in the case, promote interests of judicial economy, and facilitate a more expeditious resolution of

2    the Tribes' claims". [Motion, pg. 2, lines 6-9] These contentions are incorrect for the reasons set

3    forth below.

4           As set forth above, the case of <u>Hyde v Drath</u> (1994) 24 F.3d 1162 pertained to "complex

5    fraud claims". The court in that case denied the dismissal because the court had reason to believe

6    that without the continued involvement of the party who might be potentially dismissed, the

7    defendants would be unable to untangle the claims and adequately defend themselves. The

8    instant case is analogous to <u>Hyde</u>. Merely drawing a distinction between "in basin" and "out of

9    basin" water users **does not "simplify the issues in the case"**. The complex technical issues set

10   forth above still persist and must be "untangled" through discovery conducted by all potentially

11   impacted Defendants. It is only through the involvement of the all impacted Defendants that

12   claims can be asserted, analyses performed, and the extent of water rights resolved.

13          The **interests of judicial economy are not fostered** by dismissing Defendants who have

14   been named and appeared in this matter. As stated in the court's order of July 17, 2007,

15          "Since this is the Bands' request for quantification of their water rights, it is their task to

16          name the appropriate defendants and properly serve those defendants. Hence the Court

17          holds that the Bands' must serve any defendant that the Bands expect to be bound by the

18          Court's judgment".

19          Plaintiffs have failed to set forth sufficient information in their motion to support their

20   contention that opposing parties herein will not be bound, impacted, and/or prejudiced by the

21   Court's determination. Thus, any determination in this matter without the involvement of all

22   Defendants raises the specter of successive suits by multiple Defendants naming upstream

23   owners. This does not promote, but instead destroys, judicial economy. To reiterate, that is why,

24   on prior occasions, the court has ruled that "all potential defendants" be included in the instant

25   case.

26          A more **expeditious resolution** of this matter - that being quantification of the water

27   rights of all impacted parties, **will not be achieved** via dismissal. Discovery by all parties

28

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1  potentially impacted, and input as to how that discovery will be conducted, will help to unravel

2  the complex water rights claims included herein.

3                                    IV.

4                              CONCLUSION

5          Based on the foregoing, legal prejudice would clearly arise at to Defendant SAN DIEGO

6  STATE UNIVERSITY RESEARCH FOUNDATION if dismissed from this action.  An

7  insufficient technical showing has been made concerning the need for a dismissal.  Contrary

8  evidence produced by SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

9  demonstrates that downstream users will be bound by the determination in this matter and

10 concomitantly prejudiced if not involved in this matter.  In addition, the complex water rights

11 claims herein of all "upstream" and "downstream" owners should be determined through one

12 action, to facilitate technical discovery, and promote judicial economy.

13                              BARMASSE, COHEN & BURGE

14

15 Dated:   4/10/09                    By                      /s/Robert M. Cohen
16                                        ROBERT M. COHEN
                                          Attorneys for Defendant SAN DIEGO
17                                        STATE UNIVERSITY RESEARCH
                                          FOUNDATION

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO
DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS

1

PROOF OF SERVICE<br>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

Re:   United States of America v. Fallbrook Public Utility District, et al.
U.S. District Court-Southern District of California Case No. 3:51-CV-01247-GT-RBB
[No. 1247-SD-C]

3

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is: 30423 Canwood Street, Suite 208, Agoura Hills, CA 91301.

5

6

     On April 14, 2009, I electronically filed the foregoing document described as **OPPOSITION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS; DECLARATION OF MATTHEW E. RAHN PHD IN SUPPORT OF OPPOSITION; DECLARATION OF DAVID HUNTLEY PHD IN SUPPORT OF OPPOSITION, etc.,** with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

7

8

9

10

11

M.E.M. Limited Partnership, prosenberg@hnattorneys.com
MCMX, LLC.sharper@bhsmck.com

12

Rancho California Water District, matthew.green@bbklaw.com
Sander Family Trust, gblank@san.rr.com

13

Alice E. Walker, awalker@mmwclaw.com, dvitale@mmwclaw.com
Anthony Madriga, 1anthonymad2002@yahoo.com

14

Bill J Kuenzinger, bkuenzinger@bhsmck.com, rjones@bhsmck.com
Bryan D. Sampson, mfickel@sampsonlaw.net

15

Charles W. Binder, cwbinder@smrwm.org
Curtis G. Berkey, cberkey@aabwwlaw.com, mmorles@abwwlaw.com

16

Daniel E. Steuer, dsteuer@mmwclaw.com, dvitale@mmwclaw.com
Daniel J Goulding, 1rodriguez@mccarthyholthus.com, mpodmenik@mccarthyholthus.com

17

Donald R Timms, dontimms@san.rr.com
F Patrick Barry, patrick.barry@usdoj.gov

18

Frank Spitze, rgeorge@chakmakislaw.com
Gary D Leasure, gleasure@garydleasure.com

19

Goerge Chakmakis, george@chakmikislaw.com
Gerald (Jerry) Blank, gblank@san.rr.com, mejoslyn@sbcglobal.net

20

John A Karaczynski, jkaraczynski@akingump.com, dcolvin@akingump.com, dpongrace@akingump.com, jfukai@akingump.com, jmeggesto@akingump.com, msobolefflevy@akingump.com

21

John Christopher Lemmo, jl@procopio.com, laj@procopio.com

22

Jonathan M Deer, jdeer@taflaw.net, gsuchniak@taflaw.net, jondeeresq@earthlink.net
Kevin Patrick Sullivan, ksullivan@swgsgp.com, kstanis@swgsgp.com

23

M. Catherine Condon, ccondon@mmwclaw.com, dvitale@ammwclaw.com
Milan L. Brandon, mbrandon@brandon-law.com

24

Marco Antonio Gonzalez, marco@coastlawgroup.com, sara@coastlawgroup.com
Mark L Brandon, mbrandon@brandon-law.com, dslack@brandon-law.com

25

Mary L Fickel, mflickel@sampsonlaw.net, bsampson@sampsonlaw.net
Matthew L Green, matthew.green@bbklaw.com, lisa.grenon@bbklaw.com

26

Matthew N Falley, mfalley@ggfirm.com
Michael Duane Davis, michael.davis@greshamsavage.com, teri.gallagher@greshamsavage.com

27

Michele A Staples, mstaples@jtplaw.com, dtankersley@jdtplaw.com, pgosney@jdtplaw.com
Patricia Grace Rosenberg, prosenberg@hnattorneys.com

28

Peter J Mort, pmort@akingump.com, jfukai@akingump.com

1
PROOF OF SERVICE

1   Richard Alvin Lewis, Rlewis@RichardLewis.com
    Robert M Cohen, rcohen@bcandblaw.com, vzaremba@bcandblaw.com,
2   wwendelstein@bcandblaw.com
    Scott B McElroy, smcelroy@mmwclaw.com, dvitale@mmwclaw.com
3   Thomas C Stahl, Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
    Timothy P Johnson, tjohnson@johnson-chambers.com, cww@johnson-chambers.com
4   William Kenneth Koska, william.koska@wallerlaw.com, beth.mccullough@wallerlaw.com

5          I further certify that on April 14, 2009, I served the foregoing **OPPOSITION OF SAN
    DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT MOTION TO**
6   **DISMISS CLAIMS AGAINST CERTAIN DEFENDANTS; DECLARATION OF**
    **MATTHEW E. RAHN PHD IN SUPPORT OF OPPOSITION OF SDSURF;**
7   **DECLARATION OF DAVID HUNTLEY PHD IN SUPPORT OF OPPOSITION OF**
    **SDSURF, etc.**   on the following who are not registered with the CM/ECF system, by placing a
8   copy of the document in a sealed envelope with postage thereon fully prepared, in the United
    States mail at Agoura Hills, California, addressedd as set forth below. I am readily familar with
9   the firm's practice for collecting and processing correspondence for mailing with the U.S. Postal
    Service on the same day with postage thereon fully prepared in the ordinary course of business. I
10  am aware that on motion of the party served, service is presumed invalid if postal cancellation
    date or postage meter date is more than one day after date of deposit for mailing contained in this
11  affidavit.

12

| | |
|---|---|
| Wiederrich Family Trust<br>13440 St. Andrews Pl.<br>Poway, CA 92064 | Khyber Courchesne<br>1264 Page St<br>San Francisco, CA 94117 |
| Anna Gale James<br>40275 Curry Court<br>Agunga, CA 92536 | Marianne E Pajot<br>40225 Curry St<br>Aguanga, CA 92536 |
| Barbara J. Carr Trust<br>Barbara J. Carr, Trustee<br>20571 Bexley Rd<br>Jamul, CA 91935-7945 | Mary E Lee<br>41085 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Billy Ward<br>P.O. Box 5878<br>San Diego, CA 92165 | Michael J Machado<br>P.O. Box 391607<br>Anza, CA 92539 |
| Briar McTaggart<br>1642 Merion Way 40E<br>Seal Beach, CA 90740 | Pamela M Machado<br>P.O. Box 391607<br>Anza, CA 92539 |
| James L. Markman<br>Richards, Watson & Gerson<br>1 Civic Center Circle<br>P.O. Box 1059<br>Brea, CA 92822-1059 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |

| | |
|---|---|
| John S. Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 | Robert H James<br>Sachse James Crowell & Lopardo<br>205 W. Alvardo St., Ste. 1<br>Fallbrook, CA 92028-2025 |
| Thomas C. Perkins<br>7037 Gaskin Place<br>Riverside, CA 92506 | |
| Susan M. Williams (Pro Hac Vice)<br>Sarah S. Works (Pro Hac Vice)<br>WILLIAMS & WORKS, P.A.<br>P.O. Box 1483<br>Corrales, NM 87049<br>505/899-7994  - FAX: 505/899-7972<br>**(Attys for Plaintiff-Intervenor CAHUILLA<br>BAND OF INDIANS)** | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 14, 2009, at Agoura Hills, California.

/s/
Virginia Zaremba

(Updated 4/13/09)