EDMUND G. BROWN JR.
Attorney General of California
RICHARD J. MAGASIN
Supervising Deputy Attorney General
MARILYN H. LEVIN (SBN: 92800)
MICHAEL W. HUGHES (SBN: 242330)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2612
  Fax:  (213) 897-2802
  E-mail:  Marilyn.Levin@doj.ca.gov
  E-mail:  MichaelW.Hughes@doj.ca.gov

*Attorneys for Specially Appearing Defendant
Intervenor State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FALLBROOK PUBLIC UTILITY DISTRICT, et al., <br><br> Defendants. | CIVIL NO.: 51-1247-GT-RBB <br><br> **APPENDIX OF PRIOR COURT PLEADINGS OF SPECIALLY APPEARING DEFENDANT INTERVENOR STATE OF CALIFORNIA IN SUPPORT OF STATEMENT** <br><br> Date:  April 27, 2009 <br> Time:  2:00 p.m. <br> Courtroom:  8 <br> Judge:  Hon. Gordon Thompson, Jr. |

Attached hereto for the Court's convenience are the prior Court pleadings cited in the

Statement filed with this Court and in the Court Docket record:

Exhibit A:  Motion to Intervene filed on July 23, 1951.

Exhibit B:  Intervenor's Answer lodged on July 23, 1951.

Exhibit C:  Stipulation and Order filed August 15, 1951.

Exhibit D:  Stipulation filed November 30, 1951.

1

1    Exhibit E: Amendment to Intervenor's Answer lodged on June 23, 1952 by the State of

2 California as defendant in intervention.

3    Exhibit F: Amended Answer filed on July 10, 1952.

4    Exhibit G: Answer of Defendant in Intervention, The State of California, to Complaint and

5 Supplementary and Amendatory Complaints as Ordered Filed April 8, 1958.

6

7 Dated:  April 15, 2009       Respectfully submitted,

8

               EDMUND G. BROWN JR.
9               Attorney General of California
               MARILYN H. LEVIN
10              MICHAEL W. HUGHES
               Deputy Attorneys General

11

12

13       By:  MARILYN H. LEVIN
               Deputy Attorney General
14              *Attorneys for Specially Appearing*
              *Defendant Intervenor State of California*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Motion to Intervene filed on July 23, 1951

1  EDMUND G. BROWN, ATTORNEY GENERAL,
    STATE OF CALIFORNIA
2  B. ABBOTT GOLDBERG, DEPUTY ATTORNEY GENERAL,
    600 STATE BUILDING,
3  SAN FRANCISCO 2 CALIFORNIA
    TELEPHONE: UN. 1-8700
4
   ATTORNEYS FOR THE PEOPLE OF THE STATE OF
5   CALIFORNIA, DEFENDANTS IN INTERVENTION

FILED

JUL 23 1951

EDMUND L. SMITH, Clerk
By _____
              DEPUTY CLERK

9              IN THE UNITED STATES DISTRICT COURT

10          IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11                       SOUTHERN DIVISION

12

13

14  UNITED STATES OF AMERICA,

15              Plaintiff,

16          vs.

17  FALLBROOK PUBLIC UTILITY DISTRICT et al

18              Defendants,                        No. 1247

19  PEOPLE OF THE STATE OF CALIFORNIA,

20          Defendants in Intervention.

21

22                    MOTION TO INTERVENE

23          The People of the State of California move for leave to

24  intervene herein to assert the defenses set forth in their pro-

25  posed answer, a copy of which is hereto attached.   This motion

26  is on the grounds that the People of the State have by their laws

27  asserted that all water within the State is the property of the

28  People thereof; that the general welfare of the People of the

29  State requires that the water resources of the State be put to

30  beneficial use to the fullest extent of which they are capable;

31  that only licensees of the State have been joined as defendants

275

1  and that both they and the People of the State will be adversely
2  affected by a decree awarding the plaintiff any of the relief
3  prayed for unless the plaintiff's rights are measured and de-
4  termined by the laws of the State of California; that the People
5  of the State are entitled to intervene herein in their capacity
6  as parens patriae; and further that the Legislature of the State
7  has requested all necessary legal action be taken to protect
8  the interests of the People of the State and that the United States
9  has expressly invited this intervention.

13
    *Edmund G. Brown*
    EDMUND G. BROWN,
14  ATTORNEY GENERAL, STATE OF CALIFORNIA

15
    *B. Abbott Goldberg*
16  B. ABBOTT GOLDBERG,
    DEPUTY ATTORNEY GENERAL,

18  ATTORNEYS FOR THE PEOPLE OF THE STATE OF
    CALIFORNIA, DEFENDANTS IN INTERVENTION.

2.

4

1

2

## AUTHORITY IN SUPPORT OF MOTION

3    California v. United States, 180 Fed. 2d C.A. 9th 596, 600
(1950); C.A.9th rehearing denied 181 Fed.2d 598 (1950);
certiorari denied 340 U. S. 826, 95 L.Ed.Adv.Op.26 (1950).

4

5

6

7

8                    *Edmund G. Brown*
                   EDMUND G. BROWN,
9                  ATTORNEY GENERAL, STATE OF CALIFORNIA

10

11                   *B. Abbott Goldberg*
                   B. ABBOTT GOLDBERG,
12                 DEPUTY ATTORNEY GENERAL,

13

14   ATTORNEYS FOR THE PEOPLE OF THE STATE OF
     CALIFORNIA, DEFENDANTS IN INTERVENTION.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

277

5

Exhibit B

Intervenor's Answer lodged on July 23, 1951

1  EDMUND G. BROWN, ATTORNEY GENERAL,
   STATE OF CALIFORNIA
2  B. ABBOTT GOLDBERG, DEPUTY ATTORNEY GENERAL,
   600 STATE BUILDING,
3  SAN FRANCISCO 2 CALIFORNIA,
   TELEPHONE: UNderhill 1-8700
4
   ATTORNEYS FOR THE PEOPLE OF THE STATE OF
5    CALIFORNIA, DEFENDANTS IN INTERVENTION.

*Lodged*

JUL 23 1951

EDMUND L. SMITH, Clerk
By_____
           DEPUTY CLERK

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10       IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

FILED

12

13                                          AUG 15 1951

14                                  EDMUND L. SMITH, Clerk
                                    By_____
15  UNITED STATES OF AMERICA,               Deputy Clerk

16            Plaintiff,

17            vs.                            )

18  FALLBROOK PUBLIC UTILITY DISTRICT et al

19            Defendants,                    )

20  PEOPLE OF THE STATE OF CALIFORNIA,

21            Defendants in Intervention.    )

22

23               INTERVENER'S ANSWER
                 FIRST DEFENSE

24            Intervener admits the allegations of paragraphs I

25  and VI of the complaint; having no information or belief on which

26  to base an opinion denies the allegations of paragraphs II, IV,

27  V and VII; denies that the plaintiff has exclusive jurisdiction as

28  alleged in paragraph III and alleges that it has only that juris-

29  ction ceded under the laws of the State of California; denies

30  that the plaintiff has a paramount right to 35,000 acre feet of

31  water as alleged in paragraph VIII and alleges that it has only

7981

6

those rights it acquired as successor to the Rancho Santa Margarita.

### SECOND DEFENSE

Intervener alleges that the instant suit has been the cause of widespread public concern throughout the State of California; that the Legislature of the State of California by resolution has requested the Governor and Attorney General to intervene in this case (Exhibit A attached hereto;) that the United States has invited the intervention of the State of California in this proceeding (Exhibit B attached hereto); that the purpose of the intervener is to establish that the United States acquired  no greater rights to the waters of the Santa Margarita River than would have a private successor to the Rancho Santa Margarita and that the United States is required to have its water rights ascertained in accordance with the laws of the State of California.

W H E R E F O R E, The People of the State of California pray that the rights of the plaintiff to the waters of the Santa Margarita River be adjudicated in accordance with State law and that the decree in this proceeding so recite.

_Edmund G. Brown_
EDMUND G. BROWN, ATTORNEY GENERAL
STATE OF CALIFORNIA

_B. Abbott Goldberg_
B. ABBOTT GOLDBERG, DEPUTY ATTORNEY
GENERAL

ATTORNEYS FOR THE PEOPLE OF THE STATE OF
CALIFORNIA, DEFENDANTS IN INTERVENTION.

2.

7982

7

EXHIBIT "A"

CALIFORNIA STATUTES 1951

RESOLUTION CHAPTER 190

Assembly Concurrent Resolution No. 96 - Relative to water rights to the Santa Margarita-Temecula River System.

WHEREAS, The United States has entered suit in a federal court in San Diego, California, to establish the doctrine that it holds "paramount title as sovereign" to all water, surface and subsurface, in the Santa Margarita-Temecula River System; and

WHEREAS, The upholding of this doctrine would result in the destruction of the private rights of hundreds of farmers and small landholders of the Fallbrook area named as defendants in this suit who will have their farms destroyed and thus lose their homes and savings; now, therefore, be it

RESOLVED BY THE ASSEMBLY OF THE STATE OF CALIFORNIA, THE SENATE THEREOF CONCURRING, That the Governor of the State of California and the Attorney General of the State of California are respectfully requested to take all needful and legal action promptly and vigorously to oppose the action of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System, to the court of last resort, if necessary; and be it further

RESOLVED, That the Chief Clerk of the Assembly is requested to transmit a copy of this resolution to the Governor and the Attorney General of this State.

7983

**8**

EXHIBIT "B"

Honorable Norris Poulson
House of Representatives
Washington, D.C.

Dear Mr. Congressman:

This will confirm my telephone conversation of
this date relative to your letter of June 13, 1951, to
Honorable Edmund G. Brown, Attorney General of California,
relative to the case entitled United States v. Fallbrook Public
Utility District, et al., in the District Court of the United
States for the Southern District of California, Southern
Division.   A copy of that letter was forwarded to me.

I note your statement in the final paragraph on the
first page of your letter that the United States could stop a
landowner from pumping from his own well on his own
property even though the pumping had existed for some fifty
years.   You state that you are sure this is not in accordance
with California law.   For your information, I think there has
been some mistake, because what I said was that the United
States would be authorized to enjoin any pumping that did in
fact invade the rights of the United States.   Under no
circumstances could the United States enjoin nor would it
desire to enjoin any pumping by an owner who had a right
superior to that of the United States.   At no time did I intend
to convey the impression that the United States would be
entitled to enjoin a landowner from pumping water if that
pumping did not invade the rights to the use of water in the
Santa Margarita River which the United States had acquired
from the Rancho Santa Margarita.

It is observed in next to the final paragraph of
your letter that if this were a case in which the United States
was seeking an adjudication of the water of the Santa Margarita
River and asserting only the rights of a landowner as such,
there would be no objection to such procedure.   While it is
impossible for the United States to occupy the status of an
individual, it is re-emphasized that the United States is here
seeking no greater rights than an individual water user
would be entitled to assert under the circumstances.   It must,
of course, be recognized in this instance that the United
States is using this water for a military purpose.   It is,
however, claiming no greater rights than those which it acquired.

To be noted in your letter is likewise the statement
that Mr. Veeder is going to San Diego for the purpose of meeting
with small landowners.   I wish to assure you through many years
of performing services of this character, Mr. Veeder, in full
conformity with the policy of this Department, has always sought
to protect the citizens to the end that not only the rights of
the United States but those of the individual would be equally
protected in litigation of this character.

In closing I wish to state that this matter has been
discussed in full with Mr. Brown, Attorney General of the
State of California, and the United States has invited the inter-
vention of the State of California in this proceeding.   That

7984

9

step is taken with the idea in view of laying to rest any
concern that the United States in some way might seek in
this proceeding a greater right than that which it has acquired.

      With kind regards,

                Sincerely,

             A. Devitt Vanech

             A Devitt Vanech

         Assistant Attorney General

CC: Honorable Edmund G. Brown,
    Attorney General of California
    600 State Building,
    San Francisco, California.

2.

7985

**10**

Exhibit C

Stipulation and Order filed August 15, 1951



FILED

AUG 14 1951

EDMUND L. SMITH, Clerk

By _____
        DEPUTY CLERK

1  ERNEST A. TOLIN
   United States Attorney
2  BETTY MARSHALL GRAYDON
   Assistant U. S. Attorney
3  Attorneys for Plaintiff

4              IN THE UNITED STATES DISTRICT COURT
5         IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
                      SOUTHERN DIVISION

6  UNITED STATES OF AMERICA,         )
7                     Plaintiff,     )
8            vs.                     )
9  FALLBROOK PUBLIC UTILITY DISTRICT, ET AL,)    No. 1247 Civil
10                    Defendants,    )    S T I P U L A T I O N
11 PEOPLE OF THE STATE OF CALIFORNIA,)
12        Defendants in Intervention. )
13                                    )

14

15        It is hereby stipulated that the motion for leave to intervene

16 heretofore filed by the People of the State of California may be granted

17 without objection from the plaintiff.

18

19                          A. DEVITT VANECH,
20                             Assistant Attorney General

21                          ERNEST A. TOLIN
                               United States Attorney
22
                            BETTY MARSHALL GRAYDON
23                             Assistant U. S. Attorney

24                          WILLIAM H. VEEDER
                               Special Assistant to the
25                             Attorney General

26
27                          WILLIAM H. VEEDER
28
29
30
31
32
                                                    309

**FILED**

AUG 15 1951

EDMUND L. SMITH, Clerk

By _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              PLAINTIFF,

       VS.

FALLBROOK PUBLIC UTILITY DISTRICT, ET AL.,

              DEFENDANTS,

PEOPLE OF THE STATE OF CALIFORNIA,

          DEFENDANTS IN INTERVENTION.

No. 1247 Civil

O R D E R

Good cause appearing therefor, and in accordance with the motion of the People of the State of California and the stipulation of the plaintiff, the People of the State of California are hereby granted leave to intervene as defendants in the above entitled proceeding, and the proposed answer heretofore submitted with said motion is hereby ordered filed as the intervenor's answer in said proceeding. *Answer lodged July 23rd may be filed as of this day.*

DATED: August /4/ 1951.

_____
LEON R. YANKWICH
~~JACOB WEINBERGER~~
United States District Judge

Presented by:

EDMUND G. BROWN
Attorney General of the State of California

_B. Abbott Goldberg_
B. ABBOTT GOLDBERG
Deputy Attorney General

310

12

Exhibit D

Stipulation filed November 30, 1951

BETTY MARSHALL GRAYDON
Assistant United States Attorney
1405 Fifth Avenue
San Diego 1, California
Telephone: F 9-4101
EDMUND G. BROWN, Attorney General of the State of California
B. ABBOTT GOLDBERG, Deputy Attorney General
600 State Building
San Francisco 2, California
Telephone: UN 1-8700
ARVIN B. SHAW, JR., Assistant Attorney General
835 Rowan Building
Los Angeles, California
Telephone: MAdison 6-0161

**FILED**

NOV 30 1951

EDMUND L. SMITH, Clerk

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

FALLBROOK PUBLIC UTILITY DISTRICT, a
public service corporation of the
State of California, et al.,

        Defendants,

PEOPLE OF THE STATE OF CALIFORNIA,

        Defendants in Intervention.

Civil No. 1247

STIPULATION

    On the 15th day of August, 1951, the People of the
State of California, in accordance with invitation of the
United States of America, petitioned this Court to intervene
in this litigation.  On that date an Order was allowed and
entered by this Court granting the Petition.

    For the clarification of the issues in this
litigation, and for the benefit of all of the parties to this
cause, it is hereby stipulated:

                    I

    That in Paragraphs VIII and IX of plaintiff's
Complaint herein, and in Paragraphs 2 and 3 of the Prayer of
said Complaint, the word "paramount" is used in the same

1.

457

**13**

1  sense in which that word is used in the second paragraph,

2  on page 374 of the opinion of the Supreme Court of California

3  in the case of Peabody v. Vallejo, 2 Cal. 2d 351 (fourth

4  paragraph on page 494, 40 Pac. 2d 486.)

II

6      That in this cause, the United States of America

7  claims only such rights to the use of water as it acquired

8  when it purchased the Rancho Santa Margarita, together with

9  any rights to the use of water which it may have gained by

10  prescription or use, or both, since its acquisition of the

11  Rancho Santa Margarita.

III

13      That the United States of America claims by reason

14  of its sovereign status no right to the use of a greater

15  quantity of water than is stated in Paragraph II, hereof.

IV

17      That the rights of the United States of America to

18  the use of water herein are to be measured in accordance with

19  the laws of the State of California.

V

21      That the parties to this Stipulation will request

22  the entry of a Pretrial Order by this Court defining the issues

23  in this cause, in conformity with the statements contained

24  in this Stipulation.

VI

26      That there will be a full, complete and mutual

27  exchange of data and information as to the subject matter of

28  this cause collected by the respective parties to this

29  Stipulation, including data respecting the issuance of any

30  permits or licenses issued by the State of California in

31  connection with the rights to the use of water of the

2.

458

14

1   Santa Margarita River.  Such exchange of information by the

2   United States, will be subject to clearance by the Commanding

3   Officer, Camp Joseph H. Pendleton, in respect to military

4   security, as determined by said Officer.

5            Dated:  November 29, 1951.

6

7

8   ERNEST A. TOLIN,               EDMUND G. BROWN, Attorney General
    United States Attorney         of the State of California
    BETTY MARSHALL GRAYDON,
9   Assistant United
    States Attorney
10  WILLIAM H. VEEDER,            ARVIN B. SHAW, JR.,
    Special Assistant to           Assistant Attorney General
11  the Attorney General
    of the United States
12                                B. ABBOTT GOLDBERG,
    By                            Deputy Attorney General
13

14  WILLIAM H. VEEDER              Attorneys for the People of the
                                   State of California
15

16  APPROVED:  April 28, 1952

17

18  CHIEF JUDGE, U. S. DISTRICT COURT

19

20

21

22

23

24

25

26

27

28

29

30

31

                              3.

Exhibit E

Amendment to Intervenor's Answer lodged on June 23, 1952 by the State of California as defendant in intervention

1  EDMUND G. BROWN, Attorney General,
    ARVIN B. SHAW, JR., Assistant Attorney General,
2  B. ABBOTT GOLDBERG, Deputy Attorney General,
    835 Rowan Building, Los Angeles 13, Calif.
3        MAdison 6-0161

4  Attorneys for the People of the State
    of California, Defendant in Intervention.

*Lodged*

JUN 23 1952

EDMUND L. SMITH, Clerk

By _____

Deputy Clerk

8       IN THE UNITED STATES DISTRICT COURT IN AND

9      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10         SOUTHERN DIVISION.

**FILED**

12  UNITED STATES OF AMERICA,       )

13                 Plaintiff,   )

14        vs.             )  Civil No. 1247-SD.

15  FALLBROOK PUBLIC UTILITY DISTRICT,  )

    ET AL.,                  )      AMENDMENT TO

16               Defendants,  )  INTERVENOR'S ANSWER.

17  THE PEOPLE OF THE STATE OF CALIFORNIA, )

18        Defendant in Intervention. )

20      Comes now intervenor and amends its Answer herein filed by

21  adding thereto, at the end of the "Second Defense", appearing on

22  page 2 of said Answer, the following "Third Defense":

23                THIRD DEFENSE.

24      Intervenor appears in the sovereign, governmental and pro-

25  prietary capacities of the State of California, in its own interest

26  and for the protection of its own rights; also as parens patriae, in

27  the interest of and for the protection of all its citizens, residents,

28  landowners and water users, and to protect the integrity and proper

29  application of its Constitution and laws respecting water and the use

30  thereof, water rights, contracts, property and property rights; also

31  as absolute owner of the corpus of the water to be used in the water-

32  shed of the Santa Margarita River stream system and as owner of the

1146

-1-

16

1  right of reversion of any rights of use of such water which may be

2  forfeited or otherwise terminated for non-use or otherwise; and

3  alleges that it owns and holds and is entitled to the rights, powers

4  and privileges in this defense set out:  Alleges further that the

5  public interest and welfare require that in the decree herein the

6  Court define and declare each and every water right involved herein

7  as against each and every other water right herein involved.

8       WHEREFORE, the People of the State of California pray that

9  the rights of all parties to the within entitled action in and to

10  the waters of the  Santa Margarita River stream system and the use

11  thereof be adjudicated in accordance with the laws of the State of

12  California, and that the decree in this proceeding so recite.

> EDMUND G. BROWN, Attorney General,
>
> ARVIN B. SHAW, JR.,
> Assistant Attorney General,
>
> B. ABBOTT GOLDBERG,
> Deputy Attorney General,
>
> By _____
>    Attorneys for the People of
>    the State of California,
>    Defendant in Intervention.

1147

-2-

17

being first duly sworn, deposes and says: that ___ he is the _____

_____

_____

in the above entitled action; that ___ he has _____ read the foregoing _____

_____

and knows the contents thereof; and that the same is true of _____ own knowledge, except as to the matters
which are therein stated upon _____ information or belief; and as to those matters that ___ he believes it to be true.

_____

_____

Subscribed and sworn to before me this

_____ day of _____ 19___

_____
Notary Public in and for the County of Los Angeles, State of California.
(SEAL)

Received copy of the within _____ this _____ day of _____ 195___

_____
Attorney _____ for _____

Received copy of the within _____ this _____ day of _____ 195___

_____
Attorney _____ for _____

AFFIDAVIT OF SERVICE BY MAIL — 1013a, C. C. P.

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES, } ss.

Helen M. McEvers _____ being first duly sworn, says: That affiant is a citizen of the
United States and a resident of the County of Los Angeles; that affiant is over the age of eighteen years and is not a
party to the within and above entitled action; that affiant's business _____ address is

835 Rowan Building, Los Angeles 13, California;

that on the 20th day of June 1952 affiant served
the within Notice of Hearing of Motion, Motion for Leave to Amend, and
Amendment to Intervenor's Answer
on the Plaintiff _____ in said action, by placing a true copy thereof in an envelope
addressed to the attorney _____ of record for said United States of America, Plaintiff,
at the residence office address of said attorney _____ as follows: Mrs. Betty Marshall Graydon
and Mr. William H. Weeder,
United States Attorney's Office,
San Diego, California
and by then sealing said envelope and depositing the same, with postage thereon fully prepaid, in the United States mail
at Los Angeles, California, where is located the office of the attorney _____ for the person _____ by and for whom said service
was made.
That there is delivery service by United States mail at the place so addressed or _____ there is a regular com-
munication by mail between the place of mailing and the place so addressed.

Subscribed and sworn to before me this 20th

day of 20th June 1952

_____
Notary Public in and for the County of Los Angeles, State of California.
(SEAL)

_____
Helen M. McEvers

11481

*Here quote from envelope (name and address of addressee).
***When the letter is addressed to a post office other than "Los Angeles," strike out "and," when addressed to "Los Angeles," strike out "or."

18

Exhibit F

Amended Answer filed on July 10, 1952

```
1   EDMUND G. BROWN, Attorney General,
    ARVIN B. SHAW, JR., Assistant Attorney General,
2   B. ABBOTT GOLDBERG, Deputy Attorney General,
    835 Rowan Building, Los Angeles 13, Calif.
3          MAdison 6-0161
4   Attorneys for the People of the State
    of California, Defendant in Intervention.
5
6
7
```

**FILED**

JUL 10 1952

EDMUND L. SMITH, Clerk
By _Jeannie E. Brown_
    DEPUTY CLERK

```
8            IN THE UNITED STATES DISTRICT COURT IN AND

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA,

10                    SOUTHERN DIVISION

11
```

```
12   UNITED STATES OF AMERICA,              )
13                         Plaintiff       )
                vs.                         )   Civil No. 1247-SD.
14                                          )
     FALLBROOK PUBLIC UTILITY DISTRICT,     )   AMENDMENT TO
15   ET AL.,                                )   INTERVENOR'S ANSWER.
                                            )
16                         Defendants,      )
17   THE PEOPLE OF THE STATE OF CALIFORNIA, )
18                Defendant in Intervention.)
19
```

20          Comes now intervenor and amends its Answer herein filed by

21   adding thereto, at the end of the "Second Defense", appearing on

22   page 2 of said Answer, the following "Third Defense";

23                          THIRD DEFENSE,

24          Intervenor appears in the sovereign, governmental and pro-

25   prietary capacities of the State of California, in its own interest

26   and for the protection of its own rights; also as parens patriae, in

27   the interest of and for the protection of all its citizens, resi-

28   dents, land owners and water users, and to protect the integrity

29   and proper application of its Constitution and laws respecting water

30   and the use thereof, water rights, contracts, property and property

31   rights; also, as provided in Section 102 of the Water Code of

32   California, as the absolute owner of all water within the State,

                          -1-                          1183

                                                         19

1   provided that the right to use water may be acquired in any manner

2   recognized by the law of California, and as owner of the right of

3   reversion of any rights of use of such water which may be

4   forfeited or otherwise terminated for non-use or otherwise; and

5   alleges that it owns and holds and is entitled to the rights,

6   powers and privileges in this defense set out; Alleges further

7   that the public interest and welfare require that in the decree

8   herein the Court define and declare each and every water right

9   involved herein as against each and every other water right herein

10   involved.

11       WHEREFORE, the People of the State of California pray that

12   the rights of all parties to the within entitled action in and to

13   the waters of the Santa Margarita River stream system and the use

14   thereof be adjudicated in accordance with the laws of the State of

15   California, and that the decree in this proceeding so recite.

16

17                EDMUND G. BROWN, Attorney General,

18                ARVIN B. SHAW, JR.,
                    Assistant Attorney General

19

20                B. ABBOTT GOLDBERG,
                    Deputy Attorney General.,

21

22     By _Arvin B. Shaw jr_
                Attorneys for the People of

23                the State of California,
               Defendant in Intervention

24

25

26

27

28

29

30

31                     -2-

32

Exhibit G

Answer of Defendant in Intervention, The State of California, to Complaint and Supplementary and Amendatory Complaints as Ordered Filed April 8, 1958

ORIGINAL

1  EDMUND G. BROWN, Attorney General
   of the State of California
2  ADOLPHUS MOSKOVITZ, Deputy Attorney
   General
3  Library and Courts Building
   Sacramento 14, California
4  Telephone: HIckory 5-4711, Ext. 4574

5  Attorneys for Defendants in
   Intervention

6

7

8

# F I L E D

APR 24 1958

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _William W. Luddy_
                    DEPUTY CLERK

9            IN THE UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11                      SOUTHERN DIVISION

12

13  UNITED STATES OF AMERICA,              )  No. 1247-SD-C
                                           )
14                          Plaintiff,     )
                                           )
15          v.                             )  ANSWER OF DEFENDANT
                                           )  IN INTERVENTION, THE
16  FALLBROOK PUBLIC UTILITY DISTRICT,     )  STATE OF CALIFORNIA,
    a public service corporation of the    )  TO COMPLAINT AND SUP-
17  State of California; et al.,           )  PLEMENTARY AND AMEN-
                                           )  DATORY COMPLAINT AS
18                          Defendants,    )  ORDERED FILED APRIL
                                           )  8, 1958.
19  PEOPLE OF THE STATE OF CALIFORNIA,     )
                                           )
20                          Defendants in  )
                            Intervention   )
21

22

23                      FIRST DEFENSE

24       A.  In answer to the portions of the complaint of the

25  United States originally filed (Paragraphs I through IX),

26  the State of California alleges as follows:

27                            I

28       The State admits the allegations of Paragraph I but

29  denies on information and belief that any defendants in this

30  action are unlawfully interfering with the rights of the

31  plaintiff.

ORIGINAL                                    9909

INDEXED

# 21

## II

The State admits the allegations on page 2, lines 1-8 and page 2, line 23-page 3, line 18 of Paragraph II. The State denies for lack of information on which to base an opinion the allegations on page 2, lines 9-22, and page 3, lines 19-23, of Paragraph II.

## III

The State denies the allegations of Paragraph III and alleges that the plaintiff has only that jurisdiction ceded under the laws of the State of California.

## IV

The State denies the allegations of Paragraph IV.

## V

In answer to Paragraph V the State admits that the stipulated judgment marked Exhibit A and attached to the complaint was entered but denies all other allegations of said paragraph and alleges that said stipulated judgment is not binding on any of the parties to this action except the plaintiff and the Vail Company.

## VI

The State admits the allegations of Paragraph VI.

## VII

The State denies the allegations of Paragraph VII, page 6, lines 1-9 for lack of sufficient information on which to base an opinion. The State denies the remaining allegations of Paragraph VII, page 6, lines 10-15.

## VIII

The State denies for lack of sufficient information on which to base an opinion the allegations of Paragraph VIII, Page 6, lines 16-24. The State denies the allegations of Paragraph VIII to the effect that the plaintiff has a para-

9910

-2-

22

mount right to 35,000 acre-feet of water annually and alleges that it has only those rights it acquired as successor to the Rancho Santa Margarita.  The State admits that the surface stream of the Santa Margarita River and the subterranean basin within the boundaries of Camp Pendleton, the Naval Ammunition Depot and the Naval Hospital constitute a single source of supply of water.  The State denies for lack of sufficient information upon which to base an opinion the allegations on page 7, lines 2-10.

### IX

The State denies the allegations of Paragraph IX.

B. In reply to the supplementary and amendatory portions of the complaint the State alleges as follows:

### COUNT NO. I

The State incorporates by reference the responses made hereinabove to the allegations of the original complaint.

### COUNT NO. II

#### I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. II of the plaintiff's supplement to complaint.

#### II

The State denies the allegations of Paragraph II of Count No. II for lack of sufficient information on which to base an opinion.

#### III

The State denies the allegations of Paragraph III of Count No. II.

### COUNT NO. III

-3-

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. III of the plaintiff's supplement to complaint.

II

In response to Paragraphs II, III and IV of Count No. III the State alleges that the effect of an application to appropriate water filed with the California State Water Rights Board or its statutory predecessor and of any amendments to any such application is a matter within the jurisdiction of the California State Water Rights Board and is not properly within the jurisdiction of this court, and therefore is not in issue in this case.  The State alleges also that anyone questioning the effect of an application or an application amendment must exhaust the administrative remedies before the California State Water Rights Board which are available and then, if judicial review is desired, pursue the remedies therefor which are provided by California law.

III

The State denies for lack of sufficient information on which to base an opinion the allegations of Paragraph V of Count No. III.

COUNT NO. IV

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. IV of the plaintiff's supplement to complaint.

II

The State denies the allegations of Paragraph II of Count No. IV for lack of sufficient information on which to base an opinion.

-4-

9912

**24**

III

The State denies the allegations of Paragraph III of Count No. IV for lack of sufficient information on which to base an opinion.

IV

The State denies the allegations of Paragraph IV of Count No. IV for lack of sufficient information on which to base an opinion.

V

In response to Paragraph V of Count No. IV the State denies the allegations thereof and alleges that the questions whether the applications therein referred to have been abandoned and what their priority date may be are within the jurisdiction of the California State Water Rights Board subject to judicial review as provided by California law, and are not within the jurisdiction of this court. The State alleges further that on April 10, 1958, the California State Water Rights Board rendered Decision No. D897 ordering that Applications Nos. 12178 and 12179 of the Fallbrook Public Utility District be approved in part subject to vested rights and to terms and conditions stated therein.

COUNT NO. V

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. V of the plaintiff's supplement to complaint.

II

The State denies the allegations of Paragraph V of Count No. V for lack of sufficient information on which to base an opinion.

III

The State denies the allegations of Paragraph III of

-5-

25

1  Count No. V for lack of sufficient information on which to
2  base an opinion.

IV

4      The State denies the allegations of Paragraph IV of
5  Count No. V for lack of sufficient information on which to
6  base an opinion, except that the State admits that the Fall-
7  brook Public Utility District on October 11, 1956, filed Ap-
8  plication No. 11586 with the State Engineer of the State of
9  California to appropriate 2½ cubic feet per second of water
10  from the Santa Margarita River.

V

12      The State denies the allegations of Paragraph V of
13  Count No. V for lack of sufficient information on which to
14  base an opinion.

VI

16      The State admits the allegations of Paragraph VI of
17  Count No. V.

VII

19      The State denies the allegations of Paragraph VII of
20  Count No. V and alleges that the California State Water Rights
21  Board has acted within its lawful discretion in issuing li-
22  cense No. 4906 to the Fallbrook Public Utility District.  The
23  State alleges also that said license to appropriate was sub-
24  ject to all prior vested rights, and thus that the action of
25  the California State Water Rights Board in issuing said li-
26  cense had no effect whatsoever upon whatever vested rights to
27  the use of water are possessed by the United States.

COUNT NO. VI

I

30      The State incorporates by reference the responses made
31  hereinabove to the allegations referred to in Paragraph I of

-6-

9914

**26**

A1   Count No. VI of the plaintiff's supplement to complaint.

                              II

2        In response to Paragraphs II, III, IV and V of Count No.

VI, the State denies the allegations of these paragraphs and

alleges that questions as to the effect and priority of the

applications referred to of the Santa Margarita Mutual Water

Company are within the sole jurisdiction of the California

State Water Rights Board subject to judicial review as provi-

ded by California law.  The State alleges that on April 10,

1958, the California State Water Rights Board issued Decision

No. D897 in which Application No. 12152 of the Santa Margarita

Mutual Water Company was denied, and that on the same day the

California State Water Rights Board issued Decision No. D896

in which Application No. 11578 of the Santa Margarita Mutual

Water Company was denied.

                         COUNT NO. VII

                              I

        The State incorporates by reference the responses made

hereinabove to the allegations referred to in Paragraph I of

Count No. VII of the plaintiff's supplement to complaint.

                              II

        In response to Paragraphs II and III of Count No. VII, the

State denies the allegations thereof and alleges that the ques-

tions of the current validity of the applications or permits

of the Fallbrook Public Utility District and the Santa Margar-

ita Mutual Water Company to appropriate water and whether they

have been prosecuted with due diligence are within the sole

jurisdiction of the California State Water Rights Board subject

to judicial review as provided by California law.

                        COUNT NO. VIII

                              I

        The State incorporates by reference the responses made

hereinabove to the allegations referred to in Paragraph I of

Count No. VIII of the plaintiff's supplement to complaint.

9915

27

II

1    In response to Paragraphs II, III and IV of Count No.
2    VIII, the State denies the allegations thereof for lack of
3    sufficient information on which to base an opinion.

COUNT NO. IX

I

6    The State incorporates by reference the responses made
7    hereinabove to the allegations referred to in Paragraph I of
8    Count No. IX of the plaintiff's supplement to complaint.

II

10   In response to Paragraphs II, III and IV of Count No. IX,
11   the State denies the allegations thereof for lack of suffi-
12   cient information on which to base an opinion.

COUNT NO. X

I

15   The State incorporates by reference the responses made
16   hereinabove to the allegations referred to in Paragraph I of
17   Count No. X of the plaintiff's supplement to complaint.

II

19   The State admits the allegations of Paragraph II of Count
20   No. X and alleges further that said hearing on August 12-14,
21   1957, of the California State Water Rights Board also includ-
22   ed, pursuant to notice duly served upon the United States Navy
23   as well as upon all other interested parties and persons, the
24   matter whether a permit should be issued or other action
25   should be taken with respect to United States Navy Department
26   amended Application No. 12576.

III

28   In response to Paragraph III of Count No. X the State
29   denies that the action of the State Water Rights Board in
30   hearing evidence on and considering Applications Nos. 12178
31   and 12179 of the Fallbrook Public Utility District, Applica-
32   tions Nos. 11578 and 12152 of the Santa Margarita Mutual Water
33   Company and Application No. 12576 of the United States Navy

-8-

Department at the hearing on August 12-14, 1957, in any way violated or invaded this court's jurisdiction in the present case. The State alleges further that after taking said matters under submission after the hearing thereon the California State Water Rights Board on April 10, 1958, rendered decisions on each of the matters, as follows:

(1) Decision No. D 896, denying Application No. 11578 of the Santa Margarita Mutual Water Company;

(2) Decision No. D 897, denying Application No. 12152 of the Santa Margarita Mutual Water Company and granting in part Applications Nos. 12178 and 12179 of the Fallbrook Public Utility District; and

(3) An order rejecting Application No. 12576 of the United States Navy Department.

IV

In response to Paragraph IV of Count No. X the State admits that the California State Water Rights Board must make a factual finding, as a prerequisite to granting a permit to appropriate water, that there is or may be unappropriated water available for appropriation, but the State denies that in so doing there is placed in issue as a judicial question the extent, character and nature of vested rights to use water.

V

The State denies the allegations of Paragraph V of Count No. X and alleges that the California State Water Rights Board by the hearing of August 12-14, 1957, and by the decisions issued thereafter, as set forth above, acted within its administrative jurisdiction and neither invaded the jurisdiction of this court nor clouded the title of the United States.

COUNT NO. XI

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of

-9-

1  Count No. XI of the plaintiff's supplement to complaint.

2                                    II

3       The State denies the allegations of Paragraph II of Count

4  No. XI for lack of sufficient information on which to base an

5  opinion.

6                           COUNT NO. XII

7                                    I

8       The State incorporates by reference the responses made

9  hereinabove to the allegations referred to in Paragraph I of

10  Count No. XII of the plaintiff's supplement to complaint.

11                                   II

12      The State denies the allegations of Paragraphs II, III,

13  IV and V of Count No. XII for lack of sufficient information

14  on which to base an opinion.

15                                  III

16      In response to Paragraph VI of Count No. XII, the State

17  admits that insofar as the records of the California State

18  Water Rights Board are concerned the owner and operator of the

19  Sawday Diversion  has made no application for a permit to ap-

20  propriate water from the Santa Margarita River, but the State

21  denies for lack of sufficient information on which to base an

22  opinion the remaining allegations of said paragraph.

23                                   IV

24      The State denies for lack of sufficient information upon

25  which to base an opinion the allegations of Paragraphs VII,

26  VIII and IX of Count No. XII.

27                          COUNT NO. XIII

28                                    I

29      The State incorporates by reference the responses made

30  hereinabove to the allegations referred to in Paragraph I of

31  Count No. XIII of the plaintiff's supplement to complaint.

9918

30

II

The State denies for lack of sufficient information upon which to base an opinion the allegations of Paragraphs II, III, IV and V of Count No. XIII.

III

In response to the allegations of Paragraph VI of Count XIII, the State denies that it has admitted that all of the lands owned by the United States of America referred to in this Count are riparian in character.  The State alleges that it does not have sufficient information on which to base an opinion concerning which of the lands, if any, owned by the United States referred to in Count No. XIII are riparian.  The State alleges further that to the extent that such lands are riparian the United States would have a riparian right to participate correlatively in the available supply of water the same as any other owner of riparian land in California, except to the extent that the United States by Congressional legislation may have subordinated its riparian rights to others who perfect rights under State law.

COUNT NO. XIV

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XIV of the plaintiff's supplement to complaint.

II

The State admits that the excerpt from the decision of the Ninth Circuit Court of Appeals in the case of <u>California v. United States</u> quoted in Paragraph II of Count No. XIV is an accurate quotation from the opinion.

COUNT NO. XV

I

The State incorporates by reference the responses made

-11-

S919

**31**

1 hereinabove to the allegations referred to in Paragraph I of
2 Count No. XV of the plaintiff's supplement to complaint.

3                                    II

4       The State denies the allegations of Paragraph II of Count
5 No. XV for lack of sufficient information upon which to base an
6 opinion and by reason of the vagueness of the allegations.

7                                   III

8       The State admits the allegations of Paragraph III of Count
9 No. XV.

10                                   IV

11      The State denies the allegations of Paragraphs IV, V and
12 VI of Count No. XV for lack of sufficient information upon which
13 to base an opinion.

14                             COUNT XVI

15                                    I

16      The State incorporates by reference the responses made here-
17 inabove to the allegations referred to in Paragraph I of Count
18 No. XVI of the plaintiff's supplement to complaint.

19                                   II

20      The State denies the allegations of Paragraph II of Count
21 XVI for lack of sufficient information upon which to base an
22 opinion and by reason of the vagueness of the allegations.

23                                   III

24      The State denies the allegations of Paragraphs III, IV
25 and V of Count No. XVI for lack of sufficient information upon
26 which to base an opinion.

27                            COUNT XVII

28                                    I

29      The State incorporates by reference the responses made here-
30 inabove to the allegations referred to in Paragraph I of Count
31 No. XVII of the plaintiff's supplement to complaint.

                              - 12-

9920

32

II

2   The State denies the allegations of Paragraph II of Count
3   No. XVII for lack of sufficient information upon which to base
4   an opinion.

III

6   The State denies the allegations of Paragraph III of Count
7   No. XVII for lack of sufficient information upon which to base an
8   opinion and by reason of the vagueness of the allegations.

IV

10   The State denies the allegations of Paragraphs IV, V and
11   VI of Count No. XVII for lack of sufficient information upon which
12   to base an opinion.

13                    COUNT NO. XVIII

14                          I

15   The State incorporates by reference the responses made herein-
16   above to the allegations referred to in Paragraph I of Count
17   No. XVIII of the plaintiff's supplement to complaint.

18                          II

19   The State denies the allegations of Paragraph II of Count
20   No. XVIII for lack of sufficient information upon which to base
21   an opinion.

22                          III

23   The State admits the allegations of Paragraph III of Count
24   No. XVIII except that the State alleges that in lines 21 and 22
25   on page 29 the words "sixteen (16) miles" should be "fourteen (14)
26   miles".

27                          IV

28   The State admits the allegations of Paragraph IV of Count
29   No. XVIII.

30                          V

31   The State denies the allegations of Paragraphs V, VI, VII,

                          -13-

                                          9921

33

VIII, IX and X of Count No. XVIII for lack of sufficient information upon which to base an opinion.

VI

The State denies the allegations in the first two sentences of Paragraph XI of Count No. XVIII for lack of sufficient information upon which to base an opinion. The State denies the allegations of the third sentence of Paragraph XI of Count No. XVIII and alleges that the owners of the rights to use water acquired pursuant to permits and licenses from the State of California are those persons to whom such permits and licenses were issued or their successors and assigns.

COUNT NO. XIX

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XIX of the plaintiff's supplement to complaint.

II

The State denies the allegations of Paragraphs II, III and IV of Count No. XIX for lack of sufficient information upon which to base an opinion.

III

The State denies the allegations of Paragraph V of Count No. XIX for lack of sufficient information upon which to base an opinion and by reason of the vagueness of the allegations.

COUNT NO. XX

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XX, of the plaintiff's supplement to complaint.

II

The State denies the allegations of Paragraph II of

-14-

9922

34

1   Count No. XX for lack of sufficient information upon which to

2   base an opinion and by reason of the vagueness of the alle-

3   gations.

COUNT NO. XXI

I

6   The State incorporates by reference the responses made

7   hereinabove to the allegations referred to in Paragraph I

8   of Count No. XXI of the plaintiff's supplement to complaint.

II

10   The State denies the allegations of Paragraph II of Count

11   No. XXI and alleges that under the law of the State of Cali-

12   fornia, which is controlling with respect to rights to the

13   use of water claimed by the United States at Camp Pendleton,

14   the Naval Ammunition Depot and the United States Naval Hos-

15   pital, no prescriptive rights may be acquired by diversions

16   within said military reservations downstream from all other

17   claimants to rights to the use of water.

III

19   The State denies the allegations of Paragraph III of

20   Count No. XXI for lack of sufficient information upon which to

21   base an opinion and by reason of the vagueness of the alle-

22   gations thereof.

COUNT NO. XXII

I

25   In response to the unnumbered paragraph immediately under

26   Count No. XXII the State incorporates by reference its re-

27   sponses to the allegations referred to in said paragraph.

II

29   The State denies the allegations of Paragraph I of

30   Count No. XXII.

III

32   The State denies the allegations of Paragraph II of

9923

-15-

Count No. XXII and alleges that under the law of the State of California, which is controlling as to water rights for the military establishments herein involved, water may not be demanded pursuant to riparian right for use outside the watershed of the Santa Margarita River.

IV

The State denies the allegations of sub-paragraph (a) of Paragraph III of Count No. XXII for lack of sufficient information upon which to base an opinion.

V

The State denies the allegations of sub-paragraph (b) of Paragraph III of Count No. XXII and alleges that under the law of the State of California, which is controlling as to water rights for the military establishments involved here, an appropriative right to use water whether within or outside the watershed of the Santa Margarita River with an asserted priority of 1937 must be based upon an application to and a permit from the State to appropriate said waters in order to be valid.

VI

The State denies the allegations of sub-paragraph (c) of Paragraph III of Count No. XXII. The State alleges that to be valid an asserted appropriative right to use water outside the watershed of the Santa Margarita River dating back to 1942 must be based upon an application to and a permit from the State of California to appropriate said waters, and alleges further that diversion and use by the lowermost riparian owner on his riparian land of the natural flow of a stream, which is permitted by upper riparians to flow to said lower riparian, cannot be the source of an appropriative right to use water on non-riparian land.

9924

**36**

COUNT NO. XXIII

I

The State incorporates by reference the responses made to the allegations referred to in Paragraph I of Count No. XXIII of the plaintiff's amendment to complaint.

II

The State denies the allegations of Paragraph II of Count No. XXIII for lack of sufficient information upon which to base an opinion, but admits that riparians have a right to share correlatively in the available natural supply of a stream without artificial storage.

III

The State denies the allegations of Paragraph III of Count No. XXIII for lack of sufficient information upon which to base an opinion, except that the State admits that a military use may be a proper riparian use. The State alleges further that the allegation of the United States in said Paragraph III, that the United States is dependent upon its riparian rights to yield sufficient water to provide the difference between the quantity it alleges its non-riparian rights will yield and its maximum military demand, is immaterial to any issue in this case.

COUNT NO. XXIV

I

The State incorporates by reference the responses made hereinabove to the allegations referred to in Paragraph I of Count No. XXIV of the plaintiff's amendment to complaint.

II

The State admits the allegations in lines 9-22 on page 37 of Paragraph II of Count No. XXIV, except that the State denies that the amendment of Application No. 12576 of the

-17-

37

1   United States Navy Department on December 13, 1948, was

2   based upon the recommendations of the State of California.

3   The State denies the allegations of the last sentence of

4   Paragraph II of Count No. XXIV (page 37, lines 22-26).  The

5   State alleges that Application 12576 of the United States

6   Navy Department was duly noticed to be heard before the

7   California State Water Rights Board on August 12, 1957, notice

8   being properly served upon the United States Navy Department;

9   that no evidence was presented at said hearing in behalf of

10  Application No. 12576, although a special appearance was made

11  by William Veeder, Special Assistant to the Attorney General

12  of the United States of America, requesting that further

13  action on all applications being heard at said hearing be with-

14  held until after final decision of this case; and that on

15  April 10, 1958, the California State Water Rights Board issued

16  an order rejecting Application No. 12576 of the United States

17  Navy Department.

18                          COUNT NO. XXV

19                               I

20      The State incorporates by reference the responses made

21  hereinabove to the allegations referred to in Paragraph I of

22  Count No. ~~II~~ XXV of the plaintiff's amendment to complaint.

23                              II

24      The State denies the allegations on page 38, lines 6-14

25  of Paragraph II of Count No. XXV for lack of sufficient infor-

26  mation upon which to base an opinion.  The State denies the

27  allegations in the remainder of Paragraph II of Count No.

28  XXV (page 38, lines 15-24), and alleges that the State has

29  taken no action which invades or threatens to invade the

30  rights of the United States and has acted solely as authorized

31  by law in considering applications to appropriate unappropria-

1    ted water and in issuing permits and licenses therefor.

2                          SECOND DEFENSE

3         Intervenor alleges that the instant suit has been the

4    cause of widespread public concern throughout the State of

5    California; that the Legislature of the State of California

6    by resolution has requested the Governor and Attorney General

7    to intervene in this case (Exhibit A attached hereto); that

8    the United States has invited the intervention of the State

9    of California in this proceeding (Exhibit B attached hereto);

10   that the purpose of the intervener is to establish that the

11   United States acquired no greater rights to the waters of

12   the Santa Margarita River than would have a private successor

13   to the Rancho Santa Margarita and that the United States is

14   required to have its water rights ascertained in accordance

15   with the laws of the State of California.

16                          THIRD DEFENSE

17        Intervenor appears in the sovereign, governmental and

18   proprietary capacities of the State of California, in its

19   own interest and for the protection of its own rights; also

20   as parens patriae, in the interest of and for the protection

21   of all its citizens, residents, land owners and water users,

22   and to protect the integrity and proper application of its

23   Constitution and laws respecting water and the use thereof,

24   water rights, contracts, property and property rights; also,

25   as provided in Section 102 of the Water Code of California,

26   as the absolute owner of all water within the State, provided

27   that the right to use water may be acquired in any manner

28   recognized by the law of California, and as owner of the

29   right of reversion of any rights of use of such water which

30   may be forfeited or otherwise terminated for non-use or

31   otherwise; and alleges that it owns and holds and is entitled

S927

39

to the rights, powers and privileges in this defense set
out; Alleges further that the public interest and welfare
require that in the decree herein the Court define and de-
clare each and every proprietary water right involved herein
as against each and every other proprietary water right
herein involved.

<u>FOURTH DEFENSE</u>

I

The State of California is the owner of the following
described parcels of land which have been tax deeded to the
State of California by reason of the failure of the former
private owners thereof to pay local property taxes levied
thereon:

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| T. 6 S., R. 2 W., Sec. 13, the N½ of the SE¼ (excluding that portion of El Dorado Mining Claim) | Headwaters of tributary of Warm Springs Creek | 71 |
| T. 6 S., R. 2 W., Sec. 13, the SE¼ of the SE¼ of the NE¼ | Headwaters of tributary of Warm Springs Creek | 10 |
| T. 6 S., R. 1 W., Sec. 25, the NE¼ of the SE¼ | | 40 |
| T. 6 S., R. 1 W., Sec. 25, the SE¼ of the SW¼ | | 40 |
| T. 6 S., R. 1 E., Sec. 27, the SW¼ of the SW¼ | Tributary of Willow Canyon Cr. | 40 |
| T. 6 S., R. 1 W., Sec. 25, the SW¼ of the NW¼ of the SE¼ of the NW¼ | | 2.5 |
| T. 8 S., R. 3 W., Sec. 34, commencing at the NE corner of the W½ of the SE¼ of said section, thence South 660 feet, thence West 330 feet, thence North 660 feet, thence East 330 feet to the point of beginning | Unnamed tributary of Santa Margarita River | 5 |

8928

40

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| T. 8 S., R. 3 W., Sec. 36, the North 172 feet of the SW¼ of the SE¼ | | 5.2 |
| T. 8 S., R. 2 W., Sec. 31, the S½ of Lot 3 in the NW¼ of the SW¼ | | 25.13 |
| T. 9 S., R. 3 W., Sec. 19, the N½ of the NE¼ of the NW¼ of the NE¼ | | 5 |
| T. 9 S., R. 3 W., Sec. 19, the N½ of the NW¼ of the NW¼ of the NE¼ | | 5 |
| T. 9 S., R. 1 E., Sec. 1, the W½ of the SE¼ of the NW¼ of the NE¼ | | 2.5 |
| T. 9 S., R. 1 E., Sec. 3, the NE¼ of the NW¼ | Cottonwood Creek | 40 |
| T. 9 S., R. 2 E., Sec. 22, the SW¼ of the SW¼ | Temecula Creek | 40 |
| T. 9 S., R. 4 W., Sec. 24, beginning 867.2 feet West of the SE corner of the NE¼ of said section, thence N. 9° 51' W. to the intersection with easterly line of W. Fallbrook, thence South along easterly line of W. Fallbrook to the ¼ section line, thence East 148 feet to the point of beginning, excluding the N. 609.59 feet | | 0.09 |

## II

The State is the owner of additional lands, other than the tax deeded lands described in the preceding paragraph, which are described as follows:

| Description (All descriptions are San Bernardino Base and Meridian) | Streams to Which Riparian | Approximate Acres |
|---|---|---|
| T. 8 S., R. 3 W., Sec. 36, the NW¼ and the W½ of the NE¼ | Unnamed tributaries of Santa Margarita River | 240 |

41

| Description (All descriptions are San Bernardino Base and Meridian) | Stream to Which Riparian | Approximate Acres |
|---|---|---|
| Anza Fire Control Station: T. 7 S., R. 3 E., Sec. 16, a portion of the SW¼ of the SE¼. The point of beginning is a point 40 feet North along the ¼ section line between the SW¼ and the SE¼ of section 16 on the North boundary of County Road R/W and 30 feet S. 89° 33' E. along the North boundary of said County Road R/W. Thence North 242 feet, thence S. 89° 33' E. for a distance of 180 feet, thence South 242 feet, thence N. 89° 33' W. for a distance of 180 feet to the point of beginning. | | 1 |
| Temecula Fire Control Station: Lots 25, 26, 27, 28, 29, 30, 31 and 32 in Block 1 of the Town of Temecula in Book 15, Page 726, of Maps, San Diego County Records. | | .64 |

### III

As owner of the lands described in Paragraphs I and II above, the State asserts a right with respect to each parcel to extract water located in the ground below such parcels of land and to divert water from both the surface and sub-surface of the stream to which each such parcel may be riparian, in such quantities as may be needed for any reasonable beneficial use of water which can be made upon or in connection with the use of such land.

### IV

In addition to the rights asserted in the immediately preceding paragraph the State asserts (a) a right with a priority of 1949 to pump 300,000 gallons per year from the ground water underlying the Temecula Fire Control Station, as described in Paragraph II of this Fourth Defense, for temporary storage in a 5,000 gallon tank and use for domestic, irrigation and fire protection purposes on and in

-22-

42

connection with the activities of said Temecula Fire Control Station; (b) a right with a priority of 1949 to pump 300,000 gallons per year from the ground water underlying the Anza Fire Control Station, as described in Paragraph II of this Fourth Defense, for temporary storage in a 5,000 gallon tank and use for domestic, irrigation and fire-protection purposes on and in connection with the activities of said Anza Fire Control Station.

WHEREFORE, the people of the State of California pray:

1. That the rights of all parties to the within-entitled action in and to the waters of the Santa Margarita River stream system and the use thereof be adjudicated in accordance with the laws of the State of California and that the decree in this proceeding so recite;

2. That the court decree to the State of California the proprietary rights asserted in the Fourth Defense of this answer;

3. That the court grant to the parties such further and additional relief as may be proper.

Dated: April 23, 1958.

EDMUND G. BROWN, Attorney General
    of the State of California
ADOLPHUS MOSKOVITZ, Deputy
    Attorney General

By _Adolphus Moskovitz_
    Adolphus Moskovitz

Attorneys for Defendants
in Intervention.

-23-

S931

43

EXHIBIT "A"

to

ANSWER OF DEFENDANT IN INTERVENTION,
THE STATE OF CALIFORNIA, TO COMPLAINT
AND SUPPLEMENTARY AND AMENDATORY COM-
PLAINT AS ORDERED FILED APRIL 8, 1958.

California Statutes 1951--Resolution Chapter 190

Assembly concurrent Resolution No. 96 -- Relative to water rights to the Santa Margarita-Temecula River System.

Whereas, the United States has entered suit in a federal court in San Diego, California to establish the doctrine that it holds "paramount title as sovereign" to all water, surface and subsurface, in the Santa Margarita-Temecula River System; and

Whereas, the upholding of this doctrine would result in the destruction of the private rights of hundreds of farmers and small landholders of the Fallbrook area named as defendants in this suit who will have their farms destroyed and thus lose their homes and savings; now, therefore, be it

Resolved by the Assembly of the State of California, the Senate Thereof Concurring, That the Governor of the State of California and the Attorney General of the State of California are respectfully requested to take all needful and legal action promptly and vigorously to oppose the action of the United States to establish its claim of right to the waters in the Santa Margarita-Temecula River System, to the court of last resort, if necessary; and be it further

Resolved, That the Chief Clerk of the Assembly is requested to transmit a copy of this resolution to the Governor and the Attorney General of this State.

9932

**44**

EXHIBIT "B"

to

ANSWER OF DEFENDANT IN INTERVENTION,
THE STATE OF CALIFORNIA, TO COMPLAINT
AND SUPPLEMENTARY AND AMENDATORY COM-
PLAINT AS ORDERED FILED APRIL 8, 1958.

Honorable Norris Poulson

House of Representatives, Washington, D.C.

Dear Mr. Congressman:

This will confirm my telephone conversation of this date relative to your letter of June 13, 1951, to Honorable Edmund G. Brown, Attorney General of California, relative to the case entitled United States vs. Fallbrook Public Utility District, et al., in the District Court of the United States for the Southern District of California, Southern Division. A copy of that letter was forwarded to me.

I note your statement in the final paragraph on the first page of your letter that the United States could stop a land-owner from pumping from his own well on his own property even though the pumping had existed for some fifty years. You state that you are sure this is not in accordance with Cali-fornia law. For your information, I think there has been some mistake, because what I said was that the United States would be authorized to enjoin any pumping that did in fact invade the rights of the United States. Under no circum-stances could the United States enjoin nor would it desire to enjoin any pumping by an owner who had a right superior to that of the United States. At no time did I intend to convey the impression that the United States would be entitled to enjoin a landowner from pumping water if that pumping did not invade the rights to the use of water in the Santa Margarita River which the United States had acquired from the Rancho Santa Margarita.

-1-

9933

**45**

1    It is observed in next to the final paragraph of your

2  letter that if this were a case in which the United States

3  was seeking an adjudication of the water of the Santa

4  Margarita River and asserting only the rights of a landowner

5  as such, there would be no objection to such procedure.

6  While it is impossible for the United States to occupy the

7  status of an individual, it is re-emphasized that the United

8  States is here seeking no greater rights than an individual

9  water user would be entitled to assert under the circum-

10  stances.  It must, of course, be recognized in this instance

11  that the United States is using this water for a military

12  purpose.  It is, however, claiming no greater rights than

13  those which it acquired.

14    To be noted in your letter is likewise the statement

15  that Mr. Veeder is going to San Diego for the purpose of

16  meeting with small landowners.  I wish to assure you through

17  many years of performing services of this character, Mr.

18  Veeder, in full conformity with the policy of this Depart-

19  ment, has always sought to protect the citizens to the end

20  that not only the rights of the United States but those of the

21  individual would be equally protected in litigation of this

22  character.

23    In closing I wish to state that this matter has been

24  discussed in full with Mr. Brown, Attorney General of the

25  State of California, and the United States has invited the

26  intervention of the State of California in this proceeding.

27  That step is taken with the idea in view of laying to rest

28  any concern that the United States in some way might seek in

29  this proceeding a greater right than that which it has

30  acquired.

31    With kind regards, sincerely,

                        A. DEVITT VANECH,
                        Assistant Attorney General

CC: Honorable Edmund G. Brown, Attorney General
    of California, 600 State Building,
    San Francisco, California.

**46**

CL-1

STATE OF CALIFORNIA )
                     ) ss.     AFFIDAVIT OF SERVICE BY MAIL
COUNTY OF SACRAMENTO )

____CHARLOTTE L. MORGAN____, being duly sworn, deposes and says:

That affiant is a citizen of the United States, over the age of 18

years, and not a party to the within action;  that affiant's place

of employment and business address is Library and Courts Building,

Sacramento 14, California;

That on the 23rd day of ____April____, 19 58, affiant

enclosed a true copy of the within

> ANSWER OF DEFENDANT IN INTERVENTION, THE STATE OF CALIFORNIA,
> TO COMPLAINT AND SUPPLEMENTARY AND AMENDATORY COMPLAINT AS
> ORDERED FILED APRIL 8, 1958.

in an envelope for each of the persons named below, addressed to each

of them at the address set out immediately below each respective name,

sealed said envelope, and deposited the same in the United States

Mail at the City of Sacramento, County of Sacramento, State of

California, with postage thereon fully prepaid;  that there is

delivery service by United States Mail at each of the places so

addressed, or there is regular communication by mail between the said

place of mailing and each of the places so addressed:

| | |
|---|---|
| Mr. William H. Veeder<br>Special Assistant to the<br>   Attorney General<br>Department of Justice<br>Washington, D. C. | Lt. David W. Miller, USN<br>Office of Ground Water<br>   Resources<br>Marine Corps Base<br>Camp Pendleton, California |
| Mr. William E. Burby<br>Attorney at Law<br>12120 Travis Street<br>Los Angeles 49, California | Lt.Col. Allen C. Bowen<br>Office of Ground Water<br>   Resources<br>Marine Corps Base<br>Camp Pendleton, California |
| Mr. John M. Cranston<br>Special Master<br>1410 Bank of America Bldg.<br>San Diego, California | |

*Charlotte L. Morgan*

Subscribed and sworn to before me,

this 23rd day of ____April____, 1958

*Frey Williams*
Notary Public in and for the County
of Sacramento, State of California.

9934

**47**

## <u>CERTIFICATE OF SERVICE</u>

Case Name: **United States of America v. Fallbrook Public Utility District, et al.**
USDC Case No.:   **51-1247-GT-RBB**

I declare:

On April 15, 2009 I e-filed the following documents:

**APPENDIX OF PRIOR COURT PLEADINGS OF SPECIALLY APPEARING DEFENDANT INTERVENOR STATE OF CALIFORNIA IN SUPPORT OF STATEMENT**

**Electronic Mail Notice List**
The following are those who are currently on the list to receive e-mail notices for this case:

 **[SEE THE ATTACHED E-MAIL LIST]**

**Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

**[SEE THE ATTACHED MANUAL LIST]**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 15, 2009, at Los Angeles California.


Blanca Cabrera
　　　　Declarant　　　　　　　　　　　　　　　　Signature

E-MAIL LIST

**Marilyn H. Levin**
marilyn.levin@doj.ca.gov

**MILAN L. BRANDON**
mbrandon@brandon-law.com

**F Patrick Barry**
patrick.barry@usdoj.gov

**Curtis G Berkey**
cberkey@abwwlaw.com,mmorales@abwwlaw.com

**Charles W Binder**
cwbinder@smrwm.org

**Gerald (Jerry) Blank**
gblank@san.rr.com,mejoslyn@sbcglobal.net

**Mark L Brandon**
mbrandon@brandon-law.com,dslack@brandon-law.com

**Harry Campbell Carpelan**
hcarpelan@redwineandsherrill.com

**George Chakmakis**
george@chakmakislaw.com

**Robert M Cohen**
rcohen@bcandblaw.com,wwendelstein@bcandblaw.com,vzaremba@bcandblaw.com

**M. Catherine Condon**
ccondon@mmwclaw.com,dvitale@mmwclaw.com

**Michael Duane Davis**
michael.davis@greshamsavage.com,teri.gallagher@greshamsavage.com

**Jonathan M Deer**
jdeer@taflaw.net,jondeeresq@earthlink.net,gsuchniak@taflaw.net

**Elsinore Valley Municipal Water District**
matthew.green@bbklaw.com

**Matthew N Falley**
mfalley@ggfirm.com

1

**Mary L Fickel**
mfickel@sampsonlaw.net,bsampson@sampsonlaw.net

**Marco Antonio Gonzalez**
marco@coastlawgroup.com,sara@coastlawgroup.com

**Daniel J Goulding**
jhester@mccarthyholthus.com

**Matthew L Green**
matthew.green@bbklaw.com,lisa.grennon@bbklaw.com

**Robert H James**
bob@fallbrooklawoffice.com

**Robert H. James**
bob@fallbrooklawoffice.com

**Timothy P Johnson**
tjohnson@johnson-chambers.com,cww@johnson-chambers.com

**John A Karaczynski**
jkaraczynski@akingump.com,jmeggesto@akingump.com,jfukai@akingump.com,dcolvin@akingump.com,msobolefflevy@akingump.com,dpongrace@akingump.com,kamorgan@akingump.com

**B. Tilden Kim**
tkim@rwglaw.com,gduran@rwglaw.com

**William Kenneth Koska**
wkoska@koskalaw.com

**Bill J Kuenzinger**
bkuenzinger@bhsmck.com,rjones@bhsmck.com

**Gary D Leasure**
gleasure@garydleasure.com

**John Christopher Lemmo**
jl@procopio.com,laj@procopio.com

**Richard Alvin Lewis**
Rlewis@RichardLewis.com

**M.E.M. Limited Partnership**
prosenberg@hnattorneys.com

2

**MCMX, LLC**
sharper@bhsmck.com

**Anthony Madrigal**
anthonymad2002@yahoo.com

**Scott B. McElroy**
smcelroy@mmwclaw.com,dvitale@mmwclaw.com

**Peter J Mort**
pmort@akingump.com,jfukai@akingump.com

**Rancho California Water District**
matthew.green@bbklaw.com

**Patricia Grace Rosenberg**
prosenberg@hnattorneys.com

**Bryan D. Sampson**
mfickel@sampsonlaw.net

**Sander Family Trust**
gblank@san.rr.com

**Frank Spitzer**
george@chakmakislaw.com

**Thomas C Stahl**
Thomas.Stahl@usdoj.gov,efile.dkt.civ@usdoj.gov

**Michele A Staples**
mstaples@jdtplaw.com,pgosney@jdtplaw.com,dtankersley@jdtplaw.com

**Daniel E. Steuer**
dsteuer@mmwclaw.com,dvitale@mmwclaw.com

**Kevin Patrick Sullivan**
ksullivan@pshlawyers.com,kstanis@pshlawyers.com

**Donald R Timms**
dontimms@san.rr.com

**Alice E. Walker**
awalker@mmwclaw.com,dvitale@mmwclaw.com

## MANUAL LIST

Wiederrich Family Trust
13440 St. Andrews Place
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Barbara J. Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

Billy Ward
P.O. Box 5878
San Diego, CA 92165

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

James L. Markman
Richards Watson & Gershon
1 Civic Center Circle
P.O. Box 1059
Brea, CA 92822-1059

John S. Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Khyber Courchesne
1264 Page St.
San Francisco, CA 94117

Marianne E. Pajot
40225 Curry Street
Aguanga, CA 92536

Mary E. Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J. Machado
P.O. Box 391607
Anza, CA 92539

Pamela M. Machado
P.O. Box 391607
Anza, CA 92539

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Robert H. James
Sachse James Crowell and Lopardo
205 W. Alvarado St., Suite 1
Fallbrook, CA 92028-2025

Thomas C. Perkins
7037 Gaskin Pl.
Riverside, CA 92506

Susan M. Williams (Pro Hac Vice)
Sarah S. Works (Pro Hac Vice)
WILLIAMS & WORKS, P.A.
P.O. Box 1483
Corrales, NM 87049
Tel. No. (505) 899-7994
Fax No. (505) 899-7972
Attorneys for Plaintiff-Intervenor
CAHUILLA BAND OF INDIANS

Nobuo Komota
c/o Richard Woo
Soliton Tech
2635 N. First Street, Suite 213
San Jose, CA 95134

Bill Steele
U.S. Bureau of Reclamation
27708 Jefferson Avenue, #202
Temecula, CA 92590

Agri-Empire, Inc.
P.O. Box 490
San Jacinto, CA 92383

Director
Riverside Co. Planning
4080 Lemon Street, 9th Floor
Riverside, CA 92501

General Manager
Rancho Cal RV Resort CA
P.O. Box 214
Aguanga, CA 92536

Anthony J. Pack, General Manager
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Michael Lopez
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

Jack S. Safely
Western MWD
P.O. Box 5286
Riverside, CA 92517

Louldar
c/o McMillan Farm Management
29379 Rancho California Road, #201
Temecula, CA 92591

Richard & Christine McMillan
Gary & Patricia McMillan
McMillan Farm Management
29379 Rancho California Road, Suite 201
Temecula, CA 92362

Darwin Potter
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

John Rossi, General Manager
Western MWD
P.O. Box 5286
Riverside, CA 92517

SDSU Field Station Programs
ATTN: Matt Rahn, Reserve Director
5500 Campanille Drive
San Diego, CA 92182-4614

General Manager
Rainbow MWD
3707 Old Highway 395
Fallbrook, CA 92028-9327

General Manager
Elsinore Valley MWD
P.O. Box 3000
Lake Elsinore, CA 92330

Arthur L. Littleworth
James B. Gilpin
C. Michael Cowett
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101

Keith Lewinger, General Manager
Fallbrook Public Utility District
P.O. Box 2290
Fallbrook, CA 92088

Mike Luker
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Counsel Western Bases
P.O.Box 555231
Marine Corps Base – Bldg. 1254
Camp Pendleton, CA 92055-5231

7

Tulvio Durand, Chairman
AVMAC
P.O. Box 390908
Anza, CA 92539

Linda Garcia
Riverside Co. Flood Control and Water Conservation Dist.
1995 Market Street
Riverside, CA 92501

James Carter
P.O. Box 28739
Santa Ana, CA 92799-8739

Brian Brady, General Manager
Rancho California WD
P.O. Box 9017
Temecula, CA 92589-9017

Michael E. McPherson, Esq.
344 Plumosa Avenue
Vista, CA 92083

Manuel Hamilton
Joseph Hamilton
P.O. box 391372
Anza, CA 92539

Assistant Chief of Staff
Environmental Security
Box 555008
Marine Corps Base
Camp Pendleton, CA 92055-5008

Pamela Williams
Office of the Solicitor
U.S. Department of the Interior
Division of Indian Affairs
1849 C Street, NW, Room 6456
Washington, D.C. 20240

Elsa Barton
217 No. Palm
Hemet, CA 92543

Anza Mutual Water Company
P.O. Box 390117
Anza, CA 92539-0117

Chairperson
Cahuilla Band of Indians
P.O. Box 391760
Anza, CA 92539

Larry Minor
P.O. Box 398
San Jacinto, CA 92581

Craig, Elitharp, Director of Operations
Rancho California Water District
P.O. Box 9017
Temecula, CA 92589-9017

David Glazer, Esq.
Environmental and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

Leslie Cleveland
U.S. Bureau of Reclamation
27708 Jefferson Avenue, #202
Temecula, CA 92590

Peter E. Von Haam, Sr. Deputy General Counsel
Metropolitan Water District of Southern California
P.O. Box 54153
Los Angeles, CA 90054

Jeffrey F. Ferre
Jill N. Willis
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, CA 92502

Don Forsyth
Metropolitan Water District
33752 Newport Road
Winchester, CA 92596

9

Assistant Chief of Staff, Facilities
Attn: Office of Water Resources
Box 555013
Camp Pendleton, CA 92055-5013

James J. Fletcher
U.S. Department of the Interior
Bureau of Indian Affairs
1451 Research Park Drive
Riverside, CA 92507-2471

Amy Gallaher
Metropolitan Water District
P.O. Box 54153
Los Angeles, CA 90054-0153

Stephen B. Reich
Stetson Engineers, Inc.
2171 E. Francisco Blvd., Suite K
San Rafael, CA 94901

Eugene Franzoy
Franzoy Consulting, Inc.
1392 W. Stacey Lane
Tempe, AZ 85284

Mark Shaffer
6837 NE New Brooklyn Road
Bainbridge Island, WA 98110

Louldar
P.O. Box 891510
Temecula, Ca 92591

Steve Larson
S.S. Papadopilos & Associates
7944 Wisconsin Avenue
Bethesda, MD 20814-3320