Randy J. Rutten, State Bar No. 101308
Harry C. Carpelan, State Bar No. 102239
Gerald D. Shoaf, State Bar No. 41084
REDWINE AND SHERRILL
1950 Market Street
Riverside, California 92501-1720
Telephone: (951) 684-2520
Facsimile: (951) 684-9583
rrutten@redwineandsherrill.com
hcarpelan@redwineandsherrill.com
gshoaf@redwineandsherrill.com

Attorneys for Defendant,
EASTERN MUNICIPAL WATER DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | Case No. CV 51-01247-GT-RBB<br><br>**REPLY BY EASTERN MUNICIPAL WATER DISTRICT TO OPPOSITION TO MOTION TO QUASH SERVICE FOR INSUFFICIENT SERVICE OF PROCESS OF COMPLAINTS IN INTERVENTION**<br><br>DATE:   April 27, 2009<br>TIME:    10:00 A.M.<br>COURTROOM: "B"<br>JUDGE: Hon. Ruben B. Brooks |

I

**EMWD DOES NOT OVERLAY THE RELEVANT ANZA SUBBASIN**

Water Code Section 71757 requires, to permit a municipal water district to authorize the prosecution or defense of litigation on behalf of its landowners, that the lawsuit must involve "all or substantially all of the water rights of a basin or other hydrologic unit *overlain... by the district...*"(Emphasis added.) The declaration of Oliver S. Page (Court Docket 5116-2) provided in support of the Tribes' motion to dismiss entirely supports EMWD's motion to quash service on the landowners within the

District. Paragraph 7, page 3 therein notes that the Tribes' future development of the Anza-Cahuilla Subbasin will have no effect on downstream water users. This is entirely consistent with the information provided in the Declaration of Gerald D. Shoaf, Paragraphs 2 and 3, page 2, lines 7-17, in support of the EMWD motion to quash. EASTERN MUNICIPAL WATER DISTRICT's boundaries simply *do not* overlay the "Anza-Cahuilla Subbasin," and therefore the statute's authorization, which the Tribes wish to impute to constitute valid service, does not apply.

The statute refers to "hydrologic units less than a basin," so that a dispute regarding a subbasin within the District could give rise to authorization being sought from the Board of Directors to participate either in defense or as a plaintiff. Contrary to the argument presented in the opposition to the motion to quash by the Tribes, that the matter before the court involves the entire Santa Margarita watershed, not only the factual declaration of Oliver S. Page, but also the pleadings herein (both First Amended Complaints in Intervention by the Tribes) are indeed limited to the Anza Subbasin, outside the territory of EASTERN. See Ramona Band First Amended Complaint in Intervention, paragraph 1, page 2, lines 10-12, paragraph 9, page 4, lines 11-14, and paragraph 13, page 5, lines 3-4, 17-18; see Cahuilla Band First Amended Complaint in Intervention, paragraph 4, page 2, lines 25-27, paragraph 3, page 3, lines 6-9, paragraph 27, page 6, lines 18-19, paragraph 29, page 6, lines 24-26, and paragraph 33, page 7, lines 11-12, all referring only to the Anza Subbasin. Plaintiffs concede in their opposition (page 6, lines 16-19) that their entire argument is moot under their proposed amended pleadings, but in actuality it is not merely the proposed Second Amended Complaints, it is the existing First Amended Complaints which refer only to the Anza Subbasin, and therefore leave the District outside the potential authorization to participate in the action.

Dealing with particular subbasins only ("hydrologic units less than a basin") is in keeping with the history of this case, in which the adjudication of the overall Santa Margarita watershed has resulted in numerous Interlocutory Judgments applicable to

specific geographic areas or parties within the overall watershed. The water rights potentially affected by the Tribes' litigation are limited to the Anza Subbasin, The boundaries of defendant EASTERN MUNICIPAL WATER DISTRICT do not overlay the Anza-Cahuilla Subbasin.

The evidence before the court in Mr. Page's and Mr. Shoaf's declarations further establishes an equitable basis for quashing the purported service of summons on the landowners within the District; none of them are within the Anza Subbasin; there is no basis for the Tribes to shift their burden of providing notice to defendants with a stake in the litigation to the District, which should not have to bear the cost of identifying and providing actual notice to its constituent landowners of litigation that is outside its boundaries.

Moreover, the argument that the District has some connection to the Santa Margarita watershed (around 30% of the geographic area of EMWD) does not mean that 30% of EMWD's customers or economic activity are in that area. The approximate 70% of EMWD's service area outside the Santa Margarita watershed includes ratepayers and customers who have no possible involvement and should not bear the burden of the expense of funding the litigation and providing notice on behalf of the Tribes regarding the Anza Subbasin, outside the boundaries of the District.

The requirement that the District have a geographical interest in the subject litigation to obtain authorization to participate in the litigation is not met here as to EMWD. An inspection of the Tribes' own pleadings and the analysis of the Tribes' own expert, Oliver S. Page, demonstrate that, contrary to the terms of the statute which the Tribes assert provide jurisdiction over the constituent customers, the District's area does not overlay the Anza Subbasin, which is not a hydrologic unit of concern to the District.

II

**EMWD'S COUNSEL DID NOT OBTAIN AUTHORIZATION TO DEFEND THE LITIGATION FOR THE LANDOWNERS**

The intervenor Tribes in the opposition to EMWD'S motion to quash service

attempt to rely on language from two California state cases as supporting the strained interpretation of California Water Code Section 71757 as establishing that service upon the DISTRICT constitutes service on the landowners within its geographical bounds. The cases are <u>Orange County Water District v. City of Riverside</u> 173 Cal. App. 2d 137, 343 P. 2d 450 (1959) and <u>Coachella Valley County Water District v. Stevens</u> 206 Cal. 400, 274 P. 538 (1929). Both involve districts prosecuting actions as voluntary plaintiffs, upon authorization of their Boards of Directors, regarding waters within the districts.

In <u>Coachella</u>, involving prevention of unauthorized diversion of the Whitewater River, within Coachella Valley Water District's geographical boundaries, the California Supreme court reversed a demurrer being sustained against the District for not having authority to prosecute an action. The California Supreme Court interpreted statutory authorization for a county water district (very similar to the language expressly granting such permission to prosecute to municipal water districts in Water Code Section 71757) and found "no objection in providing... for the prosecution of proceedings to prevent interference with or diminution of the natural flow of any stream. ..." (206 Cal. at 410.) Moreover, the Supreme Court noted that "an action would lie on behalf of each landowner in the district to protect his individual right." (206 Cal. at 410.)

Given the fact that no property of a landowner within the Anza Basin is within the geographical area of the EMWD, it is apparent why no authorization was sought from the Board of Directors to participate in this action for landowners unaffected by the Tribe's lawsuit pertaining to the Anza Subbasin.

The publicly elected EMWD Board of Directors gave no authorization to proceed for the defense of all customers or landowners here, as expressly stated in the Declaration of Gerald D. Shoaf in support of the motion to quash. (Paragraph 7, page 3, lines 21-24.) The <u>Coachella</u> case, holding that the Water Code permits direct authorization by a governing board to take legal action regarding streamwaters within its boundaries, is not a precedent to impute service to all customers or landowners within the District without authorization by the Board. There is simply no authority to torture

the subject Section 71757 into a service statute regarding matters outside the boundaries of this moving district.

<u>Orange County Water District v. City of Riverside</u> 173 Cal. App. 2d 137, 343 P. 2d 450 (1959) dealt with the Santa Ana Watershed, and again permitted a District to act to protect waters overlain by that district, by the prosecution of an action under the express authorization of the responsible elected body. The court noted, 173 Cal. App. 2d at 163, that "120,000 acres within the district do presently overlie the 'District' Basin." The case similarly does *not* support the present attempt where without express authorization the District would be enmeshed in litigation for unnamed and unserved defendants, who are without actual notice as to their potential rights in the waters of the Anza Basin, which does not overlie EMWD's boundaries. Such a result violates essential due process as to those landowners, without either the statutory basis to permit authorized involvement by the District or the actual authorization to proceed by the District's Board of Directors. The language in both cases cited by the intervenor Tribes is dicta, or at least overbroad, if read as obligating a water district to defend a lawsuit regarding hydrologic units it does not overlay on behalf of its constituent landowners without authorization by the governing Board of Directors of the District.

The arguments presented in favor of having this court strain to read California Water Code Section 71757 as permitting a shortcut to service as mandated by the Federal Rules of Civil Procedure are completely without case support or precedent. Such a tortured reading of Section 71757 is sought merely to improperly and unfairly shift the burden of notice of the litigation to the District rather than leaving it with the Tribes as required under the Federal Rules of Civil Procedure and this court's orders of July 16, 2007 and February 25, 2008 regarding service by the Tribes, as EMWD's counsel understands such orders made prior to its appearance in this action.

### III

**THE COURT HAS INHERENT POWER TO PREVENT INJUSTICE**

While F.R.C.P. Rule 60 (b) does concern the power of the court to correct final

1 | judgments and orders, the Advisory Committee Note to the 1948 amendment of Rule 60
2 | (b) said in part: " The addition of the qualifying word 'final' emphasizes the character
3 | of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence
4 | interlocutory judgments are not brought within the restrictions of the rule, but rather they
5 | are left subject to the complete power of the court rendering them to afford such relief
6 | from them as justice requires." <u>Waco-Porter Corp. v. Tubular Structures Corp. of
7 | America</u> 222 F. Supp. 332, at 333 (S. D. Cal.,1963) cited by the opposition, noted
8 | immediately after the quoted language: "However, it is clear that the Court has even
9 | more power to revise its interlocutory orders and decisions than its final orders , and
10 | such power over its interlocutory decisions is inherent."

11 |     In seeking to enforce a waiver of service so as to bind unnamed defendants
12 | without having served them, the Tribes are seeking an unjust order, and it is appropriate
13 | for the court to consider that such an interlocutory order is only possible by binding
14 | EMWD to its counsel's mistake and inadvertence. Using its inherent powers, akin to
15 | those available upon request of counsel under F.R.C.P. Rule 60, to be excused from such
16 | mistake, the court should decline to enforce the waiver agreement. The Tribes can still
17 | serve the unnamed and unidentified defendants they wish to serve, although it seems
18 | clear from their motions to dismiss that they no longer wish to do so.

### IV
### CONCLUSION

21 |     Wherefore, defendant EASTERN MUNICIPAL WATER DISTRICT prays for
22 | entry of an order as follows:
23 |     1. That the waiver of service signed May 9, 2008 by Gerald D. Shoaf is only
24 | effective as a waiver of service on EASTERN MUNICIPAL WATER DISTRICT itself
25 | alone, and for no other party, person or entity.
26 |     2. The Tribes have failed to timely serve, within 120 days of the orders of the
27 | court of July 16, 2007 and February 25, 2008, all Defendant water users within the
28 | confines of the boundaries of EASTERN MUNICIPAL WATER DISTRICT by personal

service, in violation of Federal Rules of Civil Procedure Rule 4(m) and this court's orders of July 16, 2007 and February 25, 2008 to do so;

3. The Plaintiffs in Intervention have not followed the strict requirements of obtaining a Waiver of Service of Summons under FRCP Rule 4 (d) (1) (G);

4. The statutory authority, California Water Code Section 71757, and the cases cited thereunder by the Tribes, plaintiffs in intervention, as support for their argument that service on EASTERN MUNICIPAL WATER DISTRICT accomplishes service on all unnamed Defendant water users within the confines of the boundaries of EMWD do not support the positions asserted, particularly since the Anza Subbasin, the area described in the First Amended Complaints in Intervention and the declaration of the Tribes' expert Oliver S. Page, is outside the geographical boundaries of the EMWD;

5. Counsel for EASTERN MUNICIPAL WATER DISTRICT does not have authorization from either the Board of Directors of EASTERN MUNICIPAL WATER DISTRICT or any unnamed defendants to accept service on behalf of all unnamed Defendant water users within the confines of the boundaries of EASTERN MUNICIPAL WATER DISTRICT;

6. THEREFORE, the amended complaints in intervention of the intervenor Tribes shall be dismissed as to all Defendant water users within the confines of the boundaries of EASTERN MUNICIPAL WATER DISTRICT not personally served, for failure to timely and personally serve.

DATED: April , 2009         Respectfully submitted,

                            REDWINE AND SHERRILL

                            By  s/ Gerald D. Shoaf
                            Gerald D. Shoaf
                            Randy J. Rutten
                            Harry C. Carpelan
                            1950 Market Street
                            Riverside, California 92501-1720
                            Telephone No.: (951) 684-2520
                            gshoaf@redwineandsherrill.com
                            rrutten@redwineandsherrill.com
                            hcarpelan@redwineandsherrill.com
                            Attorneys for Defendant
                            EASTERN MUNICIPAL WATER DISTRICT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM/ECF system, per Federal Rules of Civil Procedure Rule 5(b)(2)(D). Any other counsel of record or unrepresented party will be served by first class mail on April 20, 2009.

/s/Harry C. Carpelan

cv-51-1247-GT-RBB