Jill N. Willis, Esq., State Bar No. 200121
Jason M. Ackerman, Esq., State Bar No. 219940
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, California 92502
Telephone: (951) 686-1450
Telecopier: (951) 686-3083
jill.willis@bbklaw.com
jason.ackerman@bbklaw.com

Attorneys for Defendants
Elsinore Valley Municipal Water District and
Western Municipal Water District

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>　　　　　Plaintiff–Intervenors,<br><br>　　v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>　　　　　Defendants. | Civil No. 51cv1247 GT (RBB)<br><br>**REPLY IN SUPPORT OF SPECIAL APPEARANCE JOINDER TO EASTERN MUNICIPAL WATER DISTRICT'S MOTION TO QUASH SERVICE OF PROCESS OF COMPLAINTS IN INTERVENTION**<br><br>DATE:　April 27, 2009<br>TIME:　10:00 a.m.<br>CTRM:　"B"<br>JUDGE: Hon. Ruben B. Brooks |

## I. ARGUMENT

### A. Contrary to the Tribes' Contentions, the Specially Appearing Districts Do Not Represent the Interests of the Affected Landowners in the Present Proceedings

1. The Authority Conferred by California Water Code Section 71757 is Discretionary and Does Not <u>Require</u> the Specially Appearing Districts to Defend or Accept Service of Process on Behalf of the Affected Landowners

The Tribes contend that, under the MWD Act, the Districts "<u>must</u> represent individual land owners within their boundaries where, as here, the Tribes sued the Districts in their names and also as representing the landowners." Tribes' Response at 4 (emphasis added). However, the Tribes' contention misconstrues California Water Code Section 71757 and the cases upon which the Tribes rely. Section 71757 states that a district "shall have <u>the power</u>," not <u>the duty</u>, to defend an action as a class representative (emphasis added). All of the cases that the Tribes cite involve plaintiff districts that elected, <u>voluntarily</u>, to sue on behalf of landowners. See *Coachella Valley County Water Dist. v. Stevens* ("*Coachella*"), 274 P. 538 (Cal. 1929); *Orange County Water Dist. v. City of Riverside* ("*Orange County*"), 343 P.2d 450 (Cal. Ct. App. 1959). In discussing the districts' authority to do so, the courts in *Coachella* and *Orange County* state that the districts are "entitled" or "empowered" to represent the landowners (*Orange County, supra*, 343 P.2d at 466); that the district's statutory authority "<u>may</u> be employed, where needful." (*Id.* at 468); and that a district "<u>might</u> sue for the benefit of all" (*Coachella, supra*, 274 P. at 542). Neither case ever states or implies that districts are obligated to sue or be sued under any circumstances.

2. The Scope of Any Authority Granted Under Section 71757 is Defined By the Purposes of the MWD Act and, Thus, Does Not Require or Permit the Districts to Represent the Individual and Disparate Interests of the Affected Landowners

Contrary to the Tribes' Response, the introductory phrase to Section 71757,

REPLY IN SUPPORT OF SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

"[t]o carry out the purposes of this division," does qualify the authority therein granted. (Tribes' Response at 4.) This interpretation is supported by the cases cited by the Tribes. In both *Coachella* and *Orange County*, the authorizing statutes, which all parties recognize as substantially identical to Section 71757 (Tribes' Response at 5, fn. 1; EMWD's Reply at 2), were construed to be limited by the purposes for which the districts were created.

In *Orange County*, the court stated that the district's power to sue and be sued "may be employed, where needful, <u>to effect the essential purpose of the district</u>, i.e., to insure the water supply." *Orange County, supra*, 343 P.2d at 468 (emphasis added). Similarly, in *Coachella*, the Court recognized that the district were created with the following purposes: to "store water for the benefit of the district; and to conserve water for future use and to appropriate, acquire and preserve water and water rights." *Coachella, supra*, 274 P. at 541. In this context, the court stated "the power conferred on a county water district to sue and be sued <u>with respect to the preservation and conservation of the sources of water supply</u> ... is directly in line with the object of the creation of the district and germane to the purposes for which it has been organized." *Id.* at 542.[1] In both cases, the districts sued to protect the general availability of their water supply and, as such, their actions were consistent with their purposes and within their authority to sue.

The purpose of the MWD Act is to supply water. See EMWD's Memorandum at 6 (discussing Cal. Water Code § 71610). Thus, at most, Section 71757 authorizes districts to defend actions that threaten the water supply upon which the district relies to provide its water service. Yet, the Tribes would require the Districts to defend the Affected Landowners --and act as an agent for service of

---

[1] The Tribes also cite this passage in their Response but omit the qualifying phrase that limits the right to sue and be sued to those instances in which the district is acting in accordance with its enumerated power and purpose to preserve and conserve a water supply for the benefit of the district. (Tribes' Response at 4.)

1 process-- in any action where the uses of certain individual water users, whether
2 riparian, overlying, appropriative or otherwise, must be curtailed for interfering
3 with the tribal rights. (Tribes' Response at 2.) The Tribes suggest that the Districts
4 also have a "potential concern" that the Tribes will interfere with the availability of
5 water in the Districts. However, the Tribes interference with water supply is not at
6 issue for the purpose of interpreting Interlocutory Judgment Nos. 33 and 41 and,
7 therefore, is not at issue in this litigation unless and until raised by the Districts.

As such, the Districts role in this litigation would be limited to the representation of the individual rights of the small percentage of the landowners that reside within the Santa Margarita Watershed. The outcome of this case and the treatment of the individual water rights will not impact the Districts' ability to supply water. Moreover, the resolution of this case will require a determination of the priority of the Affected Landowners' individual rights which will hinge upon the specific characteristics of each individual right (e.g., location of the right, depth of well perforations, type of production). The Districts are not authorized, nor are they well suited to serve this role.

The Tribes state without support or citation that the Districts were created for the very purposes of being sued on behalf of individual landowners. (Tribes' Response at 4.) However, such a purpose is absent from the MWD Act. In addition, *Orange County* clearly states the opposite:

> It was squarely decided in *City of San Bernardino v. City of Riverside*, [198 P. 784 (1921)], that municipalities, in the absence of some statute authorizing them to do so, are without authority to represent the individual rights of their inhabitants, but themselves in taking water from an underground basin are appropriators only and as such that their rights are strictly measured by the law governing appropriators.

*Orange County, supra*, 343 P.2d at 165. Thus, the Districts do not have the inherent purpose or power to represent the individual rights of land owners and, in

1  fact, can only represent individual water rights of landowners to the extent that it is
2  incidental to their own status as appropriators or the authority has been explicitly
3  created by statute. Such authority has not been granted here.[2]

4  Similarly, the Tribes insistence that the Districts' status as voter-created
5  entities requires them to represent the individual rights of the Affected Landowners
6  confuses the issue. (Tribes' Response at 5, 7.) To the extent that Districts are
7  authorized, by essence of their organization, "to act in a representative capacity,"
8  (1) they are not *required* to do so and (2) this authority must still be tied to their
9  purpose as set forth in the MWD Act, to supply water to their districts. The
10 District's representative capacity does not extend to the representation of
11 individual, disparate interests of landowners. In fact, in *Orange County*, when the
12 defendant cities, elected bodies who themselves provide water service, sought to
13 defend against the district's action by asserting takings claims on behalf of the
14 individual inhabitants of the cities, the court found that they could not do so.
15 (*Orange County, supra*, 343 P.2d at 465.) While the Court recognized a state's
16 authority, as appropriators, to represent "the aggregate of [its citizens'] rights," and
17 permitted water districts to protect the whole water supply on behalf of all
18 landowners in their service areas under a statute similar to Section 71757, it
19 rejected the argument that cities could represent "the individual water rights of their
20 inhabitants." (*Id.* at 465, 467.) Thus, the Districts were not formed for the purpose
21 of representing individual water rights, their creation by vote does not impose a
22 duty to represent individual water rights and, in fact, that the Districts lack the
23 authority to do so.

---

[2] As discussed above, Districts have been granted some authority to represent water rights of landowners but only when tied to the purpose and power of the District, namely to protect its own ability to supply water. The representation of individual water rights is not authorized under this statutory grant.

### 3. All Cases Cited by the Tribes Involve Water Disputes Where District Landowners Share a Common and Like Interest

As discussed above, this case differs from any authority cited by the Tribes because it affects only certain landowners within the Districts in their individual capacities. In contrast, in both *Coachella* and *Orange County*, the water districts elected to represent their entire service area against a threat to the common water supply. In each case, the courts highlighted the commonality of the harm claimed.[3] This is an important distinction because (1) the scope of the Districts' authority, as explained above, does not extend to the representation of individual water rights that are separate and apart from the Districts' appropriative rights and (2) expanding Section 71757 to permit, let alone require, the Districts to defend the rights of a minority of landowners would place districts in a delicate and unnecessary bind. The interests of individual water rights holders within a district will not always be aligned. What role should a district play when litigation arises between various interest groups within the district?

In *Coachella*, the defendant, himself a landowner in the district, argued that the plaintiff district could not bring an action against him. The Court found the districts prosecution proper because it represented "a right common to all of the land owners and water users in the district." (*Coachella, supra*, 274 P. at 543.) Limiting a district's representation of landowners, water users and inhabitants to those matters in which they share a common and like interest is consistent with the statutory scheme of the MWD Act, in that it relates to the preservation of the water supply as a whole, and provides a clear rule to delineate a district's role in conflicts

---

[3] In *Coachella*, the claim asserted was "common to all of the land owners and water users in the district." (*Coachella, supra*, 274 P. at 543.) Similarly, in *Orange County*, the action involved questions of "common and general interest to the many owners of land within the District ... and to the users of water in said District Basin, and to the inhabitants of the District." (*Orange County, supra*, 343 P.2d at 462.)

between factions of right holders.

### 4. Requiring the Specially Appearing Districts to Accept Process and Defend the Interests of the Affected Landowners is Contrary to Principles of Equity

By asking this Court to require the Districts to defend the rights of a small subsection of the landowners within its service area, the Tribes are, in essence, also asking this Court to require all of the landowners in the Districts' service areas, most of whom reside outside of the Santa Margarita Watershed, to fund the defense of the few. For the reasons discussed above, this is contrary to the purpose of Section 71757 and contrary to principles of equity.

### B. The Tribe's Service of Process on the Districts is Not Reasonably Calculated to Apprise the Affected Landowners of the Pendency of the Action and Impermissibly Shifts the Burden and Cost of Service Onto the Districts in Violation of Due Process

Due process requires that defendants be afforded notice of proceedings involving their interests that is "reasonably calculated, under all circumstances, to apprise [them] of the pendency of the action and afford[s] them the opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.* ("*Mullane*") (1950) 339 U.S. 306, 314. In the present proceedings, only the individual rights of the Affected Landowners are at issue. Tribes' Response at 2. The Tribes cannot shortcut their constitutional obligation to the Affected Landowners by serving process on the Districts alone. For the reasons stated above, the Districts are not required to and, in fact, cannot represent the individual rights of the Affected Landowners. Therefore, unless notice is served on the Affected Landowners themselves, the Affected Landowners are not guaranteed to have actual notice of the proceedings and their rights will be decided without first providing them the opportunity to object or defend.

Providing notice to the individual Affected Landowners is neither an "impossible or impractical obstacle" nor are the Affected Landowners' rights too

"remote" to justify the cost. Tribes' Response at 7, citing *Mullane, supra*, 339 U.S. at 313-14, 317. As previously stated in the Districts' Special Appearance Joinder, the addresses of the Affected Landowners are known or can be ascertained with reasonable effort, just as the Tribes ascertained the addresses of the other defendants in this matter. And, there is no justification for relaxing due process due to remoteness when the specific nature and relative priority of the Affected Landowners' rights must be determined in order to resolve this matter. See *Mullane, supra*, 339 U.S. at 317-18 (relaxing notice requirements for the settlement of common trust fund where unknown beneficiaries were represented by a special guardian and attorney and their interest were so "ephemeral" that the expense of keeping them informed would "dissipate the advantages" of the fund). In any event, it is unconstitutional and fundamentally unfair for the Tribes to pass this cost and burden on to the Districts.

Regardless, none of the Tribes' arguments justify requiring the Districts to accept process on behalf of the Affected Landowners where the Districts are not required or authorized to defend them.[4] The type or extent of notice due to the Affected Landowners under the U.S. Constitution is an issue to be addressed between the Tribes and the Affected Landowners.

### C. Attempted Service of the Tribe's Complaint in Intervention Must Be Quashed Because the Request for Waiver of Service is Ineffective

The Districts are not the defendants in this action, they have no authority

---

[4] Again, to the extent that the Districts can "act in a representative capacity in [the Affected Landowners] behalf," they are not required to do so and can only do so when protecting the Districts' water supply for the purpose of providing water service to landowners collectively. (*Coachella*, 274 P. at 542.) Districts cannot represent the Affected Landowners or accept process on their behalf in regards to their individual riparian, overlying or appropriative water rights. (*Coachella*, 274 P. at pp. 543-544.)

waive service of process or to consent to jurisdiction on behalf of the Affected Landowners, and any attempt by the Districts to do so would be ineffective. Therefore, the attempted service of a waiver request on the Districts fails to satisfy FED. R. CIV. P. 4(d) and must be quashed.

The Tribes argue that their failure to name the individual landowners in the requests for waiver is a "mere technical violation" that should be excused by this Court. Tribes' Response at 10, citing *Guth v. Anderson* ("*Guth*"), 118 F.R.D. 502, 504. FED. R. CIV. P. 4(d) requires a notice and waiver request to "be addressed to the <u>defendant</u>," "inform the <u>defendant</u> ... of the consequences of compliance," and "allow the <u>defendant</u> a reasonable time to return the waiver" (emphasis added). Failure to name or send the waiver request to the defendant and sending it instead to a party that is not authorized to defend the defendant or act as an agent for service of process for the defendant is much more than a "mere technical violation."

The cases cites by the Tribes involve very different types of errors. In both *Guth*, *supra*, 118 F.R.D. 502 and *Borzeka v. Heckler*, 739 F.2d 444, the plaintiffs failed to personally serve the defendants but did mail service to defendants at the proper address and service was in fact received by defendants. Similarly, in *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 the plaintiff delivered service of process to a receptionist at the defendant corporation, not an "officer, a managing or general agent, or any other agent [for service of process]," but the president of the corporation received the service within a day of its delivery. In each of these instances, service of process was delivered, though perhaps by technically imperfect means, and promptly ended up in the hands of the proper defendant. Here, by stark contrast, the request for waiver was sent to the wrong entity altogether and still has not arrived in the hands of the Affected Landowners.

Furthermore, the Tribes acknowledge that shortcomings of service should not be overlooked were prejudice results. (Tribes' Response at 10, citing *United Food*

& *Commercial Workers Union v. Alpha Beta Co.* ("*United Food*"), 736 F.2d 1371, 1382 and FED. R. CIV. P. 61.) In *United Food*, the defendant answered the complaint and appeared in the action. *United Food, supra*, at 1382. In contrast, the Affected Landowners have not answered or appeared, nor have they, to the knowledge of the Districts, received actual notice of the Tribes action. Failure to name, serve or notify the Affected Landowners in an action where the scope of their rights are necessary determine the rights of the Tribes and, as follows, their rights will be substantially affected by the ultimate quantification of the Tribes' rights, significantly prejudices the Affected Landowners.

Therefore, this Court should quash service of process for blatantly failing to comply with the most basic requirements of FED. R. CIV. P. 4(d) in a manner that severely prejudices the Affected Landowners.

## II. CONCLUSION

Based on the foregoing, EMWD's motion to quash should be granted because the Tribes failed to take reasonable measures to put the Affected Landowners on notice of the pendency of this lawsuit and give them an opportunity to be heard. Moreover, the Tribes failed to comply with the express mandates of the service waiver provisions contained in FRCP, Rule 4(d).

Dated: April 20, 2009

BEST BEST & KRIEGER LLP

By: /s/ Jason M. Ackerman
 Jill Willis
 Jason M. Ackerman
 3750 University Avenue, Suite 400
 Riverside, CA 92501
 Telephone: (951) 686-1450
 jill.willis@bbklaw.com
 jason.ackerman@bbklaw.com
 Attorneys for Defendants
 Elsinore Valley Municipal Water
 District and Western Municipal Water
 District

Jill N. Willis, Esq., State Bar No. 200121
Jason M. Ackerman, Esq., State Bar No. 219940
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, California 92502
Telephone: (951) 686-1450
Telecopier: (951) 686-3083
jill.willis@bbklaw.com
jason.ackerman@bbklaw.com

Attorneys for Defendants
Elsinore Valley Municipal Water District and
Western Municipal Water District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>Plaintiff–Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | Civil No. 51cv1247 GT (RBB)<br><br>**CERTIFICATE OF SERVICE/PROOF OF SERVICE RE: REPLY IN SUPPORT OF SPECIAL APPEARANCE JOINDER TO EASTERN MUNICIPAL WATER DISTRICT'S MOTION TO QUASH SERVICE OF PROCESS OF COMPLAINTS IN INTERVENTION**<br><br>DATE:  April 27, 2009<br>TIME:  10:00 a.m.<br>CTRM:  "B"<br>JUDGE: Hon. Ruben B. Brooks |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the court's CM/ECF system, per Federal Rules of Civil Procedure Rule 5(b)(2)(D).

Any other counsel of record or unrepresented party will be served by first class mail on April 20, 2009.

/s/ Tammy L. Valverde

- 1 -   Case 3:51-cv-01247-GT-RBB

REPLY IN SUPPORT OF SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I, the undersigned, say: I am employed in the County of Riverside, State of California, over the age of eighteen years and not a party to the within action or proceeding; that my business address is 1450 University Avenue, Suite 400, Riverside, CA 92501.

On April 20, 2009, I served a copy of the foregoing document on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

(X) By Mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service mail box on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

EXECUTED ON April 20, 2009, at Riverside, California.

(X) [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Tammy L. Valverde

SERVICE LIST CV 3:51-cv-01247-GT-RBB

Wiederrich Family Trust
13440 St. Andrews Pl.
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

- 2 -   Case 3:51-cv-01247-GT-RBB

REPLY IN SUPPORT OF SPECIAL APPEARANCE JOINDER TO EMWD'S MOTION TO QUASH SERVICE OF PROCESS

| | |
|---|---|
| 1 | Barbara J Carr Trust<br>Barbara J. Carr, Trustee |
| 2 | 20571 Bexley Road<br>Jamul, CA 91935-7945 |
| 3 | |
| 4 | Billy Ward<br>P O Box 5878<br>San Diego, CA 92165 |
| 5 | |
| 6 | Briar McTaggart<br>1642 Merion Way 40E<br>Seal Beach, CA 90740 |
| 7 | |
| 8 | James L. Markman<br>Richards Watson & Gershon<br>1 Civic Center Circle |
| 9 | PO Box 1059<br>Brea, CA 92822-1059 |
| 10 | |
| 11 | John S Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| 12 | |
| 13 | Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 |
| 14 | |
| 15 | Marianne E. Pajot |
| 16 | Mary E Lee<br>41085 Lakeshore Blvd.<br>Aguanga, CA 92536 |
| 17 | |
| 18 | Michael J Machado<br>P O Box 391607<br>Anza, CA 92539 |
| 19 | |
| 20 | Pamela M Machado<br>P O Box 391607<br>Anza, CA 92539 |
| 21 | |
| 22 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| 23 | |
| 24 | Robert H James<br>Sachse James Croswell and Lopardo<br>205 W. Alvarado Street |
| 25 | Suite 1<br>Fallbrook, CA 92028-2025 |
| 26 | |
| 27 | Thomas C Perkins<br>7037 Gaskin Place<br>Riverside, CA 92506 |
| 28 | |