Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com
*Attorneys for Plaintiff-Intervenor*
*Ramona Band of Cahuilla*

Marco A. Gonzalez (CA State Bar No. 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, CO 80302
Tel: 303/442-2021
Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com
*Attorneys for Plaintiff-Intervenor*
*Cahuilla Band of Indians*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>              Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>              Defendants. | CIVIL NO.: 51-CV-1247-GT-RBB<br><br>**RAMONA BAND OF CAHUILLA AND CAHUILLA BAND OF INDIANS JOINT REPLY TO RESPONSES TO JOINT MOTION TO DISMISS CERTAIN CLAIMS**<br><br>Hon. Gordon Thompson, Jr.<br><br>**Date:  April 27, 2009**<br>**Time:  2:00 p.m.**<br>**Courtroom: 8** |

1

**INTRODUCTION**

2    Plaintiff-Intervenor Ramona Band of Cahuilla and Plaintiff-Intervenor Cahuilla Band of

3 Indians submit this reply to the following responses to the Joint Motion to Dismiss Certain Claims:

4 1) Defendant Jannki Mithaiwala's request to condition dismissal on the Tribes' payment of attorneys

5 fees and costs; 2) Defendant Sander Family Trust's request to condition dismissal on the Tribes'

6 payment of attorneys fees and costs; and 3) Defendant Bryan D. Sampson's opposition to dismissal

7 without prejudice, and request to condition dismissal on payment of attorneys fees and costs.  In a

8 separate memorandum, the Tribes respond to the oppositions filed by the San Diego State University

9 Research Foundation and the Pechanga Band of Luiseno Indians.

10    Before responding specifically to these arguments, the Tribes note that of the 315 defendants

11 served with the Tribes' complaints outside the Anza-Cahuilla Ground Water Basins, only five have

12 objected in any way to dismissal of claims.  No unserved party outside the Anza-Cahuilla area has

13 objected to the amendment of the complaints dropping claims against them.  The silence of the

14 overwhelming majority of parties is telling.  It is based on the apparent belief, and obvious fact, that

15 the Tribes' proposal will make the case more manageable, and that it will facilitate the fair and

16 efficient resolution of the Tribes' water rights claims without prejudice to the interests of these out-

17 of basin water users and claimants.

18    These requests for conditions should be denied because there has been no unfairness in

19 requiring these Defendants to respond to the Tribes' complaints, and, in any event, the Tribes have

20 sovereign immunity from claims for attorneys fees.

21

**ARGUMENT**

22 A.    **The Request of Defendant Mithaiwala and Defendant Sander Family Trust to**
       **Condition Dismissal on Payment of Attorneys Fees and Costs Should be Denied.**

23

24    The premise of the Defendants' request for a conditional dismissal is that it they have been

25 unfairly required to defend the Tribes' water rights claims.  This premise is wrong.  The Tribes have

26 pursued their claims in good faith against those defendants they sought to bind by the quantification

27 of their water rights.  Defendants' suggestion that they should not have been served is plainly

28 incorrect.  The Tribes served those defendants whose land and water were subject to this Court's

1   jurisdiction, according to the interlocutory judgments previously entered in this case.  Moreover, in a

2   water rights suit of this kind, each party is legally adverse to every other, notwithstanding a party's

3   location within the watershed or the degree of potential physical interference from groundwater

4   pumping.[1] *See United States v. Truckee-Carson Irrigation District,* 649 F.2d 1286 (9th Cir. 1981).

5   The Tribes were justified in seeking to bind the largest number of defendants that could feasibly and

6   affordably be served.  Thus, there was no unfairness in requiring these Defendants to defend the

7   Tribes' claims.  The expenses they incurred were not unnecessary.  That the Tribes have now

8   decided through settlement discussions to narrow the geographic scope of their claims and limit the

9   number of parties to be bound by the quantification does not make the original scope of service

10  unfair.  *Stevedoring Services of America v. Armilla Int'l B.V.,* 889 F.2d 919, 922 (9th Cir. 1989)

11  (noting district court considered plaintiffs' good faith as a factor in denying attorneys fees as

12  condition of dismissal without prejudice).

13          Moreover, the Defendants' request for an order requiring the Tribes to pay their attorneys

14  fees and costs is barred by principles of federal Indian law.  It is a fundamental tenet of federal Indian

15  law that Indian tribes are immune from unconsented suit in federal or state court.  *Santa Clara*

16  *Pueblo v. Martinez,* 436 U.S. 49, 58 (1978).  Tribal waivers of immunity cannot be implied, but must

17  be expressed unequivocally.  *Id.* at 58.  The issue of tribal sovereign immunity is jurisdictional.  If

18  the Tribe has not expressly waived its immunity, the court has no jurisdiction to award relief against

19  the Tribe.  *Puyallup Tribe, Inc. v. Washington Dep't of Game,* 433 U.S. 165, 172 (1977).  In general,

20  attorneys fees and costs cannot be awarded against sovereign governments without a waiver of

21  immunity.  *See, e.g., Ardestani v. Immigration and Naturalization Service,* 502 U.S. 129, 136 (1991)

22  (The Equal Access to Justice Act renders the United States liable for attorneys fees for which it

23  would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity).  As

24  sovereign Indian tribes, the Ramona Band of Cahuilla and the Cahuilla Band of Indians are thus

25  immune from claims for payment of attorneys fees.

26

27   _____

28          [1] This Court has ruled that "all parties are adverse one to the other" and that, as a result, cross-pleadings are not required.  Interlocutory Judgment No. 33, Conclusion of Law No. 23, December 11, 1962.

1    Applying these principles, the courts have held that an Indian tribe by filing suit does not

2  waive immunity to counterclaims and cross-claims.  *Oklahoma Tax Commission v. Citizen Band*

3  *Potawatomi Indian Tribe,* 498 U.S. 505, 510 (1991) (By filing action in federal court to enjoin

4  assessment of sales taxes, Tribe did not waive immunity from a counterclaim by the defendant

5  seeking to collect such taxes); *Chemehuevi Indian Tribe v. California State Board of Equalization,*

6  757 F.2d 1047 (9th Cir. 1985), *rev'd on other grounds,* 474 U.S. 9 (1985) (applying same rule to suit

7  to enjoin California's collection of cigarette taxes).  The only exception to this rule concerns

8  counterclaims which seek equitable recoupment.  Because recoupment counterclaims seek only to

9  reduce the monetary recovery to which the plaintiff Indian tribe may be entitled, such claims do not

10  constitute affirmative relief against the Tribe, and, therefore, are not barred by sovereign immunity.

11  *Jicarilla Apache Tribe v. Andrus,* 687 F.2d 1324, 1344-1345 (10th Cir. 1982).

12    By intervening in this action, the Ramona Band of Cahuilla and Cahuilla Band of Indians

13  have not expressly waived their immunity from claims seeking to recover attorneys fees and costs.

14  As a result, the Defendants' request to condition the dismissal of claims on the payment of such fees

15  must be rejected.  The equitable recoupment exception plainly does not apply because the Tribes

16  seek only declaratory and injunctive relief.  Because they do not seek any monetary remedy, there is

17  no sense in which attorneys fees and costs could be regarded as recoupment.  On the contrary, a

18  judgment ordering the Tribes to pay attorneys fees and costs would be affirmative relief barred by the

19  Tribes' immunity.

20    An award of attorneys fees is relief "different in kind or nature" from the declaratory and

21  injunctive relief sought by the Tribes.  Such claims are therefore barred by the Tribes' immunity.

22  *Jicarilla Apache Tribe v. Andrus,* 687 F.2d at 1344 (When an Indian tribe sues, it does not waive

23  immunity to a judgment "which is affirmative in the sense of involving relief different in kind or

24  nature to that sought by the Tribe."); *see also, Wyandotte Nation v. City of Kansas City,* 200 F.

25  Supp.2d 1279, 1287 (D. Kan. 2002) (By filing quiet title action, Indian tribe did not waive immunity

26  from counterclaim for reimbursement for improvements on the subject land, because such relief is

27  different in kind and nature from the underlying quiet title and trespass claims).

28

1      Even assuming, *arguendo,* that this Court has jurisdiction to award attorneys fees and costs in
2   derogation of the Tribes' sovereign immunity, the requests for such relief should nonetheless be
3   denied. Under Rule 42(a)(2), the Tribes' claims against answering defendants outside the Anza-
4   Cahuilla Sub-Basin may be dismissed "on terms the court considers proper." Thus, this Court has
5   discretion to impose conditions, but there are no mandatory conditions in order to obtain dismissal
6   without prejudice. *Stevedoring Services v. Armilla Int'l B.V.,* 889 F.2d at 921.

7      Under the circumstances here, an award of attorneys fees and costs is not necessary to prevent
8   prejudice to the Defendants. The Tribes have acted in good faith throughout the proceedings. The
9   Defendants seeking attorneys fees were properly served. The Ninth Circuit has held that the
10  dispositive factor is whether the plaintiff had a "realistic chance of prevailing." *Id.* at 922. Ramona
11  and Cahuilla easily satisfy that standard. Interlocutory Judgment 41, which was incorporated into the
12  final judgment affirmed by the Court of Appeals, established the Tribes' federal reserved water rights
13  with priority dates enforceable against all defendants, leaving only the precise amount of the water
14  entitlement to be determined. The prospect of a final quantification of the Tribes' water rights is
15  much more than a mere "realistic chance."

16     Last, even if conditioning dismissal on payment of attorneys fees is justified, the defendant is
17  entitled only to recover fees or costs for "work which is not useful in continuing litigation between
18  the parties." *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993). Here, the attorneys' work exclusively
19  related to responding to the Notice and Request for Waiver of Service of Summons and preparation
20  of an Answer. If the Tribes decided to re-assert their claims against those Defendants, the attorneys'
21  work on these matters will certainly be "useful" in preparing responses. The nature and scope of the
22  Tribes' water rights claims are likely to be similar to the claims originally asserted against these
23  Defendants. Even if they differ, the Defendants would have available the same defenses asserted in
24  the Answers filed at this stage of the case. The Defendants cannot show that their work in
25  responding here will not be useful in future proceedings or in a new action.[2]

26  _____

27      [2] In any event, counsel seeking attorneys fees as a condition of dismissal without
    prejudice must provide adequate documentation of attorneys fees incurred, with an itemization to
28  allow a determination of whether the fees are reasonable. The conclusory allegations in
    counsels' declarations are inadequate. *See, e.g., Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.
    1985) (requiring billing statements and time sheets "in order to allow the district court to

**B.      Defendant Bryan D. Sampson's Request for Dismissal With Prejudice Should Be Denied.**

Defendant Sampson argues that dismissal without prejudice would "unfairly affect" him by allowing the Tribes to assert claims against him in the future.  It is a complete answer to this objection to say that the Ninth Circuit has held that "[t]he threat of future litigation which causes uncertainty, because the dispute remains unresolved, is insufficient to establish plain legal prejudice." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  He would not be bound by the determination of the Tribes' water rights claims, and would be free to challenge them if the necessity arose in the future.  There can be no legal prejudice under these circumstances.

Defendant Sampson suggests that the Tribes' have unreasonably refused to stipulate to a dismissal with prejudice.  On the contrary, the Tribes have in good faith considered every reasonable proposal and sought diligently to resolve their claims through settlement discussions.  Defendant Sampson sought a dismissal that would have in legal effect barred the Tribes from asserting claims against him in the future, but that would not have barred him from challenging the Tribes' water rights in future litigation.  This proposal was unacceptable to the Tribes, and the parties could not agree on an appropriate means to address the Tribes' concerns before the deadline for responding to the Joint Motion to Dismiss expired.[3]

Defendant Sampson asserts water rights as a successor to a party whose rights were adjudicated in Interlocutory Judgment 39A.  That judgment provides that as between Defendant Sampson's predecessor and the United States, each party had quieted title to water against the other, and each was precluded from making adverse claims against the other.  Interlocutory Judgment No. 39A, Interlocutory Judgment II.  From the Tribes' perspective, the problem is that IJ 39A does not expressly quiet their title to water rights as against Defendant Sampson, nor does it bar him from asserting claims against the Tribes in the future.  The Tribes proposed that these provisions be

---

determine reasonable attorney's fees).

[3] The statements and positions of the Tribes in these settlement discussions are inadmissible to prove any relevant fact with regard to the motions to dismiss, because they are "conduct or statements made in compromise negotiations" within the meaning of Rule 408(a)(2) of the Federal Rules of Evidence.

1    included in a stipulation dismissing claims against Defendant Sampson.  With those provisions

2    included, the Tribes were willing to dismiss claims against Defendant Sampson with prejudice.  That

3    proposal was rejected.

4            Because Interlocutory Judgment 39A leaves the Tribes open to adverse claims from

5    Defendant Sampson, the Tribes oppose dismissal with prejudice.  The Tribes must retain the ability

6    to defend any such claims by asserting their federal reserved water rights.  Dismissal with prejudice

7    would, of course, be an adjudication on the merits and leave the Tribes powerless to protect their

8    water rights.

9            The doctrine of the law of the case does not require that Defendant Sampson be dismissed

10   with prejudice.  As noted above, Interlocutory Judgment No. 39A does not finally adjudicate the

11   Tribes' water rights in relation to Defendant Sampson.  The doctrine of collateral estoppel does not

12   apply here because the Tribes' intervention in this case is not a "future lawsuit" within the meaning

13   of the doctrine.  Defendant Sampson is seeking to preclude claims by the Tribes in the same lawsuit.

14   In any event, the Tribe is not seeking to relitigate any issue in relation to Defendant Sampson; the

15   relevant interlocutory judgments do not determine the "ultimate facts" as between them.

16           Finally, Defendant Sampson's request for conditioning dismissal without prejudice on the

17   payment of attorneys fees should be denied, for the reasons set forth in section A above.

18   ///

19   ///

20   ///

21

22

23

24

25

26

27

28

# CONCLUSION

The Tribes' motions to dismiss and motion to amend their complaints should be granted. No party would suffer legal prejudice by limiting the adjudication of the Tribes' water rights to the Anza-Cahuilla Sub-Basin. No conditions on dismissal are necessary to avoid unfairness to any party.

Respectfully submitted,

Dated: April 20, 2009

ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP

By: /s/Curtis G. Berkey
    Curtis G. Berkey
    Scott W. Williams
    2030 Addison Street, Suite 410
    Berkeley, California 94704
    Tel: 510/548-7070
    Fax: 510/548-7080
    E-mail: cberkey@abwwlaw.com
    E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor,*
*Ramona Band of Cahuilla*

COAST LAW GROUP LLP

By: /s/Marco Gonzales
    Marco Gonzales
    169 Saxony Road, Suite 204
    Encinitas, CA 92024
    Tel: 760/942-8505
    Fax: 760/942-8515

*Attorney for Plaintiff-Intervenor,*
*Cahuilla Band of Indians*

McELROY, MEYER, WALKER & CONDON, P.C.

By: /s/Scott B. McElroy
    Scott B. McElroy (Pro Hac Vice)
    M. Catherine Condon (Pro Hac Vice)
    1007 Pearl Street, Suite 220
    Boulder, Colorado
    Tel: 303/442-2021
    Fax: 303/444-3490
    E-mail: sbmcelroy@mmwclaw.com
    E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervenor,*
*Cahuilla Band of Indians*

Case No.: 51cv1247-GT-RBB

## DECLARATION OF SERVICE BY U.S. MAIL

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action.  My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

On April 20, 2009, I caused to be served the following document(s) in <u>United States of America, et al.  v. Fallbrook Public Utility District, et al.</u>, Case No. 51-1247-SD-GT:

1)   **RAMONA BAND OF CAHUILLA AND CAHUILLA BAND OF INDIANS JOINT REPLY TO RESPONSES TO JOINT MOTION TO DISMISS CERTAIN CLAIMS**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Nobuo Komota
c/o Richard Woo
Soliton Tech
2635 N. First Street, Suite 213
San Jose, CA 95134

Agri-Empire, Inc.
P.O. Box 490
San Jacinto, CA 92383

Bill Steele
U.S. Bureau of Reclamation
27708 Jefferson Ave., #202
Temecula, CA 92590

Director
Riverside Co. Planning
4080 Lemon Street, 9th Floor
Riverside, CA 92501

General Manager
Rancho Cal RV Resort CA
P.O. Box 214
Aguanga, CA 92536

SDSU Field Station Programs
ATTN: Matt Rahn, Reserve Director
5500 Campanile Drive
San Diego, CA 92182-4614

Anthony J. Pack, General Manager
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

General Manager
Rainbow MWD
3707 Old Highway 395
Fallbrook, CA 92028-9327

Michael Lopez
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

General Manager
Elsinore Valley MWD
P.O. Box 3000
Lake Elsinore, CA 92330

Jack S. Safely
Western MWD
P.O. Box 5286
Riverside, CA 92517

Arthur L. Littleworth
James B. Gilpin
C. Michael Cowett
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101

Louidar
c/o McMillan Farm Management
29379 Rancho California Road, #201
Temecula, CA 92591

Robert H. James, Esq.
SACHSE, JAMES & LOPARDO
205 W. Alvarado St., Suite 1
Fallbrook, CA 92028

Richard & Christine McMillan
Gary & Patricia McMillan
McMillan Farm Management
29379 Rancho California Road, Suite 201
Temecula, CA 92362

Darwin Potter
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

John Rossi, General Manager
Western MWD
P.O. Box 5286
Riverside, CA 92517

James Carter
P.O. Box 28739
Santa Ana, CA 92799-8739

Brian Brady, General Manager
Rancho California WD
P.O. Box 9017
Temecula, CA 92589-9017

Michael E. McPherson, Esq.
344 Plumosa Avenue
Vista, CA 92083

Manuel Hamilton
Joseph Hamilton
P.O. Box 391372
Anza, CA 92539

Assistant Chief of Staff
Environmental Security
Box 555008
Marine Corps Base
Camp Pendleton, CA 92055-5008

Keith Lewinger, General Manager
Fallbrook Public Utility District
P.O. Box 2290
Fallbrook, CA 92088

Mike Luker
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Counsel Western Bases
P.O. Box 555231
Marine Corps Base - Bldg. 1254
Camp Pendleton, CA 92055-5231

Tulvio Durand, Chairman
AVMAC
P.O. Box 390908
Anza, CA 92539

Linda Garcia
Riverside Co. Flood Control and Water Conservation Dist.
1995 Market Street
Riverside, CA 92501

Larry Minor
P.O. Box 398
San Jacinto, CA 92581

Craig Elitharp, Director of Operations
Rancho California Water District
P.O. Box 9017
Temecula, CA 92589-9017

David Glazer, Esq.
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

Leslie Cleveland
U.S. Bureau of Reclamation
27708 Jefferson Avenue, #202
Temecula, CA 92590

Peter E. Von Haam, Sr. Deputy General Counsel
Metropolitan Water District of Southern California
P.O. Box 54153
Los Angeles, CA 90054

Pamela Williams
Office of the Solicitor
U.S. Department of the Interior
Division of Indian Affairs
1849 C Street, NW, Room 6456
Washington, D.C. 20240

Elsa Barton
217 No. Palm
Hemet, CA 92543

Anza Mutual Water Company
P.O. Box 390117
Anza, CA 92539-0117

Chairperson
Cahuilla Band of Indians
P.O. Box 391760
Anza, CA 92539

Amy Gallaher
Metropolitan Water District
P.O. Box 54153
Los Angeles, CA 90054-0153

Stephen B. Reich
Stetson Engineers, Inc.
2171 E. Francisco Blvd., Suite K
San Rafael, CA 94901

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Mary E Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J Machado
Pamela M. Machado
P O Box 391607
Anza, CA 92539

Marianne E. Pajot
40225 Curry Court
Aguanga, CA 92536-9742

Jeffry F. Ferre
Jill N. Willis
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, CA 92502

Don Forsyth
Metropolitan Water District
33752 Newport Road
Winchester, CA 92596

Assistant Chief of Staff, Facilities
Attn: Office of Water Resources
Box 555013
Camp Pendleton, CA 92055-5013

James J. Fletcher
U. S. Department of the Interior
Bureau of Indian Affairs
1451 Research Park Drive
Riverside, CA 92507-2471

Mark Shaffer
6837 NE New Brooklyn Road
Bainbridge Island, WA 98110

Thomas Perkins
7037 Gaskin Place
Riverside, CA 92506

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

Billy Ward
P O Box 5878
San Diego, CA 92165

John S Wilson
Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Barbara J Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

Louidar
P.O. Box 891510
Temecula, CA 92591

Eugene Franzoy
Franzoy Consulting, Inc.
1392 W. Stacey Lane
Tempe, AZ 85284

Steve Larson
S.S. Papadopilos & Associates
7944 Wisconsin Ave.
Bethesda, MD 20814-3320

Wiederrich Family Trust
13440 St. Andrews Place
Poway, CA 92064

   I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration
was executed on April 20, 2009, at Berkeley, California.

_____
Martha Morales