1

2  Marco A. Gonzalez (SBN 190832)
   COAST LAW GROUP, L.L.P.
3  169 Saxony Road, Suite 204
   Encinitas, California 92024
4  Tel: 760-942-8505, Fax: 760-942-8515
   marco@coastlawgroup.com
5
   Scott B. McElroy (Pro Hac Vice)
6  M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
7  1007 Pearl Street, Suite 220
   Boulder, Colorado  80302
8  Tel:  303-442-2021, Fax: 303-444-3490
   sbmcelroy@mmwclaw.com
9  ccondon@mmwclaw.com
   *Attorneys for Plaintiff in Intervention,*
10   *Cahuilla Band of Indians*

11 Curtis G. Berkey
   ALEXANDER, BERKEY, WILLIAMS
12   & WEATHERS, L.L.P.
   2030 Addison Street, Suite 410
13 Berkeley, CA 94704
   Tel: 510-548-7070, Fax: 510-548-7080
14 cberkey@abwwlaw.com
   *Attorney for Plaintiff in Intervention*
15   *the Ramona Band of Cahuilla*

16              **IN THE UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**

17 UNITED STATES OF AMERICA,          )   Case No. 51-cv-1247-GT-RBB
                                      )
18         Plaintiff,                 )
                                      )
19 RAMONA BAND OF CAHUILLA,           )   **RESPONSE OF CAHUILLA BAND OF**
   CAHUILLA BAND OF INDIANS,          )   **INDIANS AND RAMONA BAND OF**
20 federally recognized Indian tribes, )  **CAHUILLA TO GREGORY V. BURNETT'S,**
                                      )   **GORDON LANIK'S, AND MATTHEW R.**
21         Plaintiffs in Intervention, )  **RANTANEN'S MOTION TO QUASH SERVICE**
                                      )   **OF SUMMONS, OR IN THE ALTERNATIVE,**
22         v.                         )   **MOTION TO DISMISS**
                                      )
23 FALLBROOK PUBLIC UTILITY           )   Hearing Date:   May 11, 2009
   DISTRICT, a public service corporation )  Time:        10:00 a.m.
24 of the State of California, et al.,  )  Courtroom:      B
                                      )
25         Defendants.                )   Hon. Ruben B. Brooks
   _____ )

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    THE DEFENDANTS LACK STANDING TO FILE THEIR MOTION
            ON BEHALF OF ALL PARTIES NAMED ON THE LIST . . . . . . . . . . . . . . . . 2

       B.    A MOTION UNDER FED. R. CIV. P. 12(b)(5) IS INAPPLICABLE
            BECAUSE A WAIVER REQUEST IS NOT AN ATTEMPT TO
            EFFECTUATE SERVICE OF PROCESS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       C.    IN THE ALTERNATIVE, THE TRIBES SUFFICIENTLY COMPLIED
            WITH FED. R. CIV. P. 4(d) IN  REQUESTING WAIVERS OF SERVICE . . . . 6

            1.    Fed. R. Civ. P. 4 Is a "Flexible" Rule That must Be "Liberally
                 Construed," Thus Third-class Mail Is an "Other Reliable Means."  . . . . . 6

            2.    The Defendants Have a Duty to Waive Service upon Receipt
                 of a Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            3.    The Purposes of Fed. R. Civ. P. 4(d) Were Met and Not Otherwise
                 Undermined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            4.    Third-class Mailing Did Not Prejudice the Defendants . . . . . . . . . . . . . . 10

       D.    THE TRIBES ARE NOT REQUIRED TO SERVE PROCESS ON ALL
            PROPERTY OWNERS AT THIS TIME  . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            1.    The Defendants Lack Standing to Assert the Due Process Rights
                 of Other Property Owners, but the Merits of Their Argument
                 Still Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            2.    The Defendants Lack Standing to Move to Quash Service on
                 Behalf of Prior Owners, but in Any Event, the Tribes Are Not
                 Substituting Service on Current Property Owners with Service
                 on Prior Owners . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       E.    THE TRIBES ARE NOT ATTEMPTING TO SHIFT THE BURDEN OF
            OBTAINING WAIVERS ONTO THE DEFENDANTS  . . . . . . . . . . . . . . . . . 13

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

PROOF OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tribes' Response to Motion to Quash                                   Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                          i

## **TABLE OF AUTHORITIES**

**CASES**

*Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Allen v. Wright*, 468 U.S. 737 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356 (D.D.C. 2007) . . . . . . . . 4, 5

*Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . 9

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
    840 F.2d 685 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-10

*Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251
    (D. Minn. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Estate of Darulis v. Garate*, 401 F.3d 1060 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Guth v. Andersen*, 118 F.R.D. 502 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Homer v. Jones-Bey*, 415 F.3d 748 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . 5

*Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ribbens Int'l., S.A. de C.V. v. Transport Int'l. Pool, Inc.*,
    45 F. Supp. 2d 982 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124
    (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-11

*Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*,
    256 F.3d 879 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Trevino v. D.H. Kim Enterprises, Inc.*, 168 F.R.D. 181 (D. Md. 1996) . . . . . . . . . . . . . . . 7, 11

*Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 6

*Tso v. Delaney*, 969 F.2d 373 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*United Food & Commercial Workers Union v. Alpha Beta Co.*,
    736 F.2d 1371 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                              ii

*United States v. Viltrakis*, 108 F.3d 1159 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Warth v. Seldin*, 422 U.S. 490 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**RULES**

28 U.S.C. § 2680(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

Fed. R. Civ. P. 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 84 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**OTHER AUTHORITIES**

4A Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1092.1 (3d ed.2009) . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

5B Charles Alan Wright & Arthur R. Miller,
        Federal Practice and Procedure § 1353 (3d ed. 2009) . . . . . . . . . . . . . . . . . . . . . . . 4

9A Charles Alan Wright & Arthur R. Miller,
        Federal Practice and Procedure § 2459 (3d ed. 2009) . . . . . . . . . . . . . . . . . . . . . . . 2

Black's Law Dictionary 980 (7th ed. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                  iii

# I. **INTRODUCTION**.

The Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively "Tribes") respectfully request the Court to deny, or in the alternative dismiss, the motion to quash service filed by Defendants Gregory V. Burnett, Gordon Lanik, and specially appearing Matthew R. Rantanen (collectively "Defendants"). *See Notice of Motion and Motion to Quash Service of Summons, or in the Alternative, Motion to Dismiss; Memorandum of Points and Authorities* (Apr. 8, 2009) ("Motion").

The Defendants raise several issues with respect to the Tribes' attempt to request a waiver of service of process pursuant to FED. R. CIV. P. 4(d).  First, they contend that transmission of the waiver requests via third-class mail was insufficient to satisfy that rule's requirements.  Motion at 3-5.  Second, they argue that the Tribes are required to request a waiver from all title holders of record for each parcel of land.  *Id.* at 5-9.  Third, they claim that waiver requests sent to predecessor owners are invalid as to current owners.  *Id.* at 9-10.  Based on the foregoing, the Defendants move the Court, purportedly on behalf of all 2,235 parties named on the Tribes' *List of Parties Served with Notice of Lawsuit and Request for Waiver of Service of Summons* ("List"), Exh. B to *Declarations of (1) Gregory V. Burnett; (2) Ruthann Oehlerkiing; (3) Gordon Lanik; (4) and Matthew R. Rantanen; and Exhibits Filed in Support of Motion to Quash or Alternatively, Motion to Dismiss* (Apr. 8, 2009) ("Declarations"), to quash service or dismiss pursuant to FED. R. CIV. P. 12(b)(5).  To the extent the Defendants seek dismissal, their motion is outside the scope of the order lifting the stay.  *See Order Partially Lifting Stay* (Mar. 12, 2009) ("March 12 Order").  For all of the reasons discussed below, the Court should deny Defendants' Motion.

Tribes' Response to Motion to Quash
Service of Summons, or in the Alternative,
Motion to Dismiss

1

Case No. 51-cv-1247-GT-RBB

1

## II. <u>ARGUMENT</u>.

2

**A.    THE DEFENDANTS LACK STANDING TO FILE THEIR MOTION ON BEHALF OF ALL PARTIES NAMED ON THE LIST.**

3

4

As a preliminary matter, the Defendants do not possess the necessary standing to ask the

5

Court, on behalf of all 2,235 parties named on the List, to quash service.  It is well-settled that a

6

party "must assert his own legal rights and interests, and cannot rest his claim to relief on the

7

legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *accord*

8

*Allen v. Wright*, 468 U.S. 737, 751 (1984) ("general prohibition on a litigant's raising [of]

9

another person's legal rights").  Moreover, a party not suffering an "injury in fact" has no

10

standing to sue or motion the Court for relief.  *Table Bluff Reservation (Wiyot Tribe) v. Philip*

*Morris, Inc.*, 256 F.3d 879, 886 (9th Cir. 2001).

11

The requirements of FED. R. CIV. P. 4 "are designed to protect the served party's rights

12

and interests," so naturally, defects in service potentially threaten "only the rights of the served

13

party."  *Ribbens Int'l., S.A. de C.V. v. Transport Int'l. Pool, Inc.*, 45 F. Supp. 2d 982, 984 (C.D.

14

Cal. 1999).  Hence, "any defect in service must be complained of by the served party, or not at

15

all."  *Id.*; *accord United States v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997) ("the person

16

served with process is the proper party to allege error") (citations omitted); *see also Brown v.*

17

*Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (party lacks standing to move for a stay on behalf of

18

a nonparty not joining in the motion); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

19

FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2009) (parties generally lack standing to

20

move to quash subpoenas issued to third parties).  Although the Tribes' waiver requests were not

21

attempts to effect service of process, *see infra* Section II.B., the reasoning of the above-cited

22

cases are equally applicable here, where the Defendants move the Court to quash service on

23

behalf of 2,235 other parties.

24

In addition, the Defendants do not account for parties on the List who already returned a

25

waiver request, they do not assert that every party on the List joins in, or even agrees with, their

26

27

Tribes' Response to Motion to Quash                                          Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                          2

28

1   Motion, nor do they have firsthand knowledge of the facts surrounding each waiver request.  The

2   Defendants also allege certain facts, specifically, failure to receive waiver requests due to

3   nondelivery, *see* Motion at 5, 11, expressly not applicable to them.  *See* Declarations ¶ 3, at 2,

4   ¶ 2, at 30, ¶ 2, at 32.  For all of these reasons, the Defendants lack the necessary standing to

5   assert rights on behalf of other parties.  As a result, segments of the Defendants' alleged facts are

6   simply irrelevant as to their own rights and should not be considered by the Court in ruling on

7   the Motion.

8   **B.      A MOTION UNDER FED. R. CIV. P. 12(b)(5) IS INAPPLICABLE BECAUSE A
            WAIVER REQUEST IS NOT AN ATTEMPT TO EFFECTUATE SERVICE OF
9           PROCESS.**

10          Serving process and requesting a waiver are entirely distinct acts and a motion to quash a

11  waiver request is improper.  Unlike service of process, a waiver request provides the recipient

12  with only two choices:  (1) waive service of process; or (2) decline to waive service of process.

13  The Defendants display a fundamental misunderstanding of FED. R. CIV. P. 4(d) when they

14  describe the Tribes' waiver requests as "service of process" or "service of summons" and

15  generally mischaracterize the requests as attempts to effectuate formal service.  *See* Motion at 1-

16  5, 8, 10, 11.  In addition, Defendant Burnett declares, in a circuitous and perplexing fashion, that

17  he declines to waive service because "the Tribes have not properly served their respective First

18  Amended Complaint[s]."  Declarations ¶ 5, at 2.  FED. R. CIV. P. 4(d) is meant to dispense with

19  formal service, a point which the Defendants apparently fail to grasp.  Moreover, as explained

20  below, a request for waiver cannot invoke a motion, pursuant to FED. R. CIV. P. 12(b)(5), from

21  the recipient of that request.

22          Requesting a waiver and formally serving process are separate acts.  Indeed, requesting a

23  waiver under FED. R. CIV. P. 4(d) "is not process service at all and can't be taken as such in any

24  sense."  David D. Siegel, *Practice Commentary* (FED. R. CIV. P. 4), at C4-17.  To explain, the

25  "transmission of the notice and waiver forms is a private nonjudicial act, *does not purport to*

26  *effect service*, and is not accompanied by any summons or directive from a court."  FED. R. CIV.

27  Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
    Service of Summons, or in the Alternative,
28  Motion to Dismiss                                   3

1  P. 4(d) advisory committee's note (1993) ("1993 committee's note") (emphasis added); *accord*

2  4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE

3  § 1092.1 (3d ed.2009) (it is "more accurate to describe the communication sent to the defendant

4  as a request for a waiver of formal service, not as service itself"); *see Notice of Lawsuit and*

5  *Request for Waiver of Service of Summons* at 2 (Mar. 26, 2008) ("Notice") ("This Notice is not a

6  summons or official notification from the federal court.").  Unlike service of process, a plaintiff's

7  decision to request a waiver is purely voluntary.  FED. R. CIV. P. 4(d)(1) (plaintiff "may" notify

8  defendant and request waiver); 4A WRIGHT & MILLER, *supra*, § 1092.1 ("plaintiffs are under no

9  obligation to utilize this process").  Also unlike service of process, unless a defendant consents

10  to a waiver request, mere receipt of the request does not obligate an answer to the complaint,

11  cannot provide the basis for a default judgment, and does not suspend the statute of limitations in

12  states where it runs until service actually occurs.  1993 committee's note.  Clearly, FED. R. CIV.

13  P. 4(d) "is not a rule about 'service by mail' at all, but rather a rule about 'waiver of service.'"

14  *Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1362 (D.D.C. 2007).

15       As a result, motions to quash service or dismiss are improper with respect to waiver

16  requests.  FED. R. CIV. P. 12(b)(5) authorizes parties to defend actions by asserting "insufficient

17  service of process."  "Process" is legally defined as a "summons or writ, esp. to appear or

18  respond in court."  BLACK'S LAW DICTIONARY 980 (7th ed. 2000); *accord* FED. R. CIV. P. 4.1(a)

19  ("Process other than a summons as provided in  Rule 4 ");1993 committee's note ("The revised

20  rule is entitled 'Summons' and applies only to that form of legal process.").  Hence, motions

21  pursuant to FED. R. CIV. P. 12(b)(5) are "the proper vehicle for challenging the mode of delivery

22  or the lack of delivery of the *summons* and complaint."  5B CHARLES ALAN WRIGHT & ARTHUR

23  R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2009) (emphasis added).  Again,

24  however, unlike service of process, requesting a waiver is a "private" and "nonjudicial" act

25  which is "not accompanied by any summons or directive from a court" and does not compel an

26  answer to the complaint.  1993 committee's note; *accord* Siegel, *supra*, at C4-17 ("anything even

27

28

Tribes' Response to Motion to Quash                                                        Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                          4

1    called a 'summons' is deliberately kept out of the picture to help assure that the request will not

2    be taken . . . as a judicial or governmental act").

3           The Defendants do not, and cannot, cite to any authority supporting the propriety of their

4    Motion at this stage in the process.  In spite of their suggestions otherwise, not one case cited by

5    the Defendants analyzes a plaintiff's specific compliance with FED. R. CIV. P. 4(d) pursuant to a

6    motion to quash service or dismiss.  *See* Motion at 3 (citing *Tso v. Delaney*, 969 F.2d 373 (7th

7    Cir. 1992); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *Guth v.*

8    *Andersen*, 118 F.R.D. 502, 504 (N.D. Cal. 1988)).  Indeed, each of those cases was decided prior

9    to the 1993 amendments that added the waiver provision; each also construed a "service by

10   mail" provision that no longer exists and that, when utilized by the plaintiff and acknowledged

11   by the defendant, actually effectuated service.  *Tso*, 969 F.2d at 374; *Montalbano*, 766 F.2d at

12   738; *Guth*, 118 F.R.D. at 503; *see* FED. R. CIV. P. 4(c)(2)(C)(ii) (1992).  Reliance on cases that

13   predate the current waiver of service provision is a "fatal flaw[]."  *Cambridge Holdings*, 489

14   F.3d at 1362; *accord Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 254

15   (D. Minn. 1997) (case relied on by defendant "is inapposite since it involves the pre-amendment

16   language of the Rule").  Indeed, the current waiver provision "does not have the prior rule's

17   potential . . . of itself qualifying as service and securing jurisdiction of the defendant's person,"

18   Siegel, *supra*, at C4-17, so analysis under the prior rule necessarily differed from that under the

19   current provision.  Moreover, these cases all turned on the plaintiffs' complete failure to serve

20   the defendants after their attempts to serve by mail went unacknowledged, a matter going "to the

21   very heart" of FED. R. CIV. P. 4.  *Guth*, 118 F.R.D. at 504; *accord Tso*, 969 F.2d at 376-77;

22   *Montalbano*, 766 F.2d at 740; *see Homer v. Jones-Bey*, 415 F.3d 748, 757 (7th Cir. 2005)

23   ("while technical shortcomings in service may be excusable (especially where the party to be

24   served has actual notice of the lawsuit), a complete failure of service is not").

25          Clearly, as the cases above all demonstrate, a failure to serve process may be addressed

26   by a motion under FED. R. CIV. P. 12(b)(5).  The Tribes acknowledge that if they ultimately fail

27

28   Tribes' Response to Motion to Quash                                          Case No. 51-cv-1247-GT-RBB
     Service of Summons, or in the Alternative,
     Motion to Dismiss                                          5

1  to serve process upon any defendant who declines to waive service, a motion to dismiss for

2  insufficient service of process will be proper *at that time* and if filed *by that defendant*.  Here,

3  however, the Tribes' waiver requests were not attempts to effectuate service, so a motion to

4  quash service or dismiss is premature or otherwise improper.

5        Again, defendants have only two choices:  (1) waive service; or (2) decline to waive

6  service.  If the Defendants believe that a technical error or any other legal issue relieves them of

7  their duty to waive service, then they are free to act accordingly.  As explained below, however,

8  the Tribes believe this decision will only result in the imposition of costs on the Defendants,

9  including the attorneys' fees, later incurred in making formal service of process.  *See* FED. R.

10  CIV. P. 4(d)(2); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("a

11  defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so, as long

12  as it is willing to pay for the privilege").

13  **C.    IN THE ALTERNATIVE, THE TRIBES SUFFICIENTLY COMPLIED WITH
FED. R. CIV. P. 4(d) IN  REQUESTING WAIVERS OF SERVICE.**

14        The Defendants' loud complaints about the third-class mailing of the waiver requests

15  compel a response.  *See* Motion at 3-5.  Under a fair reading of the rule, the Tribes complied

16  with the intent and spirit of the provisions for requesting a waiver.  This is certainly the case

17  when those provisions are liberally construed, as the Ninth Circuit requires.  Furthermore, the

18  Defendants have a duty to avoid unnecessary expenses related to service of process and to

19  cooperate with the Tribes, the purposes of the rule were met and not otherwise undermined, and

20  no prejudice resulted from the alleged technical defects.  For all of these reasons also, the Tribes'

21  waiver requests are legally sufficient and the Defendants had a duty to return the requested

22  waivers.

23       **1.    FED. R. CIV. P. 4 Is a "Flexible" Rule That must Be "Liberally Construed,"
Thus Third-class Mail Is an "Other Reliable Means."**

24

25        The Ninth Circuit regards FED. R. CIV. P. 4 as a "'flexible'" rule that must be "'liberally

26  construed.'"  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d

27

28

Tribes' Response to Motion to Quash                            Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss             6

685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)); *accord Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *see also Guth*, 118 F.R.D. at 504; 4A WRIGHT & MILLER, *supra*, § 1083.  Hence, technical violations with respect to service of process are often excusable.  *See e.g.*, *Direct Mail*, 840 F.2d at 688-89 (service of process on secretary, rather than on officer, excused); *Borzeka*, 739 F.2d at 446-47 (service of process on United States by mail, rather than personal service, does not always require dismissal); *United Food*, 736 F.2d at 1382 (summons specifying incorrect time for filing of answer not grounds for dismissal).

If the above-described leniency applies to service of the actual summons, then the same leniency, if not more, certainly applies to the nonjudicial and voluntary act of requesting a waiver.  Indeed, even when a plaintiff attempted to utilize the "service by mail" provision that was previously stricken from the rule, *see supra* Section II.B., did not use the official form promulgated pursuant to FED. R. CIV. P. 84, and allowed only twenty days for the waiver to be returned instead of the required minimum of thirty days, *see* FED. R. CIV. P. 4(d)(1)(F), a district court considered this a "slight variation from the established procedure" and disregarded it. *Trevino v. D.H. Kim Enterprises, Inc.*, 168 F.R.D. 181, 183 (D. Md. 1996); *see also Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125-26 (S.D.N.Y. 1999).

When the preceding rules of construction are applied, as is required, to a reading of FED. R. CIV. P. 4(d)(1)(G), it is clear that the Tribes utilized a "reliable means" of transmitting the waiver requests.[1]  As with all of FED. R. CIV. P. 4, "'reliable means' should be interpreted fairly

---

[1] The statutory canon of construction ejusdem generis, on which Defendants rely, is inapplicable here.  The phrase "first class mail or other reliable means" does not lend itself to application of the canon because the phrase is in the disjunctive, with one specific and one general category.  The canon is typically applied where "a list of specific items separated by commas [is] followed by a general or collective term."  *Ali v. Federal Bureau of Prisons,* 128 S.Ct. 831, 839 (2008) (rejecting application of the canon to the phrase "'any officer of customs or exercise or any other law enforcement officer'") (quoting 28 U.S.C. § 2680(c)).

Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                   7

1   broadly." 4A WRIGHT & MILLER, *supra*, § 1092.1; *accord Direct Mail*, 840 F.2d at 688 (entire

2   rule is "flexible" and must be "liberally construed").  Furthermore:

3           The rule appears to be little concerned with the method of sending the
        waiver request for the reason that the plaintiff has every incentive to

4           use a method that will work.  After all, if the defendant doesn't get
        actual hold of the waiver request, the plaintiff can hardly expect to

5           get back a waiver.

6   Siegel, *supra*, at C4-17.

7           The fact that each waiver request at issue here was received by the addressees without

8   delay, *see* Declarations ¶ 3, at 2, ¶ 2, at 30, ¶ 2, at 32, is irrefutable evidence that third-class mail

9   was reliable in these instances.  Since the Ninth Circuit considers the "actual receipt" of the

10  summons and complaint in determining the validity of process, *Direct Mail*, 840 F.2d at 688-89

11  ("actual receipt of process by the correct person may be a factor in finding process valid when

12  there are other factors that make process fair"), then certainly the "actual receipt" of waiver

13  requests evidences the reliability of third-class mail here.  The allegation that other "mailings

14  reached the bottom of a trash can," Motion at 5, is simply irrelevant to the Defendants.  *See*

15  *supra* Section II.A.  While any defendants not in receipt of a waiver request may potentially

16  argue that, as applied to them, third-class mail was unreliable, *see* 1993 committee's note (failure

17  to receive a waiver request is "sufficient cause" not to waive), such an argument is absurd when

18  raised by the Defendants who received the waiver requests.

19          Evidence of actual receipt, together with a liberal reading of FED. R. CIV. P. 4(d)'s

20  flexible requirements, can lead to only one conclusion -- third-class mail was a reliable means of

21  transmission as to the Defendants.

22          **2.      The Defendants Have a Duty to Waive Service upon Receipt of a Request.**

23          Although the Tribes were not required to request waivers, the Defendants have "a *duty* to

24  avoid unnecessary expenses of serving the summons" upon receipt of such requests.  FED. R.

25  CIV. P. 4(d)(1) (emphasis added); *accord Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th

26  Cir. 2005); *Stapo*, 190 F.R.D. at 125 ("duty" is specific and clear).  If the Defendants, therefore,

27

28

cannot show "good cause" for failing to waive, "the court must impose" on them the expenses incurred by the Tribes in later making formal service, including the attorneys' fees.  FED. R. CIV. P. 4(d)(2); *see Estate of Darulis*, 401 F.3d at 1063-64 (costs imposed regardless of who prevails at trial); *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601, 602-03 (N.D. Cal. 2005); 1993 committee's note ("rule operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably," or, defendant has a "duty to cooperate"). In other words, "'[d]efendants that magnify costs of service by requiring expensive service not necessary . . . are required to bear the wasteful costs.'"  *Stapo*, 190 F.R.D. at 126 (quoting 1993 committee's note).  This duty is a firm one, so "sufficient cause should be rare."  1993 committee's note (providing only two examples where "sufficient cause" may exist: when a defendant (1) does not receive the request; or (2) is not literate in English); *accord Estate of Darulis*, 401 F.3d at 1064 (relying on 1993 committee's note).  Furthermore, the Defendants' statutory duty to waive service is particularly compelling if the Court also considers the fulfillment of the rule's purposes and the complete absence of prejudice.  *See Stapo*, 190 F.R.D. at 126.

### 3.    The Purposes of FED. R. CIV. P. 4(d) Were Met and Not Otherwise Undermined.

The Tribes fulfilled the purposes of FED. R. CIV. P. 4 through the transmission of their waiver requests.  The general purpose of the rule is to provide defendants with "adequate notice."  *Direct Mail*, 840 F.2d at 688.  The specific purposes of FED. R. CIV. P. 4(d) are "'to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.'"  *Estate of Darulis*, 401 F.3d at 1063 (quoting 1993 committee's note). The obvious purpose for requiring that a waiver request be sent by a "reliable means," FED. R. CIV. P. 4(d)(1)(G), is to ensure that it actually and timely reaches the intended recipient.  *See Stapo*, 190 F.R.D. at 125 (same purpose for requirement that waiver requests be addressed to an

Tribes' Response to Motion to Quash                                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                              9

1   officer or agent of a corporation).  Moreover, the Ninth Circuit requires that FED. R. CIV. P. 4 "be

2   applied in a manner that will best effectuate [its] purpose."  *Direct Mail*, 840 F.2d at 688.

3          When the Defendants timely received the Tribes' waiver requests, two of the above-

4   mentioned purposes were immediately met.  That is, the intended recipients actually received

5   both the waiver requests and adequate notice.  Furthermore, third-class transmission of the

6   requests did not undermine the purposes of saving costs and fostering cooperation.  As the Ninth

7   Circuit held, rather, these purposes are "undermined if a defendant who creates unnecessary

8   costs can gamble that he or she will be able to sidestep Rule 4(d)(2)."  *Estate of Darulis*, 401

9   F.3d at 1063.  Hence, the Defendants thwart the purposes of FED. R. CIV. P. 4(d) when they

10  needlessly object to an alleged technical violation of the rule that, even if true, caused absolutely

11  no prejudice.  *See Stapo*, 190 F.R.D. at 125-26 (When the appropriate person timely received a

12  waiver request, "the technical error . . . of not naming a specific officer neither undermined the

13  purposes of Rule 4(d) nor prejudiced [the defendant] in the slightest.").  Also, applying the rule

14  in the manner requested by the Defendants will not effectuate the rule's purposes of saving

15  expenses and fostering cooperation.  *See Direct Mail*, 840 F.2d at 688; 1993 committee's note

16  ("purpose of the rule would be frustrated" absent the cost-shifting provision in favor of plaintiff).

17          **4.      Third-class Mailing Did Not Prejudice the Defendants.**

18          The Defendants make no claim, nor can they, that they personally were prejudiced by the

19  Tribes' third-class transmission of the waiver requests.  They baldly assert that third-class mail

20  violates due process, Motion at 5, but fail to explain how this voluntary act violates *their* rights.

21  *See* 4A WRIGHT & MILLER, *supra*, § 1074 ("The use of ordinary mail for the notice required by

22  Rule 4(d)(2) for securing the waiver of formal service of process also poses no threat to a

23  defendant's due process rights.").  Nor do the Defendants account for the fact that formal service

24  must still be effected on any defendant that declines to waive or did not receive a request.  Of

25  course, the case was stayed following the mailing of the waiver requests.  Furthermore, "[a]t

26  every stage of the proceeding, the court must disregard all errors and defects that do not affect

27  Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
28  Service of Summons, or in the Alternative,
    Motion to Dismiss                                    10

any party's substantial rights." FED. R. CIV. P. 61.  Hence, the Ninth Circuit deems "meritless" an insufficient service of process defense whenever a defendant "fail[s] to present any evidence suggesting that it [is] prejudiced in the least by [a] minor defect in the summons." *United Food*, 736 F.2d at 1382 (citing FED. R. CIV. P. 61); *accord Stapo*, 190 F.R.D. at 125-26.  Again, if this defense is given such short shrift with respect to a summons, or process, then certainly a similar defense must fail with respect to a waiver request, a nonjudicial document voluntarily sent by the Tribes.  *See Stapo*, 190 F.R.D. at 125-26; *Trevino*, 168 F.R.D. at 182-83.

**D.      THE TRIBES ARE NOT REQUIRED TO SERVE PROCESS ON ALL PROPERTY OWNERS AT THIS TIME.**

        The Defendants misconstrue FED. R. CIV. P. 4(d) by arguing that the Tribes' waiver requests are legally deficient because not all co-owners of property were mailed waiver requests.  *See* Motion at 5-9.  The Defendants also misconstrue the rule by arguing that service of process on prior owners is invalid as to current owners.  *See id.* at 9-10.  Neither of these arguments hold water with respect to waiver requests, however, so again, they are not grounds supporting the Defendants' Motion.  Moreover, the case has been stayed since shortly after the waiver requests were mailed.  *Order Granting Joint Motion for a Temporary Stay of Proceedings Pending Settlement Discussions* (June 30, 2008).  Thus, the Tribes have not taken formal steps to resolve the issues surrounding the need to serve co-owners or current owners who may not have received the waiver requests, although the Tribes have continued to work with the United States and other parties to address the issues that have arisen.

        **1.      The Defendants Lack Standing to Assert the Due Process Rights of Other Property Owners, but the Merits of Their Argument Still Fail.**

        First, the Defendants lack standing to assert the due process rights of other parties, so their arguments about insufficient notice with respect to co-owners should be disregarded.  *See supra* Section II.A.  The Defendants' position is flatly wrong, however, so the Tribes nonetheless address the merits below.

Tribes' Response to Motion to Quash                                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                        11

As previously explained, waiver requests are not process, so the act of requesting a waiver is strictly voluntary.  Indeed, by the rule's express terms, whether to seek a waiver is the Tribes' own choice.  FED. R. CIV. P. 4(d)(1) (plaintiff "may" notify defendant and request waiver); *see supra* Section II.B.  The Defendants once more confuse the Tribes' waiver requests with attempts to serve process.  They go on at great length about the type of notice due process requires, but fail to understand that the waiver request provisions are voluntary and not the be-all and end-all of providing notice.  Hence, the Tribes are not obligated to seek waivers from co-owners of property.  That does not relieve those individuals who received a waiver request from the duty of returning the waiver.

A property owner, including a co-owner, who is a proper defendant in this action and who declines to waive service or does not receive a waiver request must be subsequently served with process or otherwise adequately notified of the litigation.  Indeed, if the Tribes fail to serve such a party or provide notice as required by the Court but proceed in this action against such a party, a motion to quash service or dismiss may be filed at that time *by that defendant*.  Whether a particular property owner is a proper defendant does not need to be decided for the purposes of the Defendants' present Motion, however.  Also, the facts surrounding each type of ownership will vary, so the Tribes do not forfeit their right to utilize substituted service of process, or another lawful method, under circumstances that may warrant it in the future.  *See Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967).

2.    **The Defendants Lack Standing to Move to Quash Service on Behalf of Prior Owners, but in Any Event, the Tribes Are Not Substituting Service on Current Property Owners with Service on Prior Owners.**

The Defendants lack standing to move to quash service on behalf of another party, who in this case appear to be prior owners of property who have transferred their ownership interests. *See supra* Section II.A.  Again, however, the Tribes address the merits below.

The Tribes are not attempting to substitute service, as the Defendants claim, on current property owners by serving prior owners.  The Tribes, rather, requested a waiver of service of

Tribes' Response to Motion to Quash                                          Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                   12

process from those individuals who appeared to be the owners of the property, a nonjudicial and voluntary act.  *See supra* Section II.B.  The fact that any defendant or another party who may be a successor owner has not received a waiver request yet, or been served with process, demonstrates nothing other than the difficult task the Tribes currently face in determining all record title holders.[2]  When the Tribes determine the parties who must receive notice of this action, they will take the appropriate steps to provide such notice.  If this includes moving the Court for the substitution of parties, then the Tribes will do so, but that issue is not properly before the Court at this time.  *See* March 12 Order (stay lifted so a motion to quash may be filed on specific grounds).

**E.   THE TRIBES ARE NOT ATTEMPTING TO SHIFT THE BURDEN OF OBTAINING WAIVERS ONTO THE DEFENDANTS.**

The Defendants misconstrue the Notice by complaining that the Tribes are attempting to shift the burden of obtaining waivers onto them.  *See* Motion at 5, 8-9.  The Tribes do not contend that the Defendants are obligated to obtain waivers of service from other parties.  Although the Tribes stated when they sent the waiver requests that the signatures of all co-owners were required, the Tribes did not direct the recipients to seek those signatures.  *See* Notice at 2 ("If you own your property with another person or entity, signatures of both are required.").  Hence, the Defendants' complaint rings hollow.

Moreover, a request to obtain a waiver from co-owners would not in any way invalidate the efforts to seek waivers from the Defendants or other parties who actually received the waiver request.  Indeed, in light of the Defendants' duties "to avoid unnecessary expenses" and "to cooperate," *see supra* Section II.C.2., the Tribes would have been reasonable in making such a request, if only to obtain information about other property owners and thus moving this litigation forward.  The Defendants are free to sign the waivers only themselves, however.

---

[2]The Tribes used the then-current list of property owners maintained by Riverside and San Diego Counties for real property taxes.

Tribes' Response to Motion to Quash                                                    Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                            13

1

### III.  <u>CONCLUSION.</u>

2        For all of the foregoing reasons, the Tribes respectfully request the Court to deny the

3   Defendants' motion to quash service or dismiss pursuant to FED. R. CIV. P. 12(b)(5).

4        Respectfully submitted this 24th day of April, 2009.

5
                                        Marco A. Gonzalez (SBN 190832)
                                        COAST LAW GROUP LLP
6                                       169 Saxony Road, Suite 204
                                        Encinitas, California  92024
7                                       Tel:  760-942-8505 Fax:  760-942-8515

8                                       Scott B. McElroy (Pro Hac Vice)
                                        M. Catherine Condon (Pro Hac Vice)
9                                       McELROY, MEYER, WALKER
                                          & CONDON, P.C.
10                                      1007 Pearl Street, Suite 220
                                        Boulder, Colorado  80302
11                                      Tel:  303-442-2021, Fax: 303-444-3490
                                        sbmcelroy@mmwclaw.com
12                                      ccondon@mmwclaw.com

13                                              */s/ Scott B. McElroy*
                                        By:_____
14                                              Scott B. McElroy

15                                      *Attorneys for Plaintiff in Intervention,*
                                          *the Cahuilla Band of Indians*
16
                                        Curtis G. Berkey
17                                      ALEXANDER, BERKEY, WILLIAMS &
                                        WEATHERS LLP
18                                      2030 Addison Street, Suite 410
                                        Berkeley, CA 94704
19                                      Tel: 510-548-7070, Fax: 510-548-7080
                                        cberkey@abwwlaw.com
20
                                                */s/ Scott B. McElroy for*
21                                      By:_____
                                              Curtis G. Berkey
22
                                        *Attorney for Plaintiff in Intervention*
23                                        *the Ramona Band of Cahuilla*

24

25

26

27   Tribes' Response to Motion to Quash                    Case No. 51-cv-1247-GT-RBB
     Service of Summons, or in the Alternative,
28   Motion to Dismiss                        14

1

**PROOF OF SERVICE**

2

I, Scott B. McElroy, declare:

3

I am a resident of the State of Colorado, over the age of 18 years, and not a party to the within action.  My business address is McElroy, Meyer, Walker & Condon, P.C., 1007 Pearl St., Suite 220, Boulder, Colorado.  On April 24, 2009, I electronically filed the foregoing *Response of Cahuilla Band of Indians and Ramona Band of Cahuilla to Gregory V. Burnett's, Gordon Lanik's, and Matthew R. Rantanen's Motion to Quash Service of Summons, or in the Alternative, Motion to Dismiss* with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

4

5

6

7

Elsinore Valley Municipal Water District, matthew.green@bbklaw.com
M.E.M. Limited Partnership, prosenberg@hnattorneys.com

8

MCMX, LLC, sharper@bhsmck.com
Rancho California Water District, matthew.green@bbklaw.com

9

Sander Family Trust, gblank@san.rr.com
Alice E. Walker, awalker@mmwclaw.com, dvitale@mmwclaw.com

10

Anthony Madrigal, anthonymad2002@yahoo.com
B. Tilden Kim, tkim@rwglaw.com, gduran@rwglaw.com

11

Bill J Kuenzinger, bkuenzinger@bhsmck.com, rjones@bhsmck.com
Bryan D. Sampson, mfickel@sampsonlaw.net

12

Charles W Binder, cwbinder@smrwm.org
Curtis G Berkey, cberkey@abwwlaw.com, mmorales@abwwlaw.com

13

Daniel E. Steuer, dsteuer@mmwclaw.com, dvitale@mmwclaw.com
Daniel J Goulding, jhester@mccarthyholthus.com

14

Donald R Timms, dontimms@san.rr.com
F Patrick Barry, patrick.barry@usdoj.gov

15

Frank Spitzer, george@chakmakislaw.com
Gary D Leasure, gleasure@garydleasure.com

16

George Chakmakis, george@chakmakislaw.com
Gerald (Jerry) Blank, gblank@san.rr.com, mejoslyn@sbcglobal.net

17

Harry Campbell Carpelan, hcarpelan@redwineandsherrill.com
John A Karaczynski, jkaraczynski@akingump.com, dcolvin@akingump.com,

18

dpongrace@akingump.com, jfukai@akingump.com, jmeggesto@akingump.com,
kamorgan@akingump.com, msobolefflevy@akingump.com

19

John Christopher Lemmo, jl@procopio.com, laj@procopio.com
Jonathan M Deer, jdeer@taflaw.net, gsuchniak@taflaw.net,

20

    jondeeresq@earthlink.net
Kevin Patrick Sullivan, ksullivan@pshlawyers.com, kstanis@pshlawyers.com

21

M. Catherine Condon, ccondon@mmwclaw.com, dvitale@mmwclaw.com
Milan L. Brandon, mbrandon@brandon-law.com

22

Marco Antonio Gonzalez, marco@coastlawgroup.com, sara@coastlawgroup.com
Marilyn H Levin, marilyn.levin@doj.ca.gov, blanca.cabrera@doj.ca.gov

23

Mark L Brandon, mbrandon@brandon-law.com, dslack@brandon-law.com
Mary L Fickel, mfickel@sampsonlaw.net, bsampson@sampsonlaw.net

24

Matthew L Green, matthew.green@bbklaw.com, lisa.grennon@bbklaw.com
Matthew N Falley, mfalley@ggfirm.com

25

Michael Duane Davis, michael.davis@greshamsavage.com, teri.gallagher@greshamsavage.com
Michele A Staples, mstaples@jdtplaw.com, dtankersley@jdtplaw.com, pgosney@jdtplaw.com

26

Patricia Grace Rosenberg, prosenberg@hnattorneys.com

27

Tribes' Response to Motion to Quash                                            Case No. 51-cv-1247-GT-RBB
Service of Summons, or in the Alternative,
Motion to Dismiss                                             15

28

1  Peter J Mort, pmort@akingump.com, jfukai@akingump.com
   Richard Alvin Lewis, Rlewis@RichardLewis.com
2  Robert H James, bob@fallbrooklawoffice.com
   Robert M Cohen, rcohen@bcandblaw.com, vzaremba@bcandblaw.com,
3      wwendelstein@bcandblaw.com
   Scott B. McElroy smcelroy@mmwclaw.com, dvitale@mmwclaw.com
4  Thomas C Stahl, Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
   Timothy P Johnson, tjohnson@johnson-chambers.com, cww@johnson-chambers.com
5  William Kenneth Koska, wkoska@koskalaw.com
   and to
6  Jason.Ackerman@bbklaw.com via personal e-mail

7          I further certify that on April 24, 2009, I served the foregoing *Response of Cahuilla Band of
   *Indians and Ramona Band of Cahuilla to Gregory V. Burnett's, Gordon Lanik's, and Matthew R.*
8  *Rantanen's Motion to Quash Service of Summons, or in the Alternative, Motion to Dismiss* on the
   following who are not registered with the CM/ECF system, by placing a copy of the document in
9  a sealed envelope with postage thereon fully prepaid, in the United States mail at Boulder,
   Colorado, addressed as set forth below.  I am readily familiar with the firm's practice for
10 collecting and processing correspondence for mailing with the U.S. Postal Service on the same
   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
11 motion of the party served, service is presumed invalid if postal cancellation date or postage
   meter date is more than one day after date of deposit for mailing contained in this affidavit.

12
13 Wiederrich Family Trust                     Khyber Courchesne
   13440 St. Andrews Pl.                       1264 Page Street
   Poway, CA 92064                             San Francisco, CA 94117
14
15 Anna Gale James                             James L. Markman
   40275 Curry Court                           Richards Watson & Gershon
   Aguanga, CA 92536                           1 Civic Center Circle
16                                             PO Box 1059
   Barbara J Carr Trust                        Brea, CA 92822-1059
17 Barbara J. Carr, Trustee
   20571Bexley Road                            John S Wilson
18 Jamul, CA 91935-7945                        14205 Minorca Cove
                                               Del Mar, CA 92014-2932
19 Billy Ward
   P O Box 5878                                Marianne E Pajot
20 San Diego, CA 92165                         40225 Curry St.
                                               Aguanga, CA  92536
21 Briar McTaggart
   1642 Merion Way 40E                         Mary E Lee
22 Seal Beach, CA 90740                        41085 Lakeshore Blvd.
                                               Aguanga, CA 92536
23
24                                             Michael J Machado
                                               P O Box 391607
25                                             Anza, CA 92539

26
27 Tribes' Response to Motion to Quash                                    Case No. 51-cv-1247-GT-RBB
   Service of Summons, or in the Alternative,
28 Motion to Dismiss                                    16

1  Pamela M Machado
   P O Box 391607
2  Anza, CA 92539

3  Peggy Wilson
   14205 Minorca Cove
4  Del Mar, CA 92014-2932

5

        I declare under penalty of perjury under the laws of the State of Colorado that the
6  above is true and correct.

7        Executed on April 24, 2009.                    */s/ Scott B. McElroy*

8                                                        Scott B. McElroy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Tribes' Response to Motion to Quash                         Case No. 51-cv-1247-GT-RBB
    Service of Summons, or in the Alternative,
28  Motion to Dismiss                                17