1   **SAMPSON & ASSOCIATES**
    Bryan D. Sampson, Esq. (#143143)
2   Mary L. Fickel, Esq. (#221872)
    2139 First Avenue
3   San Diego, California 92101
    Tel. (619) 557-9420 / Fax (619) 557-9425
4   bsampson@sampsonlaw.net

5   Attorneys for Defendant
    BRYAN D. SAMPSON
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,          | Case No.  51-1247-SD-C

11                    Plaintiff,

12  RAMONA BAND OF CAHUILLA,           | **DEFENDANT   BRYAN   D.   SAMPSON'S**
    CAHUILLA BAND OF INDIANS,          | **MEMORANDUM   OF   POINTS   AND**
13                                     | **AUTHORITIES IN SUPPORT OF MOTION**
                   Plaintiff-Intervenors, | **FOR ATTORNEYS FEES AND COSTS**
14
15  v.                                 | Date:   N/A
                                       | Time:   N/A
16  FALLBROOK PUBLIC UTILITY DISTRICT, | Ctrm:  8, 3rd Floor
    et al.,                            | Judge:  Hon. Gordon Thompson, Jr.
17
                   Defendants.
18

19                          **INTRODUCTION**

20          Defendant Bryan D. Sampson ("Sampson") submits the following Memorandum of Points and

21  Authorities in Support of his Motion for Attorney's Fees and Costs in the total amount of $16,640.65

22  against Plaintiff-Intervenors Ramona Band of Cahuilla ("Ramona") and Cahuilla Band of Indians

23  ("Cahuilla" or jointly referred to as "Tribes").

24          This Motion is based upon 28 U.S.C. §2412, Federal Rules of Civil Procedure, Rule 54 and Rule

25  41, and the Tribes failure and/or refusal to voluntarily dismiss Defendant Sampson from this litigation

26  despite this Court's previous finding, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which

27  was incorporated by reference into the Final Judgment and Decree, entered May 8, 1963, that Defendant

28  Sampson's property does not overlie any ground waters that feed or contribute to the San Margarita

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 557-9420 • FACSIMILE (619) 557-9425

1

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

River or its tributaries.

## **FACTUAL BACKGROUND**

*Service Of The Summons & Complaint*.   On or about April 17, 2008, Plaintiff-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians (collectively referred to as the "Tribes") submitted the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Bryan D. Sampson ("Sampson").   See Fickel Declaration.   Thereafter, Defendant Sampson executed the Waivers of Service of Summons and returned the same to the Tribes.   Id.   Pursuant to the Waivers of Service of Summons, Defendant Sampson timely filed and served his Answers to Plaintiff-Intervenors First Amended Complaints on June 17, 2008.   See Court Records.

*Defendant Sampson's Meet & Confer*.   Defendant Sampson then performed a thorough review of the court records in this case.   As a result of that review, Defendant Sampson learned that the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that his property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries.

Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

> Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them.   See Court Records, I J 39A

As set forth in the title report for Defendant Sampson's property, Defendant Sampson is a successor owner of Parcel 94W-10-41.   As a result, Defendant Sampson met and conferred with the Tribes.   See Exhibits "1 & 2."

Upon review of the documentation provided by Defendant, Plaintiff-Intervenor Ramona Band of Cahuilla ("Ramona") agreed that claims against Defendant Sampson are barred by IJ 39A and agreed to enter into a stipulation for dismissal with prejudice.   See Exhibit "3" and Fickel Declaration.   To date,

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

and despite Defendant Sampson's repeated requests, Plaintiff-Intervenor Ramona has failed and/or refused to execute the stipulation.  Instead, on December 29, 2008, Plaintiff-Intervenor Ramona contacted Defendant Sampson, informed him it would stipulate to dismissal, if Defendant Sampson would relinquish his rights under IJ 39A.  Defendant Sampson responded by requesting clarification regarding Plaintiff-Intervenors Ramona's position on that issue.  The parties met and conferred and Defendant provided a revised stipulation for dismissal with prejudice, for execution. See Exhibits "4-9."

Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to respond to Defendant's meet and confer attempt.  Thereafter, Plaintiff-Intervenor Cahuilla filed a substitution of counsel.  As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor Cahuilla's substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with prejudice. Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would respond after they completed their review.  See Exhibits "10, 11" and Fickel Declaration.

On March 3, 2009, the Tribes, Defendant Sampson and the United States met telephonically to discuss the stipulation for dismissal.  See Fickel Declaration.  During that teleconference, the Tribes stated they would prepare a draft stipulation for Defendant Sampson's review. Id.  Thereafter, the Tribes suggested that Defendant Sampson be included as a dismissed Defendant in the Joint Motion to Dismiss.[1] See Exhibit "12."  Defendant Sampson responded by stating he had no objection if the order dismissing incorporated the Final Judgment and Decree and the Interlocutory Judgments incorporated therein.  See Exhibit "13."  The Tribes responded by stating Defendant's request was not feasible.  Id.

Defendant Sampson again met and conferred and requested the following language be included in the proposed order:

> "IT IS HEREBY FURTHER ORDERED that this Order Granting Joint Motion to Dismiss Certain Claims does not, in any manner whatsoever, supercede the Final Judgment and Decree, entered May 8, 1963, or any Interlocutory Judgment incorporated therein."

The Tribes responded by stating they would not revise the proposed order based upon the number of parties that required service and recommended Defendant raise the issue for the hearing on the joint

---

[1] Defendant Sampson's property is not encompassed in IJ 33.  The Tribes suggested Defendant Sampson be included in the Motion to Dismiss Certain Claims as a compromise to avoid dismissing Defendant Sampson pursuant to IJ 39.  See Fickel Declaration and Court Records.

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

1    motion to dismiss.  See Exhibits "14 & 15."  As a result, Defendant Sampson met and conferred and

2    asked Plaintiff-Intervenors if they would be willing to stipulate at the hearing to Defendant's proposed

3    language for the order.  See Exhibit "16."  Plaintiff-Intervenor Ramona stated it did not believe

4    Defendant's proposed language was needed.  Id.

5        *Defendant's Opposition and the Hearing on the Tribes Motion to Dismiss*.  On April 27, 2009,

6    the Court heard the Tribes joint motion to dismiss certain defendants.  At that hearing, the Court found,

7    *inter alia*, that pursuant to IJ 39, Defendant Sampson was entitled to be dismissed from this action with

8    prejudice.[2]  See Court Records.

9        *Attorney's Fees and Costs*.  The Tribes argued that they are not subject to being ordered to pay

10   the Defendants' costs and fees based upon sovereign immunity.  The Court ordered that the issue of

11   awarding attorney's fees and costs would be considered by separate motion.  See Court Records.  Based

12   upon the foregoing, Defendant Sampson requests the Court order costs in the $965.65 and attorney's fees

13   in the amount of $15,675.00 (125.4 hours at $125/hour) for costs and fees in the total amount of

14   $16,640.65.  See Exhibit "17" and Fickel Declaration.

15                                            **LEGAL ARGUMENT**

16   **1.    Defendant Sampson Is Entitled To Be Awarded Attorney's Fees and Costs.**

17       Defendant Sampson does not dispute that the Tribes cannot be held liable for costs and fees

18   absent statutory authority or an express waiver of sovereign immunity.  However, in this matter statutory

19   authority permits the imposition of costs and fees against the Tribes.  Specifically, federal trust

20   responsibilities regarding Indian water rights fall under the Equal Access to Justice Act ("EAJA"), 28

21   U.S.C. §2412.  Northwest Indian Cemetery Protection Assoc., et al., v. Peterson, et al., 589 F. Supp. 921,

22   923 (N.D. Cal. 1983).  "The EAJA is a waiver of sovereign immunity."  Aageson Grain & Cattle v.

23   United States Dept. of Agriculture, 500 F.3d 1038, 1045 (9th Cir. 2007).  When Congress has waived

24   sovereign immunity over certain subject matter, Courts should not "assume authority to narrow the

25   waiver that Congress intended."  United States v. Kubrick, 444 U.S. 111, 118 (1979) [citations omitted].

26

27       [2]  Despite the Court's oral ruling, the Order dismissing did not actually encompass Defendant Sampson.  Defendant
     Sampson was included in the Tribes motion; however, Defendant Sampson's property is not encompassed in IJ 33.

28   Accordingly, Defendant Sampson is also requesting the Court enter an order dismissing him with prejudice pursuant to IJ 39
     A, which comports with the Court's oral ruling on the issue.  See Fickel Declaration.

                                                  4

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2199 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

1   Additionally, the Tribes requested attorney's fees and costs pursuant to the EAJA in their First Amended

2   Complaints.  <u>See</u> Court Records.  Accordingly, as the Tribes acknowledge by their First Amended

3   Complaints in this action, they do not have sovereign immunity as to the issue of attorney's fees and

4   costs in this matter.

5         In order to prevail in a claim for attorney's fees and costs under the EAJA, the moving party must

6   show (1) the movant is a prevailing party; (2) an award would not be unjust; and (3) the application for

7   fees is timely.  <u>Wagner v. Chertoff, et al.</u>, 2009 WL 988638, *3 (D. Nev. 2009).

8         *1.*   *<u>Defendant Sampson is a Prevailing Party</u>*.  "To be a prevailing party under the EAJA,

9   a party must establish that a federal court's actions resulted in a 'material alteration of the legal

10  relationship of the parties' and that the alteration was 'judicially sanctioned.'"<u>Wagner</u>, 2009 WL 988638

11  at *3.  Finally, a party dismissed with prejudice under Federal Rules of Civil Procedure, Rule 41 is a

12  prevailing party.  <u>Mother and Father, et al., v. Cassidy</u>, 338 F.3d 704, 708 (7th Cir. 2003).

13        Here, the Court's dismissal order resulted in a material alteration of the legal rights between the

14  parties.  Defendant Sampson's dismissal with prejudice ends this litigation between the Tribes and

15  Defendant Sampson.  In addition, the dismissal order was entered on April 29, 2009, and therefore

16  sanctioned by the Court.  <u>See</u> Court Records.  This element is satisfied.

17        *2.*   *<u>An Award Would Not Be Unjust</u>*.  As more fully set forth above, Defendant Sampson

18  clearly pointed out to the Tribes that he was erroneously included in this litigation for almost a year.

19  <u>See</u> Exhibits "1-16." Despite agreeing that Defendant Sampson does not belong in this litigation, and

20  without justification, the Tribes failed to take any action to dismiss Defendant Sampson with prejudice.

21  <u>See</u> Court Records.  Instead, Defendant Sampson has been forced to incur attorney fees and costs in his

22  continuing attempts to have the Tribes recognize this Court's prior judgments.  As a result, an award of

23  Defendant Sampson's costs and fees would not be unjust and this element is met.

24        *3.*   *<u>Defendant Sampson's Fee Motion Is Timely</u>*.  The Court entered the Order dismissing

25  certain claims on April 29, 2009.  <u>See</u> Court Records.  In that Order, the Court set a filing date of no later

26  than May 18, 2009. <u>Id</u>.  Accordingly, Defendant Sampson had until May 18, 2009 to file his motion and

27  Defendant Sampson's motion is timely.  <u>See</u> Court Records.

28  / / /

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE No. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

**2.   <u>Defendant Sampson Should Be Awarded His Costs And Fees</u>**.

A district court may order the moving party to pay costs and fees of a party being dismissed under a motion brought under Federal Rules of Civil Procedure, Rule 41(a)(2).  <u>Stevedoring Services of America, et al., v. Armilla International B.V., et al.</u>, 889 F.2d 919, 921 (9th Cir. 1989).  A plaintiff's good faith is a factor courts look to when determining whether to order an award of fees and costs.  <u>Id</u> at 922.

Again, and as more fully set forth above, Defendant Sampson has clearly pointed out to the Tribes that he was erroneously included in this litigation for almost a year.  <u>See</u> Exhibits "1-16." Despite agreeing that Defendant Sampson does not belong in this litigation, the Tribes have not taken action to cause his dismissal with prejudice.  <u>See</u> Court Records.  Instead, Defendant has been forced to incur attorney fees and costs in his continuing attempts to have the Tribes recognize this Court's prior judgments.  As a result, Defendant has incurred costs and fees in the total amount of $16,640.65.  <u>See</u> Exhibit "17" and Fickel Declaration.

**3.   <u>Defendant Sampson Meets All Procedural Requirements</u>**.

Federal Rules of Civil Procedure, Rule 54 requires a fee motion meet the following: (1) be timely filed; (2) specify the grounds for entitlement; (3) state the amount sought; and (4) if applicable, disclose, if ordered by the court, the terms of any agreement about fees.

As more fully set forth above, Defendant Sampson meets all procedural requirements.  The Court did not order disclosure of any agreement regarding fees.  <u>See</u> Court Records.

**4.   <u>The Order Dismissing Should Be Amended To Include Defendant Sampson</u>**.

Federal Rules of Civil Procedure, Rule 60 is applicable to all matters related to obtaining relief from a judgment or order.  F.R.C.P. 60.  Rule 60 provides that clerical mistakes in judgments may be corrected by the court at any time either on the court's own initiative or on motion of any party.  F.R.C.P. 60(a).

A judge may use Rule 60(a) "to make an order reflect the actual intentions of the court ... ."  <u>In re Jee</u>, 799 F.2d 532, 535 (9th Cir. 1986) *quoting* <u>Jones & Guerrero Co. v. Sealift Pacific</u>, 650 F.2d 1072, 1074 (9th Cir. 1981).  Correctable errors under Rule 60(a) include those where what is spoken, written or recorded does not reflect what was intended by the court.  <u>Id</u> *citing* <u>Waggoner v. R. McGray,</u>

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2199 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

6

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd

1    Inc., 743 F.2d 643, 644 (9th Cir. 1984).  Accordingly, a court has extremely wide latitude in correcting

2    mistakes in a judgment or order. Id.

3         On April 27, 2009, the Court heard the Tribes joint motion to dismiss certain defendants.  At

4    that hearing, the Court found, *inter alia*, that pursuant to IJ 39 A, Defendant Sampson was entitled to

5    be dismissed from this action with prejudice.  See Court Records.

6         Defendant Sampson was included in the Tribes motion to dismiss; however, Defendant

7    Sampson's property is not encompassed in IJ 33.  As such, despite the Court's oral ruling, the Order

8    dismissing did not actually encompass Defendant Sampson.  See Fickel Declaration.  Accordingly,

9    Defendant Sampson is also requesting the Court enter an order dismissing him with prejudice pursuant

10   to IJ 39 A, which comports with the Court's oral ruling on the issue and make the order reflect the

11   actual intention of the Court.  See In re Jee, 799 F.2d at 535.

12                                        **CONCLUSION**

13        Based upon all of the foregoing, Defendant Sampson respectfully requests the Court award

14   Defendant Sampson his incurred costs and fees in the total amount of $16,640.65.  See Exhibits "17, 18"

15   and Fickel Declaration.

16                                        Respectfully submitted,

17   DATED: May 12, 2009                   **SAMPSON & ASSOCIATES**

18
                              By:     /s/ Mary L. Fickel
19                                    Mary L.  Fickel, Esq.
                                      Attorneys for Defendant
20                                    BRYAN D. SAMPSON

21

22

23

24

25

26

27

28

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A., et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\P&A.wpd