GERALD BLANK (State Bar No. 50136)
Attorney at Law
LAW OFFICES OF GERALD BLANK (e mail: gblank@san.rr.com)
444 West "C" Street, Suite 200
San Diego, California 92101
tel:    (619)238-1111  fax: (619)238-1126

Counsel for objecting party/defendant, Sander Family Trust

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (Honorable Gordon Thompson, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et.al.<br><br>defendants. | Civil No. 1247-SD-C<br><br>SANDER FAMILY TRUST'S MOTION FOR ATTORNEY FEES; POINTS AND AUTHORITIES AND DECLARATION OF COUNSEL IN SUPPORT THEREOF.<br><br>(Federal Rules of Civil Procedure, Rules 41(a)(2) and 54(d)(2).) |

TO:   THE HONORABLE GORDON THOMPSON, JR., AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that moving party/defendant Sander Family Trust ("Trust") does hereby move the court for an order granting attorney fees payable by plaintiffs/intervenors the Cahuilla Band of Indians and the Ramona Band of Cahuilla ("moving parties") pursuant to Federal Rules of Civil Procedure, Rules 41(a) and 54(d)(2), and other applicable statutes and decisional law as cited in the points and authorities filed concurrently herewith.

This motion is and will be based on these moving papers, the content of the file of

1 the clerk of the court, the declaration of counsel attached hereto, and on such further
2 evidence and argument as the court may receive and entertain at or before the time it
3 rules hereon.
4 Dated: May 15, 2009                    Respectfully submitted,

/s/Gerald Blank
GERALD BLANK, ESQ.
Counsel for the Sander Family Trust

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR ATTORNEY FEES

### I
### MOVING PARTY IS ENTITLED TO ATTORNEY FEES

Plaintiffs/intervenors sought to dismiss this case pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2). (Docket #5109.) That rule, and the cases interpreting it, are clear. The court may grant such a request upon the condition that the dismissing party pay the fees and expenses of the party(ies) being dismissed. Moving party filed its opposition requesting attorney fees on April 9, 2009. (Docket #5113.) The issue was heard on April 27, 2009.[1] *Inter alia*, that order allowed for motions for attorney fees and costs by dismissed parties who filed either an answer or waiver. The Trust is in that category as it did both. (See: Docket #4923, and Declaration of Counsel attached hereto.) This motion also complies with Rule 54(d)(2).

Plaintiffs/intervenors admit the Trust was served and filed an answer. (See: Moving Parties' Points and Authorities in support of Motion to Dismiss, Exhibit B, and Docket Number 4983.) The Trust necessarily retained counsel and filed the answer because it was served with the Complaints in Intervention, a document entitled "Notice of Lawsuit and Request for Waiver of Service of Summons" and a third document entitled "Waiver of Service of Summons." In the latter, in bold type, those served were warned if they failed to respond they ". . . **will be required to pay the expenses of service unless the defendant shows good cause for its failure to sign and return the waiver.**" ( *Id.,* emphasis in original.)

Thus the Trust not only retained counsel to sign and return the waiver on time, but the underlying issues required counsel to respond in substance to the lawsuit itself. As can

---

1. The related order erroneously gives this date as "May 27, 2009" and should be amended to reflect the correct date.

be seen from the attached Declaration of Counsel, he did so, and as a result the Trust incurred fees and expenses.[2]

In *Stevedoring Services of America, et.al.*, v. *Armilla International B.V., et.al.*, 889 F.2d 919 (9th Cir. 1989) the Ninth Circuit clearly established that a Rule 41(a)(2) motion "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." ( *Id*., p.920.) The court went on to hold that while the payment of fees and expenses is not a requirement under Rule 41(a)(2), it is, nevertheless, a matter for the district court's discretion. (See also:*Koch, et.al.*, v. *Hankins, et.al.*, 8 F.3d 650 (9th Cir. 1993).) Upon granting a voluntary dismissal pursuant to Rule 41(a)(2), courts typically condition the dismissal on plaintiff reimbursing the defendant for court costs and attorney fees. *Cauley* v. *Wilson*, 754 F2 769, 771 (7th Cir. 1985). (This rule, initially adopted by the Seventh Circuit in *Cauley*, was later formally adopted by the Ninth Circuit in *Koch, supra*, 8 F3d 650, 652.)

Here, important to the court's inquiry is the fact that the moving papers seeking dismissal boldly demonstrated the Trust should never have been served in the first place. Plaintiffs/intervenors rested their motion on the Declaration of Oliver Page. He is the head of an engineering firm which has been studying the underlying question "for the past eighteen years." (Page Declaration, page 1, line 9.) Mr. Page stated he has been investigating the hydrology and geology of the Anza-Cahuilla Subbasin tributary to the Santa Margarita River since 1984. He based his opinion that the current and future groundwater development in the Subbasin will not impact downstream water users, such as the Trust's property, on flow measurements taken from December 18, 1950, through September 30, 1954 which were published by a public agency in 1956. (Page Declaration, page 1, lines 12-13, 21-24, and page 2, lines 4-7.)

The conclusion is simple: had plaintiffs/intervenors timely done their homework, they never would have served entities like the Trust in the first place. They never would have

---

2. In the answer, the Trust even alerted plaintiffs that there are co-owners of the Trust's property who had not been served. Counsel included a copy of the deed to assist plaintiffs in this regard. They never corrected this oversight. The co-owners were never served. (Answer, docket #4983, page 1, lines 25 - 28, and Exhibit A.)

put such entities to the expense of retaining counsel and defending a lawsuit. The other relevant conclusion is equally simple: based on the Page declaration, the Trust will not be sued by the tribes again and, as a result, those who incurred fees and expense, will not find the work paid for useful in any future litigation.

As a direct result, the Sander Family Trust incurred fees and expenses in the amount of $4,920.00, as shown by the attached declaration of counsel. Given the history of this litigation, this motion for fees is appropriate and should be granted in full.

Dated: May 15, 2009						Respectfully submitted,


							/s/Gerald Blank
							GERALD BLANK, ESQ.
							Counsel for the Sander Family Trust

# DECLARATION OF GERALD BLANK

1. I am an attorney authorized to practice before all of the State and Federal Courts of the State of California. Additionally, I am a member of the Bar of the United States Supreme Court. I serve as retained counsel for the Sander family Trust and make this Declaration in support of the within request that the proposed motion to dismiss be granted on certain conditions.

2. In April, 2008, I was retained by the trustees of the Sander Family Trust to represent the Trust's interests regarding the two complaints in intervention with which they had been served in March, 2008. I agreed to commence representation at my standard hourly rate of $400.00, plus expenses. Pursuant to the retainer, I then completed and served the Waiver of Service of Summons, and timely filed Answer of the Sander Family Trust and exhibits thereto. (Docket #4983) Since that time there have been literally thousands of emails and documents in this matter, all of which I have reviewed to one extent or another. With regard to some it was obvious from their title and introduction that there was no potential impact on my client. I spent little time on them. With regard to others, such as prior motions to dismiss, and answers and counter-claims by other parties, the documents had to be studied carefully as there was potential impact. Also, there have been a number of settlement conferences which have produced memoranda and minutes, all of which I have studied carefully. I sent a representative of the Trust to one of those conferences. I have continued to consult with the trustees of the Trust with regard to their rights and interests in this litigation, and the potential impact on the value of their property. The litigation has been a cloud on title since its inception.

3. Because I have checked all of the documents to one extent or another, I became aware of the Motion to Dismiss the Sander Family Trust pursuant to Federal Rules of Civil Procedure, Rule 41(a)(2). In reading those documents and the related documents, it became apparent to me from the Declaration of Oliver Page, which purported to support the Motion to Dismiss, that all of the information on which plaintiffs/intervenors based their complaints in intervention in the first place, had been known or knowable decades ago. In

other words, it is my considered opinion that had counsel for the plaintiffs/intervenors studied the available information in a timely manner, they would never have served and sued entities such as the Trust in the first place.

4. I have been an attorney since January 1972. My practice is focused in complex state and federal civil and criminal matters. I handle a number of complex civil cases, including federal civil RICO matters, and just recently settled a complex state civil matter for more than 2.5 million dollars. I also recently completed complex litigation relating to a severe brain injury to a 22 month old child, and I am handling another similar case. In other words, my practice varies very widely, and I am experienced in a wide variety of complex litigation. For this and other reasons I agreed to become retained counsel for the Sander Family Trust in this litigation.

5. I am familiar with the customary hourly fees for attorneys of my level of experience in San Diego County. My hourly rate of $400.00 is on the low end of those fees. Including time consulting with the trustees of the Sander Family Trust, research, preparation, and reading of documents, exclusive of anything having to do with the Motion to Dismiss or this motion, I have invested 12.3 hours of my time. (My time for preparing and presenting this motion is not included. Reimbursement for it is hereby formally waived.) Expenses have been low and are not included in this request. Almost all of the document review and related work has been done electronically to avoid copying and similar expenses. Given the aforementioned Page declaration, it is my opinion none of the work I have performed for the Trust since it was served with the complaints in intervention will be of any use whatsoever in any future litigation. The Page declaration makes it clear the Trust should not have been named and served in the first place, and will not be named in future litigation over this subject.

////
////
////
////

1  6. Therefore, based on the fact that my client, the Sander Family Trust has incurred fees in the amount of $4,920.00, I request that the court only grant this motion for fees in that amount.

I declare under penalty of perjury the foregoing is true and correct. Executed this 15th day of May, 2009, at San Diego, California.

/s/Gerald Blank
Gerald Blank, Declarant and Counsel
for the Sander Family Trust