JONATHAN M. DEER, Esq., State Bar No. 164837
TURNER AUBERT & FRIEDMAN, LLP
8383 Wilshire Blvd., Ste. 510
Beverly Hills, California 90211-2486
Telephone:   (323) 653-3900
Telefax:     (323) 653-3021

Attorneys for Defendant JANNKI MITHAIWALA

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS<br><br>    Plaintiff-Intervenors,<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.<br><br>    Defendants.<br>_____ | CIVIL NO.: 51-1247-SD-C<br><br>**DEFENDANT JANNKI MITHAIWALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES; DECLARATION OF JONATHAN M. DEER**<br><br>Date:  N/A<br>Time:  N/A<br>Dept:     8 |

Defendant JANNKI MITHAIWALA ("**Mithaiwala**") submits this memorandum in support of her motion for attorneys fees.

**I. BACKGROUND**

In this case, the Romana Band of Cahuilla and Cahuilla Band of Indians (jointly "Tribes") sued scores of people - including Mithaiwala - completely unnecessarily for the relief they are seeking, as moving parties admitted in their moving papers on their

1

UNITED STATES OF AMERICA
V. FALLBROK PUBLIC
UTILITY DISTRICT et al.

JANNKI MITHAIWALA'S
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF MOTION FOR
ATTORNEYS FEES

1247-SD-C

Motion To Dismiss. Moreover, as is apparent from the Motion For Attorneys Fees filed by Defendant Bryan D. Sampson and supporting papers filed therewith, the Tribes did not even review prior interlocutory orders to determine who was necessary and proper in the lawsuit. (*See* Defendant Bryan A. Sanders Memorandum of Points And Authorities In Support Of Motion For Fees And Costs, pgs. 1-3.) As the Tribes now admit, Mithaiwala was not necessary. Mithaiwala has incurred $2090 in attorneys fees responding to the law suit, plus an additional $275 for the preparation and filing of this motion, for a total of $2,365 in attorneys fees.

After the Tribes filed a Motion To Dismiss, Mithaiwala conferred with the Tribes in an effort to resolve the issue of attorneys fees. (Declaration Of Deer, submitted herewith, ¶4.) The Tribes refused to agree to either dismiss with prejudice or to pay *any* portion of the attorneys fees, basing the refusal on spurious grounds. (Dec. Deer ¶4.) Accordingly, Mithaiwala was forced to opposed the motion to dismiss in order to obtain a dismissal with prejudice. In the Court's order granting the dismissal with prejudice, the Court permitted this motion to be filed.

**II. LEGAL ARGUMENT**

Defendant Bryan A. Sanders Memorandum of Points And Authorities In Support Of Motion For Fees And Costs sets out the argument for fees in great detail, and that argument is equally applicable to Mithaiwala. In summary, statutory authority permits the imposition of costs and attorneys fees against the Tribes and such authority is a waiver of sovereign immunity. 28 U.S.C. §2412 (the Equal Access to Justice Act or "EAJA"). Northwestern Indian Cemetery Protection Assoc. Et al. v. Peterson, et al., 589 F. Supp. 921, 923 (N.D. Cal. 1983). "The EAJA is a waiver of sovereign immunity." Aageson Grain & Cattle v. United States Dept. Of Agriculture, 500 F.3d 1038, 1045 (9th Cir. 2007). *See, also* United States v. Kubrick, 444 U.S. 111, 118 (1979). Moreover, the

2

| UNITED STATES OF AMERICA V. FALLBROK PUBLIC UTILITY DISTRICT et al. | JANNKI MITHAIWALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES | 1247-SD-C |
|---|---|---|

Tribes requested attorneys fees and costs pursuant to the EAJA in their First Amended Complaints.

To prevail on a claim for attorneys fees, Mithaiwala must show (i) she was the prevailing party; (ii) the award of fees would not be unjust; (iii) the application is timely. Wagner v. Chertoff, et al, 2009 WL 988638 (D. Nev. 2009). Mithaiwala is the prevailing party, having sought and obtained dismissal with prejudice. Mother and Father, et al, v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). Moreover, the award would not be unjust. The Tribes sought fees in their amended complaint, they refused to either dismiss with prejudice or pay fees during the meet and confer process, thus forcing Mithaiwala to oppose their motion and prevail, and the suit against Mithaiwala was completely unnecessary for the relief sought by the Tribes. The motion is timely, as the Court set May 18, 2009 as the cutoff date for filing such motion.

As set forth in the Declaration of Deer, attached hereto, paragraphs 2-3, Mithaiwala has incurred $2,365 in attorneys fees and should be awarded the same.

**III. CONCLUSION**

Wherefore, Mithaiwala requests that she be awarded $2,365 in attorneys fees.

Dated: May 15, 2009                     Respectfully submitted

                                        TURNER AUBERT & FRIEDMAN, LLP


                                        By:    /s/Jonathan M. Deer
                                               JONATHAN M. DEER
                                               Attorney for Defendant JANNKIE
                                               MITHAIWALA

3

UNITED STATES OF AMERICA            JANNKI MITHAIWALA'S                    1247-SD-C
V. FALLBROK PUBLIC                  MEMORANDUM OF POINTS
UTILITY DISTRICT et al.             AND AUTHORITIES IN
                                    SUPPORT OF MOTION FOR
                                    ATTORNEYS FEES

**DECLARATION OF JONATHAN M. DEER**

I, Jonathan M. Deer, declare as follows:

1. I am lead counsel for Defendant Jannki Mithaiwala in this matter. I make this declaration in support of Jannki Mithaiwala's Memorandum of Points and Authorities In Support of Motion For Attorneys Fees with which this is submitted. If called to testify in this matter, I could and would testify to the following of my own personal knowledge unless otherwise expressly stated herein.

2. I have been a licensed attorney since 1985 and have practiced primarily in the area of commercial litigation. I currently practice in Los Angeles, California. My customary rate for services similar to those rendered in this case is $275 per hour and that is the rate being charged to Mithaiwala for my services in this case. By virtue of my law practice, I am familiar with rates charged by other attorneys in the community and my rates are at or below rates in the community for similar services.

3. In this case, I reviewed the moving parties complaints, prepared answers, and reviewed the regular emails, correspondence and pleadings that were served upon me, and generally monitored the progress of the case. I have spent more than 7.6 hours performing these services. I also spent one additional hour preparing this motion and declaration. Accordingly, my client has incurred $2365 for my services. It is my opinion and I hereby testify that 8.6 hours to respond to and monitor ongoing complex litigation for almost a year is a reasonable amount of time and that $275 per hour for such services is reasonable fee.

4. Before filing this opposition, I conferred with counsel for moving parties to seek to resolve the issue. Moving parties indicated they would oppose any request for costs. Attached hereto as Exhibit "A" are my email to counsel for the Tribes and their response.

4

| UNITED STATES OF AMERICA V. FALLBROK PUBLIC UTILITY DISTRICT et al. | JANNKI MITHAIWALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES | 1247-SD-C |

1     I declare under penalty of perjury that the foregoing is true and correct and that the
2 documents attached hereto are true and correct copies of what they purport to be.
3     Executed this 15th day of May, 2009, in Los Angeles, California.

                                                /s/Jonathan M. Deer
                                                JONATHAN M. DEER

5

UNITED STATES OF AMERICA      JANNKI MITHAIWALA'S      1247-SD-C
V. FALLBROK PUBLIC      MEMORANDUM OF POINTS
UTILITY DISTRICT et al.      AND AUTHORITIES IN
SUPPORT OF MOTION FOR
ATTORNEYS FEES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 8383 Wilshire Boulevard, Suite 510, Beverly Hills, California 90211.

On May 15, 2009, I served the attached document described as **DEFENDANT JANNKI MITHAIWALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES; DECLARATION OF JONATHAN M. DEER** on the interested parties in this action:

(X)   by placing () the original (X) a true copy or copies thereof enclosed in sealed envelopes addressed as follows:

Susan M. Williams, Esq.  
Sarah S. Works, Esq.  
WILLIAMS & WORKS P.A.  
P.O. Box 1483  
Corrales, NM 87049  

Marco A. Gonzalez, Esq.  
Rory R. Wicks       , Esq.  
COAST LAW GROUP, LLP  
169 Saxony Road, Ste 204  
Encinitas, CA 92024  

Curtis G. Berkey, Esq.  
Scott W. Williams, Esq.  
ALEXANDER, BERKEY, WILLIAMS  
 & WEATHERS LLP  
2030 Addison Street, Suite 410  
Berkeley, CA 94704  

()    **BY MAIL:** I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Turner, Aubert & Friedman at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the firm's practice the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

(X)   BY CM/ECF. I served the foregoing documents by filing them electronically, in compliance with the Electronic Case Filing rules.

Executed on May 15, 2009, at Beverly Hills, California.

(X)   FEDERAL:   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____/s/_____  
Greg Suchniak

6

| UNITED STATES OF AMERICA V. FALLBROK PUBLIC UTILITY DISTRICT et al. | JANNKI MITHAIWALA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES | 1247-SD-C |
|---|---|---|