1 | Robert M. Cohen - #97488
COHEN & BURGE, LLP
2 | 30423 Canwood Street, Suite 208
Agoura Hills, CA 91301
3 | Phone:        (818) 991-7514

4 | Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

5 | UNITED STATES DISTRICT COURT

6 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CIVIL NO.: 51-1247-GT-RBB |
|---|---|---|
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO INTERVENE; EXHIBITS; DECLARATION OF ROBERT M. COHEN |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, | ) | |
| Plaintiff-Intervenors, | ) | |
| v. | ) | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) | Hon. Gordon Thompson Jr. |
| Defendants. | ) | Date:
Time:
Courtroom: |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION hereby provides its memorandum of points and authorities in support of its motion to intervene under Federal Rule of Civil Procedure 24 as a matter of right or, in the alternative, permissive intervention.

**I.**

**BACKGROUND**

This action was filed by the United States in 1951 to quiet title and enjoin the unlawful interference of the United States' right to the use of water in the Santa Margarita River System in San Diego and Riverside Counties, California. *United States v. Fallbrook Pub. Util. Distr. No. 1247-SD-C (S.D. Cal. filed Jan. 25, 1951).*

On November 8, 1962, this Court entered an interlocutory judgment which recognized a federal reserved water right for the CAHUILLA BAND OF INDIANS and RAMONA BAND

1  OF CAHUILLA (hereinafter collectively referred to as "TRIBES") *Findings of Fact, Conlusions*
2  *of Law and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa*
3  *Margarita River Stream System Held in Trust by the U.S.A. in connection with the Ramona,*
4  *Cahuilla and Pechanga Reservations, United States v. Fallbrook Pub. Util. Dist., No. 1247-SD-*
5  *C (S.D. Cal. filed Nov. 8, 1962)* This Court reserved final quantification of those rights until
6  circumstances required.

7         On January 22, 2007 this Court granted the TRIBES motion to intervene, and their
8  complaints in intervention were filed on January 23, 2007.  Through this action the TRIBES seek
9  to obtain a judicial decree quantifying their rights to surface and groundwater.

10        On July 18, 2007 this Court ordered the TRIBES to serve their respective complaints in
11  intervention on "the appropriate defendants", defined as "any defendant that the Bands expect to
12  be bound by the Court's judgment". *(Order;  United States v. Fallbrook Pub. Util. Dist., No.*
13  *1247-SD-C (S.D. Cal. filed July 18, 2007).*

14        SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION (hereinafter referred
15  to as the "FOUNDATION") was served with complaints in intervention by the TRIBES on or
16  about April 17, 2008.  The FOUNDATION is a non profit, auxiliary organization charted to
17  further the educational, research, and community service objectives of San Diego State
18  University.  It performs activities including but not limited to, education, management,
19  monitoring, outreach, planning, and research  at its field stations, including the Santa Margarita
20  Ecological Reserve located in Riverside County, California.  It holds appropriative and/or
21  riparian water rights to water located in the Santa Margarita River System in San Diego and
22  Riverside Counties California.  FOUNDATION filed answers to the complaints in intervention
23  on or about June 17, 2008.

24        On  April 1, 2009, the TRIBES filed a Motion to Dismiss Claims Against Certain
25  Defendants.  The motion was based on the hydrologic rationale that "there is no impact from
26  groundwater development inside the Anza Cahuilla Sub-basin on the availability of water outside
27  that area". *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 11-12)* Based on

28

1  this rationale, the motion contended that dismissal of defendants outside the Anza Cahuilla Sub-

2  Basin did not put those defendants at risk of "adverse effect from the Tribes pumping inside the

3  sub-basin". *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 18-20)*.  The

4  FOUNDATION opposed this Motion.

5  　　　On  April 29, 2009 the Court granted the Motion to Dismiss Claims Against Certain

6  Defendants.  The order specifically stated that "Defendants who oppose their dismissal may file a

7  motion to intervene".  *(Order;  United States v. Fallbrook Pub. Util. Dist., No. 1247-SD-C (S.D.*

8  *Cal. filed April 29, 2009)*

9  **II.**

10 **ARGUMENT**

11 **A.**　　**FOUNDATION is entitled to intervene as of right**

12 　　　<u>Federal Rule of Civil Procedure</u> 24(a) provides for intervention of right "when the

13 applicant claims an interest relating to the property or transaction which is the subject of the

14 action and the applicant is so situated that the disposition of the action may as a practical matter

15 impair or impede the applicant's ability to protect that interest, unless the applicant's interest is

16 adequately represented by existing parties".

17 　　　The Ninth Circuit has articulated a **four part test** to determine whether intervention of

18 right is appropriate: **(1)** The application to intervene must be timely; **(2)** The applicant must have

19 a 'significantly protectable' interest relating to the property or transaction that is the subject of

20 the action; **(3)** The applicant must be so situated that the disposition of the action may, as a

21 practical matter, impair or impede the applicant's ability to protect that interest; and **(4)** the

22 applicant's interest must not be adequately represented by the existing parties in the lawsuit.

23 *Southwest Center for Biological Diversity v. Berg 268 F.3d 810 (9ᵗʰ Cir. 2001).*

24 　　　In applying this test for intervention as of right, the Ninth Circuit is guided primarily by

25 practical and equitable considerations, and Rule 24(a) is liberally construed in favor of

26 intervention.  268 F.3d at 818.  In addition, the Ninth Circuit has stated a strong policy of

27 granting intervention to "as many apparently concerned persons as is compatible with efficiency

28

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE
UNIVERSITY RESEARCH FOUNDATION TO INTERVENE

1   and due process". *County of Fresno v. Andrus, 622 F.2d. 436, 438 (9th Cir. 1980).*

2        FOUNDATION satisfies each of the four parts of the Ninth Circuit test, and intervention

3   as a matter of right should therefore be granted.

4        **1.**    **FOUNDATION'S Motion to Intervene is Timely**

5        The timeliness of intervention is determined not by reference to the passage of time or

6   stage of the case, but by assessing the impact of intervention on the parties. "The Court must

7   consider all of the circumstances in the particular case when making a determination of whether a

8   motion to intervene is timely, and timeliness is to be construed broadly in favor of the party

9   seeking intervention". *Silver v. Babbitt 166 F.R.D. 418, 424 (D. Ariz. 1994) (citing Westlands*

10  *Water Dist v. United States, 700 F.2d 561, 563 (9th Cir. 1983)*

11        For the period of April 17, 2008 to April 29, 2009 FOUNDATION was an active

12  Defendant in this matter. FOUNDATION filed an answer to the complaints in intervention and

13  participated actively in settlement discussions, mediations and court appearances. As set forth

14  above, FOUNDATION was removed from this action via a Motion to Dismiss on April 29, 2009.

15  Also as set forth above, the court invited intervention by FOUNDATION. This motion to

16  intervene is filed at the first practicable opportunity after having been dismissed from the action.

17        Additionally, on April 29, 2009 the court permitted TRIBES to file Second Amended

18  Complaints in intervention. As such, the TRIBES are just beginning the process of serving and

19  prosecuting the new complaints and will not be prejudiced through the addition of

20  FOUNDATION as a party at this juncture.   Discovery has not commenced concerning the new

21  complaints, and this Court has not made any substantive rulings concerning quantification of

22  water rights.

23        **2.**    **FOUNDATION Has a Significantly Protectable Interest in the Property and**

24            **Transactions that Are the Subject of This Litigation**

25        FOUNDATION has significantly protectable interests and/or rights to water in the Santa

26  Margarita River System that may be impacted in this matter. At the time of their Motion to

27  Dismiss, the TRIBES sought to dismiss Defendants based upon "technical analyses" performed

28

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE
UNIVERSITY RESEARCH FOUNDATION TO INTERVENE

1   subsequent to the filing of the Complaint *(Motion to Dismiss Claims Against Certain*

2   *Defendants, pg. 2, lines 1-2)* The "technical analyses" consisted of a "hydrologic rationale" set

3   forth in the Declaration of Oliver Page. *(Motion to Dismiss Claims Against Certain Defendants,*

4   *pg. 2, lines 10-11)* In essence, Mr. Page contended that groundwater development on tribal

5   lands inside the Anza-Cahuilla Sub- Basin would not impact the availability of water outside the

6   Anza-Cahuilla Sub-Basin. *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines*

7   *1-2)* Based on this analysis, the TRIBES contended that parties outside the basin would not be

8   bound by any adjudication herein, their water use would not be restricted, and their water rights

9   would not be prejudiced *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 18-*

10  *21)*

11          In opposition to the Motion to Dismiss, FOUNDATION provided declarations of David

12  Huntley, PhD and Matt Rahn, PhD which are included in the Court's file and incorporated herein

13  by this reference. Both Dr. Huntley and Dr. Rahn opined that the geology of the subject area may

14  be such that water transmission extends outward from the Anza Cahuilla sub-basin to outlying

15  areas. Discovery in this matter, including hydrogeologic investigations, will determine the

16  extent to which any transmission of water occurs outside the sub-basin. Based on the foregoing,

17  any determinations concerning water rights of the TRIBES in this matter will impact the water

18  rights and/or use of FOUNDATION as well. FOUNDATION should be permitted to intervene

19  as a matter of right to take part in discovery and argue for its water rights in the event of

20  transmittal of water between the sub-basin and outlying areas.

21          **3.      FOUNDATION'S Ability to Protect its Interests May be Impeded or**

22                  **Impaired by Disposition of This Case.**

23          The Ninth Circuit maintains that "If an absentee would be substantially affected in a

24  practical sense by the determination made in an action, he should, as a general rule, be entitled to

25  intervene". *Berg 268 F.3d at 822.* The FOUNDATION'S protectable interest is a finite resource

26  - water. If a disposition in this matter results in quantification of the TRIBES water rights, said

27  disposition could result in the diminishment and/or removal of water available to the

28

FOUNDATION.  This would "substantially affect" the FOUNDATION in a "practical sense".  In other words, if this determination is made in FOUNDATION'S absence, the FOUNDATION will be unable to "unring the bell" concerning any water allocations.  A determination of water rights in its absence will impair or impede the ability of FOUNDATION to protect its interest in preserving its water rights.  FOUNDATION would also be impacted in its ability to carry out its educational, research, and community service objectives including but not limited to, education, management, monitoring, outreach, planning, and research  at its field stations, including the Santa Margarita Ecological Reserve located in Riverside County, California

4.      **FOUNDATIONS'S Interest is Not Adequately Represented by Existing Parties**

This requirement concerning intervention is satisfied if the applicant shows that "representation of its interest by existing parties 'may be' inadequate".  *Berg, 268 F.3d at 810 (2001); Citing Trbovich v. United Mine Workers, 404 U.S. 528, 538, n. 10 (1972).*  The burden of showing inadequacy is minimal.  *Id.* Three factors are considered by the Ninth Circuit in determining whether a proposed intervenor will be adequately represented: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Berg, 268 F.3d at 822.*

The TRIBES seek a quantification of their water rights in this action.  To the extent that any water use by the TRIBES could potentially impact the water use and/or rights of FOUNDATION, the interests of these parties as to this finite resource are diametrically opposed.  Additionally, no other party in this matter is seeking protection and/or quantification of the water rights of FOUNDATION.  Therefore, no present party will "undoubtedly" make arguments concerning the water rights of FOUNDATION and FOUNDATION is "capable and willing" to make such arguments.  In addition, FOUNDATION is an "out of basin" Defendant and will offer additional arguments concerning the potential impact of the quantification of the TRIBES water

1  rights on "out of basin" Defendants.  Based on the foregoing, FOUNDATION'S interests are not

2  adequately represented by existing parties.

3

4  **B.      In the alternative, permissive intervention should be granted for FOUNDATION**

5        Federal Rule of Civil Procedure 24(b) provides for permissive intervention when an

6  applicant's claim and the main action involve "a common question of law or fact" and allowing

7  intervention will not "unduly delay or prejudice the adjudication of the original parties rights".

8        For the reasons set forth above, this matter presents common questions of law or fact

9  concerning rights to water in the Santa Margarita River System.  Also for the reasons set forth

10 above, including the stage of the proceedings in this matter, intervention by FOUNDATION will

11 in no way prejudice the adjudication of any other claims herein.

12                                    **III.**

13                                **CONCLUSION**

14        Based on the foregoing, SAN DIEGO STATE UNIVERSITY RESEARCH

15 FOUNDATION requests that it be permitted to intervene as a matter of right in this action.  In

16 the alternative, SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION requests that

17 the court grant permissive intervention in this matter.  Copies of proposed Answers to the (1)

18 Second Amended Complaint in Intervention of the Cahuilla Band of Indians and the (2) Second

19 Amended Complaint in Intervention of the Ramona Band of Cahuilla are attached hereto as

20 Exhibits "A" and "B", respectively.

21 Dated:  May 22, 2009.                    COHEN & BURGE

22

23                                    By  ___/s/_____
24                                         ROBERT M. COHEN
                                           Attorneys for SAN DIEGO
25                                         STATE UNIVERSITY
                                           RESEARCH FOUNDATION

26

27

28
                                          7