Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com
*Attorneys for Plaintiff-Intervenor*
*Ramona Band of Cahuilla*

Marco A. Gonzalez (CA State Bar No. 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, CO 80302
Tel: 303/442-2021
Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com
*Attorneys for Plaintiff-Intervenor*
*Cahuilla Band of Indians*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 51-CV-1247-GT-RBB<br><br>**JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RAMONA BAND OF CAHUILLA'S AND CAHUILLA BAND OF INDIANS' OPPOSITION TO EDWARD F. REED TRUST MOTION FOR DISMISSAL WITH PREJUDICE, OR IN THE ALTERNATIVE, FOR ATTORNEYS' FEES AND COSTS**<br><br>Hon. Gordon Thompson, Jr.<br><br>**Date: No hearing date set**<br>**Time:**<br>**Courtroom: 8** |

## INTRODUCTION

Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust (Trusts) have filed a motion requesting this Court to "change their dismissal without prejudice to a dismissal with prejudice." Memorandum of Points and Authorities in Support of Motion for Dismissal with Prejudice Or, in the Alternative, for Attorneys Fees and Costs, at page 4 (Trusts Memo). In the alternative the Trusts ask for $43,970 in attorneys fees and $2,035.58 in costs. Plaintiff-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians oppose the motion for the following reasons: 1) there is no legal authority for this Court to convert an automatic dismissal of non-answering defendants into a dismissal with prejudice; 2) assuming *arguendo* such authority exists, the Trusts have not shown legal prejudice entitling them to dismissal with prejudice; and 3) this Court may not condition dismissal without prejudice under Rule 41(a)(1) on the Tribes' payment of the Trusts' attorneys fees and costs, which, in any event, are precluded by the Tribes' sovereign immunity, and the failure to adequately document the reasonableness of the claimed fee amounts. An evidentiary hearing is required to determine the reasonableness of the amounts claimed and the rates charged. If the motion for attorneys fees is not denied, the Tribes must be given the opportunity to withdraw the motion. The Tribes will not accept a dismissal without prejudice conditioned on payment of attorneys fees.

## I. THIS COURT HAS NO AUTHORITY TO CONVERT A DISMISSAL WITHOUT PREJUDICE UNDER RULE 41(a)(1) INTO A DISMISSAL WITH PREJUDICE UNDER RULE 41(a)(2)

The Trusts are in that group of defendants who did not file answers in response to the Tribes' complaints. Under Rule 41(a)(1), the Tribes had the absolute, unconditional right to dismiss claims against such defendants without prejudice, and no Court order was required to effectuate that result. *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir. 1995). The Tribes invoked that right here. Dismissal upon notice under 41(a)(1) removes this Court's discretion to alter the terms of the dismissal. A notice of dismissal alone is effective to terminate claims against non-answering defendants. *American Soccer Company, Inc. v. Score First Enterprises,* 187 F.3d 1108, 1110 (9th Cir. 1999) (the plaintiff's absolute right to dismiss before answer "leaves no role for the court to play"). As the Ninth Circuit has held, under Rule 41(a)(1),

> "[I]f the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court. This does not prejudice the defendants. If the defendants desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) they may do so by taking the simple step of filing an answer." (internal quotations and citation omitted)

187 F.3d at 1112. "[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Commercial Space Management Company, Inc. v. Boeing Company, Inc.*, 193F.3d 1074, 1076 (9th Cir. 1999) (emphasis added). Thus, this Court may not impose terms of dismissal with prejudice nor condition dismissal of the Trusts on the Tribes' payment of attorneys fees and costs.

Although filing a notice of dismissal would have been sufficient to dismiss without prejudice the non-answering defendants, for the convenience of the parties and the Court and in the interests of judicial economy, the Tribes included dismissal of the non-answering defendants in their motion to dismiss those answering defendants for which a court order was required under the Rule. Inclusion of the non-answering defendants in the motion is properly construed as the Tribes' notice of dismissal without prejudice under Rule 41(a)(1)

The legal effect of that notice is that there is no longer any case or controversy between the Tribes and the Trusts. As a result, there is no authority for this Court to alter or revise the terms of the Trusts' dismissal. The Ninth Circuit has explained the effect of a voluntary dismissal of claims against non-answering defendants in these terms:

> "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."

*Id.* at 1078. That this Court confirmed the Tribes' dismissal of claims against the non-answering defendants in its April 29, 2009 order does not change the jurisdictional effect here.

Perhaps recognizing that this Court has no discretion to do what the Trusts are asking, the Trusts suggest that revising the order to grant dismissal with prejudice merely changes the form but not the substance of the dismissal. The Trusts assert that the Tribes' joint motion "recognized" that "unilateral dismissal under Rule 41(a)(1) was not appropriate," and further that this Court's order is

"consistent with a request for dismissal under Rule 41(a)(2)." Trusts Memo at page 5-6. Neither the Tribes' joint motion nor this Court's order supports this strained construction.

Throughout the briefing on the motion to dismiss, the Tribes separately analyzed the process for dismissing the answering defendants, which as the Tribes acknowledged required a court order to effectuate, and the process for dismissing the non-answering defendants, such as the Trusts, which as the Tribes pointed out plainly did not require such an order. *See* Dkt # 5109, Joint Memorandum of Points and Authorities in Support of Motion to Dismiss Claims Against Certain Defendants, at page 3 (dividing brief into Point 1: "Defendants Who Have Not Answered;" and Point 2: "Defendants Who Have Answered," and noting that as to the first group, "[t]his Motion constitutes notice of the Tribes' voluntary dismissal without prejudice pursuant to Rule 41(a)(1), which provides that a plaintiff may dismiss without a court order before the opposing party files an answer."). This Court's Order confirms that the Tribes were dismissing without prejudice claims against defendants who had not answered. (**IT IS ORDERED** that Plaintiff-Intervenors' Joint Motion to Dismiss Certain Defendants is **GRANTED**. Pursuant to Fed. R. Civ. P. 41(a)(1)(A), the dismissal is **without prejudice** for all Defendants who own land outside the boundaries of the Anza-Cahuilla Sub-Basin as defined by Interlocutory Judgment 33 and who did **not** file an answer.")

The Trusts suggest that they should be treated the same as those defendants who answered the Tribes complaints, on the theory the Trusts were precluded from filing an answer by the stay put in place shortly after they obtained an extension of time to respond. The Trusts do not explain why they did not file an answer during the several weeks between the return of the waiver of the service of summons and the imposition of the stay. Moreover, the Trusts did not oppose the stay, they did not request the opportunity to file their answer nothwithstanding the stay, request that the stay be lifted so they could file their answers, or otherwise suggest that they were being prejudiced by the suspension of litigation to pursue settlement discussions. It is too late to complain now that certain other defendants who acted more expeditiously in filing answers before the stay was granted are in a better position. A defendant's failure to file an answer is not an exception to the rule that courts have no authority to convert an unconditional dismissal into a dismissal with prejudice.

The Trusts also suggest that this Court should excuse their failure to file an answer before the stay went into effect because the setting of the June 2009 trial date and the pace of the settlement discussions "necessarily required the Trusts to begin their preparations for trial." Trust Memo at page 7. The significance of the trial date on the Trusts' delay in filing an answer is not explained. Moreover, there is no evidence that the Trusts had undertaken any meaningful trial preparation that would have prevented the filing of an answer. The attorney billing records submitted by the Trusts do not show any time devoted to trial preparation. There were no discovery requests requiring the Trusts to respond. In fact, there has been no discovery in this case at all. No depositions have been taken; no expert witnesses have been identified nor expert witness reports prepared or exchanged. The law is settled in the Ninth Circuit that "Rule 41 does not authorize a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal." *American Soccer Company, Inc. v. Score First Enterprises,* 187 F.3d at 1112.

**II. EVEN ASSUMING AUTHORITY TO DO SO, THE TRUSTS MAY NOT BE DISMISSED WITH PREJUDICE BECAUSE THEY HAVE NOT MET THEIR BURDEN TO SHOW LEGAL PREJUDICE**

Assuming *arguendo* this Court has authority to revise the terms of the Tribes' dismissal without prejudice, the Trusts have not meet their burden to show legal prejudice. Because dismissal with prejudice is an adjudication on the merits of the plaintiff's claim, an extreme outcome, courts typically allow a dismissal without prejudice unless the defendant will suffer "plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). It is noteworthy that the Trusts do not attempt to show they will suffer legal prejudice if the dismissal without prejudice remains in effect. Rather, their argument is that "they were essentially in the same position" as those dismissed defendants who filed answers because they were also "served with the summons" and were required to defend the Tribes' claims.[1] This boot-strapping argument cannot substitute for a showing of genuine legal prejudice.

Not surprisingly, the Trusts have identified no legal prejudice deriving from their dismissal. This Court's Order of dismissal is consistent with the governing law on this issue, and should not,

---

[1] Of course, neither the Trusts nor any other party was "served with a summons," as the Tribes followed this Court's direction to serve the complaints pursuant to Rule 4(d), which requires mailing of a Notice and Request for Waiver of Service of the Summons.

therefore, be disturbed. The threat of a future lawsuit is not legal prejudice. *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). Specifically, "continued uncertainty over water rights, created by the specter of future litigation over the proper apportionment of water" is not plain legal prejudice within the meaning of the Rule. *Id.* There can be no legal prejudice from the possibility that the Tribes' may re-assert their claims in light of the fact that the United States as trustee also asserts claims on behalf of the Tribes, and can be expected to continue to do so in this case.

The Trusts' assertion of economic harm does not qualify as legal prejudice. The Trusts' claim that Riverside County may not issue permits or record subdivision maps until the Tribes' water rights claims are resolved is not supported by declarations or otherwise admissible facts. Vague allegations about unspecified harm to economic interests does not constitute legal prejudice. Prejudice must be "legal" in nature, related to rights and defenses available to the defendant in future litigation. *Id.* at 97.

## III. THIS COURT DOES NOT HAVE AUTHORITY TO CONDITION A DISMISSAL WITHOUT PREJUDICE ON THE PAYMENT OF ATTORNEYS FEES, AND THE TRIBES MUST BE GIVEN THE OPPORTUNITY TO WITHDRAW THEIR MOTION WITH REGARD TO THE TRUSTS IF THIS COURT CONSIDERS AN AWARD OF SUCH FEES

The Trusts request $43,970 in attorneys fees and $2,035.58 in costs as conditions on the dismissal without prejudice. As noted, because the Trusts had not answered, the Tribes had the absolute, unconditional right to dismiss the Trusts without prejudice, which they did by filing the notice as part of the motion to dismiss defendants outside the Anza-Cahuilla Sub-Basin. *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir. 1995). It bears repeating that under settled Ninth Circuit law a voluntary dismissal under Rule 41(a)(1) deprives the district court of jurisdiction and, as a result, the court cannot exercise discretion with respect to the terms and conditions of the dismissal. *Commercial Space Management Company, Inc. v. Boeing Company, Inc.,* 193 F.3d at 1076. This Court has no jurisdiction to award attorneys fees to non-answering defendants such as the Trusts. If this Court considers attorneys fees as a condition of dismissal without prejudice, the Tribes must be given a reasonable opportunity to withdraw the motion. *Lau v. Glendora Unified School District,*

792 F.2d 929 (9th Cir. 1986). The Tribes do not accept the payment of attorneys fees as a condition of dismissal.

Ignoring this rule, the Trusts nonetheless argue that the Tribes should pay for their attorneys' legal work because there is no possibility that the work product could be used in future litigation between the parties. Trusts Memo at 8-9. The factual premise of this argument is, of course, wrong. The possibility of future litigation is real, in part because the Trusts have not given up their right to sue the Tribes if the Trusts conclude the Tribes' water use is interfering with the Trusts' rights or otherwise impeding their residential development plans in the area. The likelihood of such litigation is not purely speculative, as one dismissed downstream water rights holder has already sought intervention on the theory that impacts from the Tribes' water use could fall on downstream users and rights holders. Dkt. # 5152. Memorandum of Points and Authorities in Support of Motion of San Diego State University Research Foundation to Intervene. For purposes of an attorneys fees motion, it is not necessary to resolve disputed facts with regard to possible impacts; rather, the point here is that such litigation is certainly possible when parties are dismissed without prejudice.

As a result, the legal work conducted by the Trusts' attorneys will be useful if and when such litigation occurs. The issues in subsequent litigation will be nearly identical to those researched by the Trusts' attorneys in this phase of the case.

In responding to the answering Defendants' motions for attorneys fees, the Tribes have argued that as sovereign entities they are immune from such claims. Joint Memorandum of Points and Authorities in Support of the Ramona Band of Cahuilla's and Cahuilla Band of Indians' Opposition to Motions for Attorneys Fees at pages 9 to 10. Rather than repeat that argument here, the Tribes hereby incorporate it as part of this memorandum.

Further, because the claim for attorneys fees and costs is not adequately documented or supported by affidavits or other admissible evidence, this Court should hold an evidentiary hearing to enable a fair determination of the reasonableness of the claimed hours and fee rates. The decision to hold an evidentiary hearing is within the discretion of the district court, and a hearing is required when the court cannot fairly decide disputed questions of fact based on affidavits and other documentation. *See, e.g., Sablan v. Department of Finance of Com. of Northern Mariana Islands,*

856 F.2d 1317, 1322 (9th Cir. 1988); *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1402 (6th Cir. 1995).

In particular, the Tribes dispute the assertion that all of the fees claimed were generated by legal work that was necessary to defend the Tribes' claims. Although the billing records are vague and non-descriptive, it is apparent that substantial amounts of time and resources were devoted to investigating, researching and analyzing the legal basis, scope and meaning of the Trusts' water rights under the interlocutory judgments in this case. That is work that could have and should have been done before the Tribes intervened. From the time the Trusts acquired their interests in the subject property, they were subject to the applicable interlocutory judgments in the case, including No. 41, which established the Tribes' rights to a final water quantification based on the federal reserved rights doctrine. It would be unfair to require the Tribes to pay for legal work that should have been conducted long ago for other purposes. The Tribes cannot be asked to bear the costs of the Trusts' neglect of their water rights under the *Fallbrook* decree.[2]

The billing records submitted by the Trusts are not sufficiently detailed to enable this Court to determine whether the fees generated were reasonable. Many of the billing entries are too vague to answer that question. For example, for September 30, 2008, there is an entry for 4.4 hours entitled "[p]repare for and attend settlement meeting with Ramona Tribe attorney and Federal Negotiating Team." Trusts Memo, Declaration of Robert K. Edmunds, Ex. A, page 6. (Edmunds Declaration). Similar entries simply state "[p]repare for and attend status conference." *Id.* Few of the billing entries contain the degree of specificity required for this Court to determine whether the hours worked were necessary, and the rates charged reasonable. In fact, at least one entry appears to be completely unrelated to this case. The entry for September 18, 2008, bills .3 hours for "Conference with C. Datchev re petitioner refusal to dismiss for failure to exhaust administrative remedies." *Id.* at page 8. The records do not identify "C. Datchev," nor do they show how exhaustion of administrative remedies is relevant to the issues in the Tribes' case. Finally, there are substantial

---

[2] It also appears that substantial amounts of hours were devoted to addressing the rights of other parties in the case, and the alleged problems with Riverside County in permitting the Trusts' development plans. An evidentiary hearing is required to determine with precision how much of the work legitimately is attributable to the Tribes' claims and how much was conducted for other purposes.

amounts charged for "On-Line Search Service-Pacer," mileage and copying. For none of these items do the records explain the purpose of these charges. Mileage charges are not documented with evidence of the rate or the number of miles driven.

Faced with similar "block-billed, extremely vague, or generally non-descriptive" billing records, this Court reduced the applicant's hours by nearly 30%. *Hess v. Ramona Unified School District,* 2008 WL 5381243 *6 (S.D. Cal. 2008) (billing entries for "work on preliminary injunction brief" or "prepare for hearing on preliminary injunction" are too vague for awarding the full hours claimed). The hours claimed by the Trusts should similarly be reduced, and this Court should require the Trusts to produce evidence at a hearing to explain precisely the nature and scope of the work for which fees were charged.

The Trusts have the burden to produce "satisfactory evidence-in addition to the attorneys own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 897 (1984). The Edmunds Declaration makes no representations about whether a billing rate of between $415 per hour and $520 per hour for him and his partner are prevailing rates in the Southern District of California for Indian water rights cases where neither attorney has any experience in Indian water rights matters. "Determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing party." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986). The implication that the rates billed the Trusts are per se reasonable is of course wrong. This too is an issue for an evidentiary hearing.

## CONCLUSION

This Court does not have authority to revise the dismissal without prejudice, because the Trusts did not take the simple step of filing an answer before the stay was put in place. The Trusts have not meet their burden of showing legal prejudice. This Court does not have authority to award attorneys fees as a condition of dismissal without prejudice. Such fees are in any event excessive,

unsupported by evidence and not in keeping with the prevailing rates in this district. For these reasons, the motion should be denied.

Respectfully submitted,

Date: June 1, 2009

ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP

By:/s/Curtis G. Berkey

Curtis G. Berkey
Scott W. Williams
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor, Ramona Band of Cahuilla*

COAST LAW GROUP LLP

By:/s/Marco Gonzales

Marco Gonzales
169 Saxony Road, Suite 204
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

*Attorney for Plaintiff-Intervenor, Cahuilla Band of Indians*

McELROY, MEYER, WALKER & CONDON, P.C.

By:/s/Scott B. McElroy

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
1007 Pearl Street, Suite 220
Boulder, Colorado
Tel: 303/442-2021
Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervenor, Cahuilla Band of Indians*

**DECLARATION OF SERVICE BY U.S. MAIL**

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

On June 1, 2009, I caused to be served the following document(s) in United States of America, et al. v. Fallbrook Public Utility District, et al., Case No. 51-1247-SD-GT:

1) **JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RAMONA BAND OF CAHUILLA'S AND CAHUILLA BAND OF INDIANS' OPPOSITION TO EDWARD F. REED TRUST MOTION FOR DISMISSAL WITH PREJUDICE, OR IN THE ALTERNATIVE, FOR ATTORNEYS' FEES AND COSTS**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Nobuo Komota
c/o Richard Woo
Soliton Tech
2635 N. First Street, Suite 213
San Jose, CA 95134

Agri-Empire, Inc.
P.O. Box 490
San Jacinto, CA 92383

Bill Steele
U.S. Bureau of Reclamation
27708 Jefferson Ave., #202
Temecula, CA 92590

Director
Riverside Co. Planning
4080 Lemon Street, 9th Floor
Riverside, CA 92501

General Manager
Rancho Cal RV Resort CA
P.O. Box 214
Aguanga, CA 92536

SDSU Field Station Programs
ATTN: Matt Rahn, Reserve Director
5500 Campanile Drive
San Diego, CA 92182-4614

Anthony J. Pack, General Manager
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

General Manager
Rainbow MWD
3707 Old Highway 395
Fallbrook, CA 92028-9327

Michael Lopez
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

General Manager
Elsinore Valley MWD
P.O. Box 3000
Lake Elsinore, CA 92330

Jack S. Safely
Western MWD
P.O. Box 5286
Riverside, CA 92517

Arthur L. Littleworth
James B. Gilpin
C. Michael Cowett
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101

Louidar
c/o McMillan Farm Management
29379 Rancho California Road, #201
Temecula, CA 92591

Robert H. James, Esq.
SACHSE, JAMES & LOPARDO
205 W. Alvarado St., Suite 1
Fallbrook, CA 92028

Richard & Christine McMillan
Gary & Patricia McMillan
McMillan Farm Management
29379 Rancho California Road, Suite 201
Temecula, CA 92362

Darwin Potter
Metropolitan Water District
Lake Skinner Section
33740 Borel Road
Winchester, CA 92596

John Rossi, General Manager
Western MWD
P.O. Box 5286
Riverside, CA 92517

James Carter
P.O. Box 28739
Santa Ana, CA 92799-8739

Brian Brady, General Manager
Rancho California WD
P.O. Box 9017
Temecula, CA 92589-9017

Michael E. McPherson, Esq.
344 Plumosa Avenue
Vista, CA 92083

Manuel Hamilton
Joseph Hamilton
P.O. Box 391372
Anza, CA 92539

Assistant Chief of Staff
Environmental Security
Box 555008
Marine Corps Base
Camp Pendleton, CA 92055-5008

Keith Lewinger, General Manager
Fallbrook Public Utility District
P.O. Box 2290
Fallbrook, CA 92088

Mike Luker
Eastern MWD
P.O. Box 8300
Perris, CA 92572-8300

Counsel Western Bases
P.O. Box 555231
Marine Corps Base - Bldg. 1254
Camp Pendleton, CA 92055-5231

Tulvio Durand, Chairman
AVMAC
P.O. Box 390908
Anza, CA 92539

Linda Garcia
Riverside Co. Flood Control and Water Conservation Dist.
1995 Market Street
Riverside, CA 92501

Larry Minor
P.O. Box 398
San Jacinto, CA 92581

Craig Elitharp, Director of Operations
Rancho California Water District
P.O. Box 9017
Temecula, CA 92589-9017

David Glazer, Esq.
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

Leslie Cleveland
U.S. Bureau of Reclamation
27708 Jefferson Avenue, #202
Temecula, CA 92590

Peter E. Von Haam, Sr. Deputy General Counsel
Metropolitan Water District of Southern California
P.O. Box 54153
Los Angeles, CA 90054

Pamela Williams
Office of the Solicitor
U.S. Department of the Interior
Division of Indian Affairs
1849 C Street, NW, Room 6456
Washington, D.C. 20240

Elsa Barton
217 No. Palm
Hemet, CA 92543

Anza Mutual Water Company
P.O. Box 390117
Anza, CA 92539-0117

Chairperson
Cahuilla Band of Indians
P.O. Box 391760
Anza, CA 92539

Amy Gallaher
Metropolitan Water District
P.O. Box 54153
Los Angeles, CA 90054-0153

Stephen B. Reich
Stetson Engineers, Inc.
2171 E. Francisco Blvd., Suite K
San Rafael, CA 94901

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Mary E Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J Machado
Pamela M. Machado
P O Box 391607
Anza, CA 92539

Marianne E. Pajot
40225 Curry Court
Aguanga, CA 92536-9742

Jeffry F. Ferre
Jill N. Willis
BEST BEST & KRIEGER LLP
3750 University Avenue
P.O. Box 1028
Riverside, CA 92502

Don Forsyth
Metropolitan Water District
33752 Newport Road
Winchester, CA 92596

Assistant Chief of Staff, Facilities
Attn: Office of Water Resources
Box 555013
Camp Pendleton, CA 92055-5013

James J. Fletcher
U. S. Department of the Interior
Bureau of Indian Affairs
1451 Research Park Drive
Riverside, CA 92507-2471

Mark Shaffer
6837 NE New Brooklyn Road
Bainbridge Island, WA 98110

Thomas Perkins
7037 Gaskin Place
Riverside, CA 92506

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

Billy Ward
P O Box 5878
San Diego, CA 92165

John S Wilson
Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Barbara J Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

Louidar
P.O. Box 891510
Temecula, CA 92591

Eugene Franzoy
Franzoy Consulting, Inc.
1392 W. Stacey Lane
Tempe, AZ 85284

Steve Larson
S.S. Papadopilos & Associates
7944 Wisconsin Ave.
Bethesda, MD 20814-3320

Wiederrich Family Trust
13440 St. Andrews Place
Poway, CA 92064

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on June 1, 2009, at Berkeley, California.

Martha Morales