Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505, Fax: 760-942-8515
marco@coastlawgroup.com

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021, Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com
*Attorneys for Plaintiff in Intervention,*
   *Cahuilla Band of Indians*

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS
  & WEATHERS, L.L.P.
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510-548-7070, Fax: 510-548-7080
cberkey@abwwlaw.com
*Attorney for Plaintiff in Intervention*
   *the Ramona Band of Cahuilla*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 51-cv-1247-GT-RBB |
| Plaintiff, | **JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION'S MOTION TO INTERVENE** |
| RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, federally recognized Indian tribes, | |
| Plaintiffs in Intervention, | |
| v. | Hearing Date: No Hearing Date Set<br>Time:<br>Courtroom:   8 |
| FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., | Hon. Gordon Thompson, Jr. |
| Defendants. | |

---

Tribes' Response in Opposition · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · Case No. 51-cv-1247

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

I.    INTRODUCTION ...................................................................... 1

II.   ARGUMENT ............................................................................... 2

     A.    SDSU MAY NOT INTERVENE IN THIS ACTION IF THE TRIBES'
           CLAIMS AGAINST IT ARE DISMISSED WITH PREJUDICE ........... 3

     B.    SDSU MAY NOT INTERVENE AS OF RIGHT BECAUSE IT
           DOES NOT HAVE A SUFFICIENT INTEREST IN THIS ACTION ....... 3

          1.    "Interest" Test for Intervention as of Right ....................... 4

          2.    SDSU's Property Interests Do Not Relate to the Subject
               of this Action ...................................................................... 5

     C.    SDSU ALSO MAY NOT INTERVENE AS OF RIGHT BECAUSE
           ITS ABILITY TO PROTECT ANY WATER RIGHTS IT MAY
           HAVE WILL NOT BE IMPAIRED IN ITS ABSENCE ......................... 6

     D.    SDSU MAY NOT PERMISSIVELY INTERVENE BECAUSE
           THERE IS NO COMMON QUESTION OF LAW OR FACT
           AND INTERVENTION WOULD UNDULY DELAY THIS
           LITIGATION ............................................................................... 8

          1.    No Common Question of Law or Fact Exists Here ............ 9

          2.    Even if a Common Question is Found, the Court Should
               Still Deny Permissive Intervention .................................. 10

III.  CONCLUSION ......................................................................... 12

PROOF OF SERVICE ........................................................................ 13

# TABLE OF AUTHORITIES

**CASES**

*Alaniz v. California Processors, Inc.*, 73 F.R.D. 269 (N.D. Cal. 1976) . . . . . . . . . . . . . . . . . . 7

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) . . . . . . . . . . . . . . 7

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Forest Conservation Council v. United States Forest Serv.*,
    66 F.3d 1489 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Semtech Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001) . . . . . . . . . . . . . . . . . . . . . 3

*Sierra Club v. United States Envtl. Prot. Agency*, 995 F.2d 1478 (9th Cir. 1993) . . . . . . . 4, 6

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) . . . . . . . . . . . . . 9, 10

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . 4, 6

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . 7

*United States v. Oregon*, 839 F.2d 635 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Utah v. Am. Pipe and Constr. Co.*, 50 F.R.D. 99 (C.D. Cal. 1970) . . . . . . . . . . . . . . . . . . . . 7

*Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**RULES**

FED. R. CIV. P. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FED. R. CIV. P. 24(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

FED. R. CIV. P. 24(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FED. R. CIV. P. 24(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

FED. R. CIV. P. 24(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

FED. R. CIV. P. 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# I. **INTRODUCTION.**

The Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively "Tribes") respectfully request the Court to deny the motion to intervene filed by San Diego State University Research Foundation ("SDSU").  *See Notice of Motion of San Diego State University Research Foundation to Intervene* (May 22, 2009) ("Motion to Intervene"); *Memorandum of Points and Authorities in Support of Motion of San Diego State University Research Foundation to Intervene; Exhibits; Declaration of Robert M. Cohen* (May 22, 2009) ("SDSU Memorandum").[1]

On April 1, 2009, the Tribes filed a motion to voluntarily dismiss their claims against all defendants who reside outside the boundaries of the Anza-Cahuilla Sub-Basin ("Sub-Basin"). *Notice of Joint Motion and Joint Motion to Dismiss Claims Against Certain Defendants* (Apr. 1, 2009).  As of right, the Tribes dismissed their claims against those defendants who failed to file an answer without prejudice, but the Court dismissed with prejudice the claims against those defendants who had filed an answer. *Order* at 1-2 (Apr. 29, 2009) ("April 29 Order").[2]  At the same time, the Court invited any defendant that opposed being dismissed to request intervention.  *Id.* at 2.  Because SDSU filed answers to the Tribes' complaints,  the Tribes' claims against it were dismissed with prejudice.  *See id.* at 1-2; *Answer of San Diego State University Research Foundation to Ramona Band of Cahuilla's First Amended Complaint Intervention* (June 17, 2008); *Answer of San Diego State University Research Foundation to Cahuilla Band of Indians First Amended Complaint in Intervention* (June 17, 2008).  Pursuant

---

[1] Although SDSU indicates that oral argument is not required, it failed to obtain a hearing date so as to allow the Tribes to calculate the deadline for filing this opposition.  *See* CivLR 7.1(e); Motion to Intervene at 1.

[2] After SDSU filed its Motion to Intervene, the Tribes filed a motion asking the Court to reconsider its dismissal of the defendants with prejudice, and requested that dismissal be without prejudice.  *See Notice of Joint Motion and Joint Motion to Reconsider* (May 28, 2009) ("Motion to Reconsider").  A hearing on this matter is currently set for June 29, 2009. *Notice of Hearing on Motion* (May 29, 2009).

to the Court's invitation, SDSU now moves the Court to intervene in this action. For all of the reasons described below, the Tribes oppose SDSU's request.

## II. ARGUMENT.

The Tribes oppose SDSU's Motion to Intervene for several reasons. First, the Tribes' claims against SDSU were dismissed from this action with prejudice, thus any further action in this case on the Tribes' claims between the Tribes and SDSU will be barred unless the Court grants the Tribes' *Notice of Joint Motion and Joint Motion to Reconsider* (May 28, 2009) ("Motion to Reconsider"). Second, the Tribes do not seek to affect the water rights of out-of-Sub-Basin water users, so SDSU does not have a sufficient interest in this action to intervene as of right. *See Ramona Band of Cahuilla's Second Amended Complaint in Intervention* (Apr. 1, 2009) ("Ramona Second Amended Complaint"); *Cahuilla Band of Indians' Second Amended Complaint in Intervention* (Apr. 1, 2009) ("Cahuilla Second Amended Complaint"). Third, SDSU's ability to protect any water rights it may have will not be impaired or impeded if it is denied intervention, so it may not intervene as of right. In this case, SDSU has not identified the water rights it claims under the Fallbrook decree, nor has it identified which interlocutory judgment governs such claimed water rights. Fourth, SDSU may not permissively intervene because no common questions of law or fact are present. Finally, SDSU's intervention would greatly broaden the scope of the litigation and implicate the interests of the other parties subject to the Court's continuing jurisdiction, thereby delaying the resolution of the Tribes' claims.

For all of the foregoing reasons, the Court should deny SDSU's Motion to Intervene.

## A. SDSU MAY NOT INTERVENE IN THIS ACTION IF THE TRIBES' CLAIMS AGAINST IT ARE DISMISSED WITH PREJUDICE.

As explained above, the Court dismissed the Tribes' claims against SDSU with prejudice.[3] *See* April 29 Order at 1-2. SDSU never states why it wishes to reinstate the Tribes' claims against it when the Court dismissed those claims with prejudice. Dismissal with prejudice is equivalent to prevailing on the merits of a claim, thus, such dismissal bars any further assertion of the claims raised in the Tribes' complaints against SDSU in this case. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (dismissal under Rule 41(b) barred the refiling of the same claims in the same case). Thus, if the dismissal with prejudice of the Tribes' claims against SDSU stands, SDSU is fully protected against the Tribes' claims and therefore may not intervene in this action.

## B. SDSU MAY NOT INTERVENE AS OF RIGHT BECAUSE IT DOES NOT HAVE A SUFFICIENT INTEREST IN THIS ACTION.

Even if the Court grants the Tribe's Motion to Reconsider and dismisses SDSU without prejudice, SDSU does not have a sufficient interest in property related to the subject of this action to intervene as of right. After voluntarily dismissing certain defendants, including SDSU, and amending their complaints, the Tribes now seek to have their water rights declared and confirmed only as against water users located within the Sub-Basin. The Tribes also seek to enjoin water use that interferes with their rights, but again, only within the Sub-Basin. Although characterized differently, and incorrectly, by SDSU, the Tribes do not seek to infringe upon, bind, or otherwise affect the water rights claimed by any water user located outside of the Sub-Basin. SDSU, therefore, may not intervene as of right here.

---

[3] SDSU continues to refuse to define its water rights which are recognized or otherwise made a part of the *Final Judgment and Decree* (May 8, 1963) in this case and subject to the Court's continuing jurisdiction. Assuming SDSU holds such rights, it is a party to the underlying case but is not subject to the Tribes' claims in the present limited proceedings.

### 1. "Interest" Test for Intervention as of Right.

Pursuant to FED. R. CIV. P. 24(a)(2), a party may intervene as of right when, inter alia, it "claims an interest relating to the property . . . that is the subject of the action . . . ."[4] Whether a party seeking to intervene as of right satisfies the interest requirement "is a practical, threshold inquiry," *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), for which the Ninth Circuit has developed a two-part test.

First, an intervenor must demonstrate that it has a legally protectable interest. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995)(citing *Sierra Club v. United States Envtl. Prot. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)). Second, an intervenor must show that its interest actually relates to the plaintiff's claims, or the subject of the action in which it seeks intervention. *Id.*; *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). In other words, if the relief sought by a plaintiff has "direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the 'interest' test of FED. R. CIV. P. 24(a)(2)." *Forest Conservation Council*, 66 F.3d at 1494; *cf. Alisal Water Corp.*, 370 F.3d at 920 n.3 ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself."). Or, where a plaintiff ultimately seeks to regulate a third party's conduct as to a legally protected interest, that third party also satisfies the interest test. *Sierra Club v. United States Envtl. Prot. Agency,* 995 F.2d 1478, 1485-86 (9th Cir. 1993). Even if a plaintiff's original claims implicate a legally protectable interest of a third party, the plaintiff may subsequently modify its claims so as to purposefully avoid doing so. *Donnelly v. Glickman*, 159 F.3d 405, 410-11 (9th Cir. 1998).

---

[4] A party must also timely move the court and be inadequately represented in the action in order to intervene as of right. FED. R. CIV. P. 24(a)(2). The Tribes do not dispute SDSU's timeliness. Nor do the Tribes contend for purposes of this motion that in-basin parties adequately represent the interests of out-of-basin parties.

Tribes' Response in Opposition     4     Case No. 51-cv-1247

In considering whether intervention is appropriate, "[t]he party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *Alisal Water Corp.*, 370 F.3d at 919. As explained below, SDSU fails to show that its interests relate to the subject of this action.[5]

### 2. SDSU's Property Interests Do Not Relate to the Subject of this Action.

SDSU fails to satisfy the requirement that its interests relate to the subject of this action. SDSU's interests have no relation to the Tribes' claims because the Tribes narrowed the scope of this action to exclude issues related to SDSU and other similarly situated water claimants, as urged by all of those claimants other than SDSU.

The Tribes previously sought leave to amend their complaints in order to limit this litigation to unresolved issues between the Tribes and other water claimants within the Sub-Basin. *Memorandum of the Cahuilla Band of Indians and the Ramona Band of Cahuilla of Points and Authorities in Support of Their Motion for Leave to File Second Amended Complaints in Intervention* at 3, 6 (Apr. 1, 2009). In doing so, the Tribes made clear that out-of-Sub-Basin water users who are dismissed from this action, which includes SDSU, "will not be bound by any subsequent judgment or settlement." *Id.* at 6. Indeed, the proposed amended complaints expressly "limit the scope of the Tribes' claims to the [Sub-Basin] . . . and to those defendants who use water or claim rights to use water within that area . . . ." Ramona Second Amended Complaint at 2; *accord* Cahuilla Second Amended Complaint at 4. The declaratory and injunctive relief requested by the Tribes is only against water users and claimants in the Sub-Basin, Ramona Second Amended Complaint at 5-6; Cahuilla Second Amended

---

[5] SDSU asserts that it has "significantly protectable interests and/or rights to water in the Santa Margarita River System," SDSU Memorandum at 4, but entirely neglects to explain the basis or origin of such "interests and/or rights" or, more importantly, to identify where on the Santa Margarita River those rights are located. *See id.*; *Answer of Intervenor San Diego State University Research Foundation to Ramona Band of Cahuilla's Second Amended Complaint in Intervention* at 3-4 (May 22, 2009); *Answer of Intervenor San Diego State University Research Foundation to Cahuilla Band of Indians Second Amended Complaint Intervention* at 3-4 (May 22, 2009).

Complaint at 9-10, except that the Tribes also ask the Court to "[d]eclare and confirm that nothing in the resulting judgment shall bind or otherwise affect the rights of those parties to the Fallbrook litigation that use or claim rights to use surface and/or ground water outside of the Sub-Basin." Cahuilla Second Amended Complaint at 9; *accord* Ramona Second Amended Complaint at 5. Clearly, the Tribes do not seek to regulate or enjoin SDSU's water use, nor do they seek quantification of their water rights as against SDSU. The Court granted the Tribes leave to amend their complaints in the above-described manner, April 29 Order at 2, so now only water users and claimants within the Sub-Basin have legally protectable interests related to the Tribes' claims.

In sum, the single subject of this action is the Tribes' water rights as against other water users and claimants in the Sub-Basin. Even though the Tribes' previous complaints may have implicated a protectable (but as of yet undefined) interest held by SDSU, the Second Amended Complaints do no such thing. *See Donnelly*, 159 F.3d at 410-11; Ramona Second Amended Complaint; Cahuilla Second Amended Complaint. SDSU's claimed water rights will not be infringed upon in any manner, let alone be directly, immediately, or harmfully affected. *See Forest Conservation Council*, 66 F.3d at 1494; Ramona Second Amended Complaint at 2, 5-6; Cahuilla Second Amended Complaint at 4, 9-10. Nor will SDSU's water use be regulated or enjoined. *See Sierra Club*, 995 F.2d at 1485; Ramona Second Amended Complaint at 2, 5-6; Cahuilla Second Amended Complaint at 4, 9-10. Consequently, SDSU's legally protectable interest, if any, falls outside the subject matter of this litigation, and SDSU may not intervene as of right.

**C.  SDSU ALSO MAY NOT INTERVENE AS OF RIGHT BECAUSE ITS ABILITY TO PROTECT ANY WATER RIGHTS IT MAY HAVE WILL NOT BE IMPAIRED IN ITS ABSENCE.**

To meet its burden, SDSU must explain how a judgment that is expressly not binding or valid as against it can still impair its ability to protect any water rights it may have as against the Tribes. *See Alisal Water Corp.*, 370 F.3d at 919. SDSU falls far short of its burden here, so it may not intervene as of right. Even if SDSU somehow demonstrates that it

has a legally protectable interest in property that is related to the Tribes' claims, which it has not done, its ability to protect such an interest will not be impaired or impeded if it is absent from the proceedings to determine the Tribes' rights.

Pursuant to FED. R. CIV. P. 24(a)(2), the second requirement for intervention is that the intervenor must be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002). Whether an intervenor's ability to protect its interest is impaired or impeded generally turns on the res judicata or stare decisis effects a resulting judgment will have on a third party if it is denied intervention, *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) (stare decisis); *Utah v. Am. Pipe and Constr. Co.*, 50 F.R.D. 99, 102 (C.D. Cal. 1970) (res judicata). An intervenor's ability to protect its interests may also depend on practical effects, such as requiring future disputes to be brought in a particular venue. *City of Los Angeles*, 288 F.3d at 400-01. That is, the "[m]ere inconvenience" of having to litigate separately from the action in which intervention is sought "is not the sort of adverse practical effect contemplated by [FED. R. CIV. P.] 24(a)(2)," *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977). Accordingly, even if a resulting judgment will affect a would-be intervenor's interests, if there are other means or remedies available to protect those interests, such as a separate lawsuit, then intervention as of right is not available to that party. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442-43 (9th Cir. 2006); *City of Los Angeles*, 288 F.3d at 402; *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 289 (N.D. Cal. 1976).

Again, the Tribes seek to have their water rights declared and confirmed only as against other water users and claimants located within the Sub-Basin. Ramona Second Amended Complaint at 2, 5-6; Cahuilla Second Amended Complaint at 4, 9-10; *see supra* Section II.B.2. Moreover, the Tribes explicitly ask this Court to declare and confirm that the rights of out-of-Sub-Basin water users will not be bound or otherwise affected by any resulting judgment. Ramona Second Amended Complaint at 5; Cahuilla Second Amended

Complaint at 9.  Hence, there can be no res judicata effect of a judgment here as to SDSU, which will not be bound by such judgment.  Moreover, any alleged stare decisis effect is limited because determination of the Tribes' rights within the Sub-Basin will not foreclose SDSU's assertion of water rights outside the Sub-Basin.  *Blake,* 554 F.2d at 957 (This "is not a situation where specific property rights are being determined in such a way that for all practical purposes the initial judicial decision will foreclose the absent party's claims to an interest in the property.").  As a result, determination of the Tribes' water rights in the absence of SDSU will not impair or impede SDSU's ability to protect its water rights in a separate lawsuit.

In other words, as remote as the need for litigation between the Tribes and SDSU may be, *see Declaration of Oliver Page in Support of Joint Motion to Dismiss Claims Against Certain Defendants* at 2 (Apr. 1, 2009), the ability of SDSU to commence such litigation and to raise similar claims as are raised here, should that need ever arise in the future, will not be impaired or impeded in any fashion whatsoever.  Indeed, if it becomes necessary, SDSU can still ask this Court to have its rights declared as against the Tribes.  *See Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Indian Reservations* at 1112 (Nov. 8, 1962) (Court retains jurisdiction in order to quantify and determine other issues related to the Tribes' water rights "in the future should the need occur").  SDSU completely misses, or ignores, this point, and repeatedly mischaracterizes the nature and scope of any judgment that will result from this litigation.  *See*, *e.g.*, SDSU Memorandum at 6 (judgment in its absence will "'substantially affect'" it in a "'practical'" sense).

**D. SDSU MAY NOT PERMISSIVELY INTERVENE BECAUSE THERE IS NO COMMON QUESTION OF LAW OR FACT AND INTERVENTION WOULD UNDULY DELAY THIS LITIGATION.**

In the alternative, SDSU asks the Court for permission to intervene because there is a "'common question of law or fact.'"  SDSU Memorandum at 7 (quoting FED. R. CIV. P.

24(b)(1)(B)). But again, SDSU fails to meet its burden to demonstrate a common question. Even if the Court determines there is a common question of law or fact, however, it should exercise its broad discretion to deny permissive intervention because it will greatly broaden the scope of this adjudication, unduly delay, and fail to contribute to the resolution of the Tribes' claims.

A party may intervene with a district court's permission, not as of right, only if it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).[6] If this condition is met, intervention is not mandatory, but rather, whether to permit intervention is still within the broad discretion of the district court. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *see* FED. R. CIV. P. 24(b)(3). A district court must use its discretion to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b)(3), or "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler*, 552 F.2d at 1329 (footnote omitted).

### 1. **No Common Question of Law or Fact Exists Here.**

First, no defense raised by SDSU shares a common question of law or fact with the Tribes' claims here because by definition the Tribes' claims for declaratory and injunctive relief in their Second Amended Complaints are only asserted against other water users and claimants located in the Sub-Basin. Ramona Second Amended Complaint at 2, 5-6; Cahuilla Second Amended Complaint at 4, 9-10; *see supra* Section II.B.2. Requesting quantification of the Tribes' water rights only as against water users in the Sub-Basin by its very terms raises no questions related to SDSU nor implicates its interests since the issues resolved are not binding on out-of-Sub-Basin water users. *See* Ramona Second Amended Complaint at 5;

---

[6] A party must also be timely, FED. R. CIV. P. 24(b)(1), and show an independent ground for jurisdiction. *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). The Tribes do not dispute either of these requirements and do not address them here.

Cahuilla Second Amended Complaint at 9.  Accordingly, SDSU does not satisfy the initial requirement for permissive intervention.

### 2. **Even if a Common Question is Found, the Court Should Still Deny Permissive Intervention.**

Even if the Court finds a common question of law or fact, the Court should still deny permissive intervention.  SDSU will not assist the Court in resolving the Tribes' claims and its intervention will unduly delay this litigation.

First, SDSU will not "significantly contribute" to the resolution of the Tribes' water rights as against water users located within the Sub-Basin, *see Spangler*, 552 F.2d at 1329, so the Court should not permit SDSU to intervene.  Again, the Tribes' claims all relate only to water users within the Sub-Basin.  Ramona Second Amended Complaint at 2, 5-6; Cahuilla Second Amended Complaint at 4, 9-10; *see supra* Section II.B.2.  Moreover, the Tribes expressly ask the Court to declare that the resulting judgment will not be binding on water users outside of the Sub-Basin.  Ramona Second Amended Complaint at 5; Cahuilla Second Amended Complaint at 9.  It is illogical to suggest, therefore, that SDSU, which has no claims raised against it and, in the absence of its intervention, will not be bound by the resulting judgment, will significantly contribute to resolving the Tribes' claims against water users within the Sub-Basin.

To the contrary, permitting SDSU to intervene will unduly delay this litigation by greatly broadening the scope of the litigation.  *See* FED. R. CIV. P. 24(b)(3).  Indeed, in its answers to the Second Amended Complaints, SDSU raises numerous affirmative defenses alleging that the Tribes may not seek any relief against it.  *See*, *e.g.*, *Answer of Intervenor San Diego State University Research Foundation to Ramona Band of Cahuilla's Second Amended Complaint in Intervention* at 3 (estoppel), 4 (waiver), 6 (laches) (May 22, 2009).  Not only do these defenses ignore the fact that the Tribes expressly do not seek any relief as against SDSU, but having to brief these issues, which are separate and apart from the Tribes' claims as against water users within the Sub-Basin, will undoubtedly and extraordinarily delay this

action.  This is especially true should multiple other parties seek, and be granted, permission to intervene.

In addition, if SDSU is allowed to intervene and becomes bound by the resulting judgment, other out-of-Sub-Basin water users will be similarly affected by that judgment.  SDSU, therefore, would need to serve its Motion to Intervene on all water users under the Court's jurisdiction since its actions will effectively broaden the scope of the litigation to include all the parties under the Court's continuing jurisdiction.  *See Minute Entry* (Feb. 25, 2008); *Order* at 2 (July 17, 2007).  So far, it has not done that.  *See Proof of Service* (May 22, 2009) (by SDSU).  As previously demonstrated by the Tribes' efforts to serve notices and waiver requests on such water users, this will also cause undue delay.

Last, if SDSU or any other similarly situated entity is allowed to intervene in this action, the resulting situation where some out-of-Sub-Basin water users are bound by the judgment, but not others, is entirely impractical and should be avoided.  So again, the Court should deny SDSU's request to permissively intervene.  The Tribes believe it is both legally desirable and practical to litigate their water rights as against only other water users within the Sub-Basin and "are willing to accept a quantification of their water rights that does not bind water users and landowners outside the . . . Sub-Basin."  *Joint Memorandum of Points and Authorities in Support of Motion to Dismiss Claims Against Certain Defendants* at 2 (Apr. 1, 2009).  To involve SDSU in this litigation destroys any benefits gained by the currently narrowed scope, however, because the rights of SDSU cannot be determined without the presence of other water claimants who will actually be affected by a judgment on SDSU's water rights.  *See* FED. R. CIV. P. 19 (indispensable parties).  Hence, allowing SDSU to permissively intervene does nothing other than bring this litigation back to square one, where all water users under the Court's jurisdiction must be made a party.

In sum, the Court should not find a common question of law or fact, but even if it does, it should not exercise its discretion to grant SDSU permission to intervene.

## III. CONCLUSION.

For all of the foregoing reasons, the Tribes respectfully request the Court to deny SDSU's Motion to Intervene.

Respectfully submitted this 8th day of June, 2009.

        Marco A. Gonzalez (SBN 190832)
        COAST LAW GROUP LLP
        169 Saxony Road, Suite 204
        Encinitas, California 92024
        Tel: 760-942-8505 Fax: 760-942-8515

        Scott B. McElroy (Pro Hac Vice)
        M. Catherine Condon (Pro Hac Vice)
        McELROY, MEYER, WALKER
          & CONDON, P.C.
        1007 Pearl Street, Suite 220
        Boulder, Colorado 80302
        Tel: 303-442-2021, Fax: 303-444-3490
        sbmcelroy@mmwclaw.com
        ccondon@mmwclaw.com

            */s/ Scott B. McElroy*
        By:_____
            Scott B. McElroy

*Attorneys for Plaintiff in Intervention,
   the Cahuilla Band of Indians*

        Curtis G. Berkey
        ALEXANDER, BERKEY, WILLIAMS &
        WEATHERS LLP
        2030 Addison Street, Suite 410
        Berkeley, CA 94704
        Tel: 510-548-7070, Fax: 510-548-7080
        cberkey@abwwlaw.com

            */s/ Scott B. McElroy for*
        By:_____
            Curtis G. Berkey

*Attorney for Plaintiff in Intervention
   the Ramona Band of Cahuilla*

# **PROOF OF SERVICE**

I, Scott B. McElroy, declare:

     I am a resident of the State of Colorado, over the age of 18 years, and not a party to the within action.  My business address is McElroy, Meyer, Walker & Condon, P.C., 1007 Pearl St., Suite 220, Boulder, Colorado.  On June 8, 2009, I electronically filed the *Joint Response of the Cahuilla Band of Indians and Ramona Band of Cahuilla in Opposition to San Diego State University Research Foundation's Motion to Intervene* with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

Elsinore Valley Municipal Water District matthew.green@bbklaw.com
M.E.M. Limited Partnership prosenberg@hnattorneys.com
MCMX, LLC sharper@bhsmck.com
Rancho California Water District matthew.green@bbklaw.com
Sander Family Trust gblank@san.rr.com
Alice E. Walker awalker@mmwclaw.com, dvitale@mmwclaw.com
B. Tilden Kim tkim@rwglaw.com, gduran@rwglaw.com
Bill J Kuenzinger bkuenzinger@bhsmck.com, rjones@bhsmck.com
Bryan D. Sampson mfickel@sampsonlaw.net
Charles W Binder cwbinder@smrwm.org
Curtis G Berkey cberkey@abwwlaw.com, mmorales@abwwlaw.com
Daniel E. Steuer dsteuer@mmwclaw.com, dvitale@mmwclaw.com
Daniel J Goulding jhester@mccarthyholthus.com
Donald R Timms dontimms@san.rr.com
F Patrick Barry patrick.barry@usdoj.gov
Frank Spitzer george@chakmakislaw.com
Gary D Leasure gleasure@garydleasure.com
George Chakmakis george@chakmakislaw.com
Gerald (Jerry) Blank gblank@san.rr.com, mejoslyn@sbcglobal.net
Harry Campbell Carpelan hcarpelan@redwineandsherrill.com
John A Karaczynski jkaraczynski@akingump.com, dcolvin@akingump.com,
    dpongrace@akingump.com, jfukai@akingump.com,
    jmeggesto@akingump.com, kamorgan@akingump.com,
    msobolefflevy@akingump.com
John Christopher Lemmo jl@procopio.com, laj@procopio.com
Jonathan M Deer jdeer@taflaw.net, gsuchniak@taflaw.net, jondeeresq@earthlink.net
Kevin Patrick Sullivan ksullivan@pshlawyers.com, kstanis@pshlawyers.com
M. Catherine Condon ccondon@mmwclaw.com, dvitale@mmwclaw.com
Milan L. Brandon mbrandon@brandon-law.com
Marco Antonio Gonzalez marco@coastlawgroup.com, sara@coastlawgroup.com
Marilyn H Levin marilyn.levin@doj.ca.gov, MichaelW.Hughes@doj.ca.gov
Mark L Brandon mbrandon@brandon-law.com, dslack@brandon-law.com
Mary L Fickel mfickel@sampsonlaw.net, bsampson@sampsonlaw.net
Matthew L Green matthew.green@bbklaw.com, lisa.grennon@bbklaw.com
Matthew N Falley mfalley@ggfirm.com
Michael Duane Davis michael.davis@greshamsavage.com,
    teri.gallagher@greshamsavage.com
Michele A Staples mstaples@jdtplaw.com, dtankersley@jdtplaw.com,
pgosney@jdtplaw.com
Patricia Grace Rosenberg prosenberg@hnattorneys.com
Peter J Mort pmort@akingump.com, jfukai@akingump.com

Richard Alvin Lewis Rlewis@RichardLewis.com
Robert H James bob@fallbrooklawoffice.com
Robert K Edmunds robert.edmunds@bipc.com, jacqueline.forjais@bipc.com
Robert M Cohen rcohen@bcandblaw.com, vzaremba@bcandblaw.com, wwendelstein@bcandblaw.com
Scott B. McElroy smcelroy@mmwclaw.com, dvitale@mmwclaw.com
Thomas C Stahl Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
Timothy P Johnson tjohnson@johnson-chambers.com, cww@johnson-chambers.com
William Kenneth Koska wkoska@koskalaw.com
and to
Jason.Ackerman@bbklaw.com via personal e-mail

I further certify that on June 8, 2009, I served the aforementioned document on the following who are not registered with the CM/ECF system, by placing a copy of the document in a sealed envelope with postage thereon fully prepaid, in the United States mail at Boulder, Colorado, addressed as set forth below. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

Wiederrich Family Trust
13440 St. Andrews Pl.
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Barbara J Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

Billy Ward
P O Box 5878
San Diego, CA 92165

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

James L. Markman
Richards Watson & Gershon
1 Civic Center Circle
PO Box 1059
Brea, CA 92822-1059

John S Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Marianne E Pajot
40225 Curry St.
Aguanga, CA 92536

Mary E Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J Machado
P O Box 391607
Anza, CA 92539

Pamela M Machado
P O Box 391607
Anza, CA 92539

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Thomas C Perkins
7037 Gaskin Place
Riverside, CA 92506

Tribes' Response in Opposition     14     Case No. 51-cv-1247

I declare under penalty of perjury under the laws of the State of Colorado that the above is true and correct.

Executed on June 8, 2009.

*/s/ Scott B. McElroy*

Scott B. McElroy