```
Robert M. Cohen - #97488
COHEN & BURGE, LLP
699 Hampshire Road, Suite 207
Thousand Oaks, CA 91361
Phone:        (805) 449-4200
```

Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> FALLBROOK PUBLIC UTILITY DISTRICT, et al., <br><br> Defendants. | CIVIL NO.: 51-1247-GT-RBB <br><br> REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION TO INTERVENE <br><br> Hon. Gordon Thompson Jr. |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION (hereinafter referred to as "SDSU") hereby files its Reply to the "Joint Response of the Cahuilla Band of Indians and Ramona Band of Cahuilla in Opposition to San Diego State University Research Foundation's Motion to Intervene".

**I.**

**SDSU MAY INTERVENE DESPITE THE DISMISSAL ENTERED BY THE COURT**

On April 29, 2009 the Court entered an order dismissing the Cahuilla Band of Indians and Ramona Band of Cahuilla's (hereinafter collectively referred to as "Tribes") First Amended Complaints against SDSU. In their Opposition to the Motion to Intervene, Tribes cite *Semtek*

1  *Int'l Inc v. Lockheed Martin Corp, 531 U.S. 497, 506 (2001)* for the proposition that the
2  dismissal bars intervention by SDSU.  A review of the facts of *Semtek* reveals that it is inapposite
3  to a determination of the Motion to Intervene.  *Semtek* pertained to the assertion of the same
4  claims, by the same party, against the same party after a dismissal with prejudice.  *Semtek* did not
5  pertain to claims asserted against a party seeking to intervene.  To reiterate, in the Order entered
6  by this Court concerning the dismissal of SDSU, **the Court invited intervention** and this fact is
7  actually cited by Tribes in their current Opposition.  (Opposition, Pg. 1, lines 15-17) Thus, the
8  dismissal does not serve as a bar and SDSU can request intervention as a matter of right and/or
9  permissive intervention.

## II.

## SDSU HAS MET ITS BURDEN OF SHOWING A SUFFICIENT INTEREST IN THIS LITIGATION TO INTERVENE AS A MATTER OF RIGHT

Tribes make a twofold argument in effort to demonstrate that SDSU does not have an interest sufficient to permit intervention as a matter of right.  First, they state that SDSU has failed to properly articulate its water rights which would give rise to an interest in this litigation. Second they argue that, after amendment of their complaint, SDSU's interests do not relate to the contentions at issue in this action.  Both arguments are incorrect for the reasons set forth below.

First, in *United States v. City of Los Angeles 288 F.3d 391 (CA 9 2002)*, which is cited by the Tribes in their Opposition, the court states "The 'interest' test is not a clear cut or bright line rule because no specific legal or equitable interest need be established.  Instead the 'interest' test directs courts to make a **'practical threshold inquiry'** and 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process".  SDSU has pled the existence of appropriative and/or riparian rights to water in the Anza Cahuilla Sub-Basin. The pleading and existence of these rights gives rise to a right to intervene.

Second, Tribes contention that the claims asserted in the Second Amended Complaint only encompass "in basin" water users - and thus do not pertain to SDSU - is equivocal and open

2
REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION TO INTERVENE

1  to debate. In their Opposition, the Tribes state that after amendment of their complaint they
2  "...now seek to have their water rights declared and confirmed only as against water users in the
3  Sub-Basin.  The Tribes also seek to enjoin water use that interferes with their rights, but again,
4  only within the Sub-Basin". (Opposition, Pg. 3, lines 16-20) Based on this contention, Tribes
5  assert that "SDSU's claimed water rights will not be infringed upon in any manner, let alone be
6  directly, immediately or harmfully affected". (Opposition, Pg. 6, lines 14-17) The instant Motion
7  to Intervene incorporates by reference the Declarations of Matt Rahn, PhD, and David Huntley,
8  PhD, which were also provided by SDSU during the determination of the Motion to Dismiss.
9  Both of these declarations call into question the conclusions reached by experts for the Tribes
10 concerning transmission of water outside the sub-basin.  SDSU reiterates that it is precisely
11 because all parties are unsure of the impact of in basin allocations on downstream users that
12 SDSU should be permitted to intervene as a matter of right to protect its downstream water
13 interests.  In essence, **the Tribes do not argue that SDSU has no interest**, they merely state -
14 based on dubious technical analysis gleaned from 50 year old data - that the interests of SDSU
15 will not be impaired.  SDSU has water interests and it must be permitted to intervene to protect
16 those interests.

### III.

### THE ABILITY OF SDSU TO PROTECT ITS WATER RIGHTS WILL BE IMPAIRED IF IT IS NOT PERMITTED TO INTERVENE

20      Tribes argue that, to meet its burden to intervene, SDSU must "explain how a judgment
21 that is expressly not binding or valid as against it can still impair its ability to protect any water
22 rights it may have as against the Tribes". (Opposition, Pg. 6, lines 25-27) This argument
23 demonstrates the Tribes incorrect focus on the effects of a judgment while ignoring authority
24 which focuses on the practical ability to protect a right.
25      In *United States v City of Los Angeles 288 F.3d 391 (CA 9 2002)* the Court speaks
26 extensively about the practicality of intervention, stating that - for purposes of intervention,
27 courts are "guided primarily by **practical** and **equitable** considerations" and "courts **generally**

3
REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION  TO INTERVENE

**construe the rule broadly** in favor of proposed intervenors". *US at 397.* This stems from the fact that a liberal policy in favor of intervention "serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court". *US at 397-398.*

Instead of examining this liberal policy of intervention, Tribes focus on stare decisis and res judicata issues in effort to argue that - if a judgment is not binding - SDSU will not be prejudiced. Tribes cite *U.S. v. State of Oregon 839 F2d 635, 638 (9th Cir 1988)* and *Utah v. Am Pipe and Construction Co 50FRD99 102 (CD Cal 1970)* for the proposition that "whether an intervenor's ability to protect its interest is impaired or impeded generally turns on the res judicata or stare decisis effects a resulting judgment will have on a third party if it is denied intervention". This statement is incorrect, the stare decisis element is specifically cited in *U.S. v. State of Oregon* as a "consideration" and not the determining factor. *U.S. at 638.* In that case, after listing stare decisis as a "consideration", the court went on to say "More important, this record shows as a practical matter that this litigation may impair appellant's ability to obtain effective remedies in later litigation if the trial court is not allowed to consider the appellant's contentions here". *U.S. at 638* That is exactly the situation in the instant matter. If determinations are made concerning limited water resources which will impact SDSU's potential water rights, it will be impossible to reallocate those resources. Additionally, in *Utah v. Am Pipe Construction Co*, the Court was disinclined to grant intervention because it perceived the request as an attempt to circumvent the statute of limitations, which is not the case here.

Tribes cite to *Blake v. Pallan 554 F2d 947 (CA CAL 1977)* for the proposition that "mere inconvenience of having to litigate separately from the action in which intervention is sought is not the sort of adverse practical effect contemplated by FRCP 24(a)(2)". The issue here is not inconvenience over separate litigation, it is **prejudice stemming from a lack of involvement**. To be barred from this action through a denial of intervention will prevent SDSU from engaging

REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION TO INTERVENE

1  in any and all discovery procedures to determine the water conditions in the basin and the extent
2  to which transmission occurs between the basin and downstream/surrounding areas, including the
3  SDSU property.
4  Tribes cite *Alaniz v. California Processors, Inc. 73FRD 269 (DC Cal 1976)* for the
5  proposition that, if adequate remedies can be pursued in an alternate forum or lawsuit, that
6  intervention should not be granted. *Alaniz* dealt with class action rights, and whether
7  intervention would be permitted in a case that had a settlement agreement with an "opt out"
8  provision. If intervention was denied, parties could "opt out" and still receive full and fair
9  monetary relief in their own separate hearing. In this matter, if water allocations are made and
10 transmission occurs between the basin and outlying properties, the extent of water available to
11 outlying properties may be lessened. As such, even if SDSU were to pursue its own action, it
12 would have to attack previously made allocations in this forum.

### IV.

### IN THE ALTERNATIVE, PERMISSIVE INTERVENTION SHOULD BE GRANTED BECAUSE COMMON QUESTIONS OF LAW OR FACT EXIST

16 Tribes argue that "...no common questions of law or fact are present" and "SDSU's
17 intervention would greatly broaden the scope of the litigation and implicate the interests of the
18 other parties subjet to the Court's continuing jurisdiction, thereby delaying the resolution of the
19 Tribes claims", (Opposition, Pg 2 lines 16-20)
20 In *Spangler v. Pasadena 552 F.2d 1326 (9th Cir 1977)*, which is also cited by Tribes, the
21 court states that one of the factors to consider when allowing permissive intervention is "whether
22 parties seeking intervention will significantly contribute to full development of the underlying
23 factual issues in the suit and to just and equitable adjudication of the legal questions presented".
24 The presence of SDSU will contribute to full development of this matter and ensure that the issue
25 of out of basin transmission and its potential impact on downstream users will be clarified.
26 To the extent that any transmission of water may potentially take place outside the sub-basin - a
27 potential that the Tribes do not completely discount and/or disprove at this juncture of the

proceedings - any defenses asserted by SDSU are exactly consistent with Defenses asserted by in- basin Defendants to allegations by the Tribes.  Thus, common questions of law and common defenses exist and permissive intervention may also be granted.

## V.

## CONCLUSION

Based on the foregoing, SDSU is entitled to intervention as a matter of right.  In the alternative SDSU has demonstrated the requirements for permissive intervention.

                                                    COHEN & BURGE, LLP

Dated: June 10, 2009                    By  /s/
                                                       ROBERT M. COHEN
                                                       Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

Re:   United States of America v. Fallbrook Public Utility District, et al.
      U.S. District Court-Southern District of California Case No. 3:51-CV-01247-GT-RBB
[No. 1247-SD-C]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 699 Hampshire Road, Suite 207, Thousand Oaks, CA 91361.

On June 10, 2009, I electronically filed the foregoing document described as **REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

M.E.M. Limited Partnership, prosenberg@hnattorneys.com
MCMX, LLC,sharper@bhsmck.com
Rancho California Water District, matthew.green@bbklaw.com
Sander Family Trust, gblank@san.rr.com
Alice E. Walker, awalker@mmwclaw.com, dvitale@mmwclaw.com
Anthony Madriga,  1anthonymad2002@yahoo.com
Bill J Kuenzinger, bkuenzinger@bhsmck.com, rjones@bhsmck.com
Bryan D. Sampson, mfickel@sampsonlaw.net
Charles W. Binder, cwbinder@smrwm.org
Curtis G. Berkey, cberkey@aabwwlaw.com, mmorles@abwwlaw.com
Daniel E. Steuer, dsteuer@mmwclaw.com, dvitale@mmwclaw.com
Daniel J Goulding, 1rodriguez@mccarthyholthus.com, mpodmenik@mccarthyholthus.com
Donald R Timms, dontimms@san.rr.com
F Patrick Barry, patrick.barry@usdoj.gov
Frank Spitze, rgeorge@chakmakislaw.com
Gary D Leasure, gleasure@garydleasure.com
Goerge Chakmakis, george@chakmikislaw.com
Gerald (Jerry) Blank, gblank@san.rr.com, mejoslyn@sbcglobal.net
John A Karaczynski, jkaraczynski@akingump.com, dcolvin@akingump.com,
    dpongrace@akingump.com, jfukai@akingump.com, jmeggesto@akingump.com,
    msobolefflevy@akingump.com
John Christopher Lemmo, jl@procopio.com, laj@procopio.com
Jonathan M Deer, jdeer@taflaw.net, gsuchniak@taflaw.net, jondeeresq@earthlink.net
Kevin Patrick Sullivan, ksullivan@swgsgp.com, kstanis@swgsgp.com
M. Catherine Condon, ccondon@mmwclaw.com, dvitale@ammwclaw.com
Milan L. Brandon, mbrandon@brandon-law.com
Marco Antonio Gonzalez, marco@coastlawgroup.com, sara@coastlawgroup.com
Mark L Brandon, mbrandon@brandon-law.com, dslack@brandon-law.com
Mary L Fickel, mflickel@sampsonlaw.net, bsampson@sampsonlaw.net
Matthew L Green, matthew.green@bbklaw.com, lisa.grenon@bbklaw.com
Matthew N Falley, mfalley@ggfirm.com
Michael Duane Davis, michael.davis@greshamsavage.com, teri.gallagher@greshamsavage.com
Michele A Staples, mstaples@jtplaw.com, dtankersley@jdtplaw.com, pgosney@jdtplaw.com
Patricia Grace Rosenberg, prosenberg@hnattorneys.com

REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION  TO INTERVENE

1  Peter J Mort, pmort@akingump.com, jfukai@akingump.com
   Richard Alvin Lewis, Rlewis@RichardLewis.com
2  Robert M Cohen, rcohen@bcandblaw.com, vzaremba@bcandblaw.com,
   wwendelstein@bcandblaw.com
3  Scott B McElroy, smcelroy@mmwclaw.com, dvitale@mmwclaw.com
   Thomas C Stahl, Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
4  Timothy P Johnson, tjohnson@johnson-chambers.com, cww@johnson-chambers.com
   William Kenneth Koska, william.koska@wallerlaw.com, beth.mccullough@wallerlaw.com

    I further certify that on June 10, 2009, I served the foregoing **REPLY OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION TO JOINT RESPONSE OF THE CAHUILLA BAND OF INDIANS AND RAMONA BAND OF CAHUILLA IN OPPOSITION TO MOTION TO INTERVENE** on the following who are not registered with the CM/ECF system, by placing a copy of the document in a sealed envelope with postage thereon fully prepared, in the United States mail at Thousand Oaks, California, addressed as set forth below.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing with the U.S. Postal Service on the same day with postage thereon fully prepared in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

| | |
|---|---|
| Wiederrich Family Trust<br>13440 St. Andrews Pl.<br>Poway, CA 92064 | Khyber Courchesne<br>1264 Page St<br>San Francisco, CA 94117 |
| Anna Gale James<br>40275 Curry Court<br>Agunga, CA 92536 | Marianne E Pajot<br>40225 Curry St<br>Aguanga, CA 92536 |
| Barbara J. Carr Trust<br>Barbara J. Carr, Trustee<br>20571 Bexley Rd<br>Jamul, CA 91935-7945 | Mary E Lee<br>41085 Lakeshore Blvd<br>Aguanga, CA 92536 |
| Billy Ward<br>P.O. Box 5878<br>San Diego, CA 92165 | Michael J Machado<br>P.O. Box 391607<br>Anza, CA 92539 |
| Briar McTaggart<br>1642 Merion Way 40E<br>Seal Beach, CA 90740 | Pamela M Machado<br>P.O. Box 391607<br>Anza, CA 92539 |
| James L. Markman<br>Richards, Watson & Gerson<br>1 Civic Center Circle<br>P.O. Box 1059<br>Brea, CA 92822-1059 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |

| | |
|---|---|
| John S. Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 | Robert H James<br>Sachse James Crowell & Lopardo<br>205 W. Alvardo St., Ste. 1<br>Fallbrook, CA 92028-2025 |
| Thomas C. Perkins<br>7037 Gaskin Place<br>Riverside, CA 92506 | |
| Susan M. Williams (Pro Hac Vice)<br>Sarah S. Works (Pro Hac Vice)<br>WILLIAMS & WORKS, P.A.<br>P.O. Box 1483<br>Corrales, NM 87049<br>505/899-7994  - FAX: 505/899-7972<br>**(Attys for Plaintiff-Intervenor CAHUILLA BAND OF INDIANS)** | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2009, at Agoura Hills, California.

                                /s/
                                Virginia Zareba