**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Defendant
BRYAN D. SAMPSON

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br><br>　　　　　　　　　　Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 51-1247-SD-C<br><br>**DEFENDANT BRYAN D. SAMPSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>Date:　N/A<br>Time:　N/A<br>Ctrm:　8, 3rd Floor<br>Judge: Hon. Gordon Thompson, Jr. |

### INTRODUCTION

Defendant Bryan D. Sampson ("Sampson") submits his reply to Plaintiff-Intervenors Ramona Band of Cahuilla and the Cahuilla Band of Indians' (collectively referred to as the "Tribes") joint opposition to Defendant's motion for attorneys fees and costs.

**Undisputed Facts:** The Tribes do not dispute the following:

1. This action falls under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412;

2. The EAJA is a waiver of sovereign immunity as to fees and costs; and

3. The federal government has acted as the trustee for the San Margarita River or its tributaries, and has represented the Tribes, as their trustee.

/ / /

1

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\Reply.P&A.wpd

1   **The Tribes Opposition**. The Tribes oppose Defendant Sampson's motion on the following grounds:

    1.    The Tribes cannot be held liable under 28 U.S.C. §2412; and

    2.    The Tribes have acted in good faith.

Defendant Sampson opposes each of the Tribes allegations because: (1) the Tribes claims are pursuant to federal authority and are in concert with the federal government; and (2) the Tribes allegations of good faith are not supported by the evidence. Each issue is discussed below.

    **1.**    **The Tribes Are Liable Under The EAJA**.

When an Indian tribe takes legal action on property, for which the United States is the trustee, then the tribe is not acting in a sovereign capacity. Wolfchild v. United States, 72 Fed. Cl. 511, 538 (Fed. Cl. 2006). Instead, the tribes sovereignty is dependant upon whether or not the federal government has sovereignty in that action. Id. In other words, if the federal government does not have sovereign immunity in the action, neither does the Indian tribe. Id. "'[I]t must be remembered that tribal sovereignty is dependent upon, and subordinate to, ... the Federal Government.'" Wolfchild, 72 Fed. Cl. at 538 *quoting* Washington v. Confederated Tribes of the Colville Indian Reservation, 447 U.S. 134, 153-154 (1980)

Here, there is no question that from the inception of this case, the Untied States has acted as the trustee for the San Margarita River or its tributaries, and has represented the Tribes, as their trustee, regarding the Tribes, as well as the government's interest in water rights concerning the San Margarita River. See Court Records. As such, the Tribes sovereign immunity is dependent upon whether the government has sovereign immunity in this action. Wolfchild, 72 Fed. Cl. at 538.

The Tribes do not dispute that this action is governed by the EAJA and that the EAJA waives the government's sovereign immunity regarding fees and costs. See Court Records. Since the Tribes are taking action on water rights held by the federal government, and monitored by the federal government, the Tribes sovereignty is dependent, and subordinate to, the federal governments. See Court Records, Interlocutory Judgment 41, see also Wolfchild, 72 Fed. Cl. at 538. The federal government does not have sovereignty under the EAJA regarding fees and costs. 28 U.S.C. §2412. As such, the Tribes do not have sovereignty in this matter.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

2

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\Reply.P&A.wpd

1 **2.    The Tribes Have Not Acted In Good Faith As To Defendant Sampson.**

2  Defendant Sampson clearly pointed out to the Tribes that he was erroneously included in this
3  litigation for almost a year.  <u>See</u> Exhibits "1-16." Despite agreeing that Defendant Sampson does not
4  belong in this litigation, and without justification, the Tribes failed to take any action to dismiss
5  Defendant Sampson with prejudice.  <u>See</u> Court Records.  Instead, Instead, on December 29, 2008,
6  Plaintiff-Intervenor Ramona contacted Defendant Sampson, informed him it would stipulate to
7  dismissal, if Defendant Sampson would relinquish his rights under IJ 39A.  Defendant Sampson
8  responded by requesting clarification regarding Plaintiff-Intervenors Ramona's position on that issue.
9  The parties met and conferred and Defendant provided a revised stipulation for dismissal with
10  prejudice, for execution.  <u>See</u> Exhibits "4-9."

11  Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to respond to
12  Defendant's meet and confer attempt.  Thereafter, Plaintiff-Intervenor Cahuilla filed a substitution of
13  counsel.  As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor Cahuilla's
14  substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with prejudice.
15  Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would respond after
16  they completed their review.  <u>See</u> Exhibits "10, 11" and Fickel Declaration.

17  On March 3, 2009, the Tribes, Defendant Sampson and the United States met telephonically
18  to discuss the stipulation for dismissal.  <u>See</u> Fickel Declaration.  During that teleconference, the Tribes
19  stated they would prepare a draft stipulation for Defendant Sampson's review.  <u>Id</u>.  Thereafter, the
20  Tribes suggested that Defendant Sampson be included as a dismissed Defendant in the Tribes Joint
21  Motion to Dismiss.  <u>See</u> Exhibit "12."  Defendant Sampson responded by stating he had no objection
22  if the order dismissing incorporated the Final Judgment and Decree and the Interlocutory Judgments
23  incorporated therein.  <u>See</u> Exhibit "13."  The Tribes responded by stating Defendant's request was not
24  feasible.  <u>Id</u>.

25  Defendant Sampson again met and conferred with the Tribes and requested the following
26  language be included in the proposed order:

27  "IT IS HEREBY FURTHER ORDERED that this Order Granting Joint
  Motion to Dismiss Certain Claims does not, in any manner whatsoever,
28  supercede the Final Judgment and Decree, entered May 8, 1963, or any

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

3
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\Reply.P&A.wpd

Interlocutory Judgment incorporated therein."

The Tribes responded by stating they would not revise the proposed order based upon the number of parties that required service and recommended Defendant raise the issue for the hearing on the joint motion to dismiss. See Exhibits "14 & 15." As a result, Defendant Sampson met and conferred and asked Plaintiff-Intervenors if they would be willing to stipulate at the hearing to Defendant's proposed language for the order. See Exhibit "16." The Tribes responded by stating they did not believe Defendant's proposed language was needed. Id.

The Tribes attempt to manufacture "good faith" by alleging Defendant Sampson unreasonably refused to agree to permit dismissal pursuant to the Tribes arbitrary requirements. See Court Records, Joint Opposition. Despite alleging the contrary, the Tribes cannot provide any valid reason why, or how, Defendant Sampson's dismissal with prejudice, as is required under IJ 39A, would prejudice the Tribes in any manner whatsoever. Specifically, the Tribes ignore the fact that IJ 39A mandates the following:

> The titles to the rights of the United States of America and all other parties in this action having rights in and to the surface and ground waters of the Santa Margarita River and its tributaries, ..., shall be and are forever quieted against any and all adverse claims of the defendants referred to in Finding IV, and who are listed in Exhibit A, their heirs, successors, ... , and assigns.

Based upon the foregoing, and the numerous opportunities the Tribes have had to resolve this informally, the Tribes have not acted in good faith. Defendant Sampson has been forced, by the Tribes to continue to incur attorney fees and costs in his repeated attempts to have the Tribes recognize this Court's prior judgments.

## CONCLUSION

Based upon all of the foregoing, Defendant Sampson respectfully requests the Court grant Defendant Sampson's motion for attorneys fees and costs in its entirety.

Respectfully submitted,

DATED: June 11, 2009      **SAMPSON & ASSOCIATES**

By:   /s/ Mary L. Fickel
Mary L. Fickel, Esq.
Attorneys for Defendant
BRYAN D. SAMPSON

4

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
SAMPSON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Atty.Fee.Costs\Reply.P&A.wpd