**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Defendant
BRYAN D. SAMPSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>RAMONA BAND OF CAHULLA,<br>CAHUILLA BAND OF INDIANS,<br><br>                            Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>                            Defendants. | Case No. 51-1247-SD-C<br><br>**DEFENDANT BRYAN D. SAMPSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO JOINT MOTION TO RECONSIDER A PORTION OF COURT'S APRIL 29, 2009 ORDER**<br><br>Date:  June 29, 2009<br>Time:  2:00 p.m.<br>Ctrm:  8, 3rd Floor<br>Judge: Hon. Gordon Thompson, Jr. |

## INTRODUCTION

Defendant Bryan D. Sampson ("Sampson") submits the following memorandum of points and authorities in opposition to Plaintiff-Intervenors RAMONA BAND OF CAHULLA and CAHUILLA BAND OF INDIANS (collectively referred to as the "Tribes") Joint Motion to Reconsider a Portion of the Court's April 29, 2009 Order.

## FACTUAL BACKGROUND

*Service Of The Summons & Complaint*.  On or about April 17, 2008, Plaintiff-Intervenors Ramona Band of Cahulla and Cahulla Band of Indians (collectively referred to as "Plaintiff-Intervenors") submitted the Notice of Lawsuit and Request for Waiver of Service of Summons to

1
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

1  Defendant Bryan D. Sampson ("Sampson"). See Fickel Declaration. Thereafter, Defendant Sampson

2  executed the Waivers of Service of Summons and returned the same to Plaintiff-Intervenors. Id.

3  Pursuant to the Waivers of Service of Summons, Defendant Sampson timely filed and served his

4  Answers to Plaintiff-Intervenors First Amended Complaints on June 17, 2008. See Court Records.

5  *Defendant Sampson's Meet & Confer*. Thereafter, Defendant Sampson performed a thorough

6  review of the court records in this case. As a result of that review, Defendant Sampson learned that the

7  Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was

8  incorporated by reference into the Final Judgment and Decree, that his property does not overlie any

9  ground waters that feed or contribute to the San Margarita River or its tributaries.

10  Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's

11  property, more particularly described as:

12  Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State
13  of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

14  does not overlie any ground waters that feed or contribute to the Santa Margarita River or its tributaries

15  and that the Power's, their successors and assigns "are forever quieted against any and all adverse

16  claims ..." against them. See Court Records, I J 39A

17  As set forth in the title report for Defendant Sampson's property, Defendant Sampson is a

18  successor owner of Parcel 94W-10-41. As a result, Defendant Sampson met and conferred with

19  Plaintiff-Intervenors. See Exhibits "1 & 2."

20  Additionally, IJ 39A mandates that, *inter alia*, successors and assigns are precluded from

21  bringing any action against the federal government and all others having an interest in the Santa

22  Margarita River or its tributaries. See Court Records, I J 39A.

23  Upon review of the documentation provided by Defendant, Plaintiff-Intervenor Ramona Band

24  of Cahuilla ("Ramona") agreed that claims against Defendant Sampson are barred by IJ 39A and agreed

25  to enter into a stipulation for dismissal with prejudice. See Exhibit "3" and Fickel Declaration. Despite

26  Defendant Sampson's repeated requests, Plaintiff-Intervenor Ramona failed and/or refused to execute

27  the stipulation. Instead, on December 29, 2008, Plaintiff-Intervenor Ramona contacted Defendant

28

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

2
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDER
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

1  Sampson, informed him it would stipulate to dismissal, if Defendant Sampson would relinquish his
2  rights under IJ 39A. Defendant Sampson responded by requesting clarification regarding Plaintiff-
3  Intervenors Ramona's position on that issue. The parties met and conferred and Defendant provided
4  a revised stipulation for dismissal with prejudice, for execution. See Exhibits "4-9."

5  Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to respond to
6  Defendant's meet and confer attempt. Thereafter, Plaintiff-Intervenor Cahuilla filed a substitution of
7  counsel. As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor Cahuilla's
8  substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with prejudice.
9  Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would respond after
10 they completed their review. See Exhibits "10, 11" and Fickel Declaration.

11 On March 3, 2009, the Tribes, Defendant Sampson and the United States met telephonically
12 to discuss the stipulation for dismissal. See Fickel Declaration. During that teleconference, Plaintiff-
13 Intervenors stated they would prepare a draft stipulation for Defendant Sampson's review. Id.
14 Thereafter, the Tribes suggested that Defendant Sampson be included as a dismissed Defendant in the
15 Joint Motion to Dismiss. See Exhibit "12." Defendant Sampson responded by stating he had no
16 objection if the order dismissing incorporated the Final Judgment and Decree and the Interlocutory
17 Judgments incorporated therein. See Exhibit "13." The Tribes responded by stating Defendant's
18 request was not feasible. Id.

19 Defendant Sampson again met and conferred with the Tribes and requested the following
20 language be included in the proposed order:

21 "IT IS HEREBY FURTHER ORDERED that this Order Granting Joint
    Motion to Dismiss Certain Claims does not, in any manner whatsoever,
22  supercede the Final Judgment and Decree, entered May 8, 1963, or any
    Interlocutory Judgment incorporated therein."
23

24 The Tribes responded by stating they would not revise the proposed order based upon the
25 number of parties that required service and recommended Defendant raise the issue for the hearing on
26 the joint motion to dismiss. See Exhibits "14 & 15." As a result, Defendant Sampson met and
27 conferred and asked if the Tribes would be willing to stipulate at the hearing to Defendant's proposed
28 language for the order. See Exhibit "16." The Tribes responded by stating they did not believe

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

3
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

1  Defendant's proposed language was needed. Id.

2  *Defendant's Opposition and the Hearing on the Tribes Motion to Dismiss*. As previously stated, Defendant Sampson's property is not encompassed in Interlocutory Judgment 33; however, at the Tribes suggestion, Defendant Sampson was included in their joint motion to dismiss. See Exhibit "12." Defendant Sampson opposed the Tribes joint motion to dismiss, arguing that I J 39A was, *inter alia*, the law of the case and therefore, his dismissal should be with prejudice. See Court Records.

Despite the clear mandate of I J 39A, which precludes the federal government, and all others, "by reason of rights asserted by the United States of America" in this case from bringing any further adverse claims against Defendant Sampson, the Tribes argued that the law of the case doctrine was not applicable to the Tribes. See Court Records, I J 39A, see also Court Records, Tribes Reply to Oppositions to Motion to Dismiss Certain Claims..

On April 27, 2009, the Court heard the Tribes joint motion to dismiss certain defendants. At that hearing, the Court found, *inter alia*, that pursuant to I J 39A, Defendant Sampson was entitled to be dismissed from this action with prejudice.[1] See Court Records.

*The Tribes Joint Motion to Reconsider*. On May 28, 2009, the Tribes filed their joint motion for reconsideration. In that motion, the Tribes argue that the law of the case doctrine precludes this Court from dismissing, among others, Defendant Sampson with prejudice. See Court Records.

### LEGAL ARGUMENT

**1.    The Tribes Motion Is Untimely**.

Pursuant to Civil Local Rule 7.1, except as provided by Federal Rules of Civil Procedure, Rules 59 and 60, an application for reconsideration must be filed not later than 30 days after the entry of the ruling. Civ. L.R. 7.1 i. 2. A motion to vacate a dismissal order falls under Federal Rules of Civil Procedure Rule 59(e). Hamid, et al., v. Price Waterhouse, et al., 51 F.3d 1411, 1415 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than ten days after entry of the order. F.R.C.P. 59(e).

The Court entered its dismissal order on April 29, 2009. Thereafter, on May 28, 2009, the

---

[1] Despite the Court's oral ruling, the Order dismissing did not actually encompass Defendant Sampson. Defendant Sampson was included in the Tribes motion; however, Defendant Sampson's property is not encompassed in IJ 33. Accordingly, Defendant Sampson has requested the Court enter an order dismissing him with prejudice pursuant to IJ 39 A, which comports with the Court's oral ruling on the issue in his pending motion for attorneys fees and costs. See Fickel Declaration.

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

4
CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

1  Tribes filed their joint motion to reconsider a portion of this Court's April 29th Order. As such, the joint
2  motion is untimely and may be denied.

3    **2.  The Tribes Conflicting Position Regarding The Law Of The Case Requires**
4      **Defendant Sampson's Dismissal With Prejudice.**

5    It is well established that a prior, binding decision becomes the law of the case and is
6  controlling in any subsequent proceeding. <u>City of Seattle v. Pugent Sound Power & Light Co.</u>, 15 F.2d
7  794, 795 (9th Cir. 1926). Here, and as previously stated, the Court found that Defendant Sampson's
8  property does not overlie any ground waters that feed or contribute to the San Margarita River or its
9  tributaries. <u>See</u> Court Records, IJ 39A. This Court's decision was affirmed by <u>United States v.</u>
10 <u>Fallbrook Public Utility District</u>, 347 F.2d 48 (9th Cir. 1965).

11   The Tribes argue that the law of the case, in conjunction with I J 41, requires this Court to
12 amend its order and dismiss the Defendants included in the Tribes joint motion to dismiss without
13 prejudice. In direct contradiction to this position, the Tribes argued in reply to Defendant Sampson's
14 opposition to their motion to dismiss that I J 39A is not applicable to the Tribes. <u>See</u> Court Records.
15 The Tribes cannot have it both ways. If the law of the case doctrine is applicable to the Tribes under
16 I J 41, then the law of the case doctrine is applicable to the Tribes under I J 39A.

17   Defendant Sampson contends that under the law of the case doctrine, the Tribes are precluded
18 from raising any issues pertaining to rights in the Santa Margarita River and its tributaries, the claims
19 raised by the Tribes, in their First Amended Complaints against him. <u>See</u> Court Records. As
20 previously stated this Court already found that Defendant Sampson's property does not overlie any
21 ground waters that feed or contribute to the San Margarita River or its tributaries. <u>See</u> Court Records,
22 I J 39A. Additionally, the Tribes are raising claims on rights, over which the federal government has
23 a superior interest, and holds in trust for the Tribes. <u>See</u> Court Records, I J 41. As such, amending the
24 dismissal order and dismissing Defendant Sampson without prejudice would legally prejudice
25 Defendant by permitting the parties to raise the same issues against Defendant in future litigation. It
26 was proper for this Court to dismiss Defendant Sampson with prejudice.
27 ///
28

5

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

1     **3.    If The Law Of The Case Does Not Apply To The Tribes, Then Collateral Estoppel Must Apply**.

If the law of the case doctrine does not bind the Tribes to this Court's prior judgments, then the Tribes are bound through the doctrine of collateral estoppel. As fully set forth in Defendant Sampson's opposition to the Tribes motion to dismiss certain claims, the doctrine of collateral estoppel provides an alternative basis to reaffirm Defendant Sampson's dismissal with prejudice. <u>See</u> Court Records.

To briefly summarize, collateral esptoppel "provides that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." <u>United States v. Bhatia</u>, 545 F.3d 757, 759 (9th Cir. 2008) [citations omitted]. A party cannot re-litigate a previously decided issue if (1) there was a full and fair opportunity to litigate the issue; (2) the issue was actually litigated; (3) the issue was lost as a result of a final judgment; and (4) the person against whom collateral estoppel is asserted was a party or in privity with a party in the previous litigation. <u>Kendall v. Visa U.S.A., Inc.</u>, 518 F.3d 1042, 1050 (9th Cir. 2008).

Defendant Sampson meets all four requirements. First, the Tribes are asserting claims to waters that feed or contribute to the San Margarita River or its tributaries, which were previously adjudicated by this Court for the Tribes in I J 41. <u>See</u> Court Records.

Second, this Court previously found, as delineated in I J 39A, which was incorporated by reference into the Final Judgment and Decree, that Defendant Sampson's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. <u>See</u> Court Records, IJ 39A and Final Judgment and Decree, entered May 8, 1963. Third, and as previously stated, I J 39A was incorporated into the Final Judgment and Decree, entered May 8, 1963.

Finally, as delineated in I J 41, the Untied States has a superior interest in the water rights and represented the Tribes as their trustee. <u>See</u> Court Records, I J 41. Additionally, the Tribes are asserting causes of action based upon prior decisions of this Court, which were affirmed by the Ninth Circuit. <u>See</u> Court Records.

Based upon the foregoing, the Tribes are precluded from raising the claims regarding the Santa Margarita River and its tributaries, as alleged in their First Amended Complaints against Defendant

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

1  Sampson and Defendant Sampson dismissal should remain with prejudice.

## CONCLUSION

Based upon all of the foregoing, Defendant Sampson respectfully requests the Court deny the Tribes joint motion for reconsideration as to Defendant Sampson.  Alternatively, Defendant Sampson requests the Court reaffirm its decision to dismiss Defendant Sampson with prejudice.

Respectfully submitted,

DATED: June 11, 2009               **SAMPSON & ASSOCIATES**

By:   /s/ Mary L. Fickel
      Mary L. Fickel, Esq.
      Attorneys for Defendant
      BRYAN D. SAMPSON

7

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DEFENDANT SAMPSON'S OPPOSITION TO MOTION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\P&A.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 - FACSIMILE (619)557-9425