**SAMPSON & ASSOCIATES**
Bryan D. Sampson, Esq. (#143143)
Mary L. Fickel, Esq. (#221872)
2139 First Avenue
San Diego, California 92101
Tel. (619) 557-9420 / Fax (619) 557-9425
bsampson@sampsonlaw.net

Attorneys for Defendant
BRYAN D. SAMPSON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>RAMONA BAND OF CAHULLA,<br>CAHUILLA BAND OF INDIANS,<br><br>                          Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT,<br>et al.,<br><br>                          Defendants. | Case No.  51-1247-SD-C<br><br>**DECLARATION OF MARY L. FICKEL IN SUPPORT OF DEFENDANT BRYAN D. SAMPSON'S OPPOSITION TO JOINT MOTION TO RECONSIDER A PORTION OF THE COURT'S APRIL 29, 2009 ORDER**<br><br>Date:   June 29, 2009<br>Time:   2:00 p.m.<br>Ctrm:   8, 3rd Floor<br>Judge:  Hon. Gordon Thompson, Jr. |

I, Mary L.  Fickel, declare:

1.      I am an attorney licensed to practice law in the State of California and before this Court.

I am also an associate for Sampson & Associates, attorneys of record for Defendant Bryan D. Sampson

in the above-entitled action.

2.      If called upon to testify, I could and would competently testify to the matters contained

herein based upon my personal knowledge, except as to those matters stated upon information and belief.

As to those matters, I am informed and believe and thereon allege that they are true and correct based

upon my reasonable investigation.

/ / /

/ / /

1

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DECLARATION OF MARY L. FICKEL IN OPPOSITION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\MLF.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619) 557-9425

**<u>EXHIBITS</u>**

3.      Attached hereto as Exhibit "1" is a true and correct copy of correspondence to the Ramona Band of Cahuilla's, dated June 17, 2008.

4.      Attached hereto as Exhibit "2" is a true and correct copy of correspondence to the Cahuilla Band of Indians, dated June 17, 2008.

5.      Attached hereto as Exhibit "3" is a true and correct copy of correspondence from the Ramona Band of Cahuilla's, dated September 22, 2008.

6.      Attached hereto as Exhibit "4" is a true and correct copy of correspondence re: draft stipulation for dismissal, dated December 24, 2008.

7.      Attached hereto as Exhibit "5" is a true and correct copy of re: draft stipulation for dismissal, dated September 24, 2008.

8.      Attached hereto as Exhibit "6" is a true and correct copy of correspondence re: dismissal, dated December 24, 2008.

9.      Attached hereto as Exhibit "7" is a true and correct copy of correspondence re: dismissal, dated January 13, 2009.

10.     Attached hereto as Exhibit "8" is a true and correct copy of correspondence re: dismissal, dated January 14, 2009 and February 18, 2009.

11.     Attached hereto as Exhibit "9" is a true and correct copy of correspondence re: dismissal, dated March 12, 2009.

12.     Attached hereto as Exhibit "10" is a true and correct copy of correspondence to the Cahuilla Band of Indians, dated October 3, 2008.

13.     Attached hereto as Exhibit "11" is a true and correct copy of correspondence from the Cahuilla Band of Indians, dated October 20, 2008.

14.     Attached hereto as Exhibit "12" is a true and correct copy of correspondence re: dismissal, dated March 18, 2009.

15.     Attached hereto as Exhibit "13" is a true and correct copy of correspondence re: dismissal, dated March 25, 2009 and March 31, 2009.

16.     Attached hereto as Exhibit "14" is a true and correct copy of correspondence re: proposed

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DECLARATION OF MARY L. FICKEL IN OPPOSITION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\MLF.wpd

language for dismissal order, dated April 3, 2009.

17.     Attached hereto as Exhibit "15" is a true and correct copy of correspondence re: proposed language for dismissal order, dated April 9, 2009.

18.     Attached hereto as Exhibit "16" is a true and correct copy of correspondence re: proposed language for dismissal order, dated April 9, 2009 and April 13, 2009.

## **FACTUAL BACKGROUND**

19.     I am informed and believe that on or about April 17, 2008, Plaintiff-Intervenors Ramona Band of Cahulla and Cahulla Band of Indians (collectively referred to as the "Tribes") submitted the Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Bryan D. Sampson ("Sampson").   Thereafter, Defendant Sampson executed the Waivers of Service of Summons and returned the same to the Tribes.

20.     Pursuant to the Waivers of Service of Summons, Defendant Sampson timely filed and served his Answers to the Tribes First Amended Complaints on June 17, 2008.   Shortly thereafter, Defendant learned that the Tribes moved the court for a stay of proceedings.   Defendant Sampson objected to the stay request.   Thereafter, the Court granted the stay of proceedings to facilitate settlement negotiations between the parties to this action.

21.     In addition, Defendant Sampson performed a thorough review of the court records in this case.   As a result of that review, Defendant Sampson learned that the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that his property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries.

22.     Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

> Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DECLARATION OF MARY L. FICKEL IN OPPOSITION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\MLF.wpd

1    ..." against them.

2        23.    Defendant Sampson is a successor owner of Parcel 94W-10-41.  As a result, Defendant

3    Sampson met and conferred with the Tribes.

4        24.    Upon review of the documentation provided by Defendant, Plaintiff-Intervenor Ramona

5    Band of Cahuilla ("Ramona") agreed that claims against Defendant Sampson are barred by I J 39A and

6    agreed to enter into a stipulation for dismissal with prejudice.  Despite Defendant Sampson's repeated

7    requests, Plaintiff-Intervenor Ramona has failed and/or refused to execute the stipulation.  Instead, on

8    December 29, 2008, Plaintiff-Intervenor Ramona contacted Defendant Sampson, informed him it

9    would stipulate to dismissal, if Defendant Sampson would relinquish his rights under I J 39A.

10   Defendant Sampson responded by requesting clarification regarding Plaintiff-Intervenors Ramona's

11   position on that issue.  The parties met and conferred and Defendant provided a revised stipulation for

12   dismissal with prejudice, for execution.

13       25.    Plaintiff-Intervenor Cahuilla Band of Indians ("Cahuilla") failed and/or refused to

14   respond to Defendant's meet and confer attempt.  Thereafter, Plaintiff-Intervenor Cahuilla filed a

15   substitution of counsel.  As a result, Defendant Sampson met and conferred with Plaintiff-Intervenor

16   Cahuilla's substituted counsel regarding IJ 39A and requested they dismiss Defendant Sampson with

17   prejudice.  Plaintiff-Intervenor Cahuilla responded by stating they were reviewing IJ 39A and would

18   respond after they completed their review.

19       26.    On March 3, 2009, the Tribes, Defendant Sampson and the United States met

20   telephonically to discuss the stipulation for dismissal.  During that teleconference, the Tribes stated

21   they would prepare a draft stipulation for Defendant Sampson's review.  Thereafter, the Tribes

22   suggested that Defendant Sampson be included as a dismissed Defendant in the Joint Motion to

23   Dismiss.  Defendant Sampson responded by stating he had no objection if the order dismissing

24   incorporated the Final Judgment and Decree and the Interlocutory Judgments incorporated therein.

25   The Tribes responded by stating Defendant's request was not feasible.

26       27.    Defendant Sampson again met and conferred with the Tribes and requested the

27   following language be included in the proposed order:

28   / / /

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2139 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619)557-9420 • FACSIMILE (619)557-9425

4

CASE NO. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DECLARATION OF MARY L. FICKEL IN OPPOSITION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\MLF.wpd

"IT IS HEREBY FURTHER ORDERED that this Order Granting Joint Motion to Dismiss Certain Claims does not, in any manner whatsoever, supercede the Final Judgment and Decree, entered May 8, 1963, or any Interlocutory Judgment incorporated therein."

28.   The Tribes responded by stating they would not revise the proposed order based upon the number of parties that required service and recommended Defendant raise the issue for the hearing on the joint motion to dismiss.  As a result, Defendant Sampson met and conferred and asked the Tribes if they would be willing to stipulate at the hearing to Defendant's proposed language for the order.  The Tribes responded by stating they did not believe Defendant's proposed language was needed.

29.   Defendant Sampson's property is not encompassed in Interlocutory Judgment 33; however, at the Tribes suggestion, Defendant Sampson was included in their joint motion to dismiss. Defendant Sampson opposed the Tribes joint motion to dismiss, arguing that I J 39A was, *inter alia*, the law of the case and therefore, his dismissal should be with prejudice.

30.   Despite the clear mandate of I J 39A, which precludes the federal government, and all others, "by reason of rights asserted by the United States of America" in this case from bringing any further adverse claims against Defendant Sampson, the Tribes argued that the law of the case doctrine was not applicable to the Tribes.

31.   On April 27, 2009, the Court heard the Tribes joint motion to dismiss certain defendants. At that hearing, the Court found, *inter alia*, that pursuant to I J 39A, Defendant Sampson was entitled to be dismissed from this action with prejudice.[1]

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.  This declaration is executed on this 10th day of June, 2009 at San Diego California.

By:   /s/ Mary L.  Fickel
      Mary L.  Fickel

---

[1]   Despite the Court's oral ruling, the Order dismissing did not actually encompass Defendant Sampson.  Defendant Sampson was included in the Tribes motion; however, Defendant Sampson's property is not encompassed in IJ 33. Accordingly, Defendant Sampson has requested the Court enter an order dismissing him with prejudice pursuant to IJ 39 A, which comports with the Court's oral ruling on the issue in his pending motion for attorneys fees and costs.

5

CASE No. 1247-SD-C
U.S.A, et al., v. Fallbrook Public Utilities District, et al,
DECLARATION OF MARY L. FICKEL IN OPPOSITION FOR RECONSIDERATION
S:\Company Files\Clients - Open\USA v. Fallbrook\Pleading\Opp.Reconsider\MLF.wpd

SAMPSON & ASSOCIATES
ATTORNEYS AT LAW
2159 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 557-9420 • FACSIMILE  (619) 557-9425

# EXHIBIT "1"



*Sampson*
*&Associates*
*Attorneys at Law*

2139 First Avenue . San Diego . California . 92101
619/557-9420 . FAX 619/557-9425
www.sampsonlaw.net

June 17, 2008

*Via U.S. Mail Only*

Curtis G. Berkey, Esq.
Alexander Berkey Williams & Weather, LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704

Re:     <u>USA, et al., v. Fallbrook Public Utility District, et al.,</u>
        <u>Case No. 51-CV-1247-GTBB</u>

Dear Mr. Berkey:

I am an attorney representing Bryan D. Sampson in the above entitled matter. As you are aware, Mr. Sampson filed an Answer to your client's, the Ramona Band of Cahuilla's, First Amended Complaint in Intervention.

After filing his Answer, my client discovered the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that my client's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. <u>See</u> attached Exhibits "1 and 2."

Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

Parcel: <u>94W-10-41</u> "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them. <u>See</u> Exhibit "1," and exhibit "A" thereto, pgs. 28-29.

As set forth in the attached title report, Mr. Sampson is a successor owner of Parcel 94W-10-41. <u>See</u> Exhibit "2." As such, all parties to this action, including your client, are barred by prior Court order, from exerting any continuing claims arising from this litigation against Mr. Sampson's water rights in the above described property.

Curtis G. Berkey, Esq.
June 17, 2008
Page 2

_____

     Based upon the foregoing, my client request's your client, within two weeks from the date of this correspondence, stipulate to dismiss this action against my client, with prejudice, and immediately release your lis pendens.  Enclosed please find my client's proposed Stipulation for Dismissal.

     Please be advised that we are of the opinion that should your client refuse to enter into the Stipulation for Dismissal, your client's actions would constitute a Rule 11 violation.

     I look forward to you anticipated prompt response.

                 Very truly yours,

                 **SAMPSON & ASSOCIATES**

                 Mary L. Fickel, Esq.

MLF/lp
Enclosures

# EXHIBIT "2"



*Sampson*
*&Associates*
Attorneys at Law

2139 First Avenue . San Diego . California . 92101
619/557-9420 . FAX 619/557-9425
www.sampsonlaw.net

June 17, 2008

*Via U.S. Mail Only*

Marco A. Gonzalez, Esq.
Coast Law Group LLP
169 Saxony Rd. Ste. 204
Encinitas, CA 92024

Susan M. Williams
Williams & Works, PA
P.O. Box 1483
Corrales, N.M. 87049

Re:     *USA, et al., v. Fallbrook Public Utility District, et al.,*
        *Case No. 51-CV-1247-GTBB*

Dear Mr. Gonzales and Ms. Williams:

I am an attorney representing Bryan D. Sampson in the above entitled matter. As you are aware, Mr. Sampson filed an Answer to your client's, the Cahuilla Band of Indians, First Amended Complaint in Intervention.

After filing his Answer, my client discovered the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that my client's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. See attached Exhibits "1 and 2."

Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

Parcel: 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them. See Exhibit "1," and exhibit "A" thereto, pgs. 28-29.

As set forth in the attached title report, Mr. Sampson is a successor owner of Parcel 94W-10-41. See Exhibit "2." As such, all parties to this action, including your client, are barred by prior Court order, from exerting any continuing claims arising from this litigation against Mr. Sampson's water rights in the above described property.

Marco A. Gonzalez and Susan M. Williams
June 17, 2008
Page 2

_____

     Based upon the foregoing, my client request's your client, within two weeks from the date of this correspondence, stipulate to dismiss this action against my client, with prejudice, and immediately release your lis pendens.  Enclosed please find my client's proposed Stipulation for Dismissal.

     Please be advised that we are of the opinion that should your client refuse to enter into the Stipulation for Dismissal, your client's actions would constitute a Rule 11 violation.

     I look forward to you anticipated prompt response.

          Very truly yours,

          SAMPSON & ASSOCIATES

          Mary L. Fickel, Esq.

MLF/lp
Enclosures

# EXHIBIT "3"

## Mary Fickel

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Monday, September 22, 2008 7:00 PM |
| **To:** | mfickel@sampsonlaw.net |
| **Cc:** | Barry, Patrick (ENRD) |
| **Subject:** | Bryan Sampson Property |

Ms. Fickel:  we have received your request for dismissal of the Ramona Band of Cahuilla's claims against your client, Bryan Sampson.  Upon review of the documents you provided, (and in addition review of Exhibit A, which was not included in your mailing), we agree with your conclusion that the findings and conclusions contained in Interlocutory Judgment 39A preclude the assertion of claims against Mr. Sampson.  The Band will agree to dismiss with prejudice its claims against him.  Because Mr. Sampson has filed an answer, the Band's dismissal of claims against him must be approved by the federal court hearing the case.  Fed. R. Civ. Pro. 41(a)(2).  Your mailing did not include a draft stipulation of dismissal, as asserted in your letter.  If you will send me a draft, I will review it immediately and we can then ask the Court to approve the dismissal.  Or if you prefer, I can draft it for your review.

I am copying Patrick Barry, U.S. Department of Justice, on this e-mail, as the United States likewise asserts claims on behalf of the Ramona Band as trustee.  You may wish to make the same request to him.

Let me know if you have any questions.

Curtis

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA  94704
Tel: 510/548-7070
Fax: 510/548-7080
www.abwwlaw.com

CONFIDENTIAL COMMUNICATION:  E-MAILS FROM THIS FIRM NORMALLY CONTAIN CONFIDENTIAL AND PRIVILEGED MATERIAL, AND ARE FOR THE SOLE USE OF THE INTENDED RECIPIENT.  USE OR DISTRIBUTION BY AN UNINTENDED RECIPIENT IS PROHIBITED, AND MAY BE A VIOLATION OF LAW. IF YOU BELIEVE YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DO NOT READ IT, REPLY TO THE SENDER, AND CONFIRM THAT YOU HAVE DELETED ALL COPIES. THANK YOU.

# EXHIBIT "4"

## Mary Fickel

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Wednesday, December 24, 2008 3:03 PM |
| **To:** | mfickel@sampsonlaw.net |
| **Cc:** | Barry, Patrick (ENRD); Joseph Hamilton |
| **Subject:** | Proposed Stipulation of Dismissal-Bryan Sampson |

Ms. Fickel: on behalf of the Ramona Band of Cahuilla, I have reviewed the draft proposed Stipulation of Dismissal with regard to the Tribe's claims against Bryan Sampson. The proposed Stipulation is acceptable to the Tribe with the following modifications: 1) in the recital section, we would like to add language from IJ 39A to the effect that the successors to Parcel No. 94W-10-41, including Mr. Sampson, do not assert nor possess rights to any water that contributes to the Santa Margarita River Watershed, and that the United State and all other parties have quieted title to Santa Margarita River Watershed water against all adverse claims of the successors, including Mr. Sampson; and 2) in the operative section of the Stipulation, the language is revised to provide that the claim of the Tribe is dismissed with prejudice, rather than that the action is dismissed. With regard to the first proposed modification, this language is set out in IJ 39A and we are simply proposing that it be incorporated and set out here for ease of reference in clarifying the rights of the respective parties in the future. With regard to the second proposed modification, I do not believe the Tribe can dismiss the action as a whole unless Mr. Sampson agrees to relinquish his rights as successor under IJ 39A. Rather, dismissal of the Tribe's claims would appear to be the appropriate means to resolve the matter.

Let me know if these revisions are acceptable and I will draft new language for your consideration. We will need to discuss this with Pat Barry to ascertain the position of the United States with regard to your original draft and the Tribe's proposed revisions.

Thanks.

Curtis

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA  94704
Tel: 510/548-7070
Fax: 510/548-7080
www.abwwlaw.com

CONFIDENTIAL COMMUNICATION: E-MAILS FROM THIS FIRM NORMALLY CONTAIN CONFIDENTIAL AND PRIVILEGED MATERIAL, AND ARE FOR THE SOLE USE OF THE INTENDED RECIPIENT. USE OR DISTRIBUTION BY AN UNINTENDED RECIPIENT IS PROHIBITED, AND MAY BE A VIOLATION OF LAW. IF YOU BELIEVE YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DO NOT READ IT, REPLY TO THE SENDER, AND CONFIRM THAT YOU HAVE DELETED ALL COPIES. THANK YOU.

# EXHIBIT "5"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Friday, September 26, 2008 6:07 PM |
| **To:** | Mary Fickel |
| **Subject:** | RE: Bryan Sampson Property |

Mary:  many thanks for drafting this.  I will review it as soon as possible and get back to you.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Wednesday, September 24, 2008 1:31 PM
**To:** Curtis Berkey
**Subject:** RE: Bryan Sampson Property

Dear Curtis:

Thank you for your e-mail.  Attached please find the proposed stipulation for dismissal.  Pursuant to your e-mail, I am also sending Mr. Barry a  proposed stipulation for dismissal.

I look forward to your comments and/or receipt of the executed stipulation.  Upon receipt, I will electronically file the stipulation with the court.

Very truly yours,

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

---

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Monday, September 22, 2008 7:00 PM
**To:** mfickel@sampsonlaw.net
**Cc:** Barry, Patrick (ENRD)
**Subject:** Bryan Sampson Property

Ms. Fickel:  we have received your request for dismissal of the Ramona Band of Cahuilla's claims against your client, Bryan Sampson.  Upon review of the documents you provided, (and in addition review of Exhibit A, which was not included in your mailing), we agree with your conclusion that the findings and conclusions

1

# EXHIBIT "6"

**To:** Curtis Berkey
**Subject:** RE: Proposed Stipulation of Dismissal-Bryan Sampson

Dear Mr. Berkey:

Thank you for your response to our request to dismiss Mr. Sampson from your lawsuit. I write to clarify both your position and our position.

My review of the court records indicates that Mr. Sampson's property was dismissed from the original lawsuit in approximately 1962. The judgment stated that Mr. Sampson's property was not part of your client's water rights.

I understand you would like to include language involving IJ39A. However, that language was not part of the original court order involving Mr. Sampson's property. Are you proposing that we add restrictions to Mr. Sampson's property that did not exist in the original judgment on this property? Your statements are not clear given our review of the records.

At this point we are still willing to simply allow you to dismiss Mr. Sampson from the lawsuit. Alternatively we are ready, willing and able to file a motion for dismissal as soon as the court authorizes us to file that motion. In that event the court would most likely stay with its original order and not add any further restrictions. Further, I cannot, in good faith advise Mr. Sampson to agree to an arrangement which puts him in a worse position than he currently has under the 1962 order.

Based upon the foregoing I simply request that you clarify your position. Mr. Sampson's property is outside of the water rights for your clients, was previously adjudicated as outside of the water rights, no restrictions were included in the prior order regarding the Santa Margarita River Water Shed and, in practical terms, the property is sufficiently distant from the Santa Margarita River such that it should not be included in your lawsuit. Again, I look forward to your clarification regarding your position that Mr. Sampson would be required to relinquish rights afforded to him as a successor owner under IJ 39A. Thank you for your courtesy on this matter.

Very truly yours,

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

---

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Wednesday, December 24, 2008 3:03 PM
**To:** mfickel@sampsonlaw.net

# EXHIBIT "7"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Tuesday, January 13, 2009 10:40 AM |
| **To:** | Mary Fickel |
| **Cc:** | Barry, Patrick (ENRD) |
| **Subject:** | RE: Proposed Stipulation of Dismissal-Bryan Sampson |

Ms. Fickel: I would like to clarify this and get this resolved before we have to respond to your recent filing to lift the stay. We are eager to cooperate to find a way to get your client out of the Ramona Band's part of this case. I think we have a misunderstanding about what IJ 39A did with respect to your client's rights. My proposed revision was based on the simple idea, as set out in IJ39A, that each party had quieted title against the other, and that neither would ever made adverse claims against the other. I did not intend to propose anything that goes beyond IJ39A or to put your client in a worse position. Because this is a general stream adjudication, Ramona could not, even if wanted to, dismiss another party from the case. We can only dismiss the Tribe's claims against your client, which, as I have repeatedly said, we are willing to do.

As I understand it, and as included in your initial draft dismissal stipulation, IJ39A gave Mr. Sampson, as successor, a quieted title against all adverse claims because his property did not overlie water that contributes to the Watershed. Interlocutory Judgment No. IV. Conclusion of Law No. I states plainly that the defendants "have no rights to the use of groundwaters which feed, add to, support or contribute to the waters of the Santa Margarita River . . . ." In light of these judgments and conclusions, I do not understand your objection to including language that Mr. Sampson does not have rights to water that contributes to the Watershed. We are not asking for anything beyond what is already stated in IJ39A.

Similarly, Interlocutory Judgment No. II provides that "the rights of the United States and all other parties having rights" to surface or ground water in the River system are forever quieted against "any and all adverse claims of the defendants. . . ." The Ramona Band has rights to water as decreed in Interlocutory Judgment No. 41, which was included in the final judgment. Again, including language in our stipulation that the Tribe and the United States have quieted title against any adverse claims of Mr. Sampson does not appear to us to be going beyond the terms of IJ39A.

My final proposed revision was that we clarify that the Ramona Band is dismissing with prejudice any claims it may have against your client. Your email states that the entire action should be dismissed. As I've mentioned, even if wanted to, Ramona does not have the ability to dismiss the entire case against Mr. Sampson, only the Tribe's claims asserted in this sub-proceeding. I would not think he would want to be dismissed from the action entirely in light of the fact that he has quieted title to water under IJ39A. It seems to me the only way he could be entirely dismissed is if he gave up those rights, an outcome we are not asking for.

We are willing to execute a stipulation of dismissal with prejudice with these revisions, conditioned on your agreement to withdraw your proposal to lift the stay now in place.

Please let me know if this is acceptable. If we still have misunderstandings, perhaps we should discuss this by telephone.

Thanks.

Curtis

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Monday, December 29, 2008 4:00 PM

# EXHIBIT "8"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Wednesday, February 18, 2009 4:26 PM |
| **To:** | Mary Fickel |
| **Cc:** | Cathy Condon; Barry, Patrick (ENRD) |
| **Subject:** | RE: Proposed Stipulation of Dismissal-Bryan Sampson |

Ms. Fickel: in light of the fact that the stipulation we are discussing must be approved by both the Plainitff-intervenor Cahuilla Band of Indians and the United States, I think the most efficient way to resolve this would be to set up a conference call with all of the parties. I have been in touch with Cathy Condon, who represents Cahuilla and Pat Barry, who represents the United States, and they agree that this approach makes sense. What days would you be available in the next few weeks to have such a call?

Thanks.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Wednesday, January 14, 2009 2:01 PM
**To:** Curtis Berkey
**Subject:** RE: Proposed Stipulation of Dismissal-Bryan Sampson

Mr. Berkey:

Thank you for your correspondence.

I understand and agree that your client cannot agree to dismiss anything other than its complaint against my client. Accordingly, I have revised the stipulation for dismissal to reflect the same.

I do not find it necessary to include language enjoining my client from taking any action to pursue litigation which the court has already determined my client is enjoined from pursuing. My client did not raise any claims in this litigation. In the unlikely event my client opts to pursue claims he is already precluded from pursuing, your client retains all legal defenses and rights previously determined by the court.

Please advise at your earliest convenience if the revised proposed stipulation for dismissal is acceptable to your client.

Very truly yours,

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

---

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express

1

# EXHIBIT "9"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Thursday, March 12, 2009 6:33 PM |
| **To:** | Mary Fickel |
| **Subject:** | Settlement |

Hi Mary:  unfortunately I am not able to get you the draft by the end of this week.  We are still working on this among the US, Ramona and Cahuilla and hope to have something for you to review next week.  We are still of course committed to resolving this along the lines we discussed in your conference call.

Curtis

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA  94704
Tel: 510/548-7070
Fax: 510/548-7080
www.abwwlaw.com

CONFIDENTIAL COMMUNICATION:  E-MAILS FROM THIS FIRM NORMALLY CONTAIN CONFIDENTIAL AND PRIVILEGED MATERIAL, AND ARE FOR THE SOLE USE OF THE INTENDED RECIPIENT.  USE OR DISTRIBUTION BY AN UNINTENDED RECIPIENT IS PROHIBITED, AND MAY BE A VIOLATION OF LAW. IF YOU BELIEVE YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE DO NOT READ IT, REPLY TO THE SENDER, AND CONFIRM THAT YOU HAVE DELETED ALL COPIES. THANK YOU.

# EXHIBIT "10"



*Sampson*
*&Associates*
Attorneys at Law

2139 First Avenue . San Diego . California . 92101
619/557-9420 . FAX 619/557-9425
www.sampsonlaw.net

October 3, 2008

*Via U.S. Mail Only*

Scott B. McElroy, Esq.
Greene, Meyer & McElroy
1007 Pearl Street, Suite 220
Boulder, Colorado 80302

       *Re:*     <u>*USA, et al., v. Fallbrook Public Utility District, et al.,*</u>
               *Case No. 51-CV-1247-GTBB*

Dear Mr. McElroy:

     I am an attorney representing Bryan D. Sampson in the above entitled matter. We met briefly at the status conference of September 29, 2008. As you are aware, Mr. Sampson filed an Answer to your client's, the Ramona Band of Cahuilla's, First Amended Complaint in Intervention.

     After filing his Answer, my client discovered the Court previously found, as delineated in Interlocutory Judgment No. 39A ("IJ 39A"), which was incorporated by reference into the Final Judgment and Decree, that my client's property does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries. <u>See</u> attached Exhibits "1 and 2."

     Specifically, and as set forth in IJ 39A, the Court found that Roscoe and Barbara C. Power's property, more particularly described as:

     <u>Parcel:</u> 94W-10-41 "Lot Four (4), Section Ten (10), Township Nine (9) South, Range Four (4) West, San Bernardino Base and Meridian, in the County of San Diego, State of California, and that portion of Lot One (1), said Section Ten (10), lying Southerly of a line ... .

does not overlie any ground waters that feed or contribute to the San Margarita River or its tributaries and that the Power's, their successors and assigns "are forever quieted against any and all adverse claims ..." against them. <u>See</u> Exhibit "1," and exhibit "A" thereto, pgs. 28-29.

     As set forth in the attached title report, Mr. Sampson is a successor owner of Parcel 94W-10-41. <u>See</u> Exhibit "2." As such, all parties to this action, including your client, are barred by prior Court order, from exerting any continuing claims arising from this litigation against Mr. Sampson's water rights in the above described property.

Scott B. McElroy, Esq.
October 3, 2008
Page 2

_____

Based upon the foregoing, my client request's your client, within two weeks from the date of this correspondence, stipulate to dismiss this action against my client, with prejudice, and immediately release your lis pendens.  Enclosed please find my client's proposed Stipulation for Dismissal.

We have submitted this demand to your predecessor attorney, Susan Williams, as well as to Curtis Berkey, as counsel for the Ramona Band of Cahuilla Indians.  Ms. Williams failed and/or refused to respond.  The Ramona Band of Cahuilla's reviewed the relevant court records/documents and agree that no claims can be made against Mr. Sampson.  As a result, the Ramona Band of Cahuilla's have agreed to dismiss Mr. Sampson, with prejudice.

Please be advised that we are of the opinion that should your client refuse to enter into the Stipulation for Dismissal, your client's actions would constitute a Rule 11 violation.

I look forward to you anticipated prompt response.

Very truly yours,

SAMPSON & ASSOCIATES

Mary L. Fickel, Esq.

MLF/lp
Enclosures

S:\Company Files\Clients - Open\USA v. Fallbrook\Correspondence\Letters\McElroy.100308.wpd

# EXHIBIT "11"



**GREENE, MEYER & McELROY**
ATTORNEYS AT LAW

BRUCE R. GREENE
ELIZABETH MEYER
SCOTT B. McELROY
ALICE E. WALKER
M. CATHERINE CONDON

—————————

DANIEL E. STEUER

OF COUNSEL
PHOEBE ANNE GREYSON

October 20, 2008

Mary L. Fickel
Sampson & Associates
2139 First Avenue
San Diego, CA 92101

Re:     *United States of America v. Fallbrook Public Utility District*,
        Case No. 51-CV-1247-GTBB

Dear Ms. Fickel:

We are in receipt of your letter dated October 3, 2008, received October 6, 2008, which requested that our client, the Cahuilla Band of Indians, stipulate to dismiss this action against your client, Bryan D. Sampson, within two weeks of your letter. As you know, we recently acquired this case and are in the process of reviewing all the documents and pleadings. As soon as we have had a chance to adequately review your request, we will promptly respond.

Sincerely,

M. Catherine Condon

M. Catherine Condon

MCC/dav

1007 PEARL STREET, SUITE 220   BOULDER, COLORADO 80302   WWW.GREENELAWYER.COM   303-442-2021   FAX 303-444-3490
A Professional Corporation

# EXHIBIT "12"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Wednesday, March 18, 2009 11:42 AM |
| **To:** | Mary Fickel |
| **Cc:** | Cathy Condon; Barry, Patrick (ENRD) |
| **Subject:** | RE: Settlement |

Mary: I wanted to let you know of new developments that might affect the resolution of the claims with regard to Mr. Sampson. The Tribes and the United States recently agreed to limit their water rights claims to those landowners located within the boundaries of the Anza-Cahuilla Ground Water Basins, as defined in Interlocutory Judgment 33, in exchange for an agreement by the defendants to drop objections to the sufficiency of service. The details of this are now being worked out, but we expect to prepare and file a stipulation limiting the claims in this manner. In light of this development, we wonder whether we need to finalize the draft stipulation with your client. We are prepared to do that, but it may not be necessary in light of the limitation of claims. This new stipulation would maintain the status quo with regard to landowners located outside the Anza-Cahuilla Basins; the Tribes would not make any claims against them, but we would not give up the right to do so in the future if we identified a threat to the on-reservation water supplies of the Tribes.

Let me know what you think of this idea. As you may know, Magistrate Judge Brooks has set a status conference for March 23 at 1 pm to discuss the limitation of the Tribe's claims in this way.

Thanks.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Friday, March 13, 2009 9:23 AM
**To:** Curtis Berkey
**Subject:** RE: Settlement

Thank you for the update Curtis. I look forward to receiving the draft some time next week. Have a nice weekend.

Mary

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

---

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

1

# EXHIBIT "13"

review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Tuesday, March 31, 2009 12:10 PM
**To:** Mary Fickel
**Subject:** RE: Settlement

Hi Mary:  we are filing the motion to dismiss and motion for leave to file second amended complaints tomorrow.  As you will see, they simply ask Judge Thompson to approve the dismissals without prejudice.  We do not believe it is possible to incorporate all of the previous orders of the court, in light of the large number and varied provisions applying to a large number of defendants.  The dismissal would leave your client in the same status he had before the Tribes intervened.  He would not be bound by the adjudication of the Tribe's water rights.  I believe the Court has given the other parties the opportunity to file responses to our motions before April 15.

Curtis

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Wednesday, March 25, 2009 1:09 PM
**To:** Curtis Berkey
**Subject:** RE: Settlement

Dear Curtis:

Looking at the order partially lifting stay re: dismissing some defendants, etc., I do not see a problem with including Mr. Sampson among the dismissed defendants, provided the dismissal incorporates the previous orders of the court.

Let me know your thoughts.

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Wednesday, March 18, 2009 11:42 AM
**To:** Mary Fickel

# EXHIBIT "14"



*Sampson & Associates*
Attorneys at Law

2139 First Avenue . San Diego . California . 92101
619/557-9420 . FAX 619/557-9425

# FACSIMILE TRANSMITTAL

**DATE:**                 April 3, 2009

**DELIVER TO:**     Curtis G. Berkey, Esq.

**FACSIMILE NO:**   (510) 548-7080

**FROM:**               Mary L. Fickel, Esq.

**RE:**                     *USA v. Fallbrook Public Utility District*

**WE ARE SENDING    1    PAGE(S). IF YOU DO NOT RECEIVE ALL PAGES
AS INDICATED, PLEASE CALL (619) 557-9420 AND ASK FOR LIZ OR NATASHA.**

## ADDITIONAL INFORMATION/COMMENTS:

Dear Curtis:  While Mr. Sampson does not object to the motion to dismiss, we do object to the form of the proposed order.  Our concern is that the order could be read to supersede previous orders entered by the court.  Accordingly, we request the following language be included in the order:

"IT IS HEREBY FURTHER ORDERED that this Order Granting Joint Motion to Dismiss Certain Claims does not, in any manner whatsoever, supercede the Final Judgment and Decree, entered May 8, 1963, or any Interlocutory Judgment incorporated therein."

Please let me know at your earliest convenience if the moving parties are willing to incorporate the suggested language. - MLF

☐   ORIGINAL BEING MAILED          ☒ ORIGINAL <u>NOT</u> BEING MAILED

Warning: The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.  Thank You.

S:\Company Files\Clients - Open\USA v. Fallbrook\Correspondence\Faxes\Berkey.040309.wpd

# Send Result Report

MFP
Copystar 400ci
Firmware Version 2H7_2F00.003.073 2009.03.08

**KYOCERa**

04/03/2009 10:00
[2H7_1000.005.003] [2H7_1100.002.003] [2H7_7000.003.053]

Job No.: 000203          Total Time: 0°00'14"          Page: 001

# Complete

Document:          doc20090403095933



**Sampson Associates**
Attorneys at Law

2139 First Avenue . San Diego . California . 92101
619/557-9420 . FAX 619/557-9435

## FACSIMILE TRANSMITTAL

| | |
|---|---|
| **DATE:** | April 3, 2009 |
| **DELIVER TO:** | Curtis G. Berkey, Esq. |
| **FACSIMILE NO:** | (510) 548-7080 |
| **FROM:** | Mary L. Fickel, Esq. |
| **RE:** | *USA v. Fallbrook Public Utility District* |

**WE ARE SENDING     1     PAGE(S). IF YOU DO NOT RECEIVE ALL PAGES**

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 04/03/09 09:59 | 15105487080 | 0°00'14" | FAX | OK | 200x100 Normal/On |

1

[ QEJ9100108 ]

# EXHIBIT "15"

**Mary Fickel**

| | |
|---|---|
| From: | Curtis Berkey [cberkey@abwwlaw.com] |
| Sent: | Thursday, April 09, 2009 4:31 PM |
| To: | Mary Fickel |
| Cc: | Cathy Condon; Scott McElroy; Barry, Patrick (ENRD) |
| Subject: | RE: Settlement |

Mary:  we have received your fax and request to modify the proposed order of dismissal.  We are not able to agree to revise the proposed order at this time, as that would require serving the revised proposed order on more than 2,700 parties.  We believe the most efficient way to handle this would be for you to file your proposed revision, and we can then respond at the appropriate time according to the court's briefing schedule.  If the order needs to be modified, that can be accomplished at the oral argument on April 27, 2009.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Thursday, April 09, 2009 9:47 AM
**To:** Curtis Berkey
**Subject:** RE: Settlement

Dear Curtis:

Our server was down so I sent you a fax regarding the language of the proposed order on the motion to dismiss. Attached is a courtesy copy.  Please advise by close of business today if my client's proposed language is acceptable to the tribes.  I look forward to hearing from you.

Mary

Mary L. Fickel, Esq.
Sampson & Associates
2139 First Avenue
San Diego, CA 92101
(619) 557-9420 telephone
(619) 557-9425 telefax
mfickel@sampsonlaw.net

---

This e-mail may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Tuesday, March 31, 2009 12:10 PM
**To:** Mary Fickel
**Subject:** RE: Settlement

Hi Mary:  we are filing the motion to dismiss and motion for leave to file second amended complaints tomorrow.  As you will see, they simply ask Judge Thompson to approve the dismissals without prejudice.  We

1

# EXHIBIT "16"

**Mary Fickel**

| | |
|---|---|
| **From:** | Curtis Berkey [cberkey@abwwlaw.com] |
| **Sent:** | Monday, April 13, 2009 10:32 AM |
| **To:** | Mary Fickel |
| **Subject:** | RE: Settlement |

Mary:  I can only speak for Ramona on this issue.  I have forwarded your email to Cathy Condon for a response from Cahuilla.  For Ramona, we would like some explanation as to why you believe this language is necessary before agreeing to include it.  I'm not sure I see the need for it, as the dismissal order seems limited to the Tribe's claims.

Thanks.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Friday, April 10, 2009 10:54 AM
**To:** Curtis Berkey
**Subject:** RE: Settlement

Curtis:  Please immediately advise if the Tribes are willing to stipulate to the proposed amended language at the April 27, 2009 hearing.

Thanks.

Mary

---

**From:** Curtis Berkey [mailto:cberkey@abwwlaw.com]
**Sent:** Thursday, April 09, 2009 4:31 PM
**To:** Mary Fickel
**Cc:** Cathy Condon; Scott McElroy; Barry, Patrick (ENRD)
**Subject:** RE: Settlement

Mary:  we have received your fax and request to modify the proposed order of dismissal.  We are not able to agree to revise the proposed order at this time, as that would require serving the revised proposed order on more than 2,700 parties.  We believe the most efficient way to handle this would be for you to file your proposed revision, and we can then respond at the appropriate time according to the court's briefing schedule.  If the order needs to be modified, that can be accomplished at the oral argument on April 27, 2009.

Curtis

---

**From:** Mary Fickel [mailto:mfickel@sampsonlaw.net]
**Sent:** Thursday, April 09, 2009 9:47 AM
**To:** Curtis Berkey
**Subject:** RE: Settlement

Dear Curtis:

1