

ORIGINAL

FILED
JUN 17 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>　　　　Plaintiff-Intervenors<br><br>　　　　v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>　　　　Defendants. | Civ. No. 51-1247 GT(RBB)<br><br>**ORDER** |

　　　On May 22, 2009, San Diego State University Research Foundation ("SDSU") filed a Motion to Intervene. On June 8, 2009, the Cahuilla Band of Indians and the Ramona Band of Cahuilla ("Tribes") filed a Joint Opposition. On June 10, 2009, SDSU filed its Reply. The Court has fully considered this matter, including a review of the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, SDSU's Motion to Intervene is **DENIED.**

　　　SDSU moves to intervene under Federal Rule of Civil Procedure 24 as a matter of right, or in the alternative, requests permissive intervention. Fed.R.Civ.P. 24(a)(2), states the court must permit a party to intervene who:

|   |   |
|---|---|
| 1 | claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. |
| 2 |   |
| 3 |   |

Under current Ninth Circuit law, there is a four part test to determine whether the court must grant intervention as of right: "(1) the application must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001) citing, Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996). Rule 24 (a) is construed liberally in favor of potential intervenors. Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). The Court is guided by practical and equitable considerations in making its decision. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). The moving party has the burden to show that *all* of the requirements for intervention have been met. Id.

The Tribes do not dispute the timeliness of SDSU's motion. Nor do the Tribes dispute, for the purpose of this motion, that SDSU's interests are adequately represented by existing parties in the action. However, the Tribes do dispute that SDSU has a "significantly protectable" interest relating to the subject of the current lawsuit.

The Ninth Circuit has articulated a two part test to determine whether the movant has satisfied the "interest" prong of the intervention as of right test: 1) the movant must show it has a legally protectable interest and 2) that there is a relationship between that legal interest and the underlying subject matter of the litigation. Forest Conservation Council, 66 F.3d at 1494.

SDSU argues that it "has significantly protectable interests and/or rights to the water in the Santa Margarita River System that may be impacted in this matter." (SDSU Brief, Pg 4). While it is true that SDSU has significantly protectable interests and rights to the water in the Santa Margarita Rivershed, SDSU has not shown a relationship between those rights and the current litigation. On April 29, 2009, this Court granted the Tribes' Motion to File Second Amended

Complaint. The Tribes' Second Amended Complaint narrowed the scope of the litigation to only "those defendants who use water or claim rights to use water within" the Anza Sub-Basin. Hence, the declaratory and injunctive relief sought by the Tribes is only against water users within the Sub-Basin. (Ramona Second Amended Complaint at 5-6; Cahuilla Second Amended Complaint at 9-10). Additionally, the Tribes ask the Court to "[d]eclare and confirm that nothing in the resulting judgment shall bind or otherwise affect the rights of those parties. . .that use or claim rights to use surface and/or ground water outside of the Sub-Basin." Id. SDSU's property is outside the Sub-Basin. The Tribes do not seek to have their respective water rights declared against SDSU and specifically request that water users outside the Sub-Basin, like SDSU, will not be bound by the judgment or affected by the resulting judgment. Consequently, SDSU's water rights fall outside the subject matter of this litigation and are not related. Therefore, SDSU has failed the protected interest prong of the test and it may not intervene as of right.

Moreover, SDSU has not shown that disposition of this action will impede or impair its ability to protect its water rights, the third prong of the intervention by right test. Determination of the Tribes' rights against the water users within the Sub-Basin will not affect SDSU's right or ability to assert its water rights if the need arises. SDSU may bring its own lawsuit and raise claims against the Tribes' if/when it determines its water rights are impacted or impaired. Therefore, SDSU has failed another prong of the intervention by right test. Accordingly, SDSU's Motion to Intervene as of Right is **DENIED.**

SDSU also requests permissive intervention. A party may request permissive intervention if it "has a claim or defense that shares with the main action a common question of fact or law." Fed.R.Civ.P. 24(b)(1)(B). However, the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

Again, SDSU fails to show it has a claim or defense with a common question of fact or law. Although SDSU has water rights within the Santa Margarita River Shed, the Tribes Second Amended Complaints specifically limit the litigation to only those water users within the Sub-Basin. Additionally, the Second Amended Complaints state that those water users outside the Sub-Basin, like SDSU, will not be bound by any judgment or settlement in this action. Hence, there is

not a common question of fact or law.

Also, allowing SDSU to intervene would delay and possibly prejudice the original parties to the action. Even with limiting their Second Amended Complaints to only those water users within the Sub-Basin, there are still numerous defendants and extremely complex issues and settlement negotiations. To add another party unnecessarily, would only protract and complicate the current litigation. Accordingly,

**IT IS ORDERED** that SDSU's Motion to Intervene is **DENIED**.

**IT IS SO ORDERED**.

June 17th 2009

date

GORDON THOMPSON, JR.

United States District Judge

cc: All counsel and parties without counsel