Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
169 Saxony Road, Suite 204
Encinitas, California 92024
Tel: 760-942-8505, Fax: 760-942-8515
marco@coastlawgroup.com

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021, Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com
*Attorneys for Plaintiff in Intervention,*
  *Cahuilla Band of Indians*

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS
  & WEATHERS, L.L.P.
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510-548-7070, Fax: 510-548-7080
cberkey@abwwlaw.com
*Attorney for Plaintiff in Intervention*
  *the Ramona Band of Cahuilla*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br>federally recognized Indian tribes,<br><br>  Plaintiffs in Intervention,<br><br>  v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation<br>of the State of California, et al.,<br><br>  Defendants. | Case No. 51-cv-1247-GT-RBB<br><br>**JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CAHUILLA BAND OF INDIANS' AND RAMONA BAND OF CAHUILLA'S JOINT MOTION TO RECONSIDER A PORTION OF THE COURT'S APRIL 29, 2009 ORDER**<br><br>Hearing Date: June 29, 2009<br>Time:          2:00 p.m.<br>Courtroom:   8<br><br>Hon. Gordon Thompson, Jr. |

## I. INTRODUCTION.

In this memorandum, the Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively "Tribes") reply to the *Pechanga Band of Luiseño Indians' Response to Cahuilla Band of Indians' and Ramona Band of Cahuilla's Joint Motion to Reconsider a Portion of the Court's April 29, 2009 Order* (June 15, 2009) ("Pechanga Response") and *Defendant Bryan D. Sampson's Memorandum of Points and Authorities in Support of Opposition to Joint Motion to Reconsider a Portion of Court's April 29 Order* (June 13, 2009) ("Sampson Response"). In their *Notice of Joint Motion and Joint Motion to Reconsider* (May 28, 2009) ("Tribes' Motion"), the Tribes asked the Court to reconsider its *Order* (Apr. 29, 2009) ("April 29 Order") dismissing with prejudice the Tribes' claims against defendants residing outside the boundaries of the Anza-Cahuilla Sub-basin ("Sub-basin") (collectively "Answering Defendants") and instead to dismiss the Tribes' claims against those parties without prejudice. Only Pechanga and Sampson responded to the Tribes' Motion. Both fail to meet the plain mandate of well-established Ninth Circuit case law that under FED. R. CIV. P. 41(a)(2), "courts generally allow dismissal without prejudice unless the defendant will suffer 'some plain legal prejudice as a result of the dismissal.'" *In re Sizzler Restaurants Int'l, Inc.,* 262 B.R. 811, 820 (Bankr. C. D. Cal. 2001) (quoting *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982)). As described below, neither Sampson nor Pechanga will suffer any such legal prejudice if the Tribes' claims against them are dismissed without prejudice.

## II. THE TRIBES' MOTION IS TIMELY.

Sampson first contends that the Tribes' Motion is untimely because it was not filed within 10 days of the entry of the April 29 Order, arguing that the governing rule is FED. R. CIV. P. 59(e) which relates to motions to "alter or amend a judgment," not CIVLR 7.1 which covers motions to reconsider. The Court's April 29 Order, however, is not a judgment because it is not,

"a decree and any order from which an appeal lies."[1]  FED. R. CIV. P. 54(a). FED. R. CIV. P. 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, *any order or other decision, however designated*, that adjudicates fewer than all the claims or the rights and liabilities of *fewer than all the parties* does not end the action as to any of the claims or parties and may be revised *at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*.

(emphasis added).  Since the April 29 Order dismissed the Tribes' claims against fewer than all of the parties, and that order was not expressly labeled as "final" due to "no just reason for delay," the Court may, in accordance with CIVLR 7.1 and FED. R. CIV. P. 54(b), revise its order "at any time" prior to a final judgment adjudicating all of the Tribe's claims against all of the parties.

The April 29 Order granting dismissal of claims against only 13 defendants is not a judgment within the meaning of FED. R. CIV. P. 59(e) since it is not appealable until a final judgment is entered as to all defendants and all claims.[2]  *See Pedrina v. Chun*, 987 F.2d 608, 610 n.4 (9th Cir. 1993) (order dismissing less than all defendants with prejudice was appealable only because it was entered as final under FED. R. CIV. P. 54(b)); *Alley v. Dodge Hotel*, 551 F.2d 442, 444 n.6 (D.C. Cir. 1977) (dismissal was as to less than all defendants "and the steps prescribed by FED. R. CIV. P. 54(b) had not been taken, [so] the order of dismissal was non-appealable"); *Horn v. Berdon, Inc. Defined Benefit Pension Plan*, 938 F.2d 125, 126 n.1 (9th Cir. 1991)

---

[1] Moreover, there is no "separate document" setting forth the judgment as the federal rules require.  FED. R. CIV. P. 58 provides that "[e]very judgment and amended judgment must be set out in a separate document," save for exceptions not applicable here.

[2] Indeed, in the case relied on by Sampson, *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1414 (9th Cir. 1995), the district court dismissed the *entire* case for failure to state a claim upon which relief could be granted.  Accordingly, the motion requesting relief from the dismissal order was treated as a motion under FED. R. CIV. P. 59(e).  *Id.* at 1415.

3

1 (partial summary judgment is ordinarily not appealable).  Because the Tribes' Motion was filed
2 within 30 days of the entry of the April 29 Order, it was timely under Local Rule 7.1 and FED. R.
3 CIV. P. 54(b), the applicable rule.

### III.  THE TRIBES' CLAIMS AGAINST SAMPSON SHOULD BE DISMISSED WITHOUT PREJUDICE.

**A.  SAMPSON DOES NOT MEET THE REQUIREMENTS FOR DISMISSAL WITH PREJUDICE UNDER FED. R. CIV. P. 41(A)(2).**

Sampson's sole effort to show that dismissal with prejudice would be proper under FED. R. CIV. P. 41(a)(2) is his contention that he will be legally prejudiced because in the absence of dismissal with prejudice, the Tribes would be able "to raise the same issues against Defendant in future litigation."  Sampson Response at 5.  His contention that the threat of future litigation constitutes legal prejudice for purposes of FED. R. CIV. P. 41(a)(2) is directly contrary to established Ninth Circuit case law.  *See generally Joint Memorandum of Points and Authorities in Support of the Cahuilla Band of Indians' and Ramona Band of Cahuilla's Joint Motion to Reconsider A Portion of the Court's April 29, 2009 Order* at 12 (May 28, 2009) ("Tribes' Memorandum").  In particular, "continued uncertainty over water rights, created by the specter of future litigation over the proper apportionment of water" does not constitute legal prejudice in the context of dismissal under FED. R. CIV. P. 41(a)(2).  *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996).[3]  As a result, and for all the reasons stated in the Tribes' Memorandum, the Tribes' claims against Sampson should be dismissed without prejudice.

**B.  SAMPSON MISCONSTRUES THE LEGAL EFFECT OF INTERLOCUTORY JUDGMENT 39A.**

Instead of addressing the issues associated with dismissal under FED. R. CIV. P. 41(a)(2), Sampson asks the Court to rule on the merits of his position in the underlying litigation with the Tribes.  He offers no authority -- and there is none -- to support his effort to compel the Court to

---

[3] While Sampson pays lip service to the need to show that he will suffer legal prejudice if the Tribes' claims are dismissed against him without prejudice, he fails completely to discuss the question of the legal prejudice to the Tribes of dismissal with prejudice.  Such a dismissal is plainly legally prejudicial to the Tribes.  *See generally* Tribes' Memorandum at 9-10.

address the underlying merits of his case when the Tribes' moved for voluntary dismissal of their claims under FED. R. CIV. P. 41(a)(2).[4]  Accordingly, virtually all of what he has to say is not relevant to the issues before the Court.

Assuming, for the sake of argument, that an inquiry on the merits into the relationship between Sampson's water rights and those of the Tribes were appropriate in these circumstances, Sampson is wrong that the Tribes' claims against him should be dismissed with prejudice on the basis of law of the case.[5] Sampson argues that the *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 39A, Respecting Lands in Santa Margarita River Watershed, Below Temecula, Gorge and Above the Naval Enclave, Which Do Not Overlie Any Ground Waters Which Feed or Contribute to the Santa Margarita River or its Tributaries* (Nov. 8, 1962) ("Interlocutory Judgment 39A") precludes the Tribes from asserting or raising any water rights claims against him, because that judgment quiets his title to the groundwater beneath his property. Thus, from Sampson's perspective, he never should have been subject to the Tribes' claims.

---

[4] The Court refused to lift its stay of the litigation to permit Sampson to raise these arguments. *Minute Entry* (March 9, 2009) (denying, among other things, Sampson's request to lift the stay to allow the filing of a dispositive motion). Of course, if Sampson prevails here and maintains the dismissal of the Tribes' claims against him with prejudice, as a prevailing party, he would not be entitled to his requested attorney fees. *See Colombrito v. Kelly,* 764 F.2d 122, 134 (2nd Cir. 1985).

[5] In the alternative, Sampson argues the doctrine of collateral estoppel, or issue preclusion, requires dismissal with prejudice. Even if the Court were to address the merits of Sampson's claims, that doctrine would not apply here for the simple reason that Interlocutory Judgment 39A is not being asserted in a "'future lawsuit.'" *United States v. Bhatia,* 545 F.3d 757, 759 (9th Cir. 2008) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). If there is a separate lawsuit in the future involving Sampson and the Tribes, he will be free to assert that doctrine as a defense. There is no need to consider its applicability here, however, because the preclusive effect of Interlocutory Judgment 39A is being asserted in the same lawsuit in which the judgment was originally issued. Under these circumstances, the doctrine of issue preclusion does not apply.

In so arguing, Sampson ignores the outstanding question whether Interlocutory Judgment 39A precludes him from asserting claims against the Tribes, as well as the Court's continuing jurisdiction under the *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Indian Reservations* (Nov. 8, 1962) ("Interlocutory Judgment 41"), to address the precise nature and scope of the Tribes' rights. *See Minute Entry* (Feb. 25, 2008) (Court directs Tribes to serve all parties subject to the Court's jurisdiction). The question of potential recourse by the parties to Interlocutory Judgment 39A against the Tribes was not "decided explicitly or by necessary implication" in Interlocutory Judgment 39A. *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)); *see also United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997). Moreover, Sampson remains a party in this case subject to this Court's jurisdiction and he asserts rights established and decreed by an interlocutory judgment issued by this Court. As such, the Tribes remain vulnerable to potential claims from him. Because Interlocutory Judgment 39A leaves Sampson free to assert future claims against the Tribes, that judgment did not finally and completely resolve the issues between Sampson and the Tribes. Indeed, during the negotiations with the Tribes, Sampson refused to stipulate that he would not assert claims against the Tribes at some future date.

In addition, the question of the relationship between any surface water on Sampson's land and the rights of the Tribes was not addressed by the Court in Interlocutory Judgment 39A. This Court in Interlocutory Judgment No. 39A expressly excluded surface water from the findings and conclusions that the water under Sampson's predecessor's land does not contribute to the Santa River Margarita River System. *See* Interlocutory Judgment 39A, Conclusion of Law VI ("The preceding Findings of Fact and Conclusions of Law do not in any way pertain to surface waters which arise upon, flow across or which are diverted or are impounded upon the lands, to which they have application."). The possibility of a connection between surface water

flowing across Sampson's property and the Tribes' reservations has not been fully investigated, let alone determined.

As a result, Interlocutory Judgment 39A does not operate to protect the Tribes from a future allegation by Sampson that the Tribes' use of water interferes with his water source. Accordingly, the Tribes acted properly in naming Sampson as a defendant in the first instance and only a dismissal without prejudice will preserve the right of the Tribes to assert their senior federal reserved water right in defense of such action.

### IV.   THE PECHANGA BAND OF LUISEÑO INDIANS SHOULD BE DISMISSED WITHOUT PREJUDICE.

The Pechanga Band of Luiseño Indians ("Pechanga") also objects to the Tribes' request that the Court reconsider its dismissal of the Tribes' claims against the Answering Defendants with prejudice. In arguing for dismissal of the Tribes' claims with prejudice, Pechanga seeks to foreclose the assertion of the Tribes' claims against it in the future, even in the event that it seeks to enforce its own rights against the Tribes. Pechanga also wants the opportunity to participate in any litigation that might affect its rights under Interlocutory Judgment 41.

Pechanga's positions are not well-founded. The Court dismissed the Tribes' claims against parties outside of the Anza-Cahuilla Sub-basin ("Sub-basin"); it did not dismiss any party from the litigation. The Tribes' concern in seeking reconsideration is to ensure that they will be able to assert their water rights as a defense to any action brought by a party outside of the Sub-basin to curtail or limit the Tribes' use of water. Pechanga never addresses the standards for dismissal with or without prejudice when a plaintiff voluntarily seeks dismissal of its claims under FED. R. CIV. P. 41(a)(2). Rather Pechanga focuses solely on the question of the Tribes' future assertion of claims against it, carefully ignoring the issues associated with parties outside of the Sub-basin, such as Pechanga, bringing an enforcement action against the Tribes.

At the same time, Pechanga continues to threaten that it will assert a claim against all of the parties subject to the Court's continuing jurisdiction, including the Tribes. Pechanga Response at 2. In these circumstances, where the Tribes' claims against the parties outside the

Sub-basin were dismissed for the convenience of those parties and to facilitate the most efficient determination of the most pressing questions concerning the nature and extent of the Tribes' rights, there is no reason to dismiss Pechanga or any of the Answering Defendants with prejudice. Certainly, Pechanga has not shown that it will suffer legal prejudice in the event that the Tribes' claims are dismissed without prejudice.

Pechanga also wants "to participate in future Court proceedings that address common issues of law with respect to Interlocutory Judgment 41."[6] Pechanga Response at 4. The Tribes do not object to Pechanga offering its views on the meaning and intent of Interlocutory Judgment 41 as it relates to the Tribes' water rights. However, the Tribes do not see the need for Pechanga's participation since nothing in the present proceedings is intended to bind parties outside of the Sub-basin. *Order* at 3 (June 17, 2009). In any event, Pechanga may not seek to address issues related to its water rights in the present proceedings since none of the out-of-Sub-basin parties most affected by those rights is before the Court. Moreover, the determination of any out of Sub-basin issues would negate the effort to limit the present proceedings to the Sub-Basin.

## V. **CONCLUSION.**

In the interest of judicial economy and to simplify the issues and facilitate the expeditious resolution of the Tribes' claims, the Tribes, under the auspices of FED. R. CIV. P. 41(a)(2), moved to dismiss their claims against the Answering Defendants, and gave up for now the right to seek to bind any party outside the Sub-basin. Fairness dictates that the Tribes be allowed to invoke their federal reserved water rights to defend any claims that may be asserted in the future by parties outside that area. For the reasons set forth above and in the Tribes' Memorandum, the

---

[6] Pechanga states that it "does not object to being dismissed <u>with</u> prejudice . . . ." Pechanga Response at 4. It may be that Pechanga meant to say that it did not object to being dismissed without prejudice if it could participate in the litigation over the meaning of Interlocutory Judgment 41. Whether the dismissal of the Tribes' claims against Pechanga was with or without prejudice has no bearing on the question of its participation in the determination of issues regarding Interlocutory Judgment 41.

1  Tribes respectfully request the Court to revise the April 29 Order to dismiss the Tribes' claims
2  without prejudice.
3      Respectfully submitted this 22nd day of June, 2009.

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
169 Saxony Road, Suite 204
Encinitas, California  92024
Tel:  760-942-8505 Fax:  760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER
  & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado  80302
Tel:  303-442-2021, Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com

      */s/ Scott B. McElroy*
By:_____
     Scott B. McElroy

*Attorneys for Plaintiff in Intervention,
  the Cahuilla Band of Indians*

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510-548-7070, Fax: 510-548-7080
cberkey@abwwlaw.com

      */s/ Scott B. McElroy for*
By:_____
    Curtis G. Berkey

*Attorney for Plaintiff in Intervention
  the Ramona Band of Cahuilla*

# PROOF OF SERVICE

I, Scott B. McElroy, declare:

I am a resident of the State of Colorado, over the age of 18 years, and not a party to the within action. My business address is McElroy, Meyer, Walker & Condon, P.C., 1007 Pearl St., Suite 220, Boulder, Colorado. On June 22, 2009, I electronically filed the foregoing *Joint Memorandum of Points and Authorities in Support of the Cahuilla Band of Indians' and Ramona Band of Cahuilla's Joint Motion to Reconsider a Portion of the Court's April 29, 2009 Order* with the Clerk of the Court using the CM/ECF system, which will generate and transmit a notice of electronic filing to the following CM/ECF registrants:

**Elsinore Valley Municipal Water District** matthew.green@bbklaw.com
**M.E.M. Limited Partnership** prosenberg@hnattorneys.com
**MCMX, LLC** sharper@bhsmck.com
**Rancho California Water District** matthew.green@bbklaw.com
**Sander Family Trust** gblank@san.rr.com
**Alice E. Walker** awalker@mmwclaw.com, dvitale@mmwclaw.com
**B. Tilden Kim** tkim@rwglaw.com, gduran@rwglaw.com
**Bill J Kuenzinger** bkuenzinger@bhsmck.com, rjones@bhsmck.com
**Bryan D. Sampson** mfickel@sampsonlaw.net
**Charles W Binder** cwbinder@smrwm.org
**Curtis G Berkey** cberkey@abwwlaw.com, mmorales@abwwlaw.com
**Daniel E. Steuer** dsteuer@mmwclaw.com, dvitale@mmwclaw.com
**Daniel J Goulding** jhester@mccarthyholthus.com
**Donald R Timms** dontimms@san.rr.com
**F Patrick Barry** patrick.barry@usdoj.gov
**Frank Spitzer** george@chakmakislaw.com
**Gary D Leasure** gleasure@garydleasure.com
**George Chakmakis** george@chakmakislaw.com
**Gerald (Jerry) Blank** gblank@san.rr.com, mary@geraldblank.sdcoxmail.com
**Harry Campbell Carpelan** hcarpelan@redwineandsherrill.com
**John A Karaczynski** jkaraczynski@akingump.com, dcolvin@akingump.com, dpongrace@akingump.com, jfukai@akingump.com, jmeggesto@akingump.com, kamorgan@akingump.com, msobolefflevy@akingump.com
**John Christopher Lemmo** jl@procopio.com, laj@procopio.com
**Jonathan M Deer** jdeer@taflaw.net, gsuchniak@taflaw.net, jondeeresq@earthlink.net
**Kevin Patrick Sullivan** ksullivan@pshlawyers.com, kstanis@pshlawyers.com
**M. Catherine Condon** ccondon@mmwclaw.com, dvitale@mmwclaw.com
**Milan L. Brandon** mbrandon@brandon-law.com
**Marco Antonio Gonzalez** marco@coastlawgroup.com, sara@coastlawgroup.com
**Marilyn H Levin** marilyn.levin@doj.ca.gov, MichaelW.Hughes@doj.ca.gov
**Mark L Brandon** mbrandon@brandon-law.com, dslack@brandon-law.com
**Mary L Fickel** mfickel@sampsonlaw.net, bsampson@sampsonlaw.net
**Matthew L Green** matthew.green@bbklaw.com, lisa.grennon@bbklaw.com
**Matthew N Falley** mfalley@ggfirm.com
**Michael Duane** Davis michael.davis@greshamsavage.com, teri.gallagher@greshamsavage.com
**Michele A Staples** mstaples@jdtplaw.com, dtankersley@jdtplaw.com, pgosney@jdtplaw.com
**Patricia Grace Rosenberg** prosenberg@hnattorneys.com
Peter J Mort pmort@akingump.com, jfukai@akingump.com
**Richard Alvin Lewis** Rlewis@RichardLewis.com
**Robert H James** bob@fallbrooklawoffice.com

**Robert K Edmunds** robert.edmunds@bipc.com, jacqueline.forjais@bipc.com
**Robert M Cohen** rcohen@cohenburgelaw.com, vzareba@cohenburgelaw.com, wwendelstein@cohenburgelaw.com
**Scott B. McElroy** smcelroy@mmwclaw.com, dvitale@mmwclaw.com
**Thomas C Stahl** Thomas.Stahl@usdoj.gov, efile.dkt.civ@usdoj.gov
**Timothy P Johnson** tjohnson@johnson-chambers.com, cww@johnson-chambers.com
**William Kenneth Koska** wkoska@koskalaw.com
and to
**Jason Ackerman** Jason.Ackerman@bbklaw.com via personal e-mail

     I further certify that on June 22, 2009, I served the aforementioned document on the following who are not registered with the CM/ECF system, by placing a copy of the document in a sealed envelope with postage thereon fully prepaid, in the United States mail at Boulder, Colorado, addressed as set forth below. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in this affidavit.

Wiederrich Family Trust
13440 St. Andrews Pl.
Poway, CA 92064

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Barbara J Carr Trust
Barbara J. Carr, Trustee
20571 Bexley Road
Jamul, CA 91935-7945

Billy Ward
P O Box 5878
San Diego, CA 92165

Briar McTaggart
1642 Merion Way 40E
Seal Beach, CA 90740

James L. Markman
Richards Watson & Gershon
1 Civic Center Circle
PO Box 1059
Brea, CA 92822-1059

John S Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Marianne E Pajot
40225 Curry St.
Aguanga, CA 92536

Mary E Lee
41085 Lakeshore Blvd.
Aguanga, CA 92536

Michael J Machado
P O Box 391607
Anza, CA 92539

Pamela M Machado
P O Box 391607
Anza, CA 92539

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Thomas C Perkins
7037 Gaskin Place
Riverside, CA 92506

1   I declare under penalty of perjury under the laws of the State of Colorado that the above is true and correct.

2

3   Executed on June 22, 2009.                  */s/ Scott B. McElroy*

4                                                                Scott B. McElroy

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28