1   Robert M. Cohen - #97488
    COHEN & BURGE, LLP
2   699 Hampshire Road, Suite 207
    Thousand Oaks,CA 91361

3
    Phone:        (805) 449-4200
4
    Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION
5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,                    )   CIVIL NO.:  1247-SD-C
                                                 )
11                     Plaintiff,                )   **MEMORANDUM OF POINTS AND**
                                                 )   **AUTHORITIES IN SUPPORT OF**
12  RAMONA BAND OF CAHUILLA, CAHUILLA            )   **MOTION OF SAN DIEGO STATE**
    BAND OF INDIANS,                             )   **UNIVERSITY RESEARCH**
13                                               )   **FOUNDATION FOR AMICUS**
                                                 )   **CURIAE STATUS AND REQUEST**
14                     Plaintiff-Intervenors,    )   **FOR LEAVE TO FILE AN**
                                                 )   **AMICUS CURIAE BRIEF**
15         v.                                    )
                                                 )
16  FALLBROOK PUBLIC UTILITY DISTRICT, et        )   **Hon. Gordon Thompson, Jr.**
    al.,                                         )
17                                               )
                                                 )   **NO ORAL ARGUMENT**
18                     Defendants.               )   **REQUIRED**
                                                 )

19

20

21

22  TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

23         SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION hereby provides its

24  memorandum of points and authorities in support of its motion for amicus curiae status and

25  request for leave to file an amicus curiae brief.

26

27
    _____
                                            1
28  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE**
    **UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE**
    **AN AMICUS CURIAE BRIEF**

# I.

## BACKGROUND

This action was filed by the United States in 1951 to quiet title and enjoin the unlawful interference of the United States' right to the use of water in the Santa Margarita River System in San Diego and Riverside Counties, California.   *United States v. Fallbrook Pub. Util. Distr. No. 1247-SD-C (S.D. Cal. Filed Jan. 25, 1951).*

On November 8, 1962, this Court entered an interlocutory judgment which recognized a federal reserved water right for the CAHUILLA BAND OF INDIANS and RAMONA BAND OF CAHUILLA (hereinafter collectively referred to as "TRIBES") *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 Concerning the Rights to the use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in connection with the Ramona, Cahuilla and Pechanga Reservations, United States v. Fallbrook Pub Util. Dist., No. 1247-SD-C (S.D. Cal. Filed Nov. 8, 1962).*   This Court reserved final quantification of those rights until circumstances required.

On January 22, 2007 this Court granted the TRIBES motion to intervene, and their complaints in intervention were filed on January 23, 2007.  Through this action the TRIBES seek to obtain a judicial decree quantifying their rights to surface and groundwater.

On July 18, 2007 this Court ordered the TRIBES to serve their respective complaints in intervention on "the appropriate defendants", defined as "any defendant that the Bands expect to be bound by the Court's judgment". *Order; United States v. Fallbrook Pub. Util. Dist., No. 1247-SD-C (S.D. Cal .filed July 18, 2007).*

SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION (hereinafter referred to as "FOUNDATION") was served with complaints in intervention by the TRIBES on or about April 17, 2008.  The FOUNDATION is a non-profit, auxiliary organization chartered to further the educational, research, and community service objectives of San Diego State University.  It performs activities including but not limited to, education, management, monitoring, outreach,

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

1   planning, and research at its field stations, including the Santa Margarita Ecological Reserve

2   located in Riverside County, California.   It holds appropriative and/or riparian water rights to

3   water located in the Santa Margarita River System in San Diego and Riverside Counties

4   California.  FOUNDATION filed answers to the complaints in intervention on or about June 17,

5   2008.

6        On April 1, 2009, the TRIBES filed a Motion to Dismiss Claims Against Certain

7   Defendants.  The motion was based on the hydrologic rationale that "there is no impact from

8   groundwater developments inside the Anza Cahuilla Sub-basin on the availability of water

9   outside that area". *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 11-12)*

10  Based on this rationale, the motion contended that dismissal of defendants outside the Anza

11  Cahuilla Sub-Basin did not put those defendants at risk of "adverse effect from the Tribes

12  pumping inside the sub-basin". *(Motion to Dismiss Claims Against Certain Defendants, pg 2,*

13  *lines 18-20)*.  The FOUNDATION opposed this Motion.

14       On April 29, 2009 the Court granted the Motion to Dismiss Claims Against Certain

15  Defendants.  The order specifically stated that "Defendants who oppose their dismissal may file a

16  motion to intervene". *(Order; United States v. Fallbrook Pub. Util. Dist., No. 1247-SD-C (S.D.*

17  *Cal. Filed April 29, 2009)*

18       On May 22, 2009 FOUNDATION filed a Motion to Intervene pursuant to Federal Rules

19  & Civil Procedure 24.  The Motion to Intervene was denied and an order was entered by the Hon.

20  Gordon Thompson Jr. on June 17, 2009.

21                                           **II**

22        **THIS COURT HAS THE AUTHORITY TO GRANT AMICUS STATUS**

23       Courts have inherent authority to appoint an amicus,  even in the absence of a rule or

24  statute. *State Ex Rel Comm. of Transp v. Medicine Bird Black Bear White Eagle 63 S.W. 734*

25  *(Tenn Ct. App. 2001)* There are no strict prerequisites that must be established prior to qualifying

26  for amicus status; an individual must merely make a showing that his participation is useful to or

27

28  ---
    3
    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

1    otherwise desirable to the court.  District Courts frequently welcome amicus briefs from non-

2    parties concerning legal issues that have potential ramifications beyond the parties directly

3    involved or perspective that can help the court beyond the help that the lawyers for the parties are

4    able to provide.  *Infineon Technologies v. Mosaid Technologies 2006 WL 3050849 (N.D. Cal)*

5    the Court

6           Amicus status is typically granted when: (1) the amicus has a special interest in the

7    particular case; (2) that interest is not represented competently or at all in the case; and (3) the

8    proferred information is timely and useful; *U.S. v. Alkaabi, 223 F.Supp.2d.583 (D.N.J. 2002)*

9                                                    **III.**

10   **SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION SHOULD BE**

11                   **GRANTED AMICUS STATUS BY THIS COURT**

12          FOUNDATION fulfills the three elements set forth above from *U.S. v. Alkaabi* and

13   should be granted amicus status herein.

14   1.      **FOUNDATION has an interest in water located in the Santa Margarita River**

15           **System**

16          FOUNDATION has significantly protectable interests and/or rights to water in the Santa

17   Margarita River System.  At the time of their Motion to Dismiss, the TRIBES sought to dismiss

18   Defendants based upon "technical analyses" performed subsequent to the filing of the Complaint

19   *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)* The "technical

20   analyses" consisted of a "hydrologic rationale" set forth in the Declaration of Oliver Page

21   *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 10-11)*.  In essence, Mr. Page

22   contended that groundwater development on tribal lands inside the Anza Cahuilla Sub-Basin

23   would not impact the availability of water outside the Anza Cahulla Sub-Basin *(Motion to*

24   *Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)* Based on this analysis, the TRIBES

25   contended that parties outside the basin would not be bound by any adjudication herein, their

26   water use would not be restricted, and their water rights would not be prejudiced.  *(Motion to*

27   ────────────────────────────────────────
                                    4
28   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE**
     **UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE**
     **AN AMICUS CURIAE BRIEF**

*Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)*

In opposition to the Motion to Dismiss, FOUNDATION provided declarations of David Huntley, PhD and Matt Rahn, PhD which are included in the Court's file and incorporated herein by this reference. Both Dr. Huntley and Dr. Rahn opined that the geology of the subject area is such that  water transmission extends outwards from the Anza Cahuilla Sub-Basin to outlying areas. Discovery in this matter, including hydrogeologic investigations, will determine the extent to which any transmission of water occurs inside the sub-basin.

The FOUNDATION'S protectable interest is a finite resource - water.  If a disposition in this matter results in quantification of the TRIBES water rights, said disposition could result in the diminishment and/or removal of water available to the FOUNDATION.  In other words, if this determination is made in FOUNDATION'S absence, the FOUNDATION will be unable to "unring the bell" concerning any water allocation.  FOUNDATION sought to protect this interest through a motion to intervene and the court denied that motion on the basis that the complaints, as currently constituted, seek allocations of water inside the sub-basin only.  In the order concerning the motion to intervene, this court acknowledged "...it is true that SDSU has significantly protectable interests and rights to water in the Santa Margarita Rivershed...".  *Order on Motion to Intervene, Pg. 2, lines 25-26*  However, the court went on to state that FOUNDATION had not shown "a relationship between those rights and the current litigation" necessary to support intervention. *Order on Motion to Intervene, Pg. 2, line 27.* To summarize, the court acknowledged that FOUNDATION has an interest in water in the watershed, but found that the interest did not rise to a level sufficient to permit intervention as a party.

The Court should appoint FOUNDATION as an amicus and permit it to monitor this matter and the veracity of the claim that no water transmission occurs outside the sub-basin. This will address both the concern of the court in denying intervention and need of FOUNDATION to protect its acknowledged water interest.  If the court denies both intervention and amicus status, FOUNDATION may ultimately be impacted in its ability to carry out its educational,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

1  management, monitoring, outreach, planning and research at its field stations, including the Santa

2  Margarita Ecological Reserve located in Riverside County, California.

3  **2.     FOUNDATION'S water interests are not represented at all in this matter.**

4       As set forth above, the TRIBES seek a quantification of their water rights in this action

5  and the complaints are framed in such a way as to limit the action to in-basin users, despite the

6  fact that potential impacts on out-of-basin owners have not been completely ruled out.   No other

7  party in this matter is seeking consideration and/or protection as to the water rights of out-of-

8  basin owners/users.  FOUNDATION is capable and willing to argue, brief, examine, investigate,

9  monitor, and/or study the impact on out of basin owners with regard to any allocation and/or

10  determination of water rights herein.

11  **3.     FOUNDATION'S technical analysis, upon the filing of its brief, will be both timely**

12  **and useful to the court.**

13       As the Court is aware, a motion to amend the pleadings was recently granted and the new

14  complaints are currently being served.  Based on the foregoing, the case - including discovery -

15  is in its relative infancy.  Therefore,  technical analyses by the parties have not been conducted

16  and/or disseminated; including data about the potential flow of water both inside and outside the

17  sub-basin.  Based on this current lack of information, FOUNDATION is unable to properly

18  evaluate water flow and/or transmission data and prepare a technical brief concerning same.

19       FOUNDATION requests that it be appointed as an amicus to monitor this matter,

20  including review of any technical analyses that will be performed at the locations  herein.  Upon

21  receipt of any technical analyses, FOUNDATION will then evaluate the data and prepare a brief.

22  The brief would necessarily include any data concerning transmission of water outside the sub-

23  basin and/or impacts on out-of- basin owners/users.  This information will, ultimately, be timely

24  (prepared directly in response to any technical documents prepared by the parties herein) and

25  useful to the court (it will permit the court to determine whether the pleadings and issues, as

26  currently framed, are technically accurate).

27

28

## IV.

## CONCLUSION

Based on the foregoing, SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION requests that the court appoint it as an amicus in this matter.  FOUNDATION will then be able to monitor this matter and tender a brief on technical issues that will be both timely and useful to the court.

Dated:   August 10, 2009

COHEN & BURGE, LLP

By /s/
ROBERT M. COHEN
Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**