```
Robert M. Cohen - #97488
COHEN & BURGE, LLP
699 Hampshire Road, Suite 207
Thousand Oaks, CA 91361

Phone:      (805) 449-4200
```

Attorneys for Defendant SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>　　　　Defendants. | CIVIL NO.: 51-1247-GT-RBB<br><br>**DECLARATION OF ROBERT M. COHEN IN SUPPORT OF MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**<br><br>Hon. Gordon Thompson Jr. |

I, Robert M. Cohen, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts in the State of California. I am a partner at Cohen & Burge, LLP, attorneys of record for SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION. This declaration is based upon my own personal knowledge and, if called upon to do so, I could and would competently testify to the information contained herein.

2. This declaration is submitted in support of the Motion of San Diego State University Research Foundation for Amicus Curiae status and Request for Leave to File an Amicus Brief. I declare under penalty of perjury that the foregoing is true and correct.

---

1
DECLARATION OF ROBERT M. COHEN IN SUPPORT OF
MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE
STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF

3. FOUNDATION has significantly protectable interests and/or rights to water in the Santa Margarita River System. At the time of their Motion to Dismiss, the TRIBES sought to dismiss Defendants based upon "technical analyses" performed subsequent to the filing of the Complaint *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)* The "technical analyses" consisted of a "hydrologic rationale" set forth in the Declaration of Oliver Page *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 10-11)*. In essence, Mr. Page contended that groundwater development on tribal lands inside the Anza Cahuilla Sub-Basin would not impact the availability of water outside the Anza Cahulla Sub-Basin *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)* Based on this analysis, the TRIBES contended that parties outside the basin would not be bound by any adjudication herein, their water use would not be restricted, and their water rights would not be prejudiced. *(Motion to Dismiss Claims Against Certain Defendants, pg. 2, lines 1-2)*

4. In opposition to the Motion to Dismiss, FOUNDATION provided declarations of David Huntley, PhD and Matt Rahn, PhD which are included in the Court's file and incorporated herein by this reference. Both Dr. Huntley and Dr. Rahn opined that the geology of the subject area is such that water transmission extends outwards from the Anza Cahuilla Sub-Basin to outlying areas. Discovery in this matter, including hydrogeologic investigations, will determine the extent to which any transmission of water occurs inside the sub-basin.

5. The FOUNDATION'S protectable interest is a finite resource - water. If a disposition in this matter results in quantification of the TRIBES water rights, said disposition could result in the diminishment and/or removal of water available to the FOUNDATION. In other words, if this determination is made in FOUNDATION'S absence, the FOUNDATION will be unable to "unring the bell" concerning any water allocation. FOUNDATION sought to protect this interest through a motion to intervene and the court denied that motion on the basis that the complaints, as currently constituted, seek allocations of water inside the sub basin only. In the order concerning the motion to intervene, this court acknowledged "...it is true that SDSU has

significantly protectable interests and rights to water in the Santa Margarita Rivershed...". *Order on Motion to Intervene, Pg. 2, lines 25-26* However, the court went on to state that FOUNDATION had not shown "a relationship between those rights and the current litigation" necessary to support intervention. *Order on Motion to Intervene, Pg. 2, line 27*. To summarize, the court acknowledged that FOUNDATION has an interest in water in the watershed, but found that the interest did not rise to a level sufficient to permit intervention as a party.

6. The Court should appoint FOUNDATION as an amicus and permit it to monitor this matter and the veracity of the claim that no water transmission occurs outside the sub basin. This will address both the concern of the court in denying intervention and need of FOUNDATION to protect its acknowledged water interest. If the court denies both intervention and amicus status, FOUNDATION may ultimately be impacted in its ability to carry out its educational, management, monitoring, outreach, planning and research at its field stations, including the Santa Margarita Ecological Reserve located in Riverside County, California.

7. As set forth above, the TRIBES seek a quantification of their water rights in this action and the complaints are framed in such a way as to limit the action to in-basin users, despite the fact that potential impacts on out-of-basin owners have not been completely ruled out. No other party in this matter is seeking consideration and/or protection as to the water rights of out-of-basin owners/users. FOUNDATION is capable and willing to argue, brief, examine, investigate, monitor, and/or study the impact on out of basin owners with regard to any allocation and/or determination of water rights herein.

8. As the Court is aware, a motion to amend the pleadings was recently granted and the new complaints are currently being served. Based on the foregoing, the case - including discovery - is in its relative infancy. Therefore, technical analyses by the parties have not been conducted and/or disseminated; including data about the potential flow of water both inside and outside the sub-basin. Based on this current lack of information, FOUNDATION is unable to properly evaluate water flow and/or transmission data and prepare a technical brief concerning same.

9.  FOUNDATION requests that it be appointed as an amicus to monitor this matter, including review of any technical analyses that will be performed at the locations herein. Upon receipt of any technical analyses, FOUNDATION will then evaluate the data and prepare a brief. The brief would necessarily include any data concerning transmission of water outside the sub-basin and/or impacts on out-of- basin owners/users. This information will, ultimately, be timely (prepared directly in response to any technical documents prepared by the parties herein) and useful to the court (it will permit the court to determine whether the pleadings and issues, as currently framed, are technically accurate).

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of August, 2009 in Thousand Oaks, California

/s/
ROBERT M. COHEN

4
DECLARATION OF ROBERT M. COHEN IN SUPPORT OF
MOTION OF SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION FOR AMICUS CURIAE
STATUS AND REQUEST FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF