IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br><br> FALLBROOK PUBLIC <br> UTILITY DISTRICT, et al., <br><br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIV. NO. 3:51-cv-01247 <br><br> (Assigned to Hon. Gordon Thompson) <br><br> **JUDGMENT AND DECREE** |

1.\quad The Court has considered the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Agreement dated ____, 2010 (the "Settlement Agreement"), which permanently resolves the water rights claims of the Pechanga Band of Luiseño Mission Indians ("Pechanga"), its Members, and Allottees, and of the United States acting on behalf of Pechanga, Members and Allottees, to the Santa Margarita River Watershed within the exterior boundaries of the Reservation.  (A copy of the Settlement Agreement is attached as Exhibit 1 to the Stipulation and Request for Entry of Judgment and Decree).

2.\quad Upon publication in the Federal Register by the United States Secretary of the Interior of a notice of completion of all actions necessary to make the settlement effective, as required by section ____ of the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Act, P.L. ___--___ (the "Act"), this Judgment and Decree shall become enforceable.

3.\quad The Court recognizes Pechanga's Tribal Water Right of four thousand nine hundred ninety-four (4,994) acre-feet per year ("AFY") of water in the Santa Margarita River Watershed that is subject to this Court's jurisdiction.

NOW THEREFORE, it is hereby adjudged and decreed as follows:

4.\quad The capitalized terms used in this Judgment and Decree shall be as defined in the Settlement Agreement.

5. The Settlement Agreement, including all of the Exhibits thereto, is hereby approved, to the extent of this Court's jurisdiction.

6. The Tribal Water Right described in Section 8 of this Judgment and Decree shall be held in trust by the United States on behalf of Pechanga and its Allottees as provided in section ___ of the Act.

7. The entitlement to water of Allottees held in trust by the United States on their behalf shall be as specified in section ___ of the Act.

8. Subject to the terms of Paragraph ___ of the Settlement Agreement, Pechanga and the United States on behalf of Pechanga and Allottees, collectively, shall have the right to four thousand nine hundred ninety-four (4,994) AFY. Such Tribal Water Right may be used for any purpose on the Pechanga Reservation.

9. Nothing in this Judgment and Decree or the Act has the effect of recognizing or establishing any right of a Member or Allottee to water on the Pechanga Reservation. Any entitlement to water for use on lands within the exterior boundaries of the Reservation shall be satisfied out of the water resources described in Section 8 of this Judgment and Decree.

10. In exchange for the benefits realized under the Settlement Agreement and as authorized by the Act, the parties have executed waivers and releases of claims, as set forth in section ___ of the Settlement Agreement and section of the Act. These waivers and releases of claims are by this reference incorporated herein. For purposes of this Section 10, Pechanga and the United States shall be acting in the capacities as specifically set forth in each of the waivers referenced therein.

11. The benefits realized by Pechanga, Members and Allottees under the Settlement Agreement and the Act shall be in complete replacement of and substitution for, and full

satisfaction of, all claims of waived pursuant to the Settlement Agreement and the Act, except as set forth in the Settlement Agreement.

12. The water rights and resources and other benefits provided by the Act are a complete substitution of any rights that may have been held by, or any claims that may have been asserted by the Allottees before the date of enactment of the Act for land within the exterior boundaries of the Pechanga Reservation.

13. The claims of Pechanga, Members, Allottees, and the United States on behalf of Pechanga, Members and Allottees, to water from the Santa Margarita River Watershed are fully, finally and permanently adjudicated by this Judgment and Decree.

14. Nothing in this Judgment and Decree or the Settlement Agreement shall be construed to quantify or otherwise affect the water rights or entitlements to water of any Indian tribe, band or community, or the United States on their behalf, other than Pechanga and the United States acting on behalf of Pechanga, its Members and Allottees.

15. Nothing in the Settlement Agreement shall affect the right of any party, other than Pechanga and the United States on behalf of Pechanga, Members and Allottees, to assert any priority date or quantity of water for water rights claims by such party in the Fallbrook Adjudication or other court of competent jurisdiction.

16. This Court retains jurisdiction over this matter for enforcement of this Judgment and Decree and the Settlement Agreement, including the entry of injunctions, restraining orders or other remedies under law or equity.

DATED this ___ day of ____, 2009.

_____
Judge Gordon Thompson, Jr.