Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP, L.L.P.
1140 S. Coast Hwy 101
Encinitas, California 92024
Tel: 760-942-8505, Fax: 760-942-8515
marco@coastlawgroup.com

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021, Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com
*Attorneys for Plaintiff in Intervention,
  Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
Scott W. Williams (SBN 097966)
ALEXANDER, BERKEY, WILLIAMS
  & WEATHERS, L.L.P.
2030 Addison Street, Suite 410, Berkeley, CA 94704
Tel: 510-548-7070, Fax: 510-548-7080
cberkey@abwwlaw.com, swiliams@abwwlaw.com
*Attorneys for Plaintiff in Intervention,
  the Ramona Band of Cahuilla*

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br>federally recognized Indian tribes,<br><br>   Plaintiffs in Intervention,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation<br>of the State of California, et al.,<br><br>   Defendants.<br>_____ | Case No. 51-cv-1247-GT-RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE JOINT MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS**<br><br>Hearing Date:<br>Time:<br>Courtroom:   8<br><br>Hon. Gordon Thompson, Jr.<br><br>ORAL ARGUMENT NOT REQUIRED |

Memorandum        1        Case No. 51-cv-1247-GT-RBB

Pursuant to FED. R. CIV. P. 4(m), FED. R. CIV. P. 6(b), and CivLR 4.1(a), Plaintiff-Intervenors Cahuilla Band of Indians and Ramona Band of Cahuilla (collectively "Tribes") respectfully move this Court for a 120-day extension of time to serve process; i.e. April 16, 2010.

## I. **BACKGROUND**

On September 18, 2009, the Tribes each filed a Second Amended Complaint in Intervention. *See Cahuilla Band of Indians' Second Amended Complaint in Intervention* (Sept. 18, 2009); *Ramona Band of Cahuilla's Second Amended Complaint in Intervention* (Sept. 18, 2009) (collectively "Second Amended Complaints"). Pursuant to FED. R. CIV. P. 4(m) and CivLR 4.1(a), the Tribes are required to effect service of process by January 16, 2010, which is 120 days from the filing date.

The Tribes estimate that 2,108 individuals and entities who own land within the Anza-Cahuilla Sub-Basin ("Sub-Basin") are subject to the Second Amended Complaints. On or before September 24, 2009, the Tribes, pursuant to FED. R. CIV. P. 4(d), sent by first-class mail a Notice of Lawsuit and Request for Waiver of Service of Summons and Second Amended Complaints ("Waiver Packet") to all but a small number of these persons and entities. The deadline to respond to the requests for waiver was November 9, 2009. On October 21, 2009, the Tribes mailed a Waiver Packet to the remaining individuals and entities. The deadline to respond to these later requests was December 7, 2009. In addition, the Tribes personally served seven landowners, including the State of California and the County of Riverside. Last, as required by FED. R. CIV. P. 5(a)(1)(B), the Tribes sent copies of the Second Amended Complaints to those persons and entities that agreed to waive service of the Tribes' First Amended Complaints in Intervention, which totaled approximately 250.

To date, the Tribes have received waivers from approximately 570 individuals and entities, constituting a little over a quarter of the defendants to this action. With respect to those defendants who have not returned a waiver, the Tribes are preparing to personally serve them. Based on conversations with attorneys for the firm representing many of the

defendants, the Tribes reasonably expect that several hundred of the individuals and entities who have not yet returned a waiver will do so in the next six to eight weeks. It would save time and costs for both the Tribes and any parties who intend to return the waivers if the Tribes delayed personal service in anticipation of the return of additional waivers in the next two months. Accordingly, Tribes request an extension of time to serve process.

## II. ARGUMENT IN SUPPORT OF MOTION

District courts are authorized to extend the time for service of process upon a showing of "good cause." FED. R. CIV. P. 4(m); FED. R. CIV. P. 6(b)(1); CivLR 4.1(a). Indeed, the federal rules *require* the courts to grant an extension upon a showing of good cause and *permit* courts to do so even absent such a showing. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003)). In other words, as the United States Supreme Court stated, "the 120-day provision [for serving process] operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996).

The federal rules do not define "good cause," but the Ninth Circuit generally requires plaintiffs to meet three elements before granting an extension under this standard: (1) the party to be served received actual notice of the lawsuit; (2) the defendant will suffer no prejudice; and (3) the plaintiff will be severely prejudiced if the complaint is dismissed. *Boudette v. Barnett*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). The Tribes meet all three of these elements.

First, as explained above, all of the landowners subject to the Second Amended Complaints who had not previously waived service were mailed a Waiver Packet, which included a Notice of Lawsuit. Thus, except for the 72 Waiver Packets which the United States Post Office was unable to deliver, every defendant received actual notice of this litigation. The Tribes are currently attempting to find the correct address for those defendants in which the Waiver Packets were returned.

Second, no defendant will suffer prejudice if the requested extension is granted. The Tribes filed their Second Amended Complaints seeking a quantification of their water rights as against other landowners within the Sub-Basin, a matter that has remained pending and unresolved for decades. Thus, an additional 120 days for serving process would, under any reasonable standard, not be prejudicial to the defendants. In addition, this litigation is currently stayed until April 28, 2010 in order to facilitate settlement negotiations. *Order* at 1 (Nov. 6, 2009). Any extension the Court decides to grant will therefore conveniently overlap with much of the remaining stay and assist all parties in the settlement process. Moreover, those defendants still intending to waive service will likely appreciate the additional time to do so and thereby avoid the expenses, including attorney's fees, they might otherwise incur if the Tribes are forced to formally serve them. *See* FED. R. CIV. P. 4(d)(2).

Third, the Tribes will obviously be severely prejudiced if their Second Amended Complaints are dismissed. This litigation involves the Tribes' federally reserved water rights, which were previously recognized by this Court but not quantified. *See Findings of Fact, Conclusions of Law, and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Reservations* (Nov. 8, 1962). If the Second Amended Complaints are dismissed, however, the Tribes will continue to be harmed by the defendants' ongoing use of surface water and groundwater within the Sub-Basin.

### III. CONCLUSION

In sum, the Tribes have shown good cause for an extension of time to serve process. For all of the foregoing reasons, the Tribes respectfully request an extension of 120 days to serve process on the defendants.

| | | |
|---|---|---|
| 1 | Date: January 13, 2010 | Respectfully submitted |
| 2 | | Marco A. Gonzalez (SBN 190832) |
| | | COAST LAW GROUP, L.L.P. |
| 3 | | 1140 S. Coast Hwy 101 |
| | | Encinitas, California 92024 |
| 4 | | Tel: 760-942-8505, Fax: 760-942-8515 |
| | | marco@coastlawgroup.com |
| 5 | | |
| | | Scott B. McElroy (Pro Hac Vice) |
| 6 | | M. Catherine Condon (Pro Hac Vice) |
| | | McELROY, MEYER, WALKER & |
| 7 | | CONDON, P.C. |
| | | 1007 Pearl Street, Suite 220 |
| 8 | | Boulder, Colorado 80302 |
| | | Tel: 303-442-2021, Fax: 303-444-3490 |
| 9 | | sbmcelroy@mmwclaw.com |
| | | ccondon@mmwclaw.com |
| 10 | | *Attorneys for Plaintiff in Intervention,* |
| | | *Cahuilla Band of Indians* |
| 11 | | |
| 12 | | Curtis G. Berkey (SBN 195485) |
| | | Scott W. Williams (SBN 097966) |
| 13 | | ALEXANDER, BERKEY, WILLIAMS |
| | | & WEATHERS, L.L.P. |
| 14 | | 2030 Addison Street, Suite 410, Berkeley, CA 94704 |
| 15 | | Tel: 510-548-7070, Fax: 510-548-7080 |
| | | cberkey@abwwlaw.com, |
| 16 | | swiliams@abwwlaw.com |
| | | *Attorneys for Plaintiff in Intervention,* |
| 17 | | *the Ramona Band of Cahuilla* |
| 18 | | */s/ M. Catherine Condon* |
| | | By:_____ |
| 19 | | M. Catherine Condon |