1  Curtis G. Berkey (CA State Bar No. 195485)
   Scott W. Williams (CA State Bar No. 097966)
2  ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
   2030 Addison Street, Suite 410, Berkeley, CA 94704
3  Tel: 510/548-7070, Fax: 510/548-7080
   E-mail: cberkey@abwwlaw.com
4  E-mail: swilliams@abwwlaw.com
   *Attorneys for Plaintiff-Intervenor*
5  *Ramona Band of Cahuilla*

6  Marco A. Gonzalez (CA State Bar No. 190832)
   COAST LAW GROUP LLP
7  1140 S. Coast Hwy. 101
   Encinitas, CA 92024
8  Tel: 760/942-8505, Fax: 760/942-8515
   Email: marco@coastlawgroup.com
9
   Scott B. McElroy (Pro Hac Vice)
10 M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
11 1007 Pearl Street, Suite 220, Boulder, CO 80302
   Tel: 303/442-2021, Fax: 303/444-3490
12 E-mail: sbmcelroy@mmwclaw.com
   E-mail: ccondon@mmwclaw.com
13 *Attorneys for Plaintiff-Intervenor*
   *Cahuilla Band of Indians*

14

UNITED STATES DISTRICT COURT

15

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  UNITED STATES OF AMERICA, | ) CIVIL NO.: 51-CV-1247-GT-RBB |
| 18                      Plaintiff, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| 19  RAMONA BAND OF CAHUILLA, CAHUILLA | ) **JOINT MOTION FOR ORDER** |
|     BAND OF INDIANS, et al., | ) **REGARDING SERVICE OF** |
| 20 | ) **PLEADINGS AND OTHER PAPERS** |
|                 Plaintiff-Intervenors, | ) |
| 21 | ) |
|     v. | ) |
| 22 | ) Hon. Gordon Thompson, Jr. |
|     FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) |
| 23 | ) Date:   No hearing date set |
|                      Defendants. | ) Time: |
| 24 | ) Courtroom: 8 |

25

26

27

28

Case No.: 51-cv-1247-GT-RBB

## INTRODUCTION

Plaintiff-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians ("the Tribes") hereby move this court for an order authorizing the parties to serve pleadings and other papers related to the Tribes' claims by posting them on a website created for this purpose and by posting notice of the filing in local newspapers.  In a case with hundreds of parties, this method of service is an efficient and effective way to satisfy the requirements of Fed. R. Civ. Pro. 5.  It is less expensive than the mail service that would otherwise be required for the hundreds of parties who are not represented by counsel and who have not registered with the Court for electronic service.  Such an order would be an appropriate exercise of the Court's inherent authority to control proceedings before it.  *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1961).

## ARGUMENT

Rule 5 of the Federal Rules of Civil Procedure requires that specified documents be served on every party to the action by personal delivery, mail, electronic service or other means.  Fed. R. Civ. Pro. 5(b).  The Rule requires service in order to provide actual notice to all parties, with some exceptions.  *See Sinett Inc. v. Blairex Laboratories, Inc.*, 909 F.2d 253 (7th Cir. 1990)(delivery to an office after hours when no one is present does not comply with the rule, and is insufficient); *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008 (9th Cir. 2003)(mail that is improperly addressed is not in compliance with the rule, and is insufficient).  In cases involving extraordinarily large numbers of defendants, Rule 5 authorizes the Court to adopt special procedures calculated to enhance efficiency and reduce costs.  Rule 5(c).

The Tribes estimate that 2,108 individuals and entities own land within the Anza-Cahuilla Sub-Basin overlying or adjacent to water that is subject to this Court's jurisdiction.  Those landowners are, therefore, subject to the Tribes' Second Amended Complaints.  Approximately 570 individuals and entities, which constitute about one-quarter of the defendants in this action, have signed and returned waivers of service pursuant to Fed. R. Civ. Pro. 4(d).  The number of served defendants will continue to grow as the Tribes effect personal service on the remaining 1,538 parties and entities who have not signed waivers of service.  As settlement efforts progress, service of papers on all parties will be required with respect to further status reports (due February 23 and April 27,

2010), status of the stay of this action (which expires April 28, 2010), and notices regarding proposed settlements.  The high costs and inefficiencies of mail, personal delivery, or even electronic service of notice of these matters on hundreds and eventually thousands of parties will be borne by all parties.

     The Tribes propose an alternative means of providing notice to parties:  filing of a paper with the Court by any means will require the filing party both to post the paper on a website created by the Tribes for this purpose, and to publish a notice of the filing with two Anza Basin newspapers. The papers are the *Anza Valley Outlook*, which is published weekly, and the *High Country Journal,* which is published on the 1st and 15th days of each month. (The *High Country Journal* is also available at 12 locations in the Anza area.)  The specific provisions the Tribes propose are included in the proposed Order attached to this Motion.  Courts are empowered to adopt special measures to reconcile the requirements of Rule 5 with the demands of an "extremely unusual case."  *See generally, In re Rights to the Use of the Gila River,* 171 Ariz. 230, 243, 830 P.2d 442, 455 (Ariz. 1992) (discussing rationale for pretrial order containing service procedures that do not require service of every paper on each of thousands of water rights claimants).  In light of the large number of defendants, this is an unusual case which justifies special service procedures.

     The Tribes' proposed method of providing notice of case developments is well within this Court's inherent authority. "The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc*., 57 F.3d 1406, 1417 (5th Cir. 1995)(internal quotation reference omitted).  There exists "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). These inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp*, 982 F.2d 363, 368 (9th Cir. 1992). The Tribes propose that this Court may achieve efficiency and economy for itself and for the parties, by requiring the simple, effective procedures for actual notice of filings set forth in the attached proposed Order.

## CONCLUSION

For the reasons set forth herein, the Tribes move that the Court issue the attached proposed Order providing that notice of the filing of papers be achieved by use of a case-specific website coupled with publication in two Anza Basin newspapers. The Tribes suggest that such notice will be cost-efficient for the Court and all parties, and equally as effective as the methods of notice set forth in Rule 5. Counsel for the Tribes have discussed this motion with counsel for the largest group of Defendants, and we are authorized to state that he does not object to the motion.

Date: January 14, 2010

Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP

By: /s/Curtis G. Berkey
    Curtis G. Berkey
    Scott W. Williams
    2030 Addison Street, Suite 410
    Berkeley, California 94704
    Tel: 510/548-7070
    Fax: 510/548-7080
    E-mail: cberkey@abwwlaw.com
    E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor,*
*Ramona Band of Cahuilla*

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
11140 S. Coast Hwy. 101
Encinitas, California  92024
Tel:  760/942-8505
Fax: 760/942-8515
Email: marco@coastlawgroup.com

McELROY, MEYER, WALKER & CONDON, P.C.

By: /s/Scott B. McElroy
    Scott B. McElroy (Pro Hac Vice)
    M. Catherine Condon (Pro Hac Vice)
    1007 Pearl Street, Suite 220
    Boulder, Colorado
    Tel: 303/442-2021
    Fax: 303/444-3490
    E-mail: sbmcelroy@mmwclaw.com
    E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervenor,*
*Cahuilla Band of Indians*