Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
1140 S. Coast Hwy 101
Encinitas, California  92024
Tel:  760-942-8505
Fax:  760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado  80302
Tel:  303-442-2021
Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com

*Attorneys for Plaintiff in Intervention,*
*the Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510-548-7070
Fax: 510-548-7080
cberkey@abwwlaw.com

*Attorneys for Plaintiff in Intervention,*
*Ramona Band of Cahuilla*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br> a federally recognized Indian tribe,<br>RAMONA BAND OF CAHUILLA,<br><br>    Plaintiffs in Intervention,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation<br>of the State of California, et al.,<br><br>    Defendants. | CASE NO. 51-cv-1247-RBB-GT<br><br>**STATUS REPORT SUBMITTED BY CAHUILLA BAND OF INDIANS AND THE RAMONA BAND OF CAHUILLA**<br><br>Hearing Date: No hearing date set<br>Time:<br>Courtroom:   8<br><br>Hon. Gordon Thompson, Jr. |

Pursuant to the Court's *Order* (Nov. 6, 2009), the Cahuilla Band of Indians and the Ramona Band of Cahuilla ("Tribes") submit this status report summarizing developments in the litigation and the settlement discussions with regard to their water rights claims.  Since the filing of the December 1, 2009 Status Report by the Tribes, the following progress has been made:

## I. SERVICE

A.   **Waivers.**  The Tribes estimate that the total number of individuals and entities subject to the Tribes' Second Amended Complaints total approximately 2,110.  To date, the Tribes have received waivers from approximately 570 individuals and entities, constituting a little over a quarter of the defendants to this action.  Since the deadlines for returning the waiver requests have passed, the Tribes are now working out the process for personally serving all of the individuals who refuse to sign the waiver requests.  Based on conversations with attorneys for the firm representing many of the defendants, the Tribes reasonably expect that several hundred of the individuals and entities who have not yet returned a waiver will do so in the next week or so.

B.   **Reimbursement of Costs for Personal Service.**  Once the Tribes have received these waivers, they intend to begin personally serving those defendants who have not signed a waiver.  The Tribes intend to seek reimbursement of costs from those defendants who they personally serve who have no valid reason for refusing to return the requested waivers.  The rule allowing plaintiffs to recover costs from defendants who refuse to waive service of process states:

> (2)   *Failure to Waive.*  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant:
>
> (A)   the expenses later incurred in making service; and
>
> (B)   the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

FED. R. CIV. P. 4(d)(2) (emphasis added).

Rule 4(d)(2) "operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed." FED. R. CIV. P. 4 Advisory Committee note on 1993 amendments ("Advisory Committee Notes"). Indeed, defendants have a firm "duty to avoid unnecessary expenses of serving the summons," FED. R. CIV. P. 4(d)(1); *accord Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005), so even though those who fail to waive service "shall be given an opportunity to show good cause for the failure, [a finding of] sufficient cause should be rare." Advisory Committee Notes. The Advisory Committee makes clear that "[i]t is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Id.* Further, it provides only two examples for which "sufficient cause" may be found: (1) if a defendant did not even receive the request; or (2) if a defendant is not literate enough in English to understand the request. *Id.*

C.    **Referral to Magistrate Judge Brooks.** The Tribes anticipate requesting referral of their request for reimbursement of costs from the defendants to Magistrate Judge Brooks. "Pursuant to 28 U.S.C. § 636(b)(1)(A) a magistrate judge will hear and determine any pretrial motions, including discovery motions, other than the dispositive motions which are specified in 28 U.S.C. § 636(b)(1)(A)." CivLR 72.1(b). Since this is not a dispositive motion, Magistrate Judge Brooks would be able to hear and determine any pretrial motion to collect service of process expenses under Rule 4(d)(2).

D.    **Extension of Deadline to May 14, 2010 to Complete Personal Service.** The Tribes previously requested an extension of 120 days to complete service of process on the remaining defendants. *Notice of Joint Motion and Joint Motion for Extension of Time to Serve Process* ("Service Motion"). The Court granted the Service Motion. *Order* (Jan 14, 2010). Although the Service Motion and the Order indicate that the due date for completion of service is April 16, 2010, that date is incorrect. Rather, calculating a 120-day period from January 14, 2010, results in a deadline for completion of service of May 14, 2010. It is the Tribes' present intent to complete personal service by that date.

## II.  SETTLEMENT MEETINGS

A meeting was held on December 29, 2009 with the attorneys representing certain individuals and entities residing inside the boundaries of the Anza-Cahuilla Sub-Basin.  The United States participated in the meeting by telephone.  The purpose of the meeting was to discuss a proposed framework for settlement.  The settlement parties referred various questions to a technical committee with representatives from most of the parties attending the meeting. The settlement parties participated in a conference call on February 18, 2010, to identify more clearly the issues for the technical committee's consideration.  Another settlement meeting is scheduled for April 1, 2010.

## III.  CASE MANAGEMENT ORDER

On January 14, 2010, the Tribes filed with the Court a *Notice of Joint Motion and Joint Motion for Order Regarding Service of Pleadings and Other Papers*, together with a proposed *Order Regarding Service of Pleadings and Other Papers* ("Order").  The purpose of the order is address the difficult issue of service of pleadings and other papers on those parties who the Tribes have successfully joined as parties in the case.  Since most of the parties to the case have not supplied an e-mail address or otherwise provided for e-filing, whenever a party files a pleading with the Court, that party must mail each of the other parties a copy of the pleading.  If the Court approves the proposed Order, a web site will be established in order that various pleadings and other papers may be posted to the web site and thus be made publicly available.

## VI.  E-FILING DOCUMENTS

Beginning when the Tribes filed their Service Motion on January 13, 2010, the CM/ECF system has been extremely slow.  For example, on February 11, the Ramona Band attempted to file four Proofs of Service beginning at 2:30 p.m. and finally completed filing the documents at 5:18 p.m.  The Cahuilla Band attempted to file six Proofs of Service beginning at 1:30 p.m. and was able to file one document by 4:13 p.m.  Although the Cahuilla Band spent an additional two hours attempting to file the remaining Proofs of Service, it was unable to do so.  Thus, the Band sought and received the assistance of Joseph Diaz, the CM/ECF Coordinator, who filed the

documents the next morning.  Again on February 17, the Cahuilla Band attempted to file an additional Proof of Service.  After numerous attempts were made over a 90-minute period, the Band once again requested the assistance of Mr. Diaz.  The Tribes believe that the inability to e-file documents is related to the number of pro se parties joined in the case and the system's inability to account for the number of parties who are not registered for e-filing.  The Tribes are prepared to take reasonable steps to address this issue as soon as possible.

Respectfully submitted this 22nd  day of February, 2010.

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
1140 S. Coast Hwy 101
Encinitas, California  92024
Tel:  760-942-8505 Fax:  760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER
 & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado  80302
Tel:  303-442-2021 Fax: 303-444-3490

*/s/ Scott B. McElroy*
By:_____
Scott B. McElroy
*Attorneys for Plaintiff in Intervention,*
 *the Cahuilla Band of Indians*

Curtis G. Berkey
ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510-548-7070

*Curtis G. Berkey*
By:_____
Curtis G. Berkey
*Attorneys for Plaintiff in Intervention,*
 *Ramona Band of Cahuilla*