1  Curtis G. Berkey (CA State Bar No. 195485)
   Scott W. Williams (CA State Bar No. 097966)
2  ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
   2030 Addison Street, Suite 410
3  Berkeley, CA 94704
   Tel: 510/548-7070
4  Fax: 510/548-7080
   E-mail: cberkey@abwwlaw.com
5  E-mail: swilliams@abwwlaw.com
   *Attorneys for Plaintiff-Intervenor*
6  *Ramona Band of Cahuilla*

7  Marco A. Gonzalez (CA State Bar No. 190832)
   COAST LAW GROUP LLP
8  1140 S. Coast Hwy 101
   Encinitas, CA 92024
9  Tel: 760/942-8505
   Fax: 760/942-8515
10
   Scott B. McElroy (Pro Hac Vice)
11 M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
12 1007 Pearl Street, Suite 220
   Boulder, CO 80302
13 Tel: 303/442-2021
   Fax: 303/444-3490
14 E-mail: sbmcelroy@mmwclaw.com
   E-mail: ccondon@mmwclaw.com
15 *Attorneys for Plaintiff-Intervenor*
   *Cahuilla Band of Indians*

16

UNITED STATES DISTRICT COURT

17

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  UNITED STATES OF AMERICA, | ) CIVIL NO.: 51-CV-1247-GT-RBB |
| 20                  Plaintiff, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| 21  RAMONA BAND OF CAHUILLA, CAHUILLA | ) **JOINT MOTION FOR** |
|     BAND OF INDIANS, et al., | ) **REIMBURSEMENT OF COSTS** |
| 22 | ) **AND ATTORNEYS FEES** |
|                  Plaintiff-Intervenors, | ) |
| 23 | ) |
| 24  v. | ) **Date:   No hearing date set** |
| | ) **Time:** |
|     FALLBROOK PUBLIC UTILITY DISTRICT, et al., | ) **Courtroom: 8** |
| 25 | ) |
|                  Defendants. | ) Hon. Gordon Thompson, Jr. |
| 26 | ) |
| 27 | ) |
| 28 | |

Case No.: 51-cv-1247-GT-RBB

Pursuant to Rule 4(d)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff-Intervenor Ramona Band of Cahuilla and Plaintiff-Intervenor Cahuilla Band of Indians (collectively "Tribes") move the Court for an order requiring the 18 Defendants who failed to waive service to reimburse the Tribes for the cost of personally serving them.  Pursuant to Rule 4(d)(2)(B), the Tribes also request the reasonable attorneys fees associated with their motion to collect the costs of service.  This memorandum supports the Tribes' motion and, as explained below, an award of such costs and attorneys fees is mandatory under the provisions of Rule 4(d)(2) if a defendant fails, absent good cause, to waive service.

## I. BACKGROUND.

On September 24, 2009, and in compliance with Rule 4(d)(1)(C), the Tribes sent certain Defendants a copy of the *Cahuilla Band of Indians' Second Amended Complaint in Intervention* and the *Ramona Band of Cahuilla's Second Amended Complaint in Intervention* (collectively "Second Amended Complaints"), a *Notice of Lawsuit and Request for Waiver of Service of Summons* ("Notice"), two copies of the *Waiver of Service of Summons* ("Waiver"), and a prepaid means for returning the Waiver (collectively "Waiver Packet").  *Declaration of Catherine Condon* ¶ 3, attached hereto as Exhibit A.  As required by Rule 4(d)(1)(G), the Waiver Packets were sent by first-class mail. Exhibit A ¶ 4.  Each Defendant was given forty-five days to sign and return the Waiver, in excess of the thirty-day requirement imposed by Rule 4(d)(1)(F).  Exhibit A ¶ 9.  In compliance with Rule 4(d)(1)(D), the Notice clearly informed the Defendants that a failure to sign and return the Waiver by November 9, 2009 could result in the assessment of service-related expenses against them.  Exhibit A ¶ 10.  The Tribes complied with Rule 4(d)(1) in all other respects as well.  Exhibit A ¶¶ 3-11.  Still, the following 18 Defendants failed to sign and return a Waiver:

1) Juan Chavez
2) Clara Follis
3) Ernest Follis
4) Ben Frascona
5) Sandra Frascona
6) Ruth Gallentine
7) William Gallentine
8) Melvin Hales
9) Leighton Mills
10) Valerie Mills
11) Sherrie Rondeau

1  12) June Theodore
   13) Lee Theodore
2  14) Patrick Truxillo
   15) Carolyn Tsushima
3  16) Jack Tsushima
   17) Chiquita Young
4  18) Clarence Young

*Id.* ¶ 12.

Faced with these Defendants' failure to waive service, and after waiting more than four additional months to take formal action, the Tribes had no choice but to engage a private process server to deliver the complaints and summons to them pursuant to Rule 4(e). Each Defendant was personally served between April 3, 2010 and April 5, 2010. Exhibit A ¶ 15.

## II. ARGUMENT.

Rule 4(d)(1) imposes a duty upon the Defendants to limit the costs of serving process. In turn, Rule 4(d)(2) requires the Court to assess against defendants who fail, absent good cause, to waive service, the reasonable costs of making service and the attorneys fees associated with any related motion. Accordingly, the Court should assess such costs and attorneys fees on the 18 above-named Defendants who failed to waive service without good cause.

"An individual . . . subject to service under Rule 4(e) . . . has a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1); *accord Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (rule "imposes a *duty* to avoid unnecessary costs of service"); *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601, 602 (N.D. Cal. 2005). Indeed, in accordance with Form 6 of the Federal Rules of Civil Procedure, this firm duty is restated on the Waiver itself. Waiver at 2; *see Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999). If a defendant shirks his or her duty by failing, "without good cause," to waive service, the Court "must impose" upon that defendant the costs of subsequently effecting service and the attorneys fees related to any motion needed to collect those costs. FED. R. CIV. P. 4(d)(2). Put differently, "[t]he rule operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed." FED. R. CIV. P. 4 Advisory Committee Notes to 1993 Amendments ("1993 Advisory Committee Notes"); *accord Davilla*, 230 F.R.D. at 603 (plaintiff "entitled" to such costs and attorneys fees); *Stapo*, 190 F.R.D. at

126 ("primary purpose of Rule 4(d) is to shift the unnecessary costs of formal service from the plaintiff to the defendant"). In addition, "Rule 4(d)(2) is a free-standing cost provision," such that a plaintiff must recover its service-related costs "regardless of which party eventually prevails on the merits." *Estate of Darulis*, 401 F.3d at 1063. Contrary to their express duty, however, none of the Defendants named herein signed and returned the Waiver. Exhibit A ¶ 12. Thus, unless the Defendants can show "good cause" for their failure to waive service, the Court "must impose" upon them the costs of formal service and the attorneys fees associated with this motion. FED. R. CIV. P. 4(d)(2).

"A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare." 1993 Advisory Committee Notes. Good cause is not shown, for example, by asserting "that the claim is unjust or that the court lacks jurisdiction." *Id.*; *accord Double "S" Truck Line, Inc. v. Frozen Food Express,* 171 F.R.D. 251, 253 (D. Minn. 1997) (citing 1993 Advisory Committee Notes). Good cause is also not shown by pointing to a small "technical error" in any part of the Waiver Packet that "neither undermined the purposes of Rule 4(d) nor prejudiced [the Defendants]." *Stapo*, 190 F.R.D. at 125-26. Moreover, the Advisory Committee identifies only two instances where "good cause" would be shown: (1) when a defendant does not even receive the request; or 2) when a defendant is not sufficiently literate in the English language to understand the waiver request. 1993 Advisory Committee Notes. Indeed, a finding of sufficient cause in circumstances other than these "might frustrate too easily the purpose of the Rule and unnecessarily drive up the costs of litigation." *Butler v. Crosby,* 2005 WL 3970740, at *2 (M.D. Fla. 2006). Here, there is no evidence that the non-waiving Defendants did not receive a Waiver Packet, nor that any of them do not understand English. Exhibit A ¶¶ 13-14. As a result, none of these Defendants had good cause for failing to comply with the Tribes' request to waive service.

The Tribes are entitled to recover the costs of personal service and the reasonable attorneys fees associated with this motion. FED. R. CIV. P. 4(d)(2)(A). Thus, each Defendant must bear the cost of the process server's fee, as set forth in the attached schedule as Exhibit B. In addition, the Tribes are entitled to recover photocopying costs related to this motion, and the costs of serving this

motion on the other parties to the case. These are "expenses later incurred in making service" and "reasonable expenses" related to this motion within the meaning of Rule 4(d)(2). *See Estrella v. P.R. Painting Corp.,* 2006 WL 3359485, at *3 (E.D.N.Y. 2006) (process server's fee and costs of photocopying motion are reimbursable).[1]

Finally, each Defendant must bear a prorated share of reasonable attorneys fees incurred in preparing and litigating this Motion.[2] FED. R. CIV. P. 4(d)(2)(B). Such fees cannot be calculated until the Tribes' replies to any responses are prepared and filed, however. That is, if any Defendant files a response, the total will have to be adjusted accordingly and the pro rata calculation revised. For the Court's and the parties' convenience, the Tribes have attached Exhibit A and the *Declaration of Curtis Berkey*, Exhibit C, which show the amount of attorneys fees incurred thus far in preparing this motion.

The rates charged and hours expended on this motion are reasonable. Courts consider the experience, skill and reputation of the attorney requesting the fees in determining whether an hourly rate is reasonable. *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002). The reasonable hourly rate should reflect "prevailing market rates" in the forum district for attorneys of reasonably comparable skills, experience and reputation. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992). The rates charged by the attorneys for the Cahuilla Band and the Ramona Band are reasonable under the prevailing market rate for attorneys with comparable experience and skills in the Southern District of California. *See, e. g, Feezor v. Otay Lakes Road,* 2008 WL 2705392 (S.D. Cal. 2008) (hourly rate of $225 is reasonable for an experienced senior associate in the Southern District of California); *Tomovich v. Wolpoff & Abramson, L.L.P.,* 2009 WL 3486693 (S.D. Cal. 2009) (hourly rate of $300 is reasonable for attorney with 10 years experience in simple Fair Debt Collection Practices Act case). The rates charged by counsel for the Tribes are substantially lower

---

[1] The Tribes could also seek reimbursement for the costs of investigating and obtaining current street addresses for the non-waiving Defendants. *Butler v. Crosby,* 2005 WL 3970740, at *9 (costs of investigator to determine addresses are reimbursable if each defendant's contribution can be ascertained). The Tribes are not seeking such reimbursement here.

[2] Although the Tribes can legitimately request the attorneys fees associated with arranging personal service, *see Stapo*, 190 F.R.D. at 126 ("anomalous to interpret the Rule not to encompass the attorney's fees incurred by formal service"), they decline to do so here.

1  than the prevailing market rates in the Southern District, in light of the many years of experience
2  they have had in representing Indian tribes. *See* Exhibit A at ¶ 17 and Exhibit C at ¶ 6 setting forth
3  their hourly rates for services rendered. Moreover, the amount of time expended on this motion is
4  reasonable in light of the number of non-waiving Defendants and related circumstances.

5  If this Court awards costs and fees to the Tribes, each Defendant must be apportioned a pro
6  rata share. The total amount to be apportioned cannot be determined until replies to the Defendants'
7  responses are filed and/or oral argument is held. If any Defendant files a response to this Joint
8  Motion or if oral argument is held, the Tribes will submit a schedule of apportioned costs and a
9  Proposed Order following the filing of the Tribes' replies or oral argument. If there are no replies
10 filed, and no oral argument held, the Tribes will submit the schedule and Proposed Order following
11 confirmation that no oral argument will be held.

### III. CONCLUSION.

Rule 4(d) requires this Court to shift the cost of personal service to those Defendants who failed to comply with their duty to avoid the unnecessary expenses of formal service. In addition, the Tribes satisfied their burden to show they complied with Rule 4(d) and that these expenses were unnecessary. Thus, the Tribes respectfully request that their motion for costs and attorneys fees be granted.

Date:   April 22, 2010                Respectfully submitted,

ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP

By:/s/Curtis G. Berkey
    Curtis G. Berkey
    Scott W. Williams
    2030 Addison Street, Suite 410
    Berkeley, California 94704
    Tel: 510/548-7070     Fax: 510/548-7080
    E-mail: cberkey@abwwlaw.com
    E-mail: swilliams@abwwlaw.com

*Attorneys for Plaintiff-Intervenor,
Ramona Band of Cahuilla*

Marco Gonzales
COAST LAW GROUP LLP
1140 S. Coast Highway 101
Encinitas, CA 92024
Tel: 760/942-8505     Fax: 760/942-8515

*Attorney for Plaintiff-Intervenor,
Cahuilla Band of Indians*

McELROY, MEYER, WALKER & CONDON, P.C.

By: /s/Scott B. McElroy
Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303/442-2021     Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervenor,
Cahuilla Band of Indians*