# EXHIBIT A

Curtis G. Berkey (CA State Bar No. 195485)
Scott W. Williams (CA State Bar No. 097966)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com
E-mail: swilliams@abwwlaw.com
*Attorneys for Plaintiff-Intervenor*
*Ramona Band of Cahuilla*

Marco A. Gonzalez (CA State Bar No. 190832)
COAST LAW GROUP LLP
1140 S. Coast Highway 101
Encinitas, CA 92024
Tel: 760/942-8505
Fax: 760/942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, CO 80302
Tel: 303/442-2021
Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com
*Attorneys for Plaintiff-Intervenor*
*Cahuilla Band of Indians*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS, et al.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 51-CV-1247-GT-RBB<br><br>**DECLARATION OF M. CATHERINE CONDON IN SUPPORT OF JOINT MOTION FOR REIMBURSEMENT OF COSTS AND ATTORNEYS FEES**<br><br>**Date: No hearing date set**<br>**Time:**<br>**Courtroom: 8**<br><br>Hon. Gordon Thompson, Jr. |

Case No.: 51-cv-1247-GT-RBB

I, M. Catherine Condon, hereby declare as follows:

1. I make this declaration based upon personal knowledge acquired as one of the attorneys of record for the Cahuilla Band of Indians ("Tribe").

2. This declaration is submitted in support of the *Joint Motion for Reimbursement of Costs and Attorneys Fees* filed on behalf of the Cahuilla Band of Indians and the Ramona Band of Cahuilla ("Tribes").

3. On September 24, 2009, and in accordance with Rule 4(d)(1)(C) of the Federal Rules of Civil Procedure, my office mailed to certain Defendants in this action a copy of the *Cahuilla Band of Indians' Second Amended Complaint in Intervention*, the *Ramona Band of Cahuilla's Second Amended Complaint in Intervention* (collectively "Second Amended Complaints"), a *Notice of Lawsuit and Request for Waiver of Service of Summons* ("Notice"), two copies of the *Waiver of Service of Summons* ("Waiver"), and a prepaid means for returning the Waiver (collectively "Waiver Packet").

4. In accordance with Rule 4(d)(1)(G), each Waiver Packet was sent by first-class mail.

5. In accordance with Rule 4(d)(1)(A)(i), each Notice was addressed to the individual Defendant.

6. In accordance with Rule 4(d)(1)(B), the Notice named the United States District Court for the Southern District of California as the venue where the Second Amended Complaint were filed.

7. In accordance with Rule 4(d)(1)(D), the Notice informed each Defendant of the consequences of waiving and not waiving service.

8. In accordance with Rule 4(d)(1)(E), the Notice stated the date that the Waiver Packet was sent.

9. The Tribes set the deadline for signing and returning the Waiver as November 9, 2009, which was forty-five days after the Waiver Packets were sent and fifteen days in excess of the thirty-day minimum requirement established by Rule 4(d)(1)(F).

10. In accordance with Rule 4(d)(1)(D), the Notice indicated that "[y]ou may be assessed the expenses of service of the summons if you fail to return the signed waiver to us by November 9, 2009, unless you have good cause for failing to do so."

11. In sum, the Tribes substantially complied with Rule 4(d) in all respects.

12. In spite of the Tribes' request to waive service in compliance with Rule 4(d), the following 18 Defendants failed to sign and return the Waiver:

1) Juan Chavez
2) Clara Follis
3) Ernest Follis
4) Ben Frascona
5) Sandra Frascona
6) Ruth Gallentine
7) William Gallentine
8) Melvin Hales
9) Leighton Mills
10) Valerie Mills
11) Sherrie Rondeau
12) June Theodore
13) Lee Theodore
14) Patrick Truxillo
15) Carolyn Tsushima
16) Jack Tsushima
17) Chiquita Young
18) Clarence Young

13. No Waiver Packet addressed to any of the above-named Defendants was returned to my office as undeliverable and no evidence has been presented to suggest that any of these Defendants did not receive a Waiver Packet. Thus, to the best of my knowledge, each of the above-named Defendants actually received a Waiver Packet.

14. No evidence has been presented to suggest that any of the above-named Defendants do not sufficiently understand the English language. Thus, to the best of my knowledge, each of the above-named Defendants sufficiently understands the English language.

15. More than four months after the November 9, 2009 deadline, the Tribes hired a private process server to deliver the Summons and Second Amended Complaints to each of the above-named Defendants in accordance with Rule 4(e). Thus, each of the above-named Defendants was formally served with a Summons and the Second Amended Complaints sometime between April 3, 2010 and April 5, 2010.

16. I have practiced law for over 19 years limiting my practice to the representation of Indian tribes and their members concentrating primarily on the litigation and negotiation of natural resource disputes, environmental matters and regulatory issues. I have also handled complex litigation against the United States relating to treaty protected land claims.

17. My standard rate for legal services on behalf of the Cahuilla Band is $225 per hour. The rate my firm charges for associates is $150 per hour.

18. The following costs and attorneys fees have been incurred by the Cahuilla Band in preparation of the *Joint Motion for Reimbursement of Costs and Attorneys Fees*:

    a. Cost of personal service      $ 305

    b. Attorney fees incurred in preparation of motion      $1,975

I declare under penalty of perjury that all of the foregoing statements are true and correct.

    /s/M. Catherine Condon
    M. Catherine Condon