Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
1140 S. Coast Hwy 101
Encinitas, California 92024
marco@coastlawgroup.com
Tel: 760-942-8505
Fax: 760-942-8515

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado 80302
Tel: 303-442-2021
Fax: 303-444-3490
sbmcelroy@mmwclaw.com
ccondon@mmwclaw.com

*Attorneys for Plaintiff in Intervention,
the Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510-548-7070
Fax: 510-548-7080
cberkey@abwwlaw.com

*Attorneys for Plaintiff in Intervention,
the Ramona Band of Cahuilla*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> CAHUILLA BAND OF INDIANS, <br> a federally recognized Indian tribe, <br> RAMONA BAND OF CAHUILLA, <br><br> Plaintiffs in Intervention, <br><br> v. <br><br> FALLBROOK PUBLIC UTILITY DISTRICT, a public service corporation of the State of California, et al., <br><br> Defendants. | CASE NO. 51-cv-1247-RBB-GT <br><br> **CAHUILLA BAND OF INDIANS' AND THE RAMONA BAND OF CAHUILLA'S RESPONSE TO PARTIAL OPPOSITION TO FURTHER STAYS** <br><br> Hearing Date: No hearing date set <br> Time: <br> Courtroom: 8 <br><br> Hon. Gordon Thompson, Jr. |

The Cahuilla Band of Indians and Ramona Band of Cahuilla (collectively "Tribes") respond as follows to the *Partial Opposition to Further Stays* (April 27, 2010) ("Partial Opposition"). Despite its title, that pleading does not oppose the extension of the stay but instead seeks to impose conditions on the granting of future stays. With one exception, the Tribes support the proposed conditions.

First, the Tribes support the appointment of Magistrate Judge Brooks to oversee the settlement process. The Tribes are firmly committed to ascertaining promptly whether this matter may be settled and on what terms, and have always acted consistent with that commitment. The Tribes have acted expeditiously to organize settlement discussions and believe that substantial progress has been made toward a mutually-acceptable resolution. Nevertheless, given the number of parties involved, the complexity of the issues and the difficulty in ensuring that tasks assigned to the different parties are completed in a timely fashion, the Tribes believe that such supervision would be helpful to the settlement process.

Second, the Tribes do not object to the Court providing an opportunity for parties to object to future continuations of the stay. As a practical matter and in the interests of preserving the confidentiality of the settlement discussions, there is very little that the Tribes can add to their requests for a continuation of the stay. On the other hand, if other parties are no longer interested in continuing the settlement discussions, believe the settlement process is not working, or contend for some other reason that a stay is not warranted, the Tribes and the Court should be made aware of that fact before further stays are granted.

Third, the Tribes do not support the notion that any future stays should not exceed three months. It simply is not realistic to expect to make significant progress on the settlement in that short a period of time. As an alternative to shortening the length of the stay, the Tribes suggest the Court consider allowing a party to move to lift the stay in the event the party believes that settlement is no longer possible. Such a party should be required to notify Magistrate Judge Brooks in advance of filing any such a motion.

Finally, the Tribes were surprised to receive the Partial Opposition since the concerns which it raises were not discussed in the settlement meetings. From the Tribes' perspective, most, if not all, of the parties to the settlement discussions share the Tribes' viewpoint that a settlement is possible and is far more desirable than lengthy litigation. The Tribes are not solely responsible for accomplishing that objective, however, and if a majority of the parties no longer wish to pursue settlement, the Tribes do not wish to engage in a fruitless endeavor.

Respectfully submitted this 28th day of April, 2010.

>Marco A. Gonzalez (SBN 190832)
>COAST LAW GROUP LLP
>1140 S. Coast Hwy 101
>Encinitas, California 92024
>Tel: 760-942-8505 Fax: 760-942-8515
>
>Scott B. McElroy (Pro Hac Vice)
>M. Catherine Condon (Pro Hac Vice)
>McELROY, MEYER, WALKER
>  & CONDON, P.C.
>1007 Pearl Street, Suite 220
>Boulder, Colorado 80302
>Tel: 303-442-2021 Fax: 303-444-3490
>
>       */s/ M. Catherine Condon*
>By:_____
>       M. Catherine Condon
>*Attorneys for Plaintiff in Intervention,*
>  *the Cahuilla Band of Indians*
>
>
>Curtis G. Berkey
>ALEXANDER, BERKEY, WILLIAMS &
>WEATHERS LLP
>2030 Addison Street, Suite 410
>Berkeley, California 94704
>Tel: 510-548-7070
>
>       */s/ Curtis G. Berkey*
>By:_____
>       Curtis G. Berkey
>*Attorneys for Plaintiff in Intervention,*
>  *the Ramona Band of Cahuilla*