```
Carol Lueras
623 Beverly Blvd.
Fullerton, CA 96833
Telephone:  714-525-9436

Attorney for: IN PROPRIA PERSONA
```

FILED
2011 JAN 14 PM 12:58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS, et al.,<br><br>        Plaintiff-Intervenors<br><br>        vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br>        Defendants. | Case No. 51-cv-1247-GT-RBB<br><br>ANSWER OF CAROL LUERAS TO SECOND AMENDED COMPLAINT IN INTERVENTION OF RAMONA BAND OF CAHUILLA |

In response to RAMONA BAND OF CAHUILLA ("Ramona") Second Amended Complaint in Intervention, CAROL LUERAS ("Defendant") lacks sufficient information or belief to respond to the allegations contained in paragraphs 1 through 14, inclusive, and, therefore, denies the allegations on that ground.

### AFFIRMATIVE DEFENSES

Without limiting or waiving his right to assert additional affirmative defenses which are discovered subsequent to the filing and service of this Answer, Defendant hereby alleges and asserts the following as separate and affirmative defenses to each and every cause of action set forth in the Second Amended Complaint in Intervention:

### FIRST AFFIRMATIVE DEFENSE



Answer of CAROL LUERAS                                Case No. 51-cv-01247-GT-RBB
To Second Amended Complaint in Intervention

The allegations in the Second Amended Complaint in Intervention do not state sufficient facts to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The allegations in the Second Amended Complaint in Intervention, alleged causes of action set forth therein are vague, ambiguous, uncertain and unintelligible, and as such, fail to allege facts sufficient to constitute a cause of action against the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Ramona does not possess any right or power to affect or impair real property rights of water rights beyond the boundary of the Cahuilla Reservation.

**FORTH AFFIRMATIVE DEFENSE**

The United States of America lacks authority under its Constitution to engage in any act, treaty, statue or regulation which impairs property rights established under California State Law.

**FIFTH AFFIRMATIVE DEFENSE**

The use and withdrawal of water by Ramona under the Cahuilla Reservation is impairing the water available to Defendant under his real property, thereby entitling Defendant to compensation and injunctions identical to those sought by Ramona in the Second Amended Complaint in Intervention.

**SIXTH AFFIRMATIVE DEFENSE**

1  Defendant alleges that Plaintiff-Intervenors are estopped from
2  asserting rights to quantification because of changed
3  circumstances in the last 45 years.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff-Intervenors are barred from recovery by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the damages, in any, are too speculative in nature and cannot be quantified.

### NINTH AFFIRMATIVE DEFENSE

Each and every claim asserted in the Second Amended Complaint is barred by Defendant appropriated rights to water.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that the proposed allocation would result in taking of disproportionate share of water, to the detriment of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Ramona failed and neglected to mitigate its damages so as to reduce or diminish its claim.

### FORTEENTH AFFIRMATIVE DEFENSE

Answer of CAROL LUERAS
To Second Amended Complaint in Intervention

Case No. 51-cv-01247-GT-RBB

The Second Amended Complaint fails because Defendant reasonably relied on Ramona's acts or omissions, whereby Ramona is estopped from asserting its claim.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred by the doctrine of collateral estoppel based on findings previously made in this matter, including, but not limited to findings in Interlocutory Judgment numbers 33, 34, 40 and 41.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred as a result of Ramona's unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Ramona suffered or sustained any damage or injury, the same was directly and proximately contributed by Ramona through negligence, recklessness, fault, and unlawful conduct. Ramona's alleged damages shall be reduced in proportion of fault attributable to Ramona.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Ramona suffered or sustained any damage or injury, the same was directly and proximately contributed by other parties or entities through negligence, recklessness, fault, and unlawful conduct. Ramona's alleged damages shall be reduced in proportion of fault attributable to such other persons or entities.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is excused from any and all liability because at all times material herein, Defendant's domestic wells and water usage have been open and notorious, known to Ramona.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant has equal rights to water resources as provided by private property rights, guarantees under the law. Indian reservations and their provisions are the responsibility of the United States Government and not individual citizens, who lack the duty, resources, and funding to insure compliance.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Ramona's use of water is limited by the reasonable and beneficial use limitations set forth in Article X, Section 2, of the California Constitution and Water Code section 1000.

### TWENTY SECONDTH AFFIRMATIVE DEFENSE

Ramona's asserted intervention operates in effect to deny Defendant equal protection guarantees under the Fourteenth Amendment.

WHEREFORE, Defendant prays for judgment as follows:

1. Judgment be entered in favor of Defendant.
2. Defendant be dismissed with prejudice.
3. Ramona obtain no relief whatsoever in the Second Amended Complaint.
4. If this matter goes to trial, a trial by jury is hereby demanded.
5. For costs of suit incurred herein.
6. For any further relief as deemed just and proper.

Dated: 1/13/11

*Carol Lueras*

CAROL LUERAS

Answer of CAROL LUERAS                                      Case No. 51-cv-01247-GT-RBB
To Second Amended Complaint in Intervention

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER OF CAROL LUERAS TO SECOND AMENDED COMPLAINT IN INTERVENTION was this date served upon Curtis G. Berkey by placing a copy of the same in the United States Mail, postage prepaid, and sent to their address as follows:

Curtis G. Berkey

Scott W. Williams

Alexander, Berkey, Williams & Weathers LLP

2030 Addison Street, Suite 410

Berkley, CA 94704

Los Angeles, CA this 13th day of January, 2011

*/s/ Gilbert Saucedo*

GILBERT SAUCEDO