1  JAMES M. POWELL  SBN 165639
   LAW OFFICE OF JAMES M. POWELL
2  1894 COMMERCENTER DR. W.
   SUITE108
3  Tel:  909-890-0105
   Fax: 909-890-0106
4  E-mail: jpowellesq@gmail.com

5  ATTORNEY FOR DEFENDANT: CHRISTIN MAY

6

7                    UNITED STATE DISTRICT COURT

8          SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

9

10  UNITED STATES OF AMERICA          ) Case No.: 51-CV-1247-GT-RBB
                                      )
11              Plaintiff,            )
                                      )
12                                    ) ANSWER TO RAMONA BAND OF
                                      ) CAHUILLA'S SECOND AMENDED
13  RAMONA BAND OF CAHUILLA,          ) COMPLAINT IN INTERVENTION
                                      )
14  CAHUILLA BAND OF INDIANS, et al;  )
                                      )
15          Plaintiff-Intervenors,    ) Hon. Gordon Thompson, Jr.
                                      )
16             vs.                    )
                                      )
17  FALLBROOK PUBLIC UTILITY          )
                                      )
18  DISTRICT, et al; CHRISTIN MAY     )
                                      )
19                                    )
                                      )
20          Defendants                )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23  ///

24  ///

25  ///

            ANSWER TO THE SECOND AMENDED COMPLAINT IN INTERVENTION

Defendant Christin May (herein after Answering Defendant), through her attorney James M. Powell, for her Answer and affirmative defenses to the Second Amended Complaint, hereby admits, denies and alleges as follows:

## INTRODUCTION

1)      This case involves the water rights of the Plaintiffs In Intervention, The Ramona Band of Cahuilla, under an interlocutory judgment dated November 8, 1962, which recognized a federal reserved right for the Ramona Band of Cahuilla, but this Court reserved final quantification until circumstances required it.   Admit that Plaintiffs' Second Amended Complaint purports to limit the scope of the Tribes' claims to the Anza and Cahuilla Groundwater Basins as defined in Interlocutory Judgment Number 33, and to those defendants who use water or claim rights to use water within that are this subject to this Court's jurisdiction.

2)      Admit that jurisdiction over this adversary proceeding is conferred by 28 U.S.C. §1345 (United States as Plaintiff); 1331 (federal question) and 1362 (federally-recognized Indian tribe asserting federal question).  Paragraph 2 contains legal assertions or conclusions to which no responsive pleading is required.

3)      Admit that Venue is properly vested in this Court under 28 U.S.C. §1391 (b). The statutes speak for themselves and that no further answer to paragraph 3 is required.

4)      Admit that Plaintiff-Intervenor Ramona Band of Cahuilla, is recognized by the United States as a sovereign Indian tribe eligible to receive the services of the Bureau of Indian Affairs.  Except as expressly admitted herein, the Answering Defendant denies the rest and remainder of the paragraph 4.

5)      Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in paragraph 5.

ANSWER TO THE SECOND AMENDED COMPLAINT IN INTERVENTION

6)      Admit that on November 8, 1962, this Court entered Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 concerning the rights to use the waters of the Santa Margarita River System held in trust the United States in connection with the Ramona, Cahuilla and Pechanga Indian Reservation. The Interlocutory Judgment was entered and this Court reserved final quantification until circumstances required it.  Except as expressly admitted herein, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth and falsity of legal conclusions and assertions contained in paragraph No. 6. However, the Answering Defendant alleges that if this Court reserved its right to revisit the final quantification issue, the said order can only be construed as an interim judgment and not a final judgment.

7)      Admit that The Ramona Indian Reservation was established by Executive order of the President on December 29, 1891 however, this Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, conclusions and legal assertions contained in paragraph No.7.

8)      Admit paragraph 8 as to the geographical location of the Ramona Band of Cahuilla, however this Answering Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations and therefore denies the remainder of the allegations in paragraph No.8.

9)      This Answering Defendant denies and/or lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, assertions and legal conclusions contained in paragraph No. 9.

10)     Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph No. 10.

11)     This Answering Defendant denies that the purpose of The Executive Order of 1891 was to confer exclusive and monopolistic rights indefinitely upon the Ramona Band of

ANSWER TO THE SECOND AMENDED COMPLAINT IN INTERVENTION

3

Cahuilla but only until such time when it could achieve economic self-sufficiency. Except as expressly admitted herein, the Answering Defendant denies the rest and remainder of the paragraph No. 11.

12)     Admit paragraph No. 12.

13)     The Answering Defendant has a groundwater well at Defendant's home in the City of Anza. The withdrawal of water in miniscule quantities for domestic use does not infringe on the ability of the Ramona Band of Cahuilla to effectively exercise the use of ground water. Except as expressly admitted herein, the Answering Defendant denies the rest and remainder of the paragraph No. 13.

14)     This Answering Defendant denies and/or lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, assertions and legal conclusions contained in paragraph No.14.

## CHRISTIN MAY'S AFFIRMATIVE DEFENSES

15)     the Answering Defendant alleges the following affirmative defenses to the Plaintiffs-Intervenors' Second Amended Complaint.. In asserting these affirmative defenses, this Answering Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiffs-Intervenors.

a)     Plaintiffs-Intervenors have failed to state a claim upon which relief may be granted.

b)     Plaintiffs-Intervenors have failed to plead sufficient facts to establish a right to an indefinite exclusive water use and monopoly of ground water rights.

c)     Plaintiff's claims are barred, either in whole or in part, by the absence of subject matter jurisdiction.

ANSWER TO THE SECOND AMENDED COMPLAINT IN INTERVENTION

4

d)      The Second Amended Complaint and each Claim for Relief therein may be barred, in whole or in part, to the extent Plaintiffs-Intervenors have waived or estopped from, or are barred by the doctrine of laches from asserting such causes of action.

e)      This Answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, yet unstated, defenses available.  This Answering Defendant reserves the right to assert additional defenses that are revealed by further investigation or by discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, This Answering Defendant prays for judgment or relief against the Plaintiff as follows:

1)      That the claim against Christin May is dismissed with prejudice and that the Plaintiffs-Intervenors take nothing, or in the alternative, this Court reserve its judgment on the Second Amended Complaint until such time when this Court revisits the Interlocutory Judgment of November 8, 1962 for the final quantification of water usage by the Band.

2)      Answering Paragraphs 1 through 8 under Plaintiffs'-Intervenors' Prayer for Relief, this Answering Defendant denies that the Plaintiffs-Intervenors are entitled to any of the relief requested and therefore request the Court that any and all relief be denied to Plaintiffs-Intervenors.

3)      Grant such other relief as the Court deems just and proper.

June 15, 2011

James M. Powell
Attorney for Defendant
Christin May

ANSWER TO THE SECOND AMENDED COMPLAINT IN INTERVENTION

5