Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
1140 S. Coast Hwy 101
Encinitas, California  92024
Tel:  760-942-8505
Fax:  760-942-8515
marco@coastlawgroup.com

Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
McELROY, MEYER, WALKER & CONDON, P.C.
1007 Pearl Street, Suite 220
Boulder, Colorado  80302
Tel:  303-442-2021
Fax: 303-444-3490
smcelroy@mmwclaw.com
ccondon@mmwclaw.com

*Attorneys for Plaintiff in Intervention,*
*the Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510-548-7070
Fax: 510-548-7080
cberkey@abwwlaw.com

*Attorneys for Plaintiff in Intervention,*
*Ramona Band of Cahuilla*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br>  a federally recognized Indian tribe,<br>RAMONA BAND OF CAHUILLA,<br><br>    Plaintiffs in Intervention,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation<br>of the State of California, et al.,<br><br>    Defendants. | CASE NO. 51-cv-1247-RBB-GT<br><br>Hearing Date: No hearing date set<br>Time:<br>Courtroom:    8<br><br>Hon. Gordon Thompson, Jr.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR AUTHORIZATION TO SERVE PROCESS UPON THE CALIFORNIA SECRETARY OF STATE FOR CERTAIN DEFENDANTS** |

**TABLE OF CONTENTS**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    THE TRIBES' ONLY OPTION IS TO FOLLOW STATE LAW . . . . . . . . . . . 2

        1.    Corporations M Ay Be Served by Delivering Process to the Secretary of State under Certain Circumstances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    Limited Partnerships and Limited Liability Companies May Be Served by Delivering Process to the Secretary of State under Certain Circumstances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 

    B.    THE TRIBES MEET THE REQUIREMENTS FOR DELIVERING PROCESS TO THE SECRETARY OF STATE . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.    Country Expressions Corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.    DG Properties, L.P. and Greco Farms, L.L.C. . . . . . . . . . . . . . . . . . . . . 5

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**Cases**

*Gibble v. Car-Lene Research, Inc.*, 78 Cal. Rptr. 2d 892 (Cal. Ct. App. 1998) . . . . . . . . . . . . . . 5

**Statutes, Rules, Regulations**

Fed. R. Civ. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Civ. Proc. Code § 415.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Cal. Civ. Proc. Code § 415.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Cal. Civ. Proc. Code § 415.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Cal. Civ. Proc. Code § 416.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Cal. Civ. Proc. Code § 416.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Corp. Code § 1702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

Cal. Corp. Code § 15901.16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

Cal. Corp. Code § 17061 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

Plaintiffs in Intervention, the Cahuilla Band of Indians and Ramona Band of Cahuilla (collectively "Tribes"), hereby submit this memorandum in support of their *Joint Motion for Authorization to Serve Process Upon the California Secretary of State for Certain Defendants*. As explained below and evidenced by the supporting affidavits, the Tribes exercised reasonable diligence in attempting to serve certain defendants, but those efforts were not successful. The Court should now authorize substituted service upon the California Secretary of State ("Secretary of State").

## I. INTRODUCTION

As described in the affidavits submitted herewith, the Tribes exercised reasonable diligence in attempting to serve defendants (1) Country Expressions Corporation; (2) Greco Farms, L.L.C.; and (3) DG Properties (collectively "Defendants"). *See Affidavit Re: Attempted Service Upon Country Expressions Corporation* ("Country Expressions Affidavit"); *Affidavit Re: Attempted Service Upon DG Properties, L.P. and Greco Farms, L.L.C.* ("DG-Greco Affidavit"). The Defendants each previously registered with the Secretary of State and designated an agent for service of process. Country Expressions Affidavit ¶ 3; DG-Greco Affidavit ¶ 5. The Tribes were unable to serve any of the designated agents at the addresses registered with the Secretary of State, Country Expressions Affidavit ¶¶ 4-5; DG-Greco Affidavit ¶ 6, so they took extra measures to obtain information about and to serve each of the Defendants. Country Expressions Affidavit ¶¶ 6-14; DG-Greco Affidavit ¶¶ 7-14. As described in the Affidavits, however, the Tribes' additional attempts to serve the Defendants were unsuccessful. *Id.* The Tribes have exhausted their efforts and are unable to determine the current status or location of the Defendants, their registered agents, or any other person associated with the Defendants and authorized to receive process. *See* Country Expressions Affidavit ¶ 15; DG-Greco Affidavit ¶ 15.

## II. ARGUMENT

The Court should grant the Tribes' motion in accordance with the proposed order submitted herewith so as to allow the Tribes to serve process upon the Secretary of State pursuant to state law.

**A.     THE TRIBES' ONLY OPTION IS TO FOLLOW STATE LAW.**

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process upon corporations, partnerships, and unincorporated associations.  Pursuant to that rule, such entities must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual"; or (2) by delivering process "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(A)-(B).  In other words, if no agent, officer, or other authorized person is available to receive process, a party must look to Rule 4(e)(1), which authorizes service in accordance with "state law."  As explained herein, the Tribes are unable to serve any agent, officer, or other authorized person for each of the Defendants, so their only option is to follow the procedures of California law.

**1.     Corporations May Be Served by Delivering Process to the Secretary of State Under Certain Circumstances.**

With respect to corporations, such as Country Expressions Corporation, California law provides that they may be served "by any of the following methods": (1) delivery to a designated agent for service of process; (2) delivery to a president, chief executive officer, or other head, vice president, secretary or assistant secretary, treasurer or assistant treasurer, controller or chief financial officer, general manager, or a person authorized to receive service of process; (3) delivery to a cashier if the corporation is a bank; or (4) as provided in an applicable provision of the California Corporations Code ("Corporations Code").  CAL. CIV. PROC. CODE § 416.10(a)-(d).  Thus, if an agent, corporate officer, manager, or bank cashier is not available for service, then the party attempting service must follow the Corporations Code.

Section 1702(a) of the Corporations Code addresses situations where "the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process."  That is, if the party attempting service demonstrates "by affidavit to the satisfaction of the court" that it (1) cannot with reasonable diligence serve the designated agent pursuant to sections 415.10, 415.20(a), or 415.30(a) of the California Civil Procedure Code ("Civil Procedure Code"); and (2) cannot with reasonable diligence serve the corporation

pursuant to sections 416.10(a)-(c) or 416.20(a) of the Civil Procedure Code, then a court may order that service be made "by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service." CAL. CORP. CODE § 1702(a); *see id.* § 2011(b) (similar provision for "dissolved" corporations). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State," *id.* § 1702(a), and thereafter the Secretary of State's office must attempt to notify the corporation on its own. *Id.* § 1702(b). Moreover, the statute expressly provides that a federal court may make such an order. *Id.* § 1702(d).

### 2. Limited Partnerships and Limited Liability Companies May Be Served by Delivering Process to the Secretary of State Under Certain Circumstances.

With respect to limited partnerships and limited liability companies, such as DG Properties, L.P. and Greco Farms, L.L.C., respectively, California law provides that they may be served by delivering process (1) to any designated agent; or (2) if the designated agent is a corporation, to any person named in the certificate filed with the Secretary of State. *Id.* §§ 15901.16(b) (limited partnerships), 17061(b) (limited liability companies). "[I]f the agent designated cannot with reasonable diligence be found at the address designated for personal delivery of the process," however, and if the party attempting service demonstrates "by affidavit to the satisfaction of the court" that it cannot serve the agent pursuant to sections 415.10, 415.20(a), or 415.30(a) of the Civil Procedure Code, then a court may order that service be made "by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service." CAL. CORP. CODE § 15901.16(c)(1); *accord id.* § 17061(c)(1). "Service in this manner shall be deemed complete on the 10th day after delivery of the process to the Secretary of State," *id.* § 15901.16(c)(1); *accord id.* § 17061(c)(1), and thereafter the Secretary of State's office must attempt to notify the limited partnership and limited liability company on its own. *Id.* § 15901.16(c)(2),); *accord id.* § 17061(c)(2).

## B. THE TRIBES MEET THE REQUIREMENTS FOR DELIVERING PROCESS TO THE SECRETARY OF STATE.

As explained below, the Tribes satisfy the requirements for serving process upon the Secretary of State for each Defendant.

### 1. Country Expressions Corporation

With respect to Country Expressions Corporation, the Tribes meet the requirements of section 1702(a) of the Corporations Code. First, the Tribes diligently attempted to personally serve the designated agent at the address filed with the Secretary of State, but such efforts were unsuccessful. Country Expressions Affidavit ¶ 5. Thus, the Tribes cannot effect personal service upon the designated agent pursuant to section 415.10 of the Civil Procedure Code. *See* CA. CORP. CODE § 1702(a).

Second, the Tribes diligently attempted to serve the designated agent at the address filed with the Secretary of State, but neither the agent nor any person apparently in charge or associated with the agent was available to accept substituted service. Country Expressions Affidavit ¶ 5. Thus, the Tribes cannot effect service pursuant to section 415.20(a) of the Civil Procedure Code. *See* CAL. CORP. CODE § 1702(a).

Third, since the designated agent no longer resides at the address filed with the Secretary of State and no forwarding address is known, Country Expressions Affidavit ¶¶ 4-5, the Tribes were unable to serve the designated agent by mail. Thus, the Tribes cannot effect service pursuant to section 415.30(a) of the Civil Procedure Code. *See* CAL. CORP. CODE § 1702(a).

Fourth, as already explained, the Tribes cannot serve the designated agent. Thus, the Tribes cannot effect service pursuant to section 416.10(a) of the Civil Procedure Code. *See* CAL. CORP. CODE § 1702(a).

Fifth, the Tribes diligently attempted to serve the only known principal of Country Expressions Corporation, but such efforts failed. Country Expressions Affidavit ¶¶ 8-14. Thus, the Tribes cannot effect service pursuant to section 416.10(b) of the Civil Procedure Code. *See* CAL. CORP. CODE § 1702(a).

Sixth, Country Expressions Corporation is not a bank, so section 416.10(c) of the Civil Procedure Code is inapplicable.  *See* CAL. CORP. CODE § 1702(a).

Seventh, and last, Country Expressions is "suspended," not "dissolved," *see* Country Expressions Affidavit ¶ 3, so it is doubtful that section 416.20(a) of the Civil Procedure Code applies.  *See Gibble v. Car-Lene Research, Inc.*, 78 Cal. Rptr. 2d 892, 900-02 (Cal. Ct. App. 1998).  Even if it applies, however, no trustee was publicly designated and the Tribes have no way to determine if such a trustee otherwise exists.  Thus, the Tribes cannot effect service pursuant to section 416.20(a) of the Civil Procedure Code.  *See* CAL. CORP. CODE § 1702(a).

In sum, as explained above and as more fully described in the Country Expressions Affidavit, the Tribes exercised reasonable diligence in attempting to serve Country Expressions Corporation pursuant to sections 415.10, 415.20(a), 415.30(a), 416.10(a)-(c), and 416.20(a) of the Civil Procedure Code.  Thus, the Court should allow the Tribes to deliver process to the Secretary of State.  *See* CAL. CORP. CODE § 1702(a).

### 2. **DG Properties, L.P. and Greco Farms, L.L.C.**

With respect to DG Properties, L.P. and Greco Farms, L.L.C., the Tribes meet the requirements of sections 15901.16(c)(1) and 17061(c)(1) of the Corporations Code, respectively.  First, the Tribes diligently attempted to personally serve the designated agent at the address filed with the Secretary of State and the home addresses found on Westlaw, but such efforts were unsuccessful.  DG-Greco Affidavit ¶¶ 6, 9-12.  The Tribes also attempted to personally serve the designated agent at the business address found on Westlaw's Professional License Record database, but such efforts were unsuccessful as well.  *Id.* ¶¶ 13-14.  Thus, the Tribes cannot effect personal service upon the designated agent pursuant to section 415.10 of the Civil Procedure Code.  *See* CAL. CORP. CODE §§ 15901.16(c)(1), 17061(c)(1).

Second, the Tribes diligently attempted to serve the designated agent at both the address filed with the Secretary of State and the home addresses found on Westlaw, but neither the agent nor any person apparently in charge or associated with the agent was available to accept substituted service.  DG-Greco Affidavit ¶¶ 6, 9-12.  Likewise, neither the designated agent nor a

person apparently in charge or associated with the agent was available to accept substituted service at the business address found on Westlaw's Professional License Record database. *Id.* ¶¶ 13-14.  Thus, the Tribes cannot effect service pursuant to section 415.20(a) of the Civil Procedure Code.  *See* CAL. CORP. CODE §§ 15901.16(c)(1), 17061(c)(1).

Third, since the designated agent no longer resides at either the address filed with the Secretary of State or the addresses found on Westlaw and no forwarding address is known, DG-Greco Affidavit ¶¶ 6, 12, 14, the Tribes were unable to serve the designated agent by mail. Thus, the Tribes cannot effect service pursuant to section 415.30(a) of the Civil Procedure Code. *See* CAL. CORP. CODE §§ 15901.16(c)(1), 17061(c)(1).

In sum, as explained above and as more fully described in the DG-Greco Affidavit, the Tribes exercised reasonable diligence in attempting to serve DG Properties, L.P. and Greco Farms, L.L.C. pursuant to sections 415.10, 415.20(a), and 415.30(a) of the Civil Procedure Code. Thus, the Court should allow the Tribes to serve process upon the Secretary of State. *See* CAL. CORP. CODE §§ 15901.16(c)(1), 17061(c)(1).

### III. CONCLUSION

For all of the foregoing reasons, the Tribes respectfully request that the Court grant their motion in accordance with the proposed order submitted herewith.

Respectfully submitted this 22nd day of July, 2011.

>Marco A. Gonzalez (SBN 190832)
>COAST LAW GROUP LLP
>1140 S. Coast Hwy 101
>Encinitas, California  92024
>Tel:  760-942-8505 Fax:  760-942-8515
>
>Scott B. McElroy (Pro Hac Vice)
>M. Catherine Condon (Pro Hac Vice)
>McELROY, MEYER, WALKER
>  & CONDON, P.C.
>1007 Pearl Street, Suite 220
>Boulder, Colorado  80302
>Tel:  303-442-2021 Fax: 303-444-3490
>
>*/s/ Scott B. McElroy*
>By:_____
>    Scott B. McElroy
>*Attorneys for Plaintiff in Intervention,*
>*the Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP
2030 Addison Street, Suite 410
Berkeley, California  94704
Tel: 510-548-7070

By: */s/ Curtis G. Berkey*
     Curtis G. Berkey
*Attorneys for Plaintiff in Intervention,
 Ramona Band of Cahuilla*