1  Marco A. Gonzalez (CA SBN 190832)
   COAST LAW GROUP LLP
2  1140 S. Coast Hwy 101
   Encinitas, California  92024
3  Tel:  760-942-8505
   Fax:  760-942-8515
4  E-mail: marco@coastlawgroup.com

5  Scott B. McElroy (Pro Hac Vice)
   M. Catherine Condon (Pro Hac Vice)
6  McELROY, MEYER, WALKER & CONDON, P.C.
   1007 Pearl Street, Suite 220
7  Boulder, Colorado  80302
   Tel:  303-442-2021
8  Fax: 303-444-3490
   E-mail: smcelroy@mmwclaw.com
9  E-mail: ccondon@mmwclaw.com
   *Attorneys for Plaintiff in Intervention,*
10 *the Cahuilla Band of Indians*

11 Curtis G. Berkey (CA SBN 195485)
   ALEXANDER, BERKEY, WILLIAMS & WEATHERS LLP
12 2030 Addison Street, Suite 410
   Berkeley, California 94704
13 Tel: 510-548-7070
   Fax: 510-548-7080
14 E-mail: cberkey@abwwlaw.com
   *Attorneys for Plaintiff in Intervention,*
15 *Ramona Band of Cahuilla*

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br>a Federally-Recognized Indian Tribe,<br>RAMONA BAND OF CAHUILLA, a<br>Federally-Recognized Indian Tribe, et al.,<br><br>    Plaintiffs in Intervention,<br><br>    v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, a public service corporation<br>of the State of California, et al.,<br><br>    Defendants. | CIVIL NO. 51-cv-1247-GT-RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR AUTHORIZATION TO SERVE PROCESS BY PUBLICATION ON CERTAIN DEFENDANTS**<br><br><br>Hearing Date:<br>Time:<br>Courtroom:   8<br><br>Hon. Gordon Thompson, Jr. |

Civil No. 51-cv-1247-GT-RBB

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.    DECEASED DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        B.    DEFENDANTS' WHEREABOUTS UNKNOWN . . . . . . . . . . . . . . . . . . . . . 6
        C.    DEFENDANTS' WHEREABOUTS KNOWN . . . . . . . . . . . . . . . . . . . . . . . . 7
        D.    FORECLOSURE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        E.    PUBLICATION PROCEDURES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**Cases**                                                 Page No.

*Bein v. Brechtel-Jochim Group, Inc.,* 8 Cal. Rptr. 2d 351 (Cal. Ct. App. 1992) . . . . . . . . . . . . . 8

*Donel, Inc. v. Badalian*, (Cal. Ct. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Duarte v. Freeland,* No. C-05-2780 EMC, 2008 WL 683427 (N.D. Cal. 2008) . . . . . . . . . . . . 3

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Monterey S.P. P'ship v. W.L. Bangham, Inc.,* 777 P.2d 623 (Cal. 1989) . . . . . . . . . . . . . . . . . . . 3

*Watts v. Crawford*, 896 P.2d 807 (Cal.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Statutes, Rules, Regulations**

CAL. CIV. PROC. CODE § 415.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CAL. CIV. PROC. CODE § 415.40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

CAL. CIV. PROC. CODE § 415.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8

CAL. GOV. CODE § 6064 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

Rule 4, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

## I. INTRODUCTION

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 4.1, Plaintiff-Intervenors the Cahuilla Band of Indians and the Ramona Band of Cahuilla (Tribes) move for an order authorizing service by publication in newspapers of general circulation on 111 persons and entities. At the time the Tribes intervened in this action, there was no current and accurate list of persons and entities who use or claim surface and/or groundwater ("landowners" or "defendants") within the Anza-Cahuilla Sub-Basins and who remain subject to this Court's continuing jurisdiction as defined by Interlocutory Judgment 33. The Tribes and the United States as their trustee determined the identities and addresses of the landowners who were subject to the Tribes' claims in accordance with this Court's interlocutory orders. Those landowners numbered approximately 2,000 individuals and entities.

Pursuant to Rule 4(d), the Tribes sought waivers of service of process from these landowners. The Tribes previously filed 1,043 executed waivers and are filing one additional waiver under separate cover. For the remaining landowners, the Tribes sought to personally serve them pursuant to Rule 4(e). For out-of-state residents, the Tribes sought to serve them under the California statute that authorizes service by mailing copies of the summonses and complaints by certified mail. CAL. CIV. PROC. CODE § 415.40. As set forth below, the Tribes also attempted various forms of substitute service where personal service could not be completed. The Tribes previously filed with the Court 705 Returns of Service of the Second Amended Complaint of the Cahuilla Band of Indians and 618 Returns of Service of the Second Amended Complaint for the Ramona Band of Cahuilla. Under separate cover, the Tribes are filing with the Court 71Returns of Service of the Second Amended Complaint of the Cahuilla Band of Indians and 58 Returns of Service of the Second Amended Complaint of the Ramona Band of Cahuilla. The Tribes previously filed 31 Returns of Service showing that personal service had been completed on those individuals and entities residing or located outside the State of California. The Tribes are filing under separate cover 10 Returns of Service showing that personal service has been completed on those individuals residing outside the State of California.

1  Despite diligent efforts, the Tribes have been unable to personally serve 111 persons and
2  entities, because: 1) the owner of the property is deceased and no documents have been filed
3  with the Riverside County Assessor's Office showing a conveyance of the property; 2) the
4  whereabouts of the owner are not known and the address could not be found through reasonable
5  searches of public databases; 3) the owner's whereabouts are known but he or she could not be
6  served at that address or has evaded service; or 4) the property is the subject of pending
7  foreclosure proceedings and the "foreclosed" owner cannot be found or the new owner is not yet
8  known.   For these landowners, the Tribes seek an order authorizing service by publication
9  pursuant to California law, as authorized by Rule 4(e)(1) of the Federal Rules of Civil Procedure.
10 During the pendency of this motion, the Tribes will continue to seek to obtain information about
11 the defendants on the publication list.  If information is obtained that allows service by other
12 means, the Tribes will seek to complete service in that manner.  The Tribes will file a
13 supplemental memorandum with the Court updating the proposed publication list before the time
14 period for responses to this motion has expired.

## II. ARGUMENT

16 The Tribes seek an order to publish pursuant to the provisions of California law.  Rule
17 4(e)(1) provides that an individual may be served "following state law for serving a summons in
18 an action brought in courts of general jurisdiction in the state where the district court is located
19 or where service is made."
20 California law provides that service may be effected by publication if two requirements
21 are met. First, it must appear "to the satisfaction of the court," based upon evidence in affidavits,
22 that the party to be served "cannot with reasonable diligence be served in another manner"
23 specified under applicable law. CAL. CIV. PROC. CODE. § 415.50(a).  Second, it must be shown
24 that "[a] cause of action exists against the party upon whom service is to be made or he or she is
25 a necessary or proper party to the action." *Id.* § 415.50(a)(1).  Reasonable diligence in this
26 context means the plaintiff took "those steps which a reasonable person who truly desired to give
27 notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855,
28 859 (Cal. Ct. App. 1978).  The term "denotes a thorough, systematic investigation and inquiry

conducted in good faith by the party or his agent or attorney." *Watts v. Crawford,* 896 P.2d 807, 811 n.5 (Cal. 1995). Federal courts apply these California authorities in determining whether service by publication is warranted in the particular factual circumstances. *See*, *e.g., Duarte v. Freeland,* No. C-05-2780 EMC, 2008 WL 683427 (N.D. Cal. Mar 7, 2008).

The reasonable diligence requirement typically means that the plaintiff must have undertaken "exhaustive" attempts to locate and serve the defendant. The most likely sources of information about the defendants' whereabouts must be consulted in order to satisfy the reasonable diligence test. *Watts*, 896 P.2d at 811 n.5 (requiring investigation of public databases, such as appropriate city directories and assessor's office property indices situated near the defendant's last known address). The large number of defendants in an action should also be considered when the plaintiff requests an order for service by publication. The California Supreme Court has suggested that service by publication may be particularly appropriate where there are too many defendants to serve individually. *Monterey S.P. P'ship v. W.L. Bangham, Inc.,* 777 P.2d 623 (Cal. 1989) (Mosk, J. concurring) (publication order might have been appropriate in an action against 252 trust deed beneficiaries).

If these requirements are met, the court should order the summons published in a designated newspaper "that is most likely to give actual notice to the party to be served." CAL. CIV. PROC. CODE § 415.50(b). If the party to be served is known to reside outside California, the court "may also order the summons to be published in a named newspaper outside this state." *Id.* Thus, for out-of-state residents, publication in a newspaper in the location of that residence is not required, but may be ordered in the court's discretion. The summons must be published once a week for four successive weeks. *Id.*; CAL. GOV. CODE § 6064. If the defendant's "address is ascertained before expiration of the time period for publication of the summons," copies of the summons, complaint and order for publication must be mailed "forthwith" to the defendant. CAL. CIV. PROC. CODE § 415.50(b). Service is complete on the 28th day following the first day of publication. *Id.* § 415.50(c); CAL. GOV. CODE § 6064. Ordinarily, the defendant has 30 days within which to respond, or 58 days from the first date of publication. The Tribes have submitted with this motion a proposed order authorizing publication appropriate to the facts of

this case, which suspends the requirement to respond to a date to be set by this Court, consistent with the order currently in effect. *See Order Granting Joint Motion to Extend Time for Filing Answers to Second Amended Complaints* (July 22, 2009) (Docket #5174).

The Tribes have satisfied both requirements for service by publication here. As to the "cause of action" requirement, the Tribes have properly asserted claims against these defendants because they use or claim surface and/or groundwater in the same basins where the Tribes' reservations are located. These water sources are subject to this Court's jurisdiction under prior interlocutory orders.

As to the reasonable diligence requirement, for purposes of analysis, the Tribes have grouped these defendants according to the similarity of circumstances with regard to the Tribes' unsuccessful attempts to serve them by other means. The groups are: 1) the owner of a parcel subject to the Court's jurisdiction has passed away and no record of conveyance of the property to the heirs could be determined with reasonable diligence; 2) the defendant's whereabouts are unknown and diligent efforts to locate him or her were unsuccessful; 3) the defendant's whereabouts are known but he or she could not be found at the listed address or has evaded personal service; and 4) the property is subject to foreclosure proceedings and the "old" owner cannot be found or the identity of the new owner has not yet been determined.

The following defendants comprise the first group: Delbert Alexander, Charlie Brown, Mildred Brown, Claude Graham, Kenneth Hicks, Judy Lanik and Calvin Nickels.

The following defendants comprise the second group: <u>Out-of-state defendants</u>: John Allcorn, Joan Dalton, Mary Fernandes, Shirley L. Guy, Delia Maher, Dennis Maher, Sallie Perkins, James Phillips, Melanie Phillips and Susan Foster-Froman. <u>In-state defendants</u>: Frederika Anctil, Gerard Anctil, Kitti Amphon, Paul Amphon, Albino V. Arias, Ghassem Bahrambeygui, Heidi Betts, Ken Betts, John Boehme, Mary Boehme, Donald Chase, Richard Chase, Carol Damon, Joseph Dirosa, Brian Evangelist, Sandra Garner, Joel Geudtner, Susan Geudtner, Arthur Gil, Patricia Gil, John Hammerstrand, Kathie Henderson, Brenda Jakobs, Mary Lord, Juan Osuna, Joan Overgaauw, Javier Pena, Aurora Perez, Juan Perez, Chris Peters, Peter Peters, Jose Reyes, Harlan Riggle, Liza Rosada, Johana Shirley, Walter Shirley, Sam Shorez,

Ryall Stewart, James Thompson, Judith Thompson, Rosauro Ugali, Christopher Vollan, Gregor Atoian, Laura Atoian, Maria Constantinescu, Stephanie Eggering, Robert Harmon, Tina Lykos, Jette Ortegel, Ernesto Perez, Leticia Perez, Progress Holdings, Rich Saum, Carl Swenson, Jane Swenson, Wendy Berman-Baker, Thomas and June Garner Living Trust, Samuel Hughes, Mary A. Kiger, Jerome Thornton, and Michealle Ugali nka Michealle Lujan.

The following defendants comprise the third group: Ricky Babcock, Licinio Brandao, Ramona Brandao, Patricia Canale, David Dickson, Brandon Firth, Victoria Freeman, Robert Lohnes, Shaunna Avila McClure, Donald McIntosh, Sheila McIntosh, Corrina Michalak, Rodney Myers, Tyler Nagel, Maria Ortiz, Joanne Rose, Norman Rose, Daniel Ruiz, Kim Smith, Simon Smith, Eric Stamm, Lisa Stamm, Bryan Tucker and Norma Tucker.

The following defendants comprise the fourth group: Cynthia Antrim, Bart Herring, Mary Herring, Mary Loiselle, Robert Loiselle, Jose Lopez, Kathy Neilsen, David Smith and Joyce Smith.

Attachment 1 to the Affidavits of Daryl Ann Vitale Re: Efforts to Locate Certain Defendants in Order to Serve Process Upon Them ("Vitale Aff.") is a chart entitled "Individuals to be Served by Publication" ("Publication Chart") that shows the reasons service was not successful for each defendant and a summary of the due diligence steps taken by the Tribes to ascertain the landowner, locate the defendant or serve the defendant by other means. These efforts satisfy the reasonable diligence requirement.

## A.    DECEASED DEFENDANTS

As to the first group, in most cases the Tribes discovered that the owner was deceased through several unsuccessful attempts to serve these individuals personally. Upon learning that the owner was deceased, the Tribes then searched the records of the Riverside County Assessor's Office and the WestlawNext/Public Records electronic database in order to determine whether the property had been conveyed to an heir or the State of California through escheat following the death of the individual. Because the updating of County records lags behind by many months the date of any conveyance through probate or otherwise, the Tribes' search of records at the County Assessor's Office did not disclose the identity of any new owners. *See* Affidavit of

Martha Morales Re: Efforts to Locate Certain Defendants in Order to Serve Process Upon Them ("Morales Aff.") ¶¶ 6-7.  In at least one situation, the property has not yet been transferred from the deceased.  *See* Publication Chart at A.5. (Judy Lanik).  The Tribes have undertaken reasonable steps to determine the identity of the new owner.  The Tribes' efforts have been thorough and systematic and undertaken in good faith.  These efforts constitute reasonable diligence under California law.

**B.      DEFENDANTS' WHEREABOUTS UNKNOWN**

The Tribes' efforts with regard to the second group -- unknown addresses -- were also thorough and diligent.  It was necessary to obtain new addresses for defendants living outside California and those residing within the State.

As to out-of-state defendants, when attempted personal service revealed that the individual resided out-of-state, the Tribes searched Riverside County records and the WestlawNext/Public Records electronic database to obtain a current address for that individual.  Once the address was obtained, the Tribes followed the California statute that allows service by mailing the summons and complaint by certified mail, return receipt requested.  CAL. CIV. PROC. CODE § 415.40.  In every case, the mailing was returned to the Tribes either unclaimed or marked undeliverable at that address.  Publication Chart at B.1 - B.8.  The Tribes have exhausted all efforts that could reasonably be expected of a plaintiff with a good faith desire to complete service.

For individuals whose whereabouts in California were not known, the Tribes undertook similarly diligent efforts to obtain a current and correct address so that personal service could be effected.  For those individuals who listed post office boxes for addresses, the Tribes submitted to the Postal Service a Request for Change of Address or Boxholder Information Needed for Service of Legal Process.  Vitale Aff. ¶ 4.  If the Postal Service provided a new address, personal service was attempted at that address.  *See*, *e.g.*, Publication Chart at C.9. (Joseph Dirosa and Carol Damon) and C.12. (Joel and Susan Geudtner).  In other cases, the Tribes sought to obtain current addresses by searching WestlawNext/Public Records or the electronic telephone directory website known as whitepages.com.  Vitale Aff. ¶ 6a-c; Morales Aff. ¶ 5a-c.  The

1 Tribes' process servers also conducted "skip traces" on certain individuals in order to determine whether the listed address is the location where that particular individual currently resides. A skip trace is a process used to locate a missing person using extensive public databases and other sources of information.

These efforts to obtain current addresses for these defendants proved to be unsuccessful. The Tribes consulted the sources most likely to yield information about the whereabouts of these defendants. The Tribes diligently pursued every relevant piece of information and employed a large variety of means to obtain current addresses. These efforts satisfy the reasonable diligence standard.

## C.  DEFENDANTS' WHEREABOUTS KNOWN

The third group of defendants consists of those individuals whose whereabouts are known but the process server was unable to find the owner of the property at that address, or the person present at that address evaded service. In most cases, the Tribes' process server attempted to serve the defendant at his or her current address at least three or four times. In several situations it appeared no one was home. However, in certain situations it appeared that someone was home but no one answered the door. *See*, *e.g.* Publication Chart at D.4. (David Dickson) and D.15. (Daniel Ruiz). For these individuals, the Tribes attempted substitute service by following the California statute that authorizes mailing the defendant copies of the summons and complaint with a request to acknowledge receipt. CAL. CIV. PROC. CODE § 415.30. If the defendant signs the acknowledgment, he or she waives further service of process. Although the California statute does not require mailing by certified mail, return receipt requested, the Tribes used this form of mailing in order to be able to verify that the individual received the summons and complaint for both Tribes. Several individuals signed the acknowledgment form thus waiving service of process; however, 24 defendants did not. Out of these 24 defendants, 12 returned the signed receipt card. *See* Publication Chart at D.2. (Licinio and Ramona Brandao); D.3. (Patricia Canale); D.5. (Brandon Firth); D.6. (Victoria Freeman); D.7. (Robert Lohnes); D.8. (Shaunna Avila McClure); D.9. (Donald and Sheila McIntosh); D.10. (Corrina Michalak); D.12. (Tyler Nagel); and D.13. (Maria Ortiz). In none of these cases, however, did any

1 defendant return a signed acknowledgment form. Thus, service was not effective for any of
2 these individuals.
3      Service by publication is justified under these circumstances. For those who returned the
4 signed receipt form, they have actual notice of the summonses and the Tribes' second amended
5 complaints. This notice satisfies the constitutional due process minimum. *Mennonite Bd. of*
6 *Missions v. Adams,* 462 U.S. 791, 800 (1983) (notice by mail or other means as certain to ensure
7 actual notice is the minimum the Constitution requires). Publication would simply provide an
8 additional assurance that they have been notified about this lawsuit and have the opportunity to
9 appear and defend their water uses. Moreover, California law provides that two or three
10 attempts to personally deliver the summonses and complaints to the defendants at their known
11 address is sufficient to justify service by other means. *Bein v. Brechtel-Jochim Group, Inc.*, 8
12 Cal. Rptr. 2d 351, 353 (Cal. Ct. App. 1992). The Tribes employed service by mail and
13 acknowledgment, but that too was unsuccessful as to these defendants. Service by publication is
14 therefore justified.

15 **D.     FORECLOSURE PROCEEDINGS**

16      The fourth group consists of six properties that are subject to ongoing foreclosure
17 proceedings in which the sale has not yet occurred and the "foreclosed" owner cannot be located
18 or the sale has occurred but the new owner's identity has not been determined. When the Tribes
19 learned that the property was subject to foreclosure proceedings, they identified the bank's
20 trustee and contacted that entity by letter or telephone to determine the date of the foreclosure
21 sale and related information. Vitale Aff. ¶ 7. Thus far, to the best of our knowledge, one
22 foreclosure proceeding has been completed, but for various reasons the identity of the new
23 owner could not be ascertained. The Tribes searched WestlawNext/Public Records and several
24 real estate websites in an effort to ascertain the new owner, but those efforts were not successful.
25 To the best of our knowledge, foreclosure proceedings on the other five properties have not yet
26 been completed. The Tribes will continue to monitor these and inform the Court if the identity
27 of the new owners can be determined before service by publication has been completed.
28

1  Personal service will be attempted on the new owners.  These efforts satisfy the requirement of
2  reasonable diligence.
3  **E.    PUBLICATION PROCEDURES**
4        As noted, California law requires publication in a newspaper "that is most likely to give
5  actual notice to the party to be served," although if a proper method of service is followed, due
6  process is satisfied even if it does not result in the defendant receiving actual notice.  CAL. CIVIL
7  PROC. CODE § 415.50(b).  The summons must be published once a week for four successive
8  weeks.  *Id.*; CAL. GOV. CODE § 6064.  To satisfy this requirement, the Tribes propose to post
9  their summonses in newspapers that are published in or near the town or city where the
10  defendant is most recently known to reside, as nearly as can be ascertained.  The Tribes will
11  follow this procedure for both in-state and out-of-state residents.  The summonses for both
12  second amended complaints will be published at the same time, with identification of those
13  defendants located in the area where the newspaper is published.   Accordingly, the Tribes
14  propose to publish in the following newspapers:  Anza Valley Outlook (Anza, CA); Calaveras
15  Enterprise (San Andreas, CA); High Country Journal (Anza and Aguanga, CA); Houston
16  Chronicle (Houston, TX); La Jolla Village News (La Jolla, CA); La Pine Weekly News (La Pine,
17  OR); Las Vegas Sun (Las Vegas, NV); Laughlin Nevada Times (Laughlin, NV); Long Beach
18  Press Telegram (Long Beach, CA); Los Angeles Times (Los Angeles, CA); Malibu Times
19  (Malibu, CA); Marietta Daily Journal (Marietta, GA); Midlothian Mirror (Waxahacie, TX);
20  North County Times (San Diego and Riverside Counties, CA); Orange County Register (Orange
21  County, CA); San Diego Union Tribune (San Diego, CA); The Acorn (Agoura Hills, CA); The
22  Alpine Sun (San Diego, CA); The Coast News (Encinitas, CA); The Daily Breeze (Torrance,
23  CA); The Desert Sun (Palm Springs, CA); The Friday Flyer (Canyon Lake, CA); The Press
24  Enterprise (Riverside, CA); The Spectrum (St. George, UT); The Times News (Nephi, UT); and
25  Yuma Sun (Yuma, AZ).
26                               **III.  CONCLUSION**
27        With its large number of defendants and the absence of a current list of parties subject to
28  this Court's jurisdiction, this case presented enormous challenges in completing service.  The
    Tribes have undertaken extraordinary efforts to develop a current list of defendants subject to the

1  Tribes' claims and to personally serve them according to this Court's orders.  This final step is

2  necessary in order to ensure that every defendant has notice of the Tribes' claims and the

3  opportunity to defend their water use and claims.  The Tribes persistent efforts over many

4  months satisfy the reasonable diligence standard.  The motion should be granted.

Date:   July 22, 2011                    Respectfully submitted,

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
11140 S. Coast Hwy. 101
Encinitas, California  92024
Tel:  760/942-8505; Fax: 760/942-8515
Email: marco@coastlawgroup.com

McELROY, MEYER, WALKER & CONDON, P.C.

       */s/ Scott B. McElroy*
By: _____
Scott B. McElroy (Pro Hac Vice)
M. Catherine Condon (Pro Hac Vice)
1007 Pearl Street, Suite 220
Boulder, Colorado
Tel: 303/442-2021; Fax: 303/444-3490
E-mail: sbmcelroy@mmwclaw.com
E-mail: ccondon@mmwclaw.com

*Attorneys for Plaintiff-Intervener,*
*Cahuilla Band of Indians*

ALEXANDER, BERKEY, WILLIAMS &
WEATHERS LLP

       */s/ Curtis G. Berkey*
By:_____
Curtis G. Berkey
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510/548-7070; Fax: 510/548-7080
E-mail: cberkey@abwwlaw.com

*Attorneys for Plaintiff-Intervener,*
*Ramona Band of Cahuilla*