1

2   Marco A. Gonzalez (SBN 190832)
    COAST LAW GROUP, L.L.P.
3   1140 S. Coast Hwy 101
    Encinitas, California 92024
4   Tel: 760-942-8505, Fax: 760-942-8515
    marco@coastlawgroup.com
5

6   Scott B. McElroy (Pro Hac Vice)
    M. Catherine Condon (Pro Hac Vice)
    McELROY, MEYER, WALKER & CONDON, P.C.
7   1007 Pearl Street, Suite 220
    Boulder, Colorado  80302
8   Tel:  303-442-2021, Fax: 303-444-3490
    smcelroy@mmwclaw.com
9   ccondon@mmwclaw.com
    *Attorneys for Plaintiff in Intervention,*
10    *Cahuilla Band of Indians*

11  Curtis G. Berkey (SBN 195485)
    Scott W. Williams (SBN 097966)
12  BERKEY WILLIAMS LLP
    2030 Addison Street, Suite 410
13  Berkeley, CA 94704
    Tel: 510-548-7070, Fax: 510-548-7080
14  cberkey@abwwlaw.com
    swilliams@abwwlaw.com
15  *Attorneys for Plaintiff in Intervention*
        *the Ramona Band of Cahuilla*
16

17              **IN THE UNITED STATES DISTRICT COURT**
                 **SOUTHERN DISTRICT OF CALIFORNIA**

18  UNITED STATES OF AMERICA,      )    Case No. 51-cv-1247-GT-RBB
                                   )
19          Plaintiff,             )
                                   )
20  RAMONA BAND OF CAHUILLA,       )    **MEMORANDUM OF POINTS AND**
    CAHUILLA BAND OF INDIANS,      )    **AUTHORITIES IN SUPPORT OF JOINT**
21  federally recognized Indian tribes, )  **MOTION FOR ORDER RE:**
                                   )    **SUCCESSORS-IN-INTEREST**
22          Plaintiffs in Intervention, )
                                   )
23          v.                     )
                                   )    Hearing Date: No hearing date set
24  FALLBROOK PUBLIC UTILITY       )    Time:
    DISTRICT, a public service corporation )  Courtroom:    8
25  of the State of California, et al., )
                                   )    Hon. Gordon Thompson, Jr.
26          Defendants.            )
                                   )
27  —————————————————————————————

28

    Memorandum of Points & Authorities                          Case No. 51-cv-1247

Pursuant to Rule 25(a) and (c) of the Federal Rules of Civil Procedure, Plaintiffs in Intervention, Ramona Band of Cahuilla and Cahuilla Band of Indians (collectively "Tribes"), submit this memorandum in support of the accompanying *Joint Motion for Order re: Successors-in-Interest*. The Tribes seek an order addressing the obligations of the parties when, during the pendency of this action, a defendant either (1) dies; or (2) transfers a property interest that is subject to this action to a third party. Specifically, the Tribes request this Court to confirm that in the event a defendant dies, Rule 25 does not require substitution unless a formal statement noticing the death is filed on the record. The Tribes also request this Court to confirm that once they complete service of process on a property owner, they are under no obligation to monitor for the subsequent deaths of defendants or transfers of property interests, to serve process on any successors-in-interest, or to seek substitution under Rule 25. Rather, the Tribes seek an order clarifying that it is the responsibility of the defendants to provide notice of death or transfers of interests, and, if they wish, to seek substitution of a new party. Any other ruling would place a nearly insurmountable burden and cost on the Tribes to regularly search real property and death records maintained throughout the United States and to make arrangements for the appearance of successors-in-interest. The resulting uncertainty would call into question the stability of any final judgment the Court enters in this action.

## I. <u>ARGUMENT</u>

**A.     RULE 25 DOES NOT REQUIRE SUBSTITUTION.**

Under Rule 25, if a defendant dies and no statement noticing the death is filed with the court, substitution is not required and this action may proceed against the deceased party's property interest. Similarly, if a defendant who was already served with process transfers a property interest during the pendency of this action, substitution is not required and this action may proceed against the original party.

**1.    Deceased Parties.**

Rule 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representatives.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, by the plain terms of Rule 25(a)(1), if a party dies and no statement noting the death appears in the record, the action may proceed against the deceased party and the deceased party's interest in the litigation.  *See*, *e.g.*, *Ciccone v. Sec'y of Dep't of Health & Human Servs.*, 861 F.2d 14, 15 n.1 (2d Cir. 1988); *Coffee v. Cutter Biological*, 809 F.2d 191, 193 n.1 (2d Cir. 1987).  Indeed, courts lack jurisdiction to substitute a party following death unless a formal statement noticing the death is first filed on the record.  *Younts v. Fremont County, Iowa*, 370 F.3d 748, 752 (8th Cir. 2004) (neither can court substitute parties unless statement is also followed by motion for substitution).  If a formal statement of death appears in the record, however, then a party must within 90 days move for substitution in order to avoid dismissal of the action as to the deceased party and the deceased party's interest in the litigation.  If a motion for substitution is not timely filed, the judgment in this action would not bind any successors-in-interest.  *See*, *e.g.*, *Russell v. City of Milwaukee*, 338 F.3d 662, 667-68 (7th Cir. 2003); *but see Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (extension of ninety day deadline may be liberally granted).

**2.    Transfers of Interest.**

Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  As noted by the Ninth Circuit, "'[t]he most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred.'"  *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1958 (2d ed. 1986)).  "'Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the

action to continue unabated when an interest in the lawsuit changes hands.'" *Id.* (quoting *In re Covington Grain Co.,* 638 F.2d 1362, 1364 (5th Cir.1981)).   Put differently, substitution is "not mandatory" when a transfer of interest occurs.  *Dodd v. Pioche Mines Consol., Inc.*, 308 F.2d 673, 674 (9th Cir. 1962) (per curiam); *Sun-Maid Raisin Growers of Cal. v. Cal. Packing Corp.*, 273 F.2d 282, 284 (9th Cir. 1959); *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949).   "'The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named.'"  *In re Bernal*, 207 F.3d at 598 (quoting 7C FEDERAL PRACTICE AND PROCEDURE § 1958); *see Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 179 (1973) ("Persons acquiring an interest in property that is a subject of litigation are bound by, or entitled to the benefit of, a subsequent judgment, despite a lack of knowledge.") (citation omitted).  Successors need not be served with the complaint in order to be bound.

**B.      RULE 25 IS PARTICULARLY SUITED TO WATER RIGHTS LITIGATION.**

Rule 25 applies and, in fact, is particularly suited to water rights litigation, which typically involves numerous parties, property owners, and claimants.  In resolving this motion, this Court may wish to consider the procedures and standards adopted by a federal district court in Nevada in a similar Indian water rights case.  In a pending stream adjudication involving the federal reserved water rights of the Walker River Paiute Tribe in Nevada, the United States and the tribe sought a pre-trial order addressing the treatment of successors-in-interest following both *inter vivos* transfers of interest and the deaths of defendants.  The magistrate judge entered an order finding that successors-in-interest following *inter vivos* transfers "need not be re-served, but will be bound by the results of this litigation."  *Amended Order Concerning Service Issues Pertaining to Defendants Who Have Been Served* ¶ 2, *United States v. Walker River Irrigation Dist.*, Nos. 3:73-cv-00127-ECR-LRL, 3:73-cv-00128-ECR-LRL (D. Nev. Sept. 6, 2011) ("Magistrate Order"), attached as Exhibit 1.  Consistent with Rule 25, the magistrate judge further held that "[t]he action will continue in the name of the served defendant until such time as the served defendant and any successor(s)-in-interest file an agreement and motion seeking

the substitution of the successor(s)-in-interest for the served defendant and the Court approves that substitution." *Id.* ¶ 3.  The order appropriately places the burden for substituting the successor on the defendant who transferred the interest, rather than on the plaintiff.

With respect to successors-in-interest following the deaths of defendants, the magistrate judge found that if a formal statement noting the death of a defendant is filed on the record, then a party must move for substitution within 90 days in order to bind the successors-in-interest.  *Id.* ¶ 10.  In the absence of a formal statement noting the death, however, "the case may proceed against the original named parties . . . and will bind any and all successors-in-interest."  *Id.* ¶ 11. In addition, the magistrate judge required the defendants to "regularly provide" new water right ownership information to the court and the plaintiffs so that "[t]his information may be used to provide notice of the pending proceedings to any new water rights owners."  *Id.* ¶ 20.

Certain defendants objected to the Magistrate Order, but the district court judge affirmed all of the above-described rulings.  *United States v. Walker River Irrigation Dist.*, Nos. 3:73-cv-00127-ECR-WGC, 3:73-cv-00128-ECR-WGC, 2012 WL 1424178, at *5-*9, *13 (D. Nev. Apr. 23, 2012).  First, after reviewing Rule 25(c), applicable case law, and other relevant authorities, the district court held that successors-in-interest to *inter vivos* transfers are bound by a judgment even if they were neither served nor substituted in as a party.  *Id.* at *5-*7.  As the court put it:

> if successors-in-interest are not bound by a judgment concerning property that is transferred, "the stabilizing effect of a judgment concerning the property could indefinitely be postponed by successive transfers." . . . Ruling otherwise would place an interminable burden on Plaintiffs to continuously track down successors-in-interest after spending decades serving water right holders, and would call into question the stability of any judgment entered in the action.

*Id.* at *6 (quoting Restatement (Second) of Judgments § 44 (1982)).

Second, with respect to successors-in-interest resulting from the deaths of original defendants, the court found that "[i]n a case dealing with the water rights of several thousand claimants, the burden of keeping track of the deaths of any originally-served parties and personally serving and substituting the successors is heavy," so "[i]f no suggestion of death is

1   made to the court, the action may proceed against the originally named parties." *Id.* at *7 (citing

2   *Ciccone*, 861 F.2d at 15 n.1).

3       Third, the court upheld the magistrate judge's requirement that the defendants must

4   regularly update the court and the plaintiffs regarding changes in water rights ownership, as

5   opposed to requiring the plaintiffs to search and examine the public records to determine such

6   changes. *Id.* at *8.

7       Fourth, the court rejected the defendants' due process argument, holding that "[t]he

8   Magistrate Judge's ruling that parties *may* be substituted, but . . . need not be in order to be

9   bound, is in accordance with the law in cases of this nature." *Id.* at *9.  The court reiterated that

10  "[r]equiring Plaintiffs to continually track successors-in-interest and serve them would constitute

11  an incredible burden, and the Magistrate Judge's ruling gives fair consideration to that fact and

12  harmonizes with the law concerning substitution." *Id.*

13      In sum, *Walker River* is consistent with the plain terms of Rule 25 and the well-

14  established law thereunder.  Rule 25 does not require that successors-in-interest via *inter vivos*

15  transfers be substituted in order to be bound by a judgment in a stream adjudication.  Neither

16  does Rule 25 require successors-in-interest resulting from the deaths of parties to be substituted

17  in order to be bound by such a judgment, unless a formal statement noting the death is first filed

18  on the record.

19  **C.   THE DEFENDANTS SHOULD HAVE THE RESPONSIBILITY FOR NOTICE**
20  **OF SUCCESSORS AND SUBSTITUTION.**

21      For nearly five years, the Tribes have devoted considerable time and effort to locating

22  and serving the approximately 2,000 property owners subject to the Tribes' water rights claims.

23  *See Memorandum of Points and Authorities in Support of Joint Motion for Authorization to*

24  *Serve Process by Publication on Certain Defendants* at 1-10 (July 22, 2011); *Order* at 2

25  (Apr. 14, 2010); *Status Report Submitted by Cahuilla Band of Indians and the Ramona Band of*

26  *Cahuilla* at 2-3 (Feb. 22, 2010); *Plaintiff-Intervenors' Memorandum of Points and Authorities in*

27  *Support of Joint Motion for Order on Service and Notification of Tribal Water Rights Claims* at

28

3-5 (Apr. 20, 2007).  Requiring the Tribes to continuously monitor changes in land ownership and deaths among this large group of defendants and to track down successors-in-interest would place an additional costly burden on the Tribes.  *See Walker River* at *5, *7, *9.  Rule 25 does not require the Tribes to bear such a responsibility.  Considerations of judicial economy and the facilitation of reasonable case management require that the process of service must become final at some definite point in time.  *See* Magistrate Order at 2 ("service of the pleadings in these actions must have a defined end point").  The Tribes have completed service on all of the defendants, which satisfies the requirement to prepare the case for trial "with diligence."  CivLR 16.1(b).  Moreover, ensuring the finality of any judgment entered in this case requires that successors be bound by that judgment.  *See Walker River* at *5.

An order clarifying that the Tribes are under no obligation to regularly search the public records to determine when defendants die or transfer their property interests will avoid uncertainty, and facilitate the efficient and expeditious handling of this case if the stay of litigation is lifted.  *See* FED. R. CIV. P. 16(a)(1)-(3), (d) (court may issue pre-trial orders to expedite disposition of an action, avoid protracted litigation due to lack of management, and discourage wasteful pre-trial activities).  Such an order will also remove doubts as to the finality of any judgment as against successors-in-interest.  The Tribes also suggest that the order should require defendants to notify the Court and the other parties of any transfers of interest.  *See*, *e.g.*, *Walker River* at *8.  Further, the Tribes suggest that the Court approve the "Motion Substituting Party" as a form that may be used, but need not, by defendants and their successors-in-interest, attached as Exhibit 2.

## II.  <u>CONCLUSION</u>

Except in the circumstance where a statement is filed on the record to notify the Court and parties of a defendant's death, the Tribes are under no obligation to seek the substitution of successors-in-interest in this litigation and, as a matter of law this Court's judgment will bind any non-substituted successors-in-interest.  For these reasons, the Tribes respectfully request this Court grant their joint motion in accordance with the proposed order lodged with the Court.

1    Respectfully submitted this 3rd day of August, 2012.

2                                                   Marco A. Gonzalez (SBN 190832)
                                                    COAST LAW GROUP LLP
3                                                   1140 S. Coast Hwy 101
                                                    Encinitas, California 92024
4                                                   Tel:  760-942-8505, Fax:  760-942-8515
                                                    marco@coastlawgroup.com
5
                                                    Scott B. McElroy (Pro Hac Vice)
6                                                   M. Catherine Condon (Pro Hac Vice)
                                                    McELROY, MEYER, WALKER
7                                                     & CONDON, P.C.
                                                    1007 Pearl Street, Suite 220
8                                                   Boulder, Colorado  80302
                                                    Tel:  303-442-2021, Fax: 303-444-3490
9                                                   smcelroy@mmwclaw.com
                                                    ccondon@mmwclaw.com
10
                                                            */s/ Scott B. McElroy*
11                                                  By:_____
12                                                          Scott B. McElroy

13                                                  *Attorneys for Plaintiff in Intervention,*
                                                      *the Cahuilla Band of Indians*
14

15                                                  Curtis G. Berkey (SBN 195485)
                                                    Scott W. Williams (SBN 097966)
16                                                  BERKEY WILLIAMS LLP
                                                    2030 Addison Street, Suite 410
17                                                  Berkeley, CA 94704
                                                    Tel: 510-548-7070, Fax: 510-548-7080
18                                                  cberkey@abwwlaw.com
                                                    swilliams@abwwlaw.com
19
                                                            */s/ Curtis G. Berkey*
20                                                  By:_____
21                                                          Curtis G. Berkey

22                                                  *Attorneys for Plaintiff in Intervention*
                                                      *the Ramona Band of Cahuilla*
23

24

25

26

27

28