1

2

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | IN EQUITY NO. C-125-ECR |
| | ) | Subproceedings: C-125-B & C-125-C |
| WALKER RIVER PAIUTE TRIBE, | ) | 3:73-CV-00127-ECR-LRL & |
| | ) | 3:73-CV-00128-ECR-LRL |
| Plaintiff-Intervenor, | ) | |
| vs. | ) | |
| | ) | |
| WALKER RIVER IRRIGATION DISTRICT, | ) | AMENDED ORDER |
| a corporation, et al., | ) | **CONCERNING SERVICE ISSUES** |
| | ) | **PERTAINING TO DEFENDANTS** |
| Defendants. | ) | **WHO HAVE BEEN SERVED** |
| | ) | |
| MINERAL COUNTY, | ) | |
| | ) | |
| Proposed-Plaintiff-Intervenor | ) | |
| vs. | ) | |
| | ) | |
| WALKER RIVER IRRIGATION DISTRICT | ) | |
| a corporation, et al. | ) | |
| | ) | |
| Proposed Defendants. | ) | |

In the C-125-B and C-125-C subproceedings, the Court has required the United States of

America ("United States") and the Walker River Paiute Tribe ("Tribe") (Plaintiff and Plaintiff-

Intervenor in Subproceeding C-125-B) and Mineral County (Proposed Plaintiff-Intervenor in

Subproceeding C-125-C) (collectively the "Plaintiff Parties") to serve significant numbers of

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

1

**EXHIBIT 1**

water rights holders in the Walker River Basin.[1]  In their respective subproceedings, the Plaintiff Parties have engaged in extensive service efforts on these water rights holders over a number of years.  This Order addresses several overlapping service issues that have emerged from these efforts and are common to both subproceedings.

Having reviewed and considered the record concerning service in these subproceedings, and the related filings and arguments of counsel, the Court has concluded that, with regard to defendants who have been served, service of the pleadings in these actions must have a defined end point and the Plaintiff Parties should be relieved of the duty (1) to track such defendants perpetually, (2) to re-serve them if and when they acquire additional water rights in the same subproceeding, or (3) to serve successors-in-interest to water rights if and when defendants who have been served transfer any of these rights.  In the interest of ensuring that service will have an end point, this Order addresses the treatment and finality of service with respect to defendants who transfer their claims to water rights after having been served, defendants who have been served and acquire additional claims to water rights at issue in the same subproceeding, and the obligations of named defendants who transfer a claim to water right prior to service.  This Order also addresses the treatment of successors-in-interest to claims to water rights following the death of a defendant who has been served.

NOW THEREFORE, the Court FINDS and ORDERS as follows:

---

[1]  To date, for example, the United States reports that it has served over 3,800 persons and entities pursuant to this Court's Case Management Order, (C-125-B Doc. 108), and Mineral County reports that it has served over 1,000 Walker River Decree water rights holders, (C-125-C Doc. 496).

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

2

**EXHIBIT 1**

**I.**     <u>**Treatment of Successors-in-Interest As a Result of an Inter Vivos[2] Transfer:**</u>

1. The Court finds that after litigation has been commenced, the substitution or joinder of a successor-in-interest is governed by Federal Rule of Civil Procedure 25 ("Fed. R. Civ. P. 25"). <u>Hilbrands v. Far East Trading Co.</u>, 509 F.2d 1321, 1323 (9th Cir. 1975); <u>Fischer Bros. Aviation, Inc. v. NWA, Inc.</u>, 117 F.R.D. 144, 146 (D. Minn. 1987) (citing <u>Froning's, Inc. v. Johnston Feed Serv.</u>, 568 F.2d 108, 110 (8th Cir. 1978)); <u>P P Inc. v. McGuire</u>, 509 F. Supp. 1079, 1083 (D.C.N.J. 1981) (citing 7A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1958 (1972)). Fed. R. Civ. P. 25(c) governs the substitution of successors-in-interest that are the result of an *inter vivos* transfer and provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

2. "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest is transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor-in-interest even though he is not named." <u>In re Bernal</u>, 207 F.3d 595, 598 (9th Cir. 2000) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1958 (2d Ed.1986)); <u>see also</u> <u>Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.</u>, 13 F.3d 69, 71 (3d Cir.1993); <u>P P Inc. v. McGuire</u>, 509 F. Supp. at 1083 (citing <u>Froning's, Inc.</u>, 568 F.2d

---

[2] *Inter vivos* means among the living.  Transfers that occur because a served defendant has died are addressed below

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

3

**EXHIBIT 1**

PLEAC-00007375

108).  Thus, where a defendant has been served in a subproceeding and subsequently sells or otherwise conveys a water right or portion of a water right subject to that subproceeding, a successor-in-interest need not be re-served, but will be bound by the results of this litigation.

3.  Once a defendant has been served in a subproceeding, the burden of keeping track of *inter vivos* transfers of the defendant's water rights in that subproceeding and substituting the defendant's successors-in-interest properly is born by the defendant and its successor(s)-in-interest.  The action will continue in the name of the served defendant until such time as the served defendant and any successor(s)-in-interest file an agreement and motion seeking the substitution of the successor(s)-in-interest for the served defendant and the Court approves that substitution.

4.  If a defendant who has been served in a subproceeding subsequently sells or otherwise conveys a water right or a portion of a water right subject to that subproceeding, that defendant and its successor(s)-in-interest may move for substitution pursuant to Fed. R. Civ. P. 25(c).

5.  If the Court approves the substitution of a successor-in-interest for a served defendant in a subproceeding, the action will continue against the successor-in-interest, who will be treated as a served defendant for the pendency of the subproceeding and shall be bound by the requirements of this Order and all prior and subsequent Orders in that subproceeding.

---

in Section II.

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

4

**EXHIBIT 1**

PLEAC-00007376

6. If a defendant who has been served in a subproceeding subsequently acquires additional water rights that are subject to that subproceeding, the prior service on the defendant shall be effective as to all water rights held by that defendant, including any rights acquired subsequent to service.

7. The Court has approved the attached forms (Attachments A and B) for use by defendants and their successors-in-interest in subproceedings C-125-B and C-125-C, respectively, under the above circumstances. Attachments A and B set forth a joint motion by which both the current defendant and its successor(s)-in-interest may identify the rights transferred and indicate their agreement that the successor(s)-in-interest be substituted into the applicable subproceeding for the water rights addressed. These forms are not the exclusive means by which successors-in-interest may be substituted into this action.

II.   **Treatment of Successors-in-Interest As a Result of a Death:**

8. The Court finds that Fed. R. Civ. P. 25(a) governs substitution of successors-in-interest as a result of a death and provides, in relevant part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). If no such notice or suggestion of death is made on the record, the case may proceed to judgment with the original named parties. 4 James Wm. Moore et al., Moore's Federal Practice § 25.12[5], 25-20 (3d ed. 1997) (citing Ciccone v. Sec'y of Dep't of Health and Human Servs., 861 F.2d 14, 15 n.1 (2d Cir. 1988)).

9. "Service of a statement noting the death" means the filing on the record in the applicable subproceeding(s) and service of a statement that identifies the successor(s) to the estate

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

5

**EXHIBIT 1**

PLEAC-00007377

who may be substituted for the decedent. <u>McSurely v. McClellan</u>, 753 F.2d 88, 98 (D.C. Cir. 1985); <u>Rende v. Kay</u>, 415 F.2d 983, 985-86 (D.C. Cir. 1969); <u>Kessler v. Southeast Permanente Med. Group of NC, P.A.</u>, 165 F.R.D. 54, 56 (E.D.N.C. 1995) (citing 7C Charles A. Wright, et al., <u>Federal Practice and Procedure</u> § 1955 (1986 and Supp.1995)); <u>see also</u> Fed. R. Civ. P. 25(a)(3) (service requirements for a statement noting death).  Any statement noting the death of a defendant must be filed in all applicable subproceeding(s). In other words, if a decedent is only a defendant in subproceeding C-125-B, the notice need only be filed in that case.  If, however, the decedent is a defendant in C-125-B and C-125-C, the notice must be filed in both subproceedings.  A notice filed in one subproceeding shall not be construed as "service of a statement noting the death" in the other subproceeding for purposes of complying with this Order or FRCP 25(a).

10. Should a death be formally noted on the record by service of a statement noting the death that is filed in the appropriate subproceeding(s), the Tribe and United States, in the case of C-125-B defendants, or Mineral County, in the case of C-125-C defendants, or any other party or the decedent's representative and/or successor(s)-in-interest shall move for substitution of the proper successor-in-interest within 90 days of such notice pursuant to Fed. R. Civ. P. 25(a).  The 90-day period may be extended pursuant to Rule 6(b), which provides the Court the discretion to enlarge this period. Fed. R. Civ. P. 6(b); <u>see also</u> Fed. R. Civ. P. 6(b) 1963 amendment advisory committee's note to 1963 amendment; Fed. R. Civ. P. 25(1)(1) advisory committee's note to 1963 amendment.

11. Absent service of a statement noting the death in a subproceeding, the case may proceed against the original named parties in that subproceeding and will bind any and all successors-in-interest.

12. If a successor-in-interest is already defendant in either subproceeding as a joint tenant or pursuant to other joint ownership of the right(s) owned by the decedent, no action is required and the subproceeding will continue against the successor-in-interest.

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

6

**EXHIBIT 1**

**III.**     <u>Treatment of Defendants in Subproceeding No. C-125-C Who Transferred Their Interest(s) Prior to Service:</u>

13. The provisions of this Section III pertain only to Subproceeding C-125-C. The approved Service Package in Subproceeding C-125-B already includes an *Order – Disclaimer of Interest* and form entitled *Disclaimer of Interest in Water Rights and Notice of Related Information and Documentation Supporting Disclaimer* to address this issue. If any person or entity receiving service by mail or personal service has no interest in any water right subject to subproceeding C-125-C, that person or entity shall notify the Court and Mineral County in writing of that fact.

14. If such a person or entity sold or otherwise conveyed ownership of *all* water rights subject to Subproceeding C-125-C before being served or otherwise brought into Subproceeding C-125-C, in addition to disclaiming any interest in C-125-C, that person or entity shall include a notice providing the same successor-in-interest information required to be included in a motion for substitution.

15. The form and substance of the disclaimer and notice for C-125-C shall substantially conform to the form attached to this Order as Exhibit C and shall be sent to the Court and counsel for Mineral County.

16. Any person or entity who files a Disclaimer of Interest using the attached form or provides information for this purpose by other means is ultimately responsible for the accuracy of that filing. Consequently, any person or entity who files a notice regarding water rights subject to this litigation, but retains such water rights, shall nevertheless be bound by the results of this litigation.

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

7

**EXHIBIT 1**

PLEAC-00007379

17. Following its receipt from any person or entity disclaiming any interest in any of the water rights at issue in this case, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss that person or entity from subproceeding C-125-C.

18. If Mineral County does not receive a Waiver of Service of Notice in Lieu of Summons and must personally serve a person or entity that subsequently files a Disclaimer of Interest pursuant to this Order, Mineral County will review the materials received, and, if appropriate, request that the Court dismiss the person or entity from subproceeding C-125-C, but that person or entity may be subject to paying the costs related to formal personal service on them.

**IV.    Notice to Parties**

19. The Plaintiff Parties shall provide periodic notice of developments in these proceedings to other parties in this proceedings by mail and by publication as directed by further order of this Court.

**V.    Duty to Provide Updated Information**

20. The Walker River Irrigation District, the Nevada State Engineer and the California Water Resources Control Board shall regularly provide updated water right ownership information to the Court and the Plaintiff Parties.  This information may be used to provide notice of the pending proceedings to any new water rights owners.

IT IS SO ORDERED.

Dated: _____9-6-11_____

_The Honorable Lawrence R. Leavitt_
_United States District Court Magistrate Judge_

C-125-B/C-125-C:  Revised Proposed Successor-in-Interest Order

**EXHIBIT 1**

PLEAC-00007380

**EXHIBIT 1**

PLEAC-00007381

# ATTACHMENT A

# ATTACHMENT A

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

# EXHIBIT 1

PLEAC-00007382

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | IN EQUITY NO. C-125-ECR |
| | ) | Subproceeding: C-125-B |
| WALKER RIVER PAIUTE TRIBE, | ) | 3:73-CV-00127-ECR-RAM |
| | ) | |
| Plaintiff-Intervenor, | ) | **REVISED PROPOSED FORM OF** |
| | ) | **JOINT MOTION FOR** |
| vs. | ) | **SUBSTITUTION OF PARTIES** |
| | ) | **FOLLOWING TRANSFER OF** |
| WALKER RIVER IRRIGATION DISTRICT, | ) | **INTEREST AND REQUEST FOR** |
| a corporation, et al., | ) | **HEARING** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This motion is filed in Subproceeding C-125-B, which involves pending claims for water rights in the Walker River by the United States and the Walker River Paiute Tribe. This motion is filed pursuant to Fed. R. Civ. P. 25(c) and this Court's *Order Concerning Service Issues Pertaining to Defendants Who Have Been Served* (# _____ ) and is filed jointly by _____, who is a current Counter-Defendant in this action ("Current Defendant") and has conveyed or otherwise transferred one or more of the water rights claims involved in this case to _____ ("Proposed Defendant"). The categories of water rights claims involved in this case are described in paragraph 3 of the Case Management Order previously entered by the Court.

By this motion, the Current Defendant and Proposed Defendant ask the Court to substitute the Proposed Defendant into this action in place of the Current Defendant regarding the specific water right(s) identified herein. The parties to this motion request a hearing on this motion if any objections are filed to this motion. If there are no objections, the parties to this motion consent to the Court entering an Order of Substitution without a hearing.

## I.    Identification of Current Defendant:

The undersigned Current Defendant in the above action hereby notifies the Court and the United States that the undersigned (or the entity on whose behalf I am acting) has sold or

C-125-B: Revised Proposed Form for Joint Motion for Substitution of Parties

## EXHIBIT 1

otherwise conveyed ownership of all or a portion of a water right or rights involved in this case to the Proposed Defendant and provides the following information:

    A.    The name and address of the Current Defendant who sold or otherwise conveyed ownership:

Name(s):
Street or P.O. Box:
Town or City:
State:
ZipCode:
Telephone Number:
E-mail Address:

    B.    Attorney Representation:

        ☐    Check here if the Current Defendant is <u>not</u> represented by counsel in this subproceeding.

        ☐    Check here if the Current Defendant is represented by counsel in this subproceeding.

If the Current Defendant is represented by counsel in this subproceeding, that attorney is identified below, along with his or her mailing address, telephone number, facsimile number, and e-mail address:

Attorney:
Address:

Telephone Number:
Fax Number:
E-mail Address:

## II.    Identification of Proposed Defendant:

The undersigned Proposed Defendant in the above action hereby notifies the Court and the United States that the undersigned (or the entity on whose behalf I am acting) has acquired ownership of all or a portion of a water right or rights involved in this case from the Current Defendant and provides the following information:

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

## EXHIBIT 1

PLEAC-00007384

    A.   The name and address of the Proposed Defendant who acquired the water right or rights at issue in this motion:

Name(s):
Street or P.O. Box:
Town or City:
State:
ZipCode:
Telephone Number:
E-mail Address:

    B.   Attorney Representation:

       ❑   Check here if the Proposed Defendant is <u>not</u> represented by counsel in this subproceeding.

       ❑   Check here if the Proposed Defendant is represented by counsel in this subproceeding.

If the Proposed Defendant is represented by counsel in this proceeding, that attorney is identified below, along with his or her mailing address, telephone number, facsimile number, and e-mail address:

Attorney:
Address:

Telephone Number:
Fax Number:
E-mail Address:

**III.   Identification of the Water Right(s) Addressed in this Motion:**

    A.   This motion addresses the following water right(s) that the Current Defendant has transferred or otherwise conveyed to the Proposed Defendant:

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

**EXHIBIT 1**

PLEAC-00007385

B. Attached to and included with this motion are true and correct copies of all documents by which the change in ownership addressed in this motion was accomplished (check all appropriate boxes):

☐  Deed(s)

☐  Court Order(s)

☐  Other Document(s)

IV.   **Request for Substitution:**

A. By this filing, the Current Defendant requests that the Proposed Defendant be substituted into this action as the Counter-Defendant in regard to the water right(s) identified in Section III.A.

B. By this filing, the Proposed Defendant agrees to be substituted into this action as the Counter-Defendant in regard to the water right(s) identified in Section III.A.

C. The undersigned Current Defendant and Proposed Defendant acknowledge that any person or entity who files this type of motion for substitution in this matter is ultimately responsible for the accuracy of this filing. Consequently, the undersigned Current Defendant and Proposed Defendant acknowledge that any defendant who files such a motion, but, in fact, retains the water rights addressed in this motion, shall nevertheless be bound by the results of this litigation.

D. Following the conveyance or transfer identified above, does the Current Defendant retain any water right or portion of a water right, including any rights not identified in Section III, that are involved in this case (fall within the water right categories set forth in paragraph 3 of the Case Management Order)?

☐     No.  Subsequent to the conveyance/transfer identified in this motion, I/we/entity do not own any other water rights that are involved in this case. As a result, I/we/entity submit that the Court may dismiss the Current Defendant from this subproceeding because I/we/entity no longer own any water rights that are subject to this subproceeding.

☐     Yes.  Subsequent to the conveyance/transfer identified in this motion, I/we/entity own other water rights that are involved in this case. As a result, the Current Defendant remains a Counter-Defendant in this subproceeding

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

**EXHIBIT 1**

based on the ownership of other water rights that are subject to this subproceeding.

**V.     Waiver of Service pursuant to Fed. R. Civ. P. 4:**

This Section applies to any Proposed Defendant that is not already a Counter-Defendant in this case based on its ownership of other water rights.  By its signature to this motion, the Proposed Defendant:

   A.   Acknowledges that I/we/entity (or the entity on whose behalf I am acting) have been made aware of the fact that the water right(s) described in Section III above are subject to this subproceeding, which is entitled *United States v. Walker River Irrigation District*, and which is docket number In Equity C-125, Subfile C-125-B, in the United States District Court for the District of Nevada, and that I am bound by all Orders in this subproceeding;

   B.   Acknowledges that I/we/entity (or the entity on whose behalf I am acting) need not be served separately or personally, pursuant to Fed. R. Civ. P. 4, with a Notice in Lieu of Summons, the instant motion or any other previous filing in this subproceeding;

   C.   Acknowledges that I/we/entity (or the entity on whose behalf I am acting) may file a NOTICE OF APPEARANCE AND INTENT TO PARTICIPATE in the Court at the address indicated in Section VII, below; and

   D.   Acknowledges that I/we/entity (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in service pursuant to Fed. R. Civ. P. 25(c) regarding this motion.

**VI.    Certifications and Acknowledgements:**

By this filing, the Current Defendant and Proposed Defendant acknowledge that:

A. Federal Rule of Civil Procedure 25(c) governs the substitution of successors-in-interest that are the result of a transfer, other than those resulting from the death of a defendant, and provides in relevant part that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party....";

B. Rule 25(c) does not require that anything be done after an interest is transferred, which means that the action may be continued by or against the original party, and the

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

**EXHIBIT 1**

PLEAC-00007387

judgment will be binding on his successor-in-interest even though the successor-in-interest is not named;

C.  Absent the filing of this or a similar motion, this action would continue in the name of the Current Defendant, but would nevertheless bind the Proposed Defendant and any future successors-in-interest to the results of the litigation;

D.  Other parties to the case, acting pursuant to the Federal Rules of Civil Procedure, may wish to file their position(s) regarding the merits of this motion, and may support, oppose or take no position on the merits of this motion;

E.  Following the filing of this motion, the action will continue in the name of the Current Defendant for the water right(s) identified herein until such time as the Court approves the substitution requested herein.  While substitution does not automatically dismiss a Current Defendant from this subproceeding, the Court may dismiss the Current Defendant if that Defendant no longer has any water rights subject to this proceeding.

**VII.   Filing and Service of this Motion:**

The Current Defendant and Proposed Defendant have filed this motion in the above action with the:

> Chief Deputy Clerk
> United States District Court for the
> District of Nevada
> 400 South Virginia Street, Suite 301
> Reno, Nevada  89501

and served a copy of this motion by mail on:

> Susan L. Schneider
> United States Department of Justice
> 999 - 18th Street, Suite 370
> Denver, CO 80202

PLEASE NOTE: Attorneys are reminded that they are required to comply with the electronic filing procedures of the U.S. District Court for District of Nevada.

"Attorneys who are admitted to the bar of this court, admitted to participate in a case pro hac vice, or who are authorized to represent the United States and its agencies, shall register as Filing Users of the System.  Registration shall be in the form prescribed by the Clerk of the Court and

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

**EXHIBIT 1**

by these Electronic Filing Procedures."  U.S. Dist. Ct., D. Nev., Electronic Filing Procedures (rev.  Aug. 24, 2006) at I.C.

**Signature of Current Defendant:**

_____          _____
(Signature)                                                    (Printed or typed Name)

Entity, if any, on whose behalf you are appearing:     _____

The forgoing instrument was signed before me this ____ day of _____, 20__ by _____.

State of _____

County of _____

_____
Signature of Notary

My Commission Expires:

**Signature of Proposed Defendant:**

_____          _____
(Signature)                                                    (Printed or typed Name)

Entity, if any, on whose behalf you are appearing:     _____

The forgoing instrument was signed before me this ____ day of _____, 20__ by _____.

State of _____

County of _____

_____
Signature of Notary

My Commission Expires:

C-125-B:  Revised Proposed Form for Joint Motion for Substitution of Parties

# EXHIBIT 1

# ATTACHMENT B

# ATTACHMENT B

# EXHIBIT 1

PLEAC-00007390

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>WALKER RIVER PAIUTE TRIBE,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>WALKER RIVER IRRIGATION DISTRICT,<br>a corporation, et al.,<br><br>Defendants.<br><br>MINERAL COUNTY,<br><br>Proposed-Plaintiff-Intervenor<br><br>vs.<br><br>WALKER RIVER IRRIGATION DISTRICT<br>a corporation, et al.<br><br>Proposed Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | IN EQUITY NO. C-125-ECR<br>Subproceeding: C-125-C<br>3:73-CV-00128-ECR-RAM<br><br><br>**PROPOSED FORM OF JOINT MOTION FOR SUBSTITUTION OF PARTIES FOLLOWING TRANSFER OF INTEREST AND REQUEST FOR HEARING** |

This motion is filed in Subproceeding C-125-C, which involves claims for water in the Walker River by Mineral County. This motion is filed pursuant to Fed. R. Civ. P. 25(c) and this Court's *Order Concerning Service Issues Pertaining to Defendants Who Have Been Served* (# _____ ) and is filed jointly by _____, who is a current Defendant in this action based on the ownership of one or more water rights claims under the Walker River Decree ("Current Defendant") and has conveyed or otherwise transferred one or more of these water rights claims to _____ ("Proposed Defendant").

## EXHIBIT 1

PLEAC-00007391

By this motion, the Current Defendant and Proposed Defendant ask the Court to substitute the Proposed Defendant into this action in place of the Current Defendant regarding the specific water right(s) identified herein. The parties to this motion request a hearing on this motion if any objections are filed to this motion. If there are no objections, the parties to this motion consent to the Court entering an Order of Substitution without a hearing.

**I.   Identification of Current Defendant:**

The undersigned Current Defendant in the above action hereby notifies the Court and Mineral County that the undersigned (or the entity on whose behalf I am acting) has sold or otherwise conveyed ownership of all or a portion of a water right or rights under the Walker River Decree to the Proposed Defendant and provides the following information:

A.   The name and address of the Current Defendant who sold or otherwise conveyed ownership:

Name(s):
Street or P.O. Box:
Town or City:
State:
Zip Code:
Telephone Number:
E-mail Address:

B.   Attorney Representation:

☐   Check here if the Current Defendant is <u>not</u> represented by counsel in this subproceeding.

☐   Check here if the Current Defendant is represented by counsel in this subproceeding.

If the Current Defendant is represented by counsel in this subproceeding, that attorney is identified below, along with his or her mailing address, telephone number, facsimile number, and e-mail address:

Attorney:
Address:

Telephone Number:
Fax Number:
E-mail Address:

**EXHIBIT 1**

**II.     Identification of Proposed Defendant:**

The undersigned Proposed Defendant in the above action hereby notifies the Court and Mineral County that the undersigned (or the entity on whose behalf I am acting) has acquired ownership of all or a portion of a water right or rights under the Walker River Decree from the Current Defendant and provides the following information:

A.  The name and address of the Proposed Defendant who acquired the water right or rights at issue in this motion:

Name(s):
Street or P.O. Box:
Town or City:
State:
Zip Code:
Telephone Number:
E-mail Address:

B.     Attorney Representation:

☐     Check here if the Proposed Defendant is <u>not</u> represented by counsel in this subproceeding.

☐     Check here if the Proposed Defendant is represented by counsel in this subproceeding.

If the Proposed Defendant is represented by counsel in this proceeding, that attorney is identified below, along with his or her mailing address, telephone number, facsimile number, and e-mail address:

Attorney:
Address:

Telephone Number:
Fax Number:
E-mail Address:

**EXHIBIT 1**

PLEAC-00007393

**III.**   **Identification of the Water Right(s) Addressed in this Motion:**

 A. This motion addresses the following water right(s) that the Current Defendant has transferred or otherwise conveyed to the Proposed Defendant:

 B. Attached to and included with this motion are true and correct copies of all documents by which the change in ownership addressed in this motion was accomplished (check all appropriate boxes):

   ☐ Deed(s)

   ☐ Court Order(s)

   ☐ Other Document(s)

**IV.**   **Request for Substitution:**

 A. By this filing, the Current Defendant requests that the Proposed Defendant be substituted into this action as the Counter-Defendant in regard to the water right(s) identified in Section III.A.

 B. By this filing, the Proposed Defendant agrees to be substituted into this action as the Counter-Defendant in regard to the water right(s) identified in Section III.A.

 C. The undersigned Current Defendant and Proposed Defendant acknowledge that any person or entity who files this type of motion for substitution in this matter is ultimately responsible for the accuracy of this filing.  Consequently, the undersigned Current Defendant and Proposed Defendant acknowledge that any defendant who files such a motion, but, in fact, retains the water rights addressed in this motion, shall nevertheless be bound by the results of this litigation.

 D. Following the conveyance or transfer identified above, does the Current Defendant retain any water right or portion of a water right under the Walker River Decree, including any rights not identified in Section III?

   ☐ No.  Subsequent to the conveyance/transfer identified in this motion, I/we/entity do not own any other water rights under the Walker River Decree.  As a result, I/we/entity submit that the Court may dismiss the Current Defendant from this subproceeding because I/we/entity no longer own any water rights that are subject to this subproceeding.

**EXHIBIT 1**

PLEAC-00007394

☐   Yes.  Subsequent to the conveyance/transfer identified in this motion, I/we/entity own other water rights under the Walker River Decree.  As a result, the Current Defendant remains a Counter-Defendant in this subproceeding based on the ownership of other water rights that are subject to this subproceeding.

## V.   Waiver of Service pursuant to Fed. R. Civ. P. 4:

This Section applies to any Proposed Defendant that is not already a Counter-Defendant in this case based on its ownership of other water rights.  By its signature to this motion, the Proposed Defendant:

A.  Acknowledges that I/we/entity (or the entity on whose behalf I am acting) have been made aware of the fact that the water right(s) described in Section III above are subject to this subproceeding, which is entitled *United States v. Walker River Irrigation District,* and which is docket number In Equity C-125, Subfile C-125-C, in the United States District Court for the District of Nevada, and that I am bound by all Orders in this subproceeding;

B.  Acknowledges that I/we/entity (or the entity on whose behalf I am acting) need not be served separately or personally, pursuant to Fed. R. Civ. P. 4, with a Notice in Lieu of Summons, the instant motion or any other previous filing in this subproceeding;

C.  Acknowledges that I/we/entity (or the entity on whose behalf I am acting) may file a NOTICE OF APPEARANCE AND INTENT TO PARTICIPATE in the Court at the address indicated in Section VII, below; and

D.  Acknowledges that I/we/entity (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in service pursuant to Fed. R. Civ. P. 25(c) regarding this motion.

## VI.   Certifications and Acknowledgements:

By this filing, the Current Defendant and Proposed Defendant acknowledge that:

A.  Federal Rule of Civil Procedure 25(c) governs the substitution of successors-in-interest that are the result of a transfer, other than those resulting from the death of a defendant, and provides in relevant part that "[i]f an interest is transferred, the action may be

**EXHIBIT 1**

PLEAC-00007395

continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party...";

B. Rule 25(c) does not require that anything be done after an interest is transferred, which means that the action may be continued by or against the original party, and the judgment will be binding on his successor-in-interest even though the successor-in-interest is not named;

C. Absent the filing of this or a similar motion, this action would continue in the name of the Current Defendant, but would nevertheless bind the Proposed Defendant and any future successors-in-interest to the results of the litigation;

D. Other parties to the case, acting pursuant to the Federal Rules of Civil Procedure, may wish to file their position(s) regarding the merits of this motion, and may support, oppose or take no position on the merits of this motion;

E. Following the filing of this motion, the action will continue in the name of the Current Defendant for the water right(s) identified herein until such time as the Court approves the substitution requested herein.  While substitution does not automatically dismiss a Current Defendant from this subproceeding, the Court may dismiss the Current Defendant if that Defendant no longer has any water rights subject to this proceeding.

## VII.   Filing and Service of this Motion:

The Current Defendant and Proposed Defendant have filed this motion in the above action with the:

> Chief Deputy Clerk
> United States District Court for the
> District of Nevada
> 400 South Virginia Street, Suite 301
> Reno, Nevada  89501

and served a copy of this motion on:

> Simeon Herskovits
> P.O. Box 1075
> El Prado, New Mexico 87529

PLEASE NOTE: Attorneys are reminded that they are required to comply with the electronic filing procedures of the U.S. District Court for District of Nevada.

## EXHIBIT 1

"Attorneys who are admitted to the bar of this court, admitted to participate in a case pro hac vice, or who are authorized to represent the United States and its agencies, shall register as Filing Users of the System.  Registration shall be in the form prescribed by the Clerk of the Court and by these Electronic Filing Procedures."  U.S. Dist. Ct., D. Nev., Electronic Filing Procedures (rev.  Aug. 24, 2006) at I.C.

**Signature of Current Defendant:**

_____          _____
(Signature)                                              (Printed or typed Name)

Entity, if any, on whose behalf you are appearing:  _____

The forgoing instrument was signed before me this ____ day of _____, 20__ by

_____.

State of _____

County of _____

_____

Signature of Notary

My Commission Expires:

**Signature of Proposed Defendant:**

_____          _____
(Signature)                                              (Printed or typed Name)

Entity, if any, on whose behalf you are appearing:  _____

The   forgoing   instrument   was   signed   before   me   this   ____   day   of   _____,   20__   by

_____.

State of _____

County of _____

# EXHIBIT 1

PLEAC-00007397

_____

Signature of Notary

My Commission Expires:

**EXHIBIT 1**

PLEAC-00007398

**ATTACHMENT C**

**ATTACHMENT C**

**EXHIBIT 1**

PLEAC-00007399

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | IN EQUITY NO. C-125-ECR |
| ) | Subproceeding C-125-C |
| WALKER RIVER PAIUTE TRIBE, ) | 3:73-CV-00128-ECR-RAM |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| vs. ) | **DISCLAIMER OF INTEREST IN** |
| ) | **WATER RIGHTS AND NOTICE** |
| WALKER RIVER IRRIGATION DISTRICT, ) | **OF RELATED INFORMATION** |
| a corporation, et al., ) | **AND DOCUMENTATION** |
| ) | **SUPPORTING DISCLAIMER** |
| Defendants. ) | |
| _____) | |
| MINERAL COUNTY, ) | |
| ) | |
| Proposed-Plaintiff-Intervenor ) | |
| vs. ) | |
| ) | |
| WALKER RIVER IRRIGATION DISTRICT ) | |
| a corporation, et al. ) | |
| ) | |
| Proposed Defendants. ) | |
| _____) | |

The undersigned counter-defendant in the above action hereby notifies the Court and

Mineral County that the undersigned (or the entity on whose behalf the undersigned is acting)

has no interest in any water right subject to the Walker River Decree, and therefore, **disclaims all**

**interest in this action**.

In addition, because the undersigned sold or otherwise conveyed ownership of all of the

water rights that the undersigned (or the entity on whose behalf the undersigned is acting) once

owned before the undersigned was served with a Waiver of Service of Notice in Lieu of

Summons or by a Notice in Lieu of Summons the undersigned provides the following additional

information:

C-125-C:  Disclaimer of Interest                                                      1

**EXHIBIT 1**

1.     The name and address of the defendant or defendants who sold or otherwise conveyed ownership:

_____
Name(s)

_____
Street or P.O. Box

_____
Town or City     State     Zip Code

2.     The name and address of each person or entity who acquired ownership

_____
Name(s)

_____
Street or P.O. Box

_____
Town or City     State     Zip Code

3.     Attached to or included with this notice is a copy of the (check appropriate box(es)):

     ☐     Deed

     ☐     Court Order

     ☐     Other Document

4.     The undersigned acknowledges that any person or entity who files a Disclaimer of Interest in this matter is ultimately responsible for the accuracy of this filing.

_____

*This notice shall be sent to the following two persons:

Chief Deputy Clerk
United States District Court for the
District of Nevada
400 South Virginia Street, Suite 301
Reno, Nevada  89501

<u>AND</u>

Simeon Herskovits
Advocates for Community and Environment
P.O. Box 1075
El Prado, NM 87529

C-125-C:  Disclaimer of Interest     2

**EXHIBIT 1**

PLEAC-00007401

1    Consequently, the undersigned acknowledges that any person or entity who

2    files such a notice, but, in fact, has water rights subject to this litigation, shall

3    nevertheless be bound by the results of this litigation.

4    Executed this ____ day of _____, 20__

5

6                                                    _____
                                                     [signature of defendant]
7

8                                                    _____
                                                     [name of defendant]
9

10                                                   _____
                                                     [signature, if applicable, of person
11                                                   acting on behalf of defendant]

12

13                                                   _____
                                                     [name, if applicable, of person acting
14                                                   on behalf of defendant]

15

16                                                   _____
                                                     [address]
17

18                                                   _____
19                                                   [telephone number]

20

21

22

23

24

25

26

27

28   C-125-C:  Disclaimer of Interest                                    3

**EXHIBIT 1**

PLEAC-00007402