JAMES L. MARKMAN (043536)
B. TILDEN KIM (143937)
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3101
Telephone: (213) 626-8484
Facsimile: (213) 626-0078

Attorneys for Specially Appearing
Defendant Robert Giffin

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>Proposed Plaintiff-Intervenors,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et. al.,<br><br>Defendants. | Case No. 51cv1247-LAB-RBB<br><br>**PARTIAL OPPOSITION TO TRIBES' MOTION FOR ORDER RE: SUCCESSORS-IN-INTEREST; DECLARATION OF ROBERT GIFFIN IN SUPPORT THEREOF**<br><br>Date:       TBA<br>Time:      TBA<br>Courtroom: TBA |

Partial Opposition

12663-0002\1487850v1.doc

## I.   INTRODUCTION

Specially appearing Robert Giffin, for himself, and others similarly situated, files this partial opposition to the Tribes' Joint Motion for Order Re: Successors-In-Interest. Giffin does not oppose the Tribes' motion as to the relief sought for deceased defendants under FRCP Rule 25(a). However, Giffin opposes the Tribes' motion under Rule 25(c), attempting to shift the Tribes' burden of identifying proper parties/properties who/that should be part of the adjudication to the served defendants. At a minimum, the Tribes should be required to give notice to successors-in-interest of properties within the area sought to be adjudicated.

As demonstrated in the attached declaration of Robert Giffin, the Tribes' motion ignores the reality that new information and technology services now exist that provide such "tracking" services at a relatively nominal cost. Giffin Decl. ¶¶ 4-7. This reality apparently has not yet been addressed by any court interpreting Rule 25(c). Because of these new developments, the Tribes should continue to bear these responsibilities because of the possible future dismissal of defendants not within the adjudicated Basin, as well as the reality that many properties within the Basin may have already changed ownership due to the high number of foreclosures that have occurred in Anza Valley. Giffin Decl. ¶¶ 8-10.

Next, the Tribes' motion does not address the necessary "tracking" of such numerous voluntary and involuntary transfers that have taken place since the inception of their complaints-in-intervention first filed almost 6 years ago. Given the Tribes' continuing obligations to track these transfers, and the nominal costs involved in "tracking" all other types of transfers, the Court should deny the Tribes' joint motion under Rule 25(c); or at a minimum, the Tribes should be required to give notice to successors-in-interest of properties within the area sought to be adjudicated.

///

///

## II. LEGAL ANALYSIS

A motion under Rule 25(c) for joinder or substitution of a party after suit has been commenced is addressed to the sound discretion of the court, taking into account all the exigencies of the situation. ***FDIC v. Tisch***, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) (citing ***McComb v. Row River Lumber Co.***, 177 F.2d 129 (9th Cir. 1949)). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." ***In the Matter of Covington Grain Co.***, 638 F.2d 1362, 1364 (5th Cir.1981).

In the case at bar, the Tribes have filed this motion almost 6 years after the filing of their complaints in intervention. Courts have not condoned such belated attempts at joinder under Rule 25(c), even if an additional lawsuit becomes necessary. McKesson ***Info. Solutions, Inc. v. Bridge Med., Inc.***, 2006 U.S. Dist. LEXIS 9904 (U.S.E.D. 2006) ; ***DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l***, 2001 U.S. Dist. LEXIS 10985, *12, *19 (N.D. Ill. 2001) (Rule 25(c) motion denied, notwithstanding evidence that "Monsanto owns or controls all [of the litigant's] assets and [the litigant] is a mere shell" given "the late stage of the litigation"); ***EEOC v. Pan Am. World Airways, Inc.,*** 1987 U.S. Dist. LEXIS 15182, *8-*9 (N.D. Cal. 1987).

Next, the Tribes contend that "Rule 25 applies and, in fact, is particularly suited to water rights adjudication . . . ." Tribes Ps&As, p. 4, line 14. However, the Tribes only cite one water rights adjudication in support of this proposition, *i.e., **United States v. Walker River Irrigation Dist.***, 73-cv-00128-ECR-LRL (D. Nev.). However, ***Walker River*** is materially different from the case at bar.

///
///
///
///

1    First, the ***Walker River*** adjudication involved approximately 4,800
2    defendants[1] -- more than twice the 2,000 defendants that the Tribes served in this
3    ***Fallbrook*** litigation.
4    Second, and most significantly, the court in ***Walker River*** did not address
5    the availability of new on-line property transfer services that provide such
6    "tracking" information at a relatively nominal cost. As demonstrated by the
7    attached declaration of Robert Giffin, such on-line providers can provide such
8    "real time" data in readily useable formats so that the Tribes can easily (1) send
9    notices to transferees, and (2) dismiss and add new property owners. Giffin Decl.
10   ¶¶ 4-8.
11   Based upon these new technologies, the Tribes -- not the intended
12   defendants -- should be required to continue these "tracking" obligations to ensure
13   the inclusion of proper defendants in this adjudication. Most importantly, the
14   Tribes be required to "track" the many <u>involuntary</u> property transfers (e.g., through
15   foreclosure) that have taken place from when the complaints-in-intervention were
16   first filed almost 6 years ago. Giffin Decl. ¶¶ 9-10.
17   Otherwise, there is a significant chance that the Tribes have not properly
18   included those new property owners who have purchased properties within the last
19   6 years, whether through voluntary or involuntary transfers. Also, imposing this
20   continuing obligation on the Tribes would maximize the ability for a full
21   adjudication of water rights amongst the proper parties to this lawsuit.
22   ///
23   ///
24   ///

---

[1] See Exhibit 1 to Tribes' motion, pg. 2, fn 1, the Court in ***Walker River*** stating in relevant part: "[T]he United States reports that has served over 3,800 persons and entities . . . and Mineral County reports that it has served over 1,000 Walker River Decree water rights holders."

## III. CONCLUSION

Based upon the foregoing, Giffin does not oppose the Tribes' motion insofar as it applies to decedent transfers. However, as to both voluntary and involuntary transfers, the Tribes should continue to bear the responsibility for tracking the appropriate parties (and properties) necessary for a full and complete resolution of disputed water rights in this groundwater adjudication. At a minimum, the Tribes should be required to give notice to successors-in-interest of properties within the area sought to be adjudicated.

DATED: August 30, 2012

JAMES L. MARKMAN
B. TILDEN KIM
RICHARDS, WATSON & GERSHON,
A Professional Corporation

By: _____
B. Tilden Kim
Attorneys for Specially Appearing
Defendant Robert Giffin

Partial Opposition

12663-0002\1487850v1.doc

Case 3:51-cv-01247-JO-SBC Document 5393 Filed 08/30/12 PageID.61177 Page 6 of 11

# DECLARATION OF ROBERT D. GIFFIN

I, Robert D. Giffin, declare:

1. I have personal knowledge of the matters and facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the owner and record titleholder of real property located in the Anza Valley and overlying the Anza Ground Water Basin. I am an intended defendant in the above-referenced litigation as I have been served with the Tribes' Second Amended Complaints filed in this action, and am an owner of one or more parcels located in the Anza Ground Water Basin, such as Riverside County Assessor's Parcel Numbers 573-240-052, 572-190-035, and 572-080-060.

3. I have been actively involved in monitoring the progress of this litigation. Most recently, I reviewed the Tribes' Motion and Memorandum of Points and Authorities In Support of Joint Motion For Order Re: Successsors-In-Interest. I oppose the Tribes' Joint Motion, particularly respect to the burdens they seek to impose on the parties to non-death related transfers of property within the Anza Ground Water Basin.

4. As background, I am a real estate broker. I have lived in the Anza Valley for 23 years. I have been a real estate agent for nearly 30 years and active in the Anza Valley real estate market since 1989. As a real estate broker I am familiar with the various real estate data services available to the general public on a subscription basis.

5. In my opinion, the Tribes' joint motion does not recognize the information/technologies (IT) available today which minimize the burden claimed by the Tribes. Most significantly, subscription services are now available that provide all property transfer information for a small monthly subscription fee with the ability to program the data received from the service to very specified geographic area(s). In fact, some services have interactive mapping capabilities available that could potentially limit the data provided to just those areas subject to this litigation. I have seen these services advertised for as little as $19.95 per month, depending on the specifics of the search criteria, the data and the format in which it is provided.

Declaration of Robert D. Giffin

12663-0002\1127257v1.doc

6. That data can be delivered by these services to the Tribes digitally in various formats including mailing labels and Excel spreadsheets which allow the data to be used for numerous purposes including mail-merged into form letters for notice purposes. "Dataquick", "County Records Search", and "RealtyTrac" are three of the better known service providers. Hence, contrary to the Tribes' position, they do not have to actively "track" any intended defendants, nor their respective property holdings.

7. Based upon these recent and significant IT advances, it is my opinion that continuing to require the Tribes to assess what defendants and properties should be involved in this litigation constitutes a minimal burden on the Tribes. The Tribes admit that they have located and served over 2,000 property owners in the Anza Valley. While this is not an insignificant number, efficiencies and advancements in IT, as noted above, make "tracking" transfers of such properties cost-effective and nearly automatic.

8. Next, in connection with a potential settlement, a Technical Committee has been appointed to determine, among other things, a refined boundary of Anza Cahuilla Sub-Basin. Thus, there exists a distinct possibility that the Tribes should, in the future, dismiss some intended defendants because of changes in boundary lines. Hence, it is my opinion that placing this minimal burden on the Tribes is consistent and a necessary component of the Tribes' continuing obligations to dismiss those defendants who should not be in this protracted litigation.

9. Finally, at the very least, the Tribes' continued obligation to "track" property transfers within the Anza-Cahuilla Sub-Basin is necessary to track the many involuntary transfers (such as foreclosures) that have taken place in the Anza Valley since they commenced this action 2006 and that continue to occur. According to our local multiple listing service (MLS), approximately 300 sales of bank owned (foreclosed) properties have occurred in the Anza Valley area since that time. Additionally, approximately 128 properties in the area are currently in some stage of the foreclosure process. These many involuntary transfers are not addressed in the Tribes' motion. The

-7-

1  Tribes' "tracking" of these involuntary transfers should be required in the interests of
2  fully binding and adjudicating the disputed water rights in this case.
3      10.    The purchaser of a formally foreclosed property would have no way of
4  finding out about this litigation through the normal due diligence process; neither a title
5  search nor a third party Property Disclosure Report would reveal this action. However,
6  while a lender who acquires a property through foreclosure does not have the disclosure
7  requirements of a normal seller; it would be obliged to disclose this lawsuit to a
8  prospective purchaser if it was made aware of it by the Tribes. Therefore, unless the
9  Tribes are required to "track" transfers, purchasers of foreclosed properties could be
10 subject to the eventual judgment in this case with neither notice nor an opportunity to
11 defend against it and could not hold the lender/seller accountable.

13     I declare under penalty of perjury under the laws of the State of California that the
14 foregoing is true and correct. Dated this 30th day of August, 2012 at Aguanga,
15 California.

*/s/ Robert D. Giffin*
Robert D. Giffin

-8-

# PROOF OF SERVICE

I, Linda I. Pomatto, declare:

I am a resident of the state of California and over the age of eighteen years and not a party to the within action. My business address is 355 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3101. On August 30, 2012, I served the within document(s) described as:

[X]   (CMECF SYSTEM) By using the CMECF system, which generated and transmitted a notice of electronic filing to the following CM/ECF registrants:

Alice E. Walker; awalker@mmwclaw.com; dvitale@mmwclaw.com
Bill J. Kuenzinger: bkuenzinger@bdasports.com; rjones@bhsmck.com
Charles W. Binder; cwbinder@smrwm.org
Curtis G. Berkey; cberkey@abwwlaw.com
Daniel E. Steuer; dsteuer@mmwclaw.com; dvitale@mmwclaw.com
Daniel J. Goulding; jhester@mccarthyholthaus.com
David Leventhal; davelevlaw@yahoo.com
David Philip Colella; dcolella@flsd.com
Donald R. Timms; dontimms@san.it.com
F. Patrick Barry; Patrick.barry@usdoj.gov
Gary D. Leasure; gleasure@garydleasure.com
George Chakmakis; George@chakmakislaw.com
Gerald (Jery) Blank; gblank@san.IT.com; mary@geraldblank.sdcoxmail.com
Harry Campbell Carpelan; hcarpelan@redwineandsherrill.com
Herbert W. Kuehne, Marlene C. Kuehne; hwkuehne@pacbell.net
James B. Gilpin; james.gilpin@bbklaw.com
James Michael Powell; jpowellesq@gmail.com
John A. Karaczynski; jkarczynski@akingump.com; dcolvin@akingump.com
Johnathan M. Deer; jdeer@taflaw.net; gsuchniak@taflaw.net; jondeeresq@earthlink.net
John Christopher Lemmo; jl@procopio.com; laj@procopio.com
Kevin Patrick Sullivan; ksullivan@pshlawyers.com; kstanis@pshlawyers.com
Linda Caldwell; goforthvillage2@yahoo.com
M. Catherine Condon; ccondon@mmwclaw.com; dvitale@mmwclaw.com
Marco Antonio Gonzalez; marco@coastlawgroup.com; sara@coastlawgroup.com
Marilyn H. Levin; Marilyn.levin@doj.ca.gov; MichaelW.Hughes@doj.ca.gov
Mark L. Brandon; mbrandon@brandon-law.com; dslack@brandon-law.com
Mary L. Fickel; mfickel@sampsonlaw.net; bsampson@sampsonlaw.net
Matthew L. Green; matthew.green@bbklaw.com; Amelia.mendez@bbklaw.com
Michael Duane Davis; Michael.davis@greshamsavage.com; terigallagher@greshamsavage.com
Michele A. Staples; mstaples@jdtplaw.com; dtankersley@jdtplaw.com; pgosney@jdtplaw.com
Patrick Grace Rosenberg; prosenberg@hnattorneys.com
Peter J. Mort; pmort@akingmnp.com; jfukai@akingump.com
Richard Alvin Lewis; Rlewis@RichardLewis.com
Robert J. James; bob@fallbrooklawoffice.com
Robert K. Edmunds; robert.edmunds@bipc.com; lyndawest@bipc.com; sdtemp2@bic.com
Robert M. Cohen; rcohen@cohenburgelaw.com; vzareba@cohenburgelaw.com
Scott W. Williams; swilliams@abwwlaw.com
Thomas C. Caldwell; goforthvillage2@yahoo.com

-1-

Thomas C. Stahl: Thomas.Stahl@usdoj.gov
Timothy P. Johnson; tjohnson@johnson-chambers.com; cww@johnson-chambers.com
William K. Kosh; wkosha@koskalaw.com; alice.ross@cimlawfirm.com; bill.koska@clmlawfirm.com

I further certify that on August 30, 2012, I caused to be served the following documents:

by depositing a copy in the United States mail at Los Angeles, California, in an envelope with first class postage fully paid, addressed on the attached Service List:

    LINDA I. POMATTO                             /s/ Linda I. Pomatto
(Type or print name)                              (Signature)

12663-0002\1488299v1.doc

## SERVICE LIST

| | |
|---|---|
| Anna Gale James<br>40275 Curry Court<br>Aguanga, CA 92536 | Carl Gage<br>Donna Gage<br>40685 Tumbleweed Trail<br>Aguanga, CA 92536 |
| Briar McTaggart<br>1642 Merion Way 40E<br>Seal Beach, CA 90740 | Edward Lueras<br>Carol Lueras<br>623 Beverly Boulevard<br>Fullerton, CA 96833 |
| Carolyn Ellison<br>49975 Indian Rock<br>Aguanga, CA 92536 | Robert Mannschreck<br>Diane Mannschreck<br>1600 Kiowa Avenue<br>Lake Havasu City, AZ 86403 |
| John Ellison<br>49975 Indian Rock<br>Aguanga, CA 92536 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 | John S. Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| Marianne E. Pajot<br>40225 Curry Court<br>Aguanga, CA 92536 | Michael J. Machado<br>Pamela M. Machado<br>P.O. Box 391607<br>Anza, CA 92539 |
| Mary E. Lee<br>42010 Rolling Hills Drive<br>Aguanga, CA 92536 | |

-3-

12663-0002\1488299v1.doc