1  Marco A. Gonzalez (CA State Bar No. 190832)
   COAST LAW GROUP LLP
2  1140 S. Coast Hwy. 101
   Encinitas, CA 92024
3  Tel: 760/942-8505, Fax: 760/942-8515
   Email: marco@coastlawgroup.com
4
   Scott B. McElroy (Pro Hac Vice)
5  M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
6  1007 Pearl Street, Suite 220, Boulder, CO 80302
   Tel: 303/442-2021, Fax: 303/444-3490
7  E-mail: smcelroy@mmwclaw.com
   E-mail: ccondon@mmwclaw.com
8  *Attorneys for Plaintiff-Intervenor*
   *Cahuilla Band of Indians*
9
   Curtis G. Berkey (CA State Bar No. 195485)
10 Scott W. Williams (CA State Bar No. 097966)
   BERKEY WILLIAMS LLP
11 2030 Addison Street, Suite 410, Berkeley, CA 94704
   Tel: 510/548-7070, Fax: 510/548-7080
12 E-mail: cberkey@abwwlaw.com
   E-mail: swilliams@abwwlaw.com
13 *Attorneys for Plaintiff-Intervenor*
   *Ramona Band of Cahuilla*

14

15                    UNITED STATES DISTRICT COURT

16              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

17  UNITED STATES OF AMERICA,              ) CIVIL NO.: 51-CV-1247-LAB-RBB
                                           )
18              Plaintiff,                 ) **JOINT REPLY TO PARTIAL**
                                           ) **OPPOSITION TO TRIBES'**
19  RAMONA BAND OF CAHUILLA, CAHUILLA      ) **MOTION FOR ORDER RE:**
    BAND OF INDIANS, et al.,               ) **SUCCESSORS-IN-INTEREST;**
20                                         ) **DECLARATION OF ROBERT**
              Plaintiff-Intervenors,       ) **GIFFIN IN SUPPORT THEREOF**
21                                         )
    v.                                     )
22                                         )
                                           ) Hon. Larry Alan Burns
23  FALLBROOK PUBLIC UTILITY DISTRICT, et al., )
                                           )
24              Defendants.                ) Date:   No hearing date set
                                           ) Time:
25                                         ) Courtroom: 9
                                           )
26  _____

27

28

                                                    Case No.: 51-cv-1247-LAB-RBB

The Cahuilla Band of Indians and Ramona Band of Cahuilla (collectively "Tribes") hereby reply to the *Partial Opposition to Tribes' Motion for Order Re: Successors-in-Interest; Declaration of Robert Giffin in Support Thereof* (Aug. 30, 2012) ("Response").  Defendant Robert Giffin ("Giffin") misunderstands Rule 25 of the Federal Rules of Civil Procedure, confuses the issue at hand, ignores practical considerations, and fails to meaningfully distinguish the litigation in *United States v. Walker River Irrigation Dist.,* Nos. 3:73-cv-00127-ECR-WGC, 3:73-cv-00128-ECR-WGC, 2012 WL 1424178 (D. Nev. Apr. 23, 2012).

## I. THE TRIBES DO NOT HAVE THE BURDEN TO SUBSTITUTE PARTIES UNDER RULE 25(c)

Giffin highlights his misunderstanding of Rule 25(c) when he asserts that the Tribes' motion is an attempt "to shift the Tribes' burden of identifying proper parties/properties who/that should be part of the adjudication to the served defendants.  At a minimum, the Tribes should be required to give notice to successors-in-interest of properties within the area sought to be adjudicated."  Response at 2.  Under the plain language of the Rule, it is not the Tribe's responsibility to ensure that successors are notified of the pendency of this action and that the new owner is substituted as a party.

Rule 25(c) states in relevant part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  FED. R. CIV. P. 25(c).  Based on the plain terms of Rule 25(c), the Ninth Circuit has confirmed that the plaintiff does not have the burden to substitute successors-in-interest:

> "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred.  The action may be continued by or against the original party, and the judgment will be binding on this successor in interest even though he is not named."

*In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1958 (2d ed. 1986)); *see Memorandum of Points and Authorities in Support of Joint Motion for Order Re: Successors-in-Interest* at 3-4 (Aug. 3, 2012) ("Tribes' Memorandum").  Under Rule 25(c), therefore, a court may order the substitution of a transferee if a party files a motion requesting such substitution, but neither action is a prerequisite to

the litigation moving forward and no party automatically bears any burden here.  *See Walker River*, 2012 WL 1424178, at *7.

After considerable time, effort, and expense, the Tribes satisfied their initial burden of determining the proper parties to this action and serving them with process, and completed service according to the time frames ordered by the Court.  *See* FED. R. CIV. P. 4; *Walker River*, 2012 WL 1424178, at *8; Tribes' Memorandum at 6-7.  During this time, in fact, the Tribes made efforts to learn the identities and whereabouts of successors-in-interest and to serve process on them.  *Declaration of M. Catherine Condon in Support of Joint Reply to Partial Opposition to Tribes' Motion for Order Re: Successors-in-Interest* ¶¶ 5-8 (Sept. 7, 2012) (attached hereto) ("Condon Declaration").  Now that service on all the defendants is complete, the Tribes have no further obligation under Rule 25(c) to continue to track property transfers into the indefinite future, to notify successors-in-interest of this pending litigation, or to move the Court for the substitution of successors-in-interest.

## II.  THE TRIBES HAVE NOT DELAYED IN ADDRESSING THE SUCCESSORS' ISSUE

Giffin points out that the Tribes filed their motion almost six years after filing their complaints in intervention and states that courts do not condone "such belated attempts at joinder under Rule 25(c)," Response at 3, but in doing so, he clearly confuses the nature of the relief sought by the Tribes.  Giffin cites cases involving a motion to join a party pursuant to Rule 25(c), *see*, *e.g.*, *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, No. CIVS022669 FCD KJM, 2006 WL 658100, at *1-*2 (E.D. Cal. Mar. 13, 2006); *Dekalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc.*, Nos. 96 C 50112, 96 C 50239, 96 C 50240, 96 C 50288, 98 C 50186, 2001 WL 869622, at *1, *4 (N.D. Ill. July 31, 2001), but here, the Tribes do not seek to join any new party to this litigation.  The Tribes, rather, filed their motion soon after the completion of service in order to clarify how to proceed and to propose a process that will move this litigation forward in an efficient manner under Rule 25(c).  Moreover, to the extent those cases are at all relevant, they suggest that joinder or substitution is not

appropriate at this point in the litigation and that this case should simply proceed against the original defendants and thereafter bind any successors-in-interest.[1]

### III. THE DEFENDANTS ARE BETTER-POSITIONED TO BEAR ANY BURDENS OF NOTIFICATION AND SUBSTITUTION

Although Rule 25(c) does not place a burden on any party to notify the Court of property transfers, notify successors-in-interest of this pending litigation, or to move for the substitution of successors-in-interest, if the Court is inclined to require any or all such actions, the defendants and not the Tribes are the appropriate parties to do so.  First, California statutory law generally requires sellers of real property to disclose to potential buyers whether they are "aware of . . . [a]ny lawsuits . . . affecting th[e] real property."  CAL. CIVIL CODE § 1102.6 (section II.C.16 of model disclosure form).  Sellers of real property also owe "a common law duty to disclose information materially affecting the value or the desirability of the property," *Calemine v. Samuelson*, 89 Cal. Rptr. 3d 495, 504 (Cal. Ct. App. 2009) (internal quotation omitted), including facts "not known or reasonably discoverable by the other party."  *Shapiro v. Sutherland*, 76 Cal. Rptr. 2d 101, 107 (Cal. Ct. App. 1998).  Similarly, real estate brokers such as Giffin are required to disclose to "prospective purchaser[s] all facts materially affecting the value or desirability of the property that an investigation would reveal."  CAL. CIVIL CODE § 2079(a); *see Declaration of Robert D. Giffin* ¶ 4 (Aug. 30, 2012) ("I am a real estate broker.") ("Giffin Declaration").  Thus, the defendants are already required under state law to disclose this pending litigation to prospective purchasers of their real property, and there is no reason to require the Tribes to duplicate that notice.

Second, from a purely practical standpoint, it is easier for the defendants to bear the burden here than the Tribes.  A property transfer typically involves only a buyer and seller who have real-time knowledge of the transaction and associated details, so simply ordering the defendants to notify the Court of any transfer and/or to request substitution is not an onerous requirement, given that they are the only parties to the transaction.  Indeed, the Tribes have assisted the defendants by proposing a draft motion for substitution.  *See* Exhibit 2 to Tribes' Memorandum.  On the other hand, requiring a stranger to the transaction such as the Tribes to monitor property transactions for thousands of

---

[1] Any transferor or transferee would still be free to move for substitution, of course, and this Court would exercise its discretion in ruling on such a motion.

defendants and individual land parcels is impractical and will impose "an incredible burden" on the Tribes. *See Walker River*, 2012 WL 1424178, at *9. Giffin claims to be aware of certain services "advertised" that will monitor land transactions for a nominal fee, Giffin Declaration ¶ 5, but he does not say he has used such services nor explain why such services justify shifting the burden of notice and substitution to the Tribes. Moreover, for the real property parcels at issue here, such services are of practically no use in providing an affordable and reliable source for monitoring and tracking thousands of real property transactions. Condon Declaration ¶¶ 1-12. Only one of those services suggested by Giffin provides information about real property transactions other than foreclosures, and that service appears to be based on real property information that is not currently maintained by the County of Riverside Real Property Tax Assessors Office. Given these practical considerations, the defendants who are subject to the transactions, and not the Tribes, are in the best position to fulfill any notification or substitution requirements the Court may wish to impose in this litigation.

### IV.  THE *WALKER RIVER* LITIGATION IS SUBSTANTIALLY IDENTICAL TO THIS LITIGATION

Giffin asserts that the ongoing stream adjudication on the Walker River, in which the federal district court in Nevada declined to require the plaintiffs to track property transfers or to bear responsibility for the substitution of successors-in-interest, "is materially different from the case at bar." Response at 3. Giffin fails to make any meaningful distinctions. First, Giffin states that the *Walker River* adjudication involves "approximately 4,800 defendants -- more than twice the 2,000 defendants that the Tribes served" here, *id.* at 4, but this is hardly a material difference.[2] The inherent difficulties associated with serving thousands of landowners are present in both stream adjudications and Giffin admits that the number of defendants here "is not an insignificant number." Giffin Declaration ¶ 7. Second, Giffin makes an awkward attempt to distinguish the *Walker River* litigation by stating that the federal district court in Nevada "did not address the availability of new

---

[2] The Tribes note that Giffin combines the number of defendants in all of the *Walker River* subproceedings in order to imply that those plaintiffs' service obligations were somehow more difficult than the Tribes', but in fact, in that case different plaintiffs were responsible for serving different defendants in each subproceeding, so that the greatest number of defendants any one party had to serve was 3,800. Moreover, the order relieving the plaintiffs of any duty to monitor property transfers and serve successors-in-interests applied to each subproceeding, *see Walker River*, 2012 WL 1424178, at *3, so that the plaintiff who only had to serve 1,000 defendants was also relieved of this duty.

on-line property transfer services." Response at 4. This is not a material difference; *Walker River* was decided earlier this year at a time when the "new" services advocated for by Giffin were available, but that court apparently declined to consider them.

    Indeed, there is not a single substantive difference between *Walker River* and this case. Both cases involve claims to tribal reserved water rights on streams that were litigated by other parties for decades and are the subject of prior decrees. *See Walker River*, 2012 WL 1424178, at *1. Both cases involve thousands of defendants and the difficulties associated with serving that many individuals, *see id.* at *2, and now, both cases involve a dispute over how to proceed under Rule 25(c). *See id.* at *3-*9. While the Court enjoys discretion under Rule 25(c) to proceed in the manner it deems appropriate here, *see In re Bernal*, 207 F.3d at 598, and it is certainly not bound by *Walker River*, that opinion demonstrates how a sister court handled this issue under nearly identical circumstances. In the Tribes' view, *Walker River* provides useful guidance in devising an efficient and appropriate manner to address the successor issue and in ensuring an orderly and reasonable method for accounting for changes in land ownership.

## V. CONCLUSION

    For all of the foregoing reasons, the Tribes respectfully request this Court grant their joint motion in accordance with the proposed order submitted therewith.

    Respectfully submitted this 7th day of September, 2012.

                                      Marco A. Gonzalez (SBN 190832)
                                      COAST LAW GROUP LLP
                                      1140 S. Coast Hwy 101
                                      Encinitas, California 92024
                                      Tel: 760-942-8505, Fax: 760-942-8515
                                      marco@coastlawgroup.com

                                      Scott B. McElroy (Pro Hac Vice)
                                      M. Catherine Condon (Pro Hac Vice)
                                      McELROY, MEYER, WALKER & CONDON, P.C.
                                      1007 Pearl Street, Suite 220
                                      Boulder, Colorado 80302
                                      Tel: 303-442-2021, Fax: 303-444-3490
                                      smcelroy@mmwclaw.com, ccondon@mmwclaw.com

                                        */s/ M. Catherine Condon*
                               By:_____
                                       M. Catherine Condon
                                      *Attorneys for Plaintiff in Intervention,*
                                          *the Cahuilla Band of Indians*

Curtis G. Berkey (SBN 195485)
Scott W. Williams (SBN 097966)
BERKEY, WILLIAMS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510-548-7070, Fax: 510-548-7080
cberkey@abwwlaw.com
swilliams@abwwlaw.com

    */s/ Curtis G. Berkey*
By:_____
  Curtis G. Berkey

*Attorney for Plaintiff in Intervention
  the Ramona Band of Cahuilla*