1  Marco A. Gonzalez (CA State Bar No. 190832)
   COAST LAW GROUP LLP
2  1140 S. Coast Hwy. 101
   Encinitas, CA 92024
3  Tel: 760/942-8505, Fax: 760/942-8515
   Email: marco@coastlawgroup.com
4
   Scott B. McElroy (Pro Hac Vice)
5  M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
6  1007 Pearl Street, Suite 220, Boulder, CO 80302
   Tel: 303/442-2021, Fax: 303/444-3490
7  E-mail: sbmcelroy@mmwclaw.com
   E-mail: ccondon@mmwclaw.com
8  *Attorneys for Plaintiff-Intervenor*
   *Cahuilla Band of Indians*
9
   Curtis G. Berkey (CA State Bar No. 195485)
10 Scott W. Williams (CA State Bar No. 097966)
   BERKEY WILLIAMS LLP
11 2030 Addison Street, Suite 410, Berkeley, CA 94704
   Tel: 510/548-7070, Fax: 510/548-7080
12 E-mail: cberkey@abwwlaw.com
   E-mail: swilliams@abwwlaw.com
13 *Attorneys for Plaintiff-Intervenor*
   *Ramona Band of Cahuilla*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>    Defendants. | CIVIL NO.: 51-CV-1247-LAB-RBB<br><br>**JOINT MOTION TO EXTEND STAY**<br><br>Date:  No hearing date set<br>Time:<br>Dept:  9<br><br>Hon. Larry Alan Burns<br><br>**ORAL ARGUMENT NOT REQUIRED** |

Case No.: 51-cv-1247-LAB-RBB

1    Plaintiff-Intervenors Cahuilla Band of Indians and Ramona Band of Cahuilla ("Tribes")
2 respectfully move this Court for a 120-day extension of the stay of litigation until January 25, 2013,
3 in order to allow the parties to continue settlement negotiations.  Pursuant to this Court's Order of
4 June 6, 2012, the stay expires on September 28, 2012.  Doc. No. 5378.  Extension of the stay is
5 warranted to allow the parties to devote their time and resources to an out-of-court resolution of the
6 Tribes' water rights claims, without the distraction of litigation.  Counsel for the Ramona Band of
7 Cahuilla has contacted the Settlement Parties to confer about this Joint Motion.  Counsel is
8 authorized to state that the United States; the State of California; County of Riverside; Riverside
9 County Flood Control and Water Conservation District; Alvin Greenwald; the Hemet Unified
10 School District; and Agri-Empire support this request to extend the stay.  The Anza Basin
11 Landowners Group states that it takes a position of neutrality on the Joint Motion.

## I. BACKGROUND

13    Although this case was filed by the United States decades ago to adjudicate its right to water
14 in the Santa Margarita River Watershed for use by the United States Marine Base known as Camp
15 Pendleton, the question of the scope of the water rights of the Cahuilla Band of Indians and the
16 Ramona Band of Cahuilla has arisen relatively recently.  In 1962, this Court declared in
17 Interlocutory Judgment No. 41 that the Tribes possessed federal reserved water rights with priority
18 dates fixed at the time the Reservations were created.  However, the Court did not finish the task of
19 quantifying the Tribes' rights, noting that it was retaining jurisdiction in part to enable the Tribes to
20 return to court to complete the adjudicated quantification of their federal reserved water rights.
21 *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 Concerning the Rights to*
22 *the Use of the Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in*
23 *Connection with the Ramona, Cahuilla and Pechanga Indian Reservations,* November 8, 1962, ¶ 12
24 ("There is no issue presently presented which requires this Court to make findings of fact,
25 conclusions of law or interlocutory judgment provisions concerned with the amount of water
26 required for the Indians' use, the rights of any future assignees or successors in interest to said lands,
27 and other related factors.  As this Court will keep continuing jurisdiction of this cause, this Court

1   can, if the occasion should arise in the future, make such findings and judgment provisions as may
2   then be required on these issues.").
3       In 2006, the Tribes determined that the time for a final and certain quantification had arrived,
4   because of the risk that developments near the Tribes' Reservations could threaten their on-
5   reservation water supplies. As a result, the Tribes intervened in this case in 2006 to assert claims to
6   water in amounts sufficient to meet their present and future needs. On April 29, 2009, this Court
7   granted the Tribes joint motion to file second amended complaints that narrowed their claims to the
8   area encompassed within the Anza Ground Water Basin and the Cahuilla Ground Water Basin. Doc.
9   No. 5135.
10      Because neither this Court nor the Santa Margarita River Watermaster had maintained an up-
11  to-date list of landowners subject to this Court's continuing jurisdiction, before the Tribes could
12  serve their complaints in intervention, they, and the United States as their trustee, were required to
13  identify the current parties who owned land overlying or adjacent to water sources subject to this
14  Court's jurisdiction. The task of identifying the parties subject to the Tribes' complaints was
15  complex and time-consuming. It required extensive investigation and classification of the
16  hydrogeology in the Anza Ground Water Basin and the Cahuilla Ground Water Basin, preparation of
17  maps showing the classes of hydrogeology both subject to and outside the Court's jurisdiction,
18  examination of real property tax records to determine the identities of landowners, and extensive
19  searches of public databases in order to find current addresses of such landowners. Approximately
20  2,000 landowners were identified as defendants subject to the Tribes' complaints.
21      Following this process, the Tribes undertook service of process, first seeking waivers of
22  process under Rule 4(d) of the Federal Rules of Civil Procedure, and then personal service for those
23  who refused to waive service. In addition, upon the request of the Tribes, this Court granted
24  authorization to serve process by publication on more than 100 defendants who could not be located.
25  Order of July 29, 2011, Doc. No. 5321. That process was completed by July 17, 2012, as evidenced
26  by the Status Report filed with this Court by the Tribes. Doc. No. 5386. On December 27, 2011, the
27  Tribes filed a final list of defendants subject to the their second amended complaints. Doc. No.
28  5369. In response to the Tribes joint motion requesting that future filings be served via a website

created for this purpose and by posting notice of filing in local newspapers, this Court ordered served parties to choose between service of subsequent papers in this case by U.S. mail or by electronic notification. Order of April 14, 2010, Doc. No. 5236. However, the Court has not yet posted the list of persons opting to receive service by mail and those choosing electronic service.

Pursuant to the requests of the Tribes and upon consideration of status reports from the parties, this Court has stayed the litigation in four-to-six month increments to allow the parties to conduct settlement negotiations. To ensure that no party is required to answer or otherwise respond to the Tribes' second amended complaints, this Court ordered that no party who has been served or waived service shall be required to file answers until such time as subsequently ordered by this Court. Order of July 22, 2009, Doc. No. 5174.

## II. STATUS OF THE PROCEEDINGS

Since the last report to the Court on May 25, 2012, the parties have continued their settlement discussions. Participating parties include: the Tribes; the United States; the State of California; the County of Riverside and Riverside County Flood Control and Water Conservation District; Agri-Empire; Alvin Greenwald; the Hemet Unified School District; and the Anza Basin Landowners Group ("Settlement Parties"). The Santa Margarita River Watermaster is also participating, as are various hydrologic and engineering consultants on behalf of the Settlement Parties. The Settlement Parties have continued to make progress in drafting provisions of a settlement agreement, based on prior agreement regarding framework concepts and principles. Although the Tribes have taken the lead on drafting the settlement agreement, various other Parties continue to share that task.

The Parties have conducted negotiation sessions both by telephone and at in-person meetings. Telephonic meetings were held on June 27, July 31 and September 25. The Settlement Parties met in person on August 29 to continue the discussions. In addition, representatives of the Cahuilla Band of Indians and Agri-Empire have conducted numerous discussions related to issues unique to those parties. The Parties reported the status of their discussions to Magistrate Judge Brooks on July 19 and August 24 and representatives of the Cahuilla Band of Indians and Agri-Empire reported to Magistrate Judge Brooks on June 19, June 29 and August 21.

The Tribes believe that the Parties have substantially narrowed the issues yet to be resolved and that an extension of the stay is justified in order to allow that process to continue without the cost and burden of litigation.  At the end of the stay, the Tribes will advise the Court whether settlement continues to be a viable approach to resolving the issues among the Parties and whether any issues have arisen that would preclude a successful resolution through settlement.

Based on the foregoing, the Tribes respectfully request that the stay be continued until January 25, 2013.

Date: September 27, 2012                     Respectfully submitted,

Marco A. Gonzalez (SBN 190832)
COAST LAW GROUP LLP
11140 S. Coast Hwy. 101
Encinitas, California  92024
Tel:  760/942-8505; Fax: 760/942-8515
Email: marco@coastlawgroup.com

McELROY, MEYER, WALKER & CONDON, P.C.


By: s/Scott B. McElroy
       Scott B. McElroy (Pro Hac Vice)
       M. Catherine Condon (Pro Hac Vice)
       1007 Pearl Street, Suite 220
       Boulder, Colorado
       Tel: 303/442-2021; Fax: 303/444-3490
       E-mail: sbmcelroy@mmwclaw.com
       E-mail: ccondon@mmwclaw.com

       *Attorneys for Plaintiff-Intervenor,
       Cahuilla Band of Indians*


BERKEY WILLIAMS LLP


By: s/Curtis G. Berkey
       Curtis G. Berkey
       Scott W. Williams
       2030 Addison Street, Suite 410
       Berkeley, California 94704
       Tel: 510/548-7070; Fax: 510/548-7080
       E-mail: cberkey@abwwlaw.com
       E-mail: swilliams@abwwlaw.com

       *Attorneys for Plaintiff-Intervenor,
       Ramona Band of Cahuilla*