# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA; CAHUILLA BAND OF INDIANS,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, et al.,<br><br>Defendants. | CASE NO. 51cv1247-GPC(RBB)<br><br>**ORDER DENYING DEFENDANTS BRYAN SAMPSON; SANDER FAMILY TRUST; JANNKI MITHAIWALA; AND FRANK SPITZER'S MOTIONS FOR ATTORNEY FEES AND COSTS; ORDER DENYING DEFENDANT EDWARD F. REED TRUST, WARD FAMILY TRUST AND WARD CREDIT TRUST'S MOTION FOR DISMISSAL WITH PREJUDICE, OR IN THE ALTERNATIVE, FOR ATTORNEYS' FEES AND COSTS**<br><br>[Dkt. Nos. 5142, 5144, 5148, 5149, 5151.] |

   Before the Court are Defendants Bryan Sampson; Sander Family Trust; Jannki Mithaiwala; and Frank Spitzer's motions for attorney fees and costs filed over four years ago in May 2009. (Dkt. Nos. 5142, 5144, 5148, 5149.) Plaintiff-Intervenor Ramona Band of Cahuilla and Cahuilla Band of Indians filed an opposition on June 1,

2009. (Dkt. No. 5156.) Only Defendants Sampson and Spitzer filed their replies. (Dkt. Nos. 5159, 5165.)

Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust also filed a motion for dismissal with prejudice, or in the alternative, for attorneys' fees and costs. (Dkt. No. 5151.) Plaintiff-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians filed an opposition. (Dkt. No. 5155.) A reply was filed. (Dkt. No. 5162.) The case was transferred to the undersigned judge on October 16, 2012. (Dkt. No. 5399.) Based on a review of the briefs, and the applicable law, the Court DENIES all Defendants' motions for attorneys fees and costs; and DENIES Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust motion for dismissal with prejudice.

## Discussion

**A.  Defendants Sampson, Sander Family Trust, Mithaiwala and Spitzer**

On April 29, 2009, District Judge Thompson granted Plaintiff-Intervenors' Joint Motion to Dismiss certain Defendants. Specifically, the Court dismissed *without prejudice* all Defendants who own land outside the boundaries of the Anza-Cahuilla Sub-Basin as defined by Interlocutory Judgment 33 and who did not file an answer pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A). (Dkt. No. 5135.) Furthermore, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court dismissed *with prejudice* all Defendants who own land outside the boundaries of the Anza-Cahuilla Sub-Basin as defined by Interlocutory Judgment 33 and who did file an answer. (Id.) In the Order, Judge Thompson allowed Defendants who were dismissed pursuant to the Order and filed either an answer or waiver to file a motion for attorneys fees and costs.[1] (Id.)

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request

---

[1] Plaintiff-Intervenors filed a motion for reconsideration of Judge Thompson's order that dismissed with prejudice certain defendants residing outside the boundaries of Anza-Cahuilla Sub-Basin who answered the Tribes' complaint. (Dkt. No. 5153.) Intervenors moved to request that these defendants be dismissed "without prejudice," not "with prejudice. (Id.) On June 25, 2009, Judge Thompson denied their motion for reconsideration. (Dkt. No. 5168.)

by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for abuse of discretion. <u>Sams v. Beech Aircraft Corp.</u>, 625 F.2d 273, 277 (9th Cir. 1980). Costs and attorney's fees may not be awarded when a complaint is dismissed with prejudice under Rule 41(a)(2), as there is no future risk of litigation. <u>Anderson v. Asset Acceptance, LLC</u>, No. C 09-2970 MEJ, 2010 WL 1752609, at *3 (N.D. Cal. Apr. 29, 2010); <u>Larsen v. Town of Corte Madera</u>, No. C–94–0984–DLJ, 1994 WL 508821, at *2 (N.D. Cal. Sept. 12, 1994) (citing <u>Cauley v. Wilson</u>, 754 F.2d 769, 772 (7th Cir. 1985)). Costs and fees are not appropriate when a plaintiff obtains a voluntary dismissal with prejudice because in such a case "the defendant cannot be made to defend again." <u>Aqua Lung America, Inc. v. Watermark Scuba, Inc.</u>, No. C12-CV-56 MJP, 2013 WL 951009, at *2 (W.D. Wash. Mar. 11, 2013)( citation omitted); <u>see also</u> <u>Chavez v. Northland Group</u>, No. CV–09–2521–PHX–LOA, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs); <u>Burnette v. Godshall</u>, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (declining to award costs and attorney fees where dismissal was with prejudice); <u>Gonzalez v. Proctor and Gamble Co.</u>, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice.").

Here, Defendants Jannki Mithaiwala, Bryan Sampson, and Sander Family Trust filed answered. (Dkt. No. 5109-1, Ex. B.) Therefore according to the Court's order, they were dismissed with prejudice and no attorneys fees and costs should be awarded them. Accordingly, the Court DENIES Defendants Mithaiwala, Sampson and Sander Family Trusts's motions for attorneys fees and costs. (Dkt. Nos. 5142, 5144, 5148.)

Defendant Frank Spitzer executed a Waiver of Service of Summons, and prepared an Answer. (Dkt. No. 5149 at 3.) Since Spitzer did not file an Answer, the dismissal as to Spitzer was without prejudice. (<u>See</u> Dkt. No. 5135.) Spitzer owns four

parcels of land and seeks attorney's fees and costs in the total amount of $24,840.00. He argues that he is entitled to attorneys' fees and costs since he is the prevailing party and because the Equal Access to Justice Act ("EAJA") permits it.

District courts have broad discretion to impose an award of attorneys' fees as a condition for dismissing an action without prejudice. See Fed. R. Civ. P. 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"); see also Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) (reviewing district court's decision regarding an award of attorneys' fees and costs relating to federal law suit voluntarily dismissed for abuse of discretion). If the court decides to award attorney fees and costs, only those fees for work which cannot be used in any future litigation of these claims should be awarded. Westlands Water Dist. v. U.S., 100 F.3d 94, 97 (9th Cir. 1996). Attorney fee awards based on an order dismissing without prejudice are discretionary and not based on legal authority such as reserving awards for prevailing parties. Legacy Mortg., Inc. v. Title Guar. Escrow Servs., Inc., Civ. No. 11-767 JMS-KSC, 2013 WL 1991563, at *2 (D. Haw. May 10, 2013). Here, while Spitzer contends he is the prevailing party, that factor is not relevant in determining whether an award of attorney's fees should be granted under Rule 41(a)(2).

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, Defendant has not shown that the EAJA applies to the Indian Tribes. The case cited for that proposition, Northwest Indian Cemetery Protective Assoc. v. Peterson, 589 F. Supp. 921 (N.D. Cal. 1983), is not on point.

Moreover, for a court to award attorney's fees and costs under the EAJA, it must be shown that (1) the party seeking fees is the prevailing party; (2) the government has

not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. U.S. v. Miner, 583 F.3d 1174, 1196 (9th Cir. 2009) (parties stipulated to a dismissal without prejudice) (citing Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002)).

In order to be a prevailing party, a party must have obtained an enforceable judgment on the merits or a court-ordered consent decree. Id.  A dismissal without prejudice does not "materially alter the legal relationship of the parties, because the defendant remains subject to the risk of re-filing." Id.; Elektra Entm't Group, Inc. v. Perez, No. 05-931 AA, 2006 WL 3063493, at * 3 (D. Or. Oct. 25, 2006) (finding that defendant was not prevailing party where defendant was voluntarily dismissed from case without prejudice); McRae v. Rollins College, No. 6:05cv1767Orl22KRS, 2006 WL 1320153, at *3 (M.D. Fla. May 15, 2006) ("A dismissal without prejudice does not support a finding that a defendant was a prevailing party.").

Here, Spitzer was dismissed without prejudice pursuant to Rule 41(a)(2)[2] which is not an adjudication on the merits. Therefore, Defendant Spitzer cannot be said to be the prevailing party. Accordingly, the Court DENIES Defendant Spitzer's motion for attorneys fees and costs.

**B.  Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust**

Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust filed a motion for dismissal with prejudice, or in the alternative, for attorneys' fees and costs. (Dkt. No. 5151.) Defendants executed a Waiver of Service of the Summons so pursuant to the Court's order, they were dismissed without prejudice. (Dkt. No. 5135.) They seek to change their dismissal from without prejudice to a dismissal with prejudice.

---

[2] Because Spitzer did not file an answer, his dismissal was pursuant to Rule 41(a)(1)(A) and was without prejudice. (Dkt. No. 5135.) However, both parties discuss attorneys' fees under Rule 41(a)(2). Under either provision, attorneys' fees and costs are not warranted.

They argue that they should be treated as those defendants who answered the complaint. They contend that they intended to file an answer by the July 15, 2008 deadline; however, the Court issued a stay that went into effect on June 30, 2008 for purposes of settlement. They argue that they were in a position similar to answering defendants and had to prepare for trial. Plaintiff-Intervenors oppose.

The Court declines to change Defendants' dismissal without prejudice to with prejudice. When Plaintiff-Intervenors filed a motion for reconsideration of the Court's order dismissing certain Defendants with prejudice, the Court denied the motion explaining that there was no reason to change the dismissal and the Court still retains continuing jurisdiction over the various water rights in the Santa Margarita River Watershed and all water right holders within the Watershed may still assert their respective rights as necessary. (Dkt. No. 5168 at 2.) Similarly, the Court finds no reason to alter the dismissal as to these Defendants from without prejudice to with prejudice. Alternatively, Defendants seek attorneys fees and costs. In exercising its discretion, the Court DENIES Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust's motion for attorneys' fees and costs.

**Conclusion**

Based on the above, the Court DENIES all Defendants' motion for attorneys fees and costs and DENIES Defendants Edward F. Reed Trust, Ward Family Trust and Ward Credit Trust motion for dismissal with prejudice.

IT IS SO ORDERED.


DATED: September 30, 2013

HON. GONZALO P. CURIEL
United States District Judge