# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 51cv1247-GPC(RBB) |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR ORDER RE: SUCCESSORS-IN-INTEREST** |
| RAMONA BAND OF CAHUILLA; CAHUILLA BAND OF INDIANS, | |
| Plaintiff-Intervenors, | [Dkt. No. 5389.] |
| vs. | |
| FALLBROOK PUBLIC UTILITY DISTRICT, et al., | |
| Defendants. | |

Plaintiffs in intervention, Ramona Band of Cahuilla and Cahuilla Band of Indians ("Intervenors"), filed a Joint Motion for Order Re: Successors-in-Interest. (Dkt. No. 5389-1.) Defendant Specially Appearing, Robert Griffin, filed a Partial Opposition (Dkt. No. 5393), and Plaintiffs filed a Joint Reply to the Partial Opposition, (Dkt. No. 5395).

## DISCUSSION

Intervenors seek an order addressing and clarifying the obligation of the parties regarding substitution when, during the pendency of this action, a defendant either dies or transfers a property interest that is subject to this action. (Dkt. No. 5389-1.) Federal

Rule of Civil Procedure 25 ("Rule") governs parties' obligations of substitution. Rule 25(a) addresses substitution following a party's death and Rule 25(c) addresses substitution following a transfer of interest. Fed. R. Civ. P. 25  Defendant does not contest Intervenors' motion in regard to Rule 25(a). (Dkt. No. 5393.) Accordingly, the Court GRANTS Intervenors' joint motion insofar as they have no duty to substitute deceased parties.[1]  Defendant does, however, contest Intervenors' Rule 25(c) clarification motion.

### RULE 25(c)

Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." (Fed. R. Civ. P. 25) Defendant maintains that the burden to track and notify successors-in-interest falls upon the Plaintiffs. (Dkt. No. 5393.) Intervenors contend that in accordance with Rule 25(c) they have no duty to track, identify and  substitute parties when transfers of interest are made by Defendants. (Dkt. No. 5389-1.) Defendant contends that at a minimum, Intervenors should be required to give notice to the successors-in-interest of the pending litigation. (Id.)

The Ninth Circuit held that Rule 25(c) "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000) (quoting Collateral Control Corp. v. Deal 638 F.2d 1362, 1364 (5th Cir. 1981)). Further, the Ninth Circuit quotes a leading treatise to underscore that statement, which says: "[t]he most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor-in-interest even though he is not named." Id. at 595 (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure § 1958

---

[1] Once a notice of death is filed, however, Plaintiffs have 90 days to move for substitution in accordance with Rule 25(a).

1 (2d Ed. 1986)).

2     It is clear from the Ninth Circuit's interpretation of Rule 25(c) and from the plain language of the rule itself, that Plaintiffs do not have to track or notify successors-in-interest. The suit will continue against the original party and the judgment will bind the successor-in-interest. While this may seem to prejudice unwitting successors-in-interest, Rule 25(c) provides that a defendant or a successor-in-interest may move the court for substitution if they so choose. See Rule 25(c). Substitution, however, is not a prerequisite for litigation to continue and Plaintiffs have no burden of substitution.

    For the forgoing reasons Intervenors' joint motion is GRANTED insofar as plaintiffs have no burden to track, notify or substitute successors-in-interest under Rule 25(c).

    IT IS SO ORDERED.

DATED: October 31, 2013

                                    HON. GONZALO P. CURIEL
                                    United States District Judge