Curtis G. Berkey (CA State Bar No. 195485)
BERKEY WILLIAMS LLP
2030 Addison Street, Suite 410
Berkeley, CA 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@berkeywilliams.com

*Attorney for Plaintiff-Intervenor*
*Ramona Band of Cahuilla*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

RAMONA BAND OF CAHUILLA, CAHUILLA BAND OF INDIANS,

Plaintiffs-Intervenors,

vs.

FALLBROOK PUBLIC UTILITY DISTRICT, et al.,

Defendants.

CIVIL NO.: 51-CV-01247-GPC-RBB

**RAMONA BAND OF CAHUILLA'S REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015**

Date: January 13, 2017
Time: 1:30 p.m.
Dept.: 9

Hon. Gonzalo P. Curiel

Pursuant to this Court's Order of November 17, 2016 (Document 5547), Plaintiff-Intervenor Ramona Band of Cahuilla submits this reply in the matter of the objections filed by Gregory Burnett, Cindy Barker and Robyn Garrison (collectively "Objectors") to the Watermaster's Annual Report for Water Year 2014-2015. The Objections should be denied because the Watermaster's Response adequately rebuts unsupported allegations that the Annual Report shows a failure to carry out his duties under this Court's 1989 Order creating the Watermaster Office. Further, as to the Ramona Band of Cahuilla, the Objectors raise concerns that are outside the scope of the Annual Report and they ask him to take action that is beyond the scope of his authority under the 1989 Order. For these reasons, the Objections pertaining to the Ramona Band should likewise be denied, and the Annual Report should be approved.

**BACKGROUND**

The Anza Valley has been home to two Tribes of Cahuilla Indians for millennia. In the late 1800s, the President created two reservations as permanent homes for the Ramona Band of Cahuilla and the Cahuilla Band of Indians respectively. In the face of dwindling water supplies in the Anza Groundwater Basin and Cahuilla Groundwater Basin, in 1951 the United States as trustee for the Tribes asserted claims in the *Fallbrook* case, which, in 1962, resulted in an interlocutory judgment that partially adjudicated the Tribes' federal reserved water

rights. *Findings of Fact, Conclusions of Law and Interlocutory Judgment No. 41 Concerning the Rights to the Use of Waters of Santa Margarita River Stream System Held in Trust by the U.S.A. in Connection with the Ramona, Cahuilla and Pechanga Indian Reservations,* November 8, 1962 (Document 4430). [1]

Though the Court is familiar with this history, it is summarized here because it is material to the Objections to the Annual Report. In Interlocutory Judgment 41, this Court established the legal and factual bases of the Tribes' federal reserved water rights. The Court held that the United States reserved for the Tribes "rights to the use of the waters of the Santa Margarita River stream system . . . including rights to the use of the ground waters, sufficient for the present and future needs of the Indians." *Interlocutory Judgment 41* at 1107 ¶ 1, 1108 ¶ 3. The Court retained jurisdiction over the use of surface water and groundwater on the Cahuilla, Ramona, and Pechanga Indian Reservations. *Id.* at 1110 ¶ 10. And the Court made certain *prima facie* findings concerning the attributes of the tribal water rights. *Id.* The Court assigned a priority date of 1891, the date its Reservation was

[1] Interlocutory Judgment No. 41 was incorporated in the Final Judgment and Decree entered by this Court on May 8, 1963 (Document 4482). The Ninth Circuit Court of Appeals subsequently affirmed the Final Judgment and Decree. *United States v. Fallbrook Public Utility District*, 347 F. 2d. 48 (9th Cir. 1965). Upon remand, a Modified Final Judgment and Decree was entered on April 4, 1966 (Document 4768). The Modified Final Judgment and Decree did not modify any of the provisions of Interlocutory Judgment 41.

created, to the Ramona Band's reserved water rights. *Id.* at 1107 ¶ 1. The Court further assigned three priority dates to the Cahuilla Tribe's reserved water rights that range from 1875 to 1891 and that correspond with the executive orders creating the Cahuilla Indian Reservation. *Id.* at 1108 ¶ 3. The Court also decreed that the rights held in trust by the United States for the Tribes for the use of certain waters that are not tributary to the Santa Margarita River system were "forever quieted against all parties claiming rights to the waters of the Santa Margarita River and/or its tributaries." *Id.* at 1110 ¶ 11.

The Court's *prima facie* findings included: there are 12,998 acres of irrigable lands on the Cahuilla Indian Reservation, *id.* at 1094 ¶ 19, and there "are approximately 104 acres of irrigable land within the Ramona Indian Reservation." *Id.* at 1089 ¶ 5. According to the Court, the water duty for such lands ranged from 1.07 acre feet per acre for deciduous fruit to four acre feet per acre for row crops, with an additional 10% required to account for delivery losses. *Id.* at 1102 ¶ 41. Although the Court declined to quantify the Tribes' water rights, it retained jurisdiction to do so and to address any related issues when the need arose. *Id.* at 1112 ¶ 16.

The Court's findings, conclusions of law, and *prima facie* determinations concerning the Tribes' water rights in Interlocutory Judgment 41 are fully consistent with the federal law related to the reserved water rights doctrine. *See,*

*e.g., Winters v. United States,* 207 U.S. 564 (1908) (The United States' creation of Indian reservations impliedly reserved sufficient water to fulfill the purposes of such reservations, including amounts for future needs); *Arizona v. California,* 373 U.S. 546, 598 (1963) (federal reserved water rights doctrine applies to executive order reservations); *In re General Adjudication of All Rights to Use Water in Gila River System and Source*, 35 P. 3d 68, 74 (Ariz. 2001) (Tribal water rights are intended to make the Indian reservation a "permanent home and abiding place," quoting *Winters*).

Interlocutory Judgement 41 contained a significant omission that left the Tribes' water rights incomplete. As this Court noted in 1962, "[t]here is no issue presently presented which requires this Court to make findings of fact, conclusions of law or interlocutory judgment provisions concerned with the amount of water required for the Indians' use . . . ." *Interlocutory Judgment 41*, Findings of Fact, ¶ 12. In 2007, because of housing and commercial developments in the Anza Valley near the Tribes' reservations, the Tribes determined that the time had come to complete the quantification of their water rights, and this Court granted their motions to intervene at that time. *Order of January 22, 2007* (Document 4919).

To minimize disruption of the Anza community, the Ramona Band and Cahuilla Tribe have sought to resolve their water rights claims through settlement discussions with the represented landowners, the County of Riverside, the State of

California and the Unified Hemet School District. At the Tribes' request, the litigation has been stayed since 2008, and settlement discussions have been on-going since that time, with the assistance of U.S. Magistrate Judge Ruben B. Brooks. Every three to four months since the initial stay, the Tribes have submitted status reports and joint motions to extend the stay, which have been granted to allow settlement discussions to continue. The substance of the settlement discussion is confidential, but the Ramona Band has made known its goal of finding a resolution of its water rights claims that is fair and reasonable to all parties.

Neither the Ramona Band nor the Cahuilla Tribe has requested any preliminary relief that would enjoin or inhibit the production or use of water during the pendency of the Tribes' complaints in intervention. There is currently no order of this Court or any other court that would impede water use in the Anza Valley.

Objectors Gregory Burnett, Cindy Barker and Robyn Garrison have been served with the Tribes' complaints, and are, therefore, parties to this *Fallbrook* subproceeding. *See, Notice of Defendants Subject to the Tribes' Complaints,* December 27, 2011 (Document 5369).[2] Mr. Burnett actively participated in the early stages of the settlement negotiations, and was represented by counsel for this

---

[2] Gregory Burnett's name appears on page 10; Cindy Barker's name appears on page 3; and Robyn Garrison's name appears on page 18.

purpose. He was also a member of the Litigation Committee for the Anza-Aguanga Citizen's for Water Rights, which functioned as a defense committee with regard to the Tribes' water rights claims. *See, Declaration of Gregory Burnett, et al in Support of Motion to Quash, or Alternatively, Motion to Dismiss,* April 8, 2009 ¶ 6 (Document 5112) ("I am a member of the Litigation Committee for AACWR, an organization of more than 1,500 individuals formed for the purposes of defending [the Tribes'] complaints.").

For reasons unknown to the Ramona Band, Mr. Burnett ceased his participation in the joint efforts to resolve the Tribes' complaints in settlement negotiations, and, upon information and belief, he is no longer represented by the attorney that currently represents Anza Valley landowners in the case. Upon information and belief, Objector Robin Garrison is represented by the same attorney that currently represents the Anza Valley landowners in this case. As such, she has access to information about the status of the settlement negotiations and the proposals to resolve the Tribes' water rights claims without additional litigation.

## ARGUMENT

### A. Objections Based on a Purported "Superior" Water Right Are Outside the Scope of the Watermaster's Annual Report.

Objector Cindy Barker and Objector Robyn Garrison make identical arguments that the Annual Report is faulty because the Watermaster allegedly has

failed to acknowledge that there are "deeded water rights" in an unspecified groundwater basin that purportedly pre-date the establishment of the Ramona Reservation, and are, the Objectors argue, "superior to either Ramona or the Court's jurisdiction as they exist prior to 1891." *Barker Objection* at 4 (Document 5544); *Garrison Objection* at 4 (Document 5545). The Watermaster's Response to Objections does not directly address this assertion. The Ramona Band addresses it here.

First, this assertion is based on a misunderstanding of the role and authority of the Watermaster as set out in the 1989 Order. The Watermaster's reporting requirements include an obligation to prepare a "list of all water users within the Santa Margarita River watershed, including for each a description of vested rights and appropriative rights, if any." *Order for Appointment of a Watermaster; Power and Duties,* Section II, 2 at 4 (Document 4809). The language of the Order plainly contemplates that only those water rights that are established according to adjudicatory or administrative processes are to be included on the list. Nowhere in the 1989 Order is there language authorizing the Watermaster to make judicial or administrative determinations about the nature and scope of water rights purported to be held by water users in the watershed, or to resolve competing claims regarding the priority of water use. Those issues are appropriately resolved by this Court if and when the Ramona Band's water rights claims are litigated, or if and

when those claims are settled by negotiation. Absent such determinations, there is no role for the Watermaster to play with regard to the rights of the Ramona Band vis-a-vis other water users in the Anza Groundwater Basin, or with regard to the relative priorities of water users therein. The Annual Report is not deficient for its failure to consider and resolve the arguments about priority set forth by Objectors Barker and Garrison, because resolution of such a claim is outside the scope of the Watermaster's responsibilities.

Second, it is appropriate for the Watermaster to reference in his Report the Ramona Band's federal reserved water right with an 1891 priority, because Interlocutory Judgment 41established the Band's right on precisely those terms. *Interlocutory Judgment 41* at 1107 ¶ 1 (Document 4430). By contrast, the "superior" water right claimed by unspecified water users in the Anza Groundwater Basin in the Barker and Garrison Objections has until now never been raised in this case. Nor has the legal basis of such a purported right been addressed by this or any other court or by any administrative agency with jurisdiction over water rights. The Watermaster cannot be faulted for omitting reference to an alleged, undetermined water right.

**B. Objections Based on an Alleged "Regulatory Logjam" Are Outside the Scope of the Watermaster's Annual Report.**

Objector Garrison suggests that the Watermaster has been derelict in his duties by refusing to certify the existence of water rights sufficient to satisfy the

requirements of the Technical, Managerial and Financial Assessment form (TMF) imposed by the County of Riverside for issuance of community water system permits. Objector Burnett also refers to an unspecified "regulatory logjam" that is allegedly inhibiting commercial development in the Anza Valley. These objections likewise are irrelevant to the question before the Court, that is, whether the Annual Report should be approved. The 1989 Order setting out the powers and duties of the Watermaster's office does not authorize him to perform this regulatory function, even if the Anza Groundwater Basins and Cahuilla Groundwater Basins were fully adjudicated and quantified. It is telling that the Objectors do not reference any specific portion of the Annual Report that addresses this question, as required by the 1989 Order. The Order requires objectors to "refer to that portion of the Watermaster's report that is objectionable and state specifically the grounds for the objection." *Order*, Section II at 5 (Document 4809).

The Objectors imply that the pendency of the Tribes' water rights claims has somehow brought about the alleged sluggish pace of economic development in the Anza Valley. The Watermaster's Response states that the absence of quantified water rights in the Anza Valley is due in part to the fact that the litigation of the Tribes' water rights claims is stayed during settlement discussions. *Watermaster of the Santa Margarita River Watershed Response to Objections* at 8 (Document

5554). However, the Modified Final Judgment and Decree in *Fallbrook* did not quantify any party's water rights in the Anza Groundwater Basin and Cahuilla Groundwater Basin. *See, Findings of Fact, Conclusions of Law, and Interlocutory Judgment No. 33 Pertaining to Anza and Cahuilla Groundwater Basins and Cahuilla and Wilson Creeks,* December 11, 1962 (Document 4436). As a result, it is not the pendency of the Tribes' claims that precludes the County from issuing community water system permits, but rather the unique nature of the *Fallbrook* case itself, which declared adjudicated water rights without also quantifying them. *Fallbrook* parties seeking community water system permits in the Anza Valley would encounter the same obstacles even if the Tribes had not intervened in the case in 2007.

For these reasons, the Objections to the Watermaster's Annual Report for 2014-2015 should be denied, and the Report should be approved.

Date: December 23, 2016

Respectfully submitted,

BERKEY WILLIAMS LLP

By: */s/ Curtis G. Berkey*

Curtis G. Berkey
2030 Addison Street, Suite 410
Berkeley, California 94704
Tel: 510/548-7070
Fax: 510/548-7080
E-mail: cberkey@berkeywilliams.com
*Attorney for Plaintiff-Intervenor, Ramona Band of Cahuilla*

## DECLARATION OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

On December 23, 2016, I electronically filed on behalf of the Ramona Band of Cahuilla the following document in United States of America, et al. v. Fallbrook Public Utility District, et al., Case No. 51-cv-1247-GPC-RBB:

1) **RAMONA BAND OF CAHUILLA'S REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015 (Docket # 5557)**

by using the CM/ECF system, which generated and transmitted a notice of electronic filing to the following CM/ECF registrants:

B. Tilden Kim: tkim@rwglaw.com; lpomatto@rwglaw.com
Bill J. Kuenziger: bkuenziger@bdasports.com; rjones@bhsmck.com
Bryan D. Sampson: bsampson@sampsonlaw.net; b.sampson3@cox.net; mfickel@sampsonlaw.net; psampson@sampsonlaw.net
Charles W. Binder: courtdocs@smrwm.org
Curtis G. Berkey: cberkey@berkeywilliams.com; mmorales@berkeywilliams.com
Daniel J. Goulding: dgoulding@qualityloan.com; jmolteni@qualityloan.com; srogato@qualityloan.com
David Leventhal: davelevlaw@yahoo.com
David Philip Colella: dcolella@flsd.com
Donald R. Timms: dontimms@san.rr.com
F. Patrick Barry: patrick.barry@usdoj.gov
George Chakmakis: george@chakmakislaw.com
Gerald (Jerry) Blank: gblank@san.rr.com; mary@geraldblank.sdcoxmail.com
Grant Alan Reader: garlaw71@gmail.com
Harry Campbell Carpelan: hcarpelan@redwinesherrill.com
Herbert W. Kuehne, Marlene C. Kuehne: hwkuehne@pacbell.net
James B. Gilpin: james.gilpin@bbklaw.com; lisa.grennon@bbklaw.com; marta.stasik@bbklaw.com
James Michael Powell: jpowellesq@gmail.com; info@mydebtorlaw.com
John A. Karaczynski: jkaraczynski@akingump.com; dpongrace@akingump.com; jfukai@akingump.com
John Christopher Lemmo: jl@procopio.com; laj@procopio.com
Jonathan M. Deer: jdeer@taflaw.net; gsuchniak@taflaw.net; jondeeresq@earthlink.net
Joseph Anthony Vanderhorst: jvanderhorst@mwdh2o.com; gosorio@mwdh2o.com
Kevin Patrick Sullivan: ksullivan@sanlawyers.com; kstanis@sanlawyers.com
Thomas Caldwell; Linda Caldwell: goforthvillage2@yahoo.com
Marco Antonio Gonzalez: marco@coastlawgroup.com; sara@coastlawgroup.com
Marilyn H. Levin: marilyn.levin@doj.ca.gov; MichaelW. Hughes@doj.ca.gov
Mary L. Fickel: mfickel@fickeldavislaw.com; rdavis@fickeldavislaw.com
Matthew L. Green: matthew.green@bbklaw.com; lisa.atwood@bbklaw.com
Michael Duane Davis: michael.davis@greshamsavage.com; terigallagher@greshamsavage.com
Michele A. Staples: mstaples@jdtplaw.com; dtankersley@jdtplaw.com; pgosney@jdtplaw.com
Patricia Grace Rosenberg: prosenberg@hnattorneys.com
Richard Alvin Lewis: Rlewis@RichardLewis.com
Robert H. James: bob@fallbrooklawoffice.com; deborah@fallbrooklawoffice.com
Robert K. Edmunds: robert.edmunds@bipc.com; lisa.largent@bipc.com

Robert M. Cohen: rcohen@cohenburgelaw.com; vzareba@cohenburgelaw.com; wwendelstein@cohenburgelaw.com
Steve Michael Bodmer: sbodmer@pechanga-nsn.gov
Thomas C. Stahl: Thomas.Stahl@usdoj.gov; Ginger.Stacey@usdog.gov; efile.dkt.civ@usdoj.gov; sandra.huston@usdoj.gov
Timothy P. Johnson: tjohnson@johnson-chambers.com; cww@johnson-chambers.com
William K. Koska: wkoska@koskalaw.com; alice.ross@clmlawfirm.com; bill.koska@clmlawfirm.com

I further certify that on December 23, 2016, I caused to be served the following document:

1) **NOTICE OF ELECTRONIC FILING (Docket # 5557)**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Carolyn Ellison
49975 Indian Rock
Aguanga, CA 92536

John Ellison
49975 Indian Rock
Aguanga, CA 92536

Carl Gage
40685 Tumbleweed Trail
Aguanga, CA 92536

Donna Gage
40685 Tumbleweed Trail
Aguanga, CA 92536

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Mary E. Lee
42010 Rolling Hills Drive
Aguanga, CA 92536

Cindy L. Barker
37060 Bonita Vista Rd.
Anza, CA 92539

Edward Lueras
623 Beverly Blvd.
Fullerton, CA 96833

Carol Lueras
623 Beverly Blvd.
Fullerton, CA 96833

Michael J. Machado
P.O. Box 391607
Anza, CA 92539

Pamela M. Machado
P.O. Box 391607
Anza, CA 92539

Diane Mannschreck
1600 Kiowa Ave.
Lake Havasu City, AZ 86403

Robert Mannschreck
1600 Kiowa Ave.
Lake Havasu City, AZ 86403

James L. Markman
Richards, Watson & Gershon
1 Civic Center Circle
P.O. Box 1059
Brea, CA 92822-1059

Briar McTaggart
1642 Merion Way, 40E
Seal Beach, CA 90740

Barbara Cole
40225 Curry Court
Aguanga, CA 92536

Thomas C. Perkins
7037 Gaskin Place
Riverside, CA 92506

John S. Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Archie D. McPhee
40482 Gavilan Mountain Road
Fallbrook, CA 92028

Robyn M. Garrison
ERA Excel Realty
56070 Highway 371
Anza, CA 92539

Greg Burnett
The Burnett Group
P. O. Box 391111
Anza, CA 92539

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on December 23, 2016, at Berkeley, California.

Gloria Coronado