LESTER J. MARSTON
California State Bar No. 081030
RAPPORT AND MARSTON
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: marston1@pacbell.net

*Attorney for Plaintiff-Intervenor
Cahuilla Band of Indians*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>CAHUILLA BAND OF INDIANS,<br><br>　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>FALLBROOK PUBLIC UTILTIY DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 51-CV-01247-GPC-RBB<br><br>**CAHUILLA BAND OF INDIANS' REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015**<br><br>Date: January 13, 2017<br>Time: 1:30 p.m.<br>Courtroom: 9<br>Before the Honorable Gonzalo P. Curiel |

## INTRODUCTION

On December 8, 2016, the Watermaster served on Counsel for the Cahuilla Band of Indians ("Tribe") his Response to the Objections to the Watermaster's Annual Report for Water Year 2014-2015, filed by defendants Gregory Burnett, Cindy L. Barker, and Robyn M. Garrison (collectively "Objecting Defendants"). The Objecting Defendants never served their Objections on the Tribe. Counsel for the Tribe did not receive a copy of the Objecting Defendants' Objections until December 28, 2016, when Counsel for

the Ramona Band of Cahuilla Indians provided copies of the Objections to the Tribe's Counsel. Declaration of Lester J. Marston In Support of Cahuilla Band of Indians' Reply to Watermaster's Response to Objections to Annual Report for Water Year 2014-2015.

On December 28, 2016, the Tribe was served and received the Ramona Band of Cahuilla's Reply to Watermaster's Response to Objections to Annual Report for Water Year 2014-2015 ("Ramona Band's Reply"). Having reviewed the Ramona Band's Reply, the Tribe now joins in the Ramona Band's Reply. The Tribe also separately files this Response to Objecting Defendants Barker and Garrison's unsupported allegation that there are "deeded water rights" in the Anza Cahuilla water basin that purportedly pre-date the establishment of the Ramona Indian Reservation and, therefore, possibly pre-date the establishment of the Cahuilla Indian Reservation as well. Barker Objection, p.4; Garrison Objection, p.4.

In this brief, the Tribe will show that the Cahuilla Indian Reservation was established in 1853 when Congress withdrew from settlement and entry all lands under the use and occupation of any Indian tribe within the State of California, including the Tribe, and that the Objecting Defendants have no reserved water right priority date earlier than the Tribe's priority date.

# I.

**THE TRIBE JOINS IN THE RAMONA BAND'S REPLY TO THE WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015.**

Having reviewed the Ramona Band's Reply, the Tribe hereby joins therein. The grounds for this joinder are fully set forth in the Ramona Band's Reply, which are incorporated herein by this reference as though set forth here in full. The Tribe asserts that the arguments set forth in the Ramona Band's Reply, and the grounds for relief being sought therein, are appropriate and applicable, and that the relief sought should be granted.

## II.

### THE CAHUILLA BAND OF INDIANS' RESERVED WATER RIGHT PRIORITY DATE IS SUPERIOR TO ANY RESERVED WATER RIGHT PRIORITY DATE THAT THE OBJECTING DEFENDANTS MAY POSSESS.

The sole basis for the Objecting Defendants' argument is that there are allegedly "deeded water rights" in the Anza-Cahuilla water basin that purportedly pre-date the establishment of the Ramona Indian Reservation and, therefore, possibly pre-date the establishment of the Cahuilla Indian Reservation ("Reservation"). Barker Objection, p.4; Garrison Objection, p.4.

In making this argument, the Objecting Defendants, specifically Barker and Garrison, selectively ignore the following facts: (1) the Tribe and its members were using and occupying all of the lands that comprise the present-day Reservation on March 13, 1853; (2) on March 13, 1853, Congress established the Cahuilla Indian Reservation by reserving and setting aside for the Tribe all lands on the public domain within the State of California that were under the use and occupancy of the Tribe and its members—including all of the lands that comprise the existing Reservation; and (3) the Presidential Orders of December 27, 1875, March 14, 1887, and December 29, 1891, and the Southern California Indian Land Transfer Act, 102 Stat. 2938 (1988), officially established the boundaries of the Reservation initially created by Congress in 1853.

In order to create a reservation, a formal cession or a formal act setting apart a particular tract is not necessary. "It is enough that from what has been done there results a certain defined tract appropriated to certain purposes. Here the Indian occupation was confined by the treaty to a certain specified tract. That became, in effect, an Indian reservation." *Minnesota v. Hitchcock*, 185 U.S. 373, 390 (1901); *Donnelly v. United States*, 228 U.S. 243 (1913).

It is beyond question that, on March 13, 1853, all of the land that comprises the

existing Reservation was under the use and occupancy of the Tribe and its members. *See* May 13, 1851, "Treaty of Peace and Friendship" executed at Camp Belt between the United States and the twelve tribes of Southern California, including the "Cah-wia" Indian Tribe of Bautista and Rafael. *Treaty With The Taches, Cah-Wai, Etc.*, 1851, May 13, 1851, Indian Affairs: Law and Treaties, Complied and Edited by Charles J. Kappler, Volume IV, Part IV, pp. 1092-1094, *available at http://digital.library.okstate.edu/ kappler/Vol4/html_files/v4p1092.html*.

On March 3, 1853, Congress specifically withdrew from settlement, and protected from white encroachment, all tracts of land in the occupation or possession of Indian tribes.

> ...that this Act shall not be construed to authorize any settlement to be made on any tract of land in the occupation or possession of an Indian tribe, or to grant any pre-emption right to the same.

Act of March 3, 1853, 10 Stat. 244, 246 ("1853 Act").

In enacting Section 6 of the 1853 Act, Congress clearly reserved the aboriginal occupancy rights of the Tribe and confirmed that those rights survived California's admission into the Union. The 1853 Act also protected those rights from further unauthorized encroachments by white settlers. This intent was expressed by Senator Fletcher, who offered Section 6 as an amendment to the 1853 Act. In July of 1852, on the floor of the Senate, he stated:

> My object was to avoid the possibility of White people going among the Indians and making settlements, and claiming that the United States had given sanction to it by this law in opposition to the rights of the Indians. . . . I do not apprehend that this provision will embarrass anybody, but, on the other hand, it seems to me to be quite proper that we should give the Indian that security which I desire to give him by this proviso.

Congressional Globe, Vol. 24, Part 3, July 1852, p.1773.

The 1853 Act, therefore, created the Reservation. *Minnesota v. Hitchcock*, 185 U.S. 373, 390 (1901); *Donnelly v. United States*, 228 U.S. 243 (1913).

The Presidential Orders of December 27, 1875, March 14, 1887, and December 29, 1891, and the Southern California Indian Land Transfer Act, 102 Stat. 2938 (1988), officially established the exterior boundaries of the Reservation, an area of land already set aside and withdrawn from settlement for the use and occupation of the Tribe, since the 1853 Act did not establish the boundaries of the Reservation.

The Tribe, therefore, has a reserved water right with a priority date of March 13, 1853. *Winters v. United States*, 207 U.S. 564 (1908). Since all patents within the State of California, that were not approved Mexican land grants, were issued under the authority of the 1853 Act, the Tribe's reserved water right priority date takes precedent over any priority date that the Objecting Defendants may have acquired under the authority of the 1853 Act or a subsequently enacted law.

## CONCLUSION

For the reasons stated above, the Tribe requests that the Court deny Defendants' objections and adopt the order proposed by the Watermaster.

Dated: December 29, 2016                    Respectfully Submitted,

                                            RAPPORT AND MARSTON

                                            By:  */s/ Lester J. Marston*
                                                 LESTER J. MARSTON
                                                 Attorney for Plaintiff, Cahuilla Band
                                                 of Indians

# CERTIFICATE/PROOF OF SERVICE

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action.  My business address is 405 West Perkins Street, Ukiah, CA 95482.

On December 29, 2016, I electronically filed on behalf of the Cahuilla Band of Indians the following document in *United States of America, et al. v. Fallbrook Public Utility District, et al.*, Case  No. 51-cv-1247-GPC-RBB:

**[1] CAHUILLA BAND OF INDIANS' REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015; and**
**[2] DECLARATION OF LESTER J. MARSTON IN SUPPORT OF CAHUILLA BAND OF INDIANS' REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015,**

by using the CM/ECF system, which generated and transmitted a notice of electronic filing to the  following CM/ECF registrants:

B. Tilden Kim:  tkim@rwglaw.com; lpomatto@rwglaw.com
Bill J. Kuenziger:  bkuenziger@bdasports.com; rjones@bhsmck.com
Bryan D. Sampson:  bsampson@sampsonlaw.net; b.sampson3@cox.net; mfickel@sampsonlaw.net;   psampson@sampsonlaw.net
Charles W. Binder:  courtdocs@smrwm.org
Curtis G. Berkey:  cberkey@berkeywilliams.com; mmorales@berkeywilliams.com
Daniel J. Goulding:  dgoulding@qualityloan.com; jmolteni@qualityloan.com; srogato@qualityloan.com
David Leventhal:  davelevlaw@yahoo.com
David Philip Colella:  dcolella@flsd.com
Donald R. Timms:  dontimms@san.rr.com
F. Patrick Barry:  patrick.barry@usdoj.gov
George Chakmakis:  george@chakmakislaw.com
Gerald (Jerry) Blank:  gblank@san.rr.com; mary@geraldblank.sdcoxmail.com
Grant Alan Reader:  garlaw71@gmail.com
Harry Campbell Carpelan:  hcarpelan@redwinesherrill.com
Herbert W. Kuehne, Marlene C. Kuehne:  hwkuehne@pacbell.net
James B. Gilpin:  james.gilpin@bbklaw.com; lisa.grennon@bbklaw.com; marta.stasik@bbklaw.com
James Michael Powell:  jpowellesq@gmail.com; info@mydebtorlaw.com

John A. Karaczynski: jkaraczynski@akingump.com; dpongrace@akingump.com; jfukai@akingump.com
John Christopher Lemmo: jl@procopio.com; laj@procopio.com
Jonathan M. Deer: jdeer@taflaw.net; gsuchniak@taflaw.net; jondeeresq@earthlink.net
Joseph Anthony Vanderhorst: jvanderhorst@mwdh2o.com; gosorio@mwdh2o.com
Kevin Patrick Sullivan: ksullivan@sanlawyers.com; kstanis@sanlawyers.com
Thomas Caldwell; Linda Caldwell: goforthvillage2@yahoo.com
Marco Antonio Gonzalez: marco@coastlawgroup.com; sara@coastlawgroup.com
Marilyn H. Levin: marilyn.levin@doj.ca.gov; MichaelW.Hughes@doj.ca.gov
Mary L. Fickel: mfickel@fickeldavislaw.com; rdavis@fickeldavislaw.com
Matthew L. Green: matthew.green@bbklaw.com; lisa.atwood@bbklaw.com
Michael Duane Davis: michael.davis@greshamsavage.com; terigallagher@greshamsavage.com
Michele A. Staples: mstaples@jdtplaw.com; dtankersley@jdtplaw.com; pgosney@jdtplaw.com
Patricia Grace Rosenberg: prosenberg@hnattorneys.com
Richard Alvin Lewis: Rlewis@RichardLewis.com
Robert H. James: bob@fallbrooklawoffice.com; deborah@fallbrooklawoffice.com
Robert K. Edmunds: robert.edmunds@bipc.com; lisa.largent@bipc.com
Robert M. Cohen: rcohen@cohenburgelaw.com; vzareba@cohenburgelaw.com; wwendelstein@cohenburgelaw.com
Steve Michael Bodmer: sbodmer@pechanga-nsn.gov
Thomas C. Stahl: Thomas.Stahl@usdoj.gov; Ginger.Stacey@usdog.gov; efile.dkt.civ@usdoj.gov; sandra.huston@usdoj.gov
Timothy P. Johnson: tjohnson@johnson-chambers.com; cww@johnson-chambers.com
William K. Koska: wkoska@koskalaw.com; alice.ross@clmlawfirm.com; bill.koska@clmlawfinn.com

I further certify that on December 29, 2016, I caused to be served the following documents:

**[1] CAHUILLA BAND OF INDIANS' REPLY TO WATERMASTER'S RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015; and**

**[2] DECLARATION OF LESTER J. MARSTON IN SUPPORT OF CAHUILLA BAND OF INDIANS' REPLY TO WATERMASTER'S**

**RESPONSE TO OBJECTIONS TO ANNUAL REPORT FOR WATER YEAR 2014-2015,**

by depositing a copy in the United States mail at Ukiah, California, in an envelope with first class postage fully paid, addressed as follows:

| | | |
|---|---|---|
| Khyber Courchesne<br>1264 Page Street<br>San Francisco, CA 94117 | Edward Lueras<br>623 Beverly Blvd.<br>Fullerton, CA 96833 | Briar McTaggart<br>1642 Merion Way, 40E<br>Seal Beach, CA 90740 |
| Carolyn Ellison<br>49975 Indian Rock<br>Aguanga, CA 92536 | Carol Lueras<br>623 Beverly Blvd.<br>Fullerton, CA 96833 | Barbara Cole<br>40225 Curry Court<br>Aguanga, CA 92536 |
| John Ellison<br>49975 Indian Rock<br>Aguanga, CA 92536 | Michael J. Machado<br>P.O. Box 391607<br>Anza, CA 92539 | Thomas C. Perkins<br>7037 Gaskin Place<br>Riverside, CA 92506 |
| Carl Gage<br>40685 Tumbleweed Trail<br>Aguanga, CA 92536 | Pamela M. Machado<br>P.O. Box 391607<br>Anza, CA 92539 | John S. Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| Donna Gage<br>40685 Tumbleweed Trail<br>Aguanga, CA 92536 | Diane Mannschreck<br>1600 Kiowa Ave.<br>Lake Havasu City, AZ 86403 | Peggy Wilson<br>14205 Minorca Cove<br>Del Mar, CA 92014-2932 |
| Anna Gale James<br>40275 Curry Court<br>Aguanga, CA 92536 | Robert Mannschreck<br>1600 Kiowa Ave.<br>Lake Havasu City, AZ 86403 | Archie D. McPhee<br>40482 Gavilan Mountain R<br>Fallbrook, CA 92028 |
| Mary E. Lee<br>42010 Rolling Hills Drive<br>Aguanga, CA 92536 | James L. Markman<br>Richards, Watson & Gershon<br>1 Civic Center Circle<br>P.O. Box 1059<br>Brea, CA 92822-1059 | Robyn M. Garrison<br>ERA Excel Realty<br>56070 Highway 371<br>Anza, CA 92539 |
| Cindy L. Barker<br>37060 Bonita Vista Rd.<br>Anza, CA 92539 | | Greg Burnett<br>The Burnett Group<br>P.O. Box 391111<br>Anza, CA 92539 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; executed on December 29, 2016, at Ukiah, California.

/s/ Brissa De La Herran