1  **REID & HELLYER**
A Professional Corporation
2  DAVID G. MOORE, State Bar No. 36078
MICHAEL G. KERBS, State Bar No. 131620
3  3880 Lemon Street, Fifth Floor
Post Office Box 1300
4  Riverside, California 92502-1300
Telephone: (951) 682-1771
5  Facsimile: (951) 686-2415

6  Attorneys for Defendant Gregory V. Burnett

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          ) CASE NO. 51-cv-1247-GT-RBB
                                       )
12              Plaintiff,             ) The Hon. Judge Gonzalo P. Curiel
                                       )
13       v.                            ) **NOTICE OF MOTION AND**
                                       ) **MOTION FOR RELIEF FROM**
14  RAMONA BAND OF CAHUILLA,           ) **STAY FOR LIMITED PURPOSE OF**
    CAHUILLA BAND OF INDIANS,          ) **ALLOWING GREGORY V.**
15  et.al.,                            ) **BURNETT TO FILE A MOTION TO**
                                       ) **DISMISS INTERVENORS' SECOND**
16              Plaintiffs-Intervenors,) **AMENDED COMPLAINTS;**
                                       ) **MEMORANDUM OF POINTS AND**
17       v.                            ) **AUTHORITIES**
                                       )
18  FALLBROOK PUBLIC UTILITY           ) [Declarations of Gregory V. Burnett and
    DISTRICT, et.al.,                  ) David G. Moore]
19                                     )
                Defendants.            ) Date:  April 7, 2017
20                                     ) Time:  1:30 p.m.
                                       ) Dept:  Courtroom 2D
21                                     ) Judge: Hon. Gonzalo P. Curiel
                                       )
22  _____)

23       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE THAT on April 7, 2017, at 1:30 p.m. in Courtroom

25  2D of the above-entitled Court, located at 940 Front Street, San Diego, CA 92101-

26  8900, or as soon thereafter as the matter may be considered, defendant Gregory V.

27  Burnett ("Burnett") will, and hereby does, move the Court for an order lifting the

28  current litigation stay for the limited purpose of allowing the filing of a motion to

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  dismiss the Ramona Band of Cahuilla Indians' and Cahuilla Band of Indians' Second

2  Amended Complaints in Intervention.

3       Good cause exists for this Court to afford the relief requested herein because

4  Burnett has well-founded legal and factual grounds demonstrating that he is not a

5  proper party to this action.  Due to the Tribes' refusal to dismiss Burnett and the

6  litigation stay that has been in effect since 2008, however, Burnett is unable to

7  accomplish a dismissal from this action without the assistance of the Court.

8       This motion will be based on this Notice of Motion and Motion, the

9  accompanying Memorandum of Points and Authorities, the accompanying

10  Declarations of Gregory V. Burnett and David G. Moore, the [Proposed] Order, any

11  matter of which the Court may take judicial notice, the papers, records and pleadings

12  on file in this matter, any oral argument as may be requested by or presented to this

13  Court in connection with this Motion, if any, and any other matters properly before

14  this Court.

15  DATED:  January 31, 2017          REID & HELLYER
                                    A PROFESSIONAL CORPORATION
16

17

18  By:  /s/ Michael G. Kerbs
         DAVID G. MOORE
19       MICHAEL G. KERBS
         Attorneys for Defendant Gregory V.
         Burnett

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY FOR LIMITED PURPOSE; MEMORANDUM
OF P'S AND A'S

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2       Defendant Gregory V. Burnett ("Burnett") hereby submits the following in

3  support of the Motion for Relief from Stay for the Limited Purpose of Allowing the

4  Filing of a Motion to Dismiss under Federal Rules of Civil Procedure Rule 12(b)(6)

5  (the "Motion"):

6

## I

7

## INTRODUCTION

8       As the owner of real property located in the Anza Valley and overlying the

9  Anza Ground Water Basin, Burnett has been an involuntary party to this action since

10 2007, when he was first given notice of the Ramona Band of Cahuilla Indians' and

11 Cahuilla Band of Indians' (collectively, the "Tribes") Complaints in Intervention.

12 (Declaration of Gregory V. Burnett ["Burnett Decl."], ¶2.)  On numerous occasions

13 thereafter, Burnett has undertaken efforts to demonstrate to the Tribes and to this

14 Court that he should not be a party to this action because of his documented superior

15 water rights that originated via the July 27, 1866, Railroad and Telegraph Line Lands

16 Act.  Such efforts include the participation in and monitoring of this action and

17 attendance at court hearings and settlement conferences and sending letters to the

18 Tribes.  (Burnett Decl., ¶3.)  All efforts to date have been unsuccessful.  As such,

19 Burnett remains in this action and is unable to use the legal process to assert his

20 defenses due to the litigation stay that has been in place since June, 2008 and has

21 recently been extended to July, 2017.  (Docket No. 5564.)

22      As discussed briefly below (and with more detail in a Motion to Dismiss

23 should this Motion be granted), based on prior findings made by this Court and

24 documents capable of judicial notice establishing Burnett's superior water rights,

25 Burnett is not a proper party to this action and should not be required to expend time

26 and resources to monitor and participate in this action.

27 / / /

28 / / /

NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY FOR LIMITED PURPOSE; MEMORANDUM
OF P'S AND A'S

1    Furthermore, the stay that has been in place since 2008 was initiated to permit

2    the parties to engage in settlement negotiations, but, based on the status reports being

3    made to the Court and the continuing requests to keep the stay in place, there is no

4    indication that a settlement will occur in the near future (if at all).  In the meantime,

5    small landowners, like Burnett, are held in involuntary limbo, unable to progress in

6    land sales or development, while hoping that the big players work it out amongst

7    themselves and adequately take into account the small players' interests.

8    As such, Burnett respectfully requests that this Court lift the litigation stay for

9    the limited purpose of permitting Burnett to file a motion to dismiss the Tribes'

10   Second Amended Complaints under Federal Rules of Civil Procedure Rule 12(b)(6).[1]

## II

## THE STAY SHOULD BE LIFTED TO ALLOW BURNETT TO FILE A
## WELL-FOUNDED MOTION TO DISMISS

14   This action was originally filed in 1951 by the United States of America as the

15   Tribes' trustee to quiet title to the Tribes' use of water and to enjoin the impairment

16   of the Tribes' water rights in the Santa Margarita River System.  (Docket No. 1.)  On

17   November 8, 1962, this Court entered an interlocutory judgment recognizing a federal

18   reserved water right for the Tribes with priority dates of 1875, 1887, and 1891.

19   (Docket No. 4430.)  Fifty-six years later, the Tribes filed Complaints in Intervention

20   seeking to establish rights to a specific quantity of groundwater in the Anza-Cahuilla

21   Sub-Basin portion of the Santa Margarita River System superior to that of the

22   thousands of other landowners in the area.  (Docket Nos. 4920 and 4921.)

23   On July 22, 2009, this Court signed an order providing that parties that had

24   been served with copies of the complaint "shall not be required to file answers" to the

25   Tribes' complaints "until such time as ordered by this Court."  (Docket No. 5174.)

26

27   _____

[1] This would not be the first time that a party has sought, or that the Court has
permitted, the stay to be lifted for a limited purpose. (See, Docket Nos. 5099 and
28   5135.)

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   As the owner of property within this area, the Tribes named Burnett as a defendant to

2   their complaints in intervention and, in October, 2009, served him with summons and

3   copies of the operative Second Amended Complaints. (Docket Nos. 5226 and 5227.)

4       The Tribes' Second Amended Complaints in Intervention seek to have this

5   Court quantify the Tribes' rights to the groundwater underlying the Anza-Cahuilla

6   Sub-Basin and enjoin small landowners, like Burnett, from "withdrawing surface

7   waters and groundwater...that are in conflict with the senior federal reserved water

8   rights" of the Tribes. (¶14(3) and (5) and ¶¶33-38 of Docket Nos. 5181 and 5182.)

9   Burnett, however, can establish through this Court's prior findings and documents

10  capable of judicial notice that he has water rights superior to those of the Tribes' and

11  that such rights originate via the July 27, 1866, Railroad and Telegraph Line Lands

12  Act. Burnett, along with his current counsel, has communicated this superior right

13  with supporting documentation to the Tribes on several occasions. (Burnett Decl.,

14  ¶3; Declaration of David G. Moore, ¶3.)

15      Despite being aware of the legal and factual grounds upon which Burnett

16  intends to file a Motion to Dismiss, however, and having no legal or factual basis

17  upon which to enjoin Burnett's lawful water use, the Tribes continually refuse to

18  dismiss Burnett from this action. (Burnett Decl., ¶4; Moore Decl., ¶3.) It is on this

19  basis that Burnett seeks the Court's assistance and permission to file a motion that

20  would allow Burnett the opportunity to defend against the Tribes' claims of water

21  right superiority.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

### III

## BURNETT HAS BEEN, AND CONTINUES TO BE, PREJUDICED BY THE LITIGATION STAY[2]

It has been over eight years since this Court initiated a stay of this action to facilitate settlement negotiations.  The Tribes have represented to this Court that settlement negotiations are still ongoing.  (Docket No. 5562.)  There is no indication, however, that settlement will happen in the near future (or at all).  In the meantime, landowners, like Burnett, are left in litigation limbo and left expending substantial time and resources monitoring and participating in Court proceedings and settlement conferences that fail to even recognize that landowners with superior rights exist.

Additionally, this action has impacted development in the Anza Valley. Burnett is the owner and founder of a residential development known as Thomas Mountain Ranch overlying the Anza Ground Water Basin.  (Burnett Decl., ¶5.)  The uncertainty created by this action has placed a cloud over Burnett's water use, has interfered with Burnett's attempts to implement a small water system to support Thomas Mountain Ranch, and impacted Burnett's ability to obtain financing to support the development.

Furthermore, there is no guarantee that Burnett will be adequately represented in any ultimate settlement reached primarily between the large players to this action (the Tribes, the United States; the State of California; the County of Riverside; the Riverside County Flood Control and Water Conservation District; the Anza Landowners Group; Greenwald Landowners; the Hemet Unified School District;

---

[2] This is not Burnett's first objection to the litigation stay.  In 2010, Burnett's prior attorney filed an objection to further stays on the basis that "[w]ithout any firm deadlines imposed by the Court, there remains a significant chance that settlement discussions may reach an impasse, or crawl at a snail's pace, or both" and noting that the "unresolved nature of this lawsuit has caused severe prejudice to Burnett and literally thousands of landowners whose title have been clouded by this on-going, yet stayed lawsuit."  (Docket No. 5245.)  Nothing has changed in seven years.

NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY FOR LIMITED PURPOSE; MEMORANDUM OF P'S AND A'S

1 and Agri-Empire).[3] This position is supported by the fact that Burnett and others

2 similarly situated have been continuously unrecognized and unrepresented in the

3 Watermaster's Annual Report.  (Burnett Decl., ¶3; See also, Burnett's Objections to

4 Watermaster Report at Docket Nos. 5546 and 5560.)  These landowners who do not

5 have the resources to pay counsel to sit in settlement discussions for ten years and

6 achieve nothing deserve a day in court - a day that should not be prolonged for

7 another ten years.

8 　　　Finally, as discussed briefly above (and in more depth in the Motion to Dismiss

9 that will be filed if this Motion is granted), Burnett has water rights that pre-date the

10 judicially-articulated priority dates of the Tribes.  Burnett need not comprise these

11 superior rights in a global settlement with parties that are neither similarly situated

12 nor entitled to interfere with these rights.

13 　　　Use of a court's inherent power to stay proceedings "calls for the exercise of

14 judgment, which must weigh competing interests and maintain an even balance."

15 (*Landis v. North Am. Co.* (1936) 299 U.S. 248, 254-255.)  Here, as demonstrated

16 above, there currently exists an uneven balance between landowners like Burnett who

17 should not have to remain in an action to which they are not proper parties and to

18 compromise rights that are theirs to maintain and the proper parties to this action

19 which all agree to stay this action to settle their claims.  For this reason and those set

20 forth above, the litigation stay should be lifted for the limited purpose of permitting

21 Burnett to set forth the legal and factual basis for his defense to the superior water

22 rights claimed by the Tribes.

23 / / /

24 / / /

25 / / /

26 / / /

27

28

[3] All of these larger players are noted in the most recent Joint Motion to Extend the litigation stay.  (Docket No. 5562.)

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

## IV

## CONCLUSION

Burnett has been patient in hoping that the Tribes would settle with the larger landowners in the area and finally realize that Burnett should not be a part of the Tribes' claims.  After ten years, however, Burnett has run out of patience and needs the assistance of the Court to obtain a resolution.

Based on all of the foregoing, in order to relieve Burnett of the burden of continuing to be part of an action to which he is not a proper party, Burnett respectfully requests that this Court lift the stay for the limited purpose of allowing him the opportunity to permit this Court to rule on a Motion to Dismiss.

DATED:  January 31, 2017

REID & HELLYER
A PROFESSIONAL CORPORATION


By:  /s/ Michael G. Kerbs
DAVID G. MOORE
MICHAEL G. KERBS
Attorneys for Defendant Gregory V.
Burnett

Case No. 51-cv-1247

NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY FOR LIMITED PURPOSE; MEMORANDUM OF P'S AND A'S