JAMES L. MARKMAN (043536)
B. TILDEN KIM (143937)
PATRICK D. SKAHAN (286140)
RICHARDS, WATSON & GERSHON
A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3101
Telephone: (213) 626-8484
Facsimile: (213) 626-0078

Attorneys for Anza Basin Represented Landowner Group

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br><br>　　　　Plaintiff-Intervenors,<br><br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 1247-SD-C<br><br>**ANZA BASIN REPRESENTED LANDOWNER GROUP'S OPPOSITION TO MOTION FOR EXTENSION OF STAY**<br><br>Current Stay Expiration Date: October 17, 2016<br><br>Magistrate Judge: Ruben B. Brooks |

Exhibit "A", P. 3

## I. INTRODUCTION

Anza Basin Represented Landowner Group ("Landowner Group") submits this opposition to the Cahuilla Band of Indians and the Ramona Band of Cahuilla Indians' (collectively "the Bands") joint motion to extend the stay of these proceedings. The current stay order expires on October 17, 2016.

During the past year, the Cahuilla Band of Indians has changed legal counsel, and substantially changed its position on key settlement points that had presumably been negotiated to finality during the past decade. That turn of events after a decade of what were assumed to be good faith discussions places in severe doubt the notion that a further stay may facilitate closure. Thus, the Landowner Group respectfully requests the Court to require the moving parties provide more substance to the Court supporting the utility of a further extension of the stay.

In short, the stay – which has been in place for almost a decade now – should not be further extended if settlement negotiations are actually at an impasse. Litigation of certain key gating issues such as the validity of the hydrologic bases for this case may, unfortunately, now be necessary.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Origins of this Action

As this Court is well-aware, this action was originally filed by the United States in 1951 to quiet title to its rights to waters of the Santa Margarita River Watershed for use at Camp Pendleton, and to enjoin the unlawful interference with those rights. The action eventually grew to encompass the correlative right of everyone interested in the waters of the Santa Margarita River Watershed. *California v. U.S.*, 235 F.2d 647, 664 (9th Cir. 1956).

In administering the adjudication of these correlative rights, the Court divided its fact-finding and legal conclusions into a number of Interlocutory Judgments, which were ultimately incorporated into the Court's Final Judgment and Decree, entered on May 8, 1963. Each Interlocutory Judgment made findings

of fact and conclusions of law regarding the hydrology and water rights associated with particular sub-areas within the adjudication.

The Court did not, however, quantify water rights, reserving jurisdiction to do so until circumstances required in the future. By their Complaints in Intervention, the Bands contend the time for quantification has arrived and they seek to enjoin critical ongoing water production of thousands of small landowners in the Anza Valley, most of which are domestic wells for residences.

### B. The Bands' Complaints In Intervention

On October 6, 2006 and October 19, 2006, the Cahuilla and Ramona Band of Cahuilla Indians, respectively, filed motions to intervene in the present action under the Court's continuing jurisdiction. The Court granted these motions on January 22, 2007, and the Bands filed their respective complaints in intervention the same day.

The Bands subsequently filed First Amended Complaints in Intervention (collectively "Complaints") on July 2, 2007 (Ramona) and July 9, 2007 (Cahuilla), seeking to obtain a judicial decree quantifying their reserved water rights and to enjoin the water production of thousands of landowners alleged to interfere with those rights.

Without specification, the Bands allege that the use of groundwater within the Anza Basin, by thousands of individual landowners, has caused, and is continuing to cause irreparable injury to the Bands' ability to exercise their federally reserved rights within the Anza Basin portion of the Santa Margarita River System. This position and litigation has economically strangled economic growth in Anza for a decade and threatens homeowners' continued use of their property. However, if litigated, the Landowner Group posit that the Bands' water

rights under *Winters v. United States*, 207 U.S. 564 (1908) ("***Winters***") are significantly less than their settlement demands.[1]

The settlement guided by the Court to date protected the continued utility of those many homes. It would be unfortunate if litigation rather than negotiations may be necessary to reconcile the Bands' demands with the homeowners' basic right to live in their homes. The question is: if the requested stay extension is granted, what reason has been provided to justify that the negotiating could ever be concluded successfully?

### C. Legal Standard

District courts possess the inherent power to control their dockets and promote efficient use of judicial resources. ***Dependable Highway Express, Inc. v. Navigators Ins. Co.***, 498 F.3d 1059, 1066 (9th Cir. 2007). The power to stay proceedings is incidental to the inherent power of the courts to control their dockets with economy of time and effort. ***Landis v. North American Co.***, 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936).

In determining whether to grant or refuse a motion to stay proceedings, a court must consider several competing interests including, (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962) (*citing Landis*, 299 U.S. at 254-55).

Each of the above-referenced interests weighs against a further extension of the stay. The Landowner Group parties have suffered economic hardship due to the specter of this on-going lawsuit. Economic development has essentially

---

[1] In connection with the Cahuilla Bands' demand for exportation rights, the Landowner Group briefed the limitations under the ***Winters*** doctrine in a confidential brief submitted to the Court on March 5, 2014.

stopped in the Anza area, and landowners in the entire area have had difficulty selling their properties due to this litigation.

Thus, litigation of key issues -- such as fundamental assumptions of groundwater hydrology, safe yield, and the extent of the Bands' rights under the *Winters* doctrine – may be necessary to resolve the Bands' complaints-in-intervention (whether through a court decree or settlement) after the Court's resolution of one or more of these critical issues.

### D. A Proposed Discovery Plan Has Already Been Submitted By the Parties

The Landowner Group had raised these (and other) concerns in its confidential settlement brief lodged with the Court on September 25, 2015. Those concerns have become reality over the past year, with the Cahuilla Tribe attempting to re-write and re-negotiate basic material terms, such as the Cahuilla Band's share of Safe Yield. Simply put, Cahuilla Band's present increased demand for allocation of water rights is unworkable given the present and future water needs of the entire Anza community, and could force the parties to seek through litigation a practical application of the *Winters* doctrine.

When faced with a similar potential impasse, the Court had ordered the parties to submit a "[Proposed] Discovery Plan" on September 25, 2015 (a true and correct copy is attached as Exhibit "A"). Except for changing the deadlines on Section A ("General Case Management Matters"), the Court should seriously consider adopting the parties' proposed Joint Discovery Plan rather that extending the stay because the Landowner Group believes that a stay extension will no longer foster continued productive dialogue towards settlement.

## III. CONCLUSION

For the foregoing reasons, the Court should carefully consider the foregoing rather than granting the Band's joint motion to further stay proceedings.

DATED: October 17, 2016

JAMES L. MARKMAN
B. TILDEN KIM
PATRICK D. SKAHAN
RICHARDS, WATSON & GERSHON,
A Professional Corporation

By: /s/ James L. Markman
James L. Markman
Attorneys for Anza Basin Represented Landowner Group

# EXHIBIT "A"

1  Marco A. Gonzalez (SBN 190832)
   COAST LAW GROUP LLP
2  1140 South Coast Highway 101
   Encinitas, California 92024
3  Tel: (760) 942-8505, Fax: (760) 942-8515
   marco@coastlawgroup.com
4
5  Scott B. McElroy (Pro Hac Vice)
   M. Catherine Condon (Pro Hac Vice)
   McELROY, MEYER, WALKER & CONDON, P.C.
6  1007 Pearl Street, Suite 220
   Boulder, Colorado 80302
7  Tel: (303) 442-2021, Fax: (303) 444-3490
   smcelroy@mmwclaw.com
8  ccondon@mmwclaw.com

9  *Attorneys for Plaintiff in Intervention,*
   *Cahuilla Band of Indians*
10

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil No.: 51-cv-1247-GPC(RBB) |
| RAMONA BAND OF CAHUILLA;<br>CAHUILLA BAND OF INDIANS, | |
| Plaintiff-Intervenors, | |
| vs. | **[PROPOSED] JOINT**<br>**DISCOVERY PLAN** |
| FALLBROOK PUBLIC UTILTY<br>DISTRICT, a public service corporation<br>of the State of California, et al., | |
| Defendants. | |

1

Pursuant to the Court's Minute Order dated August 7, 2015, and Federal Rules of Civil Procedure 16(b) and 26(f), the parties submit a joint discovery plan as part of a proposed Case Management Order. In accordance with Rule 26(f)(3), the parties hereby state their "views and proposals" on matters related to disclosures and discovery; the parties recognize that these views are preliminary and that further discussion and submissions will be needed before the issuance of a final Joint Scheduling Order.

A.  **GENERAL CASE MANAGEMENT MATTERS**

Pursuant to Rule 26(f)(3)(F), the parties agree on several case management matters and ask the Court to enter a Preliminary Scheduling Order pursuant to Rule 16(b) and (c) and Rule 26(c) that substantially incorporates the following:

1. **Service of Process**: The Plaintiff and Plaintiff-Intervenors will conform service of process to the current understanding of the Anza and Cahuilla Basin boundaries and will complete such service within ninety (90) days after the September 29, 2015, settlement conference, or by **December 28, 2015**.

2. **Answers, Counter-Claims, and Rule 12 Motions**: The Defendants will file an answer to the Complaints, Counterclaims, or a Rule 12 motion within forty-five (45) days after completion of service, or by **February 29, 2016**.

3. **Amendments to Pleadings**: The parties will make any amendments to their pleadings by **June 30, 2016**.

4. **Time to Join Additional Parties**: The parties will join any additional parties by **June 30, 2016**.

5. **Case Management Conference**: The Court will hold a case management conference on **July 29, 2016**, to determine scope of discovery in light of the pleadings submitted and to be submitted by the parties, the Interlocutory Judgments previously entered in this matter, and other considerations; to set the discovery schedule, to consider further case management matters such as bifurcation and/or phasing; and to set a trial date.

B.  **PRELIMINARY SUBJECTS FOR DISCOVERY AND DISCOVERY DEADLINES**

Subject to further discussion at the Case Management Conference, at this stage of the case, the parties currently believe that discovery will be conducted on the following subjects and that discovery should be completed as follows:

2

1. **Discovery Subjects:** Without limitation on the parties' right to conduct discovery on issues likely to lead to the discovery of relevant evidence, the parties believe discovery may be needed on the following subjects depending on the extent to which the prior findings and holdings of the Court are challenged:

    a.  Water Production and Consumption History;

    b.  History and Ethnohistory;

    c.  Anthropology;

    d.  Soil science;

    e.  Agricultural economics and agronomy;

    f.  Engineering;

    g.  Economic development;

    h.  Future water production;

    i.  Groundwater basin hydrology and safe yield and extent of common source of water supply;

    j.  Historic agricultural use within the basin;

    k.  Information regarding current uses of property in the basin;

    l.  Property development plans;

    m.  Historic water and land usage, including evidence of the following:

        i.   Geologic mapping

        ii.  Well completion reports

        iii. Water level monitoring reports

        iv.  Pumping data

        v.   Well meter data

   vi. Water quality data

   vii. Aquifer tests

   viii. Well efficiency tests

   ix. Well logs and other geologic information

   x. Well screening information

   xi. Well abandonment logs

   xii. Reports and invoices regarding well repair or deepening activities

   xiii. Records relating to any water use agreements

   xiv. Records of contamination detected, removed or remediated on the property

 **n.** Information regarding nature of purpose of surface water storage on respective properties in the basin;

 **o.** Information regarding any water purchase agreements.

2. **Completion of Discovery:** The parties will complete discovery no later than three (3) months before trial.

3. **Phasing or Limitation of Discovery to Particular Issues:** Without waiving any rights to do so in the future, the parties currently do not believe it is necessary to phase the discovery process or to limit discovery to particular issues, and except that the deposition of any expert witness will not be taken until after the deadline for filing expert rebuttal disclosures.

4. **Watermaster Discovery:** The Watermaster shall establish a document depository for his files related to the Anza and Cahuilla Basins. The parties shall cooperate in conducting discovery, including depositions, on the Watermaster's office so as to minimize the disruption to that office.

C.  **ISSUES REGARDING ELECTRONICALLY STORED INFORMATION**

Pursuant to Rule 26(f)(3)(C), the parties do not believe there will be issues regarding the disclosure or discovery of electronically stored information, and agree that to the extent possible any such information should be produced in its native form.

D.  **ISSUES REGARDING CLAIMS OF PRIVILEGE OR PROTECTION OF TRIAL-PREPARATION MATERIALS**

Pursuant to Rule 26(f)(3)(D), the parties do not currently have issues regarding claims of privilege or the protection of trial-preparation materials. The parties have not entered into an agreement on a procedure for asserting these claims after production.

E.  **OTHER LIMITATIONS ON DISCOVERY**

Pursuant to Rule 26(f)(3)(E), other than as described above, the parties do not believe any changes should be made to the limitations on discovery found in either the Federal or Local Rules.

F.  **OTHER TRIAL MATTERS**

Pursuant to Rule 26(f)(3)(F), the parties agree on several other case management matters and ask the Court to enter a Case Management Order pursuant to Rule 16(b) and (c) and Rule 26(c) that substantially incorporates the following:

1. **Trial Setting:** The parties believe this case should be set for a four (4) week trial depending on the scope of the issues to be resolved at trial. The parties reserve the right to seek bifurcation and/or phasing of trial to further the interests of judicial economy and ends of justice. The parties will promptly notify the Court if the estimated length of trial changes.

2. **Pre-Trial Conference:** The parties believe a pre-trial conference should be set at least sixty (60) days prior to trial. The parties shall submit Memoranda of Contentions of Law and Fact no later than twenty-eight (28) days before the pre-trial conference.

3. **Summary Judgment, Summary Adjudication Motions:** The parties will file any Rule 56 motions as allowable under the Federal Rules of Civil Procedure no later than 45 days after the completion of discovery.

4. **Pre-Trial Motions:** The parties will file all pre-trial motions at least sixty (60) days before trial. Responses thereto will be filed at least thirty (30)

days before trial, and replies will be filed at least fifteen (15) days before trial.

5. **Pre-Trial Order:**

   a. The Plaintiff and Plaintiff-Intervenors will convene the meeting of counsel required by CivLR 16.1(f)(4). The Plaintiff and Plaintiff-Intervenors will circulate a draft Pre-Trial Management Order to all parties at least ninety (90) days before trial.

   b. The parties will exchange lists of witnesses and exhibits to be included in the Pre-Trial Order no later than seventy-five (75) days before trial.

   c. The Defendants will provide comments on the draft Pre-Trial Order no later than seventy (70) days before trial.

   d. The Plaintiff and Plaintiff-Intervenors will lodge the Pre-Trial Order with the Judge's Chambers no later than five (5) days before the pre-trial conference.

   e. Unresolved issues regarding the Pre-Trial Order will be resolved at the pre-trial conference.

   f. The Pre-Trial Order shall be filed with the Court no later than three (3) days after the pre-trial conference.

Counsel for the Cahuilla Band of Indians has been authorized by the parties to state that they concur in the submission of this Proposed Joint Discovery Plan.

1

Respectfully submitted this 25th day of September 2015.

2

3
                                           Marco A. Gonzalez (SBN 190832)
                                           COAST LAW GROUP LLP
                                           1140 S. Coast Hwy 101

4
                                           Encinitas, California 92024
                                           Tel: (760)-942-8505, Fax: (760)-942-8515

5
                                           marco@coastlawgroup.com

6
                                           McELROY, MEYER, WALKER &
                                           CONDON, P.C.

7

8
                                           By: *S/ Scott B. McElroy*
                                              Scott B. McElroy (Pro Hac Vice)
                                             M. Catherine Condon (Pro Hac Vice)

9
                                             1007 Pearl Street, Suite 220
                                           Boulder, Colorado 80302

10
                                           Tel: (303)-442-2021, Fax: (303)-444-3490
                                           smcelroy@mmwclaw.com

11
                                           ccondon@mmwclaw.com

12
                                           *Attorneys for Plaintiff in Intervention,*
                                           *The Cahuilla Band of Indians*

13

14

15

16

17

18

19

20

21

22

7