STEVE BODMER
Pechanga Office of General Counsel
P.O. Box 1477
Temecula, California 92593
Telephone: 951-770-6171
E-mail: sbodmer@pechanga-nsn.gov
*Attorney for Plaintiff-Intervenor/Defendant
Pechanga Band of Luiseño Indians*

JAMES B. GILPIN
Best Best & Krieger LLP
655 West Broadway, 15th Floor
San Diego, CA 92101
Telephone: 619-525-1300
E-mail: James.Gilpin@bbklaw.com
*Attorney for Rancho California Water District*

PATRICK BARRY (*Pro Hac Vice*)
Department of Justice
P.O. Box 44378
Washington, D.C. 20026-4378
Telephone: 202-305-0254
E-mail: Patrick.Barry@usdoj.gov
*Attorney for the United States*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, *et al.*,<br><br>Defendants. | Case No. 51-01247-GPC-RBB<br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br><br>**JOINT MOTION FOR CONSENT JUDGMENT AND DECREE ADOPTING SETTLEMENT AGREEMENT**<br><br>Hearing Date:  May 25, 2018<br>Hearing Time:  1:30 p.m. |

The Pechanga Band of Luiseño Mission Indians ("Pechanga"), Rancho California Water District ("RCWD") and the United States of America ("United

States") (collectively the "Submitting Parties") hereby respectfully submit this joint motion for a consent judgment and decree adopting the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Agreement ("Settlement Agreement"). The Settlement Agreement was ratified and approved by the Congress of the United States in December 2016 in the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Act, Pub. L. No. 114-322, §§ 3401-3413, 130 Stat. 1627, 1755-1771 (2016) ("Settlement Act"), and executed by the Submitting Parties on November 29, 2017. The Submitting Parties submit herewith a copy of the Settlement Agreement and exhibits as Exhibit 1, the Settlement Act as Exhibit 2, and declarations establishing that the Settlement Agreement was agreed to in good faith and is fair and equitable as Exhibits 3 (Declaration of Donald Pongrace), 4 (Declaration of Patrick Barry), and 5 (Declaration of James Gilpin).

Pursuant to Local Rule 7.1(f)(1) the Submitting Parties respectfully submit the following statement of material facts:

1. Pechanga has been engaged in a struggle for recognition and protection of its federally reserved water rights for decades. Exhibit 3 at ¶ 3.

2. In 1951, the United States initiated litigation over water rights in the Santa Margarita River Watershed in *United States v. Fallbrook Public Utility District et al.,* Civ. No. 3:51-cv-01247 (S.D.C.A.). Exhibit 4 at ¶ 3. The *Fallbrook* litigation eventually expanded to include all water users within the Santa Margarita River Watershed, including three Indian Tribes – Pechanga, Ramona Band of Cahuilla Indians, and Cahuilla Band of Indians. *Id*. The United States, as trustee, represented all three Tribes before the *Fallbrook* Court. *Id*.

3. In a series of Interlocutory Judgments that were eventually incorporated into the Court's Modified Final Judgment and Decree (Doc. No. 4768), the Court examined and established water rights for various water users involved in the case. In Interlocutory Judgment 41 ("IJ 41") (Doc. No. 4430), the Court concluded that each of the three Tribes have a recognized federally reserved

1  water right without specifically quantifying each Tribe's water right. Although the
2  Court did examine some facts in IJ 41 and developed "prima facie" findings with
3  respect to each Tribe's quantifiable water rights, these prima facie findings were
4  never established as a matter of law. Doc. No. 4330 at 14-15. As a result of IJ 41,
5  all three Tribes have "Decreed" but "unquantified" federally reserved water rights.

6      4.    In 1974, Pechanga filed a Motion with the *Fallbrook* Court to
7  intervene as a plaintiff-intervenor and a party to the proceeding on its own behalf.
8  Doc. No. 4784. In 1975, the Court granted Pechanga's Motion and Pechanga filed
9  a complaint to enjoin certain defendants from using more than their share of
10 stipulated amount of water. Doc. No. 4790.

11     5.    For many years Pechanga sought to avoid litigation and instead,
12 worked with those entities around Pechanga to develop mutual private agreements
13 for sharing the limited water resources in the Wolf Valley basin. Exhibit 3 at ¶ 7.
14 Specifically, in an effort to collaboratively develop a means of providing assured
15 water supplies and cooperative management of a common water basin, Pechanga
16 adopted an approach of negotiation and reconciliation with the primary water users
17 in its portion of the Santa Margarita River Watershed, primarily RCWD and the
18 Eastern Municipal Water District ("EMWD"). *Id*. These efforts at negotiated
19 management of water resources resulted in the Groundwater Management
20 Agreement between Pechanga and RCWD in 2006, and a Recycled Water
21 Agreement between EMWD and Pechanga in 2008, with the recycled water being
22 delivered to Pechanga by RCWD. Exhibit 3 at ¶ 7; Exhibit 5 at ¶ 4. Both of these
23 agreements have been successfully implemented and are in effect today. *Id*.
24 Significantly, though successful, neither of these agreements sought to address the
25 scope or settlement of Pechanga's overall water rights to the Santa Margarita River
26 Watershed. *Id*.

27     6.    Beginning in 2007, Pechanga initiated settlement discussions with the
28 United States and RCWD. Exhibit 3 at ¶ 5; Exhibit 4 at ¶ 4; Exhibit 5 at ¶ 5. As

part of those efforts, on March 13, 2008, Pechanga requested that the Secretary of the Interior seek settlement of the water rights claims involving Pechanga, the United States, and non-Federal third parties through the formation of a Federal Negotiation Team under the Criteria and Procedures for Participation of the Federal Government in Negotiations for the Settlement of Indian Water Rights Claims.[1] Exhibit 3 at ¶ 6; Exhibit 4 at ¶ 5.  The Secretary agreed to form a Federal Negotiation Team on August 1, 2008 and Pechanga began working closely with the Federal Negotiation Team to effectively negotiate the terms of the settlement with the other parties in order to resolve its claims against the United States in connection with the development and protection of Pechanga's water rights.  *Id*. During these negotiations, the United States negotiated as Trustee on behalf of Pechanga and on behalf of allottees.  Exhibit 4 at ¶ 10-11.

7.    On December 17, 2008, Pechanga and RCWD, in conjunction with the United States, EMWD, and the Metropolitan Water District, reached a preliminary agreement on a framework for the resolution of Pechanga's claims to additional water in the Santa Margarita River Watershed, as well as its other claims for injuries to these rights over the years.  Exhibit 3 at ¶8; Exhibit 4 at ¶ 15; Exhibit 5 at ¶ 12.  The preliminary agreement served as the basis for the parties to develop and finalize the agreements in definitive documents, which would then be used for Congressional and Court approval.  Exhibit 3 at ¶ 9.

8.    Following the Parties' adoption of the preliminary agreement and principle of terms, the Parties continued to negotiate the terms of the Settlement Agreement and also drafted Federal legislation that was first introduced in the United States House of Representatives on December 11, 2009 (H.R.4285, 111th

---

[1] *See* Working Group in Indian Water Settlements; Criteria and Procedures for the Participation of the Federal Government in Negotiations for the Settlement of Indian Water Rights Claims, 55 Fed. Reg. 9223 (Mar. 12, 1990).

1  Cong. (2009)), and in the United States Senate on January 26, 2010 (S.2956, 111th
2  Cong. (2010)). *Id*. at ¶ 10.  The Senate Committee on Indian Affairs and the House
3  Natural Resources Subcommittee on Water and Power held several hearings on the
4  legislation.  *Id*. at ¶ 11.  The legislation was amended numerous times to address
5  various concerns with the legislation and to incorporate further settlement
6  provisions between the Parties.  *Id*. at ¶ 11; *See* H.R.5984, 114th Cong. (2016);
7  S.2848, 114th Cong. § 8009 (2016); S.1983, 114th Cong. (2015); S.612, 114th
8  Cong. Subtitle D §§ 3404-13 (2015); H.R.2508, 113th Cong. (2013); S.1219, 113th
9  Cong. (2013); H.R.5413, 111th Cong. (2010); S.2956, 111th Cong. (2010);
10 H.R.4285, 111th Cong. (2009).

11      9.  On July 22, 2016, the Obama Administration issued a formal letter in
12 support of the Settlement Act and confirmed that the Settlement Act represents a
13 net-benefit to the American taxpayer as compared to the consequences and costs of
14 not settling the litigation related to Pechanga's water rights claims.  *Id*. at ¶ 12.

15      10.  After nine years of settlement negotiations, in 2016, the Parties
16 reached a final Settlement Agreement.  Exhibit 3 at ¶ 22; Exhibit 4 at ¶ 16; Exhibit
17 5 at ¶ 12.  Throughout the settlement negotiations the Parties faced difficulty in
18 reaching a compromise that was acceptable to all parties.  Exhibit 3 at ¶¶ 18-20;
19 Exhibit 4 at ¶¶ 9-16; Exhibit 5 at ¶¶ 8-10.  All of the Parties engaged hydrological
20 experts to review and consider the water rights claims involved and assist the
21 principals in crafting the Settlement Agreement terms.  Exhibit 3 at ¶ 17; Exhibit 4
22 at ¶ 8; Exhibit 5 at ¶ 7.  After numerous meetings and circulating draft versions of
23 the documents back and forth, the Parties were able to reach an innovative, fair and
24 equitable settlement for Pechanga, RCWD and the United States.  Exhibit 3 at ¶¶
25 20-24; Exhibit 4 at ¶¶ 13-16, 19-20; Exhibit 5 at ¶¶ 10-12, 15-16.

26      11.  This Settlement Agreement is critical to settle once and for all,
27 Pechanga's longstanding water claims in the Santa Margarita River Watershed,
28 provide the resources to meet Pechanga's current and future water needs, and most

1  importantly provide Pechanga with "wet" water. Exhibit 3 at ¶¶ 23-24. Not only
2  does the Settlement Agreement provide certainty as to Pechanga's water rights but
3  it also provides certainty for all water users in the Santa Margarita River
4  Watershed, most importantly RCWD and its customers. Exhibit 5 at ¶¶ 15-16.
5  This Settlement Agreement is the product of a great deal of effort by all of the
6  Parties and reflects a desire by the Parties to settle their differences through
7  negotiation rather than litigation. Exhibit 3 at ¶ 7.

8      12. On December 16, 2016, Congress enacted the Pechanga Band of
9  Luiseño Mission Indians Water Rights Settlement Act, Pub. L. No. 114-322, §§
10  3401-3413, 130 Stat. 1627, 1755-1771 (2016). *Id*. at ¶ 13, which ratified the
11  Settlement Agreement to the extent consistent with the Settlement Act.

12      13. On October 11, 2017, Pechanga, Metropolitan Water District, and
13  EMWD executed exhibit F of the Settlement Agreement, the "Extension of Service
14  Area Agreement". Exhibit 3 at ¶ 14; Exhibit 5 at ¶ 13.

15      14. On November 29, 2017, the Parties executed the Settlement
16  Agreement, remaining Settlement Agreement exhibits (exhibits A, B, C, D, E, G,
17  and H), and waivers of claims. Exhibit 3 at ¶ 15; Exhibit 4 at ¶ 18; Exhibit 5 at ¶
18  14.

19      The Submitting Parties, by and through their undersigned attorneys, jointly
20  move this Court to enter a final judgment and decree approving the Settlement
21  Agreement. As grounds therefore for the foregoing requested action, the
22  Submitting Parties state:

23      1. Approval of the Settlement Agreement is appropriate because it is fair,
24  adequate, reasonable, and conforms to applicable law.

25      2. The Submitting Parties submit a Joint Memorandum in Support of this
26  Joint Motion in accordance with CivLR 7.1(f)(1) and 7.2(b), and a Proposed
27  Judgment and Decree in accordance with CivLR 7.2(c).

28

WHEREFORE, for the reasons stated in this Joint Motion, the accompanying Joint Memorandum, and for any other reason that may appear to the Court, the Submitting Parties respectfully request that this Joint Motion be granted and the Proposed Judgment and Decree be entered accordingly.

RESPECTFULLY SUBMITTED,

Dated: January 24, 2018       Pechanga Band of Luiseño Mission Indians

By:   *s/Steve Bodmer*
      Steve Bodmer
      Attorney for Pechanga Band of
      Luiseño Mission Indians
      E-mail: sbodmer@pechanga-nsn.gov


Rancho California Water District

By:   *s/James Gilpin*
      James Gilpin
      Attorney for Rancho California Water
      District
      E-mail: James.Gilpin@bbklaw.com


United States of America

By:   *s/Patrick Barry*
      Patrick Barry
      Attorney for the United States of
      America
      E-mail: Patrick.Barry@usdoj.gov