UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, *et al.*,<br><br>Defendants. | Case No. 51-01247-GPC-RBB<br><br>**JUDGMENT AND DECREE ADOPTING SETTLEMENT AGREEMENT**<br><br>Hon. Gonzalo P. Curiel |

1. The Court has considered the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Agreement ("Settlement Agreement"), dated November 29, 2017, and the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Act ("Settlement Act"), which permanently resolve the water rights claims of the Pechanga Band of Luiseño Mission Indians ("Pechanga"), its Members, and Allottees; and of the United States acting on behalf of Pechanga, its Members, and Allottees, to the waters of the Santa Margarita River Watershed for land within the exterior boundaries of the Pechanga Reservation. A copy of the Settlement Agreement is attached to this Judgment and Decree.

2. In 1951, the United States initiated litigation in this Court over water rights in the Santa Margarita River Watershed "to quiet title to its rights to the use of waters of the Santa Margarita River systems in San Diego and Riverside Counties, California." *United States v. Fallbrook Pub. Util. Dist.,* 347 F.2d 48, 51 (9th Cir.

1965). This case subsequently expanded to include all water users within the Santa Margarita Watershed, including three Indian Tribes: Pechanga, Ramona Band of Cahuilla Indians, and Cahuilla Band of Indians. In 1963, the Court entered a number of Interlocutory Judgments and issued a final judgment and decree, whereby the Interlocutory Judgments or Orders were listed and together with the Findings of Fact and Conclusions of Law were adopted as the final Findings of Fact, Conclusions of Law, and Judgment and Decree of the Court.

3. The Judgment and Decree was appealed to the United States Court of Appeals for the Ninth Circuit. In 1966, the Court entered the Findings of Fact, Conclusions of Law, and Modified Final Judgment and Decree ("Fallbrook Decree") that examined and established water rights for various water users in the case. In Interlocutory Judgment 41 ("IJ 41"), entered in 1962 and adopted in the Fallbrook Decree, the Court "ordered, adjudged and decreed that the United States of America intended to reserve, and did reserve, rights to the use of the waters of the Santa Margarita River stream system which under natural conditions would be physically available on the Pechanga Indian Reservation, including rights to the use of ground waters sufficient for the present and future needs of the Indians residing thereon." (Dkt. No. 4430 at 21.) The Court established Pechanga's irrigable acreage and water duty requirements on a prima facie basis. (*Id.* at 14-15.) The Court defined "prima facie" evidence as "that which suffices for the proof of a particular fact until contradicted or overcome by other evidence." (*Id.* at 15.) Nevertheless, the Court determined that there was no issue of apportionment at that time. Thus, Pechanga's rights were decreed but were not finally quantified.

4. In 1974, Pechanga filed a motion to intervene as a plaintiff-intervenor in its own right. (Dkt. No. 4784.) In 1975, the Court granted the motion, and Pechanga proceeded to file a complaint to enjoin certain defendants from using more than their adjudicated entitlements under the Fallbrook Decree. (Dkt. No. 4790.)

The complaint was subsequently resolved and Pechanga has remained a party to the Fallbrook proceedings ever since.

5. Pechanga, Rancho California Water District ("RCWD") and the United States, (collectively the "Submitting Parties"), began settlement negotiations in 2007 to resolve the quantification of Pechanga's water rights. After nine years of good-faith settlement negotiations, including significant differences in perspectives among the Submitting Parties, in 2016 the Submitting Parties reached a final Settlement Agreement after actively working towards a Settlement Agreement in an innovative manner that provides benefits for each Party.

6. A court's decision to enter a consent judgment should be based on a determination that the settlement is "fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc*., 909 F.2d 1350, 1355 (9th Cir. 1990). If the consent decree comes "within the general scope of the case made by the pleadings, furthers the objectives upon which the law is based and does not violate that statute upon which the complaint was based," the court may enter a consent decree. Id. (internal quotations omitted) (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL-ICO v. City of Cleveland*, 478 U.S. 501, 525-26 (1986)).

7. The Settlement Agreement resolves with finality Pechanga's longstanding water claims in the Santa Margarita River Watershed, provides the resources to meet Pechanga's current and future water needs, and most importantly provides Pechanga with "wet" water rather than just rights on paper. The Settlement Agreement also provides certainty for RCWD and its customers and for all water users in the Santa Margarita River Watershed by settling Pechanga's water rights.

8. The Settlement Agreement conforms to all applicable federal law and complies with the framework for the Fallbrook Decree and Interlocutory Judgment 41.

**NOW THEREFORE,** it is hereby adjudged and decreed as follows:

9. The Settlement Agreement, including all of the Exhibits thereto, is incorporated into this Judgment and Decree.

10. The Settlement Agreement, including all of the Exhibits thereto, is hereby approved.

11. The Settlement Agreement and the Settlement Act confirm a Tribal Water Right of up to four thousand nine hundred ninety-four (4,994) acre-feet of water per year that, under natural conditions, is physically available on the Reservation. Subject to the terms of the Settlement Agreement, the Settlement Act, the Fallbrook Decree, and applicable Federal Law, the Tribal Water Right may be used for any purpose on the Pechanga Reservation, in accordance with Section 3405(b) of the Settlement Act. The Tribal Water Right shall have the priority dates set forth in Interlocutory Judgment No. 41, as affirmed by the Fallbrook Decree. The Kelsey Tract, Lot E of the Little Temecula Grant, shall have a priority date of March 11, 1907, consistent with the description of the Kelsey Tract deed in paragraph 30 of Interlocutory Judgment No. 41.

12. Any entitlement to water located within the Pechanga Reservation shall be satisfied out of the Tribal Water Right described in the preceding paragraph of this Judgment and Decree.

13. Pechanga and the United States retain the respective rights specified in Section 12 of the Settlement Agreement and Section 3407(c) of the Settlement Act.

14. In exchange for the benefits realized under the Settlement Agreement and as authorized by the Settlement Act, Pechanga and the United States have agreed to waivers and releases of claims, as recognized in Paragraphs 8, 10, and 11 of the Settlement Agreement and Section 3407(a) of the Settlement Act.

15. The benefits provided to Pechanga under the Settlement Agreement and the Settlement Act shall be in complete replacement of, complete substitution

for, and full satisfaction of all Claims of Pechanga against the United States that are waived and released pursuant to the Agreement and the Act.

16. The benefits realized by the Allottees under the Settlement Agreement and the Settlement Act shall be in complete replacement of, complete substitution for, and full satisfaction of all Claims of the Allottees that are waived and released pursuant to the Agreement and the Act and any Claims of the Allottees against the United States that the Allottees have or could have asserted that are similar in nature to any claim described in the Agreement or the Act.

17. The claims by Pechanga; its Members; and Allottees; and the United States on behalf of Pechanga, its Members, and Allottees to water from the Santa Margarita River Watershed are fully, finally and permanently adjudicated by this Judgment and Decree.

18. Nothing in this Judgment and Decree or the Settlement Agreement shall be construed to quantify or otherwise affect the entitlement to water of any other Indian tribe, band or community, or the United States on their behalf, other than Pechanga and the United States acting on behalf of Pechanga, its Members and Allottees.

19. This Court retains jurisdiction over this matter for enforcement of this Judgment and Decree and the Settlement Agreement, including the entry of injunctions, restraining orders or other remedies under law or equity.

IT IS SO ORDERED.

Dated: June 18, 2018

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge