# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> CAHUILLA BAND OF INDIANS, <br><br> Plaintiff-Intervenor, <br><br> RAMONA BAND OF CAHUILLA, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> FALLBROOK PUBLIC UTILTIY DISTRICT, et al., <br><br> Defendants. | Case No. 51-CV-01247-GPC-RBB <br><br> **[PROPOSED] ORDER GRANTING MOTION TO EXTEND STAY** <br><br> [Dkt. No. 5607] |

A Joint Motion to Extend Stay[1] was filed by Plaintiffs-Intervenors the Cahuilla Band of Indians and the Ramona Band of Cahuilla, 9Dkt. No. 5607). No opposition to the motion was filed by any party.

---

[1] Plaintiffs-Intervenors state the United States, State of California, County of Riverside, Riverside County Flood Control and Water Conservation District, Greenwood Landowners, Hemet Unified School District and Agri-Empire do not oppose their motion.

1  In their motion, Plaintiffs-Intervenors describe the involved and active settlement
2  actions taken by the parties since the last stay was granted in this case by the Court,
3  which include obtaining rights of way documents needed to determine whether the
4  water pumping stations proposed for the water project can be constructed in the County
5  and State rights of way leading from Eastern Municipal Water District's distribution
6  system to the Cahuilla Reservation; studies to determine the feasibility for the
7  acquisition of property and the development of that property by the Cahuilla Tribe to
8  generate revenue to pay for the costs to construct the water project; meetings and
9  telephone conferences between the parties to negotiate each parties contribution to the
10 settlement agreement; negotiation of a municipal services agreement with the city
11 within which the economic development property is located to gain the local
12 government approvals necessary for the Cahuilla Tribe to develop the economic
13 development property; negotiations between the Cahuilla Tribe and the owners of the
14 economic development property to conclude an option agreement that will, upon
15 approval of the settlement agreement, allow the Cahuilla Tribe to purchase the
16 economic development property and a meeting between congressional staff and the
17 Cahuilla Tribe to begin the process of gaining the congressional support necessary for
18 congressional approval of the settlement agreement. In addition, the parties have had
19 numerous telephone calls and various meetings including settlement telephone
20 conferences with the Magistrate Judge to reach agreement on a settlement of the case.
21 Also the Cahuilla Tribe has drafted a revised settlement agreement which was circulated
22 and commented on by the parties. The Cahuilla Tribe is in the process of incorporating
23 the parties' comments into the revised settlement agreement for further review by the
24 parties.  Finally, the parties are continuing to have teleconferences to continue to resolve
25 other outstanding issues, including but not limited to having meetings to attempt to
26 resolve the landowner's ability to develop projects in the basin because of their in
27 ability to demonstrate a reliable water source and why the Anza/Cahuilla Basins will be
28 maintained on a sustained yield basis in the event that the businesses developed on the

Cahuilla Tribe's economic development property does not generate enough revenue to pay for the development and/or operation of the water project.

Since the last request of the parties to extend the stay, the parties have shown significant progress in reaching an overall settlement of the case. The Cahuilla Band of Indians have agreed as part of the settlement to cap the amount of water it would appropriate each year from the basin, purchase the Agi-Empire property and retire its water right so that there is sufficient water in the basin to meet all the parties' needs; purchase and develop the economic development property and use the revenues generated from the development of the property to pay for the construction and operation of the water project and operate the water project so that sufficient water will be available in the Anza/Cahuilla water basins to maintain the basins on a sustained yield basis.

The Cahuilla Tribe has developed a plan for the acquisition and purchase of the Agi-Empire property and the economic development property the latter of which will be developed to generate revenue to pay for the costs of the water project. The settlement agreement has been revised by the Cahuilla Tribe to provide for this plan and has been reviewed and commented on by the parties.

The settlement process is moving forward and concrete actions are continuously being taken and it appears that settlement negotiations are being conducted in good faith. As the Court noted in a prior order, "[w]hile nine years is a long period for a stay to be in place, it must be considered in light of the up to 3000 defendants in this case involving complicated technical and legal issues to resolve." (Dkt. No. 5582 at 11); see, e.g., *Central Delta Water Agency v. United States*, 306 F.3d 938, 943 (9th Cir. 2002) (stating that management of water resources is one of the most contentious issues in the western United States).

Thus, the Court GRANTS the motion to extend the stay by six months. Accordingly, IT IS HEREBY ORDERED that the motion is granted and the stay is extended until **January 14, 2019**.

1  IT IS SO ORDERED.
2  Dated: July ___, 2018

_____
HON. GONZALO P. CURIEL
United States District Judge