**REID & HELLYER**
A Professional Corporation
MICHAEL G. KERBS, State Bar No. 131620
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for Defendant Gregory V. Burnett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br>et.al.,<br><br>              Plaintiffs-Intervenors,<br><br>        v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et.al.,<br><br>                    Defendants. | CASE NO. 51-CV-01247-GPC-RBB<br><br>The Hon. Judge Gonzalo P. Curiel<br><br>**OPPOSITION TO MOTION TO<br>EXTEND STAY AND OBJECTION<br>TO ORDER GRANTING MOTION**<br><br>Date:         To Be Determined<br>Time:         To be Determined<br>Dept:         9<br>Before the Honorable Gonzalo P. Curiel |

Defendant Gregory V. Burnett ("Burnett") hereby opposes the request by plaintiffs-intervenors, the Cahuilla Band of Indians and the Ramona Band of Cahuilla (collectively, the "Tribes") to extend the stay in this case until July 9, 2019 and objects to the order signed on January 17, 2019 granting the request.

## I.        INTRODUCTION

Another six months has gone by in this matter, which means another Motion to Extend the eleven-year stay in this case has been filed by the Tribes. As he has done in the past, Burnett vehemently opposes further extension of the stay on the grounds

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   that, after eleven years, the circumstances have changed, such that the competing

2   interests in refusing to grant the stay far outweigh granting the stay in the first

3   instance. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005); <u>Canady v.</u>

4   <u>Erbe Elecktromedizin GMBH</u>, 271 F.Supp.2d 64, 75 (D.D.C. 2002). This is

5   demonstrated by the fact that the Tribes are no closer to settlement now than they

6   have been in the past. To the contrary, they are further away from settlement than

7   ever.

8        Despite this, and before this opposition could be prepared and filed, the Court

9   has already signed an order once again granting the Tribes' request to extend the stay

10  until July, 2019 with a mere recitation of the facts identified in the Motion and

11  duplication of the same legal reasoning appearing in past orders. (Docket No. 5669.)

12  This order was signed without a hearing and less than a week after the Tribes filed the

13  Motion to Extend, thereby limiting defendants who do oppose the further extension

14  of the stay to a window of three business days to hurriedly file their oppositions. For

15  this reason, Burnett objects to the order and requests that this Court consider this

16  opposition.

17  **II.    DISCUSSION**

18  **A.    The Only Progress Made Since the Last Extension Is the Creation of**

19        **Three Unrealistic Settlement Agreements**

20       The last Motion to Extend filed by the Tribes in July, 2018 identified the

21  existence of one settlement agreement, represented as being in the process of

22  finalization with it being "sent out to all of the parties for review and comment."

23  (July, 2018 Motion to Extend, 2:28; 3:1-7.) Since that time, one settlement agreement

24  has now morphed into three completely different settlement agreements. Thus, the

25  only activity that appears to have been done in furtherance of settlement is a great

26  deal of drafting, reviewing, and revising three different settlement agreements, all of

27  which hold little to no possibility for success.

28  ///

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   The first settlement agreement requires the newly-appointed California
2   governor, who has no background on the issues and no appointed tribal advisor, to
3   take on the monumental (and presumably low priority task) of evaluating, reviewing,
4   and consulting on the issues using information that he does not yet have to approve a
5   settlement that ex-Governor Brown has already represented as having "policy
6   concerns." (Motion to Extend, 2:20-28.) It is not only unrealistic to believe that the
7   approval of such a settlement will occur within the next six months, but unrealistic to
8   believe that such approval will occur at all.

9   The second settlement agreement requires Congressional approval and
10   appropriation. (Motion to Extend, 3:5-8.) It is illogical, especially in today's political
11   climate, to think that any action would be taken by Congress on this issue anytime in
12   the near future or at all. The Tribes provide no information to indicate otherwise or
13   provide any information showing the steps that have been taken to accomplish this
14   formidable task.

15   The third settlement agreement is represented by the Tribes in vague terms
16   covering the parties' water rights, administration and unknown and unidentified
17   "conditions precedent to enforceability." (Motion to Extend, 3:13-23.) Based on this
18   indefinite description, the Tribes fail to demonstrate how realistic settlement is under
19   this agreement or how close the parties are to agreeing to its terms, if at all.

20   On April 6, 2017, this Court denied Burnett's Motion for Relief From Stay,
21   stating "existence of a draft settlement agreement indicates that settlement is near."
22   (Order Denying Relief from Motion to Stay, Docket No. 5568 at 9:22.) Not only does
23   the most recent Motion to Extend demonstrate that progress towards settlement has
24   actually taken three giant steps backwards, the Tribes have not shown how any of the
25   three settlement agreements have any chance of approval.

26   For this reason, because the Tribes have shown that settlement is not
27   impending and have demonstrated, instead, that negotiations toward settlement have
28   actually resulted in further dilution of the issues, the original reason why this case

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  was stayed (to allow the parties to negotiate a settlement) no longer outweighs the

2  right of the thousands of defendants in this case to litigate their rights.

3  **B.    At the Most, The Extension Should Last Until April 1, 2019 - the Tribes'**

4       **Target Date of Settlement or "Impasse"**

5       To the extent any extension is permitted, such extension should not be granted

6  beyond April 1, 2019. According to the Tribes, April 1, 2019 is the "target date for

7  agreeing on a settlement or agreeing that they have reached an impasse." (Motion to

8  Extend, 4:7-8.) As of April 1, 2019, if the Tribes have not agreed to a settlement

9  agreement, the stay should be lifted and this case allowed to proceed in court.

10  **III.    CONCLUSION**

11       "A stay should not be granted unless it appears likely the other proceedings

12  will be concluded within a reasonable time. . ." <u>Leyva v. Certified Grocers of</u>

13  <u>California, Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979). The Tribes have not demonstrated

14  that the proceedings required to obtain approval of any of the three now-existing

15  settlement agreements will be concluded within a reasonable time, or will ever be

16  concluded at all. For this reason and those mentioned above, the Tribes' request to

17  extend the stay should be denied, thus permitting Burnett, and others similarly

18  situated, to defend against the Tribes' claims and finally have their day in court.

19

20  DATED: January 17, 2019         REID & HELLYER

21                         A PROFESSIONAL CORPORATION

22

23                         By:   __/s/ MICHAEL KERBS_____

24                         MICHAEL G. KERBS
                           Attorneys for Defendant Gregory V.
                           Burnett

25

26

27

28

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771