

FILED
Mar 01 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ AKR   DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br> and<br><br>RAMONA BAND OF CAHUILLA<br>and CAHUILLA BAND OF INDIANS,<br><br>            Intervenor-Plaintiffs - Appellees,<br><br>  v.<br><br>GREGORY BURNETT,<br><br>            Defendant - Appellant,<br><br> and<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT,<br><br>            Defendant. | No. 17-55664<br><br>D.C. No. 3:51-cv-01247-GPC-RBB<br>U.S. District Court for Southern<br>California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered January 07, 2019, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55664 |
| Plaintiff, | D.C. No. 3:51-cv-01247-GPC-RBB |
| and | |
| RAMONA BAND OF CAHUILLA and CAHUILLA BAND OF INDIANS, | MEMORANDUM* |
| Intervenor-Plaintiffs-Appellees, | |
| v. | |
| GREGORY BURNETT, | |
| Defendant-Appellant, | |
| and | |
| FALLBROOK PUBLIC UTILITY DISTRICT, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted November 16, 2018

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GOULD, PARKER,[**] and MURGUIA, Circuit Judges.

This appeal arises out of complex litigation concerning water rights in the Santa Margarita River Watershed that has been ongoing since 1951. The district court stayed the litigation pending settlement negotiations, and it has been stayed, via the approval of motions to extend the stay repeated every 90 to 180 days, for the past ten years. On January 31, 2017, Gregory Burnett—one of the individual defendants in the litigation—moved for relief from the stay, asserting that the length of the stay had burdened him and that the claims against him should be adjudicated. The district court denied Burnett's motion, and he appealed that decision. We dismiss the appeal for lack of appellate jurisdiction.

1.      We do not have jurisdiction over Burnett's appeal under *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). Although we have interpreted that decision as permitting the review of "lengthy and indefinite stays [that] place a [party] effectively out of court," we cannot say that the stay here "amounts to a refusal to proceed to a disposition on the merits." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 723–24 (9th Cir. 2007). Nor do the procedures surrounding the stay suggest that

---

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2

the district court does not "clearly foresee[] and intend[] that proceedings will resume[.]" *Stanley v. Chappell*, 764 F.3d 990, 995 (9th Cir. 2014) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1103 (9th Cir. 2005)).  To be clear, *Moses H. Cone* establishes that the district court cannot continue extending the stay in perpetuity without at some point opening the stay to the possibility of appellate review.  We hold only that this case has not yet proceeded to the point at which Burnett is "effectively out of court."  *Moses H. Cone*, 460 U.S. at 9 (quoting *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n.2 (1962) (per curiam)).

      2.     Nor do we have appellate jurisdiction over Burnett's appeal under the collateral-order exception to the final-order doctrine.  *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949).  The district court's order denying Burnett's motion for relief from the stay does not "conclusively determine the disputed question" of the timing of litigation.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).  Because the district court continually revisits the propriety of the stay and the stay must ultimately be lifted, the order denying Burnett relief from the stay is one the district court "expect[s] to reassess and revise . . . in response to events," not one it expects "to settle the

3

matter for all time." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988).

Because the district court's order denying Burnett relief from the stay is not a "final decision" under 28 U.S.C. § 1291, we lack jurisdiction to consider Burnett's appeal. We dismiss without prejudice to Burnett's ability to challenge the stay through a later appeal.

**DISMISSED.**

FILED

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States of America and Ramona Band of Cahuilla v. Burnett, 17-55664
GOULD, Circuit Judge, Concurring:

While I agree that the current stay has not yet put Burnett effectively out of court, I express factors that influence this conclusion: First, settlement is salutary and we recognize "a clear policy of favoring settlement." *Marek v. Chesney*, 473 U.S. 1, 10 (1985).  Second, water rights litigation is often complicated and protracted, includes here large numbers of water users, and it is encouraging that settlement talks to date have shown some signs of progress, including a prior water rights settlement concerning water users in a different part of the watershed.  Third, for whatever benefit it may give to the district court and parties, I encourage all parties to negotiate towards a prompt end of dispute by settlement, but if settlement is not reached in a reasonable time, then proceeding to litigation will be necessary because an indefinitely renewed stay is not viable.  Finally, the Ninth Circuit has a potential role to play in this process, and it is my personal view that either appellate or mandamus jurisdiction will exist for us to review imposition of a stay that has become objectively unreasonable in delaying adjudication of claims against Burnett.