FILED

JAN 0 7 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                            DEPUTY

Curtis G. Berkey (CA State Bar No. 195485)
BERKEY WILLIAMS LLP
2030 Addison Street, Suite 410, Berkeley, CA 94704
Tel: 510/548-7070; Fax: 510/548-7080
E-mail: cberkey@berkeywilliams.com
*Attorney for Plaintiff-Intervenor,*
*Ramona Band of Cahuilla*

Lester J. Marston (CA State Bar No. 081030)
RAPPORT AND MARSTON
405 West Perkins Street, Ukiah, California 95482
Tel: 707/462-6846; Fax: 707/462-4235
E-mail: marston1@pacbell.net
*Attorney for Plaintiff-Intervenor,*
*Cahuilla Band of Indians*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br><br>Plaintiffs-Intervenors,<br><br>vs.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>Defendants. | CIVIL NO.: 51-CV-01247-GPC-RBB<br><br>**JOINT MOTION TO EXTEND STAY**<br><br>Date: No Hearing Required<br>Time: No Hearing Required<br>Dept.: 2D<br><br>Hon. Gonzalo P. Curiel<br><br>**ORAL ARGUMENT NOT REQUIRED** |

Plaintiff-Intervenors the Cahuilla Band of Indians ("Cahuilla Band") and the Ramona Band of Cahuilla ("Ramona Band") (together, the "Tribes") respectfully move this Court for a 180-day extension of the stay of litigation until July 6, 2020. Under this Court's Order of July 24, 2019 (Docket No. 5722), the current stay will expire on January 6, 2020. Counsel for the Tribes is authorized to state that the United States of America, State of California, Greenwald Estate, and Hemet Unified School District do not oppose the Tribes' request to extend the stay for 180 days. The County of Riverside, Riverside County Flood Control and Water Conservation District and Agri-Empire did not respond to counsel's request for concurrence in this joint motion.  The Represented Landowners Group takes no position on the extension of the stay. The Watermaster supports extension of the stay. U.S. Magistrate Judge Ruben Brooks, who is overseeing the settlement negotiations, has also advised the parties that the Tribes may represent to the Court that he, too, supports an extension of the stay as requested in this joint motion.

Since the last joint motion to extend the stay, the settlement parties have focused their efforts principally on three tasks related to the agreement that do not include the land acquisition and economic development enterprise for the Cahuilla Band of Indians as part of the settlement: 1) drafting language in the Settlement Agreement that accurately captures the agreement and understandings that have been reached by the parties and their counsel; 2) reviewing and revising the rules

1

that will govern the administration of the Settlement Agreement, particularly the role and function of the Watermaster; and 3) preparation of exhibits that will be incorporated as part of the settlement documents to be submitted to the U.S. Department of the Interior, Congress and this Court for approval of the Settlement Agreement and entry of the Final Decree.  In addition, in seeking to clarify the rights of the Cahuilla Band of Indians and Ramona Band of Cahuilla to export water outside the Anza Groundwater Basin and Cahuilla Groundwater Basin, it was discovered that additional discussions were necessary on the nature and scope of that right.  Those discussions are on-going.  Substantial progress has been achieved for each of these tasks, and an extension of the stay will enable the settlement parties to continue to move toward final approval and submission of the settlement to the U.S. Department of the Interior and Congress for review and approval.

Since the last joint status report, the settlement parties have met either in person or by telephone to work on the tasks identified above as follows:

| July 26, 2019: | The parties held an in-person negotiation session. |
| July 31, 2019: | An attorneys-only telephonic status conference was held with U.S. Magistrate Judge Brooks. |
| August 12, 2019: | The parties held a telephonic meeting to review and revise the language of the Settlement Agreement. |
| September 4, 2019: | An attorneys-only telephonic status conference was held with U.S. Magistrate Judge Brooks. |

2

| September 10, 2019: | The parties held a telephonic meeting to review and revise the language of the Settlement Agreement. |
| September 27, 2019: | The parties held a telephonic meeting to review and revise the language of the Settlement Agreement. |
| October 8, 2019: | The parties held a telephonic meeting to review and revise the language of the Settlement Agreement and to discuss the preparation of the exhibits to the Settlement Agreement. |
| October 10, 2019: | The parties held an in-person meeting to discuss the water export issue and to discuss various drafting issues in the Settlement Agreement. |
| October 23, 2019: | An attorneys-only telephonic status conference was held with U.S. Magistrate Judge Brooks. |
| November 8, 2019: | The parties held a telephonic meeting to review and revise the language of the Settlement Agreement. |
| November 19, 2019: | An attorneys-only telephonic status conference was held with U.S. Magistrate Judge Brooks. |
| December 11, 2019: | The parties held an in-person meeting to discuss the water export issue in the Settlement Agreement and to discuss preparation of exhibits to the Settlement Agreement. |
| December 18, 2019: | An in-person meeting was held between the Cahuilla Tribe, the United States and Agri-Empire to discuss terms of purchase of the Agri-Empire parcel. |
| December 20, 2019: | The parties held a telephonic meeting to review and revise the draft rules for the Watermaster's administration of the Settlement Agreement and Final Decree. |

In addition, attorneys for the settlement parties have frequently conferred by phone and/or electronic mail as necessary to facilitate resolution of drafting issues with

3

regard to the Settlement Agreement, preparation of exhibits and clarification of the water export rights of the Tribes.

Because the settlement parties have resolved all outstanding issues with one exception, they focused their efforts during the pendency of this stay period on ensuring that the language of the Settlement Agreement precisely conforms to their recommended approach to resolving this dispute. Specifically, the settlement parties re-worked sections of the draft Settlement Agreement that spell out funding for the costs of the Watermaster in administering and implementing the Agreement and the Final Decree. The goal is to ensure that unanticipated contingencies regarding the availability of funding do not jeopardize the ability of the parties to fund the Watermaster costs or the ability of the Watermaster to administer the Final Decree in the years to come.

Further, the settlement parties revised the language designed to capture the settlement parties' agreement about the Sustainable Groundwater Plan. They decided to move those provisions to the Watermaster Rules so that if changes need be made as additional technical data is developed for the groundwater basins, the Plan can be modified without seeking changes to the Final Decree and Judgment entered by the Court. The settlement parties are confident that the Plan will protect the basins' water supply from overdraft and ensure a reasonable and coherent approach to groundwater management. Moving the Plan to the Watermaster Rules

builds in a degree of flexibility on the part of the Watermaster and the settlement parties to be able to respond to changing conditions.  The settlement parties also confirmed that they will eschew groundwater management based on the earlier concept of a decennial re-determination of the safe yield of the groundwater basins. Instead, the parties and Watermaster will rely on prioritized emergency water use reductions as spelled out in the Sustainable Groundwater Plan in the Watermaster Rules.

The settlement parties, led by the Represented Landowners Group, also substantially revised the provisions of the Settlement Agreement that authorize the non-tribal private parties to transfer their water rights established in the Final Decree, in order to avoid ambiguities, confusion and inconsistencies with other provisions of the Agreement.

The preparation and organization of the exhibits to the Settlement Agreement are nearly complete.  The settlement parties have divided this work among their lawyers and technical consultants and they are progressing toward final completion of exhibits, such as updated maps of the composite geology of groundwater formations subject to this Court's jurisdiction; list of parties served by the Tribes' Second Amended Complaints; legal descriptions of land parcels to be subject to the Final Decree within certain categories of water use allocations; and other documents necessary to implement and administer the Settlement Agreement and Final Decree.

CIVIL NO.: 51-CV-1247-GPC-RBB

The settlement parties devoted substantial efforts to reviewing and revising the draft of the Watermaster Rules prepared by the Ramona Band of Cahuilla. This review has progressed through about one-third of the 11 sections of the Rules. Although the Rules can be amended following entry of the Final Decree, subject to this Court's approval, it is essential that the version attached to the Settlement Agreement and Final Decree as an exhibit unambiguously spells out the roles and duties of the parties and the Watermaster in implementing and administering the Final Decree.

The Cahuilla Band of Indians, the United States and Agri-Empire have negotiated the terms of the purchase of the Agri-Empire parcel by the United States to be held in trust for the Tribe pursuant to federal settlement legislation. The Cahuilla Tribe is drafting a purchase agreement and escrow instructions for review, approval and execution. The purchase of the property will be conditioned on the approval of the Settlement Agreement by the Court and the appropriation of funds by Congress that are necessary to purchase the property.

The settlement parties have scheduled their next meeting for January 16, which will be devoted principally to revising the remaining sections of the Watermaster Rules, and resolution of the tribal export issue, if that issue is not resolved before then. The settlement parties hope to complete the final version of the Rules at that time or shortly thereafter. In addition, U.S. Magistrate Judge

CIVIL NO.: 51-CV-1247-GPC-RBB

Brooks has scheduled an attorneys-only telephonic settlement status conference for January 28 at 8:00 a.m., Pacific Standard Time.

Coupled with these efforts, the settlement parties anticipate that the next six months in the settlement process, if the stay is extended, will be devoted to negotiations between the Tribes and the United States regarding the amount of the federal financial contribution to the costs of the settlement; discussions within their client groups leading to approval of the Settlement Agreement; drafting congressional legislation necessary to authorize the United States to sign the Settlement Agreement, approve its terms and authorize the appropriation of the federal cost share to implement the Agreement; and development of the plan for funding the so-called start-up costs in the first few years of the implementation of the Settlement Agreement and Final Decree.  These steps are necessary before the settlement parties may request this Court to approve the Settlement Agreement and enter the Final Decree.

The settlement parties who have concurred with this request to extend the stay are committed to continuing these discussions and the settlement efforts as set forth in this Joint Motion to Extend the Stay.  A 180-day stay will enable the settlement parties to continue this process without the cost or distraction of litigation.  A stay will facilitate progress toward a final Settlement Agreement and entry of a Final Decree.

CIVIL NO.: 51-CV-1247-GPC-RBB

For these reasons, the Ramona Band of Cahuilla and the Cahuilla Band of Indians, with the concurrence of those settlement parties as noted, respectfully request that the stay of litigation be extended to July 6, 2020.

Date: January 6, 2020

Respectfully submitted,

BERKEY WILLIAMS LLP


By: /s/Curtis G. Berkey
    Curtis G. Berkey
    2030 Addison Street, Suite 410
    Berkeley, California  94704
    Tel: 510/548-7070
    Fax: 510/548-7080
    E-mail: cberkey@berkeywilliams.com

    *Attorney for Plaintiff-Intervenor,*
    *Ramona Band of Cahuilla*


By: /s/Lester J. Marston
    Lester J. Marston
    RAPPORT AND MARSTON
    405 West Perkins Street
    Ukiah, CA  95482
    Tel: (707) 462-6846
    Fax: (707) 462-4235
    E-mail: marston1@pacbell.net

    *Attorney for Plaintiff-Intervenor,*
    *Cahuilla Band of Indians*

8

# DECLARATION OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. My business address is 2030 Addison Street, Suite 410, Berkeley, California, 94704.

On January 6, 2020, I electronically filed on behalf of the Ramona Band of Cahuilla the following document in <u>United States of America, et al. v. Fallbrook Public Utility District, et al.</u>, Case No. 51-cv-1247-GPC-RBB:

**1)    JOINT MOTION TO EXTEND STAY (Docket #5739)**

by using the CM/ECF system, which generated and transmitted a notice of electronic filing to the following CM/ECF registrants:

B. Tilden Kim: tkim@rwglaw.com; lpomatto@rwglaw.com
Bill J. Kuenziger: bkuenziger@bdasports.com; rjones@bhsmck.com
Bryan D. Sampson: bsampson@sampsonlaw.net; b.sampson3@cox.net; mfickel@sampsonlaw.net; psampson@sampsonlaw.net
Bruce Bernard: bruce.bernard@usdoj.gov
Curtis G. Berkey: cberkey@berkeywilliams.com; mmorales@berkeywilliams.com
Daniel J. Goulding: dgoulding@qualityloan.com; jmolteni@qualityloan.com; srogato@qualityloan.com
David Leventhal: davelevlaw@yahoo.com
David Philip Colella: dcolella@flsd.com
Donald R. Timms: dontimms@san.rr.com
F. Patrick Barry: patrick.barry@usdoj.gov
George Chakmakis: george@chakmakislaw.com
Gerald (Jerry) Blank: gblank@san.rr.com; mary@geraldblank.sdcoxmail.com
Grant Alan Reader: garlaw71@gmail.com
Herbert W. Kuehne, Marlene C. Kuehne: hwkuehne@pacbell.net
James B. Gilpin: james.gilpin@bbklaw.com; lisa.grennon@bbklaw.com; marta.stasik@bbklaw.com
James Michael Powell: jpowellesq@gmail.com; info@mydebtorlaw.com
John A. Karaczynski: jkaraczynski@akingump.com; dpongrace@akingump.com; jfukai@akingump.com
John Christopher Lemmo: jl@procopio.com; laj@procopio.com
Jonathan M. Deer: jdeer@taflaw.net; gsuchniak@taflaw.net; jondeeresq@earthlink.net
Joseph Anthony Vanderhorst: jvanderhorst@mwdh2o.com; gosorio@mwdh2o.com
Kevin Patrick Sullivan: ksullivan@sanlawyers.com; kstanis@sanlawyers.com
Lester John Marston: marston1@pacbell.net; rapportandmarston@gmail.com
Linda Caldwell; Thomas Caldwell: goforthvillage2@yahoo.com
Marilyn H. Levin: marilyn.levin@doj.ca.gov; MichaelW.Hughes@doj.ca.gov
Marlene C. Kuehne: hwkuehne@pacbell.net
Mary L. Fickel: mfickel@fickeldavislaw.com; rdavis@fickeldavislaw.com
Matthew L. Green: matthew.green@bbklaw.com; lisa.atwood@bbklaw.com
Michael Duane Davis: michael.davis@greshamsavage.com; terigallagher@greshamsavage.com
Michael G. Kerbs: mkerbs@rhlaw.com; bschenkkan@rhlaw.com; tsosa@rhlaw.com
Michael J. Preszler: courtdocs@smrwm.org
Michele A. Staples: mstaples@jdtplaw.com; dtankersley@jdtplaw.com; pgosney@jdtplaw.com
Paul Evan Greenwald: pegreenwald@peglaw.us
Patricia Grace Rosenberg: prosenberg@hnattorneys.com
Richard Alvin Lewis: Rlewis@RichardLewis.com
Robert H. James: bob@fallbrooklawoffice.com; deborah@fallbrooklawoffice.com
Robert K. Edmunds: robert.edmunds@bipc.com; lisa.largent@bipc.com
Robert M. Cohen: rcohen@cohenburgelaw.com; vzareba@cohenburgelaw.com; wwendelstein@cohenburgelaw.com
Steve Michael Bodmer: sbodmer@pechanga-nsn.gov
Steven P. O'Neill: soneill@omlolaw.com
Thomas C. Stahl: Thomas.Stahl@usdoj.gov; Ginger.Stacey@usdog.gov; efile.dkt.civ@usdoj.gov; sandra.huston@usdoj.gov
Timothy P. Johnson: tjohnson@johnson-chambers.com; cww@johnson-chambers.com
William K. Koska: wkoska@koskalaw.com; alice.ross@clmlawfirm.com; bill.koska@clmlawfirm.com

I further certify that on January 6, 2020, I caused to be served the following document:

1)      **NOTICE OF ELECTRONIC FILING (Docket #5739)**

by depositing a copy in the United States mail at Berkeley, California, in an envelope with first class postage fully paid, addressed as follows:

Khyber Courchesne
1264 Page Street
San Francisco, CA 94117

Carolyn Ellison
49975 Indian Rock
Aguanga, CA 92536

John Ellison
49975 Indian Rock
Aguanga, CA 92536

Carl Gage
40685 Tumbleweed Trail
Aguanga, CA 92536

Donna Gage
40685 Tumbleweed Trail
Aguanga, CA 92536

Anna Gale James
40275 Curry Court
Aguanga, CA 92536

Mary E. Lee
42560 Rambling Land
Aguanga, CA 92536

Edward Lueras
623 Beverly Blvd.
Fullerton, CA 96833

Carol Lueras
623 Beverly Blvd.
Fullerton, CA 96833

Michael J. Machado
P.O. Box 391607
Anza, CA 92539

Pamela M. Machado
P.O. Box 391607
Anza, CA 92539

Diane Mannschreck
1600 Kiowa Ave.
Lake Havasu City, AZ 86403

Robert Mannschreck
1600 Kiowa Ave.
Lake Havasu City, AZ 86403

James L. Markman
Richards, Watson & Gershon
1 Civic Center Circle
P.O. Box 1059
Brea, CA 92822-1059

Briar McTaggart
1642 Merion Way, 40E
Seal Beach, CA 90740

Barbara Cole
40225 Curry Court
Aguanga, CA 92536

Thomas C. Perkins
7037 Gaskin Place
Riverside, CA 92506

John S. Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Peggy Wilson
14205 Minorca Cove
Del Mar, CA 92014-2932

Archie D. McPhee
40482 Gavilan Mountain Road
Fallbrook, CA 92028

        I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on January 6, 2020, at Berkeley, California.

                                    Martha Morales