STEVE BODMER
Pechanga Office of General Counsel
P.O. Box 1477
Temecula, California 92593
Telephone: 951-770-6171
E-mail: sbodmer@pechanga-nsn.gov
*Attorney for Plaintiff-Intervenor/Defendant
Pechanga Band of Luiseño Indians*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY DISTRICT, *et al.*,<br><br>Defendants. | Case No. 51-01247-GPC-RBB<br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br><br>**NOTICE OF PECHANGA BAND OF LUISEÑO MISSION INDIANS WATER SETTLEMENT ACT ENFORCEABILITY** |

On June 18, 2018, the Court considered the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Agreement ("Settlement Agreement"), dated November 29, 2017, and the Pechanga Band of Luiseño Mission Indians Water Rights Settlement Act, P.L. 114-322 ("Settlement Act"), which permanently resolve the water rights claims of the Pechanga Band of Luiseño Mission Indians ("Pechanga"), its Members, and Allottees; and of the United States acting on behalf of Pechanga, its Members, and Allottees, to the waters of the Santa Margarita River Watershed for land within the exterior boundaries of the Pechanga Reservation. The

Court incorporated the Settlement Agreement, including all of the Exhibits thereto, into the Judgment and Decree. The Court further adjudged and decreed as follows:

1. The Settlement Agreement, including all of the Exhibits thereto, was approved.

2. The Settlement Agreement and the Settlement Act confirm a Tribal Water Right of up to four thousand nine hundred ninety-four (4,994) acre-feet of water per year that, under natural conditions, is physically available on the Reservation. Subject to the terms of the Settlement Agreement, the Settlement Act, the Fallbrook Decree, and applicable Federal Law, the Tribal Water Right may be used for any purpose on the Pechanga Reservation, in accordance with Section 3405(b) of the Settlement Act. The Tribal Water Right shall have the priority dates set forth in Interlocutory Judgment No. 41, as affirmed by the Fallbrook Decree. The Kelsey Tract, Lot E of the Little Temecula Grant, shall have a priority date of March 11, 1907, consistent with the description of the Kelsey Tract deed in paragraph 30 of Interlocutory Judgment No. 41.

3. Any entitlement to water located within the Pechanga Reservation shall be satisfied out of the Tribal Water Right described in the preceding paragraph of this Judgment and Decree.

4. Pechanga and the United States retain the respective rights specified in Section 12 of the Settlement Agreement and Section 3407(c) of the Settlement Act.

5. In exchange for the benefits realized under the Settlement Agreement and as authorized by the Settlement Act, Pechanga and the United States have agreed to waivers and releases of claims, as recognized in Paragraphs 8, 10, and 11 of the Settlement Agreement and Section 3407(a) of the Settlement Act.

6. The benefits provided to Pechanga under the Settlement Agreement and the Settlement Act shall be in complete replacement of, complete substitution for, and full satisfaction of all Claims of Pechanga against the United States that are waived and released pursuant to the Agreement and the Act.

7. The benefits realized by the Allottees under the Settlement Agreement and the Settlement Act shall be in complete replacement of, complete substitution for, and full satisfaction of all Claims of the Allottees that are waived and released pursuant to the Agreement and the Act and any Claims of the Allottees against the United States that the Allottees have or could have asserted that are similar in nature to any claim described in the Agreement or the Act.

8. The claims by Pechanga; its Members; and Allottees; and the United States on behalf of Pechanga, its Members, and Allottees to water from the Santa Margarita River Watershed are fully, finally and permanently adjudicated by this Judgment and Decree.

9. Nothing in the Judgment and Decree or the Settlement Agreement shall be construed to quantify or otherwise affect the entitlement to water of any other Indian tribe, band or community, or the United States on their behalf, other than Pechanga and the United States acting on behalf of Pechanga, its Members and Allottees.

10. The Court retained jurisdiction over this matter for enforcement of the Judgment and Decree and the Settlement Agreement, including the entry of injunctions, restraining orders or other remedies under law or equity.

Following this Court's Judgment and Decree, the Pechanga Band of Luiseño Mission Indians, Rancho California Water District, and the United States (collectively "the Settling Parties"), continued to work on satisfying the conditions for enforceability required for the Settlement Act to be fully enforceable. *See* Sec. 3407(e) of the Settlement Act. On October 1, 2020, the United States, acting through the Secretary of the Department of the Interior, published a notification in the Federal Register that confirmed the Settlement Act's enforceability requirements had all been met and that as such, the Settlement Act was fully enforceable. 85 Fed. Reg. 61,966 (Oct. 1, 2020). A copy of the Federal Register Notice is attached.

| | |
|---|---|
| 1 | The Pechanga Band of Luiseño Mission Indians hereby respectfully submits this Notification of Enforceability to provide the Court with this information as it is relevant to the Court's continued jurisdiction over this matter as it may pertain to enforcement of the Judgment and Decree and the Settlement Agreement, including the entry of injunctions, restraining orders or other remedies under law or equity. |

The Pechanga Band of Luiseño Mission Indians hereby respectfully submits this Notification of Enforceability to provide the Court with this information as it is relevant to the Court's continued jurisdiction over this matter as it may pertain to enforcement of the Judgment and Decree and the Settlement Agreement, including the entry of injunctions, restraining orders or other remedies under law or equity.

RESPECTFULLY SUBMITTED,

Dated: April 5, 2021                    Pechanga Band of Luiseño Mission Indians

By:     *s/Steve Bodmer*
        Steve Bodmer
        Attorney for Pechanga Band of
        Luiseño Mission Indians
        E-mail: sbodmer@pechanga-nsn.gov

## Public Availability of Comments

Before including your address, phone number, or other personal identifying information in your comment, you should be aware that your entire comment—including your personal identifying information—might be made publicly available at any time. While you can ask us in your comment to withhold your personal identifying information from public review, we cannot guarantee that we will be able to do so.

## Next Steps

Issuance of an incidental take permit is a Federal proposed action subject to compliance with NEPA and section 7 of the ESA. We will evaluate the application, associated documents, and any public comments we receive as part of our NEPA compliance process to determine whether the application meets the requirements of section 10(a) of the Act. If we determine that those requirements are met, we will conduct an intra-Service consultation under section 7 of the ESA for the Federal action for the potential issuance of an ITP. If the intra-Service consultation confirms that issuance of the ITP will not jeopardize the continued existence of any endangered or threatened species, or destroy or adversely modify critical habitat, we will issue a permit to the applicant for the incidental take of the covered species.

## Authority

We publish this notice under the National Environmental Policy Act of 1969, as amended (42 U.S.C. 4321–4347 *et seq.*), and its implementing regulations at 40 CFR 1500–1508, as well as in compliance with section 10(c) of the Endangered Species Act (16 U.S.C. 1531–1544 *et seq.*) and its implementing regulations at 50 CFR 17.22 and 17.32.

Michael Senn,

*Acting Field Supervisor, Sacramento Fish and Wildlife Office, U.S. Fish and Wildlife Service, Sacramento, California.*

[FR Doc. 2020–21738 Filed 9–30–20; 8:45 am]

**BILLING CODE 4333–15–P**

## DEPARTMENT OF THE INTERIOR

### Office of the Secretary

[201D0102DM/DS6CS00000/DLSN00000.000000/DX6CS25]

### Statement of Findings: Pechanga Band of Luiseño Mission Indians Water Rights Settlement Act

**AGENCY:** Office of the Secretary, Interior.

**ACTION:** Notice of statement of findings.

**SUMMARY:** The publication by the Secretary of the Interior (Secretary) of this notice causes the settlement agreement executed in accordance with Section 3402 of the Pechanga Band of Luiseo Mission Indians Water Rights Settlement Act (Settlement Act) to become enforceable and causes waivers and releases of claims executed pursuant to Section 3407 of the Settlement Act to take effect.

**DATES:** This notice takes effect on October 1, 2020.

**FOR FURTHER INFORMATION CONTACT:** Address all comments and requests for additional information to Douglas Garcia, Chair, Pechanga Settlement Implementation Team, Department of the Interior, Bureau of Indian Affairs, Pacific Regional Office, 2800 Cottage Way, Sacramento, CA 95685, (916) 978–6052, *Douglas.Garcia@bia.gov.*

**SUPPLEMENTARY INFORMATION:** Congress enacted the Settlement Act as Title III, Subtitle D of the Water Infrastructure Improvements for the Nation Act, Public Law 114–322. The Settlement Act was enacted to resolve the water right claims of the Pechanga Band of Luiseño Mission Indians (Pechanga Band) subject to an adjudication in the U.S. District Court (Adjudication Court) in *United States* v. *Fallbrook Public Utility District, et al.,* Case No. 51–01247–GPC–RBB (S.D. Cal.). The Settlement Parties include the Pechanga Band, Rancho California Water District, and the United States. The Eastern Municipal Water District and Metropolitan Water District of Southern California are parties to various sub-agreements to the Pechanga Settlement Agreement (Settlement Agreement).

The Settlement Act and Settlement Agreement quantify and define the Pechanga Band's rights to water, including surface and groundwater within the Santa Margarita River watershed, that will be satisfied with local groundwater, imported recycled water, and imported potable water. The Settlement Agreement and various sub-agreements include the arrangements and infrastructure necessary to make this water available to the Pechanga Band. The United States contributed funding for imported water and infrastructure development.

### Statement of Findings

In accordance with Section 3407(e) of the Settlement Act, I find as follows:

(1) The Adjudication Court has issued a judgment and decree approving the conformed Settlement Agreement consistent with the Settlement Act;

(2) All amounts authorized by the Settlement Act have been deposited into the Pechanga Settlement Fund;

(3) The waivers and releases authorized in Section 3407(a) of the Settlement Act have been executed by the Pechanga Band and the Secretary;

(4) The Extension of Service Area Agreement (ESAA) has been executed by the parties to that agreement and takes effect and is enforceable in accordance with its terms; and

(5) The ESAA Water Delivery Agreement has been executed by the parties to that agreement and takes effect and is enforceable in accordance with its terms.

Dated: September 22, 2020.

**David L. Bernhardt,**

*Secretary of the Interior.*

[FR Doc. 2020–21748 Filed 9–30–20; 8:45 am]

**BILLING CODE 4334–63–P**

## DEPARTMENT OF THE INTERIOR

[FWS–R4–ES–2020–N002; FVHC98220410150–XXX–FF04H00000]

### Deepwater Horizon Oil Spill, Louisiana Trustee Implementation Group; Final Phase 2 Restoration Plan #1.2 and Environmental Assessment: Barataria Basin Ridge and Marsh Creation Project, Spanish Pass Increment and Lake Borgne Marsh Creation Project Increment One; and Finding of No Significant Impact

**AGENCY:** Department of the Interior.

**ACTION:** Notice of availability.

**SUMMARY:** In accordance with the Oil Pollution Act of 1990 (OPA), the National Environmental Policy Act of 1969 (NEPA), the Final Programmatic Damage Assessment Restoration Plan/Final Programmatic Environmental Impact Statement (PDARP/PEIS), and the Consent Decree, the Federal and State natural resource trustee agencies for the Louisiana Trustee Implementation Group (LA TIG) have prepared a *Louisiana Trustee Implementation Group Final Restoration Plan/Environmental Assessment #1.2: Barataria Basin Ridge and Marsh Creation Project Spanish Pass Increment and Lake Borgne Marsh Creation Project Increment One* (Phase 2 RP/EA #1.2), and *Finding of No Significant Impact* (FONSI). The Phase 2 RP/EA #1.2 approves construction activities for the restoration of wetlands, coastal, and nearshore habitats injured in the Louisiana Restoration Area as a result of the *Deepwater Horizon* (DWH) oil spill. The Phase 2 RP/EA #1.2 analyzes restoration project design