# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>RAMONA BAND OF CAHUILLA,<br>CAHUILLA BAND OF INDIANS,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>FALLBROOK PUBLIC UTILITY<br>DISTRICT, et al.,<br><br>Defendants. | Case No.: 51cv1247-JO(RBB)<br><br>**ORDER DENYING EX PARTE APPLICATION TO RELEASE PROPOSED SETTLEMENT AGREEMENT TO MICHAEL J. MACHADO, PAMELA M. MACHADO, AND THE GENERAL PUBLIC AND DENYING REQUEST FOR FURTHER RELIEF**<br>**[ECF NO. 5898]** |

On May 19, 2022, Defendants Michael J. Machado and Pamela M. Machado aka Pamela M. Bartholomew (hereafter "Machado Defendants"), in pro se, filed an Ex Parte Application Regarding Proposed Settlement, in which they request that the Court set aside the attorney-client privilege and issue an order requiring the settlement parties to release the proposed settlement agreement to them and the general public [ECF No. 5898].  Plaintiffs-Intervenors Ramona Band of Cahuilla and Cahuilla Band of Indians filed an opposition on June 21, 2022 [ECF No. 5901].  For the reasons discussed below, the Ex Parte Application is **DENIED**.

/ / /

  This Court has overseen the settlement process since 2010 and has held numerous settlement conferences. To facilitate settlement discussions, the negotiations have proceeded with a representative group of stakeholders including Cahuilla Band of Indians; Ramona Band of Cahuilla; United States of America; Hemet Unified School District; State of California; County of Riverside; Michael J. Preszler, Watermaster; Greenwald Estate; individual landowners represented by James Markman of Richards, Watson & Gershon; and Agri-Empire, Inc. (See, e.g., Mins., Apr. 19, 2022, ECF No. 5891.) The litigation in this case has been stayed through the duration of these settlement conferences to facilitate settlement negotiations and is presently stayed until July 6, 2022. (See Order Granting Joint Motion to Extend Stay, ECF No. 5854.) The Ramona Band of Cahuilla and Cahuilla Band of Indians represent that the proposed settlement agreement is nearly complete. (Opp'n 3, ECF No. 5901.) The attorneys for the settlement parties plan to present the settlement agreement to their respective clients for review and approval following completion of the draft agreement. (Id.) Thereafter, the settlement parties anticipate making the settlement agreement available upon request to parties, such as the Machado Defendants, to participate in the settlement discussions. (Id.) On behalf of themselves and the other negotiating parties, the Ramona Band of Cahuilla and Cahuilla Band of Indians represent that "[t]he Defendants who have not participated in the settlement discussions . . . will have many opportunities to express their views about the reasonableness of the settlement." (Id. at 4.) Additionally, the process for obtaining court approval of the settlement "will include a hearing at which any Party may present its views about the reasonableness of the settlement and the final decree." (Id.)

  Considering the status of settlement negotiations and the current stay of the litigation, the Machado Defendants' request is premature. Disclosing the draft settlement agreement may impede the substantial progress made by the settlement parties to effectuate a settlement of this longstanding litigation. Based on the representations made by Ramona Band of Cahuilla and Cahuilla Band of Indians on behalf of the negotiating parties, as well as this Court's familiarity with this matter, the Machado Defendants will

have ample opportunity to present their views of the settlement agreement.  Defendants' ex parte application to release the draft settlement agreement and set aside the attorney-client privilege is accordingly **DENIED**.

      **IT IS SO ORDERED**.

Dated:  June 23, 2022

                                    /s/ Ruben Brooks
                                    Hon. Ruben B. Brooks
                                    United States Magistrate Judge